# EXHIBIT 16

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1 | Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | Even if defendant could make the required two-part showing, the Court would still have discretion not to apply the act of state doctrine where the underlying policies weigh against its application. The Supreme Court articulated three such policies in Sabbatino: [1] [T]he greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it... [2] [T]he less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches. [3] The balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | There are three policies guiding a court's discretion in determining whether the act of state doctrine applies to prevent a federal court from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory: (1) the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; (2) the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; and (3) the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | What are three policies guiding a court's discretion in determining whether the act of state doctrine applies to prevent a federal court from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | 019883.docx | LEGALEASE-00122639-LEGALEASE-00122640 | SA, Sub | 0 | 0 | 0 | 1 | 1 | |
| 2 | Frederickson v. Alton M. Johnson Co., 390 N.W.2d 786 | 307A+486 | Minn.R.Civ.P. 36.02 provides that the trial court "may permit" withdrawal or amendment of an admissionwhen the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.Id. The prejudice contemplated by rule 36.02 concerns the difficulty a party may face in proving its case because of the unexpected and sudden need to obtain evidence required to prove the matter that had been previously admitted. Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1314 (8th Cir.1983) (construing Fed.R.Civ.P. 36(b)). The decision whether to permit the amendment under the circumstances rests within the trial court's discretion. See Dahle v. Aetna Casualty and Surety Insurance Co., 352 N.W.2d 397, 402 (Minn.1984). | "Prejudice," for purposes of rule providing that trial court may permit withdrawal or amendment of admission where presentation of merits of action will be subserved thereby and party who obtained admission fails to satisfy court that withdrawal or amendment will prejudice him in maintaining his action of defense on the merits, concerns difficulty party may face in proving case because of unexpected and sudden need to obtain evidence required to prove matter that had been previously admitted. 48 M.S.A., Rules Civ.Proc., Rule 36.02. | "Does ""prejudice,"" for purposes of rule providing that trial court may permit withdrawal or amendment of admission where presentation of merits of action will be subserved thereby, concern the difficulty a party may face in proving case because of unexpected and sudden need to obtain evidence required to prove matter that had been previously admitted?" | 028747.docx | LEGALEASE-00134671-LEGALEASE-00134672 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 3 | Lee v. Pugh, 811 N.E.2d 881 | 307A+583 | Our court generally balances several factors to determine whether a trial court abused its discretion in dismissing a case for failure to prosecute. Id.These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part.Id. (citing Lee v. Friedman, 637 N.E.2d 1318, 1320 (Ind.Ct.App.1994)). " "The weight each factor has in a particular case appears to depend upon the facts of that case." However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay." Id. (quoting Friedman, 637 N.E.2d at 1320). | Factors to be balanced when determining whether trial court abused its discretion in dismissing case for failure to prosecute include: (1) length of delay, (2) reason for delay, (3) degree of personal responsibility on part of plaintiff, (4) degree to which plaintiff will be charged for acts of his attorney, (5) amount of prejudice to defendant caused by delay, (6) presence or absence of lengthy history of having deliberately proceeded in dilatory fashion, (7) existence and effectiveness of sanctions less drastic than dismissal which fulfill purposes of the rules and desire to avoid court congestion, (8) desirability of deciding case on the merits, and (9) extent to which plaintiff has been stirred into action by threat of dismissal as opposed to diligence on plaintiff's part. Trial Procedure Rule 41(E). | What factors does the court consider in determining whether a trial court abused its discretion in dismissing an action for failure to prosecute? | Pretrial Procedure - Memo # 8038 - C - MS_58393.docx | ROSS-003278611-ROSS-003278613 | Order, SA | 0.38 | 1 | 0 | 0 | 1 | |
| 4 | Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | A dismissal for fraud on the court is reviewed under a narrowed abuse of discretion standard. Cherubino v. Fenstersheib & Fox, P.A., 925 So.2d 1066, 1068 (Fla. 4th DCA 2006). "Such sanction may be imposed only on a "clear showing of fraud, pretense, collusion, or similar wrongdoing." " Bob Montgomery Real Estate v. Djokic, 858 So.2d 371, 374 (Fla. 4th DCA 2003) (quoting Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981)). In other words, the extreme sanction of dismissal should be imposed only where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier [of fact] or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989); see also Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998). The scheme must go to the very core issue at trial. To support a dismissal the court must find the "false testimony was directly related to the central issue in the case." Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002); see also Ramey v. Haverty Furniture Cos., 993 So.2d 1014, 1019 (Fla. 2d DCA 2008). It is the moving party's burden to establish by clear and convincing evidence that the non-moving party has engaged in fraudulent conduct warranting dismissal. Cross v. Pumpco, Inc., 910 So.2d 324, 327 (Fla. 4th DCA 2005). | A sanction of dismissal for fraud on the court may be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing; in other words, the extreme sanction of dismissal should be imposed only where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Does fraud on the court occur where it can be demonstrated clearly and convincingly that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense? | 035393.docx | LEGALEASE-00145565-LEGALEASE-00145567 | Order, SA | 0.64 | 1 | 0 | 0 | 1 | |
| 5 | Case v. Galesburg Cottage Hosp., 227 Ill. 2d 207 | 307A+560 | The issue before us is whether the circuit court erred when it granted defendant motion to dismiss plaintiff complaint based on violation of Supreme Court Rule 103 (b). A court may consider many factors when determining whether to allow or deny a Rule 103 (b) motion, including, but not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff knowledge of defendant location; (4) the ease with which defendant whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff efforts; and (7) actual service on defendant. Segal v. Sacco, 136 Ill.2d 282, 286, 144 Ill.Dec. 360, 555 N.E.2d 719 (1990). There is no specific time limitation provided by Rule 103 (b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually. Segal, 136 Ill.2d at 285"86, 144 Ill.Dec. 360, 555 N.E.2d 719. A ruling on a motion to dismiss pursuant to Rule 103 (b) will not be disturbed absent an abuse of discretion. Womick v. Jackson County Nursing Home, 137 Ill.2d 371, 376, 148 Ill.Dec. 719, 561 N.E.2d 25 (1990). | Trial court may consider many factors when determining whether to allow or deny motion to dismiss based on plaintiff's failure to exercise reasonable diligence to obtain service on defendant, including, but not limited to: (1) length of time used to obtain service of process; (2) activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on part of defendant of pendency of action as result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b) (2006). | Can a trial court consider many factors when determining whether to allow or deny a Rule 103 (b) motion to dismiss based on plaintiff failure to exercise reasonable diligence to obtain service on defendant? | 033747.docx | LEGALEASE-00143584-LEGALEASE-00143585 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 6 | Humble Oil & Ref. Co. v. Boudoin, 154 So. 2d 239 | 156+1 | Actually, we are unable to rationalize how the actions or conduct of Pierre Boudoin, in attempting to sell the one-half interest of the six heirs, or the acceptance of his succession by Leon, created what in legal terms can be classified as an "estoppel". Generally speaking, it may be said that estoppel is a bar which precludes a person and his privies from denying or asserting anything to the contrary of that which has, in contemplation of law, been established as the truth, either by the acts of judicial or legislative offices, or by his execution of a deed or his representations or conduct, express or implied. See 19 Am.Jur. 601, Verbo Estoppel, Sec. 2. The general purpose of estoppels is to require honesty, fair dealing and good faith by preventing a person from making contrary representations. 19 Am.Jur. 602, Verbo Estoppel, Sec. 4. Estoppels are generally classified as one of three kinds: (1) Estoppel by record, as for instance where a party files pleadings in a suit, he may be thereafter estopped to assert a contrary position, where the opposing litigant has relied on such pleadings to his detriment. See Staunton v. Vintrella, 223 La. 958, 67 So.2d 550. (2) Estoppel by deed, as for instance where a vendor warrants full title to the vendee, the vendor is estopped to thereafter assert an interest contrary to his warranty. See Gaines v. Crichton, 187 La. 345, 174 So. 666. (3) Estoppel "in pais' or equitable estoppel is a term applied to a situation where, because of some conduct on his part, a person is denied the right to assert or prove a certain fact, as for instance where a person has done or said something with the intent to influence the other, and the other has acted upon the faith of it to his detriment, the former is estopped to change his position. See Brock v. Black, Rogers & Co., 201 La. 1017, 10 So.2d 790. | Estoppels are generally classified as one of three kinds: (1) "estoppel by record," as for instance where a party files pleadings in a suit, he may be thereafter estopped to assert a contrary position, where opposing litigant has relied on such pleadings to his detriment, (2) "estoppel by deed," as for instance where a vendor warrants full title to vendee, the vendor is estopped to thereafter assert an interest contrary to his warranty, and (3) "estoppel in pais" or "equitable estoppel" is a term applied to a situation where, because of some conduct on his part, a person is denied the right to assert or prove a certain fact, as for instance where a person has done or said something with intent to influence the other, and the other has acted upon faith of it to his detriment, the former is estopped to change his position. | "Is estoppel generally classified as one of three kinds, estoppel by record, estoppel by deed, and estoppel in pais?" | 018008.docx | LEGALEASE-00149025-LEGALEASE-00149026 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |
| 7 | Taylor v. Jewish Hosp. & St. Mary's Healthcare, 26 F. Supp. 3d 642 | 231H+29 | Under Kentucky law, "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." McAlister v. Whitford, 365 S.W.2d 317, 319 (Ky.1962). Under the common law doctrine of respondeat superior, "a principal is vicariously liable for damages caused by torts of ... an agent or subagent, other than an independent contractor, acting on behalf of and pursuant to the authority of the principal." Williams v. Kentucky Dep't of Educ., 113 S.W.3d 145, 151 (Ky.2003). In determining whether a person is acting as another's agent or independent contractor, the following factors must be considered:(a) the extent of control which, by the agreement, the master may exercise over the details of the work;(b) whether or not the one employed is engaged in a distinct occupation or business;(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;(d) the skill required in the particular occupation;(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;(f) the length of time for which the person is employed;(g) the method of payment, whether by the time or by the job;(h) whether or not the work is a part of the regular business of the employer; and(i) whether or not the parties believe they are creating the relationship of master and servant. | Under Kentucky law, in determining whether a person is acting as another's agent or independent contractor, the following factors must be considered: (1) the extent of control which, by the agreement, the master may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the employer; and (9) whether or not the parties believe they are creating the relationship of master and servant. | What are the factors that determine if a person is acting as an agent or independent contractor? | Principal and Agent - Memo 513 - RK_63972.docx | ROSS-003293225-ROSS-003293226 | Order, SA, Sub | 0.37 | 1 | 0 | 1 | 1 | 1 |
| 8 | In re Mario S., 38 Misc. 3d 444 | 24+179 | Accordingly, under the current SIJ provisions enacted in 2008, in order "[t]o be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried. The child must have been declared dependent upon a state juvenile court ... [a]nd the juvenile court must have made two additional findings: (1) that reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence" (J.J.X.C. at 424, 734 S.E.2d 120 [internal citations omitted]; see also, Y.M. at 915, 144 Cal.Rptr.3d 54; Erick M. at 346"347, 820 N.W.2d 639; B.F. at 626, 143 Cal.Rptr.3d 730; Trudy"Ann W. at 795, 901 N.Y.S.2d 296; Matter of Emma M., 74 A.D.3d 968, 969, 902 N.Y.S.2d 651 [2010]; Jisun L. at 511, 905 N.Y.S.2d 633; Alamgir A. at 939, 917 N.Y.S.2d 309; Matter of Sing W.C., 83 A.D.3d 84, 86, 920 N.Y.S.2d 135 [2011]; Matter of Mohamed B., 83 A.D.3d 829, 830"831, 921 N.Y.S.2d 145 [2011] ). | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a juvenile court make have to make a finding that it would not be in the alien's best interest to return to the alien's previous country of nationality to be eligible for Special Immigrant Juvenile (SIJ) status? | 006775.docx | LEGALEASE-00160320-LEGALEASE-00160321 | Order, SA, Sub | 0.33 | 1 | 0 | 1 | 1 | 1 |
| 9 | Camelot Enterprises v. Mitropoulos, 151 Wis. 2d 277 | 275+20 | Court did not abuse its discretion in denying motion for new trial in interest of justice, despite plaintiff's contention that significant aspects of real controversy were not tried due to trial court's refusal to revise its scheduling order to allow plaintiff's substitute counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case; no showing was made regarding what expert testimony plaintiff would have presented, and thus, trial court could not have determined whether real controversy was or was not tried. Court did not abuse its discretion by refusing to revise its scheduling order to allow plaintiff's substitute counsel to undertake additional discovery and designate experts after her original counsel withdrew from case; counsel's withdrawal was not caused by conflict of interest. | Court did not abuse its discretion in denying motion for new trial in interest of justice, despite plaintiff's contention that significant aspects of real controversy were not tried due to trial court's refusal to revise its scheduling order to allow plaintiff's substitute counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case; no showing was made regarding what expert testimony plaintiff would have presented, and thus, trial court could not have determined whether real controversy was or was not tried. W.S.A. 805.15(1). | Will the court abuse its discretion in denying motion for new trial when the plaintiff substituted counsel to undertake additional discovery and designate experts after plaintiff's original counsel withdrew from case? | Pretrial Procedure - Memo # 6123 - C - TM.docx | ROSS-003289774-ROSS-003289775 | Condensed, SA, Sub | 0.31 | 0 | 1 | 1 | 1 | 1 |

| | | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,029 |
| ROW | Judicial Opinion | WXNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 10 | Inn-Cos Enterprises Int Inc; Gaid Fonni v Derna Antitrust Litig., 790 F.3d 1112 | 25T+182(2) | Our circuit has established six factors to determine if the right to arbitration has been waived. Peterson, 849 F.2d at 464. The factors include: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party. | In determining whether the right to arbitration has been waived, court considers (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party. | What are the factors the court will consider in determining whether a party has waived its right to arbitrate? | 10740.docx | LEGALEASE 00056127 LEGALEASE 00096129 | 5A_Sub | 0.23 | | 0 | | | 1 | |
| 11 | Kelly v. New W. Fed. Sav. 49 Cal. App. 4th 659 | 307A+3 | "Motions in limine are a commonly used tool of trial advocacy and management recognized by decisional and statutory law. Motions in limine brought at the beginning of trial, although they may also be brought during trial when evidentiary issues are anticipated by the parties. In either event, they are argued by the parties, outside of the jury's presence, but ruled upon by the trial judge. The usual purpose of motions in limine is to exclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. A typical order in limine excludes the challenged evidence and directs counsel, parties, and witnesses not to refer to the excluded matters during trial. (3 Witkin, Cal. Evidence, supra, 2011 at p. 1965.) 'The advantage of such motions is to avoid the obviously futile attempt to 'unring the bell' in the event a motion to strike is granted in the proceedings before the jury. (Hartt v. County of Los Angeles (1977) 71 Cal.App.3d 211, 217 [145 Cal.Rptr. 41].) Motions in limine serve other purposes as well. They permit more careful consideration of evidentiary issues than would take place in the heat of battle during trial. They minimize side-bar conferences and disruptions during trial, allowing for an uninterrupted flow of evidence. Finally, they promote settlement by giving the parties 'a better assessment of the relative strengths of their cases [and]... [facilitate] resolution of the dispute.' [Citations.]" (People v. Morris (1991) 53 Cal.3d 152, 188, 279 Cal. Rptr. 720, 807 P.2d 949, disapproved on an unrelated ground in People v. Stansbury (1995) 9 Cal.4th 824, 830, 38 Cal.Rptr.2d 394, 889 P.2d 588.) | "Do motions in limine permit more careful consideration of evidentiary issues than would take place in heat of battle during trial, minimize side-bar conferences and disruptions during trial, allow for an uninterrupted flow of evidence, and, by resolving potentially critical issues at outset, enhance efficiency of trials and promote settlements?" | Pretrial Procedure - Memo # 122 - C- CK.docx | ROSS-003161673 ROSS-003161674 | Condensed_SA | 0.79 | | 0 | 1 | | | |
| 12 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A district judge "has broad discretion in determining what evidence will be allowed in an eminent domain proceeding." *Mooney v. City of Overland Park, 306 Kan. 313, 317, 319, 3 [2 2] 417 (2017)]" In limine, the trial may grant when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during the trial because the mere offer or mention of the evidence during trial creates a risk of undue prejudice, confuses the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice." State v. Shadden, 290 Kan. 803, 815, 235 P.3d 436 (2010). | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during the trial because the mere offer or mention of the evidence during trial may create a risk of undue prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial may unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial because the offer or mention of evidence during trial may cause unfair prejudice? | 021673.docx | LEGALEASE 00134440 LEGALEASE 00134441 | Condensed_SA | 0.47 | | 0 | 1 | | | |
| 13 | In re Marco S., 38 Misc. 3d 243 444 | 24+179 | Accordingly, under the current SIJ provisions enacted in 2008, in order "[t]o be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 an unmarried. He (1) she must have been declared dependent upon a state juvenile court ... (b)of the juvenile court must have found that reunification with one or both of the immigrant's parents was not viable due to abuse, neglect, abandonment, or a similar basis found under state law; and (3) it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of habitual residence (8 U.S.C. 1101[a][27][J] [internal citations omitted]; see also, 8 U.S.C. 1101[a][27][J]; see also, V.A.R. 144 Cal.Rptr.3d 34 5 6, Erok M. at 346 T 47; 830 N.W.2d 649, 655 N.W.2d 145, 5.24 695; H.S.L. at 695, 144 Cal.Rptr.3d 792; Trudy Ron M. at 295; 901 N.Y.S.2d 265; Matter of Jisun L., at 51; 765 N.Y.S.2d 430, Antonio V. at 939; 767 N.Y.S.2d 309; Matter of Mohemed B., 83 A.D.3d 829, 8 307 831; 921 N.Y.S.2d 145 [2011].) | Does a juvenile court have to make a finding that reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment or a similar basis under state law for a person to be eligible for Special Immigrant Juvenile (SIJ) status? | 000796.docx | LEGALEASE 00160394 LEGALEASE 00160395 | Order_SA | 0.33 | | 1 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 14 | Washington Mut. Bank, F.A. v. ShoreBank Corp., 267 Mich. App. 111 | 366+1 | Subrogation comes in two forms described by the Supreme Court in French v. Grand Beach Co. as follows:The doctrine of subrogation rests upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect. This doctrine is sometimes spoken of as "legal subrogation," and has long been applied by courts of equity. Stroh v.O'Hearn, 176 Mich. 164, 177 [142 N.W. 865 (1913)]. There is also what is known as "conventional subrogation." It arises from an agreement between the debtor and a third person whereby the latter, in consideration that the security of the creditor and all his rights thereunder be vested in him, agrees to make payment of the debt in order to relieve the debtor from a sacrifice of his property due to an enforced sale thereof. It is wholly independent of any interest in the property which the lender may have to protect. It does not, however, inure to a mere volunteer who has no equities which appeal to the conscience of the court. | Doctrine of "legal subrogation" rests upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect. | "Does the doctrine of ""legal subrogation"" rest upon the equitable principle that one who, in order to protect a security held by him, is compelled to pay a debt for which another is primarily liable, is entitled to be substituted in the place of and to be vested with the rights of the person to whom such payment is made, without agreement to that effect?" | 044174.docx | LEGALEASE-00121613-LEGALEASE-00121614 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 15 | BAC Home Loan Servicing, LP v. Bertram, 51 Misc. 3d 770 | 307A+699 | Finally, the court rejects as unmeritorious, defendant Robin D. Bertram's request for leave to serve a late answer pursuant to CPLR 3012(d) which was advanced for the first time in the reply papers submitted by defense counsel. While it has been held in recent appellate case authorities that a party in default who opposes a motion for a default judgment may have the default vacated and obtain leave to serve and file a late answer pursuant to CPLR 3012(d), without service of a notice of cross motion seeking leave to extend the time to answer, the granting of such relief is dependent upon a demonstration of the elements of a claim for a discretionary vacatur of a default on excusable default grounds, namely, a reasonable excuse for the default and a meritorious defense to the action (see Fried v. Jacob Holding, Inc., 110 A.D.3d 56, 970 N.Y.S.2d 260 [2d Dept.2013]; see also Wells Fargo Bank, N.A. v. Krauss, 128 A.D.3d 813, 10 N.Y.S.3d 257 [2d Dept.2015]; Schwartz v. Reisman, 112 A.D.3d 909, 976 N.Y.S.2d 883 [2d Dept.2013]; Blake v. U.S., 109 A.D.3d 504, 970 N.Y.S.2d 465 [2d Dept.2013] ). | A party in default who opposes a motion for a default judgment may have the default vacated and obtain leave to serve and file a late answer without service of a notice of cross motion seeking leave to extend the time to answer; however, the granting of such relief is dependent upon a demonstration of the elements of a claim for a discretionary vacatur of a default on excusable default grounds, namely, a reasonable excuse for the default and a meritorious defense to the action. McKinney's CPLR 3012(d). | Can a party in default who opposes a motion for a default judgment have the default vacated and obtain leave to serve and file a late answer without service of a notice of cross motion seeking leave to extend the time to answer? | 025484.docx | LEGALEASE-00158574-LEGALEASE-00158575 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 16 | In re Mario S., 38 Misc. 3d 444 | 24+179 | Accordingly, under the current SIJ provisions enacted in 2008, in order "[t]o be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried. The child must have been declared dependent upon a state juvenile court ... [a]nd the juvenile court must have made two additional findings: (1) that reunification with one or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law; and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence" (J.J.X.C. at 424, 734 S.E.2d 120 [internal citations omitted]; see also, Y.M. at 915, 144 Cal.Rptr.3d 54; Erick M. at 346"347, 820 N.W.2d 639; B.F. at 626, 143 Cal.Rptr.3d 730; Trudy"Ann W. at 795, 901 N.Y.S.2d 296; Matter of Emma M., 74 A.D.3d 968, 969, 902 N.Y.S.2d 651 [2010]; Jisun L. at 511, 905 N.Y.S.2d 633; Alamgir A. at 939, 917 N.Y.S.2d 309; Matter of Sing W.C., 83 A.D.3d 84, 86, 920 N.Y.S.2d 135 [2011]; Matter of Mohamed B., 83 A.D.3d 829, 830"831, 921 N.Y.S.2d 145 [2011] ). | Under the current special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA), in order to be eligible to petition the federal government for SIJ status, the resident alien must be under age 21 and unmarried, he or she must have been declared dependent upon a state juvenile court, and the juvenile court must have made two additional findings: (1) that reunification with one or both of the alien's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under state law, and (2) that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a child have to be declared dependent by a state juvenile court in order to be eligible for Special Immigrant Juvenile (SIJ) status? | "Aliens, Immigration and Citizenship - Memo 102 - RK_64744.docx" | ROSS-003281453-ROSS-003281454 | Order, SA, Sub | 0.33 | 1 | 0 | 1 | 1 | 1 |
| 17 | Martinez v. United States, 793 F.3d 533 | 221+364 | The dissent also argues that comity requires a narrow interpretation of Article 7, but it fundamentally misunderstands the nature of the comity principles it cites. It suggests that we should be guided by the principle that American courts must avoid "supervising the integrity of the judicial system of another sovereign nation." Dissent at 563 (quoting Jhirad v. Ferrandina, 536 F.2d 478, 484"85 (2d Cir.1976)). This principle, known as the rule of non-inquiry, bars courts " "from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters." " Hilton, 754 F.3d at 83"84 (quoting Khouzam v. Att'y Gen. of United States, 549 F.3d 235, 253 (3d Cir.2008)). This rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system. See Hilton, 754 F.3d at 83; Khouzam, 549 F.3d at 253; Prasoprat v. Benov, 421 F.3d 1009, 1016"17 (9th Cir.2005); Ahmad v. Wigen, 910 F.2d 1063, 1067 (2d Cir.1990); see also Glucksman v. Henkel, 221 U.S. 508, 512, 31 S.Ct. 704, 55 L.Ed. 830 (1911) ("We are bound by the existence of an extradition treaty to assume that the trial will be fair."). Comity principles cannot broaden the authority to extradite beyond the terms of the treaty. Tucker, 183 U.S. at 436, 22 S.Ct. 195. | The rule of non-inquiry bars courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters; this rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system. | "Does the rule of non-inquiry bar courts from evaluating the fairness and humaneness of another country's criminal justice system, requiring deference to the Executive Branch on such matters; this rule has a narrow scope and is typically cited only to bar inquiry into humanitarian concerns or a lack of procedural rights in a foreign criminal justice system?" | International Law - Memo # 210 - C - MLS.docx | ROSS-003282946-ROSS-003282948 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 18 | Miller v. Marina Mercy Hosp., 157 Cal. App. 3d 765 | 307A+483 | Appellants also challenge the trial court's denial of their 473 motion for relief from their failure to respond to the request for admissions. The determination of a 473 motion is within the sound discretion of the trial court, and its decision will not be disturbed on appeal without a clear showing of abuse. (Martin v. Johnson (1979) 88 Cal.App.3d 595, 604, 151 Cal.Rptr. 816; Martin v. Cook (1977) 68 Cal.App.3d 799, 807, 137 Cal.Rptr. 434.) Even if the appellate court might have ruled otherwise in the first instance, there is no reversal unless, as a matter of law, the trial court's decision is not supported by the record. (Coyne v. Krempels (1950) 36 Cal.2d 257, 263, 223 P.2d 244; Martin v. Johnson, supra, 88 Cal.App.3d at p. 604, 151 Cal.Rptr. 816.) | Determination of motion for relief from deemed admissions due to failure to respond to request for admissions is within sound discretion of trial court, and court's decision will not be disturbed on appeal without a clear showing of abuse; even if appellate court may have ruled otherwise in first instance, there is no reversal unless, as a matter of law, trial court's decision is not supported by record. West's Ann.Cal.C.C.P. S 473. | "Is the determination of a motion for relief from deemed admissions, under section 473, due to failure to respond to request for admissions within the sound discretion of a trial court, and the court's decision will not be disturbed on appeal without a clear showing of abuse, even if appellate court may have ruled otherwise in first instance?" | Pretrial Procedure - Memo # 4173 - C - SKG.docx | ROSS-003289986-ROSS-003289987 | Order, SA, Sub | 0.43 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential Between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 19 | Reserve Mng. Srv. v. Dep't of Transp., 205 So. 3d 917 | 30TH+563 | Florida Rule of Civil Procedure 1.420(b) authorizes the trial court to involuntarily dismiss a party's action for failure to comply with a court rule or order. But, before dismissing a case with prejudice, the court must consider and make explicit findings on the following factors: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. Kozel, 629 So.2d at 818. And because dismissal with prejudice is the "ultimate sanction in the adversarial system," it should be reserved for the most aggravating cases. | Before dismissing a case with prejudice based on a party's failure to comply with a court rule or order, the court must consider and make explicit findings on the following factors: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. West's F.S.A. RCP Rule 1.420(b). | What factors should a Court consider before dismissing a case with prejudice based on a party's failure to comply with a court rule or order? | 03461.docx | USA4EA6-00143800 USA4EA6-00143801 | Condensed, SA, Sub 0.23 | | 0 | 1 | | 1 | 1 |
| 20 | Columbia Air Serv. v. Dep't of Transp., 293 Conn. 342 | 30TH+485 | "In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss, the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegation of the complaint ... Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts] ... If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits ... or other evidence, the trial court may dismiss the action without further proceedings. If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations ... or only evidence that fails to call those allegations into question, the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein." | If complaint is supplemented by undisputed facts established by affidavits submitted in support of motion to dismiss, trial court, in determining jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume validity of allegations of complaint, rather, those allegations are tempered by light shed on them by supplementary undisputed facts, and if those affidavits or other evidence conclusively establish that jurisdiction is lacking, and plaintiff fails to undermine this conclusion with counteraffidavits or other evidence, trial court may dismiss action without further proceedings, but if, however, defendant submits either no proof to rebut plaintiff's jurisdictional allegations or only evidence that fails to call those allegations into question, plaintiff need not supply counteraffidavits or other evidence to support complaint, but may rest on jurisdictional allegations therein. | When does a plaintiff need not supply counter affidavits or other evidence to support the jurisdictional allegations therein? | 03465.docx | USA4EA6-00155006 USA4EA6-00155007 | SA, Sub | 0.14 | | | 1 | 1 | |
| 21 | Doe v. QL 3497 - Supp. 2d 1258 | 221+342 | As discussed above, the Supreme Court's adjudication developed a three-factor balancing test to determine whether the act of state doctrine bars suit [1] the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; [2] the less important the implications of our issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; [3] the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. 376 U.S. at 428, 84 S.Ct. 923. The Ninth Circuit has also held that the court should consider whether the foreign state was acting in the public interest. Liu, 892 F.2d at 1432. | Under three-factor balancing test to determine whether the act of state doctrine bars suit: [1] the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; [2] the less important the implications of our issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; and [3] the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | What is the three factor balancing test to determine whether the act of state doctrine bars suit? | International Law Memo #101 - C - E5.docx | ROSS-003296564-ROSS-003296547 | Condensed, SA, Sub 0.29 | | 1 | 1 | 1 | 1 | 1 |
| 22 | Victims of Hungarian Holocaust v. Hungarian State Railways, 798 F. Supp. 2d 934 | 221+342 | HSR argues that this action is barred by the act of state doctrine, which "requires that the acts of sovereign nations be given effect in our courts." Republic of Austria v. Altmann, 541 U.S. 677, 700 (2004) (internal quotations omitted); see also Aguilar v. Imperial Nurseries, 2008 WL 2078728, *9 (D.Conn. 2008) (citing Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 428, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)). In considering the applicability of the act of state doctrine, the "degree of codification or consensus concerning a particular area of international law, and whether the government which perpetrated the challenged act of state is still in existence." Restatement (Third) of Foreign Relations Law of the United States, § 443 comment. At the summary judgment stage of the proceedings, if a matched, HSR has not met its burden to demonstrate that the act of state doctrine bars the Plaintiffs' claims against HSR. | In considering the applicability of act of state doctrine to set of claims, will courts look at several factors, including the degree of codification or consensus concerning a particular area of international law, and whether the government which perpetrated challenged act of state is still in existence? | International Law Memo #14 - 75.docx | ROSS-003329988-ROSS-003331999 | SA, Sub | 0.8 | | | 1 | 1 | |

5

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 23 | In re Vitamin C Antitrust Litig., 837 F.3d 175 | 221+162 | Defendants argue that the district court erred by not dismissing Plaintiffs' complaint on international comity grounds. Comity is both a principle guiding relations between foreign governments and a legal doctrine by which U.S. courts recognize an individual's acts under foreign law. See In re Maxwell Commc'n Corp., 93 F.3d 1036, 1046 (2d Cir. 1996). "Comity, in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other." Hilton v. Guyot, 159 U.S. 113, 163"64, 16 S.Ct. 139, 40 L.Ed. 95 (1895) (internal quotations omitted). "[I]t is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." Id. This doctrine "is not just a vague political concern favoring international cooperation when it is in our interest to do so [but r]ather it is a principle under which judicial decisions reflect the systemic value of reciprocal tolerance and goodwill." Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court of S. Dist. of Iowa, 482 U.S. 522, 555, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987). While we approach Defendants' international comity defense from the "legal sense," we do not lose sight of the broader principles underlying the doctrine. See JP Morgan Chase Bank, 412 F.3d at 423 ("Whatever its precise contours, international comity is clearly concerned with maintaining amicable working relationships between nations, a shorthand for good neighbourliness, common courtesy and mutual respect between those who labour in adjoining judicial vineyards." (internal quotation omitted)). Our analysis reflects an obligation to balance "the interests of the United States, the interests of the foreign state, and those mutual interests the family of nations have in just and efficiently functioning rules of | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; it is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws. | "Is comity the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of persons who are under protection of its laws?" | International Law - Memo #1049 ANC.docx | ROSS-003290510-ROSS-003290511 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 24 | Milliken & Co. v. Bank of China, 758 F. Supp. 2d 238 | 106+512 | Even if Hague Evidence Convention procedures are not categorically inapplicable to initial disclosure under the Federal Rules of Civil Procedure, the Bank's motion for a protective order is untenable. A determination whether to require a party to follow Convention protocol in order to obtain discovery requires "scrutiny in each case of the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective." A"rospatiale, 482 U.S. at 544, 107 S.Ct. 2542. Thus, principles of comity are central to the analysis. "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is a recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. Hilton v. Guyot, 159 U.S. 113, 163"64, 16 S.Ct. 139, 40 L.Ed. 95 (1895). | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; it is a recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | "Is comity the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws?" | 020761.docx | LEGALEASE-00135834-LEGALEASE-00135835 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 25 | Alvarado v. Snow White & Seven Dwarfs, 8 So. 3d 388 | 307A+563 | We reverse the trial court's dismissal with prejudice of appellants' case for failure to comply with certain discovery orders. "Because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993). To ensure that the sanction of dismissal is prudently applied, trial courts must first make certain preliminary findings of fact. Tianvan v. AVCO Corp., 898 So.2d 1208, 1209 (Fla. 4th DCA 2005). These findings must address: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Kozel, 629 So.2d at 818. | To ensure that the sanction of dismissal is prudently applied, trial courts must first make certain preliminary findings of fact, including: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | What findings must the trial court address to ensure that the sanction of dismissal is prudently applied? | Pretrial Procedure - Memo # 7334 - C - KBM.docx | LEGALEASE-00036062-LEGALEASE-00036063 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 26 | Prestenback v. Hearn, 85 So. 3d 256 | 307A+581 | Article 561 was designed to prevent protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. See Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. Oilfield Heavy Haulers, 2011"0912, p. 5, 79 So.3d at 981; Clark, 00"3010, pp. 10"11, 785 So.2d at 787. | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay; and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. LSA-C.C.P. art. 561. | "Is the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, a policy consideration for dismissal of abandonment?" | Pretrial Procedure - Memo # 8410 - C - SN_58900.docx | ROSS-003284903-ROSS-003284904 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |
| 27 | Phillip v. Nat'l Collegiate Athletic Ass'n, 960 F. Supp. 552 | 141E+1224 | The 1996"1997 booklet published by the National Collegiate Athletic Association (NCAA) to provide guidance for college-bound athletes, stating that the NCAA Initial-Eligibility Clearinghouse determines whether a high school course qualifies as a core course for eligibility purposes, could not be applied to student who was a high school senior during the 1995"1996 academic year where he and his guidance counselor relied on rule set forth in 1995"1996 booklet, stating that high school principal decides whether course qualifies, to determine whether courses student had already taken, and those in which he planned to enroll in his final semester, would satisfy the NCAA core course requirements. Based upon the evidence produced at the hearing, the court finds that the rule in the 1996"97 booklet cannot be applied to Darren. | The 1996-1997 booklet published by the National Collegiate Athletic Association (NCAA) to provide guidance for college-bound athletes, stating that the NCAA Initial-Eligibility Clearinghouse determines whether a high school course qualifies as a core course for eligibility purposes, could not be applied to student who was a high school senior during the 1995-1996 academic year where he and his guidance counselor relied on rule set forth in 1995-1996 booklet, stating that high school principal decides whether course qualifies, to determine whether courses student had already taken, and those in which he planned to enroll in his final semester, would satisfy the NCAA core course requirements. | Does the National Collegiate Athletic Association have the authority to determine whether courses qualify as core courses for eligibility purposes? | 017329.docx | LEGALEASE-00164381-LEGALEASE-00164382 | Condensed, SA, Sub | 0.16 | 0 | 1 | 1 | 1 | 1 |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | United States v. All Assets Held in Account No. XXXXXXXX, 83 F. Supp. 3d 360 | 221+342 | Along similar lines, "[t]he act of state doctrine precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Makowan Corp. v. Iranian Int'l Bank, 595 F.3d 475, 481 (D.C. Cir. 2010) (internal quotation marks omitted). Hence, the act of state doctrine "is applicable only when the court is required to declare invalid the official act of a foreign sovereign performed within" its boundaries." World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C. Cir. 2002) (quoting W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S. Ct. 701, 107 L.Ed.2d 816 (1990)). "One of the major concerns underlying the act of state doctrine is 'the strong sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere.'" Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). | One of the major concerns underlying the act of state doctrine is 'the strong sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere.' | Is one of the major concerns underlying the act of state doctrine 'the strong sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere'? | D7663.docx | LEGALEASE-00221610-LEGALEASE-00221604 | Condensed, SA | 0.73 | 0 | 1 | | 1 | |
| 29 | Prestenback v. Hearn, 85 So. 3d 256 | 307A+581 | Article 561 was designed to prevent protracted litigation filed for purposes of harassment or without a serious intention to hasten the claim to judgment. See Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). Dismissal for abandonment is not a punitive measure but merely reflects a balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving state claims from the normal extinguishing operation of prescription. Clark, 00°3010, p. 16, 771 So.2d at 1050. | Dismissal for abandonment is not intended to be punitive; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court without the risk of losing same due to technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving state claims from the normal extinguishing operation of prescription. | "Is the legislative purpose for a suit dismissal for abandonment which is not intended to be punitive the suits once filed, should not linger indefinitely, preserving state claims from the normal extinguishing operation of prescription?" | D16676.docx | LEGALEASE-00150117-LEGALEASE-00150118 | SA, Sub | 0.4 | | | 1 | | |
| 30 | GMS Mine Repair & Maint. v. Miklos, 798 S.E.2d 833 | 307A+747.1 | In short, the case at bar presents a clear example of a situation where the parties would have benefited from the circuit court simply undertaken to manage the entire discovery process such that it would have unfolded. Cavan, 223 W.Va. at 546, 678 S.E.2d at 52, op. cit. 2 ("Rule 16(b) of the West Virginia Rules of Civil Procedure [1998] recognizes the need for management of a case, and mandates that a trial court "shall ... enter a scheduling order" establishing time frames for the pretrial disposition of the case, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost effective resolution of the case." Indeed, "[t]he absence of a Rule 16(b) scheduling order "can result in a lack of focus, inefficiency, and delay in litigation." Lynn v. Moore, 3 West's Federal Practice, 16 Edition "16.01[1]." Corvus, 223 W.Va. at 549, 678 S.E.2d at 55 | Does the Civil procedure rules require active judicial management of a case, and mandate that a trial court shall enter a scheduling order establishing time frames for the pretrial disposition of the case, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost effective resolution of the case. W. Va. R. Civ. P. 16(b). | "Does the Civil Procedure Rule governing scheduling orders require active judicial management of a case, and mandates that a trial court enter a scheduling order establishing time frames for the pretrial disposition?" | D24066.docx | LEGALEASE-00150017-LEGALEASE-00150018 | Order, SA | 0.57 | 1 | | | 1 | |
| 31 | Wilson v. John Crane, 385 Md.185 | 307A+586 | Moreover, in reaching any decision regarding withdrawal or amendment of admissions in relation to allegedly inadvertent admissions, it is imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence. In more general terms, courts are wary when the aggrieved party has acted with less than timely filing its responses to valid requests for admissions. See Branch Banking, 120 F.3d at 660 (federal district court, in explaining why it declined to permit withdrawal of admissions, stating that the record disclosed "no reason why defendant, with due diligence, could not [have] timely filed its responses to plaintiff's request ... or, if they were unavoidably delayed, how to respond, state the reason why they could not truthfully admit or deny the matter at that time") (alteration added). | In reaching any decision regarding withdrawal or amendment of deemed admissions in relation to allegedly inadvertent admissions, it is imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence; courts should not be too liberal in allowing a party to withdraw admissions when the aggrieved party was careless in not timely filing its responses to valid requests for admissions? | "In reaching any decision regarding withdrawal or amendment of deemed admissions in relation to allegedly inadvertent admissions, is it imperative that courts consider whether the party seeking the withdrawal or amendment has acted with due diligence; courts should not be too liberal in allowing a party to withdraw admissions when the aggrieved party was careless in not timely filing its responses to valid requests for admissions?" | Pretrial Procedure - Memo #2337 - C - ES.docx | ROSS-003313262-ROSS-003313263 | SA, Sub | 0.51 | | | 1 | | |
| 32 | Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 307A+747.1 | In exercising its discretion under Rule 16(f) or 37(b)(2), the trial court must ensure that it employs the "least drastic sanction justified" when party or counsel (or both) to impose the sanction, and (2) what circumstances of the particular case, viewed in the light of the functions intended to be served by sanctions. In addition to penalizing noncompliance with a court order and trying to remedy the effect of the noncompliance by compensating the innocent party for the inconvenience of the noncompliance, the ultimate goal of any pretrial sanction is to promote fair and prompt litigation. Given the pretrial case, one of the court systems generally, faced with the increasingly heavy demands upon limited judicial resources, courts are more and more conscious than ever of the necessity for strict enforcement of their procedural orders. Id. at 1055. An appellate court will not lightly overturn a trial court's judicial choice of an appropriate sanction under Rule 16(f) or 37(b)(2). | In addition to penalizing noncompliance with court order and trying to remedy effect of noncompliance by compensating innocent party for costs incurred thereby or by extracting compliance from recalcitrant party, should a sanction selected for failure to comply with pretrial order or failure to comply with discovery should also serve as a deterrent to similar conduct by same offender or others. Rules of Civil Procedure, Rules 16(f), 37(b)(2). | "In addition to penalizing noncompliance with court order and trying to remedy the effect of noncompliance by compensating innocent party for costs incurred thereby or by extracting compliance from recalcitrant party, should a sanction selected for failure to comply with pretrial order or failure to comply with discovery also serve as a deterrent to similar conduct?" | Pretrial Procedure #2338 - C - ES.docx | ROSS-003331602-ROSS-003331603 | SA, Sub | 0.67 | | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,029 |
| 33 | Worth v. Correia of Florida, 155 Conn. App. 506, 110 A.3d 1238 | 307A+683 | "If the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss, other types of undisputed evidence, and/or public records of which judicial notice may be taken, the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint; rather, those allegations are temporarily the light shed on them by the supplementary undisputed facts." | "If the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss... other types of undisputed evidence; and/or public records of which judicial notice may be taken... the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint... Rather, those allegations are temporarily... the light shed on them by the supplementary undisputed facts... is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits or other evidence, the trial court may dismiss the action without further proceedings." (Citation omitted; internal quotation marks omitted.) Conboy v. State, 292 Conn. 642, 651-52, 974 A.2d 669 (2009). | "If the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss, can other types of undisputed evidence and/or public records of which judicial notice be taken?" | 019060.docx | USGA EXC 00157,207 / USGA EXC 00155208 | SA_Sub | 0.42 | 0 | 0 | | 1 | 1 |
| 34 | Ham v. Dunmire, 891 So. 2d 492 | 307A+684 | "Moreover, to ensure that a litigant is not unduly punished for failure of counsel, the trial court must consider whether client bad-faith conduct is warranted. In 1994, this Court issued Kozel v. Ostendorf, 629 So.2d 817 [(Fla.1993)] [(to clarify) Jan. 11, 1994] in which we stated that a dismissal "based solely on the attorney's neglect" in a manner that unduly punishes the litigant "espouses a policy that this Court does not wish to promote." Id. at 818. We articulated a test identifying six factors pertinent to the determination of whether a dismissal with prejudice is warranted... " | "Moreover, to ensure that a litigant is not unduly punished for failure of counsel, the trial court must consider whether client bad-faith conduct is warranted. In 1994, this Court issued Kozel v. Ostendorf, 629 So.2d 817 [(Fla.1993)] [(to clarify) Jan. 11, 1994] in which we stated that a dismissal "based solely on the attorney's neglect" in a manner that unduly punishes the litigant "espouses a policy that this Court does not wish to promote." Id. at 818. We articulated a test identifying six factors pertinent to the determination of whether a dismissal with prejudice is warranted: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." | "What is the six factor analysis to determine whether dismissal with prejudice is warranted in an attorney/litigant that violates discovery order require trial court to consider: (1) whether attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether attorney has been previously sanctioned; (3) whether client was personally involved in the act of disobedience; (4) whether delay prejudiced opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether attorney offered reasonable justification for noncompliance; and (6) whether delay created significant problems of judicial administration." | 029967.docx | USGA EXC 00157287- / USGA EXC 00157288 | SA_Sub | 0.51 | 0 | 0 | 1 | | 1 |
| 15 | Colvin v. Sheets, 598 F.3d 242 | 135H+95.1 | "The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It applies to the States via the Fourteenth Amendment. See Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause "protect[s] a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions." United States v. Dinitz, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). It also protects a defendant's "valued right to have his trial completed by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed.2d 974 (1949)." | "The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It applies to the States via the Fourteenth Amendment. See Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The Double Jeopardy Clause "protect[s] a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions." United States v. Dinitz, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). It also protects a defendant's "valued right to have his trial completed by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed.2d 974 (1949). At the same time, given "the severity of circumstances that may make it necessary for the prosecutor to discharge a jury before a trial is concluded, and the consequent unfairness to the accused, his valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public's interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." Washington, 434 U.S. at 505, 98 S.Ct. 824. Thus, in well-defined but limited circumstances, a prosecution of a defendant other than before the original jury is barred unless: "(1) there is a 'manifest necessity' for a mistrial or (2) the defendant either requests or consents to a mistrial." Johnson v. Karnes, 198 F.3d 589, 594 (6th Cir. 1999) (internal quotation marks and citation omitted)." | "Is a defendant's valued right to have his trial concluded by a particular tribunal sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury?" | 015401.docx | USGA EXC 00163319- / USGA EXC 00163320 | SA_Sub | 0.62 | 0 | 0 | 1 | | 1 |
| 16 | Inre Taylor, 209 B.R. 482 | 349A+10 | "Under Illinois law, in determining whether the economics of transaction indicate a security agreement rather than true lease, court will consider whether lessee has option to renew lease or to become owner of property, whether amount of rent exceeds fair market value of property, whether debtor is responsible for payment of taxes, insurance and other costs incident to ownership, and whether useful life of the property exceeds the length of the lease. S.H.A. 810 ILCS 5/1-201(37)." | "Under Illinois law, in determining whether the economics of transaction indicate a security agreement rather than true lease, court will consider whether lessee has option to renew lease or to become owner of property, whether amount of rent exceeds fair market value of property, whether debtor is responsible for payment of taxes, insurance and other costs incident to ownership, and whether useful life of the property exceeds the length of the lease. S.H.A. 810 ILCS 5/1-201(37)." | "In determining whether the economics of a transaction indicate a security agreement rather than true lease, will a court consider whether a lessee has an option to renew a lease or to become owner of property?" | 042712.docx | USGA EXC 00166751- / USGA EXC 00166752 | SA_Sub | 0.39 | 0 | 0 | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 37 | Hamlet at Willow Creek Dev. Co. v. Ne. Land Dev. Corp., 64 A.D.3d 85 | 366+26 | The Hamlet's final attempt to establish a contract claim against Pav"Co is based upon Pav"Co's liability to the Town under the payment and performance bonds. Although The Hamlet is not a party to those bonds, it asserts that, having paid to the Town the Environmental Fund fees and engineering costs guaranteed by the bonds, it is entitled, as the equitable subrogee of the Town, to recover from Pav"Co the funds it has paid to the Town. Although The Hamlet's argument is a novel one, we conclude that it is meritorious and that The Hamlet is entitled to judgment against Pav"Co on this ground. The doctrine of equitable subrogation. "is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability" (Gerseta Corp. v. Equitable Trust Co. of N.Y., 241 N.Y. 418, 425"426, 150 N.E. 501; see National Granite Tit. Ins. Agency v. Cadlerock Props. Joint Venture, 5 A.D.3d 361, 362, 773 N.Y.S.2d 86) | Doctrine of equitable subrogation includes every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability. | "Does the doctrine of equitable subrogation include every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability?" | Subrogation - Memo 329 - RM C.docx | ROSS-003285493-ROSS-003285494 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 38 | Elias v. Rolling Stone LLC, 192 F. Supp. 3d 383 | 237+6(1) | "Under New York law, expressions of pure opinion, as opposed to statements of fact, are not actionable, and receive full constitutional protection." Restis v. American Coalition Against Nuclear Iran, Inc., 53 F.Supp.3d 705, 718 (S.D.N.Y.2014). "When the defendant's statements, read in context, are readily understood as conjecture, hypothesis, or speculation, this signals the reader that what is said is opinion, and not fact." Levin v. McPhee, 119 F.3d 189, 197 (2d Cir.1997). In discerning whether a statement is a fact or opinion, New York law considers a non-exclusive list of factors that include:(1) an assessment of whether the specific language in issue has a precise meaning which is readily understood or whether it is indefinite and ambiguous; (2) a determination of whether the statement is capable of being objectively characterized as true or false; (3) an examination of the full context of the communication in which the statement appears; and (4) a consideration of the broader social context or setting surrounding the communication including the existence of any applicable customs or conventions which might signal to readers or listeners that what is being read or heard is likely to be opinion, not fact. Steinhilber v. Alphonse, 68 N.Y.2d 283, 292, 508 N.Y.S.2d 901, 501 N.E.2d 550 (1986). If the speaker implies that a statement is based on undisclosed facts, this may weigh strongly against classifying a statement as an opinion. See, e.g., Guerrero v. Carva, 10 A.D.3d 105, 114, 779 N.Y.S.2d 12 (1st Dep't 2004). "In New York, resolution of the fact/opinion issue is a matter for the court." Levin, 119 F.3d at 196. | In discerning whether a statement is a fact or opinion, for purposes of determining whether the statement is actionable as defamation, New York law considers a non-exclusive list of factors that include: (1) an assessment of whether the specific language in issue has a precise meaning which is readily understood or whether it is indefinite and ambiguous, (2) a determination of whether the statement is capable of being objectively characterized as true or false, (3) an examination of the full context of the communication in which the statement appears, and (4) a consideration of the broader social context or setting surrounding the communication including the existence of any applicable customs or conventions which might signal to readers or listeners that what is being read or heard is likely to be opinion, not fact. | How do Courts distinguish between fact and opinion? | Libel and Slander - Memo 193 - BP.docx | ROSS-003285360-ROSS-003285362 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 39 | Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | Even if defendant could make the required two-part showing, the Court would still have discretion not to apply the act of state doctrine where the underlying policies weigh against its application. The Supreme Court articulated three such policies in Sabbatino:[1] [T]he greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it.. [2] [T]he less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches. [3] The balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | There are three policies guiding a court's discretion in determining whether the act of state doctrine applies to prevent a federal court from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory: (1) the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it; (2) the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches; and (3) the balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence. | "To determine whether the act of state doctrine applies, do courts consider three factors?" | 020249.docx | LEGALEASE-00124067-LEGALEASE-00124068 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 40 | Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | The act of state doctrine "limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts." The doctrine applies to bar an action when "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." Though seemingly international in character, the doctrine is founded in concerns of domestic separation of powers, "reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." "Act of state issues only arise when a court must decide"that is, when the outcome of the case turns upon"the effect of official action by a foreign sovereign." It can apply "even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act." | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory, but the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | "Under the act of state doctrine, may a legal action be barred if the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory?" | 020247.docx | LEGALEASE-00124727-LEGALEASE-00124728 | Condensed, SA, Sub | 0.42 | 0 | 1 | 1 | 1 | 1 |
| 41 | Hornor v. Hanks, 22 Ark. 572 | 150+187 | The right of a plaintiff must be adjudicated upon as it existed at the time of the filing of his bill; and if he has a good cause of action, which had not then accrued, the bill cannot be maintained: And it would seem that a court of chancery would not allow a defendant to modify the relief to which the plaintiff was entitled when the suit was begun, by setting up as a defense a change of circumstances produced by the use of legal process or remedies after he is brought into court: So, if the defendant has a judgment against the plaintiff when the bill is filed, his case is not strengthened by a subsequent sale and purchase of the property in dispute under such judgment. | The right of a plaintiff must be adjudicated upon as it existed at the time of the filing of his bill; and if he has a good cause of action, which had not then accrued, the bill cannot be maintained: And it would seem that a court of chancery would not allow a defendant to modify the relief to which the plaintiff was entitled when the suit was begun, by setting up as a defense a change of circumstances produced by the use of legal process or remedies after he is brought into court: So, if the defendant has a judgment against the plaintiff when the bill is filed, his case is not strengthened by a subsequent sale and purchase of the property in dispute under such judgment. | Must the right of a plaintiff be adjudicated upon as it existed at the time of filing of his bill? | 006010.docx | LEGALEASE-00128379-LEGALEASE-00128380 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 42 | Shoemaker v. Johnson, 241 Or. 511 | 85+12 | In passing the Workmen's Compensation Act the common-law concept of tort liability through the fault concept and vicarious liability was abolished to serve the present-day needs of society by providing a means whereby an employee was guaranteed a monetary recovery, medical care and a hope of rehabilitation, and to avoid the "great and unnecessary cost incurred in litigation." ORS 656.004. | Workmen's Compensation Act abolished common-law concept of tort liability through fault concept and vicarious liability and provided means to guarantee employee monetary recovery, medical care, and a hope of rehabilitation and means to avoid great and unnecessary cost incurred in litigation. ORS 656.004. | "Did the Workmens Compensation Act abolish the common-law concept of tort liability through fault and vicarious liability, as well as provide a means to guarantee employee monetary recovery, medical care, and a hope of rehabilitation and means to avoid great and unnecessary cost incurred in litigation?" | 047868.docx | LEGALEASE-00132925-LEGALEASE-00132926 | Condensed, SA, Sub | 0.22 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 43 | Rauenberg v. Falz, 193 So. 3d 924 | 307A+554 | In considering a motion to dismiss for lack of personal jurisdiction, the trial court must begin the test set forth in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). In doing so, the trial court must first determine whether the complaint alleges jurisdictional facts that are sufficient "to bring the action within the ambit of the statute, and if it does, the trial court's inquiry is whether sufficient "minimum contacts are demonstrated to satisfy due process requirements." Wiggins, 147 So.3d at 84 (quoting Borden v. East-European Ins. Co., 921 So.2d 587, 592 (Fla.2006)). | In considering a motion to dismiss for lack of personal jurisdiction, the trial court must first determine whether the complaint alleges jurisdictional facts that are sufficient to bring the action within the ambit of the personal jurisdiction statute; if it does, the next inquiry is whether sufficient minimum contacts are demonstrated to satisfy due process requirements. U.S.C.A. Const.Amend. 14; West's F.S.A. § 48.193. | In considering a motion to dismiss for lack of personal jurisdiction, must the trial court first determine whether the complaint alleges jurisdictional facts that are sufficient to bring the action within the ambit of the long-arm statute? | 03747.docx | LEGALEASE-00197373 LEGALEASE-00197374 | Condensed, SA | 0.3 | 0 | 1 | | | |
| 44 | Miller v. Nelms, 966 So. 2d 437 | 307A+563 | A fraud that warrants dismissal of a complaint arises when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Howard, 955 So.2d at 110-11 (quoting Hanono v. Murphy, 723 So.2d 892, 895 (Fla.3d DCA 1998)). Before dismissing a case as a fraud on the court, the court must have evidence to support the dismissal. Howard, 955 So.2d at 110-11 (noting that before a court may dismiss a case for fraud, it must have an evidentiary basis to do so). The court first contended Mr. Nelms's affidavit filed in support of the original motion to dismiss the first complaint. The affidavit merely stated that Miller's allegations in the original complaint went false, that the work alleged in the complaint had not been performed, and that Miller had provided him with conflicting documents concerning the ownership of the vehicle. Miller's verified second amended complaint was based on record. It recited that the Nelmses had filed criminal charges against him. But no testimony or other evidence was presented at the hearing resulting in the order on appeal. Neither of these pieces of evidence supports the court's finding that Miller's complaint was brought in "bad faith" or was "scandalous." While the Nelmses' attorney argued credit news, such argument is not evidence. See Estate v. Thompson, 852 So.2d 877, 878 (Fla. 2d DCA 2003). | A fraud that warrants dismissal of a complaint arises when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Does a fraud that warrants dismissal of a complaint arise when it is clearly and convincingly demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense impartially? | Pretrial Procedure Memo # 7262 - C PC_58380.docx | ROSS-003281468-ROSS-003281470 | Condensed, SA | 0.76 | 0 | | 1 | | |
| 45 | Newdow v. Rio Linda Union Sch. Dist., 597 F.3d 1007 | 141H+704 | Pledge of Allegiance, including words "one Nation under God," as voluntarily recited by public school children, pursuant to school district's policy that implemented California statute requiring school day to begin with patriotic exercise that was fulfilled by teacher-led recitation of Pledge, did not violate Establishment Clause, under coercion test, even though students were coerced to listen to other students recite Pledge and could even feel induced to recite Pledge themselves, since students were being coerced to participate in patriotic, not religious, exercise. U.S.C.A. Const.Amend. 1; 4 U.S.C.A. § 4; West's Ann.Cal.Educ.Code § 52720. The Pledge is not a prayer and its recitation is not a religious practice. | Pledge of Allegiance, including words "one Nation under God," as voluntarily recited by public school children, pursuant to school district's policy that implemented California statute requiring school day to begin with patriotic exercise that was fulfilled by teacher-led recitation of Pledge, did not violate Establishment Clause, under coercion test, even though students were coerced to listen to other students recite Pledge and could even feel induced to recite Pledge themselves, since students were being coerced to participate in patriotic, not religious, exercise. U.S.C.A. Const.Amend. 1; 4 U.S.C.A. § 4; West's Ann.Cal.Educ.Code § 52720. | Does reciting students in public school to voluntarily recite the pledge of allegiance violate the Establishment Clause? | 02703.docx | LEGALEASE-00150728 LEGALEASE-00150729 | Condensed, SA, Sub 0.1 | 0.1 | 0 | | 1 | | |
| 46 | Westport Ins. v. St. Paul Fire & Marine Ins. Co., 375 F. Supp. 2d 4 | 366+1 | Under Connecticut law, equitable subrogation is the mode which exactly adapts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it; this doctrine is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | Under Connecticut law, equitable subrogation is the mode which exactly adapts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it; this doctrine is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | "Does equitable subrogation include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo # 721 - C - NO.docx | ROSS-003298522-ROSS-003298524 | SA, Sub | 0.71 | 0 | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 47 | United States v. One Gulfstream G-V Aircraft, 941 F. Supp. 2d 1 | 221+342 | One of the major reasons why the doctrine does not bar this lawsuit. First, and applies only at the discretion in the sovereign immunity stops the act of state doctrine, in the sense of the judicial branch in the engagement in the task of passing on the validity of foreign acts of a state may hinder rather than further the conduct of foreign affairs. When the executive branch brings suit, the doctrine's rationale no longer applies. | There are two reasons why the doctrine does not bar this lawsuit. First, and applies only at the discretion in the sovereign immunity in the conduct of the United States is the party that brings suit. One of the major concerns underlying the act of state doctrine is that engagement in the judicial branch that its engagement in the task of passing on the validity of foreign acts of a state may hinder rather than further the pursuit of goals both for itself and for the community of nations as a whole in the international sphere." Sabbatino, 376 U.S. at 423, 84 S.Ct. 923 [...] | Is one of the major concerns underlying the act of state doctrine in the sense of the judicial branch that its engagement in the task of passing on the validity of foreign acts of a state may hinder rather than further the United States' pursuit of goals both for itself and for the community of nations as a whole in the international sphere? | International Law Memo 8 PS - C.E.docx | ROSS-003124319/ROSS-003124311 | 5A, 5ab | 0.78 | 0 | 1 | | 1 | |
| 48 | McGaughy v. Spitzer Motor Co., 108 Ohio App. 3d 585 | 307A+3 | Motion in limine, if granted, is tentative, interlocutory, precautionary ruling by trial court reflecting its anticipatory treatment of the evidentiary issue; accordingly, proponent who has been temporarily restricted from introducing evidence by virtue of motion in limine must seek introduction of evidence by proffer or otherwise at trial to enable court to make a final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | Must a proponent who has been temporarily restricted from introducing evidence by virtue of motion in limine seek to make a final determination as to its admissibility and to preserve any objection on record for purposes of appeal? | Pretrial Procedure - Memo 8 542 - C - PP.docx | ROSS-003284027/ROSS-003284028 | Condensed_SA | 0.62 | | 0 | | 1 | |
| 49 | Manhattan Ice & Cold Storage v. City of Manhattan, 284 Kan. 60 | 307A+3 | A district judge "has broad discretion in determining what evidence will be admissible in an eminent domain case." [...] | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or prejudice, confront the issues, or mislead the jury. [...] | When the court finds evidence inadmissible at trial should it grant a motion in limine? | Pretrial Procedure - Memo 8 644 - C - SB.docx | LEGALEASE-00015027 - LEGALEASE-00015028 | Condensed_SA | 0.47 | 1 | 0 | | 1 | |
| 50 | Manhattan Ice & Cold Storage v. City of Manhattan, 284 Kan. 60 | 307A+3 | A district judge "has broad discretion in determining what evidence will be admissible in an eminent domain case." [...] | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or prejudice, confront the issues, or mislead the jury. [...] | Are pretrial grants of motions in limine justified as opposed to ruling during the trial? | Pretrial Procedure - Memo 8 644 - C - SB.docx | ROSS-003290769-ROSS-003297001 | Condensed_SA | 0.47 | 1 | 0 | | 1 | |

11

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 51 | State v. Shedden, 290 Kan. 1 [3+4][3][4], 810 | | | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial, and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury, or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Are pretrial grants of a motion in limine justified as opposed to a ruling during the trial? | 024371.docx | LEGALEASE-00126418; LEGALEASE-00126419 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 52 | Hansen v. Versteeg Svc., 175 Or. App. 92 | 413+1 | | The workers' compensation scheme involves a quid pro quo, in which the employer gives up the right to defend against certain actions involving workplace injuries, while receiving the benefit of a limit on potential damages; conversely, the employee gives up the right to seek damages in tort, while giving up certain tort remedies. | Does the workers' compensation scheme involve a quid pro quo in which the employer gives up the right to defend against certain actions involving workplace injuries while receiving the benefit of a limit on potential damages? | 024007.docx | LEGALEASE-00126964; LEGALEASE-00126965 | Condensed, SA | 0.65 | | 1 | | 1 | |
| 53 | Univ. of Tenn. Med. Branch of Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | | A trial court has discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on these matters which are collateral to the merits of the underlying case, although the trial procedure is not governing some such matters to the merits of the case; attorney fees, and sanctions for frivolous motions for costs, attorney fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Is there any rule which forestall the nonsuit's effect of rendering the merits of the case moot although it permits motions for costs, attorney fees, and sanctions to remain viable in the trial court? | Pretrial Procedure - Memo 8 (308 - C - NE).docx | ROSS-003127100/ROSS-003127011 | SA, Sub | 0.68 | | | | 1 | 1 |
| 54 | Neal v. State Farm Fire & Cas. Co., 300 Ga. App. 68 | 307A+48 | | Party seeking to withdraw admissions by operation of law for failure to answer requests for admission within 30 days has the burden of establishing that withdrawal can be done by showing that the presentation of the merits of the action by showing that the admitted matter be subject to answer requests for admissions within 30 days of service? | Does the failure to present admissible, credible evidence contradicting the admitted matters justify the denial of the motion to withdraw? | 025038.docx | LEGALEASE-00136625; LEGALEASE-00136627 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 55 | Todeva v. Oliver Iron Min. Co., 232 Minn. 422 | 413+1 | In determining the nature and scope of the right of a disabled workman, or of his dependents if he dies from a compensable injury, it is well to bear in mind that compensation acts are Sui generis, and the rights and liabilities created thereunder are to be given full force and effect according to their own unique status, although they may not fit into the timeworn grooves of other areas of the law. In a certain limited sense, the rights and liabilities arise out of contract, on the theory that the statute becomes a part of the contract of employment, see Warner v. Zaiser, 184 Minn. 598, 239 N.W. 761; Sandy v. Walter Butler Shipbuilders, Inc., 221 Minn. 215, 218, 21 N.W.2d 612, 614; but, strictly speaking, such rights and liabilities are created independently of any actual or implied contract and, pursuant to the police power, are imposed upon the employment status or relationship as a cost of industrial production. As a purely statutory creation based on status, it confers, when certain operative facts come into existence, a personal but present and fixed right to the future enjoyment of periodic compensation payments. In other fields of the law, it is recognized that certain rights or interests, whether present or future, may be vested, and that the vesting may be either absolute or defeasible. L'Etourneau v. Henquenet, 89 Mich. 428, 50 N.W. 1077, 28 Am.St.Rep. 310; Black's Law Dictionary (3 ed.) p. 1811. When compensation installments have once become due and payable in the lifetime of the beneficiary, the right to them becomes vested in him absolutely; but as to future payments, which are still to come due, the right is not vested absolutely, but in a defeasible sense. We have heretofore pointed out that as to future payments which are yet to come due, the right to them is defeasible and terminates upon death and is therefore not vested in the sense of being transmissible to one's heirs. Tierney v. Tierney & Co., 176 Minn. 464, 223 N.W. 773. By express | In certain limited sense, rights and liabilities for workmen's compensation arise out of contract, on theory that Compensation Act becomes part of contract of employment but strictly speaking, such rights and liabilities are created independently of any actual or implied contract and, pursuant to police power, are imposed on employment status or relationship as a cost of industrial production. M.S.A. S 176.01 et seq. | "Do the rights and liabilities for workmens compensation arise out of contract in certain limited senses, on the theory that the Compensation Act becomes part of the employment contract, while strictly speaking, such rights and liabilities are created independently of any actual or implied contract and are imposed on the employment status pursuant to the police power?" | 047931.docx | LEGALEASE-00137280-LEGALEASE-00137281 | Condensed, SA, Sub | 0.89 | 0 | 1 | 1 | 1 | 1 |
| 56 | Deutsche Bank Nat. Tr. Co. v. Lippi, 78 So. 3d 81 | 307A+690 | Dismissing a case with prejudice is the ultimate sanction and should only be used in "those aggravating circumstances in which a lesser sanction would fail to achieve a just result." Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993). When deciding whether to sanction a party by dismissing its case with prejudice, a court should consider the following factors: 1) whether the attorneys' disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. After considering these factors, "if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." Id. Sanctions short of dismissing a case with prejudice are appropriate when the errors are made by the attorney and not the client. Am. Express Co. v. Hickey, 869 So.2d 694, 695 (Fla. 5th DCA 2004). | When deciding whether to sanction a party by dismissing its case with prejudice, a court should consider the following factors: (1) whether the attorneys' disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) whether the attorney has been previously sanctioned; (3) whether the client was personally involved in the act of disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered reasonable justification for noncompliance; and (6) whether the delay created significant problems of judicial administration. | "When deciding whether to sanction a party by dismissing its case with prejudice, should a court consider any factors?" | 024951.docx | LEGALEASE-00156853-LEGALEASE-00156854 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 57 | DeBenedetto v. Denny's, 421 N.J. Super. 312 | 307A+679 | Denny's brings its motion pursuant to Rule 4:6"2(e), contending that DeBenedetto's second amended complaint fails to state a claim upon which relief may granted. In addressing a motion to dismiss brought pursuant to Rule 4:6"2(e) a court's "inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Printing Mart"Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989). However, the court must search the complaint " "in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." " | In addressing a motion to dismiss for failure to state a claim upon which relief may be granted, a court's inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint; however, the court must search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary. R. 4:6-2(e). | "Before a court dismisses a civil complaint with prejudice, should it search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action can be gleaned even from an obscure statement of claim an opportunity to amend if necessary?" | 040124.docx | LEGALEASE-00162224-LEGALEASE-00162225 | SA, Sub | 0.32 | 0 | 0 | 1 | 1 | |
| 58 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A district judge " "has broad discretion in determining what evidence will be allowed in an eminent domain proceeding." " Mooney v. City of Overland Park, 283 Kan. 617, 619, 153 P.3d 1252 (2007) (quoting U.S.D. No. 464 v. Porter, 234 Kan. 690, 694, 676 P.2d 84 [1984])."[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice." State v. Shadden, 290 Kan. 803, 816, 235 P.3d 436 (2010). | A motion in limine may be granted when a district court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial; and (2) the pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | What factors must be present for a district court to grant a motion in limine? | 041151.docx | LEGALEASE-00124055-LEGALEASE-00124056 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 59 | In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546 | 221+343 | The defense of foreign sovereign compulsion, on the other hand, focuses on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states. Rather than being concerned with the diplomatic implications of condemning another country's official acts, the foreign sovereign compulsion doctrine recognizes that a defendant trying to do business under conflicting legal regimes may be caught between the proverbial rock and a hard place where compliance with one country's laws results in violation of another's. Finally, international comity is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | The defense of foreign sovereign compulsion focuses on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states, and rather than being concerned with the diplomatic implications of condemning another country's official acts, the foreign sovereign compulsion doctrine recognizes that a defendant trying to do business under conflicting legal regimes may be caught between the proverbial rock and a hard place where compliance with one country's laws results in violation of another's. | Does the defense of foreign sovereign compulsion focus on the plight of a defendant who is subject to conflicting legal obligations under two sovereign states? | International Law - Memo 588 - TH.docx | ROSS-003297476-ROSS-003297477 | Condensed, SA | 0.39 | 0 | 1 | 0 | 1 | |
| 60 | Noyel v. City of St. Gabriel, 202 So. 3d 1139 | 67+2 | Notably, the penalties for looting are heightened during the declaration of a state of emergency. La. R.S. 14:62.5(C). In order to convict one accused of looting during a declared emergency, the State must prove that the alleged perpetrator: (1) intentionally entered a building, plant, establishment, or other structure, (2) that lacked normal security because of a hurricane, flood, act of God, or force majeure of any kind, (3) during a declared state of emergency that the defendant knew or should have known existed, and (4) that the defendant obtained, exerted control over, damaged, or removed property of the owner. See State v. Harris, 2007"124 (La.App. 5 Cir. 9/25/07), 968 So.2d 187, 193. Additionally, the State must prove the identity of the defendant as the perpetrator. State v. Draughn, 2005"1825 (La.1/17/07), 950 So.2d 583, 593. | In order to convict one accused of looting during a declared emergency, the State must prove that the alleged perpetrator: (1) intentionally entered a building, plant, establishment, or other structure, (2) that lacked normal security because of a hurricane, flood, act of God, or force majeure of any kind, (3) during a declared state of emergency that the defendant knew or should have known existed, and (4) that the defendant obtained, exerted control over, damaged, or removed property of the owner; additionally, the State must prove the identity of the defendant as the perpetrator. LSA-R.S. 14:62.5(C). | What must the state prove in order to convict a defendant for looting during a declared emergency? | 012623.docx | LEGALEASE-00128415-LEGALEASE-00128416 | Condensed, SA, Sub | 0.28 | 0 | 1 | 1 | 1 | 1 |
| 61 | Brougham Casket & Vault Co. v. DeLoach, 323 Ga. App. 701 | 307A+486 | Under OCGA " 9"11"36(b), a trial court may permit a party to withdraw or amend the admissions if "(1) the presentation of the merits will be subserved by the withdrawal, and (2) the party obtaining the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits." (Citations omitted.) Fox Run Properties, 288 Ga.App. at 570(1), 654 S.E.2d 676.The first prong of the test is not perfunctorily satisfied and the desire to have a trial, standing alone, is not sufficient to satisfy the test. If the burden of proof on the subject matter of the request for admission is on the requestor, the movant is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. If the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions. | If the burden of proof on the subject matter of a request for admission is on the requestor, the movant for withdrawal of the admission is required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay; if the movant fails to make the required showing, then the trial court is authorized to deny the motion to withdraw the admissions. West's Ga.Code Ann. S 9-11-36(b). | "Is the movant for withdrawal or amendment of an admission required to show the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay?" | 029079.docx | LEGALEASE-00134489-LEGALEASE-00134490 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 62 | Univ. of Massachusetts Mem'l Med. Ctr. v. Christodoulou ex rel. Christodoulou, 360 N.J. Super. 313 | 307A+515.1 | The dismissal without prejudice was entered pursuant to Rule 4:37-1(b). Under that rule, the court may impose "such terms and conditions as the court deems appropriate." R. 4:37-1(b). The main object of this rule is "to protect a litigant where a termination of the proceedings without prejudice will place him in the probable position of having to defend, at additional expense, another action based upon similar charges at another time." Union Carbide Corp. v. Litton Precision Prods., Inc., 94 N.J.Super. 315, 317, 228 A.2d 99 (Ch.Div.1967). Since Goldberger was only sued for purposes of discovery, it did not defend against a malpractice claim. Therefore, the dismissal without prejudice would not expose it to another action on similar charges. Consequently, the trial court's ruling was not an abuse of discretion. | The main object of voluntary dismissal rule allowing court to impose appropriate terms and conditions is to protect a litigant, where a termination of the proceedings without prejudice will place him in the probable position of having to defend, at additional expense, another action based upon similar charges at another time. R. 4:37-1(b). | "Is the main object of dismissal without prejudice under such terms and conditions is to protect a litigant from probable position of having to defend, at additional expense, another action based upon similar charges at another time?" | Pretrial Procedure - Memo # 5510 - C - NC.docx | ROSS-003302305-ROSS-003302306 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 63 | Rautenberg v. Falz, 193 So. 3d 924 | 307A+554 | In considering a motion to dismiss for lack of personal jurisdiction, the trial court must apply the test set forth in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). In doing so, the trial court must first determine whether the complaint alleges jurisdictional facts that are sufficient "to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts' are demonstrated to satisfy due process requirements." Wiggins, 147 So.3d at 84 (quoting Borden v. East"European Ins. Co., 921 So.2d 587, 592 (Fla.2006)) | In considering a motion to dismiss for lack of personal jurisdiction, the trial court must first determine whether the complaint alleges jurisdictional facts that are sufficient to bring the action within the ambit of the long-arm statute; if it does, the next inquiry is whether sufficient minimum contacts are demonstrated to satisfy due process requirements. U.S.C.A. Const.Amend. 14; West's F.S.A. S 48.193. | "In ruling on a motion to dismiss for lack of personal jurisdiction, must the trial court first determine whether a complaint alleges sufficient facts to bring it within the ambit of the long-arm statute?" | 033445.docx | LEGALEASE-00143009-LEGALEASE-00143010 | Condensed, SA | 0.3 | 0 | 1 | 0 | 1 | |
| 64 | Fernandez v. Cohn, 54 So. 3d 1040 | 307A+560 | As our sister court, relying in significant part on an earlier decision from this Court, has confirmed, this rule provides a trial court with three options when service has not been perfected within 120 days of the filing of the complaint. The options are: "(1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop [the unserved] defendant as a party." Chaffin v. Jacobson, 793 So.2d 102, 103"104 (Fla. 2d DCA 2001). Where good cause or excusable neglect for failure to make timely service has been demonstrated, a trial court must extend the time for service "and has no discretion to do otherwise." Id. at 104. Where no good cause or excusable neglect exists, the trial court is left to exercise its discretion as to which of the three options to select, except where the statute of limitations has run. Where the statute of limitations has run, discretion should normally be exercised in favor of extending the time for service of process: If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | "Is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, where no good cause or excusable neglect exists for failure to make timely service of process?" | 033654.docx | LEGALEASE-00144101-LEGALEASE-00144102 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 65 | GECMC 2006-C1 Carrington Oaks v. Weiss, 233 N.C. App. 633 | 307A+685 | "The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court." Banc of Am. Sec. LLC v. Evergreen Int'l Aviation, Inc., 169 N.C.App. 690, 693, 611 S.E.2d 179, 182 (2005). When, as here, "both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues," see id., "the court may hear the matter on affidavits presented by the respective parties, ... [or] the court may direct that the matter be heard wholly or partly on oral testimony or depositions." Id. at 694, 611 S.E.2d at 183 (alteration and omission in original) (internal quotation marks omitted). "If the trial court chooses to decide the motion based on affidavits, [t]he trial judge must determine the weight and sufficiency of the evidence [presented in the affidavits] much as a juror." Id. (alterations in original) (internal quotation marks omitted). "When this Court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." Id. (internal quotation marks omitted). | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of jurisdiction over the person depends upon the procedural context confronting the court; when both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues the court may hear the matter on affidavits presented by the respective parties, or the court may direct that the matter be heard wholly or partly on oral testimony or depositions. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | Does the standard of review to be applied by a trial court in deciding a motion to dismiss for lack of jurisdiction over the person depend upon the procedural context confronting the court? | 039340.docx | LEGALEASE-00154869-LEGALEASE-00154870 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 66 | Fonseca v. Fong, 167 Cal. App. 4th 922 | 360+18.43 | The present language of Section 11369 evidently reflects a legislative conviction that federal deportation of persons arrested for selling or using narcotics and reasonably believed to be non-citizens could be effectuated with much greater "certainty and celerity" (if federal authorities determined they were unlawfully present in this country) than the prosecution and conviction of such persons for violation of state narcotics laws, and that exposure of such persons to swift imposition of that civil penalty would help "stamp out illicit drug traffic" in California. Other aspects of the legislative history confirm this view. For example, the letter from the author of the bill to the Governor asking him to sign the measure enacting Section 11369 in its present form described it as "the main narcotics bill" enacted by the Legislature that session. (Letter dated June 8, 1953 from Assemblyman H. Allen Smith to Governor Earl Warren, Governor's Chaptered Bill File on Assem. Bill No. 2238 (1953) (unpaginated).) A memorandum sent by the author of the measure to all members of the Legislature identifies each of the numerous individuals who had assisted in its drafting. | Statute requiring an arresting agency to notify the appropriate federal agency having charge of deportation matters when there is reason to believe that any person arrested for a violation of a specified drug offense may not be a citizen of the United States was not designed primarily for the purpose of effecting the removal of persons unlawfully present in the country and thus was not constitutionally impermissible state regulation of immigration; statute reflected legislative conviction that federal deportation of non-citizens arrested for selling or using narcotics could be effectuated with much greater certainty than the prosecution and conviction of such persons for violation of state narcotics laws and that exposure of such persons to deportation would help stamp out illicit drug traffic, and, if regulation of immigration was the purpose of the statute, the statute would not have been limited to persons arrested only for narcotics offenses and likely would have been placed in the Penal Code. U.S.C.A. Const. Art. 6, cl. 2; West's Ann.Cal.Health & Safety Code S 11369. | Is there a legislative conviction that deportation of non-citizens arrested for selling narcotics could be effectuated with much greater certainty than the prosecution and conviction of such persons for violation of state narcotics laws? | 006844.docx | LEGALEASE-00160376-LEGALEASE-00160377 | Condensed, SA, Sub | 0.08 | 0 | 1 | 1 | 1 | 1 |
| 67 | Vidal v. Ricciardi, 81 A.D.3d 635 | 307A+697 | A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed pursuant to CPLR 3404, must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Nasuro v. PI Assoc., LLC, 78 A.D.3d 1030, 912 N.Y.S.2d 86; Mooney v. City of New York, 78 A.D.3d 795, 911 N.Y.S.2d 395; Leinas v. Long Is. Jewish Med. Ctr., 72 A.D.3d 905, 906, 898 N.Y.S.2d 500; Basetti v. Nour, 287 A.D.2d 126, 131, 731 N.Y.S.2d 35). All four components of the test must be satisfied before the dismissal can be properly vacated and the case restored (see Nasuro v. PI Assoc., LLC, 78 A.D.3d 1030, 912 N.Y.S.2d 86; Vaream v. Corines, 78 A.D.3d 933, 911 N.Y.S.2d 424). | Plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked "off," and after it has been dismissed must demonstrate the existence of a potentially meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant; all four components of the test must be satisfied before the dismissal can be properly vacated and the case restored. McKinney's CPLR 3404. | "Should a plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked ""off,"" and after it has been dismissed demonstrate the existence of a potentially meritorious cause of action?" | Pretrial Procedure - Memo 11277 - C - DA_64227.docx | ROSS-003281971-ROSS-003281972 | Condensed, SA | 0.42 | 0 | 1 | 0 | 1 | |
| 68 | Keveney v. Missouri Military Acad., 304 S.W.3d 98 | 141E+949 | Former employee, a contract teacher for a military academy, stated a cause of action for wrongful discharge against employer; employee alleged that he noticed unusual bruises on one of his students, that he reasonably suspected the student was being physically abused, that he reported the suspected abuse to three of his supervisors, each of whom was under a statutory duty to report the suspected abuse to the Division of Family Services (DFS), but that he was told that his job would be in jeopardy if he reported the suspected abuse to DFS, employee was subject to criminal liability if he failed to report the abuse, and employee alleged that he was terminated because he continued to insist that the student's bruises be reported to DFS in accordance with state law. V.A.M.S. "" 210.115, 210.165. Employee has stated a claim for wrongful discharge for refusing to perform an illegal act. When Employee observed the student's bruises and suspected abuse, he was under a clear and specific statutory obligation to report that abuse to DFS. See section 210.115, RSMo 2000 (identifying teachers as mandatory reporters of suspected child abuse). If Employee failed to report the abuse, he was subject to criminal liability. See section 210.165, RSMo 2000 (failure to report the suspected abuse constitutes a class A misdemeanor). The mandatory reporting statutes constitute a clear public policy mandate. | Former employee, a contract teacher for a military academy, stated a cause of action for wrongful discharge against employer; employee alleged that he noticed unusual bruises on one of his students, that he reasonably suspected the student was being physically abused, that he reported the suspected abuse to three of his supervisors, each of whom was under a statutory duty to report the suspected abuse to the Division of Family Services (DFS), but that he was told that his job would be in jeopardy if he reported the suspected abuse to DFS, employee was subject to criminal liability if he failed to report the abuse, and employee alleged that he was terminated because he continued to insist that the student's bruises be reported to DFS in accordance with state law. V.A.M.S. SS 210.115, 210.165. | Can teachers state a cause of action for wrongful discharge? | 017209.docx | LEGALEASE-00162067-LEGALEASE-00162069 | Condensed, SA, Sub | 0.43 | 0 | 1 | 1 | 1 | 1 |
| 69 | Oregon v. Kennedy, 456 U.S. 667 | 135H+97 | A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." United States v. Scott, 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978). Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, "[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retain primary control over the course to be followed in the event of such error." United States v. Dinitz, supra, 424 U.S., at 609, 96 S.Ct., at 1080. Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. | Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, the most important consideration for double jeopardy clause purposes is that defendant retain primary control over the course to be followed in the event of such error, and only where the governmental conduct is intended to "goad" defendant into moving for a mistrial may defendant raise the bar of double jeopardy to a second trial after having proceeded in aborting the first on his own motion. U.S.C.A.Const.Amend. 5. | "Only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, can a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion?" | 015218.docx | LEGALEASE-00163677-LEGALEASE-00163678 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 70 | Matrixx v. Fleischman, Newman Pass, 166 Wash. Dkts 432 | 311H+102 | The elements necessary to establish that material is protected by the federal attorney-client privilege are (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar of a court, or his subordinate, and in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed by his client without the presence of strangers for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. | Elements necessary to establish that material is protected by the federal attorney-client privilege are (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of the bar of a court, or his subordinate, and in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed by his client without the presence of strangers for the purpose of securing primarily either an opinion on law or legal services or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. | What should a party invoking the protection of the attorney-client privilege establish? | Privileged Communications and Confidentiality Memo 7 - VP.docx | LEGALEASE 00000615 LEGALEASE 00000612 | Condensed_SA | 0.39 | 0 | 1 | | 1 | |
| 71 | Columbia Cmty. Bank v. Newman Pass, 166 Wash. App. 634 | 366+1 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | When is equitable subrogation appropriate to prevent unjust enrichment? | 003529.docx | LEGALEASE 00120366 LEGALEASE 00120310 | Condensed_SA | 0.11 | | 0 | | 1 | |
| 72 | Evergreen Recycle v. Indiana Lumbermens Mut. Ins. Co., 51 Kan. App. 2d 459 | 307A+3 | Once the district court follows the steps outlined above and determines that the evidence will be inadmissible at trial, the court also must find that the partial ruling is justified by experience in making a ruling during trial that pause the merits after or mention of the evidence during trial may or result in the cause of undue prejudice, confuse the issues, or mislead the jury. | Once district court determines that evidence challenged by motion in limine will be inadmissible at trial, the court also must find that a partial ruling is justified because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury, the consideration of the issue outweighs trial might unduly interrupt and delay the trial, or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. | Once the district court determines that evidence challenged by motion in limine will be inadmissible at trial, the court also must find what? | 012422.docx | LEGALEASE 00122046 LEGALEASE 00122047 | Condensed_SA | 0.18 | | 0 | | 1 | |
| 73 | State v. Johnston, 249 Ga. 413 | 110+392.60 | A motion in limine is a pretrial motion which may be used two ways: (1) The movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during the course of trial outside the presence of the jury. (Lagroone v. State, 248 Ga. 441, 376 & 2d 475, 481 (1978); Twyford v. Weber, 220 N.W.2d 919 (Iowa 1974); Redding v. Ferguson, 501 S.W.2d 717, 723 (Tex.Civ.App.1973).) 2) The movant seeks a ruling on the admissibility of evidence prior to the trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. (Twyford v. Weber, supra.) | Trial court has absolute right to refuse to decide admissibility of evidence, allegedly in violation of some ordinary rule of evidence, prior to trial; however, trial court decides to rule on admissibility of evidence prior to trial, court's determination of admissibility is similar to a preliminary ruling on admissibility of evidence and it controls the subsequent course of action, unless modified at the trial to prevent manifest injustice. | "If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference and will it control the subsequent course of action, unless modified at the trial to prevent manifest injustice?" | 027894.docx | LEGALEASE 00122326 LEGALEASE 00122327 | Condensed_SA | 0.64 | | 1 | | 1 | |
| 74 | Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Tr. Co., 161 Misc. 903 | 221+146 | A Constitution is not intended to be a limitation on the development of a country nor an obstruction to its progress and foreign needs. Courts are not inclined to adopt technical or strained constructions which would unduly impair the efficiency of the legislature and political prudence. A Constitution will not be so strictly or literally that it will embarrass circumstances as they may arise in the progress and development of the community. A court will look at the facts, at the exigencies and examine the origin and development of the new nation and the state of facts existing when this Constitution was framed and adopted and the history of the constituent republics in order to give significance to the new system of government which it creates. | In construing Constitution of a State government, should the court take history of time and exigencies of facts into consideration, origin, and development of new nation and state of facts existing when Constitution was framed and adopted and prior history of constituent republics in order to give significance to new system of government which Constitution created? | 020885.docx | LEGALEASE 00121367 LEGALEASE 00121368 | SA_Sub | 0.56 | | 1 | | 1 | |
| 75 | Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | The act of state doctrine "limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts," the doctrine applies to bar an action "when the relief sought or the defense interposed would [require a] court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." Though seemingly international in character, the doctrine is founded on concerns of domestic separation of powers, "reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." "Act of state issues only arise when a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign." "Even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act..." | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, adjudication in American courts of validity of foreign sovereign's public acts, and the doctrine applies to bar an action when the relief sought or the defense interposed would require United States court to declare invalid the official act of a foreign sovereign performed within its own territory, by declaring invalid the official act of a foreign sovereign performed within its own territory; and even if the suit is not based specifically on a sovereign act. | Does the act of state doctrine bar courts from adjudicating a case when the relief sought would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? | International Law - Memo 121 - FK.docx | ROSS-003345117-ROSS-003324319 | Condensed_SA | 0.42 | | 0 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 76 | Horne v. Alamo Mort'l Hldgs Corp., 549 N.W.2d 821 | 307H+2 | The court may "hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case." Iowa R.Civ.P. 105. We have interpreted the rule to allow an adjudication if either the case is in equity or there is no dispute or if the court is presented with a "legal issue that is independent of a disputed factual issue and a ruling favorable to the applying party will necessarily be dispositive of the case in whole or in part." State ex rel. Miller v. Hydro Mag, Ltd., 379 N.W.2d 911, 913 (Iowa 1986). The interpretation of a statute is a legal issue that may be decided for a rule 105 motion. See Burton v. State Farm Mut. Auto. Ins. Co., 540 N.W.2d 423,424 (Iowa 1995). | Rule providing that court may hear and determine any point of law raised in any pleading that goes to whole or any material part of case allows adjudication if either there are no material facts in dispute or if court is presented with legal issue independent of disputed factual issue and ruling favorable to applying party will necessarily be dispositive of case in whole or in part. Rules Civ.Proc., Rule 105. | "Does a Rule providing that court may hear and determine any point of law raised in any pleading that goes to whole or any material part of case, allow adjudication if there are no material facts in dispute?" | Pretrial Procedure Memo # 120_C-CRB.docx | ROSS-003181901-ROSS-003181902 | Condensed, SA, 0.41 | 0.41 | 0 | | | 1 | 1 |
| 77 | Columbia Cmty. Bank v. Newman Park, 166 Wash. App. 634 | 366+1 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. BNC Mortg., Inc. v. Tax Pros, Inc., 111 Wash.App 238, 255 *fn. 46 P.3d 812 (2002). | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1) in order to protect his or her interest; (2) under a legal duty to do so; (3) on account of misrepresentation, mistake, duress, undue influence, deceit, or other similar imposition; or (4) upon a request from the obligor or the obligor's successor to do so, if the person performing was promised repayment and reasonably expected to receive a security interest in the real estate with the priority of the mortgage being discharged, and if subrogation will not materially prejudice the holders of intervening interests in the real estate. | When is subrogation appropriate to prevent unjust enrichment? | 044398.docx | LEGALEASE-00125078-LEGALEASE-00125079 | Condensed, SA | 0.11 | | | 0 | 1 | |
| 78 | Bordes v. Harlow & Jones, 852 F.2d 6661 | 221+342 | At the outset, we must address the district court's conclusion that the act of state doctrine is inapplicable to the present dispute. The touchstone of the doctrine is the principle of comity between nation-courts in one country should avoid inquiries respecting the validity of the acts carried out by foreign sovereigns within its territory. The Supreme Court stated more than ninety years ago in Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 84, 42 L.Ed. 456 (1897) Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. The validity of the means by which one government compels another to submit is not subject to adjudication by ordinary municipal tribunals. The doctrine has constitutional underpinnings as well. It clearly reflects our fundamental notions of separation of powers in urging that our nation conduct its foreign relations with a unified voice of the executive branch rather than through a multitude of judicial pronouncements. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Indeed, if the judiciary were to engage in the task of passing on the validity of foreign acts of state, it might well have the country's pursuit of goals both for itself and for the community of nations as a whole. | Act of state doctrine requiring courts to avoid inquiries respecting validity of acts executed by foreign sovereigns within its territory reflects fundamental notions of separation of powers and organ-ization to conduct of foreign relations with unified voice of executive branch. | Does an act of state doctrine requiring courts to avoid inquiries respecting the validity of acts executed by foreign sovereigns within its territory reflect fundamental notions of separation of powers and organ-ization to conduct of foreign relations with a unified voice of executive branch? | 020659.docx | LEGALEASE-00126191-LEGALEASE-00126193 | Condensed, SA, Sub 0.81 | 0.81 | 1 | 1 | | | 1 |
| 79 | Brock Mfg. N. Assocs. v. Gen. Elec. Co., 684 F.2d 966 | 170A+1684 | The instant case poses the question of the disposition of a district court to permit a withdrawal or amendment of an admission by default once a trial has commenced. In general, the standard for being relieved of a failure to respond to a request for admissions pursuant to an admission made by the court may allow withdrawal or amendment of an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Fed.R.Civ.P. 36(b). This prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the finder of fact of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the facts that had been admitted previously by the sudden need to obtain evidence with respect to the question previously answered by the admissions. See Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192 (D.Conn.1976). | The prejudice contemplated by rule permitting withdrawal or amendment of an admission to an admission by which the party who initially obtained the admission will presently have to convince the finder of fact of its truth but, rather, it relates to the difficulty a party may face in proving its case, e.g., caused by unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the question previously answered by the admission. Fed.Rules Civ.Proc.Rules 36, 36(b), 28 U.S.C.A. | "Does prejudice warranting denial of permission to withdraw an amendment or an admission arise in a case due to unavailability of key witnesses or the sudden need to obtain evidence on matters previously admitted?" | 020916.docx | LEGALEASE-00134357-LEGALEASE-00134358 | Condensed, SA, 0.04 | 0.04 | | | 1 | | |
| 80 | First Denison Merch. Servs. v. WellSpring Capital Mgmt., 164 P.3d 166 | 307A+36.1 | It is not manifestly arbitrary, unreasonable, or unfair, and thus not an abuse of discretion, to require a plaintiff to assert facts sufficient to satisfy the trial court that discovery might reveal evidence showing personal jurisdiction before requiring a defendant to bear the cost and burden of responding to discovery. Weisz v. Nat'l Westminster Bank, PLC, supra, 70 P.3d at 470 (denying request for discovery on issue of agency). | It is not manifestly arbitrary, unreasonable, or unfair, and thus not an abuse of discretion, to require a plaintiff to assert facts sufficient to satisfy the trial court that discovery might reveal evidence showing personal jurisdiction? | "Is it not manifestly arbitrary, unreasonable, or unfair, and thus not an abuse of discretion to require a plaintiff to assert facts sufficient to satisfy the trial court that discovery might reveal evidence showing personal jurisdiction?" | 037093.docx | LEGALEASE-00193577-LEGALEASE-00193578 | SA, 0.26 | 0.26 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,079 |
| 81 | Mueller v. Brackett, 156 Neb. 881 | 307A+483 | Sections 25-1267.41, R.S.Supp.1951, is identical with Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It contemplates not merely directory, but substantial compliance therewith is required. However, they are not self-executing and the party placing admissions for failure to deny must prove service of a proper request in compliance therewith and failure to appropriately respond thereto. In that connection, the applicable rule here is that where a party properly serves a request for admission of relevant matters of fact or the genuineness of relevant documents, and all objection thereto are heard and disposed of appropriately denied by the court, and the other party has been ordered to respond thereto, his failure to do so within the time allotted constitutes an admission of the facts sought to be elicited. In such a situation a motion for summary judgment is appropriate and may be granted if admission make or failure to deny as required by the statute, together with the pleadings, show that there is no genuine issue as to any material fact or that the court is without jurisdiction of the subject matter. Sec. 2 Barron and Holtzoff, Federal Practice and Procedure, ch. 9, p. 534; and 4 Moore's Federal Practice (2d ed.), ch. 36, p. 2703; in both of which holdings numerous supporting cases are cited. See, also, Meehan v. Collis, 156 Neb. 386, 56 N.W.2d 299; Section 57-1312, R.S.Supp.1951. | Where a party properly serves a request for admission of relevant matters of fact or genuineness of relevant documents, and all objections are heard and denied by the court, and the other party has been ordered to respond thereto, failure of the party to do so within the time allotted constitutes admission of facts sought to be elicited? | | 030613.docx | LEGALEASE-00141156-LEGALEASE-00141157 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 82 | Am. Coll. Connectors v. Berkowitz, 312 Ga. App. 867 | 307A+554 | At the outset, we note that a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. Furthermore, when the outcome of the motion depends on unstipulated facts, and based solely upon the written submission of the parties, as it was here, "any dispute of fact must be resolved in the light most favorable to the party asserting the existence of personal jurisdiction, and we review the decision of the trial court de novo." | Where a motion to dismiss for lack of personal jurisdiction is decided without an evidentiary hearing and based solely upon the written submission of the parties, must any disputes of fact be resolved in the light most favorable to the party asserting the existence of personal jurisdiction, and the Court of Appeals reviews the decision of the trial court de novo? | | 037850.docx | LEGALEASE-00142729-LEGALEASE-00142729 | SA, Sub | 0.25 | 0 | 0 | 1 | 1 | |
| 83 | Zarzytksi v. Montgomery Cty. DSS, 368 S.W.3d 280 | 307A+697 | In Sanchez v. Garcia, this Court ceded with the latter, noting that the standard for reinstatement "should not be the same regardless of whether a case is dismissed pursuant to rule 316e or the court's inherent power" No. 13-00-575-CV, 2006 WL 2295752, n. 6 (Tex. App. Corpus Christi July 27, 2006, pet. denied) (mem. op.) (citing Brazos Capital Corp. v. Maguire, 1 S.W.3d 386, 387 (Tex.1999) (mem.op., dissenting)). Thus, where a case is dismissed pursuant to rule 34 of due diligence, as is the case here, the plaintiff "must prove that the failure or omission that led to dismissal was the product of an accident or mistake or must otherwise reasonably explain that its actions were not intentional or consciously indifferent." See, id. (see also Capuccio 232 S.W.3d at 94757 holding that rule 165a(3)'s standard applied to inherent power based dismissals). Maldonado v. Concord Crossing, Co., No. 09-CV-00452, Tex. 1997 WL 55374 (Tex. App. Houston Aug. 7, 2008, no pet.) (mem. op.) (not designated for publication) applying the rule 165a(3) standard to a case of due diligence dismissal). We conclude that Zarzytski did so in this case. | Where a case is dismissed for want of prosecution based on the trial court's inherent power to do so for lack of due diligence, should the plaintiff seeking reinstatement prove that the failure or omission that led to dismissal was the product of an accident or mistake or otherwise explain that its actions were not intentional or consciously indifferent? | | Pretrial Procedure - Memo 1177 - C - DA_54123.docx | ROSS-003282424-ROSS-003282609 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 84 | Parker ex rel. Parker v. Arizona Interscholastic Ass'n, 204 Ariz. 42 | 141E+965 | Interscholastic association rule that barred a student who transferred from one school to another without changing domicile from participating for a prescribed period in sports for one high school during previous 12 months, even if transfer was not athletically motivated, did not violate equal protection; rule was rationally related to legitimate purpose of deterring athletically motivated transfers and recruitment of students, and objective standard was reasonable because conducting case-by-case inquiry into motivation for every transfer was not possible. U.S.C.A. Const.Amend. 14; U.S.C.A. Const. Amend. 14; Ariz. A.R.S. Const. Art. 2, § 13. The purpose of the AIA transfer rule is to deter athletically motivated transfers and recruitment of students and promote "the educational philosophy that participation in athletics is a privilege which should not take a dominant role over academics." | Does athletic association rule that barred a student who transferred students are available to compete in sports for one who violated equal protection? | | 017255.docx | LEGALEASE-00164115-LEGALEASE-00164116 | Condensed, SA, Sub | 0.29 | 0 | 1 | 1 | 1 | 1 |
| 85 | City of New Orleans v. Benson, 665 So. 2d 1196 | 135H+15 | In State v. Johnson, 93-2557 (La. App. 4th Cir. 2/11/94), 632 So.2d 817, writ granted, 94-0595 (La. 9/2/94), 641 So.2d 1302, this court discussed penalty sought is subsequent proceeding bears no rational relation to punishing municipal ordinance violators, writ granted as noted, the City is not seeking to exact a civil penalty from the defendants, citing Halper. In the instant case, Rober During, the manager of the tax who is charged individually with violating a municipal ordinance, has not had a criminal adjudication. More importantly, the City is not seeking to exact a civil penalty from the defendants; rather, to prevent an irreparable injury to the public. While the City is seeking penalties and costs to determine if penalty sought is fact constitutes second punishment which violates double jeopardy clause. U.S.C.A. Const.Amend. 5. | Where defendant previously has sustained a criminal penalty and the civil penalty sought in subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, will the penalty in fact constitute second punishment which violates double jeopardy clause. U.S.C.A. Const.Amend. 5? | | 015710.docx | LEGALEASE-00166431-LEGALEASE-00166432 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 86 | Jackson v. Cerpac Co. Raytheon, 36 So. 3d 754 | 413+2 | Because issues relating to an employee's entitlement to benefits and a carrier's right to various offsets are founded on statutory and legal bases, when can a court graft onto the otherwise coherent statutory scheme, general equitable principles? | Worker's compensation is purely a creature of statute. Mitchell v. Palm Beach. Fla. Dist. 67 So. 3d 824, 1271 Fla. 1st Cir. 2009... | Because issues relating to an employee's entitlement to benefits and a carrier's right to various offsets are founded on statutory and legal bases, when can a court graft onto the otherwise coherent statutory scheme, general equitable principles so as to permit non-legal, or equitable, permutations of such rights? | 04803.docx | LEGALEASE-00136974 LEGALEASE-00136975 | SA, Sub | 0.8 | 0 | | 1 | 1 | |
| 87 | Waska v. Mutelba, 269 Newman Firm, 164 Wash. Conn. 527 | 366+1 | The doctrine of legal or equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | "The law has recognized two types of subrogation: conventional; and legal or equitable."... | Is the doctrine of equitable subrogation broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter? | Subrogation - Memo 371 - VFC.docx | ROSS-003203172-ROSS-003203174 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 88 | Columbia Cnty. Bank v. Newman Firm, 164 Wash. App. 634 | 366+1 | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances: (1) in order to protect his or her interest; (2) under a legal duty to do so... | Subrogation is appropriate to prevent unjust enrichment if the person seeking subrogation performs an obligation under the following circumstances... | Is subrogation an appropriate means of preventing unjust enrichment? | Subrogation - Memo 371 - VFC.docx | ROSS-003207114-ROSS-003207117 | Condensed, SA | 0.11 | 0 | 0 | 1 | 1 | |
| 89 | Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal. App. 4th 1279 | 217+153(3) | Aim of equitable subrogation is to place the burden for a loss on the party ultimately responsible for it and to whom in equity the insurer or surety who has been discharged, and to entirely relieve the insurer or surety who has indemnified the loss and which in equity is not primarily liable for it. | The different equitable principles on which contribution and subrogation are based are evident from a comparison of the parties... | Is the aim of equitable subrogation to place the burden for a loss on the party ultimately responsible for it and to whom in equity the insurer or surety who has been discharged, and to entirely relieve insurer or surety who has indemnified the loss and which in equity was not primarily liable for it? | Subrogation - Memo # 707 - CA.docx | ROSS-003208088-ROSS-003208089 | SA, Sub | 0.62 | 0 | 0 | 1 | | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 90 | Ward v. Nat'l Lumber & Box Co., 54 Wash. 304 | 231H+2657 | There are two principal contentions of the appellant in this case, viz: (1) That the factory at about which the respondent was injured was not properly guarded, and that therefore the respondent should be charged with the assumption of risk in operating a machine which was concededly dangerous; and (2) that the respondent was guilty of contributory negligence in operating the machine in the way he did. ... | The factory act, Laws 1903, p. 164, c. 84, entitled "An act providing for the protection and health of employees in factories, mills and workshops where machinery is used," appears to be mandatory ... required friction wheels to be guarded. | Does the factory fail provide safeguards to the machinery and appliances and protect employees in manufacturing establishments? | 001811.docx | LEGALEASE 00118545-LEGALEASE 00118547 | Condensed, SA, Sub | 0.82 | 0 | 1 | | 1 | 1 |
| 91 | Gurney v. Rzeszler, 200 Wis. 2d 113 | 307A+3 | To increase costs associated with descriptive behavior, particularly as it regards violating motion in those orders, courts must be alert to the possibility that a lawyer who is violating the order is assuming there will be little or no risk associated with bringing out damaging material during long trial. ... | To increase costs associated with descriptive behavior, particularly as it regards violating motion in those orders, courts must be alert to the possibility that a lawyer who is violating the order is assuming there will be little or no risk associated with bringing out damaging material during long trial. | To increase costs associated with descriptive behavior, particularly as it regards violating motion in those orders, courts must be alert to the possibility that a lawyer who is violating the order is assuming there will be little or no risk associated with bringing out damaging material during long trial | 012312.docx | LEGALEASE 00122817-LEGALEASE 00122828 | Condensed, SA | 0.75 | 0 | 0 | | 1 | |
| 92 | DiButtita v. Pioltera Lease Co., 612 A.2d 60 | 413+1 | Under the Workers Compensation Act, injured employees is ensured timely and certain, though limited, compensation, in exchange for which he or she gives up the right to pursue an action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful. ... | Under the Workers Compensation Act, injured employees is ensured timely and certain, though limited, compensation, in exchange for which he or she gives up the right to pursue an action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful. Gen Laws 1956, § 28-29-20. | Under the Workers Compensation Act, injured employees is encountered timely and certain, though limited, compensation, in exchange for which he or she gives up the right to pursue an action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful? | 047719.docx | LEGALEASE 00128724-LEGALEASE 00128725 | SA, Sub | 0.02 | 0 | 0 | 1 | | |
| 93 | Beck v. Sayet, 937 So. 2d 945 | 307A+19 | Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. ... | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases? | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases? | Pretrial Procedure - Memo 8 666 - C - 61.docx | ROSS 000328627/ROSS 000328280 | Condensed, SA | 0.45 | 0 | 1 | | 1 | |
| 94 | Hysong v. Lewicki, 811 | 307A+486 | Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to a court made in a trial bogus, may a court grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice? ... | Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to a court made in a trial bogus, once certain considerations are met, a court must grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice. | Although district courts have considerable discretion over whether to permit withdrawal or amendment of admissions made pursuant to a court made in a trial bogus, may a court grant a motion to withdraw only if it determines that doing so is necessary to prevent manifest injustice? | Pretrial Procedure - Memo 4 706 - C - N5.docx | ROSS 000330150-ROSS 000330110 | SA, Sub | 0.65 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,673 | 23,876 | 9,029 |
| 95 | Inoue v. Ford Motor Co., 190 Cal. App. 4th 1456 | 30TH+478 | Code of Civil Procedure section 2033.010 allows any party to a civil action to obtain discovery "by a written request that another party to the action admit... the truth of specified matters of fact, opinion relating to fact, or application of law to fact." … | Where a party is served with a request for admission concerning a legal question properly raised in the pleadings, he should set forth in detail the reasons why he cannot truthfully admit or deny the request. … Cal.App.4th 298, 297 260, 76 Cal.Rptr.3d 38 (only conclusively admitted policy officer was not exempt from liability pursuant to Vehicle Code section 21055). | Where a party is served with a request for admission concerning a legal question properly raised in the pleading, can he object by asserting that the request calls for a conclusion of law or should he make the admission thereby setting at rest a triable issue? | 030303.docx | LEGALEASE 0013597 / LEGALEASE 0013588 | Order, SA | 0.66 | 1 | | 1 | 1 | |
| 96 | Indianapolis-Marion Cty. Pub. Library v. Shook, 835 N.E.2d 533 | 30TH+554 | In resolving this issue, we first note that the party challenging a trial court's subject matter jurisdiction bears the burden of proving that jurisdiction does not exist. … GMC, Inc., 637 N.E.2d 1282, 1284 (Ind.1994). | When reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | When reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute? | Pretrial Procedure - Memo # 1001 - C - D4.docx | ROSS-003285964-ROSS-003285967 | Order, SA | 0.72 | 1 | | | 1 | |
| 97 | United States v. Bragan, 499 F.2d 1376 | 110+593 | Where pleas for hearing of motions for trial on charges of violating wiretapping and wiretap device provisions of Omnibus Crime Control Act were made with reference to … choice. | Where pleas for hearing of motions for trial on charges of violating wiretapping and wiretap device provisions of Omnibus Crime Control Act were made in regard to defendant's new counsel an abundant opportunity to use defenses peculiar to his field of expertise, trial court did not abuse its discretion in denying continuance of defendant, made a month before scheduled trial date, for a continuance to permit new counsel, … 18 U.S.C.A. | Will the court abuse its discretion in denying motion for continuance to permit new counsel to conduct defense? | 03312.docx | LEGALEASE 00144185 - LEGALEASE 00144186 | Condensed, SA, Sub | 0.53 | | 1 | 1 | 1 | |
| 98 | Kenny v. Banks, 289 Conn. 529 | 30TH+554 | "[A] challenge to the jurisdiction of the court presents a question of law over which our review is plenary." Ryan v. Cerullo, 282 Conn. 109, 118, 918 A.2d 867 (2007). … | When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant. First, the court must decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. … principles of due process. 13 S.C.A. Const.Amend. 14. | When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine whether the court has jurisdiction over the defendant? | Pretrial Procedure - Memo # 656 - C - BP.docx | ROSS-003295884-ROSS-003295888 | Condensed, SA | 0.52 | | 1 | | 1 | |
| 99 | Long v. Elborno, 376 Ill. App. 3d 970 | 30TH+560 | In the present case, Long cites Segal v. Sacco, 136 Ill.2d 282, 144 Ill.Dec. 360, 555 N.E.2d 719 (1990) in support of his argument that it exercised reasonable diligence in effectuating service on Rush. … | A court must consider the following seven factors in determining whether to grant a motion to dismiss based on the plaintiff's alleged failure to exercise reasonable diligence in serving a summons and complaint: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; … 5/2-622(a)(1, 2). | Should court consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence? | 03821.docx | LEGALEASE 00143886-LEGALEASE 00143887 | Order, SA, Sub | 0.17 | 1 | | 1 | 1 | |

Appendix D

| | | | | | | | | | | | | | | Multiple Differences | 9,029 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Selection & Arrangement | 21,876 | |
| | | | | | | | | | | | | Substantive Additions | 14,873 | | |
| | | | | | | | | | | | Condensed | 15,944 | | | |
| | | | | | | | | | | Order | 839 | | | | |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 100 | Hair v. Morton, 36 So. 3d 766 | 3070+563 | "A trial court's power to dismiss a case based on fraud must be exercised cautiously and sparingly and then only on the most blatant showing of fraud, pretense, collusion or other similar wrongdoing." ... | The severe sanction of dismissal based on fraud appropriate only where it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | Is the severe sanction of dismissal based on fraud appropriate only when it is established by clear and convincing evidence that a party has sentiently set in motion some unconscionable scheme? | 035521.docx | LEGALEASE 00145780 LEGALEASE 00145781 | SA, Sub | 0.72 | 0 | | | 1 | |
| 101 | ARB Upstate Comm/tx LLC v. R.J. Reuter, 93 A.D.3d 929 | 3070+479 | "Courts considering a motion to dismiss a complaint for failure to state a cause of action must liberally construe the pleadings ..." | Courts considering a motion to dismiss a complaint for failure to state a cause of action must liberally construe the pleadings, accept the facts alleged in the complaint as true, and accord the plaintiff every possible favorable inference; and determine whether the alleged facts fit within any cognizable legal theory. | Should courts considering a motion to dismiss a complaint for failure to state a cause of action liberally construe the pleadings and accept the facts alleged in the complaint as true? | 037581.docx | LEGALEASE 00151807 LEGALEASE 00151808 | Condensed, SA, Sub | 0.59 | | 1 | | | |
| 102 | In re Duffus, 158 N.H. 784 | 3070+479 | "Usually, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in a petitioner's pleadings are sufficient to state a basis upon which relief may be granted ..." | In ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioner's pleadings are sufficient to state a basis upon which relief can be granted, and to make this determination, the court will normally accept all facts pled by the petitioner to be true and construe all reasonable inferences in the light most favorable to her. | In ruling upon a motion to dismiss, is the trial court required to determine whether the allegations contained in a petitioner's pleadings are sufficient to state a basis upon which relief can be granted? | 037996.docx | LEGALEASE 00152744 LEGALEASE 00152745 | SA, Sub | 0.66 | | | | 1 | |
| 103 | Meyer v. N. Shore Long Island Jewish Health Sys., 137 A.D.3d 880 | 3070+480 | "In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference ..." | "Where evidentiary material is submitted and considered on a motion to dismiss a complaint, and the motion is not converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7), (c)." | "Where evidentiary material is submitted and considered on a motion to dismiss a complaint and the motion is not converted into one for summary judgment, is the criterion whether the plaintiff has a cause of action?" | 024473.docx | LEGALEASE 00155960 LEGALEASE 00155961 | Condensed, SA, Sub | 0.51 | | 1 | | | |
| 104 | Cornelius v. Benfield, 168 So. 3d 1028 | 3074+00 | "Next, we must consider whether a sanction lesser than dismissal would have sufficed. Henson, 106 So.3d at 847. While "delay or contumacious conduct provokes a dismissal for a trial judge to prosecute, the trial judge should also consider whether a lesser sanction would serve the best interest of justice ..." | While delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss an action with prejudice for failure to prosecute, the trial judge should also consider whether a lesser sanction would serve the best interest of justice, such sanctions may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. (Per Carlton, J., with four judges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | While considering whether lesser sanctions would better serve the interest of justice for dismissal as a sanction for delay or contumacious conduct, do lesser sanctions include fines? | ROSS-003282156+ROSS-003282167 | Pretrial Procedures Memo # 10401 - C - SM_62416.docx | SA, Sub | 0.26 | | | | 1 | |

| ROW | Judicial Opinion | WRKS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |
| 105 | People v. Jackson, 178 Cal. 3.771+10 App. 4th 590 | 3.771+10 | It is important to remember that the crime of criminal threat, or giving a terrorist threat, punishes speech and, consequently, runs a crime resulting in death or great bodily injury with the further intent that the threat be taken as a threat, under circumstances sufficient to convey to the person threatened a gravity of purpose and an immediate prospect of execution... Word's Ann.Cal.Penal Code §§ 2.1a, 422. | In order to support a conviction for attempted criminal threat, the jury must find that the defendant specifically intended to threaten... Word's Ann.Cal.Penal Code §§ 2.1a, 422. | What must the jury find the defendant intended to do in order to support a conviction for attempted criminal threat? | 046803.docx | LEGALEASE_00156569 LEGALEASE_00156569 | SA, Sub | 0.72 | 0 | | | 1 | |
| 106 | House v. City of Vatula, 25 So. 3d 75 | 3.07A+92 | Before a trial court can dismiss a case with prejudice for disobedience of court orders it must consider (1) whether the attorney's disobedience was willful, deliberate, or contumacious... | Before a trial court can dismiss a case with prejudice for disobedience of court orders it must consider (1) whether the attorney's disobedience was willful, deliberate, or contumacious... | What are the factors to be considered before a trial court can dismiss a case with prejudice for disobedience of court orders? | 024991.docx | USGALEASE 00157154 USGALEASE 00157155 | SA, Sub | 0.3 | 0 | | 1 | 1 | |
| 107 | Delicath v. Becker, 698 A.2d 84 | 3.07A+99 | In order to prove entitlement to relief from a non prox judgment, the burden is upon the moving party to demonstrate that (1) is reasonable explanation or legitimate excuse exists for the default or delay, and that... | In order to prove entitlement to relief from non prox judgment, burden is upon moving party to demonstrate that (1) a reasonable explanation or legitimate excuse exists for the default or delay, and (2)... | In order to prove entitlement to relief from non prox judgment, what is the burden upon a moving party to demonstrate? Does a petition to open and/or strike judgment was promptly filed? | Pretrial Procedure Memo 11388 - C_AC_14797.docx | ROSS-002194501 | Condensed, SA | 0.37 | 0 | 1 | 0 | | |
| 108 | United States v. Coughlin, 610 F.3d 89 | 110H+130.1 | In addition to having served of a charge upon which a defendant was acquitted, 'Hager, 129 S.O. at 2367(4). "the Double Jeopardy Clause necessarily decided by a jury's acquittal in a prior trial..." | To decipher what issues the jury has necessarily decided on acquittal charges, we would bar relitigation of those issues under the Double Jeopardy Clause, courts should examine the taking into account the pleadings, evidence, charge, and other relevant matter... U.S.C.A. Const.Amend. 5. | To decipher what issues the jury has necessarily decided on acquittal charges, as would bar relitigation of those issues under the Double Jeopardy Clause, how should courts examine the attempted criminal threat? | Double Jeopardy - Memo 782 - C - TJ.docx | USGALEASE_00055365 USGALEASE_00055366 | SA, Sub | 0.33 | 0 | | 0 | 1 | |
| 109 | United States v. Rich, 589 F.3d 1025 | 110H+99 | The foregoing detailed review discloses, in summary, that jeopardy attaches to a criminal trial when the jury is empaneled and sworn and that the Double Jeopardy Clause prevents a subsequent prosecution of a defendant whose previous trial has ended with discharge of the jury before it has... | Jeopardy attaches in criminal trial when jury is impaneled and sworn, and double jeopardy clause prevents subsequent prosecution of defendant whose previous trial has ended with discharge of jury before it has rendered a verdict, unless the defendant consents to trial court's order discharging jury upon either Government's or court's declaration of first jury appear by express declaration of the terminology of the order... part 1 U.S.C.A Const.Amend. 5. | Will the answer is question whether a discharge of a first jury prevents trial of a defendant before a second jury on grounds of double jeopardy be found only on rare occasions? | 015837.docx | USGALEASE_00166615 USGALEASE_00166622 | Condensed, SA | 0.06 | 0 | 1 | 0 | 1 | |

Appendix D

23

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 110 | Alvis v. CIT Grp./Equip. Fin., 918 So. 2d 1177 | 366+33(1) | "Subrogation is the substitution of one person to the rights of another." La.Civ.Code art. 1825. It "is the legal fiction established by law whereby an obligation, extinguished with regard to the original creditor by payment which he has received from a third person, or from the original debtor but with funds that a third person has provided, is regarded as substituting in favor of this third person who in essence steps into the shoes of the original debtor and is entitled to assert, in the measure of what he has paid, the rights and actions of the former creditor." A. Copeland Enters., Inc. v. Slidell Mem'l Hosp., 94"2011, p. 5 (La.6/30/95), 657 So.2d 1292, 1296. Conventional subrogation occurs when an obligee, who receives performance from a third person, subrogates that person to his rights, even without the obligor's consent. La.Civ.Code art. 1827. Regarding this latter article, Revision Comment (a) points out that there is no distinction between conventional subrogation by the obligee and an assignment of rights. | "Subrogation" is the legal fiction established by law whereby an obligation, extinguished with regard to the original creditor by payment which he has received from a third person, or from the original debtor but with funds that a third person has provided, is regarded as substituting in favor of this third person who in essence steps into the shoes of the original debtor and is entitled to assert, in the measure of what he has paid, the rights and actions of the former creditor. LSA-C.C. art. 1825. | Is subrogation the legal fiction established by law whereby an obligation extinguished with regard to the original creditor by payment which he has received from a third person is regarded as substituting in favor of the third person? | Subrogation - Memo 550 - MS C.docx | ROSS-003325066-ROSS-003325067 | Condensed, SA | 0.51 | 0 | 1 | 0 | 1 | |
| 111 | Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | For that reason, the Embassy's statements on domestic matters, foreign relations, terrorism, national security, and similar subjects of traditional sovereign and diplomatic communication"the very communications the amended complaint puts into issue here"must be treated as the voice of the Kazakhstan government itself articulating its views as officially formulated and dictated from within its own territory. Whatever Mirtchev's role in their provenance, once the statements appeared on the official Embassy website with the active approval and support of the Ambassador, they became the official speech of the Kazakh government sitting in Astana, Kazakhstan. And that decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of "distinctly sovereign" act and "formal governmental action" concerning internal affairs that triggers the Act of State doctrine's and international comity's traditional concerns. McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073"1074 (D.C.Cir.2012); see also Riggs Nat'l Corp. v. Commissioner of Internal Revenue Service, 163 F.3d 1363, 1366"1368 (D.C.Cir.1999) (applying Act of State doctrine to an order by a foreign finance minister). | A decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns. | Is a decision by a foreign government to engage in official speech about its own nationals' domestic activities the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns? | 019938.docx | LEGALEASE-00123613-LEGALEASE-00123614 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 112 | Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | "As our Supreme Court has explained, [t]he right of [equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect.. The object of [equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it.. As now applied, the doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." (Internal quotation marks omitted.) Warning Lights & Scaffold Service, Inc. v. O & G Industries, Inc., 102 Conn.App. 267, 272, 925 A.2d 359 (2007). Equitable subrogation "derives from the equitable principle against unjust enrichment." (Internal quotation marks omitted.) Id., at 276, 925 A.2d 359. "A claimant who has established an entitlement to restitution by proving the unjust enrichment of the defendant at the claimant's expense is ordinarily entitled to a personal money judgment against the defendant for the amount of the enrichment in money." Restatement (Third), Restitution and Unjust Enrichment, ch. 7, introductory note, p. 117 (Tentative Draft No. 5, March 12, 2007). | The doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | "Is the doctrine of equitable subrogation broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo 387 - RM C.docx | ROSS-003283860-ROSS-003283862 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 113 | Cottman Transmission Sys. v. Kershner, 536 F. Supp. 2d 543 | 25T+182(2) | "[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation." Id. at 222.To make this determination, courts consider a list of factors, including: 1) "the timeliness or lack thereof of a motion to arbitrate"; 2) "the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims"; 3) "whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings"; 4) "the extent of its non-merits motion practice"; 5) "its assent to the [trial] court's pretrial orders"; and 6) "the extent to which both parties have engaged in discovery.". | Prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation; to make this determination, courts consider factors, including: (1) timeliness or lack thereof of a motion to arbitrate, (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings, (4) the extent of its non-merits motion practice, (5) its assent to the trial court's pretrial orders, and (6) the extent to which both parties have engaged in discovery. | What are the factors considered by the Court to determine whether waiver has occurred? | Alternative Dispute Resolution - Memo 14 - JS.docx | LEGALEASE-00000684-LEGALEASE-00000686 | Condensed, SA | 0.05 | 0 | 1 | 0 | 1 | |
| 114 | In re Grand Jury Subpoena dated Aug. 9, 2000, 218 F. Supp. 2d 544 | 221+342 | Under the doctrine, "the assessment of the validity of a foreign law is limited to its application within the sovereign's territory," Attorney Gen. of Canada v. R.J. Reynolds Tobacco Holdings, Inc., 268 F.3d 103, 126 (2d Cir.2001), and where the relief sought or the defense interposed would require a federal court to declare invalid the foreign government's official act. W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816. The foreign government need not be party to the action; the doctrine may apply if the validity of acts of a foreign sovereign will be passed on by the court. Hunt v. Mobil Oil Corp., 550 F.2d 68, 75"78 (2d Cir.1977). | Under act of state doctrine, assessment of the validity of a foreign law is limited to its application within the sovereign's territory, and where the relief sought or the defense interposed would require a federal court to declare invalid the foreign government's official act; foreign government need not be party to the action, and the doctrine may apply if the validity of acts of a foreign sovereign will be passed on by the court. | "Under the act of state doctrine, is the assessment of the validity of a foreign law limited to its application within the sovereign's territory, and where the relief sought or the defense interposed would require a federal court to declare invalid the foreign government's official act?" | International Law - Memo # 268 - C - ANC.docx | ROSS-003285991-ROSS-003285992 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 155 | State v. Jack, 125 P.3d 311, 221+136 | | Under the "right of innocent passage doctrine," a coastal nation is not authorized to assert jurisdiction over a foreign vessel or the crimes committed on it when they are in foreign territorial water, if the local sovereign has not asserted jurisdiction over the matter. | | "Under the 'right of innocent passage doctrine,' is a coastal nation authorized to assert jurisdiction over a foreign vessel or consequences of the crimes committed in the peace of the country or the good order of the territorial sea?" | 020038.docx | LEGALEASE-00235563-LEGALEASE-00235564 | Condensed, SA | 0.77 | 0 | 1 | | 1 | |
| 156 | Baldwin Cty. Elec. Membership Corp. v. City of Fairhope, 999 So. 2d 448 | 302+4.3 | A reaction is three seeking to exclude evidence, which is denied by the trial court, is, unless the court clearly indicates by the legal equivalent of an announcement to the court that it reserves the right to rule on the subject evidence when it is offered and is not a final ruling made in a partial context. | | "Is a reaction in three seeking to exclude evidence, which is denied by the trial court, unless the court clearly indicates to the contrary, the legal equivalent of an announcement by the court that it reserves the right to rule on the subject evidence when it is offered and is not a final ruling made in a partial context?" | Pretrial Procedure - Memo #305 - C - CRB.docx | ROSS-003283761-ROSS-003283763 | Condensed, SA | 0.71 | 0 | 1 | | 1 | |
| 157 | Euroatlas Seychelles v. United States, 132 Fed. Cl. 49 | 393+1031 | When deciding whether to allow the participation of an amicus curiae, the Court of Federal Claims may consider a number of factors, including: (1) whether the court is persuaded that participation by the amicus will be useful to it, or otherwise desirable; (2) whether the movant's participation of an amicus curiae would be useful to or otherwise desirable to the court; (3) whether the amicus' interest in the particular case is not adequately represented by one of the parties. | | "What discretion and authority is available to the Courts of Federal Claims in allowing participation by amici curiae?" | Amicus Curiae - Memo# ROSS-003283470-ROSS-003283471-15.docx | ROSS-003283470-ROSS-003283471 | Condensed, SA, Sub | 0.53 | 0 | 1 | | 1 | |
| 158 | Phoenix v. U.S. Liab. Ins., 727+1508 | | Although Glatzer, Glatzer & Evans were technically representing Kelley, the insurance company was actually represented by attorneys whose sympathetic juries, but once judgment has been rendered, and suit is subsequently brought against the insurance company, the reason for the essential elements of the pending cause of action (see Olbrich v. Aetna Ins. Co., and suit continue upon the insurer only to protect the insurance company's interest in the subrogation litigation. | | "Is the fiction that the law maintains, i.e., that the insured is the nominal plaintiff in underlying negligence action, only to protect the insurance company's interest in an action, sympathetic juries?" | 031683.docx | LEGALEASE-00235236-LEGALEASE-00235237 | Condensed, SA, Sub | 0.77 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,073 |
| 119 | Ayr May Barnes v. Chitwood, 242 Ind. 86 | 30704-749.1 | Whether the "issues" to be tried in any tort suit are formed by the pleadings or by the evidence, the "issues" being matters to provide the route or, if deviation is permitted, the time necessary to prepare to meet the evidence. But the fundamental and whether the trial court stands upon the evidence in the case at hand, the evidence then contests. Neither pleadings, pre-trial orders, or "theories" postulated by either party should then operate to frustrate the trier of fact in finding the facts which that evidence (including all reasonable inferences the trier may draw therefrom) convinces him (whether he be judge or jury) by a preponderance thereof, in true or block him from awarding the relief, if any, which the rule of substantive law permits. (Emphasis added.) 269 N.E.2d 369 | Neither pleadings, pretrial orders, nor theories postulated by either party operate to frustrate trier of fact in finding facts that a preponderance of the evidence permits. | "Do pleadings, pre trial orders, or theories postulated by either party operate to frustrate trier of fact in finding facts that a preponderance of the evidence permits?" | 028115.docx | USA/USX 00131542 USA/USX 00131543 | Condensed, SA, Sub 0.57 | 0.57 | 0 | | | 1 | |
| 120 | Hysong v. Lewicki, 811 A.2d 48 | 30704-486 | In Zeigler, in view of the modification of Rule 4018 to conform to Fed.R.Civ.P. 36, the court held that withdrawal of admissions should be granted when upholding them would practically eliminate any presentation of the merits, and where any amendment or prejudice, injustice or the party who obtained the admissions failed to prove that the withdrawal would result in prejudice, meaning that the party would be less able to obtain evidence to prove the matters admitted. Rule 36(b), 42 Pa.C.S.A. Provided no evidence of a court on motion may permit withdrawal or amendment of admission where presentation of merits is subserved, and the party who obtained admission fails to subserve, and permits withdrawal where it promotes decision on merits, and permits withdrawal on merits while not prejudicing the party who obtained admission. Rules Civ.Proc., Rule 4018, 42 Pa.C.S.A. | Provided no evidence of a court on motion may permit withdrawal or amendment of admission where presentation of merits is subserved, and party who obtained admission fails to subserve, and permits withdrawal where it suffer prejudice, emphasize importance of resolving action on merits? | "Will a provision providing that a court on motion to permit withdrawal or amendment of admission where presentation of merits is subserved, and party who obtained admission fails to subserve, and permits withdrawal where it suffer prejudice, emphasize importance of resolving action on merits?" | Pretrial Procedure Memo #2 R055 - C N5.docx | R055-00029012 R055-00029022 | Order, SA 0.57 | 0.57 | | | | 1 | |
| 121 | Lucas v. Neidlinger, 210 Ga. 557 | 30704-24 | While "A petition for discovery merely shall not be sustained unless some reason shall be shown why the usual proceeding at law is inadequate", Code, § 37-3002, and "For equity to take jurisdiction upon the ground of discovery, it must appear that the discovery is necessary, not merely that it is desirable or may be useful or may not to defendant petitioner can most satisfactorily prove his case with than without it." Georgia Power Co. v. Owens, 207 Ga. 178, 181, 60 S.E.2d 316; yet the information necessary to bring his suit against the proper parties, or parts to recover damages he is required to discover matters relating to his own and not the plaintiff's cause where the plaintiff is unable to ascertain or prove his facts and information are necessary complete and inaccessible to petitioner, and that petitioner has the right to bring his suit against the proper parties, such suit to be brought upon securing the information herein requested, petition stated cause of action for want of error to overrule the general demurrer. Where petitioner alleged that information and facts sought were necessary, beneficial and material in his suit for damages to be brought against defendants, and were peculiarly within the knowledge of the defendants, and unknown to petitioner, and further that the petitioner had no adequate and complete remedy at law, and that discovery was necessary in order to bring his suit against proper parties, such suit to be brought upon securing information requested, petition stated cause of action for want of discovery. | Where petitioner alleged that information and facts sought were necessary, beneficial and material in his suit for damages to be brought against defendants, and were peculiarly within the knowledge of the defendants, and unknown to petitioner, and that the petitioner had no adequate and complete remedy at law, and that discovery was necessary in order to bring his suit against proper parties, such suit to be brought upon securing information requested, petition stated cause of action for want of discovery. | "Is the discovery granted upon the principle that the party cannot prove the thing sought to be discovered without resort to the conscience of the other party?" | 020924.docx | USA/USX 00136942 USA/USX 00136944 | Condensed, SA 0.73 | 0.73 | | 1 | | | |
| 122 | Nagy v. Ford Motor Co., 6 N.J. 341 | 4134+1115 | Compensation Act provides social insurance in the common interest as well as in the interest of injured workman, and indemnity for risks of service on a defendant, including: (1) the plaintiff's activities during the time the plaintiff was working at the time of the operation, and parties themselves are not free to bargain for surrender of a right of compensation under the statute. The compensation act provides social insurance in the common interest as well as in the interest of the injured workman, and indemnity for risks of service, even without fault, made to operate, and eventually upon the consumer, and parties themselves are not free to bargain for surrender of a right of compensation under the statute. And cannot contract out of the statute after the occurrence of a compensable accident P.L.1940, c.74, S 9, R.S.34:15-2, 34:15-8. | Compensation Act provides social insurance in the common interest as well as in the interest of injured workman, and indemnity for risks of service, even without fault, is made to fall upon industry as an incident of the operation, and eventually upon the consumer, and parties themselves are not free to bargain for surrender of a right of compensation under the statute, and cannot contract out of the statute after the occurrence of a compensable accident P.L.1940, c. 74, S 9, R.S. 34:15-2, 34:15-8. | "Does the compensation act provide social insurance in the common interest as well as the interest of the injured workman, even without fault, is made to fall upon industry as an incident of the operation, and eventually fall upon the consumer?" | 047929.docx | USA/USX 00137256 USA/USX 00137257 | Condensed, SA 0.56 | 0.56 | | | 1 | | |
| 123 | Carman-Crothers v. Bronski, 2014 IL App [1st] 130288 | 30704-560 | The trial court may consider several factors when evaluating a motion to dismiss based on Rule 103(b), including: (1) the length of time the plaintiff used to obtain service of process; (2) the plaintiff's activities during that time; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the plaintiff could have ascertained the defendant's whereabouts; (5) whether the defendant had actual knowledge of the pending action; (6) any special circumstances that affected the plaintiff's efforts; and (7) whether the defendant was actually served. Segal v. Sacco, 136 Ill.2d at 287; 144 Ill.Dec. 361, 555 N.E.2d 719. | The trial court may consider several factors when evaluating a motion to dismiss for failure to exercise reasonable diligence in effecting the service of process, including: (1) the length of time used to obtain service on a defendant, including: (2) the plaintiff's activities; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the plaintiff could have ascertained the defendant's whereabouts; (5) the defendant's actual knowledge of the pending action; (6) any special circumstances that affected the plaintiff's efforts; and (7) whether the defendant was actually served. Segal v. Sacco, Rule 103(b). | "In making a decision on motion to dismiss for failure to exercise reasonable diligence in effecting the service of process, should the trial court consider certain factors?" | 033683.docx | USA/USX 00143037 USA/USX 00143038 | SA, Sub 0.05 | 0.05 | | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 124 | Silverberg v. Yass, 2015 IL App (1st) 141331 | 30*34-560 | The trial court's determination of a plaintiff's lack of diligence in an objective sense ("that intensive inquiry results in bad faith, but rather lack of diligence in service of process) is a fact-intensive inquiry evaluated under the following nonexclusive factors ... | The relevant factors to consider when determining whether to grant a motion to dismiss based on plaintiff's lack of reasonable diligence in serving a defendant, include, but are not limited to: (1) the length of time used to obtain service of process, (2) the activities of plaintiff, (3) plaintiff's knowledge of defendant's location, (4) the ease with which defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service, (6) special circumstances which would affect plaintiff's efforts, and (7) actual service on defendant. Segal, 136 Ill.2d at 287, 144 Ill.Dec. 360, 555 N.E.2d 719. | "In ruling on a motion to dismiss for lack of diligence in service of process, is a court to consider the following nonexclusive factors?" | 033623.docx | LEGALEASE 0034883; LEGALEASE 0034883 | SA, Sub | 0.68 | | | | 1 | |
| 125 | United States v. Biaggi, 909 F.2d 662 | 164H+24(6) | For example, if a Congressman demands a payment for taking official action as to a matter that requires some legal services, he does not ... | If United States congressman demands payment for taking official action as to matter that requires some legal services, he does not demand extortion if the matters is for services he can have hire for needed services and to plan to pay for both from legal services and his own official actions; in such cases, however, evidence must suffice to permit jury to find beyond reasonable doubt that unlawful payment was made at least some possibilities that might attend otherwise legitimate transaction. 18 U.S.C.A. § 1951. | "Is it possible that a payment to a law firm becomes unlawful under bribery statutes?" | 011770.docx | LEGALEASE 0018634; LEGALEASE 0018635 | SA, Sub | 0.47 | | | | 1 | |
| 126 | Putnam's, State, 245 Ga. App. 95 | 133H+95.1 | Although the trial judge should explain on the record that he or she considered and rejected alternative remedies to mistrial, the fact that the court failed to articulate these reasons does not automatically require reversal ... | Although the trial judge should explain on the record that he or she considered and rejected alternative remedies to mistrial, the fact that the court failed to articulate these reasons does not automatically require reversal; determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy. O.C.G.A. § 16-1-8(a)(2). | "Although the trial judge should explain on the record that he or she considered and rejected alternative remedies to mistrial, the fact that the court failed to articulate these reasons does not automatically require reversal; determination so unwarranted as to preclude the defendant's retrial on grounds of former jeopardy?" | Double Jeopardy - Memo 398 - C_W_65086.docx | ROSS-003279842-ROSS-003279843 | SA, Sub | 0.71 | | | | 1 | |
| 127 | Irra Trust, 462 B.R. 268 | 366+1 | The traditional doctrine of equitable subrogation ... | Traditional doctrine of "equitable subrogation" enables one who pays, under protest or by compulsion, an obligation for which another is primarily liable, to be given by equity the protection of any lien, interest, or security for payment of debt that exists in favor of such security against the principal debtor or collect obligation from him. | "Does equitable subrogation traditionally enable one who pays, under protest or by compulsion, an obligation for which another is primarily liable, to be given by equity the protection of any lien, interest, or security for payment of debt that exists in favor of such security against the principal debtor or collect obligation from him?" | Subrogation - Memo 385 - RM C.docx | ROSS-003313040-ROSS-003313041 | Condensed, SA | 0.8 | | 0 | 0 | 0 | |

27

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 128 | In re Shavers, 418 B.R. 589 | 366+1 | A more difficult issue arises in determining when to apply the equitable subrogation doctrine. In Mississippi, this doctrine applies, in general, "wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable.." Prestridge v. Lazar, 132 Miss. 168, 95 So. 837, 838 (1923). The object of equitable subrogation "is the doing of complete, essential, and perfect justice between all parties." Lyon v. Colonial United States Mortgage Co., 129 Miss. 54, 91 So. 708, 709 (1922).Beyond these basic principles of equitable subrogation law, there is disagreement among the Four Claimants as to the extent, if any, that Long Beach's knowledge of the intervening lien and Long Beach's negligence have on Chase's entitlement to relief. Also, the Four Claimants disagree as to whether and to what extent harm or prejudice to the Judgment Creditors will bar subrogation. Resolution of these issues requires a closer examination of the few cases in Mississippi that have applied this doctrine. | In Mississippi, the doctrine of equitable subrogation applies, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable. | "Does the doctrine of equitable subrogation apply, in general, wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable?" | Subrogation - Memo 346 - VP.docx | ROSS-003324195-ROSS-003324197 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 129 | Breimhorst v. Beckman, 227 Minn. 409 | 92+2625(1) | In the exercise of the police power, the vesting by the legislature in the industrial commission of quasi-judicial powers"inclusive of the power to determine facts and apply the law thereto in employment-accident controversies"is not in violation of state constitutional provisions for the division of the powers of government or for the vesting of the judicial power in the courts, as long as the commission's awards and determinations are not only subject to review by certiorari, but lack judicial finality in not being enforceable by execution or other process in the absence of a binding judgment entered thereon by a duly established court. | In the exercise of police power, the vesting by the legislature in the industrial commission of quasi-judicial powers inclusive of power to determine facts and apply the law thereto in employment-accident controversies is not in violation of state constitutional provisions for the division of the powers of government or for the vesting of judicial power in the courts as long as the commission's awards and determinations are not only subject to review by certiorari but lack judicial finality in not being enforceable by execution or other process in the absence of a binding judgment entered thereon by duly established court. M.S.A.Const. art. 1, SS 2, 8; art. 3, S 1; art. 6, S 1. | Is vesting of quasi-judicial powers in an administrative agency constitutional when its decisions are subject to judicial review? | 000339.docx | LEGALEASE-00117691-LEGALEASE-00117692 | Condensed, SA, Sub | 0.06 | 0 | 1 | 1 | 1 | 1 |
| 130 | Schwartz v. Hasty, 175 S.W.3d 621 | 366+1 | While the double recovery aspect of the collateral source rule and subrogation may appear at first to clash, the two doctrines are compatible. The collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured party from collateral sources, while preventing double recovery by the injured party where the party providing the collateral source benefits seeks reimbursement through subrogation. See Koffman v. Leichtfuss, 246 Wis.2d 31, 630 N.W.2d 201, 211 (2001). In effect, the collateral source rule addresses the relationship between the injured party and the tortfeasor, and subrogation focuses more on the relationship between the injured party/insured and the insurer, with the subrogee obtaining the rights of the injured party against the tortfeasor to the extent of its payments. | Collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured party from collateral sources, while preventing double recovery by the injured party where the party providing the collateral source benefits seeks reimbursement through subrogation. | Does the collateral source rule and the principles of subrogation work in tandem by ensuring that the tortfeasor bears the ultimate responsibility for payment of damages without diminishment for benefits received by the injured party from collateral sources? | 043898.docx | LEGALEASE-00121078-LEGALEASE-00121079 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 131 | Orem v. Wrightson, 51 Md. 34 | 366+1 | The doctrine of subrogation, or substitution as it is also termed, is a peculiar feature of equity. It is not founded in contract, but has its origin in a sense of natural justice. So soon as a surety pays the debt of the principal debtor, equity subrogates him to the place of the creditor, and gives him every right, lien, and security, to which the creditor could have resorted for the payment of his debt. As said in the annotation to the case of Dering vs. Earl of Winchelsea, 1 Leading Cases in Eq., 60 (m,) "Payment by one who stands in the relation of a surety, although it may extinguish the remedy or discharge the security, as respects the creditor, has not that effect as between the principal debtor and the surety. | The doctrine of subrogation, or substitution, is a peculiar feature of equity. It is not founded in contract, but has its origin in a sense of natural justice. So soon as a surety pays the debt of the principal debtor, equity subrogates him to the place of the creditor, and gives him every right, lien and security to which the creditor could have resorted for the payment of his debt. | "As soon as surety pays the debt of principal debtor, does equity subrogate him to place of creditor that is paid and give him every right, lien and, security to which creditor could have resorted for payment of debt?" | 043957.docx | LEGALEASE-00121185-LEGALEASE-00121186 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | |
| 132 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | UPGC contends that the Act of State Doctrine warrants dismissal because a foreign sovereign granted UPGC authority to engage in the acts deemed unlawful by Plaintiffs. The Act of State Doctrine bars judicial review of a claim if "(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act." Credit Suisse, 130 F.3d at 1346 (internal brackets and citation omitted). The burden of proving acts of state lies with the party asserting the applicability of the doctrine. Liu v. Republic of China, 892 F.2d 1419, 1432 (9th Cir.1989). | The act of state doctrine bars judicial review of claim if (1) there is official act of foreign sovereign performed within its own territory and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | "Does the act of state doctrine bar judicial review of claim if there is an official act of a foreign sovereign performed within its own territory, and relief is sought or a defense interposed that require a court in United States to declare invalid the foreign sovereign's official act?" | International Law - Memo # 92 - C - LK.docx | ROSS-003286110-ROSS-003286111 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 133 | Gov't of Dominican Republic v. AES Corp., 466 F. Supp. 2d 680 | 221+342 | Even if the above elements were not met, the Court could still apply the act of state doctrine; the "doctrine does not take the form of an absolute or inflexible rule, but rather requires a careful case-by-case analysis to determine if, in a particular situation, the conduct of foreign affairs by the executive branch is likely to be vexed or hindered by judicial review of the acts of a foreign government.' " Id. at 171 n. 5 (citations omitted). As the Supreme Court noted in Sabbatino, "some aspects of international law touch much more sharply on national nerves than do others; the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches." 376 U.S. at 428, 84 S.Ct. 923. | Act of state doctrine does not take the form of an absolute or inflexible rule, but rather requires a careful case-by-case analysis to determine if, in a particular situation, the conduct of foreign affairs by the executive branch is likely to be vexed or hindered by judicial review of the acts of a foreign government. | Does the act of state doctrine require a careful case-by-case analysis to determine if the conduct of foreign affairs by the executive branch is likely to be vexed or hindered by judicial review of the acts of a foreign government? | International Law - Memo # 96 - C - LK.docx | ROSS-003286173-ROSS-003286174 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 134 | Mayekawa Mfg. Co. v. Sasaki, 76 Wash. App. 791 | 221+351 | A generally recognized rule of international comity states that an American court will only recognize a final and valid judgment. Pilkington Bros. P.L.C. v. AFG Indus., Inc., 581 F.Supp. 1039, 1045 (D.Del.1984). However, "[m]odifiable foreign orders can be granted extraterritorial effect even though they might not be "final" for purposes of res judicata." Pilkington, 581 F.Supp. at 1045. | A generally recognized rule of international comity states that an American court will only recognize a final and valid judgment; however, modifiable foreign orders can be granted extraterritorial effect even though they might not be final for purposes of res judicata. | "Does a generally recognized rule of international comity state that an American court will only recognize a final and valid judgement however, modifiable foreign orders can be granted extraterritorial effect even though they might not be final for purposes of res judicata?" | International Law - Memo # 402 - C - MLS.docx | ROSS-003312371-ROSS-003312372 | Condensed, SA | 0.31 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 135 | In re Bruetman, 259 B.R. 649 | 106+512 | The Supreme Court opinion in Hilton v. Guyot provides the guiding principles. Comity is defined as "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws." Hilton v. Guyot, 159 U.S. 113, 163"64, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895). Comity "is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other." Id. | "Comity" is defined as recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to rights of its own citizens, or of other persons who are under protection of its laws. | "Is comity defined as recognition which one nation allows within its territory to legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to rights of its own citizens, or of other persons who are under protection of its laws?" | 020548.docx | LEGALEASE-00125282-LEGALEASE-00125283 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 136 | Trugman-Nash v. New Zealand Dairy Bd., 942 F. Supp. 905 | 221+342 | The act of state doctrine has no application to this case. Notwithstanding defendants' characterization of the action in their briefs, plaintiffs are not challenging the validity of the New Zealand Dairy Board Act. Rather, plaintiffs challenge the particular conduct indulged in by the defendants pursuant to powers conferred by that statute. It is a necessary factual predicate for application of the act of state doctrine that "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., International, 493 U.S. 400, 405, 110 S.Ct. 701, 704, 107 L.Ed.2d 816 (1990). I need not declare the Dairy Board Act invalid in order to conclude that the defendants' conduct thereunder violated the Sherman Act. The case at bar may be contrasted with Hunt v. Mobil Oil Corp., 550 F.2d 68 (2d Cir.1977), in which an independent American oil producer holding a Libyan oil concession asserted an antitrust claim against major American oil companies for conspiring successfully to obtain a Libyan government decree nationalizing plaintiff's Libyan interests. Although plaintiff did not name the Libyan government as a party defendant, the Second Circuit observed that "its claim is admittedly not viable unless the judicial branch examines the motivation of the Libyan action and that inevitably involves its validity." 550 F.2d at 77. In that circumstance, the act of state doctrine was applied to bar the antitrust claim. The case at bar does not involve the motivation of a foreign state's nationalization of property within its territory. The New Zealand Parliament's motivation in enacting the Dairy Board Act is manifest, and plaintiffs do not challenge the validity of New Zealand's conduct in enacting it. | It is necessary factual predicate for application of act of state doctrine that relief sought or defense interposed would have required court in United States to declare invalid official act of foreign sovereign performed within its own territory. | Is it a necessary factual predicate for the application of an act of state doctrine that relief sought or defense interposed would have required court in United States to declare invalid official act of foreign sovereign performed within its own territory? | International Law - Memo 592 - TH.docx | ROSS-003325946-ROSS-003325947 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 137 | Mission Mun. Hosp. v. Bryant, 563 S.W.2d 293 | 307A+742.1 | The purpose of a pre-trial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action. The trial court may, in a pre-trial conference, among other things, consider all dilatory pleas and all motions and exceptions relating to a suit pending; the necessity or desirability of amendments to the pleadings; the possibility of obtaining admissions of fact and ofdocuments which will avoid unnecessary proof; and such other matters as may aid in the disposition of the action. "The court shall make an order which recites the action taken at the pre-trial conference, the amendments allowed to the pleadings, the time within which same may be filed, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice". Rule 166, T.R.C.P. Such an order was not made in the instant case. | The purpose of a pretrial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action; in a pretrial conference, the trial court may consider all dilatory pleas and all motions and exceptions relating to a suit pending, the necessity or desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof and such other matters as may aid in disposition of the action. Rules of Civil Procedure, rule 166. | "When can a Trial court in a pretrial conference among other things, consider all dilatory pleas and all motions and exceptions relating to a suit pending?" | Pretrial Procedure - Memo # 1495 - C - NC.docx | ROSS-003287610-ROSS-003287611 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |
| 138 | Polansky v. Berenji, 393 S.W.3d 362 | 307A+517.1 | Under Texas Rule of Civil Procedure 162, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." The granting of a nonsuit is merely a ministerial act, and the trial court generally has no discretion to refuse to dismiss the suit. University of Tex. Med. Branch at Galveston v. Estate of Darla Blackmon ex rel. Shultz, 195 S.W.3d 98, 100 (Tex.2006) (per curiam). A nonsuit is effective when it is filed; it "extinguishes a case or controversy from "the moment the motion is filed" or an oral motion is made in open court." Id. "It renders the merits of the nonsuited case moot." Travelers Ins. v. Joachim, 315 S.W.3d 860, 862 (Tex.2010). Although rule 162 allows the trial court to hold hearings and enter orders affecting costs, attorneys' fees, and sanctions after a nonsuit is filed, the rule "does not forestall the nonsuit's effect of rendering the merits of the case moot." University of Tex. Med. Branch, 195 S.W.3d at 101. | Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, the rule does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, does the rule forestall the nonsuit's effect of rendering the merits of the case moot?" | Pretrial Procedure - Memo # 2278 - C - SHB.docx | ROSS-003301642-ROSS-003301643 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 139 | Angerame v. Nissenbaum, 208 A.D.2d 579 | 307A+517.1 | While it is true that a plaintiff should be permitted to discontinue an action without prejudice in order to rectify a tactical error, simplify the form of the action, or avoid juror confusion, generally leave to discontinue an action without prejudice should not be granted to enable a plaintiff to circumvent the effect of a court order in the defendant's favor, since prejudice would inure to the defendant (see, Brenhouse v. Anthony Industries Inc., 156 A.D.2d 411, 548 N.Y.S.2d 533; Valladares v. Valladares, 80 A.D.2d 244, 438 N.Y.S.2d 810). Since the granting of the plaintiffs' cross motion essentially enabled them to circumvent the previously-issued order precluding them from offering evidence as to the nature of their claim of malpractice, it was improper for the court to grant the cross motion in this case | While it is true that plaintiff should be permitted to discontinue action without prejudice in order to rectify tactical error, simplify form of action, or avoid juror confusion, leave to discontinue action without prejudice generally should not be granted to enable plaintiff to circumvent effect of court order in defendant's favor, since prejudice would inure to defendant. | "Should leave to discontinue an action without prejudice generally not be granted to enable a plaintiff to circumvent an effect of a court order in a defendant's favor, since prejudice would inure to a defendant?" | 028481.docx | LEGALEASE-00132298-LEGALEASE-00132299 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 140 | Coburn v. Dankworth, 257 Pa. Super. 434 | 307A+723.1 | It is true that the attorney in Regalski so far as the reported opinion reveals had the seventh case pending went to advance of the one placed on the case at which he was absent, whereas here counsel accepted the criminal case on Friday, only three days before the scheduling of the trial term during which the civil case was to be called. Thus counsel here was (assuming it justly be, however, when a lower court believes that an attorney's scheduling conflict is so inexcusable that the attorney's client must suffer a compulsory removal, the court should ensure that all relevant factors are explored on the record, and that the record supports a finding that the attorney had no reasonable explanation. Here there was ample record... | Where a lower court believes that counsel's scheduling conflict is so inexcusable that the client must suffer compulsory removal when relevant factors are explored, should the court accept the record as supporting a finding that the attorney had no reasonable explanation. | Where a lower court believes that counsel's scheduling conflict is so inexcusable that the client must suffer compulsory removal when relevant factors are explored, should the court accept the record as supporting a finding that the attorney had no reasonable explanation? | Pretrial Procedure - Memo #4155 - C - E5.docx | ROSS-003328449 ROSS-003328450 | SA, Sub | 0.55 | 0 | | 1 | 1 | |
| 141 | Bostic v. Green, 99 Ohio App. 3d 123 | 307A+711 | As used in determining whether a trial court has abused its discretion in refusing to grant a continuance, the Ohio Supreme Court has set forth a test that balances the trial court's interest in controlling its own docket, which includes the obligation to facilitate the prompt and efficient dispatch of justice, against a potential prejudice to the moving party. Solomon v. Solomon (1985), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 421 N.E.2d 1293, 1295. When the court... In determining whether to grant a continuance, the court should consider the following factors that may be considered include length of requested delay, whether other continuances have been requested and received, inconvenience to litigants, witnesses, opposing counsel and the court, whether the requested delay is for legitimate reasons or is dilatory, purposeful or contrived, whether the moving party contributed to the circumstance which gives rise to the request for a continuance, and other relevant factors, depending on the unique facts of case. | Under Supreme Court's Unger test, objective factors that may be considered by trial court in assessing propriety of motion for continuance include length of requested delay, whether other continuances have been requested and received, inconvenience to litigants, witnesses, opposing counsel and the court, whether the requested delay is for legitimate reasons or is dilatory, purposeful or contrived, whether the moving party contributed to the circumstance which gives rise to the request for a continuance, and other relevant factors, depending on unique facts of case. | What are the objective factors which may be considered by the trial judge in determining a motion for a continuance? | 031386.docx | LEGALEASE-00137786-LEGALEASE-00137787 | Condensed, SA, Sub | 0.51 | 0 | 1 | 1 | 1 | |
| 142 | Weaver v. Giffels, 317 Mich. App. 671 | 76E+393 | In doing so, the trial court should consider, when relevant, the factors historically considered in determining where an individual resides for his or her domicile (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household" (2) the formality or informality of the relationship between the person and the members of the household (3) whether the place of abode is one... In determining whether a child who has reached the age of majority but who is still attending high school resides with his parent... support based on child's intent to make recipient's home her permanent residence, providing basis for child support to continue, trial court should consider, when relevant, the factors historically considered in determining where an individual resides for his or her domicile (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household" (2) the formality or informality of the relationship between the person and the members of the household (3) whether the place where the person lives is in the same house within the same cottage or upon the same premises (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. | In determining whether a child reaches the age of majority but who is still attending high school resides with his parent for purposes of child support, what factors should a court consider in determining his or her domicile? | 034471.docx | LEGALEASE-00141069-LEGALEASE-00141070 | Condensed, SA, Sub | 0.19 | 0 | 1 | 1 | 1 | |
| 143 | United States v. Barash, 365 F.2d 395 | 63+10 | We also think the charge was in error; in two respects. Although the instruction that only a matter of death or serious bodily injury would make out the defense of duress appears correct enough, cf. Shapiro v. United States, 235 F.2d 168, 175 (9th Cir.), cert. denied, 345 U.S. 919, 73 S.Ct. 772, 96 L.Ed. 1385 (1953), ALI Model Penal Code § 2.09 (Proposed Official Draft 1962), that was only part of the story since Barash had also requested instructions as to the bearing of threats of economic harm on the intent required for conviction. This court has recently observed that "The intent to influence, accompanying the giving or acceptance of something of value, is an essential element" of the offense of bribery defined in 18 U.S.C. § 201(b)(1)... | If a government officer threatens serious economic loss unless paid for giving a citizen his due, is the citizen entitled to have the jury consider this, but as a complete defense like duress, but as bearing on the specific intent required for the commission of bribery? | 011493.docx | LEGALEASE-00142209-LEGALEASE-00142210 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | |
| 144 | McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 307A+560 | In making a decision on a Rule 103(b) motion, the trial court should consider the following factors (1) the length of time used to obtain the service of process, (2) the plaintiff's activities, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant of the pendency of the action as a result of ineffective service, (6) special circumstances that would affect the plaintiff's rights, and (7) actual service on the defendant. Verploegh v. Gagliano, 396 Ill.App.3d 1041, 1043, 897 N.E.2d 382, 386 (2009). These factors are intended to aid the trial court in... In making a decision on motion to dismiss for failure to act with reasonable diligence in effecting the service of process, the trial court should consider the following factors (1) the length of time used to obtain the service of process, (2) the plaintiff's activities, (3) the plaintiff's knowledge of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) actual knowledge on the part of the defendant of the pendency of the action as a result of ineffective service, and (6) actual service on the defendant. Sup.Ct.Rules, Rule 103(b). | In making a decision on motion to dismiss for failure to act with reasonable diligence in effecting the service of process, what factors should the trial court consider certain factors? | Pretrial Procedure - Memo #4284 - C - SI.docx | ROSS-003328244 ROSS-003328245 | SA, Sub | 0.25 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 145 | Lewis v. Dillon, 352 Ill. App. 3d 512 | 307A+560 | In ruling on a motion to dismiss under Rule 103(b), courts look to several factors to determine whether a plaintiff has exercised reasonable diligence in obtaining service: (1) the length of time used in serving the defendant; (2) the plaintiff's activities; (3) whether the plaintiff is aware of the defendant's location; (4) whether the defendant's location could be easily ascertained; (5) actual knowledge of the complaint on the part of the defendant; (6) special circumstances affecting plaintiff's efforts; and (7) actual service on the defendant. Segal v. Sacco, 136 Ill.2d 282, 287, 144 Ill.Dec. 360, 555 N.E.2d 719, 720 (1990). Prejudice against defendant is also considered, but lack of prejudice will not necessarily defeat a defendant's Rule 103(b) motion. Womick v. Jackson County Nursing Home, 137 Ill.2d 371, 377, 148 Ill.Dec. 719, 561 N.E.2d 25, 27 (1990). | In ruling on motion to dismiss case for failure to exercise reasonable diligence to obtain service of process, courts look to the following factors: (1) length of time used in serving defendant; (2) plaintiff's activities; (3) whether plaintiff is aware of defendant's location; (4) whether defendant's location could be easily ascertained; (5) actual knowledge of complaint on part of defendant; (6) special circumstances affecting plaintiff's efforts; and (7) actual service on defendant. Sup.Ct.Rules, Rule 103(b). | Is prejudice against a defendant a factor considered in ruling on a motion to dismiss case for failure to exercise reasonable diligence to obtain service of process? | 033972.docx | LEGALEASE-00142939-LEGALEASE-00142940 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 146 | Chacha v. Transp. USA, 78 So. 3d 727 | 307A+563 | We believe that the same reasoning which makes it an abuse of discretion to dismiss an action based on the violation of a discovery order without express written findings of fact applies equally where dismissal is based on a plaintiff's fraud on the court. "We do not think it too great a task to require the trial court to make a written finding of the essential facts which supports the imposition of the most severe sanction ...." Tubero v. Chapnich, 552 So.2d 932, 935 (Fla. 4th DCA 1989). Thus, we hold that an order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process. | An order granting a dismissal or default for fraud on the court must include express written findings demonstrating that the trial court has carefully balanced the equities and supporting the conclusion that the moving party has proven, clearly and convincingly, that the non-moving party implemented a deliberate scheme calculated to subvert the judicial process. | Should an order granting a dismissal or default for fraud on the court include express written findings demonstrating that the trial court has carefully balanced the equities? | 034656.docx | LEGALEASE-00145200-LEGALEASE-00145201 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 147 | Atwater v. Town of Plainfield, 160 N.H. 503 | 307A+681 | "Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleadings sufficiently establish a basis upon which relief may be granted." Provencher v. Buzzell"Plourde Assoc., 142 N.H. 848, 852"53, 711 A.2d 251 (1998). In making this determination, the court would normally accept all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff. Id. at 853, 711 A.2d 251. However, when "the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." Id. (quotation omitted). An assertion that a claim should be dismissed because the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies is one such defense. We will uphold a trial court's ruling in such a case unless its decision is not supported by the evidence or is legally erroneous. Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 647, 745 A.2d 481 (2000). | In ruling upon a motion to dismiss, a trial court normally accepts all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff; however, when the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, such as that the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioners have sufficiently demonstrated their right to claim relief? | Pretrial Procedure - Memo # 7657 - C - NS.docx | ROSS-003286447-ROSS-003286448 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 148 | Com., Dep't of Ed. v. First Sch., 22 Pa. Cmwlth. 334 | 141E+914 | Nonpublic Elementary and Secondary Education Act, which authorizes reimbursement of nonpublic schools for actual expenditures for teachers' salaries, textbooks and other instructional materials, and which had been held unconstitutional because cumulative impact of entire relationship between secular and religious educational functions arising under statute involved excessive entanglement between government and religion, was not unconstitutional as applied to situations where prohibited church-state entanglement was not involved as in case of nonpublic, nonsectarian institutions. | Nonpublic Elementary and Secondary Education Act, which authorizes reimbursement of nonpublic schools for actual expenditures for teachers' salaries, textbooks and other instructional materials, and which had been held unconstitutional because cumulative impact of entire relationship between secular and religious educational functions arising under statute involved excessive entanglement between government and religion, was not unconstitutional as applied to situations where prohibited church-state entanglement was not involved as in case of nonpublic, nonsectarian institutions. 24 P.S. S 5601 et seq. | Does the Nonpublic Elementary and Secondary Education Act apply to nonsectarian public schools? | 017022.docx | LEGALEASE-00150068-LEGALEASE-00150069 | SA, Sub | 0.04 | 0 | 0 | 1 | 1 | |
| 149 | Mariano v. Fiorvante, 118 A.D.3d 961 | 307A+683 | In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the facts as alleged in the complaint and the opposition papers must be accepted as true; the court must accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory (see Siegmund Strauss, Inc. v. East 149th Realty Corp., 20 N.Y.3d 37, 43 n. 4, 956 N.Y.S.2d 435, 980 N.E.2d 483; Nonnon v. City of New York, 9 N.Y.3d 825, 827, 842 N.Y.S.2d 756, 874 N.E.2d 720; Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511). The Supreme Court properly directed the dismissal of the cause of action sounding in fraud. | In assessing motion to dismiss complaint for failure to state a cause of action, facts as alleged in complaint and opposition papers must be accepted as true; court must accord plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss a complaint for failure to state a cause of action, should facts as alleged in complaint and opposition papers be accepted as true?" | Pretrial Procedure - Memo # 8654 - C - KS_60220.docx | ROSS-003282445-ROSS-003282446 | Condensed, SA, Sub | 0.52 | 0 | 1 | 1 | 1 | 1 |
| 150 | Zellner v. Odyl, 117 A.D.3d 1040 | 307A+681 | In determining a motion to dismiss the complaint pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law [, the] motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see Wilner v. Allstate Ins. Co., 71 A.D.3d 155, 159, 893 N.Y.S.2d 208). The complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (see Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 A.D.3d 34, 38, 827 N.Y.S.2d 231; see EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26; Alan B. Greenfield, M.D., P.C. v. Long Beach Imaging Holdings, LLC, 114 A.D.3d 888, 981 N.Y.S.2d 135). | In determining a motion to dismiss complaint for failure to state a claim, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, the motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | Is the sole criterion determining a motion to dismiss pursuant to CPLR 3211(a)(7) that factual allegations of a pleading's four corners are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal for failure to state a cause of action? | Pretrial Procedure - Memo # 9368 - C - TJ_61056.docx | ROSS-003308840-ROSS-003308841 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 151 | Hahn v. Podlaski, 355 S.W.3d 590 | 30+3896 | "Missouri rules of civil procedure demand more than mere conclusions that the pleader alleges without support. [citation omitted] …" | Upon review of a ruling on a motion to dismiss for failure to state a claim, rules of civil procedure demand more than mere conclusions that the pleader alleges without supporting facts; that is, although we treat all of the factual allegations in a petition as true, and liberally grant to plaintiffs all reasonable inferences therefrom, "[c]onclusory allegations of fact and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted." | "On motion to dismiss, are conclusory allegations of fact and legal conclusions not considered in determining whether a petition states a claim upon which relief can be granted?" | 038800.docx | LEGALEASE 0015406; LEGALEASE-0015407 | SA, Sub | 0.4 | | | 1 | 1 | 1 |
| 152 | Worth v. Seldin, 422 U.S. 490 | 170A+392 | "One further preliminary matter requires discussion. For purpose of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. E.g., Jenkins v. McKeithen, 395 U.S. 411, 421-422, 89 S.Ct. 1843, 1848-1849, 23 L.Ed.2d 404 (1969). At the same time, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing. If, after this opportunity, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." | "On a motion to dismiss for want of standing, do courts accept as true all material allegations in the complaint and affidavits and construe them in favor of the plaintiffs?" | 039984.docx | LEGALEASE 0035028; LEGALEASE-0035029 | Condensed, SA | 0.42 | | 1 | | 1 | |
| 153 | Atwater v. Town of Fairfield, 184 Ne.V.590 | 307A+681 | "Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleadings sufficiently establish a basis upon which relief may be granted." Powerhouse v. Assante Ltd., 184 Wis.2d 583, 516 N.W.2d 2d 251 (1994). In making this determination, the court would normally accept as true the facts asserted by the plaintiff as true and accept those facts in the light most favorable to the plaintiff. Id. at 493, 516 N.W.2d 251. However, when "the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim, but instead asserts certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." Id. (quotation omitted). An assertion that a claim should be dismissed because the trial court lacks jurisdiction to hear the case does not challenge the plaintiff's failure to administrative remedies is one such defense. | "When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, asserts certain defenses, must a court look beyond a plaintiff's unsubstantiated allegations?" | 037816.docx | LEGALEASE 0038156; LEGALEASE-0038157 | SA, Sub | 0.38 | | | 1 | 1 | |
| 154 | Fonseca v. Fong, 167 Cal. App. 4th 912 | 24+103 | "The De Canas court established a three-part test for determining whether a state statute relating to immigration is preempted by federal law. The initial inquiry is whether the state statute constitutes an attempted 'regulation of immigration' that is per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution. (De Canas, supra, 424 U.S. at p. 355, 96 S.Ct. 933.) If this is not the case, the second inquiry is whether Congress demonstrated a clear purpose, including state power to promulgate laws not in conflict with federal laws. (Ibid.) 'In the absence of such clear purpose of Congress' ... "to effect a 'complete ouster of state power—including state power to promulgate laws not in conflict with federal laws' with respect to the subject matter of the state statute." (De Canas, supra, 424 U.S. at p. 357, 96 S.Ct. 933, quoting Florida Lime & Avocado Growers v. Paul (1963) 373 U.S. 132, 141, 83 S.Ct. 1210, 10 L.Ed.2d 248; see also Michigan Canners & Freezers Agricultural Ass'n (1984) 467 U.S. 461, 469, 104 S.Ct. 2518, 81 L.Ed.2d 399.) | Are state statutes relating to immigration preempted by federal law? | Aliens, Immigration and Citizenship - Memo 143 - RK_6AT82.docx" | ROSS 000327747-ROSS-000327748 | Condensed, SA, Sub | 0.52 | 1 | 1 | 1 | 1 | 1 |
| 155 | D.H. by Dawson v. Clayton Cty. Sch. Dist., 830 F.3d 1306 | 141E+744 | "To determine the constitutional reasonableness of a school official's decision to search a student, courts apply a two-pronged inquiry. First, the search must be justified at its inception, meaning that the official has reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school; and second, the scope of the search must be reasonably related to the circumstances which justified the interference in the first place, meaning that the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction. U.S. Const. Amend. 4. The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. amend. IV. The United States Supreme Court established the boundaries of students' Fourth Amendment rights in a school setting in New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), a non-strip-search case.5 In T.L.O., the Court explained that determining the constitutional reasonableness of a school official's decision to search a student ... | When can a school official reasonably search a student? | 037313.docx | LEGALEASE 0016435-LEGALEASE-0016440 | SA, Sub | 0.44 | | | 1 | 1 | |

32

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 156 | Prison Health Servs. v. Mitchell, 256 Ga. App. 537 | 307A+695 | OCGA § 31-14(d) requires that before filing a previously dismissed action, a plaintiff must pay the court costs in the first suit. And Georgia court's have interpreted this requirement to be "a condition precedent to filing a second suit," so that "payment of costs in a previous suit is jurisdictional" with respect to a subsequent suit. Little v. Walter, 205 Ga. 854, 855, 55 S.E.2d 636 (1983)... The court subsequently discovered costs were paid within a reasonable time. Butler v. Kane Land Partners, 231 Ga. App. 791, 793(1), 499 S.E.2d 585 (1998); Daugherty v. Norville Indus., 174 Ga. App. 89, 91, 329 S.E.2d 202 (1985). | A plaintiff may avoid renewal statute's requirement that he pay court costs in first suit before re-filing a previously dismissed action where he demonstrates that the costs were unknown to him after a good faith effort to ascertain them. | Can a plaintiff avoid a renewal statute's requirement that he pay court costs in the first suit before re-filing a previously dismissed action where he demonstrates that the costs were unknown to him after a good faith effort to ascertain them? | 048816.docx | USGA-EXAE-00166300 USGA-EXAE-00166301 | SA, Sub | 0.58 | 0 | 1 | 1 | | |
| 157 | Laguerre v. State, 799 S.E.2d 736 | 110+897.2 | A trial court has at least within its sound discretion in rejecting possible alternatives and in granting a mistrial if reasonable judges could differ about the proper disposition, even though in a strict, literal sense, the mistrial is not necessary. This wide deference means that the availability of another alternative does not without more render a mistrial order an abuse of sound discretion. Deference to the judge's sound discretion also precludes a reviewing court from assuming, in the absence of record evidence, that the trial judge deprived a defendant of constitutional rights. Spearman v. State, 278 Ga. 327, 330 (2), 602 S.E.2d 568 (2004) (citation and punctuation omitted). | A trial court has at least within its sound discretion in rejecting possible alternatives and in granting a mistrial if reasonable judges could differ about the proper disposition, even though in a strict, literal sense, the mistrial is not necessary. | Does a Court act within its sound discretion in rejecting possible alternatives and in granting a mistrial, for the purposes of double jeopardy analysis, differ about the proper disposition that mistrial is not necessary? | 035653.docx | USGA-EXAE-00166128 USGA-EXAE-00166129 | Condensed, SA | 0.43 | 0 | 1 | 1 | | |
| 158 | State v. Gonaira, 184 P.3d 846 | 115H+99 | "A mistrial is properly declared and retrial is not barred by the defendant's right against double jeopardy where the defendant demonstrates that there is a manifest necessity for the mistrial." Wilmer, 97 Hawai'i at 242°43, 35 P.3d at 797°90. Manifest necessity is defined as "circumstances in which it becomes no longer possible to conduct the trial or to reach a fair result based upon the evidence." Id. at 244, 35 P.3d at 791 (quoting Quintal, 35 Hawai'i at 143, 918 P.2d at 1256). Hawai'i law states that termination of proceedings not improper, and thus a defendant can be retried, when "[p]rejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the State[.]" | "Manifest necessity," as would warrant a mistrial and not bar retrial based on defendant's right against double jeopardy, is circumstances in which it becomes no longer possible to conduct the trial or to reach a fair result based upon the evidence. U.S. Const. Amend. 5; Haw. Rev. Stat. § 701-110(4)(b) (iii). | Is "manifest necessity," as would warrant a mistrial and not bar retrial based on defendant's right against double jeopardy, defined as circumstances in which it becomes no longer possible to conduct the trial or to reach a fair result based upon the evidence? | 035896.docx | USGA-EXAE-00166256 USGA-EXAE-00166469 | Condensed, SA | 0.59 | 0 | 1 | 0 | | |
| 159 | Jackson v. Bank of Am., N.A., 149 A.D.3d 815 | 307A+679 | A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on petition on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's or petitioner's allegations, conclusively establishing a defense as a matter of law (see Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511). On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v. Martinez, 84 N.Y.2d at 87, 614 N.Y.S.2d 972, 638 N.E.2d 511; Breytman v. Olinville Realty, LLC, 54 A.D.3d 703, 703°704, 864 N.Y.S.2d 70). | On a motion to dismiss, under CPLR 3211(a)(1) to dismiss a complaint or petition, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff or petitioner the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | While a plaintiff's pleadings are liberally interpreted in the context of motion to dismiss for failure to state a cause of action, and such liberal interpretation does not save allegations that consist of bare legal conclusions? | 036670.docx | USGA-EXAE-00150468 USGA-EXAE-00150469 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 160 | Murray v. Cable Co., 257 S.W.3d 291 | 366+1 | Equitable subrogation "is a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another." First Nat'l Bank of Houston v. Ackerman, 70 Tex. 315, 8 S.W. 45, 47 (1888). It essentially allows a subsequent lienholder to take the lien-priority position of a superior lienholder if the subsequent lienholder pays off the debt of a superior lienholder. See Smart v. Tower Land & Inv. Co., 597 S.W.2d 333, 338 (Tex. 1980). In Texas, equitable subrogation is applied liberally. Murray v. Cable Co., 257 S.W.3d 291 (Tex. App. 2008); see also First Nat'l Bank of Houston v. Ackerman. "The doctrine is not dependent on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." ... Lee v. Wal-Mart Stores, Inc. v. Co., 136 S.W.3d 811, 814 (Tex. 2004); Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex. 2007). Texas courts apply equitable subrogation liberally, and when the doctrine applies, a "a liberal application ... broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter." First Nat'l Bank, 8 S.W. at 47; see also, e.g., Diversified Mortgage Investors v. Lloyd D. Blaylock Gen. Contractor, Inc., 576 S.W.2d 794, 807 (Tex. 1978) (so on re-h'g). | "Equitable subrogation" is a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another. | Is equitable subrogation a legal fiction whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another? | Subrogation - Memo 292 – BM-C.docx | ROSS-003320780 ROSS-003320790 | Condensed, SA | 0.85 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 161 | N.L.R.B. v. Shen Bros. Shoe Store, 857 F.2d 1012 | 231H+1439 | The test for determining whether an employee has violated section 8(a)(1) is whether the employer's conduct tends to interfere with the employees' exercise of their rights... | In determining whether employer's conduct has been coercive or has tended to interfere with employees' exercise of their rights, National Labor Relations Board considers total context to which challenged conduct occurs and is addressed to standpoint of its impact upon employees... | How should the coercive tendencies of an employer's conduct be determined? | 001901.docx | LEGALEASE-00118510 LEGALEASE-00118511 | Condensed, SA | 0.38 | 1 | 1 | 1 | 1 | 1 |
| 162 | Spiretech Serv. Corp. Int'l, 257+1184(1) | 257+1184(1) | At tension here are two important expressions of public policy. We must respect the "liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)... | While Court of Appeals must respect liberal federal policy favoring arbitration agreements illustrated by Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq, there must be equally strong policies... | Should large arbitration costs that preclude a litigant from effectively vindicating their federal statutory rights be invalidated? | 001701.docx | LEGALEASE-00118745 LEGALEASE-00118747 | SA Sub | 0.29 | 0 | 0 | 0 | 1 | 0 |
| 163 | People's Chem, 299 Ill. App. 3d 88 | 110+6324 | For the same reasons that the supreme court has ruled that trial courts have discretion before granting a motion in limine namely, because such motions constitute "powerful weapons," they must be exercised with caution... | On trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions after the contested evidence is offered in the normal course of the trial? | | 020078.docx | LEGALEASE-00120599 LEGALEASE-00122100 | Condensed, SA | 0.4 | 0 | 0 | 0 | 1 | 0 |
| 164 | Ottenheimer Publishers v. Regal Publishers, 626 S.W.2d 276 | 366+1(2) | Generally a surety or guarantor, by payment of the debt which he is obligated to make that payment, acquires an immediate right to be subrogated to the extent necessary to obtain reimbursement or contribution to all rights, remedies and securities... | Generally a surety or guarantor, by payment of debt which he is obligated to make that payment, acquire an immediate right to be subrogated to the extent necessary to obtain reimbursement or contribution to all rights, remedies and securities which were available to creditor? | "Does a surety or guarantor, by payment of debt of his principal when he is obligated to make that payment, acquire an immediate right to be subrogated to the extent necessary... and securities which were available to creditor?" | Subrogation - Mona # 917 - RM Cabos | | Condensed, SA | 0.78 | 0 | 0 | 0 | 1 | 0 |
| 165 | In re Finch & Process Potatoes Antitrust Litig, 834 F.Supp. 241141 | 221+342 | The classic statement of the Act of State Doctrine was made more than one hundred years ago in Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897), when Justice Fuller stated that "[e]very sovereign State is bound to respect the independence of every other sovereign State..." | Under "act of state doctrine," every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory? | "Under the act of the state doctrine, will a court review actions of a foreign sovereign... and courts of one country will not sit in judgment on acts of government of another done within its own territory?" | International Law - Memo 35 SB.docx | ROSS-003248494-ROSS-003319812 | SA, Sub | 0.69 | 0 | 0 | 1 | 0 | 0 |

Appendix D

| ROW | Judicial Opinion | WRS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,973 | 23,876 | 9,029 |
| 166 | Zavodka v. Zoravtnikov, Zavodny v. Sec'y of State, 725 F.3d 197 | 221+592 | Recognition is the act by which 'a nation commits itself to treat an entity as a state or as the government of a state.' Restatement (Third) of Foreign Relations Law * 94(1). "The rights and attributes of sovereignty belong to [a state] independently of all recognition, but it is only after it has been recognized that it is assured of exercising them." 1 John Bassett Moore, A Digest of International Law ¶ 27, at 72 (1906) (Moore's Int'l Law Digest). Recognition is therefore a critical step in establishing diplomatic relations with the United States. [the United States does not recognize a state, it means the United States is not ... [1] to acknowledge that the government in question speaks as the sovereign authority for the territory it purports to control. | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a every other sovereign state, and the courts of one country will not in turn sit in judgment on the acts of the government of another, done within its own territory. | To every sovereign state bound to respect the independence of every other sovereign state, and the courts of one country will not in turn sit in judgment on the acts of the government of another, done within its own territory? | International Law - Memo # 135 - C - GAR.docx | ROSS-00133486.5-ROSS-00133486.6 | Condensed, SA | 0.73 | 1 | 1 | 0 | 1 | |
| 167 | Washington Legal Found. v. Legal Found. of Washington, 271 F.3d 835 | 149+2.4 | That the banking industry is the regulatory backdrop for our decision also counsels against the application of the per se analysis to the regulations of the use of money at issue. Such analysis has almost exclusively been employed in situations involving real property. In enacting the IOLTA program, Washington has not encroached upon a domain devoid of governmental regulation. As the Phillips majority recognized, it is the Federal Government's own regulations that make the state IOLTA programs feasible. Specifically, "the Federal Government imposes the reporting requirements ... the interest rate on money market accounts, see Rev. Rul. 87-209, 1982-2 Cum. Bull. 16 [and] prohibits for-profit corporations from holding such NOW accounts if the interest owed to the corporation, but permits corporate funds to be held in NOW accounts if the interest is paid to the IOLTA program ... [Because the] state's ... | Because the state traditionally has a high degree of control of commercial dealings, the principle of takings law that apply to real property do not apply in the same manner to statutes imposing monetary liability; thus, even though taxes are a type of regulatory assessment indisputably take money from individuals or businesses, assessments of that kind are not treated as per se takings under the Fifth Amendment. U.S.C.A. Const.Amend. 5. | Does the principles of takings law that apply to real property, apply in the same manner to statutes imposing monetary liability? | 02.0763.docx | LEGALEASE-00135624-LEGALEASE-00135625 | Condensed, SA, Sub 0.71 | | 0 | 1 | 1 | 1 | 1 |
| 168 | Cunniffe v. Cunniffe, 141 Conn. App. 227 | 307A+711 | We first note our standard of review. "A trial court holds broad discretion in granting or denying a motion for a continuance. Appellate review of a trial court's decision on a motion for a continuance is governed by an abuse of discretion standard that ... affords the trial court broad discretion in matters of continuances ... the reasons proffered in support of the request by the defendant's personal ... | There are several factors that the trial court may consider in exercising its discretion in deciding whether to grant a continuance: (1) timeliness of the request for continuance; (2) the likely length of the delay; (3) the age and complexity of the case; (4) the granting of other continuances in the past; (5) the impact of delay on the litigants, witnesses, opposing counsel and the court; (6) the perceived legitimacy of the reasons proffered in support of the request; the defendant's personal responsibility for the timing of the request; [and] the likelihood that the denial would substantially impair the defendant's ability to defend himself ... | What two factors does a court consider when determining whether to grant a continuance? | 03.0700.docx | LEGALEASE-00130021-LEGALEASE-00130023 | SA, Sub | 0.71 | | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 169 | In re Dissolution of Marriage of Leverock & Hamby, 23 So. 3d 424 | 307A+483 | We find that it was unnecessary for the Pendletons to petition the chancellor to deem the requests for admission admitted. Consequently, the chancellor was in error for denying the request as being untimely filed. According to Mississippi Rule of Civil Procedure 36(a), a "matter is admitted unless, within thirty days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." Thus, a judge does not have the discretion to deem the matter admitted, because a request is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate. Miss. R. Civ. P. 36(b). The trial court, may, however, permit withdrawal or amendment of the admission. Id. Rule 36 is to be applied as written, but "it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances." DeBlanc v. Stancil, 814 So.2d 796, 801"02 (Miss.2002). The rule was intended to be used as a means to determine which facts are not in dispute, not as a way to avoid adjudication of contested issues. Id. | A judge does not have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate; the trial court, may, however, permit withdrawal or amendment of the admission. Rules Civ.Proc., Rule 36. | "Does a judge have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate?" | 029009.docx | LEGALEASE-00134046-LEGALEASE-00134047 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 170 | Zivotofsky ex rel. Zivotofsky v. Sec'y of State, 725 F.3d 197 | 221+502 | Recognition is the act by which "a state commits itself to treat an entity as a state or to treat a regime as the government of a state." Restatement (Second) of Foreign Relations Law " 94(1). "The rights and attributes of sovereignty belong to [a state] independently of all recognition, but it is only after it has been recognized that it is assured of exercising them." 1 John Bassett Moore, A Digest of International Law " 27, at 72 (1906) (Moore's Int'l Law Digest). Recognition is therefore a critical step in establishing diplomatic relations with the United States; if the United States does not recognize a state, it means the United States is "unwilling[ ] to acknowledge that the government in question speaks as the sovereign authority for the territory it purports to control." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 410, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Recognition also confers other substantial benefits. For example, a recognized sovereign generally may (1) maintain a suit in a United States court, see id. at 84 S.Ct. 923; Guaranty Trust Co. v. United States, 304 U.S. 126, 137, 58 S.Ct. 785, 82 L.Ed. 1224 (1938); (2) assert the sovereign immunity defense in a United States court, see Nat'l City Bank v. Republic of China, 348 U.S. 356, 359, 75 S.Ct. 423, 99 L.Ed. 389 (1955); and (3) benefit from the "act of state" doctrine, which provides that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory," Oetjen v. Cent. Leather Co., 246 U.S. 297, 303, 38 S.Ct. 309, 62 L.Ed. 726 (1918) (quotation marks omitted). | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the "act of state doctrine," which provides that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | "Is every sovereign state bound to respect the independence of every other sovereign, and will the courts of one country sit in judgment on the acts of the government of another done within its own territory?" | International Law - Memo #1063 ANC.docx | ROSS-003290635-ROSS-003290636 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 171 | Williams v. Bordon's, 274 S.C. 275 | 307A+716 | This case is a civil action for damages. We think, as a general rule, a request for a continuance in a civil case because of counsel's legislative duties should be granted, when timely requested and made in good faith, unless a substantial right of the parties to the litigation will be defeated or abridged by the delay. | Generally, request for a continuance due to counsel's legislative duties should be granted in a civil action for damages if the request is timely and made in good faith, unless a substantial right of the parties to the litigation will be defeated or abridged by the delay. | "Generally, should a request for a continuance due to counsel's legislative duties be granted in a civil action for damages if the request is timely and made in good faith, unless a substantial right of the parties to the litigation will be defeated or abridged by the delay?" | Pretrial Procedure - Memo # 3263 - C - SS.docx | LEGALEASE-00025173-LEGALEASE-00025174 | Condensed, SA, Sub | 0.15 | 0 | 1 | 1 | 1 | 1 |
| 172 | Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | A party responding to requests for admissions has a duty to make a reasonable investigation to ascertain the facts even though the party has no personal knowledge of the matter when the party has available sources of information as to the matters involved in such requests for admissions. (Lindgren v. Superior Court (1965) 237 Cal.App.2d 743, 746, 47 Cal.Rptr. 298, citing Chodos v. Superior Court (1963) 215 Cal.App.2d 318, 323, 30 Cal.Rptr. 303.) Thus, if a party denies a request for admission (of substantial importance) in circumstances where the party lacked personal knowledge but had available sources of information and failed to make a reasonable investigation to ascertain the facts, such failure will justify an award of expenses under section 2034(c). | If party denies request for admission of substantial importance under circumstances where party lacked personal knowledge but had available sources of information and failed to make reasonable investigation to ascertain facts, such failure justifies award of expenses under S 2034(c) on basis that party had no good reasons for denial of request for admission. West's Ann.Cal.C.C.P. S 2034(c). | "If a party denies a request for admission in circumstances where party lacked personal knowledge but had available sources of information and failed to make reasonable investigation to ascertain the facts, will such failure justify an award of expenses?" | Pretrial Procedure - Memo # 3484 - C - NS.docx | ROSS-003317456-ROSS-003317457 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 173 | Soto v. BorgWarner Morse TEC Inc., 239 Cal. App. 4th 165, 191 Cal. Rptr. 3d 263 | 307A+36.1 | here are two alternative discovery methods available to a plaintiff that is disinclined or unable to avail itself of the procedures set forth in Civil Code section 3295, subdivision (c). First, the plaintiff may request that the defendant "stipulate to a process by which [the defendant] would gather documents pertaining to [its] financial condition, bring them to trial under seal and make them immediately available" in the event that the jury's findings make punitive damages available. (Jabro v. Superior Court (2002) 95 Cal.App.4th 754, 756, 115 Cal.Rptr.2d 843.) This procedure "is a frequently used and effective means of handling the matter when a claim for punitive damages is alleged," and may be suggested or facilitated by the court. (Ibid.) Finally, a plaintiff may do nothing pretrial and instead wait until liability is established to ask the court for the order described in Civil Code section 3295, subdivision (c). (Mike Davidov Co., supra, 78 Cal.App.4th at p. 609, 92 Cal.Rptr.2d 897.) This strategy may backfire, however, as it is left to the court's discretion whether to delay the proceedings by ordering the defendant to produce information that could have been obtained earlier or to forge ahead upon concluding that such an order is inappropriate under the circumstances of the case.(I"CA Enterprises, Inc. v. Palram Americas, Inc. (2015) 235 Cal.App.4th 257, 284, 185 Cal.Rptr.3d 24 (I"CA ).). | A plaintiff seeking punitive damages may do nothing pretrial and instead wait until liability is established to ask the court for the order permitting discovery of the defendant's financial condition, but this strategy may backfire, as it is left to the court's discretion whether to delay the proceedings by ordering the defendant to produce information that could have been obtained earlier or to forge ahead upon concluding that such an order is inappropriate under the circumstances of the case. Cal. Civ. Code S 3295(c). | Is pretrial discovery of a defendant's financial condition in connection with a claim for punitive damages prohibited if a court order permitting such discovery is absent? | 031037.docx | LEGALEASE-00137993-LEGALEASE-00137994 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 174 | Short v. Frink, 151 Cal. 83 | 307A+74 | Where a general objection to a question in a deposition susceptible of an answer that may be properly given in evidence has been overruled, the objector's only remedy, after the answer is read, is a motion to strike out, and, in the absence of such motion, the question will not be considered on appeal, since, in the absence of actual knowledge, specific objection, or intimation to the contrary, a trial court has the right to assume that a question in a deposition susceptible of an answer properly admissible in evidence has been so answered.If objection to a question susceptible of a proper answer contained in the deposition is based on the nature of the answer given and recorded, it is the duty of the objector to so frame his objection as to specifically bring the matter to the attention of the court. The court is no more called upon to heed a mere general objection of incompetency, irrelevancy, and immateriality, where the testimony is being read from the deposition, than it is where the witness is testifying viva voce, as to which the wellsettled rule has already been stated. In the absence of actual knowledge, specific objection, or intimation to the contrary, the trial court has the right to assume that a question in a deposition susceptible of an answer that may properly be given in evidence has been so answered, and the objector's utmost remedy, in the event that the answer is read, is, as stated in People v. Lawrence, supra, a motion to strike out objectionable evidence given in response to the question. Defendant should have moved to strike out this evidence, if he had desired to subsequently urge error in regard thereto, and, in the absence of such motion, we would not consider the matter on appeal. | Where a general objection to a question in a deposition susceptible of an answer that may be properly given in evidence has been overruled, the objector's only remedy, after the answer is read, is a motion to strike out, and, in the absence of such motion, the question will not be considered on appeal, since, in the absence of actual knowledge, specific objection, or intimation to the contrary, a trial court has the right to assume that a question in a deposition susceptible of an answer properly admissible in evidence has been so answered. | "Where a general objection to a question in a deposition susceptible of an answer that may be properly given in evidence has been overruled, is the objector's only remedy a motion to strike out?" | 032459.docx | LEGALEASE-00140492-LEGALEASE-00140493 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 175 | Indianapolis-Marion Cty. Pub. Library v. Shook, 835 N.E.2d 533 | 307A+554 | In resolving this issue, we first note that the party challenging a trial court's subject matter jurisdiction bears the burden of proving that jurisdiction does not exist. Methodist Hosp. of Ind., Inc. v. Ray, 551 N.E.2d 463, 467 (Ind.Ct.App.1990), adopted in 558 N.E.2d 829 (Ind.1990). Subject matter jurisdiction is the power to hear and determine cases of a general class to which the proceedings then before the Court belong. Mishler v. County of Elkhart, 544 N.E.2d 149, 151 (Ind.1989). When reviewing a Trial Rule 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Cmty. Hosp. v. Avant, 790 N.E.2d 585, 586 (Ind.Ct.App.2003). The trial court may consider facts outside the pleadings when ruling on a Rule 12(B)(1) motion. Perry v. Stitzer Buick GMC, Inc., 637 N.E.2d 1282, 1286 (Ind.1994). | When reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | "In reviewing a motion to dismiss for lack of subject matter jurisdiction, is the questionwhether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution relevant?" | 033400.docx | LEGALEASE-00142716-LEGALEASE-00142717 | Order, SA | 0.72 | 1 | 0 | 0 | 1 | |
| 176 | Sykes v. Melba Creek Mining, 952 P.2d 1164 | 30+3324 | Ordinarily, the choice of a particular sanction for a discovery violation is a matter committed to the broad discretion of the trial court, subject only to review for abuse of discretion. Hughes v. Bobich, 875 P.2d 749, 752 (Alaska 1994). However, we have repeatedly held that the trial court's discretion is limited when the effect of the sanction it selects is to impose liability on the offending party, establish the outcome of or preclude evidence on a central issue, or end the litigation entirely. Before extreme sanctions of this kind may properly be imposed, [t]here must be "willful noncompliance" with court orders, or "extreme circumstances," or "gross violations' of the Rules. The record must also "clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal." ... If meaningful alternative sanctions are available, the trial court must ordinarily impose these lesser sanctions.... Arbelovsky, 922 P.2d at 227 (citation and footnotes omitted). | Choice of particular sanction for discovery violation is ordinarily matter committed to broad discretion of the trial court, subject only to review for abuse of discretion, but trial court's discretion is limited when effect of sanction is to impose liability on offending party, establish outcome of or preclude evidence on central issue, or end litigation entirely. Rules Civ.Proc., Rule 37. | "Is the choice of particular sanction for discovery violation ordinarily matter committed to broad discretion of the trial court, subject only to review for abuse of discretion?" | 034222.docx | LEGALEASE-00144735-LEGALEASE-00144736 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 177 | Ramey v. Haverty Furniture Companies, 993 So. 2d 1014 | 307A+563 | To determine whether particular conduct was sufficient to justify dismissal for fraud on the court, in Jacob v. Henderson, 840 So.2d 1167, 1169 (Fla. 2d DCA 2003), we followed Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998), in utilizing the test set forth in Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989):A "fraud on the court" occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. | A "fraud on the court," upon which dismissal of action can be based, occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. | "Does a ""fraud on the court"" occur where it can be demonstrated that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability?" | 034131.docx | LEGALEASE-00145423-LEGALEASE-00145425 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |
| 178 | Lentz v. Phil's Toy Store, 228 N.C. App. 416 | 307A+690 | Before a civil case may be involuntarily dismissed with prejudice for failure to prosecute pursuant to N.C. Gen.Stat. " 1A"1, Rule 41(b) (2003), the trial court must address the following three factors in its order:(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. Id. at 132"33, 590 S.E.2d at 407 (citation omitted). A trial court's findings of fact on these factors are conclusive on appeal if there is competent evidence to support the findings. Id. at 132, 590 S.E.2d at 407. | Before civil case may be involuntarily dismissed with prejudice for failure to prosecute, trial court must address the following three factors in its order: (1) whether plaintiff acted in manner which deliberately or unreasonably delayed the matter; (2) amount of prejudice, if any, to defendant caused by plaintiff's failure to prosecute; and (3) reason, if one exists, that sanctions short of dismissal would not suffice. Rules Civ.Proc., Rule 41(b), West's N.C.G.S.A. $ 1A-1. | What factors should the court address before a case may be involuntarily dismissed with prejudice for failure to prosecute? | Pretrial Procedure - Memo # 8019 - C - RY_58374.docx | ROSS-003280011-ROSS-003280012 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 179 | Kar-Ping Wang v. Diamond Hometec Inc. v. Diamond Hometec, 716 A.D.3d 767 | 3079482.1 | Where a defendant has submitted evidentiary material in support of motions to dismiss a complaint for failure to state a cause of action, and the motion has not been converted to one for summary judgment, criterion is whether plaintiff has a cause of action, not whether plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7),(c). | "On a motion to dismiss a [ ] complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, a court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" … "where a defendant has submitted evidentiary material in support of a motion to dismiss … the motion has not been converted into one for summary judgment … criterion is whether the plaintiff has a cause of action, not whether he has stated one … unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate." (citations omitted) | Where a defendant has submitted evidentiary material in support of motions to dismiss a complaint for failure to state a cause of action, is the criterion whether the plaintiff has a cause of action? | 039716.docx | LEGALEASE-0018997 4-LEGALEASE-0018996 | 5A, 5ab | 0.7 | 0 | | 1 | 1 | |
| 180 | Elmhurst Dairy v. Bartlett Dairy, 97 A.D.3d 781 | 3074422 | When the moving party submits evidentiary material in support of her motion to dismiss, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one; however, a motion to dismiss must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | Nonetheless, the Supreme Court erred in determining that the amended complaint failed to state a cause of action as against Bartlett. On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction … "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" … "when the moving party submits evidentiary material … the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one" … a motion to dismiss must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it. | Where a movant submits evidentiary material in support of a motion to dismiss, does the criterion become whether the proponent of the pleading has a cause of action? | 037449.docx | LEGALEASE-00151745- LEGALEASE-00151747 | Condensed, 5A, Sub 0.78 | | 0 | | 1 | 1 | |
| 181 | DiIanolco v. New York DiIanolco, New York, 115 A.D.3d 784 | 3074422 | When a defendant submits evidence in support of a motion to dismiss pursuant to this rule, and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether she has stated one; and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "When a defendant submits evidence in support of a motion to dismiss pursuant to CPLR 3211(a)(7), and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether she has stated one … unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate." | When a defendant submits evidence in support of a motion to dismiss and the motion has not been converted into one for summary judgment, is the criterion whether the plaintiff has a cause of action? | 037803.docx | LEGALEASE-00152116- LEGALEASE-00152117 | Condensed, 5A, Sub 0.52 | 0.52 | | | 1 | 1 | |
| 182 | Bd. of Managers of 100 Cong., Conq. v. 505 Conq., 152 A.D.2d 478 | 3074480 | When evidentiary material outside the pleading if four corners is considered, and a motion to dismiss for failure to state a cause of action is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleadings are liberally construed so as to afford a plaintiff every possible favorable inference on the basis of the facts alleged … "when evidentiary material outside the pleading's four corners is considered … and the motion to dismiss is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one" … unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. | During a motion to dismiss, when evidentiary material is considered, does the question become whether the pleader has a cause of action? | Pretrial Procedure - Memo # 8965 - C - DA_Q0416.docx | ROSS-003280564-ROSS- 003280569 | Condensed, 5A | 0.51 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 23,876 | 9,029 |
| 183 | Coomey v. Solar One Corp., 345 N.E.2d 412 | 307A=480 | We review a motion to dismiss for failure to give rise to a cause of action by testing the adequacy of the plaintiff's petition. In doing so, we assume that all of plaintiff's averments are true, and liberally grant plaintiff all reasonable inferences therefrom. The petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case, and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive. | In determining whether to grant a motion to dismiss for failure to give rise to a cause of action, the plaintiff's petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case, and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive. | In determining whether to grant a motion to dismiss for failure to give rise to a cause of action, is the plaintiff's petition reviewed in an almost academic manner? | Pretrial Procedure - Memo #3016 - C - UG.docx | LEGALEASE 00040584 - LEGALEASE 00040585 | Condensed, SA | 0.28 | 0 | | | 1 | |
| 184 | New York Mop, Mail Co. of Charles v. Mitchell's Contracting Corp., 98 A.D.2d 996 | 24=103 | "In order to preserve the national uniformity of the immigration system and to facilitate uniform enforcement of its provisions, Congress expressly provided that RICA would "preempt any State or local law imposing civil or criminal sanctions (other than through licensing and similar laws) upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens. RICA § 1324a(h)(2); see 8 U.S.C. § 1324a(h)(2); see Madeira v. Affordable Hous. Found., Inc., 469 F.3d at 237 (2d. Cir.) "The statute is silent, however, as to its preemptive effect on any other state or local laws" (Madeira v. Affordable Hous. Found., Inc., 469 F.3d at 232). | In order to preserve the national uniformity of the immigration System and to facilitate uniform enforcement of its provisions, does RCA preempts any State or local law imposing civil or criminal sanctions upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens? | "Aliens, Immigration and Citizenship - Memo 123 - RK_AA765.docx" | ROSS 000323214-ROSS-000323215 | Condensed, SA, Sub | 0.19 | 0 | | | 1 | |
| 185 | Stephens v. Mesch, 2002 PA Super 117 | 307A=498 | Once a judgment of non pros has been entered, a different three-part test determines whether a party may obtain relief from the judgment. First, the petition seeking relief from the judgment of non pros must be promptly filed; second, there must be a reasonable explanation for the default; and third, there must be facts to exist that would support a meritorious cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | "Once a judgment of non pros has been entered, does a three-part test determines whether a party may obtain relief from the judgment?" | 04017.docx | LEGALEASE 00160767 - LEGALEASE 00160768 | SA, Sub | | 0 | | | 1 | |
| 186 | People v. Freeman, 43 Misc. 2d 14 | 110K=96 | Upon a review of the record, we find that the District Court correctly declined to charge the jury with the defense of justification regarding the count of harassment in the second degree pursuant to Penal Law § 35.10(1), which provides that a "parent, guardian or other person entrusted with care and supervision of a person under eighteen... may use physical force... but not deadly force, upon such person when and to the extent that he reasonably believes it necessary to maintain discipline or to promote the welfare of such person" (emphasis added). Contrary to defendant's contention, defendant was not given the duty of care and supervision of the 17-year-old at the exam he coached. | District Court correctly declined to charge jury with defense of justification regarding defendant's count of harassment in the second degree pursuant to Penal Law which provides that a "parent, guardian or other person entrusted with care and supervision of a person under eighteen... may use physical force... but not deadly force, upon such person when and to the extent that he reasonably believes it necessary to maintain discipline or to promote welfare of such person; contrary to contention of defendant, who was coach of youth football team, defendant was not entrusted with care and supervision of a 17-year-old boy of team he coached, and physical force defendant used upon 17-year-old boy was not physical force exerted upon person who was under his care and supervision. McKinney's Penal Law 55 15.10(1). | Can a parent or guardian use reasonable physical force with the defense of justification? | 040027.docx | LEGALEASE 00161030 - LEGALEASE 00161031 | Condensed, SA | 0.04 | 0 | | | 1 | |
| 187 | State v. Mercado, 121 So. 3d 604 | 110K=96 | "Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id. at 676; see also Goss v. State, 784 So.2d 418, 427 (Fla. 2001). State v. Games, 795 So. 2d 1231, 1233 (Fla. 2001), absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his bar constitutional double jeopardy rights when he moves for a mistrial, consents to one, or by his conduct causes one. U.S.C.A. | Absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his constitutional double jeopardy rights when he moves for a mistrial, consents to one, or by his conduct causes one? | 015213.docx | LEGALEASE 00163667 - LEGALEASE 00163668 | Condensed, SA | 0.5 | 0 | | | 1 | |
| 188 | Wilcox v. State, 342 A4n | 135H=1 | "The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. It is also allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. U.S.C.A. Const.Amend. 5; Const. Art. 2 § 9. | Constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense; the underlying idea is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. U.S.C.A. Const.Amend. 5; Const. Art. 2, § 9. | What is the underlying idea of the prohibition against double jeopardy? | 015997.docx | LEGALEASE 00166353 - LEGALEASE 00166354 | Condensed, SA | 0.15 | 0 | | | 1 | |
| 189 | Calvert Fire Ins. Co. v. James, 236 S.C. 631 | 366=1 | Legal subrogation is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice. Its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it, and it is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. 50 Am. Jur., Subrogation, Sections 5, 6; Gadsden v. Brown & Wehman, Speer's Eq. 37; 37 S.C. Eq. (2) Livingston v. Clarendon Banking & Trust Co., 77 S.C. 305, 57 S.E. 182, 121 A.S.R. 441; 122 Am.St.Rep. 568; American Surety Co. v. Hamrick Mills, 191 S.C. 362, 4 S.E.2d 308, 124 A.L.R. 1147; Powers v. Calvert Fire Ins. Co., 57 S.E.2d 638, 216 S.C. 309; Paul Mercury Indemnity Co. v. Donaldson, 225 S.C. 476, 83 S.E.2d 159. | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it and is to be applied according to the dictates of equity and good conscience in the light of the actions and relationship of the parties. | Is the purpose of equitable subrogation to require the ultimate discharge of debt by the person who in equity and good conscience ought to pay it? | 06403.docx | LEGALEASE 00083895 - LEGALEASE 00083860 | Condensed, SA | 0.51 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 190 | Linn Gupp, 363 B.R. 84 | 366+1 | As applied in Tennessee, "[s]ubrogation is an equitable doctrine that facilitates the placement of rights in a second person who, in point of fact, pays a debt or obligation in satisfaction of an enrollment in various situations, by substituting one person or entity in place of another in regard to some claim or right that a second person or entity may have against third party." | As applied in Tennessee, "[s]ubrogation is an equitable doctrine that facilitates the placement of rights in a second person who, in point of fact, pays a debt or obligation in satisfaction of an enrollment in various situations, by substituting one person or entity in place of another in regard to some claim or right that a second person or entity may have against third party." | Is subrogation an equitable doctrine that facilitates adjustment of rights to avoid unjust enrichment in various situations, by substituting one person or entity in place of another in regard to some claim or right that a second person or entity may have against third party? | Subrogation - Memo # 345 - C - NA.docx | ROSS-003328047-ROSS-003328048 | SA_Sub | 0.69 | 0 | | | 1 | |
| 191 | Dean v. Tucker, 182 Mich. App. 27 | 307A+746 | While trial court has authority to bar expert witness or dismiss an action as a sanction for the failure to timely file a witness list, in the fact that such sanction is the most drastic possible sanction, dictates that the trial court carefully consider the circumstances of each case to determine if such drastic sanction is appropriate. | While trial court has authority to bar expert witness or dismiss an action as a sanction for the failure to timely file a witness list, in the fact that such sanction is the most drastic possible sanction, dictates that the trial court carefully consider the circumstances of each case to determine if such drastic sanction is appropriate. | Where a trial court has authority to bar expert witness or dismiss action as sanction for failure to timely file a witness list, does the fact that such sanction is the most drastic possible sanction mandatorily necessitate consideration of circumstances of each case? | 10938.docx | LEGALEASE-00094203-LEGALEASE-00094204 | Condensed_SA | 0.74 | | | | 1 | |
| 192 | Calvert Fire Ins. Co. v. James, 236 S.C. 431 | 366+1 | Legal "subrogation" is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to do complete justice between the parties. So how in a particular case... | Legal "subrogation" is not dependent upon contract. The doctrine is an equitable one, founded not upon any fixed law, but upon principles of natural justice; its purpose is to do complete justice between the parties. | Is the doctrine of equitable subrogation founded to do justice of equity and good conscience sought to put, and it is not dependent according to the dictates of natural justice and good conscience in the light of the action and relationship of parties? | Subrogation - Memo # 403 - C - SA.docx | ROSS-003284274-ROSS-003284275 | Condensed_SA | 0.51 | | | | 1 | |
| 193 | Vazmzoc v. Hazboc, 929 F. Supp. 562 | 413+1 | Turning to Court X, the Court concludes that the Rhode Island Workers' Compensation Act establishes a statutory scheme whereby employees are provided with a swift, though limited, relief for all injuries suffered on the job... | Turning to Court X, the Court concludes that the Rhode Island Workers' Compensation Act establishes a statutory scheme whereby employees are provided with a swift, though limited, relief for all injuries suffered on the job. | Does the workers' compensation act (WCA) establish a statutory scheme whereby employees are provided with a swift, though limited, relief for all injuries suffered on the job, even though the right to sue the injured employee might have might have? | Workers Compensation - Memo #58 ANC.docx | ROSS-003186907-ROSS-003186908 | Condensed_SA | 0.76 | | | | 1 | |
| 194 | Health Republic Ins. Co. v. United States, 129 Fed. Cl. 115 | 27+1 | The RSCC, which largely mirror the Federal Rules of Civil Procedure, do not provide for the participation of amici curiae. Nevertheless, the court possesses the inherent authority to allow such participation, and has broad discretion to exercise that authority... | The RSCC, which largely mirror the Federal Rules of Civil Procedure, do not provide for the participation of amici curiae. Nevertheless, the court possesses the inherent authority to allow such participation, and has broad discretion to exercise that authority. | When deciding whether to allow the participation of an amicus curiae, Court of Federal Claims may consider a number of factors, including (1) whether the court is persuaded that participation by the amicus will be useful to it, and a court would benefit from the amicus' opinion? | Amicus Curiae - Memo J-15.docx | ROSS-002293544-ROSS-002293545 | SA_Sub | 0.49 | 0 | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 195 | Velasquez v. Serrano, 43 So. 3d 61 | 366s1 | We review an order granting summary judgment de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Equitable subrogation is generally defined as follows: Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. Subrogation arises by operation of law, when one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. Boley v. Daniel, 72 Fla. 121, 72 So. 644 (1916). Subrogation "is not allowed if it works any injustice to the rights of others." Fed. Land Bank of Columbia v. Godwin, 107 Fla. 537, 145 So. 883, 885 (1933); see also Boulos v. Yung, 113 Fla. 491, 149 So. 556, 557 (1933). Dantzler Nat'l Bank v. Glendale Fed. Sav. & Loan Ass'n, 508 So.2d 1313 (Fla.1st DCA 1987). A party's entitlement to subrogation therefore "depends upon the equities and attending facts of each case." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick, 742 So.2d 328, 332 (Fla.3d DCA 1999). | Equitable subrogation arises by operation of law, when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid? | Does equitable subrogation arise by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid? | Subrogation - Memo 353 - MG1.docx | ROSS-003018658 ROSS-003018659 ROSS-003018671 | Condensed, SA | 0.76 | | 1 | | 1 | |
| 196 | Washington Mut. Bank, FA v. Aultman, 172 Ohio App. 3d 584 | 366s1 | In some circumstances, the doctrine of equitable subrogation can overcome the general statutory rule. See, e.g., ABN AMRO Bank, FSB v. Kipnis, 120 Ohio St.3d 68, 2008-Ohio-4657, 896 N.E.2d 1185, ¶ 16. Equitable subrogation " 'arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid.' " State ex rel. Jones (1986), 61 Ohio St.2d 89, 102, 15 O.O.3d 132, 399 N.E.2d 1215, quoting Fed. Union Life Ins. Co. v. Deitsch (1934), 127 Ohio St. 505, 510, 189 N.E. 440. In order to be entitled to equitable subrogation, "[the] equity must be strong and [the] case clear." Jones, 61 Ohio St.2d at 102, 15 O.O.3d at 132, 399 N.E.2d 1215. | Equitable subrogation arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid? | Does equitable subrogation arise by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid? | Subrogation - Memo # 460 - C - SU.docx | ROSS-003327712 ROSS-003327713 | Condensed, SA | 0.66 | | 0 | | 1 | |
| 197 | Morgan Creek Residential v. Kemp, 153 Cal. App. 4th 675 | 366s1 | "Subrogation is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim, by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant, the "subrogor" is equitably subrogated to the claimant, or "subrogee" ], and succeeds to the subrogor's rights against the obligor. (Citations.)' " As now applied [e]quitable subrogation] is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." (Citations.)' " (Fireman's Fund, supra, 65 Cal.App.4th at pp. 1297 [29], 77 Cal.Rptr.2d 296, italics omitted.) One who satisfies the obligation subrogee has the rights of a secured creditor must satisfy certain prerequisites. These are: " '(1) Payment must have been made by the subrogee to protect his own interest. (2) The subrogee must not have acted as a volunteer. (3) The debt paid must be one for which the subrogee was not primarily liable. (4) The entire debt must have been paid. (5) Subrogation must not work any injustice to the rights of others.' (Citations.)" (Caito v. United California Bank (1978) 20 Cal.3d 694, 704, 144 Cal.Rptr. 751, 576 P.2d 466.) (Caito.) | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim, by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant? | Is subrogation defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim, by undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant? | Subrogation - Memo # 510 - C - SU.docx | ROSS-003288154 ROSS-003288147 | Condensed, SA | 0.73 | | 1 | | 1 | |
| 198 | World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154 | 221s342 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 976, 11 L.Ed.2d 804 (1964). The applicability of the doctrine is not limited to cases in which a court would be required to declare invalid the official act of a foreign sovereign; rather, it "is apposite whenever the foreign state performed within its boundaries." 1st National City Bank v. Banco Para el Comercio Exterior de Cuba, 462 U.S. 611, 630, 103 S.Ct. 2591, 2603, 77 L.Ed.2d 46 (1983); W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., Int'l, 493 U.S. 400, 405, 110 S.Ct. 701, 704, 107 L.Ed.2d 816 (1990). When it does apply, the doctrine serves as "a rule of decision for the courts of this country," id. at 405, 110 S.Ct. at 704 (quoting Ricaud v. American Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 314, 62 L.Ed. 733 (1918)), which requires that, "in the process of deciding [a case], the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid," id. at 409, 110 S.Ct. at 706 (quoting Sabbatino, supra). The strong sense of the rationale for the doctrine has evolved over the years; the Court has most recently described it "as a consequence of domestic separation of powers, reflecting the strong sense that the judiciary should not interfere with the government's conduct of foreign relations." Id. at 404, 110 S.Ct. at 703 [the underlying the act of state doctrine include [concern] respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." W.S. Kirkpatrick, 493 U.S. at 405, 110 S.Ct. at 704. | The "act of state doctrine" precludes the courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | Does the act of state doctrine preclude the courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 77 - C - LK.docx | ROSS-003282504 ROSS-003282522 | Condensed, SA | 0.78 | | 1 | | 1 | |

| ROW | Judicial Opinion | WDNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |
| 199 | United States v. Sum of $79,390,963, 134 F. Supp. 3d 212 | 221+242 | The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | To accept the Shadman Claimants' invitation to construe the act of state doctrine in such broad terms would apply in virtually any case in which a foreign government issues a formal decree or declaration that declares that a party has a claim to property in an asset in the United States is contrary to an international agreement or the laws of the foreign state. Such an approach would not only break with centuries of practice and precedent, but would undermine the core tenant of the act of state doctrine "that courts should respect 'the proper distribution of functions between the judicial and political branches of the Government on matters bearing upon foreign affairs.'" Sabbatino, 376 U.S. at 427-28, 84 S.Ct. 923. The fact that a case might involve the expectations or views of a foreign state, moreover, is no reason for a court to disregard the principle that "[c]ourts in the United States have the power, and ordinarily the obligation, to decide cases and controversies properly presented to them." Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701. "The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid." Id. (emphasis added). | Does the act of state doctrine establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid? | 019958.docx | LEGALEASE-00122923 LEGALEASE-00122924 | Condensed, SA | 0.81 | 0 | 1 | | 1 | |
| 200 | Republic of Iraq v. ABB AG, 768 F.3d 145 | 221+242 | In considering the applicability of the act of state doctrine, that is, the affirmative defense that precludes the courts of this country from requiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official. | Of course, not every action that happens to take place within a foreign state triggers the act of state doctrine. For instance, in considering the applicability of the act of state doctrine "the affirmative defense that precludes the courts of this country from [requiring] into the validity of the public acts of a recognized foreign sovereign power committed within its own territory," courts distinguish between the public and private acts of a foreign official. Sabbatino, 376 U.S. 398, 401, 84 S. Ct. 923, 11 L.Ed.2d 804 (1964) ("Sabbatino") ("courts distinguish" between public and private acts of a foreign official); Republic of the Philippines v. Marcos, 806 F.2d 344, 359 (2d Cir.1986) ("Marcos"), cert. denied, 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987); see, e.g., Jimenez v. Aristeguieta, 311 F.2d 547, 557-58 (5th Cir.1962), cert. denied, 373 U.S. 914, 83 S.Ct. 1302, 10 L.Ed.2d 415 (1963). | To considering the act of state doctrine, does the affirmative defense that precludes the courts of this country from requiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, courts distinguish between public and private acts of a foreign official? | 020087.docx | LEGALEASE-00121394 LEGALEASE-00121396 | Condensed, SA | 0.61 | 1 | 0 | | 1 | |
| 201 | State v. Grubb, 28 Ohio St. 3d 199 | 113+1011(2) | At trial, it is incumbent upon defendant, who has been temporarily restricted from introducing evidence by virtue of grant of motion in limine in favor of State, to seek introduction of the evidence by proffer or otherwise in order to enable trial court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. | At trial, it is incumbent upon defendant, who has been temporarily restricted from introducing evidence by virtue of grant of motion in limine in favor of State, to seek introduction of the evidence by proffer or otherwise in order to enable trial court to make final determination as to its admissibility and to preserve any objection on record for purposes of appeal. The trial court's initial decision to grant a motion in limine is preliminary and the party against whom the motion was granted may nevertheless seek introduction of the evidence at trial... A motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. In virtually all circumstances finality does not attach when the motion is granted. [Cross-citations: 63 Ohio App.2d at 101, 17 O.O.3d at 269, 409 N.E.2d at 1045.] | Must a party who has been temporarily restricted from introducing evidence not seek to introduce it at trial in order to enable court to make final determination as to admissibility and to preserve any objection on record? | 012173.docx | LEGALEASE-00122755 LEGALEASE-00122760 | SA, Sub | 0.38 | 0 | 0 | 1 | 0 | |
| 202 | Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A., 44 F.3d 187 | 221+242 | Under principle of "international comity," domestic court normally will give effect to executive, legislative, and judicial acts of a foreign nation, and comity should be withheld only when it is contrary to the interest of the nation called upon to give it effect. | In general, "[u]nder the principle of international comity, a domestic court normally will give effect to the executive, legislative, and judicial acts of a foreign nation." Remington Rand v. Business Sys., Inc., 830 F.2d 1260, 1266 (3d Cir.1987) More specifically, we have stated that "[c]omity should be withheld only when it is contrary to the interest of the United States or to another jurisdiction to which a prejudicial to the interest of the nation called upon to give it effect. Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 440 (3d Cir.1971) (quotation omitted), cert. denied, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 79 (1972). Thus, a court from, within its discretion, deny comity to a foreign judicial act if it finds that the extension of comity "would violate the laws or policy of the United States..." | Under principle of "international comity," will domestic courts normally give effect to executive, legislative, and judicial acts of a foreign nation, and should comity be withheld only when it is contrary to the interest of the nation called upon to give it effect? | 020154.docx | LEGALEASE-00124686 LEGALEASE-00124687 | Condensed, SA | 0.63 | 1 | 0 | | 1 | |
| 203 | United States v. Lash of Virginia, 272 F. Supp. 2d 764 | 221+242 | The "act of state doctrine" prohibits United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government. | A similar analysis also colors our disposition of Defendants' act of state doctrine arguments. The act of state doctrine prohibits United States courts from sitting in judgment of the official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., Int'l, 493 U.S. 400, 409, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). The policies underlying the doctrine include international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." Id.; United States v. Noriega, 117 F.3d 1206, 1213 (11th Cir.1997) (applying the "act of state" doctrine). Thus, the doctrine requires that courts "not adjudge a politically sensitive dispute which would require the court to judge the legality of the sovereign act of a foreign state." Mol, Inc. v. Peoples Rep. of Bangl., 572 F.Supp. 79, 83 (D.Or.1983) (internal citations and quotations omitted). That is, act of state doctrine arises only when "a court must decide ... the effect of official action by a foreign sovereign." W.S. Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701. | Does the act of state doctrine prohibit United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government? | 020310.docx | LEGALEASE-00124455 LEGALEASE-00124456 | Condensed, SA | 0.82 | | 1 | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 204 | Mannington Mills v. Congoleum Corp., 595 F.2d 1287 | 221+342 | But whatever its theoretical foundation, by precluding inquiry into the validity of a foreign sovereign's act, the doctrine requires American courts to reject private claims based on the contention that the damaging act of another nation violates either American or international law. That preclusion is not lightly to be imposed and to determine whether the act of state doctrine applies in a given factual context, the court must analyze the nature of the questioned conduct and the effect upon the parties in addition to appraising the sovereign's role. See Restatement (Second) of Foreign Relations Law, Supra s 41, Comment d. | To determine whether act of state doctrine applies in given factual context, court must analyze nature of questioned conduct and effect upon parties in addition to appraising the sovereign's role. | "To determine whether act of state doctrine applies in given factual context, must a court analyze the nature of questioned conduct and effect upon parties in addition to appraising the sovereign's role?" | International Law - Memo # 505 - C - KI.docx | ROSS-003297936-ROSS-003297938 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 205 | Tucker v. Interarms, 186 F.R.D. 450 | 221+341 | Moreover, as suggested in Kreimerman itself, principles of international comity impact the requirements for service of process. The doctrine of international comity teaches that, when possible, foreign law "should be given effect in domestic courts, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations." Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 937 (D.C.Cir.1984). By giving effect to Brazil's apparent preference that letters rogatory be used to effectuate service of process, "[t]he interests of both forums are advanced"the foreign [state] because its laws and policies have been vindicated; the domestic country because international cooperation and ties have been strengthened. The rule of law is also encouraged, which benefits all nations." Id. | When possible, foreign law should be given effect in domestic courts, as matter of international comity, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations. | "Should foreign law be given an effect in domestic courts, as matter of international comity, since recognition fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations?" | International Law - Memo 349 - SB.docx | ROSS-003299797-ROSS-003299798 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 206 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | We begin by addressing Lone Star Gas's disregard for the motion in limine. A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. See Hartford Accident &Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963). The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. Id. The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. See Chavis v. Director, 924 S.W.2d 439, 446 (Tex.App."Beaumont 1996, no writ). When a trial court's order on a motion in limine is violated, we review the violation to see if it is curable by instructions to the jury to disregard it. See Dove v. Director, State Employees Workers' Compensation Div., 857 S.W.2d 577, 580 (Tex.App."Houston [1st Dist.] 1993, writ denied). | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is the trial court's ruling on a motion in limine a ruling that excludes or admits evidence; or is it merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling? | 031602.docx | LEGALEASE-00124954-LEGALEASE-00124956 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 207 | Scalice v. Performance Cleaning Sys., 50 Cal. App. 4th 221 | 413+1 | The difference in workers' compensation benefits and the economic damages defined in Proposition 51 stems from the fundamentally different nature of the workers' compensation system and the tort law system. The foundation of the workers' compensation system is the presumed compensation bargain, wherein the employer assumes liability for industrial injury or death without regard to fault and the employee is afforded relatively quick payment of benefits. In Goldman v. Wilsey Foods, Inc. (1989) 216 Cal.App.3d 1085, 1095, 265 Cal.Rptr. 294, the court explained the compromise nature of the workers' compensation system, stating that the: "California Constitution vested the Legislature with the plenary power to create a comprehensive workers' compensation system providing for a compulsory and exclusive scheme of employer liability without fault for employment-related injuries. This scheme ... reflects a legislated "quid pro quo." Having balanced the sacrifices and gains of employers and employees, the Legislature created a workers' compensation scheme reflecting a "fundamental social compromise," in which employers accepted liability without fault to pay compensation to injured employees in exchange for exemption from employees' civil actions for damages. [Citation.]" | Foundation of workers' compensation system is presumed compensation bargain, wherein employer assumes liability for industrial injury or death without regard to fault and employee is afforded relatively quick payment of benefits. | "Is the foundation of the workers compensation system presumed on a compensation bargain, wherein the employer assumes liability for industrial injury or death without regard to fault and the employee is afforded relatively quick payment of benefits?" | 048352.docx | LEGALEASE-00126865-LEGALEASE-00126866 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 208 | Franke v. Fabcon, 509 N.W.2d 373 | 413+11 | It is important, first of all, to remember that a workers' compensation claim is not like a private personal injury tort action. In the latter instance, settlements are, in a literal sense, "final and complete," putting to rest, once and for all, a dispute between the parties (absent fraud or mutual mistake). Workers' compensation, on the other hand, is social legislation, providing a measure of security to workers injured on the job, with the burden of that expense considered a proportionate part of the expense of production. Jones v. Schiek's Cafe, 277 Minn. 273, 277, 152 N.W.2d 356, 358"59 (1967). The system endeavors fairly and fully to compensate the meritorious injury claim. Consequently, the Workers' Compensation Act "permit[s] adjustment of the award in relation to facts subsequently appearing so as "to assure a compensation proportionate to the degree and duration of disability." " Elsenpeter v. Potvin, 213 Minn. 129, 132, 5 N.W.2d 499, 501 (1942) (quoting prior cases). | Workers' compensation is social legislation, providing measure of security to workers injured on job, with burden of that expense considered proportionate part of expense of production; system endeavors fairly and fully to compensate meritorious injury claim. | "Is workers compensation a social legislation that provides a measure of security to workers injured on the job, with the burden of that expense to be considered a proportionate part of expense of production, and does the system endeavor to fairly and fully compensate a meritorious injury claim?" | 048549.docx | LEGALEASE-00127195-LEGALEASE-00127196 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 209 | Cramer v. Roberts, 1976 1 150+7(1) Super. A | In Adkins v. City v. City Service Commission, 3 N.J. Super. 57, 65 A.2d 535, 536 (App. Div. 1949), the court said "further to a general sense in dis- down. More specifically, it is reasonable delay in asserting a right". . . "Long lapse of time . . . if unexplained, may create or justify a presumption against the existence of a right, or an unreasonable and unexplained length of time, under circumstances permitting diligence, to make an assertion of right, has been abandoned, waived or satisfied, that plaintiff has asserted or enforcement of the adverse right has been passed to such an extent that plaintiff would be prejudiced by the enforcement of plaintiff's claim. | Long lapse of time before asserting right claimed by plaintiff if unexplained, may create or justify presumption against existence or validity of such right and in favor of defendant's adverse right, or presumption that right, if ever possessed by plaintiff, has been abandoned, waived or satisfied, that plaintiff has asserted or acquiesced in defendant's adverse right, that evidence of transaction in issue has been lost or become obscured, that conditions have changed since plaintiff's right accrued, or that defendant would be prejudiced by enforcement of plaintiff's claim. | Will long lapse of time creates a presumption that a valid right never existed? | 005398.docx | LEGAL645E-0027996-LEGAL645E-0027997 | SA, Sub | 0.42 | | | | 21,876 | 9,029 |
| 210 | Perdue v. Mitchell 373 So. 2d 650 | 307A+737.1 | Continuances are not favored and the trial court's denial of a motion for continuance will be upset only where palpable or gross abuse of discretion is shown. Edmondson v. Blakey, 341 So. 2d 481, 484 (Ala. 1976). It is not an abuse of discretion to overrule a motion for continuance because of the absence of a witness where plaintiff fails to show due diligence in taking a deposition or procuring compulsory process. Knabe v. Bus. 209 Ala. 27, 95 So. 481 (1923). To warrant a continuance because of the absence of a witness, it must be shown (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence must be credible and will probably affect the result; (5) the evidence must not be merely cumulative or impeaching; (6) that the motion for continuance is not made merely for purposes of delay . . . Ex parte Driver, 258 Ala. 233, 237, 62 So.2d 24, 241 (1952). | To warrant continuance because of absence of the witness, movant must show that expected evidence will be material and competent, that probability exists that testimony can be obtained at future date to which cause may be continued or postponed, that due diligence has been exercised by movant to secure absent witness or evidence, that expected evidence is credible and probably will affect result, that evidence is not merely cumulative or impeaching, and that motion for continuance is not made merely for purposes of delay. | "To warrant continuance because of the absence of the witness, must a movant show that expected evidence will be material and competent?" | Pretrial Procedure Memo #2092 - C - N5.docx | ROSS-003300817-ROSS-003300818 | SA, Sub | 0.54 | | | | 1 | |
| 211 | Acetris v. Goetz, 524 S.W.3d 617 | 307A+560 | Tenn. R. Civ. P. 41.01(1), (3). Consequently, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in subsection (1) or other procedural rule which prohibits nonsuit when it would deprive the defendant of some vested right." Lacy v. Cox, 152 S.W.3d 480, 484 (Tenn. 2004) (footnote omitted) (citing Anderson v. Smith, 521 S.W.2d 787, 790 (Tenn. 1975)). In addition, a plaintiff's further limited to delay no more than two recruits without prejudice, Tenn. R. Civ. P. 41.01(2), and a nonsuit cannot be taken more than one year after an initial dismissal. As long as none of these exceptions and restrictions apply, "a plaintiff's right to voluntary dismissal without prejudice before the free and unrestricted right to voluntary dismissal affords a plaintiff the free and unrestricted right to voluntary dismissal before the jury retires." Rickets v. Sexton, 533 S.W.2d 293, 294 (Tenn. 1976). | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in the rule of civil procedure or other procedural rule which prohibits nonsuit when it would deprive the defendant of some vested right. | Is a plaintiff's right to voluntary dismissal without prejudice subject to the exceptions expressly stated in the rule of civil procedure governing dismissal as well as in an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right? Tenn. R. Civ. P. 41.01(1). | Pretrial Procedure Memo #2239 - C - M.docx | ROSS-003187393-ROSS-003187934 | SA, Sub | 0.65 | | | | 1 | |
| 212 | Henes v. Millburn, 932 S.W.2d 725 | 307A+517.1 | In performing the ministerial function to dismiss the action upon a motion for nonsuit, the trial court does not adjudicate the merits of the case; the dismissal merely places the parties in position they were in before action was brought. Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962) (orig. proceeding), and, subject to certain conditions, as recognized by McDonald, in section 273.5 supra, does not preclude the plaintiff from filing a subsequent action seeking the same relief. Aetna Cas. & Sur. Co. v. Specia, 849 S.W.2d 805, 806 (Tex. 1993) (orig. proceeding). The reality that the refiling of how's action against the center may be barred by the applicable statute of limitations merely meant that limitations is but a title action, not that the action is barred by the taking of the nonsuit without prejudice. | In performing its ministerial function to dismiss action upon motion for nonsuit, trial court does not adjudicate merits of case but merely places the parties in position they were in before action was brought and, subject to certain conditions, does not preclude plaintiff from filing a subsequent action seeking same relief. | "In performing the ministerial function to dismiss an action upon a motion for nonsuit, does a trial court adjudicate the merits of case and then preclude the plaintiff from filing a subsequent action seeking same relief?" | Pretrial Procedure Memo #2265 - C - S8.docx | ROSS-003301095-ROSS-003301096 | Condensed, SA | 0.63 | | | 0 | 1 | |
| 213 | United States v. Demko, 385 U.S. 149 | 413+1 | Historically, workmen's compensation statutes were the offspring of a desire both to give injured workers a quicker and more certain recovery than can be obtained from tort suits, as well as to relieve employers of the old common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, common-law tort actions. A survey of comparatively recent cases in this Court has recognized this history truth in well accordingly. Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, and Patterson v. United States, 359 U.S. 495, 79 S.Ct. 936, 3 L.Ed.2d 971. For those reasons, is typical of the recognition by this Court that the right of recovery granted groups of workers covered by such compensation laws is exclusive. Such rulings of this Court have established as a general rule that the security of remedy under such compensation laws. In Johansen v. United States, supra, 343 U.S. at 441, 72 S.Ct. at 857, this Court said that when the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect. Later, in Patterson v. United States, supra, 359 U.S. at 496, 79 S.Ct. at 937, this Court emphatically refused to abandon the Johansen "policy of any time intervals of such injuries compensation.' Thus, 'Consequently we decide . . . this case on the basis that the injured who are injured . . . consequently we decide this case on the basis that reasonably and fairly covered in a particular group of workers, is presumably is the exclusive remedy to protect the group. | Historically, workmen's compensation statutes were the offspring of desire both to give injured workers quicker and more certain recovery than could be obtained from tort suits, and were they practically always thought of as substitutes for, not supplements to, common-law tort actions? | Workers Compensation Memo #371.RC.docx | ROSS-010045420-ROSS-003303420 | Condensed, SA | 0.84 | | | 0 | 1 | |

44

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 214 | Sheets v. Hill Bros. Distributors, 379 S.W.2d 514 | 413+2084 | It is admitted, and plaintiff's evidence affirmatively established, that plaintiff and her employer were subject to the Missouri Workmen's Compensation Law. In such event the rights and remedies provided therein exclude all rights and remedies of plaintiff against defendant that she might have had at common law. Section 287.120(2) RSMo 1959, V.A.M.S. As stated in Marie v. Standard Steel Works, Mo., 319 S.W.2d 871, 875, "The compensation act, is not supplemental or declaratory of any existing rule, right or remedy, but creates an entirely new right or remedy and where the employer and employee have elected to accept the provisions of the act [or are subject thereto by operation of law] such new right or remedy is wholly substitutional in character and supplants all other rights and remedies, at common law or otherwise." See also Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153; Montgomery v. Mine La Motte Corporation, Mo., 304 S.W.2d 885, 888; McDaniel v. Kerr, 364 Mo. 1, 285 S.W.2d 629. Therefore, when on January 2, 1958, plaintiff sustained an injury arising out of and in the course of her employment, all remedies, claims or rights accruing to her and against her employer for compensation or damages arising by reason of such injury were those provided for in the Workmen's Compensation Law to the exclusion of any common law or contractual right. | Workmen's Compensation Law is not supplemental or declaratory of any existing rule, right, or remedy but creates an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies, where employer and employee have elected to accept the law or are subject thereto by operation of law. Section 287.120, subd. 2 RSMo 1959, V.A.M.S. | "Is the Workmens Compensation Law a supplement or declaratory of any existing rule, right, or remedy, or does it create an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies where the employer and employee have elected to accept the law or who are subject to it by operation of law?" | 047875.docx | LEGALEASE-00132952-LEGALEASE-00132953 | Order, SA | 0.72 | 1 | 0 | 0 | 1 | |
| 215 | Daugherty v. United States, 212 F. Supp. 2d 1279 | 34+3(1) | Plaintiffs' APA claims are premised on plaintiffs' request that the Court order the setting aside and expungement from Commander Daugherty's personnel record all actions, findings, and conclusions resulting from Captain Toennies' alleged unlawful exercise of command authority over him. Under the first step of the two-step justiciability test set forth in Mindes, "[a] court should not review internal military affairs in the absence of (a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures. 453 F.2d at 200. If these threshold requirements are met, the court "must examine the substance of the allegations in light of the policy reasons behind nonreview of military matters," weighing the following four factors: (1) the "nature and strength of the plaintiff's challenge to the military determination"; (2) the "potential injury to the plaintiff if review is refused"; (3) the "type and degree of anticipated interference with the military function"; and the "extent to which the exercise of military expertise and discretion is involved." Id. at 201. | In determining whether to review internal military affairs, if threshold requirements for review are met, court must examine substance of allegations in light of policy reasons behind nonreview of military matters, weighing following four factors: (1) nature and strength of plaintiff's challenge to military determination, (2) potential injury to plaintiff if review is refused, (3) type and degree of anticipated interference with military function, and (4) extent to which exercise of military expertise and discretion is involved. | What are the factors to be considered in determining whether the court should review a military decision? | Armed Services - Memo 94 - JS.docx | LEGALEASE-00023579-LEGALEASE-00023580 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 216 | Medina v. Raven, 492 S.W.3d 53 | 307A+486 | Raven argues that the trial court's denial of plaintiffs' motion to undeem admissions was proper in part because the motion "attaches no affidavits or other evidence to support good cause, no prejudice or presentation of merits." But, "although a party moving to withdraw admissions ordinarily must prove the requirements of Rule 198.3, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal."In re Sewell, 472 S.W.3d 449, 456 (Tex.App."Texarkana, orig. proceeding) (citing Marino, 355 S.W.3d at 634). "Accordingly, where a party moves to withdraw deemed admissions that are merit-preclusive, due-process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from " "flagrant bad faith or callous disregard of the rules." " Id. (citing Time Warner, Inc. v. Gonzalez, 441 S.W.3d 661, 666 (Tex.App."San Antonio 2014, pet. denied) (quoting Wheeler, 157 S.W.3d at 443)). This showing of flagrant bad faith or callous disregard is "an element of the movant's summary judgment burden." Yacoub v. Sure Tec. Ins. Co., No. 14"13"00274"CV, 2015 WL 1928618, at (Tex.App."Houston [14th Dist.] April 28, 2015, no pet.) (mem.op.) (citing Marino, 355 S.W.3d at 634). | Although a party moving to withdraw admissions ordinarily must prove the requirements of the governing rule, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. Tex. R. Civ. P. 198.3(b). | "Although a party moving to withdraw admissions ordinarily must prove the requirements of the governing rule, when the deemed admissions are merit-preclusive, does good cause exist absent bad faith or callous disregard of the rules by the party seeking the withdrawal?" | 028483.docx | LEGALEASE-00134595-LEGALEASE-00134596 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 217 | French v. Banco Nacional de Cuba, 23 N.Y. 2d 46 | 221+359 | In an area of international law where, for instance, there is a wide divergence "between the national interests of capital importing and capital exporting nations and between the social ideologies of those countries that favor state control of a considerable portion of the means of production and those that adhere to a free enterprise system", judicial restraint is surely indicated (376 U.S., at p. 430, 84 S.Ct. at p. 941): "It is difficult to imagine the courts of this country embarking on adjudication in an area which touches more sensitively the practical and ideological goals of the various members of the community of nations." Even if, therefore, we were to assume that the decision of the Cuban instrumentality here involved was contrary to our public policy, such considerations would not affect our determination. As the Supreme Court observed in the far harsher context of Subbatino, pp. 436"437, 84 S.Ct. pp. 944"945, "However offensive to the public policy of this country and its constituent States an expropriation of this kind may be, we conclude that both the national interest and progress toward the goal of establishing the rule of law among nations are best served by maintaining intact the act of state doctrine in this realm of its application." | In area of international law where there is a wide divergence between national interests of capital importing and capital exporting nations and between the social ideologies of those countries that favor state control of a considerable portion of means of production and those that adhere to a free enterprise system judicial restraint is indicated. | "Given the divergence between the national interests of capital importing and exporting nations, and the countries that favor state control of the means of production and those that adhere to a free enterprise system, would courts embark on adjudication which touches the practical and ideological goals of the various members of the community of nations?" | 020746.docx | LEGALEASE-00135811-LEGALEASE-00135812 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 218 | Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435 | 221+162 | Comity is a recognition which one nation extends within its own territory to the legislative, executive, or judicial acts of another. It is not a rule of law, but one of practice, convenience, and expediency. Although more than mere courtesy and accommodation, comity does not achieve the force of an imperative or obligation. Rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect. See Orfield and Re, International Law, Note, "Recognition and Enforcement of Foreign Judgments and Awards," pp. 736-737. | Although more than mere courtesy and accommodation, comity does not achieve the force of an imperative or obligation; rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. | "Is comity more than mere courtesy and accommodation, which does not achieve the force of an imperative or obligation, or is it a nations expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its laws?" | 020751.docx | LEGALEASE-00135819-LEGALEASE-00135820 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 219 | Andra v. Left Gate Prop. Holding, 453 S.W.3d 216 | 228+183 | When the motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a court may also consider affidavits and depositions properly filed in support of the motion to dismiss. Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 n.3 (Mo. banc 1997); see also Rule 55.28. Such consideration "does not serve to convert the motion to dismiss into a motion for summary judgment" as "the trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction." Chromalloy, 955 S.W.2d at 3 n.3. The merits of the underlying case are not considered. Id. "The circuit court can believe or disbelieve any statement in such affidavits, and factual determinations are within the sole discretion of the circuit court." Peoples Bank v. Frazee, 318 S.W.3d 121, 130 (Mo. banc 2010). Upon review, this Court must "affirm the trial court's ruling regarding jurisdiction" when the properly filed affidavits and depositions "show [defendants] did not commit any act sufficient to invoke" personal jurisdiction. Chromalloy, 955 S.W.2d at 4 (internal citation omitted). But "the sufficiency of the evidence to make a prima facie showing that the trial court may exercise personal jurisdiction is a question of law" to be reviewed de novo on appeal. Bryant, 310 S.W.3d at 231 (internal quotations and citation omitted). Review of the evidence must be on a case-by-case basis that cannot be "simply mechanical or quantitative" but instead "must depend rather upon the quality and nature of the activity [.]" Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945); see also Peoples Bank, 318 S.W.3d at 130. | A trial court's consideration of affidavits and depositions in ruling on a nonresident defendant's motion to dismiss for lack of personal jurisdiction, as allowed where the motion is based on facts not appearing in the record, does not serve to convert the motion to dismiss into a motion for summary judgment; the trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction, and the merits of the underlying case are not considered. Mo. Sup. Ct. R. 55.28. | "Does a trial court's consideration of affidavits and depositions in ruling on a nonresident defendant's motion to dismiss for lack of personal jurisdiction, not serve to convert the motion to dismiss into a motion for summary judgment?" | 032878.docx | LEGALEASE-00140019-LEGALEASE-00140020 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 220 | Chacha v. Transp. USA, 78 So. 3d 727 | 307A+563 | The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). | The requisite fraud on the court occurs, as basis for dismissing a claim, where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | "Does the requisite fraud on the court occur, as basis for dismissing a claim that a party has sentiently set in motion some unconscionable scheme?" | 034416.docx | LEGALEASE-00143574-LEGALEASE-00143575 | SA, Sub | 0.07 | 0 | 0 | 1 | 1 | |
| 221 | Cohen v. W.C.A.B. (City of Philadelphia), 589 Pa. 498 | 413+2 | Moreover, we agree with Claimant that, in recognition of the special character of the Pennsylvania workers' compensation system, it is preferable to permit the determination of disability for purposes of workers' compensation benefits to be made within that scheme, as opposed to by a local civil service commission. As this Court has previously explained, the Workers' Compensation Act's "uniquely detailed substantive and procedural provisions" supplant traditional common law rights and remedies, limiting recoveries in a manner that, in any other context, would be beyond the Legislature's authority. East, 574 Pa. at 25, 828 A.2d at 1021. Philadelphia's civil service regulations, on the other hand, arise in a significantly different landscape and have a substantially different focus, as they encompass many other forms of employment actions and decisions, with which Regulation 32 benefits are intermingled. Consequently, the Commission administers appeals concerning a materially broader range of subject matter extrinsic to the uniquely structured environment of the Workers' Compensation Act. | Workers' Compensation Act's uniquely detailed substantive and procedural provisions supplant traditional common law rights and remedies, limiting recoveries in a manner that, in any other context, would be beyond the Legislature's authority. 77 P.S. S 701 et seq. | "Do the workers compensation act uniquely detailed substantive and procedural provisions supplant traditional common law rights and remedies, and would limiting recoveries in a manner that, in any other context, be beyond the Legislatures authority?" | 048080.docx | LEGALEASE-00144257-LEGALEASE-00144258 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 222 | Paul v. Smith, Gambrell & Russell, 323 Ga. App. 447 | 307A+590.1 | OCGA "" 9"2"60(b) and 9"11"41(e) are the statutory embodiment of the "five-year rule." Together, they provide for the automatic dismissal of any action filed in a Georgia court of record when "no written order is taken for a period of five years[.]" " Zepp v. Brannen, 283 Ga. 395, 396, 658 S.E.2d 567 (2008). The five-year rule is "a reasonable procedural rule" that serves "the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and of protecting litigants from dilatory counsel." (Citation and punctuation omitted.) Brown v. Kroger Co., 278 Ga. 65, 68, 597 S.E.2d 382 (2004). These Code sections are mandatory, and dismissal occurs by operation of law. Republic Claims Svc. Co. v. Hoyal, 264 Ga. 127, 128, 441 S.E.2d 755 (1994); Roberts v. Eayrs, 297 Ga.App. 821, 822(2), 678 S.E.2d 535 (2009). We apply a bright-line rule for determining whether an order is sufficient to reset the five-year clock. Windsor v. City of Atlanta, 287 Ga. 334, 336(2), 695 S.E.2d 576 (2010). " [I]n order to toll the running of the five-year period that results in automatic dismissal for non-action, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citation and punctuation omitted.) Id. | The statutory "five-year rule," which provides for the automatic dismissal of an action when no written order is taken for a period of five years, is a reasonable procedural rule that serves the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and of protecting litigants from dilatory counsel. (Per Miller, J., with two judges concurring in judgment.) West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | "Is the statutory ""five-year rule,"" which provides for the automatic dismissal of an action when no written order is taken for a period of five years, a reasonable procedural rule?" | 035265.docx | LEGALEASE-00146003-LEGALEASE-00146004 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 223 | Cox v. Burke, 706 So. 2d 43 | 307A+563 | The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989). When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117–18. Because "dismissal sounds the 'death knell of the lawsuit,' courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Id. at 1118. | Requisite fraud on the court, justifying and extraordinary measure of dismissal, occurs where it can be demonstrated, clearly and convincingly, that party has sentiently set in motion some unconscionable scheme calculated to interfere with judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering presentation of opposing party's claim or defense. | "Does the requisite fraud on the court occur where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme?" | 035483.docx | LEGALEASE 00186316-LEGALEASE 00186317 | SA, Sub | 0.54 | 0 | | 1 | 1 | |
| 224 | U.S. ex rel. Du Laix v. O'Rourke, 213 F.2d 759 | 24+203 | Aliens, so long as they are permitted to remain in the United States, are entitled to the protection of the Constitution and laws with respect to their rights of person and property and to their civil and criminal responsibility. Thus their persons, while they are here, may be subject to the power of Congress to expel them, or to order them to be removed and deported from the country whenever, in its judgment, their removal is necessary or expedient for the public interest. Fong Yue Ting v. United States, 149 U.S. 698, 724, 13 S.Ct. 1016, 1026, 37 L.Ed. 905. | Aliens, so long as they are permitted to remain in the United States, are entitled to protection of the Constitution and laws with respect to their rights of person and of property and to their civil and criminal responsibility; but they continue to be aliens and, therefore, remain subject to power of Congress to expel them, or to order them to be removed and deported from the country whenever, in its judgment, their removal is necessary or expedient for the public interest. | Are aliens in United States entitled to the protection of its Constitution and laws with respect to their rights in both criminal and civil proceedings against them? | Aliens_Immigration and_USA (Jash Visit)(QDP)(KoR ... of docx | ROSS-000002293 | Condensed, SA | 0.17 | 1 | 1 | 0 | | |
| 225 | Thomas v. Pierce, 87 Ark. App. 26 | 307A+622 | In determining whether to dismiss a complaint under Rule 12(b)(6), it is improper for the trial court to look beyond the complaint to decide the motion to dismiss. In order to properly dismiss the complaint, the trial court must find that the complaining parties either (1) failed to state general facts upon which relief could have been granted or (2) failed to include specific facts pertaining to one or more of the elements of one of their claims after accepting all facts contained in the complaint as true and in the light most favorable to the nonmoving party. Rules Civ.Proc., Rule 12(b)(6). | In order to properly dismiss a complaint for the failure to state a claim upon which relief can be granted, the trial court must find that the complaining parties either (1) failed to state general facts upon which relief could have been granted or (2) failed to include specific facts pertaining to one or more of the elements of one of their claims after accepting all facts contained in the complaint as true and in the light most favorable to the nonmoving party. | "In order to properly dismiss complaint for failure to state facts upon which relief can be granted, what should the circuit court find?" | 036997.docx | LEGALEASE 00150346-LEGALEASE 00150347 | SA, Sub | 0.25 | 0 | | 1 | 1 | |
| 226 | Ponce v. Lifetime Fitness Servs., L.K.F.S.M 120.5 | 307A+679 | On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court "must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory" (*Ney v. Yacht Club of Am.*, 123 A.D.3d 136, 139, 996 N.Y.S.2d 134 [2014] [internal quotation marks and citation omitted]; *see also* denied 25 N.Y.3d 1018, 10 N.Y.S.3d 530, 32 N.E.3d 966 [2015]). New York pleadings are liberally construed... "On a motion to dismiss pursuant to CPLR 3211(a)(7), whether the plaintiff has a cause of action... | On a motion to dismiss a complaint for failure to state a cause of action, the court must afford the complaint a liberal construction, accept the allegations contained therein as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. | "On a motion to dismiss a complaint for failure to state a cause of action, should a court accept the facts alleged in the complaint as true?" | 037087.docx | LEGALEASE 00150684-LEGALEASE 00150685 | SA, Sub | 0.6 | 1 | | 1 | 1 | |
| 227 | Kassab v. Kasab, 137 A.D.3d 1135 | 307A+624 | In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, a court must read and test all allegations in the complaint as true and accept the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v. Martinez*, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]; *Romer v. Amazon.com*, 115 A.D.3d 615, 981 N.Y.S.2d 645 [2014]). | In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, a court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. | "In deciding a motion to dismiss a complaint for failure to state a cause of action, should a court accept the facts alleged in the complaint as true?" | 037038.docx | LEGALEASE 00150904-LEGALEASE 00150905 | Condensed, SA | 0.28 | 0 | 1 | | 1 | |
| 228 | Meyer v. N. Shore Long Island Jewish Health Sys., 137 A.D.3d 880 | 307A+680 | In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v. Martinez*, 84 A.D.3d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511; *Sokol v. Leader*, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted into one for summary judgment. When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. *McKinney's CPLR 3211(a)(7), (c)*. | A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted into one for summary judgment. When evidentiary material is considered on a motion to dismiss a complaint, is the criterion whether the plaintiff has a cause of action? | "When evidentiary material is considered on a motion to dismiss a complaint, is the criterion whether the plaintiff has a cause of action?" | Pretrial Procedure - Memos # 834 - C - KBM_59741.docx | ROSS-003281502-ROSS-003281503 | Condensed, SA, Sub 0.51 | 0.51 | 1 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 229 | Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility. It includes not only violent acts but acts and words likely to produce violence in others. No one would have the hardihood to suggest that the principle of freedom of speech sanctions incitement to riot or that religious liberty connotes the privilege to exhort others to physical attack upon those belonging to another sect. When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the state to prevent or punish is obvious.Equally obvious is it that a state may not unduly suppress free communication of views, religious or other, under the guise of conserving desirable conditions. Here we have a situation analogous to a conviction under a statute sweeping in a great variety of conduct under a general and indefinite characterization, and leaving to the executive and judicial branches too wide a discretion in its application. | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | Whether the state has the power to prevent or punish when a clear and present danger of interference with traffic upon public streets appear? | Disorderly Conduct-Memo 125-PR_60853.docx | ROSS-003280411-ROSS-003280412 | Order, SA | 0.69 | 1 | 0 | 0 | 1 | |
| 230 | Podberesky v. Kirwan, 38 F.3d 147 | 141E+1234 | In determining reference pool in analyzing whether underrepresentation of African-American students in university student body is present effect of past discrimination which will justify race-conscious scholarship program under equal protection clause, pool must factor out, to extent practicable, all nontrivial, nonrace based disparities in order to permit inference that racial considerations contributed to remaining disparity. U.S.C.A. Const.Amend. 14. Racial tensions which still exist in American society, including on campuses of institutions of higher learning, are not sufficient ground for employing race-conscious remedy to cure present effects of past discrimination under equal protection clause. | In determining reference pool in analyzing whether underrepresentation of African-American students in university student body is present effect of past discrimination which will justify race-conscious scholarship program under equal protection clause, pool must factor out, to extent practicable, all nontrivial, nonrace based disparities in order to permit inference that racial considerations contributed to remaining disparity. U.S.C.A. Const.Amend. 14. | Can universities remedy past discrimination through race-conscious programs under Equal Protection Clause? | 016772.docx | LEGALEASE-00153764-LEGALEASE-00153765 | Condensed, SA | 0.36 | 0 | 1 | 0 | 1 | |
| 231 | Wilner v. Allstate Ins. Co., 71 A.D.3d 155 | 307A+624 | In determining a motion to dismiss pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see Pacific Carlton Dev. Corp. v. 752 Pac., LLC, 62 A.D.3d 677, 679, 878 N.Y.S.2d 421). "[T]he complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true" (Pacific Carlton Dev. Corp. v. 752 Pac., LLC, 62 A.D.3d at 679, 878 N.Y.S.2d 421; see Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511). Affidavits may be received, and the court may freely consider them for the limited purpose of remedying any defects in the complaint (see Leon v. Martinez, 84 N.Y.2d at 88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Fitzgerald v. Federal Signal Corp., 63 A.D.3d 994, 995, 883 N.Y.S.2d 67). | In determining a motion to dismiss, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | Is the sole criterion determining a motion to dismiss pursuant to CPLR 3211(a)(7) that factual allegations of a pleading's four corners are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal for failure to state a cause of action? | 038637.docx | LEGALEASE-00153980-LEGALEASE-00153981 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 232 | City of Los Angeles v. Gleneagle Dev. Co., 62 Cal. App. 3d 543 | 307A+581 | With the passage of Rule 203.5, imposing on the trial judge the duty to examine specifically enumerated factors, including the delay attributable to Either party, the interests of justice, and other facts or circumstances relevant to a fair determination of the issue, this "presumption of prejudice" retains questionable validity. It is harsh to cut off a plaintiff's remedy to an apparently meritorious cause of action based merely on a presumption of prejudice to defendants, without more. The penalty of dismissal against a dilatory plaintiff should be exercised with the utmost care; and where it appears that the plaintiff has a good cause of action, that plaintiff has made some showing of excuse for delay; and where defendant does not claim actual prejudice and has waited until the last possible moment to file a motion to dismiss, the ends of substantial justice are best met by a preference for the policy of favoring trials on the merits as contrasted with that policy which favors presumptions of prejudice. The reason is that, in the absence of prejudice to defendants, attributable to unreasonable delays by plaintiff, the probability of a miscarriage of justice is greater when a trial on the merits is denied than it is where plaintiff is permitted to proceed. | Penalty of dismissal against a dilatory plaintiff should be exercised with utmost care and when it appears that plaintiff has a good cause of action, the plaintiff has made some showing of excuse for delay, and where defendant does not claim actual prejudice and has waited until last possible moment to file a motion to dismiss, ends of substantial justice are best met by preference for policy of favoring trial on merits as contrasted with policy which favors presumptions of prejudice. | Should penalty of dismissal against a dilatory plaintiff be exercised with utmost care? | Pretrial Procedure - Memo # 9698 - C - VP_61598.docx | ROSS-003283047-ROSS-003283048 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 233 | Robinson v. Trenton Dressed Poultry Co., 344 Pa. Super. 545 | 307A+697 | When an action is dismissed, with prejudice, for failure to prosecute a claim, it is contemplated that that action is terminated unless the plaintiff takes positive steps to reinstate the cause of action within the applicable period of the statute of limitations. As the Commonwealth Court explained in Thompson v. Cortese, 41 Pa.Commw. 174, 398 A.2d 1079 (1979), when an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to the plaintiff because it is not an adjudication on the merits; rather, it means only that the plaintiff whose complaint is thus dismissed cannot reinstate that complaint unless he first petitions the court to exercise its discretion to remove the non pros and establishes certain facts. The underlying reasons for such a policy are clear-prompt, final conclusion of pending matters, and removal from the docket of cases which would otherwise clutter it for an unreasonable length of time. Cf. Bon Homme Richard Restaurants, Inc. v. Three Rivers Bank & Trust Company, supra. | When an action is dismissed with prejudice for failure to prosecute a claim, it is not a denial of relief to plaintiff because it is not an adjudication on the merits; rather, it means only that plaintiff whose complaint is thus dismissed cannot reinstate the complaint unless he first petitions the court to exercise discretion to remove the non pros and establishes certain facts. | Can a plaintiff reinstate a complaint unless he first petitions a court to exercise its discretion to remove the non pros and establish certain facts? | Pretrial Procedure - Memo # 11021 - C - VP_63729.docx | ROSS-003281373-ROSS-003281374 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 234 | Carrillo v. Superior Court, 145 Cal. App. 4th 1511 | 135H+96 | Once a defendant is placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, a discharge of that jury without a verdict is equivalent in law to an acquittal and bars a retrial, unless the defendant consents to the discharge or legal necessity requires it. (Curry, supra, 2 Cal.3d at p. 712, 87 Cal.Rptr. 361, 470 P.2d 345.) A defendant is under no duty to object in order to claim the protection against double jeopardy and his silence in the face of an ensuing discharge cannot be deemed a waiver. (Id. at p. 713, 87 Cal.Rptr. 361, 470 P.2d 345.) Even when an error prejudices a defendant's prospects of securing an acquittal, he may nonetheless withhold consent. He may prefer to proceed with trial rather than begin the process anew in order to minimize the embarrassment, expense, and anxiety associated with trial. (Id. at p. 717, 87 Cal.Rptr. 361, 470 P.2d 345.). | Once a defendant is placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, a discharge of that jury without a verdict is equivalent in law to an acquittal and bars a retrial, unless the defendant consents to the discharge or legal necessity requires it. U.S.C.A. Const.Amends. 5, 14; West's Ann.Cal. Const. Art. 1, S 15. | "Once a defendant is placed on trial in a court of competent jurisdiction, before a jury duly impaneled and sworn, is a discharge of that jury without a verdict equivalent in law to an acquittal and bars a retrial?" | 015063.docx | LEGALEASE-00162474-LEGALEASE-00162475 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 235 | People v. Haishun, 238 A.D.2d 521 | 135H+25 | In United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 [1996] ), the Supreme Court set forth a two-prong test to determine whether a civil forfeiture proceeding constitutes punishment for purposes of double jeopardy including the questions of: (1) whether the Legislature intended the proceeding to be criminal or civil in nature, and (2) whether the proceeding is so punitive that it " "may not legitimately be viewed as civil in nature" " (United States v. Ursery, supra, 518 U.S. at """", 116 S.Ct. at 2147, quoting United States v. One Assortment of 89 Firearms, 465 U.S. 354, 366, 104 S.Ct. 1099, 1107, 79 L.Ed.2d 361; see also, Cordero v. Lalor, supra; People v. Roach, supra). | Under United States Supreme Court's Ursery decision, court determining whether civil forfeiture proceeding constitutes punishment for double jeopardy purposes considers whether legislature intended proceeding to be criminal or civil in nature, and whether proceeding is so punitive that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5. | "Under the United States Supreme Court's Ursery decision, does a court determining whether civil forfeiture proceeding constitutes punishment for double jeopardy purposes consider whether legislature intended proceeding to be criminal or civil in nature?" | Double Jeopardy - Memo 213 - C - VP_66736.docx | ROSS-003278677-ROSS-003278678 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 236 | State v. Lamar, 205 Ariz. 431 | 135H+96 | We reject Lamar's arguments and find his reliance on Pool misplaced. Lamar's characterization of the prosecutor's questioning of Hogan as misconduct conflicts with the trial court's finding that, although the prosecutor's question was "inartfully framed," the prosecutor did not intentionally evade the trial court's order. This finding of fact is not clearly erroneous. See State v. Cuffle, 171 Ariz. 49, 51, 828 P.2d 773, 775 (1992) ("Appellate review of a trial court's findings of fact is limited to a determination of whether those findings are clearly erroneous."). Importantly, a prosecutor's misconduct implicates a defendant's double jeopardy rights under Pool only when: 1. Mistrial is granted because of improper conduct or actions by the prosecutor; and 2. such conduct is not merely the result of legal error, negligence, mistake or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial or reversal; and 3. the conduct causes prejudice to the defendant which cannot be cured by means short of a mistrial. Pool, 139 Ariz. at 108-09, 677 P.2d at 271-72 (footnote omitted). Not only did the trial court find that the prosecutor's conduct was not intentional, but, in addition, nothing in the record suggests that the prosecutor asked the question with an improper purpose or indifference to a significant resulting danger of mistrial or reversal. Lamar's argument that his double jeopardy rights were violated lacks merit. | A prosecutor's misconduct implicates a defendant's double jeopardy rights when: (1) mistrial is granted because of improper conduct or actions by the prosecutor; (2) such conduct is not merely the result of legal error, negligence, mistake or insignificant impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for an improper purpose with indifference to significant resulting danger of mistrial or reversal; and (3) the conduct causes prejudice to defendant which cannot be cured by means short of a mistrial. U.S.C.A. Const.Amends. 5, 14; A.R.S. Const. Art. 1, SS 4, 10, 24. | When does a prosecutor's misconduct implicate a defendant's double jeopardy rights? | Double Jeopardy - Memo 264 - C - MS_66578.docx | ROSS-003279504-ROSS-003279505 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 237 | State ex rel. City of St. Louis v. Oakley, 354 Mo. 124 | 148+320 | In condemnation suits under our general statutes we have consistently held that the easement in or title to private property is fully acquired by the condemnor when it pays to the owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although the judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. State ex rel. State Highway Com'n of Missouri v. Day, 327 Mo. 122, 35 S.W.2d 37, 38, and cases cited. In the Day case we said: "The condemnor in every case, in the exercise of a discretion not subject to judicial review, makes its own appropriation of private property for public use. When it pays to the owner of the property so appropriated just compensation, the title passes by operation of law. The only function that the court performs in a condemnation proceeding is the ascertainment of just compensation, unless the question of public use be drawn into the proceeding. It may in its judgment make pronouncement of condemnation, but, if so, its judgment in that respect is a mere empty form." To the same effect is State ex rel. Union Electric Light & Power Co. v. Bruce, 334 Mo. 312, loc. cit. 315, 66 S.W.2d 847. | In condemnation suits under general statutes, easement in or title to private property is fully acquired by condemnor when it pays to owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. | "Is the easement in or title to the property condemned fully acquired by the condemnor when it pays to the owner, or into the court for him, the amount of the damages awarded by the commissioners, in condemnation suits?" | 017682.docx | LEGALEASE-00127296-LEGALEASE-00127297 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 238 | Osterman v. Baber, 714 N.E.2d 735 | 366+32 | Equitable subrogation is applicable when a "party, not [acting as] a mere volunteer, pays the debt of another which, in good conscience, should have been paid by the one primarily liable." Loving v. Ponderosa Sys., Inc. (1985) Ind., 479 N.E.2d 531, 536 (citing National Mut. Ins. Co. v. Maryland Cas. Co. (1963), 136 Ind.App. 35, 41, 187 N.E.2d 575, 578, trans. denied ). At that time, if equity permits, the party who has paid the creditor, or subrogee, becomes entitled to the legal rights and security originally held by the creditor. "Subrogation depends upon the equities and attending facts and circumstances of each case." Ticor Title Ins. Co. v. Graham (1991) Ind.App., 576 N.E.2d 1332, 1338, trans. denied. It is "a highly favored doctrine, which is to be given a liberal application." 73 am.Jur.2d Subrogation " 7 (1974) (citations omitted). However, while ordinary negligence will not bar the application of subrogation, "[t]he remedy will not be allowed where the party is guilty of culpable negligence." Ticor, supra at 1338. Thus, a party who pays the debt of another may be substituted in place of the other if he was not acting (1) as a mere volunteer and (2) with "culpable negligence." | Doctrine of "equitable subrogation," also known as legal subrogation, is applicable when a party, not acting as a mere volunteer, pays the debt of another which, in good conscience, should have been paid by the one primarily liable; at that time, if equity permits, the party who has paid the creditor, or subrogee, becomes entitled to the legal rights and security originally held by the creditor. | "Is equitable subrogation applicable when a party, not acting as a mere volunteer, pays the debt of another which, in good conscience, should have been paid by the one primarily liable?" | Subrogation - Memo # 413 - C - SA.docx | ROSS-003323790-ROSS-003323792 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,344 | 14,873 | 23,876 | 9,029 |
| 239 | May v. May, 214 W. Va. 394 | 192+1 | Goodwill may be defined generally as [t]he advantage or benefit, which is acquired by an establishment, beyond the mere value of the capital stock, funds, or property employed therein, in consequence of general public patronage and encouragement, which it receives from constant or habitual customers, on account of its local position, or common celebrity, or reputation for skill or affluence, or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices McDaniel v. McDaniel, 148 W. Va. 124, 137 n.2, 133 S.E.2d 371 (1963) (citations omitted). See also Smith v. Smith, 731 N.E.2d 1265, 1268 (Ind.1999) (defining goodwill "as the value of a business or practice that exceeds the combined value of the net assets used in the business") (internally, goodwill is "'the favor which the management of a business has won from the public, and probably that old customers will continue their patronage'") (Nardone v. Nardone, 689 A.2d 1368, 1372 (Pa.Super.1997)) (quoting Ullom v. Ullom, 384 Pa.Super. 514, 559 A.2d 555, 558 (1989)) further, marketable "[g]oodwill associated with a business is an asset distributable upon dissolution of a marriage," Salez v. Salez, 308 N.J.Super. 474, 706 A.2d 230, 231 (1998) (citation omitted). However, "[w]here no market exists for goodwill, it should be considered to have no value." Maverick v. Maverick, 59 P.3d 255, 265 (Alaska 2002)). | What is defined as goodwill? | 000742.docx | LEGALEASE-00116415–LEGALEASE-00116417 | Condensed, SA | 0.64 | 0 | 1 | 0 | 21,876 | 1 |
| 240 | Nat. Res. Def. Council v. E.P.A., 735 F.3d 1010 | 149II+294 | We agree with EPA that both comments seem to focus more on the way EPA implemented the Comparable Fuels Exclusion than on its statutory authority particularly in light of the text of each comment. Nonetheless, EPA's response to Modern Metal's comment suggests that EPA understood Modern Metal to challenge EPA's statutory authority to exclude comparable fuels in the first instance and affirms its authority to do so. "Section 3004(q) applies to hazardous wastes which are burned for energy recovery. In this proposal, EPA is using its authority to determine whether particular fuels produced from secondary materials are or are not, products rather than wastes." IA 547. Thus, the issue was expressly addressed by EPA and is properly before us for review. See Appalachian Power Co. v. EPA, 135 F.3d 1451, 1458 (D.C.Cir.2014); Nat. Wildlife Fed'n v. EPA, 286 F.3d 1321, 1328 (D.C.Cir.2002) (per curiam). As EPA's response to Modern Metal's comment demonstrates, it recognized that its statutory authority under section 6034(q) to exempt some hazardous waste derived fuels from regulation was a "key assumption" underlying EPA's exercise of its "discretion to exempt such materials" Phase/Down Task Force v. EPA, 705 F.3d 548, 554*55 (D.C.Cir.2013); see also Ohio, Dep't of Insti. Correc. v. EPA, 740 F.3d 185, 190 (D.C.Cir.2014); Nat. NM Motor Disposal Auth. v. EPA, 398 F.3d 1056, 548 (D.C.Cir.2004) (per curiam). As EPA's response to Modern Metal's comment demonstrates, it recognized its statutory authority under section 6034(q) to exempt some hazardous waste-derived fuels from regulation as a "key assumption" underlying EPA's exercise of its "discretion to exempt such materials" | Does the Environmental Protection Act (EPA) retain a duty to examine key assumptions as part of promulgating and explaining a non-arbitrary, non-capricious rule? | Environmental Law - Memo 42 - AAA.doc | LEGALEASE-00002346–LEGALEASE-00002348 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 241 | Zveschtov ex rel. Zveschtav v. Sec'y of State, 725 F.3d 197 | 221+502 | Recognition is the act by which "a state commits itself to treat an entity as a state or to treat a regime as the government of a state." Restatement (Second) of Foreign Relations Law * 94(1). "The rights and attributes of sovereignty belong to an individual sovereign state is held to respect the individual state, and only after it has been recognized that it is assured of exercising them." J. John Bassett Moore, A Digest of International Law * 27, at 72 (1906) (Moore's Int'l Law Digest). Recognition is therefore a critical step in establishing diplomatic relations with the United States; if the United States does not recognize another state, it means the United States considers it "unlawful"; [to acknowledge that the government in question speaks as the sovereign authority for the territory it purports to control." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 410, 84 S.Ct. 931, 11 L.Ed.2d 804 (1964). Recognition also confers other substantial benefits. For example, a recognized sovereign generally enjoy (1) immunity in a United States court, see id. at 408*09, 84 S.Ct. 923, 923 (Guaranty Trust Co. v. United States, 304 U.S. 126, 137, 58 S.Ct. 785, 82 L.Ed. 1224 (1938)); (2) assert the sovereign immunity defense in a United States court, see Nat'l City Bank v. Republic of China, 348 U.S. 356, 359, 75 S.Ct. 423, 99 L.Ed. 389 (1955); and (3) benefit from the "act of state" doctrine, which provides that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory," Oetjen v. Cent. Leather Co., 246 U.S. 297, 303, 38 S.Ct. 309, 62 L.Ed. 726 (1918) (quotation marks omitted). | "Can an entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the 'act of state doctrine'?" | 019715.docx | LEGALEASE-00123776–LEGALEASE-00123777 | SA, Sub | 0.73 | 0 | 0 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 242 | In re Nazi Era Cases Against German Defendants Litig., 236 F.R.D. 231 | 221+133 | International comity is "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under protection of its laws." Hilton v. Guyot, 159 U.S. 113, 163"64, 16 S.Ct. 139, 40 L.Ed. 95 (1895); see also Stonington Partners v. Lernout & Hauspie Speech Prods. N.V., 310 F.3d 118, 126 (3d Cir.2002); Frumkin, 129 F.Supp.2d at 386. There is perhaps no case more deserving of the "practice, convenience, and expediency" of international comity than one in which the decisive issues have been consistently and competently resolved by foreign courts. See Somportex, Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 440 (3d Cir.1971). "Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves." Oetjen v. Central Leather Co., 246 U.S. 297, 303, 38 S.Ct. 309, 62 L.Ed. 726 (1918) (citing Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897)); 129 F.Supp.2d at 388. "[A] court may, within its discretion, deny comity to a foreign judicial act if it finds that the extension of comity "would be contrary or prejudicial to the interest of the" United States." Philadelphia Gear Corp. v. Philadelphia Gear, S.A., 44 F.3d 187, 191 (3d Cir.1994); 129 F.Supp.2d at 387. "Additionally, a court must evaluate whether a true conflict exists between the law of the United States and that of a foreign jurisdiction." 129 F.Supp.2d at 387 (citing Hartford Fire Ins. Co. v. California, 509 U.S. 764, 798, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)). | Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory; redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. | "Under the act of the state doctrine, will a court review actions of a foreign sovereign because every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory?" | 019804.docx | LEGALEASE-00124085-LEGALEASE-00124087 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 243 | Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pre-trial evidentiary ruling on the admission of evidence without the trial court having any evidentiary foundation for the ruling in the context of the trial. Homebuilders Assn. of Ga. v. Morris, 238 Ga.App. 194, 195, 518 S.E.2d 194 (1999). Where the exclusion of evidence is required as a matter of law, the trial court does not abuse its discretion in granting a motion in limine. Id. at 197, 518 S.E.2d 194; American Petroleum Products v. Mom & Pop Stores, 231 Ga.App. 1, 7(3), 497 S.E.2d 616 (1998). Thus, "[b]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citation omitted.) Andrews v. Wilbanks, 265 Ga. 555, 556, 458 S.E.2d 817 (1995). | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial. | "Is the grant of a motion in limine excluding evidence a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial?" | Pretrial Procedure - Memo # 149 - C - CRB.docx | ROSS-003283900-ROSS-003283901 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 244 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an "official act of a foreign sovereign performed within its own territory." " Republic of Austria v. Altmann, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (quoting W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp. 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The doctrine applies when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." Kirkpatrick, 493 U.S. at 405, 110 S.Ct. 701. Neither a statute nor the "text of the Constitution [requires] the act of state doctrine." Banco National de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Rather, "its continuing vitality depends on its capacity to reflect the proper distribution of the functions between the judicial and political branches of the Government on matters bearing upon foreign affairs." Id. at 427"28, 84 S.Ct. 923. "As such, it operates as a rule of judicial restraint in decisionmaking, not [as] a jurisdictional limitation like the political question doctrine," Hourani v. Mirtchev, 796 F.3d 1, 12 (D.C. Cir. 2015), or as "some vague doctrine of abstention," Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701. | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Does the act of state apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? | International Law-Memo # 759 - C - SU.docx | ROSS-003322875-ROSS-003322877 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 245 | State v. Metz, 241 A.D.2d 192 | 307A+3 | While the motion court recognized that summary judgment is a procedural device to accelerate judgment by eliminating the trial stage when the only issues to be resolved are questions of law, it nevertheless overstated the concept that summary judgment is the functional equivalent of a trial and proceeded to treat defendants' cross-motions as motions in limine. Generally, the function of a motion in limine is to permit a party to obtain a preliminary order before or during trial excluding the introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use. Its purpose is to prevent the introduction of such evidence to the trier of fact, in most instances a jury. The role of the court on a motion for summary judgment, and we emphasize the summary nature of the motion, is not to try the facts, but rather to determine whether evidence sufficient to require a trial of any issue of fact exists. "[I]t is the earmark of summary judgment that the court is confined to determining whether an issue of fact exists as a matter of law" (Phillips v. Joseph Kantor & Co., 31 N.Y.2d 307, 315, 338 N.Y.S.2d 882, 291 N.E.2d 129). | Generally, function of motion in limine is to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use; purpose of motion is to prevent introduction of such evidence to trier of fact, in most instances a jury. | "Is the function of a motion in limine to permit party to obtain preliminary order before or during trial excluding introduction of anticipated inadmissible, immaterial, or prejudicial evidence or limiting its use?" | Pretrial Procedure - Memo # 163 - C - CRB.docx | ROSS-003281760-ROSS-003281761 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,079 |
| 246 | Rosmarin v. Morozzo, 115 Conn. App. 234 | 307H-3 | We first set forth our standard of review. "[T]he motion in limine ... generally serves a function ... inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might be prejudicial or otherwise impair any party to a fair trial. The trial court's ruling on an evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. We will make every reasonable assumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion... [Thus] our review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) General Light & Power Co. v. Gilmore, 289 Conn. 88, 126, 956 A.2d 1145 (2008). In this case, however, the plaintiff's motion in limine sought to preclude evidence on the basis of the statute of limitations. "Whether a party's claim is barred by the statute of limitations is a question of law over which our review is plenary." Bellemare v. Wachovia Mortgage Corp., 94 Conn.App. 593, 605, 894 A.2d 1. 1310 (2006), aff'd, 284 Conn. 193, 931 A.2d 1 (2007). Thus, our review of the court's application of the statute of limitations is plenary. | Has the motion in limine generally been used in court to invoke a trial judge's inherent discretionary powers to prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial? | Pretrial Procedure - Memo #110- C - 538.docx | ROSS-003321111 ROSS-003321113 | Condensed, SA | 0.8 | 0 | 1 | | | |
| 247 | Titus v. Superior Court, 87 Cal. App. 4th 738 | 307H-1 | In the absence of a clear legislative directive for or against oral hearings, we examine the applicable statutory language and consider the context, looking in particular to the following factors: (1) whether the statutory scheme, read as a whole, encompasses an oral hearing; (2) whether the proceedings involve critical pretrial matters of considerable significance to the parties; and (3) Does the motion or other pretrial proceeding involve a real and genuine dispute as to facts, supra, 87 Cal.App.4th at pp. 750?751, 104 Cal.Rptr.2d 810.) | In the absence of a clear legislative directive for or against oral hearings, what factors should one examine in the applicable statutory language and consider the context, looking in particular to the following factors: (1) whether the statutory scheme, read as a whole, encompasses an oral hearing; (2) whether the proceedings involve critical pretrial matters of considerable significance to the parties; and (3) Does the motion or other pretrial proceeding involve a real and genuine dispute? | What are the factors looked into by the court in the absence of a clear legislative directive for or against oral hearings in a pretrial motion? | Pretrial Procedure - Memo #115 - C - LK.docx | ROSS-003311704-ROSS-003311705 | SA, Sub | 0.08 | | | 1 | | |
| 248 | Fed. Land Bank of Baltimore v. Joynes, 179 Va. 109 | 365+27 | Subrogation has been generally classified as being either legal or conventional. Legal subrogation arises by operation of law when one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. Conventional subrogation, on the other hand, arises where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lien. The progressive extension of both types of subrogation has been recognized... | "Subrogation" is generally classified as being either legal or conventional. "legal subrogation" arising by operation of law when one having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. "Conventional subrogation" arising where by express or implied agreement with the debtor, a person advancing money to discharge a prior lien might be substituted to the security of the prior lien. | How is subrogation classified under the law? | Subrogation - Memo 1003 - C-AH.docx | ROSS-003298682-ROSS-003298684 | Condensed, SA | 0.19 | | | 1 | | |
| 249 | Dow Jones & Co. v. Harrods, Ltd., 237 F. Supp. 2d 394 | 106+12 | The state's exercise of jurisdiction to adjudicate, as an object of the power to prescribe the governing law, generally derives from the relationship of that state to the particular person or thing that is the subject of litigation, including its physical presence, conduct, or ownership of property within the state, or conduct occurring outside the state's territorial boundaries but producing substantial effects of injury within the state. Based on these predicates, the United States Kingdom may have legitimate national interests and correspondingly valid exercise of jurisdiction to protect its residents from the harmful effects of an alleged defamation action arising within its boundaries. At the same time, the United States has a compelling interest in retaining its fundamental First Amendment freedoms, and safeguarding the freest exercise of those fundamental rights within the boundaries where those principles exist, as the United States by all persons accorded the protection of American law. | State's exercise of jurisdiction to adjudicate derive from the relationship of state to particular person or thing that is subject of litigation, including defendant's presence, conduct, or ownership of property within state, or conduct occurring outside state's territorial boundaries but producing certain kinds of injury within state. | Does a state's exercise of jurisdiction to adjudicate derive from the relationship of a state to a particular person or thing that is the subject of litigation? | 02676.docx | LEGALEASE 00125943 LEGALEASE 00125943 | Condensed, SA | 0.59 | | | 1 | | |
| 250 | Manufactured Hous. Communities of Wash. v. State, 50 Wash. App. 257 | 148+2.1 | An owner of property is subject to a regulation that constitutes a physical invasion or total taking, is entitled to relief regardless of the public interest reasons supporting the regulation, unless the owner makes no rebuttal evidence showing that the use violates nuisance or property laws. Guimont, 121 Wash.2d at 208-09, 849 P.2d 1 (citing Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1017-19, 112 S.Ct. 2886, 2894?95, 120 L.Ed.2d 798 (1992)). The State describes the right of a deprivation of property that constitutes a physical refusal, which most is fundamental property rights in this state. Washington in Washington a reference to land is created by a right of first refusal, which constitutes an encumbrance on property rights. See 79 Wash.2d 65, 797 S.417 P.2d 367 (1965); Feder v. Feder, 40 Wash.App. 589, 593, 699 P.2d 285 (1985); [In] the court stated. "We reject the view that a peremptory contract... creates an interest in land at the time of its inception." A preemptive contract acquires no present right to affect the property, but holds only a personal contract right to acquire a later interest should the property owner decide to sell. In the event, the owner cannot resell under the preemptive holder may receive an interest in land. Robroy Land Co. et 71, 612 P.2d 367; see Northwest Tel. Co. Inc. v. Gross Seattle, Inc. v. West, 73 Wash.2d 869, 857 P.2d 1 (1963); Barnett v. Hicks, 119 Wash.2d 151, 829 P.2d 1087; Old Nat'l Bank v. Arneson, 54 Wash.App. 717, 721?22, 776 P.2d 145 (1989). | Owner of property subject to regulation that constitutes physical invasion or total taking, is entitled to relief regardless of public interest reasons supporting regulation, unless owner makes no rebuttal evidence showing that the use violates nuisance or property laws. U.S.C.A. Const. Amend. 5; West's RCWA Const. Art. 1, § 16. | Is an owner of property subject to regulation that constitutes a physical taking entitled to relief if the state fails to provide rebuttal evidence showing that the use violates nuisance or property laws? | 03 7601.docx | LEGALEASE 00135338 LEGALEASE 00135339 | Condensed, SA, Sub | 0.79 | | | | | |

52

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 251 | Starr Ex'r, a Div of Bangor Punta Operations v. C J Heck Co. of Texas, 784 F.2d 863 | 49k4 | In this diversity action, we are called upon to determine whether a drawee bank who has misread the midnight deadline, and thereby rendered itself accountable to the payee for the amount of check, may as result of an unappealed judgment, have a right of charge-back against the maker, and (2) the maker had paid out certain monies to the drawee bank, although absolutely liable under F.S 4202.1 is equitably subrogated to the maker's right to restitution against the payee to which payment of the drawer's liability had effect of extinguishing the payee's statutory claim against the drawee. (V.T.C.A, Bus. & C. § 4.202(1)). | Under Texas law, drawee bank which misread the midnight deadline and was held strictly accountable to payee for amount of check was equitably subrogated to insolvent maker's right to restitution against payee to which payment to drawee bank, as result of unappealed judgment, had effect of extinguishing payee's statutory claim against the drawer. | Is a drawee bank which misread the midnight deadline held strictly accountable to payee for amount of check under the law? | Subrogation - Memo #1 897 - C - SA.docx | LEGALEASE 00016079 / LEGALEASE 00016080 | Condensed, SA, Sub 0.37 | 0 | | | 1 | |
| 252 | City of Charleston v. Public Serv. Comm'n of W. Virginia, 57 F.3d 385 | 317A+114 | In a somewhat similar case, the West Virginia Supreme Court of Appeals, after examining the city's charter which requires the city to commensurately increase rates to the PSC imposed "binding contracts" between the city and the private water company, held that an entity doing business in "charges or activities" in violation of the Contract Clause because no "portion of the charter clearly [prohibits] ... [the city] authority "to enter into such "binding contracts." City of Charleston, 159 S.E.2d at 712, 5 (citations omitted). The court explained [T]he authority of the municipality to restrict and limit its own powers ... That clearly and unmistakably appear, and all doubts must be resolved in favor of the continuance of that power. The intent ... The power to make unmistakable contract of this nature cannot be readily implied, but see also City of Renwood, 83 S.E.2d 780. Moreover, under West Virginia law, municipal contracts involving its ability to exercise its police power must be deemed to be entered into in contemplation of the exercise by the state of its regulatory power whenever the public interest may make it necessary ... although an otherwise valid contract is binding on the parties to it until a departure from such contract has been directed by competent authority. Pittston County Light & Power Co. v. Randolph, 519 W.Va. 135, 131 S.E.2d 28, 38 (1963), see also United Fuel Gas Co. v. Batte, 133 W.Va. 222, 32 S.E.2d 890, 504... cert. denied, 394 U.S 116, 90 S.Ct 298, et seq (1969). | Under West Virginia law, all contracts made by utility relating to public service must be deemed to be entered into in contemplation of exercise of power by state of its regulatory power whenever the public interest may make it necessary, although an otherwise valid contract is binding on parties to it until departure from such contract has been directed by competent authority. | Are all contracts made by public utilities relating to public service must be deemed to be entered into in contemplation of the exercise of its regulatory powers? | 042535.docx | LEGALEASE 00229402 / LEGALEASE 00229404 | Condensed, SA 0.76 | | 1 | | | |
| 253 | Guinn v. Jesso, 514 F.2d 945 | 413+1 | The issue raised by the alleged conflict between the statutory exclusive remedy provision embodied in most workmen's compensation laws and the doctrine governing third-party suits for contribution or indemnification by persons whose negligence has contributed to the federal scheme. See, e. g., Westchester Lighting Co. v. Westchester County Small Estates, 278 N.Y. 175, 15 N.E.2d 567 (1938). It presents no view on whether it has joined "[j]ust objects ... the balanced controversy of all workmen's compensation law." Larson, Workmen's Compensation: Third Party's Action Over Against Employer, 65 Nw.U.L.Rev. 351 (1970). On the one hand, workmen's compensation laws are designed to assure employees that they are entitled to prompt and medical benefits in case of injury. In return, the employer is assured of a fixed liability which is predictable enough so that he may insure against its probable costs. In circumstances in which no fault being the prior of accidents to the parties and to society. On the other hand, policies underlying theories of accident and tort-indemnification are designed to allocate the costs of negligence equitably among joint tortfeasors or to the party primarily responsible. When an employee is injured as a result of negligence of a third party and his employer, and then implead the employer, there is no way fully to satisfy all policies involved. | Workmen's compensation laws are designed to assure employees that they will receive disability and medical benefits in the case of an injury, and in return, employers are assured of a fixed liability which is predictable enough so that he may insure against its probable costs. | Are the workmens compensation laws designed to assure employees that they will receive disability and medical benefits in the case of an injury, and in return, employers are assured of a fixed liability which is predictable enough so that he may insure against its probable costs? | 047814.docx | LEGALEASE 00130122 / LEGALEASE 00130123 | Condensed, SA 0.81 | | 1 | | | |
| 254 | Smith v. Arkansas Dep't of Human Servs., 93 Ark. App. 395 | 317A+718 | With regard to the adverse ruling which occurred on the termination hearing, a trial court had granted a motion for continuance only upon a showing of good cause and only by so stated appellant's absence. See, 18-A, 211, 1115 S.W.3d 56 (2002). This is a well established fact that the granting or denial a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. At § 35. When deciding whether a continuance should be granted, the trial court should consider the following factors (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the witness's attendance in the event of a postponement; (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. Additionally, the appellant must show prejudice from the denial of a motion for continuance. Id. | When deciding whether a continuance should be granted, the trial court should consider the following factors (1) the diligence of the movant (2) the probable effect of the testimony at trial, (3) the likelihood of procuring the witness's attendance in the event of postponement; (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. | When deciding whether a continuance should be granted, should should the court consider the following factors (1) the diligence of the movant, effect of the testimony, likelihood of attendance, and the filing of an affidavit? | 037003.docx | LEGALEASE 00131282 / LEGALEASE 00131283 | Condensed, SA 0.59 | | 1 | | | |
| 255 | Rasku v Peeries Welder, 311 Minn. 6 | 413+1 | Examination of the statute clearly indicates that the 1974 amendment was a legislative response to our decision in Pomrenke v. Wordsworth Hospital, 297 Minn. 212, 211 N.W.2d 365 (1973), where we held that a workers must necessarily mean disability necessarily resulting from a total disability benefits. We find no legislative intent to address the problem raised by Greene v. Quality Post of nurses, and in this case. The workers' compensation law is a substituted remedy created by the legislature and doesn't necessarily clear indication of legislative action modifying rights created by the act, this court must proceed cautiously in attempting to define legislative area. The problem presented by the facts of this case should be left to legislative determination. | Workers' Compensation law is a substituted remedy created by the legislature, and absent a clear indication of legislative action modifying rights created by the law, the court proceed cautiously in attempting to define legislative intent. M.S.A. § 176.021, subd. 3. | "Is the Workers' Compensation Law is a substituted remedy created by the legislature, and absent a clear indication of legislative action modifying rights created by the law, how should the Supreme Court proceed cautiously in attempting to infer legislative intent?" | 047798.docx | LEGALEASE 00131686 / LEGALEASE 00131688 | Condensed, SA, Sub 0.66 | | 1 | 1 | 1 | |

Appendix D

53

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 256 | Payne v. Superior Court, 17 Cal. 3d 908 | 310=110 | While this remedy will probably suffice in most cases, in other instances it may not be desirable for the prisoner to testify on his own behalf. Accordingly, when the trial court determines on motion that the incarcerated plaintiff or defendant is without counsel or cannot afford to protect the due process rights of the parties, it may attempt, through the Department of Corrections, to arrange the incarceration of the prisoner. Except in a few specified circumstances, a court has no statutory authority to command the Department of Corrections to transport a prisoner to a civil courtroom. But judges do have a constitutional duty to uphold the due process clause. Accordingly, if a court determines that a prisoner's personal testimony is needed to preserve due process rights, but the Department of Corrections refuses accommodation, the court may order a continuance or employ other alternatives to transporting the prisoner, such as recording his testimony or, if feasible, holding a portion of the trial at the prison. | While this remedy will probably suffice in most cases, in other instances it may not be desirable for the prisoner to testify on his own behalf. Accordingly, when the trial court determines on motion that the incarcerated plaintiff or defendant is without counsel or cannot afford to protect the due process rights of the parties, it may attempt, through the Department of Corrections, to arrange the incarceration of the prisoner. Except in a few specified circumstances, a court has no statutory authority to command the Department of Corrections to transport a prisoner to a civil courtroom. But judges do have a constitutional duty to uphold the due process clause. Accordingly, if a court determines that a prisoner's personal testimony is needed to preserve due process rights, but the Department of Corrections refuses accommodation, the court may order a continuance or employ other alternatives to transporting the prisoner, such as recording his testimony or, if feasible, holding a portion of the trial at the prison. | "If a court determines that a prisoner's personal testimony is needed to preserve due process rights in a civil suit, may the court order a continuance or employ other alternatives to transporting the prisoner?" | 02733.docx | LEGALEASE-00132610-LEGALEASE-00132611 | Condensed, SA | 0.65 | 0 | 1 | | 1 | 1 |
| 257 | Medina v. Raven, 492 S.W.3d 53 | 92=3986 | Raven argues that the trial court's denial of plaintiff's motion to admit admissions was arbitrary or unreasonable because it disregarded the evidence or ordinarily based on guiding rules or principles or other evidence to support good cause, no prejudice or presentation of merits. "But, although a party moving to withdraw admissions ordinarily must prove the requirement of Rule 198.3, when the admission is deemed by the trial court to be an event precluding a trial on the merits. Where a party moves to withdraw deemed admissions that are merit-preclusive, due process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from fragrant bad faith or callous disregard of the rules." *14 (citing Time Warner, Inc. v. Gonzalez, 441 S.W.3d 661, 666 (Tex.App.-San Antonio 2014, pet. denied) (quoting Wheeler, 157 S.W.3d at 443)). This showing of fragrant bad faith or callous disregard is "unnecessary element of due process." Spohn Hosp. v. Sun Tel., Inc. Co., No. 14-17-00527-CV, 2021 WL 1928618, at *3, (Tex.App.—Houston [14th Dist.] April 28, 2021, no pet.) (mem.op.) (citing Marino, 355 S.W.3d at 634). | Where a party moves to withdraw deemed admissions that are merit-preclusive, due process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from fragrant bad faith or callous disregard of the rules, when the admission is an event precluding a trial on the merits or deemed admissions that are event preclusive to a trial on the merits. | "Where a party moves to withdraw deemed admissions that are merit-preclusive, does due process require the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from fragrant bad faith or callous disregard of the rules?" | Pretrial Procedure Memo 2 2747 - C - SIM.docx | ROSS-003291651-ROSS-003291652 | SA, Sub | 0.66 | 0 | 1 | | 1 | 1 |
| 258 | Lev v. Ofeld, 847 S.W.2d 99 | 307A=483 | Lev also claims that the trial court erred by denying his motion for sanctions. However, such a motion was inappropriate under the circumstances in the case at bar. When a party fails to respond to a request for admissions, that party is deemed to have admitted the matter set forth, and no further sanction is necessary, and instead such admissions can be used in motion for summary judgment, conviction or defense or as an element of the party propounding the request for admissions. Instead, such admissions can be used in a motion for summary judgment, Maplewant, Inc. v. Area 51 Development Corp., 443 S.W.2d 513 (Tex.Civ.App.—1969), or in a motion to dismiss, Williams v. School District of Springfield R-12, 447 S.W.2d2156, 26 (Tex.Mo.1969), or as evidence in the proceeding trial, Gammon v. Louis Sewer District v. Zykan, 495 S.W.2d 643, 656 (Mo.1973), and they must be considered by the court as deemed admitted. (See also, Fendt, 790 S.W.2d 710, 750 (Mo.App.1988). However, none of these procedural steps have been taken in the case at bar. Instead, Lev propounded a motion for sanctions, which was inappropriate and unwarranted. We agree that the trial court erred by entering a judgment of non-suit on the merits. Instead, we hold that the judgment was proper and the judgment of the trial court on the matter of sanctions. We agree, and we reverse and remand the case to the trial court. | When a party fails to respond to request for admissions, that party is deemed to have admitted the matter set forth and no further sanction is necessary or available to the party propounding the request for admissions, and instead such admissions can be used in motion for summary judgment, conviction or defense, or as an element of the party propounding the request, but to avoid these consequences, a party who has failed to respond to a request for admissions must respond to the request within the proper time. | "Does a party who fails to respond to requests for admissions admit those matters, and no further sanction is necessary or available to the requesting party, who instead can use the admissions in dispositive motions or at trial?" | 02966.docx | LEGALEASE-00134909-LEGALEASE-00134911 | Condensed, SA, Sub | 0.68 | 0 | 1 | | 1 | 1 |
| 259 | Joachim v. Travelers Ins. Co., 279 S.W.3d 812 | 307A=517.1 | A nonsuit extinguishes a case or controversy from the moment a plaintiff files a notice of nonsuit or announces a nonsuit in open court. Shadowbrook Apts. v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex.1990). While the date a trial court signs an order dismissing the suit is the "starting point for determining when a trial court's plenary power expires," a nonsuit is effective when it is filed. Id. A plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 841 (Tex.1990). Under Texas Rule 162, a trial court retains authority after a nonsuit is filed and during the period of its plenary power to consider costs, attorney's fees, and sanctions, or matters collateral to the merits. But the trial court's authority to dismiss the plaintiff's case expires... | "Under civil procedure rule governing nonsuit, does a trial court retain authority after a nonsuit is filed and during the period of its plenary power to consider costs, attorney's fees, and sanctions, or matters collateral to the merits?" | Pretrial Procedure Memo 2 2789 - C - DK.docx | ROSS-003290617-ROSS-003290619 | Condensed, SA, Sub | 0.68 | 0 | 1 | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 260 | Tavakolian v. Agio Corp., 304 Ga. App. 660 | 307A+483 | Although petitioners contend that their service of a second set of requests for admission, to which H.T. did not respond, supports the grant of summary judgment, we disagree. Under OCGA 9"11"36, the ultimate sanction deeming a matter admitted is available when a party completely fails to respond (OCGA 9"11"36 (a) (2)) or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements. OCGA 9"11"36 (a) (3). Therefore, a "motion to determine in a hearing the sufficiency of answers is necessary before responses to request for admissions may be deemed insufficient and deemed admitted." Here, H.T. did not "completely" fail to respond, and petitioners did not move to determine the sufficiency of the answers. Therefore, petitioners did not demonstrate that they were entitled to judgment as a matter of law against H.T. | The ultimate sanction for failing to respond to requests for admissions, deeming a matter admitted, is available when a party completely fails to respond or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements. West's Ga.Code Ann. S 9-11-36. | Is the ultimate sanction of deeming a matter admitted available when a party completely fails to respond or after the requesting party has moved to determine the sufficiency of the answer and the trial court finds the answer fails to comply with statutory requirements? | Pretrial Procedure - Memo # 3661 - C - NE.docx | ROSS-003304001-ROSS-003304002 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 261 | Heath v. Color Imprints USA, 329 Ga. App. 605 | 307A+486 | Under OCGA " 9"11"36(a)(2), requests for admissions are deemed admitted if a party fails to respond within 30 days. See G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 330"331(2), 486 S.E.2d 810 (1997). However, the trial court has discretion to permit a party to withdraw admissions if the court is satisfied "(1) that withdrawal of the admissions will subserve or advance the presentation of the merits of the action and (2) that there is no satisfactory showing that withdrawal will prejudice the party who obtained the admissions." (Citation omitted.) Porter v. Urban Residential Dev. Corp., 294 Ga.App. 828, 829(1), 670 S.E.2d 464 (2008). The party seeking to withdraw the admissions has the burden of establishing the first prong by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. (Citation and punctuation omitted.) Porter, supra, 294 Ga.App. at 829(1), 670 S.E.2d 464; see also Intersouth Properties, Inc. v. Contractor Exchange, Inc., 199 Ga.App. 726, 728(1), 405 S.E.2d 764 (1991). If the party seeking to withdraw the admissions satisfies the first prong, the burden is on the respondent to satisfy the second prong, i.e., to show that he would be prejudiced by the withdrawal. Intersouth Properties, Inc., supra, 199 Ga.App. at 728(1), 405 S.E.2d 764. | The party seeking to withdraw deemed admissions has the burden of establishing that withdrawal of the admissions will subserve or advance presentation of the merits by showing that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay; if the party seeking to withdraw the admissions makes this showing, the burden is on the respondent to satisfy the second prong, i.e., to show that he would be prejudiced by the withdrawal. West's Ga.Code Ann. S 9-11-36(a)(2). | "Does a party seeking to withdraw deemed admissions have the burden of establishing that that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay?" | Pretrial Procedure - Memo # 4106 - C - RR.docx | ROSS-003303443-ROSS-003303445 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 262 | Thurmond v. Superior Court of City & Cty. of San Francisco, 66 Cal. 2d 836 | 307A+716 | Among the factors to be considered by the court will be the nature and urgency of the rights involved (see Oil Workers International Union CIO v. Superior Court (1951) 103 Cal.App.2d 512, 581, 230 P.2d 71(45)), whether the party seeking delay has or can secure other counsel to represent him for the particular step in the proceedings then before the court, and whether the attorney who is a member of the Legislature was employed for no other purpose than attempted delay. (See Bottoms v. Superior Court (1927) 82 Cal.App. 764, 768, 776, 256 P. 422; People v. Goldenson (1888) 76 Cal. 328, 341"342, 19 P. 161; Mann v. Pacific Greyhound Lines (1949) 92 Cal.App.2d 439, 446, 207 P.2d 105, and cases there cited; 2 Witkin Cal.Procedure, Trial, pp. 1746"1751.) The legislative policy of granting continuances of court proceedings so as not to interfere unduly with the functions of the Legislature, reflected in section 595, has been in the law since 1880 and should be given full force and effect wherever and whenever it may be done without unduly adversely affecting the rights of others. It appears that in the instant case the court in granting the continuance construed the statute as being mandatory and therefore did not exercise any discretion in the matter. Neither did it inquire into any of the above-mentioned considerations nor did it afford the guardian or the mother of the unborn child an opportunity to be heard. | Legislative policy of granting continuances of court proceedings so as not to interfere unduly with functions of the Legislature should be given full force and effect wherever and whenever it may be done without unduly adversely affecting the rights of others. West's Ann.Code Civ.Proc. S 595. | Should the legislative policy of granting continuances of court proceedings so as not to interfere unduly with functions of the Legislature be given full force and effect without unduly adversely affecting the rights of others? | 029850.docx | LEGALEASE-00136824-LEGALEASE-00136826 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 263 | Henn v. Sandler, 589 So. 2d 1334 | 307A+36.1 | Statute which requires factual showing before claim for punitive damages are allowed in civil actions creates positive legal right in party not to be subjected to financial worth discovery until trial court has first made affirmative finding that there is reasonable evidentiary basis for punitive damages claim to go to jury. Turning to the critical issue, we read section 768.72 as creating a positive legal right in a party not to be subjected to financial worth discovery until the trial court has first made an affirmative finding that there is a reasonable evidentiary basis for the punitive damages claim to go to the jury. That finding necessarily includes a legal determination that the kind of claim in suit is one which allows for punitive damages under our law. Thus, to that extent, the legal sufficiency of the punitive damage pleading is also in issue in the section 768.72 setting. Because the supreme court itself has held that section 768.72 creates substantive legal rights and that its procedures are intimately tied to those substantive rights, see Smith v. Department of Insurance, 507 So.2d 1080, 1092 n. 10 (Fla.1987), we find it difficult to understand how Martin"Johnson can any longer control this issue. | Statute which requires factual showing before claim for punitive damages are allowed in civil actions creates positive legal right in party not to be subjected to financial worth discovery until trial court has first made affirmative finding that there is reasonable evidentiary basis for punitive damages claim to go to jury. West's F.S.A. S 768.72. | Does a statute which requires a factual showing before a claim for punitive damages are allowed in civil actions create a positive legal right? | Pretrial Procedure - Memo # 5074 - C - TM.docx | ROSS-003291795-ROSS-003291796 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 264 | Banc of Am. Sec. LLC v. Evergreen Int'l Aviation, 169 N.C. App. 690 | 307A+554 | In the first category of motions, when neither party submits evidence, "the allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged." Bruggeman v. Meditrust Acquisition Co., 138 N.C.App. 612, 615, 532 S.E.2d 215, 217, appeal dismissed and disc. review denied, 353 N.C. 261, 546 S.E.2d 90 (2000). The trial judge must decide whether the complaint contains allegations that, if taken as true, set forth a sufficient basis for the court exercise of personal jurisdiction. Inspirational Network, Inc. v. Combs, 131 N.C.App. 231, 235, 506 S.E.2d 754, 758 (1998). | In a motion to dismiss for lack of personal jurisdiction, when neither party submits evidence, the allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged, and the trial judge must decide whether the complaint contains allegations that, if taken as true, set forth a sufficient basis for the court's exercise of personal jurisdiction. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | "When neither party submits evidence in support or opposition of a motion to dismiss for lack of personal jurisdiction, must the allegations of the complaint disclose jurisdiction although the particulars of jurisdiction need not be alleged?" | 032813.docx | LEGALEASE-00139800-LEGALEASE-00139801 | Condensed, SA, Sub | 0.27 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 265 | Nappe v. Town of E. Haven Bd. of Police Comm'rs, 2014 WL 6476599 | 307A+679 | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light ... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, must it consider the allegations of the complaint in their most favorable light?" | 032890.docx | LEGALEASE-00140070-LEGALEASE-00140071 | Condensed, SA | 0 | 0 | 1 | 0 | 1 | |
| 266 | Patton v. Jones, 212 S.W.3d 541 | 307A+554 | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. Lacy v. Bassett, 132 S.W.3d 119, 122 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (discussing dismissal based on ecclesiastical doctrine) (citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.2000)). We review the record de novo to determine whether the trial court had subject matter jurisdiction. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998). We consider only the evidence pertinent to the jurisdictional inquiry and do not weigh the merits. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.2002). Also, we construe the pleadings in favor of the plaintiff, accepting all his allegations as true. Bland Indep. Sch. Dist., 34 S.W.3d at 555. To prevail, the defense must show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. Brenham Hous. Auth. v. Davies, 158 S.W.3d 53, 56 (Tex.App.-Houston [14th Dist.] 2005, no pet.). | To prevail on a motion to dismiss for lack of subject matter jurisdiction, the defense must show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. | "To prevail on a motion to dismiss for lack of subject matter jurisdiction, must the defense show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings?" | 033353.docx | LEGALEASE-00140974-LEGALEASE-00140975 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 267 | Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+560 | There is no specific time limitation, in rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on defendant; rather, trial court must consider passage of time in relation to all other facts and circumstances of each case individually. There is no specific time limitation provided by Rule 103(b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually." Case, 227 Ill.2d at 213, 316 Ill.Dec. 693, 880 N.E.2d 171. The primary purpose of the rule is to prevent "intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run." Segal v. Sacco, 136 Ill.2d 282, 286"87, 144 Ill.Dec. 360, 555 N.E.2d 719 (1990). | There is no specific time limitation, in rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on defendant; rather, trial court must consider passage of time in relation to all other facts and circumstances of each case individually. Sup.Ct.Rules, Rule 103(b). | Is there no specific time limitation in the rule allowing dismissal of action based on a plaintiff's failure to exercise due diligence to obtain service on a defendant? | Pretrial Procedure - Memo # 6245 - C - TM.docx | ROSS-003288253-ROSS-003288254 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 268 | Aeroflex Wichita v. Filardo, 294 Kan. 258 | 307A+554 | Hence, we reject TIC's arguments and conclude that, even though there was discovery, when a defendant's K.S.A. 2011 Supp. 60"212(b)(2) motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, affidavits, and other written materials and without an evidentiary hearing, any factual disputes must be resolved in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction. | When a defendant's motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, affidavits, and other written materials without an evidentiary hearing, any factual disputes must be resolved in the plaintiff's favor and the plaintiff need only make a prima facie showing of jurisdiction. Rules Civ.Proc., K.S.A. 60-212(b)(2). | "When a defendant's motion to dismiss for lack of personal jurisdiction is decided before trial on the basis of the pleadings, should any factual disputes be resolved in the plaintiff's favor?" | Pretrial Procedure - Memo # 6766 - C - VA.docx | ROSS-003289838-ROSS-003289839 | Condensed, SA | 0.18 | 0 | 1 | 0 | 1 | |
| 269 | In re Risk Level Determination of J.V., 741 N.W.2d 612 | 307A+552 | Relator next argues that even if his request for administrative review is moot, the determination is capable of repetition and likely to evade review. Generally, a case should not be dismissed on the ground of mootness if it implicates issues that are capable of repetition, yet evading review. Kahn, 701 N.W.2d at 821. But absent certification as a class action, this only applies "to the situation where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Id. (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). | Generally, a case should not be dismissed on the ground of mootness if it implicates issues that are capable of repetition, yet evading review; but absent certification as a class action, this only applies to the situation where two elements are combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. | Should a case be dismissed on the ground of mootness if it implicates issues that are capable of repetition? | 034076.docx | LEGALEASE-00145222-LEGALEASE-00145223 | Condensed, SA | 0.36 | 0 | 1 | 0 | 1 | |
| 270 | Peterson v. McCawley, 135 Idaho 282 | 307A+746 | In fashioning sanctions, a trial court should "balance the equities by comparing the culpability of the disobedient party with the resulting prejudice to the innocent party." Roe, 129 Idaho at 668, 931 P.2d at 662 (quoting Astorquia, 113 Idaho at 532, 746 P.2d at 991 (Donaldson, J., concurring)). Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant-the trial court must first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate. Astorquia, 113 Idaho at 531, 746 P.2d at 990; Fish Haven Resort, supra. Further, the Idaho Supreme Court has established certain factors that a trial court must consider before imposing the most severe sanctions: "The two primary factors are a clear record of delay and ineffective lesser sanctions, which must be bolstered by the presence of at least one "aggravating" factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to the defendant." Ashby, 117 Idaho at 686-87, 791 P.2d at 436-37 (citations omitted). The trial court's consideration of these factors "must appear in the record in order to facilitate appellate review." Id. at 687, 791 P.2d at 437. | Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant-the trial court must first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate. Rules Civ.Proc., Rule 16(i). | "Before ordering the most drastic sanction-the dismissal of an action or entry of judgment against a litigant, must the trial court first consider lesser sanctions and make specific findings that less severe sanctions would be inadequate?" | 034163.docx | LEGALEASE-00145496-LEGALEASE-00145497 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 271 | Tomlinson-McKenzie v. Prince, 718 So. 2d 394 | 307A+746 | A trial judge has broad discretion in determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order. See Binger v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981). However, the trial judge's discretion should be guided primarily by whether the "objecting party" would be prejudiced by the admission of the evidence. Id. at 1314.While we cannot understand why appellants failed to seek leave of court to file an amended witness list after the continuance in the spring of 1997, and prior to the actual trial in February of 1998, that factor alone does not justify exclusion of the evidence. | In determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order, trial court's discretion should be guided primarily by whether the objecting party would be prejudiced by the admission of the evidence. | "In determining whether to admit the testimony of a witness or permit introduction of an exhibit not disclosed pursuant to a pretrial order, should a trial court's discretion be guided primarily by whether the objecting party would be prejudiced?" | 034651.docx | LEGALEASE-00145066-LEGALEASE-00145067 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 272 | Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596 | 307A+563 | When a fraud on the court is shown through clear and convincing evidence to have been committed in an ongoing case, the trial judge has the inherent power to take action in response to the fraudulent conduct. The judge has broad discretion to fashion a judicial response warranted by the fraudulent conduct. Dismissal of claims or of an entire action may be warranted by the fraud, see, e.g., Aoude, supra at 1118, as may be the entry of a default judgment, see, e.g., Eppes v. Snowden, 656 F.Supp 1267, 1279 (E.D.Ky.1986). We examine judicial responses to findings of fraud on the court for an abuse of discretion. | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | "When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, does a trial judge have inherent power and broad discretion to fashion a judicial response warranted by fraudulent conduct?" | 034936.docx | LEGALEASE-00146798-LEGALEASE-00146800 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 273 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+581 | Whether a plaintiff has resumed prosecution after a lengthy delay should be an important factor in the trial court's consideration of a motion to dismiss for failure to prosecute. Nevertheless, a unilateral resumption of prosecution should not insulate a plaintiff from dismissal for lack of prosecution as a matter of law and in all circumstances. The trial court should also consider a number of other relevant factors in the exercise of its discretion"e.g., the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, the difficulties in trying the case as a result of the delay, the nature and extent of the plaintiff's renewed efforts"when balancing the policy favoring prevention of unreasonable delay in litigation against the policy favoring resolution of disputes on the merits. | In considering motion to dismiss for failure to prosecute, trial court should consider number of relevant factors in exercise of its discretion when balancing policy favoring prevention of unreasonable delay in litigation against policy favoring resolution of disputes on merits, such as length of delay, reasons for delay, prejudice that will result to defendant by allowing matter to continue, difficulties in trying case as result of delay, and nature and extent of plaintiff's renewed efforts. Rules Civ.Proc., Rule 41(b)(1, 2). | What factors are considered in balancing the policy favoring resolution of disputes on the merits and preventing unreasonable delay? | 036530.docx | LEGALEASE-00150430-LEGALEASE-00150431 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 274 | Legacy Acad. for Leaders v. Mt. Calvary Pentecostal Church, 999 N.E.2d 175 | 307A+622 | "Civ.R. 12(B)(6) motions, however, merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, i.e., Ohio generally follows notice, rather than fact, pleading." In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court, 87 Ohio St.3d 118, 120, 717 N.E.2d 701 (1999). Plaintiffs need not prove their case at the pleading stage. Ferron v. Dish Network, L.L.C., 195 Ohio App.3d 686, 2011-Ohio-5235, 961 N.E.2d 705, 23 (10th Dist.), citing York v. Ohio State Hwy. Patrol, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). Notice pleading requires only that a claim concisely set forth those operative facts sufficient to give a defendant fair notice of the nature of the action. Montgomery v. Ohio State Univ., 10th Dist. No. 11AP"1024, 2012-Ohio-5489, 2012 WL 5949038, 20. | Motions to dismiss for failure to state a claim upon which relief can be granted merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties, i.e., Ohio generally follows notice, rather than fact, pleading; plaintiffs need not prove their case at the pleading stage. Rules Civ.Proc., Rule 12(B)(6). | Do motions to dismiss for failure under Civ.R. 12(B)(6) to state a claim upon which relief can be granted merely ascertain whether the complaint alleges the elements of the claim with sufficient particularity so that reasonable notice is given to the opposing parties? | 036659.docx | LEGALEASE-00150574-LEGALEASE-00150575 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 275 | Waldman v. Pitcher, 70 N.E.3d 1025 | 307A+679 | A trial court ruling on a Civ.R. 12(C) motion for judgment on the pleadings must accept all material allegations in the nonmoving party's complaint as true, must construe all reasonable inferences in that party's favor, and can only grant a dismissal if it appears beyond doubt that the nonmoving plaintiffs cannot prove any set of facts entitling them to the requested relief. See Corporex Dev. & Constr. Mgt. Inc. v. Shook, Inc., 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701. Ordinarily, we review de novo a trial court's ruling on a Civ.R. 12(C) motion for judgment on the pleadings. See Chase Home Fin., LLC v. Literski, 1st Dist. Hamilton Nos. C"130404 and C"130433, 2014-Ohio-615, 2014 WL 702618. But where the trial court has resolved the motion by concluding that no justiciable controversy exists, our standard of review changes. | A trial court ruling on a motion for judgment on the pleadings must accept all material allegations in the nonmoving party's complaint as true, must construe all reasonable inferences in that party's favor, and can only grant a dismissal if it appears beyond doubt that the nonmoving plaintiffs cannot prove any set of facts entitling them to the requested relief. Rules Civ.Proc., Rule 12(C). | Should a trial court ruling on a motion for judgment on the pleadings accept all material allegations in the nonmoving party's complaint as true? | 037167.docx | LEGALEASE-00150838-LEGALEASE-00150839 | Order, SA | 0.53 | 1 | 0 | 0 | 1 | |
| 276 | Lynch v. Helm Plumbing & Elec. Contractors, 108 S.W.3d 657 | 308+99 | Even in the absence of actual authority, an agent's acts may be binding on the principal if performed with apparent authority. "Apparent authority is authority which a principal, by its acts or representations, has led third persons to believe has been conferred upon an agent[.]" Stitt v. Raytown Sports Association, Inc., 961 S.W.2d 927, 932 (Mo.App.1998) (quoting Link v. Kroenke, 909 S.W.2d 740, 745 (Mo.App.1995)). To establish apparent authority a party must show: "(1) the principal manifested his consent to the exercise of such authority or knowingly permitted the agent to assume the exercise of such authority; (2) the person relying on this exercise of authority knew of the facts and, acting in good faith, had reason to believe, and actually believed, the agent possessed such authority; and (3) the person relying on the appearance of authority changed his position and will be injured or suffer loss if the transaction executed by the agent does not bind the principal." Link, 909 S.W.2d at 745. Any reliance by the third party must be reasonable. Graue v. Missouri Property Insurance Placement Facility, 847 S.W.2d 779, 783 (Mo. banc 1993). | To establish apparent authority, a party must show that: (1) the principal manifested his consent to the exercise of such authority or knowingly permitted the agent to assume the exercise of such authority, (2) the person relying on this exercise of authority knew of the facts and, acting in good faith, had reason to believe, and actually believed, the agent possessed such authority, and (3) the person reasonably relying on the appearance of authority changed his position, and will be injured or suffer loss, if the transaction executed by the agent does not bind the principal. | To establish apparent authority should a principal knowingly permit agent to act exercising that authority? | Principal and Agent - Memo 174 - KC_59456.docx | ROSS-003294113-ROSS-003294114 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |
| 277 | Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility. It includes not only violent acts but acts and words likely to produce violence in others. No one would have the hardihood to suggest that the principle of freedom of speech sanctions incitement to riot or that religious liberty connotes the privilege to exhort others to physical attack upon those belonging to another sect. When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the state to prevent or punish is obvious.Equally obvious is it that a state may not unduly suppress free communication of views, religious or other, under the guise of conserving desirable conditions.Here we have a situation analogous to a conviction under a statute sweeping in a great variety of conduct under a general and indefinite characterization, and leaving to the executive and judicial branches too wide a discretion in its application. | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | Whether the state has the power to prevent or punish when a clear and present danger of an immediate threat to public safety appear? | Disorderly Conduct-Memo 127-PR_60854.docx | ROSS-003284966-ROSS-003284967 | Order, SA | 0.69 | 1 | 0 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 278 | Larson v. State, Dep't of Corr., 284 F.3d 1 | 228k183 | In reviewing a motion to dismiss, we generally do not consider matters outside the complaint, although we may consider attachments to the complaint. When parties present additional materials outside of the pleadings in connection with a motion to dismiss, the superior court must expressly exclude the materials or convert the motion into a motion for summary judgment and allow the parties a reasonable opportunity to submit materials pertinent to such a motion. When the superior court does neither, but instead decides the motion under Rule 12(b)(6) without considering whether it considered materials outside the pleadings, we have three options: we may elect to reverse and remand for proper consideration, we may review the superior court's decision as if the motion to dismiss had been granted after the exclusion of outside materials, or we may review the decision as if summary judgment had been granted after consideration of the motion to dismiss into one for summary judgment. | When parties present additional materials outside of the pleadings in connection with a motion to dismiss, should the superior court expressly exclude the materials or convert the motion into a motion for summary judgment and allow the parties a reasonable opportunity to submit materials? | Pretrial Procedure - Memo #1977 - VA_61060.docx | ROSS/0029676-ROSS-ROSS-0029676; ROSS/0029764-ROSS-0029763 | Order, SA, Sub | 0.65 | 1 | 0 | 1 | 1 | 1 |
| 279 | N. Store Towers Apartments, Inc. v. Three Towers Assocs., 104 A.D.3d 825 | 307A k79 | The Supreme Court also should have denied those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleadings a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (McKinneyCPLR 3211(a)(7)). | On motion to dismiss complaint for failure to state a cause of action, court must afford pleading liberal construction, accept all facts as alleged in pleading to be true, accord plaintiff the benefit of every possible inference, and determine only whether facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | 024471.docx | LEGALEASE-00155926; LEGALEASE-00155927 | Condensed, SA, Sub | 0.51 | 0 | 1 | 1 | 1 | 1 |
| 280 | Bryant v. Watchtower Bible & Tract Soc. of New York, 738 A.2d 839 | 307A k485 | Thus, because the law does not generally require individuals to act for the benefit of others, the factual foundations of an alleged fiduciary relationship must be pled with specificity. Simple recitations of a trusting relationship will not suffice for identifying a fiduciary duty. In order to survive a motion to dismiss a claim for breach of fiduciary duty, the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship. Foley, 148 Me. 492, 407; 704 A.2d 325, 328 (1935); see also Gibson v. Brewer, 952 S.W.2d 239, 246 (Mo.1997) (en banc). | To survive a motion to dismiss a claim for breach of fiduciary duty, the plaintiff must set forth specific facts constituting the alleged relationship with sufficient particularity to enable the court to determine whether, if true, such facts could give rise to a fiduciary relationship. | 024815.docx | LEGALEASE-00157612; LEGALEASE-00157613 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | 1 |
| 281 | McIntire Assocs. v. Glens Falls Ins. Co., 41 A.D.3d 692 | 228k1432(1) | In order to vacate the default and restore the action to the calendar was supported by facts which if true, would demonstrate the merits to a person having knowledge of the facts indicating a viable cause of action. Further, there was no showing of an absence of prejudice to defendant if the action were restored. Once the calendar has been stricken and marked off under CPLR 3404 a motion to vacate the default and to restore to the calendar will require the same level of proof of merit, lack of prejudice to the opposing party and reasonable excuse for the default judgment. (See Marco v. Sachs, 10 N.Y.2d 542, 226 N.Y.S.2d 81, 181 N.E.2d 392, CPLR 3404(c).) A Alternative. New York Civil Practice, pars. 3404.05, 3404.06.) The application in this case fell far short of such proof. | Once action has been deemed abandoned and automatically dismissed, a motion to open default and restore case to calendar requires same level of proof of merit, lack of prejudice to opposing party and reasonable excuse for default, as motion to vacate default must be shown to open a default judgment? CPLR 3404, 5015(a), par. 1, N.Y. Ct. Rules, 5,1524 13. | 059670.docx | LEGALEASE-00161146; LEGALEASE-00161147 | Condensed, Order, SA | 0.44 | 1 | 1 | 0 | 1 | 1 |
| 282 | Bababekha v. HSBC Bank, USA, N.A., 324 F.3d 750 | 302k347(4) | In support of his fraud claim, Bababekha asserts that Listner (rather than HSBC) made the fraudulent statements. In order to state a claim for fraudulent transferred the property for the purpose of foreclosing on it, and that the claim is more than a mere assertion, the factual basis of these allegations is sufficient to satisfy the requirement that fraud be pled with particularity. See DCGK * 9(c)(9(b)). Where a plaintiff particularly a pro se plaintiff) fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, however, "the proper remedy is not to dismiss the plaintiff's complaint or judgment on the pleadings, at least so long as the plaintiff is able and willing to amend his pleadings to supply the statutory requirements. | When a pro se plaintiff fails to identify specifically the allegedly fraudulent acts or statements on which his fraud claim is based, the proper remedy is a more definite statement, not a dismissal of plaintiff's complaint or judgment on the pleadings, at least so long as plaintiff is able and willing to amend his pleadings to conform to the statutory requirements. West's Ga.Code Ann. 5 9-11-9(b). | 040160.docx | LEGALEASE-00161839; LEGALEASE-00161840 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | 1 |
| 283 | Cliff v. Com., 105 S.W.3d 467 | 110Hk496 | In general, a party who moves for a mistrial may not thereafter invoke the bar of double jeopardy to prevent retrial. Thus, when the party who moves for a mistrial below seeks to prevent retrial upon a double jeopardy property grounds, she must show that the conduct giving rise to the order of mistrial was precipitated by bad faith, overreaching or some other fundamentally unfair action on the prosecutor or the court. U.S.C.A. Const.Amend. 5; Const. § 13. | In general, a party who moves for a mistrial may not thereafter invoke the bar of double jeopardy to prevent retrial; when the party who moved for a mistrial below seeks to prevent retrial upon double jeopardy grounds, she must show that the conduct giving rise to the order of mistrial was precipitated by bad faith? | 015239.docx | LEGALEASE-00161103; LEGALEASE-00161104 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | 1 |

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 284 | State v. Denis, 692 So. 2d 1055 | 110H+601 | The defendant adjudication and sentence to 18 years at hard labor as a fourth offender order under La R.S. 15:529.1 are reversed, the state as amended by the court of appeal to delete the requirement of additional jail time for failure to pay court costs. As long as the punishment imposed on the defendant does not exceed what the legislature has prescribed, and in the absence of any evidence that the state sought responses hearings to oppress or harass the defendant, principles of res judicata or double jeopardy do not preclude the state in a single prosecution from adjudicating the defendant a third offender and later re-adjudicating him a fourth offender in a subsequent proceeding on the basis of a conviction and documentary evidence not used previously to determine his multiple offender status. (If State v. Hill, 340 So.2d 309, 312 (La.1976) (1) is the extent that a hearing on a multiple offender bill is a trial in only a very broad sense and is more pertinently an inquiry into defendant's prior criminal convictions or convictions, as part of the sentencing process, technical difficulties in the state documentation may require a negative determination by the court but do not preclude mitigation of the defendant multiple offender status at a subsequent hearing.) | Principles of res judicata or double jeopardy do not preclude state in a single prosecution from adjudicating defendant a third offender and later re-adjudicating him a fourth offender in subsequent proceeding on basis of conviction and documentary evidence not used previously to determine his multiple offender status, as long as punishment imposed on defendant does not exceed what legislature has prescribed, and in absence of any evidence that state sought responses hearings to oppress or harass defendant. U.S.C.A. Const. Amend. 5, LA R.S. 15:529.1. | What do principles of res judicata or double jeopardy not preclude? | 03D014.docx | LEGALEASE 00164645-LEGALEASE 00164646 | Order, SA | 0.56 | | 1 | 0 | | 1 | |
| 285 | Corwin v. Dowrls, 388 E.2d 242 | 135H+59.1 | The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," U.S. Const. Amend. V. It applies to the States via the Fourteenth Amendment. See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). It also protects a defendant's "valued right to have his trial completed by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed 974 (1949). At the same time, the interest in giving the prosecution one complete opportunity to convict those who have violated its laws must in some cases be subordinated to the defendant's right to have his trial concluded, and because those circumstances will invariably create unfairness to the accused, his valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public's interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." Washington, 434 U.S. at 505, 98 S.Ct. 824. Thus, it is well-settled that once jeopardy attaches, prosecution of a defendant other than before the original jury is barred unless "[1] there is a "manifest necessity" for a mistrial or [2] the defendant either requests or consents to a mistrial." Johnson v. Karnes, 198 F.3d 589, 594 (6th Cir.1999) (internal quotation marks and citation omitted). | The double jeopardy clause of the Fifth Amendment protects a defendant's valued right to have his trial completed by a particular tribunal, but at the same time, given the interest in giving the prosecution one complete opportunity to convict those who have violated its laws, the circumstances do not invariably create unfairness to the accused, a defendant's valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public's interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. U.S.C.A. Const.Amends. 5, 4. | Is the valued right to have the trial concluded by a particular tribunal subordinate to the public interest? | 016020.docx | LEGALEASE 00165740-LEGALEASE 00165741 | SA, Sub | 0.14 | | 0 | 1 | | 1 | |
| 286 | McNeal v. Collier, 353 F. Supp. 685 | 135H+107.1 | The Fifth Amendment protection is, of course, qualified because not all subsequent prosecutions are automatically barred. For example, an accused may be constitutionally retried where the first jury is unable to arrive at a verdict, United States v. Perez, 22 U.S. 9 (Wheat) 579, 6 L.Ed. 165 (1824), where the judge discovers that one or more members of the jury may harbor an improper bias, and dismisses the panel, Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146 (1894), or where a prior conviction is vacated upon appeal, Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), and where the conviction is set aside in a collateral proceeding, United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). However, apart from a narrow category of cases in which a subsequent prosecution is clearly permissible, the Supreme Court, recognizing the intrusive nature of the problem, has steadfastly declined to formulate hard and fast rules. Instead, each case is to be resolved on an individual basis. | Accused may be constitutionally retried where first jury is unable to arrive at verdict, or where judge discovers that one or more members of jury may harbor improper bias and dismisses panel, where prior conviction is vacated upon appeal, or where conviction is set aside in collateral proceeding. U.S.C.A.Const. Amends. 5. | Can an accused be constitutionally retried where a first jury is unable to arrive at a verdict or where a judge discovers that one or more members of a jury may harbor improper bias? | 016118.docx | LEGALEASE 00165866-LEGALEASE 00165867 | SA, Sub | 0.69 | | 0 | 1 | | 1 | |
| 287 | Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56 | 307A+3 | A Motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make. Weidner v. Sanchez, 14 S.W.3d 353, 358 (Tex.App.–Houston [14th Dist.] 2000, no pet.). The purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission in front of the jury without first asking the trial court's permission. Weidner, 14 S.W.3d at 359. Because a trial court's ruling on a motion in limine preserves nothing for review, a party must object at trial when the testimony is offered to preserve the error for appellate review. Hartford Acc. & Indem. Co., 369 S.W.2d at 335. However, not all pretrial motions are motions in limine. See Huckaby v. A.G. Perry & Son, Inc., 20 S.W.3d 194, 203 (Tex.App.–Eastland 2000, pet. denied). | A "motion in limine" is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings that the trial court may be asked to make, and the purpose is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings that the trial court may be asked to make? | 028856.docx | LEGALEASE 00122313-LEGALEASE 00122313 | Condensed, SA | 0.6 | | 0 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 23,876 | 9,029 |
| 288 | Kaiser v. Umialik Ins., 108 P.3d 876 | 30+3281 | The superior court dismissed Kaiser's claims under Alaska Rule of Civil Procedure 12(b). [...] When materials outside the pleadings are submitted with regard to a motion to dismiss, and the superior court does not exclude the materials or convert the motion to one for summary judgment, but instead decides the motion relying on material outside the pleadings, the motion must be treated as a motion for summary judgment. [...] | When materials outside pleadings are submitted with regard to the motion to dismiss, and superior court neither explicitly excludes materials or converts motion into one for summary judgment, but instead decides the motion relying on materials outside the pleadings, the superior court must treat motion as one for summary judgment. [...] | When can the superior court either exclude the evidence or convert the motion into one for summary judgment? | Pretrial Procedure - Memo #339 - C - AC_62059.docx | ROS5-00029439;ROS5-00329439 | Condensed_SA | 0.54 | | 1 | 0 | | |
| 289 | Becker v. Zellner, 292 Ill. App. 3d 116 | 307A+679 | As such, a section 2-615 motion "does not raise affirmative factual defenses but alleges only defects on the face of the complaint." [...] | When presented with a motion to dismiss for failure to state a claim, reviewing court must accept as true all well-pleaded facts and reasonable inferences that may be drawn therefrom? | "When presented with a motion to dismiss for failure to state a claim, should the reviewing court accept as true all well-pleaded facts and reasonable inferences that can be drawn therefrom?" | Pretrial Procedure - Memo #385 - C - SA_62041.docx | ROS5-00290527;ROS5-00290528 | SA_Sub | 0.42 | | | | | |
| 290 | Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316 | 209+233 | We have recognized two exceptions to this principle, circumstances in which tribes may exercise civil jurisdiction over non-Indians on their reservations, even on non-Indian fee lands. [...] | Montana recognizes two exceptions to the general rule that Indian tribes lack civil authority over the conduct of non-Indians on non-Indian fee land [...] | "When can an Indian tribe exercise civil jurisdiction over non-Indian fee lands?" | Indians - Memo #5 - BP.docx | ROS5-00310472;ROS5-00310474 | SA_Sub | 0.44 | | | 1 | | |
| 291 | Bank of Am., N.A. v. Wells Fargo Bank, N.A., 126 Wash. App. 710 | 366+1(4) | Equitable subrogation provides an exception to the first-in-time rule by permitting a person who pays off an encumbrance to assume the same lien priority position as the holder of the previous encumbrance. [...] | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the intervening lienholder through an advancement of priority [...] | "As an equitable remedy, is subrogation designed to avoid one person receiving an unearned windfall, i.e. the intervening mortgagee who paid the prior debt?" | Subrogation - Memo # 573 - C - LK.DOCX | ROS5-00332863;ROS5-00332862 | SA_Sub | 0.54 | | | 1 | | |
| 292 | Fed. Land Bank of Baltimore v. Joynes, 179 Va. 394 | 366+27 | Subrogation has been generally classified as being either legal or conventional. Legal subrogation arises by operation of law when a person having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. [...] | "Subrogation" is generally classified as being either legal or conventional; "legal subrogation" arising by operation of law when a person having a liability, or right, or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid [...] | How is subrogation classified? | Subrogation - Memo 71 VFC.docx | ROS5-00384644;ROS5-00384643 | SA_Sub | 0.19 | | | 1 | | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 293 | Bergen Cty. v. Dept of Pub. Utilities, 117 N.J. Super. 304 | 317A+102 | The statutes governing public utilities reflect legislative recognition that public interest in proper regulation of public utilities transcends municipal or county lines, and that centralized control must be entrusted to an agency whose continually developing expertise will ensure uniformly safe, proper and adequate service by utilities throughout the State. N.J.S.A. 48:2-1, 48:3-3A-4. | The Board of Public Utility Commissioners was intended by the Legislature to have the widest range of regulatory power over public utilities. The provisions of Title 48 are to be construed liberally, Deptford Tp. v. Woodbury Tp. Sewerage Corp., Supra, 54 N.J. at 426, 255 A.2d at 737. Title 48 reflects a legislative recognition that "public interest in proper regulation of public utilities transcends municipal or county lines, and that a centralized control must be entrusted to an agency whose continually developing expertise will assure uniformly safe, proper and adequate service throughout the State." In re Public Service Electric and Gas Co., Supra, 35 N.J. at 371, 173 A.2d at 239. See also Mogelefsky v. Pentispane Trap Hills Tp., 39 N.J. 344, 348 A.2d 97 (1971). | Does public interest in proper regulation of public utilities transcend municipal or county lines in requiring an agency to assure adequate utility services? | 043571.docx | LEGALEASE-00020951 / LEGALEASE-00020952 | SA, Sub | 0.67 | 0 | | | 1 | |
| 294 | C. Green-Scaping v. Westfield Ins. Co., 248 S.W.3d 779 | 366+1 | The doctrine of subrogation is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | When equitable subrogation is an issue, each case is usually controlled by its own facts. Providence Inst. for Sav. v. Sims, 441 S.W.2d 526, 529 (Tex. 1969). The doctrine of subrogation is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | "Is the doctrine of subrogation broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter?" | Subrogation - Memo # 511 - C - GU.docx | LEGALEASE-00011326 / LEGALEASE-00011327 | SA, Sub | 0.78 | 0 | | | 1 | |
| 295 | Bank of Am., N.A. v. Wells Fargo Bank, N.A., 126 Wash. App. 710 | 366+1161 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the interesting lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. | Equitable subrogation provides an exception to the first in time rule by permitting a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance. As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall, i.e., the interesting lienholder through an advancement in priority, at the expense of another, i.e., the new mortgagee who paid the prior debt. Restatement (Third) of Property: Mortgages § 7.6 cmt. a (1997). | "As an equitable remedy, is subrogation designed to avoid one person receiving an unearned windfall, i.e., the interesting lienholder through an advancement in priority, at the expense of another or the new mortgagee who paid the prior debt?" | Subrogation - Memo # 575 - C - BP.docx | ROSS-003137064-ROSS-003315969 | SA, Sub | 0.54 | 0 | | | 1 | |
| 296 | Rock River Lumber Corp. v. Universal Servs. Corp. of Wisconsin, 82 Wis. 2d 235 | 366+1 | Subrogation is an equitable doctrine invoked to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Subrogation is an equitable doctrine invoked to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Is subrogation an equitable doctrine invoked to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another? | Subrogation - Memo # 617 - AMC.docx | ROSS-003297066-ROSS-003297067 | Condensed, SA | 0.78 | 0 | 1 | | | |
| 297 | Doe I v. State of Israel, 400 F. Supp. 2d 8 | 221+142 | The act of state doctrine prevents a court from deciding a case when the outcome turns upon the legality or illegality of official action in a foreign sovereign territory. | A close cousin of the political question doctrine, the act of state doctrine prevents a court from deciding a case "when the outcome turns upon the legality or illegality of official action in a foreign sovereign territory." | Does the act of state doctrine prevent a court from deciding a case when the outcome turns upon the legality or illegality of official action in a foreign sovereign territory? | International Law - Memo # 16 - C - SX.docx | ROSS-003315614-ROSS-003315618 | Order, SA | 0.83 | 1 | | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 298 | Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+342 | The act of state doctrine "requires American courts to presume the validity of an official act of a foreign sovereign performed within its own territory." Republic of Austria v. Altmann, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (internal quotation marks omitted). The doctrine must be considered when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073 (D.C.Cir.2012) (quoting W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). It provides a "rule of decision" requiring a court to deem legal the official act of a foreign sovereign when the legality of that act is at issue in a case. W.S. Kirkpatrick & Co., 493 U.S. at 406, 110 S.Ct. 701. On the other hand, the act of state doctrine is not an "exception for cases and controversies that may embarrass foreign governments." Id. at 409, 110 S.Ct. 701. The burden of proving that an act of state occurred lies with the party asserting the defense. Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 528 F.3d 934, 951 (D.C.Cir.2008). | Act of state doctrine must be considered when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Must the act of state doctrine be considered when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? | International Law - Memo # 209 - C - MLS.docx | ROSS-003281956-ROSS-003281957 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 299 | Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | Even though the Court has jurisdiction over Nnaka's suit, many of his specific claims run afoul of the act of state doctrine. See id. at 12 (act of state doctrine represents "a rule of judicial restraint in decisionmaking, not a jurisdictional limitation"). The act of state doctrine is a function of the "domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (internal quotation marks omitted). "The doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory." Riggs Nat'l Corp. & Subsidiaries v. Comm'r of IRS, 163 F.3d 1363, 1367 (D.C. Cir. 1999) (citing W.S. Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701). When the doctrine applies, it serves as a "rule of decision" requiring that such official acts "shall be deemed valid" in the process of deciding a case. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C. Cir. 2002) (quoting W.S. Kirkpatrick, 493 U.S. at 405, 409, 110 S.Ct. 701). But the doctrine only applies to "official" state action: that is, to "conduct that is by nature distinctly sovereign" and "cannot be undertaken by a private individual or entity." McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073 (D.C. Cir. 2012). Purely commercial acts do not qualify. See de Csepel, 714 F.3d at 604. | "Act of state doctrine" is a function of the domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. | "Is the act of state doctrine a function of the domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs?" | International Law - Memo # 24 - C - LK.docx | ROSS-003313129-ROSS-003313130 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 300 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | The act of state doctrine precludes a court of the United States from considering a plaintiff's claims where either the claims or the defenses asserted would require the court to determine that a foreign sovereign's official acts performed in its own territory were invalid. W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp. International, 493 U.S. 400, 405, 110 S.Ct. 701, 704"05, 107 L.Ed.2d 816 (1990). Unocal argues, in asserting the applicability of the doctrine, that by adjudicating plaintiffs' claims, this Court will necessarily pass judgment on the validity of SLORC's official acts, thereby interfering with the foreign policy efforts of the United States Congress and the President. | Act of state doctrine precludes court of United States from considering plaintiff's claims where either claims or defenses asserted would require court to determine that foreign sovereign's official acts performed in its own territory were invalid. | Does the act of state doctrine preclude a court of the United States from considering plaintiff's claims where either claims or defenses asserted would require the court to determine that a foreign sovereign's official acts performed in its own territory were invalid? | International Law - Memo # 319 - C - NS.docx | ROSS-003315882-ROSS-003315883 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 301 | Bandes v. Harlow & Jones, 826 F. Supp. 700 | 221+342 | Two practical rationales underlie the doctrine. First, it permits the political arms of government, and the executive branch in particular, exclusive control over foreign policy. Allied Bank International v. Banco Credito Agricola de Cartago, 757 F.2d 516, 520 (2d Cir.1985). Second, when the disputed property is located in the foreign sovereign, it would likely be futile, to say nothing of arrogant, for a United States court to pronounce on the self-contained activities of an independent state. See id. at 521. | Two practical rationales underlie Act of State Doctrine: first, it permits political arms of government, and executive branch in particular, exclusive control over foreign policy; second, when disputed property is located in foreign sovereign, it would likely be futile, to say nothing of arrogant, for United States court to pronounce on self-contained activities of independent state. | What are the two practical rationales that underlie the Act of State Doctrine? | 020305.docx | LEGALEASE-00123347-LEGALEASE-00123348 | Condensed, SA | 0.25 | 0 | 1 | 0 | 1 | |
| 302 | United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+342 | The act of state doctrine precludes domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory. McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485, 491 (D.C.Cir.2008); see Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897) ("Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its territory."); see also Restatement (Third) of the Foreign Relations Law of the United States " 443 (1987). The doctrine applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). The policies underlying the doctrine include international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C.Cir.2002). | The "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. | Does the act of state doctrine prevent any court in the United States from declaring that an official act of a foreign sovereign performed within its own territory is invalid? | 020798.docx | LEGALEASE-00123720-LEGALEASE-00123722 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 303 | Pellegrini v. Weiss, 165 Cal. App. 4th 515 | 307A+3 | Generally speaking, in limine motions are disfavored in cases in which they are used not to determine in advance the court's projected ruling if presented with an evidentiary objection during trial, but instead to serve as a substitute for a dispositive statutory motion. The increasing prevalence of the practice of using in limine motions in this way produces substantial risk of reversal, particularly in situations in which the constitutional rights to jury trial and confrontation are implicated. As we stated in the recent case of Amtower v. Photon Dynamics, Inc. (2008) 158 Cal.App.4th 1582, 1594, 71 Cal.Rptr.3d 361: "The disadvantages of such shortcuts are obvious. They circumvent procedural protections provided by the statutory motions or by trial on the merits; they risk blindsiding the nonmoving party; and, in some cases, they could infringe a litigant's right to a jury trial. (Cal. Const., art. I, " 16.)" (Ibid.) "The better practice in nearly every case is to afford the litigant the protections provided by trial or by the statutory processes." (Id. at p. 1588, 71 Cal.Rptr.3d 361; see also Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore (2008) 162 Cal.App.4th 1331, 76 Cal.Rptr.3d 649.). | Generally speaking, in limine motions are disfavored in cases in which they are used not to determine in advance the court's projected ruling if presented with an evidentiary objection during trial, but instead to serve as a substitute for a dispositive statutory motion. | "Generally speaking, are in limine motions disfavored in cases in which they are used not to determine in advance the court's projected ruling if presented with an evidentiary objection during trial, but instead to serve as a substitute for a dispositive statutory motion?" | Pretrial Procedure - Memo # 330 - C - ANC.docx | ROSS-003284748-ROSS-003284749 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 304 | City of New York v. Consol. Edison Co. of New York, 274 A.D.2d 189 | 315+71 | This principle is equally applicable to the case at bar. While Con Edison may have a property right in the land where its installations are situated, its use of that land is subject to regulation when necessitated by public safety. "Under our system of government, one of the State's primary ways of preserving the public weal is restricting the uses individuals can make of their property.... Long ago it was recognized that "all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community," and the Takings Clause did not transform that principle to one that requires compensation whenever the State asserts its power to enforce it." (Keystone, supra, at 491"492, 107 S.Ct. 1232, 94 L.Ed.2d 472 [citations omitted] ). | All property is held under the implied obligation that the owner's use of it shall not be injurious to the community, and the Takings Clause did not transform that principle to one that requires compensation whenever the state asserts its power to enforce it. U.S.C.A. Const.Amend. 5. | "Does the Takings Clause transform the principle that, all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community, to one that requires compensation whenever the State asserts its power to enforce it?" | 017514.docx | LEGALEASE-00124666-LEGALEASE-00124667 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 305 | Roe v. Unocal Corp., 70 F. Supp. 2d 1073 | 221+342 | Because the goal of the act of state doctrine is to protect the interests of the United States and of the international community, the doctrine is not applied at every opportunity. Instead, as the Supreme Court recently put it:Courts in the United States have the power, and ordinarily the obligation, to decide the cases and controversies properly presented to them. The act of state doctrine does not establish an exception for cases and controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid.Kirkpatrick, 493 U.S. at 405, 110 S.Ct. 701. In short, the act of state doctrine may only be invoked to bar adjudication of a plaintiff's claims when the nature of the claims or defenses will require the court to declare invalid a foreign sovereign's official acts, in other words, when "the outcome of the case turns upon [ ] the effect of official action by a foreign sovereign." Id. at 406, 110 S.Ct. 701. | Act of state doctrine may only be invoked to bar adjudication of plaintiff's claims when nature of claims or defenses will require court to declare invalid foreign sovereign's official acts, in other words, when outcome of case turns upon effect of official action by foreign sovereign. | Can the act of state doctrine only be invoked to bar adjudication of plaintiff's claims when nature of claims or defenses will require the court to declare invalid foreign sovereign's official acts? | International Law - Memo # 409 - C - MLS.docx | ROSS-003298794-ROSS-003298795 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 306 | Beanal v. Freeport-McMoRan, 969 F. Supp. 362 | 24+765 | To allege state action, the challenged conduct must be attributable to the state, in other words, it must be official conduct. Restatement " 207, comment c. A state is responsible for any violation of its obligations under international law resulting from action or inaction by "any organ, official, employee, or other agent of a government or of any political subdivision, acting within the scope of authority or under color of such authority." Id Freeport does not satisfy the definition of a "state" as that term is defined in international law. Restatement " 201.Under international law, a state is an entity that has a defined territory and a permanent population, under the control of its own government and that engages in, or has the capacity to engage in, formal relations with other such entities. | To allege state action for purpose of claim under the Alien Tort Statute, the challenged conduct must be attributable to the state, in other words, it must be official conduct; state is responsible for any violation of its obligations under international law resulting from action or inaction by, "any organ, official, employee, or other agent of a government or of any political subdivision, acting within the scope of authority or under color of such authority.". 28 U.S.C.A. S 1350; Restatement (Third) of Foreign Relations Law of the United States S 207 comment. | "To allege state action for purpose of claim under the Alien Tort Statute, must the challenged conduct be official conduct?" | International Law - Memo 477 - TH.docx | ROSS-003283415-ROSS-003283416 | SA, Sub | 0.29 | 0 | 0 | 1 | 1 | |
| 307 | Compania de Gas de Nuevo Laredo, S. A. v. Entex, 686 F.2d 322 | 221+342 | Even such a narrow interpretation of the act of state doctrine, however, would require the court to refrain from examining the claim of conspiracy here. As we noted in Mitsui, application of the doctrine is determined by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its law or regulation was an issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce. 594 F.2d at 52-53. | Whether act of state doctrine is applicable is determined by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its laws or regulation was in issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce. | "Is the act of state doctrine applicable by balancing several factors, namely, the degree of involvement of the foreign state, whether the validity of its laws or regulation was in issue, whether the foreign state was a named defendant, and whether there was a showing of harm to American commerce?" | International Law- Memo # 758 - C - SU.docx | ROSS-003295602-ROSS-003295604 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 308 | Commercial Credit Equip. Corp. v. Hatton, 429 F. Supp. 997 | 366+7(1) | To the extent that a surety feels insecure and believes a debtor is in default, he is always entitled to pay off the indebtedness, be subrogated to the rights of the creditor, and then repossess taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession. The rule that a surety cannot compel a creditor to repossess when the surety feels insecure is but an application in another setting of the saying sometimes heard in the days before central heating: "Let the one who complains of the cold fetch in the firewood." | To the extent that a surety feels insecure and believes a debtor is in default, he is always entitled to pay off the indebtedness, be subrogated to the rights of the creditor, and then repossess, taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession. | "Is a surety always entitled to pay off indebtedness, be subrogated to the rights of the creditor, and then repossess, taking upon himself the significant risks of a wrongful repossession or of committing a breach of the peace in connection with the repossession?" | Subrogation - Memo 926 - RK.docx | ROSS-003314017-ROSS-003314018 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 309 | Becker v. Philadelphia Elec. Co., 242 Pa. Super. 47 | 317A+111 | The extent of the PUC's jurisdiction has been clearly outlined by the courts of this Commonwealth in its treatment of a long series of questions. In Lansdale Borough v. Philadelphia Electric Co., 403 Pa. 647, 650-51, 170 A.2d 565, 567 (1961) the Court stated, "...but our experience with prior cases concerning PUC jurisdiction, concludes: "Initial jurisdiction in matters concerning the relationship between public utilities and the public is in the PUC not in the courts. It has been so held involving rates, service, rules of service, extension and expansion, hazard to public safety due to use of utility facilities, installation of utility facilities, location of utility facilities, abandoning, selling or transferring the facilities, obtaining, altering, abandoning, selling or transferring any right, power, privilege, service, franchise or property and rights to serve a particular territory..." [footnotes omitted]. The exclusive regulatory jurisdiction conferred on the PUC in these areas permits evaluation and control of utility activities in they affect public service. Behrend v. Bell Telephone Co., 431 Pa. 63, 243 A.2d 346 (1966); Chester County v. Philadelphia Electric Co., 420 Pa. 422, 218 A.2d 331 (1966); Colonial Products Co. v. PUC, 188 Pa. Super. 161, 146 A.2d 657 (1958); Lansdale Borough v. Philadelphia Electric Co., supra. No other entity can interfere with the commission's performance of its function by making additional or different judgements of utility. [Butler Township Municipal Authority v. PUC, 21 Pa. Commw. 164, 345 A.2d 618 (1963) (et. by conducting an independent appraisal of a utility's service to the public. Einhorn v. Philadelphia Electric Co., 410 Pa. 630, 190 A.2d 569 (1963)] | Exclusive regulatory jurisdiction conferred on the Public Utility Commission in cases involving rates, service of rules of service, extension and expansion, hazard to public safety through the use of utility facilities, installation of utility facilities, location of utility facilities, obtaining, altering, dissolving, abandoning, selling or transferring any right, power, privilege, service, franchise or property and rights to serve a particular territory, permits evaluation and control of utility activities as they affect public service. 17 P.S. 5.211.508(a)(b); 66 P.S. 55.102(20), 1371, 1383, 1381, 1391. | Does the Public Utilities Commission (PUC) have the jurisdiction to regulate the transfer of franchise to utilities? | 042341.docx | LEGALEASE 00125062 / LEGALEASE 00125064 | SA, Sub | 0.64 | | Condensed, SA | 1 | 1 | |
| 310 | Becker v. Crowne Corp., 822 F. Supp. 386 | 16+1.20(5.1) | Personal injury action brought within three years after the boating accident as timely. Federal statute of limitations determined whether claim was timely, even if case had commenced in Kentucky, where federal statute permitted passenger in fishing boat to recover damages for personal injury arising out of maritime tort if litigation was commenced within three years from date cause of action accrued. 46 App.U.S.C.A. § 763a. | Personal injury action brought within three years after the boating accident was timely; federal statute of limitations determined whether claim was timely, even if case had commenced in Kentucky court, where federal statute permitted passenger in fishing boat to recover damages for personal injury arising out of maritime tort if litigation was commenced within three years from date cause of action accrued. 46 App.U.S.C.A. § 763a. | Does Tort cause of action accrue on date of accident or injury? | 006470.docx | LEGALEASE 00126404 / LEGALEASE 00126405 | Condensed, SA, Sub | 0.42 | | | | | |
| 311 | Maryland Cas. Co. v. Messina, 874 P.2d 1058 | 413+1 | The Workers' Compensation Act establishes an administrative process designed to adjudicate promptly a narrow issue of law containing limited legal questions, and provides just remedy of compensation for employment related injuries. Public Serv. Co. v. United Cable Television of Jeffco., Inc., 829 P.2d 1280 (Colo.1992). The hearing in which a workers' compensation claim is adjudicated is generally informal and expeditious | Workers' Compensation Act establishes administrative process designed to adjudicate promptly a narrow issue of law containing limited legal questions and provides just remedy of compensation for employment related injuries. C.R.S. 8-52-102(1)(b). | "Does the workers compensation act establish an administrative process designed to adjudicate promptly narrow issues of law and provide just remedy of compensating workers for employment related injuries?" | 048530.docx | LEGALEASE 00126770 / LEGALEASE 00126771 | Condensed, SA, Sub | 0.42 | | | | | |
| 312 | Wilhite v. Illinois Power Co., 1395 F. Supp. 3d 971 | 413+6 | Illinois' Workers' Compensation Act entitles employees who have been injured in the course of employment to obtain an award of benefits without having to prove fault. In turn for this benefit, the employee accepts the Workers' Compensation Act as his exclusive remedy and forfeits his right to recover tort damages for the same injury. See Byrd v. United States, 65 F.3d 1131, 1135 (C.D.Ill.1995). Along with other things, the Act provides that when one employer loans an employee to another employer and the employee then gets injured, the loaning employer and the borrowing employer are jointly and severally liable for the injured worker's benefits. See 820 ILCS 305/1(a)(4). Furthermore, the employer bears the immunity from tort liability conferred by the Act. See Ballance, 64 F.3d at 827; 199 III.2d 425 Brandenberg Co. (2003); 158 III App.3d 27, 509 IIl.Dec. 527, 532, 576 N.E.2d 396, 20 (1991). | Illinois' Workers' Compensation Act allows employees who have been injured in the course of employment to obtain an award of benefits, regardless of fault, in exchange for accepting the Act as their exclusive remedy, thereby forfeiting tort recovery for the same injury. S.H.A. 820 ILCS 305/1 et seq. | "Does the Workers' Compensation Act allows employees who are injured in the course of their employment to obtain benefits, regardless of fault, in exchange for accepting the Act as their exclusive remedy, thereby forfeiting tort recovery for the same injury?" | 044881.docx | LEGALEASE 00127417 / LEGALEASE 00127418 | SA, Sub | 0.62 | | | 1 | | |
| 313 | GMS Mine Repair & Maint. v. Miller, 798 F.2d 833 | 307A+747.1 | In short, the case at Bar presents a clear example of a situation wherein the parties would be best served through the circuit court issuing a preliminary managerial role that is mandated by our Rules of Civil Procedure. See Caruso, 222 W.Va. at 546, 678 S.E.2d at 51; see also, 1, 2 Trial 11(b) of the West Virginia Rules of Civil Procedure (1998) requires active management of a case, and mandates that a trial court "shall ... enter a scheduling order" establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost effective resolution of the case.") Indeed, "[t]he absence of a Rule 16(b) scheduling order "can result in a lack of focus, inefficiency, and perhaps abuse within the litigation". See, Gerald v. Jarvis, 223 W.Va. at 549, 678 S.E.2d at 55. | The circuit court's managerial role of a situation wherein the parties would have been best served through the circuit court issuing a preliminary order establishing time frames for the joinder of parties, the amendment of pleadings, the completion of discovery, the filing of dispositive motions, and generally guiding the parties toward a prompt, fair and cost effective resolution of the case. W. Va. R. Civ. P. 16(b). | Do the civil procedure rules require active judicial management of a case? | 016659.docx | LEGALEASE 00130412 / LEGALEASE 00130413 | Condensed, Order, SA | 0.57 | 0 | | | 1 | |
| 314 | Mitchell v. Moore, 406 So. 305 | 307A+737.1 | Next, appellants contend reversible error occurred when the trial court refused to grant a continuance because of the absence of two witnesses who would testify about money Howard owed... The law is well settled in this jurisdiction that the grant or refusal of a continuance rests within the sound discretion of the trial court. Lewis v. State, 194 So.2d 241 (1952). The trial court's discretion, however, is not without limit. In the exercise of sound judicial discretion, there are guidelines for determining whether the absence of a witness warrants a continuance. They may be fairly summarized as follows it must be shown that the expected evidence is material and competent; that there is a probability that if continuance is granted the desired evidence can be adduced at a future date; that due diligence was used by the moment to secure the absent witness or evidence; that expected evidence is credible and will probably affect the result of the trial, that the evidence will not be merely cumulative or in the nature of impeachment, and that the motion for continuance was not made merely for purposes of delay. | In order for the absence of a witness to warrant a continuance, it must be shown that the expected evidence will be material and competent, that there is a probability that the evidence can be adduced at a future date, that due diligence was used to secure the absent witness or evidence, that expected evidence is credible and will probably affect the result of trial, that the evidence will not be merely cumulative or in the nature of impeachment, and that the motion for continuance was not made merely for purposes of delay. | What must be shown to warrant a continuance because of the absence of a witness? | Pretrial Procedure - Memo # 1762 - C - PC.docx | ROSS 000331258-ROSS 000313260 | Condensed, SA | 0.49 | | | | | |

64

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 315 | B.J. v. State, 951 So. 2d 100 | 399+1 | With regard to the first element, the state must prove that the defendant loitered and prowled, which means that he "engaged in incipient criminal behavior which law abiding people do not usually engage in" given "the time, place, or manner of the conduct involved." E.C. v. State, 724 So.2d 1243, 1244 (Fla. 4th DCA 1999). The gist of the first element "is aberrant and suspicious criminal conduct which comes close to, but falls short of, actual commission or attempted commission of a substantive crime." D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985). Here, this element was proven because appellant was hiding at 1:30 a.m. in the back of a pick-up truck near a closed business that was the subject of a burglary call. Compare G.G. v. State, 903 So.2d 1031, 1033 (Fla. 4th DCA 2005) (holding "loitering and prowling" element of statute was satisfied where "defendant was seen behind shops of a closed plaza at 3:45 in the morning"). | With regard to the first element of loitering and prowling, the state must prove that a defendant loitered and prowled, which means that he engaged in incipient criminal behavior in which law abiding people do not usually engage given the time, place, or manner of the conduct involved; the gist of the first element is aberrant and suspicious criminal conduct that comes close to, but falls short of, actual commission or attempted commission of a substantive crime. West's F.S.A. S 856.021(1). | Is engagement in suspicious criminal conduct an element of the offense of loitering? | Vagrancy - Memo 9 - SB.docx | LEGALEASE-00021300-LEGALEASE-00021301 | Order, SA | 0.48 | 1 | 0 | 0 | 1 | |
| 316 | United States v. Bryant, 885 F. Supp. 2d 749 | 63+1(1) | A bribery theory under " 1346 "requires a quid pro quo," United States v. Wright, 665 F.3d 560, 567 (3d Cir.2012) (quoting United States v. Kemp, 500 F.3d 257, 281 (3d Cir.2007)), "that is, a specific intent to give or receive something of value in exchange for an official act." Wright, 665 F.3d at 567-68 (quoting United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 404-05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)). "[A] bribery theory does not require that each quid, or item of value, be linked to a specific quo, or official act. Rather, a bribe may come in the form of a 'stream of benefits.'" " Wright, 665 F.3d at 568 (quoting United States v. Bryant, 655 F.3d 232, 240-41 (3d Cir.2011)). An honest services fraud prosecution for bribery after the Supreme Court's decision in Skilling requires the Government to prove: (1) that "the payor provided a benefit to a public official intending that he w[ould] thereby take favorable official acts that he would not otherwise take," and (2) that "the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor." 12 Wright, 665 F.3d at 568 (citations omitted). "The quid pro quo can be implicit, that is, a conviction can occur if the Government shows that [the official] accepted payments or other consideration with the implied understanding that he would perform or not perform an act in his official capacity." Id. (quoting Antico, 275 F.3d at 257); United States v. Andrews, 681 F.3d 509 (3d Cir.2012). In a similar vein, the Government may prove a bribery scheme with circumstantial evidence. Wright, 665 F.3d at 568-69 ("The inducement from the official is criminal if it is implied from his words and actions."). | An honest services fraud prosecution for bribery requires Government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | Does honest services fraud prosecution for bribery requires the Government to prove that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take? | Bribery - Memo #111 - C-CSS.docx | ROSS-003286658-ROSS-003286659 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 317 | Fuller v. Alex. Hollander & Co., 61 N.J. Eq. 648 | 307A+331 | The jurisdiction of the court of chancery to compel production, for inspection, of books and papers, whether of an individual or corporation, is confined to cases where the same are evidential in a cause pending in the court, and cases arising undera bill filed for relief as well as discovery, or undera bill filed for discovery only, in aid of a prosecution or defense in litigation pending or contemplated. | The jurisdiction of the court of chancery to compel production, for inspection, of books and papers, whether of an individual or corporation, is confined to cases where the same are evidential in a cause pending in the court, and cases arising under a bill filed for relief as well as discovery, or under a bill filed for discovery only, in aid of a prosecution or defense in litigation pending or contemplated. | "Is the jurisdiction of the court of chancery to compel production, for inspection, of books and papers confined to cases of an individual or corporation where the same are evidential in a cause pending in the court?" | Pretrial Procedure - Memo # 2000 - C - UG.docx | ROSS-003301537-ROSS-003301538 | SA, Sub | 0 | 0 | 0 | 1 | 1 | |
| 318 | Lakewood Tr. Co. of Lakewood v. Fid. & Deposit Co. of Md., 81 N.J. Super. 329 | 307A+331 | With the adoption of the new rules, the former procedure was retained. However, the old approach to discovery was modified. The intention and rationale is to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify the issues, obviate lengthy and haphazard examination and cross-examination, and shorten trials and thus achieve substantial justice. Bead Chain Mfg. Co. v. Smith, 1 N.J. 118, 62 A.2d 215 (1948); Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 78 A.2d 705 (1951); Sunbeam Corp. v. Windsor-Fifth Avenue, 14 N.J. 235, 102 A.2d 32 (1953); Schnitzer & Wildstein, op. cit., A IV-688. | Intention and rationale of discovery rule is to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify issues, obviate lengthy and haphazard examination and cross-examination, and shorten trials and thus achieve substantial justice. R.R. 4:24-1. | "Is the intention and rationale of the discovery rule to permit more liberal discovery by way of access to all relevant material contained in books, papers and documents to simplify issues?" | Pretrial Procedure - Memo # 1932 - C - PB.docx | ROSS-003287304-ROSS-003287305 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 319 | Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | Of course, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Rule 162 states that the plaintiff's right to nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk," and a dismissal "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal." Tex. R. Civ. P. 162. A claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action. BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 841 (Tex.1990). UTMB has not raised a claim for affirmative relief, but it did request costs in its plea to the jurisdiction. Rule 162 permits the trial court to hold hearings and enter orders affecting costs, attorney's fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power. In re Bennett, 960 S.W.2d at 38. Thus, the trial court has discretion to defer signing an order of dismissal so that it can "allow a reasonable amount of time" for holding hearings on these matters which are "collateral to the merits of the underlying case." Id. at 38"39. Although the Rule permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot. | The civil procedure rule governing nonsuits permits the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does the rule governing dismissals and non-suits permit the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power?" | 027721.docx | LEGALEASE-00132910-LEGALEASE-00132911 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 320 | Calvert v. Berg, 177 Wash. 3d App. 464 | 30734-117.1 | A plaintiff's right to a voluntary nonsuit must be measured by the posture of the case at the time the plaintiff seeks the motion to nonsuit. Because the right to dismissal, if any, becomes fixed at that point. In Paulson, the court held that the plaintiff had a right to a voluntary dismissal when he filed a motion to dismiss instead of responding to the merits of a defendant's motion for summary judgment. Although a voluntary dismissal under CR 41(a)(1)(B) generally deprives a court of authority to decide a case on the merits, "the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees," which is collateral to the underlying proceeding. … the first four provisions of the court's May 2 order suspended the investors' ability to conduct discovery as a sanction for violation of the February 17 order and required their compliance with the order by producing materials within 30 days and filing a bill of particulars within 45 days. The fifth paragraph of the May 1 order provided that the investors' failure to comply with these provisions would "result in an award of sanctions." As of May 21, the investors had not calculated the performance of their May 2 order obligations. Thus, they had not triggered the order's economic sanctions provision. | A plaintiff's right to a voluntary nonsuit must be measured by the posture of the case at the time the plaintiff seeks the motion to nonsuit. Because the right to dismissal, if any, becomes fixed at that point. In Paulson v. Walt, the court held that the plaintiff had a right to a voluntary dismissal when he filed a motion to dismiss instead of responding to the merits of a defendant's motion for summary judgment. | Although a voluntary dismissal generally deprives a court of authority to decide a case on the merits, does the court retain jurisdiction for the limited purpose of considering a defendant's motion for fees, which is collateral to the underlying proceeding? | 027987.docx | LEGALEASE 00131267-LEGALEASE 00131268 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 321 | Credit Car Ctr. v. Chamblers, 969 S.W.2d 459 | 30734-486 | The objective of every rule of practice is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants under the established construction of such rules. Tex.R.Civ.P. 1. Greene, 824 S.W.2d at 700. Rule 169's purpose is to simplify admissions of matters about which there is no real controversy, not to require a party to admit that he has no cause of action or ground of defense. Greene, 824 S.W.2d at 700. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209 (1950). Courts should not use the rules as a trap and should not construe them in a manner that will prevent a litigant from presenting the truth to the trier of facts. Greene, 824 S.W.2d at 700. A party seeking to withdraw deemed admissions establishes "good cause" by showing that its failure to answer was not intentional or the result of conscious indifference, but was an accident or mistake. A court may permit the party to withdraw deemed admissions if it also finds that the parties relying upon the deemed admissions will not be unduly prejudiced and that presentation of the merits will be served. | A party seeking to withdraw deemed admissions establishes "good cause" by showing that its failure to answer was not intentional or in conscious disregard of the obligation to answer but the result of accident or mistake and even a slight excuse for failure to answer will suffice? | Does the party seeking to withdraw deemed admissions establish good cause by showing that its failure to answer was not intentional or in conscious disregard of the obligation to answer but the result of accident or mistake, and even a slight excuse for failure to answer will suffice? | Pretrial Procedure - Memo #2095-C - Kl.docx | ROSS-003137423-ROSS-003137424 | SA, Sub | 0.76 | | | | 1 | |
| 322 | McDonnell v. United States, 136 S. Ct. 2355 | 63+13 | Under this Court's precedents, a public official is not required to actually make a decision or take an action on a "question, matter, cause, suit, proceeding or controversy"; it is enough that the official agrees to do so. See Evans, 504 U.S. at 268, 112 S.Ct. 1881. The agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain. Nor must the public official in fact intend to perform the "official act," so long as he agrees to do so. A jury could, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an "official act" in return. See ibid. It is up to the jury, under the facts of the case, to determine whether a public official agreed to perform an "official act" at the time of the alleged quid pro quo. The jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question. | It is up to the jury, under the facts of the case, to determine whether a public official agreed to perform an "official act," for purposes of federal bribery statute, which makes it a crime for a public official to perform or to demand anything of value in return for being influenced in the performance of any official act, at the time of the alleged quid pro quo; the jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question. 18 U.S.C.A. § 201(a)(3), (b)(2). | To determining whether the defendant agreed to be influenced in the quid pro quo exchange, can the jury consider a broad range of pertinent evidence, including the nature of the transaction? | 011582.docx | LEGALEASE 00155119-LEGALEASE 00155121 | Condensed, SA, Sub | 0.51 | 0 | 1 | 1 | 1 | |
| 323 | Brooks v. Am. Brood. Co., 179 Cal. App. 3d 500 | 30734+485 | Sometimes a party justifiably denies a request for admission based upon the information available at the time of the denial, but later learns of additional facts or acquires information which would enable it to admit the request to be admitted if the information had been known at the time of the denial. Such party is then free to amend its denial to an admission, and thereby avoid sanctions. If the party initially responds to the request for admission that the denial was in error or should be modified, a court should consider this factor in assessing whether there were no good reasons for the denial. (See Garcia v. Hyster Co.) Pictures (9th Cir.) 1955) 226 F.2d 934, 936.) On the other hand, if a party continues such denials even into the trial itself and then refuses to admit the issue at trial, a court would be well justified in finding that then had been no good reasons for the denial, thus mandating the imposition of sanctions. | Where party who justifiably denies request for admission based upon information available at time of denial, but who later learns of additional facts or acquires information which would enable it to admit request to be admitted if the information had been known at time of denial, and thereafter the advice requesting party that denial was error or should be modified, such factor should be considered in assessing whether there were no good reasons for denial so as to warrant imposition of expenses incurred to prove truth of requested admission under § 2034, but if party stands on initial denial and there fails to admit at trial a court would be justified in finding no good reason for denial so as to mandate imposition of expenses. West's Ann.Cal.C.C.P. § 2034(c). | Can a court be justified in finding no good reason for denial so as to mandate imposition of expenses, if a party stands on initial denial and then fails to contest issue at trial? | Pretrial Procedure - Memo # 3486 - C - NK.docx | ROSS-003137904-ROSS-003137927 | Condensed, SA, Sub | 0.17 | | | | 1 | |
| 324 | Schindler v. AG Aero Distributors, 502 S.W.2d 581 | 30+3137 | The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters requested about which a request for admissions have there is neither answer nor denial within the time specified in the request. The trial judge, under the Rule, also has broad discretion in refusing or granting a motion for the removing party to answer the request for admissions after the time therefor has expired. The ruling made by the trial court in the exercise of that discretion in either situation will not be set aside only upon a showing of a clear abuse. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209; Fisk v. Continental Oil Co., Tex.Civ.App., 200 S.W.2d 338; Houston Fire & Casualty Ins. Co. v. Ezell, Tex.Civ.App., 73 S.W.2d 304. The trial judge, under Rule 169, Texas Rules of Civil Procedure, also has considerable discretion in refusing or granting a motion to deem admitted the matters requested about which a request for admissions when there is neither answer nor denial within the time specified in the request, and filing of answers to a request for admissions and the court's action thereon is within the sound discretion of the trial judge. | The ruling made by the trial court in the exercise of its discretion in refusing to permit such request for admissions to deem admitted matters requested about which a request for admissions where there is neither answer nor denial within the time specified in the request or in the refusing or granting of motion of the removing party to answer the request filed after time therefor has expired will not be set aside only upon a showing of clear abuse. Rules of Civil Procedure, rule 169. | Does the trial court under the trial governing requests for admission have considerable discretion in refusing or granting a motion to deem answers admitted? | 000112.docx | LEGALEASE 00135905-LEGALEASE 00135906 | Condensed, Order, SA, Sub | 0.58 | | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 325 | Shields v. Crump, 499 So. 2d 479 | 307A+716 | We and these Supreme Court decisions strongly indicate that a trial court's discretion should usually be exercised in favor of granting a continuance to a plaintiff who is no longer represented by counsel, so to afford plaintiff additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel. In the present case, as in Shields, the plaintiff had not previously been granted a continuance and there was no indication of any significant prejudice to the defendant or to the court in scheduling a continuance were it to be granted. | Trial court's discretion should usually be exercised in favor of granting a continuance to plaintiff who is no longer represented by counsel, so as to afford plaintiff additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel. | "Should a trial court's discretion usually be exercised in favor of granting a continuance to a plaintiff who is no longer represented by counsel, so as to afford plaintiff additional opportunity to obtain counsel and to have a day in court, even though the plaintiff has not been diligent in obtaining new counsel?" | Pretrial Procedure - Memo # 3295 - C - SU.docx | ROSS 003290743-ROSS-003290744 | Condensed, SA | 0.52 | 0 | 1 | | | |
| 326 | Colonial Pipeline Co. v. Weirdale Club, 113 Ga. App. 412 | 307A+721.1 | Where, upon the call of a case and before a jury has been stricken, counsel for one of the parties makes prejudicial remarks in the presence of the panel of jurors from which a jury is thereafter selected to try the case, such conduct is not cause for a continuance or new trial, absent a request for postponement of the trial until other panels of jurors can be drawn from which to select a jury. In Cawson v. City of Newnan, 135 Ga. 340; 69 S.E. 492, Lowe v. State, 195 Ga. 338; 13 S.E. 2d 47, 5.27. Bowlings v. Hattcock, 272 Ga. App. 801, 107 S.E. 394; Hart v. City of Newnan, 54 Ga. App. 53; 24 191. While the words "continuance" and "postponement" may be virtually synonymous, a motion for a continuance generally implies a request that the case go over to another term, while the use of the word postponement implies a request that the case be adjourned to a later time during the same term. Black's Law Dictionary, p. 1383. A motion for a continuance is addressed to the sound discretion of the trial court, and a ruling upon such a motion will not be disturbed by the appellate court unless it appears that the court's discretion was abused. Clark 219 A. Georgia, 318 S.E. 552, 187 S.E. 527. No abuse of discretion is shown where it does not appear that the movant invoked an explicit remedy to wit, a postponement of trial to another day in a same term or until other panels could be drawn from which to select a jury. | No abuse of discretion in denying continuance is shown where it does not appear that movant invoked explicit remedy to which he was entitled, to wit, postponement of trial to another day in same term or until other panels could be drawn from which to select a jury. | "Is no abuse of discretion in denying continuance shown where it does not appear that a movant invoked an explicit remedy to which he was entitled, to wit, postponement of trial to another day in the same term or until other panels could be drawn from which to select a jury?" | | LEGALEASE 00190599 LEGALEASE 00190599 | SA, Sub | 0.85 | 0 | | 1 | 1 | |
| 327 | Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | In determining whether a party had "no good reason for the denial" of a request for admission found to have been "of substantial importance," a trial court could not determine that the reason for admission was of substantial importance at the time of the request was denied to a party making the denial may have reasonably viewed the subject matter of the requested admission to have been relatively insubstantial at an earlier point in the litigation. Thus, a court should assess whether at the time the request was denied it was reasonably possible for party making denial to appreciate the requested admission's central issue in case. West's Ann.Cal.C.C.P. § 2034(c). | In determining whether a party had "no good reason for denial of request for admission found to have been of substantial importance," trial court could not determine that reason for admission was of substantial importance at time request was denied, as party making denial may have reasonably viewed subject matter of requested admission to have been relatively insubstantial at earlier point in litigation. West's Ann.Cal.C.C.P. § 2034(c). | "Should a court assess whether at time request was denied it was reasonably possible for party making denial to appreciate the requested admission's central issue in case in determining whether party had no good reason for denial of request for admission found to have been of substantial importance?" | Pretrial Procedure - Memo # 4795 - C - SKJ.docx | ROSS 003291102-ROSS-003291021 | Condensed, SA, Sub | 0.43 | 0 | 1 | | 1 | |
| 328 | Trahan v. State Through Dep't of Health & Hosps., 690 So. 2d 342 | 307A+726 | Trial court did not abuse its discretion in denying motion for continuance to plaintiff who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment, although hearing was continued previously at plaintiffs' request; they did not propound any discovery until five days before continued hearing, and they had nine months to propound discovery. Plaintiffs argue that they were not able to complete discovery prior to the November 1, 1994, hearing date of the summary judgment, and therefore should have been allowed a continuance. A continuance may be granted if there is good ground therefor. La.Code Civ.P. art. 1601. A court shall grant a continuance if at the time the case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to the case. La.Code Civ.P. art. 1602. | Trial court did not abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment, although hearing was continued previously at plaintiffs' request; they did not propound any discovery until five days before continued hearing, and they had nine months to propound discovery. | Did the trial court abuse its discretion in denying motion for continuance to plaintiffs who alleged that they were unable to complete discovery prior to hearing on motion for summary judgment, although hearing was continued previously at plaintiffs' request; they did not propound any discovery until five days before continued hearing, and they had nine months to propound discovery? | Pretrial Procedure - Memo # 4095 - C - TM.docx | ROSS 003291190-ROSS-003291181 | Condensed, SA, Sub 0.55 | 0.55 | 0 | 1 | | 1 | |
| 329 | Farm Kit Co. v. Wyoming Oil & Refining Co., 10 Wyo. 240 | 83I+401 | In the absence of contract prescribing the rights and duties of the parties, or in default of any law on their side determination, a creditor to whom note that is enforce to whom are transferred and delivered by his debtor, negotiable promissory notes of the pledgor, Lombardere v. Winton, 12 Mann; 213 Gid; 111; 94 Am. Dec. 302 J. Smith 9 O'Brien, G4 Iowa 73; 16 L.R.A. 58; Rep. 315, Manufacturing Co. v. Foorm, 20 Wis. 200; McGreen's Appeal, 164 Pa. 598; 44 Am. Rep. 182; McPhair v. Nosey, 16 Tenn. 7; 88 S.E. Sec. "" 85, 106, 114. Manufacturing Co. v. Detarler, 30 Kan. 386, 2 Pac. 511; L. R. McGraw v. Ludlow 2C, C.J.S fed. 548. The duty thus imposed upon the pledgee may, if necessary, require him to take reasonable measures to protect the pledge, and prevent a loss occurring through the insolvency of the parties liable for their payment. Reasonable and ordinary care is all that he is bound to exercise. | Where the debtor transfers a negotiable promissory note of the third person to the creditor, is the creditor required to exercise any ordinary diligence to preserve the pledge? | | LEGALEASE 00141236- LEGALEASE 00141237 | Condensed, SA | 0.67 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| | | | | | | | | | | 0 | | | | |
| 330 | Houston v. Houston, 64 Mass. App. Ct. 529 | 307A+486 | Rule 36 admissions. Under Mass.R.Civ.P. 36(a), each matter of which an admission is requested is deemed admitted, admissions, including thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves, in accordance with the rule either by denying the matter (or setting forth in detail the reasons why the answering party cannot truthfully admit or deny the matter) or objecting to it. Rule 36(b) provides that any matter admitted under the rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. The rule recognizes that "[t]he effect of the rule in a given case may be unduly harsh, and the ability to withdraw admissions or amend answers is essential to avoid a result in which triumph over substance." Reynolds Aluminum Bldg. Prod. Co. v. Leonard, 395 Mass. 255, 260, 480 N.E.2d 1 (1985) (involving Civ.) Mass.R.Civ.P. 8 or 279 (1975), which the court described as identical to Mass.R.Civ.P. 36.365 Mass. 795 (1974).) See Northeastern, LLC v. Trust Ins. Co., 49 Mass. 79, 83, 767, 774 N.E.2d 69 (2000). In the usual case, a judge "may amend the effect of the rule in a given case by obtaining the merits of the action will be advanced, and (2) the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits." Reynolds Aluminum Bldg. Prods. Co. v. Leonard, 395 Mass. at 260, 480 N.E.2d 1. | A judge may usually ameliorate the effect of the rule governing admissions when the presentation of the merits of the action will be advanced, and when the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits? | "Can a judge usually ameliorate the effect of the rule governing admissions when the presentation of the merits of the action will be advanced, and when the party obtaining the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits?" | 029196.docx | LEGALEASE-00140700 LEGALEASE-00140781 | Condensed, SA | 0.78 | 0 | 1 | | | |
| 331 | Cheves v. Gaia Living Co, 134 A.D.3d 755 | 307A+683 | "When opposing a motion to dismiss a complaint pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead need only demonstrate that facts they 'may exist' to exercise personal jurisdiction over the defendant" (Daniell B. Katz & Assoc. Corp. v. Midland Runhrorm, LLC, 90 A.D.3d 977, 979, 937 N.Y.S.2d 236, quoting Ying-Jun Chen v. Lei Shi, 19 A.D.3d 407, 407-408, 796 N.Y.S.2d 126 (see Peterson v. Spartan, 111 A.D.3d at 788, 975 N.Y.S.2d 438). If it appears 'that facts essential to justify opposition [to the motion] exist but cannot be stated,' the court may deny the motion [to dismiss for lack of personal jurisdiction] CPLR 3211(d); see Mejia-Haffner v. Killington, Ltd., 119 A.D.3d 912, 915, 990 N.Y.S.2d 613; Daniel B. Katz & Assoc. Corp. v. Midland Runhrorm, LLC, 90 A.D.3d at 978, 937 N.Y.S.2d 236). | When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead need only demonstrate facts that may exist to exercise personal jurisdiction over the defendant? McKinney's CPLR 3211(a)(8). | "When opposing a motion to dismiss a complaint for lack of personal jurisdiction on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead need only demonstrate facts that may exist to exercise personal jurisdiction over the defendant?" | Pretrial Procedure - Memo #1045 - C - KA.docx | LEGALEASE-00031537 LEGALEASE-00031538 | SA, Sub | 0.67 | 0 | | 1 | | |
| 332 | Mayfield v. de Benavides, 693 S.W.2d 500 | 386+50 | When the trespass is done in bad faith, the measure of damages is "the value of the mineral at time of severance without making deduction for the cost of labor and other expenses incurred in committing the wrongful act; or for any value he may have added to minerals by his labor." Cage Brothers v. Whiteman, 139 Tex. 522, 163 S.W.2d 638, 642 (1942). | When trespass is done in bad faith, measure of damages is value of mineral at time of severance without making deduction for cost of labor and other expenses incurred in committing wrongful act or for any value trespasser may have added to minerals by his labor. | Is the measure of damages for bad faith trespass the value of the thing mined at time of severance without making deduction for the cost of labor and other expenses incurred in committing the wrongful act? | 022420.docx | LEGALEASE-00145378 LEGALEASE-00145379 | Condensed, SA | 0.27 | 0 | 1 | 1 | | |
| 333 | Mitchell v. Boscom, 29 Mich. App. 122 | 307A+726 | On the delay of trial attendant apparent, represented by the associate of his counsel, who explained that his sole purpose in appearing was to announce the fact of defendant was no longer present ready to proceed and to move for a continuance to enable defendant to obtain another lawyer. The trial judge, taking into account the fact that the case had been set for trial on four previous occasions, and that each time a continuance had been granted, and that this was the second time defendant had sought to delay trial by discharge of substitution of counsel, denied the motion. The sole question on appeal is whether the trial court's conduct of that motion was an abuse of discretion. In determining the case for trial on any certain date, which gave defendant every opportunity to obtain counsel, and to defend negligence action, rather than granting continuance to enable defendant to obtain new counsel, was not an abuse of discretion where defendant had received four previous adjournments. | Order setting case for trial on a day certain, which gave defendant every time to be prepared to defend negligence action, rather than granting continuance to enable defendant to obtain new counsel, was not an abuse of discretion where defendant had received four previous adjournments. GCR 1963, 503, 503.1. | "Would it be an abuse of discretion for the court setting case for trial on a day that gives the defendant ample time to prepare to defend negligence action, rather than granting continuance?" | 033816.docx | LEGALEASE-00142855 LEGALEASE-00142856 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | | |
| 334 | Westleigh v. Gagliano, 396 Fl. App. 3d 1041 | 307A+560 | "There is no specific time limitation provided by Rule 103(b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually." Case v. Galesburg Cottage Hospital, 227 Ill.2d 207, 213, 316 Ill.Dec. 693, 880 N.E.2d 171, 175 (2007). Courts consider a number of factors in granting a Rule 103(b) motion, including but not limited to: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect the plaintiff's efforts; and (6) actual service on the defendant. Case, 227 Ill.2d at 212-13, 316 Ill.Dec. 693, 880 N.E.2d at 175; see also Segal, 136 Ill.2d at 187, 144 Ill.Dec. 360, 555 N.E.2d 174 720; Womick v. Jackson County Nursing Home, 137 Ill.2d 371, 377, 148 Ill.Dec. 719, 561 N.E.2d 25, 27 (1990). Five to seven months between filing and service of process is the minimum period generally needed to make a prima facie showing of failure to exercise reasonable diligence. R. Mufson, Illinois Practice, 8.17 at 85 (1990). | Courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence in obtaining service of process, including but not limited to: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect the plaintiff's efforts; and (6) actual service on the defendant. Sup.Ct.Rules, Rule 103(b). | "Should courts consider a number of factors when determining whether to grant a motion to dismiss for lack of diligence?" | Pretrial Procedure - Memo #188 - C - DH.docx | ROSS-003329593+ROSS-003329594 | SA, Sub | 0.55 | 0 | | 1 | | |
| 335 | Am. Mfg. Co. v. City of St. Louis, 270 Mo. 40 | 371+2005 | On the other hand, the state may exercise sovereign right with respect to all persons, things, and business activities which exist under the protection of its laws, and, as is said by the same distinguished author as just quoted: "In the exercise of the power of the state as to the mode, form, and extent of taxation is unlimited, and its choice is subject to which it applies are within her jurisdiction." | State may exercise sovereign right of taxation with respect to all persons, things, and business activities which exist under protection of its laws, and power being unlimited as to mode, form, and extent of taxation, its choice is subject to limitations imposed by federal Constitution, where subjects to which taxation applies are within jurisdiction. | "Can a state exercise sovereign right of taxation with respect to all persons, things, and business activities which exist under protection of its laws, where subjects or objects of taxation are in one's mode and form?" | 04797.docx | LEGALEASE-00146607 LEGALEASE-00146608 | Condensed, SA, Sub | 0.27 | 0 | 1 | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 336 | Montgomery v. SmithKline Beecham Corp., 910 So. 2d 541 | 307A+560 | Indeed, this Court has stated that, although there is no requirement of a motion for additional time, "the better method to be utilized in future cases would be for plaintiff's counsel to seek authority for extensions from the court, rather than unilaterally making this decision himself." Fortenberry v. Mem'l. Hosp., 676 So.2d 252, 256 (Miss.1996). Ordinarily under Rule 4(h), where the 120 days has expired, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal. The plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. "Good cause" can never be demonstrated where plaintiff has not been diligent in attempting to serve process. Bang v. Pittman, 749 So.2d 47, 52 (Miss.1999). In demonstrating good cause and diligence, a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or for some other acceptable reason, as discussed in Holmes, 815 So.2d at 1186. | Ordinarily, under the civil procedure rule regarding service of process, if 120 days has expired after the filing of the complaint, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal, and the plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. Rules Civ.Proc., Rule 4(h). | "Under the civil procedure rule regarding service of process, if 120 days have expired after the filing of the complaint, must a plaintiff appear and attempt to show good cause?" | 035255.docx | LEGALEASE-00145971-LEGALEASE-00145972 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 337 | Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | In Toler, the Court further emphasized that the trial court is to consider the factors set forth in Ward, 809 S.W.2d 717, when making a determination as to whether to order dismissal pursuant to CR 41.02. Those factors include: "(1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions." Id. at 351 (citing Ward, 809 S.W.2d at 719). These same factors are equally relevant when dismissal is imposed as a sanction for failure to comply with discovery requests. In Ward, the fact underlying the basis for the dismissal was the plaintiff's failure to timely respond to a discovery request and, consequently, the identification of an expert witness. Thus, the law set forth in Ward and, as clarified in Toler, is controlling when the court considers the issue of involuntary dismissal with prejudice. | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | "Should the prejudice to the other party and the availability of alternative sanctions be considered by court, in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules?" | Pretrial Procedure - Memo # 8012 - C - SKG_58367.docx | ROSS-003306441-ROSS-003306442 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 338 | Temple v. Guideone Specialty Mut. Ins. Co., 330 S.W.3d 318 | 307A+581 | A trial court may dismiss a case for want of prosecution under rule 165a for (1) failure to appear or (2) failure to comply with the supreme court time standards. In addition, a trial court may dismiss a case for want of prosecution under its inherent power to control its docket if the case has not been prosecuted with diligence. When deciding whether to dismiss a case for want of prosecution, the trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay. No single factor is dispositive. The central question is whether appellants exercised due diligence in prosecuting the case. When called upon to determine whether or not the trial court committed a clear abuse of discretion, we must look at the record in its entirety. | When deciding whether to dismiss a case for want of prosecution, the trial court may consider the entire history of the case, including the amount of activity in the case, the length of time the case was on file, requests for a trial date, and the existence of reasonable excuses for delay; no single factor is dispositive. | "Should a court consider the entire history of the case including, requests for a trial date, and the existence of reasonable excuses for delay, when deciding whether to dismiss a case for want of prosecution?" | 036392.docx | LEGALEASE-00149354-LEGALEASE-00149355 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 339 | Gohel v. Montgomery Hosp., 698 A.2d 653 | 307A+581 | To determine whether there existed a reasonable explanation for the period of delay, the trial court properly applied the three-prong test of Penn Piping, Inc. v. Insurance Co. of North America, 529 Pa. 350, 603 A.2d 1006 (1992). The Penn Piping test allows a trial court to enter a judgment of non pros where it finds: 1) failure to proceed diligently with reasonable promptitude; 2) a lack of a compelling reason for the delay; and 3) the delay has caused some prejudice to the adverse party, which will be presumed in cases where the delay exceeds two years. Id. at 357, 603 A.2d at 1008. Appellants are correct in their assertion that due diligence may be demonstrated by discovery activity not reflected on the docket, even where the period of docket inactivity exceeds two years. State of the Art Medical Products, Inc. v. Aries Medical, Inc., 456 Pa.Super. 148, 689 A.2d 957 (1997). | Trial court may enter judgment of non pros where it finds failure to proceed diligently with reasonable promptitude, lack of compelling reason for delay, and delay has caused some prejudice to adverse party, which will be presumed in cases where delay exceeds two years. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | "Can court enter judgment of non pros where it finds failure to proceed diligently with reasonable promptitude, lack of compelling reason for delay, and delay has caused some prejudice to adverse party?" | 037083.docx | LEGALEASE-00150804-LEGALEASE-00150805 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 340 | Christian v. Christian, 985 S.W.2d 513 | 307A+581 | A motion may be dismissed for want of prosecution if the movant fails to prosecute the motion with due diligence. Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex.1980). To decide the due diligence issue, the trial court may consider the entire history of the case, including whether the movant has requested a hearing; the amount of activity in the case; the passage of time; and the movant's excuses for the delay. Ozuna v. Southwest Bio"Clinical Lab., 766 S.W.2d 900, 902 (Tex.App."San Antonio 1989, writ denied). No single factor is dispositive, id., and due diligence is generally a question of fact. MacGregor v. Rich, 941 S.W.2d 74, 75"76 (Tex.1997). | To decide whether party prosecuted motion with due diligence, trial court may consider entire history of case, including whether movant has requested hearing; amount of activity in case; passage of time; and movant's excuses for delay. | "To decide the due diligence issue, may the trial court consider the entire history of the case, including whether the movant has requested a hearing, the amount of activity in the case, the passage of time, and the movants excuses for delay?" | Pretrial Procedure - Memo # 8880 - C - TM_60562.docx | ROSS-003292203-ROSS-003292204 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 341 | Poola v. Howard Univ., 147 A.3d 267 | 307A+679 | This court reviews de novo a dismissal under Super. Ct. Civ. R. 12 (b)(6) for failure to state a claim on which relief can be granted. See Comer v. Wells Fargo Bank, N.A., 108 A.3d 364, 371 (D.C.2015). In doing so, we construe the complaint in the light most favorable to the plaintiff and take her factual allegations as true. See Francis v. Rehman, 110 A.3d 615, 620 (D.C.2015). We have adopted the pleading standard articulated by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). See Equal Rights Ctr. v. Props. Int'l, 110 A.3d 599, 602"03 (D.C.2015). Under that standard, to survive a Super. Ct. Civ. R. 12 (b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, 127 S.Ct. 1955, i.e., "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Comer, 108 A.3d at 371 (internal quotation marks omitted); see also Twombly, 550 U.S. at 556, 127 S.Ct. 1955 (explaining that the plausibility pleading standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the defendants' misconduct). A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 (internal quotation marks omitted). Although this standard "does not require detailed factual allegations," it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; factual allegations must be enough to raise a right to relief above the speculative level. Id. at 678, 129 S.Ct. 1937 (internal quotation marks omitted). But at the pleading stage, the plaintiff's burden "is not onerous." Equal Rights Ctr., 110 A.3d at 603. If a complaint's factual allegations are sufficient, "the case must not be | To survive a motion to dismiss for failure to state a claim on which relief can be granted, a complaint must plead enough facts to state a claim to relief that is plausible on its face, i.e., factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. D.C. Super. Ct. R. Civ. P. 12(b)(6). | "To survive a 12(b)(6) motion to dismiss, should a complaint plead enough facts to state a claim to relief that is plausible on its face?" | 037937.docx | LEGALEASE-00153079-LEGALEASE-00153080 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 342 | UMC Dev. v. D.C., 120 A.3d 37 | 307A+681 | Thus, when a defendant makes a "factual" (as opposed to a "facial") attack on the plaintiff's complaint under Super. Ct. Civ. R. 12(b)(1), the trial court may "conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes concerning whether subject-matter jurisdiction exists." In Grayson, this court suggested that a court should not resolve factual disputes without holding an evidentiary hearing. We have never questioned, however, a trial court's consideration of facts outside the pleadings that are undisputed by the plaintiff. Such is the scope of a trial court's review, and "[i]f ... the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." | For purposes of ruling on a motion to dismiss for want of standing, when a defendant makes a factual, as opposed to a facial, attack on the plaintiff's complaint, the trial court may conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes concerning whether subject-matter jurisdiction exists. Civil Rule 12(b)(1). | "When a defendant makes a factual attack on the plaintiff's complaint, can the trial court conduct an independent review of the evidence submitted by the parties, including affidavits?" | 038584.docx | LEGALEASE-00154047-LEGALEASE-00154048 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 343 | Nappe v. Town of E. Haven Bd. of Police Comm'rs, 2014 WL 6476599 | 307A+679 | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light ... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader ... | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, should it consider the allegations of the complaint in their most favorable light?" | Pretrial Procedure - Memo # 9344 - C - PC_61047.docx | ROSS-003291970-ROSS-003291971 | Condensed, SA | 0.01 | 0 | 1 | 0 | 1 | |
| 344 | In re ExxonMobil Corp., 153 S.W.3d 605 | 15A+2161 | When the Legislature has given exclusive jurisdiction to an administrative body, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's action deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. Subaru, 84 S.W.3d at 221; Cash America, 35 S.W.3d at 15. At the hearing on relators' pleas to the jurisdiction, the Yoakum County Appraisal District chief appraiser testified she had held that position since its creation, and the taxing units had never submitted a challenge to the appraisal roll or filed a suit against the appraisal district. | When the Legislature has given exclusive jurisdiction to an administrative body, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's action deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. | Does a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's action deprive the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction? | Pretrial Procedure - Memo # 10367 - C - SN_62092.docx | ROSS-003279074-ROSS-003279075 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 345 | Scovill Fasteners v. Sure-Snap Corp., 207 Ga. App. 539 | 307A+685 | To demonstrate that the court lacks jurisdiction, defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. See Uniform Superior Court Rule 6.1. See also Behar v. Aero Med Intl., 185 Ga.App. 845, 846 (366 SE2d 223) (1988). Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Id. at 846 [, 366 SE2d 223]. | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | Can a plaintiff rely on mere allegations in controverting the allegations of the complaint but also submit supporting affidavits or documentary evidence? | Pretrial Procedure - Memo # 10434 - C - KG_62582.docx | ROSS-003319001 | Condensed, SA | 0.33 | 0 | 1 | 0 | 1 | |
| 346 | Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1 | 336H+85 | here are exceptions to this rule. A dismissal without prejudice may operate to preclude the party from bringing another action for the same cause and may be res judicata of what the judgment actually decided. Mahoney v. Doerhoff Surgical Services, 807 S.W.2d 503, 506 (Mo. banc 1991). An appeal from such a dismissal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in the plaintiff's chosen forum. City of Chesterfield v. Deshetler Homes, 938 S.W.2d 671, 673 (Mo.App.1997). The trial court's dismissal in the instant case had such a practical effect. To the extent Quelle Quiche v. Roland Glass Foods, 926 S.W.2d 211 (Mo.App.1996); Abbate v. Tortolano, 782 S.W.2d 810 (Mo.App.1990); and Schwenker v. St. Louis County Nat. Bank, 682 S.W.2d 868 (Mo.App.1984), can be read as precluding a direct appeal in circumstances similar to those in this case, they are overruled and should no longer be followed. | Dismissal without prejudice may operate to preclude party from bringing another action for same cause and may be res judicata of what judgment actually decided; appeal from such dismissal can be taken where dismissal has practical effect of terminating litigation in form cast or in plaintiff's chosen forum. | Can a dismissal without prejudice operate to preclude a party from bringing another action for the same cause and can be res judicata of what the judgment actually decided? | 025761.docx | LEGALEASE-00158737-LEGALEASE-00158738 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |

| | | | | | | | | | | Order 839 | Condensed 15,944 | Substantive Additions 16,973 | Selection & Arrangement 21,876 | Multiple Differences 9,079 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 347 | Braden Apartment Corp. v. Gingold, 37 A.D.3d 655 | 307A+497 | A case stricken from the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in seeking restoration of the action to the trial calendar, a lack of intent to abandon the action, and a lack of prejudice to the defendant. | A case stricken from the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action... [Gibbons v. Court Officers Assn., 295 A.D.2d 336, 743 N.Y.S.2d 529]. The facts proffered by the plaintiff... N.Y.S.2d 215; Williams v. D'Angelo, 24 A.D.3d 538, 806 N.Y.S.2d 238; St. Claire v. Gaskin, 295 A.D.2d 336, 743 N.Y.S.2d 529]... a lack of prejudice to the defendant. | Can a case stricken from the trial calendar and subsequently dismissed after one year be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action? | Pretrial Procedure Memo 11297-C-VP.doc | LEGALEASE 00049775-LEGALEASE-00049776 | Condensed, SA, Sub | 0.59 | 0 | 1 | | 1 | |
| 348 | People v. Smith, 128 Misc. 2d 733 | 110+1156.2 | Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, but also dictates that the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is markedly in excess of the principle of proportionality... be proportioned to the nature of the offense. S.H.A.Const. art. 2, § 11. | The defendant contends that his sentence is excessive, and does not claim that the term fixed is unauthorized by statute or that his constitutional rights have been violated but that the punishment he received exceeded the extent of the penalties for a particular criminal offense are matters for the legislature, which may prescribe definite terms of imprisonment, or specific amounts of fines or both... Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, but also dictates the sentence... People v. Dean, 80 D.1d. 449, 81 N.E.2d 270; People v. Murphy, 336 Ill. 24 N.E. 337, 185; People v. Elliott, 272 Ill. 592, 112 N.E. 300. | Can a sentence be disturbed on the basis that it is excessive if it is within the limitations prescribed by the legislature but also deemed to be in excess of or at odds with the purpose and spirit of the law? | 012564.docx | LEGALEASE 00161462-LEGALEASE-00161464 | Condensed, SA, Sub | 0.55 | | 1 | | | |
| 349 | People v. Fineran, 43 Misc. 3d 34 | 5.77E+08 | District Court correctly declined to charge jury with defense of justification regarding the count of harassment in the second degree, where defendant, upon another person who went to his basement upon reasonable belief necessary to defend other person from what he or she reasonably believes to be an or imminent use of unlawful physical force by such other person; to extent that defendant, who was coach for youth football team... occurred on a particular play during the scrimmage had ended, and prior to the commencement of the next play. | The District Court correctly declined to charge the jury with the defense of justification regarding the count of harassment in the second degree pursuant to Penal Law 25.15(1), by which "a person may use physical force upon another person who went to his basement upon the reasonable belief necessary to defend other person from what he or she reasonably believes to be an or imminent use of unlawful physical force by such other person... coaching from one of outlawful physical force by 11-year-old from another team, such out of force occurred on a particular play during the scrimmage had ended, and prior to the commencement of the next play. | Under the defense of justification can a person use physical force to defend a third person from imminent unlawful force? | 040929.docx | LEGALEASE 00161048-LEGALEASE-00161049 | Condensed, SA | 0.63 | | | 0 | 1 | |
| 350 | Fontaine v. Davis, TF1 LLC | 170Ak433 | Leave to amend complaint should be freely given when justice so requires; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948) 15.08, 15.10. If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason (such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment), the leave sought should, as the rules require, be "freely given." | Leave to amend complaint should be freely given when justice so requires; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948) 15.08, 15.10. If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent reason such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies... virtue of allowance of amendment, led futility of amendment, held Rules Civ.Proc. rule 15(a), 28 U.S.C.A. | In the absence of any apparent reason, such as undue delay, bad faith, or dilatory motive to an undue delay, bad faith or dilatory motive on the part of the movant, should leave to amend a complaint be granted? | 040233.docx | LEGALEASE 00162362-LEGALEASE-00162363 | Order, SA | 0.49 | 1 | | 0 | 0 | |
| 351 | GrdinaghRay v. Johnson, 133H+95.1 | 133H+95.1 | Absent prejudicial error depriving defendant of fair trial, or gross misconduct by the defendant or juror, so the only grounds upon which it may be had after declaration of mistrial is when it is physically impossible to proceed with trial in conformity with law. McKinney's CPL S 280.10, subds. 1-3; McKinney's Const. Art. 1, § 6; U.S.C.A. Const.Amend. 5. | "Absent prejudicial error depriving defendant of fair trial, or gross misconduct by the defendant or juror, so the only grounds upon which it may be had after declaration of mistrial is when it is physically impossible to proceed with trial in conformity with law." | Under what circumstances will the court grant a mistrial? | Double Jeopardy Memo 816-C-TL_66986.docx | ROSS-003283429+ROSS-003283603 | SA, Sub | 0.64 | | | 1 | | |
| 352 | Williams v. D'Angelo, 24 A.D.3d 538 | 307A+497 | A case stricken from the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant. | A case stricken from the trial calendar... provided that the plaintiff demonstrates a meritorious cause of action (see Kourtalis v. City of New York, 191 A.D.2d 480, 594 N.Y.S.2d 649; Weston v. City of New York, 241 A.D.2d 376, 661 N.Y.S.2d 1000). They also failed to satisfy any of the other three components of the test accordingly the plaintiff's motion was properly denied. | Can a case marked off the trial calendar and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | Pretrial Procedure Memo 11946-C-TM_07023.docx | ROSS-003274480+ROSS-003293681 | SA, Sub | 0.64 | | | 1 | | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,073 |
| 353 | Jake F. v. Plainview Old Bethpage Cent. Sch. Dist., 94 A.O.3d 804 | 141I+3082(1) | School districts did not breach its duty to provide adequate supervision... | Do school districts breach their duty to supervise students when... | Do school districts breach their duty to supervise students when injured on school premises? | 017259.docx | LEGALEASE 00164306-LEGALEASE 00164308 | Condensed, SA, 0.43 | 0.43 | | | | 1 | |
| 354 | Levine v. Apps, 294 A.O.3d 719 | 307A+697 | "A case marked off the trial calendar pursuant to CPLR 3404 and subsequently dismissed after one year may be restored to the trial calendar provided that the plaintiff demonstrates a meritorious cause of action, a reasonable excuse for the delay..." | Can a case marked off the trial calendar and subsequently dismissed after one year be restored to trial calendar provided that the plaintiff demonstrate a meritorious cause of action? | Can a case marked off the trial calendar and subsequently dismissed after one year be restored to trial calendar provided that the plaintiff demonstrate a meritorious cause of action? | Pretrial Procedure - Memo 3117 - C - VP_67780.docx | ROSS-003281301-ROSS-003281302 | Condensed, SA | 0.65 | | | 1 | 0 | |
| 355 | State v. Salce, 588 N.W.2d 1 | 135H+105 | But the crimson court did not address either of charges arising from the same behavior or incident that (1) had already been charged, (2) had been tried with the charge that resulted in the defendant pleading guilty... | "Can a defendant who is acquitted or convicted of one among several criminal charges, tried in a single proceeding and arising from a single course of conduct, may be tried for any charges on which the jury did not reach a verdict?" | "Can a defendant who is acquitted or convicted of one among several criminal charges, tried in a single proceeding and arising from a single course of conduct, may be tried for any charges on which the jury did not reach a verdict?" | Double Jeopardy Memo 788 - C - VJ_67903.docx | ROSS-003291851-ROSS-003291852 | Condensed, SA | 0.68 | | | 1 | 0 | |
| 356 | Stanley v. Superior Court, 206 Cal. App. 4th 265 | 135H+1 | The policies and protections underlying an afforded by double jeopardy principles include: "(1) protecting the defendant from being subjected to the embarrassment, expense, ordeal, and anxiety of repeated trials... (Citations omitted.) | What are the policies and protections afforded by double jeopardy principles? | What are the policies and protections afforded by double jeopardy principles? | Double Jeopardy Memo 902 - C - JB_67691.docx | ROSS-003280045 | SA, Sub | 0.25 | | 0 | 1 | | |
| 357 | Taylorsville City v. Adkins, 145 P.3d 1151 | 135H+30.1 | Further, the Supreme Court also discussed the distinction between reprosecution of a defendant after a conviction is overturned on appeal and reprosecution of a defendant after the jury has acquitted or been discharged in the first instance... | Acquittals, unlike convictions, terminate initial jeopardy, whether they are express or implied by a conviction on a lesser included offense; thus, the defendant cannot be put to a jury on the original charges... | "Whether the trial is by a jury or to the bench, does subjecting the defendant to post acquittal fact finding proceeding going to guilt or innocence violates the Double Jeopardy Clause?" | 015682.docx | LEGALEASE 00166495-LEGALEASE 00166496 | SA, Sub | 0.6 | | 0 | 1 | | |
| 358 | Pierson v. State, 398 | 135H+66 | Although a mistrial is absolutely prohibited when a trial ends in an acquittal... | Although a mistrial is absolutely prohibited when a trial ends in an acquittal or a dismissal of the complaint when a criminal proceeding is terminated... | "Although a mistrial is automatically barred when a trial ends with an acquittal or a conviction, the same is not true of a criminal proceeding terminated before a final resolution of the merits of the charges against the accused's reached?" | 016014.docx | LEGALEASE 00166363-LEGALEASE 00166364 | SA, Sub | 0.52 | | 1 | 0 | | |
| 359 | Mc.Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, 364 III. App. 3d 6 | 307A+48D | A motion that the trial court's motion under 735 ILCS 5/2-619, for dismissal of... | A motion for involuntary dismissal based on certain defects or defenses admits the legal sufficiency of the complaint and raises defects, defenses... | "Will a motion for involuntary dismissal admit the legal sufficiency of the complaint and raise defects, defenses, or other affirmative matters such as the unthinness of the complaint..." | 10251.docx | LEGALEASE 00095346-LEGALEASE 00095247 | SA, Sub | 0.34 | | 0 | 1 | | |

72

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 360 | K.L.R. Const. Co. v. Town of Pelham, ___ A.3d 634 | 307A+563.1 | "Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief may be granted." Avery v. N.H. Dept. of Educ., 162 N.H. 604, 606, 34 A.3d 712 (2011). "To make this determination, the court would normally accept all facts pled by the petitioners as true, construing them most favorably to the petitioners." Id. "Where the motion to dismiss does not challenge the sufficiency of the petitioners' legal claim but, instead, raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine, based on the facts, whether the petitioners have sufficiently demonstrated their right to claim relief." Id. (quotation and brackets omitted). "A jurisdictional challenge based upon lack of standing is such a defense." Id. at 607, 34 A.3d 712. "Since the relevant facts are not in dispute, we review the trial court's determination on standing de novo." Id. | Where a motion to dismiss raises the sufficiency of the petitioners' legal claim that, instead, raises certain defenses, the trial court must look beyond the petitioners' unsubstantiated allegations and determine their right to claim relief; a jurisdictional challenge based upon lack of standing is such a defense. | Is a jurisdictional challenge based upon lack of standing a defense that requires a trial court to look beyond the plaintiff's unsubstantiated allegations? | Pretrial Procedure - Memo #3989 - C - PC_607615.docx | ROSS-003278164-ROSS-003278165 | Condensed, SA | 0.61 |  | 1 |  | 1 | 1 |
| 361 | New York Hosp. Med. Ctr. of Queens v. Microtech Contracting Corp., 98 A.D.3d 1096 | 24+103 | "In order to preserve the national uniformity of this verification system and the sanctions imposed for violations, Congress expressly provided that IRCA would 'preempt any State or local law imposing civil or criminal sanctions (other than through licensing and similar laws) upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens' (8 U.S.C. § 1324a[h][2]; see Chamber of Commerce of U.S. v Whiting, 563 US 582, 131 S Ct 1968, 179 L Ed 2d 1031 [2011]). 'IRCA is silent, however, as to its preemptive effect on any other state or local laws' (Madeira v Affordable Hous. Found., Inc., 469 F.3d at 237 [2d Cir 2006]). 'The statute is silent, however, as to its preemptive effect on any other state or local laws'..." (Madeira v Affordable Hous. Found., Inc., 469 F.3d at 241). | In order to preserve the national uniformity of the Immigration Reform and Control Act's (IRCA) sanctions scheme and to avoid the sanctions for violations, Congress expressly provided that IRCA preempts any State or local law imposing civil or criminal sanctions, other than through licensing and similar laws, upon those who employ, or recruit or refer for a fee for employment, unauthorized aliens. IRCA is silent, however, as to its preemptive effect on any other state or local laws. Immigration Reform and Control Act of 1986, § 101(a)(1), 8 U.S.C.A. § 1324a(h)(2). | Does the INA preempt any State or local law imposing civil or criminal sanctions upon those who employ unauthorized aliens? | Aliens, Immigration and Citizenship - Memo 114 - RK_64756.docx | ROSS-003281710 | Condensed, SA, Sub | 0.19 | 0 | 1 | 1 | 1 | 1 |
| 362 | Baer v. New Hampshire Dept of Educ., 160 N.H. 727 | 307A+481 | "Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleading are sufficient to establish a basis upon which relief may be granted. Konefal v. Town of Plainfield, 160 N.H. 507, 507, 8 A.3d 159, 162 (2010) (quotation omitted). 'When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief.' Id. at 507, 8 A.3d at 162 (quotation omitted). We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. See Chapter Avalon Parts v. Chappie Planning Board, 134 N.H. 40, 603 A.2d 59, 3 A.2d 241 (1991)." | When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | "When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, must a court look beyond a plaintiff's unsubstantiated allegations?" | Pretrial Procedure - Memo # 1073 - C - SIG_63466.docx | ROSS-003281147-ROSS-003281148 | Condensed, SA | 0.62 |  | 1 |  | 1 | 1 |
| 363 | W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., int'l, 493 U.S. 400 | 221+342 | "The act of state doctrine is this: Courts in the United States have the power, and ordinarily the obligation, to decide cases and controversies properly presented to them. The act of state doctrine does not establish an exception for cases and controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. That doctrine has no application to the present case because the validity of no foreign sovereign act is at issue." | Act of state doctrine does not establish an exception for cases and controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | "Does the act of state doctrine establish an exception to allow state courts to decide cases and controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns shall be deemed valid?" | International Law - Memo # 166 - MC.docx | ROSS-003283628-ROSS-003283629 | SA, Sub | 0.42 | 0 |  | 1 | 1 | 1 |
| 364 | Wills v. Wilkins, 148 Ill. App. 3d 880 | 307A+560 | "In moving for dismissal under Rule 103(b), the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effecting service after filing. No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his lack of diligence. Rather, the trial court must consider the totality of the circumstances. Factors to consider in determining whether the defendant has established a prima facie case based on lack of diligence include: ... Kole v. Brubaker, 89 Ill. App.3d at 949, 20 Ill.Dec. 649, 412 N.E.2d 229." | No absolute time frame exists for a defendant to show that evidence was not diligent in offering service that will shift the burden and require the plaintiff to offer an explanation for his lack of diligence. Sup.Ct.Rules, Rule 103(b). | "Does an absolute time frame exist for a defendant to show that evidence was not diligent in offering service that will shift the burden and require the plaintiff to offer an explanation for that action?" | Pretrial Procedure - Memo # 670 - C - S8.docx | ROSS-003303828-ROSS-003303829 | Condensed, SA, Sub | 0.3 | 0 | 1 | 1 | 1 | 1 |
| 365 | Harper v. Patterson, 270 Ga. App. 437 | 307A+3 | "A motion in limine is a pretrial motion which may be used two ways: 1) The movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or argument, prejudicial to the movant, until its admissibility can be determined during the course of the trial outside the presence of the jury; 2) The movant seeks a ruling on the admissibility of evidence prior to the trial. The first use is to prohibit any mention of certain evidence until the court can determine its admissibility. ... If the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and controls the subsequent course of action, unless modified at trial to prevent manifest injustice. W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., int'l, 493 U.S. 400, 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (citations omitted)." | If the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and controls the subsequent course of action, unless modified at trial to prevent manifest injustice. | "If the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference and controls the subsequent course of action, unless modified at trial to prevent manifest injustice?" | Pretrial Procedure - Memo # 74 - C - KA.docx | ROSS-003316414-ROSS-003316415 | Condensed, SA | 0.67 |  | 1 |  | 1 | 1 |
| 366 | DuDadesn v. Cruz Sys., 2 F. Supp. 3d 717 | 221+342 | "The act of state doctrine is premised on the principle that '[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory.' Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 416, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (quoting Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897)). ... The act of state doctrine is a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)." | The act of state doctrine is a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs. | "Is the act of state doctrine a consequence of domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs?" | International Law - Memo # 163 - MC.docx | ROSS-003314418-ROSS-003314420 | SA, Sub | 0.79 |  |  | 1 | 1 | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 367 | City of Chicago v. Morales, 177 Ill. 2d 440 | 92+4509(8) | For purposes of determining whether city's gang loitering ordinance, which criminalized failure to obey police officer's dispersal order to persons loitering in group including person officer believed to be gang member, provided adequate notice of proscribed conduct as required to save ordinance from being void for vagueness, if city intended to require defendant's actual knowledge of another loiterer's gang membership, then that knowledge had to be established as fact to support conviction. If the city intended to require actual knowledge on a defendant's part of another loiterer's gang membership, then that knowledge must be established as a fact in order to support a conviction. See Lanzetta, 306 U.S. at 458, 59 S.Ct. at 621, 83 L.Ed. at 893; accord People ex rel. Gallo v. Acuna, 14 Cal.4th 1090, 929 P.2d 596, 60 Cal.Rptr.2d 277 (1997) (imposing requirement of actual knowledge on part of defendant of other party's gang membership status in order for injunction to pass scrutiny under the vagueness doctrine). Although the ordinance provides an affirmative defense which allows the defendant to show that no one in the group was actually a gang member, this affirmative defense does not cure the defect. Showing that one person in a group of loiterers is a gang member does not ultimately prove that a defendant had knowledge of that fact. Furthermore, even adding a knowing association with a gang member to the act of loitering is still insufficient because the city cannot "forbid, on pain of criminal punishment, assembly with others merely to advocate activity, even if that activity is criminal in nature" (People v. Nash, 173 Ill.2d 423, 431"32, 220 Ill.Dec. 154, 672 N.E.2d 1166 (1996), citing Brandenburg v. Ohio, 395 U.S. 444, 448"49, 89 S.Ct. 1827, 1830, 23 L.Ed.2d 430, 434"35 (1969)). | For purposes of determining whether city's gang loitering ordinance, which criminalized failure to obey police officer's dispersal order to persons loitering in group including person officer believed to be gang member, provided adequate notice of proscribed conduct as required to save ordinance from being void for vagueness, if city intended to require defendant's actual knowledge of another loiterer's gang membership, then that knowledge had to be established as fact to support conviction. U.S.C.A. Const.Amends. 5, 14; S.H.A. Const. Art. 1, S 2; Chicago, Ill., Municipal Code S 8-4-015. | What is the purpose of a gang loitering ordinance? | Vagrancy - Memo 18 - SB.docx | ROSS-003317642-ROSS-003317643 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 368 | Guilford Cty. ex rel. Holt v. Puckett, 191 N.C. App. 693 | 366+1 | "The doctrine [of subrogation] is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential and perfect justice between all the parties without regard to form, and its object is the prevention of injustice." Jeffreys v. Hocutt, 195 N.C. 339, 342, 142 S.E. 226, 227 (1928) (quotes and citation omitted); see also Wallace v. Benner, 200 N.C. 124, 130"32, 156 S.E. 795, 798"99 (1931). "It is a fundamental premise of equitable relief that equity regards as done that which in fairness and good conscience ought to be done." Lankford v. Wright, 347 N.C. 115, 118, 489 S.E.2d 604, 606 (1997) (quotes and citations omitted). "Equity regards substance, not form". Id. And equity "will not allow technicalities of procedure to defeat that which is eminently right and just". Id. | The doctrine of subrogation is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice. | "Was the doctrine of subrogation adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice?" | Subrogation - Memo 389 - VP C.docx | ROSS-003326690-ROSS-003326692 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 369 | W. States Petroleum Ass'n v. E.P.A., 87 F.3d 280 | 1.49E+18 | The EPA may have the power to adjust its policies and rulings in light of experience and to announce new principles in an adjudicatory proceeding. California Trucking Ass'n v. ICC, 900 F.2d 208, 212 (9th Cir.1990).However, the EPA "may not depart, sub silentio, from its usual rules of decision to reach a different, unexplained result in a single case." Id. (citations omitted). To the contrary, the EPA must clearly set forth the ground for its departure from prior norms so that we may understand the basis of the EPA's action and judge the consistency of that action with the EPA's mandate. Atchison, T. & S.F. Ry. v. Wichita Bd. of Trade, 412 U.S. 800, 808, 93 S.Ct. 2367, 2375, 37 L.Ed.2d 350 (1973); Arizona Elec. Power Coop., Inc. v. United States, 816 F.2d 1366, 1374 (9th Cir.1987). | While Environmental Protection Agency (EPA) may have power to adjust its policies and rulings in light of experience and to announce new principles in adjudicatory proceeding, it may not depart, sub silentio, from its usual rules of decision to reach different, unexplained result in single case; to the contrary, EPA must clearly set forth ground for its departure from prior norms so that Court of Appeals may understand basis of EPA's action and judge consistency of that action with EPA's mandate. | "Should an agency, such as the Environmental Protection Agency (EPA), explain the reasons for its departure from its usual set of rules to reach a different result in a case?" | Environmental Law - Memo 53 - AKA.doc | LEGALEASE-00003184-LEGALEASE-00003185 | SA, Sub | 0.37 | 0 | 0 | 1 | 1 | |
| 370 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | We begin by addressing Lone Star Gas's disregard for the motion in limine. A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. See Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963). The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. Id. The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. See Chavis v. Director, 924 S.W.2d 439, 446 (Tex.App."Beaumont 1996, no writ). When a trial court's order on a motion in limine is violated, we review the violation to see if it is curable by instructions to the jury to disregard it. See Dove v. Director, State Employees Workers' Compensation Div., 857 S.W.2d 577, 580 (Tex.App."Houston [1st Dist.] 1993, writ denied). | The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence, but is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. | Is a trial court's ruling on a motion in limine a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling? | 027875.docx | LEGALEASE-00122309-LEGALEASE-00122310 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 371 | Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938 | 221+342 | "For act of state (as opposed to sovereign immunity) purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit." Callejo, 764 F.2d at 1115, 1116 (emphasis added). The burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. See Alfred Dunhill of London, Inc. v. Republic of Cuba, 425 U.S. 682, 694, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). | For act of state, as opposed to sovereign immunity, purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit; the burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | "For act of state purposes, are the relevant acts merely those of the named defendants, or are those any governmental acts whose validity would be called into question by adjudication of the suit?" | International Law - Memo # 102 - C - LK.docx | ROSS-003312426-ROSS-003312427 | Condensed, SA | 0.33 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 372 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221=342 | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an official act of a foreign sovereign performed within its own territory." *Republic of Austria v. Altmann*, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (quoting *W.S. Kirkpatrick & Co., Inc. v. Envt'l Tectonics Corp.*, 493 U.S. 400, 409, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The doctrine applies when "the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." *Kirkpatrick*, 493 U.S. at 405, 110 S.Ct. 701. Neither a statute nor the "text of the Constitution" requires the act of state doctrine. *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 423, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Rather, "its continuing vitality depends on its capacity to reflect the proper distribution of the functions between the judicial and political branches of the Government on matters bearing upon foreign affairs." *Id.* at 427-28, 84 S.Ct. 923. "As such, it operates as a rule of judicial restraint not to decisionmaking, and [is] a jurisdictional limitation like the political question doctrine." *Hourani v. Mirtchev*, 796 F.3d 1, 13 (D.C. Cir. 2015), or a "some variant doctrine of abstention." *Kirkpatrick*, 493 U.S. at 406, 110 S.Ct. 701. | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Is an act of state doctrine applicable when the relief sought or the defense interposed would require a domestic court to declare invalid the official act of a foreign sovereign performed within its own territory? | 03968.docx | LEGALEASE 00221567 LEGALEASE-00221568 | Condensed,SA | 0.72 | 0 | 1 | | 1 | |
| 373 | Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221=342 | The act of state doctrine "limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts." The doctrine applies to bar an action when "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." Though sovereignty international in character, the doctrine is bounded in concerns for domestic separation of powers, "reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." "Act of state issues only arise when a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign." "[I]t can apply 'even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act.'" | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign, and even if the suit is not based specifically on a sovereign act." | "Does the act of state doctrine bar judicial review of claims if there is an official act of a foreign sovereign performed within its own territory, and relief is sought or a defense interposed that requires a court in United States to declare invalid the foreign sovereign's official act? | 03781.docx | LEGALEASE 00221366 LEGALEASE 00221367 | Condensed,SA | 0.42 | 1 | 0 | | 1 | |
| 374 | Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221=342 | The act of state doctrine "limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts." The doctrine applies to bar an action when "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." Though sovereignty international in character, the doctrine is bounded in concerns of domestic separation of powers, "reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." "Act of state issues only arise when a court must decide that is, when the outcome of the case turns upon the effect of official action by a foreign sovereign." "[I]t can apply 'even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act.'" | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts, and thus the doctrine applies to bar an action when the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory; the doctrine can apply even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act. | "In determining whether to refrain from adjudicating a case under the act of state doctrine, where official acts of foreign sovereign would be declared invalid, what factors are considered? | 03783.docx | LEGALEASE 00222313 LEGALEASE-00220255 | Condensed,SA | 0.42 | 0 | 1 | | 1 | |
| 375 | Sarei v. Rio Tinto PLC., 221 221=342 F. Supp. 2d 1116 | | The doctrine is not one of abstention; rather, it is a "principle of decision binding on federal and state courts alike." * * * Environmental Tectonics, supra, 493 U.S. at 406, 110 S.Ct. 701 (quoting Sabbatino, supra, 376 U.S. at 427, 84 S.Ct. 923 (emphasis original)) (stated otherwise, "The act [ ] within its own boundaries of one sovereign State ... becomes ... a rule of decision for the courts of this country." * * * quoting Ricaud v. American Metal Co., 246 U.S. 304, 309, 38 S.Ct. 312, 62 L.Ed. 733 (1918)). The act of state doctrine comes into play only where the outcome of a case turns on the effect of official action by a foreign sovereign. See id. | Act of state doctrine is not one of abstention; rather, it is a principle of decision binding on federal and state courts alike; doctrine comes into play only when the outcome of a case turns on the effect of official action by a foreign sovereign. | Is the act of state doctrine not a decision of the decision binding on federal and state courts alike and comes into play only when the outcome of a case turns on the effect of official action by a foreign sovereign. | 02023.docx | LEGALEASE 00223689 LEGALEASE 00223690 | Condensed,SA,Sub | 0.62 | 1 | | 1 | 1 | |
| 376 | Riverside Methodist Hosp. 307=3 Ass'n of Ohio v. Guthrie, 3 Ohio App. 3d 308 | | While a motion in limine is a most useful procedural device, it is frequently misused and misunderstood. A motion in limine may be used in two different ways: (1) as the equivalent of a motion to suppress evidence, which is either not competent or improper because of some unusual circumstance not likely to be readily recognized and capable of prejudice, and (2) as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. In the latter instance, the motion ... deals with the context in which the particular evidentiary problems arises from the two different purposes it can serve. | Motion in limine may be used as an equivalent of motion to suppress evidence, which is either not competent or improper because of some unusual circumstances, and as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of trial. | Is a motion in limine a means of raising objection to an area of evidence, which is either not competent or improper because of some unusual circumstances, and as a means to prevent prejudicial questions and statements until admissibility of questionable evidence can be determined during course of the trial? | 04185.docx | LEGALEASE 00224157 LEGALEASE 00224158 | Condensed,SA | 0.44 | | 1 | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 377 | Callejo v. Bancomer, S.A., 764 F.2d 1101 | 221+342 | Like the doctrine of sovereign immunity, the act of state doctrine springs "from the thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because the involvement of the courts in such a decision might frustrate the conduct of the Nation's foreign policy." First National City Bank v. Banco Nacional de Cuba, 406 U.S. 759, 769, 92 S.Ct. 1808, 1814, 32 L.Ed.2d 466 (1972); see also Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 438, 84 S.Ct. 923, 945, 11 L.Ed.2d 804 (1964) (act of state doctrine "shares with the immunity doctrine a respect for sovereign states").12 Thus, in considering the act of state issue, we traverse much of the same path that we did in the sovereign immunity context"again, our focus is on preventing friction with coequal sovereigns. However, if the Foreign Sovereign Immunities Act is a tangled web of statutory ambiguities, the act of state doctrine is an airy castle. Rather than narrowly focusing on the status of the act and actor complained of, we examine more generally the underlying acts of the foreign state. In the act of state context, even if the defendant is a private party, not an instrumentality of a foreign state, and even if the suit is not based specifically on a sovereign act, we nevertheless decline to decide the merits of the case if in doing so we would need to judge the validity of the public acts of a sovereign state performed within its own territory. Sabbatino, 376 U.S. at 428, 84 S.Ct. at 940; Compania de Gas de Nuevo Laredo v. Entex, Inc., 686 F.2d 322, 325"26 (5th Cir.1982) (applying act of state doctrine in suit between private parties), cert. denied, 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 794 (1983); Tabacalera Severiano Jorge, S.A. v. Standard Cigar Co., 392 F.2d 706 (5th Cir.) (same), cert. denied, 393 U.S. 924, 89 S.Ct. 255, 21 L.Ed.2d 260 (1968). | Under act of state doctrine, even if defendant is private party, not instrumentality of foreign state, and even if suit is not based specifically on sovereign act, United States will decline to decide merits of case if in doing so it would need to judge validity of public acts of sovereign state performed within its own territory. | Under the act of state doctrine will the United States decline to decide the merits of case if in doing so it would need to judge the validity of public acts of a sovereign state performed within its own territory? | International Law - Memo # 439 - C - MLS.docx | ROSS-003283372-ROSS-003283373 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 378 | Galu v. Swissair: Swiss Air Transp. Co., 873 F.2d 650 | 221+342 | The act of state doctrine precludes the courts of this country "from inquiring into the validity of the public acts a recognized foreign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). The doctrine applies when the challenged conduct "was the public act of those with authority to exercise the sovereign powers" of the foreign state. Alfred Dunhill of London, Inc. v. Cuba, 425 U.S. 682, 694, 96 S.Ct. 1854, 1861, 48 L.Ed.2d 301 (1976). Decisions considering the act of state doctrine have rarely had to consider the threshold issue of whether the challenged action was the act of a foreign state, since the action has usually been taken by an official of sufficient rank to eliminate any doubt that the official was exercising the sovereign power of his government. See, e.g., Banco Nacional de Cuba v. Sabbatino, supra (expropriation ordered by President of Cuba); Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726 (1918) (seizure of property by military commander, acting for forces of head of Mexican government); Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897) (detention ordered by military commander of revolutionary government of Venezuela). | The act of state doctrine precludes courts of this country from inquiring into the validity of public acts a recognized foreign power commits within its own territory, and the doctrine applies when the challenged conduct is the public act of those with authority to exercise sovereign powers of the foreign state. | Does the act of state doctrine preclude US courts from inquiring into the validity of public acts a recognized foreign power commits within its own territory and apply when the challenged conduct is the public act of those with authority to exercise sovereign powers of the foreign state? | International Law - Memo # 457 - C - NS.docx | ROSS-003298966-ROSS-003298968 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 379 | Ramirez de Arellano v. Weinberger, 745 F.2d 1500 | 221+383 | We cannot consider the act of state doctrine in a factual or procedural vacuum; it must here, as always, be applied to the facts in the procedural posture of the case. When the defense is raised in connection with a motion to dismiss under Rule 12(b)(6), the court must be satisfied that there is no set of facts favorable to the plaintiffs and suggested by the complaint which could fail to establish the occurrence of an act of state. To the extent crucial facts pertaining to the defense are disputed, or not fully developed in a complete record, the reviewing court must be certain that it does not leap to conclusions arguable under the unelaborated pleadings but which could be refuted through the ordinary process of discovery and factfinding in the district court. To do otherwise is to deny the claimant an opportunity to prove his case. | When act of state doctrine is raised as defense in connection with motion to dismiss, court must be satisfied that there is no set of facts favorable to plaintiffs and suggested by complaint which would fail to establish occurrence of act of state; to extent crucial facts pertaining to defense are disputed, or not fully developed in a complete record, reviewing court must be certain that it does not lead to conclusions that are reviewable under unelaborated pleadings which could be refuted through ordinary process of discovery and fact-finding in district court. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | "When act of state doctrine is raised as defense in connection with motion to dismiss, must a court be satisfied that there is no set of facts favorable to plaintiffs and suggested by complaint which would fail to establish occurrence of act of state?" | 020511.docx | LEGALEASE-00124469-LEGALEASE-00124470 | SA, Sub | 0.27 | 0 | 0 | 1 | 1 | |
| 380 | Bandes v. Harlow & Jones, 570 F. Supp. 955 | 221+354 | Chief Justice Fuller offered the classic formulation of the Act of State Doctrine in Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897), at 252, 18 S.Ct., at 84:Every sovereign State is bound to respect the independence of every other Sovereign State, and the courts of one country will not sit in judgment of the acts of the government of another done within its own territory.Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves.So stated, the doctrine recognizes first, that to the extent that the United States has an interest in the internal affairs of a foreign sovereign, that interest is best represented by the executive branch, and second, that, in any event, the United States courts are without power to enforce their decrees as they apply to property held extra-territorially without the consent of the foreign sovereign. For these reasons, where the property in issue is within the jurisdiction of the foreign sovereign, the Act of State Doctrine, which counsels a "hands off" approach, is "applicable even if international law has been violated." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 431, 84 S.Ct. 923, 942, 11 L.Ed.2d 804 (1964). | Act of state doctrine recognizes first, that to extent United States has interest in internal affairs of foreign sovereign, that interest is best represented by executive branch, and second, that, in any event, United States courts are without power to enforce their decrees as they apply to property held extraterritorially without consent of foreign sovereign. | Does the act of state doctrine recognize that interest is best represented by the executive branch and United States courts are without power to enforce their decrees? | 020975.docx | LEGALEASE-00124587-LEGALEASE-00124588 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 381 | Huckaby v. Cheatham, 272 Ga. App. 746 | 157+155(1) | A party whose motion in limine was erroneously denied may decide to introduce the information in an attempt to explain it to the jury without being found to have later "opened the door" to introduction of evidence on that topic. Turner v. W.E. Pruett Co., 202 Ga.App. 287, 289(2), 414 S.E.2d 248 (1991). As stated in Turner:[A]ppellant's counsel was merely reacting to the erroneous denial of the motion in limine. It was the erroneous ruling on the motion in limine that opened the door and forced appellant's counsel to attempt to explain to the jury in his opening statement the timing of the filing of the complaint. Id. | A party whose motion in limine was erroneously denied may decide to introduce the information in an attempt explain it to the jury without being found to have later opened the door to introduction of evidence on that topic. | Can a party whose motion in limine was erroneously denied decide to introduce the information in an attempt to explain it to the jury without being found to have later opened the door to introduction of evidence on that topic? | 031156.docx | LEGALEASE-00125162-LEGALEASE-00125163 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 382 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | We begin by addressing Lone Star Gas's disregard for the motion in limine. A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. See Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963). The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. Id. The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. See Chavis v. Director, 924 S.W.2d 439, 446 (Tex.App."Beaumont 1996, no writ). When a trial court's order on a motion in limine is violated, we review the violation to see if it is curable by instructions to the jury to disregard it. See Dove v. Director, State Employees Workers' Compensation Div., 857 S.W.2d 577, 580 (Tex.App."Houston [1st Dist.] 1993, writ denied). | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain prejudicial evidentiary issues the court may be asked to rule upon?" | Pretrial Procedure - Memo # 915 - C - TJ.docx | ROSS-003312393-ROSS-003312394 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 383 | United States v. Mitchell, 553 F.2d 996 | 221+395 | When Congress considers environmental legislation, it presumably recognizes the authority of other sovereigns to protect and exploit their own resources. Other states may strike balances of interests that differ substantially from those struck by Congress. The traditional method of resolving such differences in the international community is through negotiation and agreement rather than through the imposition of one particular choice by a state imposing its law extraterritorially. With regard to the MMPA, Congress stated in section 1383 that the Act is not intended to contravene "the provisions of any existing international treaty, convention, or agreement, or any statute implementing the same, which may otherwise apply to the taking of marine mammals". Furthermore, section 1378 establishes the United States approach to international protection of marine mammals by directing the Secretary of State to initiate negotiations for both bilateral and multilateral agreements on the subject. The basic purpose of the moratorium, prohibitions, and permit system therefore appears to be the protection of marine mammals only within the territory of the United States and on the high seas. Conservation in other states is left to diplomatic negotiations. Restricting the territorial scope of the Act would not "greatly curtail the scope and usefulness of the statute" nor frustrate its purpose. We cannot then infer from the nature of the MMPA that Congress intended to apply its restrictions to the territories of foreign sovereigns. | Basic purpose of moratorium, prohibitions and permit system provided by Marine Mammal Protection Act of 1972 appears to be protection of marine mammals only within territory of the United States and on high seas; conservation in other sovereign states is left to diplomatic negotiations. Marine Mammal Protection Act of 1972, SS 2 et seq., 3(7), 101, 108, 113(a), 16 U.S.C.A. SS 1361 et seq., 1362(7), 1371, 1378, 1383(a). | "Does the basic purpose of moratorium, prohibitions and permit system provided by Marine Mammal Protection Act of 1972 (MMPA) appear to be protection of marine mammals only within territory of the United States and on high seas?" | International Law - Memo # 1032 - C - MS.docx | ROSS-003300239-ROSS-003300241 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 384 | Bell v. Treasurer of Cambridge, 310 Mass. 484 | 13+65 | It has been said that the salary is an incident of public office and the obligation of the city to pay it rests upon some statute or ordinance and not upon any express or implied contract. Walker v. Cook, 129 Mass. 577; Cook v. Springfield, 184 Mass. 247, 68 N.E. 201; Amerige v. Inhabitants Saugus, 208 Mass. 51, 94 N.E. 297; Riopel v. City of Worcester, 213 Mass. 15, 99 N.E. 478; Police Commissioner of Boston v. City of Campbell v. Mass. 577, 181 N.E. 790; Campbell v. City of Boston, 290 Mass. 427, 195 N.E. 802; State of Mississippi v. Miller, 276 U.S. 174, 48 S.Ct. 266, 72 L.Ed. 517; Lynch v. United States, 292 U.S. 571, 579, 54 S.Ct. 840, 78 L.Ed. 1434. The obligation to pay, although not originating in contract, may be enforced in an action of contract because the statute or ordinance makes it the duty of the city to pay. Cook v. Springfield, 184 Mass. 247, 68 N.E. 201; Campbell v. City of Boston, 290 Mass. 427, 195 N.E. 802. But the relation between the official and the city in reference to his salary bears in some aspects a resemblance to a contractual right. The claim for salary was said in Hooker v. McLennan, 236 Mass. 117, 120, 127 N.E. 626, 627, to be one "which in legal effect is upon an express contract," and in McHenry v. City of Lawrence, 295 Mass. 119, 121, 3 N.E.2d 262, 263, it was said that "the appointment by a municipality of officers whose salaries are fixed by municipal action creates a contract of a sort." The abandonment of an office by the incumbent would have the same effect as would the breach of a contract to render personal services and would bar him from recovering his salary. Phillips v. City of Boston, 150 Mass. 491, 23 N.E. 202; Streeter v. City of Worcester, 177 Mass. 29, 58 N.E. 277; Ladd v. City of Newburyport, 232 Mass. 570, 122 N.E. 874; Branche v. City of Fitchburg, 306 Mass. 613, 29 N.E.2d 131. It is true that the respondent did not formally resign or expressly relinquish forever title to the office, but it is plain that he voluntarily relinquished the performance of all | Events happening since the filing of a bill in equity and which have properly come to attention of court may be considered in drafting a final decree in order that relief granted may be adequate in view of situation then existing. | Do events happening since the filing of a bill in equity considered in drafting a final decree by a court in order that relief granted may be adequate in view of the situation then existing? | 006098.docx | LEGALEASE-00128140-LEGALEASE-00128142 | Condensed, SA | 0.94 | 0 | 1 | 0 | 1 | |
| 385 | Schoonover v. Chavous, 974 A.2d 876 | 307A+502 | "The requirement of judicial approval and the provision for court-imposed conditions [in Rule 41(a)(2) ] were intended to curb the abuses at common law (and in federal practice) of automatically granting voluntary dismissals anytime before verdict was rendered." Conafay v. Wyeth Laboratories, 253 U.S.App. D.C. 279, 280 n. 1, 793 F.2d 350, 351 n. 1 (1986); see also Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397"98, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (discussing "the policy and purpose of Rule 41(a)(1), which was designed to limit a plaintiff's ability to dismiss an action"). Thus, when Rule 41(a)(2) applies, "[a] voluntary dismissal is no longer a matter of right." Raney, 166 A.2d at 262; accord, Grivas, 207 F.2d at 336 (agreeing with other courts and textbook writers that "the allowance of a motion to dismiss under Rule 41(a)(2) is not a matter of absolute right"). | The requirement of judicial approval and the provision for court-imposed conditions for voluntary dismissal were intended to curb the abuses at common law and in federal practice of automatically granting voluntary dismissals anytime before verdict was rendered; thus, when order of court provision in rule governing dismissal of actions applies, a voluntary dismissal is no longer a matter of right. Civil Rule 41(a)(2). | Are the requirement of judicial approval and the provision for court-imposed conditions for voluntary dismissal intended to curb the abuses at common law and in federal practice of automatically granting voluntary dismissals anytime before verdict was rendered? | Pretrial Procedure - Memo # 937 - C - NS.docx | ROSS-003300131-ROSS-003300132 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 21,876 | 9,029 |
| 386 | Pittman v. N. Carolina Dept of Transp., 67 N.C. App. 658 | 484x279 | Department of Transportation (DOT) was liable under State Tort Claims Act for injuries and property damage sustained when motorist collided with DOT truck that was parked partially blocking road adjacent to sign being replaced, where sign on DOT truck was not proper warning as it was blocked from motorist's view by vehicle ahead of him, and motorist was traveling at lawful rate of speed and had no reasonable opportunity to avoid truck. G.S. § 143-291 et seq. | Department of Transportation (DOT) was liable under State Tort Claims Act for injuries and property damage sustained when motorist collided with DOT truck that was parked partially blocking road adjacent to sign being replaced, where sign on DOT truck was not proper warning as it was blocked from motorist's view by vehicle ahead of him, and motorist was traveling at lawful rate of speed and had no reasonable opportunity to avoid truck. | Can the Department of Transportation (DOT) be held liable in tort? | Highways - Memo 31 - RK.docx | ROSS-003314226 | Condensed, SA, Sub 0.5 | 0.5 | 0 | 1 | 0 | 1 | 1 |
| 387 | State v. Jason H., 215 W. Va 439 | 307Ax717.1 | More specifically, in State v. McCallister, 178 W.Va. 77, 357 S.E.2d 759 (1987), this Court addressed the need to secure the continuance of a witness where the witness is unavailable. As syllabus point 6 of McCallister holds: A party moving for a continuance due to the unavailability of a witness must show: (1) the materiality and importance of the witness to the issues to be tried; (2) due diligence in an attempt to procure the witness; (3) that a good probability exists that the testimony will be secured at some later date; and (4) that the postponement would not be merely to cause an unreasonable delay in the administration of justice. | A party moving for a continuance due to the unavailability of a witness must show: (1) the materiality and importance of the witness to the issues to be tried; (2) due diligence in an attempt to procure the witness; (3) that a good probability exists that the testimony will be secured at some later date; and (4) that the postponement would not be merely to cause an unreasonable delay in the administration of justice. | What must a party who moves for a continuance due to the unavailability of a witness show? | Pretrial Procedure - Memo 4 791 - C - SI.docx | ROSS-003287772 + ROSS-003837772 | Condensed, SA | 0.32 | 0 | 0 | 0 | 1 | |
| 388 | Hensley v. Hensley, 376 So.2d 1000 | 289x545 | The relation, however, as presented in the instant case are that of a partnership existing between two or more members... "The violation of partnership is fiduciary in character and imposes on the members of the firm the obligation of utmost good faith in their dealings with one another with respect to partnership affairs, of acting for common benefit of all partners in all transactions relating to the firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat or advice pressure of any kind." 68 C.J.S. Partnership 76. | Relation of partnership is fiduciary in character and imposes on members of the firm obligation of utmost good faith in their dealings with one another with respect to partnership affairs, of acting for common benefit of all partners in all transactions relating to firm business, and of refraining from taking any advantage of one another by the slightest misrepresentation, concealment, threat or adverse pressure of any kind. | "Does a partner have the duty to ensure that he obtains no advantage in partnership affairs by misrepresentation, concealment, threat or adverse pressure?" | 02186.docx | LEGALEASE-00132503-LEGALEASE-00132504 | Condensed, SA | 0.32 | | 1 | 0 | 1 | 1 |
| 389 | Diocese of W. N. C. of Protestant Episcopal Church v. Sale, 254 N.C. 218 | 307Ax331 | Upon the plaintiff's request, Judge Clarkson ordered the defendant Regin to submit inspection and copying of the books, papers and documents to which by the order was made pursuant to G.S. § 8-89 which give superior court judges, in their discretion, the power to order parties to produce for inspection and copying, documents relating to the merits of an action pending in the superior court. The motion is remedial and should be liberally construed. McFarland v. Voorhees, Trindle Co., 52 Cal.2d 698, 700, 343 P.2d 923, 926 (1959)... | Statute giving superior court judges, in their discretion, power to order parties to produce for inspection and copying, documents relating to merits of pending action in superior court, is remedial and should be liberally construed. G.S. § 8-89. | "Is the statute giving superior court judges, in their discretion, power to order parties to produce for inspection and copying, documents relating to merits of pending action remedial and should be liberally construed?" | Pretrial Procedure - Memo # 2100 - C - SK.docx | ROSS-002248473 + ROSS-003284474 | Condensed, SA, Sub 0.6 | 0.6 | 0 | 1 | 0 | 1 | 1 |
| 390 | Keipp v. Hawaii Welding Co., 56 Haw. 544 | 413x1 | We agree with the reasoning of the Appeals Board in holding the appellant liable here. The paramount consideration in determining whether the alleged special employer is in fact a special employer of the worker in question... Workmen's compensation law represents a socially enforced bargain, that bargain being an employee's giving up his right to recover common-law damages, in tort, from his employer in exchange for certainty of a statutory award for all work connected injuries. HRS 386-1; 386-5; 386-8B. | Workmen's compensation law represents a socially enforced bargain, that bargain being an employee's giving up his right to recover common-law damages, in tort, from his employer in exchange for certainty of a statutory award for all work connected injuries? | 047901.docx | LEGALEASE-00131701-LEGALEASE-00131702 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 391 | Great Socialist People's Libyan Arab Jamahiriya v. Miski, 683 F. Supp. 241 | 221x452 | Section 1607 of Title 28 of the United States Code provides, in pertinent part, that where foreign states bring an action in a court of the United States, it is not immune from a counterclaim "arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state," id. 1607(b), or "to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state," 1607(c)... 646 F.Supp. 103 (D.D.C.1986) ("[A] voluntary appearance by a foreign government waives immunity as to any essentially defensive measures taken by the private citizen. Essentially, where "[a] sovereign has freely come as a suitor into [United States] courts, the principle of fair dealing requires that it be subject to claims of its adversary."... | Where a foreign sovereign has freely come as a suitor into United States courts, the principle of fair dealing requires that it be subject to claims on the same subject matter as the allegations upon which the sovereign is seeking relief. 28 U.S.C.A. § 1607. | "Where a foreign sovereign has freely come as a suitor into United States courts, should the same subject matter as the allegations upon which the sovereign is seeking relief?" | International Law - Memo #1035 ANC.docx | ROSS-00247905G + ROSS-000292907 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 392 | W. Guy Nurseries v. Eagan, 267 F.3d 1154 | 307A=372.1 | Where a plaintiff takes a voluntary dismissal, "[t]he effect is to renew complete[ly] from the court's consideration the power to consider, or act on, expansion in all respects to a deprivation of jurisdiction." * Randle, 360 So.2d at 99. See also Miller v. Fortune-Ho, Inc., 488 So.2d 1221, 1222 (Fla 1986). However, a court may retain jurisdiction to decide matters collateral to a case, such as attorney fees. See Marsh v. Bishop-Marsh, 274 So.2d 75, 76 (Fla. Dist.Ct.App.1973); Tampa Letter Carriers, Inc. v. Mack, 649 So.2d 890, 891 (Fla.Dist.Ct.App.1995), a voluntary dismissal, therefore, immediately divests the trial court of jurisdiction decide the case at hand, even though the court's determination of a collateral matter may retain on an examination of the merits of the case. The award of attorney's fees is a collateral order of the circuit court. It does not have the effect of placing restrictions on the voluntary dismissal, an action for which the circuit court would have no jurisdiction. | Where a plaintiff takes a voluntary dismissal, the effect is to renew completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction; however, a court may retain jurisdiction to decide matters collateral to a case, such as attorney fees. | Where a plaintiff takes a voluntary dismissal, is the effect to renew completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction? | Pretrial Procedure - Memo #2090 - C - 545.docx | ROSS-003290319-ROSS-003290320 | Condensed, SA, Sub 0.68 | 0 | 1 |  |  | 1 | 1 |
| 393 | Tucker v. McQuery, 107 Ohio Misc. 2d 31 | 307A=46 | In exercising this discretion [i.e., allowing amendment to answers deemed admitted] the court must balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial. Rules Civ.Proc., Rule 36(B). In exercising this discretion, the court must balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial. Westlaw discretion in one case favor to the considered deemed admitted, unless Rule Civ.Proc. 36(B); Sand-26, 1988), Summit App. No. 13640, unreported, 1988 WL 139606, at *1. Where allowing the admissions to be deemed admitted would aid in only one factor to be considered. See Sindhi v. Sindhi, Civ.Proc. 26, 1988), Summit App. No. 13640, unreported, 1988 WL 139606, at *1. Where our amendment concerning the admissions would establish the presentation of the merits of the action favorable, the court should favor amending the admission. The trial court in this case favored determination generally will not be disturbed on appeal. See Nursing Staff of Cincinnati, Inc. v. Sherman (1984), 13 Ohio App.3d 328, 331, 13 OBR 406, 408, 469 N.2d 1031, 1034. Indeed, our Supreme Court has stated, "the party obtaining the admission is not, upon motion, may permit the withdrawal or amendment of a Civ.R. 36(A) admission when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that | In exercising this discretion whether to allow a party to amend answers deemed admitted, a court must balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial. | In exercising this discretion whether to allow a party to amend answers deemed admitted, must a court balance the importance of having the issues decided on their merits with the desirability of allowing the parties to rely on admissions in the preparation of trial? | Pretrial Procedure - Memo # 3051 - C - TM.docx | ROSS-003303858-ROSS-003303860 | Condensed, SA, Sub 0.78 | 0 | 1 |  |  | 1 | 1 |
| 394 | In re Uddi's Estate, 201 Misc. 1102 | 221=134 | As pointed out in Matter of Maria Uddi, the property rights themselves, as distinguished from the evidence of ownership, have always had their situs in this country, not in Czechoslovakia. Assuming, nevertheless, that the proceeds of these rights occurred in the other country, it does not follow that the existence of ownership now being here, the laws of Czechoslovakia, must be here to be considered upon foreign rights here have accrued recognition. The property rights here set forth and was physically present here when the rights of a domestic distributee arose. When Theresa Uddi sent the property here, she impliedly submitted to the law of this state, for it is here protected by our law, just as the bank book, as a bank book, in the Estate of Maria Uddi was here and was also subject to the laws of Czechoslovakia, and the situs of the transfer of claim is governed by the law of the forum in which conflict in the matter of Petition of Barwell v. Howell, 31 N.Y. 617. Either conflict arise, the law of Czechoslovakia physically present here. The personal rule that the property is located in another state, such, transfer is not valid in that other state, may be transferred to the estate of transfer it does to upon a principle of comity. It has been said: "The municipal law of a country has no force beyond its territorial limits, and what another government permits that other country to enforce the personal demand for its own citizens, otherwise justice would be sacrificed to comity, nor can the foreigner or stranger complain, because the foreign government permits the jurisdiction from which property should it of the law of this own state, and the rule and regulations in force in the country where he places it. What the rules and regulations involve in the transfer, what the estate should it be and in justice | A country's municipal law is not beyond its territorial limits, and what within such country's jurisdiction only on principle of comity, but in doing so must take care to inflict no injury on its citizens thereof. | "Do the municipal law of a country have no force beyond its government of another country will permit them to be carried into effect territorial limits, and when another government permits that force to be carried into effect within her jurisdiction, does she so must take care to inflict no injury on her own citizens?" | 02573A.docx | LEGALEASE-00135738-LEGALEASE-00135730 | Condensed, SA 0.86 | 0 | 1 |  |  | 1 |  |
| 395 | Huehn v. Huehn, 716 N.W.2d 679 | 307A=716 | The denial of Husband's motion was not error. The grant or denial of a motion for a continuance rests in the sound discretion of the trial court and will not be reversed only for abuse of discretion. Such abuse of discretion will be found where the moving party has shown good cause for granting the motion. In re J.K., 68 Mich.326 1197, 540 N.W.2d 1965; A trial court is not compelled to find good cause based upon the moving party's assertion that reversibility to procure local counsel unless the moving party has actual and is not compelled to find good cause based upon a bare allegation that the moving party did not have adequate time to procure local counsel. In re J.K. at 329, 201 (In re J.K. 1996), nor is it compelled to find good cause based upon the moving party's assertion that reversibility to procure local counsel unless the moving party has acted with diligence in seeking new counsel. See Macey Boyd & Assocs., Inc., 563 N.2d 134, 1338 (In re J.K. App.1990). Given the facts of this matter, and the absence of evidence that Husband sought local counsel or that he acted with diligence, we cannot say the trial court abused its discretion when it denied Husband's motion for a continuance. | A trial court is not compelled to find good cause based upon an assertion that the moving party is unable to procure local counsel unless the moving party has acted with diligence in seeking counsel. | Is a trial court compelled to find good cause based upon an assertion that the moving party is unable to procure local counsel unless the moving party has acted with diligence in seeking counsel? | 02950A.docx | LEGALEASE-00135597-LEGALEASE-00135598 | Condensed, SA 0.72 | 0 |  | 1 |  | 1 |  |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote Text | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 396 | Ramirez v. Nabil Energy, 115 S.W.3d 851 | 307A+483 | The Texas Supreme Court has held that "[c]onstitutional imperatives favor the determination of cases based on their merits rather than on procedural defaults." Marino, 355 S.W.3d at 634. "Using deemed admissions as the basis for summary judgment therefore does not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction; it merely incorporates the requirement as an element of the movant's summary judgment burden." Id. (Medina v. Raven, 492 S.W.3d 53, 61 (Tex. App.-Houston [1st Dist.] 2016, no pet.) ("This showing of flagrant bad faith or callous disregard is "an element of the movant's summary judgment burden."") (quoting Marino, 355 S.W.3d at 634)); see Unrau, 492 S.W.3d at [Tex. App.-Houston[14th Dist.] Apr. 28, 2015, no pet.] (mem. op.)). "Bad faith is not simple bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." Time Warner, 441 S.W.3d at 666 (quoting Armstrong v. Collin Co. Bail Bond Bd., 233 S.W.3d 57, 63 (Tex. App.-Dallas 2007, no pet.)). | | "Does using deemed admissions as the basis for summary judgment not avoid the requirement of flagrant bad faith or callous disregard, the showing necessary to support a merits-preclusive sanction?" | 029888.docx | LEGALEASE 00155556 - LEGALEASE 00155559 | SA, Sub | 0.72 | 0 | | | 1 | |
| 397 | Ex parte Gulf AG., 183 So. 3d 447 | 307A+34.1 | | | "Although the standard for permitting jurisdictional discovery is quite low, the plaintiff requesting jurisdictional discovery must offer the court more than conjecture and surmise in support of request for discovery that is predicated upon bare, attenuated, or unsupported assertions of personal jurisdiction is due to be denied." | 020975.docx | LEGALEASE 00136950 - LEGALEASE 00136951 | Condensed, SA | 0.85 | 1 | 0 | | | |
| 398 | Lance v. Calvert, 2.3 Pa. Super. 102 | 8.30J+95 | | | "When one who has signed a note, leaving the date blank, delivers it in that condition to a joint maker for the purpose of raising money upon it, he thereby impliedly authorizes that joint maker to fill in the date as of the time when the note is actually negotiated?" | 010286.docx | LEGALEASE 00137871 - LEGALEASE 00137872 | Condensed, SA | 0.71 | 1 | 0 | 1 | | |
| 399 | In re Interest of Alan B., 10 Neb. App. 114 | 307A+723.1 | | | "An oral request for a continuance is not sufficient to comply with statutory requirements that the application be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of the proceeding?" | Pretrial Procedure Memo #4137 - C - NE.docx | ROSS/002191014-ROSS-000191015 | Order, SA, Sub | 0.77 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 400 | Estate of Benjamin v. Avante Grp., 900 So. 2d 637 | 115+151 | 768.72 (1), Fla. Stat. (1999) (emphasis added). See also Fla. R. Civ. P. 1.190; Because this court at oral argument may be in doubt as to such man and variation to assure one, the goal of punishment must of necessity and include punitive damages claim and attendant discovery of financial worth until although section 768.72 (1) is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, S 768.72. | Despite the purported damages pleading statutes provided in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court? | 03016.docx | LEGALEASE 00137723-LEGALEASE 00137724 | SA, Sub | 0.33 | 0 | 0 | | 1 | |
| 401 | Stevens v. Lang, 170 Neb. 239 | 302+245(4) | It is true, as appellant contends, that ordinarily if a plaintiff wishes to amend his petition by inserting a new issue after he has rested, he should do so by asking leave to withdraw his rest for that purpose and, if granted, to introduce the evidence in support thereof. | Ordinarily if plaintiff wishes to amend his petition by inserting a new issue after he has rested, he should do so by asking leave to withdraw his rest for that purpose and, if granted, to introduce the evidence in support thereof. | "If a plaintiff wishes to amend his petition by inserting a new issue after he has rested, should he do so by asking leave to withdraw his rest for that purpose?" | Pretrial Procedure Memo #4713 - C - P8.docx | ROSS 003291079 | Condensed, SA, Sub | 0.28 | 0 | 1 | | 1 | |
| 402 | Agrizap Credit Corp. v. Donohoo, 568 SW 2d 422 | 307A+483 | It is well settled that the effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under Rule 169 is comparable to a "legal admission" made in the applicable pleadings of a party, so as to preclude denial of such facts. | Effect of party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts governing request for admissions is comparable to a "legal admission" made in applicable pleadings of a party, so as to preclude denial of such facts. | "Is the effect of a party's failure to answer requests in adverse party's written request for admission or denial of relevant facts made in applicable pleading of a party?" | Pretrial Procedure Memo #4712 - C - AP.docx | ROSS 003291386-ROSS-003291387 | Condensed, SA, Sub | 0.18 | 0 | 1 | | 1 | |
| 403 | Taylor v. Hubbell, 188 F.2d 106 | 413+1 | This Arizona statute "rests upon the police power to regulate the status of employer and employee" (Dean Accident & Guarantee Corp. v. Industrial Commission, 63 Ariz. 264, 161 P.2d 844). | Arizona workmen's compensation statute rests upon police power to regulate status of employer and employee and grants to commission full power, jurisdiction and authority to administer and enforce all laws for the protection of life, health, safety and welfare of employees in every case where such duty is not specifically delegated to any other board. | "Does the workmen's compensation statute rest upon the police power to regulate the status of employer and employees?" | 047921.docx | LEGALEASE 00138301-LEGALEASE 00138302 | SA, Sub | 0.22 | 0 | 1 | | 1 | |
| 404 | Palmieri v. Toth, 424 A.2d 314 | 307A+36.1 | If the motion to strike is denied, then the plaintiff may proceed to seek discovery relating to the wealth or ability of the defendant to respond to such discovery. | If motion to strike punitive damages claim is denied, plaintiff may proceed to seek discovery relating to wealth or ability of defendant to respond to such discovery and insofar as such evidence may be relevant to determination of amount adequate to deter the defendant from similar activities in future. | "If a motion to strike the punitive damage claim is denied, may a plaintiff proceed to seek discovery relating to wealth or ability of a defendant to respond to punitive damage award?" | 03202.8.docx | LEGALEASE 00138771-ROSS-003187713 | Condensed, SA, Sub 0.34 | | 0 | 1 | | 1 | |
| 405 | Rickover v. Gottfredson, 271 S.W.3d 32 | 30+84.90 | Generally, a motion for a new trial is not premature when a court order terminates a cause of action without prejudice. Litton v. Brady, 889 S.W.2d 191, 193 (Mo.App.1994). However, because under Rule 81.05, a "voluntary dismissal" constitutes a recusal because it allows a plaintiff to dismiss a civil action without prejudice and "without order of the court" at any time prior to the introduction of evidence at trial. | Generally a voluntary dismissal constitutes a "recusal" because it allows a plaintiff to dismiss a civil action without prejudice and without order of the court at any time prior to the introduction of evidence at trial? V.A.M.R. 67.02. | Pretrial Procedure Memo #2481 - C - SJ.docx | ROSS 003187712-ROSS-003187713 | Condensed, SA, Sub | 0.14 | 0 | 1 | | 1 | |
| 406 | Bryan's Jeffreys, 154 N.C. 242 | 30+84+74 | Acting on this view, Bryan against A. B. Jeffreys, as surety on the bond of A. M. Jeffreys, who, it is alleged, agreed to submit all matters in dispute to arbitration, and afterwards failed to pay plaintiff the amount of the award. By the terms of the submission, the award of the arbitrators is... | Under Code, S 1157, providing that depositions shall be returned to the court, and opened and passed on by the clerk, after having first given the parties or their attorney at least one day's notice, and that all depositions taken allowed by the clerk, in the taking of which the witnesses competent, is properly excluded. | "Shall depositions be returned to the court, and opened and passed on by the clerk, after having first given the parties or their attorney at least one day's notice?" | 03293.docx | LEGALEASE 00138751-LEGALEASE 00139752 | Condensed, SA, Sub 0.48 | | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 407 | Tetreault v. Franchise Tax Bd., 255 Cal. App. 2d 277 | 371+2005 | There is no merit in this contention. The equal protection clause has a limited scope in relation to state taxation in view of the relatively extensive power of the states to tax. The applicable principles were summarized in Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, at pages 526 and 527, 79 S.Ct. 437, at page 440, 3 L.Ed.2d 480, as follows: "The States have a very wide discretion in the laying of their taxes. When dealing with their proper domestic concerns, and not trenching upon the prerogatives of the National Government or violating the guaranties of the Federal Constitution, the States have the attribute of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. Of course, the States, in the exercise of their taxing power, are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment. But that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation. The State may impose different specific taxes upon different trades and professions and may vary the rate of excise upon various products. It is not required to resort to close distinctions or to maintain a precise, scientific uniformity with reference to composition, use or value. (Citations.) "To hold otherwise would be to subject the essential taxing power of the State to an intolerable supervision, hostile to the basic principles of our government and wholly beyond the protection which the general clause of the Fourteenth Amendment was intended to assure." Ohio Oil Co. v. Conway, supra, 281 U.S. (146), at 159, 50 S.Ct. (310) at page 314 (74 L.Ed. 775.)' | When dealing with proper domestic concerns and not trenching upon prerogatives of national government or violating guaranties of Federal Constitution, states have attributes of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests. | Do states have attributes of sovereign powers in devising their fiscal systems to ensure revenue and foster their local interests when dealing with proper domestic concerns? | 045299.docx | LEGALEASE-00142724-LEGALEASE-00142725 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 408 | MAG-T v. Travis Cent. Appraisal Dist., 161 S.W.3d 617 | 15A+2151 | The intent of the administrative review process is to resolve the majority of tax protests at the administrative level and to relieve the burden on the court system. Webb County Appraisal Dist. v. New Laredo Hotel, 792 S.W.2d 952, 954 (Tex.1990). The corollary to this rule is that judicial review of administrative orders is not available unless all administrative remedies have been pursued to the fullest extent. See id. If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. Tex. Gov't Code Ann. " 2001.171 (West 2000); Subaru, 84 S.W.3d at 221; Strayhorn v. Lexington Ins. Co., 128 S.W.3d 772, 777 (Tex.App.-Austin 2004, pet. filed). | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. V.T.C.A., Government Code S 2001.171. | Does a litigant's failure to exhaust all administrative remedies before seeking judicial review deprive the court of subject matter jurisdiction over claims within an agencys exclusive jurisdiction? | Pretrial Procedure - Memo # 5779 - C - NS.docx | ROSS-003301555-ROSS-003301556 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 409 | Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598 | 106+35 | If the defendant's affidavit does fully dispute the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 666. If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted.Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 666; Capital One Fin. Corp., 709 So.2d at 640; Lampe, 652 So.2d at 425. | If a nonresident defendant's affidavit in support of a motion to dismiss for lack of jurisdiction fully disputes the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists; if the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted. West's F.S.A. S 48.193. | "If a plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, must the defendant's motion to dismiss for lack of personal jurisdiction be granted?" | 033566.docx | LEGALEASE-00143698-LEGALEASE-00143699 | SA, Sub | 0.21 | 0 | 0 | 1 | 1 | |
| 410 | Williams v. Beemiller, 100 A.D.3d 143 | 307A+554 | "However, in opposing a motion to dismiss pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth[ ] a sufficient start, and show [ ] their position not to be frivolous" (Lettieri v. Cushing, 80 A.D.3d 574, 575, 914 N.Y.S.2d 312 [internal quotation marks omitted]; see Peterson v. Spartan Indus., 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 310 N.E.2d 513; Gold Bullion Intl. v. General Mills, 53 A.D.2d 1045, 1045, 386 N.Y.S.2d 164). Thus, "plaintiff[s] need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant[ ]" (Tucker v. Sanders, 75 A.D.3d 1096, 1096, 904 N.Y.S.2d 618 [emphasis added; internal quotation marks omitted]; see Peterson, 33 N.Y.2d at 467, 354 N.Y.S.2d 905, 310 N.E.2d 513). | In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must set forth a sufficient start, and show their position is not frivolous. McKinney's CPLR 3211(a)(8). | "In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, need plaintiffs not make a prima facie showing of jurisdiction?" | Pretrial Procedure - Memo # 6689 - C - KG.docx | ROSS-003328910-ROSS-003328911 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 411 | The Florida Bar v. Eubanks, 752 So. 2d 540 | 307A+746 | First, we find that the referee did not abuse his discretion in entering a default against respondents. Florida Rule of Civil Procedure 1.200(c) permits the court to impose sanctions for failing to attend a status conference. It is well established that sanctions under this rule can include striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction "should be used "sparingly and reserved to those instances where the conduct is flagrant, willful or persistent." " Drakeford v. Barnett Bank, 694 So.2d 822, 824 (Fla. 2d DCA 1997)(quoting Kelley v. Schmidt, 613 So.2d 918, 919 (Fla. 5th DCA 1993)); see also Arango v. Alvarez, 585 So.2d 1131, 1132"33 (Fla. 3d DCA 1991)(striking pleadings of pro se defendants and entering default against them where failure to appear at calendar call was willful and intentional and they had established a pattern of disobeying or ignoring court orders). | Court may impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction should be used sparingly and reserved to those instances where the conduct is flagrant, willful, or persistent. West's F.S.A. RCP Rule 1.200(c). | "Can a court impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party?" | Pretrial Procedure - Memo # 6836 - C - SB.docx | ROSS-003304909-ROSS-003304910 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 412 | Flagg v. Judd, 198 So. 3d 665 | 307A+46 | The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation. | The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. West's F.S.A. RCP Rule 1.380(b)(2)(C). | Is it an abuse of the trial court's discretion to dismiss an action for failure to obey a court order without making express written findings of fact supporting the conclusion? | 034614.docx | LEGALEASE-00144562-LEGALEASE-00144563 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| | | | | | | | | | | **839** | **15,944** | **14,873** | **23,876** | **9,029** |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | | | | | | |
| 413 | Zdanis v. Pinella, 159 Minn. 586 | 307A+563 | Rule 41.420(1), Rules of Civil Procedure, provides as follows: "The court may exercise its discretion to dismiss an action or claim for failure to prosecute or to comply with these rules or any order of court..." [opinion text continues with citations including Firoved v. General Motors Corp., 277 Minn. 278, 280, 152 N.W.2d 364, 368 (1967).] | Dismissal for failure to prosecute or to comply with rules or order of court necessarily depends upon circumstances peculiar to each case, and must be considered with reference to just, speedy and inexpensive disposition of case and policy underlying dismissal rule of preventing harassment and unreasonable delays in litigation. | Does dismissal for failure to prosecute or to comply with rules or order of court necessarily depend upon circumstances peculiar to each case? | 035306.docx | LEGALEASE 00186096-LEGALEASE 00186097 | SA.Sub | 0.65 | 0 | 1 | | 1 | |
| 414 | Reas v. Florida Power & Light Co., 636 So. 2d 60 | 307A+590.1 | In Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), the supreme court adopted the test set forth in Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990), for determining whether discovery activity constitutes sufficient record activity to preclude dismissal for failure to prosecute. The approach allows the trial court to consider whether the activity is designed toward concluding the case on the merits or whether it is taken in bad faith to avoid the application of rule 1.420(e). See 557 So.2d at 660. | In determining whether discovery activity is sufficient record activity to preclude dismissal for failure to prosecute, court may consider whether activity is designed toward concluding case on merits or whether it is taken in bad faith to avoid application of rule authorizing dismissal for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | In determining whether discovery activity is sufficient record activity to preclude dismissal for failure to prosecute, can a court consider whether activity is designed toward concluding case on merits? | 11088.docx | LEGALEASE 00094320-LEGALEASE 00094321 | SA.Sub | 0.5 | 0 | 1 | | 1 | |
| 415 | Berc v. City of Evanston, 2013 IL App (1st) 123763 | 307A+561.1 | Plaintiff's complaint was dismissed pursuant to section 2-619(a)(9) of the Code. A section 2-619 motion to dismiss admits the legal sufficiency of the complaint, but asserts that it is barred by some other affirmative matter... [opinion text continues with citations including Van Meter v. Darien Park Dist., 207 Ill.2d 359, 367, 278 Ill.Dec. 555, 799 N.E.2d 273 (2003). 735 ILCS 5/2-619.] | When reviewing motion for involuntary dismissal based upon certain defects or defenses, Appellate Court must consider whether a genuine issue of material fact exists which precludes dismissal, or whether affirmative matter negates plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact. S.H.A. 735 ILCS 5/2-619. | Should the court consider whether affirmative matter negates plaintiff's cause of action completely or refutes critical conclusions of law or material unsupported fact? | 11254.docx | LEGALEASE 00094355-LEGALEASE 00094357 | SA.Sub | 0.65 | 0 | 1 | | 1 | |
| 416 | People, Plaza Owners & Citizens of Pleasant Valley Sch. Dist. v. Barney, 151 Pa. Cmwlth. 124 | 307A+584 | The decision to enter a judgment of non pros because of the failure of a party to proceed with an action within a reasonable time rests within the discretion of the trial court. First Valley Bank v. Steinmann, 253 Pa.Super. 8, 384 A.2d 949 (1978). The exercise of this discretion will not be disturbed on appeal unless it is apparent that there has been an abuse of that discretion. [opinion text continues with citations.] | Court may properly enter judgment of non pros when party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for delay, and that delay has caused some prejudice to adverse party such as death of or unexplained absence of material witnesses. | Can court properly enter a judgment of non pros when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? | 036337.docx | LEGALEASE 00186049-LEGALEASE 00186050 | Condensed.SA | 0.65 | 0 | | | 1 | |
| 417 | Everett v. Eastchester Union Free Sch. Dept., 127 A.D.3d 1331 | 307A+422 | In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court "must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Nonnon v. City of New York, 9 N.Y.3d 825, 827, 842 N.Y.S.2d 756, 874 N.E.2d 720 [2007]; see Leon v. Martinez, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994])... [opinion text continues with citations including Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17.] | Where evidentiary material is submitted and considered on a motion to dismiss a complaint for failure to state a cause of action, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint for failure to state a cause of action, does the question become whether the plaintiff has a cause of action?" | Pretrial Procedure Memo #1185 - C PC_MChil.docx | ROSS 000186413-ROSS 000186415 | Condensed.SA | 0.73 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 418 | Gorman v. Am. Honda Motor Co., 302 Mich. App. 113 | 307A+679 | MCR 2.116(C)(8) permits a trial court to grant summary disposition when an opposing party has failed to state a claim on which relief can be granted.Thus, a motion under this rule tests the legal sufficiency of a claim. Computer Network, 265 Mich.App. at 312, 696 N.W.2d 49. The motion may not be supported or opposed with affidavits, admissions, or other documentary evidence, and must be decided on the basis of the pleadings alone. Id.; MCR 2.116(G)(2). The trial court reviewing the motion must accept as true all factual allegations supporting the claim, and any reasonable inferences or conclusions that might be drawn from those facts. Detroit Int'l Bridge Co. v. Commodities Export Co., 279 Mich.App. 662, 670, 760 N.W.2d 565 (2008). A motion for summary disposition under MCR 2.116(C)(8) may be granted only when a claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. Attorney General v. Merck Sharp & Dohme Corp., 292 Mich.App. 1, 8, 807 N.W.2d 343 (2011). | The trial court reviewing a motion for summary disposition on the basis of failure to state a claim for which relief can be granted must accept as true all factual allegations supporting the claim, and any reasonable inferences or conclusions that might be drawn from those facts. MCR 2.116(C)(8). | Should the trial court reviewing a motion for summary disposition on the basis of failure to state a claim for which relief can be granted accept as true all factual allegations supporting the claim? | 037236.docx | LEGALEASE-00151072-LEGALEASE-00151073 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 419 | Sethness v. Sethness, 62 N.C. App. 676 | 307A+622 | In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the test to be applied by the court is whether the complaint alleges a set of facts which would entitle the plaintiff to some relief. Carolina Builders Corp. v. AAA Drywall, Inc., 43 N.C.App. 444, 259 S.E.2d 364 (1979); Yates v. City of Raleigh, 46 N.C.App. 221, 264 S.E.2d 798 (1980). For purposes of testing the sufficiency of a complaint to withstand a motion to dismiss under 12(b)(6), the allegations contained therein are liberally construed and treated as true. Shoffner Industries, Inc. v. W.B. Lloyd Construction Co., 42 N.C.App. 259, 257 S.E.2d 50, disc. rev. denied, 298 N.C. 296, 259 S.E.2d 301 (1979). However, " "conclusions of law or unwarranted deductions of fact are not admitted." " | In ruling on motion to dismiss complaint for failure to state claim upon which relief can be granted, test to be applied by court is whether complaint alleges set of facts which would entitle plaintiff to some relief; allegations contained in complaint are liberally construed and treated as true, but conclusions of law or unwarranted deductions of fact are not admitted. Rules Civ.Proc., Rule 12(b)(6), G.S. S 1A-1. | "In ruling on a motion to dismiss a complaint for failure to state claim upon which relief can be granted, should courts construe allegations in a plaintiff's favor and accept allegations of fact as true?" | 038524.docx | LEGALEASE-00154481-LEGALEASE-00154482 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 420 | Hawaii Auto. Retail Gasoline Dealers Ass'n v. Brodie, 2 Haw. App. 99 | 307A+583 | HRCP Rule 41(b), motion to dismiss for failure to prosecute, is a matter addressed to the court's discretion and is properly grantedwhen there is a clear record of delay or contumacious conduct ... and where lesser sanctions would not serve the best interests of justice. Bagalay v. Lahaina Restoration Foundation, 60 Haw. 125, 588 P.2d 416 (1978). | Motion to dismiss for failure to prosecute is matter addressed to court's discretion and is properly granted where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. Rules of Civil Procedure, Rule 41(b). | Is motion to dismiss for failure to prosecute properly granted where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice? | Pretrial Procedure - Memo # 9679 - C - SB_61580.docx | ROSS-003299237-ROSS-003299238 | Order, SA | 0.21 | 1 | 0 | 0 | 1 | |
| 421 | Timmins v. Lindsey, 310 S.W.3d 834 | 307A+679 | In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true "all well-pleaded facts and all reasonable inferences drawn therefrom" alleged by the party opposing the motion. Cherokee Country Club, Inc. v. City of Knoxville, 152 S.W.3d 466, 470 (Tenn.2004); McClenahan v. Cooley, 806 S.W.2d 767, 769 (Tenn.1991). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. Frye v. Blue Ridge Neuroscience Center, P.C., 70 S.W.3d 710, 713 (Tenn.2002); Bowden v. Ward, 27 S.W.3d 913, 916 (Tenn.2000). | In considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must accept as true all well-pleaded facts and all reasonable inferences drawn therefrom alleged by the party opposing the motion. | "For purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, does the court accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom?" | 024467.docx | LEGALEASE-00155859-LEGALEASE-00155860 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 422 | Tercero v. Roman Catholic Diocese of Norwich, Conn., 127 N.M. 294 | 307A+25 | When a timely challenge is raised under Rule 1-012(B)(2) contesting the existence of personal jurisdiction, the party asserting jurisdiction has the burden of establishing such fact. When ruling upon a motion to dismiss under Rule 1-012(B)(2), the trial court has discretion to permit discovery to help decide the issue or resolve the issue either upon written affidavits or through a pretrial evidentiary hearing. See Doe v. Roman Catholic Diocese of Boise, Inc., 1996-NMCA-057, 121 N.M. 738, 742, 918 P.2d 17, 21. In the present case, the district court decided the motion to dismiss upon written affidavits, discovery which included deposition testimony and answers to interrogatories, briefs, correspondence, and oral argument. The district court entered its order of dismissal without making any findings of fact or conclusions of law. | When ruling upon a motion to dismiss for lack of personal jurisdiction, the trial court has discretion to permit discovery to help decide the issue or resolve the issue either upon written affidavits or through a pretrial evidentiary hearing. NMRA, Rule 1-012, subd. B(2). | "When ruling upon a motion to dismiss, does a trial court have discretion to permit discovery to help decide an issue or resolve an issue either upon written affidavits or through a pretrial evidentiary hearing?" | 024581.docx | LEGALEASE-00156002-LEGALEASE-00156003 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 423 | Turner v. Turner, 216 A.D.2d 910 | 307A+594.1 | If a plaintiff "fails to take proceedings for the entry of judgment within one year after [a] default", the complaint will be dismissed as abandoned unless plaintiff can establish that (1) the failure to seek a default judgment within one year after the default is excusable and (2) the cause of action is meritorious (CPLR 3215[c]; see, Blades v. Butler Cab Corp., 176 A.D.2d 698, 699, 575 N.Y.S.2d 84, lv. dismissed 79 N.Y.2d 851, 580 N.Y.S.2d 201, 588 N.E.2d 99; Memorial Hosp. v. Wilkins, 143 A.D.2d 494, 532 N.Y.S.2d 810; Morton v. Morton, 136 A.D.2d 902, 524 N.Y.S.2d 928; Sanders v. Marino Falcone Brick Contr., supra ). The contention of plaintiff that her delay in prosecuting the action is excusable because she and Turner had entered into a stipulation extending Turner's time to answer the complaint is without merit. | If plaintiff fails to take proceedings for entry of judgment within one year after default, complaint will be dismissed as abandoned unless plaintiff can establish that failure to seek default judgment was excusable and cause of action is meritorious. McKinney's CPLR 3215(c). | "If a plaintiff fails to take proceedings for entry of judgment within one year after default, will the complaint be dismissed as abandoned unless a plaintiff can establish that failure to seek default judgment was excusable?" | 024866.docx | LEGALEASE-00156863-LEGALEASE-00156864 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 424 | Cottman Transmission Sys. v. Kershner, 536 F. Supp. 2d 543 | 25T+182(2) | "[P]rejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation." Id. at 222. To make this determination, courts consider a list of factors, including: 1) "the timeliness or lack thereof of a motion to arbitrate"; 2) "the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims"; 3) "whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings"; 4) "the extent of its non-merits motion practice"; 5) "its assent to the [trial] court's pretrial orders"; and 6) "the extent to which both parties have engaged in discovery." Id. | Prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation; to make this determination, courts consider factors, including: (1) timeliness or lack thereof of a motion to arbitrate, (2) the degree to which the party seeking to compel arbitration has contested the merits of its opponent's claims, (3) whether that party has informed its adversary of the intention to seek arbitration even if it has not yet filed a motion to stay the district court proceedings, (4) the extent of its non-merits motion practice, (5) its assent to the trial court's pretrial orders, and (6) the extent to which both parties have engaged in discovery. | What are the factors relevant to the prejudice inquiry in arbitration? | 008090.docx | LEGALEASE-00165077-LEGALEASE-00165078 | Condensed, SA | 0.06 | 0 | 1 | 0 | 1 | |
| 425 | United States v. El-Mezain, 664 F.3d 467 | 135H+100.1 | Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, a ""retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." " Id. at 580 (quoting Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)). | Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, a retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused. U.S.C.A. Const.Amend. 5. | "Although the Double Jeopardy Clause prohibits a second prosecution following an acquittal, is a retrial not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" | Double Jeopardy - Memo 476 - C - TJ_68255.docx | ROSS-003279790-ROSS-003279791 | SA, Sub | 0.23 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,973 | 22,876 | 9,029 |
| 426 | Com. v. Cobb, 234 A.3d 930 | 110+1151.1 | When a trial court declares a mistrial without manifest necessity, the Commonwealth is forbidden to retry the defendant... Commonwealth v. McCord, 700 A.2d 938 (Pa. Super. 1997); U.S.C.A. Const. Amend. 5; PA. Const., Article 1 § 10. The determination as to whether to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having the jury decide the case from the jury. Finally, it is well established that any doubt relative to the existence of manifest necessity should be resolved in favor of the defendant. Commonwealth v. Smith, 513 Pa. 124, 615 A.2d 321 (1992) | The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having the case decided from the jury first impaneled. Additionally, failure to consider if there are less drastic alternatives to a mistrial creates doubt about the propriety of the exercise of the trial judge's discretion and suggests a basis for holding such exercise to have been an abuse of discretion because it indicates that the court failed to properly consider the defendant's significant interest in whether or not to take the case from the jury. U.S.C.A. Const.Amend. 5; Const. Art. 1, § 10. | Does failure to consider if there are less drastic alternatives to a mistrial create doubt about the propriety of the exercise of the trial judge's discretion? | Double Jeopardy Memo 884 - C - SB_6827.b.docx | ROSS-000380011-ROSS-000380012 | SA, Sub | 0.38 | 0 | | 1 | 1 | |
| 427 | State v. Varitse, 216 S.W.3d | | In trial there was no dispute that Appellant's actual complaint relates to the trial court's failure to sua sponte intervene in closing argument to prevent the State from making improper statements... State v. Taylor, 166 S.W.3d 448 (quoting State v. Tilley, 104 S.W.3d 814, 819 (Mo.App.2003)). Additionally, "review for 'plain' appellate courts are wary of claims of error that raise issues never presented to the trial court, such as preserved objections and rulings] in [closing argument of] a criminal case." State v. Taylor, 166 S.W.3d 436 (Mo.App.2005) (quoting State v. Derks, 505 S.W.2d 418, 419 n. 1 (Mo.App.1998)) (emphasis added). "To convict a trial court of error in not sua sponte rescuing a defendant... plain error relief is seldom granted on allegations of error relating to closing argument [is extremely limited]." State v. Collins, 150 S.W.2d 340, 349 (Mo.App.2004) With that being said, error and did address Appellant's point relied on under the terms in which it was raised. | An appellate court especially wary of a claim that the trial court failed to declare a mistrial sua sponte? | 015070.docx | LEGALEASE 00166393-LEGALEASE-00166394 | Condensed, SA | 0.66 | 0 | 1 | | 1 | |
| 428 | State ex rel. Camden-Clark Mem'l Hosp. v. Hill, 205 W. Va. 136 | 307A+560 | In State ex rel. Charleston Area Medical Center v. Kaufman, 197 W.Va. 282, 475 S.E.2d 374 (1996), this Court examined the requirements of the Rule and concluded that [n]either Rule 41(b)(2) nor the dismissal under Rule 4(l) has two options, dismissal of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service... is subject to dismissal for noncompliance with Rule 4(l) has two options to avoid the consequences of the dismissal] [1] To timely show good cause for failure [2] to refile the action before any time defines and notify effect service under the new complaint. Rules Civ Proc., Rule 4(l) (1997). | Is dismissal for failing to timely serve process on a defendant after an action is filed is mandatory in a case in which good cause for the lack of noncompliance has two options to avoid the consequences of the summons and complaint, or [2] to refile the action before any time defines and notify effect service under the new complaint. Rules Civ Proc., Rule 4(l) (1997). | Pretrial Procedure Memo #4461 - C - SAE.docx | ROSS-000289204-ROSS-000289201 | SA, Sub | 0.23 | 0 | | 1 | 1 | |
| 429 | Reeves v. City of Corpus Christi, 518 S.W.3d 594 | 307A+481 | The standard we employ "for a motion to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. R.91a.1. The court may not consider evidence in ruling on a 91a motion and must [decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure. R. R.91a.6. In re Butt, 495 S.W.3d 455, 461 (Tex. App. "Corpus Christi 2016, orig. proceeding]. see also Tex. R. Civ. P. 59 (permitting a party to attach to its pleading certain instruments"]] notes, accounts, bonds, mortgages, records, and all other written instruments" which constitute the claim sued on or a matter set up in defense, and providing that such instruments "may be made a part of the pleading"). | In ruling on a motion to dismiss an action on grounds that it is without basis in law or in fact, the court may not consider evidence, and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure. Tex. R. Civ. P. 91a. | Is ruling on a motion to dismiss an action on grounds that it is without basis in law or in fact, can the court not consider evidence, and decide the motion based solely on the pleading of the cause of action? | 037805.docx | LEGALEASE 00131304-LEGALEASE-00131305 | Condensed, SA | 0.7 | 0 | 1 | | 1 | |
| 430 | United States v. Biermann, ESB_I Tools 1417 | 110+97(1) | As a general matter, international law prohibits any country from asserting jurisdiction over foreign vessels on the high seas. See United States v. Marino-Garcia, 679 F.2d 1373, 1380 (11th Cir.1982). Defendants concede that the laws of the United States do not apply if a "sufficient nexus" indicates that an extraterritorial application would not have adverse foreign consequence within the United States. See Peterson, 812 F.2d at 491. Restatement (Second) of Foreign Relations. We, however, defendants argue that this exception is not present here, because the United States has no charged/defendants with conspiracy to import a controlled substance, see 21 U.S.C. * 963, but rather has proceeded under Section 1903, which prescribes conspiracy and possession with intent to distribute. Whether the first restriction to establish jurisdiction must be the basis for the criminal violation ultimately charged, and whether the facts here present such threat to exist sufficiently must be answered here. Rather, this court is of the opinion that established principle of general jurisdiction support the extraterritorial reach of Section 1903. | As general matter, international law prohibits any country from asserting jurisdiction over foreign vessels on high seas. As applied to conduct of drug trafficking aboard foreign vessel is likely to have criminal consequences within United States? | Does international law apply if a sufficient nexus indicates that jurisdiction over foreign vessels on high seas is likely to have criminal consequences within United States? | International Law - Memo #819 - C - AMC.docx | ROSS-000285098-ROSS-000285100 | Condensed, SA | 0.76 | 0 | 1 | | 1 | |
| 431 | Sperio v. W.C.A.B. (Songer Const.), 553 Pa. 44 | 413+1 | Affording benefits and furthers this overall remedial purpose of the Workers' Compensation Act. The Act substitutes a quick and inexpensive for work-related injuries in place of the common-law process where the employee must sue the appropriate parties for damages. See Kuney v. Wilkes-Barre/Scranton Int'l Airport, 522 Pa. 509, 564 A.2d 634 (1989) (discussing Workers' Compensation Act). Employer pays benefits in a set rate and they are immune from common-law liability for it. Precluding Employer from collecting death benefits goes against this remedial objective as Appellant is unable to pursue a remedy at common law. | Workers' Compensation Act substitutes a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common-law process where the employee must sue the appropriate parties for damages, and employers pay benefits at a set rate and are immune from common-law liability. 77 P.S. § 1 et seq. | Does the Workers' Compensation Act substitute a quick and inexpensive scheme to provide compensation for work-related injuries in place of the common-law process where the employee must sue the appropriate parties for damages? | Workers Compensation - Memo #47 ANC.docx | ROSS-000285514-ROSS-000285515 | Condensed, SA | 0.52 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order (839) | Condensed (15,944) | Substantive Additions (14,873) | Selection & Arrangement (22,876) | Multiple Differences (9,029) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 432 | In re Dudley, 502 B.R. 259 | 366r1 | A nonholder in possession of a note negotiated negotiable instrument can enforce the note if it holds the note through the mechanics of subrogation, which allows the payer on a debt to step into the shoes of the creditor vis-à-vis the party obligated to pay... | Under Massachusetts law, a free factor test is used in determining whether equitable subrogation applies. The doctrine may still apply absent one of the five factors. Under the law of the Commonwealth of Massachusetts, the equitable doctrine of subrogation may still apply... | What is the five factor test used in determining whether equitable subrogation applies? | Subrogation - Memo 274 - ANKC.docx | ROSS-003226185 & ROSS-003185663 | Condensed, SA | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 433 | Anderson Contracting v. Daiwa Constructors, 776 N.W.2d 846 | 307A-744.1 | The defendants assert that the district court should have considered the opinion of their expert who contradicted Dr. Conner's assertion that it would be possible to substitute damaged components... | While a court should consider all of the relevant evidence admitted in the class certification stage and review any factual disputes necessary to determine if the class certification prerequisites are met, the court should not assess any aspect of the merits unrelated to a class... | Should the court assess any aspect of the merits unrelated to a class certification stage or must it review any factual disputes necessary to determine if the class certification prerequisites are met (it should not assess unless limited discovery)? | Pretrial Procedure - Memo # 649 - C - NC.docx | ROSS-003291071 & ROSS-003291074 | Condensed, SA | 0.66 | 1 | 0 | 1 | 1 | 1 |
| 434 | Velazquez v. Serrano, 43 So. 3d 82 | 366r1 | We review an order granting summary judgment de novo. See Volusia County v. Aberration of Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Subrogation is the substitution of one person in the place of... | Equitable subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. | "Does one having a liability or a right in the premises pay a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid." | Subrogation - Memo 275 - ANKC.docx | ROSS-003243743 & ROSS-003312744 | Condensed, SA | 0.51 | 0 | 0 | 1 | 1 | 1 |
| 435 | Boca v. Washington State Dept of Transp., 133 Wash. App. 343 | 149E-689 | The general rule in both administrative and judicial linkage management action. State ex rel. Friends & Blacks Community v. Grays Harbor County, 122 Wash.2d 244, 248, 857 P.2d 1039 (1993). The purpose of this linkage impairment... | The general rule in both administrative and judicial State Environmental Policy Act (SEPA) appeals is that they must combine review of SEPA issues with the related governmental action... | Should State Environmental Protection Act (SEPA) appeals combine review of SEPA issues with the related governmental action? | 00355.docx | LEGALEASE-00118056 - LEGALEASE-00118057 | Condensed, SA | 0.33 | 1 | 0 | 1 | 1 | 1 |
| 436 | Calvert Fire Ins. Co. v. James, 236 S.C. 431 | 366r1 | Legal subrogation is not dependent upon contract. The doctrine is an equitable one, founded not upon contract, but upon principles of natural justice; its purpose is to insure the ultimate discharge of a debt by the person who in equity... | Legal "subrogation" is not dependent upon contract; the doctrine is an equitable one, founded not upon contract, but upon principles of natural justice. Its purpose is to insure the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it... | Is the doctrine of equitable subrogation founded upon principles of natural justice? | 00513.docx | LEGALEASE-00120184 - LEGALEASE-00120335 | Condensed, SA | 0.51 | 0 | 0 | 1 | 1 | 1 |
| 437 | Nat'l City Mortg. Co. v. Ross, 34 Kan. App. 2d 282 | 366r1(1) | Explaining that the doctrine of subrogation is based on the feature of unjust enrichment, the Coquen court stated: "[T]he right of subrogation or of equitable assignment is not founded upon contract alone, nor upon the absence of contract..." | The right of subrogation or of equitable assignment founded upon contract alone, nor upon the absence of contract, but are founded upon the facts and circumstances of the particular case and upon principles of natural justice... | "Is the right of subrogation of equitable assignment founded upon contract alone, nor is it founded upon the facts and circumstances of the particular case and upon principles of natural justice?" | Subrogation - Memo # 571 - C - NC.docx | ROSS-003313342 & ROSS-003324323 | Condensed, SA | 0.22 | 0 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 438 | In re Univ. Ctr. Hotel, 323 B.R. 306 | 366+33(1) | Next, P.C.D. asserts two other theories under which they argue they may recover attorney's fees and costs from Regency. The first, a theory of equitable subrogation, is wholly unsupported by any authority. P.C.D claims that Regency should "stand in the shoes" of the Debtor and therefore be liable for the Debtor's debts (which they argue would include attorney's fees and costs in this case under the Contract). Equitable subrogation is appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party. Nova Information Systems v. Greenwich Ins. Co., 365 F.3d 996, 1005 (11th Cir.2004) (citing Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999)). The party that paid the other's debt is then able to stand in the shoes of the party whose debt it paid and receive that party's rights. Id. | In Florida, equitable subrogation is appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party; the party that paid the other's debt is then able to stand in the shoes of the party whose debt it paid and receive that party's rights. | "Is equitable subrogation appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party?" | Subrogation - Memo # 683 - C - SU.docx | ROSS-003329744-ROSS-003329746 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 439 | Johnson v. W. Suburban Bank, 225 F.3d 366 | 25T+121 | Though the statute clearly contemplates class actions, there are no provisions within the law that create a right to bring them, or evince an intent by Congress that claims initiated as class actions be exempt from binding arbitration clauses.The "right" to proceed to a class action, insofar as the TILA is concerned, is a procedural one that arises from the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 23. | Though TILA clearly contemplates class actions, there are no provisions within the law that create a right to bring them, or evince an intent by Congress that claims initiated as class actions be exempt from binding arbitration clauses; rather, the "right" to proceed to a class action, insofar as TILA is concerned, is a procedural one that arises from Federal Rules of Civil Procedure. Truth in Lending Act, SS 102 et seq., 130, as amended, 15 U.S.C.A. SS 1601 et seq., 1640; Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A. | Can Truth in Lending Act (TILA) claims initiated as class actions be exempt from binding arbitration? | 007097.docx | LEGALEASE-00122442-LEGALEASE-00122443 | SA, Sub | 0.21 | 0 | 0 | 1 | 1 | |
| 440 | Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | Where the exclusion of evidence is required as a matter of law, the trial court does not abuse its discretion in granting a motion in limine. Id. at 197, 518 S.E.2d 194; American Petroleum Products v. Mom & Pop Stores, 231 Ga.App. 1, 7(3), 497 S.E.2d 616 (1998). Thus, "[b]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citation omitted.) Andrews v. Wilbanks, 265 Ga. 555, 556, 458 S.E.2d 817 (1995). A motion in limine is a pretrial motion which may be used in two ways: 1) The movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during the course of the trial outside the presence of the jury. 2) The movant seeks a ruling on the admissibility of evidence prior to trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of [the] admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and it "controls the subsequent course of action, unless modified at trial to prevent manifest injustice." Harley-Davidson Motor Co. v. Daniel, 244 Ga. 284, 285-6, 260 S.E.2d 20 (1979). (Citations, punctuation and footnote omitted; emphasis in original.) State v. Johnston, 249 Ga. 413, 415(3), 291 S.E.2d 543 (1982); see also Andrews v. Wilbanks, supra at 556, 458 S.E.2d 817. | A motion in limine may be used when the movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during trial, of a certain item of evidence or area of inquiry, until its admissibility can be determined during the course of the trial outside the presence of the jury. | "Can a motion in limine be used when the movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during trial, of a certain item of evidence or area of inquiry?" | Pretrial Procedure - Memo # 153 - C - CRB.docx | ROSS-003298780-ROSS-003298781 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 441 | Heflin v. Merrill, 154 So. 3d 887 | 307A+3 | This Court "will reverse [the circuit] court's denial or grant of a motion in limine only if the court abused its discretion in denying or granting the motion." Wright v. Royal Carpet Servs., 29 So.3d 109, 115 (13) (Miss.Ct.App.2010). When granting a motion in limine, the circuit court must first find the following two factors present: "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." Id. (quoting Whittley v. City of Meridian, 530 So.2d 1341, 1344 (Miss.1988)). | When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. (Per James, J., with one judge concurring and three judges concurring in part and in the result.) | Should a motion in limine be granted only when material or evidence will be inadmissible and statements made during trial concerning material will tend to prejudice a jury? | Pretrial Procedure - Memo # 162 - C - CRB.docx | ROSS-003324577-ROSS-003324578 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 442 | In re Flamingo 55, 378 B.R. 893 | 366+1 | Under California's decisional law of equitable subrogation, one who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites. These are: "(1) Payment must have been made by the subrogee to protect his own interest. (2) The subrogee must not have acted as a volunteer. (3) The debt paid must be one for which the subrogee was not primarily liable. (4) The entire debt must have been paid. (5) Subrogation must not work any injustice to the rights of others." | Under California's decisional law of equitable subrogation, one who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites: (1) payment must have been made by the subrogee to protect his own interest, (2) subrogee must not have acted as a volunteer, (3) the debt paid must be one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What certain prerequisites must be satisfied by one who claims to be equitably subrogated to the rights of a secured creditor? | Subrogation - Memo # 534 - C - NO.docx | ROSS-003285277-ROSS-003285278 | Condensed, SA | 0.03 | 0 | 1 | 0 | 1 | |
| 443 | In re Bounds, 495 B.R. 725 | 13+61 | Where the act setting the injury in motion is in itself a completed wrong, such as an invasion of some personal or property right of the plaintiff, the act and legal injury occur simultaneously. Atkins, 417 S.W.2d at 153 (citation omitted). In that case, the cause of action accrues "from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort." Id. (citation omitted). On the other hand, "[i]f the act is of itself not unlawful in this sense," the cause of action accrues "when, and only when, the damages are sustained." Id. (citation omitted). This is true even if "at the time the act is done it is apparent that injury will inevitably result." Id. (citation omitted). | Under Texas law, when act setting injury in motion is itself a completed wrong, such as an invasion of some personal or property right of plaintiff, the act and legal injury occur simultaneously, and cause of action "accrues" from time that act is committed, even though little, if any, actual damage occurs immediately upon commission of act. | "Does a cause of action accrue from the time that the act is committed, even though little, if any, actual damage occurs immediately upon commission of the tort?" | Action - Memo # 35 - C - LK.docx | ROSS-003281832-ROSS-003281833 | Condensed, SA, Sub | 0.53 | 0 | 1 | 1 | 1 | 1 |

| | | | | | | | | | | Multiple Differences | 9,029 |
| | | | | | | | | | | Selection & Arrangement | 21,876 |
| | | | | | | | | | | Substantive Additions | 14,973 |
| | | | | | | | | | | Condensed | 15,944 |
| | | | | | | | | | | Order | 839 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 444 | Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221=342 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S. Ct. 923, 11 L. Ed. 2d 804 (1964). This doctrine "is applicable when 'the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within' its boundaries." ... | It is the act of state doctrine applicable when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? | International Law - Memo 8.85 - C - LK.docx | ROSS-003315839;ROSS-003315737 | Condensed, SA | 0.85 | 0 | | 1 | 1 | |
| 445 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221=342 | Under the act of state doctrine, federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, and the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. ... | Does the act of state doctrine apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory? | International Law - Memo 4.0 - C - LK.docx | ROSS-003289079;ROSS-003289081 | Condensed, SA | 0.72 | 0 | | 1 | 1 | |
| 446 | Casacorp v. Kingdom of Spain, 580 F.3d 1048 | 221=411 | Doctrine of exhaustion of domestic remedies is a rule of customary international law. ... | Under the doctrine of exhaustion of domestic remedies, is a state required to consider a claim made by a person against a foreign state that alleges a violation of international law? | International Law - Memo 8.73 - C - PH.docx | ROSS-003325904;ROSS-003325905 | Condensed, SA | 0.76 | 0 | | 1 | 1 | |
| 447 | First Nat'l City Bank v. Banco Nacional de Cuba, 406 U.S. 759 | 221=342 | The act of state doctrine represents an exception to the general rule that a court of the United States, where appropriate jurisdictional standards are met, will decide cases before it by choosing the rules appropriate for decision from among the various sources of law including international law. ... | Where is the act of state doctrine inapplicable, will a court of United States will decide cases for it by choosing the rules appropriate for decision from among various sources of law including international law? | 02040b.docx | LEGALEASE-00126140-LEGALEASE-00126141 | SA, Sub | 0.64 | 0 | | 1 | 1 | |

88

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 23,876 | 9,029 |
| 448 | O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 | 221v342 | In essence, the act of state doctrine is a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs and its policies and the underlying reasons and motivations for the actions of the foreign government. Such an inquiry is foreclosed under the act of state doctrine. Hunt v. Mobil Oil Corp., 550 F.2d 68, 77 (2d Cir.1977), cert. denied, 434 U.S. 984, 98 S.Ct. 608, 54 L.Ed.2d 477 (1977), and this is true regardless of whether the foreign government is named as a party to the suit or whether the validity of its actions are directly challenged. See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964), cert. denied, 488 U.S. 923, 109 S.Ct. 301, 102 L.Ed.2d 320 (1988). | "Act of state doctrine" is a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of a foreign state, its affairs and its policies, and the underlying reasons and motivations for actions of foreign government. | Is the "Act of state doctrine" a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of a foreign state, its affairs and its policies, and the underlying reasons and motivations for the actions of the foreign government? | International Law - Memo #135 - C - Dk.docx | ROSS-003298973 ROSS-003298972 | Condensed, SA | 0.65 | 0 | 1 | 1 | | |
| 449 | Huber v. Taufiq, 280 Neb. 868 | 307v+1 | In Olson, we defined the purpose of a motion in limine, stating: A motion in limine is a procedural step to prevent prejudicial evidence from reaching the jury. It is not the office of such a motion to obtain a ruling on the admissibility of evidence. Its only purpose is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until the trial court has ruled upon its admissibility in the context of the trial itself. We concluded in Olson that these motion in limine principles applied to a pretrial motion attempting to exclude evidence as a discovery sanction, and we find that those same principles apply to the | Purpose of a motion in limine is to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until trial court has ruled upon its admissibility in the context of the trial itself. | Is the purpose of a motion in limine to prevent the proponent of potentially prejudicial matter from displaying it to the jury, making statements about it before the jury, or presenting the matter to the jury in any manner until trial court has ruled upon its admissibility in the context of the trial itself? | Pretrial Procedure - Memo # 133 - C - ANC.docx | ROSS-003294319 ROSS-003294320 | Order, SA | 0.67 | 1 | | 1 | | |
| 450 | Upsey v. State, 55 So. 3d 141 | 110v63(14) | "The standard of review for the admission or exclusion of evidence is an abuse of discretion." Evans v. State, 25 So.3d 1054, 1057 (¶6) (Miss.2010) (citing Miss. Transp. Comm'n v. McLemore, 863 So.2d 31, 34 (¶4) (Miss.2003)). A trial court does not abuse its discretion by granting a motion in limine where the court determines that: "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the material or evidence, during the trial, will have no probative value; or (3) the material or evidence may be prejudicial to the jurors." Id. (quoting Whittley v. City of | A trial court does not abuse its discretion by granting a motion in limine where the court determines that: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the material or evidence, during the trial, will have no probative value; or (3) the material or evidence may be prejudicial to the jurors. | Should a motion in limine be granted only if the material or evidence in question will be inadmissible at trial under the rules of evidence and the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury? | Pretrial Procedure - Memo # 190 - C - OM.docx | ROSS-003318465 ROSS-003318466 | Condensed, SA | 0.48 | 0 | | 1 | | |
| 451 | Dani v. Cotton, 333 S.W.3d 703 | 307v+1 | The purpose of a motion in limine is to prevent the opposing party from asking questions to elicit or otherwise introducing unfairly prejudicial evidence without first approaching the bench for a formal ruling. Fort Worth 1998, no pet.) (citing Hartford Acc. & Indem. Co. v. McCarthy, 380 S.W.2d 563, 566 (Tex.1964)). When the trial court grants a motion in limine, the opposing party has a duty to comply with the ruling and must object to the admission of evidence at trial. Where the trial court instructs the jury to disregard certain evidence, we review that ruling to determine whether an instruction to disregard cures any error. | The purpose of a motion in limine is to prevent the opposing party from asking questions to elicit or otherwise introducing unfairly prejudicial evidence without first approaching the bench for a formal ruling. | Is the purpose of a motion in limine to prevent the opposing party from asking questions to elicit or otherwise introducing unfairly prejudicial evidence without first approaching the bench for a formal ruling? | 01921.docx | LEGALEASE-00122744 LEGALEASE-00122745 | Condensed, SA | 0.78 | 0 | 1 | 1 | | |
| 452 | Vaughn v. Greater Huntington Park & Recreation Dist., 223 W. Va. 583 | 307v+3 | The order granting the motion in limine is simply an evidentiary pre-trial ruling regarding admissibility of testimony related to the issue of insurance. A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of trial so that the judge is better prepared to rule on the issue when it is raised. | A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of trial so that the judge is better prepared to rule on the issue when it is raised. | Is a motion in limine a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in advance of trial so that the judge is better prepared to rule on the issue when it is raised? | 041116.docx | LEGALEASE-00123907 LEGALEASE-00123908 | Condensed, SA | 0.65 | 0 | 1 | 1 | | |
| 453 | Kadan v. Cent. Bank of Islamic Republic of Iran, 961 F. Supp. 2d 185 | 221v342 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485, 491 (D.C.Cir.2012) (internal citation omitted). Act of state issues only arise where a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign. | Act of state issues only arise where a court must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign, which requires the courts of the United States to declare invalid the acts of foreign sovereigns taken within their own jurisdictions. | Does an act of state issue only arise where a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign? | 033588.docx | LEGALEASE-00130584 LEGALEASE-00130585 | Condensed, SA | 0.71 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 454 | Riedel v. Bancam, S.A., 792 F.2d 587 | 221+342 | Bancam argues that the "act of state doctrine" precluded the District Court from addressing Riedel's claims. The "act of state doctrine" precludes courts in this country from questioning the validity and effect of a sovereign act of a foreign nation performed in its own territory. In Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 84, 42 L.Ed. 456 (1897), the Supreme Court stated: Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. Under the "act of state doctrine," courts exercise jurisdiction but prudentially "decline to decide the merits of the case if in doing so we would need to judge the validity of the public acts of a sovereign state performed within its own territory." 764 F.2d at 1113. See also, e.g., Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 421"24, 84 S.Ct. 923, 936"38, 11 L.Ed.2d 804 (1964). | Under "act of state doctrine," courts exercise jurisdiction but prudentially decline to decide merits of case if in doing so court would need to judge validity of public acts of sovereign state performed within its own territory. | "Under the act of state doctrine, do courts exercise jurisdiction but prudentially decline to decide the merits of a case if in doing so the court would need to judge validity of public acts of a sovereign state performed within its own territory?" | International Law - Memo # 436 - C - MLS.docx | ROSS-003324042-ROSS-003324043 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 455 | O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 | 221+342 | In essence, the act of state doctrine is a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs and its policies and the underlying reasons and motivations for the actions of the foreign government. Such an inquiry is foreclosed under the act of state doctrine, Hunt v. Mobil Oil Corp., 550 F.2d 68, 73 (2d Cir.1977), cert. denied, 434 U.S. 984, 98 S.Ct. 608, 54 L.Ed.2d 477 (1977); and this is true regardless of whether the foreign government is named as a party to the suit or whether the validity of its actions are directly challenged in the pleadings. International Ass'n of Machinists v. OPEC, 649 F.2d 1354, 1359 (9th Cir.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1036, 71 L.Ed.2d 319 (1982). | "Act of state doctrine" is a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs, and its policies, and into the underlying reasons and motivations for actions of foreign government. | "Is ""Act of state doctrine"" a principle of law designed primarily to avoid judicial inquiry into the acts and conduct of the officials of the foreign state, its affairs, and its policies, and into the underlying reasons and motivations for actions of foreign government?" | International Law - Memo # 516 - C - ES.docx | ROSS-003326521-ROSS-003326523 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 456 | In re Grand Jury Proceedings Bank of Nova Scotia, 740 F.2d 817 | 221+342 | Only the United Kingdom asserts that the act of state doctrine should be applied here to thwart the efforts by the Executive Branch to obtain records in furtherance of a grand jury investigation into conduct crossing our nation's boundaries. The doctrine is completely inapplicable to this case. The act of state doctrine is primarily designed to avoid impingement by the judiciary upon the conduct of foreign policy by the Executive Branch. It is aimed at preventing judicial interference with the conduct of foreign relations by questioning the validity of the acts of foreign sovereigns in the context of a civil suit. The doctrine is not required by considerations of sovereignty, international law or the Constitution. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 421-27, 84 S.Ct. 923, 936-40, 11 L.Ed.2d 804 (1964); Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 605 (9th Cir.1976). Instead the doctrine "derives from the judiciary's concern for its possible interference with the conduct of foreign affairs by the political branches of the government." Timberlane Lumber Co. v. Bank of America, 549 F.2d at 605. | Act of state doctrine is not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government. | "Is the act of state doctrine not required by considerations of sovereignty, international law or the Constitution, but instead derives from judiciary's concern for its possible interference with conduct of foreign affairs by political branches of government?" | International Law - Memo # 565 - C - SA.docx | ROSS-003281912-ROSS-003281913 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 457 | Bodner v. Paribas, 202 F.R.D. 370 | 170A+1261 | The French laws cited by defendants do not change this analysis, or present a compelling, competing French national interest. As held by numerous courts, the French Blocking Statute does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court. Thus, applying Aerospatiale and Minpeco, other courts have uniformly declined to give effect to the French Blocking Statute, or to hold that the existence of the statute requires that discovery of French defendants take place under the Hague Convention. See, e.g., Compagnie Francaise d'Assurance Pour le Commerce, 105 F.R.D. at 30 (court declined to apply the French Blocking Statute, or apply the Hague Convention, explaining that: "the legislative history of the statute gives strong indications that it was never expected to nor intended to be enforced against French subjects but was intended rather to provide them with tactical weapons and bargaining chips in foreign courts") (citations omitted); Adidas Ltd. v. SS Seatrain Bennington, 1984 WL 423 (S.D.N.Y.1984) (court declined to apply the French Blocking Statute in light of interests it was intended to serve); Valois of America v. Risdon Corp. 183 F.R.D. 344 (D.Conn.1997) (declining to apply French Blocking Statute). See also Alfadda v. Fenn, 1993 WL 33445 (S.D.N.Y.1993) (examining French Bank Secrecy Law, and determining it would not obstruct discovery where bank were itself a party to the litigation, and court had fashioned appropriate confidentiality order). | The French blocking statute does not subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court. | "Does the French blocking statute subject defendants to a realistic risk of prosecution, and cannot be construed as a law intended to universally govern the conduct of litigation within the jurisdiction of a United States court?" | International Law - Memo # 781 - C - NO.docx | ROSS-003283678-ROSS-003283679 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |
| 458 | West v. Multibanco Comermex, S.A., 807 F.2d 820 | 221+342 | The act of state doctrine is a combination justiciability and abstention rule developed in pre-Erie days and reaffirmed in Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). It prohibits U.S. courts from reaching the merits of an issue"even though we otherwise have jurisdiction"in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with the conduct of our own foreign policy. See e.g., International Association of Machinists & Aerospace Workers, (IAM) v. Organization of Petroleum Exporting Countries (OPEC), 649 F.2d 1354 (9th Cir.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1036, 71 L.Ed.2d 319 (1982). The classic statement of the doctrine is found in Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897). | "Act of state doctrine" prohibits United States courts from reaching merits of issue, even though they otherwise have jurisdiction, in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with conduct of our own foreign policy. | Does the act of state doctrine prohibit United States courts from reaching merits of issue in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with conduct of our own foreign policy? | 020965.docx | LEGALEASE-00124545-LEGALEASE-00124546 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 459 | United States v. Delgado-Garcia, 374 F.3d 1337 | 221v192 | The presumption embodies a sensible acumen against making statutes lightly to apply outside U.S. borders. Like any linguistic convention, it depends on context and real-world assumptions. The point of the policy concern "behind" the presumption against extending statutory reach to have extraterritorial effect is that they mean that a court should ordinarily understand Congress's commands to apply only within the United States, and that a court should itself apply those policy concerns to the case at bar and read the statute based on the result of its own policy analysis. Because, as the dissent correctly states, "[d]ecisions about when to subject foreign nationals and foreign conduct to the United States' laws invoke delicate questions of jurisdiction and international relations" and because" courts ... lack the foreign policy expertise of the legislative and executive branches," *Kollias*, 43 F.3d at 24, we must apply the canon of construction to interpret real-world exemptions, congressional acts. However, in examining the statute for congressional intention of extraterritorial application, we consider both textual and non-textual evidence. That is what our analysis below represents. | Because decisions about when to subject foreign nationals and foreign conduct to the United States' laws invoke delicate questions of jurisdiction and international relations, and because courts lack the foreign policy expertise of the legislative and executive branches, the Court of Appeals, in deciding whether a statute applies extraterritorially, must apply the canons of construction to interpret congressional acts. | "In deciding whether a statute applies extraterritorially, must the Courts apply the canons of construction to interpret congressional acts?" | 020646.docx | LEGALEASE-00135114-LEGALEASE-00135115 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | 1 |
| 460 | Fort Worth Hotel Ltd. P'ship v. Enerquest Oil & Gas, LLC, 973 S.W.2d 764 | 307v43 | We begin by addressing *Lone Star Gas's* disregard for the motion in limine. A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary issues the court may be asked to rule on. Its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. Id. The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. See *Choctaw Resources, et al.*, 514 S.W.2d at 890, 440 [the Apps' Treatment 1996, no writ]. When a trial court's order on a motion in limine is violated, we reserve the violation to see if it was curable by instruction to the jury or presumed harm]. See *Horn v. Dunn, Dunn v. Labor Compensation Div.*, 857 S.W.2d 577, 580 [the Apps' Houston [1st Dist.] 1993, no writ]. | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary issues the court may be asked to rule on, the purpose to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that permits a party to identify, pre-trial, certain evidentiary issues that may be asked to rule upon in order to avoid prejudicing the jury?" | 037625.docx | LEGALEASE-00125913-LEGALEASE-00125914 | Condensed, SA | 0.72 | 0 | 1 | 0 | 0 | 0 |
| 461 | Duquesne Light Co. v. Pennsylvania Pub. Util. Comm'n, 584 Pa. Super. 186 | 317Hv114 | A utility company in the exercise of its managerial functions may, in the first instance, determine the type and extent of its service to public, within the limits of adequacy and reasonableness. Such service however must conform with the regulations and orders of the Commission, and the utility, on order, is bound to make such changes in its service or facilities as the demonstrated public convenience and necessity may require. 66 P.S. § 1171. The Commission in this instance had the power to reclassify the service of the appellant and to provide for a separate rate for energy bills supplied to the new lighting system. In Pittsburgh, And on complaint of the City, the Commission required the service modified to the extent the entire rate when it found that the rate demanded by the utility for that service was not just and reasonable. Ibid. ... 149L. The jurisdiction assumed by the Commission, and to order such changes may be required in the interest of the powers granted to it in the Public Utility Law. ... The exercise of the powers granted to the activities above cited, or elsewhere in the Act, may not have contravened the specific situations here presented or to the authority conferred by the Act includes powers which are necessary and proper, in addition to those specifically declared, for the regulation of the service and facilities of every public utility and to carry out objectives. ... (Public Util.) Pennsylvania Public Utility Comm., 157 Pa. Super 505, 43 A.2d 348. Under the regulatory powers thus conferred by section 901 and 902 of the Act, 66 P.S. " 1341, 1342, the Commission had ample authority on complaint of the City to reorder such of the service and facilities furnished by the utility for that service. Here ... the power is implied to provide service. In the Act, may not have that it fact that such is the optional is its objective to it. Manifestly the City cannot be charged for illumination that it obtains. | A public utility company, in exercise of its managerial functions may, in the first instance, determine the type and extent of its service to public within the limits of adequacy and reasonableness, but such service must conform with the regulations and orders, and company is bound, on commission's order, to make such changes in service or facilities as an demanded necessary to public interest. 66 P.S. § 1171. | Can a public utility determine the extent of service to the public within the limits of reasonableness in the exercise of its managerial functions? | Public Utilities - Memo 179 - AM.docx | ROSS-003298734-ROSS-003298735 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | 1 |
| 462 | Bute Min. Pt Co. v. Smith, 876 F. Supp. 1153 | 221v395 | Defendant's use of the United States' communications systems, in this case, make interstate activities, primarily purely alleged securities fraud and alleged securities fraud perpetrated in England. It is the opinion of this court that Congress did not intend the limited jurisdictional resources of the United States to be expended in litigating RICO claims, where the use of domestic communications systems is extraneous. If the court were to hold that domestic communications systems could be used to sustain a foreign-plaintiff's RICO claim solely because his RICO defendants made two telephone calls within the United States, or used interstate mail on two occasions, then the scope of the United States mail on two occasions, then the limited RICO system are used numerous foreign-based RICO claims bearing little or no nexus to this country. Here the court holds that when the use of United States communications systems is in furtherance of domestic activities which are preparatory to foreign securities fraud, and the court lacks subject matter jurisdiction over the underlying securities fraud claims, which are primarily predicated upon the securities fraud. Conduct more substantial than that alleged here must take place in the United States for jurisdiction to be satisfied. | When predicate acts upon which Racketeer Influenced and Corrupt Organizations Act (RICO) claim is bottomed consist merely of use of United States communications systems in furtherance of domestic activities which are preparatory to foreign securities fraud, and court lacks subject matter jurisdiction over underlying securities fraud claims, court also lacks subject matter jurisdiction over RICO claims which are primarily predicated upon securities fraud. 18 U.S.C.A. § 1961 et seq. | When does a court lack subject matter jurisdiction over RICO claims which are primarily predicated upon securities fraud? | 003703.docx | LEGALEASE-00135483-LEGALEASE-00135482 | SA, Sub | 0.68 | 0 | 0 | 1 | 0 | 1 |

91

Appendix D

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 463 | Strawberry Hill Rev. Dist. v. Spears Hurt City, 918 P.2d 870 | 148+86 | However, to create a protectable property interest, a contract must establish rights more substantial than unilateral expectation of continued privileges; absent exclusive franchise thereof, no vested, legally enforceable interest arises and, consequently, there is no property that can provide the basis for compensation in inverse condemnation proceeding. *Ragland, 904 P.2d at 1099.* | For purposes of constitutional takings analysis, to create protectable property interest, contract must establish rights more substantial than unilateral expectation of continued privileges; absent exclusive franchise thereof, no vested, legally enforceable interest arises and, consequently, there is no property that can provide basis for compensation in inverse condemnation proceeding. | When an exclusive franchise or the equivalent is absent can there be property that can provide the basis for compensation in an inverse condemnation proceeding? | Eminent Domain - Memo 291 - gh.docx | ROSS-002536056-ROSS-002536057 | SA_Sub | 0.01 | | | 1 | 1 | |
| 464 | McDonnell v. United States, 136 S. Ct. 2355 | 63+1(1) | An "official act" is a decision or action on a "question, matter, cause, suit, proceeding or controversy." The "question, matter, cause, suit, proceeding or controversy" must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. It must also be something specific and focused that is "pending" or "may by law be brought" before a public official. To qualify as an "official act," the public official must make a decision or take an action on that "question, matter, cause, suit, proceeding or controversy," or agree to do so. That decision or action may include using his official position to exert pressure on another official to perform an "official act," or to advise another official, knowing or intending that such advice will form the basis for an "official act" by another official. Setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) without more does not fit that definition of "official act." | An "official act" is a decision or action on a "question, matter, cause, suit, proceeding or controversy," which matter may involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a committee. It must also be something specific and focused that is pending or may by law be brought before a public official. 18 U.S.C.A. § 201(a)(3), (b)(2). | What constitutes an official act by a public official under the federal bribery statute? | 01292.docx | LEGALEASE-00313573, LEGALEASE-00313574 | SA_Sub | 0.36 | | | 1 | 1 | |
| 465 | Wolfe v. Sibley, Lindsay & Curr Co., 36 N.Y.2d 505 | 413+1 | Workmen's compensation, as distinguished from tort liability which is essentially based on fault, is designed to shift the risk of loss of earning capacity caused by industrial accidents from the worker to industry and ultimately the consumer. In light of its beneficial and remedial character the Workmen's Compensation Law should be construed liberally in favor of the employee (Matter of Heitz v. Ruppert, 218 N.Y. 148, 113 N.E. 750.) | Workmen's compensation, as distinguished from tort liability which is essentially based on fault, is designed to shift risk of loss of earning capacity caused by industrial accidents from worker to industry and ultimately to consumer. | Is the workmen's compensation statute, as distinguished from tort liability which is essentially based on fault, designed to shift risk of loss of earning capacity caused by industrial accidents from the worker to industry and ultimately to the consumer? | 047809.docx | LEGALEASE-00131727, LEGALEASE-00131729 | Condensed_SA | 0.46 | | 1 | 0 | 1 | |
| 466 | Black v. Don Schmid Motor, 232 Kan. 458 | 307A+745 | This court has often held that the purpose of the pretrial order is to define and clarify the issues and, when modified to prevent manifest injustice, to control the subsequent course of trial unless modified to prevent manifest injustice. Rules Civ. Proc., K.S.A. 60-216. See Snethen v. Oklahoma State Union of the Farmers Educational and Cooperative Union of America, 228 Kan. 176, 181, 613 P.2d 1350 (1980); modified 228 Kan. 662, 613 P.2d 501; Dold v. Sherow, 224 Kan. 383, 385, 581 P.2d 383 (1978). Once made, a pretrial order is binding and controls the subsequent course of the action unless modified. K.S.A. 60-216. The federal rules and decisions interpreting Federal Rule 16 in limiting the proof would be defined if the party was free to deny at the trial what he or she admitted previously in a pretrial order. Large discretionary power is granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order. Freeze v. McAlson, 212 Kan. 295, 296, 564 P.2d 988 (1977); Tillotson v. Abbott, 205 Kan. 706, 472 P.2d 240 (1970); K.S.A. 60-216. | Purpose of pretrial order is to define and clarify the issues and, when entered pursuant to statute, the order has full force and effect of other orders of court and controls subsequent course of trial unless modified to prevent manifest injustice. Rules Civ.Proc., K.S.A. 60-216. | When pretrial order is entered by trial court pursuant to rule, does it have the full force and effect of other orders of court and controls subsequent course of trial unless modified to prevent manifest injustice? | 02795.docx | LEGALEASE-00132868, LEGALEASE-00132869 | Condensed_SA | 0.66 | | 1 | 0 | 1 | |
| 467 | Tyner v. Two Men & a Truck, 282 Neb. 692 | 307A+481 | As a general rule, an admission made by the requests for admissions and no motion is made and sustained to withdraw an admission, under Rule 36, the trial court is obligated to give conclusive effect to the admissions, even where the requests were served. See Cortez v. Braun, 278 Neb. 508, 772 N.W.2d 641 (2009). Such admissions have conclusive effect on the part at issue, and then determine the matters admitted. "[T]he salutary function of [Federal Rule 36 in limiting the proof] would be defeated if the party were free to deny at the trial what he or she has admitted previously by [the rule]." 8B Charles Alan Wright et al., Federal Practice and Procedure § 2264 at 582 (3d ed. 2010). In this regard, the Court of Appeals for the Fifth Circuit noted, "An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission is directed more credible. This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted related to material facts that defeat a party's claim. Mere trial testimony of any assertions that could not constitute a rebuttal of the admission. [A]dmissions are not evidence and defendant's to withdraw or amend its admissions. | The conclusive effect of admissions that are not withdrawn or amended applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim. Rules Civ. Proc., § 6-336. | Does the conclusive effect of admissions that are not withdrawn or amended apply equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim? | 03884.docx | LEGALEASE-00132866, LEGALEASE-00132867 | Condensed_SA | 0.8 | | 1 | 0 | 1 | |
| 468 | United States v. Ring, 706 F.3d 460 | 63+1(1) | Because bribery does not require the official to agree to or actually complete a corrupt exchange, neither does honest services fraud by bribery. Although we have held that in some bribery cases an official must, at minimum, "signal[ ] his intent to" take some action or refrain from it in order to reach this corrupt bargain, see United States v. Jefferson, 674 F.3d 332, 359 (4th Cir. 2012); United States v. Pierce, 224 F.3d 158, 166 (2d Cir. 2000), such a signal is not required. In other words, though the offeror of a bribe is guilty of honest services fraud, his attempted target may be entirely innocent. See United States v. Anderson, 509 F.3d 312, 332 (D.C. Cir. 2007) (the payor's culpability may differ from official's culpability.) | A defendant may be guilty of honest services fraud by bribery when he offers an official something of value with a specific intent to effect a quid pro quo even though the offeror of a bribe is guilty of honest services fraud, in other words, though the offeror of a bribe is guilty of honest services fraud, his attempted target may be entirely innocent. 18 U.S.C.A. § 1346. | Does bribery take place when a person offers an official something of value with a specific intent to effect a quid pro quo, even if the official refuses to accept it? | 01242.docx | LEGALEASE-00134145, LEGALEASE-00134147 | Condensed_SA | 0.63 | | 1 | 0 | 1 | |

92

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 469 | In re Lindh's Estate, 201 Misc. 1102 | 221+162 | It may not be amiss to point out that comity is a sense of mutual regard founded on mutual good or even similar institutions. See Emery v. Hovey & Co. v. Fielding, 67 Conn. 91, 108; 34 A. 714, 32 L.R.A. 236; Russian-Socialist Federated Soviet Republic v. Cibrario, 235 N.Y. 255, 256, 139 N.E. 259, 260. As was said in King v. Sarria, 69 N.Y. 24, 31: "It is the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions." ... (continued) | Necessary intercourse between subjects of independent governments gives rise to a sort of compact that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions. | "Is the necessary intercourse of the subjects of independent governments, which gives rise to a sort of compact, that their municipal institutions shall receive a degree of reciprocal efficacy and sanction within their respective dominions?" | International Law Memo #1055 ANC.docx | LEGALEASE 00020997 LEGALEASE 00020998 | Condensed, SA | 0.79 | 0 | | | | |
| 470 | Printz v. Penn Eng'g World Holdings, 630 F. Supp. 2d 455 | 30k+512 | Second, the Penn entities add "[and arbitration awards]" to the language of the act but present no reasonable explanation for why they concede that neither "The Third Circuit [nor] Pennsylvania ... has expressly addressed how these two doctrines should apply to a foreign arbitration award governed by the New York Convention." ... Our examination of Hilton reveals that it limits its application to a judgment rendered by a "competent tribunal ... not a private tribunal that happens to convene in another country. This limitation is made clear by the Court's repeated use of the term "court," or of the term "the courts," (comity, "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other... (continued) | "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other; rather, comity is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws. | "If comity is not an absolute obligation or a matter of mere courtesy and good will, what is it?" | 02075.docx | LEGALEASE 00135825- LEGALEASE 00135826 | Order, SA | 0.71 | 0 | 0 | 0 | 0 | |
| 471 | Austin v. Austin, 174 C. App. 204 | 307A+716 | We do not deem it necessary to decide or discuss the other questions raised by the defendant. Our only task is to see that it is established that continuances are addressed to the sound discretion of trial judges and may only be granted when good cause shown on a clear showing... require [L.1.k.P.T. Rule 41.5] otherwise, under the plain wording of the rule, a litigant requesting their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time. | Attorneys, under guise of having business requiring their presence elsewhere, ought not to be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time. | "Can attorneys, under the guise of having business requiring their presence elsewhere, be allowed to delay, defeat or prevent a litigant from having his case tried or being heard on a motion at some reasonably suitable and convenient time?" | 02925A.docx | LEGALEASE 00135583- LEGALEASE 00135583 | Condensed, SA | 0.57 | | 1 | | | |
| 472 | Connor v. Scruggs, 821 So. 2d 542 | 307A+716 | As this court stated in Gilmore v. Bourne, 26,318 (La.App.2d Cir.12/07/94) 647 So.2d 1121, writ denied, 95-0421 (La.03/30/95), 651 So.2d 847, the granting of a continuance rests within the sound discretion of the trial court... (continued) ... Equally important is the defendant's custom rights in making his choice in counsel. A litigant in a practicable. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3d Cir.1975), writ denied, 329 So.2d 458 (La.1976). The trial judge must also weigh the condition of the court docket, fairness to both parties and the litigants before the court, and the need for orderly and prompt administration of justice. Sauce v. Bussell, 298 So.2d 832... (continued) | Generally, a litigant whose lawyer withdraws just prior to trial may be entitled to a continuance to employ another attorney; however, because defendant's desire to have case against him tried is also a factor, the plaintiff is not entitled to indefinite continuances simply because he is unable to secure counsel. | "Because defendant's desire to have case against him tried is also a factor, is a plaintiff entitled to indefinite continuances simply because he is unable to secure counsel?" | 02909.docx | LEGALEASE 00135384- LEGALEASE 00135385 | Condensed, SA, Sub 0.8 | | | 1 | 1 | 1 |
| 473 | Thomson v. Farmers Mut. Umbrella Co., 241 Neb. 586 | 307A+483 | At the hearing on the motion for summary judgment, [farmers introduced a number of exhibits, including the affidavit of [former] attorney, which stated that on May 19, 1989, he wrote to [plaintiff's former attorney, with the appellants' former attorney, Alan H. Kirshen, pursuant to Neb.Ct.R. Discovery 34(b) (rev. 1989) request was not made after... (continued) | Request for admission made pursuant to rules of discovery is deemed to have been admitted unless within 30 days, or within such shorter or longer time as designated by the court, a written party to whom request is directed. See Ct. Rules, Discovery Rule 36(a). | "Is a request for admission made pursuant to rules of discovery deemed to have been admitted unless within 30 days, or within such shorter or longer time as designated by the court, a written answer or objection is filed by a party to whom a request is directed?" | 02970.docx | LEGALEASE 00136749- LEGALEASE 00136750 | SA, Sub | 0.14 | | | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 474 | Ikomoni v. Exec. Asset Mgmt., 309 Ga. App. 81 | 228+185(4) | It follows that the trial court did not err in granting summary judgment to SunTrust on the plaintiffs' claims for wrongful eviction and trespass. "Where a party failed to answer a request for admissions within the requisite time and the admissions removed [from the jury at least one essential element of the party's claims], the other party [is] entitled to a grant of its motion for summary judgment." (Citation and punctuation omitted.) Atlanta Cas. Co. v. Goodwin, 205 Ga.App. 421, 422, 422 S.E.2d 76 (1992). | Where a party has failed to answer a request for admissions within the requisite time and the admissions have removed from the jury at least one essential element of the party's claims, the other party is entitled to a grant of its motion for summary judgment. West's Ga.Code Ann. S 9-11-36(a)(2). | "Where a party has failed to answer a request for admissions within the requisite time and the admissions have removed from the jury at least one essential element of the party's claims, is the other party entitled to a grant of its motion for summary judgment?" | Pretrial Procedure - Memo # 3657 - C - SN.docx | ROSS-003303999-ROSS-003304000 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 475 | Courtesy Claims Serv. v. Superior Court, 219 Cal. App. 3d 52 | 307A+483 | Plaintiffs brought bad-faith action against automobile insurer and company which had been retained to adjust claim. The Superior Court, Los Angeles County, Nos. SEC 64044 and SEC 64123, Jerold A. Krieger, J., denied defendant's motion to deem matters admitted, and defendant brought original proceeding for peremptory writ of mandate. The Court of Appeal, Boren, J., held that statute providing that requests for admission shall be deemed admitted if party fails to respond to requests prior to hearing on opponent's motion to deem matters admitted is mandatory in nature, and does not permit any "interest of justice" exception. | Statute providing that requests for admission shall be deemed admitted if party fails to respond to requests prior to hearing on opponent's motion is mandatory in nature, and does not permit any "interest of justice" exception. West's Ann.Cal.C.C.P. S 2033(k). | "Is the statute providing that requests for admission shall be deemed admitted if party fails to respond to requests prior to hearing on opponent's motion mandatory in nature, and does not permit any ""interest of justice"" exception?" | Pretrial Procedure - Memo # 3704 - C - TM.docx | ROSS-003290532-ROSS-003290534 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 476 | Agristor Credit Corp. v. Donahoe, 568 S.W.2d 422 | 307A+483 | It is well-settled that the effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under Rule 169 is comparable to a "legal admission" made in the applicable pleadings of a party, so as to preclude his denial of such facts on the trial of the case. Masten v. Masten (Fort Worth, Civ.App.1942) 165 S.W.2d 225, 228, writ refused. Also see Frierson v. Modern Mutual Health & Accident Ins. Co. (Waco, Civ.App.1943) 172 S.W.2d 389, 393, refused W.O.M.; Brooks v. Eaton Yale & Towne, Inc. (Waco, Civ.App.1971) 474 S.W.2d 321, 323, no writ; Weaver v. Weaver (Fort Worth, Civ.App.1943) 171 S.W.2d 898, 901, ref. W.O.M.; Carpenter v. Globe Leasing Inc. (Fort Worth, Civ.App.1967) 421 S.W.2d 413, 415, no writ; 45 Tex.Jur.2d "Pleading," paragraph 97, pp. 543 et seq. | Effect of a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts made under rule governing request for admissions is comparable to a "legal admission" made in applicable pleadings of a party, so as to preclude his denial of such facts on trial of case. Rules of Civil Procedure, rule 169. | "Is a party's failure to answer inquiries in adverse party's written request for admission or denial of relevant facts comparable to ""legal admission"" in a party's applicable pleadings so as to preclude his denial of such facts on trial of case?" | 030470.docx | LEGALEASE-00136119-LEGALEASE-00136120 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 477 | Cadle Co. v. Bankston & Lobingier, 868 S.W.2d 918 | 307A+483 | Cadle failed to answer this request; therefore, the facts therein were automatically deemed admitted unless the court, on motion, permitted their withdrawal or amendment, see Tex.R.Civ.P. 169 and Marshall v. Vise, 767 S.W.2d 699 (Tex.1989), or the party relying on the admissions failed to object when contradictory evidence was introduced. See id. at 700. Cadle claims one of its officers, Jeff Joseph, contradicted Lobingier's tender and set-off defenses. After reviewing the record, we find Joseph's testimony did no such thing. Joseph testified Lobingier did not tender payment or provide legal services to Cadle, but he did not testify Lobingier did not tender payment to the FDIC or provide services to Park Central Bank, N.A. Therefore, no evidence contrary to the deemed admissions was admitted. Because the trial court did not permit Cadle to withdraw or amend the requests and the admissions therein were not waived, they were deemed admitted. | Upon failure to answer request to admit or deny genuineness of certain facts, facts therein were automatically deemed admitted, unless court, on motion, permitted their withdrawal or amendment, or party relying on admissions failed to object when contradictory evidence was introduced. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Upon failure to answer a request to admit or deny genuineness of certain facts, are facts therein automatically deemed admitted, unless a court, on motion, permitted their withdrawal or amendment?" | 030770.docx | LEGALEASE-00136231-LEGALEASE-00136233 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 478 | Morgan v. E. Baton Rouge Par. Sch. Bd., 2016-1065 (La. App. 1 Cir. 2/17/17), 215 So. 3d 442 | 307A+747.1 | Pursuant to La. Code Civ. P. art. 1551(B), a trial court renders a pretrial order after holding a pretrial conference, and the order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."The theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. Theriot v. State Dept. of Wildlife and Fisheries, 94-1536 (La.App. 1 Cir. 4/7/95), 661 So.2d 986, 989, writ denied, 95-1617 (La. 10/6/95), 662 So.2d 1041. We note that the pretrial order in this case contains a section titled "AMENDMENT OF PLEADINGS" with the statement that "it is not currently anticipated that any amendments will be necessary by the parties." The trial court is vested with much discretion in determining when a pretrial order should be modified or amended. Barabay Property Holding Corp. v. Boh Bros. Const. Co., L.L.C., 2007-2005 (La.App. 1 Cir. 5/2/08), 991 So.2d 74, 78, writ granted, 2008-1185 (La. 10/10/08), 993 So.2d 1270, writ denied as improvidently granted, 2008-1185 (La. 3/17/09), 6 So.3d 172. See also Theriot, 661 So.2d at 989. Ms. Morgan never requested that the pretrial order be modified to allow an amendment of the pleadings in this case; thus, there was no explicit amendment or expansion of the claims in Ms. Morgan's pleadings. | Trial court renders a pretrial order after holding a pretrial conference, and the order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice; theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. La. Code Civ. Proc. Ann. art. 1551(B). | Does a pretrial order control the subsequent course of the action unless modified at the trial to prevent manifest injustice? | 031243.docx | LEGALEASE-00137190-LEGALEASE-00137192 | Order, SA | 0.75 | 1 | 0 | 0 | 1 | |
| 479 | In re House of Yahweh, 266 S.W.3d 668 | 307A+36.1 | Johnson has alleged gross negligence claims against relators. Exemplary damages are recoverable for gross negligence claims. See Tex. Civ. Prac. & Rem.Code Ann. " 41.003(a)(3) (Vernon 2008). Information regarding net worth is discoverable in cases in which exemplary damages may be awarded. Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex.1988) (orig.proceeding), overruled on other grounds by Walker, 827 S.W.2d at 842; In re W. Star Trucks US, Inc., 112 S.W.3d 756, 763 (Tex.App.-Eastland 2003, orig. proceeding). A party seeking discovery of net worth information is not required to make a prima facie showing of a right to recover exemplary damages before discovery is permitted. Lunsford, 746 S.W.2d at 473; Al Parker Buick Co. v. Touchy, 788 S.W.2d 129, 131 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding). Therefore, we reject relators' contention that Johnson should be required to make a prima facie showing of a right to recover exemplary damages before obtaining discovery of their net worth. Based on Lunsford and its progeny, Johnson is entitled to discover net worth information based on the gross negligence allegations in his petition. | Representative of decedent's estate was not required to establish prima facie case of gross negligence, so as to show right to recover exemplary damages, in suit against religious organization, organization's leader, and midwives for negligence and gross negligence before obtaining discovery of the net worth of the organization, leader, and midwife; rather, representative was entitled to discover net worth information based on gross negligence allegations in his petition. V.T.C.A., Civil Practice & Remedies Code S 41.003. | Is a party entitled to discover net worth information based on the gross negligence allegations in his petition required to make a prima facie showing of a right to recover exemplary damages before obtaining discovery of their net worth? | 031356.docx | LEGALEASE-00137948-LEGALEASE-00137949 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Opinion Text | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection + Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 480 | Behr v. Hook, 173 Vt. 122 | 217+1522 | The instant case concerns a standardized waiver of subrogation clause in a construction contract between private parties in relatively equal bargaining positions. Such clauses are intended to allow the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance," by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction… Waiver of subrogation clause is useful in the context of a construction project "because it avoids disruption and disputes among the parties to the project" by eliminating the need for lawsuits, and protecting contracting parties from loss by bringing all property damage under builder's all risk property insurance). | Are waiver of subrogation clauses intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance? | Standardized waiver of subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance," by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | 041035.docx | LEGALEASE 00195677 LEGALEASE 00195678 | Condensed, SA | 0.3 | | | | 1 | |
| 481 | Barnum v. Barnum, 42 Md 251 | 150+404 | Where a witness who has been examined before the auditor, applies to be allowed to correct his testimony then given, the court, if entirely satisfied, upon a preliminary examination of the witness, that there is a real mistake, and that there is no collusion, may permit him to appear in open court and there to correct his previous testimony, by answering over a particular interrogatory, propounded by the direction of the court. We come fairly to an exception by the complainants, and some of the defendants, to the action of the Court below in refusing to allow... This is a practice not very often resorted to, and is one of great delicacy, because of the facility with which it may be abused. If, however, the court is entirely satisfied, upon a preliminary examination of the witness, that there is a real mistake, and that there is no collusion, it will permit, what was done in this case, the witness to correct his testimony... | Where a witness who has been examined before the auditor, applies to be allowed to correct his testimony then given, the court if entirely satisfied, upon a preliminary examination of the witness, that there is a real mistake, and that there is no collusion, may permit him to appear in open court and there to correct his previous testimony, by answering over a particular interrogatory, propounded by the direction of the court. | Where a witness who has been examined before the auditor, applies to be allowed to correct his testimony then given, the court, if entirely satisfied, upon a preliminary examination of the witness, that there is a real mistake, and that there is no collusion, may permit him to appear in open court and there to correct his previous testimony, by answering over a particular interrogatory, propounded by the direction of the court. | Pretrial Procedure - Memo # 1294 - C-TM.docx | ROSS-003289263 ROSS-003289263 | Condensed, SA | 0.72 | | | | 1 | |
| 482 | Rajkovich v. Rajkovich, 122 A.D.3d 786 | 307A+683 | Finally, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the action on the ground that he lacked personal jurisdiction over him. Although a plaintiff bears the ultimate burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant (see Bazakos v. Lewis)... On a motion to dismiss, a plaintiff may defeat the motion by showing that facts may exist to support the exercise of personal jurisdiction over the defendant. Here, the plaintiff made a sufficient showing to support the exercise of personal jurisdiction over the defendant (see Federal Deposit Ins. Corp. v. Tekeli; Maloney v. Katzman). The parties submitted conflicting evidence as to the nature of the defendant's business contacts... facts that "may exist" showing that the defendant is a domiciliary or resident of New York. | Although a plaintiff bears the ultimate burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant, on a motion to dismiss, a plaintiff may defeat the motion by showing that facts may exist to support the exercise of personal jurisdiction over the defendant? | Although a plaintiff bears the ultimate burden of establishing, by a preponderance of the evidence, that the court has jurisdiction over the defendant, on a motion to dismiss, a plaintiff may defeat the motion by showing that facts may exist to support the exercise of personal jurisdiction over the defendant. | 031977.docx | LEGALEASE 00140754 LEGALEASE 00140755 | Condensed, SA | 0.58 | | 1 | | 1 | |
| 483 | Oldroyd v. Elmira Sav. Bank, 134 F.3d 72 | 25+192 | A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable, and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of proceedings pending arbitration. See Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir. 1987) (citation omitted). We review a district court's determinations on these issues de novo. Id. at 846; see also Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 27 (2d Cir. 1995). We next consider the scope of an arbitration clause). New York v. Oneida Indian Nation, 90 F.3d 58, 61 (2d Cir. 1996) (whether the parties to an arbitration agreement agreed to submit a particular dispute to arbitration is an issue for judicial determination of the arbitrability of a claim"). | Court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable, and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of proceedings pending arbitration. 9 U.S.C.A. § 1 et seq. | What issues must a court resolve to stay proceeding pending arbitration? | 007519.docx | LEGALEASE 00143122 LEGALEASE 00143123 | Condensed, SA, Sub | 0.52 | | 1 | | 1 | |
| 484 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | A court must consider the passage of time in relation to all the other facts and circumstances of each case (see Case v. Galesburg Cottage Hosp., 227 Ill.2d 207, 213; 316 Ill.Dec. 693, 880 N.E.2d 171, 175 (2007). After a defendant has made a case-specific prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service, the burden then shifts to the plaintiff to offer an explanation for its action. Kole v. Brubaker, 325 Ill.App.3d at 951, 259 Ill.Dec. 649, 759 N.E.2d at 1152)... Furthermore, although controversies should ordinarily be resolved on their merits, the burden is on the plaintiff who files suit and then fails to exercise reasonable diligence in effectuating service. Kole, 325 Ill.App.3d at 951, 259 Ill.Dec. 649, 759 N.E.2d at 1152; other, a court must consider the passage of time in relation to all the other facts and circumstances of each case. Ill.2d 207, 213; 316 Ill.Dec. 693, 880 N.E.2d 171, 175 (2007). | After a defendant has made a case-specific prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden then shifts to the plaintiff to offer an explanation for its action. Sup.Ct.Rules, Rule 103(b). | After a defendant has made a case-specific prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, does the burden then shift to the plaintiff to offer an explanation for its action? | 013697.docx | LEGALEASE 00142881 LEGALEASE 00142882 | SA, Sub | 0.77 | | | 1 | 1 | |

95

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 485 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | As noted by the trial court in this case, public policy in Illinois favors determining controversies according to the substantive rights of the parties. McCormack v. Leons, 261 Ill.App.3d 293, 295, 199 Ill.Dec. 401, 634 N.E.2d 1, 2"3 (1994). For this reason, courts have held that Rule 103(b) is not to be used merely to clear a crowded docket. Leons, 261 Ill.App.3d at 295, 199 Ill.Dec. 401, 634 N.E.2d at 3. Furthermore, although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. Kole, 325 Ill.App.3d at 953, 259 Ill.Dec. 649, 759 N.E.2d at 136"37. After the defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. Kole, 325 Ill.App.3d at 949, 259 Ill.Dec. 649, 759 N.E.2d at 133. Rule 103(b) is not based upon the subjective test of plaintiff's intent, but rather, upon the objective test of reasonable diligence in effecting service. Cannon v. Dini, 226 Ill.App.3d 82, 86, 168 Ill.Dec. 253, 589 N.E.2d 653, 656 (1992). As noted above, there is no specific time limitation provided by Rule 103(b); rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case. Case v. Galesburg Cottage Hospital, 227 Ill.2d 207, 213, 316 Ill.Dec. 693, 880 N.E.2d 171, 175 (2007). Factors the trial court may consider in determining whether to allow or deny a Rule 103(b) motion include: the length of time used to obtain service of process; the activities of plaintiff; plaintiff's knowledge of defendant's location; the ease with which defendant's whereabouts could have been ascertained; actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; special circumstances that would affect plaintiff's | After a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions. Sup.Ct.Rules, Rule 103(b). | Does the burden shift to a plaintiff to offer an explanation for his actions after a defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit? | 033764.docx | LEGALEASE-00142607-LEGALEASE-00142609 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 486 | Kole v. Brubaker, 325 Ill. App. 3d 944 | 307A+683 | In moving for dismissal under Rule 103(b), the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. Martin v. Lozada, 23 Ill.App.3d 8, 11, 318 N.E.2d 334, 336 (1974); Michael, Illinois Practice, Civil Procedure, " 8.7 at 93 (1989). No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions. Rather, because of the nature of the issue, the determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis. See Michael, Illinois Practice, Civil Procedure, " 8.7 at 33 (Supp.2000). | In moving for dismissal for lack of diligence, the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit; no absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions, rather, because of the nature of the issue, the determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Does no absolute time frame exist that will shift the burden and require the plaintiff to offer an explanation for his or her actions in delaying service on a defendant? | 033568.docx | LEGALEASE-00143706-LEGALEASE-00143707 | Condensed, SA, Sub | 0.24 | 0 | 1 | 1 | 1 | 1 |
| 487 | Vierra v. Workers' Comp. Appeals Bd., 154 Cal. App. 4th 1142 | 413+2084 | The California Constitution vests plenary power over workers' compensation in the Legislature. (Cal. Const., art. XIV, " 4; see Longval v. Workers' Comp. Appeals Bd. (1996) 51 Cal.App.4th 792, 799, 59 Cal.Rptr.2d 463; United States Borax & Chemical Corp. v. Superior Court (1985) 167 Cal.App.3d 406, 411, 213 Cal.Rptr. 155.) The workers' compensation system enacted by the Legislature "is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees." (Graczyk v. Workers' Comp. Appeals Bd. (1986) 184 Cal.App.3d 997, 1003, 229 Cal.Rptr. 494.) "The right to receive attorney fee awards for securing compensation on behalf of workers is also within the broad authority vested in the Legislature over the complete workers' compensation system by article [XIV], section 4 of the California Constitution." (Longval, supra, 51 Cal.App.4th at p. 800, 59 Cal.Rptr.2d 463.) | The workers' compensation system enacted by the Legislature is exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees. West's Ann.Cal. Const. Art. 14, S 4; West's Ann.Cal.Labor Code S 3200 et seq. | "Is the workers compensation system enacted by the Legislature exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of the employer for injuries to their employees?" | 048066.docx | LEGALEASE-00144097-LEGALEASE-00144098 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 488 | Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 327 F.3d 173 | 63+1(1) | It shall be unlawful for any domestic concern ..., or for any officer, director, employee, or agent of such domestic concern ..., to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, [or] promise to pay ... anything of value to"...(3) any person, while knowing that all or a portion of such money ... will be offered, given, or promised, directly or indirectly, to any foreign official ... for purposes of"(A)(i) influencing any act or decision of such foreign official ... in his ... official capacity ....15 U.S.C. " 78dd"2(a). Thus, in order to obtain a conviction under this portion of the statute, the government must prove beyond a reasonable doubt that the defendant is1. a domestic concern2. that made use of a means or instrumentality of interstate commerce3. corruptly4. in furtherance of an offer or payment of anything of value to any person5. while knowing that the money would be offered or given directly or indirectly to any foreign official6. for purposes of influencing any act or decision of such foreign official in his official capacity. | In order to obtain a conviction under the Foreign Corrupt Practices Act (FCPA), the government must prove beyond a reasonable doubt that a defendant is (1) a domestic concern (2) that made use of a means or instrumentality of interstate commerce (3) corruptly (4) in furtherance of an offer or payment of anything of value to any person (5) while knowing that the money would be offered or given directly or indirectly to any foreign official (6) for purposes of influencing any act or decision of such foreign official in his official capacity. Foreign Corrupt Practices Act of 1977, S 30A, as amended, 15 U.S.C.A. S 78dd-1 et seq. | What are the elements of a conviction under the Foreign Corrupt Practices Act (FCPA)? | Bribery - Memo #884 - C-JL.docx | LEGALEASE-00034992-LEGALEASE-00034993 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 489 | Fruth v. Fruth, 2013 IL App (1st) 130032 | 307A+483 | For purposes of section 2-619(a)(9) motion to dismiss, the defendant bears the initial burden to prove the affirmative matter defeating the plaintiff's claim. Epstein v. Chicago Board of Education, 178 Ill.2d 370, 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (1997). The "affirmative matter" asserted by the defendant must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials." Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d 1042. "Once a defendant satisfies this initial burden of going forward on the action 2-619(a)(9) motion to dismiss, the burden shifts to the plaintiff, who must establish that the affirmative defense asserted either is "unfounded or requires the resolution of an essential element of material fact before it is proven." Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (quoting Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993)). "The plaintiff may establish this by presenting 'affidavits or other proof.'" Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (quoting 735 ILCS 5/2-619(c) (West 1992)). We review a section 2-619 dismissal de novo. Van Meter, 207 Ill.2d at 368, 278 Ill.Dec. 555, 799 N.E.2d 273. | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on the ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(a)(9). | When will the burden shift to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | 09383.docx | LEGALEASE 00096355-LEGALEASE 00096357 | Condensed, SA, SA | 0.6 | 0 | 1 | 1 | 1 |
| 490 | United States v. Baruch, 366 F.2d 395 | 63+10 | We think that if a government officer threatens serious economic loss unless paid for giving a citizen his due, the latter is entitled to have the jury consider this, but as bearing on the specific intent required for the commission of bribery. 7 C.J. United States v. Wise, 1407-2243-I, 424 of ca. 1960). While it is arguable that this is also true in the case of a specific gratuity, we are doubtful of it, 201(f) (18 or to being an accessory to the receipt prohibited by 26 U.S.C. * 7214(a), offenses which have no requirement of specific intent; see United States v. Irwin's supra, 354 F.2d at 197, and one is a significant lesser punishment, we notice to the view that as to these offenses economic prosecutorial interest. | If a government officer threatens serious economic loss unless paid for giving a citizen his due, the latter is entitled to have the jury consider this but as a complete defense like duress, but as bearing on the specific intent required for the commission of bribery. 18 U.S.C.A. § 201(b). | If a government officer threatens serious economic loss, is paying a citizen his due jury consider this? | Bribery - Memo #958 - C-CS_57744.docx | 6055-000176437-6055-000294484 | Condensed, SA | 0.62 | 0 | 1 | | 1 |
| 491 | Vartec Operating Co. v. Acadia Petroleum Corp., 255 S.W.3d 455 | 307A+581 | The purpose of allowing a trial court to dismiss a suit for want of prosecution is to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay and a reluctance to have the merits of the case judged in a trial. The purpose of the Texas Rules of Civil Procedure to "obtain a just, fair, and equitable adjudication of rights under established principles of law." Tex.R. Civ. P. 1. Dismissal for want of prosecution disposes of a cause of action without the substantive issues of the controversy. Consequently, a just resolution of the case usually requires a trial on the merits, rather than a dismissal. Id.; Allen v. Leal, 27 S.W.2d 680, 6 (Tex.App.1994). When the plaintiff provides an explanation for the delay and the circumstances of this case, we conclude that the trial court did not abuse its discretion in overruling the motion to dismiss for want of prosecution. | Purpose of allowing a trial court to dismiss a suit for want of prosecution is to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect and delay and reluctance to have the merits of the case judged in a trial. | Is the purpose of allowing a trial court to dismiss a suit for want of prosecution to provide a penalty when a party seeks to take advantage over its opponent by deliberate neglect? | 018766.docx | LEGALEASE 00150049-LEGALEASE 00150050 | Condensed, SA | 0.75 | 0 | 1 | 1 | 1 |
| 492 | Draper v. Cariza, 133 A.D.3d 816 | 307A+622 | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleadings to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v. Martinez, 84 N.Y.2d 83, 87-88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Raine v. K & R Realty & Bldg. v. Co., 100 A.D.3d 869, 85 L.; 955 N.Y.S.2d 109; Dzuik v. Future Tech Enter., Inc., 65 A.D.3d 1290, 886 N.Y.S.2d 516). Further, the court may consider affidavits submitted by the plaintiff to remedy pleading defects (see Yttrium v. 125 Ct. Co. LLC, 93 A.D.3d 589; 974 N.Y.S.2d 14, N.Y.S.2d 515). Nevertheless, bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true (see Parola, Gross & Marino, P.C. v. Susskind, 43 A.D.3d 1020, 1021, 843 N.Y.S.2d 104; see Dzuik v. Future Tech Enter., Inc., 65 A.D.3d at 1005, 886 N.Y.S.2d 115). | "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint and accept all facts as alleged in the pleading to be true" | 09662.docx | | LEGALEASE 00150244-LEGALEASE 00150245 | Condensed, SA | 0.65 | 0 | 0 | 1 | 0 |
| 493 | Scoville v. Shaffer, 9 S.W.2d 201 | 307A+581 | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay. Ozuna v. Southwest Bio-Clinical Laboratories, 766 S.W.2d 900, 902 (Tex.App.-San Antonio 1989, writ denied). | In determining whether a party has demonstrated a lack of diligence in prosecuting a claim, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, whether a trial setting was requested, and the existence of reasonable excuses for delay, including lay wait and/or belated trial setting or stated readiness to proceed to trial does not conclusively establish diligence. | Will a court consider the entire history of the case in determining whether a party has demonstrated a lack of diligence in prosecuting a claim? | 03701.docx | LEGALEASE 00150668-LEGALEASE 00150669 | Condensed, SA | 0.29 | 0 | 1 | | 1 |

97

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 494 | Moses v. Dinghal, 430 S.W.3d 371 | 30764422 | Ms. Moses' complaint was dismissed for failure to state a claim upon which relief can be granted. Accordingly, we will consider her appeal under the standard of review applicable to motions to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6). An essential purpose of pleading is to give notice of the issues to be tried and the opposing party will be able to prepare for trial. Abshure v. Methodist Healthcare-Memphis Hosps., 325 S.W.3d 98, 103 (Tenn.2010). A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss a complaint for failure to state a claim constitutes the legal sufficiency of the complaint. Lanier v. Rains, 229 S.W.3d 656, 660 (Tenn.2007). It admits the truth of all relevant and material allegations, but asserts that such allegations do not constitute a cause of action as a matter of law. See Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn.1997). These motions are not favored and are rarely granted in light of the liberal pleading standards contained in the Tennessee Rule of Civil Procedure. Dobbs v. Guenther, 846 S.W.2d 270, 273 (Tenn.Ct.App.1992). Moreover, pleas or counts contained in a complaint must be given the effect required by their context, without regard to the name given them by the pleader. State By and Through Canale ex rel. Hall v. Minimum Salary Dept. of African Methodist Episcopal Church, Inc., 477 S.W.2d 11 (Tenn.1972). | Motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not favored and are rarely granted in light of the liberal pleading standards contained in the Tennessee Rules of Civil Procedure. Rules Civ.Proc., Rule 12.02(6). | Are motions to dismiss a complaint for failure to state a claim upon which relief can be granted are not favored and are rarely granted in light of the liberal pleading standards contained in the Tennessee Rules of Civil Procedure? | D3709.docx | LEGALEASE-00150706-LEGALEASE-00150707 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 495 | Barnett v. Daley, 809 F. Supp. 1323 | 17604829 | The standard governing this court's decision on a Rule 12 (b)(6) motion is well established. Only if the allegations in the complaint, and all reasonable inferences that can be drawn therefrom, could not support any cause of action may this court grant the motion. See generally Charles Wright & Arthur Miller, 5A Federal Practice and Procedure Civil 2d* 1357 (West Publishing, 2d ed. 1990). The court must, however, need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint. Coates v. Illinois State Board of Education, 559 F.2d 445, 447 (7th Cir.1977). The court must nevertheless interpret ambiguities in the complaint in favor of the plaintiffs, and the plaintiffs are free, in defending against the motion, "to allege without evidentiary support any facts the plaintiffs expect to prove to show that there is a state of facts within the scope of the complaint that, if proved, would entitle them to judgment. Nat Ruben Chi Proc Rule 12(b)(6), 28 U.S.C.A. | On a motion to dismiss a claim for failure to state a cause of action, court must interpret ambiguities in complaint in favor of plaintiffs, and plaintiffs are free, in defending against motion, to allege without evidentiary support any facts consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that, if proved, would entitle them to judgment. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | To a plaintiff free, in defending against a motion to dismiss for the failure to state a claim on which relief could be granted, to allege without evidentiary support any facts he pleases that are consistent with the complaint? | D7685.docx | LEGALEASE-00152223-LEGALEASE-00152224 | SA, Sub | 0.57 | 0 | | 1 | 1 | |
| 496 | Carney v. City of Chelsea, 924 F. Supp. 58 | 3082448 | Exactly who, if anyone, had control over the moment's actions is an issue crucial to the analysis, and an examination of common-law agency principles provides a suitable point of departure. The Restatement (Second) of Agency, definition and third-parties and principal itself. (2) existence of fiduciary relationship toward principal with respect to matters within scope of agency, and (3) right of principal to control his conduct with respect to matters entrusted to him. Restatement (Second) of Agency S5 12-14. | Restatement (Second) of Agency, portions of which have been incorporated into Massachusetts law, defines agency relationship having three essential characteristics: (1) power of agent to alter the legal relationships between principal and third-parties and principal itself; (2) existence of fiduciary relationship toward principal with respect to matters within scope of agency; and (3) right of principal to control his conduct with respect to matters entrusted to him. Restatement (Second) of Agency S5 12-14. | Is the power of the agent to alter the legal relationships between the principal and third parties, an essential characteristic of agency? | Principal and Agent Memo 359 KC_5985.docx | ROSS-003308983-ROSS-003308982 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 497 | Com. v. LePore, 40 Mass. App. Ct. 543 | 129v193 | As the text to note 3 shows, "53, which has long lineage, is a recast into which the Legislature has sought a variety of conduct thought to sufficiently offend or breach society's norms so as to warrant the regulation of fighting and disorderly acts... accord or among persons of the opposite sex" are among those that describe a person is "disorderly" under G. L. c. 272, "53, ?; with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent tumultuous behavior; or (2) makes unreasonable noise or offensively coarse utterance, gesture or display, or addresses abusive language to any person present; or (1) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." Alegata v. Commonwealth, 353 Mass., 287, 304, 231 N.E.2d 201 (1967); Commonwealth v. Feigenbaum, 404 Mass. 471, 474, 536 N.E.2d 325 (1989). "Public" means affecting or likely to affect persons in a place to which the public or a substantial group has access." Alegata v. Commonwealth, supra. | For purpose of statute criminalizing disorderly conduct, person is "disorderly" if, with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating risk thereof; he engages in fighting or threatening, or in violent or tumultuous behavior; makes unreasonable noise or offensively coarse utterance, gesture or display; or addresses abusive language to any person present; or creates hazardous or physically offensive condition by act which serves no legitimate purpose of actor. M.G.L.A. c. 272, S 53. | What conduct of an individual would come under the term disorderly? | 04435.docx | LEGALEASE-00153410-LEGALEASE-00153411 | SA, Sub | 0.54 | 0 | | 1 | 1 | |
| 498 | Marinescu v. Kennington Motors, 931 P.2d 566 | 30764483 | To withstand a motion to dismiss, the plaintiff must make a prima facie showing of personal jurisdiction over the defendant. Trade Form, Inc. v. District Court, 890 Colo. 432, 506 P.2d 567 (1973). In determining whether the plaintiff has met this burden, the allegations of the complaint, as well as any evidence introduced by the parties, may be considered. Schwartz v. District Court, 119 Colo. 544 466 P.2d 1 [conflicts] must be resolved in the plaintiff's favor. Lesky v. HUD Engineering, Inc., 811 P.2d 10 (Colo.1991). | To withstand motion to dismiss for lack of jurisdiction, plaintiff must make prima facie showing of personal jurisdiction over defendant; in determining whether plaintiff has met burden, allegations of complaint, as well as any evidence introduced by parties, may be considered, and factual disputes must be resolved in plaintiff's favor. | Is unilateral motion to dismiss for lack of jurisdiction, should plaintiff make a prima facie showing of personal jurisdiction over a defendant? | 038196.docx | LEGALEASE-00155155-LEGALEASE-00155156 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,544 | 14,873 | 23,876 | 9,029 |
| 499 | Shiffman v. K, 657 P.2d 401 | 30TA=381 | | For purposes of rule providing for dismissal of suits for want of prosecution, a case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. Rules Civ.Proc., Rule 41(e). | Does a case stand stagnant when to the court it appears that for lack of activity of record neither party has taken the steps to be reasonably expected in the pursuit or defense of the particular cause of action? | Pretrial Procedure Memo 4 888 - C TM_6156.docx | ROS5.00219699-ROS5-00219696 | Condensed, SA, Sub 0.6 | 0.6 | 0 | 1 | | 1 | |
| 500 | Shiffman v. K, 657 P.2d 401 | 30TA=381 | | For purpose of rule providing for dismissal of suits for want of prosecution, a case stands stagnant when to the court it appears that for lack of activity of record neither party has taken the steps, acts or measures to be reasonably expected in the pursuit or defense of the particular cause of action. Rules Civ.Proc., Rule 41(e). | Does a case stand stagnant when to the court it appears that for lack of activity of record neither party has taken the steps to be reasonably expected in the pursuit or defense of the particular cause of action? | 039096.docx | LEGALEASE 00155237- LEGALEASE 00155238 | Condensed, SA, Sub 0.13 | 0.13 | 0 | 1 | | | |
| 501 | UMC Dev v. D.C., 120 A.3d 37 | 30TA=481 | | For purpose of ruling on a motion to dismiss for want of standing, when a defendant makes a factual, as opposed to a facial, attack on the plaintiff's complaint, the trial court may conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes concerning whether subject-matter jurisdiction exists. Civil Rule 12(b)(1). | Will the court conduct an independent review of the evidence submitted by the parties, including affidavits, to resolve factual disputes to determine subject matter jurisdiction? | 024575.docx | LEGALEASE 00155936- LEGALEASE 00155937 | SA, Sub | 0.68 | 0 | | | 1 | |
| 502 | Harris Cty v. Sykes, 136 S.W.3d 635 | 263=782(4) | | If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action; such a dismissal is with prejudice because the plaintiff should not be permitted to refile jurisdiction once that issue has been finally determined. Before dismissing a plaintiff's action for failure to file a jurisdiction, a trial court should make a final dismissal decision that the Legislature has not waived governmental immunity under the Texas Tort Claims Act with respect to any claim that has been brought against a governmental unit. | Is a dismissal after a plaintiff has had a reasonable opportunity to amend pleadings and after a governmental entity files its plea to jurisdiction with prejudice? | 029066.docx | LEGALEASE 00157301- LEGALEASE 00157302 | SA, Sub | 0.32 | 0 | | | 1 | |
| 503 | Cornwell v. State of Connecticut, 310 U.S. 296 | 92k=209 | | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threats to public safety, peace or order, appears; but state may not unduly suppress this freedom. | "Whether the state has the power to prevent or punish when a clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears?" | Disorderly Conduct Memo 9 PL_64037.docx | ROS5.00321234-ROS5- 00321234 | Divrsr, SA | 0.69 | 0 | | | 1 | |

99

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 504 | Fiorano v. Ring, 107 Cal. App. 4th 983, 2... | 360=18,43 | The M. Cases court established a three-part test for determining whether a state statute relating to immigration is preempted by federal law. The initial inquiry is whether the state statute constitutes an attempted "regulation of immigration" that is per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution. (De Canas, supra, 424 U.S. at p. 354, 96 S.Ct. 933.) If this is not the case, the statute may nevertheless be preempted under the second test, which is whether it was the "clear and manifest purpose of Congress" — "to effect a 'complete ouster of state power — including state power to promulgate laws not in conflict with federal laws'"(Id. at p. 357, 96 S.Ct. 933) with respect to the subject matter of the state statute."because Congress intended to "occupy the field'" "to which the statute relates or did not completely oust the states of power to regulate, the state law would still be preempted under the third test, which is whether it "stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress in enacting the INA." (Id. at p. 363, 96 S.Ct. 933; see also Michigan Canners & Freezers v. Agricultural Rel. (1984) 467 U.S. 461, 469, 104 S.Ct. 2518, 81 L.Ed.2d 399.) | Where a state statute relating to immigration does not attempt to regulate immigration be preempted when it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress? | Aliens, Immigration and Citizenship - Memo 144 - RK_6474.docx | ROSS-003280093-ROSS-003280092 | SA, Sub | 0.66 | 0 | | 1 | 1 | |
| 505 | In re Marie S., 38 Misc. 2d 444 | 24=179 | The creation of the special immigrant juvenile (SIJ) status shows a congressional intent to assist a limited group of abused children to remain safely in the country by authorizing immigration relief for lawful permanent resident status." (Garcia v. Holder, 659 F.3d 1261, 1271 (9th Cir.2011)), and the conferring of SIJ status upon a qualifying alien therefore serves as "a gateway to lawful permanent residency in the United States" (Matter of Trudy-Ann W., 724 N.Y.S.2d 249, 263, 901 N.Y.S.2d 296 [2010]; see also, Matter of Juan R.S. v. Young Sun F., 75 A.D.3d 151, 155, 901 N.Y.S.2d 631 [2010]; Matter of Mohamed A., 83 A.D.3d 937, 939, 937 N.Y.S.2d 52011].) | Was Special Immigrant Juvenile (SIJ) status created to assist or help a limited group of abused children to remain safely in the country by a means to apply for lawful permanent resident status. Immigration and Nationality Act, § 1101(a)(27)(J), 8 U.S.C.A. § 1101(a)(27)(J). | Aliens, Immigration and Citizenship - Memo 60 - RK_6474.docx | ROSS-003311869-ROSS-003311889 | SA, Sub | 0.55 | 0 | | 1 | 1 | |
| 506 | Wynter v. Our Lady of Mercy Med. Ctr., 2 A.D.3d 376 | 307k=699 | If a case is dismissed for failure to timely effect substitution pursuant to CPLR 1021, the substituted party must, in order to obtain reinstatement, demonstrate a prima facie showing of merit, a reasonable excuse for the delay and no undue prejudice to the defendants (Schuartz v. Montefiore Hospital and Medical Center, 305 A.D.2d 174, 176, 761 N.Y.S.2d 5). Parenthetically, this action will likely rise significantly on medical records and other documentary proof, rather than on the testimony of witnesses whose recollection of the events may fade with the passage of time. As such, aside from conclusory claims that the fact of delay has impaired the presentation of a defense, we find no significant likelihood of undue prejudice to the defendants... (cf. Schuartz v. Montefiore Hospital & Presbyterian Hospital, 305 A.D.2d 220, 221, 761 N.Y.S.2d 16). | If a case is dismissed for failure to timely effect substitution pursuant to the rules of civil procedure, the substituted party must, in order to achieve reinstatement, must demonstrate a prima facie showing of merit, a reasonable excuse for the delay, and no undue prejudice to the defendants? | Pretrial Procedure - Memo 11172 - C - RE_64383.docx | ROSS-003294560 | Condensed, SA, Sub | 0.36 | | 1 | 1 | 1 | |
| 507 | Thompson v. Houston, 2003 PA Super 467 | 307k=697 | In this appeal from the dismissal of defendant's arbitration appeal and the reinstatement of the award for failure to appear at trial, we are concerned only with the excuse given by counsel in light of the circumstances surrounding the dismissal "Stein v. Berman, 764 A.2d at 615. Some of the circumstances a court should consider in determining whether counsel's failure to appear should be excused are: 1) whether the failure to appear was inadvertent; 2) whether the counsel's failure to appear was part of a pattern of improper behavior - misconduct or abuse; 3) whether the court disregarded its own rules dismissing the appeal; 4) whether the opposing party would be prejudiced by reinstatement of the case; and 5) whether the court gave any consideration to lesser sanctions. Id at 611. | Some of the circumstances a court should consider in determining whether counsel's failure to appear should be excused are: 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior; misconduct or abuse; 3) whether the court disregarded its own rules in dismissing the appeal; 4) whether the opposing party would be prejudiced by reinstatement of the case; and 5) whether the court gave any consideration to lesser sanctions. | 03070.docx | LEGALEASE-00159323-LEGALEASE-00159324 | SA, Sub | | 0 | | 1 | 1 | |
| 508 | Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874 | 135H=25 | In Usery, the Supreme Court clarified the appropriate two-step inquiry for determining whether a sanction is civil or criminal. First, a court must examine the governing statute to determine whether the legislature body intended the forfeiture proceeding to be criminal or civil in nature... In determining whether an in rem civil forfeiture is "punishment" for "double jeopardy purposes, court must ask whether first to determine whether the legislature body intended the forfeiture proceeding to be criminal/punitive or civil/remedial; and then must consider whether the proceeding is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const. Amend. 5; M.S.A. | In determining whether an in rem civil forfeiture is "punishment" for "double jeopardy" purposes, should the court first examine the governing statute to determine whether the legislature body intended the forfeiture proceeding to be criminal or punitive in nature, and then consider whether the proceeding is so punitive in fact that it may not legitimately be viewed as civil in nature? | Double Jeopardy - Memo 15 - C - SS_45115.docx | ROSS-003227464-ROSS-003227547 | Condensed, SA, Sub 0.35 | | 1 | 1 | 1 | |
| 509 | State v. Greene, 196 W. Va. 500 | 135H=25 | We hold that to determine whether a particular statutorily defined penalty is civil or criminal for the purpose of double jeopardy under Article IV, § 5 of the West Virginia Constitution, we must ask (1) whether the Legislature, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other; and (2) where the Legislature has indicated an intention to establish a civil penalty, whether the statutory scheme was so punitive either in purpose or effect as to negate that intention... West Virginia Constitution, Art. III, § 5. | Should a court ask whether a legislature, in establishing a penalty, indicated either expressly or impliedly that statutory penalty was intended to be civil or criminal? | 01542.1.docx | LEGALEASE-00160657-LEGALEASE-00160663 | Condensed, SA, Sub 0.4 | | 1 | 1 | 1 | |

Appendix D

| | | | | | | | | | | Order **839** | Condensed **15,944** | Substantive Additions **14,873** | Selection & Arrangement **22,876** | Multiple Differences **9,029** |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 510 | People v. Brooks, 133 Cal. App. 3d 200 | 92+2781 | [Judicial Opinion Text regarding swindling, forgery, and differing punishments] | [Copied Headnote regarding crimes of uttering and publishing a bank bill or note] | Does the statute's scheme of ensuring different maximum sentences for the crime of forging or uttering and publishing a forged instrument violate equal protection of the law? | 018451.docx | LEGALEASE 00161868-LEGALEASE 00161869 | Condensed, Order, SA | 0.4 | 1 | 1 | | 1 | 1 |
| 511 | Kountouris by Kountouris v. Chakrabarty, 254 A.D.2d 394 | 307A+497 | [Judicial Opinion Text regarding restoring case to trial calendar] | [Copied Headnote: Party wishing to restore a case to trial calendar after dismissal] | Can a party wishing to restore a case to the trial calendar after it has been stricken be required to show the reason for the delay and four essential factors? | Pretrial Procedure - Memo 1472 - C - KS_65312.docx | ROSS-003292964-ROSS-003292967 | Condensed, SA, Sub | 0.61 | | 1 | 1 | 1 | 1 |
| 512 | Am. Asphalt Paving Co. v. Zoning Hearing Bd. of Jackson Twp., 706 A.2d 1283 | 303H+583 | [Judicial Opinion Text regarding non pros] | [Copied Headnote regarding trial court discretion to enter judgment of non pros] | Can a trial court exercise its discretion and enter judgment of non pros pro nunc to a last date where a defendant alleged a lack of due diligence by failing to proceed with reasonable promptness? | Pretrial Procedure - Memo 13795 - C - SB_65628.docx | ROSS-003212259-ROSS-003212260 | Condensed, SA | 0.29 | | 1 | | 1 | 1 |
| 513 | Gandelman v. Brentwood Union Sch. Dist., 184 F. Supp. 3d 1032 | 78+1069 | [Judicial Opinion Text regarding abuse of disabled minor students by teacher] | [Copied Headnote: Alleged verbal and physical abuse of disabled minor students by teacher] | Are school districts liable under Title II of ADA for abuse of disabled student? | 017203.docx | LEGALEASE 00162057-LEGALEASE 00162059 | Condensed, SA | 0.46 | | 1 | 0 | 1 | 1 |
| 514 | Walker v. Allen, 139 So. 341111 | 303H+583 | [Judicial Opinion Text regarding Mississippi Rule of Civil Procedure 41(b)] | [Copied Headnote: Rule of Civil procedure allowing a defendant to move for the dismissal of an action] | Is the Rule of Civil procedure allowing a defendant to move for the dismissal of an action when a plaintiff fails to prosecute, necessary as a means to the orderly expedition of justice and the court's control of its own docket? | 040615.docx | LEGALEASE 00162501-LEGALEASE 00162503 | Condensed, SA | 0.18 | | 1 | | 1 | 1 |
| 515 | City of New Brighton v. 2000 Ford Excursion VIN No. 1MHNU41SX7ECA7415A, 622 N.W.2d 364 | 133H+25 | [Judicial Opinion Text regarding civil forfeiture and double jeopardy] | [Copied Headnote: To determine whether civil forfeiture constitutes "punishment" for double jeopardy purposes] | To determine whether a civil forfeiture constitutes "punishment" for double jeopardy purposes, should a court determine whether the legislative body intended the forfeiture proceeding to be criminal/punitive or civil/remedial; next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5, 14; U.S.C.A. 5, 5.7. | 015110.docx | LEGALEASE 00161782-LEGALEASE 00161783 | Condensed, SA | 0.05 | | 1 | 0 | 1 | 1 |
| 516 | State v. Stone, 400 P.3d 692 | 133H+1 | [Judicial Opinion Text regarding prohibition against double jeopardy] | [Copied Headnote: The prohibition against double jeopardy is based on deeply ingrained constitutional policies designed to protect a defendant] | Is the prohibition against double jeopardy based on deeply ingrained constitutional policies designed to protect a defendant by ensuring finality of prosecution? | Double Jeopardy - Memo 895 - C - VA_67989.docx | ROSS-003291934-ROSS-003291944 | Condensed, SA, Sub | 0.29 | | 1 | 1 | 1 | |

101

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 517 | People v. McNally, 107 Cal. App. 3d 387 | 135H+59 | It is well settled that (1) a person is in legal jeopardy for an offense when placed on trial in a court of competent jurisdiction, on a valid accusatory pleading, before a jury duly impaneled and sworn, and that (2) discharge of that jury without a verdict is equivalent to acquittal and bars a retrial, unless the defendant consented to the discharge or legal necessity required it. (Curry v. Superior Court (1970) 2 Cal.3d 707, 712, 87 Cal.Rptr. 361, 470 P.2d 345.) | A person is in legal jeopardy for an offense when placed on trial in court of competent jurisdiction, on valid accusatory pleading, before a jury duly impaneled and sworn, and discharge of that jury without a verdict is equivalent to acquittal and bars retrial unless defendant consented to discharge or legal necessity required it. | "Is a person in legal jeopardy for an offense when placed on trial in court of a competent jurisdiction, on a valid accusatory pleading?" | 015802.docx | LEGALEASE-00166549-LEGALEASE-00166550 | Condensed, SA | 0.29 | 0 | 1 | 0 | 1 | |
| 518 | Zelman v. Simmons-Harris, 536 U.S. 639 | 141E+943(3) | School voucher program, enacted for valid secular purpose of providing educational assistance to poor children in demonstrably failing public school system, did not violate Establishment Clause, even though majority of participating students had enrolled in religiously affiliated schools. Program was neutral in all respects toward religion, and any direction of government aid to religious schools was result of individual recipients' independent private choices. | School voucher program, enacted for valid secular purpose of providing educational assistance to poor children in demonstrably failing public school system, did not violate Establishment Clause, even though majority of participating students had enrolled in religiously affiliated schools; program was neutral in all respects toward religion, and any direction of government aid to religious schools was result of individual recipients' independent private choices. U.S.C.A. Const.Amend. 1; Ohio R.C. SS 3313.974-3313.979. | Do student grant programs violate the Establishment Clause even though majority of participating students had enrolled in religiously affiliated schools? | 017165.docx | LEGALEASE-00166963-LEGALEASE-00166964 | Condensed, SA, Sub | 0.11 | 0 | 1 | 1 | 1 | 1 |
| 519 | Home Owners' Loan Corp. v. Sears, Roebuck & Co., 123 Conn. 232 | 366+1 | The defendant further contends that subrogation in such a case as this can be allowed only where the person seeking to take advantage of the doctrine is either under an obligation to discharge the debt or where there is an agreement that he shall have the benefit of the security to the right to which he claims to succeed. There is authority to support this contention, but for the most part it represents an older view which has been modified in the course of the development of the doctrine. We do not take a narrow view of that doctrine. "Subrogation is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality. Story's Equity Jurisprudence (14th Ed.) vol. 2, " 706, says: "It is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience, should have been discharged by the latter." It is a legal fiction through which one, who not as a volunteer or in his own wrong, and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit. Article by Mr. Creason, in 54 C.L.J. 42. This doctrine is not static, but so elastic as to take within its remedy cases of first instance which fairly fall within it and secure its primary object by compelling payment of a debt by him who ought in equity and good conscience to pay it. Equity seeks by this action, as it does by that for reimbursement, contribution, and exoneration, to prevent the unearned enrichment of one party at the expense of another, "by creating a relation somewhat analogous to a constructive trust in favor of the subrogee, or party making the payment, in all legal rights held by the creditor." 5 Pomeroy, Equitable Remedies (2d Ed.) 2343." First Taxing District v. National Surety Co., 97 Conn. 639, 642, 118 A. 96, 26 A.L.R. 297. | "Subrogation" is a legal fiction through which a person who, not as a volunteer or in his own wrong, and in absence of outstanding and superior equities, pays debt of another, is substituted to all rights and remedies of the other, and the debt is treated in equity as still existing for his benefit, and the doctrine is broad enough to include every instance in which one party pays the debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by such other. | Does subrogation include every instance in which one party pays a debt for which another is primarily answerable? | 06467.docx | LEGALEASE-00084324-LEGALEASE-00084326 | Order, SA, Sub | 0.74 | 1 | 0 | 1 | 1 | 1 |
| 520 | State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | "Subrogation, a legal fiction, is broadly defined as the substitution of one person in the place of another with reference to a lawful claim or right. It is a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. Stated another way, it is a substitution of one person in place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities." (73 Am.Jur.2d (2001) Subrogation, " 1, pp. 541"542, fns. omitted.) " "Statutory subrogation," as its name suggests, arises by an act of the legislature that vests a right of subrogation with a party or category of parties, and it is governed by the terms of the statute under which it is claimed as a matter of statutory construction." (Id. at pp. 544"545, 216 Cal.Rptr. 367, 702 P.2d 525, fns. omitted.) " "The nature of subrogation and its prohibition against double recovery make it abundantly clear that subrogation involves succession to the rights of others. Rights under subrogation are derivative rights, and succession to another's rights, like water, cannot rise higher than its source." " (Board of Administration v. Glover (1983) 34 Cal.3d 906, 915, 196 Cal.Rptr. 330, 671 P.2d 834, quoting Ventura County Employees' Retirement Association v. Pope (1978) 87 Cal.App.3d 938, 952, 151 Cal.Rptr. 695.) "The "true nature of subrogation" is that " "it is applied in all cases in which "one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter." " ' " (Fireman's Fund Ins. Co. v. Wilshire Film Ventures, Inc. (1997) 52 Cal.App.4th 553, 558, 60 Cal.Rptr.2d 591.) It is abundantly clear here that Statile was primarily answerable for any loss suffered by the applicants and, in equity and good conscience, should | Subrogation is a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? | 06455.docx | LEGALEASE-00084349-LEGALEASE-00084351 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |
| 521 | Scott v. City of New York, 591 F. Supp. 2d 554 | 170A+614 | The Federal Rules of Evidence favor the admission of all relevant evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." A district court will "exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." "Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." Moreover, a court's ruling regarding a motion in limine " "is subject to change when the case unfolds.. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." " | A court's ruling regarding a motion in limine is subject to change when the case unfolds; indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling. | "Even if nothing unexpected happens at trial, is the district judge free, in the exercise of sound judicial discretion, to alter a previous in limine ruling?" | 028761.docx | LEGALEASE-00122984-LEGALEASE-00122985 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote Text | Judicial Opinion Text | Memo Question | Copied Headnote | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 522 | United States v. Sum of $70,990,605, 991 F. Supp. 2d 154 | 221+242 | The act of state doctrine "applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries." | The act of state doctrine "applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries." ... | How does the act of state doctrine apply when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries? | International Law - | International Law - Memo # 86 - C - LA.docx | ROSS-000258782-ROSS-000258783 | Condensed, SA | 0.84 | 0 | | | 1 | 1 |
| 523 | In re Leith's Estate, 201 Misc. 1102 | 221+242 | Necessary intercourse between subjects of independent governments ... a degree of reciprocal efficacy and sanction within their respective dominions. | It may not be amiss to point out that comity is a sense of mutual regard founded on identical or similar principles of institutions ... | Is the necessary intercourse of the subjects of independent governments given out of a degree of reciprocal efficacy and sanction within their respective dominions? | 010719.docx | LEGALEASE-00035719-LEGALEASE-00035720 | Condensed, SA | 0.79 | 0 | | | 1 | 1 |
| 524 | McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 30TA+640 | For purposes of motion to dismiss for a failure to act with reasonable diligence in effecting the service of process ... a plaintiff was duly diligent? | Although the Illinois Supreme Court has explained that a dismissal under Rule 103(b) is within the sound discretion of the trial court ... | For purposes of motion to dismiss for a failure to act with reasonable diligence in effecting the service of process, is the standard the trial court is required to apply when determining whether a plaintiff was duly diligent? | 036613.docx | LEGALEASE-00143866-LEGALEASE-00143867 | Condensed, SA, Sub | 0.53 | 1 | | | 1 | 1 |
| 525 | S.E.C. v. Jackson, 908 F. Supp. 2d 834 | 349B+672.10 | The "facilitating payments exception" to the Foreign Corrupt Practices Act (FCPA) is intended to provide a very limited exception to the kinds of bribes ... | The "facilitating payments" exception was intended to provide a "very limited exception[] to the kinds of bribes to which the FCPA does not apply" ... | Does FCPA allow for payments to foreign officials for the purpose of expediting or securing the performance of a routine government action? | 013329.docx | LEGALEASE-00145422-LEGALEASE-00145423 | Condensed, SA | 0.49 | 0 | | | 1 | 1 |
| 526 | Manning v. Pioneer Sav. Bank, 54 Misc. 3d 790 | 30TA+679 | When considering a motion to dismiss for failure to state a cause of action, the complaint is construed liberally ... | In determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must afford the complaint ... | "In determining a motion to dismiss for failure to state a cause of action, the court must accord the plaintiff every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." | 037003.docx | LEGALEASE-00150363-LEGALEASE-00150364 | Condensed, SA, Sub | 0.52 | | | 1 | 1 | 1 |
| 527 | Belleville v. Dir. of Revenue, State of Mo., 835 S.W.2d 613 | 30TA+587 | A dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial ... | A dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required ... | "Is dismissal for failure to prosecute an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place scheduled for trial, and is ready and willing to present evidence?" | Pretrial Procedure - Memo # 1(MO) - C - AC_03151.docx | ROSS-000278670 | Condensed, SA | 0.28 | | | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 528 | Prestridge v. Lazar, 132 Miss. 168 | 366+1 | Appellant contends that he was not a volunteer in discharging said mortgage for the purpose of keeping the title in question. The reason and philosophy of the principle involved should be kept in mind in determining his position. The doctrine of subrogation is founded in principles of equity and benevolence. Its basis is the doing of complete, essential, and perfect justice between the parties, without regard to form, and its object is the prevention of injustice. "It does not rest on contract, but upon principles of natural equity. The courts should rather incline to extend than restrict the operation of the doctrine. It applies wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where a party has such an interest in property as makes it incumbent on him to pay it for his own protection, or in equity for its protection. Robinson v. Sullivan, 102 Miss. 581, 59 South. 846. | The doctrine of subrogation applies wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where one has such an interest in property as makes it necessary for him to get it in an outstanding claim or equity for its protection. | Does the doctrine of equitable subrogation apply whenever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another? | Subrogation - Memo 148 - VPC.docx | ROSS-003285584/ROSS-003285585 | Condensed_SA | 0.6 | 0 | | 1 | 1 | 1 |
| 529 | Palte Home Corp. v. Pane, 174 Md. App. 681 | 366+32 | Subrogation is founded upon the equitable powers of the court. It is invoked to compel the ultimate discharge of an obligation by the one who in good conscience ought to pay it. By subrogation the creditor who has paid the debt of another. The doctrine is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person, who succeeds to the rights of the creditor in relation to the debt. The rationale underlying the doctrine is to prevent the party primarily liable on the debt from being unjustly enriched when someone pays his debt. Sonnenberg, 158 Md. at 201'32; 747 A.2d 677 (internal citations omitted). | The doctrine of subrogation is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person, who succeeds to the rights of the creditor in relation to the debt. | "Is the doctrine of subrogation a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person, who succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo 548 - CA.docx | ROSS-003285658/ROSS-003285660 | Condensed_SA | 0.62 | 0 | | 1 | 1 | |
| 530 | Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru, 109 F.3d 850 | 221+342 | International comity is "The recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation. Hilton v. Guyot, 159 U.S. 113, 164, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895). Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. See, e.g., Cunard Steamship Co. v. Salen Reefer Servs. AB, 773 F.2d 452, 458'60 (2d Cir.1985); Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 440'44 (3d Cir.1971).348 Although courts in this country have long recognized the principles of international comity and have advocated them in order to promote cooperation and reciprocity with foreign lands, comity remains a rule of "practice, convenience, and expediency," rather than of law. Somportex Ltd., 453 F.2d at 440, and does not "of itself create a cause of action." International comity comes into play only when there is more than one courtesy and accommodation, comity does not achieve the force of an imperative or obligation.'(quoting Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d 1287, 1294'96 (3d Cir.)). Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d at 1293'94 (quoting Somportex, Inc. v. Philadelphia Chewing Gum Corp., 318 F.2d at 900) (D.C.Cir.). | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, instead allowing those acts and proceedings to have extraterritorial effect in the United States?" | International Law - Memo 4 #1 - TH.docx | ROSS-003280956/ROSS-003280957 | Condensed_SA | 0.86 | 0 | | 0 | 1 | |
| 531 | Ni-aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | Even though the Court has jurisdiction over Nivaka's suit, many of his specific claims run afoul of the act of state doctrine. See id. at 12 (act of state doctrine is "a rule of judicial restraint" that is also an abstention doctrine, but it is not a jurisdictional limitation"). The act of state doctrine is a function of the "domestic separation of powers, reflecting the proper distribution of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (internal quotation marks omitted). "The doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality ... of official action by a foreign sovereign performed within its own territory." Riggs Nat'l Corp. & Subsidiaries v. Comm'r of IRS, 163 F.3d 1363, 1367 (D.C. Cir. 1999) (citing W.S. Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701). When the doctrine applies, it serves as "a rule of decision" requiring that such official acts "shall be deemed valid" in the process of deciding a case. See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923 (1964); id. at 435, 84 S.Ct. 923. "[C]ourts in the United States will generally refrain from ... sitting in judgment on the acts of the government of another done within its own territory." Banco Nacional, 376 U.S. at 416, 84 S.Ct. 923. The act of state doctrine applies only when a court "must decide—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign." W.S. Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701. But the doctrine only applies to "official" state action, that is, to "conduct that is by its nature distinctly sovereign and thus cannot be undertaken by a private individual or entity." McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073 (D.C. Cir. 2012) (Purely commercial acts do not qualify, See de Csepel, 714 F.3d at 604. | Act of state doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory. | "Under the act of state doctrine, are United States courts to refrain from deciding a case when the outcome turns upon legality or illegality of official actions by a foreign sovereign performed within its own territory?" | International Law - Memo 553 - TH.docx | ROSS-003311767/ROSS-003311769 | Condensed_SA | 0.87 | 1 | | 0 | 1 | |

104

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 532 | Grant v. Target Corp., 126 F. Supp.3d 183 | 237n4 | "Defamation is the publication of material by one without a privilege to do so which indicates or reasonably suggests the plaintiff with a statement." Pharmacy Serv., Inc. v. Bristol-Myers Squibb Consulting LLC, 481 F. Supp.2d 111, 124 (D. Mass. 2007) (quoting Correllas v. Viveiros, 410 Mass. 314, 319, 572 N.E.2d 7 (1991)). "To prove defamation, the plaintiff must establish that the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss..." Ravnikar v. Bogojavlensky, 438 Mass. 627, 629-30, 782 N.E.2d 508 (2003). | To prove defamation under Massachusetts law, plaintiff must establish that the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss; the level of fault required varies between negligence for statements concerning private persons and actual malice (for statements concerning public officials and public figures). | What is the level of fault required for public and private persons in defamation? | Libel and Slander Memo 142 - FR.docx | ROS5/00332437 ROS5-00313419 | SA, Sub | 0.5 | | | | 1 | |
| 533 | Holmes & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221n342 | "The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts of a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S. Ct. 923, 11 L.Ed.2d 804 (1964). This doctrine "is applicable when the outcome of the case turns upon ... the effect of official action by a foreign sovereign." W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). The doctrine is to be interpreted and applied in accordance with the policy interests of international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." W.S. Kirkpatrick, 493 U.S. at 406, 1105 S.Ct. 393, 1. 88 L.Ed.2d 816. | The act of state doctrine is to be interpreted and applied in accordance with the policy interests of international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. | Is the act of state doctrine to be interpreted and applied in accordance with the policy interests of international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations? | International Law Memo #321 - C SU.docx | ROS5-00332507 ROS5-00313079 | SA, Sub | 0.81 | | | | 0 | |
| 534 | State v. Johnston, 249 Ga. 110 | 110n192.60 | "A motion in limine is a pretrial motion which may be used two ways: (1) The movant seeks, not that the trial rulings on the admissibility of evidence, but only to prevent the introduction during the trial of specified evidence or area of inquiry until its admissibility can be determined during the course of the trial outside the presence of the jury." Lippincott v. State, 246 Ga. 451, 255 S.E.2d 465 (1978); Twyborn v. Weber, 230 N.W.2d 919 (Iowa 1974); Redding v. Ferguson, 501 S.W.2d 717, 722 (Tex. Civ. App.1973). 2 "The movant must obtain a ruling on the admissibility of evidence prior to the trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. Cf. Wiggins v. State, supra; Costa v. State, 234 Ga. 609, 217 S.E.2d 63 (1975). If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and "(c)ontrols the subsequent course of action, unless modified at trial to prevent manifest injustice." Harley-Davidson Motor Co. v. Daniel, 244 Ga. 284, 285-6, 260 S.E.2d 20 (1979). | Trial court has absolute right to refuse to decide admissibility of evidence allegedly violative of some ordinary rule of evidence, prior to trial; however, trial court decides to rule on admissibility of evidence prior to trial, court's determination of admissibility is similar to a preliminary ruling on evidence at a pretrial conference. | If the trial court decides to rule on the admissibility of evidence prior to trial, is the court's determination of admissibility similar to a preliminary ruling on evidence at a pretrial conference? | Pretrial Procedure Memo #390 - C KA.docx | ROS5-00325663 ROS5-00315666 | Condensed, SA | 0.44 | | | 1 | 0 | |
| 535 | Compton v. Ubilluz, 353 Ill. App.3d 863 | 307n3 | "A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during trial whereby the moving party and thereby the risks protected from any prejudicial impact from the comment and the making of objections in front of the jury. However, a court is disadvantaged in ruling on a motion in limine because it is not confronted in a vacuum; before the presentation of the full evidence at trial that may justify admission or require exclusion. Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and definite so that all parties concerned have an accurate understanding of their limitations. An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it should entertain the motion in limine before trial. Cunningham v. Millers General Insurance Co., 227 Ill.App.3d 201, 203, 169 Ill.Dec. 200, 591 N.E.2d 80 (1992). It is well settled that both the motion in limine and the resulting order should be in writing to prevent confusion and misunderstanding during trial." Stemos v. Reklau, 233 Ill.App.3d 813, 175 Ill.Dec. 61, 599 N.E.2d 1289 (1992); Cunningham, 227 Ill.App.3d at 203, 169 Ill.Dec. 200, 591 N.E.2d 80. | Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and definite so that all parties concerned have an accurate understanding of their limitations. | "Should trial judges attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and definite so that all parties concerned have an accurate understanding of their limitations?" | Pretrial Procedure - Memo # 1D - C KA.docx | ROS5-00325663 ROS5-00316293 ROS5-00316299 | Condensed, SA | 0.82 | | | 1 | 0 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 536 | Board of Commissioners of the South East Louisiana Flood Protection Authority East v. Tennessee Gas Pipeline Company, 29 F. Supp. 3d 808 | 164-4 | As the Fifth Circuit recently explained in DEEPWATER HORIZON, "[c]ourts typically address jurisdictional questions under the provision in terms of whether [1] the activities that caused the injury constituted an "operation" "conducted on the outer Continental Shelf" that involved the exploration and production of minerals, and [2] the case "arises out of, or in connection with" the operation." With respect to the first prong of this analysis, although OCSLA itself does not define "operation," the Fifth Circuit has stated that operation is "the doing of some physical act." "Exploration, development, or production" respectively refer to "the processes involved in searching for minerals on the OCS; preparing to extract them by, inter alia, drilling wells and constructing platforms; and removing the minerals and transferring them to shore." The second prong of the jurisdictional test "inquire[s] into a "but for" connection." That is, a court must evaluate whether, but for the operation would the injury have arisen. DEEPWATER HORIZON clarified that there is no close requirement for jurisdiction under OCSLA, explaining "Because federal jurisdiction exists for cases "arising out of, or in connection with" OCS operations, 43 U.S.C. § 1349, this statute precludes an artificial limit based on place." Indeed, the Fifth Circuit noted its DEEPWATER HORIZON that a situs requirement "conflicts with this court's but for test." | In determining whether the activities that caused injury contributed to operation conducted on the Outer Continental Shelf (OCS) that involved the exploration and production of minerals, as required to establish jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), Court considers whether the incident involved the doing of some physical act such as searching for minerals on the OCS; preparing to extract them by, inter alia, drilling wells and constructing platforms; and removing the minerals and transferring them to shore. Outer Continental Shelf Lands Act, § 3, 43 U.S.C.A. § 1349(b)(1). | How is jurisdiction assessed under the Outer Continental Shelf Lands Act? | Admiralty Law - Memo 3 MS.docx | ROSS-003238359-ROSS-003238368 | Condensed, SA | 0.37 | 0 | 1 | | 1 | |
| 537 | Sungloy Maritime, Ltd. v. PHI, 237 F. Supp. 3d 58 | 221+281 | As outlined earlier, to succeed on a salvage claim pursuant to the general maritime law, a plaintiff must prove three elements: (1) that the property faced a marine peril; (2) voluntary service was rendered when not required as a rescuing duty or from a special contract; and (3) the salvage attempt succeeded in whole or in part, or contributed to the success of the operation. Whether a marine peril existed is a question of fact. The peril necessary to constitute a salvage service need not be one of imminent and absolute danger—the danger must simply be a reasonable apprehension of peril. "The burden of proof that the vessel or property is in peril is upon the one claiming a salvage award." Voluntariness is also established by a question of fact. Petitioners may not dispute the success of the operation; the third element of a salvage claim | Under the Convention on Salvage and general maritime law, to succeed on a salvage claim, a plaintiff must prove three elements: (1) that the property faced a marine peril; (2) voluntary service was rendered when not required as a rescuing duty or from a special contract, and (3) the salvage attempt succeeded in whole or in part, or contributed to the success of the operation. | What elements must a plaintiff prove to succeed in a salvage claim pursuant to the general maritime law? | Admiralty Law - Memo 7 - JS.docx | ROSS-003314433-ROSS-003314436 | SA, Sub | 0.56 | 0 | | 1 | | |
| 538 | Ballard v. Stich, 628 F.2d 1310 | 15A+1700 | Second, as a court that former Rule 41 does not apply because the school board has nothing to do in the administrative agency. In the cases which we make clear in Wingartner, this test for determining when an entity is acting as an "administrative agency" is functional. Whenever an entity which normally acts as a legislative body applies policy to particular persons in their private capacities, instead of passing on general policy or the rights of individuals in the abstract, it is functioning as an administrative agency within the meaning of former Appellate Rule 45. Wingartner, 534 F.2d at 344 (9). See also Rossie v. City of Anchorage, 318 P.2d 456, 459 (Alaska 1957). We conclude that we have applied former Rule 41 to a school board hearing and decision on the discharge of a tenured teacher. Here, 645 F.2d at... | Whenever an entity which normally acts as legislative body applies policy to particular persons in their private capacities, instead of passing on general policy or rights of individuals in the abstract, it is functioning as an "administrative agency" within meaning of former appellate rule providing that appeals from administrative agencies must be filed within 30 days after appellant is informed of agency's action. Rules of Appellate Procedure, Rule 45(a)(2)(Renumbered Rule 602(A)(2)). | Is an entity which normally acts as a legislative body functioning as an administrative agency when applying policy to particular persons in their private capacity? | 003361.docx | LEGALEASE-00117398-LEGALEASE-00117399 | SA, Sub | 0.4 | 0 | | 1 | | |
| 539 | Foley v. Walpole Tire Serv., 37 So.3d 549 | 313A+111 | To maintain a successful products liability action under the Louisiana Products Liability Act (LPA), a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damages was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damages arose from a reasonably anticipated use of the product by the claimant or someone else. LSA-R.S. 9:2800.54(A). | To maintain a successful products liability action under the Louisiana Products Liability Act (LPA), a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damages arose from a reasonably anticipated use of the product by the claimant or someone else. LSA-R.S. 9:2800.54(A). | What must a plaintiff establish to maintain a successful action under the Product Liability Act (PLA)? | 000614.docx | LEGALEASE-00117972-LEGALEASE-00117973 | Condensed, SA | 0.01 | 0 | 1 | | | |
| 540 | Bernstein v. Virgin Am., 227 F. Supp.3d 649 | 231H+8 | The Court rejects Virgin's argument that California wage and hour law cannot apply to flight attendants while they are in the air. To support its argument, Virgin relies to provision of the FAA that [t]o the extent it has already rejected Virgin's argument for FAA preemption. Although the federal government has occupied the field of employment law in the aviation context and... the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen. "Ventress v. Japan Airlines, 747 F.2d 716, 722 (9th Cir.), cert. denied, ""U.S."" """15552, 486 U.S., 162, 2d 1163 (2014)." And federal employment law preempts state law. "Congress has not occupied the field of employment law in the aviation context and... the FAA does not apply concurrently with federal law. 29 U.S.C." 218. The only conflicting authority that Virgin presents is a single footnote in a single, non-controlling district court case from the Northern District of Illinois. See Hirst v. Skywest, Inc., No. 15 C 02036, 2016 WL 2986978, at *10, n. 14 (N.D. Ill. May 23, 2016). The Court does not find this case persuasive. | Although the federal government has occupied the field of employment law in the aviation context, the United States airspace and aviation safety, Congress has not occupied the field of employment law in the aviation context and the Federal Aviation Act (FAA) does not confer upon the agency exclusive power to regulate all employment matters involving airmen. | Does the Federal Aviation Act (FAA) confer upon the agency exclusive power to regulate all employment matters involving airmen? | Labor and Employment Memo 50 - VP.docx | ROSS-003128868-ROSS-003128869 | SA, Sub | 0.73 | 0 | | 1 | | |
| 541 | In re Tribune Media Co., 552 B.R. 282 | 92+2162 | The third element of a defamation claim ["fault"] may be based either on negligence or constitutional malice, which is sometimes called "actual malice." The standard of fault used to review a defamation claim varies according to the plaintiff's status as a public figure, limited public figure, or a private individual, because when the speech is of public concern and the plaintiff is a public official or public figure, the Constitution requires the plaintiff to surmount a much higher barrier before recovering damages from a media defendant than is necessary to prove with a private plaintiff. U.S.C.A. Const.Amend. 1. | Standard of fault used to review a defamation claim under Maryland law varies according to the plaintiff's status as a public figure, limited public figure, or private individual, because when the speech is of public concern and the plaintiff is a public official or public figure, the Constitution requires the plaintiff to surmount a much higher barrier before recovering damages from a media defendant than is necessary to prove with a private plaintiff. U.S.C.A. Const.Amend. 1. | Does the standard of fault to review a defamation claim depend on the plaintiff's private or public status? | 003216.docx | LEGALEASE-00120611-LEGALEASE-00120612 | SA, Sub | 0.37 | 0 | | 1 | | |

106

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 542 | Bacon v. Towne, 58 Mass. 217 | 249+38(1) | Since the abolition of special pleading, the defendant, in an action for malicious prosecution, may give in evidence all facts tending to prove the plaintiff guilty of the criminal charge imputed to him, both in proof of probable cause, and in mitigation of damages, although he be not prepared with evidence to show, that these facts were known to him at the time of the complaint against the plaintiff. | Since the abolition of special pleading, the defendant, in an action for malicious prosecution, may give in evidence all facts tending to prove the plaintiff guilty of the criminal charge imputed to him, both in proof of probable cause, and in mitigation of damages, although he be not prepared with evidence to show, that these facts were known to him at the time of the complaint against the plaintiff. | Can a defendant prove facts tending to mitigate damages in an action for malicious prosecution? | 05602.docx | LEGALEASE 0006826-LEGALEASE-0006828 | Condensed, SA, Sub 0 | | 0 | | | | |
| 543 | In re Fleming's Es., 378 B.R. 893 | 366+1 | Under California's doctrine of equitable subrogation, One who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites: (1) payment must have been made by the subrogee to protect his own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must be one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | Under California's doctrine of equitable subrogation, One who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites: (1) payment must have been made by the subrogee to protect his own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must be one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | What prerequisites must one who claims to be equitably subrogated to the rights of a secured creditor satisfy? | Subrogation - Memo # 435 - C - 01.docx | ROSS-003288959-ROSS-003288961; 003288964 | Condensed, SA 0.03 | | 0 | | 0 | 1 | |
| 544 | Westport Ins. v. St. Paul Fire & Marine Ins. Co., 275 F. Supp. 2d 4 | 366+1 | Under Connecticut law, equitable subrogation is the mode which is adopted to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it; this doctrine is broad enough to include every instance in which one party, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | Equitable subrogation is "the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity and good conscience, ought to pay it." Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 371, 672 A.2d 939 (1996) (distinct and external quotation marks omitted). This doctrine "is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." Id. To bring a subrogation action against the tortfeasor's liability insurer, an insurer who has paid its insured for a loss caused by the tortfeasor must be equitably and entirely subrogated to the rights of the insured. ... | Does the doctrine of subrogation include an instance in which one person seeking equity, and paid a debt for equity, and while which which in equity and good conscience should have been discharged by the latter? | Subrogation - Memo # 470 - C - 04.docx | ROSS-003202215-ROSS-003202216 | SA, Sub | 0.71 | | | 1 | 1 | |
| 545 | St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co., 111 Cal. App. 4th 1234 | 217+33(3) | In contrast to equitable contribution, the aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged; and to relieve entirely the the insurer or surety who indemnified the loss and who is not primarily liable therefor. | "One insurer has no right of contribution from another insurer with respect to its payment on an obligation for which it was primarily responsible, since such an insurer's full and complete payment only secondary." Id. at p. 1298, 77 Cal.Rptr. 2d 296.) In contrast to equitable contribution, the "aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged; and to relieve entirely the insurer or surety, who indemnifies the loss and is not primarily liable therefor." Id. at p. 1296, 77 Cal.Rptr. 2d 296. | Is the aim of equitable subrogation to place the burden for loss on the party ultimately responsible for it and by whom it should have been discharged; and to relieve entirely the insurer or surety who indemnified loss and who is not primarily liable for it? | Subrogation - Memo # 563 - C - 01.docx | ROSS-003288439-ROSS-003288440 | Condensed, SA | 0.48 | | | | 1 | |
| 546 | Cruickshank v. Clean Seas Co., 346 B.R. 571 | 366+26 | Equitable principle behind "subrogation", an old form rooted in equity which today is used in contracts involving the rights of one another, is that when one, pursuant to obligation, and so not a volunteer, fulfils the duties of another, he is entitled to assert the rights of that other against third persons. | Moreover, the plaintiffs have not established a legal basis for their contention that they should be subrogated to the rights of their maritime customers whose warranty claims they have paid. "Subrogation is an old form ... rooted in equity, which today is used in contracts involving the rights of one another, Fuller v. Schapiro, 358 Mass. 789, 792, 267 N.E.2d 453, 454 (1971). A "covers only those situations where one party pays a debt for which another is primarily liable..." ... | Does the equitable principle behind "subrogation" is that when one, pursuant to obligation, and so not a volunteer, fulfils the duties of another, he is entitled to assert the rights of that other against third persons? | 04395.docx | LEGALEASE-0021191-LEGALEASE-0021192 | Condensed, SA, Sub 0.77 | | 1 | | 1 | 1 | |
| 547 | Dawson v. Higgins, 197 A.D.2d 127 | 149+295 | Property owner who challenges government action as regulatory taking bears heavy burden of overcoming presumption of constitutionality that attaches to regulation and of proving every element of his claim beyond a reasonable doubt. | Plaintiff also claims a regulatory taking. Concededly, certain governmental action affecting property may constitute a taking even if it does not result in the physical occupation of the property. ... However, have never faced such a taking merely because a regulation deprives owner of the most beneficial use of the property. To constitute a regulatory taking the challenged action must be such that they "fail substantially to advance a legitimate state interest or deprive the owner of economically viable use of property." ... (U.S. at 834, 107 S.Ct. at 3147; Keystone Bituminous Coal Assn. v. DeBenedictis, 480 U.S. 470, 485, 107 S.Ct. 1232, 1243). The property owner who challenges government action as a regulatory taking "bears the heavy burden of overcoming the presumption of constitutionality that attaches to the regulation and of proving every element of this claim beyond a reasonable doubt" (de Si Aubin v. Flacke, 68 N.Y.2d 66, 76, 505 N.Y.S.2d 669, 496 N.E.2d 879.) Plaintiffs have failed to meet this burden. | Does a property owner asserting a takings claim bear the burden of overcoming the presumption of constitutionality that attaches to the regulation and of proving every element of this claim beyond a reasonable doubt? | 01742.docx | LEGALEASE-0021884-LEGALEASE-0021885 | SA, Sub 0.77 | | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 548 | State v. Grubb, 28 Ohio St. 3d 199 | 110+634(3H) | Thus, a motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue at trial, and as a result of its limited and precautionary nature, it does not attach when the motion is granted. Finality does not attach when the motion is granted. And because the trial court is not bound by its interlocutory evidentiary ruling, and it remains within the court's discretion to change its ruling on the disputed evidence in its actual context. | "Motion in limine," if granted, is a tentative, interlocutory, precautionary ruling by trial court reflecting its anticipatory treatment of an evidentiary issue at trial, and as a result of its limited and precautionary nature, trial court is not at liberty to consider admissibility of disputed evidence in its actual context. " State v. White (1982), 6 Ohio App.3d 1, at 4, 451 N.E.2d 533. | "Does a ruling on a motion in limine reflect the court's anticipated treatment of an evidentiary issue at trial, and is a tentative, interlocutory ruling by which the trial court is at liberty to change at trial?" | Pretrial Procedure - Memo # 173 - C - CRit.docx | ROSS-003298154-ROSS-003298155 | Condensed_SA | 0.2 | | 1 | | 1 | |
| 549 | Hawker v. State, 951 So. 2d 945 | 30+943 | In light of the relevance of Hawker's admission to Robison's evaluation and recommendation, we reject Hawker's contention that the trial court abused its discretion by permitting Robison to rely on the admission. See Rackham v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001) ("The admission of evidence lies within the sound discretion of the trial court, and an appellate court will not disturb a trial court's ruling on admissibility of evidence absent an abuse of discretion. See Mendoza v. State, 700 So.2d 791 (Fla. 4th DCA 1997). However, a trial court's discretion is limited by the rules of evidence. See Taylor v. State, 601 So.2d 1304, 1305 (Fla. 4th DCA 1992)."). It is well settled that motion in limine rulings are subject to change during trial as the trial court develops an understanding of the facts and circumstances of the case. See Dailey v. State, 594 So.2d 145, 150 (Fla. 4th DCA 1992) ("A judge's pretrial ruling on a motion in limine is 'entirely tentative'…"). See Johnson v. State, 660 So.2d 648, 658 (Fla. 1st DCA 1995). Such a ruling may be based on an incomplete and proffer or on the trial court's limited understanding of the issue in the case, not having heard the first bit of evidence. The shifting sands of the trial in progress may cause a judge to alter an earlier evidentiary ruling based on a maturing understanding of the case. See Brockmann v. State, 341 So.2d 688, 690 (Fla. 4th DCA 1976)."). In the case at bar, once Robison was called upon to testify at trial, the trial court determined under the circumstances that representation and arguments made during the motion in limine hearing, the trial court established the requirements for Jimmy Ryce Act commitment. Consequently, the trial court did not abuse its discretion by permitting its motion in limine ruling, as such was not served in stone, based upon its full and fair consideration of the relevance of Hawker's admission to Robison's conclusion. | Motion in limine rulings are subject to change during trial as the trial court develops an understanding of the facts and circumstances of the case, such a ruling may be based on an incomplete and proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence. | "Can a motion in limine be based on an incomplete and proffer or on the trial court's limited understanding of the issues in the case, not having heard the first bit of evidence?" | 02A157.docx | LEXALEAD-00122033-LEXALEAD-00122034 | Condensed_SA | 0.82 | | 1 | | 1 | |
| 550 | Ni-aka v. Red. Republic of Nigeria, 238 F.Supp. 3d 17 | 221+342 | "When two government deal directly with each other as two sovereigns, they are in a situation not analogous to dealings with a private party. Even in the case of a commercial activity, such as the sale of oil, which might have some connection to commercial activity, See Foreign government officials speech that goes "voice to the foreign government operating within its own territory" may constitute an act of state. See Hourani, 796 F.2d at 137-38, see also id. at 11 [statement posted on the website of Kazakhstan's Embassy to the United States], "with the active support of the government" was an act of state). Riggs, 163 F.3d at 1345 [letter representing a decree by the Brazilian Ministry of Finance constitutes an act of state]. The case thus squarely within these precedents. The 2014 letter that is the gravamen of Neuka's complaint is an official communication from the Nigerian government to the U.S. government concerning Neuka's authorization to speak on behalf of the Nigerian state in an asset forfeiture case instituted by the U.S. government. As such, even if the communication is subject to the act of state doctrine. As such, to the extent that the defendant is an instrumentality of a foreign government, official speech that goes "voice to the foreign government operating within its own territory" may constitute an act of state [that the district court would deem valid under act of state doctrine]. | Even when it is not directed solely to another government, does official speech that gives voice to the foreign government speaking from within its own territory constitute an act of state that district court would deem valid under act of state doctrine? | 037003.docx | LEXALEAD-00123727-LEXALEAD-00123728 | SA_Sub | 0.83 | | | | 1 | |
| 551 | Geophysical Serv. v. TGS-NOPEC Geophysical Co., 850 F.3d 785 | 221+342 | The act of state doctrine "limits, for prudential rather than jurisdictional reasons, the adjudication in American courts of the validity of a foreign sovereign's public acts." The doctrine applies "when an action where "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." Though seemingly international in character, the act of state doctrine concerns the internal operation of powers, "reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." It is not clear or state when a court must decide that is, when the outcome of the case turns upon "the effect of official action by a foreign state, and even if the act is not based specifically on a sovereign act… | "Act of state doctrine" limits, for prudential rather than jurisdictional reasons, adjudication in American courts of validity of foreign sovereign's public acts; doctrine applies when relief sought or defense interposed would have required a court in United States to declare invalid official act of a foreign sovereign performed within its own territory, but the act of state doctrine concerns internal operation of powers, and even if the suit is not based specifically on a sovereign act. | "Does the act of state doctrine apply whenever the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign?" | International Law - Memo # 70 - C - LK.docx | ROSS-003283872-ROSS-003283872 | Condensed_SA | 0.42 | | 1 | | 1 | |

108

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,029 |
| 552 | Walter Fuller Aircraft Sales v. Republic of Philippines, 965 F.2d 1375 | 221v342 | When determining whether act of state doctrine limits adjudication in American courts, Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question to adjudication of the suit? | The act of state doctrine serves to enhance the ability of the Executive Branch to manage foreign affairs by preventing the judicial branch from judging foreign public acts. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 938, 11 L.Ed.2d 804 (1964). When determining whether the act of state doctrine limits adjudication in American courts, we look not only to the acts of the named defendants, "but [to] any governmental act whose validity would be called into question by adjudication of the suit." Callejo, 764 F.2d at 1113. The defendants assert that the act of state doctrine applies because resolution of this suit will call into question the Philippine government's grant of power to the PCGG to sequester and sell assets, the PCGG's official acts of sequestering and selling the Aircon, the Philippine Supreme Court's decision that the PCGG had no authority to sell the aircraft and that the proceeds of the sale should be placed in escrow.... and the defendants argue that even if the validity of the PCGG's official acts are not at issue, the act of state doctrine for the repudiation of commercial obligations, it is inapplicable here because the PCGG's commercial acts were traceable to sovereign acts. | "When determining whether act of state doctrine limits adjudication in American courts, Court of Appeals looks not only to acts of named defendants, but to any governmental acts whose validity would be called into question to adjudication of the suit?" | 019807.docx | LEGAL-EA 00131564-LEGALEASE-00131566 | SA, Sub | 0.81 | 0 | | | 1 | |
| 553 | Animal Sci. Prod. v. China Nat. Metals & Minerals Imp. & Exp. Grp., 702 F. Supp. 2d 320 | 221v342 | The bulk of the parties' abstention-related arguments focus on the act of state doctrine, even though the doctrine is facially inapplicable to the case at bar. As noted supra, the doctrine is, effectively, an inquiry into "a consequence of domestic separation of powers." ACL Int'l at 937. ACL, 493 U.S. at 405-11 115 U.S.C. at 1120, 118 L.Ed. 2d 105; 495 U.S. 400, 405, 110 S.Ct. 701 (1990); Kirkpatrick, 493 U.S. at 404, 110 S.Ct. at 105, and it directs the court to "dismiss the suit if its resolution would require a court to declare invalid an official act of a foreign sovereign." Similarly, 63 F.3d at 36; Kirkpatrick, 493 U.S. at 406, 110 S.Ct. at 105. Nevertheless, because the act of state doctrine is inapplicable on official act of a foreign sovereign," Gross, 456 F.3d 363. Although the law is unsettled as to whether the doctrine is amenable to the FSIA's expansive definition of the term of "foreign state" (i.e. whether "instrumentalities," such as 100% state-owned entities, might be deemed a "foreign sovereign" for the purposes of the doctrine), it is well settled that the doctrine envisions a "commercial activity" exception, pursuant to which abstention is unwarranted "as to acts committed by foreign sovereigns in course of commercial activity." See Alfred Dunhill, 425 U.S. at 937. See also Williams, 694 F.Supp.2d at 307,250 and n.2; see also Glaxo Petroleum, 722 F.2d 404, 408. Hence, to an inquiry as commercial separation of powers, effectively, a consequence of domestic separation of powers, and allows no cross-matching. See e.g. Callejo, 764 F.2d at 1113. Here, however, Defendants try to do exactly that they must further explain, with respect to the "commercial activity" exception operating through the MOFCOM and CCCMC, and certain regulations and similar measures with regard to the export of respective commodities, is sufficient to comply with act/governmental regulations and measures [and (ii) since | "Is the act of state doctrine is an inquiry into a consequence of domestic separation of powers, and it directs the court to dismiss the suit if its resolution would require the court to declare invalid an official act of a foreign sovereign?" | International Law-Memo #208 - C - MG.docx | ROSS-003314568-ROSS-003314569 | Condensed, SA | 0.89 | 0 | 1 | | 1 | |
| 554 | In re Estate of Ferdinand E. Marcos Human Rights Litig., 978 F.2d 493 | 170Bv1297 | In addition to reviewing defendant's immunity, for court to determine whether plaintiff has claim for tort substantial violation of international law, it must decide whether there is applicable norm of international law, whether it is recognized by United States, what its status is and whether it was violated in particular case. U.S.C.A. Const. Art. 3, § 2, cl. 1; 28 U.S.C.A. § 1350. | In addition to reviewing defendant's immunity, for court to determine whether a plaintiff has a claim for tort committed in violation of international law, under the Alien Tort Claims Act, should it first decide whether there is applicable norm of international law, and then whether it was violated in the particular case?" | In re Estate of Ferdinand E. Marcos Human Rights Litigation. To determine whether plaintiffs have stated a cause of action under the question jurisdiction under § 1350 (1), (2) ("[T]he many instances which decide a plaintiff has a claim for a tort committed in violation of international law under the Alien Tort Claims Act it must first decide whether there is an applicable norm of international law, whether it is recognized by this country, what its status is, and whether it was violated in the particular case." Id. (citing Filartiga, 630 F.2d at 880). The law of nations is part of federal common law. See Filartiga, 630 F.2d at 887 (citing The Paquete Habana, 175 U.S. 677, 700, 20 S.Ct. 290, 299, 44 L.Ed. 320 (1900)). International law is part of our law, and must be ascertained and administered by the courts of justice of appropriate jurisdiction, as often as questions of right | "For a court to determine whether a plaintiff has claim for tort committed in violation of international law, under the Alien Tort Claims Act, should it first decide whether there is applicable norm of international law, and then whether it was violated in the particular case?" | International Law-Memo # 391 - C - TI.docx | ROSS-003319364-ROSS-003319365 | SA, Sub | 0.86 | | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 555 | Marucah Auto Hog Horses v. Zuites, 155 A.D.2d 23 | 86>(1)) | Surety who answers for default of its principal pursuant to terms of performance bond, either by completing the work required under the principal's contract with the owner-obligee, or by paying compensation to the owner-obligee, is entitled to be subrogated to the rights of the obligee whom he has paid, or on whose behalf he has compensated the obligee, and thus by answering for default of its principal pursuant to terms of performance bond, either by completing the work required under the principal contract; however, this right is not exclusive of all other equitable subrogation rights. | "Is a surety who answers for the default of its principal pursuant to terms of performance bond, either by completing work required under the principal's contract with the owner-obligee, or by paying compensation to the owner-obligee, subrogated to the rights of the obligee whom he has paid, or on whose behalf he has completed contract?" | Subrogation - Memo # 964 - C - NA1.docx | ROSS-003297894-ROSS-003297897 | Condensed, SA | 0.85 | | 1 | 0 | 1 | |
| 556 | Skip Kornilov for v. United States, 24 Cl.Ct. 466 | 148x21 | The United States may be held responsible for a taking even when its actions raise the final direct cause of the property loss; the government's involvement in deprivation of private property is sufficiently direct and substantial to require compensation under the Fifth Amendment. | Can the United States be held responsible for a taking even when its action is not the final direct cause of the property loss or damage? | 0175001.docx | LEGALEASE 00124328-LEGALEASE 00124329 | SA, Sub | 0.28 | | | 1 | | |
| 557 | WuxiHolwa v. Winston, 214 F.2d 679 | 148x21 | Even though fundamental principles of State property law may define property rights, the Takings Clause nevertheless limits a State's authority to redefine prevailing property rights, so that a State may not by disavowing traditional property interests long recognized under state law transform private property into public property without compensation. | "Can a State, by ipse dixit, transform private property into public property without compensation?" | 0173318.docx | LEGALEASE 00125351-LEGALEASE 00125352 | SA, Sub | 0.67 | | | 1 | | |
| 558 | Bearal v. Freeport-McMellan, 989 F.Supp. 342 | 24 x763 | For purposes of the Alien Tort Statute, an "international tort," i.e., one that violates the law of nations, should satisfy the following requirements: no state condones the act in question and there is a recognizable "universal" consensus of prohibition against it; there are sufficient criteria to determine whether a given action amounts to the prohibited act and thus violates the norm; and the prohibition against it is nondelegable and therefore binding at all times upon all actors. | "For purposes of the Alien Tort Statute, an ""International tort,"" what are the requirements that should be satisfied?" | International Law - Memo 346 - 58.docx | ROSS-003297313-ROSS-003297315 | SA, Sub | 0.66 | | | | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| ROW | Judicial Opinion | WNRS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 559 | Kalamazoo Spice Extraction Co. v. Provisional Military Gov't of Socialist Ethiopia, 729 F.2d 422 | 221+342 | The act of state doctrine is an exception to the general rule that a court of one country will not sit in judgment on the acts of the government of another done within its own territory … | Act of state doctrine is an exception to general rule that court of this political branches before acting on jurisdiction standards are not exercised in the case before it by choosing the rules appropriate for decision from among various sources of law, including international law. | It the act of state doctrine is an exception to the general rule that a court of one country will not sit in judgment on the acts of the government of another done within its own territory … | International Law - Memo # 504 - C - X.doc | ROS5-00023457-ROS5-00333458 | Condensed, Law | 0.71 | 0 | 1 | | 1 | |
| 560 | Mele v. Bell, 228 Ga. App. 532 | 307H+1 | On appeal an appellate court must construe the evidence most strongly to support the verdict and judgment since they have been approved by the trial judge … | Preliminary hearing of defenses of lack of jurisdiction over person, improper venue, and improper service, and improper venue, may be heard and determined by court before trial on application for motion to be heard and determined by court before trial on application motion and shall be determined by trial court. | "Can a preliminary hearing of defenses of lack of jurisdiction over person, improper venue, and improper service, and improper venue, may be heard and determined by court before trial on application for a motion to be heard and determined by trial court?" | Pretrial Procedure Memo # 461 - C - HHM.doc | ROS5-00197217-ROS5-00197218 | Condensed, SA | 0.74 | | 1 | | 1 | |
| 561 | Alliano v. Sarno, 87 N.J. 199 | 307H+1 | To determine whether a particular wrongful death plaintiff may pursue … | To determine whether wrongful death plaintiff may pursue elements of damages that technically could have been but in fact were not recovered in inverter action, trial court must conduct a pretrial hearing to determine the elements of damages that plaintiff may pursue … | Should the trial court conduct a pretrial hearing to determine whether the decedent has sufficient … discovered before a prior action if the decedent had exercised reasonable diligence and intelligence in investigating the original injuries? | Pretrial Procedure - Memo # 480 - C - LK.doc | ROS5-00329801-ROS5-00319802 | Condensed, SA, Sub | 0.49 | | 1 | 1 | 1 | 1 |
| 562 | Totten v. United States, 92 U.S. 105 | 393+1 | We have no difficulty as to the authority of the President in the matter … the employment … as to secret services. The service might compromise or embarrass our government in its public duties … and render liable to public animadversion the individuals and officers … | A contract between President of the United States as commander-in-chief of the army and secret agent, under which secret agent was to enter rebel lines and obtain information respecting strength, resources and movements of the enemy … stipulated out of the contingent fund under the president's control. | Is the President of the United States authorized to employ secret agents to enter rebel lines? | | LEGAL14X-00126286-LEGAL04X-00126287 | SA, Sub | 0.82 | | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 563 | Smith v. Loews Miami Beach Hotel Operating Co., 35 So. 3d 101 | 307A+502 | The party seeking affirmative relief has an almost absolute right to dismiss his entire action once without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment. West's F.S.A. RCP Rule 1.420(a)(1). | Florida Rule of Civil Procedure 1.420(a)(1) provides in pertinent part: Except in actions in which property has been seized or is otherwise in the custody of the court, an action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment ... Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim (emphasis added). In accordance with this rule, the "party seeking affirmative relief has an almost absolute right to dismiss his entire action once without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment." Manns Contractors, Inc. v. Americ, Inc., 472 So.2d 77, 79 (Fla. 2d DCA 1984) (citing Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla. 1978)). | Does the party seeking affirmative relief have a right to dismiss the entire action without a court order by serving a notice of dismissal at any time before a hearing on a motion for summary judgment? | Pretrial Procedure - Memo #356 - C - 55.docx | ROSS-003190119-ROSS-003190340 | SA, Sub | 0.77 | 0 | | 1 | 1 | |
| 564 | Wolf v. Scott Wetzel Servs., 113 Wash. 2d 665 | 413+1 | Under the Industrial Insurance Act, employer pays some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law action and remedies in exchange for sure and certain relief. West's RCWA 51.04.010, 51.12.010. | It has long been recognized that the Industrial Insurance Act (IIA) (RCW Title 51) reflects a quid pro quo compromise between employees and employers. Under the IIA, the employer pays some claims for which it would not be liable under the common law in exchange for limited liability. The employee, on the other hand, gives up common-law actions and remedies in exchange for sure and certain relief, as enacted by the legislature, the IIA accomplishes this quid pro quo compromise through the following exclusive remedy provisions: The state of Washington ... exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as in this title provided. Under such remedy ... RCW 51.04.010 (part). Each worker injured in the course of his or her employment, or his or her family or dependents in case of death of the worker, shall receive compensation in accordance with this chapter, and, except as in this title otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever ... (Italics ours.) RCW 51.32.010 (part). | "Note the Industrial Insurance Act, does an employer pay some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief?" | Workers Compensation - Memo #112.HK.docx | LEG4LEASE-00018832, LEG4LEASE-00018834 | SA, Sub | 0.82 | 0 | | 1 | 1 | |
| 565 | City of La Crosse v. Wisconsin Employment Relations Comm'n, 182 Wis. 2d 15 | 413+1 | Workers' Compensation Act represents legislative compromise between interests of employers, employees and public in resolving compensation disputes regarding work-related physical or mental harms arising in industrial society. W.S.A. 102.01 et seq. | The Worker's Compensation Act (Act) represents the legislative compromise between the interests of employers, employees and the public in resolving compensation disputes regarding work-related physical or mental harms arising in industrial society. See General Motors Assembly Division, 145 Wis.2d 1, 11, 429 N.W.2d 551 (1988); State v. Labor & Industrial Review Comm, 136 Wis.2d 281, 287, 401 N.W.2d 585 (1987); Jenkins v. Sabourin, 104 Wis.2d 309, 322, 311 N.W.2d 600 (1981). | "Does the workers compensation act represent a legislative compromise between the interests of the employers, employees and the public in resolving compensation disputes regarding work related physical or mental harms arising in industrial society?" | 040540.docx | LEG4LEASE-00128698, LEG4LEASE-00128699 | SA, Sub | 0.5 | 0 | | 1 | 1 | |
| 566 | Harrell Herring v. State, 112 A.3d 143 123 | 307A+502 | While the decision to grant an application to discontinue a proceeding representatives to withdraw from this action. CPR 3217(b) provides that an action or proceeding may be discontinued "upon order of the court and upon terms and conditions, as the court may appear proper." While the decision to grant such an application is generally committed to the sound discretion of the trial court, a party cannot ordinarily be compelled to litigate and, absent special circumstances, discontinuance should be granted. | While the decision to grant an application to discontinue a proceeding is generally committed to the sound discretion of the trial court, a party cannot ordinarily be compelled to litigate and, absent special circumstances, a discontinuance should be granted. "While the general policy is to permit a party who no longer wishes to pursue an action to discontinue that action without prejudice ... the court retains some measure of discretion in the matter." Tucker, 59 N.Y.2d at 376, 451 N.E.2d 1299, 465 N.Y.S.2d 848; N.E.2d 1299 (1982)), a party cannot ordinarily be compelled to litigate and, absent special circumstances such as prejudice to a substantial right of the defendant or other improper consequences discontinuance should be granted. Tucker v. Tucker, 55 N.Y.2d 378, 380, 449 N.Y.S.2d 683, 434 N.E.2d 789 (1982); see also 9696 N.Y.2d 67 (2013); Matter of Blanck v. Breakel, 434 A.D.2d 1000, 1002-1003, 832 N.Y.S.2d 474 (2007); Christensen v. Gutman, 249 A.D.2d 805, 806, 671 N.Y.S.2d 835 (1998). | "While the determination to permit a plaintiff to voluntarily discontinue an action is generally within the sound discretion of the court can a party ordinarily be compelled to litigate and, absent special circumstances, should be granted?" | Pretrial Procedure - Memo # 1286 - C - RF.docx | ROSS-003287715-ROSS-003287724 | Condensed, Order, SA | 0.62 | 1 | 1 | 0 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 23,876 | 9,029 |
| 567 | Ballard v. Meyers, 275 Ga. 307 | 307Ak331 | The pretrial disclosure requirement does not extend to documentary evidence upon which a party may possibly rely defensively for impeachment purposes, those documents that a litigant intends to rely upon affirmatively to meet the burden of proving his or her case must be disclosed in the pretrial order. | Our holding is a narrow one, as it provides only that the pretrial disclosure requirement does not extend to documentary evidence upon which a party may possibly rely defensively for impeachment purposes. Those documents that a litigant intends to rely upon affirmatively to meet the burden of proving his or her case must be disclosed in the pretrial order. Before trial, Ballard's lawyer did obtain a certified copy of the complaint in the prior action. It is urged that, under these circumstances, he reasonably anticipated using it at trial and, therefore, should be required to list it in the pretrial order. As previously noted, however, the controlling presumption is that all witnesses speak the truth. Durham v. Holeman... As a result, the trial court anticipate that the need to introduce impeaching evidence will not arise. However, that presumption of veracity is only a rebuttal presumption, not an irrebuttable one, and the good trial lawyer should be prepared to meet contrary testimony or other evidence that is false. Thus, counsel for Ballard was reasonably justified in assuming that he would not need to introduce the complaint, but he was also professionally obligated to obtain a certified copy of that document in the event that the necessity proved incorrect. Therefore, the failure to list the document was not an intentional act of ambush, but an instance of adherence to applicable legal and professional concepts. Ballard otherwise would have urged the presumption upon which Ballard's lawyer acted on his head, so that it would allow the prevailing party to obtain and to introduce testimony solely by the other side may testify falsely and thereby subject themselves to impeachment. Because that would constitute a departure from settled principles of Georgia law, the judgment of the Court of Appeals is reversed with direction to remand this case for retrial. | Must those documents that a litigant intends to rely on affirmatively to meet a burden of proving his or her case be disclosed in a pretrial order? | Pretrial Procedure - Memo # 182 - C - T1.docx | ROSS-000327515-ROSS-000327516 | SA, Sub | 0.82 | 0 | | | | |
| 568 | Patterson v. Liz Claiborne, 872 So. 2d 181 | 307Ak721.1 | In order to be entitled to a continuance, the movant must establish: (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence is not made merely for purposes of delay concurring in the result). | Continuances are not favored, and the decision whether to grant or deny a motion for a continuance is within the sound discretion of the trial court. In re Vroylia, 494 So.2d 821 (Ala.Civ.App.1986). The decision whether to grant or deny a continuance will be reversed on appeal only upon a showing of "a gross abuse" of the trial court's discretion. Scott v. Farnell, 532 So.2d 708, 709 (Ala.Civ.App.1987). In order to be entitled to a continuance, the movant must establish: (1) that the expected evidence will be material and competent; (2) a probability that the testimony can be obtained at a future date to which the cause may be continued or postponed; (3) due diligence having been exercised by the movant to secure the absent witness or evidence; (4) the expected evidence is not made merely for purposes of delay (Per Thompson, J., with one judge concurring and one judge concurring in the result). | In order to be entitled to a continuance, what must a movant establish? | 024695.docx | LEGALEXE-00129996-LEGALEXE-00129998 | SA, Sub | 0.33 | 0 | | 1 | | |
| 569 | Walton v. New York State Dep't of Corr. Servs., 57 A.D.3d 1180 | 371v2001 | Regardless of the label placed on a charge or an assessment, "taxes" are burdens of a pecuniary nature imposed for the purpose of defraying the costs of government services generally without relation to particular benefits derived by the taxpayer. | Regardless of the label placed on a charge or an assessment, "taxes" are burdens of a pecuniary nature imposed for the purpose of defraying the costs of government services generally without relation to particular benefits derived by the taxpayer (New York State Apartment House Assn. v. City of New York, 65 N.Y.2d 147, 153...). A fee, by contrast, is imposed for the purpose of providing service to DOCS facilities. Indeed, the PSC noted, in describing the contractual arrangement between MCI and DOCS, that the commission in 2004-21 (151 518, 513 N.Y.S.2d 191 [1994], see Watergate II Apts. v. Buffalo Sewer Auth., 46 N.Y.2d 52, 56, 412 N.Y.S.2d 821, 385 N.E.2d 560 [1978]; Albany Area Bldrs. Assn. v. Town of Guilderland, 141 A.D.2d 293, 299, 534 N.Y.S.2d 791 [1988], affd. 74 N.Y.2d 372, 547 N.Y.S.2d 627, 546 N.E.2d 920 [1989]; Matter of Joslin v. Regan, 63 A.D.2d 466, 470, 406 N.Y.S.2d 938 [1978], affd. 48 N.Y.2d 746, 422 N.Y.S.2d 662, 397 N.E.2d 1329 [1979]). In DOCS facilities, the commission ... jail ("regardless of whether MCI received payment from users of the telephone system" and "for whatever the privilege of providing service in DOCS facilities. Indeed, the PSC noted, in describing the contractual arrangement between MCI and DOCS, that the commission is akin to that paid by telephone operators to telephone companies to gain access to telephone users (see Matter of AT & T's Private Payphone Commn. Plan, 3 FCC Rcd. 5834, 5865, 1988 WL 488337 [1988]; see also Interstate Purchase, Inc. v. AT & T Co., 14 FCC Rcd. 1706, 1990, 1991 WL 4027771 [1991]), and the fact that a telephone company passes these expenses on to its customers does not transform such commissions into taxes (see Watson, 132 N.M. 667, 673, 54 P.3d 71, 77 [2002]; see also ...). | Are taxes a burden of a pecuniary nature imposed for the purpose of defraying the costs of government service generally without relation to particular benefits derived by the taxpayer? | 044723.docx | LEGALEXE-00130866-LEGALEXE-00130868 | Condensed, SA | 0.9 | 0 | 1 | 0 | 1 | |
| 570 | United States v. Robinson, 663 F.3d 265 | 63+50 | Provision of federal funds bribery statute indicating that "[t]his section does not apply to bona fide salary, wages, fees, or other compensation paid in the usual course of business or other expenses paid in the usual course of business incident to meet the $5,000 threshold amount. Subsection 666(c) provides: "This section does not apply to bona fide salary, wages, and other compensation, but did not preclude compensation paid in the usual course of business nor payment of salary evidence or means for a particular business. "We disagree that this provision precludes the government's use of salary evidence to establish the transactional element of the offense. Subsection 666(c) creates an exception to the federal funds bribery statute for "bona fide" salary and other compensation paid "in the usual course of business." The phrase "[t]his section does not apply." | Provision of federal funds bribery statute indicating that "[t]his section does not apply to bona fide salary, wages, fees, or other compensation paid in the usual course of business" did not preclude government's use of salary evidence to prove the value of "business" or "transaction" for the purpose of value of bribe taker intended to influence. 18 U.S.C.A. § 666(c). | "Can a defendant's bona fide salary, wages, fees, or other compensation paid in the usual course of business be used to establish the transactional element of the offense of bribery?" | 012371.docx | LEGALEXE-00132100-LEGALEXE-00132101 | Condensed, SA, 0.53 | 0.53 | | 1 | | | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 571 | Futrell v. Scott Truck & Tractor Co. of Louisiana, 629 So. 2d 449 | 307A+749.1 | Inherent in the theory of pre-trial procedure are the orderly disposition of each case and of the entire docket and the avoidance of surprise. Eanes v. McKnight, 262 La. 915, 265 So.2d 220 (1972). These are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of the action. Id. | Inherent in theory of pretrial procedure are orderly disposition of each case and of entire docket and avoidance of surprise; these are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action. LSA-C.C.P. art. 1551. | Is an orderly disposition of each case and avoidance of surprise inherent in theory of pretrial procedure and are they sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of action? | 027259.docx | LEGALEASE-00132248-LEGALEASE-00132249 | SA, Sub | 0.21 | 0 | 0 | 1 | 1 | |
| 572 | United States v. Pacchioli, 718 F.3d 1294 | 63+1(1) | The statute is phrased in the disjunctive, and therefore a " 666(a)(2) violation can be proven in three distinct ways: (1) either by giving, offering or agreeing to give a thing of value to any person; (2) with the corrupt intent to influence or reward an agent of an organization that receives more than $10,000 in federal funding in any one-year period; (3) in connection with any business transaction or series of transactions of that organization involving more than $5,000. See United States v. Castro, 89 F.3d 1443, 1454 (11th Cir.1996). Moreover, although the government charged this crime in the conjunctive, the government needed to prove only, in the disjunctive, one of the three charged acts. See United States v. Felts, 579 F.3d 1341, 1344 (11th Cir.2009). Thus, if the government had charged only the agreement or proven only the date of the agreement, then the first element would have been met, and the limitations period would have run, from the date of the agreement. But if the government charged and proved all three acts, as it did, we would determine whether any one of the three acts occurred within the five years preceding the indictment. Thus, if the government had proven the act of giving, then the limitations period would have run from the date the defendant actually gave the bribe"even if the agreement to bribe had occurred earlier. | A violation of federal statute proscribing theft or bribery in connection with program receiving federal funds can be proven in three distinct ways: (1) by giving, offering or agreeing to give a thing of value to any person; (2) with the corrupt intent to influence or reward an agent of an organization that receives more than $10,000 in federal funding in any one-year period; (3) in connection with any business transaction or series of transactions of that organization involving more than $5,000. 18 U.S.C.A. S 666(a)(2). | How should a theft or bribery in connection with program receiving federal funds be proven? | Bribery - Memo #139 - C-JL.docx | ROSS-003287169-ROSS-003287170 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 573 | Frevele v. McAloon, 222 Kan. 295 | 307A+749.1 | The record clearly discloses that defendants were informed of all of the witnesses to be used by plaintiff well within the time limitation of March 15, 1975, prescribed by the pretrial order. We fail to see how defendants were prejudiced under such circumstances. While a pretrial order, under K.S.A. 60-216, controls the subsequent course of the action, the order is subject to the proviso "unless modified at the trial to prevent manifest injustice." We have held the proviso reposes large discretionary power in the trial court. (Bartlett v. Heersche, 204 Kan. 392, 462 P.2d 763 Syl. 8.) | A pretrial order, entered by the trial court pursuant to statute, controls subsequent course of an action unless such order is modified at the trial to prevent manifest injustice; statute reposes in trial court large discretionary powers. Rules of Civil Procedure, rule 16, K.S.A. 60-216. | "Does a pretrial order, entered by the trial court pursuant to statute, control subsequent course of an action unless such order is modified at the trial to prevent manifest injustice; statute reposes in trial court large discretionary powers?" | Pretrial Procedure - Memo # 1836 - C - KS.docx | ROSS-003287277-ROSS-003287278 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 574 | Burry & Son Homebuilders v. Ford, 310 S.C. 529 | 307A+517.1 | Generally, the plaintiff is entitled to a voluntary non-suit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present. Bowen & Smoot v. Plumlee, 301 S.C. 262, 391 S.E.2d 558 (1990). Once legal prejudice is found, the granting or denial is within the discretion of the trial court. Moore v. Berkeley County, 290 S.C. 43, 348 S.E.2d 174 (1986). Here, the prejudice alleged and relied upon by the trial court was the fact that Ford would have to bring his counterclaim in the county of Burry's residence. We agree that the loss of proper venue in one's county of residence suffices to establish legal prejudice. We find no abuse of discretion in this case. We, therefore, affirm the denial of Burry's motion for voluntary dismissal. | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as matter of right unless legal prejudice is shown by defendant or important issues of public policy are present; once legal prejudice is found, granting or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Is a plaintiff entitled to a voluntary non-suit without prejudice as a matter of right unless the defendant shows legal prejudice or important issues of public policy are present? | 028575.docx | LEGALEASE-00132728-LEGALEASE-00132729 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 575 | Loman v. Freeman, 375 Ill. App. 3d 445 | 97C+117 | Although the parties in this case explicitly agreed that defendant would refrain from operating on the right stifle, defendant's duty to refrain from doing so did not arise exclusively from the service contract. The parties' agreement in this respect was nothing more than an acknowledgment of defendant's preexisting common-law duty to refrain from altering the horse in any manner except as authorized by plaintiffs. See Rajkovich v. Alfred Mossner Co., 199 Ill.App.3d 655, 659, 145 Ill.Dec. 726, 557 N.E.2d 496, 499 (1990). "One who exercises any privilege to commit an act which would otherwise be a trespass to a chattel or a conversion is subject to liability for any harm to the interest of another in the chattel caused by dealing with it in a manner which is in excess of the privilege * * *." Restatement (Second) of Torts " 278, at 507 (1965). In short, "[i]f the actor exceeds the consent, it is not effective for the excess." Restatement (Second) of Torts " 892A, at 364 (1965). Contract or no contract, if one cuts, carves, lacerates, incises, or otherwise alters someone else's property except as authorized by that person, one commits a classic tort: either trespass to chattels or conversion, depending on the extent of the alteration. | Contract or no contract, if one cuts, carves, lacerates, incises, or otherwise alters someone else's property except as authorized by that person, one commits a classic tort: either trespass to chattels or conversion, depending on the extent of the alteration. Restatement (Second) of Torts SS 278, 892A. | "Does one commit trespass to chattels if they cut, carve, lacerate, incise, or otherwise alter someone else's property?" | 047318.docx | LEGALEASE-00133316-LEGALEASE-00133317 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 576 | Maybach v. Falstaff Brewing Corp., 359 Mo. 446 | 302+13 | "Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause." [38 Am.Jur., p. 954, sec. 262. See also Rinard v. Omaha K. C. Ry., 164 Mo. 270, 64 S.W. 124; State ex rel. Becker v. Koerner, Mo.App., 181 S.W.2d 1004; Houts "Missouri Pleading and Practice," p. 202, sec. 107.] | Where from nature of case, plaintiff in action for damages for negligence could not be expected to know exact cause of precise negligent acts which became cause of injury, and facts are peculiarly within knowledge of defendant, plaintiff is not required to allege the particular cause. V.A.M.S. S 509.300. | "Will a plaintiff be required to allege a particular cause, where from nature of case, the plaintiff in action for damages for negligence could not be expected to know exact cause of precise negligent act?" | 023265.docx | LEGALEASE-00134242-LEGALEASE-00134243 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 5,079 |
| 577 | In re Gillet I Estate, 8 N.J. 124 ed 7.24 | 124 ed 7.24 | The foreign adoption has, nevertheless, another legal effect... (judicial opinion text) | A child adopted in a foreign country may take under local decree in a foreign country having jurisdiction to fix his status with respect to adopted parents, but this kind of international relationship is subject to conflict that the law, where the right to adoption of citizen in which real and personal property is situated, does not offer state in which real and personal property is situated... | What conditions are a comity subject to? | 020700.docx | LEGALEASE-00135736-LEGALEASE-00135738 | SA, Sub | 0.86 | 0 | | | 1 | |
| 578 | Dublin Spertware v. Chantel, 483 Pa. 633 | 307A+716 | It is here apportioned that appellant's counsel was not available to... (judicial opinion text) | Generally, previous court commitment of attorney which requires his presence before another tribunal, if made known to the trial court before which continuance or extension is sought, constitutes "satisfactory excuse" within meaning of rule permitting party who is ready for trial to discontinue in case. The rule provides... | Generally, does the previous court commitment of attorney which requires his presence before another tribunal, if made known to the trial court before which continuance or extension is sought, constitute "satisfactory excuse"? | 029677.docx | LEGALEASE-00135041-LEGALEASE-00135042 | Condensed, SA, Sub 0.58 | | 1 | | | | |
| 579 | Robinson v. Gisb. No., 100 Ga. App. 139 | 307A+483 | It is well settled that a party's failure to timely respond to requests for... (judicial opinion text) | Party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests, even if the requested admissions require opinion or conclusion of law, so long as the legal conclusion relates to the facts of the case. West's Ga.Code Ann. 9-11-36(b). | "Does a party's failure to timely respond to requests for admission conclusively establish as a matter of law each of the matters addressed in the requests, even if the requested admissions require opinion or conclusion of law, so long as the legal conclusion relate to the facts of the case?" | Pretrial Procedure Memo # 3628 - C - CR.docx | ROSS-003311288-ROSS-003311289 | SA, Sub | 0.73 | 0 | | | 1 | |
| 580 | Kelley v. Gaines, 181 S.W.34 394 | 307A+716 | When a continuance request is premised on the withdrawal of counsel... (judicial opinion text) | When a motion for continuance is premised on the withdrawal of counsel, the movant must show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial. | "When a motion for continuance is premised on the withdrawal of counsel, must the movant show that the failure to be represented at trial is not due to his own fault or negligence, and this principle likewise applies when new counsel is retained shortly before trial?" | Pretrial Procedure Memo # 3395 - C - BP.docx | LEGALEASE-00026233-LEGALEASE-00026234 | Condensed, SA, Sub 0.5 | | 1 | | | | |
| 581 | Bray v. Miller, 397 S.W.2d 103 | 307A+721.1 | Trial judge does not abuse his discretion in overruling a motion for... (judicial opinion text) | Trial judge does not abuse his discretion in overruling a motion for continuance based on absence of witness when allegations of motion are nothing more than mere conclusions of the pleader and do not allege the specific facts to which absent witness could testify. Rules of Civil Procedure, rules 251, 252. | Does a trial judge abuse his discretion in overruling a motion for continuance based on absence of witness when allegations of motion are nothing more than mere conclusions of the pleader and do not allege specific facts to which absent witness could testify? | 030266.docx | LEGALEASE-00136678-LEGALEASE-00136679 | SA, Sub | 0.7 | | | 1 | | |

115

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 582 | Brooker v. Smith, 108 So. 2d 790 | 307A+129 | Rule concerning discovery and production of documents and rule concerning subpoena for taking depositions should be considered in pari materia and a party must make a showing of good cause required by rule concerning discovery before another party will be required to produce documents under subpoena duces tecum. 30 F.S.A.Rules of Civil Procedure, rules 1.28, 1.34(d); Fed.Rules Civ.Proc. rules 34, 45, 28 U.S.C.A. The final question raised by plaintiff attacks that portion of the chancellor's July 1, 1958, order which, as above quoted, held Rules 1.28 and 1.34, F.R.C.P. 1954, 30 F.S.A., in pari materia and as a consequence, that a party must make the showing of good cause required by Rule 1.28 before another party will be required to produce documents under the subpoena duces tecum provided for in Rule 1.34, or more specifically, Rule 1.34(d). | Rule concerning discovery and production of documents and rule concerning subpoena for taking depositions should be considered in pari materia and a party must make a showing of good cause required by rule concerning discovery before another party will be required to produce documents under subpoena duces tecum. 30 F.S.A.Rules of Civil Procedure, rules 1.28, 1.34(d); Fed.Rules Civ.Proc. rules 34, 45, 28 U.S.C.A. | "Is the proper procedure for requiring a production of documents set forth in a rule providing for discovery and production of documents, and requires showing of good cause?" | Pretrial Procedure - Memo # 4010 - C - TM.docx | ROSS-003290602-ROSS-003290603 | Condensed, SA, Sub | 0.51 | 0 | 1 | 1 | 1 | 1 |
| 583 | Krirat v. State, 286 Ga. App. 650 | 110+594(1) | The decision whether to grant or deny a motion for continuance lies within the trial court's sound discretion and this Court will not interfere absent abuse of that discretion. OCGA " 17"8"22; Hartley v. State, 283 Ga.App. 388, 389(1), 641 S.E.2d 607 (2007). Moreover, where a motion is based upon the absence of a witness, the movant must comply with the requirements of OCGA " 17"8"25:In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant must make a showing of the requirements set forth in OCGA " 17"8"25, i.e., the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. Each of the requirements set forth in OCGA " 17"8"25 must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance based upon the absence of a witness. | In all cases wherein a continuance is sought upon the ground of the absence of a witness, the movant must make a showing that the witness is absent, he has been subpoenaed, he does not reside more than 100 miles from the place of trial, his testimony is material, the absence is not with permission of the applicant, his testimony can be procured by the next term of court, the facts expected to be proved, and that application is not made for the purpose of delay. West's Ga.Code Ann. S 17-8-25. | "In an application for a continuance on the ground of the absence of the witness, what are the requirements to be shown by the movant?" | 030811.docx | LEGALEASE-00136840-LEGALEASE-00136841 | Order, SA, Sub | 0.56 | 1 | 0 | 1 | 1 | 1 |
| 584 | West v. Milner Enterprises, 162 Ga. App. 667 | 307A+483 | "Under the provisions of Code Ann. " 81A"136(a), the matter contained in a request for admissions is admitted unless the party served with the request files a written answer or objection within 30 days after service of the request." Davenport v. Smith, 157 Ga.App. 870, 871, 278 S.E.2d 691 (1981). Further, "where a party failed to answer a request for admissions within the requisite time and the admissions removed all issues of fact, the other party was entitled to a grant of its motion for summary judgment." Moore Ventures Ltd. Partnership v. Stack, 153 Ga.App. 215, 217, 264 S.E.2d 724 (1980); Crider v. Pepsi Cola Bottlers, 142 Ga.App. 304(2), 235 S.E.2d 683 (1977); Walker Enterprises, Inc. v. Mullis, 124 Ga.App. 305(2), 183 S.E.2d 534 (1971). To avoid the conclusive establishment of the matters contained in a request for admissions, the party who has failed to answer or to object to a request for admissions within the statutory period must move the court for withdrawal or amendment of the admissions in accordance with Code Ann. " 81A"136(b). "The court may permit withdrawal or amendment of the admission when the presentation of the merits of the action will be subserved thereby, and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits. Code Ann. " 81A"136(b)." (Emphasis supplied). Davenport v. Smith, supra 157 Ga.App. at 871, 278 S.E.2d 691. | To avoid conclusive establishment of matters contained in a request for admissions, party who has failed to answer or object to the request within the statutory period must move the court for withdrawal or amendment of the admissions. Code, S 81A-136(b). | "To avoid conclusive establishment of matters contained in a request for admissions, must the party who has failed to answer or object to the request within the statutory period move the court for withdrawal or amendment of the admissions?" | Pretrial Procedure - Memo # 4164 - C - SB.docx | ROSS-003304137-ROSS-003304138 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 585 | DiMauro v. Metro. Suburban Bus Auth., 105 A.D.2d 236 | 307A+718 | In addition, the error in permitting the third-party plaintiffs to interpose the defective seat belt issue in the third-party action on the eve of trial was exacerbated in this case by the refusal to grant the third-party defendant's request for an adjournment, inter alia, to procure the services of a seat belt expert. As Justice TITONE of this court aptly noted in Balogh v. H.R.B. Caterers, 88 A.D.2d 136, 141, 452 N.Y.S.2d 220: "It is an abuse of discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence (cf. [17] CJS, Continuances, " 46; Ludlam v. Riverhead Bond & Mtge. Corp, 244 App Div 113 [278 N.Y.S. 487] ). Liberality should be exercised in granting postponements or continuances of trials to obtain material evidence and to prevent miscarriages of justice (cf. Canal Oil Co. v. National Oil Co., 19 Cal App 2d 524 [66 P.2d 197] )". | It is abuse of discretion to deny continuance where application complies with every requirement of law and is not made merely for delay, where evidence is material and where need for a continuance does not result from failure to exercise due diligence. | "Is it an abuse of discretion to deny continuance where an application complies with every of law and is not made merely for delay, where evidence is material and where need for a continuance does not result from failure to exercise due diligence?" | 030561.docx | LEGALEASE-00137824-LEGALEASE-00137825 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 586 | Estate of Despain v. Avante Grp., 900 So. 2d 637 | 115+151 | Parties have a substantive right "not to be subjected to a punitive damage claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court." | Although the punitive damages pleading statute is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, S 768.72. | Do parties have a substantive right not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing of a reasonable basis for recovery of such damages has been made to the trial court? | 031047.docx | LEGALEASE-00138035-LEGALEASE-00138036 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 587 | Com., Dep't of Highways v. Frank Fehr Brewing Co., 376 S.W.2d 541 | 307A+725 | It is not suggested that appellant's interrogatory was falsely answered or that counsel for Fehr acted in bad faith. The object of discovery is to eliminate surprise, not to ring curfew on the search for new evidence to perfect one's case. If a witness (or a better witness) is discovered on the eve of trial, unless there is some reason why a continuance or delay would be an abuse to the opposing party (or, possibly, upon the court) the most that could fairly be required is that he be given a reasonable time in which to examine the witness and make such additional preparation as may be required by the information elicited from him. There being nothing in this record to indicate that a continuance or delay would have been disadvantageous to appellant, or could not have been timely asked and given, it is our opinion that the failure to ask for it constituted a waiver. | If witness, or better witness, is discovered on eve of trial, unless there is some reason why continuance or delay would be abuse to opposing party or court, the most that could fairly be required is that opposing party be given reasonable time in which to examine witness and make such additional preparation as may be required by information elicited from him. | Should an opposing party be given reasonable time to examine a witness and make additional preparations if a witness is discovered on eve of trial? | 031484.docx | LEGALEASE-00137116-LEGALEASE-00137117 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 588 | Elmore v. Kinsey, 198 Misc. 216 | 307r+91 | The Court held that the purpose of examination before trial is to get out the facts and has both sides should have a fair opportunity to examine an adverse party and his witnesses, and that under the Civil Practice Act, "288, permitting parties to elicit material and necessary testimony by examination before trial, a party who does not have the burden of proof will be allowed to examine an adverse party before trial in order to obtain such testimony in aid of a cause of action or defense. In the course of its opinion the Court said, 274 App.Div. at page 22, 80 N.Y.S.2d at page 26: "We have decided to reconsider the problem, as relating to the burden of proof, and redefine the policy and practice in the rapid in commercial litigation." (Emphasis mine.) | Under Civil Practice Act, § 288, permitting parties to elicit material and necessary testimony by examination before trial, a party who does not have burden of proof will be allowed to examine an adverse party before trial in order to obtain such testimony in aid of cause of action or defense. Civil Practice Act § 288. | "Under the Civil Practice Act, is the party who does not have a burden of proof be allowed to examine an adverse party before trial in order to obtain such testimony in aid of cause of action or defense?" | 033796.docx | LEGALEASE 00138246-LEGALEASE 00138249 | Condensed, SA | 0.59 | 0 | | | 1 | |
| 589 | Persyanov v. Crawford, 968 So. 2d 83 | 30+3124 | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is a clear showing of abuse prejudicial to the offended party. King v. King Pest Control, 451 So.2d 1150, 1151 (Fla.1961). This court has consistently held that the exclusion of witnesses' testimony may result in prejudice sufficient to require a new trial. See Belmont v. N. Broward Hosp. Dist., 727 So.2d 992 (Fla. 4th DCA 1999) (reversing judgment on appeal). The surprise may be such that it is, by its nature, surprising and prejudicial in character where previous testimony in the middle of trial… (William Thomas, Jr., v. Milton, 451 So.2d 540 (Fla. 4th DCA 1995) (affirming trial court's order granting new trial on the basis of surprise where the adverse witness's compulsory medical examination witness testified at trial for the first time, unequivocally, that plaintiff received no permanent injury). | In broad discretion vested in a trial court in the context of interpretation and enforcement of pretrial orders mandating witness disclosure, and should the reviewing court reverse only where there is a clear showing of abuse? | 024243.docx | LEGALEASE 00138113-LEGALEASE 00138116 | Condensed, SA | 0.78 | | 1 | | 1 | |
| 590 | Cavaliere v. Fisher, 233 Mass. 254 | 113+3 | General commercial customs or particular usages of trade, not contrary to express terms or necessary implications of contract, or a special meaning attaching under the dialect of a particular business, occupation, or occupations are to be shown as an error of fact in phrase, and may justify the application of law contrary to the established principles of the common or statutory law, are valid. 268 Mass. 351, 255, 9 N. E. 281. The numerous cases collected in the brief for the plaintiff, where a custom has been held admissible and valid, all come within this classification. But a custom which is in conflict, either with the express or implied terms of the contract, or which fails to deal with or affects matters not included in the class of cases or persons a law irregular with such class, are bad. Within the limitation of this classification falls the custom sought to be shown in the case at bar. So far as here is anything vested in the opinion in Stackpole v. Glass, 133 Mass. 433, 438, 78 N. E. 786, 71. A. N., 1s1 1965, 134 Am. St. Rep. 631, at variance with the conclusion reached is not supported by authority and cannot be followed. The issue in that case related to the undertaking by the landlord to make repairs and the duty performed on that understanding. That it piloted a logical effect of 19 it there upon the undertaking. That is valid, upon any established custom in Massachusetts to the effect that the landlord retains control of the part and the outside of houses including the roof and foundation, is not valid at page 436 of 233 Mass., on page 88 of 78 N. E., 7 I. A. R. (N. S.), 114 Am. St. Rep. 631: | Are general commercial customs or particular usages of trade, not contrary to the express terms or the necessary implications of contract, or a special meaning attaching under the dialect of a particular business, occupation or occupations to use of error or phrase, and necessarily justify the application of law contrary to established principles of common or statutory law, are valid. | Customs & Usage - Memo 210 - RK.docx | ROSS-000289000-ROSS-000289001 | Condensed, SA | | 0 | 1 | | 1 | |
| 591 | R.R. Comm'n v. Humble Oil & Ref. Co., 193 S.W.2d 824 | 260+92.49 | The Railroad Commission's power to regulate oil production in the exercise of the police power and in the interest of conservation and protecting correlative right is a continuing one, and its production orders are subject to change, modification, or amendment at any time, upon due notice and hearing, either upon the commission's own motion or upon application of interested parties. | The Railroad Commission's power to regulate oil production in the interest both of conservation and of protecting correlative right a continuing one? | Mines and Minerals - Memo #92 - C - CSS.docx | ROSS-000288467-ROSS-000288468 | Condensed, SA | 0.65 | | 0 | | 1 | |
| 592 | Stonebridge Life Ins. Co. v. Pitts, 236 S.W.3d 226 | 307H+16.1 | Due process requires that defendants be permitted, in a class action, to take appropriate discovery of absent class members and to present evidence at trial reasonably calculated to defeat the absent class members' claims; therefore, the discovery limitation imposed by the certification order governing the hearing held contained the following provision: | Does due process require that defendants be permitted, in a class action, to take appropriate discovery of absent class members and to present evidence at trial reasonably calculated to defeat the class members' claims? | 031574.docx | LEGALEASE 00141153-LEGALEASE 00141153 | Order, SA, Sub | 0.14 | 1 | | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 21,876 | 9,029 |
| 593 | Com. v. Cont. Realty Co., 338 Pa. 172 | 371v2344 | As we stated in Com. v. Lower Oxford Co., 296 Pa. 539, 145 A. 916, 918, taxation cannot be justified solely on the basis of benefit, which has been held to be merely an "attribute of the laws itself, while local government is essential to the very preservation of the state merely to maintain the machinery of local government, and commonwealth's direct revenues must be guarded that no tax for state's direct revenues be so far guaranteed that no tax for state's direct revenues must merely to maintain the machinery of local government and commonwealth's direct revenues must be guarded that no tax for state's direct purposes shall be disturbed except by payment, or permitted by the state, nor for its actual preservation, but merely to maintain the machinery of local government. So long as the state merely requires the diret revenues of the commonwealth to be so guarded that no tax for state's direct purposes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise. | "While local taxes are authorized or permitted by state merely to maintain the machinery of local government, are state laws essential of local government, and commonwealth's direct revenues must be guarded that no tax for state's direct purposes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise." | State taxes are essential to very preservation of state itself, while local taxes are authorized or permitted by state merely to maintain machinery of local government, and commonwealth's direct revenues must be so guarded that no tax for state's direct purposes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise? | 041143.docx | LEGALEASE-00140863 LEGALEASE-00140864 | Condensed, SA | 0.5 | 0 | 1 | | | |
| 594 | W.S. Butterfield Theatres v. Dept. of Revenue, 353 Mich. 345 | 371+3621 | The principles here involved were well expressed by the Supreme Court of the United States in State Board of Tax Commissioners of Indiana v. Jackson, 283 U.S. 527, 535 S.Ct. 540, 74 L.Ed. 1248, wherein it was held, in upholding the constitutionality of a Statute containing tax on the basis of classification for taxation of property, trades, callings, or occupations. The principles which govern the decision of this case are well settled. The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be exercised except according to the rule of equal taxation, nor prevent variety or differences in taxation; or discretion in selection of subject, or classification for taxation of property, businesses, trades, callings, or occupations. Bell's Gap R. Co. v. Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892; Southwestern Oil Co. v. Texas, 217 U.S. 114, 30 S.Ct. 496, 54 L.Ed. 688; Brown-Forman Co. v. Kentucky, 217 U.S. 563, 30 S.Ct. 578, 54 L.Ed. 883. | Restriction that power of taxation shall not be exercised according to the rule of equal taxation, nor prevent variety or differences in taxation, or discretion in selection of subject, or classification for taxation of property, trades, callings, or occupations. | Does the restriction that the power of taxation shall not be exercised according to the rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subject or the classification for taxation? | 043179.docx | LEGALEASE-00141109 LEGALEASE-00141110 | SA, Sub | 0.66 | | 0 | 1 | | 1 |
| 595 | Towne Properties v. City of Fairfield, 50 Ohio St. 2d 356 | 371+2065 | In the exercise of their taxing powers, the municipalities and the state are subject to the requirements of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. However, this clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of taxation. Allied Stores of Ohio v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480. | Although, in the exercise of their taxing powers, municipalities and the state are subject to the requirements of the equal protection clause of the Fourteenth Amendment, that clause imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of taxation. U.S.C.A. Const. Amend. 14. | "Does the equal protection clause of the Fourteenth Amendment impose an iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of taxation by the municipalities and the state?" | 043421.docx | LEGALEASE-00140997 LEGALEASE-00140999 | SA, Sub | 0.22 | | 0 | 1 | | 1 |
| 596 | Terry v. Terry, 160 Ind. App. 653 | 307A+713.1 | Further, while a trial judge may use sparing grant a continuance because of a party's illness, such action is within the sound discretion of judge and will not be an abuse of discretion. The trial judge is in a position to best view the parties, ascertain their difficulties, and to act accordingly. In reviewing such action, this court will indulge a presumption or supposition of regularity. Where, as is the case here, appellant fails to show an abuse of discretion, we will not reverse. | Though trial judge may use sparing grant a continuance because of party's illness, such action is within the sound discretion of judge and will not be an abuse of discretion, and absent clear showing of abuse of discretion. | "Though a trial judge may use sparing grant a continuance because of a party's illness, is such action within the sound discretion of judge and will not be an abuse of discretion absent a clear showing of abuse of discretion?" | 030654.docx | LEGALEASE-00142716 LEGALEASE-00142727 | Condensed, SA | 0.61 | | 0 | 1 | | 1 |
| 597 | Cobb v. Fisher, 20 So. 3d 1253 | 30+3328 | Pritchett v. Gold, Allianz Ins., 938 So.2d 913, 915 (Ala.2006). We note that the decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, is within the trial court's discretion, and we review such decisions to determine whether the trial court exceeded its discretion. Verde Fire Ins. Corp. v. Milam & Co. Constr., Inc., 901 So.2d 84, 105 (Ala.2004); Ex parte Vredenburgh, Inc. v. M.O. Carroll-Newton Co., 623 So.2d 1155, 1112 (Ala.1993); and Mitchell v. Moore, 406 So.2d 347, 350 (Ala.1981). | The decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, is within the trial court's discretion. | "Is the decision concerning the appropriate sanction for failure to comply with a pretrial order, including whether to exclude the testimony of the noncomplying witness, within the trial court's discretion?" | 037713.docx | LEGALEASE-00142712 LEGALEASE-00142713 | Condensed, SA, Sub | 0.53 | | | 1 | | 1 |
| 598 | Copak Co. Sch. Dist. v. Buckner, 61 So. 3d 162 | 313+43 | The plaintiff bears the burden to demonstrate good cause for a failure to effect service within the time prescribed. Montgomery v. SmithKline Beecham Corp., 910 So.2d 541, 547 (Miss.2005) (citing Holmes v. Coast Transit Auth., 815 So.2d 1183, 1186 (Miss.2002)). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to establish neglect; however, simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Webster, 834 So.2d at 29 (citing Peters v. United States, 9 F.3d 344, 345 (5th Cir.1993)). To meet this burden of proof good cause, the plaintiff must demonstrate that a diligent effort was made, in effect, timely service. Foxv. Williams, 991 So.2d 199 (Miss.2008). The plaintiff must show that the service attempt could be "template inadvertence or mistake of counsel or ignorance of the rules usually did not suffice." | The plaintiff bears the burden to demonstrate good cause for a failure to effect service within the time prescribed. To establish good cause, the plaintiff must demonstrate at least as much as would be required to establish excusable neglect; however, simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and a plaintiff must show that a diligent effort was made to effect timely service. | Does the plaintiff bear the burden to demonstrate good cause for a failure to effect service within a prescribed time in order to avoid dismissal of action? | 039931.docx | LEGALEASE-00142350 LEGALEASE-00142391 | Condensed, SA, Sub | 0.55 | | 0 | | | 1 |
| 599 | Withrow v. Williams, 216 W. Va. 385 | 307A+560 | In so holding, this Court acknowledged that Rule 4(l), itself, contemplates relief in limited circumstances from a failure to timely serve the summons and complaint. In that regard, subdivision 3 of Rule 4(l) of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service in shown and, as a result of such mandatory direction, a court must dismiss the action without prejudice as to that defendant. Rule 4(l), W. Va. R. Civ. P., provides that a plaintiff whose case is subject to dismissal for noncompliance with the rule has two options to avoid the mandatory dismissal: (1) timely show good cause for not having effected service of the summons and complaint; or (2) obtain a court-granted extension of time for service within the period provided by Rule 4(l) prior to the expiration of that period. | Is dismissal for failure to timely serve summons and complaint mandatory if good cause for the lack of service is not shown, unless a plaintiff whose case is subject to dismissal for noncompliance with the rule has two options to avoid the mandatory dismissal: (1) timely show good cause for not having effected service of the summons and complaint or (2) obtain a court-granted extension of time for service. | Is dismissal for failure to timely serve summons and complaint mandatory if good cause for the lack of service is not shown? | Pretrial Procedure - Memo #4136 - C - 58.docx | ROSS-003151323-ROSS-003151326 | Condensed, SA, Sub | 0.36 | | 0 | | | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement Additions | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 600 | Kotera v. Brubaker, 329 Ill. App. 3d 544 | 307/1563 | In moving for dismissal under Rule 103(b), the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. Martin v. Lozada, 230 Ill. App. 3d 7, 11, 18 N.E.2d 15 (1979). No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions. Rather, because of the nature of the issue, the determination of whether the defendant has established a prima facie case is made on a case-by-case basis. See Michael, Illinois Practice, Civil Procedure, * 8.7 at 93 | In moving for dismissal for lack of diligence, the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit; the determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Should the determination of whether the defendant has established a prima facie case of lack of diligence in serving defendant be made on a case-by-case basis? | Pretrial Procedure - Memo # 167 - C - CK.docx | ROSS-00313834-ROSS-00313835 | SA, Sub | 0.24 | 0 | 1 | | | |
| 601 | Holland v. Luffel, 80 Ark. App. 116 | 313+63 | Several of pieces under Rule 6(i) must be accomplished within 120 days after the filing of the complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules.Civ.Proc., Rule 4(i). | Several of pieces under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless a plaintiff has filed a motion to extend time prior to the expiration of the deadline; if complaint unless a plaintiff has filed a motion to extend time service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules.Civ.Proc., Rule 4(i). | Should service of process under civil procedure rule governing summons be accomplished within 120 days after the filing of complaint unless a plaintiff has filed a motion to extend time prior to the expiration of the deadline? | Pretrial Procedure - Memo # 4695 - C - NS.docx | ROSS-00313783-ROSS-00329804 | Order, SA, Sub | 0.11 | 1 | | 1 | | |
| 602 | Willis v. Wilmette, 148 Ill. App. 3d 480 | 307/1560 | Rule 103(b) further aims to protect defendants from unnecessary delays in the service of process so that they are afforded a fair opportunity to investigate. Thus, Rule 103(b) seeks to prevent circumventing a primary purpose of statutes of limitation by not allowing a plaintiff to keep a suit before the applicable limitation period expires and then intentionally take no action to serve the defendant until the plaintiff is ready to proceed with litigation. In moving for dismissal under Rule 103(b), the defendant is initially required to make a prima facie showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit. | In moving for dismissal based on lack of diligence, the defendant is initially required to make a prima facie face showing that the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, in moving for dismissal based on lack of diligence? | Is the defendant required to make a prima face show for the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, in moving for dismissal based on lack of diligence? | Pretrial Procedure - Memo # 4736 - C - SB.docx | ROSS-00313529-ROSS-00315029 | SA, Sub | 0.64 | | | | | |
| 603 | Bristol'S, Oil & Indus., 89 Conn. App. 251 | 307/1563 | We first review whether the court abused its discretion in rendering a judgment of nonsuit as a sanction. "[D]iscretion imports something more than leeway in decision-making. It means a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice ... In addition, the court's action should be reviewed in the light of the policy preference by being; about a trial on the merits of a dispute whenever possible and to resolve for the litigant to this court ... The dispatch of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice ... Rules are a means to justice, and not an end in themselves ... Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure ... Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority ... the court should be reluctant to employ the sanction of dismissal except as a last resort ... [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." (Citations omitted; internal quotation marks omitted.) Millbrook Owners Assn., Inc. v. Hamilton Standard, supra, 257 Conn. at 16-17, 776 A.2d 1115. The reasoning of Millbrook Owners Assn., Inc. applies equally to nonsuits and dismissals. | Although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious, or unwarranted disregard for the court's authority, the court should be reluctant to employ the sanction of dismissal except as a last resort; the sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court. | Is dismissal of an action not an abuse of discretion where a party shows a deliberate, contumacious, or unwarranted disregard for the court's authority? | 01KG12.docx | LEGALEASE-00143424-LEGALEASE-00143825 | Condensed, SA, Sub | 0.75 | 1 | | | 1 | |
| 604 | Duerr v. Sequoia Inc., 216 So. 3d 771 | 307/1563 | To obtain a dismissal for fraud on the court, the movant must prove his case and show and convincing evidence that his party sentiently rising his supposed "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability properly to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998). This standard requires that a trial court "balance two important policy concerns at issue when one party's misconduct is so egregious that it raises into question the integrity of the adjudicating disputed civil cases on the merits and the policy of adjudicating disputed civil cases on the merits. Distefano v. State Farm Mut. Auto. Ins. Co., 846 So.2d 572, 574 (Fla. 1st DCA 2003); Sentinelly, unless a typhoon that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim. Howard, 993 So.2d at 131. | Generally, unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment or other traditional discovery sanctions? | "Unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment or other traditional discovery sanctions?" | 01A622.docx | LEGALEASE-00144439-LEGALEASE-00144440 | Condensed, SA | 0.78 | 0 | | | 1 | |
| 605 | Villanova v. Martinez, 995 So. 2d 433 | 307/1563 | While a court has the inherent authority to dismiss an action based on fraud and collusion, the power should be used cautiously and sparingly, and only for the most blatant showings of fraud, pretense, collusion, or other similar wrong-doing. See Cox v. Parasco, Inc., 700 So.2d 124 (Fla. 4th DCA 2005); Distefano v. State Farm Mutual Automobile Ins. Co., 846 So.2d 572 (Fla. 1st DCA 2003). Fraud warranting the severe sanction of dismissal occurs when it is established by clear and convincing evidence that a party has sentiently set in motion an unconscionable scheme calculated to interfere with the judicial system's ability properly to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998). | Fraud warranting the severe sanction of dismissal occurs when it is established by clear and convincing evidence that a party has sentiently set in motion an unconscionable scheme calculated to interfere with the judicial system's ability properly to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | When does fraud warrant the severe sanction of dismissal? | 01D407.docx | LEGALEASE-00144981-LEGALEASE-00144982 | Condensed, SA | 0.53 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,073 |
| 606 | Atleav v. Guice, 21 Ark. 164 | 307A+74 | The interest that disqualifies a witness must be some legal, certain and immediate calculation in the event of the suit, or else he must be so situated as to an instrument of evidence in favor of the witness in a subsequent suit. The security for an attachment bond is not such interest as disqualifies him as a witness for his principal, in his being the defendant to enjoin the attachment suit. The provision of the statute (Dig., chap. 55, sec. 18), requiring exhibits to be attached to the depositions of witnesses proving them, do not apply to a case where the exhibits are made a part of the bill or answer, and filed or answer, and that to in proceeding, and identified by the party's claim or defense. | The provision of the statute (Dig., chap. 55, sec. 18), requiring exhibits to be attached to the depositions of witnesses proving them, do not apply to a case where the exhibits are made a part of the bill or answer? | D3177.docx | LEGALEASE-00185395-LEGALEASE-00185396 | Condensed, SA, Sub | 0.51 | 0 | | | 1 | |
| 607 | Trans Health Mgmt, Inc., v. Nunziata, 159 So. 3d 850 | 307A+563 | "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." Ramey v. Haverty Furniture Co., 993 So.2d 1014, 1018 (Fla. 2d DCA 2008) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). | "Does fraud arise when it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme?" | Pretrial Procedure - Memo 8 R325 - C - SK.docx | R055-00328937B-R055-00328939 | Condensed, SA | 0.28 | | | 0 | 1 | |
| 608 | Reyes v. Jrl Mexican Supply Co., 666 S.W.2d 622 | 307A+483 | Generally, where party fails to answer a request for admission within period allotted, facts are deemed admitted when the same are taken as true, and the courts will not allow evidence to refute or controvert those facts. The request are deemed admitted when the same are taken as true, and courts will not allow evidence to refute or controvert those facts. Here we have not properly established as a matter of law. Joyner v. Albert Group, 541 S.W.2d 292 (Tex.Civ.App.'Houston, [1st Dist.] 1976, no writ.) and it is usually unnecessary to file a formal motion asking that the request be deemed admitted. | "Generally, where party fails to answer a request for admission within period allotted for trial court, facts stated therein be taken as true, and courts will not allow evidence to refute or controvert those facts?" | Pretrial Procedure - Memo R295 - C - Kl.docx | R055-00290012-R055-00290013 | SA, Sub | 0.59 | | | 1 | 1 | |
| 609 | Mueller v. Braddett, 156 Neb. 881 | 307A+483 | Section 25-1267-41, R.S.Supp.1955, is identical with Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. It provisions are not merely directory, but substantial compliance therewith is required. However, they are not self-executing, and the party claiming admissions for failure to deny must affirmatively call to the attention of the court the fact of the failure and attendant admission. Because admissions under applicable rule here is that where a party properly serves a request for admissions of facts upon the adverse party, and the latter fails to answer documents, and all objections thereto are heard and appropriately denied by the court, and the other party has been ordered to respond thereto, his failure to do so within the time allowed constitutes an admission of the facts sought to be elicited. In such situation a motion for summary judgment is appropriate and may be granted if admission resulting from failure to deny is required by the statute, together with the pleadings, show that there is no genuine issue as to any material fact or that the court is without jurisdiction of the subject matter. Sec. 2 facts used, instituit, Federal Practice and Procedure, ch. 5, p. 534, and 4 Moore's Federal Practice (2d ed.), ch. 36, p. 2700, and both of which lead numerous supporting cases are cited. See, also, Mechem v. Colby, 164 Neb. 385, 56 N.W.2d 299; Section 25-1232, R.S.Supp.1951. | Where a party properly serves request for admissions of relevant matters of fact or genuineness of relevant documents, and all objections thereto are heard and appropriately denied by court, and other party has been ordered to respond thereto, failure of such party to do so within time allotted constitutes admission of facts sought to be elicited? | D3583.docx | LEGALEASE-00145405-LEGALEASE-00145406 | SA, Sub | 0.73 | | | 0 | 1 | |
| 610 | Cerillo v. Chicago Tribune Co., 369 Ill. App. 3d 601 | 307A+611.1 | "A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses or other affirmative matters which appear on the face of the complaint or are established by external submissions which are outside the plaintiff's claim, thus enabling the court to dismiss the complaint after considering issues of law or easily proved issues of fact." Lipinski v. Martin J Kelly Oldsmobile, Inc., 325 Ill. App.3d 1139, 1144, 259 Ill.Dec. 586, 759 N.E.2d 66, 69 (2001). | Can a section 2-619 motion to dismiss the legal sufficiency of the complaint? | Pretrial Procedure - Memo # 7942 - C - SK.docx | R055-00229474-R055-00291480 | SA, Sub | 0.13 | | | 1 | 1 | |
| 611 | Tennessee Restaurants Davy Int'l, Inc., 710 F.2d 416 | 257+182(2) | Appellate also contends that it has been prejudiced by appellant's participation in the litigation because they first, it claims that Party has taken advantage of substantial judicial discovery procedures not available in arbitration. The Second Circuit has indicated, in a case in which it found a minimal waiver of the right to arbitration, that the taking of unfair advantage of discovery proceedings which would not have been available in arbitration might constitute sufficient prejudice to infer waiver. Carcich v. Rokeby AG 389 NORDIC, 389 F.2d 692, 696 & 696 n. 7 (2d Cir.1968) (citing cases in which litigation). American Quarters Corp. v. Tantillo, 554 F. Supp. 738, 742-43 & 743 n. 10 (M.D.Ala.1982). The court's discovery conducted during nine-month period between filing of suit and motion to stay pending arbitration, which was limited to matters pertaining to arbitration, not of such scope and magnitude that, here, the defendant clearly stated the desire to arbitrate the matter in its original answer and continued to assert the desire for arbitration during the discovery process. | When only a minimal amount of discovery has been conducted, which may also be useful for purposes of arbitration, can the waiver be based upon prejudice to party opposing the motion to stay litigation pending arbitration? | D0788S.docx | LEGALEASE-00148944-LEGALEASE-00148946 | Condensed, SA, Sub | 0.83 | | | 1 | 1 | |
| 612 | Patton v. Kera Tech, 946 So. 2d 8983 | 307A+590.1 | This Court has identified a two-step test to be applied by trial courts in considering whether a dismissal for failure to prosecute is proper under rule 1.420(e): [F]irst, the question must be made: Has there been record activity for the year preceding the motion. Second, if there was no record activity, the court should not dismiss. Third, has there been good cause why the action should not be dismissed. Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001). | Is two-step test to be applied by trial courts in considering whether a dismissal for failure to prosecute is proper? | D1007S.docx | LEGALEASE-00148668-LEGALEASE-00148669 | Condensed, SA, Sub | 0.17 | | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 613 | Oversole v. Manci, 216 P.3d 621 | 307A+583 | The dismissal of an action for failure to prosecute lies within the sound discretion of the trial court. Cullen v. Phillips, 30 P.3d 828, 834 (Colo.App.2001). That discretion, however, is not without bounds: when evaluating a motion to dismiss for failure to prosecute, "a trial court must bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties." Cornelius v. River Ridge Ranch Landowners Ass'n, 202 P.3d 564, 570 (Colo.2009) (quoting Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co., 698 P.2d 1340, 1344 (Colo.1985)). "Dismissal with prejudice is a drastic sanction to be applied only in extreme situations." Nelson v. Blacker, 701 P.2d 135, 137 (Colo.App.1985). | A trial court's discretion to dismiss an action for failure to prosecute is not without bounds: when evaluating a motion to dismiss for failure to prosecute, a trial court must bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties. | "Should a court bear in mind that courts exist primarily to afford a forum to settle litigable matters between disputing parties, when evaluating a motion to dismiss for failure to prosecute?" | Pretrial Procedure - Memo # 8005 - C - DHA_58361.docx | ROSS-003320923-ROSS-003320924 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |
| 614 | Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | In Toler, the Court further emphasized that the trial court is to consider the factors set forth in Ward, 809 S.W.2d 717, when making a determination as to whether to order dismissal pursuant to CR 41.02. Those factors include: "(1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions." Id. at 351 (citing Ward, 809 S.W.2d at 719).These same factors are equally relevant when dismissal is imposed as a sanction for failure to comply with discovery requests. In Ward, the fact underlying the basis for the dismissal was the plaintiff's failure to timely respond to a discovery request and, consequently, the identification of an expert witness. Thus, the law set forth in Ward and, as clarified in Toler, is controlling when the court considers the issue of involuntary dismissal with prejudice. | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | "Should the attorney's conduct be considered by court, in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules?" | 036414.docx | LEGALEASE-00149001-LEGALEASE-00149002 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 615 | Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | In Toler, the Court further emphasized that the trial court is to consider the factors set forth in Ward, 809 S.W.2d 717, when making a determination as to whether to order dismissal pursuant to CR 41.02. Those factors include: "(1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions." Id. at 351 (citing Ward, 809 S.W.2d at 719). These same factors are equally relevant when dismissal is imposed as a sanction for failure to comply with discovery requests. In Ward, the fact underlying the basis for the dismissal was the plaintiff's failure to timely respond to a discovery request and, consequently, the identification of an expert witness. Thus, the law set forth in Ward and, as clarified in Toler, is controlling when the court considers the issue of involuntary dismissal with prejudice. | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | "Should the meritoriousness of the claim be considered by court, in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules?" | Pretrial Procedure - Memo # 8010 - C - SKG.docx | LEGALEASE-00038683-LEGALEASE-00038684 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 616 | Jahn v. Burns, 593 P.2d 828 | 8.30E+04 | A negotiable instrument, or a commercial paper, involves the business of commerce insofar as the activities delineated in Article 3 of the Code are concerned, i. e., transfer, rights of payor, payee, endorser, holder in due course, etc. However, the use of such in connection with a non-commercial transaction does not Ipso facto turn that transaction into a commercial transaction which is subject to other provisions of the Code. It does not turn a tort transaction into a commercial transaction. | A negotiable instrument, or a commercial paper, involves the business of commerce insofar as activities delineated in Article III of the Uniform Commercial Code are concerned, i. e., transfer, rights of payor, payee, endorser, holder in due course, etc.; however, the use of such in connection with a noncommercial transaction does not ipso facto turn that transaction into a commercial transaction which is subject to other provisions of the Code. W.S.1977, SS 34-21-301 to 34-21-379. | "Can use of negotiable instrument, or a commercial paper in connection with a non-commercial transaction turn that transaction into a commercial transaction?" | 010610.docx | LEGALEASE-00149101-LEGALEASE-00149102 | SA, Sub | 0.03 | 0 | 0 | 1 | 1 | |
| 617 | Morgan v. Am. Family Life Assur. Co. of Columbus, 559 F. Supp. 477 | 170A+1835 | When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take all allegations in the complaint as admitted, and the pleading should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45"46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865, 870 (4th Cir.1941). In addition, the motions in these diversity actions must be decided by applying the law of the forum. See Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937). | When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, court must take all allegations in complaint as admitted, and pleading should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of claim which would entitle him to relief. | "In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, should the allegations of the complaint be viewed as admitted?" | Pretrial Procedure - Memo # 7977 - C - SS_58339.docx | ROSS-003284669-ROSS-003284670 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 618 | Harvey v. Town of Tiverton, 764 A.2d 141 | 307A+581 | Mere delay is not enough to warrant dismissal for lack of prosecution. Scittarelli v. Providence Gas Co., 415 A.2d 1040, 1042 n. 1 (R.I.1980) (citing Manton Industries, Inc. v. Providence Washington Indemnity Co., 113 R.I. 198, 202, 319 A.2d 355, 358 (1974)). Although the trial court must weigh the equities between the parties, see id., it need not view the evidence in a light most favorable to the plaintiffs. See J.K. Social Club v. J.K. Realty Corp., 448 A.2d 130, 133 (R.I.1982). In considering a motion to dismiss for failure to prosecute, the court is "required to weigh conflicting interests. On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits."Hyszko, 448 A.2d at 726. | In considering a motion to dismiss for failure to prosecute, the court is required to weigh conflicting interests: on the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay; on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(2). | "Is a court required to weigh the risk of prejudice to the defendants from delay, in considering a motion to dismiss for failure to prosecute?" | 036504.docx | LEGALEASE-00149277-LEGALEASE-00149278 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 619 | Pursell v. First Am. Nat. Bank, 937 S.W.2d 838 | 307A+681 | A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. The motion admits the truth of all relevant and material allegations, but asserts that such facts do not constitute a cause of action. In resolving the issues in this appeal, we are required to construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true. Cook v. Spinnaker's of Rivergate, 878 S.W.2d 934, 938 (Tenn.1994). | Motion to dismiss for failure to state claim upon which relief can be granted tests sufficiency of complaint; basis for motion is that allegations contained in complaint, considered alone and taken as true, are insufficient to state claim as matter of law. | "Would the basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is that the allegations in the complaint when considered alone and taken as true, are insufficient to state a claim as a matter of law?" | Pretrial Procedure - Memo # 8502 - C - KI_59274.docx | ROSS-003294540-ROSS-003294541 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 620 | Mudd v. Nucker Lumber, 443 Pa. Super. 483 | 30TH-K83 | At the outset, we note that the question of whether to enter a judgment of non pros lies not in the judge's discretion but rather requires an objective determination of whether a reasonable time was within the discretion of the trial court and must proceed with reasonable promptitude; there was no compelling reason for delay; delay had been the result of a wilful procrastination on the part of the plaintiff; the defendant. Penn Piping, Inc. v. Insurance Co. of North America, 529 Pa. 503, 514, 605 A.2d 1234, 1238 (1992). In order to dismiss a case for lack of activity, the movant must show: 1) a party has failed to diligently proceed with reasonable promptitude; 2) there was no compelling reason for the delay; and 3) the delay has caused some prejudice to the adverse party, which will be presumed to occur in which the delay exceeds two years. Shricker v. Land of Lakes Sch. Dist. Authority, 420 Pa.Super. 202, 209, 616 A.2d 59, 98 (1992). The analysis is the same whether the motion for a judgment of non pros is presented to the defendant 2 Penn Piping v. Insurance Co. of North America, supra at 356, 603 A.2d at 1004. | In order to obtain judgment of non pros for plaintiff's lack of activity, movant must show that party has failed to diligently proceed with reasonable promptitude, there was no compelling reason for delay, delay has caused some prejudice to adverse party, which will be presumed in actions in which delay exceeds two years. | Should a movant show that party has failed to diligently proceed with reasonable promptitude in order to dismiss case for lack of activity? | 037431.docx | LEGAL0-GE 00151717 LEGAL0-GE 00151718 | SA, Sub | 0.73 | 0 | | | 1 | |
| 621 | Barber v. Schmidt, 354 P.3d 158 | 30TH-K83 | Alaska Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss if a complaint fails to "state a claim upon which relief can be granted." In order for the non-moving party to survive this motion "it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action.... The court must presume all factual allegations of the complaint to be true and [make] all reasonable inferences... in favor of the non-moving party. | Court reviewing a motion to dismiss for failure to state a claim upon which relief can be granted must presume the factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. Rules Civ Proc., Rule 12(b)(6). | Should the court reviewing a motion to dismiss for failure to state a claim presume the factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party? | 037991.docx | LEGAL0-GE 00152700 LEGAL0-GE 00152701 | SA, Sub | 0.47 | 0 | | | 1 | |
| 622 | Rodriguez v. Brady, 79 N.E.3d 841 | 30TH-K422 | A motion to dismiss brought under section 2-615 of the Code challenges the legal sufficiency of a complaint. Wilson v. County of Cook, 2012 IL 112026, 14, 360 Ill.Dec. 148, 968 N.E.2d 641. The critical inquiry in deciding a section 2-615 motion to dismiss is whether the allegations of the complaint, considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. Sheffler v. Commonwealth Edison Co., 2011 IL 110166, 61, 355 Ill.Dec. 299, 955 N.E.2d 1110. We review de novo an order granting a section 2-615 motion to dismiss. In conducting our review of such motion, we accept as true all well-pleaded facts as well as any reasonable inferences that may arise from them. Wilson, 2012 IL 112026, 14, 360 Ill.Dec. 148, 968 N.E.2d 641. | The critical inquiry in deciding a motion to dismiss with respect to the pleadings is whether the allegations of the complaint, considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted? | Is critical inquiry in deciding a section 2-615 motion to dismiss the allegation of the complaint those which are considered in a light most favorable to the plaintiff sufficient to state a cause of action upon which relief can be granted? | 037979.docx | LEGAL0-GE 00152923 LEGAL0-GE 00152924 | SA, Sub | 0.55 | 0 | | | 1 | |
| 623 | Randolph v. Hays, 665 P.2d 690 | 30TH-K581 | Rule 18 of the Uniform Rules for the District Courts of the State of Wyoming places in U.R.D.C.R. 18 a critical role in the district court's dismissal on its own motion for lack of prosecution. Beyond that, a court has discretion to dismiss an action for want of prosecution for want of Commissioners of Laramie County, Wyo., 588 P.2d 237, 240 (1978); and Cline v. Sawyer, Wyo., 600 P.2d 725, 731 (1979), cert. denied 444 U.S. 931, 100 S.Ct. 274, 62 L.Ed.2d 188 (1979); Davis v. Operation Amigo, Inc., 378 F.2d 101, 103 (10th Cir.1967). While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between need for the court to manage its docket for the orderly and expeditious disposition of cases on the merits on the other hand, Gaudina v. Haberman, Wyo., 644 P.2d 159, 168 (1982). Keeho/H Co., Inc. v. Goulding Amusement Co., Inc., 644 F.2d 761, 763(9th Cir.1981). Citizens Utilities Company v. American Telephone and Telegraph Company, 595 F.2d 1171, 1174 (9th Cir.1979), cert. denied 444 U.S. 931, 100 S.Ct. 274, 62 L.Ed.2d 188 (1979). Davis v. Operation Amigo, Inc., 378 F.2d 101, 103 (10th Cir.1967). | While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between need for the court to manage its docket for purpose of preventing undue delay on the one hand, and policy favoring disposition of cases on the merits on the other hand. Rules Civ.Proc., Rule 41(b)(2); District Court Rule 14. | Is there a precise rule that may be laid down as to what circumstances justify dismissal for lack of prosecution? | 038840.docx | LEGAL0-GE 00154373 LEGAL0-GE 00154373 | SA, Sub | 0.67 | 0 | | | 1 | |
| 624 | Satalara/Drew v. TRW, 100 Ohio App. 3d 503 | 30TH-K46 | A review of the record from the trial court fails to support TRW's assertion. Initially, it should be noted that appellant's citizenship and legal residency status are not relevant to TRW's defense of the action. Certainly, in order to successfully prosecute with actions, the burden is on appellant to attend all pretrial and trial proceedings as well as to be available for deposition and other discovery. Should appellant fail to fully prosecute the action or comply with discovery, the trial court could impose the appropriate sanctions including involuntary dismissal of the case Pembaur v. Leis (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199, Hoover v. Sharp (1985), 50 Ohio App.3d 54, 552 N.E.2d 655. In addition, TRW's lack of compulsory process against its own witnesses is not a valid concern given the fact that TRW has failed to identify any foreign witness it intends to call. In context, appellant has stated that the majority of the witnesses he intends to call reside in the Ohio area. This factor provides a valid reason for retaining jurisdiction in Ohio. Galloway v. Lorimar Motion Picture Mgmt, Inc. (1989), 55 Ohio App.3d 78, 562 N.E.2d 944. | To successfully proceed with action, burden is on plaintiff to attend all pretrial and trial proceedings as well as to be available for deposition and other discovery; should plaintiff fail to fully prosecute action or comply with discovery, trial court could impose appropriate sanctions including involuntary dismissal of case. | Can court impose appropriate sanctions including involuntary dismissal of case if plaintiff fails to fully prosecute action or comply with discovery? | 039010.docx | LEGAL0-GE 00150608 LEGAL0-GE 00150609 | SA, Sub | 0.72 | 0 | | | 1 | |

122

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 625 | Cogswell v. Am. Transit Ins. Co., 282 Conn. 505 | 307A+685 | When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Cox v. Aiken, 278 Conn. 204, 211, 897 A.2d 71 (2006). "The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue." (Internal quotation marks omitted.). Ferreira v. Pringle, 255 Conn. 330, 346"47, 766 A.2d 400 (2001); see also Knipple v. Viking Communications, Ltd., supra, 236 Conn. at 608, 674 A.2d 426 (noting that "this court has previously considered the undisputed factual allegations in the complaint as well as the undisputed factual allegations in the various affidavits when adjudicating the motion to dismiss where no evidentiary hearing has been held"). | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "Does a motion to dismiss admit all facts that are well pleaded, invokes the existing record, and must be decided upon that alone?" | Pretrial Procedure - Memo # 9916 - C - NE_61468.docx | ROSS-003282792-ROSS-003282793 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 626 | Wilson Tool & Die v. TBDN-Tennessee Co., 237 S.W.3d 611 | 307A+685 | When a motion to dismiss for lack of long-arm jurisdiction "is based on facts not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition." Conway, 12 S.W.3d at 318 (citing Chromalloy, 955 S.W.2d at 4 and Rule 55.28). "[T]he trial court's inquiry is limited to an examination of the petition on its face and the supporting affidavits to determine the limited question of personal jurisdiction." Chromalloy, 955 S.W.2d at 3 n. 3. We "must affirm the trial court's ruling regarding jurisdiction if the affidavits submitted by the defendants in support of their motions to dismiss show they did not commit any act sufficient to invoke the jurisdictional provisions of the Missouri [l]ong [a]rm [s]tatute." Id. (quoting Quelle Quiche v. Roland Glass Foods, 926 S.W.2d 211, 213 (Mo.App.1996)). However, a plaintiff can also rely on averments in the defendant's affidavits to make its prima facie showing of jurisdiction. See Chromalloy, 955 S.W.2d at 4. | When a motion to dismiss for lack of long-arm jurisdiction is based on facts not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct that the matter be heard wholly or partly on oral testimony or deposition. V.A.M.S. S 506.500. | "When a motion to dismiss for lack of long-arm jurisdiction is based on facts not appearing on the record, can the trial court hear it on affidavits presented by the parties?" | Pretrial Procedure - Memo # 9926 - C - SKG_61477.docx | ROSS-003280257-ROSS-003280258 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 627 | Cogswell v. Am. Transit Ins. Co., 282 Conn. 505 | 307A+685 | "The motion to dismiss .. admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone.. Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue.." | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | "Does the motion to dismiss admit all facts which are well pleaded, invokes the existing record, and must be decided upon that alone?" | Pretrial Procedure - Memo # 9930 - C - BP_61481.docx | ROSS-003323886-ROSS-003323887 | Condensed, SA | 0.06 | 0 | 1 | 0 | 1 | |
| 628 | Doe by Doe v. Coe, 83 N.E.3d 612 | 307A+685 | The court held that "strict compliance" with Rule 191(a) is "necessary insure that trial judges are presented with valid evidentiary facts upon which to make a decision." (Internal quotation marks omitted.) Id. at 336, 266 Ill.Dec. 915, 775 N.E.2d 987. Although the court was speaking in the context of a summary judgment proceeding, the need for strict compliance with Rule 191(a) applies equally in a proceeding on a motion for involuntary dismissal under section 2-619 of the Code. The reason is that, in both proceedings, the question for decision is whether the existence of a genuine issue of material fact precludes dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. Ultsch v. Illinois Municipal Retirement Fund, 226 Ill. 2d 169, 178, 314 Ill.Dec. 91, 874 N.E.2d 1 (2007). | Need for strict compliance with supreme court rule governing requirements for affidavits submitted in support of motions for summary judgment and motions for involuntary dismissal based upon defects or defenses applies equally in both proceedings; the reason is that, in both proceedings, the question for decision is whether the existence of a genuine issue of material fact precludes dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law. 735 Ill. Comp. Stat. Ann. 5/2-619. | Does the need for strict compliance with a Supreme Court rule governing requirements for affidavits submitted in support of motions for summary judgment and motions for involuntary dismissal based upon defects or defenses apply equally in both proceedings? | 024517.docx | LEGALEASE-00157215-LEGALEASE-00157216 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 629 | Fisher & Co. v. Dep't of Treasury, 282 Mich. App. 207 | 371+3674 | The Use Tax Act is complementary to the Michigan General Sales Tax Act, MCL 205.51 et seq., and is designed to cover those transactions not subject to the sales tax. Sharper Image Corp. v. Dep't of Treasury, 216 Mich.App. 698, 701, 550 N.W.2d 596 (1996). This tax is collectable from each taxpayer in Michigan and is assessed "for the privilege of using, storing, or consuming tangible personal property in this state at a rate equal to 6% of the price." MCL 205.93(1). """A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden. Sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question." " " | A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden; sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. M.C.L.A. SS 205.51 et seq., 205.91 et seq. | "Is a sales-use tax scheme designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden?" | 046228.docx | LEGALEASE-00159838-LEGALEASE-00159839 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 630 | Pierson v. State, 398 S.W.3d 406 | 135H+86 | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be "automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused." | Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, a retrial may not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused; under such circumstances, a retrial over the objection of a defendant is permitted only when the prosecutor demonstrates manifest necessity. U.S.C.A. Const.Amend. 5. | "Although a retrial is absolutely prohibited when a trial ends in an acquittal or a conviction, can a retrial not be automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused?" | Double Jeopardy - Memo 59 - C - SJ_65159.docx | ROSS-003293567-ROSS-003293568 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 631 | City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630 | 307A+697 | Before a court may grant a petition to open judgment there must be a coalescence of three factors: (1) the petition to open judgment must be timely filed, (2) there must be a reasonable explanation or excuse for the default, and (3) facts constituting grounds for a cause of action must be alleged. Toczylowski; Storm v. Golden, 338 Pa.Superior Ct. 570, 488 A.2d 39 (1985); Buxbaum v. Peguero, 335 Pa.Superior Ct. 289, 484 A.2d 137 (1984); Perri v. Broad Street Hospital, 330 Pa.Superior Ct. 50, 478 A.2d 1344 (1984); Walker v. Pugliese, 317 Pa.Superior Ct. 595, 464 A.2d 482 (1983); Lewis v. Reid, 244 Pa.Superior Ct. 76, 366 A.2d 923 (1976). | Before court may grant petition to open judgment non pros, petition must be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged. | "Before court can grant petition to open judgment non pros, should a petition be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged?" | Pretrial Procedure - Memo 11446 - C - TJ_65290.docx | ROSS-003280423-ROSS-003280424 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 632 | Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244 | 302+34(1) | First, it is to be noted that on such a motion as this-one which, if successful, means sudden death to the action-the court searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.Grobart v. Grobart, supra (5 N.J. at page 167, 74 A.2d at page 297); Jersey City v. Hague, supra (18 N.J. at page 602, 115 A.2d at page 19); Cabakov v. Thatcher, 27 N.J.Super. 404, 408, 99 A.2d 548 (App.Div.1953); Cohen v. Miller, 5 N.J.Super. 451, 68 A.2d 421 (Ch.Div.1949). On this motion plaintiffs are entitled to the benefit of every favorable inference of fact. | On motion to strike complaint as not setting forth facts upon which relief can be granted, plaintiffs are entitled to benefit of every favorable inference of fact, and court will search complaint in depth and with liberality to ascertain whether fundament of cause of action may be gleaned even from obscure statement of claim, with opportunity being given to amend if necessary. R.R. 4:8-6. | "Before a court dismisses a civil complaint with prejudice, should it search the complaint in depth and with liberality to ascertain whether the fundament of a cause of action can be gleaned even from an obscure statement of claim an opportunity to amend if necessary?" | Pretrial Procedure - Memo 11534 - C - NS_65972.docx | ROSS-003297004-ROSS-003297005 | Order, SA, Sub | 0.44 | 1 | 0 | 1 | 1 | 1 |
| 633 | McPhail v. F & B Assocs., 160 A.D.2d 398 | 307A+697 | On July 7, 1989, more than one and one-half years after the date of the order striking the note of issue, plaintiffs moved to restore the case to the trial calendar, which application was granted by the Supreme Court. In that regard, while a party which has had its action stricken from the trial calendar and not restored for one year must move to vacate the automatic dismissal of the complaint, the court may properly treat a motion to restore the case as one to vacate the dismissal (Merrill v. Robinson, 99 A.D.2d 578, 470 N.Y.S.2d 960). | While party which has had its action stricken from trial calendar and not restored for one year must move to vacate automatic dismissal of complaint, court may properly treat motion to restore case as one to vacate dismissal. McKinney's CPLR 3404. | "While a party which has had its action stricken from the trial calendar and not restored for one year must move to vacate automatic dismissal of complaint, can a court properly treat a motion to restore case as one to vacate dismissal?" | 040582.docx | LEGALEASE-00162320-LEGALEASE-00162321 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 634 | Greater Franklin Developers Ass'n v. Town of Franklin, 49 Mass. App. Ct. 500 | 371+2002 | Fees "share common traits that distinguish them from taxes: [1] they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner "not shared by other members of society"; [2] they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge; and [3] the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses." Emerson College v. Boston, 391 Mass. 415, 424"425, 462 N.E.2d 1098 (1984) (citations omitted). | "Fees" share common traits that distinguish them from "taxes": (1) they are charged in exchange for particular governmental service which benefits party paying the fee in manner not shared by other members of society, (2) they are paid by choice, in that party paying the fee has option of not utilizing the governmental service and thereby avoiding the charge, and (3) the charges are collected not to raise revenues but to compensate governmental entity providing the services for its expenses. M.G.L.A. Const. Amend. Art. 89, S 7; M.G.L.A. c. 40, S 22F. | "In distinguishing fees with taxes, do fees benefit the party in a manner not shared by other members of society?" | Taxation - Memo 1032 - C - JL_66476.docx | ROSS-003295330 | Condensed, SA, Sub | 0.08 | 0 | 1 | 1 | 1 | 1 |
| 635 | Merch. v. State, 201 So. 3d 146 | 135H+95.1 | Even in cases where a mistrial is declared over the objection of the defendant, the double jeopardy clause does not guarantee that a defendant cannot be retried. The right to have a trial concluded by a particular tribunal sometimes must give way to the public interest in allowing the State one "full and fair opportunity" to present evidence to an impartial jury. Arizona v. Washington, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). However, absent circumstances thwarting the State's one full and fair opportunity to present its case, the right of a defendant to completion of his or her trial by a particular tribunal should control. | In cases where a mistrial is declared over the objection of the defendant, the double jeopardy clause does not guarantee that the defendant cannot be retried; right to have a trial concluded by a particular tribunal must give way to the public interest in allowing the State one full and fair opportunity to present evidence to an impartial jury. U.S.C.A. Const.Amend. 5; West's F.S.A. Const. Art. 1, S 9. | "Where mistrial is declared over objection of a defendant, does a double jeopardy clause not guarantee that a defendant cannot be retried?" | 015313.docx | LEGALEASE-00163089-LEGALEASE-00163090 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 636 | Palmieri v. Romat Realty Corp., 45 A.D.2d 948 | 307A+699 | Although plaintiffs denominated their motion which culminated in the Order entered February 3, 1974 as one seeking "reargument", it is patent that new papers and additional facts which existed at the time the prior motion was made were brought to the Court's attention warranting leave to renew. Upon such renewal, the factors to be considered on plaintiffs' motion to vacate the default and to restore the action to the calendar are the affidavit of merit, sufficiency of the excuse for the delay, prejudice, the progress of the case and intent to abandon (see Marco v. Sachs, 10 N.Y.2d 542, 226 N.Y.S.2d 353, 181 N.E.2d 392; Romero v. Amerling Rental and Leasing Systems, Inc., 43 A.D.2d 519, 348 N.Y.S.2d 772). The affidavit of merit being adequate, the remaining critical issue is that of delay. | Upon renewal of motion to open default and to restore action to calendar, factors to be considered are the affidavit of merit, sufficiency of excuse for delay, prejudice, progress of case and intent to abandon. | "Upon renewal of motion to open default and to restore action to calendar, are factors to be considered the affidavit of merit, sufficiency of excuse for delay, prejudice, progress of case and intent to abandon?" | 040668.docx | LEGALEASE-00163052-LEGALEASE-00163053 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 637 | In re Gateway Ethanol, 415 B.R. 486 | 349A+10 | When the bright line test is not satisfied, UCC " 1"201(37) requires the court to consider "the facts of each case." This consideration is guided by the fact that the drafters of amended UCC " 1"201(37) sought to "preserve common law principles," under which the "central feature of a true lease is the reservation of an economically meaningful interest to the lessor at the end of the lease term." The Official UCC Comments states: "If a transaction creates a lease and not security interest, the lessee's interest in the goods is limited to its leasehold estate; the residual interest in the goods belongs to the lessor." When the bright line test is not satisfied, the court must then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk. "To have a true lease, the original agreement must leave the lessor with some meaningful economic interest in the residual." The challenge to the courts "therefore is first to establish the indicia that evidence a reversionary interest in the leased goods and then determine whether those indicia are apparent in the case at hand." | Under Illinois law, when the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, the court must then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk. S.H.A. 810 ILCS 5/1-201(37) (2005). | "When the bright-line test for whether a transaction in the form of a lease creates a security interest is not satisfied, should the court then answer the question whether the lessor retained a reversionary interest, either an upside or downside risk?" | Secured Transactions - Memo 33 - C - PC_68062.docx | ROSS-003294308-ROSS-003294309 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 638 | State v. Gradison, 758 N.E.2d 1008 | 135H+100.1 | While we conclude that the trial court's ruling was erroneous, we may not, as the State acknowledges, remand for retrial. A trial court's judgment that the evidence is legally insufficient to support a guilty verdict, even though erroneous, acts as an acquittal for double jeopardy purposes, and any retrial would violate Gradison's rights under the Double Jeopardy Clause. Goodrich, 504 N.E.2d at 1024. | A trial court's judgment that the evidence is legally insufficient to support a guilty verdict, even though erroneous, acts as an acquittal for double jeopardy purposes, and any retrial would violate defendant's rights under the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Does a trial court's judgment that the evidence legally insufficient to support a guilty verdict, even though erroneous, act as an acquittal for double jeopardy purposes?" | 015752.docx | LEGALEASE-00166470-LEGALEASE-00166471 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 639 | Campanelli v. AT&T Wireless Serv., 85 Ohio St. 3d 103 | 317A+101 | Although no one factor is controlling in determining whether an entity conducts its operation in such a manner as to be a matter of public concern, we must weigh several, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority, in order to determine whether an entity conducts its business in such a way as to become a matter of public concern. A & B Refuse at 388, 596 N.E.2d at 426. Here, the record indicates that appellees do operate their businesses in such a manner as to be a matter of public concern. | Although no one factor is controlling in determining whether an entity conducts its operation in such a manner as to be a matter of public concern, Supreme Court weighs several, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority, to determine if an entity, alleged to be a public utility, conducts its business in such a way as to become a matter of public concern. | Are any factors controlling in determining whether an entity conducts in the matter of public concern? | 00799.docx | LEGALEASE-00081583-LEGALEASE-00081584 | SA, Sub | 0.23 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 640 | Wolf v. Scott Wetzel Servs., 113 Wash. 2d 665 | 413+1 | It has long been recognized that the Industrial Insurance Act (IIA) ( RCW Title 51) reflects a quid pro quo compromise between employees and employers. Under the IIA, the employer pays some claims for which it would not be liable under the common law in exchange for limited liability. The employee, on the other hand, gives up common law actions and remedies in exchange for sure and certain relief. As enacted by the Legislature, the IIA accomplishes this quid pro quo compromise through the following exclusive remedy provisions: The state of Washington, ... exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided. (Italics ours.) RCW 51.04.010 (part). Each worker injured in the course of his or her employment, or his or her family or dependents in case of death of the worker, shall receive compensation in accordance with this chapter, and, except as in this title otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever: ... (Italics ours.) RCW 51.32.010 (part). | Under the Industrial Insurance Act, employer pays some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief. West's RCWA 51.04.010, 51.32.010. | "Under the Industrial Insurance Act, does an employer pay some claims for which it would not be liable under the common law in exchange for limited liability, whereas the employee gives up common-law actions and remedies in exchange for sure and certain relief?" | 047736.docx | LEGALEASE-00128744-LEGALEASE-00128746 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 641 | Roberts v. Stidham, 19 So. 3d 1155 | 307A+560 | When a plaintiff shows good cause for failure to serve process within 120 days, the trial court must extend the time for service and has no discretion to do otherwise. Pixton v. Williams Scotsman, Inc., 924 So.2d 37, 39 (Fla. 5th DCA 2006). The trial court has broad discretion to extend the time for service even when good cause for failing to meet the 120"day deadline has not been shown. Bacchi v. Manna of Hernando, Inc., 743 So.2d 34, 34 (Fla. 5th DCA 1999). However, even when there has been no showing of good cause or excusable neglect and the statute of limitations has run, discretion should be exercised in favor of allowing the plaintiff an extension to accomplish service. Kohler v. Vega"Maltes, 838 So.2d 1249, 1250 (Fla. 2d DCA 2003). Even without a motion to extend, dismissal is required only if reasonable cause for the delay in service is not documented. Root v. Little, 721 So.2d 836, 837 (Fla. 5th DCA 1998). Rule 1.070(j) is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfeasor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause. Id. | Rule governing dismissal of actions for failure to serve process within 120 days is designed to be a case management tool, not an additional statute of limitations cutting off the liability of a tortfeasor, and it is not to be imposed inflexibly when the plaintiff demonstrates diligence and good cause. West's F.S.A. RCP Rule 1.070(j). | Is the rule governing dismissal of actions for failure to serve process within 120 days designed to be a tool of case management? | 034084.docx | LEGALEASE-00145276-LEGALEASE-00145277 | Condensed, Order, SA | 0.71 | 1 | 1 | 0 | 1 | 1 |
| 642 | Zivotofsky ex rel. Zivotofsky v. Sec'y of State, 725 F.3d 197 | 221+502 | Recognition is the act by which "a state commits itself to treat an entity as a state or to treat a regime as the government of a state." Restatement (Second) of Foreign Relations Law " 94(1). "The rights and attributes of sovereignty belong to [a state] independently of all recognition, but it is only after it has been recognized that it is assured of exercising them." 1 John Bassett Moore, A Digest of International Law " 27, at 72 (1906) (Moore's Int'l Law Digest). Recognition is therefore a critical step in establishing diplomatic relations with the United States; if the United States does not recognize a state, it means the United States is "unwilling[ ] to acknowledge that the government in question speaks as the sovereign authority for the territory it purports to control." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 410, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Recognition also confers other substantial benefits. For example, a recognized sovereign generally may (1) maintain a suit in a United States court, see id. at 408"09, 84 S.Ct. 923; Guaranty Trust Co. v. United States, 304 U.S. 126, 137, 58 S.Ct. 785, 82 L.Ed. 1224 (1938); (2) assert the sovereign immunity defense in a United States court, see Nat'l City Bank v. Republic of China, 348 U.S. 356, 359, 75 S.Ct. 423, 99 L.Ed. 389 (1955); and (3) benefit from the "act of state" doctrine, which provides that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory," Oetjen v. Cent. Leather Co., 246 U.S. 297, 303, 38 S.Ct. 309, 62 L.Ed. 726 (1918) (quotation marks omitted). | An entity recognized by the United States as a foreign state may maintain a suit in a United States court, assert the sovereign immunity defense in a United States court, and benefit from the "act of state doctrine," which provides that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | Will the courts of one country sit in judgment on the acts of the government of another done within its own territory? | International Law - Memo 326 - RK.docx | ROSS-003283947-ROSS-003283949 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 643 | Gerseta Corp. v. Equitable Tr. Co. of New York, 241 N.Y. 418 | 366+1 | Subrogation, an equitable doctrine taken from the civil law, is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability. Seldon on Subrogation (2d Ed.) pp. 2, 4. Earl, J., in Cole v. Malcolm, 66 N. Y. 363, 366, said that it is "applicable to cases where a party is compelled to pay the debt of a third person to protect his own rights, or to save his own property." Peckham, J., in Pease v. Egan, 30 N. E. 102, 131 N. Y. 262, 272, said, or repeated what had been said before, that it was founded upon principles of benevolence. In Pittsburgh-Westmoreland Coal Co. v. Kerr, 115 N. E. 465, 467, 220 N. Y. 137, 144, Chase, J., said it "includes so wide a range of subjects that it has been called the "mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it."' | "Subrogation" includes every instance in which one pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as payment was made either under compulsion or protection of some interest of payer, and in discharge of existing liability. | "Is subrogation broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter?" | Subrogation - Memo # 576 - C - LK.DOCX | ROSS-003285751-ROSS-003285752 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 644 | Wasko v. Manella, 269 Conn. 527 | 366+1 | "The law has recognized two types of subrogation: conventional; and legal or equitable. 73 Am.Jur.2d 599, Subrogation " 2 (1974 and 1995 Sup.) .. Conventional subrogation can take effect only by agreement and has been said to be synonymous with assignment. It occurs where one having no interest or any relation to the matter pays the debt of another, and by agreement is entitled to the rights and securities of the creditor so paid.. By contrast, [t]he right of [legal or equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect. The object of [legal or equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it.. As now applied, the doctrine of [legal or] equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." (Citations omitted; internal quotation marks omitted.) Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 370"71, 672 A.2d 939 (1996). | The object of legal or equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | "Is legal or equitable subrogation designed to promote and to accomplish justice, and is the mode that equity adopts to compel the ultimate payment of a debt by one who, in justice, equity and good conscience should pay it?" | Subrogation - Memo 272 - ANG C.docx | ROSS-003324762-ROSS-003324764 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 645 | Salomon S.A. v. Scott USA Ltd. P'ship, 117 F.R.D. 320 | 2+8(2) | A district court may, in its discretion, defer or abate proceedings where another suit, involving identical issues, is pending in either a federal or state court, and where it would be duplicative, uneconomical, and vexatious to proceed otherwise, Blinder, Robinson & Co., Inc. v. U.S.S.E.C., 692 F.2d 102, 106 (10th Cir.1982). Moreover, the court has broad discretion on such questions of severance, Hohlbein v. Heritage Mut. Ins. Co., 106 F.R.D. 73 (D.Wis.1985). | District court may, in its discretion, defer or abate proceedings where another suit involving identical issues is pending in either federal or state court and it would be duplicative, uneconomical, and vexatious to proceed otherwise, and court has broad discretion in questions of severance. Fed.Rules Civ.Proc.Rule 21, 28 U.S.C.A. | "Can a court in its discretion defer or abate proceedings, where another suit involving identical issues is pending either in federal or state court?" | Abatement and Revival - Memo 5 - VP.docx | ROSS-003295044-ROSS-003295045 | Order, SA | 0.28 | 1 | 0 | 0 | 1 | |
| 646 | Brown v. Wood, 451 So. 2d 569 | 20+97 | Ownership of immovable property under record title may be eclipsed and superseded by ownership acquired under prescriptive title. Under the general codal provisions on acquisitive prescription, a possessor lacking good faith and/or just title may acquire prescriptive title to land by corporeally possessing a tract for 30 years with the intent to possess as owner. Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public and unequivocal, and confers title only to such immovable property as is actually possessed.LSA-C.C. Arts. 3424, 3476, 3486, 3487, 3488. Alternatively, under Civil Code Art. 794, a title holder may acquire more land than his title calls for by possessing property beyond his title for 30 years without interruption and within visible bounds. Such a title holder may attain the thirty year possessory period-which is necessary to perfect prescriptive title in the absence of good faith and just title-by "tacking" on the possession of his ancestor in title. LSA-C.C. Arts. 794, 3442. Possession is only transferable by universal title or particular title, and thus privity of contract or estate is an essential prerequisite to tacking. LSA-C.C. Art. 3441. | Under general codal provisions on acquisitive prescription, possessor lacking good faith or just title may acquire prescriptive title to land by corporeally possessing tract for 30 years with intent to possess as owner, but only when possession is continuous, uninterrupted, peaceable, public and unequivocal, and only as to such immovable property as is actually possessed; alternatively, titleholder may acquire more land than his title calls for by possessing property beyond his title for 30 years without interruption and within visible bounds, and may attain 30 years possessory period, which is necessary to perfect prescriptive title in absence of good faith and just title, by tacking on possession of his ancestor in title. LSA-C.C. arts. 794, 3424, 3441, 3442, 3476, 3486, 3487, 3488. | Can the ownership of immovable property under record title be eclipsed and superseded by ownership acquired under prescriptive title? | 003866.docx | LEGALEASE-00115862-LEGALEASE-00115863 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 647 | Hargus v. Ferocious & Impetuous, 840 F.3d 133 | 16+17.1 | When a party seeks to invoke federal admiralty jurisdiction over a tort claim, the claim "must satisfy conditions both of location and of connection with maritime activity." Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534, 115 S. Ct. 1043, 130 L. Ed. 2d 1024 (1995). The location aspect is satisfied if "the tort occurred on navigable water" or the "injury suffered on land was caused by a vessel on navigable water." Id. The connection aspect is a conjunctive two-part inquiry. First, we "must "assess the general features of the type of incident involved" to determine whether the incident has "a potentially disruptive impact on maritime commerce."?" Id. (quoting Sisson, 497 U.S. at 363, 364 n.2). Second, we "must determine whether "the general character" of the "activity giving rise to the incident" shows a "substantial relationship to traditional maritime activity."?" Id. (quoting Sisson, 497 U.S. at 364 n.2, 365). Federal admiralty jurisdiction is only proper when the location test and both prongs of the connection test are satisfied. Id. | The connection aspect of the test to determine whether a district court has federal admiralty jurisdiction over a tort claim is a conjunctive two-part inquiry: first, the court must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce, and second, the court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. 28 U.S.C.A. S 1333(1). | How can federal admiralty jurisdiction be invoked over a tort claim? | Admiralty Law - Memo 31 - JS.docx | ROSS-003285462-ROSS-003285464 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 648 | Express Scripts v. Aegon Direct Mktg. Servs., 516 F.3d 695 | 25T+213(5) | A district court's denial of a motion to stay pending arbitration under 9 U.S.C. " 3 is also reviewed de novo. FSP, Inc. v. Soci"t " G"n"rale, 350 F.3d 27, 30 (2d Cir.2003); Riley Mfg. Co., Inc. v. Anchor Glass Container Corp., 157 F.3d 775, 779 (10th Cir.1998); In re Complaint of Hornbeck Offshore (1984) Corp., 981 F.2d 752, 754 (5th Cir.1993); see also Enderlin v. XM Satellite Radio Holdings, Inc., 483 F.3d 559, 560 (8th Cir.2007) (arbitrability of dispute based on contract interpretation is a legal question reviewed de novo). Unlike our review of a motion to dismiss, however, we need not accept either party's allegations as true but instead must review the evidentiary record to determine whether the " 3 movant has offered sufficient proof to "satisf[y] [the court] that the issue involved ... is referable to arbitration under such an agreement," 9 U.S.C. " 3. If so, the motion for a stay pending arbitration should be granted. | District court's denial of motion for stay pending arbitration is reviewed de novo; Court of Appeals need not accept either party's allegations as true but instead must review evidentiary record to determine whether movant has offered sufficient proof to satisfy court that issue involved is referable to arbitration under written arbitration agreement. 9 U.S.C.A. S 3. | What standard of review is used by the court when hearing the appeal of a district court's denial of a motion to stay pending arbitration? | 001029.docx | LEGALEASE-00118030-LEGALEASE-00118031 | Order, SA, Sub | 0.61 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 648 | Kent Cty. Rd. Comm'n v. Hunting, 170 Mich. App. 222 | 1,491+22 | Under MEPA, the trial court must conduct a dual inquiry to determine if a prima facie showing is made... | Under Michigan Environmental Protection Act, trial court must conduct dual inquiry to determine if prima facie showing of pollution, impairment, or destruction of natural resource has been made by assessing whether natural resource is involved and whether impact of activity on the environment rises to level of impairment to justify the court's intervention. M.C.L.A. § 691.1203 et seq. | "How does the trial court determine if a prima facie showing of pollution has been made?" | 000918.docx | LEGALEASE-00118243 LEGALEASE-00118244 | SA Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 650 | United Fuel Co. v. Dep't of Env't Labor & Indus., 34 A.3d 172 | | The fact that an employee working within the State of Pennsylvania is engaged in interstate or foreign commerce does not necessarily take him outside the range of the Workmen's Compensation Act, which applies... | In the absence of federal legislation on the subject, the state may, without violating the commerce clause of the Federal Constitution, legislate concerning relative rights and duties of employers and employees while within their borders, although engaged in interstate commerce, or in foreign commerce. U.S.C.A.Const. art. 1, § 8, cl. 3. | "In the absence of congressional or federal legislation on the states legislate concerning relative rights and duties of employers and employees while within their borders, although engaged in interstate commerce?" | 001377.docx | LEGALEASE-00118143 LEGALEASE-00118143 | SA Sub | 0.57 | 0 | 1 | 1 | 1 |
| 651 | Guilford Cty. ex rel. Holt v. Puckett, 191 N.C. App. 693 | 366+1 | "The doctrine of subrogation is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties..." | The doctrine of subrogation is one of equity and benevolence, and, like contribution and other similar equitable rights, was adopted from the civil law, and its basis is the doing of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice. | "Is the basis of subrogation is one of complete, essential, and perfect justice between all the parties without regard to form, and its object is the prevention of injustice?" | Subrogation - Memo2 410 - C - NG.docx | ROSS-003236068 ROSS-003236070 | Condensed, SA | 0.64 | 0 | 1 | 1 | 1 |
| 652 | Dominick v. Garnett, 276 Pa. Super 18 | 366+2 | Subrogation is an equitable doctrine involving the right of legal substitution and may take place with or without contractual agreement between the parties... | Subrogation is granted as a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another. | "Is subrogation an equitable doctrine involving the right of legal substitution which is granted as a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it?" | Subrogation - Memo3 489 - C - SA.docx | ROSS-003236369 ROSS-003236371 | SA Sub | 0.83 | 0 | 1 | 1 | 1 |

127

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 21,876 | 9,073 |
| 653 | Air Pegasus of D.C. v. United States, 424 F.3d 1206 | 148×81.1 | The Constitution does not itself create or define the scope of property interests protected by the Fifth Amendment; instead, existing rules and understandings and background principles derived from an independent source, such as state, federal, or common law, define the dimension of the requisite property rights for purposes of establishing a cognizable taking. U.S.C.A. Const.Amend. 5. | "First, as a threshold matter, the court must determine whether the claimant has established a property interest for the purposes of the Fifth Amendment." Am. Pelagic Fishing Co. v. United States, 379 F.3d 1363, 1372 (Fed.Cir.2004), cert. denied, 545 U.S. 1139, 125 S.Ct. 2963, 162 L.Ed.2d 887 (2005); see also Maritrans, 342 F.3d at 1351. That is because "only persons with a valid property interest at the time of the taking are entitled to compensation." Wyatt v. United States, 271 F.3d 1090, 1096 (Fed.Cir.2001). The protections of the Takings Clause apply to real property, see Lucas, 505 U.S. at 1015, 112 S.Ct. 2886, personal property, see Andrus v. Allard, 444 U.S. 51, 65, 100 S.Ct. 318, 62 L.Ed.2d 210 (1979), and intangible property, see Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1003-04, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984). However, the Constitution does not itself create or define the scope of "property" interests protected by the Fifth Amendment; "instead, 'existing rules and understandings' and 'background principles' derived from an independent source such as state, federal, or common law define the dimension of the requisite property rights for purpose of establishing a cognizable taking." Maritrans, 342 F.3d at 1352 (citing Lucas, 505 U.S. at 1030, 112 S.Ct. 2886); see also Am. Pelagic, 379 F.3d at 1376; Conti v. United States, 291 F.3d 1334, 1340 (Fed.Cir.2002). | What defines the dimensions of the requisite property rights for purpose of establishing a cognizable taking? | 017446.docx | LEGALEASE 00125056–LEGALEASE 00125058 | Condensed, SA | 0.72 | | | | 1 | |
| 654 | Inre L.W., 392 Ill. App. 3d 1 | 307H×3 | Next, we must address the standard of review to be used to evaluate the court's decision about the propriety of the noticed minor. Guardian's first contention in Inre a and excluded the fitness findings in L.W.'s ruling. Dispositional orders were challenged decisions of parental fitness, the trial court made an evidentiary ruling. A motion in limine is a pretrial motion that seeks an order excluding inadmissible evidence and prohibiting questions concerning such evidence, without the necessity of having the question asked and objections thereto made in front of the jury. In re of People v. Williams, 188 Ill.2d 365, 369, 242 Ill.Dec. 260, 721 N.E.2d 539 (1999). Generally, evidentiary motions, such as motions in limine, are addressed to the trial court's inherent power to admit or exclude evidence, and a reviewing court's will not disturb a trial court's evidentiary ruling absent an abuse of discretion. People v. Moore, 207 Ill.2d 68, 75, 278 Ill.Dec. 36, 797 N.E.2d 631 (2003), Williams, 188 Ill.2d at 369, 242 Ill.Dec. 260, 721 N.E.2d 539. Where the question presented is one of law, a reviewing court determines it independently of the trial court's judgment. Moore, 207 Ill.2d at 75, 278 Ill.Dec. 36, 797 N.E.2d 631; Williams, 188 Ill.2d at 369, 242 Ill.Dec. 260, 721 N.E.2d 539, quoting In re Lawrence M., 172 Ill.2d 523, 526, 219 | "A motion in limine is a pretrial motion that seeks an order excluding inadmissible evidence and prohibiting questions concerning such evidence, without the necessity of having the question asked and objections thereto made in front of the jury." | 024081.docx | LEGALEASE 00121839–LEGALEASE 00121841 | Condensed, SA | 0.9 | | 1 | | | |
| 655 | United States v. Liberati, 2517-2d 930 | 63×1(1) | Under statute making it a crime to offer money from person acting for United States with intent to influence his decision or action on any matter before him in his official capacity or to induce him to do or omit to do an act in violation of his lawful duty, either an intention to influence official act or an intention to induce an unlawful action will supply required culpability. 18 U.S.C.A. S 201. | Next, we must address the standard of review to be used to evaluate the court's decision about the propriety of the noticed minor. Guardian's first contention in Inre a and excluded the fitness findings in L.W.'s ruling. Dispositional orders were challenged decisions of parental fitness, the trial court made an evidentiary ruling. A motion in limine is a pretrial motion that seeks an order excluding inadmissible evidence and prohibiting questions concerning such evidence, without the necessity of having the question asked and matter before him in his official capacity or to induce him to do or omit to do an act in violation of his lawful duty. This is a criminal statute, and therefore, although for the purposes the required culpability is that the statute states the essential criminal intent in the disjunctive. On the face of the statute, either an intention to influence official action will supply the culpability which the statute requires.The reason for this is obvious: In either construction of the statute the concern of the community have the benefit of objective evaluation and unbiased judgment. As the official who may participate in the making of official decisions. Whether the crime which is corruptly procured is within the official's authorized power or not, the statute plainly substitute the will of an interested person for the judgment of a public official as the controlling factor in official decision. The statute plainly prescribes such corrupt interference with the normal and proper functioning of government. | Does an intention to influence official behavior or an intention to induce unlawful action would supply the culpability which the public official statute requires? | 011027.docx | LEGALEASE 00122119–LEGALEASE 00122220 | Condensed, SA | 0.65 | | 1 | 1 | | |
| 656 | Ramos & Furuud Chili Co. v. Las Palmas Food Co., 1445 Supp. 694 | 221×134 | Also inherent in national sovereignty is the power to impose, even upon foreign persons or property outside its territory, liability for acts done abroad which proximately cause damage within the sovereign. United States v. Aluminum Co. of America, 2 Cir., 148 F.2d 416, 443 (1945) (L. Hand, J.); Restatement (First) of Foreign Relations Law, S 18 (1962). | Also inherent in national sovereignty is the power to impose, even upon foreign persons or property outside its territory, liability for acts done abroad which proximately cause damage within the territorial limits of the sovereign. United States v. Aluminum Co. of America, 2 Cir., 148 F.2d 416, 443 (1945) (L. Hand, J.); Restatement (First) of Foreign Relations Law, S 18 (1962); Thomson v. Cayser, 1917, 243 U.S. 66, 88, 37 S.Ct. 353, 61 L.Ed. 597; United States v. Aluminum Co. of America, 2 Cir., 148 F.2d 416, 443 (1945) | Is there inherent power under national sovereignty to impose liability for acts done abroad which proximately cause damage within the territorial limits of the sovereign? | 007964.docx | LEGALEASE 00121379–LEGALEASE 00121381 | Condensed, SA, Sub | 0.5 | | | | 1 | 1 |
| 657 | Gross v. German Found. Indus. Initiative, 456 F.3d 363 | 221×142 | Under the act of state doctrine, American courts are precluded from "inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (explaining American courts should not invalidate the "act of a governmental character done by a foreign state within its own territory and applicable there"). Courts must distinguish among "the act of state doctrine, which is related to foreign relations which is related to foreign relations invalid and ineffective as a "rule of decision for the courts of this country"; the effect of an act of foreign sovereign..." | Under the act of state doctrine, American courts are precluded from "inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (explaining American courts should not invalidate the "act of a governmental character done by a foreign state within its own territory and applicable there"). | Must courts dismiss under the act of state doctrine when invalidation of a suit would require the court to declare invalid and ineffective as a rule of decision for the courts of this country the official act of a foreign sovereign? | 002024.docx | LEGALEASE 00121593–LEGALEASE 00121593 | Condensed, SA | 0.75 | | | | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 23,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 658 | Atziums Aircraft v. Fed. Republic of Nigeria, 999 F.2d 33 | 221=440 | Although the Court did not express what our "legally significant act" test meant, a similar analysis... and the Court found decisive the fact that the contractually designated place of performance was New York. In tort, the analog to the breach that occurred in the United States. In tort, the analog is not precise. Although a contractual provision designating the United States as the place of performance is sufficient to vest jurisdiction under the FSIA, a foreign tort is not necessarily sufficient to deprive federal courts of jurisdiction because the foreign tort may have had sufficient contacts with the United States to establish the requisite "direct effect" in this country. | Although contractual provision designating United States as place of performance is sufficient to vest jurisdiction under Foreign Sovereign Immunities Act, foreign tort is not necessarily sufficient to deprive federal courts of jurisdiction because foreign tort may have had sufficient contacts with the United States to establish requisite "direct effect" in the United States. 28 U.S.C.A. § 1605(a)(2). | Is a foreign tort sufficient to deprive federal courts of jurisdiction in as much as the foreign tort may have had sufficient contacts with the United States to establish a requisite "direct effect" in the United States? | 02093.docx | LEGALEASE 0022085 LEGALEASE 0022093 | SA_Sub | 0.52 | | | | 1 | |
| 659 | Schweitzer v. Westminster Investments, 157 Cal.App.4th 1195 | 307A=3 | A motion in limine, which is a commonly used tool at the beginning of trial when evidentiary issues are anticipated by the parties, is designed to facilitate the management of evidence deemed inadmissible and prejudicial by the moving party (People v. Morris (1991) 53 Cal.3d 152, 188, 279 Cal.Rptr. 720, 807 P.2d 949, disapproved on another ground by People v. Stansbury (1995) 9 Cal.4th 824, 830, fn. 1, 38 Cal.Rptr.2d 394, 889 P.2d 588.) It serves the same function as a motion to exclude evidence under Evidence Code section 353 allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction. (Kelly v. New West (1996) 44 Cal.App.4th 659...) | A motion in limine, which is a commonly used tool at the beginning of trial when evidentiary issues are anticipated by the parties, is designed to facilitate the management of evidence deemed inadmissible and prejudicial by the moving party. | Is a motion in limine, which is a commonly used tool at the beginning of trial when evidentiary issues are anticipated by the parties, designed to facilitate the management of evidence deemed inadmissible and prejudicial by the moving party? | Pretrial Procedure Memo 3185 - C - OB.docx | ROSS 003311425-ROSS-003311427 | Condensed_SA | 0.66 | | | 1 | | |
| 660 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221=342 | Originally linked with principles of sovereign immunity, the act of state doctrine has more recently been described as "aris[ing] out of the basic relationships between branches of government in a system of separation of powers." ... As set forth in its modern form, the act of state doctrine thus reflects the concerns underlying the doctrine focus on the prominence of the political branches, and particularly the executive, in the conduct of foreign policy. E.g., First National Bank v. Banco Nacional de Cuba, 406 U.S. 759, 767-68, 92 S.Ct. 1808, 1813-14, 32 L.Ed.2d 466 (1972); Banco Nacional de Cuba v. Chase Manhattan Bank, 658 F.2d 875, 882 (2d Cir.1981). Therefore, the applicability of the doctrine depends on the likely impact on international relations that would result from judicial consideration of the foreign sovereign's act. If adjudication would embarrass or hinder the executive in the realm of foreign relations, the court should refrain from inquiring into the validity of the foreign state's act. Sabbatino, 376 U.S. at 427-28, 433; First Nat'l Bank, 406 U.S. at 768, 92 S.Ct. at 1813... | Applicability of "act of state" doctrine depends on likely impact on international relations that would result from judicial consideration of the foreign sovereign's act. If adjudication would embarrass or hinder the executive in realm of foreign relations, court should refrain from inquiring into validity of the foreign state's act. | In determining the applicability of "act of state" doctrine, is the likely impact on international relations that would result from the judicial consideration of foreign sovereign's act relevant? | International Law Memo 603 - TN.docx | ROSS-003202494-ROSS-003204396 | SA_Sub | 0.71 | | | 1 | | |
| 661 | Rex v. Unius Corp., 797 F. Supp. 2d 1073 | 221=342 | Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 421, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)). The act of state doctrine embodies purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with executive and Congressional foreign policy efforts. Salimoff v. Standard Oil Co. of N.Y., see also Republic of the Philippines v. Marcos, 862 F.2d 1355, 1360 (9th Cir.1988) (citing Sabbatino, 376 U.S. at 427-28, 84 S.Ct. at 923); International Ass'n of Machinists and Aerospace Workers v. OPEC, 649 F.2d 1354, 1360 (9th Cir.1981)... | Act of state doctrine embodies purely prudential concern that judicial inquiry into validity of a foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts. | Does the act of state doctrine embody purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with executive and congressional foreign policy efforts? | 02015.docx | LEGALEASE 0024366-LEGALEASE 0024368 | Condensed_SA | 0.66 | | | | 1 | |
| 662 | Nat'l Coal Gov't of Union of Burma v. Unocal, 176 F.R.D.329 | 221=342 | The Supreme Court's treatment of the act of state doctrine has shifted over time. Kirkpatrick, 493 U.S. at 404, 110 S.Ct. at 704. The classic statement of the doctrine rested on notions of international comity, but more recent formulations focus on the separation of powers concerns. Id. States as a whole, the act of state doctrine sets out an exception of the judicial branch that its engagement in the task of passing on the validity of foreign acts of state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere. Sabbatino, 376 U.S. at 423, 84 S.Ct. at 923. It thus represents a self-imposed judicial restraint embodies the purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with executive and Congressional foreign policy efforts. Kirkpatrick, 493 U.S. at 404, 110 S.Ct. at 704 (citing Sabbatino, 376 U.S. at 427-28, 84 S.Ct. at 923); see also Republic of the Philippines v. Marcos, 862 F.2d 1355, 1360 (9th Cir.1988) (citing Sabbatino); International Ass'n of Machinists and Aerospace Workers v. OPEC, 649 F.2d 1354, 1360 (9th Cir.1981)... | Act of state doctrine embodies purely prudential concern that judicial inquiry into validity of a foreign nation's sovereign acts may interfere with Executive and Congressional foreign policy efforts. | Does the act of state doctrine embody purely prudential concern that judicial inquiry into the validity of a foreign nation's sovereign acts may interfere with Executive and Congressional foreign policy efforts? | International Law Memo #41- C- MS.docx | ROSS-003215123-ROSS-003315124 | Condensed_SA | 0.66 | | | 1 | | |
| 663 | Sochororov ed. Turbana v. Maqoba, 1916 F. Supp. 2d 633 | 221=284 | Leaving the Vienna Convention aside for the moment, the precise contours of the customary norm of protection of foreign territorial jurisdiction over heads of state are not specifically spelled out in any other treaty or universally accepted instrument reflecting customary international law. As one leading treatise has noted: "The New York Convention on Special Missions of 1969 provides that heads of state leading a special mission shall enjoy "the facilities, privileges and immunities accorded by international law to heads of State on an official visit," but it does not define in any detail these facilities, privileges and immunities." Satow's Guide, at 9. Accordingly, the Court, even if deciding to subscribe to a theory that does not derive from or follow clear treaty language or is uncertain under customary international law as applied to the present circumstances, not find the language... | Precise contours of protection from assertions of foreign territorial jurisdiction over heads of state are not specifically spelled out in any treaty or universally accepted instrument reflecting customary international law. | Are the precise contours of protection from assertions of foreign territorial jurisdiction over heads of state specifically spelled out in any treaty or universally accepted instrument reflecting customary international law? | International Law Memo #471- C- MS.docx | ROSS-003297361-ROSS-003297562 | Condensed_SA | 0.78 | | | | | |

129

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,564 | 14,873 | 21,876 | 9,079 |
| 664 | Bowoto v. Freeport-McMoRan, 969 F. Supp. 362 | 24k765.1 | To determine whether state action has been alleged, the court considers the "act or omission of individuals under the color of law" jurisprudence of 42 U.S.C. § 1983 [ … ] | To determine whether state action has been alleged in an action under the Alien Tort Statute for human rights violations, district courts consider tests contained in Restatement section and "color-of-law" jurisprudence under 42 U.S.C. § 1983, Restatement (Third) of Foreign Relations Law of the United States § 207 comment. | | 020859.docx | LEGALEASE 0023065-<br>LEGALEASE 0023066 | Condensed, SA, Sub | 0.69 | 0 | | | | |
| 665 | Barragan v. Banco BDN, 188 Cal. App. 3d 283 | 221k342 | The act of state doctrine precludes judicial inquiry into the validity of public acts of foreign sovereigns committed within their own territory [ … ] | Act of state doctrine precludes judicial inquiry into validity of public acts of foreign sovereigns committed within their own territory; however, doctrine does not prevent judicial resolution of commercial consequences arising from a foreign government's decisions and does not apply to commercial acts of nationalized corporations. | | 020897.docx | LEGALEASE 0023456-<br>LEGALEASE 0023457 | Condensed, SA | 0.66 | 0 | | 1 | | |
| 666 | Teegarden v. United States, 42 Fed. Cl. 252 | 149k2.1 | The element of causation poses an even greater obstacle for plaintiffs to overcome in seeking to prove that even the occurrence of a suppression response and equipment in areas of high priority [ … ] | In the context of a claim for inverse condemnation, damages resulting from a random event indicated more by extraordinary natural phenomenon than by government interference cannot rise to the level of a compensable taking; there must be some causal connection to the government interference, partially attributable to government activity, U.S.C.A. Const.Amend. 5. | | Eminent Domain - Memo 265 - QP.docx | ROSS-000300000-ROSS-000300001 | SA, Sub | 0.66 | 0 | | 1 | | |
| 667 | Florida Power & Light Co. v. Sec. Council (4 of 4) Bd. of Elec. Workers, AFL-CIO, 307 So.2d 189 | 15k45 | Neither the trial court nor this court had said that when, because of facts developing after suit began, certain relief is desirable, it may nevertheless be denied on the ground [ … ] | In absence of a proper supplemental bill filed after permission was granted, right of complainant to relief prayed must be determined upon facts existing at the time the original bill was filed. | | 050015.docx | LEGALEASE 0027504-<br>LEGALEASE 0027505 | SA, Sub | 0.51 | 0 | 1 | | | |
| 668 | First Fed. Sav. & Loan Ass'n of Hamilton v. Haley, 357 So.2d 3062 | 401k5.1 | The second issue contends that the Circuit Court of Franklin County had no authority to order First Federal to satisfy a mortgage on land located in Adamson County. [ … ] | Venue statute, which relates to equitable proceedings against individuals when the subject matter of the action is real estate, has no limitation upon the general statewide jurisdiction of a circuit court, Ala.1975, § 6-3-2; Const.1901, Amend. 328, § 6.04. | | Venue - Memo 135 - SB.docx | ROSS-000290163-ROSS-000290164 | SA, Sub | 0.75 | 0 | | 1 | | |
| 669 | Feinberg v. Yellow Cable TV, 34 Cal. App. 4th 1032 | 413k11 | The workers' compensation system shields those parties from such actions. (Privette v. Superior Court, supra, 5 Cal.4th at p. 701, 21 Cal.Rptr.2d 72, 854 P.2d 721; Bardin, supra) [ … ] | Workers' compensation scheme operates regardless of fault and achieves identical purposes that underlie recovery under fault and achieve identical purposes that underlie recovery under particular risk doctrine by ensuring swift, sure compensation for workplace injuries. | | 043602.docx | LEGALEASE 0027466-<br>LEGALEASE 0027468 | Condensed, SA | 0.76 | | 1 | | | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 630 | Doree Labs. v. Farrell, 509 P.2d 132 | 3074-006.1 | Under Alaska Rule of Civil Procedure 41(a), there are three ways in which a plaintiff may secure a voluntary dismissal of an action. Civil Rule 41(a)(1)(i) allows the plaintiff the notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs...." This method of dismissal is a "matter of right" running to the plaintiff and may not be vetoed/opposed or circumscribed by adversary or court. * The plaintiff may also obtain a dismissal by filing a stipulation to that effect signed by all parties who have appeared in the action. If the plaintiff is unable to meet the criteria for either of these methods of dismissal, the action may be dismissed at the plaintiff's instance only upon order of the court. The issue in the present case revolves around this third type of voluntary dismissal. | Method of dismissal, under rule allowing plaintiff the notice of dismissal at any time before service by adverse party of answer or of motion for summary judgment, whichever first occurs, is "matter of right" running to plaintiff and may not be vetoed/opposed or circumscribed by adversary or court. Rules of Civil Procedure, rule 41(a)(1)(ii). | Is voluntary dismissal by notice a matter of right running to the plaintiff and may not be vetoed/opposed or circumscribed by adversary or court? | 039073.docx | LEGALEASE 00128242 LEGALEASE 00128424 | SA, Sub | 0.61 | 0 | | 1 | 1 | |
| 671 | Ex parte Hicks, 477 S.W.2d 857, 379 | 3074-008 | Good faith has been held to be a limitation upon the right to take a non-suit. J. A. Walsh & Co. v. K. B. Butler, Inc., 260 S.W.2d 889 (Tex.Civ.App.-Waco 1953, writ ref'd n.r.e.); 132 Tex.Jur.2d, Sec. 951, 2553). But faith or ulterior motives on the part of plaintiff (intstor) is no ground for denial of the non-suit, Rule 164, Tex.R.Civ.P., gives the plaintiff the right to take a non-suit at any time before the trial court announces its decision in a non-jury case, but further provides that the plaintiff (by taking a non-suit) shall not "thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief". The rule is to be liberally construed and grant an absolute right. (Rule 164, Tex.R.Civ.P., 165.56d 271 (1953).) | Rule granting plaintiff the right to take a nonsuit at any time before trial court announces its decision in a nonjury case and further providing that plaintiff by taking a nonsuit shall not thereby prejudice right of an adverse party to be heard on his claim for affirmative relief is to be liberally construed. Rules of Civil Procedure, rule 164. | Does a rule granting a plaintiff the right to take a nonsuit at any time before the trial court announces its decision in a nonjury case to be liberally construed and grant an absolute right not subject to denial? | 025322.docx | LEGALEASE 00129295-LEGALEASE 00129296 | SA, Sub | 0.54 | | | 1 | 1 | |
| 672 | Jones Lee v. Arkansas Dep't of Human Servs., 2009 Ark. App. 160 | 3074-717.1 | When deciding whether a continuance should be granted, the circuit court should consider the following factors: (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the witness's attendance in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. Id. Additionally, the appellant must show prejudice from the denial of a motion for continuance, and we will not reverse a trial court's order absent a showing of prejudice. Id. | While deciding whether a continuance should be granted, what are the factors that a court should consider? | While deciding whether a continuance should be granted, what are the factors that a court should consider? | Pretrial Procedure - Memo #1809 - C - SW.docx | ROSS-003103343 ROSS-003103845 | Condensed, SA | 0.67 | 0 | 1 | | 1 | |
| 673 | Kwaniev v. Peters, e. Mich. App. 153 | 359-107 | And it is true that if plaintiff moved the court to require defendant to respond to them. The court develop the motion, stating that the juror questionnaires were broad enough and may/plaintiff learned more information suggested by plaintiff claims the denial of his motion was error. The 'demands' were allegedly defined in conformity with the procedure sanctioned by (Schlitz) (1959), 355 Mich. 392, 94 N.W.2d 837. To be sure, on page 397, 94 N.W.2d on page 840, Justice Black said: [1] There is no reason why the granting plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case. | Statement in Supreme Court decision that there is no reason why plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand? was authorizing use of a new procedural device entitled a "demand." | Is there a reason why a granting plaintiff may not secure, on oath prior to trial, such information as will fairly disclose whether any prospective juror is interested, along with an insurer, in the result of the case at hand? | Pretrial Procedure - Memo #1827 - C - NS.docx | ROSS-003140739 ROSS-003140739 ROSS-003134079 | SA, Sub | 0.54 | 0 | | 1 | 1 | |
| 674 | Gen. Motors Acceptance Corp. v. Falcone, 130 N.J. Super. 517 | 413-1 | The Workmen's Compensation Act is social legislation designed to accomplish a humane and generous purpose. The award is "in lieu of wages." Williams v. Newark Dept. of Welfare, 43 N.J.Super. 473, 477, 129 A.2d 56 (Co.Ct. 1957). See also, Keehn v. Clarke/e. McKoy, Cicero, 290 A.Super. 272, 102 A.2d 484 (Ch. Div. 1953); King v. Western Electric Co., 122 N.J.L. 442, 445, 5 A.2d 490 (Sup.Ct.1939). Workmen's Compensation affords an injured worker a measure of economic security during the period of time he is recuperating from a work-related accident, and further compensates him for permanent disability which reduces his future earning capacity. See Nuce's v. Cord Inc., 49 N.J. 317, 325, 230 A.2d 343 (1966); Sanders v. Jarka Corp., 1 N.J. 36, 41, 61 A.2d 641 (1948); Electronic Associates, Inc. v. Heisinger, 111 N.J. Super. 15, 19, 266 A.2d 601 (App.Div.1970). The legislative intent is that the injured worker shall receive compensation for the continuance. | Workmen's compensation affords an injured worker a measure of economic security during the period of time he is recuperating from a work-related accident, and further compensates him for permanent disability which reduces his future earning capacity? | Does Workmen's Compensation afford an injured worker a measure of economic security during the period of time he is recuperating from a work-related accident, and further compensate him for permanent disability which reduces his future earning capacity? | 047816.docx | LEGALEASE 00130131 LEGALEASE 00130132 | Condensed, SA | 0.74 | | 1 | | 1 | |
| 675 | Roache v. Charney, 38 A.3d 281 | 3074-738 | In Serenti v. State, we established guidelines for reviewing the grant or denial of a continuance. "First, the party seeking the continuance has the burden of establishing a clear abuse of the criteria for a continuance, including the length of the requested continuance. [After providing the trial judge with the reasons for and the length of the continuance], the party seeking the continuance must also demonstrate: (1) that it was diligent in preparing for the presentation of the testimony; and (2) that the inconvenience to the court, opposing parties, witnesses, and jurors is insubstantial in relation to the likely prejudice which would result from the denial of the continuance. | After providing the trial judge with the reasons for and the length of the continuance, the party seeking the continuance must also demonstrate: (1) that it was diligent in preparing for the presentation of the testimony; and (2) that the inconvenience to the court, opposing parties, witnesses, and jurors is insubstantial in relation to the likely prejudice which would result from the denial of the continuance. | After providing the trial judge with the reasons for and the length of the continuance, should the party seeking the continuance demonstrate anything further? | 020916.docx | LEGALEASE 00136073 LEGALEASE 00136074 | Condensed, SA, Sub | 0.37 | | 1 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 676 | 321 Henderson Receivables Origination LLC v. Murrex, 172 Cal. App. 4th 303 | 307A+517.1 | Dismissal Under Code of Civil Procedure Section 581.12 Code of Civil Procedure section 581.1, subdivision (b), provides that "[a]n action may be dismissed in any of the following instances: With or without prejudice, by any party upon written consent of all other parties..." Apart from certain statutory exceptions, a plaintiff's right to voluntary dismissal pursuant to subdivision (c) appears to be absolute... [remaining text continues] | Voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees? | 007044.docx | LEGALEASE-00132303 LEGALEASE-00132304 | SA_Sub | 0.83 | | | 1 | 1 | |
| 677 | Appeal of Boeing Co., 261 Kan. 508 | 371+2001 | "A distinction exists between general taxes and assessments for special or local improvements. The former are not chargeable upon the levying authorities by the taxing authorities for the support of the government while the latter are imposed upon property within a limited area for payment of special or local improvements." Mount Hope Cemetery Co. v. City of Topeka, 190 Kan. 702, Syl. 2, 378 P.2d 30 (1963)(cemetery held exempt from assessment for general taxation and for special assessment for special or local improvements, a street-paving project). | "The 'general taxes'" are exaction placed upon the citizens by the taxing authorities for the support of the government while "special assessments" are imposed upon property within a limited area for payment of special or local improvements? | 027220.docx | ROSS-003127334-ROSS-003127337 | SA_Sub | 0.6 | | | 1 | 1 | |
| 678 | State ex rel. Cummings v. Witthaus, 358 Mo. 1088 | 307A+517.1 | It was not without reason that safeguards were written into the law to preclude discovery and to prevent disclosure at any stage of litigation until proper procedures... [continues] | Discovery statutes are intended to assist in the administration of justice, are remedial in nature, and are to be liberally construed but they cannot be construed to permit the support of the request for privacy. V.A.M.S. 510.030; V.A.M.S Civ.1945, art. 1, S 10.? | 027224.docx | LEGALEASE-00132572 LEGALEASE-00132573 | SA_Sub | 0.73 | | | 1 | 1 | |
| 679 | Jahn v. U Save Motors, 971 So. 2d 912 | 307A+517.1 | The voluntary dismissal allowed the trial court to... [continues] | The right to dismiss one's own lawsuit during the course of a trial is guaranteed by rule, endowing a plaintiff with unilateral authority to request action favorable to a defendant which the trial judge might be disposed to approve thereby completely removing it from the courts' consideration? | 007934.docx | LEGALEASE-00131862 LEGALEASE-00131863 | Condensed_SA_Sub_032 | 0.6 | | 1 | 1 | 1 | |
| 680 | Shaheen v. City Of Mathews, 265 Va. 462 | 307A+486 | Under the first prong of this two-part test, the moving party has the burden to demonstrate that withdrawal or amendment of an admission will "subserve" the presentation of the merits of the action... [continues] | First prong of two-part test governing a trial court's discretion to permit the withdrawal or amendment of matters admitted pursuant to request for admissions, requiring the moving party to demonstrate that the withdrawal or amendment of an admission will subserve the presentation of the merits of the action. Sup.Ct.Rules, Rule 4:11(b). | 029003.docx | LEGALEASE-00134097 LEGALEASE-00134098 | SA_Sub | 0.42 | | | 1 | 1 | |
| 681 | TRF Int. v. Vasco, 233 S.W.3d 231 | | A party who fails to respond to requests for admissions admits those matters, and no further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial... [continues] | Does a party who fails to respond to requests for admissions admit those matters, and no further sanction is necessary or available to the proponent, who instead can use the admissions in dispositive motions or at trial, and can a court merely consider such admissions in deciding a motion for a directed verdict. V.A.M.R. 59.01. | Pretrial Procedure Memo # 3335 - C - SK.docx | ROSS-003290460-ROSS-003290462 | SA_Sub | 0.67 | | | 1 | 1 | |
| | | | | | | | | | | | | | | 132 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 682 | Lawyer's Ass'n of St. Louis, 268+559<br>v. City of St. Louis, 294 S.W.2d 676 | 268+559 | Turning to the disputed ordinance, it states that it is "an ordinance denying and imposing and earning clerk of general revenue purposes of one half of one percent on salaries, wages, commissions and other compensation earned after August 31, 1952, ..." (emphasis ours.) We recognize that the name, purpose, designation or character given by the legislative body to a particular tax in the statute or ordinance imposing it is not conclusive upon the Court in determining the nature or purpose of the exaction. Yet it is entitled to due weight and consideration. In the final analysis, it is the Court to determine the nature or purpose of a particular tax, regardless of its apparent legislative designation. 84 C.J.S. Taxation, \"1, 15, \"Ann. Cas., 28, Cutter Carburetor Corporation v. City of St. Louis, 316 Mo. 646, 293 S.W.2d 438, Cummins v. Kansas City Public Service Co. (en Banc) 334 Mo. 672, 66 S.W.2d 920. | The name, purpose, designation or character given by the legislative body to a particular tax in statute or ordinance imposing it, is not conclusive upon court in determining nature or purpose of exaction. | "Is the name, purpose, designation or character given by legislative body to particular tax in statute or ordinance imposing it, conclusive upon court in determining nature or purpose of exaction?" | Taxation - Memo 335 - C-NA.docx | ROSS/USDISS14-ROSS-00318636 | SA, Sub | 0.59 | | 0 | | | 1 | |
| 683 | Medina v. Raven, 492<br>S.W.2d 32 | 307A+486 | The supreme court has held that the standard's for withdrawing deemed admissions are the same as those for withdrawing admissions in the same. Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687-88 (Tex. 2002). "Either to prove upon a showing of good cause, and (2) the undue prejudice." Wheeler v. Green, 157 S.W.3d 439, 442 (Tex.2005) (per curiam) (citing Carpenter, 98 S.W.3d at 687-88); see Tex. R. Civ. P. 166a(c), 198.3. "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." Wheeler, 157 S.W.3d at 442 (citing Carpenter, 98 S.W.3d at 687-98; Bethy v. Peyton, 927 S.W.2d 620, 621 (Tex.1996) (per curiam)). Undue prejudice depends on whether withdrawing the admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." Id. (citing Carpenter, 98 S.W.3d at 687). Wheeler, 157 S.W.3d at 442; see also Wal-Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 357 (Tex.1998) (per curiam). | Unique prejudice to the nonmoving party that would preclude withdrawing deemed admissions, for whether withdrawing admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. | Will undue prejudice to the nonmoving party that would preclude withdrawing deemed admission or filing a late response delay trial or significantly hamper the opposing party's ability to prepare for it? | 02922.docx | LEGALEASE 00134093-LEGALEASE 00134093 | SA, Sub | 0.74 | | 0 | 1 | | | |
| 684 | Harris v. Sintás, 322<br>S.W.2d 930 | 30+3911 | The merit fact that an attorney withdraws from a case does not give a party an absolute right to a continuance. Annotators, 117 A.L.R.2d 1135, 1151, \" 2. The decision whether to grant or deny a continuance on this ground rests largely in the discretion of the trial court, and although that discretion's judicial in nature and remediable on appeal, every intolerance's in favor of the court's ruling. Smith v. Texas Star Mining Co., 262 S.W.2d 63, loc. cit. 678. Whether there has been an abuse of discretion on the part of the court in directing the tail proceed in the absence of an attorney for a party is subject to determination on the facts and circumstances in each case. Brown v. Brent, supra. According to the assignment judge's statement which we accept, when had employment and services of counsel in this case for the purpose of procuring continuances by the withdrawal of lawyer from the case was reached first before the trial abuse. Smith v. Evans in his deposition that matter's or another case before the one sub judice. We have had a similar experience. After the case reached this court Smith's. Attorney has filed two notices for additional time to file a transcript on appeal. Attorney's then filed a motion to withdraw on the ground that the two had employment to represent the client first, upon their insufficient funds. Attorney's then appeared here for the first time to file a transcript. Attorney's then matters withdraw for the court, although allowed at first time to file a transcript. Smith's and filed a motion for additional time to file a transcript. So different, successive lawyers in the trial court, their different, successive lawyers on appeal, every intolerance's in favor of the court's ruling. For the purpose of delaying the matter is apparent. (Elnote's of our question.) | More fact that an attorney withdraws from a case does not give a party an absolute right to a continuance; the decision whether to grant or deny a continuance on this ground rests largely in discretion of trial court, and, although that discretion's judicial in nature and remediable on appeal, every intolerance's in favor of the court's ruling. | Does the fact that an attorney withdraws from a case give a party an absolute right to a continuance? | Pretrial Procedure - Memo 3339 - C-NE.docx | ROSS-003205134-ROSS-003205138 | Condensed, SA | 0.9 | | | 0 | 1 | |
| 685 | Gendolsen v. Gendolsen, 668 S.W.2d 905 | 307A+716 | The decision on a continuance because of the absence of counsel or the trial judge to grant a continuance due to absence of counsel. Absence of counsel will not provide good cause for a continuance of the cause when called for trial except in discretion of the court upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record. Howard 315 K.Civ.P. 251.7 There's no showing on the record of any matters within the information or knowledge of the judge which show good cause for continuance. | Absence of counsel will not be a good cause for a continuance of the cause when called for trial except in discretion of trial court upon cause shown or upon matters within knowledge or information of judge to be stated on the record. | Will absence of counsel not be a good cause for a continuance of the cause when called for trial except in discretion of trial court upon cause shown or upon matters within the knowledge or information of the judge to be stated in the record? | 029318.docx | LEGALEASE 00135278-LEGALEASE 00135279 | SA, Sub | 0.47 | | 0 | | 1 | |
| 686 | Kemive v. Mobil Energy, 523 S.W.3d 851 | 228+18(4) | When professions are deemed as a discovery sanction to preclude presentation of the merits of an action, the party invoking the sanction bears the same due process concerns as other case-ending discovery sanctions." Marcus, 355 S.W.3d at 410. Wheeler, 157 S.W.3d at 442 ("But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due process concerns arise"). 1). Thus, to subdstantiate a summary judgment based solely on merit-preclusive deemed admissions, the party relying upon them must demonstrate flagrant bad faith or callous disregard for the rules." Marous, 355 S.W.3d at 419, Wheeler, 157 S.W.3d at 443; see also Transkeisan has. Gas Corp. v. Zowell, 811 S.W.2d 652, 558 (Tex. 1991) ("Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules."). | To substantiate a summary judgment based solely on merit-preclusive deemed admissions, the party relying upon them must demonstrate flagrant bad faith or callous disregard for the rules. | To substantiate a summary judgment based solely on merit-preclusive deemed admissions, must the party relying upon them demonstrate flagrant bad faith or callous disregard for the rules? | 029894.docx | LEGALEASE 00135553-LEGALEASE 00135554 | SA, Sub | 0.77 | | 0 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 687 | In re Marriage of Dishon, 277 Mont. 501 | 307A+483 | Carrie argues that Trevor's failure to file a response to her motion for attorney fees is an admission that her motion is well taken. Although Rule 2(b) of the Uniform District Court Rules provides that a failure to file an answer brief within ten days shall be deemed an admission that the motion is well taken, it does not require the district court to grant the unanswered motion. Maberry v. Gueths (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1288-89. | Although failure to file answer brief within ten days is deemed an admission that motion is well taken, district court is not required to grant unanswered motion. Uniform District Court Rule 2(b). | "Although failure to file answer brief within ten days is deemed an admission that motion is well taken, is a district court not required to grant the unanswered motion?" | Pretrial Procedure - Memo # 3689 - C - SKG.docx | ROSS-003290880-ROSS-003290881 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 688 | Travis v. Commercial Union Ins. Co., 569 So. 2d 115 | 307A+483 | Generally, when an obligation is based on a writing, prima facie proof of the obligation requires introducing that writing. Ascension Builders, Inc. v. Jumonville, 263 So.2d at 878; Sudds v. Protective Casualty Insurance Company, 554 So.2d at 151. A jurisprudential exception is that when the plaintiff requests admissions of contractual coverage or production of the policy, the defendant's failure to comply may be construed as supplying the missing proof. Sudds v. Protective Casualty Insurance Company, 554 So.2d at 151. See Succession of Rock v. Allstate Life Insurance Company, 340 So.2d at 1329. | Generally, when obligation is based on writing, prima facie proof of obligation requires introducing that writing; jurisprudential exception is that when plaintiff requests admissions of contractual coverage or production of policy, defendant's failure to comply may be construed as supplying missing proof. | Is the jurisprudential exception to rule that prima facie proof of contractual obligation requires introduction of the writing that when a plaintiff in a case involving an insurance contract requests admissions of contractual coverage? | 030484.docx | LEGALEASE-00135751-LEGALEASE-00135752 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 689 | Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+483 | We review a trial court's decision to permit or deny withdrawal of deemed admissions for an abuse of discretion. Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996) (per curiam). "An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably." Id. Texas Rule of Civil Procedure 198.3 provides the "guiding rules or principles" the trial court must follow when ruling on a request to withdraw deemed admissions. See id. at 621. Additionally, when due process concerns are raised by deemed admissions which act as a merits-preclusive sanction, the trial court must follow the guiding rules and principles established by Wheeler v. Green, 157 S.W.3d 439 (Tex.2005) (per curiam). In re Rozelle, 229 S.W.3d 757, 763 (Tex.App.-San Antonio 2007, orig. proceeding). | When due process concerns are raised by deemed admissions which act as a merits-preclusive sanction, the trial court must follow the guiding rules and principles established by the Texas Supreme Court. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "When due process concerns are raised by deemed admissions which act as a merits-preclusive sanction, must the trial court follow the guiding rules and principles established by the Texas Supreme Court?" | 029987.docx | LEGALEASE-00136662-LEGALEASE-00136663 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 690 | Hill v. Caparino, 370 S.W.2d 760 | 307A+483 | Nothing in the facts presented by the record indicates that appellant was deprived of a full eleven days in which to file her sworn answer to the request for admissions. In support of the trial court's judgment on the motions, it is presumed that evidence was presented which supported his action in finding that the answer was filed late. In the absence of a motion to permit a late filing of the answer, there can be no complaint of the action of the trial court in entering his order decreeing that the Request for Admissions of Relevant Facts be deemed answered affirmatively. O'Connor v. City of Dallas, Tex.Civ.App., 337 S.W.2d 741, err. dism.; Burnett v. Cory Corp., Tex.Civ.App., 352 S.W.2d 502, ref., n. r. e.; Longoria v. Violet Gin Company, Tex.Civ.App., 309 S.W.2d 484, ref., n. r. e. | In absence of a motion to permit a late filing of an answer to a request for admissions, there can be no complaint of action of trial court in entering order decreeing that request for admissions of relevant facts be deemed answered affirmatively. Rules of Civil Procedure, rule 169. | "In absence of a motion to permit a late filing of an answer to a request for admissions, can there be a complaint of the action of the trial court in entering its order decreeing that the request for admissions of relevant facts be deemed answered affirmatively?" | Pretrial Procedure - Memo # 3941 - C - PB.docx | ROSS-003290584-ROSS-003290586 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 691 | Perry v. Perry, 100 Ohio App. 15 | 307A+723.1 | After the examination and cross-examination of the plaintiff, she made and the court sustained the following motion: "At this juncture, if the court please, the plaintiff moves the court to amend her petition for divorce to include the ground of extreme cruelty setting forth the allegations testified to here by the plaintiff. We had hoped to avoid that."The rules of civil procedure as to amendment of pleadings apply to divorce cases, and it is well established that when a party to an action amends a pleading therein and it does not appear that the adverse party is taken by surprise, is not unprepared to meet the issue made by the amended pleading, and fails to request a continuance, the trial court may continue with the trial of the case. Smith v. Ward, 32 Ohio App. 177, 166 N.E. 396; 31 Ohio Jurisprudence 922, Section 326. The defendant made no request for a continuance, and, in view of the nature of the issue raised by the amendment which charges the defendant with misconduct such as could only be denied by him alone and because he was present and did so testify in the trial, we can not see how he could have been prejudiced in the permitting of the plaintiff to amend her petition. | When party to action amends pleading therein and it does not appear that adverse party is taken by surprise or is unprepared to meet issue made by amended pleading, and he fails to request continuance, trial court may continue with trial of case. | "Can trial court continue with the trial of case when a party to action amends a pleading and it does not appear that an adverse party is taken by surprise or is unprepared to meet an issue made by an amended pleading, and he fails to request continuance?" | 030344.docx | LEGALEASE-00136510-LEGALEASE-00136511 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 692 | Zutter v. Kral, 268 Wis. 606 | 388+26 | With respect to the payment of defendant's witness and attorney fees, sec. 270.145(6), Stats. provides:"No continuance by the court or referee shall be granted unless by consent of parties except upon immediate payment of the fees of witnesses in actual attendance and reasonable attorney's fees. Costs of continuance shall be taxed by the clerk immediately and without notice." | Statute providing that no continuance by court or referee shall be granted unless by consent of parties except upon immediate payment of fees of witnesses in actual attendance and reasonable attorney's fees and that costs of continuance shall be taxed by clerk immediately and without notice, is mandatory. St.1953, S 270.145(6). | Can a continuance by court be granted without consent of parties even upon immediate payment of fees of witnesses in actual attendance? | 032020.docx | LEGALEASE-00138270-LEGALEASE-00138271 | Condensed, SA | 0.13 | 0 | 1 | 0 | 1 | |
| 693 | Law Offices of Nye & Assocs., Ltd. v. Boado, 2012 IL App (2d) 110804 | 307A+517.1 | The comments to section 26 of the Restatement illustrate the general premise that a court may expressly reserve a plaintiff's right to maintain a second action when it indicates that its judgment is without prejudice. See Hudson, 228 Ill.2d at 472, 321 Ill.Dec. 306, 889 N.E.2d 210 n.2 (citing Restatement (Second) of Judgments " 26(1), Cmt. b (1982)). Indeed, "[the] voluntary dismissal of an action is typically without prejudice to the bringing of a second action." (Emphasis in original.) Id. However, "the use of "without prejudice" language is not sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action: "the trial judge's granting plaintiffs' motion to voluntarily dismiss the common law counts without prejudice under section 2"1009 should not be interpreted as immunizing plaintiffs against defenses defendants may raise when the voluntarily dismissed counts were refiled." " (Emphasis in original.) Id. (quoting Rein, 172 Ill.2d at 342, 216 Ill.Dec. 642, 665 N.E.2d 1199). A plaintiff cannot "file a complaint with multiple counts, take a voluntary dismissal without prejudice of some of the counts, pursue the undismissed counts to final judgment, and then harass the defendant with successive suits simply because the dismissals of those counts were entered "without prejudice." " Id. (citing Rein, 172 Ill.2d at 343, 216 Ill.Dec. 642, 665 N.E.2d 1199). | The voluntary dismissal of an action is typically without prejudice to the bringing of a second action; however, the use of without prejudice language is not sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action. S.H.A. 735 ILCS 5/2-1009(a). | Is the use of without prejudice language sufficient to protect a plaintiff against the bar of res judicata when another part of plaintiff's case has gone to final judgment in a previous action? | 028121.docx | LEGALEASE-00139014-LEGALEASE-00139015 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 694 | Graefe & Graefe v. Beaver Mesa Expl. Co., 635 P.2d 900 | 307A+750 | At the conclusion of the trial, plaintiffs sought to amend their complaint to conform to the evidence in accordance with C.R.C.P. 15(b). Defendants objected to the amendment. During defendant Mechalke's testimony, plaintiffs, over defendants' objection as to the relevance of the evidence, introduced production records into evidence on the basis that this evidence was relevant regarding accounting of the proceeds of the leases. The trial court has discretion to disallow amendments to conform to the evidence. Where the evidence is admitted for a limited purpose other than that for which it is later sought to be used, and where as here, the proposed amendment seeks to introduce an issue outside of the pretrial order and not consented to by the adverse parties, the trial court does not err in refusing to allow the amendment. Quandry Land Development Co. v. Porter, 159 Colo. 8, 408 P.2d 978 (1965); Clemann v. Bandimere, 128 Colo. 24, 259 P.2d 614 (1953). | Where evidence is admitted for limited purpose other than that for which it is later sought to be used, and where proposed amendment to conform to evidence seeks to introduce issue outside of pretrial order and not consented to by adverse parties, trial court does not err in refusing to allow amendment. Rules Civ.Proc., Rule 15(b). | Does a court err in refusing to allow amendment where proposed amendment seeks to introduce an issue outside of pretrial order not consented to by the adverse parties? | 028139.docx | LEGALEASE-00139019-LEGALEASE-00139020 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 695 | United States v. Nagin, 810 F.3d 348 | 63+1(1) | We follow the Supreme Court's direction in Skilling and look to " 201(b) to give substance to the prohibition on honest-services fraud. In United States v. Valle, we held that an official may be convicted of bribery under " 201(b)(2) "if he has corruptly entered into a quid pro quo, knowing that the purpose behind the payment that he has ... agreed to receive [ ] is to induce or influence him in an official act, even if he has no intention of actually fulfilling his end of the bargain." 538 F.3d 341, 347 (5th Cir.2008). Accordingly, pursuant to Valle, a conviction for bribery under " 201(b)(2) does not require proof that the official intended to be influenced in his official actions. See id. Viewed through Skilling 's lens, Valle instructs that honest-services fraud also does not require such proof. See Skilling, 561 U.S. at 412, 130 S.Ct. 2896; Valle, 538 F.3d at 347. | An official may be convicted of bribery if he has corruptly entered into a quid pro quo, knowing the purpose behind the payment he has agreed to receive is to induce or influence him in an official act, even if he has no intention of actually fulfilling his end of the bargain. 18 U.S.C.A. S 201(b)(2). | "If an official knows the purpose behind the payment he has agreed to receive is to induce or influence him in an official act, is he guilty of bribery even if he has no intention of performing the action?" | Bribery - Memo #709 - C - LB.docx | ROSS-003301654-ROSS-003301655 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 696 | Lewis v. Clarke, 320 Conn. 706 | 307A+681 | Depending on the record before it, a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Practice Book " 10"31(a)(1) may decide that motion on the basis of: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.... Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." (Citation omitted; internal quotation marks omitted.) Conboy v. State, 292 Conn. 642, 651, 974 A.2d 669 (2009). | Depending on the record before it, a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction may decide that motion on the basis of: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts; different rules and procedures will apply, depending on the state of the record at the time the motion is filed. Practice Book 1998, S 10-31(a)(1). | "Depending on the record before it, can a trial court ruling on a motion to dismiss for lack of subject matter jurisdiction decide that motion on the basis of what?" | Pretrial Procedure - Memo # 5593 - C - CK.docx | ROSS-003316353 | SA, Sub | 0.19 | 0 | 0 | 1 | 1 | |
| 697 | Elliff v. Texon Drilling Co., 146 Tex. 575 | 260+92.49 | It must be conceded that under the law of capture there is no liability for reasonable and legitimate drainage from the common pool. The landowner is privileged to sink as many wells as he desires upon his tract of land and extract therefrom and appropriate all the oil and gas that he may produce, so long as he operates within the spirit and purpose of conservation statutes and orders of the Railroad Commission. These laws and regulations are designed to afford each owner a reasonable opportunity to produce his proportionate part of the oil and gas from the entire pool and to prevent operating practices injurious to the common reservoir. In this manner, if all operators exercise the same degree of skill and diligence, each owner will recover in most instances his fair share of the oil and gas. This reasonable opportunity to produce his fair share of the oil and gas is the landowner's common law right under our theory of absolute ownership of the minerals in place. But from the very nature of this theory the right of each land holder is qalified, and is limited to legitimate operations. Each owner whose land overlies the basin has a like interest, and each must of necessity exercise his right with some regard to the rights of others. No owner should be permitted to carry on his operations in reckless or lawless irresponsibility, but must submit to such limitations as are necessary to enable each to get his own. Hague v. Wheeler, 157 Pa. 324, 27 A. 714, 717, 22 L.R.A. 141, 37 Am.St.Rep. 736. | A landowner is privileged to sink as many wells as he desires on his land and extract therefrom and appropriate all oil and gas that he may produce, so long as he operates within the spirit and purpose of conservation statutes and orders of the Railroad Commission. | Is a landowner privileged to sink as many wells as he desires upon his tract of land and extract therefrom and appropriate all the oil and gas that he may produce? | 021660.docx | LEGALEASE-00140881-LEGALEASE-00140882 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 698 | Anderson Columbia v. Brown, 902 So. 2d 838 | 307A+36.1 | We agree with our sister courts in holding that the discovery of an opposing party's legal costs is a matter best left to the sound discretion of the trial court. See Finol, 869 So.2d at 666; Brown Distrib. Co. of W. Palm Beach v. Marcel, 866 So.2d 160 (Fla. 4th DCA 2004); Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720, 724 (Fla. 5th DCA 1999). As the Fifth District Court noted in Mangel: Florida has not yet adopted a hard and fast rule regarding the discovery and admission of opposing counsel's fees. This reflects the salutary view that the discovery may be justified in some cases but not in others and that it is a matter that should rest within the sound discretion of the trial court. 739 So.2d at 724 (emphasis added). This discretion, of course, is tempered by the requirement that any information sought through the discovery process must be "relevant to the subject matter of the pending action." Fla. R. Civ. P. 1.280(b)(1). | Discretion of trial court in determining whether to permit discovery and admission of opposing counsel's fees is tempered by requirement that any information sought through discovery process must be relevant to subject matter of pending action. West's F.S.A. RCP Rule 1.280(b)(1). | "Is discretion of trial court in determining whether to permit discovery and admission of opposing counsel's fees, tempered by a requirement that any information sought through discovery process must be relevant to the subject matter of a pending action?" | Pretrial Procedure - Memo # 4811 - C - SKG.docx | LEGALEASE-00031176-LEGALEASE-00031177 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 699 | Farmers' Oil & Guano Co. v. S. Ref. Co., 10 Ga. App. 415 | 307A+725 | Where a motion is made to continue the trial of a case because of the absence of a witness, the judge may consider the evidence expected to be given by the absent witness, in connection with the pleadings, for the purpose of determining the materiality of the evidence, and if he finds that the evidence of the absent witness would be either immaterial or inadmissible, he should refuse the motion. The plea in this case made the evidence of the absent witness immaterial as to some part of it, and inadmissible as to the other part, and there was no error in refusing the continuance. Richter v. State, 4 Ga. App. 274, 61 S. E. 147; Butler v. Ambrose, 51 Ga. 152. | Where a motion is made to continue the trial of a case because of the absence of a witness, the judge may consider the evidence expected to be given by the absent witness, in connection with the pleadings, for the purpose of determining the materiality of the evidence, and if he finds that the evidence of the absent witness would be either immaterial or inadmissible he should refuse the motion. | "Should the judge consider the evidence expected to be given by the absent witness, where a motion is made to continue the trial of a case because of the absence?" | 032169.docx | LEGALEASE-00141457-LEGALEASE-00141458 | Condensed, SA, Sub | 0.4 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 700 | Bonner v. Peterson, 301 Ga. App. 443 | 30×3212 | We review a trial court's decision denying a plaintiff's complaint de novo… | The party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver… | Is a motion to dismiss asserting sovereign immunity based on a trial court's lack of subject matter jurisdiction rather than the merits of plaintiff's claim? | 032983.docx | LEGALEASE 00161509-LEGALEASE 00161510 | SA, Sub | 0.66 | | | | 1 | |
| 701 | Benjamin v. Ernst & Young, L.L.P, 167 Ohio App. 3d 350 | 307A×554 | In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted… | In order for a trial court to grant a motion to dismiss for lack of jurisdiction over the subject matter, the standard is whether the plaintiff has alleged any cause of action cognizable by the forum… | "In order for a trial court to grant a motion to dismiss for lack of jurisdiction over the subject matter, the standard is whether the plaintiff has alleged any cause of action cognizable by the forum?" | 042175.docx | ROSS-003304433-ROSS-003304818 | Condensed, SA | 0.77 | | 0 | | | |
| 702 | W.S. Butterfield Theatres v. Dept of Revenue, 353 Mich. 341 | 371×5621 | The principles here involved were well expressed by the Supreme Court of the United States in State Board of Tax Commissioners of Indiana v. Jackson… | Restriction that power of taxation shall not be so exercised as to deny any the equal protection of the laws does not compel equal adoption of all methods of taxation… | Does the restriction that the power of taxation shall not be so exercised as to deny to any the equal protection of the laws compel the adoption of an iron rule of equal taxation? | 043175.docx | LEGALEASE 00141097-LEGALEASE 00141098 | Condensed, SA | 0.66 | | 0 | | | |
| 703 | AIL for Metro. Stability v. Cherre Metric Council, 671 N.W.2d 905 | 129×186 | A district court's decision to deny a motion for a continuance to conduct further discovery should be granted… | In deciding whether a continuance of a summary judgment motion to conduct further discovery should be granted, the district court must address two issues: (1) whether the plaintiff has been diligent in obtaining or seeking discovery prior to its motion… | Should a court deciding a continuance be granted to allow more time for discovery consider whether the party seeking more time is acting from a good faith? | 030658.docx | LEGALEASE 00142752-LEGALEASE 00142753 | SA, Sub | 0.55 | | | | 1 | |
| 704 | Pelkoska v. Connecticut Light & Power Co., 292 A3 Conn. Supp. 455 | 307A×554 | "[A]lthough subject matter jurisdiction may be raised at any time, a motion to dismiss may not be the proper procedure when… | Although subject matter jurisdiction may be raised at any time, a motion to dismiss may not be the proper procedural vehicle for assertion of certain claims… | "Can a motion to dismiss be a proper procedural vehicle for assertion of certain claims, although subject matter jurisdiction may be raised at any time?" | 042116.docx | ROSS-003289572-ROSS-003289573 | Condensed, SA, Sub 0.35 | 0.35 | | 1 | | | |
| 705 | Biberbeck v. Caterpillar Tractor Co., 292 Ill. App. 3d 559 | 313×43 | Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process… | Plaintiff must act with reasonable diligence in effecting service of process on defendant and if the plaintiff fails to act with reasonable diligence after the statute of limitations expires, the cause of action shall be dismissed… | Does Rule 103(b) require a plaintiff to act with reasonable diligence in effecting service of process after the plaintiff fails to act with reasonable diligence after the statute of limitations expires? | 037218.docx | LEGALEASE 00142095-LEGALEASE 00142096 | Condensed, SA, Sub 0.55 | 0.55 | | 1 | | | |

136

Appendix D

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,079 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | | | | | | |
| 706 | United States v. Dixon, 536 F.2d 1388 | 63+1(1) | We likewise reject the argument that impairment of the stockholders' opportunity to receive full and fair payment to Dixon's is of violation deprived them of his "honest and faithful services," see United States v. Isaacs, 493 F.2d 1124 (7 Cir.), cert. denied, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146, reh. denied, 418 U.S. 955, 94 S.Ct. 3234, 41 L.Ed.2d 1178 (1974); or the view advanced to constitute a violation of the mail fraud statute. This doctrine of the deprivation of honest and faithful services has developed to fit the situation in which a public official avails himself of his public position to enhance his private advantage, often by taking bribes. Such actions may not deplete the fisc; indeed, as in Isaacs, they may have the public official at the time may nonetheless fraud since the public official has been paid to act in breach of his duties. Thus the doctrine has been applied to the corruption of a public official with respect to the allocation of insurance premium commissions although these must, in any case, have been paid by the state to someone, United States v. Barrett, 505 F.2d 1091, 1103-05 (7 Cir. 1974), cert. denied, 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975). See also the cases under the portion of the general mail fraud statute, 18 U.S.C. 1341, which makes it a crime to conspire "to defraud the United States, or any agency thereof in any manner or for any purpose ..." Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569 (1910); Hammerschmidt v. United States, 265 U.S. 182, 44 S.Ct. 511, 512, 68 L.Ed. 968, 970 (1924); United States v. Johnson, 383 U.S. 169, 172, 86 S.Ct. 749, 751, 15 L.Ed.2d 681, 685 (1966); Miller v. United States, 24 F.2d 353, 358-59 (2 Cir.), cert. denied, 276 U.S. 638, 48 S.Ct. 421, 72 L.Ed. 745 (1928); United States v. Peltz, supra, 433 F.2d at 51-52. All these cases, however, involved an element of corruption not present here. We therefore need not consider whether the doctrine of the deprivation of honest and faithful services could be applied to the employer. | Doctrine of deprivation of honest and faithful services has developed to fit the situation in which a public official avails himself of his public position to enhance his private advantage, often by taking bribes; although such actions may not deplete the fisc, they are nonetheless frauds since the public official has been paid to act in breach of his duties. | What bribery situations has the doctrine of the deprivation of honest and faithful services been developed in on? | Bribery - Memo #847 - C - LB.docx | ROSS-003289913 ROSS-003289913 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 707 | Constantine v. Stella Maris Ins. Co., 97 A.D.3d 1129 | 307A+683 | While the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to a motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that defendant was subject to trial court's personal jurisdiction. McKinney's CPLR 3211(a)(8). | While the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to a motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that defendant was subject to the personal jurisdiction of the court? | Pretrial Procedure - Memo # 8434 - C - VK.docx | ROSS-003289471 ROSS-003289472 | SA, Sub | 0.6 | 0 | 1 | 0 | 1 | |
| 708 | Hataz v. Dick's Sporting Goods, 105 A.D.3d 1411 | 307A+554 | A foreign corporation is amenable to suit in New York courts under CPLR 301(a) only if it transacts business within the state or engages in a systematic and continuous conduct of business within the state sufficient to warrant a finding that it is present in this jurisdiction (see, Laufer v. Ostrow, 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692, Simonson v. International Bank, 14 N.Y.2d 281, 251 N.Y.S.2d 433, 200 N.E.2d 427, McGowan v. Smith, 52 N.Y.2d 268, 437 N.Y.S.2d 643, 419 N.E.2d 321 [1981]). Additionally, the assertion of personal jurisdiction may be reasonable where a party maintains a website that "provides information, permits access to data, offers services, allows the goods or services offered, downloads a printed order form, or allows information to be exchanged with a host computer" (Grimaldi v. Guinn, 72 A.D.3d 37, 50, 895 N.Y.S.2d 58, "The ultimate burden of proof to establish the minimum contacts needed to find jurisdiction ... pursuant to CPLR 3211(a)(8), [plaintiff] need only make a prima facie showing that defendant was subject to the personal jurisdiction of the court" ... Supreme Court" (Constantine v. Stella Maris Ins. Co., Ltd., 97 A.D.3d 1129, 1130, 948 N.Y.S.2d 802). We conclude that plaintiff met that burden. | Although the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to a motion to dismiss for lack of personal jurisdiction, plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court? McKinney's CPLR 3211(a)(8). | In opposition to a motion to dismiss for lack of personal jurisdiction, need a plaintiff only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court? | 03628.docx | LEGALEASE-00143897- LEGALEASE-00143898 | SA, Sub | 0.78 | 0 | 1 | 0 | 1 | |
| 709 | Old Home Enter. v. Fleming, 20 Neb. App. 705 | 307A+563.1 | Where a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to dismiss the action, and if made, they are a nullity, as are subsequent pleadings. See id. | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to dismiss the action; and if made, they are a nullity, as are subsequent pleadings. West's Neb Rev. St. § 25-217. | Where a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, does the trial court have no jurisdiction to make orders thereafter? | 03706.docx | LEGALEASE-00144385- LEGALEASE-00144386 | SA, Sub | 0.07 | 0 | 1 | 0 | 1 | |

137

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 710 | Splinters v. Greenfield, 63 A.D.3d 717 | 307A+560 | The Supreme Court improvidently exercised its discretion in denying the branch of the defendants' motion which was to dismiss the 2005 action. In order "[t]o avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012(b), a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action" (Balgley v. Cammarata, 299 A.D.2d 432, 749 N.Y.S.2d 732; see Pristavec v. Galligan, 32 A.D.3d 834, 820 N.Y.S.2d 529; Maldonado v. Suffolk County, 23 A.D.3d 353, 803 N.Y.S.2d 439; Giordano v. Vanchieri & Perrier, 16 A.D.3d 621, 792 N.Y.S.2d 180; Tutora v. Schirripa, 1 A.D.3d 349, 766 N.Y.S.2d 574). The plaintiff offered no excuse for the failure to serve a complaint during the approximately seven-month period from the demand in February 2006 to October 2006, when it purportedly intended to serve a complaint but failed to do so allegedly as a result of law-office failure. Further, until an attorney of record withdraws or is changed or discharged in the manner prescribed by CPLR 321, his or her authority as attorney of record for his or her client continues, as to adverse parties, unabated (see Moustakas v. Bouloukos, 112 A.D.2d 981, 983, 492 N.Y.S.2d 793). Thus, even if service of the complaint in October 2006 would have been timely, the service would have been ineffective, since the plaintiff's second attorney had not yet been substituted as counsel and therefore had no authority to act for the plaintiff in that action (see CPLR 321[b] ). The 2005 action should therefore have been dismissed for failure to respond properly and timely to the defendants' demand for a complaint. | In order to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, a plaintiff must demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action. McKinney's CPLR 3012(b). | "In order to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, must a plaintiff demonstrate both a reasonable excuse for the delay in serving the complaint and a meritorious cause of action?" | Pretrial Procedure - Memo # 6615 - C - RY.docx | ROSS-003302746-ROSS-003302747 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 711 | Ahearn v. Bloomfield Charter Twp., 235 Mich. App. 486 | 371+2060 | A special assessment is a levy upon property within a particular district. Kadzban v. Grandville, 442 Mich. 495, 500, 502 N.W.2d 299 (1993). Unlike a tax, which is imposed to raise revenue for general governmental purposes, a special assessment is designed to recover the costs of improvements that confer local and peculiar benefits upon property within a defined area. Id. Two requirements must be met in order for a special assessment to be deemed valid: (1) the improvement funded by the special assessment must confer a special benefit upon the assessed properties beyond that provided to the community as a whole, and (2) the amount of special assessment must be reasonably proportionate to the benefits derived from the improvement. See id. at 501"502, 502 N.W.2d 299; Dixon Rd. Group v. Novi, 426 Mich. 390, 398"403, 395 N.W.2d 211 (1986). | Unlike a tax, which is imposed to raise revenue for general governmental purposes, a special assessment is designed to recover the costs of improvements that confer local and peculiar benefits upon property within a defined area. | Are special assessment designed to recover the costs of improvements that confer local and peculiar benefits upon property within a defined area? | 045697.docx | LEGALEASE-00144513-LEGALEASE-00144514 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 712 | Oldham v. Keaton, 597 S.W.2d 938 | 302+104(2) | The trial court was correct in overruling the amended plea of privilege. Where a plaintiff by amended petition abandons the cause of action on which venue is based and relies only upon causes of action not properly triable in the county where the suit is filed, the right to then file a plea of privilege enures to the defendant. City of San Antonio v. United Gas Pipe Line Company, 354 S.W.2d 217 (Tex.Civ.App. Austin 1962, no writ); Idaho Oil Co. v. Atlas Supply Co., 166 S.W.2d 740 (Tex.Civ.App. Fort Worth 1942, no writ); Gossett v. Lone Star Building & Loan Ass'n., 143 S.W.2d 219 (Tex.Civ.App. Galveston 1940, writ dism'd); Wood v. Fulton Property Co., 90 S.W.2d 617 (Tex.Civ.App. Eastland 1936, no writ); Farnham v. First National Bank, 28 S.W.2d 883 (Tex.Civ.App. El Paso 1930, no writ); Johnson v. Adams, 291 S.W. 578 (Tex.Civ.App. Fort Worth), rev'd on other grounds, Adams v. Johnson, 298 S.W. 265 (Tex.Com.App.1927, judgmt. adopted); Fant v. Kenedy Pasture Co., 69 S.W. 420 (Tex.Civ.App.1902, no writ). Since the second plea here was not controverted, the trial court had no choice but to sustain it if the Keatons had abandoned all causes of action properly triable in Austin County. Wilson v. Groos National Bank of San Antonio, 535 S.W.2d 374 (Tex.Civ.App. Tyler 1976, no writ); Calvert Fire Ins. Co. v. Carroll, 231 S.W.2d 490 (Tex.Civ.App. Texarkana 1950, no writ); Tex.R.Civ.P. 86. But we do not find that to be the case. Both petitions, for example, alleged that the bulk of the estate assets consisted of lands situated mainly in Austin County, and alleged in considerable detail certain acts and omissions of Mr. Oldham which, it was asserted, constituted waste of such lands. Specific allegations were made as to the fences and other improvements, as well as the pasture and the lands themselves. Subdivision 14 of Article 1995 provides that:"Lands. Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay | Where plaintiff by amended petition abandons cause of action on which venue was based and relies on causes of action not properly triable in county in which suit has been filed, right to then file a plea of privilege enures to the defendant. | "If a plaintiff by amended petition abandons the cause of action on which venue is based and relies only upon causes of action not properly triable in the county where the suit is filed, does the right to then file a plea of privilege enure to the defendant?" | Venue - Memo 133 - SB.docx | ROSS-003330749-ROSS-003330750 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |
| 713 | In re Peoples, 296 N.C. 109 | 307A+552 | Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. Benvenue Parent-Teacher Association v. Nash County Board of Education, 275 N.C. 675, 170 S.E.2d 473 (1969); Crew v. Thompson, 266 N.C. 476, 146 S.E.2d 471 (1966); In re Assignment of School Children, 242 N.C. 500, 87 S.E.2d 911 (1955); Savage v. Kinston, 238 N.C. 551, 78 S.E.2d 318 (1953); 1 Strong's N.C. Index 3rd Actions s 3, Appeal & Error s 9 (1976). | Whenever during course of litigation it develops that relief sought has been granted or that questions originally in controversy between parties are no longer in issue, case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | "Should case be dismissed as moot when, in course of litigation, it develops that relief sought has been granted or that questions originally in controversy between parties are no longer at issue?" | Pretrial Procedure - Memo # 7201 - C - VA.docx | ROSS-003289978-ROSS-003289979 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,079 |
| 704 | Avery v. New Hampshire Dept of Educ., 162 N.H. 604 | 307A+591.1 | Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioner's pleadings are sufficient to state a basis upon which relief may be granted. On [a] motion the court assumes the truth of the well-pleaded facts alleged by the petitioner and construes all reasonable inferences drawn therefrom in the light most favorable to the petitioner… | When the motion to dismiss does not challenge the sufficiency of petitioner's legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioners have sufficiently demonstrated their right to claim relief? | 11068.docx | LEGALEASE 0009063 LEGALEASE 0009064 | Condensed, SA | 0.71 | 0 | | | 1 | |
| 705 | Ulloa v. Campo, 148 So. 3d 834 | 307A+590.1 | Moreover, it is settled that the filing within the requisite one-year period of a notice of taking deposition or the issuance of a summons on a complaint, as here, constitutes sufficient record activity to preclude the dismissal of an action for failure to prosecute. See, e.g., Hale v. Hunt Properties, Inc., 616 So. 2d 1315, 1294 (Fla. 3d DCA 1993); Harris v. Kearley… | The filing within the requisite one-year period of a notice of taking a deposition constitutes sufficient record activity to preclude the dismissal of an action for failure to prosecute. West's F.S.A. RCP Rule 1.420(e). | Does the filing within the requisite one-year period of a notice of taking a deposition constitute sufficient record activity to preclude the dismissal of an action for failure to prosecute? | Pretrial Procedure Memo # 7727 - C - SN.docx | ROSS-003300061-ROSS-003300062 | SA Sub | 0.41 | 0 | | 1 | | |
| 706 | Nicoloia v. Barrett for Inst., P.A., 850 So. 2d 270 | 307A+590.1 | Florida Rule of Civil Procedure 1.420(e) provides that "[a]ll actions in which it appears on the face of the record that no activity … has occurred for a period of 1 year shall be dismissed[.]" For purposes of this rule, "record activity" is defined as "any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment." Barnett Bank of East Polk County v. Fleming, 508 So. 2d 718, 720 (Fla. 1987)… | For purposes of rule providing for dismissal of a cause of action for failure to prosecute, "record activity" is defined as any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | For purposes of rule providing for dismissal of a cause of action for failure to prosecute, is a "record activity" defined as any act that was designed to move the case forward toward a conclusion or the merits or to hasten the suit to judgment or an action in the court file that was designed to move the case forward? | Pretrial Procedure Memo # 7841 - C - SK.docx | ROSS-003300217-ROSS-003300218 | Condensed, SA, Sub | 0.7 | 0 | | 1 | | |
| 707 | Dolan Dev. v. O'Connor & Meyers, P.A., 883 So. 2d 295 | 307A+590.1 | Record activity sufficient to avoid dismissal for failure to prosecute is "a mere passive effort" to keep the suit on the court docket. It is "any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment." Barnett Bank of East Polk County v. Fleming, 508 So. 2d 718, 720 (Fla. 1987)… | Record activity sufficient to avoid dismissal for failure to prosecute is any act reflected in the court file designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | For purposes of rule providing for dismissal of a cause of action for failure to prosecute, is a "record activity" as reflected in the court file that was designed to move the case forward? | 11311.docx | LEGALEASE 00094420 LEGALEASE 00094421 | SA Sub | 0.55 | 0 | | 1 | | |
| 708 | Dolan Dev. v. O'Connor & Meyers, P.A., 883 So. 2d 295 | 307A+590.1 | Record activity sufficient to avoid dismissal for failure to prosecute is "a mere passive effort" to keep the suit on the court docket. It is "any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment." Barnett Bank of East Polk County v. Fleming, 508 So. 2d 718, 720 (Fla. 1987)… | Record activity sufficient to avoid dismissal for failure to prosecute is any act performed toward moving the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Is record activity sufficient to avoid dismissal for failure to prosecute is any act performed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment in the court docket? | 03021.docx | LEGALEASE 00148101-LEGALEASE 00148102 | SA, Sub | 0.55 | 0 | | 1 | | |
| 709 | Manning v. Wilkinson, 264 S.W.3d 620 | 307A+590.1 | There is no dispute here that the trial court's sua sponte order of dismissal was pursuant to Rule 172.02(c), which provides, "[i]t least once each year the courts should review all pending action and their dockets. Notice shall be given to each attorney of record of every case in which no partial step has been taken within the last year, that the case will be dismissed in thirty days for want of prosecution except for good cause shown…" | The rule requiring a trial court to review its cases once a year and dismiss without prejudice those in which no partial steps have been taken in the preceding year is commonly referred to as the "housekeeping rule," and is intended to expedite the removal of stale cases from the court's docket. Rules Civ.Proc., Rule 172.02. | Does the "housekeeping rule…" require a trial court to review its cases once a year and dismiss without prejudice those in which no partial steps have been taken in the preceding year? | 03065.docx | LEGALEASE 00148352-LEGALEASE 00148353 | Condensed, SA, Sub | 0.71 | 0 | | | 1 | |
| 720 | Perry v. Perkins, 73 Idaho 4 | 307A+563 | It is universally recognized that a court has the inherent power and authority in the absence of statute or rule, in the exercise of sound judicial discretion, to dismiss an action for failure to comply with an order of court relating to pleadings filed or to be filed by the plaintiff, including an order requiring the amendment of its pleadings generally or with reference to making them more definite and certain. | Does a court have inherent authority, in absence of statute or rule, in exercise of sound judicial discretion, to dismiss an action for failure to comply with an order of court relating to pleadings filed? | Does a court have inherent authority to dismiss an action for failure to comply with an order of court relating to pleadings filed? | 03077.docx | LEGALEASE 00148484-LEGALEASE 00148485 | Condensed, SA | 0.16 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 23,876 | 9,029 |
| 721 | Campuzano v. Takasaki, 160 Cal. App. 3d 566 | 307H+582 | In exercising reasonable diligence, a plaintiff has an affirmative duty to make every reasonable effort to bring his or her case to trial within two years, even during the last month of its statutory life. (Griffis v. S.S. Kresge Co. (1984) 150 Cal.App.3d 491, 497, 197 Cal.Rptr. 771; Central Mutual Ins. Co. v. Executive Motor Home Sales, Inc. (1983) 143 Cal.App.3d 791, 795, 192 Cal.Rptr. 169; Sanborn Drilling Service, Inc. v. Superior Court (1983) 135 Cal.App.3d 1009, 1012, 186 Cal.Rptr. 9; State of California v. Superior Court (1979) 98 Cal.App.3d 643, 649, 159 Cal.Rptr. 650; Dunsmuir Masonic Temple v. Superior Court (1970) 12 Cal.App.3d 17, 23, 90 Cal.Rptr. 405.) The law therefore provides a plaintiff with the following means to promptly perform. | In exercising reasonable diligence, a plaintiff has an affirmative duty to make every reasonable effort to bring his or her case to trial within two years, even during the last month of its statutory life. West's Ann.Cal.C.C.P. § 583(b). | Does a plaintiff have affirmative duty to mitigate damages? An effort to bring a case to trial within five years, even during the last month of its statutory life? | Pretrial Procedure - Memo # 795 - C - SN_57817.docx | ROSS-003294318-ROSS-003294319 | SA,Sub | 0.7 | 0 | | | 1 | |
| 722 | Dolphin Holdings, Ltd. v. Gander & White Shipping, 122 A.D.3d 901 | 307A422 | "On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences" (Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511; see Cantiello v. Store Break Line, 114 A.D.3d 626, 980 N.Y.S.2d 787). "The court's function on a motion to dismiss is to determine whether they state a cause of action," and "the 'plaintiff may not be penalized for failure to make an evidentiary showing in support of a complaint that states a claim on its face' (Miglino v. Bally Total Fitness of Greater N.Y., Inc., 20 N.Y.3d 342, 351, 961 N.Y.S.2d 364, 985 N.E.2d 128). 'The test of the sufficiency of a pleading is "whether it gives sufficient notice of the transactions, occurrences, or series of transactions intended to be proved and whether the requisite elements of any cause of action known to law can be discerned from its averments'" (V. Groppa Pools, Inc. v. Massello, 106 A.D.3d 722, 723, 964 N.Y.S.2d 563, quoting Pace v. Perk, 81 A.D.2d 444, 449, 440 N.Y.S.2d 710) (internal quotation marks omitted). | On a motion to dismiss for failure to state a cause of action, the test of the sufficiency of a pleading is whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to law can be discerned from its averments. McKinney's CPLR 3211(a)(7). | Is it the test of the sufficiency of a pleading if it gives sufficient notice of the transactions, occurrences, or series of transactions intended to be proved and whether the requisite elements of any cause of action known to the law can be discerned from its averments. McKinney's CPLR 3211(a)(7). | Pretrial Procedure - Memo #7385 - C - SN_58384.docx | ROSS-003282417-ROSS-003282418 | Condensed,SA | 0.69 | 0 | | | 1 | |
| 723 | Lien v. Green Clinic, Ltd. So. 2d 836 | 307H+581 | Rule of Civil Procedure governing motions to dismiss for lack of prosecution requires that the trial court engage in a two-step process in deciding whether to dismiss a case for lack of prosecution; namely first, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. Metro Dade County v. Hall, 784 So.2d 1087, 1090 (Fla 2001) (citing Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla 1991)). | Rule of Civil Procedure governing motions to dismiss for lack of prosecution requires that the trial court engage in a two-step process in deciding whether to dismiss a case for lack of prosecution; namely first, the defendant must show that there was no record activity for the year preceding the motion, and second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | What process should the court engage in to decide whether to dismiss a case for lack of prosecution? | Pretrial Procedure - Memo #795 - C - SS_58378.docx | ROSS-003292593-ROSS-003292593 | SA,Sub | 0.05 | 0 | | | 1 | |
| 724 | Roxin v. Weinberg, 107 A.D.3d 682 | 307A422 | On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v. Martinez, 84 N.Y.2d 83, 87-88, 614 N.Y.S.2d 972, 638 N.E.2d 511; see Nonnon v. City of New York, 9 N.Y.3d 825, 827, 842 N.Y.S.2d 756, 874 N.E.2d 720). Where a defendant has submitted evidentiary material in support of a motion to dismiss pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment (cf. CPLR 3211(c)), "the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it ... dismissal should not eventuate" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see Sokol v. Leader, 74 A.D.3d 1180, 1181-82, 904 N.Y.S.2d 153). | On a motion to dismiss a complaint for failure to state a cause of action, where a defendant has submitted evidentiary material and the motion has not been converted to one for summary judgment, criterion is whether plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | Where a defendant has submitted evidentiary material in support of a motion to dismiss for failure to state a cause of action, is the criterion whether the plaintiff has a cause of action? | Pretrial Procedure - Memo #8190 - C - TL_58760.docx | ROSS-003280614-ROSS-003280552 | Condensed,SA | 0.67 | 0 | 1 | | | |
| 725 | Malley v. Pretdar, 228 N.C. App. 343 | 307A422 | The motion to dismiss under N.C. R. Civ. P. 12 (b) (6) tests the legal sufficiency of the complaint by inquiring whether the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. Sutton v. Duke, 277 N.C. 281, 285, 254 S.E.2d 611, 615 (1979) (citation omitted). "Despite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12 (b) (6)." Id. at 204, 254 S.E.2d at 626. | Despite liberal nature of concept of notice pleading, complaint must nonetheless state enough to give substantive elements of at least some legally recognized claim, or it is subject to dismissal for failure to state a claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. § 1A-1. | Despite liberal nature of concept of notice pleading, should a complaint nonetheless state enough to give substantive elements of at least some legally recognized claim? | Pretrial Procedure - Memo #8384 - C - NE_58684.docx | ROSS-003508424-ROSS-003308427 | SA,Sub | 0.56 | 0 | | | 1 | |
| 726 | Skinner v. Reynolds, 237 N.C. App. 150 | 307A422 | "The motion to dismiss under N.C. R. Civ. P. 12 (b) (6) tests the legal sufficiency of the complaint by inquiring whether the allegations of the complaint are sufficient to state a claim upon which relief can be granted under some legal theory, whether properly labeled or not. In analyzing the sufficiency of the complaint, the complaint's material factual allegations are taken as true." Burgin v. Owen, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428 (2007). "Despite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6)." | Despite liberal nature of concept of notice pleading, should a complaint nonetheless state enough to give substantive elements of at least some legally recognized claim? | Despite liberal nature of concept of notice pleading, should a complaint nonetheless state enough to give substantive elements of at least some legally recognized claim? | 03695.docx | LEGALEASE 00150232-LEGALEASE 00150233 | SA,Sub | 0.41 | | | 1 | 1 | |

140

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,073 |
| 727 | Deloach v. Becker, 688 A.2d 96 | 307A=581 | Mindful that the decision to open and/or strike a judgment of non pros is by grace of court and not of right, this Court will next discuss the State of the trial court absent a finding of an abuse of discretion. See, e.g., Pew Township Water Co. v. Fairview Borough, 450 Pa.Super. 473, 676 A.2d 786, 791, 793 (1996); Abraham Zion Corp. v. After Six, Inc. 414 Pa.Super. 611, 614, 616 A.2d 520, 521-22, 1107 (1992). Further we note the following non pros doctrine is founded upon the equitable principle of laches and may properly be entered "where a party to a proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for the delay, and the delay has caused some prejudice to the adverse party." Zion, 414 Pa.Super. at 615, 607 A.2d at 1107 (citations omitted). | Judgment of "non pros" is founded upon equitable principle of laches and may properly be entered when party to proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there is no compelling reason for delay, and delay has caused some prejudice to adverse party. | 037091.docx | LEGAL040E 00150060 LEGAL040E 00150063 | Condensed, SA, Sub | 0.62 | | 1 | | 1 | 1 |
| 728 | Wright v. Texas Dep't of Criminal Justice-Institutional Div., 137 S.W.3d 693 | 307A=581 | A trial court's authority to dismiss for want of prosecution stems from rule 165a of the Texas Rules of Civil Procedure and from the court's inherent power. Villarreal, 994 S.W.2d at 630. A trial court can dismiss for want of prosecution under the following three situations: (1) when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice; (2) when the case is not disposed of within the time standards of the supreme court; or (3) when a party seeking affirmative relief fails to prosecute the case but has been prosecuted with due diligence. Vernon's Ann.Texas Rules.Civ.Proc., Rule 165a. | Can a court dismiss for want of prosecution when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice? | Pretrial Procedure - Memo 8587 - C 18_59393.docx | ROSS-003132321-ROSS-003132322 | SA, Sub | 0.48 | | | 1 | | |
| 729 | Guggenheimer v. Ginzburg, 372 N.E.2d 17 | 307A=682.1 | Aside from a summary judgment approach, whether the pleading was legally sufficient standing on its own is at issue. In light of this, a complaint should not have been dismissed. Initially, the sole criterion is whether the pleading states a cause of action, and even if it has not disclosed a cause of action, from the factual allegations are discerned which taken together manifest any cause of action cognizable at law as the cause of action to which one is entitled. (See Dulberg v. Mock, 1 N.Y.2d 54, 55, 150 N.Y.S.2d 180, 133 N.E.2d 695.) Foley v. D'Agostino, 21 A.D.2d 60, 64-65, 248 N.Y.S.2d 121, 125-126 (1st Dept.) Siegel, Practice Commentaries, McKinney's Cons.Laws of N.Y., Book 7B, CPLR 3211:24, pp. 31.) When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, a quiet dismissal should not eventuate (see Rappaport v. International Playtex Corp., 43 A.D.2d 393, 394-395, 352 N.Y.S.2d 241, 242, 243; Weiss v. Krein, McKinney's Cons.Laws of N.Y., Book 7B, CPLR 3211:25, p. 31). | "Unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, should a dismissal not eventuate?" | Pretrial Procedure - Memo 8402 - C - NC_59244.docx | ROSS-003282101-ROSS-003282102 | Condensed, SA, Sub | 0.68 | | 1 | | 1 | |
| 730 | Lowrey v. Horvath, 689 S.W.2d 625 | 30=3896 | In reviewing the trial court's dismissal of plaintiffs' petition for failure to state a claim upon which relief can be granted, the issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to plaintiffs, the averments invoke principles of substantive law entitling plaintiffs to relief. Shapiro v. Columbia Union National Bank and Trust Co., 576 S.W.2d 310, 312 (Mo. banc 1978). | In reviewing the dismissal of a petition, what is the sole issue to be decided? | 037375.docx | LEGAL040E 00150052 LEGAL040E 00150053 | Condensed, SA | 0.21 | | 1 | | 0 | |
| 731 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A=602 | The circumstances under which this discretion may properly be exercised by a Court below have often been set forth. A Court may properly enter a judgment of non pros, where a party has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as death of or unexplained absence of material witnesses. Margiotti v. Margiotti, 132 Pa. 195, 218, 188 A.2d 73 (1936); Morse v. First National Bank, 362 Pa. 211, 217, 231, 68 A.2d 499 (1949). | Is judgment of non pros properly entered when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? | 037248.docx | LEGAL040E 00151080 LEGAL040E 00151031 | Condensed, SA | 0.54 | | 1 | | 0 | |
| 732 | Garver v. Bradford/White Corp., 711 A.2d 1063 | 307A=581 | Granting a dismissal for failure to prosecute an action within a reasonable time is within the discretion of the trial court, and that order will not be disturbed on appeal except where there is a manifest abuse of discretion. Gallagher v. Jewish Hospital Association of Philadelphia, 425 Pa. 112, 228 A.2d 732 (1967). An abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record. Mielcuszny v. Rosol, 317 Pa. 91, 176 A.2d 236 (1935). A judgment of non pros for a party's failure to prosecute the proceeding has shown a lack of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused prejudice to adverse party, and prejudice is established by death or absence of material witnesses, or by any substantial diminution of party's ability to present its case on the merits. Penn Piping, Inc. v. Insurance Company of North America, 529 Pa. 350, 603 A.2d 1006 (1992) (citing James Brothers Lumber Company v. Union Banking and Trust Company of DuBois, 432 Pa. 129, 247 A.2d 587 (1968)). | Can court exercise its discretion to enter judgment of non pros when party is proceeding has shown lack of due diligence in failing to proceed with reasonable promptitude, there has been no compelling reason for delay, and delay has caused prejudice to adverse party, and prejudice is established by death or absence of material witnesses or by any substantial diminution of party's ability to present its case on the merits? | 037400.docx | LEGAL040E 00151278 LEGAL040E 00151279 | Condensed, SA | 0.46 | | 1 | | 1 | |

141

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 733 | Moses v. Gonzalez, 212 F. Supp. 2d 49 BR | 25 T+182(2) | A party that engages in "protracted litigation" waives its right to arbitrate when in attempting to secure a judicial resolution to the party opposing arbitration. | Factors for court to consider in determining whether parties had engaged in protracted litigation, as would waive its right to arbitrate, include: (1) time elapsed from the commencement of litigation to the request for arbitration; (2) amount of litigation; (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay and expense. | What factor do courts need to consider in determining whether parties waived the right to arbitration? | 00003.docx | LEGALEASE 00151466-LEGALEASE 00151468 | Condensed, SA, Sub | 0.7 | 0 | | | | |
| 734 | Readdit v. Moore, 199 A.D. 8, 531 | 30 T+11 | The place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to its nature, validity, interpretation, and effect by the law of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the law of that place. | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to its nature, validity, interpretation, and effect by the law of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the law of that place. | Which law governs a note when it is executed in one state and payable in another? | Bits and Notes : Memo Bill - INI_05945.docx | ROSS-003120950-ROSS-003120957 | Condensed, SA | 0.21 | | | | 1 | |
| 795 | Avery v. New Hampshire Dept of Educ., 161 N.H. 604 | 30 T+422 | Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleading are sufficient to state a basis upon which relief may be granted. | Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleading are sufficient to state a basis upon which relief may be granted. | To ruling upon a motion to dismiss, is the trial court is required to determine whether the allegations contained in the petitioners' pleading are sufficient to state a basis upon which relief may be granted? | 037900.docx | LEGALEASE 00151875-LEGALEASE 00151876 | Condensed, SA | 0.8 | | 1 | | | |
| 796 | James Bros. Lumber Co. v. Union Banking & Co. of DuBois, Pa., 432 Pa. 129 | 30 T+602 | The circumstances under which the discretion may be exercised by a court that overrules often have not been fixed. A judgment of non pros, when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and when there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. | Court may enter judgment of non pros, when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Can court enter judgment not pros where a party has shown lack of due diligence by failing to proceed with reasonable promptitude? | Pretrial Procedure - Memo 8 IRSK - C -_DA_59835.docx | ROSS-003291742-ROSS-003291741 | Condensed, SA | 0.54 | | 1 | | | |
| 737 | Brault v. Windsor, 376 S.C. 83 | 30 T+483 | Under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure a defendant may move to dismiss a cause of action. Spence v. Spence, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006). The decision to grant a Rule 12(b)(6) motion to dismiss must be based solely upon the allegations set forth in the complaint. Id.; Clearwater Trust v. Bunting, 367 S.C. 340, 345, 626 S.E.2d 334, 333 (2006). In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief. Spence, at 116, 628 S.E.2d at 874 (2006). A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory. Id.; Overcash v. S.C. Elec. & Gas Co., 364 S.C. 569, 572, 614 S.E.2d 619, 620 (2005). Furthermore, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action. Spence, at 116, 117, 628 S.E.2d at 874. | A decision to grant a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action must be based solely upon the allegations set forth in the complaint. | Should a decision to grant a motion to dismiss a complaint for failure to state facts is sufficient to constitute a cause if action be based solely upon the allegations set forth in the complaint? | 03811.docx | LEGALEASE 00152720-LEGALEASE 00152731 | SA Sub | 0.81 | 1 | | | | |
| 738 | Readdit v. Moore, 199 A.D. 8, 531 | 30 T+11 | The place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to its nature, validity, interpretation, and effect by the law of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the law of that place. | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to its nature, validity, interpretation, and effect by the law of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the law of that place. | What law governs the validity of a note when it is execute in one state and payable in another? | 00985.docx | LEGALEASE 00153254-LEGALEASE 00153255 | Condensed, SA | 0.21 | | | | 1 | |

142

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 739 | Conboy v. State, 292 Conn. 642 | 307A+679 | When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, "it must consider the allegations of the complaint in their most favorable light.... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Filippi v. Sullivan, supra, 273 Conn. at 8, 866 A.2d 599; see also Shay v. Rossi, 253 Conn. 134, 140, 749 A.2d 1147 (2000), overruled in part by Miller v. Egan, 265 Conn. 301, 325, 828 A.2d 549 (2003); see, e.g., Federal Deposit Ins. Corp. v. Peabody, N.E., Inc., supra, 239 Conn. at 99"100, 680 A.2d 1321 (deciding jurisdictional question on pleadings alone). | When a trial court decides a jurisdictional question, raised by a pretrial motion to dismiss for lack of subject matter jurisdiction, on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light, and in this regard, the trial court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Practice Book 1998, S 10-31(a)(1). | "When a court decides a question raised by a pretrial motion to dismiss, should it consider the allegations of the complaint in their most favorable light?" | 038026.docx | LEGALEASE-00152975-LEGALEASE-00152976 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 740 | GMAC Mortg. v. Ford, 144 Conn. App. 165 | 307A+685 | "In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss ... other types of undisputed evidence ... and/or public records of which judicial notice may be taken ... the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint.... If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits ... or other evidence, the trial court may dismiss the action without further proceedings.... | If a complaint is supplemented by undisputed facts established by affidavits submitted in support of a motion to dismiss, other types of undisputed evidence, and/or public records of which judicial notice may be taken, the trial court, in determininga jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. | "Can the trial court, in determining a jurisdictional issue, consider supplementary undisputed facts?" | 038629.docx | LEGALEASE-00154585-LEGALEASE-00154586 | Condensed, SA | 0.46 | 0 | 1 | 0 | 1 | |
| 741 | African Diaspora Mar. Corp. v. Golden Gate Yacht Club, 109 A.D.3d 204 | 307A+624 | The sole criterion for deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977] ). As the Court of Appeals instructed in 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 151"152, 746 N.Y.S.2d 131, 773 N.E.2d 496 [2002], "In furtherance of this task, we liberally construe the complaint, and accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion. We also accord plaintiffs the benefit of every possible favorable inference. Dismissal under CPLR 3211(a)(1) is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" [internal citations and quotation marks omitted] ) | Sole criterion for deciding a motion to dismiss a complaint for failure to state a cause of action is whether the pleading states a cause of action, and, if from its four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law a motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | "Is the sole criterion for deciding a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211(a)(7), whether the pleading states a cause of action?" | 038631.docx | LEGALEASE-00153909-LEGALEASE-00153910 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 742 | Belsky v. Lowell, 117 A.D.2d 575 | 307A+581 | "Before the drastic penalty of dismissal for failure to prosecute is imposed upon a plaintiff, a balanced consideration of all relevant factors is required" (Carron v. DeGranpre, 55 A.D.2d 712, 713, 388 N.Y.S.2d 727). To be considered are the merit or lack of merit of the action, extent of the delay, prejudice or lack of prejudice to the defendants and intent or lack of intent to deliberately default or abandon the action, as well as the strong public policy favoring disposition on the merits (see, Moran v. Rynar, 39 A.D.2d 718, 719, 332 N.Y.S.2d 138). Here, as Special Term apparently found, the foregoing factors militated against denial of plaintiff's motion, except for dissatisfaction with the availability of plaintiff's trial counsel. We find that counsel's actions did not amount to willful abandonment of the action, and evidenced a good-faith attempt to comply with the court's interim order. Furthermore, the prejudice accruing to defendants was financial only. As we have previously held, under such circumstances, it is proper to save the action for the client while imposing upon the attorney, personally, a penalty for his neglect. Accordingly, we reverse, and grant the motion upon the condition heretofore stated. | Drastic penalty of dismissal for failure to prosecute requires balanced consideration of all relevant factors before imposition, including merit or lack of merit of action, extent of delay, prejudice or lack of prejudice to defendants and intent or lack of intent to deliberately default or abandon action, as well as strong public policy favoring disposition on the merits. | Does drastic penalty of dismissal for failure to prosecute require balanced consideration of all relevant factors before imposition? | 038797.docx | LEGALEASE-00154051-LEGALEASE-00154052 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 743 | Doe v. Rockingham Cty. Sch. Bd., 658 F. Supp. 403 | 78+1309 | Suspended student would suffer irreparable harm by waiting nearly one month for administrative hearing and, therefore, was not required to exhaust administrative remedies in order to bring claim for violation of procedural due process under statute that prohibits deprivation of federal statutory or constitutional rights under color of state law. | Suspended student would suffer irreparable harm by waiting nearly one month for administrative hearing and, therefore, was not required to exhaust administrative remedies in order to bring claim for violation of procedural due process under statute that prohibits deprivation of federal statutory or constitutional rights under color of state law. 42 U.S.C.A. S 1983; U.S.C.A. Const.Amends. 5, 14. | Does a student have a constitutional right to an administrative hearing? | 017085.docx | LEGALEASE-00154829-LEGALEASE-00154830 | Condensed, SA, Sub | 0.13 | 0 | 1 | 1 | 1 | 1 |
| 744 | Berges v. Pfizer, 108 A.D.3d 1118 | 307A+685 | Even assuming, arguendo, that plaintiff provided a reasonable excuse for her delay in serving the complaint, we conclude that Supreme Court properly determined that she failed to establish a meritorious cause of action (see generally Fasano v. J.C. Penney Corp., 59 A.D.3d 1102, 1102, 872 N.Y.S.2d 613; Kordasiewicz, 26 A.D.3d at 855, 809 N.Y.S.2d 748). A meritorious cause of action may be established by way of "an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case" (Kel Mgt. Corp. v. Rogers & Wells, 64 N.Y.2d 904, 905, 488 N.Y.S.2d 156, 477 N.E.2d 458; see Tonello v. Carborundum Co., 91 A.D.2d 1169, 1170, 459 N.Y.S.2d 138, affd. 59 N.Y.2d 720, 463 N.Y.S.2d 425, 450 N.E.2d 231, rearg. denied 60 N.Y.2d 587, 467 N.Y.S.2d 1031, 454 N.E.2d 127). "It must be of a type which would defeat a motion for summary judgment on the ground that there is no issue of fact" (Tonello, 91 A.D.2d at 1170, 459 N.Y.S.2d 138). | A meritorious cause of action, which must be shown to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made, may be established by way of an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case; it must be of a type which would defeat a motion for summary judgment on the ground that there is no issue of fact. McKinney's CPLR 3012(b). | Can a meritorious cause of action be established by way of an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case? | 039360.docx | LEGALEASE-00154908-LEGALEASE-00154909 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 745 | Thompson v. Cohen, 160 A.D.2d 1157 | 307A+594.1 | In order to avoid dismissal of an action as abandoned where a default has occurred and the plaintiff has failed to seek a judgment within one year after the default, the plaintiff must demonstrate a reasonable excuse for the delay and that the cause of action has merit (Manago v. Giorlando, 143 A.D.2d 646, 647, 533 N.Y.S.2d 106; Woodward v. City of New York, 119 A.D.2d 749, 750, 501 N.Y.S.2d 159). Defendants contend that Supreme Court erred in denying their motion to dismiss since plaintiff failed to satisfy either requirement. | In order to avoid dismissal of action as abandoned where default has occurred and plaintiff has failed to seek judgment within one year after default, plaintiff must demonstrate reasonable excuse for delay and that cause of action has merit. McKinney's CPLR 3215(c). | Should the plaintiff demonstrate a reasonable excuse for the delay in order to avoid dismissal of an action as abandoned after a default and where the plaintiff has failed to seek a judgment within one year after the default? | Pretrial Procedure - Memo # 10150 - C - KI_62061.docx | ROSS-003278477-ROSS-003278478 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 746 | Simmons v. McClemmons, 201 A.D.2d 547 | 307A=485 | It is well established that in order to defeat a motion to dismiss a pleading for failure to prosecute, the party upon whom a demand to file a note of issue is served must demonstrate a justifiable excuse for the failure to comply with the demand, and a meritorious claim. Mattocky, CPLR 3216(b)). Dick v. Samaritan Hosp., 115 A.D.2d 917, 496 N.Y.S.2d 681. Pursuant to 22 NYCRR 202.21(e) and (b), a note of issue must be accompanied by a certificate of readiness, which must state that all discovery proceedings known to be necessary are complete and that there are no outstanding requests for disclosure. | In order to defeat a motion to dismiss a pleading for failure to prosecute, party upon whom a demand to file a note of issue is served must demonstrate a justifiable excuse? | In order to defeat a motion to dismiss a pleading for failure to prosecute, should party upon whom a demand to file a note of issue is served demonstrate a justifiable excuse? | Pretrial Procedure - Memo 4 (9622 - C - RF_62457.docx | ROSS-003242344,ROSS-003242247 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 747 | City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.2d 249 | 307A=484 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support of the motion? | In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider any affidavits or evidence submitted in support of the motion? | 024830.docx | LEGALEASE 00157900 LEGALEASE 00157901 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 748 | Day v. State, 68 Wash. 2d 364 | 307A=348 | Under rule requiring dismissal, without prejudice, of any civil action for want of prosecution whenever plaintiff neglects to note action for trial or hearing within one year after any issue of law or fact has been joined, unless failure to bring same on for trial or hearing was caused by party making motion to dismiss, dismissal is mandatory and judicial discretion is not permitted. Rules of Pleading, Practice and Procedure, rule 41(1)AW. | Under rule requiring dismissal, without prejudice, of any civil action for want of prosecution whenever plaintiff neglects to note action for trial or hearing within one year after any issue of law or fact has been joined, unless failure to bring the same on for trial or hearing was caused by the party making the motion to dismiss. | Is the general rule that a dismissal for want of prosecution is a dismissal without prejudice? | 025119.docx | LEGALEASE 00156933 LEGALEASE 00156934 | Condensed, SA, Sub | 0.25 | 0 | 1 | 1 | 1 | 1 |
| 749 | Wheatin v. Wheatin, 113 N.C. 200 | 307A=494 | Ordinarily, involuntary dismissal pursuant to rule dealing with dismissal of such dismissals operates as an adjudication upon merits and ends the lawsuit; however, major exception to general proposition is found in power lodged by rule in trial judge to specifically order that dismissal is without prejudice and, therefore, not an adjudication on merits. | Ordinarily, involuntary dismissal pursuant to rule dealing with dismissal of such dismissals operates as an adjudication upon merits and ends the lawsuit; however, major exception to general proposition is found in power lodged by rule in trial judge to specifically order that the dismissal is without prejudice? | Though ordinarily an involuntary dismissal operates as an adjudication of the merits, does a trial judge have the power to specifically order that the dismissal is without prejudice? | 025154.docx | LEGALEASE 00157163 LEGALEASE 00157164 | Condensed, SA | 0.56 | 0 | 1 | | 1 | 1 |
| 750 | Rouser v. Rouser, 410 S.W.2d 802 | 307A=493.1 | Finality of dismissals under rule providing for dismissal for want of prosecution is not affected by failure to real notices except to extend time for filing motion to reinstate beyond 30 day period set forth in the rule. Civ. Proc. Rule 165.1, 5.1. | Finality of dismissals under rule providing for dismissal for want of prosecution is not affected by failure to real notices except issued time for filing motion to reinstate beyond 30 day period set forth in rule. | Is finality of dismissals under rule providing for dismissal for want of prosecution not affected by failure to mail notices except to extend time for filing a motion to reinstate beyond the 30 day period set forth in the rule? | 025257.docx | LEGALEASE 00156849 LEGALEASE 00156850 | Condensed, SA | 0.59 | 0 | 1 | | 1 | 1 |
| 751 | Randolph v. Hays, 665 P.2d 500 | 307A=481 | While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand. | While no precise rule may be laid down as to what circumstances justify dismissal for lack of prosecution, circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand and the policy favoring disposition of cases on the merits on the other hand. | Can a precise rule be laid down as to what circumstances justify a dismissal for lack of prosecution? | 025077.docx | LEGALEASE 00157506 LEGALEASE 00157507 | Condensed, SA | 0.53 | 0 | 1 | | 1 | 1 |
| 752 | Summers v. Vill. of Durand, 267 Ill. App. 3d 767 | 307A=461.1 | Where laches is apparent from the face of the complaint, it is a proper subject for a section 2?615 motion to dismiss. (See Seneca v. Citimortgage, Inc., [1991], 242 Ill.App.3d 300, 611 N.E.2d 388, affirmed 159 Ill.2d 137, 636 N.E.2d 588; 735 ILCS 5/2?615(b).) However, where the defense of laches is not apparent from the face of the complaint, the motion is a properly made pursuant to section 2?619(a)(9) (735 ILCS 5/2?619(a)(9)), which provides for dismissal where the claim asserted against plaintiff is barred by other affirmative matter avoiding the legal effect of or defeating the claim) and must be supported by affidavit. See Schorts v. Mascareñas Insurance Co. (1991), 216 Ill.App.3d 602, 158 N.E.2d. 289, 574 N.E.2d 80. | Where evidence of laches is not apparent from the face of the complaint, motion to dismiss is properly made pursuant to statute, providing for dismissal when challenged claim is barred by affirmative matter avoiding the legal effect of or defeating the claim? | Can a dismissal be granted to support an affidavit when challenged claim is barred by affirmative matter avoiding the legal effect of or defeating the claim? | 025414.docx | LEGALEASE 00156026 LEGALEASE 00156027 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 753 | Bd. of Ed. of Grant Cmty. High Sch. Dist. No. 121, Lake Cty. v. Bd. of Ed. of Richmond-Burton Cmty. High Sch. Dist. No. 157, McHenry Cty., 301 Ill. App. 228 | 30+78(3) | An order merely sustaining a demurrer to the complaint, and upon which no judgment is entered, is not a final adjudication. Freeman on Judgments, 5th Ed., Vol. 2, p. 1512, para. 717. This rule is observed in the cases of Trebbin v. Thoeresz, 316 Ill. 30, 32, 146 N.E. 542; Barber v. Wood, 318 Ill. 415, 149 N.E. 231. In each of the above cases it is stated that under such circumstances, the court will of its own motion dismiss the appeal. It is further stated by Freeman, in the paragraph above referred to, that a judgment for costs only, without a determination of the cause, is not a final judgment. This principle is announced in Williams v. Huey, 263 Ill. 275, 104 N.E. 1008. Where a motion to dismiss a complaint, which is in the nature of a demurrer, is sustained, for such ruling to become final, a judgment should be entered for the defendant to the effect that the plaintiff take nothing by virtue of such action and that the defendant go hence without day, or words of similar import and meaning. Chicago Portrait Company v. Chicago Crayon Company, 217 Ill. 200, 75 N.E. 473. This same principle is announced in the cases of County of Franklin v. Blake, 257 Ill. 354, 100 N.E. 929; Williams v. Huey, supra.; and Prange v. City of Marion, 297 Ill.App. 353, 17 N.E.2d 616. | Where a motion to dismiss a complaint, which is in the nature of a demurrer, is sustained, for such ruling to become "final," and appealable, a "judgment" should be entered for the defendant to the effect that the plaintiff take nothing by virtue of such action and that defendant go hence without day, of words or similar import and meaning. | "For a dismissal ruling to become final a judgment, should it be entered for a defendant to the effect that a plaintiff take nothing by virtue of such action?" | Pretrial Procedure - Memo # 11064 - C - TM_63451.docx | ROSS-003297687-ROSS-003297688 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 754 | Atwater v. Town of Plainfield, 160 N.H. 503 | 307A+681 | "Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleadings sufficiently establish a basis upon which relief may be granted." Provencher v. Buzzell"Plourde Assoc., 142 N.H. 848, 852"53, 711 A.2d 251 (1998). In making this determination, the court would normally accept all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff. Id. at 853, 711 A.2d 251. However, when "the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." Id. (quotation omitted). An assertion that a claim should be dismissed because the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies is one such defense. | In ruling upon a motion to dismiss, a trial court normally accepts all facts pleaded by the plaintiff as true and view those facts in the light most favorable to the plaintiff; however, when the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, such as that the trial court lacks jurisdiction to hear the claim due to the plaintiff's failure to exhaust its administrative remedies, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | How does the court determine whether plaintiff has sufficiently demonstrated his right to claim relief? | 025914.docx | LEGALEASE-00158152-LEGALEASE-00158153 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 755 | Nepomniaschi v. Goldstein, 182 A.D.2d 743 | 307A+699 | Under CPLR 3404, a case stricken from the trial calendar and not restored within a year thereafter is deemed abandoned and automatically dismissed for neglect to prosecute. The instant case was marked off the trial calendar on October 22, 1987, and the plaintiffs' motion to restore the case to the calendar was made in April 1990 approximately two and one-half years later. Therefore, in order to succeed on their motion, the plaintiffs were required to show that they possessed a meritorious cause of action, that the defendant would not be prejudiced by restoration of the case to the trial calendar, that they had an acceptable excuse for the delay, and that they did not intend to deliberately default or abandon the action (see, Tucker v. Hotel Employees & Rest. Employees Union, Local 100 of N.Y. & Vicinity, AFL"CIO, 134 A.D.2d 494, 521 N.Y.S.2d 279; Paglia v. Agrawal, 124 A.D.2d 793, 508 N.Y.S.2d 514; Ornstein v. Kentucky Fried Chicken of Great Neck, 121 A.D.2d 610, 503 N.Y.S.2d 643). | In order to succeed on motion to restore to calendar case which was stricken from trial court and thereafter automatically dismissed for neglect to prosecute, plaintiffs must show that they possessed meritorious cause of action, that defendant would not be prejudiced by restoration of case to trial calendar, that they had acceptable excuse for delay, and that they did not intend to deliberately default or abandon action. McKinney's CPLR 3404. | "In order to succeed on motion to restore to calendar case which was stricken from trial court, should plaintiffs show that they possessed a meritorious cause of action?" | 039637.docx | LEGALEASE-00159772-LEGALEASE-00159773 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |
| 756 | Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 307A+685 | Moreover, though we have determined that under the facts of this case, there is no question of fact that plaintiff failed to cooperate and State Farm was thereby prejudiced, even assuming arguendo an issue of fact exists, under well-established statutory procedure for section 2"619 motion practice, plaintiff's failure to properly contest State Farm's affidavit by submitting a counteraffidavit is fatal to his cause of action. The failure to challenge or contradict supporting affidavits filed with a section 2"619 motion results in an admission of the facts stated therein. Zedella v. Gibson, 165 Ill.2d 181, 185, 209 Ill.Dec. 27, 650 N.E.2d 1000, 1002 (1995). Nor may a plaintiff simply rely on the allegations in his own complaint to refute a section 2"619 affidavit. Hollingshead v. A.G. Edwards & Sons, Inc., 396 Ill.App.3d 1095, 1101"02, 336 Ill.Dec. 664, 920 N.E.2d 1254, 1260 (2009). If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. Callaghan v. Village of Clarendon Hills, 401 Ill.App.3d 287, 290"91, 340 Ill.Dec. 757, 929 N.E.2d 61, 67 (2010). | If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven; to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit, and the failure to do so results in the facts of the defendant's affidavits being deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9); Sup.Ct.Rules, Rule 191. | "Will the burden shift to the plaintiff, if the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter?" | 039901.docx | LEGALEASE-00159537-LEGALEASE-00159538 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 757 | Burns v. Drew Woods, 900 S.W.2d 128 | 307A+697 | Burns does not assert that she attended the pretrial conference or that the court had no authority to dismiss her suit for failing to appear. See Tex.R.Civ.P. 165a.1. In a single point of error, she asserts that the court abused its discretion in denying her motion to reinstate the suit against Drew Woods. See id. 165a.3. Rule 165a.3 provides, however, the court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Id. (emphasis added). Thus, if the court makes the specified finding, it has no discretion and must reinstate the case. When a point of error asserts that the court erred in failing to reinstate a cause, the rule focuses our review not on the court's discretion but on its role in the fact-finding process | If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, or that failure has been otherwise reasonably explained, it has no discretion and must reinstate case. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 1. | "If trial court makes finding that party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, does it have no discretion and must reinstate the case?" | 040072.docx | LEGALEASE-00160598-LEGALEASE-00160599 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 758 | Humphreys v. Meadows, 938 S.W.2d 750 | 307A+695 | A trial court may not dismiss a plaintiff's case for pleading deficiencies in an opportunity is first afforded to amend over the defect. Texas Dept. of Corrections v. Herring, 513 S.W.2d 6, 9*2 (Tex.1974). Although, 839 S.W.2d at 530. Moreover, if a plaintiff makes a good faith attempt to amend his petition in response to the trial court's sustaining of a defendant's special exceptions, the trial court may not dismiss the plaintiff's amended petition unless the defendant files special exceptions to the revised pleadings, the court sustains the new special exceptions, and the court gives the plaintiff an opportunity to amend revised pleadings. | "If a plaintiff makes a good faith attempt to amend his petition in response to a trial court's sustaining of defendant's special exceptions, trial court may not dismiss plaintiff's amended petition unless defendant files special exceptions to revised pleadings, court sustains new special exceptions, and court gives plaintiff opportunity to amend revised pleadings." | 04283.docx | LEGALEASE-00182397-LEGALEASE-00182398 | Condensed, SA | 0.45 | 0 | 1 | | 1 | |
| 759 | Sutherland v. Illinois Bell, 254 Ill. App. 3d 983 | 307A+695 | Before addressing the substance of plaintiff's cause of action under these guidelines, we must first determine whether she has elected to stand on her first amended complaint. The general rule in this State is that where the trial court dismisses with prejudice a plaintiff's complaint, and cause of action must stand or fall on the facts alleged therein. | Generally, if trial court dismisses with prejudice a plaintiff's complaint, does failure to request leave to file new complaint before appealing constitute an election to stand on the dismissed complaint? | Pretrial Procedure Memo 11648 - C - 45_45383.docx | ROSS-003179384 | Condensed, SA | 0.46 | 0 | 1 | | 0 | |
| 760 | Sisters of the Holy Child Jesus at Old Westbury v. Corwin, 55 Misc. 3d 844 | 141E+997 | Parents' allegation that private school's personnel were unqualified to address special needs of their daughter constituted claim for educational malpractice, which was not cognizable as cause of action or defense. Under New York law, providing that quality and qualifications of teachers employed by private schools were concerns rest for courts, but rather for New York State Education Department and its Commissioner. McKinney's Education Law § 5003. | Can a plaintiff bring an educational malpractice cause of action in a school in court? | 01719A.docx | LEGALEASE-00162027-LEGALEASE-00162029 | Condensed, SA | 0.73 | 0 | 1 | | 0 | |
| 761 | Romero v. Zangari, 116 A.D.3d 753 | 307A+563 | Moreover, CPLR 3126 is an "extremely forgiving" statute (Kaufman v. Colins Contri - Co., 89 N.Y.2d 699, 503, 655 N.Y.S.2d 888, 678 N.E.2d 460), which "never requires, but merely authorizes, the Supreme Court to impose a penalty for willful or contumacious conduct. | "Can a court retain some residual discretion to deny motions to dismiss for want of prosecution, even when plaintiff fails to comply with 90 day requirement?" | 04007.docx | LEGALEASE-00162496-LEGALEASE-00162497 | SA Sub | 0.65 | 0 | 0 | 1 | | |
| 762 | First Institutional Baptist Church of Juvenile Court Dep't v. Clerk-Magistrate of Bristol Div. of Juvenile Court Dept., 418 Mass. 387 | 79+8 | What can be distilled from the above are the following principles: First, clerks, assistant clerks, and probation officers perform duties essential to the processing of cases and, in the larger picture, the successful functioning of the trial court. | "Does a judge's authority to control and supervise judicial personnel include inherent authority, independent of statute, to ensure that clerks, assistant clerks, and probation officers serving in their courts are qualified and possess the skills and competence to perform their duties in a professional manner and in conformity with governing statutes, rules, orders, and standards of accountability?" | 01570.docx | LEGALEASE-00164124-LEGALEASE-00164125 | Condensed, SA | 0.51 | 0 | 1 | | 1 | |

146

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 763 | United States v. Gross, 419 F. Supp. 166 | 135H+95.1 | Where a mistrial has been declared sua sponte, a trial judge must carefully explore the defendant's valued right to have his trial completed by a particular jury... | In deciding whether to declare a mistrial sua sponte, a trial judge must carefully explore the defendant's valued right to have his trial completed by a particular jury... | Where a mistrial has been declared sua sponte, is another trial permissible if the trial judge, in declaring the mistrial, acted in the sole interest of the defendant or if a verdict of conviction could have been reached but would have been reversed on appeal due to an obvious error in the trial? | 031523.docx | LEGALEASE 00165665-LEGALEASE 00165666 | Condensed, SA, Sub 0.82 | 0.82 | 0 | 1 | | 1 | 1 |
| 764 | In re Parker, 363 B.R. 769 | 145H+10 | Factors which South Carolina courts consider, in distinguishing lease from security agreement... | Having determined that the agreements at issue are not security agreements under the initial bright-line test, the Court must see the factors which further the nature of the transaction... | What factors are part of a totality of the circumstances inquiry? | 042805.docx | LEGALEASE 00164018-LEGALEASE 00164019 | Condensed, SA 0.67 | 0.67 | | 1 | | | |
| 765 | Fu v. Fenck, 49 S.W.2d 506 | 198H+358 | Statute which, other than in situations involving specified religious and medical exceptions, requires immunization of all persons as prerequisite to admission to elementary or secondary school... | Statute which, other than in situations involving specified religious and medical exceptions, requires immunization of all persons as prerequisite to admission to elementary or secondary school... | Can a state constitutionally require immunization of children who attend school? | 017320.docx | LEGALEASE 00164368-LEGALEASE 00164369 | Condensed, SA, Sub 0.14 | 0.14 | 0 | | 0 | 1 | |
| 766 | United States v. Quintero, 165 F.3d 831 | 316H+200 | When determining whether collateral estoppel applies in the context of a mistrial, courts must engage in a two-part inquiry... | The doctrine of collateral estoppel is a narrow exception to the Government's right to prosecute when there are other considerations... | In deciding whether collateral estoppel applies in the context of a mistrial, should a court engage in a two-part inquiry: first, whether it can ascertain the basis of the acquittal at the first trial; and then, second determine whether the essential elements of the crime upon which the retrial is predicated were decided in the defendant's favor at the first trial? | Double Inquiry-TL,5&57.docx | ROSS-003282763-ROSS-003282764 | Condensed, SA 0.59 | 0.59 | 0 | | 0 | 1 | |
| 767 | Piona City v. Alabama Power Co., 239 Ala. 547 | 317+2016 | Municipal corporations, in passing ordinances in the exercise of their police power, or their power of taxation and of eminent domain, are performing a function of government... | It is well established that when the state, or one of its governmental agencies, enters into the exercise of their police power, of taxation and of eminent domain... | Are the Municipal corporations, in passing ordinances in the exercise of their police power, or their power of taxation and of eminent domain, are performing a function of government which may be delegated to them by the state? | Taxation - Memo 183 C - 92_58650.docx | ROSS-003293728-ROSS-003293729 | SA, Sub 0.52 | 0.52 | | | | | 1 |

347

Appendix D

| | | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences | |
| 768 | Urruti a heven Hous, Ltd v. Meyer, 637 So. 2d 825 | 30+3331 | As reflected in the orders of the trial court, this defendant was given every opportunity to comply with the trial court's orders... | Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders... | "Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders, and where the entry of a default judgment is justified." | 1009J.docx | LEGALEASE 00096866 LEGALEASE 00096869 | SA, Sub | 0.78 | | | | 1 | |
| 769 | Cotter v. Dias, 130 A.3d 164 | 307H+581 | In considering a dismissal motion, a trial justice "must weigh the equities between the parties..." | "Should court balance the need to manage its docket and the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay, when considering a dismissal motion for lack of prosecution?" | 0979A.docx | LEGALEASE 00096347 LEGALEASE 00096348 | Condensed, SA | 0.58 | | 1 | | 1 | |
| 770 | E.H. v. Jefferson Cty. Dep't of Human Res., 196 So. 3d 420 | 384+21 | In any event, the juvenile court's decision to continue with the disposition at trial despite the absence of the mother's retained counsel... | The constitutional right to counsel in a civil matter is not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case. | "Is the constitutional right to counsel in a civil matter not without limitation, and a trial court's refusal to grant a continuance when counsel fails to appear will not be deemed reversible error in every case?" | 0294J.docx | LEGALEASE 00136528 LEGALEASE 00136529 | Condensed, SA | 0.81 | | | 1 | | |
| 771 | Covington Cty. Bank v. Magee, 177 So. 3d 826 | 307H+624 | A motion to dismiss under Rule 12(b)(6) presents questions of law which we review de novo. On a motion to dismiss... | On a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations in the complaint must be taken as true... | Should the allegations in the complaint be taken as true on a motion to dismiss and that the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim? | Pretrial Procedure Memo # 893 - C - UG_60162.docx | ROSS 003291419 ROSS-003291611 | SA, Sub | 0.44 | | | 1 | 1 | |
| 772 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307H+3 | We begin by addressing Lone Star Gas's disregard for the separate entity doctrine. In order to pierce a corporate veil and properly identify, before trial, certain evidentiary rulings that the court may be asked to make... | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make, its purpose to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | "Is a motion in limine a procedural device that identifies, prior to trial, evidentiary rulings that a court may be asked to make?" | Pretrial Procedure Memo # 835 - C - KA.docx | ROSS 003184018 ROSS-003184019 | Condensed, SA | 0.72 | | 1 | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Bates Number | Memo Filename | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 773 | Fireman's Fund Ins. Co. v. Wilshire Ins. Co., 65 Cal. App. 4th 1279 | 366+1 | Subrogation is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim. By undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant, the "subrogee" is equitably subrogated to the claimant (or "subrogor"), and succeeds to the subrogor's rights against the debtor. [Citations.]" ... | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim. By undertaking to indemnify or pay the principal debtor's obligation to the creditor or claimant, the "subrogee" is equitably subrogated to the claimant, or "subrogor," and succeeds to the subrogor's rights against the debtor. | Is subrogation defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim? | ROSS00197978-ROSS-00197980 | Subrogation - Memo 288 - RM.docx | Condensed_SA | 0.74 | 0 | 1 | 1 | 1 | |
| 774 | Husajn v. Nationwide Mut. Ins. Co., 279 S.W.3d 858 | 366+1 | The effect of the insurance policy is significant because it is through the insurance mechanism that most subrogation rights arise ... | Equitable, or legal, subrogation does not depend on contract, but arises in every instance in which one person not acting voluntarily, has paid a debt for which another was primarily liable, and which in equity should have been paid by the latter. | Can subrogation be defined as the substitution of another person in the place of another with reference to a lawful claim or right? | ROSS003292969-ROSS-003293071 | Subrogation - Memo 344 - RK.docx | Condensed_SA | 0.75 | 0 | 1 | 0 | 1 | |
| 775 | State Farm Gen. Ins. Co. v. Wells Fargo Bank, N.A., 143 Cal. App. 4th 1098 | 366+1 | "Subrogation is defined as 'the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim.'" (Fireman's Fund Ins. Co. v. Maryland Casualty Co. ... | "Subrogation" is defined as the substitution of another person in place of the creditor or claimant to whose rights he or she succeeds in relation to the debt or claim. It provides a method of reimbursement sought to make it, putting the charge where it justly belongs. | Is subrogation defined as the substitution of another person in the place of another with reference to a lawful claim or right? | ROSS003313267-ROSS-003313269 | Subrogation - Memo 179 - ANC.docx | Condensed_SA | 0.43 | 0 | 1 | 0 | 1 | |
| 776 | Rupp v. Transcon. Ins. Co., 627 F. Supp. 2d 1304 | 366+1 | Subrogation is an equitable doctrine that allows a person to step into the shoes of another under a legally equitable obligation or interest to step into the shoes of the other person and assert that person's rights. ... | Under Utah law, "subrogation" is an equitable doctrine that allows a person or entity which pays the loss or satisfies the claim of another under a legally equitable obligation or interest to step into the shoes of the other person and assert that person's rights. | Is subrogation an equitable doctrine that allows a person or entity which pays the loss or satisfies the claim of another under a legally equitable obligation or interest to step into the shoes of the other person and assert that person's rights? | ROSS003253454-ROSS-003313683 | Subrogation - Memo 351 - RM.docx | Condensed_SA, Sub | 0.58 | 1 | 1 | 1 | 1 | |
| 777 | Jones v. Halliburton Co., 583 F.3d 228 | 217+143 | A two-step analysis is employed to determine whether a party may be compelled to arbitrate, in which we first ask whether the parties have agreed to arbitrate the dispute is warranted, and this question itself is further divided ... | A two-step analysis is employed to determine whether a party may be compelled to arbitrate, under which, first, whether the parties have agreed to arbitrate a dispute, must ask: (1) is there a valid agreement to arbitrate the claims, and (2) does the dispute in question fall within the scope of that arbitration agreement. In the affirmative, the court then asks whether any federal statute or policy renders the claims nonarbitrable. | How do courts determine whether a party is compelled to arbitrate? | LEGALEASE-00115707-LEGALEASE-00115708 | 00723.docx | Condensed_SA | 0.17 | 0 | 0 | 0 | 1 | |
| 778 | State v. Frazier, 164 W. Va. 572 | 145+4 | We considered our embezzlement statute in State v. Moyer, 58 W.Va. 146, 52 S.E. 30 (1905), and in Syllabus Point 3 set out the elements of the crime: "[T]o warrant a conviction for embezzlement, it is necessary to show, (1) the trust relation of the person charged, and that he falls within the class of persons named, (2) that the property ... | In order to constitute the crime of embezzlement, it is necessary that there be a trust relationship imposed on the person charged and that he fall within the class of persons named by statute, that the property embezzled be within the class of property embraced by the statute, that it come into the possession or be placed in the care of the defendant by virtue of his office, place, or employment, that he be of a fiduciary character, that he secrete or appropriate the property to his own use, and that the conversion of the property to his own use was with the intent to deprive the owner thereof. | What is embezzlement? | LEGALEASE-00002103-LEGALEASE-00002104 | Embezzlement - Memo 13 - VP.docx | Embezzlement_SA, Sub | 0.2 | 0 | 0 | 0 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 779 | Am. Min. Cong. v. U.S. E.P.A., 907 F.2d 1179 | 149k+19 | It is not the court's role to "second guess the scientific judgments of the EPA." New York v. EPA, 852 F.2d 574, 580 (D.C.Cir.1988).] ... agency EPA's and administrator may apply his expertise to draw conclusions from suspected, but not completely substantiated, relationships between facts, from trends among facts, from theoretical projections from imperfect data, from probative preliminary data not yet certifiable as fact, and the like. | It is not court's role to second-guess scientific judgments of Environmental Protection Agency (EPA), and administrator may apply his expertise to draw conclusions from suspected, but not completely substantiated, relationships between facts, from trends among facts, from probative preliminary data not yet certifiable as fact, and the like. | Is it the role of the court to second guess the scientific judgment of the Environmental Protection Agency (EPA)? | 00503.docx | LEGALEASE 00172515-LEGALEASE 00172516 | Condensed, SA | 0.38 | | 1 | 1 | 1 | |
| 780 | Williamson v. City of Hous., 275 Kan. 300 | 386+2 | Trespass is an intentional tort. United Proteins, Inc. v. Farmland Industries, Inc., 259 Kan. 725, 5a I "4, 915 P.2d 80 (1996). In order to support an action in trespass, it must be established that the defendant intends to have foreign matter intrude upon another's land, or the defendant's act is done with knowledge that it will to a substantial certainty result in the entry of foreign matter. | In order to support an action in trespass, it must be established that the defendant intends to have foreign matter intrude upon another's land, or the defendant's act is done with knowledge that it will to a substantial certainty result in the entry of foreign matter. | To constitute a trespass is it necessary that the defendant intends to have foreign matter intrude upon another's land, or that the defendant's act is done with the knowledge that it will to a substantial certainty will result in the entry of foreign matter to constitute a trespass action? | 00332.docx | LEGALEASE 00193583-LEGALEASE 00193584 | Condensed, SA | 0.43 | | 0 | 1 | 1 | |
| 781 | Cardwv. United States, 584 A.2d 26 | 203+750 | Unlike circumstances of justification or excuse, legally recognized mitigating factors do not constitute total defense to murder charge but they may serve to reduce the degree of criminality of a homicide which was otherwise committed with an intent to kill, an intent to injure, or in conscious and wanton disregard of life. ... | Unlike circumstances of justification or excuse, legally recognized mitigating factors do not constitute total defense to murder charge but they may serve to reduce the degree of criminality of a homicide which was otherwise committed with an intent to kill, an intent to injure, or in conscious and wanton disregard of life. | Do legally recognized mitigating factors constitute a total defense to a murder charge? | 00370.docx | LEGALEASE 00193775-LEGALEASE 00193776 | Condensed, SA | 0.82 | | 0 | 1 | 1 | |
| 782 | Poindexter v. Atchison, Topeka & Santa Fe Ry. Co., 914 F. Supp. 454 | 231H+1534 | Congress enacted the RLA "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, """, 114 S.Ct. 2239, 2243, 129 L.Ed.2d 203 (1994) (quoting Atchison, T. & S.F.R. Co., 480 U.S. 557, ... | RLA establishes mandatory arbitral mechanism for prompt and orderly settlement of two classes of disputes, which are "major disputes" concerning rates of pay, rules or working conditions, and "minor disputes" growing out of grievances or out of interpretation or application of collective bargaining agreements (CBAs) covering rates of pay, rules, or working conditions. Railway Labor Act, § 2, 45 U.S.C.A § 151a. | What are the two mandatory arbitral mechanisms for the settlement of disputes established by the Railway Labor Act (RLA)? | 00792.docx | LEGALEASE 00001568-LEGALEASE 00001570 | Condensed, SA, Sub | 0.75 | | 1 | 1 | 1 | 1 |
| 783 | Gregg v. Pettingill, 1234 Supp. 54 517 | 349+2411 | The mere fact that a criminal trial would fraud probable cause normally provides a presumption that probable cause existed in the context of a subsequent wrongful prosecution action." Lee v. Pettingill, 593 N.Y.S2d 355. A.3d 1139, 1147 (2011). That presumption may be rebutted only by evidence that the probable cause finding was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. | Under Vermont law, mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent malicious prosecution action; that presumption may be rebutted only by evidence that the probable cause finding was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. | How can the presumption of probable cause in a subsequent malicious prosecution claim be rebutted? | 00203.docx | LEGALEASE 00193830-LEGALEASE 00193831 | SA, Sub | 0.68 | | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 784 | Sheffield v. Cantwell, 101 F.2d 351 | 249+364 | Under Illinois law, conviction is prima facie evidence of existence of probable cause for prosecution, and complete defense to suit for malicious prosecution unless such prima facie showing is overcome by evidence that conviction was obtained by fraud, corrupt practices or unlawful or unjustifiable means on part of one procuring the conviction. | The complaint is devoid of averment that defendants other than the justice fraudulently procured by perjured testimony or other illegal means the conviction of plaintiff. In view of the obvious lack of evidence of guilt of the defendant and the consequent proper acquittal by directed verdict, there remained thereafter a complaint against Mrs. Penktala and the attorney, which contained no averment that they or either of them had by fraudulent or perjured testimony or other fraudulent means, procured the conviction in the justice court, except as follows from the asserted illegality of conveying prisoners there and the justice. Yet, under the established law of Illinois, that conviction is prima facie evidence of existence of probable cause for the prosecution and complete defense to suit for malicious prosecution, unless it is overcome by evidence that it was obtained by fraud, corrupt practices or unlawful or unjustifiable means on the part of one procuring the conviction. McElroy v. Catholic Press Co., 254 Ill. 290, 98 N.E. 527. | When can a court rebut that the conviction is prima facie evidence of probable cause in a malicious prosecution? | 003934.docx | LEGALEASE-00159440 LEGALEASE-00159441 | SA, Sub | 0.66 | 0 | 0 | 0 | 1 | |
| 785 | Gregg v. Pettengill, 123 F. Supp. 3d 517 | 249+261 | Under Vermont law, mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent wrongful prosecution claim." Lay v. Pettengill, 193 Vt. 141, 38 A.3d 1139, 1147 (2011). "That presumption may be rebutted only by evidence that the probable cause finding was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Manganella v. City of New York, 612 F.3d 149, 162 (2d Cir 2010); see also Lay, 38 A.3d at 1147 ("this presumption of probable cause is rebuttable only if a plaintiff can demonstrate that the earlier finding of probable cause was based on misleading, fabricated or otherwise improper evidence."). In considering a motion to dismiss, the court "must determine whether," [o]n the facts asserted in the complaint, it appears beyond doubt" that there was no probable cause to prosecute-that is, whether the presumption had been rebutted. Smith v. Peterson, 197 Supp. 3d 26, 580 (D.Vt 2001). Probable cause is a complete defense to a claim of malicious prosecution if it is not later nullified by information establishing the defendant's innocence. Betts v. Shearman, 751 F.3d 78, 82 (2d Cir 2014). | Under Vermont law, mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent wrongful prosecution claim. That presumption may be rebutted only by evidence that the probable cause finding was procured by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith. | Questioninvar can the presumption of probable cause in a subsequent malicious prosecution claim be rebutted? | Malicious Prosecution - Memo 61 - 15.docx | LEGALEASE-00095547 LEGALEASE-00095548 | SA, Sub | 0.68 | 0 | 0 | 1 | 0 | |
| 786 | State v. Doucette, 147 Conn. 95 | 110+413.93 | The Connecticut rule, which we reaffirm, is that, although the confession by someone other than the accused is, in fact, that the crime charged has been committed (by someone, that is, the corpus delicti) and the defendant's agency therein, it is not sufficient of itself to prove the former, and, without evidence aliunde of facts also tending to prove the corpus delicti, it is not enough to warrant a conviction; and that there must be such extrinsic corroborative evidence as will, when taken in connection with the confession, establish the corpus delicti in the mind of the trier beyond a reasonable doubt. State v. Skinner, supra 132 Conn. 163, 43 A.2d 77.] This appears to be the general rule. 7 Wigmore, op. cit., p. 307. "The independent evidence must tend to establish that the crime charged has been committed and must be material and substantial, but need not be such as would establish the corpus delicti beyond a reasonable doubt apart from the confession. Properly this (extrinsic) evidence should be introduced and the court satisfied of its substantial character and sufficiency to render the confession admissible before the latter is allowed in evidence." State v. LaLouche, supra, 116 Conn. 691, 166 A. 252. This is in accord with Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101, and Smith v. United States, supra, where, in the re-enactment, in effect constituting a third confession, can be treated as extrinsic corroborative evidence of the corpus delicti. "[E]vert two plaintiff would not be sufficient to authorize a conviction." Bruno v. State, 116 Ga. 310, 327, 6 S.E. 375, 378, 44 L.R.A. 319. It is also true, that evidence of the corpus delicti proceded by the state apart from the confession, and the evidence as to the re-enactment and, in the application of the corpus delicti rule in cases where the confession and the re-enactment are the two confessions involved, it is sufficient if all the evidence, including the two confessions, satisfies the jury. | Although confession is evidence tending to prove both fact that crime charged has been committed (i.e., the corpus delicti) and defendant's agency therein, it is not sufficient of itself to prove former, and without corroborative aliunde of facts also tending to prove corpus delicti it is not enough to warrant conviction, and there must be such extrinsic corroborative evidence as will, when taken in connection with confession establish corpus delicti in mind of trier beyond a reasonable doubt. | "In a prosecution, is the state required to prove defendant's agency?" | Innot - Memo 83-86.docx | LEGALEASE-00090756- LEGALEASE-00090758 | Condensed, SA | 0.77 | 0 | 0 | 0 | 1 | |
| 787 | Dodge v. Kidler, 140 Me. 209 | 366+1 | "Legal subrogation" is the substitution of one person in the place of another with reference to a lawful claim or right, and it arises by operation of law where one having liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. | "Legal subrogation" is the substitution of one person in the place of another with reference to a lawful claim or right, and it arises by operation of law where one having liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. | Is subrogate the substitution of one person in place of another with reference to a lawful claim or right? | Subrogation - Memo 114 - VFC.docx | ROSS-003109737 ROSS-003303739 | Condensed, SA | 0.42 | 0 | 0 | 0 | 0 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order 839 | Condensed 15,944 | Substantive Additions 14,873 | Selection & Arrangement 21,876 | Multiple Differences 9,029 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 788 | In re BFP Hotel Enterprises, 423 B.R. 771 | 365=1 | The Court will therefore employ equitable subrogation as it is expressed under Alabama law. Re from state, but will also cite to the law of other jurisdictions. Courts have formulated the elements of equitable subrogation in a variety of ways. Under Alabama law, the elements of equitable subrogation are expressed as follows: "(1) the money is advanced at the instance of the debtor in order to extinguish a prior encumbrance; (2) the money is used for that purpose with the just expectation on the part of the lender of obtaining security of equal dignity with the prior encumbrance; (3) the whole debt must be paid before subrogation can be enforced; (4) the lender must be ignorant of the intervening lien; and (5) the intervening lien(s) must not be burdened or embarrassed. "La Parra Lawns, § 6.3-67, 12 (Ala 2008) (quoting Collateral Inv. Co. v. Pilgrim, 421 So.2d 120 (Ala Civ App 1982)). See also Foster v. Porter Bridge Loan Co., Inc., 2009 WL 1312084 (Ala 2009) (listing the elements listed in Lawson for equitable subrogation); and AIDO Fed. Credit Union v. State Farm Fire and Cas. Co., 593 So.2d 315 (Ala Civ App 2001) (explaining that a party's entitlement to equitable subrogation depends on the party's equities and not on the elements listed above). While failure to prove any one element is determinative in a claim for equitable subrogation, the Court finds that Alabama has failed to satisfy four of the five requirements for equitable subrogation. | Under Alabama law, the elements of equitable subrogation are expressed as follows: (1) the money is advanced at the instance of the debtor in order to extinguish a prior encumbrance; (2) the money is used for that purpose with the just expectation on the part of the lender of obtaining security of equal dignity with the prior encumbrance; (3) the whole debt must be paid before subrogation can be enforced; (4) the lender must be ignorant of the intervening lien; and (5) the intervening lien(s) must not be burdened or embarrassed. | What are the elements of equitable subrogation? | Subrogation - Memo # 442 - C - Mtl.docx | ROSS-003251717-ROSS-003251578 | Condensed_SA | 0.63 | 0 | 1 | 1 | 1 | |
| 789 | Bankers Tr. Co. v. Hardy, 281 Ga. 561 | 366=1 | Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor. It is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice. | Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor. It is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice. | What is the substitution of another person in the place of the creditor? | 04705s.docx | LEGALEASE-00121369 LEGALEASE-00121371 | SA_Sub | 0 | | 1 | 1 | 1 | |
| 790 | Levy v. HLI Operating Co., 924 A.2d 210 | 366=53(1) | Subrogation offers from contribution because its operation rests on concepts of primary and secondary liability among obligors. Thus, it acts to place an entire loss, not just a portion, on another party. In contrast to indemnity, subrogation allows a party to recover from a third-party payment having to its source, without any settling or a right of action to do its own right. | "Does subrogation differ from contribution because its operation rests on concepts of primary and secondary liability among obligors which acts to place an entire loss, not just a portion, on another party?" | 04387e.docx | LEGALEASE-00121455 LEGALEASE-00121456 | Condensed_SA | 0.47 | 0 | 0 | 1 | 1 | |
| 791 | Saks for Justice v. Nath, 893 F. Supp. 2d 598 | 221=342 | First, there is the immunity defense: under the act of state doctrine and the FSIA. Under the act of state doctrine, "the courts of one state will not question the validity of public acts performed by another sovereign within its own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts... Republic of Austria v. Altmann, 541 U.S. 677, 700, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004). Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ("The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory). | "Under the act of state doctrine, the courts of one state question the validity of public acts, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing?" | 03735.docx | LEGALEASE-00223807 LEGALEASE-00223808 | Condensed_SA | 0.62 | 0 | 1 | 1 | 1 | |
| 792 | United States v. Sum'of $70,990,605, 991 F. Supp. 2d 154 | 221=342 | Assuming that the Afghanistan court did make some assertion of exclusive jurisdiction, it is also unclear what the Afghanistan court is asserting exclusive jurisdiction over and for what duration. It is not evident from the facts presented that an act of state would need to be invalidated here because the contours of that act extend to an act of state have not yet been identified... "Even if this court's factual finding must necessarily cast doubt upon the validity of the foreign sovereign's acts, it is inapplicable if the foreign act of state does not need to be invalidated... 701 U.S. at 434 ("the act of state doctrine is not applicable when the foreign act of state does not need to be invalidated.") Sangamon, 493 U.S. at 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (quoting Sabbatino, 376 U.S. at 423, 84 S.Ct. 923). | "Even if the domestic court's factual findings must necessarily cast doubt upon the validity of the foreign sovereign's acts, is inapplicable if the foreign act of state does not need to be invalidated?" | International Law - Memo # 87 - C - LK.docx | ROSS-003218180-ROSS-003218981 | SA_Sub | 0.76 | 0 | 1 | 1 | | |
| 793 | DuDuahie v. Cisco Sys., 2 F. Supp. 3d 717 | 221=342 | The act of state doctrine is premised on the principle "that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." Scherk v. Alberto-Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (quoting Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897)). The doctrine is "a consequence of domestic separation of powers, reflecting 'the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder' the conduct of foreign affairs." W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (quoting Sabbatino, 376 U.S. at 423, 84 S.Ct. 923). | "Is every sovereign state bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | 03988d.docx | LEGALEASE-00225676 LEGALEASE-00122677 | Condensed_SA | 0.77 | 0 | | 1 | 1 | |

152

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 794 | Hirsi v. L3 Servs., 697 F. Supp. 2d 919 | 221v342 | Similarly, the act of state doctrine is an affirmative defense, on which the defendant carries the burden of proof. See In re Oil Spill by the Amoco Cadiz Off Coast of France on March 16, 1978, 491 F.Supp. 161 (N.D.Ill.1979). "The act of state doctrine is a judicial rule that generally forbids an American court to question the act of a foreign sovereign that is valid under the sovereign's own laws." Nicolas v. LGIC Corp., 597 F.Supp. 737, 738 (7th Cir.2008) (internal citations omitted). Courts typically consider three factors in determining whether the doctrine applies: (1) the degree of international consensus regarding the illegality of the act challenged by the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. See Abelesz v. Abolabor, No. 02 C 6593, 2005 WL 3157467, at 4 (N.D.Ill. Nov. 8, 2005) (internal citations omitted). See generally Banc Nacional de Cuba v. Sabbatino, 376 U.S. 398, 428, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ("It should be apparent that the greater the degree of codification or consensus concerning a particular area of international law, the more appropriate it is for the judiciary to render decisions regarding it, since the courts can then focus on the application of an agreed principle to circumstances of fact rather than on the sensitive task of establishing a principle not inconsistent with the national interest or with international justice."). | Courts typically consider three factors in determining whether the act of state doctrine applies: (1) the degree of international consensus regarding the illegality of the foreign government challenged by the suit; (2) the implication of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | What factors do courts consider in determining whether the act of state doctrine applies? | International Law Memo #135 - C - SA.docx | ROSS-003311643 ROSS-003311645 | SA, Sub | 0.75 | 0 | 1 | | 1 | |
| 795 | Rapture Shipping, Ltd. v. Allround Fuel Trading B.V., 350 F. Supp. 2d 369 | 221v342 | "Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States." Pravin Banker Assocs. Ltd. v. Banco Popular Del Peru, 109 F.3d 850, 854 (2d Cir.1997). The courts of this circuit have been particularly consistent in practicing comity toward foreign judgments and proceedings. See S.A. Cliffstown S.A. v. Vetco Enters. Ltd., 36 F.Supp.2d 206, 211 (S.D.N.Y.1999). | Under the principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | "Under the principle of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries?" | International Law Memo # 222 - C - MG.docx | ROSS-003298579 ROSS-003298580 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 796 | Kaplan v. Cent. Bank of the Islamic Republic of Iran, 961 F. Supp. 2d 185 | 221v342 | "The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). The doctrine "requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid." W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 409, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). "Act of state issues only arise when a court must decide that is, when the outcome of the case turns upon the effect of official action by a foreign sovereign." Id. at 406, 110 S.Ct. 701. "When it applies, the doctrine serves as a "rule of decision for the courts of this country," which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions." McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066 (quoting Kirkpatrick, 493 U.S. at 406, 409, 110 S.Ct. 701). | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon the effect of official action by a foreign sovereign. When it applies, the doctrine serves as a "rule of decision for the courts of this country," which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions. | Does an act of state issue only arise when a court must decide the effect of official action by a foreign sovereign? | International Law Memo # 242 - C - CFB.docx | ROSS-003300592 ROSS-003300594 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 797 | Feyzoard Ltd. v. Walter Fuller Aircraft Sales, 748 F. Supp. 393 | 221v342 | To qualify an act of state, it is necessary to prove that an act "occurred as a result of a considered policy determination by a government to give effect to its political and public interest," matters that would have significant impact on American foreign relations." Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d 1287, 1294 (3d Cir.1979). The Court in Mannington Mills refined its grant of "act of state" status to a foreign sovereign's grant of a patent. Similarly, a foreign judicial judgment in a court involving private litigants does not amount to the status of an act of state. DeVisscher Americana Bolivia v. Gulf & Western, 619 F. Supp. 660, 669 (S.D.N.Y.1979). And as the Supreme Court stressed in Alfred Dunhill of London, Inc. v. Republic of Cuba, a purely commercial operation of the foreign sovereign's ships cannot be the status of an act of state. 425 U.S. 682, 695, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). | To qualify an act of state, it is necessary to prove that an act occurred as a result of a considered policy determination by a government to give effect to its political and public interest." | "To qualify as an act of state, is it necessary to prove that an act occurred as a result of a considered policy determination by a government to give effect to its political and public interest?" | International Law Memo #372 - MC.docx | ROSS-003284239 ROSS-003284240 | Condensed, SA | 0.76 | 0 | 1 | | 1 | |
| 798 | United States v. Portwood, 857 F. Supp. 312 | 221v391 | Defendants contend that "1905, as applied to them in this case, is unconstitutional under the standard discussed in United States v. Davis, 905 F.2d 245 (9th Cir.1990), cert. denied, 498 U.S. 1047, 111 S.Ct. 753, 112 L.Ed.2d 773 (1991); accord, United States v. Adams, 534 F.2d 1246 (9th Cir.1990); United States v. Peterson, 812 F.2d 486 (9th Cir.1987). In Davis, the Ninth Circuit articulated a two part standard for determining the constitutionality of "1905 statute punishing conduct outside the United States territory: first, Congress must have made clear that it intended that the statute reach extraterritorial effect, Davis, 905 F.2d at 248; Second, the statute must not violate due process, meaning that the defendant and the United States must have some nexus "between the defendant and the United States such that the application of the statute would not be arbitrary or fundamentally unfair. Id. at 248."9 | In order to be constitutionally applied, statute punishing conduct outside United States territory must clearly indicate intent to give statute extraterritorial effect and must not violate due process, U.S.C.A. | "In order to be constitutionally applied, does a statute punishing conduct outside United States territory clearly indicate an intent to give statute extraterritorial effect and must not violate due process?" | 020612.docx | LEGALEASE-00221979 LEGALEASE-00221980 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | |

153

Appendix D

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 799 | In re Estate of Cullen, 138 Ohio App. 3d 256 | 3034-3 | Motion in limine, if granted, is interlocutory ruling by the trial court reflecting its anticipatory treatment of evidentiary issue; accordingly, party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record. | A motion in limine, if granted, is an interlocutory ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue. State v. Grubb (1986), 28 Ohio St.3d 199, 201-202, 28 OBR 285, 503 N.E.2d 142, paragraph two of the syllabus. | Must a party who has been temporarily restricted from introducing evidence must seek to introduce it at trial in order to enable court to make final determination as to its admissibility and to preserve any objection on record? | Pretrial Procedure - Memo #119 - C-DE.docx | ROS5.00315044-ROS5-00315047 | Condensed,SA | 0.39 | 0 | 1 | | 1 | |
| 800 | Glenn - Club Mediterranee S.A., 363 F.Supp. 2d 1263 | 221=142 | "Act of state doctrine" prohibits the United States courts from reaching the merits of an issue in order to avoid embarrassment to politically sensitive matters and interference with foreign policy. | Underlying the act of state doctrine are the principle of "[i]nternational comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign affairs." Id. at 400, 110 S.Ct. 701. The Act of State "prohibits the United States courts from reaching the merits of an issue in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with our own foreign policy." Consolidated Development Corp., No. 99T3027 O/"Graham, at 310-Fla., July 19, 1997) citing In re Grand Jury Proceedings Bank of Nova Scotia, 740 F.2d 817, 833 (11th Cir.1984). | Does the act of state doctrine prohibit the United States courts from reaching the merits of an issue in order to avoid embarrassment to politically sensitive matters and interference with foreign policy? | International Law - Memo #286 - C-SS.docx | ROS5.00328471-ROS5-00328472 | Condensed,SA | 0.67 | 0 | 1 | | 1 | |
| 801 | MMA Consultants 1 v. Republic of Peru, 245 F.Supp. 3d 486 | 221=142 | The act of state doctrine "confer[s] presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such validity." | The act of state doctrine "confer[s] presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts." Schindler-Arab Iran, Pasco Ltd. v. Bolivarian Republic of Venezuela, 863 F.3d 96, 100 (2d Cir. 1989). In applicability depends, in part, on whether judicial examination of the sovereign's act "would embarrass or hinder the executive in the realm of foreign relations." Id. at 921. | Does the act of state doctrine operate to confer presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such validity on certain acts of foreign sovereigns by rendering no judicable claims that challenge such acts? | 02051.docx | LEGAEASE-00134893-LEGAEASE-00134894 | Condensed,SA | 0.25 | 0 | 1 | | 1 | |
| 802 | Jesner v. L-Serra, 697. F.Supp. 3d 750 | 221=142 | Courts typically consider three factors in determining whether the act of state doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenging the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. | Similarly, the act of state doctrine is an affirmative defense, on which the defendant carries the burden of proof. See In re GO-Spill by Amoco Cadiz Off Coast of France on March 16, 1978, 491 F.Supp. 161 (N.D.III.1978). The TPLF Act (although citations omitted). Courts typically consider three factors in determining whether the act of state doctrine applies: (1) the degree of international consensus regarding the acts of the foreign government challenging the suit; (2) the implications of the suit for United States foreign relations; and (3) whether the government accused of perpetrating the alleged wrongful acts remains in existence. See Alrabia v. Alrabia, No. 03-C-4839, 2005 WL 3050607 (N.D.Ill.2005) (internal citations omitted). Separately, Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804) (The degree of international consensus regarding a particular area of international law...The more important the implications of the issue for foreign relations, the less appropriate it is for the judiciary to render a decision regarding validity of public acts. | What are the factors to consider in determining whether the act of state doctrine bars suit against foreign state? | 02405v.docx | LEGAEASE-00125393-LEGAEASE-00125394 | SA, Sub | | 0 | 1 | | 1 | |
| 803 | Sideman di Blake v. Republic of Argentina, 965 F.2d 699 | 221=142 | "Act of state doctrine" is not a jurisdictional limit on courts, but reflects a prudential concern that the courts, by declining to render judgment on the validity of public acts of a foreign state, may be interfering with the conduct of American foreign policy by the Executive and Congress. | In contrast to the jurisdictional nature of foreign sovereign immunity under the FSIA, "[t]he act of state doctrine is not jurisdictional limit on courts..." Ku, 893 F.2d at 411.The doctrine reflects the prudential concern that the courts, by declining to pass on the validity of American foreign policy by the Executive and Congress. Id. at 423. The act of state doctrine may be applied by courts in this country only when subject matter jurisdiction exists. See W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 404, 110 S.Ct. 701, 704, 107 L.Ed.2d 816 (1990); Liu, 892 F.2d at 1431. The act of state doctrine is a principle of substantive law determining that the courts apply to the act of state doctrine their jurisdiction. Environmental Tectonics, 493 U.S. at 406, 409, 110 S.Ct. at 705, 707.The act of state doctrine is a "substantive rule of law." Industria Consortium, S.A., 887 F.2d 820, 827 (9th Cir.) (describing act of state doctrine as "combination of prudential concerns and international law"). 893 F.2d at 415 (9th Cir.). In Liu the act of state doctrine is merely a rule of decision. See 726 F.Supp. 1036, 1038 (9th Cir.1989); see also Ku, 893 F.2d at 410-14 (tracing the history of the act of state doctrine). The act of state doctrine never comes into play. "Because sovereign immunity is jurisdictional and the act of state doctrine is not, we must consider sovereign immunity before reaching the act of state doctrine." See Sanchez-Espinoza, 770 F.2d at 206, 223, 243 (D.C.Cir.1985) (in terms of state doctrine as "combination Texaco, 790 F.2d 1412, 1414 (first addressing whether district court's act of state doctrine). | Is the act of state doctrine not a jurisdictional limit on courts, but reflects a prudential concern that the courts, by declining to render judgment on the validity of public acts of a foreign state, may be interfering with the conduct of American foreign policy by the Executive and Congress? | 02416.docx | LEGAEASE-00126777-LEGAEASE-00126778 | Condensed,SA,Sub | 0.75 | 0 | 1 | | 1 | |
| 804 | Chisholm & Co. v. Bank of Jamaica, 643 F.Supp. 1393 | 221=142 | Act of state doctrine requires that a court decline to decide the merits of a case if in doing so it would be required to judge validity of public acts of a sovereign state performed within its own territory. | Defendants also claim that this action is nevertheless barred under the act of state doctrine. The act of state doctrine requires that a court, after exercising jurisdiction, nevertheless decline to decide the merits of a case if in doing so it would be required to judge the validity of the public acts of a sovereign state performed within its territory. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Thus, under the act of state doctrine, a Court must analyze the conduct not only of the Defendant itself, but also of the government behind it. | Does the act of state doctrine require that a court decline to decide the merits of a case if in doing so it would be required to judge validity of public acts of sovereign state performed within its own territory? | 02061.docx | LEGAEASE-00134434-LEGAEASE-00134435 | Condensed,SA | 0.59 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,079 |
| 805 | Rosemann v. Morusso, 115 Conn. App. 254 | 307A=3 | We first set forth our standard of review. "[T]he motion in limine ... has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial. The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. We will make every reasonable assumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion... [Thus,] our review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) Connecticut Light & Power Co. v. Gilmore, 289 Conn. 88, 128, 956 A.2d 145 (2008). In this case, however, the plaintiff's motion in limine sought to preclude evidence on the basis of the statute of limitations. "Whether a party's claim is barred by the statute of limitations is a question of law that this court reviews... de novo." Bellemare v. Wachovia Mortgage Corp., 94 Conn. App. 593, 600, 894 A.2d 335 (2006), aff'd, 284 Conn. 193, 931 A.2d 916 (2007). Thus, our review of the court's application of the statute of limitations is plenary. | The motion in limine has generally been used in Connecticut courts to invoke a trial judge's inherent discretionary powers to control proceedings, exclude evidence, and prevent occurrences that might unnecessarily prejudice the right of any party to a fair trial. | Has the motion in limine generally been used in courts to invoke a trial judge's inherent discretionary powers to exclude evidence at trial? | Pretrial Procedure - Memo #184 - C - SB.docx | ROSS-003238383 ROSS-003238385 | Condensed, SA | 0.8 | 0 | 1 | | | |
| 806 | Vaughn v. Greater Huntington Park & Recreation Dist., 223 W. Va. 583 | 307A=3 | The poor granting the motion in limine is simply an evidentiary pre trial ruling regarding admissibility of evidence that might result in damages. "A motion in limine is a procedure which enables the trial court to rule in advance of the offer of the evidence... in order to prevent the jury from being unduly prejudiced by inadmissible evidence." David v. Steams, 183 W.Va. 75, 1077-78, 394 S.E.2d 78 (1990).As such, the resulting order is not a final judgment because it obviously is not dispositive of the entire suit. It does not conclude proceedings before a claim raised in the suit, nor does it release a party from all or part of the suit. | A motion in limine is a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in order to insure admissible evidence. | Is a motion in limine a procedure which enables the trial court to become acquainted with a potentially troublesome evidentiary issue in order to prevent the jury from being exposed to inadmissible evidence? | Pretrial Procedure - Memo #184 - C - SB.docx | ROSS-003237450 ROSS-003237456 | Condensed, SA | 0.65 | | | | 1 | |
| 807 | Riverside Methodist Hosp. Ass'n of Ohio v. Guthrie, 3 Ohio App. 3d 308 | 366=1 | While a motion in limine is a most useful procedural device, it is frequently misused and misunderstood. A motion in limine may be used in two different ways: (1) as the equivalent of a motion to suppress evidence, which is either not competent or improper because of some unusual circumstance, and (2) as a means of raising objection to an area of inquiry to prevent prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial. In the former use of the motion the confusion concerning objections arises from the two different purposes it can serve. | Motion in limine may be used as equivalent of motion to suppress evidence, which is either not competent or improper because of some unusual circumstance, or as means of raising objection to area of inquiry to prevent prejudicial questions and statements until the admissibility of questionable evidence can be determined during course of trial. | Is a motion in limine a means of preventing prejudicial questions and statements until the admissibility of the questionable evidence can be determined during the course of the trial? | 030090.docx | LEGALEASE 00124717 LEGALEASE 00124718 | Condensed, SA | 0.44 | | 1 | | | |
| 808 | Choi v. Ameriquest Mortg. Co, 155 N.H. 19 | 366=1 | Generally, the doctrine of subrogation has its origins in equity. A party's right to subrogation can arise either by the contract, statute, or common law of equitable principles. The doctrine of subrogation presupposes the payment of a debt by a party secondarily liable therefor, who thereby acquires an equitable right to be reimbursed by the principal debtor and for the purpose of making this right effective is invested with all of the rights which the creditor had against the principal debtor. The purpose behind subrogation is to place the responsibility where it ultimately should rest by compelling the payment of the debt by the one who in equity and good conscience ought to pay it, and to prevent individuals from recouping a windfall; it is also prevents [individuals] from unjust enrichment is on the subrogee, whose rights are derivative; and applicability of equitable principles or contractual provisions as to subrogation and reimbursement. | The purpose behind subrogation is to place the responsibility where it ultimately should rest by compelling the payment by the one who in equity and good conscience ought to pay it, and to prevent individuals from recouping a windfall. | Is the purpose behind subrogation to place the responsibility where it ultimately should rest by compelling the payment by the one who in equity and good conscience ought to pay it and to prevent individuals from recouping a windfall? | Subrogation - Memo # 419 - C - SA.docx | ROSS-003217558 ROSS-003217559 | Condensed, SA | 0.77 | | 1 | | | |
| 809 | Jorge v. Travelers Indem. Co., 947 F. Supp. 150 | 366=1 | In general, subrogation is an equitable rather than a contractual doctrine applied to prevent enrichment and to secure repayment of a debt. The obligation in which should be imposed on another. Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137 n. 12, 83 S.Ct. 232 n. 235 n. 12, 9 L.Ed.2d 190 (1962) (citing Memphis & L.R.R. Co. v. Dow, 120 U.S. 287, 301 ?22, 7 S.Ct. 482, 486 ?89, 30 L.Ed. 595 (1887)) Generally, subrogation applies where a party... not acting voluntarily, but under some compulsion, pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience should have been discharged by the latter. See, e.g., First Nat'l City Bank v. United States, 212 Ct.Cl. 357, 548 F.2d 928, 942 (1977) (Cassius subrogation conditioned on See L'Enfant v. Pensi-Lejan Ins. Corp., 80 F.2d 1000 (5th Cir. 1941); others...) 348 U.S. 942, 245 n.14 a.3d 296, 20.3* (7th Cir. 1956) ("Where a person seeks subrogation to the rights of another..." ... ref does so officiously, he is not entitled to reimbursement from the other)... Insurance Co. Federal Ins. Co., 230 N.J.Eq. 254, 22 A.2d 246, 25.3*34 (Ch. 1941) ("Anyone, being under no legal obligation or liability to pay and having no interest menaced by the continuing existence of the debt, is a stranger, and if he pays the debt a mere volunteer."). | Generally, subrogation applies where a party, not acting voluntarily, but under some compulsion, pays a debt or discharges an obligation for which another is primarily liable and which in equity and good conscience ought to be discharged by the latter. | "Does subrogation apply where a party not acting voluntarily, but under some compulsion, pays debt or discharges an obligation for which another is primarily liable and which in equity and good conscience might be discharged by the latter?" | 044370.docx | LEGALEASE 00125519 LEGALEASE 00125520 | Condensed, SA | 0.83 | | | | 1 | |

155

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 810 | Dep't of Navy v. Egan, 484 U.S. 518 | 393+1393 | The President, after all, is the "Commander in Chief of the Army and Navy of the United States," U.S. Const., Art. II, § 2. His authority to classify and control access to information bearing on national security and to determine whether an individual is sufficiently trustworthy to occupy a position in the Executive Branch that will give that person access to such information flows primarily from this constitutional investment of power in the President and exists quite apart from any explicit congressional grant. U.S.C.A. Const. Art. 2, § 2, cl. 1. | Authority of the President to classify and control access to information bearing on national security, and to determine whether an individual is sufficiently trustworthy to occupy a position in the executive branch that will give that person access to such information, flows primarily from the constitutional investment of power in the President to serve as Commander in Chief and exists apart from any explicit congressional grant. U.S.C.A. Const. Art. 2, § 2, cl. 1. | What is the constitutional premise for the President's oversight of national security information? | 000365.docx | LEGALEASE-00128101 / LEGALEASE-00128102 | 5A, Sub | 0.63 | | | 1 | 1 | |
| 811 | Gray v. Du Llorey, 36 Cal. 195 | 366+15 | No authority has been cited, and we think none can be found, to sustain the proposition that a mortgagor may convey his equity of redemption and pay money due upon a mortgage, and fail to take an assignment, but allow the mortgage to be cancelled and discharged, can by any means come into equity, and in the absence of fraud, accident, or mistake, have the mortgage reinstated and himself substituted in the place of the mortgagee. This is the natural proposition involved in the present case, and are all clear and decided in our opinion that it cannot be maintained, either upon principle or authority. It is true, the plaintiff asks for his money and for no recovery upon the ground both of fraud and mistake; but there is no evidence of the former, and the latter must fail exclusively from a misconception of the law. There was no misapprehension or want of knowledge of the facts, and ignorance begs reminiscence amounts to the rule in equity as well as at law. | A mere stranger, who voluntarily pays off a mortgage, but which fails to take an assignment and allows the mortgage to be canceled and discharged, have the mortgage reinstated and himself substituted in the place of the mortgagee? | "Can a mere stranger, who voluntarily pays off a mortgage, but who fails to take an assignment and allows the mortgage to be canceled and discharged, have the mortgage reinstated and himself substituted in the place of the mortgagee?" | 041097.docx | LEGALEASE-00127950 / LEGALEASE-00127951 | Condensed, 5A | 0.67 | 1 | | | 1 | |
| 812 | Estate of Underwood v. Nat'l Credit Union Admin., 665 A.2d 621 | 413+2084 | The WCA provides a comprehensive scheme for compensating private sector employees for their work-related injuries. It makes the employer liable without fault if the employee's occupational injury or death falls within the scope of the Act, see D.C.Code § 36-303. Grillo v. National Bank of Washington, 540 A.2d 743, 746 (D.C. 1988), but as a quid pro quo for such automatic liability the Act provides the employee's exclusive remedy in administrative remedy "against the employer for injuries within its reach. See D.C. Code § 36-304(a). Grillo, 540 A.2d at 746. The issue, therefore, is whether appellant's emotional distress claim is compensable under the WCA and thus is not eligible for a lawsuit in court. | Worker's Compensation Act makes employer liable without fault if employee's occupational injury or death falls within scope of Act, but as quid pro quo for automatic liability Act provides employee's exclusive remedy against employer for injuries within its reach. D.C.Code 1981, § 36-304(a). | Does the workers compensation act make employer liable without fault if an employees occupational injury or death falls within the scope of the act? | 049873.docx | LEGALEASE-00127402 / LEGALEASE-00127403 | Condensed, 5A, Sub | 0.58 | 1 | 0 | | 1 | |
| 813 | Irigaray & Indus. Dev. Corp. v. Hyduk S. A., 75 Misc. 2d 66 | 307A+501 | The thrust of CPLR 3011, limiting the kinds of pleadings to prevent the interposition of causes of action from considering the motion of duplicative. This is also the function of the CPLR 3213 summary judgment procedure in which the plaintiff can serve the summons and notice of motion for summary judgment in lieu of complaint or equivalent to a complaint and the papers in opposition as an answer; a responsive pleading, for the purpose of terminating the right to a unilateral discontinuance. Moving and answering papers are deemed the complaint and answer and as a basis for the proceedings in the action unless the court orders otherwise. (CPLR 3213.) The court is given discretion to order trial of any issue, and may, where it is necessary for a clarification of the issues where a party has the same remedy in the interest of justice and so forth in the opposing papers. | Can a suit limiting the kinds of pleadings to prevent court from considering a motion to be construed to prevent court from considering a complaint and the papers in opposition as a responsive pleading, for purpose of terminating right to unilateral discontinuance without an order. CPLR 3011, 3213, 3217(a), par. 1. | Can a suit limiting the kinds of pleadings to prevent court from considering the motion of duplicative be construed to prevent court from considering a motion for a summary judgment in lieu of complaint? | Pretrial Procedure - Memo 9194 - C - K.docx | ROSS-003287643-ROSS-003287647 | Condensed, 5A, Sub | 0.62 | 1 | | | 1 | 1 |
| 814 | Whiter v. S. Cal. Edison Co., 25 Cal. App. 4th 442 | 317A+114 | An exception to the general duty rule applicable to a public utility exists, however, in the case of an interruption of service or a failure to provide service in the absence of a contract between the utility and the consumer expressly providing for the furnishing of a service for specific purposes. A public utility owes no duty to a person injured as a result of an interruption of service or a failure to provide service to that person injured by an injured as a result of interruption of service or a failure to provide service to that person. (Langley v. Pacific Gas & Elec. Co., supra, 41 Cal.2d 655, 262 P.2d 846.) The mere fact that the utility has contracted with the consumer to provide service for general purposes, e.g., water or electricity, is not sufficient to create a duty. (Niehaus Bros. Co. v. Contra Costa Etc. Co., supra, 159 Cal. at p. 316, 113 P. 375; cf. Frank v. City of Sacramento Co. (1968) 59 Cal.2d 879, 885; 31 Cal.Rptr. 711, 383 P.2d 1091.) Nor does a duty arise where a public utility contracts with a public utility to provide water for general purpose. (Peake v. Utah Water and Irrigation Co. (1904) 142 Cal. 171, 176, 75 P. 775.) The consumer is not a third party beneficiary of the contract between the public utility and the public utility. (Lucas v. Hamm (1961) 56 Cal.2d 583, 590, 15 Cal.Rptr. 821, 364 P.2d 685; Shell v. Schmidt (1954) 126 Cal.App.2d 279, 290, 272 P.2d 82.) An exception to the general duty rule applicable to a public utility exists, however, in the case of an interruption of service or a failure to provide service in the absence of a contract between the utility and the consumer expressly providing for the furnishing of a service for specific purposes, public utility owes no duty to person injured. (1969) 134 Cal.App.2d 485; 22 Cal.Rptr. 189.) For example, a water company generally owes no duty to person injured. | Exception to general duty rule applicable to public utility exists in case of interruption of service or failure to provide service in absence of contract between utility and consumer expressly providing for furnishing of service for specific purposes, public utility owes no duty to person injured as a result of interruption of service or failure to provide service. Ann.Cal.Civ.Code § 1714. | Does a public utility owe a duty to a person injured as a result of interruption of service or a failure to provide service in the absence of contract? | Public Utilities - Memo 263 - AM_64835.docx | ROSS-003287636-ROSS-003287638 | Condensed, 5A, Sub | 0.81 | 1 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| | | | | | | | | | | 0 | 1 | 1 | 1 | |
| 815 | Wilson v. McNeely, 302 Ga. App. 213 | 307A+746 | In Addison v. Archer, 250 Ga. 182, 188-291, 191 S.E.2d 491 (1972), the Supreme Court addressed "what sanctions should attach to the abandonment of the order of the court directing the parties to agree on a pre trial order. The Addison court overturned a pre trial order that had previously entry by order of the court, and participate in the making of the pre trial order which was finally entered." Id. at 189-290, 191 S.E.2d 892. After recognizing that the trial court must have the power "to impose appropriate sanctions to make effective its pre trial orders," the Supreme Court reasoned that "[a] pretrial may at times be prepared, and the court may use the plaintiff's action may be dismissed or the defendant precluded from introducing evidence at trial, these are too drastic if less harsh sanctions are appropriate." (Emphasis supplied) Id. at 289, 191 S.E.2d 858. | The trial court must have the power to impose appropriate sanctions to make effective its pre trial orders; contempt may at times be proper whereas, in an extreme case, the plaintiff's action may be dismissed or the defendant precluded from introducing evidence at trial, but these are too drastic if less harsh sanctions are appropriate. | Is it within the power of the court to impose appropriate sanctions to make effective the pretrial orders? | 02667.docx | LEGALEASE-00130473-LEGALEASE-00130474 | Condensed, SA | 0.59 | | 1 | | | |
| 816 | Gade v. McGuire, 69 Cal. App. 347 | 371+2076 | Every system of taxation consists of two parts: (1) The elements which enter into the imposition of the tax, and (2) the steps taken for its assessment and collection. The former is a legislative function; the latter is mere machinery. (1 Cooley on Taxation (4th Ed.) vol. 1, 778. The legislative powers include the selection of the property to be taxed, the determination of the basis for the measurement of the tax, and the definition of the purpose for which the tax shall be levied. (4) On the other hand, powers which are not legislative include the power to value property for taxation pursuant to fixed rules, the power to extend, assess, and collect the taxes, and the power to perform any of the numerous details of computation, apportionment, and adjustment. It "may be said there is a general proposition," says the Supreme Court of the United States, "that where a legislature enacts a specific rule for fixing a rate of taxation by which the rate is mathematically deduced from facts and events occurring within the year and stated without reference to other sums involved, there is no abdication of the legislative function, but, on the contrary a direct legislative determination of the rate." Michigan Cent. R. Co. v. Powers, 201 U.S. 245, 297, 26 S. Ct. 459, 50 L. Ed. 744. | Determination of elements entering into imposition of tax, including selection of property to be taxed, determination of basis for measurement of tax, and definition of purpose for which levied, is legislative function, while steps taken for assessment and collection, such as valuation of property pursuant to fixed rules, extension, assessment, and collection of taxes, and details of computation, apportionment, and adjustment, are mere machinery, delegable to other than governmental agencies. | Does every system of taxation consist of a legislative function and a machinery delegable to other than governmental agencies? | Taxation - Memo # 91 - C - SJ.docx | ROSS-003288122-ROSS-003288123 | Condensed, SA | 0.64 | | 1 | | | |
| 817 | Shula v. Estabrook, 185 N.J. Super 91 | 307A+517.1 | As we have said, the resolution of these questions rests within the sound discretion of the trial judge. Mack Auto, supra, 24 N.J. Super. at 258, 181 A.2d 1372. | A motion based on rule regarding voluntary dismissal of a complaint involve three sequential inquiries? | Does a motion based on rule regarding voluntary dismissal of a complaint involve three sequential inquiries? | 02767B.docx | LEGALEASE-00132329-LEGALEASE-00132330 | SA, Sub | 0.61 | | | 1 | | |
| 818 | Gagic v. Jack In The Box Inc., 136 Cal. App. 4th 255 | 307A+517.1 | Code of Civil Procedure section 581 allows a plaintiff to voluntarily dismiss, with or without prejudice, all or any part of an action before the "commencement of trial." (§ 581, subds. (b)(1), (c).) The California Supreme Court stated: "Apart from certain ... statutory exceptions, a plaintiff's right to a voluntary dismissal [under section] 581 appears to be absolute. [Citation.] Upon the proper exercise of that right, a trial court would thereupon lack jurisdiction to enter further orders in the dismissed action." (Wells v. Marina City Properties, Inc. (1981) 29 Cal.3d 781, 784, 176 Cal.Rptr.104, 632 P.2d 217 (Wells).) [Alternatively bracket], voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and statutory attorney fees. (Shapell Industries, Inc. v. Superior Court (2005) 132 Cal.App.4th 1101, 1108, 34 Cal.Rptr.3d 493 (Shapell).) Harris v. Billings (1993) 16 Cal.App.4th 1396, 1405, 20 Cal.Rptr.2d 718 (Harris).) "An order by a court lacking subject matter jurisdiction is void. (Citation.)" (Kyle v. Carmon (1999) 71 Cal.App.4th 901, 909, 84 Cal.Rptr.2d 303 (Kyle).) | "Does a voluntary dismissal of an entire action deprive the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and attorney fees?" | "Does a voluntary dismissal of an entire action deprive the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and attorney fees?" | Pretrial Procedure - Memo 2364 - C - VP.docx | ROSS-003301896-ROSS-003301897 | SA, Sub | 0.82 | | | 1 | | |
| 819 | United States v. Head, 641 F.2d 174 | 63+14 | Head next complains that his proposed instructions regarding campaign contributions were erroneously refused. Defendant's proposal instructions then, (6A BB), which may have misled jury into believing anything demonstrated a "campaign contribution" could not constitute a bribe, was not befitting anything demonstrated a "campaign contribution" could not constitute a bribe. Upon careful review of these instructions given at defendant's request, to an instruction accurately stating the distinction between lawful "goodwill expenditures" and bribes made with criminal intent that the benefit be received by the official as a quid pro quo for some official acts. | Defendant's proposed instruction regarding campaign contributions, which may have misled jury into believing anything demonstrated a "campaign contribution" could not constitute a bribe, was not erroneously refused, however, upon careful, defendant would be entitled, upon proper request, to an instruction accurately stating the distinction between lawful goodwill expenditures and bribes made with criminal intent that the benefit be received by the official as a quid pro quo for some official acts. | In a bribery case is a defendant entitled to a jury instruction stating the distinction between lawful goodwill expenditures and bribes made with criminal intent? | 01142.docx | LEGALEASE-00133350-LEGALEASE-00133351 | Condensed, SA, Sub | 0.28 | | | | 1 | |
| 820 | Alaska Airlines v. Sweat, 568 P.2d 916 | 307A+747.1 | One witness precluded from testifying was Ernest Gillam. Allegedly, Gillam would have rebutted Sweat's statement that he thought Christna was part of Alaska Airlines by testifying that Sweat had demonstrated familiarity with Christna on one occasion while employed by Alaska. Whether a rebuttal witness should be included on a pre trial witness list in the absence of specific provision in the pre trial order should be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial. Therefore, it is questionable whether Sweat's testimony at trial could have been anticipated. The testimony sought to be elicited, however, would at most be impeachment on a collateral issue. The trial court did not abuse its discretion in excluding the witness. | Whether a rebuttal witness should be included on a pretrial witness list in the absence of specific provision in the pretrial order should be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial. | Should the question of whether a rebuttal witness is to be included on a pretrial witness list in the absence of specific provision in the pretrial order be dependent on whether the testimony sought to be rebutted could reasonably have been anticipated prior to trial? | 02705.docx | LEGALEASE-00132640-LEGALEASE-00132641 | Condensed, SA | 0.72 | | 1 | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 821 | In re Sewell, 472 S.W.3d 449 | 307H+486 | Accordingly, where a party moves to withdraw deemed admissions that prevent a particular claim or defense require the party seeking to withdraw to prove that the movant-party's failure to answer the admissions resulted from "'accident or mistake and that permitting the late answer ... Trevino v. Ortega, 969 S.W.2d 950, 959 (Tex. 1998). Thus, although a party moving to withdraw admissions ordinarily must prove the requirements of rule 198.3, when the deemed admissions are merit-preclusive, good cause requires the party to meet the rules by the party seeking the withdrawal. Marino, 355 S.W.3d at 634.3 | Although a party moving to withdraw deemed admissions ordinarily must prove the requirements of rule 198.3, when the deemed admissions are merit-preclusive, good cause for withdrawal exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. Tex. R. Civ. P. 198.3. | "When the deemed admissions are merit-preclusive, does good cause for withdrawal exist absent bad faith or callous disregard of the rules by the party seeking the withdrawal?" | 02781.docx | LEGALEASE 00132484-LEGALEASE 00132485 | SA, Sub | 0.66 | | | 1 | 1 | |
| 822 | Sampson v. Hunt, 233 Kan. 572 | 307A+749.1 | We will first consider the appellants' claim the trial court erred in dismissing with prejudice. If the plaintiff offers no evidence at trial, a nonsuit or involuntary dismissal as to that party is in order. Dismissal as an involuntary nonsuit is proper pursuant to K.S.A. 60-216, it has the full force and effect of other orders of the court and controls the subsequent course of trial unless modified to prevent manifest injustice. Black v. Don Schmid Motor, Inc., 232 Kan. 458, 468, 657 P.2d 517 (1983), and cases cited therein. In Kansas v. State, 654 So.2d 155 (Fla. 4th DCA 1995), we held the trial court's refusal to give an instruction on right-of-way was in error. | When pretrial order is entered by trial court pursuant to rule, it has the full force and effect of other orders of the court, and controls subsequent course of trial unless modified to prevent manifest injustice? K.S.A. 60-216. | "When pretrial order is entered by trial court pursuant to rule, does it have the full force and effect of other orders of the court and controls subsequent course of trial unless modified to prevent manifest injustice?" | 02818.docx | ROSS-003201524-ROSS-003201525 | Condensed, SA, Sub 0.73 | | | | 1 | |
| 823 | Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 598 | 307A+486 | Trial Rule 56(B) provides a defense against the withdrawal of deemed admissions: a showing of prejudice against the opponent of the withdrawal. If the party who has obtained the admission will lose the benefit of the admission; rather, it means that the party has suffered a detriment in the preparation of his case. City of Muncie v. Peters, 709 N.E.2d 50, 55 (Ind.Ct.App.1999) (citation omitted), trans. denied. In other words, the trial court should generally grant a motion to withdraw deemed admissions if a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that it believed was not in issue. For example, prejudice may be shown in instance "where the party obtaining the admission is unable to produce key witnesses or present important evidence | Prejudice contemplated under rule providing defense against withdrawal of deemed admissions on a showing of prejudice against the opponent of the withdrawal relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that it had been deemed admitted. Trial Procedure Rule 56(B). | Does the prejudice contemplated under rule governing withdrawal of admissions relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that had been deemed admitted? | 02818.docx | LEGALEASE 00130106-LEGALEASE 00130109 | Condensed, SA, Sub 0.61 | | | | 1 | |
| 824 | Polansky v. Berenji, 393 S.W.2d 362 | 307A+517.1 | Under Texas Rule of Civil Procedure 161, "[a]t any time before the plaintiff has introducing all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes...." The purpose of a nonsuit is merely to permit the plaintiff, without prejudice, to discontinue a case that is unsatisfactory. The trial court generally has no discretion to refuse to dismiss a suit. University of Tex. Med. Branch at Galveston v. Estate of Darla Blackmon, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). Accordingly, a nonsuit is effective when it is filed; it "extinguishes a case or controversy from "the moment the motion is filed" or an oral motion is made in open court." Id. "[r]enders the merits of the nonsuited case moot." Travelers Ins. v. Joachim, 315 S.W.3d 860, 862 (Tex.2010). Although rule 162 allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after a nonsuit is filed, the rule "does not forestall the nonsuit's effect of rendering the merits of the case moot." University of Tex. Med. Branch, 195 S.W.3d at 100. | Although rule regarding nonsuits allows the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions after nonsuit is filed, the rule does not forestall the nonsuit's effect of rendering the merits of the case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Do the trial procedure rule governing nonsuits permit the trial court to hold hearings and enter orders affecting costs, attorney fees, and sanctions, even after notice of nonsuit is filed, while the court retains plenary power?" | 02837.docx | LEGALEASE 00131078-LEGALEASE 00131079 | SA, Sub | 0.72 | | | 1 | 1 | |
| 825 | Sidaris, State, 777 So.2d 1160 | 307A+517.1 | We agree with petitioners that the voluntary dismissal divested the trial judge of authority to continue with further proceedings on the merits's attorney's motion to show cause. Notwithstanding the voluntary dismissal of its action, which the Gupta House was ever entered. Of course, a voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues. The attorney matters would include in open court "with regard to those motions for which the court of jurisdiction to conclude ancillary matters. See Wells v. State, 654 So.2d 145 (Fla. 3d DCA 1995). | A voluntary dismissal does not divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues such as unresolved contempt of court matters. | "Does a voluntary dismissal divest the court of jurisdiction to conclude ancillary matters involved in the case such as outstanding and unresolved motions for attorney's fees and costs, and similar issues such as unresolved contempt of court matters?" | 02843.docx | LEGALEASE 00134456-LEGALEASE 00134457 | SA, Sub | 0.68 | | | | 1 | |
| 826 | N. River Ins. Co. of New Jersey v. Greene, 824 S.W.2d 697 | 307A+476 | In deciding whether a failure to timely answer was the result of an accident or mistake, courts look to the knowledge and acts of bad faith failure to answer which confers a conscious indifference. Consequently, the party seeking to withdraw the admissions must show the failure to answer was not intentional or the result of conscious indifference, but was the result of an accident or mistake, so that no undue prejudice would result against opposing party. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | In deciding whether failure to timely answer request for admissions was result of accident or mistake, courts look to the knowledge and acts of party claiming that bad faith failure to answer which evinces conscious indifference, and a party may be able to show that the failure to answer was not the result of conscious indifference. | "Will even a slight excuse suffice as a good cause to withdraw or prejudice the opposing party's willful result?" | 02878.docx | LEGALEASE 00134603-LEGALEASE 00134604 | SA, Sub | 0.11 | | | | 1 | |
| 827 | Graco Robotics v. Oaklaw Bank, 934 S.W.2d 633 | 307A+486 | Requested admissions are deemed admitted unless, within thirty days after service of the request to admit, the party to whom the request is directed serves a written answer or objection. Tex.R.Civ. P. 169 (1). The court may permit withdrawal or amendment of the admission if he presentation of the merits of the action will be subserved thereby. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | Can a court permit withdrawal of deemed admission on showing of good cause if it finds that party relying on deemed admission will not be unduly prejudiced and that presentation of merits of action will be subserved thereby? | 02802.docx | LEGALEASE 00134523-LEGALEASE 00134524 | Condensed, SA, Sub 0.37 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |
| 828 | Gen. Motors Corp., Chevrolet Motor Div. v. Aetna Cas. & Sur. Co., 573 N.E.2d 885 | 30 7k446 | Thus the court limits the discretion of a trial court in ruling on a motion to withdraw admissions under I.R. 36(b). The court cannot grant such motion unless it determines both (1) that withdrawal or amendment will subserve the presentation of the merits and (2) that prejudice in maintaining the action or defense will not result to the party obtaining the admission. Even if both of these conditions are satisfied, the rule does not compel the trial court to grant withdrawal or amendment. Rather, the rule states that the court "may" then grant such request. | Rule permitting withdrawal or amendment of deemed admissions does not compel trial court to grant such withdrawal or amendment, even if withdrawal or amendment would subserve presentation of merits and prejudice in maintaining action or defense will not result to party obtaining the admission. Trial Procedure Rules 36, 36(B). | "Does the rule permitting withdrawal or amendment of deemed admissions compel a trial court to grant such withdrawal or amendment, even if withdrawal or amendment would subserve presentation of merits and prejudice in maintaining action or defense will not result to party obtaining the admission?" | 028931.docx | LEGALEASE 00136541 LEGALEASE 00136542 | Condensed, SA, Sub | 0.43 | 0 | 1 | 1 | 1 | 1 |
| 829 | Langdeau v. Monarch Motors, 952 P.2d 1058 | 30 7k446 | Having concluded that the burden falls on the party moving for amendment, we must still deal with the question of just how that burden may be met. Monarch argues that on the basis of Federal court interpretation of the Federal Rules of Civil Procedure, the presentation of the merits of an action is served by remedying admissions where the merits are contested. Clark v. City of Munster, 115 F.R.D. 609, 612 (N.D.Ind.1987) … A party that brings its own admission of the matters admitted against it should suffice to convince the court that presentation of the merits would be served by amendment of its admissions. However, the time to deny admissions is within thirty days of receiving the request for admissions. Once those matters have been admitted against a party, something more than a bare denial is required to convince the court that the admissions should be withdrawn or amended … The test under rule 36(b) may therefore be articulated as follows: To show that a presentation of the merits of an action would be served by the amendment or withdrawal of an admission, the party seeking amendment or withdrawal must (1) show that the matters deemed admitted against it are relevant to the merits of the underlying cause of action, and (2) introduce some evidence by affidavit or otherwise of specific facts indicating that the matters admitted against it is not true. | To show that a presentation of the merits of an action would be served by amendment or withdrawal of an admission made in response to request for admissions, party seeking amendment or withdrawal must (1) show that the matters deemed admitted against it are relevant to the merits of the underlying cause of action, and (2) introduce some evidence by affidavit or otherwise of specific facts indicating that the matters deemed admitted against it is not sufficient. | What should a party seeking amendment or withdrawal show to prove that presentation of the merits of an action would be served by amendment or withdrawal of an admission? | 028973.docx | LEGALEASE 00134711 LEGALEASE 00134712 | SA, Sub | 0.63 | 0 | | 1 | 1 | 1 |
| 830 | Shchers v. City Of Mathews, 265 Va. 462 | 30 7k446 | Several provisions of Rule 4:11 are relevant to this question. Pursuant to Rule 4:11(a), "[e]ach matter of which an admission is requested" is deemed admitted if the party to whom the admission is directed does not serve "upon the party requesting the admissions a written answer or objection addressed to the matter" within 21 days after service of the request. Any matter admitted under the provisions of Rule 4:11 is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Rule 4:11(b). A trial court's discretion to permit withdrawal or amendment of matters admitted is circumscribed by two express requirements set forth in this rule: A [1](b), see American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooks P.C., 930 F.2d 1117, 1119 (5th Cir.1991); Ropfogel v. United States, 8 F.3d 1117, 1119 n.5 (10th Cir.1993). | A trial court's discretion to permit withdrawal or amendment of matters admitted pursuant to requests for admissions must be exercised within the limitations: (1) when the request and the admission fails to timely file answer or objection thereto, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice it in maintaining his action or defense on the merits. Sup.Ct.Rules, Rule 4:11(6). | What are the parameters under which a trial court's discretion to permit withdrawal or amendment of matters admitted pursuant to requests for admissions be exercised? | 029000.docx | LEGALEASE 00133993 LEGALEASE 00133993 | SA, Sub | 0.63 | 0 | | 1 | 1 | 1 |
| 831 | In re Elevation of Marriage of Leverock & Hamby, 23 So. 3d 424 | 30 7k446 | We find that it was unnecessary for the chancellor to question the chancellor was in error for denying the request as being untimely filed. According to Mississippi Rule of Civil Procedure 36(a), a "matter is admitted unless, within thirty days after service of the request ... the party to whom the requests are directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney." Thus, a judge does not have the discretion to deem a matter admitted, because a request is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate. M.R.C.P. 36(a). The trial court, may, however, permit withdrawal or amendment of the admission. Id. Rule 36 is to be applied as written, but "it is not intended to be applied in a procrustean fashion if the Rule 36 sometimes causes harm [in] its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals in appropriate circumstances." DeBlanc v. Stancil, 814 So.2d 796, 802 (¶20) (Miss.2002). | A judge does not have the discretion to deem a matter admitted, because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate? Fla. R. Civ. P. 36(A). | Does a judge have the discretion to deem a matter admitted because a request for admissions is conclusively established upon a party's failure to answer within thirty days, or such time as the judge has determined appropriate? | 029943.docx | LEGALEASE 00135534 LEGALEASE 00135536 | SA, Sub | 0.75 | 0 | | 1 | 1 | 1 |
| 832 | F. W. Woolworth Co. v. Petroleos Mexicanos of Mexico, D.F., 352 Pa. 12 | 22 1k479 | When the Department of State makes known its determination with respect to political matters growing out of our relations to our political matters incidental to relations with a friendly foreign state, is in the duty of the court to abide by the state determination so indicated or created and to refrain from making independent inquiries into the foreign relations. See Republic of Mexico v. Hoffman, 324 U.S. 30, 65 S.Ct. 530, 89 L.Ed. 729; Ex parte Republic of Peru, 318 U.S. 578, 588, 589, 63 S.Ct. 793, 87 L.Ed. 1014; The Navemar, 5 Cir., 102 F.2d 435, 445; Sullivan v. State of Sao Paulo, 2 Cir., 122 F.2d 355, 357, 358. | When a department of state makes its determination with respect to political matters growing out of our relations to our political Governments relations with a friendly foreign state, is it the courts duty to refrain from making independent inquiries into merit of such determination or from taking steps that might embarrass the government in the handling of its foreign relations? | "When a department of state makes its determination with respect to political matters growing out of our relations to our political Governments relations with a friendly foreign state, is it the courts duty to refrain from making independent inquiries into merit of such determination or from taking steps that might embarrass the government in the handling of its foreign relations?" | 028714.docx | LEGALEASE 00135020 LEGALEASE 00135021 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 833 | Zapata v. Universal Care, 107 Cal. App. 4th 1167 | 307A+517.1 | But the right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. (Citations.) Code Civ. Proc. of Civil Procedure section 581 recognizes exceptions to the right, other limitations have evolved through the courts' construction of the term "commencement of trial." These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication..." (Wal., quoting Harris v. Billings (1993) 16 Cal.App.4th 1396, 1402, 20 Cal.Rptr.2d 718.) "Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action" (citation), except for matters such as an attorney's fees. An order by a court lacking subject matter jurisdiction is void." (Kyle v. Carmon (1999) 71 Cal.App.4th 901, 909.) 81 Cal.Rptr.2d 303.) | Exceptions to a plaintiff's right to dismiss action before commencement of trial generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication; upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action, except for matters such as attorney fees. West's Ann.Cal.C.C.P. § 581. | Do exceptions to a plaintiff's right to dismiss action before commencement of trial generally arise where the action has proceeded to a determinative adjudication? | 029316.docx | LEGALEASE 00135330-LEGALEASE 00135331 | Condensed, SA | 0.55 | 0 | | 1 | 1 | 1 |
| 834 | Brochtrup v. Intep, 190 Cal. App. 3d 323 | 307A+483 | Where the party served with a request for admissions fails to respond within 30 days, the proposing party may serve a notice requesting the party with notice that the genuineness of the documents or the truth of the facts attested therein is deemed admitted. Ed. The nonresponding party then has 30 days to move for relief from default. West's Ann.Cal.C.C.P. 84.473, 2013. | Where a party served with a request for admissions fails to respond within 30 days, the proposing party may serve the nonresponse party with a notice that genuineness of documents or truth of facts alleged is deemed admitted." | "Where a party served with a request for admissions fails to respond within 30 days, can the proposing party serve the nonresponse party with a notice that genuineness of documents or truth of facts alleged is deemed admitted?" | 029646.docx | LEGALEASE 00135180-LEGALEASE 00135181 | Condensed, SA, Sub | 0.05 | 0 | | 1 | 1 | |
| 835 | State ex rel. State Corp. Comm'n v. Old Abe Co., 43 N.M. 367 | 371+2001 | "While the mere declaration contained in a statute that it shall be regarded as a tax of a particular character does not make it such if it is apparent that it cannot be so designated consistently with the meaning and effect of the act, nevertheless the declaration of the law-making power is entitled to respect, and in this status the intention is expressly declared to impose a special excise tax with respect to the carrying on or doing business by such corporation, joint stock company or association, or insurance company, it is therefore apparent, giving all the words of the statute effect, that the tax is imposed not upon the franchises of the corporation, or on its property, nor upon the property of the corporation, but upon the doing of corporate or insurance business, and with respect to the carrying on thereof, in a sum equivalent to 1 per centum upon the entire gross income of the business for the year. $5,000 removed from all sources during the year; that is, when imposed in this method it is treated as an excise tax upon the privileges upon the doing of business in a corporate capacity. In the case of the insurance companies, the tax is imposed upon the transaction of such business by companies organized under the laws of the United States or any state or territory, as heretofore stated." | A mere declaration contained in a statute that it shall be regarded as a tax of a particular character does not make it such if it is apparent that it cannot be so designated consistently with the meaning and effect of the act? | 043255.docx | LEGALEASE 00135113-LEGALEASE 00135114 | Condensed, SA | 0.82 | 0 | 1 | 1 | 1 | |
| 836 | Friedman v. Knecht, 248 Cal. App. 2d 455 | 307A+725 | In determining whether the words "related to" the proceeding, we have to keep in mind what the proceedings were: primarily a motion for continuance, with cross-motions to be disqualified of counsel. Although the Penal Code requires motions for continuance to be made "upon affirmative proof in open court" (Pen.Code, § 1050), and the Code of Civil Procedure specifies that such motions, when based on the absence of evidence, be made on affidavits (Code Civ.Proc., § 595.4), they are quite commonly heard in oral representations by counsel, and matters germane to such factual representations by counsel, the matters germane to the court ruling upon all the way from the health of witnesses to the true significance of religious holidays. (Matson v. Jewish Publications, Inc., 54 Cal.2d 643, 647-647.) 7 Cal.Rptr.617, 355 P.2d 243; 87 A.L.R.3d 87.) Plaintiff himself apparently thought it appropriate to place his opposition on "humanitarian" as well as legal grounds. Although the court ruling on a motion for continuance often must determine the substance of the application and not merely its form, this does not change the law to the extent that the information which counsel are able to furnish during a brief, and submission, that such circumstances it is appropriate to extend the counsel for bringing up all the equities in their favor or, for that matter, the inequities which in their view color their opponents position. | Although penal code requires motions for continuance to be made upon affirmative proof in open court and civil code of procedure specifies that such motions, when based on absence of evidence, be made on affidavits, they are quite commonly heard in oral representations by counsel, and matters germane to such factual representations by counsel, are relevant to the true significance of religious holidays. West's Ann.Pen.Code, § 1050; West's Ann.Code Civ.Proc. 595.4. | Does law require motions for continuance to be made upon affirmative proof in open court? | 031466.docx | LEGALEASE 00137043-LEGALEASE 00137044 | Condensed, SA, Sub | 0.64 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,973 | 22,876 | 9,079 |
| 837 | People v. Alonzo, 71 N.Y.2d 633 | 63+1(1) | Before a public servant may be convicted of the bribe receiving, the second degree, there must be proof of a corrupt agreement, and State must establish that defendant solicited, accepted or agreed to accept a benefit "upon an agreement or understanding" that his conduct would be influenced by the benefit (People v. Law former * 200.10; see also, People v. Charles, 61 N.Y.2d 321, 473 N.Y.S.2d 941, 462 N.E.2d 118). Thus, it was not enough for the People to prove defendant issued a false certificate to Fabis and that he received $100 from him. The essence of the crime was not the issuing of the license or the receipt of the money; it was the making of one in exchange for the other. Thus, defendant's mental state was directly in issue because the People had to establish that defendant knew at the time he issued the license that he was doing so in exchange for a bribe that he later took the money knowing it was paid for that purpose. The point is illustrated by comparing bribe receiving, which involves accepting a reward in exchange for performing an official act, with the lesser offense of receiving a reward for official misconduct (Penal Law 200.25) which involves accepting a reward for past official misconduct. Reward receiving is criminal although there misconduct is upon a understanding that it can be rewarded later. Thus, unless the People prove a corrupt bargain existed at the time defendant issued the false certificate to Fabis, he could be guilty at most of receiving a reward. This defines how the time when the defendant had issued late documents for Fabis in the past helped to prove that the two were made in exchange when Fabis later approached defendant and asked, "Charlie, can I get this one done here," he helped to prove that... | Before a public servant may be convicted of the bribe receiving in the second degree, there must be proof of a corrupt agreement, and State must establish that defendant solicited, accepted or agreed to accept a benefit "upon an agreement or understanding" that his conduct would be influenced by that benefit. McKinney's Penal Law § 200.10 (now § 200.11). | What must be proved in order to establish that a public servant was involved in a corrupt agreement for purposes of a conviction of bribe receiving in the second degree? | Bribery - Memo #527 C.LB.docx | ROS55550010644-ROS5-010330648 | SA, Sub | 0.87 | 0 | 1 | 1 | 1 | |
| 838 | Reala v. Harvey, 347 Idaho 164 | 307A+481 | 18-C.P. 17(c) states in relevant part that if a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admission thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the party to pay the reasonable expenses incurred in making that proof, including reasonable attorney fees. The court shall make the order unless it finds that ... the party failing to admit had reasonable ground to believe that the party might prevail on the matter... | Rule that party requesting admissions may apply to court for order requiring the other party to pay reasonable expenses incurred in making that proof, including reasonable attorney fees, unless exception applies, and whether the exception applies is committed to the court's sound discretion of the district court. Rules Civ.Proc., Rule 37(c). | To the rule that party requesting admissions may apply to court for order requiring the other party to pay reasonable expenses incurred in making that proof, including reasonable attorney fees, mandatory? | 010315.docx | LEGALEASE 00137290-LEGALEASE 00137291 | Condensed, SA | 0.44 | 0 | 0 | 1 | | |
| 839 | Raulerson v. Finney, 280 So. 2d 444 | 307A+531 | In the case at bar, it is apparent that the trial court has taken a "short cut" in attempting to expedite the progress of this case. While there can be no quarrel with the court's purpose, we must hold that the procedure is not permitted under the law that is best case of the discovery procedures afford an opportunity to respond, the rules obviously do not call for the unqualified production of every statement without regard for need, and they contain provisions for protection against the production of documents or portions thereof which contain "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation". The purpose of the rules will be best accomplished by following the prescribed procedure. We do not imply that the procedure cannot be varied by agreement or when the peculiar facts of a case require a change in procedure. However, as the case at bar indicates, where there is an apparent need for the proofs and protections set forth in the rules, then the rules must be followed. Accordingly, the petition for writ of certiorari is granted and the order directing the entry of the matter as reflected above is quashed. Of course, our action is without prejudice to the respondent to further proceed ... | While rules relating to discovery provide for request and opportunity to respond, they obviously do not call for unqualified production of every statement without regard to the unqualified production of every statement without regard to need? | 010315.docx | LEGALEASE 00137481-LEGALEASE 00137482 | Condensed, SA, Sub 0.76 | | 0 | 1 | 1 | 1 | |
| 840 | Estate of Depperro, Awerki Grp., 900 So. 2d 637 | 115+151 | * 768.72(1), Fla. Stat. (1999) (emphasis added),it was also Fla. R. Civ. P. 1.190. Because the amount of an award may be a pittance to a wealthy defendant or compensatory in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. See King, 698 So.2d 518 (Fla 1995). | Although the punitive damages pleading statute is procedural in nature, it also provides a substantive right to parties not to be subjected to a punitive damages claim and attendant discovery of financial worth until the requisite showing under the statute has been made to the trial court. F.S.1999, § 768.72. | Although the punitive damages pleading statute is procedural in nature, does it also provide a substantive right to parties not to be subjected to a punitive damages claim? | 011248.docx | LEGALEASE 00137201-LEGALEASE 00137202 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 841 | City of Ashland v. Ashland Salvage, 271 Neb. 362 | 307A+486 | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Schwarz v. Platte Valley Exterminating, 258 Neb. 841, 606 N.W.2d 85 (2000); Wibbels v. Unick, 229 Neb. 184, 426 N.W.2d 244 (1988). We have recognized that rule 36 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a request for admission. Id.; Mason State Bank v. Sekutera, 236 Neb. 361, 461 N.W.2d 517 (1990). We have noted, however, that rule 36 is not self-executing. Thus, a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence. Schwarz v. Platte Valley Exterminating, supra; Wibbels v. Unick, supra. If the necessary foundational requirements are met and no motion is sustained to withdraw an admission, a trial court is obligated to give effect to the provisions of rule 36. Schwarz v. Platte Valley Exterminating, supra. The city followed the indicated procedures in this case. | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | "Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission?" | Pretrial Procedure - Memo # 4705 - C - AP.docx | ROSS-003332181-ROSS-003332182 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 842 | Patton Boggs LLP v. Moseley, 394 S.W.3d 565 | 307A+122 | We agree with this contention by Patton Boggs. If a petitioner requests a deposition to investigate a potential claim under rule 202.1(b), the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. See Tex.R. Civ. P. 202.4(a)(2); see In re Jorden, 249 S.W.3d 416, 423 (Tex.2008) ("Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are. Accordingly, presuit depositions are available under Rule 202 only if a trial court makes one of the two findings [under rule 202.4(a) ] ...."); see also In re Does 1 and 2, 337 S.W.3d 862, 865 (Tex.2011) (trial court must expressly make the required findings under rule 202.4; rule 202.4 does not permit the findings to be implied from support in the record); In re Denton, No. 10"08"00255"CV, 2009 WL 471524, at (Tex.App.-Waco Feb. 25, 2009, orig. proceeding) (mem. op.) (if petitioner requests a deposition to investigate a potential claim under rule 202.1(b), trial court must find the likely benefit of allowing petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure). | If a petitioner requests a pre-suit deposition to investigate a potential claim, the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure, if the trial court has not found that allowing the requested deposition may prevent a failure or delay of justice in an anticipated suit. Vernon's Ann.Texas Rules Civ.Proc., Rules 202.1(b), 202.4(a)(1, 2). | "When the petitioner requests a deposition to investigate a potential claim, should the trial court find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure?" | 031411.docx | LEGALEASE-00137672-LEGALEASE-00137673 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 843 | Wagner v. Carex Investigations & Sec. Inc., 93 Nev. 627 | 307A+483 | The sanction for failure to serve timely answers or objections to requests for admissions is that all matters in the request are deemed admitted. N.R.C.P. 36(a), supra, f. 2. It is settled in this jurisdiction that such admissions may properly serve as the basis for summary judgment against the party who has failed to serve a timely response. Graham v. Carson-Tahoe Hosp., 91 Nev. 609, 540 P.2d 105 (1975). Relief is discretionary with the district court. Western Mercury, Inc. v. Rix Co., 84 Nev. 218, 222, 438 P.2d 792, 794 (1968). | Matters deemed admitted as result of failure to serve timely answers or objections to requests for admissions may properly serve as basis for summary judgment against party who has failed to serve timely response and relief from motion to vacate summary judgment is discretionary with district court. NRCP 36(a, b). | Can the matters deemed admitted as a result of failure to serve timely answers or objections to requests for admissions properly serve as a basis for a summary judgment against a party who has failed to serve timely response and relief? | Pretrial Procedure - Memo # 4735 - C - AP.docx | ROSS-003291111-ROSS-003291112 | Condensed, SA | 0.41 | 0 | 1 | 0 | 1 | |
| 844 | Ferraro v. Zurcher, 12 N.J. Super. 231 | 413+771 | Petitioner's own testimony unquestionably stands as substantially impeached and, to the extent his medical witnesses based their opinions on his exaggerated subjective symptoms, those opinions, of course, cannot be unqualifiedly accepted, The Compensation Act, however, "provides social insurance in The common interest as well as the interest of the workman," Nagy v. Ford Motor Co., supra, and does not sanction punishment of exaggeration or indeed misrepresentation by denial of proper compensation for a disability otherwise sustained by the proofs. | The compensation act provides social insurance in common interest as well as interest of workmen, and does not sanction punishment of exaggeration or misrepresentations by denial of proper compensations for disability otherwise sustained by proofs. | "Does the compensation act provide social insurance in common interest as well as the interest of workmen, and does it sanction punishment of exaggeration or misrepresentations by denial of proper compensations for disability otherwise sustained by proofs?" | 047926.docx | LEGALEASE-00137235-LEGALEASE-00137237 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 845 | Trachtenberg v. Failedmessiah.com, 43 F. Supp. 3d 198 | 307A+36.1 | Finally, plaintiff's request for limited discovery jurisdictional discovery under C.P.L.R. " 3211(d) is unwarranted. If a plaintiff makes a "sufficient start" toward meeting her jurisdictional burden, a district court has discretion to grant her limited jurisdictional discovery "to prove other contacts and activities of the defendant in New York as might confer jurisdiction." Peterson v. Spartan Indus., Inc., 33 N.Y.2d 463, 467, 310 N.E.2d 513, 515, 354 N.Y.S.2d 905, 908 (1974). For instance, one recent decision allowed such discovery when defendant conceded that he had physically conducted research in New York, as it was necessary to determine whether the extent of the research exceeded the minimum threshold established in SPCA. See Biro v. Nast, 11 Civ. 4442, 2012 WL 3262770, at (S.D.N.Y. Aug. 10, 2012). Here, however, plaintiff has a problem of kind, not degree"she needs new jurisdictional theories, not more evidence substantiating the theories she has already advanced. Even the best evidence she could get in further discovery (an affidavit from defendant admitting he intended his article to be read by the New York Orthodox Jewish community, relied on a New York source, used Webcrims, and had an ongoing contractual relationship with KelseyMedia) would make no difference in the jurisdictional outcome for the reasons already discussed. | If a plaintiff makes a sufficient start toward meeting her jurisdictional burden, a court has discretion to grant her limited jurisdictional discovery to prove other contacts and activities of the defendant in New York as might confer jurisdiction. N.Y.McKinney's CPLR 3211(d). | "If a plaintiff makes a sufficient start toward meeting her jurisdictional burden, does a court have discretion to grant her limited jurisdictional discovery to prove other contacts?" | Pretrial Procedure - Memo # 4507 - C - DHA.docx | ROSS-003291058-ROSS-003291060 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 846 | Loveall v. Am. Honda Motor Co., 694 S.W.2d 937 | 307A+36.1 | The decision whether or not to issue a protective order lies within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion. Centurion Industries, Inc. v. Warren Steurer and Associates, 665 F.2d 323, 326 (10th Cir.1981). Trade secrets and other confidential commercial information enjoy no privilege from disclosure, although courts may choose to protect such information for good cause shown. United States v. International Business Machines Corp., 67 F.R.D. 40, 42 n. 1 (S.D.N.Y.1975). To show good cause under Rule 26 (c), the moving party must demonstrate specific examples of harm and not mere conclusory allegations. 8 Wright & Miller, Federal Practice and Procedure 2035, p. 265 (1970).When confidential commercial information is involved, this standard requires a showing that disclosure will result in a clearly defined and very serious injury to the company business, United States v. Exxon Corp. 94 F.R.D. 250, 251 (D.C.1981), or, stated differently, great competitive disadvantage and irreparable harm. Essex Wire Corp. v. Eastern Electric Sales Co., 48 F.R.D. 308, 310 (E.D.Pa.1969). | Showing good cause to protect confidential commercial information from discovery requires showing that disclosure would result in a clearly defined and very serious injury to the disclosing company's business or great competitive disadvantage and irreparable harm. Rules Civ.Proc., Rule 26.03; Fed.Rules Civ.Proc.Rule 26(c), 28 U.S.C.A. | Does showing of good cause to protect confidential commercial information requires a showing that disclosure will result in a clearly defined and very serious injury to the company business? | 031625.docx | LEGALEASE-00138397-LEGALEASE-00138398 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 847 | Randall Elec. v. State, 150 A.D.2d 875 | 307A+36.1 | 1 We affirm. Initially, we note that the Court of Claims has broad discretion in supervising discovery in order to prevent harassment and abuse (see, Stambovsky v. Reiner, 145 A.D.2d 309, 534 N.Y.S.2d 977; see also, Watts v. Peekskill Bell, 147 A.D.2d 838, 537 N.Y.S.2d 935), and our inquiry is limited to whether the Court of Claims abused its discretion (see, Hirschfeld v. Hirschfeld, 69 N.Y.2d 842, 844, 514 N.Y.S.2d 704, 507 N.E.2d 297; Stambovsky v. Reiner, supra). In our view, the Court of Claims acted within its discretion in determining that the State had met its burden of establishing that the material was immune from disclosure (see, Koump v. Smith, 25 N.Y.2d 287, 294, 303 N.Y.S.2d 858, 250 N.E.2d 857). As was stated in Crow"Crimmins Wolff & Munier v. County of Westchester, 126 A.D.2d 696, 697, 511 N.Y.S.2d 117:Admissions of fact explicitly or implicitly made "without prejudice" during settlement negotiations are protected from discovery pursuant to the public policy of encouraging and facilitating settlement (see, White v. Old Dominion S.S. Co., 102 N.Y. 661, 662, 6 N.E. 289). Actions taken and observations made for the stated purpose of arriving at a settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in a mutual attempt to reach a settlement, should likewise generally be protected by the same public policy of encouraging attempts at settlement. | Actions taken and observations made for stated purpose of arriving at settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in mutual attempt to reach settlement, should generally be protected from discovery by public policy encouraging attempts at settlement. | Are actions taken in observations made for stated purpose of arriving at a settlement agreement subject to discovery when actions would not have been accomplished except in a neutral attempt to reach a settlement? | Pretrial Procedure - Memo # 5081 - C - ES.docx | ROSS-003317872-ROSS-003317873 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 848 | Kaynar Mfg. Co. v. Superior Court In & For Los Angeles Cty., 141 Cal. App. 2d 547 | 307A+403 | In order that a party to an action may, pursuant to section 1000, Code of Civil Procedure, have the right to inspect books of account or documents, he must (1) show that the person against whom the order is sought has the writings to be inspected in his possession or under his control; (2) identify the writings desired; and (3) clearly show that they contain competent an admissible evidence which is material to the issues to be tried.Milton Kauffman, Inc., v. Superior Court, 94 Cal.App.2d 8, 15, 210 P.2d 88, and cases there cited. | In order that a party to an action may, pursuant to Code of Civil Procedure section, have right to inspect books of account or documents, he must (1) show that person against whom the order is sought has the writings to be inspected in his possession or under his control; (2) identify writings desired; and (3) clearly show that they contain competent and admissible evidence which is material to the issues to be tried. West's Ann.Code Civ.Proc. S 1000. | "In order to be entitled for an inspection of documents, should it be shown that they are in the possession of the adverse party?" | 027288.docx | LEGALEASE-00139233-LEGALEASE-00139234 | Condensed, SA, Sub | 0.15 | 0 | 1 | 1 | 1 | 1 |
| 849 | Moseley v. Behringer, 184 S.W.3d 829 | 307A+508 | The granting of a nonsuit is a ministerial act. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982) (orig.proceeding) (interpreting rule 164, rule 162's predecessor, and granting mandamus relief). "A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative relief." Id. A trial court therefore has no discretion but to grant the nonsuit unless the defendant has previously sought affirmative relief. Id.; see also In re Martinez, 77 S.W.3d 462, 464 (Tex.App.-Corpus Christi 2002, orig. proceeding); In re Bridges, 28 S.W.3d 191, 195 (Tex.App.-Fort Worth, 2000, orig. proceeding)."[I]n the ordinary case, absent special statutory provisions, a plaintiff has an absolute right to take a nonsuit." Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex.1991) (orig.proceeding). | The granting of a nonsuit is a ministerial act; plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless defendant has, prior to that time, filed pleadings seeking affirmative relief, and, thus, trial court has no discretion but to grant the nonsuit unless defendant has previously sought affirmative relief. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a plaintiff's right to dismiss the suit exist from the moment a written motion is filed or an oral motion is made in open court? | Pretrial Procedure - Memo # 5213 - C - NC.docx | LEGALEASE-00029087-LEGALEASE-00029088 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 850 | Fight Against Brownsburg Annexation v. Town of Brownsburg, 32 N.E.3d 798 | 307A+554 | The standard of appellate review for Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court. GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind.2001). If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Id. Under those circumstances no deference is afforded the trial court's conclusion because "appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." Id. (quoting Bader v. Johnson, 732 N.E.2d 1212, 1216 (Ind.2000)). Thus, we review de novo a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where, as here, the facts before the trial court are undisputed. Id. As a general proposition, the party challenging subject matter jurisdiction carries the burden of establishing that jurisdiction does not exist. Id. at 404. | If facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then question of subject matter jurisdiction is purely one of law; under those circumstances, no deference is afforded trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. Trial Procedure Rule 12(B)(1). | "f facts before trial court on motion to dismiss for lack of subject matter jurisdiction are not in dispute, then is the question of subject matter jurisdiction purely one of law?" | Pretrial Procedure - Memo # 5605 - C - BP.docx | LEGALEASE-00029464-LEGALEASE-00029465 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 851 | Lewis v. Clarke, 320 Conn. 706 | 307A+554 | If the trial court decides the motion "on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light.... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.... | If the trial court decides the motion to dismiss for lack of subject matter jurisdiction on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light; a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Practice Book 1998, S 10-31(a)(1). | "If the trial court decides the motion to dismiss for lack of subject matter jurisdiction on the basis of the complaint alone, must it consider the allegations of the complaint in their most favorable light?" | 032799.docx | LEGALEASE-00139683-LEGALEASE-00139684 | Condensed, SA, Sub | 0.15 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 852 | Grudt v. City of Los Angeles, 2 Cal. 3d 575 | 307A+749.1 | We note at the outset that whether acts or omissions of Kilgo and Rinehart constituted negligence was an issue properly raised before the trial court. While it is conceded that plaintiff's complaint alleged only that the officers intentionally and wrongfully killed decedent and did not allege negligence on the part of the officers, the pretrial conference order filed in the case recited the negligence of the officers as an issue to be tried. When filed, the pretrial conference order becomes a part of the record in the case and, even though inconsistent with the pleadings, controls the subsequent course of the case unless modified at or before trial to prevent manifest injustice. (Cal. Rules of Court, rule 216; see also K. King and G. Shuler Corp. v. King (1968) 259 Cal.App.2d 383, 394, 66 Cal.Rptr. 330; Hurd v. Paquin (1964) 229 Cal.App.2d 634, 636, 40 Cal.Rptr. 524; Aero Bolt & Screw Co. of California, Inc. v. Iaia (1960) 180 Cal.App.2d 728, 743, 5 Cal.Rptr. 53.). | When filed, pretrial conference order becomes part of the record in the case and, even though inconsistent with the pleadings, controls subsequent course of the case, unless modified at or before trial to prevent manifest injustice. Cal.Rules of Court, rule 216. | "Does pretrial conference order become a part of a case, even though inconsistent with the pleadings, and control a subsequent course of the case, unless modified at or before trial?" | 027926.docx | LEGALEASE-00140121-LEGALEASE-00140122 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 853 | Koken v. One Beacon Ins. Co., 911 A.2d 1021 | 307A+36.1 | To obtain discovery in support of a claim of selective prosecution, evidence tending to show the existence of the essential elements of the defense, "discriminatory effect and discriminatory intent," must be produced.United States v. Armstrong, 517 U.S. 456, 468, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). OneBeacon contends, "Legion paid out approximately $90 to $100 million and likely millions more, during a time when the Liquidator alleges that Legion was actually insolvent, raises a substantial question as to why she has chosen to selectively prosecute her preference action against OneBeacon for $6.5 million and has apparently chosen not to pursue this far larger pot of money." (OneBeacon Br. at 17.) In further support of this alleged "evidence," OneBeacon states that, to its knowledge, "no statutory liquidator in the Commonwealth of Pennsylvania has previously attempted to void a settlement of the type at issue in this case." (OneBeacon Br. at 16.) | To obtain discovery in support of a claim of selective prosecution by an agency, evidence tending to show the existence of the essential elements of the defense, "discriminatory effect" and "discriminatory intent," must be produced. | "To obtain discovery in support of a claim of selective prosecution by an agency, must evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent, be produced?" | 032735.docx | LEGALEASE-00139695-LEGALEASE-00139696 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 854 | Whitcraft v. Runyon, 123 A.D.3d 811 | 307A+554 | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211(a)(8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court (see Weitz v. Weitz, 85 A.D.3d 1153, 926 N.Y.S.2d 305; Cornely v. Dynamic HVAC Supply, LLC, 44 A.D.3d 986, 845 N.Y.S.2d 797). Here, accepting as true the allegations set forth in the complaint and in the plaintiff's opposition papers, and according the plaintiff the benefit of every favorable inference (see Weitz v. Weitz, 85 A.D.3d at 1153"1154, 926 N.Y.S.2d 305), the plaintiff failed to meet her prima facie burden. The nature and quality of the defendant's alleged contacts with New York do not demonstrate that he purposefully transacted business within this state (see Daniel B. Katz & Assoc. Corp. v. Midland Rushmore, LLC, 90 A.D.3d 977, 937 N.Y.S.2d 236; Kimco Exch. Place Corp. v. Thomas Benz, Inc., 34 A.D.3d 433, 434, 824 N.Y.S.2d 353). | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | "To defeat a motion to dismiss a complaint, should a plaintiff make a prima facie showing that the defendant is subject to personal jurisdiction of a court?" | 033388.docx | LEGALEASE-00140700-LEGALEASE-00140701 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 855 | Salazar v. Scotts Bluff County, 665 N.W.2d 659 | 307A+485 | A hearing on a motion for expenses pursuant to rule 37(c) is a legal proceeding entirely separate from the underlying proceedings concerning the merits of the case. Kaminski v. Bass, 252 Neb. 760, 567 N.W.2d 118 (1997). The appellate court reviewing a decision on a motion for expenses is to concern itself solely with the evidence established and produced at that hearing. Id. [The determination of an appropriate sanction under rule 37 rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. Id. Once the party making a motion for sanctions proves the truth of the matter previously denied and that reasonable expenses were incurred in doing so, the burden then shifts to the nonmoving party to prove, by a preponderance of the evidence, one of the four exceptions enumerated in the discovery rule. Id. | Once the party making a motion for sanctions under discovery rule, which allows a party to recover expenses associated with proving the genuineness of a matter which a party failed to admit to in requests for admission, proves the truth of the matter previously denied and that reasonable expenses were incurred in doing so, the burden then shifts to the nonmoving party to prove, by a preponderance of the evidence, one of the four exceptions enumerated in the discovery rule. Discovery Rule 37(c). | Does a party making a motion for discovery sanctions have the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so? | 030638.docx | LEGALEASE-00141280-LEGALEASE-00141281 | Condensed, SA, Sub | 0.42 | 0 | 1 | 1 | 1 | 1 |
| 856 | Waites v. Sondock, 561 S.W.2d 772 | 307A+712 | We agree with the conclusions of these courts insofar as their decisions deal with the constitutionality of mandatory legislative continuances when the non-moving party faces irreparable harm. At the same time we reiterate the limited nature of our holding: a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay. In cases of this type the trial court has a duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious the court should deny the continuance. | Legislative continuance is mandatory except in those cases in which party opposing continuance alleges that substantial existing right will be defeated or abridged by delay; in cases of this type, trial court has duty to conduct hearing on such allegations, and if allegations are shown to be meritorious court should deny continuance. Vernon's Ann.Civ.St. art. 2168a. | Is legislative continuance mandatory except in those cases in which a party opposing continuance alleges that a substantial existing right will be defeated or abridged by delay? | Pretrial Procedure - Memo # 4282 - C - ES.docx | ROSS-003316337 | Condensed, SA, Sub | 0.41 | 0 | 1 | 1 | 1 | 1 |
| 857 | Randall Elec. v. State, 150 A.D.2d 875 | 307A+36.1 | Admissions of fact explicitly or implicitly made "without prejudice" during settlement negotiations are protected from discovery pursuant to the public policy of encouraging and facilitating settlement (see, White v. Old Dominion S.S. Co., 102 N.Y. 661, 662, 6 N.E. 289). Actions taken and observations made for the stated purpose of arriving at a settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in a mutual attempt to reach a settlement, should likewise generally be protected by the same public policy of encouraging attempts at settlement. | Actions taken and observations made for stated purpose of arriving at settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in mutual attempt to reach settlement, should generally be protected from discovery by public policy encouraging attempts at settlement. | Should actions taken and observations made for stated purpose of arriving at settlement agreement be protected from discovery by public policy encouraging attempts at settlement? | 032153.docx | LEGALEASE-00141378-LEGALEASE-00141379 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 858 | Bucchere v. Brinker Int'l, 49 Conn. Supp. 441 | 307A+554 | A motion to dismiss requires a two part inquiry. "The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements are met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., 236 Conn. 602, 606, 674 A.2d 426 (1996). | A motion to dismiss for lack of personal jurisdiction requires a two-part inquiry; the trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant, and if the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. U.S.C.A. Const.Amend. 14.; C.G.S.A. S 33-929. | Does a motion to dismiss for lack of personal jurisdiction require a two-part inquiry? | 033307.docx | LEGALEASE-00140790-LEGALEASE-00140791 | SA, Sub | 0.08 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 859 | Staats v. McKinnon, 206 S.W.3d 532 | 307A+554 | The process used to consider a "facial" challenge to a court's subject matter jurisdiction resembles the method for deciding motions to dismiss for failure to state a claim upon which relief can be granted. Jetform Corp. v. Unisys Corp., 11 F.Supp.2d 788, 789 (E.D.Va.1998); Avellino v. Herron, 991 F.Supp. 722, 725 (E.D.Pa.1997). A facial challenge makes war on the complaint itself. It asserts that the complaint, considered from top to bottom, fails to allege facts that show that the court has power to hear the case. See, e.g., Crawford v. United States Dep't of Justice, 123 F.Supp.2d 1012, 1013"14 (S.D.Miss.2000). In deciding a facial challenge, the court considers the impugned pleading and nothing else. Laird v. Ramirez, 884 F.Supp. 1265, 1272 (N.D.Iowa 1995); Ensign"Bickford Co. v. ICI Explosives USA, Inc., 817 F.Supp. 1018, 1023 (D.Conn.1993). If a complaint attacked on its face competently alleges any facts which, if true, would establish grounds for subject matter jurisdiction, the court must uncritically accept those facts, end its inquiry, and deny the dismissal motion. Great Lakes Educ. Consultants v. Fed. Emergency Mgmt. Agency, 582 F.Supp. 193, 194 (W.D.Mich.1984). | If a complaint attacked on its face competently alleges any facts which, if true, would establish grounds for subject matter jurisdiction, the court must uncritically accept those facts, end its inquiry, and deny the dismissal motion. | "When a complaint challenged on subject matter jurisdiction, on its face competently alleges any facts which, if true, would establish grounds for subject matter jurisdiction, should the court uncritically accept those facts?" | 033408.docx | LEGALEASE-00141577-LEGALEASE-00141578 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 860 | Estate of Rose, 465 Pa. 53 | 220+3003 | The federal and state governments may generally tax the same subject matter at the same time and neither the United States nor the state, in determining the amount of tax due to it, is under constitutional obligation to make any allowance on account of the tax of the other. Frick v. Pennsylvania, 268 U.S. 473, 499, 500, 45 S.Ct. 603, 69 L.Ed. 1058 (1925), Affirming in part, Frick Estate, 277 Pa. 242, 121 A. 35 (1923). | Federal and state governments may generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other. | "Can federal and state governments generally tax same subject matter at same time and neither the United States nor the state, in determining amount of tax due it, is under constitutional obligation to make any allowance on account of tax of the other?" | 045511.docx | LEGALEASE-00141777-LEGALEASE-00141778 | Condensed, SA | 0.4 | 0 | 1 | 0 | 1 | |
| 861 | Krogmann v. United States, 225 F.2d 220 | 63+1(1) | However, the statute refers to the "decision or action" of the Government employee, and is applicable to a situation where the advice and recommendation of the Government employee involved would be influential in securing the decision desired by the persons offering the bribe, even though the employee did not have the authority to make the final decision. Rembrandt v. United States, 6 Cir., 281 F. 122; Browne v. United States, 6 Cir., 290 F. 879; Cohen v. United States, 6 Cir.,294 F. 488; Hurley v. United States, 4 Cir., 192 F.2d 297. The evidence was sufficient to show the necessary authority in Krueger to make a recommendation favorable to appellants in the disposal of surplus property at the Oak Ridge plant, and that the appellants intended to influence his "action" in disposing of such property. | Under statute prohibiting the offering of any money to any employee of United States with intent to influence his decision on any matter pending before him in official capacity, the crux of offense is intent to influence an official decision of person acting for government in his official capacity and statute is applicable to a situation where advice and recommendation of government official involved would be influential in securing decision desired by person offering bribe, even though official did not have authority to make the final decision. 18 U.S.C.A. S 201. | Is the bribery statute applicable to a situation where advice and recommendation of government official involved would be influential in securing decision desired by person offering bribe? | 012172.docx | LEGALEASE-00142409-LEGALEASE-00142410 | Condensed, SA, Sub | 0.3 | 0 | 1 | 1 | 1 | 1 |
| 862 | Owens v. Thomae, 759 So. 2d 1117 | 307A+723.1 | When a Rule 56(f) continuance is requested, the trial court, "if it finds the reasons offered to be sufficient", has the discretion to "postpone consideration of the motion for summary judgment and order among other things that discovery be completed." Prescott, supra. This Court has noted on several occasions that "[t]he rule itself contemplates that the completion of discovery is, in some instances, desirable before the court can determine whether there is a genuine issue of material fact." Marx v. Truck Renting & Leasing Ass'n, Inc., 520 So.2d 1333, 1343 (Miss.1987) (citing Smith v. H.C. Bailey Cos., 477 So.2d 224, 232 (Miss.1985)). "Justice is served," the Court stated in Cunningham v. Lanier, 555 So.2d 685, 686 (Miss.1989), "when a fair opportunity to oppose a motion is provided"because consideration of a motion for summary judgment requires a careful review by the trial court of all pertinent evidence in a light most favorable to the nonmovant." (emphasis in original). | When continuance is requested to permit discovery in support of opposition to motion for summary judgment, the trial court, if it finds the reasons offered to be sufficient, has the discretion to postpone consideration of the motion for summary judgment and order among other things that discovery be completed. Rules Civ.Proc., Rule 56(f). | "Does the trial court, if it finds the reasons offered to be sufficient, have the discretion to postpone consideration of the motion for summary judgment and order among other things that discovery be completed?" | Pretrial Procedure - Memo # 4249 - C - NS.docx | ROSS-003291230-ROSS-003291231 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 863 | Nichols v. Muskingum Coll., 318 F.3d 674 | 170A+1835 | When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits. Rogers v. Stratton Industries, 798 F.2d 913, 916 (6th Cir.1986). However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. Jones, 175 F.3d at 413. | In reviewing a motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavit; however, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true. Fed.Rules Civ.Proc.Rule 12(b)(1), 28 U.S.C.A. | May a court consider evidence outside the pleadings in resolving a motion to dismiss for lack of subject matter jurisdiction? | 033426.docx | LEGALEASE-00142754-LEGALEASE-00142755 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 864 | Palmer v. Hofman, 745 N.W.2d 745 | 307A+560 | Rule 1.302 (5) "requires service within ninety days and requires the plaintiff to take affirmative action to obtain an extension or directions from the court if service cannot be accomplished." Meier v. Senecaut, 641 N.W.2d 532, 543 (Iowa 2002) (emphasis added). When there is no service within ninety days and no order extending the time for service, the delay is presumptively abusive. Id. at 542. Once a determination of good cause has been accepted or rejected, the district court has no discretion and is required to either extend the time for service for an appropriate period or dismiss the action without prejudice.Id. at 541-42. The sole issue before this court is whether substantial evidence supports the district court conclusion that Palmer demonstrated good cause for the delay in service. Id. | Once a determination of good cause has been accepted or rejected for the failure of a plaintiff to serve within 90 days the party against whom the action has been filed, the district court has no discretion and is required to either extend the time for service for an appropriate period or dismiss the action without prejudice. I.C.A. Rule 1.302(5). | Does the district court have no discretion to either extend the time for service for an appropriate period or dismiss the action without prejudice once a determination of good cause has been accepted or rejected? | 033734.docx | LEGALEASE-00143142-LEGALEASE-00143143 | Condensed, SA, Sub | 0.57 | 0 | 1 | 1 | 1 | 1 |
| 865 | Old Home Enter. v. Fleming, 20 Neb. App. 705 | 307A+693.1 | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. See id. | When a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as are subsequent pleadings. West's Neb.Rev.St. S 25-217. | "Does a trial court have jurisdiction to make orders, when a lawsuit is dismissed by operation of law for lack of service of process within 6 months of filing?" | Pretrial Procedure - Memo # 6382 - C - PB.docx | ROSS-003289672 | SA, Sub | 0.07 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 866 | Hanna v. City of Chicago, 382 Ill. App. 3d 672 | 307A+552 | The granting of a motion to dismiss pursuant to section 2"619(a)(9) of the Code of Civil Procedure is reviewed de novo. Sadler v. Creekmur, 354 Ill.App.3d 1029, 1039, 290 Ill.Dec. 289, 821 N.E.2d 340 (2004); 735 ILCS 5/2"619(a)(9) (West 2006). Dismissal pursuant to section 2"619(a)(9) should be entered when the plaintiff's claim is barred by "affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2"619(a)(9) (West 2006)), such as when a defense is presented that "negates an alleged cause of action completely." ChiCorp, Inc. v. Bower, 336 Ill.App.3d 132, 136, 270 Ill.Dec. 209, 782 N.E.2d 768 (2002). When the issues have ceased to exist and there is no longer an actual controversy between the parties, the alleged cause of action has been negated and should be dismissed as moot. People ex rel. Newdelman v. Weaver, 50 Ill.2d 237, 241, 278 N.E.2d 81 (1972). Mootness occurs once the plaintiff has secured what he basically sought and a resolution of the issues could not have any practical effect on the existing controversy. Newdelman, 50 Ill.2d at 241, 278 N.E.2d 81. A mooted action should be dismissed out of "concern that parties to a resolved dispute lack a sufficient personal stake in the outcome to assure that there is an adversarial relationship that sharpens the presentation of issues upon which the courts largely depend for illumination of difficult questions." Fisch v. Loews Cineplex Theatres, Inc., 365 Ill.App.3d 537, 539, 303 Ill.Dec. 10, 850 N.E.2d 815 (2005). | A mooted action should be dismissed out of concern that parties to a resolved dispute lack a sufficient personal stake in the outcome to assure that there is an adversarial relationship that sharpens the presentation of issues upon which the courts largely depend for illumination of difficult questions. | Should a mooted action be dismissed out of concern that parties to a resolved dispute lack a sufficient personal stake in the outcome? | 034246.docx | LEGALEASE-00143195-LEGALEASE-00143197 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 867 | Price v. Roy O. Martin Lumber Co., 915 So. 2d 816 | 401+46 | The jurisprudential rule has developed that, "when the plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue pursuant to LSA-C.C.P. Art. 121. However, when the plaintiff knowingly files suit in the wrong venue, dismissal is proper." Marler v. Petty, 94-1851, p. 6 (La.4/10/95), 653 So.2d 1167, 1171. Here there is no contention that plaintiffs knowingly filed suit in the wrong venue, therefore we remand this matter to the trial court for transfer to a proper venue. See La. C.C.P. arts. 121 and 932 B. | When a plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue, though when the plaintiff knowingly files suit in the wrong venue, dismissal is proper. LSA-C.C.P. art. 121. | "When a plaintiff does not have sufficient knowledge to ascertain the correct venue or acts upon incorrect knowledge and erroneously files suit in the wrong venue, should the case be transferred to a court of proper venue?" | Pretrial Procedure - Memo # 5771 - C - SS.docx | ROSS-003288964-ROSS-003288965 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |
| 868 | Gautreaux v. Maya, 112 So. 3d 146 | 307A+563 | In other words, when seeking dismissal of a lawsuit for fraud on the court, "[a] mere testimonial discrepancy is ordinarily not enough." Sun, 53 So.3d at 1077; accord Bologna, 995 So.2d at 528. Rather, to warrant dismissal, the party's conduct must show "a scheme calculated to evade or stymie discovery of facts central to the case." Perrine, 85 So.3d at 1212 (quotation marks omitted); Bologna, 995 So.2d at 528; accord Sun, 53 So.3d at 1077. "Courts act cautiously in dismissing on this basis because the Florida Constitution guarantees court availability to every person to redress injury." Perrine, 85 So.3d at 1211; accord Sun, 53 So.3d at 1076"77. | When seeking dismissal of a lawsuit for fraud on the court, a mere testimonial discrepancy is ordinarily not enough; rather, to warrant dismissal, the party's conduct must show a scheme calculated to evade or stymie discovery of facts central to the case. | "To warrant dismissal, should the party's conduct show a scheme calculated to evade or stymie discovery of facts central to the case?" | 034441.docx | LEGALEASE-00144235-LEGALEASE-00144236 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 869 | Anderson v. Sills, 143 N.J. Super. 432 | 307A+552 | It is well established that questions that have become moot or academic prior to judicial scrutiny generally have been held to be an improper subject for judicial review. Oxfeld v. N.J. State Bd. of Ed., 68 N.J. 301, 303-304 (1975); In re Geraghty, 68 N.J. 209, 212-213, 343 A.2d 737 (1975); Sente v. Clifton, Mayor Mun. Coun., 66 N.J. 204, 206, 330 A.2d 321 (1974). There are two basic reasons for this doctrine. First, for reasons of judicial economy and restraint, courts will not decide cases in which the issue is hypothetical, a judgment cannot grant effective relief, or the parties do not have concrete adversity of interest. Second, it is a premise of the Anglo-American judicial system that a contest engendered by genuinely conflicting self-interests of the parties is best suited to developing all relevant material before the court. Therefore, where there is a change in circumstances so that a doubt is created concerning the immediacy of the controversy, courts will ordinarily dismiss cases as moot, regardless of the stage to which the litigation has progressed. | Since a contest engendered by genuinely conflicting self-interests of the parties is best suited to developing all relevant material before the court, where there is a change in circumstances so that a doubt is created concerning the immediacy of the controversy, courts will ordinarily dismiss the case as moot, regardless of the stage to which the litigation has progressed. | Will courts dismiss cases as moot when circumstances out of which controversy arises change so as to raise doubt concerning adversity of parties interests? | 034744.docx | LEGALEASE-00145060-LEGALEASE-00145061 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 870 | Sazima v. Chalko, 712 N.E.2d 729 | 307A+581 | In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action. See Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530, 534; Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576, 635 N.E.2d 14, at the syllabus. However, "[t]he extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." | Extremely harsh sanction of dismissal for failure to prosecute or obey a court order should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party; dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice, and absent such extreme circumstances, a court should first consider lesser sanctions. Rules Civ.Proc., Rule 41(B)(1). | Should the extremely harsh sanction of dismissal for failure to prosecute or obey a court order be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances? | 034961.docx | LEGALEASE-00146194-LEGALEASE-00146195 | SA, Sub | 0.09 | 0 | 0 | 1 | 1 | |
| 871 | Ohio Civ. Serv. Emp. Assn., AFSCME, Local 11, AFL-CIO v. Ohio Dep't of Transp., 104 Ohio App. 3d 340 | 307A+552 | The doctrine of mootness is rooted both in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint." James A. Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736, 738. Although the Ohio Constitution has no counterpart to Section 2, Article III, Ohio courts have long refused to entertain moot questions. Id. Thus, the " "duty of every judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. Miner v. Witt (1910), 82 Ohio St. 237, 238, 92 N.E. 21, 22, quoting Mills v. Green (1895), 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293, 293"294. Where, prior to the rendition of a final decision, an event occurs, without the fault of either party, which renders it impossible for the court to grant effectual relief in a case, the case should be dismissed. | Where, prior to rendition of final decision, an event occurs, without fault of either party, which renders it impossible for court to grant effectual relief in case, case should be dismissed as moot. | "Should case be dismissed as moot where, prior to rendition of final decision, an event occurs, without fault of either party, which renders it impossible for court to grant effectual relief in case?" | 035231.docx | LEGALEASE-00145903-LEGALEASE-00145904 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 872 | Shaw v. Universal (Del. R. App.), Ch. Ins. 12:15 KV 23 738 | 307H+563 | In this case, the trial court had the right to strike a repleader in order to make its final judgment determinate... (long judicial opinion text) | "Where an order has been properly granted to make a pleading more definite or more specific, failure to comply therewith can an act of contempt and action may be dismissed without prejudice, at least in absence of proper excuse." | "Where an order has been properly granted to make a pleading more definite or more specific, can an act of contempt and action may be dismissed without prejudice?" | 018907.docx | LEGALEASE-0018676/0018677 | Condensed, SA | 0.85 | 0 | 1 | | 1 | |
| 873 | Schneider v. RIOS, 2013 IL App Ltd J 12483 | 307H+583 | We note initially that defendant filed its motion pursuant to section 2-619.1 of the Code... (long judicial opinion text) | When proceeding under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, all pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. | "Will pleading and supporting documents be interpreted favourably to the non-moving party when proceeding allows dismissal of complaint when claim asserted is barred by other affirmative matter?" | 1112.docx | LEGALEASE-00094073 / LEGALEASE-00094074 | SA, Sub | 0.81 | 1 | 1 | | | |
| 874 | Stacy v. Johnson, 25 So. 3d 391 | 307H+581 | "[I]n reviewing a trial court's decision to dismiss under Rule 41(b), this Court may reverse only if it finds that the trial court abused its discretion." Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990)... (long judicial opinion text) | Cases are dismissed with prejudice for failure to prosecute a matter showing that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court. | "Are cases dismissed with prejudice for failure to prosecute, if the record shows that a plaintiff has repeatedly disregarded the procedural directives of the court?" | 018410.docx | LEGALEASE-0018899 / LEGALEASE-0018996 | SA, Sub | 0.62 | 0 | | 1 | | |
| 875 | Am. Truck Driving Acad. v. Smith, 998 So. 2d 667 | 10+1206 | "[I]t is clear from the record that the judgment is, in actuality, a judgment of dismissal, with prejudice, entered pursuant to Rule 41(b). A. Co. Ct. R. 41(b)... (long judicial opinion text) | An appellate court carefully scrutinizes any order terminating an action for want of prosecution, and does it hesitate to set one aside when an abuse of discretion is found. | "Does a court carefully scrutinize any order terminating an action for want of prosecution, and does it hesitate to set one aside when an abuse of discretion is found?" | Pretrial Procedure Memo 8 7991 - C - 55_SB350.docx | ROSS-000291794-ROSS-000292795 | Condensed, SA | 0.73 | 0 | 1 | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 876 | Tolmasova v. Umarova, 22 A.D.3d 570 | 307A+594.1 | CPLR 3216 is "extremely forgiving" (Baczkowski v. Collins Constr. Co., 89 N.Y.2d 499, 503, 655 N.Y.S.2d 848, 678 N.E.2d 460) in that it "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (Davis v. Goodsell, 6 A.D.3d 382, 383, 774 N.Y.S.2d 568; see CPLR 3216 [a], [e]; Di Simone v. Good Samaritan Hosp., 100 N.Y.2d 632, 633, 768 N.Y.S.2d 735, 800 N.E.2d 1102; Baczkowski v. Collins Constr. Co., supra at 504"505, 655 N.Y.S.2d 848, 678 N.E.2d 460). "While the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action [,] such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal" (Davis v. Goodsell, supra at 383"384, 774 N.Y.S.2d 568). For example, a plaintiff's failure to comply with a valid 90"day notice under CPLR 3216(b)(3) "should, in the proper exercise of discretion, be excused under a variety of circumstances, including where a defendant ... has obstructed the plaintiff's own efforts to obtain legitimate pretrial disclosure from the defendant" (Davis v. Goodsell, supra at 384, 774 N.Y.S.2d 568). | Statute authorizing the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed never requires such dismissal; while the statute prohibits the Supreme Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay, and a meritorious cause of action, such a dual showing is not strictly necessary in order for the plaintiff to escape such a dismissal. McKinney's CPLR 3216. | Does the statute prohibit the Court from dismissing an action based on neglect to proceed whenever the plaintiff has shown a justifiable excuse for his or her delay? | 036631.docx | LEGALEASE-00149181-LEGALEASE-00149182 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 877 | Harvey v. Town of Tiverton, 764 A.2d 141 | 307A+581 | Mere delay is not enough to warrant dismissal for lack of prosecution. Scittarelli v. Providence Gas Co., 415 A.2d 1040, 1042 n. 1 (R.I.1980) (citing Manton Industries, Inc. v. Providence Washington Indemnity Co., 113 R.I. 198, 202, 319 A.2d 355, 358 (1974)). Although the trial court must weigh the equities between the parties, see id., it need not view the evidence in a light most favorable to the plaintiffs. See J.K. Social Club v. J.K. Realty Corp., 448 A.2d 130, 133 (R.I.1982). In considering a motion to dismiss for failure to prosecute, the court is "required to weigh conflicting interests. On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay. On the other hand, there is the desire to dispose of cases on their merits." Hyszko, 448 A.2d at 726. | In considering a motion to dismiss for failure to prosecute, the court is required to weigh conflicting interests: on the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay; on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(2). | Is the court is required to weigh conflicting interests in considering a motion to dismiss for failure to prosecute? | Pretrial Procedure - Memo # 8194 - C - NC_58769.docx | ROSS-003299160-ROSS-003299161 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 878 | Treeline 990 Stewart Partners v. RAIT Atria, 107 A.D.3d 788 | 307A+622 | The test to be applied is "whether the complaint gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments" (JP Morgan Chase v. J.H. Elec. of N.Y., Inc., 69 A.D.3d 802, 803, 893 N.Y.S.2d 237 [internal quotation marks omitted] ). Applying these principles to the instant matter, the complaint adequately alleges all of the essential elements of a cause of action to recover damages for breach of contract against RAIT Atria (see id.). Contrary to the contention of the RAIT defendants, the complaint sufficiently alleges that the parties orally agreed on all of the material terms of sale of RAIT Atria's interest in 990 SAI (see Matter of Municipal Consultants & Publs. v. Town of Ramapo, 47 N.Y.2d 144, 148"149, 417 N.Y.S.2d 218, 390 N.E.2d 1143). | Test to be applied in deciding motion to dismiss complaint for failure to state cause of action is whether complaint gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved, and whether the requisite elements of any cause of action known to state's law can be discerned from its averments. McKinney's CPLR 3211(a)(7). | "Is the test to be applied in deciding motion to dismiss complaint for failure to state cause of action whether a complaint gives sufficient notice of the transactions, occurrences, or series of transactions?" | 036995.docx | LEGALEASE-00150344-LEGALEASE-00150345 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 879 | O'Dell v. State Farm Mut. Auto. Ins. Co., 173 Ind. App. 106 | 413+2 | Generally, workmen's compensation is intended to afford employees an adequate and certain remedy independent of any finding of negligence for accidents arising out of and in the course of employment, IC 1971, 22-3-2-5, supra.This method of compensation based upon a real-location of risks arose from a need to curb the harsh results rendered under the common-law with its defenses of contributory negligence, assumption of risk and fellow servant rule. Frampton v. Central Indiana Gas Co. (1973), 260 Ind. 249, 297 N.E.2d 425. A consistent extension of this policy of certain compensation was the provision for the exclusiveness of the remedy afforded.IC 1971, 22-3-2-6, supra. Yuhasz v. Mohr (1974), Ind.App., 307 N.E.2d 516. | Method of affording compensation to an employee based upon a reallocation of risks arises from a need to curb harsh results rendered under common law with its defenses of contributory negligence, assumption of risk, and fellow servant rule. IC 22-3-2-5 (1976 Ed.). | "Is the method of compensation under the workmens compensation based on a real-location of risks arose from a need to curb the harsh results rendered under the common-law with its defenses of contributory negligence, assumption of risk and fellow servant rule?" | 048430.docx | LEGALEASE-00150234-LEGALEASE-00150235 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 880 | McDonald v. Hanahan, 328 Mass. 539 | 8.30E+56 | The instrument in suit is not payable at a time certain, and, therefore, is not negotiable. G.L. (Ter.Ed.) c. 107, " 23. But it is nevertheless within G.L.(Ter.Ed.) c. 260, " 1. Commonwealth Ins. Co. v. Whitney, 1 Metc. 21, 22; Sibley v. Phelps, 6 Cush. 172, 173; Moore v. Edwards, 167 Mass. 74, 75"76, 44 N.E. 1070; Pierce v. Talbot, 213 Mass. 330, 331, 100 N.E. 553. The real question is whether the instrument is a promissory note or nothing more than a receipt or acknowledgement of the indebtedness. See Brown v. Gilman, 13 Mass. 158; Gray v. Bowden, 23 Pick. 282. To constitute a good promissory note there should be deducible from its face a written promise to pay the money, yet that promise need not be expressed in any particular form of words, and it will be enough if from the language used a written undertaking to pay may be fairly inferred. Daggett v. Daggett, 124 Mass. 149. Almy v. Winslow, 126 Mass. 342, 343; Gay v. Rooke, 151 Mass. 115, 23 N.E. 835, 7 L.R.A. 392; Bryne v. Bryne, 209 Mass. 179, "80, 95 N.E. 88; Britton, Bills and Notes, " 10. Daniel, Negotiable Instruments (7th ed.) " 36. | To constitute a good promissory note, there should be deducible from its face a written promise to pay money, yet that promise need not be expressed in any particular form of words, and it would be enough if from language used a written undertaking to pay may be fairly inferred. | "Should a written promise to pay money be deducible from the face of a promissory note, yet that promise need not be expressed in any particular form of words?" | 010369.docx | LEGALEASE-00151110-LEGALEASE-00151111 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 881 | Chanko v. Am. Broad. Companies Inc., 27 N.Y.3d 46 | 307A+683 | When considering these pre-answer motions to dismiss the complaint for failure to state a cause of action, we must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiffs every possible favorable inference (see Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190 [2002] ). We may also consider affidavits submitted by plaintiffs to remedy any defects in the complaint, because the question is whether plaintiffs have a cause of action, not whether they have properly labeled or artfully stated one (see Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994] ). | When considering a pre-answer motion to dismiss the complaint for failure to state a cause of action, the court must give the pleadings a liberal construction, accept the allegations as true, and accord the plaintiffs every possible favorable inference. McKinney's CPLR 3211(a)(7). | "In considering a pre-answer motion to dismiss a complaint for failure to state a cause of action, should a court give the pleadings a liberal construction?" | 037149.docx | LEGALEASE-00150810-LEGALEASE-00150811 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 22,876 | 9,029 |
| 882 | Amreit v. Rouse et An. Life Ins. Co., 180 Ohio App. 3d 440 | 307A=679 | When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St. 3d 190, 532 N.E.2d 753. | In construing the complaint when considering a motion to dismiss for failure to state a claim, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Rules Civ. Proc., Rule 12(B)(6). | Are factual allegations contained in the complaint presumed true and all reasonable inferences are drawn in favor of the nonmoving party on a motion to dismiss for failure to state a claim? | D3761.docx | LEGALEASE 00150164-LEGALEASE 00150165 | Condensed, SA, Sub 0.73 | 0.73 | 0 | | 1 | 1 | 1 |
| 883 | Atlas v. Allen F. Von Overbeke, 23 So.3d 273, 233 So.3d 3273 | 307A=679 | Florida Rule of Civil Procedure 1.110(b) provides that in order to be legally sufficient, a complaint or petition must state a cause of action. | In ruling on a motion to dismiss for failure to plead a facially sufficient claim, the trial court is limited to a consideration of the allegations within the four corners of the complaint. | In ruling on a motion to dismiss for failure to plead a facially sufficient claim, is the trial court limited to a consideration of the allegations within the four corners of the complaint? | D3763.docx | LEGALEASE 00151772-LEGALEASE 00151773 | SA, Sub 0.61 | 0.61 | 0 | | | 1 | |
| 884 | Hoffman v. Boone, 290 Mich. App. 34 | 228=335(2) | This Court reviews de novo a trial court's decision on a motion for summary disposition. | On decision for summary disposition on grounds that claims are barred by statute of limitations, the trial court must accept the nonmoving party's well-pleaded allegations as true and construe them in the nonmovant's favor. | "On a motion seeking summary disposition on grounds that claims are barred by statute of limitations, should the trial court accept the nonmoving party's well-pleaded allegations as true?" | D3721.docx | LEGALEASE 00151758-LEGALEASE 00151759 | SA, Sub 0.56 | 0.56 | 0 | | | 1 | |
| 885 | In re Levine, 24 B.R. 804 | 83I=355 | Mere reference to separate mortgage agreement does not by itself import the negotiability of a mortgage bond. | Mortgage bond was not a "negotiable instrument" where it called for incorporation of covenants and conditions contained in separate mortgage agreement, so that all the essential terms of the bond could not be ascertained from the face of the document. | Should a bond be a conditional or unconditional promise? | D3689.docx | LEGALEASE 00152527-LEGALEASE 00152373 | Condensed, SA, Sub 0.51 | 0.51 | 0 | | | 1 | |
| 886 | In re Marriage of Foster, 115 S.W.3d 141 | 307A=685.1 | A trial court has the inherent power to dismiss a case for want of prosecution. | Can the court dismiss a case for want of prosecution and express authority to do so is also given by Rule 165a in Texas? | Pretrial Procedure v Memo #3148 - C - KL_80059.docx | ROSS 00020391753-ROSS-00020391756 | SA, Sub 0.56 | 0.56 | 0 | | | 1 | |
| 887 | Fry v. Hunter, 350 N.C. App. 614 | 46H=1240 | Under Rule 41(b), a trial court may enter sanctions for failure to prosecute only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion. | Can the court enter sanctions for failure to prosecute when the plaintiff manifests an intention to thwart the progress of the action to its conclusion by engaging in some delaying tactic? | D3825.docx | LEGALEASE 00152866-LEGALEASE 00152867 | Condensed, SA, Sub 0.38 | 0.38 | 0 | | | 1 | |

169

Appendix D

| | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Judicial Opinion | ROW | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| Beasdale v. Moore, 199 A.D. 8, 190 n.11 531 | 888 | B, 190 n.11 | The place of performance of a bill of exchange or a promissory note is the place of payment. Where a bill or note is executed in one state or country and payable in another, the general rule is that it is governed, as to its nature, validity, interpretation, and effect, by the law of the place where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place (8 C.J. 92), especially where the note would be void in the place where made and valid where payable. | Is a note governed according to its nature when it is executed in one state and payable in another? | 00865.docx | LEGALEASE 00153572 - LEGALEASE 00153573 | Condensed, SA | 0.2 | 0 | | | 1 | |
| Wilson v. Illinois Benedictine Col., 112 Ill. App. 3d 932 | 889 | 141.H 1182 | A college or university and its students have a contractual relationship, the terms of which are generally set forth in the university's catalogs. (Steinberg v. Chicago Medical School (1977), 69 Ill.2d 320, 371*321, 13 Ill.Dec. 699, 371 N.E.2d 634; Eastn v. Aem (1978), 63 Ill.App.3d 839, 20 Ill.Dec. 69, 386 N.E.2d 2.) A contract between a private institution and a student confers duties upon both parties which cannot be arbitrarily abridged and may be judicially enforced. (DeMarco v. University of Health Sciences (1976), 40 Ill.App.3d 474, 480, 352 N.E.2d 356.) A student may have a remedy where it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily and capriciously and in bad faith (60 Ill.App.3d 474, 480, 352 N.E.2d 356; thus a university may not act maliciously or in bad faith by arbitrarily and capriciously refusing to award a degree to a student who fulfills its degree requirements. Tanner v. Board of Trustees of University of Illinois (1977), 48 Ill.App.3d 680, 680 6 Ill.Dec. 679, 363 N.E.2d 208. | "Do students have a remedy for breach of contract when it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily, capriciously, and in bad faith?" | Education - Memo # 194 - C-45_60210.docx | ROSS-003276209-ROSS-003278610 | Condensed, SA, Sub | 0.67 | | | 1 | 1 | |
| Roman Catholic Diocese of Brooklyn v. Christ the King Reg'l High Sch., 149 A.D.3d 994 | 890 | 307A=640 | "A motion to dismiss under CPLR 3211(a)(7) may be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it (McMahan v. McMahan, 131 A.D.3d 593, 594, 15 N.Y.S.3d 190 [internal quotation marks and brackets omitted]; see Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). Moreover, "[a] motion to dismiss pursuant to CPLR 3211(a)(7) may not appropriately be granted 'only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Goo Door Repairs, Inc. v. Astoria Gen. Contr. Corp., 164 A.D.3d 1095, 83 N.Y.S.3d 618 quoting Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v. Superior Well Servs., Inc., 20 N.Y.3d 59, 63, 956 N.Y.S.2d 439, 980 N.E.2d 487). | Can a motion to dismiss for failure to state a cause of action be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all? | 03067.docx | LEGALEASE 00153251 - LEGALEASE 00153252 | Condensed, SA | 0.71 | | 0 | | 1 | |
| Guggenheimer v. Ginzburg, 372 N.E.2d 17 | 891 | 307A=682.1 | Aside from a summary judgment approach, whether the pleading was weighed without evidentiary material or tested in the light of it, the complaint should not have been dismissed. Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are identified which, taken together, manifest any cause of action cognizable at law, a motion for dismissal will fail (see Foley v. D'Agostino, 21 A.D.2d 60, 64-65, 248 N.Y.S.2d 121, 125-127; Siegel, Practice Commentaries, McKinney's Cons.Laws of N.Y., Book 7B, CPLR 3211:24, p. 31.). Whenever nonetheless, N.Y.Civ.Pra.,par. 3211:36, at p. 20, 3211:36. When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate (cf. Kelly v. Bank of Bussett, Inc., 22 A.D.2d 393, 394-395, 255 N.Y.S.2d 241, 242-244; Weinstein-Korn-Miller, N.Y.Civ.Prac.,par. 3211:36). Siegel, Practice Commentaries, McKinney's Cons.Laws of N.Y., Book 7B, CPLR 3211:25, p. 31). Each of the complaint's causes of action embraces a forbidden course of conduct and might be said from the plaintiff to be under the umbrella of and to invoke the theory to enable the court to control the action and cause of action cognizable before trial, so as to test legal sufficiency. | "Where evidentiary material is submitted in support of a motion to dismiss for failure to state a claim, is the criterion whether the proponent of the pleading has a cause of action?" | 03082.docx | LEGALEASE 00153315 - LEGALEASE 00153317 | Condensed, SA, Sub | 0.79 | | | 1 | 1 | 1 |
| Dominick v. Frank Williams & Son, 46 A.D.3d 1443 | 892 | 307A=679 | We note in addition that plaintiff was not denied his counsel throughout the transactions and proceedings in question and that plaintiff acknowledged having read and approved the order of eviction to which he submitted (cf. Brown v. Brown v. Pain v. McKinnon, 46 A.D.2d 1153, 1354, 848 N.Y.S.2d 117). In any event, we further conclude that defendants are entitled to dismissal of the amended complaint against them for failure to state a cause of action, pursuant to CPLR 3211(a)(7). "While it is axiomatic that a court must assume the truth of the complaint's allegations, such assumption must fail where there are conclusory allegations lacking factual support" (Elsky v. Hill No. Brokers, 159 A.D.2d 493, 527 N.Y.S.2d 446). | While a court must assume the truth of a complaint's allegations on a motion to dismiss for failure to state a cause of action, such assumption must fail where there are conclusory allegations lacking factual support? | Pretrial Procedure - Memo # 884 - C - UG_60648.docx | ROSS-003249482-ROSS-003249483 | Condensed, SA, Sub | 0.66 | | 0 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 893 | W. Branch Conservation Ass'n v. Cty. of Rockland, 227 A.D.2d 547 | 307A+679 | Although, upon a motion pursuant to CPLR 3211(a)(7), a court must accept the facts alleged in the complaint as true, this does not apply to legal conclusions or to factual claims which are either inherently incredible or flatly contradicted by documentary evidence (see, Quail Ridge Assocs. v. Chemical Bank, 162 A.D.2d 917, 918, 558 N.Y.S.2d 655; SRW Assocs. v. Bellport Beach Prop. Owners, 129 A.D.2d 328, 331, 517 N.Y.S.2d 741).In their complaint, the plaintiffs in the instant case claimed that the defendant Continental breached a restrictive covenant contained in a neighboring parcel of land yet made no reference to any particular contract or deed with regard to Continental's property. The plaintiffs did not allege that Continental was a party to any other deed containing a restrictive covenant or that it was aware of any such covenants at the time it obtained title to its own property. | Although, upon motion to dismiss for failure to state cause of action, court generally must accept facts alleged in complaint as true, court need not accept legal conclusions or factual claims which are either inherently incredible or flatly contradicted by documentary evidence. McKinney's CPLR 3211(a), par. 7. | Does a court need to accept legal conclusions or factual claims which are either inherently incredible or flatly contradicted by documentary evidence? | Pretrial Procedure - Memo # 9042 - C - MS_60448.docx | ROSS-003278387-ROSS-003278388 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 894 | Tomlinson v. Bd. of Educ. of City of Bristol, 226 Conn. 704 | 308+99 | The authority of union negotiators depends upon the common law of agency. See Kozera v. Westchester"Fairfield Electrical Contractors, 909 F.2d 48, 54 (2d Cir.1990), cert. denied, 498 U.S. 1084, 111 S.Ct. 956, 112 L.Ed.2d 1044 (1991). Consequently, a union may be bound by the actions of its agent if third parties dealing with the agent reasonably believe the agent's actions are authorized. National Labor Relations Board v. Local 815, International Brotherhood of Teamsters, 290 F.2d 99, 103 (2d Cir.1961). "Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses." Lewis v. Michigan Millers Mutual Ins. Co., 154 Conn. 660, 665, 228 A.2d 803 (1967), citing Quint v. O'Connell, 89 Conn. 353, 357, 94 A. 288 (1915). Consequently, apparent authority is to be determined, not by the agent's own acts, but by the acts of the agent's principal. Nowak v. Capitol Motors, Inc., 158 Conn. 65, 69, 255 A.2d 845 (1969). The issue of apparent authority is one of fact to be determined based on two criteria. Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 396, 324 A.2d 247 (1973); Quint v. O'Connell, supra. First, it must appear from the principal's conduct that "the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted [the agent] to act as having such authority." Nowak v. Capitol Motors, Inc., supra; Quint v. O'Connell, supra. Second, the party dealing with the agent must have, "acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority" to bind the principal to the agent's action.Nowak v. Capitol Motors, Inc., supra; Quint v. O'Connell, supra. | Issue of apparent authority is to be determined based on two criteria: first, it must appear from principal's conduct that principal held agent out as possessing sufficient authority to embrace act in question, or knowingly permitted agent to act as having such authority, and second, party dealing with agent must have, acting in good faith, reasonably believed, under all the circumstances, that agent had necessary authority to bind principal to agent's action. | What are the two criteria to determine apparent authority? | 041418.docx | LEGALEASE-00153688-LEGALEASE-00153689 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 895 | Thompson v. City of New York, 50 Misc. 3d 1037 | 307A+679 | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) all allegations in the complaint are deemed to be true (Sokoloff v. Harriman Estates Dev. Corp., 96 N.Y.2d 409, 414, 729 N.Y.S.2d 425, 754 N.E.2d 184 [2001]; Cron v. Hargro Fabrics, 91 N.Y.2d 362, 366, 670 N.Y.S.2d 973, 694 N.E.2d 56 [1998] ). All reasonable inferences which can be drawn from the complaint and the allegations therein stated shall be resolved in favor of the plaintiff (Cron, at 366, 670 N.Y.S.2d 973, 694 N.E.2d 56. In opposition to such a motion a plaintiff may submit affidavits to remedy defects in the complaint (id.). If an affidavit is submitted for that purpose, it shall be given its most favorable intendment (id.) The court's role when analyzing the complaint in the context of a motion to dismiss, is to determine whether the facts as alleged fit within any cognizable legal theory (Sokoloff v. Harriman Estates Development Corp., 96 N.Y.2d 409, 414, 729 N.Y.S.2d 425, 754 N.E.2d 184 [2001] ). In fact, the law mandates that the court's inquiry be not limited solely to deciding whether plaintiff has pled the cause of action intended, but instead, the court must determine whether the plaintiff has pled any cognizable cause of action (Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994] ["(T)he criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one."] ). | The trial court's role when analyzing the complaint in the context of a motion to dismiss for failure to state a cause of action is to determine whether the facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | Is the trial court's role when analyzing the complaint in the context of a motion to dismiss for failure to state a cause of action to determine whether the facts as alleged fit within any cognizable legal theory? | Pretrial Procedure - Memo # 9246 - C - RY_61033.docx | ROSS-003292724-ROSS-003292725 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 896 | Zellner v. Odyl, 117 A.D.3d 1040 | 307A+681 | In determining a motion to dismiss the complaint pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law [, the] motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see Wilner v. Allstate Ins. Co., 71 A.D.3d 155, 159, 893 N.Y.S.2d 208). The complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (see Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). | In determining a motion to dismiss complaint for failure to state a claim, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law, the motion for dismissal will fail. McKinney's CPLR 3211(a)(7). | "In determining a motion to dismiss complaint for failure to state a claim, is the sole criterion whether the pleading states a cause of action?" | 038615.docx | LEGALEASE-00154527-LEGALEASE-00154528 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 897 | Shyuk T. Pu... v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 18 A.D.3d 34 | 307A+581 | To begin with, it is important to emphasize that this appeal comes to us from an order granting a pre-discovery motion to dismiss, as distinct from granting summary judgment. The standards governing such pre-discovery motions are familiar... (see McCann v. County of Westchester, 73 A.D.2d 832, 796 N.Y.S.2d 386; see also Held v. Kaufman, 76 N.Y.2d 414, 408, 560 N.Y.S.2d 433, 411, 573 N.E.2d 560, 563; Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Trade Source v. Westchester Wood Works, 280 A.D.2d 437, 438, 736 N.Y.S.2d 605; Tetter v. Pollack & Sons, 288 A.D.2d 302, 733 N.Y.S.2d 112)... | Whether the complaint will later survive a motion for summary judgment or whether the plaintiff will ultimately be able to prove their claims, of course, plays no part in the determination of a pre-discovery motion to dismiss. McKinney's CPLR 3211. | Does, whether a complaint will later survive a motion for summary judgment or whether the plaintiff will ultimately be able to prove their claims, of course, play a part in the determination of a pre-discovery motions to dismiss. McKinney's CPLR 3211. | 038711.docx | LEGALEASE-00154185-LEGALEASE-00154186 | Condensed, SA, Sub 0.86 | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 898 | State v. Colon, 117 Conn. App. 150 | 129+128 | To prove the defendant guilty of breach of the peace in the second degree, State is required to prove beyond a reasonable doubt that (1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior; (2) that the conduct occurred in a public place; and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof. C.G.S.A. § 53a-181(a)(1). | When is a person guilty of breach of the peace in the second degree? | When is a person guilty of breach of the peace in the second degree? | Disorderly Conduct - Memo 159 - IK_62883.docx | ROSS-003282634-ROSS-003282635 | Condensed, SA, Sub 0.34 | 0.34 | 0 | 1 | 1 | 1 | 1 |
| 899 | Mancinelli v. Davis, 217 So. 3d 1034 | 307A+690 | Although we conclude CF's complaint failed to state a cause of action for conspiracy, we nevertheless find the trial court erred by dismissing CF's claim against Davis with prejudice. "A well-settled that where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion." ... (quoting Provenzano v. ... ) | Where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, is dismissal with prejudice an abuse of discretion? | Where a party is unable to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, is dismissal with prejudice an abuse of discretion? | 024608.docx | LEGALEASE-00155813-LEGALEASE-00155814 | Condensed, SA 0.83 | 0.83 | 0 | 1 | 0 | 1 | 1 |
| 900 | McDuffie v. Mitchell, 155 N.C. App. 587 | 307A+680 | In ruling on a motion to dismiss for failure to state a claim, the trial court must take all of the allegations of the complaint as true; however, the trial court must also draw its own legal conclusions from the facts, which may differ from those advocated by the plaintiff. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. § 1A-1. | In citing any motion to dismiss for failure to state a claim, the trial court must take all of the allegations of the complaint as true; however, the trial court must also draw its own legal conclusions from the facts, which may differ from those advocated by the plaintiff. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. § 1A-1. | 038142.docx | LEGALEASE-00154861-LEGALEASE-00154862 | SA, Sub | 0.15 | 0 | 0 | 1 | 1 | 1 |
| 901 | Jones v. Sullivan, 34 Ill. App. 3d 786 | 307A+585 | A large number of Illinois cases hold that a default judgment set aside and cause reinstated should be encouraged and should be employed only as a last resort... Where a case is reached for trial regularly on the call and the plaintiff fails to appear and the defendant is present insisting upon a disposition of the cause, the court may properly dismiss the cause for want of prosecution. (Leonard v. Garland, 252 Ill. 300, 96 N.E. 819; Delano v. Bennett, 61 Ill. 83.) ... | When case is reached for trial regularly on the call and plaintiff fails to appear and defendant is present insisting upon disposition of case, may court properly dismiss case for want of prosecution? | Can court properly dismiss case for want of prosecution when case is reached for trial regularly on call and plaintiff fails to appear and defendant is present insisting upon disposition of case? | Pretrial Procedure - Memo 8 3705 - C - VP_63604.docx | ROSS-003281865-ROSS-003281866 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 902 | GELMY 2006 C1 Carrington Oaks v. Weiss, 233 N.C. App. 633 | 307A-685 | "The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(1) depends upon the procedural context confronting the court." Best of Am. Sec. LLC v. Evergreen Int'l Aviation, Inc., 169 N.C. App. 690, 693, 611 S.E.2d 184, 179, 342 (2005). When, as here, "both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues," and "the court may hear the matter on affidavits presented by the respective parties, ... [o]r the court may direct that the matter be heard wholly or partly on oral testimony or depositions." Id. at 694, 611 S.E.2d at 183 (alteration and omission in original) (internal quotation marks omitted). "If the trial court chooses to decide the motion based on affidavits, '[t]he trial judge must determine the weight and sufficiency of the evidence [presented in the affidavits] much as a juror.'" Id. (alterations in original) (internal quotation marks omitted). "When this Court reviews a decision on personal jurisdiction, it reviews only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court." Id. (internal quotation marks omitted). | "If the trial court chooses to decide a motion to dismiss for lack of jurisdiction over the person based on affidavits, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits much as a juror." | The plaintiff has the burden of establishing prima facie that jurisdiction exists. | 035941.docx | LEGALEASE 00154971-LEGALEASE 00154972 | SA, Sub | 0.78 | 0 | | | 1 | |
| 903 | Hilltopper Holding Corp. v. Estate of Cushman ex rel. Engle, 955 So.2d 598 | 106-55 | If the defendant's affidavit does fully dispute the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 664. If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted. Venetian Salami, 554 So.2d at 502; Kin Yong Lung Indus. Co., 816 So.2d at 664; Capital One Fin. Corp., 799 So.2d at 645; Lamps, 692 So.2d at 615. | "If a nonresident defendant's affidavit in support of a motion to dismiss for lack of jurisdiction fully disputes the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists; if the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted. West's F.S.A. § 48.193." | "If the plaintiff's sworn proof fails to refute the allegations in the defendant's affidavit and fails to prove long-arm jurisdiction, should the court grant the defendant's motion to dismiss?" | 039515.docx | LEGALEASE 00155066-LEGALEASE 00155067 | SA, Sub | 0.21 | | | | 1 | |
| 904 | Boehm v. Univ. of Pennsylvania Sch. of Veterinary Med., 392 Pa. Super. 502 | 141D-1177 | The students contended in the trial court that improprieties in the school's disciplinary hearings denied them the right to an unbiased panel and the punishment meted out by the dean fundamentally flawed. Broadly speaking, their arguments raised due process claims with respect to private college or university hearings subject to the condition that the panel who actually sits (with its scholastic and disciplinary requirements, and the proper college authorities must be given an opportunity to enforce reasonable rules and regulations in both respects. The courts will not interfere in the absence of an abuse of such discretion. Id. | "Right of student to attend public or private college or university is subject to the condition that he complies with its scholastic and disciplinary requirements, and the proper college authorities must be given an opportunity to enforce reasonable rules and regulations in both respects, and the exercise of a broad discretion, with respect to both scholastic and disciplinary requirements." | "Is the right of a student to attend a public or private college or university subject to the conditions that they comply with its scholastic and disciplinary requirements?" | 014854.docx | LEGALEASE 00156337-LEGALEASE 00156338 | Condensed, SA, Sub 0.47 | | 1 | | | |
| 905 | Smith v. Cent. Illinois Reg'l Airport, 2017 IL 20 | 307A-624 | Defendant's motions challenged the sufficiency of the facts alleged by plaintiff to support a claim of retaliation. Generally, a section 2-615 motion will not result in a final disposition of the case. That is so because there exists in the state a policy, long adhered to by this court, that a case not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief. See, e.g., Brown Garage, Inc. v. Walton, 264 Ill.App.3d 1055, 205 Ill.Dec. 138, 643 N.E.2d 921 (1994). Brown v. Albert's Jewelers, Inc., 264 Ill.App.3d 382, 202 Ill.Dec. 146, 637 N.E.2d 913 (1994). See Tilschner, 134 Ill.2d at 231, 223 (3 1990) hearing mail. "[w]here a motion to strike or dismiss a pleading is granted, leave to plead over or to file an amended pleading by the court, although leave is usually granted. The consequence of this court's policy is that the dismissal is based on a technicality or other matter that may be cured by the filing of an amended complaint"). | "There exists in Illinois a policy that a case will not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief." | "Should a cause of action not be dismissed with prejudice unless a hearing of a litigant's claim on the merits of a cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleading which would entitle the plaintiff to relief?" | 024041.docx | LEGALEASE 00155891-LEGALEASE 00155892 | Condensed, SA, Sub 0.77 | 0 | | | | 1 |
| 906 | Columbia Air Servs. v. Dep't of Transp., 293 Conn. 342 | 307A-685 | "In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss... the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint.... Rather, those allegations are tempered by the light shed on them by [the supplementary undisputed facts].... If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits ... or other evidence, the trial court may dismiss the action without further proceeding. ... If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations ... or only evidence that fails to call those allegations into question ... the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. | "If a complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss, a trial court consider these supplementary undisputed facts?" | 039470.docx | LEGALEASE 00156184-LEGALEASE 00156185 | SA, Sub | 0.14 | 0 | | 1 | | |
| 907 | Breck v. Moorsmen, 191 Md. 156 | 228+363 | The defense of lack of personal jurisdiction ordinarily is collateral to the merits and may be tried separately in advance thereof. In Harnett v. Gaming Holding Co., LLC, 388 Md. 1, 17-12, 878 A.2d 567, 579 774 (2005) (citing Judge Hammond's discussion of the motion for summary judgment under a motion for summary judgment). Commentary 2011 (Md 2003)). If additional facts or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment Md Rule 323(a). | "Additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, the court consider affidavits or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. MdRule 323(a)." | ROSS-003291517 ROSS-003293118 | SA, Sub | 0.69 | 0 | | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 908 | Kraus v. Metro. Two Illinois Ctr., 146 Ill. App. 3d 210 | 307A+693.1 | We first note that Supreme Court Rule 273 provides that "unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action," with limited exceptions inapplicable here, "operates as an adjudication on the merits." (Emphasis added.) (87 Ill.2d R. 273; Brainerd v. First Lake County National Bank (1971), 1 Ill.App.3d 780, 275 N.E.2d 468.) An involuntary dismissal not falling under any of the exceptions of Rule 273 thus would bar a plaintiff from filing a subsequent suit involving the same parties and claims pursuant to principles of res judicata. Sullivan v. Power Construction, Inc. (1982), 108 Ill.App.3d 653, 64 Ill.Dec. 249, 439 N.E.2d 500. | Involuntary dismissal not falling under any of the exceptions of Rule 273 would bar plaintiff from filing subsequent suit involving the same parties and claims pursuant to principles of res judicata. S.H.A. ch. 110A, P 273. | Will involuntary dismissal not falling under any of the exceptions of Rule 273 bar a plaintiff from filing a subsequent suit involving the same parties and claims pursuant to principles of res judicata? | Pretrial Procedure - Memo # 10637 - C - SJ_63246.docx | ROSS-003295188-ROSS-003295189 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 909 | In re Mario S., 38 Misc. 3d 444 | 24+179 | The statute and regulation commit these specific and limited issues to state juvenile courts. The juvenile court need not determine any other issues, such as what the motivation of the juvenile in making application for the required findings might be (In the Interest of T.J., 59 So.3d 1187, 1191 [Fla. Ct. App.2011]; F.L.M. v. Department of Children and Families, 912 So.2d 1264, 1269 [Fla. Ct. App.2005]; L.T. v. Department of Children and Families, 48 So.3d 928, 931 [Fla. Ct. App.2010] ); whether allowing a particular child to remain in the United States might someday pose some unknown threat to public safety (e.g., Shannon M. Ray, Note, The Breakdown of a System: The Consequence of Permitting Dangerous Illegal Juvenile Aliens to Reside in Your Community, 56 Wayne L. Rev. 819 [2010] ); and whether the USCIS, the federal administrative agency charged with enforcing the immigration laws, may or may not grant a particular application for adjustment of status as a SIJ. | Juvenile court's function in deciding motion for special findings which would permit juvenile to file application for adjustment of status as a special immigrant juvenile (SIJ) is limited in scope: court must determine whether, under state law, juvenile is under age 21, unmarried, dependent upon court through order of placement or other court order, whether reunification with one or both parents is not possible due to abuse, neglect, or abandonment, and whether it would be contrary to juvenile's best interest to be returned to his or her previous country of nationality, and court need not determine any other issues, such as juvenile's motivation in moving for required findings, whether allowing particular child to remain in the country might pose threat to public safety, or whether United States Customs and Immigration Services (USCIS), the federal agency charged with enforcing immigration laws, may or may not grant juvenile's application for adjustment of status as a SIJ. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c). | Should the juvenile court determine whether allowing a particular child to remain in the country might pose a threat a to public safety? | "Aliens, Immigration and Citizenship - Memo 122 - RK_64764.docx" | ROSS-003308605-ROSS-003308606 | Condensed, SA | 0.1 | 0 | 1 | 0 | 1 | |
| 910 | Piser v. State Farm Mut. Auto. Ins. Co., 405 Ill. App. 3d 341 | 307A+685 | The failure to challenge or contradict supporting affidavits filed with a section 2"619 motion results in an admission of the facts stated therein. Zedella v. Gibson, 165 Ill.2d 181, 185, 209 Ill.Dec. 27, 650 N.E.2d 1000, 1002 (1995). Nor may a plaintiff simply rely on the allegations in his own complaint to refute a section 2"619 affidavit. Hollingshead v. A.G. Edwards & Sons, Inc., 396 Ill.App.3d 1095, 1101"02, 336 Ill.Dec. 664, 920 N.E.2d 1254, 1260 (2009). If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. Callaghan v. Village of Clarendon Hills, 401 Ill.App.3d 287, 290"91, 340 Ill.Dec. 757, 929 N.E.2d 61, 67 (2010). In order to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit. Callaghan, 401 Ill.App.3d at 291, 340 Ill.Dec. 757, 929 N.E.2d at 67, citing Kedzie & 103rd Currency Exchange, Inc., 156 Ill.2d at 116, 189 Ill.Dec. 31, 619 N.E.2d at 735. | If the defendant satisfies its initial burden of proof on a motion to dismiss based on affirmative matter avoiding the legal effect of a claim, the burden shifts to the plaintiff to show that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven; to refute evidentiary facts contained in the defendant's supporting affidavits, the plaintiff must provide a counteraffidavit, and the failure to do so results in the facts of the defendant's affidavits being deemed admitted. S.H.A. 735 ILCS 5/2-619(a)(9); Sup.Ct.Rules, Rule 191. | Does the plaintiff have to show that defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | 039903.docx | LEGALEASE-00159539-LEGALEASE-00159540 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 911 | Fisher & Co. v. Dep't of Treasury, 282 Mich. App. 207 | 371+3674 | The Use Tax Act is complementary to the Michigan General Sales Tax Act, MCL 205.51 et seq., and is designed to cover those transactions not subject to the sales tax. Sharper Image Corp. v. Dep't of Treasury, 216 Mich.App. 698, 701, 550 N.W.2d 596 (1996). This tax is collectable from each taxpayer in Michigan and is assessed "for the privilege of using, storing, or consuming tangible personal property in this state at a rate equal to 6% of the price." MCL 205.93(1). """A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden. Sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question." " " | A sales-use tax scheme is designed to make all tangible personal property, whether acquired in, or out of, the state subject to a uniform tax burden; sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. M.C.L.A. SS 205.51 et seq., 205.91 et seq. | Are sales and use taxes designed to exact an equal tax based on a percentage of the purchase price of the property in question? | 046230.docx | LEGALEASE-00159840-LEGALEASE-00159841 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 912 | Kaufman v. Bauer, 36 A.D.3d 481 | 307A+697 | Notwithstanding this time limitation, courts have discretion to grant a restoration motion brought more than one year after the case is stricken from the calendar provided the movant demonstrates (a) the merits of his/her claim; (b) a lack of prejudice to the opposing party or parties; (c) a lack of intent to abandon the action; and (d) a reasonable excuse for the delay (see Williams v. A & S Dept. Store, 5 Misc.3d 140(A), 2004 WL 2964000 [App. Term 2004] [citing CPLR 3404]; Mester v. Cattani, 4 Misc.3d 132(A), 2004 WL 1517405 [App. Term 2004] ). All four requirements must be met before a dismissal pursuant to CPLR 3404 can be vacated (Katz v. Robinson Silverman Pearce Aronsohn & Berman, 277 A.D.2d 70, 74, 717 N.Y.S.2d 13 [2000] ). | Courts have discretion to grant motion to restore action to calendar, brought more than one year after case is stricken from calendar, provided movant demonstrates (a) merits of his/her claim; (b) lack of prejudice to opposing party or parties; (c) lack of intent to abandon action; and (d) reasonable excuse for the delay. McKinney's CPLR 3404; N.Y.Ct.Rules, S 208.14(c). | Can an action which has been automatically dismissed one year after being stricken from calendar be restored in a trial court's discretion? | 040033.docx | LEGALEASE-00161206-LEGALEASE-00161207 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 913 | Almanzar v. Rye Ridge Realty Co., 249 A.D.2d 128 | 307A+697 | Once a case is dismissed pursuant to CPLR 3404 for failure to prosecute, a party seeking to restore it to the trial calendar must show four things: a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the matter and a lack of prejudice to the non-moving party (Ware v. Porter, 227 A.D.2d 214, 215, 642 N.Y.S.2d 278). The dismissal will not be vacated unless all four criteria are satisfied (id.). | Once a case is dismissed for failure to prosecute, a party seeking to restore it to the trial calendar must show a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the matter and a lack of prejudice to the nonmoving party. McKinney's CPLR 3404. | "Once a case is dismissed for failure to prosecute, should a party seeking to restore it to the trial calendar show a meritorious cause of action?" | Pretrial Procedure - Memo 11480 - C - SJ_65318.docx | ROSS-003294134-ROSS-003294135 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 914 | White v. Bayless, 32 S.W.3d 271 | 228+181(11) | A summary judgment should not be premised on a pleading deficiency curable by amendment. In re B.I.V., 870 S.W.2d 12, 13 (Tex.1994). Accordingly, the special exceptions procedure, and not summary judgment, is the proper means to test the adequacy of the other parties' pleadings. See Texas Dep't of Corrections v. Herring, 513 S.W.2d 6, 9"10 (Tex.1974). Generally, before a court may grant a "no cause of action" summary judgment, it must give the plaintiff an adequate opportunity to plead a viable cause of action. See Friesenhahn, 960 S.W.2d at 658; Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.1983). However, if the plaintiff's petition affirmatively demonstrates that no cause of action exists or that the plaintiff's recovery is barred, no opportunity to amend is necessary, and summary judgment or dismissal is proper. | Generally, before a court may grant a no cause of action summary judgment, it must give the plaintiff an adequate opportunity to plead a viable cause of action, but if the plaintiff's petition affirmatively demonstrates that no cause of action exists or that the plaintiff's recovery is barred, no opportunity to amend is necessary, and summary judgment or dismissal is proper. | "If plaintiff's petition affirmatively demonstrates that no cause of action exists or that plaintiff's recovery is barred, is no opportunity to amend necessary?" | Pretrial Procedure - Memo 11631 - C - SN_65368.docx | ROSS-003291886-ROSS-003291887 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |
| 915 | Cavaliere v. Duff's Bus. Inst., 413 Pa. Super. 357 | 141E+951 | This is not to say, however, that it should be the policy of this Commonwealth to bar an action against a private trade school in every instance, no matter what the allegations of the complaint. We are convinced that the distinction drawn by the Paladino and Malone courts is valid. We can fathom no policy against permitting a cause of action for breach of contract or misrepresentation where, for example, a private trade school has made a positive representation that a certain curriculum will be offered and the student then finds that such curriculum is not available or where the school has asserted that it is accredited or licensed to give a certain degree and it is later discovered that this is false. In such a case, the nature of the contractual undertaking and the breach thereof are clear and the plaintiff may be able to establish a cause of action against the offending institution. Cf. Reimer v. Tien, 356 Pa.Super. 192, 514 A.2d 566 (1986). | Cause of action may lie for breach of contract or misrepresentation where private school has made positive representation that certain curriculum will be offered, and student finds that such curriculum is not available, or where school has asserted that it is accredited or licensed to give certain degree and it is later discovered that this is false. | Is a cause of action for breach of contract permitted where a private school has made a positive representation that a certain curriculum will be offered and then such curriculum is not available? | 017273.docx | LEGALEASE-00162135-LEGALEASE-00162137 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 916 | Edward L. Nezelek v. Sunbeam Television Corp., 413 So. 2d 51 | 307A+676 | We hold, therefore, that once a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, that complaint may subsequently be dismissed with prejudice only if one of two notice conditions are met, (1) separate notice to plaintiff of hearing on the motion for dismissal with prejudice or entry of final judgment, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice. See National Shawmut Bank of Boston, supra. See, e.g., Churruca v. Miami Jai-Alai, Inc., 271 So.2d 818 (Fla. 3d DCA 1973) (order requiring plaintiff to file sworn answers within fifteen days provided that "complaint of plaintiff will be and is hereby dismissed simultaneously default of this order"). Only such express notice will satisfy the notice requirement of Rule 1.420(b). | Once a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, complaint may subsequently be dismissed with prejudice only if plaintiff is given separate notice of hearing on motion for dismissal with prejudice or entry of final judgment or if order dismissing complaint with leave to amend is made to specifically provide that on failure to amend within stated time, cause will be dismissed without further notice. West's F.S.A. Rules Civ.Proc., Rule 1.420(b). | "When the trial court grants a motion to dismiss or to strike an entire pleading, and the plaintiff does not seek leave to amend, can the court dismiss the complaint with prejudice?" | Pretrial Procedure - Memo 11536 - C - NS_65974.docx | ROSS-003322094-ROSS-003322095 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 917 | Shea v. Boston Edison Co., 431 Mass. 251 | 371+2002 | Regulatory fees "share common traits that distinguish them from taxes: they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner "not shared by other members of society," ... they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge ... and the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses" (citation and footnote omitted). Emerson College v. Boston, supra at 424"425, 462 N.E.2d 1098, quoting National Cable Television Ass'n v. United States, 415 U.S. 336, 341, 94 S.Ct. 1146, 39 L.Ed.2d 370 (1974). | Regulatory fees share common traits that distinguish them from taxes; they are charged in exchange for a particular governmental service which benefits the party paying the fee in a manner not shared by other members of society, they are paid by choice, in that the party paying the fee has the option of not utilizing the governmental service and thereby avoiding the charge, and the charges are collected not to raise revenues but to compensate the governmental entity providing the services for its expenses. | Do fees share common traits that distinguish them from taxes? | Taxation - Memo 1011 - C - JL_66471.docx | ROSS-003281315-ROSS-003281316 | Condensed, SA | 0.3 | 0 | 1 | 0 | 1 | |
| 918 | Davis v. Brown, 87 N.Y.2d 626 | 110+867.20 | The better rule, and the one more in keeping with double jeopardy jurisprudence, is that the defendant may challenge questionable prosecutorial conduct based on the specifically limited theory that the prosecution intended to provoke a mistrial, while reserving the right to have the case determined by the first jury in the event the court rejects the defendant's argument (see, e.g., Weston v. Kernan, 50 F.3d 633, 637"638, cert. denied 516 U.S. 937, 116 S.Ct. 351, 133 L.Ed.2d 247; United States v. Huang, 960 F.2d 1128). | Defendant may challenge questionable prosecutorial conduct based on specifically limited theory that prosecution intended to provoke mistrial, and may limit request for mistrial to grant of mistrial with prejudice, while reserving right to have case determined by first jury in event that trial court rejects defendant's argument. | Can a defendant challenge questionable prosecutorial conduct based on a specifically limited theory that prosecution intended to provoke mistrial? | 015279.docx | LEGALEASE-00162889-LEGALEASE-00162890 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 919 | Ex parte Ariza, 913 S.W.2d 215 | 135H+25 | We next consider whether the forfeiture of the truck amounted to punishment for the offense of delivery of marihuana. We note that the order of the forfeiture and the criminal prosecution is irrelevant to our analysis; the Double Jeopardy Clause will bar the second sanction if both sanctions are deemed punishment. United States v. Tilley, 18 F.3d 295, 298 n. 5 (5th Cir.), cert. denied, 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994). If forfeiture under our statute seeks to approximate the State's costs attributable to investigating and prosecuting the offense giving rise to the forfeiture, thereby serving only the purpose of compensating the State for these costs, then it is remedial in nature and does not constitute punishment. Halper, 490 U.S. at 448, 109 S.Ct. at 1901. On the other hand, if forfeiture serves at least in part to punish the owner of the forfeited property, then it serves as punishment for the purpose of the Double Jeopardy Clause. Id. at 448, 109 S.Ct. at 1901. We begin our analysis with a review of Supreme Court cases that have addressed the issues central to this inquiry. | If forfeiture seeks to approximate state's costs attributable to investigating and prosecuting offense giving rise to forfeiture, thereby serving only purpose of compensating state for such costs, then it is remedial in nature and does not constitute "punishment" for double jeopardy purposes; however, if forfeiture serves at least in part to punish owner of forfeited property, then it serves as punishment for purposes of double jeopardy clause. U.S.C.A. Const.Amend. 5. | "If forfeiture seeks to approximate a state's costs attributable to investigating and prosecuting offense giving rise to forfeiture, is it remedial in nature and does not constitute ""punishment"" for double jeopardy purposes?" | 015195.docx | LEGALEASE-00163623-LEGALEASE-00163624 | Condensed, SA, Sub | 0.57 | 0 | 1 | 1 | 1 | 1 |
| 920 | United States v. McCallum, 721 F.3d 706 | 135H+96 | A different rule applies when a mistrial is declared at the instance of the defendant:A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." United States v. Scott, 437 U.S. 82, 93 [98 S.Ct. 2187, 57 L.Ed.2d 65] (1978).... Only where the governmental conduct in question is intended to "goad " the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. | A defendant's motion for a mistrial constitutes a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact; only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. U.S.C.A. Const.Amend. 5. | "Only where the governmental conduct in question is intended to goad the defendant into moving for a mistrial, can a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion?" | Double Jeopardy - Memo 261 - C - RF_66966.docx | ROSS-003293365-ROSS-003293366 | Condensed, SA | 0.25 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 921 | State v. Davenport,147 So. 3d 137 | 135H+99 | The mistrial in this case was ordered over Davenport objection. We have held "a mistrial declared by the trial court without the consent of the defendant will ordinarily bar further prosecution of him for the same criminal conduct." State v. Lawson, 338 So.2d 627, 629 (La.1976). However, this rule is subject to limited exceptions, where the court-ordered mistrial is regarded as justified in the interests of the accused or as required by physical or legal necessity. See Note, 32 La. L.Rev. 145 (1971) and Official Revision Comments (b) and (c), Article 775 of the Louisiana Code of Criminal Procedure. Id. | A mistrial declared by the trial court without the consent of the defendant will ordinarily bar further prosecution of him for the same criminal conduct; however, this rule is subject to limited exceptions, where the court-ordered mistrial is regarded as justified in the interests of the accused or as required by physical or legal necessity. U.S.C.A. Const.Amend. 5; LSA-Const. Art. 1, S 15; LSA-C.Cr.P. arts. 591, 775. | Will a mistrial declared by a trial court without consent of a defendant bar further prosecution of him for the same criminal conduct? | 015358.docx | LEGALEASE-00163397-LEGALEASE-00163398 | Condensed, SA, Sub | 0.31 | 0 | 1 | 1 | 1 | 1 |
| 922 | Narducci v. Mason's Disc. Store, 518 Pa. 94 | 307A+697 | A request to open a judgment of non pros, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of non pros to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action. Hutchison v. Hutchison, 492 Pa. 118, 422 A.2d 501 (1980); Pappas v. Stefan, 451 Pa. 354, 304 A.2d 143 (1973); Goldstein v. Graduate Hospital of the University of Pennsylvania, 441 Pa. 179, 272 A.2d 472 (1971); Thorn v. Clearfield Borough, 420 Pa. 584, 218 A.2d 298 (1966). A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion. | Request to open judgment of non pros is in nature of appeal to equitable powers of court and, in order for judgment of non pros to be opened, three elements must coalesce: petition to open must be promptly filed; default or delay must be reasonably explained or excused; and facts must be shown to exist which support cause of action. | "In order for a judgment of non pros to be opened, what are the three elements that should coalesce?" | Pretrial Procedure - Memo 11983 - C - SHB_66692.docx | ROSS-003284761-ROSS-003284762 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 923 | Thomas v. Eighth Judicial Dist. Court in & for Cty. of Clark, 402 P.3d 619 | 135H+1 | It is well settled that double jeopardy attaches when the jury is sworn. Hanley v. State, 83 Nev. 461, 465, 434 P.2d 440, 442 (1967). As established by the United States Supreme Court, the protections of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial, create a potential for governmental harassment of the defendant, and enhance the likelihood that an innocent defendant may be convicted. See Arizona v. Washington, 434 U.S. 497, 503"04, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) (noting that a second prosecution "increases the financial and emotional burden on the accused, [and] prolongs the period in which he [or she] is stigmatized by an unresolved accusation of wrongdoing"); see also United States v. DiFrancesco, 449 U.S. 117, 128, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (noting that reprosecution allows the government to "gain [ ] advantage from what it learns at the first trial about the strengths of the defense" and its own weaknesses). Similarly, the interest in the finality of judgments contemplates "the importance to the defendant of being able, once and for all, to conclude his confrontation with society." United States v. Jorn, 400 U.S. 470, 486, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). | The protections of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial, create a potential for governmental harassment of the defendant, and enhance the likelihood that an innocent defendant may be convicted. U.S. Const. Amend. 5; Nev. Const. art. 1, S 8. | Does the protection of the Double Jeopardy Clause arise from the fact that multiple prosecutions seriously disrupt a defendant's personal life during trial? | 016365.docx | LEGALEASE-00165129-LEGALEASE-00165130 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 924 | State v. Paquin, 140 N.H. 525 | 135H+99 | In order to preserve the right to have an empaneled jury decide a case, a trial court may declare a mistrial over the defendant's objection, without jeopardizing retrial, "only if there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." See id. at 730, 422 A.2d at 1321 (quotation omitted). Therefore, the issue we must decide is whether the trial court's decision to grant a mistrial was supported by manifest necessity or the ends of public justice. If the trial court abused its discretion in concluding that manifest necessity required a mistrial, then the double jeopardy clause will bar retrial. State v. Bertrand, 133 N.H. 843, 850-51, 587 A.2d 1219, 1224 (1991). | In order to preserve right to have empaneled jury decide case, trial court may declare mistrial over defendant's objection, without jeopardizing retrial, only if there is manifest necessity for the act, or ends of justice would otherwise be defeated. Const. Pt. 1, Art. 16. | "Can a trial court declare a mistrial over the defendant's objections, without jeopardizing retrial, only if there is a manifest necessity for the act?" | 040998.docx | LEGALEASE-00164266-LEGALEASE-00164267 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 925 | United States v. Sammaripa, 55 F.3d 433 | 135H+7 | The double jeopardy clause of the Fifth Amendment of the Constitution protects a defendant's "valued right" to have a particular tribunal give complete consideration to his case. Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978). This right "is sometimes subordinate to the public's interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." Id. at 505, 98 S.Ct. at 830. | Double jeopardy clause of Fifth Amendment of Constitution protects defendant's valued right to have particular tribunal give complete consideration to his case; this right is sometimes subordinate to public's interest in affording prosecutor one full and fair opportunity to present his evidence to impartial jury. U.S.C.A. Const.Amend. 5. | Will consideration be given to the defendant's valued right to have his trial completed by the particular tribunal? | 014678.docx | LEGALEASE-00165673-LEGALEASE-00165674 | Condensed, SA | 0.26 | 0 | 1 | 0 | 1 | |
| 926 | Ex parte Peterson, 117 S.W.3d 804 | 135H+99 | Both the Double Jeopardy Clauses of the Fifth Amendment and of Art. 1, section 14 of the Texas Constitution "protect a criminal defendant from repeated prosecutions for the same offense." Although a defendant has a "valued right to have his trial completed by a particular tribunal," neither constitutional provision guarantees that the State "will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." Thus, double jeopardy principles do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine; or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. | Double jeopardy principles do not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that: (1) was justified under the manifest necessity doctrine, or (2) was requested or consented to by the defense, absent prosecutorial misconduct which forced the mistrial. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Do double jeopardy principles not forbid multiple trials of a single criminal charge if the first trial resulted in a mistrial that was justified or requested? | 016215.docx | LEGALEASE-00165529-LEGALEASE-00165530 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 927 | Santiago v. State, 644 N.W.2d 425 | 135H+99 | Subdivision 3(3) mandates that if a district court determines that severance is necessary to achieve a fair determination of guilt or innocence, the court needs to make a finding of manifest necessity if the defendant does not consent to severance. Minn. R.Crim. P. 17.02, subd. 3(3). The comments to the ABA Standards indicate that the test for manifest necessity embodies the constitutional right against double jeopardy. ABA Standards 13"3.1(b) cmt, 13"3.2(b) cmt. A defendant's double jeopardy right attaches once the jury is sworn. State v. McDonald, 298 Minn. 449, 215 N.W.2d 607, 608"09 (1974). Thus, a preverdict termination of the trial as to some or all charges would bar a subsequent trial on the terminated charges unless the defendant has consented to the preverdict termination or unless the preverdict termination is based on manifest necessity. ABA Standards 13"3.1(b) cmt. Manifest necessity normally consists of circumstances that make the continuation of the trial or the prospect of a fair verdict either impossible or highly unlikely. ABA Standards 13"3.1(b) cmt, 13"3.2(b) cmt. | "Manifest necessity" permitting retrial following the preverdict termination of a trial, without implicating constitutional protections against double jeopardy, normally consists of circumstances that make the continuation of the trial or the prospect of a fair verdict either impossible or highly unlikely. U.S.C.A. Const.Amend. 5. | "Does ""manifest necessity"" permitting retrial following the preverdict termination of a trial normally consist of circumstances that make the continuation of the trial or the prospect of a fair verdict either impossible or highly unlikely?" | 015946.docx | LEGALEASE-00166305-LEGALEASE-00166306 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 528 | Eight Against Brownsburg Annexation v. Town of Brownsburg, 3274-3.14 798 | 3074+154 | The standard of appellate review for Trial Rule 12(B)(1) motions to dismiss is a function of what occurred in the trial court. GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind.2001). If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Id. Under those circumstances no deference is afforded the trial court's conclusion because "appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." Id. (quoting Bader v. Johnson, 732 N.E.2d 1212, 1216 (Ind.2000)). Thus, we review de novo a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where, as here, the facts before the trial court are undisputed. Id. As a general proposition, the party challenging subject matter jurisdiction carries the burden of establishing that jurisdiction does not exist. Id. at 404. | If facts before trial court are not in dispute then question of subject matter jurisdiction is purely one of law. Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. Trial Procedure Rule 12(B)(1). | If facts before trial court are not in dispute then is the question of subject matter jurisdiction purely one of law? | Pretrial Procedure - Memo #1665 - C - BP.docx | ROSS-003189593 ROSS-003189595 | Condensed, SA, Sub 0.53 | 0 | 1 | 1 | 1 | |
| 529 | St. Paul Ins. Co. v. Hayes, 2001 ME 71; 770 A.2d 611 | 3074+46 | In determining whether a dismissal was an appropriate sanction, the trial court should weigh the equities involved. In the specific context of the discovery rules: (1) the party conduct throughout the proceedings; (3) the party bears fault for the discovery violation, (4) prejudice to the other parties; and (5) the need for the orderly administration of justice. Baker Table, Inc. v. City of Portland, 2000 ME 7, 743 A.2d 237, 240 (citations omitted). Our analysis of these factors leads us "to determine whether the violation of a discovery rule can be so extreme so as to call into question "to be continued to secure the just, speedy and inexpensive determination of every action." M.R. Civ. P. 1. Further, Rule 1 serves "the purpose of the Maine Rules of Civil Procedure, Employee Staffing of Am., Inc. v. Travelers Ins. Co., 674 A.2d 506, 508 (Me.1996). In short, the purpose of the discovery rules is to serve the sporting theory of justice and to enforce full disclosure." Between the parties. Id. (quoting Shaw v. Packard, 24 N.E.2d 297, 298 (1997)). | In determining whether a dismissal was an appropriate sanction, the trial court should consider the following factors: (1) the specific purpose of the discovery rules; (3) the party's conduct throughout the proceedings; (4) prejudice to the other parties, and (5) the need for the orderly administration of justice. Rules Civ.Proc., Rule 1. | "In determining whether a dismissal was an appropriate sanction for court should the court take into account the purpose of the specific rule at issue?" | 03A287.docx | LEGALEASE-00144789 LEGALEASE-00144790 | SA, Sub 0.56 | 0 | | 1 | 1 | |
| 530 | Garcia v. Barreiro, 115 S.W.3d 271 | 3074+497 | When a case is dismissed for want of prosecution, "the court shall reinstate the case upon finding, after a hearing, that the failure of the party or his attorney to appear ... was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has otherwise been reasonably explained." Tex.R. Civ. P. 165a(3). A failure to appear is not intentional or the result of conscious indifference within the meaning of our rules merely because it is deliberate; it must also be without adequate justification. Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied. Id.; Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81 84 (Tex.1992). Also, conscious indifference means more than mere negligence. Smith, 913 S.W.2d at 468; Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex.1966). | "Conscious indifference," in context of rule requiring reinstatement of a case following dismissal for want of prosecution if party's failure to appear was not intentional or result of conscious indifference but was due to accident or mistake, means more than mere negligence. Vernon's Ann.Texas Rules Civ.Proc. Rule 165a, subd. 3. | "Is "conscious indifference," in context of rule requiring reinstatement of case following dismissal for want of prosecution if party's failure to appear not intentional or result of conscious indifference?" | 03F774.docx | LEGALEASE-00159337 LEGALEASE-00159339 | Condensed, SA, Sub 0.65 | 0 | 1 | 1 | 1 | |
| 531 | Rowe v. HCA Health Servs. of Oklahoma, 1307-3d 732 | 3074+695 | Where a district court grants a motion to dismiss for failure to state a claim, it must grant the plaintiff leave to file an amended petition if the defect can be remedied. Kelly v. Abbott, 1989 OK 124, ¶ 5, 781 P.2d 1188, 1190. The district court has a duty to permit the plaintiff to amend if the defect can be remedied. Id. As such, if the plaintiff must file the amended petition. Id. at 10, 781 P.2d at 1191. If the district court does not prescribe a time, the defendant who obtained the dismissal has the responsibility to move the case to trial. Id. The district court may refuse to allow a plaintiff leave to amend only if it appears that the plaintiff cannot state a claim. Id. at ¶ 6, 781 P.2d at 1190 (quoting the committee comment for 2012). No such finding was made by the trial court. | When a District Court grants a motion to dismiss for failure to state a claim, it must grant plaintiff leave to file an amended petition if defect can be remedied, and District Court has duty to specify time within which plaintiff must file the amended petition; if District Court does not prescribe a time, defendant who obtained dismissal has responsibility to move court to set time. 12 Okl.St.Ann. § 2012(G). | "When a District Court grants a motion to dismiss for failure to state a claim can a plaintiff have the opportunity to file an amended petition if defect cannot state a claim?" | Pretrial Procedure 11417 - C - PB_64449.docx | ROSS-003251618 ROSS-003251619 | Condensed, SA 0.49 | 0 | 1 | | 1 | |
| 532 | In re Dudley, 502 B.R. 259 36+1 | 36+1 | A noteholder in possession of a non-negotiated negotiable instrument can acquire the right of a holder through the common law process of subrogation, which allows the payor on a debt to step into the shoes of the creditor to "recover the payment obligation ... the note or otherwise." Mass. Assoc. v. DiPasquale, 457 Mass. 327, 700 N.E.2d 331, 334 (1998). Equitable subrogation will apply if (1) the subrogee made the payment to protect his or her own interest, (3) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. Id.(quoting East Boston Savings Bank v. Ogan, 428 Mass. 327, 701 N.E.2d 331, 334 (1998)). Equitable subrogation will apply if (1) the subrogee made the payment to protect his or her own interest, (3) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. Id. In light of the five-prong test, the Court concludes that MCA has not explained the factors must be satisfied before MCA's debt was subrogated to the rights of Fleet & Main under the Note. | Under Massachusetts law, a five-factor test is used in determining whether equitable subrogation applies: applicant must show all five factors, pursuant to which subrogation will apply if (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What are the factors necessary for equitable subrogation to apply? | Subrogation - Memo 188 - ANG-C.docx | ROSS-003310152-ROSS-003310154 | SA, Sub 0.71 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 593 | Admiral Ins. Co. v. Arrowood Indem. Co., 471 B.R. 687 | 35k1 | The Texas Supreme Court later clarified that there are two types of subrogation. Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex.2007). Contractual (or conventional) subrogation is created by an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of a loss, while equitable (or legal) subrogation does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. Id. (citation omitted). "In either case, the insurer stands in the shoes of the insured, obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured." Id. (citation omitted). "[It]owers is the only common law lien that arises in the context of third-party insurers responding to insured demands." held Centenni 1203 SW3d at 776. (citation omitted). | There are two types of subrogation under Texas law: "contractual subrogation," i.e., "conventional subrogation," that is created by an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of a loss, and "legal subrogation," that does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable, and which in equity should have been paid by the latter. | What are the types of subrogation? | Subrogation - Memo 25 1 - VFC.docx | ROSS-003100344-ROSS-003100345 | SA; Sub | 0.48 | 0 | 1 | | | |
| 594 | Upstate Shredding v. Carlos Well Supply Co., 84 F. Supp. 2d 357 | 25T+152 | "A court asked to stay proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration." Oldroyd, 134 F.3d at 757X; see also Genesco, Inc., 815 F.2d at 844 (internal citations omitted). Once courts have reduced the question of whether a particular dispute is subject to arbitration to a two step inquiry—"whether the parties agreed to arbitrate, and, if so, whether the scope of that agreement encompasses the asserted claims." Progressive, 991 F.2d at 45 (quoting David L. Threlkeld & Co., Inc. v. Metallgesellschaft Ltd., 923 F.2d 245, 249 (2d Cir. 1991), cert. dismissed, 501 U.S. 1267, 112 S.Ct. 17, 115 L.Ed.2d 1094 (1991)); see also Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S., 9 F.3d 1060, 1063 (2d Cir. 1993). The Court must address those factors in resolving with respect to Plaintiff's claims and Carlos' cross-claims against Wakeinda. | A court asked to stay proceeding pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration: 9 U.S.C.A. § 1 et seq. | What aspects are considered by courts to determine arbitrability of a particular dispute? | Alternative Dispute Resolution - Memo 66 - JS.docx | LEGALEASE-00001416-LEGALEASE-00001417 | SA; Sub | 0.58 | 0 | | 1 | | |
| 595 | Hess Collection Winery v. California Agr. Labor Relations Bd., 140 Cal. App. 4th 1584 | 231H+130 | Resolution of disputed contract issues through a binding process is commonly referred to as "interest arbitration." In labor law, interest arbitration "refers to a judicial process, (see Burns Int'l Sec. Servs. Group (9th Cir.2002) 279 F.3d 375, 1078, fn. 3.) "Interest arbitration, unlike grievance arbitration, focuses on what the terms of a new agreement should be, rather than on the meaning of the terms of an existing agreement. Thus, the arbitrator is acting as a judicial officer, construing the terms of an existing agreement and applying them to a particular set of facts. Rather, he is acting as a legislator, fashioning new contractual obligations." (Local 58, IBEW v. Southeastern Mich. Chapter, Nat'l Elec. Contrs. Ass'n (6th Cir.1994) 43 F.3d 1026, 1030.) | Resolution of disputed contract issues through a binding process is commonly referred to as "interest arbitration." In labor law, unlike grievance arbitration, it focuses on what the terms of a new agreement should be, rather than the meaning of the terms of an existing agreement, and the arbitrator is not acting as a judicial officer, construing the terms of an existing agreement and applying them to a particular set of facts, but rather, he is acting as a legislator, fashioning new contractual obligations. | What is interest arbitration? | Alternative Dispute Resolution - Memo 25 - JS.docx | ROSS-002928300-ROSS-003928007 | SA; Sub | 0.3 | 0 | 1 | | | |
| 596 | Norris v. Bangor Pub. Co., 53 F. Supp.2d 495 | 237+48(1) | There are three categories of "public figures." (1) public figures for all purposes (those who "occupy positions of especial prominence in the affairs of society," who have achieved "pervasive fame or notoriety," or who "occupy—positions of—persuasive power and influence"); (2) involuntary public figures (those who arise into the spotlight through no purposeful action); and (3) limited purpose public figures (those who "have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved"). Waldbaum, 627 F.2d at 1296 (construing Gertz, Inc. v. Robert Welch, Inc. v. Robert, 418 U.S. at 345, 351, 94 S.Ct. 2997). In this case, Defendant contends the Plaintiff is a "limited purpose public figure" regarding "two specific issues." It is to this category of public figure the Court to 346, 351, 94 S.Ct. 2997. | There are three categories of "public figures," who are subjected to higher standard of proof as defamation plaintiffs: (1) public figures for all purposes, who have assumed roles of especial prominence in the affairs of society or achieved pervasive fame or notoriety, or who occupy positions of persuasive power and influence; (2) involuntary public figures, who arise into the spotlight through no purposeful action; and (3) limited purpose public figures, who have thrust themselves to the forefront of particular public controversies in order to influence resolution of the issues involved. | What are the different categories of public figures recognized by law? | Trespass - Memo 18 - RK.docx | ROSS-00172203-ROSS-00172204 | SA; Sub | 0.33 | 0 | | 1 | | |
| 597 | Ross v. Lowitz, 222 N.J. 494 | 386+2 | In this case, liability without fault should not be imposed, whether that activity be classified as a nuisance or a trespass, absent intentional or hazardous activity requiring a higher standard of care or, as a result of some compelling policy reason. Cf. Berg, supra, 129 N.J.Super. at 473; Johnson v. Kolibas, 75 N.J. Super. 56, 75, 182 A.2d 290; see also Russ mt. Kan v. Kaporch, 125 N.J.Super. 485, 467, 291 A.2d 373 (Law Div.1972) (discussing liability for private nuisance). Contra, "Negligence of the defendant, although one might urge and the consequent total attached... The outcome "should not make a negligent or unreasonable use of his land when compared with the rights of the property ingest on the adjoining lands." Burke, supra, 239 N.J.Super. at 473, 571 A.2d 799; both the same consideration of that private nuisance and a claim for trespass?... a claim for trespass?"are governed by that fixed standards. | Strict liability for fault should not be imposed, whether the activity be classified as a nuisance or a trespass, absent intentional or hazardous activity requiring a higher standard of care or, as a result of some compelling policy reason. | Can strict liability be imposed, whether that activity be classified as a nuisance or a trespass, absent intentional or hazardous activity requiring a higher standard of care or, as a result of some compelling policy reason? | Trespass - Memo 16 RK.docx | ROSS-003283589-ROSS-003283590 | Condensed; SA | 0.72 | 0 | | | 1 | |
| 598 | Stirling v. Garritee, 18 Md. | 242+2 | The object of the legislature in passing the Act of 1856, was, "to simplify the rules and forms of pleadings and practice in courts of law," and while the Act classifies and codifies these new forms of action for those on contract, and for actions for wrongs independent of contract, yet it may be apparent that the distinctive nature of action remains, although the old forms have been abolished and the new ones adapted. It is impossible to disregard the substantial principles which underlie our system of jurisprudence, and to some extent govern the forms of action. These principles cannot be misapprehended. Inasmuch as the new system has changed or simplified. To disregard them would lead to endless confusion, and tend to defeat the purposes of justice. | Despite the simplification brought to the Act of 1856, is it necessary that a pleading must still regard substantial principles underlying the system of jurisprudence and govern the forms of action? | 000857.docx | LEGALEASE-00117893-LEGALEASE-00117893 | Condensed; SA; Sub | 0.59 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 939 | Goldberg v. State Farm Auto. Mut. Ins. Co., 922 So. 2d 983 | 366+1 | The issue presented in this case is whether the payment by State Farm to Yeager entitles State Farm to subrogation from Goldberg.To state a cause of action for equitable subrogation, the allegations of the complaint must demonstrate that: "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party." Pac. Ins. Co., Ltd. v. Botelho, 891 So.2d 587, 590 (Fla. 3d DCA 2004) (quoting Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999)). | To state a cause of action for equitable subrogation, the allegations of the complaint must demonstrate that: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | What must the allegations of the complaint demonstrate to state a cause of action for equitable subrogation? | Subrogation - Memo # 426 - C - SA.docx | ROSS-003285331 | Condensed, SA | 0.42 | 0 | 1 | 0 | 1 | |
| 940 | Casstevens v. Smith, 269 S.W.3d 222 | 366+1 | The right of equitable subrogation arises when one pays the debt of another for which the other is primarily liable. For instance, if Casstevens had paid off the Carrolls' bank note in its entirety, under this theory Casstevens would step into the position of the bank and could recover from the Carrolls for the amount paid. Here, Casstevens is not attempting to assert a subrogation right against the Carrolls, but asserts that this right defeats or dilutes the ownership acquired by the Smiths when they acquired the bank's lien. We do not believe this is the purpose of the equitable subrogation doctrine"instead, the doctrine allows the payor to assert rights owned by a creditor against the party primarily liable"in this case, the Carrolls. Equitable subrogation is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable. Bennett Truck Transport, L.L.C. v. Williams Bros. Constr., 256 S.W.3d 730 (Tex.App."Houston [14th Dist.] 2008, no pet.). The purpose is to prevent the unjust enrichment of the debtor who was primarily liable. Smart v. Tower Land & Inv. Co., 597 S.W.2d 333, 337 (Tex.1980). Here, any right of subrogation owned by Casstevens could be asserted only against the Carrolls (the parties primarily liable), not against the bank or the Smiths. | Equitable subrogation is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable. | Is equitable subrogation a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable? | Subrogation - Memo # 502 - C - NO.docx | ROSS-003311244-ROSS-003311246 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 941 | Beadall v. Moore, 199 A.D. 531 | 8.30E+11 | The place of performance of a bill of exchange or a promissory note is the place of payment. When a bill or note is executed in one state or country and payable in another, the general rule is that it is governed, as to its nature, validity, interpretation, and effect, by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place (8 C. J. 92), especially where the note would be void in the place where made and valid where it was payable. The parties would be presumed to have intended to make a valid and enforceable instrument instead of one that was void. | Place of performance of a bill of exchange or a promissory note is the place of payment, and when a bill or note is executed in one state or country and payable in another, the general rule is that it is governed as to the nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | What is the general rule that governs the interpretation of a promissory note? | 009548.docx | LEGALEASE-00122324-LEGALEASE-00122325 | SA, Sub | 0.2 | 0 | 0 | 1 | 1 | |
| 942 | Texaco v. Short, 454 U.S. 516 | 92+3978 | As emphasized above, appellants do not challenge the sufficiency of the notice that must be given prior to an adjudication purporting to determine that a mineral interest has not been used for 20 years. Appellants simply claim that the absence of specific notice prior to the lapse of a mineral right renders ineffective the self-executing feature of the Indiana statute. That claim has no greater force than a claim that a self-executing statute of limitations is unconstitutional. The Due Process Clause does not require a defendant to notify a potential plaintiff that a statute of limitations is about to run, although it certainly would preclude him from obtaining a declaratory judgment that his adversary's claim is barred without giving notice of that proceeding. | Due process clause does not require defendant to notify a potential plaintiff that statute of limitations is about to run, although it certainly would preclude him from obtaining declaratory judgment that his adversary's claim is barred without giving notice of that proceeding. U.S.C.A.Const.Amends. 5, 14. | Does the Due Process Clause require a defendant to notify a potential plaintiff that a statute of limitations is about to run? | 017424.docx | LEGALEASE-00121904-LEGALEASE-00121905 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 943 | Am. Int'l Indus. v. Plumbers Woodwork Co., 114 Ga. App. 490 | 343+2433 | While a plea of total failure of consideration includes a partial failure, and no abatement in the amount sued for can be had unless the amount thereof be shown by the evidence (Grier v. Enterprise Stone Company, 126 Ga. 17(1), 54 S.E. 806; Crouch & Son v. Spooner, 9 Ga.App. 695(2), 72 S.E. 61), it does not follow that where there is no valid plea of total failure of consideration, the plea of partial failure of consideration must allege the monetary extent of such partial failure as against a general demurrer or motion to strike where it sufficiently alleges the nature of the defect of the merchandise which was the subject matter of the contract. Ford v. Serenado Mfg. Co., 27 Ga.App. 535(1), 536, 109 S.E. 415. A general demurrer or motion to strike does not reach a mere defect in certainty or particularity of a plea which states a substantial defense. Bailey, etc., Co. v. Guthrie, 1 Ga.App. 350(3), 58 S.E. 103. | A plea of total failure of consideration includes a partial failure, and no abatement in amount sued for can be had unless amount thereof be shown by evidence, but it does not follow that where there is no valid plea of total failure of consideration, the plea of partial failure of consideration must allege the monetary extent of such partial failure as against a general demurrer or motion to strike where it sufficiently alleges the nature of the defect of the merchandise which was subject matter of contract. | Does a plea of total failure of consideration include a partial failure of consideration? | 022920.docx | LEGALEASE-00121932-LEGALEASE-00121933 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 944 | Roth v. Roth, 176 S.W.3d 735 | 307A+3 | In paragraph 5 of his answer pleading, Defendant plainly stated that he was entitled to credits and set-offs in return for the reasonable value of Plaintiff's use of and access to the property secured by the note. Defendant alleged the credits and set-offs were equal to $50,000. This short and plain statement of facts clearly conveys that Defendant intended to raise an affirmative defense concerning credits and set-offs. Moreover, in light of the fact that the trial court allowed Defendant's affirmative defenses as stated in paragraph 4 of the answer pleading to go forward and the fact that those affirmative defenses were pled in the same manner and in the same answer pleading as paragraphs 5 and 6, Plaintiff had sufficient notice of all of Defendant's affirmative defenses such that Plaintiff could prepare for trial. While a motion in limine is normally used to exclude evidence in a jury trial that would be unfairly prejudicial or inflammatory, it should not be employed to choke off a party's entire claim or defense. Cass Bank & Trust Co. v. Mestman, 888 S.W.2d 400, 404 (Mo.App. E.D.1994). | While motion in limine is normally used to exclude evidence in jury trial that would be unfairly prejudicial or inflammatory, it should not be employed to choke off party's entire claim or defense. | "While motion in limine is normally used to exclude evidence in jury trial that would be unfairly prejudicial or inflammatory, should it be employed to choke off party's entire claim or defense?" | 024091.docx | LEGALEASE-00121898-LEGALEASE-00121899 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 945 | Dept. Of Transp. v. Wallace Enterprises, 234 Ga. App. 1 | 307A+3 | Division 1, through 6 cannot adversely to DOT so that the trial court properly granted the motion in limine. "A motion in limine is a pretrial method of determining the admissibility of evidence, so as to secure a pretrial ruling on admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds." ... | "Motion in limine" is pretrial method of determining admissibility of evidence; a party may secure pretrial ruling on admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds. | "Is a motion in limine a pretrial method of determining admissibility of evidence; a party may secure pretrial ruling on admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in context of trial as it unfolds?" | 02417.docx | LEAGEA4E-00225050 LEAGEA4E-00225055 | Condensed; SA | 0.7 | 0 | 1 | | 1 | |
| 946 | Jacobsen v. Colonial Pipeline Co., 237 Ga. App. 441 | 307A+3 | Jacobsen contends that the trial court erred by admitting the testimony of Jaimie Hollingshead regarding the appraisal of the hospital's ... | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of trial as it unfolds. | "Is a motion in limine a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of trial as it unfolds?" | Pretrial Procedure Memo # 177 - C - AP.docx | ROS5-00328413-ROS5-00328427 | Condensed; SA | 0.82 | | 1 | | 1 | |
| 947 | State v. Winston, TX Ohio App. 3d 154 | 110+32(4) | A motion in limine is a request that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of actual presentation of evidence to trier of fact, usually before trial. ... | "Motion in limine" is request that court limit or exclude use of evidence which movant believes to be improper, and is made in advance of actual presentation of evidence to trier of fact, usually before trial. | "Is a motion in limine a request that the court limit or exclude use of evidence which the movant believes to be improper, and is made in advance of actual presentation of evidence to trier of fact?" | Pretrial Procedure Memo # 384 - C - NE.docx | ROS5-00328886-ROS5-00328887 | Condensed; SA | 0.7 | 1 | 0 | | 1 | |
| 948 | In re Rampgo's 5, 378 B.R. 890 | 366+1 | "[S]ubrogation is the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim succeeds to the legal rights and claims of the original creditor with respect to the loss or claim." ... | "Subrogation" is the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the "subrogee," "is placed in the shoes of the person who suffered the loss, the "subrogor." | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right, by which the party paying the loss or claim, that is, the "subrogee," "is placed in the shoes of the person who suffered the loss, the "subrogor"?" | Subrogation - Memo # 528 - C - ND.docx | ROS5-00331474-ROS5-00331478 | Condensed; SA | 0.58 | 1 | 0 | | 1 | |
| 949 | In re Travelers Prop. Cas. Co. of Am., 465 S.W.3d 921 | 13+61 | "As a general rule, a cause of action accrues when facts come into existence that authorize a party to seek a judicial remedy." Providence Life & Acc. Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003) ... | As a general rule, a cause of action accrues when facts come into existence that authorize a party to seek a judicial remedy. | Does a cause of action accrue when facts come into existence that authorize a party to seek a judicial remedy? | Action Memo # 72 - C - UK.docx | ROS5-00329299 ROS5-00329298 | Condensed; SA | 0.48 | 1 | 0 | | 1 | |
| 950 | Genter v. Blair Co. Convenience & Sports Facilities Auth., 805 A.2d 51 | 149e+2.1 | Section 502(a)(9) of the Code permits a individual to petition for means to secure compensation to any party who may be liable to ... | "Dia facto taking" occurs when an entity clothed with power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property. | "What kind of taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property?" | Eminent Domain - Memo 207 - QP.docx | ROS5-00328490-ROS5-00328492 | Condensed; SA | | | 0 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 951 | In re Frick & Procida Holdings and Hold Ltg, 834 F. Supp. 2d 1141 | 221v142 | Under "Act of joint doctrine," every sovereign state is bound to respect the independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory. | The classic statement of the Act of State Doctrine was made more than 80 years ago… | "Under the act of state doctrine, courts in the United States are bound to respect the independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another done within its own territory?" | International Law Memo #70 - C - L4.docx | PGSS-00311092 / RGSS-00311092 | Condensed, SA, Sub 0.69 | | 0 | 1 | 1 | | |
| 952 | Hourani v. Mirtchev, 796 F.3d 1 | 221v142 | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | Finally, it bears noting that the Hourani Claims arose… | "Is the function of the act of state doctrine to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations?" | 079940.docx | LEGALEASE-00121624 / LEGALEASE-00121626 | Condensed, SA | 0.81 | | 1 | 0 | 1 | |
| 953 | United States v. Keller, 451 F. Supp. 631 | 221v134 | Law of nations permits exercise of criminal jurisdiction by nation under five general principles: territorial, wherein jurisdiction is based on nationality or national interest is injured; universal, wherein jurisdiction is based on whether national interest is injured; universal, which amounts to physical custody of offender; and passive personal, wherein jurisdiction is based on nationality or national character of the victim. | But the mere physical presence of Defendants before this Court… | What are the five general principles under which law of nations permits exercise of criminal jurisdiction? | 079968.docx | LEGALEASE-00121336 / LEGALEASE-00121200 | Condensed, SA | 0.59 | | 1 | 0 | 1 | |
| 954 | Hilao v. Texas, 157 F.3d 153 | 221v142 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | International comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation…" | "Under principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries?" | 079061.docx | LEGALEASE-00123429 / LEGALEASE-00123429 | SA, Sub | 0.71 | | 1 | | 1 | |
| 955 | Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru, 109 F.3d 850 | 221v142 | Under principles of international comity, United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries. | International comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation…" | "Under principles of international comity, do United States courts ordinarily refuse to review acts of foreign governments and defer to proceedings taking place in foreign countries?" | 050075.docx | LEGALEASE-00123193 / LEGALEASE-00123194 | Condensed, SA | 0.61 | | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 956 | Beagle v. Motor Vehicle Acc. Indemnification Corp., 44 Misc.2d 636 | 221+136 | In a geographical sense, a "State" is the territory over which a particular body politic exercises sovereignty and land over which state has neither title nor jurisdiction it may tie within its exterior boundaries. | Both by wording of the statutes (sections 605, 606, 607 and 618, for insurance law and predicated upon the accident's having happened within this state...) | What does State in a geographical sense mean and does text state whether it may lie within its exterior boundaries, form a part of it? | International Law Memo #101 - C_ANC.docx | ROSS-00026219-ROSS-00026220 | Condensed, SA | 0.7 | 0 | 1 | | | |
| 957 | Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Tr. Co., 161 Misc. 903 | 221+134 | Power conferred on federal government to grant or revoke concessions cannot exclude power to assign property which accrues under budgetary and financial powers of Union of Soviets and its centralized control of entire national economy. | The Constitution of the U.S.S.R. must be interpreted in the light of the character of this new system and the social purposes intended by this constitution... | Can power conferred on federal government to grant oil or mineral concession exclude power to assign property belonging to a state which accrues under budgetary and financial powers of the State? | 02028.k.docx | LEGALEASE-00121668-LEGALEASE-00121670 | SA, Sub | 0.93 | 0 | | 1 | | |
| 958 | Bryan v. Brown Childs Realty Co., 252 Ga. App. 502 | 30.7A+3 | Admission or exclusion of evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion, but the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Whether to grant or deny a motion in limine is a matter resting in the sound discretion of the trial court... | Is admission or exclusion of evidence within the sound discretion of the trial court and how should the court exercise its power while granting of a motion in limine excluding evidence? | Pretrial Procedure Memo #111 - C_ANC (1).docx | ROSS-00012936810-ROSS-00012938811 | Condensed, SA | 0.79 | 0 | 1 | | | |
| 959 | Rufo v. Simpson, 86 Cal. App. 4th 573 | 30.7A+3 | Ordinarily the opponent of evidence need not object until the evidence is introduced, and a pretrial motion in limine is an additional protective device for the opponent of the evidence, to prevent the proponent from even mentioning potentially prejudicial evidence to the jury. | On appeal, Simpson argued that the Plaintiffs were not aware as of the commencement of the trial that the former wanted not appear at the trial and that therefore, Simpson would have to rely exclusively on his testimony in the criminal trial... | Is a pretrial motion in limine merely an additional protective device for the opponent of the evidence to prevent the proponent from even mentioning potentially prejudicial evidence to the jury? | Pretrial Procedure Memo #112 - C_OR.docx | ROSS-00011268-ROSS-00011310 | SA, Sub | 0.87 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,079 |
| 960 | Jacobsen v. Colonial Pipeline Co., 237 Ga. App. 441 | 30.7k+3 | Jacobsen contends that the trial court erred by admitting testimony of attorney Nicking regarding the appraisal of damages to Jacobsen's property. At Jacobsen's request, the trial court issued an order in limine prohibiting the introduction by the Nelsons of any evidence of a settlement amount Jacobsen received following a settlement with his title insurance company. The order also forbade that Nicking testify could refer to the appraisal of the trees made pursuant to this settlement. However, following the parties' opening statements, the trial court noted that Jacobsen's attorney "represented to the court that he was going to get into facts that had been handled by the ... appraisal," at which point the trial court notified the parties that it would reform the jury that it would reform the order that it had been already admitted the subject of an appraisal process. In doing so, the trial court modified its earlier order on Jacobsen's motion in limine with respect to the appraisal. A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | "Is a motion in limine a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds?" | 030966.docx | LEGALEASE-00125974-LEGALEASE-00125975 | Condensed, SA | 0.81 | 0 | 1 | 1 | 1 | |
| 961 | Philippine Exp. & Foreign Loan Guarantee Corp. v. Chuidian, 218 Cal. App. 3d 1058 | 221+342 | The act of state doctrine is a judicially created doctrine treating as non-justiciable claims that challenge certain acts of foreign sovereigns, where judicial resolution of such claims may embarrass United States foreign policy or otherwise intrude upon the domain of the executive branch of government. (United Bank Intern. v. Banco Credito Agricola (2d Cir. 1983) 757 F.2d 516, 520-521; Banco Nacional de Cuba v. Sabbatino (1964) 376 U.S. 398, 428, 84 S.Ct. 923, 940, 11 L.Ed.2d 804.) Normally the doctrine does not bar inquiry as to the validity of extraterritorial takings. (Ibid; Banco Nacional de Cuba v. Chemical Bank New York (2d Cir. 1981) 658 F.2d 903, 908; see also the acts precluding sovereign immunity to the validity of extraterritorial takings of the validity of his claim. We intentionally accepted this argument when we dismissed suit in Philippine case in an earlier proceeding in which it challenged on the basis of the act of state doctrine the court's power to compel its obedience to its judgment. In that court, we also sought the advice of the Department of State as to whether it had a position; it did not respond, a factor relevant to our determination. (See First Nat. City Bk. v. Banco Nacional de Cuba (1972) 406 U.S. 759, 770, 92 S.Ct. 1808, 1817-1815, 32 L.Ed.2d 466.) We agree with Chuidian that the act of state doctrine does not provide immunity for Philippine treat regarding any United States assets it may have. | "Act of state doctrine" is a judicially created doctrine treating as non-justiciable claims that challenge certain acts of foreign sovereigns, where judicial resolution of such claims may embarrass United States foreign policy or otherwise intrude upon legislative domain of executive branch of government. | "Is the act of state doctrine is a judicially created doctrine treating as non-justiciable claims that challenge certain acts of foreign sovereigns?" | International Law Memo 600 - The.docx | ROSS-003033611-ROSS-003283614 | Condensed, SA | 0.82 | 0 | 1 | | 1 | |
| 962 | West v. Multibanco Comermex, S.A., 807 F.2d 820 | 221+342 | The act of state doctrine is a combination justiciability and abstention rule precluding or justifying non-justiciability in order to bar reaching the merits of a case in order to avoid embarrassment of foreign governments in politically sensitive matters. (370 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964).) It prohibits U.S. courts from inquiring into the validity of acts of another sovereign, although we find it embarrassment of foreign governments in politically sensitive matters, and the would otherwise have jurisdiction in order to avoid embarrassment of the governments in politically sensitive matters and interference with foreign policy. The underlying conduct of our own foreign policy. See e.g., International Association of Machinists & Aerospace Workers, (IAM) v. Organization of Petroleum Exporting Countries (OPEC), 649 F.2d 1354 (9th Cir. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1036, 71 L.Ed.2d 319 (1982). The classic statement of the doctrine is found in Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897).Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. | "Act of state doctrine" prohibits United States courts from reaching the merits of a case in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with foreign policy? | "Does the act of state doctrine prohibit the United States courts from reaching the merits of a case in order to avoid embarrassment of foreign governments in politically sensitive matters and interference with foreign policy?" | 020374.docx | LEGALEASE-00124992-LEGALEASE-00124993 | Condensed, SA | 0.73 | 1 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 21,876 | 9,029 |
| 963 | Duff & Phelps v. Vitro S.A.B. de C.v., 18 F. Supp. 3d 375 | 11+2341 | "International comity has been described by the Supreme Court as 'the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.'" JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 423 (2d Cir.2005) ("JP Morgan") (quoting Hilton v. Guyot, 159 U.S. 113, 164, 16 S.Ct. 139, 40 L.Ed. 95 (1895)). The Second Circuit has "repeatedly noted the importance of extending comity to foreign bankruptcy proceedings." Finanz AG Zurich v. Banco Economico S.A., 192 F.3d 240, 246 (2d Cir.1999); see also JP Morgan, 412 F.3d at 424 ("We have repeatedly held that U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding."). Because the "line drawn in each country's bankruptcy laws may vary," courts will generally "extend comity whenever the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy." In re Maxwell Communication Corp., 93 F.3d 1036, 1048 (2d Cir.1996) (citations omitted). | District court generally will afford comity to foreign bankruptcies, so long as that proceeding abided by fundamental standards of procedural fairness, so long as that proceeding does not violate the laws or public policy of the United States. | "Will an American court afford comity to foreign bankruptcies, only if these proceedings do not violate the laws or public policy of the United States, and if the foreign court abides by fundamental standards of procedural fairness?" | 020180.docx | LEGALEASE 00126286–LEGALEASE 00126288 | Order, SA | 0.87 | 1 | | | 1 | |
| 964 | Nat'l Grp. for Commc'ns of Belmar v. Lucent Techs. Int'l, Inc., 331 F.B.D. 329 | 221+342 | The Supreme Court has made it clear that "[t]he act of state doctrine is not 'some principle of absolute order' rule." Sabbatino, 376 U.S. at 438, 84 S.Ct. at 940. Rather than formalistically applying the doctrine whenever it is technically available, a court must therefore employ a sort of balancing approach to determine whether the policies underlying the doctrine justify its application. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. at 706. Thus, this doctrine of state determines whether the policies underlying the doctrine justify its application in the affairs of the foreign states whose acts are in question." Thus, the appropriateness of its application is for the judiciary to decide, regarding it, since the courts can then focus on the application of an adjudicatory principle to circumstances of the foreign state's act in question. We have, therefore, to weigh the possibility of establishing a principle not inconsistent with the national interest or with international justice. It is also evident that some aspects of international law touch much more sharply on national nerves than do others; the less important the implications of an issue are for our foreign relations, the weaker the justification for exclusivity in the political branches. The balance of relevant considerations may also be shifted if the government which perpetrated the challenged act of state is no longer in existence, as in the Bernstein case, for the political interest of this country may, as a result, be measurably altered. Sabbatino, 376 U.S. at 428, 84 S.Ct. at 940. | Rather than formalistically applying the act of state doctrine whenever it is technically available, a court must employ a sort of balancing approach to determine whether the policies underlying the doctrine justify its application. | "Rather than formalistically applying the act of state doctrine whenever it is technically available, must a court employ a sort of balancing approach to determine whether the policies underlying the doctrine justify its application?" | International Law Memo # 81 - C - MG.docx | ROSS-003239403-ROSS-003239405 | Condensed, SA | 0.86 | | | | 1 | |
| 965 | Bank Tejarat v. Varsho-Saz, 723 F. Supp. 516 | 221+342 | The act of state doctrine provides that a United States court will not adjudicate a politically sensitive dispute which would require the court to judge the legality of the sovereign act of foreign states within that state's own territory. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 925, 11 L.Ed.2d 804 (1964); see also, W.S. Kirkpatrick Co., cert. denied, 464 U.S. 869, 104 S.Ct. 196, 78 L.Ed.2d 172 (1983). "The purpose of the doctrine is to prevent the judiciary from embroiling the courts in controversy touching on the affairs of the foreign nations whose acts are challenged." Republic of the Philippines v. Marcos, 818 F.2d 1473, 1483 (9th Cir.1988) (en banc), cert. denied, 490 U.S. 1035, 109 S.Ct. 1933, 104 L.Ed.2d 404 (1989). A court that passes on the validity of an act of state intrudes on executive authority, for the executive is "the guiding organ in the conduct of our foreign affairs," but there is no "constitutional underpinnings" to the doctrine. Id. (quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 937, 11 L.Ed.2d 804 (1964)). The burden of establishing the applicability of the act of state doctrine is on the proponent. Galu v. Swiss Air Transport Co., Ltd., 873 F.2d 650 (2d Cir.1989). | "Act of state doctrine" provides that a United States court will not adjudicate a politically sensitive dispute which would require the court to judge the legality of the sovereign act of foreign states within that state's own territory. | Does the act of state doctrine provide that a United States court will not adjudicate a politically sensitive dispute which would require the court to judge the legality of an act of foreign state completed within that state's territory? | International Law Memo # 41 - C - MG.docx | ROSS-003239403-ROSS-003239402 | Condensed, SA | 0.8 | | | | 1 | |
| 966 | Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | Here, application of the act of state doctrine fails in the first step. To understand why, it is necessary to understand the concept of jus cogens norms of international law, the violation of which is also "universally agreed upon norms." "Accepted and recognized by the international community of States as a whole." Yousuf v. Samantar, 699 F.3d 763, 774 (4th Cir.2012), cert. denied, ––– U.S. –––, 134 S.Ct. 897, 187 L.Ed.2d 693 (2014) (internal quotation marks and citations omitted). As a result, acts that violate jus cogens norms are not officially sanctioned acts of the sovereign. See Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 718 (9th Cir.1992) ("International law does not recognize an act that violates jus cogens norms cannot as an act of a sovereign, the state that sponsored it would not be able to claim a sovereign immunity. The act of state doctrine is meant to prevent our courts from passing judgment on the official acts of a foreign sovereign. But jus cogens norms cannot serve as a basis for the act of the doctrine."). | As act that violates jus cogens norms of international law cannot be an officially sanctioned act of the sovereign. | Can an act that violates jus cogens norms of international law preclude the application of the act of state doctrine that would require courts from passing judgment upon the validity of the sovereign foreign power committed within its own territory? | 020765.docx | LEGALEASE 00124209 LEGALEASE 00124301 | Condensed, SA | 0.67 | | | | 1 | |
| 967 | W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400 | 221+342 | The short of the matter is this: Courts in the United States have the power, and ordinarily the obligation, to decide cases and controversies properly presented to them. The act of state doctrine does not establish an exception for cases and controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. That doctrine has no application to the present case because the validity of no foreign sovereign act is at issue. | Act of state doctrine does not establish exceptions to obligation of United States courts to decide cases and controversies that may embarrass foreign governments? | Does the act of state doctrine not establish an exceptions to the obligation of the United States courts to decide cases and controversies that may embarrass foreign governments? | 020817.docx | LEGALEASE 00124258–LEGALEASE 00124260 | Condensed, SA | 0.42 | | | 0 | 1 | |

184

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 968 | Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114 | 221+342 | As a general matter, however, the act of state doctrine only applies to acts occurring within the state's territorial boundries, Allied Bank, 757 F.2d at 521, because it is usually only when the state has the actual power to complete the action at issue within its own borders that the state can be said to have a reasonable expectation of dominion over the matter. Libra Bank, 570 F.Supp. at 883"84. It is, in turn, only when the state has such an expectation that judicial interference with its acts tends to vex our relationship with the foreign government. Id.[W]hen a foreign government performs an act of state which is an accomplished fact, that is when it has the parties and the res before it and acts in such a manner as to change the relationship between the parties touching the res, it would be an affront to such foreign government for the courts of the United States to hold that such act was a nullity. | As a general matter, act of state doctrine only applies to acts occurring within state's territorial boundaries, because it is usually only when state has actual power to complete action at issue within its own borders that state can be said to have a reasonable expectation of dominion over the matter; it is, in turn, only when state has such an expectation that judicial interference with its acts tends to vex relationship of United States with foreign government. | Does the act of state doctrine only apply to acts occurring within state's territorial boundaries? | 020910.docx | LEGALEASE-00124518-LEGALEASE-00124519 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 969 | Durdin v. Taylor, 159 Ga. App. 675 | 307A+1 | We affirm. In the first place we reject the argument that factual issues in a motion to dismiss are matters to be decided by a jury. A preliminary hearing of defenses of lack of jurisdiction over the person and improper venue whether made in a pleading or by motion may be heard and determined by the court before trial on the application of any party. Code Ann. " 81A-112(d) (Ga.L.1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). At such hearing factual issues shall be determined by the trial court. Hatcher v. Hatcher, 229 Ga. 249, 250, 190 S.E.2d 533; Marvin L. Walker & Assoc. v. A. L. Buschman, Inc., 147 Ga.App. 851, 852(1), 250 S.E.2d 532) . | Preliminary hearing of defenses of lack of jurisdiction over person and improper venue, whether made in pleading or by motion, may be heard and determined by trial court before trial on application of any party, and factual issues shall be determined by trial court at such hearing. Code, S 81A-112(d). | "When may a preliminary hearing of defenses of lack of jurisdiction over a person and improper venue, whether made in pleading or by motion, be heard and determined by trial court?" | 031110.docx | LEGALEASE-00125136-LEGALEASE-00125137 | Order, SA | 0.56 | 1 | 0 | 0 | 1 | |
| 970 | Carlson Heating v. Onchuck, 104 Wis. 2d 175 | 307A+1 | The trial courts must have the authority to require each side to reveal in a timely manner the names of their lay witnesses in order to aid in the prompt and fair disposition of cases before them. As stated in Latham v. Casey & King Corp., 23 Wis.2d 311, 314, 127 N.W.2d 225, 226 (1964), "(t)he general control of the judicial business before it is essential to the court if it is to function." Every court has inherent power, exercisable in its sound discretion, consistent within the constitution and statutes, to control disposition of causes on its dockets with economy of time and effort. See also State v. Braunsdorf, 98 Wis.2d 569, 297 N.W.2d 808 (1980) and Jacobson v. Avestruz, 81 Wis.2d 240, 260 N.W.2d 267 (1977), where our supreme court discusses the doctrine of inherent powers | Every court has inherent power, exercisable in its sound discretion, consistent within Constitution and statutes, to control disposition of causes on its dockets with economy of time and effort. | "Does every court have an inherent power, exercisable in its sound discretion, consistent within Constitution and statutes, to control disposition of causes on its dockets with economy of time and effort?" | 031174.docx | LEGALEASE-00125207-LEGALEASE-00125209 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 971 | Fergus v. Songer, 150 Cal. App. 4th 552 | 30+3959 | Where, as here, the granting of a motion in limine disposes of one or more causes of action, it is the functional equivalent of the granting of a nonsuit as to those causes of action. In such circumstances, "we must view the evidence most favorably to appellants, resolving all presumptions, inferences and doubts in their favor, and uphold the judgment for respondent[ ] [on the applicable causes of action] only if it was required as a matter of law. [Citations.]" (Edwards v. Centex Real Estate Corp., supra, 53 Cal.App.4th at p. 28, 61 Cal.Rptr.2d 518.). | Where the granting of a motion in limine disposes of one or more causes of action, it is the functional equivalent of the granting of a nonsuit as to those causes of action, and in such circumstances, the appellate court must view the evidence most favorably to appellants, resolving all presumptions, inferences, and doubts in their favor, and must uphold the judgment for appellee on the applicable causes of action only if it was required as a matter of law. | Is the granting of a motion in limine the functional equivalent of the granting of a nonsuit as to those causes of action as a matter of law? | 038280.docx | LEGALEASE-00124210-LEGALEASE-00124211 | SA, Sub | 0.17 | 0 | 0 | 1 | 1 | |
| 972 | Raymond City Coal & Transp. Corp. v. New York Cent. R. Co., 103 F.2d 56 | 70+30 | Tariff schedules are to be construed as a whole including footnotes according to their sense and meaning as collected in the first place from the terms used which are to be understood in their plain, ordinary and popular sense unless, by the known usage of trade, they have acquired a peculiar meaning distinct from the popular one or unless the context points out they must be understood in some special and peculiar sense. If doubtful in meaning the construction will be applied that is most favorable to the shipper. | Tariff schedules are to be construed as a whole, including footnotes, according to their sense and meaning as collected in the first place from the terms used which are to be understood in their plain, ordinary and popular sense unless by the known usage of trade they have acquired a peculiar meaning distinct from the popular one or unless the context points out they must be understood in some special and peculiar sense. | "Should tariff schedules be construed as a whole, including footnotes?" | 042287.docx | LEGALEASE-00125242-LEGALEASE-00125243 | Condensed, SA | 0.18 | 0 | 1 | 0 | 1 | |
| 973 | Am. Ins. Co. v. Ohio Bur. of Workers Comp., 62 Ohio App. 3d 921 | 366+7(1) | We think the proper rule is that, when equitable, a surety is subrogated not only to the rights of the obligee, but also to the rights and remedies of the principal against third parties, where those rights arise from or are closely related to the debt the surety is called to pay under the suretyship agreement. As equity is served and unjust enrichment avoided, this rule is entirely consistent with the well-established law of subrogation. If Wilson Freight had paid its debt to the Industrial Commission, Transport's policy would have required it to indemnify Wilson Freight. We see no reason why Transport should be absolved of its contractual obligation simply because a surety steps in and discharges Wilson Freight's obligation to the Industrial Commission. Once the obligation of its principal is completely discharged, American steps into the shoes of its principal, Wilson Freight, and is entitled to exercise any rights arising from the debt paid, specifically the right to indemnification under Transport's policy of excess indemnity insurance. | When equitable, surety is subrogated not only to rights of obligee but also to rights and remedies of principal against third parties, where those rights arise from or are closely related to debt that surety is called to pay under suretyship agreement. | "When equitable, is a surety subrogated not only to the rights of an obligee but also to the rights and remedies of the principal against third parties, where those rights arise from or are closely related to a debt that the surety is called to pay under the suretyship agreement?" | 044376.docx | LEGALEASE-00125525-LEGALEASE-00125526 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 974 | San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, 73 Cal. App. 4th 517 | 148x87 | Where a public entity condemns certain real property, and the removal or relocation of either tangible or intangible personal property is impossible due to the condemnatory act, the owner is entitled to be justly compensated for the loss of property, regardless of its nature. West's Ann. Cal. Const. Art. 1, § 19 | We further acknowledge that where a condemnation results in the loss of a business or property interest arising from either tangible or intangible personal property is impossible due to the condemnatory act, the owner is entitled to be justly compensated for the loss of property, regardless of its nature. (Baldwin Park Redevelopment Agency v. Irving (1984) 156 Cal.App.3d 428, fn. 4, 202 Cal.Rptr. 792; ...) However, Handlery provides no authority for its specific proposition that a de facto taking of personal property, tangible or intangible, where the claiming party has no property interest in the real property taken, then the real property interest is inextricably intertwined with the business of operating the golf course. Without the former, there would not exist, if in fact one existed, a compensable personal property interest remains. This is so because once the real property interest is terminated, so is the business. Where the lease term expires naturally according to its terms, unaffected by condemnation or precondemnation conduct, there is no causal relationship between the later termination of the real property and the demise of the business. A fortiori, there has been no related loss. | "Is the owner entitled to be justly compensated, if the removal or relocation of either tangible or intangible personal property is impossible due to the condemnatory act?" | Eminent Domain - Memo 251 - GP.docx | ROSS-000291935-ROSS-000291936 | SA_Sub | 0.8 | 0 | | 1 | | |
| 975 | Unity Real Estate Co. v. Hudson, 977 F. Supp. 717 | 148x2.2 | Even when regulation results in claimant's loss of property in its entirety, if government does not appropriate the property for its own use, but instead acts to ensure stability of a private fund, then no unconstitutional taking can be found. U.S.C.A. Const. Amend. 5 | It is undisputed that in application of the Coal Act will have a severe economic impact on Unity, and this Court continues to have concern over the wisdom of legislation that may have the effect of driving a company into bankruptcy. I am persuaded, however, that even when a regulation results in a claimant's loss of property in its entirety, if the government does not appropriate the property for its own use, but instead acts to ensure the stability of a private fund, then no unconstitutional taking can be found. See Connolly, 475 U.S. 211, 224-225, 106 S.Ct. at 1024 ("Given the propriety of the governmental power to regulate, it cannot be said that Congress's action to stabilize whenever legislation requires one person to use his own resources to relate to related loss. | "Can a taking be found when a regulation results in a claimant's loss of property in its entirety, if the government does not appropriate the property for its own use, but instead acts to ensure the stability of a private fund?" | 01765.docx | (LEAD)USE_00230505 (LEAD)LEAD_00230510 | Condensed_SA | 0.66 | | 1 | 0 | | |
| 976 | Menze Cas. Co. v. Lewis, 41 Cal. App. 2d 958 | 114x5 | A court of equity is not without jurisdiction of the parties and of the subject matter and makes a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made rather than at the inception of the litigation. | The point that the cross-complaint upon which Collins had judgment herein was prematurely filed is not tenable. The Collins judgment against cross-defendant Bridges arising out of the accident was entered September 27, 1937. It became final on November 26, 1937. The cross-complaint of Collins was filed in this case on October 25, 1937. The trial hereinwas began December 6, 1937, and judgment entered May 25, 1938. The cause was for declaratory relief and hence in equity; it is a settled rule that a court of equity having jurisdiction of the parties and of the subject matter will make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time the decree is made rather than at the inception of the litigation. 10 Am.Jur. pp. 281, 283. Furthermore, if the pleading of the judgment was insufficient that was cured because the pleading was filed. When the case was at issue that point was first called to the attention of the trial court it was the duty of the court to continue the proceedings until such time as the pleading might properly be filed. Faggartn. v. Porter, 26 Cal.App.2d 645, 79 P.2d 756, Contra; Smith, 134 Cal. 117, 66 P. 81; Kregar v. Superior Court, 139 Cal.App. 178, 33 P.2d 189, 137. In the ordinary case, of course, the filing of a cross-complaint prior to the maturity of the cause of action would afford grounds for pleading could have been properly filed. Such was the situation when the judgment was offered in evidence. It is enough that the judgment being sued upon had matured before the trial and before the entry of the decree. No injury was suffered by the appellant from the fact that the pleading was filed about that period of time was not ordered. Manifestly there is not old on popular the plaintiff's rights. | Will a court of equity having jurisdiction of the parties and of the subject matter make a final disposition of the litigation governed by the circumstances as they are shown to exist at the time rather than at the inception of the litigation? | Action - Memo # 875 - C - KRM.docx | ROSS-000298371-ROSS-000298373 | Condensed_SA | 0.84 | 1 | 0 | | 1 | |
| 977 | Broyles v. Cate, 289 Ky. 837 | 302x2.8(1) | An amended or supplemental petition in any action is permissible where it sets up facts material to the case as presented, or serves to explain or perfect a clear proof of the issue of action originally stated, except where it sets up new notes which have become due pendente lite, & has a new claim of relief or a new statement of the issue in a case where it has been previously stated. Yet the amendment relates back to time of filing. Civ.Code Prac. §§ 134, 135. | An amended or supplemental petition in any action is permissible where it sets up facts material to the case as presented or serves to explain or perfect a clear proof of the issue of action originally stated, except where it sets up new notes which have become due pendente lite, but a new statement of the issue in a case where it has been previously stated. Yet the amendment relates back to time of filing. Civ.Code Prac. §§ 134, 135. | Is an amended or supplemental petition in any action permissible? | Action - Memo # 911 - C - ES.docx | ROSS-000312796 | SA_Sub | 0.35 | 0 | | 1 | | |
| 978 | Farley v. Dep't of Human Servs., 623 A.2d 664 | 148x2.2 | Since, as discussed in Thibault, the present plaintiff's holds no constitutionally protected property rights in the improperly withheld pass through funds, the reduction of AFDC benefits does not constitute a taking. "The concept of a taking does not apply to an overpayment of money to the state by a citizen, whether in the form of a welfare or a fine under a statute later declared unconstitutional." Rawon, 483 U.S. at 605, 107 S.Ct. at 3019 (emphasis in original). | Since, as discussed in Thibault, the present plaintiffs hold no constitutionally protected property rights in the improperly withheld pass through funds, the reduction of AFDC benefits does not constitute a taking. "The concept of a taking does not apply to an overpayment of money to the state by a citizen, whether in the form of a welfare or a fine under a statute later declared unconstitutional." | "Does the concept of a taking apply to an overpayment of money to the state by a citizen, whether in the form of a welfare reimbursement, tax payment or fine under a statute later declared unconstitutional?" | 01766b.docx | (LEAD)USE_00227344 (LEAD)LEAD_00227345 | Condensed_SA | 0.75 | 0 | 1 | | 1 | |

186

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 979 | Empress Casino Joliet Corp. v. W.E. O'Neil Const. Co., 2016 IL App (1st) 151166 | 366+35 | The only Illinois case the plaintiffs offer in support of their argument is Third Swansea Properties, Inc. v. Ockerlund Construction Co., 41 Ill.App.3d 894, 354 N.E.2d 148 (1976). Although at first blush that decision appears factually similar, a thorough reading reveals that it is not a waiver of subrogation case. In Third Swansea, the plaintiffs, owners (and lessor-occupants) of a property on which a bakery addition was being erected and that was damaged by fire during the construction, sued, inter alia, a subcontractor involved in the project. Third Swansea, 41 Ill.App.3d at 895, 354 N.E.2d 148. While the contract at issue contained a waiver of liability clause, it also obligated the plaintiffs to obtain insurance, which they apparently failed to do so, leaving them uncompensated for their loss. See Third Swansea, 41 Ill.App.3d at 896"97, 354 N.E.2d 148. Although the court in Third Swansea concluded that the plaintiffs could proceed against the subcontractor with their willful and wanton claims, it found that it was unable to determine from the record presented whether the insurance, if it had been obtained by the plaintiffs, would have been so comprehensive so as to bar the plaintiffs' subrogation action or whether it would have covered only the subcontractor's interest in the project and thus allowed the action for damages directly against the subcontractor. Since the parties here do not dispute that Empress had three insurance policies in place at the time of the renovation project, and that the three insurers collectively reimbursed Empress for its fire losses, Third Swansea is inapplicable. Therefore, we conclude that nothing in our State's law or public policy prevents competent parties to a construction contract to negotiate a full waiver of subrogation rights (regardless of fault) among themselves, so as to require one of them to obtain insurance and have the insurer provide the sole recovery for the identified loss. Accordingly, we conclude that | Competent parties to a construction contract are not prohibited by law or public policy from negotiating a full waiver of subrogation rights, regardless of fault, among themselves, so as to require one of them to obtain insurance and have the insurer provide the sole recovery for the identified. | Are competent parties to a construction contract prohibited by law or public policy from negotiating a full waiver of subrogation rights? | Subrogation - Memo # 1195 - C - KBM.docx | ROSS-003287020-ROSS-003287021 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 980 | Johnson v. Smith, 215 N.C. 322 | 13+65 | The plaintiff in the Pitt County case is the defendant in this case and is therefore the same party; and the plaintiff in this case is the administratrix of the defendant in the Pitt County case, and is, in our opinion, in contemplation of law the same party. The administratrix succeeded to all the rights and assets of her intestate and is subjected to all of his debts and liabilities, and the right to maintain an action for the wrongful death of her intestate is but a statutory continuation, extension and enlargement, of the right that existed prior to his death in favor of her intestate to maintain a cross action or counterclaim for personal injuries in the action instituted against him in Pitt County. "No action abates by the death of a party" and "the court may allow the action to be continued, by, or against, his representative or successor in interest." C.S. " 461. Thus is recognized the continuity of the parties to actions instituted by or against a decedent prior to his death with the parties to such actions continued by or against his personal representative after his death. Latham v. Latham, 178 N.C. 12, 100 S.E. 131. The two actions, the Pitt County action and the Harnett County action, are substantially on the same subject matter, namely, damages suffered by reason of one and the same negligently caused automobile collision. All the material questions and rights involved in the Harnett County case, namely, as to whose negligence caused the collision and the quantum of damage suffered, may be determined in the Pitt County case, by the defendant therein (plaintiff herein) denying the allegations of negligence of her intestate, and filing a cross action or counterclaim for the wrongful death of her intestate, as she is permitted so to do by C. S. " 521(1), since such counterclaim arises out of the transaction set forth in the complaint as the foundation of the plaintiff's claim and is connected with the subject of the action. "A counterclaim connected with plaintiff's cause of action or | A counterclaim connected with plaintiff's cause of action or with subject of it will usually take its rise before action is brought, but it is not required that such counterclaim should entirely mature before action is commenced, nor even before answer is filed, but if provisions of Code permit, and justice requires amendment be allowed which will enable parties to end same controversy in one litigation. C.S. S 521(1). | Will a counterclaim connected with a plaintiff's cause of action take its rise before an action is brought? | 043272.docx | LEGALEASE-00128443-LEGALEASE-00128445 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 981 | Sourbier v. State, 498 N.W.2d 720 | 413+1 | Under workers' compensation law, an employer provides, secures, or pays compensation for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury. Iowa Code " 85.3. Damages for personal injuries generally consist of loss of earnings, medical expenses, and mental and physical pain and suffering. 22 Am.Jur.2d Damages " 133 (1988). We have recognized an employee's amount of recovery in a third-party action might be greater than the workers' compensation paid, "since there may be other elements of damage allowed in an action for tort, as, for instance, pain and suffering, etc." Black v. Chicago Great W. Ry. Co., 187 Iowa 904, 917, 174 N.W. 774, 779 (1919). | Under workers' compensation law, employer provides, secures, or pays compensation for any and all personal injuries sustained by employee arising out of and in course of employment, and in such case, employer is relieved from other liability for recovery of damages or other compensation for such personal injury. I.C.A. S 85.3. | "Under workers compensation law, does an employer provide, secure, or pay compensation for any and all personal injuries sustained by an employee arising out of and in the course of employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury?" | 048555.docx | LEGALEASE-00128713-LEGALEASE-00128714 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 982 | Pulte Homes of New York v. Planning Bd. of Town of Carmel, 136 A.D.3d 643 | 228+303 | Trial courts and appellate courts have discretion pursuant to CPLR 5019(a) to correct mistakes, defects, or irregularities so as to modify an order or judgment (see Kiker v. Nassau County, 85 N.Y.2d 879, 881, 626 N.Y.S.2d 55, 649 N.E.2d 1199). "Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, CPLR 5019(a) is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate pursuant to CPLR 5015(a)" (Chmelovsky v. Country Club Homes, Inc., 111 A.D.3d 874, 875, 976 N.Y.S.2d 508; see Johnson v. Societe Generale S.A., 94 A.D.3d 663, 664, 943 N.Y.S.2d 74; Goldberger v. Eisner, 90 A.D.3d 835, 836, 935 N.Y.S.2d 135; Mount Sinai Hosp. v. Country Wide Ins. Co., 81 A.D.3d 700, 701, 916 N.Y.S.2d 228). | Where a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, a motion to amend a judgment is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate. McKinney's CPLR 5015(a), 5019(a). | When a movant seeks to change an order or judgment in a substantive manner should relief be sought through a direct appeal? | 008177.docx | LEGALEASE-00129059-LEGALEASE-00129060 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 983 | Lewis & Sons v. Mathes, 406 N.E.2d 1195 | 307A=501 | In determining whether to grant a voluntary dismissal "the court should follow the judicial principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Stern v. Inter-Nbk, 260 Ind. 316, 348, 295 N.E.2d 799, 801 (concurring opinion, J. Prentice). See Lon-Morris Oil Co. v. Union Oil Co., 443 U.S. 789, 793, 61 S.Ct. 513 (1977). Such an affirmative example of any prejudice other than the fact some issues are still justiciable and that a second lawsuit causing them to incur further expense could be initiated. Thus, Dexcelsion has not shown legal prejudice under the Indiana standard as discussed in Holder or substantial prejudice as illustrated in the above language of Stern's Indiana Federal Practice. | In determining whether to grant a voluntary dismissal "the court should follow the judicial principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Rule 76.4(a). | "In determining whether to grant a voluntary dismissal, should a court follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice?" | Pretrial Procedure - Memo # 1004 - C - SK.docx | ROSS-003300373 /ROSS-003300372 | Condensed, SA, Sub | 0.68 | 0 | 1 | | 1 | 1 |
| 984 | Edenfield v. Crisp, 186 So. 2d 545. | 307A=742.1 | Under his procedural authority at pretrial conference, the judge may narrow or clarify the issues between the parties and specify the issues to be tried, specify any amendments if any is to be made to the pleadings, recognize any admissions of fact and of documents, limit the number of expert witnesses, make preliminary rulings on matters of law relating to case, and adjudge competency and admissibility of evidence. 30 T.L.A. Rule of Civil Procedure, rule 1.16. Under his procedural authority at pretrial conference, the judge may narrow or clarify the issues between the parties to provides the rules, then v. 17245 Collins Ave., Inc., Fla. 195758 So.2d 490. And when the trial judge goes adduce written in relation at the holding of a pretrial conference, the litigants thereupon are put upon affirmative notice that the judge will keep their rights to the litigation within them whatever, and may have exclude any of the broad powers of him at disposal at such hearing, even the particular areas and subject matters to be covered. Green v. Maraj Const. Co., Fla App 1964 159 So.2d 881. | Under his authority at pretrial conference, circuit court judge may narrow or clarify issues between parties, specify issues to be tried, specify any amendments to be made to pleadings, recognize admissions of fact and of documents, limit number of expert witnesses, make preliminary ruling on matters of law relating to case, and adjudge competency and admissibility of evidence. 30 T.L.A. Rule of Civil Procedure, rule 1.16. | What will a circuit court judge under his authority at pretrial conference do? | 0265914.docx | LEGALEASE-00129923 /LEGALEASE-00129924 | Condensed, SA, Sub | 0.62 | 0 | 1 | | 1 | 1 |
| 985 | Brown v. Brown, 110 Md. 280 | 307A=501 | We favor the more liberal doctrine and rules of practice of the later adjudications. Accordingly we set all opinions that, where a plea in abatement is filed setting up the pendency of a former suit and it appears that the second suit was not brought to harass or vex defendant, but for the same cause, if it appears that the second suit was not brought to harass or vex the defendant, the second suit will be allowed to stand and the first to be discontinued; and it must be held in that case it is equitable to allow the second suit to proceed and the first to be discontinued, on the ground that substantial rights, and, in any event, to the expense and delay of a disposition of the original suit for his adjudication of the subject of the second suit, and thereby subject the plaintiff to the possible loss of substantial rights, and, in any event, to the expense of starting anew. | Where a plea is filed setting up the pendency of a former suit, and it appears that the second suit was not brought to harass or vex defendant, but for the same cause, the second suit will be allowed to stand and the first to be discontinued? | "Where a plea is filed setting up the pendency of a former suit, and it appears that the second suit was not brought to harass or vex the defendant, will the second suit be allowed to stand and the first to be discontinued?" | Pretrial Procedure - Memo # 1623 - C - NC.docx | ROSS-003327663 /ROSS-003327664 | Condensed, SA | 0.63 | 0 | 1 | | 0 | 1 |
| 986 | Hartford Ac. & Indem. Co. v. Duvall, 113 N.W. 28 | 413=1 | It has long been established that workmen's compensation is remedial in character, designed to provide, in substitution for common law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination. Maihafer's Estate, 86 N.W. 145, 246, 253 N.W. 436, 615 (1921); see Cafferata v. Cafferata, 96 N.W. 243, 244, 73 A.662, 806 (1938). The provisions of the 1971 amendment were designed to further this purpose, and to assure prompt payment of compensation to workmen found to be entitled thereto, after administrative hearing of the parties involved. | Workmen's compensation is remedial in character, designed to provide, in substitution for common law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination. | "Is workmens compensation remedial in character which is designed to provide, in substitution for common law remedies in tort, a liability without fault for limited compensation, capable of ready and early determination?" | 0478Z0.docx | LEGALEASE-00130147- /LEGALEASE-00130148 | Condensed, SA | 0.63 | 0 | 1 | | 0 | 1 |
| 987 | Lewis v. Marcott Corp., 264 Ga. 475 | 307A=501 | The intent of the legislature in enacting OGCA "9-11-41(a) was to give a plaintiff an opportunity to escape from an untenable position" and to relitigate the case, and thus there is no "bad faith exception" to the right to dismiss and later relitigate. see Jones v. Jackson, 88 S.E.2d 58 (1955). However, the right to dismiss voluntarily is not without limit. In addition to the requirements in OGCA "9-11-74(a) regarding the timing of dismissal and regarding cases in which a defendant may be dismissed without the plaintiff's consent, the right of voluntary dismissal has always been subject to a judicially created limitation prohibiting its exercise, where the conduct is amounting to an abuse or the court of its intention to rule in favor of the defendant. Mahonia v. O'Kelley, 185 Ga App. 219, 363 S.E.2d 626 (1987). The reason for that limitation is explained in Peoples Bank of Talbotton v. Exchange Bank, 119 Ga. 366, 146 S.E. 418 (1903). The promise ... is that where a judgment would result in the actual trial reached in the suit by the tribunal which is to pass upon it, he cannot, by exercising his right of voluntary dismissal, deprive the opposite party of the rights so acquired. The actual, not of the possible, result of a case which precludes the exercise of the right of dismissal. | The intent of the legislature in enacting a statute regarding dismissal of actions was to give a plaintiff opportunity to escape from an untenable position and to relitigate the case, and thus there is no bad faith exception to right to dismiss and later relitigate, despite inconvenience and irritation to defendant. O.C.G.A. § 9-11-41(a). | Is the intent of the legislature in enacting a statute regarding dismissal of actions to give a plaintiff opportunity to escape from an untenable position and to relitigate the case? | Pretrial Procedure - Memo # 1237 - C - DA.docx | ROSS-003327769 /ROSS-003327864 | SA, Sub | 0.79 | | | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 988 | Cotton v. Ostroski, 250 Neb. 911 | 307A+749.1 | In compliance with this pretrial order, Gary's statement of elements stated that he intended to establish (1) Janice's mental capacity and (2) the fact that Janice's decision to remove her name from the certificate of deposit was motivated by Renee's undue influence. In addition, Gary listed Dr. Terry M. Himes as a witness. Gary stated that Himes would testify to, inter alia, Janice's physical and mental condition, and Himes' opinion as to Janice's mental capacity. The issues set out in a pretrial order supplant those raised in the pleadings. Engelhaupt v. Village of Butte, 248 Neb. 827, 539 N.W.2d 430 (1995); Malerbi v. Central Reserve Life, 225 Neb. 543, 407 N.W.2d 157 (1987). The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end, litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. In view of the pretrial order, Renee and Robbie cannot argue that they did not have notice that lack of mental capacity would be an issue in this case. We find that the petition states sufficient facts to establish that Gary was entitled to recover under the theory of lack of mental capacity as pled. The petition and the pretrial order sufficiently advised Renee and Robbie of the issues that would be presented at trial and were sufficient to support the theory of recovery upon which the trial court entered judgment for Gary. | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | "Is the purpose of pretrial conference to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial?" | 027513.docx | LEGALEASE-00130747-LEGALEASE-00130748 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 989 | Church of Peace v. City of Rock Island, 357 Ill. App. 3d 47 | 371+2001 | Taxes are "an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government." People ex rel. County of DuPage v. Smith, 21 Ill.2d 572, 583, 173 N.E.2d 485 (1961). In contrast, a service charge or fees are "contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield." Smith, 21 Ill.2d at 583, 173 N.E.2d 485. The plaintiffs maintain that a tax is levied as a contribution "in return for the general welfare" while a fee gives a particular benefit to the property assessed. North Pole Corp. v. Village of East Dundee, 263 Ill.App.3d 327, 337, 200 Ill.Dec. 721, 635 N.E.2d 1060 (2nd Dist.1994). | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amount is determined by the cost of the property or improvement and the consideration of the return which such an expenditure should yield. | What is the contrast between a tax and a service charge? | Taxation - Memo # 179 - C - SS.docx | LEGALEASE-00021143-LEGALEASE-00021144 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | |
| 990 | Fiorito v. Bellocchio, 2013 IL App (1st) 121505 | 307A+517.1 | The bases for defendant's motion to dismiss were sections 2"1009 and 13"217 of the Code. Section 2"1009 gives a plaintiff the right to voluntarily dismiss an action, without prejudice, in whole or in part any time before trial or hearing begins. 735 ILCS 5/2"1009 (West 2010); Hudson v. City of Chicago, 228 Ill.2d 462, 483, 321 Ill.Dec. 306, 889 N.E.2d 210 (2008). Section 13"217 provides a plaintiff with the right to refile the cause of action within one year of the date of the dismissal order, regardless of the fact that the statute of limitations may have run during that time. Mercantile Holdings, Inc. v. Feldman, 258 Ill.App.3d 748, 751, 196 Ill.Dec. 800, 630 N.E.2d 965 (1994). Section 13"217 is termed a "savings statute" or "revival statute" because it "revives" a plaintiff's previous, timely filed complaint, beyond the limitations period, where no adjudication on the merits has been obtained and the complaint has been dismissed for procedural reasons. Mercantile Holdings, 258 Ill.App.3d at 751, 196 Ill.Dec. 800, 630 N.E.2d 965. | A plaintiff has the right to refile the cause of action within one year of the date of an order of voluntary dismissal, regardless of the fact that the statute of limitations may have run during that time. S.H.A. 735 ILCS 5/2-1009, 5/13-217. | "Does a plaintiff have the right to refile the cause of action within one year of the date of the dismissal order, regardless of the fact that the statute of limitations may have run during that time?" | 027638.docx | LEGALEASE-00132266-LEGALEASE-00132267 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 991 | Neff v. Rose, 546 So. 2d 480 | 307A+749.1 | La.C.C.P. Art. 1551 authorizes the trial court to modify pre-trial orders to prevent "manifest injustice." While pre-trial orders assist the trial court in the orderly management of its cases, La.C.C.P. Art. 1551 does not authorize severe limitation of a party's rights for the technical, though justifiable, violation of a pre-trial order. Here, an important and previously missed injury (brain damage) was diagnosed approximately two months prior to trial and defense counsel was promptly notified. Plaintiff's counsel (not his original attorney) notified his opponent approximately 40 days prior to trial. He amended the answers on the third work day after the date of Dr. Howard's report and the first work day following the pre-trial deadline. | Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party's rights for the technical, though justifiable, violation of a pretrial order is not authorized. LSA-C.C.P. art. 1551. | "Although pretrial orders assist the trial court in the orderly management of its cases, severe limitation of a party's rights for the technical, though justifiable, is violation of a pretrial order authorized?" | Pretrial Procedure - Memo # 2332 - C - KG.docx | ROSS-003288202-ROSS-003288203 | Order, SA | 0.69 | 1 | 0 | 0 | 1 | |
| 992 | Reynolds v. Murphy, 266 S.W.3d 141 | 307A+517.1 | Texas Rule of Civil Procedure 162 permits a plaintiff to voluntarily dismiss or nonsuit a case "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." Tex.R. Civ. P. 162; Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex. rel. Shultz, 195 S.W.3d 98, 100 (Tex.2006); Yaquinto v. Britt, 188 S.W.3d 819, 824 (Tex.App."Fort Worth 2006, pet. denied). Courts in Texas have held that "a plaintiff has a right to take a nonsuit after the defendant files a motion for summary judgment, up to the time the court announces a summary judgment." McClure, 147 S.W.3d at 652. Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, a nonsuit does not vitiate a trial court's previously-made decisions on the merits, such as a summary judgment, or even a partial summary judgment, which becomes final upon disposition of the other issues in the case. Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 854"55 (Tex.1995); McClure, 147 S.W.3d at 652; see also Newco Drilling Co. v. Weyand, 960 S.W.2d 654, 656 (Tex.1998) (holding that court of appeals erred by failing to review merits of partial summary judgment after plaintiffs allowed their case to be dismissed for want of prosecution). | Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, a nonsuit does not vitiate a trial court's previously-made decisions on the merits, such as a summary judgment, or even a partial summary judgment, which becomes final upon disposition of the other issues in the case. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although a nonsuit may have the effect of vitiating a trial court's earlier interlocutory orders, does a nonsuit vitiate a trial court's previously-made decisions on the merits?" | 027836.docx | LEGALEASE-00131951-LEGALEASE-00131952 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 993 | Valladares v. Valladares, 438 N.Y.S.2d 810 | 307A-563 | Plaintiff should be permitted to discontinue an action without prejudice is ... [long opinion text] | Generally, leave to discontinue an action without prejudice should not be granted to enable plaintiff to circumvent effect of court order in ... [headnote text] | "Should leave to discontinue an action without prejudice generally not be granted to enable plaintiff to circumvent an effect of a court order in a defendant's favor, since prejudice would inure to defendant?" | Pretrial Procedure - Memo #2745 - C - SW.docx | ROSS-003290013 ROSS-003290022 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 994 | In re Sewell, 472 S.W.3d 449 | 307A-486 | Accordingly, where a party moves to withdraw deemed admissions that ... [long opinion text] | Where a party moves to withdraw deemed admissions that are merit-preclusive, due process requires the party opposing withdrawal to prove that the moving party's failure to answer the admissions resulted from fraudulent bad faith or callous disregard of the rules. | "Does due process require the party opposing withdrawal of deemed admissions that are merit-preclusive, to prove that the moving party's failure to answer the admissions resulted from fraudulent bad faith or callous disregard of the rules?" | Pretrial Procedure - Memo #2235 - C - VA.docx | ROSS-003287413 ROSS-003287414 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 995 | Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A-517.1 | Of course, the trial court need not immediately dismiss the suit when ... [long opinion text] | A trial court has discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on matters which are collateral to the merits of the underlying case, although the trial procedure rule governing nonsuits permits motions for costs, attorney fees, and sanctions to remain viable in the trial court; it does not foreclose the nonsuit's effect of rendering the merits of the case moot. | "Does the trial court have discretion to defer signing an order of dismissal so that it can allow a reasonable amount of time for holding hearings on matters which are collateral to the merits of the underlying case?" | Pretrial Procedure - Memo #2287 - C - NK.docx | ROSS-003377913 ROSS-003377914 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 996 | Boyd v. Boyd, 85 So. 3d 409 | 307A-493 | We note from the outset that this Court has strictly enforced the ... [long opinion text] | Matters will be deemed admitted if no response to request for admission is submitted after 30 days, unless the court allows for either a shorter or longer period of time in which to answer. | "Will matters be deemed admitted if no response to request for admission is submitted after thirty days, unless the court allows for either a shorter or longer period of time in which to answer?" | 02830.docx | LEGALEASE 00132860 LEGALEASE 00132861 | Order, SA | 0.6 | 1 | 0 | 0 | 1 | |
| 997 | Lacombe v. Carter, 975 So. 2d 687 | 384-64(1) | In an action for trespass, it is incumbent upon the plaintiff to show ... [long opinion text] | In an action for trespass, it is incumbent upon plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass; the damages must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. | "Is it incumbent upon the plaintiff to show damages based on the result or the consequences of an injury flowing from the act of trespass?" | 04731.4.docx | LEGALEASE 00131283 LEGALEASE 00131284 | Condensed, SA | 0.33 | 1 | 0 | 1 | 1 | |
| 998 | United Air Lines Transp. Corp. v. Indus. Comm'n, 107 Utah 52 | 413-1 | With the advent of Workmen's compensation acts or laws, ... [long opinion text] | "Workmen's compensation" is the name commonly used to designate the method and means created by statute for giving protection and security to the workman and his dependents against injury and death occurring in the course of employment. | "Is workmens compensation the name commonly used to designate the method and means created by statute for giving greater protection and security to the workman and his dependents against injury and death occurring in the course of employment?" | Workers Compensation - Memo #241 A NC.docx | ROSS-003311868 ROSS-003311869 | Condensed, SA | 0.44 | 1 | 0 | 1 | 1 | |

190

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 999 | Williams v. Nat'l Mortg. Co., 903 S.W.2d 398 | 307A+517.1 | A party has an absolute right to take a nonsuit of a pending claim if it is taken in a timely manner. See Tex.R.Civ.P. 162. Moreover, the granting of a nonsuit is merely a ministerial act by the trial court. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982) (orig. proceeding) (per curiam). A trial court may not deny a party's right to take a nonsuit. See BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 840"41 (Tex.1990) (orig. proceeding). If an opposing party has no claim for affirmative relief pending, a trial court's jurisdiction over a cause ends when a notice of nonsuit is given for the only pending claim for affirmative relief. In effect, in such a situation, the filing of a nonsuit divests a trial court of its subject matter jurisdiction. See State ex rel. Dishman v. Gary, 163 Tex. 565, 569"70, 359 S.W.2d 456, 458"59 (1962) (orig. proceeding) (citing Ex parte Norton, 118 Tex. 581, 585, 17 S.W.2d 1041, 1043 (1929) (orig. proceeding)); see also Strawder v. Thomas, 846 S.W.2d 51, 59 (Tex.App."Corpus Christi 1992, no writ); Ex parte Helle, 477 S.W.2d 379, 384"85 (Tex.Civ.App."Corpus Christi 1972, orig. proceeding). A party's right to take a nonsuit, however, does not affect an opposing party's pending claim for affirmative relief because the trial court retains jurisdiction over that claim if the trial court initially had subject matter jurisdiction. Although a nonsuit of a party's claims does not end an adverse party's right to be heard on its pending claims for affirmative relief, a claim for affirmative relief filed after a notice of nonsuit is usually ineffective to prevent termination of the lawsuit. See Progressive Ins. Cos. v. Hartman, 788 S.W.2d 424, 426 (Tex.App."Dallas 1990, orig. proceeding); Strawder, 846 S.W.2d at 59; see also Short v. Hepburn, 89 Tex. 622, 625, 35 S.W. 1056, 1057 (1896); PHB, Inc. v. Goldsmith, 534 S.W.2d 196, 198 (Tex.Civ.App."Houston [14th Dist.] ), writ ref'd n.r.e., 539 S.W.2d 60 (Tex.1976). | Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, claim for affirmative relief filed after notice of lawsuit is usually ineffective to prevent termination of lawsuit. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although nonsuit of party's claims does not end adverse party's right to be heard on its pending claims for affirmative relief, is a claim for affirmative relief filed after notice of nonsuit is usually ineffective to prevent termination of lawsuit?" | 028251.docx | LEGALEASE-00133608-LEGALEASE-00133609 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 1000 | Urbonowicz v. Yarinsky, 290 A.D.2d 922 | 307A+517.1 | We also find no merit in defendants' contention that plaintiffs' motion should have been denied to discourage forum shopping. Unlike a motion for change of venue which involves the affirmative selection of another forum (see, Koschak v. Gates Constr. Corp., 225 A.D.2d 315, 316, 639 N.Y.S.2d 10), a court in granting discontinuance merely makes it possible for the action to be brought elsewhere. Absent compelling circumstances or particular prejudice to defendants, we decline to find that mere discontinuance of this action constitutes impermissible forum shopping (compare, Du Bray v. Warner Bros. Records, 236 A.D.2d 312, 314, 653 N.Y.S.2d 592 [discontinuance denied where permitting a new action in another state would circumvent an existing New York court order] ). | Unlike a motion for change of venue which involves the affirmative selection of another forum, a court in granting discontinuance merely makes it possible for the action to be brought elsewhere. | "Unlike a motion for change of venue, which involves the affirmative selection of another forum, does a court in granting discontinuance merely make it possible for the action to be brought elsewhere?" | 028661.docx | LEGALEASE-00133846-LEGALEASE-00133847 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 1001 | Weaver v. Prince George's Cty., 281 Md. 349 | 371+2001 | Although the nature of any tax should be determined by reference to its actual operation and practical effect, rather than by any particular descriptive language which may have been employed by the legislative body, Herman v. M. & C.C. of Baltimore, 189 Md. 191, 198, 55 A.2d 491, 173 A.L.R. 1310 (1947), we are nevertheless cognizant of the rule that the declaration of the Legislature as to the character of a levy is entitled to considerable weight in our own independent determination. American Nat'l v. M. & C.C.,245 Md. 23, 35, 224 A.2d 883 (1966). Both the State enabling act and the County Ordinance denominate the tax as a "multifamily occupancy" tax. Furthermore, the Ordinance states specifically that the tax is levied "upon rents charged for the use and occupancy of rental multi-family residential units." (emphasis added). The term "rent" is defined in the Ordinance as "consideration paid or required to be paid by a tenant for the use or occupancy of any structure . . . " (emphasis added), and a "rental dwelling unit" is denoted as "any structure . . . which a landlord, for consideration, provides for use as a residence." (emphasis added). Finally, the Ordinance provides that "in the event of a vacancy for a portion of the month the four percent (4%) tax shall be prorated for that portion of the month that the rental unit was occupied." At no point in either the State Act or the County Ordinance is there any indication that the tax was intended as a direct charge on a tenant's possessory estate. Thus, on its face, at least, the tax appears to be a levy on the use and occupancy of a dwelling rather than an assessment directly against any property interest in the tenant's hands. | Though nature of any tax should be determined by reference to its actual operation and practical effect, rather than by any particular descriptive language which may have been employed by legislative body, declaration of the Legislature as to character of a levy is entitled to considerable weight in Court of Appeals' own independent determination. | Should the nature of a tax be determined by reference to its actual operation and practical effect rather than by any particular descriptive language? | 045125.docx | LEGALEASE-00133895-LEGALEASE-00133897 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 1002 | Richman v. Coughlin, 75 S.W.3d 334 | 307A+517.1 | It is well settled in the law that once a plaintiff files a voluntary dismissal of his or her petition: nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. The legal situation is as though the suit had never been brought. No steps can be taken, and any step attempted in the dismissed suit is a nullity. | Once plaintiff files voluntary dismissal of his or her petition, nothing remains before the court upon which it can act, and even an order reinstating the case on the trial docket at plaintiff's request would be null; the legal situation is as though the suit had never been brought. V.A.M.R. 67.02(a). | "Once a plaintiff files voluntary dismissal of his or her petition, does nothing remains before the court upon which it can act, and even an order reinstating the case on the trial docket at a plaintiff's request would be null?" | 028437.docx | LEGALEASE-00134052-LEGALEASE-00134053 | SA, Sub | 0.25 | 0 | 0 | 1 | 1 | |
| 1003 | Fantony v. Fantony, 21 N.J. 525 | 221+162 | Comity, in a legal sense, is neither a matter of absolute obligation on the one hand nor of mere courtesy and good will upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to the rights of its own citizens or of other persons who are under the protection of its laws. Hilton v. Guyot, 159 U.S. 113, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895); The Disconto Gesellschaft v. Umbreit, 208 U.S. 570, 28 S.Ct. 337, 340, 52 L.Ed. 625 (1908). Also see 11 Am.Jur., sec. 5, p. 299. | Comity, in legal sense, is neither a matter of absolute obligation on one hand nor of mere courtesy and good will upon the other, but is the recognition which one nation allows within its territory to legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience and to rights of its own citizens or of other persons who are under the protection of its laws. | "What is comity, in a legal sense?" | 020727.docx | LEGALEASE-00135731-LEGALEASE-00135733 | Condensed, SA | 0.34 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |
| 1004 | City of Adelanto v. Adelanto Salvage, 273 Neb. 342 | 30704486 | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Schwartz v. Platte Valley Exterminating, 258 Neb. 841, 606 N.W.2d 85 (2000); Wibbels v. Unick, 229 Neb. 184, 426 N.W.2d 244 (1988). We have recognized that our § 6-336 self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a request for admission. Id. Mason State Bank v. Sekutera, 236 Neb. 361, 461 N.W.2d 517 (1990). We have noted, however, that trial courts are not self-enforcing, thus, a party that elects to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must give some notice of the request for admission and the identity of the admission to be resolved and must also offer the request for admission as evidence. Schwartz v. Platte Valley Exterminating, supra; Wibbels v. Unick, supra. If the necessary foundational requirements are met and no motion is sustained to withdraw an admission, the court is obligated to give effect to the provisions of rule 36. Schwartz v. Platte Valley Exterminating, supra. The city followed the indicated procedures in the case | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission? | "Does a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission?" | 02877.docx | LEGALEASE 00135073 LEGALEASE 00135074 | SA.Sub | 0.8 | 0 | | 1 | 1 | |
| 1005 | Zeigler v. Klein, 590 So. 2d 1850 1866 | 30704715 | Pursuant to Florida Rule of Civil Procedure 1.460 an oral motion for continuance may be made at trial. A motion for continuance is addressed to the sound judicial discretion of the trial court and absent abuse of that discretion, the court's decision will not be reversed on appeal. See Jackson v. Stein, 244 So.2d 1181 (Fla.1980); Gay v. Cruz, 258 So.2d 37 (Fla. 3d DCA 1972). However, when undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error. See e.g. Diaz, supra. Such a ruling is tantamount to a denial of due process and is not an abuse of discretion. Where failure to grant a continuance results in a judgment of divorce rendered without client or counsel presence at the final hearing, it is reversible error. Our holding in Silverman v. Millner, 514 So.2d 77 (Fla. 3d DCA 1987) (abuse of discretion in denying motion for continuance where defendant suffered a stroke and his testimony was necessary for the fair and adequate presentation of his case). See also Thompson v. General Motors Corp., 439 So.2d 1012 (Fla. 3d DCA 1983). | When undisputed facts reveal that physical condition of either counsel or client prevents fair and adequate presentation of case, failure to grant a continuance is reversible error? | "When undisputed facts reveal that physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error?" | 02923b.docx | LEGALEASE 00135413 LEGALEASE 00135414 | Condensed.SA | 0.84 | | 1 | 0 | 1 | |
| 1006 | Fid. & Deposit Fire Ins. Co. v. Oliver, 25 Tenn. App. 114 | 30704716 | Where it is shown that defendant's attorney had withdrawn from the case, and that it was his first duty to continue the case a sufficient length of time to permit defendant to employ other counsel and to enable such counsel to investigate the case and make defense. 13 C.J.J.P. 26; 17 C.J.S. Continuances § 23. | Where it is shown that defendant's attorney has withdrawn from case, it is court's duty to continue case a sufficient length of time to permit defendant to employ other counsel and enable such counsel to investigate the case and make defense? | "Where it is shown that defendant's attorney has withdrawn from case, it is court's duty to continue case a sufficient length of time to permit defendant to employ other counsel and enable such counsel to investigate the case and make defense?" | 02926J.docx | LEGALEASE 00135745 LEGALEASE 00135746 | Condensed.SA | 0.27 | | 1 | 0 | 1 | |
| 1007 | Banos v. Banos, 2015-1879 (La. App. 1 Cir. 9/16/16), 2015o.16488 | 30704475 | "Furthermore, the trial court is vested with the discretion to determine whether to admit the fact is claimed. La. R.S. 13:3738; Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd., 554 So.2d 1347, 1354 (La.App.1 Cir.1989). The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. McGee v. Matthews, 2015 V99 (La.App. 5 Cir. 12/23/15), 184 So.3d 173, 180. | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine? | "The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine?" | 02918.docx | LEGALEASE 00135721 LEGALEASE 00135722 | SA.Sub | 0.57 | 0 | | 1 | 1 | |
| 1008 | J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 30704476 | Where one party fails to timely respond to another's request for admissions, the fact in question are deemed to be judicially admitted whereupon the request is deemed judicially established. Nunn v. Pro. Man. Tech. Inc., 412 N.C. App. 2d 698, 701 (1991) and such matter is conclusively established as a judicial admission unless the court on motion permits withdrawal or amendment of the admission, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney... To be "deemed admitted" a matter must actually be the portion of the rule if there is no objection whatsoever to the request." But the matter to admissions marks and statements made. In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request and failure to do so means that the facts in question are judicially established. N.C.G.S. 1A, Rule 36 (emphasis added). | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request and failure to do so means that the facts in question are judicially established? | "In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request and failure to do so means that the facts in question are judicially established?" | 02934.docx | LEGALEASE 00135938 LEGALEASE 00135939 | Condensed.SA | 0.81 | | 1 | 0 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1009 | Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 508 | 3070+4483 | In instances like these, where a litigant's use of Trial Rule 36(B) contravenes the Rule's important purpose of more quickly and efficiently reaching a resolution based on the actual facts, the Court may withdraw the admissions when the presentation of the merits will be subserved and the party benefiting from them is not prejudiced. See, e.g., id. at 357 ("A Trial Rule 36(B)" is not intended to provide a sword to litigants. [I]t" nor is it to be used as a "gotcha" device or as a trap to prevent the presentation of the truth in a full hearing[.]" Indeed, it is to be used as "a trap to prevent the presentation of the truth in a full hearing[.]" [I]nstead, it is to be used as a "as a trap to prevent the presentation of the truth in a full hearing." Trial Procedure Rule 36(B). | Rule governing deemed admissions is not intended to provide a sword to litigants, nor is it to be used as a "gotcha" device or as a trap to prevent the presentation of the truth in a full hearing; instead, it is to be used as a presentation of the truth in a full hearing. Trial Procedure Rule 36(B). | Is the rule governing deemed admissions intended to provide a sword to litigants, nor is it to be used as a trap to prevent the presentation of the truth in a full hearing? | 037096.docx | LEGALEASE-00135184-LEGALEASE-00135185 | SA, Sub | 0.71 | 0 | | 1 | 1 | |
| 1010 | Schutter v. AG Aero Distributors, 50 S.W.2d 581 | 3070+4483 | The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters inquired about in a request for admission where there is neither answer nor denial within the time specified in the request. The trial judge, under the Rule, also has broad discretion in refusing or granting a motion if the non-answering party is granted the filing of an answer or denial to the request for admissions after the time the matter has expired. The ruling of the trial court in the exercise of that discretion in either instance will be set aside only upon a showing of a clear abuse. Meyer v. Tunks, 360 S.W.2d 518 (Tex.Sup.1962); Fisher v. Continental Nat. Bank, 424 S.W.2d 664 (Tex. Civ. App. - Houston 14th District 1968, writ refd n.r.e.); Hunters v. Huffe, 469 S.W.2d 733 (Tex.Civ.App.Amarillo 1971, n.w.h.). However, where as in the case at bar, the trial court, in the exercise of its discretion, permits the late filing of answers to a request for admissions and the answers are actually filed in the case, the permission by the such answers to admit thereafter except upon a showing of good cause. | The trial court has considerable discretion in refusing or granting motion to deem admitted the matters inquired about in a request for admission where there is neither answer nor denial within the time specified in the request. Rules of Civil Procedure, rule 169. | Does the trial court under the rule governing requests for admission have considerable discretion in refusing or granting a motion to deem answers admitted? | Pretrial Procedure - Memo 9 3850 - C - NE.docx | LEGALEASE-00020703-LEGALEASE-00020703 | Condensed, SA | 0.78 | 1 | 0 | | 1 | |
| 1011 | Empress Casino Joliet Corp. v. Balmoral Racing Club, 651 F.3d 722 | 170B+2056 | The line between a tax and a fee, and a tax and a fine, is sometimes hazy, and it is sometimes hazy even when it distinguishes between other similar-looking exactions may be useful tools for determining on which side of the line the case falls. For example, a tax might be so totally punitive in purpose and effect that, since nonexclusiveness is penalty, it should be classified as a fine rather than a tax. "The mere use of the word 'bar' in an act primarily designed to define and suppress crimes is not enough to show that within the true meaning of the term a tax was laid. When by its very nature the imposition is a penalty, it must be so regarded." Gibe v. Lehmann, 199 U.S. 557, 561, 762, 67 L.Ed. 62.61.581 (1922) (citation omitted); see also Retail Industry Leaders Ass'n v. Fielder, 475 F.3d 180, 199 (4th Cir. 2007); Department of Revenue of Kentucky v. Davis, 553 U.S. 328, 128 S.Ct. 1801, 170 L.Ed.2d 685 (2008) Commercial Assets Trust 1995F 567 v. Phoenix Bond & Indemnity Co., supra 163 F.3d at 63758. And in in Department of Revenue v. Kurth Ranch, 511 U.S. 767, 782, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), the Supreme Court held that a state imposes a "tax" was actually a fine, noting among other things that it was enacted only after the taxpayer had been arrested for the conduct that had given rise to the tax obligation and the tax was imposed only when completely forbidden: "any legitimate revenue-raising purpose that might support such a tax could be equally well served by increasing the fine imposed upon conviction." | The mere use of the word "bar" in an act primarily designed to define and suppress crimes is not enough to show that within the true meaning of the term a tax was laid, but when by its very nature the imposition is a penalty, it must be so regarded. 28 U.S.C.A. § 1341. | Is the mere use of word "bar" in an act primarily designed to define and suppress crimes is not enough to show that within the true intendment of the term a tax was laid, but when by its very nature the imposition is a penalty? | Taxation - Memo 8 449 - C - CS.docx | ROSS-003290175-ROSS-003290177 | SA, Sub | 0.8 | 1 | 0 | 1 | 1 | |
| 1012 | Benson v. Benson, 66 Nev. 94 | 3070+736 | The general rule under facts such as exist in the case at bar is: "The withdrawal, on the eve of trial, of the attorney for one of the parties to an action, leaving such party unprepared for trial, is not ipso facto a ground for continuance, particularly where the withdrawal is unexplained, where no diligence in inducing counsel to remain in the case or in securing new counsel is disclosed, and where it is not shown that party is free from fault in the matter. | Withdrawal on eve of trial of attorney for one of parties to a divorce action, leaving such party unprepared for trial, is not ipso facto a ground for continuance, particularly where withdrawal is unexplained, where no diligence in inducing counsel to remain in case or in securing new counsel is disclosed, and where it is not shown that party is free from fault in the matter. | Is it dispositive rule that an attorney withdrawal on the eve of the trial of a civil case is not ipso facto a ground for a continuance? | 025084.docx | LEGALEASE-00136538-LEGALEASE-00136539 | Condensed, SA | 0.21 | 0 | 1 | | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1013 | Harris v. Simon, 322 S.W.2d 360 | 30TA+716 | The question of whether there has been an abuse of discretion on part of court in directing that a trial proceed in absence of an attorney for party depends upon particular facts and circumstances in a given case. | Whether there has been an abuse of discretion on part of court in directing that a trial proceed in absence of an attorney for party depends upon particular facts and circumstances in a given case? | Does the question of whether there has been an abuse of discretion on part of court in directing that a trial proceed in absence of an attorney for party depend upon particular facts and circumstances in a given case? | 029B53.docx | LEGALEASE 00138189-LEGALEASE 00138191 | Condensed, SA | 0.94 | 0 | | | 1 | |
| 1104 | First Interstate Bank of Texas, N.A. v. First, S.W.2d 237 | 30TA+716 | A tribunal must grant legislative continuance unless party employed legislator attorney within ten days of trial on the merits or unless continuance would interfere with any party's due process rights. | Tribunal must grant legislative continuance unless party employed legislator attorney within ten days of trial on the merits or unless continuance would interfere with any party's due process rights. | Should a tribunal grant legislative continuance unless party employed legislator attorney within ten days of trial on the merits or unless continuance would interfere with any party's due process rights? | 029B93.docx | LEGALEASE 00138095-LEGALEASE 00138096 | SA, Sub | 0.6 | | 0 | 1 | 1 | |
| 1105 | Lucas v. Clark, 347 S.W.2d 800 | 30TA+483 | Generally, when a party fails to respond to a request for admission, either by timely answer, written objection, or motion to file late answer, the facts contained in the request are deemed admitted. | Generally, when a party fails to respond to a request for admission, either by timely answer, written objection, or motion to file late answer, the facts contained in the request are deemed admitted. | Generally, when a party fails to respond to a request for admission, either by the timely answer, written objection, or motion to file late answer, are the facts contained in the request deemed admitted? | 029B53.docx | LEGALEASE 00138862-LEGALEASE 00138863 | Condensed, SA | 0.83 | 0 | | 1 | | |
| 1006 | Bray v. Miller, 397 S.W.2d 262 | 30TA+723.1 | Rules relating to continuances merely prescribe certain requisites of application and leave to the granting of relief within the sound discretion of court. An application for continuance that does not conform to the provisions of a statute or rule regulating such application. | Rules relating to continuances merely prescribe certain requisites of application and leave to the granting of relief within the sound discretion of court. An application for continuance that does not conform to the provisions of a statute or rule regulating such application? | Do rules relating to continuances merely prescribe certain requisites of application and leave to the granting of relief within the sound discretion of court? An application for continuance does not conform to the provisions of a statute or rule regulating such application? | 030241.docx | LEGALEASE 00138793-LEGALEASE 00138793 | Condensed, SA | 0.72 | | 0 | | 1 | |

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | | | | | | |
| 1017 | Matter of Skiff-Murray, 112 N.C. App. 347 | 307A+725 | Generally, the denial of a continuance, which is within the trial court's ruling, is "manifestly unsupported by reason." It is an abuse of discretion and subject to reversal. Freeman v. Monroe, 93 N.C. App. 99, 101, 376 S.E.2d 443, 444 (1989). Before ruling on a motion for a continuance, the judge should hear the evidence pro and con, consider it judicially, and act with reference to the moving party has acted with diligence and in good faith and then rule with a view to promoting substantial justice. Shankle v. Shankle, 289 N.C. 473, 483, 223 S.E.2d 380, 386 (1976). N.C.Gen.Stat. § 7A-622 directs the issue of continuance for a hearing involving a juvenile matter. "The judge may, for good cause, continue the hearing for as long as is reasonably required to receive additional evidence, reports, or assessments that the court has requested, or other information needed in the best interest of the juvenile and to allow for a reasonable time for the parties to conduct expeditious discovery. Otherwise, continuances shall be granted only in extraordinary circumstances when necessary for the proper administration of justice or in the best interest of the juvenile N.C.G.S. 7A762 (1989). | Before ruling on a motion to continue, the judge should hear the evidence pro and con, consider if judicially with a view to promoting substantial justice. | Pretrial Procedure - Memo 4390 - C - ES.docx | ROSS-003304394-ROSS-003304395 | Condensed, SA | 0.81 | | 1 | | 1 | |
| 1018 | Trummel v. Mitchell, 156 Wash. 2d 653 | 307A+725 | Trummel next contends that the trial court abused its discretion in failing to grant a continuance of the April 19, 2001, hearing. Trummel claims that he was entitled to a continuance. We review the decision to grant or deny a continuance for an abuse of discretion. Balandzich v. Demeroto, 10 Wash.App. 718, 720, 519 P.2d 994 (1974). Whether to grant a continuance rests within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of a manifest abuse of discretion. In exercising its discretion, a court may properly consider the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party; the prior history of the litigation, including prior continuances granted the moving party; any conditions imposed in the continuances previously granted; and any other matters that have a material bearing upon the exercise of the discretion vested in the court. Id. A court abuses its discretion when its decision is based "upon a ground, or to an extent, clearly untenable or manifestly unreasonable." Id. at 721, 519 P.2d 994 (quoting Friedlander v. Friedlander, 80 Wash.2d 293, 298, 494 P.2d 208 (1972)). | In exercising its discretion whether to grant a continuance, a court may properly consider the necessity of reasonably prompt disposition of the litigation; the needs of the moving party; the possible prejudice to the adverse party, the prior history of the litigation, including prior continuances granted the moving party, any conditions imposed in the continuances previously granted, and any other matters that have a material bearing upon the exercise of the discretion. | Pretrial Procedure - Memo 4390 - C - ES.docx | ROSS-003318710-ROSS-003318736 | SA, Sub | 0.59 | | | | 1 | |
| 1019 | Friedman v. Heart Inst. of Port St. Lucie, 863 So. 2d 189 | 307A+56.1 | Certainly, the substance of the Florida Rules of Civil Procedure, buttressed by this court's prior decisions, serves the proper balance between allowing appropriate discovery and protecting litigants' privacy and equitable interests. While the general rule in Florida is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, see Gruman v. Bankers Trust Co., 379 So.2d 656, 659 (Fla.3d DCA 1980), where materials sought by a party "would appear to be relevant to the subject matter of the pending action," the information is fully discoverable. Epstein v. Epstein, 519 So.2d 1042, 1043 (Fla.3d DCA 1988). A party's finances, if relevant to the disputed issues of the underlying action, are not excepted from discovery under this rule of relevancy, and courts will compel production of personal financial documents and information if shown to be relevant to the requesting party. See id.; Jacobs v. Jacobs, 50 So.2d 169, 170 (Fla.1951) Florida Gaming Corp. of Delaware v. American Jai-Alai, Inc., 673 So.2d 523, 534 (Fla. 4th DCA 1996) ("[T]he financial information at issue was relevant to the question of damages under the breach of contract count. As such, the production of such documents under the proper circumstances, even personal ones, is authorized. [T]he production of personal financial documents under the proper circumstances is sanctioned."); Schultz v. Carnival Corp., 738 So.2d 957, 1027, 1027 (Fla.3d DCA 1983); Ashcraft v. Harvey, 315 So.2d 530, 531 | While the general rule is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable. | Pretrial Procedure - Memo 4 4365 - C - NE.docx | ROSS-003304624-ROSS-003304625 | Condensed, SA | 0.81 | 1 | | | | |
| 1020 | Winegeaner v. Yinger, 322 S.W. 915 | 307A+74 | We overrule the first [assignment of error], which also complains of the action of the court in refusing to quash the depositions of these witnesses. It is insisted that the depositions must show that the witnesses were first cautioned and sworn to testify to the truth, etc. That provision of the statute relates to depositions taken under oral examination, and it was not intended to apply to the facts in this case, under a written interrogatories propounded under the general statute. | Does the certificate of the officer taking depositions on written interrogatories propounded under the general statute need not show that the witnesses were first cautioned and sworn to testify to the truth? | D13801.docx | USGA4-K-0038366 (USGA6AD-0038367) | | | | | | | |
| 1021 | Donatto v. Mossy Motors, 462 F. Supp. 897 | 89+473 | Louisiana law is that when a creditor settles with and grants a remission as to one of two solidary obligors (defendants) the creditor may then thereafter release the obligation he was arising in contract or tort, for one-half of the debt. LA-Code-Civ.-Code-C.C.-art.2203. Accordingly, I believe that the only correct and fair conclusion in the present situation is to cast the remaining defendant Mossy in judgment for one-half of the statutory penalty and the costs [57] | When a creditor settles with and grants a remission as to one of two solidary obligors, can the creditor thereafter claim one-half the debt from the obligor who has not been released whether the obligation be arising in contract or tort? | Subrogation - Memo 4 1229 - C - NE.docx | ROSS-003202294-ROSS-003202295 | SA, Sub | 0.52 | | | | 1 | |
| 1022 | City of Euwetin v. Piotrowicz, 2018, 26 512 | 369+2300(2) | Agency may be established and its nature and extent shown by parol evidence, whether direct or circumstantial, and inference may be had to the situation of parties and property, acts of parties, and other circumstances germane to the question, and if the evidence shows one acting for another under circumstances implying knowledge on the part of the supposed principal of such acts, a prima facie case of agency is established. E. g., Webb v. Marchesi, 24 Ill.App.2d 75, 163 N.E.2d 721; Newco Laundries Co. v. A. L. D., Inc., 338 Ill.App.2d 494, 149 N.E.2d 825 | Agency may be established and its nature and extent shown by parol evidence, whether direct or circumstantial, and inference may be had to the situation of parties and property, acts of parties, and other circumstances germane to the question and if the evidence shows one acting for another under circumstances implying knowledge on the part of the supposed principal of such acts, a prima facie case of agency is established. How is the nature and extent of agency shown by parol evidence? | Principal and Agent - Memo 104 - GP.docx | ROSS-003201320-ROSS-003201325 | Condensed, SA | 0.24 | | 1 | | | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1023 | United States v. Holmes, 618 F. Supp. 2d 529 | 34+36 | The Court finds this distinction to be of no consequence. A federal district court is not precluded from jurisdiction simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations. See United States v. Walker, 552 F.2d 566, 567"68 (4th Cir.1977) (addressing defendant's argument that the portion of the military code prohibiting drunk driving thereby protects a servicemember from prosecution under a similar federal offense). "[F]ederal courts have at the very least concurrent jurisdiction with military courts over violations of the laws of the United States by military personnel whether on or off the military reservation." Id. at 567 (citing Grafton v. United States, 206 U.S. 333, 348, 27 S.Ct. 749, 51 L.Ed. 1084 (1907)). "[S]imply because a member of the armed forces may be punished by military court martial for an offense provides no justification for concluding that a District Court lacks jurisdiction to punish him for the same offense, if such offense is violative of a federal law." Walker, 552 F.2d at 567. | A federal district court is not precluded from jurisdiction over a criminal prosecution simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations. | Is a federal district court precluded from jurisdiction simply because the Uniform Code of Military Justice gives jurisdiction to punish a member of the armed forces for crimes committed on military installations? | 008616.docx | LEGALEASE-00141649-LEGALEASE-00141650 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 1024 | State, ex rel. GMS Mgt. Co., v. Callahan, 65 Ohio App. 3d 335 | 307A+723.1 | Concerning the defendant's motion for a continuance, this court first notes that the statute does not give the trial court any discretion in deciding whether a bond must be posted when the continuance is for more than eight days. Under the applicable language, the posting of the bond is a prerequisite to the granting of such a continuance. In this respect, the present statute is similar to the preceding version of R.C. 1923.08. | Statute providing for continuance in forcible entry and detainer actions does not give trial court any discretion in deciding whether bond must be posted when continuance requested by defendant is for more than eight days; pursuant to statute, posting of bond is prerequisite to granting of such a continuance. R.C. S 1923.08. | Does the statute providing for a continuance in forcible entry and detainer actions give a trial court any discretion in deciding whether a bond must be posted when continuance requested by the defendant is for more than eight days? | 030718.docx | LEGALEASE-00141316-LEGALEASE-00141317 | SA, Sub | 0.24 | 0 | 0 | 1 | 1 | |
| 1025 | Heubel Materials Handling Co. v. Universal Underwriters Ins. Co., 704 F.3d 558 | 366+35 | Of course, parties sometimes use the terms "subrogation" and "indemnification" in ways that vary from the traditional understandings of these terms. In determining the effect of subrogation waiver clauses upon indemnification provisions, the court must "rely on the plain and ordinary meaning of the words in the contract and "consider the document as a whole." " Nodaway Valley Bank v. E.L. Crawford Constr., Inc., 126 S.W.3d 820, 825 (Mo.Ct.App.2004) (quoting SD Invs., Inc. v. Michael"Paul, L.L.C., 90 S.W.3d 75, 81 (Mo.Ct.App.2002)). "It is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical." Id. at 827. | Under Missouri law, in determining the effect of subrogation waiver clauses upon indemnification provisions, the court must rely on the plain and ordinary meaning of the words in the contract and consider the document as a whole; it is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical. | Should a court rely on the plain and ordinary meaning of the words in a contract and consider the document as a whole while determining the effect of subrogation waiver clauses upon indemnification provisions? | 043577.docx | LEGALEASE-00140923-LEGALEASE-00140924 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 1026 | Buckstaff Bath House Co. v. McKinley, 198 Ark. 91 | 371+3251 | In its original sense an excise was something cut off from the price paid on a sale of goods, as a contribution to the support of the government. In its broader meaning it now seems to include every form of taxation which is not a burden laid directly upon persons or property-every form of charge imposed by public authority for the purpose of raising revenue upon the performance of an act, the enjoyment of a privilege, or the engaging in an occupation. | An "excise," in its original sense, was something cut off from the price paid on a sale of goods as a contribution to the support of the government, but in its broader meaning it includes every form of taxation which is not a burden laid directly upon persons or property. | "Does excise include every form of taxation which is not a burden laid directly upon persons or property, in its broader meaning?" | 045146.docx | LEGALEASE-00140871-LEGALEASE-00140872 | Condensed, SA | 0.39 | 0 | 1 | 0 | 1 | |
| 1027 | W.S. Butterfield Theatres v. Dep't of Revenue, 353 Mich. 345 | 371+3621 | The principles here involved were well expressed by the Supreme Court of the United States in State Board of Tax Commissioners of Indiana v. Jackson, 283 U.S. 527, 537, 51 S.Ct. 540, 543, 75 L.Ed. 1248, wherein it was held, in upholding the constitutionality of a chainstore tax:"The principles which govern the decision of this cause are well settled. The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations. Bell's Gap R. Co. v. Pennsylvania, 134 U.S. 232, 10 S.Ct. 533, 33 L.Ed. 892; Southwestern Oil Co. v. Texas, 217 U.S. 114, 30 S.Ct. 496, 54 L.Ed. 688; Brown-Forman Co. v. Kentucky, 217 U.S. 563, 30 S.Ct. 578, 54 L.Ed. 883. | Restriction that power of taxation shall not be so exercised as to deny to any the equal protection of the laws does not compel adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in selection of subject, or classification for taxation of property, businesses, trades, callings, or occupations. | Does the restriction that the power of taxation shall not be so exercised as to deny to any the equal protection of the laws prevent differences in taxation? | 045177.docx | LEGALEASE-00141103-LEGALEASE-00141104 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 1028 | Tennessee Gas Pipeline Co. v. Marx, 594 So. 2d 615 | 371+2005 | This test is to prevent taxation of an entity that does not benefit from services provided by the taxing state. Goldberg v. Sweet, 488 U.S. at 266-67, 109 S.Ct. at 591-92.The interstate taxpayer may be required to contribute not only to the cost of the services performed by the state on account of the particular transaction which forms the basis for the tax, but for all governmental services including those from which the entity arguably receives no direct benefit. Id. at 267, 109 S.Ct. at 592. In D.H. Holmes v. McNamara, 486 U.S. at 32, 108 S.Ct. at 1624, the court found that the receipt of police and fire protection, use of public roads and mass transit, and the other advantages of civilized society satisfied this test | Interstate taxpayer may be required to contribute not only to cost of services performed by state on account of particular transaction which forms basis for tax, but for all governmental services including those from which entity arguably received no direct benefit. U.S.C.A. Const. Art. 1, S 8, cl. 3; Amends. 5, 14. | Is an interstate taxpayer required to contribute to cost of services performed by state on account of particular transaction which forms basis for tax? | 045419.docx | LEGALEASE-00140995-LEGALEASE-00140996 | Condensed, SA, Sub | 0.57 | 0 | 1 | 1 | 1 | 1 |
| 1029 | In re Turner, 119 F. 231 | 34+36 | So that, both by reason and the highest authority of the land, I hold that an officer of the United States army, in the discharge of his duty, acting in obedience to commands by the secretary of war, who in turn is executing an act of congress, is not subject to arrest on a warrant or order of a state court, and that such arrest is wholly illegal; and it follows that Major Turner is discharged from custody and detention. | An officer of the United States army acting in the discharge of his duty, in obedience to orders of the secretary of war, who in turn is executing an act of congress, is not subject to arrest on a warrant or order of a state court. | "Is an officer of the United States army who is acting in the discharge of his duty, in obedience to orders of the secretary of war, who in turn is executing an act of congress, subject to arrest on a warrant or order of a state court?" | 008627.docx | LEGALEASE-00142262-LEGALEASE-00142263 | Condensed, SA | 0.46 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1030 | Nat. Gas Pipeline Co. of Am. v. Pool, 30 S.W.3d 618 | 260+51(5) | When a lessee of mineral rights enters the land after termination of the lease and without consent of the lessor, he is liable for injury resulting from that unlawful entry. Byrom v. Pendley, 717 S.W.2d 602, 605 (Tex.1986). By definition, if the entry is permissive, then there is no trespass. Silence on the part of the lessor, however, does not necessarily make the entry onto the mineral lease permissive. See Ladd Petroleum Corp. v. Eagle Oil & Gas Co., 695 S.W.2d 99, 109 (Tex.App."Fort Worth 1985, writ ref'd n.r.e.). Good faith, as it applies to a trespasser under a mineral lease is not determined by whether the entry is permissive, but by the belief of the one who enters that he had the right to enter and develop the minerals under the lease, and the damages for which a good faith trespasser is liable are limited to the value of the minerals removed, less drilling and operating costs. Hunt v. HNG Oil Co., 791 S.W.2d 191, 193 (Tex.App."Corpus Christi 1990, writ denied). | Good faith, as it applies to a trespasser under a mineral lease, is not determined by whether the entry is permissive, but by the belief of the one who enters that he had the right to enter and develop the minerals under the lease, and the damages for which a good faith trespasser is liable are limited to the value of the minerals removed, less drilling and operating costs. | Is a good faith trespasser liable in damages only for the value of the minerals removed less drilling and operating costs? | Mines and Minerals - Memo #214 - C - CSS.docx | ROSS-003291092-ROSS-003291093 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 1031 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117 | 307A+554 | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. Barthule v. Karman (1994), 268 Mont. 477, 483, 886 P.2d 971, 975 (citing Stanley v. Holms (1994), 267 Mont. 316, 883 P.2d 837). This conclusion is a question of law, and we will review to determine whether the District Court's interpretation of the law is correct. Barthule, 886 P.2d at 975 (citing In re Marriage of Barnard (1994), 264 Mont. 103, 870 P.2d 91). | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | "When deciding a motion to dismiss based on lack of subject matter jurisdiction, must a trial court determine whether the complaint states facts that would vest the court with subject matter jurisdiction?" | 033443.docx | LEGALEASE-00142973-LEGALEASE-00142974 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 1032 | Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+690 | As noted by the supreme court, "[d]ismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service is of a length which denies a defendant a "fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible." " Segal, 136 Ill.2d at 288, 144 Ill.Dec. 360, 555 N.E.2d at 721, quoting Geneva Construction Co. v. Martin Transfer & Storage Co., 4 Ill.2d 273, 289"90, 122 N.E.2d 540, 549 (1954). The trial court's determination of a plaintiff's lack of diligence is an objective one and a "fact-intensive inquiry suited to balancing, not bright lines." McRoberts v. Bridgestone Americas Holding, Inc., 365 Ill.App.3d 1039, 1042, 303 Ill.Dec. 585, 851 N.E.2d 772, 775 (2006). | Dismissal of a cause with prejudice under Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process is a harsh penalty which is justified when the delay in service is of a length which denies a defendant a fair opportunity to investigate the circumstances upon which liability against the defendant is predicated while the facts are accessible. Sup.Ct.Rules, Rule 103(b). | Is dismissal of a cause with prejudice under Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process a harsh penalty? | Pretrial Procedure - Memo # 6233 - C - DHA.docx | ROSS-003304849 | Order, SA, Sub | 0.49 | 1 | 0 | 1 | 1 | 1 |
| 1033 | Mercantile Capital, LP v. Fed. Transtel, 193 F. Supp. 2d 1243 | 170B+2791 | The plaintiff bears the initial burden of alleging personal jurisdiction by pleading sufficient material facts to establish the basis for exercise of such jurisdiction. Future Technology Today, Inc. v. OSF Healthcare Systems, 218 F.3d 1247, 1249 (11th Cir.2000). If the plaintiff has done so, the burden shifts to the defendant to make a prima facie evidentiary showing, by affidavits or otherwise, that personal jurisdiction is not present. Id. If the defendant sustains that responsibility, the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.Id. However, the allegations in the complaint still must be taken as true to the extent they are uncontroverted by the defendant's affidavits. S & Davis Intern. Inc. v. The Republic of Yemen, 218 F.3d 1292, 1303 (11th Cir.2000). And if the parties present conflicting evidence, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing will be sufficient to survive the motion to dismiss notwithstanding the contrary presentation by the moving party. Id. | If plaintiff sustains initial burden of alleging personal jurisdiction, burden shifts to defendant to make prima facie evidentiary showing, by affidavits or otherwise, that personal jurisdiction is not present; if defendant sustains that responsibility, plaintiff is then required to substantiate jurisdictional allegations in complaint by affidavits or other competent proof, and may not merely reiterate factual allegations in complaint. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | "On a motion to dismiss for want of personal jurisdiction, is the plaintiff required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof?" | 033745.docx | LEGALEASE-00143570-LEGALEASE-00143571 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 1034 | Cuozzo v. Town of Orange, 315 Conn. 606 | 307A+685 | "In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss ... other types of undisputed evidence ... and/or public records of which judicial notice may be taken ... the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint.... Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts].... If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counter affidavits ... or other evidence, the trial court may dismiss the action without further proceedings....If, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations ... or only evidence that fails to call those allegations into question ... the plaintiff need not supply counter affidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein... | If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits or other evidence, the trial court may dismiss the action without further proceedings; if, however, the defendant submits either no proof to rebut the plaintiff's jurisdictional allegations, or only evidence that fails to call those allegations into question, the plaintiff need not supply counteraffidavits or other evidence to support the complaint, but may rest on the jurisdictional allegations therein. Practice Book 1998, S 10-30. | "If affidavits and/or other evidence conclusively establish that jurisdiction is lacking, may the trial court dismiss the action without further proceedings?" | 033830.docx | LEGALEASE-00142758-LEGALEASE-00142759 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 1035 | Welsh v. Hosp. Corp. of Utah, 2010 UT App 171 | 307A+44.1 | The willfulness standard in this context is low. Wilfulness has been interpreted to mean "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." Utah Dep't of Transp. v. Osguthorpe, 892 P.2d 4, 8 (Utah 1995). And a trial court need not specifically state that willfulness, bad faith, fault, or persistent dilatory tactics are present to impose sanctions under rule 37(b)(2). See Preston & Chambers, PC v. Koller, 943 P.2d 260, 263 (Utah Ct.App.1997) (affirming sanctions for dilatory tactics where the trial court did not specifically articulate a finding that dilatory tactics were present but where findings supporting that conclusion were located in the record). We will affirm so long as "the findings appear in the lower court's opinion or elsewhere to sufficiently indicate the factual basis for the ultimate conclusion." Id. Here, however, we need not resolve the question of willfulness, because whether the Welshes' noncompliance was voluntary or not, we conclude that the trial court abused its discretion in its "choice of an appropriate discovery sanction," See Morton, 938 P.2d at 275. | A trial court need not specifically state that willfulness, bad faith, fault, or persistent dilatory tactics are present to impose sanctions for discovery violations or noncompliance with a court's scheduling order. Rules Civ.Proc., Rules 16(b)(3), 37(b)(2). | "Need a trial court not specifically state that willfulness, bad faith, fault, or persistent dilatory tactics are present to impose sanctions for discovery violations or noncompliance with a court's scheduling order?" | Pretrial Procedure - Memo # 6435 - C - AP.docx | ROSS-003318370-ROSS-003318371 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1036 | Madani Production Co. v. Atlantic Richfield Co., 207 S.W.3d 652 | 403=5.1 | On first blush, the venue statute related to this suit would appear to apply only to recovery of real property or damages to real property; however, the Texas cases have construed its mandatory provision more broadly than its terms ultimately warrant to not merely recovery of real property. Madani section has been amended its pleading in an effort to conclude any issues of title or ownership to real property. However, the underlying issue that Madani must prove to have its entitlement to damages involves proof of ownership rights in a mineral lease, which in Texas is well established as real property. When the recovery is a title to an action in for conversion, the breach of contract, or other nonreal property types of recovery, the true nature of the action depends on the facts alleged in the petition, the rights asserted, and the relief sought; not on the terms used to describe the cause of action. Scott v. Alberston's, Inc., 81 S.W.3d 872 (Tex.App.-Texarkana 2002) | Action to recover contract damages as ultimately dependent upon proof of ownership rights in mineral lease, and thus the only proper venue was the county in which the relevant real property was located; the party seeking contract damages amended its pleading to exclude any real property issues such as title and ownership, but the issue of contract damages required determination of which lease at issue and the Civil Practice and Remedies Code provided that actions on real property interests could only be filed where the relevant land was located. V.T.C.A., Civil Practice & Remedies Code §§ 15.001(a), 15.004, 15.011; Vernon's Ann.Texas Rules Civ.Proc., Rule 87. | "If an action to recover contract damages is ultimately dependent upon proof of ownership rights in a mineral lease, is the proper venue the county in which the relevant real property is located?" | 047528.docx | LEGALEASE-00181349-LEGALEASE-00181350 | Condensed_SA_Sub | 0.29 | 0 | 1 | 1 | 1 | 0 |
| 1037 | Adonai Mining v. Cooper, 357 Md. 533 | 307A=45 | Admiral cites a number of cases in which this Court and the Court of Special Appeals have affirmed trial court decisions precluding the admission of evidence that has not disclosed in response to valid discovery requests. What is overlooks, however, is the governing principle that the appropriate sanction for a discovery or scheduling order violation is largely discretionary within the trial court, and that the more draconian sanctions, of dismissing a claim or precluding the evidence necessary to support a claim, are normally reserved for persistent and deliberate violations that actually cause some prejudice, either to a party or to the court. See Klein v. Weiss, 284 Md. 36, 395 A.2d 126, 143 (1978). Unless the violation causes some prejudice, the resort to the most Draconian sanctions constitutes an abuse of discretion. Especially where the attorney is in violation and not the party, we have disapproved of discretion that would produce a sanction so unduly harsh to the client. Every time we have made and that the full amount of those fees could not be determined at the conclusion of the hearing, that not required any further consideration of the matter. Admiral will have another | Appropriate sanction for discovery or scheduling order violation is largely discretionary within the trial court, and the more draconian sanctions of dismissing a claim or precluding the evidence necessary to support a claim are normally reserved for persistent and deliberate violations that actually cause some prejudice, either to party or to court. | "Is the appropriate sanction for a discovery or scheduling order violation largely discretionary with the trial court?" | Pretrial Procedure - Memo #145 - C - AP.docx | ROSS-003165559-ROSS-003165561 | Condensed_SA_Sub | 0.75 | | 1 | 0 | 1 | 0 |
| 1038 | Christian v. Lincoln Auto Co., 403 Ill. App. 3d 1038 | 313=43 | Rule 103(b) does not set forth a specific time in which a defendant must be served; rather, it requires a plaintiff to exercise reasonable diligence to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. Kuipel v. Bicek, 324 Ill.App.3d 847, 258 Ill.Dec. 675, 757 N.E.2d 214 (2001). Rule 103(b) further aims to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations. The purpose of Rule 103(b) is to protect defendants against unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations. Because a defendant must be served within a reasonable time after the expiration of the limitations period but lacking no actions to have defendants served until the plaintiff is ready to proceed with the litigation. Ill.App.3d Jun 945, 259 Ill.Dec. 849, 739 N.E.2d at 113. The rule's further purpose is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. Because a Rule 103(b) cause with prejudice under Rule 103(b) is considered to be an adjudication, 234 Ill.App.3d at 707, 96, 197 Ill.Dec. 341, 631 N.E.2d at 844 | A further purpose of a rule requiring a plaintiff to exercise reasonable diligence to obtain service on a defendant is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. S.H.A. Sup.Ct.Rules, Rule 103(b). | "Is a further purpose of the rule requiring a plaintiff to exercise reasonable diligence in order to obtain service on a defendant to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss?" | Pretrial Procedure - Memo #131 - C - KBM.docx | ROSS-000289793-ROSS-000289796 | Condensed_SA | 0.78 | | 1 | 0 | 1 | 0 |
| 1039 | Jansen v. Lithwas, 13 Kelc. App. 168 | 307A=709 | Rule LVII of the Uniform Rules of Practice of the Superior Court (Del.) 17, A.R.S., Pocket Supp.) requires the trial judge to "make such order as is adequate appropriate" when a party has failed to comply with discovery and the pretrial order. He is given broad discretion in assuring that there is an adequate opportunity for discovery and that parties are not unduly prejudiced. Carver v. Salt River Valley Water User Association, 104 Ariz. 513, 456 P.2d 18, 22 | Where there has been noncompliance with discovery rules and pretrial order, trial judge is given broad discretion to make such order as is "adequate, appropriate" and parties are not unduly prejudiced. 17 A.R.S. Uniform Rules of Practice in the Superior Court, rule VII. | "Where there has been noncompliance with discovery rules and a pretrial order, is a trial judge given broad discretion in assuring that there is an adequate opportunity for discovery and that parties are not unduly prejudiced?" | 034305.docx | LEGALEASE-00144231-LEGALEASE-00144212 | Condensed_SA | 0.38 | | 1 | 0 | 0 | 0 |
| 1040 | United Excavating & Wrecking v. L. Wrann & John, 618 App. 14 165 | 30=1524 | Imposition of sanctions for noncompliance with rules relating to discovery and other pretrial procedures rests largely within discretion of trial court and determination of trial court will not be interfered with unless it appears that trial court is guilty of apparent abuse of discretion. Supreme Court, Rule 219(c), S.H.A. ch. 110A, § 219(c). | In general, imposition of sanctions for noncompliance with rules relating to discovery and other pretrial procedures rest largely within the discretion of the trial court and a determination of trial court will not be interfered with unless it appears that trial court is guilty of apparent abuse of discretion. Supreme Court, Rule 219(c), S.H.A. ch. 110A, § 219(c). | "In general, does imposition of sanctions for noncompliance with rules relating to discovery and other pretrial procedures rest largely within the discretion of trial court?" | 034324.docx | LEGALEASE-00144293-LEGALEASE-00144294 | Condensed_SA | 0.11 | | 1 | 0 | 0 | 0 |
| 1041 | EMW Enterprises Two v. Frontenac, Pachaic & Koshti, P.A., 202 So. 3d 932 | 307A=563 | Before a court may dismiss a cause as a sanction for willful noncompliance with court order, it must first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal. Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla. 1993) (citations omitted). | Before a court may dismiss a cause as a sanction for willful noncompliance with court order, it must first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal." Kozel requires the court to consider the following factors before dismissing a cause of action as a sanction: (1) the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; (2) the attorney has been previously sanctioned; (3) the client was personally involved in the act of disobedience; (4) the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) the attorney offered reasonable justification for noncompliance; and (6) the delay created significant problems of judicial administration. | "Before a court may dismiss a cause as a sanction for willful noncompliance with court order, should it first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal?" | 034428.docx | LEGALEASE-00145671-LEGALEASE-00145672 | Condensed_SA | | | 1 | 0 | 0 | 0 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1042 | Oluwabukola Olawoye v. Olufisayo Arubuola, 198 So. 3d 1086 | 307A+746 | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment.Fla. R. Civ. P. 1.200(c). However, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order "that the party's conduct was willful and contumacious." Schneider v. Spaeth, 133 So.3d 1167, 1168 (Fla. 4th DCA 2014) (citations omitted); see also Mullins v. Moneyham, 861 So.2d 108 (Fla. 1st DCA 2003) (reversing order striking pleadings and entering default as sanction for failure to comply with discovery order; order lacked express written findings of willful or deliberate violation); Greenhill v. Shands Teaching Hosp. & Clinics, Inc., 834 So.2d 896 (Fla. 1st DCA 2003) (reversing dismissal of action upon appellants' failure to comply with pretrial conference order due to lack of finding in order that party's conduct was willful or deliberate); Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993) (reversing order striking pleadings and entering default judgment upon party's failure to attend pretrial conference; order lacked express written findings of willfulness or contumacious behavior). | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment; however, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order that the party's conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Can a court impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party?" | 034561.docx | LEGALEASE-00143979-LEGALEASE-00143980 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 1043 | Jeganathan v. O'Reilly, 195 Misc. 2d 197 | 307A+746 | As indicated above, when a plaintiff's case is dismissed pursuant to 22 NYCRR 202.27 (b) it may only be restored upon a showing of both a reasonable excuse for the default in failing to appear at the conference and a meritorious cause of action (see Syed v Fedor, supra; Polir Constr. v Etingin, 297 AD2d 509, supra). This court now holds that the standard applied to vacate a default under 22 NYCRR 202.27 (b) in the Supreme Court applies in the context of a motion to vacate a default under 22 NYCRR 210.14 (2) in the City Court. | When a plaintiff's Supreme Court case is dismissed for failure to appear at a scheduled calendar call or conference, it may only be restored upon a showing of both a reasonable excuse for the default in failing to appear at the conference and a meritorious cause of action. McKinney's CPLR 3404; N.Y.Ct.Rules, S 202.27(b). | "When a plaintiff's case is dismissed for failure to appear at a scheduled calendar call or conference, can it only be restored upon a showing of both a reasonable excuse for the default in failing to appear at the conference and a meritorious cause of action?" | 034598.docx | LEGALEASE-00143965-LEGALEASE-00143966 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |
| 1044 | Herrick v. Monkey Farm Cafe, 163 Conn. App. 45 | 307A+563 | Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure.... Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority ... the court should be reluctant to employ the sanction of dismissal except as a last resort. [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." (Citations omitted; internal quotation marks omitted.) Millbrook Owners Assn., Inc. v. Hamilton Standard, 257 Conn. 1, 15"17, 776 A.2d 1115 (2001); see also Usowski v. Jacobson, 267 Conn. 73, 91"92, 836 A.2d 1167 (2003). | Although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority, the court should be reluctant to employ the sanction of dismissal except as a last resort. | "Although dismissal of an action is not an abuse of discretion where a party shows a deliberate disregard for the court's authority, should the court be reluctant to employ the sanction of dismissal except as a last resort?" | 034612.docx | LEGALEASE-00144191-LEGALEASE-00144192 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 1045 | In re Gen. Motors Corp., 296 S.W.3d 813 | 13+69(7) | 17 However, the fact that the district court lacked jurisdiction to adjudicate Landmark's claims until action had been taken by the Board does not compel the conclusion that the district court's order of dismissal is void. As the supreme court explained in Subaru, when the trial court lacks subject-matter jurisdiction because an agency has exclusive jurisdiction over certain claims, the trial court should dismiss those claims without prejudice. Subaru, 84 S.W.3d at 227. If the impediment to the trial court's jurisdiction over certain Code-based claims can be cured by awaiting final determination of matters that are within the administrative agency's exclusive jurisdiction, the claims may be abated. Id. at 228. Accordingly, even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, the court still has the power to either abate or dismiss those claims. See id. at 227"28; see also Houston Mun. Employees Pension Sys. v. Ferrell, 248 S.W.3d 151, 158 (Tex.2007) ("Courts always have jurisdiction to determine their own jurisdiction."). The decision to abate or dismiss in this situation was within the district court's discretion. The district court did not divest itself of this discretion by entering the order of abatement. The district court retained the power to dismiss the claims"even to dismiss them inadvertently. | Even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, the court still has the power to either abate or dismiss those claims. | "Even when the trial court lacks subject-matter jurisdiction to adjudicate certain claims that are within the administrative agency's exclusive jurisdiction, does the court still have the power to either abate or dismiss those claims?" | 033124.docx | LEGALEASE-00146146-LEGALEASE-00146148 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 1046 | Total Holdings USA v. Curran Composites, 999 A.2d 873 | 92+3963 | On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making a prima facie case establishing jurisdiction under the relevant statute. When deciding the motion, the court is to decide, first, whether jurisdiction is appropriate under a relevant statute and, if so, whether the exercise of such jurisdiction would offend the defendant's due process rights under the Fourteenth Amendment of the United States Constitution. All factual disputes are viewed in a light most favorable to the plaintiff. | When deciding a motion to dismiss for lack of personal jurisdiction, the court is to decide, first, whether jurisdiction is appropriate under a relevant statute and, if so, whether the exercise of such jurisdiction would offend the defendant's due process rights under the Fourteenth Amendment of the United States Constitution. U.S.C.A. Const.Amend. 14. | "When deciding a motion to dismiss for lack of personal jurisdiction, is the court to decide, first, whether jurisdiction is appropriate under a relevant statute?" | 033191.docx | LEGALEASE-00145250-LEGALEASE-00145251 | Condensed, Order, SA | 0.34 | 1 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 1047 | Gautreaux v. Mory, 112 So. 3d 146 | 307A+563 | Fraud on the court means fraud a party has sought to perpetrate on the court, not simply a fraud between the parties... | When reviewing a case for fraud on court justifying dismissal of action, court should consider proper mix of factors and carefully balance a policy favoring adjudication on merits with competing policies to maintain integrity of judicial system. | "When reviewing a case for fraud on court justifying dismissal of action, court should consider a proper mix of factors and carefully balance a policy favoring adjudication on merits?" | 034548.docx | LEGALEASE 00145466-LEGALEASE 00145471 | Condensed, SA, Sub | 0.87 | 0 | 1 | | 1 | |
| 1048 | Cox v. Burke, 706 So. 2d 43 | 307A+563 | The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability properly to adjudicate a matter... | When reviewing case for fraud on court justifying extraordinary measure of dismissal, court should consider proper mix of factors and carefully balance policy favoring adjudication on merits with competing policies to maintain integrity of judicial system. | "When reviewing case for fraud on court justifying extraordinary measure of dismissal, court should consider proper mix of factors and carefully balance policy favoring adjudication on merits with competing policies to adjudication?" | 10861.docx | LEGALEASE 00094315-LEGALEASE 00094316 | SA, Sub | 0.81 | | 0 | 1 | | |
| 1049 | Simons v. Hardin, 339 N.C. 358 | 13+6 | Whenever during the course of litigation it develops that relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law... | Whenever during the course of litigation it develops that relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. | Should a case be dismissed if during litigation it develops that the relief sought has been granted or that questions originally in controversy between the parties are no longer at issue? | Pretrial Procedure - Memo # 7100 - C - BP.docx | ROSS 003286124-ROSS 003286125 | Condensed, SA | 0.2 | | 1 | | | |
| 1050 | Ex parte Edmar Kenner, 43 So. 3d 1234 | 307A+563 | In reversing the trial court judgment of dismissal, the Court of Civil Appeals stated that it established that the trial court had abused its discretion in opinion: "The determination of whether a party conduct was willful or contumacious, so as to warrant a dismissal... | The determination of whether a party's conduct was willful or contumacious, so as to warrant a dismissal with prejudice, is within the trial court's discretion. Because the trial judge is in the best position to assess a party's conduct and the trial court's position to assess the conduct of the plaintiff and the degree of noncompliance, its decision to grant a motion to dismiss a complaint for noncompliance will be accorded considerable weight. Rules Civ.Proc., Rule 41(b). | "Is the determination of whether a party conduct was willful or contumacious, so as to warrant a dismissal with prejudice, within the trial court discretion?" | 015296.docx | LEGALEASE 00145573-LEGALEASE 00145574 | SA, Sub | 0.47 | | 0 | 1 | | 1 |
| 1051 | Schrager v. Bailey, 2012 IL App (1st) 111943 | 307A+563.1 | A dismissal pursuant to section 2-619 is proper where the plaintiff's claim against the defendant is barred by affirmative matter avoiding the legal effect of or defeating the claim. In re Estate of Gallagher, 383 Ill.App.3d 901, 903, 322 Ill.Dec. 101, 890 N.E.2d 1249 (2008), 735 ILCS 5/2-619(a)(9)(West 2012)... | A dismissal pursuant to statutory provision that allows for an involuntary dismissal based upon certain defects or defenses is proper where the plaintiff's claim against the defendant is barred by affirmative matter avoiding the legal effect of defeating the claim; "affirmative matter" is something in the nature of a defense, negating the cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Is it proper for a dismissal to allow an involuntary dismissal based upon certain defects or defenses? | 11068.docx | LEGALEASE 00094199-LEGALEASE 00094200 | Condensed, SA | 0.53 | | 1 | | | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1052 | Sommer v. Maharaj, 451 Mass. 615 | 307A+563 | Among the pertinent considerations in determining whether the party's conduct warrants dismissal of a lawsuit are the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness or not of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. "Robson v. Halloran, 817 SW 11 216 Mass.)" There must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the movant would incur if the motion [to dismiss] were denied, and whether there are more suitable, alternative penalties." Monahan v. Washburn, 400 Mass. 126, 128 529, 507 N.E.2d (1987). | Among the pertinent considerations in determining whether the party's conduct warrants dismissal of a lawsuit are the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness or not of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. | What are among the pertinent considerations in determining whether a party's conduct warrants dismissal of a lawsuit? | 1079.docx | LEGALEASE 00094464-LEGALEASE 00094465 | SA, Sub | 0.51 | 0 | | 1 | 1 | |
| 1053 | Stringer v. Packaging Corp. of Am., 351 Ill. App. 3d 1135 | 307A+690 | However, if evidence is sufficient, a dismissal of fact, a defendant is not automatically entitled to a specific sanction. Shimansky, 181 Ill.2d at 127, 229 Ill.Dec. 513, 692 N.E.2d at 250. Instead, the trial court should consider the particular factual circumstances of the case to determine what, if any, sanction is appropriate. Shimanovsky, 181 Ill.2d at 127, 229 Ill.Dec. 513, 692 N.E.2d at 250. In order to determine whether the imposition of a sanction that results in a default judgment should be used only in those cases where a party's actions show a deliberate, contumacious, or unwarranted disregard of the court's authority. Shimanovsky, 181 Ill.2d at 123, 229 Ill.Dec. 513, 692 N.E.2d at 291. | An order to dismiss with prejudice or the imposition of a sanction that results in a default judgment should be used only in those cases where a party's actions show a deliberate, contumacious, or unwarranted disregard of the court's authority. | Should an order to dismiss with prejudice that results in a default judgment be used only in those cases where a party's actions show a deliberate, contumacious, or unwarranted disregard of the court's authority? | Pretrial Procedure - Memo # 7025 - C - 58.docx | ROSS-003236164-ROSS-003236165 | Condensed, SA | 0.66 | 0 | 1 | | | |
| 1054 | Stapleton v. Shower, 251 S.W.3d 341 | 307A+581 | In Toler, the Court further employed the fact that this Court to consider the factors set forth in Ward, 869 S.W.2d 772, when making a determination as to whether to order dismissal pursuant to CR 41.02. Those factors include: "(1) the extent of the party's personal responsibility; (2) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions." Id. at 351 (citing Ward, 809 S.W.2d at 719). These same factors are equally relevant when dismissal is imposed as a sanction for failure to comply with discovery requests. In Ward, the fact underlying the basis for the dismissal was the plaintiff's failure to comply with discovery requests, and involved the identification of an expert witness. Thus, the law set forth in Ward and, as clarified in Toler, is instructive when the court considers the issue of involuntary dismissal with prejudice. | Factors a trial court is to consider in ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules include: (1) the extent of the party's personal responsibility; (2) the history of dilatoriness; (3) whether the attorney's conduct was willful and in bad faith; (4) the meritoriousness of the claim; (5) prejudice to the other party; and (6) the availability of alternative sanctions. Rules Civ.Proc., Rules 37.02, 41.02. | What are factors a trial court should consider while ruling on the involuntary dismissal of a case for failure to prosecute or to comply with discovery rules? | 1091.docx | LEGALEASE 00094631-LEGALEASE 00094632 | SA, Sub | 0.54 | 0 | | 1 | 1 | |
| 1055 | Neagle v. Murphy, 316 Ill. App. 3d 581 | 307A+688 | Our standard of review of motion to dismiss, under either section 2-615 or 2-619, is de novo. H-Kee, Inc. v. Sheahan, Inc., 305 Ill.App.3d 603, 635 238 Ill.Dec. 800, 712 N.E.2d 1 203 (1999.) A motion to dismiss filed on section 2-615 admits all well-pleaded facts and attacks the legal sufficiency of the complaint, whereas a motion filed on section 2-619 defense or other affirmative matter which appears on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim. Joseph v. Chicago J Transit Authority, 306 Ill.App.3d 927, 931, 240 Ill.Dec. 46, 715 N.E.2d 733, 736 (1999). Thus, we apply a separate analysis to each basis of defendants' motion. | A motion for involuntary dismissal admits the legal sufficiency of the complaint, and raises defects, defenses, or other affirmative matter which appear on the face of the complaint or are established by external submissions which act to defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619. | Can a motion to dismiss raise defects, defenses, or other affirmative matter appearing on the face of the complaint or established by external submissions that defeat the plaintiff's claim? | Pretrial Procedure - Memo # 7655 - C - 45.docx | ROSS-002294893-ROSS-002294902 | SA, Sub | 0.63 | 0 | | 1 | 1 | |
| 1056 | Baer v. New Hampshire Dept of Educ., 160 N.H. 727 | 307A+688 | "Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleading are reasonably susceptible of a construction that would permit recovery. Town of Hinsdale, 160 N.H. 507, 8 A.3d 158, 162 (2010) (quotation omitted). To do this, we assume the plaintiff's unsubstantiated the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts pleaded, whether the plaintiff has sufficiently demonstrated its right to claim relief. Id. at 507, 8 A.3d at 162. We examine a trial court's jurisdictional factual findings sua sponte, and standing is one such defense. See Dispute Asde Party v. Dispute Planning Board, 134 N.H. 402, 403, 593 A.2d 241 (1991.) Because the underlying facts are not in dispute, we review the trial court's determination de novo. Johnson v. Town of Wolfeboro Planning Bd., 157 N.H. 94, 97, 3 A.3d 122018). | When the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine whether petitioner have sufficiently demonstrated their right to claim relief. | Can the court look beyond petitioners' unsubstantiated allegations and determine whether petitioner have sufficiently demonstrated their right to claim relief? | 1025J.docx | LEGALEASE 00096962-LEGALEASE 00096963 | Condensed, SA | 0.68 | 1 | 1 | | | |
| 1057 | Bihary v. Jadz, 240 Neb. 454 | 307A+563 | 213 Neb. at 448 69, 308 N.W.2d 24 of 798. Thus, in the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss an action on account of lack of diligent prosecution. Bihqa' below, expressed at the hearing on the rule for dismissal motion, namely, that there was a possibility of a Perq filing a petition in bankruptcy, is an inadequate showing of good cause relative to the Case Progression Standards. In view of the absence of a dismissal or a trial court's dismissal of an inactive civil action allows a court to turn its attention to other, pending litigation. In view of the foregoing discussion, this disposition. Consequently, we find no abuse of discretion in the district court's dismissal of Bihary's action; hence, the judgment of the district court is affirmed. | Is a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss an action on account of lack of diligent prosecution? | Pretrial Procedure - Memo # 7752 - C - N6.docx | ROSS-003236654-ROSS-003236655 | Condensed, SA | 0.71 | 0 | 1 | | | |

201

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1058 | Betts v. City of Chicago, 2013 IL App (1st) 123653 | 307A+561.1 | A motion for involuntary dismissal pursuant to section 2"619(a) admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter which avoids the legal effect or defeats a plaintiff's claim. 735 ILCS 5/2"619(a) (West 2010). An "affirmative matter" under section 2"619(a)(9) is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." In re Estate of Schlenker, 209 Ill.2d 456, 461, 283 Ill.Dec. 707, 808 N.E.2d 995 (2004). "Once a defendant satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is "unfounded or requires the resolution of an essential element of material fact before it is proven." " Reilly v. Wyeth, 377 Ill.App.3d 20, 36, 315 Ill.Dec. 428, 876 N.E.2d 740 (2007) (quoting Kedzie & 103rd Currency Exchange, Inc., 156 Ill.2d at 116, 189 Ill.Dec. 31, 619 N.E.2d 732). | An "affirmative matter," within meaning of statute permitting involuntary dismissal of claim when it is barred by other affirmative matter avoiding the legal effect of or defeating the claim, is something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a). | Is an affirmative matter something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or material fact contained in or inferred from the complaint? | Pretrial Procedure - Memo # 7804 - C - ES_57825.docx | ROSS-003323216-ROSS-003323217 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 1059 | In re Cty. Collector, 2016 IL App (3d) 150712 | 307A+561.1 | Section 2"619 of the Code allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2"619 (West 2014). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. | The purpose of the statute authorizing involuntary dismissal of a complaint based upon certain defects or defenses is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. S.H.A. 735 ILCS 5/2-619. | What would be the purpose of the statute authorizing involuntary dismissal of a complaint based upon certain defects or defenses? | 036325.docx | LEGALEASE-00147640-LEGALEASE-00147641 | Condensed, SA | 0.16 | 0 | 1 | 0 | 1 | |
| 1060 | People v. Charles, 61 N.Y.2d 321 | 63+1(1) | The statute requires no act beyond the agreement or understanding, however, and defendant's inability to influence the disposition of traffic tickets did not necessarily remove his conduct from that proscribed by it (see People v. Chapman, 13 N.Y.2d 97, 242 N.Y.S.2d 200, 192 N.E.2d 160). If the briber sought to affect his judgment or action in his capacity as a public servant and within the "colorable" authority of the public position he held at the time of the bribe offer, the crime was committed. The decisions hold that "colorable" authority exists when a bribe is offered to a public official "to act corruptly in a matter to which he bears some official relation, though the act itself may be technically beyond his official powers or duties" (People v. Lafaro, 250 N.Y. 336, 342, 165 N.E. 518; see People v. Herskowitz, 41 N.Y.2d 1094, 396 N.Y.S.2d 356, 364 N.E.2d 1127). Manifestly, as a clerk in the courts, defendant came within this rule and his conduct constituted a crime although he did not have authority to dismiss traffic tickets. | "Colorable" authority exists when bribe is offered to public official to act corruptly in matter to which he bears some official relation, though act itself may be technically beyond his official powers or duties. McKinney's Penal Law S 200.10. | Does colorable authority exist when a bribe is offered to a public official to act corruptly in a matter to which he bears some official relation though the act itself may be technically beyond his official powers or duties? | Bribery - Memo #936- C-JL_57928.docx | ROSS-003306919-ROSS-003306920 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 1061 | United States v. Terry, 707 F.3d 607 | 63+1(1) | Yet these adjectives do not add a new element to these criminal statutes but signal that the statutory requirement must be met"that the payments were made in connection with an agreement, which is to say "in return for" official actions under it. So long as a public official agrees that payments will influence an official act, that suffices. What is needed is an agreement, full stop, which can be formal or informal, written or oral. As most bribery agreements will be oral and informal, the question is one of inferences taken from what the participants say, mean and do, all matters that juries are fully equipped to assess. "[M]otives and consequences, not formalities," are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is "quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor." Evans v. United States, 504 U.S. 255, 274, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992) (Kennedy, J., concurring in part and concurring in the judgment); see also McCormick, 500 U.S. at 270, 111 S.Ct. 1807 ("It goes without saying that matters of intent are for the jury to consider."); Ring, 706 F.3d at 468 (noting that intent "distinguishes criminal corruption from commonplace political and business activities"); United States v. Wright, 665 F.3d 560, 569 (3d Cir.2012) ("We rely on the good sense of jurors ... to distinguish intent from knowledge or recklessness where the direct evidence [of a quid pro quo] is necessarily scanty.") | Motives and consequences, not formalities, are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor. 18 U.S.C.A. S 201(b)(2). | Is formality the key for determining whether a public official entered an agreement to accept a bribe? | Bribery - Memo #987 - C-JL_57952.docx | ROSS-003282646-ROSS-003282647 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 1062 | Holly v. Harrah's Tunica Corp., 962 So. 2d 136 | 307A+563 | Rule 41(b) of the Mississippi Rules of Civil Procedure provides for an involuntary dismissal with prejudice, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The rule also allows for the dismissal to operate as an adjudication on the merits. Id. However, because the law favors a trial on the merits, a dismissal with prejudice should be executed reluctantly. Hoffman v. Paracelsus Health Care, 752 So.2d 1030, 1034( 11) (Miss.1999). It is an extreme and harsh sanction which is reserved for the most egregious cases. Id. "Moreover, dismissal for failure to comply with an order of the [court] is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." Wallace, 572 So.2d at 376. | Dismissal for failure to comply with an order of the court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | Is dismissal for failure to comply with an order of the court appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice? | Pretrial Procedure - Memo # 7111 - C - PC_57785.docx | ROSS-003282342-ROSS-003282343 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 1063 | Novak v. Orca Oil Co., 875 P.2d 756 | 307A+590.1 | Alaska Civil Rule 41(e) authorizes the court to dismiss a case either on its own motion or on the motion of a party if no proceeding has been taken in the case for more than one year. Before ordering dismissal pursuant to Rule 41(e), the trial court must undertake a two-step inquiry: it must initially inquire whether the party facing dismissal has engaged in any proceedings within the previous one-year period; if not, then it must next inquire whether good cause exists for the delay. Willis v. Wetco, Inc., 853 P.2d 533, 536 (Alaska 1993). | Before ordering dismissal for want of prosecution, court must initially inquire whether party facing dismissal has engaged in any proceedings within the previous one-year period and, if not, must inquire as to whether good cause existed for the delay. Rules Civ.Proc., Rule 41(e). | "Before ordering dismissal for want of prosecution, should a court initially inquire whether the party facing dismissal has engaged in any proceedings within the previous one-year period?" | Pretrial Procedure - Memo # 7147 - C - KS_58038.docx | ROSS-003279894-ROSS-003279895 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1064 | Stacy v. Johnson, 25 So. 3d 307 | 307A+581 | (long opinion text) | Cases are dismissed with prejudice for failure to prosecute only where a plaintiff has been guilty of dilatory or contumacious conduct, or the repeatedly disregarded the procedural directives of the court, and where lesser sanctions would not serve the best interests of justice. Rules Civ.Proc., Rule 41(b). | Are cases dismissed with prejudice for failure to prosecute, if the record shows that a plaintiff has been guilty of dilatory or contumacious conduct? | 035406.docx | LEGALEASE-00148089-LEGALEASE-00148090 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 1065 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+581 | (long opinion text) | When evaluating motion to dismiss for failure to prosecute, trial court must bear in mind that courts exist primarily to afford forum to settle litigable matters between disputing parties. Rules Civ.Proc., Rule 41(b)(1, 2). | Should a court bear in mind that courts exist primarily to afford litigants a forum to settle litigable matters between disputing parties, when evaluating a motion to dismiss for failure to prosecute? | Pretrial Procedure - Memo #3005 - C - DH4.docx | LEGALEASE-00338673-LEGALEASE-00338674 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 1066 | Hall v. Pitts, 639 2.2d 558.1 | 170A+1758.1 | (long opinion text) | A dismissal for failure to prosecute is a harsh sanction that runs counter to policy of the law favoring the disposition of cases on their merits and, accordingly, such dismissal should be granted only in extreme situations where a plaintiff has engaged in a clear pattern of delay or contumacious conduct. | Is a dismissal for failure to prosecute a harsh sanction that runs counter to the policy of the law favoring the disposition of cases on their merits? | 035003.docx | LEGALEASE-00148786-LEGALEASE-00148787 | | 0.66 | 0 | 0 | 0 | 0 | |
| 1067 | Primus Auto. Holdings v. Primos, 139 A.3d 1032 | 307A+624 | (long opinion text) | In considering a motion to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, and whether the facts as alleged fit within any cognizable legal theory. McKenney's CPR 3211(a)(7). | Is one of the standards for determining a motion to dismiss whether the pleading states a cause of action? | Pretrial Procedure Memo #7958 - C - CK_5813.docx | ROSS-003338425-ROSS-003338426 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order (839) | Condensed (15,944) | Substantive Additions (14,973) | Selection & Arrangement (22,876) | Multiple Differences (9,029) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1068 | In re Marriage of Baxter, 115 S.W.3d 141 | 307A+585.1 | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Tex.R. Civ. P. 165a; Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999). Rule 165a also provides a procedure for reinstatement of cases dismissed for failure to appear at any hearing. See Tex.R. Civ. P. 165a(3). The courts have held, however, that the reinstatement provision applies only to cases dismissed for failure to appear, not to cases dismissed for want of prosecution. Burton v. Hoffman, 959 S.W.2d 351 (Tex.App.-Austin 1998, no pet.); Clark v. Yarbrough, 900 S.W.2d 406 (Tex.App.-Texarkana 1995, writ denied). The standard for renewing a dismissal for want of prosecution is abuse of the court's discretion, whereas the test for reinstatement after a case dismissed under the failure to appear provision of Rule 165a is mistake or accident on the part of the aggrieved party. Burton v. Hoffman, 959 S.W.2d 351. | A trial court has the inherent power to dismiss a case for want of prosecution, and express authority to do so is also given by the rules of civil procedure in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court dismiss a case pursuant to either its inherent power or in accordance with rule for want of prosecution? | Pretrial Procedure - Memo #3066 - C - PR_54614.docx | ROSS-00281743-ROSS-00281746 | SA_Sub | 0.68 | 0 | 0 | 0 | 1 |  |
| 1069 | Coons v. Berry, 304 S.W.3d 215 | 307A+622 | State ex rel. Henley v. Bickel, 285 S.W.3d 327, 329 (Mo. banc 2009) (internal quotation omitted). In order to avoid dismissal, the petition must state a "substantive principle" to relief and not simply "plead law." Id., ... ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial. | In order to avoid dismissal for failure to state a claim upon which relief can be granted, a petition must invoke substantive principles of law entitling plaintiff to relief and also inform the defendant of that which plaintiff will attempt to establish at trial. | To order to survive a motion to dismiss, should a petition invoke substantive principles of law entitling plaintiff to relief and inform the defendant of that which plaintiff will attempt to establish at trial? | Pretrial Procedure - Memo #4183 - C - PR_5884.docx | ROSS-003280643-ROSS-003280644 | SA_Sub | 0.22 | 0 |  | 1 |  |  |
| 1070 | Oseredko v. Marci, 216 P.3d 621 | 307A+581 | In balancing the policies favoring resolution of disputes on the merits and preventing unreasonable delay, several nonexclusive factors are considered: the length of the delay, the reason for the delay, any prejudice that may result to the defendant, and the extent to which the plaintiff has renewed efforts to prosecute the case. Lake Meredith Reservoir Co., 698 P.2d at 1385. Prejudice is presumed from the case-law unusual delay, see BA Leasing Corp. v. Bd. of Assessment Appeals, 653 P.2d 80, 82 (Colo.App.1982), and the extent to which the plaintiff has renewed efforts to prosecute the case turns on factors including the mitigating circumstances that explain the delay, and any reasons for the delay's discretion and dismiss the action. Lake Meredith Reservoir Co., 698 P.2d at 1385. | In balancing the policies favoring resolution of disputes on the merits and preventing unreasonable delay, in evaluating a motion to dismiss for failure to prosecute, several nonexclusive factors are considered: the length of the delay, the reason for the delay, any prejudice that may result to the defendant, and the extent to which the plaintiff has renewed effort to prosecute the case. | What factors are considered in balancing the policies favoring resolution of disputes on the merits and preventing unreasonable delay? | Pretrial Procedure - Memo #4474 - C - RJ_84968.docx | ROSS-003294187-ROSS-003294188 | SA_Sub | 0.45 | 0 |  | 1 |  |  |
| 1071 | Zeller v. Scafi, 498 S.W.3d 846 | 307A+622 | We review the trial court's grant of a motion to dismiss de novo. Dawson v. ... the advisability of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. Coons v. Berry, 304 S.W.3d 215, 217 (Mo.App.2010) (2009). To avoid dismissal, the petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial. Id. at 217-18. | To avoid dismissal for failure to state a cause of action, the petition must invoke substantive principles of law entitling the plaintiff to relief and allege ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial. | To order to avoid dismissal for failure to state a cause of action, should a petition invoke substantive principles of law entitling plaintiff to relief and allege ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial? | 038898.docx | LEGALEASE-00250066-LEGALEASE-00250067 | SA_Sub | 0.74 | 0 |  | 1 |  |  |
| 1072 | Levine v. Bates Plumb. Home of Syd., 184 A.D.2d 759 | 388+14 | We affirm. A case distant from a trial calendar, and not restored within one year, is automatically deemed abandoned pursuant to CPLR 3404... (Carlos v. Grand Union Co., 123 A.D.2d 918, 508 N.Y.S.2d 355; Marett v. Brice, 124 A.D.2d 588, 508 N.Y.S.2d 203). In order to restore the case to the calendar where a plaintiff abandoned the case, a plaintiff must demonstrate a viable excuse, a meritorious cause, lack of prejudice and absence of intent to abandon the case (Merrill v. Robinson, 192 A.D.2d 478, 479, 596 N.Y.S.2d 808). The only excuse proffered for the delay was that Catherine Levine continued to reject the settlement offered and refused to participate in the other court. Notably, plaintiffs recounted no other activity relative to this case, did not testimony on damages does not satisfy this requisite. It is further significant that the defendant's averred that two witnesses were no longer employed and were unavailable. Under these circumstances, Supreme Court clearly did not abuse its discretion in refusing to vacate the dismiss. | Case stricken from trial calendar, and not restored within one year, is automatically deemed abandoned pursuant to CPLR; restore case to calendar where plaintiff demonstrates viable excuse, meritorious claim, lack of prejudice, and absence of intent to abandon case. McKinney's CPLR 3404. | Is action which is stricken from trial calendar and not restored within one year thereafter deemed abandoned and dismissed pursuant to statute? | 038846.docx | LEGALEASE-00250196-LEGALEASE-00250197 | Condensed_SA | 0.76 | 0 | 1 |  | 1 |  |
| 1073 | Nasca v. Sgro, 130 A.D.3d 588 | 307A+622 | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party given the benefit of all favorable inferences (see Leon v. Martinez, 84 N.Y.2d 83, 87-88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Graziano Holdings, LH v. Goetze & White Designs, Inc., 123 A.D.3d 993, 961, 1 N.Y.S.3d 207; Caniba v. Stony Brook Univ., 119 A.D.3d 508, 509, 987 N.Y.S.2d 842). The test of the sufficiency of a pleading to state a cause of action is whether it gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments (McKinney's CPLR 3211(a)(7); see JP Morgan Chase v. J.H. Elec. of N.Y., Inc., 69 A.D.3d 802, 803, 893 N.Y.S.2d 237; 1455 Washington Ave. Assoc. v. Rose & Kiernan, 260 A.D.2d 770, 687 N.Y.S.2d 791; Gershon v. Goldberg, 30 A.D.3d 372, 373, 817 N.Y.S.2d 68; 445 445 N.Y.S.2d 710 [internal quotation marks omitted].). | The test of the sufficiency of a pleading to state a cause of action, whether it gives sufficient notice of the transactions, occurrence, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments. | Is the test of the sufficiency of pleading on a motion to dismiss for failure to state a cause of action, is whether it gives sufficient notice of the transaction, occurrences, or series of transactions or occurrences intended to be proved? | 038899.docx | LEGALEASE-00250336-LEGALEASE-00250337 | SA_Sub | 0.61 | 0 |  | 1 |  |  |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1104 | PNC Multi Family Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp., 387 S.W.3d 525 | 30THx479 | When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, we are confined to an examination of the complaint alone (See Webb's Fin. Serv., Inc. v. Mollenauer, 807 S.W.2d 708, 711 (Tenn. Ct. App. 1990)). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law (Stein, 538 S.W.2d 188 (Tenn 1975)). Although allegations of pure legal conclusions will not sustain a complaint, see Ruth v. Ruth, 213 Tenn. 82, 372 S.W.2d 285, 287 (1963), a complaint need not contain in minute detail the facts that give rise to the claim, "so long as the complaint does contain direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Donaldson v. Donaldson, 557 S.W.2d 60, 61 (Tenn 1977); White v. Revco Discount Drug Centers, Inc., 33 S.W.3d 713, 720 (Tenn 2000); accord Given v. Mullikin ex rel. McOwens, 75 S.W.3d 383, 391, 397 SW | The basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. | "Would the basis for a motion to dismiss a complaint for failure to state a claim upon which relief can be granted be that the allegations in the complaint when considered alone and taken as true, are insufficient to state a claim as a matter of law?" | 037244.docx | LEGALEASE-00151050 / LEGALEASE-00151051 | Condensed, SA | 0.74 | 0 | 1 | | 1 | |
| 1105 | Vill. of Mt. Dunbar v. First United Methodist Church & Rev. Dr. Dunbar, 388 | 30THx424 | We turn then to the dismissal of the Church's amended counterclaim for failure to state a claim under section 2-615. All that is required to survive a motion to dismiss for failure to state a claim is that the plaintiff allege facts that, taken as true, are sufficient to set forth a recognized cause of action. Kanerva v. Weems, 2014 IL 115811, 13, 383 Ill.Dec. 107, 13 N.E.3d 1228. In other words, a complaint should not be dismissed on section 2-615 grounds unless no set of facts would warrant relief. Id. at ¶ 23. We review the sufficiency of a claim de novo. 261 Ill.App.3d 1059, 1055, 198 Ill.Dec. 102, 632 N.E.2d 298. Such is the case with any of the claims in the Church's amended counterclaim. | All that is required to survive a motion to dismiss for failure to state a claim is that the plaintiff allege facts that, taken as true, are sufficient to bring a claim within a recognized cause of action. In other words, a complaint should not be dismissed for failure to state a claim unless no set of facts would warrant relief. 791 Ill. Comp. Stat. Ann. 5/2-615. | "Is it that the plaintiff allege facts to bring a claim within a recognized cause of action, all that is required to survive a motion to dismiss for failure to state a claim?" | 037461.docx | LEGALEASE-00151821 / LEGALEASE-00151822 | SA Sub | 0.47 | 0 | | 1 | 1 | |
| 1106 | Mathews v. Diaz, 426 U.S. 67 | 24Fx120 | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. For a host of constitutional and statutory provisions rest on the premise that a legitimate distinction between citizens and aliens may justify attributes and benefits for one class not accorded to the other; and the class of aliens is itself a heterogeneous multitude of persons with a wide-ranging variety of ties to this country. | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification? | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens must be placed in a single homogeneous legal classification? | 006880.docx | LEGALEASE-00151558 / LEGALEASE-00151559 | SA Sub | 0.47 | 0 | | 1 | 1 | |
| 1107 | American Ca. v. White, 73 F.3d 1553 | 83Tx335 | Americold argues that the forfeiture clause does not destroy negotiability because it is merely a provision regarding security and collateral. As to security, O.C.G.A. § 11-3-106(b) states: "A promise or order otherwise unconditional is not made conditional by the fact that the instrument ... states that it is secured, whether by mortgage, reservation of title, or otherwise." As to collateral, O.C.G.A. § 11-9-102(9) provides: "The negotiability of an instrument is not affected by ... (a) [a statement that collateral has been given for the instrument or to [the sale of default on the instrument the collateral] may be sold." Americold contends that these statutes render the note negotiable. We disagree. While the forfeiture clause in the note is the issue of whether a partner at time he acquired interest in limited partnership, providing that that partner did not timely make all payments owing under notes, then Americold reacquired interest and other parties. | For that a clause in notes executed by limited partner at time he acquired interest in limited partnership, providing that if partner did not timely make all payments owing under notes, then he would retroactively lose interest in general partnership and its managing general partner, did not render clause as "promise, order, obligation, or power," which prevented promissory notes from qualifying as "negotiable instruments" under Georgia law. O.C.G.A. § 11-3-104(a). | "Does a partner lose interest in a limited partnership, if he fails to make timely payments on a note?" | 037050.docx | LEGALEASE-00151594 / LEGALEASE-00151595 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 1108 | Leak v. Leak Well Fin., LLC A.I.3d 992 | 307Hx682.1 | 1 In determining a motion pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v. Martinez, 84 N.Y.2d 83, 87–88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]). In assessing a motion under CPLR 3211(a)(7), however, a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss (see CPLR 3211(a)(1); Sokol v. Leader, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153 [2010]). When evidentiary material is considered on such a motion, and the motion has not been converted to one for summary judgment, "the criterion is whether the plaintiff has a cause of action, not whether he or [she] has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977]). In other words, "dismissal results only if the movant demonstrates that a claimed material fact is 'not a fact at all' and that 'no significant dispute exists regarding it'" (Stukuls v. State of New York, 42 N.Y.2d 272, 275, 397 N.Y.S.2d 740, 366 N.E.2d 829 [1977]; see Guggenheimer v. Ginzburg, 43 N.Y.2d at 268, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977]; see Mawere v. Landau, 130 A.D.3d 986, 988, 15 N.Y.S.3d 120). | When evidentiary material is considered on a motion to dismiss for failure to state a cause of action, and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | "Where the motion is not converted to one for summary judgment, is the criterion whether the plaintiff has a cause of action, not whether he has stated one?" | Pretrial Procedure - Memo # 895 - C - PB_59733.docx | ROSS-003278713 / ROSS-003278714 | SA Sub | 0.56 | 0 | | 1 | 1 | |
| 1109 | Schwarz v. Conni Edition, 49 Misc. 3d 832 | 307Hx480 | Nevertheless, the court may consider evidentiary material in evaluating a motion made under CPLR 3211(a)(7), when such material is considered, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977]). In other words, "dismissal results only if the movant demonstrates that a claimed material fact is 'not a fact at all' and that 'no significant dispute exists regarding it'" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977]; see Sokol v. Leader, 74 A.D.3d 1180, 1180, 1181, 904 N.Y.S.2d 153 [2010]). | A court may consider evidentiary material in evaluating a motion to dismiss; when such material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one, and unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate. McKinney's CPLR 3211(a)(7). | Can a court consider evidentiary material in evaluating a motion to dismiss? | Pretrial Procedure - Memo # 838 - C - KS_59744.docx | ROSS-003282607 | SA Sub | 0.52 | 0 | | 1 | 1 | |

205

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1080 | Easter Seal Rehab. Ctr. Sar WKNS County Op. v. Current Dev. Corp., 307 Ill. App. 3d 48 | 307A=561 | Although it is unclear from the record and not clear these allegations played in the trial court's decision to enter judgment against the defendant to the extent that the trial court entered judgment against the defendant in a sanction of dismissal of the plaintiff's action or entry of a judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers of the court's authority... | The sanctions of dismissal of a plaintiff's action or entry of a judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers of the court's disposal have failed to advance the litigation. | Should the sanctions of dismissal of plaintiff's action or entry of a judgment against a defendant be imposed only as a last resort when all other enforcement powers of the court's disposal have failed to advance the litigation? | D37895.docx | LEGALEASE-00132201 LEGALEASE-00132202 | Condensed, SA | 0.74 | | 1 | | | |
| 1081 | Lynch v. Town of Fairham, 10A-A Jul 1047 | 307A=561.1 | When ?uling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the [plaintiff's] pleading are sufficient to state a basis upon which relief may be granted. Avery v. N.H. Dept of Educ., 162 N.H. 604, 606, 34 A.3d 712 (2011). "To make this determination, the court would normally accept all facts pled by the [plaintiff] as true, construing them most favorably to the [plaintiff]." Id. "When the motion to dismiss does not challenge the sufficiency of the [plaintiff's] legal claim but, instead, raises certain defenses, the trial court must look beyond the [plaintiff's] unsubstantiated allegations and determine, based on the facts, whether the [plaintiff?s(a)] sufficiently demonstrated [his] right to claim relief." Id. (quotation omitted). "A jurisdictional challenge based upon lack of standing is such a defense." Id. at 607, 34 A.3d 712. When "the relevant facts are not in dispute, we review the trial court's determination on standing de novo." | When a motion to dismiss does not challenge the sufficiency of a plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | Is a jurisdictional challenge raised in a motion to dismiss a defense for which the trial court will look beyond the plaintiff's allegations in the complaint? | D34884.docx | LEGALEASE-00250043 LEGALEASE-00154044 | Condensed, SA | 0.69 | | 1 | | | |
| 1082 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A=561 | The burden is for plaintiff to prosecute a case in due course without unusual or unreasonable delay. Zeno v. Town of Greenwood Village, 147 Colo. at 379, 363 P.2d at 1050 1050-2 nn+n-4. Vann Island Theatres, Inc., 147 Colo. 346, 349, 37 2d 593, 593 (1947). ItA Leasing Corp. v. Board of Assessment Appeals, 653 P.2d 85 (Colo. App. 1982). When evaluating a motion to dismiss for failure to prosecute, a trial court must bear in mind that courts exist primarily to afford a forum in settle litigible matters between disputing parties." Mizar v. Jones, 157 Colo. 535, 537, 403 P.2d 767 (1965). In the absence of a showing by the plaintiff of mitigating circumstances or a reasonable excuse for the delay, however, an unusual delay in the prosecution justifies an exercise of the trial court's discretion in dismissing an action. Rudd v. Rogerson, 152 Colo. at 376, 381 P.2d at 988; Yampa Valley Coal Co. v. Velotta, 83 Colo. 235, 263 P. 717 (1928). ItA Leasing Corp. v. Board of Assessment Appeals, 653 P.2d 85 (Colo. App. 1982) | When evaluating a motion to dismiss for failure to prosecute, a trial court must bear in mind that courts exist primarily to afford a forum in which to settle litigable matters between disputing parties. | Should courts bear in mind that courts exist primarily to afford a forum in which to settle litigable matters between disputing parties when evaluating motion to dismiss for failure to prosecute? | D36818.docx | LEGALEASE-00154111 LEGALEASE-00154112 | Condensed, SA | 0.78 | | 1 | | | |
| 1083 | Sheldon v. Kettering Health Network, 2015-Ohio-3268 | 307A=679 | We begin our review with the standards applicable to Civ.R. 12(B)(6) motion. A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R. 12(B)(6), tests the sufficiency of a complaint. For a defendant to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. Volbers-Klarich v. Middletown Community Health Union, Inc., 4 Ohio St.2d 242, 245, 327 N.E.2d 75 (1975). A court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in the plaintiff's favor. Mitchell v. Lawson Milk Co., 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).We conduct a de novo review of a dismissal under Civ.R. 12(B)(6). Grover v. Bartsch, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, 16 (2d Dist.). | A court considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in the plaintiff's favor. | A court considering a motion to dismiss a claim upon which relief can be granted, should a court presume that all factual allegations in the complaint are true? | D35964.docx | LEGALEASE-00154501 LEGALEASE-00154502 | Condensed, SA, Sub | 0.63 | | 1 | | | |
| 1084 | H. & R. Block Bank v. Perry, 2015-Ga. 547 Ft3 | 307A=690 | A dismissal with prejudice is an extreme sanction, and a trial court has discretion to dismiss a complaint with prejudice. See Ga. R. Civ. P. 41(b). Among other things, the extreme sanction of dismissal with prejudice is reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful, contumacious or otherwise aggravated and that no lesser sanction would be just under the circumstances. West's F.S.A. RCP Rule 1.420(b). | Among other things, the extreme sanction of dismissal with prejudice is reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful... | Among other things, is the extreme sanction of dismissal with prejudice reserved for circumstances in which the trial court makes findings supported by the record that the conduct involved was willful? | D34610.docx | LEGALEASE-00155815 LEGALEASE-00155816 | Condensed, SA, Sub | 0.59 | | 1 | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1085 | Hoye v. Town of Weare, 156 N.H. 526 | 307A<81 | To determine whether a party's interest in the outcome of a planning board proceeding is sufficiently direct and definite to become vested, the trial court must conduct a factual inquiry. Nautilus of Exeter, 139 N.H. at 632, 633 A.2d 607. In making this determination, "[t]he court may consider such factors such as the proximity of the plaintiff's property to the site for which approval is sought, the type of change proposed, the immediacy of the injury claimed, and the plaintiff's participation in the administrative hearings." Id. (quotation and citation omitted). Ultimately, where a party's interest is affected, "[c]hallenges to the plaintiff's standing to sue ... the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." Dosjean Auto Parts v. Dosjean Planning Board, 134 N.H. 461, 465, 467, 593 A.2d 241 (1991) (citation omitted). However, when the underlying facts are not in dispute, we review the trial court's determination de novo. AGG Credit Co. v. Gill, 152 N.H. 346, 350 (2005). | When a party's motion to dismiss challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. RSA 677:15(1). | When a party's motion to dismiss challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations? | 039006.docx | LEGAL0436 00155060 LEGAL0436 00155061 | Condensed_SA_Sub 0.75 | | | | 1 | | |
| 1086 | Hix v. State Farm Mut. Auto. Ins. Co., 928 F. Supp. 964 | 15<631(1) | Equitable estoppel requires proof that one person willfully caused another to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment. Estoppel is a flexible doctrine. Miano v. Aetna Casualty & Sur. Co., 254 Conn. 147, 160, 755 A.2d 815 (2000); Aetna/Agena, 8 Haw.App. 255, 223, 797 F.2d 574 (1990). A party invoking equitable estoppel must show that the other party did or said something that was intended or calculated to induce the other party to believe certain facts and to act on that belief; and that the other party actually did rely on that conduct to his detriment. Strauss v. Simmons, 64 Haw. 32, 43, 637 P.2d 299 (1981) (quoting Doherty v. Hartford Group, 58 Haw. 570, 574 P.2d 152 (1978)). | "Does equitable estoppel require proof that one person willfully caused another person to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment." | "Does equitable estoppel require proof that one person willfully caused another to erroneously believe a certain state of things, and that person reasonably relied on this erroneous belief to his or her detriment?" | 017779.docx | LEGAL0436 00156168 LEGAL0436 00156169 | Condensed_SA | 0.63 | | | | | 1 | |
| 1087 | Clemens v. Nissan N. Am., 2013 U.S. App WL 11994.3 | 307A<679 | Section 2-619 of the Code presents a defendant may file a motion for dismissal on nine different enumerated grounds, including: "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2012). "Section 2-619(a)(1) purpose is to provide litigants with a method of disposing of issues of law and easily proved issues of fact relating to the affirmative matter early in the litigation." (Emphasis in original.) Reynolds v. Jimmy John's Enterprises, LLC, 2013 IL App (4th) 120139, 363 Ill.Dec. 432, 988 N.E.2d 984. The complaint was in the moment, for purposes of the motion, "admits all well-pleaded facts and reasonable inferences therefrom." Doyle v. Holy Cross Hospital, 289 Ill.App.3d 1032, 182 N.E.2d 1032, 176, 953 N.E.2d 415. In reviewing the motion, "[t]he court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that may reasonably be drawn in plaintiff's favor." Danforsforx v. Iwedar, 2012 IL 114445, 51, 956 Ill.Dec. 733, 962 N.E.2d 438 and should only grant the motion if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619(a). Reynolds, 2013 IL App (4th) 120139, 31, 373 Ill.Dec. 432, 988 N.E.2d 984 (quoting Morton v. Wangler, 184 Ill.App.3d 786, 792, 321 Ill.Dec. 725, 889 N.E.2d 176, 779 (2008)). A section 2-619 dismissal is reviewed de novo. Id. | In reviewing a motion for involuntary dismissal based on certain defects or defenses, a court must accept as true all well-pleaded facts in the complaint and all inferences that may reasonably be drawn in plaintiff's favor and should only grant the motion if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619(a). | "In reviewing a motion for 'involuntary dismissal based on certain defects or defenses, a court must accept as true all well-pleaded facts in the complaint?" | 024463.docx | LEGAL0436 00156377 LEGAL0436 00156378 | SA_Sub | 0.78 | | | | | 1 | |
| 1088 | L. Magarian & Co. v. Timberland Co., 245 A.D.2d 69 | 307A<680 | Despite the strong presumptions favoring the complaint on a CPLR 3211(a)(7) motion, such as that the court must accept each factual allegation as true and must credit the plaintiff with the benefit of every favorable inference, a cause of action will fail if, even accepting all the facts alleged, the pleading fails to state a cause of action (see the CPLR 3211(a)(7) discussion). On a motion for dismissal pursuant to CPLR 3211(a)(7), "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (see Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 21; see also Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970, the affidavits or other evidence submitted by the defendant will be considered as supplementing the complaint (see Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970, the motion must be denied even when the evidence ... (Acklerman v. 305 East 40th Owners Corp., 189 A.D.2d 665, 666, 592 N.Y.S.2d 365; Howell v. Orofino Realty, 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970; the motion does not result in relying on facts in this complaint, what's cwelled is breach of a fiduciary relationship. | On motion to dismiss for failure to state cause of action, court must accept each factual allegation as true and make no effort to evaluate ultimate merits of case. McKinney's CPLR 3211(a), par. 7. | "On motion to dismiss for failure to state a cause of action, should a court accept each factual allegation as true and make no effort to evaluate ultimate merits of case?" | 024460.docx | LEGAL0436 00155982 LEGAL0436 00155983 | Condensed_SA_Sub 0.85 | | | | 1 | | 1 |
| 1089 | Woodard v. Westvaco Corp., 315 S.C. 329 | | If a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as a Rule 12(b)(1) motion, where the moving party should affirmatively show that the court does not have subject matter jurisdiction. If the allegations of the complaint are sufficient, the motion should be denied (Rawls v. State of South Carolina, 307 S.C. 24, 413 S.E.2d 809, and if they are insufficient, the motion should be granted. When allegations of the complaint are factually sufficient, but affidavits show subject matter jurisdiction, motion to dismiss may be supported by and court may consider, affidavits or other evidence proving lack of jurisdiction. Rules Civ.Proc., Rule 8(e)(1). | When allegations of complaint are factually sufficient, but affidavits show subject matter jurisdiction, motion to dismiss may be supported by and court may consider affidavits or other evidence proving lack of jurisdiction. Rules Civ.Proc., Rule 8(e)(1). | "When the allegations of a complaint are factually sufficient, but do not affirmatively show subject matter jurisdiction, should a motion to dismiss be supported by affidavits or other evidence to prove lack of jurisdiction?" | Pretrial Procedure – Memo #10156 – C – SML_62066.docx | RDSS 00038052 F-RDSS-00038052A 00038052B | Condensed_SA | 0.61 | | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion and Judicial Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1090 | Int'l Capital Realty Inv. Co. v. West, 234 Ga. App. 725 | 307A+485 | The policy of the Georgia Long-Arm Statute, OCGA * 9-10-91, is to exercise jurisdiction over nonresident defendants to the maximum extent permitted by procedural due process. Bradlee Mgmt. Svcs. v. Cassells, 249 Ga. 614, 617, 292 S.E.2d 717. Defendant bears the initial burden of proving lack of personal jurisdiction. Easterling v. Easterling, 231 Ga. 56, 931(1), 205 S.E.2d 267. "If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of the exercise of jurisdiction, and the appellate standard of review is nondeferential." Scott D'Asrenzo v. Sun'n'Snap Corp., 207 Ga App. 539, 540, 428 S.E.2d 635. | | If a motion to dismiss for lack of personal jurisdiction is decided on the basis of written submissions alone, disputes of fact found in affidavits are resolved in favor of the exercise of jurisdiction, and appellate standard of review is nondeferential. | 02K555.docx | LEGALEASE 00150166-LEGALEASE 00150167 | Condensed, SA, Sub 0.64 | 0.64 | 0 | | | 1 | 1 |
| 1091 | Storm & Assocs., Ltd. v. Cuculich, 298 Ill. App. 3d 1040 | 307A+485 | | A section 2-619 motion raises certain defects or defenses and poses the question of whether the defendant is entitled to judgment as a matter of law. (Illinois Graphics Co., 159 Ill.2d at 485, 494, 203 Ill. Dec. 463, 639 N.E.2d 1282.) A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. (Illinois Graphics Co., 159 Ill.2d at 485, 203 Ill.Dec. 463, 639 N.E.2d 1282), and the appropriate method for reaching the defect is a motion for dismissal based in part on affidavits. In the area of conflicts between section 2-615 and section 2-619 Illinois Graphics Co., 159 Ill.2d at 486, 203 Ill.Dec. 463, 639 N.E.2d 1282), and the trial court must treat the affidavits of record under section 2-619(c) motion to dismiss. (Raymer v. Novotny, 137 Ill.App.3d 691, 693-94, 110 Ill.Dec. 80, 510 N.E.2d 1311 (1987); R.Ken Gvt 7c, 116 Ill.2d at 482.) as factual & Peoria Vitreous & Practice Note, at 662 (Smith-Hurd 1983). | Does a motion for involuntary dismissal raise certain defects or defenses and pose the question of whether the defendant is entitled to judgment as a matter of law? | 02K557.docx | LEGALEASE 00150114-LEGALEASE 00150115 | SA, Sub | 0.47 | 0 | | 1 | | 1 |
| 1092 | Schilling v. Human Support Servs., 978 S.W.2d 368 | 307A+485 | | The Schillings have the burden to prove the existence of personal jurisdiction over HSS. State ex rel. William Ranni Assocs., Inc. v. Hartenbach, 742 S.W.2d 134, 137 (Mo. banc 1987). The trial court may hear HSS's motion for lack of personal jurisdiction on affidavits, oral testimony or depositions. Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 4 (Mo. banc 1997). The trial court has the discretion to determine the method of disposition of a motion raising a question of personal jurisdiction; the trial court may not consider the merits of the underlying action. See State ex rel. Deere & Co. v. Pinnell, 454 S.W.2d 889, 892-893 (Mo. 1970). (Mayo et al., v. Quantum S.W.2d 132, 1998), the trial court may not consider the merits of the underlying action. | On motion to dismiss for lack of personal jurisdiction, is a trial court's inquiry limited to an examination of the petition on its face and the supporting affidavits and depositions when determining the limited question of personal jurisdiction. | 02K559.docx | LEGALEASE 00150116-LEGALEASE 00150117 | SA, Sub | 0.67 | 0 | | 1 | | 1 |
| 1093 | Bergman v. State Farm Ins. Co., 713 N.E.2d 855 | 307A+474 | | A motion to dismiss for lack of subject matter jurisdiction presents the threshold question concerning the court's power to act. Sons v. City of Crown Point, 691 N.E.2d 1237 (Ind.Ct.App.1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may resolve factual disputes, and in doing so, it may consider not only the complaint and motion but any affidavits or other evidence submitted. In addition, the court has wide latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and it is well established that in ruling on it may consider not only the complaint and motion but any affidavits or other evidence submitted. Perry v. Stitzer Buick GMC, Inc., 637 N.E.2d 1282, 1284 (Ind.1994). Moreover, when considering a motion to dismiss for lack of subject matter jurisdiction, a court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Id. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court has considerable latitude in devising procedures to ferret out the facts pertinent to jurisdiction, and in doing so, may consider not only the complaint and motion but any affidavits or other evidence submitted. | 02K816.docx | LEGALEASE 00157614-LEGALEASE 00157615 | Condensed, SA | 0.47 | 0 | 1 | | | 1 |
| 1094 | Parmley v. Pringle, 976 So. 2d 422 | 307A+474 | | Notwithstanding the extension of the statute of limitations, Parmley actual complaint was correctly dismissed, without a court dismissed. Rule 4(m) states that failure of classification: failure to serve process within 120 days of the filing of a complaint, absent good or show of good cause, must warrant dismissal upon the court initiative or upon motion. M.R.C.P. 4(h); Heard v. Remy, 937 So.2d 939, 941 (Miss.2006). However, Rule 4(h) dismissals should be without prejudice, as with other types of statutory dismissals. M.R.C.P. 4(h). Therefore, we find that the trial court holding dismissing Parmley January 7, 2006, complaint with prejudice was error. The March 31, 2005, complaint should have been dismissed without prejudice for failure to properly serve process within 120 days. | While failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrant dismissal upon court's initiative or upon motion, such dismissal should be made without prejudice, as with other types of statutory dismissals. Rules Civ.Proc., Rule 4(h). | Pretrial Procedure - Memo # 031911 - C NE_63182.docx | ROSS-003294328-ROSS-003294329 | SA, Sub | 0.67 | 0 | | 1 | | 1 |
| 1095 | Kinberg v. Schwartzapfel, Novack, Truhowsky, Marcus, PC, 134 A.D.3d 431 | 307A+590.1 | | Defendant's motion, properly treated as a motion for summary judgment (CPLR 3211[c]), is not warranted by the "single motion" rule (CPLR 3211 [e] ). Although defendant previously moved to dismiss on other grounds, a "prior answer motion to dismiss based on one of the grounds set forth in CPLR 3211(a) does not preclude a later motion... pursuant to CPLR 3211(a)," which can then be raised in support of a motion for summary judgment (Held v. Kaufman, 91 N.Y.2d 425, 430, 671 N.Y.S.2d 429, 694 N.E.2d 430 [1998]; see Tapps of Nassau Supermarkets v. Linden Blvd., 269 A.D.2d 306, 706 N.Y.S.2d 453, [1st Dept 1977]; see Tapps of Nassau Supermarkets v. Linden Blvd., 269 A.D.2d 306, 706 W.Y.S.2d 477 [1st Dept 2000]). | Does a pre-answer motion to dismiss based on one of the grounds set forth in CPLR 3211(a) preclude a later motion to dismiss, or motion to dismiss for failure to state a cause of action not reflect a waiver of the other grounds set forth in a Rule? | 02145.docx | LEGALEASE 00157139-LEGALEASE 00157140 | Condensed, SA, Sub 0.46 | 0.46 | 0 | 1 | | | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| | | | | | | | | | | | | | | 1 |
| 1096 | Cesare v. Cesare, 154 N.J. 394 | 1 770 k13 | Although we agree that, under an objective standard, courts should not consider victim's actual fear, courts must still consider victim's individual circumstances and background in determining whether a reasonable person would have believed the defendant's threat... (Therefore, in a domestic violence context, a court should regard any past history of abuse by a defendant as part of a plaintiff's individual circumstances and, in turn, factor that history into its reasonable person determination. See Chronister/Peters, supra, 145 N.J. at 142, 678 A.2d 694... we conclude that the record, viewed as a whole, was adequate to support the trial court's conclusion that defendant committed the predicate act of terroristic threats.) N.J.S.A. 2C:12-3, subd. b. | Although, under objective standard, courts should not consider victim's actual fear, courts must still consider victim's individual circumstances and background in determining whether a reasonable person would have believed the defendant's threat. | Should the courts consider a victim's individual circumstances and background to determine whether a reasonable person would have believed the defendant's threat? | 04D710.docx | LEGALEASE 00157197-LEGALEASE 00157198 | Condensed, SA, Sub 0.79 | 0.79 | 0 | | 1 | 1 | |
| 1097 | In re Ricky T., 87 Cal. App. 4th 1132 | 1 779 k11 | Respondent relies too much on judging a threat solely on the words spoken; it is clear by case law that threats are judged in their context. (Bahn, supra, 11 Cal.4th at 308) Here the third element, that the threat on its face and under the circumstances... is so unequivocal, unconditional, immediate, and specific... There was no immediacy to the threat. Seeking appellant to the school office did not establish that the threat was "so" immediate. The use of the word "so" in [section 422] indicates that unequivocality, unconditionality, immediacy and specificity are not absolutely mandated, but must be sufficiently present in the threat and surrounding circumstances to convey gravity of purpose and immediate prospect of execution to convey a gravity of purpose. Webb's Anti-Cal Penal Code S 422 | Use of word "so" in Penal Code section requiring a prohibited threat to be "so unequivocal, unconditional, immediate, and specific" that it conveys a gravity of purpose and an immediate prospect of execution of threat" indicates that unequivocality, unconditionality, immediacy, and specificity are not absolutely mandated, but must be sufficiently present in threat and surrounding circumstances to convey gravity of purpose and immediate prospect of execution to victim. West's Ann.Cal.Penal Code S 422 | What does the use of the word "so" in the Penal Code section 422 requiring a prohibited threat to be "so unequivocal, unconditional, immediate, and specific" that it conveys a "gravity of purpose and an immediate prospect of execution of threat" indicate? | 04B866.docx | LEGALEASE 00157616-LEGALEASE 00157617 | Condensed, SA, Sub 0.53 | 0.53 | | | 1 | 1 | |
| 1098 | Brown v. Limestone Cty., 125 I-W-3d 710 | 30 7k499 | The motion to reinstate is the failure to prevent cases that fall into any of the three categories of the type of circumstances that may prevent the plaintiff from appearing at trial. Where the plaintiff provides an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing. If applicable, the failure to prosecute the case with due diligence... We conclude that the courts to reconsider its decision to dismiss, in much the same manner as a motion for a new trial... Stromberg Carlson Leasing Corp. v. Central Bank & Trust Co., 456 S.W.2d 291, 297 (Ky.App.-Austin 1969)... If applicable, the district court was the result of conscious indifference. In this case the court may... | Since a motion to reinstate is essentially provides an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable, the failure to prosecute the case with due diligence, in much the same manner as a motion for a new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a motion to reinstate essentially provide an opportunity for the dismissed plaintiff to explain the failure to appear at any hearing, if applicable? | 025D24.docx | LEGALEASE 00158858-LEGALEASE 00158859 | Condensed, SA 0.67 | 0.67 | 0 | | | 1 | |
| 1099 | In re Bakaldin, 21 S.W.3d 784 | 30 7k499 | A timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion is overruled by a written order signed order or by operation of law. See South Main v. Wittig, 909 S.W.2d 243, 244 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding) citing Tex.R.Civ. P. 165a(3). When a motion to reinstate is timely filed, the trial court's plenary power... A party may file a motion to reinstate within thirty days after the order of dismissal is signed or within the period provided by Rule 306a. See Lesti v. Adams, 80 S.W.2d 469, 470 (Tex.1991)... the trial court retains plenary power under Rule 329b to ... motion within the thirty days after the court signed its order of judgment, or provides for notice received more than 90 days ... judgment, tex.R. Civ. P. 165a(3)) | Is a timely and proper motion to reinstate which extends the trial court's plenary power until thirty days after the motion is overruled either by a written signed order or by operation of law? | 025041.docx | LEGALEASE 00158594-LEGALEASE 00158595 | SA, Sub 0.69 | 0.69 | 0 | | | 1 | |
| 1100 | Stamp v. Touche Ross & Co., 263 Ill. App. 3d 1010 | 30 7k450.1 | In his reply brief, plaintiff asks that this court remand this matter to the trial court with instructions to allow... to seek such leave before the trial court. The general rule is that where the trial court dismisses a complaint and plaintiff does not ask for leave to amend, the plaintiff cannot later complain of the courts ... in dismissing. Moehle v. Foley (1981), 112 Ill.App.3d 954, 68 Ill.Dec. 387, 441 N.E.2d 1248; see also Teter v. Clemens (1986), 112 Ill.2d 252, 527 N.E.2d 97, 492 N.E.2d 1340 (where no indication in record that plaintiff sought to amend the complaint in the circuit court and proposed amended pleading do not appear in record on appeal, remand denied). | Is the general rule that when a trial court dismisses a complaint and plaintiff does not ask for leave to amend, a cause of action must stand or fall on the sufficiency of a stricken pleading? | Pretrial Procedure - Memo # 1 (001) - C - SKJ_64115.docx | ROSS-003081104-ROSS-003081111 | Condensed, SA 0.76 | 0.76 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1101 | Mlade v. Finley, 112 Ill. App. 3d 914 | 302+360 | Initially plaintiffs argue that the trial court committed reversible error by ruling that, as a matter of law, they could not prove any set of facts which would entitle them to the judicial relief they sought. (See Edgar County Bank and Trust Co. v. Paris Hospital (1974), 57 Ill.2d 298, 305, 312 N.E.2d 259.) However, when the trial court strikes a complaint and the plaintiff does not ask for leave to amend, this is considered an election "to stand by his complaint" (Doner v. Phoenix Land Bank (1942), 381 Ill. 106, 109, 45 N.E.2d 20), and if the lawsuit is dismissed the cause of action "must stand or fall upon [the] contents" of the stricken pleading. Krachock v. Department of Revenue (1949), 403 Ill. 148, 153, 85 N.E.2d 682. | When trial court strikes complaint and plaintiff does not ask for leave to amend, this is considered election to stand by his complaint, and, if lawsuit is dismissed, cause of action must stand or fall upon contents of stricken pleading. | "Is the general rule that where a trial court dismisses a complaint and a plaintiff does not ask for leave to amend, a cause of action must stand or fall on sufficiency of a stricken pleading?" | 025800.docx | LEGALEASE-00159170-LEGALEASE-00159171 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 1102 | Chambers v. State, 127 Ga. App. 196 | 307A+561.1 | The third ground of enumerated error is the court's denial of the defendant's request to charge on the law of self-defense, Code Ann. s 26-902 (Ga.L.1968, pp. 1249, 1272), an affirmative defense, Code Ann. s 26-907 (Ga.L.1968, pp. 1249, 1274), which was not pleaded. "Affirmative defenses not pleaded are, as a general rule, waived. However, these may be raised in motions to strike or to dismiss or for summary judgment as well as by special pleas or in the answer, and if evidence sufficient to sustain the defense is admitted without objection as to lack of pleading and no surprise is claimed, there is a waiver of defendant's failure to plead it." Phillips v. State Farm Mutual Automobile Ins. Co., 121 Ga.App. 342(2a), 173 S.E.2d 723 | Affirmative defenses may be raised in motion to strike or to dismiss or for summary judgment as well as by special pleas or in the answer, and if evidence sufficient to sustain defense is admitted without objection as to lack of pleading and no surprise is claimed there is a waiver of defendant's failure to plead it. | "Is there a waiver of defendant's failure to plead if evidence, sufficient to sustain defense, is admitted without objection?" | 039577.docx | LEGALEASE-00159025-LEGALEASE-00159026 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 1103 | In re Mario S., 38 Misc. 3d 444 | 24+179 | The creation of the special immigrant juvenile classification "show [s] a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for [lawful permanent resident] status" (Garcia v. Holder, 659 F.3d 1261, 1271 [9th Cir.2011] ), and the conferring of SIJ status upon a qualifying juvenile therefore serves as "a gateway to lawful permanent residency in the United States" (Matter of Trudy"Ann W. v. Joan W., 73 A.D.3d 793, 795, 901 N.Y.S.2d 296 [2010]; see also, Matter of Jisun L. v. Young Sun P., 75 A.D.3d 510, 511, 905 N.Y.S.2d 633 [2010]; Matter of Alamgir A., 81 A.D.3d 937, 939, 917 N.Y.S.2d 309 [2011] ). | Creation of the special immigrant juvenile (SIJ) status shows a congressional intent to assist a limited group of abused children to remain safely in the country with a means to apply for lawful permanent resident status. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Did Congress intend to assist a limited group of abused children to remain safely in the country with a means to apply for Lawful Permanent Residence (LPR) status? | "Aliens, Immigration and Citizenship - Memo 110 - RK_64752.docx" | ROSS-003295266-ROSS-003295267 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 1104 | Fonseca v. Fong, 167 Cal. App. 4th 922 | 360+18.43 | De Canas, supra, 424 U.S. 351, 96 S.Ct. 933, instructs that a state statute impermissibly invades the exclusive power of the federal government to regulate immigration if it essentially requires state or local officials to make "a determination of who should or should not be admitted into the country, and [defines] the conditions under which a legal entrant may remain." (Id. at p. 355, 96 S.Ct. 933.) As earlier noted, respondents do not say Section 11369 requires state actors to determine whether a particular arrestee should or should not remain in this country, but claim it is nevertheless constitutionally proscribed because it requires such agencies "to participate, in a supporting role, in "the determination of who should or should not be admitted into the country" "; that is, to use the trial court's characterization, Section 11369 goes too far because it effectively requires arresting agencies "to act as an investigative arm of the federal deportation authorities." | A state statute impermissibly invades the exclusive power of the federal government to regulate immigration if it essentially requires state or local officials to make a determination of who should or should not be admitted into the country, and defines the conditions under which a legal entrant may remain. U.S.C.A. Const. Art. 6, cl. 2. | Does a state statute that requires its officials to make determinations of who should or should not be admitted into the countryimpermissibly invade the exclusive power of the federal government? | 006828.docx | LEGALEASE-00160380-LEGALEASE-00160381 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 1105 | State v. Colon, 117 Conn. App. 150 | 129+128 | To prove the defendant guilty of breach of the peace in the second degree in violation of " 53a"181(a)(1), the state was required to prove beyond a reasonable doubt that "(1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior, (2) that this conduct occurred in a public place and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof." State v. Simmons, 86 Conn.App. 381, 386"87, 861 A.2d 537 (2004), cert. denied, 273 Conn. 923, 871 A.2d 1033, cert. denied, 546 U.S. 822, 126 S.Ct. 356, 163 L.Ed.2d 64 (2005); see General Statutes " 53a"181(a)(1). | To prove the defendant guilty of breach of the peace in the second degree, state is required to prove beyond a reasonable doubt that: (1) the defendant engaged in fighting or in violent, tumultuous or threatening behavior; (2) that this conduct occurred in a public place; and (3) that the defendant acted with the intent to cause inconvenience, annoyance or alarm, or that he recklessly created a risk thereof. C.G.S.A. S 53a-181(a)(1). | When is a defendant guilty of breach of the peace? | 014277.docx | LEGALEASE-00159948-LEGALEASE-00159949 | Condensed, SA | 0.34 | 0 | 1 | 0 | 1 | |
| 1106 | Swanson By & Through Swanson v. Guthrie Indep. Sch. Dist. No. I-L, 135 F.3d 694 | 92+1343 | School district's policy against part-time attendance at public school did not infringe parents' constitutional right to raise and educate their children, and assertion by student and her parents that policy violated both free exercise clause and parents' right to direct child's education thus did not invoke hybrid-rights theory requiring application of compelling interest test. U.S.C.A. Const.Amend. 1. For example, they have a right to send her to a private school, whether that school is religious or secular. See Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925). Numerous cases, however, have made it clear that this constitutional right is limited in scope. Federal courts addressing the issue have held that parents have no right to exempt their children from certain reading programs the parents found objectionable, or from a school's community-service requirement, or from an assembly program that included sexually explicit topics. Immediato v. Rye Neck School Dist., 73 F.3d 454 (2d Cir.), cert. denied, 519 U.S. 813, 117 S.Ct. 60, 136 L.Ed.2d 22 (1996) | School district's policy against part-time attendance at public school did not infringe parents' constitutional right to raise and educate their children, and assertion by student and her parents that policy violated both free exercise clause and parents' right to direct child's education thus did not invoke hybrid-rights theory requiring application of compelling interest test. U.S.C.A. Const.Amend. 1. | Do parents have a constitutional right to decide where their child attends school? | 017168.docx | LEGALEASE-00159414-LEGALEASE-00159415 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 1107 | Enax v. New York Tel. Co., 280 A.D.2d 294 | 307A+697 | It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action (see Muhammed v. Manhattan Payment Center, Inc. et al., 251 A.D.2d 228, 675 N.Y.S.2d 45; Ramputi v. Timko Contracting Corp. et al., 262 A.D.2d 26, 691 N.Y.S.2d 432). This case satisfies all four requirements. | In order to vacate a dismissal of case that has been deemed abandoned, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action. McKinney's CPLR 3404. | "Should a party seeking to have a case restored to the trial calendar demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of intent to abandon the action, and the absence of prejudice to the opposing party?" | 039721.docx | LEGALEASE-00159244-LEGALEASE-00159245 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote Text | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1108 | Cothran v. Frage, & Neeb. App. 644 | 307H-693.1 | When a lawsuit is dismissed by operation of law for lack of service of process within six months of filing, the trial court has no jurisdiction to make orders thereafter and if made, they are a nullity, as a subsequent pleadings. Neb.Rev.St. § 25-217 | Where a lawsuit is dismissed by operation of law for lack of service of process within six months of filing, the trial court has no jurisdiction to make orders thereafter, except to formalize the dismissal, and if made, they are a nullity, as a subsequent pleadings. The procedure for dismissal is evident in the instant case lends further support to our holding in McDowell that its "271.7" was intended as a "notice-giving provision"; i.e., it avoids procedural difficulties by making actions subsequent to the 6-month time period a nullity because the suit is no longer pending. | When a lawsuit is dismissed by operation of law for lack of service of process within six months of filing, does the trial court have jurisdiction to make orders thereafter? | Pretrial Procedure Memo 11363 - C - SW_64430.docx | ROSS00296644 | SA, Sub | 0.55 | 0 | | 1 | 1 | |
| 1109 | Panepinto v. Dunmy's Delightful Discovery, 304 Pa. Super. 256 | 307H-699 | A motion to set aside a judgment of nonsuit should first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and to correct any errors before an appeal is taken. Rules Civ.Proc., Rule 216, 1512, 42 Pa.C.S.A. | A motion to set aside the judgment of nonsuit should first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and to correct any errors before an appeal is taken. Rules Civ.Proc., Rule 216, 1512, 42 Pa.C.S.A. | Should a motion to set aside a judgment of nonsuit first be made to the lower court en banc so as to give the court an opportunity to reconsider the evidence and correct any errors before an appeal is taken? | 039662.docx | LEGALEASE-00160891 - LEGALEASE-00160892 | Condensed,SA | 0.26 | 0 | 1 | 0 | 1 | |
| 1110 | Thompson v. McQuaggs, 464 So. 2d 105 | 30+1206 | Dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of trial court and will not be reversed except upon appeal for abuse of that discretionary power. Rules Civ.Proc., Rule 41(b). | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at a trial falls within the judicial discretion of the trial court and will not be reversed except upon appeal for abuse of that discretionary power. Owens v. Owens, 435 So.2d 1194 (Ala.Civ.App.1983); Adams Rules of Civil Freedom, Rule 41(b). | Does the dismissal of a civil action for want of prosecution because of plaintiff's failure to appear at trial fall within the judicial discretion of the trial court? | Pretrial Procedure Memo 11356 - C - SW_65448.docx | ROSS-000306300+ROSS-000306306 | Condensed, SA, Sub 0.11 | 0.11 | 0 | | 0 | 1 | |
| 1111 | Armour v. State, 265 Ga. App. 569 | 3.77H+10 | Crime of making terroristic threats focuses solely on conduct of accused and is completed when threat is communicated to victim with intent to terrorize, and need not be directly communicated to the victim to support inference that the speaker intended or expected it to be conveyed to victim. West's Ga.Code Ann. § 16-11-37(a). | A person commits the crime of making a terroristic threat where he threatens to commit any crime of violence to terrorize another with the purpose of terrorizing another. The crime of making terroristic threats focuses solely on the conduct of the accused and is completed when the threat is communicated to the victim with the intent to terrorize. That the message was not directly communicated to the victim would not alone preclude conviction where the threat is submitted in such a way as to support the inference that the speaker intended or expected it to be conveyed to the victim. A jury could find from the evidence that Armour intended or expected the threat he yelled from just outside the open door of her small home to be conveyed to Wood. Indeed, others stood near Wood heard the threat and Wood did hear some of what Armour shouted. That alone need not have precisely what he was yelling does not require a different outcome. The Court did not err in denying Armour's motion for a directed verdict of acquittal on the terroristic threats charge. | Does failure to directly communicate a terrorist threat to a victim preclude conviction when threat is submitted in making terroristic threats? | 040950.docx | LEGALEASE-00160967-LEGALEASE-00160968 | Condensed,SA | 0.62 | 0 | 1 | | 1 | |
| 1112 | Bernard v. ESS Natcad Episcopal Day Sch., 624 F. Supp. 3d 535 | 141H+949 | Under Louisiana law, private religious school did not interfere with employment contract of teacher with learning disorder by terminating her, as reasons for her termination constituted "just cause"; employment contract gave principal sole discretion to determine whether teacher had a condition that materially impaired her continued usefulness or ability to perform required services. | Under Louisiana law, private religious school did not interfere with employment contract of teacher with a learning disorder by terminating her, as reasons for her termination constituted "just cause" employment contract gave principal sole discretion to determine whether teacher had a condition that materially impaired her continued usefulness or ability to perform required services. Bernard's employment contract with ESS discharge the Teacher during the term of this Agreement for just cause " just cause" included, but was not limited to, "(1) any condition which materially impairs the continued usefulness or ability of the Teacher to perform the services required by the Teacher. Determine whether teacher had a condition that materially impaired her continued usefulness or ability to perform required services. The court interprets this provision to mean that it gave principal sole discretion to determine whether Bernard had a condition that materially impaired her continued usefulness or ability to perform required services. | Can a school interfere with a teacher's employment contract by terminating the teacher? | 037206.docx | LEGALEASE-00161064 - LEGALEASE-00161065 | Condensed, SA, Sub 0.62 | 0.62 | 0 | | | 1 | |
| 1113 | Madison on Behalf of Disabilities Educ. Act., Disc., 1997 SD 31, 987 F. Supp. 772 | 141H+899 | Mother of special needs student was entitled, under Individuals with Disabilities Education Act (IDEA), to reimbursement for her residence in providing student with transportation from date student's family took up residence in defendant school district until date of implementation of defendant district's individualized education program (IEP) for student, where student's previous IEP had entitled her to transportation and such IEP remained in effect until new IEP was implemented. Individuals with Disabilities Education Act, § 1415(e)(3)(B)(i), as amended, 20 U.S.C.A. § 1415(i)(2)(B)(iii). | Mother of special needs student was entitled, under Individuals with Disabilities Education Act (IDEA), to reimbursement for her residence in providing student with transportation from date student's family took up residence in defendant school district until date of implementation of defendant district's individualized education program (IEP) for student, where student's previous IEP had entitled her to transportation and such IEP remained in effect until new IEP was implemented. Individuals with Disabilities Education Act, § 1415(e)(3)(B)(i), as amended, 20 U.S.C.A. § 1415(i)(2)(B)(iii). The Court finds that the Madisons are entitled to reimbursement for the reasonable costs which they incurred in transporting K.P. to and from KES in December. See 20 U.S.C. § 1415(i)(2)(B)(iii). Rapid City School District v. Vahle, 733 F.Supp. 1364 (D.S.D.1990), aff'd, 922 F.2d 476 (8th Cir.1990) (the Court awarded reimbursement under the IDEA where district failed to provide a free appropriate education; the IDEA, the parents are entitled to be provided without charge. 34 C.F.R. § 1402(B)(3), and under the IDEA transportation is considered to be a related service. Therefore, because the district failed to reimburse the parents for the cost of transportation from her house to school at the state rate from April of transportation from her house to school at the state rate from April 19 to December 5, 1996. | Are parents of disabled students entitled to reimbursement for their residence to provide transportation for their disabled child? | 037215.docx | LEGALEASE-00161083 - LEGALEASE-00161085 | Condensed, SA, Sub 0.55 | 0.55 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1114 | In re Valliance Bank, 422 S.W.3d 722 | 307A+697 | A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Tex.R. Civ. P. 165a(3), (4); Neese v. Wray, 893 S.W.2d 169, 170 (Tex.App.-Houston [1st Dist.] 1995, no writ) (recognizing trial court has plenary power to reinstate case within thirty days of dismissal even in absence of motion to reinstate). A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power in the same manner as a motion for new trial. Tex.R. Civ. P. 165a(3), (4). The Supreme Court of Texas has made clear, however, that an unverified motion to reinstate is a nullity and does not extend the trial court's plenary jurisdiction or the time in which to file a notice of appeal. McConnell v. May, 800 S.W.2d 194, 194 (Tex.1990) (orig. proceeding) (granting mandamus relief to set aside order reinstating case more than thirty days after dismissal on unverified motion); Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex.1986). | A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power to reinstate the case in the same manner as a motion for new trial. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Does a verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extend the trial court's plenary power power in the same manner as a motion for new trial? | 040559.docx | LEGALEASE-00162478-LEGALEASE-00162479 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 1115 | Cornelius v. Benefield, 168 So. 3d 1028 | 307A+583 | Rule 41(b) states in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The purpose of this rule is to provide trial judges the "inherent authority to dismiss cases ... as a means of controlling the court's docket and ensuring expeditious justice." Hanson, 106 So.3d at 347. The following factors are considered when reviewing a Rule 41(b) dismissal: "(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding ... that lesser sanctions would not serve the interests of justice. Additional "aggravating factors' or actual prejudice may bolster the case for dismissal, but are not requirements." Holder v. Orange Grove Med. Specialties, P.A., 54 So.3d 192, 197 (Miss.2010). We will consider each factor separately. | The purpose of rule allowing dismissal of an action for failure to prosecute is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice. (Per Carlton, J., with fourjudges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | Is the purpose of rule allowing dismissal of an action for failure to prosecute to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket? | 040613.docx | LEGALEASE-00162436-LEGALEASE-00162437 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 1116 | Bachlet v. State, 941 P.2d 200 | 63+14 | Bachlet contends that Judge Rowland erred in failing to instruct the jury that in order to convict Bachlet of bribery the jury had to find that Bachlet acted with "corrupt intent." However, as we have previously stated, the crime of receiving a bribe under AS 11.56.110(a)(2) does not require the state to prove that the public servant acted corruptly. Under the court's instructions the jury had to find that Bachlet knowingly accepted or agreed to accept a benefit upon the agreement or understanding that her opinion, judgment, action, decision, or exercise of discretion as a public servant would be influenced by the benefit. These instructions were sufficient to explain the elements of the offense to the jury. | Jury instructions were sufficient to explain elements of receipt of bribe by public servant; under instructions, jury had to find that defendant knowingly accepted or agreed to accept benefit upon agreement or understanding that her opinion, judgment, action, decision, or exercise of discretion as public servant would be influenced by the benefit. AS 11.56.110(a)(2). | Are jury instructions sufficient when they explain that a public servant knowingly accepted or agreed to accept and be influenced by a benefit? | Bribery - Memo 1110 - C - AV_66517.docx | ROSS-003279671-ROSS-003279672 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 1117 | Com. v. Young, 35 A.3d 54 | 135H+95.1 | "The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled." Walker, supra at 1254. "A failure of the lower court to consider less drastic alternatives before declaring a mistrial creates doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy." McCord, supra at 943. | A failure of the lower court to consider less drastic alternatives before declaring a mistrial creates doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10; Rules Crim.Proc., Rule 605, 42 Pa.C.S.A. | Does a failure of the lower court to consider less drastic alternatives before declaring a mistrial create doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy? | Double Jeopardy - Memo 367 - C - SN_66787.docx | ROSS-003280700-ROSS-003280701 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 1118 | United States v. Andrews, 895 F.2d 406 | 135H+99 | Equally fundamental, however, is a criminal defendant's "valued right to have his trial completed by a particular tribunal." Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). So fundamental is this right that it "lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn." Crist v. Bretz, 437 U.S. 28, 37, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978). Consequently, consistent with the double jeopardy provisions of the fifth amendment, a judge may not declare a mistrial over the defendant's own objections, even for the defendant's own benefit, unless there is a "manifest necessity for the act, or the ends of public justice would otherwise be defeated." United States v. Perez, 9 Wheat. (22 U.S.) 579, 580, 6 L.Ed. 165 (1824). Accord, Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). | Consistent with double jeopardy provisions of Fifth Amendment, court may not declare mistrial over defendant's objection, even for defendant's own benefit, unless there is manifest necessity for such act or ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | "Consistent with double jeopardy provisions of Fifth Amendment, can a court not declare mistrial over a defendant's objection, even for a defendant's own benefit?" | 015483.docx | LEGALEASE-00163571-LEGALEASE-00163572 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 1119 | People v. Baptiste, 530 N.E.2d 377 | 135H+95.1 | Because jeopardy attaches as soon as a jury has been sworn (CPL 40.30[1][b] ), our constitutional provisions also embrace the defendant's right to be free from reprosecution if the first trial has not continued to conclusion. As a general rule, the prosecutor is entitled to one, and only one, opportunity to require the accused to stand trial for a defendant possesses a "valued right" to have his trial completed by a particular tribunal on the first presentation of the evidence (see, Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 United States v. Jorn, 400 U.S. 470, 486, 91 S.Ct. 547, 557, 27 L.Ed.2d 543; and see, Arizona v. Washington, 434 U.S. 497, 503"504, 98 S.Ct. 824, 829"30, 54 L.Ed.2d 717; Green v. United States, 355 U.S. 184, 187"188, 78 S.Ct. 221, 223"24, 2 L.Ed.2d 199). Even if the first trial is not completed, a second prosecution may be grossly unfair because it increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted. | Because jeopardy attaches as soon as jury has been sworn, constitutional provisions also embrace a defendant's right to be free from reprosecution if first trial has not continued to conclusion. McKinney's Const. Art. 1, S 6; U.S.C.A. Const.Amend. 5; McKinney's CPL S 40.30, subd. 1(b). | "Because jeopardy attaches as soon as jury has been sworn, do constitutional provisions also embrace a defendant's right to be free from reprosecution if a first trial has not continued to conclusion?" | Double Jeopardy - Memo 410 - C - MS_66818.docx | ROSS-003280495-ROSS-003280496 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 1120 | Sturgess v. Zelman, 15 Misc. 3d 487 | 307A+697 | To restore a matter to the trial calendar pursuant to CPLR " 3404, after a year has passed from it being marked off, a plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. Basetti v. Nour, 287 A.D.2d 126, 731 N.Y.S.2d 35 (2nd Dept.2001); Neidereger v. Hidden Park Apartments, Inc., 306 A.D.2d 392, 760 N.Y.S.2d 892 (2nd Dept.2003). In this instance counsel for plaintiff has failed to make the requisite showing of merit. | To restore a matter to the trial calendar, after a year has passed from it being marked off, a plaintiff must demonstrate: (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. McKinney's CPLR 3404. | What should a plaintiff demonstrate to restore a matter to the trial calendar pursuant to CPLR 3404 after a year has passed from it being marked off? | 040709.docx | LEGALEASE-00163227-LEGALEASE-00163228 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | | | | | | |
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1121 | Nardozzi v. Mason's Dixie Stars, 53 III Pa. 34 | 307A+697 | A request to open a judgment of non pros is by way of grace and not of right, and its grant is a matter within the sound discretion of the trial court, reviewable only for an abuse of discretion. We are loathe to reverse the exercise of the court's equitable power unless there is an error manifest. Gielarowski v. Bingham v. Egli's of Philadelphia, 464 Pa. 99, 176 A.2d 404 (1961); Mazer v. Sargent Elec. Co., 407 Pa. 169, 180 A.2d 63 (1962). Seeing that the request to open a judgment of non pros is directed to the conscience of the court, the court is required to balance the equities and to deny the petition where it appears that the elements raised by the opponents would cause undue hardship or prejudice to the opponents. McBride v. Hershey, 347 Pa. 228, 32 A.2d 412 (1943); Myers v. Kaufman, 326 Pa. 280, 192 A. 105 (1937); McFadden v. Pennzoil Co., 326 Pa. 283, 21 A.2d 844 (1937); Fisher v. Pittsburgh National Bank Co., 246 Pa. 82, 21 A. 131 (1895). | In ruling on a request to open judgment of non pros, which is directed to conscience of court, court is required to balance equities and to deny petition if granting of relief would cause undue hardship or prejudice to opponents, even though elements for granting relief existed. | 040742.docx | LEGALEASE 00163145 LEGALEASE 00163150 | Condensed, Order, SA | 0.71 | | | | 1 | 1 |
| 1122 | Brown v. Limestone Cty., 125 S.W.3d 710 | 307A+699 | The motion to reinstate is the failure to prevent cases that fall into any of the three categories from being improperly dismissed. It essentially provides an opportunity for the dismissed plaintiff to explain their failure to appear at any hearing, if applicable, the failure to prosecute the case with due diligence, and to request the court to reconsider its decision to dismiss. In much the same manner as a motion for a new trial. Vernon's Ann. Texas Rules Civ.Proc., Rule 165A. | Does a motion for reinstatement essentially provide an opportunity for a dismissed plaintiff to explain failure to prosecute with due diligence? | 040784.docx | LEGALEASE 00163209 LEGALEASE 00163210 | Condensed, SA | 0.67 | 1 | 0 | 0 | 1 | |
| 1123 | Wheeler v. Elfrink, 507 S.W.3d 589 v. 94 | 307A+563 | Missouri law requires a plaintiff to promptly secure service against a defendant and advances his cause of action with due diligence. Stephens v. Brenton v. Dunn, 459 S.W.2d 273, 276 (Mo. App. S.D. 2016). Giving a plaintiff a reasonable opportunity to resolve the matter at trial is a test of whether a trial court abused its discretion in dismissing a case for failure to prosecute with due diligence. Be'Mac Transport, Inc. 595 S.W.2d 26, 28 (Mo. App. E.D. 1980). Here, Plaintiff's failure to diligently prosecute his case, with prejudice, based on Plaintiff's failure to diligently prosecute his case and Defendant for an accelerated accident that occurred in March 1998, 2006, when 3 (2006). A fair test of whether a trial court abused its discretion in dismissing a case for failure to prosecute with due diligence is whether the plaintiff had a reasonable opportunity to resolve the matter at trial. Bronson Hills Associates, L.P. v. First Nat. Bank, 62 S.W.3d 694, 573 Mo. App. S.D. 2006. Mere delay alone is not sufficient cause to justify a court's exercise of its discretionary power to dismiss for failure to prosecute. Township's Union Pacific R. Co., 968 S.W.3d 767, 770 (Mo. App. S.D. 1998). | Is a fair test of whether a trial court abused its discretion in dismissing a case for failure to prosecute with due diligence is whether the plaintiff had a reasonable opportunity to resolve the matter at trial? | 040856.docx | LEGALEASE 00163855 LEGALEASE 00163856 | Condensed, SA | 0.83 | | | | 1 | |
| 1124 | State v. Abshire, 363 N.C. 322 | 115+2 | "Domicile" is a legal term of art that denotes one's permanent, established home, whereas a person's "residence" may be only a temporary, although actual, place of abode? | Domicile v. Moreno 52 - C A.2733.docx | RCES 000319001-RCES-000319002 | Condensed, SA | 0.77 | 0 | | | 1 | |
| 1125 | Kazanjian v. Sch. Bd. of Palm Beach Cty., 967 So. 24 239 | 141H+891 | By statute, a "habitual truant" was a student who accumulated 15 unexcused absences within 90 calendar days, and this disallowed students who had "habitually truant," is a newly declared name, and must be obtained due to report from to the school board or Department of Highway Safety and Motor Vehicles (DMV) or to file truancy petitions. West § 5.A-55-1003.01(8), 1003.27(1). | By statute, a "habitual truant" was a student who accumulated 15 unexcused absences within 90 calendar days, and this disallowed students who had habitually truant? | 037007.docx | LEGALEASE 00164345 LEGALEASE 00164346 | Condensed, SA, SA/0.44 | 0.44 | | 1 | 0 | 1 | |
| 1126 | Hollander v. Nance, 888 So. 2d 1275 | 30+3363 | The trial court did not expressly rule on the mother's motion to dismiss the father's petition. However, the import of the court's denying the father's claim for custody is that the court, in exercising its discretion in the father's claim in its January 31, 2000, argument was to grant a dismissal of a father's claim for lack of proper. M. The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of the trial court and will not be reversed upon an appeal except for an abuse of that discretionary power. Thompson v. McQuagge, 464 So.2d 105, 166 (Ala.Civ.App.1985). Although dismissal is a harsh sanction, it is warranted where there is a clear record of delay, willful default, or contumacious conduct by the plaintiff. Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc. 604 So.2d 1094, 1098 (Ala.1992). | Does the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial within the judicial discretion of the trial court and will not be reversed upon an appeal except for an abuse of judicial discretion of a court? | 041100.docx | LEGALEASE 00164933 LEGALEASE 00164934 | Condensed, SA | 0.73 | 0 | 0 | | 1 | |

213

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1127 | Smith v. McKee, 145 S.W.3d 299 | 307A+583 | Appellant's first issue asserts the trial court failed to apprise Appellant of its intent to dismiss for want of prosecution. A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power. See Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999); Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court." Tex.R. Civ. P. 165a(1)-(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence.Villarreal, 994 S.W.2d at 631; State v. Rotello, 671 S.W.2d 507, 508"09 (Tex.1984). | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence? | Pretrial Procedure - Memo 12269 - C - PC.docx | LEGALEASE-00054653-LEGALEASE-00054654 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 1128 | People v. Szalma, 487 Mich. 708 | 135H+100.1 | Nevertheless, the trial court's legal error does not negate the effect of its directed verdict. This Court held in People v. Nix that an acquittal retains its finality for double jeopardy purposes even when "the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense." This very situation confronts this Court in the instant case. Accordingly, Nix bars retrial of defendant, and the Court of Appeals erred by ruling otherwise. | An acquittal retains its finality for double jeopardy purposes even when the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense. U.S.C.A. Const.Amend. 5; M.C.L.A. Const. Art. 1, S 15. | Does an acquittal retain its finality for double jeopardy purposes even when the trial court is factually wrong with respect to whether a particular factor is an element of the charged offense? | 015630.docx | LEGALEASE-00166120-LEGALEASE-00166121 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 1129 | Glover v. United States, 301 A.2d 219 | 135H+95.1 | When a mistrial is declared, double jeopardy will bar reprosecution unless no other disposition was reasonable. (I)n the final analysis, the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate. (Jorn, supra at 486, 91 S.Ct. at 558.)Although an accused's right under the Double Jeopardy Clause is defined in terms of a "right to have his trial completed by a particular tribunal," that right "must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." Jorn, supra at 480, 91 S.Ct. at 555, quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949). | Although defendant's right under the double jeopardy clause is to have his trial completed by particular tribunal, that right must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments. U.S.C.A.Const. Amend. 5. | "Although a defendant's right under the double jeopardy clause is to have his trial completed by a particular tribunal, should that right in some instances be subordinated to the public's interest in fair trials designed to end in just judgments?" | Double Jeopardy - Memo 717 - C - BP_68038.docx | ROSS-003295231-ROSS-003295232 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 1130 | United States v. Marcello, 531 F. Supp. 1113 | 135H+100.1 | The application of the principle of collateral estoppel to criminal proceedings is embodied in the Fifth Amendment guarantee against double jeopardy, id. at 445, 90 S.Ct. at 1195, and hence is generally applied to prevent the government from prosecuting a defendant on the basis of facts resolved in favor of a defendant in a prior acquittal. See, e.g., Brown v. Ohio, 432 U.S. 161, 166, n.6, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); United States v. Powell, 632 F.2d 754, 757-58 (9th Cir. 1980). The government has not cited, nor has this court's independent review of the law revealed, any case in which a defendant has been precluded from litigating an issue presented by a motion to suppress, even though substantially the same issues were litigated in a different criminal prosecution for unrelated crimes. | The application of the principle of collateral estoppel to criminal proceedings is embodied in the Fifth Amendment guarantee against double jeopardy and is generally applied to prevent the government from prosecuting a defendant on the basis of facts resolved in favor of a defendant in prior acquittal. U.S.C.A.Const.Amend. 5. | Is the application of the principle of collateral estoppel to criminal proceedings embodied in the Fifth Amendment guarantee against double jeopardy? | 016309.docx | LEGALEASE-00165633-LEGALEASE-00165634 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 1131 | Bullard v. Estelle, 665 F.2d 1347 | 135H+100.1 | (W)hen a defendant's conviction has been overturned due to a failure of proof at trial, ... the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble. Moreover, such an appellate reversal means that the government's case was so lacking that it should not have even been submitted to the jury. Since we necessarily afford absolute finality to a jury's verdict of acquittal-no matter how erroneous its decision-it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.437 U.S. at 11, 16, 98 S.Ct. at 2147, 2149. Thus a trial verdict or an appellate ruling on insufficiency of the evidence implicates the interest of the defendant in maintaining the integrity of the acquittal and calls for the utmost protection of the double jeopardy clause. An acquittal of a defendant creates what is in most instances an absolute prohibition against retrial under the double jeopardy clause.19 Double Jeopardy Theory at 84. | Trial verdict or appellate ruling on insufficiency of evidence implicates interest of defendant in maintaining integrity of acquittal and calls for utmost protection of double jeopardy clause. U.S.C.A.Const.Amend. 5. | Does a trial verdict or appellate ruling on insufficiency of evidence implicate an interest of a defendant in maintaining integrity of acquittal and calls for utmost protection of double jeopardy clause? | Double Jeopardy - Memo 816 - C - DHA_67933.docx | ROSS-003294684-ROSS-003294685 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 1132 | State v. Muhannad, 837 N.W.2d 792 | 135H+1 | The constitutional protection against double jeopardy does not mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment. Balanced against a defendant's interests in having the trial completed in front of the first tribunal is society's right to one full and fair opportunity to prove the defendant's guilt.7 When society is deprived of its right to attempt to prove a defendant's guilt in a single prosecution because of a trial error, the interests of society in vindicating its laws generally outweigh the double jeopardy interests of the defendant.8. | The constitutional protection against double jeopardy does not mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment. U.S. Const. Amend. 5 | "Does the constitutional protection against double jeopardy mean that every time a defendant is put to trial before a competent tribunal, the defendant is entitled to go free if the trial fails to end in a final judgment?" | 016431.docx | LEGALEASE-00165227-LEGALEASE-00165228 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 1133 | Jordan v. State, 2004 WL 2538719 | 135H+30 | First, the factfinder engages in a deductive, discrete fact-finding process to determine whether the State has proved that the enhancement allegation is true. And second, considering all of the evidence admitted during the guilt and punishment phases, the factfinder engages in a normative process that is uninhibited by any required, specific fact determination to decide what particular punishment to assess within the range prescribed by law. When a reviewing court determines that the State's evidence fails to show that an enhancement allegation is true, the Double Jeopardy Clause does not bar the use of the enhancement conviction during a retrial on punishment. | When a reviewing court determines that the State's evidence fails to show that an enhancement allegation is true, the Double Jeopardy Clause does not bar the use of the enhancement conviction during a retrial on punishment. U.S.C.A. Const.Amend. 5; V.T.C.A., Penal Code S 12.42(d). | Does the Double Jeopardy Clause bar the use of the enhancement conviction during a retrial on punishment when a reviewing court determines that the State's evidence fails to show that an enhancement allegation is true? | 014902.docx | LEGALEASE-00166220-LEGALEASE-00166221 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1134 | Wade v. Hunter, 336 U.S. 684 | 135H+95.1 | The interpretation and application of the Fifth Amendment double-jeopardy provision have been considered chiefly as it out rather than military court proceeding. Past cases have decided that a defendant, put to trial before a jury, may be subjected to the kind of "jeopardy" that bars a second trial for the same offense even though his trial is discontinued without a verdict. See Kepner v. United States, 195 U.S. 100, 128, 24 S.Ct. 797, 804, 49 L.Ed. 114, 1 Ann.Cas. 655; cf. Palko v. Connecticut, 302 U.S. 319, 327-328, 58 S.Ct. 149, 152-153, 82 L.Ed. 288. The same may be true where a judge having a case without a jury fails for some reason to enter a judgment. McCarthy v. Zerbst, 10 Cir., 85 F.2d 640, 642. The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, such as the failure of a jury to agree on a verdict. | "Double-jeopardy" provision of Fifth Amendment does not mean that every time defendant is put to trial before competent tribunal he is entitled to go free if trial fails to end in a final judgment. U.S.C.A.Const. Amend. 5. | "Does the ""double-jeopardy"" provision of the Fifth Amendment not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if that trial fails to end in a final judgment?" | Double Jeopardy Memo SB7 - C - NE_68566.docx | ROSS/0010/0102-ROSS-0018,0023 | Condensed, SA | 0.82 | 0 | 1 | | 1 | |
| 1135 | Balzer v. Edsall, 90 N.J. Eq. 299 | 221+136 | The jurisdiction of nations extends into the ocean to some marine league from low-water mark on the shore. 12 Cyc. 214, Manchester v. Commonwealth, 139 U.S. 240, 11 S.Ct. 559, 35 L.Ed. 159, i.e. in English-speaking countries a league is estimated at three miles. Webster's New Int. Dic. 1217. The law, however, recognizes that the jurisdiction of nations extending into a state or country are within the jurisdiction of such state or country. 12 Cyc. 216, Manchester v. Commonwealth, supra. Attorney General v. Hudson Gas Co. (N.J. Eq.) 66 Atl. 1060, N.J. St., 566. Ibid. the high seas being common to all mankind, vessels afloat upon it are regarded as part of the territory of the nations whose flag they fly and to which they belong, and crimes committed on such vessels on the high seas are exclusively within the jurisdiction of that nation. 12 Cyc. 216. And, moreover, the ships of a nation, wherever they may be, are considered a part of its territory. Benedict's Admiralty (4th Ed.) 7, citing The Hamilton, 207 U.S. 398, 28 Sup. Ct. 133, 52 L.Ed. 264, which was not a government vessel, but a merchantman; s. t. sub. nom. Old Dom. Steamship Co. v. Gilmore, 207 U.S. 398, 28 Sup. Ct. 133, 52 L.Ed. 264, 270. | The high seas being common to all mankind, vessels afloat upon it are regarded as part of the territory of the nations whose flag they fly and to which they belong, and the ships of a nation, wherever they may be, are regarded as part of its territory." | "The high seas being common to all mankind, are vessels afloat upon it regarded as part of the territory of the nations whose flag they fly and to which they belong, and the ships of a nation, wherever they may be, regarded as part of its territory?" | 002278.docx | LEGALEASE 00123396-LEGALEASE 00123397 | Condensed, SA | 0.79 | 0 | 1 | | 1 | |
| 1136 | Raymond v. Raymond, 109 R.I. 265 | 79+66 | In considering the action taken by the probate clerk, we are guided by the rule which holds that although a clerk of court may, with respect to judicial proceedings, perform an act of ministerial and nondiscretionary character, he has no judicial powers in the absence of some specific statutory and constitutional authority, and in such instances where judicial power is expressly given to him his power is to be strictly construed within the language of provisions authorizing its exercise. Although a grant of court may, with respect to judicial proceedings, perform an act of ministerial and nondiscretionary character, he has no judicial powers in absence of some specific statutory and constitutional authority; and in such instances where judicial power is expressly given to him his power is to be strictly construed within language of provisions authorizing its exercise. State ex rel. Citizens' National Bank v. Superior Court, 236 Ind. 133, 138 N.E.2d 900 (1956); Pacific Nat. Fire Ins. Co. v. Irmiger, 254 Wis. 207, 36 N.W.2d 89, 89 (1949), section 33-22-19 provides that all vacancies and duties of the Probate Court are to be in writing and are to be recorded by the clerk in a book kept for that purpose. This statute reads the event of the clerk's authority as it relates to the items presented to his court. He cannot sign them. All he can do is record them. | Although a grant of court may, with respect to judicial proceedings, perform an act of ministerial and nondiscretionary character, he has no judicial powers in absence of some specific statutory and constitutional authority, and in such instances where judicial power is expressly given to him his power is to be strictly construed within language of provisions authorizing its exercise. | "Any judicial powers granted to a clerk of the court is strictly construed within the language of the provisions authorizing its exercise?" | 015013.docx | LEGALEASE 00128012-LEGALEASE 00128013 | SA, Sub | 0.61 | 0 | | | 1 | |
| 1137 | Miller v. Am. Greetings Corp., 161 Cal. App. 4th 1055 | 307A+485 | Awarding costs of proof is improper if the party who denied the request for admission "held a reasonably entertained good faith belief [it] would prevail on the issue at trial." (Brooks v. American Broadcasting Co. (1986) 179 Cal.App.3d 500, 511, 224 Cal.Rptr. 838.) The thrust of respondent's requests was aimed at proving the truth of matters that appellant was seeking to establish, and the scope of his employment when he carried the Miller's car. (1 33510.017 (request for admission may include "opinion relating to fact, or application of law to fact"), Garcia v. Hyster Co. (1994) 28 Cal.App.4th 724, 735, 34 Cal.Rptr. 2d 283.) Magdaleno had testified in his deposition that he was on private business late in the morning of the accident. He was driving his personal truck, which he used to haul Christmas trees to his home, and when he testified he ran into Miller's parked car when he looked down at the lawyer's office. (Brooks v. American Broadcasting Co., supra, 179 Cal.App.3d 500, 511, 224 Cal.Rptr. 838.) The court suggested a virtually hopeless task. (Wimberly v. Derby Cycle Corp., supra, 56 Cal.App.4th at p. 639.) In awarding costs of proof, a trial court must at a minimum attempt to connect with admissible evidence the facts it refused to admit under a request for admission.). | Awarding costs of proof is improper if the party who denied the request for admission "held a reasonably entertained good faith belief [it] would prevail on the issue at trial." West's Ann.Cal.C.C.P. S 2033(o) (Repealed). | "Is awarding costs of proof improper if the party who denied the request for admission held a reasonably entertained good faith belief it would prevail on the issue at trial?" | 029968.docx | LEGALEASE 00136420-LEGALEASE 00136421 | SA, Sub | 0.66 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,373 | 22,876 | 9,029 |
| 1138 | Price v. B & A Sales, 773 N.J.2d 973 | 307A+554 | The applicable standard of review on Trial Rule 12(B)(1) motions to dismiss is a function of what occurred at the trial court... | If the facts before the trial court on a motion to dismiss are indisputable, and the question of subject matter jurisdiction is purely one of law... | If facts before trial court on a motion to dismiss are indisputable and the question of subject matter jurisdiction purely one of law? | 03797.docx | LEGALEASE 0019661-LEGALEASE 0019662 | Condensed, SA | 0.61 | 0 | 1 | | 1 | |
| 1139 | Fed. Deposit Ins. Corp. v. Webb, 464 F. Supp. 520 | 83E+177 | Negotiability is not destroyed by (1) a recitation of the security given... | Negotiability of a note is not destroyed by recitation of the security given... | Can negotiability be destroyed by recitation of security given? | 01057.docx | LEGALEASE 0016069-LEGALEASE 0016070 | Condensed, SA, Sub | 0.39 | 0 | 1 | 1 | 1 | |
| 1140 | Bank Polska Kasa Opieki, S.A. v. Pamrapo Sav. Bank, S.A.A., 909 F. Supp. 948 | 83E+503 | The Uniform Commercial Code provides a comprehensive framework for allocating losses when it forged check enters the negotiation process... | Only in very rare instances should court apart Uniform Commercial Code's legislative scheme of loss allocation by permitting common law cause of action when forged check enters negotiation process? | When can a court apart the legislative scheme of loss allocation and allow a common law cause of action when forged check enters negotiation process? | Bills and Notes Memo 476-PR_5793B.docx | ROSS-003280273-ROSS-003280274 | Condensed, Order, SA | 0.75 | 1 | 1 | | 1 | |
| 1141 | State v. Nunez, 1279 N.M. 63 | 135H+25 | Because of the strength of New Mexico precedent, the punitive nature of in rem jurisdiction... | The remedial objectives of forfeitures under the Controlled Substances Act are incidental? | Are the remedial objectives of forfeitures under the Controlled Substances Act incidental? | Double Jeopardy Memo 11 - C - SS_65111.docx | ROSS-003281056 | Condensed, SA, Sub | 0.04 | 0 | 1 | 1 | 1 | |
| 1142 | McMath v. Katholi, 304 Ill. App. 3d 369 | 307A+3 | Rulings on motions to dismiss are treated interlocutory in nature, and they remain subject to reconsideration at trial... | Do trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial? | Do trial courts have broad discretion to deny motions in limine and choose instead to consider the evidentiary issues raised in such motions only after the contested evidence is offered in the normal course of the trial? | Pretrial Procedure Memo #393 - C - MG.docx | ROSS-003280817-ROSS-003280818 | Condensed, SA | 0.79 | 0 | 1 | | 1 | |
| 1143 | Roe, Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 30+1206 | The issue before the court that the judgment is, in actuality, a judgment of dismissal, with prejudice, entered pursuant to Rule 41(b)... | An appellate court carefully scrutinizes any order terminating an action for want of prosecution, and does not hesitate to set one aside when abuse of discretion is found? | Does court scrutinize any order terminating action for want of prosecution and not hesitate to set one aside when abuse of discretion is found? | Pretrial Procedure Memo #3495 - C - MG_00M60.docx | ROSS-003200495-ROSS-003200496 | SA, Sub | 0.73 | 0 | | 1 | 1 | |

| | | | | | | | | | | Multiple Differences | 9,079 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Selection & Arrangement | 21,876 |
| | | | | | | | | | | Substantive Additions | 14,873 |
| | | | | | | | | | | Condensed | 15,944 |
| | | | | | | | | | | Order | 839 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1144 | Algonac Inc., Co. v. Allstate Ins. Co., 869 F.Supp.2d 537 | 366+5 | Subrogation is more widely known in the context of insurance companies seeking subrogation from their insured for having involuntarily, under a contract of indemnity, paid a debt for which another is liable. See, e.g., Ortiz v. Great S. Fire & Cas. Ins. Co., 597 S.W.2d 342 (Tex.1980). The underlying justification for such a subrogation suit is to prevent the insured from receiving a double recovery. Id. at 343. However, the doctrine of subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. Thus, the real elements of equitable subrogation are (1) that the party on whose behalf the claimant discharged a debt was primarily liable on the debt, and (2) that the claimant paid the debt involuntarily. | Doctrine of subrogation is given liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is subrogation broad enough to include every instance where one person, not acting voluntarily, pays another's debt? | Subrogation - Memo 132 - VFC.docx | ROSS-003110069/ROSS-003110061 | Condensed, SA | 0.72 | 0 | 1 | | 1 | |
| 1145 | Bennett Truck Transp. v. Williams Bros. Const., 256 S.W.3d 730 | 366+1 | In its first issue, Bennett argues that because it paid the loss to the housing unit's owner as an insurer, it is entitled to seek reimbursement under the theory of equitable subrogation. When an insurer pays a loss, the insurer becomes equitably subrogated to its insured's rights and stands in the insured's shoes against the tortfeasor who caused the loss. See Argonaut Ins. Co. v. Allstate Ins. Co, 869 S.W.2d 537 (Tex.App.-Corpus Christi 1991, writ denied); accord Mart v. Allstate Ins., Inc., 2317–34 315, 149 (4th Cir.2000). Equitable subrogation is a "legal fiction" whereby an obligation extinguished by a party primarily is treated as still existing to allow the creditor to seek recovery from the primarily liable party. See Murray v. Cadle Co., No. 05"90"01487"CV, 257 S.W.3d 291, 2008 WL 138316 (Tex.App.-Dallas Apr 25, 2008, no pet h.). The party claiming entitlement to equitable subrogation must prove that it acted involuntarily in paying a debt and that the debt was one on which the other party is primarily liable. See McF Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex.2007); Murray, 257 S.W.3d at 296, 2008 WL 138316 X. Texas courts are particularly hospitable to the doctrine. Murray, 257 S.W.3d at 296, 2008 WL 138316 X, at *5. | "Equitable subrogation" is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the primarily liable party. | Is equitable subrogation a legal fiction which an obligation that is extinguished by the third party is treated as still existing to allow the creditor to seek recovery from the primarily liable party? | Subrogation - Memo 297 - RM C.docx | ROSS-003311378-/ROSS-003311379 | Condensed, SA | 0.84 | | 0 | | 1 | |
| 1146 | M.C. Const. Corp. v. Gray Co., 17 F. Supp. 2d 541 | 25T+113 | By enacting § 2 of the Federal Arbitration Act, Congress "declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." Perry, 482 U.S. at 10, 109 S.Ct. 1917, "Under the Supremacy Clause, the Federal Arbitration Act preempts state statutes to undercut the policy embodied in § 2 of the Act." Hakata v. RAF Financial Corp., 875 F.Supp. 829, 828 (N.D.Ill.1994); Perry v. Thomas, 482 U.S. 483, 491, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). Section 2 is a congressional declaration of "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). | By enacting provision of Federal Arbitration Act (FAA) that a written arbitration provision is valid and irrevocable, congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. § 2. | Does the Federal Arbitration Act (FAA) withdraw the power of states to require a judicial forum for the resolution of claims that the contracting parties agreed to resolve by arbitration? | Alternative Dispute Resolution - Memo 337 - RK.docx | ROSS-003311073/ROSS-003313060 | SA, Sub | 0.62 | 0 | | 1 | | |
| 1147 | Cassidy v. Murray, 34 F. Supp. 3d 579 | 16+1(1) | The exclusive admiralty jurisdiction of the federal courts only applies to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description. United States Supreme Court has defined the savings clause "as a grant to state courts of in personam jurisdiction, concurrent with admiralty courts." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001) (citing Red Cross Line v. Atl. Fruit Co., 264 U.S. 109, 123, 44 S.Ct. 274, 68 L.Ed. 582 (1924)). This concurrent jurisdiction reflects the fact that most in rem actions concern "whether the proceeding is admiralty which may be employed to enforce the right or remedies the injury involved." Id (quoting Red Cross Line, 264 U.S. at 124, 44 S.Ct. 274). Therefore, the exclusive jurisdiction of the federal courts only applies "to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a claim." Coronel v. AK Victory, 11 F.Supp.3d 171, 1181, No. C 13"20424-03, 2014 WL 820270, at *4 (W.D.Wash. Feb. 28, 2014) (quoting Madruga v. Superior Ct. of State of Cal. in & for San Diego Cnty., 346 U.S. 556, 560"61, 74 S.Ct. 298, 98 L.Ed. 290 (1954)). | The exclusive admiralty jurisdiction of the federal courts only applies to those maritime causes of action begun and carried on as proceedings in rem. | Is it federal courts admiralty jurisdiction exclusive to those maritime causes of actions begun and carried on as proceedings in rem? | Admiralty Law - Memo J - MS.docx | LEGALEAGLE-00000463-LEGALEAGLE-00000465 | SA, Sub | 0.73 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1148 | Jet v. Sewage Aeration Sys., 223 F.3d 1360 | 336H+6 | Upon remand, the Board will have the opportunity to consider whether issue preclusion prevents the question of "likelihood of confusion" between the JET mark and AEROB"A"JET from being relitigated before the Board. The doctrine of issue preclusion (also sometimes known as "collateral estoppel"), which serves to bar the revisiting of "issues" that have been already fully litigated, requires four factors:(1) identity of the issues in a prior proceeding;(2) the issues were actually litigated;(3) the determination of the issues was necessary to the resulting judgment; and,(4) the party defending against preclusion had a full and fair opportunity to litigate the issues.See Montana v. United States, 440 U.S. 147, 153"55, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); Blonder"Tongue Lab., Inc. v. University of Ill. Found., 402 U.S. 313, 332"33, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); Commissioner v. Sunnen, 333 U.S. 591, 599"601, 68 S.Ct. 715, 92 L.Ed. 898 (1948); Cromwell v. County of Sac, 94 U.S. (4 Otto) 351, 353, 24 L.Ed. 195 (1876); see also Comair Rotron, Inc. v. Nippon Densan Corp., 49 F.3d 1535, 1537, 33 USPQ2d 1929, 1931 (Fed.Cir.1995); Rice v. Department of Treasury, 998 F.2d 997, 999 (Fed.Cir.1993); Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1569, 221 USPQ 394, 397 (Fed.Cir.1983); Restatement (Second) of Judgments "" 27, 39 (1980). A reading of the Sixth Circuit's opinion reveals that "likelihood of confusion" between JET and AEROB"A"JET was actually litigated and necessary to the judgment, and that Jet had a full opportunity to present its arguments on the question. See Jet, 165 F.3d at 421"24, 49 USPQ2d at 1357"59 (discussing likelihood of confusion). With respect to factor (1)"whether the "likelihood of confusion" analysis in an infringement action is the same as that in a cancellation proceeding"we note that this circuit has held that even state court findings of fact relating to the likelihood of confusion between the same marks will allow issue | The doctrine of "issue preclusion," also sometimes known as collateral estoppel, which serves to bar the revisiting of issues that have been already fully litigated, requires four factors: (1) identity of the issues in a prior proceeding; (2) the issues were actually litigated; (3) the determination of the issues was necessary to the resulting judgment; and, (4) the party defending against preclusion had a full and fair opportunity to litigate the issues. Restatement (Second) of Judgments SS 27, 39. | How is doctrine of collateral estoppel or issue preclusion identified under the law? | Banks and banking - Memo 23 - JS.docx | ROSS-003289753-ROSS-003289756 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 1149 | Pennsylvania Indep. Oil & Gas Ass'n v. Com., Dep't of Envtl. Prot., 135 A.3d 1118 | 1.49E+19 | First, as our Supreme Court recognized in Empire Sanitary Landfill, Inc., although the EHB has some authority in certain cases to consider constitutional questions concerning regulations within its jurisdiction, "[i]t does not ... have the power to grant declaratory judgment and injunctive relief pursuant to the Declaratory Judgment[s] Act, ... because only courts of record of the Commonwealth have that jurisdiction." Empire Sanitary Landfill, Inc., 684 A.2d at 1055. Moreover, the EHB only has jurisdiction to review post-enforcement matters and may not decide a pre-enforcement challenge. Machipongo Land and Coal Company, Inc. v. Department of Environmental Resources, 538 Pa. 361, 648 A.2d 767, 770 (1994), vacated in part on other grounds, 544 Pa. 271, 676 A.2d 199 (1996). The EHB's inability to undertake pre-enforcement review or award this relief may render the available statutory remedy inadequate. Empire Sanitary Landfill, Inc., 684 A.2d at 1054. | Although the Environmental Hearing Board (EHB) has some authority in certain cases to consider constitutional questions concerning regulations within its jurisdiction, it does not have the power to grant declaratory judgment and injunctive relief pursuant to the Declaratory Judgment Act, as only courts of record of the Commonwealth have that jurisdiction; the EHB only has jurisdiction to review post-enforcement matters and may not decide a pre-enforcement challenge. 42 Pa.C.S.A. S 7531 et seq. | Does the Environmental Hearing Board (EHB) have the authority to review constitutional questions concerning regulations within its jurisdiction? | 005023.docx | LEGALEASE-00117124-LEGALEASE-00117125 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 1150 | TRW-United Greenfield Div. v. N.L.R.B., 637 F.2d 410 | 231H+1439 | Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. s 158(a)(1) (1976), prohibits employers from interfering with, restraining, or coercing employees in the exercise of their right of, inter alia, self-organization under s 7 of the Act, 29 U.S.C. s 157 (1976). The test for determining whether an employer has violated s 8(a)(1) is whether the employer's questions, threats, or statements tend to be coercive, not whether the employees are in fact coerced. Sturgis Newport Bus. Forms, Inc. v. N. L. R. B., 563 F.2d 1252, 1256 (5th Cir. 1977); N. L. R. B. v. Huntsville Manufacturing Co., 514 F.2d 723, 724 (5th Cir. 1975). The presence of coercive tendencies in a particular instance of an employer's conduct is to be determined in light of the totality of the circumstances in which that particular instance of conduct occurred. N. L. R. B. v. Laredo Coca Cola Bottling Co., 613 F.2d 1338, 1342 (5th Cir. 1980), cert. denied, -- U.S. --, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980); N. L. R. B. v. Varo, Inc., 425 F.2d 293, 298 (5th Cir. 1970). "Remarks that may not appear coercive when considered in isolation may take on a different meaning when evaluated with respect to the totality of the circumstances." N. L. R. B. v. Laredo Coca Cola Bottling Co., 613 F.2d at 1341 (quoting N. L. R. B. v. Kaiser Agricultural Chemicals, Div. of Kaiser A. & C. Corp., 473 F.2d 374, 381 (5th Cir. 1973)). | Test for determining whether an employer has violated provision of the National Labor Relations Act prohibiting employers from interfering with, restraining, or coercing employees in exercise of their right of, inter alia, self-organization is whether employer's questions, threats, or statements tend to be coercive, not whether employees are in fact coerced. National Labor Relations Act, S 8(a)(1) as amended 29 U.S.C.A. S 158(a)(1). | What is the test for determining whether an employer has violated s 8(a)(1) of the National Labor Relations Act? | Labor and Employment - Memo 31 - VP.docx | ROSS-003284068-ROSS-003284069 | Condensed, Order, SA | 0.69 | 1 | 1 | 0 | 1 | 1 |
| 1151 | All. of Descendants of Texas Land Grants v. United States, 37 F.3d 1478 | 148+1 | A claimant under the Fifth Amendment must show that the United States, by some specific action, took a private property interest for a public use without just compensation. Hodel v. Virginia Surface Mining & Reclamation Ass'n, 452 U.S. 264, 294, 101 S.Ct. 2352, 2369"70, 69 L.Ed.2d 1 (1981). Therefore, a claim under the Fifth Amendment accrues when that taking action occurs. Steel Improvement & Forge Co. v. United States, 355 F.2d 627, 631, 174 Ct.Cl. 24 (1966). | Claimant under Fifth Amendment must show that United States, by some specific action, took private property interest for public use without just compensation; therefore, claim under Fifth Amendment accrues when that taking action occurs. U.S.C.A. Const.Amend. 5. | Does a successful claim for taking under the Fifth Amendment requires a showing that that the government took a private property interest for public use without paying just compensation? | 001460.docx | LEGALEASE-00118665-LEGALEASE-00118666 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 1152 | Rota-McLarty v. Santander Consumer USA, 700 F.3d 690 | 25T+114 | Second, in deciding to apply the FAA, we need not identify any specific effect upon interstate commerce, so long as "in the aggregate the economic activity in question would represent "a general practice ... subject to federal control." " Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56"57, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003) (citation omitted). We agree with Santander that "the broad impact of consumer automobile lending on the national economy" is evident. Appellant's Br. at 28; cf. Citizen's Bank, 539 U.S. at 58, 123 S.Ct. 2037 ("[W]ere there any residual doubt about the magnitude of the impact on interstate commerce caused by the particular economic transactions in which the parties were engaged, that doubt would dissipate upon consideration of the "general practice" those transactions represent. No elaborate explanation is needed to make evident the broad impact of commercial lending on the national economy or Congress's power to regulate that activity pursuant to the Commerce Clause." (internal citation omitted)). | In deciding to apply the Federal Arbitration Act (FAA) to enforce a contractual arbitration provision, court need not identify any specific effect upon interstate commerce from the transaction to which the contract relates, so long as in the aggregate the economic activity in question would represent a general practice subject to federal control. 9 U.S.C.A. S 2. | Do the courts need to identify any specific effect upon interstate commerce when applying the Federal Arbitration Act (FAA)? | Alternative Dispute Resolution - Memo 236 - RK.docx | ROSS-003297092-ROSS-003297094 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1153 | Mee Indus. v. Dow Chem. Co., 608 F.3d 1202 | 249+25(2) | "[A]cting on the advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions." Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878, 880 (1931). That advice, however, "must be sought in good faith, with the sole purpose of being advised as to the law." Id.It "must be predicated on a full, correct, and fair statement of all material facts bearing on the guilt of the accused, the specific proceeding complained of must have been advised by counsel, and the advice must have been acted upon in good faith under the belief that the charge was true." Id. | Advice of counsel, to provide complete defense to malicious prosecution action under Florida law, must be predicated on a full, correct, and fair statement of all material facts bearing on the guilt of the accused, the specific proceeding complained of must have been advised by counsel, and the advice must have been acted upon in good faith under the belief that the charge was true. | Is advice of counsel a defense to malicious prosecution claim? | 001811.docx | LEGALEASE-00118951-LEGALEASE-00118952 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 1154 | Hill v. Tennessee Valley Auth., 842 F. Supp. 1413 | 316P+952 | FELRTCA creates a statutory mechanism which immunizes federal employees from personal liability for common law torts committed within the scope of their employment by transforming cases against individual employees into actions against the federal government which become subject to the limitations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. "" 1346(b), 2671"80. Springer v. Bryant, 897 F.2d 1085, 1087 (11th Cir.1990). Since TVA employees are not covered by the FTCA, section nine of FELRTCA, 16 U.S.C. 831c"2(b), was added in order to protect TVA employees by requiring the substitution of TVA for an employee named as a party defendant who is certified or proven to be acting within the scope of his or her employment at the time the alleged incident occurred. Springer, 897 F.2d at 1087. Thus in order for TVA employees to be entitled to immunity from common law tort liability under FELRTCA, TVA employees must be shown to have acted within the scope of their employment. | The Federal Employees Liability Reform and Tort Compensation Act creates statutory mechanism which immunizes federal employees from personal liability for common-law torts committed within scope of their employment by transforming cases against individual employees into actions against federal government which becomes subject to limitations of Federal Tort Claims Act (FTCA). Federal Employees Liability Reform and Tort Compensation Act of 1988, S 1 et seq., 102 Stat. 4563; 28 U.S.C.A. SS 1346(b), 2671-2680. | Are federal employees immune from liability for torts they commit when acting within the scope of their federal employment? | 00790.docx | LEGALEASE-00081551-LEGALEASE-00081552 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 1155 | Morrison v. Morrison, 284 Ga. 112 | 336H+313 | "A cause of action has been defined as being "the entire set of facts which give rise to an enforceable claim." Where[, as here,] some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the former (cits.), although the subject matter may be the same and even though the causes arose out of the same transaction. (Cit.)" [Cits.]Haley v. Regions Bank, supra. Accordingly, Appellants' "claim of res judicata is without merit." Raby v. Minshew, supra. | A cause of action, for res judicata purposes, is the entire set of facts which give rise to an enforceable claim; where some of the operative facts necessary to the causes of action are different in the two cases, the later suit is not upon the same cause as the former, although the subject matter may be the same, and even though the causes arose out of the same transaction. | "Is a ""cause of action deemed to be an entire set of facts that give rise to an enforceable claim?" | Action - Memo 34 - ANG.docx | ROSS-003296487-ROSS-003296489 | Condensed, SA, Sub | 0.29 | 0 | 1 | 1 | 1 | 1 |
| 1156 | United Servs. Auto. Ass'n v. Alaska Ins. Co., 94 Cal. App. 4th 638 | 366+1 | "Equitable subrogation permits a party who has been required to satisfy a loss created by a third party's wrongful act to "step into the shoes' of the loser and pursue recovery from the responsible wrongdoer [Citation.]. In the insurance context, the doctrine permits the paying insurer to be placed in the shoes of the insured and to pursue recovery from third parties responsible to the insured for the loss for which the insurer was liable and paid." (Fireman's Fund Ins. Co. v. Maryland Casualty Co. (1994) 21 Cal.App.4th 1586, 1595"1596, 26 Cal.Rptr.2d 762.) Because subrogation rights are purely derivative, an insurer cannot acquire anything by subrogation to which the insured has no right and can claim no right | "Equitable subrogation" permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? | 05134.docx | LEGALEASE-00084208-LEGALEASE-00084210 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 1157 | Hicks v. Londre, 107 P.3d 1009 | 366+26 | Ordinarily, when one deed of trust is released, junior lienholders just move up the line in priority. See Western Federal Sav. and Loan Ass'n of Denver v. Ben Gay, Inc., 164 Colo. 407, 411, 436 P.2d 121, 123 (1967). However, if the deed of trust has been released due to mistake, it may be restored through equitable subrogation. Id. at 411"12, 436 P.2d at 123. A lienholder who successfully invokes the doctrine is called a subrogee. There are five factors that have been outlined as conditions precedent to the application of equitable subrogation: "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder." E. Boston Sav. Bank v. Ogan, 428 Mass. 327, 701 N.E.2d 331, 334 (1998) (quoting Mort v. United States, 86 F.3d 890, 894 (9th Cir.1996)). | Five factors that have been outlined as conditions precedent to the application of equitable subrogation include (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What are the five factors that have been outlined as conditions precedent to the application of equitable subrogation? | Subrogation - Memo # 564 - C - AP.docx | ROSS-003324189-ROSS-003324190 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 1158 | Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+1 | "Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party." Dade Cnty. Sch. Bd., 731 So.2d at 646.SOIC argues that ZAIC does not adequately plead a prima facie equitable subrogation claim because it fails to plead all of the requisite elements. See Motion at 22. In Response, ZAIC challenges whether it must plead these elements by contesting the applicability of SOIC's sole authority, Dade Cnty. Sch. Bd. See Response at 14"15. ZAIC argues that Dade Cnty. Sch. Bd. is limited to tort claims, and that it does not establish a pleading requirement because it addressed an equitable subrogation claim " "raised for the first time at a post-verdict hearing on a motion for entry of final judgment." " Id. at 14 (quoting Dade Cnty. Sch. Bd., 731 So.2d at 644.). The Court finds ZAIC's argument unavailing and notes that several courts have required a plaintiff to allege facts sufficient to give rise to these elements as a pleading requirement. See Amerisure Ins. Co. v. S. Waterproofing, No. 3:14-cv-154-J-34JRK, 2014 WL 4682898, at (M.D. Fla. Sept. 19, 2014) ("A plaintiff must allege [the enumerated] five elements in order to maintain a claim for equitable subrogation."); Columbia Bank v. Turbeville, 143 So.3d 964, 968 (Fla. 1st DCA 2014) (resolving a motion to dismiss by applying these elements). Additionally, courts have applied these elements to cases arising outside the realm of tort cases and specifically in the insurance context. See KPMG Peat Marwick, 742 So.2d at 332; DaimlerChrysler Ins. Co. v. Arrigo Enters., Inc., 63 So.3d 68, 72 (Fla. 4th DCA 2011); Phoenix Ins. Co., 558 So.2d at 1050; Johnson, 18 So.3d at 1100; Morrison Assurance Co., 600 So.2d at 1151. Therefore, the Court finds that ZAIC must plead facts regarding these five | Equitable subrogation under Florida law generally is appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | "Is equitable subrogation appropriate where one party non-voluntarily pays the entire debt of another on which the paying party is not primarily liable in order to protect its own interests, as long as subrogation would not harm the rights of a third party?" | 044047.docx | LEGALEASE-00121450-LEGALEASE-00121452 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1159 | In re Project Homestead, 374 B.R. 193 | 366+1 | In North Carolina, equitable subrogation is a well-established remedy. It is a creature of equity that includes instances in which one party has paid a debt for which another party was primarily liable and which in equity and good conscience should have been discharged by the latter. Wallace v. Benner, 200 N.C. 124, 156 S.E. 795, 798"99 (1931). A party who is permitted to invoke the remedy of equitable subrogation succeeds to all of the rights remedies and security which the party who was paid had against the person whose debt was paid. Trs. of the Garden of Prayer Church v. Geraldco Builders, Inc., 78 N.C.App. 108, 336 S.E.2d 694, 698 (1985). Equitable subrogation, however, "is not an absolute right, but one which depends on the equities and attending facts and circumstances of each case." First Union Nat. Bank v. Lindley Laboratories, Inc., 132 N.C.App. 129, 510 S.E.2d 187, 188 (1999). | Under North Carolina, equitable subrogation is a creature of equity that applies in instances in which one party has paid a debt for which another party was primarily liable, and which in equity and good conscience should have been discharged by the latter. | "Is equitable subrogation a creature of equity that applies in instances in which one party has paid a debt for which another party was primarily liable, and which in equity and good conscience should have been discharged by the latter?" | 044124.docx | LEGALEASE-00121739-LEGALEASE-00121740 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 1160 | Poteet v. Sauter, 136 Md. App. 383 | 366+1 | The principles of subrogation are important in deciding whether State Auto is a real party in interest. Writing on behalf of the Court of Appeals, Judge Cathell recently explained subrogation, stating:"Subrogation is founded upon the equitable powers of the court. It is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another. The doctrine is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person." Riemer v. Columbia Medical Plan, Inc., 358 Md. 222, 231, 747 A.2d 677 (2000) (quoting Bachmann v. Glazer, Inc., 316 Md. 405, 412, 559 A.2d 365 (1989) (internal citations omitted). By compelling payment of a debt by one who ought to pay it, subrogation serves to " "promote and to accomplish justice." " Bachmann, 316 Md. at 413, 559 A.2d 365 (citation omitted). The "rationale" of the doctrine is to prevent unjust enrichment, as the party primarily liable on the debt is obligated to pay it. Riemer, 358 Md. at 231-32, 747 A.2d 677 (citations omitted). Because "a person entitled to subrogation stands in the shoes of the creditor, he is ordinarily entitled to all the remedies of the creditor, and he may use all the means which the creditor could employ to enforce payment." Bachmann, 316 Md. at 413, 559 A.2d 365. | Subrogation is founded upon the equitable powers of the court, is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another, and is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person. | Is subrogation founded upon the equitable powers of the court? | Subrogation - Memo # 729 - C - SA.docx | ROSS-003310613-ROSS-003310614 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 1161 | Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The doctrine of equitable subrogation "may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract." Smart v. Tower Land and Inv. Co., 597 S.W.2d 333, 337 (Tex.1980) (emphasis added). By entering into the contract with Price Woods, Frymire voluntarily agreed to pay for any damages caused by its employees or suppliers. Frymire/Liberty concedes in its brief that its contractual duty operated "not just in favor of Price Woods but also in favor of the owner of the Renaissance Hotel." There is no evidence that Renaissance made any demand upon appellees to recover damages. When Frymire/Liberty paid Renaissance, it paid to satisfy its own contractual obligation rather than to satisfy appellees' hypothetical tort liability. Thus, Frymire/Liberty cannot show that appellees were primarily liable upon the debt it paid. See Argonaut, 869 S.W.2d at 540. See also Kerrville, 856 S.W.2d at 415"16 (bank not entitled to equitable subrogation from debtor when it purchased notes and renewed liens for its own benefit). Appellees were not unjustly enriched by Frymire's performance of a contract to which appellees were not parties. We conclude that Frymire/Liberty does not have standing to sue appellees under the doctrine of equitable subrogation. | The doctrine of equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | Can the doctrine of equitable subrogation be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract? | 044162.docx | LEGALEASE-00121571-LEGALEASE-00121572 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 1162 | Universal Forest Prod. E. Div. v. Morris Forest Prod., 558 F. Supp. 2d 893 | 366+1 | Wisconsin recognizes the doctrine of equitable subrogation. Equitable subgrogation " "rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer." " Pitts v. Revocable Trust of Knueppel, 282 Wis.2d 550, 566, 698 N.W.2d 761, 769 (Wis.2005) (quoting Garrity v. Rural Mut. Ins. Co., 77 Wis.2d 537, 541, 253 N.W.2d 512, 514 (Wis.1977)). "A party who is subrogated to a second party's rights against a third party "steps into the shoes' of the second party and may bring all claims which the second party could have brought against the third party." Patients Compensation Fund v. Lutheran Hospital"LaCrosse, 223 Wis.2d 439, 451, 588 N.W.2d 35, 39 (Wis.1999). | Under Wisconsin law, "equitable subrogation" rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | "Does the doctrine of subrogation rest upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer?" | Subrogation - Memo # 802 - ES.docx | ROSS-003285183-ROSS-003285184 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 1163 | In re McCabe Grp., 424 B.R. 1 | 366+28 | ""Subrogation is an old term, rooted in equity," which today is used to mean "stand in the shoes of." " "[It] occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment." In East Boston Savs. Bank v. Ogan, the Supreme Judicial Court of Massachusetts set forth five factors that a court must determine for equitable subrogation to apply: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | Five factors that Massachusetts court must consider when deciding whether to apply equitable subrogation are: (1) whether subrogee made payment to protect his or her own interest; (2) whether subrogee acted other than as volunteer; (3) whether subrogee was not him- or herself primarily liable for the debt paid, (4) whether subrogee paid off entire encumbrance, and (5) whether there is absence of any injustice to rights of the junior lienholder if subrogation is applied. | What are the five factors that courts must consider when deciding whether to apply equitable subrogation? | 044348.docx | LEGALEASE-00121448-LEGALEASE-00121449 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 23,876 | 9,029 |
| 1164 | Fortham v. Lason, 361 N.C. C15 | 386+2081 | The basis of a trespass to chattel action is that there is no "injury to possession." Similar to Hamper, 209 N.C. 612, 184 S.E. 512, 122 A.L.R. 447, 453 (1981). A successful action for trespass to chattel requires the party bringing the action to demonstrate that it had either actual or constructive possession of the personalty or goods in question at the time of the trespass, see White v. Morris, 8 N.C. 263, 330 (1812); Carson v. Noblet, 4 N.C. 136 (1814); and that there was an unauthorized, unlawful interference or dispossession of the property, see Jessup v. Miller, 5 N.C. 142 (1815), 13 N.C. 112, 131 N.C. 112, 131; Kirkpatrick v. Crutchfield, 178 N.C. 348, 350, 100 S.E. 604 (1919); Hawkins v. Moody, 48 N.C. 112, 197 P.A (1856). | A successful action for trespass to chattel requires the party bringing the action to demonstrate that it had either actual or constructive possession of the personalty or goods in question at the time of the trespass, and that there was an unauthorized, unlawful interference or dispossession of the property | Should the party bringing the action of trespass to chattel demonstrate that they had either actual or constructive possession of the personalty or goods in question at the time of the trespass | 047248.docx | LEGALEASE-00121303-LEGALEASE-00121303 | Condensed, S+A | 0.59 | 0 | 0 | | 1 | |
| 1165 | Georgia Power Co. v. Harrison, 253 Ga. 212 | 307+4-1 | However, although OCGA § 9-11-12(d) confers the court with discretion to hear jurisdictional issues in advance of trial, it is a legal discretion which must balance the factors favoring partial determination of a defense against the circumstances favoring delay, and which generally should not be exercised to consider questions of jurisdiction which are largely coextensive with merits of claim. OCGA, § 9-11-12(d). "In exercising this discretion, the court must balance the need to test the sufficiency of the defense or objection and the right of a party to have his defense or objection promptly decided and hereby possibly avoid costly litigation against such factors as the expense and delay of a hearing may cause, the difficulty or likelihood of arriving at a meaningful result at the hearing, and the possibility that the issue to be decided on the hearing is so interwoven with the merits of the case that a postponement until final determination of the defense will involve going into the merits, the question may well be rejected [until trial]. The rule is not intended to permit the court to give fragmentary and piecemeal disposal of issues but require coherent presentation for their just determination." 2A Moore's, supra, at 2164. | Although trial court has discretion pursuant to statute to hear jurisdictional issues in advance of trial, it is a legal discretion which must balance factors favoring partial determination of a defense against other circumstances favoring delay, and which generally should not be exercised to consider questions of jurisdiction which are largely coextensive with merits of claim. OCGA, § 9-11-12(d). | Does the trial court have discretion pursuant to statute to hear jurisdictional issues in advance of trial? | 027183.docx | LEGALEASE-00121387-LEGALEASE-00121388 | Condensed, S+A | 0.71 | 0 | 1 | | 1 | |
| 1166 | Kaufmann v. Osborn for Lawyers' Discipline, 207 S.W.3d 867 | 307+6-1 | A motion in limine is a procedural device that permits a party to identify, in advance of trial, certain evidence that he does not want introduced to the jury, which the trial court can rule upon in limine. See Hadfield Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex. 1963); State Farm Mut. Auto Ins. Co. v. Wilson, 364 S.W.2d 331, 745, 757 (Tex.App.-Fort Worth 1996, no pet.). The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex. App.-Houston 14th Dist.] 2000, no pet.); Fort Worth v. 577 S.W.2d at 757. The granting of the motion is not a final ruling on the evidence. Bifano v. Young, 665 S.W.2d 58, 545 (Tex.App. Corpus Christi 1983, writ ref'd n.r.e.). A ruling on a motion in limine preserves nothing for review. Hartford, 369 S.W.2d at 335 ("A neither case [1] questions not asked or evidence not offered, or (2) questions asked at evidence offered that should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error."). In Caterpillar Tractor Co. v. Rogert, 674 S.W.2d 787, 792 (Tex.App. Corpus Christi 1984, no writ ["A trial court's actions in granting or denying a motion in limine presents nothing for appellate review, and is not reviewable unless the evidentiary ruling is in fact offered. See Acord v. Gen. Motors Corp., 669 S.W.2d 111, 116 (Tex.1984)). Thus, to preserve error for appellate review, a party must properly object to the evidence during trial to the introduction or exclusion of the evidence." Hartford, 369 S.W.2d at 335; Acord, 669 S.W.2d at 116. (Tex.App.Corpus Christi 1984, no writ). See Acord v. Gen. Motors Corp. [1st Dist.] 2005, no pet.). | The purpose of a motion in limine to prevent opposing questions from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. | Is the purpose of a motion in limine to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court? | Pretrial Procedure Memo #41 c - 71.docx | ROSS-003297462-ROSS-003297463 | SA, Sub | 0.89 | 0 | 1 | | 1 | |
| 1167 | Am. Fid. Fire Ins. Co. v. United States, 385 F. Supp. 1075 | 22D+4774 | Where a top notice had not been filed with respect to funds which were due from the state of California under public works contract, under California law, contingent-creditor's subrogation under federal law was equitable subrogation, since the right to the unpaid funds, the funds constituted "property or rights to property" of contractor, and federal tax liens for contractor's unpaid federal income tax could attach thereto, West's Ann.Cal.Gov.Code, §§ 2848, 2849, 2858, 3179 et seq., 3187; 26 U.S.C.A. (I.R.C.)3943, 6321, 6323. | Where a top notice had not been filed with respect to funds which were due from the state of California under public works contract, under California law, contingent-creditor's subrogation under federal law was equitable subrogation, since the right to the unpaid funds, the funds constituted "property or rights to property" of contractor, and federal tax liens for contractor's unpaid federal income tax could attach thereto | Does the surety of a defaulting contractor acquire subrogation rights to the unpaid funds? | Subrogation - Memo # 900 - C - VA.docx | ROSS-003315315-ROSS-003315316 | Condensed, SA, Sub | 0.01 | 0 | | | 1 | |
| 1168 | Evans v. Kish, 284 S.W.2d | 11+42 | Appellant sought to proceed under 455.425.375, formerly Civil Code, Section 237. The pertinent part of the statute is as follows: "(1) Before a debtor may bring his action for indemnity he must, in bringing his action for indemnity the debtor may be brought by a creditor against his debtor." | Statute which provides that, before a debtor or liability upon contract becomes due or matures, an equitable action for indemnity may be brought by a creditor against his debtor for such debt or liability upon contract, has no application in principal, of (1) by one who is jointly liable with another for such debt or liability against the obligation; (2) his obligation to defend his creditor, has consisted or removed from state so that he cannot be defended by (4) his creditor is removed or removed from state as much of his property that process of law cannot be extended to reach it, (3) removal is removal in nature and prejudices both creditor's rights and remedy, and (4) all within statutory construction rule which requires a remedial statute granting a right or providing a remedy, to be strictly followed in all respects. | May an equitable action for indemnity may be brought by creditor against his debtor before a debtor or liability upon contract becomes due or matures? | 005576.docx | LEGALEASE-00121905-LEGALEASE-00121906 | SA, Sub | 0.32 | 0 | 1 | | 1 | |

221

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1169 | Zidell v. Bird, 692 S.W.2d 550 | 241+43 | The word "accrual" signifies the date when one having a right of action first becomes legally entitled to apply to a court for relief by a proceeding commenced therein; that is to say, it signifies the date when the plaintiff first becomes entitled to sue the defendant based upon a legal wrong attributed to the latter. In negligence cases generally, the basic rule is that a cause of action so "accrues" when the duty of ordinary care is breached by some act or omission on the defendant's part. Blondeau v. Sommer, 139 S.W.2d 223 (Tex.Civ.App.1940, writ ref'd). This basic rule ordinarily applies even if the plaintiff is not aware of his right of action; and, it is said, the basic rule applies "although damage was not sustained until after the commission of the tort." Id. at 224 (emphasis added). For the quoted language to have any meaning at all, it must intend that the basic rule applies even though an injury does not immediately attend the act or omission of which the plaintiff complains. | Word "accrual," for purposes of statute of limitations, signifies date when one having right of action first becomes legally entitled to apply to court for relief by proceeding commenced therein; it signifies date when plaintiff first becomes entitled to sue defendant based upon legal wrong attributed to the latter. | "Does a cause of action ""accrue"" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant?" | 005586.docx | LEGALEASE-00123925-LEGALEASE-00123927 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 1170 | Austin v. Abney Mills, 824 So. 2d 1137 | 241+55(4) | Adopting the rationale of Cole, we conclude that the "significant tortious exposure" theory for determining when a cause of action accrued in a long-latency occupational disease case in which the plaintiff suffers from an illness or disease is when the exposures are "significant and such exposures later result in the manifestation of damages." Cole, 599 So.2d at 1066. Just as the appellate court reasoned in Abadie, we hold that "tortious exposures are significant when asbestos dust has so damaged the body that the fibrogenic effects of its inhalation will progress independently of further exposure." Abadie, p. 17, 784 So.2d at 65. We agree with the Abadie court that such an application of the "significant tortious exposure" theory is a logical variation of, and not materially different from, the application of the "contraction" theory articulated in Faciane. Therefore, in order to establish when the tort cause of action accrued in a long-latency occupational disease case, wherein the plaintiff suffers from the disease, the plaintiff must present evidence that the exposures were "significant and such exposures later result[ed] in the manifestation of damages." Cole, 599 So.2d at 1066. | To establish when the tort cause of action accrued in a long-latency occupational disease case, wherein the plaintiff suffers from the disease, the plaintiff must present evidence that the exposures were significant and such exposures later resulted in the manifestation of damages. | Does the plaintiff's cause of action in a long-latency occupational disease case accrue when exposures are significant and such exposures later result in the manifestation of damages? | Action - Memo # 62 - C - LK.docx | ROSS-003283906-ROSS-003283907 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 1171 | Brown v. Trans World Airlines, 127 F.3d 337 | 25T+121 | While all of these cases were decided under the Federal Arbitration Act, in Austin we applied the same principles to collective bargaining agreements even though such agreements are exempted from the Federal Arbitration Act, see 9 U.S.C. " 1; Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir.1993). In Austin, we held that an agreement to submit to arbitration an employee's claims for discrimination under Title VII and the Americans With Disabilities Act is enforceable and that nothing in either Title VII or the Americans With Disabilities Act indicated a congressional purpose to preclude arbitration of claims under those acts. Accordingly, we affirmed the district court's summary judgment that it lacked subject matter jurisdiction over such claims. See Austin, 78 F.3d at 886; see also O'Neil v. Hilton Head Hosp., 115 F.3d 272, 275 (4th Cir.1997) (enforcing agreement to arbitrate claims under the Family and Medical Leave Act). Thus, we are bound to enforce any legally negotiated arbitration clause that obligates parties to submit claims under either Title VII of the Civil Rights Act or the Family and Medical Leave Act to arbitration. | Court is bound to enforce any legally negotiated arbitration clause that obligates parties to submit claims under either Title VII or FMLA to arbitration. Family and Medical Leave Act of 1993, S 2 et seq., 29 U.S.C.A. S 2601 et seq.; Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq. | Are courts bound to enforce legally negotiated arbitration clauses that obligate parties to submit claims under Title VII of the Civil Rights Act to arbitration? | 007109.docx | LEGALEASE-00123781-LEGALEASE-00123782 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 1172 | Finne v. Dain Bosworth Inc., 648 F. Supp. 337 | 25T+413 | Plaintiff's Counts IX through XIII are RICO claims. Until recently, the courts had consistently held that RICO claims are nonarbitrable. See Witt v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 602 F.Supp. 867 (W.D.Pa.1985); Jacobson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 605 F.Supp. 510 (W.D.Pa.1984); Universal Marine Insurance Co. v. Beacon Insurance Co., 588 F.Supp. 735 (W.D.N.Car.1984); Wilcox v. Ho-Wing Sit, 586 F.Supp. 561 (N.D.Cal.1984); S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc., 576 F.Supp. 566 (S.D.N.Y.1983), aff'd., 745 F.2d 190 (2d Cir.1984) (Samitri ). Influenced by the strong pro-arbitration language of several recent Supreme Court decisions, however, including Byrd, Mitsubishi, and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), many courts have held that RICO claims may be subject to compulsory arbitration. In Bale v. Dean Witter Reynolds, Inc., 627 F.Supp. 650 (D.Minn.1986), Chief Judge Alsop concluded that RICO claims are arbitrable, relying primarily on the following factors: (1) RICO does not include an anti-waiver provision and there is no indication that Congress intended to exempt RICO claims from the dictates of the FAA; (2) a strong policy exists in favor of arbitration and courts are reluctant to disregard the parties' express agreement to arbitrate;(3) the Supreme Court's recent decision in Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) implicitly approved a construction of RICO as a "federal business tort statute" which implicates primarily private and not public interests, thus obviating the public policy concerns supporting an exclusively federal forum. See Bale, 627 F.Supp. at 654. Other reasons for holding RICO claims arbitrable cited by the courts include: RICO jurisprudence is in an evolving state, Finn, 610 F.Supp. at 1082"83; the broad language of the Supreme Court's Mitsubishi decision, | Claims for violation of Racketeer Influenced and Corrupt Organizations Act were arbitrable pursuant to arbitration clause in customer margin agreement with stockbroker; declining to follow Witt v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 602 F.Supp. 867(W.D.Pa.); Jacobson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 605 F.Supp. 510 (W.D.Pa.); Universal Marine Insurance Co. v. Beacon Insurance Co., 588 F.Supp. 735 (W.D.N.Car.); Wilcox v. Ho-Wing Sit, 586 F.Supp. 561 (N.D.Cal.); S.A. Mineracao Da Trindade-Samitri v. Utah International, Inc., 576 F.Supp. 566 (S.D.N.Y.). 18 U.S.C.A. SS 1961 et seq., 1965; 9 U.S.C.A. SS 1 et seq., 2, 3, 4. | Are RICO claims arbitrable? | 007111.docx | LEGALEASE-00123785-LEGALEASE-00123787 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1173 | Hourani v. Mirtchev, 796 F.3d 1 | 221=142 | Finally, it bears noting that the Hourani' claim arises under District of Columbia law, [and] the Hourani then indicate that it arises... President sought into law. The Political Branches thus have not made the sensitive decision to supply information law to foreign companies... [etc.] | The function of the act of state doctrine is to promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the executive branch in its conduct of foreign relations. | "Does the act of state doctrine promote international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations?" | 037f31.docx | USALEX4E-00223805-USALEX4E-00223810 | Condensed, SA | 0.81 | 0 | 1 | | 1 | |
| 1174 | Saleh v. Bush, 848 F.3d 880 | 221=104 | Finally, Plaintiff argued that Defendants cannot be immune under the international law... "[A] jus cogens norm, also known as a "peremptory norm" of international law, is a norm accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character." id...[etc.] | "Does international law does not recognize an act that violates jus cogens, a norm accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character, as a sovereign act?" | International Law - Memo 8.17- C - US.docx | ROSS-00330196? ROSS-00330196? | Condensed, SA, Sub 0.71 | 0.71 | 1 | 1 | | 1 | |
| 1175 | In re Vitamin C Antitrust Litig., 584 F. Supp. 2d 546 | 221=104 | The act of state doctrine derives from both separation of powers and respect for the sovereignty of other nations. It holds that the courts of one nation may not sit in judgment of the public acts of another sovereign done within its own territory... [etc.] | The act of state doctrine, which derives from both separation of powers and respect for the sovereignty of the public acts of another sovereign done within its own territory, holds that the courts of one nation may not sit in judgment of the public acts of another sovereign within its own borders. | Does the act of state doctrine hold that the courts of one nation may not sit in judgment of the public acts of another sovereign within its own borders? | 02c004.docx | USALEX4E-00223438-USALEX4E-00223440 | Condensed, SA | 0.69 | 0 | 1 | | 1 | |
| 1176 | Brentacos v. Chappell, 68 Ohio App. 3d 83 | 307#=1 | A motion in limine seeks an anticipatory ruling that evidence will probably be inadmissible, so it should be excluded until the opponent demonstrates its propriety. State v. Maurer (1984), 15 Ohio St.3d 239, 259, 15 OBR 379, 396, 473 N.E.2d 768, 787... [etc.] | "Motion in limine" seeks anticipatory ruling that evidence will probably be inadmissible, so it should be excluded until opponent demonstrates its propriety, ability of trial court to entertain such motions lies in inherent power and discretion of trial judge to control proceedings. | Does the ability of trial court to entertain motions in limine lie within a court's inherent power and discretion to control proceeding before it? | Pretrial Procedure - Memo # 136 - C - OB.docx | USALEX4E-00031843-USALEX4E-00031844 | Condensed, SA, Sub 0.42 | 0.42 | 0 | 1 | | 1 | |
| 1177 | Sculler v. Sculler, 348 N.J. Super. 374 | 307#=1 | This matter comes before the court by way of defendant's motion in limine for a declaration that the testimony that the parties bear... or a pre-marital asset owned by the other spouse. As a general rule, in limine motions should ordinarily be denied and only a sufficient predicate is established. Rienzi & Associates v. Rienzi, 222 N.J. Super. 407, 544, 350 A.2d 700 [App.Div.1988]. They may, however, be used effectively to clarify legal issues in advance of trial, such as the need for expert testimony to prove standard of care or deviation therefrom. Kelly v. Berlin, Berlin & Super, 256, 270, 692 A.2d 552 [App.Div.1997]. | As a general rule, in limine motions are inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and in such cases, the motions ordinarily be denied until a sufficient predicate is established. | "Are in limine motions inappropriate if they require the court to engage in an analysis of credibility or evidence yet to be presented, and should the motions ordinarily be denied until a sufficient predicate is established?" | Pretrial Procedure - Memo # 48 - C - VA.docx | ROSS-00187069-ROSS-00187069 | Condensed, SA | 0.69 | 0 | 1 | | 1 | |
| 1178 | Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756 | 257=132 | We conclude that, in line with us, the unilateral promulgation by an employer of an arbitration provision as part of an employee handbook does not constitute a "knowing agreement" on the part of an employee to waive a statutory remedy provided by civil rights law, the right to a judicial forum is not waived even though the handbook is furnished to the employee and the employee acknowledges receipt, and agrees to read and understand its contents. Finally, we conclude that the right is not waived even when the employee performs his obligations by continuing to perform his assigned work and accepting a paycheck in return. Accordingly, the district court erred in concluding that there was a valid waiver of Nelson's right to a judicial determination of his ADA claims and in granting summary judgment to the defendants. | Unilateral promulgation by employer of arbitration provision as part of employee handbook does not constitute a knowing agreement on the part of employee to waive a statutory remedy provided by civil rights law. | Does an employer's promulgation of arbitration provisions in an employee handbook constitute a knowing agreement on the part of employee to waive a statutory remedy provided by civil rights law? | 007158.docx | USALEX4E-00225357-USALEX4E-00235358 | Condensed, SA | 0.77 | 0 | 1 | | 0 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1179 | Ramirez-Lluveras v. Rivera-Merced, 759 F. Supp. 2d 857 | 221=342 | The act of state doctrine originated as a bar to suit against foreign governments or their officials, requires case-by-case analysis of extent to which separation of powers concerns are implicated, and relates to conduct of foreign relations, by action before the court. Applicability of "act of state" doctrine, barring suits against foreign governments or their officials, requires case-by-case analysis of extent to which separation of powers concerns are implicated, with respect to conduct of foreign relations, by action before the court... | Applicability of "act of state" doctrine, barring suits against foreign governments or their officials, requires case-by-case analysis of extent to which separation of powers concerns are implicated, with respect to conduct of foreign relations." | "Does the act of state doctrine barring suits against foreign governments or their officials require a case-by-case analysis of the extent to which separation of powers concerns are implicated, with respect to the conduct of foreign relations?" | DO611.docx | USALEX#00137664-USALEX#00137665 | 5A, 5Ab | 0.88 | | 0 | | 1 | |
| 1180 | O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449 | 221=351 | When the causal chain between defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, claims made under the antitrust laws must be dismissed... | "When causal chain between defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, claims made under the antitrust laws must be dismissed." | "When causal chain between defendant's alleged conduct and plaintiff's injury cannot be determined without an inquiry into the motives of the foreign government, must claims made under the antitrust laws be dismissed?" | International Law - Memo #537 - C - EA.docx | ROS5-00328200 1-ROS5-0032800 2 | Condensed, 5A, 5ab, 0.72 | | 0 | | 1 | |
| 1181 | Hargrove v. Underwriters at Lloyd's, London, 937 F. Supp. 595 | 170B=1063 | A conclusion that the act of state doctrine is applicable to the case, requires dismissal. When act of state doctrine operates as a super choice-of-law rule, requiring a court to apply the law of the foreign state as the rule of decision... | Although act of state doctrine does not deprive federal court of subject matter jurisdiction over action, if court concludes that doctrine is applicable, dismissal of claims may be appropriate, if presumed validity of any relief for opposing party." | "If a court concludes that the act of state doctrine is applicable, does the validity of official acts preclude possibility of any relief for the opposing party?" | International Law - Memo 550 - TH.docx | ROS5-00321251-ROS5-00321252 | Condensed, 5A, 0.86 | | 0 | | 1 | |

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 1182 | World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154 | 221=342 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). It is applicable when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within" its boundaries. W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). When it does apply, the doctrine serves as "a rule of decision for the courts of this country," id. at 409, 110 S.Ct. 701 (quoting Sabbatino, 376 U.S. at 427), which requires that, "in the process of deciding a case," the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid, id. at 409, 110 S.Ct. 701, unless... The act of state doctrine reflects "the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder" the conduct of foreign affairs. Id. at 404, 110 S.Ct. at 704 (quoting Sabbatino, 376 U.S. at 423, 84 S.Ct. at 938). The policies underlying the doctrine include "international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." Id. at 408, 110 S.Ct. at 706; see also id. at 408, 110 S.Ct. at 706(37) | When it applies, the act of state doctrine serves as a rule of decision for the courts of the United States, which requires that, in the process of deciding a case, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | "Does the act of state doctrine serve as a rule of decision for the courts of the United States, which requires courts to deem valid the acts of foreign sovereigns taken within their own jurisdictions?" | International Law Memo # Fn1 - C - SU.docx | ROSS-00328471-ROSS-00328473 | 5A, Sub | 0.86 | 0 | | 1 | 1 | 1 |
| 1183 | Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680 | 221=342 | The allegations that involve acts by Dominican authorities performing arguably commercial functions present a more difficult problem. In order to trigger application of the act of state doctrine, the government act concerned must be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers. See McKesson, Supra, at 234 & 37. Governmental GVs runs at 786-87 (corporation acting through agent of foreign government but without government's official approval) is not of major significance). Here, members of the Central Court concluded on Alfred Dushit of London, Inc. v. Republic of Cuba, Supra, 455 U.S. at 693-95, 706, 95 S.Ct. 1854; that conduct undertaken by commercial endeavors is not immunized by the doctrine, and the Second Circuit adopted this position in Hunt v. Mobil Oil Corp., supra, at 73. It is problematic whether the closing La Romana airport to the plaintiffs, ordering their marina to be dismantled, and removing the road that allowed access to the marina can be considered to have been part of a conspiracy to injure Dominicus' business were acts engaged in pursuant to the police power of the authorities or acts of a commercial nature. It would be inappropriate to make such determinations on the present record without permitting discovery. | To trigger application of the act of state doctrine, the government act concerned must be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers. | "To trigger application of the act of state doctrine, should the government act concerned be a public one such as a legislative enactment, regulatory decree, or executive use of the police powers?" | 029983.docx | LEGALEASE-00124427-LEGALEASE-00124428 | Condensed, SA | 0.85 | 0 | | | 1 | 1 |
| 1184 | Huret v. Pettit, 258 Ga. App. 170 | 307A=3 | A motion in limine is a pretrial motion which may be used in two ways: 1. The movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during the course of the trial outside the presence of the jury; 2. The movant seeks a ruling on the admissibility of evidence prior to trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly evidence of some ordinary rule of evidence, prior to trial; however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of the admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and it controls the subsequent course of action, unless modified at trial to prevent manifest injustice." Harley-Davidson Motor Co. v. Daniel, 244 Ga. 284, 285-6, 260 S.E.2d 20 (1979). | A trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly evidence of some ordinary rule of evidence, prior to trial; if, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of the admissibility is similar to a preliminary ruling on evidence at a pretrial conference, and it controls the subsequent course of action, unless modified at trial to prevent manifest injustice. | "Is a ruling on the admissibility of evidence prior to trial similar to a preliminary ruling?" | Pretrial Procedure - Memo #102 - C - KA.docx | ROSS-00331289-ROSS-00312898 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | 1 |
| 1185 | Matagorda Cty. v. Texas Ass'n of Cos, Cty. Gov't Risk Mgmt. Pool, 975 S.W.2d 782 | 366=1 | The doctrine of "equitable subrogation" "is given a liberal application and is broad enough to include every instance in which one person, not a volunteer, pays the debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." However, this case, it is equitably subrogated to the rights of the insured against the primary tortfeasor if it settled and if its claim against the County. The doctrine of equitable subrogation is given a liberal application is broad enough to include every instance in which one person, not a volunteer, pays the debt for which another is primarily liable, which in equity and good conscience should have been discharged by the latter. Approval Inc., 865 S.W.2d at 342 (courts enter may be equitably subrogated to the rights of the insured against the primary tortfeasor to the extent of its primary subrogation. When it pays the insured's insurers, which is paid a debt for which another is primarily liable... However, the doctrine of subrogation is not applied for the mere stranger or volunteer who has paid the debt of another, without assignment or agreement for subrogation, and being under no legal obligation to make payment, and without being compelled to do so for the preservation of any rights or property of his own. First Nat. Bank of Kerrville v. O'Dell, 856 S.W.2d 410, 415 (Tex.1993) (citing Oury v. Saunders, 77 Tex. 278, 13 S.W. 1030, 1031 (1890). | Doctrine of "equitable subrogation" is given a liberal application and is broad enough to include every instance in which one person, not a volunteer, pays the debt for which another is primarily liable, which in equity and good conscience should have been discharged by the latter. | "Is equitable subrogation broadly applied to include instances in which one person pays a debt for which another is primarily liable?" | Subrogation - Memo 981 - C - GA.docx | ROSS-00328349-ROSS-00328350 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,029 |
| 1186 | Dragon v. Tishman Const. Corp. of New York, N Misc.3d 594 | 307A+3 | Either in the alternative or in addition, the challenge may assert some practical deficiency renders testimony about scientific data or specific evidence inadmissible and requests trial foundation inquiry… the weight of the evidence is a question for the trier of fact. | Absent a specific pre-trial motion in limine, in the general course, arguments concerning adherence to accepted procedures for collection, storage or analysis of scientific evidence relate to trial issues of foundation and weight of the evidence, the weight of the evidence is a question for the trier of fact. | Absent a specific pre-trial motion in limine, is the weight of the evidence a question for the trier of fact? | Pretrial Procedure - Memo #815 - C - SK.docx | ROSS-003186484-ROSS-003186484 | SA, Sub | 0.66 | 0 | | 1 | 1 | |
| 1187 | Aultman v. United Bank of Crawford, 239 Ga. 237 | 366+7(1) | Aultman follows up his first argument by asserting that even if Stockler were a surety, payment of the creditor by him was made by the surety as one primarily responsible to the payee… See Bolander v. Sheffield, 128 Ga. 111, 115, 54 S.E. 648 (1898). See also Hull v. Myers, 90 Ga. 674, 682, 16 S.E. 653 (1892). | Rule that surety who has paid debt of principal is entitled to be substituted in place of creditor as to all securities held by him for payment of debt applies whether security is real or personal property. O.C.G.A. § 10-7-57. | Is the rule that a surety who has paid the debt of a principal is entitled to be substituted in place of creditor as to all securities held by him for payment of debt applies whether security is real or personal property? | Subrogation - Memo # 691 - C - SK.docx | ROSS-003190407-ROSS-003190408 | Condensed, SA | 0.81 | 1 | 1 | | 1 | |
| 1188 | Dibble v. City of Lafayette, 713 N.E.2d 269 | 148+276(1) | This is not to say that municipalities may infringe upon the property interests of private citizens with impunity. Our providers, and today's holding, does not act to obscure or lessen a governmental entity's restrictive covenants in furtherance of a public use or purpose, that violation is a taking for which compensation must be paid… Restatement (Third) of Foreign Relations Law § 403 (1987). | Although injunctive relief may be necessary to remedy governmental interference with landowner rights for a private purpose, equitable relief for what is clearly a public purpose, as a matter of law when an action for compensation can be brought subsequent to the taking. U.S.C.A. Const.Amends. 5, 14. | Is equitable relief available where an alleged taking occurs for what is clearly a public purpose, as a matter of law when an action for compensation can be brought subsequent to the taking? | 027965.docx | LEGALEASE-00025852-LEGALEASE-00025853 | Order, SA, Sub | 0.6 | 1 | | 1 | 1 | |
| 1189 | United States v. Rosas, 1341 F.3d 1111 | 221+321 | Rosas also argues that applying the "fourth nexus" provision to his conduct would violate the international law of nations. International law imposes limits on a state's "jurisdiction to prescribe," that is, its ability to render its law applicable to persons or activities under a limited number of theories… because of their nationality…" Id. Scarlett Rogentin was a United States citizen, and there was abundant evidence that she was shown as a victim because of her nationality. This offers to support jurisdiction on the passive personality theory. | Does international law impose limits on a state's ability to exercise jurisdiction to prescribe under limited number of theories. Restatement (Third) of Foreign Relations Law § 401. | Does international law impose limits on a state's ability to exercise jurisdiction to prescribe under limited number of theories? | 020678.docx | LEGALEASE-00025997-LEGALEASE-00025998 | Condensed, SA | 0.79 | 1 | 1 | | 1 | |
| 1190 | In re Stroud Oil Properties, 110 S.W.3d 18 | 13+41 | Accordingly, a cause of action to quiet title accrues when (1) any "instrument" not needed as a foundation for claimant's recovery is sufficient to make any charge upon the land of a true owner, the invalidity of which would require proof to remove… appears to be subject to a previously executed instrument of this type. | A cause of action to quiet title accrues when: (1) any instrument not of record, casts doubt upon the land of a true owner, the invalidity of which would require proof is executed; or (2) when a person acquires title to real property which appears to be subject to a previously executed instrument of this type. | When does a cause of action to quiet title accrue? | 005563.docx | LEGALEASE-00026546-LEGALEASE-00026547 | Condensed, SA | 0.45 | 1 | 0 | | 1 | |
| 1191 | City & Cty. of San Francisco v. Mun. Court, 107 Cal. App. 3d 732 | 216+5 | The affidavits in support of the inspection warrant specified both the authorized inspection to be conducted and the statutory basis for inspection set forth therein. They also incorporated by reference the authorized program rehabilitation and its standards…pursuant to Code of Civil Procedure section 1822.50 and 1822.52. | Affidavits in support of inspection warrant pursuant to city rehabilitation assistance program, which specified authorized inspection to be conducted, cited sections and described inspection standards and which incorporated by reference resolution establishing program and city guidelines, were legally sufficient … Ann.Cal.C.P. 55.1822.50 et seq., 1822.51, 1822.52; West's Ann.Cal.Health & Safety Code 55.37910 et seq., 17912 & c.5. | Does an affidavit in support of inspection warrant provide probable cause for the issue of a search warrant? | 019694.docx | LEGALEASE-00025991-LEGALEASE-00025992 | Condensed, SA, Sub 0.2 | | 1 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote Text | Judicial Opinion Text | Memo Question | Copied Headnote | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1192 | Jones v. Conti Carrs Co., 248 Kan. 561 | 413+1165 | Having given the full circle in the event of too many legislative changes, we are back to the clear statement and no call. Bratman Constr Co. v. Schumacher, 187 Kan. 350, 162, 356 P.2d 863 (1960), which states: "Our decisions are replete that the Workmen's Compensation Act undertook to cover every phase of the right to compensation and the procedure for obtaining it, which is substantial, complete and exclusive, and we must look to the procedure of the act for the methods of its administration. Rules and methods provided by the code of civil procedure not included in the act itself are not available in determining rights thereunder." | Workers' Compensation Act undertakes to cover every phase of right to compensation and procedure for obtaining it, which is substantial, complete and exclusive, and appellate court must look to procedure of Act for methods of its administration; rules and methods provided by Code of Civil Procedure not included in Act itself are not available in determining rights thereunder. K.S.A. 44-501 et seq. | "Does the Workmen's Compensation Act (WCA) undertakes to cover every phase of the right to compensation and the procedure for obtaining it, which is substantial, complete and exclusive?" | 048593.docx | LEGALEASE-00135722-LEGALEASE-00135723 | Condensed, SA, Sub | 0.38 | | | | | |
| 1193 | Seawright v. Am. Gen. Fin. Servs., 507 F.3d 967 | 25T+184(3) | Noticeably absent from Seawright's brief is a discussion of the "knowing and voluntary waiver" requirement established by this circuit in Morrison v. Circuit City Stores, Inc., 317 F.3d 646 (6th Cir.2003) (en banc). In Morrison, the court applied "ordinary contract principles in determining whether" a binding arbitration agreement that included a waiver of a right to sue in court was valid. Id. at 668 (citing Adams v. Philip Morris, Inc., 67 F.3d 580 (6th Cir.1995)). In determining whether an employee knowingly and voluntarily waived her right, the court considers: "(1) plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances." Id. at 668. In Morrison, the court found that the plaintiff knowingly and voluntarily waived her right to sue based on the facts that she was a sophisticated, managerial employee, who was capable of understanding the EDR Program's provisions. Also, like Morrison, Seawright had ample time [to sign the agreement] and that the "nature of the right to file suit in federal court was plain." Seawright, similarly situated as a highly educated managerial employee was capable of understanding the terms of the EDR Program, would be waiving their right to sue in federal court. | In determining whether an employee knowingly and voluntarily waived the rights to sue employer pursuant to arbitration agreement, the court considers (1) employee's experience, background, and education; (2) the amount of time the employee had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver; as well as (5) the totality of the circumstances. | How do courts evaluate whether an employee has knowingly and voluntarily waived the right to sue in court? | 007737.docx | LEGALEASE-00127213-LEGALEASE-00127214 | SA, Sub | 0.73 | | | | 1 | |
| 1194 | Byers v. Labor & Indus. Review Comm'n, 208 Wis. 2d 388 | 413+2084 | The WCA provides an alternative to tort liability, making employers strictly liable for injuries encompassed within the Act, but limiting the liability to compensation established by the statute. W.S.A. 102.03. This exclusive remedy provision established by the WCA, and Wis.2d at 35 and n. 4, 513 N.W.2d 579 (quoting Guse v. A.O. Smith Corp., 260 Wis. 643, 646, 51 N.W.2d 24 (1952)). Under this compromise, employees are assured smaller but more certain recoveries than might be available in tort actions, while employers are freed from the risk of large and unpredictable damage awards. The court has recently stressed that courts must "exercise care to avoid upsetting the balance of interests" achieved by the WCA. Mulder v. Acme-Cleveland Corp., 95 Wis.2d 110, 130, 290 N.W.2d 276, 281 (1997) (citing County of La Crosse, 182 Wis.2d at 30, 513 N.W.2d 579). | Workers' Compensation Act (WCA) provides an alternative to tort liability, making employers strictly liable for injuries encompassed within the Act, but limiting liability to compensation established by statute. W.S.A. 102.03(1). | "Does the Workers Compensation Act (WCA) provide an alternative to tort liability, making employers strictly liable for injuries encompassed within the Act, but limiting liability to compensation established by statute?" | 048315.docx | LEGALEASE-00126871-LEGALEASE-00126872 | Condensed, SA, Sub | 0.72 | | | | | |
| 1195 | United States v. Hawaii Cty., 673 F. Supp. 261 | 13+45 | As a general principle, "a court cannot apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there's a statutory direction or legislative history to the contrary." Bradley v. Richmond School Dist., 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). United States v. Fresno Unified School District, 592 F.2d 1088, 1093 (9th Cir. 1979). But a court in construction of the possible meeting of an injustice center upon (a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights. Id. at 717, 94 S.Ct. at 2019. In Fresno Unified School District, the Court of Appeals for the Ninth Circuit applied the Bradley standard where the provision of an executive order issued after suit was filed could be applied retroactively to confer standing on the United States Attorney General. | Generally, a court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there's statutory direction or legislative history to the contrary. | Should a court apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary? | 000212.docx | LEGALEASE-00127176-LEGALEASE-00137377 | SA, Sub | 0.8 | | | | 1 | |
| 1196 | Longerl Lumber Co. v. Insco, 405 N.W.2d 433 | 307H+601 | If a case is to be dismissed during trial for reasons relating to its substantive legitimacy, this must be done on motion of a party, either the plaintiff or the defendant. Under subparagraph (2) of Rule 412, after plaintiff rests, the defendant may move (much like a motion for a directed verdict in a jury trial) for dismissal on the grounds that plaintiff has shown "no right to relief." If granted, this disposal is on the merits unless the court otherwise specifies. Plaintiff may seek to avoid this conclusive dismissal by showing that she has "unwittingly failed to establish submission of available evidence to prove a fact essential to recovery" and instead that the requested dismissal be without prejudice. See Eckre v. Allstate Ins. Co., 106 Wis. 11, 37, 238 N.W.2d 423 (N.D. 1976). Further, at any time during the trial, plaintiff may move under subparagraph (2) of Rule 412 for a dismissal without prejudice. Showing that some technical failure of proof, correctable if the case were to be reused, is about to defeat its otherwise meritorious claim. See Conn v. West Virginia Paper Co., 180 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947). The law fares a case being decided on their true merits. However, if a case is to be dismissed for procedural reasons in terms, it is a matter to be presented on motion to the court, which then may weigh the requested normal against any prejudice to the other litigants. | Whether dismissal without prejudice will be granted and on what terms, is matter to be presented on motion to trial court, which then must weigh requested motion given reason in adjustice to the other litigants. 48 M.S.A. Rules Civ. Proc., Rule 41.01(2) | "Is the question of whether dismissal without prejudice will be granted and on what terms a matter to be presented on motion to trial court, which then must weigh reasons given for the requested nonsuit against any prejudice to the other litigants." | Pretrial Procedure Memo # 1142 - C - TJ.docx | ROSS-003135647-ROSS-003135648 | Condensed, SA | 0.82 | | | | 1 | |

227

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1197 | Jones v. Multi-Color Corp., 413+1 108 Ohio App.3d 388 | 413+1 | Workers' Compensation Act operates as a balance of mutual compromise between the interests of employers and employees whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability. | We do not agree with appellants that the failure of R.C. 4123.01(C)(3) passes constitutional muster… | Does the Workers' Compensation Act operate as a balance of mutual compromise between the interests of employers and employees? | 048467.docx | LEGALEASE 00127338 - LEGALEASE 00127339 | SA, Sub | 0.85 | 0 | | 1 | 1 | |
| 1198 | U.S. ex rel. Krueger v. Kinsella, 137 F. Supp. 806 | 34+1 | In time of war, constitutional authority to make rules for government and regulation of land and naval forces is co-extensive with the area, and permits extending court-martial jurisdiction over certain classes of civilians. U.S.C.A. Const. art. 1, § 8. | The reason for such a broad grant of court-martial jurisdiction in time of war is obvious… | Does the constitutional authority to make rules for government and regulation of land and naval forces permit extending court-martial jurisdiction over certain classes of civilians? | 008320.docx | LEGALEASE 00128606 - LEGALEASE 00128607 | Condensed, SA, Sub | 0.72 | 0 | 1 | | | |
| 1199 | Ewan v. Hardison Law Firm, 465 S.W.3d 124 | 307A+50D | A plaintiff's right to voluntary dismissal without prejudice is subject to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Rules Civ.Proc., Rule 41(a)(1). | A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court… | Is a plaintiff's right to voluntary dismissal without prejudice subject to an implied exception which prohibits nonsuit where it would deprive the defendant of some vested right? | 039112.docx | LEGALEASE 00128355 - LEGALEASE 00128356 | SA, Sub | 0.81 | 0 | | | | 1 |
| 1200 | Fox v. Hinderliter, 222 S.W.3d 154 | 307A+50B | For a defense pleading to qualify as a claim for affirmative relief for purposes of rule that plaintiff's right to nonsuit does not prejudice right of adverse party to be heard on pending claim for affirmative relief, the pleading must allege a cause of action, independent of plaintiff's claim, on which claimant could recover benefits, compensation or relief, even though plaintiff may abandon his cause of action or fail to establish it. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | The Hinderliters argue that their notice of nonsuit was immediately effective because the only motion pending at the time, Fox's motion to dismiss, was not a claim for affirmative relief… | Should a claim for affirmative relief allege a cause of action independent of the plaintiff's claim upon which the claimant could recover compensation even if the plaintiff is unable to establish his cause of action? | 039245.docx | LEGALEASE 00128312 - LEGALEASE 00128353 | Condensed, SA, Sub | 0.17 | 0 | 1 | | | 1 |

228

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,373 | 22,876 | 9,079 |
| 1201 | Negelbauer v. Great N. Ry. Co., 92 Minn. 184 | 313+53 | This is an appeal by the plaintiff from an order of the district court of the county of Hennepin sustaining a general demurrer to his complaint. The bare material allegations of the complaint are to the effect that on January 13, 1898, Joseph Negelbauer, the testator of the plaintiff, was, while in the employ of the defendant in the state of Montana, killed by the negligence of the defendant. That the laws of the state of Montana (sections 510, 514, 578, and 579 of the Code of Civil Procedure for 1895) in force at the time of the death of the plaintiff's son provide that an action to recover damages for the death of one caused by the wrongful act or neglect of another must be commenced within three years; that a father may maintain an action for the death of a minor child, when such death is caused by the wrongful act or neglect of another, and such damages may be given as, under all the circumstances, may be just. It appears from the return that this action was commenced more than two and less than three years after the death of the minor. The question then to be decided is whether the Montana limitation of three years, or the Minnesota limitation of two years, as provided by section 5913, Gen. St. 1894, applies to the action... | Where by statute a right of action is given which did not exist at common law, and the statute giving the right also fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition upon the right, and will control, no matter in what forum the action is brought. | "Where a statute a right of action is given which did not exist at common law, does that time so fixed become a limitation or condition upon the right?" | 000193.docx | LEGALEASE 00128764-LEGALEASE 00128765 | Condensed, SA | 0.92 | 0 | | 1 | 1 | |
| 1202 | Barry & Son Iron Workers v. Ford, 310 S.C. C 353 | 307A+517.1 | Generally, the plaintiff is entitled to a voluntary non-suit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present. Brown & Son v. Prather, 391 S.C. 242, 391 S.E.2d 558 (1990). Once legal prejudice is found, the granting of a nonsuit is within the discretion of the trial court. Moore v. Berkeley County, 290 S.C. 43, 348 S.E.2d 74 (1986). Here, the reasons expressed as bases for granting the nonsuit are matters that find would have to bring his counterclaim in the county of Barry's residence. We agree that the loss of proper venue in one's county of residence ordinarily is an appreciable legal prejudice. We find no abuse of discretion in this case. We, therefore, affirm the denial of Barry's motion for a voluntary nonsuit. | Generally, plaintiff is entitled to voluntary nonsuit without prejudice as a matter of right unless legal prejudice is shown by defendant or important issues of public policy are present, (overruling or denial is within discretion of trial court. Rules Civ.Proc., Rule 41(a)(2). | Is plaintiff entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendant? | Pretrial Procedure Memo 3 1 41 - C - TI.docx | ROS5-00137661-ROS5-00187662 | Condensed, SA | 0.62 | 0 | | 0 | 1 | |
| 1203 | Atlaska Ins. Co. v. Eagle Indoor educ., 410 N.W.2d 124 | 413+6 | The rights afforded by the Workers' Compensation Act are incidents of the employer-employee relationship. Under the Act, an employee may... Norris Cruemente, 311 Minn. 341, 250 N.W.2d 161 (1976); Hagberg v. Colonial & Pacific Frigidways, Inc., 279 Minn. 396, 157 N.W.2d 33 (1968). The liability of an employer to pay compensation benefits is clearly not dependent on whether the employee does not have a cause of action against a third party, for instance where the injury, including occupational disease, arose out of and in the course of employment, regardless of anyone's negligence. Minn.Stat. 176.021, subd. 1 (1986). Furthermore, the existence of an obligation under the Workers' Compensation Act is not determined according to the common law measure of damages. E.g., Minn.Stat. 176.101, 176.102 (1986). | Liability of employer to pay compensation benefits does not depend on whether employee does or does not have cause of action against third party, for events in any event where injury, including occupational disease, arose out of and in course of employment, regardless of anyone's negligence. M.S.A. 176.021, subd. 1. | Does the liability of employer to pay workers' compensation benefits depend on whether the employee has a cause of action against a third party? | 040583.docx | LEGALEASE 00128894-LEGALEASE 00128895 | Condensed, SA | 0.63 | 0 | | 1 | 1 | |
| 1204 | Cont'l Cas. Co. v. Am. Nat'l Bank & Tr. Co. of Chicago, 329 Ill. App. 3d 686 | 172H+621 | In essence, where a drawer who owes no debt to the bank writes a check payable to the bank's order, the drawer places that check in the bank's custody with no expectation that the bank will negotiate the check according to the drawer's wishes. Therefore, a bank may not treat the check as a bearer paper and blindly disburse the proceeds according to the instructions of any individual who happens to present the check to the bank. Mutual Service Casualty Ins. v. Elizabeth State Bank, 265 F.3d 601, 627 n.126 (7th Cir. 2001). | When a drawer who owes no debt to the bank writes a check payable to the bank's order, the drawer places that check in the bank's custody with no expectation that the bank will negotiate the check according to the drawer's wishes, therefore, a bank may not treat the check as bearer paper and blindly disburse the proceeds according to the instructions of any individual who happens to present the check to the bank. | Should a check made payable to a bank be treated according to the wishes of the drawer or be treated as bearer paper? | 007067.docx | LEGALEASE 00129020-LEGALEASE 00129021 | Condensed, SA | 0.2 | 0 | | 1 | 1 | |
| 1205 | Madison Acquisition Grp. LLC v. Leheny Bonnell of Del Estate Dev., 134 A.D.3d 683 | 307A+512 | Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of its motion which was pursuant to CPLR 3217(b) to discontinue the action insofar as asserted against Hubli. "Ingeneral, absent a showing of special circumstances a motion for a discontinuance should be granted without prejudice" (American Tr. Ins. Co. v. Roberson, 114 A.D.3d 822, 831, 980 N.Y.S.2d 778). However, where, as here, the matter has been submitted to the court, "the court may not order an action discontinued except upon the stipulation of all parties or a voluntary discontinuance with respect to Bull (see Bova v. Vedejs, 51 S.C. v. Saltner, 139 A.D.3d 648, 549, 900 N.Y.S.2d 39). | In general, absent a showing of special circumstances, a motion for a discontinuance should be granted without prejudice." However, where, as here, the matter has been submitted to the court, the court may not order an action discontinued except upon the stipulation of all parties or a voluntary discontinuance with respect to Bull (see Bova v. Vedejs, McKinney's CPR 3217(b)). | "When the matter has been submitted to the court, will the court order an action discontinued except upon the stipulation of all parties appearing in the action?" | 024411.docx | LEGALEASE 00129516-LEGALEASE 00129517 | Condensed, SA | 0.63 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 21,876 | 9,029 |
| 1206 | Terry v. Howard, 546 S.W.2d 66 | 307A+560 | We recognize that it is the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding where no affirmative relief is sought by the defendant, and that a timely motion for nonsuit cannot be denied by the trial court, plaintiffs filed their motion of nonsuit on July 18, 1974, and subsequently filed an affidavit of nonsuit on August 8, 1974. Judgment dismissing the applicable defendants from this suit was entered by the court on March 4, 1975, some seven and one-half months later. This judgment does not purport to be a final judgment, and in fact the court indicated it was an interlocutory judgment in the final judgment entered on May 6, 1975. Since no order of severance and final judgment concerning the plaintiffs' litigation was entered at the time the nonsuit was granted, we must consider the judgment of nonsuit as a partial interlocutory judgment which was made final on May 6, 1975. Also, the mere filing of a motion of nonsuit cannot begin to run the court's jurisdictional time period to vacate a rendition of final judgment as required in Tex.R.Civ.P. 329b. Consequently, appellant's argument that the trial court had lost jurisdiction to adjudicate attorneys' fees in its final judgment because the order of nonsuit was final and the thirty-day jurisdictional period had elapsed must be overruled. | It is the absolute right of a party, subject only to the Rules of Civil Procedure, to take a nonsuit in a judicial proceeding where no affirmative relief is sought by a defendant? | Pretrial Procedure - Memo # 1206 - C - TM.docx | ROSS-003007714-ROSS-003007716 | Condensed, SA | 0.83 | | | | 1 | |
| 1207 | Stegmaier v. Trammell, 597 F.2d 1027 | 79+6 | Circuit Clerks, therefore, have No authority to make policy decisions with regard to employees, description of administrative and business methods, systems, forms and records used in the clerk's office or procurement and recommendation regarding physical facilities, and procurement, distribution, and assignment of equipment, books, forms, and supplies. This authority is expressly vested in the administrative director of the courts. Ala.Code §§ 12, 5-13-5 -10 (1975). The only role the Circuit Clerks play in the policy-making process for purposes of patronage determinations is ministerial the clerk's "services" are available to the administrative director of the courts. Id. s12-5-18. | Do circuit court clerks have the authority to make policy decisions? | Clerks of court - Memo 1179 - RK.docx | ROSS-003000233-ROSS-003000232 | Condensed, SA | 0.22 | | | | 1 | |
| 1208 | Dotson v. Croes, 164 So. 2d 252 | 307A+590.1 | At common law, before the enactment of the statute of 2 Hen. IV, C. 7, a plaintiff had a right to be nonsuited at any stage of the proceedings he might prefer, and this right continued until the last moment of the trial, even after the verdict was rendered, i.e., where the court involuntary nonsuits come into the one announced by the appellee to the court. But, as the statute of 2 Hen. IV, supra, the right to take a voluntary nonsuit was not absolute, and the principle of difference between a nonsuit developed under the statute, the principal difference between a nonsuit developed and voluntary and involuntary as they were designated as a voluntary, the former recognized the nonsuit was taken by the plaintiff but before. This statute recognized that if it had to be taken before the jury retired. The National Bank of City of New York v. Liston, supra, and Smith & Investment Co., 71 Fla. 469, 71 So. 540; Thousandry v. Walton, 100 Fla. 710, 131 So. 860; Seay v. Harwell, supra. The principal difference between a plaintiff's voluntary nonsuit and a court's involuntary nonsuit is in the time announced by the appellee plaintiffs herein, and after a nonsuit is to be announced by the court it must be developed under the statute, the principal difference between a nonsuit is taken voluntarily and involuntarily as they were designated as involuntary, the former recognized the nonsuit was taken by the plaintiff but before. | Is the principal difference between a voluntary nonsuit and involuntary nonsuit is that former is taken and granted in such cases as where plaintiff enters a voluntary nonsuit, while latter is prompted by adverse ruling of the court? | Pretrial Procedure - Memo # 1069 - C - SHS.docx | LEGALEASE-00020399 (LEGALEASE-00020400) | Condensed, SA | 0.9 | | | | 1 | |
| 1209 | Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150 | 228+186 | The trial court may order a continuance of a summary judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." Tex.R.Civ. P. 166a(g). When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800 (Tex.2002). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. Id.We have considered the following nonexclusive factors when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. Id. (diligence and length of time on file); Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex.1996) (materiality and purpose); Natl Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d 517, 522 (Tex.1995) (materiality); State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex.1988) (diligence). Since also Perrotta v. Farmers Ins. Exch., 47 S.W.3d 569, 576 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (using these factors to decide whether a trial court abused its discretion in denying a motion for continuance). | The following nonexclusive factors may be considered when deciding whether a trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery prior to summary judgment: length of time the case has been on file, materiality and purpose of the discovery sought, and due diligence to obtain the discovery sought? | Pretrial Procedure - Memo 639 - C - NC.docx | 02091t.docx | LEGALEASE-00150687-LEGALEASE-00150688 | Condensed, Order, SA | 0.74 | 1 | | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Memo Question | Copied Headnote | Judicial Opinion Text | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1230 | Fisher v. Perez, 947 So. 2d 648 | 389v35 | What must a party who moves for a continuance due to the unavailability of a witness show? | In addition to the requirements in Rule 1.460, a party seeking a motion for continuance must show: (1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would cause material prejudice. Vezo I S.A. REF Rule 1.460. | In addition to the requirements in rule 1.460, a party seeking a motion for continuance must show: (1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would cause material prejudice. Vezo I S.A. REF Rule 1.460. | 027007.docx | LEGALEASE 00131288-LEGALEASE 00131289 | SA, Sub | 0.02 | | | | 1 | |
| 1231 | Bonilla v. Castle, 349 N.J. 333 | 307A+331 | Is the purpose of a rule of civil procedure governing discovery to permit inspection and copying of tangible things within opposing party's custody? | Purpose of rule of civil procedure governing discovery to permit inspection and copying of tangible things within opposing party's custody upon a showing of good cause. | Purpose of rule of civil procedure governing discovery to permit inspection and copying of tangible things within opposing party's custody upon a showing of good cause. | Pretrial Procedure - Memo # 1180 - C - AP.docx | ROSS-002288132-ROSS-002288134 | Order, SA, Sub | 0.14 | | | | 1 | 1 |
| 1232 | Church of Peace v. City of Rock Island, 357 Ill. App. 3647 | 371+2901 | What is the contrast between a tax and a fee? | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amounts are determined by the cost of the improvement and the consideration of the return which such an expenditure should yield. | Taxes are an enforced proportional contribution levied by the state by virtue of its sovereignty for support of the government; in contrast, a service charge or fees are contractual in nature, either express or implied, and are compensation for the use of another's property, or of an improvement made by another, and their amounts are determined by the cost of the improvement and the consideration of the return which such an expenditure should yield. | 027845.docx | LEGALEASE 00130893-LEGALEASE 00130895 | Condensed, SA | 0.47 | | 1 | | 1 | |
| 1233 | McCain Foods USA v. Cent. Processors, 275 Kan. 1 | 307A+749.1 | Unless modified to prevent manifest injustice, will the pretrial order control the course of the action and, in an issue or claim for relief not contained in pretrial order and should it be entertained by the trial court? | Unless modified to prevent manifest injustice, the pretrial order controls the course of the action unless modified to prevent manifest injustice, an issue or claim for relief that is not contained in pretrial order and should it be entertained by the trial court? | Unless modified to prevent manifest injustice, the pretrial order controls the course of the action unless modified to prevent manifest injustice, an issue or claim for relief that is not contained in pretrial order and should it be entertained by the trial court? | 027846.docx | LEGALEASE 00132315-LEGALEASE 00132316 | Order, SA | 0.7 | | | | 1 | 1 |
| 1234 | Highlands Ins. Co. v. Cont. Oil Co., 532 So. 2d 157 | 307A+749.1 | Does a pretrial order control the subject and course of action unless modified at trial judge's discretion in determining whether to modify a pretrial order? | Does a pretrial order control the subject and course of action unless modified at trial judge's discretion in determining whether to modify a pretrial order? | Does a pretrial order control the subject and course of action unless modified at trial judge's discretion in determining whether to modify a pretrial order? | Pretrial Procedure - Memo # 2333 - C - KE.docx | ROSS-003328404-ROSS-003328470 | Condensed, SA | 0.66 | | 1 | | 1 | |
| 1235 | 2nd Roc-Jersey Assoc. v. Town of Morristown, 158 N.J. 581 | 371+2050 | What is the core of definition of special assessment that makes imposition a special assessment rather than general tax? | Core of definition of special assessment that makes imposition a special assessment rather than a general tax is not that benefit necessarily or primarily consists in physical improvements that are permanent in nature and are local in that they are adherent to or identified with a specific individual properties. | Core of definition of special assessment that makes imposition a special assessment rather than a general tax is not that benefit necessarily or primarily consists in physical improvements that are permanent in nature and are local in that they are adherent to or identified with a specific individual properties. | 046673.docx | LEGALEASE 00131620-LEGALEASE 00131621 | Condensed, SA | 0.09 | | 1 | | 1 | |
| 1236 | Silicon Valley Taxpayers Ass'n v. Santa Clara Cty. Open Space Auth., 44 Cal. 4th 431 | 268+455 | A "special assessment" is compulsory charge placed by the state upon real property within a predetermined district? | A "special assessment" is a compulsory charge placed by the state upon real property within a predetermined district is made under express legislative authority for defraying in whole or in part expense of permanent public improvement that benefits particularly and directly benefited by a local improvement to the cost of that improvement. | A "special assessment" is a compulsory charge placed by the state upon real property within a predetermined district is made under express legislative authority for defraying in whole or in part expense of permanent public improvement that benefits particularly and directly benefited by a local improvement to the cost of that improvement. | Taxation - Memo # 306 - C - CK.docx | ROSS-003301963-ROSS-003301962 | Condensed, SA, Sub | 0.6 | | 1 | | 1 | 1 |
| 1237 | People v. Mitchell, 132 Cal. App. 3d 389 | 63+1(1) | Is there complete even if there benefit was conferred or offered solely in exchange for use of a public official's efforts to influence the judgment or action of other public officers? | Crime of bribery would be complete even if there benefit was conferred or offered solely in exchange for use of a public official's efforts to influence the judgment or action of other public officers. Penal Law 1360, S.200.00. | Crime of bribery would be complete even if there benefit was conferred or offered solely in exchange for use of a public official's efforts to influence the judgment or action of other public officers. Penal Law 1360, S.200.00. | 011411.docx | LEGALEASE 00132263-LEGALEASE 00132264 | Condensed, SA, Sub | 0.44 | | 1 | | 1 | 1 |

| | | | | | | | | | | Multiple Differences | 9,029 |
| | | | | | | | | | | Selection & Arrangement | 23,876 |
| | | | | | | | | | | Substantive Additions | 14,973 |
| | | | | | | | | | | Condensed | 15,944 |
| | | | | | | | | | | Order | 839 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1218 | Sere v. Sperry v. Northside Air Conditioning & Elec Serv., 54 So. 3d 216 | 3071×517.1 | However, this case involves the circumstance of a plaintiff's notice of voluntary dismissal of an action before a summary judgment hearing and a trial court's order reinstating the lawsuit in contravention of Florida Rule of Civil Procedure 1.420(a). Generally, a notice of voluntary dismissal deprives the trial court of jurisdiction over the case… [text continues] | Generally, a notice of voluntary dismissal deprives the trial court of jurisdiction over the case, but a trial court retains jurisdiction under a rule governing relief from judgment to relieve a party from the act of finality in a narrow range of circumstances. West's F.S.A. RCP Rules 1.420(a), 1.540. | After a voluntary dismissal, does a court retain jurisdiction under a rule governing relief from judgment to relieve a party from the act of finality in a narrow range of circumstances? | 028074.docx | LEGALEASE 00131426 / LEGALEASE 00131429 | Condensed, SA, Sub 0.84 | 0.84 | 0 | | | 1 | |
| 1219 | In re Det. of J.R., 80 Wash. App. 947 | 3071×515.1 | A plaintiff, after resting his case, may move for a voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as court deems proper. CR 41(a)(2)… [text continues] | Plaintiff, after resting his case, may move for voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as court deems proper. CR 41(a)(2). | Can a plaintiff, after resting his case, move for voluntary dismissal, without prejudice, upon showing of good cause and upon such terms and conditions as court deems proper? | 028210.docx | LEGALEASE 00131205- / LEGALEASE 00131206 | Condensed, SA | 0.81 | 0 | 1 | | | |
| 1220 | Elrod v. Sunflower Meadows Dev., 322 Ga. App. 666 | 3074×86 | The movant has the initial burden of demonstrating that presentation of the merits of the action will be subserved by an order allowing withdrawal of its admissions. See ABA J.Q. Peachtree, LLC v. Broolen & McGintern, LLC… [text continues] | The movant seeking withdrawal of admissions must show that the admitted requests either were irrefutable by admissible evidence having a medium of credibility or were irreconcilable as to their face, and that its denial was not offered solely for the purpose of delay? | Should the movant seeking withdrawal of admissions show that the admitted requests either were irrefutable by admissible evidence having a medium of credibility or were irreconcilable as to their face, and that its denial was not offered solely for the purpose of delay? | 028341.docx | LEGALEASE 00131623- / LEGALEASE 00131625 | SA, Sub 0.8 | 0.8 | 0 | | | 1 | |
| 1221 | Intel Corp. v. Hamidi, 30 Cal. 4th 1342 | 38×6 | After reviewing the decisions analyzing unauthorized electronic contact with computer systems, it is evident to us that under California law the tort does not encompass, and should not be extended to encompass, an electronic communication that neither damages the recipient computer system nor impairs its functioning… [text continues] | Tort of trespass to chattels did not encompass electronic communication that neither damaged the recipient computer system nor impaired its functioning, such an electronic communication did not constitute an actionable trespass to personal property, the computer system, because it did not interfere with the possessor's use or possession of, or any other legally protected interest in, the personal property itself. | Does the tort of trespass to chattel encompass unauthorized access to a computer system that neither damages the recipient computer system nor impairs its functioning? | 047322.docx | LEGALEASE 00131358 / LEGALEASE 00131359 | Condensed, SA | 0.71 | 1 | 1 | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1222 | Jones v. Bouza, 7 Mich. App. 561 | 413+6 | "Under the workmen's compensation law, the common law theories of negligence, contributory negligence, negligence of a fellow employee, and assumption of risk, were virtually done away with in return for speedy compensation to an injured employee and practically exclusive liability under the statute of the employer." (Footnote omitted.) | Workmen's compensation law abolishes common-law theories of negligence, contributory negligence, negligence of fellow employee and assumption of risk and provides for speedy compensation to injured employee and practically exclusive liability of the employer. M.C.L.A. S 411.1 et seq. | "Did the Workmens Compensation Law abolish the common-law theories of negligence, contributory negligence, negligence of fellow employees, and the assumption of risk, as well as provide for speedy compensation to injured employees and practically exclusive liability of the employer?" | 047852.docx | LEGALEASE-00132886-LEGALEASE-00132887 | Condensed, SA, Sub | 0.16 | 0 | 1 | 1 | 1 | 1 |
| 1223 | Shapell Indus. v. Superior Court, 132 Cal. App. 4th 1101 | 102+196 | It is true that "[f]ollowing entry of a dismissal of an action by a plaintiff under Code of Civil Procedure section 581, a "trial court is without jurisdiction to act further in the action [citations] except for the limited purpose of awarding costs and statutory attorney's fees." " (Harris v. Billings (1993) 16 Cal.App.4th 1396, 1405, 20 Cal.Rptr.2d 718.) Furthermore, " "[a] voluntary dismissal of an entire action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties." (Casa de Valley View Owner's Assn. v. Stevenson (1985) 167 Cal.App.3d 1182, 1192, 213 Cal.Rptr. 790.)" (Harris v. Billings, supra, 16 Cal.App.4th at p. 1405, 20 Cal.Rptr.2d 718. See also Lohnes v. Astron Computer Products (2001) 94 Cal.App.4th 1150, 1154, 115 Cal.Rptr.2d 34. | Following entry of a dismissal of an action by a plaintiff, a trial court is without jurisdiction to act further in the action except for the limited purpose of awarding costs and statutory attorney's fees. West's Ann.Cal.C.C.P. S 581. | "Following entry of a dismissal of an action by a plaintiff, is a trial court without jurisdiction to act further in the action except for the limited purpose of awarding costs and statutory attorney's fees?" | 028259.docx | LEGALEASE-00133616-LEGALEASE-00133617 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 1224 | United States v. Terry, 707 F.3d 607 | 63+1(1) | Yet these adjectives do not add a new element to these criminal statutes but signal that the statutory requirement must be met"that the payments were made in connection with an agreement, which is to say "in return for" official actions under it. So long as a public official agrees that payments will influence an official act, that suffices. What is needed is an agreement, full stop, which can be formal or informal, written or oral. As most bribery agreements will be oral and informal, the question is one of inferences taken from what the participants say, mean and do, all matters that juries are fully equipped to assess. "[M]otives and consequences, not formalities," are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is "quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor." Evans v. United States, 504 U.S. 255, 274, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992) (Kennedy, J., concurring in part and concurring in the judgment); see also McCormick, 500 U.S. at 270, 111 S.Ct. 1807 ("It goes without saying that matters of intent are for the jury to consider."); Ring, 706 F.3d at 468 (noting that intent "distinguishes criminal corruption from commonplace political and business activities"); United States v. Wright, 665 F.3d 560, 569 (3d Cir.2012) ("We rely on the good sense of jurors ... to distinguish intent from knowledge or recklessness where the direct evidence [of a quid pro quo] is necessarily scanty."). | Motives and consequences, not formalities, are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor. 18 U.S.C.A. S 201(b)(2). | What are the keys for determining whether a public official entered into an agreement to accept a bribe? | 011235.docx | LEGALEASE-00134079-LEGALEASE-00134080 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 1225 | Sheehan v. Nw. Mut. Life Ins. Co., 44 S.W.3d 389 | 302+233.1 | Sheehan v. Nw. Mut. Life Ins. Co., 44 S.W.3d 389. | Factors that should be considered in deciding whether to allow leave to amend a petition are (1) hardship to the moving party if leave is not granted; (2) reasons for failure to include any new matter in earlier pleadings; (3) timeliness of the application; (4) the possibility of an amendment curing any inadequacy of the moving party's pleading; and (5) injustice resulting to the party opposing the motion, should it be granted. V.A.M.R. 55.33. | What are the factors that should be considered in deciding whether to grant leave to amend a pleading? | Pleading - Memo 301 - RMM.docx | ROSS-003303723-ROSS-003303724 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 1226 | Fox Run Properties v. Murray, 288 Ga. App. 568 | 307A+486 | We agree with Fox Run that the conduct of its attorneys did not warrant the trial court's denial of its motion to withdraw. This, however, is not the relevant inquiry. See Turner v. Mize, 280 Ga.App. 256, 258(1), 633 S.E.2d 641 (2006); Intersouth Properties, 199 Ga.App. at 728(1), 405 S.E.2d 764. Rather, in order to show that the presentation of the merits of this case would be subserved by the withdrawal, Fox Run was required to establish that "the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay." Whitemarsh Contractors v. Wells, 249 Ga. 194, 195, 288 S.E.2d 198 (1982); Intersouth Properties, 199 Ga.App. at 728(1), 405 S.E.2d 764. This Fox Run has failed to do. | To show that the presentation of the merits of a case would be subserved by the withdrawal of admissions resulting from a party's failure to respond to requests for admissions, party seeking withdrawal of admissions is required to establish that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility, or that the admitted requests were incredible on their face, and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay. West's Ga.Code Ann. S 9-11-36(b). | "If the burden of proof on the subject matter of the request for admission is on the requestor, is the movant required to show the admitted request?" | 028793.docx | LEGALEASE-00134639-LEGALEASE-00134640 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 1227 | Massey v. Haupt, 632 P.2d 824 | 307A+486 | When the admissions are offered into evidence they become subject to all pertinent objections to admissibility which may be interposed. In addition, pursuant to Rule 36(b), U.R.C.P., the court may permit withdrawal or amendment of the admissions when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment of the admissions would prejudice him in maintaining his action or defense on the merits. | Trial court may permit withdrawal or amendment of admissions when the presentation of the merits of the action shall be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment would prejudice him in maintaining his action or defense on the merits. Rules of Civil Procedure, Rule 36(b). | Does a trial court have discretion to permit withdrawal or amendment of admissions when presentation of merits of action will be subserved and party obtaining admissions fails to satisfy court that he will be prejudiced in maintaining his action? | 028988.docx | LEGALEASE-00134743-LEGALEASE-00134744 | Condensed, SA, Sub | 0.32 | 0 | 1 | 1 | 1 | 1 |
| 1228 | Hess v. Hess, 679 N.E.2d 153 | 307A+716 | The unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance. Koors, 530 N.E.2d at 783. However, the denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. Id. | Unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance, but denial of continuance based on withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. Trial Procedure Rule 53.5. | "Does the unexpected and untimely withdrawal of counsel necessarily entitle a party to a continuance, and is the denial of continuance based on withdrawal of counsel error if the moving party is free from fault and his rights are likely to be prejudiced by the denial?" | 029219.docx | LEGALEASE-00135157-LEGALEASE-00135158 | Condensed, SA | 0.07 | 0 | 1 | 0 | 1 | |
| 1229 | Baron v. Baron, 941 So. 2d 1233 | 307A+715 | Myers v. Siegel, 920 So.2d 1241, 1242 (Fla. 5th DCA 2006) (internal citations omitted). In addition, it is generally reversible error to refuse to grant a motion for continuance when a party or his counsel is unavailable for physical or mental reasons, which unavailability prevents fair and adequate presentation of the party's case. A.P.D. Holdings, Inc. v. Reidel, 865 So.2d 682, 683 (Fla. 4th DCA 2004); Lopez v. Lopez, 689 So.2d 1218, 1219 (Fla. 5th DCA 1997); Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991); see also Thompson v. Gen. Motors Corp., 439 So.2d 1012, 1013 (Fla. 2d DCA 1983) (holding that it was an abuse of discretion to refuse to grant continuance when attorney's illness prevented his appearance at trial). | It is generally reversible error to refuse to grant a motion for continuance when a party or his counsel is unavailable for physical or mental reasons, which unavailability prevents fair and adequate presentation of the party's case. | Is it reversible error to refuse to grant a motion for continuance where a party or his counsel is unavailable for physical or mental reasons which prevent a fair and adequate presentation of the party's case? | 029220.docx | LEGALEASE-00135117-LEGALEASE-00135118 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 0 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1230 | Progressive Life Ins. Co. v. Heppner, 93 N.W. App. 231 | 307A+716 | Postponement of trial on account of absence of counsel who is engaged for the trial of case in court of different circuit, without leave, in discretion of court, and postponement for such cause is not favored Code 1931, § 56-1-15 (4). | Postponement of trial on account of absence of counsel who is engaged for the trial of case in court of different circuit, without leave, in discretion of court, and postponement for such cause is not favored Code 1931, § 56-1-15 (4). | Does postponement of trial on account of absence of counsel who is engaged for trial of case in a court of different circuit, without leave to postpone for such cause is not favored? | Pretrial Procedure - Memo #1280 - C - KE.docx | ROSS-003102084 | Condensed, SA, Sub 0 | 0 | 0 | 1 | | 1 | |
| 1231 | Wm. T. Thompson Co. v. Gen. Nutrition Corp., 593 F. Supp. 1443 | 170A+1636.1 | This Court possesses an inherent power to sanction litigants for abusive litigation practices [...]. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) [...] Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information. While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request. Bowmar Instrument Corp. v. Texas Instruments, Inc., 25 Fed.R.Serv.2d 423 (N.D.Ind.1977); In re Agent Orange Product Liability Litigation, 506 F.Supp. 750 (E.D.N.Y.1980). | While litigant is under no duty to keep or retain every document in its possession once complaint is filed, it is under duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to discovery of admissible evidence, is reasonably likely to be requested during discovery request. | Does the law impose upon litigants a duty to preserve evidence which they know or reasonably should know is relevant in the action or is reasonably likely to be requested during discovery? | 029325.docx | LEGALEASE-00035556-LEGALEASE-00135637 | Condensed, SA 0.69 | | | 1 | 0 | 1 | |
| 1232 | Kissinger Hunter Mgmt. Corp. v. Davis, 782 S.W.2d 426 | 307A+716 | Before 1967, Missouri courts held that, where counsel is a member of the legislature, the trial court had the power to grant a continuance and that affidavits compelled trial courts to grant the requested continuance.2 State v. Thach, 355 Mo. 75, 195 S.W.2d 636 (1946); State v. Myers, 352 Mo. 735, 179 S.W.2d 72 (1944); State v. Clark, 214 Mo.App. 536, 265 S.W. 1013 (1924). The Missouri Supreme Court changed the trial court's duty in Rapp v. Kennett, 174 Mo.App. 325, 160 S.W.2d 84 (1942). In Rapp, there was concurring opinion supported by a majority of the court, held that a trial court may exercise discretion when an attorney-legislator requests a continuance pursuant to what is now § 55.201, RSMo 1986. In Rapp, at 452, 215 S.W.2d 464, 466 (1948). When an attorney-legislator is otherwise engaged, the legislator is attending a session of the general assembly, and there is that it would interfere with the legislature's presence while the legislature is attending the session of general assembly and the trial court may determine whether his presence is necessary is fair and proper trial; if it is, continuance will be granted. V.A.M.R. 65.06. | When attorney-legislator is attending session of general assembly and the trial court determine whether his presence is necessary to fair and proper trial; if it is, continuance will be granted. V.A.M.R. 65.06. | When attorney-legislator is attending session of general assembly and the trial court determine whether his presence is necessary to a fair and proper trial? | Pretrial Procedure - Memo #1549 - C - VP.docx | ROSS-003290884-ROSS-003290887 | Condensed, SA, Sub 0.83 | | | 1 | 1 | 1 | 1 |
| 1233 | Wilbeck v. Unick, 229 Neb. 184 | 307A+479 | This court has recognized and adopted the rule that a party's failure to make a timely and appropriate response to a request for admission conclusively establishes the subject matter of such request, which is conclusively established unless, on motion, the court permits withdrawal of the admission or amendment thereof. [...] Neb. 421, 232, 244 N.W.2d 50 (1984); this court construes Rule 36 to mean [...] 327-327.41 (Nixon 1978). We tolerate forename of Rule 36, which "is not analogous to a granted request within the time allotted or a properly served request for admission of facts constitutes an admission of facts sought to be elicited. Citizens omitted Valley Bank of Union County, 221 Neb. 227, 229, 375 N.W.2d 907, 909 (1985). An admission is admitted unless within the time allotted, the facts sought to be elicited are admitted and no longer subject to proof or question. See, e.g. Maddux v. Davaloo v. Edward Credit Union, 221 Neb. 227, 229, 375 N.W.2d 907 (1985) [...] Fields unequivocally established." See, further, Aetna Cas. & Surety Co. v. Nielson, 217 Neb. 297, 348 N.W.2d 851 (1984); Kroeger v. School District No. 49, 193 Neb. 137, 226 N.W.2d 280 (1975); Baraban v. DeWald, 216 Neb. 883, 345 N.W.2d 184 (1983). In Morgan v. Brodrick and Beaver [...] Paper Company, 151 F.2d 24, 28 (10th Cir. 1952), the court stated: "Rule 36 places the burden upon a party to whom requests are directed to take some affirmative action, either by response to the request or by objecting." | Party's failure to make a timely and appropriate response to request for admission conclusively establishes subject matter of request, which is conclusively established, unless, on motion, court permits withdrawal of admission. Sup.Ct.Rules, Discovery Rule 36. | Does a party's failure to make a timely and appropriate response to a request for admission conclusively constitute an admission response to a request for admission of the subject matter of the request, unless, on motion, the court permits withdrawal of the admission? | 029008.docx | LEGALEASE-00135348-LEGALEASE-00135349 | Condensed, SA 0.84 | | | 1 | | 1 | |
| 1234 | Schwarz v. Platte Valley Exterminating, 258 Neb. 841 | 307A+483 | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which is conclusively established, unless, on motion, the court permits withdrawal of the admission. [...] See Wibbels v. Unick, 229 Neb. 184, 426 N.W.2d 244 (1988). Rule 36 is not self-executing, but requires that a party claiming a request for admission by failure to respond properly to a request for admission, must move the court to determine the sufficiency of such objection to answer or object to the request and be served properly before the request for admission is conclusively established in evidence. The admission is admitted unless the party to whom the request is directed subsequently offer the request within the time allotted. See, e.g., Davaloo v. Edward Credit Union, 221 Neb. 227, 229, 375 N.W.2d 907 (1985); Beatrice v. Zink, 253 Neb. 441 (1998). Further, however, rule 36 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to properly respond to a request for admission. Nixon State Bank v. Sabatka, 226 Neb. 361, 441 N.W.2d 517 (1995). Thus, if the necessary foundational requirements are met and there is no motion to withdraw an admission, a trial court is obligated to give effect to the provisions of rule 36. | Rule governing requests for admissions is not self-executing, but requires that a party, claiming another party's admission by failure to respond, prove the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence? | "Must a party that seeks to claim another party's admission by failure to respond, prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence?" | Pretrial Procedure - Memo #3537 - C - KE.docx | ROSS-003290487-ROSS-003290488 | Condensed, SA, Sub 0.68 | | | 1 | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |
| 1235 | Jackson v. Nettleship, 302 Ga. App. 341 | 307H+485 | Jackson nonetheless asserts on appeal that there remain pending ... (See 551 (1998)) ... Abidua v. Farmer, etc., Bank, 197Ga.App. 406, 407(1); 54.2(4.b) (1981) | Matters deemed admitted, as a result of a party's failure to respond to requests for admissions, become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. § 9-11-36. | Does the matter deemed admitted become solemn admission in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion? | Pretrial Procedure - Memo #3639 - C - DE.docx | ROSS-003132112-ROSS-003133113 | SA, Sub | 0.74 | 0 | | 1 | 1 | |
| 1236 | In re Estate of Manuel, 187 Cal. App. 4th 600 | 307H+485 | Her respondent's brief on appeal. When we attempt to argue to the contrary ... (see Code of Civil Procedure section 2033.010 ... Matthew, 2019 WL ... 184 So.3d 173, 180) | Award against will contestant's attorneys in the amount of all legal fees incurred after the date of contestant's denial of requests for admission could not be upheld as a sanction for refusal to admit facts in the discovery process under Code of Civil Procedure section 2033.420, as the statute provides that trial court may order sanctions against counsel, none of the statutorily limited types of conduct enumerated because of discovery explicitly included denying a request for admission without a reasonable ground to believe the party may prevail on the matter, execute never identified any specific conduct as misuse of discovery under the statute, and the trial court never found that attorneys misused discovery or advised that the contestant did so. West's Ann.Cal. C.C.P. §§ 2023.010, 2023.020, 2033.420. | "Does a ""reasonable ground"" for denying a request for admission, as would preclude a cost of proof award, mean more than a hope or a roll of the dice?" | 029010.docx | LEGALEASE-00155661-LEGALEASE-00155663 | Condensed, SA, Sub | 0.29 | | | 1 | 1 | |
| 1237 | Bossuv, 2015-1879 (La. App. 1 Cir. 7/16/16); 2016-1646BB | 307H+485 | Furthermore, the trial court is required to allow the introduction of "all admissible evidence" when an attorney fee is claimed. La. R.S. 13:3738; Guillotte-Towne, Inc. v. ETF, 60 So.2d 1149 ... (La.App. 1 Cir 1988). The trial court has wide discretion in determining whether to award attorney fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | Does the court have wide-discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine? | 030015.docx | LEGALEASE-00136836-LEGALEASE-00136837 | SA, Sub | 0.57 | | | 1 | 1 | |
| 1238 | Hutchinson v. Montgomery Merrill Park Corp., 128 W. Va. 419 | 307H+724 | Where a motion for a continuance is made on the ground that a material witness is absent ... (see 307 3 S.E. 2) ... such of each of the 3 deposited in plaintiff's brief ... | One moving for continuance on ground that a material witness is absent must show that he has used due diligence to procure the attendance of the witness, that his testimony is material, that same facts cannot be proved by any other witness in attendance, that moved cannot safely go to trial in the absence of such witness, and that there is likelihood of procuring attendance of the witness at a future term; facts as to attendance of the witness and that his testimony is material, that same facts cannot be proved by any other witness in attendance? | "Is a motion for continuance, based on the absence of material witness, calls for a showing satisfactory to the trial court that due diligence has been exercised to procure the attendance of the witness and that his testimony is material, that same facts cannot be proved by any other witness in attendance?" | Pretrial Procedure - Memo #3977 - C - DA.docx | LEGALEASE-00200513-LEGALEASE-00200514 | Condensed, SA | 0.39 | 1 | 1 | 0 | 1 | |
| 1239 | Erie Ins. Exch. v. Jones, 236 Va. 10 | 307H+485 | Rule 4:11 provides that a trial court shall award attorney's fees and expenses to a party who is put to the necessity of proof by his opponent's failure ... (see 4:11, unless the party failing to admit had no reasonable ground to believe that he might prevail on the matter). In this case, the trial court awarded the appellee, counsel plaintiff, the sum of $1327.27 ... | Award of attorney fees and expenses to party who was put to necessity of proof by opponent's failure to admit truth of matters contained in request for admission was abuse of discretion; request for admission did not conform to necessary standards of clarity and fairness, and opponent was at risk of conceding every issue disputed point by such. | Is awarding of attorney fees and expenses to a party who was put to necessity of proof of opponent's failure to admit truth of matter contained in requests for admissions, an abuse of discretion? | Pretrial Procedure - Memo #4181 - C - VP.docx | ROSS-002289972-ROSS-002289973 | Condensed, SA, Sub D.2 | 0.55 | | | 1 | 1 | |
| 1240 | Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307H+485 | The degree to which the party making the denial has attempted ... (see R. 35) ... party had no good reason ... under 1 2036.5) West's Ann.Cal.C.C.P.§ 2036A1) | Degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved is also an appropriate factor to be weighed; for example, in at least two federal cases, trial courts have declined to award expenses where costs of proving fact in dispute was trifling, party had no good reason to anticipate a proving truth of requested admission on such party's denial. West's Ann.Cal.C.C.P. § 2034(c). | "Will the degree to which party making denial of requested admission has attempted in good faith to reach reasonable resolution of matter involved, is also appropriate factor to be weighed in determining whether such party had no good reason for denial or prima facie case for denial?" | Pretrial Procedure - Memo #4181 - C - 540.docx | ROSS-003291741-ROSS-003291742 | Condensed, SA, Sub 0.55 | 0.55 | | | 1 | 1 | |

| ROW | Judicial Opinion | WKRS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 1241 | Georgia Cas. Co. v. Campbell, 266 SW 854 | 307A=720 | We do not understand that a party to a suit, when he has notice that a judgment upon the necessity of his taking steps to such investigations is necessary to meet the new issue thus presented, and he is thereafter free to meet the necessity of taking some steps to make good his defense, obtain the probable existence of such defensive testimony. This is a question for the trial court to pass on. It certainly devolves on such party to exercise some degree of diligence in making some effort to secure the testimony he hopes to secure, and not to wait until the case is called, and then ask the trial court to grant him another term to take such steps. | When party has notice that amended pleading is to be filed injecting a new issue, he must exercise some degree of diligence to secure testimony, and not wait until case is called and then ask trial court to grant another term to take such steps. | Should a party exercise some degree of diligence in making some effort to secure the testimony, and not to wait until the case is called and ask the trial court to grant another term to take such steps? | 030827.docx | LEGALEASE 0017157 LEGALEASE 0017158 | Condensed, SA, Sub 0.66 | 0.66 | 0 | 1 | 1 | 1 | |
| 1242 | Romeos v. Wesdome Inc., 30 Misc. 3d 426 | 307A=36.1 | Plaintiffs are permitted in a personal injury action to make a physical condition which is necessary to the evidence of the action (see: Hoenig v. Westphal, supra). Accordingly, in an action seeking damages for personal injuries, discovery is generally permitted with respect to materials that may be relevant both to the issue of damages and the extent of a plaintiff's injury including a loss of enjoyment of his ... Richmond Precast Inc., 53 A.D.2d 514, 84 N.Y.2d 70 (2 Dept. 1998) ... for loss of enjoyment of his ... damages for personal injuries, records sought were material and necessary ... (Ulster Co. Dept. of Social Services Department of Hts), Vanato v. City of New York, 276 A.D.2d 789, 715 N.Y.S.2d 422 (2 Dept. 2000); Mora v. St. Vincent's Catholic Med. Ctr., 8 Misc.3d 868, 800 N.Y.S.2d 284 (Sup. Ct. 2005) | In an action seeking damages for personal injuries, discovery is generally permitted with respect to materials that may be relevant both to the issue of damages and the extent of a plaintiff's injury including a loss of enjoyment of his? | Pretrial Procedure - Memo # 4198 - C - 55.docx | LEGALEASE 0022533 - LEGALEASE 0022536 | Condensed, SA, Sub 0.71 | 0.71 | 0 | 1 | 1 | 1 | |
| 1243 | Tynan v. Two Men & a Truck, 282 Neb. 692 | 307A=474 | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission by that party of the matters contained in the request, unless, on motion, the court permits withdrawal of the admission. See City of Ashland v. Ashland Salvage, 271 Neb. 362, 711 N.W.2d 861 (2006). See, also, Crotty v. Brace, 278 Neb. 508, 771 N.W.2d 545 (2009). We have recognized that Rule 36 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a request for admission. City of Ashland v. Ashland Salvage, supra; Mason State Bank v. Sekutera, 236 Neb. 361, 461 N.W.2d 517 (1990). We have noted, however, that Rule 36 is not self-executing. Thus, a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request within the time allowed in the admission ... City of Ashland v. Ashland Salvage, supra. If the necessary foundational requirements are met and no motion is sustained to withdraw an admission, a trial court is obligated to give effect to the provisions of Rule 36 which require that the matter be deemed admitted. City of Ashland v. Ashland Salvage, supra; Schwan v. Platte Valley Exterminating, 238 Neb. 841, 466 N.W.2d 85 (2006). | Rule governing requests for admissions is not self-executing, and thus a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to request for admission; co offer the request for admission as evidence? | 014000.docx | LEGALEASE 0017347 LEGALEASE 0017348 | SA, Sub 0.72 | 0.72 | 0 | 0 | 1 | 1 | |
| 1244 | Dresser Indus. v. Sohio, 668 S.W.2d 893 | 307A=93 | It is well settled that a writ of mandamus may issue to correct a clear abuse of discretion. Jampole v. Touchy, 563 S.W.2d 216 (Tex.1978); Maresca v. Marks, 362 S.W.2d 299 (Tex.1962); Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959). In cases such as the one before us involving international parties and witnesses, the potential for abuse in the discovery process is greatly enhanced. The trial court must especially be careful to ... [1] In actual need for the requested depositions and [2] alternative means of taking the depositions. In our case, Williamson himself has filed with this court a copy of a transcribed page showing that its officers R.C. Dalgren (Germany), an employee of Dresser Europa, S.A., works in London. While in Houston on business, this deposition was taken. He states that the deposition can be planned very little, if any, information relevant to the controversy. If this deposition is an adequate of the information Williamson hopes to elicit from the foreign witness it seems to us to depose, we seriously question the need for the depositions. | In cases involving international parties and witnesses, is the potential for abuse of the discovery process is greatly enhanced so that trial court must be especially careful in allowing needful request of depositions and alternative means of taking the depositions. Is this an issue in which the trial judge must be especially sensitive? | 015333.docx | LEGALEASE 0017284 - LEGALEASE 0017285 | Condensed, SA 0.71 | 0.71 | 1 | 1 | 0 | 1 | |
| 1245 | Maddux v. Stone, 174 Md. App. 489 | 307A=747.1 | The rule requiring the entry of scheduling orders was intended to promote the efficient management of the trial court's docket and to provide additional opportunities for a court to dismiss meritorious claims for lack of strict compliance with arbitrary deadlines. In the past to achieve greater judicial efficiency through the use of case management techniques such as scheduling orders, the courts must not lose sight of their primary responsibility, to serve justice and resolve disputes in a fair and just manner. Scheduling orders are but the means to an end, not an end itself. | The rule requiring the entry of scheduling orders is intended to promote the efficient management of the trial court's docket to provide additional opportunities for a court to dismiss meritorious claims for lack of strict compliance with arbitrary deadlines. Md.Rule 2-504. | ROSS-002911282-ROSS-002911283 | Pretrial Procedure - Memo # 4246 - C - SHB.docx | SA, Sub 0.54 | 0.54 | 0 | 0 | 1 | 1 | |
| 1246 | Feldman v. Miller, 106 N.Y.S.2d 684 | 307A=91 | I am unable to find Sec. 288 language, expressed or implied, which authorizes the court to require a party to submit to an examination by the other party in advance of the trial of an action "examine and material" in the prosecution of its the examiner's defense or counterclaim". (Dubin-ow). The provision of the examination of real before any trial must be error, as I see it. The law, Sec. 288, never intended to remove a weapon which, in warfare in part, established any attempt to fraud; nor did it intend to require the examination to provide the other party with "the way out", of an inconsistent situation by a disclosure of proof for in advance of the trial for such purpose as to enable him in scope. It provides ample room for trial preparation. Let us refrain from rendering it an instrument of mischief, if not injustice. | The deposition procedure was never intended to remove a weapon which would defeat an attempted fraud, nor to require the innocent to provide the other party with the way out of an inconsistent situation by disclosure of proof for the advance of trial for such purpose as to make him thereof. Civil Practice Act, S 288. | 019915.docx | LEGALEASE 0018950 LEGALEASE 0018951 | Condensed, SA 0.63 | 0.63 | 0 | 1 | 0 | 1 | |

236

Appendix D

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 1247 | Goldsky v. Morgan, 119 A.D.3d 1044 | 307k+36.1 | We reverse. New York courts "may exercise personal jurisdiction over a non-domiciliary … where the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 71, 818 N.Y.S.2d 164, 850 N.E.2d 1140 [2006], cert. denied 549 U.S. 1095, 127 S.Ct. 832, 166 L.Ed.2d 665 [2006] [internal quotation marks and citation omitted]; see Fischbarg v. Doucet, 9 N.Y.3d 375, 380, 849 N.Y.S.2d 501, 880 N.E.2d 22 [2007]; Urfirer v. SB Builders, LLC, 95 A.D.3d 1616, 1617, 946 N.Y.S.2d 266 [2012]). With respect to the requirement of a substantial relationship, "the existence of some articulable nexus between the business transacted and the cause of action sued upon" is "[e]ssential to the maintenance of a suit against a nonresident under CPLR 302[ ] (a)[1]" (McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 419 N.E.2d 321 [1981]; see Johnson v. Ward, 4 N.Y.3d 516, 519-520, 797 N.Y.S.2d 33, 829 N.E.2d 1201 [2005]; McLenithan v. Bennington Community Health Plan, 223 A.D.2d 777, 778, 635 N.Y.S.2d 812 [1996], lv dismissed 88 N.Y.2d 1017, 649 N.Y.S.2d 387, 672 N.E.2d 609 [1996]). Although plaintiff bears the ultimate burden of proof as the party seeking to assert jurisdiction, that burden "does not entail making a prima facie showing of personal jurisdiction; rather, plaintiff need only demonstrate that it made a 'sufficient start' to warrant further discovery" (Bunkoff Gen. Contrs. v. State Auto. Mut. Ins. Co., 296 A.D.2d 699, 700, 745 N.Y.S.2d 757 [2002]) | Issue of whether long-arm jurisdiction exists often presents complex questions; discovery is, therefore, desirable, indeed may be essential, and present complex questions? | Does the issue of whether a long-arm jurisdiction exists often present complex questions? | Pretrial Procedure - Memo 6 KSG - C - PC.docx | ROSS-003291151-ROSS-003291152 | SA, Sub | 0.88 | 0 | | | 1 | |
| 1248 | Friedman v. Heart Inst. of Port St. Lucie, 863 So. 2d 189 | 307k+34.1 | Certainly, the assistance of the Florida Rules of Civil Procedure, buttressed by litigant-protecting cautious or litigious, as litigants are best-entered, where materials sought by a party appear to be relevant to the subject matter of the pending action… | While the general rule is that personal financial information is ordinarily discoverable only in aid of execution after judgment has been entered, where materials sought by a party appear to be relevant to the subject matter of the pending action, the information is fully discoverable? | 'Where materials sought by a party appear to be relevant to the subject matter of the pending action, is the information fully discoverable?' | Pretrial Procedure - Memo 4 KSK - C - Eli.docx | ROSS-003311659-ROSS-003311660 | Condensed, SA, Sub/O,B | 0.7 | 0 | | | 1 | |
| 1249 | Roman v. City of Los Angeles, 85 Cal.App.4th 316 | 228+181(7) | A general demurrer based on the statute of limitations is only permissible where the defect appears clearly and affirmatively from the face of the complaint… The proper remedy is to ascertain the factual basis of the contention through discovery and, if necessary, to file a motion for summary judgment. | If the dates establishing the running of a statute of limitations do not clearly and affirmatively appear in the complaint, is the proper factual basis of the contention that limitations has run through discovery and, if necessary, to file a motion for summary judgment. | 'Question the dates establishing the running of a statute of limitations do not clearly appear in the complaint, is the proper remedy to ascertain the factual basis of the contention that limitations has run through discovery?' | Pretrial Procedure - Memo 8 FDSP - C - SU.docx | LEGALEAS-00020067-LEGALEAS-00020068 | SA, Sub | 0.7 | 0 | | | 1 | |
| 1250 | Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | A party may withdraw a deemed admission "upon a showing of good cause … and that the party relying upon the responses … will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Is good cause a threshold standard for withdrawal of deemed admission and can a party establish good cause by showing that its failure to answer was accidental or the result of a mistake? | Pretrial Procedure - Memo SHS.docx | ROSS-003289132-ROSS-003289133 | Condensed, SA | 0.55 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1251 | Marine Midland Bank, N.A. v. Miller, 664 F.2d 899 | 170k1273.5 | Given this less onerous standard, Miller's motion should not have been granted on the basis of the record as it stood, before the district court in deciding a partial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits alone; it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. Visual Sciences, Inc. v. Integrated Communications, Inc., 660 F.2d 56 (2d Cir. 1981); Welsh v. Gibbs, 631 F.2d 436, 438-39 (6th Cir. 1980), cert. denied, "n.S.", "101 S. Ct. 1517, 67 L. Ed. 2d 813 (1981); Data Disc, Inc. v. Systems Technology Associates, 557 F.2d 1280, 1285 (9th Cir. 1977). If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials. Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such a hearing is held, a prima facie showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion. Visual Sciences, Inc. v. Integrated Communications, Inc., supra; Data Disc, Inc. v. Systems Technology Associates, supra, United States v. Montreal Trust Co., supra, 358 F.2d at 242. | In deciding a partial motion to dismiss for lack of personal jurisdiction, a district court has considerable procedural leeway and may determine motion on basis of affidavits alone or may permit discovery in aid of motion. Fed.Rules Civ.Proc. Rule 12(b)(2), 28 U.S.C.A. | Does the court have discretion to decide a partial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone? | 032760.docx | LEGALEASE 0033987-LEGALEASE 0033988 | Condensed, SA | 0.78 | | | | 1 | |
| 1252 | United States v. Foley, 73 F.3d 484 | 63+1(1) | In sum, the legislative history of "666 indicates that the value of a thing for purposes of "666(a)(1)(B) is not to be assessed by reference to any narrow perspective, or measure, of value. Rather, inquiry into the value of a thing requires reference to any broad, subjective or arbitrary, rather, assessment of the thing's value must be connected, even if only indirectly, to the integrity of federal program funds. | For purposes of statute governing theft or bribery concerning programs receiving federal funds, value of a thing is not to be assessed by reference to any narrow perspective or measure of value; rather, assessment of thing's value must be connected, even if only indirectly, to integrity of federal program funds. 18 U.S.C.A. § 666(a)(1)(B). | "For purposes of the statute governing theft or bribery concerning programs receiving federal funds, what must the assessment of a thing's value be connected to?" | 012348.docx | LEGALEASE 0014193-LEGALEASE 0014192 | Condensed, SA, Sub | 0.05 | | | 1 | 1 | |
| 1253 | Wallace v. Morgan, 23 Ind. 399 | 113+3 | To render such a custom valid to control a general principle, it should be well defined, so general and so uniform in the place by those engaged in the business to which it is applicable, and of such standing as to raise a reasonable presumption that it is known to those engaged in making shipments by such place. shipments in such place, it should be uniform, and so well settled, that persons in the trade must be considered as contracting with reference to it. It, therefore, reason of public policy, it should be customary, but in such case. And where, as in the present case, such a usage is set up so much in conflict with a general principle, we think the averment should be such as to bring the case clearly within the rule. Here there is no averment that the alleged custom is general or uniform among merchants of the class at the place of shipment, or that it has existed for any considerable period of time or is so ought that appears, it may not have been in existence at the time of the shipment in question. | To render a local custom valid to control a general principle, it should be well defined, so general and so uniform in the place by those engaged in the business to which it is applicable, and of such standing as to raise a reasonable presumption that it was known to those making shipments by such place, so uniform and well settled that persons in the trade must be considered as contracting with reference to it. | When is a custom rendered valid to control a general contract principle? | 014214.docx | LEGALEASE 0014193-LEGALEASE 0014193 | Condensed, SA | 0.57 | | | | 1 | |
| 1254 | Texaco v. R.R. Comm'n, 583 S.W.2d 307 | 260+93.50 | While it is necessary in aid of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir, that right is not unlimited. When the rule has been applied, the commission has exercised its power and charged with the duty of regulating the production of oil and gas for the prevention of waste as well as for the protection of correlative rights of the owners of interests in a given reservoir (Sec. 86.012 Tex. rev. civ. stat. Ann. 1965) (Tex.1965). While Texaco and Frost are correct that it is an elementary rule of capture that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir, this rule is qualified by both the rule of capture and the Commission's authority to prevent waste in Corzelius v. Harrell, 229 S.W.2d 619, 620 (Tex.1950), the rule of capture is, but the rule in this state recognizes the ownership of oil and gas in place, and both the landowner and lessee have the right to get his fair share, it should be considered in connection with the law of capture, which is recognized as a property right, and both rules are subject to regulation under the police power of the state. Thus, the right to a fair opportunity against confiscation under the Commission's oil and gas rules is not unlimited. | While it is necessary in aid of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir, such rule is qualified by both the rule of capture and the Commission's authority to prevent waste. | Is the rule of property that a landowner is entitled to an opportunity to produce his fair share of oil from a common reservoir, qualified by both the rule of capture and the Commission's authority to prevent waste? | 021112.docx | LEGALEASE 0048759-LEGALEASE 0048737 | Condensed, SA, Sub | 0.78 | | | 1 | 1 | |
| 1255 | BET Plastics v. Northwood, 2005 Ohio 4179, 12-162 Ohio App. 3d 650 | 307k486 | Upon reviewing the Thompson case, we find that we emphasized only the requirement of finding no "compelling" reason for withdrawal of the admission without the other party being prejudiced. We did not set out to impose a heightened standard, but instead we focused on those most heavily resolved on their merits, Civ.R. 36 enables each party to justifiably rely upon an admission and to prepare for trial without incurring any prejudice because of that reliance. Therefore, while Civ.R. 36 permits a later withdrawal of an admission, such a withdrawal should be allowed only after considering the prejudice to the other party. Against this prejudice the court must weigh the "compelling" circumstances that led to the failure to respond to the request for admissions. Balson v. Dodds (1980), 62 Ohio St.2d 287, 290, 16 O.O.3d 329, 405 N.E.2d 293.
Finally, plaintiffs argue the trial court abused its discretion by denying their motion to withdraw admission that amounts to a sanction. However, the sanction proposed by defendants' motion was a finding of contempt. The sanction that resulted in the trial court was not the imposition of a sanction and this procedure is not taken "admission of facts as to which there is no real controversy and which do not substantially affect the fairness qualifications." Reed Sand & Gravel v. Bellevue Properties, 7 Wash.App. 701, 502 P.2d 480 (1972). The trial court did not abuse its discretion under CR 37(b) because substantial evidence supported the finding of deliberate willful failure to admit, including reasonable attorney fees, is within the bounds of trial court's discretion, CR 37(c). | While the rule governing requests for admissions permits a later withdrawal of the admission, should the allowed only after considering the prejudice to the other party; against this prejudice the court should weigh the "compelling" circumstances that led to the failure to respond to the request for admissions. Rules Civ. Proc., Rule 36. | "While the rule governing requests for admissions permits a later withdrawal of the admission, should the allowed only after considering the prejudice to the other party, against this prejudice to the other party, how does the court weigh the compelling circumstances that led to the failure to respond to the request for admissions?" | 029398.docx | LEGALEASE 0040784-LEGALEASE 0040785 | Condensed, SA | 0.6 | | | 1 | 1 | |
| 1256 | Wilmore v. Sweeting, 107 Wash. 2d 888 | 307k485 | Determination of costs associated with rule providing for reasonable expenses incurred in making proof of offending party's failure to admit, including reasonable attorney fees, is within bounds of trial court's discretion. CR 37(c). | Determination of costs associated with rule providing for reasonable expenses incurred in making proof of offending party's failure to admit, including reasonable attorney fees, is within bounds of trial court's discretion. CR 37(c). | "Is determination of costs associated with rule providing for reasonable expenses incurred in making proof of offending party's failure to admit?" | 030956.docx | LEGALEASE 0041113-LEGALEASE 0041113 | Condensed, SA | 0.74 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1257 | I-CA Enterprises v. Palram Americas, 185 Cal. Rptr. 3d 24 | 307A+36.1 | I-CA also cites Kerner v. Superior Court (2012) 206 Cal.App.4th 84, 119, 141 Cal.Rptr.3d 504 (Kerner ) for the proposition that "[p]retrial discovery of a defendant's financial condition in connection with a claim for punitive damages is prohibited absent a court order permitting such discovery." This is accurate, but does not explain why I-CA did not seek such an order prior to trial. As explained in Kerner, a plaintiff who believes that there is a substantial probability that the plaintiff will prevail on its punitive damages claim must seek such a court order in order to obtain the supporting information. | A plaintiff who believes that there is a substantial probability that the plaintiff will prevail on its punitive damages claim must seek a court order permitting pretrial discovery of the defendant's financial condition in order to obtain the supporting information. Cal. Civ. Code S 3295(c). | Can a plaintiff who believes that there is a substantial probability that the plaintiff prevail on its punitive damages claim seek a court order permitting pretrial discovery of the defendant's financial condition in order to obtain the supporting information? | 031574.docx | LEGALEASE-00141126-LEGALEASE-00141127 | Condensed, SA, Sub | 0.53 | 0 | 1 | 1 | 1 | 1 |
| 1258 | In re Haley D., 2011 IL 110886 | 228+135 | Where, as here, a request to set aside a default has been made before final order or judgment has been entered in a case, section 2"1301(e) provides that the decision as to whether the default should be set aside is discretionary. 735 ILCS 5/2"1301(e) (West 2008). In exercising that discretion, courts must be mindful that entry of default is a drastic remedy that should be used only as a last resort. See Bank & Trust Co. v. Line Pilot Bungee, Inc., 323 Ill.App.3d 412, 414, 256 Ill.Dec. 770, 752 N.E.2d 650 (2001). The law prefers that controversies be determined according to the substantive rights of the parties. See Lynch v. Illinois Hospital Services, Inc., 38 Ill.App.2d 470, 475, 187 N.E.2d 330 (1963). The provisions of the Code of Civil Procedure governing relief from defaults are to be liberally construed toward that end. See Bank & Trust Co., 323 Ill.App.3d at 414"15, 256 Ill.Dec. 770, 752 N.E.2d 650. When a court is presented with a request to set aside a default under section 2"1301(e), the overriding consideration, as we have already observed, is simply whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. See In re Marriage of Jackson, 259 Ill.App.3d 538, 542, 197 Ill.Dec. 626, 631 N.E.2d 848 (1994); People ex rel. Reid v. Adkins, 48 Ill.2d 402, 406, 270 N.E.2d 841 (1971) (applying predecessor provision to section 2"1301). In making this assessment, a court should consider all events leading up to the judgment. "What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome. [Citation.]" (Internal quotation marks omitted.) Mann v. The Upjohn Co., 324 Ill.App.3d 367, 377, 257 Ill.Dec. 257, 753 N.E.2d 452 (2001). | In considering a motion to set aside the entry of a default, the court is mindful that the law prefers that controversies be determined according to the substantive rights of the parties, and the provisions of the Code of Civil Procedure governing relief from defaults are to be liberally construed toward that end. S.H.A. 735 ILCS 5/2-1301(e). | Should the controversies be determined according to the substantive rights of the parties and the Code of Civil Procedure be liberally construed toward that end? | Pretrial Procedure - Memo # 5949 - C - MS.docx | ROSS-003288130-ROSS-003288131 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 1259 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117 | 307A+554 | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. Barthule v. Karman (1994), 268 Mont. 477, 483, 886 P.2d 971, 975 (citing Stanley v. Holms (1994), 267 Mont. 316, 883 P.2d 837). This conclusion is a question of law, and we will review to determine whether the District Court's interpretation of the law is correct. Barthule, 886 P.2d at 975 (citing In re Marriage of Barnard (1994), 264 Mont. 103, 870 P.2d 91). | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | "On a motion to dismiss for lack of subject matter jurisdiction, does a district court determine whether the complaint states facts that, if true, would vest the court with the subject matter jurisdiction?" | 033396.docx | LEGALEASE-00141409-LEGALEASE-00141410 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 1260 | Estate of Lewis v. Lewis, 229 Ariz. 275 P.3d 615 | 307A+746 | Absent a showing of willfulness or something akin to it, a judgment based on "the failure of a nonresident litigant to appear for [a] pre-trial hearing, where such litigant is represented at the hearing by his attorneys of record," constitutes reversible error. Bognar v. Cleveland Quarries Co., 7 Ohio App.2d 187, 219 N.E.2d 827, 830"31 (1966). | Absent a showing of willfulness or something akin to it, a judgment based on the failure of a nonresident litigant to appear for a pre-trial hearing, where such litigant is represented at the hearing by his attorneys of record, constitutes reversible error. 16 A.R.S. Rules Civ.Proc., Rule 16(f). | "Absent a showing of willfulness or something akin to it, does a judgment based on the failure of a nonresident litigant to appear for a pre-trial hearing constitute reversible error?" | Pretrial Procedure - Memo # 6094 - C - SKG.docx | ROSS-003289761-ROSS-003289762 | SA, Sub | 0.14 | 0 | 0 | 1 | 1 | |
| 1261 | Brandt v. Brandt, 119 R.I. 607 | 307A+723.1 | It is well settled that the power to continue is inherent in the authority of a court to hear and determine the cases before it. See Lemoine v. Martineau, 115 R.I. 233, 238, 342 A.2d 616, 620 (1975). A court may grant or deny a motion properly before it or, absent statutory provisions to the contrary, may sua sponte order a continuance when it is, in the eyes of the court, necessary. Waite v. State, 169 Neb. 113, 119, 98 N.W.2d 688, 692 (1959); Fleming v. Jarrett, 102 A.2d 303, 304 (D.C.Mun.App. 1954); Foster v. Redfield, 50 Vt. 285, 292 (1877). | Power to continue is inherent in authority of court to hear and determine cases before it, and court may grant or deny motion properly before it or, absent statutory provisions to contrary, may sua sponte order continuance when it is, in eyes of court, necessary. Gen.Laws 1956, SS 8-10-38, 15-11-1, 15-11-2. | "Is the power to continue inherent in authority of a court to hear and determine cases before it, and a court may grant or deny a motion properly before it?" | 030642.docx | LEGALEASE-00142951-LEGALEASE-00142952 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 1262 | Pac. Exp. Co. v. Needham, 37 Tex. Civ. App. 129 | 307A+723.1 | Under Rev.St.1895, art. 1277, providing that, on the first application for a continuance on the ground of want of testimony, the applicant shall make affidavit that such testimony is material and that he has used due diligence, an application for continuance is properly refused where it fails to state the use of due diligence to procure the required testimony.Appellant's third assignment of error complains of the action of the court below in overruling its first application for a continuance. In this there was no error, because the application did not comply with the statutory requirements, in that it failed to state that appellant had used due diligence to procure the testimony of the absent witnesses. | Under Rev.St.1895, art. 1277, providing that, on the first application for a continuance on the ground of want of testimony, the applicant shall make affidavit that such testimony is material and that he has used due diligence, an application for continuance is properly refused where it fails to state the use of due diligence to procure the required testimony. | Is an application for continuance properly refused where it fails to state the use of due diligence to procure the required testimony? | 030660.docx | LEGALEASE-00142796-LEGALEASE-00142797 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 1263 | Bloxham v. Saldinger, 175 Cal. Rptr. 3d 650 | 307A+477.1 | A party to an action may not necessarily avoid responding to a request for admission on the ground that the request calls for expert opinion and the party does not know the answer. (See Chodos v. Superior Court for Los Angeles County (1963) 215 Cal.App.2d 318, 322"323, 30 Cal.Rptr. 303 [defendants claimed request for admission "call[ed] for an expert opinion as to engineering practice" and, "as lay property owners," they could not express an opinion].) "[S]ince requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge. (Lindgren v. Superior Court (1965) 237 Cal.App.2d 743, 746 [47 Cal.Rptr. 298]; Chodos v. Superior Court (1963) 215 Cal.App.2d 318, 323 [30 Cal.Rptr. 303])" (Smith v. Circle P Ranch Co. (1978) 87 Cal.App.3d 267, 273, 150 Cal.Rptr. 828.). | Since requests for admissions are not limited to matters within personal knowledge of the responding party, that party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge. Cal. Civ. Proc. Code S 2033.220(c). | "Since requests for admissions are not limited to matters within personal knowledge of the responding party, does the party has a duty to make a reasonable investigation of the facts before answering items which do not fall within his personal knowledge?" | 030672.docx | LEGALEASE-00142873-LEGALEASE-00142874 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order 839 | Condensed 15,344 | Substantive Additions 14,873 | Selection & Arrangement 23,876 | Multiple Differences 9,029 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1264 | In re Petition to Annex Approximately 8.94 Acres of Real Estate into City of Jeffersonville, 891 N.E.2d 157 | 307A+554 | "Jurisdiction over the case" refers to various procedural prerequisites to the exercise of subject matter jurisdiction. Packard v. Shoopman, 852 N.E.2d 927, 930 (Ind.2006). The issue of a party's failure to satisfy such prerequisites properly raised by means of a motion under Ind. Trial Rule 12(B)(1) for lack of jurisdiction or 12(B)(6) for failure to state a claim, depending on whether the claimed defect is apparent on the face of the complaint. See id. at 930*931 (quoting Wayne County Property Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove # 29, 847 N.E.2d 924, 926 n.3 (Ind.2006)). Thus, the City properly raised the issue by way of a motion to dismiss. | The issue of a party's failure to satisfy such procedural prerequisites to the exercise of subject matter jurisdiction is properly raised by means of a motion to dismiss for lack of jurisdiction or for failure to state a claim, depending on whether the claimed defect is apparent on the face of the complaint. Trial Procedure Rule 12(B)(1), (6). | By what means is the issue of a party's failure to satisfy procedural prerequisites to exercise of subject matter jurisdiction properly raised? | 05369.docx | LEGALEASE-00182075-LEGALEASE-00182076 | Condensed, SA, Sub | 0.52 | 1 | | | 1 | 1 |
| 1265 | Verplaigh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | The purpose of Rule 103(b), and a primary reason for its passage, is the "obtaining service of process, and a primary reason for its passage, is the prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitation has run." *** "[p]revention of an unnecessary delay in the service of summons, which would avoid postpone service for an indefinite time after a statutory period of limitation has run. See v. [Sta]bile, 361 N.E.2d 1311, 1314 (Ill. 1977)." | The purpose of Rule 103(b), and a primary reason for its passage, is the prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run. | Is the primary reason for the passage of Rule 103(b) the prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run? | 03756.docx | LEGALEASE-00142497-LEGALEASE-00142498 | SA, Sub | 0.75 | | | 1 | 1 | |
| 1266 | U.S. Bank Nat. Assn. v. Martinez, 185 So. 3d 107 | 307A+746 | Because dismissal of an action is the harshest of all sanctions, the trial court must explicitly find that the party's actions is fairing to attend a properly noticed case management conference, the court may "dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." However, the sanction must be commensurate with the offense. Drakeford v. Barnett Bank of Tampa, 694 So.2d 822, 826 (Fla. 1997). Because dismissal of an action is the harshest of all sanctions, "the trial court must explicitly find that the party's actions were willful, flagrant, deliberate, or otherwise aggravated. Perkins v. Jacksonville Police, A. v. KMA Enters., Inc., 135 So.3d 1064, 1068 (Fla. 3d DCA 2013); Ham v. Dunmire, Inc., 891 So.2d 1241, 1263 (Fla. 2d DCA 2005). In the instant case, no such findings were made. Additionally, the Bank's motion set forth prima facie grounds to set aside the dismissal. Because dismissal of an action is the harshest of all sanctions, the trial court may, and often should, appear at hearing due to inadvertent secretarial error amounted to excusable neglect under Florida Rule of Civil Procedure 1.540(b). Accordingly, it was error for the trial court to summarily deny the Bank's motion. | Because dismissal of an action is the harshest of all sanctions, the trial court must explicitly find that the party fails to attend a properly noticed case management conference, the court may "dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." However, the sanction must be commensurate with the offense. Fla. R. Civ. P. 1.200(b). | "Should the trial court explicitly find that the party's actions in failing to attend a properly noticed case management conference were willful, flagrant, deliberate, or otherwise aggravated before it dismissal of an action would be the harshest of all sanctions?" | 03783.docx | LEGALEASE-00142356-LEGALEASE-00142357 | Condensed, SA | 0.79 | | 1 | | 1 | |
| 1267 | McNaberts v. Bridgestone Americas Holding, 366 Ill. App. 3d 1039 | 307A+560 | In other words, the trial court's determination of a plaintiff's lack of diligence "is determined under an objective standard, requiring some Holcke, 153 F.3d at 924. Furthermore, there is no set time limit during which service must be effected, and each situation dictates what is reasonable under the facts and circumstances of the case. When ruling on a defendant's motion to dismiss must be "based on the facts and circumstances in each particular case." Marco v. Ausburn Dr. Domerthy, Inc., 266 Ill App.3d 1042, 241 F.3d 839 (Ill. 1st Dist 1994). | For purposes of motion to dismiss for a failure to act with reasonable diligence in obtaining service of process, since to defendant, an objective determination on whether a plaintiff was duly diligent in affecting the service of process is based, not only on specific facts, the trial court's determination of a plaintiff's lack of diligence is a fact intensive inquiry suited to balancing." | To the trial court's determination of a plaintiff's lack of diligence in obtaining service of process, since to warrant dismissal, an objective one and a fact intensive inquiry suited to balancing? | 03895.docx | LEGALEASE-00142366-LEGALEASE-00142367 | Condensed, SA, Sub 0.02 | | | 1 | 1 | |
| 1268 | Laskus v. Meixer, 384 Ill. 71 | 302+419(1) | All instruments are in favor of the sufficiency of a complaint which is not questioned until after verdict. Cornett v. Winget, 374 Ill. 531, 3074.2.d 11, 14 (Ill. 1940). A verdict will cure not only all formal and purely technical defects, but will also cure any defect in failing to allege or in alleging defectively any substantial facts essential to be alleged and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively any substantial facts essential to be alleged in the complaint, provided the facts so omitted or imperfectly stated, and if such facts can be implied from allegations in the complaint by fair and reasonable intendment. 4 Am.Jur. 575, sec. 407; Miller v. Krings Co. 868 Ill. 104, 174 NE. 381; Walters v. City of Ottawa, 240 Ill. 259, 88 N.E. 651; Sargent v. G. v. Jacobs, 232 Ill 428, 74 N.E. 455. | A verdict will cure all formal and purely technical defects in a complaint, but will also cure any defect in failing to allege or in alleging defectively any substantial facts essential to be alleged in the complaint, provided the facts so omitted or imperfectly stated, and if such facts can be implied from allegations of complaint by fair and reasonable intendment. | Will a verdict cure technical defects in a complaint? | 03512.docx | LEGALEASE-00140864-LEGALEASE-00140865 | Condensed, SA | 0.46 | | 1 | | 1 | |

240

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1269 | Cuozzo v. Town of Orange, 315 Conn. 606 | 307A+678 | "Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. Gordon v. H.N.S. Management Co., 272 Conn. 81, 92, 861 A.2d 1160 (2004) (when issues of fact are necessary to the determination of a court's jurisdiction due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses); Schaghticoke Tribal Nation v. Harrison, 264 Conn. 829, 833, 826 A.2d 1102 (2003) (same). Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Lampasona v. Jacobs, 209 Conn. 724, 728, 553 A.2d 175 (1989) (in some cases it is necessary to examine the facts of the case to determine whether it is within a general class that the court has power to hear), cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989)." (Citations omitted; emphasis added; internal quotation marks omitted.) Dorry v. Garden, supra, 313 Conn. at 522"24, 98 A.3d 55. "When the jurisdictional facts are intertwined with the merits of the case, the court may in its discretion choose to postpone resolution of the jurisdictional question until the parties complete further discovery or, if necessary, a full trial on the merits has occurred." Conboy v. State, supra, 292 Conn. at 653 n. 16, 974 A.2d 669. In that situation, "an evidentiary hearing is necessary because a court cannot make a critical factual jurisdictional finding based on memoranda and documents submitted by the parties." (Internal quotation marks omitted.) Id., at 653"54, 974 A.2d 669. | When the jurisdictional facts are intertwined with the merits of the case, the court may in its discretion choose to postpone resolution of a jurisdictional question brought pursuant to a motion to dismiss until the parties complete further discoveryor, if necessary, a full trial on the merits has occurred; in that situation, an evidentiary hearing is necessary because a court cannot make a critical factual jurisdictional finding based on memoranda and documents submitted by the parties. Pra ctice Book 1998, S 10-30. | "When the jurisdictional facts are intertwined with the merits of the case, can the court in its discretion choose to postpone resolution of a jurisdictional question brought pursuant to a motion to dismiss until the parties complete further discovery?" | 032675.docx | LEGALEASE-00144321-LEGALEASE-00144322 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1270 | Kenny v. Banks, 289 Conn. 529 | 307A+554 | "[A] challenge to the jurisdiction of the court presents a question of law over which our review is plenary." Ryan v. Cerullo, 282 Conn. 109, 118, 918 A.2d 867 (2007). "When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant.The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process.... Thus, based on the facts in the record, this court must determine: first, whether " [46b"212d] properly applies to the defendant; and, second, if the statutory threshold is met, whether the defendant has the requisite minimum contacts with this state sufficient to satisfy constitutional due process concerns." (Citations omitted; internal quotation marks omitted.) Cogswell v. American Transit Ins. Co., 282 Conn. 505, 514"15, 923 A.2d 638 (2007). | When a defendant challenges personal jurisdiction in a motion to dismiss, the court must undertake a two-part inquiry to determine the propriety of its exercising such jurisdiction over the defendant; trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant, and if the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. U.S.C.A. Const.Amend. 14. | "When a defendant challenges personal jurisdiction in a motion to dismiss, do the court undertake a two part inquiry to determine the propriety of its exercising such jurisdiction over the defendant?" | 033049.docx | LEGALEASE-00143860-LEGALEASE-00143861 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 1271 | Wilson v. McNeely, 302 Ga. App. 213 | 307A+746 | In Ambler v. Archer, 230 Ga. 281, 288-290, 196 S.E.2d 858 (1973), the Supreme Court addressed "what sanctions should attach to disobedience of the order of the court directing the parties to agree on a pre-trial order, or upon the failure of counsel to attend a pre-trial conference previously set by order of the court, and participate in the making of the pre-trial order which was finally entered." Id. at 288-289, 196 S.E.2d 858. After recognizing that the trial court must have the power "to impose appropriate sanctions to make effective its pre-trial orders," the Supreme Court noted that " "[c]ontempt may at times be proper; and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, but these remedies are too drastic if less harsh sanctions are appropriate." " (Emphasis supplied.) Id. at 289, 196 S.E.2d 858. | The trial court must have the power to impose appropriate sanctions to make effective its pre-trial orders; contempt may at times be proper, whereas, in an extreme case, the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, although these remedies are too drastic if less harsh sanctions are appropriate. | Can contempt be proper as a sanction for a violation of a trial court's pretrial order? | Pretrial Procedure - Memo # 5809 - C - SB.docx | ROSS-003288984-ROSS-003288985 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 1272 | Carman-Crothers v. Brynda, 2014 IL App (1st) 130280 | 307A+685 | When moving for dismissal pursuant to Rule 103(b), a defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. Emrikson, 2012 IL App (1st) 111687, 365 Ill.Dec. 66, 977 N.E.2d 1165. The trial court evaluates whether the defendant has made this showing on a case-by-case basis. Kole v. Brubaker, 325 Ill.App.3d 944, 949, 259 Ill.Dec. 649, 759 N.E.2d 129 (2001). Once the defendant shows that the length of time between the filing of the complaint and the date of service suggests a lack of diligence, the burden shifts to the plaintiff to provide a reasonable explanation for the delay. Emrikson, 2012 IL App (1st) 111687, 365 Ill.Dec. 66, 977 N.E.2d 1165. To meet this burden, the plaintiff must present an affidavit or other evidentiary materials which show that the delay in service was reasonable and justified under the circumstances. Kole, 325 Ill.App.3d at 949"50, 259 Ill.Dec. 649, 759 N.E.2d 129. If the plaintiff fails to provide a reasonable explanation for the delay, the court may dismiss the action against the defendant pursuant to Rule 103(b). Emrikson, 2012 IL App (1st) 111687, 365 Ill.Dec. 66, 977 N.E.2d 1165. | To meet the burden of providing a reasonable explanation for the delay in effectuating service, in order to avoid dismissal for failure to exercise reasonable diligence in obtaining service on a defendant, the plaintiff must present an affidavit or other evidentiary materials which show that the delay in service was reasonable and justified under the circumstances. Sup.Ct.Rules, Rule 103(b). | "To meet the burden of providing a reasonable explanation for the delay in effectuating service, must the plaintiff present an affidavit or other evidentiary materials which show that the delay in service was reasonable and justified under the circumstances?" | 033602.docx | LEGALEASE-00143834-LEGALEASE-00143835 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1273 | McRoberts v. Bridgestone Americas Holding, 365 Ill. App. 3d 1039 | 313+63 | There is no set time limit during which service must be effected, and each decision on motion to dismiss for a failure to act with reasonable diligence in effecting the service of process must be based on the facts and circumstances in each particular case. | Although the Illinois Supreme Court has explained that a dismissal under Rule 103(b) is within the sound discretion of the circuit court, the standard the trial court is to apply when determining whether a plaintiff was duly diligent in effecting the service of process is an objective one, and in each case a ruling on its own specific facts. Segal v. Sacco, 136 Ill.2d 282, 286, 144 Ill.Dec. 360, 555 N.E.2d 719, 721 (1990); Womick v. Jackson County Nursing Home, 137 Ill.2d 371, 381, 148 Ill.Dec. 719, 561 N.E.2d 25, 29 (1990); Mayhew Electric, Inc. v. Mabb & Hurlce, 297 Ill.App.3d 936, 940, 232 Ill.Dec. 143, 697 N.E.2d 693, 696 (1998). Unlike a motion under s. 725, 1145, 524 ILCS 5/2-1009... In other words, the trial court's determination of a plaintiff's lack of diligence "is a fact-intensive inquiry suited to balancing, not bright lines." Hinkle, 135 F.3d 524, 524. Furthermore, there is no set time limit during which service must be effected, and each decision on a Rule 103(b) motion to dismiss must be "based on the facts and circumstances in each particular case." Matrix v. Rushom'v Donnelley, Inc., 268 Ill.App.3d 50 542, 207 Ill.Dec. 393, 616 N.E.2d 825, 829 (1994). | "Is there no set time limit during which service must be effected, and each decision on motion to dismiss for a failure to act with reasonable diligence in effecting the service of process must be based on the facts and circumstances in each particular case?" | 03364.docx | 101424-SE-00146049-101424-SE-00146050 | Condensed, SA, Sub 0.76 | | 0 | 1 | 1 | 1 | 1 |
| 1274 | Acme v. John, 254 P.3d 1034 | 307A+583 | Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Rules Civ Proc, Rules 17, 41(b) | In addition, we have long held that before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Here, the superior court did inform Acme that if he did not respond to J.C.'s motion that the jury picked and if it was set up showing or, it will end up having to dismiss your case. In August the superior court's December 19 warning, the court dismissed the case before trial, without determining that Acme's evidence was insufficient to prove any of his claims, and Acme did never squarely given the choice of cure or have his complaint dismissed. If Acme's complaint was dismissed on the basis of his alleged failure to comply with court orders, it was an abuse of discretion. | "Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, must a court give the litigant notice and an adequate opportunity to cure?" | Pretrial Procedure – Memo # 4734 - C - ES.docx | ROSS-003288444-ROSS-003288447 | Condensed, SA, Sub 0.7 | | 1 | 1 | 1 | 1 | 1 |
| 1275 | Chappelle v. S. Florida Guardianship Program, 169 So. 3d 291 | 307A+641 | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf, 629 So.2d 817, and set forth explicit findings of fact in the order that imposes the sanction of dismissal. | Before a court may dismiss a cause as a sanction, it must first consider the six factors delineated in Kozel v. Ostendorf, 629 So.2d 817, and set forth explicit findings of fact in the order that imposes the sanction of dismissal. Therefore in Kozel the Supreme Court omitted. Those factors are whether: 1. the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2. the attorney has been previously sanctioned; 3. the client was personally involved in the act of disobedience; 4. the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5. the attorney offered reasonable justification for noncompliance; and 6. the delay created significant problems of judicial administration 629 So.2d at 818. | "Before a court may dismiss a cause as a sanction, must it first consider the appropriate factors and set forth explicit findings of fact in the order that imposes the sanction of dismissal?" | Pretrial Procedure – Memo # 3142 - C - TM.docx | ROSS-003328924-ROSS-003328927 | Condensed, SA, Sub 0.7 | | 1 | 1 | 1 | 1 | 1 |
| 1276 | Smith v. Sidney Memorial Pontiac, Buick, GMC Co., 313 Ark. 701 | 307A+560 | Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, it is also mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made. Ark. R. Civ. P. 4(i) (2003); Lyons v. Forrest City Machine Works, Inc., 301 Ark. 559, 785 S.W.2d 220 (1990) (where (finding service of process not proper under rule 4(d)(1) and dismissal mandatory under Rule 4(i) where summons addressed to F.C. Machine Works and not showing named F.C. Machine works were not served at the person named therein as defendant)'); see also Raymond v. Raymond, 343 Ark. 480, 36 S.W.3d 733, 412 (1990); Lawson v. Edmondson, 302 Ark. 46, 786 S.W.2d 823 (1990). | "Is it mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of filing the complaint and no motion to extend is timely made?" | Pretrial Procedure – Memo # 4771 - C - ES.docx | ROSS-003328135-ROSS-003328136 | Order, SA | 0.73 | 1 | 0 | 0 | 1 | 1 |
| 1277 | Smith v. Sidney Memorial Pontiac, Buick, GMC Co., 313 Ark. 701 | 307A+560 | Under the rule of civil procedure governing dismissals, a second dismissal based on failure to serve valid process shall be made with prejudice where a plaintiff has previously taken a voluntary nonsuit. Rules Civ.Pro, Rule 4(I)(1). | Under Rule 4(i)(B), a second dismissal based on failure to serve valid process shall be made with prejudice where the plaintiff has previously taken a voluntary dismissal. Rules 41(a) Civ-Proc., Rule 4(I)(B). (holding that Rule 4(i) applies when there is a failure to obtain proper service and the previous nonsuit situation where there has been more than one dismissal, whether voluntary or involuntary. Id. In contrast, the second operative statute states that the plaintiff may commence a new action within one year after suffering a nonsuit. Ark Code Ann. * 16-56-126 (1987). | "Under the rule of civil procedure governing dismissals, shall a second dismissal based on failure to serve valid process that be made with prejudice where the plaintiff has previously taken a voluntary nonsuit?" | Pretrial Procedure – Memo # 545_5778.docx | ROSS-003302835-ROSS-003302836 | Condensed, SA, Sub 0.62 | | 1 | 1 | 1 | 1 | 1 |
| 1278 | In re Idm's Estate, 345 So. 3d 1099 | 307A+563 | Although a trial court has the inherent power to impose the sanction of dismissal as a sanction and disciplinary measure, access to the courts for any reason other than the willful abuse of the processes of the court. | Although a trial court has the inherent power to impose the sanction of dismissal as a sanction and disciplinary measure, access to the courts for any reason other than the willful abuse of the processes of the court. Railwalt v. Cappiali, 371 So.2d 581 (Fla.3d DCA 1985). Dismissal of an action with prejudice is a drastic punishment which should not be imposed unless the actions of the party show a deliberate and contumacious disregard for the court's authority. Jdeine v. Patterson, 228 So.2d 630 (Fla.3d DCA 1969). | "Although a trial court has the inherent power to impose the sanction of dismissal as a sanction and disciplinary measure, does the law allow denial of access to the courts for any reason?" | Pretrial Procedure – Memo # 565_5778.docx | ROSS-003221564-ROSS-003287547 | Condensed, SA | 0.56 | | | | 0 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,564 | 14,873 | 21,876 | 9,073 |
| 1279 | McNamara Realty v. Hutchinson, 54 Misc. 2d 810 | 401+5.1 | Whole CPLR 507 provides that the place of trial of an action in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated. In the case of contract action to recover damages for breach of contract for payment of real estate commission, although that contract is, for it, an option and in the realty; Craig v. Clifton Springs Country Club, 24 A.D.2d 953, 274 N.Y.S.2d 455; Greco v. Breakdown, 147 A.D.2d 827, 274 N.Y.S.2d 457 ... (citations) ... 507.01.) | Venue statute providing that place of trial of an action in which judgment demanded would affect title to, or possession, use or enjoyment of, real property shall be in county in which any part of the subject of the action is situated does not apply to contract action for breach of contract for payment of real estate commission, although that contract relates to real property, for in such case the judgment which plaintiff seeks is simple money judgment which does not "affect" title to real property. CPLR 505(b, c), 507, 510, Rule 511. | Does the venue statute apply to an action of law to recover damages for a breach of contract for payment of real estate commission? | Venue - Memo 163 - TR.docx | ROSS-003189863-ROSS-003189862 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 1280 | McGee v. Macomba Lounge, 158 Mich. App. 282 | 307+746 | Provisions of court rule providing that failure to appear for duly scheduled pretrial conference shall constitute default were sufficiently general to permit default for failure to appear at a settlement conference, where party was properly ordered to appear at settlement conference. ... The provision of GCR 1963, 301.9 were sufficiently general to permit default for nonappearance of an insurance representative who was properly ordered to appear at a settlement conference. The default provision of MCR 2.401(I) and MCR 2.506(F) are specifically limited to the failure of a party or a party's attorney to attend a conference as ordered by the court. It is possible that the drafters of the new Michigan Court Rules were concerned about the harshness of a default sanction imposed against a party for the failure or refusal of an insurance carrier, whose action is not within the direct control of an insured party, and whose interests might, as in this case, be adverse to the interests of the named party. | Provisions of court rule providing that failure to appear for duly scheduled pretrial conference shall constitute default were sufficiently general to permit default for nonappearance of insurance representative who was properly ordered to appear at settlement conference. GCR 1963, 301.9. | Shall provisions of court rule providing that failure to appear for duly scheduled pretrial conference constitute default? | 034349.docx | LEGALEASE-00145955-LEGALEASE-00145956 | Condensed, Order, O.71 SA, Sub | 0.73 | | 1 | | 1 | |
| 1281 | Tobacco Superstore v. Darrough, 362 Ark. 103 | 307+4590 | Pursuant to Rule 4(i) of the Rules of Civil Procedure, it is also mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made. Ark. R. Civ. P. 4(i); Smith, supra; Lyons v. Forrest City Machine Works, Inc., 301 Ark. 559, 785 S.W.2d 220 (1990). The court in Smith held that the trial court properly dismissed plaintiff's complaint where it was undisputed that summons was served pursuant to Rule 4(i). | It is mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made. | Is it mandatory for the trial court to dismiss the action without prejudice if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made? | 034702.docx | LEGALEASE-00145585-LEGALEASE-00145586 | Dicter, SA | 0.59 | | 1 | | 0 | |
| 1282 | Hill v. Caparino, 370 S.W.2d 760 | 307+4963 | Nothing in the facts presented by the record indicates that appellant was deprived of a full eleven days in which to file her sworn answer to the request for admissions, thus deprived of the benefit of the full 11 days in which to file her sworn answer. In support of this contention, that motions, it is presumed that evidence was presented which supported his action in finding that the answer was filed late. In the absence of a motion to amend the order decreeing that the Request for Admissions had been Answered and would be deemed answered affirmatively, deemed O'Connor v. City of Dallas, Tex.Civ.App., 337 S.W.2d 741, err. dism.; Burnette v. Frett, Tex.Civ.App., 344 S.W.2d 618, err. n. r. e.; Longoria v. Violet, Tex.Civ.App., 359 S.W.2d 484, ref. n. r. e. | In absence of a motion to permit a late filing of an answer to a request for admissions, there can be no complaint of action of trial court in entering order decreeing that Request for Admissions of defendant be deemed answered affirmatively, Rules of Civil Procedure, rule 105. | To absence of a motion to permit a late filing of answer, can admissions, there can be no complaint of action of trial court in entering order decreeing that a request for admissions be deemed admitted? | Pretrial Procedure - Memo 8 6971 - C - R.docx | ROSS-003189993-ROSS-003189997 | Condensed, SA, Sub O.64 | 0.64 | | 1 | 1 | 1 | |
| 1283 | Garcia v. Mireles, 14 S.W.3d 839 | 302+1152 | The trial court's authority to dismiss a case for want of prosecution arises from two sources: (1) TRCP 165a, and (2) the court's inherent power. Villarreal, 994 S.W.2d at 630. TRCP 165a(1) expressly authorizes dismissal of a case for failure of a party seeking affirmative relief to appear for any hearing or trial of which the party had notice, and TRCP 165a(2) expressly authorizes dismissal when a case is not disposed of within the time standards promulgated by the Texas Supreme Court. Id. Independent of rules, a court also has the inherent power to dismiss when a plaintiff fails to prosecute his or her case with due diligence. Id. The court may exercise its discretion under TRCP 165a, the trial court may dismiss a case under the common law to dismiss a case when the plaintiff fails to prosecute his case with due diligence. Id. but based on the trial court's authority is independent and cumulative of the other bases. See TRCP 165a(4), Veterans' Land Bd., 543 S.W.2d at 95. Sanctions for failure to obey pre-trial must identify the appropriate rule on which dismissal is based. See TRCP case. Nabours, 796 S.W.2d of 700704 n. 1. The conclusion that disobedience of its order was willful or conscious indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. | Conclusion that disobedience of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. | Is the conclusion that disobedience of its order was willful or consciously indifferent a sufficient basis for the trial court to impose the ultimate sanction of dismissing the case? | 034816.docx | LEGALEASE-00145909-LEGALEASE-00145910 | Condensed, SA | 0.87 | | 1 | | 1 | |

243

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1284 | Procter v. Pope, 233 F.R.D. 325 | 170H+1278 | Rule 37 grants district court's "broad power" to impose sanctions, including dismissal, on parties who fail to comply with court orders. Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances. … | Although dismissal as a sanction for failure to comply with court-ordered discovery is a drastic remedy that should be imposed only in extreme circumstances, this severe sanction may well be warranted, even in the case of pro se litigants, when "due to willfulness or bad faith, they fail to comply with discovery orders after being warned that noncompliance can result in dismissal. Dowd, Steel Products v. M/V Valentine, 951 F.2d 1357, 1367 (2d Cir. 1991); see Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); accord Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990), cert. denied, 499 U.S. 943, 111 S.Ct. 1404, … | While a trial court clearly has power to dismiss a case as a sanction for plaintiff's failure to comply with a court order, is dismissal a drastic remedy? | 035300.docx | LEGALEASE 00140661-LEGALEASE 00140662 | Order, SA, Sub | 0.55 | 1 | | | 1 | |
| 1285 | Bologna v. Schlanger, 995 So. 2d 526 | 307A+563 | … | Dismissal for fraud is warranted where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. | "Is dismissal for fraud warranted where it can be demonstrated, clearly and convincingly?" | 035323.docx | LEGALEASE 00140317-LEGALEASE 00140318 | Condensed, SA | 0.48 | 0 | | | 1 | |
| 1286 | Edge v. NTMP, 86 A.D.3d 367, 301 | 307A+590.1 | … | In instances where an answer is not demanded in response to a cross claim, the denial that is "deemed" to have been made will foreclose a defendant's ability to make a cross claim, and, by extension, foreclose dismissal of such a cross claim even where no default motion is made within one year. McKinney CPLR 3011, 3215(c). | "Where bad faith on part of prosecution intervenes, does the court have the power to punish such abuse in an appropriate case by applying a penalty of dismissal?" | Pretrial Procedure - Memo #7038 - C - W.docx | ROSS 003286071-ROSS-003286072 | Condensed, SA, Sub | 0.77 | 0 | | | | 1 |
| 1287 | Dicks v. Am. Motors Sales Corp., 14 Ohio App. 3d 322 | 307A+563 | … | Trial court has authority to enforce compliance with its orders and to control its process, and where bad faith on part of such abuse in an appropriate case by applying a penalty of dismissal. | "Where bad faith on part of prosecution intervenes, does the court have the power to punish such abuse in an appropriate case by applying a penalty of dismissal?" | 034968.docx | LEGALEASE 00146810-LEGALEASE 00146812 | Condensed, SA | 0.53 | 0 | | | | 1 |
| 1288 | Howard v. Risch, 959 So. 2d 308 | 307A+563 | … | Unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial. | "Unless it appears that the process of trial has itself been subverted, are factual inconsistencies or even false statements well managed through the use of impeachment at trial?" | 10098.docx | LEGALEASE 00095044-LEGALEASE 00095045 | SA, Sub | 0.79 | | | 1 | | |
| 1289 | Steffmann v. K, 657 P.2d 401 | 307A+590.1 | … | Term "proceeding" is used in rule providing for dismissal of suits for want of prosecution when no proceedings have been taken therein for more than one year; means a step, act or measure of record, by either party, which reflects that the suit is not stagnant. | "Does the term 'proceeding' mean a step, act or measure of record by the plaintiff, which reflects the serious determination to bring the suit to resolution, or is it stagnant?" | 033423.docx | LEGALEASE 00147614-LEGALEASE 00147615 | Condensed, SA, Sub | 0.15 | 0 | | | | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1290 | Avery v. New Hampshire Dep't of Educ., 162 N.H. 604 | 307A+561.1 | Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief may be granted. Ossipee Auto Parts v. Ossipee Planning Board, 134 N.H. 401, 403, 593 A.2d 241 (1991). To make this determination, the court would normally accept all facts pled by the petitioners as true, construing them most favorably to the petitioners. Id. "When the motion to dismiss does not challenge the sufficiency of the [petitioners'] legal claim but, instead, raises certain defenses, the trial court must look beyond the [petitioners'] unsubstantiated allegations and determine, based on the facts, whether the [petitioners] ha[ve] sufficiently demonstrated [their] right to claim relief." Baer v. N.H. Dep't of Educ., 160 N.H. 727, 729, 8 A.3d 48 (2010) (quotation and brackets omitted). A jurisdictional challenge based upon lack of standing is such a defense. Id. Since the relevant facts are not in dispute, we review the trial court's determination on standing de novo. See id. | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | Does the motion to dismiss challenge the sufficiency of petitioners' legal claim or raise certain defenses? | Pretrial Procedure - Memo # 7637 - C - NS.docx | ROSS-003326866-ROSS-003326867 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 1291 | Capitol Hill State Bank v. Rawlins Nat. Bank of Rawlins, 24 Wyo. 423 | 83E+401 | However, it is well settled that a negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though in such case the transferee takes only the title and right of the one so transferring it, and does not become the holder in due course, but has only the equitable instead of the legal title. 1 Daniel on Neg. Instr. " 741; First Nat. Bank v. Moore, 137 Fed. 505, 70 C. C. A. 89; Moore v. Miller, 6 Or. 254, 25 Am. Rep. 518. | A negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though in such case the transferee takes only the title and right of his transferor, and does not become a holder in due course, but has only the equitable instead of the legal title, which principle is recognized by the Negotiable Instruments Law. (Compiled Statutes, 1910, Section 3207.) | Does the transferee becomes holder in due course when a negotiable instrument payable to order is transferred by the payee or holder without indorsement? | Bills and Notes- Memo 671-PR.docx | LEGALEASE-00038108-LEGALEASE-00038109 | Condensed, SA, Sub | 0.16 | 0 | 1 | 1 | 1 | 1 |
| 1292 | Mathews v. City of Atlanta, 167 Ga. App. 168 | 307A+563 | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247(6) (5th Cir.1980). Applying this standard, we find in the case sub judice a clear record of contumacious conduct by plaintiff. Plaintiff has failed to comply with the repeated order of the trial court awarding defendant $100 expenses, has admitted the willfulness of his failure to comply and has failed to present any reasonable excuse for his conduct. | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve interest or justice. | Is a dismissal with prejudice warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve an interest or justice? | 035049.docx | LEGALEASE-00148310-LEGALEASE-00148311 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 1293 | Frenzel v. Browning-Ferris Industries, 780 S.W.2d 844 | 307A+581 | In determining whether to dismiss a cause for want of prosecution, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. See Bard v. Frank B. Hall & Co., 767 S.W.2d 839, 843 (Tex.App."San Antonio 1989, writ denied); NASA I Business Center v. American Nat'l Ins. Co., 747 S.W.2d 36, 38 (Tex.App."Houston [1st Dist.] ), writ denied per curiam, 754 S.W.2d 152 (Tex.1988). | In determining whether to dismiss cause for want of prosecution, trial court may consider entire history of case, including length of time case was on file, amount of activity in the case, request for trial setting and existence of reasonable excuses for delay. | "Will a court consider whether a trial setting was requested, in determining whether to dismiss an action for want of prosecution?" | Pretrial Procedure - Memo # 8052 - C - DHA_58406.docx | ROSS-003294714-ROSS-003294715 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 1294 | Wood v. Guilford Cty., 355 N.C. 161 | 307A+622 | On a Rule 12(b)(6) motion to dismiss, the question is whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted. Isenhour v. Hutto, 350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999). Dismissal under Rule 12(b) (6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. Oates v. JAG, Inc., 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985) | Dismissal based on failure to state a claim is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), G.S. S 8C-1. | "When the complaint on its face reveals that no law supports the claim or discloses facts that necessarily defeat the claim, is dismissal proper?" | 036572.docx | LEGALEASE-00149465-LEGALEASE-00149466 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 1295 | Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., 716 F.Supp.2d 773 | 92+1970 | High school athletic association and online publisher brought action against newspaper publisher and media association, seeking declaration that formation of exclusive licensing agreement for live Internet streaming of tournament events was not unconstitutional. | Venues for sporting events were non-public fora, for purposes of action brought by high school athletic association and online publisher against newspaper publisher and media association, seeking declaration that formation of exclusive licensing agreement for live Internet streaming of tournament events did not violate First Amendment; venues were operated in government's proprietary capacity rather than for political purpose, and intent and nature of fora were primarily commercial. U.S.C.A. Const.Amend. 1. | Can high school athletic associations seek declaration that formation of exclusive licensing agreement for live Internet streaming of tournament? | 017336.docx | LEGALEASE-00150508-LEGALEASE-00150509 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 1296 | Buffington v. McGorty, 136 N.M. 226 | 307A+581 | Mother's argument overlooks the fact that the motion was denied on January 25, 1991, after it was pending since 1988, because "no action has occurred within a substantial period of time on the pending motion." The motion was denied under the provisions of Rule 1"041 (E)(2) which states in pertinent part that on its own motion the court may dismiss any claim on which no significant action has been taken within the previous 180 days. Furthermore, the rule provides, "[a]t least twice during each calendar year, the court shall review all actions governed by this paragraph." Id. Such a dismissal is "without prejudice", id., and it is not the "law of the case" as Mother argues. This rule simply "provide[s] a standardized procedure for district courts to evaluate the intentions of parties and their counsel and to rid their dockets of cases that should not be carried as active cases." Vigil v. Thriftway Mktg. Corp., 117 N.M. 176, 179"80, 870 P.2d 138, 141"42 (Ct.App.1994). | Rule permitting dismissal of pending motion for lack of action on motion for substantial period of time simply provides a standardized procedure for district courts to evaluate the intentions of parties and their counsel and to rid their dockets of cases that should not be carried as active cases. NMRA, Rule 1-041, subd. E(2). | "Does rule permitting dismissal of pending motion for lack of action on motion, provide a standardized procedure for courts to evaluate the intentions of parties and to rid their dockets of cases that should not be carried as active cases?" | 036661.docx | LEGALEASE-00150578-LEGALEASE-00150579 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 1297 | Hall v. Metro. Dade Cty., 760 So. 2d 1051 | 307A+581 | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991). While the taking of a deposition no longer routinely generates record activity, it should within the logic of Eastern Elevator be viewed as establishing good cause why the action should not be dismissed. Certainly the adoption of the housekeeping amendment to Rule 1.310(f) was not aimed at changing the analysis contained in Eastern Elevator, but instead was aimed at an entirely different problem: solving a record storage problem experienced by the clerks of the circuit courts. | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | Does the plaintiff have an opportunity to establish good cause why the action should not be dismissed if there has been no record activity in the inquiry on a motion to dismiss for lack of prosecution? | 036779.docx | LEGALEASE-00150139-LEGALEASE-00150141 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1298 | McColl v. D.C. Hous. Auth., 126 A.3d 750 | 30+3441 | We review de novo the trial court's dismissal of a complaint pursuant to Super. Ct. Civ. R. 12(b)(6), and apply the same standard as the trial court, meaning we accept the allegations of the complaint as true. Comer v. Wells Fargo Bank, N.A., 108 A.3d 347, 352 (D.C. 2015) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must set forth sufficient facts to establish the elements of a legally cognizable claim." Woods v. District of Columbia, 63 A.3d 551, 552*53 (D.C. 2013), containing "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). | To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must set forth sufficient facts to establish the elements of the complaint as true, containing sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Civil Rule 12(b)(6). | To survive a motion to dismiss, should a complaint set forth sufficient facts to establish the elements of a legally cognizable claim? | 036888.docx | LEGALEASE 00150166-LEGALEASE 00150167 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 1299 | Michael v. Pruden, 799 S.E.2d 77 | 30+4422 | A complaint is not sufficient to withstand a motion to dismiss for failure to state a claim if an insurmountable bar to recovery appears on the face of the complaint. Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. | A complaint is not sufficient to withstand a motion to dismiss for failure to state a claim if an insurmountable bar to recovery appears on the face of the complaint; such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. | Is a complaint not sufficient to withstand a motion to dismiss for failure to state a claim if an insurmountable bar to recovery appears on the face of the complaint? | 036967.docx | LEGALEASE 00150286-LEGALEASE 00150287 | SA, Sub | 0.14 | 0 | 0 | 1 | 1 | |
| 1300 | Spencer v. Beck, 358 Mont. 295 | 307A+583 | Finally, although it is unnecessary to resolve Spencer's remaining two issues in light of the foregoing holding, we caution courts that a sua sponte ruling on an issue not raised by the parties must afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely. "Davis v. State, 2008 MT 226, 24, 344 Mont. 300, 187 P.3d 654. | When a court is inclined to make a dispositive ruling on an issue not raised by the parties, the court must first afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely. | Should a court first afford the parties fair notice and an opportunity to present their positions before acting on its own initiative to dismiss a petition as untimely? | 037017.docx | LEGALEASE 00150698-LEGALEASE 00150699 | Condensed, SA | 0.56 | 0 | 1 | 0 | 0 | |
| 1301 | Chugh v. Paskhold Temp Services, 91 S.W.3d 326 | 307A+583 | Although his trial court did not specifically cite the rule, we deem its dismissal of Mr. Osiga's wage claim to be a dismissal for failure to prosecute under rule 41.02 of the Rules of Civil Procedure. This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment, since the decision to grant or deny a motion to dismiss for want of prosecution is within the sound discretion, and will not be reversed unless there is abuse of that discretion. Manufacturers Consolidation Service, Inc. v. Rodell, 42 S.W.3d 841 (Tenn. Ct. App. 2000); White v. College Motors, Inc., 212 Tenn. 384, 370 S.W.2d 476 (1963). | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to prevent defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Does the purpose of rule governing dismissal of a claim for failure to prosecute to enable court to manage its own docket, and to prevent defendants against plaintiffs who are unwilling to put their claims to the test? | Pretrial Procedure - Memo #1889 - C - SA_59190.docx | ROSS-000279907-ROSS-000279908 | Order, SA, Sub | 0.61 | 0 | 1 | 1 | 0 | |
| 1302 | Zinnser v. Copperleaf Advisors, 513 F.3d 254 | 25T+282(2) | In Ehleiter we noted that "prejudice is the touchstone for determining whether the right to arbitrate has been waived" by litigation conduct, id. at 222 (quoting Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925 (3d Cir.1992)). We stated that the "nonexclusive list of factors relevant to the prejudice inquiry" includes the timeliness of the motion to compel arbitration, the degree to which the merits of the nonmovant's claims have been contested by the party moving for arbitration, whether the non-movant is otherwise aware of the movant's intention to seek arbitration, the extent of non-merits motion practice that has transpired, the movant's assent to the trial court's pretrial orders, and the degree to which the parties have engaged in discovery. Id. (citing Hoxworth, 980 F.2d at 926-27). Although we have stated that "waiver will normally be found only where the demand for arbitration came long after the suit commenced and both parties have engaged in extensive discovery," id. at 222*23 (citations, alteration and internal quotation marks omitted), we have also held that "the length of the time period involved alone is not determinative," Palcko v. Airborne Express, Inc., 372 F.3d 588, 598 (3d Cir. 2004). | Factors in determining prejudice to nonmovant, on litigant's motion to compel arbitration, include timeliness of motion, degree to which merits of nonmovant's claims have been contested by movant, whether nonmovant is otherwise aware of movant's intention to seek arbitration, extent of non-merits motion practice that has transpired, movant's assent to trial court's pretrial orders, and degree to which parties have engaged in discovery. | What factors are relevant to a court in determining whether the right to arbitrate is waived? | 007940.docx | LEGALEASE 00151403-LEGALEASE 00151405 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | |
| 1303 | Kamilo v. Emblemhealth, 37 Misc. 3d 171 | 30+4422 | Where evidentiary material is adduced in support of a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one" (Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]). "Although on a motion to dismiss a plaintiff's claims which are fairly [controverted] by the documentary evidence are accorded every favorable inference ... bare legal conclusions and factual claims which are flatly contradicted by the record are not entitled to such an inference" (People v. Henry & Feinstein, LLP, 29 A.D.3d 172, 751 N.Y.S.2d 645 [2d Dept. 2002] [internal citations omitted]). Thus, if documentary evidence disproves an essential allegation of the complaint, a dismissal is warranted pursuant to CPLR 3211(a)(7) even if the allegations, when considered alone, could otherwise withstand a dismissal (see McGuire v. Sterling Doubleday Enters., L.P., 19 A.D.2d 660, 662, 799 N.Y.S.2d 65 [2d Dept. 2005], lv. denied 7 N.Y.3d 701, 818 N.Y.S.2d 191, 850 N.E.2d 1138 [2006]). | Where evidentiary material is adduced in support of a motion to dismiss for failure to state a cause of action, is the court required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one? | Where evidentiary material is adduced in support of a motion to dismiss for failure to state a cause of action, is the court required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one? | 037256.docx | LEGALEASE 00150938-LEGALEASE 00150939 | Order, SA | 0.75 | 1 | 0 | 0 | 0 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1304 | Wright v. Texas Dep't of Criminal Justice Institutional Div., 137 S.W.3d 693 | 30TH+581 | A trial court is authorized to dismiss for want of prosecution stems from rule in Rule of Texas Rules of Civil Procedure and from the court's inherent power. Villarreal, 994 S.W.2d at 630. A trial court can dismiss for any hearing or trial of which the party had notice; (2) when the case is not disposed of within the time standards of the supreme court; or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court can dismiss for want of prosecution when the case is not disposed of within the time standards promulgated by the Supreme Court for any hearing or trial of which a party had notice, or when the case is not disposed of within the time standards of the supreme court, or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court dismiss for want of prosecution when the case is not disposed of within the time standards of the Supreme Court? | Pretrial Procedure Memo #1691 - 58_54442.docx | ROSS-003197859-ROSS-003197860 | Condensed, SA | 0.48 | 0 | 1 | | | |
| 1305 | Annett v. Am. Honda Motor Co., 548 N.W.2d 798 | 30TH+581 | An unreasonable and unexplained delay has been defined as an omission to do something "which the party might do and might reasonably be expected to do in vindication or enforcement of his right." Bradley, 129 N.W.2d at 542 (quoting Potts v. Starr, 76 S.D. 91, 72 N.W.2d 924, 925 (1955)). First, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. Opp, 458 N.W.2d at 356; Schwartzle, 429 N.W.2d at 71; Holman, 681 N.W.2d at 71; Duncan, 382 N.W.2d at 427; Simkins, 182 N.W.2d at 732. Potts, 72 N.W.2d at 925. The defendant need not prove that the plaintiff is at fault to prevail, and the plaintiff may be charged with lack of due diligence in failing to proceed with reasonable promptitude. Opp, 458 N.W.2d at 356; Holman, 681 N.W.2d at 182; Duncan, 382 N.W.2d at 427; Bradley, 129 N.W.2d at 543. Dakota Cheese, Inc. v. Taylor, 525 N.W.2d 713, 715–716 (S.D.1995). | Dismissal of cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted? | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted with reasonable promptitude. SDCL 15-11-11. | 037438.docx | LEGALEASE-00151725-LEGALEASE-00151726 | Condensed, SA | 0.79 | | 1 | 0 | | |
| 1306 | In re Bradley Estate, 296 Mich.App. 31 | 30TH+679 | We review de novo a trial court's decision to grant or deny a motion for summary disposition. In re Ryan, 261 Mich.App. 244, 250, 680 N.W.2d 916 (2004). Summary disposition is appropriate if a claim is barred because of immunity granted by law. A motion pursuant to MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions, or other documentary evidence as long as the evidence would be admissible. Maiden v. Rozwood, 461 Mich. 109, 119, 597 N.W.2d 817 (1999). The allegations set forth in the complaint must be accepted as true unless contradicted by other evidence. When reviewing a motion under MCR 2.116(C)(7), a court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery. Huffman, 290 Mich.App. at 39, 801 N.W.2d 385. | On a motion seeking summary disposition on grounds that claim is barred by immunity, the allegations should the allegations set forth in the complaint be accepted as true unless contradicted by other evidence? | "On a motion seeking summary disposition on grounds that claim is barred by immunity, should the allegations set forth in the complaint be accepted as true unless contradicted by other evidence?" | 037569.docx | LEGALEASE-00151748-LEGALEASE-00151749 | Condensed, SA, Sub | 0.76 | | 1 | | | 1 |
| 1307 | Jones v. Trustees of Union Coll., 92 A.D.3d 997 | 30TH+679 | As limited by his brief, plaintiff contends that Supreme Court erred in finding that the breach of contract. In the context of a motion to dismiss for failure to state a cause of action, "[c]ourts must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26 [2005]). Here, plaintiff alleges that a contract exists between plaintiff and the College and asserts that the College agreed to pay her tuition in exchange for the College's payment of her tuition and a degree. Plaintiff alleges that she performed under the contract by paying tuition and the contract was breached by the College. | In the context of a motion to dismiss for failure to state a cause of action, should courts afford the pleadings a liberal construction? | "In the context of a motion to dismiss for failure to state a cause of action, should courts afford the pleadings a liberal construction?" | Pretrial Procedure Memo #1831 - MS_59728.docx | ROSS-003295210-ROSS-003295211 | Condensed, SA | 0.71 | | 1 | 0 | | |
| 1308 | Peoples Bank v. Carter, 132 S.W.3d 302 | 30TH+680 | In general, a trial court decision on a motion to dismiss for lack for subject matter jurisdiction is a question of fact left to its sound discretion and "will not be reversed on appeal absent an abuse of that discretion." Mo. Soybean Ass'n v. Mo. Clean Water Comm'n, 102 S.W.3d 10 (Mo. banc 2003). However, where, as here, the operative facts on the issue are uncontested, "a question only as to the subject matter jurisdiction of a court purely a question of law, which is reviewed de novo." Id. In addition, when reviewing an issue of fact, a trial court must resolve any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b). | In general, is a trial court decision on a motion to dismiss for lack for subject matter jurisdiction a question of fact left to its sound discretion and will not be reversed on appeal absent an abuse of that discretion? | Is a trial court decision on a motion to dismiss for lack for subject matter jurisdiction a question of fact left to its sound discretion and will not be reversed on appeal absent an abuse of that discretion? | Pretrial Procedure Memo #3771 - C_ML_59773.docx | ROSS-003278493-ROSS-003278494 | Condensed, SA | 0.7 | | 1 | 0 | | |
| 1309 | Taylor v. Altoona Area Sch. Dist., 513 F. Supp. 2d 540 | 1431+690 | Section of Individuals with Disabilities Education Act (IDEA), providing that nothing in the Act should be construed to restrict or limit rights and remedies available under Constitution or other federal laws, does not create a cause of action under the IDEA; such section merely recognizes the existence of other causes of action created by other statutes, and clarifies that the IDEA does not preclude plaintiffs from also pursuing remedies independently available under those statutes. Individuals with Disabilities Education Act, § 615(l), 20 U.S.C.A. § 1415(l). | Section of Individuals with Disabilities Education Act (IDEA), providing that nothing in the Act should be construed to restrict or limit rights and remedies available under Constitution or other federal laws, does not create a cause of action under the IDEA; such section merely recognizes the existence of other causes of action created by other statutes, and clarifies that the IDEA does not preclude plaintiffs from also pursuing remedies independently available under those statutes. Individuals with Disabilities Education Act, § 615(l), 20 U.S.C.A. § 1415(l). | How should Individuals with Disabilities Education Act be construed? | 037047.docx | LEGALEASE-00150738-LEGALEASE-00150739 | Condensed, SA | 0.7 | | 1 | 0 | | |
| 1310 | Sistema Universitaria Ana G. Mendez Inc., v. Riley, 234 F.3d 772 | 1431+1240 | In the administrative proceedings to determine eligibility of institution of higher education to participate in student financial assistance program under Title IV of the Higher Education Act of 1965, the burden of proof is on the institution. Higher Education Act of 1965, § 498 et seq., as amended, 20 U.S.C.A. § 1099c et seq.; 34 C.F.R. § 668.116(d). | In the administrative proceedings to determine eligibility of institution of higher education to participate in student financial assistance program under Title IV of the Higher Education Act of 1965, the burden of proof is on the institution. Higher Education Act of 1965, § 498 et seq., as amended, 20 U.S.C.A. § 1099c et seq.; 34 C.F.R. § 668.116(d). | Are all universities eligible to participate in student financial assistance programs under Title IV of Higher Education Act? | Education Memo #153 - C_W_62018.docx | ROSS-003281896-ROSS-003281897 | Condensed, SA, Sub | 0 | | 1 | 0 | | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1311 | Avnet v. Am. Honda Motor Co., 548 N.W.2d 798 | 307A=581 | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of a particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. Ludeman, 408 N.W.2d at 32-33; Duncan, 382 N.W.2d at 427; Bradbury, 370 N.W.2d at 642. | Dismissal of cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. 505.1.51-11-11. | "Should dismissal of cause of action for failure to prosecute be granted when, after considering all the facts and circumstances of particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude?" | 037837.docx | LEGALEASE-00152071 / LEGALEASE-00152072 | Condensed, SA | 0.29 | 0 | 1 | | 1 | |
| 1312 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A=602 | The circumstances under which this discretion may properly be exercised by a Court below have often been set forth. A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and when there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. Manson v. First National Bank, 366 Pa. 211, 215, 77 A.2d 399; Aiken v. Philadelphia National Bank, 372 Pa. 327, 333, 93 A.2d 409; Hruska v. Gibson, 316 Pa. 518, 519, 175 A. | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | "Can court enter judgment of non pros. when delay has caused prejudice to adverse party?" | Pretrial Procedure - Memo 8.8863 - C - DA_59680.docx | ROSS-002931184-ROSS-002931187 | Condensed, SA | 0.54 | | 1 | 0 | | |
| 1313 | Toga's Liana of Florida v. Fralish, 526 So. 2d 299 | 307A=561.1 | The second issue raised in this appeal is directed to the showing of good cause to avoid dismissal under Rule 1.420(e) is activity that is sufficient to preclude dismissal under Rule 1.420(e) is activity that is substantial and further the prosecution of the case, and is intended by a party to the court in response to the party's notice to show cause, or motion that the case is ready to be advanced the cause. Nelson v. Stonewall Insurance Company, 440 So.2d 664 (Fla. 1st DCA 1983). The good cause which will avoid dismissal for failure to prosecute must include contact with the opposing party and some form of excusable conduct or other than negligence by the party other than negligence or inattention to pleading deadlines. Neriot Construction Corporation v. City of Gainesville, 513 So.2d 266, 267 (Fla. 1st DCA 1987), review denied, 520 So.2d 583 (Fla.1988). | Good cause which will avoid dismissal for failure to prosecute must include contact with opposing party and some form of excusable conduct other than negligence or inattention to pleading deadlines. West's F.S.A. RCP Rule 1.420(e). | "Should good cause which will avoid dismissal for failure to prosecute, include, contact with opposing party and some form of excusable conduct or other than negligence or inattention to pleading deadlines?" | 038347.docx | LEGALEASE-00152716 / LEGALEASE-00152717 | Condensed, SA | 0.71 | | 1 | 0 | 1 | |
| 1314 | Brown v. Plainfield Cmty. Consol. Dist. 202, 522 F. Supp. 2d 1068 | 170A=1772 | To survive a motion to dismiss, a plaintiff must plead enough to "nudge[ ] their claims across the line from conceivable to plausible." Bell Atlantic, 127 S.Ct. at 1974. The complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. at 1965. To survive a motion to dismiss, "it is not enough for a plaintiff to allege that she has been harmed; the complaint must include factual content that actually support the plaintiff has a right to relief." (EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir.2007). A plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery." Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir.2007). | Should a pleading contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right? | 037961.docx | LEGALEASE-00153429 / LEGALEASE-00153430 | SA, Sub | 0.54 | | | 1 | 1 | |
| 1315 | Accredited Aides Plus v. Program Risk Mgmt., 147 A.D.3d 122 | 307A=624 | Turning first to the issue of status, Supreme Court determined that of the trust's agreements with PRM and PRMAS and the dismissed plaintiff's claims asserted in count two, breach of the duty of good faith and fair dealing and contractual indemnification derivative, finding our obligation at this stage in the litigation to "afford the complaint a liberal construction, accept the facts alleged in the pleading as true, confer on the [nonmoving party] the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Torok v. Moore's Flatwork & Founds., LLC, 106 A.D.3d 1421, 1421, 966 N.Y.S.2d 572 [2013] [internal quotation marks and citation omitted]), as noted, in different conclusion. | "At the dismissal stage of litigation, is court obligated to afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory?" McKinney's CPLR 3211(a)(7). | "At the dismissal stage of litigation, is a court obligated to afford the complaint a liberal construction?" | 037966.docx | LEGALEASE-00153910 / LEGALEASE-00153912 | SA, Sub | 0.59 | | | 1 | 1 | |
| 1316 | Igli Inilus v. Hayes NY Bus., 245 A.D.3d 979 | 307A=624 | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference (see Denz v. Ralowsn, 112 A.D.3d 226, 228, 976 N.Y.S.2d 590 [2d Dept 2013]; Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]; Nonnon v. City of New York, 9 N.Y.3d 825, 827, 842 N.Y.S.2d 756, 874 N.E.2d 720 [2007]). Further, "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26 [2005]). | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, should the court accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference?" | Pretrial Procedure - Memo 8 8098 - C - TM_00366.docx | ROSS-002964674-ROSS-002964675 | Order, SA, Sub | 0.62 | 1 | | 1 | 1 | |
| 1317 | Born to Build LLC v. Saleh, 16 Misc. 3d 590 | 307A=679 | It is axiomatic that in determining whether a cause of action exists, the pleading must be liberally construed and the facts alleged are to be accepted as true, the plaintiff is accorded the benefit of every favorable inference and the court determines only whether the facts alleged fit within any cognizable legal theory (Leon v. Martinez, 84 N.Y.2d 83, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]; Morone v. Morone, 50 N.Y.2d 481, 429 N.Y.S.2d 592, 413 N.E.2d 1154 [1980]; Cherry v. Resource America, Inc., 15 A.D.3d 1017, 789 N.Y.S.2d 805 [4th Dept. 2005]). | In determining whether a cause of action exists, the pleading must be liberally construed, and the facts alleged are to be accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court determines whether the facts alleged fit within any cognizable legal theory. | "In determining whether a cause of action exists, should the pleading be afforded a liberal construction?" | ROSS-003282420 | | Condensed, SA | 0.45 | | 1 | 0 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1318 | Dibrill v. Normandy Assocs., 383 S.W.3d 77 | 307A+679 | Rule 55.27(a)(6) allows a defendant to file a motion to dismiss a plaintiff's petition for failure to state a claim upon which relief can be granted. Rule 55.27(a)(6); Capitol Group, Inc. v. Collier, 365 S.W.3d 644, 647 (Mo.App. E.D.2012). "A motion to dismiss for failure to state a claim on which relief can be granted is solely a test of the adequacy of the petition." Bromwell v. Nixon, 361 S.W.3d 393, 398 (Mo. banc 2012). When considering whether a petition fails to state a claim upon which relief can be granted, we review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." City of Lake Saint Louis v. City of O'Fallon, 324 S.W.3d 756, 759 (Mo. banc 2010) (quotation omitted). In so doing, we accept as true all properly pleaded facts, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader. Id. Our review of a dismissal for failure to state a claim is de novo. Miles ex rel. Miles v. Rich, 347 S.W.3d 477, 481 (Mo.App. E.D.2011). | When considering whether a petition fails to state a claim upon which relief can be granted, courts review the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. V.A.M.R. 55.27(a)(6). | "In determining whether a petition states a claim upon which relief can be granted, does a court consider only the well pleaded facts of the petition and gives the pleading its broadest intendment?" | 038259.docx | LEGALEASE-00153716-LEGALEASE-00153717 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 1319 | Godby v. Whitehead, 837 N.E.2d 146 | 307A+624 | In reviewing a motion to dismiss granted pursuant to Trial Rule 12(B)(6), our standard of review is well settled. Burke v. Town of Schererville, 739 N.E.2d 1086, 1090 (Ind.Ct.App.2000). A 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. Id. Therefore, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of that party. Id. at 1091. In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. Id. The trial court's grant of a motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. Id. In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. Id. Further, under notice pleading, a plaintiff need only plead the operative facts involved in the litigation. Donahue v. St. Joseph County, 720 N.E.2d 1236, 1239 (Ind.Ct.App.1999). The plaintiff is required to provide a "clear and concise statement that will put the defendants on notice as to what has taken place and the theory that the plaintiff plans to pursue." Id. | The trial court's grant of a motion to dismiss for failure to state a claim is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances, and in determining whether any facts will support the claim, the appellate court look only to the complaint and may not resort to any other evidence in the record. Trial Procedure Rule 12(B)(6). | "On a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances, can a court only look to the complaint?" | 038305.docx | LEGALEASE-00152836-LEGALEASE-00152837 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1320 | Bejda v. SGL Indus., 82 Ill. 2d 322 | 307A+581 | Although the circuit court's dismissal of plaintiffs' action is not authorized by section 37, the dismissal could nonetheless be upheld as within the court's inherent authority to control its business. A plaintiff's failure to take any action as ordered by the court evidences want of prosecution by that party (Leonard v. Garland (1911), 252 Ill. 300, 303, 96 N.E. 819), and as the court said in Epley v. Epley (1928), 328 Ill. 582, 585, 160 N.E. 113, 114; "The trial court may dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute." It has therefore been recognized by various authorities, including our appellate court (American Rolling Mill Corp. v. Ohio Iron & Metal Co. (1904), 120 Ill.App. 614), that "a failure to file a bill (of particulars) in disobedience of the order of the court may be a ground (for dismissal) within the sound discretion of the court." (27 C.J.S. Dismissal & Nonsuit sec. 64, at 425 (1959), citing Botkins v. Sorter (W.D.La.1939), 29 F.Supp. 991, McCarthy v. Thames Dyeing & Bleaching Co. (1944), 130 Conn. 652, 36 A.2d 739; Nickerson v. Glines (1915), 220 Mass. 333, 107 N.E. 942.) In some instances, dismissal is authorized by statute or rule as in the McCarthy and Nickerson cases above cited, but the authority to dismiss for failure to provide a bill of particulars is also an authority recognized at common law to be inherent in the courts. (Gross v. Clark (1881), 87 N.Y. 272, 276.) Section 37 of the Civil Practice Act does not purport to expressly limit this common law authority, and we therefore find unchallenged the idea that the authority is viable. | Plaintiff's failure to take any action as ordered by court evidences want of prosecution by that party, and trial court may dismiss suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute. | Can a court dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented? | Pretrial Procedure - Memo # 9173 - C - KI_60484.docx | ROSS-003279951-ROSS-003279952 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 1321 | In re Ridgecrest Healthcare, 571 B.R. 838 | 51+2955 | As the District Court Order stated, the Ninth Circuit has adopted a functional five factor test for courts to apply when considering whether a fee is an excise tax. The relevant factors a court must consider are: (1) the fee is an involuntary pecuniary burden, regardless of name, laid upon an individual or property; (2) the fee is imposed by or under the authority of the legislature; (3) the fee is for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; (4) the fee is imposed under the police or taxing power of the state; and (5) whether a private creditor similarly situated to the government can be hypothesized under the relevant statute. In re Lorber Indus. of California, 564 F.3d 1098, 1102 (9th Cir. 2009)("Lorber II "); In re George, 361 F.3d 1157, 1163 (9th Cir. 2004); See also In re Carpenter, 540 B.R. 691, 699 (9th Cir. BAP 2015)(stating that, "a five-part test has emerged for determining what constitutes a " 507(a)(8)(E) priority excise tax."). | In deciding whether claim asserted against Chapter 7 debtor, as operator of skilled nursing facility, for quality assurance fee imposed under California's Medicaid program was entitled to eighth-level priority as a claim for excise tax imposed on a transaction occurring within statutory three-year "lookback" period, bankruptcy court first had to determine whether claim was for "excise tax" by applying five-pronged Lorber test and considering the following factors: (1) whether fee was in nature of involuntary pecuniary burden imposed on individual or property; (2) whether it was imposed by or under authority of legislature; (3) whether fee was for public purpose; (4) whether fee was imposed under state's police or taxing power; and (5) whether a similarly situated private creditor could be hypothesized under the relevant statute. 11 U.S.C.A. S 507(a)(8)(E). | What is the test for a court to consider whether a fee is a tax? | 045994.docx | LEGALEASE-00153261-LEGALEASE-00153262 | Condensed, SA, Sub | 0.15 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,079 |
| 1322 | Irene v. Irvine, 76 U.S. 617 | 156+38 | It is a general rule, that when one makes a deed of land, covenanting therein that he is the owner, and subsequently acquires an outstanding and adverse title, his new acquisition enures to the benefit of his grantee, on the principle of estoppel. As his deed of the plaintiff in this case contained an assertion that he was well seised in fee, and had good right to sell and convey to him, it would not be difficult, under it, if necessary, to show that in taking the patent he was in law acting for his grantee. But it is not necessary to rely upon that principle. The evidence in the case was, that prior to his deed to the defendant in error, on the 21st of February, 1849, he had bought the land from the government, and had paid all the purchase money. The patent subsequently given to him was, therefore, not a new acquisition of title. It was only a confirmation of the right which he had acquired before the deed was made. | Generally, when one makes a deed of land, covenanting therein that he is the owner, and subsequently acquires an outstanding and adverse title, his new acquisition inures to the benefit of his grantee, on the principle of estoppel. | "When one makes a deed of land and subsequently acquires an outstanding and adverse title, does his new acquisition inure to the benefit of his grantee on the principle of estoppel?" | 018059.docx | USGA1E4E-00153893 USGA1E4E-00153894 | SA, Sub | 0.75 | 0 | | 1 | 1 | 1 |
| 1323 | White v. Jasper City Bd. of Educ., 644 So. 2d 16 | 307A+581 | Rule 41(b), A.R.Civ.P., provides that an action may be dismissed "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Trial courts have the authority to dismiss an action for want of prosecution under their inherent ... Henderson v. G & G Corp., 582 So.2d 529 (Ala.1991). Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is "a clear record of delay, willful default or contumacious conduct of the plaintiff." Selby v. Money, 403 So.2d 218 (Ala.1981). "No wrongful motive or intent is necessary to show ... | Although dismissal of an action for failure to prosecute or to comply with rules or orders is harsh when there is a clear record of delay, willful default or contumacious conduct of plaintiff? | "Is dismissal of action for failure to prosecute or to comply with rules or orders warranted when there is a clear record of delay, willful default or contumacious conduct of plaintiff?" | 018449.docx | USGA1E4E-00154503 USGA1E4E-00154504 | Condensed, Order, SA, Sub | 0.6 | | 1 | 1 | 1 |
| 1324 | Wilkerson v. Howell Contrs., 163 Ohio App. 3d 38 | 307A+685 | When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that the court has authority to decide. In so determining, the trial court is not confined to the allegations of the complaint, but may consider material pertinent to that inquiry without converting the motion into one for summary judgment. The court may not consider the summary-judgment standard because the court's inquiry into its jurisdiction over the subject matter. Thus, a trial court may dismiss a complaint for lack of subject-matter jurisdiction based upon (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by ... | In determining, on a motion to dismiss for lack of subject matter jurisdiction, whether the plaintiff has alleged any cause of action that the trial court has authority to decide, the trial court is not confined to the allegations of the complaint, and may consider material pertinent to that inquiry without converting the motion into one for summary judgment. Rules Civ.Proc., Rule 12(B)(1). | Are neither trial courts nor appellate courts confined to the allegations in the complaint for the purposes of subject matter jurisdiction? | 018700.docx | USGA1E4E-00154157 USGA1E4E-00154158 | Order, SA | 0.55 | | 1 | 1 | 1 |
| 1325 | Cogswell v. Am. Transit Ins. Co., 282 Conn. 505 | 307A+685 | In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." [Internal quotation marks omitted.] Conn. Ass'n. v. Hartford, 196 Conn. 623, 624, 227 A.2d 2 (2006). "The motion to dismiss ... admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue." [Internal quotation marks omitted.] Ferreira v. Pringle, 255 Conn. 330, 346 N.7, 766 A.2d 400 (2001); see also Knipple v. Viking Communications, Ltd., supra, 236 Conn. at 608, 674 A.2d 426 (noting that "this court has previously considered the undisputed factual allegations in the complaint as well as the affidavits submitted by the parties in various affidavits when adjudicating the motion to dismiss) where no evidentiary hearing has been held"). Here, we resolve the statutory and constitutional questions in turn. | The motion to dismiss admits all facts which are well pleaded, invokes the existing record, and must be decided upon that alone; however, where the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of a jurisdictional issue. | Does the motion to dismiss admit all facts that are well pleaded, invoke the existing record? | R055-00329453-R055-00329456 | R055-00329453-R055-00329456.docx | SA, Sub | 0.74 | | | 1 | 1 | 1 |
| 1326 | Rodriguez v. Allstate Ins. Co., 19 Misc. 3d 827 | 307A+685 | On a motion made pursuant to CPLR 3211(a)(7) to dismiss a complaint, the burden rests on the moving party to establish that a claim asserted by the moving party, "CPLR 3211.1.a6(sec.1.a) plaintiff to extent affidavits, but it does not obligate the court to establish as to penalty of dismissal ... . Unless the motion to dismiss is converted into one for summary judgment pursuant to CPLR 3211(c), "affidavits may be received for a limited purpose only, serving normally to remedy defects in complaint, and are not to be examined for the purpose of determining whether there is evidentiary support for the pleading.", Thus, a plaintiff "will not be penalized because he has not made an evidentiary showing in support of his complaint." Id. at 1181, 904 N.Y.S.2d 132 (internal quotation marks omitted). | Unless the motion to dismiss is converted into one for summary judgment, affidavits may be received for a limited purpose only, serving normally to remedy defects in complaint, and are not to be examined for purpose of determining whether there is evidentiary support for pleading. McKinney's CPLR 3211(a)(7), (c). | "Unless a motion to dismiss is converted into one for summary judgment, can affidavits be received for a limited purpose only?" | R055-00329474-R055-00329477.docx | R055-00329474-R055-00329477 | Condensed, SA, Sub | 0.57 | | | 1 | 1 | |
| 1327 | Hour Assoc. of Syosset LLC v. 399 Assoc., LLC, 27 Misc. 3d 499 | 307A+685 | A plaintiff is not ordinarily obligated to demonstrate evidentiary facts to support the allegations contained in the complaint (Stuart Realty Co. v. Rye Country Store, Inc., 296 A.D.2d 455, 745 N.Y.S.2d 72 [2d Dept 2002] ; nor is "a plaintiff required to produce any evidentiary support of the claim unless the motion is made and the court is presented with evidence that conclusively establishes the allegations ... 38C1, Inc. v. Goldman, Sachs & Co., 1 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 802 N.E.2d 26 (2003). | A plaintiff is not ordinarily obligated to demonstrate evidentiary facts to support the allegations contained in the complaint in order to survive a motion to dismiss for failure to state a cause of action. | Is plaintiff not ordinarily obligated to demonstrate evidentiary facts to support the allegations contained in the complaint in order to survive a motion to dismiss for failure to state a cause of action? | R055-00329329.docx | R055-00329329-R055-00329329302 | SA, Sub | 0.2 | | | 1 | 1 | |

250

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1328 | Cowen v. Bank United of Texas, FSB, 70 F.3d 937 | 172H+1579 | In this welter of doubt we turn with relief to the staff of the Federal Reserve Board, which in "official staff commentary," to which the Supreme Court has emphatically told us to give great weight in interpreting the Truth-in-Lending Act and the regulations under it, Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 565"70, 100 S.Ct. 790, 796"99, 63 L.Ed.2d 22 (1980), has decided that "a fee for courier service charged by a settlement agent to send a document to the title company or some other party is not a finance charge, provided that the creditor has not required the use of a courier or retained the charge." 12 C.F.R. pt. 226, Supp. I, " 226.4(a)"4; 60 Fed.Reg. 16771, 16777 (April 3, 1995) (emphasis added). This staff commentary was issued after the transaction at issue in this case, and the plaintiffs, who tell us that the commentary was issued under "pressure" from the banking community, argue that we should give it no weight at all. We think it entitled to at least some weight as an interpretation of the statute"the objection based on retroactivity falls away when the commentary is deemed interpretive rather than legislative, and the commentary in question purported to clarify rather than to change existing law, 60 Fed.Reg. at 16772; Hickey v. Great Western Mortgage Corp., 1995 WL 317095 (N.D.Ill. May 23, 1995)"by an agency that knows more about banking that we do and that cannot be criticized for listening to what bankers have to say. | Federal Reserve Board's "official staff commentary" that states that fee for courier service charged by settlement agent to send document to title company or some other party is not finance charge, provided that creditor has not required use of courier or retained the charge, is entitled to some weight as interpretation of statute, despite complaint that it was issued after transaction at issue in case. 12 C.F.R. Pt. 226, Supp. I comment. | Can a fee for courier service charged by a settlement agent be considered as a finance charge if the creditor has not required the use of a courier? | 013955.docx | LEGALEASE-00155160-LEGALEASE-00155161 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 1329 | Thompson v. Echostar Commc'ns Corp., 89 So. 3d 696 | 46H+1247 | Thompson contends that because Rule 41(b) does not mention sanctions, the circuit court lacked the authority to impose sanctions. However, Thompson is mistaken. "A court has the inherent power to impose sanctions in order to protect the integrity of the judicial process." Barrett, 27 So.3d at 370 (25) (citing Wyssbrod v. Wittjen, 798 So.2d 352, 368 (58) (Miss.2001)). Therefore, even though Rule 41(b) does not specifically mention sanctions, a court may impose lesser sanctions instead of dismissing a case for lack of prosecution. See Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1034 (12) (Miss.1999). "Lesser sanctions include fines, costs, or damages against [a] plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." Id. at 1035 (16) (quoting Wallace v. Jones, 572 So.2d 371, 377 (Miss.1990)). | Even though the rule providing for the dismissal of an action for failure to prosecute does not specifically mention sanctions, a court may impose lesser sanctions including fines, costs, or damages against a plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Can lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct include fines, costs, or damages against plaintiff or his counsel?" | Pretrial Procedure - Memo # 10205 - C - SJ.docx | LEGALEASE-00044972-LEGALEASE-00044973 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 1330 | Zuleski v. Pipella, 309 Minn. 585 | 307A+563 | A dismissal under this rule is an exercise of discretionary authority which will be sustained on appeal absent a showing of clear abuse viewing the record in light most favorable to the trial court's order. Electro Nuclear Systems Corp. v. Telex Corp., 295 Minn. 576, 205 N.W.2d 127 (1973); Kielsa v. St. John's Lutheran Hospital Assn., 287 Minn. 187, 177 N.W.2d 420 (1970). The decision to dismiss necessarily depends upon the circumstances peculiar to each case, justice and equity to each party, and considered "with reference to "just, speedy, and inexpensive" disposition of the case and the policy underlying the dismissal rules of preventing harassment and unreasonable delays in litigation." Firoved v. General Motors Corp., 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). | Dismissal for failure to prosecute or to comply with rules or order of court necessarily depends upon circumstances peculiar to each case, justice and equity to each party, and must be considered with reference to just, speedy and inexpensive disposition of case and policy underlying dismissal rules of preventing harassment and unreasonable delays in litigation. | "Should justice and equity to each party be considered with reference to just, speedy and inexpensive disposition of case for dismissal for failure to prosecute?" | 039153.docx | LEGALEASE-00155311-LEGALEASE-00155312 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 1331 | Crepin v. Fogarty, 59 A.D.3d 837 | 307A+685 | In this procedural context, "the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26 2005). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (id.). When the motion to dismiss is premised upon documentary evidence, "such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff allegations, conclusively establishing a defense as a matter of law" (Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190 [2002). While factual affidavits submitted by a plaintiff may be considered to remedy defects in the complaint (see Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 1994), affidavits submitted by a defendant do not constitute documentary evidence upon which a proponent of dismissal can rely (see Realty Invs. of USA v. Bhaidaswala, 254 A.D.2d 603, 604"605, 679 N.Y.S.2d 179 1998; Siegel, Practice Commentaries, McKinney Cons. Laws of N.Y., Book 7B, CPLR 3211:10, at 21"22). | While factual affidavits submitted by a plaintiff may be considered to remedy defects in the complaint, affidavits submitted by a defendant do not constitute documentary evidence upon which a proponent of dismissal can rely. McKinney's CPLR 3211(a)(1). | "While factual affidavits submitted by a plaintiff can be considered to remedy defects in the complaint, do affidavits submitted by a defendant not constitute documentary evidence upon which a proponent of a dismissal can rely?" | Pretrial Procedure - Memo # 9919 - C - NE_61471.docx | ROSS-003293105-ROSS-003293106 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 1332 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | The circumstances under which this discretion may properly be exercised by a Court below have often been set forth. A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. Manson v. First National Bank, 366 Pa. 211, 215, 77 A.2d 399; Alker v. Philadelphia National Bank, 372 Pa. 327, 333, 93 A.2d 699; Hruska v. Gibson, 316 Pa. 518, 519, 175 A. 514. | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Is entry of non pros proper if party to proceeding has shown want of due diligence by failing to proceed with reasonable promptness? | Pretrial Procedure - Memo # 10042 - C - KG_62384.docx | ROSS-003282098-ROSS-003282099 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 15,944 | 14,973 | 21,876 | 9,029 |
| 1333 | Gismondi v. Baker Residential Stuart Corp., 1 286 A.D.2d 924 | 307Ak485 | Defendant appeals from an order granting plaintiff's motion for reargument and, upon reargument, vacating the action for failure to prosecute and restoring the action for failure to prosecute... [Plaintiff's failure to serve an affidavit of merit until the motion to reargue, "It has long been the rule that where, as here, the delay in serving and filing the note of issue is excused and affidavits contributed to by the defendant, its motion to dismiss should be denied without requiring the affidavit to serve an affidavit of merit "] Schwartz v Kessler Biddle Corp., 97 A.D.2d 711, 467 N.Y.S.2d 679) It is evident from the record before us that plaintiff sought discovery throughout the period of the action, seeking the following: defendant's service of the 90°day demand (see, CPLR 3216[b][3]), and that defendant's failure to cooperate with plaintiff's discovery attempts contributed to greatly delay in filing the note of issue. Thus, defendant is not entitled to dismissal of this action for failure to prosecute. | Where delay in serving and filing note of issue is caused or affirmatively contributed to by the defendant, defendant's motion to dismiss be denied without requiring a plaintiff to serve an affidavit of merit? | "Where delay in serving and filing note of issue is caused or affirmatively contributed to by the defendant, should a defense motion to dismiss be denied without requiring a plaintiff to serve an affidavit of merit?" | 02453.docx | LEGALEASE-00155188 LEGALEASE-00156189 | Condensed, SA, SA | 0.8 | | 1 | | 1 | 1 |
| 1334 | Wilcox v. Webster Ins., 1 294 Conn. 206 | 307Ak485 | The record reveals the following relevant factual and procedural history. In statement of the facts, which he alleged, he is in... [allegations in the revised complaint of July 19, 2007. Although the defendant disputes several of the material allegations, "[a] motion to dismiss admits all well-pleaded facts, the complaint construed most favorably to the plaintiff," accompanies the motion." (Internal quotation marks omitted.) May v. Coffey, 291 Conn. 106, 108, 967 A.2d 495 (2009). When, as in the present case, a motion to dismiss "is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for the determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees of Regional Community Colleges, 207 Conn. 59, 62, 539 A.2d 1000 (1988). | When a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint? | "Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for the determination of the jurisdictional issue?" | Pretrial Procedure Memo # 8989_C_SA&_A2118.docx | ROSS-000181867-ROSS-000181868 | Condensed, SA | 0.69 | | 0 | | 1 | 1 |
| 1335 | Nowicki v. Cannon Steel Erection Co., 1 711 N.E.2d 536 | 307Ak485 | When determining whether an on-the-job injury claim should be... [dismissed for lack of subject matter jurisdiction, the trial court may consider the pleadings, affidavits, and any other evidence submitted. In addition, the court may weigh the evidence to determine the existence of the requisite jurisdictional facts and resolve factual disputes. Davis v. Central Rest-A-Cone, Inc., 661 N.E.2d 171, 173 (Ind.Ct.App.1996). Where, as here, the trial court considers evidence in addition to the pleadings, we review the court's determination of factual disputes to determine whether its finding are clearly erroneous, that is, we consider the evidence most favorable to the judgment along with the reasonable inferences to be drawn therefrom. Lawson v. Remy Mfg., Inc., 678 N.E.2d 131 (Ind.Ct.App.1997); only if we conclude the trial court's decision was clearly erroneous because it is unsupported by the evidence or the credibility of witnesses, id. A finding is clearly erroneous when the record lacks any facts or reasonable inferences to support it. id. | When determining whether an on-the-job injury claim should be dismissed for lack of subject matter jurisdiction, can the trial court consider the pleadings, affidavits and any other evidence submitted? | "When determining whether an on-the-job injury claim should be dismissed for lack of subject matter jurisdiction, can the trial court consider the pleadings, affidavits and any other evidence submitted?" | 02484.docx | LEGALEASE-00156685 LEGALEASE-00156686 | Condensed, SA | 0.67 | | 1 | | 0 | 1 |
| 1336 | Laspisa Williams v. Laspisa Williams, 1 46 Conn. App. 165 | 307Ak485 | "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706 (1998); " "[S]ubject matter jurisdiction over a claim cannot be created through consent or waiver," survives a motion to dismiss, a court must take the facts to those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998) (Lapa Amaral).. Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1998). "The motion to dismiss ... admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone ... Where, however ... the motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue." (Citation omitted; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). | Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue? | "Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for the determination of the jurisdictional issue?" | Pretrial Procedure - Memo # 10411_C_VP_43366.docx | ROSS-000328283-ROSS-000328284 | SA, SA | 0.78 | | 1 | | 1 | 1 |
| 1337 | Nielsen-Massey Vanillas v. City of Waukegan, 1 276 Ill. App. 3d 146 | 307Ak485 | "Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Where defendant submits an affidavit in support of a motion to dismiss which controverts a well-pleaded fact in the complaint and the plaintiff fails to file a counteraffidavit, the facts set forth in the affidavit are accepted as true despite any contrary assertions in the plaintiff's complaint." (Di Benedetto v. Flora Township (1992), 153 Ill.2d 66, 73, 178 Ill.Dec. 70, 605 N.E.2d 571.) It was incumbent upon plaintiff to file a counter-affidavit. The facts contained in the defendant's affidavit are sufficient to preclude plaintiff's claim. Evidence that an affidavit may raise matters not contained in the pleadings. However, where the matters set out in the affidavit are not contradicted by counteraffidavit, they must be taken as true. See Uniform Superior Court Civil Rule 6.1. | When defendant submits an affidavit in support of a motion to dismiss which controverts a well-pleaded fact in complaint and the plaintiff fails to file a counteraffidavit, are the facts set forth in the affidavit accepted as true despite any contrary assertions in complaint? | "When a defendant submits an affidavit in support of a motion to dismiss, are the facts set forth in the affidavit accepted as true despite any contrary assertions in complaint?" | Pretrial Procedure - Memo # 10411_C_KL_43759.docx | ROSS-000296153-ROSS-000296154 | Condensed, SA | 0.49 | | 0 | | 1 | 1 |
| 1338 | Sossrill Palmore v. Sure Snap Corp., 1 207 Ga. App. 539 | 307Ak485 | "Our precedents establish that a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving jurisdiction. Easterling v. Easterling, 231 Ga. 90 (200 SE2d 267) (1973). However, where such matters are considered, a trial court sits as a trier of fact and the judgment is based on oral or documentary evidence. GaCode Ann. § 9-11-12(b)(1) (1983). Further, to the extent that defendant's evidence is controverted by the plaintiff, plaintiff may rely only on the pleadings, but must also submit supporting affidavits or documentary evidence. Id. at 84(1), 168 SE2d 223). | When an outcome of a motion to dismiss for lack of jurisdiction depends on unstipulated facts, should a motion for affidavits or citations to evidentiary material in record? | "When an outcome of a motion to dismiss for lack of jurisdiction depends upon unstipulated facts, should a motion be accompanied by a supporting affidavit or citations to evidentiary material in record?" | Pretrial Procedure - Memo # 10411_C_KL_42581.docx | ROSS-000298049 | Condensed, Order, SA | 0.61 | | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 22,876 | 9,029 |
| 1339 | MAG, T. v. Trans-Cont. Appraisal Dist., 811 S.W.2d 617 | 15A+2151 | The intent of the administrative review process is to resolve the majority of tax protests at the administrative level next to relieve the burden on the court system. Webb County Appraisal Dist. v. New Laredo Hotel, 792 S.W.2d 952, 954 (Tex.1990). Texas law seeks to resolve a matter involving the body's exclusive jurisdiction review of the administrative orders is not available unless all administrative remedies have been exhausted in the Tax court. ... See also 201 S.W.2d 2001.171 (West 2000); Subaru, 8 S.W.3d at 231; Strayhorn v. Lexington Ins. Co., 128 S.W.3d 772, 777 (Tex. App.-Austin 2004, pet. filed). | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must dismiss such claims without prejudice. V.T.C.A., Government Code § 2001.171. | "In cases where an agency has exclusive jurisdiction, should a trial court dismiss claims without prejudice until the party has exhausted all administrative remedies?" | 02493.docx | LEGALEASE 00157562 - LEGALEASE 00157563 | SA, Sub | 0.58 | 0 | | | 1 | |
| 1340 | Rogers v. Gunn, 982 So..2d 3074x690 | 3074x690 | On appeal, the former husband first argues that the trial court abused its discretion in dismissing his action without prejudice. Secondly, he argues that even if the trial court did not abuse its discretion by dismissing his action without prejudice, it erred in terminating an action for want of prosecution and do not hesitate to set aside an order where there has been a large delay in prosecution. K P v. Word, 144 So.2d 1241 (Ala.1992). A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default." | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can a trial court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | Pretrial Procedure - Memo 4.2014 C - TL_63383.docx | ROSS 00297858 ROSS-000293861 | Condensed, SA | 0.77 | | | | 1 | |
| 1341 | Hobz, Comm'ns v. Word Cty. Appraisal Dist., 296 S.W.3d 707 | 3074x690 | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must generally dismiss such claims without prejudice. Tex.Gov't Code Ann.? 2001.171 (Vernon 2008); Subaru of America, Inc. v. David Mcdavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex.2002); MAG T. v. D F. Trans-Cont. Appraisal Dist., 311 S.W.3d 617 (Tex. App. 2005, pet. denied), see Tex.Gov't Code Ann. ? 311.034 (Vernon Supp. 2008). These cases explain that subject matter jurisdiction, as opposed to notice, are jurisdictional requirements in all suits against a governmental entity.? Taxing authorities have exclusive jurisdiction over tax disputes, and taxpayers must exhaust their administrative remedies before seeking judicial review. | If an agency has exclusive jurisdiction to determine a matter, a litigant's failure to exhaust all administrative remedies before seeking judicial review of the administrative body's actions deprives the court of subject matter jurisdiction over claims within the body's exclusive jurisdiction, and the court must generally dismiss such claims without prejudice. V.T.C.A., Government Code § 2001.171. | "If an agency has exclusive jurisdiction to determine a matter, should all administrative remedies be exhausted before seeking judicial review of the agency's action?" | 02504.docx | LEGALEASE 00156703- LEGALEASE 00156704 | SA, Sub | 0.59 | | | | 1 | |
| 1342 | Eschgev v. Sun Ref. & Mktg. Co., 379 Pa. Super. 69 | 3074x690 | The three requirements that must be satisfied in order to open a judgment taken by confession are:(1) the petition to open must be promptly filed, (2) a reasonable explanation or excuse must be offered for the petitioner's defective conduct, and (3) facts constituting grounds for the petitioner's underlying cause of action must be alleged. Wenger v. Ziegler, 424 Pa. 268, 270, 226 A.2d 653, 657 (1967); M & P Hood Corp. v. Marchese, 315 Pa.Super. 452, 484 A.2d 510 (1983); Green v. Stevenson, ... | There are three requirements that must be satisfied in order to open a judgment taken by confession: (1) the petition to open must be promptly filed, (2) a reasonable explanation or excuse must be offered for the petitioner's defective conduct, and (3) facts constituting grounds for the petitioner's underlying cause of action must be alleged. | Are there three requirements that must be satisfied in order to open a judgment taken by confession? | 02557.docx | LEGALEASE 00158234 - LEGALEASE 00158235 | Condensed, SA | 0.62 | | | | 1 | |
| 1343 | Clark v. Yarbrough, 900 S.W.2d 406 | 3074x691 | A trial court has the authority to dismiss a case for want of prosecution pursuant to Rule 165a or its inherent power. Chura v. Southern Pac. Transp. Co., 766 S.W.2d 661, 662 (Tex. App.-San Antonio 1989, writ denied). A court may dismiss a case for want of prosecution at common law under its inherent power when the plaintiff fails to prosecute his suit with due diligence. Veerkamp's Am.Texas Rules Civ.Proc., Rule 165a, 165b, subdiv. 1, 2, 4, 5. ... | Court may dismiss case for want of prosecution if party seeking relief fails to pursue for one hearing or trial of which party has notice, or for noncompliance with time standards; or for lack of due diligence and different kind of dismissal is cumulative and independent; Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165b, subds. 1, 2, 4. | Can a court dismiss case for want of prosecution if a party fails to appear for its one hearing or trial of which party has notice? | 02794.docx | LEGALEASE 00159376- LEGALEASE 00159377 | Condensed, SA | 0.62 | | | | 1 | |
| 1344 | Potter v. Harvey, 30 Iowa 502 | 308+3211 | In would same not upud to purpose to copy herein at length the other instructions given and refused. We may say, in answer to the objections made in argument, that it was found that such representations were false, he will be estopped from a forward claiming damages on account of such false representations; It is a rule that he cannot, in any and at equitation, if the contract was made by an agent of the purchaser, and the principal was ignorant of the false representations having been made, although he knew the facts showing their falsity. | While the general rule is recognized that, if the purchaser of property, who, is claimed, relied upon the representations of the seller, shall receive and pay for property he has learned that such representations are false, he will be estopped from a forward claiming damages on account of such false representations; It is, nevertheless, held that this rule has no just application, if the contract was made by an agent of the purchaser, and the principal was ignorant of the false representations having been made, although he knew the facts showing their falsity. | Is a person who believes that the representations of an agent were false, estopped from afterward claiming damage for such false representations when the principal of the agent is ignorant of the false representations? | 04370.docx | LEGALEASE 00158977- LEGALEASE 00158978 | Condensed, Sub, SA, 0.18 | | | | 1 | 1 |
| 1345 | Brem v. Bd. of Trustees of Davis & Elkins Coll., 173 W. Va. 36 | 3074x698 | This Court has already rejected the argument for future reinstatement. See Arden's, supra. Nilsen v. Carroll Tooling Co., 139 W.Va. 583, 82 S.E.2d 441 (1954). White Sulphur Springs, Inc. v. Jarrett, 124 W.Va. 486, 20 S.E.2d 794 (1942); Higgs v. Cunningham, 71 W. Va. 674, 77 S.E. 273 (1911). Thus, under Rule 41(b), in order to reinstate a case of which action has been dismissed for want of prosecution, the plaintiff must move for reinstatement within three terms of entry of the dismissal order and make a showing of good cause which adequately excuses his neglect in prosecution of the case. | In order to reinstate a case of action which has been dismissed for failure to prosecute, plaintiff must move for reinstatement within three terms of entry of dismissal order and make showing of good cause which adequately excuses his neglect in prosecution of case. Rules Civ.Proc., Rule 41(b). | "In order to reinstate a case of action which has been dismissed for failure to prosecute, should the plaintiff move for reinstatement within three terms of entry of the dismissal order?" | 03906.docx | LEGALEASE 00159571- LEGALEASE 00159572 | Condensed, Order, SA | 0.51 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1346 | Great Old Broads for Wilderness v. Kimbell, 709 F.3d 836 | 411+7 | The exhaustion doctrine serves "to permit administrative agencies to utilize their expertise, correct any mistakes, and avoid unnecessary judicial intervention in the process." Lands Council v. McNair, 629 F.3d 1070, 1076 (9th Cir.2010) (en banc) (citing Buckingham v. U.S. Dep't of Agric., 603 F.3d 1073, 1080 (9th Cir.2010)). The APA requires that plaintiffs exhaust available administrative remedies before bringing grievances to federal court, 5 U.S.C. " 704, including the specific appeal procedures established by the Secretary before bringing an action in court against the Secretary of Agriculture. 7 U.S.C. " 6912(e); 36 C.F.R. " 215. Plaintiffs need not frame issues in "precise legal formulations," so long as "the appeal, taken as a whole, provide[s] sufficient notice to the Forest Service to afford it the opportunity to rectify the violations that the plaintiffs alleged." Native Ecosystems Council, 304 F.3d at 899"900. When appellants object to a Forest Service decision, "claims raised at the administrative appeal and in the federal complaint must be so similar that the district court can ascertain that the agency was on notice of, and had an opportunity to consider and decide, the same claims now raised in federal court." Id. (quotation removed). | Plaintiffs objecting to a Forest Service decision need not frame issues in precise legal formulations to exhaust their administrative remedies, so long as the appeal, taken as a whole, provides sufficient notice to the Forest Service to afford it the opportunity to rectify the violations that the plaintiffs alleged; however, claims raised at the administrative appeal and in the federal complaint must be so similar that the district court can ascertain that the agency was on notice of, and had an opportunity to consider and decide, the same claims now raised in federal court. 5 U.S.C.A. S 704; Department of Agriculture Reorganization Act of 1994, S 212(e), 7 U.S.C.A. S 6912(e); 36 C.F.R. S 215. | "While objecting to a Forest Service decision, should the claims raised at the administrative appeal and in the federal complaint be similar so as to ascertain whether the agency was on notice of the same claims raised in the federal court?" | Woods and Forest - Memo 7 - ANM_64525.docx | ROSS-003296223-ROSS-003296224 | Order, SA, Sub | 0.45 | 1 | 0 | 1 | 1 | 1 |
| 1347 | State v. $3,000.00 in U.S. Currency, 292 N.J. Super. 205 | 135H+25 | For purposes of the Double Jeopardy Clause, civil forfeiture provided for by 21 U.S.C.A. " 881(a)(6) and (7) (property constituting proceeds of or facilitating illegal drug transactions) and by 18 U.S.C.A. " 981(a)(1)(A) (property involved in money laundering) does not constitute punishment within the intendment of the Double Jeopardy Clause of the Fifth Amendment. It is plain that for purposes of double jeopardy analysis, the New Jersey in rem forfeiture statute, N.J.S.A. 2C:64"1 et seq., is substantially the same as the federal legislation. | For double jeopardy purposes, civil forfeiture of property constituting proceeds of or facilitating illegal drug transactions and property involved in money laundering does not constitute "punishment." U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 981(a)(1)(A); Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6, 7), 21 U.S.C.A. S 881(a)(6, 7). | "For double jeopardy purposes, does civil forfeiture of property constituting proceeds of or facilitating illegal drug transactions and property involved in money laundering not constitute ""punishment""?" | 015345.docx | LEGALEASE-00160630-LEGALEASE-00160631 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 1348 | Sims-Hearn v. Office of Med. Exam'r, Cty. of Cook, 359 Ill. App. 3d 439 | 307A+695 | Whether a local governmental entity owes a duty of care and whether that entity enjoys immunity pursuant to the Act are separate inquiries. Arteman v. Clinton Community Unit School District No. 15, 198 Ill.2d 475, 479-80, 261 Ill.Dec. 507, 763 N.E.2d 756 (2002)("the Act does not create duties, but merely articulates which of the delineated immunities apply to certain common law duties"), citing Vesey v. Chicago Housing Authority, 145 Ill.2d 404, 412, 164 Ill.Dec. 622, 583 N.E.2d 538 (1991). Therefore, the threshold issue to address before we consider the applicability of the Act's protections is whether defendant owed any duty of care to the plaintiff under the circumstances. Arteman, 198 Ill.2d at 480, 261 Ill.Dec. 507, 763 N.E.2d 756. A trial court may dismiss a complaint for failure to state a cause of action with no opportunity to replead if it is clearly apparent that no set of facts can be proven which will entitle plaintiff to recovery. Jackson v. Michael Reese Hospital & Medical Center, 294 Ill.App.3d 1, 18, 228 Ill.Dec. 333, 689 N.E.2d 205 (1997), citing Illinois Graphics Co. v. Nickum, 159 Ill.2d 469, 488, 203 Ill.Dec. 463, 639 N.E.2d 1282 (1994). | Trial court may dismiss a complaint for failure to state a cause of action with no opportunity to replead if it is clearly apparent that no set of facts can be proven which will entitle plaintiff to recovery. | Should a complaint be dismissed for failure to state cause of action with no opportunity to replead only if it is clearly apparent that no set of facts can be proven that would entitle a plaintiff to recovery? | Pretrial Procedure - Memo 11628 - C - TJ_65365.docx | ROSS-003293221-ROSS-003293222 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 1349 | Azimi v. Johns, 254 P.3d 1054 | 307A+583 | In addition, we have long held that before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Here, the superior court did inform Azimi that if he was not prepared for trial, "we'll have the jury picked and if you don't put on any evidence, I will end up having to dismiss your case." But contrary to the superior court's December 19 warning, the court dismissed the case before trial, without determining that Azimi's evidence was insufficient to prove any of his claims, and Azimi was never squarely given the choice to proceed to trial or have his complaint dismissed. If Azimi's complaint was dismissed on the basis of his alleged failure to comply with court orders, it was an abuse of discretion. | Before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute or to abide by court rules, the court must give the litigant notice and an adequate opportunity to cure the defects in his pleadings. Rules Civ.Proc., Rules 37, 41(b). | "Should a court give the litigant notice and an adequate opportunity to cure the defects in his pleadings, before a litigation-ending order is entered on the basis of a pro se litigant's failure to prosecute?" | 040401.docx | LEGALEASE-00160672-LEGALEASE-00160673 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 1350 | Ribaudo v. La Salle Inst., 45 A.D.3d 556 | 315T+127 | Basketball player assumed the risk of injury from running into concrete wall while playing basketball in private high school's gymnasium, where risk of colliding with the wall was inherent in the sport, condition of the wall was open and obvious, and there was no evidence that school's failure to pad the wall created a risk beyond those inherent in the sport, or that position of the wall or lack of padding violated any applicable standards relating to basketball courts. The defendants made a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of the risk by demonstrating that the risk of colliding with a wall was inherent in the sport, and the condition of the wall was open and obvious (see Trevett v. City of Little Falls, 6 N.Y.3d 884, 816 N.Y.S.2d 738, 849 N.E.2d 961). In opposition, the plaintiffs failed to raise an issue of fact as to whether the failure to pad the wall created a risk beyond those inherent in the sport of basketball (see Kazlow v. City of New York, 253 A.D.2d 411, 676 N.Y.S.2d 229). | Basketball player assumed the risk of injury from running into concrete wall while playing basketball in private high school's gymnasium, where risk of colliding with the wall was inherent in the sport, condition of the wall was open and obvious, and there was no evidence that school's failure to pad the wall created a risk beyond those inherent in the sport, or that position of the wall or lack of padding violated any applicable standards relating to basketball courts. | Do students assume the risk of injury while participating in atheltics and physical education at school? | 017191.docx | LEGALEASE-00162004-LEGALEASE-00162006 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Memo Question | Copied Headnote Text | Judicial Opinion Text | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1351 | Kinney v. Scholz, 201 A.3.D.d 784 | 307A+697 | "To warrant vacatur of judgment of dismissal of an action deemed abandoned should a plaintiff demonstrate a meritorious cause of action?" | To warrant vacatur of judgment of dismissal of an action and restoration of action to calendar, plaintiff must demonstrate a meritorious cause of action, reasonable excuse for delay, absence of prejudice to defendant if action is restored, and no intent to abandon action. McKinney's CPLR 3404. | Defendant contends that Supreme Court improperly vacated the judgment ... 143 A.D.2d 656, 582 N.Y.S.2d 510). | 04067.docx | LEGALEASE 00162484-LEGALEASE 00162485 | Condensed, Order, SA | 0.74 | 1 | 1 | 0 | 1 | |
| 1352 | Hernandez-Zuniga v. Tickle, 374 L.C. 235 | 413+186 | "With the basic purpose of the Workmen's Compensation Act being the inclusion of employers and employees within its coverage and not their exclusion, and should a construction be adopted that does violence to the Act?" | In determining jurisdictional questions, it must be kept in mind that the basic purpose of the workers' compensation law is the inclusion of employers and employees within its coverage and not their exclusion, and doubt of jurisdiction will be resolved in favor of inclusion rather than exclusion; however, a construction should not be adopted that does violence to the specific provisions of the workers' compensation law. | Workers' compensation statutes are construed liberally in favor of coverage, and South Carolina's policy is to resolve jurisdictional doubts in favor of the inclusion ... 334 A.D.2d 656.N.E.2d 510). | Workers' Compensation Memo 714 - C - ANC_57888.docx | ROSS 003292164-ROSS 003292557 | SA, Sub | 0.64 | | 1 | 1 | 1 | |
| 1353 | Ex Ryan v. State, 90 Okla. Crim. 74 | 110+243 | "For 'jeopardy' to attach, defendant must be put on trial before a court of competent jurisdiction under indictment or information sufficient to sustain a conviction of a crime charged?" | For "jeopardy" to attach, defendant must be put on trial before a court of competent jurisdiction under indictment or information sufficient to sustain a conviction of a crime charged and jury must be impaneled and sworn, without defendant's consent, and when all such conditions concur, jury's discharge constitutes jeopardy and operates as acquittal of defendant, who cannot again be tried for same offense. | The jeopardy argued and urged by the defendant is not a new question in this state ... who cannot again be tried for same offense. | 03568.docx | LEGALEASE 00162863-LEGALEASE 00162864 | Condensed, SA | 0.43 | | 1 | 1 | 1 | |
| 1354 | Lagga v. State, 564 N.E.2d 204 | 110+10.10 | "Is a defendant subjected to double jeopardy where a felony is class based on the same statutory factor and factual basis that was used to elevate another felony in class, thus the two cannot be tried together and because one must be reduced in class, U.S.C.A. Const. Amend. 5." | A defendant is subjected to double jeopardy where a felony is elevated in class based on the same statutory factor and factual basis that was used to elevate another felony in class, thus the two cannot be tried together and because one must be reduced in class. U.S.C.A. Const.Amend. 5. | A defendant is subjected to double jeopardy ... Art. 1, § 5.B. | 04853.docx | LEGALEASE 00163988-LEGALEASE 00163989 | SA, Sub | 0.51 | | 1 | 1 | 1 | |
| 1355 | State v. Landreau, 157 A.3d 239 | 110+91.5.1 | "Absent defendant's consent to or the manifest necessity for a mistrial, does the Double Jeopardy Clause of the federal and state constitutions preclude a second prosecution of the defendant on the same charges after the declaration of a mistrial?" | Absent defendant's consent to or the manifest necessity for a mistrial, the Double Jeopardy Clause of the federal and state constitutions preclude a second prosecution of the defendant on the same charges after the declaration of a mistrial. U.S. Const. Amend. 5; Me. Const. art. 1, § 8. | [Absent the defendant's consent to or the manifest necessity for a mistrial ... substantial evidence and are legally sound.] | 03389.docx | LEGALEASE 00165145-LEGALEASE 00165146 | Condensed, SA, Sub | 1.2 | | 1 | 1 | 1 | |

255

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1356 | Gianatasio v. D'Agostino, 862 F. Supp. 2d 343 | 336H+124(1) | The Full Faith and Credit Clause of the United States Constitution, Art. IV, " 1, and the federal full faith and credit statute, 28 U.S.C. " 1783, mandate that federal courts give preclusive effect to judgments on the merits from state courts. "[T]he preclusion law of the state in which the judgment was rendered ..." governs the federal court's determination of the preclusive effect of the state court decision." Vigliano v. County of Westchester, No. 92 Civ. 3598(MJL), 1998 WL 912081, at (S.D.N.Y. Dec. 30, 1998) (quoting Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)); see also Matter of Anonymous v. Kaye, No. 94 Civ. 2882(JFK), 1995 WL 617795, at (S.D.N.Y. Oct. 19, 1995). In New York "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." O'Brien v. City of Syracuse, 445 N.Y.S.2d 687, 688, 54 N.Y.2d 353, 429 N.E.2d 1158 (1981). However, "when a complaint is dismissed for legal insufficiency or other defect in [the] pleading, it does not act as a bar to commencement of a new action for the same relief unless the dismissal was expressly made on the merits or the new complaint fails to correct the defects or omissions fatal to the prior one."Deacon's Bench, Inc. v. Hoffman, 101 A.D.2d 971, 971, 477 N.Y.S.2d 447 (3d Dep't 1984); accord Pretzel Time, Inc. v. Pretzel Int'l, Inc., No. 98 Civ. 1544, 1998 WL 474075, at (S.D.N.Y. Aug. 10, 1998). | Under New York res judicata law, when a complaint is dismissed for legal insufficiency or other defect in the pleading, it does not act as a bar to commencement of a new action for the same relief unless the dismissal was expressly made on the merits or the new complaint fails to correct the defects or omissions fatal to the prior one. | "When a complaint is dismissed for legal insufficiency or other defect in pleading, does it not act as a bar to commencement of a new action for the same relief?" | Pretrial Procedure - Memo 12081 - C - TM_67057.docx | ROSS-003296210-ROSS-003296211 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 1357 | Bain v. Doyle, 807 P.2d 1225 | 413+186 | Except for the owner of a private home, " 8-48-102(1) provides that any person or other entity owning real property or improvements thereon and contracting out any work done on and to said property shall be deemed an employer within the provisions of the Workers' Compensation Act. Included within the definition of employer are the employees, servants, and agents of the property owner. Halter v. Waco Scaffolding & Equipment Co., 797 P.2d 790 (Colo.App.1990). | Included within definition of "employer," under statute providing that except for owner of private home any person or other entity owning real property or improvements thereon and contracting out any work done on and to the property shall be deemed an employer under Workers' Compensation Act, are employees, servants, and agents of property owner. C.R.S. 8-48-102(2) (Repealed). | "In the Workers Compensation Act, what is included within the definition of an employer?" | 048761.docx | LEGALEASE-00164144-LEGALEASE-00164145 | Condensed, SA, Sub | 0.17 | 0 | 1 | 1 | 1 | 1 |
| 1358 | City of Smithville v. Summers, 690 S.W.2d 850 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant against multiple punishments or successive prosecutions for the same offense.United States v. Wilson, 420 U.S. 332, 343, 95 S.Ct. 1013, 1021, 43 L.Ed.2d 232 (1975). That principle expresses a constitutional policy of finality for the benefit of the defendant in a criminal proceeding. It manifests the willingness of our society to limit government to a single proceeding to vindicate its very vital interest in the enforcement of the criminal laws. United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971). A criminal defendant owns "the valued right to have his trial completed by a particular tribunal." Thus, the declaration of a mistrial implicates that right. Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949); State v. Irving, 559 S.W.2d 301, 306 (Mo.App.1977). | Double jeopardy clause expresses constitutional policy of finality for benefit of defendant in criminal proceeding, manifesting willingness of society to limit government to single proceeding to vindicate its vital interest in enforcement of criminal laws. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause limit the government to a single criminal proceeding to vindicate its vital interest in enforcement of criminal laws? | 016653.docx | LEGALEASE-00165111-LEGALEASE-00165112 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 1359 | Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 442 F.3d 410 | 92+4226 | State interscholastic athletic association violated private high school's procedural due process rights when it imposed fine on school for allegedly violating association's recruiting rule, where association failed to give school notice that it would consider evidence regarding alleged recruiting performed by coach who was not affiliated with the school. Due process requires that a school be given a chance to respond to those issues before the penalties are imposed. U.S.C.A. Const.Amend. 14. The district court correctly concluded that in a situation such as the one presented by this case, due process requires that a school be informed of all of the issues relied on by an athletic association levying penalties against the school and be given a chance to respond to those issues before the penalties are imposed. Such a requirement imposes only a minimal burden on the state actor and would be of great value in ensuring that a school is not wrongfully penalized. Moreover, as the district court noted, such a requirement is clearly consistent with the notification requirements set out by this court and others in analogous situations. | State interscholastic athletic association violated private high school's procedural due process rights when it imposed fine on school for allegedly violating association's recruiting rule, where association failed to give school notice that it wouldconsider evidence regarding alleged recruiting performed by coach who was not affiliated with the school, but used such evidence in its deliberations and when imposing penalties on school. U.S.C.A. Const.Amend. 14. | Are schools deprived of due process when athletic associations impose penalties on schools without providing notice or a chance to respond? | 017297.docx | LEGALEASE-00164321-LEGALEASE-00164322 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 1360 | DiCenso v. Robinson, 316 F. Supp. 112 | 141E+947 | Rhode Island Salary Supplement Act, providing for payment of state funds to teachers of secular subjects in nonpublic elementary schools, results in excessive government entanglement with religion and thus violates establishment clause of First Amendment. Pub.Laws R.I.1969, c. 246; U.S.C.A.Const. Amends. 1, 14. In short, we see as the necessary effects of the kind of legislation involved here not only substantial support for a religious enterprise, but also the kind of reciprocal embroilments of government and religion which the First Amendment was meant to avoid. We therefore hold that the Salary Supplement Act results in excessive government entanglement with religion and thus violates the Establishment Clause of the First Amendment.15 Accord, Opinion of the Justices, 261 A.2d 58 (Me. Jan. 15, 1970). | Rhode Island Salary Supplement Act, providing for payment of state funds to teachers of secular subjects in nonpublic elementary schools, results in excessive government entanglement with religion and thus violates establishment clause of First Amendment. Pub.Laws R.I.1969, c. 246; U.S.C.A.Const. Amends. 1, 14. | Can a state use state fund to pay for teachers or materials of secular subjects in non-public schools without violating the First Amendment? | 017301.docx | LEGALEASE-00164331-LEGALEASE-00164332 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Memo Question | Copied Headnote | Judicial Opinion Text | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order 939 | Condensed 15,544 | Substantive Additions 15,873 | Selection & Arrangement 21,876 | Multiple Differences 9,029 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1361 | Smith v. McKee, 145 S.W.3d 299 | 307A+583 | Does the common law vest the trial court with the inherent power to dismiss for want of prosecution when a plaintiff fails to prosecute his or her case with due diligence? | The common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Appellant's first issue asserts the trial court lacked inherent power to dismiss for want of prosecution. [opinion text] Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | 041062.docx | LEGALEASE 00165457-LEGALEASE 00165458 | SA_Sub | 0.76 | | | | | 1 |
| 1362 | In re Marriage of Plaster, 155 S.W.3d 341 | 307A+585.1 | Do courts have inherent power to dismiss a case for want of prosecution? | A trial court has the inherent power to dismiss a case for want of prosecution. And ensure a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | [opinion text] Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | 041102.docx | LEGALEASE 00164935-LEGALEASE 00164936 | Condensed, SA_Sub | 0.56 | | 1 | | | |
| 1363 | In re Un Imaging Holding, 413 B.R. 405 | 349A+10 | "If one or more residual value factors is found to exist with respect to a non-terminable ""lease"" agreement, must courts examine whether the alleged lease in fact a disguised security agreement?" | Under Pennsylvania law, if Debtor fails to meet "bright line" test by demonstrating that alleged lease is non-terminable and satisfies one or more of statutory "residual value" factors, then court, to determine whether lease is in fact a disguised security agreement, must examine whether alleged lessor retains meaningful residual interest in lease term. 13 Pa.C.S.A. § 1203(b)(i)(A-D). | [opinion text] 13 Pa.C.S.A. § 1203(b)(i)(A-D). | 042855.docx | LEGALEASE 00164471-LEGALEASE 00164472 | Condensed, SA_Sub | 0.55 | | 1 | | | |
| 1364 | United States v. Bauman, 887 F.2d 546 | 110k+7 | Does the double jeopardy clause bar abusive governmental conduct designed to harass a defendant through repetitive prosecution? | Double jeopardy clause protects defendant's valued right to have trial completed by particular tribunal; it also bars abusive governmental conduct designed to harass defendant through repetitive prosecution or undertaken for purpose of increasing likelihood of conviction. U.S.C.A. Const.Amend. 5. | [opinion text] U.S.C.A. Const.Amend. 5. | 018070.docx | LEGALEASE 00165823-LEGALEASE 00165824 | SA_Sub | 0.2 | | | | | 1 |
| 1365 | State v. Burns, 40 S.W.3d 520 | 110+464 | What are the three fundamental protections encompassed in the principle of double jeopardy? | Policy underlying double jeopardy is that state, with all its resources and power, should not be able to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense, and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. U.S.C.A. Const.Amend. 5. | [opinion text] U.S.C.A. Const.Amend. 5. | Double Jeopardy Memo 918 - C - SK_67707.docx | ROSS 003218819/ROSS-003218871 | SA_Sub | 0.53 | | | | | 1 |
| 1366 | Huntman v. Louie, 173 Vt. 112 | 307A+695 | Can the court know, without hearing the parties, whether the plaintiff can be induced to amend the complaint sufficiently to state a claim entitling the plaintiff to relief? | Although a claim may be entirely spurious on its face, the court cannot know, without hearing from the plaintiff, whether the plaintiff can be induced to amend the complaint sufficiently to state a claim entitling the plaintiff to relief. V.R.C.P., Rule 12(b)(6). | [opinion text] V.R.C.P., Rule 12(b)(6). | 043846.docx | LEGALEASE 00164999-LEGALEASE 00165000 | SA_Sub | 0.69 | | | | | 1 |
| 1367 | Ferguson v. Ferguson, 667 So. 2d 1166, 241133 | 157+318(7) | Can the contents of an affidavit become inadmissible hearsay in the absence of an allegation of personal knowledge? | Generally, an affidavit is inadmissible as hearsay; furthermore, even in rare instances where acceptable as a substitute for testimony, affidavit must be based on personal knowledge, and must show that affiant is competent to testify to matters contained therein. 12A C.J.S. art. 602; 12A C.J.S. art. 603. | [opinion text] 12A C.J.S. art. 602; 12A C.J.S. art. 603. | 063220.docx | LEGALEASE 00078403-LEGALEASE 00078404 | SA_Sub | 0.49 | | | | | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1368 | Thomson v. State, 21 Wyo. 196 | 28+65 | The information was filed under the provisions of section 5832, Comp. Stat. 1910, which provides: "Whoever steals any horse, mule, sheep or neat cattle, of value, * * * shall be deemed guilty of a felony, and upon conviction thereof shall be imprisoned in the penitentiary not less than one year nor more than ten years." The information charged the defendant below, Thomson, with stealing one horse (describing it) of value the property of James Ryan. On the trial the jury returned the following verdict: "We, the jury, being lawfully impaneled and duly sworn in the above-entitled cause, do find the defendant guilty as charged in the information." The sufficiency of the verdict to support the judgment is the important question in the case. The statute provides: "When the indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained." Section 6252, Comp. Stat. 1910. The Attorney General argues that this section of the statute does not apply to the case at bar for the reason that horse stealing is declared to be a felony regardless of the value of the animal stolen, and for the further reason that at the time section 6252, supra, was adopted, horse stealing was included in the statute defining larceny generally, and to be a felony the value must be $25 or more, and if below that amount it would be a misdemeanor only; and that in that state of the law it was necessary for the jury to ascertain and return in their verdict the value of the property stolen in order to determine the grade or degree of the crime, and that it is necessary for the jury to do so only in those cases in which the value determines the degree of crime. He has cited a number of authorities to the effect that, where the statute makes the stealing of a particular article or kind of property a felony without regard to its value, | The statute, Comp.Stat. 1910, § 6252, which provides that when an indictment charges an offense against the property of another by larceny, embezzlement or obtaining under false pretenses, the jury, on conviction, shall ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained, is mandatory, and applies where the accused is charged with stealing a horse, although horse stealing is declared by statute to be a felony regardless of the value of the animal stolen. | "Upon conviction of larceny, embezzlement or obtaining under false pretense, should a jury ascertain and declare in their verdict the value of the property stolen, embezzled or falsely obtained? " | 05048.docx | LEGALEASE-00083699-LEGALEASE-00083700 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 1369 | Great Am. Ins. Companies v. Gordon Trucking, 165 Cal. App. 4th 445 | 366+29 | " "Equitable subrogation permits a party who has been required to satisfy a loss created by a third party's wrongful act to "step into the shoes" of the loser and pursue recovery from the responsible wrongdoer. [Citation.] In the insurance context, the doctrine permits the paying insurer to be placed in the shoes of the insured and to pursue recovery from third parties responsible to the insured for the loss for which the insurer was liable and paid." [Citation.] Because subrogation rights are purely derivative, an insurer cannot acquire anything by subrogation to which the insured has no right and can claim no right the insured does not have. [Citation.]" (United Services Automobile Assn. v. Alaska Ins. Co. (2001) 94 Cal.App.4th 638, 645"646, 114 Cal.Rptr.2d 449, second & third bracketed insertions added.) "The subrogated insurer is said to " "stand in the shoes" " of its insured, because it has no greater rights than the insured and is subject to the same defenses assertable against the insured." (Travelers Casualty & Surety Co. v. American Equity Ins. Co. (2001) 93 Cal.App.4th 1142, 1151, 113 Cal.Rptr.2d 613.). | "Equitable subrogation" permits a party who has been required to satisfy a loss created by a third party's wrongful act to "step into the shoes" of the loser and pursue recovery from the responsible wrongdoer. | Is subrogation a right which is purely derivative and it permits a party who has been required to satisfy a loss created by a third party's wrongful act to step into the shoes of the loser and pursue recovery from the responsible wrongdoer? | 05608.docx | LEGALEASE-00084297-LEGALEASE-00084299 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 1370 | In re Delaware R.R. Tax, 85 U.S. 206 | 371+2063 | The exercise of the authority which every State possesses to tax its corporations and all their property, real and personal, and their franchises, and to graduate the tax upon the corporations according to their business or income, or the value of their property, when this is not done by discriminating against rights held in other States, and the tax is not on imports, exports, or tonnage, or transportation to other States, cannot be regarded as conflicting with any constitutional power of Congress. | The exercise of state's authority to tax its corporations and all their property and franchises and to graduate the tax on corporations according to their business or income or the value of their property when this is not done by discriminating against rights held in other states and the tax is not on imports, exports or tonnage or transportation to other states, does not conflict with any constitutional power of congress. | Does the exercise of state's authority to tax its corporations and all their property and franchises conflict with any constitutional power of congress? | 11404.docx | LEGALEASE-00094448-LEGALEASE-00094450 | SA, Sub | 0.15 | 0 | 0 | 1 | 1 | |
| 1371 | Pruitt v. Pruitt, 2013 IL App (1st) 130032 | 307A+683 | For purposes of a section 2"619(a)(9) motion to dismiss, the defendant bears the initial burden to prove the affirmative matter defeating the plaintiff's claim. Epstein v. Chicago Board of Education, 178 Ill.2d 370, 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (1997). "The "affirmative matter" asserted by the defendant must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials." Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d 1042."Once a defendant satisfies this initial burden of going forward on the section 2"619(a)(9) motion to dismiss, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is "unfounded or requires the resolution of an essential element of material fact before it is proven." " Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (quoting Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993)). | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven; the plaintiff may establish this by presenting affidavits or other proof. S.H.A. 735 ILCS 5/2-619(a)(9), (c). | Will the burden shift to the plaintiff once the defendant satisfies the initial burden of presenting affirmative matter? | 10208.docx | LEGALEASE-00095040-LEGALEASE-00095041 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 1372 | Admiral Ins. Co. v. Arrowood Indem. Co., 471 B.R. 687 | 366+1 | The Texas Supreme Court later clarified that there are two types of subrogation. Mid"Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex.2007). Contractual (or conventional) subrogation is created by an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of a loss, while equitable (or legal) subrogation does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. Id. (citation omitted). "In either case, the insurer stands in the shoes of the insured, obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured." Id. (citation omitted). "Stowers is the only common law tort duty in the context of third party insurers responding to settlement demands." Mid"Continent, 236 S.W.3d at 776. (citation omitted). | There are two types of subrogation under Texas law: "contractual subrogation," i.e., "conventional subrogation," that is created by agreement or contract that grants right to pursue reimbursement from third party in exchange for payment of loss, and "equitable subrogation," i.e., "legal subrogation," that does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid debt for which another was primarily liable, and which in equity should have been paid by the latter. | What is the difference between legal and conventional subrogation? | 043902.docx | LEGALEASE-00121084-LEGALEASE-00121085 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1373 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A+3 | We begin by addressing Lone Star Gas's disregard for the motion in limine. A motion in limine is a procedural device that permits the trial court to limit or prohibit certain evidentiary rulings that the court may be asked to make, to identify, before trial, certain evidentiary rulings that the court may be asked to make. See Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963). The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. Id. The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence; it is merely a tentative ruling that prohibits a party from asking a certain question or offering certain evidence in front of the jury without first approaching the bench for a ruling. See Chavis v. Director, 924 S.W.2d 459, 446 (Tex.App.-Beaumont 1996, no writ). When a trial court's order on a motion in limine is violated, we review the violation to see if it is curable by instructions to the jury to disregard it. See Dove v. Director, State Employees Workers' Compensation Div., 857 S.W.2d 577, 580 (Tex.App.-Houston [14 Dist.] 1993, writ denied). | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission? | 024618.docx | LEGLEASE-00223556-LEGLEASE-00223557 | Condensed, SA | 0.72 | 0 | | 1 | 1 | |
| 1374 | Matter of Saffran, 112 N.C. App. 747 | 307A+725 | Generally, the denial of a continuance, which is within the trial court's sound discretion, will not be interfered with on appeal; however, if the ruling's discretionary component is interfered with, the discretionary component of the court requested, or other information needed in the best interest of the juvenile and to allow for a reasonable time for the parties to conduct expeditious discovery. Otherwise, continuances shall be granted only in extraordinary circumstances when necessary for the proper administration of justice or in the best interest of the juvenile. | Before ruling on motion for continuance, judge should hear the evidence, pro and con, consider it judicially, along with active and diligent and in good faith, and then rule with a view to promoting substantial justice. | Should a judge find out whether moving party has acted with pro and con, consider it judicially, along with active and diligent and in good faith, and then rule with a view to promoting substantial justice? | Pretrial Procedure - Memo A 4795 - C - NA.docx | ROSS-003283702-ROSS-003283702 | Condensed, SA | 0.81 | | | | 1 | |
| 1375 | Roman v. City of Los Angeles, 85 Cal.App. 4th 316 | 228+181(7) | A general demurrer based on the statute of limitations is only permissible where the dates alleged in the complaint show that the action is barred by the statute of limitations. (See Saliter v. Pierce Brothers Mortuaries (1978) 81 Cal.App.3d 292, 300, 146 Cal.Rptr. 271.) The running of the statute must appear "clearly and affirmatively" from the dates alleged. It is not sufficient that the complaint might be barred. (Marshall v. Gibson, Dunn & Crutcher (1995) 37 Cal.App.4th 1397, 1403, 44 Cal.Rptr.2d 339.) If the dates establishing the running of the statute of limitations do not clearly appear in the complaint, there is no ground for general demurrer. The proper remedy "is to ascertain the factual basis of the contention through discovery and, if necessary, file a motion for summary judgment...." (United Western Medical Centers v. Superior Court (1996) 42 Cal.App.4th 500, 505, 49 Cal.Rptr. 2d 682.) | If the dates establishing the running of a statute of limitations do not clearly appear in the complaint, the proper remedy is to ascertain the factual basis of the contention that limitation has not through discovery and, if necessary, to file a motion for summary judgment. | "If the dates establishing the running of a statute of limitations do not clearly appear in the complaint, is the proper remedy to ascertain the factual basis of the contention that limitation has not run through discovery?" | Pretrial Procedure - Memo A 5039 - C - SU.docx | ROSS-003291277-ROSS-003291278 | SA, Sub | 0.7 | | | 1 | 1 | |
| 1376 | Patton v. State of N.C., 381 F.2d 636 | 110H+1.5 | Double jeopardy, rather than being a single doctrine, is actually comprised of three separate though related rules, prohibiting (1) reprosecution for the same offense following conviction, and (2) reprosecution for the same offense after acquittal, and (3) multiple punishment for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). In State v. Ballard, 280 N.C. 479, 186 S.E.2d 425, 428 (1972), the court made clear that the guarantee against double jeopardy assures to the accused not merely that he will not be subjected twice to the risk of punishment, but that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. Green v. United States, 355 U.S. 184, 187-88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199. There the defendant was on trial for first degree murder and the jury was authorized to convict him either of first degree murder, second degree murder, or manslaughter. | "Double jeopardy", rather than being a single doctrine, is actually comprised of three separate though related rules prohibiting (1) reprosecution for same offense following conviction, (2) reprosecution for same offense following acquittal, and (3) multiple punishment for same offense. U.S.C.A. Const. Amend. 5. | "Rather than being a single doctrine, is double jeopardy comprised of three separate though related rules prohibiting reprosecution for a same offense following acquittal?" | Double Jeopardy - Memo 708 - C - BP_58480.docx | ROSS-003281104-ROSS-003281110 | Condensed, SA, Sub | 0.84 | | | 1 | 1 | 1 |

259

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1377 | Mahler v. Szucs, 135 Wash. 2d 398 | 366v1 | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | All of the parties here argued subrogation principles resolve the issues in these cases. Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. Ronald C. Horn, Subrogation in Insurance Theory and Practice 3 (1964). Two law review commentators have referred to this allocation rationale as stemming from "the moralistic basis of tort law as it has developed in our system." Spencer L. Kimball & Don A. Davis, The Extension of Insurance Subrogation, 60 Mich. L. Rev. 841, 841 1962). "The general purpose of subrogation is to facilitate placement of the financial consequence of loss on the party primarily responsible in law for such loss." Horn, supra, at 24. | "Does the doctrine of subrogation seek to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it?" | Subrogation - Memo 157 - AMC.docx | ROSS-003298516-ROSS-003298517 | SA_Sub | 0.69 | 0 | | | 1 | |
| 1378 | Benoit v. Primus Corp, 663 N.E.2d 464 | 366v1 | Doctrine of "subrogation" is method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the debt or claim so paid; it is alternatively defined as a doctrine under which a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer. | An examination of Illinois case law supports Primus' argument. Our supreme court has recently defined the doctrine of subrogation as "a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid." [Citation omitted.] Dix Mutual Insurance Co. v. LaFramboise, 149 Ill.2d at 320, 173 Ill.Dec. 648, 597 N.E.2d 622. Earlier, the supreme court had defined the doctrine as one under which "a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer." [Citation omitted.] Home Insurance Co. v. Cincinnati Insurance Co., 213 Ill.2d 307, 821 N.E.2d 269, 290 Ill.Dec. 218; see also, Dix Mutual Insurance Co. v. LaFramboise, supra. The doctrine of subrogation is available only where the plaintiff is under a legal obligation to pay the debt of another. See, e.g., Geldre v. Alvarado, 190 Ill.App.3d 371, 137 Ill.Dec. 789, 546 N.E.2d 611 (1989); Inland Real Estate Corp. v. Tower Construction Co., 174 Ill.App.3d 421, 429, 123 Ill.Dec. 876, 528 N.E.2d 421 (1988). | Does subrogation allow one who involuntarily paid a debt or claim of another to succeed to the rights of the other with respect to the claim or debt so paid? | Subrogation - Memo # 559 - AMC.docx | ROSS-003299317-ROSS-003299318 | SA_Sub | 0.61 | 0 | | 1 | | |
| 1379 | Coronel v. AK Victory, 1 F.Supp.3d 1175 | 16×1(1) | Federal courts' admiralty jurisdiction is exclusive only as to those maritime causes of action begun and carried on as proceedings in rem, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. 28 U.S.C.A. § 1333. | The Supreme Court has interpreted this clause as preserving to maritime litigants "all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved." Madruga v. Superior Court, 346 U.S. 556, 560-61, 74 S.Ct. 298, 98 L.Ed. 290 (1954); see also Atlantic Fruit Co., 264 U.S. 109, 123, 44 S.Ct. 274, 68 L.Ed. 582. Section 1333's saving-to-suitors clause reserves to plaintiffs all remedies traditionally available at common law via in personam proceedings. Id. As a result, federal courts' admiralty jurisdiction is "exclusive" only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien. "Madruga v. Superior Court of State of Cal. in & for San Diego Cnty., 346 U.S. 556, 560-61, 74 S.Ct. 298, 98 L.Ed. 290 (1954); see also Am. Dredging Co. v. Miller, 510 U.S. 443, 446-47, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) ("An in rem suit against a vessel is ... distinctively an admiralty proceeding, and is hence within the exclusive province of the federal courts.") [one court remark "competent to adjudicate maritime causes of action, in personam, that is, where the defendant is a person, not a ship or some other instrument of navigation." Madruga, 346 U.S. at 561, 74 S.Ct. 298 [internal quotation omitted]. | Is a federal courts admiralty jurisdiction exclusive to those maritime causes of action begun and carried on as proceedings in rem? | 09b10.docx | LEGALEASE-00077188-LEGALEASE-00077190 | SA_Sub | 0.79 | 0 | 1 | | | |
| 1380 | Sytes v. First Nat. Bank, 2 S.O. 242 | 38v4 | The distinction between legal assignments that may be enforced in an action at law, and an equitable assignment that can only be enforced in equitable action, is this: that an assignment that can be enforced in an action at law, must be of a debt or fund in existence at the time, and of the whole thereof, or of a part of a debt or fund that has been assigned by the debtor or person holding the fund, but such an equitable assignment would be one where the debt should have been earned after the assignment or order transferring the fund be in esse at the time of the assignment or order transferring the specific debt or fund, or a part thereof, should be accepted by the debtor or holder of the specific fund. | Defendant's counsel also insist that, as it has had not worked the benefit of the time of the assignment, it could have no legal effect, for the want of an object upon which to operate. Allowing that this position is correct (Cal. 378; Kendall v. U. S., 7 Peter. 116. But an examination of these cases does not, we think, support the theory of the counsel, and they are not inconsistent with the above authorities that the assignment or order of the whole or part of a particular fund may be in law an equitable assignment, if the debtor or person holding the fund is a party to the transaction, or if the assignment is for value, and it be not an essential element that the debt should have been earned after the assignment or order transferring the fund be in esse at the time of the assignment or order transferring the specific debt or fund, or a part thereof, should be accepted by the debtor or holder of the specific fund. | What is the distinction between a legal assignment and an equitable assignment? | Assignments - Memo 19 - AKA.docx | ROSS-003298273-ROSS-003298274 | SA_Sub | 0.66 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1381 | In re Tillman, 565 B.R. 586 | 315+13 | North Carolina has three requirements that must be met in order for a manufactured home to be considered real property: (1) it is a residential structure;(2) it has the moving hitch, wheels, and axles removed; and(3) it is placed upon a permanent foundation either on land owned by the owner of the manufactured home or on land in which the owner of the manufactured home has a leasehold interest. N.C. Gen. Stat. § 105-273(13)(d). In this case, the parties stipulated that the first two requirements have been satisfied and are not in dispute. With respect to the third requirement, the parties agree that the Avila is situated upon land owned by the Debtor but disagree as to whether the Avila is placed upon a permanent foundation. | North Carolina has three requirements that must be met in order for a manufactured home to be considered real property: (1) it is a residential structure;(2) it has the moving hitch, wheels, and axles removed; and(3) it is placed upon a permanent foundation either on land owned by the owner of the manufactured home or on land in which the owner of the manufactured home has a leasehold interest. N.C. Gen. Stat. Ann. § 105-273(13)(d). | Can a manufactured home be considered as real property? | 00366.docx | LEGALEASE-00116033-LEGALEASE-00116034 | SA, Sub | 0.41 | 0 | | | 1 | |
| 1382 | In re Feiler, 218 B.R. 445 | 315+134 | The holder of a life estate, i.e., a life tenant, is entitled to both the possession and the use of the property to the exclusion of the remainderman. Deffebaugh v. Hess, 225 Pa. 638, 641, 74 A. 608 (1909). This would include the right of the life tenant to the rents, issues, and profits generated by the parcel during the tenant's life. In re Lewis, 21 Pa. 9, 11 (1853). That a life tenant is entitled to the income from the corpus, is well established in Pennsylvania. In re Fordstyan's Estate, 290 Pa. 451, 461, 139 A. 300, 303 (1927). | Holder of life estate, i.e., life tenant, is entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life. | Is a holder of life estate entitled to both possession and use of property to exclusion of remainderman, including right to rents, issues, and profits generated by parcel during tenant's life? | 00426.docx | LEGALEASE-00115997-LEGALEASE-00115998 | SA, Sub | 0.62 | 0 | | 1 | | |
| 1383 | Klay v. All Defendants, 389 F.3d 139 | 25+142 | We review a district court's denial of a motion to compel arbitration de novo. Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054, 1061 (11th Cir.2003). The determination of the propriety of a motion to compel arbitration pursuant to the Federal Arbitration Act (FAA) is a two-step inquiry. The first step is to determine whether the parties agreed to arbitrate the dispute. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). We must make this determination "by applying the 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA].'" Id. (citation omitted).This inquiry must be undertaken against the background of a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) ("[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."). Under this policy, it is the court's duty "to 'rigorously enforce agreements to arbitrate.'" Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985) (citation omitted); see also Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ., 489 U.S. 468, 478, 109 S.Ct. 1248, 1256, 103 L.Ed.2d 488 ("Arbitration under the FAA is a matter of consent, not coercion..."). The second step requires the court to determine | Determination of propriety of motion to compel arbitration under Federal Arbitration Act (FAA) is two-step inquiry; first step is to determine whether parties agreed to arbitrate dispute, and second step involves deciding whether legal constraints external to parties' agreement foreclosed arbitration, 29 U.S.C.A. § 1001 et seq, 9 U.S.C.A. § 4. | What is the two-step inquiry when determining the propriety of a motion to compel arbitration under Federal Arbitration Act (FAA)? | 05003.docx | LEGALEASE-00070097-LEGALEASE-00070099 | Condensed, SA, Sub | 0.82 | 0 | 1 | | 1 | 1 |
| 1384 | Office of Comptroller of Currency v. Spitler, 396 F. Supp. 2d 83 | 172H+9 | National banks are instrumentalities of the federal government, created for public purpose, and as such necessarily subject to the paramount authority of the United States. Davis v. Elmira Sav. Bank, 161 U.S. 275, 283, 16 S.Ct. 502, 40 L.Ed. 700 (1896). They remain subject to state laws, but only insofar as those laws do not prevent or significantly interfere with the national bank's exercise of its powers. "Barnett Bank of Marion County v. Nelson, 517 U.S. 25, 33, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996). Moreover, national banks are prohibited from intrastate regulation from impairing the national system." The National Bank Act specifically limits the states' visitorial power and confers upon national banks. See Watters Bank, N.A. v. Burke, 414 F.3d 305, 317 "[2 (3d Cir.2005) (citing 12 U.S.C." 484(a)); petition for cert. filed, No. 05-1342 (Jan. 30, 2005), in the prelude of this litigation 12 U.S.C. 484(a) [The National Bank Act provides No national bank shall be subject to any visitorial powers except as authorized by Federal law, vested in the courts of justice or such as shall be, or have been exercised or directed by Congress or by either House thereof or by any committee of Congress or duly authorized. Section 484 as currently drafted that visitation authority by same act bars with an originally enacted 141 years ago. See Act of June 3, 1864, ch. 106, "54, 13 Stat. 99, 114. | "[sic]banks be instrumentalities of the federal government, created for public purpose, and as such necessarily subject to the paramount authority of the United States; they remain subject to state laws, but only insofar as those laws do not prevent or significantly interfere with the national bank's exercise of its powers. 12 U.S.C.A. 55.214 et seq, 484(4)e; 12 C.F.R. 5.7.8001. | "Can banks be considered as instrumentalities of the federal government, created for public purpose, and as such necessarily subject to the paramount authority of the United States?" | Banks and banking Memo 20 - 15.docx | ROSS-003301137-ROSS-003301139 | SA, Sub | 0.73 | 0 | | 1 | 1 | |
| 1385 | Deerfield Park Dist. v. Progress Dev. Corp., 26 Ill. 2d 296 | 148+6 G | On remand, the question was whether the taking was necessary and for a public purpose. As we stated in the prior opinion, it is conceded, as it must be, that every private owner of property holds his title subject to the lawful exercise of the sovereign power of eminent domain, and the court may not substitute their judgment for the exercise of the sovereign power of eminent domain, or the authorities in exercising their judgment as to the need for the exercise of that power. | Every private owner of property holds title subject to lawful exercise of sovereign power of eminent domain, and court may not substitute their judgment for exercise of the sovereign power of eminent domain. | Does a private owner of property holds title subject to lawful exercise of the sovereign power of eminent domain? | Eminent Domain - Memo 27 - AKA.doc | ROSS-003297113-ROSS-003297112 | SA, Sub | 0.42 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1386 | TXT Records v. IslandLeaf, Jam Mex Co Grp, 279 F. Supp. 2d 413 | (15+9731) | [Judicial opinion text regarding compensatory and punitive damages] | Compensatory and punitive damages are conceptually different and serve distinct purposes; compensatory damages serve to make victim whole... | How is compensatory damage different from punitive damage? | 000597.docx | LEGALEASE 0017653 / LEGALEASE 0017655 | SA, Sub | 0.76 | 0 | | | 1 | |
| 1387 | Ex parte Engl Design Grp, 265 So. 3d 634 | 401+2 | [Judicial opinion text regarding venue and county connection] | In determining whether a county has a strong connection to a case for the purpose of deciding venue, the fact that a defendant's allegedly wrongful conduct occurred there carries considerable more weight than in a county where the plaintiff's injury was felt. | In determining whether a county has a strong connection to a case for the purpose of deciding venue, the fact that a defendant's allegedly wrongful conduct occurred there carries considerable more weight than in a county where the plaintiff's injury was felt? | Venue - Memo 29 - TH.docx | ROSS 000329193-ROSS 000329940 | SA, Sub | 0.78 | 0 | 1 | | | |
| 1388 | Maumee v Pub. Util. Comm., 101 Ohio St. 3d 54 | 317A+101 | [Judicial opinion text regarding public utility characteristics] | A "public utility" is an enterprise with the following characteristics... (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace... | Does a public utility provide essential goods and services to the general public that has the legal right to demand or receive such goods? | 00160.docx | LEGALEASE 0018994 / LEGALEASE 0018995 | SA, Sub | 0.69 | 0 | | 1 | 1 | |
| 1389 | Wyatt v. United States, 271 F.3d 1090 | 148+2-4 | [Judicial opinion text regarding fluctuations in value during governmental decision-making] | The mere requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself "take" the property... | Are fluctuations in value during the process of governmental decision-making incidents of ownership? | 000801.docx | LEGALEASE 0019506 / LEGALEASE 0019507 | SA, Sub | 0.57 | 0 | | 1 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1390 | Lesher v. Coyel, 435 S.W.3d 423 | 249+31 | A person subjected unjustifiably to criminal proceedings may have a cause of action for malicious prosecution. Rico, 420 S.W.3d at 439. To prevail on a malicious prosecution claim, a plaintiff must prove: (1) a criminal prosecution was commenced against him; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in his favor; (4) he was innocent of the charges; (5) the defendant lacked probable cause to initiate the prosecution; (6) the defendant acted with malice; and (7) he suffered damages. Id. Probable cause is "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the complainant, that the person charged was guilty of the crime for which he was prosecuted." Id. The probable cause element asks whether a reasonable person would believe that a crime had been committed given the facts as the complainant honestly and reasonably believed them to be before the criminal proceedings were instituted. Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 792"93 (Tex.2006); Rico, 420 S.W.3d at 439. Even a failure to fully and fairly disclose all material information or knowingly providing false information to the prosecutor will not defeat a complainant's probable cause but are instead relevant to issues of malice and causation. Forbes v. Lanzl, 9 S.W.3d 895, 899 (Tex.App.-Austin 2000, pet. denied) (citing Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 519 (Tex.1997)). | Even a failure to fully and fairly disclose all material information or knowingly providing false information to the prosecutor will not defeat a complainant's probable cause, for the purpose of a malicious prosecution claim, but are instead relevant to issues of malice and causation. | Does a failure to fully disclose all material facts or knowingly providing false information to a public official defeat the probable cause for a malicious prosecution claim? | 002924.docx | LEGALEASE-00119454-LEGALEASE-00119455 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 1391 | Richmond Health Facilities v. Nichols, 811 F.3d 192 | 360+18.15 | To determine whether the FAA preempts Ping, we apply the Supreme Court's most recent test in Concepcion. The Court described two situations in which a state rule is preempted by the FAA. Concepcion, 563 U.S. at 341, 131 S.Ct. 1740. First, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." Id. Second, when a "doctrine normally thought to be generally applicable ... is alleged to have been applied in a fashion that disfavors arbitration," the court must determine whether the state law rule would have a "disproportionate impact" on arbitration agreements. Id. at 341"42, 131 S.Ct. 1740. This type of disproportionate impact "stand[s] as an obstacle to the accomplishment of the FAA's objectives." Id. at 343, 131 S.Ct. 1740. | State rule is preempted by Federal Arbitration Act (FAA) (1) when state law prohibits outright arbitration of particular type of claim, and (2) when doctrine normally thought to be generally applicable is alleged to have been applied in fashion that disfavors arbitration, if state law rule would have disproportionate impact on arbitration agreements. 9 U.S.C.A. S 1 et seq. | "When state law and prohibits the arbitration of a particular type of claim, will the Federal Arbitration Act (FAA) displace the conflicting rule?" | 002679.docx | LEGALEASE-00120119-LEGALEASE-00120120 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 1392 | Offutt v. Kaplan, 884 F. Supp. 1179 | 384+2 | Section 794(a) is applicable to the act of obtaining or furnishing guarded information pertaining to the national defense of the United States government for use to the advantage of any foreign nation. Gorin v. U.S., 312 U.S. 19, 61 S.Ct. 429, 85 L.Ed. 488 (1941). In Gorin the court explained: "... the information, documents or notes, which are alleged to have been connected with the national defense, may relate or pertain to the usefulness, efficiency or availability of * * * places, instrumentalities or things for the defense of the United States of America. The connection must not be a strained one nor an arbitrary one. The relationship must be reasonable and direct | Statute addressing federal treason and sedition laws is applicable to act of obtaining or furnishing guarded information pertaining to national defense of United States government for use to advantage of any foreign nation. 18 U.S.C.A. S 794(a). | Is the act of obtaining or furnishing guarded information pertaining to the national defense of the United States government for use to the advantage of any foreign nation treason under federal treason and sedition laws? | 003672.docx | LEGALEASE-00120280-LEGALEASE-00120281 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 1393 | In re Pihl, 560 B.R. 1 | 366+1 | Under Massachusetts law courts look to the following factors to determine whether equitable subrogation applies:(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. East Boston Sav. Bank v. Ogan, 428 Mass. 327, 330, 701 N.E.2d 331 (1998). Not all factors need be present for equitable subrogation to apply. Id. | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | What do courts look for in deciding whether equitable subrogation applies? | 003595.docx | LEGALEASE-00120398-LEGALEASE-00120399 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 1394 | BancInsure v. BNC Nat. Bank, N.A., 263 F.3d 766 | 366+27 | Under traditional rules, a party seeking subrogation "would stand in the "shoes' " of another. United States v. Lohman, 21 F.3d 844, 846 (8th Cir.1994). "While subrogation is generally defined as the substitution of one person in the place of another with reference to a lawful claim or right, there are actually two distinct types [:] conventional subrogation and legal subrogation, which is often confusingly called equitable subrogation, due to its origin and basis in equity." Universal Title, 942 F.2d at 1315 (citation and quotation marks omitted). Conventional subrogation is generally contractual, occurring where "one having no interest or any relation to the matter pays the debt of another, and by agreement is entitled to the rights and securities of the creditor so paid." Legal subrogation, in contrast, "has for its purpose the working out of an equitable adjustment and the doing of complete and perfect justice between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." | While "subrogation" is generally defined as the substitution of one person in the place of another with reference to a lawful claim or right, under North Dakota law, there are actually two distinct types: conventional subrogation and legal subrogation, which is also called equitable subrogation, due to its origin and basis in equity. | Does subrogation substitute one person in the place of another with reference to a lawful claim or right? | 043610.docx | LEGALEASE-00121013-LEGALEASE-00121015 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 1395 | Hill v. Cross Country Settlements, 402 Md. 281 | 366+1 | Subrogation is " "the substitution of one person to the position of another, an obligee, whose claim he has satisfied.. The basic principles underlying subrogation are the same as those in constructive trusts, prevention of merger, and equitable liens, i.e., restitution to prevent forfeiture and unjust enrichment." " G.E. Capital Mortgage Servs., Inc. v. Levenson, 338 Md. 227, 231, 657 A.2d 1170, 1172 (1995) (quoting G.E. Osborne, Handbook on The Law of Mortgages " 277 (2d ed.1970)). The substituted person " "can exercise no right not possessed by his predecessor, and can only exercise such right under the same conditions and limitations as were binding on his predecessor." " George L. Schnader, Jr., Inc. v. Cole Bldg. Co., 236 Md. 17, 23, 202 A.2d 326, 330 (1964) (quoting Poe v. Phil. Cas. Co., 118 Md. 347, 353, 84 A. 476, 478 (1912)). "Subrogation, like lien, trust, and contract, may arise by agreement of the parties. But subrogation is also a remedy invoked by courts to prevent unjust enrichment, and for this purpose it is appropriate in any case where restitution is warranted and the remedy can be given without working injustice." Dobbs, supra, " 4.3. | Subrogation is also a remedy invoked by courts to prevent unjust enrichment, and for this purpose it is appropriate in any case where restitution is warranted and the remedy can be given without working injustice. | "Is subrogation also a remedy invoked by courts to prevent unjust enrichment, and for this purpose is it appropriate that in any case where restitution is warranted the remedy can be given without working injustice?" | 043704.docx | LEGALEASE-00121360-LEGALEASE-00121361 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1396 | Gorilla v. Burd-Air, Inc., Co., 77 Wis. 2d 657 | 366r11 | Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | Does subrogation rest upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer? | Subrogation - Memo # 473 - CA.docx | ROSS-00297383-ROSS-00297386 | Condensed, SA | 0.76 | 0 | 1 | | 1 | |
| 1397 | Murray v. Cadle Co., 257 S.W.3d 291 | 366r1 | Benefit of this third person, so that by means of it one creditor is subrogated to the rights, remedies, and securities of another. "First Nat'l Bank of Houston v. Adams, 59 Tex. 315, 317 (1884)... | Equitable subrogation" is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable? | Is equitable subrogation is a legal fiction whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the party primarily liable? | 043771.docx | LEGALEASE-00121621-LEGALEASE-00121622 | Condensed, SA | 0.83 | 0 | 1 | | 1 | |
| 1398 | Fremont Comp. Ins. Co. v. Sierra Pine, Ltd., 121 Cal. App. 4th 389 | 366r1 | As we have explained before, "Equitable subrogation is a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer." | Equitable subrogation" is a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer? | Is equitable subrogation a legal device which permits a party who has been required to satisfy a loss created by a third party's wrong to step into the shoes of the loser and recover from the wrongdoer? | Subrogation - Memo # 893 - ES.docx | ROSS-00297817-ROSS-00297818 | SA, Sub | 0.83 | 0 | | 1 | 1 | |
| 1399 | Illinois Clean Energy Cmty., Found. v. Filan, 392 Ill. 534 | 349r21 | The last argument is quickly disposed of as a basis for the state's action. Of course the state can amend its statutes, and it can also amend its constitution... | A state can, whether by statutory amendment or otherwise, regulate private entities extensively before it grants to the owner to the donor of the property from the owner to the state but achieves the same end by amending an existing statute rather than enacting a new one? | Can the state lawfully endeavor its regulatory power by deciding to take someone's property by the device of amending an existing statute rather than enacting a new one? | 017449.docx | LEGALEASE-00122117-LEGALEASE-00122118 | SA, Sub | 0.72 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote Text | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 1400 | In re L.W., 362 Ill. App. 3d 1170, 1206 | 30734-3 | Evidentiary motions, such as motions in limine, are addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion. | Next, we must address the standard of review to be applied to consider the evidence issue in this case. Whether the trial court erred in applying the Rosary Guardian's constitution is a question of law… | Are evidentiary motions, such as motions in limine, are addressed to the trial court's inherent power to admit or exclude evidence, and reviewing courts will not disturb a trial court's evidentiary ruling absent an abuse of discretion? | 02486.docx | LEGALEASE-00121367 LEGALEASE-00121369 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | 1 |
| 1401 | Helfin v. Merritt, 154 So. 3d 887 | 30743 | When granting a motion in limine, the circuit court must first find the following two-factor present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence, and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury… | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court… | What factors must a circuit court consider when granting a motion in limine? | Pretrial Procedure - Memo #230 - C - NE.docx | ROSS-003129978A ROSS-003129985 | SA, Sub | 0.14 | 0 | 0 | 0 | 1 | 0 |
| 1402 | Stewart v. Javier Park Med. Office Bldg., Ltd., 259 Ga. App. 898 | 30+1366 | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and the appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court… | Is the admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and the appellate court will not disturb the exercise of that discretion unless it is abused? | Pretrial Procedure - Memo #95 - C - SPN.docx | ROSS-003129694 ROSS-003129695 | SA, Sub | 0.31 | 0 | 0 | 0 | 1 | 0 |
| 1403 | Mgmt. Computer Servs. v. Hawkins, Ash, Baptie & Co., 199 Wis. 2d 578 | 30734-2 | But the trial court's pretrial decision that the contract was ambiguous did not preclude it from later deciding, as a matter of law, that the contract was sufficiently definite to be enforced… | But the trial MCS relies on applies to issues the jury must decide. Whether an agreement is ambiguous is a question of law for the court… | Will a court's pretrial decision that a contract was ambiguous prevent it from later deciding whether, as a matter of law, contract was sufficiently definite to be enforced? | 02900.docx | LEGALEASE-00221159 LEGALEASE-00221160 | SA, Sub | 0.59 | 0 | 0 | 0 | 1 | 0 |
| 1404 | In re Nadler, 553 B.R. 522 | 11+61 | Under Pennsylvania law, a cause of action accrues on the date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim or right after sustaining an injury that gives rise to damages. | Although federal law determines when a debtor's interest in property becomes property of the estate for purposes of section, state law usually controls whether the debtor has such interest. Under Pennsylvania law… | Does a cause of action or a claim accrue on the date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim? | 05386.docx | LEGALEASE-00084933 LEGALEASE-00084934 | SA, Sub | 0.79 | 0 | 0 | 0 | 1 | 0 |
| 1405 | Dubendorf v. New York State Educ. Dept., 97 Misc. 2d 382 | 11+61 | A claimant's cause of action does not accrue until claimant possesses the legal right to be paid and to enforce its right to payment in court and, therefore, where the state obligation to pay is contingent until a claimant until the official charged with making the audit has done so and has formally rejected all or some part of the claim. | Further, the Commissioner of Education and the Director of the Budget acted entirely lawfully in relying upon the report of the Comptroller and his audit by the State Department of Audit and Control (§ X.5 Const. Art. V, § 4; Education Law § 43; subd. 1). Indeed, under the Constitution, the payment of any state money, "except upon audit by the comptroller, shall be void…" (N.Y. Const. Art. V, § 1; see New York Const. V, § 1) … | Does a claimant's cause of action accrue before the claimant possesses the legal right to be paid? | Action - Memo #140 - C - CS.docx | ROSS-003182009 ROSS-003182008 | SA, Sub | 0.64 | 0 | 0 | 0 | 1 | 0 |

265

Appendix D

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 1406 | United States v. Ciavarella, 716 F.3d 705 | 63+10 | Bribery and kickback theory of honest services fraud requires a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. § 1346. | However, Ciavarella argues that the Rule 404(b) evidence could only be relevant to support a conflict-of-interest theory of honest services fraud, which is no longer viable after Skilling v. United States. In Skilling, the Supreme Court held that for the honest services fraud statute, 18 U.S.C. § 1346, to survive constitutional scrutiny, it may only be interpreted to criminalize fraud based on bribes and kickbacks, and not based on a failure to disclose a conflict of interest. 130 S.Ct. at 2931-33. The bribery and kickback theory of honest services fraud requires "a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act." United States v. Wright, 665 F.3d 560, 567*43.[3d Cir.2012] Internal quotation marks and citations omitted). Thus, while the evidence of his conduct in the conflict-of-interest theory of honest services fraud based on a conflict of interest under Skilling, we believe that where there is also evidence of bribery or kickbacks, as there was before the District Court, then the evidence may be relevant to proof of a scheme based on that conduct. Furthermore, the District Court had instructed the jury that the Government was required to prove that the scheme to defraud must be conducted through the use of bribes and kickbacks and that a government official could breach his or her duty of honest services through the use of bribes and kickbacks. | Does an honest services fraud by bribery require a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act? | 01.1024.docx | LEGALEASE 00121355- LEGALEASE 00121357 | 5A_Sub | 0.87 | | 0 | | | |
| 1407 | Petition of Borough of Boyertown, 77 Pa. Cmwlth. 357 | 148+21 | Neither physical appropriation nor formal divestiture of an owner's title are required to create right to eminent domain damages, and where entity is clothed with power of eminent domain has, by even nonappropriative act or activity, substantially deprived owner of beneficial use and enjoyment of his property. | With respect to what constitutes a "taking" of property, the law of eminent domain has undergone great change in recent years. There has been an expansion of the number of situations in which a property owner has been "taken." Certainly, a taking occurs when an entity having the power of eminent domain physically appropriates the property or formal divestiture of an owner's title. This is what our jurisprudence has traditionally meant by the term "actual taking." See Rosenblatt v. Pennsylvania Turnpike Commission, 398 Pa. 111, 157 A.2d 182 (1959); Lakewood Memorial Gardens, Inc., Appeal, 381 Pa. 46, 112 A.2d 135 (1955). Yet, neither physical appropriation nor formal divestiture of an owner's title are required to create a right to eminent domain damages. Miller v. Beaver Falls, 368 Pa. 189, 82 A.2d 34 (1951). It is now well established that where an entity clothed with the power of eminent domain has, by even a non-appropriative act or activity, substantially deprived an owner of beneficial use and enjoyment of his property, a taking will be deemed to have occurred. Conroy-Prugh Glass Co. v. Commonwealth, 456 Pa. 384, 321 A.2d 598 (1974); Griggs v. Allegheny County, 402 Pa. 411, 168 A.2d 123 (1961), rev'd on other grounds, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962); see Miller. Such compensable circumstances have been given, rather unfortunately, the label "de facto taking." | What kind of taking occurs when an entity clothed with the power of eminent domain by even a non-appropriative act or activity, substantially deprives an owner of beneficial use and enjoyment of his property? | 017603.docx | LEGALEASE 00122669- LEGALEASE 00122670 | 5A_Sub | 0.74 | | 0 | 1 | 1 | |
| 1408 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | The act of state doctrine is a judicially-created rule of decision that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | The act of state doctrine is a judicially-created rule of decision that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 931, 11 L.Ed.2d 804 (1964). The doctrine prevents a U.S. court in the United States from declaring that an official act of a foreign sovereign performed within its own territory is invalid. Kirkpatrick, 493 U.S. at 405*06, 110 S.Ct. at 704*05. It "requires that the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid." Id. at 409, 110 S.Ct. at 707. (quoting Kirkpatrick, 493 U.S. at 405, 110 S.Ct. at 707). | How does the act of state doctrine preclude United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International law - Memo #44 - C-16.docx | ROSS 003221619-ROSS 003222620 | 5A_Sub | 0.7 | | 0 | | 1 | |
| 1409 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | Under the act of state doctrine, a legal action may be barred if the relief sought in the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory. | Under the doctrine, a legal action may be barred if "the relief sought or the defense interposed would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." W.S. Kirkpatrick & Co., Inc., 493 U.S. at 405, 110 S.Ct. 701. The Supreme Court has cautioned that the doctrine "does not establish an exception for cases and controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid." Id. at 409, 110 S.Ct. 701. To determine whether the doctrine applies, Sabbatino articulated a test with three factors: (1) the degree of consensus regarding a certain area of international law; (2) the extent to which the issue "bear[s] ... sharply on national interests, and whether the government that perpetrated the actions is no longer in existence. 376 U.S. at 428, 84 S.Ct. 923. | Can an action be barred under the act of state doctrine if there is an official act of a foreign sovereign performed within its own territory? | 018896.docx | LEGALEASE 00121650- LEGALEASE 00121651 | 5A_Sub | 0.74 | | 0 | | 1 | |

266

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1410 | United States v. Louisiana, 470 U.S. 93 | 221+138 | The term "historic bay" is not defined in the Convention, and there is no complete accord as to its meaning. The Court has stated that a historic bay is a bay "over which a coastal nation has traditionally asserted and maintained dominion with the acquiescence of foreign nations." United States v. California, 381 U.S., at 172, 85 S.Ct., at 1419. See also United States v. Alaska, 422 U.S., at 189, 95 S.Ct., at 2246; Louisiana Boundary Case, 394 U.S., at 23, 89 S.Ct., at 781. The Court also has noted that there appears to be general agreement that at least three factors are to be taken into consideration in determining whether a body of water is a historic bay: (1) the exercise of authority over the area by the claiming nation; (2) the continuity of this exercise of authority; and (3) the acquiescence of foreign nations. See United States v. Alaska, 422 U.S., at 189, 95 S.Ct., at 2246; Louisiana Boundary Case, 394 U.S., at 23-24, n. 27, 89 S.Ct., at 781-782, n. 27. An authoritative United Nations study concludes that these three factors require that "the coastal State must have effectively exercised sovereignty over the area continuously during a time sufficient to create a usage and have done so under the general toleration of the community of States." Juridical Regime of Historic Waters, Including Historic Bays 56, U.N. Doc. A/CN.4/143 (1962) (hereinafter Juridical Regime). In addition, there is substantial agreement that a fourth factor to be taken into consideration is the vital interests of the coastal nation, including elements such as geographical configuration, economic interests, and the requirements of self-defense. See id., at 38, 56-58; 1 Shalowitz, at 48-49. See also Fisheries Case (U.K. v. Nor.), 1951 I.C.J. 116, 142. In the present case, the facts establish that the United States effectively has exercised sovereignty over Mississippi Sound as inland waters from the time of the Louisiana Purchase in 1803 until 1971, and has done so without protest by foreign nations. | Factor to be taken into consideration in determining whether a body of water is an historic bay is the vital interests of the coastal nation, including elements such as geographical configuration, economic interest, and the requirements of self-defense. | "Are the vital interests of the coastal nation a factor to be taken into consideration in determining whether a body of water is an historic bay, including elements such as geographical configuration, economic interest, and the requirements of self-defense?" | International Law - Memo # 19 - C - LK.docx | ROSS-003298075-ROSS-003298076 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 1411 | Sikhs for Justice v. Nath, 893 F. Supp. 2d 598 | 221+342 | First, the INC asserts immunity defenses under the act of state doctrine and the FSIA. Under the act of state doctrine, "the courts of one state will not question the validity of public acts (acts jure imperii,) performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts." Republic of Austria v. Altmann, 541 U.S. 677, 700, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004); Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)("The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory."). | Under the act of state doctrine, the courts of one state will not question the validity of public acts, acts jure imperii, performed by other sovereigns within their own borders, even when such courts have jurisdiction over a controversy in which one of the litigants has standing to challenge those acts. | "Under the act of state doctrine, will the courts of one state question the validity of public acts, (acts jure imperii,) performed by other sovereigns within their own borders?" | 020044.docx | LEGALEASE-00123482-LEGALEASE-00123483 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 1412 | Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 92+2551 | Although there is no general federal common law, there are enclaves of federal judge-made law. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 426, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). One such enclave concerns the law of international relations and foreign affairs. Id. at 427, 84 S.Ct. 923. A long-standing common law principle, the act of state doctrine precludes courts from evaluating the validity of actions that a foreign government has taken within its own borders. See W.S. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701; Sabbatino, 376 U.S. at 401, 84 S.Ct. 923; Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897); see also Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 605"07 (9th Cir.1976) (recounting history of the doctrine); Born and Rutledge, International Civil Litigation in United States Courts 751"55 (2007) (same). The doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy. W.S. Kirkpatrick, 493 U.S. at 404, 110 S.Ct. 701. As a result, the doctrine requires that the "official act of a foreign sovereign performed within its own territory" becomes " "a rule of decision for the courts of this country." " Id. at 405, 110 S.Ct. 701 (quoting Ricaud v. American Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 62 L.Ed. 733 (1918)). | Act of state doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy. | "Does the act of state doctrine reflect the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy?" | International Law - Memo # 239 - C - AP.docx | ROSS-003284741-ROSS-003284743 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 1413 | Doe I v. Unocal Corp., 395 F.3d 932 | 221+342 | Unocal also argues that Plaintiffs' claims against it are barred by the "act of state" doctrine. The act of state doctrine is a non-jurisdictional, prudential doctrine based on the notion that "the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897). "Act of state issues only arise when a court must decide"that is, when the outcome of the case turns upon"the effect of official action by a foreign sovereign." W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). As long as this requirement is met, the act of state doctrine can be invoked by private parties such as Unocal. See, e.g., Credit Suisse v. United States Dist. Court, 130 F.3d 1342, 1348 (9th Cir.1997). In the present case, an act of state issue arises because the court must decide that the conduct by the Myanmar Military violated international law in order to hold Unocal liable for aiding and abetting that conduct. We review the applicability of the act of state doctrine de novo. See Liu v. Republic of China, 892 F.2d 1419, 1424 (9th Cir.1989). | The act of state doctrine is a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Is the act of state doctrine a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | International Law - Memo # 254 - C - ANC.docx | ROSS-003283912-ROSS-003283914 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1414 | United States v. Louisiana, 470 U.S. 93 | 221+138 | In addition to showing continuous exercise of authority over Mississippi Sound, and claims to the title to it, there must also be proof that foreign nations acquiesced in, or tolerated, this exercise. It is uncontested that no foreign government has ever protested the United States' claim to Mississippi Sound as inland waters. This is not surprising in light of the geography of the coast, the influences of the waters, and the location of international shipping lanes in the vicinity. Scholarly comment is divided over whether the mere absence of opposition suffices to establish title. See United States v. Alaska, 422 U.S., at 189, n. 9, 95 S.Ct., at 2254, n. 9, 2215 (252); Louisiana Boundary Case, 394 U.S., at 23-24, n. 27, 89 S.Ct., at 781-782, n. 27. In United States v. Alaska, this Court held that, under the circumstances of that case, mere failure to object was insufficient because it had not been shown that foreign governments knew or reasonably should have known of the authority being asserted. There is a substantial argument that when foreign governments do know or have reason to know of the effective and continual exercise of sovereignty over a maritime area, inaction or toleration on the part of the foreign governments is sufficient to permit a historic title to arise. See Juridical Regime, at 48-49. See also Fisheries Case (U.K. v. Nor.), 1951 I.C.J., at 138-139. Moreover, it is necessary to prove only open and public exercise of sovereignty, and actual knowledge by the foreign governments. See id., at 138. Juridical Regime, at 54-55. In the present case, the United States publicly and unequivocally claimed that it considered Mississippi Sound to be inland waters. We conclude that under these circumstances the failure of foreign governments to protest is sufficient proof of the acquiescence or toleration necessary to historic title. | When foreign governments know or have reason to know of the effective and continual exercise of sovereignty over maritime area, inaction or toleration on the part of the foreign government is sufficient to permit an historic title to arise. | Is an inaction or toleration on the part of the foreign governments, with knowledge of the effective and continual exercise of sovereignty over a maritime, area sufficient to permit an historic title to arise? | D2014.docx | LEGALEASE-00121351-LEGALEASE-00121362 | Condensed, SA | 0.87 | | | | 1 | |
| 1415 | Kadić v. Karadžić, 70 F.3d 232 | 221+144 | Restatement (Third) § 201, accord (Kingdoms), 93 F.2d at 47, National Petrochemical Co. of Iran v. M/T Stolt Sheaf, 860 F.2d 551, 553 (2d Cir.1988), see also Texas v. White, 74 U.S.(7 Wall.) 700, 733, 19 L.Ed. 227 (1868) ("[A]ny government, however violent and wrongful in its origin, must be considered as the facts government if it was in the full and actual exercise of sovereignty over a territory and people large enough for nation." Restatement (Third) of Foreign Relations § 201. | Any government, however violent and wrongful in its origin, must be considered the facts government if it was in the full and actual exercise of sovereignty over territory and people large enough for nation. | Must a government, however violent and wrongful in its origin, be considered a de facto government if it is in full and actual exercise of sovereignty over territory and people large enough for nation? | International Law - Memo # 11 - C - LK.docx | ROSS-003282240-ROSS-003282242 | SA Sub | 0.52 | | | 1 | | |
| 1416 | United States v. State of Alaska, 352 F. Supp. 815 | 221+138 | Among the acts by which sovereignty is exercised are those which belong to the effective exercise of authority over the area by the nation claiming the historic right. Juridical Regime 80. The authority by which a nation must exercise over a maritime area in order to be able to claim it as historic waters is sovereignty, but it is not necessary that a nation exercise all rights and duties which are included in the concept of sovereignty. There are some acts which are manifestly inseparable from maritime parking rights that the State which holds foreign ship to penetrate the bay or to fish therein indisputably demonstrates by such action its desire to act as the sovereign. Id. 80. | Authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters is sovereignty, but it is not necessary that a nation exercise all rights and duties which are included in the concept of sovereignty? | Is sovereignty the authority which a nation must exercise over a maritime area in order to be able to claim it as historic waters and is it necessary that a nation exercise all rights and duties which are included in the concept of sovereignty? | International Law - Memo # 12 - C - LK.docx | ROSS-003287190-ROSS-003287191 | Condensed, SA | 0.74 | | | | 1 | |
| 1417 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | The act of state doctrine is a judicially created rule of decision that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). The doctrine prevents any court in the United States from declaring that an official act of a foreign sovereign performed within its own territory is invalid. Kirkpatrick, 493 U.S. at 405?06, 110 S.Ct. at ?04?05. It "requires that 'the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid.'" Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1293 (11th Cir.2001) (quoting Kirkpatrick, 493 U.S. at 409, 110 S.Ct. at 707). | The act of state doctrine is a judicially created rule of decision that precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine preclude courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power commits within its own territory? | D2788.docx | LEGALEASE-00120043-LEGALEASE-00120045 | Condensed, SA | 0.7 | | | | 1 | |
| 1418 | Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346 | 30+23(32) | Maryland case law is clear regarding the procedure required to preserve for appellate review a ruling made on a motion in limine. In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, the party challenging the admission must object at the time the evidence is actually offered. Prout v. State, 311 Md. 348, 356, 535 A.2d 445, 449 (1988); Reed v. State, 353 Md. 628, 637, 728 A.2d 195 (1999). Accord Dixit v. Steinberger, 145 Md.App. 448, 481, 805 A.2d 1148 (2002) ("A denial of a motion in limine to exclude evidence ... does not preserve an evidentiary issue for appeal. Rather, the party wishing the exclude evidence must make a contemporaneous objection at the time the evidence is introduced at trial."). | In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, the party challenging the admission must object at the time the evidence is actually offered and does the court need to take great care? | In order for a party to preserve a ruling on a motion in limine to exclude the admission of evidence at trial, must the party challenging the admission object at the time the evidence is actually offered and does the court need to take great care? | D2410.docx | LEGALEASE-00121051-LEGALEASE-00121052 | SA Sub | 0.71 | | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 1419 | T & T Dev. Co. v. S. Nat. Bank of S.C., 125 N.C. App. 600 | 307A+3 | While the North Carolina Rules of Evidence do not explicitly provide for motions in limine, their use in North Carolina is well recognized. Galloway v. Lawrence, 266 N.C. 245, 255, 145 S.E.2d 861, 868 (1966). ... | Rulings on motions in limine are merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial, and thus objection to order granting or denying motion is insufficient to preserve for appeal the question of admissibility of evidence. | Is a trial court's ruling on a motion in limine preliminary and is subject to change depending on the actual evidence offered at trial? | 028860.docx | LEGALEASE 00223939-LEGALEASE 00223940 | Condensed, SA | 0.79 | 0 | 0 | | 1 | |
| 1420 | Durre v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. ... | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question, which the court may provide at its discretion, to aid the parties in formulating their trial strategy. | Is a "motion in limine" a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating their trial strategy? | 031365.docx | LEGALEASE 00222980 - LEGALEASE 00222981 | SA, Sub | 0.8 | | | 0 | | 1 |
| 1421 | Honaker v. Mahon, 210 W. Va. 53 | 307A+3 | The purpose of a motion in limine is to prevent an opposing party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without asking the trial court's permission. ... | The purpose of a motion in limine is to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission. | Is the purpose of a motion in limine to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission? | Pretrial Procedure - Memo 64 & - C - VA.docx | ROSS 000313962-ROSS-000313963 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 1422 | Quad City Bank & Tr. v. Jim Kircher & Assocs., P.C., 804 N.W.2d 83 | 368+9(1) | A ruling sustaining a motion in limine is generally not an evidentiary ruling. Twyford v. Weber, 220 N.W.2d 919, 923 (Iowa 1974). Rather, a ruling sustaining a motion in limine simply adds a procedural step to the introduction of allegedly objectionable evidence. ... | A motion in limine serves the useful purpose of raising and pointing out before trial certain evidentiary rulings that may be called upon to make during the course of the trial and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | What useful purpose does a motion in limine serve? | Pretrial Procedure - Memo 373 - RA.docx | ROSS 000303260-ROSS-000303606 | SA, Sub | 0.67 | | 0 | 1 | 0 | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 1423 | Inland Empire Rural Electrification v. Dep't of Pub. Serv. of Washington, 199 Wash. 527 | 317k+112 | A corporation becomes a public service corporation, subject to regulation by the department of public service, only when and to the extent that its business is dedicated or devoted to a public use. The test to be applied is whether or not the corporation holds itself out, expressly or impliedly, to supply its service or product for use either by the public as a class or by that portion of that can be served by the facility, or whether, on the contrary, it merely offers to serve only particular individuals of its own selection. Clark v. Olsen, 177 Wash. 237, 31 P.2d 534; 9 R.C.L. 340; Van Hoosear v. Railroad Commission, 184 Cal. 533, 194 P. 1003; Mound Water Co. v. Southern California Edison Co., 184 Cal. 602, 194 P. 1014; Richardson v. Railroad Commission, 191 Cal. 716, 218 P. 418; Thayer v. California Edison Co., 184 Cal. 533, 194 P. 1003; Nattatorium Co., 34 Idaho 217, 200 P. 132; Humbird Lumber Co. v. Public Utilities Commission, 39 Idaho 905, 230 P. 271; State Public Utilities Commission v. Noble, 275 Ill. 121, 113 N.E. 964; Del Mar Water Co. v. Public Service Commission, 157 Cal. 716, 118 P. 1003; Valley Mut. Telephone Ass'n 282 Ill. 536, 118 N.E. 760; Inda County Water Co. v. Service, 185 Wn.d 171, 133 Service v. Public Service Commission, 272 Mo. 627, 540, 199 S.W. 962, 96 L.R.A. 1918C, 830; State ex rel. M. O. Danziger & Co. v. Public Service Commission, 273 Mo. 483, 201 S.W. 86, 16 A.L.R. 754; State ex rel. Latham & Farmers Mut. Telephone Co., Brown, 323 Mo. 818, 19 S.W.2d 1048; Pub. Util. Commission v. Noble, 275 Ill. 121, 113 N.W. 562; Overlook Development Co. v. Public Service Commission, 306 Pa. 63, 158 A. 869; Dammann v. Conard, 4 So.2d 549; Schwartzbach & Co. v. Public Service Commission, 186 Wis. 310, 202 N.W. 241. | A corporation becomes "public service corporation," subject to regulation by state public service department, only when and to extent that its business is dedicated or devoted to public use, and test to be applied is whether or not corporation holds itself out, expressly or impliedly, to supply its service or product for use by public or portion thereof which can be served by utility or merely offers to serve particular individuals of its own selection. Rem.Rev.Stat. §§ 10339-10410. | Does a corporation become a public service corporation only when it becomes devoted to public use? | 042259.docx | LEGALEASE-00231311-LEGALEASE-00231312 | 5A, 5ab | 0.74 | 0 | | 1 | 1 | |
| 1424 | In re Wetzler, 192 B.R. 109 | 366k+3(1) | Where a surety satisfies the debt of another, the surety acquires all rights that the original creditor had against the debtor. "There are two mechanisms by which a surety who pays the debt of another is entitled to all rights of the original creditor for position enforce his right to be reimbursed." Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137, 83 S.Ct. 232, 235, 9 L.Ed.2d 190 (1962). See also Hartford Accident & Baltimore v. Jaynes, 379 So.2d 396, 403 (La.1980) (equitable subrogation); Campbell, 234 Mo. 178, 183, 594 A.2d 1012, 1017 (R.I.1991) (reversion in Equitable Mortgage, 101 Md.App. 122, 132, 643 A.2d 505, 510 (1994). This principle is known as the doctrine of equitable subrogation. There is both legal and equitable subrogation. While one is grounded in law and the other in equity, both types arise through contract and place a party satisfying the debt of another in the shoes of the original creditor. Rem.v. First Union National Bank of Maryland, 176 B.R. 457, 462, 467 (D.Md.1995), affirming sub nom., In re Maryland Insurance & Supply, Inc., 176 B.R. 190 (Bankr.D.Md.1994) and citing Security Ins. Co. v. Mangan, 250 Md. 241, 242 A.2d 482 (1968). While the two forms of subrogation guarantee are not identical, equitable subrogation applies to both. Davis v. Wholey, Inc., 524 S.O.2d 179, 178, 379, 384 A.2d 199, 1217 (1980); 187 L.Ed.2d 190 (R.I. Colonial Am. Nat. Bank v. Kosnoski, 617 F.2d 1025, 1029* 30 (4th Cir.1960) (Murnaghan, J., dissenting opinion); Weirv v. Marines, 34 Md.App. 115, 121, 361 A.2d 695, 88 (1970) (citing Newperr v. Harper, 63 Md. 151, 31 A. 504 (1895)). | Under Virginia law, while legal subrogation is grounded in law and equitable subrogation is grounded in equity, both types arise through contract and place party satisfying debt of another in shoes of the original creditor. | While legal subrogation is grounded in law and equitable subrogation is grounded in equity, do both types arise through contract and place party satisfying the debt of another in the shoes of the original creditor? | Subrogation - Memo # 961 - C_4455.docx | ROSS-003298052-ROSS-003298053 | 5A, 5ab | 0.86 | 0 | 1 | | 1 | |
| 1425 | Collateral Inv. Co. v. Pilgrim, 421 So. 2d 1274 | 366k+23(1) | The element of equitable subrogation arise as follows: (1) the money is advanced at the instance of the debtor in order to extinguish a prior incumbrance; (2) the money is used for the purpose with that; (3) the whole debt must be paid before the lender can be subrogated; (4) there must be no material prejudice to the rights of innocent third parties; and (5) the intervening lienor must not be burdened or embarrassed. Federal Land Bank v. Henderson, Black, & Merrill Co., 253 Ala. 54, 42 So.2d 829 (1949); Whitson v. Metropolitan Life Insurance Co., 225 Ala. 262, 156 So. 858 (1934); Shields v. Hightower, 214 Ala. 608, 108 So. 525 (1926); and Martin & Hoyt v. Bank of Leeds, 66 So.2d 580 (Ala. 1953); Ala. Code § 35-10-28. | Elements of equitable subrogation are that money is advanced at instance of debtor in order to extinguish a prior incumbrance; (2) the money is used for that purpose with just expectation on part of lender for obtaining security of equal dignity with incumbrance, that whole debt must be paid before subrogation can be enforced, (4) the lender must not be guarantor of intervening lien and that intervening lienor must not be burdened or embarrassed. | What requirements must be met for equitable subrogation to apply? | 043845.docx | LEGALEASE-00231361-LEGALEASE-00231362 | 5A, 5ab | 0.34 | 0 | 1 | | 1 | |
| 1426 | United States v. Hernandez, 864 F.3d 1292 | 221+132 | Some background that explains why. Under international law, a nation may deprive a noncitizen of his rights of property situated outside its territory, such that the notion whose national is treated. Some limits are less severe in principle. Under international law, a nation cannot exercise its jurisdiction to prescribe. 7 F.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson, 636 F.2d 1300, 1313 (D.C. Cir. 1980). In addition, under international law a nation may not permit its citizens to use the territory of a foreign state without consent to seize a person, even a national of the seizing state, such that the territory where violated may be penetrated diplomatically. These limits fall under the rubric of a nation's jurisdiction to enforce. Id. at § 431(a). See generally Restatement (Second) of the Foreign Relations Law of the United States § 6 cmt. a. | Under international law, does a nation lack power to punish criminally the actions of a foreign citizen outside its territory, such that the nation whose national is tried due to limits on a nation's jurisdiction to prescribe? | 019694.docx | LEGALEASE-00225178-LEGALEASE-00225179 | Condensed, 5A, 5ab 0.61 | | 0 | 1 | | 1 | 1 |

270

Appendix D

| ROW | Judicial Opinion | WNKS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1427 | Metro v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221v342 | | Act of state doctrine does not simply relieve the foreign government of liability for its acts, but operates as an issue preclusion device, foreclosing judicial inquiry into the validity or propriety of such acts in litigation between any set of parties. | "Does the act of state doctrine operate as an issue preclusion device, foreclosing judicial inquiry into the validity or propriety of such acts in litigation between any set of parties?" | International Law - Memo #196 - C - 55.docx | ROSS-003284877-ROSS-003284878 | Condensed, SA, Sub 0.75 | 0.75 | 0 | 1 | | | |
| 1428 | Rex v. LinsenCorp, 797 F. Supp. 2d 1073 | 221v351 | | If court determines that military officer acted on behalf of recognized government and if lawsuit turns on challenge to officer's order, then does an act of state doctrine bar adjudication of matter. | "If a court determines that military officer acted on behalf of recognized government and if the lawsuit turns on a challenge to officer's order, then does an act of state doctrine bar adjudication of the matter?" | 020321.docx | LEGALEASE-00134415-LEGALEASE-00134416 | SA Sub | 0.61 | 0 | | 1 | | |
| 1429 | Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030 | 92v280 | | Act of state doctrine and political question doctrine require courts to defer to executive or legislative branches of government when those branches are better equipped to handle politically sensitive issues. | "Does the act of state doctrine and the political question doctrine require courts to defer to executive or legislative branches of government when those branches are better equipped to handle politically sensitive issues?" | International Law - Memo #198 - C - SB.docx | ROSS-003284037-ROSS-003284039 | SA Sub | 0.75 | 0 | | 1 | | |
| 1430 | Beck v. Manufacturers Hanover Tr. Co., 125 Misc. 2d 771 | 221v342 | | Act of state doctrine precludes American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed within its own jurisdiction, unless those acts are confirmed to the sovereign's own laws; and, conversely, since our law ordinarily does not recognize extraterritorial jurisdiction, a foreign sovereign cannot affect the rights of non-citizens in borders. | "Does the act of state doctrine preclude American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed within its own jurisdiction, unless those acts are confirmed to sovereign's own laws?" | International Law - Memo #194 - C - S4.docx | ROSS-003289164-ROSS-003289637 | Condensed, SA, Sub 0.28 | 0.28 | 0 | 1 | | | |
| 1431 | Forbo Eurlow U.S.A. v. Congalton Corp., 516 F. Supp. 1310 | 221v342 | | "Act of state doctrine" precludes judicial determination of legality of acts of foreign states undertaken within their own territories which might embarrass the executive department in its conduct of foreign affairs. | "Does the act of state doctrine preclude judicial determination of the legality of acts of foreign states undertaken within their own territories which might embarrass the executive department in its conduct of foreign affairs?" | 020960.docx | LEGALEASE-00124823-LEGALEASE-00124823 | SA Sub | 0.88 | 0 | | | 1 | |

271

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1432 | Dominion Americana Botica, Gulf & W. Indus., 473 F. Supp. 680 | 221=142 | However, the Second Circuit has not limited the act of state doctrine to cases challenging the legality of foreign government acts. Rather, it has held that it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish if the decision was instigated by a private defendant, the act of state doctrine will apply. See Hunt v. Mobil Oil Corp., supra, at 76-77. Cf. Occidental Petroleum Corp. v. Buttes Gas & Oil Co., 331 F.Supp. 92 (C.D.Cal.1971), aff'd, 461 F.2d 1261 (9th Cir.), cert. denied, 409 U.S. 950, 93 S.Ct. 272, 34 L.Ed.2d 221 (1972). | Act of state doctrine is not limited to cases challenging the legality of foreign government acts; if it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish whether the decision was instigated by a private defendant, will the act of state doctrine apply? | "If it is necessary to inquire into the motivation of an act of a foreign government harmful to the plaintiff in order to establish whether the decision was instigated by a private defendant, will the act of state doctrine apply?" | International Law - Memo #776 - C - SU.docx | ROSS0030336623-ROSS-00333623 | SA, Sub | 0.47 | | 0 | 1 | 1 | |
| 1433 | Western v. Ewing, 54 S.W.2d 442 | 302=48 | The purpose of pleadings is to give the adverse parties notice of each party's claims and defenses, as well as notice of the relief sought. Perez v. Briercroft Serv. Corp., 809 S.W.2d 216, 218 (Tex.1991); Kruse v. Beeks Home Sav., 587 S.W.2d 673, 677 (Tex.1979); Cox v. City of Huntington, 814 S.W.2d 100, 117.12 (Tex.App.-Corpus Christi 1991, writ denied). Pleadings provide "fair notice" of the claim involved, when an opposing attorney of reasonable competence could examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony. Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982) (The App.-Houston [1st Dist.] 1997, writ denied). In determining whether a cause of action was pleaded, the plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of a cause of action and the relief sought with sufficient information on which to base a judgment. Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex.1979); Henderson v. Henderson, 694 S.W.2d 31, 35 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.). The general rule is that pleadings will be construed as favorably as possible to the pleader. Gulf, C. & S. F. Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex.1963); Henderson, 694 S.W.2d at 34. "The court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated." Bliss, 368 S.W.2d at 599. | In determining whether a cause of action was pleaded, the plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information from another source, the elements of a cause of action and the relief sought with sufficient information on which to base a judgment. | Must the court look to the pleadings alone in determining whether a cause of action has been stated? | 302984.docx | LEGALEASE-00125395-LEGALEASE-00125397 | Condensed, SA | 0.77 | | 0 | 1 | 0 | |
| 1434 | Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746 | 307A=3 | We begin by addressing Lone Star Gas's disregard for the motion in limine. A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. See Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963). The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. Id. The trial court's ruling on a motion in limine is not a ruling that excludes or admits evidence. It is merely a tentative ruling that prohibits a party from asking a particular question or offering certain evidence in front of the jury without the proper approaching the bench for a ruling. See Norfolk S. Ry. v. Bailey, 92 S.W.3d 577, 583 (Tex.App.-Austin 2002, no pet.); Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex.App.-Houston [14th Dist.] 2000, no pet.). When a trial court's ruling on a motion in limine is violated, we review the trial court's decision to grant a motion for mistrial or object in limine is adequate to preserve error for appeal. See Weidner, 14 S.W.3d at 363 (party's failure to request instructions on the jury to disregard it. See Onwuteaka v. Gill, 908 S.W.2d 276, 281-82 (Tex.App.-Houston [1st Dist.] 1995, no writ)). | Motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make; its purpose is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without asking the court's permission? | 024353.docx | LEGALEASE-00125324-LEGALEASE-00125327 | Condensed, SA | 0.72 | | 1 | 0 | 1 | |
| 1435 | Kelty v. New W. Fed. Sav., 49 Cal. App. 4th 659 | 307A=3 | It is a misuse of a motion in limine to attempt to compel a witness or a party to conform to or hurt trial testimony to a preconceived factual or legal scenario which binds the parties. For example, one common example of pretrial discovery is to pin down the testimony of parties and witnesses which can be used for impeachment at the time of trial. Amech clearly succeeded in this regard. Other than causing Kelty to reveal its strategy in regards to admissions, sanctions for abuse of the discovery process, or a clear case of waiver or estoppel, a court abuses its discretion when existing evidence, even though the plaintiff testimony of the party relating to how the accident occurred is contrary to the plaintiff's theory, there is no reason to believe the record before us that plaintiffs abused any portion of the discovery process, nor are there any facts to support a theory of waiver or estoppel. | It is a misuse of a motion in limine to attempt to compel a witness or party to conform their trial testimony to a preconceived factual or legal scenario based upon the discovery given during pretrial discovery. | Is it a misuse of a motion in limine to attempt to conform witness or party to conform their trial testimony to a preconceived factual or legal scenario? | 031943.docx | LEGALEASE-00124925-LEGALEASE-00124254 | SA, Sub | 0.8 | | 0 | 1 | 1 | |
| 1436 | Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A=3 | A motion in limine is a procedural device that permits a party to identify, pretrial, certain evidentiary rulings that the court may be asked to make. Its general purpose is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. Id.; Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Judges have the inherent power to regulate behavior in their courtrooms. Dow Chemical Co. v. Francis, 46 S.W.3d at 240. The imposition of sanctions for violation of a motion in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex.2004); Scullion Materials, 2004 WL 297852. | The purpose of a motion in limine is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence to the jury without first seeking leave of court? | Does a motion in limine prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence to the jury without first seeking leave of court? | Pretrial Procedure - Memo #430 - C - TI.docx | ROSS0032387469-ROSS-00333464 | Condensed, Order, SA, Sub | 0.78 | | 1 | 1 | 1 | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1437 | Premont-Eigart Int'l, Ltd. v. Farmer Bodke's Insurance Agency, 204 Ariz. 337, 351 | 307A=3 | A motion in limine that is used is not 'generally used as a substitute for evidentiary objections at trial' and 'as a means to exclude evidence from trial for violations of the disclosure rule.' | A "motion in limine" that is used is a cord can generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rule? | Is a motion in limine filed in a civil case generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules? | Pretrial Procedure Memo 8 PI - C - TI.docx | RDS0-00319-2847/RDS0-00315828 | SA, Sub | 0.74 | 0 | 0 | 1 | | |
| 1438 | State of Ohio ex rel. Star Supply, On. of Star Indus. v. City of Greenfield, Ohio, 126 F. Supp. 955 | 360=7(1) | The question is whether a taxpayer's interest in a payment due is sufficient for a tax lien to attach must be determined under state law. Equifax v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). | Under Ohio law, a surety that is required to pay amounts owed to the subcontractor, laborers or materialmen is thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged. | "As a surety that is required to pay amounts owed to the subcontractor, laborers or materialmen is thereby subrogated to the rights of those it has paid as well as to the rights of those whose obligation it has discharged?" | Subrogation - Memo 92 I - PK.docx | RDS0-00319-0433/RDS0-00319-0422 | SA, Sub | 0.86 | 0 | 0 | | 1 | |
| 1439 | United States v. Guenin, 510 F.3d 134 | 63=1(1) | The Fourth Circuit also shares our view that, in order to establish the quid pro quo essential to proving bribery, the government need not show that the defendant intended for his payments to be tied to specific official acts. | Bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor. | "Can bribery of a public official be accomplished through an ongoing course of conduct, so long as the evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor?" | Bribery - Memo 8 12 - C - YI.docx | RDS0-00327118-RDS0-00327120 | SA, Sub | 0.83 | 0 | 0 | 1 | | |
| 1440 | Porter v. Gadd, 296 Ga. App. 782 | 92=422 | The Porters also assert that a grant of official immunity to Dr. Guild based upon sovereign immunity would violate the constitutional rights to due process and equal protection. | Trial court determination that pediatric pulmonologist was entitled to official immunity based on patient's suit alleging that doctor violate parents' constitutional rights to due process and equal protection. | Does the bar of sovereign immunity result in a deprivation of property without just compensation or constitute a denial of equal protection or due process under the federal or state constitutions? | 01793D.docx | LEGAL04-00226093-LEGAL04E-00226094 | Condensed, SA, Sub | 0.62 | 0 | 0 | | 1 | 1 |
| 1441 | Winnenbago Through Winnenbago v. Maine Twp. High Sch. Dist. 207, 1264 F. Supp. 136 | 141E=91 | Federal judicial interests in the day to day operations of public schools is highly undesirable and requires significant restraint; federal courts must not "intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." | Federal judicial interests in the day to day operations of public schools is highly undesirable and requires significant restraint; federal courts must not intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. | "Is the educational interest in the day to day operations of public schools a forum for resolving daily conflicts arising from the operation of school systems?" | 01076S.docx | LEGAL04E-0027071-LEGAL04E-0027073 | SA, Sub | 0.34 | 0 | 0 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1442 | Driscoll v. Gen. Nutrition Corp., 34 F. Supp. 2d 789 | 413+1 | The purpose of Connecticut's Workers' Compensation Act, Conn. Gen.Stat. "" 31"275 through 31"355a ("WCA" or "the Act"), "is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer." Mingachos v. CBS, Inc., 196 Conn. 91, 97, 491 A.2d 368 (1985) (citation omitted). Where a personal injury is covered by the WCA an employee must rely on this statutory remedy and may not pursue common law tort claims against his employer. See Jett v.. Dunlap, 179 Conn. 215, 217, 425 A.2d 1263 (1979); Meyers v. Arcudi, 915 F.Supp. 522, 524 (D.Conn.1996). Thus, the WCA "compromise[s] an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation."Mingachos, 196 Conn. at 97, 491 A.2d 368 (citations omitted). | Connecticut Workers' Compensation Act (WCA) compromises an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. C.G.S.A. SS 31-275 to 31-355a. | Does the Workers Compensation Act (WCA) compromise an employees right to a common law tort action for work related injuries in return for relatively quick and certain compensation? | 048236.docx | LEGALEASE-00126911-LEGALEASE-00126912 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 1443 | Virginia Sunshine All. v. Nuclear Regulatory Comm'n, 509 F. Supp. 863 | 13+65 | Section 147 of the Atomic Energy Act, which was enacted on June 30, 1980, is the applicable (b)(3) statute in this case. Although this section was enacted after the plaintiffs' original FOIA requests, it is well established "that a court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary."Bradley v. School Board of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); Cuneo v. Rumsfeld, 553 F.2d 1360, 1367 (D.C. Cir. 1977). Thus, the criteria set out in section 147 of the Atomic Energy Act govern disclosure of the documents at issue here. | A court is to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary. | Is a court to apply the law in effect at the time it renders its decision unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary? | 005957.docx | LEGALEASE-00127933-LEGALEASE-00127934 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 1444 | Bank of Marlinton v. McLaughlin, 123 W. Va. 608 | 366+35 | Counsel for Mrs. McLaughlin, however, further asserts that if neither of the foregoing defenses is to avail her, she should be subrogated to the rights of the Greenbrier Joint Stock Land Bank, the Bank of Hillsboro, and the Bank of Marlinton, as assignee and liquidating agent. Though she was jointly liable on the note for $4,400 due to the Bank of Hillsboro, secured by the deed of trust on the twenty"five acres and the tract of 37.2 acres belonging to her in Greenbrier County, she was only an accommodation maker, and was not liable, either as maker or indorser on the note for $4,000 which her husband owed the Greenbrier Joint Stock Land Bank, though she joined in the deed of trust securing the same. Notwithstanding she was charged with constructive notice of her husband's intent to evade the Maytag obligation, and, therefore, guilty of constructive fraud, we think that she has the right to be subrogated to the rights which the Greenbrier Joint Stock Land Bank and the Bank of Marlinton, as assignee and liquidating agent, could have asserted had their liens not been satisfied, to the extent of the money paid by her in satisfaction thereof, including interest thereon. This right, however, is subject to the lien of the First National Bank of Marlinton, which, based as it is on her direct obligation, is prior thereto, and does not extend to the monies derived by her in the use and occupancy of the property. A fraudulent grantee cannot equitably apply profits derived from the use of property obtained by fraud and have subrogation for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer. | A fraudulent grantee cannot equitably apply profits derived from the use of property obtained by fraud and have "subrogation" for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer. | Can a fraudulent grantee equitably apply profits derived from the use of property obtained by fraud and have subrogation for the payment thereof on indebtedness assumed as consideration for the fraudulent transfer? | 043395.docx | LEGALEASE-00127925-LEGALEASE-00127926 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 1445 | Behr v. Hook, 173 Vt. 122 | 217+3522 | The instant case concerns a standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions. Such clauses are intended to allow the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance." IRMA v. O'Donnell, Wicklund, Pigozzi & Peterson Architects, Inc., 295 Ill.App.3d 784, 229 Ill.Dec. 750, 692 N.E.2d 739, 744 (1998). By shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid "the prospect of extended litigation which would interfere with construction." Id.; see Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786 F.2d 101, 104 (2d Cir.1986) (waiver-of-subrogation clause is useful in construction projects "because it avoids disruption and disputes among the parties to the project" by eliminating need for lawsuits and protecting contracting parties from loss by bringing all property damage under builder's all-risk property insurance). | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | Are waiver-of-subrogation clauses in construction contracts intended to allow the parties to a contract to exculpate each other from personal liability? | Subrogation - Memo # 1241 - C - SKG.docx | LEGALEASE-00017821-LEGALEASE-00017822 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 1446 | Behr v. Hook, 173 Vt. 122 | 217+3522 | The instant case concerns a standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions. Such clauses are intended to allows the parties "to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance." IRMA v. O'Donnell, Wicklund, Pigozzi & Peterson Architects, Inc., 295 Ill.App.3d 784, 229 Ill.Dec. 750, 692 N.E.2d 739, 744 (1998). By shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid "the prospect of extended litigation which would interfere with construction." Id.; see Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786 F.2d 101, 104 (2d Cir.1986) (waiver-of-subrogation clause is useful in construction projects "because it avoids disruption and disputes among the parties to the project" by eliminating need for lawsuits and protecting contracting parties from loss by bringing all property damage under builder's all-risk property insurance). | Standardized waiver-of-subrogation clause in a construction contract between private parties in relatively equal bargaining positions is intended to allow the parties to exculpate each other from personal liability in the event of property loss or damage to the work to the extent each party is covered by insurance; by shifting the risk of loss to the insurance company regardless of which party is at fault, these clauses seek to avoid the prospect of extended litigation which would interfere with construction. | Is a standardized waiver-of-subrogation clause in a construction contract allow the parties to exculpate each other from personal liability? | Subrogation - Memo # 1266 - C - SKG.docx | ROSS-003300510-ROSS-003300511 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 1447 | Employers Res. Mgmt. Co. v. James, 62 F.3d 627 | 413+1 | In short, nothing in ERISA prevents Virginia from functionally requiring an employer to maintain a plan "solely for the purpose of complying with applicable workmen's compensation laws." Accordingly, we conclude that the Virginia workers' compensation laws in question are free from ERISA's statutory preemption. | Nothing in ERISA prevents Virginia from functionally requiring employer to maintain plan solely for purpose of complying with applicable worker's compensation laws. Employee Retirement Income Security Act of 1974, S 2 et seq., 29 U.S.C.A. S 1001 et seq.; Va.Code 1950, SS 65.2-100 et seq., 65.2-801, subd. A, pars. 1, 3. | Does The Employee Retirement Income Security Act (ERISA) prevent a state from functionally requiring an employer to maintain a plan solely for purposes of complying with the applicable workers compensation laws? | 048486.docx | LEGALEASE-00127445-LEGALEASE-00127447 | SA, Sub | 0.02 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,079 |
| 1448 | Lawson v. Waterfront Trans Inc., 20 F.3d 658 | 413+1 | LHWCA represents compromise between interests of injured workers, employers, and insurers: injured employees receive benefits promptly and without fear of possible future reimbursement, and in return employers and insurers are able to avoid employees taking advantage of superior remedies in tort. Longshore and Harbor Workers' Compensation Act, 889 7.2d 626, 623 (1993). | To the extent this Waterfront and Transport 1 find believe that the LHWCA explains their rights to Due Process, that belief is not founded in law. The LHWCA, represents a compromise between the interests of injured workers, employers, and insurers. See, e.g. In re Compensation Under Longshore & Harbor Workers' Compensation Act, 889 7.2d 626, 623 (1993). Injured employees receive benefits promptly and periodically during their disability, and may take advantage of the benefits free of the worry of possible future reimbursement orders. In return employers and insurers are able to avoid employees taking advantage of superior (albeit less swift and certain) remedies in tort if a lengthy lawsuit were to follow. Although in individual cases this trade-off may work to the disadvantage of an employer, that much is part of the overall balance Congress sought to provide. | Does the workers compensation act represent a compromise between the interest of workers, employers and insurers? | 040528.docx | LEGALEASE 0027354-LEGALEASE 0027355 | Condensed, SA, Sub 0.72 | 0.72 | 0 | | | | 1 |
| 1449 | Snowden v. CheckPoint Check Cashing, 290 F.3d 631 | 25+1.38(1) | If a party seeks to avoid arbitration on a type of federal court proceeding pending the outcome of arbitration by challenging the validity or enforceability of an arbitration provision on a ground that the court views as an equity for the revocation of any contract, the grounds must relate specifically to the arbitration clause and not just to the contract as a whole. 9 U.S.C.A. § 2. | Neither of these two grounds is available basis upon which this court may affirm the district court's denial of Ellis's Motion to Compel Arbitration in the Proceedings. The law is well settled in this circuit that, if a party seeks to avoid arbitration and/or a type of federal court proceeding pending the outcome of arbitration by challenging the validity or enforceability of an arbitration provision on any grounds that the court views as an equity for the revocation of any contract, 9 U.S.C. § 2, the grounds must relate specifically to the arbitration clause and not just to the contract as a whole. Hooters of Am., Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir.1999). See also Jenks v. Brooks, 875 F.2d 71, 73 (4th Cir.1989) (refusing to compel arbitration where the arbitration clause must be declared invalid on grounds that customer's agreement as a whole was invalid on grounds of fraud and lack of consideration, because the alleged defects pertained to the entire contract, rather than specifically to the arbitration clause). | Must the grounds for revocation relate specifically to the arbitration clause and not just to the contract as a whole? | 007261.docx | LEGALEASE 0028662-LEGALEASE 0028664 | Condensed, SA, Sub 0.64 | 0.64 | 1 | 1 | 1 | | |
| 1450 | Randle E. Ambulance Serv. v. Vecta, 360 So. 2d 631 | 307A+517.1 | Effect of plaintiff's announcement, anytime during course of trial, that he voluntarily dismisses lawsuit is to terminate litigation instantaneously, without prejudice to commencement of a wholly new lawsuit against same defendant if right to do so has not been exercised before and is not barred by statute of limitations. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(a)(1)(i). | Under the rules governing trial practice in Florida, a plaintiff may voluntarily dismiss his or her lawsuit at any time during the course of trial simply by announcing that fact. The effect of doing so is to terminate the litigation instantaneously, without prejudice to commencement of plaintiff's commencing a wholly new lawsuit against the same defendant if that right to do so has not been exercised before and is not barred by the rule 1.420(a)(1)(i). | Can a plaintiff voluntarily dismiss a lawsuit at any time without prejudice to commence a new lawsuit against the same defendant if the right to do so has not been exercised before? | 039134.docx | LEGALEASE 0028273-LEGALEASE 0028274 | Condensed, SA 0.16 | 0.16 | 1 | | | | |
| 1451 | Illinois Commerce Comm'n v. FERC, 576 F.3d 470 | 317H+114 | The Federal Energy Regulatory Commission (FERC) is not authorized to approve a pricing scheme that requires a group of utilities to pay for facilities from which its members derive no benefits, or benefits that are trivial in relation to the costs sought to be levied on its members. | FERC is not authorized to approve a pricing scheme that requires a group of utilities to pay for facilities from which its members derive no benefits (that is trivial in relation to the costs sought to be shifted to members) and benefits that are trivial in relation to the costs sought to be shifted to members. "FERC must compare the costs assessed against a party to the burdens imposed or benefits drawn by that party," Midwest ISO Transmission Owners v. FERC, 373 F.3d 1361, 1368 (D.C.Cir. 2009), and we and our sister circuits have repeatedly emphasized that the Commission's opinions in these cases must reflect the principle that "all approved rates reflect to some degree the costs actually caused by the customer who must pay them." KN Energy, Inc. v. FERC, 968 F.2d 1295, 1300 (D.C.Cir.1992); see also Pacific Gas & Elec. Co. v. FERC, 373 F.3d 1315, 1320-21 (D.C.Cir.2004). Not surprisingly, we indulge a presumption of validity in comparing the costs assessed against a party to the burdens imposed or benefits drawn by that party. Midwest ISO Transmission Owners v. FERC, 373 F.3d 1361, 1368 (D.C.Cir. 2004). For example, the Commission approved a rate for new transmission system in Eastern PJM ("Project 1"), 122 F.E.R.C. ¶ 61,082, p. 13, 2008 WL 276596 (emphasis added), and nowhere do the Commission's opinions suggest that the inadequate reliability-in-danger is a danger to the present PJM. | Is the Federal Energy Regulatory Commission (FERC) authorized to approve a pricing scheme that requires a group of utilities to pay for facilities from which its members derive no benefits, or benefits that are trivial in relation to the costs sought to be levied to its members? | 042495.docx | LEGALEASE 0028438-LEGALEASE 0028440 | SA, Sub | 0.83 | | | 1 | | |
| 1452 | Haskell Materials Handling Co. v. Universal Underwriters Ins. Co., 704 F.3d 558 | 366+15 | Of course, parties sometimes use the terms "subrogation" and "indemnification" in ways that vary from the traditional understanding of those terms. In determining the effect of subrogation waiver clauses upon indemnification provisions, the court must consider the document as a whole; it is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical. "Id. at 827. | Of course, parties sometimes use the terms "subrogation" and "indemnification" in ways that vary from the traditional understanding of these terms. In determining the effect of subrogation waiver clauses upon indemnification provisions, the court must "rely on the plain and ordinary meaning of the words in the contract and consider the document as a whole." Rodaway Valley Bank v. C.L. Crawford Constr., Inc., 245 S.W.3d 828, 833 (Mo.App.2008) (quoting Shackelford v. Hammer Law Firm, L.L.C., 96 S.W.3d 73, 95 (Mo.App.2002)). "It is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical." Id. at 827. | In determining the effect of subrogation waiver clauses upon indemnification provisions, must the court rely on the plain and ordinary meaning of the words in the contract? | Subrogation - Memo #1151 - C - VA.docx | ROSS-002789844-ROSS-002789846 | Condensed, SA, Sub 0.45 | 0.45 | 0 | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 23,876 | 9,029 |
| 1453 | Reliance v. City View Court, 691 N.W.2d 882 | 307A+650 | Egan does not expressly state the applicable standard of review. The Referendum even their first issue on overall legal sufficiency. The point that the judgment must be reversed because no evidence supports the trial court's finding that the trial court had remanded to void an unfavorable and judgment. We agree that whether a party is remanded to void an unfavorable ruling is a question of fact. Whether the trial court's finding on that issue may be challenged on the ground that it is not supported by sufficient evidence. See HTS Servs., Inc. v. Hallwood Realty Partners, L.P., 190 S.W.3d 108, 111 (Tex. App.-Houston [1st Dist.] 2005, no pet.). (when trial court's findings are challenged, appellate court's review of sufficiency of evidence supporting the findings by applying the same standards of review in reviewing legal or factual sufficiency of evidence supporting jury findings). | Whether a party is remanded to void an unfavorable ruling is a question of fact, and that the trial court's finding on that issue may be challenged on the ground that it is not supported by sufficient evidence. | 02487.docx | LEGALEAS-00229526 LEGALEAS-00229529 | Condensed, SA | 0.76 | | | | | |
| 1454 | In re Nava A., 384 Ill. App. 3d 540 | 307A+501 | A plaintiff is generally entitled to voluntarily dismiss his or her case at any time before trial or hearing. Wms v. admc Motor Manufacturing of America, Inc., 308 Ill. App.3d 108, 242 Ill. Dec. 543, 721 N.E.2d 623 (1999). Plaintiff have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and 2009 of the Illinois Code of Civil Procedure § 735 ILCS 5/2-1009 (West 2008). Wms, 308 Ill. App.3d at 2006, 242 Ill. Dec. 543, 721 N.E.2d at 623. When plaintiff's motion for voluntary dismissal is made upon the court, the court must comply with the court, could result in a final judgment of the case. Wms, 308 Ill. App.3d at 108, 242 Ill. Dec. 543, 721 N.E.2d at 623. When plaintiff in such circumstances, the trial judge generally has no discretion to deny the motion to voluntarily dismiss. Wms, 308 Ill. App.3d at 2006, 242 Ill. Dec. 543, 721 N.E.2d at 623. | Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the Supreme Court and Code of Civil Procedure. S.H.A. 735 ILCS 5/2-1009. | Pretrial Procedure Memo B 201 - C Pti.docx | ROSS-003286092-ROSS-003286094 | SA, Sub | 0.8 | | | | 1 | |
| 1455 | In re Brion, 195 Cal. App. 2d 683 | 141E+19 | The people of California recognize that maintenance of a democratic form of government rests in part upon an educated citizenry and declared in their Constitution that a general diffusion of knowledge and intelligence are essential to the preservation of the rights and liberties of the people. They make it the duty of the Legislature to encourage by all suitable means intellectual, scientific, moral and agricultural improvement. (California Constitution, art. IX, sec. 1.) As a means of achieving general diffusion of knowledge and intelligence the legislature was directed to provide for a public school system of common free schools. (California Constitution, art. IX, secs. 5, 6, 7 and 14.) In obedience to the constitutional mandate to bring about a general diffusion of knowledge and intelligence, the Legislature, over the years, enacted a series of laws. The purpose of the educational system is to train school children in good citizenship, patriotism and loyalty to the state and the nation as a means of protecting the public welfare. (schools) v. Kindergarten, (Ref.2d 203, 50, 87 P.2d 391.) The Supreme Court of the United States, in the case of Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 573, 69 L.Ed. 1070, held that "No question is raised concerning the power of the state reasonably to regulate all schools, to inspect, supervise and examine them, their teachers and pupils; to require that all children of proper age attend some school, that teachers shall be of good moral character and patriotic disposition, that certain studies plainly essential to good citizenship must be taught, and that nothing be taught which is manifestly inimical to the public welfare." | A primary purpose of the educational system is to train school children in good citizenship, patriotism, and loyalty to state and nation as means of protecting public welfare. West's Ann.Const. art. 9, §§ 1, 5, 7, 14. | 01073.docx | LEGALEAS-00229087 LEGALEAS-00229088 | SA, Sub | 0.87 | | | | 1 | |
| 1456 | Liss & Shapiro v. Milgannec Corp., 20 A.D.2d 857 | 307A+501 | Order, entered on November 15, 1963, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint denied, with $10 costs. In March, 1962, plaintiff commenced an action for damages on a contract. This complaint was served by restitoir returnable February 26, 1963 plaintiff sought leave to serve a complaint. The motion was denied with leave to serve on proper papers, including an affidavit of merits. Thereafter, by a notice of motion dated March 20, 1963 and returnable April 1, 1963, plaintiff moved for leave to renew its application to serve a complaint and attached to such papers what purported to be an affidavit of merits. The motion was denied by an order dated May 2, 1963. Subsequently by notice of motion dated May 21, 1963, returnable June 10, 1963, plaintiff sought an order granting renewal or reargument. The denial of such motion was without prejudice by order dated September 16, 1963, and plaintiff served notice of discontinuance pursuant to CPLR 3217 subdivision (a)(1), and thereafter commenced the present action by service of a summons on September 16, 1963, followed later by service of a complaint. Thereafter defendant moved to dismiss the present action on the ground that another action was pending. It is from the order granting this motion that the present appeal is taken. Ordinarily, a plaintiff has the right to discontinue a pending action at any time unless substantial rights have accrued to his adversary's rights would be prejudiced thereby, and even then right to serve an amended complaint subject to terms imposed by court. CPLR Rule 3217(b), par 1. | Ordinarily, plaintiff has right to discontinue pending action at any time unless substantial rights have accrued to his adversary's rights would accrued or his adversary's rights would be prejudiced thereby. | 01555.docx | LEGALEAS-00229084 LEGALEAS-00229086 | SA, Sub | 0.9 | | | | 1 | |

276

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1457 | Peninsular Florida Dist. Council of Assemblies of God v. Pan Am. Inv. & Dev. Corp., 450 So. 2d 1231 | 184+41 | With respect to Count I, we find the allegations of fraud against defendant Pan American Investment and Development Corp. ("Pan American") sufficient to withstand a motion to dismiss. When fraud is asserted as a claim or defense, the facts and circumstances constituting the fraud must be pled with specificity, Fla.R.Civ.P. 1.120(b), and all essential elements of fraudulent conduct must be stated, i.e., that plaintiff relied to his detriment on a false statement concerning a material fact made with knowledge of its falsity and an intent to induce reliance. George Hunt, Inc. v. Wash-Bowl, Inc., 348 So.2d 910 (Fla. 2d DCA 1977). When fraud in the inducement is alleged, plaintiff need not plead that he was precluded from discovering the truth as to misrepresented facts, provided that the complaint alleges reasonable reliance on material representations of existing fact. Avila South Condominium Association v. Kappa Corp., 347 So.2d 599 (Fla.1977). | When fraud is asserted as claim or defense, facts and circumstances constituting fraud must be plead with specificity, and all essential elements of fraudulent conduct must be stated, i.e., that plaintiff relied to his detriment on false statements concerning material fact made with knowledge of its falsity and intent to induce reliance. West's F.S.A. RCP Rule 1.120(b). | Should facts constituting fraud be plead with specificity? | 023176.docx | LEGALEASE-00130643-LEGALEASE-00130644 | Order, SA, Sub | 0.61 | 1 | 0 | 1 | 1 | 1 |
| 1458 | City of Palos Heights v. Vill. of Worth, 29 Ill. App. 3d 746 | 307A+501 | Plaintiffs' interpretation of section 52(1) as to the discretion of the trial court before a trial or hearing has begun is erroneous. The trial court is clearly vested with discretion to fix such terms after trial or hearing has begun, but it does not follow that the court has the same discretion prior thereto. Upon proper notice and payment of costs, a plaintiff has an absolute right to dismiss his action before a trial or hearing has begun, and the trial court has no discretion to interfere with the exercise of that right. (Gilbert- Hodgman, Inc. v. Chi. Thoroughbred Ent. (1974), 17 Ill. App.3d 460, 308 N.E.2d 164; Bernick v. Chicago Title & Trust Co. (1945), 325 Ill_App. 495, 60 N.E.2d 442.) It therefore follows that if the trial court cannot fix terms to the detriment of a plaintiff as to a voluntary non-suit before a trial or hearing has begun, neither can it fix terms for a voluntary non-suit to the detriment of a defendant. Clearly, the trial court would have been without authority to impose any such terms upon the defendant Village of Worth in a dismissal order entered before the commencement of a trial or hearing. | Upon proper notice of payment of costs, plaintiff has absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right. S.H.A. ch. 110, SS 52, 52(1). | Does a plaintiff have an absolute right to dismiss his action before trial or hearing has begun and trial court has no discretion to interfere with exercise of that right upon proper notice of payment of costs? | Pretrial Procedure - Memo # 1232 - C - UG.docx | ROSS-003287497-ROSS-003287498 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 1459 | Hammers v. Hammers, 890 So. 2d 944 | 307A+747.1 | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. Bowie v. Montfort Jones Mem'l Hosp., 861 So.2d 1037, 1042 (Miss.2003). Trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril. Id. Had Timothy designated the expert witness thirty days before the trial, it would have been within the chancellor's discretion to allow the evidence. The chancellor was not manifestly wrong in refusing to allow Timothy to designate his expert witness one week prior to trial. The chancellor also did not apply an erroneous legal standard. Accordingly, we affirm. | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Are trial judges afforded considerable discretion in managing the pre-trial discovery process in their courts? | Pretrial Procedure - Memo # 1584 - C - SHS.docx | ROSS-003287860-ROSS-003287861 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 1460 | Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+749.1 | "Indiana discovery rules are specifically designed to avoid surprise and [a] trial by ambush." Outback Steakhouse of Florida, Inc. v. Markley, 856 N.E.2d 65, 76 (Ind.2006). A pretrial order is to "limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice."Ind. Trial Rule 16(J). The law is well settled that a pretrial order shall control the proceedings once it is entered. Daugherty v. Robinson Farms, Inc., 858 N.E.2d 192, 198 (Ind.Ct.App.2006), trans. denied (2007). "In deciding whether to permit a modification from a pretrial order, "the trial court considers both the danger of surprise or prejudice to the opponent, and the goal of doing justice to the merits of the claim." " Id. (quoting Daub v. Daub, 629 N.E.2d 873, 875 (Ind.Ct.App.1994), trans. denied ). | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | "Does a pretrial order, when entered, control the subsequent course of the action unless modified at the trial to prevent manifest injustice?" | 026845.docx | LEGALEASE-00130820-LEGALEASE-00130821 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1461 | Rubin v. Rubin, 120 N.M. 592 | 307A+717.1 | We next address whether the failure to expressly consider Husband's motion for continuance deprived Husband of due process of law such that the foreign judgment was not entitled to full faith and credit. As with the motion to appear telephonically, it appears that the court's decision to proceed with the default hearing was an implicit ruling to deny the motion. Moreover, the Illinois court appeared to be well within its discretion in denying the last-minute motion for continuance that did not state good grounds for a continuance. In New Mexico, we review motions for continuance for abuse of discretion and based on the facts made known to the trial court at the time of the motion. State v. Perez, 95 N.M. 262, 264, 620 P.2d 1287, 1289 (1980). In Illinois, motions for continuance alleging an inability to present certain evidence must be accompanied by affidavits establishing the factual basis for the continuance, and, as in New Mexico, the lower court has broad discretion in granting or denying continuances. Feder v. Hiera, 85 Ill.App.3d 1001, 41 Ill.Dec. 301, 303, 407 N.E.2d 799, 801 (1980). In New Mexico, a denial of a continuance that is within the trial court's discretion does not deprive a litigant of due process. Yadon v. Quinoco Petroleum, Inc., 114 N.M. 808, 812"13, 845 P.2d 1262, 1266"67 (Ct.App.1992), cert. denied, 114 N.M. 720, 845 P.2d 814 (1993). In Illinois, a denial of a continuance, even if erroneous, is not a violation of due process. Meyerson v. Software Club of Am., Inc., 142 Ill.App.3d 87, 96 Ill.Dec. 336, 339, 491 N.E.2d 150, 153 (1986); see also Grant, Schon, Wise & Grant, P.C. v. R.W. Borrowdale Co., 114 Ill.App.3d 89, 69 Ill.Dec. 856, 858"59, 448 N.E.2d 574, 576"77 (1983) (giving full faith and credit to a Michigan default judgment, although entered while requests for continuance were pending). In New Mexico, a continuance requested at the last-minute need not be granted. Lopez v. City of Albuquerque, 118 N.M. 682, 685, 884 P.2d 838, 841 (Ct.App.), cert. | Under Illinois law, motions for continuance alleging an inability to present certain evidence must be accompanied by affidavits establishing factual basis for the continuance, and, under both Illinois and New Mexico law, the lower court has broad discretion in granting or denying continuances. | Should motions for continuance alleging an inability to present certain evidence be accompanied by affidavits establishing factual basis for the continuance? | 026910.docx | LEGALEASE-00130609-LEGALEASE-00130610 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1462 | Gainor v. Zundel, 411 NW2d 75 | 307A-747.1 | We have stated that, with regard to motions for discovery abuses under Rule 37, N.D.R.Civ.P., dismissal of an action should be imposed only when it is a deliberate or bad faith noncompliance with an order which constitutes a flagrant abuse of, or disregard for, the rules and should not be used in an alternative, less drastic sanction is available and just an adequate. Production Credit Ass'n of Fargo v. Vizzi, 386 N.W.2d 622 (N.D.1986); Dakota Bank & Trust Co. of Fargo v. Brakke, 377 N.W.2d 553 (N.D.1985); Thompson v. Ziebarth, 334 N.W.2d 392 (N.D.1983). While we believe the same rationale is applicable to violations of pretrial orders, the imposition of an appropriate sanction is nevertheless within the broad discretion of the trial court. Brakke, supra. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. Brakke, supra. | Imposition of appropriate sanction for violation of pretrial order is within broad discretion of trial court, and court abuses its discretion only when it acts in arbitrary, unreasonable, or unconscionable manner. Rules Civ.Proc., Rule 37. | "Is the imposition of an appropriate sanction for violation of a pretrial order within the broad discretion of trial court, and does a court abuse its discretion only when it acts in arbitrary, unreasonable, or unconscionable manner?" | 020070.docx | LEGALEASE_00130707 - LEGALEASE_00130708 | Order, SA, Sub | 0.73 | 1 | | 1 | 1 | 1 |
| 1463 | Cochran v. Muckian, 276 Ga. App. 81 | 307A-750 | Cochran first complains that the trial court erred in holding him to the terms of the pretrial order against his agent to try the case for less money than the nominal damages could have been awarded by the jury. The pretrial order concerns the attorney's proposal. In actual damages are "[a]n actual damages over such amount as to [be] proven at trial; (b) punitive damages; (c) attorney's fees and expenses of litigation;" (d) permanent injunction. "It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order. Once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. [Citations] ...A party may not advance theories or offer evidence that violates the terms of the pretrial order. Once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." Williams v. Martin, 2 Ga App. 362, 504, 615 S.E.2d 774 (2005). The pretrial order in Williams did not mention the theory offered on appeal, and it was never amended to that to reflect this theory. We held that, even had it been amended, such an amendment would have been improper because the opposing party "had no opportunity to prepare a defense to this new theory." [Div 2 is]. | It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order; once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. | Will a party advance theories or offer evidence that violate the terms of a pretrial order once entered, the pretrial order is modified at or before trial? | Pretrial Procedure Memo 8 2021 - C 562.docx | ROSS-003286443-ROSS-003286444 | SA, Sub | 0.22 | 0 | | 1 | 1 | |
| 1464 | Menedo v. Futura, 4315 2d | 170A-1358.1 | It is provided within Rule 16, F.R.Civ.P. that the pre-trial order sets the limits of the trial. The pre-trial conference rule provides, inter alia, for the "simplification of issues" and for the "necessity or desirability of amendments to the pleadings." Thereafter the court may, as it defines, make the order which limits the issues to be tried and prevent the disposal of "admissions or agreements of counsel, and such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. As we have previously stated, once the issues have been definitively stated in the pre-trial order, the pleadings are superseded, the issues are not and discovery proceeds accordingly. With this in mind, the issues as having been thus defined, they ought to be adhered to in the absence of some good and sufficient reason, which must necessarily largely within the discretion of the trial court. Case v. Abrams, 352 F.2d 193, 195-196 (10th Cir. 1965). We have reviewed the record and find no instance of manifest injustice sufficient to require reversal of the trial judge's exercise of discretion under Rule 16. | Once the issues have been definitively stated in the pretrial order, the pleadings are superseded, the issues are not and discovery proceeds accordingly; with this in mind, the issues as having been thus defined, they ought to be adhered to in the absence of some good and sufficient reason, which must necessarily largely within the discretion of the trial court. Fed.Rules Civ.Proc. rule 16, 28 U.S.C.A. | "Are the issues have been definitively stated in the absence of some good and sufficient reason, once they are defined in a pretrial order?" | Pretrial Procedure Memo # 219s - C AP.docx | ROSS-003286504-ROSS-003286505 | SA, Sub | 0.66 | 0 | | 1 | 1 | |
| 1465 | Bill DeLuca Enterprises v. Comm'r of Revenue, 431 Mass. 314 | 371+2001 | "To is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation." Burnet v. Sanford & Brooks Co., 282 U.S. 359, 365, 51 S.Ct. 150, 75 L.Ed. 383 (1931). See Hillsboro Nat'l Bank v. Commissioner of Internal Revenue, 460 U.S. 370, 377, 103 S.Ct. 1134, 75 L.Ed.2d 130 (1983), citing Burnet v. Sanford & Brooks Co., supra ("[a]n annual accounting system is a practical necessity if the [Federal income tax is to produce revenue ascertainable and payable at regular intervals"). White, An Essay on the Conceptual Foundations of the Tax Benefit Rule, 82 Mich. L.Rev. 486, 490-491 (1983) (authorities cited). In Burnet v. Sanford & Brooks Co., supra, a taxpayer reported net losses on a particular business contract for the 1913-1916 tax years. Id. at 361, 51 S.Ct. 150. When the taxpayer finally recouped those losses in the course of the decade, the contract produced a net operating loss, the United States Supreme Court allowed the Commissioner to tax the 1920 recovery as if there were no previous years that taxed. Id. at 365-366, 51 S.Ct. 150. In 1926, taxpayers could not carry forward net operating losses (NOL) as they now can. Id. at 365, n.7, 51 S.Ct. 150 ("In 1918, the Court reasoned that the legislature had to choose some regular method of counting taxes, and, in that system, a practical necessity of the annual computation of income taxes, relief could "be afforded only by legislation, not by the courts." Burnet v. Sanford & Brooks Co., supra at 367, 51 S.Ct. 150. | Essence of any system of taxation is that it should produce revenue ascertainable, and payable to the government, at regular intervals; only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. | "Is the system of taxation practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation?" | Taxation - Memo # 309 C - IU.docx | ROSS-003301163-ROSS-003301162 | SA, Sub | 0.83 | 0 | | 1 | 1 | |

278

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1466 | Binger v. King Pest Control, 401 So. 2d 1310 | 307A+747.1 | The goals underlying discovery practice are readily apparent in Florida Rules of Civil Procedure 1.200(c), which provides that a trial court's pretrial order detailing the agreements made by the parties "shall control the subsequent course of the action unless modified at the trial to prevent injustice." Consistent with this rule, we now hold that a pretrial order directing the parties to exchange the names of witnesses requires a listing or notification of all witnesses that the parties reasonably foresee will be called to testify, whether for substantive, corroborative, impeachment or rebuttal purposes. Obviously, a general reference to "any and all necessary" impeachment or rebuttal witnesses, as was the case here, constitutes inadequate disclosure. We expressly disapprove decisions in the first three categories of witness disclosure cases which hold or imply that certain types of witnesses are automatically exempt from the dictates of a pretrial disclosure order. | Pretrial order directing parties to exchange names of witnesses requires listing or notification of all witnesses that parties reasonably foresee will be called to testify, whether for substantive, corroborative, impeachment or rebuttal purposes. | Does a pretrial order directing parties to exchange names of witnesses require listing or notification of all witnesses that parties reasonably foresee will be called to testify? | Pretrial Procedure - Memo # 1490 - C - ES.docx | ROSS-003299675-ROSS-003299676 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 1467 | Texas Elec. Co-op. v. Dillard, 171 S.W.3d 201 | 307A+331 | Before any failure to produce material evidence may be viewed as discovery abuse, the opposing party must establish that the nonproducing party had a duty to preserve the evidence in question. Id. at 722. There must be a sufficient foundational showing that the party who destroyed the evidence had notice both of the potential claim and of the evidence's potential relevance thereto. Id. An objective test for anticipation of litigation is whether a reasonable person would conclude from the severity of the accident and other circumstances surrounding it that there was a substantial chance for litigation. Id. | Objective test for anticipation of litigation, as would create duty to preserve evidence, is whether reasonable person would conclude from severity of accident, and other circumstances surrounding it, that there was substantial chance for litigation. | "Is the objective test for anticipation of litigation, as would create duty to preserve evidence, whether reasonable person would conclude from severity of accident, and other circumstances surrounding it that there was substantial chance for litigation?" | Pretrial Procedure - Memo # 1979 - C - SHB.docx | ROSS-003287327-ROSS-003287328 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 1468 | Sidwell Oil & Gas Co. v. Loyd, 230 Kan. 77 | 307A+749.1 | When Judge Aldrich disqualified himself, Judge Flood took over and tried the case. At the conclusion of the evidence defendant objected to any discussion of the theory of no meeting of the minds. Judge Flood pointed out that the evidence on this theory was introduced and it was tried on that theory. Therefore, the objection was overruled and properly so. "Where the record shows the parties have submitted their entire case for decision on all issues, without objection, they are held to have consented that the court decide such issues even though outside the scope of the pretrial order." Addis v. Bernardin, Inc., 226 Kan. 241, Syl. P 3, 597 P.2d 250 (1979). | If parties have submitted their entire case for decision on all issues, without objection, they have consented to having court decide such issues even though outside the scope of the pretrial order. | "If parties have submitted their entire case for decision on all issues, without objection, have they consented to having a court decide such issues even though outside the scope of the pretrial order?" | Pretrial Procedure - Memo # 1990 - C - SHB.docx | ROSS-003287844-ROSS-003287845 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 1469 | Structural Pres. Sys. v. Petty, 927 A.2d 1069 | 307A+750 | We consider first Structural's procedural claim that the trial court erred in rejecting its argument that Petty should be required to apportion his pre-existing injuries because it was not raised in its pre-trial statement and included in the pre-trial order. The pre- trial order limits the issues for trial and controls the subsequent course of the action, thereby precluding the interjection of new issues, absent modification of the order upon good cause. See Habtu v. Woldemichael, 694 A.2d 846, 849 (D.C.1997) (citations omitted); see also Super. Ct. Civ. R. 16(g) (setting forth the general subject of the pre- trial order and stating that it controls further proceedings unless subsequently modified). However, we cannot say on this record that Structural did not raise the apportionment issue pre-trial. Although not expressly characterized as such, Structural cited cases upon which it relied that address the issue, specifically, Williams v. Patterson, 681 A.2d 1147, 1150-51 (D.C.1996) (holding the lack of expert medical evidence to be fatal to plaintiffs proofwhere the case involved a complicated medical question due to pre-existing medical condition), and Baltimore, supra, 545 A.2d at It also disputed that Petty's alleged damages were proximately caused by its alleged negligence. The causation issue bears a reasonable relationship to the apportionment argument. The question of whether Petty's pre-existing hip injury caused his back pain, rather than the trip-and-fall, falls squarely within the causation analysis. Thus, Structural's claim that Petty should be required to prove that his injuries were caused by his accident, rather than some prior condition, can be inferred reasonably from the parties' joint pre-trial statement, which was incorporated into the pre-trial order. Therefore, the trial court erred in holding that Structural's apportionment argument was barred procedurally by the pre-trial order. | The pre-trial order limits the issues for trial and controls the subsequent course of the action, thereby precluding the interjection of new issues, absent modification of the order upon good cause. | "Does the pre-trial order limit the issues for trial and controls the subsequent course of the action and does that result in precluding the interjection of new issues, absent modification of the order upon good cause?" | Pretrial Procedure - Memo # 1993 - C - UG.docx | ROSS-003313344-ROSS-003313345 | Condensed, SA | 0.9 | 0 | 1 | 0 | 1 | |
| 1470 | Goudy v. Dayton Newspapers, 14 Ohio App. 2d 207 | 275+82 | The refusal of the trial court to grant a mistrial or a continuance for the purpose of securing such documentary evidence and the refusal of the trial court to grant a new trial for "surprise which ordinary prudence could not have guarded against" are matters which rest largely within the discretion of the trial court. We see no such abuse of discretion on the part of the trial court. | It is within discretion of trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against. | "Is it within the discretion of a trial court to grant a mistrial or a continuance for purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against?" | Pretrial Procedure - Memo # 2134 - C - NC.docx | LEGALEASE-00021699-LEGALEASE-00021700 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 1471 | Montgomery v. McDaniel, 271 Va. 465 | 307A+517.1 | Adopting Montgomery's argument would render many nonsuits an improper use of process under the abuse of process analysis because a first nonsuit carries with it the right to refile the litigation in the future provided other requirements are met such as limitations periods. See, Code " 8.01-380(B), Code " 8.01-229(E)(3). The ability to refile the action at some future time is a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant. Exercising the statutory right to take a nonsuit knowing that, by statute, the litigation can be refiled does not qualify as "an act in the use of the process not proper in the regular prosecution of the proceedings." Donohoe, 235 Va. at 539, 369 S.E.2d at 862. | The ability to refile the nonsuited action at some future time is a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant. West's V.C.A. SS 8.01-229(E)(3), 8.01-380(B). | "Is the ability to refile the nonsuited action at some future time a right afforded a plaintiff by the General Assembly, regardless of any inconvenience or discomfort it might place on the nonsuited defendant?" | 027679.docx | LEGALEASE-00132334-LEGALEASE-00132335 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| **ROW** | **Judicial Opinion** | **WKNS Topic + Key Number** | **Judicial Opinion Text** | **Copied Headnote** | **Memo Question** | **Memo Filename** | **Bates Number** | **Headnote Category** | | **Order** | **Condensed** | **Substantive Additions** | **Selection & Arrangement** | **Multiple Differences** |
| 1472 | Barton v. ISC, 893 A.2d 1095 | 307k+750 | As to the merits, we reject appellant contention that the trial court did not have discretion to bring form the pretrial order... | Whether to allow a party to go beyond the bounds of the pretrial order is a matter left to the trial court's discretion to be exercised in light of language authorizing pretrial conferences and authorizing modification in the pretrial order[.] | "Is it a matter confined to the trial court's sound discretion... to allow a party to go beyond the bounds of the pretrial order?" | 02797.docx | LEGALEASE 0013197 LEGALEASE 0013198 | SA, Sub | 0.58 | 0 | | | | |
| 1473 | Norris v. Heard Tr., SED F.3d 464 | 184H+105 | It is recognized that under Texas law "[s]ubject to certain conditions, a plaintiff who states a removal-in not precluded from filing a subsequent suit seeking the same relief... Ariz. Rules Civ.Proc., Rule 162. | "Is a plaintiff who takes removal precluded from filing a subsequent suit seeking the same relief, and to what extent does voluntary dismissal of expert witnesses affect of vitiating earlier interlocutory orders?" | 02810.docx | LEGALEASE 0013193 LEGALEASE 0013193 | SA, Sub | 0.63 | | | | | |
| 1474 | Harper v. Han Chang, 267 A.D.2d 1011 | 307k+596.1 | Supreme Court fell out abuse its discretion in denying plaintiffs' cross motion for an adjournment and dismissing the complaint (see, Herbert v. Edwards Super Food Stores Inc./Supermarkets, 216 A.D.2d 709, 627 N.Y.S.2d 617; Pautov v. Manchefelo, 216 A.D.2d 446, 628 N.Y.S.2d 541)... | Denial of medical malpractice plaintiff's motion for an adjournment and dismissal of the complaint were not abuses of discretion where the court found upon the unavailability of plaintiff's expert medical witness, was made on the eve of trial, the plaintiff's attorney had known for at least eight months that the medical expert, who had moved to New Mexico, would not come... failed to exercise due diligence to remedy the unavailability of that expert. | Will the courts allow an adjournment due to unavailability of expert witness in medical malpractice action? | 02707.docx | LEGALEASE 0013186 LEGALEASE 0013187 | Condensed, SA, Sub | 0.68 | 1 | | | | |
| 1475 | Burns & Son Homebuilders v. Ford, 310 S.C. 539 | 307k+517.1 | Generally, the plaintiff is entitled to a voluntary non-suit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present. Bowen & Smoak v. Howden, 491 S.C. 163, 356 S.E.2d 99 (1991). Once legal prejudice is found, the granting or denial is within the discretion of the trial court. Moore v. Berkeley County, 290 S.C. 43, 348 S.E.2d 176 (1986)... | Generally, plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issues of public policy are present[.] Once legal prejudice is found, whether to grant or deny a nonsuit is within the discretion of trial court. Rules Civ.Proc., Rule 41(a)(1). | Is plaintiff entitled to a voluntary nonsuit without prejudice as a matter of right unless legal prejudice is shown by the defendant or important issue of public policy are present? | 02760.docx | LEGALEASE 0013800 LEGALEASE 0013801 | SA, Sub | 0.62 | 1 | | | | |
| 1476 | Sidwell Oil & Gas Co. v. Loyd, 230 Kan. 77 | 307k+749.1 | When judge which disqualified himself. Judge Flood took over and tried the case. At the conclusion of all evidence, supported objection to any discussion of the theory of recovery at the meeting of the minds. Judge Flood pointed out that the evidence on this theory was introduced and it was read on that theory. Therefore, the objection was overruled and properly so. Where the record shows the parties have submitted their entire case for decision on all issues, without objection, they are held to have consented that the court decide such issues even though outside the scope of the pretrial order... | "If parties submit their entire case for decision on all issues, without objection, they have consented to having the court decide such issues even though outside the scope of the pretrial order?" | 02715.docx | LEGALEASE 0013779 LEGALEASE 0013780 | SA, Sub | 0.7 | | | | | |
| 1477 | Martinez v. King, 159 S.W.3d 629 | 307k+486 | Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985)... 2235 W.3d 757, 761 (Tex.App.-San Antonio 2007) (quoting Wheeler and observing). | "Although trial courts have broad discretion to permit or deny the withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles." | 02680.docx | LEGALEASE 0013844 LEGALEASE 0013845 | SA, Sub | 0.79 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 1478 | Shuka v. Esbrook, 185 NJ. Super 93 | 307A+517.1 | A motion based under R. 37:16(i) involves three related inquiries: (a) whether terms should be denied without prejudice; and (2) if so, whether terms should be imposed; and (3) if so, what terms will allocate any prejudice to the defendant and the administration of justice generated by the ensuing delay and duplication of effort. As we have noted, the resolution of these questions rests within the sound discretion of the trial judge. Mack Auto, supra, 244 N.J. Super. at 154, 583 A.2d 379 | A motion based on an inquiring voluntary dismissal of a complaint involves three related inquiries: (1) whether the matter should be dismissed without prejudice; (2) if so, whether terms should be imposed; and (3) if so, what terms will allocate any prejudice to the defendant and prevent injury to the efficient administration of justice generated by the ensuing delay and duplication of effort. R. 4:37-1(b). | Does a motion based on can requiring court review prior to a grant of dismissal involve the sequential inquiries? | Pretrial Procedure - Memo #389 - C - RF.docx | ROSS-000231976/ROSS-000287659 | SA, Sub | 0.21 | 0 | 0 | 1 | 1 | |
| 1479 | Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | Under the Texas Rules of Civil Procedure, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall not prejudice the right of an adverse party to seek affirmative relief." Tex. R. Civ. P. 162. Rule 162 applies in this case because the non-suit did not terminate the merits of the interlocutory appeal from UTMB's pretrial plea to the jurisdiction. Under these circumstances, the non-suit extinguishes a case or controversy from "the moment the motion is filed" or an oral motion is made in open court is the only requirement to "the mere filing of the motion with the clerk of the court." Shadowbrook Apts. v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex.1990); see also Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982). While the non-suit may be effective when the trial court signs an order dismissing the suit, the "signing the order of dismissal" is merely a ministerial act. In re Bennett, 960 S.W.2d 35 (Tex.1997) | When a non-suit is filed while a matter was pending an interlocutory appeal from a pretrial plea to the jurisdiction, the non-suit extinguishes a case or controversy from "the moment the motion is filed or an oral motion is made in open court." Tex. R. Civ. P. 162. | Does the non-suit extinguish a case or controversy from the moment the motion is filed or an oral motion is made in open court? | 020613.docx | LEGALEASE-00131054-LEGALEASE-00131055 | SA, Sub | 0.7 | | | 1 | 1 | |
| 1480 | Ramirez v. Noble Energy, 521 S.W.3d 851 | 307A+486 | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Wheeler, 157 S.W.3d at 443; Cleveland, 397 S.W.3d at 694 (stating that we review trial court's ruling on motion to withdraw deemed admissions for abuse of discretion). Requests for admissions are intended to simplify trials and are useful when addressing uncontroverted matters; they are not intended to be used to require a party to admit the validity of claims or concede its defenses. See Marino v. King, 355 S.W.3d 629, 632 (Tex. 2011) (per curiam); Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam) (noting that requests for admissions were not intended "to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense.") | Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, courts cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Tex. R. Civ. P. 198.3. | "Trial courts have broad discretion to permit or deny withdrawal of deemed admissions; however, can courts do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" | 020613.docx | LEGALEASE-00134665-LEGALEASE-00134666 | SA, Sub | 0.76 | 0 | | | 1 | |
| 1481 | Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+486 | A request for admission is a "written request [] that the other party admit the truth of any matter within the scope of discovery..." Tex.R. Civ. P. 198.1. "A response is served within seven days after service." Tex. R. Civ. P. 198.2(c). An admitted matter is "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex.R. Civ. P. 198.3. A trial court has discretion to permit a party to withdraw or amend the admission. (a) the court finds that the other party will not be unduly prejudiced; and (b) the court finds that the party seeking to withdraw or amend the admission has shown good cause for the withdrawal; (b) the court finds that the other party will not be unduly prejudiced; and (c) presentation of the merits of the lawsuit. See Wheeler v. Green, 157 S.W.3d 439, 442 (Tex. 2005); Boulet v. State, 189 S.W.3d 833, 836 (Tex.App.—Houston [1st Dist.] 2006, no pet.) | A trial court has discretion to permit a party to withdraw an admission if the party shows good cause for the withdrawal (1) the party shows good cause for the withdrawal; (2) the court finds that the other party will not be unduly prejudiced; and (3) presentation of the lawsuit's merits is served by the withdrawal. Tex. R. Civ. P. 198.3. | Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause for the withdrawal? | Pretrial Procedure - Memo # 2904 - C - NS.docx | ROSS-000130935/ROSS-000130936 | SA, Sub | 0.62 | | | 1 | 1 | |
| 1482 | State ex rel. Kramer v. Carroll, 309 S.W.2d 654 | 307A+453.1 | He also says that the procedure involves sought-in the subpoena is necessary to the discovery of competent evidence. In other words, he says that the documentary evidence thus sought, other than item 2, was relator's personal income tax returns from 1947 to 1956. The trial court's without jurisdiction to require the production of documents and material showing the source of the deposits, "unless such evidence is first shown to be relevant and material to the issues in the pending cause." McQueen, Mo.Sup., 296 S.W.2d 85, Sec. c9. 89. Relator urges that evidence of financial condition is irrelevant and immaterial because that issue is removed from the case by relator's admissions. The financial condition and ability of the party sought to be charged is a fact pertinent to the inquiry in an action for support and maintenance, it is not an "issue" in the case here. Mo.331-546, however, is an admitted fact in the answer. That defendant's admission of a fact has no necessities of life for plaintiff. "Evidence is not necessary to prove an admitted fact. In this particular instance respondent had no jurisdiction to command the production of the income tax returns. | Court is without jurisdiction to require production of documentary evidence and material to issues in pending cause. | Is a court without jurisdiction to require production of documentary evidence, unless such evidence is first shown to be relevant and material to issues in pending cause? | Pretrial Procedure - Memo #389 - C - KE.docx | ROSS-000317674/ROSS-000317675 | SA, Sub | 0.66 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Measure | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,073 |
| 1483 | Chambers v. Pruitt, 241 S.W.3d 429 | 307A+486 | The trial court has broad discretion to permit or deny the withdrawal of deemed admissions so long as it does not act unreasonably, arbitrarily, or without reference to guiding principles. See Wheeler v. Green, 157 S.W.3d 439, 443 (Tex.2005). In this scenario, the party that requests withdrawal of an admission must be served and noticed before a failure to answer will result in deemed admissions. See Payton v. Ashton, 29 S.W.3d 896, 898 (Tex.App.-Amarillo 2000, no pet.). Here, there was no evidence the admissions were properly served and received. The request for admissions sought to admit into evidence was not signed, nor was there a signed certificate of service. Chambers told the court she sent the request to the Pruitt by certified mail and received a return receipt green card marked "refused." Pruitt testified she did not receive the admissions. Therefore, there were no deemed admissions, and the trial court did not abuse its discretion when it refused to admit the document into evidence. | Trial court has broad discretion to permit or deny the withdrawal of deemed admissions so long as it does not act unreasonably, arbitrarily, or without reference to guiding principles. | "Does the trial court have broad discretion to permit or deny the withdrawal of deemed admissions as long as it does not act unreasonably, arbitrarily or without reference to guiding principles?" | 020844.docx | LEGALEASE 00134497-LEGALEASE 00134498 | SA, Sub | 0.82 | 0 | | | 1 | |
| 1484 | Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | Good cause has been adopted as the threshold standard for the withdrawal of admissions. Good cause is established by showing that the failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Stelly, 927 S.W.2d at 622 (Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result.) Halton, 792 S.W.2d 462. | Party can establish "good cause" for withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of mistake, rather than intentional or result of conscious indifference. Vernon's Ann. Texas Rules Civ. Proc., Rule 169(2). | "Can a party establish 'good cause' for withdrawal of deemed admissions by showing that its failure to answer was accidental or result of mistake, rather than intentional or result of conscious indifference?" | 028977.docx | LEGALEASE 00134728-LEGALEASE 00134729 | SA, Sub | 0.42 | 0 | | 1 | 1 | |
| 1485 | Wheeler v. Green, 157 S.W.3d 439 | 228+383 | Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Carpenter, 98 S.W.3d at 687; Stelly, 927 S.W.2d 622; see also Wal-Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 357 (Tex.1998) (per curiam) (finding no undue prejudice from withdrawing trial court manager's deemed admissions on plaintiff had already deposed him). As Sandra's proof attached later motion for new trial showed, Darrin's attorney received her responses two days late but six months before the summary judgment motion was heard. The lower court could not have concluded that the withdrawal of the deemed admissions would suffer any undue prejudice if the admissions were withdrawn. | Undue prejudice, as element for withdrawing deemed admission or filing a late response, depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it? Vernon's Ann. Texas Rules Civ. Proc., Rules 166(a), 198.3. | "Does undue prejudice, depend on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it?" | 029095.docx | LEGALEASE 00134619-LEGALEASE 00134620 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | |
| 1486 | Reeves v. Boatman, 769 P.2d 917 | 307A+483 | It is a well established principle of this court that it will affirm the decision of the trial court on any theory properly presented and a proper legal theory. Kane, 706 P.2d 976 (Wyo.1985). The effect of admissions pursuant to W.R.C.P. 36(b) does not mean that the favored litigant is necessarily absolved from further proof to justify recovery or establish his amount if all dispositive facts involving recovery were not included in the undenied admissions. See Peak Distr. Inc. Co. v. Breeb, 209 P.2d 959 ( M.Cir 1954); Woods v. Robb, 171 P.2d 539 (Wyo. Colo.). General Acct., Fire & Life Assur. Corp. v. Cohen, 203 Va. 810, 127 S.E.2d 54 (1962). | Effect of admissions does not mean that favored litigant is necessarily absolved from further proof to justify recovery or establish its amount if all dispositive facts involving recovery were not included in undenied admissions. Rules Civ Proc., Rules 36, 36(b). | Does the effect of admissions not mean that a favored litigant is necessarily absolved from further proof to justify recovery or establish its amount if all dispositive facts involving recovery were not included in undenied admissions?" | 022090641.docx | ROSS-003205148 | SA, Sub | 0.6 | 0 | | | 1 | |
| 1487 | Shaw v. Laher, 547 N.C. App. 348 | 307A+483 | According to G.S. * 1A-1, Rule 36(a), matters as to which admission is requested are deemed admitted unless the party to whom the request is directed serves a written response within the time permitted by rule. Rules Civ Proc., Rule 36(a), G.S. 5 1A-1. In civil procedure rules, matters as to which admission is requested are deemed admitted unless party to whom request is directed serves written response within time permitted by rule. Rules Civ Proc., Rule 36(a), G.S. 5 1A-1. | In civil procedure rules, matters as to which admission is requested are deemed admitted unless party to whom request is directed serves written response within time permitted by rule? | 020027.docx | LEGALEASE 00134883-LEGALEASE 00134884 | Order, SA, Sub | 0.73 | 0 | 1 | | 1 | |
| 1488 | The Janko, 54 F. Supp. 241 | 221+162 | Doubtless the assumption must be that when a friendly foreign government intervenes in its own behalf in possession of property within its jurisdiction, or of public service, such possession and use are lawful. Comity would not permit in the present case an exploitation as to whether the seizure of the pubic by the Dutch Prize Court was lawful. Comity limits the courts as well as the diplomatic channels. In Oetjen v. Central Leather Co., 246 U.S. 513, 38 S.Ct. 309, 62 L.Ed. 726, Banco de España v. Federal Reserve Bank, 2 Cir., 114 F.2d 438, the court's recognition which are notice allows within its territory to the legislative, executive or judicial acts of another nation whose government operates within its own territory. See American Banana Co. v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826, 16 Ann.Cas. 1047; Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726; Banco de España v. Federal Reserve Bank, 2 Cir., 114 F.2d 438. | "Comity", which is recognition which one nation allows within its territory to legislative, executive or judicial acts of another nation, being matter of courtesy and good will. | "Does comity, the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, being matter of courtesy and good will?" | International Law - Memo #2775 - C-DA.docx | ROSS-003202966/D-ROSS-003290600 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | |
| 1489 | Ohio Cas. Ins. Co. v. Stoneman, 2015-Ohio-3546 | 307A+486 | When a party fails to timely respond to the request for admissions, "the admissions become fact of record by operation of law, it is within the trial court's discretion whether it will allow the withdrawal of admissions?" | When a party fails to timely respond to the request for admissions, the admissions become fact of record by operation of law, it is within the trial court's discretion whether it will allow the withdrawal of admissions. | "When a party fails to timely respond to the request for admissions and the admissions become fact of record by operation of law, is it within the trial court's discretion whether it will allow the withdrawal of admissions?" | Pretrial Procedure - Memo #2775 - C-DA.docx | ROSS-003290640/ROSS-003290641 | Condensed, SA, Sub 0.6 | 0.6 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1490 | In re Sewell, 472 S.W.3d 449 | 307A+486 | Under Rule 198 of the Texas Rules of Civil Procedure, if a party does not timely respond to a request for admissions, "the request is considered admitted without the necessity of a court order." Tex. R. Civ. P. 198.2(c). Further, any matter deemed admitted "is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 98.3. To obtain permission to withdraw deemed admissions, a party must show (1) good cause, (2) that the other party will not be unduly prejudiced, and (3) that the presentation of the merits of the lawsuit will be served by the withdrawal. See id.; Wheeler v. Green, 157 S.W.3d 439, 443 n. 2 (Tex.2005) (per curiam). Generally, a party demonstrates "good cause" by showing that his failure to respond "was accidental or the result of a mistake, rather than intentional or the result of conscious indifference." Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996) (per curiam). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." Wheeler, 157 S.W.3d at 443 (citing Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687 (Tex.2002)); Stelly, 927 S.W.2d at 622; see also Wal"Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 357 (Tex.1998) (per curiam) (finding no undue prejudice from withdrawal of deemed admissions where plaintiff had already deposed withdrawing party). Finally, "[t]he burden of proof on all three requirements [of Rule 198.3] is on the party seeking withdrawal." Morgan v. Timmers Chevrolet, Inc., 1 S.W.3d 803, 807 (Tex.App."Houston [1st Dist.] 1999, pet. denied). | Generally, a party demonstrates good cause necessary to withdraw deemed admissions by showing that his failure to respond to request for admissions was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Tex. R. Civ. P. 198.3. | "Does a party demonstrates good cause necessary to withdraw deemed admissions by showing that his failure to respond to request for admissions was accidental or the result of a mistake, rather than intentional or the result of conscious indifference?" | Pretrial Procedure - Memo # 2776 - C - DA.docx | ROSS-003289537-ROSS-003289538 | Condensed, Order, SA, Sub | 0.84 | 1 | 1 | 1 | 1 | 1 |
| 1491 | Motor Car Classics v. Abbott, 316 S.W.3d 223 | 307A+486 | Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles.]\[Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996). A ruling on whether to strike deemed admissions will only be set aside upon a showing of clear abuse of discretion. Employers Ins. of Wausau v. Halton, 792 S.W.2d 462, 464 (Tex.App.-Dallas 1990, writ denied). In order to obtain the relief of withdrawing deemed admissions, the proponent of that relief must show (1) good cause and (2) no undue prejudice. Wheeler v. Green, 157 S.W.3d 439, 442 (Tex.2005) (per curiam) (citing Tex.R. Civ. P. 166a(c), 198.3). | Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(c). | "Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles?" | Pretrial Procedure - Memo # 2798 - C - MS.docx | ROSS-003305107-ROSS-003305108 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 1492 | Chappelaer v. Gen. G. M. C. Trucks, 130 Ga. App. 664 | 307A+716 | Appellant's counsel did not personally contact the trial judge until after the action had been dismissed for want of prosecution. Counsel acts at his peril in attempting to contact the trial judge by relaying information to him through a third person. Carver v. Cranford, 122 Ga.App. 100, 176 S.E.2d 272. In McLendon v. State, 123 Ga.App. 290(2), 180 S.E.2d 567, it is stated: "Continuances because of the absence of counsel are not favored and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court." Revel v. State, 26 Ga. 275(2); Long v. State, 38 Ga. 491(4, 5); Turner v. State, 70 Ga. 765; Poppell v. State, 71 Ga. 276(2); Simmons v. State, 116 Ga. 583, 42 S.E. 779; Hardy v. State, 117 Ga. 40(1), 43 S.E. 434; James v. State, 150 Ga. 76(1), 102 S.E. 425; Griffin v. State, 208 Ga. 746, 69 S.E.2d 192; Crow v. State, 86 Ga.App. 11(1), 70 S.E.2d 601. | Continuances because of the absence of counsel are not favored and strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court. | "Are continuances because of the absence of counsel not favored and strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial court?" | 029255.docx | LEGALEASE-00135723-LEGALEASE-00135724 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 1493 | Cryer v. West, 771 S.W.2d 5 | 307A+714 | Whether, in a given situation, a party will suffer irreparable injury from the application of the legislative continuance rule is a question within the sound discretion of the trial court. See Waites v. Sondock, 561 S.W.2d at 775. Among the factors the court must consider are the nature and urgency of the rights involved. Id. at 776. It is only when the opposing party does not show such irreparable injury to a substantial, existing legal right that the trial court has no discretion except to grant the motion for continuance. Tex.R.Civ.P. 254; Tex.Civ.Prac. & Rem.Code Ann. sec. 30.003; see Collier v. Poe, 732 S.W.2d at 346. | Among factors court must consider in determining whether party will suffer irreparable injury from application of legislative continuance rule are nature and urgency of rights involved; moreover, it is only when opposing party does not show such irreparable injury to substantial, existing right that trial court has no discretion except to grant motion for continuance. Vernon's Ann.Texas Rules Civ.Proc., Rule 254; V.T.C.A., Civil Practice & Remedies Code S 30.003. | Should the court consider nature and urgency of the rights involved in determining whether non-movant will suffer irreparable injury from application of legislative continuance statute? | 029518.docx | LEGALEASE-00135651-LEGALEASE-00135652 | Condensed, SA, Sub | 0.26 | 0 | 1 | 1 | 1 | 1 |
| 1494 | Shankweiler v. McCall Procter/Densham, Ltd., 183 Ga. App. 257 | 307A+483 | Pursuant to OCGA " 9"11"36, if a party served with a request for admission neither files a timely response thereto nor moves to withdraw the admission resulting from his failure to do so, the matter stands conclusively admitted. Albitus v. Farmers, etc., Bank, 159 Ga.App. 406, 283 S.E.2d 632 (1981); American Cyanamid Co. v. Allrid, 176 Ga.App. 831, 338 S.E.2d 14 (1985). | If party served with request for admission neither files timely response thereto nor moves to withdraw admission resulting from his failure to do so, matter stands conclusively admitted. O.C.G.A. S 9-11-36. | "If a party served with request for admission neither files timely response thereto nor moves to withdraw admission resulting from his failure to do so, does the matter stand conclusively admitted?" | Pretrial Procedure - Memo # 3522 - C - NC.docx | ROSS-003290476-ROSS-003290477 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 1495 | Vaughn v. Grand Prairie Indep. Sch. Dist., 784 S.W.2d 474 | 307A+483 | Where one party fails to respond to requests for admissions the matters are deemed admitted as a matter of law and it is not necessary for the trial court to enter a formal ruling to this effect. See Shaw v. National County Mutual Fire Ins. Co., 723 S.W.2d 236, 237 (Tex.App."Houston [1st Dist.] 1986, no writ). If a party wishes to rely upon deemed admissions as proof in support of a motion for summary judgment, the party must properly place the admissions before the trial court. With regard to summary judgments, rule 166a(c) specifically states that: The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. | When one party fails to respond to requests for admissions the matters are deemed admitted as a matter of law and it is not necessary for trial court to enter a formal ruling to such effect. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Where one party fails to respond to requests for admissions, is it necessary for the trial court to enter a formal ruling to effect that such the matters are deemed admitted as a matter of law?" | Pretrial Procedure - Memo # 3630 - C - KBM.docx | ROSS-003289803-ROSS-003289804 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,029 |
| 1496 | Robinson v. Walk, Res., 190 Ga. App. 139 | 307A+483 | One must comply strictly and literally with the terms of the statute upon the pain of having his requested admissions taken as admitted. (Punctuation omitted.) Id. Bass & Co., supra, 208 Ga. at 131(2), 486 S.E.2d 632. "Thus, matters deemed admitted under statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." (Punctuation omitted.) Fox Run Properties, supra, 288 Ga.App. at 569(1), 654 S.E.2d 581. | Matters deemed admitted under statute governing failure to timely respond to requests for admission become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. 5 9-11-36(a, b). | Do matters deemed admitted under statutes governing failure to timely respond to requests for admission become solemn admissions in judicio and are conclusive as a matter of law on the matters stated? | Pretrial Procedures - Memo # 3086 - C - 58.docx | ROSS-00317910-ROSS-00317911 | Condensed, Order, SA, Sub | 0.39 | 1 | 1 | 1 | 1 | 1 |
| 1497 | Wright v. Am. Rest. Group, 2002 WL 31520533 | 307A+485 | In determining whether [a] fact had a reasonable ground to deny the request for admission, the trial court could consider only evidence [that] had at the time of the denial. When determining whether a party had a reasonable ground to deny a request for admission, the trial court is limited to considering the party had in its possession, or reasonably could have obtained from other sources, at the time of the denial. (Wimberly v. Derby Cycle Corp. (1997) 56 Cal.App.4th 618, 637*638, 65 Cal.Rptr.2d 532.) In this case, parties are not obligated to amend their discovery responses based on the later-acquired information (Barnett v. Penske Truck Leasing Co. (2001) 90 Cal.App.4th 494, 498, 108 Cal.Rptr.2d 821, and out of an abundance of caution or on obligation to amend its responses based on information it obtained after it served its responses. | In determining whether defendant had reasonable ground to deny request for admission on personal injury action, trial court could consider only evidence defendant had at time of denial, for purpose of determining whether plaintiff was entitled to attorney fees. West's Ann.C.C.P. § 2033.420(b). | Can a court consider only the evidence a defendant had at time of denial, for purpose of determining whether defendant had a reasonable ground to deny request to deny request for admission on personal injury action? | 030068.docx | LEGALEASE-00135059-LEGALEASE-00135060 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 1498 | Schleimer v. Winter, 2002 WL 1397661 | 307A+485 | A court's determination that amount requested is unreasonable alone does not justify the denial of an award of costs of proof under Code of Civil Procedure section 2033, subdivision (a) if the moving party has presented sufficient information for the court to determine a reasonable amount. There is no indication from the record in this case that in those circumstances the conclude that the evidence presented in support of defendant's medical expenses was sufficient for the court to determine a reasonable amount of expenses incurred due to the defendants' failure to admit the matters requested. The detailed evidence bills indicate the amount plaintiff's counsel expended on specialists and the selected legal services, there was ample information for the trial court to determine the reasonable amount of fees incurred due to the defendants' failure to admit the matters requested. The court abused its discretion by refusing to do so. | A court's determination that an amount requested is unreasonable alone does not justify denial of an award of costs of proof if moving party has presented sufficient information for court to determine a reasonable amount. West's Ann.Cal. C.C.P. § 2033, subd. a. | Does a court's determination that amount requested is unreasonable alone conclusively justify denial of the award of costs of proof if moving party has presented sufficient information for court to determine a reasonable amount? | 030082.docx | LEGALEASE-00135071-LEGALEASE-00135072 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 1499 | Armstrong v. Collins, Neb. S.C. 204 | 307A+720 | The decision whether to grant leave to amend is within the sound discretion of the trial judge. Said & Matson Id. Co. v. Lally Assoc., 290 S.C. 498, 501, 361 S.E.2d 779, 781 (Ct.App.1987). However, where a late amendment would cause prejudice to the opposing party, the trial court should either deny the amendment or grant a continuance to prepare for the new issue. Id. at 116 S.C. at 271, 441 S.E.2d 622. Nevertheless, where a late amendment is allowed, a continuance is a matter within the trial court's discretion. Graybar Elec. Co. v. Rice, 287 S.C. 518, 520, 339 S.E.2d 883, 884 (Ct.App.1986). | When a late amendment to a pleading would cause prejudice to the opposing party, the trial court should either deny the amendment or grant a continuance to allow the time reasonably necessary to prepare for the new issue. Rules Civ.Proc., Rule 15. | When a late amendment to a pleading would cause prejudice to the opposing party, should the trial court either deny the amendment or grant a continuance? | 030476.docx | LEGALEASE-00135749-LEGALEASE-00135750 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | 1 |
| 1500 | Acorn Iron Works v. Auditor Gen., 295 Mich. 143 | 371+201 | The standard of tax administration from time to time has changed in conduct and method of enforcing the sales tax act, nothing in the building trade transactions, but in this connection it is sufficient to note that the exemption of the sales tax is not controlled by the statute because it cannot be imposed by rulings or regulations of the board. [Tax exactions, property or excise, must rest upon legislative enactment, and collectors can act only within their grant of authority therein, and the language of statute, modified in any way by the Ethics in Government Act. Other than those enactments of public office that are expressly authorized and established by law, no holder of public office is entitled to request or receive, from any source, directly or indirectly anything of value in exchange for the performance of any act related to the functions of that office. | Tax exactions, property or excise, must rest upon legislative enactment, and collectors can act only within their grant of authority therein, and the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is most resolved against the taxpayer. | Does tax exactions, property or excise, rest upon legislative enactment? | Taxation - Memo # 659 - C - BML.docx | ROSS-00291313-ROSS-00291313 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | 1 |
| 1501 | State v. Agan, 259 Ga. 541, 384P+351 | 316P+351 | The Ethics in Government Act has no manner altered the bribery statute. The Act simply defines a campaign contribution and, having defined, imposes disclosure obligations, but by nothing in the Act permits a public officeholder to request or receive anything of value "in exchange for his or her performance of any act related to the functions of his office or employment... "DOCGA" 16-10-2(a)(1), but in the term "official act," is contained in the definition of public office official act, official act means the performance of public office that are expressly authorized and established by law, no holder of public office is entitled to receive from any source, directly or indirectly anything of value in exchange for the performance of any act related to the functions of that office. | Other than those enactments of public office that are expressly authorized and established by law, no holder of public office is entitled to request or receive, from any source, directly or indirectly, anything of value in exchange for the performance of any act related to the functions of that office. O.C.G.A. §§ 16-10-2, 21-5-1 et seq. | Under bribery statute, what is a holder of public office entitled to request or receive, from any source, directly or indirectly, any value in exchange for the performance of any act related to the functions of their office? | Bribery - Memo #543 - C - E.docx | ROSS-00330988-ROSS-00330989 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | 1 |
| 1502 | Cross v. Cross, 891 N.E.2d 635 | 307A+486 | "Prejudice" does not mean that the party who obtained the admission will lose the benefit of the admission; rather, it means that the party has suffered a detriment in the preparation of its case. City of Muncie, 709 N.E.2d at 55. For example, prejudice under the rule may be shown when the party which obtained the admission is unable to produce witnesses whose testimony would have been readily available except for the delay in the motion to withdraw is filed. (citing Gen. Auto. 670 N.E.2d 1132, 1136 (Ind.Ct.App.1996). Quoting v. Kittoff/Peering Corp., 737 I.2d 1109, 1117 1214 (8th Cir.1985). | In the context of rule allowing a party deemed to have made admissions due to failure to respond to requests for admissions to seek withdrawal of admissions, "prejudice" does not mean that the party who has admitted the admissions will face difficulty in that the party has suffered a detriment in the preparation of its case. Trial of Indiana Rule of Civil Procedure Rule 36(B). | In the context of a law allowing a party deemed to have made admissions due to failure to respond to requests for admissions to seek withdrawal of admissions, "prejudice" does not mean that the party who has admitted the admissions will face difficulty? | 032011.docx | LEGALEASE-00136007-LEGALEASE-00136008 | Order, SA, Sub | 0.52 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1503 | Emery v. City of New Orleans, 154 So. 2d 556 | 30TH-716 | A mandatory continuance must be granted where a party, despite due diligence, has been unable to obtain material evidence... Savoie v. Russell, 296 So.2d 810 (La.1974). | Even though a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney, where a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer... to a defendant who desires to bring a case to trial. LSA-C.P. art. 1601. | Is a plaintiff entitled to indefinite continuances simply because he has discharged his lawyer? | 029414.docx | LEGALEASE-00136245-LEGALEASE-00136246 | Condensed, SA, Sub | 0.73 | 0 | | | 1 | |
| 1504 | Hines v. Hines, 567 S.W.2d 732 | 30TH-715 | The first claim is predicated upon the assertion that the unavailable and failure of the trial court to grant the continuance was an abuse of discretion... denying the continuance three days before the date set for trial. | A trial court has the right to control its docket, and the unavailable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance. | Does a trial court have the right to control its docket, and the unavailable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance? | 029464.docx | LEGALEASE-00136467-LEGALEASE-00136468 | Condensed, SA | 0.81 | | 0 | 0 | 1 | |
| 1505 | Cline v. Prowler Indus. of Maryland, 418 A.2d 968 | 30TH-485 | Superior Court Rule 37(c) requires that reasonable expenses be awarded to a party litigant when opposing party refuses or fails to admit the truth of a requested admission... found. Superior Court Rules, Civ.Rule 36(a), 37(c), Del.C.Ann. | Award under Superior Court Rule requiring reasonable expenses to be awarded to a party litigant when opposing party refuses or fails to admit truth of requested admission is later proved to be true? | Are reasonable expenses to be awarded to a party litigant when opposing party refuses or fails to admit the truth of a requested admission is later proved to be true? | 030257.docx | LEGALEASE-00136917-LEGALEASE-00136919 | Condensed, SA, Sub | 0.56 | | | | 1 | |
| 1506 | Rainwater v. Haddox, 544 S.W.2d 729 | 30TH-723.1 | At the outset, we note that there was an error in the denial of the motion for a continuance. Rules 251 and 252 require an application requesting by affidavit setting forth sufficient cause... See Sandner v. Signal Finance Corp., Del.Supr., 385 A.2d 680 (1978). | Where application for continuance fails to conform to rules, denial of continuance comes within sound discretion of court and is presumed, absent a showing of abuse of discretion, that court properly exercised its discretion. Rules of Civil Procedure, rules 251, 252. | Where application for continuance fails to conform to rules, does the denial of continuance come within sound discretion of court and is it within discretion of court? | 030272.docx | LEGALEASE-00136484-LEGALEASE-00136485 | SA, Sub | 0.67 | 0 | 0 | | 1 | |
| 1507 | Kinch v. Reid, 95 Ohio App. 3d 664 | 30TH-483 | In the instant case, it is necessary that we consider the relationship between Civ.R. 36, failure of a request for admission, and Civ.R. 56(C)... See Sandner v. Gooch (1991), 87 Ohio App.3d 722, 622 N.E.2d 389. | Where party files written request for admission, does failure of an opposing party to timely answer request constitutes conclusive admission, and also satisfies a written answer requirement of summary judgment rule? | Where party files written request for admission, does failure of an opposing party to timely answer request constitutes conclusive admission, and also satisfies a written answer requirement of summary judgment rule? | 030441.docx | LEGALEASE-00136299-LEGALEASE-00136300 | Condensed, SA, Sub | 0.75 | | | | 1 | |

285

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1508 | Simonsen v. Hendricks Sodding & Landscaping Inc., 5 Neb. App. 263 | 307A+724 | Hendricks also alleges the trial court erred in not granting its motion to continue the trial. " "An application for continuance must be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings." " Stewart v. Amigo's Restaurant, 240 Neb. 53, 60, 480 N.W.2d 211, 216 (1992) (quoting Williams v. Gould, Inc., 232 Neb. 862, 443 N.W.2d 577 (1989)). Here, Hendricks orally moved for a continuance without a supporting affidavit. Therefore, the trial court properly denied the motion for a continuance. The motion for new trial did not raise any issue that is argued separately from those listed above, and therefore this alleged error is not considered as a separate assignment. | Application for continuance must be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings. | Must an application for continuance be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings? | 030788.docx | LEGALEASE-00136469-LEGALEASE-00136470 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 1509 | W. Point Mfg. Co. v. Bennett, 263 Ala. 571 | 413+1 | The facts necessary to support the judgment are: 1. That both parties are subject to the Workmen's Compensation Law, Sections 263, 270, Title 26, Code. 2. That a personal injury was sustained by plaintiff. 3. It was caused by an accident. 4. It arose out of his employment. 5. And in the course of his employment (section 270, supra). 6. (The amount awarded was for a permanent and total disability), so that he must have suffered such an injury. Section 279(E) 3, as amended, Title 26, pocket part, Code. 7. And facts showing that his weekly earnings justified an award of $23 weekly for four hundred weeks. Section 279(E) 3, as amended, supra. | Facts necessary to sustain judgment awarding workmen's compensation were (1) that both parties were subject to the law, (2) that personal injury was sustained by plaintiff, (3) that it was caused by accident, (4) that it arose out of his employment, (5) that it arose in course of his employment, (6) that plaintiff suffered such injury, and (7) that facts showed that weekly earnings justified award. Code 1940, Tit. 26, SS 263, 270, 279(E) 3. | What facts are necessary to sustain a judgment awarding workmens compensation? | 047904.docx | LEGALEASE-00137057-LEGALEASE-00137058 | Condensed, SA, Sub | 0.31 | 0 | 1 | 1 | 1 | 1 |
| 1510 | Schindler v. AG Aero Distributors, 502 S.W.2d 581 | 307A+483 | The trial court, under Rule 169, Texas Rules of Civil Procedure, has considerable discretion in refusing or granting a motion to deem admitted the matters inquired about in a request for admissions where there is neither answer nor denial within the time specified in the request. The trial judge, under the Rule, also has broad discretion in refusing or granting a motion of the non-answering party to permit the filing of an answer or denial to the request for admissions after the time therefor has expired. The ruling made by the trial court in the exercise of that discretion in either situation will be set aside only upon a showing of a clear abuse. Meyer v. Tunks, 360 S.W.2d 518 Tex.Sup.1962); Fisher v. Continental Ill. Nat. B. & T. Co. of Chicago, 424 S.W.2d 664 (Tex.Civ."Houston 14th District 1958, writ ref'd n.r.e.); Hankins v. Haffa, 469 S.W.2d 733 (Tex.Civ.App."Amarillo 1971, n.w.h.). However, where, as in the case at bar, the trial court, in the exercise of its discretion, permits the late filing of answers to a request for admissions and the answers are actually filed in the case, the permission to file such answers may not be revoked thereafter except upon a showing of good cause. | The trial court has considerable discretion in refusing or granting motion to deem admitted the matters inquired about in a request for admission where there is neither answer nor denial within the time specified in the request. Rules of Civil Procedure, rule 169. | Does the trial court have considerable discretion in refusing or granting a motion to deem admitted the matters inquired about? | 030161.docx | LEGALEASE-00137137-LEGALEASE-00137138 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 1511 | Warburton/Buttner v. Superior Court, 103 Cal. App. 4th 1170 | 307A+36.1 | California law permits a plaintiff seeking to assert claims against a corporation to obtain discovery against it about whether it has been doing business in this state, since such facts are normally within the knowledge of the corporate officers and such jurisdictional issues are subject to discovery. (1880 Corp. v. Superior Court (1962) 57 Cal.2d 840, 843, 22 Cal.Rptr. 209, 371 P.2d 985.) Further, the California courts have adopted the federal procedural approach to this specific type of jurisdictional problem, involving discovery, by allowing a trial court faced with a claim of sovereign immunity to " "engage in sufficient pretrial factual and legal determinations to " "satisfy itself of its authority to hear the case" before trial." ' " (Great Western Casinos, supra, 74 Cal.App.4th 1407, 1418, 88 Cal.Rptr.2d 828, citing Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan (D.C.Cir.1997) 115 F.3d 1020, 1027"1028; Smith v. Hopland Band of Pomo Indians (2002) 95 Cal.App.4th 1, 7, 115 Cal.Rptr.2d 455, fn. 8 (Smith ).) The reason for this rule is that the lack of subject matter jurisdiction can be raised at any time, and no specific procedural method is required to bring the matter to the court's attention. (Great Western Casinos, supra, 74 Cal.App.4th at p. 1418, 88 Cal.Rptr.2d 828; see Gould, Inc. v. Pechiney Ugine Kuhlmann (6th Cir.1988) 853 F.2d 445, 451: where sovereign immunity issues are presented, putting subject matter jurisdiction into question, "discovery and fact-finding should be limited to the essentials necessary to determining the preliminary question of jurisdiction.") Thus, a court considering a jurisdictional question regarding sovereign immunity may go beyond the pleadings and contract language to consider testimonial and documentary evidence relevant to that issue. (Great Western Casinos, supra, 74 Cal.App.4th at p. 1418, 88 Cal.Rptr.2d 828; Smith, supra, 95 Cal.App.4th at p. 7, fn. 8, 115 Cal.Rptr.2d 455.) | California law permits a plaintiff seeking to assert claims against a corporation to obtain discovery against it about whether it has been doing business in the state, since such facts are normally within the knowledge of the corporate officers and such jurisdictional issues are subject to discovery. | Does law permit a plaintiff seeking to assert claims against a corporation to obtain discovery against it about whether it has been doing business in the state? | Pretrial Procedure - Memo # 4488 - C - CK.docx | ROSS-003305201-ROSS-003305203 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 1512 | P.R.S. Int'l v. Shred Pax Corp., 292 Ill. App. 3d 956 | 307A+720 | Supreme Court Rule 216(c) provides that unless the party to whom a request to admit was directed responds within 28 days, the facts of the document are deemed admitted. 134 Ill.2d R. 216(c); Schwalb v. Wood, 288 Ill.App.3d 498, 223 Ill.Dec. 823, 680 N.E.2d 773 (1997). Supreme Court Rule 183 provides an exception, however, and allows the court to extend the time for filing a pleading if the party demonstrates "good cause." 134 Ill.2d R. 183; Bright v. Dicke, 166 Ill.2d 204, 209 Ill.Dec. 735, 652 N.E.2d 275 (1995). Absence of prejudice to the opposing party is immaterial; it is a prerequisite that the responding party demonstrate good cause to obtain the relief granted by Rule 183. Bright, 166 Ill.2d at 209, 209 Ill.Dec. at 737, 652 N.E.2d at 277. Absent an abuse of discretion, this court will not disturb the trial court's decision to deny a motion for extension of time under Rule 183. Schwalb, 288 Ill.App.3d at 501, 223 Ill.Dec. at 826, 680 N.E.2d at 776. | In determining motion to extend time for filing pleading, it is prerequisite that responding party demonstrate good cause to obtain relief granted and absence of prejudice to opposing party is immaterial. Sup.Ct.Rules, Rules 183, 216(c). | "In determining a motion to extend time for filing a pleading, is it a prerequisite that a responding party demonstrate good cause to obtain relief granted?" | 031276.docx | LEGALEASE-00137304-LEGALEASE-00137305 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 23,876 | 9,029 |
| 1513 | Schwartz v. Platte Valley Exterminating, 258 Neb. 841 | 307A+483 | We have held that a party's failure to make a timely and appropriate objection to a request for admissions constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission... | Rule governing requests for admissions is self-executing, but requires that a party, claiming another party's admission to a request has conclusively established property to a request for admission, must prove service of the request for admission and the served party's failure to respond properly to offer the request for admission as evidence. Discovery Rule 36. | Is the rule governing requests for admissions self-executing, but requires that a party, claiming another party's admission to a request has conclusively established property to a request for admission, must prove service of the request for admission and the served party's failure to respond properly to offer the request for admission as evidence? | Pretrial Procedure - Memo # 707 - C - AP.docx | ROSS-003092248-ROSS-003092249 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | |
| 1514 | State v. McLeod, 1991 Minn. App. 3d 372 | 307A+156 | We are unable to discern merit in this point. The provision of Article 158 that the depositions shall be signed by the witnesses was designed for the purpose of avoiding the possibility that deponents might later take the witness stand at the trial and deny the verity of their testimony, and such provision could be waived by the parties, and in any event, where the witness consents... | The statutory provision that depositions be signed by witnesses was for the purpose of avoiding the possibility that deponents might later take the witness stand at the trial and deny the verity of their testimony. | Is the statutory provision that depositions be signed by witnesses for the purpose of avoiding the possibility that deponents might later take the witness stand at the trial and deny the verity of their testimony? | Pretrial Procedure - Memo # 4896 - C - RC.docx | ROSS-003291781-ROSS-003291782 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | |
| 1515 | Greenblatt v. Kaplan's Rest., 171 Cal. App. 3d 991 | 307A+726 | With these considerations in mind, we conclude that subdivision (d) should not have been interpreted so literally as to bar plaintiff's request to take the deposition of an elderly party-witness... | One continuance rule of West's Ann.Cal.C.C.P. § 536(a) governing motion for preference of party who has reached age 70 should not be interpreted such that a party's motion to take matter of calendar. | Will one continuance rule governing motion for preference of elderly party be interpreted to bar party's motion to take the matter off the calendar? | 031781.docx | LEGALEASE-00180019-LEGALEASE-00180040 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | |
| 1516 | Ward v. Gerald E. Prince Const., 293 Ark. 59 | 307A+36.1 | Rule 2006 does not require that a party notify an opposing party that he intends to introduce a summary. Instead, it merely mandates the original or duplicates be made available for examination or copying at both... | Rule of evidence controlling admissibility of summaries does not require that party notify opposing party that he intends to introduce a summary... | Does the rule of evidence controlling admissibility of summaries not require that party notify opposing party that he intends to introduce a summary? | 031912.docx | LEGALEASE-00180009-LEGALEASE-00180010 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | |
| 1517 | Scoltey v. City of Philadelphia, 381 Pa. 1 | 268+063(1) | Plaintiff was not entitled to have an accident occur in broad daylight by reason of a defect in a sidewalk or street which is plainly visible, to... A pedestrian is not required to keep his vision fixed continually on the ground immediately in front of him to discover possible points of danger... | A pedestrian is not required to keep his vision fixed continually on the ground immediately in front of him to discover possible points of danger, especially where his attention must also be directed toward the imminent peril of approaching vehicles. | Is a pedestrian required to keep his vision fixed continually on the ground to discover possible points of danger? | Highways - Memo 132 - RC.docx | ROSS-003039963-ROSS-003039967 | SA, Sub | 0.92 | | | 1 | 1 | |

287

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 22,876 | 9,029 |
| 1518 | Scott v. Scott, 147 S.W.3d 279, 287 | 307A=723.1 | Rule 60.03, which prescribes the proper procedure for seeking a continuance... | Failure to follow the simple, explicit, and mandatory procedure to properly present a motion for continuance means the motion is not obliged to consider the motion. V.A.M.R. 65.03. | "Does failure to follow the simple, explicit, and mandatory procedure to properly present a motion for continuance render the motion deficient, meaning the trial court is not obligated to consider the motion?" | Pretrial Procedure - Memo #195 - C - NE.docx | ROSS-003291307-ROSS-003291308 | SA, Sub | 0.8 | | | 1 | 1 | |
| 1519 | Hale v. Burns, 11 Ohio St. 34 118 | 307A=720 | Moreover, even in the event an objecting party is not prepared for evidence offered outside the pleadings the court may still allow an amendment under Civ.R. 15(B)... | Even in the event an objecting party is not prepared for evidence offered outside the pleading, trial court may still allow an amendment under rule governing amendment of pleadings to conform to evidence and admit evidence offered to establish objecting party. Rules Civ.Proc., Rule 15(B). | "Even in the event an objecting party is not prepared for evidence offered outside a pleading, may a trial court still allow an amendment?" | D30885.docx | LEGALEASE-00138822-LEGALEASE-00138823 | SA, Sub | 0.56 | | | 1 | 1 | |
| 1520 | State ex rel. Thirlfler Bank, N.A. v. Mahon, 248 Neb. 384 | 307A=16.1 | Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Stelnson v. Hilter, 241 Neb. 482, 488 N.W.2d 577 (1992)... | For purposes of ensuring it fundamentally fair trial, is the question of whether a disqualified law firm is participating with a successor counsel highly relevant to pending action... | "For purposes of ensuring a fundamentally fair trial, is the question of whether a disqualified law firm is participating with a successor counsel highly relevant to pending action?" | 031850.docx | LEGALEASE-00138802-LEGALEASE-00138803 | Condensed, SA, Sub | 0.45 | | 1 | 1 | 1 | |
| 1521 | McDowell v. United States, 136 S. Ct. 2355 | 63=13 | Under this Court's precedents, a public official is not required to actually make a decision or take an action on a "question, matter, cause, suit, proceeding or controversy"... | Is it up to the jury, under the facts of the case, to determine whether a public official agreed to perform an "official act," for purposes of the federal bribery statute, which makes it a crime for a public official to demand anything of value in return for being influenced in the performance of any official act, at the time of the alleged quid pro quo; the jury may consider a broad range of pertinent evidence, including the nature of the transaction, to answer that question. 18 U.S.C.A. § 201(a)(1), (b)(2). | "Is nature of transaction considered by a jury in a case involving a public official?" | 01079.docx | LEGALEASE-00330116-LEGALEASE-00330117 | Condensed, SA, Sub | 0.51 | | 1 | 1 | 1 | |
| 1522 | Sawinski v. Walker, 198 P.3d 1334 | 307A=747.1 | Trial courts are afforded broad discretion to determine whether a situation entails a "manifest injustice" sufficient to justify departure from pretrial scheduling orders... | Trial courts are afforded broad discretion to determine whether a situation entails a manifest injustice sufficient to justify departure from pretrial scheduling orders. Rules Civ.Proc., Rule 16(e). | "Are trial courts afforded broad discretion to determine whether a situation entails a manifest injustice sufficient to justify departure from pretrial scheduling orders?" | Pretrial Procedure - Memo #1393 - C - DA.docx | ROSS-003291304-ROSS-003291193 | SA, Sub | 0.56 | | | 1 | 1 | |
| 1523 | Tucker v. Tucker, 55 N.Y.2d 378 | 307A=501 | While authority of court to grant or to deny an application made to it pursuant to CPLR 3217 (subd. [b]) by a party seeking voluntarily to discontinue litigation within its sound discretion... | While authority of court to grant or to deny an application made to it pursuant to CPLR 3217 (subd. [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b). | "Can a party be compelled to litigate within authority of court to grant or to deny an application seeking voluntarily to discontinue litigation is within it sound discretion?" | Pretrial Procedure - Memo #5920 - C - NE.docx | ROSS-003291327-ROSS-003291328 | Order, SA, Sub | 0.45 | | 1 | | 1 | |
| 1524 | Rickey v. United States, 1327 Ad 1317 | 34=6.2 | Congress has given the military secretaries the power to correct military records using civilian Corrections Boards. 10 U.S.C. § 1552(a)(1) (2000)... | An officer seeking correction of military records may either apply as an initial matter to a corrections board, or file suit under the Tucker Act in the Court of Federal Claims. 10 U.S.C.A. § 1552(a)(1); 28 U.S.C.A. § 1491. | "Can an officer seeking correction of military records apply as an initial matter to a corrections board, or file suit under the Tucker Act in the Court of Federal Claims?" | 000540.docx | LEGALEASE-00139663-LEGALEASE-00139664 | Condensed, SA, Sub | 0.72 | | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1525 | United States v. Schlecht, 576 F.2d 1010 | 63+7 | Because the essence of the offense under section 215 is endeavoring to procure a loan from a bank for a thing of value by an officer of the bank, when the proof establishes that a bank officer endeavored to procure such a loan, the variance between what the indictment received the loan is immaterial; where as here the officer was "informed of the nature of the charge against him so that he was enabled to present his defense, was not taken by surprise and is protected against another prosecution for the same offense." Berger v. United States, 295 U.S. 78, 82, 55 S. Ct. 629, 79 L.Ed. 1314 (1935). We therefore conclude that the variance in the instant case was harmless and the defendant's rights were substantially preserved. | Since essence of offense of endeavoring for the procuring a loan for procuring a loan from a bank for a thing of value by an officer of the bank, when the proof establishes that a bank officer endeavored to procure such a loan, the variance between what the indictment and proof of who in fact received the loan is immaterial where the officer is informed of the nature of the charge against him so that he is enabled to prepare his defense, is not taken by surprise and is protected against another prosecution for the same offense. Fed Rules Crim Proc, rule 52(a), 18 U.S.C.A. 18 U.S.C.A. § 215. | What is the essence of the offense of receiving a fee for procuring a loan under 18 U.S.C. 215 under the Code? | 0119463.docx | LEGALEASE 0019579-LEGALEASE 0019580 | SA, Sub | 0.24 | 0 | 0 | 0 | 1 | 1 |
| 1526 | Zervitz v. Fac. Intermountain Ops., 181 Neb. 40 | 386+9(1) | Generally, the effect of a pretrial order is to control the subsequent course of the action, and unless the order is modified at the trial to prevent manifest injustice, court may exclude evidence on issues not stated in the pretrial order, and such issues need not be submitted to the jury. | Generally, the effect of a pretrial order is to control subsequent course of the action, and unless order is modified at trial to prevent manifest injustice, court may exclude evidence on issues not stated in pretrial order, and such issues need not be submitted to jury. | Does a pre-trial order control a subsequent course of action and can the trial court exclude evidence on issues not stated in the pretrial order? | 028019.docx | LEGALEASE 0019896-LEGALEASE 0019897 | Condensed, SA | 0.18 | 0 | 1 | 0 | 0 | 0 |
| 1527 | Boykin v. State, 189 S.W.2d 833 | 110+486 | An appellate court will not set aside a trial court's ruling to permit or deny the withdrawal of deemed admissions unless it finds an abuse of discretion. Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996). Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Wheeler, 157 S.W.3d at 444. With respect to discovery violations, the supreme court has made clear that "absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions." Id. | Although the trial court has broad discretion to permit or deny the withdrawal of deemed admissions, it cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles? | Pretrial Procedure - Memo # 1190 - C - SB.docx | ROSS 003302069-ROSS 003302070 | SA, Sub | 0.61 | 0 | 0 | 0 | 1 | 0 |
| 1528 | Roberts v. TriQuint Semiconductor, 358 Or. 413 | 307A+554 | The question whether a trial court should dismiss an action on the basis of a forum-selection agreement "that may be raised by way of an ORCP 21 A(1) motion to dismiss. Black v. Arizala, 337 Or. 250, 264, 95 P.3d 1109 (2004); see also Reeves v. Chem. Industrial Co., 262 Or. 95, 116, 495 P.2d 212 (1972) (holding that an Oregon court "will dismiss [an] action" where governed by a valid, enforceable forum-selection clause). A party may bring a motion to dismiss under the forum-selection agreement when a trial court's decision not to enforce the agreement constitutes reversible legal error subject to review for legal error, the court's determination on the merits-preclusive of discretion. Cf. Kolnig v. Ballard, 255 Or. 297, 301, 302, 310 P.3d 717 (2014) (holding that mootness is appropriate when trial court had no discretion to the [...] | The question whether a trial court should dismiss an action on the basis of a forum-selection agreement is a legal determination that may be raised by way of a motion to dismiss for lack of jurisdiction over the subject matter. Rules Civ.Proc., Rule 21(A)(1). | Is the question whether a trial court should dismiss an action on the basis of a forum-selection agreement a legal determination that may be raised by way of a motion to dismiss for lack of jurisdiction over the subject matter? | 031792.docx | LEGALEASE 0019673-LEGALEASE 0019674 | SA, Sub | 0.68 | 0 | 0 | 0 | 1 | 0 |
| 1529 | Prudential First Corp v. Venture Planning Grp., 572 F. Supp. 503 | 170Bk+792 | It is permissible for a court to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, where this procedure is followed, plaintiff need make only a prima facie showing of affidavits don't contradict each other as to the material facts. Disagreement is committed to the legal conclusions to be derived from those facts. Where this approach is followed, the plaintiff need make only a prima facie showing of jurisdiction through its affidavits, to defeat the motion to dismiss, that The allegations of the complaint alone are considered. Lehigh Valley Industries, Inc. v. Birenbaum, 527 F.2d 87, 92 (2nd Cir. 1975). However, the allegations of the complaint and complaint may not be merely conclusory, be read set forth specific facts connecting the defendants with the forum. Id. at 93; Greenspun v. Del E. Webb Corp., 634 F.2d 1204, n. 5 (9th Cir.1980). | "If a court chooses to rule on a motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, need the party opposing the motion make only a prima facie showing of jurisdiction?" | 031793.docx | LEGALEASE 0019677-LEGALEASE 0019678 | Condensed, SA, Sub.D | 0.72 | 0 | 1 | 0 | 1 | 1 |
| 1530 | Bachellar v. Maryland, 397 U.S. 564 | 129+132 | On this record, if the jury believed the State's evidence, petitioners' conviction could constitutionally have rested on a finding that they sat or across a public sidewalk with intent of fully blocking passage along it, or that they refused to obey police commands to stop obstructing the sidewalk in this manner and move on would not violate Constitution. Code Md 1957, art. 27, § 123; Code Md Supp. art. 27, § 123(b); U.S.C.A.Const. Amends. 1, 14. Disorderly conduct convictions resting on a finding that accused sat or lay across a public sidewalk with intent of fully blocking passage along it, or that they refused to obey police commands to stop obstructing the sidewalk in this manner and move on would not violate Constitution. | Is the conviction for blocking passage along sidewalk and refusal to obey police commands to stop obstructing sidewalk constitutional? | 014653.docx | LEGALEASE 0014019-LEGALEASE 0014034 | SA, Sub | 0.67 | 0 | 0 | 0 | 1 | 0 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1531 | Scott v. Greenville Hous. Auth., 155 S.C. 680 | 30TH-486 | Rule 36(b), SCRCP (emphasis added). Therefore, a trial court "may allow a party to amend or withdraw its answers to requests to admit when the presentation of the merits is furthered by the amendment, and (2) the party who obtained the admission cannot demonstrate prejudice of the amendment." Comserv Ctr. of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc., 347 S.C. 545, 557, 556 S.E.2d 718, 724 (Ct.App.2001); see also Tumey Hauf Med. Ctr., Inc. v. McIntosh, 315 S.C. 189, 191, 432 S.E.2d 465, 467 (1993) ("Rule 36, SCRCP allows amendment of an admission in the discretion of the court when "the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him..."). Federal Rule 36(b), FRCP, similarly provides that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." | A trial court may allow a party to amend or withdraw its answers to request to admit when the presentation of the merits is furthered by amendment and when the party who obtained admission cannot demonstrate prejudice because of amendment. | Can a trial court allow a party to amend or withdraw its answers to request to admit when the presentation of the merits is furthered by amendment and when the party who obtained admission cannot demonstrate prejudice because of amendment? | 021040.docx | LEGALEASE 0019775-LEGALEASE 0019776 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | 1 |
| 1532 | Warner v. Chauffeurs, Teamsters, & Helpers Local Union No. 414, 73 N.E.3d 190 | 30TAK485 | The Dreiers also claim that the Union and Employer have violated Indiana Code subsection 22'9'1'9(1)(2) by compelling them to pay dues to the Union over their objection. The trial court concluded that lack of subject matter jurisdiction over this claim on the basis that federal law has preempted Indiana law on such questions, depriving it of subject matter jurisdiction. In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support? | Pretrial Procedure - Memo # 6504 - C - NE.docx | ROSS-003289604-ROSS-003289605 | SA, Sub | 0.68 | | 1 | 1 | 1 | |
| 1533 | Turner v. Richmond Power & Light Co., 763 N.E.2d 1005 | 30TAK482.1 | We will first reiterate the standard of review employed in Turner. When an employer defends against an employee negligence claim on the basis that the employee exclusive remedy is to pursue a claim for benefits under the Indiana Workers' Compensation Act, the defense is properly advanced through a motion to dismiss for lack of subject matter jurisdiction under Indiana Trial Rule 12(B)(1). Foshee v. Shoney, Inc., 637 N.E.2d 1277, 1280 (Ind.1994). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support. Indiana Dept. of Highways v. Dixon, 541 N.E.2d 877, 884 (Ind.1989). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Bergman v. Rose Plan Co., 714 N.E.2d 311, 313 (Ind.Ct.App.1999), trans. denied. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion, but also any affidavits or evidence submitted in support? | 032855.docx | LEGALEASE 0019957-LEGALEASE 0019958 | SA, Sub | 0.62 | | 1 | 1 | 1 | |
| 1534 | Wittington v. Trinity Universal Ins. Co., 253 S.W.3d 720 | 30TAK454 | A motion to dismiss based on the absence of subject matter jurisdiction is a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. Lacy v. Bassett, 132 S.W.3d 119, 122 (Tex.App.-Houston [14th Dist.] 2004, no pet.), citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.2000). Whether a court has subject matter jurisdiction is a question of law which we review de novo. Tex. Dept of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.2004). | A motion to dismiss based on the absence of subject matter jurisdiction is a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss based on the absence of subject matter jurisdiction a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action? | Pretrial Procedure - Memo # 5593 - C - NE.docx | ROSS-003289512-ROSS-003289516 | Condensed, SA | 0.59 | | 1 | | 1 | |
| 1535 | Ryan v. Gifford, 935 A.2d 258 | 30TAK554 | Where a defendant moves to dismiss a complaint pursuant to Court of Chancery Rule 12(b)(1), the plaintiff bears the burden of showing a basis for the court's exercise of jurisdiction over the defendant. The most egregious in these instances is that the court will determine that the service of process is authorized by statute and then must determine that the exercise of jurisdiction over the nonresident defendant comports with traditional due process notions of fair play and substantial justice. U.S.C.A. Const.Amend. 14; Chancery Court Rule 12(b)(1). In ruling on a Rule 12(b)(1) motion, the court may consider the pleadings, affidavits, and any discovery of record. If necessary, an evidentiary hearing has been held, plaintiffs need only make a prima facie showing of personal jurisdiction and "the record is construed in the light most favorable to plaintiff." | A court engages in a two-step analysis, where a nonresident defendant moves to dismiss a complaint for lack of personal jurisdiction: first determine the exercise of process is authorized by statute and (2) determine whether the exercise of jurisdiction over the nonresident defendant comports with traditional due process notions of fair play and substantial justice. U.S.C.A. Const.Amend. 14; Chancery Court Rule 12(b)(1). | Does a court engage in a two-step analysis, where a nonresident defendant moves to dismiss a complaint for lack of personal jurisdiction? | 033466.docx | LEGALEASE 0018404-LEGALEASE 0018405 | Condensed, SA, Sub | 0.45 | | 1 | 1 | 1 | |
| 1536 | Moon v. Phipps, 67 Wash. 2d 948 | 308+7851 | In determining whether Phipps was a fiduciary, we start with the premise that an agent cannot have an interest in the sale of his principal's property without the consent of his principal, and such consent or disclosure of all matters known to the agent which might affect the principal's judgment. If employed to sell, the agent may not become the purchaser; and if employed to buy, he may not become the seller. The agent in each instance with the explicit knowledge and consent of his principal. And, the agent has the burden of proving in every case that his principal not only had knowledge that the agent was to be the buyer or seller, but also the burden of showing that all information in possession of the agent had been communicated to his principal prior to giving of consent. | The agent has burden of proving in every case that his principal not only had knowledge that agent was to be buyer or seller, but also burden of showing that all information in possession of agent had been communicated to his principal prior to giving of consent. | Does the agent have the burden of proving in every case that his principal not only had knowledge that the agent was to be the buyer or seller, but also the burden of showing that all information in possession of the agent had been communicated to his principal prior to the giving of consent? | 041118.docx | LEGALEASE 0018403664-LEGALEASE 0018404365 | SA, Sub | 0.67 | | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1537 | Andra v. Left Gate Prop. Holding, 453 S.W.3d 216 | 307A<554 | When the motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a trial court may resolve the facts and deposition properly filed in support of the motion... | When a nonresident defendant's motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, a trial court may consider affidavits and depositions properly filed in support of the motion. | When ruling on a motion to dismiss for lack of personal jurisdiction is based on facts not appearing in the record, what can a trial court consider? | 032980.docx | LEGALEASE-00141505-LEGALEASE-00141506 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 1538 | Pattin v. Jones, 212 S.W.3d 541 | 302<284(1) | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter or a cause of action... | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the subject court's authority to determine the subject matter or a cause of action. | Is a motion to dismiss based on a lack of subject matter jurisdiction functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action? | Pretrial Procedure - Memo 84101 - C - NK.docx | ROSS-003329153-ROSS-003329514 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 1539 | Willems v. Howell Contrs., 163 Ohio App. 3d 38 | 307A<554 | When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that has authority to decide... | When ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court must determine whether the plaintiff has alleged any cause of action that the trial court has authority to decide? | When ruling on a motion to dismiss for lack of subject matter jurisdiction, must the trial court determine whether the plaintiff has alleged any cause of action that the trial court has authority to decide? | 033419.docx | LEGALEASE-00141614-LEGALEASE-00141615 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 1540 | Brookfield Mach. v. Calbrit Design, 929 F. Supp. 491 | 170B<2792 | When challenged by defendant, the plaintiff bears the burden of proving the existence of personal jurisdiction. See Foster-Miller, Inc. v. Babcock & Wilcox Canada... | In considering defendant's motion to dismiss for lack of personal jurisdiction, court employs prima facie standard, under which court considers whether plaintiff has proffered evidence that, if credited, is sufficient enough to support findings of all facts essential to personal jurisdiction. | Under the prima facie standard, is it an inquiry whether the plaintiff has proffered evidence which, if credited, sufficiently support findings of all facts essential to personal jurisdiction? | 053014.docx | LEGALEASE-00141316-LEGALEASE-00141319 | SA, Sub | 0.37 | 0 | 0 | 1 | 1 | |
| 1541 | Banner v. Peterson, 301 Ga. App. 443 | 307A<562 | When ruling a trial court's order dismissing a plaintiff's complaint on the basis of sovereign immunity based upon the Lewis v. Ga. Dept. of Human Resources... | Is a motion to dismiss asserting sovereign immunity is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim? | Is a motion to dismiss asserting sovereign immunity based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim? | 053015.docx | LEGALEASE-00141348-LEGALEASE-00141349 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |

291

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1542 | Lake Rd. Tr. Ltd. v. ABB Powertech (Pty) Ltd., 136 Conn. App. 671 | 307A+554 | "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corp. v. Jowdy, supra, 190 Conn. at 54, 459 A.2d 503. "[A] determination of whether sufficient minimum contacts with Connecticut exist is a fact question.... A motion to dismiss may ... raise issues of fact and would, therefore, require a ... hearing [to determine the facts].... [A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists.... When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citations omitted; internal quotation marks omitted.) Id., at 56, 459 A.2d 503. | When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction. | "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, is the burden of proof on the plaintiff to present evidence which will establish jurisdiction?" | Pretrial Procedure - Memo # 5788 - C - VA.docx | ROSS-003288082-ROSS-003288083 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 1543 | Verploegh v. Gagliano, 396 Ill. App. 3d 1041 | 307A+560 | The purpose of Rule 103(b), and a primary reason for its passage, is the " "[p]revention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run." " " Case v. Galesburg Cottage Hospital, 227 Ill.2d 207, 221"22, 316 Ill.Dec. 693, 880 N.E.2d 171, 180 (2007), quoting Segal, 136 Ill.2d at 286"87, 144 Ill.Dec. 360, 555 N.E.2d at 720, quoting Karpiel v. LaSalle National Bank of Chicago, 119 Ill.App.2d 157, 160, 255 N.E.2d 61 (1970). As noted by the supreme court, "[d]ismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service is of a length which denies a defendant a "fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible." " Segal, 136 Ill.2d at 288, 144 Ill.Dec. 360, 555 N.E.2d at 721, quoting Geneva Construction Co. v. Martin Transfer & Storage Co., 4 Ill.2d 273, 289"90, 122 N.E.2d 540, 549 (1954). The trial court's determination of a plaintiff's lack of diligence is an objective one and a "fact-intensive inquiry suited to balancing, not bright lines." McRoberts v. Bridgestone Americas Holding, Inc., 365 Ill.App.3d 1039, 1042, 303 Ill.Dec. 585, 851 N.E.2d 772, 775 (2006). | Purpose of Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process, and a primary reason for its passage, is the prevention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run. Sup.Ct.Rules, Rule 103(b). | Does the purpose of the Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process is the prevention of intentional delay in the service of summons which would postpone service? | 033832.docx | LEGALEASE-00142786-LEGALEASE-00142787 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 1544 | Nahum v. Mansour, 109 A.D.3d 548 | 307A+746 | To vacate their default in appearing at the scheduled court conference, the petitioners were required to demonstrate both a reasonable excuse for the failure to appear and a potentially meritorious cause of action (see CPLR 5015 [a][1]; McClaren v. Bell Atl., 30 A.D.3d 569, 817 N.Y.S.2d 395; Rubenbauer v. Mekelburg, 22 A.D.3d 826, 803 N.Y.S.2d 183; see also Pimento v. Rojas, 94 A.D.3d 844, 941 N.Y.S.2d 517; Abdul v. Hirschfield, 71 A.D.3d 707, 898 N.Y.S.2d 44). Here, the Supreme Court providently exercised its discretion in determining that the petitioners' "law office failure" explanation for their nonappearance constituted a reasonable excuse (see CPLR 2005; Hageman v. Home Depot U.S.A., Inc., 25 A.D.3d 760, 808 N.Y.S.2d 763; Ruppell v. Hair Plus Beauty, 288 A.D.2d 205, 733 N.Y.S.2d 95; J. Donovan Assoc. v. Jacoby & Meyers Law Offs., 256 A.D.2d 553, 682 N.Y.S.2d 872). | To vacate a default based on a failure to appear at a scheduled court conference, the defaulting party is required to demonstrate both a reasonable excuse for the failure to appear and a potentially meritorious cause of action. McKinney's CPLR 5015(a)(1). | "To vacate a default based on a failure to appear at a scheduled court conference, is the defaulting party required to demonstrate both a reasonable excuse for the failure to appear and a potentially meritorious cause of action?" | 033967.docx | LEGALEASE-00142913-LEGALEASE-00142915 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 1545 | Wishard Mem'l Hosp. v. Kerr, 846 N.E.2d 1083 | 413+2 | Second, "the remedies provided in the Worker's Compensation Act are in derogation of common law, and a statute that is in derogation of common law must be strictly construed against limitations on a claimant's right to bring suit." McQuade v. Draw Tite, Inc., 659 N.E.2d 1016, 1018 (Ind.1995) (citation omitted). There is a strong public policy favoring the coverage of employees under the Act. GKN, 744 N.E.2d at 404. "However, ... this public policy is not advanced where its effect "immunize[s] third-party tortfeasors and their liability insurers from liability for negligence which results in serious injuries to one who is not in their employ." " Id. (quoting Nowicki, 711 N.E.2d at 544 (Kirsch, J., dissenting)). | The exclusive remedies provided in the Worker's Compensation Act are in derogation of common law, and a statute that is in derogation of common law must be strictly construed against limitations on a claimant's right to bring suit. West's A.I.C. 22-3-2-6. | "Are the remedies provided in the Workers Compensation Act in derogation of common law, and must the statute be strictly construed against limitations on a claimants right to bring suit?" | 048110.docx | LEGALEASE-00142682-LEGALEASE-00142683 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 1546 | Peoples Bank v. Frazee, 318 S.W.3d 121 | 307A+683 | Peoples Bank claims that the circuit court erred in finding that Peoples Bank had the burden of proof to establish that the Oklahoma court had personal jurisdiction over Mr. Frazee. Generally, when personal jurisdiction is contested by the filing of a motion to dismiss a Missouri action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. State ex rel. Ranni Assocs., Inc. v. Hartenbach, 742 S.W.2d 134, 137 (Mo. banc 1987). When the challenge to personal jurisdiction arises in the context of a motion to register a foreign judgment, however, the strong presumption of the validity of a foreign judgment that is regular on its face makes the general rule inapplicable. | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | "Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, does the plaintiff bear the burden of establishing that the defendant's contacts with the forum state were sufficient?" | Pretrial Procedure - Memo # 5539 - C - PB.docx | ROSS-003289566-ROSS-003289567 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1547 | Suarez v. Benihana Nat. of Florida Corp., 88 So. 3d 349 | 307A+563 | Although we review the trial court's order under an abuse of discretion standard, Leo's Gulf Liquors v. Lakhani, 802 So.2d 337 (Fla. 3d DCA 2001), we do so with the understanding that this standard is "somewhat narrowed," as it must take into account the heightened standard of "clear and convincing evidence" upon which an order of dismissal for fraud on the court must be based. See Ramey v. Haverty Furniture Co., 993 So.2d 1014 (Fla. 2d DCA 2008). The burden was upon Benihana to establish clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter of improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | When reviewing a case for fraud on the court, the trial court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | "When reviewing a case for fraud on the court, should the trial court consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits?" | Pretrial Procedure - Memo # 6595 - C - SHB.docx | ROSS-003288387-ROSS-003288388 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1548 | Bartles v. Hinkle, 196 W. Va. 381 | 92+3954 | There is also a procedural dimension. Although Rules 11, 16, and 37 of the Rules of Civil Procedure do not formally require any particular procedure, before issuing a sanction, a court must ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority. A court also must ensure any sanction imposed is fashioned to address the identified harm caused by the party's misconduct. Cox, 194 W.Va. at 218, 460 S.E.2d at 33. (Cleckley, J., concurring). In formulating the appropriate sanction, a court shall be guided by equitable principles. See e.g. Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir.1990). Initially, a court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 74 (3rd Cir.1994). As we suggested earlier, to determine what will constitute an appropriate sanction, a court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case. | Although Rules of Civil Procedure do not formally require any particular procedure, before issuing sanction, court must ensure it has adequate foundation either pursuant to rules or by virtue of its inherent powers to exercise its authority; due process clause of State Constitution requires that there exist relationship between sanctioned party's misconduct and matters in controversy such that transgression threatens to interfere with rightful decision of case, and thus, court must ensure that any sanction imposed is fashioned to address identified harm caused by party's misconduct. Const. Art. 3, S 10; Rules Civ.Proc., Rules 11, 16, 37. | Must a court ensure it has an adequate foundation either pursuant to the rules or by virtue of its inherent powers to exercise its authority? | Pretrial Procedure - Memo # 6611 - C - KG.docx | ROSS-003289766-ROSS-003289767 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 1549 | People ex rel. Schneiderman v. Frisco Mktg. of N.Y. LLC, 93 A.D.3d 1352 | 307A+554 | Pursuant to the New York long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent ... transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302[a][1] ). "As the party seeking to assert personal jurisdiction, the plaintiff bears the burden of proof on [that] issue" (Castillo v. Star Leasing Co., 69 A.D.3d 551, 551, 893 N.Y.S.2d 123; see Joseph v. Siebtechnik, G.M.B.H., 172 A.D.2d 1056, 571 N.Y.S.2d 410) but, "[i]n order to defeat a motion to dismiss based upon lack of personal jurisdiction, a plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant[s]" (Tucker v. Sanders, 75 A.D.3d 1096, 1096, 904 N.Y.S.2d 618 [internal quotation marks omitted], see Peterson v. Spartan Indus., 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 310 N.E.2d 513; Castillo, 69 A.D.3d at 552, 893 N.Y.S.2d 123). | In order to defeat motion to dismiss based upon lack of personal jurisdiction, plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over defendants. | "In order to defeat motion to dismiss based upon lack of personal jurisdiction, need a plaintiff only demonstrate that facts may exist to exercise personal jurisdiction over defendants?" | Pretrial Procedure - Memo # 6791 - C - VA.docx | ROSS-003302847-ROSS-003302849 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 1550 | Wenwei Sun v. Aviles, 53 So. 3d 1075 | 307A+563 | Trial courts have the inherent authority to dismiss an action as a sanction when it learns that a plaintiff has perpetrated a fraud on the court. Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). This authority exists because "no litigant has a right to trifle with the courts." Id. (citing Tri Star Invs. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981)). Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used "cautiously and sparingly," and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. Granados v. Zehr, 979 So.2d 1155 (Fla. 5th DCA 2008) . | Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. | "Should the authority to dismiss actions for fraud or collusion be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing?" | Pretrial Procedure - Memo # 6832 - C - PB.docx | ROSS-003289391-ROSS-003289392 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 1551 | Hale v. Cottrell, 456 S.W.3d 481 | 307A+563 | Fraud comes in many forms. Fraud on the court can be either intrinsic or extrinsic. See State ex rel. Missouri Nebraska Exp., Inc. v. Jackson, 876 S.W.2d 730, 734 (Mo.App.W.D.1994) (citing Winchell v. Gaskill, 354 Mo. 593, 190 S.W.2d 266, 271"72 (1945)) (describing intrinsic fraud as perjury and extrinsic fraud as conduct by party in procuring the judgment). Fraud on the court may occur when a party knowingly makes a representation to another that is false and material for the person to rely upon it, and the person, not knowing that the representation is false, justly relies on it to the person injury. | Fraud on the court, as could support sanction of dismissal, may occur when a party knowingly makes a representation to another that is false and material for the person to rely upon it, and the person, not knowing that the representation is false, justly relies on it to the person's injury. | "Can fraud on the court, as could support sanction of dismissal occur when a party knowingly makes a representation to another that is false and material for the person to rely upon it?" | 034078.docx | LEGALEASE-00145228-LEGALEASE-00145229 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 1552 | Moransais v. Jordan, 870 So. 2d 177 | 307A+590.1 | The dispositive issue in this case is whether pleadings, notices, or orders pertaining to the withdrawal of counsel constitute record activity for the purposes of rule 1.420(e). The trial court reasoned that this activity was not sufficient to avoid dismissal because it was passive activity not calculated to advance the case to judgment. Moransais argues that the trial court's conclusion is erroneous because rule 1.420(e) does not place any qualifications on the type of activity that must appear in the record. However, regardless of the lack of qualifying language in the rule, the supreme court has repeatedly declared that the "record activity" required by rule 1.420(e) must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. | The "record activity" required to survive dismissal of an action for lack of prosecution must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | "Should the ""record activity"" required to survive dismissal of an action for lack of prosecution be more than a mere passive effort to keep the case on the docket?" | 035122.docx | LEGALEASE-00146138-LEGALEASE-00146139 | Order, SA, Sub | 0.66 | 1 | 0 | 1 | 1 | 1 |
| 1553 | Wheeler v. State, 160 Md. App. 566 | 307A+552 | A case should not be dismissed as moot if the case "presents "unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct," or the issue presented is "capable of repetition, yet evading review." "Committee for Responsible Dev. on 25th St. v. Mayor & City Council, 137 Md.App. 60, 69, 767 A.2d 906 (2001) (quoting Stevenson v. Lanham, 127 Md.App. 597, 612, 736 A.2d 363 (1999)). The burden of persuasion necessary to establish that no condition of pretrial release will reasonably assure (1) "the appearance of the defendant as required" and/or (2) "the safety of the alleged victim" is a "matter[ ] of public concern" and "will establish a rule for future conduct." Stevenson v. Lanham, 127 Md.App. 597, 612, 736 A.2d 363 (1999). | A case should not be dismissed as moot if the case presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct, or the issue presented is capable of repetition, yet evading review. | "Should a case be dismissed as moot if the case presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct?" | 035229.docx | LEGALEASE-00145901-LEGALEASE-00145902 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 1554 | Mistich v. Com., Pa. Bd. of Prob. & Parole, 863 A.2d 116 | 307A+552 | The existence of a case or controversy requires(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. Dow Chemical Company v. United States Environmental Protection Agency, 605 F.2d 673, 678 (3rd Cir.1979). | The existence of a case or controversy, precluding dismissal of matter as moot, requires (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution. | "Does the existence of a case or controversy, precluding dismissal of matter as moot, require a legal controversy that is real and not hypothetical?" | 035306.docx | LEGALEASE-00145651-LEGALEASE-00145652 | SA, Sub | 0.14 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order (839) | Condensed (15,944) | Substantive Additions (14,873) | Selection & Arrangement (21,876) | Multiple Differences (9,079) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1555 | Cross v. Pumaco, 910 So. 2d 244 | 3074+563 | Except in the most extreme cases, where it appears that the process of trial has been subverted, factual inconsistencies, and even false statements, are well managed through the use of impeachment and traditional discovery sanctions. See Ruiz v. City of Orlando, 859 So.2d 574, 576, 5th DCA 2003). Accordingly, we reverse and remand with directions to reinstate appellant's complaint. | Except in the most extreme cases, where it appears that the process of trial has been subverted, factual inconsistencies, and even false statements, are well managed through the use of impeachment and traditional discovery sanctions? | 05315.docx | LEGALEASE 0058216-LEGALEASE 0058217 | SA, Sub | 0.28 | 0 | | | 1 | |
| 1556 | New Image Contractors v. Vill. at Mariner's Point L.P., 86 Conn. App. 892 | 3074+552 | We first address whether the appeal is moot. Our standard of review regarding mootness is well settled. Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. (Internal quotation marks omitted.) Twichell v. Guite, 53 Conn.App. 42, 51, 728 A.2d 1121 (1999). [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow... In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. (Internal quotation marks omitted.) Mazzariello v. Elliott, 73 Conn.App. 696, 701, 813 A.2d (2002). | Is mootness a threshold issue that implicates subject matter jurisdiction and which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties in any circumstance wherein the issue before the court has been resolved even before the court has been involved or had lost its significance because of a change in the condition of affairs between the parties. | 05315.docx | LEGALEASE 00546234-LEGALEASE 00546235 | SA, Sub | 0.68 | | | 1 | | |
| 1557 | Granados v. Zehr, 979 So. 2d 1155 | 3074+563 | In Ruiz, we held that except in the most extreme cases where it appears that the process of the trial has itself been subverted, simple factual inconsistencies, and "even false statements" are well managed through the use of impeachment and traditional discovery sanctions. See Ruiz, 859 So.2d at 576. Generally speaking, therefore, allegations of inconsistency, medical leave, and even falseness, are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action. | Are allegations of inconsistency, medical leave, and even falseness, best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment? | 05393.docx | LEGALEASE 00545999-LEGALEASE 00546000 | SA, Sub | 0.52 | | | 1 | | |
| 1558 | Williams v. Aizo Mobel Chicago, 990 S.W.2d 836 | 1032+2 | If the sanctions imposed are not just, a trial court abuses its discretion. TransAmerican, 811 S.W.2d at 917. To determine whether sanctions are just, we apply a two-prong test. The first prong requires that a direct relationship must exist between the offensive conduct and the sanction imposed. Id. Under this prong, the trial court should attempt to determine if the offensive conduct is attributable to the attorney, the party, or both, and the second prong requires that no more severe than necessary to satisfy its legitimate purposes. Id. | To determine whether sanctions are just, the reviewing court applies a two-prong test that first prong requires that a direct relationship must exist between the offensive conduct and the sanction imposed, and the trial court should attempt to determine if the offensive conduct is attributable to the attorney, the party, or both, and the second prong requires that the sanction must be no more severe than necessary to satisfy legitimate purposes. | Pretrial Procedure - Memo # 7444 - C - KG.docx | ROSS-003329182-ROSS-003329183 | SA, Sub | 0.21 | | | 1 | | |
| 1559 | Harris v. Vitale, 2014 IL App (1st) 123514 | 3074+479 | A section 2-619 motion to dismiss, however, "admits the legal sufficiency of the complaint, but asserts affirmative matter outside the complaint that defeats the cause of action." Fesera v. Wal-Mart Stores, Inc., 231 Ill.2d 351, 351, 336 Ill.Dec. 1, 919 N.E.2d 906 (2009). The court construes the pleadings and any supporting documents in the light most favorable to the nonmoving party. Van Meter v. Darien Park Distric, 207 Ill.2d 359, 367-68, 278 Ill.Dec. 555, 799 N.E.2d 273 (2003). Under either section 2-615 or section 2-619, our review of a motion to dismiss is de novo. Marks, 315 Ill.2d at 361, 386 Ill.Dec. 1, 769 N.E.2d 856. | Can a motion for involuntary dismissal assert affirmative matter of justice by dismissing institutions set out to protect and offering the powers vested in the General Government? | 03037.docx | LEGALEASE 00546682-LEGALEASE 00546683 | SA, Sub | 0.44 | | | 1 | | |
| 1560 | Furman & Mechanic/ Nat'l Bank v. Dearing, 91 U.S. 29 | 371+2005 | Being such means, brought into existence for this purpose, and intended to be employed by it, the banks can exercise no control over them, nor can any action of their operation, except so far as Congress may see proper to permit. Any thing beyond this is "an abuse, because it is the usurpation of power which a single State cannot give." Against the national will "the States have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the General Government." Bank of the United States v. McCulloch, supra; Weston and Others v. Charleston, 2 Pet. 466; Brown v. Maryland, 12 Wheat. 419; Dobbins v. Erie County, id. 419 | States have no power, against the national will, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the General Government? | 04381.docx | LEGALEASE 00546130-LEGALEASE 00546131 | Condensed, SA, Sub | 0.66 | | 1 | | | |
| 1561 | Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596 | 3074+563 | Fraud on the court occurs where a party tampers with the fair administration of justice by deceiving 'the institutions set up to protect and safeguard the public' or otherwise abusing or undermining the integrity of the judicial process. Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989); accord Roberge v. Bonner, 185 Mass. 74, 79, 69 N.E. 1007 (1904). "Fraud on the court" occurs when it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability properly to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." | Does "fraud on the court" occur where party tampers with the fair administration of justice by deceiving the institutions set up to protect and safeguard the public? | 03488B.docx | LEGALEASE 00546752-LEGALEASE 00546753 | SA, Sub | 0.75 | | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1562 | Galt v. Woliver, 103 Ill. App. 71 | 200+181 | Notice to the plaintiff of the danger to teams was competent, even if it did not clearly appear that he was told the notice was from the highway commissioner. It seems to be argued here that it was not competent to prove such a conversation over a telephone. Shaw testified it was the defendant he talked with, which clearly implied he recognized defendant's voice, and he was not cross-examined. Proof of a conversation over the telephone is competent. Snively v. Colburn, 78 Ill. App. 93. Defendant testified he did not remember such a conversation. It was for the jury to decide whether it was had. It is argued plaintiff jumped from the buggy instead of being thrown from it, and therefore he can not recover under the declaration. As the horse began to plunge, plaintiff who was driving, was pulled from the seat and then fell back upon it, and the supports of the seat on that side broke down, and he fell out of the wagon. It is entirely possible that as he fell he may have attempted to save himself by jumping or springing, but that would not show the charge he fell was not proven, nor was any such variance pointed out by objection to the testimony, so as to give plaintiff an opportunity to amend. It is clear from the proof he fell, even if as he fell he also jumped or tried to do so. We hold that it was unlawful to leave standing upon a public highway from one to four months a machine whose appearance is calculated to frighten ordinarily gentle horses passing by, and that he who does so is liable to a person who in the exercise of due care is injured by the actions of an ordinarily gentle horse caused by his fright at the obstruction. City of Elgin v. Thompson,; Caldwell v. Town of Pre-emption, 74 Ill. App. 32. | It was unlawful to leave standing on public highway from one to four months machine whose appearance was calculated to frighten ordinarily gentle horses passing by, and person doing so was liable to person who in exercise of due care was injured by actions of ordinarily gentle horse caused by his fright at obstruction. | Is a person liable for leaving an obstruction or a machine in a public highway for an unreasonable time? | 018640.docx | LEGALEASE-00147827-LEGALEASE-00147828 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 1563 | Trans World Airlines v. Hughes, 332 F.2d 602 | 170A+1451 | When Hughes chose not to appear for this deposition" which action was taken deliberately and with full knowledge of the sanctions available to the additional defendants under Rule 37" Judge Metzner was fully justified in entering judgments dismissing the counterclaims against TWA and the additional defendants. The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction which the court may apply, and its use must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed. See Nasser v. Isthmian Lines, 2d Cir., 1964, 331 F.2d 124; Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Gill v. Stolow, 240 F.2d 669 (2 Cir. 1957). | The sanction of judgment by default for failure to comply with discovery orders is the most severe sanction, which the court may apply, and its use must be tempered by careful exercise of judicial discretion to assure that its imposition is merited; however, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and efficient administration of justice, application of even so stringent a sanction is fully justified and should not be disturbed. Fed.Rules Civ.Proc. rule 37, 28 U.S.C.A. | "Where one party has acted with willful and deliberate disregard of reasonable and necessary court orders, is a stringent sanction as an entry of a default judgment fully justified?" | Pretrial Procedure - Memo # 7458 - C - SN.docx | LEGALEASE-00037080-LEGALEASE-00037081 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |
| 1564 | CPI Mfg. Co. v. Industrias St. Jack's, S.A. De C.V., 870 So. 2d 89 | 307A+594.1 | In addition, the resolution of a motion to dismiss for failure to prosecute involves a two-step process. First, the defendant is required to show there has been no record activity for one year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending. See National Enters., Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191, 1193 (Fla. 3d DCA 2001). CPI would have us rewrite the rule to change the "good cause" criteria to an "excusable neglect" standard | Resolution of a motion to dismiss for failure to prosecute involves a two-step process: first, the defendant is required to show there has been no record activity for one year preceding the motion; second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending. West's F.S.A. RCP Rule 1.420(e). | Does the resolution of a motion to dismiss for failure to prosecute involve a two-step process? | Pretrial Procedure - Memo # 7500 - C - SHS_57538.docx | ROSS-003278874 | SA, Sub | 0.33 | 0 | 0 | 1 | 1 | |
| 1565 | In re Marriage of Vaughn, 403 Ill. App. 3d 830 | 307A+561.1 | "A motion for involuntary dismissal under section 2"619 admits the legal sufficiency of the plaintiff's claim but asserts "affirmative matter" outside of the pleading that defeats the claim." Czarobski v. Lata, 227 Ill.2d 364, 369, 317 Ill.Dec. 656, 882 N.E.2d 536, 539 (2008). "The phrase "affirmative matter" encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action." Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 115, 189 Ill.Dec. 31, 619 N.E.2d 732, 735 (1993). However, "where the affirmative matter is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, section 2"619(a)(9) should not be used." A.F.P. Enterprises, Inc. v. Crescent Pork, Inc., 243 Ill.App.3d 905, 912, 183 Ill.Dec. 356, 611 N.E.2d 619, 624 (1993). | The phrase "affirmative matter," as used in rule governing involuntary dismissal based on certain defects or defenses, encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action, but where the "affirmative matter" is merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint, the rule should not be used. S.H.A. 735 ILCS 5/2-619. | Does an affirmative matter include evidence upon which defendant expects to contest an ultimate fact stated in the complaint? | 10943.docx | LEGALEASE-00094299-LEGALEASE-00094300 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 1566 | Pruitt v. Pruitt, 2013 IL App (1st) 130032 | 307A+683 | For purposes of a section 2"619(a)(9) motion to dismiss, the defendant bears the initial burden to prove the affirmative matter defeating the plaintiff's claim. Epstein v. Chicago Board of Education, 178 Ill.2d 370, 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (1997). "The "affirmative matter" asserted by the defendant must be on the face of the complaint or supported by affidavits or certain other evidentiary materials." Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d 1042. "Once a defendant satisfies this initial burden of going forward on the section 2"619(a)(9) motion to dismiss, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is "unfounded or requires the resolution of an essential element of material fact before it is proven." " Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (quoting Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993)). | Once a defendant satisfies the initial burden of going forward on a motion to dismiss on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is unfounded or requires the resolution of an essential element of material fact before it is proven; the plaintiff may establish this by presenting affidavits or other proof. S.H.A. 735 ILCS 5/2-619(a)(9), (c). | "When the defendant satisfies the initial burden in a motion to dismiss on affirmative defense, does the burden gets shifted to the plaintiff?" | Pretrial Procedure - Memo # 7571 - C - SK_57558.docx | ROSS-003307767-ROSS-003307769 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1567 | Andrews v. Mervoth Int'l, 2016 IL App (1st) 123731 | 307A=561.1 | Under statute allowing involuntary dismissal of a claim where the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, "affirmative matter" is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint, S.H.A. 735 ILCS 5/2-619(a)(9). | The circuit court dismissed plaintiff's complaint pursuant to section 2-619(a)(9) of the Code, which permits the involuntary dismissal of a claim where the claim asserted is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). Affirmative matter "something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." Illinois Graphics Co. v. Nickum, 159 Ill.2d 469, 486, 203 Ill. Dec. 463, 639 N.E.2d 1214 (1994). "Unless the affirmative matter is already apparent on the face of the complaint, the defendant must support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment. | Should a defendant's compliance with the controlling statute be an "affirmative matter" warranting dismissal of the action? | 03b222.docx | LEGALEASE-00147543 LEGALEASE-00147544 | Condensed, SA, Sub 0.5 | 0.5 | 0 | | | | 1 |
| 1568 | Patton v. Kera Tech, 895 So. 2d 1175 | 307A=561.1 | Where a proposed order directed to a dispositive motion is submitted for review, a court retains jurisdiction over the case until the order becomes final, and in that regard, the court has "unfinished business," for purposes of a motion to dismiss for lack of prosecution. | Generally, where a proposed order directed to a dispositive motion is submitted for review, a court retains jurisdiction over the case until the order becomes final. See Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451, 1388), 1384 (Fla. 3d DCA 1996). In that regard, the court has "unfinished business," the court's lack of final action on matters under review, may not always be sufficient to avoid dismissal for lack of prosecution. | Where a proposed order directed to a dispositive motion is submitted for review, does a court generally retain jurisdiction over the case until the order becomes final? | 03b223.docx | ROSS-000278793-ROSS-000278794 | Condensed, SA, Sub 0.34 | 0.34 | 0 | 1 | 1 | 1 | 1 |
| 1569 | In re Estate of Schantcute, 2016 IL App (4th) 150844 | 307A=561.1 | Lack of standing qualifies as an "affirmative matter" that must be pleaded and proved by the defendant. The appropriate vehicle for alleging lack of standing is a motion to dismiss asserted in section 2-619(a)(9) of the Code of Civil Procedure, which permits involuntary dismissal when "the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2014). Lack of standing qualifies as an "affirmative matter" within the meaning of section 2-619(a)(9). Schwartz v. Kuritsky, 289 Ill.2d 458, 183 Ill. Dec. 769, 611 N.E.2d 974 (1st) 9978. In this case, although interment did not label her motion as a motion to dismiss under section 2-619(a)(9) (the "motion to dismiss" and did not cite the section of the Code), we will consider it as a section 2-619(a)(9) motion... | Would lack of standing qualify as an "affirmative matter" permitting involuntary dismissal when the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim? | 03b221.docx | LEGALEASE-00147616 LEGALEASE-00147617 | SA, Sub | 0.74 | 0 | 1 | 1 | | 1 |
| 1570 | Republic Ins. Co. v. PAICO Receivables, 383 F.3d 341 | 25T=182(2) | Where a party fails to demand arbitration, and in the meantime engages in pretrial activity inconsistent with intent to arbitrate, the party opposing a motion to compel arbitration may more easily show that its position has been prejudiced. | "While the mere failure to assert the right to demand arbitration does not alone translate into a waiver of that right, such failure does bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." (cite omitted.) The failure to demand arbitration after much time has been placed upon the party opposing arbitration. When a court opposing arbitration was made, "the burden of proving waiver falls even more heavily on the shoulders of the party seeking to prove waiver." Tenneco Resins, 733 F.2d at 422 (internal quotations omitted). To demand arbitration and for a party on notice that arbitration may be forthcoming, and therefore, affords that party the opportunity to avoid compromising its position with respect to arbitration and nonarbitrable claims." Price, 791 F.2d at 1162. Inconsistency "where a party fails to demand arbitration... and, in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced." Id. | Where a party fails to demand arbitration, and in the meantime engages in pretrial activity inconsistent with intent to arbitrate, can the party opposing a motion to compel arbitration show that this position has been prejudiced? | Alternative Dispute Resolution - Memo 780 - RK_58113.docx | ROSS-000302104-ROSS-000302105 | SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 1571 | United States v. Pompey, 445 F.2d 1313 | 34=20 (66) | In order to qualify for a "ministerial exemption," registrant must show a regularity following preaching of religion, and the ministry must be his main and primary calling, his vocation rather than avocation; and (1) his standing in his congregation must be recognized as that of a minister of religion; and (2) he must occupy a leadership position in a group of lesser members. McCoy v. United States, 403 F.2d 896, 900 (5th Cir. 1968); United States v. Stephens, 544 F.2d 1444, 1451 (CA 5 1971); United States v. Simms, 285 F.Supp. 981 (D.Del. 1968). We find that defendant's own testimony was inadequate with respect to the second of these criteria and that a basis in fact therefore existed for the board's denial of a IV(D) exemption. | In order to qualify for a "ministerial exemption," registrant must show a regularity of religious preaching and teaching to qualify for a ministerial exemption? | 008752.docx | LEGALEASE-00148757 LEGALEASE-00148759 | SA, Sub | 0.41 | 0 | 1 | 1 | | 1 |
| 1572 | McDonald v. Jonathan, 128 Misc. 599 | 8.30T=56 | The instrument in suit is not payable at a time certain, and, therefore, is not negotiable. Gl. (LPg.) L. 370 / 2d. & 3 amend. article 11.Sec. 6-L (2 Poll.); 366 / 1. Commonwealth Ins. Co. v. Whitney, 1 Metc. 21; Brown v. Davies, 6 Cush. 127, 129; Mason v. Edwards, 167 Mass. 74, 75, 76; Jennison v. Parker, 7 Gray, 213 Mass. 530, 510, 530 N.E. 551. The real question is whether the instrument is a promissory note or nothing more than a mere receipt or acknowledgment of the indebtedness. See Brown v. Gilman, 13 Mass. 158; Grey v. Bowden, 23 Pick. 282. To constitute a good promissory note there should be deducible from the face a written promise to pay the money, and that promise need not be expressed in any particular form of words, and it would be enough if from the language used a written understanding to pay may be fairly inferred. | Should a written promise which need not be expressed in any particular form of words constitute a good promissory note? | 010474.docx | LEGALEASE-00148733 LEGALEASE-00148734 | SA, Sub | 0.67 | 0 | 1 | 1 | | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1573 | Reinboro v. United States, 320 F.2d 1 (1919 ed.) C.J. | 260+133(1) | The test to qualify a valuable mineral deposit is not merely physical presence of a mineral, but the "prudent person test," which states that the discovered deposits must be of such a character that "a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine…" Mimi, 30 U.S. 21 at 373 (1960); 30 U.S.C. 611, 615, 611 at 615; 45 U.S.C. 410). The complementary "marketability" test is implicit in the application of this test, and evaluates whether the mineral can be operated and marketed at a profit. Coleman, 390 U.S. at 602. 88 S.Ct. 1127 (stating "the marketability and [also] profit requires precision and objectivity the factors relevant to a determination that a mineral deposit is "valuable" and describing it as a "logical complement to the 'prudent man test'.") Cipriani v. Babbitt, 188 F.3d 1072, 1072 (9th Cir.1999). (The supplemental marketability test requires a showing that the mineral deposit can be "extracted, removed and marketed at a profit.") This requires consideration of both the cost of extraction and current market price. See Mulkern, 534 F.2d 849, 854 (9th Cir.1976). Since value is judged from a current market perspective, a discovery may be made, can be lost through changed market conditions. See Mulkern, 336 F.3d 498. | To qualify as a valuable mineral deposit, what is the prudent person test or prudent man test for discovered deposits? | 02185.docx | LEGALEASE-00188315-LEGALEASE-00188316 | SA, Sub | 0.59 | 0 | 1 | 0 | 1 | |
| 1574 | Miller v. Helms, 396 So. 2d 437 | 30+563 | While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, that is the most severe of sanctions and the court must carefully adhere to established due process, adversarial practice, and evidentiary rules when doing so. | While a court has the inherent authority to dismiss an action where a fraud has been perpetrated, is that the most severe of sanctions and the court must carefully adhere to established due process? | Pretrial Procedure - Memo P 7102 - C - DA_57776.docx | ROSS-000248203-ROSS-000248204 | SA, Sub | 0.57 | 0 | 1 | 0 | 1 | |
| 1575 | Rogers v. Gore, 982 So. 2d 1203 | 30+564.90 | A trial court may dismiss as a sanction, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | Can a court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default? | Pretrial Procedure - Memo # 8007 - C - DHA_58363.docx | ROSS-000512159-ROSS-000312594 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 1576 | Bellew v. Grady, 744 So. 2d 915 | 30+564.90 | A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. Hudec, 644 So.2d 116 (Ala.Civ.App.1994); Burton v. Allen, 628 So.2d 814 (Ala.Civ.App.1993). However, the trial court's discretion is guided by the following: "A trial court does not abuse its discretion to grant a motion to dismiss for failure to prosecute and the accompanying consideration of the weight by the reviewing court, and its decision will be reversed only upon a showing of abuse of discretion. Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332 (Ala.1992). A plaintiff's failure to respond to serve the defendant within a reasonable time may amount to a failure to prosecute an action, warranting dismissal. Atkins v. Shawma, 580 So.2d 1105 (Ala.1991). | Can a court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default? | Pretrial Procedure - Memo # 8007 - C - DHA.docx | LEGALEASE-00188677-LEGALEASE-00188678 | SA, Sub | 0.76 | 0 | 1 | 0 | 1 | |
| 1577 | Potts v. Starr, 76 S. Ct. 93 | 30+565.83 | Under this statute "unreasonable neglect" on the part of the plaintiff to prosecute his claim against a party to the defendant of the complaint. Welch v. McCoy, 40 S.D. 273, 167 N.W. 159. Unreasonable neglect and unreasonable delay are of the same meaning, and both depend upon the particular facts and circumstances to which they are applied according to v. Knight, 73 S.D. 638, 47 N.W.2d 561 As they appear in the above statute they may mean consistently that the law party might be and neglect might reasonably be expected to do towards vindication or enforcement of his right. Wyman v. Conrad, 230 N.C. 355, 175 S.E.2d 516, 518. | Is an unreasonable and unexplained delay defined as an intention to abandon upon the particular facts and circumstances to which they are applied, and as used in statute authorizing dismissal of complaint in case of plaintiff's unreasonable neglect to proceed, they imply whatever a reasonable and prudent party might be expected to do towards vindication or enforcement of his right, S.D.C. 33.1704(4). | 016333.docx | LEGALEASE-00149297-LEGALEASE-00149298 | SA, Sub | 0.31 | 0 | 1 | 0 | 1 | |
| 1578 | Fey v. Fey, 105 S. Ct. 914 App. 614 | 46H+1240 | Under Rule 41(b), a trial court may enter sanctions for failure to prosecute only where the plaintiff or his attorney "manifests an intention to prosecute only where the plaintiff or his attorney manifests an intention to abandon the action as evidenced by failure to progress the action towards its conclusion" by engaging in some delaying tactic. Generec, 1 N.C.App. 672, 672, 197 S.E.2d 979, 602 (1973); Jones v. Stone, 52 N.C.App. 502, 505, 279 S.E.2d 13, 14, (1981); Harris v. Maready, 64 N.C. 359, 311, 311 S.E.2d 911, 916 (1981); Lee also Goins v. Gunn, 324 N.C. 116, 318 S.E. 319 (1989) (trial court did not err when imposing plaintiff's action where plaintiff's attorney violated Rule of Civil Procedure for purposes of delay, and gaining unfair advantage). Whether a plaintiff or his attorney has manifested an intent to delay the progress of an action or has engaged in some delaying tactic may be inferred from the facts surrounding the delay in the prosecution of the case. | Can a court enter sanctions only where the plaintiff or his attorney manifests an intent to thwart the progress of the action or engages in some delaying tactic? | 018621.docx | LEGALEASE-00149343-LEGALEASE-00149344 | Condensed, SA, Sub | 0.46 | 0 | 1 | 1 | 1 | |

| | | | | | | | | | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 22,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 1579 | Trivette v. Yount, 217 N.C. App. 477 | 413+2 | The purpose of the North Carolina Workers' Compensation Act ("the Act") is to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. Trivette v. Yount, 217 N.C. App. 477 ... | The purpose of the North Carolina Workers' Compensation Act is to provide certain limited benefits to injured employees regardless of negligence on the part of the employer? | 048697.docx | LEGALEASE 00189591-LEGALEASE 00189592 | SA_Sub | 0.61 | | 0 | | 1 | 1 | |
| 1580 | KS Merch. Mart v. Huntington Nat'l Bank, 359 Ill. App. 3d 1117 | 156+14 | An estoppel certificate is "[a] signed statement by a party ... 172 (3d ed. 1999). | An "estoppel certificate" is a signed statement by a party, such as a tenant ... paid to a certain date. | Estoppel - Memo #85 - C - CSL_SM24.docx | ROSS-003294448 | SA_Sub | 0.36 | | 0 | | 1 | 1 | |
| 1581 | Hall v. Metro. Dade Cty., 760 So. 2d 1051 | 307A+581 | The inquiry on a motion for lack of prosecution involves a two step inquiry. First, the defendant is required to show there has been no record ... 1241 (Fla.2 DCA 1996). | Does the inquiry on a motion to dismiss for lack of prosecution require the defendant to show there has been no record activity during the relevant one year period ... date? | Pretrial Procedure - Memo #206 - C - NC_58781.docx | ROSS-003282513 ROSS-003282514 | SA_Sub | 0.57 | | 0 | | 1 | 1 | |
| 1582 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | The circumstances under which the discretion may properly be exercised ... 350, 173 A. ... | Is judgment of non pros properly entered when the delay has caused some prejudice to the adverse party? | 037278.docx | LEGALEASE 00150752-LEGALEASE 00150753 | SA_Sub | 0.54 | | 0 | | 1 | 1 | |
| 1583 | Grunfeld v. Donegan, 298 Ill. App. 3d 1091 | 307A+561.1 | A section 2-619 motion, which seeks involuntary dismissal of a claim based on certain specified defenses, raises the question of whether there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law ... Graphics Co., 158 Ill.2d at 486, 200 Ill.Dec. 463, 639 N.E.2d 1282. | Would a motion raise the question when there is a genuine issue of material fact and whether the defendant is entitled to judgment as a matter of law? | 037280.docx | LEGALEASE 00150710-LEGALEASE 00150711 | SA_Sub | 0.67 | | 0 | | 1 | 1 | |
| 1584 | People v. Salazar, 108 Cal. App. 3d 992 | 129+108 | Defendant was convicted of having violated Penal Law 240.26(5) which provides, in pertinent part, that a person is guilty of disorderly conduct when, with intent to cause public inconvenience ... N.Y.2d 316, 311, 428 N.Y.S.2d 924, 406 N.E.2d 780 (1980). | "Can a person only recklessly created a risk of public inconvenience, annoyance or alarm be found guilty of discovery conduct?" | 043435.docx | LEGALEASE 00150930-LEGALEASE 00150791 | SA_Sub | 0.5 | | 0 | | 1 | 1 | |
| 1585 | Carver v. Nall, 186 Ill. 2d 554 | 307A+624 | Section 2-615(a) of the Code of Civil Procedure permits dismissal where, inter alia, "the action was not commenced within the time limited by law" (735 ILCS 5/2-615(a)(9) (West 1996)) and where "the claim asserted ... 680 N.E.2d 285 (1997). | "In ruling on a motion to dismiss, the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party, should the court accept as true all well-pleaded facts in the plaintiff's complaint and all reasonable inferences from them?" | 037076.docx | LEGALEASE 00150750-LEGALEASE 00150751 | SA_Sub | 0.6 | | 0 | | 1 | 1 | |
| 1586 | Garrett v. Kurtz, 2077-2-92 916 | 307A+679 | In evaluating a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Dunlap v. Colo. Springs Cablevision, Inc., 829 P.2d 1286, 1291 (Colo. 1992). | In evaluating a motion to dismiss for failure to state a claim, should the court accept the factual allegations contained in the complaint as true, and grant the motion only if it concludes that the plaintiff is not entitled to any relief under the facts pleaded in the complaint or not? | Pretrial Procedure - Memo #415 - C - SKG_59.docx | ROSS-003280556-ROSS-003280860 | SA_Sub | 0.18 | | 0 | | 1 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1587 | Rodeike v. McCarthey, 2015-Ohio-3052 | 307A479 | "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, decedent tools C & C, the elements of the complaint..." | "In deciding on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. Rules Civ.Proc., Rule 12(B)(6)." | "In analyzing the legal sufficiency of a complaint when deciding a motion to dismiss for failure to state a claim, should a court presume that all factual allegations in the complaint are true?" | 037230.docx | LEGALEASE 0015190-LEGALEASE 0015193 | Condensed, SA, Sub 0.54 | 0.54 | 0 | | 1 | 1 | 1 |
| 1588 | Inst. for Bus. Planning v. Standard Life & Acc. Ins. Co., 24 F. Supp. 100 | 308v99 | "With reference to the matter of Weiler possessing apparent authority from defendant to execute said purchase orders, the application of such doctrine depends upon the principal knowingly permitting the agent to exercise such authority or the principal holding out the agent as possessing such authority..." | "To establish that agent had apparent authority to do an act, principal must have manifested its consent to exercise of such authority or have knowingly permitted agent to exercise such authority, third person must know of facts and, acting in good faith, have reason to believe and actually believe that agent possessed such authority, and third person relying on appearance of authority must have changed his position and be injured or suffer loss." | "To establish apparent authority should a principal manifests its consent to exercise that authority?" | Principal and Agent RC_39465.docx | ROSS-002983197-ROSS-002983198 | Condensed, SA, Sub 0.59 | 0.59 | 0 | | 1 | 1 | 1 |
| 1589 | Swenson v. Sanborn Cty. Farmers Union Oil Co., 594 N.W.2d 339 | 307A+481 | "Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. Opp., 439 N.W.2d at 156; Holmoe, 483 N.W.2d at 25." | "Dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude." | "When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude should dismissal of the cause of action for failure to prosecute be granted?" | Pretrial Procedure - Memo # 8006 - C - SL_29678.docx | ROSS-002980459-ROSS-002980460 | SA, Sub | 0.32 | | | | 1 | |
| 1590 | Rogers v. Gore, 983 So. 2d 30 | 1305 | "On point, the former husband first argues that the trial court abused its discretion by dismissing his action for lack of prosecution. Second, he argues that even if the trial court did not abuse its discretion, the trial court abused its discretion by dismissing his action with prejudice instead of without prejudice..." | "Dismissal of an action for want of prosecution is a drastic sanction; accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion." | "Do courts scrutinize any order terminating an action for want of prosecution and do they hesitate to set one aside when they find an abuse of discretion?" | 037441.docx | LEGALEASE 00151729-LEGALEASE 00151730 | SA, Sub | 0.75 | | | 1 | 1 | |
| 1591 | Gainth v. Kurtz, 2017 F.3d 916 | 307A+479 | "In evaluating a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5), the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Rules Civ. Proc., Rule 12(b)(5)(b)(5)." | "In evaluating a motion to dismiss for failure to state a claim, the court must accept the material allegations contained in the complaint as true, and may grant the motion only if the court concludes the plaintiff is not entitled to any relief under the facts pleaded. Rules Civ.Proc., Rule..." | "In evaluating a motion to dismiss for failure to state a claim, should the court accept the material allegations contained in the complaint as true?" | Pretrial Procedure - Memo # 8485 - C - NFL_59724.docx | ROSS-002996523-ROSS-002996524 | SA, Sub | 0.19 | | | | 1 | |
| 1592 | Mathews v. Diaz, 426 U.S. 67 | 24+120 | "The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14." | "The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship; indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14." | "Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens are entitled to enjoy all the advantages of citizenship?" | "Aliens, Immigration and Citizenship - Memo 44 - RK_001 30.docx" | LEGALEASE 00150740-LEGALEASE 00150741 0030 7465 | SA, Sub | 0.47 | | | 1 | 1 | 1 |
| 1593 | Henley v. D.C., 220 A.2d 325 | 129+132 | "It is contended, however, that Section 22-1112 is unconstitutionally vague, and that both on its face and as applied, it impinges upon the exercise of free speech, freedom of assembly, and the right to petition the government for redress of grievances. Our analysis need not be concerned with the literal wording of the statute since it has previously been construed to require a threat to breach of the peace..." | "Disorderly conduct statute does not impinge upon exercise of free speech, free assembly, and right to petition the government for redress of grievances, where statute is worded to keep public sidewalks free of unnecessary obstructions and prevent groups from congregating in such a way that a breach of peace may result." D.C.Code 1961, § 22-1112. | "Does police have the right, within reasonable limitations, to keep the public sidewalks free of unnecessary obstructions?" | 032035.docx | LEGALEASE 00152059-LEGALEASE 00152060 | Condensed, SA, Sub 0.48 | 0.48 | 0 | | 1 | 1 | |

299

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1594 | Young v. HealthPort Techs., 877 N.W.2d 124 | 307A+680 | Under our notice-pleading standards, nearly every case will survive a motion to dismiss for failure to state a claim upon which any relief may be granted. Smith v. Smith, 513 N.W.2d 728, 730 (Iowa 1994). To survive a motion to dismiss, the petition need not allege the ultimate facts to support each element of a cause of action. Id. However, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond. Schmidt v. Wilkinson, 340 N.W.2d 282, 283 (Iowa 1983). The allegations in a petition comply with this fair-notice requirement if the petition informs the defendant of the general nature of the claim and the incident giving rise to it. Soike v. Evan Matthews & Co., 302 N.W.2d 841, 842 (Iowa 1981). In ruling on a motion to dismiss, a court construes the petition in the light most favorable to the plaintiff and resolves any doubts in the plaintiff's favor. Turner v. Iowa State Bank & Trust Co., 743 N.W.2d 1, 3 (Iowa 2007). | To survive a motion to dismiss for the failure to state a claim on which relief may be granted, the petition need not allege the ultimate facts to support each element of a cause of action; however, it must contain factual allegations sufficient to give the defendant fair notice of each claim asserted so the defendant can adequately respond, and the allegations satisfy this "fair notice" requirement if the petition informs the defendant of the general nature of claim and the incident giving rise to it. I.C.A. Rule 1.421(1)(f). | "To survive a motion to dismiss for the failure to state a claim on which relief can be granted, should the petition not allege the ultimate facts to support each element of a cause of action?" | Pretrial Procedure - Memo # 8703 - C - KBM_59740.docx | ROSS-003281691-ROSS-003281692 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 1595 | Mackey v. Cannon, 996 P.2d 1081 | 307A+622 | The material factual allegations in this case, particularly the existence and nature of the comments made, are undisputed by Cannon. Construing the facts and all inferences therefrom in Mackey's favor, as we must do, it is conceivable that Mackey, upon being allowed the opportunity to develop and prove her case, can demonstrate that the statements violate the confidentiality provision of the Agreement. "The courts are a forum for settling controversies, and if there is any doubt about whether a claim should be dismissed for the lack of a factual basis, the issue should be resolved in favor of giving the party an opportunity to present its proof." Colman, 795 P.2d at 624. On the facts alleged, Mackey must be given "an opportunity to present [her] proof." Id. | The courts are a forum for settling controversies, and if there is any doubt about whether a claim should be dismissed for the lack of a factual basis, the issue should be resolved in favor of giving the party an opportunity to present its proof. Rules Civ.Proc., Rule 12(b)(6). | "If there is any doubt about whether a claim should be dismissed for lack of factual basis, should the issue be resolved in favor of giving the party an opportunity to present its proof?" | Pretrial Procedure - Memo # 8797 - C - KBM_59796.docx | ROSS-003280900-ROSS-003280901 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 1596 | SES Indus. v. Intertrade Packaging Mach. Corp., 236 Ga. App. 418 | 307A+680 | "(A) defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. (Cits.)" Scovill Fasteners v. Sure"Snap Corp., 207 Ga.App. 539, 428 S.E.2d 435 (1993). "If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of plaintiff. (Cit.) Further, if a motion is decided on the basis of the written submissions, the reviewing court is in an equal position with the trial court to determine the facts and therefore examines the facts under a non-deferential standard. (Cits.)" Id. at 540, 428 S.E.2d 435." Habersham Metal Products Co. v. Huntsville Fastener &c., 216 Ga.App. 646, 455 S.E.2d 356 (1995)." Southern Electronics Distributors v. Anderson, 232 Ga.App. 648(1), 502 S.E.2d 257 (1998). | If a motion to dismiss for lack of personal jurisdiction is decided on the basis of written submissions alone, disputes of fact found in the affidavits are resolved in favor of plaintiff. O.C.G.A. S 9-10-91. | "If a motion to dismiss for lack of personal jurisdiction is decided on the basis of written submissions alone, are disputes of fact found in the affidavits resolved in favor of a plaintiff?" | 037772.docx | LEGALEASE-00151919-LEGALEASE-00151920 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 1597 | Bellew v. Grady, 744 So. 2d 913 | 307A+690 | Dismissal of an action for want of prosecution is a drastic sanction. Accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. K.P. v. Reed, 626 So.2d 1241 (Ala.1992). A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | Trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can court dismiss an action, with prejudice, for lack of prosecution when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | 037809.docx | LEGALEASE-00152008-LEGALEASE-00152009 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 1598 | Galt v. Woliver, 103 Ill. App. 71 | 200+181 | Defendant's servants were hauling said machine by a road engine. Two cogs of certain machinery broke, and defendant's servants were obliged to leave the machine at the side of the road. Defendant claims it was so left on June 22d. Plaintiff claims defendant left it there the last of March or first of April. The preponderance of the proof on this subject is with plaintiff, but the date is of slight importance, for even by defendant's claim the machine was left there from June 22d to August 3d, and no reasonable excuse appears for thus obstructing a highway for that length of time. Whether the machine was calculated to frighten ordinarily gentle horses was a question of fact for the jury. It was described by many witnesses. It did frighten this horse. The proof is other horses had shied at it, and that the traveled way had veered to one side at that point because horses would not go straight by it. Evidence that other horses were frightened by it was competent, as tending to show it was dangerous and unsafe, and that horses were likely to be frightened by it. City of Elgin v. Thompson, 98 Ill. App. 358. It is argued that the horse was frightened by an umbrella carried in the buggy, and not by the shredder. The umbrella had been up while the parties traveled two and a quarter miles, and the horse did not take fright till he was opposite the machine. This was a question for the jury, and we do not doubt it was correctly decided. It is argued there is no sufficient proof the place of the accident was a public highway. The proof was that it was the main traveled thoroughfare between Erie and Denrock, was fenced on each side, had been traveled as a public highway from forty to sixty years, and was in charge of a highway commissioner. The proof that it was a public highway was ample for this collateral proceeding. The court admitted proof that one Shaw, a telephone manager, at the request of the highway commissioner, had two conversations with defendant, the first of which, at least, was over | It was unlawful to leave standing on public highway from one to four months machine whose appearance was calculated to frighten ordinarily gentle horses passing by, and person doing so was liable to person who in exercise of due care was injured by actions of ordinarily gentle horse caused by his fright at obstruction. | "Is a person liable for leaving an obstruction, or a machine in a public highway?" | 019150.docx | LEGALEASE-00153606-LEGALEASE-00153608 | Condensed, SA | 0.93 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1599 | Spencer v. Lombardi, 500 S.W.3d 885 | 307A+679 | Appellate review of a trial court's grant of a motion to dismiss is de novo." Kixmiller v. Bd. of Curators of Lincoln Univ., 341 S.W.3d 711, 713 (Mo.App.W.D.2011). "A motion to dismiss for failure to state a claim "is solely a test of the adequacy of the plaintiff's petition." " Id. (quoting City of Lake St. Louis v. City of O'Fallon, 324 S.W.3d 756, 759 (Mo.banc 2010)). "A court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." Id. (quoting City of Lake St. Louis, 324 S.W.3d at 759). "The court treats the plaintiff's averments as true and liberally grants the plaintiff all reasonable inferences." Id. "The credibility or persuasiveness of the facts alleged are not weighed." Id. | On a motion to dismiss for failure to state a claim, a court reviews a petition in an almost academic manner to determine if the facts alleged meet the elements of a recognized cause of action or of a cause that might be adopted in that case. | "Does a court review the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case?" | Pretrial Procedure - Memo # 8902 - C - UG_60361.docx | ROSS-003279949-ROSS-003279950 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1600 | Caravousanos v. Kings Cty. Hosp., 74 A.D.3d 716 | 307A+622 | In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511)."Where evidentiary material is submitted on a CPLR 3211(a)(7) motion, it may be considered by the court, but unless the defendant demonstrates, without significant dispute, that a material fact alleged by the complaint is not a fact at all, the motion will not be granted" (Quesada v. Global Land, Inc., 35 A.D.3d 575, 576, 826 N.Y.S.2d 667). | In considering motion to dismiss complaint for failure to state cause of action, court should accept facts as alleged in complaint as true, accord plaintiffs benefit of every possible favorable inference, and determine only whether facts as alleged fit within any cognizable legal theory. McKinney's CPLR 3211(a)(7). | "When considering motion to dismiss, should a court accept facts alleged in a complaint as true?" | 038199.docx | LEGALEASE-00153165-LEGALEASE-00153166 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 1601 | Nicita v. City of Detroit, 216 Mich. App. 746 | 307A+624 | Defendant now appeals that portion of the trial court's order denying its motion for summary disposition with regard to the exemptions under " 13(1)(a) and (n). We review the trial court's decision on a motion for summary disposition de novo. Babula v. Robertson, 212 Mich.App. 45, 48, 536 N.W.2d 834 (1995). A motion brought under MCR 2.116(C)(9) seeks a determination whether the opposing party has failed to state a valid defense to the claim asserted against it.Only the pleadings may be considered when the motion is brought under MCR 2.116(C)(9). MCR 2.116(G)(5). The well-pleaded allegations are accepted as true, and the test is whether the defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny a plaintiff's right to recovery. Lepp v. Cheboygan Area Schools, 190 Mich.App. 726, 730, 476 N.W.2d 506 (1991). | On motion for summary disposition for failure to state defense, well pleaded allegations are accepted as true and the test is whether defendant's defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery. MCR 2.116(C)(9). | "On a motion for summary disposition for failure to state defense, are well pleaded allegations accepted as true?" | Pretrial Procedure - Memo # 9040 - C - MS_60446.docx | ROSS-003282312-ROSS-003282313 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 1602 | RRC Ne. v. BAA Maryland, 413 Md. 638 | 307A+622 | Consideration of the universe of "facts" pertinent to the court's analysis of the motion are limited generally to the four corners of the complaint and its incorporated supporting exhibits, if any. Curran, 383 Md. at 475, 860 A.2d at 879. The well-pleaded facts setting forth the cause of action must be pleaded with sufficient specificity; bald assertions and conclusory statements by the pleader will not suffice. Adamson v. Corr. Med. Servs., Inc., 359 Md. 238, 246, 753 A.2d 501, 505 (2000); Bobo v. State, 346 Md. 706, 708"09, 697 A.2d 1371, 1372 (1997). Upon appellate review, the trial court's decision to grant such a motion is analyzed to determine whether the court was legally correct. Sprenger, 400 Md. at 21, 926 A.2d at 250; Benson v. State, 389 Md. 615, 626, 887 A.2d 525, 531 (2005); Fioretti, 351 Md. at 71, 716 A.2d at 261. | Consideration of the universe of facts pertinent to court's analysis of motion to dismiss for failure to state a claim is limited generally to the four corners of the complaint and its incorporated supporting exhibits, if any. | Is the consideration of the universe of facts pertinent to courts analysis of motion to dismiss for failure to state a claim limited generally to the four corners of the complaint and its incorporated supporting exhibits? | 038298.docx | LEGALEASE-00152937-LEGALEASE-00152938 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 1603 | In re Broad St. in Sewickley Borough, 165 Pa. 475 | 371+2060 | In the former it was held that an assessment for pitching, curbing, and paving a street was not a tax within the meaning of the act of April 16, 1838, exempting churches and burial grounds from taxes. In none of the cases, however, which we have had occasion to examine, are the distinction and its legitimate result so clearly and forcibly pointed out as they are in Railroad Co. v. Decatur, 147 U. S. 190, 197, 13 Atl. 293, wherein it is held that an exemption from taxation is to be taken as an exemption from the burden of ordinary taxes, and does not relieve from the obligation to pay special assessments imposed to pay for local improvements, and charged upon contiguous property upon the theory that it is benefited thereby. "Taxes proper, or general taxes," says Mr. Justice Brewer, "proceed upon the theory that the existence of government is a necessity; that it cannot continue without means to pay its expenses; that for those means it has the right to compel all citizens and property within its limits to contribute; and that for such contribution it renders no return of special benefit to any property, but only secures to the citizen that general benefit which results from protection to his person and property, and the promotion of those various schemes which have for their object the welfare of all. * * * On the other hand, special assessments or special taxes proceed upon the theory that when a local improvement enhances the value of neighboring property, that property should pay for the improvement." | Taxes proper or general taxes proceed upon the theory that the existence of government is a necessity; that it cannot continue without means to pay its expenses; that for those means it has the right to compel all citizens and property within its limits to contribute, and that for such contribution it renders no return of special benefit to any property, but only secures to the citizen that general benefit which results from protection to his person and property. * * * On the other hand, special assessments or special taxes proceed upon the theory that when a local improvement enhances the value of neighboring property that property should pay for the improvements. | What theory does general tax proceed upon? | 046012.docx | LEGALEASE-00153301-LEGALEASE-00153302 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 1604 | C.I.R. v. Court Holding Co., 324 U.S. 331 | 220+3231 | On the basis of these findings, the Tax Court was justified in attributing the gain from the sale to respondent corporation. The incidence of taxation depends upon the substance of a transaction. The tax consequences which arise from gains from a sale of property are not finally to be determined solely by the means employed to transfer legal title. Rather, the transaction must be viewed as a whole, and each step, from the commencement of negotiations to the consummation of the sale, is relevant. A sale by one person cannot be transformed for tax purposes into a sale by another by using the latter as a conduit through which to pass title.4 To permit the true nature of a transaction to be disguised by mere formalisms, which exist solely to alter tax liabilities, would seriously impair the effective administration of the tax policies of Congress. | The tax consequences which arise from gains from a sale of property are not finally to be determined solely by means employed to transfer legal title, but, rather, the transaction must be viewed as a whole, and each step, from commencement of negotiations to consummation of sale, is relevant. | "Does the court view a property transaction as a whole and its each step, from the commencement of negotiations to the consummation of the sale, as relevant aspects?" | 018318.docx | LEGALEASE-00154625-LEGALEASE-00154626 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1605 | Rodefer v. McCarthy, 2015-Ohio-3052 | 307A+679 | "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint." Grover v. Bartsch, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, (2d Dist.). The court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. Id., citing Mitchell v. Lawson Milk Co., 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). A motion to dismiss under Civ.R. 12(B)(6) should be granted only where the complaint, so construed, demonstrates that plaintiff can prove no set of facts entitling him to relief. Id. | In deciding on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations in the complaint as true, and make all reasonable inferences in favor of the plaintiff. Rules Civ.Proc., Rule 12(B)(6). | "In ruling on a motion to dismiss for failure to state a claim, should the court construe the complaint in the light most favorable to the plaintiff?" | 038465.docx | LEGALEASE-00154386-LEGALEASE-00154387 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 1606 | Gray v. Schenectady City Sch. Dist., 86 A.D.3d 771 | 307A+685 | When considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must construe the pleadings liberally, accept the allegations of the complaint as true and provide the plaintiffs the benefit of every possible favorable inference (see EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26 [2005]; Griffin v. Anslow, 17 A.D.3d 889, 891, 793 N.Y.S.2d 615 [2005] ). A court may consider evidentiary material submitted by a plaintiff to remedy defects in the complaint, but the court should not rely on evidence submitted by the proponent of the motion as a basis for dismissal unless that evidence conclusively establishes the falsity of an alleged fact (see Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977]; Capital Wireless Corp. v. Deloitte & Touche, 216 A.D.2d 663, 665, 627 N.Y.S.2d 794 [1995]; Pietrosanto v. NYNEX Corp., 195 A.D.2d 843, 844, 600 N.Y.S.2d 802 [1993] ). Applying this standard, Supreme Court erred in denying defendant's motion as to the first cause of action for intentional infliction of emotional distress, but correctly denied the part of defendant's motion seeking dismissal of the second and third causes of action for negligent supervision and negligent retention | In deciding a motion to dismiss for failure to state a cause of action, a court may consider evidentiary material submitted by a plaintiff to remedy defects in complaint, but the court should not rely on evidence submitted by proponent of motion as a basis for dismissal unless evidence conclusively establishes falsity of alleged fact. McKinney's CPLR 3211(a)(7). | "On motion to dismiss cause of action, can factual materials be considered to remedy defects in allegations made in complaint or petition?" | Pretrial Procedure - Memo # 9413 - C - PC.docx | LEGALEASE-00044211-LEGALEASE-00044212 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1607 | Belsky v. Lowell, 117 A.D.2d 575 | 307A+581 | "Before the drastic penalty of dismissal for failure to prosecute is imposed upon a plaintiff, a balanced consideration of all relevant factors is required" (Carron v. DeGranpre, 55 A.D.2d 712, 713, 388 N.Y.S.2d 727). To be considered are the merit or lack of merit of the action, extent of the delay, prejudice or lack of prejudice to the defendants and intent or lack of intent to deliberately default or abandon the action, as well as the strong public policy favoring disposition on the merits (see, Moran v. Rynar, 39 A.D.2d 718, 719, 332 N.Y.S.2d 138). Here, as Special Term apparently found, the foregoing factors militated against denial of plaintiff's motion, except for dissatisfaction with the availability of plaintiff's trial counsel. We find that counsel's actions did not amount to willful abandonment of the action, and evidenced a good-faith attempt to comply with the court's interim order. Furthermore, the prejudice accruing to defendants was financial only. As we have previously held, under such circumstances, it is proper to save the action for the client while imposing upon the attorney, personally, a penalty for his neglect. Accordingly, we reverse, and grant the motion upon the condition heretofore stated. | Drastic penalty of dismissal for failure to prosecute requires balanced consideration of all relevant factors before imposition, including merit or lack of merit of action, extent of delay, prejudice or lack of prejudice to defendants and intent or lack of intent to deliberately default or abandon action, as well as strong public policy favoring disposition on the merits. | What factors should be considered before imposition of drastic penalty of dismissal for failure to prosecute? | Pretrial Procedure - Memo # 9462 - C - SPB_60954.docx | ROSS-003294495-ROSS-003294496 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 1608 | Sustala v. El-Romman, 712 S.W.2d 164 | 307A+581 | Texas courts possess an inherent power to dismiss a suit for failure to prosecute it with due diligence. A court's exercise of this power is subject to reversal only upon a clear showing of abuse of discretion. Veterans' Land Board v. Williams, 543 S.W.2d 89, 90 (Tex.1976); McCormick v. Shannon West Texas Memorial Hospital, 665 S.W.2d 573, 575 (Tex.App."Austin 1984, writ ref'd n.r.e.). In contemplation of a motion to dismiss for want of prosecution, a trial court may consider the entire history of a case including any past lack of diligence exhibited by the plaintiff. State v. Rotello, 671 S.W.2d 507, 508"509 (Tex.1984). It may dismiss the case even when the plaintiff states that he never intended to abandon the suit and that he is currently ready for trial. See Petroleum Refining Co. v. McGlothlin, 429 S.W.2d 676, 678 (Tex.Civ.App."Eastland 1968, writ ref'd n.r.e.); Rorie v. Avenue Shipping Co., 414 S.W.2d 948, 953 (Tex.Civ.App."Houston 1967, writ ref'd n.r.e.). | Trial court may consider entire history of case, including any past lack of diligence exhibited by plaintiff, in contemplation of motion to dismiss for want of prosecution. | "Should the court consider the entire history of case, including any past lack of diligence exhibited by plaintiff, in contemplation of motion to dismiss for want of prosecution?" | 038810.docx | LEGALEASE-00154091-LEGALEASE-00154092 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 1609 | Boazman v. Economics Laboratory, 537 F.2d 210 | 170A+1827.1 | The first issue we deal with is whether it was reversible error for the District Court to dismiss this case under Rule 41(b). As the Trial Judge implicitly recognized when he amended his first order of dismissal, dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, Flaksa v. Little River Marine Construction Co., 5 Cir., 1968, 389 F.2d 885, 887, cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387, where "there is a clear record of delay or contumacious conduct," Durham v. Florida East Coast Railway Company, 5 Cir., 1967, 385 F.2d 366, 368, and "where lesser sanctions would not serve the best interests of justice," Brown v. Thompson, 5 Cir., 1970, 430 F.2d 1214, 1216. Thus, "while we will not disturb the District Court's exercise of sound discretion in keeping its calendar under control, we will not approve sanctions that are not commensurate with the dereliction." Brown v. O'Leary, 5 Cir., 1975, 512 F.2d 485, 486. See also Link v. Wabash R. Company, 1962, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734; Flaksa v. Little River Marine Construction Company, supra, 389 F.2d 885. In the past, we have found that lesser sanctions would suffice in all but the most flagrant circumstances. See, e. g., Connolly v. Papachristid Shipping Ltd., 5 Cir., 1974, 504 F.2d 917, 920; Flaksa v. Little River Marine Construction Company, supra, 389 F.2d at 888. | Dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances where there is a clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. Fed.Rules Civ.Proc. rule 41(b), 28 U.S.C.A. | Is dismissal of complaint to be used only in extreme circumstances where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice? | Pretrial Procedure - Memo # 9507 - C - DHA_61102.docx | ROSS-003280482-ROSS-003280483 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1610 | Chewags Contracting v. Hughes Assocs., Landscape Architects PLLC, 288 A.D.3d 1550 | 307A-685 | Nonetheless, since the motion [made shortly after serving the answer and before additional disclosure] argues the existence of the alleged cause of action, Supreme Court did not err in treating the motion as a narrowly framed post-answer CPLR 3212(a)(7) motion. To facilitate a summary judgment motion [see David D. Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR C3212:28 at P38, C3212:20 in 1977b]; see also Murray Brecka Consultants, Ltd. v. New York Compensation Manager's Inc., 150 A.D.3d 1125 T 7256, 960 N.Y.S.2d 595]. When a dismissal is sought for failure to state a cause of action and, as here, plaintiff submits affidavits, "a court may freely consider those affidavits, and the criterion is whether the proponent of the pleading has a cause of action, not whether he or she has stated one." | When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, a court may freely consider those affidavits, and the criterion is whether the proponent of the pleading has a cause of action. | When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, a court may freely consider those affidavits, and the criterion is whether the proponent of the pleading has a cause of action? | Pretrial Procedure Memo #1054 – UC_6117.6.docx | RDS5.0010186803-RDS5.0010186803-00330884 | SA, Sub | 0.66 | 0 | | | 1 | 1 |
| 1611 | Gowen v. Bank United of Texas, FSB, 107 S.W.3d 897 | 172H+1579 | In this welter of doubt we turn with relief to the staff of the Federal Reserve Board. On official staff commentary states that the Supreme Court has emphatically held as its give great weight in interpreting the Truth-in-Lending Act and the regulations. Iander X, see 1005, S.V. Mclien v. McVicillo, 444 U.S. 555, 50('70), 100 S.Ct. 790, 790,799,791.61 L.Ed.2d 2 [1986]; has decided that "a fee for courier service charged by a settlement agent to wire closing funds or to retain the title company, or some other party is not a finance charge, provided that the creditor has not required the use of a courier service or retained the charge." 12 C.F.R. pt. 226, Supp. I., 226.4(a)("4, 60 Fed Reg. 15771, 15777 (April 3, 1995) (emphasis added). The staff commentary... [the official staff commentary as weighted] as an interpretation of the statute "the objection based on necessarily waited be charged "pressure" from the banking community, argued that should give weight to the Truth-in-Lending Act's legislative, and the commentary, in question purportedly clarify rather than to change existing law. 60 Fed Reg. at 15772, [Hickey v. Great Western Mortgage Corp.], 1996 Up to 158 (N.D.Ill. 1 May 23, 1996) ("an agency that knows more about banking than we do and that cannot be conflicted by law...") | Can a fee for courier service charged by a settlement agent to wire closing funds... be considered as a finance charge if the creditor has not retained the charge? | Can a fee for courier service charged by a settlement agent to wire closing funds... be considered as a finance charge if the creditor has not retained the charge? | Consumer Credit – Memo 75_r4.docx | LEGALEASE-00044735-LEGALEASE-00044736 | Condensed, SA, Sub | 0.7 | | 1 | | 1 | |
| 1612 | City of Fort Wayne v. Sw. Allen County Fire Prot. Dist., 8274 E.3d 299 | 307H+684 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. [GKN Co. v. Magnani, 744 N.E.2d 397, 400 (Ind. Ct. App. 2001)]. In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. [Id. So] Our standard of review is dependent on what happened in the trial court. [Id. at 400]. When, as here, "the facts before the trial court are not in dispute, then the question of subject matter is purely one of law," [Id. Under such circumstances no deference is afforded to the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. Baker v. Johnson, 732 N.E.2d 1212, 1216 (Ind. 2000). Thus, we review denovo a trial court's ruling on a motion to dismiss under Trial Rule 12(B)(1) where the facts before the trial court are not undisputed Id. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support? | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support? | 037946.docx | LEGALEASE-00154879-LEGALEASE-00154880 | SA, Sub | 0.68 | 0 | | | 1 | |
| 1613 | Legatti v. Missouri State Life Ins. Co., 142 S.W.2d 833 | 317+2902 | Fees or charges prescribed by law to be paid by certain individuals to public officers in connection with specific governmental public services rendered in connection with specific governmental public functions are, by their nature, ordinarily are not taxes. 84 C.J.S. Taxation " s, p. 36, Gurdsy v. Yates, 164 S.W.2d 493, 494; State v. Montevallo Coal Mining Co., 29 Ala.App. 318, 197 So. 82, unless the object of the requirement is to raise revenue to be paid into general fund of government to be used for general governmental expenditures, then it is a tax. In such instances... governmental expenditures. People v. Brooklyn Garden Apts., 283 N.Y. 373, 28 N.E.2d 377, rather than compensation to public officer for particular services rendered. Guiney, Taxation, Vol. 1, " 33. The fees, per diem and expenses in question were not levied upon General Americans for the general support of the government, They were not paid into the public treasury and were not subject to disbursement for the general public benefit. They were assessed against General American for the specific purpose of compensating certain public officers [some of them official of other states] for services performed in connection with the examination of its operations of its particular corpus. | Are fees or charges prescribed by law to be paid by certain individuals to public officers taxes? | Are fees or charges prescribed by law to be paid by certain individuals to public officers taxes? | 044320.docx | LEGALEASE-00155827-LEGALEASE-00155828 | SA, Sub | 0.68 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1614 | Baker v. Magnet Sports & Entm't Lounge, 135 A.D.3d 680 | 30704483 | "When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory … If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7)." | In considering a motion to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. | "When dismissal is sought for failure to state a cause of action, will the court accept the facts as alleged in the complaint as true?" | 024661.docx | LEGALEASE 00156373 / LEGALEASE 00156374 | SA, Sub | 0.7 | 0 | | | 1 | |
| 1615 | Cook v. Fergus Elec. Co-op., 235 Mont. 173 | 30704581 | Rule 41(b), M.R.Civ.P., has been interpreted as providing that a defendant may request involuntary dismissal of a civil action where a plaintiff fails to exercise due diligence … bringing his or her case to trial. Shackleton v. Neil (1980), 207 Mont. 96, 101, 672 P.2d 1112, 1115. No precise rule or formula sets forth what period of inactivity is necessary to find a failure to prosecute. The question has been left to the discretion of the district court, and the court's decision will not be disturbed absent a clear abuse of discretion. See, Timber Tracts, 733 P.2d at 856, and cases cited therein. | Defendant may request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, absent a finding of excuse, in bringing his or her case to trial. Rule Civ.Proc., Rule 41(b). | "Can defendant request involuntary dismissal of civil action where plaintiff fails to exercise due diligence, in bringing his or her case to trial?" | 024510.docx | LEGALEASE 00156385 / LEGALEASE 00156386 | SA, Sub | 0.67 | 0 | 1 | | | |
| 1616 | Viselek v. Bellas, 866 So. 2d 489 | 30704690 | Dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of his day in court, but where clear delay and ineffective lesser sanctions are present, Am. Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 180 (Fla. 1998). Other factors have been identified as: aggravating factors; those include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct. McCoUum v. Faulkner Concrete Pipe Co., 659 F.2d 814, 819 (5th Cir. 1981)." | Dismissal with prejudice for failure to prosecute is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases. | Is dismissal with prejudice for failure to prosecute an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his or her claim and is reserved for the most egregious cases? | Pretrial Procedure - Memo # 3306 - C - NC_62094.docx | ROSS-003295573+ROSS-003295574 | SA, Sub | 0.57 | 0 | 1 | | | |
| 1617 | Hanson v. Griffiths, 204 Misc. 736 | 17+1002 | The widow here argues that the fees prescribed by the statute are in the nature of taxes, that there is a serious doubt about the construction of the statute and that, therefore, a construction favorable to the taxpayer should, under the familiar rule, be made. She cites no New York authority, however, to establish that these particular fees are in the nature of taxes. In contrast, it is recognized that the fees of this kind have been held to be the weight of precedent in foreign states; see cases collected in 42 A.L.R. 526. There is no New York decision directly passing upon the particular question. A general distinction between the fees however … | Generally speaking, "taxes" are burdens of pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, whereas charges are sustainable as fees where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | "If a charge is imposed upon a person to defray the cost of particular services rendered for his account, is the charge a fee rather than a tax?" | 041314.docx | LEGALEASE 00156365 / LEGALEASE 00156366 | SA, Sub | 0.74 | 0 | | | | |
| 1618 | Dorchester House Assocs. Ltd. P'ship v. D.C. Rental Hous. Comm'n, 913 A.2d 1260 | 30704690 | Instead of offering or reserving the ALJ's decision, the RHC effectively converted the Rule 41(a) motion to dismiss without prejudice into a motion to dismiss with prejudice while failing to give the requisite "[i]t upsets notions of fundamental fairness for a court, in response to a party's request for dismissal without prejudice, to grant the request by dismissing with prejudice, while hiding its ruling by using a notice of its inclination to impose this extreme remedy." Andes v. Versant Corp., 788 F.2d 1033, 1037 (4th Cir. 1986) … [must be given] an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice." | A plaintiff must be given an opportunity to withdraw his motion to dismiss without prejudice and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice. (Civ. Rule 41(b)). | Should a plaintiff be given an opportunity to withdraw his motion to dismiss without prejudice and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice? | Pretrial Procedure - Memo # 1052 - C - SK_62421.docx | ROSS-003313389+ROSS-003313390 | SA, Sub | 0.69 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1619 | Southern Co-op. Hous. Corp. v. Rent Control Bd. of Cambridge, 396 Mass. 395 | 371x1902 | The final test that distinguishes fees from taxes is that fees, unlike taxes, only cover the board's or agency's regulatory expenses … in determining whether the agency's charges are fees rather than taxes, reasonable latitude must be given to the agency in fixing charges to cover its anticipated expenses … | In determining whether regulatory charges are fees rather than taxes, reasonable latitude should be given to the agency in fixing charges to cover its anticipated expenses. | In determining whether regulatory charges are fees rather than taxes, should reasonable latitude be given to the agency in fixing charges to cover its anticipated expenses? | 04147.docx | LEGALEASE 00156448-LEGALEASE 00156449 | SA_Sub | 0.84 | 0 | | 1 | 1 | 1 |
| 1620 | Griffin v. Universal Cas. Co., 274 Ill. App. 3d 1056 | 307Ax485 | We judge that the certified portion of the motion to dismiss was a sufficient affidavit to support the defendant's section 2-619 motion to dismiss … Once the defendant meets its burden of presenting affirmative matter through sufficient affidavits, however, the burden shifts to the plaintiff to file a counteraffidavit to refute evidentiary facts in the defendant's supporting affidavit; those facts are deemed admitted. (Ronlov & 109 of Currency Exchange, 156 Ill.2d at 116, 189 Ill.Dec. at 24, 619 N.E.2d at 723.) | Once defendant meets burden of presenting affirmative matter in support of motion to dismiss through sufficient affidavits, burden shifts to plaintiff to file counteraffidavit to refute evidentiary facts in defendant's supporting affidavit; otherwise, those facts are deemed admitted. S.H.A. 735 ILCS 5/2-619. | Once a defendant meets a burden of presenting affirmative matter in support of motion to dismiss through sufficient affidavits, does the burden shift to the plaintiff to file a counter affidavit to refute evidentiary facts? | 02486.docx | LEGALEASE 00156411-LEGALEASE 00156412 | SA_Sub | 0.45 | 0 | | 1 | 1 | |
| 1621 | Ex parte Punco, 923 So. 2d 1069 | 307Ax693.1 | Punco has not shown that he has a clear and undisputable right to a dismissal of the Grants' claims against him for lack of personal jurisdiction … Therefore, the appropriate remedy for the want of mandamus is denied … a defendant who appropriately persists in challenging it in the defendant's answer to the complaint and by motion for summary judgment or at trial depends on the introduction of substantial evidence to prove the plaintiff's jurisdictional allegations in the plaintiff's complaint. | A denial of a motion to dismiss for lack of personal jurisdiction is interlocutory and preliminary only; after such a denial, the continuation of personal jurisdiction over a defendant who appropriately persists in challenging it in the defendant's answer to the complaint and by motion for summary judgment or at trial depends on the introduction of substantial evidence to prove the plaintiff's jurisdictional allegations in the plaintiff's complaint. Rules Civ.Proc., Rule 12(b)(2). | Is a denial of a motion to dismiss for lack of personal jurisdiction interlocutory and preliminary only? | 02163.docx | LEGALEASE 00157191-LEGALEASE 00157192 | SA_Sub | 0.22 | 0 | | 1 | 1 | |
| 1622 | Irre Gen. Motors, 296 S.W.3d 813 | 307Ax581 | We are unpersuaded by Landrieu's argument that the district court had the power to dismiss them for want of prosecution. Every court has power, in the absence of statutory prohibition, to dismiss a suit for want of prosecution … A trial court may dismiss for want of prosecution when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or when a case is not disposed within the time standards promulgated by the supreme court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | A trial court may dismiss for want of prosecution when any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or when a case is not disposed within the time standards promulgated by the supreme court. Vernon's Ann.Texas Rules Civ. Proc., Rule 165a. | Can a court dismiss for want of prosecution, when no party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice? | Pretrial Procedure - Memo 8 (07)1 - C - 6G_42258.docx | ROSS 000283209-ROSS-000283210 | SA_Sub | 0.75 | 0 | 1 | | 1 | |
| 1623 | Burton v. Airborne Freight Corp., 367 Ill. App. 3d 1026 | 307Ax486.1 | Airborne's motion to dismiss was a hybrid motion seeking relief under sections 2-615 and 2-619 of the Code of Civil Procedure (Code). (735 ILCS 5/2-615, 2-619 (West 2004)). In its motion to dismiss, Airborne stated that it moved to dismiss this case with prejudice pursuant to section 2-615 for failure to state a claim. A motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)) attacks the legal sufficiency of a complaint and raises the question of whether the complaint states a claim upon which relief can be granted. … a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2004)) admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the complaint's face or that are established by external submissions acting to defeat the complaint's allegations. Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 115, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993); Klancir v. United Cmty. Bank, Inc., 2012 Ill.App (2d) 110494; 2012 Ill.App. LEXIS 340 (2012); LaSalle Nat. Bank v. City Suites, Inc., 325 Ill.App.3d 780, 784, 259 Ill.Dec. 259, 758 N.E.2d 382 (2001). | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of plaintiff's complaint but raises defects, defenses, or other affirmative matters that appear on the complaint's face or that are established by external submissions acting to defeat the complaint's allegations. S.H.A. 735 ILCS 5/2-619. | Will a motion to dismiss based on certain defects or defenses admit the legal sufficiency of plaintiff's complaint? | 02373.docx | LEGALEASE 00157450-LEGALEASE 00157451 | SA_Sub | 0.75 | 0 | | 1 | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1624 | Silverstein v. Keane Athletic Clubs, 2016 IL App (1st) 153388 | 307A-E63.1 | We review de novo the trial court's dismissal of a complaint under sections 2-615. *Cohen v. McDonald, 2017 IL 113217, ¶ 16.* Illinois law… N.E.2d 618. A motion to dismiss under section 2-615 admits the legal sufficiency of the complaint but asserts a defense outside the complaint that defeats it. *Patrick Engineering, Inc. v. City of Naperville, 2012 IL 113148, ¶ 36.* A section 2-619(a)(9) motion … was specifically based on subsection (a)(9), which permits dismissal where "the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2014); see also *Van Meter v. Darien Park District, 207 Ill.2d 359, 367, 278 Ill.Dec. 555, 799 N.E.2d 273 (2003).* The "affirmative matter" must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials. *Epstein v. Chicago Board of Education, 178 Ill.2d 370, 383, 227 Ill.Dec. 560, 687 N.E.2d 1042 (1997).* Facts and evidence must be viewed in the light most favorable to the nonmoving party. *Saxon Mortgage, Inc. v. United Financial Mortgage Corp., 312 Ill.App.3d 1098, 1104, 245 Ill.Dec. 455, 728 N.E.2d 537 (2000).* | Under a law permitting dismissal of claim when the claim is barred by other affirmative matter avoiding the legal effect of defeating the claim, the affirmative matter must be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials. S.H.A. 735 ILCS 5/2-619(a)(9). | Should the affirmative matter be apparent on the face of the complaint or supported by affidavits or evidence when the claim is barred by other affirmative matter avoiding the legal effect of defeating the claim? | 025383.docx | LEGALEASE 00157530 / LEGALEASE 00157531 | Condensed, SA, Sub | 0.76 | 0 | | | 1 | |
| 1625 | Vicinius v. Winans, 191 W. Va 228 | 307A+699 | We have recognized under the language of Rule 41(b), that when there is an inexplicable dismissal, a motion to reinstate must be made within three terms of the dismissal order accompanied by a showing of good cause. As we stated in *Syllabus Point 1 of Brent v. Board of Trustees of Davis & Elkins College, 173 W.Va. 36, 311 S.E.2d 153 (1983):* "Under W.Va.R.Civ.P. 41(b), in order to reinstate a cause of action which has been dismissed for failure to prosecute, the plaintiff must move for reinstatement within two terms of the entry of the dismissal order and must make a showing of good cause which adequately excuses his neglect in prosecution of the case." In syllabus point 3, we stated in *Dimon v. Mansy, 198 W.Va. 40, 479 S.E.2d 339 (1996)…* | To reinstate a cause of action which has been dismissed for failure to prosecute, plaintiff must move for reinstatement within three terms of the entry of a dismissal order? | To reinstate a cause of action which has been dismissed for failure to prosecute, should a plaintiff move for reinstatement within three times of an entry of a dismissal order? | 021557.docx | LEGALEASE 00158060 / LEGALEASE 00158061 | SA, Sub | 0.56 | | | | 1 | |
| 1626 | Provencher v. Buzzell-Plourde Assocs., 142 N.H. 848 | 307A+581 | Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleadings are sufficient to state a basis upon which relief may be granted. *Ocasio v. Federal Express Corp., 162 N.H. 47, 50-51 (2011).* In making this determination, the court would normally accept all facts pled by the plaintiff as true, construing them most favorably to the plaintiff. *Id.* When, however, the motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. *Jay Edwards, Inc. v. Baker, 130 N.H. 41, 44-45 (1987).* … | When motion to dismiss does not challenge the sufficiency of the plaintiff's legal claim but, instead, raises certain defenses, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. | How does the court determine whether plaintiff has sufficiently demonstrated his right to claim relief? | Pretrial Procedure - Memo # 11078 - C - 561.docx | LEGALEASE 00048565 / LEGALEASE 00048566 | SA, Sub | 0.73 | | | | 1 | |
| 1627 | Anthony v. Tidwell, 560 S.W.2d 908 | 307A+581 | The majority of the Court of Appeals held that an affirmative defense, such as the statute of frauds, may not be raised in a motion to dismiss for failure to state a claim upon which relief can be granted under T.R.C.v.P. 12.02(6), but may only be raised in the defendant's answer, or by subsequent motion supported by affidavits. In this the Court of Appeals was in error. A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim only when it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief… | Complaint is subject to dismissal for failure to state claim if affirmative defense clearly and unequivocally appear on the face of the complaint; it is not necessary for defendant to submit evidence in support of motion to dismiss when facts on which he relies to defeat plaintiff's claim are admitted by plaintiff in his complaint. Rules of Civil Procedure, rule 12.02(6). | Can a complaint be subject to dismissal if an affirmative defense clearly and unequivocally appear on the face of the complaint? | Pretrial Procedure - Memo # 11101 - C - DA_63737.docx | ROSS-003283097-ROSS-003283098 | SA, Sub | 0.5 | | | | 1 | |
| 1628 | Prado-mora v. Pluvio, 202 Ill. App. 3d 1024 | 307A+561.1 | If the only issue before the court is whether the complaint states a cause of action, then the court must "resolve the allegations contained in the complaint in favor of the plaintiff." *Panid Vitrual, 174 Ill.App.3d at 89, 123 Ill.Dec. 813, 528 N.E.2d 556.* In a motion brought under the third 1985, ch. 110, par. 2-615, the court must also consider whether the complaint should be dismissed because the defendant has brought forth facts which constitute an affirmative defense that would defeat the plaintiff's cause of action. | In motion to dismiss, court must also consider whether defendant has brought forth facts which constitute affirmative defense that could defeat plaintiff's cause of action. S.H.A. ch. 110, ¶ 2-619. | Should the court consider if defendant has brought forth facts which constitute affirmative defense that could defeat plaintiff's cause of action? | 019556.docx | LEGALEASE 00159239- / LEGALEASE 00159237 | SA, Sub | 0.66 | | | | 1 | |
| 1629 | In re Adoption of Jason K., 41 Misc. 3d 885 | 3H+150 | It has been observed that "[b]y including restrictions on intent in the definition of some nonimmigrant classes, Congress must have meant aliens to be barred from these classes if their real purpose in coming to the United States was to immigrate permanently. Moreover, since a nonimmigrant alien does not maintain the prescribed conditions attached to his status can be deported, it is also clear that Congress intended that, in the absence of an amendment of status … nonimmigrant and who has tried to maintain the nonimmigrant status in which he was admitted or adjustment would be deported" (6 USC 1158 [d][3][B][i] & [ii], as correctly amending the conditions of any such status, is deportable" (8 USC 1227 [a][1][G] [i]). | By including restrictions on intent in the definition of some nonimmigrant classes, Congress meant to bar aliens from these classes if their real purpose in coming to the United States was to immigrate permanently? | "Aliens, Immigration and Citizenship_Memo 111_96_QA73.docx" | ROSS-003312214-ROSS-003312215 | SA, Sub | 0.67 | | | | 1 | |

306

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1630 | Arizona v. United States, 567 U.S. 387 | 24+690 | The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens. See Toll v. Moreno, 458 U.S. 1, 10, 102 S.Ct. 2977, 73 L.Ed.2d 563 (1982); see generally S. Legomsky & C. Rodr"guez, Immigration and Refugee Law and Policy 115"132 (5th ed. 2009). This authority rests, in part, on the National Government's constitutional power to "establish an uniform Rule of Naturalization," Art. I, " 8, cl. 4, and its inherent power as sovereign to control and conduct relations with foreign nations, see Toll, supra, at 10, 102 S.Ct. 2977 (citing United States v. Curtiss"Wright Export Corp., 299 U.S. 304, 318, 57 S.Ct. 216, 81 L.Ed. 255 (1936)). | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the power of the government over the status of aliens rest on the federal governments power to control relations with foreign nations? | "Aliens, Immigration and Citizenship - Memo 128 - RK.docx" | LEGALEASE-00049046-LEGALEASE-00049047 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 1631 | League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 360+18.43 | The question of whether provisions of Proposition 187 are preempted by federal law is governed by the Supreme Court's decision in De Canas v. Bica, 424 U.S. 351, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976) (California statute prohibiting an employer from knowingly employing an alien who is not entitled to lawful residence in the United States held not preempted under federal law). In De Canas, the Supreme Court set forth three tests to be used in determining whether a state statute related to immigration is preempted. Pursuant to De Canas, if a statute fails any one of the three tests, it is preempted by federal law.Under the first test, the Court must determine whether a state statute is a "regulation of immigration." Since the "[p]ower to regulate immigration is unquestionably exclusively a federal power," id. at 354, 96 S.Ct. at 936, any state statute which regulates immigration is "constitutionally proscribed."Under the second test, even if the state law is not an impermissible regulation of immigration, it may still be preempted if there is a showing that it was the "clear and manifest purpose of Congress" to effect a "complete ouster of state power"including state power to promulgate laws not in conflict with federal laws" with respect to the subject matter which the statute attempts to regulate. Id. at 357, 96 S.Ct. at 937. In other words, under the second test, a statute is preempted where Congress intended to "occupy the field" which the statute attempts to regulate. Under the third test, a state law is preempted if it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."Id. at 363, 96 S.Ct. at 940 (citing Hines v. Davidowitz, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)). Stated differently, a statute is preempted under the third test if it conflicts with federal law making compliance with both state and federal law impossible. Michigan Canners & Freezers v. Agricultural Marketing and Bargaining Board, 467 U.S. 461, 469, 104 S.Ct. | Even if state law related to immigration is not impermissible regulation of immigration, it may still be preempted if there is showing that it was clear and manifest purpose of Congress to effect complete ouster of state power, including state power to promulgate laws not in conflict with federal laws with respect to subject matter which statute attempts to regulate; statute is preempted where Congress intended to occupy the field which statute attempts to regulate. | Are state statutes relating to immigration preempted by federal law? | "Aliens, Immigration and Citizenship - Memo 143 - RK.docx" | LEGALEASE-00049072-LEGALEASE-00049073 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 1632 | Hawkins v. Nat'l Collegiate Athletic Ass'n, 652 F. Supp. 602 | 78+1326(6) | Actions of National Collegiate Athletic Association, a voluntary association of public and private institutions, in imposing sanctions against university's men's basketball program, for infractions of NCAA's rules, did not constitute state action as required to state claim for due process and equal protection violations. declining to follow Howard University v. NCAA, 510 F.2d 213 (D.C.Cir.); Parish v. NCAA, 506 F.2d 1028 (5th Cir.); Associated Students, Inc. v. NCAA, 493 F.2d 1251 (9th Cir.); Buckton v. NCAA, 366 F.Supp. 1152 (Dist.Mass.); Jones v. NCAA, 392 F.Supp. 295 (Dist.Mass.); Louisiana High School Athletic Association v. St. Augustine High School, 396 F.2d 224 (5th Cir.); Wright v. Arkansas Activities Association, 501 F.2d 25 (8th Cir.); Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155 (5th Cir.). U.S.C.A. Const.Amend. 14. | Actions of National Collegiate Athletic Association, a voluntary association of public and private institutions, in imposing sanctions against university's men's basketball program, for infractions of NCAA's rules, did not constitute state action as required to state claim for due process and equal protection violations; declining to follow Howard University v. NCAA, 510 F.2d 213 (D.C.Cir.); Parish v. NCAA, 506 F.2d 1028 (5th Cir.); Associated Students, Inc. v. NCAA, 493 F.2d 1251 (9th Cir.); Buckton v. NCAA, 366 F.Supp. 1152 (Dist.Mass.); Jones v. NCAA, 392 F.Supp. 295 (Dist.Mass.); Louisiana High School Athletic Association v. St. Augustine High School, 396 F.2d 224 (5th Cir.); Wright v. Arkansas Activities Association, 501 F.2d 25 (8th Cir.); Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155 (5th Cir.). U.S.C.A. Const.Amend. 14. | Can the National Collegiate Athletic Association impose sanctions against a university? | 017122.docx | LEGALEASE-00159717-LEGALEASE-00159719 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 1633 | Sturgess v. Zelman, 15 Misc. 3d 487 | 307A+697 | To restore a matter to the trial calendar pursuant to CPLR " 3404, after a year has passed from it being marked off, a plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. Basetti v. Nour, 287 A.D.2d 126, 731 N.Y.S.2d 35 (2nd Dept.2001); Neidereger v. Hidden Park Apartments, Inc., 306 A.D.2d 392, 760 N.Y.S.2d 892 (2nd Dept.2003). In this instance counsel for plaintiff has failed to make the requisite showing of merit. | To restore a matter to the trial calendar, after a year has passed from it being marked off, a plaintiff must demonstrate: (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon; and (4) lack or prejudice to the opposing party. McKinney's CPLR 3404. | "To restore a matter to the trial calendar, after a year has passed from it being marked off, what should a plaintiff demonstrate?" | 039762.docx | LEGALEASE-00159319-LEGALEASE-00159320 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 1634 | Etter v. Cty. of Nassau, 261 A.D.2d 571 | 307A+697 | On September 20, 1994, this case was marked off the trial calendar upon agreement by the parties. One year later, pursuant to CPLR 3404, the action was deemed abandoned and automatically dismissed (see, Rosser v. Scacalossi, 140 A.D.2d 318, 527 N.Y.S.2d 552). By notice of motion dated January 27, 1998, the plaintiffs sought to restore the action to the calendar. Actions which are deemed abandoned and which are automatically dismissed pursuant to CPLR 3404 may not be restored to the calendar unless the plaintiff produces evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merit of the underlying cause of action, and (3) shows that the defendants have not been prejudiced (Escobar v. Deepdale Gen. Hosp., 172 A.D.2d 486, 567 N.Y.S.2d 842; Hillegass v. Duffy, 148 A.D.2d 677, 539 N.Y.S.2d 426). | Actions which are deemed abandoned and which are automatically dismissed may not be restored to the calendar unless the plaintiff produces evidence which (1) rebuts the presumption of abandonment, (2) demonstrates the merit of the underlying cause of action, and (3) shows that the defendants have not been prejudiced. McKinney's CPLR 3404. | Can actions which are deemed abandoned and which are automatically dismissed not be restored to the calendar unless the plaintiff produces evidence? | 039805.docx | LEGALEASE-00159513-LEGALEASE-00159514 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order (839) | Condensed (15,944) | Substantive Additions (14,873) | Selection & Arrangement (21,876) | Multiple Differences (9,079) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1635 | Muhammad v. Manhattan Payment Ctr., 251 A.D.2d 228 | 307A+697 | A case that has been marked off or stricken from the calendar and that has not been restored within one year is deemed abandoned (see CPLR 3404 [Syndicate Bldg. Corp. v. Lorber, 193 A.D.2d 506, 507, 597 N.Y.S.2d 372]. However, the action may be restored where the moving party demonstrates a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party, and a lack of intent to abandon the action (id.; Todd Co. v. Birnbaum, 182 A.D.2d 505, 582 N.Y.S.2d 614). Each of these requirements was satisfied by plaintiff's second motion for restoration. … the four failures may constitute a reasonable excuse for the delay in restoring an action (see, Rueger Fabrics Corp. v. United States Laminating Corp., 172 A.D.2d 660, 568 N.Y.S.2d 1274, cf. Rodriguez v. Mericton Chemical Co., 228 A.D.2d 319, 644 N.Y.S.2d 228, and see first court's excuses credible even although he did not appear at one occasion, he submitted paper on both motions, and by plaintiff has satisfactorily demonstrated that defendant will not be prejudiced by restoration. | Action which has been deemed abandoned as a result of having been marked off or stricken form a calendar thereafter be restored? | Pretrial Procedure - Memo 1321 - C - SJ_64416.docx | ROSS-003279924 ROSS-003279925 | SA_Sub | 0.71 | 0 |  |  | 1 |  |
| 1636 | Samara v. Hartwick, 698 A.2d 71 | 307A+697 | Once a case has been terminated pursuant to a local rule enacted pursuant to Pa.R.J.A. 1901, the burden lies with the aggrieved party to demonstrate that there is "good cause" for reactivating the case. In order to successfully set aside the termination of an action, the aggrieved party must demonstrate that: (1) the petition for reactivation was timely filed, (2) a reasonable explanation exists for the docket inactivity, and (3) facts exist supporting a meritorious cause of action. Cleger, 619 Pa. Super. at 12/2-5, 620 A.2d 510. Applying this test to the facts of the instant case, we cannot conclude … the trial court that the Samaras met their burden and, thus, were deserving of reactivation. Accordingly, we reverse the trial court's 1993 order granting said petition. | To successfully set aside termination of action, aggrieved party must demonstrate that: (1) the motion to reactivate was timely filed, (2) reasonable explanation exists for docket inactivity, and facts exist supporting a meritorious cause of action. Pa.R.J.A. No. 1901. | To successfully set aside termination of action, should an aggrieved party demonstrate that a petition for reactivation was timely filed? | Pretrial Procedure - Memo 1321 - C - SJ_64416.docx | ROSS-003281377-ROSS-003281378 | SA_Sub | 0.67 | 0 |  |  | 1 |  |
| 1637 | Litton Lighting v. Platinum Technology, 2 So.3d 366 | 307A+474 | A trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings. See Kerrigan v. Kansas & McLeod v. State, 711 So.2d 1246, 1249 (Fla. 4th DCA 1998). Where a trial judge sua sponte dismisses a cause of action not pleaded, the trial judge deems the parties are precluded because the action is being dismissed without notice and an opportunity for the parties and counsel to be heard." Id. | A trial judge may not sua sponte dismiss an action based on affirmative defenses not raised by proper pleadings, where a trial judge does dismisses a cause of action sua sponte not pleaded, the trial judge deems the parties are precluded because the action is being dismissed without notice and an opportunity for the parties and counsel to be heard. U.S.C.A. Const.Amend. 14. | Can a judge dismiss an action based on affirmative defenses not raised? | 039911.docx | LEGALEASE-00195951-00195952 | SA_Sub | 0.16 | 0 |  |  | 1 |  |
| 1638 | State v. Wilson, 127 N.C. App. 219 | 135H+15 | Further, should a particular civil penalty "bear[ ] no rational relation to the goal of compensating the Government for its loss," then the defendant is entitled to an accounting of the Government's damages and costs to enable the trial court to correct the disparity. Id. at 448-49 … see also, People v. Michael, 48 N.Y.2d 1, 9, 420 N.Y.S.2d 371, 394 N.E.2d 1134. | Should particular civil penalty bear no rational relation to goal of compensating government for its loss, then defendant's entitled to accounting of government's damages and costs to enable trial court to correct disparity, in accordance with double jeopardy provisions. U.S.C.A. Const.Amend.5. | Should a particular civil penalty bear no rational relation to a goal of compensating a government for its loss? | Double Jeopardy - Memo 22 - C - SU_61522.docx | ROSS-003179718-ROSS-003179719 | SA_Sub | 0.08 | 0 |  |  | 1 |  |
| 1639 | People v. Nusslein, 220 A.D.3d 461 | 135H+95.1 | It is well settled that "where a mistrial is ordered without a defendant's consent, double jeopardy provisions of both the State and Federal Constitutions prohibit retrial for the same crime unless there is a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated" (Matter v. New York, 42 U.S. 61, 96 S.Ct 241, 145 L.Ed.2d 195). Where a court declares a mistrial without obtaining the defendant's consent, the double jeopardy provisions of the State and Federal Constitutions prohibit retrial for the same crime unless "there is manifest necessity for the mistrial, or the ends of public justice would otherwise be defeated" (United States v. Perez, supra, at 580, 6 L.Ed. 165; see also, People v. Michael, 48 N.Y.2d 1, 9, 420 N.Y.S.2d 371, 394 N.E.2d 1134). | When court declares mistrial without obtaining defendant's consent, double jeopardy provisions of state and federal constitutions prohibit retrial for same crime unless there is manifest necessity for the mistrial, or ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend.5. | Can a mistrial then a mistrial present in court of double jeopardy unless the mistrial is based in reason of manifest necessity or unless the defendant consented or requested a mistrial? | 015999.docx | LEGALEASE-00160777- LEGALEASE-00160778 | SA_Sub | 0.5 | 0 |  |  | 1 |  |
| 1640 | Antonio E. v. Birch Mountain, 76 A.D.3d 832 | 141E+58(3.1) | "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v. City of New York, 84 N.Y.2d 44, 614 N.Y.S.2d 372, 637 N.E.2d 263). Where a court declares a mistrial without obtaining the defendant's consent, a plaintiff must demonstrate that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused the injury; that is, that the third-party act could reasonably have been anticipated" (id. at 49, 614 N.Y.S.2d 372, 637 N.E.2d 263). … "An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act." | Injury caused by impulsive, unanticipated act of fellow student ordinarily will not give rise to finding of negligence based upon breach of duty to supervise students where actor conduct that would have prevented person-on-motion to protect against injury-causing act. | Will an injury caused by the impulsive, unanticipated act of a fellow student ordinarily give rise to a finding of negligence? | Education - Memo 346 - C - KS_61504.docx | ROSS-003201504-ROSS-003201506 | SA_Sub | 0.78 | 0 |  |  | 1 |  |
| 1641 | Montanaro v. Aspetuck Land Tr., 137 Conn. App. 1 | 200+5 | We begin by reviewing our contemporary law of highway establishment and their historical counterparts. Highways are established by one of the following four methods: '(1) through the direct action of the legislature, (2) through authorized proceedings involving an application to a court, (3) through authorized proceedings by agents appointed for that purpose, such as selectmen of towns and specified authorities of cities and boroughs, (4) through private dedication of land for that purpose and its acceptance by the public.'" Makuch v. Waterbury, 74 Conn. 360, 361, 50 A. 876 (1901); see also R. Fuller, 9B Connecticut Practice Series: Land Use Law and Practice (3d Ed.2007) § 49.1, pp. 979d. Only the latter two methods are relevant to this appeal. | Highways are established by one of the following four methods: (1) through the direct action of the legislature, (2) through authorized proceedings involving an application to a court, (3) through authorized proceedings by agents appointed for that purpose, such as selectmen of towns and specified authorities of cities and boroughs, (4) through private dedication of land for that purpose and its acceptance by the public? | Can a public highway be established through private dedication of land and its acceptance by the public? | Highways - Memo 470 - RK_66370.docx | ROSS-003319695-ROSS-003319696 | SA_Sub | 0.45 | 0 |  |  | 1 |  |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1642 | Clark v. Yarbrough, 900 S.W.2d 406 | 307A+699 | The reinstatement provisions of Rule 165a(3) apply only to dismissals for failure to appear at trial or a hearing. Id. at 901"03. Whether the party's conduct was intentional or the result of conscious indifference is a question of fact to be determined by the trial court in its discretion. Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730, 733 (Tex.App."Dallas 1985, no writ). Once the finding is made, the rule's language is mandatory. Id. A trial court's denial of a reinstatement motion is addressed to the sound discretion of the trial court, and a reviewing court will not disturb it absent a showing of abuse. Levermann v. Cartall, 715 S.W.2d 728, 729 (Tex.App."Texarkana 1986, writ ref'd n.r.e.). | In reinstatement hearing, after dismissal for failure to prosecute, question of whether party's conduct was intentional or a result of conscious indifference is question of fact to be determined by trial court in its discretion but once finding is made, rule's language is mandatory. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | "After dismissal for failure to prosecute, is the question of whether a party's conduct was intentional or a result of conscious indifference a question of fact to be determined by a trial court?" | 039970.docx | LEGALEASE-00160821-LEGALEASE-00160822 | Condensed, SA, Sub | 0.52 | 0 | 1 | 1 | 1 | 1 |
| 1643 | Burton v. Hoffman, 959 S.W.2d 351 | 307A+697 | Based on the language of the point of error, we assume that Burton is arguing that the trial court should have applied the reinstatement standard set forth in Rule 165a(3) when deciding whether to reinstate the case. According to this rule, the court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure had been otherwise reasonably explained. See Tex.R. Civ. P. 165a(3). We are inclined to follow this approach. Since we previously have concluded that Burton's case was dismissed for want of prosecution due to failure to proceed, the reinstatement provision of 165a(3) pertaining to cases dismissed for failure to appear does not apply. | Rule requiring court to reinstate dismissed case upon finding after hearing that failure of party or his attorney was not intentional or result of conscious indifference but was due to accident or mistake or that failure had been otherwise reasonably explained applies only to dismissals for failure to appear at trial or other hearing and does not apply to cases dismissed for failure to proceed. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | Shall a court reinstate a dismissed case upon a finding after hearing that failure of party or his attorney was not intentional or result of conscious indifference? | 040043.docx | LEGALEASE-00161475-LEGALEASE-00161476 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 1644 | Vasquez v. Gomez, 7 Misc. 3d 958 | 307A+697 | Since all parties are operating under the mis-impression that CPLR " 3404 governs the scenario herein, rather than Uniform Rules of the Trial Courts, 22 NYCRR " 202.21(f), it bears noting their differences. Automatic dismissal under CPLR " 3404, however, is not irrevocable. Courts have long treated CPLR " 3404 as creating a mere presumption of abandonment. See Marco v. Sachs, 10 N.Y.2d 542, 226 N.Y.S.2d 353, 181 N.E.2d 392 (1962). Even after the dismissal that occurs upon the passage of one year, the plaintiff may move to vacate the dismissal and restore the case to the calendar by demonstrating a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the defendant and the absence of intent to abandon the action (i.e., a showing of ongoing litigation activity). | Automatic dismissal of case deemed abandoned under rule is not irrevocable, and even after the dismissal that occurs upon the passage of one year, plaintiff may move to vacate the dismissal and restore the case to the calendar by demonstrating a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to defendant, and the absence of intent to abandon the action. McKinney's CPLR 3404. | "To restore a case to calendar, should a plaintiff establish a meritorious cause of action?" | Pretrial Procedure - Memo 11487 - C - KI_65585.docx | ROSS-003308807-ROSS-003308808 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 1645 | Todd v. Thrifty Corp., 34 Cal. App. 4th 986 | 307A+697 | The second portion of section 473, concerning the attorney affidavit of fault, is mandatory in nature: "When a default [or dismissal] is the attorney's fault the court must grant a timely noticed motion for relief. The only limitation is when the court finds [that] the default [or dismissal] was not in fact the attorney's fault, for example when the attorney is simply covering up for the client." ( Rogalski v. Nabers Cadillac (1992) 11 Cal.App.4th 816, 821, 14 Cal.Rptr.2d 286, citation omitted.) Thus, "[t]he court must also find that the default [or dismissal] was actually caused by the attorney's mistake, inadvertence, surprise, or neglect." (Billings v. Health Plan of America (1990) 225 Cal.App.3d 250, 256, 275 Cal.Rptr. 80, citation omitted.) | Under statute authorizing relief from judgment or dismissal, provision concerning attorney affidavit of fault is mandatory in nature, such that when default or dismissal is attorney's fault, court must grant timely noticed motion for relief, unless court finds that default or dismissal was not in fact attorney's fault, for example if attorney is simply covering up for client. West's Ann.Cal.C.C.P. S 473. | "Under statute authorizing relief from judgment or dismissal, is a provision concerning attorney affidavit of fault mandatory in nature?" | 040076.docx | LEGALEASE-00160696-LEGALEASE-00160697 | Condensed, SA, Sub | 0.46 | 0 | 1 | 1 | 1 | 1 |
| 1646 | Jeffs v. Janessa, 226 A.D.2d 504 | 307A+697 | "A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar" (Civello v. Grossman, 192 A.D.2d 636, 596 N.Y.S.2d 464; see also, Lee v. Chion, 213 A.D.2d 602, 623 N.Y.S.2d 927). | Party seeking to restore case to trial calendar after if has been dismissed as abandoned must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar. McKinney's CPLR 3404. | "Should a party seeking to restore a matter to a trial calendar after it has been dismissed as abandoned show, inter alia, a reasonable excuse for any delay?" | Pretrial Procedure - Memo 11509 - C - DA_65327.docx | ROSS-003279283-ROSS-003279284 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 1647 | S.E.C. v. Jackson, 908 F. Supp. 2d 834 | 170A+1838 | The Federal Rules of Civil Procedure provide that "leave (to amend the complaint) shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "[G]ranting leave to amend is especially appropriate ... when the trial court has dismissed the complaint for failure to state a claim." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir.2002) (citation omitted). The Court should generally "afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." Id. | District court should generally afford plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case for failure to state a claim, unless it is clear that the defects are incurable or plaintiff advises the court that he is unwilling or unable to amend in a manner that will avoid dismissal. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.; Rule 15(a), 28 U.S.C.App.(2006 Ed.) | Should a court generally afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing the case? | Pretrial Procedure - Memo 11526 - C - NS_65341.docx | ROSS-003282191-ROSS-003282192 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |
| 1648 | Harper Companies v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., 656 So. 2d 627 | 307A+690 | We also agree that the trial court was correct in dismissing count one. However, we find that the trial court abused its discretion in dismissing the claims with prejudice. It is well-settled that where a party may be able to allege additional facts to support its cause of action or even to support another cause of action based on a different legal theory, dismissal with prejudice is an abuse of discretion. See generally, Kovach v. McLellan, 564 So.2d 274 (Fla. 5th DCA 1990); Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984). Based on the allegations contained in the second amended complaint, appellants should have been given another opportunity to attempt to state a properly cognizable cause of action. We note that appellants' factual allegations sound more in abuse of process than wrongful execution"a comment we make more for the benefit of the trial judge than appellants. | When party may be able to allege additional facts to support its cause of action or even to support another cause of action based on different legal theory, dismissal with prejudice is abuse of discretion. | Can a dismissal with prejudice constitute an abuse of discretion where a party can be able to plead additional facts to support its cause of action or support another cause of action under a different legal theory? | Pretrial Procedure - Memo 11557 - C - NC_65808.docx | ROSS-003281880-ROSS-003281881 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1649 | In re Gen. Motors Corp., 296 S.W.3d 813 | 307k>583 | We are unpersuaded by Landman's argument that the district court had power to dismiss them for want of prosecution. Every court has power, in the absence of statutory prohibitions, to dismiss a suit for want of prosecution. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957) … A court power to dismiss for want of prosecution arises from two sources: (1) rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999). A trial court may dismiss under rule 165a when a party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or when a case is not disposed within the time standards promulgated by the supreme court. Tex.R. Civ. P. 165a (1), (2). Additionally, common-law vests the trial court with inherent power, independent of the rules of procedure, to move to dismiss by dismissing cases that are not prosecuted with due diligence. Villarreal, 994 S.W.2d at 630; Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex.1980). | Common law vests the trial court with inherent power, independent of the rules of procedure, to move to dismiss by dismissing cases that are not prosecuted with due diligence. | Does common law vest the trial court with inherent power, independent of the rules of procedure, to move to dismiss by dismissing cases that are not prosecuted with due diligence? | Pretrial Procedure - Memo 1173 - C - NE_4543d.docx | ROSS-003292183-ROSS-003292182 | SA, Sub | 0.85 | | | | 1 | |
| 1650 | People v. Shawn, 107 P.3d 3 1033 | 377X>10 | In determining whether the defendant knowingly placed or attempted to place another person in fear of imminent serious bodily injury, the proper focus is on the intent and conduct of the actor, not of the victim. The prosecution need only prove the defendant's conduct was such that his or her conduct was practically certain to cause fear. People v. Dist. Court, 926 P.2d 567 (Colo. 1996); People v. Saltray, 969 P.2d 729 (Colo App.1998). | In determining whether the defendant knowingly placed or attempted to place another person in fear of imminent serious bodily injury, the proper focus is on the intent and conduct of the actor, not of the victim. The prosecution need only prove the defendant was aware that his or her conduct was practically certain to cause fear. West's C.R.S.A. § 18-3-206(1). | What should the proper focus be in determining whether the defendant knowingly placed or attempted to place another person in fear of imminent serious bodily injury? | Threats, Stalking and Harassment - Memo 203 - C - LB_65908.docx | ROSS-003283010 | SA, Sub | 0.06 | | | | 1 | |
| 1651 | Prear v. State, 933 S.W.2d 641 | 135H>25 | To determine if forfeiture is punitive for double jeopardy purposes, the court's inquiry is two-fold: whether the legislature intended proceedings under the forfeiture statute to be criminal or civil, and (2) whether the proceedings are so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent; question of whether forfeiture is civil or criminal therefore starts in one of statutory construction. U.S.C.A. Const. Amend. 5. | To determine if forfeiture is punitive for double jeopardy purposes, court's inquiry is two-fold: whether legislature intended proceedings under the forfeiture statute to be criminal or civil, and whether proceedings are so punitive in fact as to persuade court that forfeiture may not legitimately be viewed as civil in nature, despite legislative intent; question of whether forfeiture is civil or criminal therefore starts in one of statutory construction. U.S.C.A. Const.Amend. 5. | To determine if forfeiture is punitive for double jeopardy purposes, is in court inquiry two fold? | Double Jeopardy - Memo 331 - C - NS_6572d.docx | ROSS-003185766 | SA, Sub | 0.28 | | | | 1 | |
| 1652 | George v. State, 2017 WL 2806281 | 135H>95.1 | In Vasquez, the Amarillo Court held that while Bauder dealt with prosecutorial misconduct, the same rule applies to judicial misconduct. Id. It stated initially, the judge's error may rise to the level of misconduct has been pursued in determining whether the mistrial incurred bar to further prosecution. Id. So, a judge, like a prosecutor, may at the primary consideration before Bauder, there is no reason to change that focus post-Bauder. Accordingly, we held that further prosecution is barred by double jeopardy when a judge commits incurable error and does so with the intent to cause mistrial or with knowledge that it was likely that likelihood. 342 S.W.3d at 90, 91 Texas Const. Art. 1, § 14. … (Tex.App.'Fort Worth 1994, pet. ref'd). In LaFleur, the court addressed whether the judge intended to cause the mistrial or acted with knowledge that the mistrial was not likely. So, given that the menu rea of the judge was the primary consideration before Bauder, there is no reason to change that focus post-Bauder. Accordingly, we held that further prosecution is barred by double jeopardy when a judge commits incurable error and does so with the intent to cause mistrial or with knowledge that it was likely but nonetheless consciously disregards that likelihood. | Further prosecution is barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that it was likely that likelihood. U.S.C.A. Const. Amend. 5; Vernon's Ann.Texas Const. Art. 1, § 14. | Is further prosecution barred by double jeopardy when a judge commits incurable error and does so with the intent to cause a mistrial or with knowledge that it was not likely but nonetheless consciously disregards that likelihood? | 05464.docx | LEGALEASE-00162542-LEGALEASE-00162563 | SA, Sub | 0.68 | | | | 1 | |
| 1653 | Davis v. D.C., 244 F. Supp. 3d 1 | 1481>862 | To meet its substantive obligation under the IDEA to provide personalized special education with sufficient support services to permit a child to benefit educationally from that instruction, a school must offer an individual education plan (IEP) reasonably calculated to enable the child to make progress appropriate in light of the child's circumstances. Individuals with Disabilities Education Act 601, 20 U.S.C.A. § 1400(d)(1)(A). … "To meet [its] substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." … , 137 S.Ct. 988, 2017 WL 1066292. "[I]f the child is being educated in the regular classrooms of the public education system, [the IEP] should be reasonably calculated to enable the child to achieve passing marks and advance from grade to grade." Rowley, 458 U.S. at 204, 102 S.Ct. 3034. | To meet its substantive obligation under the IDEA to provide personalized special education with sufficient support services to permit a child to benefit educationally from that instruction, a school must offer an individualized education plan (IEP) reasonably calculated to enable the child to make progress appropriate in light of the child's circumstances. Individuals with Disabilities Education Act § 601, 20 U.S.C.A. § 1400(d)(1). | Are school districts required to create an individualized education plan for disabled students under IDEA? | 07218.docx | LEGALEASE-00162890-LEGALEASE-00162892 | SA, Sub | 0.54 | | | | 1 | |
| 1654 | Frew v. Vermont Asbestos Grp, 760 A.2d 1035 | 307A>695 | Mansah does not claim (either in the proceeding below or on appeal) that there was a basis to amend, but that, on a motion to dismiss, the plaintiff's second motion to amend the first count's sole basis for denying plaintiff's second motion is misguided. The trial court's sole basis for denying the amendment, since even the second amended complaint could not survive a motion to dismiss. But this only way to know whether the amended complaint would survive any defendant's motion to dismiss. As we stated in Colby, even when a plaintiff "has omitted essential elements" from the original complaint, "the rules allow a plaintiff to plead over and require the court to take the allegations as true on a motion to dismiss." | Even when a plaintiff has omitted essential elements from the original complaint, the rules allow a plaintiff to plead over and require the court to take the allegations as true on a motion to dismiss. Rules Civ.Proc., Rule 15(a). | Even when a plaintiff has omitted essential elements from the original complaint, do the rules allow a plaintiff to plead over and the court to take the allegations as true on a motion to dismiss? | Pretrial Procedure - Memo 187 - BP_65987.docx | ROSS-003791037-ROSS-003791038 | Condensed, SA | 0.69 | | 0 | | 0 | 0 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1665 | Riddle v. Burncrete Pty. Bd. of Educ., 805 S.E.2d 757 | 307A.622 | A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the complaint. In ruling on such a motion, the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." Stanback v. Stanback, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). Disregard … | A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint; in ruling on such a motion, the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. N.C. R. Civ. P. 12(b)(6). | On what basis should the court determine as a matter of law whether the allegations state a claim for which relief may be granted? | 040635.docx | LEGALEASE 00162300-LEGALEASE 00162301 | Condensed, SA, Sub | 0.52 | 0 | 1 | 1 | 1 | 1 |
| 1666 | San Diego Gas & Elec. Co. v. San Diego Cty. Air Pollution Control Dist., 203 Cal. App. 3d 1132 | 371×2162 | As stated in Beaumont Investors v. Beaumont 'Cherry Valley Water Dist. (1985) 165 Cal.App.3d 227, 235, 211 Cal.Rptr. 567, to show a regulatory fee and not a special tax, the government should prove (1) the estimated cost of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. | To show a fee is regulatory fee and not a special tax within purview of Proposition 13, providing that cities, counties, and special districts, by two-thirds vote of qualified electorates, may impose special taxes, government should prove estimated costs of service or regulatory activity and basis for determining manner in which costs are apportioned so that charges allocated to payee bear fair or reasonable relationship to payees' burdens on or benefits from regulatory activity. West's Ann. Cal. Const. Art 13A, § 4. | To show a fee is regulatory, does the government have to prove the estimated costs of the service or regulatory activity? | Taxation - Memo 100-C - LL_64475.docx | ROSS-003294783-ROSS-003294784 | Condensed, SA, Sub | 0.05 | | 1 | 1 | 1 | 1 |
| 1657 | Wise v. Shinseki, 26 Vet. App. 517 | 34×101.1 | This "unique" standard of proof is lower than any other in contemporary American jurisprudence and reflects "the high esteem in which our system holds those who have served in the Armed Services." Gilbert, 1 Vet.App. at 54; see Hodges v. Shinseki, 544 U.S. 1175 (2011)… | By requiring only an approximate balance of positive and negative evidence to prove any issue material to a claim for veterans benefits, the nation, in recognition of its debt to veterans, has taken upon itself the risk of error in awarding such benefits. 38 U.S.C.A. § 5107(b). | Does requiring only an approximate balance of positive and negative evidence to prove any issue material to a claim for veterans benefits? | Armed Services - Memo 347 - RK_66451.docx | ROSS-003292031-ROSS-003292034 | Order, SA, Sub | 0.78 | 1 | | | | 1 |
| 1658 | U.S. v. Jackson, 904 F. Supp. 118 | 135H×25 | Criminal and civil forfeiture proceedings, based upon the same acts, may, of course, subject a defendant to double jeopardy. See United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir.1994)… | Criminal and civil forfeiture proceedings which are based upon same acts may subject defendant to double jeopardy; to attach criminal conviction under double jeopardy clause, petitioner bears burden of demonstrating that jeopardy attached in civil forfeiture process before he entered guilty plea in criminal action. U.S.C.A. Const.Amend. 5. | Can criminal and civil forfeiture proceedings based on the same acts place defendant in double jeopardy? | 011581.docx | LEGALEASE 00163617-LEGALEASE 00163618 | SA, Sub | 0.53 | | | 1 | 1 | |
| 1659 | Conner v. Desmeau, 374 F. Supp. 504 | 135H×35.1 | In its review of decisions involving double jeopardy, Illinois v. Somerville, 378 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425, the Supreme Court held that a trial judge has a broad discretion to determine what factual situations merit a mistrial… | In reviewing a trial court's declaration of mistrial, court must look at a possibility of manipulation inherent in a procedure complained of? | In reviewing a trial court's declaration of mistrial, court must look at possibility of manipulation inherent in a procedure complained of? | Double Jeopardy - Memo 438 - C - BP_67009.docx | ROSS-002978374-ROSS-002978573 | SA, Sub | 0.66 | 0 | | | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 1660 | Johnson v. Bollinger, 356 S.E.2d 378 | 307A+622 | By motion under Rule 12(b)(6), defendants may test the defense that plaintiff's complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is proper where an inadequacy of the following three conditions is satisfied: (1) when on its face the complaint reveals no law to support plaintiff's claim; (2) when on its face the complaint reveals the absence of facts sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim. Dismissal under Rule 12(b)(6) is proper when an "insurmountable bar" to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim. Presnell v. Pell, 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979). More important, plaintiff's complaint should raise no adequate and clear of Ashbrooke... the following three conditions is satisfied to state relief under any state of facts which could be presented in support of the claim. Id. As our Supreme Court stated in Justice v. Stat of Ashbrooke, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985), "the allegations of the complaint, when sufficient to state a claim, require a liberal construction of complaints so that they fail to survive a motion to dismiss." Pursuant to a Rule 12(b)(6) motion, well-pleaded allegations are treated as true. Smith v. Ford Motor Co., 289 N.C. 71, 80, 221 S.E.2d 282, 290 (1976). Under Rule 12(b)(6), unless matters outside the pleadings are presented such that the court treats the motion as one for summary judgment under N.C.R.Civ.P. 56, the motion does not govern the merits of the action, but only whether the merits may be reached. See Concrete Service Corp. v. Investors Group, Inc., 79 N.C.App. 678, 681, 340 S.E.2d 755, cert. denied, 317 N.C. 333, 346 S.E.2d 137 (1986). "[I]n ruling on a motion to dismiss a complaint, the trial court must either accept or reject the allegations..." | Dismissal of complaint is proper when one or more of following three conditions is satisfied: when on its face complaint reveals no law to support plaintiff's claim, when on its face complaint reveals absence of facts sufficient to make good claim, and when some fact disclosed in complaint necessarily defeats plaintiff's claim, thus, complaint is deemed sufficient if no insurmountable bar to recovery appears on face of complaint and complaint's allegations give adequate notice of nature and extent of claim. Rules Civ.Proc., Rule 12(b)(6), G.S. § 1A-1. | Is a complaint sufficient if it has an insurmountable bar to recovery appears on its face and its allegations give adequate notice of nature and extent of claim? | 02 0915.docx | LEGALEASE-00010011 - LEGALEASE-00010012 | SA, Sub | 0.73 | | 1 | | 1 | |
| 1661 | Miramar Petroleum v. Cimarron Eng'g, 84 S.W.3d 214 | 307A+622 | Instead, section 15.002(i) requires that "the certificate of merit be filed with the first filed petition in which the party is first named as a party." Because we hold that the certificate of merit requirement is subject to the statute. Therefore, because it was filed after the first filed petition in which the prejudice and "includes a certification of merit with the first filed petition in that action, then the plaintiff does not comply with the statute." Id. at 77 (emphasis added) (excepting that the legal effect of a dismissal without prejudice places the parties in "the position that they never been brought"), but see Bourgion Engineering, Ltd. v. Federal Energy, L.L.C., 456 S.W.3d 38 (Tex. App.—San Antonio 2014, pet. filed) (holding that a trial court has no discretion to dismiss a case without prejudice unless the exception found in 150.002(i) applied) | When a plaintiff files a new action arising out of the provision of professional services other than a dismissal without prejudice for failure to file a certificate of merit, and includes a certificate of merit with the first filed failure to file a certificate of merit, the the plaintiff complied with the plain language of the statute? | Pretrial Procedure - Memo 19301 - C - SHB_37017.docx | ROSS-003029573-ROSS-003029574 | Condensed, SA, Sub | 0.64 | 0 | | | 1 | |
| 1662 | MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942 | 25+143(1) | Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause "must rely on the terms of the written agreement in asserting [its] claims" against the nonsignatory. Sunkist Soft Drinks, 10 F.3d at 757. When each of a signatory's claims against a nonsignatory "makes reference to" or "presumes the existence of" the written agreement, the signatory's claims "aris[e] out of and relat[e] directly to the [written] agreement," and arbitration is appropriate. Id. at 758; Second, "application of equitable estoppel is warranted...when the signatory [to the contract] raises allegations of...substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." Boyd, 980 S.2d at 830. Otherwise, "the arbitration proceedings [between the two signatories] would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." Sam Reyfield & Son Import Co. v. S.A. Elecio, 530 F.2d 679, 681 (5th Cir.1976). Accordingly, we must scrutinize the nature of Franklin's claims against MS Dealer to determine whether those claims fall within the scope of the arbitration clause contained in the [buyers Order]." | Equitable estoppel allows a nonsignatory to a written agreement containing an arbitration clause to compel arbitration (A) when the signatory to the written agreement must rely on terms of the written agreement in asserting its claims against the nonsignatory and, when the signatory to the written agreement raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract? 9 U.S.C.A. § 1 et seq. | What are the circumstances in which equitable estoppel allows a nonsignatory to compel arbitration? | 000604.docx | LEGALEASE-00164997 - LEGALEASE-00164998 | SA, Sub | 0.62 | 0 | | | 1 | |
| 1663 | United States v. Hardwell, 80 F.3d 1471 | 110H+30 | We first reject Davis's' argument that his status as the co-juror from the January 1993 trials in Utah constitutes punishment. In that the prosecution of this cocaine-use of related criminal conduct to enhance a defendant's sentence for a separate crime does not constitute punishment for that conduct within the meaning of double jeopardy clause. Witte v. United States, 515 U.S. 389, *****-***, 115 S.Ct. 2199, 2204 07, 132 | Use of evidence of related criminal conduct to enhance defendant's sentence for a separate crime does not constitute punishment for that conduct within meaning of double jeopardy clause. U.S.C.A. Const.Amend. 5. | Does use of evidence of related criminal conduct to enhance defendant's sentence for a separate crime constitute punishment for that conduct within the meaning of double jeopardy clause? | Double Jeopardy - Memo 2230 - C - SB_47552.docx | ROSS-003308317-ROSS-003308328 | Condensed, SA, Sub | 0.58 | 0 | | | 1 | |
| 1664 | Doe v. Wilson Cty. Sch. Sys., 564 F. Supp. 2d 766 | 141E+724 | Inclusion of brief two-minute nativity scene as conclusion of twenty-two minute mostly secular elementary school Christmas program did not violate Establishment Clause; nativity scene was presented in patient, unbiased and objective manner to present traditional historical, cultural and religious meaning of the holiday in America. U.S.C.A. Const.Amend. 1. In this case, in the main secular portion of the Christmas program, students assumed roles with costumes and special clothing, including members of the chorus, the readers, soloist, ballerinas, toy soldier, Santa Clause, Jack in the box, teddy bear, reindeer, Rudolph, and a kitchen. | Inclusion of brief two-minute nativity scene as conclusion of twenty-two minute mostly secular elementary school Christmas program did not violate Establishment Clause; nativity scene was presented in patient, unbiased and objective manner to present traditional historical, cultural and religious meaning of the holiday in America. U.S.C.A. Const.Amend. 1. | Can schools engage in holiday celebration without violating the Establishment Clause? | 017011.docx | LEGALEASE-00164351 - LEGALEASE-00164352 | Condensed, SA, Sub | 0.45 | | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1665 | Shireff v. Missouri Edison Co., 53 S.W.2d 446 | 307A+563 | Rule 67.02 authorizes a defendant to move for dismissal of an action against him on the ground of failure on the part of the plaintiff to prosecute such action. In addition, it is well settled that courts have inherent authority, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence. The rule is stated in Lingo v. Lemay Bank & Trust Co., 386 S.W.2d 898, 399 (Mo.1965), as follows: "The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused [City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65, 66(2); Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1236(1), (4); Holland v. Cunliff, 96 Mo.App. 67, 69 S.W.2d 737." | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss a case for failure to prosecute with due diligence and that the action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent power , in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence?" | 040869.docx | LEGALEASE 0016476-1 LEGALEASE 0016476-2 | SA Sub | 0.73 | 0 | 0 | 0 | 1 | 0 |
| 1666 | Shireff v. Missouri Edison Co., 53 S.W.2d 446 | 307A+563 | The rule is stated in Lingo v. Lemay Bank & Trust Co., 386 S.W.2d 898, 399 (Mo.1965), as follows: "The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65, 66(2); Safe for Use and Benefit of Stankowski v. Holland Furnace Co., Mo., 337 S.W.2d 87, 90(1) (That is, the trial court need not point to a specific rule of procedure or statute authorizing such dismissals. Reese v. Reece, 347 S.W.2d 460; Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1236(1), (4); City of Jefferson v. Capital City Oil Co., 286 S.W.2d 65 (Mo.App.1956); Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1236(6); 24 Am.Jur.2d, Dismissal, Discontinuance and Nonsuit, s 59 (1966) 27 C.J.S. Dismissal and Nonsuit s 65(1) (1959). | General rule is that courts have inherent power in exercise of sound judicial discretion to dismiss a case for failure to prosecute with due diligence and that the action thereon will not be disturbed on appeal unless such discretion was abused. | "Do courts have the inherent power , in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence?" | 041074.docx | LEGALEASE 0016493-1 LEGALEASE 0016492 | SA Sub | 0.72 | 0 | 0 | 1 | 0 | 0 |
| 1667 | Brewer v. Limestone Elys, 129 S.W.3d 710 | 307A+563 | A trial court may dismiss under Rule 50.b.s on the "failure of any party seeking affirmative relief to appear for trial." In the appeal at trial of which is the party had "notice," or when a case is "not disposed of within the time standards promulgated by the Supreme Court." Tex.R.Civ.P. 165a(1) & (2) Id. In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. Villarreal v. San Jacinto County, 784 S.W.2d 24, 65(1). 60 Here, the trial court notified Brewer that her case would be dismissed unless her case was tried by December 27th or else the dismissal order entered by the appearance at the dismissal docket or by a filed motion to retain, why it should not be dismissed. | Common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his case with due diligence. | Does common law vest the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute her case with due diligence? | 041106.docx | LEGALEASE 0016959- LEGALEASE 0016940 | SA Sub | 0.71 | 0 | 0 | 0 | 1 | 0 |
| 1668 | State v. Howard, 150 Idaho 471 | 135H+100.1 | The Fifth Amendment of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb" for the same offense. Article 1, s 13 of the Idaho Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars retrying the same charge. The Double Jeopardy Clause prohibits reexamination of issues resolved in the acquittal to the same extent that it prohibits reexamination of jeopardy for a jury's Smith v. Massachusetts, 543 U.S. 462, 467, 125 S.Ct. 1129, 1137 74, 160 L.Ed. 914, 927 (2005). | When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars retrying that charge? | "When a trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bar retrying that charge?" | 010628.docx | LEGALEASE 0016112- LEGALEASE 0016113 | SA Sub | 0.64 | 0 | 0 | 1 | 0 | 0 |
| 1669 | State v. Sheets, 138 Wash. App. 149 | 135H+95.1 | Once a jury has been empaneled and sworn, jeopardy attaches. Once jeopardy has attached the court must balance whether a mistrial is barred. "A trial judge's decision to declare a mistrial without the defendant's consent and mistrial in every instance bar retrial. State v. Eldridge, 17 Wash.App. 270, 273, 562 P.2d 767 (1977); State v. Samarino, 81 U.S. 458, 95 S.Ct. 2066, 35 L.Ed 82 (1978)). | A trial judge's decision to declare a mistrial without the defendant's consent and mistrial is barred. Double jeopardy will not in every instance bar retrial. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | Will a trial judge's decision to declare a mistrial without the defendant's consent after jeopardy has attached but before the jury reaches a verdict in every instance bar retrial? | 010603.docx | LEGALEASE 0010170- LEGALEASE 0010794 | SA Sub | 0.49 | 0 | 0 | 1 | 0 | 0 |
| 1670 | United States v. Parris, 88 F. Supp. 2d 555 | 135H+100.1 | Nor do the evidentiary principles of collateral estoppel apply. Double Jeopardy When a jury acquits a defendant of a charge, the Double Jeopardy Clause prohibits the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution. U.S.C.A. Const.Amend. 5. When a jury acquits a defendant of a charge, the government cannot, Swenson, 397 U.S. 436, 445-46, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), United States v. Aguilar, 967 F.2d 111, 115 (5th Cir. 1992). To determine whether a particular fact was found by a jury a court, in a proper case, looks behind a verdict, thus, it must "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Ashe, 397 U.S. at 444, 90 S.Ct. 1189 (citation and internal quotation marks omitted). | When a jury acquits a defendant of a charge, the Double Jeopardy Clause prohibits the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution? | "When a jury acquits a defendant of a charge, the Double Jeopardy Clause prohibit the government from relitigating issues of fact necessarily decided by that acquittal in a subsequent prosecution?" | Double Jeopardy Memo 58_6... 58_68001.docx | ROSS-003295478-ROSS-003295479 | SA Sub | 0.75 | 0 | 0 | 0 | 1 | 0 |
| 1671 | Washington v. Jones, 207 F. Supp. 2d 794 | 135H+97 | There are certain situations, however, when a criminal defendant may be retried notwithstanding his successful invocation of the double jeopardy principle. Downum v. United States, 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). Absent judicial or prosecutorial misconduct intended to "goad" the defendant into moving for a mistrial, double jeopardy principle will not bar reprosecution where a criminal defendant consents to the declaration of a mistrial, id. at 673-76, double jeopardy principles will not bar a retrial unless the mistrial was a "manifest necessity" for the mistrial. United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824). | Absent judicial or prosecutorial misconduct intended to goad defendant into moving for mistrial, will double jeopardy principle not bar reprosecution where criminal defendant consents to declaration of mistrial. U.S.C.A. Const.Amend. 5. | "Absent judicial or prosecutorial misconduct intended to goad defendant into moving for mistrial, will double jeopardy principle not bar reprosecution where a criminal defendant consents to a declaration of mistrial?" | Double Jeopardy Memo 764 - C 582.docx | LEGALEASE 0005329- LEGALEASE 0005310 | SA Sub | 0.69 | 0 | 0 | 0 | 1 | 0 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1672 | State v. Howes, 637 A.2d 419 | 115H-100.1 | Moreover, the fact that a criminal defendant has been acquitted for insufficiency of evidence does not suffice to make protection against double jeopardy operative once to bar State's appeal. 15 M.R.S.A. § 2115-A, subd 2; U.S.C.A. Const.Amends. 5, 14. U.S.C.A.) (1975), at footnote 6. Whatever effect a case may have had (under the Double Jeopardy Clause does not prohibit a second appeal by the Government providing that a retrial would not be required in the event the Government's success is in that event. 344 U.S. 392-393 (95 S.Ct. at 1021-1023, 1026-1027). When this principle is applied to the case where the jury returns a verdict of guilt but the trial court thereafter enters a judgment of acquittal, an appeal is permitted. In that situation a conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a second trial; the error can be corrected on remand by the entry of a judgment on the verdict. | Fact is that criminal defendant has been acquitted for insufficiency of evidence does not suffice to make protection against double jeopardy operative once to bar State's appeal. 15 M.R.S.A. § 2115-A, subd 2; U.S.C.A. Const.Amends. 5, 14. | Does the fact alone that a criminal defendant has been acquitted for insufficiency of evidence not suffice to make protection against double jeopardy operative so as to bar State's appeal? | 010314.docx | (USA) (U & S)00160459-(USA) (U & S)00160460 | SA, Sub | 0.76 | | | | 1 | |
| 1673 | United States v. McCallum, 721 F.3d 706 | 115H-7 | The constitutional protection against double jeopardy comprises not only the defendant's right to be secure in a judgment of conviction or acquittal but also his "valued right to have his trial completed by a particular tribunal." Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) (emphasis added) (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed 974 (1949)). Although "retrial is not automatically barred when a criminal proceeding is terminated before the accused's entire trial is complete," the prosecution must bear the burden of justifying the retrial "if it is to avoid the double jeopardy bar." | The constitutional protection against double jeopardy comprises not only the defendant's right to be secure in a judgment of conviction or acquittal but also his "valued right to have his trial completed by a particular tribunal." U.S.C.A. Const.Amend. 5. | Does the constitutional protection against double jeopardy comprise not only the defendant's right to be secure in a judgment of conviction or acquittal but also his valued right to have his trial completed by a particular tribunal? | 014871.docx | ROSS-003328671-ROSS-003328672 | SA, Sub | 0.6 | | | | 1 | |
| 1674 | United States v. Morse, 613 F.3d 787 | 115H-110 | "Relevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause as long as the earlier sentence was within the statutory or legislatively authorized punishment range." United States v. Abbott, 273 F.3d 784, 788 (8th Cir.2001). As long as the sentence previously imposed was within the authorized statutory limits for that earlier crime, enhancing a sentence for a separate crime with the same conduct does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. White v. United States, 515 U.S. 389,799, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). | "Relevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause as long as the earlier sentence was within the statutory or legislatively authorized punishment range. U.S.C.A. Const.Amend. 5. | When can relevant conduct which has been considered in a prior sentencing, be a basis for subsequent prosecution without violating the double jeopardy clause as long the earlier sentence was within the statutory or legislatively authorized punishment range? | 010173.docx | (USA) (U & S)00166182-(USA) (U & S)00166183 | SA, Sub | 0.59 | | | | 1 | |
| 1675 | Barlow v. State, 28 So. 3d 129 | 115H-110 | The defendant was sentenced as a habitual felony offender (HFO) and a prior minimum mandatory (PMM) and his sentence for aggravated assault with a deadly weapon on a law enforcement officer, the term of thirty years' incarceration. Although there is no statute authorizing the PMM term of incarceration for sentencing a person both as an HFO and PMM for a single conviction, the PMM term of incarceration runs concurrently with the overall HFO sentence. See Court v. State, 775 So.2d 60 (Fla 2000). See also Melton v. State, 93 So.2d 1228 (Fla 1957) (A sentence within the statutory maximum, even though it may result in unfairness to the accused, the accused's "valued right to have the trial concluded by a particular tribunal is sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present its case). Accordingly, we conclude that the defendant's sentence is improper. | Although there is no double jeopardy violation in sentencing a person both as an habitual felony offender (HFO) and a prior-minimum mandatory (PMM) for a single conviction. U.S.C.A. Const.Amend. 5; West's F.S.A. § 775.082. | Is there double jeopardy violation in sentencing a person both as a habitual felony offender (HFO) and a prior-minimum mandatory (PMM) for a single conviction? | 014228.docx | ROSS-003294498-ROSS-003294499 | SA, Sub | 0.37 | | | | 1 | |
| 1676 | People v. Burton, 376 N.E.2d 1101 App. 3d 856 | 115H-100.1 | We begin by stating the legal precepts pertinent to the defendant's position. It is well settled that "the government "may not put a defendant in jeopardy twice for the same offense." Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 98 S.Ct. 824, 54 L.Ed.2d 717, 726 (1978). Although a retrial is automatically barred when a trial ends in conviction, the same is not true when a criminal proceeding ends before a final resolution of the charges against the accused is reached; in those situations, retrial is not necessarily barred. Therefore, a variety of circumstances may make it necessary to discharge a jury prior to the conclusion of a trial, and in such cases those circumstances need not always result in unfairness to the accused; the accused's "valued right to have the trial concluded by a particular tribunal is sometimes subordinate. | Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, the same is not true when a criminal proceeding is barred before a final resolution of the events of the charges against the accused is reached? U.S.C.A. Const.Amend. 5. | Although a retrial is automatically barred when a trial ends with an acquittal or a conviction, the same true when a criminal proceeding ends before a final resolution of the events of the charges against the accused is reached? | 011275949.docx | ROSS-003279144-ROSS-003279149 | SA, Sub | 0.76 | | | | 1 | |
| 1677 | Davis Next Friend LaDonda D. v. Monroe Cty. Bd. of Educ., 526 U.S. 629 | 78×115H(2) | A private damages action may lie against a school board under Title IX in cases of student-on-student harassment, but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities, and only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. Education Amendments of 1972, § 901(a), as amended, 20 U.S.C.A. § 1681(a). Because Title IX was enacted pursuant to Congress' authority under the Spending Clause, private damages actions are available only where recipients of federal funding had adequate notice that they could be liable for the conduct at issue. U.S.C.A. Const. Art. 1, § 8, cl. 1; Education Amendments of 1972, § 901(a), as amended, 20 U.S.C.A. § 1681(a). | A private damages action may lie against a school board under Title IX in cases of student-on-student harassment, but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities, and only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit. Education Amendments of 1972, § 901(a), as amended, 20 U.S.C.A. § 1681(a). | Can school boards be liable under Title IX for sexual harassment of students? | 010782.docx | (USA) (U & S)00107317-(USA) (U & S)00107318 | SA, Sub | 0.42 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1678 | High v. United States, 128 A.3d 1017 | 3.77E+10 | Appellant contends that the government failed to prove beyond a reasonable doubt that his statement would cause an ordinary hearer to reasonably believe that the threatened harm would occur. In reviewing for sufficiency of evidence, we must sustain the conviction unless there is "no evidence upon which a reasonable mind could fairly conclude guilt beyond a reasonable doubt." Bolden v. United States, 835 A.2d 532, 534 (D.C.2003) (quoting Harris v. United States, 668 A.2d 839, 841 (D.C.1995)) (noting appellant faces a "difficult burden" in asserting such a challenge). When the appeal is from a bench trial, we recognize that the trial court is empowered to weigh the evidence, draw reasonable inferences of fact, and make determinations of the credibility of witnesses; we will displace such findings only if they are "plainly wrong or without evidence to support [them]." Watson v. United States, 979 A.2d 1254, 1256 (D.C.2009) (internal quotation marks omitted) (alteration in original) (quoting Mihas v. United States, 618 A.2d 197, 200"01 (D.C.1992)). Whether trial was by a jury or the court, on appeal this court reviews the legal sufficiency of the evidence de novo. See Russell v. United States, 65 A.3d 1172, 1176 (D.C.2013). To obtain a conviction of threats to do bodily harm, the government must prove, inter alia, the following beyond a reasonable doubt: that "(1) the defendant uttered words to another person, [and that] (2) those words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer...." Williams v. United States, 106 A.3d 1063, 1067 (D.C.2015) (citation and internal quotation marks omitted). See note 2, supra. | To obtain a conviction for threats to do bodily harm, the government must prove, inter alia, the following beyond a reasonable doubt: that (1) the defendant uttered words to another person, and that (2) those words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer. D.C. Official Code, 2001 Ed. S 22-407. | What must the government prove in order to obtain a conviction for threats to do bodily harm? | Threats and Stalking - Memo #23 - C - LB_58916.docx | ROSS-003293931-ROSS-003293932 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 1679 | Provenzano v. Provenzano, 88 Conn. App. 217 | 157+596(1) | "A finding of adverse possession is to be made out by clear and positive proof.... [C]lear and convincing proof... denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution....[The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist.... The burden of proof is on the party claiming adverse possession.... "Despite that exacting standard, our scope of review is limited. Adverse possession is a question of fact, and when found by the trial court will not be reviewed by this court as a conclusion from evidential facts, unless it appears that these facts, or some of them, are legally or logically necessarily inconsistent with that conclusion." (Internal quotation marks omitted.) Allen v. Johnson, 79 Conn.App. 740, 745, 831 A.2d 282, cert. denied, 266 Conn. 929, 837 A.2d 802 (2003). With that standard in mind, we address the defendant's claims. | Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the fact in issue in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution; the burden is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they arefalse or do not exist. | What is the standard of proof required to claim adverse possession? | 04066.docx | LEGALEASE-00077254-LEGALEASE-00077255 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 1680 | Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | All of the parties have argued subrogation principles resolve the issues in these cases. Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. Ronald C. Horn, Subrogation in Insurance Theory and Practice 3 (1964). Two law review commentators have referred to this allocation rationale as stemming from "the moralistic basis of tort law as it has developed in our system." Spencer L. Kimball & Don A. Davis, The Extension of Insurance Subrogation, 60 Mich. L. Rev. 841, 841 1962). "The general purpose of subrogation is to facilitate placement of the financial consequences of loss on the party primarily responsible in law for such loss." Horn, supra, at 24. | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | Does subrogation seek to impose ultimate responsibility for a wrong or loss on the party who in equity and good conscience ought to bear it? | Subrogation - Memo 227 - VG C.docx | ROSS-003295749-ROSS-003295750 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 1681 | Heist v. Jacoby, 71 Neb. 395 | 200+181 | One whose sole fault is the permitting of young hogs of 60 to 100 pounds weight to go at large upon his own premises, so that they wander across the highway to a neighbor's cornfield, and in running back frighten a passer's horse, held not liable for injuries to the passer's equipage and person produced by such fright. | One who permits young hogs of about 100 pounds weight to go at large on his own premises, so that they wander across the highway to a neighbor's cornfield, and in running back frighten a passer's horses, is not liable for injuries to the wagon and the person, produced by such fright. | "Can one permit hogs to wander across the highway which frightens a horse, be made liable for injuries? " | 10797.docx | LEGALEASE-00094801-LEGALEASE-00094802 | Condensed, SA, Sub | 0.11 | 0 | 1 | 1 | 1 | 1 |
| 1682 | Gautreaux v. Maya, 112 So. 3d 146 | 307A+563 | Fraud on the court means that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Because dismissal sounds the death knell of the lawsuit, courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious.... Because dismissal is the most severe of all possible sanctions, ... it should be employed only in extreme circumstances. | When reviewing case for fraud on court justifying dismissal of action, court should consider proper mix of factors and carefully balance policy favoring adjudication on merits with competing policies to maintain integrity of judicial system. | "When reviewing case for fraud on a court justifying an extraordinary measure of dismissal, should a court consider a proper mix of factors and carefully balance policy favoring adjudication?" | 10045.docx | LEGALEASE-00095056-LEGALEASE-00095057 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1683 | Evans v. Empire Dist. Elec. Co., 346 S.W.3d 313 | 307A+561.1 | It is not a defense that may be raised in a motion to dismiss." Id. (quoting McCracken, 298 S.W.3d at 479). "A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment." Id. (citing Fortenberry v. Buck, 307 S.W.3d 676, 679 (Mo.App. W.D.2010)). An exception exists, however, whereby a defendant may properly file a motion to dismiss for failure to state a claim under Rule 55.27(a)(6)4 when it appears from the face of the petition that an affirmative defense is applicable. Fortenberry, 307 S.W.3d at 679 n. 2. This is the case at bar. The trial court granted Empire's motion to dismiss based on the affirmative defense that the PSC had "primary jurisdiction" over Empire and the application thereto of section 393.1050. | A pre-trial dismissal based on an affirmative defense must be granted under the standards of summary judgment; an exception exists, however, whereby a defendant may properly file a motion to dismiss for failure to state a claim when it appears from the face of the petition that an affirmative defense is applicable. V.A.M.R. 55.27(a)(6). | Is there an exception for a pre-trial dismissal to be granted based on an affirmative defense? | 10177.docx | LEGALEASE-00095359-LEGALEASE-00095360 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Headnote | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | 839 | 15,344 | 14,973 | 21,876 | 9,029 |
| 1684 | Am. Petroleum Inst. v. U.S. E.P.A., 52 F.3d 1113 | 149E+18 | | | Can the Environmental Protection Agency (EPA) rely on its general authority to make rules necessary to carry out its functions when a specific statutory directive defines its relevant functions in a particular area? | Environmental Protection Agency (EPA) cannot rely on its general authority to make rules necessary to carry out its functions when a specific statutory directive defines its relevant functions in a particular area | 00735.doc | LEGALEASE 00116500 LEGALEASE 00116501 | SA, Sub | 0.87 | 0 | | | | 1 |
| 1685 | Livingstone v. Greater Washington Anesthesiology & Pain Consultants, P.C., 187 Md. App. 346 | 30+23(62) | | | In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, must the party challenging the admission object at the time the evidence is actually offered? | In order for a party to preserve a ruling on a motion in limine which seeks to exclude the admission of evidence at trial, the party challenging the admission must object at the time the evidence is actually offered | Pretrial Procedure - Memo #222 - C - MA.docx | ROSS-003329097-ROSS-003329098 | Condensed, SA, Sub 0.4 | 0.64 | 0 | 0 | | | 1 |
| 1686 | Low Terminal Partners v. United States, 228 F.3d 1105, 169 | 149k2-1 | | | Is a regulation taking does the government prevent the landowner from making a particular use of the property that otherwise would be permissible? | A regulation that restricts the use of property for unduly burdens private property interests results in a regulatory, not a physical, taking. In other words, regulatory taking is one in which the government prevents the landowner from making a particular use of the property that otherwise would be permissible | D17568.docx | LEGALEASE 00125858 LEGALEASE 00125859 | Condensed, SA, Sub 0.4 | 0.4 | 0 | 0 | | | 1 |
| 1687 | Gouõx v. Dayton Newspapers, 14 Ohio App. 2d 207 | 275+82 | | | Is it within discretion of trial court to grant a mistrial or a continuance for a purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against? | It is within discretion of trial court to grant a mistrial or a continuance for a purpose of securing documentary evidence, or to grant a new trial for surprise which ordinary prudence could not have guarded against | 02740S.docx | LEGALEASE 00132233 LEGALEASE 00132234 | Condensed, SA | 0.45 | 0 | 1 | | | |
| 1688 | Mory v. Ng, 341 Ill. App. 3d 984 | 30?4+483 | | | Where a party fails to properly respond to a request to admit facts, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contrary evidence and has the effect of withdrawing a fact from contention. Sup.Ct.Rules, Rule 216. | Where a party fails to properly respond to a request to admit facts, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contrary evidence which cannot later be controverted by any contrary evidence** | Pretrial Procedure - Memo # 533 - C - SK.docx | ROSS-003162974-ROSS-003163750 | SA, Sub | 0.6 | 1 | 1 | 0 | | 1 |
| 1689 | State v. Schmidrewski, 301 N.J. Super. 115 | 63+1(1) | | | Neither the offeror nor the recipient of the bribe needs to take a public official to prove bribery, and it is sufficient if the recipient created the understanding with officer that he could influence matters in connection with an official duty, whether or not he was capable of actually affecting such an act. N.J.S.A. 2C:27-2. | Neither the offeror nor the recipient of the bribe needs to take a public official to prove bribery, and it is sufficient if the recipient created the understanding with officer that he could influence matters in connection with an official duty** | 01127.docx | LEGALEASE 00138656- LEGALEASE 00139657 | SA, Sub | 0.73 | 1 | | | 1 | |

316

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1690 | Colorado Interstate Gas Co. v. Sears, 363 S.W.2d 169, 396 | 260v92.26 | The rule of fair chance or fair share is the reason for the "confiscation" exception to Rule 37 whereby an owner or lessee can get oil and gas well permit for a small tract. Brown v. Humble Oil & Refining Co., 126 Tex. 296, 83 S.W.2d 935, 87 S.W.2d 1069, 99 A.L.R. 1107, 101 A.L.R. 1393 (1935); Railroad Commission of Texas v. Gulf Production Co., 1939, 134 Tex. 122, 132 S.W.2d 254. In fact, it has been held that the proper test of confiscation under Rule 37 is whether an owner, with the well, or with wells which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts within the drainage area to recover his fair share of oil in place underneath his tract. (156 S.W.2d 116) | Rule of fair chance or fair share is required for "confiscation" exception to Rule 37 whereby owner or lessee can get oil and gas well permit for small tract, and proper test of confiscation under the rule is whether owner, with well which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts to recover his fair share of oil in place underneath his tract. | Is this proper test of confiscation whether an owner, with the well-spacing rule whereby owner or lessee can get oil and gas well permit for small tract, and proper test of confiscation rather than is whether owner, with wells which already exist, has been accorded a fair and equal opportunity with other producers of surrounding tracts to recover his fair share of oil in place underneath his tract? | 021241.docx | USGA01GE-00181283-USGA01GE-00181281 | Condensed, SA, Sub 0.46 | 0.46 | 0 | 1 | | 1 | |
| 1691 | Baumgarden v. Lanza, 143 A.D.3d 650 | 106v15 | "Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff [citation], a CPLR 3211(a)(8) motion to dismiss a complaint, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court" (Whitcraft v. Runyon, 123 A.D.3d 811, 812, 999 N.Y.S.2d 124, quoting Weitz v. Weitz, 85 A.D.3d 1153, 926 N.Y.S.2d 699; and Cornely v. Dynamic Hotel Supply, LLC, 44 A.D.3d 986, 845 N.Y.S.2d 797), were accepting as true the allegations set forth in the complaint and in the opposition to the motion, and according the plaintiff the benefit of every favorable inference (see Whitcraft v. Runyon, 123 A.D.3d at 812, 999 N.Y.S.2d 124), we find that the plaintiff's failed to make a prima facie showing that the defendants were subject to personal jurisdiction in New York. | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | Need a plaintiff only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court? | Pretrial Procedure - Memo #3533 - C - E5.docx | ROSS-00021929-ROSS-00291930 | SA, Sub | 0.62 | | | 1 | | |
| 1692 | Cowen v. Bank United of Texas, 736, 70 F.3d 937 | 172H v1579 | In this writer of doubt we wish to add with relief to that spirit of the federal Reserve Board, which in "official staff commentary," to which the Supreme Court has emphatically told us to give great weight in interpreting the Truth in Lending Act and the regulations under it, Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 563-570, 100 S.Ct. 790, 790-793, 63 L.Ed.2d 22 (1980), has declared that "a fee for courier service charged by the financial agent to send a document to the title company or some other party is not a finance charge, provided that the creditor has not required the use of a courier or retained the charge. In certain transactions, however, the fiduciary duty is based on the underlying duty that the creditor has not required the use of a fee as set forth at 12 C.F.R. Pt. 226, Supp. I, '226.4(a), P.' 226.4(a)."6 id that they 1071-1073 (April 3, 1996). (emphasis added). This "staff commentary on regulations issued after the transaction was issued after the transaction," P 226, Supp I. P 226.4(a)."6 id that it at issue in this case, and the plaintiffs, who tell us that the commentary was issued under "prescar" from the banking community, argue that we should give no weight at all. We think it entitled to at least some weight as an interpretation of the statute "the objection based on retroactivity falls away when the commentary is deemed interpretive rather than legislative, and the commentary in question purported to clarify rather than to change existing law, 606 reg, at 1072; Hickey v. Great Western Mortgage Corp., 1995 WL 317995 (N.D. Ill. May 22, 1995)" (an agency that knows more about banking than we do and that cannot be criticized for listening to what bankers have to say.) | Federal Reserve Board's "official staff commentary" that states that fee for courier service charged by settlement agent to send document to title company or some other party is not finance charge, provided that creditor has not required use of courier or retained the charge, is entitled to some weight as interpretation of statute, despite complaint that it was issued after transaction at issue in case. 12 C.F.R. Pt. 226, Supp. I comment. | Can a fee for courier service charged by settlement agent be considered a finance charge if the creditor has not retained the charge? | 037857.docx | USGA01GE-00155162-USGA01GE-00155163 | Condensed, SA, Sub 0.7 | 0.7 | 0 | 1 | | | |
| 1693 | Adam's Gen. Land Partners, 374 F. Supp. 2d 491 | 13v27(5) | A breach of fiduciary duty claim is barred by the economic loss doctrine if the fiduciary duty is alleged is grounded in contractual obligations. See id DG, Inc. v. Elsey/Davison Advertising, Inc., 815 A.2d 10, 10 (Pa.Super. Ct.2002). However, under Pennsylvania law, a breach of fiduciary duty claim is based on duties imposed as a matter of social policy and is broader than a breach of contract can coexist if the fiduciary duty is based on the underlying duty that is not based on a contractual agreement between the parties. See Bohler-Uddeholm, 247 F.3d | Under Pennsylvania law, a breach of fiduciary duty claim is barred by the economic loss doctrine if the fiduciary duty alleged is grounded in contractual obligations? | Is a breach of fiduciary duty claim barred by the economic loss doctrine if a fiduciary duty alleged is grounded in contractual obligations? | Action - Memo 947 - C_17h7V0zVnYaFGVnaTQ7HmEM0uXso.docx | ROSS-000000015 | | 0.3 | | | 1 | | |
| 1694 | Johnson v. City Wide Cab, 205 Ga. App. 502 | 307A v486 | Pursuant to OCGA "9-11"36(b), as construed in Cielock v. Munro, 244 Ga. 810, 812, 264 S.E.2d 125 (1979) (Hill, J., concurring specially), and Intersouth Properties v. Womack, 242 Ga. 258, 260, 348 S.E.2d 500 (1986), a two-step analysis is enjoined (adopted Cielock special concurrence); a court may grant a motion to withdraw admissions: (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits. The burden as to the first prong is upon the party moving to withdraw and the burden as to the second prong is on the respondent... As to the first prong, if the burden of proof on the subject matter of the request is on the requester, the movant is required to show that the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay. | In establishing that presentation of the merits would be subserved by granting motion to withdraw admissions, if burden of proof on subject matter of request for admission is on requester, movant is required to show that admitted request either can be refuted by admissible evidence having modicum of credibility or is incredible on its face, and that denial is not offered solely for purposes of delay. O.C.G.A. § 9-11-36(b). | If the burden of proof on the subject matter of the request for admission is on the requester, is the movant required to show an admitted request? | Pretrial Procedure - Memo #2898 - C - R2.docx | ROSS-000290341-ROSS-000290342 | SA, Sub | 0.61 | | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1695 | State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366+1 | Subrogation is somewhat different from assignment, however. "Subrogation is a "creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." " Am. Family Mut. Ins. Co. v. DeWitt, """ P.3d """", """", 2008 WL 451742 (Colo.App.2008) (quoting United Sec. Ins. Co. v. Sciarrota, 885 P.2d 273, 277 (Colo.App.1994)). "Subrogation occurs when one person is substituted in the place of another with reference to a lawful claim." Bainbridge, Inc. v. Travelers Cas. Co., 159 P.3d 748, 751 (Colo.App.2006) (quoting Browder v. U.S. Fid. & Guar. Co., 893 P.2d 132, 136 n. 4 (Colo.1995)); see also Black's Law Dictionary 1467"68 (8th ed.2004). "Under the doctrine of equitable subrogation, when an insurer has paid its insured for a loss caused by a third party, it may seek recovery from the third party." Cont'l Divide Ins. Co. v. W. Skies Mgmt., Inc., 107 P.3d 1145, 1148 (Colo.App.2004). The insurer then stands in the shoes of its insured. Id. This prevents the insured from being unjustly enriched by recovering from both the insurer and the third party, and prevents the third party from escaping liability. Cotter Corp. v. Am. Empire Surplus Lines Ins. Co., 90 P.3d 814, 833 (Colo.2004). | "Subrogation" is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Is subrogation a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it? | Subrogation - Memorandum - 587 - RM C.docx | ROSS-003298736-ROSS-003298737 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 1696 | Thrower v. Anson, 276 Neb. 102 | 366+32 | In the instant case, Progressive argues that its right of subrogation against Anson was adversely affected by Thrower's release. Subrogation involves the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities. Blue Cross and Blue Shield v. Dailey, 268 Neb. 733, 687 N.W.2d 689 (2004). An insurer's subrogation rights can be no greater than the rights of an insured against a third party. See Hans v. Lucas, 270 Neb. 421, 703 N.W.2d 880 (2005). See, also, Querrey & Harrow v. Transcontinental Ins., 885 N.E.2d 1235, 1237 (Ind.2008) (Sullivan, J., dissenting, stating that " " "[o]ne who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights which the latter could enforce" " "). | "Subrogation" involves the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities. | "Does subrogation involve the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities?" | Subrogation - Memo 311 - RM C.docx | ROSS-003299552-ROSS-003299553 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1697 | 09 Ill.App.3d 62 | 307A+716 | No duty is imposed upon a trial court to continue a case when no request for continuance has been made. The trial court has broad discretion in granting a continuance. (Thilman & Co. v. Esposito (1980), 87 Ill.App.3d 289, 293, 42 Ill.Dec. 305, 309, 408 N.E.2d 1014, 1018.) Absence of counsel is just one factor to be considered in granting a continuance. A more important factor is whether the party seeking a continuance had acted with diligence. (Thilman, at 294, 42 Ill.Dec. 305, 408 N.E.2d 1014.) The very fact that no one appeared to seek a continuance can be construed as lack of diligence. We hold, therefore, that the trial judge did not abuse his discretion by proceeding ex parte. | Absence of counsel is just one factor to be considered in granting continuance; more important factor is whether party seeking continuance has acted with diligence, and the very fact that no one has appeared to seek a continuance can be construed as lack of diligence. | "Is absence of counsel just one factor to be considered in granting a continuance and is the more important factor whether the party seeking continuance has acted with diligence, and can the very fact that no one has appeared to seek a continuance be construed as lack of diligence?" | Pretrial Procedure - Memo # 3271 - C - KG.docx | ROSS-003305129-ROSS-003305130 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 1698 | Nationwide Mut. Fire Ins. Co. v. Gamelin, 173 Vt. 45 | 366+1 | Apart from the policy language itself, however, Nationwide relies upon equitable subrogation and assignment to create its rights. The main doctrine invoked is subrogation, as provided in the settlement agreement between VFB and Nationwide. Subrogation is an equitable doctrine that enables a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party, who, in good conscience, should be required to pay. Norfolk & Dedham Fire Ins. Co. v. Aetna Cas. & Sur. Co., 132 Vt. 341, 343, 318 A.2d 659, 661 (1974). "[T]he right of subrogation is a favorite of the law, and the tendency is to extend its application" to reach a fair result. at 346, 318 A.2d at 662. | Subrogation is an equitable doctrine that enables a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party, who, in good conscience, should be required to pay. | "Does subrogation or doctrine of equitable subrogation enable a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from a party that was primarily liable party, who, in good conscience, should be required to pay?" | Subrogation - Memo # 701 - C - SA.docx | ROSS-003309773-ROSS-003309774 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 1699 | In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | A settlement agreement to divide disputed escrowed funds is not equivalent to payment of a debt of a third party and thus does not qualify for the first element of equitable subrogation. The doctrine of equitable subrogation is designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense. If the property given up was of no value or the value was subject to dispute, the party incurred no ascertainable expense. Such failure is fatal to Alphera's equitable subrogation claim. | Doctrine of equitable subrogation is designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense. | Is the doctrine of equitable subrogation designed to protect parties who have actually given up property of value in order to discharge an obligation so that another party is not unjustly enriched at the parties' expense? | Subrogation - Memo 289 - RM C.docx | ROSS-003310976-ROSS-003310977 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1700 | World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F. Supp. 2d 98 | 221=142 | The act of state doctrine bars consideration of claims when the resolution of a case turns on the legality or illegality of official action taken by a foreign sovereign in its own territory. See W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp. Int'l, 493 U.S. 400, 406, 110 S. Ct. 701, 107 L.Ed.2d 816 (1990). The rule is connected to the domestic separation of powers and reflects concerns for the conduct of foreign affairs. The party raising the act of state as defense has the burden of establishing the facts required under the doctrine. Kazakhstan has used the act of state doctrine as a defense. The defendants claim that in order to give relief this court must find that invalid the detail of the export license and other governmental enactments. Kazakhstan has demonstrated that granting World Wide relief would require a judgment on the act of a sovereign state. World Wide repeatedly indicates that its damages were caused by the inability to obtain an export license for uranium and the nationalization of property. The regulations regarding the issuance of export licenses were specifically enacted by Kazakhstan in the interests of international and national security. If liability were attributed to Kazakhstan for the alleged damages suffered by World Wide, Kazakhstan would be faced with a judgment that designated its denial of the export license as invalid. See Mol, Inc. v. Peoples Republic of Bangladesh, 572 F.Supp. 79, 85 (D.Or. 1983) (holding that denial of an export license cannot be examined under the act of state doctrine). The same is true of a judgment concerning the alleged nationalization of property. | "Act of state doctrine" bars consideration of claims when the resolution of a case turns on the legality or illegality of official action taken by a foreign sovereign in its own territory | Does the Act of state doctrine bar consideration of claims when the resolution of a case turns on the legality or illegality of official action taken by a foreign sovereign in its own territory? | International Law Memo # 762 - C - NO.docx | ROSS 003123 ROSS-003123263 | SA_Sub | 0.88 | 0 | 0 | | 1 | |
| 1701 | Autin v. Goetz, 524 S.W.3d 617 | 307A=501 | A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods. Tenn. R. Civ. P. 41.01(1), (3). Consequently, the plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Lacy v. Cox, 152 S.W.3d 480, 484 (Tenn. 2004) (footnote omitted) (citing Anderson v. Smith, 521 S.W.2d 787 (Tenn. 1975)). In addition, a plaintiff's further request to voluntarily dismiss, no more than two nonsuits without prejudice, Tenn. R. Civ. P. 41.01(2), and revocation cannot be taken more than one year after an initial dismissal. As long as none of these exceptions and limitations serve[s] to restrict dismissal, Rule 41.01(1) affords a plaintiff the free and unrestricted right to voluntary dismissal without prejudice before the jury retires, Rickets v. Sexton, 533 S.W.2d 293, 294 (Tenn. 1976). | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P 41.01(1). | Is a plaintiff's right to voluntary dismissal without prejudice subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal? | Pretrial Procedure - Memo # 1280 - C - KS.docx | ROSS 003127965 ROSS-003127966 | SA_Sub | 0.73 | 0 | 1 | | | |
| 1702 | In re Frankum, 399 B.R. 498 | 36k=1 | "Subrogation simply means substitution of one person for another: that is, one person is allowed to stand in the shoes of another and assert that person's rights against the defendant." Dan B. Dobbs, Law of Remedies § 4.3 at 604 (2d ed. 1993). The right to assert those rights is not automatic and courts must look to the particular facts and circumstances of a case to determine if subrogation is appropriate. In re G2 Build Companies, Inc. 21 B.R. 635, 636 (Bankr.E.D.Va.1982). Subrogation may arise in two different contexts: (1) when a person who is not liable for a debt pays the creditor and seeks reimbursement from the debtor and (2) when a person is held liable for the debt as a codebtor, surety, or guarantor, and seeks reimbursement of the debt after he has paid. See Collier on Bankruptcy ¶ 54.02 (Matthew Bender 15th ed. Rev.). | Subrogation may arise in two different contexts: (1) when a person who is not liable for a debt pays the creditor and seeks reimbursement from the debtor and (2) when a person is held liable for the debt as a codebtor, surety, or guarantor, and seeks reimbursement of the debt after he has paid | "Can subrogation arise when a person who is not liable for a debt pays a creditor and seeks reimbursement from the debtor for the money paid to that creditor; and when a person is liable for the debt as a codebtor, surety, or guarantor, and seeks reimbursement of the debt he has paid?" | Subrogation - Memo 279 - ANR C.docx | ROSS 003329079 ROSS-003329080 | SA_Sub | 0.63 | 0 | 1 | | | |
| 1703 | Broward Cty. v. Carney, 586 So. 2d 425 | 148=138 | The present record shows that the County at the hearing on the Order of Taking opposed the amounts the court ordered to be deposited in its registry. Yet, the County failed to appeal that non-final order. Indeed, the County appealed the Order, it may have had a viable appeal, as damages prematurely determined. While such a partial taking does constitute a part of the constitutional concept of "just" compensation for the remainder, if any, do not constitute "full compensation," since they are intangibles which generally are not "property" in the constitutional sense. Weir's F.S.A.Const. Art. 10, § 6(a), for taking of private property for public purpose, within the meaning of the Florida Constitution, provides reimbursement for "moving expenses." Nor do damages properly qualify for public purpose, within the meaning of the Florida Constitution, consists of two elements: the value of the property taken and severance damages to the remainder, if any. At no constitute a part of the constitutionally protected concept of "just" or "full" compensation, since they are intangibles which generally are not "property" in the constitutional sense. At no constitute a part of the constitutionally protected concept of "just" or "full" compensation. We do not address whether the trial court erred when it ordered the County to deposit in its registry an amount to exceed the good faith estimate of value, as that order is not before us. | "Full compensation" for the taking of private property for public purpose, within meaning of the Florida Constitution, provides reimbursement for the debtor after that is taken and severance damages to the remainder, if any; other damages, such as business damages and lost profits, do not constitute a part of the constitutionally protected concept of "just" or "full" compensation, since they are intangibles which generally are not "property" in the constitutional sense. West's F.S.A.Const. Art. 10, § 6(a). | What elements constitute full compensation in eminent domain matters? | Eminent Domain - Memo 21 - AAA.doc | LEGALEASE-00002810-LEGALEASE-00002811 | SA_Sub | 0.63 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1704 | Monk v. Temple George Assocs., 273 Conn. 108 | 272+211 | We recognize that "in considering whether public policy suggests the imposition of a duty, we . . . consider the following four factors: (1) the normal expectations of the participants in the activity under review; (2) the public policy of encouraging participation in the activity, while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions." (Internal quotation marks omitted.) Id., 670 (Bishop, J., dissenting), citing Murillo v. Seymour Ambulance Assn., Inc., 264 Conn. 474, 480, 823 A.2d 1202 (2003). We apply these four factors and conclude that imposing a duty of care on the defendants under the circumstances of the present case is not inconsistent with public policy. | In considering whether public policy suggests the imposition of a duty in negligence action, courts consider the following four factors: (1) the normal expectations of the participants in the activity under review; (2) the public policy of encouraging participation in the activity, while weighing the safety of the participants; (3) the avoidance of increased litigation; and (4) the decisions of other jurisdictions. | What are the factors which a court will consider in determining whether public policy suggests an imposition of a duty in a negligence claim? | 005141.docx | LEGALEASE-00117254-LEGALEASE-00117255 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 1705 | Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237 | 25T+113 | The Federal Arbitration Act codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving the courts. In furtherance of this interest, a court must scrupulously honor the bargains implicit in such agreements and interfere only when an award is severely problematic. See, e.g., Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 223, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). This appeal asks us to determine whether or not an arbitration award should be upheld where an arbitrator inexplicably cites language in his decision that cannot be found in the relevant collective bargaining agreement. Because we conclude that such a mistake, while glaring, does not fatally taint the balance of the arbitrator's decision in this case, we affirm the decision of the District Court upholding the award | Federal Arbitration Act (FAA) codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving courts; in furtherance of this interest, court must scrupulously honor bargains implicit in arbitration agreements and interfere only when award is severely problematic. 9 U.S.C.A. S 1 et seq. | What is the intention of Congress in codifying Federal Arbitration Act? | 004903.docx | LEGALEASE-00117155-LEGALEASE-00117157 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 1706 | Stone-Ashe v. Dep't of Envtl. Prot., 86 Mass. App. Ct. 16 | 1.49E+20 | Issues on appeal. The plaintiff contends that the commissioner failed to accord the proper deference to the administrative magistrate's fact finding that rests on credibility determinations. We disagree. "Under 310 Code Mass. Regs. " 1.01(14)(b), the commissioner determines "every issue of fact or law necessary to the decision." " Ten Local Citizen Group, supra at 231, 928 N.E.2d 939. However, it is true that "when the subsidiary findings [of an administrative magistrate] rest on a "resolution of credibility questions (i.e., that a fact is true because a witness testified to it and that witness is believable), they should be entitled to substantial deference." " Morris v. Board of Registration in Med., 405 Mass. 103, 111, 539 N.E.2d 50 (1989), quoting from Vinal v. Contributory Retirement Appeal Bd., 13 Mass.App.Ct. 85, 101, 430 N.E.2d 440 (1982). Even so, the commissioner may reject subsidiary findings provided her decision contains "a considered articulation of the reasons underlying that rejection." Morris v. Board of Registration in Med., supra, quoting from Vinal v. Contributory Retirement Appeal Bd., supra at 101"102, 430 N.E.2d 440. See Ten Local Citizen Group, supra at 231, 928 N.E.2d 939 ("If the commissioner rejects an [administrative] magistrate's finding of credibility, it must be accompanied by an explanation"). | Upon review of an administrative decision by the Commissioner of the Department of Environmental Protection, when the subsidiary findings of an administrative magistrate rest on a resolution of credibility questions, i.e., that a fact is true because a witness testified to it and that witness is believable, the Commissioner should afford them substantial deference; even so, the Commissioner may reject subsidiary findings provided her decision contains a considered articulation of the reasons underlying that rejection. | Must the Commissioner of Environmental Conservations rejection of a magistrates finding of credibility be accompanied by an explanation? | 001055.docx | LEGALEASE-00118098-LEGALEASE-00118099 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 1707 | Tanner Elec. Co-op. v. Puget Sound Power & Light Co., 128 Wash. 2d 656 | 145+8.1(2.1) | The point of use test which the trial court applied is one of three tests used in the industry to resolve service area disputes. The point of use test dictates that only the utility authorized to serve within a territory may provide power to a facility within that territory. Public Serv. Co. v. Public Utils. Comm'n, 765 P.2d 1015, 1019 (Colo.1988). The point of service, or point of delivery, test focuses on the point at which electricity is delivered rather than on the point at which it is consumed. If a utility provides electricity to a customer within its territory, the sale is proper, even if the customer transports the power into the territory of another utility for the customer's use. Public Serv. Co., 765 P.2d at 1019. The geographic load center test permits the utility which serves a majority of a customer's load to serve the entire load, regardless of the territorial boundaries of a service area. Public Serv. Co., 765 P.2d at 1019. | For purposes of resolving electric utility service area disputes, "point of service test," or "point of delivery test," focuses on point at which electricity is delivered, rather than on point at which it is consumed; if utility provides electricity to customer within its territory, sale is proper, even if customer transports power into territory of another utility for customer's use. | Does the point of use test resolve service area disputes between electrical utilities? | 002385.docx | LEGALEASE-00119486-LEGALEASE-00119488 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 1708 | Zurich Am. Ins. Co. v. S.-Owners Ins. Co., 248 F. Supp. 3d 1268 | 366+1 | Next, ZAIC addresses SOIC's specific contentions regarding its alleged pleading deficiencies. First, SOIC argues that ZAIC "fail[s] to plead that (1) the subrogation Z[AIC] seeks would not work any injustice to the rights of a third party." See Motion at 22. In Response, ZAIC acknowledges that it "does not expressly discuss the impact on the rights of any third-party" because "no such third party exists who could be adversely impacted by ZAIC's equitable subrogation claim," and notes that "SOIC does not argue otherwise in [the] [M]otion." See Response at 15. Here, despite the absence of an explicit allegation that subrogation would not work an injustice to the rights of any third party, the Court can reasonably infer from ZAIC's well pled allegations that no third party would be injured by allowing ZAIC to proceed with its equitable subrogation claim. The Court's duty to draw all reasonable inferences in favor of the plaintiff on a motion to dismiss, see Omar, 334 F.3d at 1247, is particularly important in light of the Supreme Court of Florida's substantive "commitment to a liberal application of the rule of equitable subrogation." Dantzler Lumber & Export Co. v. Columbia Cas. Co., 115 Fla. 541, 551, 156 So. 116 (Fla. 1934). In determining whether or not to allow an equitable subrogation claim to proceed, the Supreme Court of Florida has emphasized that equitable concerns outweigh "technical rules of law." Id. at 550"51, 156 So 116. According to the court:[t]he doctrine of subrogation will be applied or not according to the dictates of equity and good conscience, and consideration of public policy, and will be allowed in all cases where the equities of the case demand. It rests upon the maxim that no one shall be enriched by another's loss, and may be invoked wherever justice demands its application, in opposition to the technical rules of law ... The right to it depends upon the facts and circumstances of each particular case, and to which must be applied the principles of justice.Id. (emphasis | Because the purpose of equitable subrogation under Florida law is to do complete and perfect justice between the parties without regard to form or technicality, the remedy will be applied in all cases where demanded by the dictates of equity, good conscience, and public policy. | "Will the remedy of equitable subrogation be applied in all cases where demanded by the dictates of equity, good conscience, and public policy?" | Subrogation - Memo 8 - ANG.docx | ROSS-003298448-ROSS-003298451 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1709 | Bramon v. U-Haul, 945 S.W.2d 676 | 249+27 | Three degrees of malice exist for purposes of actions for malicious prosecution. Pernoud v. Martin, 891 S.W.2d 528, 535 [2] (Mo.App.1995). "Actual malice" means ill will, spite, personal hatred, or vindictive motives. Id. "Legal malice" embraces any improper motive. Id. "Malice in law" is a wrongful act done intentionally without just cause or excuse. Id. A plaintiff suing for malicious prosecution must prove legal malice, i.e. that the defendant initiated the prosecution for a purpose other than that of bringing an offender to justice. Sanders, 682 S.W.2d at 814 [8]. | Three degrees of malice exist for purposes of actions for malicious prosecution; "actual malice" means ill will, spite, personal hatred, or vindictive motives, while "legal malice" embraces any improper motive, and "malice in law" is a wrongful act done intentionally without just cause or excuse. | What are the three degrees of malice in malicious prosecution actions? | 002759.docx | LEGALEASE-00120252-LEGALEASE-00120253 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 1710 | Alcoa Inc. v. F.E.R.C., 564 F.3d 1342 | 145+1 | ... aggrieved by an order issued by the Commission" to apply for rehearing, 16 U.S.C. " 825l(a), and a sixty-day limitations period beginning after rehearing to petition for judicial review of the aggrieving order, id. " 825l(b). A party is aggrieved and may petition for judicial review "if it can establish both the constitutional and prudential requirements for standing,"Pub. Util. Dist. No. 1 v. FERC, 272 F.3d 607, 613 (D.C.Cir.2001), including an "actual or imminent, not "conjectural" or "hypothetical," " injury in fact, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). | A party is aggrieved by an order of the Federal Energy Regulatory Commission (FERC) and may petition for judicial review under the Federal Power Act (FPA) if it can establish both the constitutional and prudential requirements for standing, including an actual or imminent, not conjectural or hypothetical, injury in fact. Federal Power Act, S 313(a), 16 U.S.C.A. S 825l(a). | How does a party establish that he is an aggrieved Party under the Federal Energy Regulatory Commission (FERC) order? | Electricity - Memo 42 - JS.docx | LEGALEASE-00009032-LEGALEASE-00009034 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 1711 | In re Pihl, 560 B.R. 1 | 366+1 | Under Massachusetts law courts look to the following factors to determine whether equitable subrogation applies:(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. East Boston Sav. Bank v. Ogan, 428 Mass. 327, 330, 701 N.E.2d 331 (1998). Not all factors need be present for equitable subrogation to apply. Id. | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | What factors must be determined before equitable subrogation can be applied? | Subrogation - Memo 77 - ANG C.docx | ROSS-003298298-ROSS-003298299 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 1712 | Nat'l Labor Relations Bd. v. Little River Band of Ottawa Indians Tribal Gov't, 788 F.3d 537 | 209+222 | Indian tribes retain broad residual power over intramural affairs: they may determine tribal membership, regulate domestic relations among members, prescribe rules of inheritance among members, and punish tribal offenders. Montana v. United States, 450 U.S. 544, 564, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981). "They may also exclude outsiders from entering tribal land." Plains Commerce, 554 U.S. at 327"28, 128 S.Ct. 2709 (citing Duro v. Reina, 495 U.S. 676, 696"97, 110 S.Ct. 2053, 109 L.Ed.2d 693 (1990)). "Conversely, when a tribal government goes beyond matters of internal self-governance and enters into an off-reservation business transaction with non-Indians, its claim of sovereignty is at its weakest." San Manuel, 475 F.3d at 1312"13 (citing Mescalero Apache Tribe v. Jones, 411 U.S. 145, 148"49, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973)). | Indian tribes retain broad residual power over intramural affairs, and may determine tribal membership, regulate domestic relations among members, prescribe rules of inheritance among members, punish tribal offenders, and exclude outsiders from entering tribal land. | Does an Indian tribe retain power to regulate tribal membership and domestic relations among members? | 003234.docx | LEGALEASE-00120739-LEGALEASE-00120740 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 1713 | Howard Univ. v. Roberts-Williams, 37 A.3d 896 | 307A+3 | We also reject Howard's contention that the trial court improperly permitted Professor Jennings to testify beyond the scope permitted by Judge Clark's order. Generally, "[u]nder the "law of the case" doctrine, a trial judge presiding over later phases of a proceeding is bound by an earlier final ruling by a judicial colleague, unless new facts have arisen in the interim." In re Barlow, 634 A.2d 1246, 1248 n. 3 (D.C.1993). However, "rulings on motions in limine normally are considered provisional, in the sense that the trial court may revisit its pre[-]trial evidentiary rulings in the context of the presentation of the evidence in the case." Jung, 875 A.2d at 103, (internal quotation marks omitted), amended on reh'g, 883 A.2d at 105. Here, as Judge Braman determined, Judge Clark's order was directed at the liability phase of the case, not damages; moreover, nothing precluded Professor Jennings from testifying about other matters within her expertise, so long as she did not attempt to offer an opinion about "the ultimate decision on tenure." Furthermore, Howard knew at least one year before trial that Professor Jennings would offer an opinion that Howard's denial of tenure to Professor Roberts"Williams would have "a substantial and adverse effect on her ability to obtain a tenure track position in her field at another institution." Therefore, Howard could not have been surprised about Professor Jennings' testimony, and Howard could have designated its own expert to counter Professor Jennings' testimony relating to Professor Roberts"Williams' economic damages. | Rulings on motions in limine normally are considered provisional, in the sense that the trial court may revisit its pre-trial evidentiary rulings in the context of the presentation of the evidence in the case. | "Are rulings on motions in limine normally considered provisional, in the sense that the trial court may revisit its pre-trial evidentiary rulings in the context of the presentation of the evidence in the case?" | Pretrial Procedure - Memo # 231 - C - ES.docx | ROSS-003283439-ROSS-003283440 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 1714 | First Specialty Ins. Corp. v. Novapro Risk Sols., LP, 468 F. Supp. 2d 1321 | 366+26 | Under New Jersey law, "subrogation is an equitable rather than a contractual doctrine applied in the interest of justice when one party who is not a volunteer pays an obligation which should be imposed on another. A payor is not a volunteer if it is acting under compulsion to protect its own interests" See Jorge v. Travelers Indemnity Co., 947 F.Supp. 150, 155 (D.N.J.1996). In defending and settling the Femia claim against Hunka Bunka, First Specialty was not a volunteer, as it was at least in part protecting its own interests. The evidence at trial was uncontroverted that, regardless of whether Lloyd's properly rejected First Specialty's tender of the defense of Hunka Bunka, First Specialty was essentially "stuck between a rock and a hard place." That is, under New Jersey law and the facts presented, even Lloyd's witnesses conceded during trial that First Specialty could not abandon Hunka Bunka after Lloyd's refused to assume Hunka Bunka's defense. First Specialty defended Hunka Bunka and settled the Femia claim with a reasonable and good faith belief that First Specialty was estopped to deny coverage (not estopped by Lloyd's, but rather estopped by Hunka Bunka). See Griggs v. Bertram, 88 N.J. 347, 443 A.2d 163, 167 (1982) (carrier undertaking to defend suit against its insured with knowledge of facts that are relevant to policy defense or basis for noncoverage without a reservation of rights is estopped to later deny coverage). | Under New Jersey law, "subrogation" is equitable rather than contractual doctrine, applied in interest of justice when one party who is not volunteer pays obligation which should be imposed on another. | "Is subrogation an equitable rather than contractual doctrine, applied in interest of justice when one party who is not volunteer pays obligation which should be imposed on another?" | 043694.docx | LEGALEASE-00121322-LEGALEASE-00121323 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1715 | Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748 | 366+1 | Furthermore, because it is an equitable doctrine, no additional actions are needed before equitable subrogation can occur. Thus, unlike in an assignment, a subrogor need not intend to equitably subrogate the claims to a subrogee. Cf. Lookout Mountain Paradise Hills Homeowners' Ass'n v. Viewpoint Assocs., 867 P.2d 70, 73 (Colo.App.1993) (intent required for assignment); Ford v. Summertree Lane Ltd. Liab. Co., 56 P.3d 1206, 1209 (Colo.App.2002) (same). It arises "because it is imposed by courts to prevent unjust enrichment." Cedar Lane Invs. v. Am. Roofing Supply, supra, 919 P.2d at 884 (quoting 1 Dobbs, supra, " 4.3(4), at 604). It is "a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." In re Estate of Boyd, 972 P.2d 1075, 1077 (Colo.App.1998) (quoting United Sec. Ins. Co. v. Sciarrota, 885 P.2d 273, 277 (Colo.App.1994); 16 Couch, supra, " 61:18). | Equitable subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Is equitable subrogation a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it? | Subrogation - Memo # 501 - C - NO.docx | ROSS-003311204-ROSS-003311206 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 1716 | In re Karp, 373 B.R. 837 | 366+1 | Under Illinois case law, there are two types of subrogation: conventional subrogation, which is based upon an express or implied agreement, and legal subrogation which arises by operation of law. In re Pearce, 236 B.R. 261, 264"65 (Bankr.S.D.Ill.1999). To assert a right of subrogation, a potential subrogee is required to satisfy the following requirements: (1) the debt or claim must have been paid in full; (2) the subrogee must have paid a debt for which a third party and not the subrogee is primarily liable; (3) the subrogor must possess a right which he could enforce against a third party; and (4) the subrogee must not have acted as a mere volunteer in paying the debt or claim. Id. (citing American Nat'l Bank v. Weyerhaeuser, 692 F.2d 455, 460 (7th Cir.1982)). "Conventional subrogation differs from legal subrogation in that the parties' agreement takes away the character of a mere "volunteer," fulfilling that requirement for subrogation." Id. (citations omitted).However, because there is no evidence that Sherry paid any of the expenses that Debtor was obligated to pay her claim of subrogation must fail. | Four requirements must be met in order for potential subrogee to assert right of subrogation under Illinois law: (1) debt or claim must have been paid in full; (2) subrogee must have paid debt for which third party, and not subrogee, is primarily liable; (3) subrogor must possess right which he could enforce against third party; and (4) subrogee must not have acted as mere volunteer in paying debt or claim. | What four requirements must be met in order for a potential subrogee to assert the right of subrogation? | 043862.docx | LEGALEASE-00121418-LEGALEASE-00121419 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 1717 | Sunshine v. Bankers Tr. Co., 34 N.Y.2d 404 | 366+4 | Another remedy appellant attempts to pursue is that of subrogation. Section 4"407 of the code states that: "If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights (c) of the drawer or maker against the payee with respect to the transaction out of which the item arose." The papers before the trial court were replete with allegations of fraud, lack of authority, and other allegations that would give rise to a cause of action by Modern against Elizabeth. The Bank specifically claimed the right to be subrogated to Modern's claims against Elizabeth in the affidavit of its vice-president opposing the summary judgment motion. | Statute providing that, if payor bank has paid item over stop payment order of drawer, to prevent unjust enrichment and only to extent necessary to prevent loss to bank by reason of its payment of item, payor bank shall be subrogated to rights of maker against payee with respect to transaction out of which item arose confers on bank substantive rights of subrogation, even if technical mechanical requirements of common-law subrogation have not been met. Uniform Commercial Code, S 4-407. | When does payor bank have to be subrogated to rights of drawer against payee to prevent unjust enrichment? | 044058.docx | LEGALEASE-00121514-LEGALEASE-00121515 | Condensed, SA, Sub | 0.47 | 0 | 1 | 1 | 1 | 1 |
| 1718 | Kansas City, Mo. v. Tri-City Const. Co., 666 F. Supp. 170 | 239+7 | Under Missouri law all that is necessary for a surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor is that "the contractor be in default as a matter of fact, and that as a result of such default the surety become obligated to pay under its payment bond, and discharge the obligations of its principal." First State Bank v. Reorganized School District R"3, 495 S.W.2d 471, 481 (Mo.App.1973). The contractor in this case was in default when it could not pay its subcontractors, laborers and materialmen. That default was fully recognized by all parties concerned when the contractor directed the City to make all future payments to the surety on August 22, 1985. | All that is necessary for surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor is that the contractor be in default as a matter of fact and that the surety become obligated to pay under its payment bond and discharge the obligation. | What is necessary for a surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor? | Subrogation - Memo # 693 - C - SA.docx | ROSS-003284060-ROSS-003284061 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 1719 | Walker Process Equip. Co. v. Cooley Bldg. Corp., 129 Vt. 333 | 366+1 | Subrogration is an equity called into existence for the purpose of enabling a party secondarily liable, but who has paid the debt, to reap the benefit of any securities or remedies which the creditor may hold against the principal debtor and by the use of which the party paying may thus be made whole. Clifford v. West Hartford Creamery Co., Inc., 103 Vt. 229, 238, 153 A. 205; 17 Am.Jur.2d, Contractors' Bonds, Sections 42 and 107. Here, there were no funds available to which Continental could be subrogated, for the fund interpleaded by the Village had already been exhausted. | "Subrogation" is an equity called into existence for purpose of enabling party secondarily liable but who has paid debt to reap benefit of any securities or remedies which creditor may hold against principal debtor and by use of which party paying may thus be made whole. | Does the doctrine of equitable subrogation or subrogation enable a secondarily liable party who has been compelled to pay a debt to be made whole by collecting that debt from the primarily liable party? | 044075.docx | LEGALEASE-00121609-LEGALEASE-00121610 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 1720 | State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366+1 | Assignment is the voluntary transfer of some right or interest to another person. Cont'l Cas. Co. v. Ryan Inc. Eastern, 974 So.2d 368, 376 (Fla.2008). The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee; (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party; and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. Imel v. Travelers Indem. Co., 152 Ind.App. 75, 281 N.E.2d 919, 921 (1972). These differences address the profit motive usually associated with an assignment While important, they do not address the interference with the attorney-client relationship. | The pertinent differences between assignment and subrogation include the following: (1) assignment transfers the entire value of the claim, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee, (2) assignees are typically voluntary investors, whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party, and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | What are the pertinent differences between assignment and subrogation? | 044445.docx | LEGALEASE-00121669-LEGALEASE-00121670 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 21,876 | 9,029 |
| 1721 | AJ's Lounge Mystery v. United States, 892 F.2d 1441 | 15A+1339 | By structuring the relationship between an arbitrator and the power of the PSC to review the dispute to a "arbitration" award and the parties needlessly interpret a confusing text to the proper analysis. Private regulated parties cannot agree to wave the subject matter jurisdiction of the agency charged with the statutory responsibility to insure that parties implement agreements as approved by and filed with that agency. And just as assuredly, private parties may not agree to confer such powers on a arbitration board. See Duke Power Co. v. FERC, 864 F.2d 823,829 (D.C.Cir.1989); Swift & Co. v. FMC, 306 F.2d 277, 282 (D.C.Cir.1962). Section 10(a)(3) of the Shipping Act of 1984 prohibits any carrier from "operat[ing] under an agreement required to be filed ... except in accordance with the terms of the agreement or any modification made by the Commission to the agreement." 46 U.S.C.App § 1709(a)(3) (Supp. II 1987). To enforce this prohibition, section 11(c) of the Act authorizes the "Commission, upon complaint or upon its own motion, [to] investigate any conduct or agreement that it believes may be in violation" of the Act. 46 U.S.C.App. § 1710(c) (Supp. II 1987). Since the Commission [was] given exclusive jurisdiction over the adjudicating possible violation of the Shipping Act, we think it is the extreme to conclude that the FMC "waived" its statutory obligations simply by approving an arbitration clause. Cf. Pan American World Airways, Inc. v. Midatlantic, 682 U.S. 203, 237, 107 S.Ct. 2332, 2337, 96 L.Ed. 318 (1987) (noting that arbitration agreements serve to preclude judicial remedies in favor of arbitration by "a n inherent conflict between arbitration and the statute's underlying purposes") | Private regulated parties cannot agree to wave subject matter jurisdiction of the agency charged with statutory responsibility to insure that parties implement agreements as approved by and filed with that agency | Can private regulated parties waive a subject matter jurisdiction of the agency charged with the statutory responsibility to insure that parties implement agreements as approved by and filed with that agency? | Alternative Dispute Resolution - Memo 277 - RK.docx | ROSS-003184964-ROSS-003184965 | Condensed, 3A | 0.88 | 0 | | | | |
| 1722 | Burden-Supply Co. v. Carnevali, 275 Neb. 622 | 307A+1191(1) | Nebraska jurisprudence supports the general legal proposition to which Carnevali alludes: that despite the absolute nature of a guaranty, a creditor may not sit back and in such a manner as to impair the value of the securing a guaranty and that such impairment of collateral, in the absence of certain other factors, can be a defense to the guaranty's enforcement. This court has noted that regardless of whether a guarantee is absolute or conditional, [t]he general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, a waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. Custom Leasing, Inc. v. Carlson Stapler & Shippers Supply, Inc., 195 Neb. 292, 298, 237 N.W.2d 645, 649 (1976) (emphasis supplied). See Myers v. Bank of Mindoro, 213 Neb. 25, 38 N.W.2d 693 (1983) (citing Custom Leasing, Inc. v. Carlson Stapler & Shippers Supply, Inc.; supra, and concluding under the facts that guarantor waived right to object to creditor's release of collateral and that therefore, creditor's release of collateral did not discharge guarantor) | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, a waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | Is there a general rule that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control? | Subrogation - Memo # 739 - C - SU.docx | ROSS-003207105-ROSS-003207106 | 3A, Sub | 0.75 | 0 | | | | |
| 1723 | W. Sur. Co. v. Lng. 3 Kan. App. 2d 310 | 366+7(1) | Nor do we place any significance on the trial court's finding that Western did not allege fraud or gross negligence. Such an allegation and proof are not required to prove subrogation. Federal Deposit Ins. Corp., 3 B.T. 281 70 B. (8th Cir. 1932), where it was said: [W]here subrogation is sought by a surety to the rights of the original creditor as against third parties, there must have been either participation in an original wrongful act or negligence on the part of the third party sought to be charged, but it is not necessary that such negligence be capable or gross. | Where subrogation is sought by a surety to the rights of the original creditor as against third parties, there must have been either participation in an original wrongful act or negligence on the part of the third party sought to be charged, but it is not necessary that such negligence be capable or gross. | Where subrogation is sought by a surety to the rights of the original creditor as against third parties, should there be participation in an original wrongful act or negligence on the part of the third party sought to be charged? | Subrogation - Memo # 741 - C - SA.docx | ROSS-003207150-ROSS-003207151 | 3A, Sub | 0.47 | 0 | | | | |
| 1724 | E.S.B. Ventures v. Berkowitz, 211 So. 3d 259 | 13+61 | The standard of review applicable to an order granting a motion to dismiss is de novo. Kohl v. Blue Cross & Blue Shield of Fla., Inc., 988 So.2d 654, 658 (Fla. 4th DCA 2008). A cause of action for legal malpractice has three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence as the proximate cause of loss to the client. Steele v. Kehoe, 747 So.2d 931, 936 (Fla. 1999). In the DCA 2001). A cause of action for legal malpractice in the litigation context does not accrue until the litigation is concluded by final judgment and that "the final judgment becomes final, meaning that the time for filing an appeal or post-judgment motions has expired or, if an appeal was taken, the underlying legal proceeding has been completed on appellate review. Silverstone v. Edell, 721 So.2d 1173, 1175 & n.2 (Fla. 1998). | A cause of action for legal malpractice in the litigation context does not accrue until the litigation is concluded by final judgment and that final judgment becomes final, meaning that the time for filing an appeal or post-judgment motions has expired or, if an appeal was taken, the underlying legal proceeding has been completed on appellate review. | Does a cause of action for legal malpractice in the litigation context accrue before the litigation is concluded by final judgment? | Action - Memo # 51 - C - LK.docx | ROSS-003210821-ROSS-003210822 | 3A, Sub | 0.6 | 0 | | | | |
| 1725 | United States v. Jefferson, 674 F.3d 332 | 63+11(1) | In this situation, Jefferson intended to promote, for example, Gate, Mody, and Arkel, in his official capacity as a congressman, in exchange for the money and things of value paid to the defendant as needed to accomplished through an ongoing course of conduct. 18 U.S.C.A. § 201. In order to establish the quid pro quo essential to proving bribery, government need not show that the defendant intended for his payments to be tied to specific official acts or as needed basis and then the defendant's official acts the bribe by which includes the ambit of the bribery statute. As we held in United States v. Quinn, the government need not prove "that the defendant intended for his payments to be tied to specific official acts (or omissions). Rather, it is sufficient to show that the payor intended for each payment to induce the official to adopt a specific course of action. In other words, [t]he quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and official actions in exchange for a pattern of official actions favorable to the donor." | In order to establish the quid pro quo essential to proving bribery, government need not show that the defendant intended for his payments to be tied to specific official acts or omissions; in order to establish the quid pro quo essential to proving bribery | Does the Government need to show that the defendant intended for his payments to be tied to specific official acts or omissions in order to establish the quid pro quo essential to proving bribery? | 01 2010.docx | LEGALEASE-00122600-LEGALEASE-00122601 | 3A, Sub | 0.69 | 0 | | | | |
| 1726 | Gerst v. Blair Cty. Convention & Sports Facilities Auth., 897 A.2d 51 | 148+2.1 | These findings of the trial court demonstrate a misunderstanding of the standard for establishing a de facto taking under the Code. "Merely having a house that is somewhat less desirable to live in does not constitute the type of exceptional circumstance needed to prove a de facto taking of an entire residential property." Department of Transportation v. Steppler, 114 Pa.Cmwlth. 300, 542 A.2d 175, 178 (1988). | Merely having house that is somewhat less desirable to live in does not constitute the type of exceptional circumstance needed to prove a de facto taking of an entire residential property | Does merely having a house that is less desirable to live in constitute the type of exceptional circumstance needed to prove a de facto taking of an entire residential property? | 01 7467.docx | LEGALEASE-00122703-LEGALEASE-00122704 | 3A, Sub | 0.12 | 0 | | | | |

323

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1727 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 416, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (quoting Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897)). The doctrine is "a consequence of domestic separation of powers, reflecting "the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder" the conduct of foreign affairs". W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (quoting Sabbatino, 376 U.S. at 423, 84 S.Ct. 923). "The doctrine's purpose is to prevent judicial pronouncements that would disrupt this country's foreign relations." Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji, 834 F.Supp. 167, 171 (E.D.Va.1993) aff'd, 32 F.3d 77 (4th Cir.1994) (citing Sabbatino, 376 U.S. at 428, 84 S.Ct. 923). | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Under the act of state doctrine, will the courts of one country sit in judgment on the acts of the government of another, done within its own territory?" | International Law - Memo # 101 - C - LK.docx | ROSS-003298819-ROSS-003298820 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 1728 | Warfaa v. Ali, 33 F. Supp. 3d 653 | 92+2588 | The "act of state" doctrine prevents federal courts "from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Like the political question doctrine, the act of state doctrine is derived in part from the concern that the Judiciary, by questioning the validity of such acts, could interfere with the Executive Branch's conduct of foreign affairs. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). Accordingly, a plaintiff's claim may be barred to the extent that it challenges (1) an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Id. at 405, 110 S.Ct. 701. | Like the political question doctrine, the act of state doctrine is derived in part from the concern that the Judiciary, by questioning the validity of a foreign government's acts, could interfere with the Executive Branch's conduct of foreign affairs. | "Like the political question doctrine, is the act of state doctrine derived in part from the concern that the judiciary could interfere with the conduct of foreign affairs?" | 019670.docx | LEGALEASE-00123841-LEGALEASE-00123843 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 1729 | Lizarbe v. Rondon, 642 F. Supp. 2d 473 | 221+342 | To determine whether the act of state doctrine applies, the Supreme Court in Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 428, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964), superseded by statute on other grounds, 22 U.S.C. " 2370(e)(2), articulated three factors: (1) the degree of consensus regarding a certain area of international law, (2) the extent to which the issue "touch[es] sharply on national nerves," and (3) whether the government that perpetrated the actions is no longer in existence. | To determine whether the act of state doctrine applies, as would prevent a district court from adjudicating a dispute involving assessment of official actions of a foreign sovereign, court considers (1) the degree of consensus regarding a certain area of international law, (2) extent to which the issue touches sharply on national nerves, and (3) whether the government that perpetrated the actions is no longer in existence. | What factors does a court consider in determining whether the act of state doctrine applies? | 019986.docx | LEGALEASE-00123191-LEGALEASE-00123192 | Condensed, SA, Sub | 0.14 | 0 | 1 | 1 | 1 | 1 |
| 1730 | Fed. Republic of Germany v. Elicofon, 358 F. Supp. 747 | 221+134 | Any attempt, moreover, to characterize such a suit as involving purely private rights and therefore outside the realm of international affairs unduly limits the scope of international affairs. It is a mistake to restrict the label of international affairs to negotiations between governments concerning subjects in the nature of national defense and foreign cultural exchanges. A government is in every sense of the word acting in international affairs when it seeks the aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole. See Agreement with Yugoslavia on Claims of United States Nationals, [1965] 1 U.S.T. 1; Banco Nacional de Cuba v. Sabbatino, supra, at 431-432, 84 S.Ct. at 942. A decision by this court permitting the G.D.R. to bring such a suit would be the equivalent of an assertion by the court that it acknowledges the right of that government to represent the people of East Germany in international affairs. A determination of that kind would be inconsistent with the presidential denial of recognition to the G.D.R. and thus be an unconstitutional encroachment upon the power of the President. | A government is in every sense of the word acting in international affairs when it seeks aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole. | Is a government acting in international affairs when it seeks the aid of a foreign government in an attempt to vindicate the private rights of specific citizens or of its citizenry as a whole? | International Law - Memo # 187 - C - PHS.docx | LEGALEASE-00013131-LEGALEASE-00013132 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 1731 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | To accept the Shadman Claimants' invitation to construe the act of state doctrine to apply here would drastically expand the scope of the rule; it would apply in virtually any case in which a foreign government issues a formal decree or decision that declares that a position taken by a litigant in a court in the United States is contrary to an international agreement or the laws of the foreign state. Such a rule would not only break with centuries of practice and precedent, but would undermine the core tenant of the act of state doctrine"that courts should respect "the proper distribution of functions between the judicial and political branches of the Government on matters bearing upon foreign affairs." Sabbatino, 376 U.S. at 427"28, 84 S.Ct. 923. The fact that a case might frustrate the expectations or views of a foreign state, moreover, is no reason for a court to disregard the principle that "[c]ourts in the United States have the power, and ordinarily the obligation, to decide cases and controversies properly presented to them." Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701. "The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid." Id. (emphasis added). | The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | Does the act of state doctrine require acts of foreign sovereigns taken within their own jurisdiction to be deemed valid? | 020050.docx | LEGALEASE-00123453-LEGALEASE-00123454 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 23,876 | 9,029 |
| 1732 | Branch v. F.T.C., 141 F.2d 31 | 221=134 | The United States may protect its commerce from the wrongful acts of its own citizens wherever done, and whenever it has jurisdiction over the person and subject matter, and whose wrongful acts are prejudicial to the interest of the United States where it commences its commerce through the Federal Trade Commission under Section 5(a) of the Federal Trade Commission Act is one of the agencies of jurisdiction exercised by the Commission in this case. The exercise by the United States of its sovereign control over its commerce and the acts of its own citizens therein is no less applicable under the Federal Trade Commission Act to the deceptive acts of a domestic corporation or agent in a foreign country or any attempt to act beyond the territorial jurisdiction of the United States. | The United States in exercising its sovereign control over its commerce and acts of its resident citizens therein does not invade sovereignty of any other country or attempt to act beyond territorial jurisdiction of the United States. | "Does the United States, in exercising its sovereign control over and acts of its resident citizens therein invade sovereignty of any other country, or attempt to act beyond territorial jurisdiction of the United States?" | International Law Memo 4.25 - C - CB8.docx | ROSS-002589394-ROSS-002589397 | SA, Sub | 0.68 | 0 | | | 1 | |
| 1733 | Solemear de Blata v. Republic of Argentina, 965 F.2d 699 | 221=242 | In contrast to the jurisdictional nature of foreign sovereign immunity under the FSIA, "[t]he act of state doctrine is not a jurisdictional limit on courts." ... | "Act of state doctrine" is not a jurisdictional limit on courts, but reflects prudential concern that the courts, if they question the validity of sovereignty by foreign states, may be interfering with the conduct of American foreign policy by the Executive and Congress. | "Does the act of state doctrine reflect the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy?" | D2000J.docx | LEGALEASE-00223413-LEGALEASE-00223415 | Condensed, SA, Sub | 0.75 | 0 | | 1 | 1 | |
| 1734 | Du Daddin v. Cisco Sys., 2 F. Supp. 3d 717 | 221=242 | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. ... | To the act of state doctrine is non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "Is the act of state doctrine a non-jurisdictional, prudential doctrine based on the notion that the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory?" | D2020S.docx | LEGALEASE-00223122-LEGALEASE-00223124 | SA, Sub | 0.77 | 0 | | | 1 | |
| 1735 | Harper v. Rattmeier, 270 Ga. App. 437 | 307=3 | A motion in limine is a pretrial motion which may be used two ways: (1) The movant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during the course of that trial outside the presence of the jury; 2) The movant seeks a ruling on the admissibility of evidence prior to the trial. ... | A motion in limine is a partial motion which may be used two ways: (1) movant seeks, not a final ruling on the admissibility of evidence, but to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined during the course of trial outside the presence of the jury, and (2) movant seeks a ruling on the admissibility of evidence prior to the trial. | "A "motion in limine." The same commonly gives a partial motion that is used to prevent the admissibility of evidence, but specific evidence or other matter in the presence of the jury?" | D2402A.docx | LEGALEASE-00225015-LEGALEASE-00225064 | SA, Sub | 0.53 | 0 | | 1 | 1 | |
| 1736 | Evans v. Family Inn of Am., 243 N.C. App. 520 | 30=205 | Next, we address plaintiff's contention that the trial court erred in its evidentiary ruling before pending a profile of evidence at trial. A motion in limine seeks "partial determination of the admissibility of evidence proposed to be introduced at trial," and is recognized to avoid error in trial. Salas v. Tate, 44 N.C. App. 567, 569, 261 S.E.2d 506, 508, review other grounds, 300 N.C. 188, 265 S.E.2d 273 (1980). Ratings on these motions are merely preliminary and thus, subject to change during the course of trial, depending on the actual evidence offered at trial. Heatherly v. Industrial Health Council, 130 N.C. App. 616, 620, 504 S.E.2d 102, 105 (1998). Thus, an objection to an order granting or denying the motion "is insufficient to preserve the question for appeal the admissibility of evidence." State v. Conaway, 339 N.C. 487, 521, 453 S.E.2d 824, 845 (1995). | Rulings on motions in limine are merely preliminary and subject to change during the course of trial, and thus, objection to an order granting or denying such motion is insufficient to preserve for appeal the question of the admissibility of evidence. | "Is an objection to an order granting or denying such motion insufficient to preserve for appeal the question of the admissibility of evidence?" | D2418R.docx | LEGALEASE-00221116-LEGALEASE-00221117 | SA, Sub | 0.68 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1737 | Kaduthodu v. Perry, 152 Cal. App. 4th 1308 | 3034+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. [Adams v. Aerojet General Corp. (2001) 86 Cal.App.4th 1324, 1330, 104 Cal.Rptr.2d 116.] "The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action a "abuse" of discretion." [Lucas v. Beneficial California, Inc. (2008) 42 Cal.App.4th 49, 25, 74 Cal.Rptr.2d 797, quoting City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, 1297, 255 Cal.Rptr. 704.] Thus, if a trial court's in limine ruling is premised on a misinterpretation of applicable law, an abuse of discretion has been shown. | "With respect to the admission and exclusion of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case?" | Pretrial Procedure - Memo 354 - RK.docx | ROSS-003313541-ROSS-003313542 | SA, Sub | 0.78 | 0 | 0 | | | 1 |
| 1738 | In re Goodman Indus., 21 B.R. 512 | 364+7(1) | Trustee, who paid secured debt owed by debtor's related real estate company to debtor's major secured lender under debtor's guarantee of the debt, was entitled to be subrogated to the lender's rights as a secured creditor against the real estate company. | Trustee filed complaint seeking to be subrogated to debtor's major secured lender's rights against debtor's related real estate company and alleging that secured lender's interest in real estate company, which the lender was fraudulent, that interest payments made by the debtor to the real estate company were preferential payments, that any debts owed by debtor to the real estate company were subordinated to all other unsecured claims, and that unsecured creditors were entitled to be subrogated to the claims of the lender. ... (1) Trustee, who paid the secured debt owed by debtor's related real estate company to the lender under debtor's guarantee of the debt, was entitled to be subrogated to the lender's rights as a secured creditor against the real estate company; (2) debtor's guaranty of the real estate company's debt did not constitute a fraudulent transfer that the real estate company did not constitute a fraudulent transfer; ... interest payments made during the preference period were not required to be subordinated to all other unsecured claims; and (4) real estate company's debt were not required to be treated as the same entity and, thus, the lender's claim was not required to be satisfied out of the assets of the real estate company. | "Is a trustee, who paid secured debt owed by a debtor's related real estate company to debtor's major secured lender under debtor's guarantee of the debt, entitled to be subrogated to the lender's rights as a secured creditor against a real estate company?" | Subrogation - Memo # 958 - C - MS.docx | ROSS-003343483-ROSS-003343484 | Condensed, SA, Sub | 0.86 | | | 1 | 1 | |
| 1739 | State of New Hampshire v. State of Louisiana, 108 U.S. 76 | 221+134 | One nation may, if it sees fit, demand of another nation the payment of a debt owing by the latter to a citizen of the demanding nation; such demand being recognized as an incident of national sovereignty and involving also the national powers of levying war and making treaties. | It is contended, however, that, notwithstanding the prohibition of the amendment, the state may prosecute the suit as trustee of the citizen, and by the duty of making an imperative demand upon another independent state for the payment of debts which is owes to citizens of the former. There is no doubt but one nation may, if it sees fit, demand of another nation the payment of a debt owing by the latter to one of its citizens. Such power is well recognized as an incident of national sovereignty, but it involves also the national powers of levying war and making treaties. As was said in Rhode Island v. Massachusetts, 12 U.S. 555, "a sovereign assumes the responsibility of presenting the claim of one of his subjects against another sovereign, the prosecution will be in the nation proceeds against another, not by suit in the courts, as of right, but by diplomatic negotiation, or, if need be, by war." | "Can one nation, if it sees fit, demand of another nation the payment of a debt owing by the latter to a citizen of the demanding nation?" | 020469.docx | LEGALEASE-00125240-LEGALEASE-00125241 | SA, Sub | 0.71 | 0 | 1 | 1 | | |
| 1740 | Rapture Shipping, Ltd. v. Allround Fuel Trading B.V., 350 F.Supp.2d 369 | 221+342 | Under the principles of international comity, United States courts ordinarily defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. | Under the principles of international comity, United States courts ordinarily defer to proceedings taking place in foreign countries, allowing those acts and proceedings to have extraterritorial effect in the United States. [Finanz AG Zurich v. Banco Economico S.A., 192 F.3d 240, 246 (2d Cir.1999); see also Remington Rand Corp.—Delaware v. Bus. Sys. Inc., 830 F.2d 1260, 1266 (3d Cir.1987).] The concept of international comity requires United States courts to recognize the institution of foreign bankruptcy courts ... it requires us to recognize, in the interest of international comity, proceedings and decrees of courts of other countries. ... As one court has explained it, "[Comity] is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws." [Hilton v. Guyot, ... importance of extending comity to these proceedings is even more manifest in bankruptcy proceedings, as our economy has become increasingly global and dependent upon international commerce. Affording foreign bankruptcy courts comity and deference brings a degree of predictability to international commerce that is critical to a smooth functioning of business. See Bielz v. Corp. of Lloyd's, 894 F.2d 1359, 1363 (5th Cir.1993).] | "Do United States courts ordinarily defer to proceedings taking place in foreign countries, allowing those proceedings to have extraterritorial effect in the United States?" | 020866.docx | LEGALEASE-00124893-LEGALEASE-00124895 | SA, Sub | 0.79 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1741 | Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+354 | Computershare and the United States first assert that the Cuban laws cannot be given extraterritorial effect. Courts in the United States are precluded "from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Hilton v. Kerry, 754 F.3d 79, 85 n. 4 (1st Cir.2014) (quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)). This general rule, known as the act of state doctrine, arises from our government's system of separation of powers and the recognition that the executive branch bears primary responsibility for conducting foreign affairs. See Tchacosh Co., Ltd. v. Rockwell Intern. Corp., 766 F.2d 1333, 1336 (9th Cir.1985). Decrees by foreign governments purporting to confiscate property are "the very archetype of an act of state." Republic of Iraq v. First Nat'l City Bank, 353 F.2d 47, 50 (2d Cir.1965). | For purposes of the "act of state doctrine" prohibiting courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory, decrees by foreign governments purporting to confiscate property are the very archetype of an act of state. | Does the Act of state doctrine limit courts in United States from inquiring into validity of recognized foreign sovereign's public acts committed within its own territory? | International Law-Memo # 768 - C - SU.docx | ROSS-003311830-ROSS-003311832 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 1742 | English v. Empire Dist. Elec. Co., 220 S.W.3d 849 | 30+3209 | To be clear then, Appellant is claiming error in a pretrial ruling on a motion in limine. Although Appellant states, "the trial court abused its discretion," the correct standard is that the trial court "clearly erred" or committed "plain error" in its ruling because a ruling on a motion in limine" "is merely a preliminary expression of the court's opinion as to the admissibility of the evidence." " Portis v. Greenhaw, 38 S.W.3d 436, 447 (Mo.App. W.D.2001) (quoting Evans v. Wal"Mart Stores, Inc., 976 S.W.2d 582, 584 (Mo.App. E.D.1998)). "[T]he court can change its ruling anytime during the trial if presented with proper circumstances." Id. It is incumbent upon the party seeking to preserve the excluded evidence for purposes of appeal to make an offer of proof at trial demonstrating why the evidence is relevant and admissible. Id. Without a specific and definite offer of proof, appellate courts will not generally review excluded evidence except for plain error. Frank v. Environmental Sanitation Mgmt., Inc., 687 S.W.2d 876, 883 (Mo. banc 1985). | Although appellant alleged that the trial court abused its discretion on a pretrial ruling on a motion in limine, the correct standard was that the trial court "clearly erred" or committed "plain error" in its ruling because a ruling on a motion in limine was merely a preliminary expression of the trial court's opinion as to the admissibility of the evidence and court could change its ruling anytime during the trial if presented with proper circumstances. | "Is a ruling on a motion in limine final, or is the court always free to change its ruling when the issue comes up in the context of a trial?" | 031965.docx | LEGALEASE-00124279-LEGALEASE-00124280 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 1743 | Higgins v. Columbia Gas of Ohio, 136 Ohio App. 3d 198 | 317A+111 | The Ohio Supreme Court has interpreted this statute to confer jurisdiction upon the PUCO to hear all complaints pertaining to rates and/or service provided by a public utility. Kazmaier Supermarket, Inc. v. Toledo Edison Co. (1991), 61 Ohio St.3d 147, 573 N.E.2d 655. Furthermore, where the PUCO does have jurisdiction as provided by this statute, that jurisdiction is exclusive and reviewable only by the Supreme Court of Ohio. State ex rel. N. Ohio Tel. Co. v. Winter (1970), 23 Ohio St.2d 6, 52 O.O.2d 29, 260 N.E.2d 827. This does not mean, however, that every claim asserted against a public utility is within the exclusive jurisdiction of the PUCO. Pure contract and common-law tort claims against a public utility may be brought in a common pleas court because "the Commission has no power to judicially ascertain and determine legal rights and liabilities," or to award damages. Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191, 383 N.E.2d 575. | Pure contract and common-law tort claims against a public utility may be brought in a common pleas court, as the Public Utilities Commission has no power to judicially ascertain and determine legal rights and liabilities, or to award damages. R.C. S 4905.26. | Are pure contract and common-law torts claims against public utilities brought in a common pleas court? | 042280.docx | LEGALEASE-00124959-LEGALEASE-00124961 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 1744 | In re Pihl, 560 B.R. 1 | 366+1 | Under Massachusetts law courts look to the following factors to determine whether equitable subrogation applies:(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. East Boston Sav. Bank v. Ogan, 428 Mass. 327, 330, 701 N.E.2d 331 (1998). Not all factors need be present for equitable subrogation to apply. Id. | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | When determining whether equitable subrogation applies what do courts look for? | Subrogation - Memo 1001 - C- CAT.docx | ROSS-003323988-ROSS-003323989 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 1745 | In re Pihl, 560 B.R. 1 | 366+1 | Under Massachusetts law courts look to the following factors to determine whether equitable subrogation applies:(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder.East Boston Sav. Bank v. Ogan, 428 Mass. 327, 330, 701 N.E.2d 331 (1998). Not all factors need be present for equitable subrogation to apply. Id. | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | Are there factors that must be determined before equitable subrogation can be applied? | Subrogation - Memo 1009 -- C- CAT.docx | ROSS-003322803-ROSS-003322805 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 1746 | In re Jones, 534 B.R. 588 | 366+1 | Subrogation is a doctrine which revolves around the "substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the [party whose debt was paid]" Black's Law Dictionary (10th ed. 2014).Therefore, it is important to distinguish the different entities to whose rights the Defendant seeks to subrogate. For purposes of the instant case, the Court separates those entities into two groups: those whose debts were secured by the Plaintiffs' Property, and those whose debts were not. The Court will address each in turn. | Equitable subrogation is doctrine which revolves around the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to party whose debt was paid. | "When a party is substituted for another whose debt the party pays, is the subrogated party entitled to rights, remedies, or securities that would otherwise belong to the debtor?" | 044406.docx | LEGALEASE-00125119-LEGALEASE-00125120 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 1747 | Zhang v. Slattery, 55 F.3d 732 | 15A+1227 | Foreign Affairs. The notice and comment provisions of the APA are inapplicable to rules involving "a military or foreign affairs function of the United States," " 553(a)(1), presumably to avoid the public airing of matters that might enflame or embarrass relations with other countries. | Notice and comment provisions of Administrative Procedure Act are inapplicable to rules involving military or foreign affairs function of United States, presumably to avoid public airing of matters that might inflame or embarrass relations with other countries. 5 U.S.C.A. S 553(a)(1). | Are rules involving military or foreign affairs exempted from the notice and comment provisions of the Administrative Procedures Act? | Armed Services - Memo 39 - RK.docx | ROSS-003285009-ROSS-003285010 | SA, Sub | 0.02 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1748 | United States v. Jones, 207 F. Supp. 3d 576 | 63+1(1) | In sum, for an act by a public official to qualify as an "official act" under the federal bribery statute:(1) It must "connote," "refer," or "involve" a "focused and concrete ... formal exercise of governmental power" that is pending before the public official performing the act, or before another public official, or is "within the specific duties of an official's position" (the "identification" requirement); and(2) The public official must make a decision or take action on that act or agree to do so (the "performance" requirement); and In evaluating the performance requirement, it is not necessary that the public official intend to perform the act. Rather, he must merely agree (explicitly or implicitly) to do so. Also, a different official may actually perform the act so long as the public official used his official position to either exert pressure on the other official or provide advice to that official, "knowing or intending that such advice will form the basis for an official act." Id. at 2370. | For an act by a public official to qualify as an "official act" under the federal bribery statute: (1) it must connote, refer, or involve a focused and concrete formal exercise of governmental power that is pending before the public official performing the act, or before another public official, or is within the specific duties of an official's position, and (2) the public official must make a decision or take action on that act or agree to do so. 18 U.S.C.A. S 201(a)(3). | What is an official act under the bribery statute? | 011048.docx | LEGALEASE-00126022-LEGALEASE-00126023 | Condensed, SA, Sub | 0.53 | 0 | 1 | 1 | 1 | 1 |
| 1749 | United States v. Greer, 956 F. Supp. 531 | 221+397 | Congress has the power under Article I, Section 8, Clause 10 of the United States Constitution to define and punish felonies committed on the high seas. The Constitution thus authorized Congress to give extraterritorial effect to the MDLEA with respect to conduct taking place upon the high seas. See United States v. Davis, 905 F.2d at 248.Congress made its extraterritorial intentions explicit when it enacted the MDLEA: "[section 1903] is intended to reach acts of possession, manufacture, or distribution committed outside the territorial jurisdiction of the United States." 46 U.S.C.App. " 1903(h). The only question remaining is whether the due process clause limits the application of the statute to the Defendants' conduct. "As long as Congress has expressly indicated its intent to reach such conduct, a "United States court would be bound to follow the Congressional direction unless this would violate the due process clause of the Fifth Amendment." " United States v. Pinto"Mejia, 720 F.2d 248, 259 (2d Cir.1983) (quoting Leasco Data Processing Equip. Corp. v. Maxwell, 468 F.2d 1326, 1334 (2d Cir.1972)). | Congress was constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas. U.S.C.A. Const. Art. 1, S 8, cl. 10; Maritime Drug Law Enforcement Act, S 3, 46 App.U.S.C.A. S 1903. | Is Congress constitutionally authorized to give extraterritorial effect to the Maritime Drug Law Enforcement Act (MDLEA) with respect to conduct taking place upon the high seas? | 020930.docx | LEGALEASE-00125938-LEGALEASE-00125939 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 1750 | Bate v. Davis, 309 Ky. 709 | 307A+551 | The case presents a rather unusual situation. A motion to stay a proceeding is somewhat analogous to a plea in abatement. Both pleas are generally looked upon as defensive or protective moves. Like a plea of limitation they are looked upon as a shield rather than a sword. As said in 1 Am.Jur., Actions, section 63:"A plaintiff's right to avail himself of a legal remedy is not impaired merely by inaction or delay in seeking that remedy, provided he does not delay so long as to be affected by the doctrine of laches or the Statute of Limitations. On the other hand, an action cannot be maintained if it is commenced before the accrual of the cause of action which is sought to be enforced. Such an action should be dismissed without prejudice to the plaintiff's right to begin a new action on the accrual of the cause of action, upon proper and timely objection being made the nonexistence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause pending suit." | An action cannot be maintained if commenced before accrual of cause which is sought to be enforced, and such an action should be dismissed without prejudice to plaintiff's right to begin a new action on accrual of the cause; and, upon proper and timely objection being made, the nonexistence of a cause of action when suit was started is a fatal defect which cannot be cured by accrual of cause pending suit. | Can an action be maintained if it commenced before the accrual of the cause of action sought to be enforced? | 005691.docx | LEGALEASE-00126520-LEGALEASE-00126521 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 1751 | E. Minerals Int'l v. United States, 36 Fed. Cl. 541 | 148+277 | In cases involving a legislatively-established application process, the takings claim normally does not arise "until after a permit has been sought and denied and the effect of the denial results in economic detriment." Conant v. United States, 12 689, (1987). Plaintiffs are not required to exhaust such procedures if it would be futile todo so. Id. at 693. | For ripeness purposes, in cases involving legislatively-established application process, takings claim normally does not arise until after permit has been sought and denied and effect of denial results in economic detriment; however, plaintiffs are not required to exhaust such procedures if it would be futile to do so. | "In cases involving a legislatively-established application process, does the takings claim arise until after a permit has been sought and denied and the effect of the denial results in economic detriment?" | Eminent Domain - Memo 284 - GP.docx | ROSS-003286547-ROSS-003286548 | SA, Sub | 0.12 | 0 | 0 | 1 | 1 | |
| 1752 | City of Mount Dora v. JJ's Mobile Homes, 579 So. 2d 219 | 317A+113 | When each of two public service utility entities, whether governmental or private, have a legal basis for the claim of a right to provide similar services in the same territory and each has the present ability to promptly and efficiently do so, that entity with the earliest acquired (prior) legal right has the exclusive legal right to provide service in that territory without interference from the entity with the later acquired (subsequent) claim of right. | When each of two public service utility entities, whether governmental or private, have legal basis for claim of right to provide similar services in same territory, and each has present ability to promptly and efficiently do so, that entity with earliest acquired legal right has exclusive legal right to provide service in that territory without interference from entity with later acquired claim of right. | Does an entity providing a similar service as another in the same territory have an exclusive right to provide service in that territory if the entity had an earlier acquired right? | 042396.docx | LEGALEASE-00126534-LEGALEASE-00126535 | SA, Sub | 0.11 | 0 | 0 | 1 | 1 | |
| 1753 | Ussery v. Darrow, 238 Ala. 67 | 150+73 | The principle of laches is as follows: "Where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice, the complainant will by his laches be precluded from relief; and it is not even necessary that the court should be satisfied that the original claim was unjust, or has been satisfied. And this is true even though the demand is not barred by the statute of limitations, nor under the ban of the doctrine of prescription." Bromberg v. First National Bank, 235 Ala. 226, 178 So. 48, 53, and cases cited, 8 Alabama Digest, Equity, p. 448, Key Number Symbol72; Courson v. Tollison, 226 Ala. 530, 147 So. 635; Dunn v. Ponceler, 235 Ala. 269, 178 So. 40. | The principle of "laches" is that complainant will be precluded from relief where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult, if not impossible, to do justice, and court need not be satisfied that original claim was unjust, or has been satisfied, or is barred by limitations or prescription. | When will a plaintiff by his laches be precluded from relief? | 005417.docx | LEGALEASE-00126844-LEGALEASE-00126845 | Condensed, Order, SA, Sub | 0.44 | 1 | 1 | 1 | 1 | 1 |
| 1754 | Haefner v. First Nat. Bank of Elmwood Place, 67 Ohio App. 213 | 352+40 | It is obvious also, that there is not here involved or considered a situation where the defendant seeks to augment a claim defective at the time it is advanced in the defendant's original pleading. That this can not be done is beyond question. The plaintiff has the same handicap. In the annotation in 125 A.L.R. 612, at p. 613, it is stated:"The rule supported by the overwhelming weight of authority appears to be that if a plaintiff or defendant has no valid and subsisting title or right to the subject of his action or counterclaim at the time of its commencement, he may not by the subsequent acquisition, or perfection of such right or title, remedy the defect so as to succeed in the action." | If a plaintiff or defendant has no valid and subsisting title or right to subject of his action or counterclaim at time of its commencement, he may not, by subsequent acquisition, or perfection of such right or title, remedy the defect so as to succeed in the action. | "If a plaintiff or defendant has no valid and subsisting title or right to subject of his action or counterclaim at time of its commencement, may he remedy the defect so as to succeed in the action?" | 006251.docx | LEGALEASE-00127145-LEGALEASE-00127146 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1755 | Barbera v. Mount Sinai Hosp., 264 N.Y.2d 1 | 413=1 | Section 10 of the Workers' Compensation Law requires employers to secure compensation for employees who suffer disability or death from injuries arising out of their employment, with certain exceptions not relevant here. This provision is a means of establishing a no-fault insurance regime protecting employees during their periods of disability arising from work-related injuries (see Matter of Leibl v. Green & Seifter, 39 N.Y.2d 422, 683 N.Y.S.2d 406, 708 N.E.2d 162). For employers, this quasi-contractual financial obligation was intended simply to have been part of the cost of doing business (Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567). Labor Law 240 confers heavy liability on employers and contractors in exchange for the Workers' Compensation Law (see, Pagano v. Colonial Sand & Gravel Co., 75 A.D.2d 378, 844 N.Y.S.2d 663). The remedy to the employee against the employer is limited to the filing of a Workers' Compensation claim (Cronin v. Perry, 244 A.D.2d 448, 664 N.Y.S.2d 123) unless the employer failed to secure compensation insurance (§ 11). For employees, the statute ensures a swift and sure source of benefits in exchange for the loss of a common law right to sue for benefits, potentially, might be greater (Maus v. Cornell University, 233 A.D.2d 1, 683 N.Y.S.2d 634, affd, 94 N.Y.2d 87; 699 N.Y.S.2d 716, 721 N.E.2d 966). | For employees, workers' compensation statutes ensure a swift and sure source of benefits in exchange for the loss of a common-law right to sue for benefits which benefits, potentially, might be greater. McKinney's Workers' Compensation Law § 10. | Does the workers' compensation statute ensure employees a swift and sure source of benefits in exchange for the loss of a common-law tort claim for which benefits might be greater? | 048151.docx | LEGALEASE-00128046-LEGALEASE-00128049 | SA_Sub | 0.83 | 0 | | | 1 | |
| 1756 | Persinger v. Peabody Coal Co., 196 W. Va. 707 | 413=1 | We begin by examining West Virginia Code § 23-2-6, which provides that [a]ny employer subject to this chapter who shall subscribe and pay into the workers' compensation fund the premiums provided by this chapter or who shall elect to make direct payments of compensation as herein provided shall not be liable to respond in damages in common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which such employer shall not be in default in the payment of such premiums or direct payments and shall have complied fully with all other provisions of this chapter. Id. [footnote omitted] (emphasis added). It is undisputed that the result of the above-mentioned statute is that [t]his "statutory immunity from suit for those employers who either subscribe to the West Virginia Workers' Compensation Fund ... or elect to be self-insured and comply fully with the requirements of the Act."[10 Smith v. Monsanto Co., 822 F. Supp. 327, 329 (S.D. W. Va. 1993) (emphasis added). The Workers' Compensation Act was designed to remove negligently caused industrial accidents from the common-law tort system." Mandolidis v. Elkins Indus., Inc., 161 W. Va. 695, 700, 246 S.E.2d 907, 911 (1978). "[i]n order to effectuate ... this statute an injured workman under a Workers' Compensation statute is relieved from common-law tort liability for negligently inflicted injuries, and in exchange, he is assured prompt payment of benefits." Meadows v. Lewis, 172 W.Va. 457, 469, 307 S.E.2d 625, 638 (1983) (emphasis added). | Benefits of workers' compensation system accrue to both employer and employee. While workers' compensation system accrue to both the employer and the employee, who is relieved from common-law tort liability for negligently inflicted injuries, and to employee, who is assured prompt payment of benefits. | Do the benefits of the workers' compensation system accrue to both the employer and the employee, who is relieved from common law tort liability for negligently inflicted injuries, and to employee, who is assured prompt payment of benefits? | 048814.docx | LEGALEASE-00128052-LEGALEASE-00128053 | Condensed, SA_Sub | 0.87 | 0 | | | 1 | |
| 1757 | Edward Balf Co. v. Town of E. Granby, 152 Conn. 319 | 13=65 | That the court in an action for a declaratory judgment or a suit for injunctive relief will look at the facts existing at the time of trial is more just than unjust. The remedy is judicial declaration of rights is in time parcel of their rights and duties so that there may be an orderly settlement of their disputes. The dispute should not be settled on the basis of a situation which no longer exists. Also, since zoning regulations are presumed to be for the welfare of the entire community, the more institution of a legal proceeding to determine the plaintiff's rights should not be prevented by "freeze" the rights and duties past the development of a community according to its comprehensive plan. | Zoning regulations are presumed to be for the welfare of entire community, and mere institution of legal proceeding to determine rights should not be allowed to "freeze" rights and possibly upset development of community according to its comprehensive plan. | Since zoning regulations are presumed to be for the welfare of an entire community, should an institution of a legal proceeding to determine rights be allowed to "freeze" rights and possibly upset development of community according to its comprehensive plan? | 001893.docx | LEGALEASE-00127564-LEGALEASE-00127565 | SA_Sub | 0.64 | 0 | | | 1 | |
| 1758 | City of Owatonna v. Chicago, R. I. & P. Ry. Co., 156 Minn. 475 | 25=12 | Where a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue. | Where a court is asked to exercise the extraordinary power of mandamus, it is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time it determines whether a peremptory writ should issue? | When a court is asked to exercise the extraordinary power of mandamus, is the court limited to a consideration of the facts and conditions at the time the proceeding was initiated, but should take into consideration the facts and conditions existing at the time the proceeding was initiated? | Action - Memo # 673 - C 5I.docx | ROSS-003189876-ROSS-003189877 | SA_Sub | 0.18 | 0 | | | 1 | |
| 1759 | Karavokiros v. Brown Derby, 99 Ohio App. 3d 548 | 413=1 | In the context of workers' compensation matters: "The definition of and principles governing torts apply, so one may consider that the proximate cause of event is that which in natural and continuous sequence, unbroken by any new, independent cause, produces the event and without which the event would not have occurred. Dixon v. Miami Univ. (1985), 64 Ohio St.3d 84, 617 N.E.2d 1191; Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 423 N.E.2d 467; and Aiken v. Indus. Comm. (1944), 143 Ohio St. 113, 53 N.E.2d 1018; Cox v. Polster (1962), 174 N.E.2d 193; and Harris v. C. Ohio Gas Co. (June 30, 1994), Lake App. No. 93-L-030, unreported, at 7-8, 1995 WL 325140. | In context of workers' compensation matters: "The definition of and principles governing torts apply, so one may consider that proximate cause of event is that which in natural and continuous sequence, unbroken by any new, independent cause, produces event, and without which that event would not have occurred. | How principles governing torts do apply in the context of workers compensation matters? | 049028.docx | LEGALEASE-00127584-LEGALEASE-00127585 | SA_Sub | 0.4 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1760 | United States v. Woods, 21 M.J. 856 | 258A+500 | The President has both constitutional and statutory authority to promulgate rules and regulations for the government of the Army, United States v. Eliason, 41 U.S. at 301; Ringgold v. United States, 420 F.Supp. 698, 702 (S.D.N.Y.1976), app. dismissed, 553 F.2d 309 (2d Cir.1977), and, so long as the military rules prescribed by the President are not inconsistent with Congressional statutes, they are within the scope of his authority as Commander in Chief. United States v. Symonds, 120 U.S. 46, 49, 7 S.Ct. 411, 412, 30 L.Ed. 557 (1887). Thus, the President's implied rule-making authority, as Commander in Chief, U.S. Const. art. II, " 2, cl. 1, appears circumscribed by the express constitutional authority of Congress to "make Rules for the Government and Regulation of the land and naval Forces", U.S. Const. art. I, " 8, cl. 14. Accordingly, any such delegation of authority to, or the exercise of such power as alter ego of the President by, the Secretary of the Army would have to be consistent with Congressional statutes. We believe, for reasons hereinafter discussed, that a transfer of Presidential power to the Secretary to abate a court-martial after findings are announced would be inconsistent with the UCMJ. | The President has both constitutional and statutory authority to promulgate rules and regulations for the Government of the United States Army, and, so long as military rules prescribed by President are not inconsistent with congressional statutes, they are within scope of his authority as Commander in Chief. | Do military rules prescribed by the President come within the scope of his authority as commander in chief if they are inconsistent with the congressional statutes? | 008297.docx | LEGALEASE-00128579-LEGALEASE-00128580 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 1761 | Leisure v. Leisure, 605 N.E.2d 755 | 413+1 | In determining whether worker's compensation benefits are a personal asset or a marital asset, we examine the purpose of a worker's compensation act. The federal worker's compensation system, created for similar policy reasons as the state worker's compensation system, gives employees a quicker and more certain relief than a common law tort action.U.S. v. Demko (1966), 385 U.S. 149, 151, 87 S.Ct. 382, 383, 17 L.Ed.2d 258, 260; Avasthi v. United States (1979), 5th Cir., 608 F.2d 1059, 1060. Likewise, the Indiana Worker's Compensation Act was enacted to remove obstacles and insure a more certain remedy for the injured worker. North v. U.S. Steel Corp. (1974), 7th Cir., 495 F.2d 810, 813; Frampton v. Central Ind. Gas Co. (1973), 260 Ind. 249, 251, 297 N.E.2d 425, 427. Both the federal and Indiana acts provide a statutory right to compensation for the employee in exchange for limiting the liability of the employer to that provided by the particular act. Demko, 385 U.S. at 151, 87 S.Ct. at 384, 17 L.Ed.2d at 260; North, 495 F.2d at 813; Ross v. Schubert (1979), 180 Ind.App. 402, 406, 388 N.E.2d 623, 627. The awarding of worker's compensation, however, is not identical to a personal injury recovery. The Worker's Compensation Act does not contemplate a recovery for pain and suffering. See Kinzie v. General Tire & Rubber Co. (1956), 235 Ind. 592, 600, 134 N.E.2d 212, 216. | Federal worker's compensation system, created for similar policy reasons as state worker's compensation system, gives employees quicker and more certain relief than common-law tort action. | "Does the federal workers compensation system, created for similar policy reasons as a states workers compensation system, give employees quicker and more certain relief than common-law tort actions?" | 047715.docx | LEGALEASE-00128720-LEGALEASE-00128721 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 1762 | Openshaw v. FedEx Ground Package Sys., 731 F. Supp. 2d 987 | 25T+134(6) | The COA was also substantively unconscionable. A contractual provision is substantively unconscionable when the contractual terms unreasonably favor the drafter. Worman v. FedEx Ground Package Sys., Inc., 76 Pa. D. & C.4th 292, 300 (Pa.Com.Pl.2005). "Numerous factors may make an arbitration provision substantively unconscionable, including severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review. Essentially, an arbitration provision is substantively unconscionable if it creates an arbitration procedure that favors one party over another." Ostroff, 433 F.Supp.2d at 543 (internal citations omitted). Here, there are several arbitration provisions in the COA that unreasonably favor FedEx | Numerous factors may make an arbitration provision substantively unconscionable, including severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review; essentially, an arbitration provision is substantively unconscionable if it creates an arbitration procedure that favors one party over another. 9 U.S.C.A. SS 2, 4. | What are the factors that make an arbitration provision substantively unconscionable? | 007298.docx | LEGALEASE-00129039-LEGALEASE-00129040 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 1763 | Zechman v. Merrill Lynch, Pierce, Fenner & Smith, 742 F. Supp. 1359 | 25T+140 | Where one term of an arbitration agreement has failed, the decision between substituting a new term for the failed provision and refusing to enforce the agreement altogether turns on the intent of the parties "at the time the agreement was executed, as determined from the language of the contract and the surrounding circumstances." Iranian Oil, 817 F.2d at 333; see also Chattanooga Mailers Union, Local No. 92 v. Chattanooga News"Free Press, 524 F.2d 1305, 1315 (6th Cir.1975), overruled on other grounds, Bacashihua v. U.S. Postal Service, 859 F.2d 402 (6th Cir.1988). To determine this intent, courts look to the "essence" of the arbitration agreement; to the extent the court can infer that the essential term of the provision is the agreement to arbitrate, that agreement will be enforced despite the failure of one of the terms of the bargain. See Chattanooga Mailers Union, 524 F.2d 1305; Erving v. Virginia Squires Basketball Club, 349 F.Supp. 716 (E.D.N.Y.), aff'd, 468 F.2d 1064 (2d Cir.1972). If, on the other hand, it is clear that the failed term is not an ancillary logistical concern but rather is as important a consideration as the agreement to arbitrate itself, a court will not sever the failed term from the rest of the agreement and the entire arbitration provision will fail. See Iranian Oil, 817 F.2d 326. In construing arbitration agreements, courts are aided by the principle. | Where one term of arbitration agreement has failed, decision between substituting a new term for the failed provision and refusing to enforce the agreement altogether turns on the intent of the parties at the time the agreement was executed, as determined from the language of the contract and the surrounding circumstances. | Do courts look to the intent of the parties in deciding whether to substitute a new term for a failed provision or refusing to enforce the agreement altogether? | 007320.docx | LEGALEASE-00129603-LEGALEASE-00129604 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 1764 | Petritz v. Albertsons, 187 Mont. 102 | 307A+502 | It is clear that the granting of a motion for voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the trial court and is reviewable only for an abuse of discretion. Armstrong v. Frostie Co., (4th Cir. 1971), 453 F.2d 914, 916; La-Tex Supply Co. v. Fruehauf Trailer Division, Fruehauf Corp. (5th Cir. 1971), 444 F.2d 1366, 1368. It is not a matter of right. In using its discretion, the court should consider the expense and inconvenience that will result to the defendant, other prejudicial consequences, and whether terms and conditions attached to the dismissal may make the defendant reasonably whole. Barron and Holtzoff, Federal Practice and Procedure, s 912 at 116-117. | In using its discretion in determining whether to grant motion for voluntary dismissal, court should consider expense and inconvenience that will result to defendant, other prejudicial consequences and whether terms and conditions attached to the dismissal may make defendant reasonably whole. M.R.Civ.P., rule 41(a), (a)(2). | "In ruling on motion for voluntary dismissal by order of court, should a district court consider the expense and inconvenience that will result to a defendant?" | 025918.docx | LEGALEASE-00129490-LEGALEASE-00129491 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1765 | Louis B. Shapiro v. Midgarden Corp., 20 A.D.2d 857 | 307A+500 | Order, entered on November 15, 1963, unanimously reversed, on the law, with $50 costs and disbursements to the appellant, and the motion to dismiss the complaint denied, with $10 casts. In March, 1962, plaintiff commenced an action to recover of a servitor account. [...] (full opinion text) | Ordinarily, plaintiff has right to discontinue pending action at any time unless substantial rights have accrued to the adversary's rights would be prejudiced thereby, and even then right may be exercised subject to terms imposed by courts. CPLR Rule 3217(a), par.1. | Should plaintiff be permitted to discontinue the action at any time unless substantial rights have accrued to the adversary's rights would be prejudiced thereby? | Pretrial Procedure Memo 4192 - C - PB.docx | ROSS-003190458-ROSS-003190460 | SA.Sub | 0.9 | 0 | | | 1 | |
| 1766 | Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037 | 307A+19 | Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders [...] (full opinion text) | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | Does trial judges have considerable discretion in managing the pre-trial discovery process in their courts? | 020083.docx | LEGALEASE-00129562-LEGALEASE-00129563 | SA.Sub | 0.85 | 0 | | 1 | | |
| 1767 | Dunham v. Roer, 708 N.W.2d 552 | 307A+718 | Appellant argues that the district court improperly denied her motion to extend the discovery period in order to depose the respondents' [...] (full opinion text) | Court considers two factors when determining whether to grant a continuance; first, the court considers whether the party requesting the continuance has been diligent in obtaining or seeking discovery, and, second, the court considers whether the moving party will be unavoidable, or is merely engaging in a "fishing expedition." | What two factors does a court consider when determining whether to grant a continuance? | Pretrial Procedure Memo 8182 - C - SI.docx | LEGALEASE-00019991-LEGALEASE-00019993 | SA.Sub | 0.48 | 0 | | | 1 | |
| 1768 | In re Gormally, 550 B.R. 27 | 302+40151 | The Plaintiffs also assert a claim of fraud against the Defendant, for a variety of alleged misrepresentations during and after the parties' [...] (full opinion text) | Under New York law, burden rests on the party alleging fraud to set forth the necessary elements and to plead with the requisite particularity, which requires the party to enumerate the circumstances constituting the wrong in detail sufficient to inform a defendant with respect to the incidents complained of. N.Y. CPLR 3016(b). | Does the party alleging fraud have the burden to plead fraud with particularity? | Pleading - Memo 248 - RMM.docx | ROSS-003287390-ROSS-003287391 | SA.Sub | 0.66 | 0 | 1 | | | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1769 | Silver v. Bankcorp-Silver, 128 S.W.3d 453 | 307A+444.1 | | Exercise of trial court's discretion concerning a response to non-compliance with pretrial discovery or other pretrial orders should be directed toward accomplishment of fundamental fairness and avoidance of unfair surprise. | Should the exercise of a trial court's discretion concerning a response to non-compliance with pretrial discovery or other pretrial orders be directed toward the accomplishment of fundamental fairness and avoidance of unfair surprise? | 026786.docx | LEGALEASE 00136445-LEGALEASE 00136446 | | 0.7 | 0 | | | | 1 |
| 1770 | Cheyse v. Jones-Schilo, 904 N.E.2d 295 | 307A+749.1 | | A pretrial order controls the subsequent course of an action, unless modified at the trial to prevent manifest injustice. | Does a pretrial order control the subsequent course of an action unless modified at the trial to prevent manifest injustice? | 024890.docx | LEGALEASE 00130481-LEGALEASE 00130482 | SA Sub | 0.71 | 0 | | 1 | | |
| 1771 | King v. Thompkins, 186 Ga. App. 12 | 307A+749.1 | | Pretrial order controls subsequent course of action unless modified at trial to prevent manifest injustice; if claim or issue is omitted from pretrial order, it is waived. | Does a pretrial order control the subsequent course of action unless modified at the trial to prevent manifest injustice and a claim or issue omitted from the order is it waived? | 027035.docx | LEGALEASE 00131016-LEGALEASE 00131027 | SA Sub | 0.84 | 0 | | 1 | | |
| 1772 | King v. Mayor & Council of Rockville, 249 Md. 243 | 307A+717.1 | | Important factor in exercise of court's discretion to grant continuance is whether witness who is unavailable will be able to be present within reasonable time. | Is an important factor in exercise of court's discretion to grant continuance is whether witness who is unavailable will be able to be present within reasonable time? | Pretrial Procedure - Memo # 2046 - C - VP.docx | ROSS 002280074-ROSS 002280075 | Condensed, SA Sub | 0.83 | 0 | 1 | | | |
| 1773 | Florida Marine Enterprises v. Bailey, 632 So. 2d 649 | 307A+749.1 | | Except in cases of clear abuse of discretion prejudicial to affected party, circuit courts must be allowed to enforce pretrial orders to achieve orderly and efficient administration of justice, fair to all parties. | Can circuit courts be allowed to enforce pretrial orders to achieve orderly and efficient administration of justice, fair to all parties? | 027511.docx | LEGALEASE 00130729-LEGALEASE 00130730 | SA Sub | 0.77 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1774 | Blackwood v. United States, 1877 Supp. 34 837 | 34+(18) | "The statute gives district courts jurisdiction to review administrative decisions with respect to TDD claims. However, the established goal does not set forth the standard of review to be used by the court." Weller v. United States, 2014 WL 1202170 * 3 (M.D. La. Oct. 17, 2014)(citing 18 U.S.C. * 5975). In these circumstances, "[c]hallenges to the decisions of military correction boards, such as the [ABMCR] are reviewable under the [Administrative Procedure Act] (APA)," which empowers courts to set aside final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C.A. § 706(2)(A); 18 U.S.C.A. 5 1975. | Challenges to the decisions of military correction boards, such as the United States Army Board for Correction of Military Records, are reviewable under the Administrative Procedure Act (APA), which empowers courts to set aside final administrative agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C.A. § 706(2)(A); 18 U.S.C.A. 5 1975. | Does the Administrative Procedure Act (APA) allow individuals to challenge the final actions of the military? | 000857.docx | LEGALEASE 00132461 LEGALEASE 00132462 | SA, Sub | 0.79 | | | 1 | 1 | |
| 1775 | United States v. Dreyer, 804 F.3d 1266 | 34+(2) | 18 U.S.C * 1385. "The statute "eliminate[s] the direct active use of federal troops by civilian authorities to execute the laws." Bissonette v. Haig, 776 F.2d 1384 (8th Cir.1985), aff'd, 800 F.2d 812 (8th Cir.1986) (en banc), aff'd by an equally divided court, 485 U.S. 264, 108 S.Ct. 1253, 99 L.Ed.2d 466 (1988) (internal citations omitted) See also Jefferson, 319 F.Supp.3d 176, 2016 WL 1261135. *5. An agency's decision is arbitrary and capricious when the agency has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. National Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 658, 127 S.Ct. 2518, 168 L.Ed.2d 467 (2007). | Posse Comitatus Act (PCA) eliminates the direct active use of federal military personnel from participating in civilian law enforcement activities? | 000950.docx | LEGALEASE 00132479 LEGALEASE 00132480 | SA, Sub | 0.8 | | | | 1 | |
| 1776 | Am. Fed'n of Musicians v. Superior Court Film & Los Angeles Cnty., 150 Cal. App. 2d 165 | 307k+315 | Section 1005 of the Code of Civil Procedure, providing for inspection, is remedial in nature and therefore should be liberally construed and, as has been said, use of the remedy should be encouraged rather than discouraged. Nor is circumstance meeting from compliance with such an order any objection to its issuance. There is nothing in the present record to indicate that the order or inspection was issued prior to the declaration and the consideration of all relevant facts and circumstances. Certainly there is no basis for any manifest abuse of the broad discretion which is and must be reposed in the trial judge. | Code of Civil Procedure provision authorizing inspection of writings is remedial in nature and therefore should be liberally construed, and use of the remedy provided therein should be encouraged rather than discouraged? | 027256.docx | LEGALEASE 00132245 LEGALEASE 00132247 | SA, Sub | 0.59 | | | | 1 | |
| 1777 | Hart v. Rainbow(Reg) Med. Ctr., 300 Ga. App. 641 | 307A+713.1 | Hart first argues that the trial court lacked jurisdiction to render the attorney fee award after he voluntarily dismissed his lawsuit. Hart's position is, however, contrary to the exceptions found in OCGA § 9-15-14(a), which authorizes a party to move for attorney fees up to 45 days "after the final disposition of the action." This provision "provides a statutory exception to prohibit participation in a limited exception of the opportunity to seek such sanctions." (Citation and punctuation omitted.) Harris v. Werner, 278 Ga.App. 166, 167, 628 S.E.2d 182 (2006) ... have previously explained, here voluntary dismissal under OCGA "9-11-41(a) is not the "final" disposition because a plaintiff can recommence the action within a six-month period of limitations, or six-months after the dismissal, or a second dismissal as a "final disposition" does not occur until a second dismissal, expiration of the original applicable period of limitations, or other filing fees for a dismissal, or the "window of opportunity" would begin to run while the case could still be renewed, as litigation of the claim continued. OCGA "9-15-14. penalties after a dismissal that proved to be only temporary rather than final. | Mere voluntary dismissal of an action is not a final disposition, so as to direct the trial court of jurisdiction, because Georgia law allows an action to be renewed after dismissal of an action but proceeds only until a second dismissal, expiration of the original applicable period of limitations, or some procedural event? | 029058.docx | LEGALEASE 00132513 LEGALEASE 00132514 | SA, Sub | 0.65 | | | | 1 | |
| 1778 | C.C. Colling & Co. v. Com., 88 Pa. Growth 164 | 371+2001 | The necessity of elevating substance over semantics in the categorization of a tax legislation has in one consequence of the impropriety of applying case authorities to species of taxation other than those made the subject of judicial decision. That case made case individualized interpretation. "Philadelphia Saving Fund Society v. Commonwealth (l. at 288 n. 4, 467 A.2d at 422 n. 4. We did not consider the interpretation of the Corporate Net Income Tax in Philadelphia Saving Fund Society, neither is that decision controlling, nor it is especially instructive; for there a constitutional deciding the issues here presented. Norristown, 29 Pa. Commonwealth Ct.. at 216, 370 A.2d at 412; Philadelphia Saving Fund Society, 78 Pa. Commonwealth Ct. at 288, 467 A.2d at 425. | Necessity of elevating substance over semantics in the categorization of tax legislation has as one consequence the impropriety of applying case authorities to species of taxation other than those made subject of judicial decision? | 044935.docx | LEGALEASE 00131985 LEGALEASE 00131986 | SA, Sub | 0.72 | | | | 1 | |

333

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1779 | United States v. Bailey, 444 U.S. 394 | 151+11 | We need not decide whether such evidence as that submitted by respondents was sufficient to raise a jury question as to their initial departures. This is because we decline to hold that respondents' failure to return is "just one factor" for the jury to weigh in deciding whether the initial escape could be affirmatively justified. On the contrary, several considerations lead us to conclude that, in order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force. | To be entitled to instruction on duress or necessity as defense to charge of escape, escapee must offer evidence justifying his continued absence from custody as well as his initial departure, and indispensable element of such offer is testimony of bona fide effort to surrender or return to custody as soon as claimed duress or necessity has lost its coercive force. 18 U.S.C.A. S 751(a). | "If a defendant fails to present sufficient evidence of an affirmative defense, does the court have to instruct the jury to consider that defense?" | 011365.docx | LEGALEASE-00133190-LEGALEASE-00133191 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 1780 | United States v. Wright, 665 F.3d 560 | 63+1(1) | An honest services fraud prosecution for bribery after Skilling thus requires the factfinder to determine two things. First, it must conclude that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take. Second, it must conclude that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor.See Bryant, 655 F.3d at 240"41; Kemp, 500 F.3d at 281"82. The intent of both parties may be inferred from circumstantial evidence. "The quid pro quo can be implicit, that is, a conviction can occur if the Government shows that [the official] accepted payments or other consideration with the implied understanding that he would perform or not perform an act in his official capacity "under color of official right." " United States v. Antico, 275 F.3d 245, 257 (3d Cir.2001). | An honest services fraud prosecution for bribery requires the factfinder to determine two things: (1) it must conclude that the payor provided a benefit to a public official intending that he will thereby take favorable official acts that he would not otherwise take; and (2) it must conclude that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor, and the intent of both parties may be inferred from circumstantial evidence. 18 U.S.C.A. S 1346. | What are the questions that the factfinder needs determine in an honest services fraud prosecution for bribery? | 011465.docx | LEGALEASE-00133119-LEGALEASE-00133120 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 1781 | Budget Charge Accounts v. Peters, 213 Ga. 17 | 302+8(3) | No cause of action is stated in a petition which states mere legal conclusions of conspiracy, collusion, and fraud with no facts alleged upon which to base them except general and loose allegations consisting of statements without facts upon which the conclusions are based. Green v. Spears, 181 Ga. 486, 182 S.E. 913; Fowler v. Southern Airlines, 192 Ga. 845, 16 S.E.2d 897. | A petition which states mere legal conclusions of conspiracy, collusion, and fraud with no facts alleged upon which to base them except general and loose allegations consisting of statements without facts upon which the conclusions are based, does not state a cause of action to cancel loan deed, to restrain assignee of loan deed from selling property and damages. | "s a cause of action stated in a petition which states mere legal conclusions of conspiracy, collusion, and fraud without alleging facts?" | Pleading - Memo 286 - RMM.docx | LEGALEASE-00022641-LEGALEASE-00022642 | Condensed, SA, Sub | 0.03 | 0 | 1 | 1 | 1 | 1 |
| 1782 | Country Club Home v. Harder, 228 Kan. 756 | 30+3107 | It is apparent from the transcript of the pretrial hearing and the pretrial order prepared by defendant-appellant that all parties acquiesced in the procedure to be followed in presenting the case for decision of the court. When a pretrial order is agreed on by the parties and followed by the trial court in deciding the issues as set forth in the order, the parties have acquiesced therein and cannot enlarge those issues on appeal. Such an order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. K.S.A. 60-216; Kleibrink v. Missouri-Kansas-Texas Railroad Co., 224 Kan. 437, 442, 581 P.2d 372 (1978). We have examined the record of the case and find the personal attack of the Secretary against the trial judge is unjustified and in poor taste. Obviously the charges of bias, prejudice and manifest injustice come more as a result of the adverse decision than from any improper action on the part of the judge. | When pretrial order is agreed on by parties and followed by trial court in deciding issues as set forth in order, parties have acquiesced therein and cannot enlarge those issues on appeal; such an order when entered controls subsequent course of action unless modified at trial to prevent manifest injustice. Rules of Civil Procedure, K.S.A. 60-216. | Does a pretrial order entered by court control subsequent course of action? | 027142.docx | LEGALEASE-00133322-LEGALEASE-00133323 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 1783 | VSD Commc'ns v. Lone Wolf Pub. Grp., 124 N.C. App. 642 | 307A+517.1 | This broad limitation on the trial court's power to enter orders after a voluntary dismissal does not extend so far, however, as to bar the trial court from awarding attorney's fees pursuant to Rule 11(a) or G.S. 6-21.5 where the plaintiff's now dismissed action was frivolously filed or maintained in the absence of a justiciable issue. Bryson v. Sullivan, 330 N.C. 644, 664, 412 S.E.2d 327, 338 (1992). In the Rule 41(a) context, we recognize that a motion for attorney's fees pursuant to Rule 11(a) or G.S. 6-21.5 is not a continuation of adversary proceedings. Id. These motions have a life of their own and they address the propriety of the adversary proceedings that have previously occurred in the case without regard to whether the adversary proceedings in question are continuing when the motion for fees is filed. Id. Accordingly, we conclude that the trial court here could properly consider and rule upon defendant's motion for attorney's fees pursuant to Rule 11(a) and G.S. 6-21.5. | Voluntary dismissal does not bar trial court from awarding attorney's fees where dismissed action was frivolously filed or maintained in absence of justiciable issue. G.S. S 6-21.5; Rules Civ.Proc., Rules 11(a), 41, G.S. S 1A-1. | Does a voluntary dismissal bar a trial court from awarding attorney's fees where the dismissed action was frivolously filed or maintained in absence of justiciable issue? | 028283.docx | LEGALEASE-00133648-LEGALEASE-00133649 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 1784 | Scarantino v. Pub. Sch. Employees' Ret. Bd., 68 A.3d 375 | 63+1(1) | Section 4701 provides that a public official is guilty of bribery if he accepts or agrees to accept from another any pecuniary benefit as consideration for a recommendation. The public official must have acted intentionally, knowingly, or recklessly. Moran. The Commonwealth must prove the elements of bribery beyond a reasonable doubt. Section 666(a)(1)(B) provides that a person is guilty of bribery if the government proves beyond a reasonable doubt that the public official corruptly accepted or agreed to accept anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions. Thus, the essential elements, burden of proof and mens rea of both crimes are substantially the same as both statutes criminalize the actions of a public official who knowingly agrees to accept a benefit or reward in return for some action by the official. | For public official to be found guilty of bribery for accepting or agreeing to accept from another any pecuniary benefit as consideration for a recommendation, public official must have acted intentionally, knowingly, or recklessly. 18 Pa.C.S.A. S 4701. | "Is it essential to show that the public official acted intentionally, knowingly, or recklessly, to be found guilty of bribery for accepting or agreeing to accept from another any pecuniary benefit as consideration for a recommendation?" | 011230.docx | LEGALEASE-00134072-LEGALEASE-00134073 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 1785 | State ex rel. Johnson v. Circuit Court of Milwaukee Cty., 61 Wis. 2d 1 | 307A+69.1 | It is only a question of time when the court procedure of this state will be modernized to include rules governing the use of audio-video recordings of depositions. While the court is not prepared at this time to lay down or adopt permanent rules, we think the trial court should have the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to the stenographic and transcribed recordings now provided for in our statutes. The court in its supervisory power is willing to grant the trial court the discretion to admit such recordings in the interest of justice until such time as this court can make more extensive rules. | Trial court has the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to stenographic and transcribed recordings provided for in statutes. W.S.A. 887.09, 887.10; Fed.Rules Civ.Proc. rule 30(b)(4), 28 U.S.C.A. | Does a trial court have the discretion to allow audio-video recordings of depositions of witnesses to be made and admitted in evidence in addition to stenographic and transcribed recordings provided for in statutes? | Pretrial Procedure - Memo # 2924 - C - ES.docx | ROSS-003290326-ROSS-003290327 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1786 | Young v. Brown, 154 Ga. App. 452 | 307A+486 | Under Code Ann. s 81A-136 (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235) prior to the reenactment in 1972 of this Code section (Ga. L. 1972, pp. 510, 528) the trial court's ruling as to "providential cause and excusable neglect" would have been correct. However, the latter law (Ga. L. 1972, pp. 510, 528) allowed the trial court to permit withdrawal or amendment "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." In the recent case of Cielock v. Munn, 244 Ga. 810, 262 S.E.2d 114, the Supreme Court reversed the Court of Appeals which had rendered an opinion affirming a denial of permission to withdraw admissions because the defendant therein had not shown "providential cause" for failing to answer a request for admissions. This opinion by the Court of Appeals was based upon Osceola Inns v. State Hwy. Dept., 133 Ga.App. 736, 213 S.E.2d 27. The Supreme Court in its opinion disapproved of the Osceola Inns v. State Hwy. Dept. case and reversed the judgment of the Court of Appeals remanding the case for reconsideration of the motion to withdraw the admissions on the basis of whether " "the presentation of the merits of the action will be subserved thereby" " and whether the respondent to the motion can " "satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits." " The record or transcript of the hearing as to this motion shows only argument presented by both parties. Consequently, evidence must be presented and considered by the trial court as to whether the merits of the action "will be subserved" by the allowance of the defendants to withdraw the admissions and whether the plaintiffs will be prejudiced by a withdrawal in maintaining their action on the merits. Here the trial court ruled "that | Evidence would have to be presented and considered by trial court as to whether merits of the action would be subserved by allowing defendant to withdraw admissions and whether plaintiffs would be prejudiced by withdrawal in maintaining their action on the merits. Code, S 81A-136. | Will evidence have to be presented and considered by a trial court as to whether merits of the action would be subserved by allowing a defendant to withdraw admissions and whether plaintiffs would be prejudiced by withdrawal in maintaining their action on the merits? | 028719.docx | LEGALEASE-00134544-LEGALEASE-00134545 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |
| 1787 | Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+486 | Because the deemed admissions in this case were merits-preclusive, thereby raising due process concerns, the trial court was required to allow their withdrawal unless the party requesting withdrawal acted with "flagrant bad faith or callous disregard of the rules." Wheeler, 157 S.W.3d at 443. "Bad faith is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose." Armstrong v. Collin Cnty. Bail Bond Bd., 233 S.W.3d 57, 63 (Tex.App.-Dallas 2007, no pet.).As a preliminary matter, the parties dispute who bore the burden to prove that Time Warner acted with bad faith or callous disregard. Time Warner argues the burden rests with Gonzalez, citing Marino. Conversely, Gonzalez contends that the burden was on Time Warner, as the party requesting withdrawal, to prove that it did not act with bad faith or callous disregard. | For purposes of rule requiring trial court to allow withdrawal of deemed admissions that are merits-preclusive, unless the party requesting withdrawal acted with flagrant bad faith or callous disregard of the rules, "bad faith" is not simply bad judgment or negligence, but the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Will the trial court allow withdrawal of the deemed admissions when the party requesting withdrawal acts with flagrant bad faith or callous disregard of the rules? | 028729.docx | LEGALEASE-00134840-LEGALEASE-00134841 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 1788 | Salazar v. Collins, 255 S.W.3d 191 | 307A+486 | A trial court has broad discretion to grant or deny a request to withdraw deemed admissions. Wheeler v. Green, 157 S.W.3d 439, 443 (Tex.2005) (per curiam). No abuse of discretion occurs in this regard if there is a showing of (1) good cause and (2) no undue prejudice. Id. at 442 (citing Tex.R. Civ. P. 166a(c), 198.3). Good cause is established by a showing that the failure to respond to the request for admissions "was an accident or mistake, not intentional or the result of conscious indifference." Id. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." Boulet v. State, 189 S.W.3d 833, 836 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (quoting Spiecker v. Petroff, 971 S.W.2d 536, 538 (Tex.App.-Dallas 1997, no pet.)). Undue prejudice occurs when permitting the withdrawal and allowing a late response will delay the trial or significantly hamper the opposing party's ability to prepare for trial. Wheeler, 157 S.W.3d at 443. | Good cause supporting decision to grant a request to withdraw deemed admissions is established by a showing that the failure to respond to the request for admissions was an accident or mistake, not intentional or the result of conscious indifference; even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result. | "Is good cause supporting decision to grant a request to withdraw deemed admissions established by a showing that the failure to respond to the request for admissions was an accident or mistake, not intentional or the result of conscious indifference?" | Pretrial Procedure - Memo # 2971- C - KG.docx | ROSS-003291661-ROSS-003291662 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 1789 | Fibreboard Corp. v. Pool, 813 S.W.2d 658 | 307A+486 | After the expiration of thirty days from the date of service, and in the absence of a motion to extend time for filing a response, the admissions are automatically deemed admitted and the trial court has no discretion to deem, or refuse to deem, the admissions admitted. Curry v. Clayton, 715 S.W.2d 77, 79 (Tex.App."Dallas 1986, no writ); Tex.R.Civ.P. 169. The trial court has broad discretion to permit or deny the withdrawal of deemed admissions when the nonanswering party presents sufficient evidence to establish good cause for his failure to make timely answers to the requested admissions. Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d 683, 688 (Tex.App."Tyler 1990, no writ). However, the court also must find that the withdrawals can be ordered without causing undue prejudice to the party relying on the admissions and that the presentation of the merits of the action will be subserved by the withdrawal. Boone, 790 S.W.2d at 688. The trial court's ruling on the withdrawal will be set aside only upon a clear showing of abuse. Employers Ins. of Wausau v. Halton, 792 S.W.2d 462, 464 (Tex.App."Dallas 1990, writ denied). An abuse of discretion occurs when the court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex.1985). | Trial court has broad discretion to permit or deny withdrawal of deemed admissions when nonanswering party presents sufficient evidence to establish good cause for failure to make timely answers to requested admissions; however, court must also find that withdrawals can be ordered without causing undue prejudice to party relying on admissions and that presentation of merits of action will be subserved by withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | Should a court find that withdrawals can be ordered without causing undue prejudice to party relying on admissions and that presentation of merits of action will be subserved by withdrawal? | 028934.docx | LEGALEASE-00134347-LEGALEASE-00134348 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 1790 | Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | In construing the withdrawal prerequisites of rule 169, we must give the rule a liberal construction. See Tex.R. Civ. P. 1. The rule should not be construed giving one litigant an advantage over his opponent, permitting him to have judgment without supporting testimony when, without injustice to either party, the case can be opened for a full hearing on the evidence. Halton, 792 S.W.2d at 464. The objective of the rules of civil procedure is to obtain a just, fair, equitable, and impartial adjudication of the rights of litigants. Tex.R. Civ. P. 1. The rules were not designed as traps for the unwary nor should they be construed in order to prevent a litigant from presenting the truth to the trier of fact. Halton, 792 S.W.2d at 464. | Rule regarding withdrawal of deemed admissions should not be construed to give one litigant advantage over his opponent, permitting him to have judgment without supporting testimony, when without injustice to either party, case can be opened for full hearing on evidence. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | Should the rule regarding withdrawal of deemed admissions be construed to give one litigant advantage over his opponent? | 029027.docx | LEGALEASE-00134141-LEGALEASE-00134142 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1791 | Marlowe v. Lott, 212 Ga. App. 679 | 307A+486 | The trial court's order states, inter alia: "Plaintiff had a total of 42 days to retain an attorney from the date of withdrawal of his first attorney and plaintiff has not met his burden of proving "excusable neglect" in order to allow him to withdraw his admissions." Excusable neglect is not an element of the standard for withdrawal of admissions set forth in OCGA " 9"11"36(b). See Moore Ventures Limited Partnership v. Stack, 153 Ga.App. 215, 219, 264 S.E.2d 725. There is a two-pronged test to be employed when considering a motion to withdraw admissions. "A court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits." (Emphasis supplied.) Intersouth Properties v. Contractor Exchange, 199 Ga.App. 726, 727(1), 405 S.E.2d 764. "If the movant satisfies the court on the first prong, the burden is on the respondent to satisfy the second prong." Id. at 728, 405 S.E.2d 764. Both prongs must be established, pursuant to the standard provided in OCGA " 9"11"36(b). | Court may grant motion to withdraw admissions of fact when presentation of merits will be subserved thereby and party obtaining admission fails to satisfy court that withdrawal will prejudice maintaining his action or defense on merits. O.C.G.A. S 9-11-36(b). | Can a court grant a motion to withdraw admissions of fact when a party obtaining admission fails to satisfy a court that withdrawal will prejudice maintaining his action or defense on merits? | 029047.docx | LEGALEASE-00134287-LEGALEASE-00134288 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 1792 | Approximately $14,980.00 v. State, 261 S.W.3d 182 | 180+104(1) | Here, Rule 21a entitled Rodriquez to an opportunity to present evidence of non-receipt, and Rule 3a(1) requires that conflicts between local rules and the Rules of Civil Procedure be resolved in favor of the Rules of Civil Procedure. Moreover, due process requires that a trial court consider, absent evidence of flagrant bad faith or callous disregard for the rules, a motion to strike deemed admissions that are merits-preclusive. Id. at 875. The deemed admissions in this case were merits-preclusive, and there was no evidence that appellant acted in flagrant bad faith or callous disregard for the rules. Therefore, applying our holding from Approximately $1,589.00, we conclude the trial court erred to the extent it relied on local court rules in refusing to consider appellant's evidence regarding non-receipt of service. | Trial court erred when it relied on local court rules in refusing to consider property owner's evidence regarding non-receipt of service of State's requests for admissions in seizure and forfeiture proceeding under the Code of Criminal Procedure; Rule of Civil Procedure governing methods of service entitled owner to opportunity to present evidence of non-receipt, conflicts between local rules and the Rules of Civil Procedure were to be resolved in favor of the Rules, the deemed admissions were merits-preclusive, there was no indication that owner acted in flagrant bad faith or callous disregard for the rules, and due process required that court consider, absent evidence of flagrant bad faith or callous disregard for the rules, a motion to strike deemed admissions that are merits-preclusive. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Rules Civ.Proc., Rules 3a(1), 21a; Vernon's Ann.Texas C.C.P. art. 59.01. | "Should a trial court permit withdrawal of merits-preclusive, deemed admissions if the record contains no evidence of flagrant bad faith or callous disregard for the rules?" | 029081.docx | LEGALEASE-00134559-LEGALEASE-00134560 | Condensed, SA, Sub | 0.1 | 0 | 1 | 1 | 1 | 1 |
| 1793 | Campero USA Corp. v. STPC Partners, 410 F. Supp. 2d 1268 | 25T+205 | "Under the FAA, upon motion of a party, district courts must compel arbitration of all claims subject to arbitration." American Express Financial Advisors, Inc. v. Makarewicz, 122 F.3d 936, 940 (11th Cir.1997) (citations omitted). "On the other hand, "the FAA does not require parties to arbitrate when they have not agreed to do so, ... nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement." " Id. "Because parties are free to structure their arbitration agreements as they see fit, "they may limit by contract the issues which they will arbitrate." " Id. | Under the Federal Arbitration Act (FAA), upon motion of a party, district courts must compel arbitration of all claims subject to arbitration, but on the other hand, the FAA does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement; because parties are free to structure their arbitration agreements as they see fit, they may limit by contract the issues which they will arbitrate. 9 U.S.C.A. S 1 et seq. | Can parties to an arbitration agreement limit by a contract the issues that they will arbitrate? | 007533.docx | LEGALEASE-00135791-LEGALEASE-00135793 | SA, Sub | 0.13 | 0 | 0 | 1 | 1 | |
| 1794 | Matter of Wong, 252 Mont. 111 | 15A+1421 | The City of Billings argues that the Police Commission's denial of the continuance was not an abuse of discretion. Wong argues that the City of Billings overlooks the hardship that the denial of the continuance caused him. Seeking a continuance due to lack of representation does not ensure the grant of a continuance. Grunewald v. Missouri Pacific Railroad Co. (8th Cir.1964), 331 F.2d 983; M.D. Rutledge v. Electric Hose and Rubber Co. (9th Cir.1975), 511 F.2d 668. In making its decision on a requested continuance due to lack of counsel, a court or agency must assess whether the party petitioning for continuance has acted diligently in seeking counsel. 17 Am.Jur.2d " 23. If the party has not acted diligently in procuring representation, a tribunal does not abuse its discretion in denying the continuance. | In making decision on request for continuance due to lack of counsel, court or agency must assess whether party petitioning for continuance has acted diligently in seeking counsel. | "In making a decision on a request for continuance due to lack of counsel, should a court or agency assess whether party petitioning for continuance has acted diligently in seeking counsel?" | 029237.docx | LEGALEASE-00135479-LEGALEASE-00135480 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 1795 | Martin v. Wyatt, 243 Ga. App. 31 | 307A+716 | Nothing in this record shows that any of these criteria for granting a continuance due to counsel's illness were met. " "Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge." " Chappelaer v. Gen. GMC Trucks, 130 Ga.App. 664, 666(2), 204 S.E.2d 326 (1974). The record contains no motion for continuance; further, the counsel claiming he could not attend trial due to illness made no entry of appearance as counsel of record until April 14, 1999, more than two months after the trial court granted the Wyatts' motion to dismiss. The attorney who was counsel of record for the Martins as of the February 1, 1999 calendar call submitted no motions or affidavits to seek a continuance or respond to the Wyatts' motion to dismiss. While we can conceive of circumstances under which a trial court may properly require an attorney seeking a continuance to present a doctor's affidavit of illness, OCGA " 9-10-155 does not mandate that action. However, under the circumstances in this case, we cannot say the trial court erred in concluding that the Martins failed to appear and failed to comply with the requirements for a continuance. | Continuances because of the absence of counsel are not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge. O.C.G.A. S 9-10-155. | "Are continuances because of the absence of counsel not favored, and a strict compliance with the law is required, particularly since the matter rests within the sound discretion of the trial judge?" | 029311.docx | LEGALEASE-00135427-LEGALEASE-00135428 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1796 | Robertson-Ryan & Assoc. v. Pollhammer, 112 Wis. 2d 583 | 307A+716 | Furthermore, there was a reasonable basis for the court's decision. This court has facts where there may continue the case on that basis may be properly entered. Schweiger v. Loewi & Co., 65 Wis. 2d 56, 181 N.W.2d 456, 221 N.W.2d 394 (1974). In the instant case the trial court was not satisfied that there was a good cause for Pollhammer's absence. The record indicates that both the court and defense counsel informed Pollhammer that the case had been set for trial for immediate trial. Nevertheless, Pollhammer left and did not return. Based upon these facts, the trial court concluded that Pollhammer purposely absented himself to avoid trial. The court determined this conclusion in denying Pollhammer's motion for a new trial. Although Pollhammer submitted an affidavit which stated that, because of a hearing disorder, he did not hear or understand that the trial was to be held that day, the court noted that he never explained what he thought was going to happen to his case. | Where there is no good cause for defendant's absence, a motion to continue the case on that basis may properly be denied particularly when the real purpose in seeking a continuance is to delay trial? | "Where there is no good cause for defendant's absence, a motion to continue the case on that basis may properly be denied particularly when the real purpose in seeking a continuance is to delay trial?" | Pretrial Procedure - Memo # 467 - C - FINAL.docx | RO55-000289733 RO55-000289734 | Condensed, SA | 0.84 | 0 | 1 | | 1 | |
| 1797 | Grynberg v. Kelly, 134 P.3d 563 | 307A+483 | Where a party fails to respond in a timely way to a request for admissions, it admits the relevant subject matter of the request. Lineback v. S.E. Colo. Water Conservancy Dist., 879 P.2d 615, 616 (Colo.1994); Colo. v. Pearl Inc. Co., 678 P.2d 406, 412 (1994); Fogel v. Engel, 502 P.2d 441, 443 (Colo.App.1972). These admissions may then be used to support a summary judgment. See Lineback v. S.E. Colo. Water Conservancy Dist., supra; Colo. v. Pearl Inc. Co., supra; see also Trueman & Brinen, Inc. v. Mead & Mount Constr. Co., 155 Colo. 308, 394 P.2d 414 (1964). | Where a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment. Rule Civ.Proc., Rule 36. | "Where a party fails to respond in a timely way to a request for admissions, thus admitting the relevant subject matter of the request, these admissions may then be used to support a summary judgment?" | 037036.docx | LEGALEASE 00135417-LEGALEASE 00135438 | Condensed, SA, Sub | 0.61 | 0 | 1 | | 1 | |
| 1798 | P.R.S. VAT v. Shred Pax Corp., 292 Ill. App. 3d 956 | 307A+483 | In our opinion, the trial court may not consider controverted ultimate facts and legal conclusions just because a party has failed to respond within the 28 day statutory period. To permit a party to escape litigation in such a manner would mean the purpose of the rule which is to resolve the difficulty involved regarding proof of evidence which is involved. Wishnow v. Leppold Cooperage & Woodenware Co., 36 Ill. 95, 297 N.E. 578 (1935). Accordingly, we held that the trial court could not consider disputed ultimate facts and legal conclusions which a party failed to respond to admit when considering Shred Pax's motion for summary judgment. | On discovery request to admit, court may not consider controverted ultimate facts and legal conclusions just because a party has failed to respond to the request within the 28 day statutory period. Sup.Ct.Rules, Rule 216. | "On discovery request to admit, may a court not consider controverted ultimate facts and legal conclusions just because a party has failed to respond to the request within the 28 day statutory period?" | 037910.docx | LEGALEASE 00135595-LEGALEASE 00135596 | SA, Sub | 0.75 | 0 | 1 | | 1 | |
| 1799 | Dell Dev. Corp. v. Best Ideas, Unif. Supply Co., 743 S.W.2d 362 | 30+3239 | The decision of whether to grant a motion for continuance, or to continue a case sua sponte, rests within the discretion of the trial court, action of the trial court will not be disturbed unless the record discloses a clear abuse of discretion. Villagra v. Carter, 711 S.W.2d 624, 626 (Tex.1986). In civil cases in which the absence of counsel has been urged as grounds for a continuance or new trial, courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence. Gendebien v. Gendebien, 668 S.W.2d 905, 908 (Tex.App.-Houston [14th Dist.] 1984, no writ); citing State v. Crank, 666 S.W.2d 91, 94 (Tex.1984). | Decision of whether to grant a motion for continuance, or to continue case sua sponte, rests within the discretion of the trial court, and action of trial court will not be disturbed unless the record discloses clear abuse of discretion. | "Does the decision of whether to grant a motion for continuance, or to continue case sua sponte, rest within the discretion of a trial court?" | 020502.docx | LEGALEASE 00135776-LEGALEASE 00135777 | Condensed, SA | 0.68 | 0 | 1 | | 0 | |
| 1800 | Acorn Iron Works v. Auxfoni Gen., 295 Mich. 143 | 371+2061 | The statute board of tax administration from time to time has changed its construction and method of enforcing the sales tax law as it affects building trade transactions, but in this connection it is sufficient to note that the liability for the payment of the tax is the ultimate obligation of the consumer. Tax exaction, property or excise, must rest upon legislative enactment, and collectors can act only within the express authority conferred thereby, the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against them. They are construed, and language, if dubious, is not resolved against the taxpayer. | Tax exaction, property or excise, must rest upon legislative enactment, and collectors can act only within express authority conferred thereby, and the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer. | "Can the scope of tax laws be extended by implication or forced construction?" | 04255.docx | LEGALEASE 00135099-LEGALEASE 00135100 | Condensed, SA | 0.59 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1801 | United States v. Jennings, 160 F.3d 1006 | 63+111 | Whether a payment is a bribe or an illegal gratuity under "201 depends on the intent of the payor. A bribe requires that the payment be made or promised "corruptly," that is, with "corrupt intent." Under "201 "corrupt intent" is the intent to receive a specific benefit in return for the payment. See Muldoon, 931 F.2d at 287; United States v. Duvall, 846 F.2d 966, 971 n. 6, 973 (5th Cir.1988); United States v. Arthur, 544 F.2d 730, 734 (4th Cir.1976). In other words, the payor of a bribe must intend to engage in "some more or less specific quid pro quo." … | Good will gift to an official to foster a favorable business climate, given simply with the generalized hope or expectation of ultimate benefit on the part of the donor, does not constitute a "bribe" for purposes of statute prohibiting bribery of public officials and witnesses. 18 U.S.C.A. § 201(b)(1)(A). | Does a good will gift to an official to foster a favorable business climate, given that the good will gift to an official is not intended to induce or influence any particular official act, constitute a "bribe" for purposes of bribery of public officials and witnesses? | Bribery - Memo #461 - C-8.docx | ROSS-003311393-ROSS-003311394 | SA, Sub | 0.9 | 0 | 1 | | 1 | |
| 1802 | Moscow Fire Ins. Co. v. Bank of New York & Tr. Co., 280 N.Y. 286. | 22+151 | It was said by Viscount Cave in Russian Commercial & Industrial Bank v. Comptoir D'Escompte de Mulhouse that 'It is not an agreeable task for a British Court of Justice to consider the effect of a series of acts and orders providing for the compulsory acquisition by a foreign State of the assets of private persons.' So the basic of comity certainly justifies us, if it be more agreeable to an American court which administers the same principles as applied in the courts of this country. Now that we are free to look at the question on principle, we are guided by common-law principles and tradition embodied in state constitution, statutes and judicial decisions. … | Though state court may not sit in judgment on act of government of foreign country within its own territory or choose between different policies, where no choice is open under established rules of law, it is guided by common-law principles and tradition embodied in state constitution, statutes, and judicial decisions, when there is room for choice. | Can a state sit in judgment upon the acts of the government of another, done within its own territory? | 020704.docx | LEGALEASE 00136575-LEGALEASE 00136576 | Order, SA, Sub | 0.84 | 1 | | | 1 | |
| 1803 | Lawler v. State, 562 So. 2d 303 | 30+III+736 | The discretion of a trial court to refuse the continuance to obtain a continuance is limited, and the trial court must apply that discretion to obtain counsel within the time provided, but court may apply that discretion only after reasonable inquiry and warning. … | Trial court has the discretion to refuse continuance where defendant in bad faith neglects to obtain counsel within time provided, but court may apply that discretion only after reasonable inquiry and warning. | Does a trial court have the discretion to refuse continuance where defendant in bad faith neglects to obtain counsel within time provided? | 029412.docx | LEGALEASE 00136336-LEGALEASE 00136237 | Condensed, SA, Sub | 0.8 | | | | 1 | |
| 1804 | Jones v. Green, 74 Cal. App. 2d 223 | 30+239 | It is well established that the granting or refusing of a continuance on account of illness or absence of counsel rests largely in discretion of trial court, and such discretion will not be reviewed unless it is clearly abused. … | The granting or refusing of a continuance on account of illness or absence of counsel rests largely in discretion of trial court, and such discretion will not be reviewed unless it is clearly abused. | Does the granting or refusing of a continuance on account of illness or absence of counsel rest largely in discretion of trial court, and such discretion will not be reviewed unless it is clearly abused? | Pretrial Procedure Memo #370 - C-58.docx | ROSS-003311332-ROSS-003311333 | Condensed, SA | 0.52 | | 0 | 1 | 0 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 1805 | Williams v. Gould, 232 Neb. 862 | 307A+723.1 | In the present case, however, appellant only requested a continuance to obtain depositions and relying on the issue of whether good cause for a continuance must be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings. Neb.Rev.St... [text continues] | Application for continuance must be in writing and supported by affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings. Neb.Rev.St. § 25-1148. | Should an application for continuance be in writing and supported by an affidavit which contains factual allegations demonstrating good cause or sufficient reason necessitating postponement of proceedings? | Pretrial Procedure - Memo #3995 - C - BP.docx | ROSS-003289902-ROSS-003289903 | SA, Sub | 0.79 | 0 | | 1 | 1 | |
| 1806 | Bowers v. Fied W. Amend Co., 72 Ga. App. 714 | 307A+718 | The court did not abuse its discretion in exercising motion for continuance, based upon the absence of an illegal material witness... [text continues] | Trial court did not abuse its discretion in overruling motion for continuance, based upon absence of material witness, in absence of showing that such witness lived in county or had been subpoenaed, and where it appeared that witness was serving overseas in the United States Army, and there was no reason to expect that he would be present at next term of court. Code, § 81-1410. | Should an application for continuance be denied if the absent witness is expected to be procured at the next term? | 003339.docx | LEGALEASE-00136473-LEGALEASE-00136474 | SA, Sub | 0.19 | 0 | | | 1 | |
| 1807 | Ramsey v. Criswell, 850 S.W.2d 258 | 307A+486 | The party seeking to have deemed admissions withdrawn has burden to prove... [text continues] | Party seeking to have deemed admissions withdrawn has burden to prove good cause for failure to make timely answers, where establishing good cause for failure to make timely answers, that withdrawal of the admissions would not prejudice the opposing party, and that presentation of merits would be subserved by withdrawal; requirement of good cause may be established by showing that failure to file was an act of inconscious disregard of obligation to timely file answer, and under this standard, even slight excuse for failure to answer is sufficient. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subds. 1, 2. | Is the burden of proof on the party seeking withdrawal of good cause for failure to make timely answers to requested admissions? | 003766.docx | LEGALEASE-00136177-LEGALEASE-00136178 | Condensed, SA, Sub | 0.51 | 0 | 1 | 1 | 1 | |
| 1808 | Killian Cont. Co. v. Tri-City Const. Co., 693 S.W.2d 819 | 307A+483 | Thus, comparable Rule 70.01 empowers the trial court to accept the default of the party addressed to answer as admission of the matters requested, and is then deem them to conclusively established... [text continues] | Civil rule to [A.M.R. 5.9.01], relating to requests for admissions, empowers the trial court to accept the default of the party addressed to answer as an admission of the matters requested and to deem them to conclusively established. | Does the civil rule relating to requests for admissions empower the trial court to accept the default of the party addressed to answer as an admission of the matters requested and to deem them conclusively established? | 010940.docx | LEGALEASE-00137089-LEGALEASE-00137084 | SA, Sub | 0.86 | 0 | | 1 | 1 | |
| 1809 | Martinez v. Scanlan, 582 So.2d 1167, III. App. 342 | | The decision to grant or deny a motion for continuance is addressed to the sound discretion of the trial court and should not be overturned on appeal unless the discretion has been abused [Hickm v. Patrick (1992), 107 Ill.App.3d 29, 63 Ill.Dec.... [text continues] | Once a cause is reached for hearing, a motion for continuance to be heard without sufficient excuse being shown for the delay in so moving, and movant is then required to present especially grave reason to support its request. S.H.A. ch. 110A, ¶ 231(f). | Once a case is reached for hearing, is a motion for continuance to be heard without a sufficient excuse being shown for the delay in so moving? | 010357.docx | LEGALEASE-00137915-LEGALEASE-00137911 | SA, Sub | 0.8 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 1810 | Serrano v. Ryan's Crossing Apartments, 241 S.W.3d 560 | 307A/723.1 | A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit (see Tex.R.Civ.P. 251; Blake v. Lewis, 886 S.W.2d 404, 409 (Tex.App.-Houston [1st Dist.] 1994, no writ); Magill Endeavors v. Colonial Properties, Inc., 893 S.W.2d 467, 490 (Tex.App.-Houston [1st Dist.] 1995, writ denied)). If the motion is not verified or supported by affidavit, we presume the trial court did not abuse its discretion. Southwest Country Enterprises, Inc. v. Lucky Lady Oil Company, 991 S.W.2d 490, 493 (Tex.App.-Fort Worth 1999, pet. denied). We construe Serrano's argument as stating that her motion was verified because she appears pro se and has personal knowledge of the facts at issue. Verification would be adequate to support the motion. Southwest, 991 S.W.2d at 493; see also Dictionary 1554 (7th Ed.1999). Serrano's motion was not verified because it was unsworn. | For purposes of rule requiring verification of a motion for a continuance, a "verification" or formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document; Vernon's Ann.Texas Rules Civ.Proc., Rule 251. | For purposes of rule requiring verification of a motion for a continuance, a "verification" or formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document? | 030587.docx | LEGALEASE 00137915-LEGALEASE 00137916 | Order, SA, Sub | 0.75 | 1 | | | 1 | |
| 1811 | Body, Vickers & Daniels v. Custom Music, 77 Ohio App. 3d 587 | 307A/720 | Similarly, continuances, like amendments, are a matter of judicial discretion, and it is well settled that the granting or denial of that is committed to the sound discretion of the trial judge. Kidd v. Transit Co. (1935), 24 Ohio App.3d 103, 103, 24 Ohio App.2d 285, 286, 236 N.E.2d 297, 298-299. Further, where a party objecting to amendment or supplemental pleadings is not prepared to proceed under the new pleadings, the court may still allow an amendment under Civ.R. 15 and grant a continuance to enable the opposing party to meet the new evidence. See Hall v. Bunn, supra. Civ.R. 15; 12-A O.Jur.3d 242 at 251. | | Where a party objecting to a amendment or supplemental pleadings is not prepared to proceed under new pleadings, may a court still allow amendment and grant continuance to meet new evidence. Rules Civ.Proc., Rule 15. | 031222.docx | ROS5-000304219-ROS5-000304220 | SA, Sub | 0.63 | | | | 1 | |
| 1812 | Eagle River Mobile Home Park, Ltd. v. Dist. Court In & For Eagle Cty., 647 P.2d 660 | 307A/291(1) | The defendants in this case did assert that there would be prejudice in Eagle River's attempt to assert supplemental pleadings because of a lack of adequate time to prepare their defense to these claims. However, where the party attempting to amend his pleadings is guilty of delay in seeking an amendment, it is preferable to allow the amendment subject to any conditions necessary to avoid prejudice to the opposing party. See C. Wright & A. Miller, Federal Practice and Procedure, § 1488 at 460-441 (1971). Where the prejudice suffered by the opposing party is a lack of adequate time to prepare his case, this hardship may be avoided by granting a continuance of the trial date. Id.; see also, H. W. Huston Construction v. District Court, supra. In the instant, where prejudice to a party resulting from amendment of the pleadings cannot be avoided by requiring appropriate conditions or where the opposing party is prejudiced, his complaint is guilty of bad faith or dilatory motive, substantial reasons for denying the amendment are presented. 6 C. Wright and A. Miller, Federal Practice and Procedure, § 1488 at 444 (1971); see also Baker v. Heagelstein, supra. | | Where prejudice which would be suffered by an opposing party from amending of other party's pleadings is lack of adequate time to prepare its case, may this hardship may be avoided by granting a continuance? | 031327.docx | LEGALEASE 00137315 (LEGALEASE 00137132) | Condensed, SA, Sub (CB1) | 0.81 | | 1 | | | |
| 1813 | Lloyd T. Olsey, P.C. v. Bell Atl.-Washington, D.C., Inc., 652 A.2d 1089 | 307A/726 | We find no abuse of discretion in the trial court's decision to dismiss appellant's claim without prejudice. To recap last time, in its discretion, dismiss a claim which has not been prosecuted with reasonable diligence. Beckwith v. Beckwith, 379 A.2d 955, 958 (D.C.1977) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962)), cert. denied, 436 U.S. 907, 98 S. Ct. 2229, 56 L.Ed.2d 491 (1978). The dismissal of appellant's counterclaim based on appellant's failure to appear at the scheduling conference on October 22, 1993, and on his failure to prepare appellant's counterclaim had never received notice. The trial court found, however, that appellant had previously claimed relief from judgment on the ground of lack of service, and that appellant's failure to appear at the scheduling conference was only the most recent instance of appellant's disregard for Superior Court procedures. See Order, February 25, 1994 ("Plaintiff has now shown a pattern of Defendant's [counterclaimant's] dilatory conduct. Dismissal of counterclaim without prejudice was justified by counterclaimant's failure to appear at scheduling conference and failure to oppose earlier motions to strike and dismiss counterclaim, despite counterclaimant's allegations that he never received notice, record reflected both that notice was sent to counterclaimant and that he had a history of claiming lack of notice. | Dismissal of counterclaim without prejudice was justified by counterclaimant's failure to appear at scheduling conference and failure to oppose earlier motions to strike and dismiss counterclaim, despite counterclaimant's allegations that he never received notice; record reflected both that notice was sent to counterclaimant and that he had a history of claiming lack of notice. | Would the dismissal of counterclaim without prejudice be justified by counterclaimant's failure to appear at scheduling conference? | 031439.docx | LEGALEASE 00137485-LEGALEASE 00137486 | Condensed, SA, Sub (CB) | 0.75 | | 1 | | 1 | |
| 1814 | BioMagix v. Dutch Bros. Enterprises, 729 F. Supp. 2d 1160 | 25/T=151 | Moreover, as a practical matter, inclusion of a generic choice of law clause in a contract does not reflect the parties' intent to be bound by specific state procedural rules on arbitration that differ from the FAA. See Supreme Court Addresses Valid Agreement to Arbitrate and the Preemption Scope of the Federal Arbitration Act, 61 Disp. Resol. J. (2006) Preemption drafting; a generic choice of law clauses typically consider the chosen state's substantive law, not its arbitration procedures which often differ from those of the FAA. Such clauses do not reflect intent by using, job in practical matter, it seems unlikely that sophisticated parties would actually intend to have their lost contractual approach to punitive damages, or that they had any idea that by signing a standard form agreement to arbitrate dispute, they might be giving up an important substantive right. In the face of such doubt, we are unwilling to impute this intent to petitioners. | Does an inclusion of a generic choice of law clause in a contract does not reflect the intent of the parties to be bound by specific state procedural rules which differ from the Federal Arbitration Act (FAA), 9 U.S.C.A. § 1 et seq. | Does an inclusion of a generic choice of law clause in a contract does not reflect the intent of the parties to be bound by specific state procedural rules which differ from the Federal Arbitration Act (FAA), 9 U.S.C.A. § 1 et seq.? | 007955.docx | LEGALEASE 00138993-LEGALEASE 00138994 | Condensed, SA, Sub (CB) | 0.76 | | 1 | | | |

340

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1815 | Stevenson v. Avila Foreign Qualifications Corp., 326 S.W.3d 920 | 307A+361.1 | We would dispute unsuccessfully sought discovery regarding Stevenson's settlement. In the ordinary case, the details of a settlement with an independent tortfeasor could be viewed as beyond the permissible bounds of discovery as there should be no overlap in a plaintiff's recoveries given the absence of joint liability. However, where a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, as Stevenson did in this case, the non-settling independent tortfeasor should be permitted to conduct limited discovery regarding the details of a settlement with the other tortfeasor. Otherwise, the non-settling independent tortfeasor is deprived access to evidence necessary to prove the affirmative defense of satisfaction. We are not suggesting a plaintiff who settles with an independent tortfeasor has any obligation to allocate the settlement in order to avoid a presumption of double recovery. We merely recognize that under certain narrow circumstances, where a plaintiff has expressly created the prospect of double recovery by the plaintiff's assertion that multiple independent tortfeasors are liable for the exact same injury or damage, a non-settling independent tortfeasor should be permitted to determine through limited discovery whether a settlement with a independent tortfeasor bears any attributes which would permit a fact finder to conclude how the settlement proceeds, if any, are to be allocated. | Where a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, the non-settling independent tortfeasor should be permitted to conduct limited discovery regarding the details of a settlement with the other tortfeasor; otherwise, the non-settling independent tortfeasor is deprived access to evidence necessary to prove the affirmative defense of satisfaction. | Where a plaintiff expressly alleges a right to recover for the exact same injury or damage from independent tortfeasors, should the non-settling independent tortfeasor be permitted to conduct limited discovery? | Pretrial Procedure - Memo #4532 - C-55.docx | ROSS/0023016-ROSS-0023017 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | 1 |
| 1816 | Pub. Nat. Bank v. Nat'l City Bank, 261 N.Y. 316 | 307A+92 | The right to examine a party before trial is not as a matter of law dependent on the purpose of the examination or to establish an affirmative claim or defense. It is discretionary with the court to permit an examination of a party, even where the burden of proof is entirely with that party. Thus, a defendant may seek proper conditions, or an examination of a plaintiff, even though the answer contains no affirmative defense and only general denials. In other words, the matter is discretionary with the court, although we recognize the wisdom of the practice adopted in the Appellate Division for the guidance of this discretion, and which confines the examination of a party to this occasion when it is necessary or useful in establishing the plaintiff's case or an affirmative defense, thus preventing the excessive fishing expedition to get evidence. | Right of examination of party before trial is not as matter of law dependent upon a purpose or necessity to establish an affirmative claim or defense, but court in its discretion may permit examination of party having burden of proof throughout. Civil Practice Act, § 288. | Is the right of examination of a party before trial not as matter of law dependent upon a purpose or necessity to establish an affirmative claim or defense? | 031129.docx | LEGALEASE-00138596-LEGALEASE-00138597 | Order, SA, Sub | 0.7 | 1 | 1 | 0 | 1 | |
| 1817 | Ridgeway v. Ridgeway, 180 Conn. 533 | 307A+726 | This court will only find error in the grant or denial of a motion for a continuance "if a clear abuse of the trial court's discretion is shown. Rostain v. Rostain, 169 Conn. 33, 35, 361 A.2d 419 (1975); Stetz v. McRae, 126 Conn. 352, 356, 10 A.2d 398; Akin v. Chase, 81 Conn. 474, 477, 71 A. 367; State v. Bryan, 193 Conn. 467, 479, 478 A.2d 1315 (1984). Every reasonable presumption in favor of the proper exercise of the trial court's discretion will be made. See State v. Jennings, 125 Conn. 273, 283, 374 A.2d 209 (1977); State v. Manning, 162 Conn. 112, 121, 291 A.2d 750 (1971). As a general rule, a somewhat stronger showing must be made to support a motion for continuance where the moving party has obtained prior continuances, particularly where the claim is premeditated. Here the court held a thorough hearing on the plaintiff's claim and participated by inquiring as to what she could review. The trial court certainly was not bound to accept the expert's testimony insofar as it tended to support the plaintiff's case. Stewart v. Stewart, 177 Conn. 401, 402, 418 A.2d 62 (1979). See Thomper v. Thomper, 132 Conn. 547, 549, 45 A.2d 826 (1946). | As a general rule, a somewhat stronger showing must be made to support a motion for a continuance where the moving party has obtained prior continuances, particularly where the claim is premeditated. | Can a stronger showing be made to support a motion for a continuance where the moving party has obtained prior financial affairs of another party to the health of a party? | 031821.docx | LEGALEASE-00138592-LEGALEASE-00138593 | Condensed, SA | 0.83 | 1 | 0 | 0 | 1 | |
| 1818 | Stora Brook Homeowners Ass'n v. Homeowners Ass'n v. Superior Court, 84 Cal.App.4th 691 | 307A+36.1 | First, a litigant's right to evidence of an expert's potential bias is not unfettered or unconditional. As such, in Moskowitz v. Superior Court, 137 Cal.App.3d at page 449, 198 Cal.Rptr. 737, a personal injury plaintiff subpoenaed the records of an orthopedic medical group for the purpose of determining how much a defense expert was paid. The defendant moved for a protective order and the motion was denied. In directing that a protective order be issued, the Court of Appeal stated: "A constitutional amendment adopted in 1974 elevated the right of privacy to an 'inalienable right' expressly protected by force of constitutional mandate. [Citation.] When the interest of a private litigant in discovering relevant facts conflicts with the right of others to maintain reasonable privacy regarding their financial affairs, a court must 'indulge in a careful balancing' before ordering disclosure. [Citation.] It follows that a court must not generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery." Id. at pp. 453, 198 Cal.Rptr. 737.) | Court must not generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery. | Should a court generously order disclosure of the private financial affairs of nonparties without a careful scrutiny of the real needs of the litigant who seeks discovery? | 032010.docx | LEGALEASE-00138305-LEGALEASE-00138311 | Condensed, SA | 0.85 | 0 | 0 | 0 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1819 | Bryant v. Gov. Motors Corp., 684 S.W.2d 422 | 307H+36.1 | The appellants, however, wanted to stake into the negotiations process. Discovery of settlement negotiations is ongoing that plaintiff's counsel because it would reveal information about an opponent's strategy, information that can later be wielded against the opponent and undermine the parties' efforts at trial should the settlement efforts fail. Mars Steel Corp., 834 F.2d at 684; see also Manual for Complex Litigation (Second)" 30.43 (1985) (cautioning against pressing counsel for detailed explications of their settlement calculus because it could disclose matters which may be damaging if the settlement is disapproved). Such discovery is proper only where the party seeking it has a foundation by adducing from other sources evidence indicating that the settlement may be the result of collusion. Mars Steel Corp., 834 F.2d at 684; see also White v. National Football League, 822 F.Supp. 1389, 1429 (D.Minn.1993); Domestic Air, 144 F.3d at 1424; Bowling v. Pfizer, Inc., 143 F.R.D. 141, 146 (S.D.Ohio 1992). The appellants produced no independent evidence indicating that the settlement was anything other than the result of arm's-length negotiations. The trial court did not abuse its discretion in refusing to keep the record open for thirty days so that the appellants could conduct further discovery. | Discovery of settlement negotiations and settlement calculus in class action is proper only where objectors seeking discovery by foundation by adducing from other sources evidence indicating that settlement may be result of collusion. | Is the discovery of settlement negotiations and settlement calculus in class action proper only when objectors seeking discovery by foundation by adducing from other sources evidence indicating that settlement may be result of collusion? | D3385.docx | LEGALEAGE 00195279-LEGALEAGE 00195280 | Condensed, SA, Sub | 0.82 | 0 | | 1 | 1 | |
| 1820 | Motmber Cambo v. United States, 641 F.3d 1040 | 34+7(2) | As this court has noted before, "when a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion, she may apply for relief to the appropriate correction board. 10 U.S.C.A. § 1552(a). In the appropriate correction board " Rorh v. United States, 378 F.3d 1371, 1381 (Fed.Cir.2004). A correction board is the conduit of correction, through which the Secretary of a military department "may correct any error or injustice ... when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). | When a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion, she may apply for relief to the appropriate correction board. 10 U.S.C.A. § 1552(a). | "Can a person apply for relief where a military officer is involuntarily separated from active duty, or mandatorily retired, for twice failing to be selected for promotion?" | D0843.docx | LEGALEAGE 00193944-LEGALEAGE 00193945 | Condensed, SA | 0.61 | | | 0 | 1 | |
| 1821 | United States v. Kincaid-Chauncey, 556 F.3d 923 | 137+2(8.1)(3) | Like the quid pro quo requirement for Hobbs Act extortion under color of official right charges, the quid pro quo necessary for a bribery honest services fraud conviction need not be explicit, and the district court need not prove the quid pro quo when it maintains the pro quo so long as the essential idea of gov- United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir.1998) ("The quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." (internal quotation marks omitted)). Other theories of honest services fraud "for example, when a government official violates a conflict of interest disclosure requirement" do not require a quid pro quo because they are sufficiently limited by the specific intent requirement that we have long recognized in all mail and wire fraud prosecutions. See also United States v. Sidloy, 2009 WL 1211751, at (9th Cir. January 5, 2009) (holding that a public official must knowingly and intentionally violate duty for honest services to be found based on a conflict of interest in violation of 18 U.S.C. * 208). | Quid pro quo necessary for a bribery honest services fraud conviction need not be explicit, and the district court need not prove the quid pro quo when it maintains the pro quo so long as the essential idea of gov. and idea is conveyed. 18 U.S.C.A. § 1346. | Does the quid pro quo necessary for a bribery honest services fraud conviction need to be explicit? | D1355.docx | LEGALEAGE 00240672-LEGALEAGE 00240673 | Condensed, SA | 0.81 | | | 0 | 1 | |
| 1822 | Bedford v. White, 106 Colo. 439 | 299+2 | "A pension is not a matter of contract, and is not founded upon any legal liability. No one has a legal vested right to a pension; it is a mere bounty or gratuity given by the government in consideration or recognition of meritorious past services, of for damage sustained in the public service, or springing from the appreciation and gratuousness of the sovereign." It may be bestowed upon such persons and upon such terms as the law-making body of the government prescribes. And "to promote its exercise and disbursement in exact conformity with the terms of the grant, and must be subject to all the limitations, conditions and rules prescribed by the government; and most, in exceptancy granted by the law. And although existing pension laws may entitle one to a pension, the government may, at its pleasure, at any time change or withdraw the grant, and retire or destroy it altogether." 48 C.J. 786, * 2. | A "pension" is not a matter of contract, and is not founded on any legal liability, and no legal vested right thereto exists, but is mere bounty or gratuity given by the government in consideration or recognition of meritorious past services, or of loss or damage sustained in the public service, springing from the appreciation and gratuousness of the sovereign, and may be bestowed on such persons and such terms as legislature prescribes. | Should pension be subject to such limitations as may be imposed? | D2780.docx | LEGALEAGE 00140536-LEGALEAGE 00140537 | SA, Sub | 0.55 | | | 0 | | 1 |
| 1823 | Travers v. Jennings, 39 S.C. 410 | 307A+74 | The text of the first section of the Act of 1883 (18 St. at Large, 378) is as follows: "Every deposition taken under the provisions of this section, providing sections shall be retained by the officer taking it unfiled, at least, it shall be the officer's duty, within twenty days, to deliver it, with his own hand, into the court for which it is intended, or, in case he be sick, or he absent from the state, and cannot attend in person, he shall, by his own hand, seal up and address the deposition to the court for which it is taken, and the said court or clerk thereof; and to the adverse party, to be mailed as said court or clerk thereof by mail of express, and remain under his seal until opened in court. [Italics ours.]" This court has had occasion, several times, to pass upon the provisions of this statute as it appeared in the Acts of 1883 (18 St. at Large 378) and 1893 (21 S.C. 4) & 5, 6. Rep. 897; Rutonlele v. Comer, 30 S.C. 254, 8 S.E. Reg. 561; Wabney v. Murray, 30 S.C. 3, Sure Pav. Off. & co.; Stoddard v. Hill, 35 C. 171, 5. Rep. 138 ; in the case first cited this court announced: "The language of our Act of 1883 requires depositions to be taken under prescribed conditions, and, according to the well-settled rule, a party cannot avail himself of such privileges without complying with the conditions prescribed therein." To the same effect, in a subsequent similar statute, has the United States supreme court expressed itself, as will be seen in Bein v. Morrison, 1 Pet. 351; Shutte v. Thompson, 15 Wall. 161. | "Shall every deposition taken be retained by the officer taking it unfiled, until he delivers it, with his own hand, into the court?" | D2476.docx | LEGALEAGE 00240522-LEGALEAGE 00240523 | Condensed, SA, Sub | 0.44 | | | 1 | 1 | 1 |

342

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,025 |
| 1824 | Borrego v. United States, 57 F. Supp. 408 | 414c8 | Plaintiffs claim that adoption of the "bull rule" exceeded the authority granted to the Secretary of Agriculture by Congress regarding regulation of the National Forests. 16 U.S.C. * 551 grants to the Secretary of Agriculture power to make rules and regulations concerning the "occupancy and use" of national forests. 16 U.S.C. * 580l. … | Under statute granting Secretary of Agriculture power to make and promulgate rules and regulations concerning "occupancy and use" of national forests, Secretary has broad authority to issue use regulations and such regulations as he may deem proper. 16 U.S.C.A. §§ 551, 580l. | Which statute empowers the Secretary of Agriculture to make rules regarding occupancy and use of national forests? | Woods and Forest - Memo 72 - ANN.docx | ROSS.0001839267 ROSS-00310628 | Condensed, SA, Sub 0.73 | | 0 | | | | 1 |
| 1825 | Jagla v. Northstar Tubular Corp., 159 A.D.2d 336 | 414d1.1 | In this case, while the complaint alleges that Coopers & Lybrand was actually the recipient of the bribe, it does not allege that the bribe was offered without the knowledge of the proposed recipient's principal, i.e., the corporation; on the contrary the plaintiff in fact alleges that Coopers & Lybrand was aware of the bribe … | While complaint alleged that accounting firm was actually involved in offering bribe, it did not allege that bribe was offered without knowledge of proposed recipient's principal so that plaintiff was harmed, as required to allege commercial bribery in first degree under New York Penal Law (McKinney's Penal Law § 180.03; 18 U.S.C.A. § 960.11). | To state a commercial bribery claim, is it required to allege that the bribe was offered without the knowledge of the proposed recipient's principal? | 013061.docx | LEGALEASE 00146742-LEGALEASE-00140743 | Condensed, SA, Sub 0.61 | | 1 | | | | 1 |
| 1826 | United States v. Jefferson, 562 F. Supp. 2d 687 | 414d1.1 | The Second Circuit rejected Biaggi's argument, concluding that "`201 "encompass[es] all of the acts normally thought to constitute a congressional legitimate act of his office." Biaggi, 853 F.2d at 97 (emphasis added). It follows that an indictment under section 201 is sufficient if the acts alleged to have been undertaken in return for the bribe are among the unlawful duties or practices of his office. | An indictment under the bribery statute is sufficient if the acts allegedly have been undertaken in return for the bribe are among the defendant's official duties or among the unlawful customary duties or practices of his office? | 003007.docx | ROSS-003350741 | Condensed, Order, SA | 0.45 | 0 | | | | 1 |
| 1827 | Kissinger v. Sch. Dist. No. 49 of Clay Cty., 163 Neb. 33 | 307A44.8 | In that case, the applicable rule was that an applicant to intervene in a pending action by right must satisfy the requirements that the genuineness of relevant documents, and all objections thereto are heard and the party admits them in accordance with time allotted ordered to respond thereto; his failure to do so within the time allotted constitutes an admission of such matters … | Where a party properly serves requests for admissions of relevant matters of fact, does failure to make a proper response within the time allotted constitute an admission of facts sought to be admitted? | 003007.docx | LEGALEASE 00141344-LEGALEASE-00141345 | Condensed, SA, Sub 0.78 | | 1 | | | | 1 |
| 1828 | Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A44.8 | The determination of whether "there were no good reasons for the denial," whether the requested admission was "of substantial importance," and the amount of expenses awarded therefor is left within the sound discretion of the trial court. (Haseltine v. Haseltine (1962) 203 Cal.App.2d 48, 61, 21 Cal.Rptr. 238.) By contrast, if the trial court overrules objection to a request for admission, and determines that the statute only, reasonable expenses must be awarded." 2034(c) On appeal, the trial court's decision will not be reversed unless the appellant demonstrates that the lower court abused its discretion. | Determination of whether there was no good reason for denial, whether requested admission was "of substantial importance," and amount of expenses awarded for establishing fact denied, within the sound discretion of trial court? | 010720.docx | LEGALEASE 00141471-LEGALEASE-00141472 | SA, Sub | 0.57 | 0 | | | | 1 |
| 1829 | Williams v. Gould, 232 Neb. 862 | 307A16.1 | Therefore, any party to an action in which a special appearance has been filed is entitled to discovery authorized by the Nebraska Discovery Rules to ascertain facts necessary for establishing that defendant's jurisdiction … | Is any party to an action in which a special appearance has been filed entitled to discovery authorized by rules to ascertain facts relevant to court's jurisdiction over a person of defendant? | 012515.docx | LEGALEASE 00141372-LEGALEASE-00141373 | Condensed, SA | 0.79 | 1 | | 0 | | 1 |

343

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1830 | Matter of Hoffel Blood, Honolulu, 57 Haw. 175 | 371+2055 | The basic test of State jurisdiction to tax is whether the tax bears some reasonable fiscal relation to the protection, opportunities and benefits given by the State, i.e. whether the State has provided something for which in fairness it can ask such a return. U.S.C.A.Const. art. 1, § 8, cl. 3; Amend. 14. | Basic test of state jurisdiction to tax is whether the tax bears some reasonable fiscal relation to the protection, opportunities and benefits given by the state, i.e., whether the state has provided something for which in fairness it can ask such a return. U.S.C.A.Const. art. 1, § 8, cl. 3; Amend. 14. | "Is whether the tax bears some reasonable fiscal relation to the protection, opportunities and benefits given by the state, the basic test of the state jurisdiction to tax?" | 043485.docx | LEGALEASE-00161756-LEGALEASE-00161757 | SA_Sub | 0.62 | | 0 | 0 | 1 | |
| 1831 | Greenlee v. Dukes Plastering Serv., 75 S.W.3d 273 | 413+46 | Workers' compensation laws are entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | When interpreting a statute, the workers compensation law, must a court ascertain the intent of the legislature and give effect to that intent if possible? | "When interpreting a statute, how must a court ascertain the intent of the legislature and give effect to that intent if possible?" | 043486.docx | LEGALEASE-00142063-LEGALEASE-00142064 | Condensed_SA | 0.65 | | 1 | 0 | 1 | |
| 1832 | People v. Adams, 19 Cal. App. 4th 412 | 63+1(1) | The gist of the crime of bribery is the wrong done to the People by corruption in the public service, and thus, the public servant who agrees to and does receive/accepts events, not to benefit himself or a third party, but for the proposed satisfaction of committing obedience, is said to receive no bribe. See Commonwealth v. Albert, 310 Mass. 811, 40 N.E.2d 21, 26 (1942). But is the crime of bribery the wrong done to the People by corruption in the public service, and thus, the public servant who agrees to and does receive/accepts events, not to benefit himself or a third party, but for the proposed satisfaction of committing obedience, is said to receive no bribe. Penal Law § 200.10. | Is the gist of the crime of bribery the wrong done to the people by corruption in the public service? | Briery - Memo #315 - C-DS.docx | DOS305001003-00301002 | SA_Sub | 0.58 | | 0 | 0 | 1 | |
| 1833 | Gerrity Oil & Gas Corp. v. Magness, 946 P.2d 913 | 260+51(1) | In the absence of statutes, regulations, or lease provisions to the contrary, unless conduct of oil and gas operator in accessing, exploring, drilling, and using the surface is reasonable and necessary to development of the mineral interest, conduct is "trespass." ... | In the absence of statutes, regulations, or lease provisions to the contrary, unless conduct of oil and gas operator in accessing, exploring, drilling, and using the surface is reasonable and necessary to development of the mineral interest, conduct is "trespass." | "Is the conduct of an operator in accessing, exploring, drilling, and using the surface trespass if it is not reasonable and necessary to the development of the mineral interest?" | 02105.docx | LEGALEASE-00145560-LEGALEASE-00145561 | SA_Sub | 0.81 | | 0 | 1 | 1 | |
| 1834 | King v. Mayor & Council of Rockville, 249 Md. 243 | 307A+717.1 | We find no error and no prejudice in requiring Mrs. King to go to trial under the conditions that the trial court ordered. The granting or refusing of a continuance is in the sound discretion of the trial court and an exercise of that discretion will not be disturbed unless arbitrary. ... | Whether granting or refusal of a continuance, is an important factor in whether the witness who is unavailable will be able to be present within a reasonable time. Maryland Rules, Rule 527 | "While granting or refusal of a continuance, is it an important factor in whether the witness who is unavailable will be able to be present within a reasonable time?" | 03303.docx | LEGALEASE-00145536-LEGALEASE-00145537 | Order_SA_Sub | 0.83 | | 1 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 23,876 | 9,079 |
| 1835 | Main Medical & Diagnostic Ctr. v. Liberty Med. Ins. Co., 3765 WLM AES | 307A+554 | When the legislature grants an administrative agency the sole authority to make an initial determination it retains, the agency has exclusive jurisdiction over the dispute. Thomas v. Lng, 207 S.W.3d 334, 340 (Tex.2006), HealthSouth Med. Ctr. v. Employers Ins. Co. of Wausau, 232 S.W.3d 828, 830*31 (Tex.App. Dallas 2007, pet. denied). Whether the Legislature has vested exclusive jurisdiction in an agency is determined by examination and construction of the relevant statutory scheme. Thomas, 207 S.W.3d at 340 (citing Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex.2002)). An agency has exclusive jurisdiction when the Legislature expressly grants the agency exclusive jurisdiction or when a "pervasive regulatory scheme" reflects a legislative intent that an agency have the sole power to make the initial determination in the dispute. Thomas, 284 S.W.3d at 340*70, Thomas, 207 S.W.3d at 340. If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review. Thomas, 284 S.W.3d at 340, Thomas, 207 S.W.3d at 340. Until the party has satisfied the exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. Thomas, 207 S.W.3d at 340, HealthSouth Med. Ctr., 232 S.W.3d at 831. | Until a party has satisfied the requirement to exhaust administrative remedies, the trial court lacks subject-matter jurisdiction and must dismiss those claims without prejudice to refiling. | "Does the trial court lack subject-matter jurisdiction until a party has satisfied the requirement to exhaust all administrative remedies, and must dismiss those claims without prejudice to refiling?" | Pretrial Procedures Memo #3765 - C - V4.docx | ROSS-000304815-ROSS-000304816 | Condensed, SA | 0.86 | 0 | | | 1 | |
| 1836 | Addison v. Aurukumar, 153 A.D.3d 477 | 307A+746 | To be relieved of the default in appearing at the conference, the plaintiff was required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (see CPLR 5015[a] [1]; Hageman v. Home Depot U.S.A., Inc., 45 A.D.3d 1010, 1011, 846 N.Y.S.2d 489; Matera v. Skok Supermarket Co., LLC, 83 A.D.3d 656, 920 N.Y.S.2d 881; Marrero v. Crystal Nails, 77 A.D.3d 798, 909 N.Y.S.2d 156). | To be relieved of a default in appearing at a compliance conference in a personal injury action, plaintiff is required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action. McKinney's CPLR 5015(a)(1). | "Is plaintiff required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action?" | 03367.docx | LEGALEASE-00142447-LEGALEASE-00142448 | SA Sub | 0.39 | | | | 1 | |
| 1837 | Adelson v. Hananel, 510 F.3d 43 | 1708I+2081 | Applying the prima facie standard, Adelson bears the burden of establishing that the district court has personal jurisdiction over Hananel. We "must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing," irrespective of whether the defendant disputes them, and in so doing, "construe them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir.1998). Then, "we add to the mix facts put forward by the defendant become part of the mix only to the extent that they are uncontradicted at id.34. | Court of Appeals must accept the plaintiff's properly documented evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing, irrespective of whether the defendant disputes them, and in so doing, Court of Appeals must construe those facts put forward by the defendant become part of the mix only to the extent that they are uncontradicted. | Should the court construe the plaintiff's evidentiary proffers in the light most congenial to the plaintiff's jurisdictional claim? | 03080.docx | LEGALEASE-00142518-LEGALEASE-00142519 | Condensed, SA | 0.37 | | | | 1 | |
| 1838 | Shaw v. Turnip Life Ins. Co., 49X3, W2d 495 | 307A+726 | Appellant also complains of the failure of the trial court to grant him a second continuance prior to its ruling on the motion for summary judgment. We believe, after a careful review of the record, that the appellant had ample time prior to summary judgment within which to contradict movant's assertions, and that the trial court did not abuse its discretion in failing to grant appellant a further postponement. Furthermore, appellant did not move for a new trial on the ground of the failure to grant a second continuance. Even in a summary judgment case, a party to a trial cannot, for the first time on the appeal of a case, raise such complaints as an error. Trial court did not abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion. | Trial court did not abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adversary party. | Will the court abuse its discretion in failing to grant plaintiff a second continuance prior to ruling on summary judgment motion brought by adversary party? | 03094.docx | LEGALEASE-00145583-LEGALEASE-00145584 | Condensed, SA, Sub-8 | 0.8 | | | | 1 | |
| 1839 | Gravelina v. Cordova, F.3d 1082 | 307A+554 | Examining these same provisions in Fagg v. Maulucci, 862 F.2d 171, 176 (Colo.1984), we clarify whether a plaintiff entity qualifies for immunity under the emergency vehicle exception is a question of subject matter jurisdiction to be resolved by the court. See generally Westminster, 848 P.2d 916, 924 (Colo.1993). As such, if raised before trial, the issue is properly addressed pursuant to a C.R.C.P. 12(b)(1) motion to dismiss. West's C.R.S.A. § 24-10-106(1)(a); Rules Civ.Proc., Rule 12(b)(1). | If the issue whether a public entity qualifies for immunity under the Governmental Immunity Act (GIA) is raised before trial, the issue is properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction. West's C.R.S.A. § 24-10-106(1)(a); Rules Civ.Proc., Rule 12(b)(1). | Is the issue properly addressed pursuant to a motion to dismiss (whether a public entity that qualifies for immunity under the governmental immunity) is raised before trial in a tort case? | 03433.docx | LEGALEASE-00142907-LEGALEASE-00142908 | Condensed, SA, Sub-0.3 | 0.3 | | | | 1 | |
| 1840 | Guzman-Crothers v. Brynda, 210 F.L.App [1st] 130280 | 307A+560 | While moving for dismissal pursuant to Rule 10(b), a defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in obtaining service on a defendant, defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. | When moving for dismissal for plaintiff's failure to exercise reasonable diligence in obtaining service on a defendant, defendant must make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint. | Should defendant make a prima facie showing that the plaintiff failed to act with reasonable diligence in effectuating service after filing the complaint? | Pretrial Procedures Memo #3225 - C - S4.docx | ROSS-000289613 | Condensed, SA, Sub-0.06 | 0.06 | | | | 1 | |

345

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1841 | Christian v. Lincoln Auto Co., 403 III. App. 3d 1038 | 307A+560 | As noted by the trial court in this case, public policy in Illinois favors determining whether cause is resolved on the merits rather than as a matter of service default... (legal opinion text) | Although controversies should ordinarily be resolved on their merits if the both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service... | "Can a plaintiff complain where the dismissal resulted from his own lack of diligence in effectuating service, although controversies should ordinarily be resolved on their merits if the both sides have had their day in court?" | 03751.docx | LEGALEASE 00182868 LEGALEASE 00182870 | SA, Sub | 0.89 | 0 | | | 1 | |
| 1842 | Whitaker v. Town of Scotland Neck, 154 N.C. App. 660 | 413+2 | The North Carolina Workers' Compensation Act is the sole remedy in most cases for employees who, in the course of their employment, are injured... (legal opinion text) | Workers' Compensation Act was created to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer, and simultaneously to deprive the employee of certain rights he had at the common law. West's N.C.G.S.A. 5-97-1 et seq. | Was the Workers' Compensation Act created to provide certain limited benefits to an injured employee regardless of negligence on the part of the employer? | 04811E6.docx | LEGALEASE 00142150 LEGALEASE 00142151 | SA, Sub | 0.5 | 0 | | | 1 | |
| 1843 | Bloomgarden v. Lanza, 143 A.D.3d 850 | 106+15 | "Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a CPLR 3211(a)(8) motion to dismiss a complaint... (legal opinion text) | Although the ultimate burden of proof regarding personal jurisdiction rests with the plaintiff, to defeat a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | Questioned whether a plaintiff only make a prima facie showing that the defendant is subject to the personal jurisdiction of the court? | Pretrial Procedure - Memo E533 - C - E5.docx | LEGALEASE 00033835 LEGALEASE 00033836 | SA, Sub | 0.62 | 0 | | | 1 | |
| 1844 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+685 | "Where a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, defendants ... (legal opinion text) | When a trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support the motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(3). | "When a trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support the motion with affidavits or other evidentiary materials, Tenn. R. Civ. P. 12.02(3)." | 02909.docx | LEGALEASE 00141513 LEGALEASE 00141514 | SA, Sub | 0.77 | 0 | | | 1 | |
| 1845 | State v. N. Atl. Ref. Ltd., 160 N.H. 275 | 307A+622 | Under the prima facie standard, the inquiry is whether the plaintiff has sufficiently pleaded a cause of action... (legal opinion text) | The trial court's role when ruling, under the prima facie standard, on a motion to dismiss for want of personal jurisdiction, is to determine whether the plaintiff's pleadings and affidavits... | Do the court's have the role of a data collector for the purpose of determining the adequacy of the prima facie jurisdictional showing? | 03309.docx | LEGALEASE 00181782 LEGALEASE 00181783 | Condensed, SA, Sub | 0.71 | 0 | | 0 | 1 | |

346

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1846 | Munson v. Valley Energy Inv. Fund, U.S., LP, 264 Or. App. 679 | 307A+680 | In Oregon, where a court concludes that the parties have a valid and enforceable agreement to litigate the action in a different venue, the court must "dismiss the action in response to a timely motion to dismiss for lack of jurisdiction over the subject matter." Black, 337 Or. at 264, 95 P.3d 1109. In evaluating a motion to dismiss on that ground, the trial court has authority to consider the facts alleged in the complaint along with "matters outside the pleading, including affidavits, declarations and other evidence," ORCP 21 A, "regarding [the] venue agreement and whether it is ambiguous." Black, 337 Or. at 266, 95 P.3d 1109. However, the court's determination of facts on a motion to dismiss may not "interfere with a party's right to a trial on disputed questions of material fact." Id. at 265, 95 P.3d 1109; see also ORCP 21 A (when evaluating jurisdictional facts on a motion to dismiss, the "court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until a trial on the merits"). Thus, when considering a motion to dismiss for lack of subject matter jurisdiction, the trial court may decide disputed jurisdictional facts based on evidence submitted by the parties, but the court may not, at that stage, decide disputed facts that go to the merits of the underlying claim because to do so would deprive a party of its entitlement to a trial "on disputed questions of material fact." Black, 337 Or. at 265, 95 P.3d 1109; see ORCP 47 C (stating the standard for finding genuine issues of material fact in summary judgment context); see also State v. West, 250 Or.App. 196, 204, 279 P.3d 354 (2012) ("Evidence is material if it has a reasonable probability of affecting the outcome of the proceeding." (Internal quotation marks omitted.)); Black's Law Dictionary 670 (9th ed. 2009) (a material fact is one "that is significant or essential to the issue or matter at hand").15 | When considering a motion to dismiss for lack of subject matter jurisdiction, the trial court may decide disputed jurisdictional facts based on evidence submitted by the parties, but the court may not, at that stage, decide disputed facts that go to the merits of the underlying claim because to do so would deprive a party of its entitlement to a trial on disputed questions of material fact. Rules Civ.Proc., Rules 21, 47. | Must a trial court make findings of the jurisdictional facts presented with a motion to dismiss on the basis of lack of jurisdiction? | 033220.docx | LEGALEASE-00144621-LEGALEASE-00144622 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 1847 | Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | For sure, courts can always enforce the service rule on their own initiative to achieve its purposes, independent of the course of conduct of the parties. See Iowa R. Civ. P. 1.302(5). Additionally, a defendant may also uphold the purpose of the service rule by moving to dismiss for untimely service. See Meier, 641 N.W.2d at 541"42. But, in both instances, good cause must be considered in deciding to dismiss a petition for untimely service, and Wilson informs us that this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. See 678 N.W.2d at 422"23. In Henry, it was not inequitable for the defendant to move to dismiss when his insurance representative only continued to negotiate a settlement and did nothing to make the plaintiff think service was unnecessary. See 566 N.W.2d at 191, 192"93. In Wilson, it was inequitable for the defendant to move to dismiss after allegedly agreeing to delay service. See 678 N.W.2d at 422. In the end, the results of both cases are consistent with our long-standing approach that dismissal for failing to timely accomplish service of process is appropriate when the failure results from " "[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service." " See id. at 421 (quoting Henry, 566 N.W.2d at 192"93). | Dismissal for failing to timely accomplish service of process is appropriate when the failure results from inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service. I.C.A. Rule 1.302(5). | "Is dismissal for failing to timely accomplish service of process appropriate when the failure results from inadvertence, neglect, and misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service?" | 033582.docx | LEGALEASE-00143741-LEGALEASE-00143742 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 1848 | Fernandez v. Cohn, 54 So. 3d 1040 | 307A+560 | As our sister court, relying in significant part on an earlier decision from this Court, has confirmed, this rule provides a trial court with three options when service has not been perfected within 120 days of the filing of the complaint. The options are: "(1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop [the unserved] defendant as a party." Chaffin v. Jacobson, 793 So.2d 102, 103"104 (Fla. 2d DCA 2001). Where good cause or excusable neglect for failure to make timely service has been demonstrated, a trial court must extend the time for service "and has no discretion to do otherwise." | Where no good cause or excusable neglect exists for failure to make timely service of process, a trial court is left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time, to dismiss action without prejudice, or to drop unserved defendant as a party, except where statute of limitations has run, in which case discretion should normally be exercised in favor of extending time for service of process. West's F.S.A. RCP Rule 1.070(j). | "Where no good cause or excusable neglect exists for failure to make timely service of process, is a trial court left to exercise its discretion as to its choice of whether to direct that service be effected within a specified time?" | 033611.docx | LEGALEASE-00143850-LEGALEASE-00143851 | Condensed, SA, Sub | 0.25 | 0 | 1 | 1 | 1 | 1 |
| 1849 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 307A+560 | As noted by the trial court in this case, public policy in Illinois favors determining controversies according to the substantive rights of the parties. McCormack v. Leons, 261 Ill.App.3d 293, 295, 199 Ill.Dec. 401, 634 N.E.2d 1, 2"3 (1994). For this reason, courts have held that Rule 103(b) is not to be used merely to clear a crowded docket. Leons, 261 Ill.App.3d at 295, 199 Ill.Dec. 401, 634 N.E.2d at 3. Furthermore, although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. Kole, 325 Ill.App.3d at 953, 259 Ill.Dec. 649, 759 N.E.2d at 136"37. After the defendant has made a case-specific prima facie showing the plaintiff failed to exercise reasonable diligence in effectuating service after filing suit, the burden shifts to the plaintiff to offer an explanation for his actions.Kole, 325 Ill.App.3d at 949, 259 Ill.Dec. 649, 759 N.E.2d at 133. Rule 103(b) is not based upon the subjective test of plaintiff's intent, but rather, upon the objective test of reasonable diligence in effecting service. Cannon v. Dini, 226 Ill.App.3d 82, 86, 168 Ill.Dec. 253, 589 N.E.2d 653, 656 (1992). | Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, a plaintiff may not complain where the dismissal resulted from his own lack of diligence in effectuating service. Sup.Ct.Rules, Rule 103(b). | "Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, can a plaintiff not complain where the dismissal resulted from his own lack of diligence in effectuating service?" | 033665.docx | LEGALEASE-00144151-LEGALEASE-00144152 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 1850 | Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158 | 307A+746 | If sanctions are warranted in a case, the trial judge must craft an appropriate sanction by considering the complete range of sanctions and weighing the sanction in light of the full record in the case. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); Cine Forty"Second St. Theatre Corp. v. Allied Artists Picture Corp., 602 F.2d 1062, 1068 (2d Cir.1979). The trial judge should exercise informed discretion in imposing a sanction which is commensurate with the seriousness of the disobedient party's conduct. Kwik Way Stores, Inc. v. Caldwell, 745 P.2d 672, 677 (Colo.1987). | If sanctions are warranted for failure to file trial date certificate, trial judge must craft appropriate sanction by considering complete range of sanctions and weighing sanction in light of full record in case. Rules Civ.Proc., Rule 121(c), Standard S 1-18, subd. 1(d). | "If sanctions are warranted for failure to file trial date certificate, should the trial judge craft appropriate sanction by considering the complete range of sanctions and weighing sanction in light of the full record in case?" | Pretrial Procedure - Memo # 6649 - C - PC.docx | ROSS-003289295-ROSS-003289296 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 1851 | McAdoo v. Univ. of N. Carolina at Chapel Hill, 225 N.C. App. 50 | 307Ak552 | Our Supreme Court has succinctly stated the test for mootness:Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. In re Peoples, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978). In North Carolina, a plaintiff's actions subsequent to the start of litigation can render the plaintiff's claims moot. For instance, in Manor v. Town of Chapel Hill, 344 N.C. 719, 483 S.E.2d 20 (1997), a landowner brought suit against a town for a re-zoning action that allegedly deprived him of the use of his land. Because the landowner did not seek a reasonable value "for his land, Id. at 732, 485 S.E.2d at 270 quotation marks and citation omitted). Because the landowner later sold the land for $1,530,000, the Supreme Court determined that the claim was moot. Id. | Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. | Will courts entertain or proceed with a cause merely to determine abstract propositions of law? | 03A365.docx | LEGALEASE-00184187-LEGALEASE-00184188 | Condensed, SA | 0.68 | | | | 1 | |
| 1852 | Nagy v. Dist. Court of Cnty. & Cty. of Denver, 762 P.2d 158 | 307Ak746 | The guidelines for the imposition of a litigation-ending sanction such as a default judgment under C.R.C.P. 37(d) were articulated by this court in Kwik Way Stores. To impose the harshest of sanctions against a party for failure to comply with a discovery rule or order, the trial court must make a specific finding of one of three factors on the part of the disobedient party: (i) willfulness or deliberate disobedience of a rule; (ii) fault; or (iii) some other reason for noncompliance or simple negligence but to gross negligence. Rule Civ.Proc., Rule 37(d)(2), 12(2), 15(a) et 6(d) | To impose sanction of dismissal against party for failure to comply with rule requiring filing of trial date certificate no later than 45 days before trial date, trial court must make specific finding of one of three factors on the part of disobedient party, i.e., willfulness or deliberate disobedience of rule, bad faith conduct which is flagrant disregard or dereliction of party's obligation under discovery rule, or culpable conduct that is more than mere inadvertence or simple negligence but to gross negligence. Rules Civ.Proc., Rules 37(b)(2), 12(2), 15(a) et 6(d) | To impose the sanction of a default judgment against a party for failure to comply with a discovery rule or order, should the trial court make a specific finding of one of three factors on the part of the disobedient party? | 03A385.docx | LEGALEASE-00184071-LEGALEASE-00184072 | SA, Sub | 0.33 | | | | 1 | |
| 1853 | In re Peoples, 296 N.C. 109 | 307Ak552 | Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. See Rensomat Parent Teacher Association v. Nash County Board of Education, 275 N.C. 675, 170 S.E.2d 473 (1969); Crew v. Thompson, 266 N.C. 476, 146 S.E.2d 471 (1966). In re Assignment of School Children, 242 N.C. 500, 87 S.E.2d 911 (1955); Swann v. Kirsten, 218 N.C. 152, 71 S.E.2d 318 (1953); 5 Strong's N.C. Index 3rd Actions s 3, Appeal & Error s 9 (1976). | Whenever, during course of litigation it develops that relief sought has been granted or that questions originally in controversy between parties are no longer in issue, case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract proposition of law. | Should a case be dismissed when it develops that relief sought has been granted or that questions between the parties are no longer at issue? | 03A383.docx | LEGALEASE-00184456-LEGALEASE-00184457 | Condensed, SA | 0.56 | | | | 1 | |
| 1854 | Quinn v. Wenco Food Sys. Co., 269 A.D.2d 407 | | The Supreme Court improperly exercised its discretion in denying the branch of the defendants' motion which was to compel the plaintiffs to serve a complaint (see, CPLR 3012[b]). In opposing the appellants' motion, the plaintiffs was required to demonstrate a meritorious cause of action and a reasonable excuse for the delay (see, Bruno v. New York City Hous. Auth., 233 A.D.2d 519, 676 N.Y.S.2d 71; Colby v. Morrison, 247 A.D.2d 164, 668 N.Y.S.2d 866; The Colby v. Chaffee v. Winston, 224 A.D.2d 320, 320, 651 N.Y.S.2d 868). The excuse proffered for serving the complaint over 14 months after it was due, and three months after service of the motion to dismiss, was that the plaintiff's counsel had a burglary in his office of unspecified date and "all of [his] files were misplaced lost and destroyed. | To withstand defendant's motion to dismiss complaint for failure to serve complaint upon demand, plaintiff must demonstrate meritorious cause of action and reasonable excuse for delay? | 03A421.docx | LEGALEASE-00183593-LEGALEASE-00183612 | Condensed, SA, Sub | 0.76 | | | | 1 | |
| 1855 | JP Morgan Chase Bank, Nat. Ass'n v. Ilardo, 36 Misc.3d 959 | 307Ak553 | The court rejects the defendants' claim that their motion should be granted in light of the failure of the plaintiff to file a Request for Judicial Intervention (upon the filing of this action). If defense counsel's argument on the RJI (7-6), the requirement to serve upon the plaintiff has enacted by 22 NYCRR 202.12 (5). The rule does not require that the plaintiff file the RJI within a period of proof of service upon the borrower; who is likely one of several proper party defendants who might have named who might have a motion under a motion to dismiss. Additionally, there is no time requirement imposed upon the filing of proof of service. In effect, the personal delivery (see CPLR 308[2]) or after mailing (see CPLR 308[4]) [Section 300 requires proof of service be filed 20 days after such service, and render clear "that the extended by the court, the rule does not mandate the immediate filing of the RJI. In any event, dismissal of an action based upon a default in the observance of procedural statutes is considered a drastic remedy, available only upon a clear showing of willful and contumacious conduct" (see CPLR 3012[d]; Nrgeh v. Stewart Title Ins. Co., 91 A.D.3d 922, 938 N.Y.S.2d 111 [2d Dept. 2012]; see also CPLR 3216; Rivenburg v. Ferring N.Y.S.2d 949, 937). | Dismissal of any claim due to a default in the observance of procedural statutes is considered a drastic remedy available only upon a clear showing of willful and contumacious conduct? | Pretrial Procedure Memo #4780 - C - RF.docx | ROSS-002289371-ROSS-002289372 | SA, Sub | 0.86 | | | | 1 | |
| 1856 | United States v. Fernandez, 722 F.3d 1 | 63+2 | We have no hesitation in concluding that "measures to police the integrity of the federal bribery statute, even absent evidence of an agent's authority to act (or lack thereof) fall within the sweep of Congress' power." Sabri, 676 F.3d at 991, even absent evidence of an agent's authority to act (or lack thereof) fall within the sweep of Congress' power under the Necessary and Proper Clause to enact the federal bribery statute, even absent evidence of an agent's authority to act (or lack thereof), because it comprehends the entirety of that operations (freely by local and state maturity." Sabri, 541 U.S. at 605, 124 S.Ct. 1941. To accept that there can only be harmful effects such national conduct where the actor has authority to control the expenditure of the entity's funds or would be to ignore the practical realities of how conduct by such individuals is not "rationally related" to Congress' implementation of its constitutionally enumerated powers would be an unduly restrictive application of the standard. The Supreme Court has stated that to fall within the scope of the federal interest, "it is certainly enough that the statutes condition the offense on a threshold amount of federal dollars defining the federal interest, such as that provided [in" 666]" Id. at 606, 124 S.Ct. 1941. We see no basis for departing from that view here. | Measures to police the integrity of entities receiving federal funds fall under the scope of Congress's power to enact the federal bribery statute? | 01259.docx | LEGALEASE-00145573-LEGALEASE-00145574 | SA, Sub | 0.7 | | | 1 | | 1 |

348

Appendix D

| ROW | Judicial Opinion | WBNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,564 | 14,873 | 23,876 | 9,079 |
| 1857 | In re Basic States, 5 Wilson S 30 | 289+956 | It is well settled that after the dissolution, a liquidating partner may bind his late co-partners in borrowing money to pay firm debts. He may renew an accommodation endorsement, and give notes to liquidate the partnership indebtedness (Curtiss v. Gebhard, 1 Grattan 224). [...] | After the dissolution of a partnership by agreement, the partner who is authorized to settle the estate may borrow money on the credit of the firm for the purpose of paying the debts of the firm; and if the credit is given in good faith, though with a knowledge of the dissolution, [...] | Can the liquidating partner borrow money to pay a firm debt? | 032460.docx | LEGALEASE-00146727; LEGALEASE-00146728 | Condensed, SA, Sub | 0.43 | 0 | | | 1 | 1 |
| 1858 | Flores v. Georgetown, 19 Cal.App.4th 881 | 30 3k452 | The appellate court in Shalit did not purport to apply section 391.7 in accordance with its terms; indeed, the court expressly noted that in the "ordinary" case the vexatious litigant would not have appeared as a person [...] | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | Does a court have power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process? | 034068.docx | LEGALEASE-00145116; LEGALEASE-00145117 | Condensed, SA | 0.78 | | 1 | 0 | | |
| 1859 | Mazza v. Warren P. Well Tr., 59 A.D.3d 907 | 30 3k446 | Supreme Court should not have struck the complaint. While a trial court has discretion to dismiss a complaint as a sanction against a plaintiff who fails to comply with a court order and hurts in the discovery process [...] | While a trial court has discretion to dismiss a complaint as a sanction against a plaintiff who fails to comply with a court order and frustrates the discovery process, this drastic sanction is generally not justified when the party seeking dismissal demonstrates that the failure to comply with the request for order for disclosure was willful and contumacious. McKinney's CPLR 3126(3). | Can a trial court dismiss a complaint as a sanction if it finds that a party has willfully disregarded a court order? | 034064.docx | LEGALEASE-00145193; LEGALEASE-00145193 | SA, Sub | 0.76 | | | 1 | 1 | |
| 1860 | Nagy v. 21st. Court of City & Cty of Denver, 762 P.2d 158 | 30 3k746 | In the absence of willfulness, bad faith, or gross negligence on the part of a disobedient party, and in the absence of any prejudice to other parties, trial parties, a trial judge is not required to impose sanctions for a party's failure to comply with Rule 121. [...] | In absence of willfulness, bad faith, or gross negligence on part of disobedient party, and in absence of any prejudice to other parties, trial judge is not required to impose sanctions for party's failure to comply with rule requiring filing of trial data certificate at least 15 days before trial date. Rules Civ.Proc., Rule 121(b)(1)-121(c), Standard 1-5-18, subd. 1(a, d). | In absence of willfulness, bad faith, or gross negligence on part of a disobedient party, is a trial judge ever required to impose sanctions? | Pretrial Procedure- Memo #1055 - C SN.docx | ROSS-002289247-ROSS-002289248 | SA, Sub | 0.37 | 0 | 0 | 1 | 1 | |
| 1861 | Berware v. Moors, 1999-3141-1/19 (10) | 30 3k746 | This, Article 1515C, which incorporated Article 1471(2) and (3), now authorizes the imposition of dismissal or judgment by default in appropriate cases of disobedience of an disregard for orders pertaining to pre-trial procedure. However, this extreme penalty should be imposed only when the failure of the litigant [...] | "Death penalty" of dismissal or judgment by default is authorized in appropriate cases of disobedience or disregard for orders pertaining to pre-trial procedure, although this extreme penalty should seldom be imposed and should be reserved for only the most flagrant case. LSA-C.C.P. art. 1471, subd. C. | Is a "death penalty" of dismissal or judgment by default authorized in appropriate cases of disobedience of an disregard for orders pertaining to the pre-trial procedure? | 034292.docx | LEGALEASE-00145599; LEGALEASE-00146460 | Order, SA, Sub | 0.13 | | | 1 | 1 | |
| 1862 | Burke v. Fau-Dade Food Mart Inc, 217 W. Va. 291 | 314+490 | We therefore hold that under Rule 4(k) of the Rules of Civil Procedure [1998], if a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice. However, the circuit court shall extend the time for service if the plaintiff showed good cause for the failure. [...] | If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice; however, the circuit court should extend the time for service if the plaintiff shows good cause for the failure. Rules Civ.Proc., Rule 4(k). | If a plaintiff fails to serve a summons and complaint upon a defendant within a 120 days, should the circuit court dismiss the action against that defendant without prejudice? | Pretrial Procedure- Memo #490 - C - AC.docx | ROSS-002188214-ROSS-002188245 | SA, Sub | 0.71 | | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote Text | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 1863 | Akinseye v. JP Morgan Chase Bank, N.A., 391 B.R. App. 3d 334 | 30TA+552 | Therefore, the general rule has developed that if the defendant tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending. See Ambalu v. Rosenblatt, 194 F.R.D. 451 (E.D.N.Y.2000); Wilner v. OSI Collection Servs., Inc., 198 F.R.D. 393 (S.D.N.Y.2001); Davis v. Keystone Recoveries, Inc., 203 B.R.K.2d 691 (proper tender before certification "mandates dismissal"); Brummitt, 319 B.App.3d 761, 263 El.Dec. 165, 784 N.E.2d 276; Rondo, 135 Ill App.3d at 150, 256 Ill.Dec. 169, 751 N.E.2d 221; Hillenbrand, 308 Ill.App.3d at 391, 241 Ill.Dec. 832, 720 N.E.2d 287; see, e.g., International Business Machines Corp., 314 Ill.App.3d 892, 899, 247 Ill.Dec. 841, 732 N.E.2d 1173 (2000) (where the plaintiff was aware of tender after filing complaint but before filing motion for class certification, case must be dismissed). Consequently, should the defendant then offer a tender to dismiss the class as moot, the case may rule upon the motion even before it has examined the issue of class certification. | If the defendant in a purported class action tenders to the named plaintiff the relief requested before the class is certified, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending. See, e.g., Ambalu v. Rosenblatt. On the other hand, a motion to dismiss the cause, the trial court may rule upon the motion even before it has examined the issue of loss certification. | Should the underlying cause of action be dismissed as moot if the defendant in a purported class action tenders to the named plaintiff the relief requested before the class is certified? | 034726.docx | LEGAL645 00186270 / LEGAL645 00186272 | Condensed, SA, Sub 0.73 | 0.73 | 0 | 1 | 1 | 1 | |
| 1864 | Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 418 Mass. 596 | 30TA+563 | Where a fraud on the court is shown through clear and convincing evidence to have been committed in ongoing case, the trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | When fraud on court is shown through clear and convincing evidence to have been committed in ongoing case, trial judge has inherent power and broad discretion to fashion judicial response warranted by fraudulent conduct; dismissal of claims or entire action, or entry of default judgment, may be warranted by fraud. | "When fraud is a finding of fraud on the court, does the judge have broad discretion to fashion a judicial response warranted by the fraudulent conduct?" | 034758.docx | LEGAL645 00145168 / LEGAL645 00145169 | Condensed, Order, SA | 0.49 | 0 | 1 | | 1 | |
| 1865 | Albert S. v. Dep't of Health & Mental Hygiene, 166 Md. App. 726 | 30TA+563 | Ordinarily, then, a case that has become moot "will be dismissed without a decision on the merits of the controversy where a controversy between the parties no longer exists and where no present or important public concern affects the existence of important public concern that, if decided, will establish a rule for future conduct, or the issue presented is capable of repetition yet evading review. | A case that has become moot will be dismissed without a decision on the merits of the controversy where a controversy between the parties no longer exists and where no present or important public concern that, if decided, will establish a rule for future conduct, or the issue presented is capable of repetition, yet evading review. | Will a case be dismissed without a decision on the merits of the controversy if it has become moot? | 034807.docx | LEGAL645 00145802 / LEGAL645 00145803 | Condensed, SA | 0.28 | 0 | 1 | | 1 | |
| 1866 | Duarte v. Snapon Inc., 216 So. 3d 771 | 30TA+563 | To obtain a dismissal for fraud on the court, the movant must prove his case by clear and convincing evidence. Amato v. Drost, Sr. 59 So.3d 1232, 99 So.2d 382, 392 (Fla. 2d DCA 2006). Substantively, he must show that the party has "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Jacob, 840 So.2d at 1109 (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998)). This standard requires that a trial court "balance two important public policies of this state: our much preferred policy of adjudicating disputes on the merits and the policy of maintaining the integrity of this state's judicial system." Amato at Pinto Prop. Inc., 45 So.3d 995, 967 (Fla. 2d DCA 2012) (citing Gilbert v. Eckerd Corp. of Fla., 34 So.3d 773, 776 (Fla. 4th DCA 2010)). "Generally, unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim." Herault, 94 So.3d at 16 | To obtain a dismissal for fraud on the court, the movant must prove his case by clear and convincing evidence. Amato v. Drost. Substantively, he must show that the party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter. Generally, unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial. | "Are factual inconsistencies, including false statements, are well managed through the use of impeachment and traditional discovery sanctions?" | 034845.docx | LEGAL645 00146242 / LEGAL645 00146243 | Condensed, SA | 0.78 | 0 | 1 | | 1 | |
| 1867 | Kornblum v. Schneider, 609 So. 2d 138 | 30TA+563 | The trial court has inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails to comply with proper court orders. Because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances, in situations where it otherwise could not exist in the party's counsel has perpetrated the entire proceeding, dismissal of the entire case has been justified, but in others the fraud or the misconduct perpetrated to only a part of the claim, dismissal of the unaffected legitimate part of the claim has been held to be too severe. | The trial court has inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails to comply with proper court orders. Because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances. | "Does a trial court have inherent authority, in exercise of its sound judicial discretion, to dismiss an action where a plaintiff has perpetrated a fraud on the court?" | 10055.docx | LEGAL645 00094834 / LEGAL645 00094835 | Condensed, SA | 0.64 | 0 | 1 | | 1 | |
| 1868 | Port Auth. of Allegheny Cty. v. Div. 85, Amalgamated Transit Union, 34 Pa. Cmwlth. 71 | 30TA+552 | Although the parties have not raised the issue, it appears to us that these are exceptions on technical grounds. A case will be dismissed if it raises a question of the judicial process it is rendered moot. Dean Adkins Cool Co. v. Anthracite Miners of Pennsylvania, 339 Pa. 1123, 27 A.2d 446 (1935). A recognized exception to this doctrine is illustrated by cases in which technically moot issues were nevertheless decided on the merits because they are of a recurring nature, capable of repeatedly avoiding review, and involve issues of important public interest. Wortex Mills v. Amalgamated Textile Workers of America, Division 598 v. Wisconsin Employment Relations Board, 340 U.S. 416, 71 S.Ct. 373, 95 L.Ed. 389 (1951); Werner v. King, 310 Pa. 120, 164 A. 918 (1933). The trial court is faced with cases in which controversy over the collective bargaining process applicable to PAT and the collective bargaining representative has itself created a rule for the future. If the subject of dispute and will recur in future negotiations unless now resolved. Accordingly, we shall review these issues on their merits. | A recognized exception to this doctrine that a case will be dismissed if it raises a question that is rendered moot is illustrated by cases in which technically moot issues are nevertheless decided on the merits because they are of a recurring nature, capable of repeatedly avoiding review, and involve issues of important public interest. | Could a case which may be rendered moot be dismissed when the issues raised are capable of repeatedly avoiding review and yet are of important public interest? | 035402.docx | LEGAL645 00145631 / LEGAL645 00145632 | Order, SA | 0.69 | 1 | | | 1 | |

350

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,079 |
| 1869 | Rios v. Moore, 902 So. 2d 181 | 30J+159 | A trial court has the authority to dismiss actions based on fraud and collusion, as well as in the sham pleadings. See Young v. Curgil, 358 So. 2d 58 (Fla. 3d DCA 1978). However, this power should be "cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing." Id. at 859 | Trial court has the authority to dismiss actions based on fraud and collusion, as well as in the sham pleadings, but this power should be cautiously and sparingly exercised and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | Does court have inherent authority to dismiss actions based on fraud and collusion as well as to strike sham pleadings? | 035441.docx | LEGALEASE 00165116-LEGALEASE 00165227 | SA, Sub | 0.21 | 0 | 0 | 0 | 1 | |
| 1870 | Cole v. Carnathan, 272 S.W.3d 392 | 307A+552 | Because the trial court has no authority to place an issue on the ballot less than six weeks before the election, a decision by this court on the merits would not have any practical effect on an existing controversy and would be merely an advisory opinion. A case is moot and generally should be dismissed if a judgment rendered has no practical effect upon an existing controversy or when an event occurs that makes a court's decision unnecessary or making granting effectual relief by the court impossible. State ex rel. Reece v. Gibson, 91 S.W.3d 876, 879 (Mo. banc 2002); Armstrong v. Elmore, 990 S.W.2d 62, 64 (Mo.App. W.D.1999). "Appellate courts do not render advisory opinions nor decide non-existent issues." Armstrong, 990 S.W.2d at 64. The appeal is dismissed. | A case is moot and generally should be dismissed if a judgment rendered has no practical effect upon an existing controversy or when an event occurs that makes a court's decision unnecessary or making granting effectual relief by the court impossible. | Will a case be rendered moot when an event occurs that makes a court's decision unnecessary or making granting any relief by the court impossible? | 035471.docx | LEGALEASE 00145871-LEGALEASE 00145872 | Condensed, SA | 0.68 | 1 | 0 | 0 | 1 | |
| 1871 | Kornblum v. Schneider, 609 So. 2d 138 | 307A+563 | The trial court has the inherent authority, in the exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails or refuses to comply with court orders. Because dismissal is the most severe of all possible sanctions, it should be employed only in extreme circumstances. In some cases, where the misconduct of a party or the party's counsel has permeated the entire proceeding, dismissal of the entire case has been upheld, but in others where the fraud or other misconduct pertained to only a part of the claim, dismissal of the entire case was not found to be warranted. | Trial court has the inherent authority, in exercise of its sound judicial discretion, to dismiss an action when the plaintiff has perpetrated a fraud on the court, or where a party, or the party's counsel, persistently fails or refuses to comply with court orders. | "Does the trial court have the inherent authority, within the court's discretion, to dismiss an action when plaintiff has perpetrated a fraud on the court?" | Pretrial Procedure - Memo # 7429 - C - 34.docx | ROSS-003291474-ROSS-003291475 | Condensed, SA | 0.64 | 0 | 0 | 1 | 0 | |
| 1872 | Kentucky Native Coal Co. v. Holmes, 872 S.W.2d 446 | 413+2 | We maintain that The Commonwealth's power to legislate public policy in the area of employer/employee relations derives from its police power, and there is ample precedent that the state has a community interest in regulating safety in workplace requiring employers to provide for injured workers, and their dependents so that they do not become a burden on the community. | Commonwealth's power to legislate public policy in area of employer/employee relations derives from its police power, and there is ample precedent that the state has a community interest in regulating safety in workplace requiring employers to provide for injured workers, and their dependents so that they do not become a burden on the community. | Is there a community interest in requiring employers to provide compensation for injured workers and their dependents so they do not become a burden on the community? | 040303.docx | LEGALEASE 00145627-LEGALEASE 00145628 | Condensed, SA | 0.32 | 1 | 0 | 0 | 1 | |
| 1873 | United States v. Corzilla, 525 F.2d 252 | 63+3 | The policies and procedures employed by the INS of these procedures for special agents to re-extend the protection of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), to criminal tax investigations conducted in a non-custodial setting, United States v. Lackey, supra, 484 F.2d at 8. A failure to give Miranda warnings, however, even in a custodial setting, would not prevent prosecution for an attempt to bribe a law enforcement officer made subsequent to the arrest. Cited as United States v. Prudden, 424 F.Supp. 80.5, 5 S.Ct. 709(d); v. Unruh; United States v. Caiello, 420 F.2d 471 (2d Cir.1969); United States v. Wainwright, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 U.S. 1027, 94 S.Ct. 341 (1964); United States v. Soto, 467 F.2d 105, 109 n. 41 (C.A.1) cert. denied, 414 U.S. 921, 94 S.Ct. 220, 38 L.Ed.2d 153 (1973). We doubt also that it should prevent proof of the crime of bribery when the bribe was offered through statements that would include the excludable under Miranda. Even if it were, the excludable under Miranda I tend to prove the crime to which the statement relate. Exclusion of statements offered for the former purpose would open a new road in custodial interrogation: the basic purpose of Miranda, to prevent abusive police interrogation of persons whose liberty or freedom to continue on their path, hardly extends to tax evaders whose quick reaction is to offer to bribe the investigating officer and are then prosecuted for doing so. It is seen no more unlikely that the Special Agent from telling the full story of an attempt to bribe him simply because he had tried to give the specified warnings. | Failure to give Miranda warnings, even in custodial setting, would not prevent prosecution for attempt to bribe law enforcement officer made subsequent to arrest. | Would Failure to give Miranda warnings prevent prosecution for an attempt to bribe law enforcement officer that made subsequent to arrest? | Bribery - Memo # 657 - C - ROSS-003229.902-ROSS-003287861 | ROSS-003287860-ROSS-003287861 | Condensed, SA, Sub | 0.9 | 0 | 0 | 1 | 0 | |
| 1874 | Reyes v. Int'l Metals Supply Co., 666 S.W.2d 622 | 307A+483 | Generally, where a party fails to answer a request for admissions within the period set by the court, the matter stood therein will be taken as true, and the court will not be entitled to refuse to controvert these facts. Tex. R. Civ. Practice 10-979. The facts are considered to be established as a matter of law. Dewar v. Albert 198 S.W.3d 70 (Tex.Civ.App.—Dist. 131 Dist.) 1976, no writ), and it is usually unnecessary to file a formal motion asking that the request be deemed admitted. | When a party fails to answer request for admissions within the period set by trial court, facts are considered to be established as a matter of law and it is usually unnecessary for the formal deemed admitted; Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "Where a party fails to answer request for admissions within the period set by trial court, are facts considered to be established as a matter of law and it is usually unnecessary for the formal motion asking that a request be deemed admitted?" | 10890.docx | LEGALEASE 00094015-LEGALEASE 00094016 | Condensed, SA, Sub | 0.55 | 0 | 0 | 1 | 0 | |
| 1875 | Fong Yue Ting v. United States, 149 U.S. 698 | 24+120 | Chinese laborers, like all other aliens residing in the United States for a shorter or longer time, are entitled, so long as they are permitted by the government of the United States to remain in the country, to the safeguards of the Constitution, and to the protection of the laws in regard to their rights of person and of property, and to their civil and criminal responsibility. But they continue to be aliens, having taken no steps towards becoming citizens, and incapable of becoming such under the naturalization laws, and therefore remain subject to the power of congress to expel them, or to order them to be removed and deported from the country, whenever, in its judgment, their removal is necessary or expedient for the public interest. | Aliens residing in the United States are entitled, so long as they are permitted by the government of the United States to remain in the country, to all the safeguards of the Constitution, and to the protection of the laws in regard to their rights of person and of property, as a matter of law and they have taken no steps to become citizens, and are incapable of becoming such under the naturalization laws, and therefore remain subject to the power of congress to order their expulsion or deportation whenever, in its judgment, such a measure is necessary or expedient for the public interest. | Are aliens in United States entitled to the protection of its Constitution with respect to their rights of person and property? | Aliens_Immigration and_Nationality(ROSS ...eality)de8a.docx | ROSS-000003300-ROSS-000003301 | Condensed, Order, SA, Sub | 0.17 | 1 | 1 | 1 | 1 | |

351

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 1876 | Scaccia v. State Ethics Comm'n, 431 Mass. 351 | 316P 865 | Therefore, in order for this commission to prohibit a violation of G.L. c. 268A, § 23 (paid (3), there must be proof of it begun to a particular official act, not merely the fact that the official was in a position to take some action undefined or generalized action, such as holding a hearing, proposed legislation that, if passed, could benefit the giver of the gratuity, M.G.L.A. c. 268A, § 3(b). | To establish a violation of gratuity statute, there must be proof of linkage to a particular official act, not merely the fact that the official was in a position to take some action undefined or generalized action, such as holding a hearing or proposing legislation that, if passed, could benefit the giver of the gratuity. M.G.L.A. c. 268A, § 3(b). | Is the link between a public official was in a position to take some form of action enough to establish a violation of the statute prohibiting bribery of a public official? | 012015.docx | LEGALEASE_00148119-LEGALEASE_00148120 | Condensed_SA, Sub 0.66 | 0.66 | 0 | 1 | | 1 | 1 |
| 1877 | Riley v. BioGate Transit Sys., 459 SW.2d 753 | 484-I 214 (1) | The common-law rule regarding the duty to yield, as stated in Wilson v. Tucker, 166 Mo. App. 1, 148 S.W. 153, 'that "but observe an ordinance regulation of vehicle traffic at highway intersections, the vehicle first reaching and entering the intersection has the right of way over a vehicle subsequently reaching the intersection unless the vehicle subsequently would indicate to a reasonably prudent man that to proceed would probably result in a collision, a being the case of general situations as they allow the first vehicle to pass in safety, Alonzo v. William J. Long Brewing Co. (Ark. App.), 201 S.W. 999, 999; Daily, supra, 146 S.W. at 871, 1 Am. Jur. 663, s 289, 2 Blashfield, Automobile Law, 296, s965." | Absent statute or ordinance regulating vehicle traffic at highway intersections, vehicle first reaching and entering intersection has right of way over vehicle subsequently reaching intersection unless situation would indicate to reasonably prudent man that to proceed would probably result in collision, it being duty of second party to allow first arrival to pass in safety. | Does a vehicle reaching an intersection first have a right of way? | 012657.docx | LEGALEASE_00148970-LEGALEASE_00148971 | Condensed_SA | 0.48 | | 1 | 0 | 1 | |
| 1878 | Freeman v. United States Dep't of Interior, 83 F. Supp. 3d 173 | 260-108 141 | 'The government presents a prima facie case that an unpatented mining claim is invalid under the General Mining Law where a governmental mineral examiner offers expert testimony, based on probative evidence that the discovery of a valuable mineral deposit had not been made within the boundaries of a contested claim." Ernest K. Lehmann & Assoc. of Mont., Inc. v. Salazar, 377 F.Supp.2d 192, 105 (D.D.C.2005); afld, 377 Fed.Appx. 28 (D.C. Cir.2010) (citing United States v. Coleman, 390 U.S. 599, 99, 102-03, 88 S.Ct. 683, 19 L.Ed.2d 1036). | On which basis will the government presents a prima facie case where a governmental mineral examiner offers expert testimony? | 021063.docx | LEGALEASE_00148151-LEGALEASE_00148152 | SA, Sub | 0.26 | | | 1 | 1 | 1 |
| 1879 | Johnson v. Arkchanics Corp., 142 Idaho 2d 261 | 24D-268 142 | A court generally will both statutory authority, through app.s 302.130(180), 800.03, and 804.1(2)(a) (1) facts, and inherent authority to sanction parties for failure to prosecute, failure to comply with court orders, or rules, and for failure to obey court rules. Neijies v. Vorwald, 124 Wis.2d 85, 94, 368 N.W.2d 648 (1985); Taylor, 47 Wis.2d at 404, 173 N.W.2d 757, Latham v. Casey & King Corp., 23 Wis.2d 311, 314, 175, 127 N.W.2d 225 (1964). Among the sanctions the circuit court may impose under (as 804.12, here, is "imprisonment for contempt, as under designated facts be taken as established, an order reducing the delinquent party or agent to support or oppose designated claims or defenses, striking out pleadings or parts thereof, rendering judgment by default, dismissal of the action or of a claim herein, or assessment of expenses and attorney fees." Judicial Council Committee Note 1974 to sec. 804.12, Stats. The authority to impose sanctions is essential to the circuit court's ability to enforce its orders and ensure prompt disposition of lawsuits. See Latham, 23 Wis.2d at 314, 127 N.W.2d 225. | 'Does a circuit court have both statutory authority and inherent authority to sanction parties for failure to prosecute, failure to comply with court orders or rules, or failure to obey court orders? | 019073.docx | LEGALEASE_00148440-LEGALEASE_00148441 | SA, Sub | 0.79 | | | 0 | 1 | 1 |
| 1880 | Henderson v. Blalock, 460 S.W.3d 318 | 307H-345 | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. | What are the four factors that a court will consider in deciding whether to dismiss a case for want of prosecution? | Pretrial Procedure - Memo #3827 - C - NC_58372.docx | ROSS-000320943-ROSS-000320944 | SA, Sub | 0.47 | | 1 | | 1 | |
| 1881 | Stony v. Bethlehem Steel Corp., 64 Md. App. 175 | 413-o 284 | Other than the exceptions created by the act, the Workmen's Compensation Act provides the exclusive remedy for liability, with respect to all injuries arising out of and in the course of the employment, against the employer and employees who come within its purview, as such, this comprehensive and exclusive system replaces prior common law causes of action against employers for injuries to employees, Code 1957, Art. 101, § 15, 5. | Besides the exceptions created by the act itself, does the Workmen's Compensation Act provide the exclusive remedy for liability, with respect to all injuries arising out of and in the course of the employment, against the employer and employees who come within its purview? | Workers Compensation - Memo #514 ANC_58487.docx | ROSS-003294128-ROSS-003294129 | Condensed_SA, Sub 0.47 | 0.47 | | 1 | | 1 | |
| 1882 | Rosdall v. Moore, 199 A.D. & 307-I-11 531 | 307-o 441 | The place of performance of a bill of exchange or a promissory note is the place of payment, and where a bill or note is made in one state or country and payable in another, the general rule is that it is governed as to nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | Place of performance of a bill of exchange or a promissory note is the place of payment, and where a bill or note is made in one state or country and payable in another, the general rule is that it is governed as to nature, validity, interpretation, and effect by the laws of the state where made payable, without regard to the place where it is written, signed, or dated; it being presumed that the parties contracted with reference to the laws of that place, especially where the note would be void in the place where made and valid where payable. | What governs the interpretation of a note? | 009055.docx | LEGALEASE_00149657-LEGALEASE_00149658 | SA | 0.2 | | | 1 | 1 | 1 |
| 1883 | Jenkins v. Tucker, 18 So. 3d 481 | 307A-545 | Dismissals for want of prosecution should be employed reluctantly, and while "(t)here is no set time limit for the prosecution of an action ... records shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld." Hillman v. Bell, 964 So.2d 489, 493(b) (Miss.Ct.App. 2008) (quoting Watson, 493 So.2d at 1278). | Dismissals for want of prosecution should be employed reluctantly, and white there is no set time limit for the prosecution of an action, records shows that a plaintiff has been guilty of dilatory or contumacious conduct? | 018606.docx | LEGALEASE_00149413-LEGALEASE_00149414 | SA, Sub | 0.17 | | | 1 | 1 | 1 |

352

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1884 | Rogers v. Gore, 982 So. 2d 10+1206 1105 | 30+1206 | This Court will adopt the standard promulgated by the Fifth Circuit for review of actions taken under Rule 41(b) and will affirm the ... (Ala.1991). A trial court may dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. White v. Wiggins... | Dismissal of an action for want of prosecution is a drastic sanction. Accordingly, Alabama appellate courts scrutinize any order terminating an action for want of prosecution and do not hesitate to set one aside when they find an abuse of discretion. | Can courts scrutinize any order terminating an action for want of prosecution and set one aside when they find an abuse of discretion? | 036617.docx | LEGALEASE-00189369 LEGALEASE-00189369 | Condensed, SA | 0.73 | 0 | 1 | | | |
| 1885 | Hillman v. Weatherly, 14 So. 3d 721 | 307A+590 | This Court has adopted the standard promulgated by the Fifth Circuit for review of actions taken under Rule 41(b) and will affirm the ... (Ala.1991). A trial court may dismiss an action ... There is no set time limit for the prosecution of an action; a dismissal with prejudice will be affirmed only if there is a showing of a clear record of delay or contumacious conduct by the plaintiff, and when lesser sanctions would not serve best interests of justice. Id. at 1804:1. The propriety of a dismissal ... (1) The degree of actual prejudice to the defendant ... Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978); (Miss.1997). | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. Rules Civ. Proc., Rule 41(b). | Is the propriety of a dismissal with prejudice bolstered by the presence of aggravating factors, including (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay? | 036703.docx | ROSS-003291921-ROSS-003291922 | SA, Sub | 0.63 | 0 | | 1 | | |
| 1886 | Privette v. Brown, 525 S.W.3d 616 | 307A+622 | The purpose of a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint. Gore v. Dep't of Corrections, 132 S.W.3d 369, 373 (Tenn. Ct. App. 2003). In determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint, not the strength of the plaintiff's proof, is tested. Cook v. Spinnaker's of Rivergate, Inc., 878 S.W.2d 934, 938 (Tenn. 1994). On appeal, we take all allegations of fact in the plaintiff's complaint as true, and review the trial court's legal conclusions de novo with no presumption of correctness. Tenn. R. App. P. 13(d); Stein, 945 S.W.2d at ... | The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of the complaint; in determining whether the pleadings state a claim upon which relief can be granted, only the legal sufficiency of the complaint, not the strength of the plaintiff's proof, is tested. | When considering a motion to dismiss for failure to state a claim upon which relief can be granted, does the court look only to the pleadings to determine whether a claim for relief has been stated? | 036720.docx | LEGALEASE-00189966 LEGALEASE-00189967 | SA, Sub | 0.7 | 0 | | 1 | | |
| 1887 | Jones v. Rochdale Vill, Inc A.D.3d 1014 | 307A+665 | Where a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), "the standard is whether the pleading states a cause of action, and in considering such a motion, "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v. Leader, 74 A.D.3d 1180, 1180-1181, 904 N.Y.S.2d 153 [internal quotation marks omitted]; see Leon v. Martinez, 84 N.Y.2d 83, 87-88, 614 N.Y.S.2d 972, 638 N.E.2d 511). Where the moving party offers evidentiary material, the court is required to determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one" (Sokol v. Leader, 74 A.D.3d at 1181... | When the party moving to dismiss for failure to state a cause of action submits evidentiary material in support of his or her motion, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he or she has stated one. McKinney's CPLR 3211(a)(7). | When the party moving to dismiss for failure to state a cause of action submits evidentiary material in support of his or her motion, does the criterion then become whether the proponent of the pleading has a cause of action? | Pretrial Procedure Memo #181 - C NG_54783.docx | ROSS-003294674-ROSS-003294677 | Order, SA, Sub | 0.78 | 1 | | 1 | | 1 |
| 1888 | Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+561.1 | The circuit court dismissed plaintiff's complaint pursuant to section 2-615(a)(9) of the Code, which permits the involuntary dismissal of a claim where "the claim asserted ... is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2010). Affirmative matter is "something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." Illinois Graphics Co. v. Nickum, 159 Ill.2d 469, 486, 203 Ill.Dec. 463, 639 N.E.2d 1282 (1994). "Unless the affirmative matter is apparent on the face of the complaint, the defendant must support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment... | Under statute allowing involuntary dismissal of a claim where the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, "affirmative matter" is something in the nature of a defense which negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | Would an affirmative matter negate the cause of action completely or refute crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint? | Pretrial Procedure Memo #373 - C NG_50042.docx | ROSS-003293117-ROSS-003293118 | Condensed, Sub | 0.5 | 0 | 1 | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1889 | Georgia Dep't of Med. Assistance v. Columbia Convalescent Ctr., 265 Ga. 638 | 92v2889 | We conclude that the automatic dismissal statutes serve the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel. The statute also affects litigants, who have constructive knowledge of its provisions. In this meaningful time and in a meaningful manner to litigate their claims. To this end the original party is a litigant ten years to produce only the most minimal of activity to avoid dismissal and thereby to obtain a hearing on his or her claims. Moreover, in the event of dismissal, it permits the litigant to obtain a hearing on his or her claims by giving her ten days to renew the action within six months of dismissal. Further, the rule is not made unreasonable because it might lead to the dismissal of some cases that are not truly ... | Statute pursuant to which action shall automatically be dismissed if no written order is taken in action for five-year period served dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel. O.C.G.A. Cont'd Amend. 14; O.C.G.A. § 9-2-60. | Do the automatic dismissal statutes have the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel? | 016044.docx | LEGALEASE 00150488-LEGALEASE 00150489 | Condensed, SA, Sub | 0.37 | | | | 1 | 1 |
| 1890 | Barber v. Schmidt, 354 P.3d 158 | 307A+622 | For the non-moving party to survive a motion to dismiss for failure to state a claim upon which relief can be granted, it is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action. Rules Civ.Proc., Rule 12(b)(6). | It is enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action? | Pretrial Procedure - Memo 83 187 - C_51_3.4979.docx | ROSS-003284948-ROSS-003284949 | Order, SA, Sub | 0.43 | 1 | | | | |
| 1891 | Peters v. Riggs, 2015 IL App (4th) 140043 | 307A+487 | A motion to dismiss brought pursuant to section 2-615 of the Code attacks the legal sufficiency of the complaint. In ruling on such a motion, the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. 5 Ill. Comp. Stat. Ann. 5/2-615. | A motion to dismiss brought pursuant to statute governing motions with respect to pleadings presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted. 5 I.L.C.S. 5/2-615. | Does a motion to dismiss with respect to section 2615 attack the legal sufficiency of a complaint? | 034486.docx | LEGALEASE 00150334-LEGALEASE 00150335 | SA, Sub | 0.69 | | | | 1 | |
| 1892 | Malira v. W. 316 Ga. App. 62 | 307A+622 | A complaint may be dismissed on motion for failure to state a claim if clearly without any merit, and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. West Ga.Code Ann. § 9-11-12(b)(6). | A complaint may be dismissed on motion for failure to state a claim if it is clearly without any merit, and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim. West Ga.Code Ann. § 9-11-12(b)(6). | Can a complaint be dismissed on motion for failure to state a claim if it is clearly without any merit? | Pretrial Procedure - Memo 8 814 - C_92829.docx | ROSS-003281643-ROSS-003283644 | SA, Sub | 0.71 | | | | 1 | |
| 1893 | Wright v. Texas Dep't of Criminal Justice - Institutional Div., 137 S.W.3d 693 | 307A+581 | A trial court's authority to dismiss for want of prosecution stems from rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. Villarreal, 994 S.W.2d at 630. A trial court can dismiss a case for want of prosecution under the following three situations: (1) when a party seeks affirmative relief but fails to appear for a hearing or trial of which the party had notice; (2) when the case is not disposed of within the time standards of the supreme court; or (3) when the trial court finds that the case has not been prosecuted with due diligence. City of Houston v. Robinson, 837 S.W.2d 262, 264 (Tex.App.-Houston [1st Dist.] 1992, no writ). We review a trial court's dismissal for want of prosecution for an abuse of discretion. Coleman v. Lynaugh, 394 S.W.2d 837, 838 (Tex.App.-Houston [1st Dist.] 1996, no writ). | A trial court can dismiss a case for want of prosecution under the following three situations: (1) when a party seeks affirmative relief but fails to appear for any hearing or trial of which the party has notice; (2) when the case is not disposed of within the time standards of the supreme court; or (3) when the trial court finds that the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can court dismiss a case when the case has not been disposed of within the time standards of the supreme court? | 037350.docx | LEGALEASE 00150978-LEGALEASE 00150979 | SA, Sub | 0.48 | | | | 1 | |

354

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1894 | Hughes v. Fox, Hrdr & Assocs., 728 A.2d 116 | 307A=602 | The decision of whether to enter judgment of non pros against a plaintiff for failure to prosecute an action within a reasonable time is a matter vested within the sound discretion of the trial court whose decision will not be reversed absent an abuse of that discretion. Chase v. National Rail Gas Corp., 692 A.2d 615, 104 (Pa.Super. 1997). In James Bros. Lumber Co. v. Union Banking & Trust Co. of Du Bois, 247 A.2d 587 (1968), our Supreme Court announced that judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. Id. at 589. More years later, in Penn Piping, Inc. v. Insurance Co. of North America, 529 Pa. 350, 603 A.2d 1006 (1992), the Court, while preserving the first two elements of the three-part analysis, refined its prejudice prong to say that "in cases involving a delay for a period of two years or more, the delay... | Judgment of non pros is properly entered when (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party. | Is judgment of nol pros properly entered when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude? | Pretrial Procedure - Memo #1894 - C - NC.doc | USGA5J42 00349550 USGA5J6J 00349551 | Condensed, SA | 0.75 | 0 | | | 1 | |
| 1895 | See Broad. v. United States, 52 Fed. Cl. 815 | 411=7 | The Forest Service regulations provide that special use authorizations not only impose conditions on an authorized user's privilege of using National Forest System land, but also convey certain legal benefits. "Special use permits on such lands under this subpart are conveyed only through issuance of a special use authorization." 36 C.F.R. Pt 251.50(a). The rights or privileges conveyed to the holder are evaluated by the land authority. In issuance of the right to require commercial use of the land or to authorize the party to require to use in any way not in accordance with a holder's existing rights and privileges." 36 C.F.R. 251.51(c) ("Special use authorizations are subject to all outstanding valid rights.") To the extent that a special use authorization grants rights to permittee, it imposes obligations on the Forest Service to respect those rights. Therefore, Forest Service regulations require the Supervisors express actual authority to enter into binding contracts. Even if the regulations are considered too ambiguous to support a finding of express actual authority, the issuance of special use authorizations is sufficiently "integral" to the land Supervisor's to enter into binding contracts... | Forest Service regulations governing the issuance of special use authorizations grant Forest Supervisors express actual authority to enter into binding contracts, even if the regulations are considered too ambiguous to support a finding of express actual authority; issuance of special use authorizations is sufficiently "integral" to the land management duties of a Forest Supervisor to vest them with implied actual authority to enter into binding contracts. 36 C.F.R. §§ 251.50, 251.51, 251.52. | Does the Forest Supervisor have the authority to enter into contracts binding the government? | DATSO.docx | USGA5J6J 00151126 USGA5J6J 00151127 | Order, SA, Sub | 0.63 | 1 | | 1 | 1 | |
| 1896 | S.C. Dep't of Transp. v. Hinson Family Holdings, 361 S.C. 649 | 200=731 | By creating a formal judicial procedure for terminating a public right of way over land, [Section 57B-10] removes the uncertainty attending the common law of abandonment and dedication; under this statute, no rights of the common law rule requiring strict proof of intent to abandon a v. City of Beaufort, 315 S.C. 306, 319, 433 S.E.2d 875, 884 (Ct.App.1992) DOT to be joined as an indispensable party; the local municipality is not an action to abandon a public road. Without their inclusion, they would not be bound by the decision or discharged from their maintenance duties or other obligations and liabilities. Bane/Ohio Natl. Bank v. Neville, 310 S.C. 323, 426 S.E.2d 773 (1993). | State Department of Transportation (DOT) and the local municipality are indispensable parties that must be joined in an action to abandon a public road; without their inclusion, they would not be bound by the decision or discharged from their maintenance duties or other obligations and liabilities. Code 57-9, § 57-9-10. | Are the Department of Transportation and the local municipality indispensable parties that must be joined in an action to abandon a public road? | Highway - Memo 111 - RK_59064.docx | ROS5-00327660-ROS5-00327661 | SA, Sub | 0.58 | 0 | | 1 | 1 | |
| 1897 | Gym Door Repairs v. Astro-Gate, Contracting Corp., 144 A.D.3d 1093 | 307A=622 | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v. Martinez, 84 N.Y.2d 83, 87-88, 614 N.Y.S.2d 972, 638 N.E.2d 511). While a court is "permitted to consider evidentiary material submitted by the defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v. Leader, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153), "where the motion is not converted into one for summary judgment, the criteria is whether the plaintiff has a cause of action, not whether [it] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it,... dismissal should not eventuate" (Pendix v. East Sunset Park Realty, LLC, 101 A.D.3d 629, 870 N.Y.S.2d 424 [2d Dept 2013], quoting Guggenheimer v. Ginzberg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 173.) A motion to dismiss pursuant to CPLR 3211(a)(1) may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; see Leon v. Martinez, 84 N.Y.2d at 88, 614 N.Y.S.2d 972, 638 N.E.2d 511.) Mazzei One, Inc. v. Raab & Sons, Inc. v. State of New York, 59 A.D.3d 401, 402, 873 N.Y.S.2d 326). | While a court is permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss for failure to state a cause of action, where the motion is not converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | Where the motion is not converted to one for summary judgment, is the criterion whether the plaintiff has a cause of action, not whether he has stated one? | D37937.docx | USGA5J6 00151851- USGA5J6J 00151852 | Condensed, SA, Sub | 0.79 | 0 | 1 | | 1 | |
| 1898 | Zelics v. Comm'r of Correction, 138 Conn. App. 356 | 307A=480 | The standard of review of a motion to dismiss is ... well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.... The conclusions reached by the [habeas] court in its decision to dismiss the habeas petition are matters of law, subject to plenary review.... Thus, [where the legal conclusions of the court are disputed], we must determine whether they are legally and logically correct ... and whether they find support in the facts in the record. | In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | Is the standard of review of a motion to dismiss that the court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations? | Pretrial Procedure - Memo #1898 - C - NC_40251.docx | ROS5-01292074-ROS5-01292077 | Condensed, SA | 0.62 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1899 | 330 Acquisition Co. v. Regency Sav. Bank, F.S.B., 293 A.D.2d 314 | 307A+680 | As to plaintiff's breach of contract action against Regency, it is clear that the acts complained of are merely defendant's efforts to protect its interests in State foreclosure proceedings and in a Federal bankruptcy action. Defendant cannot be held accountable for pursuing litigation to protect its rights in response to plaintiff's refusal to recognize defendant's half-interest in the mortgage participation agreement. Furthermore, the existence of an unambiguous written agreement setting forth the respective rights of the parties obviates the need to rely on evidence extrinsic to the contract or to indulge in factual determinations (Metropolitan Life Ins. Co. v. Lowndes Intl., 192 A.D.2d 83, 86, 600 N.Y.S.2d 212, affd. 84 N.Y.2d 430, 618 N.Y.S.2d 882, 643 N.E.2d 504 [citing West, Weir & Bartel v. Carter Paint Co., 25 N.Y.2d 535, 540, 307 N.Y.S.2d 449, 255 N.E.2d 709; Eden Music Corp. v. Times Sq. Music Publs., 127 A.D.2d 161, 164, 514 N.Y.S.2d 3] ). Thus, there is no merit to plaintiff's contention that Supreme Court improperly resolved factual issues in dismissing the cause of action for breach pursuant to CPLR 3211. | Existence of an unambiguous written agreement setting forth the respective rights of the parties obviates the need to rely on evidence extrinsic to the contract or to indulge in factual determinations, on a motion to dismiss. | Does the existence of an unambiguous written agreement setting forth the respective rights of the parties obviate the need to rely on evidence extrinsic to the contract? | 037748.docx | LEGALEASE-00151855-LEGALEASE-00151856 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 1900 | James Bros. Lumber Co. v. Union Banking & Tr. Co. of Du Bois, Pa., 432 Pa. 129 | 307A+602 | The circumstances under which this discretion may properly be exercised by a Court below have often been set forth. A Court may properly enter a judgment of non pros. when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and there has been no compelling reason for the delay, and the delay has caused some prejudice to the adverse party, such as the death of or unexplained absence of material witnesses. Manson v. First National Bank, 366 Pa. 211, 215, 77 A.2d 399; Alker v. Philadelphia National Bank, 372 Pa. 327, 333, 93 A.2d 699; Hruska v. Gibson, 316 Pa. 518, 519, 175 A. 514. | Court may enter judgment of non pros. when party has shown want of due diligence in failing to proceed with reasonable promptitude and there has been no compelling reason for delay, and delay has caused some prejudice to adverse party, such as death of or unexplained absence of material witness. | Can court enter judgment non pros where there is no compelling reason for delay? | 037887.docx | LEGALEASE-00152188-LEGALEASE-00152189 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |
| 1901 | Baker v. Noback, 112 Nev. 1106 | 307A+581 | Pursuant to NRCP 41(e), a court must dismiss an action "unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended." The five-year rule is intended to compel expeditious determinations of legitimate claims. C.R. Fedrick, Inc. v. Nevada Tax Comm'n, 98 Nev. 387, 389, 649 P.2d 1372, 1374 (1982). Dismissal after five years is mandatory and the only discretionary aspect of the dismissal is whether it is with or without prejudice. Home Sav. Ass'n v. Aetna Casualty & Sur. Co., 109 Nev. 558, 563, 854 P.2d 851, 854 (1993). We have held that the filing of an amended complaint is irrelevant to the calculation of the five-year period under NRCP 41(e). See, e.g., Johnson v. Harber, 94 Nev. 524, 525"27, 582 P.2d 800, 801"02 (1978); Volpert v. Papagna, 85 Nev. 437, 440, 456 P.2d 848, 850 (1969). | Rule requiring trial court to dismiss action unless it is brought to trial within five years is intended to compel expeditious determinations of legitimate claims; dismissal after five years is mandatory, and only discretionary aspect of dismissal is whether it is with or without prejudice. Rules Civ.Proc., Rule 41(e). | "Is the rule requiring trial court to dismiss action unless it is brought to trial within five years, intended to compel expeditious determinations of legitimate claims?" | 037921.docx | LEGALEASE-00153249-LEGALEASE-00153250 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 1902 | Nygaard v. Sioux Valley Hosps. & Health Sys., 731 N.W.2d 184 | 307A+679 | "A motion to dismiss under SDCL 15"6"12(b) tests the legal sufficiency of the pleading, not the facts which support it. For purposes of the pleading, the court must treat as true all facts properly pled in the complaint and resolve all doubts in favor of the pleader." Guthmiller v. Deloitte & Touche, LLP, 2005 SD 77, 4, 699 N.W.2d 493, 496. "[T]hese "motions are viewed with disfavor and seldom prevail." " Elkjer v. City of Rapid City, 2005 SD 45, 6, 695 N.W.2d 235, 238 (quoting Fenske Media Corp. v. Banta Corp., 2004 SD 23, 7, 676 N.W.2d 390, 392"393 (citations omitted)). However, "facts "well pled" and not mere conclusions may be accepted as true." Janklow v. Viking Press, 378 N.W.2d 875, 877 (S.D.1985). A 12(b)(5) motion "does not admit conclusions of the pleader either of fact or law." Akron Savings Bank v. Charlson, 83 S.D. 251, 253, 158 N.W.2d 523, 524 (1968). Therefore, "[w]hile the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 870 (8th Cir.2002). We review the circuit court's ruling de novo, with no deference to its determination. Elkjer, 2005 SD 45 at 6, 695 N.W.2d at 238. | While a court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations. SDCL S 15-6-12(b). | "Is a court free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations?" | Pretrial Procedure - Memo # 8885 - C - SN_60360.docx | ROSS-003284001-ROSS-003284002 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 1903 | Ball v. City of Syracuse, 60 A.D.3d 1312 | 307A+681 | "In determining motions to dismiss in the context of [a CPLR] article 78 proceeding, a court may not look beyond the petition and must accept all allegations in the petition as true ... where, as here, no answer or return has been filed" (Matter of Scott v. Commissioner of Correctional Servs., 194 A.D.2d 1042, 1043, 600 N.Y.S.2d 639). Here, there is no evidence in the record with respect to the actual domicile of the petitioners, and we thus conclude that the court properly denied respondents' motion to dismiss the petitions based on the record before it. | In determining motions to dismiss in the context of an Article 78 proceeding, a court may not look beyond the petition and must accept all allegations in the petition as true where no answer or return has been filed. McKinney's CPLR 7801 et seq. | "In determining motions to dismiss in the context of an Article 78 proceeding, can a court not look beyond the petition and must accept all allegations in the petition as true?" | Pretrial Procedure - Memo # 9139 - C - KI_60478.docx | ROSS-003285460-ROSS-003285461 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 1904 | Blankenship v. Kane Cty., 85 Ill. App. 3d 621 | 307A+581 | Plaintiffs' first contention specifically challenges the allegation in paragraph six of defendants' motion to dismiss that "plaintiffs had actual or constructive knowledge of the airport development." A motion to dismiss based on laches would be insufficient absent some allegation of knowledge since that doctrine does not apply unless the party against whom the defense is asserted has discovered or should have discovered the fact upon which his claim is based. (Perlman v. First National Bank of Chicago (1973), 15 Ill.App.3d 784, 305 N.E.2d 236.) Plaintiffs object to the allegation, saying that there is no factual basis in the record or in the pleadings for the assertion that plaintiffs could have had such knowledge. | Motion to dismiss based on laches is insufficient absent some allegation of knowledge since that doctrine does not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based. S.H.A. ch. 110, S 48; Supreme Court Rules, Rule 191, S.H.A. ch. 110A, S 191. | Does motion to dismiss doctrine of laches not apply unless party against whom defense is asserted has discovered or should have discovered fact upon which his claim is based? | Pretrial Procedure - Memo # 9174 - C - KI.docx | LEGALEASE-00043234-LEGALEASE-00043235 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order 839 | Condensed 15,944 | Substantive Additions 14,973 | Selection & Arrangement 21,876 | Multiple Differences 9,079 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1905 | Orzelowski v. Civil Serv. Comm'n of City of Chicago, 141 Ill. App. 2d 551 | 35+63.4(5) | An officer of the law must exercise the greatest degree of restraint in dealing with the public. He must not conceive that every disagreement or insulting word, gesture, or motion amounts to disorderly conduct. It may be of such character or accompanied by such menace or conditions as to be justified. City of Jacksonville v. Headen, 48 Ill.App.3d; Provano v. Vroman, 39 Mich. 559, 44 N.W. 579, 7 A.L.R. 507; Hazlin v. Hagan, 135 Iowa 495, 113 N.W. 342. A municipality has no authority to clothe any officer with authority or power to order the summary arrest and imprisonment of a citizen without warrant or trial. Even if the municipality could, it would render the liberty of every one of its citizens subject to the arbitrary will of such officer. People v. McGurn, 341 Ill. 632, 173 N.E. 754. | An officer of the law must exercise the greatest degree of restraint in dealing with the public and must not conceive that every insulting word, gesture, or motion amounts to disorderly conduct, since it may be of such character or so accompanied by such menace or conditions as to be fully justified. | Should police officers conceive that every threatening word amounts to disorderly conduct? | 031863.docx | LEGALEASE 00315913 LEGALEASE 00315914 | Condensed, SA | 0.63 | 0 | 1 | | | |
| 1906 | Cezar's Univ. of Washington, 119 Wash. 2d 539 | 92+42(3) | Contract awarding financial aid to college football players for three consecutive quarters did not create protected property interest in renewal of the athletic scholarships; terms of contract requiring that university consider granting renewal of aid did not require aid to be sufficiently definite to establish legitimate claim of entitlement. U.S.C.A. Const.Amend.14. | Contract awarding financial aid to college football players for three consecutive quarters did not create protected property interest in renewal of the athletic scholarships; terms of contract requiring that university consider granting renewal of aid did not require aid to be sufficiently definite to establish legitimate claim of entitlement. Const.Amend.14. | Do student athletes have a property interest in their athletic scholarships? | 031780.docx | LEGALEASE 00315806-LEGALEASE 00315807 | Condensed, SA, Sub | 0.52 | 0 | | | 1 | |
| 1907 | Ritterbusch v. Holt, 789 S.W.2d 491 | 307A+621 | A petition is sufficient to withstand a motion to dismiss for failure to state a claim if it invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. Fischer, Spuhl, Herzwurm & Associates, Inc. v. Forrest T. Jones & Co., 586 S.W.2d 310 313 (Mo. banc 1979). It is not to be dismissed for mere lack of definiteness or certainty or because of informality in the statement of an essential fact. Merrimac v. Cates, 395 S.W.2d 106, 109 (Mo.1965). | A petition is sufficient to withstand a motion to dismiss for failure to state a claim if it invokes substantive principles of law entitling plaintiff to relief and alleges ultimate facts informing defendant of that which plaintiff will attempt to establish at trial. | Is a petition sufficient to withstand a motion to dismiss for failure to state a claim if it invokes principle of substantive law? | 038022.docx | LEGALEASE 00354489-LEGALEASE 00354470 | SA, Sub | 0.52 | 0 | | | 1 | |
| 1908 | Austin v. Clark, 755 S.E.2d 796 | 307A+681 | In deciding a motion to dismiss, all pleadings are to be construed most liberally in favor of plaintiff, and all doubts regarding pleadings must be resolved in the filing party's favor. Anderson v. Nako, 267 Ga. 486, 480 S.E.2d 32 (1997). If, in other words, [a] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | Motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | If evidence is introduced which will sustain a grant of relief to the plaintiff, is the complaint sufficient? | 030094.docx | LEGALEASE 00354083-LEGALEASE 00354084 | Condensed, SA | 0.43 | 0 | 0 | | 1 | |
| 1909 | Grimm v. City of Mesa, 220 Ariz. 132 | 307A+681 | Motion to dismiss for failure to state a claim, whether granted or denied, is generally not a final judgment. But because a trial court that grants a motion to dismiss for failure to state a claim will typically consider such factual allegations and indulge all reasonable inferences from those facts, but here consider such documents without converting a motion to dismiss for failure to state pleading itself when adjudicating a Rule 12(b)(6) motion. Id. If "matters outside the pleading are presented to and not excluded by the court," the motion must be treated as one for summary judgment. Ariz. R. Civ. P. 12(b)(6). A complaint's exhibits, or public records regarding matters referenced in a complaint, are not considered matters outside the pleading, and courts may consider such documents without converting a Rule 12(b)(6) motion into a summary judgment motion. | Are exhibits or public records regarding matters referenced in a complaint, are not outside the pleading, and courts may consider such documents without converting a motion to dismiss for failure to state a claim into a summary judgment motion. (A.R.S. Rules Civ.Proc., Rule 12(b)(6).) | Are exhibits or public records appended to a complaint regarding matters within it not outside the pleading and can be considered by the courts without converting a motion to dismiss? | 038817.docx | LEGALEASE 00354541-LEGALEASE 00354542 | SA, Sub | 0.59 | 0 | | | 1 | 1 |
| 1910 | Pedersen v. Blythe, 292 P.3d 182 | 307A+681 | When considering materials outside the pleadings on a motion to dismiss, a trial court must give notice to the opposing party of its intent to dispute facts judicially noticed. | When considering materials outside the pleadings on a motion to dismiss, a trial court must give notice to opposing party of its intent to dispute facts judicially noticed. | "When considering materials outside the pleadings on a motion to dismiss, must the court give notice to opposing party of its intent to take judicial notice? | 06426.docx | LEGALEASE 00096605-LEGALEASE 00096606 | SA, Sub | 0.66 | 0 | | | 1 | |
| 1911 | State ex rel. Missouri Highway & Transp. Comm'n v. Muegge, 661 S.W.2d 304 | 307A+563 | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of delay, but attendant circumstances in that where a party has been pending ten and a half years. Only one set of exceptions had been filed during the time. Moreover, only one exception had been resolved in the first case since 1975, and only one tract had been resolved during a 5-year period, 1974 through 1978, in the second case. No settlements regarding any of the 24 tracts in issue had been submitted for the chief counsel's approval since 1978. | In deciding whether to order dismissal for failure to prosecute, trial court may consider not only the length of delay, but attendant circumstances in deciding whether to order dismissal for failure to prosecute? | Will the court consider not only the length of the delay but also may consider not only the length of delay, but attendant circumstances in deciding whether to order dismissal for failure to prosecute? | Pretrial Procedure Memo 8 #656 - C - TM_60949.docx | ROSS 000295409-ROSS-000295610 | Condensed, SA | 0.74 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1912 | Duggar v. Quality Dev. Corp., 350 So. 2d 816 | 307A+581 | Appellant contends the trial court erred and urges reversal of the court's ruling on two alternative grounds. First, Fla.R.Civ.P. 1.420(e) as amended by the supreme court effective January 1, 1977 mandates dismissal because there was no record activity within a one-year period. We do not agree. The amended rule which requires that the activity appear on the face of the record to prevent dismissal is not applicable to cases involving nonrecord activity prior to the effective date of that amendment. We decided this issue contrary to the position of appellant in the recent case of Sainer Constructors, Inc. v. Pasco County School Board, 349 So.2d 1212 (Fla.2d DCA 1977) (opinion filed September 16, 1977). Second, the reasons stated in Quality's response did not constitute good cause to deny the motion to dismiss for lack of prosecution under former Rule 1.420(e). | Amended rule requiring that activity appear on the face of the record to prevent dismissal for failure to prosecute is not applicable to cases involving nonrecord activity prior to the effective date of the amendment. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | "Is amended rule requiring that activity appear on the face of the record to prevent dismissal for failure to prosecute, applicable to cases involving non-record activity prior to the effective date of the amendment?" | 038883.docx | LEGALEASE-00154318-LEGALEASE-00154319 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 1913 | High Definition MRI, P.C. v. Travelers Companies, 137 A.D.3d 602 | 307A+685 | A complaint must "be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions" that form the basis of the complaint and "the material elements of each cause of action" (CPLR 3013). The factual allegations of the complaint are accepted as true, and afforded "every possible favorable inference" (Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994] ). "A court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (id. at 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [internal citation and quotation marks omitted] ). When such affidavits are considered, dismissal should not result unless "a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17 [1977] ). | On a motion to dismiss for failure to state a cause of action, court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | "When dismissal is sought for failure to state a cause of action and plaintiff submits affidavits, can a court freely consider those affidavits and the criterion is whether the proponent of the pleading has a cause of action?" | 038961.docx | LEGALEASE-00154485-LEGALEASE-00154486 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 1914 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+685 | When a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, a defendant "may, but is not required to, support the motion with affidavits or other evidentiary materials." Gordon, 300 S.W.3d at 644 (citing Humphreys v. Selvey, 154 S.W.3d 544, 550 n. 5 (Tenn.Ct.App.2004)). When a defendant supports its 12.02(2) motion with affidavits, the burden is on the plaintiff to make a "prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." Gordon, 300 S.W.3d at 644; see also Sumatra, 403 S.W.3d at 739; Chenault, 36 S.W.3d at 56. Dismissal of the complaint pursuant to a defendant's Rule 12.02(2) motion "is proper only if all the specific facts alleged by the plaintiff collectively fail to establish a prima facie case for personal jurisdiction." Gordon, 300 S.W.3d at 644. A plaintiff relying on an alleged conspiracy as a basis for personal jurisdiction "need only plead sufficient factual allegations from which the existence of a conspiracy may be inferred." Mfrs. Consol. Serv., Inc. v. Rodell, 42 S.W.3d 846, 861 (Tenn.Ct.App.2000). | When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, defendant may, but is not required to, support motion with affidavits or other evidentiary materials. Tenn. R. Civ. P. 12.02(2). | "When trial court expresses an intent to rule on motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, should a defendant support a motion with affidavits or other evidentiary materials?" | Pretrial Procedure - Memo # 9810 - C - SN_61426.docx | ROSS-003281195-ROSS-003281196 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 1915 | Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So. 2d 178 | 307A+581 | This Court must also consider whether lesser sanctions may have better served the interests of justice. Where there is no indication in the record that the lower court considered any alternative sanctions to expedite the proceedings, appellate courts are less likely to uphold a Rule 41(b) dismissal. See, e.g., id. at 321-22; McGowan, 659 F.2d at 557; Burden, 644 F.2d at 505. "Lesser sanctions include "fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." " Wallace, 572 So.2d at 377 (quoting Rogers, 669 F.2d at 321). In the present case, there is no indication that lesser sanctions were considered by the court, and it is not at all certain that such sanctions would have been futile in expediting the proceedings. See id.; McCloud River R.R., 735 F.2d at 883 (trial court's order vacated for failure to consider lesser sanctions). | Lesser sanctions, which may better serve interests of justice than dismissal for failure to prosecute, include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Do lesser sanctions, include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings?" | 024451.docx | LEGALEASE-00155094-LEGALEASE-00155095 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 1916 | Hanson v. Disotell, 106 So. 3d 345 | 307A+563 | We do not reverse trial judges who grant Rule 41(b) dismissals unless we find that, in so doing, they abused their discretion. And this Court has held that either delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b), provided that the trial judge finds that a lesser sanction would not serve the best interests of justice. Lesser sanctions may include " "fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." " | Lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Can lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct include fines, costs, or damages against plaintiff or his counsel?" | Pretrial Procedure - Memo # 10205 - C - SJ_61714.docx | ROSS-003284605-ROSS-003284606 | Condensed, Order, SA | 0.51 | 1 | 1 | 0 | 1 | 1 |
| 1917 | Hartmann Realtors v. Biffar, 13 N.E.3d 350 | 307A+682.1 | "The standard of review for a section 2"615 motion to dismiss is whether the complaint sufficiently states a cause of action, and the merits of the case are not considered." Jackson v. Michael Reese Hospital & Medical Center, 294 Ill.App.3d 1, 9, 228 Ill.Dec. 333, 689 N.E.2d 205 (1997). The question presented by a section 2"615 motion is whether the allegations of the complaint, taking all well-pleaded facts as true and considering them in a light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. Chandler v. Illinois Central R.R. Co., 207 Ill.2d 331, 348, 278 Ill.Dec. 340, 798 N.E.2d 724 (2003); Tedrick v. Community Resource Center, Inc., 235 Ill.2d 155, 161, 336 Ill.Dec. 210, 920 N.E.2d 220 (2009). When deciding a section 2"615 motion to dismiss, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. Kilburg v. Mohiuddin, 2013 IL App (1st) 113408, 371 Ill.Dec. 392, 990 N.E.2d 292. | When deciding a motion to dismiss for failure to state a claim, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. S.H.A. 735 ILCS 5/2-615. | "When deciding a motion to dismiss for failure to state a claim, can the court not consider affidavits, the products of discovery, or documentary evidence not incorporated into the pleadings as exhibits?" | Pretrial Procedure - Memo # 9834 - C - DA_61789.docx | ROSS-003280698-ROSS-003280699 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1918 | Peoples Bank v. Frazee, 318 S.W.3d 121 | 307A+683 | Peoples Bank claims that the circuit court erred in finding that Peoples Bank had the burden of proof to establish that the Oklahoma court had personal jurisdiction over Mr. Frazee. Generally, when personal jurisdiction is contested by the filing of a motion to dismiss a Missouri action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. State ex rel. Ranni Assocs., Inc. v. Hartenbach, 742 S.W.2d 134, 137 (Mo. banc 1987). When the challenge to personal jurisdiction arises in the context of a motion to register a foreign judgment, however, the strong presumption of the validity of a foreign judgment that is regular on its face makes the general rule inapplicable. | Generally, when personal jurisdiction is contested by the filing of a motion to dismiss an action, the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient. | "When personal jurisdiction is contested by the filing of a motion to dismiss an action, does the plaintiff bears the burden of establishing that the defendant's contacts with the forum state were sufficient?" | Pretrial Procedure - Memo # 9891 - C - TJ_61802.docx | ROSS-003295287-ROSS-003295288 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 1919 | First Nat. Bank of Logansport v. Logan Mfg. Co., 577 N.E.2d 949 | 156+52(1) | The doctrine of estoppel springs from equitable principles and is designed to aid the law in the administration of justice where, without its aid, injustice might result. Its purpose is to preserve rights previously acquired and not to create new ones. Pepkowski v. Life of Indiana Ins. Co. (1989), Ind., 535 N.E.2d 1164, 1167, quoting State v. Mut. Life Ins. (1910), 175 Ind. 59, 82, 93 N.E. 213, 222. Estoppel is "the misleading of a party entitled to rely on the acts or statements in question and a consequent change of position to his detriment." Travelers Ins. Co. v. Eviston (1941), 110 Ind.App. 143, 154, 37 N.E.2d 310, 314. Fraud need not be proven; "[i]t is sufficient if the conduct of the party has been knowingly such as would make it unconscionable on his part to deny what his conduct had induced another to believe and act upon in good faith and without knowledge of the facts." Pitcher v. Dove (1884), 99 Ind. 175, 177-78. See also, Phar-Crest Land Corp. v. Therber (1967), 251 Ind. 674, 681, 244 N.E.2d 644, 647. | Doctrine of estoppel springs from equitable principles and is designed to aid law in administration of justice where, without its aid, injustice might result; its purpose is to preserve rights previously acquired and not to create new ones. | Does estoppel spring from equitable principles and is it designed to aid in the administration of justice where injustice might result? | 017767.docx | LEGALEASE-00156078-LEGALEASE-00156079 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 1920 | Burks v. Madyun, 105 Ill. App. 3d 917 | 307A+687 | In determining the legal sufficiency of a complaint on a motion to dismiss, all well pleaded facts are to be taken as true (Fitzgerald v. Chicago Title & Trust Co. (1978), 72 Ill.2d 179, 20 Ill.Dec. 581, 380 N.E.2d 790) and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. Farns Associates Inc. v. Sternback (1979), 77 Ill.App.3d 249, 32 Ill.Dec. 722, 395 N.E.2d 1103. | In determining legal sufficiency of complaint on motion to dismiss, all well-pleaded facts are to be taken as true, and reviewing court must determine whether allegations of complaint, when interpreted in light most favorable to plaintiff, are sufficient to set forth cause of action upon which relief may be granted. | "In reviewing a motion to dismiss a complaint as untimely, will a reviewing court take all well-pled facts in a complaint as true and will not weigh the evidence?" | 024478.docx | LEGALEASE-00155968-LEGALEASE-00155969 | Condensed, SA | 0.41 | 0 | 1 | 0 | 1 | |
| 1921 | Frenzel v. Browning-Ferris Industries, 780 S.W.2d 844 | 307A+581 | Frenzel first contends the trial court abused its discretion in dismissing the cause of action for want of prosecution. A trial court has the inherent authority to dismiss for want of prosecution any case not prosecuted with due diligence. State v. Rotello, 671 S.W.2d 507, 508"09 (Tex.1984). An appellate court may reverse this dismissal only upon a showing that the trial court clearly abused its discretion. See id. at 509; Speck v. Ford Motor Co., 709 S.W.2d 273, 276 (Tex.App."Houston [14th Dist.] 1986, no writ). In determining whether to dismiss a cause for want of prosecution, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. See Bard v. Frank B. Hall & Co., 767 S.W.2d 839, 843 (Tex.App."San Antonio 1989, writ denied); NASA I Business Center v. American Nat'l Ins. Co., 747 S.W.2d 36, 38 (Tex.App."Houston [1st Dist.] ), writ denied per curiam, 754 S.W.2d 152 (Tex.1988). | In determining whether to dismiss cause for want of prosecution, trial court may consider entire history of case, including length of time case was on file, amount of activity in the case, request for trial setting and existence of reasonable excuses for delay. | What should court consider in determining whether to dismiss cause for want of prosecution? | Pretrial Procedure - Memo # 10044 - C - KG_62386.docx | ROSS-003281604-ROSS-003281605 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 1922 | City of Fort Wayne v. Sw. Allen Cty. Fire Prot. Dist., 82 N.E.3d 299 | 307A+684 | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. GKN Co. v. Magness, 744 N.E.2d 397, 400 (Ind. Ct. App. 2001). In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Id. Our standard of review is dependent "on what happened in the trial court." Id. at 401. When, as here, "the facts before the trial court are not in dispute, then the question of subject matter is purely one of law." Id. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support; in addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider not only the complaint and motion but also any affidavits or evidence submitted in support?" | Pretrial Procedure - Memo # 10067 - C - AC_62397.docx | ROSS-003319332 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |
| 1923 | Green v. Wiggins, 304 Ark. 484 | 241+180(7) | Of course, appellant's interpretation of Rule 4(i) is correct insofar as it goes, viz., if service of summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed without prejudice. Lyons v. Forrest City Machine Works, Inc., 301 Ark. 559, 785 S.W.2d 220 (1990); see also Cole v. First Nat'l Bank, 304 Ark. 26, 800 S.W.2d 412 (1990). However, that dismissal without prejudice language does not apply if the plaintiff's action is otherwise barred by the running of a statute of limitations. As we discussed earlier, Rule 4(i) provides a procedure in cases where service has not been achieved within the 120 day period whereby the court may, upon motion or its own initiative, extend the time for obtaining service so as to protect the plaintiff from being barred by a statute of limitations. | Under rule providing that, if service of summons is not made upon defendant within 120 days after filing of complaint, action shall be dismissed without prejudice, "without prejudice" language does not apply if plaintiff's action is otherwise barred by running of statute of limitations. Rules Civ.Proc., Rule 4(i). | "Does a rule provide that if service of the summons is not made upon a defendant within 120 days after filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion?" | Pretrial Procedure - Memo # 10350 - C - TJ_62177.docx | ROSS-003293391-ROSS-003293392 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 1924 | Vosbein v. Bellias, 866 So. 2d 489 | 307A+690 | We next consider whether lesser sanctions may have better served the interests of justice. Hoffman v. Paracelsus Health Care Corp., 752 So.2d 1030, 1035 (Miss.1999). "Lesser sanctions include "fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." " Wallace, 572 So.2d at 377 (citations omitted). | Lesser sanctions than dismissal with prejudice for want of prosecution include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Do lesser sanctions than dismissal with prejudice for want of prosecution include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, and dismissal without prejudice?" | 024756.docx | LEGALEASE-00156190-LEGALEASE-00156191 | SA, Sub | 0.33 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1925 | Moore v. Pernell, 319 Md. 438 | 316H+45 | Contrary to the view of the Court of Special Appeals, a dismissal of the plaintiff's entire complaint "without prejudice" does not mean that the case is still pending in the trial court and that the plaintiff may amend his complaint or file amended complaint in the same action. Rather, the case is fully terminated in the trial court. Williams v. Snyder, Adm'r, 221 Md. 262, 267 (1960); 3 Pollack & Sykes, Maryland Practice § 197 (1991 ed.). The effect of the designation "without prejudice" is simply that there is no adjudication on the merits and that, therefore, a new suit on the same cause of action is not barred by principles of res judicata. Williams v. Snyder, Adm'r, supra, 221 Md. at 267, 155 A.2d at 907. See also, e.g., Woodley v. Woodley, 270 Md. 13, 30, 309 A.2d 734, 745 (1973); Moran v. Holler, 342 Md. 21 (1936) (Tilley ed. 1921). A new suit might be barred on other grounds, such as | Dismissal of plaintiff's entire complaint "without prejudice" does not mean that the case is still pending in trial court and that plaintiff may amend his complaint or file amended complaint in same action, but rather that the case is fully terminated in trial court. | Does a dismissal of the plaintiff's complaint without prejudice mean that the case is still pending in trial court and that the plaintiff can amend his or her complaint in the same action? | Pretrial Procedure Memo 4 1983 1 - C - 58B_42418.docx | ROSS 003292649 | SA, Sub | 0.44 | 0 | | | 1 | |
| 1926 | Thomas v. Knight, 52 S.W.3d 292 | 307A+690 | In this case, the court dismissed with prejudice acts is a bar to any suit, arising out of the same facts, brought by appellant against appellees. We held that a dismissal for failure to state a claim with prejudice, and if it runs, a section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under Section 14 of the civil practice and remedies code. See Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (dismissal of an inmate suit brought under the federal in forma pauperis statute is not a dismissal on the merits, but it is merely an exercise of the trial court discretion under the statute). Hickman v. Adams, 35 S.W.3d 120 (Tex.App.-Houston [14th Dist.] 2000 no pet.). When an appellate court reviews whether a trial court abused its discretion in dismissing a case under 14.004, it is clear whether the suit was dismissed with prejudice and if the court abused its discretion, where applicable, whether the inmate error could be remedied through more specific pleading. | When an appellate court reviews whether a trial court abused its discretion in dismissing a late prisoner's civil rights suit, it should consider whether the suit was dismissed with prejudice, and if it was, whether the court abused its discretion in so dismissing, and whether the prisoner's error could be remedied through more specific pleading. V.T.C.A., Civil Practice and Remedies Code, § 14.004. | "When reviewing whether a trial court abused its discretion by dismissing an inmate suit with prejudice, should the appellate court consider whether the inmate error could be remedied with a more specific pleading?" | 023005.docx | LEGALEASE 00157610-LEGALEASE 00157611 | SA, Sub | 0.38 | 0 | | | 1 | |
| 1927 | Burton v. Alam, 628 So. 2d 814 | 307A+581 | Dismissal of an action under Rule 41(b), Alabama Rules of Civil Procedure, is within the discretion of the trial court and will not be reversed absent an abuse of that discretion. Nash v. Cosby, 597 So.2d 209 (Ala.1992). However, dismissal is a drastic sanction, and is to be applied only in extreme situations. Cabaniss v. Wilson, 501 So.2d 1177 (Ala.1986). Furthermore, the trial court may dismiss an action with prejudice only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. Id. Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala.1978). | Trial court may dismiss action, with prejudice, for lack of prosecution only when there is clear record of delay or contumacious conduct by plaintiff or serious showing of willful default. Rules Civ.Proc., Rule 41(b). | "Can a trial court dismiss an action, with prejudice, for lack of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | 029008.docx | LEGALEASE 00157600-LEGALEASE 00157601 | SA, Sub | 0.65 | 0 | | | 1 | |
| 1928 | Burke v. Fox Chek Food Mart No. 217 W. Va. 291 | 307A+690 | We therefore hold that under Rule 4(k) of the Rules of Civil Procedure (1988), if a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court could dismiss the action against the defendant without prejudice; however, if the plaintiff can establish good cause for the failure of service of the plaintiff shows good cause for failing to serve timely, then the circuit court should consider in determining whether to extend the time for service. Factors circuit courts should consider in determining whether to extend the time for service of the plaintiff shows good cause for the failure, include but are not limited to: (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4) whether the defendant has been prejudiced by the failure to serve. To the extent that the ruling in Cackowski v. Wall-Mart in See Kaufman, 197 W.Va. 282, 475 S.E.2d 374 (1996) conflicts with this | If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court could dismiss the action against defendant without prejudice. Rules Civ.Proc., Rule 4(k). | "If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, then the circuit court could dismiss the action against the defendant without prejudice?" | 032041.docx | LEGALEASE 00150701-LEGALEASE 00150702 | SA, Sub | 0.71 | 0 | | | 1 | |
| 1929 | Swenson v. Sanborn Cty. Farmers Union Oil Co., 594 N.W.2d 339 | 307A+581 | Fourth, the plaintiff has the burden to proceed with the action. Duvall v. Mfg., 444 N.W.2d at 56; Schwartz v., 429 N.W.2d at 72; Carson, 382 N.W.2d at 427; Simkins, 392 N.W.2d at 732; Pelo, 72 N.W.2d at 825. The defendant asserts that the plaintiff failed to prosecute the case, relying on Holste, 83 N.W.2d at 31 (Finally, dismissal of the cause of action for failure to prosecute should be granted where, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. Thus, 80 N.W.2d at 415, where it was stated): "Under the statute and rule, the plaintiff's burden to prove the following elements: (1) the plaintiff must show a lack of diligence in prosecuting the action, and (2) the defendant must show prejudice resulting from the plaintiff's failure to prosecute with reasonable promptness." | "Should dismissal of a cause of action for failure to prosecute be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness?" | Pretrial Procedure Memo 4 1071 1 - C - SK_42487.docx | ROSS 003329044-ROSS 003329047 | Condensed, SA | 0.62 | 0 | | 1 | | |
| 1930 | United States v. Niebla, 713 F.Supp.65 | 377H+1421 | To sustain a conviction under " 875(a), the government must prove: (1) that the defendant knowingly; and (2) that the defendant knowingly caused a transmission to be made in interstate commerce; (3) that he acted knowingly, and (4) the transmission contained a threat to injure the person of another. 18 U.S.C.A. § 875(a). | What is the government required to prove to sustain a conviction for transmitting in interstate commerce any communication containing any threat to injure the person of another, the government is required to prove that the defendant knowingly caused a transmission to be made in interstate commerce; (2) he did so knowingly; and (3) the transmission contained a threat to injure the person of another? 18 U.S.C.A. § 875(c). | What is the government required to prove to sustain a conviction for transmitting in interstate commerce any threat to injure the person of another? | 044004.docx | LEGALEASE 00150917-LEGALEASE 00150918 | Condensed, SA, Sub | 0.57 | 0 | | 1 | 1 | |

Appendix D

360

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |
| 1991 | Chaddox v. Chaddox, 36 Misc.2d 211 | 307+343(1) | The complaint, however, fails short of a concise statement of the necessary material facts. Construed liberally, it can be seen from the mere recitation of parent and child, (Matter of McGlone, 284 App.Div. 596, 599, 135 N.Y.S.2d 116, 133) it should be remembered that a pleading must allege the facts which constitute the wrong charged and that conclusions are not enough (Weingarten v. Cohen, 2 N.Y.2d 561, 308, 320, 161 N.Y.S.2d 633, 637, 141 N.E.2d 314, 317.) While a pleading attacked for legal insufficiency must be accorded every fair and reasonable intendment, liberality cannot be a substitute for matters of substance and conclusions utilized to supply material facts by inference within the doctrine of liberal construction". (Didier v. Macfadden Publications, 299 N.Y. 49, 53. 83 N.E.2d 612, 613, 614.) | Although pleading attacked for legal insufficiency must be accorded every fair and reasonable intendment, liberality cannot be a substitute for matters of substance and conclusions utilized to supply material facts by inference within doctrine of liberal construction. | Should pleadings attacked for legal insufficiency be accorded every fair and reasonable intendment? | 023815.docx | USGALEXE 00158464 USGALEXE 00158465 | Condensed, SA | 0.67 | | 1 | | 1 | |
| 1992 | Texas Mut. Ins. Co. v. Olivas, 323 S.W.3d 266 | 307A+699 | Appellant's first issue contends that the trial court abused its discretion by dismissing the case without providing notice. A party must be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution under either its inherent power or Rule 165a. See Tex.R. Civ. P. 165a(1); Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628 (Tex.1999). Therefore, a trial court's failure to provide adequate notice generally requires reversal and a dismissal for want of prosecution. However, "a trial court does not abuse its discretion by denying a motion to reinstate if the movant's notice of the actual order of dismissal or time to file a motion to reinstate, and his or her opportunity to be heard on the motion." Keough v. Cyrus U.S.A., Inc., 204 S.W.3d 1, 5 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). | A trial court does not abuse its discretion by denying a motion to reinstate a suit if the movant receives notice of the actual order of dismissal in time to file a motion to reinstate, and has an opportunity to be heard on the motion. | Does a trial court not abuse its discretion by denying a motion to reinstate a suit if the movant receives notice of the actual order of dismissal in time to file a motion to reinstate? | 025498.docx | USGALEXE 00158717 USGALEXE 00158718 | SA, Sub | 0.75 | | | 1 | | |
| 1993 | Kuis v. McKenna, 2001 PA Super 366 | 307A+699 | Initially, we note our well settled standard of review: A request to open a judgment of non pros is by way of grace and not of right and is grant or refusal is within the sound discretion of the [trial] court and the [trial] court has the burden to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. Before a petition to open a judgment of non pros may be granted, the moving party must: (1) promptly file a petition to open; (2) provide a reasonable explanation or excuse for the default or delay that precipitated the non pros; and (3) establish that there are sufficient facts to support a cause of action. | Before a petition to open a judgment of non pros may be granted, the moving party must: (1) promptly file a petition to open; (2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros; and (3) establish that there are sufficient facts to support a cause of action. | What should the moving party do before a judgment of non pros can be granted? | Pretrial Procedure - Memo #10814 - C - SN_6867.docx | ROSS 003296204 ROSS-003296205 | Condensed, SA | 0.52 | | 1 | | | |
| 1994 | Regents of Univ. of California v. Superior Court, 225 Cal. App. 3d 972 | 1411+1174(1) | The court's legitimate interests in denying resident tuition to undocumented aliens are manifest and important. We will starve just a few the state's interests in denying resident tuition to undocumented aliens such as preferring to educate its lawful residents; in avoiding enhancing the employment prospects of those who are undocumented and, as a practical matter, prohibited by law; in conserving its fiscal resources for the benefit of its lawful residents; in avoiding accusations that it is avoidedly imposing on aliens in its classrooms and enforcing immigration laws in conflict with respect for government not subsidizing those who break the law; and in not subsidizing the university education of students whose parents, because of their illegal status or otherwise, are not subject to the California tax system for funding the state's educational system. | Treating undocumented alien students as nonresidents for tuition purposes does not deprive them of equal protection of the laws; state has legitimate interests in denying resident tuition to undocumented aliens such as preferring to educate its lawful residents, avoiding enhancing the employment prospects of those who are, as practical matter, forbidden by law, and not subsidizing university education of those who may be deported. West's Ann.Cal.Educ.Code § 68062(h); West's Ann.Cal. Const. Art. 3, § 7. | Is denying resident tuition to undocumented aliens in order to subsidize the university education of those who may be deported a legitimate interest? | 000777.docx | USGALEXE 00160321 USGALEXE 00160323 | Condensed, SA, Sub | 0.46 | | 1 | 1 | | |
| 1995 | In re Adoption of Jason K., 41 Misc.3d 885 | 24+179 | The issuance of an order of guardianship or an order of adoption for a minor child residing in the United States by a juvenile court may provide a basis for the juvenile court to make the special findings necessary to submit an application to USCIS for Special Immigrant Juvenile ("SIJ") status pursuant to 8 U.S.C. § 1101(a)(27)(J) and Matter of Henandez, A.O.3d 968, 970, 902 N.Y.3d 66 (1 [2013] [adoption]); In re C.G., .79 A.3d 361, 3033 Wn, 474377, [D.C. Ct. App. 2011] [guardianship]; In re C.G., .79 A.3d 1684, 98, 309 N.Y.S.2d 1 [15 [2011] [guardianship]; In re C.o., 79 A.3d 366, 3033 Wn, 4746773 [D.C. Ct. App. 2011] [guardianship]), although guardianship of an alien minor may be granted independently of any application for SIJ status (Matter of Luis A.A., 95 A.3d 79.5, 797.798, 821 N.Y.S.2d 186 [2061]). | The issuance of an order of guardianship or an order of adoption for an alien minor residing in the United States by a juvenile court may provide a basis for the juvenile court to make the special findings necessary to submit an application to United States Citizenship and Immigration Services (USCIS) for Special Immigrant Juvenile (SIJ) status, although guardianship of an alien minor may be granted independently of any application for SIJ status. Immigration and Nationality Act, § 101(a)(27)(J), 8 U.S.C.A. § 1101(a)(27)(J). | Are special findings of guardianship or an order of adoption for an alien minor residing in the United States necessary to permit a juvenile to file an application for Special Immigrant Juvenile (SIJ) status of interest? | Aliens, Immigration and Citizenship - Memo 73- PK_64697.docx | ROSS 003321836 ROSS-003321839 | SA | 0.37 | | | | 1 | |
| 1996 | In re garC.o., 195 S.W.3d 682 | 224+297 | The sworn motion establishes a prima facie case that the judgment timely notice and renders a judgment conforming notice for the limited purpose of holding an evidentiary hearing to determine the date on which the party or his counsel first received notice or acquired knowledge of the judgment. See Grondona v. Sutton, 991 S.W.2d 90, 95, n pet.). The mere filing of the motion, however, does not automatically mean the date on which the party or his counsel first received notice or acquired knowledge of the judgment, Vernon's Ann.Texas Rules Civ.Proc., Rule 306a. | A sworn motion to extend post-judgment deadlines establishes a prima facie case that the party lacked timely notice and renders a judgment conforming notice for the limited purpose of holding an evidentiary hearing to determine the date on which the party or his counsel first received notice or acquired knowledge of the judgment. Vernon's Ann.Texas Rules Civ.Proc., Rule 306a. | When is a trial court required to hold an evidentiary hearing? | 039620.docx | USGALEXE 00159597 USGALEXE 00159892 | SA, Sub | 0.3 | | | 1 | | |
| 1997 | Fico v. Health Ins. Plan of Greater New York, 248 A.D.2d 432 | 307A+697 | "A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the claim, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and lack of prejudice to the nonmoving party. Grossman, 197 A.D.2d 68, 596 N.Y.S.2d 645; The moving party must satisfy all four components of the test before the dismissal can be properly vacated (see, Roland v. Napolitano, 209 A.D.2d 501, 619 N.Y.S.2d 27)." | Party seeking to restore a case to trial calendar after it has been dismissed as abandoned must demonstrate merits of claim, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party; in event that case is restored to trial calendar; all four components of test must be satisfied before dismissal can be properly vacated. McKinney's CPLR 3404. | A party seeking to restore a case to trial calendar after it has been dismissed as abandoned must demonstrate what? | Pretrial Procedure - Memo #11318 - C - KS_64411.docx | ROSS 003284593-ROSS-003284596 | SA, Sub | 0.32 | | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1958 | Molnaisis v. Doctors Billing & Mgmt. Sols., 196 Md.App. 439 | 316+45 | The trial court may review its second protest when the entry between 1) the party is notified of entry of a judicial protest or arbitration; 2) whether the order either the words "without prejudice" or the words "with prejudice"; The words "without prejudice" permit re-filing, the words "with prejudice" prohibit refiling. Generally speaking, a dismissal with prejudice is ordered in those cases where the dismissal is based on an appraisal of the legal sufficiency of the claim. It touches the substantive merits of the case. A dismissal without prejudice, on the other hand, is more likely to be ordered in cases where the dismissal is based upon some procedural glitch or lapse in the necessary formalities, something that does not engage the merits of my judicata and that can be readily rectified on the next try. A dismissal without prejudice to the appellant's plight in this case is that neither phrase has anything to do with whether he may or may not amend his initial pleading. | A dismissal "without prejudice," as opposed to a dismissal with prejudice, is more likely to be ordered where the dismissal is based on some procedural glitch or lapse in the necessary formalities, something that does not engage the merits of res judicata and that can be readily rectified on the next try. Md.Rule 2-322. | Is a dismissal "without prejudice" more likely to be ordered in cases where the dismissal is based on some procedural glitch or lapse in the necessary formalities? | 039856.docx | LEGALEASE 00159447 LEGALEASE 00159448 | Condensed, SA, Sub | 0.65 | | | 1 | 1 | |
| 1959 | 476 W. 150th St. Realty Corp. v. Lewis, 164 Misc. 2d 954 | 307+497 | A motion to restore may be treated by a court as a motion to vacate a dismissal for abandonment (Syndicate Bldg. Corp. v. Lorber, 193 A.D.2d 506, 507, 597 N.Y.S.2d 710 [2d Dept.1993] ). In order to have a dismissal vacated and the action restored to the trial calendar, the movant must show "a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action" (14 actions omitted). (Id.; Aacon Auto Transp., Inc. v. State of New York, 125 A.D.2d 154, 508 N.Y.S.2d 975 [2d Dept.1986] ). | In order to have a dismissal for abandonment vacated and action restored to trial calendar, movant must show meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing party and lack of intent to abandon action. McKinney's CPLR 3404. | In order to have a dismissal for abandonment vacated and action restored to a trial calendar, should a movant show a meritorious cause of action? | 040068.docx | LEGALEASE 00160415 LEGALEASE 00160416 | SA, Sub | 0.55 | | | | 1 | |
| 1960 | Shrieft v. Missouri-Edison Co., 53 S.W.2d 446 | 307+643 | Plaintiff authorizes a defendant to move for dismissal of a civil action against him on account of failure on the part of the plaintiff to prosecute said action. In addition, it is well settled that courts have inherent authority in the exercise of sound judicial discretion, to dismiss a cause for failure to prosecute with due diligence. The rule is stated in Logan v. Lennix Bros. Co. (Mo.Sup.) 246 S.W.2d 25, 399 Mo.1961, as follows: "The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a cause for failure to prosecute with due diligence, and that the action thereon rests upon the disturbed on appeal unless such discretion was abused. City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65, 402 ]. See City Street and benefit of Hannibal v. Holland in mud Co., Mo., 337 S.W.2d 847, 905]." | "Discourts have the inherent authority, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence and action thereon will not be disturbed on appeal unless such discretion was abused. | Do courts have the inherent authority to dismiss an action for failure to prosecute with due diligence? | Pretrial Procedure Memo 11805 - C - KI_65478.docx | ROSS-000279711 ROSS-000279722 | Condensed, SA | 0.73 | | | 1 | | |
| 1961 | Campaign for Quality Educ. v. State, 209 Cal. Rptr. 14-988 | 141+153 | State constitution vests legislature with sweeping and comprehensive powers in relation to public schools, including broad discretion to determine types of programs and services which further the purposed of education and such functions as educational focus, teaching methods, school operations, furnishing of textbooks, and the like. (See Article I, "1; §. (Wilson, supra, 71 Cal.App.4th at p. 1134, 89 Cal.Rptr.2d 745.) And the appellants' assertion "that the Legislature is not providing enough funding for education" is not a basis for a lawsuit? [Grossmont, supra, 169 Cal.App.4th at p. 896, 86 Cal.Rptr.3d 695; see California School Bds. Assn. v. State of California (2011) 192 Cal.App.4th 770, 779, 121 Cal.Rptr.3d 696 ["the formulation of a legislative [, including the means to be placed upon it, [are] inherently a discretionary and legislative power," and "[t]he budget determination is "limited by [the Legislature's] discretion, and beyond the interference of courts." (id. at p. 780, 121 Cal.Rptr.3d 696 ("[t]he California Constitution's separation of powers doctrine forbids the judiciary from issuing writs that direct the Legislature to take specific action in fulfilling its appropriations and legislative functions]. Appellants raise "a public policy claim, "properly resolved — exclusively in the halls of the legislature." (Grossmont, supra, at p. 892, 86 Cal.Rptr.3d 695.) | State constitution vests legislature with sweeping and comprehensive powers in relation to public schools, including broad discretion to determine types of programs and services which further the purposed of education and such functions as educational focus, teaching methods, school operations, furnishing of textbooks, and the like, with one justice concurring separately. (Cal. Const. art. 9, §§ 1, 5. | Do state constitutions delegate power to the legislature over the public school system? | 017252.docx | LEGALEASE 00161144 LEGALEASE 00161145 | Condensed, SA, Sub 0.7 | | 1 | | 1 | 1 | |
| 1962 | Owczarkowski v. Pawlicki, 35 A.D.2d 771 | 307+497 | Upon a motion by a defaulting party to vacate an order of dismissal he must show a justifiable excuse for the default (Foss v. v. Forte, 33 A.D.2d 1007; Steiner v. Weichelt, 19 A.D.2d 1007; Mc v. New York, 18 A.D.2d 950, 238 N.Y.S.2d 741) and present evidentiary facts establishing that he has a meritorious claim (Mosler v. Maiese, 23 A.D.2d 897, 258 N.Y.S.2d 910; Levitt v. Levitt, 20 A.D.2d 903, 248 N.Y.S.2d 384). | "On a motion by defaulting party to vacate order of dismissal, he must show a justifiable excuse for the default and present evidentiary facts establishing that he has a meritorious cause of action?" | Pretrial Procedure Memo 11805 - C - SKI_65399.docx | ROSS-000296349 ROSS-000296350 | Condensed, SA | 0.54 | | | 1 | | |
| 1963 | Goheli v. Montgomery Hosp., 698 A.2d 653 | 307+497 | When reviewing a lower court's denial of a petition to open a judgment of non prois, we must determine whether the lower court abused its discretion. Carter v. J.S. Bank Corp. P'ship, Inc., 454 A.2d Super 572, n. 2, 686 A.2d 392, 394 5. n. 2 (1996). To open a judgment of non prois, the petitioner must demonstrate to the trial court's satisfaction that the following three requirements are met: (1) the petition to open must be promptly filed; (2) the delay must be reasonably explained; (3) facts must be shown to exist which support a cause of action. Pa.R.C.P. 30(S)(A). Presently, there is no dispute that appellant's petition to open was promptly filed. Accordingly, we analyze the second prong of the test whether appellant's delay in petitioning to open was reasonably explained. | "To open judgment of non prois, petitioner must demonstrate to trial court's satisfaction that petition to open was promptly filed, delay was reasonably explained, and facts exist which support cause of action. Rules of Civ.Proc., Rule 305(b), 42 Pa.C.S.A. | "To open judgment of non proj(NP), should a petitioner demonstrate to a trial court's satisfaction that a petition to open was promptly filed? | 040047.docx | LEGALEASE 00161487 LEGALEASE 00161488 | Order, SA, Sub | 0.68 | | 1 | 1 | 1 | |
| 1964 | Excelsior Grundy, K&7, S.W.2d 12 | 307+497 | Exclinor predicates his entire argument on the language of rule 164(2) of the Texas Rules of Civil Procedure. This rule provides, in relevant part, that: [a]ny court that maintains its dockets open a suit to dismiss . . . that has not been retired or has no conscious before the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake . . . The R.Civ.P. 165(a)(2). However, rule 165 prohibits a dismissal on account of want of prosecution but fails to appear for trial. Verdock's R.Civ.P. Tex. Rules 165a, subd 3. | Rule requiring reinstatement of case dismissed for want of prosecution in the event of failure of party or attorneys was not intentional or result of conscious indifference but was due to accident or mistake applies only to case dismissed for want of prosecution because of failure of attorney or party to appear for trial, it does not apply to case dismissed for want of diligent prosecution upon failure of either court. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd 3. | Can a case dismissed for want of prosecution be reinstated upon failure of a trial court that failure of party or his attorney to appear was not intentional? | 040057.docx | LEGALEASE 00161521 LEGALEASE 00161522 | SA, Sub | 0.08 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1945 | City of Erie v. Peerless Heater Co., 660 A.2d 238 | 307Ak497 | In order to remove a judgment of non pros, [1] the motion to remove judgment must be promptly filed, [2] the delay in removing the case forward must be reasonably explained, and [3] facts must be shown to exist which support a cause of action. Penn Township Water Co. v. Felmont Oil Corp., 430 Pa.Super.Ct. 473, 625 A.2d 693 (1993), petition for allowance of appeal denied, 537 Pa. 660, 644 A.2d 1202 (1994). First, there is no question here that the petition to remove the judgment was promptly filed. Second, in order to determine whether or not the delay in moving the case forward is reasonable, we look to the two-pronged test articulated in Penn Piping (whether) [1] a party has shown a lack of due diligence by failing to proceed with reasonable promptitude, [2] there is no compelling reason for delay, and [3] the delay has caused prejudice to the adverse party. | In order to determine whether or not delay in moving case forward is reasonable, for purposes of motion to remove judgment of non pros, court looks to three-prong test, whether: party has shown lack of due diligence by failing to proceed with reasonable promptitude; there is no compelling reason for delay; and delay has caused prejudice to adverse party. | Does a court look to a three prong test to determine whether or not a delay in moving case forward is reasonable? | 040070.docx | USGA.EXE 00160594-USGA.EXE 00160595 | SA, Sub | 0.59 | 0 | | | 1 | |
| 1946 | Stoddard v. Rutgers, 24 N.J. Tax 187 | 307Ak422 | The standard for the grant of a Rule 4:6-2 motion to dismiss a complaint for failure to state a cause of action is generally understood in this State. In Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 563 A.2d 31 (1989), our Court stated the question of adequacy in determining whether a cause of action is suggested by the facts alleged in the complaint, without regard to the ability of the plaintiff to prove those facts. Id. at 741, 563 A.2d 31. The plaintiff is entitled to the opportunity to amend his complaint if necessary. Ibid. "For purposes of analysis plaintiffs are entitled to every reasonable inference of fact. The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a searching scrutiny of the pleadings...". | In ruling on a motion to dismiss a complaint for failure to state a claim, a court must test the adequacy of a pleading by determining whether a cause of action is suggested by the facts alleged in the complaint, without regard to the ability of the plaintiff to prove those facts. R.4:6-2. | "On motion to dismiss a complaint for failure to state a claim, a court must test the adequacy of a pleading by determining whether a cause of action is suggested by the facts alleged in the complaint, without regard to the ability of the plaintiff to prove those facts." | Pretrial Procedure Memo 11571 - C; BP_45948.docx | ROSS-00203103-7-ROSS-00203104 | Condensed, SA | 0.66 | | | 1 | | |
| 1947 | Cambridge Mut. Fire Ins. Co. v. Crete, 150 N.H. 673 | 307Ak495 | A dismissal of a writ for failure to state a cause of action is dismissal on the merits. ENG. Inc. v. Barnes, 137 N.H. 186, 189, 624 A.2d 515 (1993). This rule is equally well-settled in federal jurisprudence, and is a part of our liberal doctrine of amendment. NJ assures that the opportunity to amend be only on practical meaning; however, the plaintiff that may be given leave to amend the writ to correct perceived defects in the form of the writ or proceeding; however, the plaintiff that may given leave to amend the writ to correct perceived defects in the form of writ or proceeding. An amendment being an adverse judgment has preclusive effect. Id. Therefore, the trial court must allow the plaintiff the opportunity to amend... for failure to state a claim, allowing the plaintiff two chances to state a claim before protecting the adverse from burdening the courts and opposing parties with further attempts. Id. | To assure that the opportunity for amendment has practical meaning, a plaintiff must be given leave to amend the writ to correct perceived defects in the form of the writ or proceeding, before dismissal. To state a cause before precluding the plaintiff from burdening the courts and opposing parties with further attempts. | "To assure that the opportunity for amendment has practical meaning, a plaintiff must be given leave to amend the writ to correct perceived defects before an adverse judgment has preclusive effect?" | Pretrial Procedure Memo 11603 - C; 560_45053.docx | ROSS-00202929-5-ROSS-00202860 | Condensed, SA | 0.37 | | | 1 | | |
| 1948 | Gray v. Gray, 102 Ohio App. 239 | 307Ak460 | However, it is generally recognized that courts have inherent power, independent of statute, to dismiss an action when it appears that the plaintiff has failed to prosecute or to comply with an order of the court or diligently to prosecute his case. The right of the court to dismiss for want of prosecution cannot be determined in the light of the surrounding facts and circumstances and in the exercise of the proper judicial discretion... | Generally, courts have inherent power, independent of statute, to dismiss an action when it appears that plaintiff has failed to prosecute or comply with an order of the court or to comply with an order of court, issued for an unreasonable period, or there is an unreasonable delay in serving summons, or failure to comply with an order of the court or diligently to prosecute the case. R.C. 15.232.04, 2323.05. | Does the court have the inherent power to dismiss an action when it appears that plaintiff has failed to prosecute or comply with an order of the court or prosecute its case with due diligence? | Pretrial Procedure Memo 11688 - C; SJ_45459.docx | ROSS-00279370-ROSS-00127987,1 | SA, Sub | 0.36 | | | | 1 | |
| 1949 | Babbin v. Xail the Swords, 155 Conn. App. 716 | 307Ak583 | Practice Book "14"[6]a permits a trial court to dismiss an action with costs if a party fails to prosecute the action with reasonable diligence. The ultimate determination regarding a motion to dismiss for lack of diligence is within the discretion of the court." Na Ioma v. Gushen, 183 Conn. 413, 415, 439 A.2d 379 (1981), overruled in part on other grounds by Morelli v. Manpower, Inc., 226 Conn. 831, 833, 628 A.2d 1311 (1993), "under ["14"(1), the trial court is confronted with an inherently uncertain analysis of the diligence exercised, the court must determine whether the prosecution has been diligent within the "reasonable" section of the diligence spectrum." Iacona v. Amil, Inc., 205 Conn. 130, 133, 549 A.2d 378 (1988). Courts must remain mindful, however, that "[i]t is the policy of the law to bring about a trial on the merits of a dispute whenever possible and that termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." Internal quotation marks omitted.) Millbrook Owners Assn., Inc. v. Hamilton Standard, 257 Conn. 1, 16, 776 A.2d 1115 (2001). | Courts must remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute whenever possible and that termination of proceedings without a determination of the merits of the controversy is to be avoided, where that can be brought about with due regard to necessary rules of procedure. | Should courts remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute? | Pretrial Procedure Memo 11695 - C; SJ_45412.docx | ROSS-00203830-ROSS-00180007 | Condensed, SA, Sub | 0.75 | | 1 | 1 | 1 | |
| 1950 | PDC Consulting v. Porter, 196 P.3d 826 | 307Ak583 | "We do not abandon a trial court order of dismissal for failure to prosecute as absent an abuse of discretion and a conclusion that the trial court acted arbitrarily or capriciously, manifestly unreasonably, or when the order is based on an erroneous conclusion of law. See also Charlie Brown Constr. Co. v. Leisure Sports Inc., 740 P.2d 1368, 1370 (Utah Ct.App. 1987)). A trial court's order of dismissal for failure to prosecute is clearly appears that the court has abused its discretion and that a refusal to reinstate has prejudiced the defendant... Defendant may move for dismissal of an action or of any claim against him" where "the plaintiff fails to prosecute." Utah R. Civ. P. 41 (b). In other words, it is well within a trial court's discretion to dismiss a case under rule 41 (b) when "a party fails to move forward according to the rules and the directions of the court, without justifiable excuse." Westinghouse Elec. Supply Co. v. Paul R. Larsen Contractor, Inc., 544 P.2d 876, 879 (Utah 1975) (citing Utah R. Civ. P. 37; Maxfield v. Fishler, 538 P.2d 1323, 1324-25 (Utah 1975)). | It is well within a trial court's discretion to dismiss a case for failure to prosecute when a party fails to move forward according to the rules and according to the rules and the directions of the court? | Is it well within a trial court's discretion to dismiss a case for failure to prosecute when a party fails to move forward according to the rules and the directions of the court? | 040613.docx | USGA.EXE 00161613-USGA.EXE 00161614 | SA, Sub | 0.8 | | | | 1 | |

363

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,079 |
| 1951 | Caraballo v. Montefiore Med. Ctr., 99 A.D.3d 618 | 307k459 | To sustain an order dismissing an action pursuant to CPLR 3216, a plaintiff must demonstrate both a reasonable excuse for the failure to comply with the 90-day demand to serve and file a note of issue and a meritorious cause of action (see CPLR 3216[b]; [e]; 3216[e]; Picot v Armstrong, 295 AD2d 521, 521; 897 N.Y.S.2d 87 [2010]; appeal dismissed 15 N.Y.3d 907, 906 N.Y.S.2d 811, 933 N.E.2d 219 [2010]; see also Baczkowski v Collins Constr. Co., 89 N.Y.2d 499, 503, 655 N.Y.S.2d 848, 678 N.E.2d 487 [1997]). Here, plaintiff failed to make any showing. | To sustain an order dismissing an action for want of prosecution, a plaintiff must demonstrate both a reasonable excuse for the failure to comply with the 90-day demand to serve and file a note of issue and a meritorious cause of action. | To sustain an order dismissing an action for want of prosecution, should a plaintiff demonstrate a reasonable excuse for the failure to comply with the 90-day demand to serve? | 040565.docx | LEGALEASE-00162482 - LEGALEASE-00162483 | SA_Sub | 0.55 | 0 | | | | |
| 1952 | State v. Nelson, 2000 ME 132 | 135H+99 | A court must find above a reasonable doubt to the right of the defendant to have his case tried completely by one tribunal. Wade v. Hunter, 336 U.S. 684, 689, 69 S. Ct. 834, 93 L. Ed. 974 [1949]. Double jeopardy attaches when the jury is impaneled in a jury trial. State v. Rowe, 480 A.2d 778, 781 (Me. 1984). A declaration of mistrial after a jury is impaneled and thus prevents the government from attempting a prosecution again on the same charges except in certain limited circumstances when the defendant consents to the mistrial, or as manifest necessity for the mistrial exists. State v. Landry, 600 A.2d 101, 102 (Me. 1991). | A declaration of mistrial after a jury is impaneled will prevent the government from attempting a prosecution again on the same charges except in certain limited circumstances when the defendant consents to the mistrial, or a manifest necessity for the mistrial exists, U.S.C.A. Const.Amend. 5; M.R.S.A. Const. Art. 1, § 8. | Will a declaration of mistrial after a jury is impaneled prevent the government from attempting a prosecution again on the same charges except in certain limited circumstances when the defendant consents to the mistrial? | Double Jeopardy Memo 285 - C - NS_040701.docx | ROSS-003296173-ROSS-003296174 | SA_Sub | 0.48 | 0 | | | | |
| 1953 | United States v. Aguilar-Aranceta, 957 F.2d 18 | 135H+201 | The double jeopardy clause of the fifth amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense. United States v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 125 L. Ed. 2d 556 [1993]; United States v. Wilson, 420 U.S. 332, 343, 95 S. Ct. 1013, 1021, 43 L. Ed.2d 232 (1975); North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The double jeopardy clause is not an absolute bar to successive trials. Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 308, 104 S. Ct. 1805, 1813, 80 L.Ed.2d 311 (1984). The protection embodied in the clause may be waived or forfeited by a defendant. The protection embodied in the double jeopardy clause is not an absolute defense that may be waived or forfeited by a defendant voluntary actions or choices or by a defendant's failure to assert its protection in a timely manner. U.S.C.A. Const.Amend. 5. | Protection embodied in double jeopardy clause is not an absolute defense that may be waived or forfeited by a defendant's voluntary actions or choices, including request for or effectual consent to a mistrial. U.S.C.A. Const.Amend. 5. | Is protection embodied in double jeopardy clause a personal defense that may be waived or forfeited by defendant's voluntary actions or choices including requests for or effectual consent to a mistrial? | Double Jeopardy Memo 227 - C - NC_04411.docx | ROSS-003284499-ROSS-003284600 | SA_Sub | 0.74 | 0 | | | | |
| 1954 | United States v. McCallum, 721 F.3d 706 | 110+295 | The constitutional protection against double jeopardy comprises not only the defendant's right to be secure in a judgment of conviction or acquittal but also protects the defendant's right to have his case completed by a particular tribunal." "Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) (emphasis added) (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed.2d 974 [1949]). Although "retrial is not automatically barred when a criminal proceeding is terminated [prematurely], " the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar, U.S.C.A. Const.Amend 5. | Although retrial is not automatically barred when a criminal proceeding is terminated prematurely, the prosecutor must shoulder the burden of justifying the mistrial if he is to avoid the double jeopardy bar. U.S.C.A. Const.Amend 5. | Although retrial is not automatically barred when a criminal proceeding is terminated prematurely, should the prosecutor justify the mistrial if he is to avoid the double jeopardy bar? | 015409.docx | LEGALEASE-00161368 - LEGALEASE-00161369 | SA_Sub | 0.78 | 0 | | | | |
| 1955 | People v. Cobb, 97 Ill. App. 115H+95.1 | 115H+95.1 | Within Illinois that not every mistrial necessarily gives rise to a valid claim of double jeopardy; nonetheless the right not to be put twice in jeopardy for the same offense is a substantial right which should be jealously guarded (People v. Laws, 29 Ill. 2d 221, 93 N.E.2d 880)[.] Also, it has been established that to justify a declaration of a mistrial over the objection of the defendant there must be a manifest or imperial verdict cannot be reached, or, if verdict of conviction could be reached that it would have to be reversed on appeal because of some obvious procedural error in the trial." Illinois, 355 Ill. 365, 375. The function of the Double Jeopardy Clause is to protect individuals from the harassment of successive trials, U.S.C.A. Const.Amend. 5; S.H.A. Const. Art. 1, § 10. | Though not every mistrial necessarily gives rise to a valid claim of double jeopardy, right not to be put twice in jeopardy for the same offense is a substantial right which should be zealously guarded. | Though not every mistrial necessarily gives rise to a valid claim of double jeopardy, is a right not to be put twice in jeopardy for the same offense a substantial right which should be zealously guarded? | 015565.docx | LEGALEASE-00163729 - LEGALEASE-00163730 | Condensed_SA | 0.7 | | 1 | | 1 | |
| 1956 | Morrow v. First Nat. Bank of Abilene, 249 S.W.2d 160 | 260+79.1(0.5) | The court in State Nat. Bank of Corpus Christi v. Morgan compared the attribution of a royalty with the type of payment there considered. We held we should follow, from which the court said that defined: With reference to the general principle of royalty in its general sense that may be used is known to light the way. A royalty, as generally is expressed, as the most usual share royalties is sometimes used in a sense in lieu of taxes apart from royalties. State Nat. Bank of Corpus Christi v. Morgan, supra, Despaint v. Stansfield Oil & Gas Co., supra. But parties may anticipate and provide against instances where production or marketing are thwarted, by permitting a substituted royalty. Freeman v. Magnolia Petroleum Co., supra; Deell Oil Co. v. Goodess, Tex.Civ.App., 197 S.W.2d 901. Bonus "represents market value of a lease apart from royalties to be paid on production and the other considerations of the lease; and is a sum of money paid upon execution of a lease or agreed to be paid at some later date, usually out of lease share of the first oil produced from the land, usually and the term royalties frequently computed at a cash amount per acre. Rental is ordinarily an annual cash amount computed on an acreage basis. | The "bonus" provided for in oil and gas lease represents market value of lease apart from royalties to be paid on production and other considerations under the lease, and is a sum of money paid upon execution of a lease or agreed to be paid at some later date, usually out of lease share of first oil produced from the land, and is frequently computed at a cash amount per acre. | "Can the term bonus be defined as a sum of money paid in consideration for the execution of a lease, as distinguished from the rent or royalty reserved by the lessor to be paid by the lessee through the term of the lease?" | 021001.docx | LEGALEASE-00163311 - LEGALEASE-00163312 | Condensed_SA_Sub | 0.75 | | 1 | 1 | 1 | 1 |

364

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,973 | 21,876 | 9,029 |
| 1957 | People ex rel. Dep't of Revenue v. Courtney, 162 Ill. App. 3d 134 | 307A+697 | The determination that there has been a lack of diligent prosecution warranting dismissal rests within the sound discretion of the trial court and should not be disturbed on appeal unless there has been an abuse of discretion. (In re Marriage of Kon (1980), 83 Ill.App.3d 652, 39 Ill.Dec. 282, 404 N.E.2d 873.) Dismissal for want of prosecution, however, is error unless the party has been guilty of inexcusable delay in prosecuting the suit. (Crawford v. Crawford (1976), 39 Ill.App.3d 457, 463, 350 N.E.2d 103; Fuhrmann v. Merrill Construction Co. (1975), 29 Ill.App.3d 300, 337 N.E.2d 311.) *** Moreover, dismissal for want of prosecution should be set aside where a satisfactory explanation of the apparent delay has been given, there has been no intentional or willful disregard of any directions of the court, and it does not appear that further postponement of a controversy on its merits would result in prejudice or hardship to any of the parties. In re Marriage of Dague (1985), 136 Ill.App.3d 297, 299, 91 Ill.Dec. 42, 483 N.E.2d 322. | Dismissal for want of prosecution should be set aside where satisfactory explanation of apparent delay has been given, there has been no intentional or willful disregard of any directions of court, and it does not appear that further postponement of controversy on its merits would result in prejudice or hardship to any of parties. | Should a dismissal for want of prosecution be set aside where a satisfactory explanation of apparent delay has been given? | 04075A.docx | LEGALEASE 00161370-LEGALEASE 00161371 | Condensed, SA | 0.69 | 0 | | 1 | 1 | |
| 1958 | McGinnis v. Steeleman, 199 So. 3d 49 | 307A+583 | Hollander v. Nance, 888 So.2d 1275, 1277 (¶6) (Ala.Civ.App.2004). "[T]he court has previously held that "[a] trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations.' " Burleson v. Glass, 817 So.2d 703, 704 (Ala.Civ.App.2001) (quoting Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978)). | A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "Does the court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing?" | Pretrial Procedure Memo 32093 - C - 5HE_67083.docx | ROSS-003294524-ROSS-003294525 | Condensed, SA | 0.63 | 0 | | 1 | 1 | |
| 1959 | Progressive Ins. Co. v. Brown, 195 So. 3d 1007 | 307A+583 | "[T]his court has previously held that "[a] dismissal for want of prosecution is clearly "with prejudice." " " Walker v. Stinson, 5 So.3d 615, 617 (Ala.Civ.App.2008) (quoting ... ). "A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but" "since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations." "Burleson v. Glass, 817 So.2d 703, 704 (Ala.Civ.App.2001) (quoting Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978)). Heavy v. ... Progressive argues that the circumstances in the present case did not present such an extreme situation that dismissal was warranted. We agree. | Trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "Does the court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing?" | 04087A.docx | LEGALEASE 00165872-LEGALEASE 00165872 | Condensed, SA | 0.69 | 0 | | 1 | 1 | |
| 1960 | Scardella v. DeMers, 17 Cal. App. 4th 1762 | 307A+583 | Dismissal for failure to serve summons within two years and dismissal for failure to bring action to trial within the prescribed time under section 583.420, subdivision (a)(2), after action is commenced, are both matters within the discretion of trial court, although both are addressed in the same statute, the scope of discretion is not the same. "The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action...." " (City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, 1297, 255 Cal.Rptr. 704.) As a comparison of Black Bros. Co. with Scardella shows, the legal principles governing the failure to timely bring a matter to trial do not control the failure to timely | Dismissal for failure to serve summons within two years and dismissal for failure to bring action to trial within prescribed time, after action is commenced, are both matters within discretion of trial court, although both are addressed in same statute; scope of discretion is not same. West's Ann.Cal.C.C.P. § 583.420(a), (a)(2), (3). | "Are the dismissal for failure to serve summons within two years and dismissal for failure to bring actions to trial within prescribed time, after action is commenced, both matters within the discretion of trial court?" | Pretrial Procedure Memo 32144 - C - VP_65725.docx | ROSS-000282755-ROSS-000282756 | Condensed, SA, Sub | 0.59 | 1 | | | 1 | |
| 1961 | State v. Huffman, 141 W. Va. 55 | 352H+94 | Two elements are essential to an attempt to commit the crime of rape. There must be an attempt to commit sexual intercourse with a female, and some overt act to accomplish it which falls short of accomplishment. Butler, The Law of Crime, Vol. 1, Section 220; State v. Gill, 101 W.Va. 242, 132 S.E. 490; Wooldon v. Commonwealth, 107 Va. 976, 60 S.E. 1007, 19 Ann.Cas. 439; Smith v. Commonwealth, 54 Pa. 209, 93 Am.Dec. 705; Glover v. Commonwealth, 86 Va. 382, 10 S.E. 420; Christian v. Commonwealth, 23 Grat., Va., 954; Commonwealth v. Fields, 4 Leigh, Va., 648; People v. Dowell, 136 Mich. 306, 99 N.W. 23; Cintula v. State, 46 Old. Cr. 29, 288 P. 348; Payne v. Commonwealth, 110 S.W. 311, 33 Ky.Law Rep. 229. To sustain conviction for an attempt to commit the crime of rape the proof must establish the specific intent to commit the crime of rape and an attempt to accomplish its purpose by physical means, and, if force... In the perpetration of the offense, necessary to overcome the will of the victim, together with an attempt to accomplish his lustful desire against the will of female and notwithstanding her resistance. | To sustain conviction for an attempt to commit rape, proof must establish the specific intent to commit the crime of rape and an attempt to accomplish its purpose by physical means... In the perpetration of the offense, necessary to overcome the will of the victim, together with an attempt to accomplish his lustful desire against the will of female and notwithstanding her resistance. | "To sustain conviction for an attempt to commit rape, must proof establish the specific intent to commit the crime of rape and an attempt to accomplish its purpose by physical means?" | 04312 9.docx | LEGALEASE 00164072-LEGALEASE 00164073 | Condensed, SA | 0.79 | 0 | | 0 | 1 | |

365

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1562 | State v. McLellan, 149 N.H. 257 | 135H+30 | We have not decided whether the New Hampshire Constitution's Double Jeopardy Clause applies when the State fails to submit sufficient proof of a prior conviction at sentencing. However, the United States Supreme Court held in Monge v. California, 524 U.S. 721, 734, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998), that the Federal Constitution's Double Jeopardy Clause "does not preclude retrial on a prior conviction allegation in the noncapital sentencing context." The United States Supreme Court affirmed the decision. It first noted that "[h]istorically, ... found double jeopardy protections inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an offense." Id. at 728, 118 S.Ct. 2246 (quotation and citation omitted). The Court also noted that "[a]n enhanced sentence imposed on a persistent offender ... is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a ... penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." | Does failure by the state to present sufficient proof of defendant's prior convictions at sentencing, upon which prior convictions state relied in seeking and obtaining enhanced sentences, did not preclude retrial of enhancement on remand for noncapital resentencing, where sentencing determination did not put defendant in jeopardy for an offense? Const. Pt. 1, Art. 16; RSA 632-A:10-a. | Does failure by the state to present sufficient proof of defendant's prior convictions at sentencing, preclude retrial of enhancement on remand for noncapital resentencing, where sentencing determination did not put defendant in jeopardy for an offense? | Double Jeopardy - Memo 1216 - C - RF.docx | LEGALEASE_00056157 / LEGALEASE_00056158 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 1563 | State v. Guillaume, 293 Mont. 224 | 135H+30 | Thus, as we have done in the past, we again refuse to reach lock-step with the United States Supreme Court in interpreting the protection afforded by the double jeopardy provision of Article II, Section 25 of the Montana Constitution. We hold that Article II, Section 25 of the Montana Constitution affords greater protection against multiple punishments for the same offense than does the Fifth Amendment to the United States Constitution. We further hold that application of the weapon enhancement statute to felony convictions where the underlying offense requires proof of use of a weapon violates the double jeopardy provision of Article II, Section 25 of the Montana Constitution. | Application of weapon enhancement statute to felony convictions where underlying offense required proof of use of weapon violates the double jeopardy provision of Montana Constitution. Const. Art. 2, § 25; MCA 46-18-221(1), (4). | Does application of weapon enhancement statute to felony convictions where underlying offense requires proof of use of weapon violate the double jeopardy provision of Constitution? | Double Jeopardy - Memo 1225 - C - SS_67343.docx | ROSS-003248329/ROSS-003283350 | Condensed, SA | 0.67 | 0 | 1 | | 1 | 1 |
| 1564 | Mays v. W. Virginia Secondary Sch. Activities Comm'n, 223 W. Va. 88 | 92+4226 | Due process protections were inapplicable to suit promulgated by Secondary Schools Activities Commission (SSAC) that imposed an administrative review process before imposing a multi game suspension sanction on a student athlete, as there was no constitutionally protected interest attached to participation in interscholastic sports. U.S.C.A. Const.Amend. 14. As this Court made clear in Truby, the absence of a constitutionally protected interest attached to participation in interscholastic sports obviates the necessary predicate for requiring procedural due process protections before administrative action is taken. Because the due process protections that the trial court found lacking were inapplicable, it follows that the rulings which were premised on the lack of such protections are not sustainable. Thus, the circuit court's attempt to declare SSAC Rule 127 § 15.3 unconstitutional for lacking an administrative review process before imposing a multi game suspension sanction is without any basis in the law. | Due process protections were inapplicable to suit promulgated by Secondary Schools Activities Commission (SSAC) that imposed an administrative review process before imposing a multi game suspension sanction on a student athlete, as there was no constitutionally protected interest attached to participation in interscholastic sports. U.S.C.A. Const.Amend. 14. | Does an athletic association violate due process or the Equal Protection clause when it imposes a suspension upon a student athlete? | 01 2593.docx | LEGALEASE_00164311 / LEGALEASE_00164312 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 1565 | State v. Cramer, 161 S.W.3d 420 | 110+1195 | Specifically, a court may declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the manifest necessity doctrine. Dority, 91 S.W.3d at 988, 91 S.W.3d at 992, 988; State v. Smith, 98 S.W.3d at 71, 80 (Mo.App.1999). But neither was a declaration of mistrial nor subsequent retrial without violating double jeopardy if justice would not have been served by continuation of the original proceeding. | A court may declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the manifest necessity doctrine. | Can a court declare a mistrial sua sponte and retry the defendant without violating the double jeopardy clause if the declaration of mistrial meets the manifest necessity doctrine? | 04 1018.docx | LEGALEASE_00164317 / LEGALEASE_00164318 | SA | 0.53 | 1 | | | 1 | |
| 1566 | State v. C.Z.F., 181 S.W.3d 841 | 110+1195 | The doctrine of double jeopardy, which is derived from the Fifth Amendment to the Constitution of the United States and is applied to the states through the Fourteenth Amendment, protects a state from placing a defendant in jeopardy twice for the same offense. See generally Crist v. Bretz, 437 U.S. 28, 33, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); State v. Leeson, 191 S.W.3d 345, 95 S.Ct. 1779, 1791, 44 L.Ed.2d 346 (1975) (applying due process right against double jeopardy to juveniles); Downum v. United States, 372 U.S. 734, 737-38, 83 S.Ct. 1033, 1035-36, 10 L.Ed.2d 100 (1963). Ex parte Lefors 89 S.W.2d 242, 64 (Tex.Crim.App.1994) (citing Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978)). In a jury trial of an adult charged with a crime, jeopardy attaches when the jury is empaneled and sworn. Crist, 437 U.S. at 38, 98 S.Ct. at 2162. The rule that jeopardy attaches when the jury is empaneled and sworn is an integral part of the constitutional guarantee against double jeopardy. Id. A defendant's valued right to have his trial completed by a particular tribunal" is now within the protection of the constitutional guarantee against double jeopardy, because that right lies at the foundation of the federal rule that a jury trial, once empaneled and sworn. See Crist, 437 U.S. at 36, 98 S.Ct. at 2161. The defendant's right to double jeopardy jurisdiction is violated only when the defendant's objection to the declaration of mistrial is overruled, and the matter is prosecuted, or on which the jury returns an acquittal, may not be retried. Ex parte Sosfos, 513 S.W.2d 840, 30) (Tex.Crim.App.1974). | A defendant's valued right to have his trial completed by a particular tribunal is within the protection of the constitutional guarantee against double jeopardy, because that right lies at the foundation of the federal rule that a jury trial, once empaneled and sworn. U.S.C.A. Const.Amend. 5. | Is a defendant's right to have his trial completed by a particular tribunal within the protection of the constitutional guarantee against double jeopardy? | Double Jeopardy - Memo 3054 - C - BF_07970.docx | ROSS-003292974/ROSS-003292975 / 003293001 | SA, Sub | 0.82 | | | 1 | 1 | 1 |
| 1567 | Welch v. Edmondson, 472 F.3d 1227 | 110+15.1 | Instead, the Court has recognized "that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public interest in fair trials designed to end in just judgments." Id. at 689, 69 S.Ct. 834. Nevertheless, because a criminal defendant's right to have his trial completed by a particular tribunal is substantial, and any mistrial frustrates that right, the prosecution must overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided. Washington, 434 U.S. at 505, 98 S.Ct. 834. That heavy burden (in this: the prosecution must demonstrate "manifest necessity" for any mistrial. id. | Because a criminal defendant's right to have his trial completed by a particular tribunal is substantial, and any mistrial frustrates that right, the prosecution must overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided. | Should the prosecution overcome a heavy burden in justifying a mistrial over the defendant's objection if the double jeopardy bar is to be avoided? | 01 6018.docx | LEGALEASE_00165736 / LEGALEASE_00165737 | SA, Sub | 0.56 | | | 1 | 1 | 1 |

Appendix D

| ROW | WKNS Topic + Key Number | Judicial Opinion | Judicial Opinion Text | Copied Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 1968 | 110+1106.1 | State v. Ross, 189 Conn. 42 | We have not hesitated to review a judgment entered because of the default of the appellant or with his consent where exceptional circumstances demand such action in order to preserve the fairness of the trial… Reilly v. State, 119 Conn. 217, 221, 175 A. 582 (1934); Shaw v. Spelke, 110 Conn. 208, 215-17, 147 A. 675 (1929). Where the absence ruling is such as to prevent the defendant from having a fair opportunity to present his claim… the state has no realistic option to proceed to trial and await the inevitable outcome where it would otherwise be clear that the result of the unavailability of the suppressed evidence a defendant has been acquitted, the principle of double jeopardy would prevent a new trial regardless of whether the evidentiary ruling was erroneous. | "If because of unavailability of suppressed evidence, defendant has been acquitted, the principle of double jeopardy would prevent new trial regardless of whether exclusionary ruling as erroneous, Reilly v. Conn Amend 5. | "If because of unavailability of suppressed evidence, defendant has been acquitted, the principle of double jeopardy would prevent new trial regardless of whether exclusionary ruling was erroneous?" | 03180S.docx | LEGALEASE 00165425-LEGALEASE 00165430 | SA, Sub | 0.78 | | | | 1 | |
| 1969 | 349A+10 | In re Gateway (Thomas), 415 B.R. 486 | The bright line factor in whether a transaction in the form of a lease creates a security interest is stated in the first part of 17/201(37). It provides: … a transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee and … (a) the original term of the lease is equal to or greater than the remaining economic life of the goods; (b) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods; (c) the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement. The first part of the test looks at whether any of the enumerated conditions apply to the term. The second part looks at what are referred to as the Residual Value Factors. If the lessee may not terminate the lease during its term, and if any of the Residual Value Factors is present, the transaction is a sale without consideration of any other facts and circumstances. | Under Illinois law, the first part of the bright-line test for whether a transaction in the form of a lease creates a security interest looks at whether the lessee may terminate the agreement during its term. | Does the first part of the bright-line test for whether a transaction in the form of a lease creates a security interest looks at whether the lessee may terminate the agreement during its term? | 04275S.docx | LEGALEASE 00165783-LEGALEASE 00165788 | Condensed, SA, Sub | 0.76 | | | | 1 | |
| 1970 | 13+27(1) | Weiss v. Willis, 117 F. Supp. 164 E73 | The gist of the action doctrine "bars claims for breach of contract where, in actuality, the claim sounds in tort for breach of a broader social duty owed to all persons." … The gist of the action doctrine "foreclosures a party's pursuit of a tort action for the mere breach of contractual duties, without any separate or independent event giving rise to the tort." "SA" [4], Quakertown, L.P., 99 F.Supp.3d 459, 500 (E.D. Pa. 3d 2015) (citations and internal quotation marks omitted). | "Does the gist of the action doctrine foreclose a party's pursuit of a tort action for the mere breach of contractual duties, without any separate or independent event giving rise to the tort?" | "Does the gist of the action doctrine foreclose a party's pursuit of a tort action for the mere breach of contractual duties, without any separate or independent event giving rise to the tort?" | Action - Memo 345 - C_b2PSGhDfMoxdTfooq555ixQxdWKoYSp.docx | ROSS-000000023 | SA, Sub | 0.38 | 0 | | | | |
| 1971 | 13+27(1) | DePuy Synthes Sales v. Globus Med., 259 F. Supp. 3d 225 | "A breach of fiduciary duty claim is barred by the gist of the action doctrine." "Second… breach of fiduciary duty claims are barred by the gist of the action doctrine if there are "no allegations that the defendant breached any duty besides the duties created under the parties' contractual agreements." | Under Pennsylvania law, claims for breach of fiduciary duty are not barred by the gist of the action doctrine if fiduciary duty arose beyond particular obligations contained in parties' contract, but breach of fiduciary duty claims are barred by gist of the action doctrine if there are no allegations of breach of fiduciary duty beyond the obligations contained in parties' contract. | Are claims for breach of fiduciary duty not barred by gist of the action doctrine if fiduciary duty at issue begins beyond particular obligation contained in parties' contract? | Action - Memo 948 - C_18KMNf7HQYM819 1_j14NwO0i_gr mmuS.docx | ROSS-000000026 | Condensed, SA, Sub | 0.07 | | 1 | | | |
| 1972 | 51+1(3) | In re UAL Prod. Co., 210 B.R. 43 | The term "lease" is not a defined term under the Bankruptcy Code [11 U.S.C. § 365 et seq.]. In resolving whether a transaction characterized as a lease is actually something other than lease, bankruptcy courts typically look to applicable nonbankruptcy law for guidance, and where state law is applicable look to applicable nonbankruptcy law for guidance, and the characterization of the lease is not necessarily controlling. Where a true lease is involved, no matter what the parties' designation as a security interest, then the court must examine the facts of each case to determine whether the agreement is a true lease or a disguised security transaction… This is of particular significance for, for various accounting and tax purposes, a transaction which is a security agreement or a financing statement sale of equipment is sometimes documented as a lease. | In resolving whether transaction characterized as lease is actually something other than lease, bankruptcy courts typically look to applicable nonbankruptcy law for guidance, and where state law is applicable look to Uniform Commercial Code (UCC), provisions of UCC are considered in distinguishing true lease from disguised security transaction. U.C.C. § 1-201(37). | Is characterization affected by parties not necessarily controlling in distinguishing between a true lease and a disguised security agreement? | 04273S.docx | LEGALEASE 00166755-LEGALEASE 00166754 | Condensed, SA | 0.52 | | 1 | | | |
| 1973 | 349A+10 | In re Phoenix Elec. Mfg. Servs., 429 B.R. 195 | "As a matter of law, a security interest is created if the lessee does not have the right to terminate the agreement and one of the factors in [U.C.C.] Code Ann. 336.1-201(37)(A)]] is present." Parker, 363 B.R. at 773. If the agreement does not meet the gist facts designation as a security interest, then the court must examine the facts of each case to determine whether the agreement is a true lease or a disguised security agreement. | Under South Carolina's version of Uniform Commercial Code (UCC), if agreement does not meet the pass facts designation as a security interest, court must examine the facts of the case to determine whether the agreement is a true lease or a disguised security agreement. S.C. Code 1976, § 36-1-201(37)(A)(i-iv). | "If an agreement does not meet the pass facts designation as a security interest, should a court examine the facts of the case to determine whether the agreement is a true lease or a disguised security agreement?" | 04284S.docx | LEGALEASE 00166573-LEGALEASE 00166574 | Condensed, SA | 0.32 | | 1 | | | |
| 1974 | 371+2016 | City of Banks v. Washington Cty., 29 Or. App. 495 | The first sentence designates the substantive law of assessment and taxation not only as a subject of state concern, but as a subject of state taxation only. That is, the legislature is empowered by this provision to grant of authority to legislate the mechanism for its accomplishment. Then, the second sentence adds to the first the statutory mandate for the accomplishment of the mandate be uniform. The constitutional mandate for "general laws" for levy and collection of taxes includes the authority to assign the statutory administrative responsibility to such agencies of government as the legislature deems responsible for the levy and collection of taxes include beyond reasonable standard for such authority to legislate. | Does the constitutional mandate for "general laws" for levy and collection of taxes include authority to assign the statutory administrative responsibility to such agencies of government as legislature deems responsible for the levy and collection of taxes includes authority to assign fiscal responsibility for those administrative functions. Const. art. 9, § 1. | "Does the constitutional mandate for "general laws" for levy and collection of taxes include authority to assign to state administrative responsibility to government agencies?" | 04059S.docx | LEGALEASE 00166641-LEGALEASE 00166642 | Condensed, SA, Sub | 0.5 | | | | 1 | |
| 1975 | 371+2011 | Nat'l Tunnel & Mines Co. v. Indus. Comm'n, 99 Utah 39 | Legislative power over taxation is always except where limitations or exceptions are expressly stated by law. The provisions of Art. 13 of the state constitution specifically vest the power of administering and supervising state taxation in the State Tax Commission. The fact that the legislature has given the Tax Commission the power of the legislature to place the administering and supervising power over taxation of any other or commission such as Industrial Commission. Const. art. 13, § 11. | The constitutional provisions, specifically vesting power of administering and supervising state taxation in the State Tax Commission, be considered a limitation on legislature's power to place such administering and supervising power in any other officer or commission, such as Industrial Commission. Const. art. 13, § 11. | "Should the constitutional provisions, specifically vesting power of administering and supervising state taxation in the State Tax Commission, be considered a limitation on legislature's power to place such administering and supervising power in any other officer or commission?" | 04062S.docx | LEGALEASE 00166799-LEGALEASE 00166800 | SA, Sub | 0.38 | | | | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,079 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 1976 | Browning-Ferris Indus. of Kansas City v. Dance, 671 S.W.2d 801 | 231s6 | It is understandable that the County Court seeks to require landfill operators to pay the expense of inspection. Defendants acknowledge that this order imposes a novel method for payment of inspection charges by landfill operators. Indeed, it appears that no state has followed this case law in this case or anywhere where such a method has been utilized. We note that under § 260.204, every city, county, or state may make an inspection of landfills. See City of St. Louis v. Borne, 520 S.W.2d 12 (1970) (no charge for land paint inspection). In exercising inspection authority through the police power, municipal corporation may impose license, permit fees, or taxes to recover their costs of inspection by a flat amount or an amount based upon volume of business. Recovery of inspection charges in this fashion has long been upheld by the courts. City of St. Louis v. Grosheim Lbr. Co., 190 Mo. 492, 89 S.W. 627 (1905) (semi-annual license for inspection of oils or coats). State ex rel. Attorney General v. Speed, 183 Mo. 186, 81 S.W. 1260 (1904) (fee for inspection on each barrel of coal oil). See also Schmidt v. City of St. Louis. Bottling Co. v. Mobby, 289 Mo. 482, 233 S.W. 446 (bona 1921) (inspection fees based upon gallons of carbonated beverages). The theory of the annual inspection fee should be distinguished. Section 260.200, 260s4o, 1978 (annual inspection fee based on milk produced). | In exercising inspection authority through its police power, municipal corporation may impose license fees, permit fees, or taxes to recover the costs of inspection to the full amount or an amount based upon volume of business. | "While exercising inspection authority through its police power, can municipal corporation impose license, permit fees, or taxes to recover the costs of inspection?" | Inspection - Memo 11 | ROSS-00328128-ROSS-00328283 | Condensed, SA | 0.84 | 0 | | | 1 | |
| 1977 | Flores v. Georgams, 176 Cal. App. 4th 881 | 307A+552 | The appellate court in Shah did not purport to apply section 581.7 in the context of section 581 actions; indeed, Shah had expressly relied on the "ordinary" case, the statute only prohibits new litigation filed in propria persona. On re Shah, supra, 17 Cal.App.4th at p. 1367; 21 Cal.Rptr.2d 861). A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." (Mueller v. Terveer (1959) 171 Cal.App.3d 438, 441, 82 Cal.Rptr. 738, quoting from Lincoln v. Didak (1958) 162 Cal.App.2d 625, 629 P.2d 328 P.2d 338.) However, the exercise of the inherent power to dismiss must be different power than the virtually ministerial power of section 581.7. | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have power to dismiss an action when it is shown to be sham, fictitious, or without merit in order to prevent abuse of the judicial process." | 11949.docx | LEGALEASE-00094191-LEGALEASE-00094192 | Condensed, SA | 0.78 | 0 | | | 1 | |
| 1978 | Casey v. Nw. Utilities, 249 Conn. 365 | 413+1 | "Connecticut first adopted a statutory scheme of workers' Compensation in 1913. The purpose of our state's Workers' Compensation Act... Statutes " 37 273 et seq., is to provide compensation for injuries arising out of and in the course of employment, regardless of fault. Klapprott v. Turner, 165 Conn. 276, 279, 297 A.2d 841 (1968). Under this statute, the employee surrenders his right to bring a common law action against the employer thereby limiting the employer's liability to the statutory amount... In return, the employee is compensated for his or her losses without having to prove liability... In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." (Citations omitted; employer's added; internal quotation marks omitted.) Doe v. Stamford v. St. Paul's Universal Church, 195 Conn. 737, 147 A.271 (1925). To carry out this objective, the statutory provision of the act allow a period of ten days in which to appeal the compensation commissioner's award. General Statute § 31 301(a) (Emphasis added.) Chespo v. Robert E. McMichael, Inc., 169 Conn. 646, 651, 363 A.2d 1085 (1975). The workers' compensation system is also designed to ensure that workers affected that administration does not have on the financial status of an injured employee. See, e.g., General Statutes § 37 301(f) (19 ) (when employer contests a living due to temporary or permanent disabilities caused by his injuries, the employer must pay the injured employee a twenty percent penalty if there is a delay in the availability of workers' compensation...). | Under Workers' Compensation Act, does an employee surrender his right to bring a common law action against the employer for testing the employer's liability to the statutory amount? | "Under the Workers' Compensation Act, does an employee surrender his right to bring a common law action against the employer for testing the employer's liability to the statutory amount?" | 048176.docx | LEGALEASE-00130938-LEGALEASE-00130939 | SA, Sub | 0.79 | | 0 | 1 | | |
| 1979 | Budget Charge Accounts v. Peters, 213 Ga. 17 | 302+6(3) | No cause of action is stated in a petition which states mere legal conclusions of conspiracy, collusion, and fraud with out facts alleged upon which to base them except general which to base them as the basis of such actions. Where the actions of a conspiracy or fraud the statements without facts upon which the conclusions are based, do not state a cause of action to cause of loan deed, to entertain assignee of loan deed from selling property and tendering interest. Section 73(a)1(d) of the Code provides that the facts constituting an affirmative defense, while if plead, shall be set forth. An affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint must be plainly set forth in the answer or the reply. 73A G.S.C 92'93 (b)I (West 2010). The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding the motion to dismiss. | A petition which states mere legal conclusions of conspiracy, collusion, and fraud without alleging facts on which to base them is subject to demurrer. | "Is a cause of action stated in a petition which states mere legal conclusions of conspiracy, collusion, and fraud without alleging facts?" | Pleading - Memo 286, RMM.docx | ROSS-03330837-t-ROSS-03330872 | SA, Sub | 0.03 | | 0 | 1 | | |
| 1980 | Farmers Auto. Ins. Ass'n v. Neumann, 2015 IL App (1st) 140026 | 307A+679 | Section 73(a)1(d) of the Code provides that the facts constituting an affirmative defense, while if plead, shall be set forth. An affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint must be plainly set forth in the answer or the reply. 73A G.S.C 92'93 (b)I (West 2010). The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding a motion to dismiss. | The test for determining the factual sufficiency of an affirmative defense is the same as that applied in deciding a motion to dismiss. | "Is the test for determining the factual sufficiency of an affirmative defense the same as that applied in deciding a motion to dismiss?" | 030903.docx | LEGALEASE-00152768-LEGALEASE-00152769 | SA, Sub | 0.54 | | 0 | 1 | | |

368

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 1981 | Broadview Realty Corp. v. Evans, 213 F. Supp. 261 | 170Bk2,601 | It is well established that "with respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile, that a permanent residence in a particular state with the intention of remaining a residence alone is not the equivalent of citizenship, but a change in residence is prima facie the domicile; and citizenship is not necessarily lost by protracted absence from home where the intention to return remains." Stine v. Moore, 213 F.2d 446 (5th Cir., 1954); Pemberton v. Colonna, 189 F. Supp. 430 (E.D. Pa. 1960), aff'd, 290 F.2d 220 (3rd Cir., 1961); Pendl v. Pendl, 180 F.2d 902 (5th Cir., 1950), cert. denied, 341 U.S. 920, 71 S. Ct. 742, 95 L. Ed. 1354 (1951); Eastern Metals Corporation v. Martin, 191 F. Supp. 245 (S.D.N.Y., 1960). | With respect to diversity jurisdiction of federal courts, "citizenship" has same meaning as domicile, and a permanent residence in a particular state with the intention of remaining a residence alone is not the equivalent of citizenship, although change of residence is prima facie the domicile; and citizenship is not necessarily lost by protracted absence from home where intention to return remains. 28 U.S.C.A. § 1332(a). | Is residence not the equivalent of domicile, although it is prima face evidence of domicile? | 014050.docx | LEGLEX-SE-00164176- LEGLEX-SE-00164177 | SA, Sub | 0.45 | 0 | 1 | | 1 | |
| 1982 | Jacome v. Jaycee Line, Ltd., 814 A.2d 848 | 307Hk541 | Assuming a valid motion of dismissal for nonsuit may be deemed a "neglect to prosecute", which would bar a second action pursuant to CPA 201(a) even if the judgment dismissing the first action were not on the merits, CPA 205(a). Here the appellant's suit was so in shortened the period otherwise available to the plaintiff? (E.J. § Delchi & Gasente Company v. E.W. Scott Co., 46 N.Y.2d 300, 413 N.Y.S.2d 1, 385 N.E.2d 604). Plaintiff commenced the action within the Statute of Limitations with respect to the claim based on breach of warranty of seaworthiness. Therefore, the provisions of the theory of liability could also be framed CPA R 213, set cert ja te. Parada v. Paravda; 217 A.2d 830 and the second branch of defendant's motion to dismiss the complaint as time-barred should also have been denied. | Even if a violation of a prohibition order may be deemed a "neglect to prosecute" which would bar a second action even if the judgment dismissing the first action was not on the merits, that rule cannot be applied in such a way as to shorten the period otherwise available to the plaintiff. McKinney's CPLR 205(a). | Can a rule be applied in such a way as to shorten the period provided for otherwise available to the plaintiff? | Pretrial Procedure Memo #3491 _ C - TM_0159.docx | ROSS-003180690-ROSS-003180697 | SA, Sub | 0.61 | 0 | 1 | | 1 | |
| 1983 | In re Wiley, 438 B.R. 331 | 366k2 | In Maryland Ins. Co. v. Herman, 299 MD 461, 1234 M.A. 624, 631, 914 A.2d 1 (2007), the New Mexico Supreme Court discussed the concept of equitable subrogation. Subrogation is an equitable remedy of law origin whereby through a supposed succession to the legal right of another, it has been held that where one who is not a volunteer pays a debt in equity and good conscience should pay it. It is a remedy for the benefit of one secondarily liable, who has paid the debt of another and to whom in equity and good conscience should be assigned the rights and remedies of the original creditor. | Under New Mexico law, "subrogation" is a remedy for the benefit of one secondarily liable, who has paid debt of another, and to whom in equity and good conscience should be assigned the rights and remedies of original creditor. | Is subrogation a remedy for the benefit of one secondarily liable, who has paid debt of another, and to whom in equity and good conscience should be assigned the rights and remedies of original creditor? | Subrogation - Memo 349 - 4G.docx | ROSS-003183001-ROSS-003183002 | SA, Sub | 0.61 | 0 | 1 | | 1 | |
| 1984 | SRI Dev. Co. v. DS Enterprises of Palm Beaches, 970 So. 2d 495 | 307Ak551 | As to the 2008 order dismissing the complaint with prejudice, we review for an abuse of discretion the lower court's denial of leave to amend. The trial court properly dismisses the complaint if the plaintiff fails to timely file an amendment; but in order to bar the plaintiff from the opportunity to re-plead, dismissal is in the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result. *Id.* at 838. | Although a trial court has the discretionary power to dismiss a complaint if plaintiff fails to timely file an amendment, because dismissal is the ultimate sanction in adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result. | Does a court have the discretionary power to dismiss a complaint if the plaintiff fails to timely file an amendment? | Pretrial Procedure - Memo 11844 - C - DA_66648.docx | ROSS-003347524-ROSS-003347525 | SA, Sub | 0.35 | 0 | 1 | | 1 | |
| 1985 | MidContinent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366k1 | There are two types of subrogation. *See id.* at 1153. Contractual (or conventional) subrogation arises from an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of loss, while equitable (or legal) subrogation does not depend on a contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537, 541 (Tex. App.-Corpus Christi 1993, writ denied); *see also Lee R. Russ & Thomas F. Segalla, 16 Couch on Insurance* 231:18 ed.) (2005). Rather, the insurer stands in the shoes of the insured, obtaining only those rights held by the insured against the third party, subject to any defenses held by the third party against the insured. *See Interstate Fire Ins. Co. v. First Tape, N-c. 817 S.W.2d 142, 145 (Tex. App.-Houston (1st Dist.) 1991, writ denied); Int'l Ins. Co. v. Medical Prof'l Mgt. of Corpus Christi, 405 S.W.2d 883, 889 (Tex. App.-Corpus Christi 1966, writ ref'd n.r.e.); see also 16 Couch on Insurance* 231:12.] Priority of contract between insurers is a necessity. Phipps v. Fuqua, 315 W.2d 840, 663 (Tex. Civ. App.-Amarillo 1958, writ ref'd). | "Equitable subrogation," i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Does equitable subrogation apply in instances in which one person not acting voluntarily has paid a debt for which another was primarily liable and which in equity should have been paid by the latter? | Subrogation - Memo 155 - AMC.docx | ROSS-003294281-ROSS-003294283 | SA, Sub | 0.79 | 0 | 1 | | 1 | |
| 1986 | State, Dept of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 30k1209 | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we review the trial court's decision to admit or exclude the evidence under the abuse of discretion standard." (Punctuation omitted.) Mason v. Home Depot U.S.A., Inc., 283 Ga. 271, 279(6), 658 S.E.2d 603 (2008). When, as in this case, the trial court rules upon the motion without holding an evidentiary hearing, the trial court can apply a "prima facie" standard, and we review the trial court's decision de novo. Lindsey v. Swift, 27A American States, Ltd., 264 Ga. App. 610, 658 (Ga. Ct. 2003); Lee D'annos v. Atlas Aircraft Center, Inc., 660 F. Supp. 2d 167, 168(1972), 174 (D.N.H. 2009) (applying prima facie standard under New Hampshire law). When holding an evidentiary hearing, the trial court must deter mine whether the plaintiff has made a prima facie showing of facts. | "Is the admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of abuse?" | Is the admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of abuse? " | Pretrial Procedure - Memo #136 - C - SSB.docx | ROSS-003229329-ROSS-003229330 | SA, Sub | 0.64 | 0 | 1 | | 1 | |
| 1987 | State v. N., Mt. Ref. Ltd., 160 N.H. 275 | 307Ak554 | When assessing a defendant's motion to dismiss for lack of personal jurisdiction, the standard of review we use varies according to the procedural posture of the case. Noonan v. Vermont Castings, Inc., 581 F.2d 831, 835 (1st Cir. 1992); *see* 16 C. Wright & A. Miller, *Federal Practice & Procedure* Civil² 1351, at 274 (3d ed. 2004). When, as in this case, the trial court rules upon the motion without holding an evidentiary hearing, the trial court can apply a "prima facie" standard, and we review the trial court's decision de novo. Lindsey v. Swift, 26A American States, Ltd., 264 Ga. App. 610, 658 (Ga. Ct. 2003); Lee D'annos v. Atlas Aircraft Center, Inc., 660 F. Supp. 2d 167, 168(1972), 174 (D.N.H. 2009) (applying prima facie standard under New Hampshire law). When holding an evidentiary hearing, the trial court must deter mine whether the plaintiff has made a prima facie showing of facts. | "When the trial court rules upon the motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the trial court must determine whether the plaintiff has pleaded sufficient facts to support its decision de novo. | When the trial court rules upon the motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the trial court must determine whether the plaintiff has pleaded a prima facie standard? | Pretrial Procedure Memo #4071 - C - PB.docx | ROSS-003203194-ROSS-003203197 | SA, Sub | 0.74 | 0 | 1 | | 1 | |

369

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,079 |
| 1988 | Jackson v. Joyner, 309 S.W.3d 550 | 307A+3 | We begin our consideration of the parties' arguments by noting that, as Mr. Jackson points out, this Court recently explained that a motion in limine should not be used as a vehicle to preclude a claim or defense or as a substitute for a motion for summary judgment. Dana v. Hyundai Motor America, Inc., 271 S.W.3d 178, 192 (Tenn.Ct.App.2008). Rather, a motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy. Id. It essentially substitutes for an evidentiary objection which may be made at trial. Id. A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question? | Pretrial Procedure - Memo #812 - C - VA.docx | ROSS-003118559-ROSS-003118566 | Condensed, SA | 0.66 | 0 | 1 | | 1 | |
| 1989 | In re PHI, 539 B.R. 414 | 366+1 | In Massachusetts, a party must prove the following five factors for subrogation to apply: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. Equitable subrogation is a "broad equitable remedy" and "may apply even when one or more of these factors is absent." Additionally, courts have held that that parties with equitable subrogation rights are not entitled to progress payments made to a contractor, that is, funds owned by a contractor prior to its default and paid to the contractor pre-petition. Nevertheless, equitable subrogation does entitle sureties to contract retainages and progress payments that were earned but not yet paid to the contractor. Moreover, if a party with notice of the surety's rights receives funds from a contract owner, equity requires that the party holds the funds for the surety's benefit. | Under Massachusetts law, court considers five factors in deciding whether equitable subrogation applies: (1) whether the subrogee made payment to protect his or her own interest; (2) whether subrogee acted other than as volunteer; (3) whether subrogee was not the primarily liable for the debt paid, (4) whether subrogee paid off the entire encumbrance, and (5) whether subrogation can be applied without working any injustice to rights of junior lienholder; however, equitable subrogation is a broad equitable remedy, and may apply even when one or more of these factors is absent. | What prerequisites must be met in order for equitable subrogation to apply? | Subrogation - Memo #382 - VP.E.docx | ROSS-003245924ROSS-003324551 | Condensed, SA, Sub | 0.46 | | 1 | 0 | 1 | 1 |
| 1990 | Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765 | 366+1 | [There are two types of subrogation. See id. at 551. Contractual (or conventional) subrogation is created by an agreement or contract that grants the right to pursue reimbursement from a third party in exchange for payment of a loss, while equitable (or legal) subrogation does not depend on contract but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537 (Tex.App.-Corpus Christi 1993, writ denied); see also Lee R. Russ & Thomas F. Segalla, 16 Couch on Insurance ª 223.3 (3rd ed.2005). In either case, the insurer stands in the shoes of the insured, obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured. See American Centennial Ins. Co. v. Canal Ins. Co., 843 S.W.2d 480, 481 (Tex.App.-Houston [1st Dist.] 1994, writ denied), Int'l Ins. Co. v. Med- Prof'l Bldg. of Corpus Christi, 405 S.W.2d 867, 868 (Tex.Civ.App.-Corpus Christi 1966, writ ref'd n.r.e.); see also 16 Couch on Insurance ª 222.5. Privity of contract between the insurers is not necessary. Phillips v. Thomas, 555 S.W.2d 278, 281 (Tex.Civ.App.-Amarillo 1936, writ ref'd n.r.e.), | Equitable subrogation, i.e., "legal subrogation" does not depend on contract, but arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter? | Subrogation - Memo #284 - Net-C.docx | ROSS-003813573-ROSS-003813507 | SA, Sub | 0.79 | 0 | | 1 | 1 | |
| 1991 | Carlos v. United California Bank, 3d 694 | 366+1 | One who claims to be equitably subrogated to the rights of a secured creditor must satisfy certain prerequisites. These are: "(1) Payment must have been made by the subrogee to protect his own interest. (2) The subrogee must not have acted as a volunteer. (3) The debt paid must be one for which the subrogee was not primarily liable. (4) The entire debt must have been paid. (5) Subrogation must not work any injustice to the rights of others." (Caito v. United California Bank (1978) 20 Cal.3d 694, 704, 144 Cal.Rptr. 870, 576 P.2d 466; accord, Smith v. State Farm Mut. Auto. Ins. Co. (1992) 5 Cal.App.4th 1104, 1114, 7 Cal.Rptr.2d 131.) The third and fourth of these requisites are at issue here. To apply the doctrine of equitable subrogation in order to permit Grant to recover the debt discharged by the latter... (State of Kansas ex rel. Todd v. United States (10th Cir.1993) 995 F.2d 1505, 1511, cert. denied (1993) 510 U.S. 1053, 1114 S.Ct. 1115, 127 L.Ed.2d 425, 147, 1111, 61 (Ed 1094 [1991]). | One who claims to be equitably subrogated to the rights of secured creditor must satisfy certain prerequisites, namely, that payment must have been made by the subrogee to protect his own interest, that the subrogee must not have acted as a volunteer; that the debt paid must be one for which the subrogee was not primarily liable; that the entire debt must have been paid and that the subrogation must not work any injustice to the rights of others. | Should one satisfy certain prerequisites to claim to be equitably subrogated? | Subrogation - Memo #220 - Met-C.docx | ROSS-003813134-ROSS-003813301 | SA, Sub | 0.58 | 0 | | 1 | 1 | |
| 1992 | Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S., 9 3d 1060 | 25+133 | The Federal Arbitration Act, 9 U.S.C.  1 et seq. (1988), requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is an inexpensive and speedy means of resolving certain disputes and reflecting the strong public policy in favor of arbitration. Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 844 (2d Cir.1987). The federal policy favoring arbitration is even stronger in the context of international transactions. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631, 105 S.Ct. 3346, 3357, 87 L.Ed.2d 444 (1985); Scherk v. Alberto-Culver Co., 417 U.S. 506, 516, 94 S.Ct. 2449, 2455, 41 L.Ed.2d 270 (1974); David L. Threlkeld & Co. v. Metallgesellschaft Ltd., 923 F.2d 245, 248 (2d Cir.), cert. dismissed, 501 U.S. 1267, 112 S.Ct. 17, 115 L.Ed.2d 1094 (1991). | Federal Arbitration Act require federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be an inexpensive and speedy means of resolving certain disputes and reflecting strong public policy in favor of arbitration; federal policy favoring arbitration is even stronger in context of international transactions, 9 U.S.C.A. § 1 et seq. | Does Federal Arbitration Act require the federal courts to enforce arbitration agreement? | 004899.docx | LEGALKM_00117381 - LEGALKM_00117382 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,029 |
| 1993 | Hawkins Land Co. v. ITC Midwest, LLC, 125 F. Supp. 3d 885 | 386+1 | Nuisance and trespass are related doctrines, but there are differences between them... | Under Iowa law, nuisance and trespass are related doctrines, but there are differences between them... | Is the tort of trespass similar to nuisance? | 000751.docx | LEGALEASE 00117541-LEGALEASE 00117542 | Condensed, SA, Sub; 0.46 | 0.46 | 0 | 1 | | 1 | 1 |
| 1994 | Hawkins Land Co. v. ITC Midwest, LLC, 125 F. Supp. 3d 885 | 386+1 | Nuisance and trespass are related doctrines, but there are differences between them... | Under Iowa law, nuisance and trespass are related doctrines, but there are differences between them... | What are the differences between nuisance and trespass? | Trespass - Memo 7 RK.docx | ROSS 002268709-ROSS 002268710 | Condensed, SA, Sub; 0.46 | 0.46 | | 1 | 1 | 1 | 1 |
| 1995 | U.S. v. Fink, 69 F. Supp. 610 | 402+1270 | That Congress, by the previously quoted provisions of Title III of the Second War Powers Act... | Congress, by the Second War Powers Act intended to and did make a valid general delegation to the President of authority to allocate, ration and control scarce and critical materials... | Is it unconstitutional for Congress to invest the President with the power of allocation? | 000365.docx | LEGALEASE 00117097-LEGALEASE 00117098 | Condensed, SA, Sub; 0.7 | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 1996 | Red Hill Farm Tr v. Schnagenberg, 102 Ohio App. 3d 90 | 145E+678 | Preliminarily, in reviewing a decision of the director, the ERB is limited to considering whether the director's action was unreasonable or unlawful... | In reviewing decision of Director of Ohio Environmental Protection Agency (OEPA), Environmental Board of Review (ERB) is limited to considering whether director's action was unreasonable or unlawful... | Can the Environmental Board of Review (ERB) substitute its judgment for that of the Director of the Environmental Protection Agency (EPA) as to factual issues in de novo hearings? | 000407.docx | LEGALEASE 00117806-LEGALEASE 00117807 | Condensed, SA, Sub; 0.13 | 0.13 | 0 | 1 | 0 | 1 | 1 |
| 1997 | Ogden v. Association of United States Army, 177 F. Supp. 498 | 241+15011 | From the time plaintiff accepts the conclusion is inescapable that the modern American law of libel has adopted the so-called "single publication" rule... | The modern American law of libel has adopted the "single publication rule", and it is the prevailing American doctrine that publication of a newspaper or magazine containing defamatory matter gives rise to but one cause of action for libel, which accrues at time of original publication... | What is the single publication rule in defamation law? | 000821.docx | LEGALEASE 00117846-LEGALEASE 00117847 | Condensed, SA, Sub | | 0 | 1 | 0 | 1 | |
| 1998 | Robinson v. Salazar, 838 F. Supp. 2d 1006 | 209+174 | To establish a prima facie case for violation of the Indian Noninterference Act, an Indian tribe is required to allege that (1) it is an Indian tribe... | To establish a prima facie case for violation of the Indian Noninterference Act, an Indian tribe is required to allege that (1) it is an Indian tribe, (2) the land is required to allege that... | What are the elements to prove a prima facie case for violation of the Indian Noninterference Act? | Indians - Memo 20-TN.docx | LEGALEASE 00006241-LEGALEASE 00006242 | SA, Sub; 0.33 | 0.33 | | | 1 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 1999 | Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237 | 25T+113 | The Federal Arbitration Act codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving the courts. In furtherance of this interest, a court must scrupulously honor the bargains implicit in such agreements and interfere only when an award is severely problematic. See, e.g., Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 223, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). This appeal asks us to determine whether or not an arbitration award should be upheld where an arbitrator inexplicably cites language in his decision that cannot be found in the relevant collective bargaining agreement. Because we conclude that such a mistake, while glaring, does not fatally taint the balance of the arbitrator's decision in this case, we affirm the decision of the District Court upholding the award. | Federal Arbitration Act (FAA) codifies Congress' desire to uphold private arbitration agreements that produce prompt and fair dispute resolution without involving courts; in furtherance of this interest, court must scrupulously honor bargains implicit in arbitration agreements and interfere only when award is severely problematic. 9 U.S.C.A. S 1 et seq. | When will courts interfere with arbitration agreements? | 002160.docx | LEGALEASE-00119120-LEGALEASE-00119121 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 2000 | Cox v. Ford Leasing Dev. Co., 170 Ga. App. 81 | 233+1085(2) | The subject clause in this case is permissive only; it is merely "descriptive of what was rented, not a covenant on the part of the tenant" to conduct a certain business. Lawrence v. White, 131 Ga. 840, 849, 63 S.E. 631. The general rule is that "[w]hile a recital in a lease of the purposes for which the demised premises are let has been held to constitute an express or an implied covenant on the part of the tenant to use them for no other purpose, ordinarily, in the absence of an exclusion of other purposes, a lease for a specific purpose is generally regarded as "permissive" instead of "restrictive," and does not limit the use of the premises by the lessee to such purposes.... In order to establish a restriction, express language or language from which a restriction is clearly implied must be shown, so that, in the absence of proof of an independent agreement to the effect that a restriction on the use of the premises was the consideration or inducement to the execution of the lease ... the tenant has the right to use the premises for any lawful purpose for which they are adapted." (Emphasis supplied.) 51C C.J.S. Landlord and Tenant, " 337b, pp. 860"861. | While recital in lease of purposes for which demised premises are let has been held to constitute express or implied covenant on part of tenant to use them for no other purpose, ordinarily, in the absence of exclusion of other purposes, lease for a specific purpose is generally regarded as permissive, instead of restrictive, and does not limit use of premises by lessee; in order to establish a restriction, express language or language from which a restriction is clearly implied must be shown, so that, in the absence of proof of independent agreement to the effect that a restriction on use of premises was consideration or inducement to execution of lease, tenant has right to use premises for any lawful purpose for which they are adapted. | Should express language from which a restriction can be implied be shown to establish restriction in a lease? | 001954.docx | LEGALEASE-00119694-LEGALEASE-00119696 | Condensed, SA, Sub | 0.36 | 0 | 1 | 1 | 1 | 1 |
| 2001 | Int'l Bhd. of Teamsters v. Amerijet Int'l, 904 F. Supp. 2d 1278 | 231H+1524 | Significantly, the RLA provides "exclusive jurisdiction to boards of adjustment established under the Act over minor disputes." Id. at 1250. Since minor disputes "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions," federal courts lack subject matter jurisdiction over such disputes. See Haw. Airlines, Inc. v. Norris, 512 U.S. 246, 253, 114 S.Ct. 2239, 129 L.Ed.2d 203 (1994). Accordingly, federal courts in general have declined to regulate the manner and timing of arbitration once they have determined that they have no jurisdiction over a minor dispute. See, e.g., Air Line Emps. Ass'n, Int'l v. Republic Airlines, Inc., 798 F.2d 967, 968 (7th Cir.1986); Air Line Pilots Ass'n, Int'l v. Champion Air, Inc., No. 06"2467 (MJD/SRN), 2007 WL 1229385, at *4, 2007 U.S. Dist. LEXIS 31067, at *11 (D.Minn. Apr. 27, 2007); Prof'l Flight Attendants Ass'n v. Nw. Airlines Corp., No. 05"1446(DSD/SRN), 2005 WL 1869123, at *3 n. 2, 2005 U.S. Dist. LEXIS 45785, at *7 n. 2 (D.Minn. Aug. 5, 2005). For instance, the District of Minnesota in Champion Air declined to grant a union's request for an injunction requiring an airline to select chairmen for a System Board and to schedule a hearing once it had determined that the underlying grievances were subject to arbitration. See Champion Air, Inc., 2007 WL 1229385, at *4, 2007 U.S. Dist. LEXIS 31067, at *11. The court noted the precedent establishing that courts "do not have jurisdiction to order expedited arbitration because, if the underlying dispute is minor and subject to mandatory arbitration, the courts lack jurisdiction to take any further action." Id. at *4, 2007 U.S. Dist. LEXIS 31067 at *10. For this reason, the court concluded that it did not have the authority to regulate the manner in which the parties carried out the arbitration procedures under their collective bargaining agreement. See id. at *3"4, 2007 U.S. | Since minor disputes must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions, federal courts lack subject matter jurisdiction over such disputes. Railway Labor Act, S 1 et seq., 45 U.S.C.A. S 151 et seq. | "If the grievances under the Railway Labor Acts (RLA) mandatory arbitral mechanism are minor disputes, should those be resolved only through the RLA mechanisms?" | 003284.docx | LEGALEASE-00119593-LEGALEASE-00119594 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 2002 | In re Pihl, 560 B.R. 1 | 366+1 | Under Massachusetts law courts look to the following factors to determine whether equitable subrogation applies:(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder.East Boston Sav. Bank v. Ogan, 428 Mass. 327, 330, 701 N.E.2d 331 (1998). Not all factors need be present for equitable subrogation to apply. Id. | In deciding whether equitable subrogation applies, Massachusetts courts look for the presence of the following factors: (1) that alleged subrogee made payment to protect his or her own interest, (2) that subrogee did not act as volunteer, (3) that subrogee was not primarily liable for the debt paid, (4) that subrogee paid off the entire encumbrance, and (5) that subrogation will not work any injustice to the rights of junior lienholder; however, not all factors need be present for equitable subrogation to apply. | What are the factors that determine equitable subrogation? | Subrogation - Memo 33 - VP.docx | ROSS-003311621-ROSS-003311622 | Condensed, SA, Sub | 0.1 | 0 | 1 | 1 | 1 | 1 |
| 2003 | Flying Tiger Line v. Boyd, 244 F. Supp. 889 | 15A+1101 | The final contention advanced in behalf of the plaintiff is that the record of the hearings before the Board does not sustain the validity of the regulation or the need therefor. This contention seems to be based on a misconception of the nature of a rule-making proceeding. Rule-making is a legislative process. It is neither judicial, administrative, nor quasi-judicial. An agency performing a legislative function need not proceed on evidence formally presented at hearings. It may act on the basis of data contained in its own files, on information informally gained by members of the body, on its own expertise, or on its own views or opinions. It is not necessary for the regulatory agency to cause to be submitted at hearings evidence that would support its rule-making decisions. The regulation ultimately promulgated need not be sustained by evidence. The purposes of rule-making hearings are to give an opportunity to interested parties to submit data and facts, and to present their views. Consequently, the Court does not review a record of such hearings as it does records in judicial or quasi-judicial proceedings. Such hearings are analogous to hearings conducted by Congressional Committees. An act of Congress need not be supported by formal evidence introduced at hearings. | Agency performing legislative function need not proceed on evidence formally presented at hearings, but may act on basis of data contained in its own files, on information informally gained by members of body, on its own expertise, or on its own views or opinions. | Does an agency performing legislative functions always have to proceed on evidence formally presented at hearings? | Administrative Law - Memo 183 - RK.docx | ROSS-003308695-ROSS-003308696 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 819 | 15,944 | 14,873 | 21,876 | 9,079 |
| 2004 | People v. Chicago, M. & St. P. Ry. Co., 306 Ill. 486 | 92+3044 | It is claimed by the people that the provision in question is sustainable under which is here is a valid exercise of the police power of the state, and as that inherent powers power in the state to prohibit all things hurtful to the comfort, welfare and safety of society; to regulate the use of property and employee's pursuits voluntarily, resting upon the contract of the parties. Every man has a natural right to hire his services to any one he pleases, or refrain from such hiring, and it is equally the right of every one to determine whose services he will hire. The state has no right to interfere in a private employment and stipulate the terms of the services to be rendered. Trademark an limitation of Police Power." 176, 178. It is true that the state does have the right, under its police powers, to prevent laws that tend to promote the health, safety, or morals of such employees as Turney, because of the fact that such laws would tend to promote the health, comfort, safety and welfare of society. The act in question, as contended by plaintiff in error, does not in any way, so far as we are able to see, tend to promote the health, safety, or morals of anybody. The provisions in question are not adapted to the object for which the law was enacted, and cannot be said to secure order and peace and safety, or public morals. There is no connection, and there can be none between the statute and the regulation of one of the privileges guaranteed to every citizen of this country who possesses the requisite qualifications. It is not only a right, but should be regarded as a duty of the state, under the police power, to perform that duty. It is not the exclusive right to pursue and limit the holding of office. | No exercise of the police power can disregard the constitutional guaranties in respect to the taking of private property, due process, and equal protection of the laws, or override the demands of natural justice. | Can exercise of the police power disregard the constitutional guaranties in respect to the taking of private property, due process and equal protection? | 007211.docx | LEGALEASE 00135308-LEGALEASE 00135310 | Condensed, SA | 0.92 | 819 | 0 | 1 | 1 | 9,079 |
| 2005 | Weaver v. United States, 865 F.3d 123 | 249+27 | Under New York law, to prove malice, plaintiff asserting malicious prosecution claim must show that defendant acted in bad faith, i.e., on basis of wrong or improper motive, something other than desire to see ends of justice served. As the New York Court of Appeals has recently reaffirmed, the tort of malicious prosecution requires a plaintiff to prove malice as well. Heard v. Town of Camillus, 41 N.Y.3d 11.8; 396 N.Y.S.2d 184 [N.E.2d] 1004 (1977). To prove malice, a plaintiff must show that the defendant acted in bad faith, i.e., on the basis of "a wrong or improper motive, something other than a desire to see the ends of justice served." Id. (quoting Nardelli) v. Stamberg, 44 N.Y.2d 500, 504; N.Y.S.2d 843; 377 N.E.2d 975 (1978). After a thorough review of the record, we conclude that no reasonable jury, having survived dismissal, the district court found that Watson's "harm was caused by a series of independent acts by the police officers... and that "[t]here is no evidence of malice or intent to harm plaintiff." Appl at 226. Because Watson cannot demonstrate malice under New York law, his claim fails. | Under New York law, to prove malice, plaintiff asserting malicious prosecution claim must show that defendant acted in bad faith, i.e., on basis of wrong or improper motive, something other than desire to see ends of justice served. | What must a plaintiff must show to prove malice in a malicious prosecution claim? | 002751.docx | LEGALEASE 00120246-LEGALEASE 00120247 | Condensed, SA, Sub D.78 | | | | 1 | 1 | |
| 2006 | Hicks v. City of New York, 232 F.Supp.3d 480 | 249+26(7) | "[T]he existence of probable cause constitutes a complete defense to a claim of malicious prosecution in New York." Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003). A grand jury indictment "creates a presumption of probable cause that can only be overcome by evidence establishing that the police misconduct successful to good faith... where plaintiff's evidence of fraud, perjury, the suppression of evidence by the police or other police conduct undertaken in bad faith." Bermudez, 790 F.3d 368, 377 (2d Cir. 2015) (internal quotations and citations omitted). "[M]ere conjecture and surmise that his indictment was procured as a result of conduct undertaken in bad faith" are insufficient to rebut the presumption. Savino, 331 F.3d at 73 (internal quotations and citations omitted). Indeed, "[i]n order for a plaintiff who has been indicted to succeed in a malicious prosecution action and thereby to rebut the presumption of probable cause created by the grand jury's indictment, he must establish fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Savino, 331 F.3d at 72 (citing Colon v. City of New York, 60 N.Y.2d 78, 82-83 (1983)) (internal quotations and citations omitted); see also Manganiello v. City of New York, 612 F.3d 149, 162 (2d Cir. 2010) (internal quotations and citations omitted). | In context of malicious prosecution claim, under New York law, grand jury indictment creates a presumption of probable cause that can only be overcome by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith. | How can the presumption of probable cause created by the grand jury indictment be rebutted in a malicious prosecution case? | 002941.docx | LEGALEASE 00119866-LEGALEASE 00119867 | Condensed, SA, Sub D.8 | | | 0 | 1 | 1 | |
| 2007 | Rural/Metro Corp. v. Arizona Corp. Comm'n, 129 Ariz. 191 | 317H+102 | Article 15, § 3 of the Arizona Constitution does not allow the legislature to give "public service corporation" designation to corporations not listed in the definition at 15-2; accordingly, A.R.S. § 40-285 is unconstitutional insofar as it attempts to expand the Commission's jurisdiction to regulate businesses that provide service corporations although not defined as such under Article 15, § 10. | Article 15 of the Arizona Constitution providing that the law-making power may enlarge the powers enumerated in the duties of the Corporation Commission does not allow the legislature to give "public service corporation" designation to corporations not listed in the article of the Constitution defining that term, and thus statute requiring that health, convenience and necessity before constructed by public service corporation is unconstitutional insofar as it attempts to expand Commission's jurisdiction to regulate businesses as public service corporations although not defined as such under the Constitution. A.R.S. §§ 40-281, 40-285, 40-8, Const. Art. 15, §§ 2, 6. | Can the legislature expand the Commission's jurisdiction by giving public service designation to businesses not falling outside the scope of the constitutional definition? | 001523.docx | LEGALEASE 00120895-LEGALEASE 00120896 | Condensed, SA, Sub 0.42 | | | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2008 | Baker v. Pennsylvania Pub. Util. Comm'n, 14 Pa. Cmwlth. 245 | 317A+130 | Insofar as the Public Utility Law is concerned, section 308 is clearly to the contrary of this argument. It provides by subsection (b) as follows:"Whenever there is filed with the commission by any public utility any tariff stating a new rate, the commission May, either upon complaint or upon its own motion, upon reasonable notice, enter upon a hearing concerning the lawfulness of such rate, and pending such hearing and the decision thereon, the commission, upon filing with such tariff and delivering to the public utility affected thereby a statement in writing of its reasons therefore, May, at any time before it becomes effective, suspend the operation of such rate for a period not longer than six months from the time such rate would otherwise become effective, and an additional period of not more than three months pending such decision." (emphasis supplied)The statutory scheme is that the commission may, on the filing of tariffs and without notice and hearing, permit rates to become effective pending decision concerning their lawfulness. It has been clearly so held. Pittsburgh v. Pa. P.U.C., 178 Pa.Super. 368, 115 A.2d 858 (1955). Appellant further argues that he was entitled to notice and hearing pursuant to section 310 of the Law, 66 P.S. s 1150. This section is concerned with so-called "temporary rates', that is, rates which may be fixed and prescribed by the commission, after notice and hearing, in a pending rate proceeding. Supplement No. 5 is not a temporary rate governed by section 310 but a voluntary rate under section 308 | Statutory scheme allows Public Utility Commission on filing of tariffs and without notice and hearing to permit rates to become effective pending decision concerning lawfulness of rates. 66 P.S. SS 1148(b), 1150. | Can the Public Utility Commission (PUC) permit rates to become effective or suspend them pending decisions concerning their lawfulness without notice or hearing? | 042551.docx | LEGALEASE-00120907-LEGALEASE-00120908 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 2009 | Mulvihill v. Spalding Sports Worldwide, 184 F. Supp. 2d 99 | 237+80 | Dorn v. Astra USA, 975 F.Supp. 388, 396 (D.Mass.1997) (citations omitted). Specifically, to survive a motion to dismiss, a defamation plaintiff must plead: (1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s); (2) the means and approximate dates of publication; and (3) the falsity of those statements. | In Massachusetts, defamation claims are subject to special pleading requirements, and to survive motion to dismiss for failure to state claim, defamation plaintiff must plead: (1) the general tenor of the libel or slander claim, along with precise wording of at least one sentence of alleged defamatory statement(s), (2) means and approximate dates of publication, and (3) falsity of those statements. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | How can a plaintiff survive a motion to dismiss a defamation claim? | Libel and Slander - Memo 183 - AKA.docx | ROSS-003310889-ROSS-003310890 | Condensed, SA, Sub | 0.11 | 0 | 1 | 1 | 1 | 1 |
| 2010 | Lambert v. Coonrod, 2012 IL App (4th) 110518 | 30+3209 | "A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused." Swick v. Liautaud, 169 Ill.2d 504, 521, 215 Ill.Dec. 98, 662 N.E.2d 1238, 1246 (1996). To the extent plaintiffs' argument requires the construction of a statute or rule of evidence, it presents a question of statutory interpretation, which we review de novo. McFatridge v. Madigan, 2011 IL App (4th) 100936, 26, 357 Ill.Dec. 212, 218"19, 962 N.E.2d 1113, 1119"20; see also In re Storment, 203 Ill.2d 378, 390, 272 Ill.Dec. 129, 786 N.E.2d 963, 970 (2002) (stating the interpretation of a rule is reviewed de novo ). In construing a statute, the fundamental rule "is to ascertain and give effect to the legislature's intent." Nowak v. City of Country Club Hills, 2011 IL 111838,11, 354 Ill.Dec. 825, 958 N.E.2d 1021, 1023. "The most reliable indicator of that intent is the statutory language itself, which must be given its plain and ordinary meaning." Snyder v. Heidelberger, 2011 IL 111052, 16, 352 Ill.Dec. 176, 953 N.E.2d 415, 420"21. | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Does a trial judge have discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused? | Pretrial Procedure - Memo # 229 - C - ES.docx | ROSS-003295625-ROSS-003295626 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2011 | Weidner v. Sanchez, 14 S.W.3d 353 | 307A+3 | In their second point of error, appellants contend the trial court erred by overruling its motion for mistrial because Sanchez deliberately violated the trial court's ruling on a pretrial motion in limine. A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. Fort Worth Hotel Ltd. Partnership v. Enserch Corp., 977 S.W.2d 746, 757 (Tex.App."Fort Worth 1998, no pet). The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. Id. The cumulative effect of repeated violations of a trial court's order in limine may be grounds for reversal. See National Union Fire Ins. Co. of Pittsburgh v. Kwiatkowski, 915 S.W.2d 662, 664 (Tex.App."Houston [14th Dist.] 1996, no writ). Where a trial court's order on a motion in limine is violated, an appellate court reviews the violations to see if they are curable by an instruction to the jury to disregard them. See Dove v. Director, State Employees Workers' Compensation Div., 857 S.W.2d 577 (Tex.App."Houston [1st Dist.] 1993, writ denied). Violations of an order on a motion in limine are incurable if the instructions to the jury would not eliminate the danger of prejudice. Id. | The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission? | 033214.docx | LEGALEASE-00121183-LEGALEASE-00121184 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 2012 | Matagorda Cty. v. Texas Ass'n of Ctys. Cty. Gov't Risk Mgmt. Pool, 975 S.W.2d 782 | 366+1 | However, TAC argues that it is equitably subrogated to the rights of the underlying claimants to recover the amount paid in settlement of the claims against the County.The doctrine of equitable subrogation is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. Argonaut Ins., 869 S.W.2d at 542 (excess carrier may be equitably subrogated to the rights of the insured against the primary carrier to the extent of its primary liability to pay a settlement); McBroome"Bennett Plumbing, Inc. v. Villa France, Inc., 515 S.W.2d 32, 36 (Tex.Civ.App."Dallas 1974, writ ref'd n.r.e.). However, the doctrine of subrogation is not applied for the mere stranger or volunteer who has paid the debt of another, without any assignment or agreement for subrogation, without being under any legal obligation to make payment, and without being compelled to do so for the preservation of any rights or property of his own. First Nat. Bank of Kerrville v. O'Dell, 856 S.W.2d 410, 415 (Tex.1993) (citing Oury v. Saunders, 77 Tex. 278, 280, 13 S.W. 1030, 1031 (1890)). | Doctrine of "equitable subrogation" is given a liberal application and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation a broad doctrine which is given liberal application? | Subrogation - Memo # 424 - C - SA.docx | ROSS-003283151-ROSS-003283152 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 22,876 | 9,029 |
| 2013 | Whitten v. Scheville, 92 F.3d 372 | 366+1 | Under Louisiana law, "conventional subrogation" occurs when obligee receives performance from third person and subrogates third person to rights of obligee, even without obligor's consent; "legal subrogation" takes place when operation of law in favor of obligor who pays debt he owes with others and who has recourse against those others as result of the payment. LSA-C.C. arts. 1825, 1829. | Can subrogation be conventional or legal? | 04364B.docx | LEGALEASE 00121282-LEGALEASE 00121283 | SA, Sub | 0.92 | 0 | | | 1 | |
| 2014 | Kaffman v. Latchkiss, 2001 WL 111, 53, 146 Wes, 26 f.1 | 366+1 | The transaction of the collateral source rule with the third legal principle must have enriched unjustly. The transaction of the third legal principle explicated relates, and equitable decision on whether the conduct that has arisen in the case at hand. By virtue and to the extent of payments made on behalf of another, a subrogated party is entitled to recover in an action against a third party for the loss or unit harm party in an action against such party. See Couch on Ins. § 224 at 360, Vitauckas Elec. Power Co. v. 176 Wis.2d 442, 775, 501 N.W.2d 788 (1993). Pattacci v. Gerhardt, 260 Wis. 158, 182, 249 N.W. 385 (1932). Subrogation exists to ensure that the loss is ultimately placed upon the wrongdoer and to prevent the subrogor from being unjustly enriched through a double recovery, i.e., a recovery from the subrogated party and the tort-feasor. Garnivens v. Metropolitan Life Ins. Co., 131 Wis.2d 417, 444, 360 N.W.2d 33 (1985). | Does subrogation exist to ensure that the loss is ultimately placed upon the wrongdoer and to prevent the subrogor from being unjustly enriched through a double recovery? | 04385L.docx | LEGALEASE 00121406-LEGALEASE 00121407 | Condensed, SA | 0.73 | 0 | 1 | | | |
| 2015 | Employers Ins. of Wausau v. Com., Dept of Treasy, 561 Pa. 381 | 366+1 | The doctrine of equitable subrogation is "a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another." High-Tech Enters., Inc. v. General Accident Ins. Co., 430 Pa.Super. 605, 635 A.2d 669, 662 (1993). The Board of Claims exercises jurisdiction in both law and equity, and it decides a party's claim or action at issue in the form of contract actions; specifically, quasi-contract claims and claims in assumpsit. See Dept. of Environmental Resources v. Winn, 142 Pa.Cmwlth. 375, 597 A.2d 281 (1991). | Does the equitable subrogation doctrine place the ultimate burden of a debt or liability on the person or entity who, in good conscience, ought to pay it? | 04396T.docx | LEGALEASE 00121154-LEGALEASE 00121155 | Condensed, SA | 0.6 | 1 | | | | |
| 2016 | Brooks v. Switch, 576 A.2d 1329 | 366+(1) | Surety which discharges obligation of principal becomes entitled to right of subrogation, to whatever security creditor had for enforcement of its claim against principal, and to all rights, means, or remedies which creditor had for enforcing payment. | "Does a surety who discharges an obligation of the principal become entitled to the right of subrogation, to whatever security the creditor has for enforcement of its claim against the principal, and to all rights, means, or remedies which the creditor had for enforcing payment?" | 04401D.docx | LEGALEASE 00121429-LEGALEASE 00121430 | Condensed, SA | 0.83 | 0 | | 1 | | |
| 2017 | Norcon Builders v. GMP Contractors, 161 Wash. App. 474 | 369+179 | As an equitable remedy, subrogation is designed to avoid one person receiving an unearned windfall at the expense of another. | Is equitable subrogation or subrogation designed to avoid one person receiving an unearned windfall at the expense of another? | 04405Z.docx | LEGALEASE 00121471-LEGALEASE 00121472 | Condensed, SA | 0.67 | 0 | 1 | | | |
| 2018 | Filner v. Shapiro, 633 F.2d 139 | 369+179 | The existence of the principal's duty to pay gives a surety the equitable right to call upon the principal to exonerate the surety from liability by discharging debt when it becomes due. Fair Thread-Cross. v. United States, 86 F.2d 233 (7th Cir. 1936); Continental-Casualty Co. v. Milford Construction Corp., 15 Misc.2d 893, 183 N.Y.S.2d 707 (1958); Restatement of Security §112, 1.37; Am. Jur. 2d Suretyship and Guaranty §107 (1967) Alternately, the existence of this duty gives the surety, which required to pay, the right to be subrogated to the creditor's claims against the principal. Quantum-Groni Co. v. Harris, 294 F.2d 418, 431 (1st Cir. 1961); National-Surety Co. v. National-City Bank, 184 App.Div. 771, 773, 174 N.Y.S. 413 (1918); Restatement of Security §104. | Does the existence of a principal's duty to pay give a surety an equitable right to call upon principal to exonerate him from liability by discharging debt when it becomes due? | Subrogation - Memo # 710 - C - SA.docx | ROSS-003311538-ROSS-003311539 | Condensed, SA, Sub | 0.63 | 0 | | | 1 | 1 |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 2019 | Frymis Eng Co., ex rel. Liberty Mut. Ins. Co. v. Ionar Int'l. Ltd., 194 S.W.3d 713 | 8661 | The doctrine of equitable subrogation allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. Brown v. Zimmerman, 160 S.W.3d 695, 700 (Tex.App.-Dallas 2005, no pet.). Equitable subrogation prevents the unjust enrichment of the debtor ... First Nat. Bank of Kerrville v. O'Dell, 856 S.W.2d 410, 415 (Tex.1993). Whether equitable subrogation claim requires the claimant to prove both that the benefited party was primarily liable on the debt and the debt was paid involuntarily. ... 515 S.W.2d 32, 36 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.). Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537, 542 (Tex.App.-Corpus Christi 1993, writ denied). | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it | Does the equitable subrogation doctrine allow an equitable subrogation claim requires the claimant to prove both that the benefited party was primarily liable on the debt and the debt was paid involuntarily? | 04458.docx | LEGALEASE 0012157-LEGALEASE-0012158 | SA, Sub | 0.76 | 0 | | 1 | 1 | |
| 2020 | Hunt v. Mobil Oil Corp., 410 F.Supp.10 | 25T+191 | It is now well established that the public interest in the enforcement of the antitrust laws makes antitrust claims inappropriate subjects for arbitration. As a corollary, a stay of antitrust judicial proceedings is favored when an arbitrator would be required to consider antitrust issues with respect to the controversy to be determined by them. Sherman Anti-Trust Act, § 1, 15 U.S.C.A. § 1... | Public interest in the enforcement of the antitrust laws makes antitrust claims inappropriate subjects for arbitration | Does public interest in the enforcement of antitrust laws make antitrust claims inappropriate subjects to arbitration? | Alternative Dispute Resolution - Memo 364 - RK.docx | ROSS-003737152+ROSS-003737121 | Condensed, SA, Sub | 0.47 | 0 | | 1 | 1 | |
| 2021 | Dillon v. BMO Harris Bank, N.A., 856 F.3d 330 | 25T+121 | Consistent with these control principles, the Supreme Court has recognized that arbitration agreements that operate as a prospective waiver of a party's right to pursue statutory remedies are not enforceable because they are in violation of public policy. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 n.19, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); see also Am. Express Co. v. Italian Colors Rest., ––– U.S. ––––, 133 S.Ct. 2304, 2310, 186 L.Ed.2d 417 (2013); 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 273, 274, 129 S.Ct. 1456, 173 L.Ed.2d 398 (2009); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Under the "prospective waiver" doctrine, courts will not enforce an arbitration agreement if doing so would prevent a litigant from vindicating federal substantive statutory rights. See Am. Express Co., 133 S.Ct. at 2310; 14 Penn Plaza, 556 U.S. at 273 n.10, 129 S.Ct. 1456; Gilmer, 500 U.S. at 28, 111 S.Ct. 1647 | Arbitration agreements that operate as a prospective waiver of a party's right to pursue statutory remedies are not enforceable under the Federal Arbitration Act (FAA) because they are in violation of public policy; under this prospective waiver doctrine, courts will not enforce an arbitration agreement if doing so would prevent a litigant from vindicating federal substantive statutory rights. 9 U.S.C.A. § 1 et seq. | Is an arbitration agreement that operates as a waiver of a party's right to pursue statutory remedies enforceable? | Alternative Dispute Resolution - Memo 367 - RK.docx | LEGALEASE-00011707-LEGALEASE-00011708 | Condensed, SA, Sub 0.58 | 0.58 | 0 | | 1 | 1 | |
| 2022 | Cubillos, San Diego Gas & Elec. Co., 236 Cal. App. 4th 939 | 30+10 | In their motion to dismiss the instant appeal, Owners raise the apparent anomaly regarding whether a motion for section 877.6(d) pertains to the sole means of challenging a trial court's order that determines a settlement by a party to have been entered in good faith. Applying this analysis, we conclude Main Plan and Owners are procedurally inapposite to this court has returned additional Insurance on those cases separated without first filing a writ petition pursuant to section 877.6(e). Accordingly, we deny Owners' motion to dismiss SDGE's appeal of the trial court's order challenging the trial court's good faith settlement determination. However, we decline to do so. Based on our review of section 877.6(d)'s language and legislative history, and Main Plan, O'Hara's, Maryland Casualty is ambivalent, we conclude a writ petition that "may" be filed pursuant to section 877.6(e) is a permissive, not mandatory, means of challenging a good faith settlement determination, and the availability of writ review, the statutory means of challenging such a determination, does not preclude on an appeal after a final judgment. Maryland Casualty's detailed analysis of the legislative history of section 877.6(e), as construed above, persuades us on that Legislature did not intend that statute to preclude postjudgment appeals of good faith settlement determinations where earlier writ petitions were summarily denied. We are persuaded by this reasoning in, Maryland Casualty and Williams. In contrast, we are unpersuaded by the dicta in Main Plan and O'Hara's in which we conclude Main Plan and O'Hara are procedurally inapposite to this court has returned additional Insurance on those cases separated without first filing a writ petition pursuant to section 877.6(e). Accordingly, we deny Owners' motion to dismiss SDGE's appeal of the trial court's order challenging the trial court's good faith settlement determination. | A writ petition that "may" be filed to challenge a good faith settlement determination is permissive, not mandatory, means of challenging such a determination, and the availability of writ review, the statutory means of challenging a determination, does not preclude an appeal after a final judgment. West's Ann.Cal.C.C.P. § 877.6(e). | Is a writ petition filed pursuant to section 877.6(e), a permissive means to challenge a trial court's good faith settlement determination? | 00831.docx | LEGALEASE 00121902-LEGALEASE 00121903 | Condensed, SA, Sub 0.82 | 0.82 | 0 | | 1 | 1 | |
| 2023 | Consumers Union of U.S. v. State, 5 N.Y.3d 327 | 148+216(7) | In Matter of Smith v. Town of Mendon, 4 N.Y.3d 1, 10, 789 N.Y.S.2d 696, 822 N.E.2d 1214 (2004), we held that "[r]eactions are defined as land-use devices conditioned beyond the development or the creation of property to public use." Citations and internal quotation marks omitted). A condition placed on land use is an "exaction," and therefore an unconstitutional taking, if the condition lacks an essential nexus with the state interest to which it relates. (quoting see Nollan v. California Coastal Comm'n, 483 U.S. 825, 837, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987), and is not "roughly] proportional []" to the impact of the proposed development (see Dolan v. City of Tigard, 512 U.S. 374, 391, 114 S.Ct. 2309, 129 L.Ed.2d 304 (1994)). | Condition placed on land use is an "exaction," and therefore an unconstitutional taking, if the condition lacks an essential nexus with the state interest to which it is imposed | Is a condition placed on land use an exaction, and therefore an unconstitutional taking, if the condition lacks an essential nexus with the state interest for which it is imposed? | 01744J.docx | LEGALEASE 00220052-LEGALEASE-00220053 | Condensed, SA, Sub 0.58 | 0.58 | 0 | | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2024 | Agnew v. Shaw, 355 Ill. App. 3d 981 | 307A+3 | Plaintiff's second argument on appeal is that she was denied a fair trial because the defendants' first objection was not raised in a motion in limine and the trial court did not have adequate time to conduct a hearing prior to the commencement of the jury trial, or on the merits. Essentially, the plaintiff is arguing that the defendants' first objection should not have been heard because it was not brought in a motion in limine. Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence, generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, as the trial court exercises its discretion within the bounds of the law. Beehn v. Eppard, 321 Ill. App. 3d 677, 690, 781 N.E.2d 1024, 1030 (2001); citing People v. Williams, 188 Ill.2d 365, 369, 242 Ill.Dec. 260, 721 N.E.2d 539 (1999). An abuse of discretion occurs where the ruling is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court (People v. Illgen, 145 Ill.2d 353, 364, 164 Ill.Dec. 599, 583 N.E.2d 515 (1991); Dienstag v. United Fruit & Commercial Workers Union Local 881, 319 Ill.App.3d 519, 526, 253 Ill.Dec. 784, 746 N.E.2d 83 (2001)), or if no reasonable person would agree with the position adopted by the trial court. When determinable criteria (Boatmen's National Bank of Belleville v. Martin, 155 Ill.2d 305, 314, 185 Ill.Dec. 509, 614 N.E.2d 1194 (1993)). However, the trial court is not required to admit or exclude evidence for any appropriate reason, regardless of whether the trial court's reasoning was correct. See Leonardi, 168 Ill.2d at 97, 212 Ill.Dec. 968, 658 N.E.2d 450; Government Employees Insurance Co. v. Buford, 338 Ill.App.3d 448, 452, 273 Ill.Dec. 786, 789 N.E.2d 952 (2003). | Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence, generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, as the trial court exercises its discretion within the bounds of the law. | An evidence in limine addressed to the trial court's inherent power to admit or exclude evidence? | Pretrial Procedure - Memo # 37 - C - LA.docx | ROS5.000311442.ROS5-000311441 | Condensed, SA | 0.84 | 0 | 1 | 1 | 1 | |
| 2025 | Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. See Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex. 1963); Onyeanu v. State, 173 S.W.3d 241, 253 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first questioning the court outside the jury's presence. Weidner v. Sanchez, 14 S.W.3d 633, 650 (Tex. App.—Houston [14th Dist.] 2000, no pet.); Huckaby v. A.G. Perry & Son, Inc., 20 S.W.3d 194, 203 (Tex. App.—Texarkana 2000, pet. denied). The granting of the motion is not a final ruling on the evidence. Bifano v. Young, 665 S.W.2d 536, 541 (Tex.App.-Corpus Christi 1983, writ ref'd | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | Can a motion in limine permit a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon? | Pretrial Procedure - Memo # 35 - C - TJ.docx | ROS5.000310714.ROS5-000310715 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2026 | Wultz v. Ali, 331 F. Supp. 3d 633 | 221+342 | The "act of state" doctrine prevents federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. "Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Like "the political question doctrine, the act of state doctrine is derived in part from the concern that the judiciary, by questioning the validity of such acts, could interfere with the executive branch's conduct of foreign affairs. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). Accordingly, a plaintiff's claim may be barred to the extent that it challenges (1) an "official act of a foreign sovereign performed within its own territory," and (2) "the relief sought or the defense interposed [would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Id. | An act that violates jus cogens norms of international law cannot serve as a basis for the act of state doctrine that would otherwise prevent federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine prevent federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | International Law - Memo # 311 - C - LK.docx | ROS5.000325863.ROS5-000325864 | Condensed, SA, Sub (O.T.) | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 2027 | Doe i v. State of Israel, 400 F. Supp. 2d 8 | 221+342 | A close cousin of the political question doctrine, the act of state doctrine "precludes a court from deciding that a foreign sovereign performed within its own territory." Owens v. Republic of Sudan, 374 F.Supp.2d 1 (D.D.C.2005) (quoting Republic of Austria v. Altmann, 541 U.S. 677, 700, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004)). As its name implies, the doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); see Republic of Austria, 541 U.S. at 713 (O'Connor, J. concurring) (citing W.S. Kirkpatrick, 493 U.S. at 407-10, 110 S.Ct. 701); When it applies, the act of state doctrine is a rule of decision requiring courts to presume that actions taken within a foreign sovereign's own territory are valid. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1164 (D.C.Cir.2002). | Does the act of state doctrine bar the court from deciding the legality of the foreign sovereign's public acts taken in its own territory? | Does the act of state doctrine bar the court from deciding the legality of the foreign sovereign's public acts taken in its own territory? | 019673.docx | LEGALEASE-00021355-LEGALEASE-00021355 | Order, SA | 0.83 | 1 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2028 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | Plaintiffs raise a concern about whether UPGC can assume the status of the member agencies in this case. But that makes no difference. The first element of the Act of State Doctrine is whether there is an official act of a foreign sovereign performed within its own territory, not whether the named defendant is the foreign sovereign who performed that official act. It makes no difference that the member agencies are not the named defendants in this case. The Act of State Doctrine prevents Plaintiffs from attacking the member agencies' sovereign supply-control decisions through UPGC. Unlike the FSIA, the relevant acts include any governmental acts whose validity would be called into question by adjudication of the suit, not just the acts of the defendants. Spectrum Stores, 632 F.3d at 954; see also IAM v. OPEC, 649 F.2d 1354, 1359 (9th Cir.1981). Moreover, "[t]he Act of State Doctrine is not diluted by the commercial activity exception which limits the doctrine of sovereign immunity." IAM, 649 F.2d at 1360; see also Honduras Aircraft Registry, Ltd. v. Honduras, 129 F.3d 543, 550 (11th Cir.1997) ("[T]here is no commercial exception to the Act of State Doctrine as there is under the FSIA.") | Unlike Foreign Sovereign Immunities Act (FSIA), relevant acts for act of state doctrine include any governmental acts whose validity would be called into question by adjudication of suit, not just acts of defendants. 28 U.S.C.A. S 1604. | "Unlike the Foreign Sovereign Immunities Act (FSIA), do relevant acts for act of state doctrine include any governmental acts whose validity would be called into question by adjudication of the suit?" | 019717.docx | LEGALEASE-00123778-LEGALEASE-00123780 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 2029 | United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+342 | The act of state doctrine precludes domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory. McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485, 491 (D.C.Cir.2008); see Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897) ("Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its territory."); see also Restatement (Third) of the Foreign Relations Law of the United States " 443 (1987). The doctrine applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). The policies underlying the doctrine include international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C.Cir.2002). | The policies underlying the "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory include international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. | Does the act of state doctrine preclude domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory? | 019725.docx | LEGALEASE-00123790-LEGALEASE-00123791 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 2030 | Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 221+342 | The act of state doctrine prevents U.S. courts from inquiring into the validity of the public acts of a recognized sovereign power committed within its own territory. See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 605"607 (9th Cir.1977) (recounting history of doctrine). The doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive's conduct of American foreign policy. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). As a result, an action may be barred if (1) there is an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Id. at 405, 110 S.Ct. 701; see also Credit Suisse v. United States Dist. Court for Cent. Dist. of Cal., 130 F.3d 1342, 1346 (9th Cir.1997). | An action may be barred under act of state doctrine if (1) there is an official act of a foreign sovereign performed within its own territory'; and (2) the relief sought or the defense interposed in the action would require a court in the United States to declare invalid the foreign sovereign's official act. | Can an action be barred under the act of state doctrine if there is an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 121 - C - SA.docx | ROSS-003285168-ROSS-003285169 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2031 | Pac. Merch. Shipping Ass'n v. Aubry, 709 F. Supp. 1516 | 405+2536 | For territorial purposes, "navigable waters" are divided into three zones. The zone inland from a nation's shores is referred to as the inland or internal waters zone. These waters (e.g., bays and inlets) are subject to the complete sovereignty of the coastal nation. The second zone, measured seaward from the nation's coast, is comprised of a three-mile belt known as the marginal or territorial sea. A coastal nation may exercise extensive control over the territorial zone, but cannot deny the right of innocent passage to foreign nations. The third zone lies beyond the territorial sea and is referred to as the "high seas." This zone consists of international waters that are not subject to the dominion of any nation. See United States v. Alaska, 422 U.S. 184, 196"97, 95 S.Ct. 2240, 2249"50, 45 L.Ed.2d 109 (1975). | Coastal nation may exercise extensive control over "marginal or territorial sea," within three miles of nation's coast, but cannot deny right of innocent passage to foreign nations. | "Can a coastal nation exercise extensive control over marginal or territorial sea, within three miles of the nation's coast, and deny the right of innocent passage to foreign nations?" | International Law - Memo # 196 - C - PHS.docx | ROSS-003282697-ROSS-003282698 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 2032 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | To accept the Shadman Claimants' invitation to construe the act of state doctrine to apply here would drastically expand the scope of the rule; it would apply in virtually any case in which a foreign government issues a formal decree or decision that declares that a position taken by a litigant in a court in the United States is contrary to an international agreement or the laws of the foreign state. Such a rule would not only break with centuries of practice and precedent, but would undermine the core tenant of the act of state doctrine"that courts should respect "the proper distribution of functions between the judicial and political branches of the Government on matters bearing upon foreign affairs." Sabbatino, 376 U.S. at 427"28, 84 S.Ct. 923. The fact that a case might frustrate the expectations or views of a foreign state, moreover, is no reason for a court to disregard the principle that "[c]ourts in the United States have the power, and ordinarily the obligation, to decide cases and controversies properly presented to them." Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701. "The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid." Id. (emphasis added). | The act of state doctrine does not establish an exception for cases or controversies that may embarrass foreign governments, but merely requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdiction shall be deemed valid. | "Is the ""Act of state doctrine"" an exception for cases and controversies that may embarrass foreign governments?" | International Law - Memo # 206 - C - MLS.docx | ROSS-003324026-ROSS-003324028 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2033 | In re Adoption of Doe, 5B A.I.D.d 186 | 221+142 | The act of state doctrine requires an American court to refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public concerns. See Restatement (Third) of Foreign Relations Law of the United States § 441, Reporters' Note 10 ("In general the act of state doctrine is directed to acts of general application by the executive or legislative branches"). Since an adoption can be characterized as an administrative act which essentially involves a matter of private interests, we are reluctant to extend the act of state doctrine to foreign adoptions. See McMillan, International Adoption: A Step Towards a Uniform Process, Pace International Law, 1361,134 (1993) (commenting on how the act of state doctrine will be applicable to adoptions) | | Does the act of state doctrine require an American court to refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public concerns? | 02065.docx | LEGALEASE-00123443 LEGALEASE-00123444 | Condensed, SA | 0.75 | 1 | 1 | 0 | 1 | 1 |
| 2034 | Sarei v. Rio Tinto PLC, 221 F. Supp. 2d 1116 | 221+142 | Act of state doctrine precludes a United States court from adjudicating claims if doing so would require that the court invalidate a foreign sovereign's official acts within its own territory. | | Does the Act of state doctrine preclude a United States court from adjudicating claims if doing so would require that the court invalidate a foreign sovereign's official acts within its own territory? | International Law - Memo # 114 - C - NS.docx | ROSS-003020068-ROSS-003020070 | Condensed, SA | 0.79 | | 1 | 0 | 1 | |
| 2035 | Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342 | 221+142 | Under current view of act of state doctrine, action will be barred only if (1) there is official act of foreign sovereign performed within its own territory, and (2) relief sought and/or defense interposed in action would require court in the United States to declare invalid foreign sovereign's official act. | | Is a claim barred by the act of state doctrine only if it involves an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 114 - C - NS.docx | ROSS-002296062-ROSS-002296063 | Condensed, SA | 0.14 | | 1 | 0 | 1 | |
| 2036 | Filartiga v. Pena-Irala, 630 F.2d 876 | 170B+2297 | It is only where the nations of world have demonstrated that the wrong is of mutual, and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation within the meaning of the Alien Tort Statute, 28 U.S.C.A. § 1350. | | Does a wrong generally recognized become an international law violation within the meaning of the Alien Tort Statute [ATS]? | 00238.docx | LEGALEASE-00126038-LEGALEASE-00126040 | SA, Sub | 0.86 | 1 | | | 1 | |
| 2037 | Menendez Rodriguez v. Pan Am. Life Ins. Co., 311 | 221+108 | The "Act of State" doctrine holds that American courts will not look into the validity of acts of foreign governments performed in their own territory, and will not adjudicate upon the validity of an international law that is instead a rule of the conflict of laws. The Supreme Court said in every international law context. | | Will the courts of the United States adjudicate upon the validity of the acts of a foreign nation, performed in its sovereign capacity within its own territory? | 00378.docx | LEGALEASE-00123731-LEGALEASE-00123732 | Condensed, SA, Sub | 0.69 | | | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,544 | 14,873 | 22,876 | 9,029 |
| 2038 | LaRue v. Primera Mining Corp., 2 B.V.I. Supp. 34 1209 | 221+142 | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | First, Plaintiffs appear to request that Court reevaluate the propriety of the VLR's ruling as to whether Primera complied with the forum pricing rules, The Court declines to do so. "The act of state doctrine in its traditional formulation precludes the courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Mexico v. Occidental Petroleum Corp., 381 F.Supp.2d 1164, 1171 (C.D.Cal. 2005), 1230 [quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); see also Roe v. Unocal, 70 F.Supp.2d 1073, 1078 (C.D. Cal. 1999) ("The act of state doctrine precludes a court of the United States from considering a plaintiff's claims, where either the claims or the defenses asserted would require the court to determine that a foreign sovereign's official acts performed in its own territory were invalid."). Thus, where, as here, a plaintiff alleges that the defendant has already reached a decision as to whether Primera's transfer pricing complied with Mexican law, this Court should not reevaluate the foreign government's decision. See Unocal, 70 F.Supp.2d at 1082 (finding the act of state doctrine applicable where the court would have to determine the effect of an official act by a an authorized representative of a foreign sovereign); see also Timberg Sun v. China Petroleum & Chem. Corp. Ltd., No. CV 13-6755 MWF, 2014 WL 1271966, at *12 (C.D. Cal. Mar. 18, 2014) ("The Court will not rule on the legality of an 'official act of a foreign sovereign acting in its own territory.'"); Starrag v. W.S. Kirkpatrick & Co. v. Envtl Tectonics Corp., 493 U.S. 400, 407-09, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). | Does the Act of State doctrine preclude courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | 020795.docx | LEGALEASE-00123717 LEGALEASE-00123719 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |
| 2039 | Miller v. Forsyth Mem'l Hosp., 173 N.C. App. 385 | 307A+3 | A trial court's pretrial ruling on a motion in limine is merely "preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial." | A trial court's pretrial ruling on a motion in limine is merely "preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial." Heatherly v. Industrial Health Council, 130 N.C.App. 616, 619, 504 S.E.2d 845, 849 (1998). The trial court's grant or denial of a motion in limine is not appealable. In order to preserve the evidentiary issues for appellate review a further such motion must be timely renewed by objecting to the grant of the motion "but attempts to introduce the evidence at trial." Id. at In this case, even though the trial court improperly conditioned nature of its ruling to plaintiff, attention, they did not attempt to introduce any of the excluded evidence during the course of trial, nor at an internal investigation but carried following the injection. | Is a trial court's pretrial ruling on a motion in limine merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial? | 024026.docx | LEGALEASE-00122996 LEGALEASE-00122999 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2040 | Hardy v. Cordero, 399 Ill. App. 3d 1126 | 307A+3 | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court is violated | "Once a motion in limine is granted, the movant must be vigilant and object when evidence is presented which may violate the order. The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap which results in a new trial if the court in retrospect determines the rule was violated." Cunningham v. Millers General Insurance Co., 227 Ill.App.3d 201, 206, 169 Ill.Dec. 200, 591 N.E.2d 80, 83 (1992), citing Reidelberger v. Highland Body Shop, Inc., 83 Ill.2d 545, 48 Ill.Dec. 237, 416 N.E.2d 268 (1981). "A motion to strike is required to preserve errors in the admission of evidence. [A] party opposing evidence waives any objection unless a motion to strike is made [as] the objectionable nature of evidence becomes apparent." Netto v. Goldenberg, 266 Ill.App.3d 174, 179, 203 Ill.Dec. 798, 640 N.E.2d 948, 951 (1994). Plaintiff failed to object, move to strike, or otherwise preserve for review the nurse Rancho's or nurse Cordero's references to plaintiff's wishes to pursue her life. | Is the purpose of an in limine order to exclude inadmissible evidence, not to create a trap which results in a new trial if the court determines the rule was violated? | 024055.docx | LEGALEASE-00123026 LEGALEASE-00123027 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2041 | Kakuikunana v. Perry, 152 Cal App. 436 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, that discretion is limited by the legal principles applicable to the case | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a "trial judge's [606] [A] Cal.App.4th 1151, 1156. W.Cal Rptr 3d 780 (Great Unleash's broad discretion is limited by the legal principles applicable to the case. Johnson v. Aergin² General Corp. (2006) 89 Cal.App.4th 1324, 1350, 104 Cal.Rptr.2d 116 ("The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action.' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and falls into the province of 'abuse of discretion.'" (Lawless v. Beneficial California, Inc. (2000) 80 Cal.App.4th 19, 25, 95 Cal.Rptr.2d 1197, quoting City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, 1297, 255 Cal.Rptr. 704.) Thus, when the particular ruling in the trial court has been beyond the bounds of reason. | Do trial courts ordinarily enjoy broad discretion with regard to the admission and exclusion of evidence in ruling on motions in limine? | Pretrial Procedure - Memo 169 - The.docx | ROSS-003284732;ROSS-003284733 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2042 | Hubar v. Rohrig, 280 Neb. 868 | 307A+3 | A motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury, it is not the purpose of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence | In Rohde, we likened the pretrial motion seeking to exclude evidence to a motion in limine and explained that the motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury. We explained that it is not the purpose of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. Rather, the ruling is merely preliminary in nature. In Sturzenegger v. Father Flanagan's Boys' Home, we stated, in opposing the motion to fix pre jury, making statements about it was not a final order that would not... [26] See [26] State v. Erriquez, 317 Neb. 121 [27] See, State v. Timmens, 263 Neb. 622, 641 N.W.2d 383 (2002) (holding, in part, that in a criminal case, a motion in limine is but a procedural step to prevent prejudicial evidence from reaching the jury; and that the ruling on such a motion is not a final ruling on the admissibility of the evidence, and therefore does not present a question for appellate review); see, also, State v. Schreiner, supra. We concluded in Sturzenegger that these motion in limine principles applied to the instant case. | Is a motion in limine only a procedural step to prevent prejudicial evidence from reaching the jury, and whose purpose is to obtain a final ruling upon the ultimate admissibility of the evidence? | 029015.docx | LEGALEASE-00122715 LEGALEASE-00122716 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
| 2043 | Swick v. Liautaud, 169 Ill. 2d 504 | 307A+3 | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. See, e.g., Daniels v. Standard Oil Co. (1992), 249 Ill.App.3d 1072, 189 Ill.Dec. 796, 621 N.E.2d 26 (abuse of discretion review). In the present instance, the appellate court's review of the record indicates that the trial judge did not abuse his discretion in granting the defendants' motion in limine. The evidence which Swick wanted to admit did not directly involve Liautaud's conduct toward Swick and did not connect Liautaud to Swick in any manner. The evidence involved Liautaud's actions toward separate, unrelated individuals. Swick does not claim that Liautaud told him of this conduct or that Liautaud used this conduct as directly pressure him into resignation. Since the evidence does not have any direct relationship to Swick, the trial judge did not abuse his discretion. | A trial judge has discretion in granting a motion in limine and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused. | Does the trial judge have discretion in granting motion in limine and reviewing court will not reverse trial court's order allowing or excluding evidence unless that discretion was clearly abused? | 033216.docx | LEGALEASE 00121011-LEGALEASE 00121822 | Condensed_SA | 0.79 | | 0 | 0 | 1 | |
| 2044 | Turner v. Peri, 50 S.W.3d 742 | 307A+3 | The use at hand is also distinguishable from cases holding error is not preserved when a party fails to make an offer of proof after an opponent's motion in limine is granted. See, e.g., Wolar Indus., Works v. Gulfstream (1997), 995 S.W.2d 640 & Brewster's Cheese Factory Country Farm, 995 S.W.2d at 451. A trial court's grant of a motion in limine simply prohibits references to specific issues before the presence of the jury. Carl W. Betts v. Chem-Corp, Inc. (Tex.App.-Eastland 1980), 505 S.W.2d 514 & 4055 before the jury is obtained. Turner offered the affidavits and objections ... | A trial court's grant of a motion in limine simply prohibits references to specific evidence without first obtaining a ruling outside the presence of the jury. | Does a trial court's grant of a motion in limine simply prohibit references to specific evidence without first obtaining a ruling outside the presence of the jury? | Pretrial Procedure - Memo #594 - C - VA.docx | ROSS-000281964-ROSS-000281966 | Condensed_SA | 0.74 | | 0 | 0 | 1 | |
| 2045 | Wilbourn v. Cavalenes, 398 Ill. App. 3d 837 | 307A+3 | Furthermore, as noted, the trial court granted both defendants motions in limine to exclude Dr. Kasper's testimony and opinions which was not previously disclosed. The purpose of a motion in limine is to permit a party to obtain an order before trial excluding inadmissible evidence and prohibiting interrogation concerning such evidence without the necessity of having the questions asked and objections thereto made in the presence of the jury. Kutchins v. Berg (2004) 399 Ill.App.3d 780, 770, 727 Ill.Dec. 495, 505 N.E.2d 1181, 1193 (2010). In this way, the moving party is protected from whatever prejudicial impact the mere asking of the questions and the making of objections may have upon the jury. Rutledge, 230 Ill.App.3d at 792, 172 Ill.Dec. 495, 595 N.E.2d 1165. | The purpose of a "motion in limine" is to permit a party to obtain an order before trial excluding inadmissible evidence and prohibiting interrogation concerning such evidence without the necessity of having the questions asked and objections thereto made in the presence of the jury. In this way, the moving party is protected from whatever prejudicial impact the mere asking of the questions and the making of objections may have upon the jury. | Does a motion in limine permits a party to obtain an order before trial excluding inadmissible evidence? | Pretrial Procedure - Memo #595 - C - KA.docx | ROSS-000285607-ROSS-000285608 | Condensed_SA | 0.43 | | 0 | 0 | 1 | |
| 2046 | Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court." Id., Weinhorn v. Sanchez, 14 S.W.3d 353, 361 (Tex.App.-Houston (14th Dist.) 2000). To this end, a motion in limine either allows trial court to regulate behavior in other courtrooms. Dow Chemical, 46 S.W.3d at 240. The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. Circ v. Cummings, 134 S.W.3d 835, 838 F/397 (Tex.2004) ) Value-Materials, 2004 WL 2957452 at . | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon. | "A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon?" | Pretrial Procedure - Memo # 77 - C - TJ.docx | ROSS-000327874-ROSS-000327875 | Condensed_SA | 0.83 | | 0 | 0 | 1 | |
| 2047 | Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court." Id., Weinhorn v. Sanchez, 14 S.W.3d 353, 361 (Tex.App.-Houston (14th Dist.) 2000). To this end, a motion in limine either allows trial court to regulate behavior in other courtrooms. Dow Chemical, 46 S.W.3d at 240. The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. Circ v. Cummings, 134 S.W.3d 835, 838 F/397 (Tex.2004) ) Value-Materials, 2004 WL 2957452 at . | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | "Is the imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion?" | Pretrial Procedure - Memo # 77 - C - TJ.docx | ROSS-000285661-ROSS-000285662 | Condensed_SA | 0.74 | | 0 | 0 | 1 | |
| 2048 | In re Ryan N., 92 Cal. App. 4th 1359 | 363+3 | Although on its face the statute may appear to criminalize simply giving advice or encouragement to a potential suicide, the courts have again to be by applying the statute to only those situations in which there is some more verbal solicitation of another person to commit a hypothetical act of suicide. Instead, the cases have interpreted the statute as proscribing "The direct aiding and abetting of a specific suicidal act.... Some active and intentional participation in the events leading to the suicide are required in order to establish a violation." (McCollum v. CBS, Inc. (1988) 202 Cal.App.3d 989, 1007, 249 Cal.Rptr. 187; first italics in original, second and third italics added.) Thus, in order to prove a violation of section 401, it is necessary to establish all of the following essential elements: (1) the defendant specifically intended the victim's suicide; (2) the defendant understood some active and direct participation in the events leading to the suicide, such as furnishing the victim with the means of suicide, and finally, (3) the victim actually committed a specific, overt act of suicide. West's Ann.Cal.Penal Code § 401. | In order to obtain a conviction for aiding, advising or encouraging a suicide, it is necessary to establish all of the following essential elements: (1) the defendant specifically intended the victim's suicide; (2) the defendant understood some active and direct participation in bringing about the suicide, such as furnishing the victim with the means of suicide; and, finally, (3) the victim actually committed a specific, overt act of suicide. West's Ann.Cal.Penal Code § 401. | "What are the elements required to establish a conviction for aiding, advising and encouraging a suicide?" | 044469.docx | LEGALEASE 00122305-LEGALEASE 00122306 | SA_Sub | 0.62 | | 0 | 0 | 0 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 2049 | Casa de Cuellar, Conde de S.A. de C.V. v. United States, 48 Fed. Cl. 137 | 393+1010 | In illegal exaction cases, in contrast to other actions for money damages, jurisdiction exists in the Court of Federal Claims even when the constitutional provision allegedly violated does not contain compensation-mandating language. | | "Does jurisdiction exists in illegal exaction cases, even when the Constitutional provision allegedly violated does not contain compensation-mandating language?" | 017504.docx | LEGALEASE 00130383 / LEGALEASE-00130382 | SA, Sub | 0.85 | 0 | | 1 | 1 | |
| 2050 | Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938 | 221+342 | The act of state doctrine averages in many respects with the political question doctrine, as it is rooted in constitutional separation of powers concerns, it recognizes the thoroughly sound principle that on occasion individual litigants may have to forgo decision on the merits of their claims because the involvement of the courts in such a decision might frustrate the conduct of United States foreign policy. | | Does the act of state doctrine prohibit United States courts from sitting in judgment of official acts taken by another country within its own borders that might frustrate the conduct of foreign relations by the political branches of the government? | International Law Memo # 307 - C - SHS.docx | LEGALEASE 00014473 / LEGALEASE-00014456 | Condensed, SA, Sub | 0.65 | 1 | | | | |
| 2051 | United States v. Lalls of Virginia, 272 F. Supp. 2d 764 | 221+342 | Act of state issues arise only where a court must decide the outcome of the case turns upon the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine. | | Does an act of state issue arise only when a court must decide the outcome of the case turns upon the effect of official action by a foreign sovereign? | International Law Memo # 308 - C - SHS.docx | ROSS-003283152+ROSS-003283524 | Condensed, SA | 0.83 | 0 | | 1 | | |
| 2052 | Int'l Tin Council v. Amalgamet Inc., 138 Misc. 2d 383 | 221+342 | Under the Act of State Doctrine, even where sovereign immunity does not exist, certain international dispute more properly be resolved by the executive branch of the United States government rather than by the courts. | | Under the Act of State Doctrine, should certain international disputes more properly be resolved by the executive branch of the United States government rather than by the courts? | International Law Memo # 410 - C - MLS.docx | ROSS-003256664+ROSS-003283429 | Condensed, SA, Sub | 0.79 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 1053 | Breard Bromhead Lambert Grp. Inc. v. Comm. of Receivers for A.W. Galadari, 835 F. Supp. 1375 | 221=342 | Defendants also argue that plaintiff's amended and supplemental complaint should be dismissed according to the Act of State Doctrine. The Act of State Doctrine states: Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. See Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897). The purpose of the Act of State Doctrine is to avoid the adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy. See Oetjen v. A-25 5 488, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). | Purpose of Act of State Doctrine is to avoid adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy. | Is the purpose of the Act of State Doctrine to avoid adjudication of actions that foreign states take on their own soil that might embarrass the Executive Branch or interfere with foreign policy? | International Law Memo # 436 - C - MG.docx | ROSS-003286476-ROSS-003286478 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 1054 | de Sanchez v. Banco Cent. De Nicaragua, 770 F.2d 1385 | 221=342 | Unlike the act of state doctrine, sovereign immunity is not merely a defense on the merits; it is jurisdictional in nature. If sovereign immunity exists, then the court lacks both personal and subject matter jurisdiction to hear the case and must enter an order of dismissal. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 493 n. 20, 103 S.Ct. 1962, 1971 n. 20, 76 L.Ed.2d 81 (1983). Decision to review certain issues arises in part, after exercising jurisdiction, decline to review certain issues, in particular, validity or propriety of foreign acts of state. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 427-33, 84 S.Ct. 923, 940-45, 11 L.Ed.2d 804 (1964); Ricaud v. American Metal Co., 246 U.S. 304, 309, 38 S.Ct. 312, 314, 62 L.Ed. 733 (1918); Allied Bank International v. Banco Credito Agricola de Cartago, 757 F.2d 516, 520-22 (2d Cir. 1985). Because sovereign immunity is jurisdictional and the act of state doctrine is not, we must consider sovereign immunity before reaching the act of state doctrine. Restatement (Second) of Foreign Relations Law of the United States § 46B, reporter's note 11 (Tent. Draft No. 6, 1985). | Since sovereign immunity is jurisdictional in nature, does a court lacks both personal and subject matter jurisdiction to hear case and must enter an order of dismissal? | Since sovereign immunity is jurisdictional in nature, does a court lacks both personal and subject matter jurisdiction to hear case and must enter an order of dismissal? | International Law Memo # 434 - C - MG.docx | ROSS-003311024-ROSS-003311027 | Condensed, SA, Sub D | 0.71 | | 1 | 1 | 1 | 1 |
| 1055 | Sharon v. Time, 599 F. Supp. 538 | 221=342 | The act of state doctrine provides that a United States court "will refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction" to give effect to its public interests. Restatement (Second) of Foreign Relations Law § 41 (1962). The doctrine is limited to cases, decrees, decisions, seizures, and other officially authorized "public acts." The Court rejected the anti-trust doctrine has been applied to implement public policy, and a fairly stringent degree of formality is required in proving an act, or at least where it is alleged to have occurred with respect to a subject not normally controlled by public acts. Thus, in Alfred Dunhill of London, Inc. v. Republic of Cuba, 425 U.S. 682, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976), the Supreme Court rejected the view that an act of state was established by a representation of counsel that an ordinary commercial obligation had been officially repudiated. The Court held that Cuba's mere refusal to pay the debt did not constitute a repudiation sufficient to trigger the act of state doctrine. No statute, decree, order, or resolution of the Cuban Government itself was offered in evidence indicating that Cuba had repudiated its obligations in general or that any class of obligation or that it was a sovereign matter determined to confiscate the amounts due these | Act of state doctrine provides that a United States court "will refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public interests." | Does the act of state doctrine provide that a United States court will refrain from examining the validity of an act of a foreign state by which that state has exercised its jurisdiction to give effect to its public interests? | International Law Memo # 443 - C - MG.docx | ROSS-003282604-ROSS-003282605 | Condensed, SA | 0.85 | | 1 | 1 | 1 | |
| 1056 | Outboard Marine Corp. v. Pezetel, 461 F. Supp. 384 | 221=342 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts of a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). A litigant, in invoking the act of state doctrine under Sabbatino, must establish that what is involved is (1) a public act (2) committed by a recognized foreign power (3) exclusively within its own territory. In the present case, defendant has established none of these. | In revoking act of state doctrine, which precludes court of United States from inquiring into validity of public act a recognized foreign sovereign power committed within its territory, a litigant must establish that what is involved is a public act committed by a recognized foreign power exclusively within its territory. | In revoking act of state doctrine must a litigant establish that what is involved is a public act committed by a recognized foreign power exclusively within its territory? | 02456.docx | LEGAL545 00125189-LEGAL545 00125190 | Condensed, SA, Sub D,4 | | | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WNSS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 2057 | United States v. Best, 172 F. Supp. 2d 656 | 221v129 | As recited by the American Law Institute, the primary basis of extraterritorial jurisdiction recognized by the United States is the "subjective territorial principle," by which "a state has jurisdiction to prescribe law with respect to conduct that, wholly or in substantial part, takes place within its territory..." RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES * 402(1)(a) [RESTATEMENT]. The United States also recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. United States v. Usama Bin Laden, 92 F.Supp.2d 189, 196 (S.D.N.Y.2000) (citing Christopher L. Blakesley, Extraterritorial Jurisdiction, in INTERNATIONAL CRIMINAL LAW 57 (M. Cherif Bassiouni ed. 1986) [section 402(1)(b) of the Restatement]). In particular, states the "objective territorial principle" as providing that a nation has jurisdiction to prescribe law with respect to "conduct outside its territory that has or is intended to have substantial effect within its territory." RESTATEMENT * 402(1)(c). The "effects principle"[?] see Id. * 402(1) & cmt. d (setting forth the protective principle, which "may be seen as a special application of the effects principle.") id. * 431, 15 U.S. 558, 55, Id. 733 (1911) ("Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in punishing the cause of the harm as if he had been present at the effect, of the State should succeed in getting him within its power.") (emphasis added) | In addition to the "subjective territorial principle," by which a state has jurisdiction to prescribe law with respect to conduct that, wholly or in substantial part, takes place within its territory, United States recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. Restatement (Third) of the Foreign Relations Law of the United States § 402(1)(a). | Does the United States recognize principles of jurisdiction under international law by which a nation may reach conduct outside its territory? | International Law - Memo #16 - C - ANC.docx | ROSS/002364614-ROSS/002364615 | Condensed, Order, SA | 0.66 | 1 | | | 1 | 1 |
| 2058 | Quad City Bank & Tr. v. Jim Kircher & Assocs., P.C., 804 N.W.2d 83 | 386v9(1) | A ruling sustaining a motion in limine is generally not an evidentiary ruling. Twaford v. Weber, 219 N.W.2d 919, 923 (Iowa 1974). Rather, a ruling sustaining a motion in limine serves to alert the trial court that certain evidence may be called into question and should be approached with caution before the introduction of allegedly objectionable evidence. Id.; accord Johnson v. Interstate Power Co., 481 N.W.2d 310, 317 (Iowa 1992) (recognizing a ruling sustaining a motion in limine "merely adds a procedural step to the offer of evidence [and that] if the evidence is not offered, there is nothing preserved for review on appeal"). Thus, a motion in limine serves the useful purpose of raising and pointing out before trial certain evidentiary rulings that the trial court may be called upon to make during the course of the trial and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. Twaford, 219 N.W.2d at 922-923 (recognizing further that the offer of proof allows the aggrieved party to review the ruling before review was stopped and in the absence of such an offer, error must be preserved). | A motion in limine serves the useful purpose of raising and pointing out before trial certain evidentiary rulings that the trial court may be called upon to make during the course of the trial and, if sustained, excludes reference or introduction of this evidence until its admissibility is determined by the trial court, outside the presence of a jury, in an offer of proof. | What is the purpose of a motion in limine? | 02426.docx | LEGALEASE-00124707-LEGALEASE-00124708 | Condensed, SA | 0.67 | 0 | 1 | | 1 | |
| 2059 | Derrick v. Outboard Marine Corp., 197 Ill. App. 3d 770 | 221v1695 | It is essential to note that plaintiff does not raise a specific challenge to the pretrial granting of summary judgment in favor of defendant on the res ipsa loquitur issue; in fact, defendant moved for summary judgment on the res ipsa issue prior to trial and it is proper to consider the res ipsa inapplicable as a ground in count II of plaintiff's complaint. Accordingly, Joseph X. Adelman. Plaintiff filed a response to defendant's motion. The trial court subsequently ruled in defendant's favor on the res ipsa count on the ground that the case that this procedure was proper as the application of the doctrine is a given case is a matter of law which must be decided in the first instance by the trial court (Foey v. Beck (1986), 115 Ill.2d 18, 27, 104 Ill.Dec. 742, 503 N.E.2d 1064), and it is clear that whether the res ipsa doctrine applies to the facts of the case presented. (Lindaberry v. Michael Reese Hospital (1975), 79 Ill.App. 3d 27-21, 33 Ill.Dec. 564, 396 N.E.2d 1081). We note that the res ipsa application to the facts in this case was pleaded (Walker v. Rumer (1978), 72 Ill.2d 495, 502, 21 Ill.Dec. 362, 381 N.E.2d 689), and there was no allegation of res ipsa remaining in the case. No such issue is preserved, no such issue remained before this jury. Thereafter, it would have been improper to have instructed the jury thereon. Consequently, plaintiff's contentions in that regard must fail. | Application of doctrine of res ipsa loquitur is a question of law which must be decided in the first instance by the trial court, and its proper function as trial court, in the pretrial motion stage, to determine appropriateness of res ipsa loquitur to facts of the case. | Is the doctrine of res ipsa loquitur a question of law that is determined at the pretrial motion stage? | 02431b.docx | LEGALEASE-00125049-LEGALEASE-00125050 | Condensed, SA, Sub | 0.82 | 0 | 1 | | 1 | |
| 2060 | Katsaltvala v. Perry, 132 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. (Adams v. Aerojet-General Corp. (2001) 86 Cal.App.4th 1324, 1330, 104 Cal.Rptr.2d 116.) "The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action." Action itself transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion." (Sargon v. Hospital Authority, Inc. (2003) 82 Cal.App.4th 19, 25, 97 Cal.Rptr.2d 797; quoting City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, 1297, 255 Cal.Rptr. 704.) Thus, if the trial court's in limine ruling was based upon a misinterpretation of applicable law, an abuse of discretion has been | With respect to the admission of evidence in ruling on motions in limine, is a court's discretion limited by the legal principles applicable to the case? | 02435b.docx | LEGALEASE-00124263-LEGALEASE-00124264 | Condensed, SA | 0.78 | 0 | 1 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2061 | Kabatchnik v. Perry, 152 Cal. App. 4th 1328 | 307A=3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine (e.g., People v. Rogers (2006) 141 Cal.App.4th 1315, 1320; People v. Jennings (1988) 46 Cal.3d 963 [251 Cal.Rptr. 278, 760 P.2d 475]; In re Josue S. (1999) 72 Cal.App.4th 168, 170 [84 Cal.Rptr.2d 796]), a trial court's discretion is limited by the legal principles applicable to the case. Under such principles of law, it is clear that this particular case, Edmon v. Aerojet-General Corp. (2000) 80 Cal.App.4th 1324, 1330, [99 Cal.Rptr.2d 116] ("the scope of the discretion always resides in the particular law being applied, i.e., in the legal principles governing the subject of the action." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action a "abuse" of discretion." ' Casira v. Beneficial California, Inc. (2003) 30 Cal.App.4th 35, 25, 97, Cal.Rptr.2d 67, quoting City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, 1297, 255 Cal.Rptr. 704.) Thus, if the court exercised its discretion based upon a misinterpretation of applicable law, an abuse of discretion has occurred. | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a trial court's discretion is limited by the legal principles applicable to the case? | 024361.docx | LEGALEASE 0032635 LEGALEASE-0032636 | Condensed, SA | 0.78 | 0 | 1 | | 1 | |
| 2062 | Manhattan Ski & Cold Storage v City of Manhattan, 294 Kan. 60 | 307A=3 | A district judge " 'has broad discretion in determining what evidence will be allowed in an eminent domain proceeding.' " Mooney v. City of Overland Park, 283 Kan. 617, 619, 153 P.3d 1252 (2007) (quoting U.S.D. No. 464 v. Porter, 234 Kan. 690, 694, 676 P.2d 84 (1984).) "[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice." State v. Shadden, 290 Kan. 803, 816, 235 P.3d 436 (2010). | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice? | 024385.docx | LEGALEASE 0024577- LEGALEASE 0024578 | SA, Sub | 0.8 | | | 1 | | |
| 2063 | Manhattan Ski & Cold Storage v City of Manhattan, 294 Kan. 60 | 307A=3 | A district judge " 'has broad discretion in determining what evidence will be allowed in an eminent domain proceeding.' " Mooney v. City of Overland Park, 283 Kan. 617, 619, 153 P.3d 1252 (2007) (quoting U.S.D. No. 464 v. Porter, 234 Kan. 690, 694, 676 P.2d 84 (1984).) "[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice." State v. Shadden, 290 Kan. 803, 816, 235 P.3d 436 (2010). | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice? | 024385.docx | LEGALEASE 0024619- LEGALEASE-0024620 | SA, Sub | 0.8 | | | 1 | | |
| 2064 | Olson v. Sherrerd, 366 Neb. 207 | 307A=3 | We have not yet decided whether one party can, without permission, meet expert with an opposing party's treating physician. Nor need we decide to review and treat this issue for the first time on appeal. A motion in limine is not a procedural step to prevent prejudicial evidence from reaching the jury, but is merely a procedure that to prevent the question be presented to such a motion is a preliminary determination that is a final ruling upon the ultimate admissibility of the evidence. State v. Timmens, 263 Neb. 622, 641 N.W.2d 38 (2002). Rather, it is a clearly a means by which to prevent prejudicial evidence from displaying admissibility in the context of the trial itself. Id. Thus, when a motion in limine to exclude evidence is overruled, the party against whom that particular evidence is admitted does not preserve its objection to the admission of the evidence for appeal unless the party, upon the offering of the evidence at trial, makes a timely and appropriate objection. Id. When a party does not make a proper objection to evidence as a sanction for documents or displaying evidence when the evidence is offered at trial, the issue is not preserved for appellate review. | A "motion in limine" is not a procedural step to prevent prejudicial evidence from reaching the jury; it is not the purpose of such a motion to obtain a final ruling upon the ultimate admissibility of the evidence. | Pretrial Procedure Memo # 241 - C- ANC.docx | ROSS-003295370-ROSS-003295371 | | 0.83 | | | 1 | | |
| 2065 | Evans v. Tholke, 595 Ohio App.3d 1 | 307A=3 | An order granting or denying a motion in limine is a tentative, preliminary, or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context. State v. Maurer, The Hamilton for Ohio Lawyers, Section 32.7 That requirement is consistent with Evid.R. 103(A)(2), which provides that error may not be predicated upon a ruling that excludes evidence unless "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination." | An order granting or denying a motion in limine is a tentative, preliminary, or presumptive ruling about an evidentiary issue that is anticipated but has not yet been presented in its full context? | Pretrial Procedure Memo # 440 - C- HM.docx | ROSS-003030515-ROSS-003030516 | Condensed, SA | 0.76 | | 1 | | 1 | |
| 2066 | State Nat. Bank v. Gregoris, 68 Misc. 2d 926 | 307A=3 | It is good and reason can be advanced to read the party's interest. The fiction that he law maintains that insured is the real party in interest at the trial of underlying negligence action is only to protect the insurance company against overly sympathetic juries, but the reason for the fiction does not exist at all at pretrial stage of the litigation. | The fiction that the law maintains, i.e., that the insured is the real party in interest at the trial of underlying negligence action, is only to protect the insurance company against overly sympathetic juries? | Pretrial Procedure Memo # 447 - C- LK.docx | ROSS-003285602-ROSS-003285603 | Condensed, SA | 0.39 | | 1 | 0 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 2067 | Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 307A+3 | A motion is timely... | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon? | Pretrial Procedure Memo #857 - C - TI.docx | ROSS 000258296-ROSS-000282957 | Condensed - TI | 0.81 | 0 | | 0 | 1 | |
| 2068 | Premont Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 200 Ariz. 557 | 307A+3 | A motion... | A "motion in limine" that a court uses generally uses as a substitute for evidentiary objections at trial", and "as a means to exclude evidence from trial for violations of the disclosure rule." | Is a motion in limine that a court uses as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rule? | Pretrial Procedure Memo #319 - C - TI.docx | ROSS 000282114-ROSS-000282315 | Condensed, TI | 0.74 | | 1 | 0 | 1 | |
| 2069 | People v. Alvarez-Garcia, 395 Ill. App. 3d 719 | 203+537 | In Illinois, the following are three mental states or conduct that can accompany... | Three mental states or conduct that can accompany acts that cause a murder are: (1) defendant can intend to kill or do great bodily harm to the victim, which is knowing or strong probability murder; and (3) a defendant can attempt or commit a forcible felony other than second-degree murder, which is felony murder. S.H.A. 720 ILCS 5/9-1(a). | What are the mental states that can accompany the act of murder? | 03788.docx | LEGALEASE-00125746-LEGALEASE-00125749 | | 0.62 | 0 | | 1 | 1 | 1 |
| 2070 | AIC Container Line Afk v. Aref Hassan Abul, 281 F. Supp. 3d 457 | 388+6 | Plaintiffs next claim that Contigo is liable for trespass to chattels because it intentionally placed valuables into a less-than-plaintiffs' shipping containers... | To establish a right to recovery for trespass to chattels under New York law, a plaintiff must establish that the alleged trespasser acted for the purpose of interfering with the chattel, or acted with knowledge that such would be the result of his conduct; while the trespasser need not intend or expect the damaging consequence of his intrusion, he must intend the act which amounts to or produces the unlawful invasion, and the intrusion must at least be the immediate or inevitable consequence of what he willfully does, or which he does so negligently as to amount to willfulness. | How can a right to recovery for trespass to chattels be established? | 04207.docx | LEGALEASE-00125810-LEGALEASE-00125811 | | 0.4 | 0 | | 1 | 1 | |
| 2071 | Mekva v. Washington Metro Area Transit Auth., 451 Supp. 2d 19 | 219+68 | Count I has further concluded that "[t]o provide the full value of the compensating property... | In fully compensating property owner for its taking, choice of an appropriate rate of interest is a question of fact to be determined by the court; in fixing an award of interest, the district court should attempt to determine what a reasonably prudent person investing funds so as to produce a reasonable return while maintaining safety of principal would have achieved." Wash. Metro. Area Transit Auth. v. One Parcel of Land in Montgomery County, Maryland, 706 F.2d 1312, 1322 (4th Cir. 1983) (citation omitted). | Is the choice of an appropriate rate of interest a question of fact, to be determined by the court? | 02757.6.docx | LEGALEASE-00125900-LEGALEASE-00125901 | Condensed, SA | 0.62 | | | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2072 | United States v. Alomia-Riascos, 825 F.2d 769 | 110+97(1) | International law permits the exercise of criminal jurisdiction by a nation under five general principles: territorial, national, universality, passive personality and protective principles. United States v. Romero-Galue, 757 F.2d 1147, 1154 n. 20 (11th Cir.1985), citing Rivard v. United States, 375 F.2d 882, 885 (Sth Cir.), cert. denied, 389 U.S. 884, 88 S.Ct. 151, 19 L.Ed.2d 181 (1967). [(The protective principle of international law permits a nation to assert subject matter criminal jurisdiction over a person whose conduct outside the nation's territory threatens t he national interest. Rivard, 375 F.2d at 885 n. 7; see also Chua Han Mow v. United States, 730 F.2d 1308, 1312 (9th Cir.1984), cert. denied, 470 U.S. 1031, 105 S.Ct. 1403, 84 L.Ed.2d 790 (1985). Thus, under international law the United States could exercise criminal subject matter jurisdiction over foreign nationals for possession of large quantities of narcotics on foreign vessels upon the high seas, even in the absence of a treaty or arrangement. Romero- Galue, 757 F.2d at 1154; see also United States v. Peterson, 812 F.2d 486, 493-94 (9th Cir. 1987). | Protective principle of international law permits nation to assert subject matter criminal jurisdiction over person whose conduct outside nation's territory threatens national interest. | "Under the ""protective principle"" of international law, is a nation permitted to assert jurisdiction over a person whose conduct outside the nation's territory threatens the nation's security?" | International Law - Memo # 792 - C - ES.docx | ROSS-003312063-ROSS-003312065 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 2073 | Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon. Vulcan Materials, 2004 WL 2997852 "The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court." Id.; Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Judges have the inherent power to regulate behavior in their courtrooms. Dow Chemical, 46 S.W.3d at 240. The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex.2004); Vulcan Materials, 2004 WL 2997852 at. | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon. | "Is a motion in limine a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon, in order to avoid prejudicing the jury?" | Pretrial Procedure - Memo # 871 - C - TJ.docx | ROSS-003300316-ROSS-003300317 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2074 | Honaker v. Mahon, 210 W. Va. 53 | 307A+3 | The purpose of a motion in limine is to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission. Jurisdictions are generally in agreement that a deliberate and intentional violation of a trial court's ruling on a motion in limine, and thereby the intentional introduction of prejudicial evidence, is a ground for reversing a jury's verdict. However, "[i]n order for a violation of an in limine motion to serve as the basis for a new trial, the order must be specific in its prohibitions, and violations must be clear." Kjerstad v. Ravellette Publications, Inc., 517 N.W.2d 419, 426 (S.D.1994). | The purpose of a motion in limine is to prevent an opposing party from asking prejudicial questions, or introducing prejudicial evidence, in front of the jury without asking the trial court's permission. | Is the purpose of a motion in limine to prevent an opposing party from asking prejudicial questions in front of the jury without asking the trial court's permission? | Pretrial Procedure - Memo # 899 - C - VA.docx | ROSS-003326648 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2075 | Mt. Carmel Pub. Util. & Serv. Co. v. Pub. Utilities Comm'n, 297 Ill. 303 | 317A+111 | The state has no power to compel a corporation engaged in operating a public utility to serve the public without a reasonable compensation. The question has arisen in relation to the power of Legislatures over rates to be charged by railroads, and it has been held that the power is limited, and not absolute; that it is a power to regulate, and not to destroy or confiscate. Legislation, in whatever form, by which the property of one is applied to the use of another or of the public, without compensation, is forbidden as well by section 2 of the Bill of Rights in our state Constitution as by the Fourteenth Amendment of the federal Constitution. The courts of the United States have frequently applied these constitutional prohibitions to legislation establishing railroad tariffs, and have held that it is a judicial question whether the acts in question denied to the owners of property invested in transportation companies the equal protection of the law which is guaranteed to all, and that they did so if the rates were so low as to prevent the railroads from earning any compensation for the use of their property after keeping it in repair and paying the expenses of operation. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; St. Louis & San Francisco Railway Co. v. Gill, 156 U. S. 649, 15 Sup. Ct. 484, 39 L. Ed. 567; Convington & Lexington Turnpike Road Co. v. Sandford, 164 U. S. 578, 17 Sup. Ct. 198, 41 L. Ed. 560. The principle is equally applicable to any legislative act imposing an obligation upon a corporation engaged in a business impressed with a public interest. If the corporation is required by any act or proceeding to devote to the public the use of its property without compensation or without any reasonable compensation, it has been deprived of its property and of the equal protection of the law. Where a public utility corporation is engaged in furnishing to the public through various departments of its business, different kinds of service, it | Where public utility corporation is furnishing through various departments of its business different kinds of service, it cannot be compelled to carry on a branch of its business which furnishes one kind of such service at a loss, though its whole business may be conducted at a profit. A corporation may be required to fulfill an obligation imposed by its charter, even though it may be done at a loss. | Can a public utility be compelled to carry on a branch of business furnishing one kind of service at a loss? | 042369.docx | LEGALEASE-00126110-LEGALEASE-00126111 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 2076 | In re Yanke, 225 B.R. 428 | 217+3512 | The second reason is that the cited authority is inapposite. Though the same business entities often serve as insurers and sureties both, the alignment of parties in the two relationships gives rise to different legal consequences in subrogation. In the case of property and casualty insurance, the insurer indemnifies its insured from a loss, and upon payment gains the right to pursue the responsible third party. Under a bond, the surety indemnifies third parties from losses at the hands of its principal, and upon payment gains the right to recover from its own principal. In both cases, the principle of subrogation operates to the same end, as recognized earlier: preventing a wrongdoer from avoiding liability for his actions, while preserving the rights of the party that contractually accommodated its own client. See Westendorf v. Stasson, 330 N.W.2d at 703. The Defendant's citation to Great Northern Oil Co. is wrong, however, because Laganiere, and not the Defendant, was the party that the Plaintiff succeeded"and Laganiere did not release the Defendant. | Although the same business entity often serves as both insurer and surety, the alignment of parties in the two relationships gives rise to different legal consequences in subrogation; in the case of property and casualty insurance, the insurer indemnifies its insured from a loss, and upon payment gains the right to pursue the responsible third party, while under a bond, the surety indemnifies third parties from losses at the hands of its principal, and upon payment gains the right to recover from its own principal. | "If the same business entity often serves as both insurer and surety, does the alignment of parties in the two relationships give rise to different legal consequences in subrogation?" | 043964.docx | LEGALEASE-00126112-LEGALEASE-00126113 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,079 |
| 2077 | Outboard Marine Corp. v. Thomas, 773 F.2d 883 | 214k5 | Environmental Protection Agency's authority to enter property to inspect and obtain samples, gather information, and inspect records is not limited to a hazardous substance itself section 42 U.S.C.A. § 9604(b)) does not provide authority for taking subsurface samples to determine what construction can be supported or for design and surveying purposes as preliminary to construction of remedial operations on hazardous waste site. Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 104(e), 42 U.S.C.A. § 9604(e). | The 19's section, quoting at that section before that section whether does the "authorized. Nor were the 1791 contains a description of the need for a response has already been determined. The language for the "purpose [... enforcing the provisions" of the subchapter also adds a nothing specific. What the EPA omitted in its warrant application from that section plainly limits its authority to acquire information in that language, so the "purposes specified in the preceding sentence." The preceding sentence refers to the necessity that any person who has had some involvement with the hazardous substance furnish information relating to such substance and permit EPA access to any records pertaining to the substance. A reading of the full section set forth as does not say. The power to enter at reasonable times is not given to begin any response construction, or even for the design and surveying purposes, if we assume they are to be separated. The authority to enter to inspect and obtain samples, gather information, and inspect records is limited to the hazardous substance itself; the section does not provide authority for taking subsurface samples to determine what construction can be supported or for the other things the EPA seeks to accomplish as preliminary to construction. | Is the authority of Environmental Protection Agency to inspect records and obtain samples, gather information, and inspect records limited to a hazardous substance only? | 019492.docx | LEGALEASE-00155376-LEGALEASE-00155377 | Condensed, SA, Sub | 0.65 | 0 | | 1 | 1 | 1 |
| 2078 | James F. Paul Water Co. v. Arizona Corp. Comm'n, 137 Ariz. 426 | 317k+133 | Once granted, a certificate of convenience and necessity confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate. A.R.S. §§ 40-285 to 40-286. | It is well established that Arizona's public policy regarding public service corporations, such as water companies, is one of regulated monopoly over free-wheeling competition. Corporation Commission of Arizona v. People's Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420 [1932]; Tucson Insurance and Bonding Agency, supra. Under this scheme, the Commission is statutorily required to investigate all applicants for a certificate of convenience and necessity for a given area, see A.R.S. ~~ 40-281 to 285, and to issue a certificate only upon a showing that the issuance to a particular applicant would serve the public interest. Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 449 [1950]. Once granted, the certificate confers upon its holder an exclusive right to provide the relevant service for so long as the grantee can provide adequate service at a reasonable rate, [.] If a certificate of convenience and necessity is issued to a particular grantee, that, in turn, generally means anything, it means that to the right is an opportunity to individually provide the service but has limited to supply such service at a reasonable rate to all customers, there is no right, as the Only then would it be in the public interest to issue. A system which did not provide certificate holders with an opportunity to provide adequate service at a reasonable rate, before and the issuance of the certificate would be made would be antithetical to the public interest for several reasons. First, it would not encourage prudent operators. Between public service corporations, the very mode of operation which the Legislature has rejected. Second, it encourages over-extension development. In order to ensure that other things the EPA seeks to accomplish as certificate holders will not competed to construct facilities before | Does the grant of certificate of convenience and necessity confer upon the holder an exclusive right to provide the service for as long as the grantee can provide adequate service at a reasonable rate? | Public Utilities - Memo 196 - AM.docx | ROSS-003286753-ROSS-003286757 | SA, Sub | 0.92 | 0 | | 1 | | |
| 2079 | Miller v. City Hosp., 197 W. Va. 403 | 413+6 | Workers' compensation system benefits injured workers by providing benefits and full compensation through a basic "no-fault" system and in return employers are immunized from financial consequences of civil liability to injured employees. | Our workers' compensation system is designed to benefit injured workers by providing benefits and full compensation through a basic "no-fault" system and in return employers are immunized from financial consequences of civil liability to injured employees. See W. Va. Code, 23-2-6 (1991); Mandolidis v. Elkins Indus., Inc., 161 W.Va. 695, 246 S.E.2d 907 (1978). As this Court stated in Mandolidis: "From the [practical] consequences of civil liability to injured employees." Mandis v. Shoney's, Inc., 185 W.Va. 88, 91, 405 S.E.2d 15 n.3, 18 (1991). W.Va.Code 23-4-2(c)(ii) [1994] states, in pertinent part: It is declared that enactment of this chapter and the establishment of the workers' compensation system in this chapter was and is intended to remove from the common law tort system all disputes between or among employers and employees regarding the compensation to be received for injury or death to an employee except in a narrowly limited and defined to establish a system which compensates even though the injury or death of an employee may be caused by his or her own fault or the fault of a co-employee; that the immunity established in sections six and two A" 23-2-6 and 23-2-6a], article two of this chapter, is an essential aspect of this workers' compensation system; that the intent of the Legislature in providing immunity from litigation outside the workers' compensation system except as herein expressly provided... | Does the workers' compensation system benefit injured workers by providing benefits and full compensation through a basic no-fault system and in return employers are immunized from financial consequences of civil liability to injured employees? | 043093.docx | LEGALEASE-00126854-LEGALEASE-00126855 | Condensed, SA, Sub 0.85 | | | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,079 |
| 2080 | Kaiserkross v. California, 96 States 18th St. Co., 137 Cal. App. 2d 561 | 11H5 | Respondent correctly asserts that a court of equity will make a final disposition of the matters before it... | Court of equity will make final disposition of matters before it where circumstances shown to exist at time of rendition of decree clearly indicate that nature of issue presents some contingency... | Will the court of equity make a final disposition of the litigation, or is there an exception of the litigation, and a supplemental pleading is not necessary to such end. | Action - Memo # 855 - C SMI.docx | ROSS 000198655 ROSS-000198654 | Condensed, SA | 0.93 | 0 | | | 1 | |
| 2081 | Nesbitt v. Gettys, 2235 C. 221 | 341H-38(1) | In the order on demurrer, now reviewed on appeal, it was well laid... | School districts have no inherent right of local self-government which is beyond legislative control; and legislature may, within constitutional limits, establish a new high school district without consent either of people affected or trustee of constituent districts. | Do school districts have inherent right of local self-government which is beyond legislative control? | Education - Memo # 49- C- SU.docx | ROSS-000338400 ROSS-000338405 | Condensed, SA | 0.74 | | 0 | | 1 | |
| 2082 | Laidlaw Waste Sys. v. City of Phoenix, 168 Ariz. 563 | 149-2.2 | Courts in other jurisdictions have decided that a government's garbage collection services in newly annexed areas previously served by private... | Government's exercise of its right to compete with businesses, that results in elimination and destruction of value of businesses within area, does not transform lawful competition into compensable taking. A.R.S. Const. Art. 2, S 17; U.S.C.A. Const.Amend. 5. | Does a government's exercise of its right to compete with businesses those results in the elimination or destruction of the value of the businesses within the area transform into lawful competition into a compensable taking? | Eminent Domain - Memo 341 - GP.docx | ROSS-000500034 ROSS-000350008 | Condensed, SA, Sub | 0.82 | | 0 | | 1 | |
| 2083 | Eagle Bus Lines v. Illinois Commerce Comm'n, 138 Ill. 2d 456 | 317H-113 | Both Plaza and Eagle are existing carriers and one has no greater right than the other. Illinois Highway Transportation Co. v. Commerce Comm... | Provision of the Public Utilities Act that certificate of convenience and necessity shall not be construed to grant a monopoly or exclusive privilege, immunity or franchise disclosed the intention that mere existence of a certificate shall not preclude the granting of a second certificate. S.H.A. ch. 111 2/3, S 56. | "Can a certificate of public convenience and necessity be construed as granting a monopoly or an exclusive privilege, immunity or franchise?" | 042840.docx | LEGALEASE-00127662 LEGALEASE-00127663 | Condensed, SA, Sub | 0.55 | | | | 1 | |

389

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2084 | Beltz v. Hook, 173 VI, 122 | 217+3522 | The instant case concerns a standard form waiver of subrogation clause in a construction contract … | Standard form waiver of subrogation clause in a construction contract between private parties is relatively equal in bargaining positions is intended to allow the parties to exculpate each other from personal liability … | Are waiver of subrogation clauses intended to allow the parties to exculpate each other from personal liability? | Subrogation - Memo # 1216 - C - 96.docx | ROSS-00330489-ROSS-00330490 | Condensed, SA 0.53 | 0.53 | 0 | 1 | | 1 | |
| 2085 | Smith v. H.C. Bailey Companies, 477 So. 2d 224 | 307A+501 | The trial court's decision on disposition of a motion for voluntary dismissal must consider the effect that such action will have upon defendants, and other plaintiffs, if any, and must insure fairness and protection for them … | Trial court's decision on motion for voluntary dismissal affect that such action will have upon defendants and other plaintiffs, if any, and must insure fairness and protection for them; generally, voluntary dismissal should be permitted unless such prejudice will occur, other than prospect of another lawsuit. Rule Civ.Proc., Rule 41(a) | Should a trial court's decision on a motion for voluntary dismissal affect the effect that such action will have upon defendants, and other plaintiffs, if any, and must insure fairness and protection for them? | Pretrial Procedure - Memo # 1150 - C - TI.docx | ROSS-00331472-ROSS-00331473 | Condensed, Order, SA 0.4 | 0.4 | | 1 | | 1 | |
| 2086 | Lynch v. Mayfield, 69 Ohio App. 3d 229 | 413+1 | The purpose of Ohio's workers' compensation system is to provide … | Ohio workers' compensation system does not make employers absolute insurers of their employees' safety, rather, system is meant to protect employees against potentially devastating consequences of work-related injuries. Const. Art. 2, § 35 | Does the workers compensation system make employers insurers of their employees safety, or is the system designed to protect employees against the potentially devastating consequences of work-related injuries? | 047713.docx | LEGALEASE-00128741-LEGALEASE-00128742 | Condensed, SA, Sub 0.73 | 0.73 | 0 | 1 | 1 | 1 | |
| 2087 | Phelps v. Positive Action Tool Co., 26 Ohio St. 3d 142 | 413+1 | The purpose of the Workers' Compensation Act is not to make an employer an absolute insurer of the employee's safety … | Purpose of Workers' Compensation Act is not to protect employee against risks and hazards incident to performance of the work. R.C. 4123.01 et seq. | Is the purpose of the workers compensation act to make an employer an absolute insurer of employee safety, or to only protect employees against risks and hazards incident to the performance of the work? | 047748.docx | LEGALEASE-00128756-LEGALEASE-00128757 | Condensed, SA, Sub 0.84 | 0.84 | 0 | 1 | 1 | 1 | |
| 2088 | Zurdell v. Dade Dir. Sch. B4, 630 So. 2d 8 | 413+1 | Workers' compensation is an administrative remedy designed to speed the employees' compensation while insulating both employer and employee from costs and delays inherent in purely judicial adversarial proceedings … | Workers' compensation is administrative remedy designed to speed the employees compensation while insulating both the employer and employed from the costs and delays inherent in purely judicial adversarial proceedings? | Is workers compensation an administrative remedy designed to speed the employees compensation while insulating both the employer and employed from the costs and delays inherent in purely judicial adversarial proceedings? | 049561.docx | LEGALEASE-00128700-LEGALEASE-00128702 | Condensed, SA 0.75 | 0.75 | 0 | 1 | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2089 | Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Ins., 760 F. Supp. 1036 | 25T+139 | The next question is whether Meadows' fraud claim falls within the scope of the arbitration agreement. While parties may not be compelled to submit a commercial dispute to arbitration unless they have contracted to do so, federal policy "requires us to construe arbitration clauses as broadly as possible," S.A. Mineracao Dea Trindade"Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir.1984), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Threlkeld, 923 F.2d at 248 (quoting Moses H. Cone, 460 U.S. at 24"25, 103 S.Ct. at 941"42). "[L]anguage excluding certain disputes from arbitration must be "clear and unambiguous' or "unmistakably clear" and ... arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." " Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 847 (2d Cir.1987) (quoting S.A. Mineracao, 745 F.2d at 194); Threlkeld, 923 F.2d at 950.Case 4: Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Ins., 760 F. Supp. 1036.Topical Quote 1: While parties may not be compelled to submit a commercial dispute to arbitration unless they have contracted to do so, federal policy "requires us to construe arbitration clauses as broadly as possible," S.A. Mineracao Dea Trindade"Samitri v. Utah Int'l, Inc., 745 F.2d 190, 194 (2d Cir.1984), and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Threlkeld, 923 F.2d at 248 (quoting Moses H. Cone, 460 U.S. at 24"25, 103 S.Ct. at 941"42). "[L]anguage excluding certain disputes from arbitration must be "clear and unambiguous' or "unmistakably clear" and ... arbitration should be ordered "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." " Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 847 | While parties may not be compelled to submit commercial dispute to arbitration unless they have contracted to do so, federal policy requires district court to construe arbitration clauses as broadly as possible and any doubts concerning scope of arbitrable issue should be resolved in favor of arbitration. | Does federal policy favoring arbitration require courts to construe arbitration clauses as broadly as possible? | 007304.docx | LEGALEASE-00129043-LEGALEASE-00129044 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 2090 | Holiday Queen Land Corp. v. Baker, 489 F.2d 1031 | 170A+1693 | As we noted in Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967), a court exercising its discretion in considering voluntary dismissal must:follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. 385 F.2d at 368 (quoting 2 Barron & Holtzoff Federal Practice and procedure " 912, Wright's ed.). INA came late to the case and suffered a minimum of expense. Had the court granted a voluntary dismissal, INA faced only the annoyance of a second litigation upon the same subject matter. Despite INA's insistence that a second suit would be only a perpetuation of the frivolous and spurious, we conclude that INA would not have lost any substantial right by the dismissal. | A court exercising its discretion in considering a motion for voluntary dismissal must follow the traditional principle that dismissal should be allowed unless defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit; and it is not a bar that plaintiff may obtain some tactical advantage thereby. Fed.Rules Civ.Proc. rule 41(a)(2), 28 U.S.C.A. | "In determining whether to grant a voluntary dismissal, should a court follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice?" | 024009.docx | LEGALEASE-00129496-LEGALEASE-00129497 | Condensed, SA, Sub | 0.57 | 0 | 1 | 1 | 1 | 1 |
| 2091 | Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+508 | A plaintiff has an absolute and unqualified right to take a nonsuit upon timely motion so long as the defendant has not made a claim for affirmative relief. General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.1990). A defensive pleading states an affirmative right to relief if it alleges that the defendant has a cause of action that is independent of the plaintiff's claim, and upon which he could recover benefits, compensation, or relief, even if the plaintiff abandons his own cause of action or fails to establish it. Id. at 570.A creative repleading "that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff" of the right to nonsuit. BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 841 (Tex.1990). | Defensive pleading states affirmative right to relief, so as to bar plaintiff from taking nonsuit, if it alleges that defendant has cause of action that is independent of plaintiff's claim, upon which defendant could recover benefits, compensation, or relief, even if plaintiff abandons his or her own cause of action or fails to establish it; creative pleading that merely restates defenses in form of declaratory judgment action cannot deprive plaintiff of right to nonsuit. | Is a plaintiff's right to take a nonsuit unqualified and absolute as long as the defendant has not made a claim for affirmative relief? | 024908.docx | LEGALEASE-00129293-LEGALEASE-00129294 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 2092 | New York Mortg. Tr. v. Dasdemir, 116 A.D.3d 679 | 307A+501 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice (see CPLR 3217[c]; Tucker v. Tucker, 55 N.Y.2d 378, 383"384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; American Tr. Ins. Co. v. Roberson, 114 A.D.3d 821, 980 N.Y.S.2d 778; Wells Fargo Bank, N.A. v. Chaplin, 107 A.D.3d 881, 883, 969 N.Y.S.2d 67; Blackwell v. Mikevin Mgt. III, LLC, 88 A.D.3d 836, 837, 931 N.Y.S.2d 116). Here, there was no showing of any such special circumstances. Contrary to the respondents' contention, there is no evidence in the record that the action was settled, discontinued, or dismissed on the merits (see generally Matter of AutoOne Ins. Co. v. Valentine, 72 A.D.3d 953, 955, 899 N.Y.S.2d 354). Rather, it is undisputed that the settlement reached by the parties was a forbearance agreement. Accordingly, the action should have been discontinued without prejudice. | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | Is motion for voluntary discontinuance generally granted absent a showing of special circumstances which includes prejudice or other improper consequences? | 026182.docx | LEGALEASE-00129189-LEGALEASE-00129190 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2093 | Ex parte Goodyear Tire & Rubber Co., 248 S.C. 412 | 307A+331 | The proposition stated in the passage from Wigmore on Evidence, quoted with approval in Welsh, supra, 211 S.C. 516, 46 S.E.2d 147, 175 A.L.R. 228, that discovery, as part of the original inherent jurisdiction of courts of equity, extended to discovery of chattels and premises in the hands of the adverse party, has the support of the overwhelming weight of authority in this country and in England. Annotations, Discovery"Article or Premises, 13 A.L.R.2d 657, 4 A.L.R.3d 762. After stating the contrary rule applicable to courts of law, the annotator cites numerous cases to the proposition that "there is agreement among the American and English courts that a court of equity has power, even absent specific statutory authorization, to order discovery and inspection of articles or premises." 4 A.L.R.3d 772. According to the annotator, the power was recognized by implication as early as 1686 in Marsden v. Panshall, 1 Vern 407, 23 Eng Reprint 548. One of the most scholarly and frequently cited decisions on the point is Reynolds v. Burgess Sulphite Fibre Co., 71 N.H. 332, 51 A. 1075, 57 L.R.A. 949, decided in 1902, in which inspection was allowed of the pieces of a broken strap said to have caused the injury. We join these authorities in holding that where reasonably necessary in the promotion of justice, a court in the exercise of equity jurisdiction does have inherent authority to require discovery of a chattel in the possession of the adverse party. (We omit the citations which are readily available in 13 A.L.R.2d 661, et sequa and 4 A.L.R.3d 772, et sequa.). | Where reasonably necessary in the promotion of justice, a court in the exercise of equity jurisdiction has inherent authority to require discovery of a chattel in the possession of the adverse party. Const. art. 5, SS 1, 15; art. 6, S 3; Code 1962, SS 10-7 to 10-10, 10-8, 26-501 to 26-512. | "Where reasonably necessary in the promotion of justice, does a court in the exercise of equity jurisdiction have an inherent authority to require discovery of a chattel in the possession of the adverse party?" | 027308.docx | LEGALEASE-00129410-LEGALEASE-00129411 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 2094 | Pasadena Metro Blue Line Const. Auth. v. Pac. Bell Tel. Co., 140 Cal. App. 4th 658 | 317A+114 | Section 6297 codifies the common law rules that when a public utility accepts franchise rights in public streets, it assumes an implied obligation to pay for the relocation of its facilities when necessary to make way for a proper governmental use. That obligation arises from the paramount right of the people as a whole to use public thoroughfares. (City of Livermore v. Pacific Gas & Electric Co. (1997) 51 Cal.App.4th 1410, 1413, 59 Cal.Rptr.2d 852.) The Legislature may grant a utility the right to compensation for relocating its facilities, but must do so specifically. (Id. at p. 1414, 59 Cal.Rptr.2d 852.) | Codified common law rules provide that when a public utility accepts franchise rights in public streets, it assumes an implied obligation to pay for the relocation of its facilities when necessary to make way for a proper governmental use, which obligation arises from the paramount right of the people as a whole to use public thoroughfares; the Legislature may grant a utility the right to compensation for relocating its facilities, but must do so specifically. West's Ann.Cal.Pub.Util.Code S 6297. | What is the implied obligation assumed by a public utility accepting franchise rights in public streets? | Public Utilities - Memo 259 - AM.docx | ROSS-003301660-ROSS-003301662 | Condensed, SA, Sub | 0.18 | 0 | 1 | 1 | 1 | 1 |
| 2095 | Mellone v. Lewis, 233 Cal. App. 2d 4 | 307A+747.1 | Section 2034 of the Code of Civil Procedure provides for sanctions which may be imposed for disobedience of discovery orders. Although this section is not made specifically applicable to pretrial orders, it does provide a suitable method of practice harmonious with the purposes of implementing and enforcing the portions of the present pretrial order relating to evidence and discovery. As above shown, these portions of the pretrial order were made pursuant to consent of the parties, and they pertain to evidence and discovery matters, appear under a subheading of the order titled "Evidence, Discovery and Law and Motion," and were made pursuant to the express authorization of the rules promulgated by the Judicial Council relating to pretrial proceedings. | Statute relating to sanctions which may be imposed for disobedience of discovery orders is not specifically applicable to pretrial orders, but does provide suitable method of practice harmonious with purposes of implementing and enforcing portions of pretrial order relating to evidence and discovery. West's Ann.Code Civ.Proc. S 2034. | Is a statute relating to sanctions which may be imposed for disobedience of discovery orders specifically applicable to pretrial orders? | 026689.docx | LEGALEASE-00129972-LEGALEASE-00129973 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 2096 | Lumbermens Mut. Cas. Co. v. Cont'l Cas. Co., 387 P.2d 104 | 307A+747.1 | The purpose of pre-trial is to clearly define all issues to be tried and decided. Counsel have a particular responsibility to assist the court in this respect so that the pre-trial order in final form accomplishes its purpose. Hidden issues or defenses are not to be tolerated. | Counsel has particular responsibility to assist court at pre-trial so that pre-trial order in final form accomplishes its purpose of clearly defining all issues to be tried and decided. | Does a counsel have a particular responsibility to assist a court at pre-trial so that a pre-trial order in a final form accomplishes its purpose of clearly defining all issues to be tried and decided? | Pretrial Procedure - Memo # 1618 - C - SN.docx | ROSS-003300607-ROSS-003300608 | Condensed, SA, Sub | 0.33 | 0 | 1 | 1 | 1 | 1 |
| 2097 | Speet v. Schuette, 889 F. Supp. 2d 969 | 92+3781 | Michigan statute which criminalized begging in a public place violated the Equal Protection Clause; the statute restricted some individuals from exercising their fundamental right of freedom of expression, while permitting others, with different messages that the state deemed more acceptable, to exercise that right. The Michigan statute restricts some individuals from exercising a fundamental right, freedom of expression, while permitting other individuals with more acceptable messages to exercise that very right. The First Amendment "forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others." Taxpayers for Vincent, 466 U.S. at 804, 104 S.Ct. 2118 (citing Bolger v. Youngs Drug Products Corp., 463 U.S. 60, 65, 103 S.Ct. 2875, 77 L.Ed.2d 469 (1983); Consolidated Edison Co. v. Public Service Comm'n, 447 U.S. 530, 533"36, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980); Carey v. Brown, 447 U.S. 455, 462"63, 100 S.Ct. 2286, 65 L.Ed.2d 263 (1980); Young v. American Mini Theatres, Inc., 427 U.S. 50, 63"65, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976) (plurality opinion); Police Department of Chicago v. Mosley, 408 U.S. 92, 95"96, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972)). Yet that is precisely what the Michigan anti-begging statute does, without any clear linkage between the statute and the interests the statute purports to serve. The statute runs afoul of the Equal Protection Clause, because the regulated activity is speech, thus implicating First Amendment issues. | Michigan statute which criminalized begging in a public place violated the Equal Protection Clause; the statute restricted some individuals from exercising their fundamental right of freedom of expression, while permitting others, with different messages that the state deemed more acceptable, to exercise that right. U.S.C.A. Const.Amends. 1, 14; M.C.L.A. S 750.167(1)(h). | Does criminalizing begging in a public place violate the Equal Protection Clause? | Vagrancy - Memo 17 - SB.docx | ROSS-003300375-ROSS-003300376 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2098 | Jacob Hartz Seed Co. v. Thomas, 253 Ark. 176 | 413>1 | The necessity for extreme caution in approving such settlements to claims recognized by the Commission is pointed out in the fact that any award based thereon finally precludes all rights of the parties, even foreclosing any right of appeal from the order of approval. This is the only procedure under our act which leaves the claimant without any further remedy, regardless of subsequent developments. See Brooks v. Arkansas Best Freight System, Inc., 247 Ark. 61, 444 S.W.2d 246. It is necessary that the interest of both the employee and the public be protected in these matters. The employee's welfare as well as offered in these matters is the employer or carrier. Unusual circumstances that would make approval of the compromise or the first petition unreasonable might not exist in the case of a second petition even though the only difference may be in the amount of payment. The employer or carrier, during the intervening period, might become informed of material matters not known at the first hearing, which would prompt it to change its offer of settlement. The public, as the bearer of the ultimate burden of compensation protection, has a material interest in the minimization of the risk of an injured employee becoming an object of public charity or public relief. See Surtler v. Summerville, 205 Ark. 463, 169 S.W.2d 579; Williams Mfg. Co. v. Walker, 206 Ark. 392, 175 S.W.2d 380. | The public, as bearer of ultimate burden of compensation protection, has a material interest in minimization of risk of an injured employee becoming object of public charity or public relief. | Does the public, as a bearer of the ultimate burden of compensation protection, have a material interest in the minimization of risk of an injured employee becoming an object of public charity or public relief? | 047830.docx | LEGALEASE 00130349 - LEGALEASE 00130351 | Condensed, SA, Sub 0.84 | | 0 | | | 1 | |
| 2099 | Com. v. Fall River Motor Sales, 409 Mass. 302 | 307d>737.1 | A continuance is appropriate if the party opposing a summary judgment motion shows that it cannot, without further discovery, "present by affidavit facts essential to justify its opposition," one common reason for denial of summary judgment. Mass. R. Civ. P. 56(f), 365 Mass. 825 (1974). See Godbout v. Cousens, 396 Mass. 254, 261 n. 11, 485 N.E.2d 940 (1985); First Nat'l Bank v. Slade, 379 Mass. 243, 244-245 (1979). See generally Annot., Sufficiency of Showing, Under Rule 56(f) of Federal Rules of Civil Procedure, of Inability to Present by Affidavit Facts Justifying Opposition to Motion for Summary Judgment, 47 A.L.R. Fed. 206 (1980). One common reason for the denial of a continuance in this context is the irrelevance of further discovery to the issue being adjudicated in a summary judgment. See, e.g., Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 427 N.E.2d 501; 10 A.C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2741, at 556 (2d ed. 1983). See also First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 265, 88 S.Ct. 1575, 1580, 20 L.Ed.2d 569 (1968) (" ... Rule 56(f), Fed Rules, Civ Proc ... provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion, rather than full discovery, which provides for broad pretrial discovery."). | A continuance is appropriate if a party opposing a summary judgment motion shows that it cannot, without further discovery, present by affidavit, facts essential to justify its opposition. | Is a continuance appropriate if a party opposing a summary judgment motion shows that it cannot, without further discovery, present by affidavit, facts essential to justify its opposition? | Pretrial Procedure - Memo #1680 - C - BP.docx | ROSS-003287700>ROSS-003287701 | Condensed, SA, Sub 0.74 | | 0 | | | 1 | |
| 2100 | Shawe v. Elting, 157 A.3d 142 | 307d>331 | A party in litigation has an affirmative duty to preserve potentially relevant documents once it may anticipate litigation, or "once [it] is on notice of a credible probability that it will become involved in litigation." "A party is obligated to 'preserve every shred of paper, every e-mail or electronic document, but instead must preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." To impose monetary sanctions, a court need only find that a party failed to preserve evidence and breached that duty. | A party is obligated to preserve every shred of paper, every e-mail or electronic document, but instead must preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request. | Is a party obligated to preserve what it knows, or reasonably should know, is relevant to the action? | 020814.docx | LEGALEASE 00130364 - LEGALEASE 00130365 | Condensed, SA 0.48 | | 0 | | 0 | 1 | |
| 2101 | Toler v. Hampton, 178 Neb 858 | 307d>747.1 | It appears in the instant case the issues were resumed by the pretrial conference. It is the apparent contention of the plaintiff's that only issues that were not raised in the pretrial conference and the pleadings are adopted at the pretrial conference. The pretrial rule of the court herein uses set out is substantially the same as rule 16 governing procedure in the federal district courts. The object of a pretrial conference is said in the order and case as follows: "Where there has been a pre-trial conference, there are not likely to be requests for permission to amend at the trial, and permission to amend at the trial should ordinarily not be granted when such amendment will result in a delay of the trial, except when relevant matters have arisen after the pretrial conference, or when they were existing at the time of that hearing were not discovered until afterwards and the party seeking to amend is otherwise free to be excused for his earlier default. Since the pretrial order controls the subsequent course of the action, however, failure to amend the pleadings to reflect the issues stated in the order should not be a reason to foreclose any issue." See, also, Rocourt v. C.A. Swanson & Sons, D.C., 77 F.Supp. 716; Love v. Davidson Mfg. Co., 7 Cir., 1137 26 364. American Surety Co. v. Home Indemnity Co., D.C., 249 F.2d 518 at a pretrial conference it appears there are issues which might be determinative of the cause although not then within the pleadings, they should be stated in the pretrial order which should thereafter govern the proceeding in that respect. The interpretation placed on rule 16 by the federal courts is applicable to that adopted by this court since our pretrial order before us this issue involved and later considered were plainly stated. No exceptions were taken by the parties. The contention of the plaintiff cannot be sustained. | If at pretrial conference it appears there are issues which might be determinative of cause, although not then within the pleadings, they should be stated in pretrial order which should thereafter govern proceeding in that respect. | If at pretrial conference it appears there are issues which might be determinative of cause, although not then within the pleadings, should they be stated in pretrial order which should thereafter govern proceeding in that respect? | Pretrial Procedure - Memo #1736 - C - N6.docx | ROSS-003327097>ROSS-003327808 | Condensed, SA 0.88 | | 0 | 1 | | 1 | |

393

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2102 | Hasenaer v. Durbin, 216 Neb. 714 | 307A+750 | The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end, litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. See, Tober v. Hampton, 178 Neb. 858, 136 N.W.2d 194 (1965); Western Pipe & Supply, Inc. v. Heart Mountain Oil Co., Inc., 179 Neb. 858, 140 N.W.2d 813 (1966). The only issues emerging from the pretrial conference related to the effect of the March 20 agreement, the availability of specific performance, and the question of consideration for the March 20 agreement. Before their appeal to this court, Hasenaers and Curtis both issued and the issues presented and disposed of by the trial court. "The rule is well settled that questions not presented at or passed upon by the trial court will not be considered by this court on appeal." Gurnett v. Gurnett, 208 Neb. 775, 776, 305 N.W.2d 882, 886 (1981). See, also, Esquire v. Commercial Sav. & Loan Assn., 191 Neb. 618, 217 N.W.2d 82 (1974). | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial, to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | Should litigants adhere to the spirit of procedure and are they bound by pretrial order to which no exception has been taken? | 020979.docx | LEGALEASE-00131060-LEGALEASE-00131061 | Condensed_SA | 0.79 | 0 | | | 1 | 1 |
| 2103 | Singer v. Nat'l Gum & Mica Co., 211 A.D. 758 | 307A+431 | It must be borne in mind that both the Civil Practice Act and the Rules of Civil Practice still maintain the fundamental distinction between the production of books and records in connection with examination of a witness before trial, and a discovery and inspection of such books and records. See Civil Practice Act, §§ 288-309, 324-328, and Rules of Civil Practice, Rules 121-140 et seq. This distinction was pointed out in Matter of Sands, 98 App. Div. 148, 90 N.Y.S. 749; where the court, by Laughlin, J., said: 'In the case of an examination ordered under sections 870 to 873 [Code of Civil Procedure] of a party not a corporation, there is no authority to require the production or discovery of books or papers, even for use upon the examination of the party, except by subpoena duces tecum, but in the case of a corporation the court is now authorized by subdivision 7 of section 872 without the formality of a subpoena duces tecum, to order the production of books and papers, not for inspection by the adverse party, but for the use of the witness upon the examination. Hoyt v. Yuengling Brewing Co., 1 App. Div. 629; Press Publishing Co. v. Star Co., 19 App. Div. 495; In re Sands.' Civ. Prac. Act, § 324; Rules Civ. Prac. 140. And there the court stated that ... a right of a corporation, of an inspection of its books, may be obtained as provided in sections 803-807. | The Civil Practice Act and Rules of Civil Practice maintain a fundamental distinction between production of books and records in connection with examination of witness before trial and a discovery and inspection of such books and records.[1] | Do the Civil Practice Act and Rules of Civil Practice maintain a fundamental distinction between production of books and records in connection with examination of witness before trial and a discovery and inspection of such books and records? | Pretrial Procedure - Memo # 2042 - C - VP.docx | ROSS-000288072-ROSS-000288073 | Condensed_SA, Sub 0.8 | 0.8 | 0 | | | 1 | 1 |
| 2104 | Heartland Apartment Ass'n v. City of Mission, 51 Kan. App. 2d 699 | 371+2002 | We agree with the district court when I listened in this fee, and cited a tax. The landowner case on this point is Executive Aircraft. The Supreme Court upheld defendant of the fee in that matter, but noted the cost of straightforward, and cogent support. A tax is levied primarily for revenue, for the maintenance of governmental services offered to the general public. In contrast, a fee is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public. A fee is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege. Payment of a fee is voluntary an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered." 232 Kan. at 427, 663 P.2d 57. | A "fee" is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public; it is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege of payment of fee is voluntary, in that an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered. | Is a tax imposed to raise revenue for the maintenance of governmental services offered to the general public? | Taxation - Memo # 61 - C - CK.docx | ROSS-000312217-ROSS-000313238 | Condensed_SA | 0.48 | 0 | 1 | | | 1 |
| 2105 | Pleasure v. Pleasure, 97 Md. App. 711 | 307A+431 | Appellant asserts that appellee could have used the trial court's subpoena power to obtain the discovery information from his wife and her employer. Whether a Maryland court may reach the IRS and the District of Columbia is questionable. Moreover, appellant misunderstands the proper use of the subpoena power. A subpoena is to be used to compel the attendance and testimony of witnesses, and production of documents at either a court proceeding or a deposition, and 'shall not be used for any other purpose.' Maryland Rule 2-510(a). Although a party may choose to dispose the nonparty holder of documents rather than utilizing a request for production of documents, that option is not one that may be forced upon the party seeking discovery. Where documents are within the control of the party opponent, a request for production of documents has been made, that party must obtain and produce those documents. To hold otherwise would be to permit circumvention of the discovery process and ... unnecessary expense. | Although a party may choose to depose nonparty holder of documents rather than utilizing a request for production of documents, is that option not one that may be forced on party seeking discovery? | "Although a party may choose to depose nonparty holder of documents rather than utilizing a request for production of documents, is that option not one that may be forced on party seeking discovery?" | 027213.docx | LEGALEASE-00132340-LEGALEASE-00132341 | Condensed_SA | 0.82 | 0 | 1 | | | 1 |
| 2106 | De Coursy v. Am. Emery Wheel Works, 89 R.I. 450 | 307A+431 | It is well settled in this state that the superior court has no inherent authority apart from a statute to permit a party, prior to the trial, evidence in the possession or control of the opposing party. Oreb v. Superior Court, 48 R.I. 391, 138 A. 51, 52 A.L.R. In O'Reilly v. Superior Court, 66 R.I. 17, 18 A. 716, 62 A.L.R. 1, the court in effect held that the superior court had no such power under " R'f 71/3: that there is no statute in this state authorizing the superior court to enter premises of another, and that the power of the superior court to order a discovery is purely statutory. | The superior court has no inherent authority apart from statute to permit a party, in a case prior to trial, evidence in the possession or control of the opposing party. | "Does the superior court have an inherent authority apart from statute to permit a party, in a case prior to trial, evidence in the possession or control of the opposing party?" | 027420.docx | LEGALEASE-00131426-LEGALEASE-00131427 | Condensed_SA | 0.71 | 0 | | 0 | 1 | |
| 2107 | City of Phoenix v. Kasun, 277 Ala. 211 | 307A+717.1 | The matter of granting a continuance because of an absent, but subsequently present, is largely within the discretion of the court. His ruling in such regard will not be error unless palpable abuse is shown. Robertson v. McCarthy, 20 Ala. 576, 67 So. 59 814. The continuance of defense counsel in support of the motion for a continuance fell far short of showing any abuse of discretion by the court in denying the motion. | Grant of continuance because of absent but subsequent witness is largely within trial court's discretion and his ruling will not be error unless palpable abuse is shown. | Is a grant of continuance because of an absent but subsequent witness largely within a trial court's discretion and his ruling will not be error unless palpable abuse is shown? | 027469.docx | LEGALEASE-00132292-LEGALEASE-00132293 | Condensed_SA | 0.6 | 1 | 0 | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 2108 | State v. Patton, 84 S.W.3d 154 (115n463 329) | | A decision to grant or deny a continuance is within the trial court's sound discretion, and a reviewing court will not reverse with that decision absent a very strong showing of abuse and prejudice. State v. Taylor, 944 S.W.3d (5 Mo 2002). A party moving for a continuance must be in writing accompanied by an affidavit setting forth the facts upon which the motion is based unless (the adverse party consents to an oral motion). State v. Dodd, 10 S.W.3d 544, 553 (36) (Mo App.1999) When a continuance request is based upon the absence of a witness, Rule 24.10 requires the applicant to show the materiality of the potential testimony, the particular facts the witness will prove, due diligence on the part of the defendant to obtain the witness and reasonable grounds to believe the attendance or testimony of the witness will be procured within a reasonable time. Dodd, 10 S.W.3d at 553–54 (citing State v. Scott, 348 S.W.2d (9) (10-20 (fraction) it is sufficient to sustain the trial court's ruling." Id. at 553 (17). | When will the absence of a witness be ground for a continuance? When a continuance request is based upon the absence of a witness, it required that the application show the materiality of the potential testimony, the particular facts the witness will prove, due diligence on the part of the defendant to obtain the testimony, and reasonable grounds to believe the attendance or testimony of the witness will be procured within a reasonable time. V.A.M.R. 24.10. | | 02762.docx | LEGALEASE-00131112-LEGALEASE-00131113 | Condensed, SA, SA | 0.62 | 0 | | | | 1 |
| 2109 | Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98 | 307A+517.1 | Under the Texas Rules of Civil Procedure, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." Tex. R. Civ. P. 162. Rule 162 applies to the case because Dr[ch]. that this nonsuit while this case was still pending in the interlocutory appeal from UTMB's partial plea to the jurisdiction. Under these circumstances, the nonsuit extinguishes a case or controversy from "the moment the motion is filed" or an oral motion is made in open court (to the extent that the case is still pending at that time). "Brasheat court Apts v. Abu'Ahmad, 78 S.W.2d 310, 211 (Tex 1990); see also Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex 1982). While the date on which the trial court logos an order dismissing the suit is "the starting point for determining when a trial court's plenary power expires," a nonsuit is effective when it is filed. See Tex. R. Civ. P. 329b. The trial court generally has no discretion to refuse to dismiss the suit, and its order doing so is ministerial. In re Bennett, 960 S.W.2d 35 at 38. (Shakbodnock, 78 S.W.2d at 211.) | While the date on which the trial court logos an order dismissing the suit (which the trial court's plenary power expires, including the trial court's plenary power expires, is a nonsuit effective when it is filed. Vernon's Ann.Texas Rules Civ-Proc, Rules 162, 329b. | While the date on which the trial court logos an order dismissing the suit (including the trial court's plenary power expires), is a nonsuit effective when it is filed? | Pretrial Procedure Memo # 2182 - C - SM.docx | ROSS-003000013-ROSS-003000014 | SA Sub | 0.8 | | | | 1 | |
| 2110 | Mosga v Stanley Dean Witter Commercial Srv. Serv. v. Sutula, 185 Ohio App. 3d 152 | 307A+517.1 | Relators argue that the filing of the notice of voluntary dismissal by Mark's counsel deprived the trial court of jurisdiction under CV*02459. "When a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A) (1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. See State ex rel. Fogle v. Steiner (1995), 74 Ohio St. 3d 158, 656 N.E.2d 1288, citing State ex rel. Hunt v. Thompson (1992), 63 Ohio St. 3d 182, 183, 586 N.E.2d 107, and State ex rel. Rice v. McGrath (1991), 62 Ohio St. 3d 70, 577 N.E.2d 1100. "State ex rel. Hummel Properties, Inc., v. Marick, Cuyahoga App. No. 82688, 2000 Ohio 5252, 2003 WL 2225731). | When a case has been properly voluntarily dismissed, the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction. Civ.R. Rule 41(A)(1). | Where a case has been properly voluntarily dismissed, does the trial court patently and unambiguously lack jurisdiction to proceed, and is a writ of prohibition will issue to prevent the exercise of jurisdiction? | 02775.docx | LEGALEASE-00132302-LEGALEASE-00132304 | Order, SA | 0.68 | 1 | | | | |
| 2111 | Joachim v. Travelers Ins. Co., 279 S.W.3d 812 | 307A+517.1 | A nonsuit extinguishes a case or controversy the moment it is filed with the court clerk or an oral motion made in open court. See Univ. of Tex. Med. Branch at Galveston v. Abu'Ahmad, 78 S.W.2d 310, 211 (Tex 1990). While the date a trial court logos an order dismissing the suit is "the starting point for determining the trial court's plenary power to consider costs, attorney's fees and sanctions, matters "collateral" to the merits. See Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 101 (Tex 2006). In re Bennett, 960 S.W.2d 35, 38. But it is without discretion to deny a nonsuit. See In re Bennett, 960 S.W.2d 35 at 38; Shadowbrook Apts, 695 S.W.2d 36, 39. Tex. R. Civ. P. 162 (a party requesting a nonsuit has absolute right to nonsuit at moment such a notice is filed); Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982) (granting nonsuit is merely a ministerial act)Here, at the time Joachim filed a nonsuit, the trial court's plenary power did not deprive the court of its power to adjudicate the merits of Joachim's claim after he filed a nonsuit. | While the date a trial court logos an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, is a nonsuit effective when filed? Tex. R. Civ. P. 162. | While the date a trial court logos an order dismissing the suit is the starting point for determining when a trial court's plenary power expires, is a nonsuit effective when filed? | 02862.docx | LEGALEASE-00132350-LEGALEASE-00132351 | SA Sub | 0.83 | | | 1 | | |
| 2112 | In re Carolina Tobacco Co., 360 B.R. 702 | 371+2901 | The term "tax" is not defined in the Bankruptcy Code, but courts are to apply a four-part test. A tax is (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including the purpose of defraying expenses of government or undertaking authorized by it, and (4) under the police or taxing power of the state. In re Lorber Indus. of Cal., Inc., 675 F.2d 1062, 1066 (9th Cir.1982). | "Tax" is (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including the purpose of defraying expenses of government or undertaking; and (4) under the police or taxing power of state. | "Is fee for public purposes, including purpose of defraying expenses of government or undertaking authorized by it?" | 04802.docx | LEGALEASE-00131511-LEGALEASE-00131513 | Condensed, SA | 0.35 | | 0 | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2113 | Mayor & City Council of Baltimore v. Vonage Am. Inc., 544 F. Supp. 2d 458 | 170B+2036 | Because the TIA "represents a recognition that states are best situated to administer their own fiscal operations," the term "tax" is subject to a "broader interpretation when reviewed under the aegis of the TIA." Valero Terrestrial Corp. v. Caffrey, 205 F.3d 130, 133-34 (4th Cir.2000) (internal quotation marks omitted). To determine whether a particular charge is a "tax" or a "fee," I must analyze whether the charge is for revenue raising purposes (making it a "tax"), or for regulatory or punitive purposes (making it a "fee"'). Id. at 134. The Fourth Circuit considers three factors in this analysis: (1) what entity imposes the charge; (2) what population is subject to the charge; and (3) what purposes are served by the use of the monies obtained by the charge. Id. As Valero has explained, the "classic tax" is "imposed by the legislature upon a large segment of society, and is spent to benefit the community at large," while the "classic fee" is "imposed by an administrative agency upon only those persons, or entities, subject to its regulation for regulatory purposes, or to raise money placed in a special fund to defray the agency's regulation-related expenses." Id. (internal quotation marks omitted). | Under the Tax Injunction Act (TIA), the "classic tax" is imposed by the legislature upon a large segment of society, and is spent to benefit the community at large, while the "classic fee" is imposed by an administrative agency upon only those persons, or entities, subject to its regulation for regulatory purposes, or to raise money placed in a special fund to defray the agency's regulation-related expenses. 28 U.S.C.A. S 1341. | Who is classic tax imposed upon? | Taxation - Memo # 300 - C - CK.docx | ROSS-003331039-ROSS-003331040 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 2114 | United States v. Menendez, 137 F. Supp. 3d 709 | 63+1(1) | Under the stream of benefits doctrine, bribery's "quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." United States v. Kemp, 500 F.3d 257, 282 (3d Cir.2007) (internal citations and quotations omitted, emphasis in original). "[P]ayments may be made with the intent to retain the official's services on an "as needed" basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf." Id. As discussed earlier, the indictment alleges numerous specific official acts, and the timing of these acts in relation to the alleged bribes is clear from the face of the indictment. Defendants assert that "the incorporation of 157 "acts' into each of ten separate bribery counts ... only magnifies the insufficiency of the Indictment." Mot. to Dismiss 7 at 11. But these various acts together show a "pattern of official actions" that the government alleges as evidence of the "quo " that Defendants intended to result from the alleged bribes. Kemp, 500 F.3d at 282. Taking all facts alleged in the indictment as true, as the Court must at this stage, the many official acts alleged in the indictment serve as circumstantial evidence that Melgen's payments were made and accepted with the intent to retain Menendez's services on an as needed basis. This provides more than sufficient factual orientation for the charges of bribery in Counts Two through Eight, the charges of honest services fraud in Counts Nineteen through Twenty"One, and the conspiracy to commit bribery charged in Count One. | Under the stream of benefits doctrine, the bribery statute's quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. 18 U.S.C.A. S 201. | How is bribery's quid pro quo requirement satisfied under the stream of benefits doctrine? | Bribery - Memo #244 - C - LB.docx | ROSS-003300628-ROSS-003300629 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2115 | State v. Sherwin, 127 N.J. Super. 370 | 63+1(1) | The necessary corrupt intent is supplied simply by showing that the opportunity was used to perform a public duty as a means of acquiring an unlawful benefit. State v. Begyn, 34 N.J. 35, 48, 167 A.2d 161 (1961). Whether the benefit was received personally by defendant is immaterial, see State v. Smagula, 39 N.J.Super. 187, 120 A.2d 621 (App.Div.1956), and it matters not whether Loughran or Sherwin had power themselves to bring about a rejection of the lowest bid. The statute, N.J.S.A. 2A:93-6, does not require that the person receiving the bribe do so "under color of his office," as does the section proscribing statutory extortion. N.J.S.A. 2A:105-1. The offense of receiving a bribe under N.J.S.A. 2A:93-6 is complete upon a showing that defendant received a thing of value as a bribe to procure any act appertaining to any office or department of the government. | Corrupt intent necessary to bribery conviction is supplied simply by showing that opportunity was used to perform a public duty as a means of acquiring unlawful benefit. N.J.S.A. 2A:85-14, 2A:93-6. | Is the corrupt intent necessary to bribery conviction supplied simply by showing that opportunity was used to perform a public duty as a means of acquiring unlawful benefit? | Bribery - Memo #259 - C - CSS.docx | ROSS-003287188-ROSS-003287189 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2116 | Wheeler v. Green, 157 S.W.3d 439 | 228+183 | Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Carpenter, 98 S.W.3d at 687; Stelly, 927 S.W.2d at 622; see also Wal"Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 357 (Tex.1998) (per curiam) (finding no undue prejudice from withdrawing store manager's deemed admissions as plaintiff had already deposed him). As Sandra's proof attached to her motion for new trial showed, Darrin's attorney received her responses two days late but six months before the summary judgment motion was heard. The lower courts could not have concluded on this record that Darrin would suffer any undue prejudice if the admissions were withdrawn | Undue prejudice, as element for withdrawing deemed admissions or for allowing a late summary-judgment response, depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it. Vernon's Ann.Texas Rules Civ.Proc., Rules 166a(c), 198.3. | Does undue prejudice depend on whether withdrawing a deemed admission will delay the trial or significantly hamper the opposing party's ability to prepare for it? | 028179.docx | LEGALEASE-00132988-LEGALEASE-00132989 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 2117 | In re Estate of Klaas, 8 S.W.3d 906 | 307A+517.1 | A trial court loses jurisdiction when a plaintiff voluntarily dismisses a case, without order of court and prior to introduction of evidence. The trial court may take no further action as to the dismissed action and any step attempted is a nullity. P.R. v. R.S., 950 S.W.2d 255, 256 (Mo.App.1997). See also Norris v. Johnson, 599 S.W.2d 90, 91 (Mo.App.1980). "Once a plaintiff voluntarily dismisses a claim prior to the introduction of evidence, "it is as if the suit were never brought." " Curators of University of Missouri v. St. Charles County, 985 S.W.2d 810, 814 (Mo.App.1998). | Trial court loses jurisdiction when a plaintiff voluntarily dismisses a case, without order of court and prior to introduction of evidence; trial court may take no further action as to the dismissed action and any step attempted is a nullity. | "Does a trial court lose jurisdiction when a plaintiff voluntarily dismisses a case, without an order of the court and prior to the introduction of evidence?" | Pretrial Procedure - Memo # 2582 - C - ES.docx | ROSS-003288099-ROSS-003288100 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 2118 | Escude ex rel. Escude v. King Cty. Pub. Hosp. Dist. No. 2, 117 Wash. App. 183 | 307A+517.1 | After the voluntary dismissal of an action under CR 41(a), a trial court retains jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision. Whether or not to award the expenses following a voluntary nonsuit is within the discretion of the trial court, in light of the facts and circumstances of the entire case. The same standard is used when reviewing sanctions imposed under CR 11 and RCW 4.84.185. | After the voluntary dismissal of an action, a trial court retains jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision. CR 41(a)(4). | "After the voluntary dismissal of an action, does a trial court retain jurisdiction to consider the defendant's motion for expenses if the motion is made pursuant to a statute or a contractual provision?" | 028573.docx | LEGALEASE-00132720-LEGALEASE-00132721 | Order, SA | 0.56 | 1 | 0 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2119 | Thar Industries v. Indiana Dept. of State Revenue, 64 N.E.3d 308 | 307A+486 | In instances like these, where a litigant's use of Trial Rule 36(B) contravenes the Rule's important purpose of more quickly and efficiently reaching a resolution based on the actual facts, the Court may withdraw the admissions when the presentation of the merits will be subserved and the party benefiting from them is not prejudiced. See, e.g., id. at 553-54. ... Thurman's Motions. Consistent with the Court's Order of August 26, 2016, the Department shall respond to Thurman's Motions to dismiss or withdraw its Notices for Summary Judgment on or before September 30, 2016. Thereafter, the Court will direct the parties regarding all further proceedings. | Where a litigant's use of rule governing deemed admissions contravenes the rule's important purpose of more quickly and efficiently reaching a resolution based on the actual facts, the Court may withdraw the admissions when the presentation of the merits will be subserved and the party benefiting from them is not prejudiced. Trial Procedure Rule 36(B). | Can a court withdraw the admissions when the presentation of the merits will be subserved and the party benefiting from them is not prejudiced? | Pretrial Procedure - Memo #2827 - C - SB.docx | ROSS-003101841 ROSS-003101842 | SA, Sub | 0.69 | 0 | 0 | | 1 | |
| 2120 | Harms v. Hughes, 329 P.2d 378 | 413+1 | Congress enjoys great latitude in promulgating a statutory scheme for compensation of workers who may suffer a broad range of injuries in terms of duration and severity. That one may receive greater compensation in some scheme for permanent disability than for temporary disability does not lead to the conclusion that the statutory scheme is irrational. Nor is one required to make the duration of an injury with its severity. Nor is it irrational for Congress to provide a specific schedule of compensation bear to the prescribed number for hearing permanent partial disabilities and yet provide compensation for an unlimited period of time for all other injuries leading to permanent partial disability ... Harm's compensation award, cut short by his death, would have been greater if he had suffered a partial disability than his disability had been enumerated in § 908(c). | Congress has great latitude in promulgating a statutory scheme for compensation of workers who may suffer broad range of injuries in terms of duration and severity. Longshoremen's and Harbor Workers' Compensation Act, § 8(c), 33 U.S.C.A. § 908(c). | Does Congress have great latitude in promulgating the statutory scheme for compensation of workers who may suffer a broad range of injuries in terms of duration and severity? | Pretrial Procedure - Memo #2827 - C - SB.docx | LEGALEASE-00131958 LEGALEASE-00131959 | SA, Sub | 0.74 | | | 1 | | |
| 2121 | Jertoft v. United States, 450 F.3d 1342 | 34+4 | As we have previously recognized, "[t]he rational guard is the successor to state militia of the nation's early years, and thus is a deeply embedded feature of our national defense system." Singleton v. Merit Sys. Prot. Bd., 244 F.3d 1331, 1334 (Fed.Cir.2001). The National Guard is a "hybrid" institution of the United States armed forces, in that it has both a federal and state functions. Id. During times of national emergencies, the President may mobilize the National Guard, putting it in federal duty status and making its members available for military duties normally assigned to the active armed forces and active forces reserves. During non-emergency times, the National Guard is organized and controlled by the states. In general: The state adjutant general answer to the governor of their respective state, who in turn, have the authority to call upon members of their respective National Guard to protect against threats ... | During times of national emergencies, the President may mobilize the National Guard, putting it in federal duty status and making its members available for military duties? | Pretrial Procedure - Memo #2883 - C - AP.docx | LEGALEASE-00131794 LEGALEASE-00131795 | Condensed, SA | 0.74 | | 1 | | | |
| 2122 | Tommy Gov. Dunlop, 340 ... S.W.3d 500 | 307A+486 | Under rule of civil procedure 198.3(a), a trial court may permit a party to withdraw or amend an admission if the party shows good cause for the withdrawal or amendment. Tex.R. Civ. P. 198.3(a). "Good cause is established by showing that the failure was an accident or mistake, not intentional or the result of conscious indifference." Wheeler v. Green, 157 S.W.3d 439, 442 (Tex.2005) (per curiam). A party must show (1) good cause for withdrawal or for an admission; the trial court may permit a party to withdraw an admission only if the court finds that the party relying on the deemed admissions will not be unduly prejudiced, and that presentation of the merits of the action will be served by permitting the withdrawal or amendment. | "Good cause" for withdrawal or amendment of a deemed admission is established by showing the failure involved was an accident or mistake, and not intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3(a). | Can the president mobilize the National Guard putting it in federal duty status and making its members available for military duties? | 008396.docx | LEGALEASE-00134438 LEGALEASE-00134439 | Condensed, SA, Sub | 0.66 | | 1 | 0 | 1 | |
| 2123 | Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | We consider whether a trial court abuses its discretion by allowing a party to withdraw and amend its original answers to a request for admission. We hold that a trial court does not abuse its discretion when the moving party shows (1) good cause; (2) that the party relying on the responses will not be unduly prejudiced, and (3) that the withdrawal will serve the presentation of the merits, the court finds that the party relying on the deemed admissions will not be unduly prejudiced, and that presentation of the merits of the action will be served by permitting the withdrawal or amendment of the request. | Trial court does not abuse its discretion by allowing a party to withdraw and amend its original answers to a request for admission if the party shows good cause, and if the trial court finds that the party relying on the responses will not be unduly prejudiced, and that the withdrawal and the merits of case. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause, and if the trial court finds that the party relying on the admission will not be unduly prejudiced? | 008693.docx | LEGALEASE-00134021 LEGALEASE-00134022 | Condensed, SA, Sub | 0.3 | | 0 | 1 | | |
| 2124 | Heilig, Tr. Corp. v. Sam Miller, 766 P.2d 683 | 307A+740.1 | Pretrial conferences and orders are tools for simplifying the issues with an eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether. See Padovani v. Bruchhausen, 293 F.2d 546, 548 (2d Cir.1961); Oil Spill by the Amoco Cadiz Off Coast of France on March 16, 1978, 954 F.2d 1279, 1306 (7th Cir.1992). Summary judgments, on the other hand, are proper means for disposing of lawsuits on the merits. See Celotex v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275 (1986). Here, after the court found the affidavit filed by appellee was sufficient to establish as a matter of law on the matter of state charges, See Exeter v. Palmer & Co., 196 Colo. 203, 206, 583 P.2d 58, 585 (1978). Summary judgment was proper, we hold that the power to modify the requirement of Rule 56 through the pretrial order entered pursuant to Rule 16, other inherently is with the consent of FTC. | Pretrial conferences and orders are tools for simplifying the issues with an eye toward ultimately resolving lawsuits on the merits, not methods for avoiding trials altogether? | Pretrial Procedure - Memo #2886 - C - AP.docx | ROSS-003317340 ROSS-003317341 | Condensed, SA | 0.78 | | 1 | | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2125 | Batchelor v State Farm Mut. Auto. Ins. Co., 240 Ga. App. 366 | 30To4481 | It is true that unlike an "evidentiary admission," which may be contradicted, facts admitted in requests for admission are "judicial admissions," which are conclusive unless withdrawal is permitted by the trial court. O.C.G.A. § 9-11-36(b)… | Unlike an evidentiary admission, which may be contradicted, facts admitted in requests for admission are "judicial admissions" which are conclusive unless withdrawal is permitted by the trial court. O.C.G.A. § 9-11-36(b). | Unlike an evidentiary admission, which may be contradicted, are facts admitted via requests for admission are "judicial admissions" which are conclusive unless withdrawal is permitted by the trial court? | Pretrial Procedure - Memo #3054 - C - TM.docx | ROSS-000256164-ROSS-000325670 | SA, Sub | 0.8 | | | | 1 | |
| 2126 | Delong v. Merrill, 233 Ariz. 163 | 30To4486 | Even when both prerequisites are met, however, Rule 36, Fed.R.Civ.P., "is permissive, not mandatory," in that the court may allow withdrawal or amendment of an admission, but is not required to do so… "Good cause" is established by a showing that the failure to respond to the requests for admission was an accident or mistake… | "Good cause" is established by a showing that the failure to respond to the requests for admission was an accident or mistake, not intentional or the result of conscious indifference; even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result from the withdrawal or amendment of the admission. 16 A.R.S. Rules Civ.Proc., Rule 36(c). | Will even a slight excuse suffice, to establish good cause justifying the withdrawal or amendment of an admission, especially when delay or prejudice to the opposing party will not result? | 029063.docx | LEGALEASE 00134379-LEGALEASE 00134380 | Condensed, SA, Sub | 0.65 | | 1 | | 1 | |
| 2127 | Wheeler v. Green, 157 S.W.3d 439 | 30To4486 | We recognize that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles… | While trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | While trial courts have broad discretion to permit or deny withdrawal of deemed admissions, can they do so arbitrarily, unreasonably, or without reference to guiding rules or principles? | Pretrial Procedure - Memo #1384 - C - SI.docx | ROSS-000252916174-ROSS-000325673 | SA, Sub | 0.78 | | | | 1 | |
| 2128 | Morton Salt Co. v. City of S. Hutchinson, 159 F.2d 897 | 171v2001 | The authorities sometimes draw a distinction between a general ad valorem tax levied for the general welfare of the whole community, and a tax in the form of an assessment to finance special improvements designed to benefit the property located within the particular taxing district… | Every burden which the state imposes upon its citizens with the view of revenue for support of its government or any of its political subdivisions is based under the power of taxation whether under the name of a tax or some other designation. | Is every burden that the state imposes upon its citizens with the view of revenue for support its government levied under the power of taxation? | 043067.docx | LEGALEASE 00134180-LEGALEASE 00134182 | Condensed, SA | 0.77 | | 0 | | 1 | |
| 2129 | Collett v. Cordovana, 290 Va. 139 | 38Sv10 | [T]o recover for trespass to land, a plaintiff must prove an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant. Any physical entry upon the surface of the land constitutes such an invasion, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise. | To recover for trespass to land, a plaintiff must prove an invasion that interfered with the right of exclusive possession of the land, and that was a direct result of some act committed by the defendant. Any physical entry upon the surface of the land constitutes such an invasion, whether the entry is a walking upon it, flooding it with water, casting objects upon it, or otherwise. | How can a plaintiff recover for trespass to land? | 047388.docx | LEGALEASE 00134787-LEGALEASE 00134788 | SA, Sub | 0.01 | | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,877 | 23,876 | 9,029 |
| 2130 | Golf Leisure Inv. Co. v. Connecticut Gen. Life Ins. Co., 3047.3d 476 | 25T+152 | Federal Arbitration Act (FAA) does not provide for any court intervention prior to issuance of arbitral award, even after court determines that some intervention prior to issuance of arbitral award is beyond the point at which a default has occurred, beyond determination of whether agreement to arbitrate exists and enforcement of that agreement by compelled arbitration of claims falling within scope of agreement. 9 U.S.C.A. § 1 et seq. | 9 U.S.C. § 4 (1999). The FAA does not provide therefore for any court intervention or determination as to whether an agreement to arbitrate exists and whether the court determines that the default has occurred, beyond determination of whether agreement to arbitrate exists and enforcement of that agreement by compelled arbitration of claims falling within the scope of the agreement even after the court determines some intervention beyond the ground toward returning the parties to arbitration, thus appearing not to authorize compulsion of claims to arbitration in the form of damages prior to issuance of an arbitral award. Cf. Moses H. Cone Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("The [FAA] provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration ..." Both of these sections call for an expeditious and summary hearing, with only restricted inquiry into factual issues. | Does Federal Arbitration Act (FAA) provide for any court intervention prior to issuance of arbitral award? | 00756d.docx | LEGALEASE 00135856-LEGALEASE 00135858 | SA, Sub | 0.68 | 0 | | 1 | 1 | 1 |
| 2131 | 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 | 25T+153 | The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive statutory right to be free from workplace age discrimination; it waives only the right to seek relief from a court in the first instance. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq. | The Court was correct in concluding that federal antidiscrimination rights may not be prospectively waived, see 29 U.S.C. § 626(f)(1)(C), are supra, at 1460, but the Court has no occasion to adjudicate those statutory claims here, because it is the prospective waiver of the right to seek relief from a court in the first instance that is at issue. The decision to resolve ADEA claims by way of arbitration instead of litigation does not waive the statutory right to be free from workplace age discrimination; it waives only the right to seek relief from a court in the first instance. See Gilmer, supra, at 26, 111 S.Ct. 1647 ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum"). Quoting Mitsubishi Motors Corp., 473 U.S., at 628, 105 S.Ct. 3346) This "Court has been quite specific in holding that arbitration agreement can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by Federal law." Circuit City Stores, Inc., 532 U.S., at 123, 121 S.Ct. 1302. The suggestion in Gardner-Denver that the decision to arbitrate statutory discrimination claims was tantamount to a substantive waiver of those rights, therefore, rests on a misconceived understanding of the compromise made when an employee agrees to compulsory arbitration. | Does the decision to resolve Age Discrimination in Employment Act claims by way of arbitration waive the statutory right? | 00757.docx | LEGALEASE 00135283-LEGALEASE 00135283 | SA, Sub | 0.78 | 0 | | 1 | 1 | |
| 2132 | Cardiff Equities v. Superior Court, 166 Cal. App. 4th 1541 | 307A+517.1 | A dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. West's Ann.Cal.C.C.P. § 581. | A dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations. (Eaton Hydraulics Inc. v. Continental Casualty Co. (2005) 132 Cal.App.4th 966, 979, 975, 34 Cal.Rptr.3d 91, fn. 1.) Although the statute of limitations, Cardiff had the right to file a new action eliminating all but one of the defendants named in the original action and containing some, but not all, of the claims previously set forth in Carlsbad I. And following its voluntary dismissal of Case No. 1, Cardiff could have filed a new action, which it promptly did so. (Eroal Corp. v. Superior Court (1975) 44 Cal.App.3d 89, 96, 121 Cal.Rptr. 734.) | Does a dismissal "without prejudice" necessarily mean without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations? | 018516.docx | LEGALEASE 00134960-LEGALEASE 00134961 | SA, Sub | 0.7 | 0 | | 0 | 1 | |
| 2133 | Hawk v. Briones, 57 Wash. App. 776 | 162+197 | While a voluntary dismissal generally divests a court of jurisdiction to decide a case on the merits, an award of attorney fees pursuant to a statutory provision or contractual agreement is collateral to the underlying proceeding. As a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. Cf.41(a)(d). | The Hawks fail to cite to the portion of that very opinion, where, in addressing the trial court's failure to award the defendant statutory attorneys' fees following the plaintiff's dismissal, we recognized that "[s]everal cases have awarded costs and attorney fees under other statutory provisions where those provisions survive a conclusion that the case should not otherwise, either with or without prejudice." We distinguished those cases in holding that the statutory provision at issue in Cork Insulation did not provide for attorneys' fees absent a judgment. While a voluntary dismissal under CR 41(a)(1) generally divests a court of jurisdiction to decide a case on the merits, an award of attorney's fees pursuant to a statutory provision or contractual agreement is collateral to the underlying proceeding. As a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees. Any other remand would permit a party to voluntarily dismiss an action to evade an award of fees under the express terms of a contractual agreement. Moreover, to hold otherwise would unnecessarily subject the court to award jurisdiction to recover fees readily awardable upon dismissal or the underlying claim. Consequently, the trial court here properly retained jurisdiction to award attorneys' fees under the terms of the lease agreement. | Does a trial court retain jurisdiction, following [periodic] voluntary dismissal of action to enforce terms of commercial lease? | 018514.docx | LEGALEASE 00135194-LEGALEASE 00135195 | Condensed, SA | 0.74 | 0 | | 0 | 1 | |
| 2134 | Beard Research v. Kates, 981 A.2d 1175 | 307A+331 | Whether a person has reason to anticipate litigation, and thus has a duty to preserve evidence that may be relevant, depends on whether the facts and circumstances lead to a conclusion that litigation is imminent or should otherwise be expected. | A party in litigation or who has reason to anticipate litigation has an affirmative duty to preserve evidence that might be relevant to the issues in the lawsuit. Whether a person has reason to anticipate litigation, and thus has a duty to preserve evidence that may be relevant, depends on whether the facts and circumstances lead to a conclusion that litigation is imminent or should otherwise be expected. A court may sanction a party who breaches this duty by destroying relevant evidence or by failing to prevent the destruction of such evidence. | Whether a person has reason to anticipate litigation, and thus has a duty to preserve evidence that may be relevant, depends on whether the facts and circumstances lead to a conclusion that litigation is imminent or should otherwise be expected? | Pretrial Procedure - Memo # 1309 - C - SPB.docx | ROSS-003297493-ROSS-003297494 | Condensed, SA, Sub D.5 | 0.5 | 0 | | 1 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2135 | Gendebien v. Gendebien, 668 S.W.2d 905 | 307A+716 | In civil cases in which the absence of counsel has been urged as grounds for a continuance, Texas courts have required a showing that the failure to be represented at trial was not due to the party's own fault or negligence. State v. Crank, 666 S.W.2d 91 (Tex.1984). The granting or denial of an application for continuance rests within the sound discretion of the trial judge. State v. Crank, Id; Willoughby v. Upshur Rural Electric Cooperative Corporation, 562 S.W.2d 33 (Tex.Civ.App."Tyler 1978, writ ref'd n.r.e.). The action of the trial court denying the motion will not be disturbed unless the record shows a clear abuse of discretion. Chambers v. Lee, 566 S.W.2d 69 (Tex.Civ.App."Texarkana 1978, no writ); Meyerland Company v. Palais Royal of Houston, Inc., 557 S.W.2d 534 (Tex.Civ.App."Houston [1st Dist.] 1977, no writ). We find no abuse of discretion. | Showing that failure to be represented at trial was not due to party's own fault or negligence is required in civil cases in which absence of counsel is urged as grounds for a continuance. | Is showing that failure to be represented at trial not due to party's own fault or negligence is required in civil cases in which absence of counsel is urged as grounds for a continuance? | 029540.docx | LEGALEASE-00135290-LEGALEASE-00135291 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 2136 | Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86 | 307A+483 | If the party to whom a request for admissions is directed does not properly respond within thirty days after service of the request, the subject of the requests "are deemed admitted and the trial court has no discretion to deem or refuse to deem the admissions admitted." Fibreboard v. Pool, 813 S.W.2d 658, 682 (Tex.App."Texarkana 1991, writ denied); see also Hall, Revisiting Standards of Review of Review in Civil Appeals, 24 ST.MARY'S L.J. 1045, 1072 (1993). | If party to whom request for admissions is directed does not properly respond within 30 days after service of request, subject of requests are deemed admitted and trial court has no discretion to deem or refuse to deem admissions admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 21a. | "If a party to whom a request for admissions is directed does not properly respond within 30 days after service of the request, are subject to requests deemed admitted and a trial court has no discretion to deem or refuse to deem admissions admitted?" | 029724.docx | LEGALEASE-00135653-LEGALEASE-00135654 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 2137 | Bezou v. Bezou, 2015-1879 (La. App. 1 Cir. 9/16/16), 203 So. 3d 488 | 307A+485 | Furthermore, the trial court is required to allow the introduction of "all admissible evidence" when an attorney fee is claimed. La. R.S. 13:3738; Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Ltd., 554 So.2d 1347, 1354 (La.App. 1 Cir.1989). The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. Matthews v. Matthews, 2015"499 (La.App. 5 Cir. 12/23/15), 184 So.3d 173, 180. | The trial court has wide discretion in determining whether to award attorney's fees based on a party's failure to admit the truth of any matter that is later proved to be genuine. La. Code Civ. Proc. Ann. art. 1472. | Does the court have wide discretion in determining whether to award party's attorney's fees for opposing party's failure to admit genuineness of document or truth of any matter? | Pretrial Procedure - Memo # 3833 - C - DA.docx | ROSS-003290929-ROSS-003290930 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 2138 | McElveen v. City of New Orleans, 888 So. 2d 878 | 307A+485 | Attorney's fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the reasonable expense incurring in proving the truth of the requested admission. Brodtmann, 803 So.2d 41 at 45. In determining whether the party failing to admit a fact had reasonable grounds to believe that it might prevail for purposes of determining whether to award attorney fees for that failure, the proper test is whether the party acted reasonably in believing that it might prevail. Id. at 46.. | In determining whether the party failing to admit a fact had reasonable grounds to believe that it might prevail for purposes of determining whether to award attorney fees for that failure, the proper test is whether the party acted reasonably in believing that it might prevail. LSA-C.C.P. art. 1472. | What is the proper test in determining whether the party failing to admit a fact during discovery had reasonable grounds to believe that it might prevail? | Pretrial Procedure - Memo # 3834 - C - DA.docx | LEGALEASE-00025690-LEGALEASE-00025691 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 2139 | Rainer v. Wal-Mart Associates, 119 So. 3d 398 | 307A+483 | Rule 36 governs requests for admissions. Its purpose is to narrow and define issues for trial by determining which facts are not in dispute. Haley v. Harbin, 933 So.2d 261, 262 (Miss.2005) (citing Joseph L. v. Conn. Dep't of Children & Families, 225 F.R.D. 400, 402 (D.Conn.2005); DeBlanc v. Stancil, 814 So.2d 796, 801"02 ( 26) (Miss.2002)). Rule 36(a) provides in pertinent part that a "matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter[.]" | While rule governing requests for admissions, which states that a matter is admitted unless, within 30 days after service the party to whom the request is directed serves upon the party requesting the admission a written answer or objection, provides a harsh penalty for the failure to comply, a trial court is still given great discretion when determining whether it will allow the untimely answers to requests for admissions. Rules Civ.Proc., Rule 36. | "Are requested admissions deemed admitted unless, within 30 days after service of request, a party to whom the request is directed serves a written answer or objection?" | 030108.docx | LEGALEASE-00135891-LEGALEASE-00135892 | Condensed, SA, Sub | 0.33 | 0 | 1 | 1 | 1 | 1 |
| 2140 | Tennessee Coal, Iron & R. Co. v. King, 26 Ala. App. 581 | 413+1115 | It will be observed that the liability of the employer runs primarily to the injured employee and while he lives the compensation is payable to him and so long as the compensation paid remains substantially that fixed by the statute, the employer and employee have a right to settle all matters relating to the payment, subject to the limitations and restrictions named in the statute. Up to that point dependents may not interfere. | Liability of employer runs primarily to injured employee and, while employee lives, such parties have right to settle all matters relating to payment, subject to limitations of statute which requires compensation to be paid substantially as fixed by statute. Code 1940, Tit. 26, S 278. | "Does an employers liability run primarily to the injured employee while alive, and do the employee and employer have the right to settle matters relating to payment under the workers compensation statute?" | 047983.docx | LEGALEASE-00134937-LEGALEASE-00134938 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | 1 |
| 2141 | Chandler v. Chandler, 536 S.W.2d 260 | 30+3239 | It is clear to us from the record that the wife's attorney had ample notice of the setting of the case as the rules so provide. The basis for a continuance because of absence of the attorney is a matter within the sound discretion of the trial court. The trial court's ruling will not be disturbed on appeal unless there has been a showing of an abuse of discretion. We hold that the trial court did not abuse its discretion for refusing to grant a continuance herein. Rule 253, T.R.C.P. | Basis for continuance because of absence of attorney is matter within sound discretion of trial court and trial court's ruling will not be disturbed on appeal unless there has been showing of abuse of discretion. | "Since the basis for continuance due to absence of the attorney is a matter within the sound discretion of trial court, will trial court's ruling be disturbed on appeal unless there has been showing of an abuse of discretion?" | Pretrial Procedure - Memo # 3293 - C - SU.docx | ROSS-003305131-ROSS-003305132 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 2142 | Waste Water v. Alpha Finishing & Developing Corp., 874 S.W.2d 940 | 307A+716 | Appellant relies on State v. Crank, 666 S.W.2d 91 (Tex.1984), cert. denied, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). In Crank, the Supreme Court held that where the absence of counsel has been urged as grounds for a continuance, the movant must demonstrate that the failure to be represented at trial was not due to his own fault or negligence. Id. at 94. A close reading of Crank, however, convinces us that it initially applied only to cases where counsel was discharged prior to trial. In fact, the Court expressly stated, "We first note that this is not a case where the party's counsel voluntarily withdrew, nor one where a party, because of an emergency, was left without legal representation." Id. at 94 (emphasis added). It is the movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending a suit, that determines whether good cause exists for granting a continuance. | It is movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending suit, that determines whether "good cause" exists for granting continuance. Vernon's Ann.Texas Rules Civ.Proc., Rule 253. | "Is it a movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending suit, that determines whether ""good cause"" exists for granting continuance?" | 029344.docx | LEGALEASE-00136169-LEGALEASE-00136170 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2143 | Lamb v. Groce, 95 N.C. App. 220 | 307A+716 | As for the trial court's refusal to grant a continuance, the general rule is that "an attorney's withdrawal on the eve of the trial of a civil case is not ipso facto grounds for a continuance." Shankle v. Shankle, 289 N.C. 473, 484, 223 S.E.2d 380, 387 (1976). Such a decision is instead within the trial court's discretion. Id. This rule presupposes that the attorney has given sufficient prior notice of his intent to withdraw. Williams and Michael, supra. If not, the trial court must either grant a reasonable continuance or deny the attorney's motion to withdraw. Id. In this case, sufficient notice of Correll's intent to withdraw was given; therefore, the trial court had discretion to grant or deny a motion for a continuance. We hold the trial court did not abuse its discretion in this case. Defendants' arguments are without merit. | If attorney has not given sufficient prior notice of his intent to withdraw, trial court must either grant a reasonable continuance or deny the attorney's motion to withdraw. | "If an attorney has not given sufficient prior notice of his intent to withdraw, must a trial court either grant a reasonable continuance or deny the attorney's motion to withdraw?" | 029408.docx | LEGALEASE-00136223-LEGALEASE-00136224 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,079 |
| 2164 | Montelbano Builders v. Rauchberger, 341 Ill. App. 3d 1075 | 30TH+483 | Although a party may constructively admit facts, even "ultimate" facts, by failing to respond to a request for admissions, a party does not constructively admit "legal conclusions" by a failure to respond to requests that contain those conclusions. Sherof Pac. 118 Ill.2d 226,234 Ill.Dec. 459, 730 N.E.2d at 78, 56, while whether a party paid another money is a fact that may be included in a request for admission and may be constructively admitted, assertions that a party "breached" a contract or "failed to perform" are legal conclusions that are not appropriately admitted by a request for admission. Sherof Pac. 184 Ill.2d at 247-62, 234 Ill.Dec. 459, 730 N.E.2d at 79'80. | Although a party may constructively admit facts, even "ultimate" facts, by failing to respond to a request for admissions, a party does not constructively admit legal conclusions by a failure to respond to requests that contain those conclusions. | Although a party may constructively admit facts, even ultimate facts, by failing to respond to a request for admission, does a party constructively admit legal conclusions by a failure to respond to requests that contain those conclusions? | 027778.docx | LEGALEASE 0019042-LEGALEASE 0019043 | | 0.65 | 0 | | | 1 | |
| 2165 | McEwen v. City of New Orleans, 888 So. 2d 878 | 30TH+485 | Attorney's fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the penalty for proving the truth of the requested admission. Such.C.C.P. art. 1472, at all, in determining whether the party failing to admit a fact had reasonable grounds to believe that it might exist for purpose of determining whether to award attorney fees for that failure, the proper test is whether the party acted reasonably in believing that it might prevail. Id. at 48. | Attorney's fees awarded for a party's failure to admit genuineness of documents or truth of any matter is the penalty for proving the truth of the requested admission. | "Is attorney fees awarded for a party's failure to admit genuineness of documents or truth of any matter, the reasonable expense incurring in proving the truth of the requested admission?" | Pretrial Procedure - Memo 8735 - C - KS.docx | LEGALEASE 00020380-LEGALEASE 00020381 | SA, Sub | 0.59 | | 0 | 1 | 1 | |
| 2166 | Herzog v. Reinhardt, 2 Ariz. App. 103 | 93+42 | Some argument is made that a finding of disobedience cannot be found since some degree of discretion is vested in the parent and because of the rule that he who comes with clean hands. It is true that in its discretion a court of equity may and frequently will in withholding any part of the court's orders, but this rule does not in any way prevent the court from enforcing its orders. And where the welfare of minor children is involved it is imperative that the courts have this power regardless of any action of the parties. | In this discretion, court of equity may withhold giving any part of contempt if he himself has violated any part of court's orders, but that does not in any way prevent court from enforcing its orders. | "In its discretion, may a court of equity withhold giving one party a remedy of contempt if he himself has violated any part of court's orders, but that does not in any way prevent court from enforcing its orders?" | 020280.docx | LEGALEASE 00130716-LEGALEASE 00130717 | Condensed, SA | 0.62 | 1 | | 1 | 1 | |
| 2167 | In re Marriage of Kurtz, 2007-0463 (La. App. 4 Cir. 10/15/08) | 30TH+431 | In Masek v. III. Cont. R.R. Co., 93-778 (La.12/6/94), 631 So.2d 402, 403, the Louisiana Supreme Court stated that the basic objectives of the discovery process are to allow the parties to obtain pertinent facts, to discover true facts and compel their disclosure, to assist in trial preparation, to narrow and clarify the issues, and to encourage settlement or abandonment of claims lacking merit. These objectives can be met by requiring the production and inspection of documents and tangible things to enlarge the scope of discovery and in the possession of an opposing party. Id. Since courts are to construe discovery statutes liberally and broadly, those provisions addressing the scope of discovery, any relevant unprivileged information, whether or not admissible at trial and whether documents or tangible things, is discoverable. LSA-C.C.P. art. 1420 et seq. | Since courts are to construe discovery statutes liberally and broadly, including those provisions addressing the scope of discovery, any relevant unprivileged information, whether or not admissible at trial and whether documents or tangible things, is discoverable. LSA-C.C.P. art. 1420 et seq. | "Since courts are to construe discovery statutes liberally and broadly, is any relevant unprivileged information discoverable?" | Pretrial Procedure - Memo 8394 - C - BP.docx | ROSS 002291727-ROSS-002937218 | SA, Sub | 0.66 | 1 | 0 | 1 | 1 | |
| 2168 | King v. Breen, 560 So. 2d 186 | 30TH+961 | Lust, the plaintiffs claim the trial court erred in granting the defendants' motion to strike their second amended complaint. The amendment, which was filed on March 24, 1989, sought to add a fourth count based on a dangerous instrumentality theory and a fifth count based on an attractive nuisance claim. The dangerous instrumentality theory is governed by Falkner v. Gulezba, supra, discussed above. The plaintiffs filed their pretrial stipulation on February 21, 1989, agreeing that the pleadings were complete, that discovery was complete and that trial was to take place on May 1, 1989, and that the case could be set for trial in June 1989. Amendments to pleadings are governed by Fla.R.Civ.P. 1.190. Under Rule 15, Hookery v. W.R. Gosebury Co., 293 Ala. 3, 321 So.2d 645, 644 (1975), allowed the amendment which allowed the trial court to control the subsequent course of litigation, the liberal allowance of amendments under Rule 15. However, liberal allowance of amendments is subject to Rule 15 itself. Under Rule 15, at 646. This provision allows judicial discretion in granting or refusing leave to amend. Thus, the trial court incorrectly granted the defendants' motion to strike the plaintiffs' second amended complaint. | Although pretrial orders are to control subsequent course of litigation, liberal allowance of amendments to pleading's takes precedence over amendments made under Rule 15.0m. | "Although pretrial orders are to control subsequent course of litigation, do liberal allowance of amendments to pleadings take precedence over strict adherence to rule governing pretrial orders?" | 020053.docx | LEGALEASE 00190579-LEGALEASE 00190580 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 2169 | Fawcett v. Altieri, 38 Misc. 3d 1022 | 30TH+361 | The Appellate Division, Second Department allows for broad discovery in the issue of damages where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident. In Adolfo v. Max 'Suchowlonski supra, the Appellate Division, Second Department compelled a plaintiff to disclose his medical records pertaining to his diabetes based on his broad claim of loss of life as a result of an accident, including the "... claimed loss of enjoyment of life due to his current injuries." However, at this stage in litigation it is unclear as to whether this information will yield "material and necessary" information, or whether it is merely a fishing expedition as the plaintiff suggests. | Broad discovery on the issue of damages is allowed where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident. McKinney's CPLR 3101(a). | Is broad discovery on the issue of damages allowed where a plaintiff states a general loss of the enjoyment of life due to injuries sustained as a result of an accident? | 031184.docx | LEGALEASE 00137024-LEGALEASE 00137025 | Condensed, SA | 0.73 | 0 | 1 | | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 2150 | United States v. Evans, 572 F.2d 455 | 63+1(1) | In evaluating the argument regarding intent, we focus specifically on Evans' mental state. For the giving and receiving of an unlawful gratuity are not each independent offenses, the above statement may differ from the donor's. See generally United States v. Anderson, topics, United States v. Miller, 340 F.2d 421 (4th Cir. 1965). The requisite intent necessary to sustain a conviction for bribery is that the official accept a thing of value "corruptly." However, under the unlawful gratuity subsection all that need be proven is the official accepted, because of his position, a thing of value, whatever thing is provided by law for the proper discharge of official duties. Thus, the unlawful gratuity subsection makes it criminal for public official to accept thing of value to which he is not lawfully entitled regardless of intent of donor or donee. 18 U.S.C.A. § 201(c), (g). | Requisite intent necessary to sustain conviction for bribery is that official accept a thing of value "corruptly"; however, under unlawful gratuity subsection all that need be proven is that official accepted thing of value, whatever thing is provided by law for proper discharge of official duties because of his position. | Under unlawful gratuity is all that need be proven that the official accepted a thing of value otherwise than as provided by law for the proper discharge of official duties because of his position? | Bribery - memo #500 - C -CS.docx | ROSS-002901416 ROSS-002902549 | Condensed, Order, SA | 0.54 | | | | 1 | 1 |
| 2151 | United States v. Kemp, 500 F.3d 257 | 63+1(1) | Moreover, we agree with the government that the District Court's instruction to the jury that it could convict upon finding a "stream of benefits" was legally correct. The key issue here is whether a gift contributes a bribe is whether the parties intended for the benefit to be in exchange for some official action, Moreover, we need not prove that each gift was provided with the intent to prompt a specific official act for some official action. The government need not prove that each gift was provided with the intent to prompt a specific official act. | Key to whether a gift constitutes a bribe is whether the parties intended for the benefit to be made in exchange for some official action; government need not prove that each gift was provided with the intent to prompt a specific official act. | Does the government need to prove that each gift was provided with the intent to prompt a specific official act to prove that a gift constitutes a bribe? | 01387.docx | LEGAL-KE-00137784 LEGAL-KE-00137785 | Condensed, SA | 0.86 | | 0 | | 1 | |
| 2152 | Widney v. Modern Ford Tractor Sales, 244 Ark. 696 | 307A+483 | We have held that upon a motion for summary judgment the burden is on the moving party to show that no material issue exists and United States v. Castle Credit Corp., topics. We have also held that for admissions may constitute written objection thereto and that a failure to answer the request may constitute an admission. | Motion to quash requests for admissions may constitute written objection thereto, and a failure to answer the requests in such case does not necessarily mean that the requests stand admitted. | "May a motion to quash requests for admissions constitute written objection thereto, and a failure to answer the requests in such a case does not necessarily mean that the requests stand admitted?" | 010494.docx | LEGALEASE-00137129 LEGALEASE-00137130 | Condensed, SA | 0.56 | | 0 | | 1 | |
| 2153 | Grossman v. Wagner, 161 Misc. 1 | 307A+91 | Immediately after serving the summons herein plaintiff moved for leave to examine both defendants in order to frame his complaint. This motion was denied, and the examination served the present complaint. Plaintiff again sought to examine both defendants and served separate notices upon each, specifying a number of matters concerning which he desires to examine. Each defendant independently moves to vacate the notice addressed to him. The contention made by both, that the complaint fails to state a cause of action sufficiently, is without merit. | Right to examination of defendant before trial is not usually denied unless complaint is so obviously bad that no cause of action may be spelled out from facts alleged and the reasonable inferences that may be drawn therefrom. | Right to examination of defendant before trial usually denied unless a defendant before trial is the right to examination of a complaint is so obviously bad that no cause of action may be spelled out? | Pretrial Procedure - Memo # 4477 - C - NC.docx | ROSS-003317014-ROSS-003317017 | SA, Sub | 0.83 | | | 1 | | 1 |

402

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2154 | Williams v. GK Mainante Med. Svc., 163 S.W.3d 244 | 307A+716 | The grantng or denial of a motion for continuance is within the trial court's sound discretion. Villages v. Carr, 711 S.W.2d 624, 626 (Tex.1986); State v. Crank, 666 S.W.2d 91, 94 (Tex.1984); Hernandez v. Heldenfels, 374 S.W.2d 196, 202 (Tex.1964). The trial court's action will not be disturbed unless the record discloses a clear abuse of discretion. When the ground for the motion is that the withdrawal of counsel, movants must show that the failure to be represented at trial was not due to their own fault or negligence. Villages, 711 S.W.2d at 626; Crank, 666 S.W.2d at 94. Generally, when movants fail to comply with Tex. R. Civ. P. 251's requirement that the motion for continuance be "supported by affidavit," we presume that the trial court did not abuse its discretion in denying the motion. Villages, 711 S.W.2d at 626; see Crank, 666 S.W.2d at 94; Stefanov v. Cleg, 393 S.W.2d 906 (Tex.Civ.App.–San Antonio 1965, no writ). Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. Villages, 711 S.W.2d at 626; Lowe v. City of Arlington, 453 S.W.2d 379, 382 (Tex.Civ.App.–Fort Worth 1970, writ ref'd n.r.e.); Robinson v. Risinger, 548 S.W.2d 762 (Tex.Civ.App.–Tyler 1977, writ ref'd n.r.e.). Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility. An attorney should not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving notice to his client, allowing time for | When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial? | 031915.docx | LEGALEASE-00137936 LEGALEASE-00137939 | Condensed, SA | 0.92 | 0 | | 1 | 1 | |
| 2155 | StreetGones v. ITC Entert. Grp., 301 Cal. App.4th 235 | 307A+16.1 | ITC next contends this punitive damages should not have been awarded because there was no admissible evidence of her worth. Adams v. Murakami (1991) 54 Cal.3d 105, 284 Cal.Rptr. 318, 813 P.2d 1348.) ITC argues that because Adams requires evidence of the defendant's financial condition, the punitive damages portion of the judgment should be set aside. However, ITC is in no position to complain. As recently stated by Division One of this court in Mike Davidson v. Davidson & Dombroski (1997) 57 Cal.App.4th 595, 67 Cal.Rptr.2d 897... a court may order a defendant to produce evidence of his or her financial condition following a determination of liability for punitive damages even if the plaintiff has not attempted to obtain that information prior to trial. Here, of course, respondents did attempt to obtain financial information. In fact, when ITC's failure to commence its deliberations, counsel for ITC informed the court that its clients had the most recent consolidated report and would present to the court immediately after the jury returned should anyone else be required. | A court may order a defendant to produce evidence of his or her financial condition following a determination of liability for punitive damages even if the plaintiff has not attempted to obtain that information prior to trial. | Can a court order a defendant to produce evidence of his or her financial condition following a determination of liability for punitive damages? | Pretrial Procedure - Memo_61035 - C - OI.docx | ROSS-003290858-ROSS-003290860 | Condensed, SA | 0.79 | | 0 | 1 | 1 | |
| 2156 | Indiana State Bd. of Pub. Welfare v. Tioga Pines Living Ctr., 592 N.E.2d 1274 | 307A+716 | Therefore, the primary motivating purpose behind the creation of the work product doctrine is to instill in an attorney a certain degree of privacy, free from the unnecessary intrusions of opposing parties and their counsel. State ex rel. Shelton v. Gulf Oil Corp. (Tempelman Cv.App., 1981), 769 F.2d 292, 296. Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not entitled to the qualified immunity provided by this rule. Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.I. 487, 501, Accord State v. Hogan (1995), Ind.App., 588 N.E.2d 560. Hem. pending. "[M]ateriais that were assembled in the ordinary course of business or for other nonlitigation purposes are not entitled to protection." As quoted in Hickman v. Taylor (1947) 329 U.S. 495, 511... merely by virtue of the fact that they are likely to be the subject of later litigation. See Hickman, 329 U.S. at 501; Cipers Cor/Nems, 473 N.E.2d at 1107- 39. Acts performed by a public employee in course of his official duties or for prepared in anticipation of litigation or for trial... (1983), 153 F.R.D. 336, 388. And, the event fact that a public official is also a lawyer does not render all of this official acts work product. Id. at 389. | Acts performed by a public employee in course of his official duties are not prepared in anticipation of litigation or for trial merely by virtue of the fact that they are likely to be the subject of later litigation. Trial Procedure Rule 26(B)(3). | Are acts performed by a public employee in the performance of his official duties considered prepared in anticipation of litigation or for trial merely by virtue of the fact that they are likely to be the subject of later litigation? | 031941.docx | LEGALEASE-0018043 LEGALEASE-0018044 | SA, Sub | 0.76 | | | 0 | 1 | |
| 2157 | Squires v. Lafferty, 95 W. Va. 307 | 260+1 | There being no question or contention as to ownership by the plaintiff, Milam's Fork Smokeless Coal Land Company, of the coal underlying the artier nate described, the only question presented is the right to use the "surface" of the land in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate. Proctor v. Mark Mead Accounting, 97 W. Va. 436, 64 S.E. 833, Squires v. Brown Iron Ore Mining Co., 55 N. Y. 508, 14 Am. Rep. 322; 27 Cyc. 688; Barringer & Adams on Mines, 510. | The owner of the mineral underlying land possesses, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate. | Does the owner of the mineral underlying land possesses, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate? | Mines and Minerals - Memo # 6 - C - EB.docx | ROSS-003291522-ROSS-003291624 | Condensed, SA | 0.62 | | | 0 | 1 | |
| 2158 | Zaragoza v. Elenriath, 331 Ill. App.3d 230 | 307A+123.1 | While Rule 212(b) restricts the Nov. 212(f)(3) requires the availability of a physician for trial, a party is still required to obtain leave of court to take an evidence deposition and support to motion with a certificate stating that the physical evidence of right to other material issues in the case. Therefore, Zaragoza violated Rule 212(f)(3) by failing to obtain leave of court to take evidence deposition and to support motion with affidavit stating that physician-expert were expected to testify to material issues in issue. Sup.Ct.Rules, 212(b), 212(f)(3). | Dog bite victim violated Supreme Court Rules regarding leave of court for taking evidence deposition, even though separate Rule allowed evidence deposition of physician or surgeon to be introduced as evidence at trial regardless of availability of deponent; without leave, party to call deponent as witness, given that victim was still required to obtain leave of court to take evidence deposition and to support motion with affidavit stating that physician-expert were expected to testify to material issues in issue. | In the purpose of the mineral underlying land possess, as incident to this taking evidence deposition, even though separate Rule allowed evidence deposition of physician or surgeon may be introduced as evidence at trial parts to call deponent as witness, given that victim was still required to obtain leave of court to take evidence deposition and to support motion with affidavit stating that physician-expert were expected to testify... were removed so that they are not available? | 030915.docx | LEGALEASE-0018913 LEGALEASE-0018933 | Condensed, SA, Sub | 0.01 | | | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2159 | Am. Seal-Kap Corp. v. Smith Lee Co., 154 Misc. 176 | 307A+93 | Trade secrets belonging to both plaintiffs and defendants are involved in this action. The plaintiffs claim that their have been wrongfully appropriated by the defendants, and they seek to enjoin their further use. The defendants deny the charge made by the plaintiffs. The purpose of both motions is of course to aid the parties in meeting the issue. Ordinarily, a defendant is entitled to full particulars of the plaintiff's claim, and a plaintiff is entitled to examine before trial, particularly in a case where many of the facts upon which the action is grounded are in the possession of the defendant. On the other hand, "secrets' constitute the very basis of this action. | Ordinarily, a defendant is entitled to full particulars of plaintiff's claim, and plaintiff is entitled to examine defendant before trial, particularly in case where many of facts upon which action is grounded are in possession of defendant. | "Is the defendant entitled to full particulars of plaintiffs claim and is plaintiff entitled to examine before trial, particularly where many facts upon which action is grounded are in defendants possession?" | Pretrial Procedure - Memo # 4527 - C - NC.docx | ROSS-003304201-ROSS-003304202 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 2160 | Bowes v. Nat'l City Bank of New York, 169 Misc. 78 | 307A+93 | It does not follow that plaintiff is entitled to examine the defendant before trial for the purpose of showing that the National City Company was a subsidiary of the National City Bank and acted in its interest in the transactions alleged. Plaintiff cannot succeed without establishing those facts, but in the absence of special circumstances an examination before trial will not be ordered where its purpose is to compel the defendant to disclose to the plaintiff whether or not there is a cause of action, and the party seeking the examination must show some reasonable ground for belief that the result of the examination will be to establish the matters which he seeks to prove which are material and necessary to the cause of action which has been alleged. Rules of Civil Practice, rule 122; Knight v. Morgenroth, 93 App.Div. 424, 87 N.Y.S. 693; Matter of Anthony & Co., 42 App.Div. 66, 58 N.Y.S. 907; Wood v. American Locomotive Co., 246 App.Div. 376, 378, 286 N.Y.S. 994. | In absence of special circumstances, an examination before trial will not be ordered where its purpose is to compel the defendant to disclose to the plaintiff whether or not there is a cause of action and the party seeking the examination must show some reasonable ground for belief that the result of the examination will be to establish the matters which he seeks to prove which are material and necessary to the cause of action alleged. Rules of Civil Practice, rule 122; Civil Practice Act, SS 288, 289, 296. | "Will a plaintiff be permitted, in the discretion of the court, to examine the defendant before trial?" | 031629.docx | LEGALEASE-00138450-LEGALEASE-00138451 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 2161 | Crow-Crimmins-Wolff & Munier v. Westchester Cty., 126 A.D.2d 696 | 307A+36.1 | Admissions of fact explicitly or implicitly made "without prejudice" during settlement negotiations are protected from discovery pursuant to the public policy of encouraging and facilitating settlement (see, White v. Old Dominion Steamship Co., 102 N.Y. 661, 662, 6 N.E. 289). Actions taken and observations made for the stated purpose of arriving at a settlement agreement, and expressly not for litigation, which actions would not have been accomplished except in a mutual attempt to reach a settlement, should likewise generally be protected by the same public policy of encouraging attempts at settlement. | Admissions of fact explicitly or implicitly made without prejudice during settlement negotiations are protected from discovery pursuant to public policy of encouraging and facilitating settlement. McKinney's CPLR 3101(b), 5701(c). | Are admissions of fact explicitly or implicitly made without prejudice during settlement negotiations protected from discovery pursuant to a public policy of encouraging and facilitating settlement? | Pretrial Procedure - Memo # 5059 - C - ES.docx | ROSS-003318757-ROSS-003318758 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 2162 | Osgood v. Sutherland, 36 Minn. 243 | 307A+74 | The effect of a failure to give notice of the return of a deposition is, not to render it inadmissible, but simply to leave the adverse party at liberty to make at the trial all objections to its introduction which he could have made upon a motion to suppress; following Tancre v. Pullman, 29 N. W. Rep. 171. | Under Gen.St.1878, c. 73, S 39 (M.S.A. S 597.13), concerning objections to depositions, the effect of a failure to give notice of the return of a deposition is, not to render it inadmissible, but simply to leave the adverse party at liberty to make at the trial all objections to its introduction which he could have made upon a motion to suppress. | "Concerning objections to depositions, is the effect of a failure to give notice of the return of a deposition not to render it inadmissible?" | Pretrial Procedure - Memo # 5381 - C - SKG.docx | ROSS-003302258 | Condensed, SA, Sub | 0.11 | 0 | 1 | 1 | 1 | 1 |
| 2163 | Citizens Cas. Co. of New York v. Hackett, 17 Utah 2d 304 | 307A+749.1 | The pretrial order controls the issues of the case where it is made without objection and no motion is made to change it, unless it is modified at the trial to prevent a manifest injustice. Defendant avers that such a motion was made at the beginning of the trial but the record does not support his contention. His counsel stated: "I would like to make a motion that the Court take judicial notice of the proceedings held in this case, the pretrial that was held in Judge Hansen's office and other matters." Continuing, counsel for defendant then asked the court to try this case with the two companion cases, which request the court subsequently denied. We think the court properly limited the trial to the misappropriation of funds which were allegedly paid to the defendant for insurance premiums. This construction of the pretrial order made it unnecessary for the trial court to rule on the question of the alleged invalidity of the plaintiff's certificate of authority to transact business in this state. | Pretrial order controls issues of case where it is made without objection and no motion is made to change it, unless modified at trial to prevent manifest injustice. Rules of Civil Procedure, rule 16. | "Does a pretrial order control issues of a case where it is made without objection and no motion is made to change it, unless modified at trial to prevent manifest injustice?" | Pretrial Procedure - Memo # 2476 - C - SJ.docx | ROSS-003289086-ROSS-003289087 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 2164 | People v. Munafo, 50 N.Y.2d 326 | 129+106 | Indeed, a requirement that the disruptive behavior proscribed by our disorderly conduct statute be of public rather than individual dimension was evolving even before subdivision 2 of section 722 of the former Penal Law was replaced by the present section 240.20 (People v. Szepansky, 25 Misc.2d 239, 203 N.Y.S. 306 (Gabrielli, J.); see, also, People v. Chesnick, 302 N.Y. 58, 60-61, 96 N.E.2d 87). The clear aim was to reserve the disorderly conduct statute for situations that carried beyond the concern of individual disputants to a point were they had become a potential or immediate public problem. In deciding whether an act carries public ramifications, courts are constrained to assess the nature and number of those attracted, taking into account the surrounding circumstances, including, of course, the time and the place of the episode under scrutiny (see People v. Phillips, 245 N.Y. 401, 402-403, 157 N.E. 508; People v. Canner, 88 Misc.2d 85, 388 N.Y.S.2d 812, affd. on opn. below 40 N.Y.2d 886, 389 N.Y.S.2d 361, 257 N.E.2d 1016). | In deciding whether an act carries public ramifications, courts are constrained to assess nature and number of those attracted, taking into account surrounding circumstances including time and place of episode under scrutiny. | "In deciding whether an act carries public ramifications with respect to disorderly conduct statute, should the courts consider surrounding circumstances like time and place of the act?" | 014441.docx | LEGALEASE-00140131-LEGALEASE-00140132 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2165 | State ex rel. Rosen v. Smith, 241 S.W.3d 431 | 307A+517.1 | In non-jury cases, a plaintiff may voluntarily dismiss his or her suit without a court order at any time prior to the introduction of evidence at trial. Rule 67.02(a)(2). Once a plaintiff does so, "it is as if the suit were never brought." Liberman v. Liberman, 844 S.W.2d 79, 80 (Mo.App. E.D.1992). The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity. Id. The court loses jurisdiction as of the date of dismissal. Id. at 81. This is so despite the fact the opposing party had motions pending at the time the dismissal was filed. See Atteberry v. Hannibal Regional Hosp., 875 S.W.2d 171, 173 (Mo.App. E.D.1994). | In non-jury cases, plaintiff may voluntarily dismiss his suit without a court order at any time prior to the introduction of evidence at trial, and, once plaintiff has done so, it is as if the suit were never brought. V.A.M.R. 67.02(a)(2). | Can a plaintiff voluntarily dismiss a suit without court order prior to the introduction of evidence in non-injury cases and is it as if the suit were never brought at trial? | Pretrial Procedure - Memo # 2409 - C - ES.docx | ROSS-003329562-ROSS-003329563 | Condensed, Order, SA | 0.65 | 1 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 21,876 | 9,029 |
| 2166 | Odstrcel v. Robertson Aerial-SG, CI Isack. App. 285 | 302k231 | Answers to interrogatories, as well as any other information disclosed in discovery are not a pleading or a defense, and would thus be an information may give rise to amendments to pleadings, it does not in and of itself constitute an amendment to the pleading or report new issues into the case. The appellant does not seriously contend otherwise. He relies primarily on ANCP Rule 15(b) which permits liberal amendment of pleadings without leave of court. ANCP Rule 15(a) and the Notes indicate that amendments to pleadings should be allowed in nearly all instances without objection by the court except where the amendment on opposing party. The court determines either that prejudice would result or that dilatory tactics have been utilized in those instances the court may strike such amended pleadings or grant a continuance of the proceedings. | Amendments to pleadings should be allowed in nearly all instances without objection by the court except where the amendment on opposing party. The court determines either that prejudice would result or that dilatory tactics have been utilized in those instances the court may strike such amended pleadings or grant a continuance of the proceedings. Rule Civ Proc., Rule 15(a). | Should amendments to pleadings be allowed in nearly all instances without special permission from the court? | Pretrial Procedure Memo #4165 - C - NE.docx | ROSS-003339669 ROSS-003339670 | Condensed, SA, 0.54 | 0.54 | 0 | | 1 | 1 | |
| 2167 | Hale v. Matthews, 118 Ind. 527 | 307Ak74 | Where it is discovered after the publication of a deposition that the seal of the officer before whom the same was taken is not attached to his certificate, the court may, although a motion to quash is made, order the deposition to be returned by the officer in order that the omission may be supplied. | Where it is discovered after the publication of a deposition that the seal of the officer before whom the same was taken is not attached to his certificate, the court may, although a motion to quash is made, order the deposition to be returned by the officer in order that the omission may be supplied. | Where it is discovered after the publication of a deposition may be supplied? | Pretrial Procedure Memo #3339 - C - KC.docx | ROSS-003289270 | Condensed, SA, Sub 0 | 0 | 0 | | 1 | | |
| 2168 | City of Paris v. City of Fillmore, 198 Cal. App. 4th 191 | 13A+2105 | The primary jurisdiction doctrine is closely related to the doctrine of exhaustion of administrative remedies, and serves to determine which of two concepts. (Farmers Ins. Exchange v. Superior Court (1992) 2 Cal.4th 377, 391; 6 Cal.Rptr.2d 487, 826 P.2d 730.) The primary jurisdiction doctrine requires a party to resort to an administrative agency for resolution even where the claim or cause of action is originally (Jonathan Neil, supra, 33 Cal.4th at p. 391, 16 Cal.Rptr.2d488, 94 P.3d 1055.) While the exhaustion doctrine applies where the claim or cause of action is originally cognizable within the exclusive jurisdiction of an administrative agency, the primary jurisdiction doctrine applies where the issue of action is subject to the exclusive competence of an administrative body. (Id. at pp. 391-392, 16 Cal.Rptr.2d488, 94 P.3d 1055; Farmers, supra, 2 Cal.4th at p. 391, 6 Cal.Rptr.2d 487, 826 P.2d 730.) Application of the primary jurisdiction doctrine results in a stay of the action pending the resolution of the issue within the expertise of the administrative body, rather than a dismissal. (Jonathan Neil, supra, at p. 936, 16 Cal.Rptr.2d 849, 94 P.3d 1055, South Coast Regional Com. v. Gordon, 18 Cal.App.3d 832, 838 1, 82 Cal.Rptr. 24 1.) | Application of the primary jurisdiction doctrine results in a stay of the action pending the resolution of the issue within the expertise of the administrative body, rather than a dismissal. | "Does application of the primary jurisdiction doctrine result in a stay of the action pending the resolution of the issue within the expertise of the administrative body, rather than a dismissal?" | Pretrial Procedure Memo #5373 - C - SPB.docx | ROSS-003204881 ROSS-003204882 | Condensed, 0.86 | 0.86 | 0 | | 1 | | |
| 2169 | Winter v. Chaudhant, Trustees, & Holpers Local Union No. 614, 73 N.E.2d 190 | 30Ak554 | The Brown doctrine that the Union and Employer have violated Indiana Code subsection 2-2-2.1(b-1) by compelling them to join does not lack subject matter jurisdiction. The trial court concluded that it lacked subject matter jurisdiction to rule on questions. But that federal law was preempted. In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider evidence outside the complaint and resolve the factual disputes necessary to determine the existence of the requisite jurisdictional facts. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider evidence outside the complaint and resolve the factual disputes necessary to determine the existence of the requisite jurisdictional facts. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, how do courts determine the existence of the requisite jurisdictional facts?" | 032872.docx | LEGALEASE-00140001 - LEGALEASE-00140002 | Condensed, SA, Sub 0.7 | 0.7 | 0 | | 1 | | |
| 2170 | Haddow v. Am. Zurich Ins. Co., 25 S.W.3d 189 | 30Ak1040(1) | A plaintiff is required to allege facts affirmatively demonstrating that the court's jurisdiction. Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 803 (Tex.2001). Courts, however, are not limited to the consideration of the facts, but may also consider evidence to prove the jurisdictional issue raised. Bland ISD, 34 S.W.3d at 555. Consequently, if a party has not exhausted its administrative remedies has thus pleaded that it has, the trial court would not be bound by this allegation but could still dismiss a claim for lack of jurisdiction. The appellate... if a party exhausts its administrative remedies but fails to properly or adequately plead that exhaustion, this is not enough to satisfy the court's jurisdiction and to the adequacy of the plaintiff's pleading. | If a party has not exhausted its administrative remedies but has pleaded that it has, the trial court would not be bound by this allegation but could still dismiss a claim for lack of jurisdiction. if a party exhausts its administrative remedies but fails to properly or adequately plead this, the challenge to the trial court's jurisdiction but to the adequacy of the plaintiff's pleading. | "If a party has not exhausted its administrative remedies but has pleaded that it has, the trial court would not be bound by this allegation but could still dismiss a claim for lack of jurisdiction?" | 015255.docx | LEGALEASE-00140074 - LEGALEASE-00140075 | Condensed, SA | 0.48 | 0 | | 1 | | |
| 2171 | United States v. Liarantti, 6373 2.n578 | 63+3 | The district court stressed the concern expressed by both Schwartz and Januelli that the project be "legal" and "legitimate". As the evidence clearly showed the project was very much about the scheme to use for immoral purposes, and Liarantti was concerned that the hotel was not to be used for prostitution. While the defendants' statements are relevant to their unwillingness to support the project if it were to be used for such illegal purposes, either Because they were interested in Philadelphia's welfare or because such use would become a matter of public knowledge they fail to negate the permissible inference that both men knew they were receiving improperly in return for their legitimate support and influence. As this court has previously held, it is neither material nor a defense to bribery that had there been no bribe, the public official might, on the available data, lawfully and properly have made the very recommendation that the bribe wanted him to make. "United States v. Liarantti, 2912 1.24 939, 194 (3d cir. 1980). judge tended the court... set forth the rationale for that holding to is a major concern of organized societal that the community have the benefit of objective evaluation and untrammeled judgment on the part of those who participate in the making of official decisions. Therefore, society deals sternly with bribery, which poisons that well of an exercised by a public official as the controlling factor in official decision-id. | It is either material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the bribe wanted him to make. | "Is it a defense against bribery that had there been no bribe, the public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted him to make?" | 013982.docx | LEGALEASE-00140838 - LEGALEASE-00140839 | Condensed, SA, 0.86 | 0.86 | 0 | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2172 | United States v. Purdy, 144 F.3d 241 | 63+1(1) | In short, kickbacks made at any point in the government procurement process for the purpose of improperly obtaining favorable treatment are prohibited by the Act, regardless of whether or not the offender knew of the government involvement. Cf. United States v. Feola, 420 U.S. 671, 684, 95 S.Ct. 1255, 1263, 43 L.Ed.2d 541 (1975) (defendant need not know that victim a federal officer to be guilty of assaulting a federal officer within 18 U.S.C. " 111). It follows from this conclusion that Purdy's claim that the evidence was insufficient to establish his intent to obtain government-related business is entirely irrelevant. | Kickbacks made at any point in government procurement process for purpose of improperly obtaining favorable treatment are prohibited by Anti-Kickback Act, regardless of whether or not offender knew of government involvement. Anti-Kickback Act of 1986, S 1 et seq., 41 U.S.C.A. S 51 et seq. | Is a kickback that's made during the government procurement process for the purpose of obtaining favorable treatment still prohibited by the Anti-Kickback Act if the offender did not know government involvement? | 012136.docx | LEGALEASE-00141935-LEGALEASE-00141936 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 2173 | State, for Use of Lay v. Clymer, 27 Tenn. App. 518 | 260+93 | The fact cannot be ignored that the statute imposed a positive duty upon Clymer to inspect the mine for the safety and protection of the plaintiffs who were working in the mines. If he failed or neglected to perform this duty, this was actionable negligence for which he would be liable to the plaintiffs if his failure to inspect the mine was the proximate cause of the explosion and their consequent injuries. | Statute imposed positive duty upon district mine inspector to inspect mine for safety and protection of workmen, and, if inspector failed to perform such duties, this was actionable negligence for which he would be liable to workmen injured in explosion if his failure to inspect mine was proximate cause of explosion and their consequent injuries. Code 1932, SS 5547-5549, 5551, 5567, 5569, 8621. | Is the failure to perform a statute imposed positive duty to inspect a mine considered as actionable negligence for which liability would be incurred? | Mines and Minerals - Memo #117 - C - CSS.docx | ROSS-003302332-ROSS-003302333 | Condensed, SA, Sub | 0.03 | 0 | 1 | 1 | 1 | 1 |
| 2174 | Szczeblewski v. Gossett, 342 Ill. App. 3d 344 | 307A+477.1 | To ensure that the laudable purpose of Rule 216 is accomplished, a party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. In this case that would include the defendant's attorney and insurance company investigators or representatives. We believe that this finding reflects the long-accepted practice of trial attorneys in the courts of Illinois. | A party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. Sup.Ct.Rules, Rule 216. | Should a party have a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control? | 030692.docx | LEGALEASE-00141318-LEGALEASE-00141319 | Order, SA | 0.57 | 1 | 0 | 0 | 1 | |
| 2175 | F. B. Walker & Sons v. Rose, 223 Miss. 494 | 307A+723.1 | The absence of a party is no cause for a continuance when the case is reached for trial, unless his presence be necessary for the proper presentation of the case, and this must be shown to the court, not by way of conclusion, but by evidence justifying such a conclusion. Coleman v. Bowman, 135 Miss. 137, 99 So. 465. Neither in the evidence nor otherwise was it shown that appellant would be a material witness in her own behalf.To justify a continuance upon that ground it was necessary that the application set forth with reasonable clearness the material facts appellant would testify to, if present. Ware v. State, 133 Miss. 837, 98 So. 229. | To justify continuance upon ground of absence of party, it is necessary that application set forth with reasonable clearness material facts such party would testify to if present. | "To justify continuance upon the ground of absence of a party, is it necessary that an application set forth with reasonable clearness material facts such a party would testify to if present?" | Pretrial Procedure - Memo # 4305 - C - ES.docx | ROSS-003287773-ROSS-003287774 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 2176 | Sawyer v. First City Fin. Corp., 124 Cal. App. 3d 390 | 307A+717.1 | At the hearing of the motion for continuance on February 6, counsel for the defendants did argue that the case should not be continued to permit consideration of a consolidation motion because consolidation would be improper by virtue of the different theories and causes of action in Sawyer II. However, no express argument was made about, nor consideration given, to the question of the res judicata effect of the prior trial of Sawyer I. In light of the long period of preparation for trial and the then once-continued trial date impending only nine days hence, the trial court presumably considered further continuance to be prejudicial to the rights of the defendants. A court is not required to grant a continuance of a trial when the pleadings have been completed, adequate time for discovery has been provided, the issues are joined, and one side is ready for trial, even though the moving party alleges newly discovered facts or newly found issues which suggest more discovery or an amendment to the pleadings. (See County of San Bernardino v. Doria Mining & Engineering Corp. (1977) 72 Cal.App.3d 776, 783, 140 Cal.Rptr. 383.). The reasonable interpretation to be derived from a review of the record in Sawyer I was that the court denied the motion for continuance because Sawyer I was ready for trial, had been delayed previously and should not be delayed further. Therefore, while we have determined that the motion for summary judgment should not have been granted on the ground of res judicata, we must agree with the trial court that the moving parties were not estopped by their prior conduct from making the motion. | A court is not required to grant a continuance of a trial when the pleadings have been completed, adequate time for discovery has been provided, the issues are joined, and one side is ready for trial, even though the moving party alleges newly discovered facts or newly found issues which suggest more discovery or amendment to the pleadings. | "When an amendment is made containing substantially new and material allegations, must the opposing party be given a continuance to meet new allegations and prepare for trial?" | Pretrial Procedure - Memo # 4656 - C - SK.docx | LEGALEASE-00031154-LEGALEASE-00031155 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 2177 | Pritchard v. Pritchard, 92 Conn. App. 327 | 13+6 | "Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties.... Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties.... [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow.... In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; internal quotation marks omitted.) New Image Contractors, LLC v. Village at Mariner's Point Ltd. Partnership, 86 Conn.App. 692, 698, 862 A.2d 832 (2004). | "Mootness" is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | "Is mootness a threshold issue that implicates subject-matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties?" | Pretrial Procedure - Memo # 5966 - C - SHB.docx | ROSS-003301613-ROSS-003301614 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2178 | Ex parte PT Sols. Holdings, 225 So. 3d 37 | 307A+554 | "[A]n attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper venue. Additionally, we note that a party may submit evidentiary matters to support a motion to dismiss that attacks venue. Williams v. Skysite Communications Corp., 781 So.2d 241 (Ala. Civ. App. 2000), quoting Crowe v. City of Athens, 733 So.2d 447, 449 (Ala. Civ. App. 1999)." | An attempt to seek enforcement of an outbound forum-selection clause is properly presented in a motion to dismiss without prejudice for contractually improper venue. Ala. R. Civ. P. 12(b)(3). | Is an attempt to seek enforcement of an outbound forum-selection clause properly presented in a motion to dismiss without prejudice for contractually improper venue? | Pretrial Procedure - Memo # 5984 - C - KA.docx | ROSS-003304831-ROSS-003304832 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 2179 | Brown Grp. Retail v. State, 155 P.3d 481 | 307A+554 | In Colorado, statutory governmental immunity bars most claims against a public entity that lie in tort or could lie in tort, regardless of the cause of action or the form of relief chosen by the claimant. Section 24"10"108. Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is properly addressed by the trial court as a C.R.C.P. 12(b)(1) motion to dismiss. Tidwell v. City & County of Denver, 83 P.3d 75 (Colo.2003). | Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is properly addressed by the trial court as a motion to dismiss. West's C.R.S.A. S 24-10-108; Rules Civ.Proc., Rule 12(b)(1). | "Whether governmental immunity bars a claim is a question of subject matter jurisdiction that, if raised before trial, is it properly addressed by the trial court as a motion to dismiss?" | Pretrial Procedure - Memo # 5988 - C - NS.docx | ROSS-003291368-ROSS-003291369 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2180 | Brown-McKee v. Fiatallis Const. Mach., 587 F. Supp. 38 | 25T+155 | In Tai Ping Ins. Co. v. M/V Warschau, 731 F.2d 1141 (5th Cir.1984), the Fifth Circuit Court of Appeals recently held that under the intertwining doctrine, where a party asserts several causes of action, of which at least one lies within the federal court's exclusive jurisdiction, the entire case must remain in federal court despite the presence of an arbitration agreement. Id., at 1146. This approach avoids "encroachment by the arbitrator into an area that Congress has deemed to be within the federal court's exclusive jurisdiction." Id. (citing Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953); Smoky Greenhaw Cotton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 720 F.2d 1446 (5th Cir.1983); Miley v. Oppenheimer & Co., 637 F.2d 318 (5th Cir.1981); and Sibley v. Tandy Corp., 543 F.2d 540 (5th Cir.1976), cert. denied, 434 U.S. 824, 98 S.Ct. 71, 54 L.Ed.2d 82 (1977)). | Under the intertwining doctrine, where a party asserts several causes of action, of which at least one lies within the federal court's exclusive jurisdiction, the entire case must remain in federal court despite an arbitration agreement. | Does the intertwining doctrine require the entire case to remain in federal court despite the presence of an arbitration agreement? | 007648.docx | LEGALEASE-00143370-LEGALEASE-00143371 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2181 | Ex parte PT Sols. Holdings, 225 So. 3d 37 | 307A+554 | "[A]n attempt to seek enforcement of the outbound forum-selection clause is properly presented in a motion to dismiss without prejudice, pursuant to Rule 12(b)(3), Ala. R. Civ. P., for contractually improper venue. Additionally, we note that a party may submit evidentiary matters to support a motion to dismiss that attacks venue. Williams v. Skysite Communications Corp., 781 So.2d 241 (Ala. Civ. App. 2000), quoting Crowe v. City of Athens, 733 So.2d 447, 449 (Ala. Civ. App. 1999)."Ex parte D.M. White Constr. Co., 806 So.2d 370, 372 (Ala. 2001). | An attempt to seek enforcement of an outbound forum-selection clause is properly presented in a motion to dismiss without prejudice for contractually improper venue. Ala. R. Civ. P. 12(b)(3). | "In a motion to dismiss without prejudice for contractually improper venue, can an attempt to seek enforcement of an outbound forum-selection clause properly presented?" | 032999.docx | LEGALEASE-00143023-LEGALEASE-00143024 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 2182 | Cmty. Hosp. v. Avant, 790 N.E.2d 585 | 30+3212 | In reviewing a T.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Russell v. Bowman, Heintz, Boscia & Vician, P.C., 744 N.E.2d 467, 470 (Ind.Ct.App.2001). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question with respect to a court's power to act. Id. The trial court has wide latitude to devise procedures to ferret out the facts relevant to jurisdiction and in weighing the evidence to resolve factual disputes affecting the jurisdictional question. Id. | In reviewing a motion to dismiss for lack of subject matter jurisdiction, the relevant question is whether the type of claim presented falls within the general scope of the authority conferred upon the court by constitution or statute. Trial Procedure Rule 12(B)(1). | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question with respect to a court's power to act? | 033001.docx | LEGALEASE-00143029-LEGALEASE-00143030 | Order, SA | 0.61 | 1 | 0 | 0 | 1 | |
| 2183 | Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+690 | In the instant case, Sherman seeks de novo review by asserting a question of construction regarding the following language from Rule 103(b): "If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice Ill. S.Ct. R. 103(b) (eff. July 4, 2007). To whatever extent this language needs construction, we conclude that it is plain and unambiguous. An action "shall" be dismissed "with prejudice" if the plaintiff fails "to exercise a defendant" after the statute of limitations expires. One cannot make this determination, however, without first addressing the question of reasonable diligence; and we review the circuit court's finding on reasonable diligence for abuse of discretion. | An action shall be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires. Sup.Ct.Rules, Rule 103(b). | Does Rule 103(b) requires a plaintiff to act with reasonable diligence in effecting service of process on a defendant and if the plaintiff fails to act with reasonable diligence after the statute of limitations expires shall the cause of action be dismissed with prejudice? | Pretrial Procedure - Memo # 6258 - C - DHA.docx | LEGALEASE-00032726-LEGALEASE-00032727 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2184 | Parmley v. Pringle, 976 So. 2d 422 | 307A+674 | Notwithstanding the extension of the statute of limitations, Parmley's initial complaint was correctly dismissed, although with the wrong classification. Failure to serve process within 120 days of the filing of a complaint, absent proof of "good cause," shall warrant dismissal upon the court's initiative or upon motion.1 M.R.C.P. 4(h); Heard v. Remy, 937 So.2d 939, 941 (8) (Miss.2006). However, Rule 4(h) dismissals should be made without prejudice, not with prejudice as the trial court did here. M.R.C.P. 4(h). Therefore, we find that the trial court's holding dismissing Parmley's January 31, 2005, complaint with prejudice was error. The January 31, 2005, complaint should have been dismissed without prejudice for failure to properly serve process within 120 days. | While failure to serve process within 120 days of filing of complaint, absent proof of good cause, warrants dismissal upon court's initiative or upon motion, such dismissal should be made without prejudice, not with prejudice. Rules Civ.Proc., Rule 4(h). | Should dismissal for failure to serve process within 120 days of filing of complaint have been without prejudice? | Pretrial Procedure - Memo # 6288 - C - PB.docx | ROSS-003288271-ROSS-003288272 | Condensed, Order, SA | 0.67 | 1 | 1 | 0 | 1 | 1 |
| 2185 | Abreu v. City of New York, 657 F. Supp. 2d 357 | 170A+1751 | Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve all defendants to an action within 120 days after the filing of the complaint. If a plaintiff fails to comply with this time limit but shows good cause for that failure, the Court is required to provide him with additional time for service. Id. Where no good cause is shown, the Court has the discretion to dismiss the complaint without prejudice or to order that service be made within a specified time. Id.; Zapata v. City of New York, 502 F.3d 192, 196"97 (2d Cir.2007) (holding that district courts have discretion to grant extensions of time to serve process even in the absence of good cause). "Ordinarily," a plaintiff faced with a dismissal motion pursuant to Rule 4(m) must "advance some colorable excuse for neglect" to avoid the dismissal of his claims. Zapata, 502 F.3d at 198; Bogle"Assegai v. Connecticut, 470 F.3d 498, 509 (2d Cir.2006). Where good cause is lacking, the Second Circuit will not disturb a district court's decision to dismiss "so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." Zapata, 502 F.3d at 197. | Where no good cause is shown for plaintiff's failure to serve all defendants to an action within 120 days after the filing of the complaint, the Court has the discretion to dismiss the complaint without prejudice or to order that service be made within a specified time. Fed.Rules Civ.Proc.Rule 4(m), 28 U.S.C.A. | Should dismissal for failure to serve process within 120 days of filing of complaint have been without prejudice? | 033777.docx | LEGALEASE-00142891-LEGALEASE-00142892 | Order, SA | 0.74 | 1 | 0 | 0 | 1 | |
| 2186 | Matthews v. Barrau, 150 A.D.3d 836 | 307A+560 | Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306"b). If service is not made within the time provided, the court, upon motion, must dismiss the action without prejudice, or, "upon good cause shown or in the interest of justice, extend the time for service" (id.)."An extension of time for service is a matter within the court's discretion" (Leader v. Maroney, Ponzini & Spencer, 97 N.Y.2d 95, 101, 736 N.Y.S.2d 291, 761 N.E.2d 1018). | If service of a summons and complaint is not made within the time provided, a court, upon motion, must dismiss the action without prejudice, or, upon good cause shown or in the interest of justice, extend the time for service. McKinney's CPLR 306-b. | "If service of a summons and complaint is not made within the time provided, must a court dismiss the action without prejudice?" | 033960.docx | LEGALEASE-00142842-LEGALEASE-00142843 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2187 | Stevens v. Watson, 16 Cal. App. 3d 629 | 371+2005 | The power of the State to select the subjects of taxation or to grant exemptions therefrom is very broad and a legislative determination in this field must be sustained if there is any conceivable state of facts which would support it..'2 It is inherent in the exercise of the power to tax that a state be free to select the subjects of taxation and to grant exemptions. Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation. (Citations.) This Court has repeatedly held that inequalities which result from a singling out of one particular class for taxation or exemption, infringe no constitutional limitation. (Citations.) | Power of state to select subjects of taxation or to grant exemptions therefrom is very broad and legislative determination in such field must be sustained if there is any conceivable state of facts which would support it. | Can the legislative determination in the power of the state to select subjects of taxation or to grant exemptions be sustained if there is any conceivable state of facts which would support it? | 045400.docx | LEGALEASE-00142700-LEGALEASE-00142701 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 2188 | Abernathy v. City of Albany, 269 Ga. 88 | 413+2 | The recoverability of workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. Compare OB"GYN Associates of Albany v. Littleton, supra. "The ordinary rules of law do not apply to actions arising under that statute, but the act itself constitutes a complete code of laws upon the subject." | Recoverability of workers' compensation benefits is strictly matter of statutory construction because there is no common law right to such benefits; Workers' Compensation Act constitutes complete code of laws upon the subject, and ordinary rules of law do not apply. O.C.G.A. S 34-9-1 et seq. | "Does the Workers Compensation Act constitute a complete code of laws, and is the recovery of workers compensation benefits strictly a matter of statutory construction?" | 048143.docx | LEGALEASE-00142106-LEGALEASE-00142107 | Condensed, SA, Sub | 0.2 | 0 | 1 | 1 | 1 | 1 |
| 2189 | Jones v. Blake, 120 A.D.3d 415 | 360+28(1) | Our review of this record is informed by two guiding principles. First, it is well settled that in a proceeding such as this, the burden of proof is on the petitioner to establish by clear and convincing evidence that the claimed residence is not bona fide or otherwise compliant with constitutional or statutory requirements (see Matter of Stavisky v. Koo, 54 A.D.3d 432, 433, 863 N.Y.S.2d 87 [2d Dept.2008] ). Second, generally when a reference has been made to a special referee to hear and report, if the referee's determination turns upon an assessment of the witnesses' credibility, the court should defer to the referee as the trier of fact (Matter of Am. Tr. Ins. Co. v. Wason, 50 A.D.3d 609, 856 N.Y.S.2d 606 [1st Dept.2008] ). In proceedings such as this, because the question of residence is a factual one, based on a variety of factors and circumstances, where there is conflicting evidence, "the resolution of the conflict lies within the province of the ... finder of fact, and should not be disturbed on appeal unless it is obvious that the ... conclusion could not be reached under any fair interpretation of the evidence" (Matter of Fernandez v. Monegro, 10 A.D.3d 429, 430, 780 N.Y.S.2d 741 [2d Dept.2004] [internal quotation marks omitted] ). | In proceedings seeking to establish that candidate did not satisfy the residency requirements for the public office of Member of the Assembly, because the question of residence is a factual one, based on a variety of factors and circumstances, where there is conflicting evidence, the resolution of the conflict lies within the province of the finder of fact, and should not be disturbed on appeal unless it is obvious that the conclusion could not be reached under any fair interpretation of the evidence. McKinney's Const. Art. 3, S 7; McKinney's Election Law S 1-104(22). | Is the question of residence based on a variety of factors and circumstances? | Domicile - Memo # 16 - C - SA.docx | ROSS-003300885-ROSS-003300886 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 2190 | Potter v. State Farm Mut. Auto. Ins. Co., 996 P.2d 781 | 217+2649 | In the context of automobile insurance exclusions, residence is determined on a case-by-case basis using factors such as intent and relative permanence. Midwest Mutual Insurance Co. v. Titus, supra. In general, residence denotes a place where a person dwells. It "simply requires bodily presence as an inhabitant in a given place." Carlson v. District Court, 116 Colo. 330, 338, 180 P.2d 525, 530 (1947). | In the context of automobile insurance exclusions, "residence" is determined on a case-by-case basis using factors such as intent and relative permanence; in general, residence denotes a place where a person dwells, and simply requires bodily presence as an inhabitant in a given place. | "Does ""residence"" simply require bodily presence as an inhabitant in a given place?" | 014492.docx | LEGALEASE-00144409-LEGALEASE-00144410 | Condensed, SA | 0.28 | 0 | 1 | 0 | 1 | |
| 2191 | Bauer v. Douglas Aquatics, 207 N.C. App. 65 | 307A+684 | Appellant correctly notes that when a defendant supplements its motion with affidavits or other supporting evidence, the unverified allegations of a plaintiff's complaint " "can no longer be taken as true or controlling [.]" " Id. at 163, 565 S.E.2d at 708 (quoting Bruggeman, 138 N.C.App. at 615"16, 532 S.E.2d at 218). In that case, a plaintiff cannot rest on the complaint's allegations, even if they meet the initial burden of proving jurisdiction, "but must respond "by affidavit or otherwise ... set[ting] forth specific facts showing that the court has jurisdiction." " Id. However, "[a] verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein." Eluhu v. Rosenhaus, 159 N.C.App. 355, 359, 583 S.E.2d 707, 711 (2003) (internal quotation marks and citations omitted). | When a defendant supplements its motion to dismiss for lack of personal jurisdiction with affidavits or other supporting evidence, the unverified allegations of a plaintiff's complaint can no longer be taken as true or controlling, and a plaintiff cannot rest on the complaint's allegations, even if they meet the initial burden of proving jurisdiction, but must respond by affidavit or otherwise setting forth specific facts showing that the court has jurisdiction; however, a verified complaint may be treated as an affidavit if it (1) is made on personal knowledge, (2) sets forth such facts as would be admissible in evidence, and (3) shows affirmatively that the affiant is competent to testify to the matters stated therein. | "When a defendant supplements its motion to dismiss for lack of personal jurisdiction with affidavits or other supporting evidence, can the unverified allegations of a plaintiff's complaint no longer be taken as true or controlling?" | 033060.docx | LEGALEASE-00143951-LEGALEASE-00143952 | Condensed, SA, Sub | 0.25 | 0 | 1 | 1 | 1 | 1 |
| 2192 | Newell v. TRW/Kelsey-Hayes Co., 145 Ohio App. 3d 198 | 307A+554 | A court may not dismiss a case for lack of subject-matter jurisdiction if the plaintiff has alleged any cause of action that the court has authority to decide.McHenry v. Indus. Comm. (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418-419.This determination is generally a question of law that an appellate court reviews independently of the trial court's decision. Ford v. Tandy Transp., Inc. (1993), 86 Ohio App.3d 364, 375, 620 N.E.2d 996, 1002-1003. | A court may not dismiss a case for lack of subject-matter jurisdiction if the plaintiff has alleged any cause of action that the court has authority to decide; this determination is generally a question of law that an appellate court reviews independently of the trial court's decision. | Can a court dismiss a case for lack of subject matter jurisdiction if the plaintiff has alleged a cause of action that the court has authority to decide? | 033110.docx | LEGALEASE-00144125-LEGALEASE-00144126 | Condensed, SA | 0.37 | 0 | 1 | 0 | 1 | |
| 2193 | Cooperwood v. Farmer, 315 F.R.D. 493 | 307A+560 | "The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." Silverberg v. Haji, 2015 IL App (1st) 141321, 393 Ill.Dec. 213, 33 N.E.3d 957, 967 (1st Dist.2015). "The public policy of Illinois favors determining controversies according to the substantive rights of the parties," therefore, "courts have held that Rule 103(b) is not to be used merely to clear a crowded docket." McCormack v. Leons, 261 Ill.App.3d 293, 199 Ill.Dec. 401, 634 N.E.2d 1, 2"3 (3rd Dist.1994). Nevertheless, "a plaintiff may not complain where the dismissal resulted from her own lack of diligence in effectuating service." Kole v. Brubaker, 325 Ill.App.3d 944, 259 Ill.Dec. 649, 759 N.E.2d 129, 134 (1st Dist.2001) (citations omitted); see also Christian v. Lincoln Auto. Co., 403 Ill.App.3d 1038, 343 Ill.Dec. 462, 934 N.E.2d 1065, 1069 (3rd Dist.2010) ("[I]t has been stated that a plaintiff may not complain where the dismissal resulted from his own lack of diligence, notwithstanding that controversies ordinarily should be resolved on their merits."). | The purpose of the Illinois rule of procedure allowing dismissal of action for lack of reasonable diligence in obtaining service on a defendant prior to the expiration of the applicable statute of limitations is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations. Ill. Sup. Ct. R. 103(b). | Is the purpose of the rule allowing dismissal of action for lack of reasonable diligence to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations? | 033578.docx | LEGALEASE-00143729-LEGALEASE-00143730 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 2194 | Cooperwood v. Farmer, 315 F.R.D. 493 | 307A+560 | Moreover, "[t]he standard used in resolving a Rule 103(b) motion is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service." Kole, 325 Ill.App.3d at 950, 259 Ill.Dec. 649, 759 N.E.2d 129. This is a "fact-intensive inquiry suited to balancing, not bright lines" that considers the totality of the circumstances. Silverberg, 33 N.E.3d at 967; see also Kimbrell, 651 F.3d at 754. | Under Illinois law, the standard used in resolving a motion to dismiss for lack of diligence in service of process is not based on the subjective intent of the plaintiff but, rather, an objective one of reasonable diligence in effectuating service; this is a fact-intensive inquiry suited to balancing, not bright lines that considers the totality of the circumstances. Ill. Sup. Ct. R. 103(b). | Is the trial courts determination of a plaintiffs lack of reasonable diligence in obtaining service on a defendant an objective one? | 033630.docx | LEGALEASE-00143905-LEGALEASE-00143908 | Condensed, SA, Sub | 0.13 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WSNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2195 | Vazquez v. New York City Hous. Auth., 15 A.D.3d 781 | 307A+746 | In order to vacate her default in appearing at a scheduled court conference, the plaintiff was required to demonstrate both a reasonable excuse for her failure to appear and a meritorious cause of action... | In order to vacate the default in appearing at a scheduled court conference, the plaintiff was required to demonstrate both a reasonable excuse for the failure to appear and a meritorious cause of action... | "In order to vacate the default in appearing at a scheduled court conference, a plaintiff required to demonstrate both a reasonable excuse for his failure to appear and a meritorious cause of action?" | 053871.docx | LEGALEASE-00143521-LEGALEASE-00143522 | Condensed, SA | 0.85 | | 1 | | 1 | |
| 2196 | Clark v. Medina Gen. Co., 110 Ohio Misc. 2d 13 | 307A+560 | When service of process on a defendant has not been effectuated within one year of the filing of a complaint, the proper remedy for a trial court is to dismiss the action as to any such defendant against whom the case has not commenced. Rules Civ. Proc., Rule 3(A), 12(B)(2, 5). | When service of process on a defendant has not been effectuated within one year of the filing of a complaint, the proper remedy for a trial court is to dismiss the action as to any such defendant against whom the case has not commenced. Rules Civ. Proc., Rule 3(A), 12(B)(2, 5). | "When service of process on a defendant has not been effectuated within one year of the filing of a complaint, is the proper remedy for a trial court to dismiss the action as to any such defendant?" | Pretrial Procedure - Memo # 6456 - C - 562.docx | ROSS-003288124-ROSS-003288125 | SA, Sub | 0.69 | | | 1 | | |
| 2197 | Gautreaux v. Mayo, 112 So. 3d 146 | 307A+563 | Because dismissal for fraud on court sounds death knell of lawsuit, courts must reserve such strong medicine for instances where a defrauding party's misconduct is correspondingly egregious. | Because dismissal for fraud on court sounds death knell of lawsuit, courts must reserve such strong medicine for instances where a defrauding party's misconduct is correspondingly egregious. | "Because dismissal for fraud on court sounds death knell of lawsuit, should courts reserve such strong medicine for instances where a defrauding party's misconduct is correspondingly egregious?" | Pretrial Procedure - Memo # 6584 - C - VP.docx | ROSS-003288378-ROSS-003288379 | Condensed, SA | 0.7 | | | 1 | | 1 |
| 2198 | Rowev v. la Mar-Mac Inc. Co. of Iowa, 282 N.W.2d 639 | 307A+563 | The trial court was well within its discretion in excluding this testimony. The trial court is governed by rules 37(b). See, A Civ. P. Rule 138 specifically authorizes the trial court to enter appropriate orders for the "subsequent course of the action. This includes the inherent power to enforce those orders by appropriate sanctions. Unlike the rule of discovery, there is no specific sanctions established by our pretrial rules. We nevertheless believe that such a power is inherent. Otherwise the trial is meaningless. Cf. Hausman v. Ford Motor Co., 257 N.W.2d 67, 1-13-14 (Iowa 1977) (quotation marks and citations omitted)... | Rule authorizing trial court to enter appropriate orders for the subsequent course of the action includes the inherent power to enforce those orders by appropriate sanctions. Rules of Civil Procedure, rule 138. | "Does the rule authorizing a trial court to enter appropriate orders for the subsequent course of the action include the inherent power to enforce those orders by appropriate sanctions?" | 042573.docx | LEGALEASE-00144779-LEGALEASE-00144780 | Condensed, SA, Sub | 0.68 | | 1 | | 1 | 1 |
| 2199 | State ex rel. Missouri Coal. for the Env'y v. Joint Comm. on Admin. Rules, 193 S.W.3d 485 | 307A+539 | A trial court properly dismisses a cause of action at most when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. T.C. Chilo v. City of Fenton, 152 S.W.2d 322, 325 (Mo. banc 2000) (quotation omitted). "When an event occurs which so alters the position of the parties that the court cannot grant the effective relief supersedes the action to which the litigants rely to define their rights, or provide a proper remedy, an actual controversy no longer exists and the case should be dismissed as moot." State ex rel. MO 11-102 (Mo. banc 2010)... | A trial court properly dismisses a cause of action at most when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. | "Can a court dismiss a cause of action as moot when the question presented for decision seeks a judgment upon some matter?" | 042371.docx | LEGALEASE-00144791-LEGALEASE-00144792 | Condensed, SA | 0.62 | | | 1 | | 1 |
| 2200 | Diaz v. Home Depot USA, 196 So. 3d 504 | 30+3259 | We review the trial court's order under an abuse of discretion standard, although I we do worth the understanding that this standard is "somewhat narrowed, as it must take into account the heightened standard of "clear and convincing evidence" upon which an order of dismissal for fraud on the court must be based." Suarez v. Benihana Nat. of Fla. Corp., 88 So.3d 349 (Fla. 3d DCA 2012) (citation omitted). | The District Court of Appeal reviews the trial court's order dismissing an action with prejudice for fraud on the court under an abuse of discretion standard, although it does so with the understanding that this standard is somewhat narrowed, as it must take into account the heightened standard of clear and convincing evidence upon which an order of dismissal for fraud on the court must be based. | "Is the standard of review narrowed to take into account that the dismissal must be established by clear and convincing evidence?" | 034426.docx | LEGALEASE-00143661-LEGALEASE-00143662 | SA, Sub | 0.06 | | | 1 | | |
| 2201 | Proff Firefighters Ass'n of Omaha, Local 385, AFL-CIO, v. City of Omaha, 284 Neb. 200 | 30+78(11) | We must determine whether the resolution of the industrial dispute between Local 385 and the City has rendered this appeal concerning the Commission's remedy moot. Mootness refers to events occurring after the filing of an action that eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation. A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. Unless an exception applies, a court must dismiss a moot case on appeal when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Unless an exception applies, a court must dismiss a moot case on appeal when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | "Should a court dismiss a moot case if the litigants no longer have a legally cognizable interest in the dispute's resolution?" | 034524.docx | LEGALEASE-00144029-LEGALEASE-00144030 | SA, Sub | 0.68 | | | 1 | | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 2202 | Ross v. Moore, 900 So. 2d 181 | 30j+159 | Trial court has the authority to dismiss actions based on fraud and collusion, as well as to strike sham pleadings, but this power should be exercised cautiously and sparingly upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing. | A trial court has the authority to dismiss actions based on fraud and collusion, as well as to strike sham pleadings. See Young v. Curgil, 358 So.2d 58 (Fla. 3d DCA 1978). However, this power should be exercised "cautiously and sparingly" and only upon the most blatant showing of fraud, pretense, collusion or other similar wrongdoing. … Kornblum v. Schneider, 609 So.2d 138 (Fla. 4th DCA 1992). | "Which trial courts have the inherent authority to dismiss actions based on fraud and collusion, as well as to in the then pleadings, but this power should be exercised cautiously and sparingly upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing?" | 03667.docx | LEGALEASE-00144315-LEGALEASE-00144316 | SA, Sub | 0.82 | | | 1 | 1 | |
| 2203 | Underwood v. Alabama State Bar, of Ala., 39 So. 3d 120 | 30j+552 | If a case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment because the case has become moot, and the court will decline to consider the merits and dismiss the case. | … The declaratory judgment statutes do not empower courts to decide moot questions abstract propositions, or to give advisory opinions, however convenient it might be to have the question decided for the government of future cases. "'Wallace v. Burleson, 361 So.2d 554, 555 (Ala.1978), (quoting State ex rel. Baxley v. Johnson, 293 Ala. 69, 300 So.2d 248, 251 (1974). See, also, Gradick v. McWhirter, 448 So.2d 331 (Ala.1984). … | "When there is no necessity for the judgment because the case has become moot, or if a judgment would not accomplish an end recognized as sufficient in law, will the court decline to consider the merits and dismiss the case?" | 03596.docx | LEGALEASE-00143949-LEGALEASE-00143950 | Condensed, SA, Sub | 0.78 | | 1 | 0 | | |
| 2204 | Scheidler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102 | 30j+563 | A trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame. | Although this court has recognized that dismissing a case with prejudice "is a drastic remedy which courts should employ only in extreme situations," see Townsend v. Fleming, 659 So.2d 1089, 1091 (Fla. 4th DCA 1995), a trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame. … | "Does a trial court have the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame?" | 03641.docx | LEGALEASE-00144631-LEGALEASE-00144632 | SA, Sub | 0.87 | | | 1 | 1 | |
| 2205 | Perez v. Astoria Gen. Hosp., 260 A.D.2d 457 | 30j+746 | To vacate dismissal of complaint due to plaintiff's default in appearing at a conference, the plaintiffs had to proffer evidence of a reasonable excuse for the default, and a meritorious cause of action. | To vacate the dismissal of the complaint insofar as asserted against the appellants due to their failure to appear at the preliminary conference, the plaintiffs had to proffer evidence of a reasonable excuse for their default and a meritorious cause of action (see Matteo v. Krol, Co., 213 A.D.2d 323, 624 N.Y.S.2d 43; Brown v. Ryder Truck Rental, 172 A.D.2d 477, 568 N.Y.S.2d 123). … | "To vacate the dismissal of complaint due to plaintiff's default in appearing at conference, the plaintiffs had to proffer evidence of a reasonable excuse for the default, and a meritorious cause of action for the default?" | 04886.C.docx | Pretrial Procedure Memo # 4886. C - SB.docx | ROSS-003319370-ROSS-003319377 | Condensed, SA, Sub | 0.4 | | 1 | | 1 | |
| 2206 | Simpson v. Sanchfinglow Const., 963 S.W.2d 889 | 413+2 | Workers' compensation law is entirely a creature of statute. Therefore, we are bound by the plain and ordinary construction of statutory construction requiring the court ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms. | "Workers' compensation law is entirely a creature of statute. Therefore, we are bound by the plain and ordinary construction ... interpreting the plain language of statutory construction." Missouri as Custodian of Second Injury Fund, 889 S.W.2d 152, 156 (Mo.App.1994). "In interpreting it, we must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms." … | "Is workers compensation entirely a creature of statute, and what must the court give effect to?" | 04203.docx | LEGALEASE-00144277-LEGALEASE-00144278 | Condensed, SA, Sub | 0.47 | | 1 | 1 | | |
| 2207 | Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691 | 25T+178 | Federal Arbitration Act requires district courts to compel arbitration even where the result would be possibly inefficient maintenance of separate proceedings in different forums. | … it is true that there may be some duplication from the parallel proceedings is not prejudicial to the Fishers. The Arbitration Act requires district courts to compel arbitration even where the result would be possibly inefficient maintenance of separate proceedings in different forums. 9 U.S.C.A. § 1 et seq. … | "Does the Federal Arbitration Act (FAA) require courts to compel arbitration even where the result would be the possibly inefficient maintenance of separate proceedings in different forums?" | Alternative Dispute Resolution - Memo 722 - 003288.docx | ROSS-003288280-ROSS-003288281 | Condensed, SA, Sub | 0.62 | | | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 2208 | Lane v. Bank of Commerce & Tr. Co., 149 Tenn. 126 | 307k+726 | The execution of the will was not a party to this compromise, and did not undertake to sign it where the trial court... refused to grant a second continuance on account of the absence of the witness Gavic; and, when the court declined to grant contestant another continuance or postponement on account of the absence of this witness, he or his counsel could not prevent a trial of the cause by withdrawing from the courtroom and refusing to introduce any testimony... | Where the court refuses to grant a second continuance on account of absence of a witness, and prevent a trial of the cause by counsel, could prevent a trial of the case by withdrawing from the courtroom and refusing to introduce any testimony? | Will the court refuse to grant a second continuance on account of absence of a witness, where the party moving therefor... withdrawing from the courtroom and refusing to introduce any testimony? | Pretrial Procedure - Memo #3855 - C - Nt.docx | ROSS.0003873-ROSS-0031874 | SA, Sub | 0.86 | | | | 1 | |
| 2209 | Schulte v. Johnson, 337 S.W.3d 767 | 307k+479 | Two methods are available to challenge a court's subject matter jurisdiction. Id. (citation omitted). The most common method is a "facial" challenge, which "makes war on the complaint itself." Id. A facial challenge "asserts that the complaint, considered from top to bottom, fails to allege facts that show that the court... | Two methods are available to challenge a court's subject matter jurisdiction: (1) common method is a "facial" challenge, considered from top to bottom, fails to allege facts that show that the court has power to hear one case; and (2) second method of attack is "factual" challenge, which differs in that it denies that court actually has subject matter jurisdiction no matter what the complaint alleges... | What are the methods available to challenge subject matter jurisdiction? | 03179.docx | LEGALEASE-00145381-LEGALEASE-00145382 | SA, Sub | 0.37 | | | 1 | 1 | |
| 2220 | In re Bledsoe, 41 S.W.3d 807 | 307k+746 | However, the sanctions imposed pursuant to the court's inherent power must be just and appropriate. Williams v. Williams, 895 S.W.2d 479, 481 (Tex. 1995 court). A trial court abuses its discretion if the sanctions imposed are not just. Transamerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.1991) (orig. proceeding)... | For a court imposed sanction to have a direct relationship with the offensive conduct, the sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party; this prong is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. | For a court imposed sanction to have a direct relationship with the offensive conduct, the sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party? | Pretrial Procedure - Memo #3996-ROSS-0031697 - KU.docx | ROSS.0031936-ROSS-0031697 | SA, Sub | 0.72 | | | 1 | 1 | |
| 2211 | Buckner v. Lower Florida Keys Hosp. Dist., 403 So. 2d 1025 | 307k+563 | Although the desirable end of pleading is to create an issue and thus the dispose of a cause of action on the merits, when the privilege to amend has been abused in violation of orders of court, ultimate sanction of dismissal is sometimes appropriate. Preadie's Mercy Hospital, Inc., 394 So.2d 441 (Fla.3d DCA 1981)... | Although desirable end of pleading is to create issue and thus dispose of cause of action on merits, when the privilege to amend has been abused in violation of orders of court, ultimate sanction of dismissal is sometimes appropriate. | When the privilege to amend has been abused in violation of orders of court, is the ultimate sanction of dismissal appropriate? | 03484.docx | LEGALEASE-00146228-LEGALEASE-00146229 | Condensed, SA | 0.68 | | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2212 | Sheen v. The Time Inc. Magazine Co., 817 So. 2d 974 | 307A+590.1 | In Del Duca v. Anthony, the Florida Supreme Court approved the Second District Court of Appeal's decision in Anthony v. Schmitt, which sets forth a two-step test for trial courts to apply when considering a dismissal for failure to prosecute, where there has been some discovery activity during the year preceding the filing of a motion to dismiss under rule 1.420(e). Anthony, 557 So.2d at 658-59, approved by, Del Duca, 587 So.2d at 1308-09. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Id. The issue in Del Duca involved only the first step, specifically, whether the discovery activity that had been filed in the record was not "a mere passive effort to keep the suit on the docket." 587 So.2d at 1309 (quoting Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972)). The test that emerged from Anthony allows a trial court to dismiss an action if the only activity within the year is discovery taken in bad faith and "without any design "to move the case forward toward a conclusion on the merits."" Del Duca, 587 So.2d at 1309 (quoting Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987).). | Trial court may dismiss an action for failure to prosecute if the only activity within the year is discovery taken in bad faith and without any design to move the case forward toward conclusion on the merits. West's F.S.A. RCP Rule 1.420(e). | Can a trial court dismiss an action for failure to prosecute if the only activity within the year is discovery taken in bad faith? | 035257.docx | LEGALEASE-00145979-LEGALEASE-00145980 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 2213 | Johnson v. Elayyan, 2002 WL 959518 | 307A+563 | Independent of its express authority under Rule 165a, the trial court has inherent power under the common law to dismiss a case when the plaintiff fails to prosecute the case with due diligence. Villarreal, 994 S.W.2d at 630. The conclusion that disobeyance of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex.1990). A trial court's action in dismissing a lawsuit will not be reversed on appeal unless the trial court clearly abused its discretion. Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976). The trial court is entitled to consider the entire history of the case in exercising its discretion as to dismissal. State v. Rotello, 671 S.W.2d 507, 509 (Tex.1984). | The conclusion that disobeyance of its order was willful or consciously indifferent is sufficient basis for the trial court to impose the ultimate sanction of dismissing the case or striking pleadings and rendering judgment by default. | "Is the conclusion that disobeyance of its order was willful or consciously indifferent, a sufficient basis for a trial court to dismiss the case?" | 035295.docx | LEGALEASE-00145563-LEGALEASE-00145564 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2214 | Will v. Frontier Contractors, 121 Wash. App. 119 | 307A+563 | Dismissal is an appropriate remedy where the record indicates that "(1) the party's refusal to obey [a court] order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed." See also Rivers, 145 Wash.2d at 686, 41 P.3d 1175 (citing Burnet v. Spokane Ambulance, 131 Wash.2d 484, 494, 933 P.2d 1036 (1997)). But Washington courts do not resort to dismissal lightly. Rivers, 145 Wash.2d at 686, 41 P.3d 1175 (quoting Woodhead v. Disc. Waterbeds, Inc., 78 Wash.App. 125, 129"130, 896 P.2d 66 (1995)). | Dismissal is an appropriate remedy where the record indicates that (1) the party's refusal to obey a court order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed; however, courts do not resort to dismissal lightly. CR 41(b). | When is a dismissal an appropriate remedy when indicated on the record? | Pretrial Procedure - Memo # 7314 - C - SB.docx | ROSS-003290026-ROSS-003290027 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |
| 2215 | Fletcher v. Univ. Hosps. of Cleveland, 172 Ohio App. 3d 153 | 307A+563 | Therefore, we hold that the proper remedy for failure to attach the required affidavit(s) is for the defendant to request a more definite statement. If the plaintiff fails to comply with an order to provide a more definite statement, "the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice pursuant to Civ. R. 41(B)(1)." Point Rental, 52 Ohio App.2d at 186, 6 O.O.3d 171, 368 N.E.2d 1267. | If the plaintiff fails to comply with an order to provide a more definite statement, the court may strike the pleading to which the motion was directed, or make any other orders as it deems just, which would include involuntary dismissal with prejudice. Rules Civ.Proc., Rule 12(E). | "If the plaintiff fails to comply with an order to provide a more definite statement, can the court strike the pleading to which the motion was directed?" | 035451.docx | LEGALEASE-00145290-LEGALEASE-00145291 | Condensed, SA, Sub | 0.44 | 0 | 1 | 1 | 1 | 1 |
| 2216 | Davis v. Byrd Meml. Hosp., 628 So. 2d 1284 | 30+3324 | The law is well settled that, under LSA-C.C.P. art. 193 and art. 1551, the trial judge is vested with much discretion in selecting appropriate sanctions for failure to comply with pretrial and discovery orders, and its choice will not be reversed absent a clear showing that it abused that discretion. Dismissal with prejudice is a severe penalty; thus it should only be imposed in extreme circumstances where the plaintiff is clearly aware that his noncompliance will result in dismissal of his action. However, where a party fails to follow a court's pretrial order, the burden is on that party to show why he failed to so comply. Allwein v. Horn, 558 So.2d 810 (La.App. 5th Cir.1990), and cases cited therein. Also, Magri v. Westinghouse Electric, Inc., 590 So.2d 830 (La.App. 4th Cir.1991). | Trial judge is vested with much discretion in selecting appropriate sanctions for failure to comply with pretrial and discovery orders, and its choice will not be reversed absent clear showing that it abused that discretion. LSA-C.C.P. arts. 193, 1551. | "As with discovery sanctions, is a trial court vested with much discretion in selecting appropriate sanctions for violation of a statute outlining pretrial procedure?" | Pretrial Procedure - Memo # 7413 - C - CK.docx | ROSS-003290065-ROSS-003290066 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 2217 | Neuhard v. United States, 83 F. Supp. 911 | 34+57 | There is no evidence from which the jury might find that the plaintiff was in any way dependent upon the insured, and Congress, in providing for the National Service Life Insurance, intended to provide a method for assisting by the proceeds of insurance policies those dependent to some extent upon those in active service, as defined by Section 801(c) of the Act of 1940. The action was properly dismissed. | National Service Life Insurance Act was intended to provide a method for assisting by proceeds of such policies those dependent to some extent upon those in active service. National Service Live Insurance Act of 1940, S 601(c), 38 U.S.C.A. S 801(c). | Does the National Service Life Insurance Act intend to provide a method for assisting those dependent to some extent upon those in active service by the proceeds of such policies? | Armed Services - Memo 294 - JK_57602.docx | ROSS-003294631-ROSS-003294632 | Order, SA, Sub | 0.39 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2218 | United States v. Terry, 707 F.3d 607 | 63+1(1) | Yet these adjectives do not add a new element to these criminal statutes but signal that the statutory requirement must be met"that the payments were made in connection with an agreement, which is to say "in return for" official actions under it. So long as a public official agrees that payments will influence an official act, that suffices. What is needed is an agreement, full stop, which can be formal or informal, written or oral. As most bribery agreements will be oral and informal, the question is one of inferences taken from what the participants say, mean and do, all matters that juries are fully equipped to assess. "[M]otives and consequences, not formalities," are the keys for determining whether a public official entered an agreement to accept a bribe, and the trier of fact is "quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor." Evans v. United States, 504 U.S. 255, 274, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992) (Kennedy, J., concurring in part and concurring in the judgment); see also McCormick, 500 U.S. at 270, 111 S.Ct. 1807 ("It goes without saying that matters of intent are for the jury to consider."); Ring, 706 F.3d at 468 (noting that intent "distinguishes criminal corruption from commonplace political and business activities"); United States v. Wright, 665 F.3d 560, 569 (3d Cir.2012) ("We rely on the good sense of jurors ... to distinguish intent from knowledge or recklessness where the direct evidence [of a quid pro quo] is necessarily scanty."). | As most bribery agreements will be oral and informal, the question of whether alleged bribery of a public official involves the requisite payments in connection with an agreement is one of inferences taken from what the participants say, mean, and do, all matters that juries are fully equipped to assess. 18 U.S.C.A. S 201(b)(2). | "Is the question a one of inferences taken from what the participants say, mean and do of all matters that juries are fully equipped to assess as most bribery agreements will be oral and informal?" | Bribery - Memo #928 - C-JL_57922.docx | ROSS-003279264-ROSS-003279266 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 2219 | Johnson v. Skarvan, 27 So. 3d 178 | 307A+534 | Dismissal with prejudice is an extreme sanction that should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result. Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993); but see Levine v. Del Am. Props., Inc., 642 So.2d 32 (Fla. 5th DCA 1994) (affirming an order of dismissal that detailed with particularity the disruptive and contumacious behavior of the litigant as the reason for the sanction of dismissal and finding that the factors set forth in Kozel do not apply where the disruptive behavior is caused by the litigant and not the litigant's lawyer). While a trial court undoubtedly has discretion after due consideration of the Kozel factors to dismiss a complaint for noncompliance with a court order, the dismissal order must contain explicit findings of willful noncompliance. See Scallan v. Marriott Int'l, Inc., 995 So.2d 1066 (Fla. 5th DCA 2008); see also Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990). While the trial court may well have been justified in dismissing the present case with prejudice, the lack of the requisite finding of willful noncompliance in the order and the failure to consider the Kozel factors requires reversal. Id.; see also Hanna v. Indus. Labor Serv., Inc., 636 So.2d 773 (Fla. 1st DCA 1994). We, therefore, reverse and remand for further consideration consistent with this opinion. | While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, the dismissal order must contain explicit findings of willful noncompliance. | "While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, should the dismissal order contain explicit findings of willful noncompliance?" | 10903.docx | LEGALEASE-00094581-LEGALEASE-00094582 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 2220 | Citizens Nat. Bank of Greater St. Louis v. Boatmen's Nat. Bank of St. Louis, 934 S.W.2d 6 | 307A+563 | In addition, the trial court could consider the Liebermans' fugitive status and history of obfuscation of the legal process. Where the facts establish willful, contumacious disregard for the authority of the court, applying sanctions such as striking the pleadings, dismissing counterclaims, or entering judgment by default is within the trial court's discretion. Sonderman v. Maret, 694 S.W.2d 864, 866 (Mo.App.1985); Russo v. Webb, 674 S.W.2d 695, 697 (Mo.App.1984). | When facts establish willful, contumacious disregard for court's authority, applying sanctions such as striking pleadings, dismissing counterclaims, or entering judgment by default is within trial court's discretion. | "Is applying sanctions such as striking pleadings, dismissing counterclaims, or entering judgment by default within a trial court's discretion?" | Pretrial Procedure - Memo # 7486 - C - DA_57525.docx | ROSS-003308519 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 2221 | Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956 | 307A+561.1 | "In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Alva v. Gaines, Gruner, Ponzini & Novick, LLP, 121 A.D.3d 724, 724, 995 N.Y.S.2d 78 [internal quotation marks omitted]; see Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). "A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only if "documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law"" (Indymac Venture, LLC v. Nagessar, 121 A.D.3d 945, 945, 995 N.Y.S.2d 145, quoting Whitebox Concentrated Convertible Arbitrage Partners, L.P. v. Superior Well Servs., Inc., 20 N.Y.3d 59, 63, 956 N.Y.S.2d 439, 980 N.E.2d 487). | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a cause of action be granted if documentary evidence refutes plaintiff's factual allegations? | 10166.docx | LEGALEASE-00095509-LEGALEASE-00095510 | Order, SA, Sub | 0.72 | 1 | 0 | 1 | 1 | 1 |
| 2222 | Tech. Chemicals & Prod. v. Home Diagnostics, Inc, 793 So. 2d 1010 | 307A+590.1 | "Record activity" is an "act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment." Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987). Activity of record of any party is sufficient to toll the one-year time period when it is an affirmative act directed toward the disposition of the cause. See Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972); Nektaredes v. Sagonias, 432 So.2d 769, 770 (Fla. 2d DCA 1983). | Activity of record of any party is sufficient to toll the one-year time period governing dismissals for failure to prosecute when it is an affirmative act directed toward the disposition of the cause. Rules Civ.Proc., Rule 1.420(e). | Is an activity of record of any party sufficient to toll the one-year time period governing dismissals for failure to prosecute when it is an affirmative act directed toward the disposition of the cause? | 11188.docx | LEGALEASE-00094378-LEGALEASE-00094379 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2223 | Chicago Title Ins. v. Aurora Loan Servs., 2013 IL App (1st) 123510 | 307A+683 | Plaintiff argues that the circuit court erred in granting defendant's motion and dismissing the complaint with prejudice pursuant to section 2"619 of the Code. A section 2"619 motion for involuntary dismissal admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter which avoids the legal effect or defeats a plaintiff's claim. 735 ILCS 5/2"619(a)(9) (West 2010); Mauvais"Jarvis v. Wong, 2013 IL App (1st) 120070, 64, 370 Ill.Dec. 98, 987 N.E.2d 864. The purpose of a section 2"619 motion to dismiss is to "provide litigants with a method of disposing of issues of law and easily proved issues of fact"relating to the affirmative matter"early in the litigation." (Emphasis omitted.) Reynolds v. Jimmy John's Enterprises LLC, 2013 IL App (4th) 120139, 30, 370 Ill.Dec. 628, 988 N.E.2d 984. Affirmative matter is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." In re Estate of Schlenker, 209 Ill.2d 456, 461, 283 Ill.Dec. 707, 808 N.E.2d 995 (2004); Illinois Graphics Co. v. Nickum, 159 Ill.2d, 469, 486, 203 Ill.Dec. 463, 639 N.E.2d 1282 (1994). When a defendant has initially satisfied the burden of presenting an affirmative matter, the burden then shifts to plaintiff "to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven." (Internal quotation marks omitted.) Schroeder v. RGIS, Inc., 2013 IL App (1st) 122483, 24, 372 Ill.Dec. 667, 992 N.E.2d 509 (quoting Reilly v. Wyeth, 377 Ill.App.3d 20, 36, 315 Ill.Dec. 428, 876 N.E.2d 740 (2007)). | When a defendant seeking involuntary dismissal of a complaint on the basis that the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim has initially satisfied the burden of presenting an affirmative matter, the burden then shifts to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(9). | When will the burden shift to plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven? | Pretrial Procedure - Memo # 7760 - C - SJ.docx | ROSS-003300124-ROSS-003300126 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 2224 | Hascall v. Williams, 2013 IL App (4th) 121131 | 307A+561.1 | A motion for involuntary dismissal under section 2"619(a)(9) of the Code admits the legal sufficiency of the complaint, admits all well-pleaded facts and all reasonable inferences therefrom, and asserts an affirmative matter outside the complaint bars or defeats the cause of action. Kean v. Wal"Mart Stores, Inc., 235 Ill.2d 351, 361, 336 Ill.Dec. 1, 919 N.E.2d 926, 931"32 (2009); Smith v. Waukegan Park District, 231 Ill.2d 111, 120, 324 Ill.Dec. 446, 896 N.E.2d 232, 238 (2008); Snyder v. Heidelberger, 2011 IL 111052, 8, 352 Ill.Dec. 176, 953 N.E.2d 415. | Motion for involuntary dismissal on ground that claim is barred by other affirmative matter avoiding the legal effect of or defeating claim admits the legal sufficiency of the complaint, and admits all well-pleaded facts and all reasonable inferences therefrom, but asserts that an affirmative matter outside the complaint bars or defeats the cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | "Will a motion for involuntary dismissal admit the legal sufficiency of the complaint, all well-pleaded facts and all reasonable inferences therefrom?" | 11257.docx | LEGALEASE-00094487-LEGALEASE-00094488 | SA, Sub | 0.3 | 0 | 0 | 1 | 1 | |
| 2225 | Eisler v. United States, 170 F.2d 273 | 24+117 | Although he is an alien, appellant stood before the Committee in much the same position as does any citizen of the United States. Once an alien lawfully enters and resides in this country he becomes invested with the rights, except those incidental to citizenship, guaranteed by the Constitution to all people within our borders. See Mr. Justice Murphy, concurring, Bridges v. Wixon, 1945, 326 U.S. 135, 161, 65 S.Ct. 1443, 89 L.Ed. 2103. Correlatively, an alien resident owes a temporary allegiance to the Government of the United States, and he assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens; he is bound to obey all the laws of the country, not immediately relating to citizenship, and is equally amenable with citizens for any infraction of those laws. Carlisle v. United States, 1872, 16 Wall. 147, 21 L.Ed. 426; Leonhard v. Eley, 10 Cir., 1945, 151 F.2d 409, and cases cited therein. The alien resident may be required to make contribution to the support of our Government; in Leonhard v. Eley, supra, and in United States v. Lamothe, 2 Cir., 1945, 152 F.2d 340, it was held that an alien may lawfully be inducted for national defense service in time of war. To continue exemplification of the general lack of discrimination against aliens, it has been held that an alien enemy under criminal prosecution in a United States civil court must be afforded the usual constitutional safeguards. Shinyu Noro v. United States, 5 Cir., 1945, 148 F.2d 696. | Resident alien owes temporary allegiance to government of United States and assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens and is bound to obey all laws of the United States, not immediately relating to citizenship, and is equally amenable with citizens for any infractions of those laws. | Does an alien domiciled or residing in the United States owe a temporary allegiance to the country? | 007023.docx | LEGALEASE-00148760-LEGALEASE-00148761 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2226 | Chatham Shipping Co. v. Fertex S. S. Corp., 352 F.2d 291 | 25T+182(2) | Fertex's points on appeal are wholly devoid of merit. The cases are altogether clear that the mere filing of an action for damages on a contract does not preclude a subsequent change of mind in favor of arbitration therein provided, see Richard Nathan Corp. v. Dacon-Zadeh, 101 F.Supp. 428, 430 (S.D.N.Y.1951); Farr & Co. v. Cia. Intercontinental de Navegacion, 243 F.2d 342, 348 (2 Cir. 1957); the earliest point at which such preclusion may be found is when the other party files an answer on the merits. The Belize, 25 F.Supp. 663, 664 (S.D.N.Y.1938); Cavac Compania Anomina Venezolana de Administracion y Comercio v. Board for Validation, 189 F.Supp. 205, 209 (S.D.N.Y.1960). Judge Metzner was quite warranted in rejecting as untimely Fertex's belated claim concerning the substitution of a vessel owned by Chatham. It was baseless in any event. Even if the bare words "owners' option substitute" are not enough to overcome the general principle that a voyage charter must be performed by the shipowner identified in the charter party, see Fratelli Sorrentino v. Buerger, (1915) 3 K.B. 367; Scrutton, Charter-parties and Bills of Lading, at 3, n. 2 (17th ed. 1964), a point we find it unnecessary to decide, Fertex waived any right to object to the substitution by accepting performance by the General Tsakalotos, see Denton v. Brocksmith, 299 F. 559 (5 Cir. 1924); 3 Williston, Contracts " 418, at 102 (3d ed. 1960). And if we accept Fertex's contention that a novation did not occur, the substitution and acceptance of Chatham's vessel amounted at least to an assignment of Warwick's rights to performance by Fertex. Chatham was thereby entitled to enforce the arbitration provision in the charter, since it is established that, absent contrary expression, assignment of a contract carries with it a right to arbitration therein provided. See Fisser v. International Bank, 282 F.2d 231, 233-234, n. 6 (2 Cir. 1960); Application of Reconstruction Finance | Mere filing of action for damages on contract does not preclude subsequent change of mind in favor of arbitration therein provided, and earliest point at which such preclusion may be found is when other party files answer on merits. | Can mere filing of an action for damages on a contract preclude a subsequent change of mind in favor of arbitration? | Alternative Dispute Resolution - Memo 779 - RK_58112.docx | ROSS-003279246-ROSS-003279247 | Condensed, SA, Sub | 0.91 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2227 | Aetna Life Ins. Co. v. Wells, 557 S.W.2d 144 | 156+3(1) | Since the pre-hearing conference is limited by statute to an attempt, without the taking of testimony, to adjust and settle the claim amicably, it is clear that such conference is not a "judicial proceeding." The doctrine of judicial estoppel is applicable only when "a party to a suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made in the case then being tried." Turcotte v. Trevino, 499 S.W.2d 705, 717 (Tex.Civ.App. Corpus Christi 1973, writ ref'd n. r. e.). | Doctrine of judicial estoppel is applicable only when party to suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made in the case then being tried. | "Does judicial estoppel apply when a party to a suit alleges or admits in his pleadings in a former judicial proceeding, under oath, the contrary of the assertion sought to be made?" | 017753.docx | LEGALEASE-00149055-LEGALEASE-00149056 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 2228 | XXXX v. 363 Prospect Place, 153 A.D.3d 588 | 307A+684 | Contrary to the defendants' contention, the Supreme Court properly denied that branch of their cross motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint. "A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" " (Attias v. Costiera, 120 A.D.3d 1281, 1282, 993 N.Y.S.2d 59, quoting Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190). Here, the proffered documentary evidence does not conclusively dispose of the plaintiff's causes of action for a judgment declaring that it has an implied easement by preexisting use, an easement by necessity, and an easement by prescription. | A motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Can a motion to dismiss a complaint be granted based on documentary evidence where the evidence refutes plaintiff's factual allegations? | 035762.docx | LEGALEASE-00148075-LEGALEASE-00148076 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 2229 | Knoche v. Cox, 282 Md. 447 | 413+2084 | This Court, long past and to the present day, has uniformly said that, aside from the exceptions created by the Act itself, the operation of the law is exclusive of all other remedy and liability, as to both the employer and employee who come within the purview of the Act, with respect to all injury arising out of and in the course of the employment. Victory Sparkler Co. v. Francks, 147 Md. 368, 375, 128 A. 635 (1925) and cases cited therein. | Aside from the exceptions created by the Workmen's Compensation Act itself, the operation of the law is exclusive of all other remedy and liability, as to both the employer and employee who come within the purview of the Act, with respect to all injury arising out of and in the course of the employment. Code 1957, art. 101, SS 1 et seq., 15. | "Besides the exceptions created by the act itself, does the Workmens Compensation Act provide the exclusive remedy and liability, with respect to all injuries arising out of and in the course of the employment, as to both employers and employees ?" | 048342.docx | LEGALEASE-00148697-LEGALEASE-00148698 | SA, Sub | 0.23 | 0 | 0 | 1 | 1 | |
| 2230 | Wise v. Shinseki, 26 Vet. App. 517 | 34+101.1 | This "unique" standard of proof is lower than any other in contemporary American jurisprudence and reflects "the high esteem in which our nation holds those who have served in the Armed Services." Gilbert, 1 Vet.App. at 54; see Henderson v. Shinseki, """ U.S. """", 131 S.Ct. 1197, 1205"06, 179 L.Ed.2d 159 (2011) (noting that "[t]he contrast between ordinary civil litigation ... and the system that Congress created for the adjudication of veterans' benefits claims could hardly be more dramatic"). By requiring only an "approximate balance of positive and negative evidence" to prove any issue material to a claim for veterans benefits, 38 U.S.C. " 5107(b), the nation, "in recognition of our debt to our veterans," has "taken upon itself the risk of error" in awarding such benefits. Id. (citing Santosky v. Kramer, 455 U.S. 745, 755, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) ("[I]n any given proceeding, the minimum standard of proof tolerated by the due process requirement reflects not only the weight of the private and public interests affected, but also a societal judgment about how the risk of error should be distributed between the litigants.")). Thus, "[b]y tradition and by statute, the benefit of the doubt belongs to the veteran." Gilbert, 1 Vet.App. at 54. | By requiring only an approximate balance of positive and negative evidence to prove any issue material to a claim for veterans benefits, the nation, in recognition of its debt to veterans, has taken upon itself the risk of error in awarding such benefits. 38 U.S.C.A. S 5107(b). | Is an approximate balance of positive and negative evidence necessary to prove any issue material to a claim for veterans benefits? | 008818.docx | LEGALEASE-00149792-LEGALEASE-00149793 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 2231 | Dolphin Holdings, Ltd. v. Gander & White Shipping, 122 A.D.3d 901 | 307A+622 | "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v. Leader, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153), and, if it does so, "the criterion then becomes "whether the proponent of the pleading has a cause of action, not whether he has stated one" " (id. at 1181"1182, 904 N.Y.S.2d 153, quoting Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (Bokhour v. GTI Retail Holdings, Inc., 94 A.D.3d 682, 683, 941 N.Y.S.2d 675 [internal quotation marks omitted] ). | On a motion to dismiss for failure to state a cause of action, the court is permitted to consider evidentiary material submitted by the defendant in support of the motion, and if it does so, the criterion then becomes whether the plaintiff has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | Is the court permitted to consider evidentiary material submitted by the defendant in support of the motion on a motion to dismiss for failure pursuant to CPLR 3211(a)(7)? | 036382.docx | LEGALEASE-00149253-LEGALEASE-00149254 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 2232 | Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 192 | 307A+581 | The presence of an aggravating factor may serve to "bolster" or strengthen the case for a dismissal, but is not a requirement. Am. Tel. & Tel., 720 So.2d at 181. The aggravating factors include: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. Cox, 976 So.2d at 876 (citing Am. Tel. & Tel., 720 So.2d at 181). We do not find any aggravating factors in this case. | Aggravating factors bolstering a motion to dismiss for want of prosecution include: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | "Does aggravating factors bolstering a motion to dismiss for want of prosecution, include the degree of actual prejudice to the defendant?" | 036451.docx | LEGALEASE-00149095-LEGALEASE-00149096 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 2233 | Henderson v. Blalock, 465 S.W.3d 318 | 307A+581 | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. Gantt, 2011 WL 1849085, at WL 1379987, at No single factor is dispositve. Jimenez v. Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex.App."Houston [14th Dist.] 1999, no pet.). The central issue is whether the plaintiff exercised due diligence in prosecuting the case, and we review the entire record to determine whether the trial its discretion. Gantt, 2011 WL 1849085, at WL 1379987, at "When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned." Gantt, 2011 WL 1849085, at (quoting See Bilnoski v. Pizza Inn, Inc., 858 S.W.2d 55, 57 (Tex.App."Houston [14th Dist.] 1993, no writ)). "If the plaintiff does not provide a sufficient explanation for delay, the presumption of abandonment is conclusive and the court shall dismiss." Gantt, 2011 WL 1849085, at cf. Jimenez, 999 S.W.2d at 129 ("In a dismissal for want of prosecution, the test is not abandonment; the test is due diligence."). | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. | "Will a court consider the extent of activity in the case, in determining whether to dismiss an action for want of prosecution?" | Pretrial Procedure - Memo # 8041 - C - DHA_58396.docx | ROSS-003308447-ROSS-003308448 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2234 | Osagie v. Peakload Temp. Services, 91 S.W.3d 326 | 307A+581 | Although the trial court did not specifically cite the rule, we deem its dismissal of Mr. Osagie's wage claim to be a dismissal for failure to prosecute under rule 41.02 of the Rules of Civil Procedure. This rule is necessary to enable the court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Like the decision to grant or deny a continuance, a trial court's decision to dismiss a case for failure to prosecute is within its sound discretion, and will not be reversed unless there is abuse of that discretion. Manufacturers Consolidation Service, Inc. v. Rodell, 42 S.W.3d 846 (Tenn.Ct.App.2000); White v. College Motors, Inc., 212 Tenn. 384, 370 S.W.2d 476 (1963). | Purpose of rule governing dismissal of claim for failure to prosecute is to enable court to manage its own docket, and to protect defendants against plaintiffs who are unwilling to put their claims to the test, but determined to subject them to the continuing threat of an eventual judgment. Rules Civ.Proc., Rule 41.02. | Does the purpose of rules governing dismissal of a claim for failure is to prosecute to enable courts to manage its own docket? | 036506.docx | LEGALEASE-00149925-LEGALEASE-00149926 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 2235 | Board of Ed. of Aberdeen-Huntington Local School Dist. v. State Bd. of Ed., 116 Ohio App. 515 | 1.41E+13 | General Assembly has plenary power on educational matters, and, in passing laws concerning elementary and secondary schools, is restrained only by its own conscience, fear of the electorate, and the prohibition of the constitution against release of school funds to control by religious group or sect. Const. art. 1, " 7; art. 6, "" 1"4. An examination of the Constitution reveals that the only prohibition in the Constitution concerning the exercise of this power over elementary and secondary education is as to religion, i. e., the release of public school funds to control by a religious group or sect is prohibited. | General Assembly has plenary power on educational matters, and, in passing laws concerning elementary and secondary schools, is restrained only by its own conscience, fear of the electorate, and the prohibition of the constitution against release of school funds to control by religious group or sect. Const. art. 1, S 7; art. 6, SS 1-4. | Does the General Assembly have plenary powers on educational matters? | 017011.docx | LEGALEASE-00150188-LEGALEASE-00150189 | Condensed, SA, Sub | 0.46 | 0 | 1 | 1 | 1 | 1 |
| 2236 | Washington v. City of Baton Rouge, 1999-1987 (La. App. 1 Cir. 2/18/00) | 307A+581 | The applicable version of LSA-C.C.P. art. 561 provides that an action is considered abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. The article requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his suit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party. Parson v. Daigle, 96-2569 (La.App. 1 Cir. 12/29/97), 708 So.2d 746. | The code of civil procedure article governing abandonment of an action requires three things of the plaintiff: (1) that he take some step in the prosecution of his suit, (2) that he do so in the trial court, and (3) that he do so within five years of the last step taken by either party. LSA-C.C.P. art. 561. | What does the code of civil procedure article governing abandonment of an action require from a plaintiff? | 037101.docx | LEGALEASE-00150716-LEGALEASE-00150717 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |
| 2237 | Powell v. Maryland Dep't of Health, 168 A.3d 857 | 307A+683 | When a circuit court considers a motion to dismiss a complaint for failure to state a claim, the court accepts the well-pleaded facts of the complaint, and reasonable inferences that may be drawn from those allegations, in the light most favorable to the plaintiff. | When a circuit court considers a motion to dismiss a complaint for failure to state a claim, the court accepts the well-pleaded facts of the complaint, and reasonable inferences that may be drawn from those allegations, in the light most favorable to the plaintiff; the court's decision is thus based on its application of the law to those facts and inferences. | "When a circuit court considers a motion to dismiss a complaint for failure to state a claim, does the court accept the well-pleaded facts of the complaint?" | 037126.docx | LEGALEASE-00150758-LEGALEASE-00150759 | SA, Sub | 0.27 | 0 | 0 | 1 | 1 | |
| 2238 | Leggett v. Missouri State Life Ins. Co., 342 S.W.2d 833 | 371+2002 | Fees or charges prescribed by law to be paid by certain individuals to public officers for services rendered in connection with a specific purpose ordinarily are not taxes, 84 C.J.S. Taxation " 1, p. 34; Gunby v. Yates, supra; Dickson v. Jefferson County Board of Education, 311 Ky. 781, 225 S.W.2d 672; State v. Montevallo Coal Mining Co., 29 Ala.App. 318, 197 So. 82, unless the object of the requirement is to raise revenue to be paid into the general fund of the government to defray customary governmental expenditures, People v. Brooklyn Garden Apts., 283 N.Y. 373, 28 N.E.2d 877, rather than compensation of public officers for particular services rendered. Cooley, Taxation, Vol. 1, " 33. The fees, per diem and expenses in question were not levied upon General American for the general support of the government, they were not paid into the public treasury and were not subject to disbursement for the general public need. | Fees prescribed by law to be paid to public officers for services rendered in connection with a specific purpose ordinarily are not taxes, unless object is to raise revenue to be paid into general fund of government to defray customary governmental expenditures, rather than to compensate public officers for particular services rendered. Section 374.220(1) RSMo 1949, V.A.M.S. | Under what condition can fees paid for services rendered be taxes? | Taxation - Memo # 882 - C - JL_58909.docx | ROSS-003278814-ROSS-003278815 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 2239 | Cassie v. Cassie, 109 A.D.3d 337 | 129+107 | We similarly hold that, even where the conduct at issue is alleged to have occurred in a private residence, in order for a petitioner to meet his or her burden of establishing the family offense of disorderly conduct, there must be a prima facie showing that the conduct was either intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm. The intent to cause, or recklessness in causing, public harm, is the mens rea of the offense of disorderly conduct (see People v. Baker, 20 N.Y.3d 354, 960 N.Y.S.2d 704, 984 N.E.2d 902). The plain language of the subject provision of Family Court Act " 812, in contrast, provides only that the conduct need not occur in a public place (see Family Ct. Act " 812). The plain language of Family Court Act " 812 therefore pertains only to the actus reus of the offense"specifically, the place where it is committed"and does not speak to the mens rea of the offense. Indeed, since Family Court Act " 812 does not specify an alternative culpable mental state, if the mens rea provided for in the Penal Law were not applicable in family offense proceedings, it is unclear what the mens rea of this family offense would be. | Even where the conduct at issue is alleged to have occurred in a private residence, in order for a petitioner to meet his or her burden of establishing the family offense of disorderly conduct, there must be a prima facie showing that the conduct was either intended to cause, or recklessly created a risk of causing, public inconvenience, annoyance, or alarm. McKinney's Family Court Act S 812. | Can a person on private property commit the offence of disorderly conduct? | 014289.docx | LEGALEASE-00151347-LEGALEASE-00151348 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 2240 | Helia Healthcare of Belleville v. Norwood, 73 N.E.3d 1185 | 307A+679 | Section 2-619 of the Code of Civil Procedure permits a motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, avoids or defeats the claims in the complaint. 735 ILCS 5/2-619(a)(1) (West 2014); Cortright v. Doyle, 386 Ill.App.3d 895, 899, 325 Ill.Dec. 874, 898 N.E.2d 1153 (2008). Such a motion admits all well-pleaded facts and reasonable inferences therefrom, and all pleadings are construed in the light most favorable to the nonmoving party. Reynolds v. Jimmy John's Enterprises, LLC, 2013 IL App (4th) 120139, 370 Ill.Dec. 628, 988 N.E.2d 984. Our task on appeal is to determine "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116-17, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993). Our standard of review is de novo. Id. at 116, 189 Ill.Dec. 31, 619 N.E.2d 732. | A motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, admits all well-pleaded facts and reasonable inferences therefrom, and on such a motion all pleadings are construed in the light most favorable to the nonmoving party. 735 Ill. Comp. Stat. Ann. S 5/2-619(a)(1). | "Does a motion to dismiss when some affirmative matter, such as a lack of subject matter jurisdiction, admit all well-pleaded facts and reasonable inferences therefrom?" | 037138.docx | LEGALEASE-00150780-LEGALEASE-00150781 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order (839) | Condensed (15,944) | Substantive Additions (14,673) | Selection & Arrangement (23,876) | Multiple Differences (9,029) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2241 | Griffith & Coe Advert. v. Farmers & Merchants Bank And Tr., 215 W. Va. 428 | 307A679 | As indicated above, in granting Farmers & Merchants's Rule 12(b)(2) motion, the circuit court conducted an evidentiary hearing. Relevant thereto is syllabus point 4 of State ex rel. Bell Atlantic-West Virginia, Inc. v. Ranson, 201 W. Va. 402, 497 S.E.2d 755 (1997), which holds: When a defendant files a motion to dismiss for lack of personal jurisdiction under W. Va. R. Civ. P. 12(b)(2), the circuit court may rule on the motion upon the pleadings, affidavits and other documentary evidence or the court may permit discovery to aid in its decision. At this stage, the party asserting jurisdiction need only make a prima facie showing of personal jurisdiction in order to survive the motion to dismiss. In determining whether a party has made a prima facie showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of the party asserting jurisdiction. However, if the circuit court conducts a preliminary evidentiary hearing on the motion, or if the personal jurisdiction issue is litigated at trial, the party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence. | In determining whether a party has made a prima facie showing of personal jurisdiction in response to motion to dismiss, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | "In determining, whether a party has made a prima facie showing of personal jurisdiction, should the court view the allegations in the light most favorable to such party?" | Pretrial Procedure - Memo 88 & NC_59167.docx | RO55/00026729-RO55-00026731 | SA, Sub | 0.77 | 0 | | 1 | 1 | |
| 2242 | Easterling v. Am. Optical Corp., 207 W. Va. 123 | 307A679 | Bell Atlantic-West Virginia, Inc. v. Ranson, 201 W.Va. 402, 497 S.E.2d 755 (1997) (When a defendant files a motion to dismiss for lack of personal jurisdiction under W. Va. R. Civ. P. 12(b)(2), the circuit court may rule on the motion upon the pleadings, affidavits and other documentary evidence or the court may permit discovery to aid in its decision. At this stage, the party asserting jurisdiction need only make a prima facie showing of personal jurisdiction in order to survive the motion to dismiss. In determining whether a party has made a prima facie showing of personal jurisdiction, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of the party asserting jurisdiction. However, if the personal jurisdiction issue is litigated at trial, the party asserting jurisdiction must prove jurisdiction by a preponderance of the evidence. | In determining whether a party has made a prima facie showing of personal jurisdiction in response to motion to dismiss, the court must view the allegations in the light most favorable to such party, drawing all inferences in favor of jurisdiction. Rules Civ.Proc., Rule 12(b)(2). | "In determining whether a party has made a prima facie showing of personal jurisdiction, should the court view the allegations in the light most favorable to such party?" | 037182.docx | LEGALEASE 00150866-LEGALEASE 00150867 | SA, Sub | 0.74 | 0 | | 1 | 1 | |
| 2243 | Holloway v. State, 875 N.W.2d 435 | 307A679 | A complaint must meet certain requirements to withstand a motion to dismiss. To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts that, if taken as true, state a claim for relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the... | A claim has facial plausibility, as required to state a claim, when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. | Does a claim have facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged? | 037216.docx | LEGALEASE 00150914-LEGALEASE 00150915 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | |
| 2244 | Signapori v. Jagaria, 84 N.E.3d 369 | 307A679 | Motions to dismiss under section 2-615 challenge the legal sufficiency of the complaint based on defects apparent on its face. In ruling on a section 2-615 motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences that may be drawn from those facts. Id. "The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." Kanerva v. Weems, 2014 IL 115811, 33, 383 Ill.Dec. 107, 13 N.E.3d 1228. A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover. Id. Our review under section 2-615 is de novo. Id. | Critical inquiry on a motion to dismiss on the pleadings is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief can be granted. | Is the critical inquiry on a motion to dismiss on the pleadings whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief can be granted? | 037350.docx | LEGALEASE 00151042-LEGALEASE 00151043 | Condensed, SA | 0.71 | 0 | 1 | | 1 | |
| 2245 | Makarov v Zeiger, 702 A.2d 1126 | 307A679 | To determine whether the second group of Post test is met, a separate three-part test set forth in Penn Piping, Inc. v. Insurance Co. of North America, 529 Pa. 350, 603 A.2d 1006 (1992) is used. State of Dept of Medical Products, Inc. v. Aetna Medical, Inc., 690 A.2d 228. [Pa.Cmwlth.1995]; Penn Piping further defined a judgment of non pros as to the following: when a party to the proceeding has failed to proceed with reasonable promptitude, and (1) there has been no compelling reason for the delay, and (2) the delay has caused some prejudice to the adverse party, in Penn Piping, the court examined the principles that would entitle the court to enter a judgment of non pros, and presumed prejudice to dismiss an proceeding for lack of activity on the docket. Penn Piping at 356, 603 A.2d 1009. | Judgment of non pros may be entered when (1) party to proceedings has failed to proceed with reasonable promptitude, (2) there has been no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party. | Can judgment of non pros be entered where party to proceedings has shown lack of due diligence by failing to proceed with reasonable promptitude? | 037364.docx | LEGALEASE 00151128-LEGALEASE 00151129 | Condensed, SA | 0.79 | 0 | 1 | | 1 | |
| 2246 | Jones v. Halliburton Co., 583 F.3d 228 | 2571143 | The core consensus emerging from this analysis is that it is fact specific, which presents an inquiry about which courts disagree. When deciding whether a claim falls within the scope of an arbitration agreement, this "focus on factual allegations in the complaint rather than the legal causes of action asserted." Waste Mgmt, Inc. v. Residuals Industrialess Multiquim, S.A. de C.V., 372 F.3d 339, 344 (5th Cir. 2004) (quotation omitted). Here, the allegations in Jones's complaint that ... sexually assaulted by several Halliburton/KBR employees in her bedroom, after hours, (2) while she was off-duty, (3) following a social gathering outside of her barracks, (4) which was some distance from where she worked, (5) in an act not requiring any special skill or training ... | When deciding whether a claim falls within the scope of an arbitration agreement, courts focus on factual allegations in the complaint rather than the legal causes of action asserted. | Do the courts focus on factual allegations in the complaint rather than the legal causes of action asserted when deciding whether a claim falls within the scope of an arbitration agreement? | 007980.docx | LEGALEASE 00151443-LEGALEASE 00151445 | Condensed, SA | 0.79 | | 1 | | 1 | |

417

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order (839) | Condensed (15,544) | Substantive Additions (14,873) | Selection & Arrangement (21,876) | Multiple Differences (9,029) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2247 | West Eagle v. City of Fort Pierre, 2002 S.D. 64 | 307A=581 | We have previously determined that the appropriate standard of review for a trial court's dismissal of a claim for failure to prosecute is abuse of discretion. Landen v. Adams, 1998 SD 61, 12, 578 N.W.2d 145, 148. Under this standard, we will uphold the decision "[i]n view of the law and the circumstances." It was reasonably made. Id. [citation omitted]. the decision to dismiss will not stand if it is "not justified by, and clearly against, reason and evidence." Id. Additionally, the following "guiding principles of law" assist our review: First, the court ordinarily will not interfere with the trial court's ruling in these matters. Second, a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. An unreasonable and unexplained delay has been defined as an omission to do something, which the party might do and might reasonably be expected to do toward vindication or enforcement of his rights. Third, the mere passage of time is not the proper test to determine whether the delay in prosecution warrants dismissal. Fourth, the plaintiff has the burden to proceed with the action. The defendant need only meet the plaintiff step by step. Finally, the dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Dismissal of a cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptness. | When the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude, should dismissal of the cause of action for failure to prosecute be granted? | Pretrial Procedure - Memo #3806 - C - SI.docx | LEGALEASE 0006150-LEGALEASE 0006154 | Condensed, SA | 0.82 | 0 | 0 | 0 | 1 | |
| 2248 | Brookwater Inv's LP v. Coca Enterprises, 154 Ga. App. 506 | 307A=624 | On appeal of a trial court's dismissal of a complaint, our review is de novo; meaning to dismiss, "should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim. We thus construe all the allegations in the complaint in a light most favorable to the complaining party and resolve all doubts in his favor." Further, "a trial court may properly consider exhibits attached to and incorporated in the pleadings in considering a motion to dismiss for failure to state a claim." | A motion to dismiss should be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim; thus construe all the allegations in the complaint in a light most favorable to the complaining party and resolve all doubts in his favor. West's Ga.Code Ann. § 9-11-12(b)(6). | Should a motion to dismiss be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim? | Pretrial Procedure - Memo #3846 - C - MS_59725.docx | ROSS-003282178-ROSS-003282179 | SA, Sub | 0.36 | 0 | | 1 | 1 | |
| 2249 | Mathews v. Diaz, 426 U.S. 67 | 24=120 | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that aliens must be placed in a single homogeneous legal classification. For a host of constitutional and statutory provisions rest on the premise that a legitimate distinction between citizens and aliens may justify attributes and benefits for one class not accorded to the other; and the class of aliens is itself a heterogeneous multitude of persons with a wide-ranging variety of ties to this country. | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | Does the fact that aliens are protected by the Due Process Clause mean that aliens are entitled to enjoy all the advantages of citizenship? | Aliens, Immigration and Citizenship - Memo 18 - MS_60125.docx" | ROSS-003288524-ROSS-003308527 | SA, Sub | 0.47 | 0 | | 1 | 1 | |
| 2250 | Blon v. Bank One, Akron, N.A., 35 Ohio St. 3d 98 | 172H=91 | Thus, we hold that a creditor and consumer stand at arm's length in negotiating the terms and conditions of a consumer loan and, absent an understanding by both parties that a special trust and confidence has been reposed in the creditor, the creditor has no duty to disclose to the consumer the existence and details of Foster's loan or similar arrangement with a credit arranger. Accordingly, we reinstate the judgment of the trial court of Foster to refuse to fulfill a promise due to disclose. | Creditor and consumer stand at arm's length in negotiating terms and conditions of consumer loan and, absent understanding by both parties that special trust and confidence has been reposed in creditor, creditor has no duty to disclose to consumer the existence and details of Foster's loan or similar arrangement with credit arranger. | Do Creditor and consumer stand at arm's length in negotiating terms and conditions of consumer loan? | Consumer Credit - Memo 27-DB_60044.docx | ROSS-003298435-ROSS-003298436 | Condensed, SA | 0.39 | 0 | 1 | | 1 | |
| 2251 | Wallace v. Dean, 3 So. 3d 1035 | 307A=479 | In addition to misconstruing Florida law, the reasoning exhibited below improperly incorporated the appropriate standard of review. For purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla.1983) (emphasis supplied) (citing Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla.1972); Pepsell v. Abel, 226 So.2d 84 (Fla. 4th DCA 1969)). | For purposes of a motion to dismiss for failure to state a cause of action, the allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff. | For purposes of a motion to dismiss, are the allegations of the complaint assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff? | 037471.docx | LEGALEASE 0015385-LEGALEASE 0015386 | Condensed, SA | 0.62 | 0 | 1 | | 1 | |
| 2252 | Murphy v. Stonewall Kitchen, 503 S.W.3d 308 | 307A=479 | Appellate courts review a trial court's grant of a motion to dismiss de novo. Moon v. Moon Co., Inc., 465 S.W.3d 383 (Mo. banc 2013). A motion to dismiss for failure to state a claim tests the adequacy of a plaintiff's petition. Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 306 (Mo. banc 1993). The petition is reviewed in an almost academic manner to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or a cause that might be adopted in that case. | On a motion to dismiss for failure to state a claim, the petition is reviewed in an almost academic manner to determine if the plaintiff has alleged facts that meet the elements of a recognized cause of action or a cause that might be adopted in that case. | On a motion to dismiss for failure to state a claim, is the petition reviewed in an almost academic manner? | 037473.docx | LEGALEASE 0015191-LEGALEASE 0015192 | Condensed, SA | 0.49 | 0 | 1 | | 1 | |
| 2253 | J.P. Morgan Sec. Inc. v. Vigilante, Co., 21 N.Y.3d 324 | 307A=479 | On a motion, the rules governing CPLR 3211 motions to dismiss are well established. In assessing the adequacy of a complaint under CPLR 3211(a)(7), the court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff "the benefit of every possible favorable inference." (AG Capital Funding Partners, L.P. v Gabriel Capital, L.P., 5 N.Y.3d 582, 591, 808 N.Y.S.2d 573, 842 N.E.2d 471 [2005].) Whether the plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss." (EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19, 799 N.Y.S.2d 170, 832 N.E.2d 26 [2005]). In determining whether a complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211(a)(7), the court must determine whether the documentary evidence "conclusively" establishes a defense to the asserted claims as a matter of law. (AG Capital Funding, 5 N.Y.3d 582, 808 N.Y.S.2d 573, 842 N.E.2d 471.) | In assessing the adequacy of complaint on motion to dismiss, court must give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference. McKinney's CPLR 3211(a)(7). | In assessing the adequacy of a complaint on a motion to dismiss, should a court give the pleading a liberal construction? | 037545.docx | LEGALEASE 0015299-LEGALEASE 0015300 | Order, SA, Sub | 0.71 | 1 | | 1 | 1 | |

418

Appendix D

| ROW | Judicial Opinion | WNKS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2254 | Gadd/Davis v. Quinan Holding, 247 A.D.3d 738 | 307A483 | "On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must determine whether … the complaint states a cause of action." | "On a motion to dismiss for failure to state a cause of action, the pleadings must be construed liberally … CPLR 3211(a)(7)." | 037557.docx | LEGALX4E-00152331 LEGALX4E-00152332 | Condensed, Order, SA | 0.66 | 1 | 1 | | 1 | |
| 2255 | Tapia v. Houser, 648 N.E.2d 1302 | 307A483.1 | Unlike ruling on motion for summary judgment, trial court may weigh evidence and resolve factual disputes when ruling on motion to dismiss for lack of subject matter jurisdiction; Trial Procedure Rules 12(B)(1), 56(C). | Unlike ruling on a motion for summary judgment, the trial court may weigh evidence and resolve factual disputes … Trial Procedure Rule 12(B)(1). | 037778.docx | LEGALX4E-00151955 LEGALX4E-00151936 | SA Sub | 0.67 | | | 1 | 1 | |
| 2256 | Davis v. Cont. Rent-A-Crane, 663 N.E.2d 1177 | 307A480 | When determining whether the claim should be dismissed for lack of subject matter jurisdiction, the trial court may consider the pleadings, affidavits, and any other evidence submitted … Trial Procedure Rule 12(B)(1). | When determining whether the claim should be dismissed for lack of subject matter jurisdiction, trial court may weigh evidence to determine the existence of the requisite jurisdictional facts and resolve factual disputes. Id. at 1286. | Pretrial Procedure Memo #8817 - C-SL/9815.docx | ROSS-00329173/M-ROSS-00329173 | Condensed, SA, Sub | 0.34 | | 1 | 1 | 1 | |
| 2257 | Tallington v. Womens Svcs., P.C., 7 Wash. App. 378 | 307A481 | Four factors must be considered in assessing the propriety of a dismissal for lack of prosecution: (1) the length of delay in the proceedings; (2) whether any demands for … U.C.C.A. Const. Amend. 14. | In an appeal from the district court's exercise of its plaintiff's motions asserted as the prevailing party for … U.C.C.A. Const. Amend. 14. | 037813.docx | LEGALX4E-00152067 LEGALX4E-00152068 | Condensed, SA | 0.61 | | 1 | | 1 | |
| 2258 | Carlson v. Reed, 2005 SC 1474111 876 | N1=423141J | A state violates due process where it creates a university tuition rate scheme that purports to be concerned with residency, but then applies an irrebuttable presumption precluding those seeking to meet its test of residency from having the opportunity to show that … U.C.C.A. | We reject Carlson's due process challenge. Under Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973), as limited by Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), a state violates due process where it creates a university tuition rate scheme … Vlandis, 412 U.S. at 452, 93 S.Ct. 2230. | 016007.docx | LEGALX4E-00152759 LEGALX4E-00152760 | SA Sub | 0.66 | | | 1 | 1 | |
| 2259 | Colamonico v. Lumagh, 534 S.W.2d 837 | 307A483 | Can a judge dismiss a case for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which party has notice? Tex.R.Civ.Proc., Rule 165a. | The standard of review is abuse of discretion. Armentrout v. Murdoch, 779 S.W.2d 119, 131 (Tex.App.–Houston [1st Dist.] 1989, no writ). A judge may dismiss a case for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party has notice. Tex.R.Civ.Proc., Rule 165a. | Pretrial Procedure Memo #8838 - C-DA_05050.docx | ROSS-003282194/ROSS-003280220 | SA Sub | 0.41 | | | 1 | 1 | |
| 2260 | Owens v. Bank United of Texas, FSB, 70 F.3d 937 | 172H=1379 | Federal Reserve Board's "official staff commentary" that states that fee for courier service charged by settlement agent to send document to title company ... is a finance charge? | In this welter of doubt we turn with relief to the staff of the Federal Reserve Board, which in "official staff commentary," to which the Supreme Court has repeatedly told us to give great weight ... criticized for listening to what bankers have to say. | Consumer Credit Memo 75 - IK_60087.docx | ROSS-003282264-ROSS-003282269 | Condensed, SA, Sub | | | 1 | 1 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2261 | Bermudez v. Fulton Auto Depot, 179 Cal. App. 4th 1318 | 172H+55 | "The California Legislature enacted the ASFA to protect motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. (Hernandez v. Atlantic Finance Co. (1980) 105 Cal.App.3d 65, 69[, 164 Cal.Rptr. 279].) Under the ASFA, every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. ( [Civ.Code,] " 2982; Hernandez v. Atlantic Finance Co., supra, at p. 70 [, 164 Cal.Rptr. 279].) ... The ASFA's requirements are mandatory. (Hernandez v. Atlantic Finance Co., supra, at p. 69[, 164 Cal.Rptr. 279].) Moreover, in determining whether consumer protection laws such as the ASFA apply to a particular transaction, we look to the substance of the transaction and do not allow mere form to dictate the result. (King v. Central Bank (1977) 18 Cal.3d 840, 847 [, 135 Cal.Rptr. 771, 558 P.2d 857].)" (Thompson v. 10,000 RV Sales, Inc. (2005) 130 Cal.App.4th 950, 966, 31 Cal.Rptr.3d 18.) | Purpose of Automobile Sales Finance Act (ASFA) is to protect motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. West's Ann.Cal.Civ.Code S 2981 et seq. | Does ASFA require full disclosure of all items of cost to protect motor vehicle purchasers from abusive selling practices and excessive charges? | 014020.docx | LEGALEASE-00154605-LEGALEASE-00154606 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 2262 | Clark v. Gauntt, 138 Tex. 558 | 156+38 | The after-acquired title rule is a part of the law of estoppel. One of the clearest statements of it is that made in American Jurisprudence as follows: "It is a general rule, supported by many authorities, that a deed purporting to convey a fee simple or a lesser definite estate in land and containing covenants of general warranty of title or of ownership will operate to estop the grantor from asserting an after-acquired title or interest in the land, or the estate which the deed purports to convey, as against the grantee and those claiming under him." 19 Amer.Jur., p. 614, sec. 16. | Generally, a deed purporting to convey fee-simple or lesser definite estate in land, with covenants of general warranty of title or ownership, "estops" grantor from asserting after-acquired title to or interest in land as against grantee and those claiming under him. | Does a deed purporting to convey a fee simple in land containing covenants of general warranty operate to estop the grantor from asserting an after-acquired title or interest in the land? | 018053.docx | LEGALEASE-00153867-LEGALEASE-00153868 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |
| 2263 | Gym Door Repairs v. Astoria Gen. Contracting Corp., 144 A.D.3d 1093 | 307A+680 | On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). While a court is "permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v. Leader, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153), "where the motion is not converted to one for summary judgment, "the criterion is whether the [third-party plaintiff] has a cause of action, not whether [it] has stated one, and, unless it has been shown that a material fact as claimed by the [third-party plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . dismissal should not eventuate" " (Weill v. East Sunset Park Realty, LLC, 101 A.D.3d 859, 859"860, 955 N.Y.S.2d 402, quoting Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). A motion to dismiss pursuant to CPLR 3211(a)(1) may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; see Leon v. Martinez, 84 N.Y.2d at 88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Mazur Bros. Realty, LLC v. State of New York, 59 A.D.3d 401, 402, 873 N.Y.S.2d 326). | Unless it has been shown that a material fact as claimed by a plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal of a plaintiff's claim for failure to state a cause of action should not eventuate. McKinney's CPLR 3211(a)(7). | "Unless it has been shown that a material fact as claimed by a plaintiff to be one is not a fact at all, should dismissal of a plaintiff's claim for failure to state a cause of action not eventuate?" | 038480.docx | LEGALEASE-00154443-LEGALEASE-00154444 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 2264 | DMK Biodiesel v. McCoy, 285 Neb. 974 | 307A+681 | For purposes of a motion to dismiss, " "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." " These documents embraced by the complaint are not considered matters outside the pleading. Documents embraced by the pleadings are materials " "alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." " The majority of circuits appear to agree that the document must be referred to in the complaint and must be central to the plaintiff's claim. A prime example of documents " "necessarily embraced" " by a pleading is a written contract in a case that involves a dispute over the terms of the contract. | For purposes of a motion to dismiss for failure to state a claim, court generally must ignore materials outside the pleadings, but it may consider some materials that are part of public record or do not contradict complaint, as well as materials that are necessarily embraced by the pleadings. Neb. Ct. R. Pldg. S 6-1112(b)(6). | "For purposes of a motion to dismiss for failure to state a claim, should a court generally ignore materials outside the pleadings?" | Pretrial Procedure - Memo # 9366 - C - SJ_61054.docx | ROSS-003282617-ROSS-003282618 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 2265 | Doe 30's Mother v. Bradley, 58 A.3d 42 | 307A+681 | When making a futility determination based on a proposed amendment, the court accepts as true all of the well-plead facts presented therein. In addition, Delaware courts have considered representations from the parties, as well as potential hypothetical fact patterns, in determining whether a party will be granted leave to amend a dismissed claim. Accordingly, in order to accommodate a "just, speedy and inexpensive determination" of what already forebodes to be a complex series of claims, the Court agrees with the parties that consideration of the extraneous facts for the sole purpose of determining the futility of amendment is prudent at this point in the litigation. | Court may consider representations from the parties, as well as potential hypothetical fact patterns, in determining whether a party will be granted leave to amend a dismissed claim. Superior Court Civil Rule 15. | "Can a court consider representations from the parties, as well as potential hypothetical fact patterns, in determining whether a party will be granted leave to amend a dismissed claim?" | Pretrial Procedure - Memo # 9387 - C - PB_60925.docx | ROSS-003293844 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 2266 | Hoffman v. State of California, 171 Cal. App. 3d 1100 | 307A+581 | Finally, plaintiff claims relief is warranted because there is no showing of prejudice to defendants. Unlike the discretionary dismissal provision of former Code of Civil Procedure section 583, subdivision (a) [two year period for failure to prosecute] where the inquiry is whether the interest of justice is best served by dismissal, in cases under former Code of Civil Procedure section 583, subdivision (b), lack of prejudice to defendants is not the initially determined criterion. The burden is on plaintiff to first establish in the trial court, by clear and convincing proof, the existence of either impossibility, impracticability or futility of bringing the matter to trial within five years. Absent such a showing, the five-year statute applies without any further consideration or determination of prejudice. (Campanella v. Takaoka (1984) 160 Cal.App.3d 504, 513, 206 Cal.Rptr. 745; Central Mutual Ins. Co. v. Executive Motor Home Sales, Inc. (1983) 143 Cal.App.3d 791, 796, 192 Cal.Rptr. 169.) | In cases under West's Ann.Cal.C.C.P. S 583(b) (Repealed), requiring dismissal of action if not brought to trial within five years, lack of prejudice to defendant is not initially determined criterion; burden is on plaintiff to first establish by clear and convincing proof, existence of either impossibility, impracticability or futility of bringing matter to trial within five years, and absent such showing, five-year statute applies without any further consideration or determination of prejudice. | Is the burden to first establish by clear and convincing proof and futility of bringing matter to trial within five years lie on the plaintiff? | 038805.docx | LEGALEASE-00154085-LEGALEASE-00154086 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2267 | Buckles by & through Buckles v. Cont'l Res., 402 P.3d 1213 | 307A+624 | "We review de novo a district court's decision on a motion to dismiss for lack of personal jurisdiction, construing the complaint "in the light most favorable to the plaintiff." " Milky Whey, Inc. v. Dairy Partners, LLC, 2015 MT 18, 7, 378 Mont. 75, 342 P.3d 13 (quoting Grizzly Sec. Armored Express, Inc. v. Armored Grp., LLC, 2011 MT 128, 12, 360 Mont. 517, 255 P.3d 143). Motions to dismiss are construed in a light most favorable to the nonmoving party and should not be granted unless, taking all well-pled allegations of fact as true, it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Threlkeld v. Colorado, 2000 MT 369, 7, 303 Mont. 432, 16 P.3d 359. We review a district court's findings of fact and conclusions of law regarding personal jurisdiction to determine whether the findings are clearly erroneous and whether the conclusions are correct. Nolan v. RiverStone Health Care, 2017 MT 63, 9, 387 Mont. 97, 391 P.3d 95. | Motions to dismiss are construed in a light most favorable to the nonmoving party and should not be granted unless, taking all well-pled allegations of fact as true, it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. | Are motions to dismiss construed in a light most favorable to the nonmoving party? | Pretrial Procedure - Memo # 9568 - C - PB_61183.docx | ROSS-003283344-ROSS-003283345 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2268 | City of Houston v. Thomas, 838 S.W.2d 296 | 307A+581 | This assertion assumes that Tex.R.Civ.P. 165a(2) is the only authority for dismissing cases for want of prosecution, when, in fact, there are three. A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or trial, rule 165a(1); (2) when the case has not been disposed of within the supreme court's time standards, rule 165a(2); and (3) by the court's inherent power to dismiss when the case has not been prosecuted with due diligence. Veteran's Land Board v. Williams, 543 S.W.2d 89, 90 (Tex.1976) ("[r]ule 164a is not the exclusive authority by which the trial court derives its authority or discretion to dismiss a cause of action.... | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or trial; when case has not been disposed of within Supreme Court's time standard; and by court's inherent power to dismiss when case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4; Judicial Administration Rules, V.T.C.A., Government Code Title 2, Subtitle F App., Rule 6b(2). | Can court dismiss case for want of prosecution when party fails to appear at hearing or at trial? | 039028.docx | LEGALEASE-00154805-LEGALEASE-00154806 | SA, Sub | 0.37 | 0 | 0 | 1 | 1 | |
| 2269 | Wilson v. Edwards, 202 So. 3d 275 | 307A+622 | The trial court is required to give a liberal construction to pro se section 1983 complaints, and we review a trial court's conclusion that a complaint is frivolous for abuse of discretion. Duncan v. Johnson, 14 So.3d 760, 763 (Miss.Ct.App.2009). However, "[t]he power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss for failure to state a claim under Rule 12(b)(6)." Id. A trial court has the authority to dismiss a claim based on an indisputably meritless legal theory, as well as the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id | A trial court has the authority to dismiss a claim based on an indisputably meritless legal theory, as well as the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Miss. R. Civ. P. 12(b)(6). | Does a trial court have the authority to dismiss a claim based on an indisputably meritless legal theory? | 024455.docx | LEGALEASE-00155114-LEGALEASE-00155115 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 2270 | Dinerman v. Jewish Bd. of Family & Children's Servs., 55 A.D.3d 530 | 307A+684 | "In considering a motion to dismiss for failure to state a cause of action, the pleadings must be liberally construed. The sole criterion is whether from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (Gershon v. Goldberg, 30 A.D.3d 372, 373, 817 N.Y.S.2d 322 [internal quotation marks omitted]; see Morone v. Morone, 50 N.Y.2d 481, 484, 429 N.Y.S.2d 592, 413 N.E.2d 1154; 219 Broadway Corp. v. Alexander's, Inc., 46 N.Y.2d 506, 509, 414 N.Y.S.2d 889, 387 N.E.2d 1205). However, while the allegations in the complaint are to be accepted as true when considering a motion to dismiss (see Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511), "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Garber v. Board of Trustees of State Univ. of N.Y., 38 A.D.3d 833, 834, 834 N.Y.S.2d 203, quoting Maas v. Cornell Univ., 94 N.Y.2d 87, 91, 699 N.Y.S.2d 716, 721 N.E.2d 966). | While the allegations in the complaint are to be accepted as true when considering a motion to dismiss, allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration. McKinney's CPLR 3211(a)(2, 7). | "While considering a motion to dismiss, factual claims flatly contradicted by indisputable documentary evidence are not entitled to accept as true, then can documentary evidence result in dismissal?" | Pretrial Procedure - Memo # 9010 - C - KBM_61359.docx | ROSS-003282555-ROSS-003282556 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2271 | Ray v. Greer, 212 N.C. App. 358 | 46H+934 | [A] trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order. Harris v. Maready, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984) (Rule 8(a)(2)); Rivenbark v. Southmark Corp., 93 N.C.App. 414, 420, 378 S.E.2d 196, 200 (1989) (court order). The sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. | A trial court may enter sanctions when the plaintiff or his attorney violates a rule of civil procedure or a court order; the sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation. | "Can sanctions be entered for delay or violation of court order against either represented party or attorney, even when attorney is solely responsible for the delay or violation?" | 039033.docx | LEGALEASE-00154817-LEGALEASE-00154818 | Condensed, SA | 0.39 | 0 | 1 | 0 | 1 | |
| 2272 | Armistead v. A.L.W. Grp., 155 S.W.3d 814 | 307A+622 | A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition; therefore, on appeal, we accept as true all well-pled allegations in the petition and liberally grant the plaintiff all reasonable inferences drawn therefrom. Nazeri v. Missouri Valley College, 860 S.W.2d 303, 306 (Mo. banc 1993); see also Freeman v. Leader National Insurance Co., 58 S.W.3d 590, 596 (Mo.App. E.D.2001). We also consider exhibits attached to the petition"here, the partnership agreement"as part of the allegations. Suburban Business Products, Inc. v. T.E. Schmitt Co., 796 S.W.2d 77, 78 (Mo.App. E.D.1990); Rule 55.12 (2003).1 This Court does not attempt to weigh whether the alleged facts are credible or persuasive. Nazeri, 860 S.W.2d at 306. "Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." Id. | A motion to dismiss for failure to state a claim is solely a test of the adequacy of the plaintiff's petition; therefore, on appeal, reviewing court accepts as true all well-pled allegations in the petition and liberally grants the plaintiff all reasonable inferences drawn therefrom. | Is a motion to dismiss for failure to state a claim solely a test of the adequacy of a plaintiff's petition? | Pretrial Procedure - Memo # 9682 - C - DA_61583.docx | ROSS-003281028-ROSS-003281029 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2273 | Am. Bank & Tr. Co. of Pennsylvania v. Ritter, Todd & Haayen, 274 Pa. Super. 285 | 307A+581 | The test governing the entry of a judgment of non pros encompasses three considerations. First, plaintiff's delay must indicate that it has not prosecuted the matter with due diligence. Second, it must be shown there was no justification or compelling reason for the delay. Third, the delay must cause prejudice to defendant. Kennedy v. Bulletin Co., 237 Pa.Super. 66, 346 A.2d 343 (1975); Manson v. First National Bank, 366 Pa. 211, 215, 77 A.2d 399 (1951). | Test governing entry of judgment of non pros encompasses considerations of whether plaintiff's delay indicates that it has not prosecuted the matter with due diligence, and it must be shown that there was no justification or compelling reason for the delay and, the delay must cause prejudice to defendant. | Does test governing entry of judgment of non pros encompasses considerations of whether plaintiff's delay indicate that it has not prosecuted the matter with due diligence? | Pretrial Procedure - Memo # 9693 - C - SK_61594.docx | ROSS-003321825-ROSS-003321826 | Condensed, SA, Sub | 0.33 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 0 | 15,944 | 14,973 | 21,876 | 9,029 |
| 1274 | Ryan v. Dixon, 2010. App. 34450 | 307A+581 | The inherent power of Illinois courts to dismiss a lawsuit for want of prosecution arises out of, and is based on, the need for preventing undue delays in the disposition of pending cases and in avoiding congestion in the trial calendars of the courts. Scholteren (1976), 9 Ill.App.3d 951, 953-55, 293 N.E.2d 124 (1); Ekene v. Maisus Centerchet, Inc. (1975), 32 Ill.App.3d 411, 416, 339 N.E.2d 114. This power, however, must be exercised by giving more weight to basic concepts of fundamental fairness and justice than to procedural matters. (DeanEefft's Zev Jur & Maix et al., Wingo Ass'n (1980), 111 Ill.App.2d 384, 388, 215 N.E.2d 313) Whether substantial justice is being done between the litigants and whether it is reasonable under the circumstances to compel the other party to go to trial on the merits are stated as the overriding considerations. Peppen v. Retz. Adkins (1971), 48 Ill.2d 402, 405, 270 N.E.2d 281. | Dismissal of law suit for want of prosecution must be exercised by giving more weight to basic concepts of fundamental fairness and justice than to procedural matters; whether the litigants, and whether it is reasonable under the circumstances to compel the other party to go to trial on the merits are the overriding considerations. | Should dismissal of a law suit for want of prosecution be exercised by giving more weight to basic concepts of fundamental fairness and justice than to procedural matters? | 039178.docx | LEGALEASE 00155426-LEGALEASE 00155429 | Condensed, SA, Sub | 0.6 | | | 1 | | | 1 |
| 1275 | McDonald v. Lopez, 2014 IL App (1st) 130401 | 307A+484 | If the document as a whole shows that the affiant's is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, Rule 191 is satisfied. Doria v. Village of Downers Grove, 397 Ill.App.3d 752, 756, 336 Ill.Dec. 864, 921 N.E.2d 478 (2009). "Prima facie authority of a document necessarily requires showing that the writing contains facts rather than a matter sufficiently obscure so as to be known to only a small group of individuals." People v. Diaz, 297 Ill.App.3d 120, 130, 233 Ill.Dec. 371, 828 N.E.2d 341 (2000). It is the function of a trial court to determine the adequate admissibility of evidence, and to rule on the reliability of the document information. Independent Trust Corp. v. Harvick, 151 Ill.App.3d 941, 951, 288 Ill.Dec. 669, 814 N.E.2d 218 85 (2004). Here, Dr. Lopez performed a thorough personal review of the affiant consists of facts within his personal knowledge and is therefore in compliance with Rule 191. | This document as a whole shows that the affiant's based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, then Rule 191 is satisfied. Rules governing Affidavits in support of a motion for involuntary dismissal based upon certain defects or defenses is satisfied. SA A. 733 615.5 (2) 939. 5 and 5, Rule 191(e). | When is the rule governing affidavit in support of a motion for involuntary dismissal based upon certain defects or defenses satisfied? | 039384.docx | LEGALEASE 00154857-LEGALEASE 00154858 | Condensed, SA, Sub | 0.62 | | | 1 | 1 | | |
| 1276 | PNC Multifamily Capital Institutional Fund XXVI Ltd 3' Kdp v. ADH Regent 1st K'dp, 262 Or. App. 503 | 307A+554 | We turn to the question of personal jurisdiction. "Plaintiff has the burden of alleging and proving facts sufficient to establish personal jurisdiction." Portland Trailer & Equipment v. A'J Freeman Motang, 166 Or.App. 651, 659, 5 P.3d 416, adj'd on reconsideration, 168 Or.App. 654, 4 P.3d 741 (2000) A court may consider whether to dismiss a complaint on the basis of facts drawn both from the complaint and from the submitted on behalf of the defendant. See Black's, 151 Or.App. at 654, 5 P.3d 416 (spreading RCP 21 A). We construe the pleading affidavits, declarations and other evidence." Black, 157 Or.App. at 655, 5 P.3d 416 (quoting State v. Rikoskie, 303 Or. 333, 358, 738 P.2d 1006 (1987)). And affidavits liberally in favor of jurisdiction. Item Technical Services, Inc. v. Kaneko, 233 Or.App. 626, 636, 222 P.3d 15 (2011). | A court may consider whether to dismiss a complaint for lack of personal jurisdiction on the basis of facts drawn both from the complaint and from the matters outside the pleading, including affidavits, declarations and other evidence. Rules Civ Proc., Rule 21. | Can a court consider whether to dismiss a complaint for lack of personal jurisdiction on the basis of facts drawn both from the complaint and matters outside the pleading? | Pretrial Procedure - Memo # 9480 - C - D6_43435.docx | ROSS-003250894-ROSS-003250897 | SA, Sub | 0.68 | | | 1 | | | 1 |
| 1277 | Bryant v. Smith Interior Design Grp., 2009 WL 981958 | 307A+560 | When presented with a motion to dismiss for lack of personal jurisdiction, a trial court is limited to examining the petition on its face and the supporting affidavits in determining the limited question of personal jurisdiction. In the plaintiff is not required to prove the elements forming the basis of the defendant liability, but must demonstrate that facts contained in the long-arm statute exist. State v. Akbar, 213 S.W.3d 213, 215 (Mo.App. E.D.2007). | When presented with a motion to dismiss for lack of personal jurisdiction, a trial court is limited to examining the petition on its face and the supporting affidavits in determining the limited question of personal jurisdiction. | When presented with a motion to dismiss for lack of personal jurisdiction, is a trial court limited to examining the petition on its face and the supporting Affidavits in determining the limited question of personal jurisdiction? | 039682.docx | LEGALEASE 00155056-LEGALEASE 00155057 | Condensed, SA | 0.51 | | | 1 | | | 1 |
| 1278 | Brown v. Reford Am., 186 N.C. App. 631 | 307A+485 | Where unverified allegations in the plaintiff's complaint meet plaintiff's initial burden of proving the existence of jurisdiction and defendant does not contravene plaintiff's allegations in its sworn affidavit, such allegations are accepted as true and deemed controlling. J.T. Wyatt v. Watt Disney World Co., 151 N.C.App. 158, 163, 565 S.E.2d 190, 193 (2002) (alterations omitted) (internal quotation marks and citations omitted). However, where the defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, the court cannot "look to the uncontroverted allegations in the complaint and the uncontroverted facts in the sworn affidavit" in its determination of the issue. | Where a nonresident defendant submits an affidavit in support of his motion to dismiss for lack of personal jurisdiction, the court will look to the uncontroverted allegations in the complaint? | 039585.docx | LEGALEASE 00155092-LEGALEASE 00155093 | SA, Sub | 0.56 | | | 1 | 1 | | |
| 1279 | Gill v. Leighton, 108 Nmb 379; Gill v. Eugene, 108 Neb 379 | 322H+1273 | At common law, a "exchange of land" was a mutual grant of equal interests, one in consideration to the other, and differed from a sale for the there the interest, not necessarily monetary, paid to dignity as a fee for a fee the money, price or value was placed to either of the properties exchanged; 19 Cor. J.S.; Whedon v. Collison, 32 Or. 297, 52 Pac. 26; Long v. Fuller; Ohr's, 21 Nbr. 311; Schwartz v. Rister; 104 Nbr. 318; 93 N. Blackstone Commentaries, 323. | At common law, an "exchange of land" was a mutual grant of equal interests, one in consideration of the other and differed from a sale for there the interest, not necessarily monetary, paid to dignity as a fee for a fee the money price or value was placed to either of the properties exchanged. | "At common law, is an exchange of land a mutual grant of equal interests, one in consideration of the other and different from the sale in that no fixed money, price or value was placed on either of the properties exchanged?" | Exchange of Property - Memo 9 - AM.docx | LEGALEASE 00046643-LEGALEASE 00046644 | SA, Sub | 0.38 | | | 1 | 1 | | |
| 1280 | Hornsten v. Wolf, 109 A.3.D 129 | 307A+485 | Initially, we note that unless a motion to dismiss for failure to state a cause of action is converted by court to a motion for summary judgment, affidavits received on the motion are not to be examined for the purpose of determining whether there is evidentiary support for the pleading (see, Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 272, 401 N.Y.S.2d 182, 372 N.E.2d 17; Rovello v. Orofino Realty Co., supra, 40 N.Y.2d at 635-636, 389 N.Y.S.2d 314, 337 N.E.2d 1041). | Unless a motion to dismiss for failure to state a cause of action is converted by court to a motion for summary judgment, affidavits submitted in support of or in opposition to motion will not be examined? | Pretrial Procedure - Memo # 10491 - C - AC_42584.docx | ROSS-003031655-ROSS-003031656 | Condensed, SA | 0.47 | | | 1 | 1 | | |
| 1281 | Thacker v. Bartlett, 785 N.Z. Ed 921 | 307A+490 | In so granting or denying a motion to dismiss a claim on the ground that the complaining party remains able to file an amended complaint within the parameters of the applicable rule (see, Kleining, Waton v. William Morrow & Assoc., 368 N.Z.2d 1093, 1095 [1985], in so granting or denying a motion to dismiss a claim, such a dismissal for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the applicable rule. Indeed, this Court has either to amend his complaint as of right (see, CPLR 2-24a), 4) or to seek leave to amend his complaint and seek to amend the complaint by filing the and final dismissal. Id. at 1044 Therefore, a Trial Rule 12(B)(6) dismissal is without prejudice, since the complaining party remains able to file, in so granting or denying a motion to dismiss a claim, such a dismissal also does not usually operate as an adjudication on the merits and is ordinarily not res judicata. See Browning, 616 N.E.2d at 1044; see also Kolomo Med. Arts Bldg. Pshp. v. William Hutchens & Assocs., 566 N.E.2d 809, 1, 095 [Ind.Ct.App.1991] | "Is a dismissal of a complaint for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the applicable rule?" | 029015.docx | LEGALEASE 00157337-LEGALEASE 00157338 | SA, Sub | 0.76 | | | 1 | | | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2282 | Stein v. Asheville City Bd. of Educ., 168 N.C. App. 243 | 307A+690 | Plaintiffs argue that because they intended to refile their action and wanted to avoid presenting a "fragmented case" to this Court, this Court may still review the 11 June 2001 order. Plaintiffs' argument fails to recognize that the trial court dismissed the claims against the Buncombe County Board "with prejudice." This Court's dismissal of plaintiffs' appeal from the 16 July 2001 order as interlocutory left that order intact subject to a subsequent appeal. "The legal import of the words "with prejudice" as applied to a judgment of dismissal is to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action." Ottinger v. Chronister, 13 N.C.App. 91, 96, 185 S.E.2d 292, 295 (1971). Without a reversal by the Court of Appeals of the dismissal "with prejudice," any refiling of the claims against the Buncombe County Board was barred by res judicata. The trial court in this case, therefore, properly dismissed the reasserted claims against the Buncombe County Board. | The legal import of the words "with prejudice" as applied to a judgment of dismissal is to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action. | "Is the legal import of the words ""with prejudice"" as applied to a judgment of dismissal to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action?" | 025655.docx | LEGALEASE-00157988-LEGALEASE-00157989 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 2283 | United States v. Nicklas, 713 F.3d 435 | 377E+12(1) | We agree with the sound reasoning in Jeffries, and now join the other circuits that have concluded " 875(c) does not require the government to prove a defendant specifically intended his or her statements to be threatening, but rather requires the government to prove a reasonable recipient would have interpreted the defendant's communication as a serious threat to injure. We therefore conclude the district court did not abuse its discretion when it granted the government's motion to strike surplusage from the indictment. See United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir.1990) (reviewing a motion to strike surplusage from an indictment for an abuse of discretion). | The statutory prohibition against "transmit(ting) in interstate or foreign commerce any communication containing any threat to injure the person of another" does not require the government to prove a defendant specifically intended his or her statements to be threatening, but rather requires the government to prove a reasonable recipient would have interpreted the defendant's communication as a serious threat to injure. 18 U.S.C.A. S 875(c). | Does the statutory prohibition against transmitting a threatening communication in interstate commerce require the government to prove a defendant specifically intended his or her statements to be threatening? | 046696.docx | LEGALEASE-00156955-LEGALEASE-00156956 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | 1 |
| 2284 | League of United Latin Am. Citizens v. Wilson, 908 F. Supp. 755 | 360+18.43 | Because the federal government bears the exclusive responsibility for immigration matters, the states "can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states." Takahashi v. Fish & Game Comm'n, 334 U.S. 410, 419, 68 S.Ct. 1138, 1142, 92 L.Ed. 1478 (1948). See also Plyler v. Doe, 457 U.S. 202 at 225, 102 S.Ct. 2382 at 2399, 72 L.Ed.2d 786 (1982) ("The States enjoy no power with respect to the classification of aliens." (citing Hines v. Davidowitz, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941))). | Because federal government bears exclusive responsibility for immigration matters, states can neither add to nor take from conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in United States. | can states add or take from the conditions lawfully imposed by Congress upon the residence of aliens in the United States? | "Aliens, Immigration, and Citizenship - Memo 53 - RK.docx" | LEGALEASE-00047811-LEGALEASE-00047812 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 2285 | In re Strickland, 2002 WL 58482 | 307A+699 | A trial judge has plenary power to reinstate a case within 30 days of dismissal for want of prosecution. Tex.R. Civ. P. 165a(3), (4); Neese v. Wray, 893 S.W.2d 169, 170 (Tex.App.-Houston [1st Dist.] 1995, no writ). A verified reinstatement motion filed within 30 days of dismissal extends plenary power for the same amount of time as would a properly filed new trial motion. Tex.R. Civ. P. 165a(3); McConnell, 800 S.W.2d at 194; Dardari v. Texas Commerce Nat'l Bank Ass'n, 961 S.W.2d 466, 469 (Tex.App.-Houston [1st Dist.] 1997, no writ). The same is true of a prematurely filed, verified reinstatement motion. See In re Bokeloh, 21 S.W.3d 784, 788 (Tex.App.-Houston [14th Dist.] 2000, orig. proceeding). An unverified reinstatement motion, however, does not extend plenary power beyond 30 days from dismissal. See McConnell, 800 S.W.2d at 194; Dardari, 961 S.W.2d at 469. Salazar's unverified motion thus did not extend plenary power. | A verified reinstatement motion filed within 30 days of dismissal extends plenary power for the same amount of time as would a properly filed new trial motion; the same is true of a prematurely filed, verified reinstatement motion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Does a verified reinstatement motion filed within 30 days of dismissal extend plenary power for the same amount of time as would a properly filed new trial motion? | 025525.docx | LEGALEASE-00158862-LEGALEASE-00158863 | Order, SA, Sub | 0.7 | 1 | 0 | 1 | 1 | 1 |
| 2286 | Welborn v. Ferrell Enterprises, 376 S.W.3d 902 | 307A+582 | In determining whether a party prosecuted her case with reasonable diligence, the judge may consider a variety of issues, including the entire history of the litigation, periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. See Lopez v. Harding, 68 S.W.3d 78, 80 n. 2 (Tex.App.-Dallas 2001, no pet.) (citing State v. Rotello, 671 S.W.2d 507, 509 (Tex.1984); Jimenez, 999 S.W.2d at 129; Frenzel v. Browning"Ferris Indus. Inc., 780 S.W.2d 844, 845 (Tex.App.-Houston [14th Dist.] 1989, no writ)). See also Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex.App.-Dallas 1992, no writ) (When reviewing a case for want of prosecution, the court may consider the entire history of the proceeding in determining whether to reinstate the action.). | In determining whether a party prosecuted her case with reasonable diligence, for the purpose of deciding whether to dismiss the case for want of prosecution, a trial court may consider a variety of issues, including the entire history of the litigation, periods of activity, intervals of inactivity, reasons for lack of attention, and the passage of time. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Can a court consider the entire history of a proceeding in determining whether to reinstate an action dismissed for want of prosecution? | 025565.docx | LEGALEASE-00158150-LEGALEASE-00158151 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 2287 | Caracci v. Edgar, 160 Ill. App. 3d 892 | 307A+693.1 | The foregoing chronology establishes that the actions of the parties in proceeding on the merits after November 7, 1984, were sufficient to revest the circuit court with jurisdiction. Although further proceedings after a dismissal are, in general, unauthorized until the dismissal is vacated and the cause reinstated, an exception arises where the parties actively participate in further proceedings or the party in whose favor dismissal was entered otherwise conducts himself in a manner inconsistent with the order of dismissal, thus nullifying the order of dismissal and revesting the trial court with jurisdiction. (Governale v. Northwest Community Hospital (1986), 147 Ill.App.3d 590, 596, 101 Ill.Dec. 5, 497 N.E.2d 1318.) Since the parties actively participated in subsequent proceedings without objection, the dismissal order of November 7, 1984, became a nullity. Therefore, we find nothing improper in the circuit court's action on August 29, 1985, vacating the dismissal order of November 1984. | Exception to rule, that further proceedings after dismissal are, in general, unauthorized until dismissal is vacated and cause reinstated, arises where parties actively participate in further proceedings or party in whose favor dismissal was entered otherwise conducts himself in manner inconsistent with order of dismissal, thus nullifying order of dismissal and revesting trial court with jurisdiction. | Are further proceedings unauthorized until the judgment of dismissal is vacated and the cause reinstated? | 025815.docx | LEGALEASE-00159158-LEGALEASE-00159159 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |
| 2288 | Lyons v. Pirello, 194 So. 2d 147 | 413+279 | It is now well settled that the Workmen's Compensation Law of this state does not purport to render all employers liable for the benefits therein provided.The statute in question embraces only such occupations as are therein expressly declared hazardous or are found by the courts to be hazardous. Eligibility for benefits does not exist unless the employee is injured in the performance of work of a hazardous nature and which forms a part of the employer's regular trade, occupation or business. LSA-R.S. 23:1035; Shipp v. Bordelon, 152 La. 795, 94 So. 399. | Eligibility for benefits under workmen's compensation statute does not exist unless employee is injured in performance of work of hazardous nature and which forms a part of employer's regular trade, occupation or business. LSA-R.S. 23:1035. | "Can employees get compensation benefits if they are injured while doing work of a hazardous nature which is part of the employers regular trade, occupation, or business?" | 048654.docx | LEGALEASE-00158864-LEGALEASE-00158865 | Condensed, SA, Sub | 0.57 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 21,876 | 9,029 |
| 2289 | In re T.M., 207 Cal. App. 4th 892 | 211v2031 | Under these principles, federal courts have long recognized that state courts have jurisdiction over child welfare determination, including matters pertaining to undocumented minors, absent an express federal provision to the contrary. Federal law imposes requirements on state dependency plans and recognizes "the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." (Perez*Olano v. Gonzalez (C.D.Cal.2008) 248 F.R.D. 248, 265 (Perez*Olano ); ref. 42 U.S.C. § 671(a)(15)(A) et seq.) Congress expressly anticipates that a child is victim of human trafficking may be in the custody of an agency of a state, or an individual or entity appointed by a juvenile court, acting in loco parentis. (8 U.S.C. § 1232(d)(5).) Further, a child victim of human trafficking may qualify for refugee status, (8 U.S.C. § 1101(a)(42).) To meet its goal to assist refugee children, the federal government directs the states to provide for unaccompanied refugee children who are present in their state and to establish procedures for their care and supervision, including legal custody and/or guardianship under state law. (45 C.F.R. § 400.5(10)(1), see generally, 45 C.F.R. § 400.1 et seq.) | Under these principles, federal courts have long recognized that state courts have jurisdiction over child welfare determinations, including matters pertaining to undocumented minors, absent an express federal provision to the contrary. Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, § 106, 42 U.S.C.A. § 5106a. | Are state courts the appropriate forum for child welfare determinations regarding neglect or abandonment of a child? | "Aliens, Immigration and Citizenship - Memo 116 - RK_64753.docx" | ROSS 003322003 ROSS-003312002 | SA, Sub | 0.75 | 0 | | 1 | 1 | |
| 2290 | H.S.P. v. J.K., 223 N.J. 196 | 241v279 | The process for obtaining SIJ status is "a unique hybrid procedure that directs the collaboration of state and federal systems." * In re Marcial Nkn. 115 So.3d 181 189 (Fla.5th Dist.Ct.App.2013); see Yeboah v. U.S. Dept. of Justice, 345 F.3d 216, 221 (3d Cir.2003) (quoting In re Y.C., 109 A.3d 100, 104, 569 N.Y.S.2d 150 (N.Y.2013)); E.C.S. v. P.D.V.S.15 A.3d 83 85 (N.J.2011) (explaining that to obtain SIJ status to stabilize minors T.30 "a special circumstance "where a state juvenile court is charged with making an assessment of the best interest for the immigrant minor," (quoting In re J.J.X.G., 113 So.3d 424 129, N.Y.S.2d 215 (Fla.3d Dist.Ct.App.2013)), the chief [or another individual acting on his or her behalf] must first make a factual finding to a determination of dependency or in making findings that the juvenile satisfies certain criteria." * Sonbana v. Barray, 211 Md.App. 440, 204. 65 A.3d 191, 197-98 (Md.Ct.App.2013) (quoting In re Marcial n.k.a. M*V*, 115 So.3d 181, 189 (Fla.5th Dist.Ct.App.2013)). The juvenile court must make the following findings: 0 The juvenile is under the age of 21 and is unmarried;(2) The juvenile is dependent on the court (or has been placed under the custody of an agency or an individual appointed by the court):(3) The "juvenile court" that jurisdiction under state law to make child judicial determinations about the custody and care of juveniles;(4) That reunification with one or both of the juvenile's parents is not viable due to abuse, neglect, or abandonment or a similar basis under State law and (5) It is not in the "best interest" of the juvenile to be returned to his parents previous country of nationality or country of last habitual residence within the meaning of (8 U.S.C.A. * 1101(a)(27)(J)(i).) 8 C.F.R. * 204.11(a), (d)(2)(iii) (amended by TVPRA 2008). | When making predicate factual findings that a juvenile seeking special immigrant juvenile (SIJ) status satisfies certain criteria, a state juvenile court is not required to apply New Jersey law, and not the law of foreign nation, in determining whether juvenile had been abused, neglected, or abandoned, where the court would make determination as to the "nonfication with" or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis under State law." Immigration and Nationality Act, § 101(a)(27)(J), 8 U.S.C.A. § 1101(a)(27)(J). | Does a juvenile court have to make a finding that reunification with one or both of the immigrant's parents is not viable for a person to be eligible for Special Immigrant Juvenile (SIJ) status? | 004794.docx | LEGALAGK-00160342-LEGALEASE-00160343 | | 0.67 | 0 | | | 1 | |
| 2291 | In re T.M., 207 Cal. App. 4th 892 | 211v2031 | Under these principles, federal courts have long recognized that state courts have jurisdiction over child welfare determination, including matters pertaining to undocumented minors, absent an express federal provision to the contrary. Federal law imposes requirements on state dependency plans and recognizes "the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." (Perez*Olano v. Gonzalez (C.D.Cal.2008) 248 F.R.D. 248, 265 (Perez*Olano); ref. 42 U.S.C. § 671(a)(15)(A) et seq.) Congress expressly anticipates that a child is victim of human trafficking may be in the custody of an agency of a state, or an individual or entity appointed by a juvenile court, acting in loco parentis. (8 U.S.C. § 1232(d)(5).) Further, a child victim of human trafficking may qualify for refugee status, (8 U.S.C. § 1101(a)(42).) To meet its goal to assist refugee children, the federal government directs the states to "'provide for unaccompanied refugee children who are present in their state and to establish procedures for their care and supervision, including legal custody and/or guardianship under state law. (45 C.F.R. * 400.5(10)(1), see generally, 45 C.F.R. * 400.1 et seq.) | Under these principles, federal courts have long recognized that state courts have jurisdiction over child welfare determinations, including matters pertaining to undocumented minors, absent an express federal provision to the contrary. Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, § 106, 42 U.S.C.A. § 5106a. | Are state courts the appropriate forum for child welfare determinations regarding abuse or neglect of a child? | "Aliens, Immigration and Citizenship - Memo 120 - RK_64762.docx" | ROSS-003294794 ROSS-003294795 | SA, Sub | 0.75 | 0 | | 1 | 1 | |
| 2292 | In re Mario V., 38 Misc.3d 444 | 241v279 | Federal law provides a path to lawful permanent residency in the United States for resident alien children who qualify for special immigrant juvenile [SIJ] status. See the interest of J.J.X.G., 318 Ga.App. 620, 734 S.E.2d 227 (2012). "SIJ status allows a juvenile immigrant to remain in the United States and seek lawful permanent resident status (federal authorities concern legal custody of juvenile (see in the interest of E.G.M. 264 Neb. 340, 341, 820 N.W.2d 639, 641 (2012); see In re Y.C., 109 A.3d 100, 104, 569 N.Y.S.2d 150 (N.Y.2015); Id.) allows juvenile to remain in the United States to petition for special immigrant resident status (I federal 101(a)(27)(J) status, Immigration and Nationality Act, § 101(a)(27)(J), 8 U.S.C.A § 1101(a)(27)(J)). | Federal law provides a path to lawful permanent residency in the United States for resident alien children who qualify for special immigrant juvenile(SIJ) status. Immigration and Nationality Act, § 101(a)(27)(J), 8 U.S.C.A. § 1101(a)(27)(J). | Does Federal law provide a path to lawful permanent residency in the United States for resident alien children who qualify for Special Immigrant Juvenile (SIJ) status? | "Aliens, Immigration and Citizenship - Memo 121 - RK_64763.docx" | ROSS-003288834 ROSS-003320885 | SA, Sub | 0.62 | 1 | | 1 | 1 | |
| 2293 | Arizona v. United States, 567 U.S. 387 | 24v4600 | The Government of the United States has broad, undoubted power over subject of immigration and the status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. I, § 8, cl. 4. Laqenda & C. Nrof ljurat, Immigration and Refugee Law and Policy 1157 to 199 etd 2008). This authority rests, in part, on the National Government's constitutional power to "establish an uniform Rule of Naturalization," U.S. Const., Art. I, § 8, cl. 4, and its inherent power as sovereign to control and conduct relations with foreign nations, see Toll v. Moreno, 458 U.S. 1, 10, 102 S.Ct. 2977, 73 L.Ed.2d 563 (1982) and relations of this power on a sovereign to control and conduct relations with foreign nations. See Toll, supra, at 10; 102 S.Ct. 2977 (citing United States v. Curtiss'Wright Export Corp., 299 U.S. 304, 318, 57 S.Ct. 216, 81 L.Ed. 255 (1936)). | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to establish an uniform Rule of Naturalization, and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. I, § 8, cl. 4. | Does the power of the government over immigration rest on its power to control relations with foreign nations? | "Aliens, Immigration and Citizenship - Memo 85 - RK_64818.docx" | ROSS 005019 ROSS-003255001 003255020 | Condensed, SA, Sub 0.52 | | | | | 1 | |

424

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2294 | Krell v. Silver, 2003 PA Super 27 | 307A+697 | In Stephens v. Messick, 799 A.2d 793 (Pa.Super.2002), this Court held that a movant must establish three factors in order to have a judgment of non pros opened. First, the petition to open must be promptly filed; second, there must be a reasonable explanation for the delay that preceded the entry of the judgment of non pros; and third, there must exist facts that would support a meritorious cause of action. Stephens, supra. Here, Appellant failed to raise arguments concerning all three factors in her motion for reconsideration. For example, in her motion for reconsideration, Appellant made two arguments as to why the court should reconsider the judgment of non pros: (1) the case was listed for trial for October 18, 2001 when judgment of non pros was entered, and (2) Appellee generally did not meet all of the requirements necessary for the entry of judgment of non pros. In her brief attached to the motion for reconsideration, Appellant further explained her second argument by indicating that the pre-judgment delay was due to injuries sustained by Appellant's counsel in a car accident in January of 1997, Appellant was ill and house bound for all of 2000 and 2001, and numerous discovery requests were made prior to judgment of non pros being entered. Appellant also averred generally in her brief that Appellee was not prejudiced by the pre-judgment delay. | Movant must establish three factors in order to have judgment of non pros opened: (1) petition to open must be promptly filed; (2) there must be reasonable explanation for delay that preceded entry of non pros judgment; and (3) there must exist facts that would support meritorious cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | Should a movant establish three factors in order to have a judgment of non-pros opened? | Pretrial Procedure - Memo 11305 - C - SN_64249.docx | ROSS-003294752-ROSS-003294753 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 2295 | Bowman v. Kusnick, 35 A.D.3d 643 | 307A+596 | To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate a reasonable excuse for his default and a meritorious cause of action (see Betty v. City of New York, 12 A.D.3d 472, 473, 784 N.Y.S.2d 621; Wechsler v. First Unum Life Ins. Co., 295 A.D.2d 340, 341, 742 N.Y.S.2d 668). While the court may accept law office failure that is not willful or deliberate as a reasonable excuse (see Reyes v. Ross, 289 A.D.2d 554, 735 N.Y.S.2d 198; Flomenhaft v. Baron, 281 A.D.2d 389, 721 N.Y.S.2d 381), conclusory and unsubstantiated assertions of law office failure are insufficient (see Werbin v. Locicero, 287 A.D.2d 617, 732 N.Y.S.2d 37), and a pattern of willful default and neglect will not be excused (see Wechsler v. First Unum Life Ins. Co., supra at 341, 742 N.Y.S.2d 668; Wynne v. Wagner, 262 A.D.2d 556, 693 N.Y.S.2d 60; Campenni v. Ridgecroft Estates Owners, 261 A.D.2d 496, 690 N.Y.S.2d 599). | Although court may accept law office failure that is not willful or deliberate as a reasonable excuse that warrants vacating dismissal of action for want of prosecution, conclusory and unsubstantiated assertions of law office failure are insufficient, and a pattern of willful default and neglect will not be excused. McKinney's CPLR 3216. | "On motion to reinstate complaint that was dismissed for failure to timely file note of issue, can a court accept law office failure that is not willful or deliberate as a reasonable excuse for failure to timely file note of issue?" | 039783.docx | LEGALEASE-00159354-LEGALEASE-00159355 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 2296 | Campbell v. Yanoff, 273 A.D.2d 166 | 307A+697 | A party seeking to restore a case to the trial calendar following a dismissal pursuant to CPLR 3404 is required to demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the matter (Ramputi v. Timko Contracting Corp., 262 A.D.2d 26, 27, 691 N.Y.S.2d 432; Nicholos v. Cashelard Restaurant, 249 A.D.2d 187, 189, 672 N.Y.S.2d 98). The IAS court denied plaintiffs' motion to dismiss, finding that the affidavit of merit was insufficient, that plaintiffs took no action during 13 months immediately preceding the motion to restore, and that defendant had been prejudiced by a year-long break in discovery. | A party seeking to restore a case that has been dismissed after being marked off trial calendar must demonstrate a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the matter. McKinney's CPLR 3404. | A party seeking to restore a case that has been dismissed after being marked off trial calendar must demonstrate what? | 039799.docx | LEGALEASE-00159485-LEGALEASE-00159486 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 2297 | Murrell v. New York City Transit Auth., 260 A.D.2d 307 | 307A+697 | Once a case is dismissed pursuant to CPLR 3404, a party seeking to restore it to the trial calendar must demonstrate that the case has merit, that a reasonable excuse for the delay exists, that there was no intent to abandon and that there will be no prejudice to the non-moving party in the event the matter is restored (Ware v. Porter, 227 A.D.2d 214, 642 N.Y.S.2d 278). Here, we find that plaintiffs have sufficiently met their burden to warrant restoration of the matter to the trial calendar. When viewed in conjunction with the verified complaint and the bill of particulars (see, Nicholos v. Cashelard Restaurant, Inc., 249 A.D.2d 187, 672 N.Y.S.2d 98), the affidavit of merit adequately sets forth the existence of a cause of action against defendants. | Party seeking to restore a case to the trial calendar following dismissal for abandonment must demonstrate that the case has merit, that a reasonable excuse for the delay exists, that there was no intent to abandon, and that there will be no prejudice to the non-moving party in the event the matter is restored. McKinney's CPLR 3404. | A party seeking to restore a case to the trial calendar after it has been dismissed as abandoned must demonstrate what? | 039802.docx | LEGALEASE-00159503-LEGALEASE-00159504 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 2298 | Rifkin v. Herman, 262 A.D.2d 389 | 307A+697 | Under the circumstances, it was not an improvident exercise of discretion to vacate the automatic dismissal and to restore the action to the trial calendar. CPLR 3404 creates a rebuttable presumption that an action marked off the trial calendar and not restored within one year has been abandoned. The court has the discretionary power to restore the case if the movant establishes the merit of the cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the other party (see, Drucker v. Progressive Enters., 172 A.D.2d 481, 567 N.Y.S.2d 837; Malpass v. Mavis Tire Supply Corp., 143 A.D.2d 890, 533 N.Y.S.2d 397). | Court has the discretionary power to restore an abandoned case if the movant establishes the merit of the cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the other party. McKinney's CPLR 3404. | Does a court have the discretionary power to restore an abandoned case if the movant establishes the merit of the cause of action and a reasonable excuse for the delay? | 039804.docx | LEGALEASE-00159507-LEGALEASE-00159508 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 2299 | Transtechnology Corp. v. Assessor, 71 A.D.3d 1034 | 307A+697 | With respect to that branch of Transtechnology's motion which was to restore the original proceeding to the trial calendar, pursuant to CPLR 3404, "[a] case in the supreme court ... marked "off" or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute" (CPLR 3404). Thus, "[a] plaintiff seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant" (Krichmar v. Queens Med. Imaging, P.C., 26 A.D.3d 417, 418, 810 N.Y.S.2d 488 [emphasis added] ). | When action, which was marked off trial calendar and not restored within one year, has been dismissed, plaintiff seeking to restore case to trial calendar must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant. McKinney's CPLR 3404. | Can an action which has been deemed abandoned as a result of having been marked off or stricken from a calendar thereafter be restored? | 039807.docx | LEGALEASE-00159519-LEGALEASE-00159520 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 2300 | Koch v. Lavorne, 699 So. 2d 164 | 307A+583 | "[T]he dismissal of a party's case and the subsequent refusal to set aside the dismissal for want of prosecution rests largely within the sound discretion of the trial court." Rivers 668 So.2d at 788 (quoting Bowman, 501 So.2d at 1237). "In reviewing such a dismissal, the appellate court need only determine whether the trial court's action was supported by the evidence." Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala.1991) (citing State v. Horton, 373 So.2d 1096 (Ala.1979)). | Dismissal of party's case and subsequent refusal to set aside dismissal for want of prosecution rests largely within sound discretion of trial court. | Does the dismissal of a party's case and subsequent refusal to set aside dismissal for want of prosecution rest largely within the sound discretion of a trial court? | Pretrial Procedure - Memo 11324 - C - KI_64260.docx | ROSS-003294146-ROSS-003294147 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2301 | Northside Realty Assocs. v. Peachtree Mortg. Corp., 239 Ga. 62 | 275+116.2 | The entry of a supplemental order making findings of fact and conclusions of law, pursuant to Code Ann. s 81A-152, does not change the effect of a final order dismissing a complaint, but merely sets out the basis for the judgment of dismissal. It is not a new judgment, and the Court of Appeals was in error in holding that the date for filing the motion for new trial was 30 days from the entry of the supplemental order setting out findings of fact and conclusions of law. | Entry of a supplemental order making findings of fact and conclusions of law does not change effect of a final order dismissing a complaint, but merely sets out the basis for the judgment of dismissal; such supplemental order is not a new judgment, such as for the purpose of computing time period in which to move for a new trial. Code, S 81A-152(a). | Does entry of a supplemental order making findings of fact and conclusions of law not change effect of a final order dismissing a complaint? | 039871.docx | LEGALEASE-00159677-LEGALEASE-00159678 | Condensed, SA | 0.26 | 0 | 1 | 0 | 1 | |
| 2302 | Winn v. Armour & Co., 184 Ga. 769 | 307A+693.1 | Dismissal of an action for want of prosecution, where the defendant has filed a cross-action seeking equitable relief, does not dismiss the issues raised by the cross-petition. This is true where the relief sought affects codefendants in the proceeding. Accordingly, dismissal of the equitable petition brought by Eidson and others, judgment creditors of Mrs. Athearn, the assignor of the judgment and execution involved in this case, against her, against the assignee of the execution, Frank Winn, and against the judgment defendant, Armour & Co., to which all of the defendants answered, and Armour & Co. filed a cross-action seeking the cancellation of the $5,000 judgment and execution rendered against it and traversing the entry of service of the sheriff in the case in which such judgment was rendered, and seeking to enjoin the assignee of the judgment, Winn, from enforcing the same, was not dismissed in so far as the issues raised by the cross-action of Armour & Co. were concerned. | The dismissal of an action for want of prosecution does not dismiss issues raised by cross-petition filed by defendant seeking equitable relief, even though relief sought affects codefendants. | "Does the dismissal of an action for want of prosecution not dismiss issues raised by cross-petition filed by a defendant seeking equitable relief, even though the relief sought affects codefendants?" | 039877.docx | LEGALEASE-00159722-LEGALEASE-00159723 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 2303 | Akinyemi v. JP Morgan Chase Bank, N.A., 391 Ill. App. 3d 334 | 307A+561.1 | While a trial court should not grant such a motion unless it is clear that there is no way a plaintiff may recover (see Ostendorf v. International Harvester Co., 89 Ill.2d 273, 280, 60 Ill.Dec. 456, 433 N.E.2d 253 (1982)), dismissing a cause pursuant to section 2"619 efficiently allows for the disposal of issues of law or easily proved facts early in the litigation process. See Coles"Moultrie Electric Cooperative v. City of Sullivan, 304 Ill.App.3d 153, 158, 237 Ill.Dec. 263, 709 N.E.2d 249 (1999). | While a trial court should not grant a motion to dismiss based on certain defects or defenses unless it is clear that there is no way a plaintiff may recover, dismissing a cause pursuant to such a motion efficiently allows for the disposal of issues of law or easily proved facts early in the litigation process. S.H.A. 735 ILCS 5/2-619. | Will a court grant a motion to dismiss based on certain defects or defenses? | 039915.docx | LEGALEASE-00159555-LEGALEASE-00159556 | SA, Sub | 0.33 | 0 | 0 | 1 | 1 | |
| 2304 | Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257 | 307A+697 | We review the trial court's decision on the reinstatement motion for abuse of discretion. Ghandi v. Cespedes, 390 N.J.Super. 193, 196, 915 A.2d 39 (App.Div.2007). Following a dismissal for lack of prosecution, Rule 1:13-7(a) permits reinstatement of a complaint "on motion for good cause shown." "Good cause" is an amorphous term, that is, it "is difficult of precise delineation. Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Rule 1:13-7(a) is an administrative rule "designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion." Dismissals under the rule are "without prejudice." R. 1:13-7(a). Accordingly, the right to "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." | The right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to dismissal for lack of prosecution even if the application is made many months later. Rule 1:13-7(a). | Is the right to reinstatement ordinarily routinely and freely granted when a plaintiff has cured the problem that led to the dismissal? | 039952.docx | LEGALEASE-00159693-LEGALEASE-00159694 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 2305 | United States v. Fleming, 671 F.2d 1002 | 110+1184(4.1) | A reviewing court may not change or reduce a sentence imposed within the applicable statutory limits on the ground that the sentence was too severe unless the trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence. United States v. Main, 598 F.2d 1086, 1094 (7th Cir.), cert. denied, 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311 (1979). Applying this rule to the facts of this case, the first question to be determined is whether the sentences imposed by the court fall within the statutory limits.1 | Reviewing court may not change or reduce sentence imposed within applicable statutory limits on ground that sentence was too severe unless trial court relied on improper or unreliable information in exercising its discretion or failed to exercise any discretion at all in imposing the sentence. | Can the court change or reduce a sentence imposed with the applicable statutory limits on the grounds that the sentence was too severe? | 012533.docx | LEGALEASE-00161543-LEGALEASE-00161544 | Condensed, SA | 0.51 | 0 | 1 | 0 | 1 | |
| 2306 | United States v. Taylor, 569 F.3d 742 | 135H+96 | The Double Jeopardy Clause of the United States Constitution bars a defendant's retrial unless the district court declared a mistrial either (1) with the defendant's consent, or (2) because the declaration was manifestly necessary. | Double Jeopardy Clause of the United States Constitution bars a defendant's retrial unless the district court declared a mistrial either (1) with the defendant's consent, or (2) because the declaration was manifestly necessary. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause of the United States Constitution bar a defendant's retrial unless the district court declared a mistrial? | 016057.docx | LEGALEASE-00160787-LEGALEASE-00160788 | SA, Sub | 0.08 | 0 | 0 | 1 | 1 | |
| 2307 | Hewitt v. Booth Mem'l Med. Ctr., 178 A.D.2d 401 | 307A+697 | On appeal, the defendants contend that the Supreme Court improvidently exercised its discretion in restoring this action to the trial calendar because the surviving plaintiff failed to rebut the presumption of abandonment which is created by CPLR 3404 when an action is marked off the trial calendar and is not restored within one year. We agree.A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the calendar (see, Gray v. Sandoz Pharms., 158 A.D.2d 583, 551 N.Y.S.2d 551; Malpass v. Mavis Tire Supply Corp., 143 A.D.2d 890, 533 N.Y.S.2d 397; Tucker v. Hotel Employees & Rest. Employees Union, 134 A.D.2d 494, 521 N.Y.S.2d 279). The surviving plaintiff has failed to meet this burden. This action was marked off the trial calendar in April 1988 and the surviving plaintiff's intermittent efforts to obtain appointment as administrator of his late wife's estate were insufficient to excuse his failure to proceed expeditiously. | Party seeking to restore case to trial calendar after it has been dismissed for failure to restore case to trial calendar within one year after it was marked off must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to the calendar. McKinney's CPLR 3404. | "Once a case is dismissed for neglect to prosecute, should a party seeking to restore a case to a trial calendar demonstrate that a case has merit?" | 040053.docx | LEGALEASE-00161507-LEGALEASE-00161508 | Order, SA, Sub | 0.69 | 1 | 0 | 1 | 1 | 1 |
| 2308 | Fico v. Health Ins. Plan of Greater New York, 248 A.D.2d 432 | 307A+697 | "A party seeking to restore a case to the trial calendar after it has been dismissed pursuant to CPLR 3404 must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party in the event that the case is restored to the trial calendar" (Civello v. Grossman, 192 A.D.2d 636, 596 N.Y.S.2d 464). The moving party must satisfy all four components of the test before the dismissal can be properly vacated (see, Roland v. Napolitano, 209 A.D.2d 501, 619 N.Y.S.2d 77). | Party seeking to restore case to trial calendar after it has been dismissed as abandoned must demonstrate merits of case, reasonable excuse for delay, absence of intent to abandon matter, and lack of prejudice to nonmoving party in event that case is restored to trial calendar; all four components of test must be satisfied before dismissal can be properly vacated. McKinney's CPLR 3404. | Should a party seeking to restore a case to a trial calendar after it has been dismissed demonstrate the merits of a case? | 040096.docx | LEGALEASE-00161062-LEGALEASE-00161063 | Condensed, Order, SA, Sub | 0.32 | 1 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2309 | Shuff v. Bartlett, 387 P.3d 656 | 307A+95 | Further, unlike granting a motion for summary judgment, the trial court's granting of a motion to dismiss or a motion for disposition of a plaintiff's claim against a defendant. A trial court has a mandatory duty pursuant to 12 O.S.2011 2012(G) to grant leave to amend where a defect in pleading may be remedied. See Fanning v. Brown, 2004 OK 7, 2 3, 85 P.3d 841. In order for a trial court to dismiss a claim for failure to state a cause of action without giving the plaintiff the opportunity to amend, it must appear that the claim does not constitute the bare minimum the claim has been defectively stated. Id. If the trial court concludes a claim does not exist, its order must "contain a statement that no amendment of the petition could cure the defects in (the petition)'s petition." Id; see also Hobson v. State ex rel. Board of Regents, 2015 OK CIV APP 70, 358 P.3d 288. | If the trial court, in granting a motion to dismiss, concludes a claim does not exist, its order must contain a statement that no amendment of the petition could cure the defects in the plaintiff's petition. | "If the trial court, in granting a motion to dismiss, concludes that a claim does not exist, should the trial court's order contain a statement that no amendment of the petition could cure the defects in the plaintiff's petition?" | 043116.docx | LEGALEASE-00161462-LEGALEASE-00161463 | Condensed, Order, SA | 0.76 | 1 | 1 | 1 | 1 | 1 |
| 2310 | Town of Mississippi v. Cornell, 304 So. 2d 478 | 307A+95 | Rule 1.190, F.R.C.P., provides that leave to amend a pleading shall be freely given when justice so requires. This is generally interpreted to allow a plaintiff to at least amend his complaint one time in an attempt to state a cause of action unless, of course, it is clear than a plaintiff will not be able to state a cause of action. As this court stated in Brown v. Montgomery Ward and Company, Fla.App.1st, 252 So.2d 817, doubts should be resolved in favor of allowing amendments unless and until it appears that the privilege to amend will be abused. It is clear then this court further said: "The court may, in its discretion, deny any party the right to amend the pleadings if the proposed amendment could change or introduce new issues or materially vary the grounds for relief, or where the filing of such pleadings would delay the suit by necessitating requiring a continuance or some circumstances which would be unduly prejudicial to the opposing party. . . ." | Rule which provides that leave to amend a pleading shall be freely given when justice so requires is interpreted to allow a plaintiff to at least amend his complaint one time in an attempt to state a cause of action unless it is clear than a plaintiff will not be able to state a cause of action. 30 West's F.S.A. Rules of Civil Procedure, rule 1.190. | Does the rule require leave to amend to be freely given when justice requires? | Pretrial Procedure - Memo 1169 - C - SKG_65415.docx | ROSS-003282644-ROSS-003282645 | Condensed, SA, Sub 0.64 | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 2311 | Nevada Interstate Properties Corp. v. City of W. Palm Beach, 747 So. 2d 447 | 307A+95 | As further grounds for reversal, we note the trial court dismissed Nevada's original complaint with prejudice without affording Nevada the opportunity to amend in an effort to cure defects in its pleadings. It is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend so as to state a cause of action. | Should a dismissal with prejudice for failure to state a cause of action not be ordered without giving the party offering the defective pleading an opportunity to amend? | 040261.docx | LEGALEASE-00160945-LEGALEASE-00160846 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | 1 |
| 2312 | People v. Kroger, 2015 IL App (4th) 131060 | 307A+563 | Under Illinois law, trial courts have the power to dismiss civil actions "for inexcusable delay and lack of diligence," which is referred to as a dismissal for want of prosecution. City of Crystal Lake v. Gold, 966 N.E.2d 1065, ¶ 29, 358 Ill. Dec. 566; 330 Ill. Dec. 168, 149; (2011). Moreover, as previously stated, this court has held a trial court may dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within "a reasonable period of time." Powell, 2012 IL App (4th) 110160, 51, 364 Ill. Dec. 563. The determination of whether or not to dismiss a case for want of prosecution is governed by the particular facts of the case and rests within the trial court's sound discretion. Department of Revenue v. Steinkopf, 160 Ill.App.3d 1066, 1038; 112 Ill.Dec. 407; 513 N.E.2d 1016, 1022 (1987). | A trial court may dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within a reasonable period of time. | Can a court dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within a reasonable period of time? | 040368.docx | LEGALEASE-00160255-LEGALEASE-00160306 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | 1 |
| 2313 | Holtkamp v. Nance, 888 So. 2d 1275 | 307A+563 | The trial court did not expressly rule on the mother's motion to dismiss the father's petition. However, the import of the court's denying the father's motion for a continuance and its failure to rule on the father's motion to dismiss ... Ala. R. Civ. P. "The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial is within the judicial discretion of a trial court and will not be reversed on an appeal except for abuse of that discretionary power." Thompson v. McQuaggie, 464 So.2d 105, (Ala.Civ.App. 1985). Although dismissal is a harsh sanction, it is warranted where there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332, 341 (Ala.1991). Because the trial judge is in the best position to assess the conduct of the plaintiff, the trial court's decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court." Id. | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abuse of that discretionary power. | Will the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial be reversed? | Pretrial Procedure - Memo 1702 - C - SKG_65431.docx | ROSS-003282863-ROSS-003282864 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | 1 |
| 2314 | Ben Robinson Co. v. Texas Workers' Comp. Comm'n, 934 S.W.2d 149 | 413+726 | Applying the mootness doctrine in a case such as this one would effectively prevent employers from obtaining judicial review of constitutional challenges to the Program itself. In this case the Company's claim of exposure to hazardous materials arose before the trial court rendered its final judgment. Because the short duration of an employer's extra-hazardous status renders it nearly impossible for an employer to obtain judicial review while that status remains pending, we conclude that this case falls within the "capable of repetition yet evading review" exception to the mootness doctrine. See State v. Lodge, 608 S.W.2d 910, 912 (Tex.1980). | Even if employer's appeal from its designation as extra-hazardous was rendered moot by lifting of designation by the Workers' Compensation Commission, appeal fell within the "capable of repetition yet evading review" exception to the mootness doctrine and would thus be reviewable on its merits; short duration of employer's extra-hazardous status renders it nearly impossible for employer to obtain judicial review while that status remains pending. V.T.C.A., Labor Code §§ 411.048(a), 411.045; Tex.Admin. Code title 28, § 164.1(a), 164.5(a). | How would the "capable of repetition yet evading review exception to impact an extra-hazardous designation? | 044713.docx | LEGALEASE-00161455-LEGALEASE-00161464 | Condensed, SA, Sub 0.21 | 0.21 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,079 |
| 2315 | State v. Murphy, 545 N.W.2d 909 | 377E+11 | We also reject Murphy's interpretation of the terrorist-threats statute... | What would limiting the reach of the terroristic threats statute to oral and written threats leave out? | "Threats, Stalking and Harassment - Memo 222 - C - UR_66018.docx" | ROSS/00230/0888-ROSS-00230889 | SA, Sub | 0.79 | 0 | | | 1 | |
| 2316 | Com. v. Balog, 395 Pa. Super. 158 | 135H+96 | We believe that our focus on intentional conduct designed to provoke a mistrial is justified by reference to the case law concerning mistrials... | If conduct of defense witness is intentionally designed to provoke successful mistrial request by Commonwealth, in order to secure a more favorable outcome, retrial is not barred. | "If the conduct of a defense witness is intentionally designed to provoke a successful mistrial request by a Commonwealth, in order to secure a more favorable outcome, is retrial not barred?" | 01585.docx | LEGALEASE-00016855-LEGALEASE-00016856 | Condensed, SA | 0.84 | 0 | | 1 | | |
| 2317 | United States, Aplt. Ass'n v. MAS, Catastrophe, Claims Ass'n, 289 Mich. App. 24 | 135+2 | "Residence" and "domicile" are legally synonymous... | "With respect to question of residency, what factors that may be considered? | 01406.docx | LEGALEASE-00194198-LEGALEASE-00194199 | SA, Sub | 0.47 | 0 | | | 1 | |
| 2318 | United States v. Higgins, 75 F.3d 332 | 135H+97 | Defendants who request a mistrial relinquish their entitlement to a verdict by the jury then impaneled... | Defendants who request mistrial relinquish their entitlement to verdict by jury then impaneled and may not double jeopardy claim to avoid second trial; but if prosecutor deliberately provokes defendant into moving for mistrial, double jeopardy... | Do defendants who request mistrial relinquish their entitlement to verdict by the jury then impaneled and may not raise a double jeopardy claim to avoid a second trial? | Double Jeopardy Memo 257 - C - PC_60476.docx | ROSS/00328/0324-ROSS-00328327 | Condensed, SA, Sub | 0.42 | 0 | 1 | | | |
| 2319 | Friedmann v. State, 172 S.W.3d 831 | 135H+95.1 | Because a defendant's right to have his case decided by the originally empaneled jury is a crucial aspect of the constitutional protection against double jeopardy... | Because a defendant's right to have his or her case decided by the originally empaneled jury is a crucial aspect of the constitutional protection against double jeopardy, the dismissal of that jury always has constitutional consequences; this remains true even if the jury is dismissed... | "Because a defendant's right to have his or her case decided by the originally empaneled jury is a crucial aspect of the constitutional protection against double jeopardy, does the dismissal of that jury always have constitutional consequences?" | 05466.docx | LEGALEASE-00010591-LEGALEASE-00010592 | Condensed, SA, Sub 0.35 | 0 | | 1 | | |
| 2320 | Johnson v. State, 118 Md. App. 539 | 135H+95.1 | Neither party has a right to have his case decided by a jury which may be tainted by bias, or their circumstances... | Neither party has a right to have his case decided by a jury which may be tainted by bias, and in these circumstances, the public's interest of fair trials designed to enhance the just judgment were not denied over defendant's valued right to have his trial concluded by the first jury impaneled. | Does neither party have a right to have his case decided by a jury which may be tainted by bias? | 01452.docx | LEGALEASE-00163511-LEGALEASE-00163512 | SA, Sub | 0 | 0 | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 5,029 |
| 2321 | Gore v. State, 784 So. 2d 418 | 135H+97 | As stated by the United States Supreme Court in Kennedy, the Double Jeopardy Clause would prevent his Sixth Amendment right to trial by the jury of his choice from retrying a defendant where it is established that the judge or prosecutor, by his or her own egregious conduct, caused the defendant to move for mistrial, and the conduct of the judge or prosecutor "was intended to provoke the defendant into moving for a mistrial." 456 U.S. at 679, 102 S.Ct. 2083. "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id. at 676, 100 S.Ct. 2083. Despite this limited exception barring retrial, the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the State from retrying a defendant who succeeds in getting his conviction set aside on appeal due to some error in the proceedings below. | Double jeopardy clause prevents state from retrying defendant where it is established that judge or prosecutor, by his or her own egregious conduct, caused defendant to move for mistrial, and the conduct of judge or prosecutor was intended to provoke defendant into moving for mistrial. U.S.C.A. Const.Amend. 5. | "Does a double jeopardy clause prevent a state from retrying a defendant where it is established that judge or prosecutor, by his or her own egregious conduct, caused a defendant to move for mistrial?" | Double Jeopardy Memo 389 - C - RF_44799.docx | ROSS/003184081-ROSS-003184082 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 2322 | Com. v. Ellis, 432 Mass. 746 | 135H+95.1 | Second, even if the judge erred, the defendant has not made the requisite showing of bad faith. Commonwealth v. Andrews, supra at 448, 530 N.E.2d 1222. Absent evidence that the judge acted in bad faith, alleged judicial error giving rise to a mistrial do not support a claim of double jeopardy. Id. at 448-449, 530 N.E.2d 1222; United States v. Dinitz, supra at 611, 96 S.Ct. 1075. The defendant's claim that a more pointed instruction would have avoided the deadlock is speculative. Without more, these circumstantial allegations of bias do not show that the trial judge acted in bad faith. | Absent evidence that the judge acted in bad faith, alleged judicial error giving rise to mistrial do not support a claim of double jeopardy. U.S.C.A. Const.Amend. 5. | "Absent evidence that the judge acted in bad faith, do alleged judicial errors giving rise to a mistrial not support a claim of double jeopardy?" | 011467.docx | LE&AEASE-00163551-LE&AEASE-00163552 | SA Sub | 0.71 | | 1 | | | |
| 2323 | United States v. Gallagher, 743 F. Supp. 745 | 135H+95.1 | The double jeopardy provision of the Fifth Amendment bars retrial of a criminal defendant after a mistrial is granted over the objection of the defense, unless there is "manifest necessity" for the mistrial. United States v. Shaw, 829 F.2d 714, 717 (9th Cir.1987), cert. denied, 485 U.S. 1022, 108 S.Ct. 1977, 99 L.Ed.2d 881 (1988). The Fifth amendment's prohibition against placing a defendant in twice in jeopardy was designed to prevent repeated prosecutions for the same offense, subjecting the defendant to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. United States v. Jorn, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971). | Double jeopardy provision of the Fifth Amendment defendant after mistrial is granted over objection of defense unless there is "manifest necessity" for the mistrial. U.S.C.A. Const.Amend. 5. | "Does the double jeopardy provision of the Fifth Amendment bar retrial of a criminal defendant after a mistrial is granted over objection of a defense unless there is a "manifest necessity" for mistrial?" | Double Jeopardy Memo 402 - C - MS_66811.docx | ROSS/003182968-ROSS-003182969 | Condensed, SA, Sub | 0.73 | | 1 | | | |
| 2324 | Jordan v. O'Dwyer, 132 A.D.2d 671 | 135H+95.1 | Unlike the situation in which a criminal trial has resulted in a judgment of acquittal, retrial of indictment is not automatically barred where the merits of the charges against the defendant have not been finally resolved (Matter of Plummer v. Rothwax, 63 N.Y.2d 243, 248, 481 N.Y.S.2d 657, 470 N.E.2d 650). Where, as here, a mistrial was granted at the request of a codefendant's attorney, and retrial is not evidence of bad faith or of an attempt by the prosecutor to provoke a mistrial motion, retrial is not barred by the double jeopardy protections (People v. Ferguson, 67 N.Y.2d 383, 388, 502 N.Y.S.2d 972, 494 N.E.2d 77; People v. Presley, 16 N.Y.2d 349, 525 N.Y.S.2d 84; Matter of Owen v. Harrigan, 25 A.D.2d 820, 320 N.Y.S.2d 731). | Unlike the situation in which criminal trial has resulted in judgment of acquittal, retrial of indictment is not automatically barred where merits of charge against defendant have not been finally resolved. U.S.C.A. Const.Amend. 5. | "Unlike a situation in which criminal trial has resulted in a judgment of acquittal, is retrial of an indictment not automatically barred where merits of a charge against defendant have not been finally resolved?" | 011467.docx | LE&AEASE-00163581-LE&AEASE-00163582 | Condensed, SA | | | 1 | | | |
| 2325 | Deal v. Consumer Programs, 470 F.3d 1225 | 156+51.10(3) | Like the district court, we reject Deal's conclusory and unsupported argument on this point. Under Missouri law, "[w]aiver is the intentional relinquishment of a known right, to be inferred only from clear, decisive and unequivocal conduct." Thompson v. Chase Manhattan Mortg. Corp., 90 S.W.3d 194, 207 (Mo.Ct.App.2002) (citation omitted). "To the extent that waiver is based on conduct, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of its conduct is possible." Id. (citation omitted). Further, "the rule that an otherwise reasonable explanation of the conduct is possible," Austin v. Pickett, 87 S.W.3d 343, 348 (Mo.Ct.App.2002) (citation omitted). Deal alleges no facts, and we find nothing in the record, demonstrating CPI intentionally relinquished its right to assert the existence of a condition precedent in the record. Rather, taken Option Agreement as a whole, we seem to examine CPI's individual transaction with Seaton, CPI's conduct cannot be read to constitute an intentional relinquishment by CPI sufficient to waive the payment requirement generally with regard to all stock option contracts in which CPI was a party. We similarly reject Deal's argument with regard to CPI. | Under Missouri law, waiver is the intentional relinquishment of a known right, to be inferred only from clear, decisive and unequivocal conduct, and to be such that no other reasonable explanation of its conduct is possible. | "To rise to the level of waiver, should conduct be so manifestly consistent with and indicative of an intention to renounce a right that no other reasonable explanation is possible?" | 018206.docx | LE&AEASE-00162955-LE&AEASE-00162956 | Condensed, SA | 0.79 | | 1 | | 0 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2326 | Knight v. Chicago Corp., 183 S.W.2d 666 | 260+70 (10.5) | If the term "undivided interest" be given its broadest possible meaning, a question of construction would be presented... According to Summers this type of assignment is an undivided percentage of the working interest. | An "undivided interest" as a possible percentage of the working interest, which differs from the oil payment or the overriding royalty in that it is chargeable with its pro tanto share of the cost of development and production. | "Is an undivided interest an undivided percentage of the working interest, which differs from the oil payment or the overriding royalty in that it is chargeable with its pro tanto share of the cost of development and production?" | Mona and Minerals - Memo 34c - C - ML_66671.docx | ROSS-00197063-ROSS-00197065 | Condensed, SA | 0.9 | 0 | | | 1 | |
| 2327 | Neves on Behalf of Neves v. Chester Hill Hosp., 373 Pa. Super 357 | 307A+497 | A petition to open a judgment of non pros is addressed to the court's equitable power and the exercise of discretion by the court will not be disturbed on appeal absent an abuse of discretion. | Before a court may open a non pros judgment, what should a party seeking vacation demonstrate? | "Before a court can open a non pros judgment, what should a party seeking vacation demonstrate?" | 040750.docx | LEGALEASE 00163221-LEGALEASE 00163222 | Condensed, SA | 0.69 | | 0 | | 1 | |
| 2328 | Wells Fargo Bank, N.A. v. Bakalis, 112 So. 3d 156 | 30+243 | Instead, the remedies that may be available are an opportunity to amend a defective pleading, the failure to attach the necessary documents is a remediable offense. | For purposes of general rule that trial courts are to give plaintiffs an opportunity to amend a defective pleading, the failure to attach the necessary documents is a remediable offense. | "For purposes of general rule that trial courts are to give plaintiffs an opportunity to amend a defective pleading, is the failure to attach necessary documents a remediable offense?" | 040792.docx | LEGALEASE 00163841-LEGALEASE 00163842 | Condensed, SA, Sub | 0.78 | | 1 | 0 | 1 | |
| 2329 | Michadlin v. Doctors Billing & Mgmt. Sols., 336 Md App 530 | 307A+695 | Leave to amend is either expressly stated on the face of the order or it does not exist. | Unless the case is being kept alive by some other means, such as other parties or other still unresolved claims, a dismissal of a pleading without the "with leave to amend" clause that has finally put them is, therefore, nothing to amend Md Rule 2-322 | "Unless the case is being kept alive by some other means, does a dismissal without the magic words 'with leave to amend' close the case finally?" | 040942.docx | LEGALEASE 00163245-LEGALEASE 00163246 | SA, Sub | 0.64 | | 0 | 1 | 1 | |
| 2330 | In re Gateway Ethanol, 415 B.R. 486 | 349A+10 | The first part of the test looks at whether the lease may terminate the agreement during its term. | Under Illinois law, pursuant to the bright-line test for whether a transaction in the form of a lease creates a security interest, if the lease may not be terminated during its term and any one of the "residual value factors" is present, the transaction is a sale without consideration of any other facts and circumstances. | "If the lessee may not terminate the lease during its term and any one of the "residual value factors" is present, is the transaction a sale without consideration of any other facts and circumstances?" | 042762.docx | LEGALEASE 00164032-LEGALEASE 00164013 | Condensed, Order, SA | 0.01 | 1 | | 0 | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2331 | Doctor's Assocs. v. Stuart, 85 F.3d 975 | 25T×184 | When a party agrees "to arbitrate in a state where Federal Arbitration Act (FAA) makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state. 9 U.S.C.A. § 1 et seq. | When a party agrees "to arbitrate in a state where the Federal Arbitration Act (FAA) makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state." Victory Transp. Inc. v. Comisaria General de Abastecimientos y Transportes, 336 F.2d 354, 363 (2d Cir. 1964), cert. denied, 381 U.S. 934, 85 S. Ct. 1763, 14 L.Ed.2d 698 (1965); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos, 553 F.2d 842, 844 (2d Cir. 1977); Island Territory of Curacao v. Solitron Devices, Inc., 489 F.2d 1313, 1317 (2d Cir. 1973), cert. denied, 416 U.S. 986, 94 S. Ct. 2389, 40 L.Ed.2d 763 (1974). Defendants argue, however, that they cannot be deemed to have consented to personal jurisdiction if the arbitration clause is unenforceable. And they assert the arbitration clause is unenforceable because (1) SAI fraudulently induced them into the arbitration agreement, (2) the arbitration agreement is unconscionable, and (3) SAI waived its right to arbitrate. | "When a party agrees to arbitrate in a state where Federal Arbitration Act makes such agreements specifically enforceable, can that party be deemed to have consented to the jurisdiction of that court?" | Alternative Dispute Resolution - Memo 282 | LEGALEASE_00050510 LEGALEASE_00050511 | SA, Sub | 0.76 | 0 | | | 1 | |
| 2332 | Sunstar Ltd. v. CDIII Trading, 829 F. Supp. 2d 636 | 25T×184 | When a party agrees to arbitrate in a state, where the Federal Arbitration Act (FAA) makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state. 9 U.S.C.A. § 1 et seq. | The respondents also contend that this Court does not have personal jurisdiction over them. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the ... parties." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007). But, "[w]hen a party agrees to arbitrate in a state, where the [FAA] makes such agreements specifically enforceable, that party must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in that state." Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 979 (2d Cir.1996) (citation omitted); Therefore, in determining that CDIII, but not China Direct, agreed to arbitrate this dispute, this Court also finds that CDIII is subject to personal jurisdiction in this district. | "When a party agrees to arbitrate in a state where Federal Arbitration Act makes such agreements specifically enforceable, can that party be deemed to have consented to the jurisdiction of that court?" | 008115.docx | LEGALEASE_00165059 LEGALEASE_00165060 | SA, Sub | 0.67 | | | | 1 | |
| 2333 | People v. Blue, 207 III. 2d 542 | 135H×30 | It does not violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying the offense that offense has been considered in determining the defendant's sentence for a previous conviction. U.S.C.A. Const. Amend. 5, 14; S.H.A. Const. Art. 1, § 10. | As a general rule, the protections afforded by the double jeopardy clause are not absolute. See Illinois v. Vitale, 447 U.S. 410, 415, 100 S. Ct. 2260, 65 L. Ed. 2d 228, (1980). "Double jeopardy does not always bar the subsequent prosecution—" As we noted in People v. Levin, 157 Ill.2d 138, 191 Ill.Dec. 422, 623 N.E.2d 1187, ... It does not violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying the offense that offense has been considered in determining the defendant's sentence for a previous conviction. U.S.C.A. Const. Amend. 5, 14; S.H.A. Const. Art. 1, § 10. | "Does it violate double jeopardy principles for a defendant to be convicted and sentenced for a crime even though the conduct underlying that offense has been considered in determining the defendant sentence for a previous conviction?" | Double Jeopardy - Memo 2200 - C - NE_67532.docx | ROSS-003279367-ROSS-003279368 | Condensed, Order, SA, Sub | 0.73 | 0 | 1 | | 1 | |
| 2334 | State v. McCoin, 190 Or. App. 532 | 135H×30 | Double jeopardy precludes the multiple use of the same facts to prove an element of an offense and to enhance the defendant's sentence for that offense. U.S.C.A. Const. Amend. 5; O.R.S. 131.515. | It follows that, subject to any other applicable constitutional limits, the legislature can authorize whatever sentences and the means of calculating it that it deems fit for a particular crime. In other words, double jeopardy precludes the multiple use of the same facts to prove an element of the current offense and to enhance the defendant sentence for that offense (that is, based on prior convictions), even though those facts also underlie the defendant's conviction of the current offense. | "Does double jeopardy preclude the multiple use of the same facts to prove an element of an offense and to enhance the defendant sentence for that offense only if the legislature intended to prohibit such double usage?" | 010955.docx | LEGALEASE_00164843 LEGALEASE_00164844 | Condensed, SA, Sub | 0.37 | | | | 1 | |
| 2335 | City of Brunswick v. Taylor, 87 Ga. App. 751 | 231H×26 | A city may operate an amusement park for profit, and it retains a measure of control over the premises when the operation of the park is vested in a committee composed partly of members of the city council. Davis v. City of Atlanta, 152, 66 S.E.2d 188 (Consti). It follows that a city, which operates a recreation field for profit under an ordinance passed by its council which held a lease over the premises, and its own city commission, retains sole control over the operation of such premises by and through such board is its agent and creature. The test as to which liability... | Are the tests for determining who is the employer the same in workmen compensation cases as in master-servant cases? | 044977.docx | LEGALEASE_00164304 LEGALEASE_00164305 | Condensed, SA, Sub | 0.64 | | | | 1 | |
| 2336 | State v. Michael, J., 274 Conn. 321 | 110H×951.1 | "The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense... As a part of the protection against multiple prosecutions, the double jeopardy Clause offers, in certain circumstances, a valued right to have a trial completed by a particular tribunal." (Citation omitted, internal quotation marks omitted.) Oregon v. Kennedy, 456 U.S. 667, 672, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982). As a general rule, however, the double jeopardy clause imposes no impediment to retrial when a defendant successfully seeks to have his trial terminated before a verdict on the merits without any indication that the government has intended to provoke him into requesting a mistrial or that the government harassed... | As a general rule, the double jeopardy clause imposes no limitation upon the power of the government to retry a defendant who has succeeded in persuading the court to declare a mistrial. U.S.C.A. Const.Amend. 5. | "As a general rule, the double jeopardy clause impose limitation upon the power of the government to entry a defendant who has succeeded in persuading the court to declare a mistrial?" | 016024.docx | LEGALEASE_00165746 LEGALEASE_00165747 | Condensed, SA, Sub | 0.79 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 21,876 | 9,029 |
| 2337 | State v. Liberatore, 4 Ohio St. 3d 13 | 135H+1 | Where successive prosecutions are at stake, the double jeopardy guarantee serves "a constitutional policy of finality for the defendant's benefit." United States v. Jenkins, 420 U.S. 358, 95 S.Ct. 1006, 1010-1, 43 L.Ed.2d 250, 257 (1975)... | Where successive prosecutions are at stake, does the guarantee against double jeopardy serve a constitutional policy of finality for the defendant's benefit? | D1D049.docx | LEGALEASE 00165797 LEGALEASE 00165798 | SA, Sub | 0.59 | 0 | | 1 | | |
| 2338 | State v. Musselman, 667 P.2d 1061 | 135H+1061.1 | An appellate court, on principles deeply rooted in the double jeopardy clause of the Utah and federal constitutions, and by the very nature of the judicial process, is required to examine on acquittal even though the acquittal was made under an incorrect application of the law or an erroneous determination of the facts... | Once a criminal charge has resulted in an acquittal by trier of fact, does prohibition against double jeopardy prevent the determination from ever again being challenged? | D1D051.docx | LEGALEASE 00165627 LEGALEASE 00165628 | SA, Sub | 0.68 | 0 | | | 1 | |
| 2339 | United States v. Sanders, 591 F.2d 1293 | 210+346.1 | A defendant clearly may not be reprosecuted for the same crime after an acquittal. Benton v. Maryland, 395 U.S. 784, 796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In some instances, however, a court may have to discharge a jury before it makes a decision on guilt or innocence. Discharge in such cases will not necessarily operate to the defendant's disadvantage, and may even be necessary to protect his interests... | Can a defendant not be reprosecuted for the same crime after an acquittal, but in some instances a court may have to discharge a jury before it makes a decision on guilt or innocence? | D1D103.docx | LEGALEASE 00165653 LEGALEASE 00165654 | Condensed, SA, Sub | 0.7 | 0 | 1 | | | |
| 2340 | People v. Viagone, 42 Cal. 210+346.1 | 210+346.1 | In Apprendi, supra, 530 U.S. 466, 120 S.Ct. 2348, the high court held that "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Id. at p. 490, 120 S.Ct. 2348.) The rule of Apprendi is grounded on the reasoning that "The federal Constitution requires the elements of a crime to be proved beyond a reasonable doubt if there is exposure to increased punishment..." | Should other than the fact of prior conviction any fact that increases penalty for crime beyond prescribed statutory maximum be submitted to jury and proved beyond a reasonable doubt? | D1D059.docx | LEGALEASE 00166214 LEGALEASE 00166215 | Condensed, SA, Sub | 0.55 | 0 | | | 1 | |
| 2341 | People v. Grace, 258 Mich. App. 274 | 135H+96 | Jeopardy attaches when a jury is selected and sworn and the Double Jeopardy Clause therefore protects a defendant's interest in avoiding multiple prosecutions even where the accused has suffered no impairment because the defendant... | If a criminal trial is concluded prematurely, is a retrial for that offense prohibited on double jeopardy grounds unless the defendant consented to the interruption or a mistrial was declared because of a manifest necessity? | ROSS 0032967222-ROSS-0032967223 | SA, Sub | 0.73 | 0 | | 1 | | |

432

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2342 | Cty. of Erie v. City of Erie, 113 Pa. 360 | 371+2288 | This being so, the property in question was not taxable at the adoption of the constitution of 1874. There is no legislation since that which makes it taxable. The act of May 14, 1874, (P. L. 158,) contains no provision subjecting such property to taxation. Unless, therefore, article 9, par. 1, Const., changes the law, and makes such property taxable, it is not taxable at all, simply because there is no law making it so. The language of the section is as follows: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity." | Article IX, S 1, of the constitution, provides that "all taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax and shall be levied and collected under general laws; but the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship," etc. This section does not declare that all property whether public or private shall be subject to taxation nor does it contain any equivalent provision. The provision therefore can not operate to repeal any pre-existing law exempting public property from taxation because there was no such law. Such property was not taxable because there was no law that made it so. The new constitution might have made it taxable, but did not; the provision that the legislation might exempt did not result in making it taxable, without such exemption. | When is a public property exempt from tax? | 046513.docx | LEGALEASE-00166152-LEGALEASE-00166153 | Condensed, SA, Sub | 0.02 | 0 | 1 | 1 | 1 | 1 |
| 2343 | Parce v. Byrd, 533 So. 2d 812 | 135H+95.1 | Prohibition is a proper remedy to prevent a retrial when a valid double jeopardy argument is raised. See Strawn v. State, 332 So.2d 601 (Fla.1976). If a jury is discharged before reaching a verdict for legally insufficient reasons and without the defendant's consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. State v. Grayson, 90 So.2d 710 (Fla.1956). In the absence of a motion by the defendant, a mistrial should be declared only where there is a manifest necessity for such action or the ends of public justice would otherwise be defeated. United States v. Perez, 9 Wheat. 579, 580, 22 U.S. 579, 580, 6 L.Ed. 165 (1824), cited with approval in United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1975). | If jury is discharged before reaching verdict for legally insufficient reasons and without defendant's consent, such discharge is equivalent to acquittal and precludes subsequent trial for same offense. U.S.C.A. Const.Amend. 5. | "If jury is discharged before reaching verdict for legally insufficient reasons and without defendant's consent, is such discharge equivalent to acquittal and precludes subsequent trial for a same offense?" | 015774.docx | LEGALEASE-00166494-LEGALEASE-00166495 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 2344 | State v. Stankevicius, 3 Conn. Cir. Ct. 580 | 135H+104 | The crucial question, determinative of this appeal, is whether the trial judge at the first trial (not the same judge as the one who presided at the second trial) erred in declaring a mistrial. While under the rules of the ancient common law where a jury had been impaneled in a criminal case a declaration of a mistrial and the discharge of the jury before verdict operated as a bar to a further trial of the defendant for the same offense under the doctrine of double jeopardy and worked for all practical purposes an acquittal of the defendant, the present rule, expressed in varying language in judicial decisions, vests in the trial court the authority to discharge a jury, in the exercise of a sound discretion and not arbitrarily, without working an acquittal of the defendant, but only where there is urgent necessity or a compelling reason or when failure so to do would defeat the ends of justice. | Trial court has authority to discharge jury, in exercise of sound discretion and not arbitrarily, without working an acquittal of defendant, but only where there is urgent necessity or compelling reason or when failure so to do would defeat ends of justice. | "Can a court discharge a jury without working an acquittal of accused in any case where ends of justice, under circumstances, would otherwise be defeated?" | 015814.docx | LEGALEASE-00166579-LEGALEASE-00166580 | Condensed, Order, SA | 0.72 | 1 | 1 | 0 | 1 | 1 |
| 2345 | Clukey v. State, 160 Me. 198 | 135H+95.1 | The principles which govern mistrial were fully set forth in State v. Slorah, 118 Me. 203, 209, 106 A. 768, 771, 4 A.L.R. 1256, as follows: "Certain conditions, if arising in the trial of a case, have come to be well recognized as constituting that "urgent necessity" which will warrant the discharge of a jury, and, if they appear of record, will bar a plea of former jeopardy: (1) The consent of the respondent; (2) illness of the court, a member of the jury, or the respondent, (3) the absenting from the trial of a member of the panel or of the respondent; (4) where the term of court is fixed in duration and ends before verdict (5) where the jury cannot agree.' (Emphasis ours) | Conditions which will warrant discharge of jury and which, if they appear of record, will bar plea of former jeopardy are: (1) consent of respondent; (2) illness of court, member of jury, or respondent; (3) absenting from trial of member of panel or respondent; (4) where term of court is fixed in duration and ends before verdict; and (5) where jury cannot agree. | What are conditions which will warrant discharge of a jury and bar a plea of former jeopardy? | 015826.docx | LEGALEASE-00166597-LEGALEASE-00166598 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | |
| 2346 | United States v. King, 713 F. Supp. 2d 1207 | 135H+5.1 | Because subsections 1591(a)(1) and (a)(2) provide for two separate means of violating the same statute, rather than for two separate offenses based on the same conduct, the Fifth Amendment's Double Jeopardy Clause prohibits imposition of punishment for both (a)(1) and (a)(2) counts. However, the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, Davenport, 519 F.3d at 943, "[w]here there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." United States v. Josephberg, 459 F.3d 350, 355 (2d Cir.2006); see also Ohio v. Johnson, 467 U.S. 493, 500, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."). | Although the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, where there has been no prior conviction or acquittal, it does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed. U.S.C.A. Const.Amend. 5. | "Although the Fifth Amendment's Double Jeopardy Clause protects against being punished twice for a single offense, does it not protect against simultaneous prosecutions for the same offense?" | 015877.docx | LEGALEASE-00166691-LEGALEASE-00166692 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 2347 | In re Murray, 191 B.R. 309 | 349A+10 | The statute is clear, however, that a transaction does not create a security interest merely because "the lessee assumes risk of loss of the goods, or agrees to pay taxes, insurance, filing, recording or registration fees, or service or maintenance costs with respect to the goods." 13 Pa.C.S.A. 1201 (6) (ii) (B). Contrary to debtor position, these kinds of factors are typical of "net" leases, Lerch, 147 B.R. at 461, and "reflect less the character of the transaction than the strength of the parties respective bargaining positions." In Marhoefer Packing Co., Inc., 674 F.2d 1139, 1146 (7th Cir.1982) | Under Pennsylvania law, transaction does not create security interest merely because lessee assumes risk of loss of goods, or agrees to pay taxes, insurance, filing, recording, or registration fees, or service or maintenance costs with respect to the goods. 13 Pa.C.S.A. S 1201(6)(ii)(B). | Does a transaction create a security interest merely because a lessee assumes a risk of loss of goods? | 042680.docx | LEGALEASE-00167049-LEGALEASE-00167050 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 2348 | Tyska by Tyska v. Bd. of Educ. Twp. High Sch. Dist. 214, Cook Cty., 117 Ill. App. 3d 917 | 1.41E+20 | Board of education in exercise of its discretionary powers may discontinue or abandon use of public school within boundaries of its jurisdiction and assign students thereof to other schools in school system; board must be able to act in reasonable manner consistent with public interest. (Silverman v. Board of Education of the Township of Millburn (1975), 134 NJ.Super. 253, 339 A.2d 233; Brooks v. Shannon (1939), 184 Okla. 255, 86 P.2d 792.) In Brooks the court held that the board may act within its powers without the need of making any finding of the reason or necessity which induces the exercise of its discretion, because the law commits the government and conduct of the schools in general to the board of the district and places it beyond that of the patrons. | Board of education in exercise of its discretionary powers may discontinue or abandon use of public school within boundaries of its jurisdiction and assign students thereof to other schools in school system; board must be able to act in reasonable manner consistent with public interest. | Does a board of education have the power to discontinue the use of a public school? | Education - Memo 353 - C - HJ_65200.docx | ROSS-003297015-ROSS-003297016 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2349 | Ince Partnum, 399 B.R. 698 | 366+1 | Under a theory of equitable subrogation, a person who pays the debt of another may seek reimbursement to prevent unjust enrichment. In re Hall, 295 B.R. 877, 881 (Bankr. W.D. Ark 2003). To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest; (2) the party seeking subrogation must not have acted as a volunteer; (3) the debt paid must be one for which the party seeking subrogation was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work injustice to the rights of others. In re Flamingo 55, Inc., 378 B.R. 893, 919 (Bankr D.Nev 2007). | To invoke the doctrine of equitable subrogation, five criteria must be met: (1) the party seeking subrogation must have made the payment to protect his own interest; (2) the party seeking subrogation must not have acted as a volunteer; (3) the debt paid must be one for which the party seeking subrogation was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work injustice to the rights of others. | What criteria must be met to invoke the doctrine of equitable subrogation? | Subrogation - Memo 339 - 7.docx | ROSS/000192329313 ROSS-000310524 | Condensed_SA | 0.35 | 0 | 1 | 0 | 1 | |
| 2350 | Doskin, City of Baton Rouge/Par. of E. Baton Rouge, 193 F. Supp. 3d 623 | 237+6(1) | The threshold issue in a defamation action is whether the words complained of are defamatory. Costello, 864 So.2d at 141. Louisiana, defamatory words are traditionally classified into two categories: words that are defamatory per se and statements that are susceptible to a defamatory meaning by virtue of innuendo. "Words expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or surrounding circumstances, are considered defamatory per se." Id. Statements susceptible to a defamatory meaning are "words that tend to harm the reputation of another so as to lower the person in the estimation of the community, to deter others from associating or dealing with the person or otherwise expose a person to contempt, hatred, ridicule, and convey an element of personal disgrace, dishonesty or disrepute. Id. Whether a particular statement is objectively capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener." Reh'v. Rogers, 688 So.2d 670, 734 (La.Ct.App 1997) (quoting Kosmitis v. Bailey, 685 So.2d 1177, 1180 (La.Ct.App.1996)). | "Are words with elements of personal disgrace, dishonesty or disrepute defamatory?" | 06331.docx | LEGALEASE 00085031-LEGALEASE 00085032 | SA_Sub | 0.72 | | 1 | 0 | 1 | |
| 2351 | Endless Ocean v. Twomey, 3074+56.1.1 | 3074+56.1.1 | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense as a matter of law" (Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190). Here, the retainer agreement submitted by the defendants did not conclusively establish a defense as a matter of law (see Harris v. Barbera, 96 A.D.3d 904, 905 906, 947 N.Y.S.2d 548; Sanchez v. Carnevale Med. Ctr., 38 A.D.3d 855, 831 N.Y.S.2d 296; Sileay R. Pvc., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 A.D.3d 34, 38739, 827 N.Y.S.2d 152). | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence establishes the defense of payment as a matter of law? | 11252.docx | LEGALEASE 00094597-LEGALEASE 00094598 | SA_Sub | 0.66 | | 1 | 0 | 1 | |
| 2352 | Casterens v. Smith, 269 S.W.3d 222 | 366+73 | The Supreme Court improperly granted the defendants' motion to dismiss the complaint based on documentary evidence. A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law" (Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190). Further, this Court has long held that a completing surety succeeds under equitable subrogation principles to all rights that the obligee/owner has against the contractor, including the right to use the unpaid contract balance to complete the project or satisfy outstanding claims for labor and materials furnished (see, Aetna Cas. & Sur. Co. v. United States Fid. & Guar. Co., 264 N.Y. 159, 164, 190 N.E. 165 [1934]; see also, Pearlman v. Reliance Ins. Co., supra, at 137, 83 S.Ct. 232, 11 L.Ed.2d 190). The contract between White and the Queensbury Union Free School District provided that the contract was to make payments to the contractor as the work progressed, but that White could retain five percent of the contract price to pay for completion of the project. Upon completion of its obligations under the bonds, Nd became subrogated to this right as well. Moreover, if the parties had stipulated or demonstrated that the funds at issue were assets of an owner's trust (see, Lien Law ?70[5]), Nd could assert the owner's right to obligation under section 71(1) to ensure that the funds were used for the purposes of the trust. | Equitable subrogation applies to every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter. | Does equitable subrogation apply to every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter? | 04365A.docx | LEGALEASE 00121108-LEGALEASE 00121109 | Condensed_SA | 0.06 | | 1 | 0 | 1 | |
| 2353 | Riz Ins. Co. v. New York State Dep't of Labor, 37 N.Y.2d 156 | 366+7(1) | | A surety who completes work on a construction project after a default by the contractor succeeds under equitable subrogation principles to all rights that the obligee/owner has against the contractor, including the right to use the unpaid contract balance to complete the project or satisfy outstanding claims for labor and materials furnished. | Does a surety who completes work on a construction project after a default by the contractor succeed under equitable subrogation principles to all rights that the obligee/owner has against the contractor? | 04087.docx | LEGALEASE 00125656-LEGALEASE 00125657 | Condensed_SA | 0.73 | | 1 | 0 | 1 | |
| 2354 | Lumbermen Mut. Cas. Co. v. Cont'l Cas. Co., 387 F.2d 104 | 307A+747.1 | The purpose of pre-trial is to clearly define all issues to be tried and decided. Counsel have a particular responsibility to assist the court in this trial order in that all issues accomplishes its purpose of clearly defining all issues to be tried and decided. | Counsel have a particular responsibility to assist the court in pre-trial so that the trial order in final form accomplishes its purpose of clearly defining all issues to be tried and decided? | Question: Does a counsel have a particular responsibility to assist a court at pre-trial so that a pre-trial order in a final form accomplishes its purpose of clearly defining all issues to be tried and decided? | 02495.docx | LEGALEASE 00129978-LEGALEASE 00129979 | SA_Sub | 0.33 | | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,029 |
| 2355 | People v. Posce, 48 Misch. 3d App 76 | 92+808 | Second, the defendant asserts that there is no rational relationship between the different classifications of instruments and penalties as described in M.C.L.A. 750.248, M.S.A. s 28.445 and M.C.L.A. s 750.253, M.S.A. s 28.450. From this defendant argues that the disparity in maximum sentences prescribed in these statutes violates the equal protection of the law. U.S. Const. Am. XIV, Const.1963 art. 1, s 1. We cannot agree on the comprehensive and well-reasoned opinion of People v. Brooks, 43 Mich.App. 715, 204 N.W.2d 718 (1972), this Court held that there is a rational distinction between M.C.L.A. s 750.249, M.S.A. s 28.446 which encompasses the forgery and the uttering and publishing of certain classes of documents executed by individuals and private companies and M.C.L.A. s 750.253, M.S.A. s 28.450 which deals with the forgery on the uttering and publishing of bills and notes issued by governmental units and banking companies. Thus, the court found that the differing sentences delineated by the statutes do not violate the equal protection of the law. We find the decision in People v. Brooks held that the statutory scheme of imposing different maximum sentences for the crime of forging or altering and publishing different classes of documents or instruments does not violate equal protection of the law. | Statutory scheme of imposing different maximum sentences for crime of forging or altering and publishing different classes of documents or instruments does not violate equal protection of the law. M.C.L.A. ss 750.248, 750.249, 750.253; U.S.C.A.Const. Amend. 14; M.C.L.A.Const.1963 art. 1, s 1. | Does the statutory scheme of imposing different maximum sentences for the crime of forging or altering and publishing a forged instrument violate equal protection of the law? | Forgery - Memo 45 INC_0792.docx | R055-00283166 3-R055-00283664 | Order, SA, Sub | 0.78 | 1 | 0 | 1 | 1 | |
| 2356 | State Bar of California v. Statile, 168 Cal. App. 4th 650 | 366+1 | "Subrogation, a legal fiction, is broadly defined as the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities. The doctrine is broad enough to include every instance in which one party is required to pay a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter." ' " (Fireman's Fund Ins. Co. v. Wilshire Film Ventures, Inc. (1997) 52 Cal.App.4th 553, 555, 60 Cal.Rptr.2d 591.) It is abundantly clear here that Statile was primarily answerable for any loss to the rights of the claimant... Subrogation is the substitution of another person in place of another, whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable. (Caito v. United Cal. Bank, supra, 20 Cal.3d at p. 704, 144 Cal.Rptr. 262, 576 P.2d 466; see also Grant v. de Otte (1954) 122 Cal.App.2d 724, 726–727, 265 P.2d 952.) The doctrine is broad enough to include every instance in which one party is required to pay a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter. ' " (Fireman's Fund Ins. Co. v. Wilshire Film Ventures, Inc., supra, 52 Cal.App.4th at p. 555, 60 Cal.Rptr.2d 591.) | "Subrogation is a substitution of one person in place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities." | "A subrogation is a substitution of one person in place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to a debt or claim, and its rights, remedies, or securities?" | Subrogation - Memo 295 - RM.docx | R055-00283824-R055-00283831 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 2357 | Erie Ins. Co. v. George, 681 N.E.2d 183 | 366+1 | Subrogation is the substitution of another person in place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. "Subrogation is a doctrine of equity that applies whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable." The doctrine is broad enough to include every instance in which one party is required to pay a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter. ' " ' Subrogation [sic] insurer [sic] stands in the same position as the subrogor, for one cannot acquire by subrogation what another, whether the subrogor or not, would not have. (National Union Fire Ins. Co. v. Grusky (1965), 235 Md. 88, 200 A.2d 683.) Williams, 353 Ind.App. 99, 106, 278 N.E.2d 295 (1972) (internal quotation marks and citation omitted). The doctrine of equity as the doctrine, as with other equitable principles such as contribution, is to prevent unjust enrichment... McKinney v. McKinney (1942), 152 Ind. 580, 53A.2d 300 (1943). When a claim based on subrogation is recognized, the subrogee substitutes another person in the place of a creditor, so that he who is substituted succeeds to the right of the creditor in relation to the debt. "Nation of Fire and Marine Ins. Co. v. Grusky, 235 Md. 88, 200 A.2d 683." Subrogation may be created either by agreement or by operation of law. | "Subrogation" is doctrine of equity that applies whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable? | "Does subrogation apply whenever a party, not acting as a volunteer, pays the debt of another that, in good conscience, should have been paid by the one primarily liable?" | Subrogation - Memo 286 - RM.docx | R055-00283427-R055-00283429 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 2358 | Thompson v. Int'l Bus. Machines Corp., 839 F. Supp. 541 | 413+1 | Employer's responsibility for industrial accidents in New York is essentially all other states is basically governed by a no-fault workers' compensation system providing automatic benefits of limited amount in return for elimination of the risk of tort damage suits. See A Larson Employer's Liability Case (Arthur Clopper v. Hammer), 200 U.S. 400, 395 Ct. 553, 63 L.Ed. 1058 (1915). An industrial accident occurs when an injured employee can sue a third party which can in turn impiead the employer. This is only applicable to a narrow category of employer defined to that... For industrial accidents involving third parties, where the alleged negligence. It is a procedure that all third party practice rather than being caused by the employer. See National Cranberry Co v. Poughkeepsie, 812 F.Supp. 419, 441 & n. 3 (S.D.N.Y.1993). | Under New York law, employer responsibility for industrial accidents is basically governed by no-fault workers' compensation system providing automatic benefits of limited amount in return for elimination of risk of tort damage suits. | Is an employer's responsibility for industrial accidents governed by the no-fault workers' compensation system? | Workers Compensation - Memo #78 ANC.docx | R055-00283185 13-R055-00283526 | Condensed, Order, SA | 0.73 | 1 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 2359 | Chicago Title Ins. Co. v. AMZ Ins. Servs., 188 Cal. App. 4th 401 | 366k1 | Subrogation arises when one party (the subrogee) indemnifies or pays the rights of a creditor and is thereby subrogated to the creditor's rights against the debtor. ... | A party claiming to be equitably subrogated to the rights of a creditor must meet these requirements: (1) the subrogee made payment to protect the subrogee's own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must be one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. (See, e.g., United California Bank (1978) 20 Cal.3d 694, 704, 144 Cal.Rptr. 751, 576 P.2d 644.) | What requirements must a party claiming to be equitably subrogated meet? | Subrogation - Memo 399 - RM C.docx | ROSS-003218597/3 ROSS-003218973 | Condensed, SA | 0.62 | 0 | 1 | | | |
| 2360 | Bengal House Ltd. v. 999 3rd Ave., 128 A.D.3d 575 | 307A+877 | This action was dismissed pursuant to CPLR 3126 after numerous delays by former counsel in filing a note of issue. Although no medical evidence was submitted, the motion court vacated the dismissal, accepting the affidavit of a family member and the affirmation of current counsel... | On an application to waive the dismissal of a complaint, assessment of the sufficiency of the excuse proffered for the delay and the adequacy of the merit of the action are consigned to the sound discretion of the court. | On an application to waive the dismissal of a complaint, assessment of the sufficiency of the excuse proffered for the delay and the adequacy of the merit of the action are consigned to the sound discretion of the court? | Pretrial Procedure - Memo 1126S - C - MS_def bb.docx | ROSS-003252489/ROSS-003252489 | Condensed, SA | 0.77 | 1 | 1 | | | |
| 2361 | Kedick & 103rd Currency Exch. v. Hodge, 156 Ill. 2d 112 | 307Ak586.1 | The phrase "affirmative matter" encompasses any defense other than a negation of the essential allegations of the plaintiff cause of action... | Phrase "affirmative matter" in statute, permitting dismissal on ground that claim asserted against defendant is barred by other "affirmative matter" avoiding the legal effect of or defeating the claim, does not mean merely evidence offered by defendant to refute a well-pleaded fact... | Will an affirmative matter encompass any defense other than a denial of the essential allegation of the plaintiff cause of action? | Pretrial Procedure - Memo 1173 - C - MC_def bb.docx | ROSS-003294414-ROSS-003294415 | Condensed, SA, Sub O | 0.7 | 1 | 1 | | 1 | |
| 2362 | State Farm Mut. Auto. Ins. Co. v. Johnson, 18 So. 3d 1099 | 366+4 | State Farm contends that to complain states a claim for equitable subrogation. We agree. A cause of action for equitable subrogation arises where (1) the subrogee made the payment to protect its own interest... | A cause of action for equitable subrogation arises where (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt; (4) the subrogee paid off the entire debt; and (5) subrogation would not work an injustice to the rights of a third party. | Does a cause of action for equitable subrogation arise where the subrogee paid off the entire debt? | Subrogation - Memo 322 - RM C.docx | ROSS-003290616-ROSS-003290617 | Condensed, SA | 0.69 | 1 | 1 | | | |
| 2363 | United States v. Aguiar, 610 F.3d 1296 | 135H+95.1 | Once jeopardy attaches, a criminal defendant normally will not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time... | Once jeopardy attaches, criminal defendant normally will not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time, i.e., mandated by some form of manifest necessity. | "Once jeopardy attaches, can a criminal defendant normally not lose the opportunity to seek a favorable verdict from the jury and will not be required to stand trial a second time?" | Double Jeopardy - SK_def/AK def.docx | ROSS-000276450/ROSS-000290 | Double Jeopardy | 0.7 | | | | 1 | |
| 2364 | Green Tree Servicing v. U.S. Bank Nat'l Ass'n, 189 F.3d 1034 | 366+40 | Five factors are conditions precedent to the application of equitable subrogation: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid off the entire encumbrance; and (5) subrogation would not work any injustice to the rights of the junior lienholder. | Five factors are conditions precedent to the application of equitable subrogation: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid off the entire encumbrance; and (5) subrogation would not work any injustice to the rights of the junior lienholder; those five factors are, however, considered only when the overall context of equity and the specific facts of each case must the court then considers whether the party seeking subrogation acted with knowledge, negligence, or a degree of sophistication such that application of the doctrine would be inequitable. | What are the conditions precedent to the application of equitable subrogation? | Subrogation - Memo 152 - AMJ C.docx | ROSS-003297628 ROSS-003297929 | SA, Sub | 0.43 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2365 | Petrie v. Goldman, Sachs & Co., 733 F.3d 443 | 25T+121 | The Supreme Court has consistently interpreted the FAA as establishing a "federal policy favoring arbitration agreements." CompuCredit Corp. v. Greenwood, *** U.S. ***, 132 S.Ct. 665, 669, 181 L.Ed.2d 586 (2012) (internal quotation marks omitted); see also AT&T Mobility LLC v. Concepcion, *** U.S. ***, 131 S.Ct. 1740, 1745, 179 L.Ed.2d 742 (2011); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d (1983). This preference for enforcing arbitration agreements applies even when the claims at issue are federal statutory claims, unless the FAA mandate has been "overridden by a contrary congressional command." CompuCredit, 132 S.Ct. at 669 (internal quotation marks omitted); see also Gilmer, 500 U.S. at 26, 111 S.Ct. 1647. "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). Moreover, even claims arising under a statute designed to further important social policies may be arbitrated because "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." Gilmer, 500 U.S. at 28, 111 S.Ct. 1647 (emphasis added). | Even claims arising under a statute designed to further important social policies may be arbitrated, because so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function. | Can claims arising under a statute designed to further important social policies be arbitrated? | Alternative Dispute Resolution - Memo 209 - RK.docx | ROSS-003298001-ROSS-003298006 | Condensed, SA | 0.82 | 0 | 1 | 1 | 1 | |
| 2366 | Home Ins. Co. v. Mississippi Ins. Guar. Ass'n., 904 So.2d 975 | 366+1 | Home claims that it has an "assignment" of all claims from Smith, and, since Smith's claims would have been covered under the statute, Home's claims are covered under the statute. However, we find that while Home's document is called an "assignment," it really is a disguised subrogation attempt. Subrogation is defined as "the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." Black's Law Dictionary 1440 (7th ed.2000). To be entitled to subrogation under this context, a party must show that he has paid for something that another, such himself, is legally obligated to pay. Here, Home was legally obligated to pay the entire judgment amount because Home refused to settle within the $50,000 policy limits. Therefore, under our precedent ... [When a plaintiff's interest amount subject to the same extent as its own, and also to make a knowledgeable, honest and intelligent evaluation of the claim commensurate with its ability to do so...] the insurer has a fiduciary duty to make the liability carrier liable for all damages resulting from the refusal to settle, which in this case is the excess of the judgment ... offer. Since Home's refusal to settle caused this amount, it is responsible for payment and is not entitled to subrogation. | Subrogation is the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor. | Is subrogation the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor? | Subrogation - Memo 234 - VG-C.docx | ROSS-003298412-ROSS-003298414 | Condensed, SA, Sub 0.9 | | 0 | 1 | 1 | 0 | |
| 2367 | Grover v. Bughres, 141 Cal. App. 4th 1150 | 307A+3 | Trial judges enjoy "'broad authority'" over the admission and exclusion of evidence. (Peo1. Marwick, Mitchell & Co. v. Superior Court (1988) 200 Cal.App.3d 272, 284, 245 Cal.Rptr. 873.) The motion in limine is not... power to entertain and grant." [Citation.] "The scope of such motion is any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial." [Citation.] Its purpose is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the "obviously futile attempt to 'unring the bell.'" [Ibid.] | The purpose of a motion in limine is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell." | Is the purpose of a motion in limine to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell"? | Pretrial Procedure - Memo 444 - C - TJ.docx | ROSS-003299067-ROSS-003299068 | Condensed, Order, SA | 0.72 | 1 | 1 | 1 | 1 | |
| 2368 | Shorty v. Hassan, 829 N.W.2d 848 | 307A+554 | Unlike other grounds for dismissal, however, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. (Pearl, Marwick, Mitchell & Co. v. Superior Court (1988) 200 Cal.App.3d 272, 284, 245 Cal.Rptr. 873.) ... substantial evidence. Hodges v. Hodges, 572 N.W.2d 549, 551 (Iowa... | Unlike other grounds for dismissal, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant. | Unlike other grounds for dismissal, must a court considering a motion to dismiss for lack of personal jurisdiction make factual findings to determine whether it has personal jurisdiction over the defendant? | Pretrial Procedure - Memo 1235 - C - RE.docx | ROSS-003301724-ROSS-003301725 | Condensed, SA | 0.51 | 0 | 1 | 0 | 1 | |
| 2369 | Ross v. First Union Nat. Bank of Maryland, 176 B.R. 491 | 366+1 | Broadly defined, subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. In re Sol Investment Subrogation" 1 at 598 (1974). Stedon, The Law of Subrogation, " 1 (1st ed. 1882). Originating in equity, the doctrine's operation at law is governed by equitable principles. Compania Anonima Venezolana de Navigacion v. A.J. Perez Export Co., 303 F.2d 692, 697 (5th Cir.1962), cert. denied, 373 U.S. 942, 83 S.Ct. 1551, 10 L.Ed.2d 106 (1963). Subrogation is intended to provide relief against loss to a meritorious creditor who has paid the debt of another. Buchanan v. Glaze, 158 Md. 685, 509 A.2d 365, 368 (1989), and to obtain an equitable adjustment between parties by securing ultimate discharge of debt by the person who in equity ought to pay it. Collins v. Blue Cross of Virginia, 213 Va. 540, 193 S.E.2d 782, 784 (1971). | Subrogation is intended to provide relief against loss to meritorious creditor who has paid debt of debtor by securing ultimate discharge of debt by person who in equity ought to pay it. | Is the doctrine of equitable subrogation intended to provide relief against loss to a meritorious creditor who has paid debt of debtor by securing ultimate discharge of debt by person who in equity ought to pay it? | Subrogation - Memo 216 - RM-C.docx | ROSS-003303263-ROSS-003303264 | Condensed, SA | 0.73 | 0 | 1 | 1 | 0 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 939 | 15,944 | 14,873 | 23,876 | 9,029 |
| 2370 | Baker v. Baker, 952 S.W.2d 743 | 30×1206 | A trial court has the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion is abused. Shmerl Missouri Edison Co., 155 S.W.2d 441, 445 Mo.banc 1976); Lynn v. Lynn, Bank & Trust Co., 384 S.W.2d 398, 399 (Mo.banc 1965); Mayfield v. Christian Hosp., 965 S.W.2d 128, 137 (Mo.App.1995). A discretionary ruling is presumed to be correct, and the burden of demonstrating an abuse of discretion is on the appellant. Anderson v. Robertson, 402 S.W.2d 589, 593 (MoApp 1966). | Trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion is abused. | "Does the court have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence?" | Pretrial Procedure - Memo 1176 1 - C - 58_6560.docx | ROSS-003106487-ROSS-003106488 | Condensed, SA | 0.63 | 0 | | 0 | 1 | |
| 2371 | Williams v. Curtiss-Wright Corp., 694 F.2d 300 | 221×142 | The act of state doctrine should not be applied to thwart legitimate American regulatory goals in the absence of a showing that adjudication may hinder international relations. See Industrial Investment Development Corp. v. Mitsui & Co., 594 F.2d at 55; Timberlane Lumber Co. v. Bank of America, 549 F.2d 597 (9th Cir.1977). As we have said before, in antitrust litigation there is a public interest in deterring monopolistic activities from the channels of American commerce, even though some of the conduct may occur in foreign countries. Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d at 1293. | Act of state doctrine should not be applied to thwart legitimate American regulatory goals in the absence of a showing that adjudication may hinder international relations. | "Should the act of state doctrine be applied to thwart legitimate American regulatory goals in absence of showing that adjudication may hinder international relations?" | International Law - Memo 539 - TH.docx | ROSS-003310893-ROSS-003310895 | Condensed, SA | 0.73 | 0 | | 0 | 1 | |
| 2372 | First Am. Title Ins. Co. v. Cumberland Cty. Bank, 633 F. Supp. 2d 566 | 366×2 | "Subrogation is a right which is founded upon equity and justice and accrues when one person for the protection of his own interests, pays a debt for which another is primarily liable." Wimberly v. Am. Cas. Co. of Reading, Pa. (Okl), 584 S.W.2d 200, 203 (Tenn.1979) (quoting Ames v. Central Cas. Ins. Co., 218 Tenn. 420, 77 S.W.2d 83, 86 (1954)). With respect to insurance, "subrogation allows the insurer to 'stand in the shoes' of the insured and assert the rights of the insured against a third party." Tenn.v. Union County Ambulance Auth., 8 S.W.3d 615, 618 (Tenn. 1999) (citing Wimberly, 584 S.W.2d at 203). The Tennessee Supreme Court has indicated that "in order to be entitled to subrogation, the party seeking subrogation must pay the debt of another, voluntary payment of another's debt, absent fraud, accident, mistake, or by contract with the payee, does not entitle one to subrogation." Howell v. Davis Nursing Home, 188 S.W.3d 25, 538 (Tenn.2006). | "Subrogation is a right which is founded upon equity and justice and accrues when one person, for the protection of his own interests, pays debt for which another is primarily liable." | "Is subrogation right founded upon equity and justice, and accrues when one person, for the protection of his own interests, pays debt for which another is primarily liable?" | Subrogation - Memo 280 - AMC.docx | ROSS-003311604-ROSS-003311607 | SA, Sub | 0.79 | 0 | | 1 | 1 | |
| 2373 | Smart v. Tower Land & Inv. Co., 597 S.W.2d 333 | 366×1 | Tower contends that notwithstanding the terms of the mortgage contract and in subrogation of equitable subrogation. Equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. A right to subrogation is often asserted by one who pays a debt owed by another. If enforced in such subrogation, the payor is allowed to enforce the rights available to the creditor, such as rights against the debt's security. Subrogation to the security in the debtor rights is available, however, only when the debtor was enriched unjustly, thus, the payor who confers a benefit as a "mere volunteer" is not entitled to this remedy. Dury v. Saunders, 717 Pa. 279, 1 A.S.R.2d (1893) (holding) | Equitable subrogation may be invoked to prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract. | "Does the doctrine of equitable subrogation prevent unjust enrichment when one person confers upon another a benefit that is not required by legal duty or contract?" | Subrogation - Memo 281 - VG C.docx | ROSS-003311993-ROSS-003311995 | Condensed, SA | 0.81 | 0 | | 0 | 1 | |
| 2374 | In re Hutchins, 400 B.R. 403 | 366×1 | "The concept of equitable subordination, as developed by case law, is that a claim may normally be subordinated only if its holder is guilty of some misconduct. It is a remedy, not a penalty. Imeasure that is used only sparingly." Cutler v. Bankruptcy. 310, 515 (11th Cir.2006). This Court has had occasion to address this principle and explained in a follows: Equitable subrogation arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim, or fiduciary relationship with the debtor. (2) the paying party is a secondary debtor, (3) the paying party is a surety, or (4) the paying party is to protect its own rights or property. | Equitable subrogation arises in equity to prevent fraud or injustice and usually arises when (1) the paying party has a liability, claim, or fiduciary relationship with the debtor, (2) the paying party is a secondary debtor, (3) the paying party is a surety, or (4) the paying party is to protect its own rights or property. | "When does equitable subrogation arise in equity to prevent fraud or injustice?" | Subrogation - Memo 330 - RM C.docx | ROSS-003315471-ROSS-003315473 | Condensed, SA | 0.57 | 0 | | 0 | 1 | |

| ROW | Judicial Opinion | WLNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 2375 | United States v. Lazarenko, 564 F. Supp. 2d 791 | 221v142 | The act of state doctrine, which is rooted in separation of powers principles, prevents the courts of one country from sitting in judgment on the acts of the government of another, done within its own territory. In re Philippine Nat'l Bank, 397 F.3d 768, 772 (9th Cir. 2005). Liquidators contend that the Government's seizure and pending forfeiture of the Disputed Assets invalidates previously issued orders of the High Court of Antigua. But the Liquidators have produced no orders from the Antiguan court that give specific directions as to the Disputed Assets, nor orders from the Antiguan courts with which the Liquidators have been unable to comply, nor orders of the Antiguan court that have been invalidated by this Court's actions. The orders of the High Court of Antigua that are in the record before this Court only indicate that the Liquidators are generally authorized to act to recover assets and property of Eurofed Bank. (Docket No. 961, Exs. 3 & 4; Docket Nos. 1188, 1204, Exs. 3.) Such orders are not inconsistent with a determination by this Court that criminal forfeiture is appropriate for the Disputed Assets. Moreover, given that under the "relation-back" doctrine of 21 U.S.C. § 853(c), title to the funds and bank vested in the United States at the time the criminal activities took place, Lazarenko relinquished any interest in the Disputed Assets to the United States before they were ever deposited with Eurofed. Cf. U.S. v. Pelullo, 178 F.3d 196, 201 (3d Cir. 1999). Finally, the Government's position taken in this matter under-cuts the separation of powers concerns that motivate the act of state doctrine. See Bigio v. Coca-Cola Co., 239 F.3d 440, 452 (2d Cir 2000) ("[T]he applicability of the doctrine depends on the likely impact on international relations that would result from judicial consideration of the foreign sovereign's act. If adjudication would embarrass or hinder the executive in the realm of foreign relations, the court should refrain from inquiring..."). | "Act of state doctrine," which is rooted in separation of powers principles, prevents the courts of one country from sitting in judgment on acts of government of another, done within its own territory. | "Does the act of state doctrine prevent courts of one country from sitting in judgment on acts of government of another, done within its own territory?" | International Law - Memo # 75 - C - KA.docx | ROSS-003323452-ROSS-003323457 | Condensed, SA | 0.91 | 0 | | | 1 | |
| 2376 | Greenberg Traurig of New York, P.C. v. Moody, 161 S.W.3d 56 | 307k=3 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the court may be asked to make. Weekes v. San Pedro, 14 S.W.3d 353, 361 (Tex. App.-Houston [14th Dist.] 2000, no pet.). The purpose of the motion in limine is to prevent the other party from raising prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. Weekes, 14 S.W.3d at 361. Because a trial court's ruling on a motion in limine preserves nothing for review, a party must object critical when the testimony is offered to preserve error for appellate review. Hartford Acc. & Indem. Co., 369 S.W.2d at 355. However, not all pretrial motions or motions in limine. See Huckaby v. A.G. Perry & Son, Inc., 20 S.W.3d 194, 203 (Tex.App.-Texarkana 2000, pet. denied). | A "motion in limine" is a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make. The purpose of the motion in limine is to prevent the other party from asking prejudicial questions or introducing prejudicial evidence in front of the jury without first asking the trial court's permission. | "Is a motion in limine a procedural device that permits a party to identify, prior to trial, certain evidentiary rulings the trial court may be asked to make?" | Pretrial Procedure - Memo # 80 - C - KA.docx | ROSS-003325161-ROSS-003325162 | Condensed, SA | 0.6 | 0 | | | 1 | |
| 2377 | Jackson v. Joyner, 309 S.W.3d 950 | 307k=3 | We begin our consideration of the parties' arguments by noting that, as McJackson points out, the Court recently agreed that a motion in limine is intended to provide a guide to counsel in their trial presentation and is not a substitute for a motion for summary judgment. Dunn v. Hyundai Motor America, Inc., 277 S.W.3d 761, 769 (Tenn. Ct. App. 2008). Rather, a motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy. Id. It essentially allows a party to formulate an objection which may be made at trial. Id. A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial summary judgment. Id. | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy. It essentially [allows] a party to formulate an objection which may be made at trial. | "Does a motion in limine provide a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy?" | Pretrial Procedure - Memo # 14 - C - KA.docx | ROSS-003325789-ROSS-003325790 | Condensed, SA | 0.66 | 0 | | | 1 | |
| 2378 | Swaney v. Stephenson, 222 Md. App. 65 | 307Ak554 | The burden rests with the Swaneys to "at least make[ ] a prima facie showing of the jurisdictional facts to show that the individual defendants neglect day-to-day business in the forum state." In determining whether, in the course of conduct in the state, or derive substantial revenue from goods, services or manufactured products used or consumed in the State." Christian S. v. Bowman Pub. Co., 443 F.Supp. 780, 782 (Md.1978) (citing Weller v. Cromwell Oil Co., 504 F.2d 927 (6th Cir. 1974)). Although we have recognized that a motion to dismiss is necessarily fact-specific, the discovery should be permitted when there is a court's determination to otherwise rest upon a meager record. Androulakos v. FairFax Hospital, 323 Md. 634 at 95, 594 A.2d 543 (1991) (noting that "before a motion to dismiss is based upon lack of jurisdiction, the court can consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment." (citing CSK v. Realtime Gaming Holding Co., 188 Md.1, 11-12, 879 A.2d 567 (2005)). | When a motion to dismiss is based upon lack of jurisdiction, the court can consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment. | "When a motion to dismiss is based upon lack of jurisdiction, the court can consider affidavits or hold an evidentiary hearing on the motion to dismiss without converting the motion into a motion for summary judgment?" | Pretrial Procedure - Memo # 5762 - C - BP.docx | ROSS-003323419-ROSS-003323411 | Condensed, SA | 0.83 | 1 | 0 | 1 | 1 | |

| | | | | | | | | | | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2379 | Norcom Builders v. QMP Homes HG, 284 Wash. App. 474 | 366+1 | "Equitable subrogation provides an exception to the first-in-time rule to the first-in-time lien priority position as the holder of the previous encumbrance..." | "Equitable subrogation provides an exception to the first-in-time rule..." | Is subrogation an equitable remedy designed to avoid unjust enrichment through an unearned windfall? | Subrogation - Memo 243-V4C.docx | ROSS-003180098-ROSS-003180099 | Condensed, Order, SA | 0.83 | | | | 1 | |
| 2380 | State v. Thunk, 357 N.J. Super. 265 | 181+10 | "If the instrument is one which on its face would be readily marketable void of or necessary part of the instrument..." | "If the instrument is one which on its face would be readily marketable..." | What is a material alteration that constitutes forgery? | Forgery - Memo 22 - AAA.docx | ROSS-002184972-ROSS-002184973 | Condensed, SA | 0.67 | | | 0 | 1 | |
| 2381 | Dean Witter Reynolds v. McCoy, 995 F.2d 649 | 25T+132 | "Where parties agree to submit any conflicts, breaches or other grievances arising under a contract to an arbitrator..." | "Where parties agree to submit any conflicts, breaches or other grievances arising under a contract to an arbitrator..." | "Can a party who has agreed to arbitration, unilaterally decide to take the disputed matter to court?" | Alternative Dispute Resolution - Memo 40-JS.docx | LGL4143-00001412-LGL4143-00001413 | Condensed, SA | 0.66 | | | 0 | 1 | |
| 2382 | Gilliam v. Ordway, 147 F.Supp.3d 664 | 237+1 | "Under Michigan law, the elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff..." | "Under Michigan law, the elements of a defamation claim are: (1) a false and defamatory statement concerning the plaintiff..." | What are the essential elements of a defamation? | Libel and Slander - Memo 1 - RM.docx | LGL4143-00002192-LGL4143-00002193 | SA, Sub | 0.65 | | | 0 | 1 | |
| 2383 | Farmers Co-op. Exch. v. Trull, 255 N.C. 202 | 401+51 | "A motion by a defendant for removal of the case from superior court of one county to superior court of another county for trial..." | "A motion by a defendant for removal of the case from superior court of one county to superior court of another county for trial..." | Who decides questions of venue? | D0468.docx | LGL4143-00116484-LGL4143-00116485 | Condensed, SA, Sub | 0.33 | | | | 1 | |
| 2384 | Bd. of Sup'rs of Middle Pender Twp v. Dep't of Envtl. Resources, 664 A.2d 1340 | 149E+19 | "In order for the need of deemed approval to occur from the Department's failure to act within a statutorily prescribed time period..." | "In order for the need of deemed approval to occur from the Department's failure to act within a statutorily prescribed time period..." | When can the Department of Environmental Resources (DER) be considered a deemed approval? | D0027.docx | LGL4143-00117281-LGL4143-00117282 | Order, SA, Sub | 0.48 | 1 | | | | |

440

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,544 | 14,873 | 23,876 | 9,029 |
| 2385 | Draper by Gutman v. Aluminum Indus. Corp., 495 N.W.2d 879 | 313A+133 | To determine whether a manufacturer has a duty to warn, the court goes to the next clause in the damage and looks back to the alleged negligent act; if the connection is too remote to impose liability as a matter of public policy, the courts then hold that there is no duty and consequently no liability. On the other hand, if the consequence is direct and is the type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law a duty exists… | To determine whether manufacturer has duty to warn, court goes to next clause in the damage and looks back to the alleged negligent act; if connection is too remote to impose liability as a matter of public policy, the courts then hold there is no duty and consequently no liability; but if the consequence is direct and is type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law duty exists. | Is the manufacturer of metal liner in a product liability action of the connection between the danger and the alleged negligent act is too remote? | 000655.docx | LEGALEASE 0017568 / LEGALEASE 0017569 | Condensed, SA | 0.57 | | 1 | | 1 | |
| 2386 | CECOS Internatl. v. Shank, 75 Ohio App.3d 1 | 149S+20 | The EBR and an appellate court apply different standards of review to decisions by the Director. In the de novo hearing, the EBR does not stand in the place of the Director of the EPA and may not substitute its judgment for that of the director as to factual issues, but may consider only whether the director's actions were unreasonable or unlawful. Northeast Ohio Regional Sewer Dist. v. Shank (1991), 58 Ohio St.3d 16, 26, 567 N.E.2d 993, 1002; Citizens Commt. v. Williams (1977), 56 Ohio App.2d 61, 10 O.O.3d 91, 381 N.E.2d 661… | In de novo hearing, Environmental Board of Review (EBR) does not take the place of Director of Environmental Protection Agency (EPA) and may not substitute its judgment for that of the director as to factual issues, but may consider only whether director's actions were unreasonable or unlawful. | Can the Environmental Board of Review (EBR) substitute its judgment for that of the Director of the Environmental Protection Agency (EPA) as to factual issues in de novo hearings? | Environmental Law Memo 78 - MS.docx | LEGALEASE 0004679 / LEGALEASE 0004679 | Condensed, SA | 0.64 | | 1 | | 1 | |
| 2387 | Redevelopment Auth. of Oil City v. Woodring, 498 Pa. 180 | 360+21(2) | Police power involves the regulation of property to promote health, safety and general welfare, and it exercises requires no compensation to the property owner, even if there is an actual taking or destruction of property, while eminent domain is the power to take property for public use, and compensation must be given for property taken, injured or destroyed. White's Appeal, 287 Pa. 259, 264, 134 A. 409 (1926). | Police power involves regulation of property to promote health, safety and general welfare, and its exercise requires no compensation to the property owner, even if there is actual taking or destruction of property, while "eminent domain" is power to take property for public use, and compensation must be given for property taken, injured or destroyed. | How is police power different from the power of eminent domain? | 05248.docx | LEGALEASE 0030794 / LEGALEASE 0030795 | Condensed, SA | 0.15 | | 1 | | 1 | |
| 2388 | Nat'l Labor Relations Bd. v. Little River Band of Ottawa Indians Tribal Gov't, 788 F.3d 537 | 209+210 | We stress that the application of general federal statutes to Indian tribes is determined from three perspectives. See Donovan v. Coeur d'Alene Tribal Farm, 751 F.2d 1113, 1116 (9th Cir.1985). In Coeur d'Alene, the Ninth Circuit held that a federal statute of general applicability that is silent on the issue of applicability to Indian tribes will not apply to them if: (1) the law touches exclusive rights of self-governance in purely intramural matters; (2) the application of the law to the tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended the law not to apply to Indians on their reservations. In any of these three situations, Congress must expressly apply a statute to Indians before we will hold that an Act to which the Indians would otherwise be subject is made applicable to them. Id. (internal quotation marks and citation omitted). The three exceptions are collectively referred to as the "Coeur d'Alene-Tuscarora framework." Colorado which imposes the rule of the common law in this object. See Colo. Code Civ.Proc. 1877. | Federal statute of general applicability that is silent on issue of applicability to Indian tribes will not apply to them if: (1) law touches exclusive rights of self-governance in purely intramural matters; (2) application of law to the tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended the law not to apply to Indians on their reservations. | When will a statute of general applicability be held to be inapplicable to Indians? | Indians - Memo 19 - TH.doc | LEGALEASE 0006228- / LEGALEASE 0006240 | Condensed, SA | 0.79 | | 1 | | 1 | |
| 2389 | Sullivan v. Iron Silver Mining Co., 109 U.S. 550 | 260+38(2) | Under Colo.Co Proc.Code 1877, 55 48, 49, 50, 55, at common law, the facts may be pleaded according to their legal effect, without setting out the particular that lead to it, and necessary circumstances implied by law need not be expressed in the plea; and therefore, in an action by the patentee of a placer claim to recover possession of a vein or lode within its boundaries, an averment alleging that the vein or lode was known to the patentee to exist at the time of applying for the patent, and was not excepted within its application, well tended the other facts which are required to bring the case within U.S.C. § 2333, 30 U.S.C.A. § 37, precludes him from having any right of possession of the vein or lode. | Under Colo.Co Proc.Code 1877, 55 48, 49, 50, 55, at common law, the facts may be pleaded according to their legal effect, without setting out the particular that lead to it, and necessary circumstances implied by law need not be expressed in the plea; and therefore, in an action by the patentee of a placer claim to recover possession of a vein or lode within its boundaries, an averment alleging that the vein or lode was known to the patentee to exist at the time of applying for the patent, and was not excepted. | Should necessary circumstances implied by law be presumed in the plea? | 001377.docx | LEGALEASE 0019027 / LEGALEASE 0019028 | Condensed, SA | 0.64 | | 1 | | 1 | |

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2390 | Maumee v. Pub. Util. Comm., 101 Ohio St. 3d 54 | 317A+101 | We defined "public utility" in our decision in A & B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees (1992), 64 Ohio St.3d 385, 596 N.E.2d 423. A public utility is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). Governmental aggregation services are not provided by entities possessed of the foregoing characteristics. Therefore, the Home Rule Amendments do not apply to the appellants with respect to their providing governmental aggregation services. | A "public utility" is an enterprise with the following characteristics and functions: (1) it provides essential goods or services that the general public has a right to demand from the utility, (2) it conducts its operation in such a manner as to be a matter of public concern, and (3) it occupies a monopolistic or oligopolistic position in the marketplace (by definition, a noncompetitive position). | Should a public utility conduct its operations in a manner to be of public concern? | 001605.docx | LEGALEASE-00119017-LEGALEASE-00119018 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 2391 | State v. Posenjak, 127 Wash. App. 41 | 209+125 | "Indians later asserting treaty rights must establish that their group has preserved its tribal status." United States v. Oregon, 29 F.3d 481, 484 (9th Cir.1994). The signatory tribe has to establish two separate factors. First, it must show that it has maintained an "organized tribal structure." Id. This can be "shown by establishing that "some defining characteristic of the original tribe persists in an evolving tribal community." " Id. Second, it must show that "a group of citizens of Indian ancestry is descended from a treaty signatory." United States, 520 F.2d at 693. | The signatory tribe has to establish two separate factors to establish their group has preserved its tribal status for purposes of treaty rights: (1) it must show that it has maintained an organized tribal structure, and (2) it must show that a group of citizens of Indian ancestry is descended from a treaty signatory. | What are the factors to be established by a signatory tribe group to preserve their tribal status for treaty rights? | Indians - Memo 29 - TH.doc | LEGALEASE-00006864-LEGALEASE-00006865 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |
| 2392 | King v. Young, 304 S.W.3d 224 | 249+30 | In Macke, the Western District made a clear distinction between the two malice standards required in civil malicious prosecution actions"malice in law and legal malice. 931 S.W.2d at 179"180. The Court held that a showing of malice in law is required in a civil malicious prosecution action against a non-attorney. Id. at 180. Malice in the law requires only that the suit was intentionally initiated or continued "without the honest belief that it was lawful when done." Id. However, where an attorney files suit on behalf of a client based on his own investigation, a showing of legal malice is required. Id. To show legal malice, a plaintiff must prove that the primary purpose for initiating or continuing the proceedings was one other than that of securing the proper adjudication of the claim. Id. "Attorneys who act after their own investigation are not liable for malicious prosecution if their acts are performed in good faith and have the honest purpose of protecting the interests of [their] client." Id. (internal quotations omitted). "[U]nlike malice in law, legal malice cannot be inferred from the facts which establish a lack of probable cause [for filing suit]." Id. | Where an attorney files suit on behalf of a client based on his own investigation, a showing of legal malice is required in order to support a malicious prosecution action against the attorney; to show legal malice, a plaintiff must prove that the primary purpose for initiating or continuing the proceedings was one other than that of securing the proper adjudication of the claim. | What is the malice standard in civil malicious prosecution actions? | 001822.docx | LEGALEASE-00118936-LEGALEASE-00118937 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 2393 | Goff Grp. v. Greenwich Ins. Co., 231 F. Supp. 2d 1147 | 25T+178 | However, "the FAA's proarbitration policy does not operate without regard to the wishes of the contracting parties." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995). Thus, the FAA does not "prevent[ ] the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. Indeed, such a result would be quite inimical to the FAA's primary purpose of ensuring that private agreements to arbitrate are enforced according to their terms." Volt, 489 U.S. at 479, 109 S.Ct. at 1256. "Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate, ... so too may they specify by contract the rules under which that arbitration will be conducted." Id. | Federal Arbitration Act's (FAA) proarbitration policy does not operate without regard to the wishes of the contracting parties, and thus, the FAA does not prevent the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself. 9 U.S.C.A. SS 1-16. | Does the Federal Arbitration Acts (FAAs) proarbitration policy operate without regard to the wishes of the contracting parties? | Alternative Dispute Resolution - Memo 262 - RK.docx | ROSS-003284336-ROSS-003284338 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 2394 | People v. Eulo, 63 N.Y.2d 341 | 117+1 | The term "death", as used in this State's statutes, may be construed to embrace a determination, made according to accepted medical standards, that a person has suffered an irreversible cessation of breathing and heartbeat or, when these functions are artificially maintained, an irreversible cessation of the functioning of the entire brain, including the brain stem. Therefore, a defendant will not necessarily be relieved of criminal liability for homicide by the removal of the victim's vital organs after the victim has been declared dead according to brain-based criteria, notwithstanding that, at that time, the victim's heartbeat and breathing were being continued by artificial means. | Term "death" as used in New York statutes may be construed to embrace a determination, made according to accepted medical standards, that a person has suffered an irreversible cessation of breathing and heartbeat or, when those functions are artificially maintained, an irreversible cessation of the functioning of the entire brain, including the brain stem. McKinney's EPTL 2-1.6, 2-1.7, subd. a, 3-1.1 et seq., 4-1.1 et seq., 5-1.1 et seq., 5-4.1, 6-1.1 et seq.; McKinney's Partnership Law S 62, subd. 4; McKinney's CPLR 210; McKinney's Public Health Law SS 4300 et seq., 4301, subd. 1; McKinney's Penal Law S 125.00. | "Is death considered as an irreversible cessation of circulatory and respiratory functions, or irreversible cessation of total brain functions?" | 13354.docx | LEGALEASE-00081417-LEGALEASE-00081418 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 2395 | Nickerson v. Ribicoff, 206 F.Supp. 232 | 289+453 | A partnership is created by persons joining together their money, goods, labor or skill for the purpose of carrying on a trade, business or profession where there is a community of interest in the profits or losses. Where the issue is raised as to whether a family relationship is a bona fide partnership, courts will scrutinize the same and determine if the parties really intended in good faith to join together their money, labor, skill for the purpose of carrying on a business as a bona fide partnership. In determining if a wife and a husband were a bona fide business partnership with respect to tax liability, absence of a formal agreement and failure to set up books as partners is not conclusive, since the partnership agreement may be oral and may result from acts and conduct of the parties clearly manifesting intention to engage in a bona fide business partnership. United States v. Neel, 10 Cir., 235 F.2d 395. | Where issue is raised as to whether family relationship is bona fide partnership, courts will scrutinize it and determine if parties really intended in good faith to join together their money, labor or skill for purpose of carrying on business as bona fide partnership. | How do courts determine that a family relationship is a bona fide partnership? | 002429.docx | LEGALEASE-00119524-LEGALEASE-00119525 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,029 |
| 2396 | Advanced Bodycare Sols. v. Thione Int'l, 524 F.3d 1235 | 25 T k 114 | This bright line rule makes sense not only in light of the FAA's statutory directive to foster parties agreements... | The statutory goals of the Federal Arbitration Act (FAA), to relieve congestion in the courts and to provide parties with an alternative method of dispute resolution, would be served by... | How do the courts ensure that the goals of the Federal Arbitration Act are achieved? | 00786J.docx | LEGALEASE 00197577 LEGALEASE 00197578 | Condensed, SA, Sub | 0.66 | 0 | 1 | | 1 | |
| 2397 | Barber v. Staley, 297 N.W.2d 802 | 249 k (32) | Advice of counsel does not necessarily shield a person against a charge of malicious prosecution. Huntley v. Harberts... | For advice of counsel to constitute a good defense to a malicious prosecution action, the advisor must have been sought in good faith, from honest motives, and for good purposes, after a full and fair disclosure of all facts within the accused's knowledge and information, and the advice received must have been followed in good faith. | When does the advice of counsel constitute a good defense to a malicious prosecution action? | 00392J.docx | LEGALEASE 00219815 LEGALEASE 00219816 | Order, SA, Sub | 0.46 | 1 | | | 1 | |
| 2398 | Lee v. United States Agency for Int'l Dev., 859 F.3d 74 | 13 k 5 | Determining whether Congress intended to create an implied cause of action begins with the text and structure of the statute... | Although the express provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages, such a provision is bare of criminal statutory intent... insufficient to imply Congress intended to create a concurrent civil remedy. | Will the Supreme Court imply a private right of action under a criminal statute? | 00491J.docx | LEGALEASE 00219917 LEGALEASE 00219918 | Condensed, SA | | 0 | 1 | | | |
| 2399 | Dixie Nat. Bank of Dade Cty. v. Employers Commercial Union Ins. Co. of Am., 463 So. 2d 1147 | 217 k 531(3) | Florida adheres to the general rule that an insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, an insurer's subrogation transfers the claim only to the extent necessary to reimburse the subrogee... | An insurer is entitled to subrogation to recover from any third party who is legally obligated for the actual loss sustained by its insurer; however, the rights to subrogation is not absolute but conditional, and attending facts and circumstances must exist in order to state a cause of action; the subrogation claimant must affirmatively establish superior equities in himself over the one against whom subrogation is sought to be enforced. | What must a subrogation claimant establish in order to state a cause of action? | 05369.docx | LEGALEASE 00032117 LEGALEASE 00082118 | Condensed, SA, Sub | 0.48 | | | | | 1 |
| 2400 | State Farm Fire & Cas. Co. v. Weiss, 194 P.3d 1063 | 366 k 1 | Assignment is the voluntary transfer of some right or interest to another person. Coml Fin. Co. v. Brum, Inc. v. Lowe... | The pertinent difference between assignment and subrogation include the following: (1) assignment results from an act of the parties, whereas subrogation transfers the claim only to the extent necessary to reimburse the subrogee; (2) assignment are typically voluntary actions whereas subrogees, usually insurers, are obligated to pay the insured's obligation to a third party; and (3) assignment is an outright transfer of the claim, whereas subrogation entails a substitution of the subrogee for the subrogor. | What does subrogation entail? | 00311J.docx | LEGALEASE 00120097 LEGALEASE 00120099 | Condensed, SA | 0.3 | 0 | 1 | | 1 | |
| 2401 | Litman v. Cellco P'ship, 655 F.3d 225 | 25 T k 117 | We understand the holding of Concepcion to be both broad and clear: a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with... | A state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the Federal Arbitration Act, irrespective of whether class arbitration is desirable for unrelated reasons. 9 U.S.C.A. § 1 et seq. | Does the Federal Arbitration Act preempt a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration? | 00369J.docx | LEGALEASE 00320145 LEGALEASE 00320146 | Condensed, SA | 0.57 | 0 | 1 | | 1 | |
| 2402 | Lozier v. AT & T Mobility, LLC, 984 F.3d 849 | 25 T k 117 | The Federal Arbitration Act does not expressly or impliedly preempt California law governing the unconscionability of class action waivers in consumer contracts of adhesion; the FAA does favor the enforcement of arbitration agreements but the courts from applying generally applicable state contract law principles... | Federal Arbitration Act (FAA) bar courts from applying generally applicable state contract law principles including the unconscionability doctrine to invalidate an arbitration agreement. 9 U.S.C.A. § 1 et seq. | Does the Federal Arbitration Act (FAA) bar courts from applying generally applicable state contract laws and procedures to enforce arbitration clauses? | 00000.docx | ROSS 002295183-ROSS-002295185 | Condensed, SA, Sub | 0.5 | | | | 1 | |

443

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 2403 | Gibson v. Am. Cyanamid Co., 760 F.3d 600 | 148s2.2 | Congress may set minimum wages, control prices, or create causes of action that did not previously exist without implicating the Takings Clause. U.S.C.A. Const.Amend. 5. | In light of our conclusion that the manufacturers' substantive-due-process challenges to Wharton must fail, and that Easton's other claims does not support the challenge, we are readily reject the manufacturers' other constitutional challenges. The primary premise of the manufacturers' argument that Thomas amounts to a "taking" of property under the Takings Clause is that the plurality opinion in Eastern Enterprises renounces the applicable test, but as we explained earlier, there is no binding precedent arising from that case. | "Can Congress set minimum wages, control prices, or create causes of action that did not previously exist without implicating the Takings Clause?" | 003099.docx | LEGALEASE 00120384 LEGALEASE 00120385 | Condensed, Order, SA, Sub | 0.88 | 1 | | 1 | 1 | |
| 2404 | Stanton v. Metro Corp., 438 F.3d 119 | 237k1 | To succeed on a defamation claim under Massachusetts law, a plaintiff must show that the defendant was at fault for the publication of a false statement of and concerning the plaintiff which was capable of damaging his or her reputation in the community and which either caused economic loss or is actionable without proof of economic loss. | To succeed on a defamation claim under Massachusetts law, a plaintiff must show that the defendant was at fault for the publication of a false statement of and concerning the plaintiff which was capable of damaging his or her reputation in the community and which either caused economic loss or is actionable without proof of economic loss. | What must a Plaintiff show in order to succeed on a defamation claim? | 003322.docx | LEGALEASE 00120607 LEGALEASE 00120608 | Condensed, SA | 0.66 | 0 | | | 1 | |
| 2405 | Reeve v. State, 190 Misc. 316 | 148k95 | Where realty is actually invaded by superinduced additions of water, earth, sand, or other materials, or by having other artificial structures placed thereon by the state, so as to effectively destroy or impair its usefulness, it is a "taking" within the meaning of the constitution for which compensation must be made by the state. | Where real estate is actually invaded by superinduced additions of water, earth, sand, or other materials, or by having other artificial structures placed thereon by the state, so as to effectively destroy or impair its usefulness. | "Can't be a taking, when real estate is invaded by super-induced additions of material so as to effectually destroy or impair its usefulness?" | 003120.docx | LEGALEASE 00120704 LEGALEASE 00120705 | SA, Sub | 0.81 | 0 | | 0 | 1 | |
| 2406 | N. Area Pers. Care Home Admin'x Alum v. Dixon, Dep't of Pub. Welfare, 899 A.2d 1182 | 148s2.1 | Where a property owner is legally compelled to engage in a price-regulated activity, for example, a public utility, the imposition of rate regulations may give rise to a taking, but when a service provider voluntarily participates in a price-regulated program or activity, there is no legal compulsion to provide service and, thus, there can be no taking. | In this case, the fact that the new regulation may impair providers' profitability does not transform the voluntary reimbursement for services into a taking. | "If a property owner is legally compelled to engage in a price-regulated activity, is it a taking?" | 003313.docx | LEGALEASE 00120797 LEGALEASE 00120798 | Condensed, SA | 0.67 | 1 | | 0 | 1 | |

444

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2407 | Heflin v. Merrill, 154 So. 3d 887 | 307A+3 | This Court "will reverse [the circuit] court's denial or grant of a motion in limine only if the court abused its discretion in denying or granting the motion." Wright v. Royal Carpet Servs., 29 So.3d 109, 115 (13) (Miss.Ct.App.2010). When granting a motion in limine, the circuit court must first find the following two factors present: "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." Id. (quoting Whittley v. City of Meridian, 530 So.2d 1341, 1344 (Miss.1988)). Under Rule 401 of the Mississippi Rules of Evidence, " "[r]elevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Further, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Mississippi, or by these rules. Evidence which is not relevant is not admissible." M.R.E. 402. However, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403. | When granting a motion in limine, the circuit court must first find the following two factors present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury. (Per James, J., with one judge concurring and three judges concurring in part and in the result.) | "In considering the merits of a motion in limine, does a trial judge apply a two-step analysis?" | Pretrial Procedure - Memo # 56 - C - AP.docx | ROSS-003310482-ROSS-003310483 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 2408 | Kaufman v. Comm'n for Lawyer Discipline, 197 S.W.3d 867 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. See Hartford Accident & Indem. Co. v. McCardell, 369 S.W.2d 331, 335 (Tex.1963); Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex.App.-Fort Worth 1998, no pet.). The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex. App.-Houston [14th Dist.] 2000, no pet.); Enserch Corp., 977 S.W.2d at 757. The granting of the motion is not a final ruling on the evidence. Bifano v. Young, 665 S.W.2d 536, 541 (Tex.App.-Corpus Christi 1983, writ ref'd n.r.e.). A ruling on a motion in limine preserves nothing for review. Hartford, 369 S.W.2d at 335 ("In neither case"(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered"should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error."); Caterpillar Tractor Co. v. Boyett, 674 S.W.2d 782, 792 (Tex.App.-Corpus Christi 1984, no writ) ("A trial court's actions in granting or denying a motion in limine presents nothing for appellate review."). A judgment will not be reversed unless the evidence is in fact offered. See Acord v. Gen. Motors Corp., 669 S.W.2d 111, 116 (Tex.1984); Hartford, 369 S.W.2d at 335. Thus, to complain on appeal that the trial court erroneously excluded evidence, Kaufman must have offered the evidence during trial and obtained an adverse ruling from the trialcourt. Ulogo v. Villanueva, 177 S.W.3d 496, 501 (Tex.App.-Houston [1st Dist.] 2005, no pet.). | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. | "Is a motion in limine a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make so as to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury?" | Pretrial Procedure - Memo # 58 - C - AP.docx | ROSS-003283011-ROSS-003283013 | Condensed, SA | 0.91 | 0 | 1 | 0 | 1 | |
| 2409 | State ex rel. Toledo Edison Co. v. Clyde, 76 Ohio St. 3d 508 | 317A+114 | However, municipal utility operations are subject to statewide police power limitations for health and safety reasons, for example, water fluoridation (Canton v. Whitman [1975], 44 Ohio St.2d 62, 73 O.O.2d 285, 337 N.E.2d 766), approval of sewage projects (Delaware Cty. Bd. of Commrs. v. Columbus [1986], 26 Ohio St.3d 179, 184, 26 OBR 154, 158"159, 497 N.E.2d 1112, 1117), and designation of a river as a scenic river area (Columbus v. Teater [1978], 53 Ohio St.2d 253, 260"261, 7 O.O.3d 410, 414, 374 N.E.2d 154, 159). Moreover, the Miller Act, R.C. 4905.20 and 4905.21, requires municipalities to obtain commission approval before forcing the abandonment of nonmunicipal utility facilities or the withdrawal of nonmunicipal utility services located inside the municipality. See, e.g., State ex rel. Klapp v. Dayton Power & Light Co. (1967), 10 Ohio St.2d 14, 39 O.O.2d 9, 225 N.E.2d 230; State ex rel. Wear v. Cincinnati & Lake Erie RR. Co. (1934), 128 Ohio St. 95, 190 N.E. 224. | Protection of Miller Act, which requires municipalities to obtain Public Utilities Commission of Ohio (PUCO) approval before forcing abandonment of nonmunicipal utility facilities or withdrawal of nonmunicipal utility services located inside municipality, extends to situations in which utility franchise contract has expired and in which service was provided without any franchise contract. R.C. SS 4905.20, 4905.21. | Does the Miller Act require municipalities to obtain the commission approval before forced abandonment or withdrawal of utility facilities? | Public Utilities - Memo 80 - AM.docx | ROSS-003298102-ROSS-003298103 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 2410 | Weishaupt v. Com., 227 Va. 389 | 352H+59(2) | We hold, on the basis of all the foregoing considerations, that a wife can unilaterally revoke her implied consent to marital sex where, as here, she has made manifest her intent to terminate the marital relationship by living separate and apart from her husband; refraining from voluntary sexual intercourse with her husband; and, in light of all the circumstances, conducting herself in a manner that establishes a de facto end to the marriage. And, once the implied consent is revoked, even though the parties have not yet obtained a divorce, the husband can be found guilty of raping his wife, if the evidence against him establishes a violation of Code " 18.2"61. | Wife unilaterally revoked her implied consent to marital sex where she had made manifest her intent to terminate the marital relationship by living separate and apart from her husband, refrained from voluntary sexual intercourse with her husband, and, in light of all circumstances, conducted herself in a manner that established a de facto end to the marriage and, once implied consent was revoked, even though the parties had not yet obtained a divorce, husband could be found guilty of raping wife. Code 1950, S 18.2-61. | Can a married woman withdraw her consent to marital sex? | 042901.docx | LEGALEASE-00121380-LEGALEASE-00121381 | Condensed, Order, SA | 0.22 | 1 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 2411 | Wolf v. Spurious, 706 So. 2d 881 | 366 e27 | Generally speaking, subrogation is the "substitution of one person to the position of another with reference to a legal claim or right..." National Bank v. Glendale Fed. Savs. and Loan Assn, 508 So.2d 1323, 1324 (Fla. 1st DCA 1987). "The doctrine of subrogation is generally invoked when one person has satisfied the obligations of another and equity compels that the person discharging the debt stand in the shoes of the person whose claim has been discharged, thereby succeeding to the rights and priorities of the original creditor." Id. In Eastern, we recognized two distinct categories of subrogation: equitable and conventional subrogation. See id We stated that equitable subrogation arises "where a person discharging the obligation [of another] is under a legal obligation to do so or when the person discharges the obligation to protect his own interest, or a right to, the property." Id. Equitable subrogation "is not available to a mere volunteer or stranger who, without any duty or obligation to intervene and without being so requested, pays the debt of another." West American Insurance Co. v. Yellow Cab Co., 495 So.2d 204, 207 (Fla 5th DCA 1986), review denied, 504 So.2d 769 (Fla.1987); see also Eastern, 508 So.2d at 1324. "Conventional subrogation...however, arises by virtue of an agreement, express or implied, that a third person or one having no previous interest in the matter involved shall, upon discharging an obligation or paying a debt, be substituted in the place of the creditor with respect to such rights, remedies, or securities as the creditor may hold before the debtor." Id. The doctrine "generally depends upon an actual agreement" to that effect, id, such as where a subrogor has a contractual right to reimbursement. See 492 So.2d at 1324. In this case, there is no third person or one having no previous interest in the matter involved that, upon discharging an obligation or paying a debt, should be substituted in the place of the creditor with respect to such rights, remedies, or securities as the creditor may hold before the debtor. "[T]o maintain an action for subrogation, a third person or one having no previous interest in the matter involved must pay the debt to which the right asserted ..." Flum Partners v. Child, 310 So.2d 135, 145-46, 845 (Fla.2d DCA 1979) (quoting Boley v. Daniel, 72 Fla. 121 (1916); Eastern, 508 So.2d at 1323); text of Boley v. Daniel, 72 Fla. 121, 72 So. 644 (1916). Thus, subrogation is not available to a mere volunteer or stranger who, without any duty or obligation to intervene and without being so requested, pays the debt of another. | "In equitable subrogation district from conventional subrogation, which is premised on the contractual obligations of the parties?" | 04371.docx | LEGAL4D 00121400- LEGAL4D 00121409 | Condensed, SA | 0.85 |  |  | 1 | 1 |  |
| 2412 | Hubbs v. Deer Nursing Home, 1883 WL 16925 | 366 e1 | "Subrogation is a right which is founded upon equity and justice and accrues when one party has discharged an obligation which another party should, in equity and good conscience, primarily be liable for." Banking & Finance, 10 ALR Fed. 6 § 5:5 ... It is a substitute for legal process that places equity and justice and accrues when one party has discharged an obligation which another party should, in equity and good conscience, primarily be liable. ... Reading, P.A. (OAK), 584 So.2d 200, 203 (Tenn.1979) (quoting Amica v. Central Clay Co., 18 S.W.2d 1076 (Tenn.1929)). It is "the substitution of another person in the place of a creditor, to whose rights he or she succeeds in respect to insurance." Subrogation allows the insurer to "stand in the shoes of the insured ... and pursue any claim that the insured may have against a third party." York v. Saver County Ambulance Auth., 8 S.W.3d 656, 619 (Tenn.1999) (citing Wimberly v. Am. Cas. Co., 584 S.W.2d 200, 203 (Tenn. 1979)). | "A subrogation is a right which is founded upon equity and justice and accrues when one person for the protection of his own interests, pays a debt for which another is primarily liable?" | Subrogation - Memo 4 560 - C- 73.docx | ROSS 003534213-ROSS- 003534233 | Condensed, SA | 0.72 |  | 1 |  | 1 |  |
| 2413 | Fin. Sec. Assur v. Stephens, 500 F.3d 1276 | 366 e26 | Finally, FSA argues that it has standing based on subrogation. "Subrogation is" the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." Jones Motor Co. v. Anderson, 288 Ga App 458, 662 S.E.2d 228, 230 (2008) (quoting Black's Law Dictionary 1427 (6th ed.1990)); see also Pearlman v. Reliance Ins. Co., 371 U.S. 132, 136?37, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962). Subrogation allows one party who has discharged a debt to step into the shoes of another to assert its rights against the party primarily liable. ... Subrogation is an equitable doctrine created to avoid unjust enrichment. Subrogation will not be applied where the party asserting it owed the debt. ... | "A subrogation" the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" | Subrogation - Memo 4 655 - C- 5A.docx | LEGAL4D 00011485- LEGAL4D 00011486 | Condensed, SA | 0.56 |  | 0 |  | 1 |  |
| 2414 | In re Crawley, 338 B.R. 512 | 366 e26 | Subrogation in this context is a matter of state law. In Wisconsin, subrogation is an equitable doctrine rooted to avoid unjust enrichment, and the right to be equitable whenever a person under no legal obligation to pay a debt which in equity and good conscience should be satisfied by another has paid such debt ... the right of subrogation, by reason of advances made to a debtor, depends upon [1] the creditor having been wholly paid, [2] the surety or party in interest, to protect its own interests; or [3] an agreement that he is to have security. ... The nature of the surety's interest is ascertained by reference to state law. Western Casualty & Surety Co. v. Brooks, 362 F.2d 486, 650 (4th Cir.1966). In Wisconsin, subrogation is a matter of state law. Under Ohio law, a surety that pays amounts owed to a subcontractor, laborer, or supplier is subrogated to the rights of those it has paid and to the rights of the person whose obligations the surety has discharged, in other words, owner and contractor. ... Under Wisconsin law, subrogation may properly be applied wherever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | "Can subrogation properly be applied wherever a person other than a mere volunteer pays debt which in equity and good conscience should be satisfied by another?" | Subrogation - Memo 4 669 - C- 5U.docx | ROSS-003612599-ROSS- 003615300 | Condensed, SA, Sub | 0.68 |  | 1 |  | 1 |  |
| 2415 | In re Contr. Alternatives, 2 F.3d 670 | 366 e9 |  | "Is a surety that pays amounts owed to a subcontractor, laborer or supplier is subrogated to the rights of those it has paid and to the rights of the person whose obligations the surety has discharged?" | Subrogation - Memo 4 682 - C- 5U.docx | ROSS-003297283-ROSS- 003297284 | SA, Sub | 0.78 |  |  |  | 1 |  |
| 2416 | Feigenbaum v. Guaracini, 402 N.J. Super. 7 | 366 e1 | Subrogation is "[t]he substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." Neuwar Ins. Co. v. DiNicola, 143 N.J. Super. 503, 508, 363 A.2d 1110 (App.Div.1977), certif denied, 116 N.J. 185, 718 A.2d 1212 (1998). "The right of subrogation is an equitable device intended to compel the ultimate discharge of an obligation by the one who in good conscience ought to pay it." Standard Accident Ins. Co. v. Pellecchia, 15 N.J. 162, 171, 104 A.2d 288 (1954). The doctrine "provide[s]" essential justice" between the parties "based on ... 'equitable principles,'" essential justice ... New Jersey law "recognizes three general types of subrogation: (1) subrogation" ... In re: subrogation of another with reference to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | "A subrogation is "[t]he substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" | 04315.docx | LEGAL4D 00121548- LEGAL4D 00121549 | Condensed, SA | 0.73 |  |  | 1 | 1 |  |

| ROW | Judicial Opinion | WVINS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 23,876 | 9,079 |
| 2417 | Pasquantino v. United States, 544 U.S. 349, 356 | 221+138 | All countries recognize that a coastal state possesses sovereignty or territorial jurisdiction within three miles of its coasts, such sovereignty and jurisdiction... | While all countries recognize that a coastal state possesses sovereignty or territorial jurisdiction within three miles of its coasts, does such sovereignty extend past the three-mile limit? | While all countries recognize that a coastal state possesses sovereignty or territorial jurisdiction within three miles of its coasts, does such sovereignty extend past the three-mile limit? | International Law - Memo # 16 - C - US.docx | ROSS-003115154 ROSS-003115155 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 2418 | Reilly v. Meffe, 6 F.Supp.3d 760 | 289+421 | Courts consider a number of factors in determining the existence of a partnership, including the sharing of profits... | Under Ohio law, courts consider a number of factors in determining the existence of a partnership, including the sharing of profits, the existence of a written or oral partnership agreement, the joint ownership and control of property, the ability of members to bind the business entity, and the nature of the tax returns filed by the business entity. | Is a partners ability to bind the partnership one of the key factors of partnership? | 02485.docx | LEGALEASE-00122507-LEGALEASE-00122508 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 2419 | Six County Enterprises v. Lucky Lady Oil Co., 791 S.W.2d 490 | 307A+3 | Southwest's complaint froze on the evaluation of its evidence at trial. However, a consideration of Southwest's predilection in a trial court's ruling on a motion in limine. See Waldon v. City of Longview, 855 S.W.2d 875, 880 (Tex.App.- Tyler 1993, no writ)... | Ruling granting a motion in limine is not a ruling on the admissibility of evidence and does not preserve error in exclusion of evidence; motions in limine simply prohibits references to specific issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. | Does a motion in limine merely prejudge reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury? | 02412.docx | LEGALEASE-00122015-LEGALEASE-00122016 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 2420 | Allied Prop. & Cas. Ins. Co. v. Good, 919 N.E.2d 144 | 307A+3 | We begin with the purpose of an order in limine. A ruling on a motion in limine is not final on the admissibility of evidence and instead is designed to prevent mention of prejudicial matters in the jury's presence before the trial court has had the opportunity to consider its admissibility. Brown v. Terre Haute Reg'l Hosp., 537 N.E.2d 54, 59 (Ind.Ct.App.1989). One consequence of this is that the ruling granting or denying a motion in limine is not available as a ground for reversal. The second consequence is that error based upon the subsequent admission of evidence must be predicated upon timely and proper objection when the evidence is offered at trial. That is not to say that a party who violates such an order in limine may not do so with impunity. The sanction is within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and/or punishment for contempt. | Sanction for violation of motion in limine is within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and or punishment for contempt. | Is a sanction for violation of motion in limine within the discretion of the trial court and under appropriate circumstances might extend to declaration of a mistrial and or punishment for contempt? | Pretrial Procedure - Memo # 89 - C - ITB.docx | ROSS-003287162 ROSS-003287163 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | |
| 2421 | Montgomery Light & Power Co. v. Town of Linden, 227 So. 2d 471 | 145+1.5 | While the Public Service Commission Act (Act) of 1915, ch. 75, as amended by Act of 1933, ch. 130 expressly provides that a municipality may construct or acquire utility property within the limits of an incorporated municipal corporation, and also within six miles of the corporate limits of such municipality, without the approval of the Public Service Commission, by the plain reading of section 15 of the Public Service Commission Act of 1933, as amended in 1957, Act of 1933, ch. 258, p. 1217 prohibits such municipalities from supplying utility property located outside its corporate limits without the consent of the Public Service Commission. Section 15 of the said Rural Electric Membership Act, supra, provides that "no person, copartnership, corporation or municipal corporation shall construct, own, manage or control any system within the territory included in that described in the application by another which is already served by, any corporation formed under this act, to any extent greater than such construction or operation will be limited by the Public Service Commission, after a hearing, a declaration that public convenience and necessity require such construction or acquisition..." The language of this act plainly indicates that the legislature had in mind that there should be no encroachment, without approval of the Public Service Commission, by one person or corporation not formed under the act, on territory already appropriated and being served by a corporation formed under the act. Burns' Ann. Ind. 55-4418. | Is the Public Service Commissions (PSC) approval required for a municipality from acquiring utility property located outside of its corporate limits without the approval of the PSC? | 04293.docx | LEGALEASE-00121906-LEGALEASE-00121907 | Order, SA, Sub | 0.83 | 1 | 1 | 1 | 1 | |

447

Appendix D

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,079 |
| 2422 | Bankers Supply Co. v. Commerce, 227 Neb. 822 | 92H+1151(I) | | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which impairs him of such right. | Is surety or guarantor entitled to be subrogated to benefit of all security and means of payment under a creditor's control? | Subrogation - Memo # 894 - C-VA.docx | ROS5-00207613 ROS5-00207612 | Condensed, SA | 0.6 | | | | 1 | |
| 2423 | In re Feith M. Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | | The act of state doctrine bars judicial review of [where (1) there is official act of foreign sovereign performed within its own territory and (2) relief sought in defense interposed in action would require inquiry in United States to declare invalid foreign sovereign's official act. | When does the act of state doctrine bar judicial review of action? | D1974.docx | LEGALEASE-00123837 LEGALEASE-00123838 | Condensed, SA | 0.61 | | | 1 | 1 | |
| 2424 | Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+342 | | The "act of state doctrine" precludes United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | How does the act of state doctrine preclude United States courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | D1974.docx | LEGALEASE-00123386 LEGALEASE-00123387 | Condensed, Order, SA, Sub | 0.75 | 1 | 1 | 1 | 1 | |
| 2425 | Gross v. German Found. Indus. Initiative, 456 F.3d 363 | 221+342 | | Under the "act of state doctrine," American courts are precluded from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | "Under the 'act of state doctrine,' American courts are precluded from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory?" | International Law - Memo # 84 - C - LK.docx | ROS5-00220575 ROS5-00220572 | Condensed, SA | 0.8 | | | 1 | 1 | |
| 2426 | Republic of Ecuador v. Dassum, 146 So. 3d 58 | 1D6+512 | | The act of state doctrine is judicially created principle of international comity, the courts of Florida and the United States will presumptively defer to governmental acts, (whether characterized them as executive, legislative, or judicial) taken within the territory of another sovereign nation. | Is the act of state doctrine is judicially created principle of international comity? | International Law - Memo # 118 - C - QM.docx | ROS5-00297807 ROS5-00297808 | SA, SA | 0.53 | | | | 1 | 1 |
| 2427 | Honorate v. Watchtevy, 796 F.3d 1 | 221+342 | | As a general rule, the act of state doctrine does not apply because the Ambassador's conduct took place at the Embassy in Washington D.C., not within Saudi Arabia's own territory. | Does the act of state doctrine applies to foreign government activities undertaken within its own territory? | D1904.docx | LEGALEASE-00123615 LEGALEASE-00123616 | Condensed, Order, SA | 0.77 | 1 | 1 | | 1 | |

Appendix D

| ROW | Judicial Opinion | WRNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,973 | 22,876 | 9,079 |
| 2428 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221=142 | The act of state doctrine is not a jurisdictional doctrine. Rather, it is a doctrine of judicial restraint that prohibits a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990); Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ("The act of state doctrine ... precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory."); Fogade v. ENB Revocable Trust, 263 F.3d 1274 (11th Cir.2001).The court in Banco Nacional de Cuba v. Sabbatino reasoned that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. | "Act of state doctrine" is not a jurisdictional doctrine; rather, it is a doctrine of judicial restraint that prohibits a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory. | Does the act of state doctrine prohibit a United States court from passing judgment on the validity of an act of a foreign sovereign taken within its own territory? | 020800.docx | LEGALEASE-00123465-LEGALEASE-00123470 | Condensed, SA | 0.78 | | 1 | 0 | 1 | |
| 2429 | Basrai v. Freeport McMoran, 197 F.3d 161 | 24=751 | Nonetheless, "[I]t is only when the actions of the world have demonstrated that the wrong is of mutual and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation within the meaning of the [ATS]." Filartiga, 630 F.2d at 888. Thus, the ATS "applies only to shockingly egregious violations of universally recognized principles of international law." Tel-Oren v. Libyan Arab Republic, 726 F.2d 774, 781 (D.C.Cir.1984)(Edwards, J., concurring). Similarly, Banial fails to show that treaties and agreement relating to the environment or embodying principles of customary international law create binding norms. The sources of international law clearly Banial and the amici merely refer to the general areas of environmental responsibility and state abstract rights and liberties devoid of articulable or discernable standards and regulations to identify practices that constitute international environmental abuses or torts. Although the United States has articulable standards embodied in federal statutory law to address environmental violations domestically, see The National Environmental Policy Act (42 U.S.C. * 4321 et seq.) and The Endangered Species Act (16 U.S.C. * 1531), nonetheless, federal courts do not exercise jurisdiction over adjudicating environmental claims under international law to ensure that environmental policies of the United States do not displace environmental policies of other governments. Furthermore, the argument to abstain from interfering in a sovereign's environmental practices (arrogates persuasive force) especially when the alleged environmental torts and abuses occur within the sovereign's borders and do not affect neighboring countries. Therefore, the district court did not err in when it concluded that Banial failed to show in his pleadings that Freeport's mining activities constitute environmental torts or abuses under international law. | It is only when actions of world have demonstrated that the wrong is of mutual and not merely several concerns, by means of express international accords, that a wrong generally recognized becomes an international law violation within the meaning of Alien Tort Statute (ATS). 28 U.S.C.A. § 1350. | Does a wrong generally recognized become an international law violation within the meaning of the Alien Tort Statute (ATS)? | International Law - Memo # 160 - MC.docx | ROSS-003122490-ROSS-003122492 | SA, Sub | 0.85 | | 1 | 1 | 1 | |
| 2430 | Virgin Atl. Airways Ltd. v. British Airways PLC, 872 F. Supp. 52 | 221=142 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). British Airways asserts that this dismissal of the complaint because this case "fundamentally involves an inquiry into the sovereign acts of the U.K. government." An examination of the complaint shows that the complaint does describe in detail certain acts of the U.K. government (most importantly its 1987 operation and control of British Airways as a state-owned enterprise), but none of these acts is the conduct that is alleged is the basis of Virgin Atlantic's claims. The acts complained of the predatory activities, the dirty tricks campaign, the corporate travel discounts and TACOs, the Clidar transaction, and the discriminatory treatment of plaintiff's customers − all are alleged to be defendant's acts, not the conduct of the U.K. government. Thus, this is not a situation where the court will be forced to inquire "into the acts and conduct of the officials of the foreign state, to affirm and to pass and the underlying reasons and motivations for the actions of the foreign government." O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A., 830 F.2d 449, 451 (2d Cir.1987), cert. denied, 488 U.S. 923, 109 S.Ct. 303, 102 L.Ed.2d 322 (1988); see also Sea Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 406, 110 S.Ct. 701, 705, 107 L.Ed.2d 816 (1990)("[A]ct of state doctrine does not apply when the validity of a foreign sovereign act is not at issue)." | The "act of state doctrine" precludes courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine preclude courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory? | International Law - Memo # 404 - C - MQ.docx | ROSS-003014495-ROSS-003014496 | Condensed, SA | 0.89 | | 0 | 0 | 1 | |

449

Appendix D