| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2431 | Owens v. Republic of Sudan, 374 F. Supp. 2d 1 | 221+431 | The act of state doctrine bars a court from deciding a case "when the outcome turns upon the legality or illegality .. of official action by a foreign sovereign performed within its own territory." Riggs Nat'l Corp. & Subsidiaries v. Comm'r of IRS, 163 F.3d 1363, 1367 (D.C.Cir.1999); see W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., 493 U.S. 400, 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). The doctrine is founded on " "the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder" the conduct of foreign affairs." W.S. Kirkpatrick & Co., 493 U.S. at 404, 110 S.Ct. 701 (quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)). The FSIA does not remove the need to consider the act of state doctrine. See Republic of Austria v. Altmann, 541 U.S. 677, 124 S.Ct. 2240, 2254, 159 L.Ed.2d 1 (2004) ("[T]he FSIA in no way affects application of the act of state doctrine."). Courts assessing whether the act of state doctrine forecloses a given case under the FSIA have looked to three factors: (i) the degree of consensus concerning a particular area of international law, (ii) the implications of the issue for our foreign relations, and (iii) whether the government that perpetrated the challenged act is still in existence. See Doe v. Qi, 349 F.Supp.2d 1258, 1295 (N.D.Cal.2004) (citing Sabbatino, 376 U.S. at 427"28, 84 S.Ct. 923). | In determining whether act of state doctrine, barring court from deciding case when outcome turns upon legality or illegality of official action by foreign sovereign performed within its own territory, forecloses given case under Foreign Sovereign Immunities Act (FSIA), court is to consider (3) degree of consensus concerning particular area of international law, (2) implications of issue for United States foreign relations, and (3) whether government that perpetrated challenged act is still in existence. 28 U.S.C.A. S 1605(a)(7). | What is the three-factor balancing test to determine whether the act of state doctrine bars suit? | 020810.docx | LEGALEASE-00123750-LEGALEASE-00123751 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 2432 | Schweitzer v. Westminster Investments, 157 Cal. App. 4th 1195 | 307A+3 | A motion in limine, which is a commonly used tool brought at the beginning of trial when evidentiary issues are anticipated by the parties, is designed to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. (People v. Morris (1991) 53 Cal.3d 152, 188, 279 Cal.Rptr. 720, 807 P.2d 949, disapproved on another ground by People v. Stansbury (1995) 9 Cal.4th 824, 830, fn. 1, 38 Cal.Rptr.2d 394, 889 P.2d 588.) It serves the same function as a motion to exclude under Evidence Code section 353 by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction. (Morris, at p. 188, 279 Cal.Rptr. 720, 807 P.2d 949.) | A motion in limine at the beginning of trial serves the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction. West's Ann.Cal.Evid.Code S 353. | " Does a motion in limine at the beginning of trial serve the same function as a motion to exclude, by allowing the trial court to rule on a specific objection to particular evidence in advance of its introduction?" | Pretrial Procedure - Memo # 186 - C - ES.docx | LEGALEASE-00013610-LEGALEASE-00013611 | Order, SA, Sub | 0.66 | 1 | 0 | 1 | 1 | 1 |
| 2433 | State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 307A+3 | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." (Punctuation omitted.) Mon Ami Intl. v. Gale. However,.[b]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.(Citation omitted.) Andrews v. Wilbanks. See Hand v. Pettitt. | By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial; in light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Does the granting of a motion in limine excluding evidence suggest that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial? | Pretrial Procedure - Memo 359 - RK.docx | ROSS-003310367-ROSS-003310369 | Condensed, SA | 0.51 | 0 | 1 | 0 | 1 | |
| 2434 | State of New Hampshire v. State of Louisiana, 108 U.S. 76 | 221+148 | It is contended, however, that, notwithstanding the prohibition of the amendment, the states may prosecute the suits, because, as the "sovereign and trustee of its citizens," a state is "clothed with the right and faculty of making an imperative demand upon another independent state for the payment of debts which it owes to citizens of the former." There is no doubt but one nation may, if it sees fit, demand of another nation the payment of a debt owing by the latter to a citizen of the former. Such power is well recognized as an incident of national sovereignty, but it involves also the national powers of levying war and making treaties. As was said in U. S. v. Dickelman, 92 U. S. 524, if a sovereign assumes the responsibility of presenting the claim of one of his subjects against another sovereign, the prosecution will be "as one nation proceeds against another, not by suit in the courts, as of right, but by diplomatic negotiation, or, if need be, by war." | If a sovereign assumes the responsibility of presenting the claim of one of his subjects against another sovereign, the prosecution will be as one nation proceeds against another, not by suit in courts, as of right, but by diplomatic negotiation, or, if need be, by war. | "If a sovereign assumes the responsibility of presenting the claim of one of his subjects against another sovereign, will the prosecution be as one nation proceeds against another, or by suit in courts?" | 020451.docx | LEGALEASE-00125250-LEGALEASE-00125251 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 2435 | Paraschos v. YBM Magnex Int'l, 130 F. Supp. 2d 642 | 221+162 | As previously outlined in this Court's Order of March 28, 2000, the principle of international comity, also known as the "comity of nations doctrine," permits the "recognition of foreign proceedings to the extent that such proceedings are determined to be orderly, fair and not detrimental to the nation's interests." Pravin Banker Assocs., Ltd. v. Banco Popular del Peru, 165 B.R. 379, 384 (S.D.N.Y.1994). The Supreme Court in Hilton v. Guyot, 159 U.S. 113, 164, 16 S.Ct. 139, 40 L.Ed. 95 (1895) defined international comity as:"the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.".See also Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A., 44 F.3d 187, 191 (3d Cir.1994); Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 440 (3d Cir.1971); Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 490 (D.N.J.1999). The deference given to the executive, legislative, and judicial acts of a foreign nation "fosters international cooperation and encourages reciprocity, thereby promoting predictability and stability through satisfaction of mutual expectations." Iwanowa, 67 F.Supp.2d at 490 (quoting Spatola v. United States, 925 F.2d 615, 618 (2d Cir.1991)). | Principle of international comity, also known as "comity of nations doctrine," permits recognition of foreign proceedings to extent that such proceedings are determined to be orderly, fair, and not detrimental to nation's interests. | "Does the principle of international comity permit recognition of foreign proceedings to the extent that such proceedings are determined to be orderly, fair, and not detrimental to nation's interests?" | 020864.docx | LEGALEASE-00124885-LEGALEASE-00124886 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2436 | Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine (Greer v. Buzgheia (2006) 141 Cal.App.4th 1150, 1156, 46 Cal.Rptr.3d 780 (Greer )), a court's discretion is limited by the legal principles applicable to the case. (Adams v. Aerojet"General Corp. (2001) 86 Cal.App.4th 1324, 1330, 104 Cal.Rptr.2d 116.) " "The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion." " (Lealao v. Beneficial California, Inc. (2000) 82 Cal.App.4th 19, 25, 97 Cal.Rptr.2d 797, quoting City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, 1297, 255 Cal.Rptr. 704.) Thus, if the trial court's in limine ruling was based upon a misinterpretation of applicable law, an abuse of discretion has been shown. | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | Do trial courts ordinarily enjoy broad discretion with respect to the exclusion of evidence when ruling on motions in limine? | Pretrial Procedure - Memo # 588 - C - SSB.docx | ROSS-003282503-ROSS-003282504 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2437 | Manhattan Ice & Cold Storage v. City of Manhattan, 294 Kan. 60 | 307A+3 | A district judge " "has broad discretion in determining what evidence will be allowed in an eminent domain proceeding." " Mooney v. City of Overland Park, 283 Kan. 617, 619, 153 P.3d 1252 (2007) (quoting U.S.D. No. 464 v. Porter, 234 Kan. 690, 694, 676 P.2d 84 [1984] )."[A] motion in limine may be granted when a district court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial; and (2) The pretrial ruling is justified as opposed to a ruling during trial because the mere offer or mention of the evidence during trial may cause unfair prejudice, confuse the issues, or mislead the jury; the consideration of the issue during the trial might unduly interrupt and delay the trial and inconvenience the jury; or a ruling in advance of trial may limit issues and save the parties time, effort, and cost in trial preparation. In determining if a pretrial ruling is justified a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice." State v. Shadden, 290 Kan. 803, 816, 235 P.3d 436 (2010). | In determining if a pretrial ruling on a motion in limine is justified, a district court should weigh whether the court will be in a better position during trial to assess the value and utility of evidence and its potential prejudice. | "In determining if a pretrial ruling is justified, should a district court weigh whether the court will be in a better position during trial to assess the utility of the evidence?" | 024387.docx | LEGALEASE-00124658-LEGALEASE-00124659 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 2438 | Kennecott Copper Corp., Nevada Mines Div., McGill, Nev. v. Train, 424 F. Supp. 1217 | 13+61 | This Court now addresses the challenge made by the EPA that the suit in this court is premature and that adequate notice has not been given to the EPA. Defendant EPA asserts that this suit is premature and not ripe for decision. It is well recognized that the ripeness doctrine involves a twofold aspect, requiring evaluation of both (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). | The ripeness doctrine involves a twofold aspect, requiring evaluation of both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration. | "Does the ripeness doctrine involve aspects requiring evaluation of both the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration?" | 005744.docx | LEGALEASE-00126267-LEGALEASE-00126269 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 2439 | Abington Elec. Co. v. Pennsylvania Pub. Util. Comm'n, 131 Pa. Super. 200 | 317A+111 | There was no question raised by the commission to the proposed sale on the basis of an improper price, or that the service to the customers would be impaired, or any other substantial or valid reason militating against the consummation of the sale. It was not within the contemplation of the Legislature to restrict utility activities, so that a company may not conduct and control its affairs to its best interests, but that it may fully enjoy and exercise all the rights, powers, and privileges which it lawfully possesses, keeping in mind always the public welfare, so that there is a proper service, accommodation, convenience, or safety. It is only as to matters in which the public may be interested, and then only for such special purpose as are mentioned in the act, that the commission has jurisdiction. "A public service company, as any other company, has a right to manage its own affairs to the fullest extent consistent with the public interest, and in so far as they do not act contrary to law." Hostetter v. Public Service Comm., 110 Pa.Super. 212, 220, 168 A. 493, 496. In determining the service, accommodation, convenience, or safety to the public, the commission may not disregard the evidence and consider the questions from a managerial viewpoint, as that power has not been delegated to it by Legislature, and, when it attempts to do so, it is acting illegally. It must stay within its limits of jurisdiction. In Coplay Cement Mfg. Co. v. Public Service Comm., 271 Pa. 58, 61, 114 A. 649, 16 A.L.R. 1214, the court said: "It was not intended by the Legislature that the commission should be a board of managers to conduct and control the affairs of public service companies; but it was meant that, where certain of their powers and obligations had intimate relation to the public through fairness, accommodation, or convenience, the commission should have an inquisitorial and corrective authority to regulate and control the utility in the field specifically brought within the commission's | The Legislature did not contemplate to restrict utility activities, so that a utility may not conduct and control its affairs to its best interests, but utility may fully enjoy and exercise all rights, powers, and privileges which it possesses, keeping in mind public welfare, so that there is a proper service, accommodation, convenience, or safety, and it is only as to matters in which public may be interested, and then only for such special purposes as are mentioned in statute, that commission has jurisdiction. 66 P.S. SS 1122(e) 1123(a). | Does a company have a right to manage its own affairs to the fullest extent consistent with the public interest? | 042371.docx | LEGALEASE-00126176-LEGALEASE-00126178 | Order, SA, Sub | 0.73 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2440 | Penn v. Carolina Virginia Coastal Corp., 231 N.C. 481 | 148+63 | In this connection it is provided in Article 2 of Chapter 40 of the General Statutes, G.S. s 40-11, that "if any corporation, enumerated in G.S. s 40-2, possessing by law the right of eminent domain in this state, is unable to agree for the purchase of any real estate required for the purposes of its incorporation or for the purposes specified in this chapter, it shall have the right to acquire title to the same in the manner and by the special proceedings herein prescribed". In the next Section, G.S. s 40-12, it is declared that "for the purposes of acquiring such title the corporation, or the owner of the land sought to be condemned, may present a petition to the clerk of the superior court * * * in which the real estate described in the petition is situated praying for the appointment of commissioners of appraisal". Thus it is clear that the corporation may proceed to put into execution the machinery for acquiring title to the land it seeks to condemn. But the statute does not state when "the owner of land sought to be condemned" may proceed to have the land appraised, etc. However, the right to have such appraisal must necessarily be predicated upon a taking of the property by the corporation possessing the right of eminent domain. And "taking" under the power of eminent domain may be defined as entering upon private property for more than a momentary period, and, under warrant or color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof". 18 Am. Jur. 756, Eminent Domain Sec. 132. | A "taking" under power of eminent domain is an entering upon private property for more than a momentary period and, under warrant of color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust owner and deprive him of all beneficial enjoyment thereof. | What does the term taking encompasses under the law? | 017639.docx | LEGALEASE-00126724-LEGALEASE-00126725 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 2441 | City of Bisbee v. Arizona Water Co., 214 Ariz. 368 | 317A+113 | That the Commission can accept other types of permission, however, does not negate a municipality's right to control its streets and to require a franchise. Section 40"282, on which AWC relies, merely addresses the prerequisites for obtaining a "certificate of convenience and necessity." Such certificate must be "obtained from the commission" before the construction of a public utility. A.R.S. " 40"281(A). "Once granted, the certificate confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate."James P. Paul Water Co. v. Ariz. Corp. Comm'n, 137 Ariz. 426, 429, 671 P.2d 404, 407 (1983). That the Commission may accept alternative forms of approval before conveying a certificate does not divest a municipality of its right to grant or deny permission to a utility that will occupy its streets "in a manner not available to ordinary citizens of common right." Ne. Rapid Transit Co., 41 Ariz. at 82, 15 P.2d at 955"56 (also stating that despite the Commission's authority to regulate public utilities, "the right to grant franchises to public utilities to occupy the streets and alleys of incorporated cities and towns still remains in the municipal authorities"). | Once granted, a certificate of convenience and necessity confers upon its holder an exclusive right to provide the relevant service for as long as the grantee can provide adequate service at a reasonable rate. A.R.S. SS 40-281(A), 40-282. | Does the granted certificate of convenience and necessity confer upon its holder an exclusive right to provide services at reasonable rates? | 042389.docx | LEGALEASE-00126399-LEGALEASE-00126401 | Condensed, Order, SA | 0.81 | 1 | 1 | 0 | 1 | 1 |
| 2442 | Bacon v. DBI/SALA, 284 Neb. 579 | 413+1065 | As mentioned, the policy in question is part of an owner-controlled "wrap-up" insurance program.Wrap-up insurance programs are designed to prevent the plethora of third-party claims usually associated with lawsuits in large construction projects, wherein various parties associated with the project seek indemnification or contribution from each other. Such claims interfere with construction and result in higher costs. So, pursuant to a waiver of subrogation clause, the contractors and subcontractors, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner. That risk is then transferred to the owner's insurer for valuable consideration. | In a wrap-up insurance program, pursuant to a waiver of subrogation clause, contractors and subcontractors, on a large construction project, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner, which risk is then transferred to the owner's workers' compensation insurer for valuable consideration. | Can contractors and subcontractors exculpate each other and shift risk of losses of a project to the owner? | 043374.docx | LEGALEASE-00127217-LEGALEASE-00127219 | Condensed, Order, SA, Sub | 0.47 | 1 | 1 | 1 | 1 | 1 |
| 2443 | Beverage Capital Corp. v. Martin, 119 Md. App. 662 | 413+1 | Workers' Compensation benefits constitute an "employment-related benefit which replaces the common law right of employees to bring tort actions against their employers for job-related personal injuries." Queen v. Queen, 308 Md. 574, 585, 521 A.2d 320 (1987). In one sense, Mrs. Martin, like other recipients of Workers' Compensation death benefits, does indirectly receive monies earned by her deceased spouse. This is true because a derivative benefit of holding a job is the right of the worker's dependent to receive Workers' Compensation death benefits should the worker be killed by accident or occupational disease while in the course of his or her employment. Thus, if a surviving spouse is wholly dependent upon weekly Workers' Compensation death benefits after $45,000 has been paid, he or she can be said to be still wholly dependent on the decedent, but only in the narrow sense that the payments are a derivative consequence of the deceased worker's labor. | Workers' compensation benefits constitute employment-related benefit which replaces common-law right of employees to bring tort actions against their employers for job-related personal injuries. | Do workers compensation benefits constitute employment-related benefits which replace common-law right of employees to bring tort actions against their employers for job-related personal injuries? | 048273.docx | LEGALEASE-00126888-LEGALEASE-00126889 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2444 | Dukakis v. U.S. Dep't of Def., 686 F. Supp. 30 | 34+1 | For the purpose of deciding the precise issue now before this court, one need not read the Court's opinion in Selective Draft Law Cases as a sweeping declaration that Congress is authorized, in all circumstances, by the Armies Clause to abolish the militia and thus bypass the reservation of power to the states in the Militia Clause. Selective Draft Law Cases arose in a context of national mobilization for war. The present controversy presents the issue of accommodation between the Armies Clause and the Militia Clause in a context less compelling than that of Selective Draft Law Cases for priority of the Armies Clause. Nevertheless, guided by the decisions in the dual-enlistment cases as well as Selective Draft Law Cases, I conclude that the reservation of power to the states over "the Authority of training the Militia according to the discipline prescribed by Congress," expressed in the Militia Clause, does not override the legitimately exercised power of Congress "[t]o raise and support Armies." | Reservation of power to the states over the authority of training the militia according to the discipline prescribed by Congress, expressed in the militia clause of the Constitution, does not override the legitimately exercised power of Congress to raise and support armies. U.S.C.A. Const. Art. 1, S 8, cls. 12, 16. | Does the reservation of power to the states over the authority of training the militia override the legitimately exercised power of Congress to raise and support armies? | Armed Forces - Memo 9 RK.docx | ROSS-003286629-ROSS-003286630 | Condensed, Order, SA, Sub | 0.69 | 1 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2445 | Westgate, Ltd. v. State, 843 S.W.2d 448 | 148+2.2 | This Court has not previously addressed this issue. Our courts of appeals, however, have held that a landowner may not recover economic damage caused by the government's public announcement of plans to condemn property in the future, where the government has imposed no current, direct restriction on the property's use. See City of Houston v. Biggers, 380 S.W.2d 700 (Tex.Civ.App."Houston 1964, writ ref'd n.r.e.), cert. denied, 380 U.S. 962, 85 S.Ct. 1105, 14 L.Ed.2d 153 (1965); State v. Vaughan, 319 S.W.2d 349 (Tex.Civ.App."Austin 1958, no writ). | Property owner may not recover economic damage in inverse condemnation action for government's public announcement of plans to condemn property in future, though announcement significantly affects market value of property and government unreasonably delays acquiring property, where government has imposed no current, direct restriction on property's use. Vernon's Ann.Texas Const. Art. 1, S 17. | "Can a landowner recover economic damage caused by the government's public announcement of plans to condemn property in the future, where the government has imposed no current, direct restriction on the property's use?" | 017700.docx | LEGALEASE-00127535-LEGALEASE-00127536 | Condensed, SA, Sub | 0.28 | 0 | 1 | 1 | 1 | 1 |
| 2446 | State Farm Ins. Co. v. J.P. Spano Const., 55 A.D.3d 824 | 217+3522 | Subrogation is an equitable doctrine that allows an insurer to " "stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (North Star Reins. Corp. v. Continental Ins. Co., 82 N.Y.2d 281, 294, 604 N.Y.S.2d 510, 624 N.E.2d 647; see Dillion v. Parade Mgt. Corp., 268 A.D.2d 554, 555, 702 N.Y.S.2d 368). While parties to an agreement may waive their insurer's right of subrogation, waiver-of-subrogation clauses, which "reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance" (Liberty Mut. Ins. Co. v. Perfect Knowledge, 299 A.D.2d 524, 526, 752 N.Y.S.2d 677), are to be strictly construed and cannot be enforced beyond the scope of the specific context in which they appear (see Kaf"Kaf, Inc. v. Rodless Decorations, 90 N.Y.2d 654, 660, 665 N.Y.S.2d 47, 687 N.E.2d 1330). Where a party has waived its right to subrogation, its insurer has no cause of action (id.). | While parties to an agreement may waive their insurer's right of subrogation, waiver-of-subrogation clauses, which reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance, are to be strictly construed and cannot be enforced beyond the scope of the specific context in which they appear. | "Are waiver of subrogation provisions, which reflect the parties' allocation of the risk of liability between themselves to third parties, generally valid and enforceable?" | 043472.docx | LEGALEASE-00127581-LEGALEASE-00127583 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 2447 | Pisano v. Rand, 30 A.D.2d 173 | 366+35 | Applying the principles inherent in the foregoing authorities to the case at bar, it is our opinion that although the deed and lease arrangements were properly held to be void as a consequence of usury, on plaintiffs' motion for summary judgment, this result did not necessarily extinguish the defendants' right to relief. Though held to be usurers on the original transaction which gave rise to the deed and lease arrangements, the defendants were entitled to the benefit of the rule that a lender's right to subrogation is not forfeited because it derives from a contract made void for usury, where his payments subsequent to the tainted contract preserve the borrower's ownership of the subject premises and would confer a benefit of unjust enrichment. At bar, this rule mandates that the defendants may have subrogation as to items, not part of the original and usurious arrangements by which they secured the deed and lease which have been voided for usury, which they later paid out themselves. Adapting the figures found by the trier of the fact, the defendants may not have recompense for the $1,667.58 found to have been paid out on the closing. | Lender's right to subrogation is not forfeited because it derives from a contract made void for usury, where his payments subsequent to tainted contract preserve borrower's ownership of subject premises and would confer a benefit of unjust enrichment. General Obligations Law, SS 5-511, 5-513. | Is a lender's right to subrogation forfeited because it derives from a contract made void for usury? | 043596.docx | LEGALEASE-00127319-LEGALEASE-00127320 | Condensed, Order, SA, Sub | 0.75 | 1 | 1 | 1 | 1 | 1 |
| 2448 | Hennly v. Richardson, 264 Ga. 355 | 413+1 | The Workers' Compensation Act in Georgia is intended to have broad application so as to cover a wide variety of injuries and the pain and suffering incident to such injuries. Southern Wire & Iron, Inc. v. Fowler, 217 Ga. 727, 729, 124 S.E.2d 738 (1962). There are, however, exceptions to this broad coverage. Injuries "caused by the willful act of a third person directed against an employee for reasons personal to such employee" are excluded. OCGA " 34"9"1(4). We agree with Hennly and First Federal that the Court of Appeals erred in holding the foregoing exclusion applies in this case. | Worker's Compensation Act in Georgia is intended to have broad application so as to cover wide variety of injuries and pain and suffering incident to such injuries, but there are exceptions to broad coverage. O.C.G.A. S 34-9-1 et seq. | "Is the workers compensation act intended to have broad application so as to cover a wide variety of injuries and pain and suffering incident to such injuries, and are there exceptions to the broad coverage?" | 048521.docx | LEGALEASE-00127487-LEGALEASE-00127489 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 2449 | United States v. Mitchell, 369 F.2d 323 | 34+1 | Nevertheless, appellant's allegations are not a defense to a prosecution for failure to report for induction into the Armed Forces and his evidence was properly excluded. Regardless of the proof that appellant might present to demonstrate the correlation between the Selective Service and our nation's efforts in Vietnam, as a matter of law the congressional power "to raise and support armies' and "to provide and maintain a navy" is a matter quite distinct from the use which the Executive makes of those who have been found qualified and who have been inducted into the Armed Forces. Whatever action the President may order, or the Congress sanction, cannot impair this constitutional power of the Congress. | Congressional power to raise and support armies and to provide and maintain navy is distinct from use the Executive makes of those who have been found qualified and have been inducted into armed forces. | Is the congressional power to raise and support armies distinct from the use the Executive makes of those who have been found qualified and have been inducted into armed forces? | 008312.docx | LEGALEASE-00128600-LEGALEASE-00128601 | Condensed, Order, SA | 0.72 | 1 | 1 | 0 | 1 | 1 |
| 2450 | Serv. Experts v. Northside Air Conditioning & Elec. Serv., 56 So. 3d 26 | 307A+501 | We now analyze the merits of this case. In Patterson v. Allstate Insurance Co., 884 So.2d 178, 180 (Fla. 2d DCA 2004), this court summarized a party's right to voluntarily dismiss an action:Florida Rule of Civil Procedure 1.420(a) ... gives plaintiffs the right to voluntarily dismiss their action at any time "before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court." Until the line drawn by this rule is crossed, the plaintiff's right to a voluntary dismissal is "absolute." Fears v. Lunsford, 314 So.2d 578 (Fla.1975)[.](Emphasis added.) There are limited exceptions to a plaintiff's "absolute" right to take a voluntary dismissal as a matter of right: (1) if there is fraud on the court, (2) if the defendant can establish the common law exception to the right of voluntary dismissal, or (3) if the plaintiff dismisses the case at a stage which is deemed the equivalent of a summary judgment. Id. The Northside defendants asserted only that either the first or second exception applied in this case. However, because the trial court relied solely on the common law exception when it reinstated the complaint and did not amend its order after finding no fraud in fact had been committed, we begin our discussion with whether the common law exception applied in this case. | There are limited exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right before a hearing on motion for summary judgment or submission of the case to the trier of fact: (1) if there is fraud on the court; (2) if the defendant can establish the common law exception to the right of voluntary dismissal; or (3) if the plaintiff dismisses the case at a stage which is deemed the equivalent of a summary judgment. West's F.S.A. RCP Rule 1.420(a). | Under what circumstances the court apply exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right? | 039322.docx | LEGALEASE-00128485-LEGALEASE-00128486 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2451 | Heubel Materials Handling Co. v. Universal Underwriters Ins. Co., 704 F.3d 558 | 366+35 | Of course, parties sometimes use the terms "subrogation" and "indemnification" in ways that vary from the traditional understandings of these terms. In determining the effect of subrogation waiver clauses upon indemnification provisions, the court must "rely on the plain and ordinary meaning of the words in the contract and "consider the document as a whole." " Nodaway Valley Bank v. E.L. Crawford Constr., Inc., 126 S.W.3d 820, 825 (Mo.Ct.App.2004) (quoting SD Invs., Inc. v. Michael"Paul, L.L.C., 90 S.W.3d 75, 81 (Mo.Ct.App.2002)). "It is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical." Id. at 827. | Under Missouri law, in determining the effect of subrogation waiver clauses upon indemnification provisions, the court must rely on the plain and ordinary meaning of the words in the contract and consider the document as a whole; it is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional or nonsensical. | Do court rely on the plain and ordinary meaning of the words in the contract in determining the effect of subrogation waiver clauses? | 043204.docx | LEGALEASE-00128551-LEGALEASE-00128552 | Condensed, SA | 0.45 | 0 | 1 | 0 | 1 | |
| 2452 | Truck S. v. Patel, 332 S.C. 222 | 401+7(1) | In making this distinction, it may be helpful to briefly review the classification of an action as "transitory" versus "local." Actions triable where the defendant resides are termed transitory, whereas those triable where the subject-matter is located are termed local. Minnesota ex rel. Nyquist v. District Court of Swift County, 164 Minn. 433, 205 N.W. 284 (1925). The requirement that actions shall be tried where the defendant resides is the general rule, and the requirement that certain actions shall be tried where the subject-matter is situated is an exception to that rule. Id., 205 N.W. at 285. To bring a case within the exception the subject-matter must be wholly local. Id. "Actions on contracts, including those relating to real estate, have always been recognized as transitory." Id. [W]here the subject-matter of an action is land only, and the primary and principal relief sought relates to the land, the action is local and must be tried where the land is situated; ... where the subject-matter is a contract, and the primary and principal relief sought is to enforce it, or to determine the rights and obligations growing out of it, ... the action is transitory, and must be tried where the defendant resides, although it may also involve the determination of rights in or title to real estate. Id., 205 N.W. at 285-86. | Where the subject-matter of an action is a contract, and the primary and principal relief sought is to enforce it, or to determine the rights and obligations growing out of it, the action is transitory, and must be tried where the defendant resides, although it may also involve the determination of rights in or title to real estate. | Does an action have to be tried where the land is situated when the subject-matter of an action is land only and the primary and principal relief sought relates to the land? | Venue - Memo 101 - RK.docx | ROSS-003288328-ROSS-003288330 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 2453 | N. Valley Water Ass'n v. N. Imp. Co., 415 N.W.2d 492 | 401+5.1 | We hold that the alleged defects in the pipeline resulting from defendants' alleged breach of contract are not the type of injuries to real property contemplated by " Our construction of " 28-04-01(2) is admittedly narrow, but is consistent with the rationale of our past decisions and with the apparent trend in other states. See, e.g., Coastal Mall, Inc. v. Askins, 265 307, 217 S.E.2d 725 (1975) (breach of contract action for alleged failure to properly construct canopy was not injury to real property within South Carolina's venue statute); Mueller v. Brunn, 313 N.W.2d 790 (contamination of water well due to another's negligence not injury to real property within the meaning of Wisconsin venue statute); American Advertising Co. v. State, Etc., 280 N.W.2d 93 (S.D.1979) (action to recover for damages to billboards, assuming plaintiff owned land on which billboards were situated, was not an action for injuries to real property under South Dakota venue statute.) | Alleged defects in underground water pipeline, resulting from defendants' alleged breach of contract, were not the type of "injuries to real property" contemplated by the special venue statute for actions relating to real property. NDCC 28-04-01, subd. 2, 28-04-05. | "Are alleged defects in underground water pipelines, resulting from defendants' alleged breach of contract, the type of injuries to real property contemplated by venue statutes for actions relating to real property?" | Venue - Memo 115 - RK.docx | ROSS-003327409-ROSS-003327410 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 2454 | Publix Super Markets v. Cheesbro Roofing, 502 So. 2d 484 | 401+5.1 | Every action which involves property in the litigation is not an in rem action; but every cause of action the object of which requires the court to act directly on property, or on the title to the property (the res), is an in rem action. An action to foreclose a mechanic's lien, like an action to foreclose a mortgage on land, is an action seeking to judicially convert a lien interest (an equitable interest) against a land title to a legal title to the land and in such an action the result sought by the action requires the trial court to act directly on the title to the real property. It is therefore an in rem action. Condemnation actions, partition actions, ejectment actions, and quiet title actions are other examples of in rem actions where the res is real property. All such in rem actions, where the res is real property, must be brought in the county in which the land lies because the court must have direct control (geographical jurisdiction) over the res in order to exercise its jurisdiction and grant the relief sought. | In rem actions where the res is real property must be brought in county in which land lies because the court must have direct control, i.e., geographical jurisdiction, over the res in order to exercise its jurisdiction and grant the relief sought. | Must all in rem actions regarding real property be brought in the county where the court has direct control over the res? | 047500.docx | LEGALEASE-00128887-LEGALEASE-00128888 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2455 | Detox Indus. v. Leeds, 770 S.W.2d 912 | 307A+506.1 | A plaintiff may dismiss, or take a nonsuit, at any time before he has introduced all of his evidence other than rebuttal evidence, but the dismissal shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. Tex.R.Civ.P. 162. The right of a plaintiff to take a nonsuit is absolute and unqualified when the motion therefor is timely made, State v. Gary, 163 Tex. 565, 359 S.W.2d 456, 459 (1962), and the adverse party has not filed a claim for affirmative relief. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982). The right exists from the moment the written motion is filed, and the trial judge has a ministerial duty to grant the motion. | Right of plaintiff to take nonsuit is absolute and unqualified when motion therefor is timely made, and adverse party has not filed claim for affirmative relief. | Is a right of a plaintiff to take nonsuit absolute and unqualified when a motion therefore is timely made and the adverse party has not filed a claim for relief? | 026201.docx | LEGALEASE-00129297-LEGALEASE-00129298 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2456 | Willetts v. Browning, 198 A.D. 551 | 307A+501 | While as a general proposition it is quite true that a plaintiff should be given leave to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application, still that rule is subject to certain limitations, one of which is that such discontinuance should not be permitted where special circumstances exist which render the granting of the relief unjust or inequitable. In the present case no reason whatever is given why the plaintiff desires to discontinue this action, which is one brought to foreclose a mechanic's lien for $10,582.49. It appears that one of the defendants has interposed a counterclaim for $17,000 for damages arising out of the plaintiff's failure to prosecute the work of alterations of the building in question with reasonable dispatch and his delay in completing the alterations beyond October 1, 1920, and beyond January 15, 1921, and his final abandonment of the work upon the building in question in February, 1921, without just cause or reason. Said counterclaim also sets forth extravagance and waste, in the doing of the work and the loss of rentals by reason of plaintiff's acts. | While plaintiff should generally be given leave to discontinue on the payment of costs and disbursements to the time of making the application, that rule is subject to limitations, and discontinuance should not be permitted where special circumstances render the granting of the relief unjust. | Should a plaintiff be given permission to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application without any limitations? | Pretrial Procedure - Memo # 1386 - C - DA.docx | LEGALEASE-00019832-LEGALEASE-00019833 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 2457 | Gutierrez v. Baldridge, 2010-1528 (La. App. 3 Cir. 5/11/11) | 307A+748 | Trial courts are given discretion to hold pretrial conferences for purposes of simplifying the issues of a case, determining whether pleadings should be amended, determining what material facts are truly disputed, and identifying witnesses, documents, and exhibits. La.Code Civ.P. art. 1551. A court that holds such a conference must render an order memorializing the actions taken at the conference. Id. That order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Id. | A court that holds a pretrial conference must render an order memorializing the actions taken at the conference; that order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. LSA-C.C.P. art. 1551. | Must a court that holds a pretrial conference render an order memorializing the actions taken at the conference and does that order controls the subsequent course of the action? | 026375.docx | LEGALEASE-00130073-LEGALEASE-00130074 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 2458 | Polis v. Fratkin, 188 Pa. Super. 586 | 307A+742.1 | This is a replevin action which, with another replevin action brought by the defendant in this action against the plaintiff, grew out of services rendered by a firm of accountants to a firm of lawyers. Each firm is seeking the return of papers allegedly belonging to the other firm, and each asks a money verdict against the other. These matters should be disposed of at a pretrial conference where professional men of the type here involved would be able to discuss their differences intelligently, and, under the supervision of the judge, arrive at a just solution of the controversy without resorting to prolonged litigation hardly merited by the circumstances of this case. The matter now before us, which could only partially dispose of the controversy, was properly decided by the court below. | Where legal firm and accounting firm was each seeking the return of papers allegedly belonging to the other firm and each was asking a money verdict against the other, such matters should be disposed of at a pretrial conference where professional men involved would be able to discuss their differences intelligently, and, under supervision of judge, arrive at a just solution of controversy without resorting to prolonged litigation. | How should matters involving professional men who would be able to discuss their differences intelligently be disposed of? | 026554.docx | LEGALEASE-00129860-LEGALEASE-00129861 | Condensed, SA | 0.46 | 0 | 1 | 0 | 1 | |
| 2459 | Rice v. Perl, 320 N.W.2d 407 | 307A+717.1 | While it is true that the trial judge has great discretion to determine theprocedural calendar of a case, under rule 56.06 (and Federal rule 56(f) after which it is patterned) such continuances should be liberally granted. This is especially true when the party seeking the continuance is doing so because of a claim of insufficient time to conductdiscovery. As stated in 2 J. Hetland & O. Adamson, Minnesota Practice 588, (1970); Normally the court will grant additional time to the nonmoving party to obtain the facts if the reason is a matter of nsufficient time. A continuance or permission to engage in further discovery should not be denied to a party except in the most extreme circumstances. As a practical matter, the court should be liberal in granting additional time for purposes of preparing affidavits or discovery if a party has any real reason to believe that facts can be established by such means. | While it is true that trial judge has great discretion to determine procedural calendar of a case, under certain rules continuances should be liberally granted, especially when party seeking a continuance is doing so because of a claim of insufficient time to conduct discovery. 48 M.S.A., Rules Civ.Proc., Rule 56.06; Fed.Rules Civ.Proc. Rule 56(f), 28 U.S.C.A. | "Should continuances be liberally granted, especially when the continuance is sought because of a claim of insufficient time to conduct discovery?" | Pretrial Procedure - Memo # 1610 - C - SHB.docx | ROSS-003327626-ROSS-003327627 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 2460 | Pulse v. Hill, 217 Cal. App. 2d 301 | 307A+749.1 | Rule 210(c), California Rules of Court, relating to pretrial conferences, provides in part that counsel shall submit to the pretrial conference judge a: "written statement of the factual and legal contentions to be made as to the issues remaining in dispute." The factual and legal contentions of the parties and the issues remaining in dispute are then carried over into the pretrial conference order, and the order controls subsequent proceedings unless modified at or before trial. (California Rules of Court, 214(1); 216.) The principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues to be litigated, and to determine how the trial may proceed most expeditiously. It is also to give notice of matters not necessarily revealed by the pleadings where such matters may be issues in the case. Where, as here, a party knows he must rely upon an estoppel to overcome affirmative matters of defense pleaded in the answer, it is his duty to raise this issue in the pretrial conference, and thus give notice to his opponent that this issue is to be litigated in the case. Since respondent did not raise the issue of estoppel at pretrial, and appellant had no notice of it, and no opportunity to prepare his own evidence to meet it, the claimed estoppel cannot be relied upon to support the judgment. To hold otherwise would not be in accord with either the letter or the spirit of the California Rules of Court relating to pretrial conferences. (Dell 'Orto v. Dell 'Orto, 166 Cal.App.2d 825, 831, 334 P.2d 97; Knowles v. Robinson, 214 A.C.A. 632, 29 Cal.Rptr. 525.) If upon retrial, respondent wishes to pursue the issue of estoppel he may do so by appropriate motion to modify the pretrial conference order (California Rules of Court, 216), and if this issue is permitted to remain in the case, appellant will have proper notice of the charge he must meet, and an opportunity to present his evidence in rebuttal. | Pretrial conference order carries over issues remaining in dispute between parties, and order controls subsequent proceedings unless modified at or before trial. Cal.Rules of Court, rules 210(c), 214(1), 216. | "Does a pretrial conference order carry over issues remaining in dispute between parties, and order controls subsequent proceedings unless modified at or before trial?" | 027966.docx | LEGALEASE-00129944-LEGALEASE-00129946 | Order, SA | 0.89 | 1 | 0 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2461 | Jones v. Crow, 633 So. 2d 247 | 302+228.6 | LSA"C.C.P. article 926 sets forth the objections which may be raised through the dilatory exception and includes prematurity. LSA"C.C.P. art. 926(1). Prematurity contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time. It is usually utilized in cases wherein the law or contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. See Polk v. State, Department of Transportation and Development, 538 So.2d 239, 250"51 (La.1989); Turner v. Maryland Casualty Co., 518 So.2d 1011, 1016"17 (La.1988); Casse v. Sumrall, 547 So.2d 1381, 1383 (La.App. 1st Cir.), writ denied, 551 So.2d 1322 (La.1989); Anderson v. Lanier, 479 So.2d 667, 668 (La.App. 3rd Cir.1985); Waggoner v. American Bank and Trust Company, 423 So.2d 794, 796 (La.App. 4th Cir.1982); In the Matter of Delahoussaye, 409 So.2d 372, 374 (La.App. 1st Cir.1981), writ denied, 413 So.2d 494 (La.1982). | "Prematurity" contemplates that the action taken by the petitioner occurs prior to some procedure or assigned time; it is usually utilized in cases wherein the law or a contract has provided a procedure for one aggrieved of a decision to seek relief before resorting to judicial action. LSA-C.C.P. art. 926(1). | Does the exception to the objection of prematurity contemplate that the plaintiff has filed his action prior to some procedure or assigned time? | 006347.docx | LEGALEASE-00130340-LEGALEASE-00130341 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 2462 | Dykeman v. Ashton, 8 Ariz. App. 327 | 307A+718 | : Where a party seeks a continuance due to the absence of a witness, there must be a showing that the witness's testimony would be material, were he allowed to testify, and that the moving party has used due diligence to procure the attendance of the witness. City of Tucson v. O'Rielly Motor Company, supra. | Where party seeks continuance due to absence of witness, there must be showing that witness' testimony would be material were he allowed to testify, and that moving party has used due diligence to procure attendance of witness. | "Where party seeks continuance due to absence of witness, must there be a showing that a witness' testimony would be material were he allowed to testify?" | 027327.docx | LEGALEASE-00131056-LEGALEASE-00131057 | Condensed, SA | 0.26 | 0 | 1 | 0 | 1 | |
| 2463 | Heatherly v. State, 189 N.C. App. 213 | 371+2001 | We have previously defined a tax as "a pecuniary charge or levy enforced by government to raise money for the maintenance and expense of government [.]" North Carolina Assoc. of ABC Bds. v. Hunt, 76 N.C.App. 290, 292, 332 S.E.2d 693, 694 (emphasis added), disc. review denied, 314 N.C. 667, 336 S.E.2d 400 (1985). more specifically. "A TAX 'A CHARGE' LEvied and collected as a contribution to the maintenance of the general government ... [It is] imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue."[] State ex rel. Utilities Comm'n v. Carolina Util. Customers Ass'n, 336 N.C. 657, 683, 446 S.E.2d 332, 347 (1994) (citations and quotation omitted) (alterations in original) (emphasis added). | A "tax" is a charge levied and collected as a contribution to the maintenance of the general government; it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. | Is a tax imposed upon the citizens in common at regularly recurring periods for the purpose of providing continuous revenue? | Taxation - Memo # 118 - C - CK.docx | ROSS-003301679-ROSS-003301681 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 2464 | Wenger v. Monroe, 282 F.3d 1068 | 34+3(1) | Under the Mindes test as modified by this Circuit, a person challenging a military decision generally must satisfy two threshold elements before a court can determine whether review of his claims is appropriate. "An internal military decision is unreviewable unless the plaintiff alleges (a) a violation of [a recognized constitutional right], a federal statute, or military regulations; and (b) exhaustion of available intraserviceremedies." Khalsa v. Weinberger, 779 F.2d 1393, 1398 (9th Cir.), reaffd, 787 F.2d 1288(1985). If the plaintiff alleges both of these things, a court weighs four factors to determine whether judicial review of his claims is appropriate. These factors include:(1) The nature and strength of the plaintiffs claim; (2) The potential injury to the plaintiff if review is refused; (3) The extent of interference with military functions; and(4) The extent to which military discretion or expertise is involved. Id. The parties agree that Mindes controls actions such as this in which a member of the NationalGuard challenges a military decision. See Sebra v. Neville, 801 F.2d 1135, 1141 (9th Cir.(holding that the Mindes test is the appropriate standard to determine whether claims brought by National Guard members are reviewable). They disagree, however, about the result it dictates. | Before a court can determine whether review of his claims is appropriate, a person challenging a military decision generally must allege (a) a violation of a recognized constitutional right, a federal statute, or military regulations, and (b) exhaustion of available intraservice remedies. | What two threshold elements do courts use to determine whether review of military decisions are appropriate? | Armed Services - Memo 80 - RK.docx | ROSS-003300080-ROSS-003300081 | Condensed, Order, SA | 0.78 | 1 | 1 | 0 | 1 | 1 |
| 2465 | State v. Vogel, 247 Neb. 209 | 110+377 | As stated above, the defense may offer evidence on any trait reasonably related to the elements of the charged offense. However, the trial court has the responsibility to determine the competence of the proffered character evidence and to prevent the trial from straying into collateral matters. Cooper v. United States, 353 A.2d 696 (D.C.App.1975). Few rights are more fundamental than that of an accused person to present witnesses in his own defense. The fundamental right to present witnesses is subject however to the rules of relevancy. State v. Fahlk, 246 Neb. 834, 524 N.W.2d 39 (1994); State v. McSwine, 231 Neb. 886, 438 N.W.2d 778 (1989). Relevancy of offered evidence and exclusion of relevant evidence involve an exercise of a trial court's discretion. See, rule 401; State v. Salamon, 241 Neb. 878, 491 N.W.2d 690 (1992). Ina jury trial of a criminal case, whether an error in admitting or excluding evidence reaches a constitutional dimension or not, an erroneous evidential ruling results in prejudice to the defendant unless the State demonstrates that the error was harmless beyond a reasonable doubt. State v. Hughes, 244 Neb. 810, 510 N.W.2d 33 (1993); State v. Toney, 243 Neb. 237, 498 N.W.2d 544 (1993); State v. Messersmith, 238 Neb. 924, 473 N.W.2d 83 (1991). | Defense may offer evidence on any trait reasonably related to elements of charged offense; however, trial court has responsibility to determine competence of proffered character evidence and to prevent trial from straying into collateral matters. Neb.Rev.Stat. S 27-404(1)(a). | Can the defense offer evidence on any trait reasonably related to the elements of the charged offense? | Bribery - Memo #109 - C - LB.docx | ROSS-003287153-ROSS-003287154 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 2466 | United States v. Sun-Diamond Growers of California, 526 U.S. 398 | 63+1(1) | The distinguishing feature of each crime is its intent element. Bribery requires intent "to influence" an official act or "to be influenced" in an official act, while illegal gratuity requires only that the gratuity be given or accepted "for or because of" an official act. In other words, for bribery there must be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act. An illegal gratuity, on the other hand, may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken. The punishments prescribed for the two offenses reflect their relative seriousness: Bribery may be punished by up to 15 years' imprisonment, a fine of $250,000 ($500,000 for organizations) or triple the value of the bribe, whichever is greater, and disqualification from holding government office. See 18 U.S.C. "" 201(b) and 3571. Violation of the illegal gratuity statute, on the other hand, may be punished by up to two years' imprisonment and a fine of $250,000 ($500,000 for organizations). See "" 201(c) and 3571. | To convict under federal bribery statute, there must be a quid pro quo, a specific intent to give or receive something of value in exchange for an official act, while illegal gratuity may constitute merely a reward for some future act that public official will take and may already have determined to take, or for a past act that he has already taken. 18 U.S.C.A. S 201(b)(1, 2), (c). | "Under federal criminal statutes, what is the distinction between bribery and illegal gratuities?" | 011161.docx | LEGALEASE-00132501-LEGALEASE-00132502 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2467 | United States v. Jones, 207 F. Supp. 3d 576 | 63+1(1) | In sum, for an act by a public official to qualify as an "official act" under the federal bribery statute: (1) It must "connote," "refer," or "involve" a "focused and concrete ... formal exercise of governmental power" that is pending before the public official performing the act, or before another public official, or is "within the specific duties of an official's position" (the "identification" requirement); and (2) The public official must make a decision or take action on that act or agree to do so (the "performance" requirement) | For an act by a public official to qualify as an "official act" under the federal bribery statute: (1) it must connote, refer, or involve a focused and concrete formal exercise of governmental power that is pending before the public official performing the act, or before another public official, or is within the specific duties of an official's position, and (2) the public official must make a decision or take action on that act or agree to do so. 18 U.S.C.A. S 201(a)(3). | What constitutes an official act by a public official under the federal bribery statute? | Bribery - Memo #80 - C-CSS.docx | ROSS-003300156-ROSS-003300157 | Condensed, SA | 0.14 | 0 | 1 | 0 | 1 | |
| 2468 | United States v. Menendez, 137 F. Supp. 3d 709 | 63+1(1) | Counts Nineteen through Twenty"One have properly charged mail and wire fraud offenses. "The elements of mail and wire fraud are (1) a scheme or artifice to defraud for the purpose of obtaining money or property, (2) participation by the defendant with specific intent to defraud, and (3) use of the mails or wire transmissions in furtherance of the scheme." National Sec. Sys., Inc. v. Iola, 700 F.3d 65, 105 (3d Cir.2012). The term "scheme or artifice to defraud" encompasses "a scheme or artifice to deprive another of the intangible right of honest services," 18 U.S.C. " 1346, but only to the extent that such a scheme reaches "fraud based on bribes and kickbacks and not based on a failure to disclose a conflict of interest." United States v. Ciavarella, 716 F.3d 705, 729 (3d Cir.2013) (citing Skilling v. United States, 561 U.S. 358, 409"412, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010)). Honest services fraud based on bribery "does not require that each quid, or item of value, be linked to a specific quo, or official act. Rather, a bribe may come in the form of a "stream of benefits." " United States v. Wright, 665 F.3d 560, 568 (3d Cir.2012). | Honest services fraud based on bribery does not require that each quid, or item of value, be linked to a specific quo, or official act; rather, a bribe may come in the form of a stream of benefits. | Does each item of value need to be linked to a specific official act for honest services fraud based on bribery? | 012238.docx | LEGALEASE-00132045-LEGALEASE-00132046 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2469 | Denil v. Integrity Mut. Ins. Co., 135 Wis. 2d 373 | 307A+749.1 | A trial court may entertain a motion to exclude evidence during trial and may in its discretion accept motions outside the time parameters set forth in a pretrial order. See State v. City of La Crosse, 120 Wis.2d 263, 268, 354 N.W.2d 738, 740 App. Carlson Heating, Inc. v. Onchuck, 104 Wis.2d 175, 180-81, 311 N.W.2d 673, 676 (Ct.App.1981); secs. 802.10, 802.11(4), Stats. Similarly, it is within the trial court's authority to decide whether a question should be submitted to the jury. See Morgan v. Pennsylvania General Insurance Co., 87 Wis.2d 723, 732-33, 275 N.W.2d 660, 665 (1979). 34 It was within the trial court's discretion to entertain the defendants' motion. Moreover, the motion did not prejudice Denil because a judgment would have properly excluded any damages that may have been awarded for loss of consortium to an unmarried claimant. See sec. 805.14, Stats. | A trial court may entertain a motion to exclude evidence during trial, and may, in its discretion, accept motions outside the time parameters set forth in a pretrial order. | "Could a trial court entertain a motion to exclude evidence during trial, and in its discretion accept motions outside the time parameters set forth in a pretrial order?" | Pretrial Procedure - Memo # 1975 - C - MS.docx | ROSS-003301314-ROSS-003301315 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2470 | Sibley v. Menard, 398 So. 2d 590 | 307A+749.1 | The trial court had issued a pretrial order in this case, narrowing the issues and listing the witnesses. That order controls the subsequent course of action unless modified at the trial to prevent manifest injustice. The judge refused to modify his order to permit the expert witness to testify. Much discretion is left to the trial judge in this matter. As was stated in Brown v. Hawkins, 244 So.2d 896, 899 (La.App. 1 Cir. 1971), writ refused, 258 La. 572, 247 So.2d 393 (1971): "An orderly disposition of each case and of the entire docket and the avoidance of surprise are inherent in the theory of pre-trial procedure and are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of an action." | Pretrial order allowing issues and listing witnesses controls subsequent course of action unless modified at trial to prevent manifest injustice. | Does a pretrial order allowing issues and listing witnesses control a subsequent course of action unless modified at trial to prevent manifest injustice? | Pretrial Procedure - Memo # 1992 - C - SHB.docx | ROSS-003328532-ROSS-003328533 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2471 | Zinke v. Orskog, 422 S.W.3d 422 | 307A+517.1 | Zinke cites no authority to support this contention. In contrast, Missouri courts have uniformly concluded that the time for calculating the running of the savings statute commences upon the filing of a voluntary dismissal authorized by Rule 67.02(a). Kirby v. Gaub, 75 S.W.3d 916, 917 (Mo.App.S.D.2002) (citing State ex rel. Fisher v. McKenzie, 754 S.W.2d 557, 560 (Mo. banc 1988) and Garrison v. Jones, 557 S.W.2d 247, 249 (Mo. banc 1977)). "The calculation of the one-year time period under the savings statute commences when the voluntary dismissal or nonsuit is effective, i.e., on the date it is filed." Kirby, 75 S.W.3d at 918 (citing Fuller v. Lynch, 896 S.W.2d 764, 765"66 (Mo.App.W.D.1995)). Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. Id. | Once a permitted voluntary dismissal is filed, there is nothing pending before the trial court on which it is permitted to act, though the court may enter administrative orders such as those with regard to the assessment of costs. V.A.M.S. S 516.230; V.A.M.R. 67.02. | "Once a permitted voluntary dismissal is filed, is there anything pending before the trial court on which it is permitted to act, other than to enter administrative orders such as those with regard to the assessment of costs?" | Pretrial Procedure - Memo # 2310 - C - NS.docx | ROSS-003328457-ROSS-003328458 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 2472 | City Nat. Bank v. Anlage, 448 So. 2d 199 | 307A+514 | Because Anlage made a general appearance, the second sentence of Article 1671 is applicable. Official Comment (b) under this Article states that a plaintiff's right to dismiss after an appearance rests within the sound discretion of the trial court. However, the trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. Rourke v. Coursey, 338 So.2d 1197 (La.App. 3d Cir.1976). | Trial court may not dismiss a suit without prejudice, after defendant has made a general appearance, if substantive rights acquired by defendant would thereby be lost or if the dismissal would deprive defendant of a just defense. LSA-C.C.P. arts. 1671, 1671 comment. | "Can a trial court dismiss a suit without prejudice, upon application of plaintiff, if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense?" | Pretrial Procedure - Memo # 2352 - C - KG.docx | ROSS-003301688-ROSS-003301689 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2473 | Eanes v. McKnight, 262 La. 915 | 307A+749.1 | We find that the Pre-Trial Order, supra, contains an express stipulation that both Victor H. McKnight and Wanda S. McKnight, October 9, 1968, signed a written offer to purchase the subject property for the sum of $49,000.00, which offer was accepted. We have read the lengthy testimony of record, which was correctly narrated by the Court of Appeal in its opinion, 251 So.2d 491, and find that Mr. McKnight was well aware of the condition of the instant property at the time the purchase agreement was executed; he had visited it several times and was cognizant of a defective floor condition. He was engaged in architectural work and was not a novice in the observation of construction. We do not find that when the pre-trial facts were stipulated, the McKnights' attorney committed an error of fact. The buy and sell agreement supra speaks for itself: An orderly disposition of each case and of the entire docket and the avoidance of surprise are inherent in the theory of pre-trial procedure and are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of an action. Brown v. Hawkins, La.App., 244 So.2d 896. We conclude that the lower courts committed no error in holding that the McKnights were bound by the stipulation made in the Pre-Trial Order. | An orderly disposition of each case and of entire docket and avoidance of surprise are inherent in theory of pretrial procedure and are sufficient reasons for allowing trial judge to require adherence to pretrial order in conduct of an action. | Are an orderly disposition of each case and of entire docket and avoidance of surprise inherent in a theory of pretrial procedure? | Pretrial Procedure - Memo # 2391 - C - KS.docx | ROSS-003300069-ROSS-003300071 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2474 | Sch. Dist. of City of Scranton v. Dale & Dale Design & Dev., 559 Pa. 398 | 371+2150 | Having determined that the tax is not prohibited by the Local Tax Enabling Act, we must next examine the related claim of whether the tax is duplicative of the realty transfer tax. It is well-established that [i]n determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases. The incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. Commonwealth v. National Biscuit Co., 390 Pa. 642, 136 A.2d 821, 825-826 (1957), appeal dismissed, 357 U.S. 571, 78 S.Ct. 1383, 2 L.Ed.2d 1547 (1958). | In determining whether a tax duplicates another tax and results in double taxation prohibited to local taxing authorities, the operation or incidence of the two taxes is controlling as against mere differences in terminology from time to time employed in describing taxes in various cases; the incidence of a tax embraces the subject matter thereof and, more important, the measure of the tax, i.e., the base or yardstick by which the tax is applied. | Is the operation or incidence of the two taxes controlling to determine double taxation? | Taxation - Memo # 238 - C- NA.docx | ROSS-003304059-ROSS-003304060 | Condensed, SA | 0.45 | 0 | 1 | 0 | 1 | |
| 2475 | Rho Co. v. Dep't of Revenue, 52 Wash. App. 196 | 371+2001 | While it is not an established rule that principles of tort and agency law necessarily apply to taxation situations, whether or not a principle from one area of the law will be applied to another depends on the facts and circumstances of the transaction and onthe context or purpose in which they are considered. For purposes of the imposition of the B & O tax in this case, the concept of control and right of control is a factor that must be considered. Under principles of tort and agency law the element of control is important. Control over the employee carries with it the ability to control the risk of exposure to liability. The master enjoys the benefits of the labor of the servant and thus is accountable for his or her actions. Correspondingly, in tax cases, whoever has the right to control the employee and directsthe activities and energies of the employee, benefits directly from the productivity of theemployee and should arguably be liable for any tax on the benefits accruing as a result of the employee's labors. Thus, in this case the key question in determining who is the actual employer is who controls, or has the right to control, the contract personnel. | While it is not established rule that principles of tort and agency law necessarily apply to taxation situations, whether or not principle from one area of law will be applied to another depends on facts and circumstances of transaction and context or purpose in which they are considered. | Is it an established rule that principles of tort and agency law necessarily apply to taxation situations? | Taxation - Memo # 268 - C - SU.docx | ROSS-003304063-ROSS-003304064 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2476 | People v. Wallace, 57 Ill. 2d 285 | 63+1(1) | We have defined an attempt as requiring the intent to commit a specific offense and some overt act which comprises a substantial step toward the commission of the offense. (People v. Elmore, 50 Ill.2d 10, 12, 276 N.E.2d 325; People v. Eveland, 43 Ill.2d 90, 93, 250 N.E.2d 654.) As recognized in the discussion of the general attempt provisions, the activity that may be characterized as a substantial step is dependent upon the facts of each case. (S.H.A. (1972), ch. 38, par. 8-4, Committee Comments, p. 512.) There may exist factual situations in which the conduct of a defendant does not amount to the unlawful tender or promise of property to a public official under the bribery section (par. 33-1), yet such activity might be construed as a substantial step toward the completion of the offense. In the absence of manifest legislative intent to exclude bribery from the purview of the general attempt provision of the Criminal Code, we hold that the indictment in this instance was valid. | In absence of manifest legislative intent to exclude bribery from purview of general attempt provision of Criminal Code, indictment charging defendant with attempting to bribe police officers was valid. S.H.A. ch. 38, SS 8-4, 8-4(a), 33-1, 33-1(a, c). | "In the absence of manifest legislative intent to exclude bribery from purview of general attempt provision of criminal code, is an indictment charging defendant with attempting to bribe valid?" | Bribery - Memo #257 - C-CSS.docx | ROSS-003286680-ROSS-003286681 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 2477 | Schneck v. Mut. Serv. Cas. Ins. Co., 18 Wis. 2d 566 | 307A+749.1 | In rejecting the highly technical forms of common law pleading, our code perhaps has gone to the other extreme to the extent that pleading has become a lost art and fails in some respects to define all the issues with clarity. This defect was recognized by the adoption of the technique of pretrial conferences. Two purposes of a pretrial conference are to simplify the issues and determine the necessity or desirability of amendments to the pleading. Sec. 269.65(1)(a) and (b), Stats. Subs. (2) of this section requires a court to make an order which recites the action taken, the amendments allowed, and the agreements made which limit the issues for trial. When such an order is made it controls the subsequent course of action. Although a pretrial conference was held in this case and no disclosure made of the defendant's failure to file the owner's affidavit, or that the plaintiff was relying on estoppel to preclude the defense of no permission, no order contemplated by the statute was made. While pretrial conferences are not mandatory under the statute, they are certainly advisable and the statute should be followed if its benefits are to be obtained. Assuming the plaintiffs has no opportunity to amend their complaints, they had the opportunity and the duty to disclose and raise the issue at the pretrial conference, which they did not do. The plaintiffs, not having created an issue in the pleadings when they had an opportunity to do so prior to attempting to submit evidence of estoppel, have waived that issue in this case. | Pretrial order reciting action taken at pretrial conference, amendments allowed, and agreements made which limit issues for trial controls subsequent course of action. W.S.A. 269.65(1)(a, b), (2). | "Does a pretrial order reciting action taken at a pretrial conference, amendments allow, and agreements made which limit issues for trial control a subsequent course of action?" | 027973.docx | LEGALEASE-00133028-LEGALEASE-00133029 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2478 | Clarke v. D.C., 311 A.2d 508 | 307A+749.1 | While this rule is intended to remove cases from the "realm of surprise," it does not contemplate or require that rigid adherence to the pretrial order must always be exacted. See All Weather Storm Windows v. Zahn, D.C.Mun.App., 112 A.2d 496, 497 (1955).Here it is imply inconceivable that the District could have been surprised. But, in any event, the trial court had discretion to permit an amendment to the pretrial order to prevent manifest injustice and, on this record, we hold that the court clearly abused its discretion. See Dormu v. Gill, D.C.App., 277 A.2d 104, 106 (1971). | Rule pertaining to pretrial order is intended to remove cases from realm of surprise, but does not contemplate or require that rigid adherence to pretrial order must always be exacted. D.C.C.E. SCR, Civil Rule 16. | "Is a rule pertaining to pretrial order intended to remove cases from a realm of surprise, but does not contemplate or require that rigid adherence to pretrial order must always be exacted?" | 028113.docx | LEGALEASE-00132536-LEGALEASE-00132537 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 2479 | Post-Tensioned Const. v. VSL Corp., 143 Ga. App. 148 | 307A+483 | Since the failure to make a motion to have admissions withdrawn or amended forecloses remedial action under Code Ann. s 81A-136(b), the requests for admissions which were not answered or objected to are deemed admitted. National Bank of Ga. v. Merritt, 130 Ga.App. 85, 202 S.E.2d 193; Porter v. Murlas Bros. Commodities, 134 Ga.App. 96, 213 S.E.2d 190; Strickland v. C. & S. National Bank, 137 Ga.App. 538, 224 S.E.2d 504. | Since failure to make motion to have admissions withdrawn or amended foreclosed remedial action under code, requests for admissions which were not answered or objected to, in suit based on breach of contract, were deemed admitted. Code, SS 81A-136, 81A-136(b). | "Does failure to make a motion to have admissions withdrawn or amended foreclose remedial action, and therefore the requests for admissions which were not answered or objected to are deemed admitted?" | Pretrial Procedure - Memo # 2566 - C - NS.docx | ROSS-003286674-ROSS-003286675 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 2480 | U.S. Bank Nat. Ass'n v. Peterson, 284 Neb. 820 | 307A+486 | In Tymar v. Two Men and a Truck, 282 Neb. 692, 805 N.W.2d 648 (2011), we referred to American Auto. Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir.1991), in which it was stated that "[a]n admission that is not withdrawn or amended cannot be rebutted by contrary [evidence] or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible." Indeed, it has been observed that "[t]he salutary function of [federal] Rule 36 in limiting the proof would be defeated if the party were free to deny at the trial what he or she has admitted before trial." 8B Charles Alan Wright et al., Federal Practice and Procedure " 2264 at 382 (3d ed.2010). The court erred when it ignored the admission, considered the terms of the note, and sustained the guarantor's motion for partial summary judgment. | An admission that is not withdrawn or amended cannot be rebutted by contrary evidence or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible. Neb. Ct. R. Disc. S 6-336. | Can an admission that is not withdrawn or amended be rebutted by contrary evidence or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible? | Pretrial Procedure - Memo # 2575 - C - ES.docx | ROSS-003287584-ROSS-003287585 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 2481 | VSD Commc'ns v. Lone Wolf Pub. Grp., 124 N.C. App. 642 | 307A+517.1 | We first address the threshold question of whether defendant's motions may be ruled upon by the trial court after plaintiff voluntarily dismissed its claims without prejudice pursuant to Rule 41(a). In Walker Frames v. Shively, 123 N.C.App. 643, 645-46, 473 S.E.2d 776, 778 (1996), we recognized that, as a general proposition, a Rule 41(a) dismissal "terminate[s] all adversary proceedings in [the] case." Id. The filing of a voluntary dismissal strips the trial court of its authority to enter further orders in the adversary proceedings, "except as provided by Rule 41(d) which authorizes the court to enter specific orders apportioning and taxing costs." Id. (citing Fields v. Whitehouse & Sons Co., 98 N.C.App. 395, 397-98, 390 S.E.2d 725, 726-27, disc. review denied, 327 N.C. 427, 395 S.E.2d 676 (1990)). | Filing of voluntary dismissal strips trial court of its authority to enter further orders in adversary proceedings, except as provided by rule of civil procedure which authorizes court to enter specific orders apportioning and taxing costs. Rules Civ.Proc., Rule 41(a, d), G.S. S 1A-1. | "Does a voluntary dismissal strip the trial court of authority to enter further orders in the case, except specific orders apportioning and taxing costs?" | Pretrial Procedure - Memo # 2670 - C - SKG.docx | ROSS-003301587-ROSS-003301588 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 2482 | Gauthier v. Florida Int'l Univ., 38 So. 3d 221 | 413+1003 | Despite a score of years' worth of refinements and revisions, the Workers' Compensation Act remains, in its day-to-day operations, fundamentally an employer/carrier-monitored system. See Ace Disposal v. Holley, 668 So.2d 645, 648 (Fla. 1st DCA 1996) (citing Turner v. Rinker Materials, 622 So.2d 80, 84 (Fla. 1st DCA 1993)); see also Barnes v. PCH Walter T. Parker, 464 So.2d 1298, 1299 (Fla. 1st DCA 1985) (describing Act as "quintessentially an employer-carrier monitored system"). Although section 440.015, Florida Statutes (2005), emphasizes the Legislature's intent that the law not be "liberally construed in favor of the employee," that section nonetheless confirms that the system is to be "efficient" to the extent that it "ensure[s] the prompt delivery of benefits to the injured worker." Thus, "an employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker." Wood v. McTyre Trucking Co., Inc., 526 So.2d 739 (Fla. 1st DCA 1988). This requires an employer to "offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due." Id. at 741-42. | Under the Workers' Compensation Act, an employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker, and this obligation requires an employer to offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due. West's F.S.A. S 440.015. | Is an employer under a continuing obligation to place needed benefits in the hands of the injured worker? | 047775.docx | LEGALEASE-00132677-LEGALEASE-00132678 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 2483 | Berkeley Fed. Sav. Bank v. Terra Del Sol, 119 N.C. App. 249 | 307A+517.1 | Rule 41(a)(1) of the North Carolina Rules of Civil Procedure provides that any action or any claim therein may be dismissed by the plaintiff without a court order at any time before plaintiff rests his case. G.S. 1A-1, Rule 41(a)(1). Unless otherwise stated, the dismissal is without prejudice and may be refiled within one year of the dismissal. Id. In McCarley v. McCarley, 289 N.C. 109, 221 S.E.2d 490 (1976), our Supreme Court held that when a defendant asserts a counterclaim that arises out of the same transactions and occurrences as plaintiff's initial claim, plaintiff is barred from voluntarily dismissing his initial claim without defendant's consent. Here, however, plaintiff took a voluntary dismissal of its remaining twenty-six claims after plaintiff had been granted summary judgment on defendants' counterclaims and after their initial appeal to this Court had been dismissed as interlocutory. Defendants appealed again to this Court after plaintiff took its voluntary dismissal on its remaining claims. After this Court affirmed the trial court's order in its entirety, plaintiff refiled its remaining claims within the one year period provided by the rules. Since plaintiff's claims were still pending at the time the trial court entered judgment on defendants' counterclaims and their appeal to this Court was dismissed as interlocutory, defendants' counterclaims were completely adjudicated at the time plaintiff took its voluntary dismissal. We conclude that on these facts, plaintiff was entitled to take a voluntary dismissal of their claims and refile them within one year of the voluntary dismissal. Accordingly, the trial court erred in dismissing plaintiff's action. | Voluntary dismissal taken without court order, unless otherwise stated, is without prejudice and may be refiled within one year of dismissal. Rules Civ.Proc., Rule 41(a)(1), G.S. S 1A-1. | "Is voluntary dismissal taken without a court order, unless otherwise stated, without prejudice and may be refiled within one year of dismissal?" | 028253.docx | LEGALEASE-00133610-LEGALEASE-00133611 | Condensed, SA, Sub | 0.89 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2484 | Medina v. Raven, 492 S.W.3d 53 | 307A+486 | The supreme court has held that the standards for withdrawing deemed admissions and for allowing a late summary-judgment response are the same. Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687"88 (Tex.2002). "Either is proper upon a showing of (1) good cause, and (2) no undue prejudice."Wheeler v. Green, 157 S.W.3d 439, 442 (Tex.2005) (per curiam) (citing Carpenter, 98 S.W.3d at 687"88); see Tex. R. Civ. P. 166a(c), 198.3. "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." Wheeler, 157 S.W.3d at 442 (citing Carpenter, 98 S.W.3d at 687"88; Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996) (per curiam)). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." Id. (citing Carpenter, 98 S.W.3d at 687; Stelly, 927 S.W.2d at 622; see also Wal"Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 357 (Tex.1998) (per curiam)). | The standard for withdrawing deemed admissions and for allowing a late summary-judgment response are the same: either is proper upon a showing of (1) good cause, and (2) no undue prejudice. | "Are the standard for withdrawing deemed admissions and for allowing a late summary-judgment response the same: either is proper upon a showing of (1) good cause, and (2) no undue prejudice?" | 028310.docx | LEGALEASE-00133694-LEGALEASE-00133695 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 2485 | Muse v. Dunbar, 716 So. 2d 110 | 307A+517.1 | The defendants argue that by releasing Dunbar the plaintiffs defeated the defendant rights to contribution and therefore may only recover the 40% of recoverable damages assigned to the defendants. Louisiana law is clear that when a victim settles with a tortfeasor, the remaining defendants lose their right of contribution against the settling tortfeasor and, therefore, the victim recovery must be reduced by the proportionate share of the settling tortfeasor. Cavalier v. Cain Hydrostatic Testing, Inc., 94"1496 (La.6/30/95); 657 So.2d 975. However, in this case, the plaintiff did not settle with a tortfeasor. Instead, Dunbar was released without prejudice. A voluntary dismissal, without prejudice, restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. Total SulfideServs.Inc. v. Secorp Indus., Inc., 96"589 (La.App. 3 Cir. 12/11/96); 685 So.2d 514. | A voluntary dismissal, without prejudice, restores matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint. | "Does a voluntary dismissal, without prejudice, restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint?" | 028324.docx | LEGALEASE-00133708-LEGALEASE-00133709 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2486 | United States v. Mills, 140 F.3d 630 | 63+1(1) | This court's first step in construing a statute is to review the language of the statute itself. United States v. Ospina, 18 F.3d 1332, 1335 (6th Cir.1994). Only when the language of the legislation is unclear should we look beyond the wording of the statute to the intent of the legislature. United States v. Winters, 33 F.3d 720, 721 (6th Cir.1994). Here, the language of the statute clearly states that "[t]his section [i.e., 18 U.S.C. " 666] does not apply to bona fide salary ... paid ... in the usual course of business." Congress did not see fit to exclude explicitly from the reach of the federal courts only bona fide salaries received by " 666 defendants. Had it wished to do so, Congress could easily have included language to that effect in the legislation. Instead, broad language referring to the entire body of the law was used in describing the scope of the exception. As a result, bona fide salaries, wages, fees, and other compensation either received by or promised by " 666 defendants fall within the scope of the subsection (c) exception. | Bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements. 18 U.S.C.A. S 666. | "Do bona fide salaries, wages, fees, and other compensation either received by or promised by defendants fall within scope of exception excluding such amounts from consideration with regard to bribery statute's three valuation elements?" | 011252.docx | LEGALEASE-00134210-LEGALEASE-00134211 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 2487 | Norrell v. Giles, 343 Ark. 504 | 307A+517.1 | Rule 41(a)(1) provides in pertinent part that "an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court." This court has consistently recognized that the plaintiff's right to voluntarily nonsuit a claim before final submission is absolute. See, e.g., Beverly Enters.-Ark., Inc. v. Hillier, 341 Ark. 1, 14 S.W.3d 487 (2000); Blaylock v. Shearson Lehman Bros., Inc., 330 Ark. 620, 954 S.W.2d 939 (1997); Pugh v. Griggs, 327 Ark. 577, 940 S.W.2d 445 (1997); Whetstone v. Chadduck, 316 Ark. 330, 871 S.W.2d 583 (1994). The first dismissal is without prejudice and is not an adjudication on the merits. Beverly, 341 Ark. 1, 14 S.W.3d 487; Lemon v. Laws, 305 Ark. 143, 806 S.W.2d 1 (1991). Thus, the plaintiff has the right to file a new action within one year after the dismissal. See Ark.Code Ann. " 16"56"126 (1987); McCastlain v. Elmore, 340 Ark. 365, 10 S.W.3d 835 (2000); Blaylock, 330 Ark. 620, 954 S.W.2d 939. | The first voluntary dismissal is without prejudice and is not an adjudication on the merits, and thus, the plaintiff has the right to file a new action within one year after the dismissal. A.C.A. S 16-56-126. | "Is the first voluntary dismissal without prejudice and is not an adjudication on the merits, and thus, the plaintiff has the right to file a new action within one year after the dismissal?" | Pretrial Procedure - Memo # 2716 - C - PC.docx | ROSS-003303781-ROSS-003303782 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 2488 | Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | A party may withdraw a deemed admission "upon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." Tex.R.Civ.P. 169(2). After the rule was amended in 1988, "good cause" became the threshold standard for withdrawal of deemed admissions. Halton, 792 S.W.2d at 465. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Greene, 824 S.W.2d at 700; see Halton, 792 S.W.2d at 465. | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | "Can a party establish good cause for withdrawing deemed admissions by showing that its failure to answer was accidental or result of mistake, rather than intentional or result of conscious indifference?" | Pretrial Procedure - Memo # 3037 - C - SKG.docx | ROSS-003290694-ROSS-003290695 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2489 | Morgan v. Timmers Chevrolet, 1 S.W.3d 803 | 307A+486 | The guiding rule applicable to this situation is that a party may withdraw a deemed admission "upon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." Former tex.R. Civ. P. (2)4 (emphasis added). Thus, before a court can properly allow withdrawal of deemed admissions, it must find not only that good cause exists for the failure to make timely answers to the requested admissions, but also that the withdrawal can be ordered without causing undue prejudice to the party relying on the admissions and that the presentation of the merits will be subserved by the withdrawal. Graco Robotics, Inc. v. Oaklawn Bank, 914 S.W.2d 633, 642"43 (Tex.App."Texarkana 1995, writ dism'd) (even though good cause for withdrawal of deemed admissions was shown, allowing withdrawal would have unduly prejudiced the party relying on responses and therefore withdrawal not allowed); Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d 683, 688 (Tex.App."Tyler 1990, no writ). The burden of proof on all three requirements is on the party seeking withdrawal. Boone, 790 S.W.2d at 689. | Before court can properly allow withdrawal of deemed admissions it must find that good cause exists for failure to make timely answers to requested admissions, that withdrawal can be ordered without causing undue prejudice to party relying on admissions, and that presentation of merits will be subserved by withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2) (Repealed). | When can a court properly allow withdrawal of deemed admissions? | 028950.docx | LEGALEASE-00134196-LEGALEASE-00134197 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 2490 | Shwe v. Jaber, 147 N.C. App. 148 | 307A+486 | According to G.S. " 1A-1, Rule 36(a), matters as to which admission is requested are deemed admitted unless the party to whom the request is directed serves a written response within the time permitted by the rule. The trial court has discretion to allow a withdrawal of an admission upon a party's motion. N.C. Gen.Stat. " 1A-1, Rule 36(b) (2000); Whitley v. Coltrane, 65 N.C.App. 679, 309 S.E.2d 712 (1983). Once a matter is admitted by failure to respond, the matter is conclusively established for purposes of the pending action unless the court, upon motion, allows withdrawal or amendment of the admission.N.C. Gen.Stat. " 1A-1, Rule 36. Moreover, matters admitted pursuant to Rule 36(b) may be sufficient to support a grant of summary judgment. Rhoads v. Bryant, 56 N.C.App. 635, 289 S.E.2d 637, disc. review denied, 306 N.C. 386, 294 S.E.2d 211 (1982). | Once a matter is admitted by failure to respond to request for admissions, matter is conclusively established for purposes of pending action unless court, upon motion, allows withdrawal or amendment of admission. Rules Civ.Proc., Rule 36, G.S. S 1A-1. | "Is a matter conclusively established for purposes of pending action unless court, upon motion, allows withdrawal or amendment of admission?" | Pretrial Procedure - Memo # 3776 - C - MS.docx | ROSS-003289857-ROSS-003289858 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 2491 | Massachusetts Highway Dep't v. Smith, 51 Mass. App. Ct. 614 | 307A+477.1 | Notwithstanding the Advisory Committee's suggestion as set forth in the note, Federal courts have generally held that the mere tracking of this language may constitute a binding admission if the answering party has not, in fact, made "reasonable inquiry" or if information "readily obtainable" is sufficient to enable him to admit or deny the matter. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246-1247 (9th Cir.1981). Harris v. Oil Reclaiming Co., 190 F.R.D. 674, 679 (1999). If it is shown that the answering party has not met one or both of these requirements, then it has been held that it is within the sound discretion of the judge to rule the matter admitted or to order an amended answer to be filed. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d at 1247. However, the imposition of the severe sanction of a binding admission will be imposed only when the answering party has "intentionally disregarded the obligations imposed by Rule 36(a)." Ibid. See Han v. Food and Nutrition Serv. of the United States Dept. of Agric., 580 F.Supp. 1564, 1566 (D.N.J.1984)."A party requesting an admission may, if he feels [the] requirements [of rule 36(a) ] have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted." Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d at 1247. Cf. Caron v. General Motors Corp., 37 Mass.App.Ct. 744, 748, 643 N.E.2d 471 (1994). | A party requesting an admission may, if he feels the requirements of admissions rule have not been met, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted. Rules Civ.Proc., Rule 36(a), 43A M.G.L.A. | "Can a party requesting an admission, move to determine the sufficiency of the answer, to compel a proper response, or to have the matter ordered admitted?" | 030031.docx | LEGALEASE-00134887-LEGALEASE-00134888 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 2492 | United States v. Rosen, 716 F.3d 691 | 63+1(1) | Here, each of the crimes of conviction could be proven by evidence of an illegal quid pro quo agreement, which we have previously defined as "a government official's receipt of a benefit in exchange for an act he has performed, or promised to perform, in the exercise of his official authority." United States v. Ganim, 510 F.3d 134, 141 (2d Cir.2007); see N.Y. Pub. Off. Law " 73(5)(a) (prohibiting exchanges intended to influence a state legislator in his official duties). To establish the " "corrupt" intent necessary to a bribery conviction," the Government must prove that the defendant had " "a specific intent to give ... something of value in exchange for an official act," "United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun"Diamond Growers of Cal., 526 U.S. 398, 404"05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)), which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. We have made it crystal clear that the federal bribery and honest services fraud statutes that Rosen was convicted of violating criminalize "scheme[s] involving payments at regular intervals in exchange for specific official[ ] acts as the opportunities to commit those acts arise," even if "the opportunity to undertake the requested act has not arisen," id. at 147, and even if the payment is not exchanged for a particular act but given with the expectation that the official will "exercise particular kinds of influence," United States v. Coyne, 4 F.3d 100, 114 (2d Cir.1993). "Once the quid pro quo has been established, ... the specific transactions comprising the illegal scheme need not match up this for that." Ganim, 510 F.3d at 147. | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | Does bribery require the specific intent to give something of value in exchange for an official act? | 011720.docx | LEGALEASE-00135973-LEGALEASE-00135974 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2493 | J. Zeevi & Sons, Ltd. v. Grindlays Bank (Uganda) Ltd., 37 N.Y.2d 220 | 221+341 | Laws of foreign governments have extraterritorial jurisdictiononly by comity (Huntington v. Attrill,146 U.S. 657, 669, 13 S.Ct. 224, 36 L.Ed. 1123; Mertz v. Mertz, 271 N.Y. 466, 470, 3 N.E.2d 597, 598). The principle which determines whether we shall give effect to foreign legislation is that of public policy and, where there is a conflict between our public policy and application of comity, our own sense of justice and equity as embodied in our public policy must prevail (Vladikavkazsky Ry. Co. v. New York Trust Co., 263 N.Y. 369, 378, 189 N.E. 456, 460). It is clear, that no attempted confiscatory or discriminatory act of the Ugandan Government, enforced or enacted after the issuance of letter of credit 110/84 could diminish the beneficiary's rights in respect to reimbursement and defendant's funds located in New York (see N.Y.Const., art. I, ss 6, 11). There being no present policy of the executive branch of the United States Government requiring acquiescence in the confiscatory and discriminatory acts of the Ugandan Government, the well-known policy of this State against such acquiescence is operative (Gonzalez v. Industrial Bank (of Cuba), supra, 12 N.Y.2d 33, at p. 39, 234 N.Y.S.2d 210, at p. 213,186 N.E.2d 410, at p. 412). Although the letter of credit when made was valid under the laws of Uganda, by virtue of subsequent governmental action the contract became unenforceable in that country. This action, however, was of no force in New York and the doctrine of impossibility of performance lends no comfort to defendant. | Principle which determines whether New York will give effect to foreign legislation is that of public policy and, where there is a conflict between New York's public policy and the application of comity, the New York courts' own sense of justice and equity as embodied in its public policy must prevail. | "What principle determines whether the court shall give effect to foreign legislation and when there is a conflict, what must prevail?" | 020759.docx | LEGALEASE-00135829-LEGALEASE-00135830 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 2494 | Kapoor v. Dybwad, 49 N.E.3d 108 | 302+18 | CIS and ASBE, Greenwalt, Fox & Fox, WRL, and Light contend that Plaintiffs failed to plead their fraud-based claims against them with sufficient specificity. As previously mentioned,Indiana Trial Rule 9(B) states that all averments of fraud must be pled with specificity as to the "circumstances constituting fraud." In order to meet this burden, the party alleging fraud must specifically allege the elements of fraud, the time, place, and substance of false reports, and any facts that were misrepresented, as well as the identity of what was procured by fraud. Continental Basketball Association, Inc. v. Ellenstein Enterprises, 669 N.E.2d 134, 138 (Ind.1996). Failure to comply with the rule's specificity requirements constitutes a failure to state a claim upon which relief may be granted; thus, any pleading which fails to satisfy the requirements fails to raise an issue of material fact. Cunningham v. Associates Capital Services Corp., 421 N.E.2d 681, 683 n. 2 (Ind.Ct.App.1981). These requirements are not limited to common law fraud but extend to all actions that "sound in fraud." McKinney v. Indiana, 693 N.E.2d 65, 71 (Ind.1998).Payday Today, Inc. v. Hamilton, 911 N.E.2d 26, 33"34 (Ind.Ct.App.2009). | In order to meet the burden of pleading fraud with specificity, the party alleging fraud must specifically allege the elements of fraud, the time, place, and substance of false reports, and any facts that were misrepresented, as well as the identity of what was procured by fraud. Trial Procedure Rule 9(B). | "Should the party asserting fraud specifically allege the elements of fraud, the time, place, and substance of false reports?" | 023289.docx | LEGALEASE-00135010-LEGALEASE-00135011 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2495 | Schurgin v. Amfac Elec. Distribution Corp., 182 Ariz. 187 | 307A+517.1 | Amfac and CED raise three issues regarding the dismissal of Schurgin's other claims without prejudice. First, Amfac claims that the trial court abused its discretion in granting the dismissal without prejudice. Second, CED claims that the court abused its discretion by granting the motion without a hearing. We decline to address either claim, however, because they are raised for the first time on appeal and are therefore waived. Richter v. Dairy Queen of Southern Arizona, Inc., 131 Ariz. 595, 643 P.2d 508 (App.1982). Moreover, we are unpersuaded that the trial court's failure to hold a hearing on the motion to dismiss or the dismissal itself deprived Amfac or CED of a substantial legal right. Goodman v. Gordon, 103 Ariz. 538, 447 P.2d 230 (1968) (voluntary dismissal without prejudice permitted unless substantial right or advantage would be lost or rendered less effective). | Neither trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right. | Does neither a trial court's failure to hold hearing on motion for voluntary dismissal without prejudice nor dismissal itself deprived opposing parties of any substantial legal right? | 028757.docx | LEGALEASE-00135091-LEGALEASE-00135092 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 2496 | Villegas v. Carter, 711 S.W.2d 624 | 307A+716 | The right to counsel is a valuable right; its unwarranted denial is reversible error. See State v. Crank, 666 S.W.2d at 94; Stefanov v. Ceips, 395 S.W.2d 663, 665 (Tex.Civ.App."Amarillo, 1965, no writ). Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. Lowe v. City of Arlington, 453 S.W.2d 379, 382 (Tex.Civ.App."Fort Worth 1970, writ ref'd n.r.e.); Stefanov v. Ceips, 395 S.W.2d at 665; Leija v. Concha, 39 S.W.2d 948, 950 (Tex.Civ.App."El Paso 1931, no writ). See Robinson v. Risinger, 548 S.W.2d 762 (Tex.Civ.App."Tyler 1977, writ ref'd n.r.e.). Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility:[A] lawyer should not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules. | Trial court that allows attorney voluntarily to withdraw must give party time to secure new counsel and time for new counsel to investigate case and prepare for trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | "When a trial court allows an attorney to voluntarily withdraw, will it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" | Pretrial Procedure - Memo # 3341 - C - NS.docx | ROSS-003331308-ROSS-003331309 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 2497 | In re Zhang, 135 Ohio App. 3d 350 | 307A+716 | A court need not grant a continuance for purposes of securing new counsel where the request plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable. See, e.g., Sampley v. Atty. Gen. of North Carolina (C.A.4, 1986), 786 F.2d 610. In this case, time was of the essence in conducting the hearing for termination of the mother's parental rights. The experts agreed that the child had primarily bonded to the foster mother, and the longer the child remained captive in China, the more likely it would be that the child would suffer emotional harm from the separation. | Court need not grant a continuance for purposes of securing new counsel where the request plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable. | Should a court grant a continuance for purposes of securing new counsel where the request plausibly can be viewed as simply a delaying tactic or as otherwise unreasonable? | 029508.docx | LEGALEASE-00135605-LEGALEASE-00135606 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2498 | Booth v. Blueberry Hill Restaurants, 245 Neb. 490 | 30+3324 | Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings with respect thereto will not be disturbed on appeal absent a showing of an abuse of that discretion. Stanko v. Chaloupka, 239 Neb. 101, 474 N.W.2d 470 (1991). | Determination of appropriate sanction for failure to comply with proper discovery order initially rests with discretion of trial court, and its rulings on appropriate sanction will not be disturbed on appeal absent a showing of an abuse of that discretion. | Does the determination of an appropriate sanction for a party's failure to admit rest within the discretion of the trial court and will it be disturbed on appeal absent an abuse of discretion? | 029732.docx | LEGALEASE-00135703-LEGALEASE-00135704 | Condensed, SA | 0.21 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2499 | Fireman's Fund Ins. Co. v. Whirlpool Corp,2002 WL 228208 | 307A+485 | The primary purpose of requests for admissions is to set at rest triable issues so that they will not have to be tried, and to thus expedite trial. (Stull v. Sparrow (2001) 92 Cal.App.4th 860, 865, 112 Cal.Rptr.2d 239 (Stull ).) The basis for imposing sanctions is directly related to that purpose. (Ibid.) Unlike other discovery sanctions, an award of expenses under section 2033, subdivision (o) is not a penalty. (Ibid.) Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. (Ibid.; Brooks v. American Broadcasting Co. (1986) 179 Cal.App.3d 500, 509, 224 Cal.Rptr. 838 (Brooks ); see also Wimberly, supra, 56 Cal.App.4th at p. 634, 65 Cal.Rptr.2d 532 .). | Unlike other discovery sanctions, an award of expenses for failure to respond to request for admission is not a penalty; instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission when any trial would have been expedited or shortened if the request had been admitted. West's Ann.Code Civ.Proc. S 2033(o). | Is it designed to reimburse reasonable expenses incurred by a party in proving the truth of a requested admission such that trial would have been expedited or shortened if the request had been admitted? | 030086.docx | LEGALEASE-00135081-LEGALEASE-00135082 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 2500 | Brodtmann v. Duke, 1998-1518 (La. App. 4 Cir. 3/21/01) | 307A+485 | Louisiana Code of Civil Procedure Article 1472 provides as follows:If a party fails to admit the genuineness of any document or the truth of any matter as requested under Article 1466, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that the request was held objectionable pursuant to Article 1467, or the admission sought was of no substantial importance, or the party failing to admit had reasonable ground to believe that he might prevail on the matter, or there was other good reason for the failure to admit. | Attorney fees awarded for party's failure to admit genuineness of document or truth of any matter would be the reasonable expense incurred in proving the truth of the requested admission. LSA-C.C.P. art. 1472. | "Is an attorney fee awarded for party's failure to admit genuineness of document or truth of any matter be, the reasonable expense incurred in proving the truth of the requested admission?" | 030096.docx | LEGALEASE-00135122-LEGALEASE-00135123 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 2501 | Hess v. Hess, 679 N.E.2d 153 | 307A+716 | The unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance. Koors, 530 N.E.2d at 783. However, the denial of a continuance based on the withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial.Id. | Unexpected and untimely withdrawal of counsel does not necessarily entitle a party to a continuance, but denial of continuance based on withdrawal of counsel may be error when the moving party is free from fault and his rights are likely to be prejudiced by the denial. Trial Procedure Rule 53.5. | "Under some circumstances, can denial of a continuance based on the withdrawal of counsel be error when the moving party is free from fault and her rights are likely to be prejudiced by the denial?" | 030114.docx | LEGALEASE-00135918-LEGALEASE-00135919 | SA, Sub | 0.07 | 0 | 0 | 1 | 1 | |
| 2502 | Hodge v. Hodge, 507 F.2d 87 | 307A+716 | The husband asserts that the finding of contempt cannot stand because he was denied assistance of counsel by Judge Hoffman's refusal to continue the March 6, 1974, hearing until April. The matter of granting a continuance is within the discretion of the trial judge. United States v. Scott, 460 F.2d 45, 47 (3d Cir. 1972); United States v. Greenberg, 419 F.2d 808, 809 (3d Cir. 1969). The refusal to grant a continuance is not, without more, a denial of the right to counsel even though the refusal prevents a party from being represented by a particular attorney because of that attorney's other professional commitments. United States v. DiStefano, 464 F.2d 845, 846 n. 1 (2d Cir. 1972); United States ex rel. Bronzell v. Rundle,410 F.2d 371, 372 (3d Cir. 1969). | Refusal to grant continuance is not alone denial of right to counsel even though refusal prevents party from being represented by particular attorney because of that attorney's other professional commitments. | Is refusal to grant a continuance not alone a denial of right to counsel even though refusal prevents a party from being represented by a particular attorney because of that attorney's other professional commitments? | 029280.docx | LEGALEASE-00136335-LEGALEASE-00136336 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2503 | Adcock v. Adcock, 339 Ill. App. 543 | 307A+716 | It has been held that a party to an action is not entitled, as a matter of absolute right, to a continuance on account of the absence of his counsel. Bunn v. People, 103 Ill.App. 336. In the case of Johnson v. Theodoron, 324 Ill. 543, 155 N.E. 481, an affidavit for continuance was denied. Therein, the affidavit of counsel, who was a State Seantor, did not show that he was the only attorney employed to represent the appellant, or that he made special preparation to defend the particular action. Moreover, the case had been continued more than seven times, and had been specially set on succeeding Fridays on which there admittedly were no sessions of the Assembly. The determinative factor in the cases is, apparently, the degree of due diligence exercised by the party seeking the continuance. If the case has been pending over a long period and continued numerous times, a denial of a further continuance has been sustained by the reviewing courts. Johnson v. Theodoron, supra; Spitzer v. Schlatt, 249 Ill. 416, 94 N.E. 504; Richardson Fueling v. Seymore, 235 Ill. 319, 85 N.E. 496; People ex rel. v. Zearing, 305 Ill. 503, 137 N.E. 481 | A party to an action is not entitled, as a matter of absolute right, to a continuance on account of the absence of his counsel and determinative factor is degree of due diligence exercised by party seeking continuance. S.H.A. ch. 110, SS 59, 101.8, 101.14. | Is a party to an action not entitled to a continuance on account of the absence of his counsel and determinative factor is degree of due diligence exercised by party seeking continuance? | 029418.docx | LEGALEASE-00136256-LEGALEASE-00136257 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 2504 | Inloes v. Inloes, 567 S.W.2d 732 | 307A+715 | The first claim is predicated upon the assertion that the unavoidable absence of defendant at the trial constituted grounds for the continuance and failure of the trial court to grant the continuance was an abuse of discretion which prejudiced defendant. The grant or denial of a continuance rests within the sound discretion of the trial court and every intendment is in favor of the court's ruling. Blessing v. Blessing, 539 S.W.2d 699 (Mo.App.1976). Whether in a given case there is sufficient reason to grant a continuance is to be determined by the trial court. A trial court has the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance. Erhart v. Todd, 325 S.W.2d 750 (Mo.1959); Blessing, supra; Savings Finance Corporation v. Blair, 280 S.W.2d 675 (Mo.App.1955). Under the circumstances of this case, the trial court did not abuse its discretion in denying the continuance three days before the date set for trial. | A trial court has the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere, illness, or weather conditions does not compel a continuance. | "Does a trial court have the right to control its docket, and the unavoidable absence of a party or his attorney due to an engagement elsewhere does not compel a continuance?" | 029434.docx | LEGALEASE-00136337-LEGALEASE-00136338 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2505 | Villegas v. Carter, 711 S.W.2d 624 | 307A+716 | The right to counsel is a valuable right; its unwarranted denial is reversible error. See State v. Crank, 666 S.W.2d at 94; Stefanov v. Ceips, 395 S.W.2d 663, 665 (Tex.Civ.App."Amarillo, 1965, no writ). Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. Lowe v. City of Arlington, 453 S.W.2d 379, 382 (Tex.Civ.App."Fort Worth 1970, writ ref'd n.r.e.); Stefanov v. Ceips, 395 S.W.2d at 665; Leija v. Concha, 39 S.W.2d 948, 950 (Tex.Civ.App."El Paso 1931, no writ). See Robinson v. Risinger, 548 S.W.2d 762 (Tex.Civ.App."Tyler 1977, writ ref'd n.r.e.). Before a trial court allows an attorney to withdraw, it should see that the attorney has complied with the Code of Professional Responsibility:[A] lawyer should not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled and complying with applicable laws and rules. | Trial court that allows attorney voluntarily to withdraw must give party time to secure new counsel and time for new counsel to investigate case and prepare for trial. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | "When a trial court allows an attorney to withdraw, must it give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial?" | 029486.docx | LEGALEASE-00136548-LEGALEASE-00136549 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 2506 | Post-Tensioned Const. v. VSL Corp., 143 Ga. App. 148 | 307A+483 | Since the failure to make a motion to have admissions withdrawn or amended forecloses remedial action under Code Ann. s 81A-136(b), the requests for admissions which were not answered or objected to are deemed admitted. National Bank of Ga. v. Merritt, 130 Ga.App. 85, 202 S.E.2d 193; Porter v. Murlas Bros. Commodities, 134 Ga.App.96, 213 S.E.2d 190; Strickland v. C. & S. National Bank, 137 Ga.App.538, 224 S.E.2d 504. | Since failure to make motion to have admissions withdrawn or amended foreclosed remedial action under code, requests for admissions which were not answered or objected to, in suit based on breach of contract, were deemed admitted. Code, SS 81A-136, 81A-136(b). | "Failure to make a motion to have admissions withdrawn or amended forecloses remedial action, and therefore are the requests for admissions which were not answered or objected to deemed admitted?" | 029761.docx | LEGALEASE-00136117-LEGALEASE-00136118 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 2507 | State ex rel. Grimm v. Ashmanskas, 298 Or. 206 | 307A+69.1 | Discovery depositions usually are just that, to discover evidence with open-ended questions of a witness or an adverse party. In contrast, a deposition to perpetuate testimony is arranged by the litigants when it becomes known that a witness will be unavailable to testify at trial. "Perpetuation" depositions usually follow the routine of a trial with objections to all matters being made at the time of the deposition but reserving the ruling on the objection for the trial judge. Perpetuation depositions are usually restricted to non-leading questions on direct examination and follow standard cross-examination techniques. Many perpetuation depositions are now being video-taped for trial giving the trial judge the opportunity to edit out the objectionable material before the perpetuated testimony is presented to the jury. | A "deposition to perpetuate testimony" is arranged by litigants when it becomes known that a witness will be unavailable to testify at trial, and such depositions usually follow routine of the trial with objections to all matters being made at time of the deposition but with the ruling on the objections reserved for trial judge; such depositions are usually restricted to nonleading questions on direct examination and follow standard cross-examination techniques. | Are perpetuation depositions arranged by the litigants when it becomes known that a witness will be unavailable to testify at trial? | Pretrial Procedure - Memo # 3897 - C - PB.docx | ROSS-003291036-ROSS-003291037 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |
| 2508 | Fibreboard Corp. v. Pool, 813 S.W.2d 658 | 307A+483 | After the expiration of thirty days from the date of service, and in the absence of a motion to extend time for filing a response, the admissions are automatically deemed admitted and the trial court has no discretion to deem, or refuse to deem, the admissions admitted. Curry v. Clayton, 715 S.W.2d 77, 79 (Tex.App."Dallas 1986, no writ); Tex.R.Civ.P. 169. The trial court has broad discretion to permit or deny the withdrawal of deemed admissions when the nonanswering party presents sufficient evidence to establish good cause for his failure to make timely answers to the requested admissions. Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d 683, 688 (Tex.App."Tyler 1990, no writ). However, the court also must find that the withdrawals can be ordered without causing undue prejudice to the party relying on the admissions and that the presentation of the merits of the action will be subserved by the withdrawal. Boone, 790 S.W.2d at 688. The trial court's ruling on the withdrawal will be set aside only upon a clear showing of abuse. Employers Ins. of Wausau v. Halton, 792 S.W.2d 462, 464 (Tex.App."Dallas 1990, writ denied). An abuse of discretion occurs when the court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex.1985). | After expiration of 30 days from date of service of request for admissions and in absence of motion to extend time for filing response, admissions are automatically deemed admitted, and trial court has no discretion to deem or to refuse to deem admissions admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "After expiration of 30 days from the date of service of a request for admissions, are admissions automatically deemed admitted, and a trial court has no discretion to deem or to refuse to deem admissions admitted?" | Pretrial Procedure - Memo # 3914 - C - RF.docx | ROSS-003291723-ROSS-003291724 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 2509 | In re Marriage of Chesrow, 255 Ill. App. 3d 613 | 307A+714 | A litigant has no absolute right to a continuance; rather, the decision to grant or deny a motion for continuance is within the sound discretion of the trial court. (Schnuck Markets, Inc. v. Soffer (1991), 213 Ill.App.3d 957, 982"83, 157 Ill.Dec. 705, 572 N.E.2d 1169.) The Supreme Court Rule 231(f) provides that no motion for a continuance shall be heard after the cause has been reached for trial unless a sufficient excuse is shown for the delay. (134 Ill.2d R. 231(f).) The party seeking a continuance must provide the court with especially grave reasons for a continuance once the case has reached the trial stage because of the potential inconvenience to the witnesses, the parties, and the court. (Rutzen v. Pertile (1988), 172 Ill.App.3d 968, 974, 123 Ill.Dec. 140, 527 N.E.2d 603.) A decisive factor in determining the propriety of the trial court's exercise of its discretion in ruling on a motion for continuance is whether the party seeking a continuance has demonstrated a lack of due diligence in proceeding with the case. (Stern v. Stern (1989), 179 Ill.App.3d 313, 319"20, 128 Ill.Dec. 351, 534 N.E.2d 533.) On appeal, the trial court's decision to grant or deny a motion for a continuance will not be overturned unless the lower court abuses its discretion. Martinez v. Scandroli (1985), 130 Ill.App.3d 712, 714, 85 Ill.Dec. 728, 474 N.E.2d 456. | Party seeking continuance must provide court with especially grave reasons for continuance once case has reached trial stage because of potential inconvenience to witnesses, parties, and court. Sup.Ct.Rules, Rule 231(f). | "Should the party seeking continuance provide a trial court with especially grave reasons for continuance once a case has reached the trial stage because of potential inconvenience to witnesses, parties, and court?" | 030436.docx | LEGALEASE-00136273-LEGALEASE-00136274 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2510 | In re Marriage of Gallagher, 256 Ill. App. 3d 439 | 307A+723.1 | We first examine petitioner's contention that the trial court erred in denying her emergency motion for a continuance. There is no absolute right to a continuance for litigants. (Lipke v. Celotex Corp. (1987), 153 Ill.App.3d 498, 510, 106 Ill.Dec. 422, 505 N.E.2d 1213.) When a continuance is not requested until the day of the trial, Supreme Court Rule 231(f) (134 Ill.2d R. 231(f)) requires that an especially persuasive reason be given by the moving party because of the potential inconvenience to the witnesses, the parties and the court. (Sinram v. Nolan (1992), 227 Ill.App.3d 241, 243, 169 Ill.Dec. 248, 591 N.E.2d 128.) Moreover, a motion for a continuance based upon the illness of a party must be supported by competent medical testimony stating the nature of the illness and the reasons why that party is unable to attend or participate in the trial. (Needy v. Sparks (1977), 51 Ill.App.3d 350, 358, 9 Ill.Dec. 70, 366 N.E.2d 327.) "The decision to deny a motion for a continuance is within the sound discretion of the trial court and such decision will not be disturbed absent an abuse of discretion or unless palpable injustice appears in the record on appeal. [Citations.] A reviewing court must balance the prompt disposition of the case with the equally compelling interest in obtaining justice to determine whether an abuse of discretion occurred." O'Neill v. Brown (1993), 242 Ill.App.3d 334, 343, 182 Ill.Dec. 301, 609 N.E.2d 835. | When continuance is not requested until the day of trial, especially persuasive reason must be given by the moving party because of the potential inconvenience to the witnesses, the parties, and the court. Sup.Ct.Rules, Rule 231(f). | "When continuance is not requested until the day of trial, must an especially persuasive reason be given by the moving party because of the potential inconvenience to the witnesses, the parties, and the court?" | Pretrial Procedure - Memo # 4124 - C - DA.docx | LEGALEASE-00026698-LEGALEASE-00026699 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 2511 | Peagler v. Skyline Shopping Ctr., 662 So. 2d 282 | 307A+716 | Our supreme court stated that the mere fact that an attorney is involved in the trial of another case elsewhere does not confer an absolute right to a continuance. A trial court's denial of a motion for a continuance under such circumstances will generally be affirmed as exercise of the trial court's broad discretion in such matters.Our supreme court further recognized that there may be cases where the denial of a motion for a continuance under such circumstances might be considered an abuse of the trial court's discretion. Our supreme court emphasized that in order for the denial of a motion for a continuance to be considered an abuse of discretion, it must be shown that (1) the attorney is actually engaged in the trial of the other cause at the time set for trial, (2) other professional advice is unavailable, and (3) a meritorious cause of action or defense cannot be competently offered in the absence of the attorney. | Trial court's denial of motion for continuance on ground attorney is involved in trial of another case will generally be affirmed in exercise of trial court's broad discretion; in order for denial to be abuse of discretion, it must be shown that: attorney is actually engaged in trial of other cause at the time set for trial; other professional advice is unavailable; and meritorious cause of action or defense cannot be competently offered in absence of the attorney. | When do courts consider the denial of motion for continuance an abuse of discretion of the court? | 030773.docx | LEGALEASE-00136269-LEGALEASE-00136270 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |
| 2512 | Pitcher v. Laird, 421 F.2d 1272 | 34+22(3) | Since the sole basis of Pitcher's conscientious objection claim is not a personal moral code, his request for discharge cannot be denied on grounds that his beliefs are based upon philosophical views or a personal moral code. All of the evidence establishes that his claim is sincere and is substantially founded on religious training and beliefs. Therefore, there is no basis in fact for the Army's denial of Pitcher's request for discharge. On remand the district court is to issue a writ of habeas corpus directing that Pitcher be released and discharged from the United States Army. | Since sole basis of serviceman's conscientious objection claim was not a personal moral code, his request for discharge could not be denied on grounds that his beliefs were based upon philosophical views or personal moral code. | Can a serviceman's request for discharge be denied on grounds that his beliefs were based upon philosophical views or personal moral code? | 008493.docx | LEGALEASE-00137306-LEGALEASE-00137307 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 2513 | United States v. Ganim, 510 F.3d 134 | 63+1(1) | The Fourth Circuit also shares our view that, in order to establish the quid pro quo essential to proving bribery, "the government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions)." United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir.1998). In Jennings, a construction contractor was convicted of federal programs bribery under 18 U.S.C. " 666(a)(2) for giving a series of cash payments to a city official responsible for awarding jobs renovating vacant housing units. Id. at 1010"12. In return for the money, the official steered contracts to Jennings worth hundreds of thousands of dollars. Id. In upholding the bribery conviction, the Fourth Circuit emphasized that bribery required an intent to effect an exchange, but that "each payment need not be correlated with a specific official act.... In other words, the intended exchange in bribery can be "this for these" or "these for these", not just "this for that." " Id. at 1014 (internal citation omitted). Thus, bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the "favors and gifts flowing to a public official [are] in exchange for a pattern of official actions favorable to the donor." Id. (emphasis in original) (internal quotation omitted). | Bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor. | "If favors and gifts flowing to a public official are in exchange for a pattern of official actions favorable to the donor, can bribery be accomplished through an ongoing course of conduct?" | 011780.docx | LEGALEASE-00138037-LEGALEASE-00138038 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2514 | United States v. Little, 687 F. Supp. 1042 | 63+1(1) | Defendants interpret Section 666 as requiring that the payoffs or kickbacks involved must exceed $5,000, not the series of invoices or transactions to which the kickbacks relate.6 The government contends that it is sufficient that the transactions involved exceed $5,000, not the payoffs or kickbacks involved. Two district courts construing Section 666 have rejected arguments similar to that of the defendants. In Sadlier, supra, the Massachusetts District Court held plainly: "the kickback must [only] result from the defendant's conduct in a transaction involving $5,000 or more." Id. at 1562. In a decision involving another recent OPERATION PRETENSE case in the Southern District of Mississippi, Judge Barbour ruled: It is enough on the face of the statute that federal funds are provided to a county in the amount of $10,000.00 and there is bribery of a supervisor or other local government agent involving a transaction or series of transactions of at least $5,000.00 concerning the affairs of the government or organization. United States v. Smith, 659 F.Supp. 833, 835 (S.D.Miss.1987). | Federal bribery statute concerned with officials or other actors connected with state or local agencies that received more than $10,000 in federal funds in any calendar year did not require that payoffs or kickbacks exceed $5,000; instead, it was sufficient the transactions involved exceeded $5,000, not payoffs or kickbacks themselves. 18 U.S.C.A. S 666. | "Does Section 666 of the federal bribery statute concerned with officials or other actors connected with state or local agencies receiving more than $10,000 in federal funds in any calendar year, require the kickbacks themselves to exceed $5,000?" | 011832.docx | LEGALEASE-00137648-LEGALEASE-00137649 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2515 | Laino v. Cuprum S.A. de C.V, 235 A.D.2d 25 | 307A+91 | In reaching this conclusion, it is emphasized that Article 2 of the Inter"American Convention recites that it "shall apply to letters rogatory" rather than to all means of serving process, and further, the scope of the Additional Protocol includes such procedural acts as are transmitted by a letter rogatory. Letters rogatory are but one of several procedural devices by which a court in one country may request authorities in another country to assist the requesting court in the administration of justice (see, Fed. Rules Civ. Pro., rule 4[f], 28[b]; CPLR 3108, 3113[a][3] ). Notably, the Inter"American Convention is silent as to any requirement that letters rogatory are the exclusive means of service of process in the signatory nations. It has been held that this silence is significant. In Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634, cert. denied 513 U.S. 1016, 115 S.Ct. 577, 130 L.Ed.2d 492, the United States Court of Appeals for the Fifth Circuit was confronted with the precise question and concluded that the Inter"American Convention does not preempt other methods of service. The Kreimerman court placed great reliance on the words of the Inter"American Convention which states it "shall apply to letters rogatory" (Inter"American Convention, art. 2) in determining that the Inter"American Convention did not govern all means of serving process and that its scope was limited to letters rogatory (Kreimerman v. Casa Veerkamp, S.A. de C.V., supra, at 639). The court held:"Thus, nothing in the language of the Convention expressly reflects an intention to supplant all alternative methods of service. Rather, the Convention appears solely to govern the delivery of letters rogatory among the signatory States [T]he text of the Convention strongly indicates, not that the Convention preempts other conceivable methods of service, but that it merely provides a mechanism for transmitting and delivering letters rogatory when and if parties elect to use that mechanism" (Kreimerman v. Casa | Letters rogatory are but one of several procedural devices by which court in one country may request authorities in another country to assist requesting court in the administration of justice. Fed.Rules Civ.Proc.Rules 4(f), 28(b), 28 U.S.C.A.; McKinney's CPLR 3108, 3113(a), par. 3. | Are letters rogatory one of several procedural devices by which a court in one country may request authorities in another country to assist? | 031264.docx | LEGALEASE-00137246-LEGALEASE-00137247 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 2516 | J & B Slurry Seal Co. v. Mid S. Aviation, 88 N.C. App. 1 | 307A+723.1 | However, we are required to take notice of another potential basis for dismissal after remand. While the real party in interest provisions of Rule 17 are for the parties' benefit and may be waived if no objection is raised, the necessary joinder rules of N.C.G.S.Sec. 1A-1, Rule 19 place a mandatory duty on the court to protect its own jurisdiction to enter valid and binding judgments. See Carolina First National Bank v. Douglas Gallery of Homes, Ltd., 68 N.C.App. 246, 251, 314 S.E.2d 801, 804 (1984) (unlike necessary joinder under Rule 19, absence of real party in interest under Rule 17 did not constitute "fatal defect" where opposing party failed to show prejudice in not having real party joined); 3A Moore's Fed.Pract. par. 17.09[1.-1] at 65 (although Rule 17 should not be applied to dismiss suits brought by assignors without joinder of their assignees, failure to join assignee where required under Rule 19 may require dismissal); Strickland v. Hughes, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968) (valid judgment cannot be rendered without necessary party). While a party may waive its right to be sued by a real party in interest, Rule 19 requires the court to join as a necessary party any persons "united in interest" and/or any persons without whom a complete determination of the claim cannot be made. See Ludwig v. Hart, 40 N.C.App. 188, 190, 252 S.E.2d 270, 272, cert. denied, 297 N.C. 454, 256 S.E.2d 807 (1979). Since a judgment without such necessary joinder is void, a trial court should, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined. Booker, 294 N.C. at 158, 240 S.E. 2d at 367. | Since judgment without necessary joinder is void, trial court should, on its own motion, order continuance to provide reasonable time for necessary parties to be joined. | "Since judgment without necessary joinder is void, should a trial court order continuance to provide reasonable time for necessary parties to be joined?" | Pretrial Procedure - Memo # 4617 - C - NS.docx | ROSS-003330566-ROSS-003330567 | Condensed, SA | 0.9 | 0 | 1 | 0 | 1 | |
| 2517 | Dolman v. Saltzman, 100 R.I. 327 | 307A+725 | We are unable to agree, however, that the rule as stated in Vingi v. Read, supra, circumscribes the authority of the court to condition continuances to the extent contended by defendant. He argues, in effect, that the court under Rule 15 may not in appropriate circumstances grant a continuance subject to the subsequent imposition of a condition or award of counsel fees when it appears to the court that the continuance may be sought on grounds that are either improper or wanting in merit. It is our opinion that the superior court under Rule 15 may grant a continuance upon terms or conditions and withhold the execution thereof until a subsequent determination that the ground upon which the continuance was sought is meritorious. To hold otherwise would be to substantially impair the authority of the superior court to conduct its affairs in an orderly manner. | Superior Court under rules may grant continuance upon terms or conditions and withhold execution thereof until subsequent determination that ground upon which continuance was sought is meritorious. | Can a court grant a continuance upon terms or conditions and withhold the execution thereof until a subsequent determination that the ground upon which the continuance was sought is meritorious? | 031378.docx | LEGALEASE-00137699-LEGALEASE-00137700 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 2518 | Todd v. Stokes, 358 Mo. 452 | 307A+725 | We make reference to the Kyger case to show that when an application for a continuance is filed under Sec. 96, the trial court has the right to determine whether the legislator's presence is necessary to a fair and proper trial. In other words, the filing of such application in proper form does not instanter divest the trial court of jurisdiction and thus prohibit any further proceedings therein "until the adjournment or recess for twenty days or more of the general assembly (and) ten days thereafter" regardless of the necessity of the legislator's presence to a fair trial and in the present case, regardless of the fact that the legislator attorney was given reasonable opportunity to be present and was actually present and participated in the further proceedings after the application was filed. And all this without mentioning his application for a continuance. | Under statute authorizing continuance where any party or his attorney is a member of general assembly, trial court has right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance under statute does not instantly divest trial court of jurisdiction. V.A.M.S. S 510.120. | "Does the court have a right to determine whether legislator's presence is necessary to a fair and proper trial and filing of application for continuance, if any party or attorney is a member of general assembly?" | Pretrial Procedure - Memo # 4897 - C - NS.docx | ROSS-003291232-ROSS-003291233 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2519 | Primm v. Isaac, 127 S.W.3d 630 | 307A+36.1 | No intellectually honest argument can be made that Dr. Primm's activities as a defense expert are not relevant to impeachment for bias. We have held as much in Tuttle and Metropolitan. However, the mere fact that such information may fall within the scope of discovery does not mean that parties are entitled to unfettered discovery of impeachment evidence by whatever means they seek. Legitimate issues are raised concerning the extent of discovery sought in this case and the potential harm that could result from compelling a nonparty to produce perhaps sensitive financial documents. Dr. Primm argues that requiring a nonparty expert to produce income tax and patient records exceeds the allowable scope of discovery because any probative value is far-outweighed by the prejudicial and burdensome effects of such a request. Here, the trial court has ordered production of records pertaining to the gross income earned from Dr. Primm's medical practice, with the direction that not only must he specify which documents pertain to litigation-related services, but also that he cross-reference each tax form with the correlating billing invoice. | The mere fact that an expert witness's activities may fall within the scope of discovery for impeachment purposes does not mean that parties are entitled to unfettered discovery of impeachment evidence by whatever means they seek. | Does the mere fact that an expert witness's activities can fall within the scope of discovery for impeachment purposes not mean that parties are entitled to unfettered discovery of impeachment evidence? | Pretrial Procedure - Memo # 5048 - C - SK.docx | ROSS-003318239-ROSS-003318240 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 2520 | Hardcastle v. Harris, 170 S.W.3d 67 | 30+3239 | As a final challenge to the trial court's decision to permit the investors to amend their complaints, Mr. Harris insists that the trial court erred by refusing to continue the trial after it granted the investors' motion to amend. While a trial court may grant a continuance to enable a party to respond effectively to an amended pleading, Gardiner v. Word, 731 S.W.2d at 890; Walden v. Wylie, 645 S.W.2d 247, 250 (Tenn.Ct.App.1982), these decisions are discretionary. Blake v. Plus Mark, Inc., 952 S.W.2d 413, 415 (Tenn.1997). Appellate courts will not second-guess a trial court's decision regarding a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that a clear prejudicial error has been committed. Blake v. Plus Mark, Inc., 952 S.W.2d at 415; Nagarajan v. Terry, 151 S.W.3d 166, 172 (Tenn.Ct.App.2003). | While a trial court may grant a continuance to enable a party to respond effectively to an amended pleading, such decisions are discretionary, and appellate courts will not second-guess a trial court's decision regarding a continuance unless the record, reviewed as a whole, shows a clear abuse of discretion or that a clear prejudicial error has been committed. Rules Civ.Proc., Rule 15.01. | Will appellate courts not second-guess a trial court's decision regarding a continuance unless the record shows a clear abuse of discretion? | 030879.docx | LEGALEASE-00138778-LEGALEASE-00138779 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 2521 | Sullivan v. Hopkins, 40 Conn. Supp. 183 | 307A+36.1 | Generally, the federal rules do not allow the discovery of a party financial status, or his ability to satisfy a judgment unless such facts are relevant to the subject matter of the action. See Fed.R.Civ.P. 26; Ranney-Brown Distributors, Inc. v. E.T. Barwick Industries, Inc.75 F.R.D. 3, 5 (S.D.Ohio 1977); Karwoski v. Rappa, 25 Conn.Sup. 147, 148, 198 A.2d 226 (1964). Where punitive damages are sought, a party financial status becomes a relevant consideration and may be discovered since the penal nature of the damages requested requires the jury to levy a fine sufficient to punish the defendant for his actions. Hoffman v. Sterling Drug, Inc., 374 F.Sup. 850, 857 (M.D.Pa.1974); see Renshaw v. Ravert, 82 F.R.D. 361, 362 (E.D.Pa.1979). Where, however, the nature of the damages requested is compensatory rather than penal, the party financial status is not relevant since the aim of compensatory damages is to compensate the plaintiff for his loss. See generally Ranney Brown Distributors, Inc. v. E.T. Barwick Industries, Inc., supra, 5; Youngset, Inc. v. Five City Plaza, Inc., 156 Conn. 22, 27, 237 A.2d 366 (1968). | Where punitive damages are sought, party's financial status becomes relevant consideration and may be discovered since penal nature of damages requested requires jury to levy fine sufficient to punish defendant for his actions. Practice Book 1978, S 218. | "Where punitive damages are sought, does financial status become a relevant consideration?" | 031667.docx | LEGALEASE-00138651-LEGALEASE-00138652 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 2522 | Oryx Capital Int'l v. Sage Apartments, 167 S.W.3d 432 | 307A+508 | We recognize that plaintiffs, like Sage, generally have " "an absolute, unqualified right to take a non-suit upon timely motion as long as [the] defendant has not made a claim for affirmative relief." " However, we also recognize that litigants must comply with the orders of this court. See In re Martinez, 77 S.W.3d 462, 464 (Tex.App.-Corpus Christi 2002, orig. proceeding) (acknowledging that both litigants and the lower court must respect appellate court's stay order). If Sage desired to non-suit its claims against Oryx, Sage should have asked this court to lift our stay so that it could file its non-suit in the trial court. Instead, Sage chose to circumvent our authority. Because this court's order prohibited the continuation of proceedings in the trial court until further notice from this court, the trial court had no authority to entertain Sage's non-suit motion or enter the order of dismissal. See Tex.R.App. P. 29.5 ("While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and may make further orders, including one dissolving the order appealed from ... But the court must not make an order that ... is inconsistent with any appellate court temporary order...."). The trial court's order dismissing Oryx from the case was entered in direct violation of our order and is therefore void.7 Consequently, Oryx's appeal is not moot because Oryx remains a party to the underlying suit. Sage's motions to dismiss are denied. | Plaintiffs generally have an absolute, unqualified right to take a non-suit upon timely motion as long as the defendant has not made a claim for affirmative relief. | "Do plaintiffs generally have an absolute, unqualified right to take a non-suit upon timely motion as long as the defendant has not made a claim for affirmative relief?" | Pretrial Procedure - Memo # 5217 - C - PC.docx | ROSS-003288749-ROSS-003288750 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |
| 2523 | In re Estate of Simmons, 362 Ill. App. 3d 944 | 307A+501 | In Illinois, a client may terminate the services of his attorney at any time with or without cause. Rhoades v. Norfolk & Western Ry. Co., 78 Ill.2d 217, 227"28, 35 Ill.Dec. 680, 399 N.E.2d 969, 974 (1979). A client has a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien; and the lawyer may not compel the continuation of the lawsuit to protect his lien because the lien is inferior to the client's right to dismiss the action. Herbster v. North American Co. for Life & Health Insurance, 150 Ill.App.3d 21, 28"29, 103 Ill.Dec. 322, 501 N.E.2d 343, 348 (1986); Anastos v. O'Brien, 3 Ill.App.3d 1015, 1020"21, 279 N.E.2d 759, 763"64 (1972). Neither a contingent-fee agreement nor the service of an attorney's lien gives the lawyer an interest in the subject matter of the litigation, but a proper lien does give the lawyer an interest in the proceeds of the litigation. Anastos, 3 Ill.App.3d at 1020"21, 279 N.E.2d at 764. In this case, there were no litigation proceeds or any settlement offers to which Alleman could claim an interest under the Attorneys Lien Act (770 ILCS 5/0.01 et seq. (West 2000)) or an equitable lien theory. | A client has a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien; the lawyer may not compel the continuation of the lawsuit to protect his lien because the lien is inferior to the client's right to dismiss the action. | "Does a client have a right to dismiss his suit at will, even if he had a contingent-fee agreement with his lawyer and the lawyer had served notice of his attorney's lien?" | Pretrial Procedure - Memo # 5225 - C - MS.docx | ROSS-003288751-ROSS-003288752 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2524 | Worley v. Johnson, 60 Fla. 294 | 83E+455 | An indorser without qualification of a note engages that on due presentment it shall be paid according to its tenor, and that if it be dishonored, the necessary proceedings on dishonor being duly taken, he will pay the amount thereof to the holder. Presentment for payment, unless dispensed with or excused, is necessary in order to charge an indorser; but presentment may be expressly or impliedly waived. Notice of dishonor, unless dispensed with or excused, must be given to an indorser, or he is discharged, unless the notice is expressly or impliedly waived. Sections 2999, 3003, 3012, 3013, 3014, 3020, 3036, 3038, 3039, Gen. St. 1906 | An indorser without qualification of a note engages that on due presentment it shall be paid according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, under the express provisions of F.S.A. S 674.68. | Does an indorser without qualification engage that on due presentment the note shall be paid according to its tenor. | 010465.docx | LEGALEASE-00140344-LEGALEASE-00140345 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 2525 | Salz v. State House Comm'n, 18 N.J. 106 | 296+2 | A public pension, while not contractual in nature, is akin to wages and salaries in that it is payable in stated installments for the maintenance of the servant after his productive years have ended, and is basically a recompense for past services. Passaic National Bank & Trust Co. v. Eelman, 116 N.J.L. 279, 183 A. 677 (Sup.Ct.1936). A "pension" is a stated allowance or stipend in consideration of past services or of the surrender of rights or emoluments to one retired from service. In earlier usage, now obsolete, it also had the meaning of a "payment regularly made to any person; as: A To one employed for current services; salary; wages." Webster, Ibid. | A public "pension", while not contractual in nature, is akin to wages and salary in that it is payable in stated installments for the maintenance of servant after productive years have ended, and is basically recompense for past services or allowance in consideration of surrender of rights or emoluments to one retired from service. | Is a public pension akin to wages and salary? | 022788.docx | LEGALEASE-00140546-LEGALEASE-00140547 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |
| 2526 | Short v. Frink, 151 Cal. 83 | 307A+81 | Under Code Civ.Proc. " 2032, providing that a deposition when completed must be read to the witness and corrected by him in any particular, if desired, and then signed by the witness and certified by the officer, a certificate of a notary to depositions, stating that the testimony was read over to the witness, "and being by him corrected, and was by him subscribed in my presence," is sufficient, if not otherwise objectionable. The only objection specified thereto was that the certificate of the notary did not in terms state that the deposition, when completed and read to the witness, was corrected by the witness in every particular desired; the statement in the certificate being as follows: "That said deposition, and the testimony given by said witness, was reduced to writing by me, and, when completed, was by me carefully read to said witness, and, being by him corrected, was by him subscribed in my presence." The statute (Code Civ. Proc. " 2032) provides that the deposition, when completed, "must be carefully read to the witness and corrected by him in any particular, if desired," and then subscribed by the witness and certified by the officer. The precise form of the certificate to be made by the officer is nowhere prescribed by our law, and doubtless any certificate showing substantial compliance with the statutory provisions as to the mode of taking and certifying depositions is sufficient. | Under Code Civ.Proc. S 2032, providing that a deposition when completed must be read to the witness and corrected by him in any particular, if desired, and then signed by the witness and certified by the officer, a certificate of a notary to depositions, stating that the testimony was read over to the witness, "and being by him corrected, and was by him subscribed in my presence," is sufficient, if not otherwise objectionable. | "Can a deposition when completed be read to the witness and corrected by him in any particular, if desired?" | 032407.docx | LEGALEASE-00140382-LEGALEASE-00140383 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 2527 | Garner v. Cleveland, 35 Tex. 74 | 307A+74 | Article 3729, Paschal's Digest, which points out the mode in which depositions may be transmitted by mail to the clerk of the court in which they are to be used, is a directory statute, and, as this court has repeatedly decided, a substantial compliance with the directions of the statute is all that is required where there is nothing to raise a presumption of fraud. | The provisions of Pasch.Dig. art. 3729, prescribing the mode in which depositions may be transmitted by mail to the clerk of the court in which they are to be used, are directory, and a substantial compliance is all that is required, where there is nothing to raise a presumption of fraud. | "Can the provisions prescribing the mode in which depositions may be transmitted be directory, and a substantial compliance is all that is required, where there is nothing to raise a presumption of fraud?" | Pretrial Procedure - Memo # 5376 - C - SB.docx | ROSS-003289297-ROSS-003289298 | Condensed, SA | 0.22 | 0 | 1 | 0 | 1 | |
| 2528 | Town of Rocky Hill v. SecureCare Realty, 315 Conn. 265 | 106+39 | "Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts.... Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits.... An evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties." (Citations omitted; emphasis in original; footnotes omitted; internal quotation marks omitted.) Id., at 651"54, 974 A.2d 669. | If the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits; an evidentiary hearing is necessary because a court cannot make a critical factual jurisdictional finding based on memoranda and documents submitted by the parties. | "If the question of jurisdiction is intertwined with the merits of the case, can a court resolve the jurisdictional question on a motion to dismiss for lack of subject matter jurisdiction without a hearing to evaluate those merits?" | Pretrial Procedure - Memo # 5577 - C - CK.docx | ROSS-003329363-ROSS-003329364 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 2529 | Eaker v. Gower, 189 N.C. App. 770 | 307A+685 | Gower argues that the trial court erred in failing to grant defendants' motion to dismiss for lack of personal jurisdiction over Gower. The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court. Typically, the parties will present personal jurisdiction issues in one of three procedural postures: (1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues. | Typically, the parties will present personal jurisdiction issues in one of three procedural postures: (1) the defendant makes a motion to dismiss without submitting any opposing evidence; (2) the defendant supports its motion to dismiss with affidavits, but the plaintiff does not file any opposing evidence; or (3) both the defendant and the plaintiff submit affidavits addressing the personal jurisdiction issues. Rules Civ.Proc., Rule 12(b)(2), West's N.C.G.S.A. S 1A-1. | Are three procedural postures for a motion to dismiss for lack of personal jurisdiction typical? | 032833.docx | LEGALEASE-00139897-LEGALEASE-00139898 | SA, Sub | 0.33 | 0 | 0 | 1 | 1 | |
| 2530 | 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2060 | We conclude that the core of the definition of a special assessment that makes the imposition a special assessment rather than a general tax is not that the benefit necessarily or primarily consists of physical improvements that are permanent in nature and that are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby. Rather, the special assessment is used to provide a combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or the use or function of the properties that are subject to the special assessment. | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | Is special assessment used to provide combination of services and improvements that are intended and designed to benefit particular properties? | 044675.docx | LEGALEASE-00140161-LEGALEASE-00140162 | Condensed, SA | 0.09 | 0 | 1 | 0 | 1 | |
| 2531 | Am. Bible Soc. v. Lewisohn, 48 A.D.2d 308 | 371+2288 | "The State has great freedom in selecting the subjects of taxation and in granting exemptions and neither the due process clause nor the equal protection clause imposes any rigid limitations upon the State's power to devise reasonable tax policies.(Citations omitted)". (34 N.Y.2d at p. 156, 356 N.Y.S.2d at p. 564, 313 N.E.2d at p. 37.). | State has great freedom in selecting subjects of taxation and in granting exemptions and neither due process clause nor equal protection clause imposes any rigid limitations upon state's power to devise reasonable tax policies. | Does the state have great freedom in selecting subjects of taxation and in granting exemptions? | 045528.docx | LEGALEASE-00140431-LEGALEASE-00140432 | Condensed, SA | 0.33 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2532 | State v. Schenkolewski, 301 N.J. Super. 115 | 63+1(1) | Under N.J.S.A. 2C:27"2, neither the offeror nor the recipient of the bribe need be a public official to prove bribery. Rather, it is sufficient if the recipient created the understanding with the briber that he could influence matters in connection with an official duty, whether or not he was capable of actually effecting such an act. | Neither offeror nor the recipient of bribe need be public official to prove bribery, and it is sufficient if recipient created understanding with offeror that he could influence matters in connection with official duty, whether or not he was capable of actually effecting such an act. N.J.S.A. 2C:27-2. | Does the offeror or recipient of a bribe need to be a public official in order to prove bribery? | 012145.docx | LEGALEASE-00141947-LEGALEASE-00141948 | Condensed, Order, SA | 0.1 | 1 | 1 | 0 | 1 | 1 |
| 2533 | United States v. Rooney, 37 F.3d 847 | 234+7 | The provision, modeled after the bribery statute, 18 U.S.C. " 201, expanded the class of individuals subject to federal penalties for prohibited conduct to virtually anyone who either receives federal funds or participates in a federal program that meets the jurisdictional threshold. Congress intended the terms of the statute to be "construed broadly, consistent with the purpose of this section to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery." Id. at 3511. Thus, as is evident from the circumstances surrounding its adoption, " 666's manifest purpose is to safeguard finite federal resources from corruption and to police those with control of federal funds. See generally, United States v. Crozier, 987 F.2d 893, 898"900 (2d Cir.), cert. denied, 510 U.S. 880, 114 S.Ct. 222, 126 L.Ed.2d 177 (1993). | Federal statute prohibiting theft or bribery concerning programs receiving federal funds expanded class of individuals subject to federal penalties for prohibited conduct to virtually anyone who either receives federal funds or participates in federal program that meets jurisdictional threshold. 18 U.S.C.A. S 666. | Who is subject to federal penalties under the federal statute prohibiting theft or bribery concerning programs receiving federal funds? | 012158.docx | LEGALEASE-00141961-LEGALEASE-00141962 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 2534 | Prigg v. Preston, 28 Pa. Super. 272 | 113+12(2) | The defendants' first point requested the court to charge: "If the jury believe that a custom exists in the business of exploring for and producing oil which permits a lessee under a lease of land for oil and gas purposes to erect on the land described in the lease a dwelling to be occupied by his employee as an incident to such leasing then the verdict must be for the defendants. Answer: Affirmed, subject to what we have said on the subject of custom in this case in our general charge." An examination of the charge discloses no error therein of which the defendants have a right to complain. In our opinion, the court might well have refused the first point. This point fails to state what oil producing territory or location is meant; the time when said custom began and to whom and where such custom was known, in short, we think it as fatally defective as the defendant's offer in Collins v. Mechling et al., 1 Pa. Superior Ct. 594, where our late Brother WICKHAM said: "This offer is open to several fatal objections. It fails to state what "oil producing country" or territory is meant. It might have referred to the McDonald field or any one of many others, in or outside of Pennsylvania. The phrase "known significance" is too indefinite. Known to whom and how many? The offer should have stated, that the usage was known to the plaintiffs, or at least that it was so notorious as to affect them with the knowledge of its existence." "Before a mere usage of trade or a custom can become so firmly imbedded in the law as to govern the rights of parties, it must be so certain, uniform and notorious as probably to be known to and understood by the parties entering into the contract:" Ambler v. Phillips, 132 Pa., 167; see also Weld v. Barker, 153 Pa., 465; Corcoran v. Chess, 131 Pa. 356; Cope v Dodd, 13 Pa. 33. Again, the offer instead of alleging a usage, existing at the time the contract was made, and therefore capable of becoming a part of it, refers to one in existence at the time of the trial, | Before a mere usage of trade or a custom can become so firmly imbedded in the law as to govern the rights of parties, it must be so certain, uniform, and notorious as probably to be known to and understood by the parties entering into the contract. | When canthe mere usage of trade or a custom become so firmly imbedded in the law as to govern the rights of parties? | Customs & Usage - Memo 159 - RK.docx | LEGALEASE-00030777-LEGALEASE-00030778 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |
| 2535 | R.R. Comm'n v. Magnolia Petroleum Co., 169 S.W.2d 253 | 260+92.26 | Again, in the case of Atlantic Oil Production Co. v. Railroad Commission, 85 S.W.2d 655, 657, this court held that the proper test of confiscation was whether a lessee or owner was "accorded an equal opportunity with surrounding lessees to recover his fair share of the recoverable oil; or, stated differently, to recover the approximate amount of oil lying in place under his lease."This means oil lying in place when it is sought to be recovered, and applies to all oil originally beneath the land, and all oil which migrated thereto under the laws of nature. In the Atlantic case this court further say: "Appellee's right to the third well rests alone upon the relative positions of these wells, coupled with the fact that the water pressure is from the west, which gives wells to the east an advantage. This advantage, however, is a natural one, which would exist independently of any conservational regulation." | Proper test of "confiscation" is whether a lessee or owner is accorded an equal opportunity with surrounding lessees and owners to recover his fair share of the recoverable oil, and to recover the approximate amount of oil lying in place under the lease when the oil is sought to be recovered. | Is a lessee or owner accorded an equal opportunity with surrounding lessees to recover his fair share of the recoverable oil? | 021285.docx | LEGALEASE-00141284-LEGALEASE-00141285 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 2536 | Wells Fargo Bank v. Goldzband, 53 Cal. App. 4th 596 | 260+92.56 | Division 3 of the Public Resources Code pertains to oil and gas. Article 4 of division 3 addresses the regulation of the operation of oil and gas wells within the State of California. Article 4 contains the requirements with which an individual or entity must comply in order to drill and operate an oil or gas well, including: designation of an agent (" 3200); notice of acquisition of an interest in a well (" 3202); notice of intent to drill (" 3203); record keeping ("" 3210"3215); and the filing of status and production reports ("" 3216, 3227). Also included in article 4 are several sections that deal with the plugging and abandoning of oil and gas wells. ("" 3203, 3208, 3208.1, 3230, 3232, and 3237.) "Plug" and "abandon" are terms of art which are used to describe the procedure that must be followed when a well is no longer used, to ensure that it does not pose a hazard to safety or the environment. | For purposes of Public Resources Code sections in effect prior to 1997 governing plugging and abandoning of oil and gas wells, "plug" and "abandon" are terms of art which are used to describe procedure that must be followed when well is no longer used, to ensure that it does not pose hazard to safety or environment. West's Ann.Cal.Pub.Res.Code SS 3203, 3208, 3208.1, 3230, 3232, 3237. | Are plug and abandon terms of art which are used to describe the procedure that must be followed when a well does not pose a hazard to safety or the environment when it is no longer used? | Mines and Minerals - Memo #111 - C - CSS.docx | ROSS-003302553-ROSS-003302554 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2537 | In re Sewell, 472 S.W.3d 449 | 307A+486 | Under Rule 198 of the Texas Rules of Civil Procedure, if a party does not timely respond to a request for admissions, "the request is considered admitted without the necessity of a court order." Tex. R. Civ. P. 198.2(c). Further, any matter deemed admitted "is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 98.3. To obtain permission to withdraw deemed admissions, a party must show (1) good cause, (2) that the other party will not be unduly prejudiced, and (3) that the presentation of the merits of the lawsuit will be served by the withdrawal. See id.; Wheeler v. Green, 157 S.W.3d 439, 443 n. 2 (Tex.2005) (per curiam). Generally, a party demonstrates "good cause" by showing that his failure to respond "was accidental or the result of a mistake, rather than intentional or the result of conscious indifference." Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996) (per curiam). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." Wheeler, 157 S.W.3d at 443 (citing Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687 (Tex.2002)); Stelly, 927 S.W.2d at 622; see also Wal"Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 357 (Tex.1998) (per curiam) (finding no undue prejudice from withdrawal of deemed admissions where plaintiff had already deposed withdrawing party). Finally, "[t]he burden of proof on all three requirements [of Rule 198.3] is on the party seeking withdrawal." Morgan v. Timmers Chevrolet, Inc., 1 S.W.3d 803, 807 (Tex.App."Houston [1st Dist.] 1999, pet. denied). | Generally, a party demonstrates good cause necessary to withdraw deemed admissions by showing that his failure to respond to request for admissions was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Tex. R. Civ. P. 198.3. | Can a party establish good cause necessary for the withdrawal of deemed admissions by demonstrating that the failure to respond is accidental or the result of a mistake? | 029181.docx | LEGALEASE-00140991-LEGALEASE-00140992 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 2538 | Hosts v. Wells, 443 N.E.2d 319 | 307A+483 | On February 19, 1981 the creditors served requests for admissions pursuant to Indiana Rules of Procedure, Trial Rule 36 which covered the necessary elements for recovery upon the promissory note. Hosts neither answered nor objected to the requests within thirty (30) days and the matters were thus deemed admitted. TR 36(B); Pathman Const. Co. v. Drum-Co. Engineering Corp. (1980), Ind.App., 402 N.E.2d 1. Furthermore, Hosts did not petition to be relieved of the admissions as provided for in TR 36(B). On the basis of the admissions, summary judgment was proper on the note. | Where creditors in suit upon promissory note served requests for admissions covering necessary elements for recovery and debtor neither answered nor objected within 30 days, matters therein were deemed admitted. Trial Procedure Rule 36(B). | Are requests for admission neither answered nor objected within 30 days deemed admitted? | Pretrial Procedure - Memo # 4217 - C - SB.docx | ROSS-003289334-ROSS-003289335 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 2539 | Davis v. Solondz, 122 A.D.2d 401 | 157+134 | Generally, it is improper to prove that a person performed an act on a specific occasion by showing that he performed a similar act on a different, unrelated occasion (Richardson, Evidence "" 170, 184, at 139"140, 153"154 [Prince 10th ed] ). However, evidence of such similar acts committed in the past is relevant to prove, inter alia, intent or the absence of mistake (Matter of Brandon, 55 N.Y.2d 206, 211, 448 N.Y.S.2d 436, 433 N.E.2d 501). Thus, where unlawful intent is an issue, evidence of other similar acts would be admissible at trial to negate the existence of an innocent state of mind (id.), and would likewise be relevant and, hence, discoverable. | Where unlawful intent is issue, evidence of other similar acts would be admissible at trial to negate existence of innocent state of mind and would likewise be relevant and hence discoverable. | "Where unlawful intent is an issue, will evidence of other similar acts be admissible at trial to negate the existence of an innocent state of mind?" | Pretrial Procedure - Memo # 5155 - C - ES.docx | ROSS-003289435-ROSS-003289436 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2540 | Consol. Elec. & Mechanicals v. Schuerman, 185 S.W.3d 773 | 307A+685 | When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct the matter be heard wholly or partly on oral testimony or deposition. When affidavits are presented, the trial court may believe or disbelieve any statements made within those affidavits. It is in the sole discretion of the trial court to make such factual determinations. | When affidavits are presented in connection with a motion to dismiss for lack of personal jurisdiction, the trial court may believe or disbelieve any statements made within those affidavits; it is in the sole discretion of the trial court to make such factual determinations. | "Can a trial court believe or disbelieve any statement in affidavits, and is the factual determination within the sole discretion of the court?" | Pretrial Procedure - Memo # 5740 - C - SS.docx | ROSS-003304813-ROSS-003304814 | Condensed, SA, Sub | 0.42 | 0 | 1 | 1 | 1 | 1 |
| 2541 | Patton v. Jones, 212 S.W.3d 541 | 302+104(1) | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action.Lacy v. Bassett, 132 S.W.3d 119, 122 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (discussing dismissal based on ecclesiastical doctrine) (citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.2000)). We review the record de novo to determine whether the trial court had subject matter jurisdiction. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998). We consider only the evidence pertinent to the jurisdictional inquiry and do not weigh the merits. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.2002). Also, we construe the pleadings in favor of the plaintiff, accepting all his allegations as true. Bland Indep. Sch. Dist., 34 S.W.3d at 555. To prevail, the defense must show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. Brenham Hous. Auth. v. Davies, 158 S.W.3d 53, 56 (Tex.App.-Houston [14th Dist.] 2005, no pet.). | A motion to dismiss based on a lack of subject matter jurisdiction is functionally equivalent to a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action. | Is a motion to dismiss the functional equivalent of a plea to the jurisdiction challenging the trial court's authority to determine the subject matter of a cause of action? | 033317.docx | LEGALEASE-00140812-LEGALEASE-00140813 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 2542 | Posey v. Proper Mold & Eng'g, 378 S.C. 210 | 307A+554 | The court may consider affidavits on a question of law in a jurisdictional motion without converting the motion into one for summary judgment. Baird v. Charleston County, 333 S.C. 519, 528, 511 S.E.2d 69, 74 (1999). The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. Woodard v. Westvaco Corp., 319 S.C. 240, 242, 460 S.E.2d 392, 393 (1995), overruled on other grounds, Sabb, 350 S.C. 416, 567 S.E.2d 231. If a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a Rule 12(b)(1) motion to dismiss. Edens, 359 S.C. at 439, 597 S.E.2d at 866. | The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss, rather than a motion for summary judgment. Rules Civ.Proc., Rules 12(b)(1), 56. | "Is the proper procedure for raising lack of subject matter jurisdiction prior to trial to file a motion to dismiss, rather than a motion for summary judgment?" | 033334.docx | LEGALEASE-00140899-LEGALEASE-00140900 | Condensed, Order, SA | 0.76 | 1 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2543 | Woodard v. Westvaco Corp., 315 S.C. 329 | 228+181(1) | The Court of Appeals correctly held that the proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. See Ballenger v. Bowen, 313 S.C. 476, 443 S.E.2d 379 (1994). Further, the Court of Appeals appropriately noted that if a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a Rule 12(b)(1) motion to dismiss.Nevertheless, the Court of Appeals incorrectly concluded that an order denying a Rule 12(b)(1) motion to dismiss was immediately appealable. | Proper procedure for raising lack of subject matter jurisdiction prior to trial is to file motion to dismiss for lack of subject matter jurisdiction, rather than motion for summary judgment. Rules Civ.Proc., Rule 12(b)(1), 56. | "Is the proper procedure for raising lack of subject matter jurisdiction prior to trial to file a motion to dismiss, rather than a motion for summary judgment?" | Pretrial Procedure - Memo # 5986 - C - NC.docx | LEGALEASE-00031463-LEGALEASE-00031464 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 2544 | Parris v. Douthit, 287 Ga. 119 | 307A+554 | In granting that application, we posed the question of whether the trial court was authorized to defer jurisdictional issues until after the temporary disposition of a modification action. Under OCGA " 9"11"12(d), the trial court may hear and determine a defense in abatement such as improper venue prior to trial without submitting it to a jury, or may defer such hearing and determination until trial. Hatcher v. Hatcher, 229 Ga. 249, 250"251, 190 S.E.2d 533 (1972); Dept. of Transp. v. Dupree, 256 Ga.App. 668, 675(1)(b), 570 S.E.2d 1 (2002). In this case, the trial court clearly entered a pre-trial ruling on the motion to dismiss, which is subject to interlocutory appeal upon following the procedures set forth in OCGA " 5"6"34(b). | Under pleading rule, the trial court may hear and determine a defense in abatement based upon improper venue prior to trial without submitting it to a jury, or may defer such hearing and determination until trial. West's Ga.Code Ann. S 9-11-12(d). | "Under pleading rule, may the trial court hear and determine a defense in abatement based upon improper venue prior to trial without submitting it to a jury?" | Pretrial Procedure - Memo # 6002 - C - CK.docx | ROSS-003289532-ROSS-003289533 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 2545 | Com. v. Cent. Realty Co., 338 Pa. 172 | 371+2744 | As we stated in Com. v. Lowe Coal Co., 296 Pa. 359, 145 A. 916, 918: "State taxes stand on a different basis from local levies; the former are essential to the very "preservation" of the state itself (Schoyer v. Comet O. & R. Co., 284 Pa. 189, 193, 130 A. 413), while the latter are authorized or permitted by the state, not for its actual preservation, but merely to maintain the machinery of local government. So far as general principles enter into the matter, the basic interest of the sovereign authority requires the direct revenues of the commonwealth to be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise.' | State taxes are essential to very preservation of state itself, while local levies are authorized or permitted by state merely to maintain machinery of local government, and commonwealth's direct revenues must be so guarded that no lien for state taxes shall be disturbed except by payment, unless some constitutional or statutory rule dictates otherwise. | Are state taxes essential to the very preservation of a state itself? | Taxation - Memo # 404 - C- NA.docx | ROSS-003302223-ROSS-003302224 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |
| 2546 | Penn Dairies v. Milk Control Comm'n of Pennsylvania, 318 U.S. 261 | 371+2006 | The trend of our decisions is not to extend governmental immunity from state taxation and regulation beyond the national government itself and governmental functions performed by its officers and agents. We have recognized that the Constitution presupposes the continued existence of the states functioning in coordination with the national government, with authority in the states to lay taxes and to regulate their internal affairs and policy, and that state regulation like state taxation inevitably imposes some burdens on the national government of the same kind as those imposed on citizens of the United States within the state's borders, see Metcalf & Eddy v. Mitchell, supra, 269 U.S. at page 523, 524, 46 S.Ct. at page 174, 70 L.Ed. 384. And we have held that those burdens, save as Congress may act to remove them, are to be regarded as the normal incidents of the operation within the same territory of a dual system of government, and that no immunity of the national government from such burdens is to be implied from the Constitution which established the system, see Graves v. People of State of New York ex rel. O'Keefe, 306 U.S. 466, 483, 487, 59 S.Ct. 595, 599, 601, 86 L.Ed. 927, 120 A.L.R. 1466. | The constitution presupposes continued existence of states functioning in coordination with federal government, with authority in states to lay taxes and to regulate their internal affairs and policy, and that state regulation like state taxation imposes some burdens on federal government. U.S.C.A.Const. art. 6, cl. 2. | "Does the constitution presupposes continued existence of states functioning in coordination with federal government, with authority in states to lay taxes?" | 045515.docx | LEGALEASE-00141781-LEGALEASE-00141782 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2547 | Hayes v. Show Me Believers, 192 S.W.3d 706 | 413+2 | "Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible."Greenlee v. Dukes Plastering Service, 75 S.W.3d 273, 276 (Mo. banc 2002). The plain language of section 287.780 provides, without limitation, that "no employer" can discharge any employee for exercising any of his or her rights under the workers' compensation law. The plain language of the statute does not include any limitation as to which employers are barred from discharging an employee for exercising his or her rights under the workers' compensation law. Under the statute, "no employer" can discriminate against or discharge employees for exercising their legal rights. Show Me falls within the ambit of the section 287.780. | Workers' compensation law is entirely a creature of statute, and when interpreting the law the court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | "Since workers compensation law is entirely a creature of statute, when interpreting the law, should the court ascertain the intent of the legislature?" | 048104.docx | LEGALEASE-00141105-LEGALEASE-00141106 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2548 | Bame v. Lipsett, 172 Neb. 623 | 13+34 | Finally, the petition alleged the employment of an attorney in November 1958, almost 2 years before bringing action; that the attorney was incapacitated and was first admitted to the Yankton State Hospital for observation in the summer of 1959 and later was declared mentally ill and committed as such on July 5, 1960. The plaintiff's petition alleged the attorney was not mentally competent or capable of handling plaintiff's claim which was unknown to plaintiff. Nothing is set out to show any diligence of the plaintiff in consulting or attemptint to consult or keep in touch with this attorney. At any rate in Ray v. Sanitary Garbage Co., 134 Neb. 178, 278 N.W. 139, 140, this court, in construing this Workmen's Compensation Act in regard to the statute of limitations, therein said:"Where a right has been created by statute which did not exist at the common law, the legislature may impose restrictions thereon, and the conditions so imposed qualify and are an integral part of the act and must be fully complied with in the manner therein prescribed." It further states: "Where no exception is provided by the statute, the requirement for the filing of a claim within a specified time applies to a minor dependent of an employee, whose failure to comply with the act precludes him from recovering compensation." It would appear that if minor defendants of a deceased employee are not excepted from the running of this statute, certainly the statute would run as against an employee who, while fully competent himself, placed his affairs in the hands of an incapacitated attorney. | Where a right has been created by statute which did not exist at common law, Legislature may impose restrictions thereon, and conditions so imposed qualify and are integral part of act and must be fully complied with in manner therein prescribed. | "Did the workers compensation act create rights which did not exist at common law, and can the legislature place such restrictions thereon, as it sees fit?" | 048120.docx | LEGALEASE-00141342-LEGALEASE-00141343 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 2549 | United States v. Carson, 464 F.2d 424 | 63+1(2) | While "[n]ot every person performing any service for the government, however humble, is embraced within the terms" of the bribery statute, Krichman v. United States, 256 U.S. 363, 366, 41 S.Ct. 514, 515, 65 L.Ed. 992 (1921), appellant, as an administrative assistant to a member of the Senate Judiciary Committee, clearly is, in a situation in which his influence in connection with federal criminal charges or penalties is sought. 18 U.S.C. " 201(a). The United States Supreme Court, in United States v. Birdsall, 233 U.S. 223, 230-231, 34 S.Ct. 512, 514, 58 L.Ed. 930 (1914) (citations omitted), has written: | Defendant administrative assistant to member of Senate Judiciary Committee was clearly embraced within terms of the bribery statute, for purposes of situation in which influence of defendant was sought in connection with federal criminal charges that were being contemplated against other persons. 18 U.S.C.A. S 201(a). | "Should the administrative assistant to a public official be embraced within terms of the bribery statute, where the influence of defendant was sought in connection with the officials authority?" | Bribery - Memo #787 - C-JL.docx | ROSS-003288705 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 2550 | Bragg v. W. Virginia Coal Ass'n, 248 F.3d 275 | 260+92.5(2) | In sum, even though the States ultimately remain subject to SMCRA, the Act grants "exclusive jurisdiction" to a primacy State (one with an approved program), thereby conditionally divesting the federal government of direct regulatory authority. See Regulation Litig., 653 F.2d at 519; see also 30 U.S.C. " 1253(a) (requiring *295 a would-be primacy State to demonstrate that it has "the capability of carrying out the provisions of this chapter"). Therefore, when a State's program has been approved by the Secretary of the Interior, we can look only to State law on matters involving the enforcement of the minimum national standards; whereas, on matters relating to the good standing of a State program, SMCRA remains directly applicable. See Regulation Litig., 653 F.2d at 519 (observing that "judicial appeals of permit decisions are matters of State jurisdiction in which the Secretary plays no role"); see also 30 U.S.C. " 1276(e). | Even though the states ultimately remain subject to Surface Mining Control and Reclamation Act (SMCRA), primacy states, or ones with an approved program, are granted "exclusive jurisdiction" under SMCRA, thereby conditionally divesting the federal government of direct regulatory authority; therefore, when a state's program has been approved by the Secretary of the Interior, a court can look only to state law on matters involving the enforcement of the minimum national standards, while on matters relating to the good standing of a state program, SMCRA remains directly applicable. Surface Mining Control and Reclamation Act of 1977, S 101 et seq., 30 U.S.C.A. S 1201 et seq. | Does the primacy of a state divest the federal government of direct regulatory authority? | 021216.docx | LEGALEASE-00143269-LEGALEASE-00143270 | Condensed, SA, Sub | 0.27 | 0 | 1 | 1 | 1 | 1 |
| 2551 | McKown v. United States, 908 F. Supp. 2d 1122 | 260+9 | Where a mining claim is located on land withdrawn from mineral entry under the Wilderness Act, 16 U.S.C. "" 1131"36, the claimant must prove discovery of a valuable mineral deposit at the time of a withdrawal | Where a mining claim is located on federal land withdrawn from mineral entry under the Wilderness Act, the claimant must prove discovery of a valuable mineral deposit at the time of a withdrawal; claimant must also demonstrate that the mining claim is valid at the time of the contest hearing. Wilderness Act, S 2 et seq., 16 U.S.C.A. S 1131 et seq. | "Where a claim is located on land withdrawn from mineral entry pursuant to the Wilderness Act, must a claim be supported by a discovery of a valuable mineral deposit at the time of withdrawal?" | 021348.docx | LEGALEASE-00142830-LEGALEASE-00142831 | Condensed, SA, Sub | 0.4 | 0 | 1 | 1 | 1 | 1 |
| 2552 | Capasso Restoration v. City of New Haven, 88 Conn. App. 754 | 307A+554 | On appeal, the plaintiff claims that the court improperly made factual findings without an evidentiary hearing and dismissed its complaint despite factual allegations sufficient to show standing. A motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. Blumenthal v. Barnes, 261 Conn. 434, 442, 804 A.2d 152 (2002). In ruling on a motion to dismiss, the court must take the facts alleged in the complaint as true, construing them in the manner most favorable to the pleader. Fairfax Properties, Inc. v. Lyons, 72 Conn.App. 426, 431"32, 806 A.2d 535 (2002). The party seeking the exercise of the court's jurisdiction bears the burden of alleging facts that clearly demonstrate that it is the proper party to invoke judicial resolution of the dispute. St. George v. Gordon, 264 Conn. 538, 544"45, 825 A.2d 90 (2003). "Because a determination regarding the trial court's subject matter jurisdiction raises a question of law, our review is plenary." Id., at 545, 825 A.2d 90. | A motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. | Does a motion to dismiss for lack of standing attack the jurisdiction of the court asserting that as a matter of law or fact the plaintiff cannot state a claim that should be heard by the court? | 033022.docx | LEGALEASE-00143560-LEGALEASE-00143561 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 2553 | Alex N. Sill Co. v. Fazio, 2 Ohio App. 3d 65 | 307A+723.1 | Party has duty to move for continuance due to conflicting trial assignment dates of counsel within reasonable time after such party's case is set for trial and the conflict thus created; motion for a continuance not made within a reasonable time is untimely, and court does not abuse its discretion in overruling an untimely motion for a continuance. The case first scheduled for trial on a particular date has priority for trial on that date, and that date only, should a conflict of trial assignment dates occur. The case first set for trial is the case for which there exists the earliest docket entry selecting the conflicting trial date. | Party has duty to move for continuance due to conflicting trial assignment dates of counsel within reasonable time after such party's case is set for trial and the conflict thus created; motion for a continuance not made within a reasonable time is untimely, and court does not abuse its discretion in overruling an untimely motion for a continuance. Municipal and County Courts Superintendence Rule 16(B). | Are granting or refusal of continuance or time to prepare matters within the discretion of the trial court and will not be disturbed absence a showing of clear abuse of such discretion? | 033069.docx | LEGALEASE-00142475-LEGALEASE-00142476 | SA, Sub | 0.37 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2554 | Poteat v. St. Paul Mercury Ins. Co., 277 Mont. 117 | 307A+554 | When deciding a motion to dismiss based on lack of subject matter jurisdiction, a district court must determine whether the complaint states facts that, if true, would vest the district court with subject matter jurisdiction. Barthule v. Karman (1994), 268 Mont. 477, 483, 886 P.2d 971, 975 (citing Stanley v. Holms (1994), 267 Mont. 316, 883 P.2d 837). This conclusion is a question of law, and we will review to determine whether the District Court's interpretation of the law is correct. Barthule, 886 P.2d at 975 (citing In re Marriage of Barnard (1994), 264 Mont. 103, 870 P.2d 91). | When deciding motion to dismiss based on lack of subject matter jurisdiction, district court must determine whether complaint states facts that, if true, would vest district court with subject matter jurisdiction. | "Is the inquiry, whether a complaint states facts that would grant the district court subject matter jurisdiction on a motion to dismiss?" | Pretrial Procedure - Memo # 6118 - C - SK.docx | ROSS-003289082-ROSS-003289083 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 2555 | Moore ex rel. Moore v. Boyd, 799 So. 2d 133 | 307A+560 | Because we find that Moore's argument claiming evasion of service by Boyd has no merit, and because he argued no other reasons for the delay in service other than Boyd's intentional avoidance, we cannot find that Moore has shown good cause to have the dismissal of his case against Boyd overturned. "This rule mandates dismissal upon a finding that service has not been made within the specified time period and that good cause to extend the time does not exist." Black, 791 F.Supp. at 1127."[A]lthough the operation of the rule may be harsh, this is the scheme that Congress has devised, and a party's failure to comply with the express requirements of the applicable rules can result in substantial prejudice." Peters, 9 F.3d at 346. Therefore, even when a plaintiff will be caused to lose a right of action because of the running of the statute of limitations on that action, the 120-day rule must be observed by the courts. See Watters, 675 So.2d at 1244. | The service of process rule mandates dismissal upon a finding that service has not been made within the specified time period and that good cause to extend the time does not exist. Rules Civ.Proc., Rule 4(h). | Does the service of process rule mandate dismissal upon a finding that service has not been made within the specified time period and that good cause to extend the time does not exist? | 033724.docx | LEGALEASE-00142955-LEGALEASE-00142956 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2556 | State v. NV Sumatra Tobacco Trading Co., 403 S.W.3d 726 | 307A+554 | A Tenn. R. Civ. P. 12.02(2) motion to dismiss for lack of personal jurisdiction, which challenges the trial court's authority to hear the case, is ideally addressed as a threshold issue. Thus, a defendant may file a Tenn. R. Civ. P. 12.02(2) motion prior to filing its answer or may include the defense in its answer. The defendant may, at its discretion, support the motion with affidavits or other evidentiary materials. The plaintiff then bears the burden of making a prima facie showing of personal jurisdiction, based on its own evidence. When weighing the evidence on a Tenn. R. Civ. P. 12.02(2) motion, the trial court must take all factual allegations in the plaintiff's complaint and supporting papers as true. The court must resolve all factual disputes in the plaintiff's favor. In complex cases, the court may allow limited discovery and hold an evidentiary hearing. The court may even hold the motion in abeyance until after a trial. Gordon v. Greenview Hosp., Inc., 300 S.W.3d at 644. | A motion to dismiss for lack of personal jurisdiction, which challenges the trial court's authority to hear the case, is ideally addressed as a threshold issue. Rules Civ.Proc., Rule 12.02(2). | Is a motion to dismiss for lack of personal jurisdiction which challenges the trial court's authority to hear the case ideally addressed as a threshold issue? | 033730.docx | LEGALEASE-00143103-LEGALEASE-00143104 | Order, SA | 0.81 | 1 | 0 | 0 | 1 | |
| 2557 | Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+560 | When an issue involves construction of the language of Rule 103(b), our review is de novo. Case, 227 Ill.2d 207, 316 Ill.Dec. 693, 880 N.E.2d 171. On the merits of a motion to dismiss under the rule, the disposition is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Parker v. Piskur, 258 Ill.App.3d 344, 196 Ill.Dec. 540, 630 N.E.2d 475 (1994). "Discretion is abused only if no reasonable person could take the view adopted by the trial court." In re Marriage of Kaplan, 149 Ill.App.3d 23, 31, 102 Ill.Dec. 719, 500 N.E.2d 612 (1986). | On the merits of a motion to dismiss action under the rule allowing dismissal based on plaintiff's failure to exercise due diligence to obtain service on defendant, the disposition is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion; discretion is abused only if no reasonable person could take the view adopted by the trial court. Sup.Ct.Rules, Rule 103(b). | "Is a disposition on the merits of a motion to dismiss action under the rule allowing dismissal based on plaintiff's failure to exercise due diligence, within sound discretion of a trial court?" | 033743.docx | LEGALEASE-00143130-LEGALEASE-00143131 | SA, Sub | 0.3 | 0 | 0 | 1 | 1 | |
| 2558 | Robinson v. Williams ex rel. Estate of Dunn, 280 Ga. 877 | 30+3324 | The trial court has the power to impose appropriate sanctions to make effective its pretrial orders and appellate courts review the action taken for abuse of discretion. | The trial court has the power to impose appropriate sanctions to make effective its pre-trial orders and appellate courts review the action taken for abuse of discretion. | Does the trial court have the power to impose appropriate sanctions to make effective its pre-trial orders and appellate courts review the action taken for abuse of discretion? | 033904.docx | LEGALEASE-00142310-LEGALEASE-00142311 | SA, Sub | 0.01 | 0 | 0 | 1 | 1 | |
| 2559 | Wallingford v. W. Union Tel. Co., 60 S.C. 201 | 307A+74 | The next question that will be considered is whether his honor the circuit judge erred in overruling the third objection hereinbefore mentioned, when Mr. Graydon offered to read the testimony. The certificate concludes as follows. "Witness my hand and official seal at Sheridan, Hamilton county, and state of Indiana, this 18th day of November, A. D. 1899. Newton W. Cowgill, Notary Public." The notary public attached the word "Seal" to the jurat of each deposition. The statute does not require the certificate to be under the seal of the officer taking the testimony, but if there was such requirement it would have to be considered in connection with the act of 1899 entitled "An act to amend the law with regard to instruments in writing purporting to have been sealed," which provides "that whenever it shall appear from the attestation clause or from the other parts of the instrument in writing that it was the intention of the party or parties thereto that said instrument should be a sealed instrument, then said instrument shall be construed to be and shall have the effect of a sealed instrument, although no seal be actually attached thereto." 23 St. at Large, p. 48. It appears from the attestation clause that the notary public intended to attach his official seal, and this was sufficient. | Under 23 St. at Large, p. 48, providing that, whenever it shall appear from the attestation clause or other part of an instrument that the parties intended it to be a sealed instrument, it shall be construed to be and shall have the effect of a sealed instrument, though no seal be actually attached, a deposition was not objectionable as lacking a notarial seal where the word "Seal" was attached to every jurat, and the attestation clause read, "Witness my hand and official seal." | "Whenever it shall appear from the attestation clause or other part of an instrument that the parties intended it to be a sealed instrument, shall it be construed to be and shall have the effect of a sealed instrument?" | 033919.docx | LEGALEASE-00142346-LEGALEASE-00142347 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 2560 | Holland v. Lefler, 80 Ark. App. 316 | 313+63 | Arkansas courts have not addressed whether Rule 6(b) can be used to extend the time to obtain service once the 120"day period for service prescribed in Rule 4(i) has expired. However, the supreme court has held that the service requirements under Rule 4(i) must be strictly construed, and compliance with them must be exact. Raymond v. Raymond, 343 Ark. 480, 36 S.W.3d 733 (2001). Service of process under Rule 4(i) must be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. Id. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Id. Consequently, if a trial court is required to dismiss an action because a plaintiff has failed to serve a defendant or to file a timely motion to extend service, it follows that, in accordance with the language of Rule 4(i), the trial court loses jurisdiction over that case and no longer has discretion to take action on the case after the expiration of the 120"day period. | Service of process under civil procedure rule governing summons must be accomplished within 120 days after the filing of complaint unless plaintiff has filed a motion to extend time prior to the expiration of the deadline; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | "Should service of process be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend?" | 034279.docx | LEGALEASE-00143208-LEGALEASE-00143209 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2561 | Crandall Pub. Library v. City of Glens Falls, 216 A.D.2d 814 | 371+2060 | Taxes are public burdens imposed generally for governmental purposes benefiting the entire community, whereas an ad valorem levy is an assessment imposed for specific municipal improvements which confer a special benefit on the property assessed beyond that conferred generally (see, Village of Norwood v. Baker, 172 U.S. 269, 19 S.Ct. 187, 43 L.Ed. 443; Roosevelt Hosp. v. Mayor, Aldermen & Commonalty of City of N.Y., 84 N.Y. 108, 112; Church of Christ the King v. City of Yonkers, 115 Misc.2d 461, 463, 454 N.Y.S.2d 273; see also, RPTL 102[20] ). Ad valorem levies have been utilized to finance the construction of sewers (see, Wilkosz v. Village of Brocton, 166 A.D.2d 885, 561 N.Y.S.2d 661), the costs of garbage collection services (see, Matter of Pokoik v. Incorporated Vil. of Ocean Beach, 143 A.D.2d 1021, 533 N.Y.S.2d 749, lv. denied 73 N.Y.2d 706, 539 N.Y.S.2d 299, 536 N.E.2d 628; Sysco Corp. v. Town of Hempstead, 133 A.D.2d 751, 520 N.Y.S.2d 40) and the costs of providing fire protection services (see, Tuckahoe Housing Auth. v. Town of Eastchester, 208 A.D.2d 521, 616 N.Y.S.2d 810). | "Taxes" are public burdens imposed generally for governmental purposes benefiting entire community, whereas "ad valorem levy" is assessment imposed for specific municipal improvements which confer special benefit on property assessed beyond that conferred generally. | "Are ""taxes"" public burdens imposed generally for governmental purposes benefiting entire community?" | 045610.docx | LEGALEASE-00142567-LEGALEASE-00142568 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 2562 | United States v. O'Neill, 476 F.2d 295 | 34+20.8(1) | In order to properly perform their classification function, the local board members must receive and consider all relevant communications from or concerning registrants. 32 C.F.R. " 1622.1(c);3 United States v. Kelly, 473 F.2d 1225 (9th Cir., 1973). Mulloy v. United States, supra, also emphasized the importance of the classification reopening procedure and held a local board may not arbitrarily refuse to reopen a registrant's classification. | In order to properly perform their classification function, local selective service board members must receive and consider all relevant communications from or concerning registrants. | Should local selective service board members receive and consider all relevant communications from or concerning registrants in order to properly perform their classification function? | Armed Services - Memo 267 - RK.docx | ROSS-003302187-ROSS-003302188 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 2563 | Gray v. City of Opelika, 216 So. 3d 431 | 307A+684 | We must construe any allegations in the complaint not controverted by the moving party's evidence as true. If the moving party presents a prima facie showing of the court's lack of in rem jurisdiction, the nonmoving party's jurisdictional allegations carry no presumptive weight. The nonmoving party must then rely on more than the allegations in the complaint by substantiating the jurisdictional allegations with competent proof. See Ex parte Covington Pike Dodge, Inc., 904 So.2d at 229 (regarding dismissal based on lack of personal jurisdiction). | If the party moving to dismiss presents a prima facie showing of the court's lack of in rem jurisdiction, the nonmoving party's jurisdictional allegations carry no presumptive weight; the nonmoving party must then rely on more than the allegations in the complaint by substantiating the jurisdictional allegations with competent proof. Rules Civ.Proc., Rule 12. | "If the party moving to dismiss presents a prima facie showing of the court's lack of in rem jurisdiction, do the nonmoving party's jurisdictional allegations carry no presumptive weight?" | Pretrial Procedure - Memo # 5536 - C - SPB.docx | ROSS-003302822-ROSS-003302823 | Condensed, SA | 0.34 | 0 | 1 | 0 | 1 | |
| 2564 | Scovill Fasteners v. Sure-Snap Corp., 207 Ga. App. 539 | 307A+685 | "Our precedents establish that a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. Easterling v. Easterling, 231 Ga. 90 (200 SE2d 267) (1973); Smith v. Smith, 223 Ga. 551 (156 SE2d 916) (1967). A motion to dismiss for lack of personal jurisdiction must be granted if there are insufficient facts to support a reasonable inference that defendant can be subjected to the jurisdiction of the court. To demonstrate that the court lacks jurisdiction, defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. See Uniform Superior Court Rule 6.1. See also Behar v. Aero Med Intl., 185 Ga.App. 845, 846 (366 SE2d 223) (1988). Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Id. at 846 [, 366 SE2d 223]. | When outcome of motion to dismiss for lack of personal jurisdiction depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record, and to the extent that defendant's evidence controverts complaint's allegations, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Uniform Superior Court Rule 6.1. | "When moving to dismiss for lack of personal jurisdiction, can the plaintiff not rely on mere allegations?" | Pretrial Procedure - Memo # 5544 - C - SS.docx | LEGALEASE-00033853-LEGALEASE-00033854 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 2565 | Drye v. Target, 2015 OK CIV APP 61 | 313+63 | A plaintiff must make service of process upon a defendant within 180 days after the petition is filed. See 12 O.S.2011 and Supp.2013, " 2004(I). If good cause is not shown why service was not made within that time, then the action "shall be deemed dismissed" without prejudice. Id. See also Colclazier & Assocs. v. Stephens, 2012 OK CIV APP 45, 12, 277 P.3d 1285, 1289, as corrected (June 1, 2012). The statute "cast[s] a burden upon the plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180"day period. Whether good cause has been demonstrated is left largely to the discretion of the trial court." Willis v. Sequoyah House, Inc., 2008 OK 87, 11, 194 P.3d 1285, 1289 (finding counsel's statements referencing a clerical error in the lawyer's office insufficient to overcome the evidentiary burden). | The statute requiring service within 180 days after the petition is filed casts a burden upon the plaintiff who resists dismissal to demonstrate good cause why service on the defendant was not made within the prescribed 180-day period; whether good cause has been demonstrated is left largely to the discretion of the trial court. 12 Okl.St.Ann. S 2004(I). | Is the burden upon the plaintiff who resists dismissal for untimely service of process to demonstrate good cause why service on the defendant was not made within the prescribed 180-day period? | 033590.docx | LEGALEASE-00143798-LEGALEASE-00143799 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 2566 | Christian v. Lincoln Auto. Co., 403 Ill. App. 3d 1038 | 313+63 | Rule 103(b) does not set forth a specific time in which a defendant must be served; rather, it requires a plaintiff to exercise reasonable diligence to provide service in a timely manner. Kole, 325 Ill.App.3d at 948"49, 259 Ill.Dec. 649, 759 N.E.2d at 133. "The rule was adopted to effectuate the historical and constitutional mandate that justice be fairly and promptly rendered." Kole, 325 Ill.App.3d at 949, 259 Ill.Dec. 649, 759 N.E.2d at 133. Rule 103(b) further aims to protect a defendant from unnecessary delay in the service of process and to prevent the plaintiff from circumventing the applicable statute of limitations by filing suit before the expiration of the limitations period but taking no action to have defendants served until the plaintiff is ready to proceed with the litigation. Kole, 325 Ill.App.3d at 949, 259 Ill.Dec. 649, 759 N.E.2d at 133. The rule's further purpose is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. Brezinski v. Vohra, 258 Ill.App.3d 702, 704, 197 Ill.Dec. 342, 631 N.E.2d 345, 347 (1994). Notwithstanding these generalizations, dismissal of a cause with prejudice under Rule 103(b) is considered a harsh penalty. Brezinski, 258 Ill.App.3d at 705"06, 197 Ill.Dec. 342, 631 N.E.2d at 348. | A further purpose of rule requiring a plaintiff to exercise reasonable diligence to obtain service on a defendant is to promote the expeditious handling of suits by giving trial courts wide latitude to dismiss when service is not effected with reasonable diligence. Sup.Ct.Rules, Rule 103(b). | Is a dismissal of a cause with prejudice under rule requiring a plaintiff to exercise reasonable diligence to obtain service on a defendant considered a harsh penalty? | 033625.docx | LEGALEASE-00143894-LEGALEASE-00143896 | Condensed, Order, SA | 0.78 | 1 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2567 | Alsobrook v. Cote, 133 Ill. App. 2d 261 | 307A+560 | The purpose of this rule is to protect defendants from unnecessary delays in the service of process upon them, v. LaSalle National Bank of Chicago, 119 Ill.App.2d 157, 255 N.E.2d 61, and to safeguard against the undermining and circumvention of the statutes of limitation, Kohlhaas v. Morse, 36 Ill.App.2d 158, 183 N.E.2d 16. The Rule does not set a specific time limitation within which a defendant must be served, but it does put the burden upon the plaintiff to show that he has exercised reasonable diligence to obtain service. Mosley v. Spears, 126 Ill.App.2d 35, 261 N.E.2d 510. | Rule providing for dismissal for lack of diligence in obtaining service of process does not set specific time limitation within which defendant must be served, but puts burden on plaintiff to show that he has exercised reasonable diligence to obtain service. Supreme Court Rules, rule 103(b), S.H.A. ch. 110A, S 103(b). | Is there no specific time limitation provided by Supreme Court rule allowing dismissal for lack of diligence in obtaining service of process? | 033663.docx | LEGALEASE-00144133-LEGALEASE-00144134 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |
| 2568 | Cronin v. Kottke Assocs., 2012 IL App (1st) 111632 | 307A+563 | An order of dismissal with prejudice is a "drastic sanction" to be entered only "where the party's actions show a deliberate, contumacious or unwarranted disregard of the court's authority." Shimanovsky, 181 Ill.2d at 123, 229 Ill.Dec. 513, 692 N.E.2d 286 (and cases cited therein); Adams v. Bath & Body Works, Inc., 358 Ill.App.3d 387, 395, 294 Ill.Dec. 233, 830 N.E.2d 645 (2005) (referring to dismissal with prejudice as the " "death penalty" of sanctions"). Further, dismissal with prejudice is a sanction to be "employed only "as a last resort and after all the court's other enforcement powers have failed to advance the litigation." " Id. at 394, 294 Ill.Dec. 233, 830 N.E.2d 645 (quoting Shimanovsky, 181 Ill.2d at 123, 229 Ill.Dec. 513, 692 N.E.2d 286). | An order of dismissal with prejudice is a drastic sanction to be entered only where the party's actions show a deliberate, contumacious or unwarranted disregard of the trial court's authority. | "Is an order of dismissal with prejudice a drastic sanction to be entered only where the party's actions show a deliberate, contumacious or unwarranted disregard of the trial court's authority?" | 034358.docx | LEGALEASE-00143971-LEGALEASE-00143972 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 2569 | Coppola v. Coppola, 243 Conn. 657 | 307A+560 | As a preliminary matter, we note that the requirement of " 52"46a to return process in civil actions to the clerk of the Superior Court at least six days before the return date8 is mandatory and failure to comply with its requirements renders the proceeding voidable, rather than void, and subject to abatement. Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 433, 559 A.2d 1110 (1989). "[O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." Rana v. Ritacco, 236 Conn. 330, 339, 672 A.2d 946 (1996). | Once action has been brought by service of process on defendant, trial court may thereafter dismiss action for failure to return service of process within mandated time period. C.G.S.A. S 52-46a. | "Once action has been brought by service of process on defendant, can a trial court thereafter dismiss the action for failure to return service of process within the mandated time period?" | Pretrial Procedure - Memo # 6737 - C - SHB.docx | ROSS-003288459-ROSS-003288460 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 2570 | In re Gosnell, 234 Mich. App. 326 | 307A+560 | However, we do not believe that dismissal of the action was justified on this basis. Defects in service of process will generally not warrant dismissal "unless the service failed to inform the defendant of the action within the time provided in these rules for service." MCR 2.105(J)(3); In re Gordon Estate, 222 Mich.App. 148, 157"158, 564 N.W.2d 497 (1997). Defendant here was served with the complaint for an order of superintending control. Therefore, we conclude that the circuit court did not err in refusing to dismiss the complaint on this basis. | Defects in service of process will generally not warrant dismissal unless the service failed to inform the defendant of the action within the time provided in court rules for service. MCR 2.105(J)(3). | Will defects in service of process generally not warrant dismissal unless the service failed to inform the defendant of the action within the time provided in court rules for service? | 034518.docx | LEGALEASE-00143903-LEGALEASE-00143904 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 2571 | Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty., 301 S.W.3d 196 | 307A+552 | We have determined that the mandates of the Constitution of Tennessee and the interests of the parties are best served by holding that the burden of persuading a court that a case has become moot as a result of the voluntary cessation of the challenged conduct is and remains on the party asserting that the case is moot. However, when the party asserting that the case has become moot based on the cessation of its own conduct is a government entity or official, the court may, if justified by the circumstances of the case, require the opposing party to demonstrate why the proceeding should not be dismissed for mootness. | When the party asserting that the case has become moot based on the cessation of its own conduct is a government entity or official, the court may, if justified by the circumstances of the case, require the opposing party to demonstrate why the proceeding should not be dismissed for mootness. | Can court require the opposing party to demonstrate why the proceeding should not be dismissed for mootness when the party asserting that the case has become moot? | 034594.docx | LEGALEASE-00144500-LEGALEASE-00144501 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 2572 | State ex rel. Charleston Area Med. Ctr. v. Kaufman, 197 W. Va. 282 | 307A+560 | A circuit court exceeds its jurisdiction if it purports to reinstate a civil action, which was dismissed under the provisions of Rule 4(l ) of the West Virginia Rules of Civil Procedure, under the authority of Rule 41(b), and prohibition will lie with respect to such an order. Dismissal under Rule 4(l ) of the West Virginia Rules of Civil Procedure is mandatory in a case in which good cause for the lack of service is not shown, and a plaintiff whose case is subject to dismissal for noncompliance with Rule 4(l ) has two options to avoid the consequence of the dismissal: (1) To timely show good cause for not having effected service of the summons and complaint, or (2) to refile the action before any time defenses arise and timely effect service under the new complaint. | Plaintiff whose case is subject to dismissal for noncompliance with Rule of Civil Procedure governing dismissal of action for failure to timely serve has two options to avoid consequence of dismissal: to timely show good cause for not having effected service of summons and complaint; or to refile action before any time defenses arise and timely effect service under new complaint. Rules Civ.Proc., Rule 4(l). | Is dismissal mandatory in a case in which good cause for lack of service is not shown? | 034620.docx | LEGALEASE-00144358-LEGALEASE-00144359 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 2573 | Perotti v. Ferguson, 454 N.E.2d 951 | 307A+746 | This court's holding today, that before a trial court may dismiss a case with prejudice for failure to appear at a pre-trial conference in accordance with a local court rule, notice of the dismissal must be given to plaintiff's counsel pursuant to the provisions of Civ.R. 41(B)(1), is in accordance with the spirit of Civ.R. 41(B)(1). As noted in McCormac, Ohio Civil Rules Practice (1983 Cum.Supp.) 118, Section 13.07, the purpose of this notice requirement is to give a party an opportunity to obey the order. Indeed, upon notification of the intended dismissal, appellant could have corrected the defect, proceeded with the action, or dismissed the action voluntarily, this dismissal being without prejudice. | Before trial court may dismiss case with prejudice for failure to appear at pretrial conference in accordance with local court rule, notice of dismissal must be given to plaintiff's counsel, and if plaintiff is appearing pro se, to plaintiff himself. Rules Civ.Proc., Rule 41(B)(1). | "Before a trial court can dismiss a case with prejudice for failure to appear at a pretrial conference, must notice of dismissal be given to the plaintiff's counsel?" | 034632.docx | LEGALEASE-00145046-LEGALEASE-00145047 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 2574 | Tliche v. Van Quathem, 66 Cal. App. 4th 1054 | 307A+596 | Therefore, there are at least two limitations or restrictions on the trial court's power to dismiss an action for noncompliance with local rules: (1) dismissal is inappropriate if the noncompliance was the responsibility counsel alone, rather than the party (Code Civ. Proc., " 575.2, subd. (b); Garcia v. McCutchen, supra, 16 Cal.4th at p. 481, 66 Cal.Rptr.2d 319, 940 P.2d 906); and (2) dismissal is appropriate only if less severe sanctions would be ineffective (Gov.Code, " 68608, subd. (b)).] | There are at least two limitations or restrictions on trial court's power to dismiss action for noncompliance with local fast track rules: (1) dismissal is inappropriate if noncompliance was responsibility of counsel alone, rather than the party, and (2) dismissal is appropriate only if less severe sanctions would be ineffective. West's Ann.Cal.C.C.P. S 575.2(b); West's Ann.Cal.Gov.Code S 68608(b). | Can the trial court strike out a pleading or dismiss an action as a penalty for noncompliance with its order? | 10872.docx | LEGALEASE-00094248-LEGALEASE-00094249 | Condensed, SA, Sub | 0.19 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2575 | Healer v. Kansas City Pub. Serv. Co., 251 S.W.2d 66 | 307A+563 | Section 510.140 provides in part: "For failure of the plaintiff to prosecute or to comply with this code or any order of court, a defendant may move for dismissal of an action or of any claim against him." (Italics ours.) Thus, if the trial court in this case possessed the judicial power to order plaintiff to sign a deposition within 30 days, the trial court, by virtue of Section 510.140, clearly had jurisdiction to adjudge dismissal of plaintiff's case for failure to comply with that order. Crispin v. St. Louis Public Service Co., supra, 237 S.W.2d 155[1]; Carr, Mo.Civ.Proc., " 799, p. 831 (Discussion). But jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by Section 510.140, presupposes an order lawfully made, one which was within the judicial power of the court to enter. | Jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by statute presupposes an order lawfully made. Section 510.140 RSMo 1949, V.A.M.S. | "Does jurisdiction to dismiss for failure to comply with an order of the court, whether by inherent power or by authority conferred by statute, presuppose an order lawfully made?" | Pretrial Procedure - Memo # 7118 - C - SS_57792.docx | ROSS-003281375-ROSS-003281376 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2576 | Farmers' & Mechanics' Nat. Bank v. Dearing, 91 U.S. 29 | 371+2005 | Being such means, brought into existence for this purpose, and intended to be so employed, the States can exercise no control over them, nor in any wise affect their operation, except in so far as Congress may see proper to permit. Any thing beyond this is "an abuse, because it is the usurpation of power which a single State connot give." Against the national will "the States have no power, by taxation or otherwise, to retard, impede, burthen, or in any manner control, the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the General Government." Bank of the United States v. McCulloch, supra; Weston and Others v. Charleston, 2 Pet. 466; Brown v. Maryland, 12 Wheat. 419; Dobbins v. Erie County, id. 419. | States have no power, against the national will, by taxation or otherwise, to retard, impede, burthen, or in any manner control, the operation of the constitutional laws enacted by Congress to carry into execution the powers vested in the General Government. | "Do the states have any power by taxation to impede, burden, or in any manner control the operation of the Constitution and laws enacted by Congress?" | 045776.docx | LEGALEASE-00144517-LEGALEASE-00144518 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 2577 | D. Corso Excavating v. Poulin, 747 A.2d 994 | 413+2 | As we said in Lawrence v. Anheuser"Busch, Inc., 523 A.2d 864, 869 (R.I.1987), the "Legislature is free to enact retrospective legislation as long as it does not impair contractual obligations or interfere with vested rights." Absent the inclusion of unambiguous statutory language that would support a contrary conclusion, the General Assembly's mere enactment of a statutory-benefit scheme does not rise to the level of creating protected-property interests, substantive-vested rights, or enforceable-contractual obligations in the prospective recipients of such benefits until and unless the government has accepted liability for such a claim or has been adjudged liable therefor. Hence, such a retroactive repeal cannot be the subject of a successful due-process, just-compensation, or contract-impairment challenge. | Absent inclusion of unambiguous language that would support contrary conclusion, legislature's enactment of benefits scheme, such as workers' compensation reimbursement benefits, does not rise to level of creating protected property interests, substantive vested rights, or enforceable contractual obligations in prospective recipients until and unless government has accepted liability or has been adjudged liable therefor, and thus, retroactive repeal of scheme cannot be subject of successful due process, just compensation, or contract impairment challenge. U.S.C.A. Const.Amend. 14; Gen.Laws 1956, S 28-37-4 (Repealed). | Is a statutory benefit a property interest or a vested right? | Workers Compensation - Memo #414 ANC.docx | LEGALEASE-00034794-LEGALEASE-00034795 | SA, Sub | 0.24 | 0 | 0 | 1 | 1 | |
| 2578 | United States v. Andrews, 681 F.3d 509 | 63+1(1) | A bribery theory under " 1346 "requires a quid pro quo," Wright, 665 F.3d at 567 (quoting United States v. Kemp, 500 F.3d 257, 281 (3d Cir.2007)), that is, "a specific intent to give or receive something of value in exchange for an official act," id. at 567"68 (quoting United States v. Sun"Diamond Growers of Cal., 526 U.S. 398, 404"05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)). "[A] bribery theory does not require that each quid, or item of value, be linked to a specific quo, or official act. Rather, a bribe may come in the form of a "stream of benefits." " Id. at 568 (quoting United States v. Bryant, 655 F.3d 232, 240"41 (3d Cir.2011)). An honest services fraud prosecution for bribery after Skilling thus requires the Government to prove: (1) that "the payor provided a benefit to a public official intending that he w[ould] thereby take favorable official acts that he would not otherwise take," and (2) that "the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor." Id. (citations omitted). "The quid pro quo can be implicit, that is, a conviction can occur if the Government shows that [the official] accepted payments or other consideration with the implied understanding that he would perform or not perform an act in his official capacity." Id. (quoting Antico, 275 F.3d at 257). | An honest services fraud prosecution for bribery after Skilling requires the government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | What does an honest services fraud prosecution for bribery require the government to prove? | Bribery - Memo #865 - C - LB.docx | ROSS-003290971-ROSS-003290972 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 2579 | Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+560 | The primary purpose of the rule is to prevent "intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run." Segal v. Sacco, 136 Ill.2d 282, 286"87, 144 Ill.Dec. 360, 555 N.E.2d 719 (1990). | The primary purpose of the rule allowing dismissal of action based on plaintiff's failure to exercise due diligence to obtain service on defendant is to prevent intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run. Sup.Ct.Rules, Rule 103(b). | Is the primary purpose of the rule allowing dismissal of action based on a plaintiff's failure to exercise due diligence to obtain service on a defendant? | 034031.docx | LEGALEASE-00145079-LEGALEASE-00145080 | Condensed, SA, Sub | 0.18 | 0 | 1 | 1 | 1 | 1 |
| 2580 | Leach v. BB & T Corp., 232 F.R.D. 545 | 307A+560 | A plaintiff whose claim is subject to dismissal for failure to timely serve has two options to avoid dismissal: (1) to timely show good cause for not having effected service of summons and complaint; or (2) to refile the claim before any time defenses arise and timely effect service under a new complaint. State of West Virginia ex rel. Charleston Area Medical Center, Inc., v. Kaufman, 197 W.Va. 282, 287"88, 475 S.E.2d 374 (1996). The showing of good cause must be substantial and not just a ruse. Id. | Under West Virginia law, plaintiff whose claim is subject to dismissal for failure to timely serve has two options to avoid dismissal: (1) timely show good cause for not having effected service of summons and complaint, or (2) refile the claim before any time defenses arise and timely effect service under new complaint; showing of good cause must be substantial and not just a ruse. W.Va.Rules Civ.Proc., Rule 4(k). | "Does the court rule providing for dismissal of action for untimely service of summons give the court the option of setting an extended time for service even absent a showing of good cause, rather than dismissing outright?" | 034092.docx | LEGALEASE-00145292-LEGALEASE-00145293 | Condensed, SA, Sub | 0.17 | 0 | 1 | 1 | 1 | 1 |
| 2581 | Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | The appellate court in Shieh did not purport to apply section 391.7 in accordance with its terms; indeed, the court expressly noted that in the "ordinary" case, the statute only prohibits new litigation filed in propria persona. (In re Shieh, supra, 17 Cal.App.4th at p. 1167, 21 Cal.Rptr.2d 886.) A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." (Muller v. Tanner (1969) 2 Cal.App.3d 438, 443, 82 Cal.Rptr. 734, quoting from Lincoln v. Didak (1958) 162 Cal.App.2d 625, 629"630, 328 P.2d 498.) That power, exercised after a hearing and upon sufficient factual showing, is a different power than the virtually ministerial power granted by section 391.7, subdivision (c). | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have inherent power, to dismiss an action shown to be sham, in order to prevent abuse of the judicial process?" | Pretrial Procedure - Memo # 6648 - C - NS.docx | ROSS-003331822-ROSS-003331823 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2582 | Woodhead v. Disc. Waterbeds, 78 Wash. App. 125 | 307A+563 | The question remains whether we should reverse the trial court's dismissal for failure of the trial court to consider on the record whether lesser sanctions would have sufficed. We have held that, as a general principle, a trial court must consider on the record whether a lesser sanction would suffice, in addition to making clear on the record whether the factors of willfulness and prejudice are present. See White v. Kent Med. Cntr., Inc., 61 Wash.App. 163, 176, 810 P.2d 4 (1991). In White, however, the trial court had not considered any of these questions on the record. See 61 Wash.App. at 176, 810 P.2d 4. | Trial court must consider on record whether lesser sanction than dismissal for violation of court orders and rule will suffice, in addition to making clear on record whether factors of willfulness and prejudice are present. CR 41. | Should a trial court consider on record whether a lesser sanction will suffice in addition to making clear on record whether factors of willfulness and prejudice are present? | Pretrial Procedure - Memo # 7023 - C - KI.docx | ROSS-003286058-ROSS-003286059 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 2583 | Neal v. Hall, 28 So. 2d 131 | 13+68 | The power of a court to enforce its lawful orders is inherent. But for this power, business before it would often become congested, its functions impaired, and the speedy justice guaranteed by the Constitution to litigants largely denied. Generally, the penalty visited upon a litigant for not complying with a court's order that has to do with procedure is a stay of proceedings or dismissal of his suit as of non-suit. This latter action restores matters to the status occupied before the suit was instituted and leaves the party free to again come into court with his complaint. | A court has inherent power to enforce its lawful orders, and generally the penalty visited upon a litigant for not complying with court's order that has to do with procedure is a stay of proceedings or dismissal of the suit as of non-suit. | Is the penalty visited upon a litigant for not complying with court's order that has to do with procedure a stay of proceedings or dismissal of the suit as of non-suit? | Pretrial Procedure - Memo # 7162 - C - SS.docx | LEGALEASE-00035793-LEGALEASE-00035794 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 2584 | urner v. Marine Inland Transp. Co. 7 So. 3d 75 | 307A+590.1 | As discussed in Turner, supra, La.Code Civ. Pro. Art. 591 requires three things to defeat a motion to dismiss based on abandonment. First, a party must take some "step" in the prosecution or defense of the action; second, this step must be done on the record of the suit except for formal discovery; and third, the "step" must be made within three years of the last "step." A party takes a "step" in the prosecution or defense of the action when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. | Three things are necessary to defeat a motion to dismiss based on abandonment; a party must take some "step" in the prosecution or defense of the action, the step must be done on the record of the suit except for formal discovery, and the "step" must be made within three years of the last "step." LSA-C.C. art. 591. | What are the requirements to defeat a motion to dismiss based on abandonment? | Pretrial Procedure - Memo # 7167 - C - VP.docx | ROSS-003288592-ROSS-003288593 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |
| 2585 | Hinds v. Glob. Int'l Marine, 57 So. 3d 1181 | 307A+590.1 | Dismissal of a lawsuit is the harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court. Any action or step taken in a case to move the case toward judgment should be considered. Dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. Breaux v. Auto Zone, Inc., 2000"1534, p. 3 (La.App. 1 Cir. 12/15/00), 787 So.2d 322, 324, writ denied, 2001"0172 (La.3/16/01), 787 So.2d 316. | Any action or step taken in a case to move the case toward judgment should be considered before granting a motion for dismissal for abandonment; dismissal of those cases in which the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit is not warranted. LSA-C.C.P. art. 561. | Should any action or step taken in a case to move the case toward judgment be considered before granting a motion for dismissal for abandonment? | 035184.docx | LEGALEASE-00145727-LEGALEASE-00145728 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 2586 | Oltmanns v. Oltmanns, 241 N.C. App. 326 | 15A+1724(2) | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of an action; accordingly, if the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. | Is the issue of mootness determined solely by examining facts in existence at the commencement of the action? | Pretrial Procedure - Memo # 7317 - C - SJ.docx | ROSS-003288650 | SA, Sub | 0.04 | 0 | 0 | 1 | 1 | |
| 2587 | Andrews v. Palmas De Majorca Condo., 898 So. 2d 1066 | 307A+563 | A trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a party perpetrates a fraud on the court or willfully refuses to comply with a court order. We share that inherent authority. See Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992); see also Fla. R.App. P. 9.410. | Trial court has inherent authority, within exercise of sound judicial discretion, to dismiss action when party perpetrates fraud on court or willfully refuses to comply with court order. | Does a trial court have inherent authority to dismiss action when a party perpetrates fraud on court or willfully refuses to comply with court order? | 035396.docx | LEGALEASE-00145583-LEGALEASE-00145584 | Condensed, SA | 0.45 | 0 | 1 | 0 | 1 | |
| 2588 | Murphree v. Ziegelmair, 937 S.W.2d 493 | 307A+741 | Unlike the situation in Koslow's, the appellants in this case had no notice that a failure to attend the pre-trial conference could result in an immediate disposition of their case. "A fundamental element of due process is adequate and reasonable notice of proceedings." Green, 857 S.W.2d at 819. Although a trial court has the authority to sanction parties for failure to obey orders, it has no discretion to deprive litigants of the right to due process. We hold that a docket control order must specifically provide notice that a failure to appear at a pre-trial conference may result in dismissal, default, or other sanctions in order to protect the due process rights of the parties. | Due process requires that trial court order specifically provide notice that failure to appear at pretrial conference may result in dismissal, default, or other sanctions before sanctions for nonappearance may be imposed. U.S.C.A. Const.Amend. 14. | "Does due process require that trial court order specifically provide notice that failure to appear at pretrial conference can result in dismissal, default, or other sanctions?" | 035417.docx | LEGALEASE-00145052-LEGALEASE-00145053 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 2589 | Hessmer v. Hessmer, 138 S.W.3d 901 | 307A+563 | Tennessee's trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts. Hodges v. Attorney General, 43 S.W.3d at 921. They have the express authority to dismiss cases for failure to prosecute or for failure to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 41.02(1). These rules permit trial courts, in their discretion, to dismiss complaints on their own motion for failure to prosecute, but this authority should be exercised sparingly and with great care. Harris v. Baptist Mem'l Hosp., 574 S.W.2d 730, 731 (Tenn.1978); see also Link v. Wabash R.R. Co., 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (adopting a similar interpretation for an analogous federal rule). | Civil procedural rule governing involuntary dismissal of actions affords trial courts express authority to dismiss cases for failure to prosecute or for failure to comply with the procedural rules or the orders of the court. Rules Civ.Proc., Rules 41.02(1). | Does civil procedural rule governing involuntary dismissal of actions afford trial courts express authority to dismiss cases for failure to prosecute or for failure to comply with the procedural rules or the orders of the court? | Pretrial Procedure - Memo # 7373 - C - SK.docx | ROSS-003330518-ROSS-003330519 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 2590 | State v. Cumberland & P.R. Co., 40 Md. 22 | 371+2005 | Preliminary to the consideration of these questions, it is proper to say, that the taxing power of the State is of vital importance to it; indeed, so essential is the power, that the very existence of the State depends upon the right to exercise it. All persons and property, therefore, within the jurisdiction of the State are liable to it; and the power is conferred upon the State for the benefit of the entire body politic. The power resides in the State as an attribute of its sovereignity, and the right of the Legislature, as the representatives of the people, to exercise it, should never be questioned, except in plain cases, where, the power is relinquished for valid consideration, or where to prevent its abuse, it has been placed under restriction, either as to the subjects liable to it, or the mode and manner of its exercise. | The power of taxation resides in the State as an attribute of its sovereignty, and the right of the Legislature, as the representatives of the people, to exercise it, should never be questioned, except in plain cases, where the power is relinquished for valid consideration, or where, to prevent its abuse, it has been placed under restriction, either as to the subjects liable to it, or the mode and manner of its exercise. | Can the power of taxation residing in the State be questioned? | 11398.docx | LEGALEASE-00094601-LEGALEASE-00094602 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2591 | Halim v. Great Gatsby's Auction Gallery, 516 F.3d 557 | 25T+182(1) | Factual determinations on which a district court predicates a finding of waiver are reviewed for clear error, while legal questions of whether a party's conduct amounts to waiver are reviewed de novo. Ernst & Young LLP v. Baker O'Neal Holdings, Inc., 304 F.3d 753, 756 (7th Cir.2002). A party may waive a contractual right to arbitrate expressly or implicitly. Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir.2004). Courts must "determine whether based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate." Id. (quoting Ernst & Young, 304 F.3d at 757). Although a variety of factors may be considered, diligence or a lack thereof should weigh heavily in the court's determination of whether a party implicitly waived its right to arbitrate. Id. A party does not waive its right to arbitrate a dispute by filing a motion to dismiss or a motion to transfer venue. Id. at 726"27. | Although a variety of factors may be considered, diligence or a lack thereof should weigh heavily in the court's determination of whether a party implicitly waived its right to arbitrate. | Is diligence or a lack thereof weighed heavily by the courts in determining whether a party implicitly waived its right to arbitrate? | 10733.docx | LEGALEASE-00094807-LEGALEASE-00094809 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2592 | Ward v. Housman, 809 S.W.2d 717 | 307A+563 | But also, considering the overall merits of the matter, the ruling was improvident. In ruling on a motion for involuntary dismissal, the trial court must take care in analyzing the circumstancesand must justify the extreme action of depriving the parties of their trial. Scarborough v. Eubanks, 747 F.2d 871 (3rd Cir.1984), gives a worthwhile guideline for analysis of these situations under Fed.R.Civ.P. 41(b), which is our counterpart rule on the federal side. Considering whether a case should be dismissed for dilatory conduct of counsel, it would be well for our trial courts to consider the Scarborough case and these relevant factors:1) the extent of the party's personal responsibility;2) the history of dilatoriness;3) whether the attorney's conduct was willful and in bad faith;4) meritoriousness of the claim;5) prejudice to the other party, and6) alternative sanctions. | In ruling on motion for involuntary dismissal as sanction for party's failure to comply with scheduling order of court, trial court carefully examine circumstances which justify extreme action of depriving parties of their trial, including: extent of party's personal responsibility for noncompliance; history of dilatoriness; whether noncompliance was willful and in bad faith; meritoriousness of claim; prejudice to other party; and alternative sanctions. Rules Civ.Proc., Rule 41.02(1). | "In ruling on a motion for involuntary dismissal as sanction for party's failure to comply with scheduling order of court, should a trial court carefully examine circumstances which justify extreme action of depriving parties of their trial?" | 034917.docx | LEGALEASE-00146779-LEGALEASE-00146780 | Condensed, SA, Sub | 0.44 | 0 | 1 | 1 | 1 | 1 |
| 2593 | D.C. v. Serafin, 617 A.2d 516 | 267+66 | The trial court has authority to dismiss an action when a plaintiff fails to comply with an order of the court. Super.Ct.Civ.R. 41(b); Massengale v. 3M Business Products Sales, Inc., 504 A.2d 574, 579 (D.C.1985); LaPrade v. Lehman, 490 A.2d 1151, 1155 (D.C.1985). Dismissal is an extreme sanction which should be granted only sparingly or in extraordinary circumstances. Hackney v. Sheeskin, 503 A.2d 1249, 1253 (D.C.1986); LaPrade, 490 A.2d at 1155. Dismissal under the rule is reviewable for an abuse of discretion. Techniarts Video, Inc. v. 1631 Kalorama Associates, 572 A.2d 1051, 1054 (D.C.1990); Hackney, 503 A.2d at 1253. Because dismissal is such an extreme sanction and because of the principle preferring trial on the merits, the trial court's exercise of discretion must be undertaken with care and consistent with well-established standards. Techniarts, 572 A.2d at 1054; LaPrade, 490 A.2d at 1155. In exercising its discretion under the rule, the trial court should consider first other lesser sanctions. Techniarts, 572 A.2d at 1054. The sanction must also be tailored to the circumstances it is designed to address. Among the factors which the trial court should consider are: (1) the nature of the party's conduct, including whether it was willful; (2) the length of any delay in complying with the court's order; (3) the reasons for the delay; and (4) any prejudice to the opposing party. Hackney, 503 A.2d at 1253. Dismissal should not be imposed where the failure of a party to comply with the order is inadvertent or excusable. In re C.S. Crawford & Co., 423 F.2d 1322, 1325 (9th Cir.1970). Applying these principles, we consider whether the trial court abused its discretion in dismissing this case. | Among factors which trial court should consider when determining sanction to apply for failure to comply with court order are nature of party's conduct, including whether it was willful, length of any delay in complying with court's order, reason for delay, and any prejudice to opposing party. Civil Rule 41(b). | "In determining whether to dismiss as sanction for failure to prosecute or to comply with superior court order, should an inquiry include whether conduct calling for sanctions was willful?" | 034941.docx | LEGALEASE-00146803-LEGALEASE-00146805 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 2594 | Util. Workers Union of Am., Local 69, AFL-CIO v. Pub. Util. Comm'n, 859 A.2d 847 | 307A+552 | A moot case will be dismissed unless at least one of the following exceptions exists. First, the conduct at issue is likely to be repeated but will necessarily escape judicial review. Second, there is a great public interest in the resolution of the controversy. Third, one party will suffer a substantial detriment if the controversy is not judicially resolved.Musheno, 829 A.2d at 1232. The case sub judice meets none of these exceptions. | A moot case will be dismissed unless at least one of the following exceptions exists: (1) the conduct at issue is likely to be repeated but will necessarily escape judicial review, (2) there is a great public interest in the resolution of the controversy, or (3) one party will suffer a substantial detriment if the controversy is not judicially resolved. | Under what exceptions will a moot case not be dismissed? | 10894.docx | LEGALEASE-00094187-LEGALEASE-00094188 | Condensed, SA | 0.19 | 0 | 1 | 0 | 1 | |
| 2595 | Cannon v. United States, 45 F. Supp. 106 | 92+2512 | The plaintiff in the present case did less than the party claiming in the Werner case. The letter written by her attorney was a warning to the Government not to pay the money to another person pending legal proceedings to determine whether the rights of that other were obtained by fraud or undue influence. The recipient of Mr. Pinto's letter was not advised that a present claim was being presented or asserted. Wilson v. United States, 10 Cir., 70 F.2d 176. The burden is on the claimant to show that she or someone else for her had made to the Veterans' Bureau a claim in writing for insurance benefits. Congress alone can prescribe the terms on which the claim for benefits under the World War Veterans' Act 1924 may be recovered, and it is not within the province of the courts to extend or limit a clear expression of these terms. Tyson v. United States, 4 Cir., 76 F.2d 533. See, also, Corn v. United States, 10 Cir., 74 F.2d 438. | Congress alone can prescribe the terms on which a claim for benefits under the War Risk Insurance Act may be recovered, and it is not within the province of the court to extend or limit a clear expression of those terms. World War Veterans' Act of 1924, S 19, as amended, 38 U.S.C.A. S 445. | Can congress prescribe the terms by which a claim for benefits under the World War Veterans' Act 1924 can be recovered? | Armed Services - Memo 301 - RK_57610.docx | ROSS-003295080-ROSS-003295081 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2596 | Vaughan v. Swift Transp. Co., 14-208 (La. App. 5 Cir. 10/29/14), 164 So. 3d 235 | 13+70 | In the instant case, the record reflects that between June 18, 2010 and August 6, 2013, the only filing in the case was Ms. Vaughan's counsel's motion to withdraw on January 20, 2011. The question, then, is whether a motion to withdraw constitutes a step in the prosecution or defense of an action so as to interrupt the tolling of the three-year abandonment period. The jurisprudence holds that "motions to withdraw, enroll or substitute counsel are not considered formal steps in the prosecution as contemplated by La. C.C.P. art. 561."""  London Livery, Ltd. v. Brinks, 08"0230 (La.App. 4 Cir. 12/10/08), 3 So.3d 13, 15. This is because "[s]uch motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment."Paternostro v. Falgoust, 03"2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, 22, writ denied, 04"2524 (La.12/17/04), 888 So.2d 870. | Motions to withdraw, enroll or substitute counsel are not considered formal "steps" in the prosecution or defense of an action, within the meaning of the abandonment statute, because such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps, because they do not hasten the matter to judgment. LSA-C.C.P. art. 561. | Are motions to withdraw or enroll as counsel or to substitute counsel not considered formal steps before the court in the prosecution of the suit? | 034973.docx | LEGALEASE-00147666-LEGALEASE-00147667 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 2597 | Wallace v. Jones, 572 So. 2d 371 | 307A+563 | In addition to the authority granted by 41(b), the power to dismiss an action for want of prosecution is part of a trial court's inherent authority. Link v. Wabash RR Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Gonzalez v. Firestone Tire & Rubber Co, 610 F.2d 241 (5th Cir.1980); Watson v. Lillard, 493 So.2d 1277 (Miss.1986). Moreover, dismissal for failure to comply with an order of the district court is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. McGowan v. Faulkner Concrete Pipe, 659 F.2d 554, 558 (5th Cir.1981); Trakas v. Quality Brands, Inc., 759 F.2d 185, 187 (D.C.Cir.1985). This is so because dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. Rogers v. Kroger Co., 669 F.2d 317 (5th Cir.1982). | Dismissal for failure to comply with order of district court is appropriate only when there is clear record of delay or contumacious conduct and lesser sanctions would not serve best interest of justice. Rules Civ.Proc., Rule 41(b). | Is a dismissal for failure to comply with an order of a district court appropriate only when there is a clear record of delay or contumacious conduct? | Pretrial Procedure - Memo # 7083 - C - NS_57510.docx | ROSS-003325560-ROSS-003325561 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 2598 | Scallan v. Marriott Intl, 995 So. 2d 1066 | 307A+46 | Here, both the trial court's order of dismissal and its final judgment in favor of Marriott lack any findings of willful noncompliance on Ms. Scallan's part. Such a finding is generally required. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990) (holding that trial court may dismiss complaint as sanction for failing to comply with discovery requirements, but order of dismissal must contain explicit finding of willful noncompliance). In discussing the necessity of a written order with findings, the Florida Supreme Court held: The dismissal of an action based on the violation of a discovery order will constitute an abuse of discretion where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard. Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation. While no "magic words" are required, the trial court must make a "finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard."Ham v. Dunmire, 891 So.2d 492, 495-96 (Fla.2004) (citing Commonwealth Fed. Sav. & Loan Ass'n, 569 So.2d 1271). Although a trial court has discretion to dismiss a complaint for noncompliance with a court order, "it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that [an order for dismissal] should contain an explicit finding of willful noncompliance."Commonwealth Fed. Sav. & Loan Ass'n, 569 So.2d at 1273. | Although a trial court has discretion to dismiss a complaint for noncompliance with a court's discovery order, it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that it has been determined that an order for dismissal should contain an explicit finding of willful noncompliance. | "While a trial court undoubtedly has discretion after due consideration of the relevant factors to dismiss a complaint for noncompliance with a court order, should the dismissal order contain explicit findings of willful noncompliance?" | 10087.docx | LEGALEASE-00095211-LEGALEASE-00095212 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 2599 | D.C. v. Serafin, 617 A.2d 516 | 307A+563 | Because dismissal is such an extreme sanction and because of the principle preferring trial on the merits, the trial court's exercise of discretion must be undertaken with care and consistent with well-established standards. Techniarts, 572 A.2d at 1054; LaPrade, 490 A.2d at 1155. In exercising its discretion under the rule, the trial court should consider first other lesser sanctions. Techniarts, 572 A.2d at 1054. | Because dismissal for failure to comply with court order is such an extreme sanction and because of principle preferring trial on merits, trial court's exercise of discretion must be undertaken with care and consistent with well-established standards. Civil Rule 41(b). | "Because dismissal for failure to comply with court order is such an extreme sanction, should a trial court's exercise of discretion be undertaken with care and consistent with well-established standards?" | 10969.docx | LEGALEASE-00094559-LEGALEASE-00094560 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 2600 | Cotten v. Briley, 517 S.W.3d 177 | 307A+581 | When, as here, the trial court does not state the basis for its dismissal, we will affirm its decision on the basis of any legal theory supported by the record. Historic Lufkin, 2013 WL 3270884, at; Olivas, 323 S.W.3d at 274. It is undisputed that the dismissal was not a result of the Cottens' failure to appear at a hearing or trial. Therefore, we will examine the dismissal under the trial court's inherent power and Rule 165a(2). Under its inherent power to dismiss a case, the trial court may look at the entire history of the case, including the length of time the case has been on file, the extent of activity or inactivity, whether a trial setting has been requested, and the reasons for not prosecuting the case. Olivas, 323 S.W.3d at 274; Rampart Capital Corp. v. Maguire, 974 S.W.2d 195, 197 (Tex. App."San Antonio 1998, pet. denied). Under Rule 165a(2), the Supreme Court's Rules of Judicial Administration provide that the trial court "should, so far as reasonably possible, ensure that" its civil nonjury cases are brought to trial or final disposition within twelve months from appearance date, and its civil jury cases within eighteen months from appearance date. Tex. R. Jud. Admin. 6.1(b), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 2013). The Supreme Court has held that "[a]bsent any reasonable explanation for the delay," a trial court abuses its discretion when it disregards the conclusive presumption of abandonment that arises under its Rules of Judicial Administration and does not dismiss the case for want of prosecution. Conner, 458 S.W.3d at 535. | Under its inherent power to dismiss a case for want of prosecution, the trial court may look at the entire history of the case, including the length of time the case has been on file, the extent of activity or inactivity, whether a trial setting has been requested, and the reasons for not prosecuting the case. | "Can the court look at the entire history of the case, under its power to dismiss a case for want of prosecution?" | 035722.docx | LEGALEASE-00147427-LEGALEASE-00147428 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2601 | Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | A motion to dismiss brought pursuant to section 2"619(a)(9) of the Code allows for the involuntary dismissal of a complaint when the "claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2"619(a)(9) (West 2010). When proceeding under section 2"619 of the Code, the legal sufficiency of the complaint is admitted. Doe A. v. Diocese of Dallas, 234 Ill.2d 393, 396, 334 Ill.Dec. 649, 917 N.E.2d 475 (2009). All pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. Porter v. Decatur Memorial Hospital, 227 Ill.2d 343, 352, 317 Ill.Dec. 703, 882 N.E.2d 583 (2008). "Once a defendant satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is "unfounded or requires the resolution of an essential element of material fact before it is proven." " Reilly v. Wyeth, 377 Ill.App.3d 20, 36, 315 Ill.Dec. 428, 876 N.E.2d 740 (2007) (quoting Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993)). We review the circuit court' determination of a section 2"619 motion to dismiss using the de novo standard of review. Czarobski v. Lata, 227 Ill.2d 364, 369, 317 Ill.Dec. 656, 882 N.E.2d 536 (2008). | Once a defendant satisfies the initial burden of presenting affirmative matter, in moving for dismissal under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619. | "Once the burden shifts to plaintiff, can he establish that the defense requires the resolution of an essential element of material fact before it is proven?" | 11092.docx | LEGALEASE-00094271-LEGALEASE-00094272 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 2602 | Toney v. Freeman, 600 So. 2d 1099 | 307A+590.1 | In deciding whether the activity here, a status order and the defendant's response, constitutes record activity sufficient to withstand a motion to dismiss, we begin by noting that not every action taken in a case is sufficient to prevent dismissal under the rule. Record activity must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla.1972). | "Record activity" sufficient to preclude dismissal for lack of prosecution must be more than mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | Should record activity sufficient to preclude dismissal for failure to prosecution be more than a mere passive effort to keep the case on the docket? | 11181.docx | LEGALEASE-00094695-LEGALEASE-00094696 | Condensed, SA | 0.46 | 0 | 1 | 0 | 1 | |
| 2603 | People v. Patterson, 2012 IL App (1st) 101573 | 352H+224 | Illinois's rape shield law (725 ILCS 5/115"7(a) (West 2008)) bars evidence of the past sexual history of an alleged sexual assault victim, except (1) as evidence of the alleged victim's prior consent to sexual conduct with the defendant, offered to show consent, or (2) when the constitution requires the court to admit the evidence. The trial court has discretion to decide evidentiary issues, and we will reverse the trial court's decision only if it has abused its discretion. People v. Santos, 211 Ill.2d 395, 401, 286 Ill.Dec. 102, 813 N.E.2d 159 (2004). | Rape shield law bars evidence of the past sexual history of an alleged sexual assault victim, except (1) as evidence of the alleged victim's prior consent to sexual conduct with the defendant, offered to show consent, or (2) when the constitution requires the court to admit the evidence. S.H.A. 725 ILCS 5/115-7(a). | Will rape shield laws bar the admission of a victim's sexual history? | 042950.docx | LEGALEASE-00147924-LEGALEASE-00147925 | Condensed, SA | 0.43 | 0 | 1 | 0 | 1 | |
| 2604 | Wray v. State, 474 S.W.3d 230 | 352H+190 | It is worth noting that the plea record included the police report where Wray admitted involvement in a sexual situation with the victim and admitted feeling bad about his contact with the victim. That Wray would now have us believe that he did not understand "sexual contact" to mean contact of a sexual (as opposed to innocent) nature defies credulity. "Because direct proof of the requisite mental state for the crime of child molestation is seldom available, the existence of such intent is usually inferred from circumstantial evidence and the permissible inferences that can be drawn therefrom." Wagoner v. State, 240 S.W.3d 159, 166 (Mo. App. S.D. 2007). "The inferences drawn from the evidence by the motion court were reasonable and were sufficient to establish a factual basis for [Wray's] guilty plea." Id. | Because direct proof of the requisite mental state for the crime of child molestation is seldom available, the existence of such intent is usually inferred from circumstantial evidence and the permissible inferences that can be drawn therefrom. | Can intent for the crime of child molestation be inferred from circumstantial evidence if direct proof of mental state is not available? | 042963.docx | LEGALEASE-00147950-LEGALEASE-00147951 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 2605 | Lopez v. Howe, 259 F. 401 | 24+211 | The right of Congress to exclude or to expel aliens, or any class of aliens, absolutely or upon conditions, in war or in peace has been declared by the Supreme Court an inherent and an inalienable right of every sovereign and independent nation. | The right of Congress to exclude or expel aliens, or any class of aliens, absolutely or upon conditions, in war or in peace, is an inherent and inalienable right of every sovereign and independent nation, which may be exercised entirely through executive officers. | Is the right to exclude or to expel aliens an inherent and inalienable right of every sovereign and independent nation? | Aliens_Immigration and_1BOqhjUxdL-Kl8FwLwU-J1pW9AvYcBR3J.docx | ROSS-000000286-ROSS-000000287 | SA, Sub | 0.07 | 0 | 0 | 1 | 1 | |
| 2606 | Cabinetree of Wisconsin v. Kraftmaid Cabinetry, 50 F.3d 388 | 25T+182(2) | We have said that invoking judicial process is presumptive waiver. For it is easy to imagine situations"they have arisen in previous cases"in which such invocation does not signify an intention to proceed in a court to the exclusion of arbitration. Miller v. Drexel Burnham Lambert, Inc., 791 F.2d 850, 854 (11th Cir.1986) (per curiam); Dickinson v. Heinold Securities, Inc., 661 F.2d 638, 641"42 (7th Cir.1981). There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run. Some issues might be arbitrable, and others not. The shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed. We need not try to be exhaustive. It is enough to hold that while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded. Envirex, Inc. v. K.H. Schussler f"r Umwelttechnik GmbH, 832 F.Supp. 1293, 1296 (E.D.Wis.1993); see also Gilmore v. Shearson/American Express, Inc., 811 F.2d 108, 113 (2d Cir.1987).In such a case prejudice to the other party, the party resisting arbitration, should weigh heavily in the decision whether to send the case to arbitration, as should the diligence or lack thereof of the party seeking arbitration"did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration? | While normally decision to proceed in judicial forum is waiver of arbitration, variety of circumstances may make case abnormal, and then district court should find no waiver or should permit previous waiver to be rescinded. | Should the court find no waiver or permit a previous waiver to be rescinded when a variety of circumstances may make the case abnormal? | Alternative Dispute Resolution - Memo 782 - RK.docx | LEGALEASE-00037921-LEGALEASE-00037923 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2607 | Rosenbaum & Mendel v. Thomas, 8 Tenn. App. 89 | 83E+618(2) | We are of the opinion that the provision contained in section 186 of the Uniform Negotiable Instrument Law, is in effect, declaratory of the common law or the law merchant, and that the words "within a reasonable time", should be construed to mean within a reasonable time after the check is received under all the facts and circumstances and recognized banking usage and custom. Clearing houses are of comparatively recent origin in the development of banking in the various cities of the states where there are numerous banks located in the same city. The clearing house is intended to facilitate banking and commercial business. The importance and necessity for the banks of a city to employ the clearing house as an agency for the uniform and the convenient method of obtaining daily settlements of balances between the various banks, is obvious, and has become a recognized institution and custom. Usually and customarily the clearing house of member banks in a city is charged with the duty to clear or balance daily the claims of the respective banks, one against the other, resulting from the checks drawn upon the banks and held by the different members. Business and commercial institutions of a city receive the checks of customers and patrons, and it is the general custom to deposit the checks so received by a business concern with the bank with which it carries its banking account, whether the checks are drawn on that bank or other banks, and these checks are deposited for collection, and if they are not paid by the bank on which the same may be drawn, they are charged back to the account of the customer depositing same for collection. It is also the general custom of the banks to pass all such checks through the local clearing house. This facilitates banking business. | In an action involving the payment of a check where it was insisted that the drawer was not liable because the check was not presented to the bank next day after it was drawn, held that the provision contained in Section 186 of the Uniform Negotiable Instruments Law, is in effect, declaratory of the common law or the law merchant, and that the words "within a reasonable time," should be construed to mean within a reasonable time after the check is received under all the facts and circumstances and recognized banking usage and custom. | Is Negotiable Instrument Law a declaratory of law merchant? | Bills and Notes -Memo 629-DB_57864.docx | ROSS-003297370-ROSS-003297371 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 2608 | United States v. Leyva, 282 F.3d 623 | 63+1(1) | Here, the plain language of " 201(b)(2)(B) requires only that the public official accept a thing of value in exchange for perpetrating a fraud. The absence of any official act requirement is particularly pointed in light of explicit "official act" or "official duty" language in other subsections of " 201. See " 201(a)(3) (defining "official act"); " 201(b)(1)(A) (prohibiting paying an official "with intent to influence any official act"); " 201(b)(2)(A) (prohibiting an official from accepting payment in return for "the performance of any official act"); " 201(b)(1)(C) and (2)(C) (prohibiting giving or receiving value to induce acts in violation of the "lawful" or "official" duty of a public official); see also Gozlon"Peretz v. United States, 498 U.S. 395, 404, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted) (alteration in original)). Although the plain meaning of " 201(b)(2)(B) may not square with Leyva's personal understanding of bribery, application of the subsection as it stands does not lead to an unreasonable or impracticable result. We therefore hold that the use of an official position is not an element of the offense under " 201(b)(2)(B). | Use of an official position was not an element of bribery offense; plain language of statute required only that the public official accept a thing of value in exchange for perpetrating a fraud, and absence of any official act requirement was particularly pointed in light of explicit "official act" or "official duty" language in other subsections of statute. 18 U.S.C.A. S 201(b)(2)(B). | Is the use of an official position to perform an official act an element of the offense of bribery? | 012013.docx | LEGALEASE-00148486-LEGALEASE-00148487 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 2609 | Mouledous v. Poirier, 221 So. 2d 291 | 156+3(1) | While a judicial confession under LSA-C.C. art. 2291 is defined as a declaration which a party makes in a judicial proceeding and is full proof against him, he is not estopped from contradicting his sworn allegations in the absence of a showing that his adversary was misled or deceived by reason of the averment. De Maupassant v. Clayton, 214 La. 812, 38 So.2d 791; Prieto Lumber Company v. Shoultz, La.App., 111 So.2d 857. The allegations in plaintiff's petition are that defendant owed $1,850.00 for his architectural services in preparing "complete plans and specifications in a good, workmanlike and professional manner." At the time these allegations were made, defendant had in his possession the said plans and had used them to obtain a building permit to construct the building. | Though judicial confessions contained within allegations are full proof against him, party is not estopped from contradicting his sworn allegations in absence of showing that his adversary was misled or deceived by reason of averment. LSA-C.C. art. 2291. | Is a party estopped from contradicting his sworn allegations in the absence of showing that his adversary was misled or deceived by reason of averment? | Estoppel - Memo #14 - C - CSS_58247.docx | ROSS-003292650-ROSS-003292651 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 2610 | Rodolico v. Rubin & Licatesi, P.C., 114 A.D.3d 923 | 307A+561.1 | The Supreme Court also properly denied that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3211(a)(1). A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; see Parkoff v. Stavsky, 109 A.D.3d 646, 970 N.Y.S.2d 817; Benson v. Deutsche Bank Natl. Trust, Inc., 109 A.D.3d 495, 970 N.Y.S.2d 794). Further, the evidence submitted in support of a motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence "must be "documentary" or the motion must be denied" (Cives Corp. v. George A. Fuller Co., Inc., 97 A.D.3d 713, 714, 948 N.Y.S.2d 658, quoting Fontanetta v. John Doe 1, 73 A.D.3d 78, 84, 898 N.Y.S.2d 569 [internal quotation marks omitted]; see Rodolico v. Rubin & Licatesi, P.C., 112 A.D.3d at 610, 977 N.Y.S.2d 264). " "[N]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" " (Cives Corp. v. George A. Fuller Co., Inc., 97 A.D.3d at 714, 948 N.Y.S.2d 658, quoting Granada Condominium III Assn. v. Palomino, 78 A.D.3d 996, 997, 913 N.Y.S.2d 668; see Rodolico v. Rubin & Licatesi, P.C., 112 A.D.3d at 610, 977 N.Y.S.2d 264; Suchmacher v. Manana Grocery, 73 A.D.3d 1017, 900 N.Y.S.2d 686; Fontanetta v. John Doe 1, 73 A.D.3d at 86, 898 N.Y.S.2d 569). | A motion to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a complaint be granted on the ground that a defense is found on documentary evidence? | Pretrial Procedure - Memo # 7590 - C - PC_57798.docx | ROSS-003293456-ROSS-003293457 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2611 | Reilly ex rel. Reilly v. Wyeth, 377 Ill. App. 3d 20 | 307A+683 | Once a defendant satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is "unfounded or requires the resolution of an essential element of material fact before it is proven." Kedzie & 103rd Currency Exchange, Inc., 156 Ill.2d at 116, 189 Ill.Dec. 31, 619 N.E.2d at 735. Because a dismissal under section 2"619(a)(9) resembles the grant of a motion for summary judgment, an appeal from such a dismissal is the same in nature as an appeal following a grant of summary judgment and is afforded de novo review. Kedzie & 103rd Currency Exchange, Inc., 156 Ill.2d at 116, 189 Ill.Dec. 31, 619 N.E.2d at 735 | Once a defendant moving for involuntary dismissal, on grounds that the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(a)(9). | "Does the burden shift to a plaintiff to establish that the defense is unfounded, when a defendant has initially satisfied the burden of presenting an affirmative matter?" | 035782.docx | LEGALEASE-00148256-LEGALEASE-00148257 | Condensed, SA, Sub | 0.35 | 0 | 1 | 1 | 1 | 1 |
| 2612 | Gillars v. United States, 182 F.2d 962 | 384+6 | In Cramer v. United States, supra, 325 U.S. at page 29, 65 S.Ct.at page 932, the Supreme Court has said:" the crime of treason consists of two elements: adherence to the enemy; and rendering him aid and comfort. A citizen intellectually or emotionally may favor the enemy and harbor sympathies or convictions disloyal to this country's policy or interest, but so long as he commits no act of aid and comfort to the enemy, there is no treason. On the other hand, a citizen may take actions which do aid and comfort the enemy- making a speech critical of the government or opposing its measures, profiteering, striking in defense plants or essential work, and the hundred other things which impair our cohesion and diminish our strength- but if there is no adherence to the enemy in this, if there is no intent to betray, there is no treason." | "Treason" consists of two elements, namely, adherence to the enemy, and rendering him aid and comfort, and, hence, a citizen intellectually or emotionally may favor the enemy and harbor sympathies for convictions disloyal to policy or interests of the United States but so long as he commits no act of aid and comfort to the enemy there is no treason, and a citizen may take actions which aid and comfort the enemy, but if there is no adherence to the enemy in that, and there is no intent to betray, there is no treason. U.S.C.A.Const. art. 3, S 3; Act April 30, 1790, 1 Stat. 112. | Is it treason if a citizen intellectually or emotionally favors the enemy? | 047129.docx | LEGALEASE-00148846-LEGALEASE-00148848 | Condensed, SA | 0.3 | 0 | 1 | 0 | 1 | |
| 2613 | Jones v. Multi-Color Corp., 108 Ohio App. 3d 388 | 413+1 | We do not agree with appellees that by virtue of R.C. 4123.01(C)(3), Jones's injury is not in the course of or arising out of employment. If we were to allow this interpretation, which would remove such injuries from the workers' compensation system, employees injured in recreational activities could sue their employers for common-law negligence, and in the event of a fatal injury, dependents could bring wrongful death claims. Such an interpretation is completely at odds with the entire workers' compensation scheme. " * * * The Act [R.C. Chapter 4123] operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability * * *." Blankenship v. Cincinnati Milacron Chemicals, Inc. (1982), 69 Ohio St.2d 608, 614, 23 O.O.3d 504, 508, 433 N.E.2d 572, 577. Further, such an interpretation conflicts with R.C. 4123.74, which furthers the goal of the workers' compensation system by specifically providing immunity to complying employers from common-law liability for "any injury, occupational disease, or bodily condition, received or contracted by an employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition * * *." | Workers' Compensation Act operates as a balance of mutual compromise between interests of employers and employees whereby employees relinquish their common-law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common-law defenses and are protected from unlimited liability. R.C. S 4123.01 et seq. | What do the employees relinquish so the employer can be protected from unlimited liability? | 048350.docx | LEGALEASE-00148725-LEGALEASE-00148726 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 2614 | Eisler v. United States, 170 F.2d 273 | 24+117 | Although he is an alien, appellant stood before the Committee in much the same position as does any citizen of the United States. Once an alien lawfully enters and resides in this country he becomes invested with the rights, except those incidental to citizenship, guaranteed by the Constitution to all people within our borders. See Mr. Justice Murphy, concurring, Bridges v. Wixon, 1945, 326 U.S. 135, 161, 65 S.Ct. 1443, 89 L.Ed. 2103. Correlatively, an alien resident owes a temporary allegiance to the Government of the United States, and he assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens; he is bound to obey all the laws of the country, not immediately relating to citizenship, and is equally amenable with citizens for any infraction of those laws. Carlisle v. United States, 1872, 16 Wall. 147, 21 L.Ed. 426; Leonhard v. Eley, 10 Cir., 1945, 151 F.2d 409, and cases cited therein. The alien resident may be required to make contribution to the support of our Government; in Leonhard v. Eley, supra, and in United States v. Lamothe, 2 Cir., 1945, 152 F.2d 340, it was held that an alien may lawfully be inducted for national defense service in time of war. To continue exemplification of the general lack of discrimination against aliens, it has been held that an alien enemy under criminal prosecution in a United States civil court must be afforded the usual constitutional safeguards. Shinyu Noro v. United States, 5 Cir., 1945, 148 F.2d 696. | Resident alien owes temporary allegiance to government of United States and assumes duties and obligations which do not differ materially from those of native-born or naturalized citizens and is bound to obey all laws of the United States, not immediately relating to citizenship, and is equally amenable with citizens for any infractions of those laws. | Are aliens in the United States bound to obey all the laws of the country? | Aliens_Immigration and_10jUiyM5SortwxlSL EyDI7K52vVKzzie_.docx | ROSS-000000280-ROSS-000000281 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2615 | Johnson v. Sanders, 319 F.Supp. 421 | 92+1354(1) | State may not maintain educational establishment providing secular classes closely integrated with religious instruction, symbols, and observances, even if latter are sole responsibility of private groups, in same buildings during regular school hours.U.S.C.A.Const. Amend. 1. | State may not maintain educational establishment providing secular classes closely integrated with religious instruction, symbols, and observances, even if latter are sole responsibility of private groups, in same buildings during regular school hours. U.S.C.A.Const. Amend. 1. | Can a state provide secular classes during regular school hours? | Education - Memo #104 - C - HJ_58725.docx | ROSS-003283145-ROSS-003283146 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2616 | Hillman v. Weatherly, 14 So. 3d 721 | 307A+690 | This Court has adopted the standard promulgated by the Fifth Circuit for review of dismissals with prejudice for failure to prosecute under Rule 41(b). Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (Miss.1998) (citing Rogers v. Kroger Co., 669 F.2d 317 (5th Cir.1982)). There is no set time limit for the prosecution of an action; a dismissal with prejudice will be affirmed only if there is a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice. Id. at 180-81. The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." Am. Tel. & Tel. Co., 720 So.2d at 181 (quoting Rogers, 669 F.2d at 320). | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | "Is the propriety of a dismissal with prejudice, bolstered by whether the delay was the result of intentional conduct?" | 036474.docx | LEGALEASE-00149173-LEGALEASE-00149174 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 2617 | United Bhd. of Carpenters & Joiners of Am., Local Union No. 2371 v. Merch. Equip. Grp., Div. of MEG Mfg. Corp., 963 N.E.2d 602 | 307A+581 | Courts of review generally balance several factors when determining whether a trial court abused its discretion in dismissing a case for failure to prosecute. These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the degree of personal responsibility on the part of the plaintiff; (4) the degree to which the plaintiff will be charged for the acts of his attorney; (5) the amount of prejudice to the defendant caused by the delay; (6) the presence or absence of a lengthy history of having deliberately proceeded in a dilatory fashion; (7) the existence and effectiveness of sanctions less drastic than dismissal which fulfill the purposes of the rules and the desire to avoid court congestion; (8) the desirability of deciding the case on the merits; and (9) the extent to which the plaintiff has been stirred into action by a threat of dismissal as opposed to diligence on the plaintiff's part. Id. The weight any particular factor has in a particular case appears to depend upon the facts of that case. Id. However, a lengthy period of inactivity may be enough to justify dismissal under the circumstances of a particular case, especially if the plaintiff has no excuse for the delay. Id. Although dismissals are generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear.Beemer v. Elskens, 677 N.E.2d 1117, 1119 (Ind.Ct.App.1997), reh'g denied, trans. denied; Lee v. Friedman, 637 N.E.2d 1318, 1321 (Ind.Ct.App.1994). | Although dismissals for failure to prosecute are generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances, the court need not impose a sanction less severe than dismissal where the record of dilatory conduct is clear. Trial Procedure Rule 41(E). | Are dismissals generally viewed in disfavor and considered extreme remedies that should be granted only under limited circumstances? | 036602.docx | LEGALEASE-00149467-LEGALEASE-00149468 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 2618 | Jones v. Rochdale Vill., 96 A.D.3d 1014 | 307A+622 | When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), "the standard is whether the pleading states a cause of action," and, in considering such a motion, "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v. Leader, 74 A.D.3d 1180, 1180"1181, 904 N.Y.S.2d 153 [internal quotation marks omitted]; see Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). When the moving party submits evidentiary material in support of his or her motion, "the criterion then becomes "whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" " (Sokol v. Leader, 74 A.D.3d at 1181"1182, 904 N.Y.S.2d 153, quoting Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). However, "a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" " (Sokol v. Leader, 74 A.D.3d at 1182, 904 N.Y.S.2d 153, quoting Guggenheimer v. Ginzburg, 43 N.Y.2d at 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). | Motion to dismiss for failure to state a cause of action must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it. McKinney's CPLR 3211(a)(7). | Should a motion to dismiss for failure to state a cause of action be denied unless it can be said that no significant dispute exists regarding it? | 036744.docx | LEGALEASE-00150045-LEGALEASE-00150046 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 2619 | Moses v. Dirghangi, 430 S.W.3d 371 | 307A+622 | When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to an examination of the complaint alone. See Wolcotts Fin. Serv., Inc. v. McReynolds, 807 S.W.2d 708, 710 (Tenn.Ct.App.1990). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. See Cornpropst v. Sloan, 528 S.W.2d 188 (Tenn.1975). Although allegations of pure legal conclusion will not sustain a complaint, see Ruth v. Ruth, 213 Tenn. 82, 372 S.W.2d 285, 287 (1963), a complaint "need not contain in minute detail the facts that give rise to the claim," so long as the complaint does "contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." Donaldson v. Donaldson, 557 S.W.2d 60, 61 (Tenn.1977); White v. Revco Discount Drug Centers, 33 S.W.3d 713, 718, 725 (Tenn.2000); accord, Givens v. Mullikin ex rel. McElwaney, 75 S.W.3d 383, 391, 399, 403"404 (Tenn.2002). In short, a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted, and such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. Bell ex rel. Snyder v. Icard, 986 S.W.2d 550, 554 (Tenn.1999). | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted seeks only to determine whether the pleadings state a claim upon which relief can be granted, and challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. Rules Civ.Proc., Rule 12.02(6). | Does a motion to dismiss based upon the rule governing motions to dismiss for failure to state a claim require a court to determine if the pleadings state a claim upon which relief can be granted? | 036799.docx | LEGALEASE-00150039-LEGALEASE-00150040 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2620 | Prof'l Exec. Ctr. v. LaSalle Nat. Bank, 211 Ill. App. 3d 368 | 307A+622 | To state a cause of action, a complaint must be both legally and factually sufficient; it must set forth a legally recognized claim as its basis for recovery and must plead facts which bring the claim within the legally recognized cause of action alleged.Failure to meet both requirements mandates dismissal of the complaint. (Sider v. Outboard Marine Corp. (1987), 160 Ill.App.3d 290, 299, 112 Ill.Dec. 35, 40, 513 N.E.2d 449, 454.) All facts properly pleaded are taken as true (Anderson Electric Inc. v. Ledbetter Erection Corp. (1986), 115 Ill.2d 146, 148, 104 Ill.Dec. 689, 690, 503 N.E.2d 246, 247); however conclusions of law or fact unsupported by allegations of specific fact upon which the conclusions rest are not admitted as truth. Stuart Town Homes Corp. v. Rosewell (1988), 176 Ill.App.3d 59, 63"64, 125 Ill.Dec. 637, 640, 530 N.E.2d 1046, 1049. | To state cause of action, complaint must be both legally and factually sufficient; complaint must set forth legally recognized claim as its basis for recovery and must plead facts which bring claim within legally recognized cause of action alleged, and failure to meet both requirements mandates dismissal of complaint. | "To survive a motion to dismiss for the failure to state a cause of action, should a complaint be both legally and factually sufficient?" | 036918.docx | LEGALEASE-00149949-LEGALEASE-00149950 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 2621 | Glynne v. Wilson Med. Ctr., 236 N.C. App. 42 | 307A+622 | On appeal from an order granting or denying a motion filed pursuant to N.C. Gen.Stat. " 1A"1, Rule 12(b)(6), we review the pleadings de novo " "to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." " Page v. Lexington Ins. Co., 177 N.C.App. 246, 248, 628 S.E.2d 427, 428 (2006) (quoting Leary v. N.C. Forest Prods., Inc., 157 N.C.App. 396, 400, 580 S.E.2d 1, 4, aff'd, 357 N.C. 567, 597 S.E.2d 673 (2003)). A complaint is properly subject to dismissal pursuant to N.C. Gen.Stat. " 1A"1, Rule 12(b)(6) when " "one of the following three conditions is satisfied: (1) the complaint ... reveals that no law supports the plaintiff's claim; (2) the complaint ... reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." " Burgin, 181 N.C.App. at 512, 640 S.E.2d at 428"29 (quoting Wood v. Guilford Cty., 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002)). As a result, "[a] statute of limitations can be the basis for dismissal on a [motion made pursuant to N.C. Gen.Stat. " 1A"1, Rule 12(b)(6) ] if the face of the complaint discloses that plaintiff's claim is so barred." Long v. Fink, 80 N.C.App. 482, 484, 342 S.E.2d 557, 559 (1986). | A complaint is properly subject to dismissal for failure to state a claim when one of the following three conditions is satisfied: (1) the complaint reveals that no law supports the plaintiff's claim; (2) the complaint reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Is a complaint properly subject to dismissal when one of the three conditions is satisfied? | Pretrial Procedure - Memo # 8342 - C - NS_58854.docx | ROSS-003307328-ROSS-003307329 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 2622 | Kyocera Corp. v. Hemlock Semiconductor, 313 Mich. App. 437 | 307A+622 | We review a trial court's grant of summary disposition de novo. Spiek v. Dep't of Transp., 456 Mich. 331, 337, 572 N.W.2d 201 (1998)."MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted." Spiek, 456 Mich. at 337, 572 N.W.2d 201; MCR 2.116(G)(5). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." Maiden v. Rozwood, 461 Mich. 109, 119, 597 N.W.2d 817 (1999) (citation and quotation marks omitted). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." Id. However, unsupported statements of legal conclusions are insufficient to state a cause of action. ETT Ambulance Serv. Corp. v. Rockford Ambulance, Inc., 204 Mich.App. 392, 395, 516 N.W.2d 498 (1994). | Summary disposition tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. MCR 2.116(C)(8). | Does a summary disposition under MCR 2.116(C)(8) test the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief can be granted? | 036655.docx | LEGALEASE-00150504-LEGALEASE-00150505 | Order, SA | 0.81 | 1 | 0 | 0 | 1 | |
| 2623 | Highland Paving Co. v. First Bank, 227 N.C. App. 36 | 307A+622 | The claims of breach of contract and quantum meruit are normally pled in the alternative, since some of the allegations required for one claim are contrary to those required for the other; if there is a valid and enforceable contract, quantum meruit is not appropriate, and vice versa. See Catoe v. Helms Const. & Concrete Co., 91 N.C.App. 492, 498, 372 S.E.2d 331, 335"36 (1988) (observing that recovery on an express contract theory precludes recovery in quantum meruit where both claims are based on the same subject matter). Yet we will construe the allegations of the complaint liberally and treat them as alternatively pled instead of as a contradiction within the allegations. See Block, 141 N.C.App. at 277, 540 S.E.2d at 419 ("The complaint must be liberally construed...."); N.C. Gen.Stat. " 1A"1, Rule 8(e)(1) (2011) ("No technical forms of pleading or motions are required."). "While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give the substantive elements of a legally recognized claim or it may be dismissed under Rule 12(b)(6)." Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 205, 367 S.E.2d 609, 612 (1988) (citation omitted). | While concept of notice pleading is liberal in nature, complaint must nonetheless state enough to give substantive elements of legally-recognized claim, or it may be dismissed for failure to state a claim upon which relief can be granted. Rules Civ.Proc., Rules 8(e)(1), 12(b)(6), West's N.C.G.S.A. S 1A-1. | "While concept of notice pleading is liberal in nature, should a complaint nonetheless state enough to give substantive elements of a legally-recognized claim?" | Pretrial Procedure - Memo # 8208 - C - NS_58783.docx | ROSS-003280896-ROSS-003280897 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2624 | Rainbow Home Health v. Schmidt, 76 S.W.3d 53 | 307A+581 | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to Tex.R. Civ. P. 165a(1); (2) when the case has not been disposed of within the Supreme Court's time standard pursuant to Tex.R. Civ. P. 165a(2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. See Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630 (Tex.1999). Here, the failure to appear is not a possible ground to affirm the order. While there is no record from the hearing, there is no allegation and there is no evidence that Appellants failed to appear for the hearing. Therefore, the Court must decide if the trial court's order of dismissal is supported by two other bases (1) the failure to prosecute the case with diligence or (2) the failure to dispose of the case within the Texas Supreme Court's standard. Because we conclude that the trial court did not abuse its discretion in dismissing the case for failure to prosecute with due diligence, we do not address whether the dismissal was proper for failing to comply with the Texas Supreme Court's time standard. | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial; (2) when the case has not been disposed of within the Supreme Court's time standard; and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1, 2). | Can court dismiss a case when a party fails to appear at a hearing or trial? | 036760.docx | LEGALEASE-00150088-LEGALEASE-00150089 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2625 | Jenkins v. Tucker, 18 So. 3d 265 | 307A+581 | Dismissals for want of prosecution should be employed reluctantly, and while "[t]here is no set time limit for the prosecution of an action ... where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld." Vosbein v. Bellias, 866 So.2d 489, 493(Miss.Ct.App.2004) (quoting Watson, 493 So.2d at 1279).The supremecourt has propounded three factors for an appellate court to consider in reviewing dismissals under Rule 41(b): (1) whether the conduct of the plaintiff can be considered contumacious or dilatory; (2) whether lesser sanctions could be applied; and (3) other aggravating factors. Am. Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181-82 (Miss.1998). While contumacious or dilatory conduct may be sufficient to support affirmance, factors other than delay are typically present when a dismissal with prejudice under Rule 41(b) is upheld. Cox, 976 So.2d at 874-75. | Dismissals for want of prosecution should be employed reluctantly, and while there is no set time limit for the prosecution of an action where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct, or has repeatedly disregarded the procedural directives of the court, such a dismissal is likely to be upheld. Rules Civ.Proc., Rule 41(b). | "Should the court first look to see if there is a record of dilatory or contumacious conduct by the plaintiff, in analyzing the dismissal of a case for lack of prosecution?" | 036890.docx | LEGALEASE-00150144-LEGALEASE-00150145 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 2626 | Harvard Crimson v. President And Fellows Of Harvard Coll., 445 Mass. 745 | 307A+622 | The purpose of rule 12(b)(6) is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient. See General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584, 602 N.E.2d 1085 (1992); Fabrizio v. Quincy, 9 Mass.App.Ct. 733, 734, 404 N.E.2d 675 (1980). In evaluating the allowance of a motion to dismiss, we are guided by the familiar principle that a complaint is sufficient "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Nader v. Citron, 372 Mass. 96, 98, 360 N.E.2d 870 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45"46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The allegations set forth in the complaint, as well as such reasonable inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true. See Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429, 583 N.E.2d 228 (1991), and cases cited | Purpose of motion to dismiss for failure to state a claim upon which relief can be granted is to permit prompt resolution of a case where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient. Rules Civ.Proc., Rule 12, 43A M.G.L.A.(b)(6). | Is dismissal for failure to state a claim upon which relief can be granted appropriate where the allegations in the complaint clearly demonstrate that the plaintiff's claim is legally insufficient? | Pretrial Procedure - Memo # 8378 - C - KS.docx | LEGALEASE-00040274-LEGALEASE-00040275 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 2627 | Wooley v. Schaffer, 447 S.W.3d 71 | 30+3281 | In conducting our review, similar to the analogous situations discussed above, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. In doing so, we apply the fair notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. See Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim."); see also Bart Turner & Assocs. v. Krenke, No. 3:13"CV"2921"L, 2014 WL 1315896, at (N.D.Tex. Mar. 31, 2014) (applying Texas's fair notice pleading standard to determine wheth | In reviewing grant of a motion to dismiss a cause of action on the ground that it has no basis in law or in fact, Court of Appeals applies the fair notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. Vernon's Ann.Texas Rules Civ.Proc., Rule 91a. | "On a motion to dismiss a baseless cause of action, do courts apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action?" | Pretrial Procedure - Memo # 8381 - C - KS_58892.docx | ROSS-003278573-ROSS-003278574 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 2628 | Maxum Foundations v. Salus Corp., 779 F.2d 974 | 25T+182(2) | When, as here, the third-party action does not involve additional discovery or procedural burdens for the original plaintiff, the mere filing of a third-party complaint by a party that seeks arbitration will not permit a court to find that the right to arbitrate has been waived. In general, the third-party claim will not have resulted in "actual prejudice" to the party opposing arbitration. Maxum has certainly suffered no substantial prejudice by the imposition of the third-party claim in this case. 8201 filed its motion to dismiss as part of its answer, and never took an active part in the litigation. Maxum was not required to conduct additional discovery because of 8201's temporary presence as a party, nor was it inconvenienced by any discovery efforts of 8201, which was neither an initiator nor a subject of any discovery. | Where a third-party action does not involve additional discovery or procedural burdens for the original plaintiff, mere filing of a third-party complaint by a party that seeks arbitration will not permit a court to find that the right to arbitrate has been waived. | Does the filing of a third-party complaint by a party that seeks arbitration permit a court to find that the right to arbitrate has been waived? | Alternative Dispute Resolution - Memo 794 - RK_59479.docx | ROSS-003305813-ROSS-003305814 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 2629 | Kirkland v. Bailey, 115 Ga. App. 726 | 241+29(2) | Written exhibit showing a "loan" had been made and stating that writing was a "note" was a promissory note and was not barred by statute of limitations governing actions upon open accounts, even though word "promissory" was not expressly included, as the promise could be implied. | Written exhibit showing a "loan" had been made and stating that writing was a "note" was a promissory note and was not barred by statute of limitations governing actions upon open accounts, even though word "promissory" was not expressly included, as the promise could be implied. Code, S 3-706. | Should a promissory note expressly contain the word promissory to imply promise? | 010366.docx | LEGALEASE-00151088-LEGALEASE-00151089 | SA, Sub | 0.08 | 0 | 0 | 1 | 1 | |
| 2630 | Dixon v. 105 W. 75th St. LLC, 148 A.D.3d 623 | 307A+679 | Dismissal of a complaint pursuant to CPLR 3211(a)(1) is only appropriate wherethe documentary evidence presented conclusively establishes a defense to the plaintiff's claims as a matter of law (Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511 [1994]). The documents submitted must be explicit and unambiguous (see Bronxville Knolls v.Webster Town Ctr. Partnership, 221 A.D.2d 248, 248, 634 N.Y.S.2d 62 [1st Dept.1995]).In considering the documents offered by the movant to negate the claims inthe complaint, a court must adhere to the concept that the allegations in the complaint are presumed to be true, and that the pleading is entitled to all reasonable inferences (see Leon, 84 N.Y.2d at 87-88, 614 N.Y.S.2d 972, 638N.E.2d 511). However, while the pleading is to be liberally construed, the court is not required to accept as true factual allegations that are plainly contradicted by documentary evidence (Robinson v. Robinson, 303 A.D.2d 234, 235, 757 N.Y.S.2d 13 [1st Dept. 2003] ). | In considering the documents offered by the movant to negate the claims in the complaint, a court must adhere to the concept that the allegations in the complaint are presumed to be true, and that the pleading is entitled to all reasonable inferences; however, while the pleading is to be liberally construed, the court is not required to accept as true factual allegations that are plainly contradicted by documentary evidence. McKinney's CPLR 3211(a)(1). | "In considering the documents offered by the movant to negate the claims in the complaint, should a court adhere to the concept that the allegations in the complaint are presumed to be true?" | Pretrial Procedure - Memo # 8444 - C - NS_59143.docx | ROSS-003279380-ROSS-003279381 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2631 | Guinn v. Hoskins Chevrolet, 361 Ill. App. 3d 575 | 307A+679 | Illinois law requires that a plaintiff present a legally and factually sufficient complaint. Kumar v. Bornstein, 354 Ill.App.3d 159, 164"65, 290 Ill.Dec. 100, 820 N.E.2d 1167 (2004). When reviewing the sufficiency of a complaint, the court must accept as true all well-pleaded facts and all reasonable inferences that can be drawn from those facts. Vitro, 209 Ill.2d at 81, 282 Ill.Dec. 335, 806 N.E.2d 632. However, we may disregard legal and factual conclusions unsupported by allegations of fact. Kumar, 354 Ill.App.3d at 165, 290 Ill.Dec. 100, 820 N.E.2d 1167. It is the court's duty to determine, considering the allegations of the complaint in the light most favorable to the plaintiffs, whether the allegations are sufficient to state a cause of action upon which relief may be granted.Borowiec v. Gateway 2000, Inc., 209 Ill.2d 376, 382, 283 Ill.Dec. 669, 808 N.E.2d 957 (2004). The complaint should not be dismissed unless it is clearly apparent that the plaintiffs could prove no set of facts that would entitle them to relief. Borowiec, 209 Ill.2d at 382, 283 Ill.Dec. 669, 808 N.E.2d 957. We review the trial court's decision on a motion to dismiss de novo (Neade v. Portes, 193 Ill.2d 433, 439, 250 Ill.Dec. 733, 739 N.E.2d 496 (2000)) and may affirm on any basis or ground for which there is a factual basis in the record regardless of the trial court's reasoning. Colmar, Ltd. v. Fremantlemedia North America, Inc., 344 Ill.App.3d 977, 994, 280 Ill.Dec. 72, 801 N.E.2d 1017 (2003). | On motion to dismiss, it is the court's duty to determine, considering the allegations of the complaint in the light most favorable to the plaintiffs, whether the allegations are sufficient to state a cause of action upon which relief may be granted. | In determining whether allegations of complaint are sufficient to state a cause of action should a court view allegations of a complaint in light most favorable to a plaintiff? | 037204.docx | LEGALEASE-00150900-LEGALEASE-00150901 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 2632 | Dalley v. Dykema Gossett, 287 Mich. App. 296 | 307A+679 | Plaintiff challenges the circuit court's grant of summary disposition in favor of defendants regarding all five counts of his complaint. This Court reviews de novo a circuit court's summary disposition ruling. Walsh v. Taylor, 263 Mich.App. 618, 621, 689 N.W.2d 506 (2004). A court may grant summary disposition under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings. Corley v. Detroit Bd. of Ed., 470 Mich. 274, 277, 681 N.W.2d 342 (2004).When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. Maiden v. Rozwood, 461 Mich. 109, 119, 597 N.W.2d 817 (1999). A party may not support a motion under subrule (C)(8) with documentary evidence such as affidavits, depositions, or admissions. Patterson v. Kleiman, 447 Mich. 429, 432, 526 N.W.2d 879 (1994). Summary disposition on the basis of subrule (C)(8) should be granted only when the claim "is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." Kuhn v. Secretary of State, 228 Mich.App. 319, 324, 579 N.W.2d 101 (1998). | When deciding a motion for summary disposition for failure to state a claim upon which relief can be granted, the court accepts all well pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party. MCR 2.116(C)(8). | "In a motion for summary disposition, are all well-pleaded factual allegations accepted as true and construed in a light most favorable to the nonmovant?" | 037226.docx | LEGALEASE-00151104-LEGALEASE-00151105 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2633 | THI of New Mexico at Vida Encantada v. Lovato, 848 F. Supp. 2d 1309 | 25T+182(2) | There is "no set rule as to what constitutes a waiver or abandonment of the arbitration agreement." Id. at 772. The Tenth Circuit, however, has instructed that a party should not be permitted to demand arbitration where it has waived its right to arbitrate in the narrow sense of waiver, i.e., where there has been an "intentional relinquishment or abandonment of a known right." Id. at 773. Further, "[a]n important consideration in assessing waiver is whether the party now seeking arbitration is improperly manipulating the judicial process." Id. Evidence of such manipulation includes "a delay in suggesting arbitration until substantial discovery has been completed, ... or until the eve of trial." Id. at 774. Another important consideration is whether ordering arbitration would be inefficient, such as where there has already been substantial progress in the litigation, where trial is imminent, or where there has been a substantial use of discovery procedures. Id. "The final consideration in the waiver analysis is prejudice to the party opposing arbitration." Id. | An important consideration in assessing waiver of the right to arbitration is whether the party now seeking arbitration is improperly manipulating the judicial process; evidence of such manipulation includes a delay in suggesting arbitration until substantial discovery has been completed, or until the eve of trial. | Is a delay in suggesting arbitration until substantial discovery has been completed evidence of manipulation of the judicial process? | 008008.docx | LEGALEASE-00151471-LEGALEASE-00151472 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 2634 | Hopkins Auto. Equip. Co. v. Lyon, 59 Ga. App. 468 | 83E+741 | Prior to the adoption of the uniform negotiable instruments law, an irregular indorser, or an accommodation indorser, who merely wrote his name thereon to guarantee payment and whose signature was not necessary to transfer title, was surety and not liable on the paper as indorser and unless such signature was under seal his liability thereunder was barred after the lapse of six years. Mitchell v. Graham, 27 Ga.App. 60, 61, 107 S.E. 373. Since the adoption of the uniform negotiable instruments law, a person so signing the instrument is deemed to be an indorser unless he clearly indicates his purpose by appropriate words to be bound in some other capacity. This Court in Massell v. Prudential Insurance Company, 57 Ga.App. 460, 196 S.E. 115, 116, said: "An accommodation indorser, one who places his signature, without more, on the back of a note to give credit to the instrument, although formerly a surety, is, under the provisions of the Negotiable Instruments Law as adopted in this state, Acts 1924, p. 126, Code 1933, " 14"101 et seq., an indorser in the legal sense of the word, and not a surety." It was there held that such a person was entitled to notice and protest just the same as any other so called technical indorser. We think it follows in this case that in a legal sense R. F. Lyon is an endorser on this note and as such the same bar of the statute is applicable to him as is applicable to the maker of the instrument. It has been formerly held that such an irregular indorser was a surety, but under the plain language of the section, in order for it to appear prima facie that he is not an indorser he must clearly indicate by appropriate words his intention to be bound in some other capacity than that of indorser. | Prior to adoption of Negotiable Instruments Law "irregular indorser" or "accommodation indorser" who merely wrote name on note to guarantee payment and whose signature was not necessary to transfer title was "surety" not liable as "indorser," and liability was barred after lapse of 6 years unless signature was under seal. Code 1933, SS 14-604, 14-605. | What was the situation prior to the adoption of the uniform negotiable instruments law? | 009713.docx | LEGALEASE-00151754-LEGALEASE-00151755 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2635 | Mazzei v. Kyriacou, 98 A.D.3d 1088 | 307A+679 | "A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (CPLR 3211[b]; see Galasso, Langione & Botter, LLP v. Liotti, 81 A.D.3d 880, 882, 917 N.Y.S.2d 664). "[W]hen moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is "without merit as a matter of law" " (Greco v. Christoffersen, 70 A.D.3d 769, 771, 896 N.Y.S.2d 363, quoting Vita v. New York Waste Servs., LLC, 34 A.D.3d 559, 559, 824 N.Y.S.2d 177). "In reviewing a motion to dismiss an affirmative defense, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference" (Fireman's Fund Ins. Co. v. Farrell, 57 A.D.3d 721, 723, 869 N.Y.S.2d 597). The Supreme Court should have granted those branches of the plaintiff's motion which were to dismiss the first, second, fourth, first-numbered fifth, sixth, twelfth, fourteenth, and fifteenth affirmative defenses, as those defenses were without merit as a matter of law (see CPLR 3211[b]; Galasso, Langione & Botter, LLP v. Liotti, 81 A.D.3d at 882, 917 N.Y.S.2d 664; Greco v. Christoffersen, 70 A.D.3d at 771, 896 N.Y.S.2d 363; Vita v. New York Waste Servs., LLC, 34 A.D.3d at 559, 824 N.Y.S.2d 177; Fireman's Fund Ins. Co. v. Farrell, 57 A.D.3d at 723, 869 N.Y.S.2d 597). | In reviewing a motion to dismiss an affirmative defense as meritless, the court must liberally construe the pleadings in favor of the party asserting the defense and give that party the benefit of every reasonable inference. McKinney's CPLR 3211(b). | "In reviewing a motion to dismiss an affirmative defense as meritless, should the court liberally construe the pleadings in favor of the party asserting the defense?" | 037559.docx | LEGALEASE-00152339-LEGALEASE-00152340 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 2636 | Fleischmann v. Wausau Bus. Ins. Co., 671 N.E.2d 473 | 307A+680 | When a trial court determines whether a claim should be dismissed for lack of subject matter jurisdiction, it may consider the pleadings, affidavits and any other evidence submitted. Perry, 637 N.E.2d at 1287. In addition, the court may weigh the evidence to determine if the requisite jurisdictional facts exist and to resolve factual disputes. Id. at 1286"87. | In determining whether claim should be dismissed for lack of subject-matter jurisdiction, trial court may weigh evidence to determine if requisite jurisdictional facts exist and to resolve factual disputes. | "In determining whether claim should be dismissed for lack of subject-matter jurisdiction, can a trial court weigh evidence to determine if requisite jurisdictional facts exist?" | Pretrial Procedure - Memo # 8817 - C - SJ.docx | LEGALEASE-00042243-LEGALEASE-00042244 | Condensed, SA | 0.43 | 0 | 1 | 0 | 1 | |
| 2637 | Lumry v. State, 49 Kan. App. 2d 276 | 307A+624 | But Kansas adheres to notice pleading. In other words, a pleading is sufficient if it contains "[a] short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." K.S.A. 2012 Supp. 60"208(a). Substance will prevail over form. Baska v. Scherzer, 283 Kan. 750, 755, 156 P.3d 617 (2007). A plaintiff is not required to categorize causes of action or cite statutory authority or common-law bases for the suit. Golden v. Den"Mat Corporation, 47 Kan.App.2d 450, 461, 276 P.3d 773 (2012). In fact, when faced with a motion to dismiss for failure to state a claim, the court must decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine. Nungesser v. Bryant, 283 Kan. 550, 559, 153 P.3d 1277 (2007). A rule of liberal construction applies when judging whether a claim has been stated. Montoy v. State, 275 Kan. 145, 148, 62 P.3d 228 (2003). The petition is not intended to govern the entire course of the case. Berry v. National Medical Services, Inc., 292 Kan. 917, 918, 257 P.3d 287 (2011). | When faced with a motion to dismiss for failure to state a claim, the court must decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine. West's K.S.A. 44-1202(a), 44-1210(b). | "When faced with a motion to dismiss for failure to state a claim, should the court decide whether facts state a claim as espoused by the plaintiff or on any other possible theory the court can divine?" | Pretrial Procedure - Memo # 8842 - C - PB_59840.docx | ROSS-003282447-ROSS-003282449 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 2638 | Collura v. L & E Concrete Pumping, 454 Pa. Super. 572 | 307A+581 | The doctrine of non pros has developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics. Mudd v. Nosker Lumber, Inc., 443 Pa.Super. 483, 662 A.2d 660 (1995) (citation omitted). By the same respect, however, a defendant will not be allowed to intentionally prejudice a plaintiff in the prosecution of a case. Id. at 489"93, 662 A.2d at 663"64. The Appellants assert that on December 9, 1992, their counsel requested that L & E produce the truck involved in Mr. Collura's accident in order to allow their expert to review it and prepare an expert report for use at trial. L & E responded to this request by informing Appellants that the truck had been sold in October of 1992. The Colluras claim that L & E has "unclean hands" for intentionally selling the truck used in the accident in order to prevent Appellants from successfully prosecuting their case. | Doctrine of non pros has developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics; by same respect, however, defendant will not be allowed to intentionally prejudice plaintiff in prosecution of case. | Has doctrine of non pros developed in order to ensure that plaintiffs do not take advantage of defendants through dilatory tactics? | 037897.docx | LEGALEASE-00152203-LEGALEASE-00152204 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 2639 | City of Houston v. Thomas, 838 S.W.2d 296 | 307A+581 | This assertion assumes that Tex.R.Civ.P. 165a(2) is the only authority for dismissing cases for want of prosecution, when, in fact, there are three. A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or trial, rule 165a(1); (2) when the case has not been disposed of within the supreme court's time standards, rule 165a(2); and (3) by the court's inherent power to dismiss when the case has not been prosecuted with due diligence. Veteran's Land Board v. Williams, 543 S.W.2d 89, 90 (Tex.1976) ("[r]ule 164a is not the exclusive authority by which the trial court derives its authority or discretion to dismiss a cause of action.... We have held that a court has the inherent power to dismiss a suit for failure to prosecute it with due diligence even without statutory or rule authority."); Ozuna v. Southwest Bio"Clinical Laboratories, 766 S.W.2d 900, 901 (Tex.App."San Antonio 1989, writ denied). Rule 165a(4) quite clearly states that the dismissal procedure described therein is "cumulative of the rules and laws governing any other procedures available." | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or trial; when case has not been disposed of within Supreme Court's time standard; and by court's inherent power to dismiss when case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4; Judicial Administration Rules, V.T.C.A., Government Code Title 2, Subtitle F App., Rule 6b(2). | Can the court dismiss a case for want of prosecution by court's inherent power to dismiss when the case has not been prosecuted with due diligence? | Pretrial Procedure - Memo # 9149 - C - KI_60094.docx | ROSS-003282275-ROSS-003282276 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2640 | Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | In his first point of error, Appellant maintains that the trial court abused its discretion in dismissing his case without first providing notice of its intent to dismiss. A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or at trial, (2) when the case has not been disposed of within the supreme court's guidelines, and (3) when a case has not been prosecuted with due diligence.City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.App."Houston [1st Dist.] 1992, no writ). The trial court's authority to dismiss is derived both from Tex.R.Civ.P. 165 and its own inherent powers. City of Houston at 297. When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. Hosey v. County of Victoria, 832 S.W.2d 701, 704 (Tex.App."Corpus Christi 1992, no writ). If that delay is not sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed. Id. The trial court is required to provide litigants with notice of its intent to dismiss. Id. at 705. | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | Can the court dismiss a case for want of prosecution by court's inherent power to dismiss when the case has not been prosecuted with due diligence? | 038319.docx | LEGALEASE-00152668-LEGALEASE-00152669 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 2641 | Becky v. Norwest Bank Dillon, N.A., 245 Mont. 1 | 307A+581 | The district court is accorded broad discretion to determine whether a cause of action should be dismissed for the failure of the party seeking relief to prosecute. The court's decision to dismiss for failure to prosecute will be overturned only upon a showing of abuse of discretion. Shackelton, 207 Mont. at 101, 672 P.2d at 1114-15; Cremer v. Braaten, 151 Mont. 18, 19-20, 438 P.2d 553, 554 (1968); State Savings Bank v. Albertson, 39 Mont. 414, 420-21, 102 P. 692, 694 (1909). However, because dismissal of an action is a harsh remedy, the district court's discretion is not unlimited. Courts "exist primarily to afford a forum to settle litigable matters between disputing parties." Brymerski v. City of Great Falls, 195 Mont. 428, 431-32, 636 P.2d 846, 848 (1981) (quoting Farber v. Green Shoe Mfg. Co., 42 Colo.App. 255, 596 P.2d 398 (1979)). Therefore, the district court must balance the concerns of judicial efficiency embodied in Rule 41(b), M.R.Civ.P., against a party's right to meaningful access to the judicial system. Timber Tracts, Inc. v. Fergus Elec. Co-op., Inc., 231 Mont. 40, 43, 753 P.2d 854, 856 (1988). | In determining whether to dismiss for failure to prosecute, trial court must balance the concerns of judicial efficiency embodied in applicable rule against a party's right to meaningful access to the judicial system. Rules Civ.Proc., Rule 41(b). | Should court balance the concerns of judicial efficiency embodied in applicable rule against a party's right to meaningful access to the judicial system in determining whether to dismiss for failure to prosecute? | 038335.docx | LEGALEASE-00152698-LEGALEASE-00152699 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2642 | Cavalier ex rel. Cavalier v. Caddo Par. Sch. Bd., 403 F.3d 246 | 92+3278(4) | Strict scrutiny review under Equal Protection Clause applied to school board's race-conscious admission policy; to pass strict scrutiny review, school board had to demonstrate that the use of race in its current admission program employed narrowly tailored measures that furthered compelling governmental interests. U.S.C.A. Const.Amend. 14.Remedying the present effects of past discrimination is a compelling interest that in particular circumstances may justify appropriate use of certain racial classifications under Equal Protection Clause. | Strict scrutiny review under Equal Protection Clause applied to school board's race-conscious admission policy; to pass strict scrutiny review, school board had to demonstrate that the use of race in its current admission program employed narrowly tailored measures that furthered compelling governmental interests. U.S.C.A. Const.Amend. 14. | Can school programs use race as an admission factor? | 016770.docx | LEGALEASE-00153762-LEGALEASE-00153763 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 2643 | Prenger v. Boat Store, 453 S.W.3d 381 | 307A+681 | "In determining whether a petition states a claim upon which relief can be granted, we consider only the well pleaded facts of the petition [,]" and give the pleading "its broadest intendment[.]" Brown, 873 S.W.2d at 678. | In determining whether a petition states a claim upon which relief can be granted, a court considers only the well pleaded facts of the petition and gives the pleading its broadest intendment. | "In determining whether a petition states a claim upon which relief can be granted, does a court consider only the well pleaded facts of the petition and gives the pleading its broadest intendment?" | Pretrial Procedure - Memo # 9082 - C - KI_60763.docx | ROSS-003283134-ROSS-003283135 | SA, Sub | 0.13 | 0 | 0 | 1 | 1 | |
| 2644 | Bond v. Messerman, 391 Md. 706 | 228+183 | The defense of lack of personal jurisdiction ordinarily is collateral to the merits and raises questions of law. Beyond Systems, Inc. v. Realtime Gaming Holding Co., LLC, 388 Md. 1, 11"12, 878 A.2d 567, 573"74 (2005) (citing Judge Paul V. Neimeyer and Linda Shuett, Maryland Rules Commentary 205 (3d ed.2003)). If additional facts are necessary to decide the motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment.Beyond Systems, Inc., 388 Md. at 12 n. 10, 878 A.2d at 574 n. 10 ("This [standard of review] contrasts with the effect of the trial court's consideration of matters outside the pleadings on a motion to dismiss for failure to state a claim upon which relief may be granted under Maryland Rule 2"322(b)"); Neimeyer, supra, at 205. | If additional facts are necessary to decide a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits or other evidence adduced during an evidentiary hearing, without transforming the motion to dismiss into a motion for summary judgment. Md.Rule 322(a). | "When a motion to dismiss is based upon lack of jurisdiction, can the court consider affidavits on the motion to dismiss without converting the motion into a motion for summary judgment?" | 038303.docx | LEGALEASE-00152848-LEGALEASE-00152849 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 2645 | People v. Gagnon, 21 Misc. 3d 594 | 3.77E+12 | The crime of which defendant was convicted here was felony menacing. The specific intent to cause fear of serious bodily injury is the gravamen of this offense. People v. McPherson, 200 Colo. 429, 619 P.2d 38 (1980); " 18"3"206, C.R.S. (1978 Repl.Vol. 8). While it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, People v. Stout, 193 Colo. 466, 568 P.2d 52 (1977), nonetheless what the victim saw or heard, and his reactions thereto, are relevant considerations in determining whether defendant had the requisite intent to place him in fear. Therefore, here, the credibility of Demarest's testimony was crucial, and the opportunity of the defendant to discredit that testimony was an essential part of his case. | Specific intent to cause fear of serious bodily injury is gravamen of offense of felony menacing, C.R.S. 18-3-206; while it is not necessary to prove actual subjective fear on the part of the victim as an element of the offense, what the victim saw or heard and his reactions thereto are relevant considerations in determining whether defendant had the requisite intent to place victim in fear. | What are relevant considerations in determining whether defendant had the requisite intent to place the victim in fear? | Threats - Memo #52 - C - LB_60792.docx | ROSS-003321842-ROSS-003321843 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 2646 | Aldridge v. Francis, 503 S.W.3d 314 | 307A+680 | "[A] motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition." Reynolds v. Diamond Foods & Poultry, Inc., 79 S.W.3d 907, 909 (Mo. banc 2002). We review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 306 (Mo. banc 1993). In so doing, we take a plaintiff's averments as true, liberally grant plaintiff all reasonable inferences and will not weigh the credibility or persuasiveness of facts alleged. Id.; Reynolds, 79 S.W.3d at 909. | On a motion to dismiss for failure to state a claim, the court reviews the petition in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "On a motion to dismiss for failure to state a claim, does the court review the petition in an almost academic manner?" | 038482.docx | LEGALEASE-00154557-LEGALEASE-00154558 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2647 | O'Callaghan v. Satherlie, 2015 IL App (1st) 142152 | 307A+681 | In addition, although section 2"619, like section 2"615, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record. Illinois Graphics Co., 159 Ill.2d at 485, 203 Ill.Dec. 463, 639 N.E.2d 1282. With that said, courts have allowed section 2"619 motions even though the only grounds for dismissal may be a defect on the face of the pleadings. Id. Accordingly, courts allow some overlap between motions filed under section 2"615 and section 2"619. Id.; Murcia v. Textron, Inc., 342 Ill.App.3d 433, 437, 277 Ill.Dec. 105, 795 N.E.2d 773 (2003). A confluence between the two sections exists where an affirmative matter is apparent on the face of the complaint. Illinois Graphics Co., 159 Ill.2d at 486, 203 Ill.Dec. 463, 639 N.E.2d 1282; Storm & Associates, Ltd. v. Cuculich, 298 Ill.App.3d 1040, 1047, 233 Ill.Dec. 101, 700 N.E.2d 202 (1998). | Although the rule providing for dismissal based on defects or defenses, like the rule providing for dismissal on the pleadings, permits attack based on defects on the complaint's face, those defects should be coupled with grounds not appearing of record; however, courts allow some overlap between motions filed under these rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint. S.H.A. 735 ILCS 5/2-615, 5/2-619. | Do courts allow some overlap between motions filed under rules and a confluence between the two rules exists where an affirmative matter is apparent on the face of the complaint? | 038590.docx | LEGALEASE-00154073-LEGALEASE-00154074 | Condensed, SA, Sub | 0.47 | 0 | 1 | 1 | 1 | 1 |
| 2648 | Henderson v. Blalock, 465 S.W.3d 318 | 307A+581 | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. Gantt, 2011 WL 1849085, at; Southwell, 2010 WL 1379987, at No single factor is dispositve. Jimenez v. Transwestern Prop. Co., 999 S.W.2d 125, 129 (Tex.App."Houston [14th Dist.] 1999, no pet.). The central issue is whether the plaintiff exercised due diligence in prosecuting the case, and we review the entire record to determine whether the trial court abused its discretion. Gantt, 2011 WL 1849085, at ; Southwell, 2010 WL 1379987. | A trial court generally will consider four factors in deciding whether to dismiss a case for want of prosecution: (1) the length of time the case has been on file; (2) the extent of activity in the case; (3) whether a trial setting was requested; and (4) the existence of reasonable excuses for the delay. | What are the factors considered by trial court before dismissing case for want of prosecution? | Pretrial Procedure - Memo # 9447 - C - AC_60941.docx | ROSS-003281084-ROSS-003281085 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 2649 | US Chem. Storage v. Berto Constr., 800 S.E.2d 716 | 307A+679 | "The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court." Banc of Am. Sec., LLC v. Evergreen Int'l Aviation, Inc., 169 N.C.App. 690, 693, 611 S.E.2d 179, 182 (2005). "[I]f the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the allegations [in the complaint] can no longer be taken as true or controlling and plaintiff[ ] cannot rest on the allegations of the complaint." Id. (second and third alterations in original) (internal quotation marks omitted). Parker v. Town of Erwin, """ N.C. App. """", """", 776 S.E.2d 710, 720-21 (2015). | If a defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, the allegations in the complaint can no longer be taken as true or controlling and plaintiff cannot rest on the allegations of the complaint. N.C. R. Civ. P. 12(b)(2). | "If a defendant supplements his motion to dismiss for lack of personal jurisdiction with an affidavit or other supporting evidence, can the allegations in the complaint no longer be taken as true or controlling?" | 038914.docx | LEGALEASE-00154388-LEGALEASE-00154389 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 2650 | Seminole Tribe of Florida v. McCor, 903 So. 2d 353 | 307A+685 | A motion to dismiss for lack of subject matter jurisdiction is analogous to a motion to dismiss for lack of personal jurisdiction. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (setting forth process for determining factual issues raised by motion to dismiss for lack of personal jurisdiction). In considering a motion to dismiss challenging subject matter jurisdiction, a trial court may properly go beyond the four corners of the complaint and consider affidavits. See Barnes v. Ostrander, 450 So.2d 1253, 1254 (Fla. 2d DCA 1984) ("Speaking motions with supporting affidavits may be filed in order to attack jurisdiction over the subject matter"); see also Holland v. Anheuser Busch, Inc., 643 So.2d 621, 623 n. 2 (Fla. 2d DCA 1994) (citing Barnes and recognizing that "under certain circumstances a trial court, on a motion to dismiss supported by affidavit, has the authority to decide ultimate issues of fact relating to ... jurisdiction over the subject matter"). | In considering a motion to dismiss challenging subject matter jurisdiction, a trial court may properly go beyond the four corners of the complaint and consider affidavits. | "In considering a motion to dismiss challenging subject matter jurisdiction, can a trial court properly go beyond the four corners of the complaint and consider affidavits?" | Pretrial Procedure - Memo # 9543 - C - NS_61163.docx | ROSS-003319108-ROSS-003319109 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2651 | Nasca v. Sgro, 130 A.D.3d 588 | 307A+685 | "A court is, of course, permitted to consider evidentiary material . in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v. Leader, 74 A.D.3d 1180, 1181, 904 N.Y.S.2d 153), and, if it does so, "the criterion then becomes "whether the proponent of the pleading has a cause of action, not whether he has stated one" " (id. at 1181"1182, 904 N.Y.S.2d 153, quoting Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17)."Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (Dolphin Holdings, Ltd. v. Gander & White Shipping, Inc., 122 A.D.3d at 902, 998 N.Y.S.2d 107 [internal quotation marks omitted]; see Bokhour v. GTI Retail Holdings, Inc., 94 A.D.3d 682, 941 N.Y.S.2d 675). "Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Bokhour v. GTI Retail Holdings, Inc., 94 A.D.3d at 683, 941 N.Y.S.2d 675 [internal quotation marks omitted]; see Sokol v. Leader, 74 A.D.3d at 1182, 904 N.Y.S.2d 153). | A court is permitted to consider evidentiary material in support of a motion to dismiss for failure to state a cause of action, and, if it does so, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one. McKinney's CPLR 3211(a)(7). | Is a court permitted to consider evidentiary material in support of a motion to dismiss for failure to state a cause of action? | 038958.docx | LEGALEASE-00154475-LEGALEASE-00154476 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 2652 | Kowalski-Schmidt v. CLS Mortg., 981 F. Supp. 105 | 170B+2793 | The Second Circuit has stated that "[i]n deciding a pretrial motion to dismiss for lack of personal jurisdiction, a district court has considerable procedural leeway." Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir.1981).[The Court] may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion. | Court may determine pretrial motion to dismiss for lack of personal jurisdiction on basis of affidavits alone, it may permit discovery in aid of motion, or it may conduct evidentiary hearing on motion's merits. Fed.Rules Civ.Proc.Rule 12(b)(2), 28 U.S.C.A. | "Does the trial court have discretion to decide a pretrial motion to dismiss for lack of personal jurisdiction on the basis of affidavits alone, to permit discovery?" | 039277.docx | LEGALEASE-00154791-LEGALEASE-00154792 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |
| 2653 | Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | Open and gross lewdness. "Open and gross lewdness and lascivious behavior" is prohibited by G.L. c. 272, " 16, but the statute does not define the offense. However, decisional law requires proof of five elements to support a conviction, i.e., that the defendant (1) exposed genitals, breasts, or buttocks;(2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so "as to produce alarm or shock"; (5) thereby actually shocking or alarming one or more persons. Commonwealth v. Kessler, 442 Mass. 770, 773 & n. 4, 817 N.E.2d 711 (2004). | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What is required to prove gross lewdness? | 014371.docx | LEGALEASE-00155756-LEGALEASE-00155757 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2654 | Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | Open and gross lewdness. "Open and gross lewdness and lascivious behavior" is prohibited by G.L. c. 272, " 16, but the statute does not define the offense. However, decisional law requires proof of five elements to support a conviction, i.e., that the defendant (1) exposed genitals, breasts, or buttocks;(2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so "as to produce alarm or shock"; (5) thereby actually shocking or alarming one or more persons. Commonwealth v. Kessler, 442 Mass. 770, 773 & n. 4, 817 N.E.2d 711 (2004). | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What is required to prove lascivious behavior? | 014375.docx | LEGALEASE-00155758-LEGALEASE-00155759 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 2655 | Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318 | 156+52(1) | Similarly, the equitable defenses of laches and estoppel remain available to defendants seeking to avoid unfair surprise from the filing of untimely claims by plaintiffs who seek to rely on equitable tolling on the basis of defective notice. "A party asserting the equitable defense of laches must establish both plaintiff's unreasonable lack of diligence under the circumstances in initiating an action, as well as prejudice from such a delay." King v. Innovation Books, 976 F.2d 824, 832 (2d Cir.1992). While the notice regulation and congressional policy are among the circumstances to consider in determining whether plaintiff has shown an unreasonable lack of diligence, they are not the only factors. Thus we are not concerned that our holding will encourage delays of extreme length, such as the delay of over 50 years marshaled in one of appellants' hypotheticals. Also available to defendants in such cases is the doctrine of equitable estoppel, which "is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 725 (2d Cir.2001). The three elements defendants must establish to invoke equitable estoppel are (1) a misrepresentation by the plaintiff, (2) reasonable reliance by the defendant, and (3) prejudice. See id. Silence may in some cases be sufficient to establish a misrepresentation. For example, had Veltri not informed the Fund that he questioned its calculation of his benefit amount until when he filed his complaint eleven years after that amount was initially computed, we would have to decide whether the Fund could rely on equitable estoppel to preclude his claim. However, we need not determine the precise contours of such a defense, as Veltri in fact informed the Fund of his concern within months of the initial determination. The Fund cannot claim to have been unfairly | The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. | Is equitable estoppel proverly invoked where enforcement of the rights of one party would work an injustice upon the other party? | Estoppel - Memo #109 - C - CSS_61676.docx | ROSS-003284711-ROSS-003284712 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |
| 2656 | Dev. Corp. of Palm Beach v. WBC Const., 925 So. 2d 1156 | 106+35 | In Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989), the court explained the procedure to determine whether personal jurisdiction exists. Initially, the plaintiff must allege facts in its complaint showing the basis of the court's jurisdiction.When a defendant challenges jurisdiction, the defendant files a motion to dismiss. If the motion alone is filed, then the defendant merely raises the legal sufficiency of the pleadings. When, however, the defendant files affidavits contesting the factual assertions of jurisdiction or the existence of minimum contacts, the burden then shifts to the plaintiff to file counter-affidavits supporting its position. If those affidavits conflict, then it is incumbent on the trial court to hold a hearing to resolve the conflicts in the evidence and determine the jurisdictional issue. Id. Thus, an evidentiary hearing under Venetian Salami resolves the factual disputes necessary to determine jurisdiction pursuant to section 48.193 as well as whether minimum contacts exist to satisfy due process concerns. | If only the motion to dismiss for lack of personal jurisdiction is filed, then the defendant merely raises the legal sufficiency of the pleadings; when, however, the defendant files affidavits contesting the factual assertions of jurisdiction or the existence of minimum contacts, the burden then shifts to the plaintiff to file counter-affidavits supporting its position. | Can a defendant contest jurisdictional allegation of a complaint or claim a lack of sufficient minimum contacts? | 024569.docx | LEGALEASE-00155851-LEGALEASE-00155852 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 2657 | The Florida Bar v. Greene, 926 So. 2d 1195 | 307A+680 | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. See, e.g., Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla.1983) ("For the purposes of a motion to dismiss ... allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff."). Dismissal may be based on various grounds, including failure of the complainant to abide by the applicable rules of procedure. See, e.g., Fla. Bar v. Rubin, 362 So.2d 12 (Fla.1978). A ruling on a motion to dismiss based on a pure question of law is subject to de novo review. See, e.g., Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000) ("A trial court's ruling on a motion to dismiss based on a question of law is subject to de novo review."). | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | "Is a motion to dismiss designed to test the legal sufficiency of the complaint, not to determine factual issues?" | Pretrial Procedure - Memo # 9001 - C - UG_61350.docx | ROSS-003282960-ROSS-003282961 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 2658 | Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. Opp, 458 N.W.2d at 356; Holmoe, 403 N.W.2d at 31-32; Duncan, 382 N.W.2d at 427; Bradbury, 129 N.W.2d at 542. | Dismissal of cause of action for failure to prosecute should be granted when, after considering all facts and circumstances of particular case, plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Should dismissal of cause of action for failure to prosecute be granted after considering all facts and circumstances of particular case? | 039016.docx | LEGALEASE-00155076-LEGALEASE-00155077 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |
| 2659 | Nash v. Jewell, 227 Va. 230 | 307A+581 | As a general rule, if a plaintiff who is ready and willing to go to trial is brought before the court under the provisions of Code " 8.01-335, and demonstrates an intent to proceed with his case, the court should not discontinue his action. In the present case, Nash had demonstrated that she was ready for trial and had arranged to have a trial date set before Jewell filed his motion for discontinuance. There is nothing in the record to suggest that Nash or her counsel was attempting to mislead the court or evade the court's supervisory control of the litigation. | As a general rule, if plaintiff who is ready and willing to go to trial is brought before the court under provisions of statute allowing court to discontinue any action wherein for more than two years there has been no order or proceeding, and if plaintiff demonstrates intent to proceed with the case, court should not discontinue the action. Code 1950, S 8.01-335, subd. A. | Can court discontinue the action if a plaintiff is ready and willing to go to trial brought before the court under the provisions of Code and demonstrates an intent to proceed with his case? | 039081.docx | LEGALEASE-00155148-LEGALEASE-00155149 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2660 | House v. State of California, 119 Cal. App. 3d 861 | 307A+581 | If the summons has not been served and return made within three years after the commencement of the action, dismissal of the complaint under Code of Civil Procedure section 581a, subdivision (a), is mandatory if the plaintiff fails to prove reasonable diligence in attempting to serve and return summons. (Hocharian v. Superior Court (1981) 28 Cal.3d 714, 721, fn. 3, 170 Cal.Rptr. 790, 621 P.2d 829; see also Kaiser Foundation Hospitals v. Superior Court (1975) 49 Cal.App.3d 523, 527, 122 Cal.Rptr. 432.) Although service and return did not occur within a three-year time frame, appellants invoke one of the implied exceptions to section 581a. They claim that the State is estopped from asserting a three- year provision because it conferred ostensible agency/authority upon the Board. | If summons has not been served and return made within three years after commencement of action, dismissal of complaint is mandatory if plaintiff fails to prove reasonable diligence in attempting to serve and return summons. West's Ann.Code Civ.Proc. S 581a(a). | Is dismissal of complaint mandatory if plaintiff fails to prove reasonable diligence in attempting to serve and return summons? | Pretrial Procedure - Memo # 9677 - C - SB_61578.docx | ROSS-003321548-ROSS-003321549 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 2661 | Suffolk Cty. Water Auth. v. Dow Chem. Co., 44 Misc. 3d 569 | 307A+685 | When faced with a motion to dismiss a complaint pursuant to CPLR " 3211(a)(7) for failure to state a cause of action, the court is required to afford the pleading a liberal construction, accept each and every fact as asserted in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory. Rietschel v. Maimonides Medical Center, 83 A.D.3d 810, 921 N.Y.S.2d 290 (2d Dep't 2011); Hallman v. Kantor, 72 A.D.3d 895, 901 N.Y.S.2d 284 (2d Dep't 2010); Breytman v. Olinville Realty, LLC, 54 A.D.3d 703, 864 N.Y.S.2d 70 (2d Dep't 2008). In assessing a motion under CPLR " 3211(a)(7), a court is free to consider affidavits submitted to aid in support of allowing the complaint to stand, Leon v. Martinez, 84 N.Y.2d 83, 614 N.Y.S.2d 972, 638 N.E.2d 511 (1994); Endless Ocean, LLC v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587, 979 N.Y.S.2d 84 (2d Dep't 2014). | In assessing a motion to dismiss for failure to state a cause of action, a court is free to consider affidavits submitted to aid in support of allowing the complaint to stand. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss for failure to state a cause of action, is a court free to consider affidavits submitted to aid in support of allowing the complaint to stand?" | Pretrial Procedure - Memo # 9836 - C - DA.docx | LEGALEASE-00045315-LEGALEASE-00045316 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 2662 | Ashwood Capital v. OTG Mgmt., 99 A.D.3d 1 | 307A+679 | However, the unjust enrichment claim may arguably extend beyond a claim for services that were owed pursuant to the agreement. Since we have concluded that the parties' rights and obligations under the agreement are limited to activities at Terminal 6, Ashwood's claims relating to Terminal 5 may fall outside the scope of the agreement. On a motion to dismiss we must read the complaint liberally, accept as true the facts alleged, and accord plaintiff the benefit of every possible inference (see 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 151"152, 746 N.Y.S.2d 131, 773 N.E.2d 496 [2002] ). Further, we must consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve "inartfully pleaded, but potentially meritorious, claims" (Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970 [1976] ). Twill's affidavit elaborated on the consulting services that he, as Ashwood's principal, provided to OTG"namely, that he advised OTG to "(a) obtain financing, rather than have Mr. Blatstein continue to give away equity in the company in exchange for funding; (b) replace its first two Chief Financial Officers; and (c) raise the quality of its concessions in order to attract more"and more lucrative"customers." | On a motion to dismiss, a court must read the complaint liberally, accept as true the facts alleged, and accord plaintiff the benefit of every possible inference; further, a court must consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve inartfully pleaded, but potentially meritorious, claims. | "Should a court consider the factual assertions of an affidavit submitted in opposition to the dismissal motion in order to preserve in artfully pleaded, but potentially meritorious, claims?" | Pretrial Procedure - Memo # 9859 - C - MS_61453.docx | ROSS-003278744-ROSS-003278745 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2663 | McAlpin v. Cassidy, 17 Tex. 449 | 308+93 | There is no evidence of any express authority or assent, on the part of the plaintiffs, to any such arrangement; or of any usage of trade, or of any course of dealing between the parties, from which such authority might be implied. There is nothing in the evidence to warrant the belief that the agent had authority to receive payment otherwise than in the ordinary mode of business; and that is, ordinarily, to receive it in money only. (Story on Agency, secs. 98, 99, 181; Robson v. Watts, 11 Tex 764.) There may be circumstances which will vary this duty. But there are none such in this case. The same general principle pervades all cases of agency, whether general or special; that is, that the principal is bound by all the acts of his agent within the scope of the authority which he holds him out to the world to possess. But when the agent exceeds the scope of that authority, no act of his is binding on his principal. A general agency properly exists where there is a delegation of authority to do all acts connected with a particular trade, business or employment. But such an agent can no more bind his principal when he transcends the scope of his employment, than can a special agent whose authority is limited to a single act. Every agency carries with it, or includes in it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, expressed or implied. In each case it embraces the appropriate means to accomplish the desired end, and is limited to the use of those means. If the agency arises by implication from acts done by the agent with the tacit consent or acquiescence of the principal, it is deemed to be limited to acts of a like nature; if from the general habits of dealing between the parties, it is deemed to be limited to dealings of the same kind; if from the employment of the agent in a particular business, it | Every agency includes in it, or carries with it as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created and none other; and in this respect there is no distinction whether the authority given to an agent is general or special, express or implied. In each case, it embraces the appropriate means to accomplish the desired end, and is limited to the use of those means. | Is there any distinction to the powers of an agent if the authority given is general or special? | Principal and Agent - Memo 316 - RK_61914.docx | ROSS-003282320-ROSS-003282321 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2664 | Appeal of Sch. Dist. of City of Allentown, 370 Pa. 161 | 371+2121 | Uniformity requires substantial equality of tax burden. Com. v. Overholt & Co., Inc., 331 Pa. 182, 200 A. 849; Com. v. Repplier Coal Co., 348 Pa. 372, 35 A.2d 319; Moore v. Pittsburgh School District, 338 Pa. 466, 13 A.2d 29. While taxation is not a matter of exact science and perfect uniformity and absolute equality in taxation can rarely ever be attained, Wilson v. City of Philadelphia, 330 Pa. 350, 352, 198 A. 893, the imposition of taxes which are to a substantial degree unequal in their operation or effect upon similar kinds of business or property, or upon persons in the same classification, is prohibited: Cf. Com. v. Overholt & Co., Inc., 331 Pa. 182, 190"191, 200 A. 849; Pollock v. Farmers Loan and Trust Co., 157 U.S. 429, 599, 15 S.Ct. 673, 39 L.Ed. 759. Moreover while reasonable and practical classifications are justifiable, where a formula or method of computing a tax will, in its operation or effect, produce arbitrary or unjust or unreasonably discriminatory results, the constitutional provision relating to uniformity is violated. Turco Paint & Varnish Co. v. Kalodner, 320 Pa. 421, 184 A. 37; Hans Rees' Sons v. State of North Carolina, 283 U.S. 123, 51 S.Ct. 385, 75 L.Ed. 879. | Uniformity requires substantial equality of tax burden, and while taxation is not matter of exact science, and perfect uniformity and absolute equality in taxation can rarely be attained, imposition of taxes which are to substantial degree unequal in their operation or effect upon similar kinds of business or property or upon persons in same classification is prohibited. P.S.Const. art. 9, S 1. | Is perfect uniformity and absolute equality always attained in taxation? | 046077.docx | LEGALEASE-00154954-LEGALEASE-00154955 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 2665 | United States v. Murphy, 84 F. 609 | 221+212 | A combination of a number of men in the United States, with a common intent to proceed in a body to a foreign territory, and engage in hostilities, either by themselves or in co-operation with others, against a power with whom the United States are at peace, constitutes a military expedition, when they actually proceed from the United States, whether they are then provided with arms, or intend to secure them in transit. It is not necessary that all the persons shall be brought in personal contact with each other in the United States, or that they shall be drilled, uniformed, or prepared for efficient service. | A combination of a number of men in the United States, with a common intent to proceed in a body to a foreign territory, and engage in hostilities, either by themselves or in co-operation with others, against a power with whom the United States are at peace, constitutes a military expedition, when they actually proceed from the United States, whether they are then provided with arms, or intend to secure them in transit. It is not necessary that all the persons shall be brought in personal contact with each other in the United States, or that they shall be drilled, uniformed, or prepared for efficient service. | What constitutes a military expedition or enterprise? | Neutrality Laws - Memo 1 - KC_62358.docx | ROSS-003307568 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 2666 | Coleman v. Comm'r of Correction, 137 Conn. App. 51 | 307A+679 | The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action." (Internal quotation marks omitted.) Fernandez v. Commissioner of Correction, 86 Conn.App. 42, 49, 859 A.2d 948 (2004). Accordingly, in reviewing whether a pleading states a cause of action, although we accept all well pleaded facts as true, we need not "admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 694, 748 A.2d 834 (2000). | In reviewing whether a pleading states a cause of action, although the court accepts all well pleaded facts as true, it need not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. | "In reviewing whether a pleading states a cause of action, does it need to admit legal conclusions or the truth or accuracy of opinions stated in the pleadings?" | 024465.docx | LEGALEASE-00155857-LEGALEASE-00155858 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 2667 | Consol. Elec. & Mechanicals v. Schuerman, 185 S.W.3d 773 | 307A+678 | When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct the matter be heard wholly or partly on oral testimony or deposition.When affidavits are presented, the trial court may believe or disbelieve any statements made within those affidavits. It is in the sole discretion of the trial court to make such factual determinations. Chromalloy American Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 4 (Mo. banc 1997); see also Rule 55.28.1 We defer to the trial court's determination of credibility and resolution of conflicting facts, however the sufficiency of the evidence supporting the trial court's determination is a question of law which we review independently on appeal. Stavrides v. Zerjav, 848 S.W.2d 523, 527 (Mo.App. E.D.1993). | When a motion to dismiss for lack of personal jurisdiction is made on a matter not appearing on the record, the trial court may hear it on affidavits presented by the parties, or the court may direct the matter be heard wholly or partly on oral testimony or deposition. | "When a motion is based on facts not appearing of record, can a trial court hear a matter on affidavits presented and believe or disbelieve statements contained in affidavits?" | 024571.docx | LEGALEASE-00155865-LEGALEASE-00155866 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 2668 | Beaubien v. Cambridge Consol., Ltd., 652 So. 2d 936 | 307A+683 | To obtain jurisdiction over a nonresident defendant, the plaintiff must plead the basis for such jurisdiction as set out by the language of the statute. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). By itself, the filing of a motion to dismiss on the grounds of lack of jurisdiction over the person does nothing more than raise the legal sufficiency of the pleadings. A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. | Defendant wishing to contest allegations of complaint concerning jurisdiction or to raise contention of minimum contacts must file affidavits in support of his position; burden is then placed upon plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained. | Should a defendant wishing to contest allegations of a complaint concerning jurisdiction or to raise contention of minimum contacts file affidavits in support of his position? | Pretrial Procedure - Memo # 10181 - C - KI_61710.docx | ROSS-003280433-ROSS-003280434 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 2669 | Dworak v. Farmers Ins. Exch., 269 Neb. 386 | 307A+690 | In Vopalka v. Abraham, 260 Neb. 737, 619 N.W.2d 594 (2000), we discussed the effect of dismissing an unserved petition without prejudice pursuant to " 25-217. We stated: The inference from the entire expression "shall stand dismissed without prejudice" is twofold: (1) that the dismissal of the action is mandatory and automatic in nature and (2) that notwithstanding the dismissed status of the action, the character of the dismissal is "without prejudice" and the action may therefore be refiled if not otherwise barred, such as by the statute of limitations. (Emphasis supplied.) Vopalka v. Abraham, 260 Neb. at 745, 619 N.W.2d at 600. As such, a dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. | A "dismissal without prejudice" after failing to timely serve defendants means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Neb.Rev.St. S 25-217. | Does a dismissal without prejudice mean that another petition can be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations? | 024637.docx | LEGALEASE-00155883-LEGALEASE-00155884 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 2670 | Drakeford v. Barnett Bank of Tampa, 694 So. 2d 822 | 307A+690 | Second, if the trial court relied on the arguments in the motion to dismiss, we conclude that the trial court should have dismissed the complaint without prejudice. It is well settled that a complaint should not be dismissed with prejudice if it supports a cause of action on any ground. See Dionne v. Columbus Mills, Inc., 311 So.2d 681, 683 (Fla. 2d DCA 1975). Dismissal of a complaint with prejudice is a severe sanction which should only be granted when the pleader has failed to state a cause of action and it conclusively appears that there is no possible way to amend the complaint in order to state a cause of action. See Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994). Leave to amend a complaint should not be denied unless the privilege to amend has been abused or the complaint is clearly not amendable. | Dismissal of complaint with prejudice is severe sanction which should only be granted when pleader has failed to state cause of action and it conclusively appears that there is no possible way to amend complaint in order to state cause of action. | "Is dismissal with prejudice a severe sanction, which should be granted only when the pleader has failed to state a cause of action and it conclusively appears that the pleader cannot possibly amend?" | 024673.docx | LEGALEASE-00155932-LEGALEASE-00155933 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2671 | Collier v. City & Cty. of San Francisco, 151 Cal. App. 4th 1326 | 371+2002 | "[T]o show a fee is a regulatory fee and not a special tax, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity." (San Diego Gas & Electric Co. v. San Diego County Air Pollution Control Dist., supra, 203 Cal.App.3d at p. 1146, 250 Cal.Rptr. 420, fn. omitted.) "[R]egulatory fees in amounts necessary to carry out [a] regulation's purpose are valid despite the absence of any perceived "benefit" accruing to the fee payers." (Sinclair Paint, supra, 15 Cal.4th at p. 876, 64 Cal.Rptr.2d 447, 937 P.2d 1350.) | To show a fee is a regulatory fee and not a special tax within the meaning of Proposition 13's super-majority requirement for imposing special taxes, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. West's Ann.Cal. Const. Art. 13A, S 4; West's Ann.Cal.Gov.Code S 50076. | What does the government have to prove in order to show a fee is a regulatory fee and not a special tax? | Taxation - Memo # 1062 - C - JL_62485.docx | ROSS-003292734-ROSS-003292735 | SA, Sub | 0.3 | 0 | 0 | 1 | 1 | |
| 2672 | People ex rel. Margetich v. McCarroll, 97 Ill. App. 3d 502 | 307A+581 | The defendant filed a motion to dismiss based upon Supreme Court Rule 103(b) (Ill.Rev.Stat. 1979, ch. 110A, P 103(b)), which allows dismissal for failure to exercise due diligence in obtaining service prior to the expiration of the applicable statute of limitations. Subsequent to hearing arguments by counsel, the trial court granted the motion to dismiss. Supreme Court Rule 103(b) states: "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. | Purpose of Supreme Court Rule allowing dismissal for failure to exercise due diligence in obtaining service prior to expiration of applicable statute of limitations is to protect defendants from unnecessary and intentional delays of service of process, to safeguard against any evasions of limitations which would undermine the statutes, and to promote the expeditious handling of suits. Supreme Court Rules, Rule 103(b), S.H.A. ch. 110A, S 103(b). | What is the purpose of Court Rule allowing dismissal for failure to exercise due diligence in obtaining service prior to expiration of applicable statute of limitations? | 024794.docx | LEGALEASE-00157712-LEGALEASE-00157713 | SA, Sub | 0.28 | 0 | 0 | 1 | 1 | |
| 2673 | Nelson v. Mercy Health Ctr., 241 P.3d 276 | 30+3202 | We review the granting of dismissal pursuant to District Court Rule 9 for abuse of discretion. Morris v. City of Okla. City, 2010 OK CIV APP 27, 9, 232 P.3d 921. An abuse of discretion standard requires an appellate review of both issues of fact and law. Christian v. Gray, 2003 OK 10, 43, 65 P.3d 591, 608. If an order of dismissal results in a dismissal with prejudice, as here, an appellate court must take a closer look at the circumstances. "Circumstances which would support a finding of lack of "good cause" and dismissal without prejudice might well not support such a finding when the dismissal is terminal due to [12 O.S.2001] " 100." Buchanan at 26, 89 P.3d at 1042. | Under abuse of discretion standard of review, if an order of dismissal results in a dismissal with prejudice, an appellate court must take a closer look at the circumstances; circumstances which would support a finding of lack of good cause and dismissal without prejudice might well not support such a finding when the dismissal is terminal under the savings statute. 12 Okl.St.Ann. S 100. | Can circumstances which would support dismissal without prejudice well support such a finding when the dismissal is terminal? | 024884.docx | LEGALEASE-00157111-LEGALEASE-00157112 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 2674 | Deutsche Bank Nat. Tr. Co. v. Lippi, 78 So. 3d 81 | 307A+551 | After considering these factors, "if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative." Id. Sanctions short of dismissing a case with prejudice are appropriate when the errors are made by the attorney and not the client. Am. Express Co. v. Hickey, 869 So.2d 694, 695 (Fla. 5th DCA 2004). Although no "magic words" are required when a court dismisses a case with prejudice, the court must find the conduct leading to the order was willful or constituted a deliberate disregard of the court's directives. Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). Additionally, the lower court's failure to consider the Kozel factors when deciding whether to dismiss a case with prejudice, by itself, is sufficient reason to remand the matter for application of the proper standard. Ham, 891 So.2d at 500. | Although no "magic words" are required when a court dismisses a case with prejudice, the court must find the conduct leading to the order was willful or constituted a deliberate disregard of the court's directives. | "Although no ""magic words"" are required when a court dismisses a case with prejudice, should the court find the conduct leading to the order was willful?" | Pretrial Procedure - Memo # 10488 - C - TM_62756.docx | ROSS-003293475-ROSS-003293476 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2675 | Unbank Co., LLP v. Merwin Drug Co., 677 N.W.2d 105 | 307A+690 | We do not find a basis, however, for dismissing the action with prejudice. We recognize that a district court's designation of "with prejudice" or "without prejudice" must be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred. See Branstrom & Assocs., Inc., v. Cmty. Mem'l Hosp., 296 Minn. 366, 367 n. 1, 209 N.W.2d 389, 390 n. 1 (1973) (concluding that a dismissal without prejudice was, in effect, a dismissal with prejudice); see also Hulmes v. Honda Motor Co., 924 F.Supp. 673, 683 (D.N.J.1996) (characterization of "with prejudice" or "without prejudice" is not dispositive of whether second suit is barred); Minn. Fed'n of Teachers v. Mammenga, 485 N.W.2d 305, 310 (Minn.App.1992) (dismissal of federal action "with prejudice" did not constitute adjudication on the merits entitled to preclusive effect in successor suit in state court), review denied (Minn. June 30, 1992). | A district court's designation of "with prejudice" or "without prejudice" must be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred. | "Should a district court's designation of ""with prejudice"" or ""without prejudice"" be viewed in light of the basis for the dismissal and is not automatically dispositive of whether a second suit is barred?" | 025063.docx | LEGALEASE-00156761-LEGALEASE-00156762 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2676 | Vopalka v. Abraham, 260 Neb. 737 | 307A+690 | Neb.Rev.Stat. " 25"217 (Reissue 1995) provides that "[t]he action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed." See, also, Kocsis v. Harrison, 249 Neb. 274, 543 N.W.2d 164 (1996); Cotton v. Fruge, 8 Neb.App. 484, 596 N.W.2d 32 (1999). The voluntary appearance of a party is equivalent to service. Neb.Rev.Stat. " 25"516.01(1) (Reissue 1995); Henderson v. Department of Corr. Servs., 256 Neb. 314, 589 N.W.2d 520 (1999). | A civil action shall stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed as mandated by statute. Neb.Rev.St. S 25-217. | Shall a civil action stand dismissed without prejudice as to any defendant not served within six months from the date the petition was filed as mandated by statute? | 025130.docx | LEGALEASE-00156975-LEGALEASE-00156976 | Order, SA | 0.63 | 1 | 0 | 0 | 1 | |
| 2677 | Gilmartin v. Abastillas, 10 Haw. App. 283 | 307A+693.1 | The Sixth Circuit Court of Appeals held that the district court lacked jurisdiction to enter the order: This unconditional dismissal with prejudice terminated the district court's "jurisdiction except for the limited purposes of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)" of the Federal Rules of Civil Procedure. McCall"Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir.1985). Thus, the parties were in a position to seek enforcement of the settlement agreement only by means of an independent action for specific performance or by means of a Rule 60(b) motion to vacate the prior order of dismissal for the purpose of enforcing the agreement. | Unconditional dismissal with prejudice terminates trial court's jurisdiction, except for limited purposes of reopening and setting aside judgment of dismissal within scope allowed by rule. Rules Civ.Proc., Rule 60(b). | "Does an unconditional dismissal with prejudice terminate a trial court's jurisdiction, except for the limited purposes of reopening and setting aside judgment?" | 025207.docx | LEGALEASE-00157289-LEGALEASE-00157290 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2678 | Dillaplain v. Lite Indus., 788 S.W.2d 530 | 30+78(4) | Generally, an order which does nothing more than quash service of process is not considered a final judgment because it does not adjudicate the merits of the claim. Instead, it adjudicates only the validity of the particular service involved. Continent Foods Corp. v. National"Northwood, Inc., 470 S.W.2d 315, 317 (Mo.App.1971). Also, a dismissal for lack of in personam jurisdiction is by the terms of Rule 67.03 without prejudice unless designated otherwise. Here, the dismissal was specifically designated to be without prejudice. As was said in Turnbow v. Southern Railway Co., 768 S.W.2d 556, 558 (Mo. banc 1989):A dismissal without prejudice which the plaintiff may cure by filing another suit in the same court, is not a final judgment from which an appeal may be taken under Missouri law because it lacks the hallmarks of a final judgment"it fails to dispose of all the issues and parties to the cause of action. | A dismissal without prejudice, which plaintiff may cure by filing another suit in the same court, is not a "final judgment" from which an appeal may be taken because it lacks the hallmarks of a final judgment, i.e., it fails to dispose of all the issues and parties to the cause of action. | "Where a petition is dismissed without prejudice, can the plaintiff typically cure the dismissal by filing another suit in the same court?" | 025657.docx | LEGALEASE-00157990-LEGALEASE-00157991 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 2679 | Elrod v. Stewart, 163 S.W.3d 587 | 336H+85 | Rule 67.01 permits a party to bring another civil action for the same cause that has been dismissed without prejudice unless the civil action is otherwise barred. Bentch, 28 S.W.3d at 456. While a dismissal without prejudice for failure to state a claim may operate to preclude the plaintiff from bringing another action for the same cause and may be res judicata of what the judgment actually decided, the dismissal does not preclude the plaintiff from reasserting the claim on new factual allegations. Id. Rule 67.01 does not, however, permit refiling a petition previously determined not to state a claim. Id. "A dismissal for failure to state a cause of action is sufficient to raise res judicata in a later proceeding, and it is immaterial that the wording of the counts has been changed in an apparent attempt to correct the defects in the original pleading." Id. at 456"57 (quoting Greening v. Klamen, 719 S.W.2d 904, 906 (Mo.App. E.D.1986)). | While a dismissal without prejudice for failure to state a claim may operate to preclude the plaintiff from bringing another action for the same cause and may be res judicata of what the judgment actually decided, the dismissal does not preclude the plaintiff from reasserting the claim on new factual allegations. V.A.M.R. 67.01. | "Does a dismissal without prejudice permit the party to bring another civil action for the same cause, unless it is otherwise barred?" | 025659.docx | LEGALEASE-00157992-LEGALEASE-00157993 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 2680 | In re S. Bay Expressway, 434 B.R. 589 | 183+1 | As a starting point, the Court must determine the nature of the property rights granted to SBX by Caltrans. A governmental franchise is a special privilege granted to a private enterprise by a duly-empowered governmental entity to use public property to provide vital public services which the government itself is otherwise obligated to furnish to its citizens, such as providing water, gas, electricity or telephone services, and the right to use the public streets and ways to bring them to the general public. Copt"Air, Inc. v. City of San Diego, 15 Cal.App.3d 984, 987"88, 93 Cal.Rptr. 649 (1971); Santa Barbara County Taxpayer Assn. v. Board of Supervisors, 209 Cal.App.3d 940, 948"49, 257 Cal.Rptr. 615 (1989); see also 34A Cal. Jur.3d, Franchises from Governmental Bodies, " 1 (2008). A franchise is created by contract; it grants to the private enterprise a relatively long-term possessory right in public land to provide public services in exchange for payment of franchise fees. Santa Barbara County Taxpayer Assn., 209 Cal.App.3d at 949, 257 Cal.Rptr. 615; Saathoff v. City of San Diego, 35 Cal.App.4th 697, 702, 41 Cal.Rptr.2d 352 (1995). | Under California law, a governmental franchise is a special privilege granted to a private enterprise by a duly-empowered governmental entity to use public property to provide vital public services which the government itself is otherwise obligated to furnish to its citizens, such as providing water, gas, electricity, or telephone services, and the right to use the public streets and ways to bring them to the general public. | What is a governmental franchise? | 018535.docx | LEGALEASE-00158943-LEGALEASE-00158944 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 2681 | Harris v. News-Sun, 269 Ill. App. 3d 648 | 307A+561.1 | The purpose of a section 2-619 motion is to provide a means to dispose of issues of law and easily proved issues of fact. (Nikolic v. Seidenberg (1993), 242 Ill.App.3d 96, 98, 182 Ill.Dec. 753, 610 N.E.2d 177.) Our review of such a motion is limited to legal questions and is independent of the trial court's reasoning. (Employers Mutual Cos. v. Skilling (1994), 256 Ill.App.3d 567, 569, 196 Ill.Dec. 301, 629 N.E.2d 1145.) Under section 2-619(a)(9), an action may be dismissed on the ground that a claim asserted is barred by other affirmative matter avoiding the legal effect or defeating the claim. (735 ILCS 5/2-619(a)(9) (West 1992).) "Affirmative matter" includes a defense that completely negates the asserted cause of action. (Asher v. Farb Systems, Inc. (1993), 256 Ill.App.3d 792, 794, 196 Ill.Dec. 508, 630 N.E.2d 443.) In the context of a defamation action, the issue of absolute privilege is an affirmative defense which may be raised by and determined upon a section 2-619 motion. Geick v. Kay (1992), 236 Ill.App.3d 868, 875, 177 Ill.Dec. 340, 603 N.E.2d 121. | Under statute authorizing dismissal of action on ground that claim asserted is barred by other "affirmative matter" avoiding legal effect or defeating claim, affirmative matter includes defense that completely negates asserted cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Does an affirmative matter that defeats claim asserted in complaint include defense that completely negates asserted cause of action? | 025409.docx | LEGALEASE-00158705-LEGALEASE-00158706 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 2682 | City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630 | 307A+699 | It is well established that when a respondent effectively denies material allegations in a petition to open judgment, the petitioner must support his position with clear and convincing proof. Philadelphia City Employees Federal Credit Union v. Bryant, 310 Pa.Superior Ct. 526, 456 A.2d 1060 (1983); Bell v. Jefferson Republican Club, 304 Pa.Superior Ct. 157, 450 A.2d 149 (1982). The procedure for establishing such proof is set forth in Pa.R.C.P. No. 209. | When respondent effectively denies material allegations in petition to open judgment non pros, petitioner must support his position with clear and convincing proof. Rules Civ.Proc., Rule 209, 42 Pa.C.S.A. | "When a respondent effectively denies material allegations in a petition to open judgment non pros, should a petitioner support his position with clear and convincing proof?" | 025570.docx | LEGALEASE-00158210-LEGALEASE-00158211 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 2683 | State ex rel. Polaris Indus. v. Journey, 505 S.W.3d 370 | 307A+693.1 | "On the other hand, court action is required for an involuntary dismissal. There is no dismissal unless the court acts"either on its own motion, or by granting a defendant's motion to dismiss." Peet, 103 S.W.3d at 876. Further, even if the court acts to enter an involuntary dismissal, unless the dismissal is denominated as a judgment, the court retains jurisdiction. Davis v. Dep't of Soc. Servs. Div. of Child Support Enf't, 15 S.W.3d 42, 44"45 (Mo. App. W.D. 2000). When a court involuntarily dismisses a case without prejudice, the court does not immediately lose jurisdiction over the matter, but instead "retains jurisdiction over the matter so that the court [is] allowed to reconsider its action, correct any errors, and modify or set aside its order." Peet, 103 S.W.3d at 876 | When a court involuntarily dismisses a case without prejudice, the court does not immediately lose jurisdiction over the matter, but instead retains jurisdiction over the matter so that the court is allowed to reconsider its action, correct any errors, and modify or set aside its order. | "When a court involuntarily dismisses a case without prejudice, does the court immediately lose jurisdiction over the matter?" | 025695.docx | LEGALEASE-00158731-LEGALEASE-00158732 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2684 | Fuller Family Holdings v. N. Tr. Co., 371 Ill. App. 3d 605 | 307A+679 | An action will be dismissed under section 2"619 of the Code if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proved upon which relief could be granted. Webb v. Damisch, 362 Ill.App.3d 1032, 1037, 299 Ill.Dec. 401, 842 N.E.2d 140 (2005). A section 2"619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that defeat the claim. Cohen v. McDonald's Corp., 347 Ill.App.3d 627, 632, 283 Ill.Dec. 451, 808 N.E.2d 1 (2004). | An action will be dismissed based on defects or defenses which avoid or defeat claims if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proved upon which relief could be granted. S.H.A. 735 ILCS 5/2-619. | Would relief be granted if the court finds that no set of facts can be proved? | 025952.docx | LEGALEASE-00158268-LEGALEASE-00158269 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 2685 | Brown By & Through Brown v. Commercial Dispatch Pub. Co., 504 So. 2d 245 | 308+3(1) | Whether one is the agent of another is ordinarily a question of fact to be decided by the jury. Daugherty v. M-Earth of Alabama, Inc., 485 So.2d 1145 (Ala.1986). As was stated in Cordes v. Wooten, 476 So.2d 89 (Ala.1985): "It is elementary that the test of agency is the right of control, whether exercised or not, and that is a question for the trier of fact if the evidence is in dispute." For one to be an agent, the other party must retain the right to direct the manner in which the business shall be done, as well as the results to be accomplished, or, in other words, not only what shall be done, but how it shall be done. Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970). An agency relationship is not created when the employer merely retains the right to supervise or inspect the work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications and retains the right to stop work that is not properly done. Weeks v. Alabama Elec. Co-op, Inc., 419 So.2d 1381 (Ala.1982). | Agency relationship is not created when employer merely retains right to supervise or inspect work of an independent contract as it progresses for purpose of determining whether it is completed according to plans and specifications and retains right to stop work that is not properly done. | Is an agency relationship created when an employer retains the right to supervise the work of an independent contractor? | Principal and Agent - Memo 388 - RK_63946.docx | ROSS-003312830-ROSS-003312831 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2686 | Brown By & Through Brown v. Commercial Dispatch Pub. Co., 504 So. 2d 245 | 308+3(1) | Whether one is the agent of another is ordinarily a question of fact to be decided by the jury. Daugherty v. M-Earth of Alabama, Inc., 485 So.2d 1145 (Ala.1986). As was stated in Cordes v. Wooten, 476 So.2d 89 (Ala.1985): "It is elementary that the test of agency is the right of control, whether exercised or not, and that is a question for the trier of fact if the evidence is in dispute." For one to be an agent, the other party must retain the right to direct the manner in which the business shall be done, as well as the results to be accomplished, or, in other words, not only what shall be done, but how it shall be done. Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970). An agency relationship is not created when the employer merely retains the right to supervise or inspect the work of an independent contractor as it progresses for the purpose of determining whether it is completed according to plans and specifications and retains the right to stop work that is not properly done. Weeks v. Alabama Elec. Co-op, Inc., 419 So.2d 1381 (Ala.1982). | Agency relationship is not created when employer merely retains right to supervise or inspect work of an independent contract as it progresses for purpose of determining whether it is completed according to plans and specifications and retains right to stop work that is not properly done. | Does the employer retaining the right to inspect the work of independent contractor create an agency relationship? | Principal and Agent - Memo 391 - RK_63949.docx | ROSS-003305490-ROSS-003305491 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2687 | Gass v. Anna Hosp. Corp., 392 Ill. App. 3d 179 | 101+1051 | "[B]y definition, a parent corporation is a corporation that has working control of the subsidiary corporation through stock ownership. See 18 Am.Jur.2d Corporations " 41 (2004)." Fontana v. TLD Builders, Inc., 362 Ill.App.3d 491, 503, 298 Ill.Dec. 654, 840 N.E.2d 767 (2005). A parent corporation is not liable for the acts of its subsidiaries. Forsythe v. Clark USA, Inc., 224 Ill.2d 274, 282, 309 Ill.Dec. 361, 864 N.E.2d 227 (2007). It is a fundamental principle that a corporation is a legal entity that is separate and distinct from its shareholders, directors, and officers and from other corporations with which it may be connected. Main Bank of Chicago v. Baker, 86 Ill.2d 188, 204, 56 Ill.Dec. 14, 427 N.E.2d 94 (1981). Stock ownership alone in one corporation by another neither creates an identity of corporate interest between the two companies nor renders the stockholding company the owner of the property of the other nor creates the relation of principal and agent, representative, or alter ego between the two. Main Bank of Chicago, 86 Ill.2d at 204, 56 Ill.Dec. 14, 427 N.E.2d 94; South Side Bank v. T.S.B. Corp., 94 Ill.App.3d 1006, 1010, 50 Ill.Dec. 369, 419 N.E.2d 477 (1981); Walker v. Dominick's Finer Foods, Inc., 92 Ill.App.3d 645, 649, 47 Ill.Dec. 900, 415 N.E.2d 1213 (1980). | Stock ownership alone in one corporation by another neither creates an identity of corporate interest between the two companies nor renders the stockholding company the owner of the property of the other nor creates the relation of principal and agent, representative, or alter ego between the two. | Can stock ownership in one corporation by another create the relation of principal and agent? | Principal and Agent - Memo 532 - RK_63990.docx | ROSS-003321474-ROSS-003321475 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 2688 | In re Y.M., 207 Cal. App. 4th 892 | 211+2031 | Under these principles, federal courts have long recognized that state courts have jurisdiction over child welfare determinations, including matters pertaining to undocumented minors, absent an express federal provision to the contrary. Federal law imposes requirements on state dependency plans and recognizes "the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests." (Perez"Olano v. Gonzalez (C.D.Cal.2008) 248 F.R.D. 248, 265 (Perez"Olano ); see 42 U.S.C. "" 5106a, 5101 et seq.) Congress expressly anticipates that a child victim of human trafficking may be in the custody of an agency of a state, or an individual or entity appointed by a juvenile court, acting in loco parentis. (8 U.S.C. " 1232(d)(5).) Further, a child victim of human trafficking may qualify for refugee status. (8 U.S.C. " 1101(a)(42).) To meet its goal to assist refugee children, the federal government directs the states to provide for unaccompanied refugee children who are present in that state and to establish procedures for their care and supervision, including legal custody and/or guardianship under state law. (45 C.F.R. " 400.5(e) (2011); see generally, 45 C.F.R. " 400.1 et seq.) | Federal law imposes requirements on state dependency plans and recognizes the institutional competence of state courts as the appropriate forum for child welfare determinations regarding abuse, neglect, or abandonment, and a child's best interests. Child Abuse Prevention and Treatment Act, S 106, 42 U.S.C.A. S 5106a. | Are state courts the appropriate forum for child welfare determinations regarding abuse of a child? | "Aliens, Immigration and Citizenship - Memo 104 - RK_64746.docx" | ROSS-003297131-ROSS-003297132 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2689 | H.S.P. v. J.K., 223 N.J. 196 | 24+179 | The process for obtaining SIJ status is " "a unique hybrid procedure that directs the collaboration of state and federal systems." " In re Marisol N.H., 115 A.D.3d 185, 188, 979 N.Y.S.2d 643 (N.Y.App.Div.2014) (quoting In re Hei Ting C., 109 A.D.3d 100, 104, 969 N.Y.S.2d 150 (N.Y.2013)); E.C.D. v. P.D.R.D. 114 So.3d 33, 36 (Ala.Civ.App.2012) (explaining that SIJ statute creates "a special circumstance "where a state juvenile court is charged with addressing an issue relevant only to federal immigration law." " (quoting In re J.J.X.C., 318 Ga.App. 420, 734 S.E.2d 120, 124 (2012))). The child"or another individual acting on his or her behalf"must first petition for " "an order from a state juvenile court making findings that the juvenile satisfies certain criteria." " | A child seeking special immigrant juvenile (SIJ) status, or another individual acting on his or her behalf, must first petition for an order from a state juvenile court making findings that the juvenile satisfies certain criteria. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Does a child have to petition for an order from a state juvenile court to make findings that the juvenile satisfies certain criteria to qualify for Special Immigrant Juvenile (SIJ) status? | 006771.docx | LEGALEASE-00160318-LEGALEASE-00160319 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 2690 | Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+103 | The De Canas court established a three-part test for determining whether a state statute relating to immigration is preempted by federal law. The initial inquiry is whether the state statute constitutes an attempted "regulation of immigration" that is per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution. (De Canas, supra, 424 U.S. at p. 355, 96 S.Ct. 933.) If this is not the case, the statute may nevertheless be preempted under the second test, which is whether it was the " " "clear and manifest purpose of Congress" " " to effect a "complete ouster of state power"including state power to promulgate laws not in conflict with federal laws" (id. at p. 357, 96 S.Ct. 933) with respect to the subject matter of the state statute"because Congress intended to " "occupy the field" " to which the state statute applies (id. at p. 357, fn. 5, 96 S.Ct. 933). Where the statute does not attempt to regulate immigration and applies to an area in which Congress did not intend to completely oust the states of power to regulate, the state statute may still be preempted under the third test, which is whether it " "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress' in enacting the INA." (Id. at p. 363, 96 S.Ct. 933, quoting Hines v. Davidowitz, supra, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581, and Florida Lime & Avocado Growers v. Paul (1963) 373 U.S. 132, 141, 83 S.Ct. 1210, 10 L.Ed.2d 248; see also Michigan Canners & Freezers v. Agricultural Bd. (1984) 467 U.S. 461, 469, 104 S.Ct. 2518, 81 L.Ed.2d 399.) | The initial inquiry into whether a state statute relating to immigration is preempted by federal law is whether the state statute constitutes an attempted regulation of immigration that is per se preempted because of the exclusivity of federal power to regulate in the area under the United States Constitution; if this is not the case, the statute may nevertheless be preempted under a second test, which is whether it was the clear and manifest purpose of Congress to effect a complete ouster of state power-including state power to promulgate laws not in conflict with federal laws with respect to the subject matter of the state statute-because Congress intended to occupy the field to which the state statute applies. U.S.C.A. Const. Art. 6, cl. 2. | Are state statutes that regulate immigration per se preempted because of the exclusivity of federal power to regulate in this area under the United States Constitution? | "Aliens, Immigration and Citizenship - Memo 141 - RK_64780.docx" | ROSS-003322590-ROSS-003322591 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 2691 | Colorado Seminary (Univ. of Denver) v. Nat'l Collegiate Athletic Ass'n, 570 F.2d 320 | 92+4226 | Interests of student athletes, including those on athletic scholarships, in participating in intercollegiate hockey did not rise to level of constitutionally protected right invoking due process in connection with athletic association's imposition of sanctions against university for failure to declare several of its hockey players ineligible. We conclude that this appeal is controlled by our decisions in Albach v. Odle, 531 F.2d 983 (10th Cir.), and Oklahoma High School Athletic Ass'n v. Bray, 321 F.2d 269 (10th Cir.). These two cases, of course, concerned high school athletics, but the same considerations are applicable here. The arguments as to the difference between high school athletic programs and those in the universities have been examined. We have also considered the point that college athletic scholarship arrangements may create a distinction. But all considered, we find no more than a difference in degree. The fundamental positions are the same, the goals are the same, the stakes are pretty much the same. The same relationship also exists between the primary academic functions of the schools in each category and the athletic programs. The differences in degree or magnitude do not lead to a different result. In each, the athletic program is very important, as are the many other diverse functions, programs, and activities not within the academic core | Interests of student athletes, including those on athletic scholarships, in participating in intercollegiate hockey did not rise to level of constitutionally protected right invoking due process in connection with athletic association's imposition of sanctions against university for failure to declare several of its hockey players ineligible. | Do college athletes have a constitutionally protected interest in playing intercollegiate sports? | 017176.docx | LEGALEASE-00159366-LEGALEASE-00159367 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 2692 | Elite Door & Trim v. Tapia, 355 S.W.3d 757 | 307A+594.1 | Whether a case is dismissed under rule 165a or the trial court's inherent power, the trial court must reinstate the case if it determines the failure of the party or his attorney "was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex.R. Civ. P. 165a(3), (4). A failure is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex.1995) (per curiam).4 Proof of accident, mistake, or other reasonable explanation negates the intent or conscious indifference for which reinstatement can be denied. Id. | A failure to prosecute a case is not intentional or due to conscious indifference within the meaning of rule governing reinstatement of cases dismissed for want of prosecution merely because the failure is deliberate; the failure must also be without adequate justification. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Is a failure to prosecute a case not intentional or due to conscious indifference within the meaning of a rule governing reinstatement of cases dismissed for want of prosecution merely because the failure is deliberate? | 039725.docx | LEGALEASE-00159276-LEGALEASE-00159277 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 2693 | BLDG Mgmt. Co. v. Meija, 32 Misc. 3d 652 | 307A+581 | This Court concludes, based on the forgoing authority, that 22 NYCRR " 208.14 is not applicable to summary proceedings that have been marked off calendar by the Court or the parties for discovery (Rosario v. Ortiz Funeral Home, 20 Misc.3d 12, 862 N.Y.S.2d 699 [2008] ) [stipulation to strike notice of issue to allow for completion of discovery case reverted to pre-notice of trial status making 22 NYCRR 208.14 inapplicable ]. Rather, that court rule is clearly intended to apply to cases which have been marked ready for trial, where one party defaults or is not ready to proceed. | Rule governing calendar defaults, restorations, and dismissals is not applicable to summary proceedings that have been marked off calendar by the trial court or the parties for discovery; rather, the rule applies to cases which have been marked ready for trial, where one party defaults or is not ready to proceed. N.Y.Ct.Rules, S 208.14. | "Is the rule governing calendar defaults, restorations, and dismissals not applicable to summary proceedings that have been marked off calendar by the trial court or the parties for discovery?" | Pretrial Procedure - Memo 11276 - C - DA.docx | LEGALEASE-00049743-LEGALEASE-00049744 | Condensed, SA, Sub | 0.42 | 0 | 1 | 1 | 1 | 1 |
| 2694 | Rowe v. HCA Health Servs. of Oklahoma, 130 P.3d 761 | 307A+695 | On granting a motion to dismiss, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed. 12 O.S.2001, " 2012(G). When a district court grants a motion to dismiss for failure to state a claim, it must grant the plaintiff leave to file an amended petition if the defect can be remedied. | When District Court grants motion to dismiss for failure to state claim, it must grant plaintiff leave to file amended petition if defect can be remedied, and District Court has duty to specify time within which plaintiff must file amended petition; if District Court does not prescribe time, defendant who obtained dismissal has responsibility to move court to set time. 12 Okl.St.Ann. S 2012(G). | "When District Court grants motion to dismiss for failure to state claim, should it grant a plaintiff leave to file an amended petition if a defect can be remedied?" | Pretrial Procedure - Memo 11416 - C - PB_64468.docx | ROSS-003281032-ROSS-003281033 | Condensed, SA, Sub | 0.06 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2695 | Sellers v. Foster, 199 S.W.3d 385 | 307A+697 | But a party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing need not show that he or she has a meritorious claim to be entitled to reinstatement. See Thurahan, 2003 WL 1566386, n. 2. As the Houston Court of Appeals explained in Jackson, A meritorious defense is not a prerequisite to a successful motion to reinstate. The parties' confusion may stem from the Texas Supreme Court's recent comparison of the standard of review in a motion to reinstate setting to that used in reviewing a motion to set aside a default judgment under Craddock v. Sunshine Bus Lines. In Smith v. Babcock & Wilcox Const. Co., the Texas Supreme Court stated that the operative standard in reviewing a motion to reinstate is "essentially the same as that for setting aside a default judgment" as set forth in Craddock. | A party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing need not show that he or she has a meritorious claim to be entitled to reinstatement. | Should a party whose case has been dismissed for failure to appear at a hearing due to a lack of notice of that hearing not show that he or she has a meritorious claim to be entitled to reinstatement? | 039960.docx | LEGALEASE-00159715-LEGALEASE-00159716 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2696 | Petrone v. Whirlwind, 444 Pa. Super. 477 | 307A+699 | The Comment to Rule 3051 states that "since the rule adopts the practice of seeking relief from a judgment of non pros in the trial court prior to taking an appeal, the rule also adopts traditional requirements for the opening of the judgment as set forth in the Valley case." In Valley Peat & Humus v. Sunnylands, Inc., 398 Pa.Super. 400, 581 A.2d 193, 196 (1990), three factors must be present in order to open a non pros judgment. These are (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. We note that factors (1) and (3) are undisputedly satisfied. | Three factors must be present in order to open non pros judgment: (1) petition to open must be promptly filed; (2) default or delay must be reasonably explained; and (3) facts must be shown to exist that support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | What three factors must be present in order to open non pros judgment? | Pretrial Procedure - Memo 11494 - C - KI_64688.docx | ROSS-003281872-ROSS-003281873 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 2697 | Hawes v. 1997 Jeep Wrangler, 602 N.W.2d 874 | 135H+25 | In Ursery, the Supreme Court clarified the appropriate two-step inquiry for determining whether an in rem civil forfeiture is "punishment" for double jeopardy purposes. First, a court must examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial. Ursery, 518 U.S. at 288, 116 S.Ct. at 2147. Next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it " "may not legitimately be viewed as civil in nature." " Id. (quoting United States v. One Assortment of 89 Firearms, 465 U.S. 354, 366, 104 S.Ct. 1099, 1107, 79 L.Ed.2d 361 (1984)). A civil in rem forfeiture that has some punitive aspects will not necessarily violate double jeopardy provisions if it still serves important non-punitive goals. Ursery, 518 U.S. at 290, 116 S.Ct. at 2148. | In determining whether an in rem civil forfeiture is "punishment" for double jeopardy purposes, the court must first examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial, and then must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | "Did the legislature intend that a drug forfeiture proceeding be civil in rem action, rather than a criminal proceeding, for purpose of determining whether forfeiture imposed ""punishment""?" | Double Jeopardy - Memo 20 - C - KBM.docx | LEGALEASE-00050400-LEGALEASE-00050401 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 2698 | People v. Anderson, 117 Cal. App. Supp. 763 | 135H+99 | However, when a trial produces neither an acquittal nor a conviction, retrial may be permitted if the trial ended "without finally resolving the merits of the charges against the accused." (Arizona v. Washington, supra, 434 U.S. at p. 505, 98 S.Ct. 824.) In general, if a jury is discharged without returning a verdict, the double jeopardy bar applies unless manifest necessity required the discharge or the defendant consented to it. | In general, if a jury is discharged without returning a verdict, the double jeopardy bar applies unless manifest necessity required the discharge or the defendant consented to it. U.S.C.A. Const.Amend. 5; West's Ann.Cal. Const. Art. 1, S 15. | "If a jury is discharged without returning a verdict, does the double jeopardy bar apply unless manifest necessity required the discharge or the defendant consented to it?" | Double Jeopardy - Memo 68 - C - VA_65168.docx | ROSS-003278832-ROSS-003278833 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 2699 | Koch v. Dakota Cty., 151 Neb. 506 | 200+77(2) | "The statutory provision that a petition for the establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of the road is jurisdictional. The facts essential to the jurisdiction of a county board to establish or vacate a road must affirmatively appear on the record of the proceedings." Letherman v. Hauser, 77 Neb. 731, 110 N.W. 745. See McNair v. State, 26 Neb. 257, 41 N.W. 1099. It follows that the board was without jurisdiction to enter any order in the matter save to dismiss for want of jurisdiction. | The statutory provision that a petition for establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of road, is jurisdictional. R.S.1943, S 39-105. | Is it necessary that the statutory provision for the establishment or vacation of a public road be signed by at least ten electors residing within five miles of the road? | Highways - Memo 445 - RK_66345.docx | ROSS-003309959-ROSS-003309960 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 2700 | Nedell v. Sprigman, 227 A.D.2d 163 | 307A+697 | Moreover, the court also erred in failing to vacate its prior order dismissing the complaintA case which is deemed abandoned under CPLR 3404 and dismissed for neglect to prosecute should be restored if, on motion, the plaintiff can show a lack of intent to abandon the action, the existence of a meritorious cause of action, a reasonable excuse for the delay and the lack of substantial prejudice (Kopilas v. Peterson, 206 A.D.2d 460, 614 N.Y.S.2d 562; Roberts v. Town of Hempstead, 206 A.D.2d 466, 614 N.Y.S.2d 569).] | Case which is deemed abandoned and automatically dismissed for neglect to prosecute should be restored if, on motion, plaintiff can show lack of intent to abandon action, existence of meritorious cause of action, reasonable excuse for delay, and lack of substantial prejudice. McKinney's CPLR 3404. | When should a case which is deemed abandoned and automatically dismissed for neglect to prosecute be restored? | 040055.docx | LEGALEASE-00161513-LEGALEASE-00161514 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 2701 | Estela v. Bristol Hosp., 165 Conn. App. 100 | 307A+696.1 | In his appellate brief, the plaintiff does not challenge the court's finding that he failed to show that he was prevented from prosecuting his action because of mistake, accident, or other reasonable cause. Instead, his argument is primarily limited to a claim that a judgment of nonsuit should not have been rendered against him because he met his discovery obligations. A showing that a plaintiff was prevented from prosecuting an action because of mistake, accident, or other reasonable cause, however, is required to demonstrate that a motion to open a judgment of nonsuit should be granted. "[T]here is a two-pronged test for setting aside a judgment rendered after a nonsuit.... There must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause." (Citation omitted.) Conway v. Hartford, 60 Conn.App. 630, 633, 760 A.2d 974 (2000); see General Statutes " 52"212(a). "Since the conjunctive "and" meaning "in addition to" is employed between the parts of the two prong test, both tests must be met." Costello v. Hartford Institute of Accounting, Inc., 193 Conn. 160, 167, 475 A.2d 310 (1984) | To set aside a judgment rendered after a nonsuit, there must be a showing (1) that a good cause of action, the nature of which must be set forth, existed at the time judgment was rendered, and (2) that the plaintiff was prevented from prosecuting the action because of mistake, accident or other reasonable cause; both prongs of the test must be met. C.G.S.A. S 52-212(a). | "Should a plaintiff seeking to have a nonsuit set aside establish that it had a good cause of action, the nature of which must be set forth?" | 040082.docx | LEGALEASE-00160759-LEGALEASE-00160760 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2702 | Florida Nat. Org. for Women v. State, 832 So. 2d 911 | 307A+695 | Leave to amend a complaint "shall be given freely when justice so requires." Fla. R. Civ. P. 1.190(a). Thus, a trial court should grant leave to amend, rather than dismiss a complaint with prejudice, unless a party has abused the privilege to amend, an amendment would prejudice the opposing party, or the complaint is clearly not amendable. E.g., Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991). This is true even if an amended complaint fails to state a cause of action. Bouldin v. Okaloosa County, 580 So.2d 205 (Fla. 1st DCA 1991). Further, a party that "may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory" should be allowed to amend a complaint. Obenschain v. Williams, 750 So.2d 771, 773 (Fla. 1st DCA 2000). | A party that may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory should be allowed to amend a complaint. West's F.S.A. RCP Rule 1.190(a). | Can a party that can be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory be allowed to amend a complaint? | 040250.docx | LEGALEASE-00161683-LEGALEASE-00161684 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 2703 | Gerena v. New York State Div. of Parole, 266 A.D.2d 761 | 307A+695 | Consequently, where a party has failed to separately set forth and number allegations of a pleading as required by CPLR 3014, the appropriate remedy is dismissal of the pleading with leave to replead (see, e.g., Aetna Cas. & Sur. Co. v. Merchants Mut. Ins. Co., 84 A.D.2d 736, 444 N.Y.S.2d 79; Joffe v. Rubenstein, 24 A.D.2d 752, 263 N.Y.S.2d 867, appeal dismissed 21 N.Y.2d 721, 287 N.Y.S.2d 685, 234 N.E.2d 706; see generally, Siegel, N.Y. Prac. " 212, at 308 [2d ed.] ). | Where a party has failed to separately set forth and number allegations of a pleading as required by statute, the appropriate remedy is dismissal of the pleading with leave to replead. McKinney's CPLR 3014. | "Where a party has failed to separately set forth and number allegations of a pleading as required by statute, is the appropriate remedy dismissal of the pleading with leave to replead?" | 040265.docx | LEGALEASE-00160851-LEGALEASE-00160852 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 2704 | Varo v. Alvis PLC, 261 A.D.2d 262 | 307A+695 | As noted above, when a motion to dismiss is predicated on a claim of failure to state a cause of action, the plaintiff must be afforded an opportunity to seek leave to replead within the prescriptions of CPLR 3211(e) (see, McLearn v. Cowen & Co., supra, 60 N.Y.2d at 689, 468 N.Y.S.2d 461, 455 N.E.2d 1256). Since plaintiffs only submitted opposition to a motion to dismiss on Statute of Limitations grounds, they should have been afforded an opportunity to respond to defendants' claim that the complaint did not state a cause of action. | When a motion to dismiss is predicated on a claim of failure to state a cause of action, plaintiff must be afforded an opportunity to seek leave to replead. McKinney's CPLR 3211(e). | "When a motion to dismiss is predicated on a claim of failure to state a cause of action, should the plaintiff be afforded an opportunity to seek leave to replead?" | Pretrial Procedure - Memo 11622 - C - TJ_65359.docx | ROSS-003279991 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 2705 | Aguilar v. Chastain, 923 S.W.2d 740 | 307A+695 | A court may dismiss an in forma pauperis lawsuit without affording the pauper an opportunity to amend. Kendrick, 804 S.W.2d at 156. Because the court has broad discretion to dismiss either before or after service of process, a court is under no duty to suggest voluntarily that a plaintiff amend his pleadings. Id.; Johnson v. Peterson, 799 S.W.2d 345, 346"47 (Tex.App."Houston [14th Dist.] 1990, no writ). Accordingly, we overrule Appellant's points of error three and five. | Court may dismiss in forma pauperis lawsuit without affording opportunity to amend given that court is under no duty to suggest voluntarily that plaintiff amend pleading; court has broad discretion to dismiss either before or after service of process. | Can a court dismiss in forma pauperis a lawsuit without affording an opportunity to amend given that court is under no duty? | Pretrial Procedure - Memo 11636 - C - SN_65373.docx | ROSS-003292269 | Condensed, SA, Sub | 0.47 | 0 | 1 | 1 | 1 | 1 |
| 2706 | Villarreal v. San Antonio Truck & Equip., 974 S.W.2d 275 | 307A+582 | The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. See Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976); Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," tex.R. Civ. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court.." tex.R. Civ. P. 165a(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. See Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex.1980); Williams, 543 S.W.2d at 90 | In addition to the trial court's authority to dismiss a case for want of prosecution provided by the rules of civil procedure, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Does a court have the inherent power to dismiss a case, independent of the rules of civil procedure, when a plaintiff fails to prosecute its case with diligence?" | 040397.docx | LEGALEASE-00160640-LEGALEASE-00160641 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 2707 | Smith v. Cowart, 68 So. 3d 802 | 30+3206 | Insofar as the trial court's August 26, 2009, final judgment dismissed the Smith's claims for lack of prosecution, we note that " "[t]he dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power." " Hollander v. Nance, 888 So.2d 1275, 1277"78 (Ala.Civ.App.2004) (quoting Thompson v. McQuagge, 464 So.2d 105, 106 (Ala.Civ.App.1985)). Insofar as the trial court's final judgment finding the seizure of equipment and the enjoining of the Cowarts to have been wrongful, and accordingly ordering the forfeiture of the bond posted by the Smiths, the issue presented is whether the Smiths were deprived of due process in relation to the entry of the judgment because they did not receive notice and an opportunity to be heard. As presented in this case, the question turns on the proper application of legal principles to undisputed facts and is reviewed by this court de novo. See, e.g., Ex parte Soleyn, 33 So.3d 584, 587 (Ala.2009) (stating that "it is well established that where the issues involve only the application of law to undisputed facts appellate review is de novo") | The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial falls within the judicial discretion of a trial court and will not be reversed upon an appeal except for an abusive use of that discretionary power. | Will the dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial be reversed? | 040403.docx | LEGALEASE-00160680-LEGALEASE-00160681 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2708 | Jones v. Morales, 318 S.W.3d 419 | 307A+583 | A trial court is empowered to dismiss a case for want of prosecution either under Texas Rule of Civil Procedure 165a or its inherent power to control its docket. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999). We review a trial court's ruling on a motion to dismiss for want of prosecution by the abuse of discretion standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex.1997). | A trial court is empowered to dismiss a case for want of prosecution either under Rules of Civil Procedure or its inherent power to control its docket. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is a trial court empowered to dismiss a case for want of prosecution either under Rules of Civil Procedure or its inherent power to control its docket? | 040417.docx | LEGALEASE-00160741-LEGALEASE-00160742 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2709 | Lopez v. Harding, 68 S.W.3d 78 | 307A+583 | The trial judge's authority to dismiss a case for want of prosecution derives from two sources: rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999). Rule 165a provides that a case may be dismissed for want of prosecution when (i) any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (ii) the case is not disposed of within the time standards promulgated by the Texas Supreme Court under its Administrative Rules. Tex.R. Civ. P. 165a(1), (2); Villarreal, 994 S.W.2d at 630. In contrast, a trial judge may dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence. See Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976). | The trial judge's authority to dismiss a case for want of prosecution derives from two sources: the rules of civil procedure and the court's inherent power. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial judge's authority to dismiss a case for want of prosecution derive from the rules of civil procedure and the court's inherent power? | Pretrial Procedure - Memo 11754 - C - NS_65464.docx | ROSS-003295104-ROSS-003295105 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2710 | People v. Mosley, 155 Cal. App. 4th 313 | 3.77E+10 | As we explained in People v. Gaut (2002) 95 Cal.App.4th 1425, 1431"1432, 115 Cal.Rptr.2d 924, " "[T]he determination whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone. The parties' history can also be considered as one of the relevant circumstances. | Determination of whether a defendant intended his words to be taken as a threat, and whether the words were sufficiently unequivocal, unconditional, immediate and specific they conveyed to the victim an immediacy of purpose and immediate prospect of execution of the threat can be based on all the surrounding circumstances and not just on the words alone; the parties' history can also be considered as one of the relevant circumstances. | Is the determination of whether a defendant intended his words to be taken as a threat based on words alone? | 046938.docx | LEGALEASE-00160889-LEGALEASE-00160890 | SA, Sub | 0.19 | 0 | 0 | 1 | 1 | |
| 2711 | Amodeo v. Gellert & Quartararo, P.C., 26 A.D.3d 705 | 307A+685 | In order to succeed in opposing defendants' motion to dismiss based upon plaintiffs' delay in serving a complaint well beyond the 20"day time limit (see CPLR 3012[b] ), plaintiffs were required to show reasonable excuse for the delay and a meritorious cause of action (see CPLR 3012[d]; Porter v. Beaulieu, 282 A.D.2d 980, 980, 723 N.Y.S.2d 713 [2001] ). The determination of what constitutes a reasonable excuse for the delay lies within the sound discretion of the motion court (see Aabel v. Town of Poughkeepsie, 301 A.D.2d 739, 739"740, 753 N.Y.S.2d 201 [2003] ). Plaintiff submitted affidavits demonstrating that the delay was attributable to law office failure, confusion regarding Wing's representation and plaintiffs' delay in approving the proposed complaint. We discern no abuse of discretion in Supreme Court's discretionary ruling that plaintiffs had a reasonable excuse for the delay (CPLR 3012[d]; see Ayres Mem. Animal Shelter v. Montgomery County Socy. for Prevention of Cruelty to Animals, 17 A.D.3d 904, 905, 793 N.Y.S.2d 608 [2005], lv. dismissed 5 N.Y.3d 824, 804 N.Y.S.2d 37, 837 N.E.2d 736 [2005] ). | In order to succeed in opposing defendants' motion to dismiss based upon plaintiffs' delay in serving a complaint well beyond the 20-day time limit, plaintiffs were required to show reasonable excuse for the delay and a meritorious cause of action. McKinney's CPLR 3012(b). | "Does the determination of what constitutes a reasonable excuse for delay in serving a complaint, lie within the sound discretion of the motion court?" | 023895.docx | LEGALEASE-00161904-LEGALEASE-00161905 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 2712 | Richter v. Prairie Farms Dairy, 2016 IL 119518 | 307A+695 | Defendant attempts to create an "automatic final judgment" mechanism that would absolve it of any responsibility for this prolonged litigation. However, defendant's argument overlooks a significant body of case law. Initially, this court has repeatedly recognized the inherent power of the circuit court to review, modify, or vacate interlocutory orders while the court retains jurisdiction over the entire controversy. Hernandez, 2012 IL 113054, 367 Ill.Dec. 253, 981 N.E.2d 981 (collecting cases); Catlett v. Novak, 116 Ill.2d 63, 68, 106 Ill.Dec. 786, 506 N.E.2d 586 (1987) (collecting cases). Accordingly, where, as in this case, the circuit court dismisses a complaint, and specifies a number of days for filing an amended complaint, the court retains jurisdiction to allow the amended complaint to be filed even after the time period has expired. | Where the circuit court dismisses a complaint, and specifies a number of days for filing an amended complaint, the court retains jurisdiction to allow the amended complaint to be filed even after the time period has expired. | "Where the circuit court dismisses a complaint specifying the number of days for filing an amended complaint, does the court retain jurisdiction to allow the amended complaint to be filed even after the expiry of the time period?" | Pretrial Procedure - Memo 11533 - C - NS_65971.docx | ROSS-003281620-ROSS-003281621 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 2713 | Parrett v. Lebamoff, 179 Ind. App. 25 | 307A+695 | Clearly this language does not contemplate the immediate entry of judgment upon the sustaining of such a motion. Rather it prescribes a procedure similar to the old practice on demurrers. The court should grant the motion, await the expiration of the ten day period and then adjudge the dismissal for the failure of the party to plead over. In the alternative the party against whom the motion is granted may advise the court of his election to not plead over and thus authorize entry of judgment. | In adjudging dismissal pursuant to trial rules concerning failure to state claims, if claim is not stated court should grant motion, await expiration of ten-day period and then adjudge dismissal for failure of party to plead over, and, in alternative, party against whom motion is granted may advise court of his election not to plead over and thus authorize entry of judgment. Rule TR. 12(B)(6). | "Can the court grant the motion and await the expiration of the ten-day period, or award discretionary time for the party to plead over, and then adjudge the dismissal for failure to plead?" | Pretrial Procedure - Memo 11545 - C - NS_65978.docx | ROSS-003321253 | Condensed, SA | 0.21 | 0 | 1 | 0 | 1 | |
| 2714 | Kimmelman v. Heather Downs Mgmt. Ltd., 278 Mich. App. 569 | 307A+695 | Leave to amend a pleading "shall be freely given when justice so requires." MCR 2.118(A)(2)."Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified." Lewandowski v. Nuclear Mgt. Co., LLC, 272 Mich.App. 120, 126"127, 724 N.W.2d 718 (2006). The trial court's decision whether to grant leave to amend a pleading is reviewed for an abuse of discretion. Id. | Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified. MCR 2.118(A)(2). | "Should leave to amend pleadings be freely granted to a nonprevailing party at summary disposition, unless amendment would be futile or otherwise unjustified?" | 040146.docx | LEGALEASE-00162144-LEGALEASE-00162145 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 2715 | Stanback v. Stanback, 297 N.C. 181 | 307A+686.1 | The motion to dismiss under N.C.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint. Sutton v. Duke, 277 N.C. 94, 176 S.E.2d 161 (1970). In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. Newton v. Standard Fire Ins. Co., 291 N.C. 105, 229 S.E.2d 297 (1976). The motion performs substantially the same function as the old common law demurrer, Sutton v. Duke, supra, and in applying the rule we look to the interpretation of the federal rule for guidance. As a general rule, "a complaint should not be dismissed for insufficiency Unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A Moore's Federal Practice, s 12.08, pp. 2271-74 (2d ed. 1975). | In ruling on motion to dismiss for failure to state a claim, allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether allegations state a claim for which relief may be granted. Rules of Civil Procedure, rule 12(b)(6), G.S. S 1A-1. | On what basis should the court determine as a matter of law whether allegations state a claim for which relief may be granted? | Pretrial Procedure - Memo 11864 - C - MS_66467.docx | ROSS-003293693-ROSS-003293694 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2716 | Hosey v. Lowery, 911 So. 2d 15 | 307A+583 | This state "has a long-established and compelling policy objective of affording litigants a trial on the merits whenever possible."Cincinnati Ins. Co. v. Synergy Gas, Inc., 585 So.2d 822, 827 (Ala.1991). A trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but " "since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations." "Burdeshaw v. White, 585 So.2d 842, 848 (Ala.1991) (quoting Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978)). | Trial court has the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute and failure to attend a hearing, but since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. | "Does a court have the discretion and inherent power to dismiss claims for various reasons, including failure to prosecute?" | 040883.docx | LEGALEASE-00162586-LEGALEASE-00162587 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 2717 | Gray v. Jim Cuttita Agency Inc., 281 A.D.2d 785 | 307A+697 | Moreover, as noted by defendants, the dismissal is self-executing (see, Matter of State of New York v. Town of Clifton, supra; Meade v. Lama Agency, supra). While a court retains discretion to restore a dismissed case to the trial calendar upon a showing of a sufficient excuse for the delay, a lack of intent to abandon the case, a meritorious claim and the absence of prejudice to the nonmoving party, plaintiffs never specifically sought such relief in their motion, arguing instead that the statute simply did not apply and that defendants should be compelled to accept their bill of particulars. Further, when confronted with defendants' cross motion, they again failed in any way to address these factors (see, Matter of State of New York v. Town of Clifton, supra; Rooney v. Bieber, 177 A.D.2d 930, 576 N.Y.S.2d 684; M.J. Williams Corp. v. Roma Fragrances & Cosmetics, supra). Under these circumstances, Supreme Court properly denied plaintiffs' motion. | A court retains discretion to restore a case dismissed for delay upon a showing of a sufficient excuse for the delay, a lack of intent to abandon the case, a meritorious claim, and the absence of prejudice to the nonmoving party. McKinney's CPLR 3404. | Does a court retain discretion to restore a case dismissed for delay upon a showing of a sufficient excuse for the delay? | Pretrial Procedure - Memo 11964 - C - PC_67032.docx | ROSS-003293676-ROSS-003293677 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 2718 | Larios v. Superior Court, 24 Cal. 3d 324 | 135H+96 | Article I, section 15 of the California Constitution provides that "(p) ersons may not twice be put in jeopardy for the same offense." (See also s 1023.) Under this command, once a criminal defendant is placed on trial and the jury is duly impaneled and sworn, a discharge of the jury without a verdict is equivalent to an acquittal and bars retrial unless (1) the defendant consents to the discharge or (2) legal necessity requires it. (E. g., People v. Rojas (1975) 15 Cal.3d 540, 545, 125 Cal.Rptr. 357, 542 P.2d 229; Curry v. Superior Court (1970) 2 Cal.3d 707, 712-713, 87 Cal.Rptr. 361, 470 P.2d 345.) | Once a criminal defendant is placed on trial and jury is duly impaneled and sworn, a discharge of jury without a verdict is equivalent to an acquittal and bars retrial unless defendant consents to discharge or legal necessity requires it. West's Ann.Pen.Code, SS 1023, 1123; West's Ann.Const. art. 1, S 15. | Is a discharge of the entire jury without a verdict equivalent to an acquittal and bars a retrial on double jeopardy grounds unless a defendant consented to it? | 015243.docx | LEGALEASE-00163115-LEGALEASE-00163116 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 2719 | Com. v. Lively, 530 Pa. 464 | 135H+96 | Double jeopardy protections afforded by the United States and Pennsylvania constitutions are coextensive and prohibit repeated prosecutions for the same offense. Commonwealth v. Kunish, 529 Pa. 206, 602 A.2d 849 (1992); Commonwealth v. Traitz, 528 Pa. 305, 597 A.2d 1129 (1991). Retrial of a defendant who has obtained a mistrial as a result of his or her own motion generally is not a violation of the double jeopardy clause, even when the motion was in response to the conduct of the prosecutor. United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). However, in such cases, a defendant may invoke the bar of double jeopardy in a second effort to try him or her if the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial. Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); Commonwealth v. Simons, 514 Pa. 10, 522 A.2d 537 (1987). | Defendant who has obtained mistrial as result of his or her own motion may invoke bar of double jeopardy in second effort to try him or her if conduct giving rise to motion was intended to provoke defendant into moving for mistrial. 18 Pa.C.S.A. SS 907, 2502(a); U.S.C.A. Const.Amend. 5. | Can a defendant who has obtained mistrial as result of his or her own motion invoke bar of double jeopardy in a second effort to try him or her? | 015335.docx | LEGALEASE-00163280-LEGALEASE-00163281 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 2720 | Corey v. Dist. Court of Vermont, Rutland Circuit, 917 F.2d 88 | 135H+95.1 | The Double Jeopardy Clause of the Fifth Amendment provides that no person shall be put in jeopardy twice for the same offense. This prohibition not only includes an unequivocal bar against a second trial after a judgment of acquittal, but also protects a defendant's " "valued right to have his trial completed by a particular tribunal." " Arizona v. Washington, 434 U.S. 497, 503 & n. 11, 98 S.Ct. 824, 829 & n. 11, 54 L.Ed.2d 717 (1978) (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)). A second trial "increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted." Id. 434 U.S. at 503-04, 98 S.Ct. at 829 (footnotes omitted); accord Green v. United States, 355 U.S. 184, 187-88, 78 S.Ct. 221, 223-24, 2 L.Ed.2d 199 (1957). Because jeopardy attaches when the jury is empaneled and sworn, United States v. Martin Linen Supply Co., 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977), the Double Jeopardy Clause may preclude a second trial even if the first trial is terminated before the jury reaches a verdict. | Because jeopardy attaches when jury is empaneled and sworn, double jeopardy clause may preclude second trial even if first trial is terminated before jury reaches verdict. U.S.C.A. Const.Amend. 5. | "Because jeopardy attaches when jury is empaneled and sworn, can a double jeopardy clause preclude a second trial even if first trial is terminated before a jury reaches a verdict?" | Double Jeopardy - Memo 400 - C - MS_66809.docx | ROSS-003293258-ROSS-003293259 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 2721 | Moldovan ex rel. Moldovan v. Miller, 280 A.D.2d 362 | 307A+697 | A party seeking to restore a dismissed case to the calendar must establish each of the following: a meritorious cause of action, a reasonable excuse for the delay, lack of intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored (Ware v. Porter, 227 A.D.2d 214, 642 N.Y.S.2d 278). Here, plaintiff has not managed to satisfy even one of the four components. | A party seeking to restore a case dismissed as abandoned to the calendar must establish each of the following: a meritorious cause of action, a reasonable excuse for the delay, lack of intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored. McKinney's CPLR 3404. | What must be established by a party seeking to restore a case dismissed as abandoned to the calendar? | Pretrial Procedure - Memo 11967 - C - PC_67035.docx | ROSS-003292666-ROSS-003292667 | SA, Sub | 0.22 | 0 | 0 | 1 | 1 | |
| 2722 | Gibraltar Fin. Corp. v. Prestige Equip. Corp., 949 N.E.2d 314 | 349A+10 | If a court finds that a transaction did not create a security interest per se, it must then "consider the economic reality of the transaction in order to determine whether the transaction is more fairly characterized as a lease or a secured financing arrangement." Duke Energy Royal, LLC v. Pillowtex Corp. (In re Pillowtex), 349 F.3d 711, 719 (3d Cir.2003). Unfortunately, the U.C.C. does not provide any explicit test or methodology for assessing the economic reality of the transaction. As a result, the cases contain a plethora of formulations and approaches which we will briefly survey. | If a court finds that a transaction did not create a security interest per se under the bright-line test of the Uniform Commercial Code (UCC), it must then consider the economic reality of the transaction to determine whether the transaction is more fairly characterized as a lease or a secured financing arrangement. West's C.R.S.A. S 4-1-203(b); West's A.I.C. 26-1-1-201(37). | Should court consider the economic reality of the transaction to determine whether the transaction is more fairly characterized as a lease or a secured financing arrangement? | Secured Transactions - Memo 24 - C - KG_67967.docx | ROSS-003280918-ROSS-003280919 | Condensed, SA | 0.36 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2723 | In re Ryan D., 100 Cal. App. 4th 854 | 3.77E+11 | Second, the statutory definition of the crime proscribed by section 422 is not subject to a simple check-list approach to determining the sufficiency of the evidence. Rather, it is necessary first to determine the facts and then balance the facts against each other to determine whether, viewed in their totality, the circumstances are sufficient to meet the requirement that the communication "convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat." This presents a mixed question of fact and law. In considering the issue, we will defer to the trial court's resolution of the historical facts by viewing the evidence in a light most favorable to the judgment. In determining whether the facts thus established are minimally sufficient to meet the statutory standard, we must exercise our independent judgment. (See People v. Nesler (1997) 16 Cal.4th 561, 582, 66 Cal.Rptr.2d 454, 941 P.2d 87; People v. Louis (1986) 42 Cal.3d 969, 984"988, 232 Cal.Rptr. 110, 728 P.2d 180.) | When determining sufficiency of evidence in prosecution for criminal threat, it is necessary first to determine facts and then balance facts against each other to determine whether, viewed in their totality, circumstances are sufficient to meet requirement that communication convey to person threatened a gravity of purpose and an immediate prospect of execution of threat. West's Ann.Cal.Penal Code S 422. | "When determining the sufficiency of the evidence in a prosecution for a criminal threat, what is it necessary to determine?" | 047007.docx | LEGALEASE-00163439-LEGALEASE-00163440 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 2724 | J.N.S. v. D.B.S., 302 N.J. Super. 525 | 3.77E+06 | We too are concerned, as was the trial judge, about the welfare of the parties' three children. Nevertheless, neither the harassment statute nor the Prevention of Domestic Violence Act were intended to place trial judges in the role of super monitors over modern-day parenting. In our view, plaintiff's repeated and petty complaints to the local police department evidence a lack of perspective and sense of proportion that led to the filing of this complaint and that are consistent with the judge's own conclusion that he believed "neither the plaintiff nor the defendant." | Neither the harassment statute nor Prevention of Domestic Violence Act were intended to place trial judges in role of super monitors over modern-day parenting. N.J.S.A. 2C:25-17 et seq., 2C:33-4. | Were the harassment statute or the Prevention of Domestic Violence Act intended to place trial judges in the role of super monitors over modern-day parenting? | "Threats, Stalking and Harassment - Memo 247 - C - LB_66852.docx" | ROSS-003279728-ROSS-003279729 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 2725 | State v. Murphy, 545 N.W.2d 909 | 3.77E+11 | Murphy's interpretation lacks merit. The terroristic threats statute mandates that the threats must be to commit a future crime of violence which would terrorize a victim. It is the future act threatened, as well as the underlying act constituting the threat, that the statute is designed to deter and punish. Based on this interpretation of the statute, Murphy's acts of terrorism clearly involved threats to commit future acts of physical violence. To take just one example, leaving parts of dead animals on the property of victims does not induce the fear of future acts of littering or cruelty to animals; it conveys a threat to injure, kill, or commit some other future crime against the person. The victims' testimony in the sentencing hearing manifests the pervasive and deep-seated fear that Murphy's conduct created in their lives. Murphy's conduct undeniably created an overwhelming "apprehension that its originator will act according to its tenor" and commit a future act of physical violence. See Schweppe, 306 Minn. at 399, 237 N.W.2d at 613. Murphy's conduct also sent a clear message that he was "capable of coming back later and doing something more serious." Miller, 629 P.2d at 750. We therefore hold that Murphy's acts were threats to commit future acts of physical violence under Minn.Stat. " 609.713, subd. 1. | Terroristic threats statute is designed to deter and punish future act threatened, as well as underlying act of making threat; statute mandates that threats must be to commit future crime of violence which would terrorize victim. M.S.A. S 609.713, subd. 1. | Is the terroristic threats statute designed to deter and punish future acts that are threatened as well as the underlying act of making the threat? | 047021.docx | LEGALEASE-00163475-LEGALEASE-00163476 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 2726 | Derigiotis v. J.M. Feighery Co., 185 Mich. App. 90 | 413+186 | The appropriate test for determining whether defendant or Leader was plaintiff's employer is the economic reality test. Wells v. Firestone Tire & Rubber Co., 421 Mich. 641, 647, 364 N.W.2d 670 (1984). The economic reality test looks to the totality of the circumstances surrounding performed work. The relevant factors considered under the test have been summarized as: (1) control of a worker's duties, (2) payment of wages, (3) right to hire, fire and discipline, and (4) performance of the duties as an integral part of the employer's business toward the accomplishment of a common goal. Askew v. Macomber, 398 Mich. 212, 217-218, 247 N.W.2d 288 (1976); Andriacchi v. Cleveland Cliffs Iron Co., 174 Mich.App. 600, 605, 436 N.W.2d 707 (1989), lv. den. 433 Mich. 879 (1989); Parkkonen v. Cleveland Cliffs Iron Co., 153 Mich.App. 204, 209, 395 N.W.2d 289 (1986), lv. den. 428 Mich. 859 (1987); Lambard v. Saga Food Service, Inc., 127 Mich.App. 262, 270, 338 N.W.2d 207 (1983), lv. den. 419 Mich. 958, 357 N.W.2d 665 (1984). Under this test, all of the factors are viewed as a whole and no single factor is controlling. Farrell v. Dearborn Mfg. Co., 416 Mich. 267, 276, 330 N.W.2d 397 (1982). | Relevant factors considered under economic reality test for determining which entity is worker's employer for purposes of exclusive remedy provision of Workers' Disability Compensation Act are: control of worker's duties; payment of wages; right to hire, fire and discipline; and performance of duties as integral part of employer's business toward accomplishment of common goal. M.C.L.A. S 418.131. | "In the economic reality test, what relevant factors are considered?" | 048763.docx | LEGALEASE-00164146-LEGALEASE-00164147 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 2727 | Eichengreen v. Rollins, 325 Ill. App. 3d 517 | 272+234 | An allegation of negligence based upon a contractual obligation, although sounding in tort rather than contract, is nonetheless defined by the contract. Ferentchak v. Village of Frankfort, 105 Ill.2d 474, 480-81, 86 Ill.Dec. 443, 475 N.E.2d 822, 825-26 (1985); Melchers v. Total Electric Construction, 311 Ill.App.3d 224, 228, 243 Ill.Dec. 512, 723 N.E.2d 815, 818 (1999). Thus, the scope of duty is determined by the terms of the contract. Ferentchak, 105 Ill.2d at 480-81, 86 Ill.Dec. 443, 475 N.E.2d at 826.A defendant's duties will not be expanded beyond the scope of duties required by the contract. Ferentchak, 105 Ill.2d at 480-81, 86 Ill.Dec. 443, 475 N.E.2d at 825-26; Kotarba v. Jamrozik, 283 Ill.App.3d 595, 598, 218 Ill.Dec. 659, 669 N.E.2d 1185, 1188 (1996); see also Dyduch v. Crystal Green Corp., 221 Ill.App.3d 474, 478-79, 164 Ill.Dec. 94, 582 N.E.2d 302, 306 (1991) ("Where a defendant is charged with negligence because of his failure to perform an act allegedly required by contract, the question of whether the defendant actually had a duty to perform the act usually must be determined from the terms of the contract, and the defendant's duty will not be extended beyond the duties described by the contract."); American States Insurance Co. v. A.J. Maggio Co., 229 Ill.App.3d 422, 426, 171 Ill.Dec. 263, 593 N.E.2d 1083, 1085-86 (1992) | Allegation of negligence based upon a contractual obligation, although sounding in tort rather than contract, is nonetheless defined by the contract, and thus the scope of duty is determined by the terms of the contract. | "Is an allegation of negligence based upon a contractual obligation, although sounding in tort rather than contract, nonetheless defined by the contract?" | Action - Memo 951 - C _1EPiY-DkhQ4mlsapZrxUFNHw1mM35PN04.docx | ROSS-000000029-ROSS-000000030 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2728 | Ex parte Falk, 449 S.W.3d 500 | 135H+59 | In cases tried before a jury, a defendant is placed in jeopardy when the jury is empaneled and sworn, and "because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's "valued right to have his trial completed by a particular tribunal." " Arizona v. Washington, 434 U.S. 497, 504, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)); see Hill, 90 S.W.3d at 314. Despite the general prohibition against jeopardy-barred trials, there are two exceptions when a criminal defendant may be tried a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial: (1) if the criminal defendant consents to retrial or (2) there was a manifest necessity to grant a mistrial. Ex parte Garza, 337 S.W.3d 903, 909 (Tex.Crim.App.2011); see Washington, 434 U.S. at 505"06, 98 S.Ct. 824. | In cases tried before a jury, a defendant is placed in jeopardy, for double jeopardy purposes, when the jury is empaneled and sworn, and because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Will the constitutional protection embrace the defendant's valued right to have his trial completed by a particular tribunal? | Double Jeopardy - Memo 997 - C - PC_67728.docx | ROSS-003311341-ROSS-003311342 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 2729 | Indiana High Sch. Athletic Ass'n v. Cade, 51 N.E.3d 1225 | 141E+968 | In reviewing a decision of the Indiana High School Athletic Association (IHSAA), the courts do not review the decision de novo and do not substitute their judgment for the association's; instead, courts apply an arbitrary and capricious standard and analyze the record as a whole to determine whether substantial evidence supports the IHSAA's findings. The IHSAA is held to a stricter standard of scrutiny for student challenges. Carlberg,694 N.E.2d at 230 (distinguishing student challenges from school challenges because students do not voluntarily subject themselves to IHSAA rules and have "no voice in its rules or leadership"). | In reviewing a decision of the Indiana High School Athletic Association (IHSAA), the courts do not review the decision de novo and do not substitute their judgment for the association's; instead, courts apply an arbitrary and capricious standard and analyze the record as a whole to determine whether substantial evidence supports the IHSAA's findings. | What is the standard of review courts use in reviewing action taken by athletic association? | 017324.docx | LEGALEASE-00164376-LEGALEASE-00164377 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 2730 | Jones v. Nat'l Collegiate Athletic Ass'n, 679 So. 2d 381 | 212+1331 | The National Collegiate Athletic Association (NCAA) is a private association and not a state actor, and thus it should not have been enjoined from enforcing its determination that a student was ineligible to play college football under the NCAA's five-year rule, absent showing that it acted in an arbitrary, capricious, unfair or discriminatory manner. Courts should not interfere with the internal affairs of a private association except in cases when the affairs and proceedings have not been conducted fairly and honestly, or in the cases of fraud, lack of jurisdiction, the invasion of property or pecuniary rights, or when the action complained of is capricious, arbitrary, or unjustly discriminatory. Louisiana State Board of Education v. National Collegiate Athletic Association,273 So.2d 912 (La.App. 3rd Cir.1973); see also, English v. National Collegiate Association, 439 So.2d 1218 (La.App. 4th Cir.1983), writ denied, 441 So.2d 747 (La.1983). | The National Collegiate Athletic Association (NCAA) is a private association and not a state actor, and thus it should not have been enjoined from enforcing its determination that a student was ineligible to play college football under the NCAA's five-year rule, absent showing that it acted in an arbitrary, capricious, unfair or discriminatory manner. | Do courts have jurisdiction to enjoin intercollegiate athletic associations from taking action or enforcing an order? | 017326.docx | LEGALEASE-00164378-LEGALEASE-00164380 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 2731 | Therrien v. Mercantile-Commerce Bank & Tr. Co., 360 Mo. 149 | 302+214(5) | Appellant also invokes Greenlake Inv. Co. v. Swarthout, Mo.App., 161 S.W.2d 697, 698(1, 2), which held: "In ruling upon a general demurrer, all (properly pleaded) facts and all inferences of fact that may fairly and reasonably be drawn therefrom must be taken as true." But in the next full sentence the decision goes on to say: "Of course, neither conclusions of law nor the conclusions of the pleader on the facts are admitted by a general demurrer * * *." We shall not attempt to go into the distinctions between "conclusions of fact", "inferences of fact" and "evidentiary inferences'. It is enough to say that the pleading must afford a reasonably sufficient fact foundation for the further facts to be inferred. And we think the appellant's petition here does not do that. | In ruling upon a general demurrer, all properly pleaded facts and all inferences of fact that may fairly and reasonably be drawn therefrom must be taken as true; but neither conclusions of law nor conclusions of pleader on the facts are admitted by the demurrer. V.A.M.S. SS 509.250, 509.270, 509.300. | "In ruling upon a general demurrer, should all properly pleaded facts and all inferences of fact that may fairly and reasonably be drawn therefrom be taken as true?" | Pleading - Memo 652 - RMM_67284.docx | ROSS-003281236-ROSS-003281237 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 2732 | Manning v. North, 82 S.W.3d 706 | 307A+699 | Where the record does not contain findings of fact or conclusions of law, and the dismissal order does not specify the reason for dismissal, the dismissal must be upheld if it was proper under any legal theory supported by the record. Mireles, 14 S.W.3d at 842. If the dismissal order is silent, the plaintiffs seeking reinstatement must negate all possible grounds for dismissal, including whether the dismissal was prompted by a lack of due diligence in prosecuting the suit or for a violation of the Supreme Court's standards.Rampart Capital Corp. v. Maguire, 974 S.W.2d 195, 197 (Tex.App.-San Antonio 1998, pet. denied). | If a dismissal order is silent, plaintiffs seeking reinstatement must negate all possible grounds for dismissal, including whether dismissal was prompted by a lack of due diligence in prosecuting suit or for a violation of the Supreme Court's standards. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "If a dismissal order is silent, should plaintiffs seeking reinstatement negate all possible grounds for dismissal?" | 040978.docx | LEGALEASE-00164795-LEGALEASE-00164796 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 2733 | State v. Ervin, 158 Wash. 2d 746 | 135H+1 | The double jeopardy clause applies where (1) jeopardy has previously attached, (2) that jeopardy has terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law. See State v. Corrado, 81 Wash.App. 640, 645, 915 P.2d 1121 (1996); In re Pers. Restraint of Orange, 152 Wash.2d 795, 820, 100 P.3d 291 (2004). Where these elements have been met, the double jeopardy clause bars the State from retrying a defendant. See Corrado, 81 Wash.App. at 645, 915 P.2d 1121. In the instant case only the second element is at issue. Thus, we must decide whether jeopardy has terminated on the charges of aggravated first degree murder and attempted first degree murder, thereby barring the State from retrying Ervin on these charges. | The double jeopardy clause applies where (1) jeopardy has previously attached, (2) that jeopardy has terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law; where these elements have been met, the double jeopardy clause bars the State from retrying a defendant. U.S.C.A. Const.Amend. 5; West's RCWA Const. Art. 1, S 9. | "Does double jeopardy clause apply where jeopardy has previously attached, jeopardy has terminated, and the defendant is in jeopardy a second time for the same offense in fact and law?" | 016096.docx | LEGALEASE-00165845-LEGALEASE-00165846 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 2734 | Mansfield v. United States, 800 F. Supp. 2d 84 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 497"98, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). "The Clause protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (citations omitted). | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | Does double jeopardy clause afford a defendant protection against a second prosecution for the same offense after conviction? | Double Jeopardy - Memo 896 - C - RF_67685.docx | ROSS-003281864-ROSS-003281865 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2735 | Auto. Leasing Specialists v. Little, 392 B.R. 222 | 349A+10 | It is well-established "a provision in a contract requiring the lessee to remain financially liable to the lessor for payments that become due after the termination date does not constitute the right to terminate under the statute." In re Bailey, 326 B.R. at 162, citing Hoskins, 266 B.R. at 160. Here, the provisions of the Lease Agreement"when read together"show the Debtor would be liable to pay money to ALS if she chose to terminate the lease early, and would be liable for substantial amounts if she chose to terminate the lease at the beginning of the lease term. Therefore, this Court concludes the Debtor does not have the right to terminate her obligation under the statute, as recognized by courts interpreting this statute. | Under Louisiana law, a provision in a contract requiring the lessee to remain financially liable to the lessor for payments that become due after the termination date does not constitute the right to terminate under statute in effect prior to 2006 which governed the issue of whether a transaction created a true lease or a security interest. LSA-R.S. 10:1-201(37). | Does a provision in a contract requiring the lessee to remain financially liable to the lessor for payments that become due after the termination date not constitute the right to terminate? | 042797.docx | LEGALEASE-00166018-LEGALEASE-00166019 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 2736 | United States v. Morse, 613 F.3d 787 | 135H+30 | "Relevant conduct which has been considered in a prior sentencing can be a basis for subsequent prosecution without violating the double jeopardy clause so long as the earlier sentence was within the statutory or legislatively authorized punishment range." United States v. Abboud, 273 F.3d 763, 766 (8th Cir.2001). As long as the sentence previously imposed was within the authorized statutory limits for that earlier crime, enhancing a sentence for a separate crime with the same conduct does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. Witte v. United States, 515 U.S. 389, 398"99, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). | As long as the sentence previously imposed was within the authorized statutory limits for that earlier crime, enhancing a sentence for a separate crime with the same conduct does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | Does enhancing a sentence for a separate crime with the same conduct constitute punishment for that conduct within the meaning of the Double Jeopardy Clause? | 014873.docx | LEGALEASE-00166194-LEGALEASE-00166195 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 2737 | State v. Nunez, 129 N.M. 63 | 135H+25 | In Ursery, the Supreme Court held that "[i]n rem civil forfeitures are neither "punishment" nor criminal for purposes of the Double Jeopardy Clause." Ursery, 518 U.S. at 292, 116 S.Ct. 2135. The Court thus"in the realm of controlled-substance-related forfeitures, and in essentially every other type of civil forfeiture"eliminated any double-jeopardy ground for dismissing civil forfeiture cases under the United States Constitution. Many articles and cases have meticulously summarized, criticized, and applied Ursery. We will not replicate this oft-repeated information except to describe aspects of Ursery that are distinct from established New Mexico law. We conclude, under the first part of the Gomez analysis, that, after Ursery, the federal constitution does not prevent the State from bringing, under the Controlled Substances Act, separate criminal and civil forfeiture actions for the same offense. The rights asserted by the defendants before us are not protected under federal law. | The Double Jeopardy Clause of the federal constitution does not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the Controlled Substances Act. U.S.C.A. Const.Amend. 5; NMSA 1978, S 30-31-34. | Does the Double Jeopardy Clause of the federal constitution not prevent the state from bringing separate criminal and civil forfeiture actions for the same offense under the Controlled Substances Act? | Double Jeopardy - Memo 515 - C - KS_68294.docx | ROSS-003280995-ROSS-003280996 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 2738 | City of Billings ex rel. Huertas v. Billings Mun. Court, 404 P.3d 709 | 135H+96 | After a defendant's double jeopardy rights are implicated and a mistrial is declared, a "second criminal trial is barred unless there was a manifest necessity to terminate the trial or the defendant acquiesced in the termination." Cates, 33 (quoting Carney, 219 Mont. at 417, 714 P.2d at 535) (internal omissions, quotations, and citations omitted). Manifest necessity to discontinue a trial exists when "particular circumstances manifest a necessity for so doing, and when failure to discontinue would defeat the ends of justice." Cates, 33 (quoting Carney, 219 Mont. at 417, 714 P.2d at 535; Wade v. Hunter, 336 U.S. 684, 690, 69 S.Ct. 834, 838, 93 L.Ed. 974 (1949)). A mistrial is an "exceptional remedy," State v. Miner, 2012 MT 20, 13, 364 Mont. 1, 271 P.3d 56 (quoting State v. Novak, 2005 MT 294, 26, 329 Mont. 309, 124 P.3d 182), and therefore a "remedial action short of a mistrial is preferred unless the ends of justice require otherwise." Novak, 26. Where there are only "technical errors or defects that do not affect the substantial rights of the defendant" a mistrial is inappropriate. Miner, 13. | After a defendant's double jeopardy rights are implicated and a mistrial is declared, a second criminal trial is barred unless there was a manifest necessity to terminate the trial or the defendant acquiesced in the termination. U.S. Const. Amend. 5; Mont. Const. art. 2, S 25. | "After a defendant's double jeopardy rights are implicated and a mistrial is declared, is a second criminal trial barred unless there was a manifest necessity to terminate the trial?" | 015892.docx | LEGALEASE-00166254-LEGALEASE-00166255 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2739 | Durkin v. Davis, 814 So. 2d 1246 | 307A+695 | "A dismissal with prejudice should not be ordered without giving the party ... an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action." Kapley v. Borchers, 714 So.2d 1217, 1218 (Fla. 2d DCA 1998). While Durkin's amended complaint was not a model of clarity, it does set forth a cause of action against Davis and Beasley. In light of Florida's public policy to allow amendment of pleadings, the trial court should not have dismissed the complaint with prejudice. | A dismissal with prejudice should not be ordered without giving the party an opportunity to amend unless it appears that the privilege to amend has been abused or it is clear that the pleading cannot be amended to state a cause of action. | Should a dismissal with prejudice not be ordered without giving the party an opportunity to amend unless it is clear that the pleading cannot be amended to state a cause of action? | Pretrial Procedure - Memo 12050 - C - KG_68458.docx | ROSS-003294682-ROSS-003294683 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 2740 | Turk v. TIG Ins. Co., 616 F. Supp. 2d 1044 | 13+27(1) | A claim for breach of the duty of good faith and fair dealing can be rooted in tort or contract law. Id. at 923. This claim sounds in tort when a "special element of reliance or fiduciary duty" exists between the parties. Great Am. Ins. Co. v. Gen. Builders, Inc., 113 Nev. 346, 934 P.2d 257, 263 (1997). When such a relationship exists, tort recovery is appropriate if "the party in the superior or entrusted position" has engaged in "grievous and perfidious conduct." Id. (quoting K Mart Corp. v. Ponsock, 103 Nev. 39, 732 P.2d 1364, 1371 (1987)). Although tort liability for breach of the covenant of good faith and fair dealing is limited to "rare and exceptional cases," the Nevada Supreme Court holds that the relationship between an insurer and an insured is one such case. Id. | Under Nevada law, a claim for breach of duty of good faith and fair dealing sounds in tort when a special element of reliance or fiduciary duty exists between the parties. | Does a claim for breach of duty of good faith and fair dealing sound in tort when a special element of reliance or fiduciary duty exists between the parties? | Action - Memo 977 - C _1bA0D045f4TzBisT25yZNavD-DWjsB7Jk.docx | ROSS-000000078-ROSS-000000079 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 2741 | State v. Critelli, 237 Iowa 1271 | 135H+99 | Under the strict practice which formerly prevailed, in England at least, the discharge of a jury in a criminal case for any cause after the proceedings had advanced to such a stage that jeopardy had attached, but before a verdict of acquittal or conviction, was held to sustain a plea of former jeopardy, and therefore to operate practically as a discharge of the prisoner. In deference however to the necessities of justice, this strict rule has been greatly relaxed and the general modern rule is that the court may discharge a jury without working an acquittal of the defendant, in any case where the ends of justice, under the circumstances would otherwise be defeated. The court is to exercise a sound discretion on the subject, and it is impossible to define all the circumstances which will render it proper for the court to interfere. | Generally, a court may discharge a jury without working an acquittal of the defendant, in any case where the ends of justice, under the circumstances will otherwise be defeated, but court, in its sound discretion, is justified in exercising the power only in case of manifest necessity. Code 1946, SS 777.20, 784.4; Const. art. 1, S 12. | "Can a court discharge a jury without working an acquittal of accused in any case where ends of justice, under circumstances, would otherwise be defeated?" | Double Jeopardy - Memo 571 - C - SHB_68350.docx | ROSS-003280354-ROSS-003280355 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2742 | Yudashkin v. Linzmeyer, 247 Mich. App. 642 | 307A+695 | Clearly, the trial court's ruling put defendants on notice that it would have jurisdiction over defendants if plaintiff chose to amend his complaint against defendants to specifically allege fraud. Indeed, the trial court granted plaintiff leave to amend his complaint to add new theories in a subsequent scheduling order. "If a trial court grants summary disposition pursuant to MCR 2.116(C)(8), (C)(9), or (C)(10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile. MCR 2.116(I)(5)." Doyle, supra at 212, 615 N.W.2d 759. "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." Lane v. KinderCare Learning Centers, Inc., 231 Mich.App. 689, 697, 588 N.W.2d 715 (1998). | If trial court grants summary disposition because the opposing party has failed to state a claim on which relief can be granted, the opposing party has failed to state a valid defense to the claim asserted against him or her, or there is no genuine issue as to any material fact except as to the amount of damages and the moving party is entitled to judgment as a matter of law, the court must give the parties an opportunity to amend their pleadings, unless the amendment would be futile. MCR 2.116(C)(8-10), (I)(5), 2.118. | Should the court give the parties an opportunity to amend their pleadings upon granting summary disposition because the opposing party has failed to state a claim on which relief can be granted? | 040844.docx | LEGALEASE-00166877-LEGALEASE-00166878 | Condensed, SA, Sub | 0.36 | 0 | 1 | 1 | 1 | 1 |
| 2743 | In re Durham, 260 B.R. 383 | 349A+10 | Keith M Lundin, Chapter 13 Bankruptcy 233"45 (3d ed.2000). To conclude otherwise would be to conclude that a properly constructed and noticed Chapter 13 plan cannot treat the claim of creditors as provided in " 1322(b)(2). In reaching this conclusion, the Court first notes that the determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law and one which is often dependent upon the peculiar facts of each creditor-debtor relationship.] | Determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law, and often dependent upon the peculiar facts of each creditor-debtor relationship. | Is the determination of whether a transaction constitutes a true lease or a disguised security agreement a matter of state law? | Secured Transactions - Memo 101 - C - SHB_68734.docx | ROSS-003293791-ROSS-003293792 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 2744 | Meadowlands Reg'l Dev. Agency v. State, 112 N.J. Super. 89 | 371+2016 | The Legislature, through its formula, determines the amount of that part of the cost of local government related to the meadowland adjustment payment which each contributing municipality must raise by taxation. The Commission's function is purely ministerial in computing the amounts due. As the decisions upon which the plaintiffs rely quite clearly hold, the Legislature may properly delegate incidents of the taxing power, such as the functions of computation, appraisal and adjustment, to appointive officials without running afoul of the proscription against delegation of the power itself thereto, Bernards, supra, 61 N.J.L. at 238, 39 A. 716; Van Cleve, supra, 71 N.J.L. at 581, 60 A. 214; see also Switz v. Kingsley, 69 N.J.Super. 27, 34, 173 A.2d 449 (Law Div.1961), aff'd as modified, 37 N.J. 566, 182 A.2d 841 (1962). | The Legislature may properly delegate incidents of taxing power, such as the functions of computation, appraisal and adjustment, to appointive officials without running afoul of the proscription against delegation of the power itself thereto. N.J.S.A.Const.1947, Art. IV, S I, par. 1; S VII, par. 9(6). | Can the Legislature properly delegate incidents of taxing to appointive officials without running afoul of the proscription against delegation of the power itself thereto? | Taxation - Memo 1354 - C - NK_68548.docx | ROSS-003279538-ROSS-003279539 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 2745 | Hawkins v. Tennessee Dep't of Correction, 127 S.W.3d 749 | 401+17 | Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, Metropolitan Dev. & Hous. Agency, 637 S.W.2d at 880, waiver is not available when a transitory action has been localized by statute. In that situation, venue has become part of the court's authority to hear a particular action and is, therefore, jurisdictional. Curtis v. Garrison, 211 Tenn. 339, 344, 364 S.W.2d 933, 935 (1963); Terminix Int'l Co. v. Tapley, No. 02A01"9701"CH"00028, 1997 WL 437222, at *5, 1997 Tenn.App. LEXIS 546, at *13"*15 (Tenn.Ct.App. Aug. 4, 1997) (no Tenn. R.App. P. 11 application filed). | Even though venue is considered a personal privilege of the defendant that can be waived if not raised in a timely manner, waiver is not available when a transitory action has been localized by statute; in that situation, venue has become part of thecourt's authority to hear a particular action and is, therefore, jurisdictional. | Can one waive or consent to venue when a transitory action has been localized by statute? | 00801.docx | LEGALEASE-00081594-LEGALEASE-00081595 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 2746 | Am. Home Assur. Co. v. City of OpaLocka, 368 So. 2d 416 | 366+1 | Under these circumstances, we hold that Travelers became subrogated to the Officer's right to recover from American Home the fees and costs due him because of its wrongful refusal to defend. As we said in Allstate Life Ins. Co. v. Weldon, 213 So.2d 15, 18 (Fla. 3d DCA 1968), quoting from Ulery v. Asphalt Paving, Inc., 119 So.2d 432 (Fla. 1st DCA 1960):"Subrogation, a creation of equity, is founded on the proposition of doing justice without regard to form, and was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another. Trueman Fertilizer Co. v. Allison, Fla., 81 So.2d 734. The right of subrogation has been sustained in almost every conceivable type of transaction where the party invoking it has been required to pay a debt for which another is primarily answerable, and which in equity and good conscience the other ought to pay." | Subrogation, a creation of equity, is founded on the principle of doing justice without regard to form and was designed to afford relief to one who is required to pay a legal obligation which ought to have been met either wholly or partially by another. | "Does equitable subrogation apply when a legal obligation ought to have been met, either wholly or partially, by another? " | 05144.docx | LEGALEASE-00084222-LEGALEASE-00084223 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2747 | Occidental Chem. Corp. v. OHM Remediation Servs. Corp., 175 F.R.D. 431 | 311H+159 | The attorney-client privilege may cover "communications made to agents of an attorney ... hired to assist in the rendition of legal services." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir.1989), cert. denied, 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 31 (1991). Thus, "the attorney-client privilege can attach to reports of third parties made at the request of the attorney or the client where the purpose of the report was to put in usable form information obtained from the client." Federal Trade Commission v. TRW, Inc., 628 F.2d 207, 212 (D.C.Cir.1980) (citing United States v. Kovel, 296 F.2d 918 (2d Cir.1961)). | Attorney-client privilege may cover communications made to agents of attorney hired to assist in rendition of legal services; thus, attorney-client privilege can attach to reports of third parties made at request of attorney or client where purpose of report was to put in usable form information obtained from client. | Are agents of an attorney covered by attorney-client privilege? | 05864.docx | LEGALEASE-00089192-LEGALEASE-00089193 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 2748 | Bivona v. Danna & Assocs., P.C., 123 A.D.3d 956 | 307A+561.1 | In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Alva v. Gaines, Gruner, Ponzini & Novick, LLP, 121 A.D.3d 724, 724, 995 N.Y.S.2d 78 [internal quotation marks omitted]; see Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). "A motion to dismiss a cause of action pursuant to CPLR 3211(a)(1) may be granted only if "documentary evidence utterly refutes [the] plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law"" (Indymac Venture, LLC v. Nagessar, 121 A.D.3d 945, 945, 995 N.Y.S.2d 145, quoting Whitebox Concentrated Convertible Arbitrage Partners, L.P. v. Superior Well Servs., Inc., 20 N.Y.3d 59, 63, 956 N.Y.S.2d 439, 980 N.E.2d 487). | A motion to dismiss a cause of action based on a defense founded in documentary evidence may be granted only if documentary evidence utterly refutes plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss a cause of action based on a defense founded in documentary evidence be granted? | 10947.docx | LEGALEASE-00094071-LEGALEASE-00094072 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2749 | MBIA Ins. Corp. v. Countrywide Home Loans, 34 Misc. 3d 895 | 307A+683 | CPLR 3211(b) states that "[a] party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit."When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. Bank of America, N.A. v. 414 Midland Ave. Assocs., LLC, 78 A.D.3d 746, 748, 911 N.Y.S.2d 157 (2nd Dep't 2010). | When moving to dismiss an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is without merit as a matter of law because it either does not apply under the factual circumstances of the case or fails to state a defense. McKinney's CPLR 3211(b). | Why should the plaintiff bear the burden to demonstrate that the affirmative defense is without merit as a matter of law? | 10949.docx | LEGALEASE-00094240-LEGALEASE-00094241 | Condensed, SA | 0.45 | 0 | 1 | 0 | 1 | |
| 2750 | Anson v. Erlanger Minerals and Metals, 702 P.2d 393 | 237+1 | Hence the constitutionally required fault elements underlying liability for defamation in this state are willfulness and negligence. More specifically, liability attaches to anyone who publishes a defamatory falsehood concerning a private person"or a public official or figure regarding a purely private matter not affecting his official conduct, fitness or capacity"if (1) the utterer knows the statement is false, or (2) the publisher acts in reckless disregard of whether such statement is false or not, or (3) the speaker acts negligently in failing to ascertain that the statement is false. | Constitutionally required fault elements underlying liability for defamation are willfulness and negligence; liability attaches to anyone who publishes defamatory falsehood concerning private person or public official or figure regarding purely private matter not affecting his official conduct, fitness or capacity if utterer knows statement is false or if publisher acts in reckless disregard of whether such statement is false or not, or if speaker acts negligently in failing to ascertain that statement is false. 76 O.S.1981, S 5(a). | When can liability for defamation be imposed on a defendant? | 004782.docx | LEGALEASE-00117042-LEGALEASE-00117043 | Condensed, SA | 0.1 | 0 | 1 | 0 | 1 | |
| 2751 | Fin. Sec. Assur. v. Stephens, 500 F.3d 1276 | 366+1 | Finally, FSA argues that it has standing based on subrogation. "Subrogation is "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." " Jones Motor Co. v. Anderson, 268 Ga.App. 458, 602 S.E.2d 228, 230 (2004) (quoting Black's Law Dictionary 1427 (6th ed.1990)); see also Pearlman v. Reliance Ins. Co., 371 U.S. 132, 136"37, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962). Subrogation is either "legal" or "conventional." | "Subrogation" is the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities?" | Subrogation - Memo # 655 - C - SA.docx | ROSS-003282727-ROSS-003282728 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |
| 2752 | Bacon v. DBI/SALA, 284 Neb. 579 | 413+1065 | As mentioned, the policy in question is part of an owner-controlled "wrap-up" insurance program. Wrap-up insurance programs are designed to prevent the plethora of third-party claims usually associated with lawsuits in large construction projects, wherein various parties associated with the project seek indemnification or contribution from each other. Such claims interfere with construction and result in higher costs. So, pursuant to a waiver of subrogation clause, the contractors and subcontractors, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner. That risk is then transferred to the owner's insurer for valuable consideration. | In a wrap-up insurance program, pursuant to a waiver of subrogation clause, contractors and subcontractors, on a large construction project, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner, which risk is then transferred to the owner's workers' compensation insurer for valuable consideration. | Do contractors and subcontractors exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner in a wrap-up insurance program? | 043524.docx | LEGALEASE-00127693-LEGALEASE-00127694 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 2753 | Travelers Prop. Cas. Co. of Am. v. Twine, 120 Conn. App. 823 | 307A+517.1 | The plaintiff withdrew the action on December 9, 2008, before a hearing on the merits of the motion for summary judgment took place. General Statutes " 52"80 provides in relevant part: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown." "The right of a plaintiff to withdraw his action before a hearing on the merits, as allowed by is absolute and unconditional. Under [the] law, the effect of a withdrawal, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket." (Internal quotation marks omitted.) Daigneault v. Consolidated Controls Corp./Eaton Corp., 89 Conn.App. 712, 714, 875 A.2d 46, cert. denied, 276 Conn. 913, 888 A.2d 83 (2005), cert. denied, 546 U.S. 1217, 126 S.Ct. 1434, 164 L.Ed.2d 137 (2006). "The court unless [the action] is restored to the docket cannot proceed with it further...." Lusas v. St. Patrick's Roman Catholic Church Corp., supra, 123 Conn. at 170, 193 A. 204. | The effect of a withdrawal of a complaint, so far as the pendency of the action is concerned, is strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket; unless the action is restored to the docket, the court cannot proceed with it further. C.G.S.A. S 52-80. | "Is the effect of a withdrawal of a complaint, so far as the pendency of the action is concerned, strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket?" | Pretrial Procedure - Memo # 2347 - C - KG.docx | ROSS-003315129-ROSS-003315130 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2754 | Brazilia v. Collector of St. Louis Cty., 117 S.W.3d 704 | 307A+685 | Dismissal for lack of subject matter jurisdiction is proper when it "appears by the preponderance of the evidence that a court is without jurisdiction." James v. Poppa, 85 S.W.3d 8, 9 (Mo. banc 2002). Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of the trial court. Id. The court may review affidavits, exhibits and other evidence to determine jurisdiction. Gabler v. McColl, 863 S.W.2d 340, 342 (Mo.App. E.D.1993). | Whether there is subject matter jurisdiction is a question of fact left to the sound discretion of a trial court, on motion to dismiss for lack of subject matter jurisdiction; the court may review affidavits, exhibits and other evidence to determine jurisdiction. | "Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of a trial court, on a motion to dismiss for lack of subject matter jurisdiction ?" | 037739.docx | LEGALEASE-00151805-LEGALEASE-00151806 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 2755 | Toise v. Rowe, 82 Conn. App. 306 | 141E+1234 | Decision by Bureau of Rehabilitation Services denying retroactive payments for graduate school tuition at private university did not violate purposes and intent of Rehabilitation Act of 1973; student was not guaranteed optimum employment, and federal regulation prohibited Bureau from making retroactive payments. Rehabilitation Act of 1973, "" 2(a)(6)(B), (b)(2), 100(a)(3)(B), as amended, 29 U.S.C.A. "" 701(a)(6)(B), (b)(2), 720(a)(3)(B); 34 C.F.R. " 361.44 (1996). The plaintiff was not guaranteed optimum employment, and the bureau was unable to provide tuition support due to the applicable federal regulations that prohibit retroactive payments. Accordingly, the court correctly determined that the plaintiff was not entitled to tuition support from the bureau. | Decision by Bureau of Rehabilitation Services denying retroactive payments for graduate school tuition at private university did not violate purposes and intent of Rehabilitation Act of 1973; student was not guaranteed optimum employment, and federal regulation prohibited Bureau from making retroactive payments. Rehabilitation Act of 1973, SS 2(a)(6)(B), (b)(2), 100(a)(3)(B), as amended, 29 U.S.C.A. SS 701(a)(6)(B), (b)(2), 720(a)(3)(B); 34 C.F.R. S 361.44 (1996). | Can a disabled student receive retroactive payments or reimbursement for tuition assistance under the Rehabilitation Act? | 017081.docx | LEGALEASE-00154821-LEGALEASE-00154822 | Condensed, SA, Sub | 0.39 | 0 | 1 | 1 | 1 | 1 |
| 2756 | Com. v. Swan, 73 Mass. App. Ct. 258 | 281+126 | Open and gross lewdness. "Open and gross lewdness and lascivious behavior" is prohibited by G.L. c. 272, " 16, but the statute does not define the offense. However, decisional law requires proof of five elements to support a conviction, i.e., that the defendant (1) exposed genitals, breasts, or buttocks;(2) intentionally; (3) openly or with reckless disregard of public exposure; (4) in a manner so "as to produce alarm or shock"; (5) thereby actually shocking or alarming one or more persons. Commonwealth v. Kessler, 442 Mass. 770, 773 & n. 4, 817 N.E.2d 711 (2004). | A conviction for open and gross lewdness and lascivious behavior requires proof that a defendant (1) exposed genitals, breasts, or buttocks, (2) intentionally, (3) openly or with reckless disregard of public exposure, (4) in a manner so as to produce alarm or shock, (5) thereby actually shocking or alarming one or more persons. M.G.L.A. c. 272, S 16. | What is required to prove open lewdness? | 014373.docx | LEGALEASE-00155754-LEGALEASE-00155755 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2757 | Kirby v. BancorpSouth Bank, 211 So. 3d 704 | 307A+583 | Mississippi Rule of Civil Procedure 41(b) allows a defendant to file a motion to dismiss any claim against him when the plaintiff fails to prosecute. "The purpose of this rule is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice." Cornelius v. Benefield, 168 So.3d 1028, 1032 (Miss.Ct.App.2013) (quoting Hanson v. Disotell, 106 So.3d 345, 347 (Miss.2013)). When analyzing whether a Rule 41(b) dismissal is appropriate, this Court looks for the following factors: "(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding that lesser sanctions would not serve the interests of justice." Id. at 1032"33 (quoting Holder v. Orange Grove Med. Specialties P.A., 54 So.3d 192, 197 (Miss.2010)). "However, past Mississippi practice has tempered this harsh result by allowing dismissed cases to be reinstituted, except in extreme situations." | The purpose of the rule authorizing dismissal of a claim for the plaintiff's failure to prosecute is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice. Rules Civ.Proc., Rule 41(b). | Do Trial judges have the inherent authority to dismiss cases for failure to prosecute as a means of controlling the court's docket | 040623.docx | LEGALEASE-00162458-LEGALEASE-00162459 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 2758 | Slowke v. Altermatt, 293 Mich. 360 | 307A+501 | Because there has been a material change in Court Rule No. 38 since our decision in Pear v. Graham, 258 Mich. 161, 241 N.W. 865, that case, which was at issue before plaintiff moved to discontinue, is not controlling. The rule as formerly worded is quoted in the opinion in the Pear case; and reference to the old rule discloses that the time within which a plaintiff might discontinue his suit was limited by the phrase 'before answer filed'. This limitation is not in the revised rule No. 38, 1939. The pertinent limitation in the present rule is that plaintiff may not discontinue 'where a defendant shall have entered upon his defense in open court, unless with the consent of the defendant.' The clear import of our former decisions is that a defendant has 'entered upon his defense in open court by putting in his testimony upon the merits. Mintz v. Soule, 200 Mich. 9, 166 N.W. 491. But this case was clearly decided upon the Court's holding that after a plaintiff had introduced his proofs and rested, and the defendants before offering any testimony made a motion for a directed verdict, they did not by making such motion enter upon their defense. Both in the Mintz case and in Justice Wiest's opinion in Pear v. Graham, supra, the common law right of a plaintiff to dismiss or submit to a voluntary nonsuit is noted. The right still exists except as modified by statute or court rule. At the time plaintiffs motion was made in the instant case his right to a nonsuit was not curtailed by anyexisting statutory or rule provision. It follows that plaintiffs motion for nonsuit should have been granted. | A plaintiff's common law right to dismiss action or submit to voluntary nonsuit still exists, except as modified by statute or court rule. | "Does a plaintiffs common law right to dismiss an action or submit to a voluntary nonsuit still exist, except as modified by statute or court rule?" | Pretrial Procedure - Memo # 1300 - C - PB.docx | ROSS-003286095-ROSS-003286096 | SA, Sub | 0.91 | 0 | 0 | 1 | 1 | |
| 2759 | United States v. Murphy, 84 F. 609 | 221+212 | A combination of a number of men in the United States, with a common intent to proceed in a body to a foreign territory, and engage in hostilities, either by themselves or in co-operation with others, against a power with whom the United States are at peace, constitutes a military expedition, when they actually proceed from the United States, whether they are then provided with arms, or intend to secure them in transit. It is not necessary that all the persons shall be brought in personal contact with each other in the United States, or that they shall be drilled, uniformed, or prepared for efficient service. | A combination of a number of men in the United States, with a common intent to proceed in a body to a foreign territory, and engage in hostilities, either by themselves or in co-operation with others, against a power with whom the United States are at peace, constitutes a military expedition, when they actually proceed from the United States, whether they are then provided with arms, or intend to secure them in transit. It is not necessary that all the persons shall be brought in personal contact with each other in the United States, or that they shall be drilled, uniformed, or prepared for efficient service. | What constitutes a military expedition? | Neutrality Laws - Memo 1 - SB.docx | ROSS-003297961-ROSS-003297962 | Condensed, SA | 0 | 0 | 1 | 0 | 1 | |
| 2760 | One Bluff Drive v. K.A.P., 330 Ga. App. 45 | 307A+3 | Finally, the appellants contend the trial court erred by denying their motion in limine to exclude testimony or evidence of KAP's "total costs" of performing the contract. We review the trial court's decisions on the admissibility of evidence, including a denial of a motion in limine, for an abuse of discretion. Forsyth County v. Martin, 279 Ga. 215, 221(3), 610 S.E.2d 512 (2005); Toler v. Ga. Dept. of Transp., 328 Ga.App. 144, 145, 761 S.E.2d 550 (2014). And motions in limine should only be granted with great care and when there is no circumstance under which the evidence at issue could be admissible at trial:By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | By its very nature, grant of motion in limine excluding evidence suggests that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial, and in light of that absolute, grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Is the grant of a motion in limine excluding evidence a judicial power which must be exercised with great care? | Pretrial Procedure - Memo 375 - RK.docx | ROSS-003298575-ROSS-003298576 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 2761 | In re City Nat. Bank, 257 S.W.3d 452 | 401+17 | Section 15.011 states as follows:Actions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, for recovery of damages to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.Tex. Civ. Prac. & Rem.Code " 15.011 (Vernon 2002). A party must allege two "venue facts," and establish them by prima facie proof if specifically denied, to show that venue is mandatory under Section 15.011: (1) that the nature of the suit fits within those listed in Section 15.011, and (2) that all or part of the realty at issue is located in the county of suit. In re Stroud Oil Properties, Inc., 110 S.W.3d 18, 24 (Tex.App.-Waco 2002, orig. proceeding). It is the ultimate or dominant purpose of a suit that determines whether a particular suit falls under the mandatory venue statute, and not how the cause of action is described by the parties. Bracewell v. Fair, 638 S.W.2d 612, 615 (Tex.App.-Houston [1st Dist.] 1982, no writ). The nature of the plaintiff's claim is determined from the principal right asserted and the relief sought in the plaintiff's petition. Stroud Oil, 110 S.W.3d at 25. | A party must allege two venue facts, and establish them by prima facie proof if specifically denied, to show venue in a suit involving an interest in property: (1) that the nature of the suit fits within those listed in relevant venue statute, and (2) that all or part of the realty at issue is located in the county of suit. V.T.C.A., Civil Practice & Remedies Code S 15.011. | What are the two venue facts that must be established to show that venue is mandatory under the venue statute? | Venue - Memo 66 - JS.docx | ROSS-003301690-ROSS-003301691 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2762 | Mahler v. Szucs, 135 Wash. 2d 398 | 366+1 | All of the parties have argued subrogation principles resolve the issues in these cases. Subrogation is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility. It seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. Ronald C. Horn, Subrogation in Insurance Theory and Practice 3 (1964). Two law review commentators have referred to this allocation rationale as stemming from "the moralistic basis of tort law as it has developed in our system." Spencer L. Kimball & Don A. Davis, The Extension of Insurance Subrogation, 60 Mich. L. Rev. 841, 841 1962). "The general purpose of subrogation is to facilitate placement of the financial consequences of loss on the party primarily responsible in law for such loss." Horn, supra, at 24. | "Subrogation" is an equitable doctrine the essential purpose of which is to provide for a proper allocation of payment responsibility; it seeks to impose ultimate responsibility for a wrong or loss on the party who, in equity and good conscience, ought to bear it. | "Is subrogation an equitable doctrine, the essential purpose of which is to provide for a proper allocation of payment responsibility?" | Subrogation - Memo # 537 - C - NO.docx | ROSS-003312840-ROSS-003312842 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 2763 | In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 221+137 | Under generally accepted principles of international law, the navigable sea is divided into three zones: inland waters; territorial waters extending seaward from a defined coastal baseline; and the high seas, international waters beyond the limit of a sovereign's territorial sea. United States v. Louisiana, 394 U.S. 11, 22"23, 89 S.Ct. 773, 22 L.Ed.2d 44 (1969); see generally I. Brownlie, Principles of Public International Law at 183"84 (3d ed.1979); Webster's New Collegiate Dictionary (1979) (defining "high sea" as "the open part of a sea or ocean esp[ecially] outside territorial waters"). Despite this ostensibly established meaning under international law, a review of legislative history, infra, demonstrates that the proponents and opponents of the original DOHSA legislation employed substantively different definitions of the term, and it can be vigorously disputed whether Congress intended to incorporate into DOHSA the international concept of high seas as sovereignless waters. | Under generally accepted principles of international law, the navigable sea is divided into three zones: inland waters; territorial waters extending seaward from a defined coastal baseline; and the high seas, international waters beyond the limit of a sovereign's territorial sea. | Under generally accepted principles of international law into how many zones is the navigable sea divided? | International Law - Memo # 5 - C - LK.docx | ROSS-003314003-ROSS-003314004 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 2764 | Perez v. New York City Hous. Auth., 290 A.D.2d 265 | 307A+746 | Given our preference for disposition of cases on the merits (see, Santora& McKay v. Mazzella, 211 A.D.2d 460, 463, 620 N.Y.S.2d 395), we find that the motion court improvidently exercised its discretion in denying plaintiff's motion to vacate the court's dismissal of his action. A dismissal of an action pursuant to 22 NYCRR 202.27, based on a plaintiff's failure to appear at a calendar call, should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action (see, Telep v. Republic Elev. Corp., 267 A.D.2d 57, 699 N.Y.S.2d 380). Counsel's failure to timely appear as expected at the adjourned pre-trial conference amounted to, at worst, law office failure, in that counsel misunderstood the scheduled time and failed to ensure that the court would be informed of his presence in another courtroom (see, id.; DeBenedictis v. Rahbar, 269 A.D.2d 134, 702 N.Y.S.2d 291; Zatorski v. Klein, 11 A.D.2d 790, 204 N.Y.S.2d 922). Moreover, in addition to the excusable nature of the default, the existence of a meritorious claim was established by the materials submitted in opposition to the summary judgment motion, which counsel asserted that he had served and filed, as directed, prior to the motion's adjourn date. | A dismissal of an action based on a plaintiff's failure to appear at a calendar call should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Should a dismissal of an action based on a plaintiff's failure to appear at a calendar call be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action? | Pretrial Procedure - Memo # 6630 - C - KG.docx | ROSS-003315346-ROSS-003315347 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 2765 | Carter v. VistaCare, 335 Ga. App. 616 | 307A+486 | In order to carry her burden, Carter needed to show "the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court in the motion to withdraw had not been offered solely for purposes of delay." Parham, 333 Ga.App. at 746(1), 776 S.E.2d 826. This burden "is not perfunctorily satisfied," Turner, 280 Ga.App. at 257(1), 633 S.E.2d 641, and the "[f]ailure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw." (Citation omitted.) Brooks, 317 Ga.App. at 267(1), 730 S.E.2d 509. Moreover, "[i]f the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions," and "there is no need to address the second prong." (Citation and punctuation omitted.) Neal v. State Farm Fire & Cas. Co., 300 Ga.App. 68, 70, 684 S.E.2d 132 (2009). | The moving party's burden on a motion to withdraw admissions is not perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. West's Ga.CodeAnn. S 9-11-36(b). | "Is the moving party's burden on a motion to withdraw admissions perfunctorily satisfied, and the failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw?" | Pretrial Procedure - Memo # 2749 - C - SHB.docx | ROSS-003317296-ROSS-003317297 | Order, SA | 0.75 | 1 | 0 | 0 | 1 | |
| 2766 | Doe I v. State of Israel, 400 F. Supp. 2d 8 | 221+342 | A close cousin of the political question doctrine, the act of state doctrine prevents a court from deciding a case "when the outcome turns upon the legality or illegality .. of official action by a foreign sovereign performed within its own territory." Owens v. Republic of Sudan, 374 F.Supp.2d 1, 26 (D.D.C.2005) (quoting Riggs Nat'l Corp. & Subsidiaries v. Comm'r of IRS, 163 F.3d 1363, 1367 (D.C.Cir.1999)). While the political question doctrine is based on constitutional separation of powers concerns, see Doe Mem. Op. at 9, the act of state doctrine is based on prudential separation of powers concerns, see Siderman de Blake, 965 F.2d 699, 707 (9th Cir.1992), as well as notions of sovereign respect and intergovernmental comity, see Rong, 362 F.Supp.2d at 99 n. 12. It reflects the judiciary's reluctance to complicate foreign affairs by validating or invalidating the actions of foreign sovereigns. Owens, 374 F.Supp.2d at 26 (quoting W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The doctrine is implicated "when the outcome of a case turns upon [ ] the effect of official action by a foreign sovereign." Abu Ali v. Ashcroft, 350 F.Supp.2d 28, 57"58 (D.D.C.2004) (citing W.S. Kirkpatrick, 493 U.S. at 407"10, 110 S.Ct. 701). When it applies, the act of state doctrine is a rule of law that requires courts to presume that actions taken within a foreign sovereign's own territory are valid. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C.Cir.2002). | When it applies, the act of state doctrine is a rule of law that requires courts to presume that actions taken within a foreign sovereign's own territory are valid. | Is the act of state doctrine a rule of law that requires courts to presume that actions taken within a foreign sovereign's own territory are valid? | International Law - Memo # 528 - TH.docx | ROSS-003325072-ROSS-003325074 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2767 | Rohan v. Detroit Racing Ass'n, 314 Mich. 326 | 361+1624(20) | The title of the act clearly states that its object and purpose are to regulate and license horse-racing meets in this State; to create the office of racing commissioner;to prescribe his powers and duties; to provide for his salary and expenses; to legalize the pari-mutuel method of betting at licensed race meets; and to appropriate the funds derived therefrom. We are convinced that the wording of the title of the act does not give notice of, or call attention to, or in any way express or indicate, the object or purpose of delegating authority to the department of agriculture to lease State-owned land for the conduct of horse racing. Vernor v. Secretary of State, 179 Mich. 157, 146 N.W. 338, Ann.Cas.1915D, 128; Shepherd v. Judge of Recorder's Court of City of Detroit, 175 Mich. 193, 141 N.W. 556; Chambers v, City of Grand Lodge, 162 mich. 344, 127 N.W. 353; Bresler v. Delray Real Estate & Investment Ass'n, 156 Mich. 3, 120 N.W. 21, 132 Am.St.Rep. 516; People v. Gadway, 61 Mich. 285, 28 N.W. 101, 1 Am.St.Rep. 578. The provision in section 9 of the act authorizing the department of agriculture to lease State-owned land under its control is not germane, auxiliary or incidental to the general object and purpose of the act as expressed in its title, which was to regulate horse-racing meets and betting on horse races. Price v. Township Board of Oakfield Township, 182 Mich. 216, 148 N.W. 438; City of Grand Rapids v. Burlingame, Judge of Superior Court of Grand Rapids, 93 Mich. 469, 53 N.W. 620; Eaton v. Walker, 76 Mich. 579, 43 N.W. 638, 6 L.R.A. 102; Northwestern Manufacturing Company v. Wayne Circuit Judge, 58 Mich. 381, 25 N.W. 372, 55 Am.Rep. 693; West Virginia Pulp & Paper Co. of Delaware v. Peck, 104 Misc. 172, 171 N.Y.S. 1065; People v. Commissioners of Highways, 53 Barb., N.Y., 70. | Where title of act stated that its object and purpose were to regulate and license horse racing meets, to create office of racing commissioner, to prescribe his powers and duties, to provide for his salary and expenses, to legalize pari-mutuel method of betting at licensed race meets, and to appropriate funds derived therefrom, provision in act authorizing Department of Agriculture to lease state-owned land under its control was unconstitutional for failure of title to give notice of object or purpose of such provision. Comp.Laws Supp.1940, S 9234-49; Const. art. 5, S 21. | Can the state racing commissions regulate horse racing? | 000027.docx | LEGALEASE-00115685-LEGALEASE-00115686 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 2768 | Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306 | 92+3881 | An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Board of Trustees of Town of Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. "The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals." American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82, and see Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 2, 56 L.Ed. 65, Ann.Cas.1913B, 555. | A fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections; and the notice must be of such nature that it reasonably conveys the required information, and must afford a reasonable time for those interested to make their appearance; but if, with due regard for practicalities and peculiarities of the case, those conditions are reasonably met, the constitutional requirements are satisfied. U.S.C.A. Const.Amend. 14. | What are the requisites of a notice under due process? | 000250.docx | LEGALEASE-00115545-LEGALEASE-00115547 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |
| 2769 | Jenkins v. St. Tammany Par. Police Jury, 736 So. 2d 1287 | 414+1002 | Zoning is a general plan designed to foster improvement by confining certain classes of buildings and uses of property to certain localities. City of New Orleans v. Hamilton, 602 So.2d 112, 114 (La.App. 4 Cir.1992). The purpose of zoning is to reduce or eliminate the adverse effects that one type of land use might have on another. Id. Article 6, Section 17 of the Louisiana Constitution of 1974 gives local governments broad powers to adopt regulations for land use, zoning, and historic preservation. It provides:Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained. | "Zoning" is a general plan designed to foster improvement by confining certain classes of building and uses of property to certain localities, and its purpose is to reduce or eliminate the adverse effects that one type of land use might have on another. | Is the elimination of adverse effects of land use considered as a purpose of zoning? | 000307.docx | LEGALEASE-00115740-LEGALEASE-00115741 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2770 | Livesay v. Keaton, 611 S.W.2d 581 | 315+369 | To establish title by prescription, the holder must prove each of the elements of that doctrine as stated in the charge given the jury in the case of Morgan v. Dillard (1970) 61 Tenn.App. 519, 456 S.W.2d 359:1. Has the complainant, (prescriptive holder), been in exclusive and uninterrupted possession of the land in question for a period of more than twenty (20) years claiming the same as his own, without any account with is co-tenants or claim on their part they being under no disability to assert their rights? (Emphasis added)2. Was the complainant's (prescriptive holder's) occupancy of the property in question by permission either actual or implied of the other (co-tenants)?The foregoing states the elements necessary to establish a claim under the doctrine of title by prescription. Drewery v. Nelms, supra; Marr's Heirs v. Gilliam, supra; Eckhardt v. Eckhardt (1957) 43 Tenn.App. 1, 305 S.W.2d 346. If any one of the elements above-stated is not proven, then the doctrine is not applicable to the case. In the present lawsuit, the plaintiff did not prove that his co-tenants were "under no disability to assert their rights" during the period that the plaintiff held the property. Therefore, the chancellor correctly dismissed the lawsuit upon the defendants' motion to dismiss made at the conclusion of the plaintiff's proof. | To establish title by prescription, holder must prove each element of doctrine and thus must show that holder has been in exclusive and uninterrupted possession of land in question for more than 20 years, claiming same as his own without any account with his cotenants or claim on their part, they being under no disability to assert their rights, and it must be shown that holder's occupancy was not by permission, either actually or implied, of other cotenants. | What are the elements necessary to claim title by prescription? | 003863.docx | LEGALEASE-00115857-LEGALEASE-00115859 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2771 | In re Indep. Pier Co., 209 B.R. 333 | 38+48 | There are two types of assignments recognized under Pennsylvania law"legal assignments and equitable assignments. A legal assignment is a transfer or setting over of property, or some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, chattel or other thing. In Re Purman's Estate, 358 Pa. 187, 56 A.2d 86 (1948). A party that cannot demonstrate a legal assignment may nevertheless invoke the doctrine of equitable assignment, which is any order, writing or act by the assignor which makes an absolute appropriation of a chose in action or fund to the use of the assignee with the intention to transfer a present interest, although not amounting to a legal assignment. Id. Both of the foregoing must be distinguished, however, from acts which fall short of the requisite legal standard. Specifically, a mere promise to appropriate an anticipated fund in discharge of an obligation, and no more, does not amount to an assignment, legal or equitable. Unfortunately, for Dechert this is the most which the Court discerns on the record before it. The prefatory language in Paragraph 5 of the tri-party agreement does not equate with an unconditional transfer of a property interest by IPCO. It speaks only of the means for payment of a debt. Similarly, the language of Paragraphs 6 and 7 clearly imply that IPCO retains ownership of the share of the litigation fund to which Dechert lays claim, notwithstanding IPCO's agreement to pay Dechert from such share. The precedents hereinbefore cited make plain that such a promise of payment does not rise to the level of an assignment. | Under Pennsylvania law, party that cannot demonstrate legal assignment may nevertheless invoke doctrine of "equitable assignment," which is any order, writing or act by assignor that makes absolute appropriation of chose in action or fund to use of assignee with intention to transfer present interest, although not mounting to legal assignment. | What is the distinction between a legal assignment and an equitable assignment? | 003893.docx | LEGALEASE-00115904-LEGALEASE-00115906 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 2772 | Town & Country Bank of Springfield v. Country Mut. Ins. Co., 121 Ill. App. 3d 216 | 38+24(2) | Illinois law has established that a cause of action for personal injuries may survive by virtue of the Survival Act, but it is nevertheless not assignable, on public policy grounds. (North Chicago Street R.R. Co. v. Ackley (1897), 171 Ill. 100, 49 N.E. 222; see also Wilcox v. Bierd (1928), 330 Ill. 571, 585, 162 N.E. 170, 176.) Two reasons were given for this principle: (1) A litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as assignees; and (2) all assignments are void unless the assignor has either actually or potentially the thing which he attempts to assign. Ackley. | Cause of action for personal injuries is not assignable because litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as assignee and because all assignments are void unless the assignor has actually or potentially the thing which he attempts to assign. | Are assignments void unless the assignor has actually or potentially the thing he attempts to assign?l | Assignments - Memo 36 JS.docx | LEGALEASE-00001179-LEGALEASE-00001182 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 2773 | United States v. Spears, 697 F.3d 592 | 181+17 | By its express terms, the definition of "false identification document" requires that the document in question must appear to be state-issued and be of a type commonly accepted for identification. The Fourth Circuit has distilled this definition as follows: A "false identification document" within the meaning of " 1028(d)(4) is "an identification document that, although not issued by or under the authority of the [government], nonetheless appear[s] to a reasonable person of ordinary intelligence to be issued by or under the authority of the [government]." United States v. Jaensch, 665 F.3d 83, 91 (4th Cir.2011). The document need not be an exact replica of a government-issued identity card, see id. at 94"95; United States v. Fuller, 531 F.3d 1020, 1025"26 (9th Cir.2008), but it must at least appear to be government-issued and of a type commonly accepted for identification. Only one of the government's exhibits meets this standard. | A "false identification document" within the meaning of statute criminalizing the possession of five or more false identification documents, is an identification document that, although not issued by or under the authority of the government, nonetheless appears to a reasonable person of ordinary intelligence to be issued by or under the authority of the government; the document need not be an exact replica of a government-issued identity card, but it must at least appear to be government-issued and of a type commonly accepted for identification. 18 U.S.C.A. S 1028(a)(3), (d)(4). | What constitute a false identification document? | Forgery - Memo 34 - JS.docx | ROSS-003297076-ROSS-003297077 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 2774 | Town & Country Bank of Springfield v. Country Mut. Ins. Co., 121 Ill. App. 3d 216 | 38+24(2) | Illinois law has established that a cause of action for personal injuries may survive by virtue of the Survival Act, but it is nevertheless not assignable, on public policy grounds. (North Chicago Street R.R. Co. v. Ackley (1897), 171 Ill. 100, 49 N.E. 222; see also Wilcox v. Bierd (1928), 330 Ill. 571, 585, 162 N.E. 170, 176.) Two reasons were given for this principle: (1) A litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as assignees; and (2) all assignments are void unless the assignor has either actually or potentially the thing which he attempts to assign. Ackley. | Cause of action for personal injuries is not assignable because litigious person could harass and annoy others if allowed to purchase claims for pain and suffering and pursue the claims in court as assignee and because all assignments are void unless the assignor has actually or potentially the thing which he attempts to assign. | Are assignments void unless the assignor has actually or potentially the thing he attempts to assign? | 003993.docx | LEGALEASE-00116005-LEGALEASE-00116008 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 2775 | United States v. Carvajal, 924 F. Supp. 2d 219 | 110+97(3) | No hesitation is required; Congress intended MDLEA to apply extraterritorially. The conduct alleged in this case, while at the outer limits of the statutory text, nonetheless falls within it: Congress criminalized "attempting or conspiring" to "knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board." 46 U.S.C. "" 70503(a)(1), 70506(b). There is no territorial limitation in the statutory text, and the offenses reached by it overcome the presumption against extraterritoriality because they "not logically dependent on their locality" for United States jurisdiction. Bowman, 260 U.S. at 98-99. Congress's designs are made even more plain by the supporting sections of MDLEA, in which Congress "declare[d] that trafficking in controlled substances aboard vessels is a serious international problem" and specified that " 70503(a) "applies even though the act is committed outside the territorial jurisdiction of the United States." 46 U.S.C. "" 70501, 70503(b). Courts have uniformly ruled that MDLEA applies to conduct outside the United States. E.g., United States v. Davis, 905 F.2d 245, 248 (9th Cir. 1990) ("Congress explicitly stated that it intended the Maritime Drug Law Enforcement Act to apply extraterritorially."). | Maritime Drug Law Enforcement Act (MDLEA) applies extraterritorially; Congress criminalized "attempting or conspiring" to "knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board," there is no territorial limitation in the statutory text, and the offenses reached by it are not logically dependent on their locality for United States jurisdiction. 46 U.S.C.A. SS 70503(a)(1), 70506(b). | Does the Maritime Drug Law Enforcement Act apply to acts committed outside the territorial jurisdiction of the United States? | 004097.docx | LEGALEASE-00116199-LEGALEASE-00116201 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2776 | Howard v. Ferrellgas Partners, 748 F.3d 975 | 25T+111 | That was error. When it's apparent from a quick look at the case that no material disputes of fact exist it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration. See, e.g., Hancock v. Am. Tel. & Tel. Co., 701 F.3d 1248, 1261 (10th Cir.2012). In these circumstances, the Act's summary trial can look a lot like summary judgment. But when, as in this case, a quick look at the case suggests material disputes of fact do exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice isn't the answer. Parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn wheretheir will be heard. The Act requires courts process the venue question quickly so the parties can get on with the merits of their dispute in the right forum. It calls for a summary trial"not death by discovery. See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (FAA requires "an expeditious and summary hearing, with only restricted inquiry into factual issues"). | When it is apparent from a quick look at the case that no material disputes of fact exist as to whether the parties agreed to arbitrate, it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and by viewing the facts in the light most favorable to the party opposing arbitration, and in these circumstances, the Federal Arbitration Act's (FAA) summary trial can look a lot like summary judgment, but when a quick look at the case suggests material disputes of fact do exist on the question whether the parties agreed to arbitrate, round after round of discovery and motions practice is not the answer, and parties should not have to endure years of waiting and exhaust legions of photocopiers in discovery and motions practice merely to learn where their dispute will be heard. 9 U.S.C.A. S 4. | How will the district court decide an arbitration question? | Alternative Dispute Resolution - Memo 13 - JS.docx | ROSS-003310202-ROSS-003310204 | Condensed, SA | 0.32 | 0 | 1 | 0 | 1 | |
| 2777 | Sanbutch Properties v. United States, 343 F. Supp. 611 | 272+232 | Negligence is not the act itself, but the fact which defines the character of the act and makes it a legal wrong-it is the absence of care in the performance of an act. Under California law "Negligence is either the omission of a person (aircraft tower controller) to do something which an ordinarily prudent person (tower controller) would have done under given circumstances, or the doing of something which an ordinarily prudent person (tower controller) would not have done under such circumstances. It is not absolute or to be measured in all cases in accordance with some precise standard, but always relates to some circumstance of time, place and reason. | Under California law, "negligence" is either the omission of a person to do something which an ordinarily prudent person would have done under given circumstances, or the doing of something which an ordinarily prudent person would not have done under such circumstances; it is not absolute or to be measured in all cases in accordance with some precise standard, but always relates to some circumstance of time, place and reason. | Can negligence be measured in all cases in accordance with some precise standard? | 004442.docx | LEGALEASE-00116667-LEGALEASE-00116668 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |
| 2778 | Sch. Bd. of City of Harrisonburg v. Alexander, 126 Va. 407 | 148+1 | The chief subject of inquiry in this proceeding is, can a city school board acquire by condemnation, for its purposes, a dwelling, yard, or garden? As its right to condemn exists only by virtue of statute, the question can only be answered by a proper interpretation of the statutes on that subject. This is by no means free from difficulty. The right to take private property for a public use is a very high prerogative right, but there is no doubt about the power of the state to exercise it, or to delegate it to subordinate agencies to be exercised in proper proceedings for the public good; nor is there any doubt about the fact that the use for which the taking is sought in the case at bar is a public use. The taking of private property, however, is a matter of serious import, and is not to be permitted except where the right is plainly conferred and the manner of its exercise has been strictly followed. There must be no doubt or uncertainty about the existence of the power. If it is not plainly conferred, it does not exist. The state may grant the power generally to condemn any property for a public use, or it may place such restrictions upon the power, the manner of its exercise, or the character of the property that may or may not be taken as it pleases, and when such restrictions are imposed they must be obeyed. If the limitations or restrictions imposed involve public inconvenience, or retard the progress of public improvements, the remedy is an appeal to the Legislature. They cannot be removed by judicial construction. The courts cannot enlarge a power which the Legislature has restricted. Charlottesville v. Maury, 96 Va. 383, 31 S. E. 520; A. & F. R. Co. v. A. & W. R. Co., 75 Va. 780, 40 Am. Rep. 743. It is said that, in the construction of statutes conferring the power of eminent domain, every reasonable doubt is to be solved adversely to the right; that the affirmative must be shown, as silence is negation; and that unless both the spirit and letter of the statute clearly confer the power it | It is said that, in the construction of statutes conferring the power of eminent domain, every reasonable doubt is to be solved adversely to the right; that the affirmative must be shown, as silence is negation; and that unless both the spirit and letter of the statute clearly confer the power it cannot be exercised. | Can the power of eminent domain be exercised if a statute doesnt clearly confer the power? | Eminent Domain - Memo 17 - AKA.doc | LEGALEASE-00002803-LEGALEASE-00002805 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |
| 2779 | Matter of Rubicon, 670 So. 2d 475 | 1.49E+19 | The decision or lack thereof in this matter cries out for this court as the court of first appellate review to step forward and perform its judicial function of instruction by detailing as general as possible the needs which the DEQ must meet in rendering decisions. A decision would be more in conformity with the above mandates if it at least contained: 1) a general recitation of the facts as presented by all sides; 2) a basic finding of facts as supported by the record; 3) a response to all reasonable public comments; 4) a conclusion or conclusions on all issues raised which rationally support the order issued; and 5) any and all other matters which rationally support the DEQ's decision. This is not an exclusive listing, but merely illustrative. | When Department of Environmental Quality (DEQ) renders decision in contested case involving complex issues, decision should at least contain: general recitation of facts as presented by all sides; basic finding of facts as supported by record; response to all reasonable public comments; conclusion or conclusions on all issues raised which rationally support order issued; and any and all other matters which rationally support DEQ's decision. | What steps must the Department of Environmental Quality (DEQ) take in order to make a decision? | 005020.docx | LEGALEASE-00117210-LEGALEASE-00117212 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 2780 | Hamaker v. Am. States Ins. Co. of Texas, 493 S.W.2d 893 | 217+1025 | By virtue of these Articles the Board is authorized to regulate the coverage of insurance policies by prescribing standard forms, clauses and endorsements. By enacting these Articles the legislature exercised its power to regulate a business affected with a public interest, and did not improperly delegate its legislative power. Board of Insurance Commissioners v. Carter, 228 S.W.2d 335 (Tex.Civ.App."Austin 1950, err. ref., n.r.e.). | By enacting articles authorizing Board of Insurance to regulate coverage of policies by prescribing standard forms, clauses and endorsements, legislature exercised its power to regulate a business affected with a public interest and did not improperly delegate its legislative power. V.A.T.S. Insurance Code, arts. 5.35, 5.36. | Is delegation of authority to a State Board of Insurance to promulgate and establish uniform policies a constitutional delegation of legislative power? | 000335.docx | LEGALEASE-00117687-LEGALEASE-00117688 | Condensed, SA | 0.25 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2781 | Wachs v. Winter, 569 F. Supp. 1438 | 237+88 | Although plaintiff is not entitled to receive punitive damages, the undersigned does recommend that plaintiff be awarded compensatory damages for his injuries. There are two general classes of compensatory damages for defamation: (1) general damages which the law presumes to be the natural, proximate and necessary result of the publication; and (2) special damages which, although the natural and probable consequences thereof, are not assumed to be necessary and inevitable; rather, special damages must be shown by allegation and proof. Bishop v. New York Times Company, 233 N.Y. 446, 135 N.E. 845 (1922). However, where the language alleged as libel is libelous per se,6 the plaintiff need not plead or prove special damages in order to recover them. Mencher v. Chesley, 297 N.Y. at 100, 75 N.E.2d at 259. | Under New York law, there are two general classes of compensatory damages for defamation: general damages which law presumes to be natural, proximate, and necessary result of publication, and special damages which, although natural and probable consequences thereof, are not assumed to be necessary and inevitable; special damages must generally be shown by allegation and proof, but where language is libelous per se, plaintiff need not plead or prove special damages in order to recover them. | What are the two major categories of compensatory damages in a defamation claim? | 000587.docx | LEGALEASE-00117927-LEGALEASE-00117928 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 2782 | Hoover v. New Holland N. Am., 23 N.Y.3d 41 | 313A+152 | Defendants argue that foreseeability is not a factor under the substantial modification defense, and therefore, they should not be faulted for failing to anticipate that Smith would "affirmatively abuse[ ]" the digger by removing the shield and not installing a new one (Robinson, 49 N.Y.2d at 480, 426 N.Y.S.2d 717, 403 N.E.2d 440). Robinson made clear, however, that although the manufacturer's responsibilities "do[ ] not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented," it must still "use reasonable care" in designing a product that is reasonably safe for all of its intended uses and foreseeable misuses (id. at 480"481, 426 N.Y.S.2d 717, 403 N.E.2d 440; see Micallef, 39 N.Y.2d at 385"386, 384 N.Y.S.2d 115, 348 N.E.2d 571). Plaintiff defeated summary judgment here not because defendants failed to foresee that Smith would "abuse" the shield, but because plaintiff's evidence in opposition raised questions of fact whether, because the shield was defectively designed, Smith's conduct could even qualify as an "abuse" of that safety device under Robinson. | Although a product manufacturer's responsibilities do not extend to designing a product that is impossible to abuse or one whose safety features may not be circumvented, it must still use reasonable care in designing a product that is reasonably safe for all of its intended uses and foreseeable misuses. | Does a manufacturer have a duty to design and manufacture a product that is reasonably safe for its intended use? | 000649.docx | LEGALEASE-00117898-LEGALEASE-00117899 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 2783 | Banc One Acceptance Corp. v. Hill, 367 F.3d 426 | 25T+113 | The first step of the process entails determining "whether there is a valid agreement to arbitrate between the parties; and ... whether the dispute in question falls within the scope of that arbitration agreement." Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir.1996). These questions are decided according to state law. Id. While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate. Will"Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir.2003). Nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. Primerica Life, 304 F.3d at 471 (citing Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)). | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate; nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. 9 U.S.C.A. S 4. | Does the strong federal policy favouring arbitration apply to the initial determination of whether there is a valid arbitration agreement? | Alternative Dispute Resolution - Memo 153 - RK.docx | ROSS-003297372-ROSS-003297374 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |
| 2784 | O'Brien v. Rautenbush, 10 Ill. 2d 167 | 413+11 | In order for a particular legislative classification to be valid, it must appear that it is based upon some real and substantial difference in kind, situation, or circumstances in the persons or objects on which the classification rests, and it must bear a rational relation to the evil to be remedied and the purpose to be obtained by the statute. Marallis v. City of Chicago, 349 Ill. 422, 182 N.E. 394, 83 A.L.R. 1222; Josma v. Western Steel Car & Foundry Co., 249 Ill. 508, 94 N.E. 945; Connolly v. Union Sewer Pipe Co., 184 U.,.s. 540, 22 S.Ct. 431, 46 N.Ed. 679. It has long been held that the regulation of employer-employee relationship is a proper exercise of the police power and will be upheld unless wholly unreasonable and arbitrary in nature. Grasse v. Dealer's Transport Co., 412 Ill. 179, 106 N.E.2d 124; Casparis Stone Co. v. Industrial Board, 278 Ill. 77, 115 N.E. 822; Truax v. Corrigan, 257 U.S. 312, 42 S.Ct. 124, 66 L.Ed. 254. The primary purpose of the Workmen's Compensation Act is to provide employees a prompt, sure, and definite compensation, together with a quick and efficient remedy, for injuries or death suffered by such employees in the course of their employment, O'Brien v. Chicago City Railway Co., 305 Ill. 244, 137 N.E. 214, 27 A.L.R. 479; Raymond v. Industrial Comm., 354 Ill. 586, 188 N.E. 861, and to require the cost of such injuries to be borne by the industry itself and not by its individual members. Lambert v. Industrial Comm., 411 Ill. 593, 104 N.E.2d 783; Faber v. Industrial Comm., 352 Ill. 115, 185 N.E. 255. It is our opinion that the provision now in question achieves the desired results. | Primary purpose of Workmen's Compensation Act is to provide employees a prompt, sure, and definite compensation, together with a quick and efficient remedy, for injuries or death suffered by such employees in course of their employment and to require cost of such injuries to be borne by industry itself and not by its individual members. S.H.A. ch. 48, S 138.1 et seq. | What is the primary purpose of the Workmen's Compensation Act? | 001369.docx | LEGALEASE-00118132-LEGALEASE-00118133 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 2785 | Seureau v. ExxonMobil Corp., 274 S.W.3d 206 | 226H+1 | We must reject these allegations because the evidence submitted by the parties reflects no joint enterprise to acquire the land covered by the 1966 Letter Agreement but, rather, to develop the Bayport project on land ExxonMobil had already acquired in 1960. The essential elements of a joint enterprise, which interrelate, require (1) an agreement, express or implied, among the group members; (2) a common purpose to be carried out by the group; (3) a "community of pecuniary interest" in that common purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, giving rise to an equal right of control over the enterprise or project formed to carry out that purpose. See St. Joseph Hosp. v. Wolff, 94 S.W.3d 513, 526"28 (Tex.2002); Shoemaker v. Estate of Whistler, 513 S.W.2d 10, 16"17 (Tex.1974). Thus, the joint-enterprise elements must exist with respect to the same purpose and enterprise. St. Joseph Hosp., 94 S.W.3d at 529. | The essential elements of a joint enterprise, which interrelate, require: (1) an agreement, express or implied, among the group members; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that common purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, giving rise to an equal right of control over the enterprise or project formed to carry out that purpose. | What are the essential elements of a joint venture? | 022098.docx | LEGALEASE-00118273-LEGALEASE-00118274 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2786 | Ball v. Taylor, 416 F.3d 915 | 237+21 | We need not predict whether the Iowa Supreme Court would adopt the doctrine because we believe the quoted exception applies in this case, and thus the district court improperly granted summary judgment based on the doctrine. In any event, Iowa law, which the parties agree controls in this diversity action, see Midwest Oilseeds, Inc. v. Limagrain Genetics Corp., 387 F.3d 705, 711 (8th Cir.2004), is consistent with the doctrine's exception and precludes summary judgment for Taylor. To establish a prima facie case of defamation under Iowa law, the plaintiff must show the defendant "(1) published a statement that was (2) defamatory (3) of and concerning the plaintiff." Taggart v. Drake Univ., 549 N.W.2d 796, 802 (Iowa 1996). The Iowa Supreme Court has interpreted the third element in a manner consistent with the group defamation exception: Although defamatory words must refer to an ascertainable person, the plaintiff need not be named " "if the alleged libel contains matters of description or other references therein, or the extraneous facts and circumstances ... show that plaintiff was intended to be the object of the alleged libel, and was so understood by others." " Wisner v. Nichols, 165 Iowa 15, 143 N.W. 1020, 1025 (Iowa 1913). | Under Iowa law, although defamatory words must refer to an ascertainable person, the plaintiff need not be specifically named if the alleged defamation contains matters of description or other references therein, or the extraneous facts and circumstances show that plaintiff was intended to be the object of the alleged defamation, and was so understood by others. | Should defamatory words refer to an ascertained person? | 001318.docx | LEGALEASE-00118501-LEGALEASE-00118503 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2787 | Sec'y, Vermont Agency of Nat. Res. v. Earth Const., 165 Vt. 160 | 1.49E+45 | With respect to the Act 250 violation, defendants argue that their project is exempt from Act 250 under the so-called "grandfather" provisions of 10 V.S.A. " 6081(b).* Section 6081(b) exempts certain preexisting uses, but also states that permits are required for any "substantial change" in otherwise exempt developments. We have upheld the Environmental Board's two-pronged test used to determine whether a substantial change has occurred at a preexisting development. In re H.A. Manosh Corp., 147 Vt. 367, 369"70, 518 A.2d 18, 20 (1986). Under that test, the Board must determine whether a "cognizable physical change" to the preexisting development has occurred, id. at 370, 518 A.2d at 20, and if so, whether it would have potential significant impact on the Act 250 criteria in 10 V.S.A. " 6086(a)(1)"(10). In re Barlow, 160 Vt. 513, 521"22, 631 A.2d 853, 858"59 (1993). | Under two-pronged test for determining whether "substantial change" has occurred at preexisting development, for purposes of "grandfather" provisions of statutory chapter addressing land use and development plans, Environmental Board must determine whether cognizable physical change to preexisting development has occurred, and if so, whether it would have potential significant impact on statutory criteria. 10 V.S.A. SS 6081(b), 6086(a)(1-10). | What is the two-pronged test for determining substantial change in development introduced by the Environmental Board (Board)? | Environmental Law - Memo 99 - RM.docx | LEGALEASE-00006106-LEGALEASE-00006108 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 2788 | Colon Vazquez v. El San Juan Hotel & Casino, 483 F. Supp. 2d 147 | 25T+113 | Congress enacted the Federal Arbitration Act ("FAA") with the purpose of overcoming judicial resistance to arbitration. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 126 S.Ct. 1204, 1207, 163 L.Ed.2d 1038 (2006). This Act permits "parties to an arbitrable dispute to move out of court and into arbitration as quickly and easily as possible." Southland Corp. v. Keating, 465 U.S. 1, 7, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Section 2 of the FAA articulates the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts. Buckeye Check Cashing, Inc., 126 S.Ct. at 1207. This section generally provides for the enforceability of a written arbitration provision. Circuit City Stores v. Adams, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Specifically, section 2 states as follows: "[a] written provision in ... a contract ... to settle by arbitration a controversy thereafter arising out of such contract ... or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. " 2. In enacting section 2 of the FAA, Congress declared a national policy favoring arbitration and took away from the States the power to require a judicial forum for the resolution of the claims that the contracting parties had agreed to resolve through arbitration. Southland Corp., 465 U.S. at 10, 104 S.Ct. 852. | In enacting section of the Federal Arbitration Act which generally provides for the enforceability of a written arbitration provision, Congress declared a national policy favoring arbitration and took away from the states the power to require a judicial forum for the resolution of the claims that the contracting parties had agreed to resolve through arbitration. 9 U.S.C.A. S 2. | "Under the FAA, can the States require a judicial forum for resolution of the arbitration claims that the parties had agreed to?" | 001663.docx | LEGALEASE-00118707-LEGALEASE-00118709 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 2789 | UHC Mgmt. Co. v. Computer Scis. Corp., 148 F.3d 992 | 25T+113 | Congress enacted the Federal Arbitration Act (FAA) in order to establish a "national policy favoring arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). The FAA accomplishes this by assuring that when parties to commercial transactions agree to resolve their disputes through arbitration, such provisions will be "valid, irrevocable, and enforceable," subject only to ordinary grounds that "exist at law or in equity for the revocation of any contract." Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 683, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) (quoting 9 U.S.C. " 2). Thus, the FAA aspires to ensure that commercial arbitration agreements, like other contracts, "are enforced according to their terms." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (additional citations omitted). | Federal Arbitration Act (FAA) establishes national policy favoring arbitration by assuring that when parties to commercial transactions agree to resolve their disputes through arbitration, provisions will be valid, irrevocable, and enforceable, subject only to ordinary grounds that exist at law or in equity for revocation of any contract. 9 U.S.C.A. S 2. | "When parties to commercial transactions agree to resolve their disputes through arbitration, willsuch arbitration provisions be deemed valid?" | 001673.docx | LEGALEASE-00118717-LEGALEASE-00118718 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |
| 2790 | Jalou II v. Liner, 43 So. 3d 1023 | 249+26 | In a malicious prosecution action, there must be malice in fact. Id., 511 So.2d at 453. Any feeling of hatred, animosity, or ill will toward the plaintiff, of course, amounts to malice. Id. But malice is also found when the defendant uses the prosecution for the purpose of obtaining any private advantage (as, for example, a means to extort money, to collect a debt, or to intimidate witnesses in another action). Id. Malice may also be inferred from lack of probable cause or a finding of reckless disregard for the other person's rights. Id. | In a malicious prosecution action, there must be malice in fact; any feeling of hatred, animosity, or ill will toward the plaintiff amounts to malice, but malice is also found when the defendant uses the prosecution for the purpose of obtaining any private advantage as, for example, a means to extort money, to collect a debt, or to intimidate witnesses in another action. | How is malice inferred in a malicious prosecution claim? | 001828.docx | LEGALEASE-00118833-LEGALEASE-00118834 | Condensed, SA | 0.31 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2791 | Ruggiero v. Am. United Life Ins. Co., 137 F. Supp. 3d 104 | 231H+29 | To rebut the presumption and classify an individual as an independent contractor, a putative employer must satisfy a three-prong test set forth in " 148B(a):An individual performing any service ... shall be considered to be an employee ... unless:(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and(2) the service is performed outside the usual course of the business of the employer; and(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.Mass. Gen. Laws ch. 149, " 148B(a). If the putative employer does not prove all three prongs, the individual must be classified as an employee. See Sebago v. Bos. Cab Dispatch, Inc., 471 Mass. 321, 28 N.E.3d 1139, 1146 (2015); Somers v. Converged Access, Inc., 454 Mass. 582, 911 N.E.2d 739, 747 (2009). In interpreting the statute, I rely in part on an advisory from the Office of the Massachusetts Attorney General, which the Massachusetts Supreme Judicial Court and, consequently, I find instructive. See, e.g., Sebago, 28 N.E.3d at 1149 ("Insofar as the Attorney General's office is the department charged with enforcing the wage and hour laws, its interpretation of the protections provided thereunder is entitled to substantial deference ...." (internal quotation marks and citation omitted)); Martins v. 3PD, Inc., Civ. Action No. 11"11313"DPW, 2013 WL 1320454, at *7, *13 & n. 6 (D.Mass. Mar. 28, 2013). See generally An Advisory from the Attorney General's Fair Labor Division on M.G.L. c. 149 " 148B, 2008/1 ("Att'y Gen. Advisory"). Whether the defendant has carried its burden under " 148B(a)"on facts that are undisputed"is a question of law. See Athol Daily News v. Bd. of Review of the Div. of Emp't & Training, 439 Mass. 171, 786 N.E.2d 365, 370 (2003). | The critical inquiry under third prong of Massachusetts independent contractor statute's test for rebutting presumption that an individual performing any service is an employee, which asks whether individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed, is whether the worker is capable of performing the service to anyone wishing to avail themselves of the services or, conversely, whether the nature of the business compels the worker to depend on a single employer for the continuation of the services. Mass. Gen. Laws Ann. ch. 149, S 148B(a)(3). | What should be established by an employer to prove that a presumptive employee is actually an independent contractor? | 003241.docx | LEGALEASE-00119179-LEGALEASE-00119180 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 2792 | M.C. Const. Corp. v. Gray Co., 17 F. Supp. 2d 541 | 25T+113 | By enacting " 2 of the Federal Arbitration Act, Congress "declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." Keating, 465 U.S. at 10, 104 S.Ct. 852."Under the Supremacy Clause, the Federal Arbitration Act pre-empts state statutes in unmistakable conflict with the federal policy embodied in " 2 of the Act." Haluska v. RAF Financial Corp., 875 F.Supp. 825, 828 (N.D.Ga.1994) (citing Perry v. Thomas, 482 U.S. 483, 491, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987)). Section 2 is a congressional declaration of "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). | By enacting provision of Federal Arbitration Act (FAA) that an arbitration provision is valid and irrevocable, congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) withdraw the power of a state to require a judicial forum for arbitration? | 002675.docx | LEGALEASE-00120108-LEGALEASE-00120109 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 2793 | Nat'l City Mortg. Co. v. Ross, 34 Kan. App. 2d 282 | 366+23(1) | Explaining that the doctrine of subrogation is based on the theory of unjust enrichment, the Crippen court stated:"[T]he right of subrogation or of equitable assignment is not founded upon contract alone, nor upon the absence of contract, but is founded upon the facts and circumstances of the particular case and upon principles of natural justice; and generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in the place of the creditor, such person will be so substituted." | The right of subrogation or of equitable assignment is not founded upon contract alone, nor upon the absence of contract, but is founded upon the facts and circumstances of the particular case and upon principles of natural justice; and generally, where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in the place of the creditor, such person will be so substituted. | Is the right of subrogation founded upon contract? | Subrogation - Memo 118 - VP C.docx | ROSS-003297220-ROSS-003297221 | Condensed, SA | 0.22 | 0 | 1 | 0 | 1 | |
| 2794 | United States v. Pink, 315 U.S. 203 | 92+4240 | If the President had the power to determine the policy which was to govern the question of recognition, then the Fifth Amendment does not stand in the way of giving full force and effect to the Litvinov Assignment. To be sure, aliens as well as citizens are entitled to the protection of the Fifth Amendment. Russian Volunteer Fleet v. United States, 282 U.S. 481, 51 S.Ct. 229, 75 L.Ed. 473. A State is not precluded, however, by the Fourteenth Amendment from according priority to local creditors as against creditors who are nationals of foreign countries and whose claims arose abroad. Disconto Gesellschaft v. Umbreit, 208 U.S. 570, 28 S.Ct. 337, 52 L.Ed. 625. By the same token, the Federal Government is not barred by the Fifth Amendment from securing for itself and our nationals priority against such creditors. And it matters not that the procedure adopted by the Federal Government is globular and involves a regrouping of assets. There is no Constitutional reason why this Government need act as the collection agent for nationals of other countries when it takes steps to protect itself or its own nationals on external debts. There is no reason why it may not through such devices as the Litvinov Assignment make itself and its nationals whole from assets here before it permits such assets to go abroad in satisfaction of claims of aliens made elsewhere and not incurred in connection with business conducted in this country. The fact that New York has marshaled the claims of the foreign creditors here involved and authorized their payment does not give them immunity from that general rule. | The federal government is not precluded by the Fifth Amendment from securing for itself and its nationals priority against creditors who are nationals of foreign countries and whose claims arose abroad, and it does not matter that the procedure adopted by the federal government is globular and involves a regrouping of assets. U.S.C.A. Const.Amend. 5. | Is the federal government barred by the Fifth Amendment from securing priority for itself against foreign creditors? | Eminent Domain - Memo 147 - RK.docx | ROSS-003297285-ROSS-003297286 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2795 | City of Wilkes-Barre v. Sheils, 382 B.R. 871 | 366+1 | The central question here is whether a right of subrogation exists for a municipal employer under the Pennsylvania Heart and Lung Act, 53 Penn. Stat. "" 637"38. Subrogation is an equitable doctrine, "based "on considerations of equity and good conscience.. to promote justice.. and is granted as a means of placing the ultimate burden of the debt upon the person who should bear it." " Potoczny v. Vallejo, 170 Pa.Super. 377, 85 A.2d 675, 677 (1952). Thus, "[w]here property of one person is used in discharging an obligation owed by another .., under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee.' " Id. (quoting Restatement of Restitution " 76). The doctrine "is applicable whenever a debt or obligation is paid from the funds of one person although primarily payable from the funds of another." Anderson v. Greenville, 442 Pa. 11, 273 A.2d 512, 514 (1971). Still, "the right of subrogation exists only to the extent of actual payment of the subrogee." Associated Hospital Service v. Pustilnik, 497 Pa. 221, 439 A.2d 1149, 1152 (1981). | Under Pennsylvania law, subrogation is equitable doctrine, that is based upon considerations of equity and good conscience to promote justice, and is granted as means of placing ultimate burden of debt on person who should bear it. | Is subrogation an equitable doctrine that is based upon considerations of equity and good conscience to promote justice? | Subrogation - Memo # 421 - C - SA.docx | ROSS-003285083-ROSS-003285084 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 2796 | Taylor v. Bd. of Educ. of City of Chicago, 2014 IL App (1st) 123744 | 307A+3 | The decision of whether to grant a motion in limine rests within the sounddiscretion of the trial court and will not be disturbed on appeal unless that discretion isabused. Martinez v. Elias, 397Ill. App.3d 460, 467, 337 Ill.Dec. 334, 922 N.E.2d 457 (2009).An abuse of discretion will be found only if the trial court's ruling was arbitrary, unreasonable, orignored recognized principles of law, or if no other reasonable person would take the positionadopted by the court. Schmitz v. Binette, 368Ill. App.3d 447, 452, 306 Il. Dec. 447, 857 N.E.2d846 (2006). | Decision of whether to grant motion in limine rests within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused. | Does the decision of whether to grant motion in limine rest within sound discretion of trial court and will not be disturbed on appeal unless that discretion is abused? | Pretrial Procedure - Memo # 55 - C - AP.docx | ROSS-003327919-ROSS-003327920 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2797 | Pennsylvania Pub. Util. Comm'n v. Israel, 356 Pa. 400 | 317A+102 | When by Section 903 of the Public Utility Law of May 28, 1937, the Public Utility Commission as an agent of this State was authorized to institute in the Court of Common Pleas of Dauphin County injunction, mandamus or other appropriate legal proceedings to restrain the violations of the Public Utility Law of this Commonwealth or of the regulations or orders of the Commission and in effect directed that the Commission could resort to no other court for the same purpose, the Court of Common Pleas of Dauphin County "continued as at present established." Section 903 of the Act of 1937, supra, merely gave to the Public Utility Commission access for certain public purposes, to this long-established Court of Common Pleas, which since 1870 has possessed State-wide jurisdiction. The fact that this access was thus given to an agency of the State which was not in existence in 1870 did not change the character of the Court of Common Pleas of Dauphin County. | The statute authorizing Public Utility Commission, as an agent of commonwealth, to institute in court of common pleas of Dauphin county injunction or other appropriate legal proceedings to restrain violations of Public Utility Law, and in effect directing that commission resort to no other court, does not change the character of the court of common pleas of Dauphin county and is not unconstitutional as violative of section requiring that laws relating to courts shall be general and of uniform operation. 66 P.S. S 1343; P.S.Const. art. 5, SS 4, 26. | Can the Public Utility Commission approach the Court to obtain an injunction if the Public Utility Commission Law is violated? | Public Utilities - Memo 91 - AM.docx | ROSS-003298433-ROSS-003298434 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 2798 | Chase v. Ameriquest Mortg. Co., 155 N.H. 19 | 366+1 | Equitable subrogation, in particular, is a broad doctrine, which is given liberal application. Id. " 5. "It applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor." Id. In order for equitable subrogation to apply, we hold that all of the following conditions must be met: (1) the subrogee cannot have acted as a volunteer; (2) the subrogee must have paid a debt upon which it was not primarily liable; (3) the subrogee must have paid the entire debt; and (4) subrogation may not work any injustice to the rights of others. See id. Although the trial court held that equitable subrogation required satisfaction of a fifth element, namely, that payment by the subrogee have been made to protect its own interest, we conclude that the definition of "volunteer," set forth below, adequately takes this consideration into account. Therefore, inclusion of this fifth element in the test for equitable subrogation is unnecessary. | Equitable subrogation applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor. | "Does equitable subrogation apply where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor?" | Subrogation - Memo # 430 - C - SA.docx | ROSS-003314721-ROSS-003314722 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2799 | ContiMortgage Corp. v. United States, 109 F. Supp. 2d 1038 | 366+1 | The doctrine of equitable subrogation allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance. Mort v. United States, 86 F.3d 890, 893 (9th Cir.1996). Although equitable subrogation (also called "legal subrogation") is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. Universal Title Ins. Co. v. United States, 942 F.2d 1311, 1315 (8th Cir.1991). In general, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. Universal Title, 942 F.2d at 1315. Finally, subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. Universal Title, 942 F.2d at 1315. | In general, for equitable subrogation to apply, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants, and subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | "Should the equity of the party seeking subrogation be clear and substantial, and superior to that of other claimants?" | 043627.docx | LEGALEASE-00121319-LEGALEASE-00121321 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2800 | Morgan Creek Residential v. Kemp, 153 Cal. App. 4th 675 | 217+3513(3) | Plaintiff's attempt to use a subrogation theory to obtain apportionment from others who were not primarily liable is inconsistent with the aim of subrogation. (Caito, supra, 20 Cal.3d at p. 704, 144 Cal.Rptr. 751, 576 P.2d 466 [doctrine of equitable subrogation includes every instance in which one person pays a debt " "for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter" "].) "The different equitable principles on which contribution and subrogation are based are reflective of different underlying public policies. The aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor. [Citation.] On the other hand, the aim of equitable contribution is to apportion a loss between two or more [parties] who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. [Citations.] Although these underlying policy aims may be similar, they are nonetheless distinct. Confusing the doctrines with each other necessarily blurs the corresponding policies behind them, with the unintended result in some cases of defeating those very policy goals." (Fireman's Fund, supra, 65 Cal.App.4th at p. 1296, 77 Cal.Rptr.2d 296, italics added [concluding that California law recognizes a direct right of action for equitable contribution between coinsurers on the same risk, entirely independent of any of the requirements for bringing a cause of action based on equitable subrogation to the rights of the insured].). | The aim of equitable subrogation is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer or surety who indemnified the loss and who in equity was not primarily liable therefor; on the other hand, the aim of equitable contribution is to apportion a loss between two or more parties who cover the same risk, so that each pays its fair share and one does not profit at the expense of the others. | Is the aim of equitable subrogation to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged? | Subrogation - Memo # 459 - C - SU.docx | ROSS-003300626-ROSS-003300627 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2801 | ContiMortgage Corp. v. United States, 109 F. Supp. 2d 1038 | 366+1 | The doctrine of equitable subrogation allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance. Mort v. United States, 86 F.3d 890, 893 (9th Cir.1996). Although equitable subrogation (also called "legal subrogation") is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. Universal Title Ins. Co. v. United States, 942 F.2d 1311, 1315 (8th Cir.1991). In general, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. Universal Title, 942 F.2d at 1315. Finally, subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. Universal Title, 942 F.2d at 1315. | Although equitable subrogation, which is also called legal subrogation, is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. | Is equitable subrogation an absolute right or one that depends on the equities and attending facts and circumstances of each case? | 043802.docx | LEGALEASE-00121695-LEGALEASE-00121696 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 2802 | McBroome-Bennett Plumbing v. Villa France, 515 S.W.2d 32 | 366+1 | The doctrine of subrogation is always given a liberal interpretation and is broad enough to include every instance in which one person, not acting voluntarily has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. Galbraith-Foxworth Lumber Co. v. Long, 5 S.W.2d 162, 167 (Tex.Civ.App."Dallas 1928, writ ref'd); Constitution Indemnity Co. v. Armbrust, 25 S.W.2d 176, 180 (Tex.Civ.App."San Antonio 1930, writ ref'd); Independence Indemnity Co. v. Republic Nat'l Bank & Trust Co., 114 S.W.2d 1223 (Tex.Civ.App."Dallas 1938, writ dism'dw.o.j.). | Doctrine of subrogation is always given a liberal interpretation and is broad enough to include every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity and good conscience should have been discharged by the latter. | Is the doctrine of subrogation given a liberal interpretation? | 043944.docx | LEGALEASE-00121306-LEGALEASE-00121307 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 2803 | In re Dudley, 502 B.R. 259 | 366+4 | A nonholder in possession of a non-negotiated negotiable instrument can acquire the rights of a holder through the common law doctrine of subrogation, which allows the payor on a debt to step into the shoes of the creditor vis-"-vis the party obligated to pay. Although often stemming from contractual relationships, such as here, the doctrine of subrogation is primarily an equitable remedy designed to avoid windfalls. Reliance Insurance v. Boston, 71 Mass.App.Ct. 550, 884 N.E.2d 524, 530 (2008); Goodman Industries, Inc. v. Max Goodman & Sons Realty, Inc., 21 B.R. 512, 519 (Bankr.D.Mass.1982). | Under Massachusetts law, a nonholder in possession of a non-negotiated negotiable instrument can acquire the rights of a holder through the common law doctrine of subrogation, which allows the payor on a debt to step into the shoes of the creditor vis-a-vis the party obligated to pay. M.G.L.A. c. 106, S 3-309. | Can a nonholder in possession of a non-negotiated negotiable instrument acquire the rights of a holder through subrogation? | Subrogation - Memo # 630 - C - SA.docx | ROSS-003297924-ROSS-003297925 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 2804 | In re Allegheny Health, Educ. & Research Found., 312 B.R. 58 | 366+7(1) | "Case law indicates that once the right to subrogation is established, the subrogee becomes subrogated to all rights of the creditor [whose claim such subrogee satisfied] against the principal debtor, including the security given to secure the debt." In re Miller, 72 B.R. 352, 353 (Bankr.W.D.Pa.1987); see also United States Fidelity and Guaranty Co. v. United Penn Bank, 362 Pa.Super. 440, 524 A.2d 958, 963"964 (1987) (in construction contract context, "[b]y paying the contractor's debts, the surety acquires the right of substitution to the position of the contractor's creditors when he pays"); 73 Am.Jur.2d. Subrogation " 5 (equitable subrogation "applies where one who has discharged the debt of another may, under certain circumstances, succeed to the rights and position of the satisfied creditor"). | Once the right to subrogation is established, subrogee becomes subrogated to all rights of creditor, whose claim such subrogee satisfied, against principal debtor, including the security given to secure the debt. | "Once the right to subrogation is established, does the subrogee become subrogated to all rights of the creditor, whose claim such subrogee satisfied, against the principal debtor, including the security given to secure the debt?" | 043999.docx | LEGALEASE-00121378-LEGALEASE-00121379 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 2805 | Hendrickson v. Carpenter, 88 Ark. App. 369 | 366+1 | A guarantor is one who makes a contract, which is distinct from the principal obligation, to be collaterally liable to the creditor if the principal debtor fails to perform. First Commercial Bank, N.A. v. Walker, 333 Ark. 100, 969 S.W.2d 146 (1998). A party is entitled to contribution when he is jointly and severally liable on a note, and subsequently pays the entire obligation. See Wroten v. Evans, 21 Ark.App. 134, 729 S.W.2d 422 (1987). Subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among parties. Morris v. Arkansas Dep't of Fin. & Admin., 82 Ark.App. 124, 112 S.W.3d 378 (2003). A party's subrogation rights arise when one not primarily bound to pay a debt, or remove an incumbrance, nevertheless does so; either from his legal obligation, as in the case of a surety, or to protect his own secondary right; or upon the request of the original debtor, and upon the faith that, as against the debtor, the person paying will have the same sureties for reimbursement as the creditor had for payment. Welch Foods v. Chicago Title Ins. Co., 341 Ark. 515, 17 S.W.3d 467 (2000). | Subrogation is an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among parties. | Is subrogation an equitable remedy that rests upon principles of unjust enrichment and attempts to accomplish complete and perfect justice among parties? | Subrogation - Memo # 668 - C - SU.docx | ROSS-003298286-ROSS-003298287 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2806 | Pep'e v. McCarthy, 249 A.D.2d 286 | 366+7(1) | The Supreme Court improperly determined that because Arbor's debt was secured by a $750,000 bond which was paid, the principal amount owed by McCarthy on the first mortgage was reduced by $750,000. It is well settled that a surety paying on a bond at the behest of a creditor is entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation (see, Romano v. Key Bank of Central New York, 90 A.D.2d 679, 680, 455 N.Y.S.2d 879; Carrols Equities Corp. v. Villnave, 57 A.D.2d 1044; 395 N.Y.S.2d 800 63 N.Y.Jur.2d, Guaranty and Suretyship "" 428, 440). "A subrogated claim is not in any way diminished or extinguished by the subrogation. It is merely "taken over" by another who stands in the place of the original claimant" (Thomas Goodfellow, Inc. v. Lyons Trans. Lines, 127 Misc.2d 651, 486 N.Y.S.2d 842). Thus, FIA's payment of $750,000 did not in any way reduce the principal amount that McCarthy owed on the first mortgage; the only change is in the allocation of payment. Denying subrogation rights to FIA would elevate the secondary mortgage lien of the defendants William Pep'e and John Fareri, which they had agreed would be subordinate to Arbor's lien (see, Dietrich Industries, Inc. v. U.S., 988 F.2d 568), while the subrogation of FIA to the extent of its $750,000 payment on the bond on the first mortgage does not place Pep'e and Fareri in any worse position than they had occupied before payment on the bond (see, Dietrich Industries, Inc. v. U.S., supra, at 573 [recognizing that subrogation would not alter the junior lienholder's position] ). They are still subordinate to the lien of the first mortgage, and their position as secondary mortgagees is in no way prejudiced. | Surety paying on a bond at the behest of a creditor is entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation. | Is the surety paying on a bond at the behest of a creditor entitled by operation of law to be subrogated to the rights and remedies available to the creditor for enforcement of the debtor's obligation? | Subrogation - Memo # 681 - C - SU.docx | ROSS-003283550-ROSS-003283551 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 2807 | Sunshine v. Bankers Tr. Co., 34 N.Y.2d 404 | 366+4 | Another remedy appellant attempts to pursue is that of subrogation. Section 4"407 of the code states that: "If a payor bank has paid an item over the stop payment order of the drawer or maker or otherwise under circumstances giving a basis for objection by the drawer or maker, to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights (c) of the drawer or maker against the payee with respect to the transaction out of which the item arose." The papers before the trial court were replete with allegations of fraud, lack of authority, and other allegations that would give rise to a cause of action by Modern against Elizabeth. The Bank specifically claimed the right to be subrogated to Modern's claims against Elizabeth in the affidavit of its vice-president opposing the summary judgment motion. | Statute providing that, if payor bank has paid item over stop payment order of drawer, to prevent unjust enrichment and only to extent necessary to prevent loss to bank by reason of its payment of item, payor bank shall be subrogated to rights of maker against payee with respect to transaction out of which item arose confers on bank substantive rights of subrogation, even if technical mechanical requirements of common-law subrogation have not been met. Uniform Commercial Code, S 4-407. | Does the payor bank have to be subrogated to rights of drawer against payee? | 044054.docx | LEGALEASE-00121481-LEGALEASE-00121482 | Condensed, SA, Sub | 0.47 | 0 | 1 | 1 | 1 | 1 |
| 2808 | Scanlan v. U.S., State Farm Ins. Co., 743 F. Supp. 2d 813 | 393+468(5) | A subrogation right qualifies as a "lien" within the meaning of " 2410(a). Courts often refer to subrogation rights as giving rise to an equitable lien. See, e.g., In re Reliable Mfg. Corp., 703 F.2d 996, 1001 n. 4 (7th Cir.1983). Although the Court is unaware of other cases considering whether a subrogation right constitutes a "lien" under the quiet-title act, federal courts have concluded that similar charges on cash payments qualify as "liens" within the meaning of " 2410(a). Specifically, taxpayers may use " 2410(a) to challenge a pending IRS levy on wages. Harrell v. United States, 13 F.3d 232, 234 (7th Cir.1993). A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, "the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed." Id | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed. 28 U.S.C.A. S 2410(a). | Does a subrogation right secure the repayment of a secondarily liable party? | Subrogation - Memo # 712 - C - SA.docx | ROSS-003314779-ROSS-003314780 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 2809 | eBay v. Bidder's Edge, 100 F. Supp. 2d 1058 | 386+6 | In order to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. See Thrifty"Tel, 46 Cal.App.4th at 1566, 54 Cal.Rptr.2d 468; see also Itano v. Colonial Yacht Anchorage, 267 Cal.App.2d 84, 90, 72 Cal.Rptr. 823 (1968) ("When conduct complained of consists of intermeddling with personal property "the owner has a cause of action for trespass or case, and may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use." ") (quoting Zaslow v. Kroenert, 29 Cal.2d 541, 550, 176 P.2d 1 (1946)). Here, eBay has presented evidence sufficient to establish a strong likelihood of proving both prongs and ultimately prevailing on the merits of its trespass claim. | Under California law, in order to prevail on claim for trespass based on accessing computer system, plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | What are the elements to establish a claim for trespass based on accessing a computer system? | 047157.docx | LEGALEASE-00121404-LEGALEASE-00121405 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 2810 | Ball v. SFX Broad., 165 F. Supp. 2d 230 | 25T+121 | This analysis, which focuses on the likelihood of substantial arbitration costs, is readily distinguishable from the analysis adopted by courts such as the Fourth Circuit focusing on the financial situation of the particular plaintiff. As such, it is held that it is sufficient for an employee seeking to avoid arbitration to show a likelihood that he or she will be responsible for significant arbitrators' fees, or other costs which would not be incurred in a judicial forum. Such a showing is sufficient to demonstrate that the challenged arbitration agreement does not provide an effective mechanism for the vindication of statutory rights. Christopher has shown a likelihood that she will be responsible for significant arbitration costs, which she would not incur in a judicial forum, and the arbitration agreement is, therefore, unenforceable. | It is sufficient for employee seeking to avoid arbitration of federal statutory claims to show a likelihood that he or she will be responsible for significant arbitrators' fees, or other costs which would not be incurred in a judicial forum, thereby demonstrating that the challenged arbitration agreement does not provide an effective mechanism for the vindication of statutory rights. | Can a litigant avoid arbitration by showing a likelihood that he or she will be responsible for significant arbitrators expenses? | 007089.docx | LEGALEASE-00122433-LEGALEASE-00122435 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2811 | Beanal v. Freeport-McMoRan, 969 F. Supp. 362 | 24+763 | In Kadic, the Second Circuit held that state action is not required for all international torts. Id. at 239. Certain conduct violates the law of nations whether committed by a state or private actor, whereas other conduct only violates the law of nations if committed by a state actor. This court, as guided by the analysis in Kadic, reaches the same conclusion. Genocide, for example, violates international law, whether undertaken by a state or nonstate actor. Id. The Restatement provides that a state has jurisdiction "to define and prescribe punishment for certain offenses recognized by the community of nations as of universal concern," such as piracy, hijacking, genocide, war crimes, and certain acts of terrorism. Restatement " 404. So-called "universal jurisdiction" exists over the specified offenses, as a matter of customary law, "as a result of universal condemnation of those activities and general interest in cooperation to suppress them, as reflected in widely accepted international agreements and resolutions of international organizations." Id., comment a. Where a state has universal jurisdiction, it may punish conduct although the state has no links of territoriality or nationality with the offender or victim. Id. Universal jurisdiction includes civil tort actions. Id., comment b. Though the list of offenses specified in section 404 is not static, genocide is the only relevant offense for which universal jurisdiction exists and no state action must be proven. | State action is not required for all international torts covered by the Alien Tort Statute, as certain conduct, such as genocide, violates the law of nations whether committed by a state or private actor, whereas other conduct only violates the law of nations if committed by a state actor. 28 U.S.C.A. S 1350. | "Is state action required for all international torts covered by the Alien Tort Statute, as certain conduct, violates the law of nations whether committed by a state or private actor?" | 019799.docx | LEGALEASE-00122166-LEGALEASE-00122168 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 2812 | State v. Crume, 271 Kan. 87 | 110+632(4) | Quick then noted that the purpose of a motion in limine is to assure all parties a fair and impartial trial by prohibiting inadmissible evidence, prejudicial statements, and improper questions by counsel. It is generally agreed that a protective order issued on a motion in limine should be granted only when the trial court finds two factors are present: (1) The material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer of or statements made during trial concerning the material will tend to prejudice the jury. See Rothblatt & Leroy, The Motion in Limine in Criminal Trials: A Technique for the Pretrial Exclusion of Prejudicial Evidence, 60 Kentucky L.J. 611, 621 (1972); and Davis, The Motion in Limine"A Neglected Trial Technique, 5 Washburn L.J. 232 (1966). The material to which the motion in limine is addressed may be either inadmissible under an established rule of evidence, such as the hearsay rule, or it may be excludable under a statute, such as K.S.A. 60"445, because its probative value is substantially outweighed by its tendency to prejudice. | A protective order issued on a motion in limine should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence, and (2) the mere offer of or statements made during trial concerning the material will tend to prejudice the jury. | What must the court find to grant a party's motion in limine? | Pretrial Procedure - Memo # 104 - C - SJ.docx | ROSS-003283910-ROSS-003283911 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 2813 | In Interest of R.V., Jr., 977 S.W.2d 777 | 307A+3 | A motion in limine merely precludes reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. See Sims v. State, 816 S.W.2d 502, 504 (Tex.App."Houston [1st Dist.] 1991, writ denied). A trial court's ruling on a motion in limine does not preserve error. See Chavis v. Director, State Worker's Compensation Div., 924 S.W.2d 439, 446 (Tex.App."Beaumont 1996, no writ). Thus, on appeal, a party may not predicate his complaint on a motion in limine. See id; Methodist Hospitals v. Corporate Communicators, Inc., 806 S.W.2d 879, 883 (Tex.App."Dallas 1991, writ denied). In addition, the complaint on appeal must be the same as that presented in the trial court. See Rogers v. Stell, 835 S.W.2d 100, 101 (Tex.1992); Mixon v. National Union Fire Ins. Co., 806 S.W.2d 332, 334 (Tex.App."Fort Worth 1991, writ denied). | A motion in limine merely precludes reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. | Does a motion in limine merely preclude reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury? | Pretrial Procedure - Memo # 179 - C - CRB.docx | ROSS-003287261-ROSS-003287262 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2814 | Jakobsen v. Colonial Pipeline Co., 237 Ga. App. 441 | 307A+3 | Jakobsen contends that the trial court erred by admitting the testimony of Sidney McKnight regarding the appraisal of damage to Jakobsen's property. At Jakobsen's request, the trial court issued an order in limine prohibiting the parties from referring to the amount of money Jakobsen received following a settlement with his title insurance company. The trial court also ordered that no party could refer to the appraisal of the trees made pursuant to this settlement. However, following the parties' opening statements, the trial court noted that Jakobsen's attorney "represented to the court that he was going to get into trees that had been handled by the .. appraisal," at which point the trial court notified the parties that it would inform the jury that the trees already had been the subject of an appraisal process. In doing so, the trial court modified its earlier order on Jakobsen's motion in limine with respect to the appraisal. A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | "Motion in limine" is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. | Does a ruling in a motion in limine prohibit any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds? | 028127.docx | LEGALEASE-00122121-LEGALEASE-00122122 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2815 | Duran v. Hyundai Motor Am., 271 S.W.3d 178 | 307A+3 | A motion in limine provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. Pullum v. Robinette, 174 S.W.3d 124, 136 n. 12 (Tenn.Ct.App.2004) (quoting United States v. Luce, 713 F.2d 1236, 1239 (6th Cir.1983)); see also Jones v. Stotts, 59 F.3d 143, 146 (10th Cir.1995); Hunt v. K"Mart Corp., 294 Mont. 444, 981 P.2d 275, 278 (1999); see also 1 McCormick on Evidence " 52, at 255"58 (Kenneth S. Brouned., 6th ed. 2006) ("McCormick on Evidence "); Neil P. Cohen et al., Tennessee Law of Evidence 1.03[4](f), at 1"20 to 1"21 (5th ed. 2005) ("Tennessee Law of Evidence "). It enables the trial court, prior to trial, to exclude anticipated evidence that would clearly be inadmissible for any purpose at trial. Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir.1997); Forsyth County v. Martin, 279 Ga. 215, 610 S.E.2d 512, 518 (2005). It is, essentially, a substitute for an evidentiary objection at trial. Premium Cigars Int'l, Ltd. v. Farmer"Butler"Leavitt Ins. Agency, 208 Ariz. 557, 96 P.3d 555, 570 (Ct.App.2004). | A "motion in limine" provides a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question which the court may provide, at its discretion, to aid the parties in formulating their trial strategy. | "Does a ""motion in limine"" provide a vehicle for requesting guidance from the trial court prior to trial regarding an evidentiary question?" | Pretrial Procedure - Memo # 444 - C - NE.docx | ROSS-003301518-ROSS-003301519 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2816 | Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | Once a motion in limine is granted, the movant must be vigilant and object when evidence is presented which may violate the order. The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap that results in a new trial if the court determines in retrospect that the order was violated. Cunningham, 227 Ill.App.3d at 206, 169 Ill.Dec. 200, 591 N.E.2d 80. A new trial may be granted for a violation of an in limine order only if the order's prohibitions are specific, the violation is clear, and the violation deprived the moving party a fair trial. Kwon v. M.T.D. Products, Inc., 285 Ill.App.3d 192, 198, 220 Ill.Dec. 496, 673 N.E.2d 408 (1996). | The purpose of an in limine order is to exclude inadmissible evidence, not to create a trap that results in a new trial if the court determines in retrospect that the order was violated. | "Is the purpose of an in limine order to exclude inadmissible evidence, and not to create a trap that results in a new trial if the court determines in retrospect that the order was violated?" | Pretrial Procedure - Memo # 49 - C - KA.docx | ROSS-003326594-ROSS-003326595 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 2817 | In re N. Am. Rubber Thread Co., 333 B.R. 164 | 366+1 | The doctrine of equitable subrogation is available where there is not an express subrogation agreement, Cavaretta v. Greyhound Real Estate Fin. Co., 1995 WL 791943 at, 1995 U.S. Dist. LEXIS 20047 at (D.Mass.1995), and so does not normally entwine the parol evidence rule in its workings. Equitable subrogation occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. See, e.g., Rinn v. First Union Nat'l Bank of Md., 176 B.R. 401, 407 (D.Md.1995). In short, equitable subrogation ".. is the legal effect of payment." Employers Mut. Liability Ins. Co. v. Griffin Contr. Co., 280 S.W.2d 179, 181 (Ky.1955). Here, subrogation's triggering event"payment by one party of the obligation of another"cannot be proven by looking only at the Agreements, because nowhere in the Agreements does it state that the World Flex claim is being transferred or paid. For Asiafila to prevail it would be necessary for me to look outside of the four corners of the Agreements to extrinsic evidence, in particular the Friar Affidavit, in order to conclude that Asiafila's payment was made partly in exchange for the World Flex claim. Because the terms and conditions of Asiafila's payment are set out exclusively in the Agreements the parol evidence rule prohibits me from considering any extrinsic evidence, and I cannot find that Asiafila did in fact satisfy the Claim, and so Asiafila is not eligible to be subrogated to it. | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment. | Does equitable subrogation occur when one party by virtue of its payment of another's obligation steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment? | Subrogation - Memo # 523 - C - NO.docx | ROSS-003329869-ROSS-003329871 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 2818 | In re Pihl, 560 B.R. 1 | 366+1 | "Equitable subrogation occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment." In re N. Am. Rubber Thread Co., 333 B.R. 164, 168 (Bankr. D. Mass. 2005). "When the surety then finances the contract to completion, it is subrogated to the contractor's property rights in the contract balance." Balboa Ins. Co. v. United States, 775 F.2d 1158, 1161 (Fed. Cir. 1985). The doctrine can be invoked in the absence of an express subrogation agreement. N. Am. Rubber Thread Co., 333 B.R. at 168. It does not require that a financing statement be filed. Nat'l Shawmut Bank v. New Amsterdam Cas. Co., 411 F.2d 843 (1st Cir. 1969); Canter v. Schlager, 358 Mass. 789, 791, 267 N.E.2d 492 (1971). | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | Does equitable subrogation occur when one party by virtue of its payment of another's obligation steps into shoes of party who was owed the obligation for purposes of getting recompense for its payment? | 043811.docx | LEGALEASE-00121827-LEGALEASE-00121829 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 2819 | Builders Supply Co. v. Czerwinski, 275 Neb. 622 | 309+115(1) | Nebraska jurisprudence supports the general legal proposition to which Czerwinski alludes that despite the absolute nature of a guaranty, a creditor can act or fail to act in such a manner as to impair collateral securing a guaranty and that such impairment of collateral, in the absence of certain other factors, can be a defense to the guaranty's enforceability. This court has noted that regardless of whether a guaranty is absolute or conditional, [t]he general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | The general rule is that a surety or guarantor is entitled to be subrogated to the benefit of all the security and means of payment under the creditor's control and, therefore, in the absence of assent, waiver, or estoppel, he is generally released by an act of the creditor which deprives him of such right. | Is a surety entitled to be subrogated to the benefit of all securities and means of payment under the creditor's control? | 044192.docx | LEGALEASE-00121900-LEGALEASE-00121901 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2820 | Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | We do, however, wholeheartedly embrace its second, involving the issue of accrual of a cause of action, a principle also articulated in Vaughn. It is clear that a cause of action for damage to real property accrues when the defendant's act causes "immediate and permanent injury" to the property or, to put it another way, when there is "[a]ctual and appreciable harm" to the property. (CAMSI IV v. Hunter Technology Corp., supra, 230 Cal.App.3d at p. 1534, 282 Cal.Rptr. 80.) In the current flurry of asbestos-related cases, many have been litigated involving alleged injuries to real property. The leading case of that sort in this district makes clear that a cause of action for asbestos-related injury to real property accrues when "damage" or "physical injury to property" occurs. (San Francisco Unified School Dist. v. W.R. Grace & Co. (1995) 37 Cal.App.4th 1318, 1327, 1329, 44 Cal.Rptr.2d 305.) This rule is, of course, simply a corollary of the general rule regarding accrual of causes of action. (See 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, "" 467"468.) We are aware of no reason why it should not apply, as the Keru court applied it, to actions alleging negligence in the design, engineering, or construction of buildings. | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | "Does a cause of action for damage to real property accrue when the defendant's act causes ""immediate and permanent injury"" to the property or when there is ""actual and appreciable harm"" to the property?" | Action - Memo # 101 - C - SU.docx | ROSS-003288770-ROSS-003288771 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2821 | Collins v. Scenic Homes, 38 So. 3d 28 | 241+43 | The residents contend that the 20"year common-law rule of repose does not bar their action against Scenic Homes because, they say, they did not have the right to sue until after the fire occurred. We agree. "A party has a cause of action on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury. That is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiff's injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action "accrues," " "when, and only when, the damages are sustained." " " | A party has a cause of action on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury; that is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiff's injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action "accrues," when, and only when, the damages are sustained. | Does a party have a cause of action on the date the first legal injury occurs? | 005855.docx | LEGALEASE-00123349-LEGALEASE-00123350 | Condensed, SA | 0.32 | 0 | 1 | 0 | 1 | |
| 2822 | Deniz v. Municipality of Guaynabo, 285 F.3d 142 | 148+277 | That question arises out of the plaintiff's decision to pursue his takings claims directly in federal court. The Supreme Court has explained that:The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a "reasonable, certain, and adequate provision for obtaining compensation" exist at the time of the taking.Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (citations omitted). Thus, a takings claim ordinarily is considered unripe if the claimant comes directly to a federal court without first seeking compensation through state procedures. Id. at 194"95, 105 S.Ct. 3108. | A takings claim under the Fifth Amendment ordinarily is considered unripe if the claimant comes directly to a federal court without first seeking compensation through state procedures. U.S.C.A. Const.Amend. 5. | Is a takings claim considered unripe if the claimant moves directly to a federal court without first seeking compensation through state procedures? | Eminent Domain - Memo 213 - GP.docx | ROSS-003284885-ROSS-003284886 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2823 | Mannatt v. United States, 48 Fed. Cl. 148 | 148+2.2 | Although a survey, standing alone, does not affect title in real property, when the government improperly resurveys lands so as to enlarge its interest in the property, and then effectively takes the property, such resurvey plus the assertion of control of the property will constitute a taking by inverse condemnation. Sioux Tribe of Indians of Lower Brule Reservation, S.D. v. United States, 161 Ct.Cl. 413, 415, 315 F.2d 378 (1963). Despite the fact that the initial invasion of the Mannatt/Mather Lot was perpetrated by Mr. Miller, an inhabitant of the Reservation, defendant's resurvey creates a "sufficient direct and substantial United States involvement" to give rise to a taking. Langenegger v. United States, 756 F.2d 1565, 1571 (Fed.Cir.1985) (emphasis omitted). It is exactly this sort of misuse of the authority of the government to take resurveys that 43 U.S.C. " 772 prohibits. As alleged by plaintiffs, the resurvey of property would indeed indicate the existence of compensable takings. | Although a survey, standing alone, does not affect title in real property, when the government improperly resurveys lands so as to enlarge its interest in the property, and then effectively takes the property, such resurvey plus the assertion of control of the property will constitute a taking by inverse condemnation. | "Does a survey, standing alone, affect title in real property under the taking laws?" | 017491.docx | LEGALEASE-00123297-LEGALEASE-00123298 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 2824 | Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909 | 221+330 | In the context of remedial legislation, prohibition of effects is usually indivisible from regulation of causes. Consequently, the principles underlying territorial jurisdiction occasionally permit a state to address conduct causing harmful effects across national borders. Territoriality-based jurisdiction thus allows states to regulate the conduct or status of individuals or property physically situated within the territory, even if the effects of the conduct are felt outside the territory. Conversely, conduct outside the territorial boundary which has or is intended to have a substantial effect within the territory may also be regulated by the state. | Territoriality-based jurisdiction allows states to regulate conduct or status of individuals or property physically situated within territory, even if effects of conduct are felt outside the territory, while conduct outside territorial boundary which has or is intended to have substantial effect within the territory may also be regulated by the state. | Does territoriality-based jurisdiction allow states to regulate the conduct or status of individuals or property physically situated within the territory? | 019705.docx | LEGALEASE-00123729-LEGALEASE-00123730 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | |
| 2825 | United States v. Columba-Colella, 604 F.2d 356 | 221+332 | When an allegedly criminal act is performed by an alien on foreign soil courts in the United States have long held that if jurisdiction is to be extended over that act, it must be supported by either the Protective or the Objective territorial theory. Under the protective theory, which does not bear on the resolution of the case before us, a country's legislature is competent to enact laws and, assuming physical power over the defendant, its courts have jurisdiction to enforce criminal laws wherever and by whomever the act is performed that threatens the country's security or directly interferes with its governmental operations. A state/nation is competent, for example, to punish one who has successfully defrauded its treasury, no matter where the fraudulent scheme was perpetrated. United States v. Fernandez, 5 Cir. 1974, 496 F.2d 1294, 1296. See also United States v. Bowman, 1922, 260 U.S. 94, 97-98, 43 S.Ct. 39, 67 L.Ed. 149; United States v. Vicars, 5 Cir. 1972, 467 F.2d 452, 456 (per curiam), Cert. denied, 410 U.S. 967, 93 S.Ct. 1451, 35 L.Ed.2d 702; United States v. Williams, 2 Cir. 1972, 464 F.2d 599, 601; United States v. Pizzaruzzo, 2 Cir. 1968, 388 F.2d 8, 10-11, Cert. denied, 392 U.S. 936, 88 S.Ct. 2306, 20 L.Ed.2d 1395; Restatement (2d) of Foreign Relations Law of the United States s 18. | Under protective theory, country's legislature is competent to enact laws and, assuming physical power over the defendant, its courts have jurisdiction to enforce criminal laws wherever and by whomever act is performed that threatens the country's security or directly interferes with its governmental operations. | When can a country enforce criminal laws under the protective principle? | 019711.docx | LEGALEASE-00123768-LEGALEASE-00123769 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2826 | Samantar v. Yousuf, 560 U.S. 305 | 221+342 | Petitioner urges that a suit against an official must always be equivalent to a suit against the state because acts taken by a state official on behalf of a state are acts of the state. See Brief for Petitioner 26. We have recognized, in the context of the act of state doctrine, that an official's acts can be considered the acts of the foreign state, and that "the courts of one country will not sit in judgment" of those acts when done within the territory of the foreign state. See Underhill v. Hernandez, 168 U.S. 250, 252, 254, 18 S.Ct. 83, 42 L.Ed. 456 (1897).Although the act of state doctrine is distinct from immunity, and instead "provides foreign states with a substantive defense on the merits," Altmann, 541 U.S., at 700, 124 S.Ct. 2240, we do not doubt that in some circumstances the immunity of the foreign state extends to an individual for acts taken in his official capacity. But it does not follow from this premise that Congress intended to codify that immunity in the FSIA. It hardly furthers Congress' purpose of "clarifying the rules that judges should apply in resolving sovereign immunity claims," id., at 699, 124 S.Ct. 2240, to lump individual officials in with foreign states without so much as a word spelling out how and when individual officials are covered. | In the context of the act of state doctrine, an official's acts can be considered the acts of the foreign state, and the courts of one country will not sit in judgment of those acts when done within the territory of the foreign state. | "In the context of the act of state doctrine, can an official's acts be considered the acts of the foreign state, and the courts of one country will not sit in judgment of those acts when done within the territory of the foreign state?" | International Law - Memo # 80 - C - LK.docx | ROSS-003300605-ROSS-003300606 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 2827 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | Although the Supreme Court's "description of the jurisprudential foundation for the act of state doctrine has undergone some evolution over the years," id. at 404, 110 S.Ct. 701, the Court's most recent decisions have made clear that the doctrine is narrow in scope. Among other limitations, it applies "only when the case turns on the validity or invalidity of a foreign official act""it is "not implicated" merely because "one possible outcome would logically imply that a foreign official act was invalid," unless "that implication is ... itself a component of the reasoning underlying the result." John Harrison, The American Act of State Doctrine, 47 Geo. J. Int'l L. 507, 519 (2016) (hereinafter "Harrison"). Emphasizing this limitation, the Supreme Court explained in Kirkpatrick how the act of state doctrine operated in four of its prior decisions: The doctrine applied in Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897), because "holding the defendant's detention of the plaintiff to be tortious would have required denying legal effect to acts of a military commander representing the authority" of a government that the United States subsequently recognized, 493 U.S. at 405, 110 S.Ct. 701; the doctrine applied to a dispute over title to personal property in Oetjen v. Central Leather Co., 246 U.S. 297, 38 S.Ct. 309, 62 L.Ed. 726 (1918), and Ricaud v. American Metal Co., 246 U.S. 304, 38 S.Ct. 312, 62 L.Ed. 733 (1918), because the relief sought would have required the court to treat the seizure and sale of the property in Mexico by the "legitimate Mexican government" as invalid; and the doctrine applied in Sabbatino, 376 U.S. at 398, 84 S.Ct. 923, because "upholding the defendant's claim to the funds [at issue] would have required a holding that Cuba's expropriation of goods located in Havana was null and void." Kirkpatrick, 493 U.S. at 405"06, 110 S.Ct. 701. As exemplified by each of these cases, the act of state doctrine applies only "when a court must decide"that is, when the | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | "Does the act of state doctrine apply only when a court must decide, when the outcome of the case turns upon, the effect of official action by a foreign sovereign?" | 019953.docx | LEGALEASE-00122784-LEGALEASE-00122786 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 2828 | Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 221+342 | Although there is no general federal common law, there are enclaves of federal judge-made law. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 426, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). One such enclave concerns the law of international relations and foreign affairs. Id. at 427, 84 S.Ct. 923. A long-standing common law principle, the act of state doctrine precludes courts from evaluating the validity of actions that a foreign government has taken within its own borders. See W.S. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701; Sabbatino, 376 U.S. at 401, 84 S.Ct. 923; Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897); see also Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 605"07 (9th Cir.1976) (recounting history of the doctrine); Born and Rutledge, International Civil Litigation in United States Courts 751"55 (2007) (same). The doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy. W.S. Kirkpatrick, 493 U.S. at 404, 110 S.Ct. 701. As a result, the doctrine requires that the "official act of a foreign sovereign performed within its own territory" becomes " "a rule of decision for the courts of this country." " Id. at 405, 110 S.Ct. 701 (quoting Ricaud v. American Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 62 L.Ed. 733 (1918)). | A long-standing common law principle, the "act of state doctrine," precludes courts from evaluating the validity of actions that a foreign government has taken within its own borders. | Does the act of state doctrine preclude courts from evaluating the validity of actions that a foreign government has taken within its own borders? | International Law - Memo # 238 - C - CRB.docx | ROSS-003298060-ROSS-003298061 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 2829 | United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+342 | The doctrine is not a principle of abstention, however"that is to say, a defendant may not raise the act of state doctrine as a complete bar to suit whenever the case touches upon the realm of foreign affairs. W.S. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701 (noting that "[t]he Act of State doctrine does not establish an exception for cases and controversies that may embarrass foreign governments"). Rather, it serves as "a rule of decision for the courts of this country," id. at 405, 110 S.Ct. 701 (quoting Ricaud v. Am. Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 62 L.Ed. 733 (1918)), which requires that "the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid," id. Application of the doctrine requires a fact-sensitive "balance of the relevant considerations," Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 428, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964), and this analysis "must always be tempered by common sense," Allied Bank Intern. v. Banco Credito Agricola de Cartago, 757 F.2d 516, 521 (2d Cir.1985); see also Sabbatino, 376 U.S. at 428, 84 S.Ct. 923 (declining to announce "an inflexible and all-encompassing rule" to govern the doctrine). | The "act of state doctrine" precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory is not a principle of abstention; a defendant may not raise the act of state doctrine as a complete bar to suit whenever the case touches upon the realm of foreign affairs. | Does the act of state doctrine require that the official act of a foreign sovereign performed within its own territory becomes a rule of decision for the courts of this country? | 020097.docx | LEGALEASE-00123418-LEGALEASE-00123420 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2830 | Sarei v. Rio Tinto PLC., 221 F. Supp. 2d 1116 | 24+764 | The Ninth Circuit has stated that the ATCA both confers federal subject matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations. See In re Estate of Ferdinand Marcos, Human Rights Litigation ("Hilao II"), 25 F.3d 1467, 1475"76 (9th Cir.1994). See also Kadic, supra, 70 F.3d at 238; Filartiga, supra, 630 F.2d at 887; Alomang v. Freeport"McMoran, Inc., Civ. A. No. 96"2139, 1996 WL 601431, (E.D.La. Oct.17, 1996) ("Freeport correctly points out that the Alien Tort Statute provides an independent basis of federal question jurisdiction to redress human rights violations"). | Alien Tort Claims Act both confers federal subject matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations. 28 U.S.C.A. S 1350. | Does the Alien Tort Claims Act both confer federal subject matter jurisdiction and creates an independent cause of action for violations of treaties or the law of nations? | International Law - Memo # 312 - C - NS.docx | ROSS-003324538-ROSS-003324539 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 2831 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | Acts of foreign governments purporting to have extraterritorial effect"and consequently, by definition, falling outside the scope of the act of state doctrine"should be recognized by the courts only if they are consistent with the law and policy of the United States. United States v. Belmont, 301 U.S. 324, 332"33, 57 S.Ct. 758, 761"62, 81 L.Ed. 1134 (1937); Banco Nacional de Cuba v. Chemical Bank, 658 F.2d at 908"09; Republic of Iraq, 353 F.2d at 51. Thus, we have come full circle to reassess whether we should give effect to the Costa Rican directives. We now conclude that we should not. | Acts of foreign governments purporting to have extraterritorial effect, and consequently, by definition, falling outside scope of "act of state" doctrine, should be recognized by courts only if they are consistent with law and policy of the United States. | Should acts of foreign governments purporting to have extraterritorial effect be recognized by United States courts only if they are consistent with the law and policy of the United States? | International Law - Memo # 387 - C - SN.docx | ROSS-003309730-ROSS-003309731 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |
| 2832 | Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venezuela, 971 F. Supp. 2d 49 | 221+387 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). This doctrine "is applicable when "the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within" its boundaries." World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1164 (D.C.Cir.2002) (internal brackets omitted) (quoting W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The doctrine is to be interpreted and applied in accordance with the policy interests of "international comity, respect for the sovereignty of other nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." W.S. Kirkpatrick, 493 U.S. at 408, 110 S.Ct. 701; Nemariam v. Fed. Democratic Republic of Ethiopia, 491 F.3d 470, 477 n. 7 (D.C.Cir.2007). However, the party raising the defense bears the burden to affirmatively show that an act of state has occurred and "that no bar to the doctrine is applicable under the factual circumstances." Ramirez de Arellano v. Weinberger, 745 F.2d 1500, 1534 (D.C.Cir.1984) (en banc), judgment vacated on other grounds, 471 U.S. 1113, 105 S.Ct. 2353, 86 L.Ed.2d 255 (1985). | The party raising the act of state doctrine as a defense bears the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances. | Does the party raising the act of state doctrine as a defense bear the burden to affirmatively show that an act of state has occurred and that no bar to the doctrine is applicable under the factual circumstances? | International Law - Memo # 522 - C - SU.docx | ROSS-003301583-ROSS-003301584 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 2833 | Spectrum Stores v. Citgo Petroleum Corp., 632 F.3d 938 | 221+342 | "For act of state (as opposed to sovereign immunity) purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit." Callejo, 764 F.2d at 1115, 1116 (emphasis added). The burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. See Alfred Dunhill of London, Inc. v. Republic of Cuba, 425 U.S. 682, 694, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). | For act of state, as opposed to sovereign immunity, purposes, the relevant acts are not merely those of the named defendants, but any governmental acts whose validity would be called into question by adjudication of the suit; the burden lies on the proponent of the doctrine to establish the factual predicate for the doctrine's application. | Does the burden of establishing that the conduct of a foreign government amounts to an Act of State rest with the party asserting the defense? | 020805.docx | LEGALEASE-00123737-LEGALEASE-00123738 | SA, Sub | 0.33 | 0 | 0 | 1 | 1 | |
| 2834 | Nesvig v. Nesvig, 712 N.W.2d 299 | 307A+3 | Richard Nesvig argues the district court also abused its discretion by permitting certain evidence which exceeded the district court's previous order granting his motion in limine. However, an in limine ruling is only a preliminary order regarding admissibility of evidence. See Luce v. United States, 469 U.S. 38, 40-41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); Evans v. Wal-Mart Stores, Inc., 976 S.W.2d 582, 584 (Mo.Ct.App.1998). A district court's in limine ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." Luce, 469 U.S. at 41-42, 105 S.Ct. 460. Therefore, any order sustaining a motion in limine and excluding evidence is interlocutory in nature and subject to change by the district court during the course of the trial. See, e.g., Smith v. Associated Natural Gas Co., 7 S.W.3d 530, 536 (Mo.Ct.App.1999). | An in limine ruling is only a preliminary order regarding admissibility of evidence; a district court's in limine ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. | "Is a district court's in limine ruling subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer?" | 024060.docx | LEGALEASE-00123061-LEGALEASE-00123062 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 2835 | Banks v. State, 761 N.E.2d 403 | 110+632(4) | We first observe that predicating error on the admission of evidence that had been excluded preliminarily by an order in limine presents nothing for review. Rather, if the trial court errs by admitting evidence, the exclusion of which was sought by a motion in limine, then the error is in admitting the evidence in violation of an evidentiary rule, not in rescinding a previous order in limine. Francis v.State, 758 N.E.2d, 528, 533(Ind.2001). In this case, we interpret Banks' argument on appeal as a claim that the trial court erred in denying his motion for mistrial because the testimony concerning his alleged prior bad act was inadmissible under Indiana Evidence Rule 404(b) | Predicating error on the admission of evidence that had been excluded preliminarily by an order in limine presents nothing for review; rather, if the trial court errs by admitting evidence, the exclusion of which was sought by a motion in limine, then the error is in admitting the evidence in violation of an evidentiary rule, not in rescinding a previous order in limine. | "If the trial court errs by admitting evidence sought to be excluded by a motion in limine, will the error be in admitting the evidence at trial in violation of an evidentiary rule, or in denying the motion in limine?" | 024069.docx | LEGALEASE-00123127-LEGALEASE-00123128 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2836 | Mardirossian & Assocs. v. Ersoff, 153 Cal. App. 4th 257 | 307A+3 | Ersoff suggests Mardirossian's deposition testimony that any reconstruction of the hours spent would not be exact or accurate should have foreclosed M & A from offering its estimates of the number of hours expended. Although Mardirossian did testify he could not recreate time sheets six years after the fact with any precision, he also testified later in his deposition that he and his associates could review the file and use their own personal knowledge of the time worked to provide fair estimates of the hours spent on the case. His deposition testimony is not inconsistent with his trial testimony on that point; but, even if it were, the trial court properly concluded such inconsistency was to be evaluated by the trier of fact. (Kelly, supra, 49 Cal.App.4th at p. 673, 56 Cal.Rptr.2d 803.) As our Division Four colleagues recognized in Kelly, although a party may be precluded from introducing evidence contrary to its response in a request for admission (Code Civ. Proc., " 2033.410, subd. (a)), deposition testimony does not serve the same purpose as a request for admission, which is aimed primarily "at setting at rest a triable issue so that it will not have to be tried." (Kelly, at p. 673, 56 Cal.Rptr.2d 803.) Accordingly, "[i]t is a misuse of a motion in limine " to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony. Trial testimony may be impeached by inconsistent deposition testimony, but absent an abuse of the discovery process, such testimony should not be precluded. (Id. at p. 672, 56 Cal.Rptr.2d 803.) | It is a misuse of a motion in limine to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony; trial testimony may be impeached by inconsistent deposition testimony, but absent an abuse of the discovery process, such testimony should not be precluded. | Is it a misuse of a motion in limine to attempt to compel a witness or a party to conform his or her trial testimony to his or her deposition testimony? | Pretrial Procedure - Memo # 221 - C - CRB.docx | ROSS-003311022-ROSS-003311023 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2837 | In re Wyatt Field Serv. Co., 454 S.W.3d 145 | 307A+3 | Wyatt argues that the testimony makes no mention of any fact that could possibly bear on Wyatt's liability, and the jury's damages findings are immaterial in light of the no-liability finding in favor of Wyatt. The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing evidence in front of the jury without first asking the court's permission. Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex.App."Houston [14th Dist.] 2000, no pet.). A motion in limine preserves nothing for review. In re R.V., Jr., 977 S.W.2d 777, 780 (Tex.App."Fort Worth 1998, no pet.). The complaining party must immediately object and also request the trial court to instruct the jury to disregard the evidence. State Bar of Tex. v. Evans, 774 S.W.2d 656, 658 n. 6 (Tex.1989) (per curiam); Weidner, 14 S.W.3d at 363. | The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing evidence in front of the jury without first asking the court's permission. | Is the purpose of a motion in limine to prevent the other party from asking prejudicial questions in front of the jury without first asking the court's permission? | Pretrial Procedure - Memo # 628 - C - SSB.docx | ROSS-003283527-ROSS-003283528 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2838 | City of Wichita v. Denton, 296 Kan. 244 | 307A+3 | In this case, the district court's grant of partial summary judgment led directly to its grant of the City's subsequent motion in limine, which excluded the testimony of Clear Channel's appraisal experts due to the court's conclusion that the factors on which the experts based their testimony"namely, the billboard structure and the advertising income"were not compensable in the eminent domain action. The purpose of an order in limine is to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions. State v. Abu"Fakher, 274 Kan. 584, 594, 56 P.3d 166 (2002). An order in limine should be granted if the trial court finds that two factors are present: (1) The questioned material or evidence would be inadmissible at a trial under the rules of evidence; and (2) the mere offer during trial concerning the material will likely prejudice the jury. State v. Horn, 278 Kan. 24, 37, 91 P.3d 517 (2004). | The purpose of an order in limine is to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions. | "Is the purpose of an order in limine to assure a fair and impartial trial to all parties by excluding from trial inadmissible evidence, prejudicial statements, and improper questions?" | Pretrial Procedure - Memo # 284 - C - CRB.docx | ROSS-003297782-ROSS-003297783 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2839 | State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 30+3209 | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." Mon Ami Intl. v. Gale. However, [b]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.Andrews v. Wilbanks. See Hand v. Pettitt. | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "Is the admissibility of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court?" | 028838.docx | LEGALEASE-00122964-LEGALEASE-00122965 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 2840 | Pellegrini v. Weiss, 165 Cal. App. 4th 515 | 307A+3 | Generally speaking, in limine motions are disfavored in cases in which they are used not to determine in advance the court's projected ruling if presented with an evidentiary objection during trial, but instead to serve as a substitute for a dispositive statutory motion. The increasing prevalence of the practice of using in limine motions in this way produces substantial risk of reversal, particularly in situations in which the constitutional rights to jury trial and confrontation are implicated. As we stated in the recent case of Amtower v. Photon Dynamics, Inc. (2008) 158 Cal.App.4th 1582, 1594, 71 Cal.Rptr.3d 361: "The disadvantages of such shortcuts are obvious. They circumvent procedural protections provided by the statutory motions or by trial on the merits; they risk blindsiding the nonmoving party; and, in some cases, they could infringe a litigant's right to a jury trial. (Cal. Const., art. I, " 16.)" (Ibid.) "The better practice in nearly every case is to afford the litigant the protections provided by trial or by the statutory processes." (Id. at p. 1588, 71 Cal.Rptr.3d 361; see also Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore (2008) 162 Cal.App.4th 1331, 76 Cal.Rptr.3d 649.) | The better practice in nearly every case in which an in limine motion is brought as a substitute for a dispositive statutory motion is to afford the litigant the protections provided by trial or by the statutory processes. | "When a motion in limine is brought as a substitute for a dispositive statutory motion, is the better practice to afford the litigant the protections provided by trial or by the statutory processes?" | 029321.docx | LEGALEASE-00123114-LEGALEASE-00123115 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2841 | State v. Wilt, 333 N.W.2d 457 | 110+734 | That defendants did not formulate their motions as applications to adjudicate law points is not dispositive. Iowa courts may look to the substance of a motion rather than its label. Allen, 304 N.W.2d at 206; Kagin's Numismatic Auctions, Inc. v. Criswell, 284 N.W.2d 224, 226 (Iowa 1979). A motion for adjudication of law points is allowed in criminal cases under the provisions of Iowa Rule of Criminal Procedure 10(2). The motion lies for resolution of legal issues, and may not be used to resolve factual arguments. Marti, 290 N.W.2d at 579. We confine its reach as we do under Iowa Rule of Civil Procedure 105, State v. Iowa District Court, 271 N.W.2d at 706, and hold it is appropriate only where material facts are undisputed. See M & W Farm Service Co. v. Callison, 285 N.W.2d 271, 274 (Iowa 1979); IMT Insurance Co. v. Myer, 283 N.W.2d 316, 318 (Iowa 1979). Contrary to the State's argument, categorization of the chapter 99B exceptions as elements or affirmative defenses, and the related burden of proof, are purely legal issues which trial court properly might adjudicate as law points. See Julian v. City of Cedar Rapids, 271 N.W.2d 707, 709 (Iowa 1978); Wardlow v. City of Keokuk, 190 N.W.2d 439, 441 (Iowa 1971) (adjudication of proper elements of damages under Iowa Rule of Civil Procedure 105). The State's alleged disputed fact"existence of a valid gambling license"goes to existence of the defense on the merits, as distinguished from the burden of producing the evidence to be considered, or the burden of persuading, using that evidence. | Motion for adjudication of law points is allowed in criminal cases but lies for resolution of legal issues and may not be used to resolve factual argument and is appropriate only where material facts are undisputed. I.C.A. S 813.2, Rule 10, subd. 2. | Is a motion to adjudicate law points under applicable rule appropriate only when material facts are undisputed? | 031825.docx | LEGALEASE-00124132-LEGALEASE-00124133 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 2842 | Ray v. Paul, 563 N.W.2d 635 | 307A+3 | The primary purpose of a motion in limine is to preclude reference to potentially prejudicial evidence prior to the trial court's definitive ruling on its admissibility. State v. Davis, 240 N.W.2d 662, 663 (Iowa 1976). Generally, any error based on the trial court's disposition of a motion in limine is not preserved unless the record includes a timely objection when the challenged evidence is offered at trial. Id. The resolution of a preservation of error issue is "not controlled by the title of the motion or its prayer." State v. O'Connell, 275 N.W.2d 197, 202 (Iowa 1979). Our concern is "what the ruling of the trial court does or purports to do." Id. A ruling limited to protection from prejudicial references must be distinguished from a ruling on the admissibility of the challenged evidence. State v. Miller, 229 N.W.2d 762, 768 (Iowa 1975). If the trial court's ruling is dispositive on the issue of admissibility, it is considered final for purposes of appeal and no further objection is necessary. Id. | Primary purpose of motion in limine is to preclude reference to potentially prejudicial evidence prior to trial court's definitive ruling on its admissibility. | Is the primary purpose of motion in limine to preclude reference to potentially prejudicial evidence prior to trial court's definitive ruling on its admissibility? | Pretrial Procedure - Memo # 516a - C - CK.docx | ROSS-003323507-ROSS-003323508 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 2843 | Edwards v. Centex Real Estate Corp., 53 Cal. App. 4th 15 | 307A+3 | A motion in limine is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence. The purpose of a motion in limine is "to avoid the obviously futile attempt to "unring the bell" in the event a motion to strike is granted in the proceedings before the jury." (Hyatt v. Sierra Boat Co. (1978) 79 Cal.App.3d 325, 337, 145 Cal.Rptr. 47; 3 Witkin, Cal. Evidence (3d ed. 1986) Introduction of Evidence at Trial, " 2011, p. 1969.) In contrast to the usual motion in limine, which seeks to keep particular items of evidence from a jury, an "objection to all evidence" is essentially the same as a general demurrer or motion for judgment on the pleadings seeking to end the trial without the introduction of evidence. Such an objection is properly sustained where even if the plaintiff's allegations were proven, they would not establish a cause of action. (Clemens v. American Warranty Corp. (1987) 193 Cal.App.3d 444, 451, 238 Cal.Rptr. 339; Miller v. McLaglen (1947) 82 Cal.App.2d 219, 223, 186 P.2d 48; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, " 272, p. 571; 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, " 954, pp. 410"411.) | Motion in limine is made to exclude evidence before the evidence is offered at trial, on grounds that would be sufficient to object to or move to strike the evidence; purpose of motion in limine is to avoid the obviously futile attempt to "unring the bell" in the event motion to strike is granted in proceedings before jury. | "Is the purpose of motion in limine to avoid the obviously futile attempt to ""unring the bell"" in the event motion to strike is granted in proceedings before jury?" | Pretrial Procedure - Memo # 518 - C - CRB.docx | ROSS-003311765-ROSS-003311766 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 2844 | Rich v. Quinn, 13 Ohio App. 3d 102 | 307A+3 | A motion in limine is a relatively modern device for presenting potential evidentiary problems to the court prior to trial. Though not expressly provided for by rule or statute, the ability of a court to entertain such motions lies in the inherent power and discretion of the trial judge to control the proceedings. See Evid.R. 103(A) and 611(A); see, also, Giannelli, Ohio Evidence Manual (1982) 17, Section 103.07(a); McCormick, Evidence (2 Ed. Cleary Ed.1978 Supp.) 17, Section 52; and Annotation (1975), 63 A.L.R.3d 311. | Ability of a court to entertain a motion in limine, though not expressly provided for by rule or statute, lies in inherent power and discretion of trial judge to control proceedings. Rules of Evid., Rules 103(A), 611(A). | Does the ability of trial court to entertain motions in limine lie within a court's inherent power and discretion to control proceedings before it? | 032413.docx | LEGALEASE-00122773-LEGALEASE-00122774 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 2845 | Lohmann v. Lohmann, 62 S.W.3d 875 | 307A+3 | A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. The cumulative effect of repeated violations of a trial court's order in limine may be grounds for reversal. Where a trial court's order on a motion in limine is violated, an appellate court reviews the violations to see if they are curable by an instruction to the jury to disregard. Violations of an order on a motion in limine are incurable if the instructions to the jury would not eliminate the danger of prejudice. | A "motion in limine" is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. | "Is a motion in limine a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make?" | Pretrial Procedure - Memo # 939 - C - MLS.docx | ROSS-003324610-ROSS-003324611 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 2846 | State, Dep't of Transp. v. Douglas Asphalt Co., 297 Ga. App. 470 | 30+3209 | "The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and we will not disturb the exercise of that discretion absent evidence of its abuse." (Punctuation omitted.) Mon Ami Intl. v. Gale. However,.[b]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.(Citation omitted.) Andrews v. Wilbanks. See Hand v. Pettitt. | The admission of evidence, including a ruling on a motion in limine, is a matter resting within the sound discretion of the trial court, and an appellate court will not disturb the exercise of that discretion absent evidence of its abuse. | "Is the admission of evidence, including a ruling on a motion in limine, a matter resting within the sound discretion of the trial court?" | Pretrial Procedure - Memo 356 - RK.docx | ROSS-003297118-ROSS-003297119 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2847 | Palazzolo v. Rhode Island, 533 U.S. 606 | 148+2.10(1) | Since Mahon, we have given some, but not too specific, guidance to courts confronted with deciding whether a particular government action goes too far and effects a regulatory taking. First, we have observed, with certain qualifications, see infra, at 2463-2464, that a regulation which "denies all economically beneficial or productive use of land" will require compensation under the Takings Clause. Lucas, 505 U.S., at 1015, 112 S.Ct. 2886; see also id., at 1035, 112 S.Ct. 2886 (KENNEDY, J., concurring); Agins v. City of Tiburon, 447 U.S. 255, 261, 100 S.Ct. 2138, 65 L.Ed.2d 106 (1980). Where a regulation places limitations on land that fall short of eliminating all economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action. Penn Central, supra, at 124, 98 S.Ct. 2646. These inquiries are informed by the purpose of the Takings Clause, which is to prevent the government from "forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Armstrong v. United States, 364 U.S. 40, 49, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). | Where a regulation places limitations on land that fall short of eliminating all economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors including the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action. U.S.C.A. Const.Amend. 5. | "Is preventing the government from forcing some people alone to bear public burdens, the purpose of the Takings Clause?" | 017506.docx | LEGALEASE-00124438-LEGALEASE-00124439 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 2848 | Volusia Cty. v. Aberdeen at Ormond Beach, 760 So. 2d 126 | 414+1382(4) | The parties also dispute the proper application of the dual rational nexus test. In St. Johns County, the Court expressly adopted the dual rational nexus test for determining the constitutionality of impact fees: the local government must demonstrate reasonable connections between (1) "the need for additional capital facilities and the growth in population generated by the subdivision" and (2) "the expenditures of the funds collected and the benefits accruing to the subdivision." St. Johns County, 583 So.2d at 637 (quoting Hollywood, Inc. v. Broward County, 431 So.2d 606, 611-12 (Fla. 4th DCA 1983)). Volusia County argues that the test requires needs and benefits to be assessed based on countywide growth, and that the specific-need/special-benefit analysis is limited to the water and sewer line context. This argument, however, is without merit. | Use of dual rational nexus test to test constitutionality of impact fee, under which local government seeking to impose impact fee must demonstrate reasonable connections between the need for additional capital facilities and growth in population generated by subdivision and the expenditures of funds collected and benefits accruing to subdivision, was not limited to water and sewer line context. | What are required to determine by the court while applying the dual rational nexus test? | Eminent Domain - Memo 233 - GP.docx | ROSS-003301191-ROSS-003301192 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 2849 | Mendenhall v. City of Indianapolis, 717 N.E.2d 1218 | 148+2.1 | There are two stages to an action for inverse condemnation: 1) the landowner must show that he has an interest in land which has been taken for a public use without having been appropriated under eminent domain laws; and 2) if the court finds that a taking has occurred, then the court appoints appraisers and damages are assessed. Jenkins v. Board of County Comm'rs, 698 N.E.2d 1268, 1270 (Ind.Ct.App.1998), trans. denied. A taking by inverse condemnation includes "any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property." Town Council of New Harmony v. Parker, 707 N.E.2d 1002, 1008 (Ind.Ct.App.1999). Ordinarily, the question of whether a particular interference is substantial is a question of fact for the fact-finder. Id. An action for inverse condemnation is premature until such time as the landowner can establish that his property has been deprived of all economically beneficial or productive use. Galbraith v. Planning Dept. of the City of Anderson, 627 N.E.2d 850, 854 (Ind.Ct.App.1994). | A taking by inverse condemnation includes any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property. | "Does a taking by inverse condemnation include any substantial interference with private property which destroys or impairs one's free use, enjoyment, or interest in the property?" | 017542.docx | LEGALEASE-00125382-LEGALEASE-00125383 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 2850 | Buell v. Mitchell, 274 F.3d 337 | 221+108 | Finally, we note that even if the agreements were to ban the imposition of the death penalty, neither is binding on federal courts. "Courts in the United States are bound to give effect to international law and to international agreements, except that a "non-self-executing" agreement will not be given effect as law in the absence of necessary authority." Restatement (Third) of Foreign Relations Law " 111 (1987). Neither the American Declaration nor the International Covenant is self-executing, nor has Congress enacted implementing legislation for either agreement. See Garza v. Lappin, 253 F.3d 918, 923 (7th Cir.2001) (stating that the "American Declaration .. is an aspirational document which .. did not on its own create any enforceable obligations on the part of any of the OAS member nations"); Beazley v. Johnson, 242 F.3d 248, 267"68 (5th Cir.2001) (citing cases and other sources indicating that the International Covenant is not self-executing); Hawkins, 33 F.Supp.2d at 1257 (noting that Congress has not enacted implementing legislation for the International Covenant). | Courts in the United States are bound to give effect to international law and to international agreements, except that a "non-self-executing" agreement will not be given effect as law in the absence of necessary authority. Restatement (Third) of the Foreign Relations Law of the United States S 111. | "Are courts in the United States bound to give effect to international law and to international agreements, except that a ""non-self-executing"" agreement will not be given effect as law in the absence of necessary authority?" | 020150.docx | LEGALEASE-00124660-LEGALEASE-00124661 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 2851 | Phoenix Canada Oil Co. v. Texaco Inc., 560 F. Supp. 1372 | 221+387 | If applicable, a Court utilizes the act of state doctrine to accord a foreign act an irrebuttable presumption of validity and then proceeds to adjudicate the merits of the claim. See Banco National de Cuba v. Sabbatino, 376 U.S. at 471"72, 84 S.Ct. at 962"63; Zweiban v. Mitchell, 516 F.2d 594, 620 n. 68 (D.C.Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 187 (1976); Phoenix Canada, 78 F.R.D. at 459 n. 60. With this in mind, Res. 11927 and the Sentencia are accorded such a presumption and the only justiciable issues concern the interpretation of the governmental decrees. Plaintiff, however, implicitly attacks the validity of the decrees by arguing first, a lack of authority for the Minister to resolve disputes between private parties; and second, the political machinations of Ecuador's military junta. Plaintiff asks this Court to engage in the very activity forbidden by the act of state doctrine. As such, plaintiff's protestations will be disregarded. | If applicable, a court utilizes the act of state doctrine to accord a foreign act an irrebuttable presumption of validity and then proceeds to adjudicate the merits of the claim. | "If applicable, does a court utilize the act of state doctrine to accord a foreign act an irrebuttable presumption of validity and then proceeds to adjudicate the merits of the claim?" | International Law - Memo # 496 - C - SB.docx | ROSS-003284855-ROSS-003284856 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2852 | Ramirez de Arellano v. Weinberger, 745 F.2d 1500 | 221+342 | The act of state defense requires the court to analyze the nature of the plaintiff's claims and the facts of the foreign act and to determine whether judicial abstention is required in order to avoid interference with the political branches' conduct of foreign relations. A successful act of state defense must rest on a factual showing that an act of state has occurred, coupled with a legal showing that no bar to the doctrine is applicable under the factual circumstances. We consider each in turn. | Successful act of state defense must rest on factual showing that act of state has occurred, coupled with legal showing that no bar to doctrine is applicable under factual circumstances. | "Must a successful act of state defense rest on a factual showing that an act of state has occurred, coupled with legal showing that no bar to doctrine is applicable under factual circumstances?" | International Law - Memo # 558 - C - SA.docx | ROSS-003283318-ROSS-003283319 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 2853 | Perez v. Chase Manhattan Bank, N.A., 61 N.Y.2d 460 | 221+342 | The basic premise of the Act of State doctrine is that "the courts of one country will not sit in judgment on the acts of the government of another done within its own territory." (Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 84, 42 L.Ed. 456; Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 416, 84 S.Ct. 923, 934, 11 L.Ed.2d 804; see Restatement, Foreign Relations Law of United States 2d, " 41.) Whether the property seized is tangible or intangible is not dispositive. (Menendez v. Saks & Co., 485 F.2d 1355, 1364 (2nd Cir.), revd. on other grounds sub nom. Alfred Dunhill of London v. Cuba, 425 U.S. 682, 96 S.Ct. 1854, 48 L.Ed.2d 301.) The doctrine applies when the foreign sovereign's act amounts to a taking of property within its own borders. (Republic of Iraq v. First Nat. City Bank, 353 F.2d 47 (2nd Cir.), cert. den. 382 U.S. 1027, 86 S.Ct. 648, 15 L.Ed.2d 540.) | Basic premise of act of state doctrine is that courts of one country will not sit in judgment on acts of government of another done within its own territory. | Is the basic premise of the act of state doctrine that courts of one country will not sit in judgment on acts of government of another done within its own territory? | International Law - Memo # 561 - C - SA.docx | ROSS-003281653-ROSS-003281654 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 2854 | DeRoburt v. Gannett Co., 733 F.2d 701 | 221+342 | The act of state doctrine, although similar to the sovereign immunity doctrine, is distinguishable in several significant aspects. Where sovereign immunity addresses the jurisdiction of the court, the act of state doctrine "is a prudential doctrine designed to avoid judicial action in sensitive areas." Inter. Ass'n of Machinists, Etc. v. OPEC, 649 F.2d 1354, 1359 (9th Cir.1981). Further, in Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964), the Court recognized that the doctrine was not compelled by the nature of sovereignty, by international law, or by the text of the Constitution. 376 U.S. at 421-23, 84 S.Ct. at 936-37. | While sovereign immunity addresses jurisdiction of court, act of state doctrine is prudential doctrine designed to avoid judicial action in sensitive areas. | "While sovereign immunity addresses jurisdiction of court, is the act of state doctrine a prudential doctrine designed to avoid judicial action in sensitive areas?" | International Law - Memo # 563 - C - SA.docx | ROSS-003286010-ROSS-003286011 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 2855 | Haven v. Rzeczpospolita Polska, 68 F. Supp. 2d 947 | 221+341 | Hence no federal court is vested with a roving commission to force any foreign government to do equity. If any such government fails or refuses to act in its governmental capacity as conscience would command, no federal court is empowered to force it to do so except as Congress has specified. Nor can this Court's decision be driven by the assertions in plaintiffs' Surreply to Defendants' Motions To Dismiss that plaintiffs cannot obtain justice (or even a fair trial) in the Polish courts. Instead this Court remains bound by the jurisdictional limitations imposed by Congress, and this opinion returns to that task. | No federal court is vested with a roving commission to force any foreign government to do equity, and if any such government fails or refuses to act in its governmental capacity as conscience would command, no federal court is empowered to force it to do so except as Congress has specified. | Is any federal court vested with a roving commission to force any foreign government to do equity? | 020526.docx | LEGALEASE-00124235-LEGALEASE-00124236 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 2856 | Virtual Def. & Dev. Int'l v. Republic of Moldova, 133 F. Supp. 2d 1 | 221+342 | Having determined that it has jurisdiction over this case, the court must next consider the appropriateness of exercising its jurisdiction over a foreign state in light of the "act of state" doctrine. Unlike the FSIA, the act of state doctrine is not jurisdictional, but prudential. "The act of state doctrine is similar to the political question doctrine in domestic law. It requires that the courts defer to the legislative and executive branches when those branches are better equipped to resolve a politically sensitive question." International Ass'n of Machinists and Aerospace Workers v. Organization of Petroleum Exporting Countries, 649 F.2d 1354, 1358"9 (9th Cir.1981) [hereinafter IAM ]. In addition, the act of state doctrine aims to keep the courts "from deciding a case when the outcome turns upon the legality or illegality (whether as a matter of United States, foreign, or international law) of official action by a foreign sovereign performed within its own territory." Riggs Nat'l Corp. & Subsidiaries v. Commissioner of Internal Revenue Serv., 163 F.3d 1363, 1367 (D.C.Cir.1999) (citing W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., 493 U.S. 400, 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). The burden of proving that the court should apply the act of state doctrine and abstain from hearing the case is on the party asserting the applicability of the doctrine. See Alfred Dunhill v. Republic of Cuba, 425 U.S. 682, 691, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). Consequently, the burden in this case is on Moldova to demonstrate that the act of state doctrine should be applied. | Act of state doctrine requires that courts defer to legislative and executive branches when those branches are better equipped to resolve politically sensitive question. | Does the act of state doctrine require that courts defer to legislative and executive branches when those branches are better equipped to resolve a politically sensitive question? | International Law - Memo # 570 - C - SA.docx | ROSS-003326206-ROSS-003326207 | Condensed, SA | 0.9 | 0 | 1 | 0 | 1 | |
| 2857 | Gen. Elec. Co. v. Deutz AG, 129 F. Supp. 2d 776 | 106+512 | The distinction between a domestic and an international arbitration is important because of the principle of international comity, which provides that "a domestic court normally will give effect to executive, legislative, and judicial acts of a foreign nation." Philadelphia Gear Corp. v. Philadelphia Gear de Mexico, S.A., 44 F.3d 187, 191 (3d Cir.1994) (quoting Remington Rand v. Business Sys. Inc., 830 F.2d 1260, 1266 (3d Cir.1987)).Comity "dictates deference and mutual respect for concurrent foreign jurisdiction", Kirby v. Norfolk S. Ry. Co., 71 F.Supp.2d 1363, 1370 (N.D.Ga.1999), and it "should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect." Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 440 (3d Cir.1971). | Comity should be withheld only when acceptance of executive, legislative or judicial acts of foreign nation would be contrary or prejudicial to the interest of the nation called upon to give it effect. | "Should comity be withheld only when acceptance of executive, legislative or judicial acts of foreign nation would be contrary or prejudicial to the interest of the nation called upon to give it effect?" | 020853.docx | LEGALEASE-00124198-LEGALEASE-00124199 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2858 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | Acts of foreign governments purporting to have extraterritorial effect"and consequently, by definition, falling outside the scope of the act of state doctrine"should be recognized by the courts only if they are consistent with the law and policy of the United States. United States v. Belmont, 301 U.S. 324, 332"33, 57 S.Ct. 758, 761"62, 81 L.Ed. 1134 (1937); Banco Nacional de Cuba v. Chemical Bank, 658 F.2d at 908"09; Republic of Iraq, 353 F.2d at 51. Thus, we have come full circle to reassess whether we should give effect to the Costa Rican directives. We now conclude that we should not.The Costa Rican government's unilateral attempt to repudiate private, commercial obligations is inconsistent with the orderly resolution of international debt problems. It is similarly contrary to the interests of the United States, a major source of private international credit. The government has procedures for resolving intergovernmental financial difficulties. See, e.g., Foreign Assistance Act of 1961, Pub.L. No. 87"195, 75 Stat. 424 (1961) (codified as amended in scattered sections of 22 U.S.C.). With respect to private debt, support for the IMF resolution strategy is consistent with both the policy aims and best interests of the United States. | Acts of foreign governments purporting to have extraterritorial effect, and consequently, by definition, falling outside scope of "act of state" doctrine, should be recognized by courts only if they are consistent with law and policy of the United States. | Should acts of foreign governments purporting to have extraterritorial effect be recognized by courts only if they are consistent with law and policy of the United States? | International Law - Memo 608 - TH.docx | ROSS-003283981-ROSS-003283983 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 2859 | United Mexican States v. Ashley, 556 S.W.2d 784 | 221+342 | Mexico also asserts that the act of state doctrine bars this suit. Generally the act of state doctrine provides that courts will not review the validity of executive or legislative acts of a foreign sovereign affecting property within that sovereign's own borders. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); American Banana Co. v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826 (1909); Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897). | Act of state doctrine provides that courts will not review validity of executive or legislative act of foreign sovereign affecting property within that sovereign's own borders. | Does the act of state doctrine provide that courts will not review validity of executive or legislative act of foreign sovereign affecting property within that sovereign's own borders? | International Law - Memo 613 - TH.docx | ROSS-003284887-ROSS-003284888 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 2860 | Lernout & Hauspie Speech Prod., N.V. v. Stonington Partners, 268 B.R. 395 | 106+512 | The doctrine of international comity requires a domestic court to give effect to executive, legislative, and judicial acts of a foreign sovereign. Hilton v. Guyot, 159 U.S. 113, 163"64, 16 S.Ct. 139, 40 L.Ed. 95 (1895). The question of whether to extend international comity is relevant only where there is a true conflict between United States law and that of a foreign state. Maxwell Communication Corp. v. Societe Generale (In re Maxwell Communication Corp.), 93 F.3d 1036, 1049 (2d Cir.1996). A true conflict exists where foreign law requires conduct that violates United States law. Id. In the face of a true conflict, the law of the sovereign who has the most significant contacts, that is the "center of gravity", should be applied. Id. at 1055. Furthermore, United States courts should deny comity only if its acceptance would be prejudicial to the interests of the United States. Hilton at 163"64, 16 S.Ct. 139. | United States courts should deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States. | "Should United States courts deny comity to executive, legislative or judicial act of foreign sovereign only where its acceptance would be prejudicial to the interests of United States?" | 020958.docx | LEGALEASE-00124520-LEGALEASE-00124521 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 2861 | Bailey v. Chicago, B. & Q.R. Co., 179 N.W.2d 560 | 388+9(1) | The initial problem to be resolved is whether trial court erred in failing to act on plaintiffs' application for adjudication of law points. In this respect we find no reversible error. First, it is to us apparent an application under rule 105, Rules of Civil Procedure, was inappropriate under the circumstances. See National Farmers Union Property & Cas. Co. v. Nelson, 260 Iowa 163, 168, 147 N.W.2d 839.This application was in essence a request for an advisory opinion by the court, not involving a true issue of law. See rule 176, R.C.P.; 71 C.J.S. Pleading s 516, page 1073; and 312 Iowa L.Rev. 417, 428. More precisely, no issue existed upon which plaintiffs could effectively invoke rule 105. See 71 C.J.S. Pleading s 512, page 1068.Actually plaintiffs thereby asked the court to do that which could be best effectuated by them procedurally, via an amendment to their petition. | Rule authorizing pretrial application for adjudication of law points does not authorize party to request advisory opinion by court not involving true issue of law. 58 I.C.A. Rules of Civil Procedure, rules 105, 176. | Does the rule authorizing a pretrial application for the adjudication of law points authorize a party to request an advisory opinion by the court which does not involve a true issue of law? | 031897.docx | LEGALEASE-00124204-LEGALEASE-00124205 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 2862 | Ficken v. Alton & S. Ry. Co., 291 Ill. App. 3d 635 | 30+3209 | The trial court has discretion in deciding whether a motion in limine should be granted, and a reviewing court will not reverse the trial court's order absent a clear showing of an abuse of that discretion. Sher v. Deane H. Tank, Inc., 269 Ill.App.3d 312, 317, 206 Ill.Dec. 794, 797, 645 N.E.2d 1046, 1049 (1995). | Trial court has discretion in deciding whether motion in limine should be granted, and reviewing court will not reverse trial court's order absent clear showing of abuse of that discretion. | "Does a trial court have the discretion in deciding whether a motion in limine should be granted, and will the reviewing court reverse the trial court's order absent a clear showing of abuse of that discretion?" | 032042.docx | LEGALEASE-00124390-LEGALEASE-00124391 | Condensed, SA | 0.4 | 0 | 1 | 0 | 1 | |
| 2863 | Turner v. Peril, 50 S.W.3d 742 | 307A+3 | The case at hand is also distinguishable from cases holding error is not preserved when a party fails to make an offer of proof after an opponent's motion in limine is granted. See, e.g., Wyler Indus. Works v. Garcia, 999 S.W.2d 494, 511 (Tex.App."El Paso 1999, no pet.); Southwest Country Enters., 991 S.W.2d at 493. A trial court's grant of a motion in limine simply prohibits references to specific issues without first obtaining a ruling outside the presence of the jury. Southwest Country Enters., 991 S.W.2d at 493. Here, Turner offered the affidavits and obtained a definitive ruling on his offer. | A trial court's grant of a motion in limine simply prohibits references to specific issues without first obtaining a ruling outside the presence of the jury. | Does a trial court's grant of a motion in limine simply prohibit references to specific issues outside the presence of the jury? | Pretrial Procedure - Memo # 846 - C - VA.docx | ROSS-003284512-ROSS-003284513 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 2864 | Tri-City Const. Council v. Westfall, 127 Wash. App. 669 | 366+26 | Principles of natural justice give rise to the doctrine of equitable subrogation. Tilly v. Doe, 49 Wash.App. 727, 734, 746 P.2d 323 (1987). This means that we will require the party who should pay a debt to ultimately pay it. Mahler v. Szucs, 135 Wash.2d 398, 411, 957 P.2d 632, 966 P.2d 305 (1998); In re Liquidation of Farmers & Merchants State Bank of Nooksack, 175 Wash. 78, 85, 26 P.2d 631 (1933). But there is no absolute right of equitable subrogation. Farmers & Merchants State Bank, 175 Wash. at 86, 26 P.2d 631. It is, instead, based upon the circumstances of each case and the demands of justice for an equitable result. Id. at 85"86, 26 P.2d 631; Tilly, 49 Wash.App. at 734, 746 P.2d 323. And we will apply the doctrine liberally "in the interests of justice and equity." J.D. O'Malley & Co. v. Lewis, 176 Wash. 194, 201, 28 P.2d 283 (1934). " "[T]he doctrine as now applied is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." " Farmers & Merchants State Bank, 175 Wash. at 85"86, 26 P.2d 631 (quoting 25 R.C.L. 1322 et seq.) | The doctrine of equitable subrogation is broad enough to include every instance in which one person, not acting voluntarily, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | Is equitable subrogation broadly applied to include instances in which one person pays a debt for which another is primarily liable? | 044408.docx | LEGALEASE-00125144-LEGALEASE-00125145 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2865 | Thompson v. Cortese, 41 Pa. Cmwlth. 174 | 79+1 | The prothonotary is not "an administrative officer who has discretion to interpret or implement rules and statutes." Warner v. Cortese,5 Pa.Cmwlth. 51, 55, 288 A.2d 550, 552 (1972). Therefore, if documents tendered for filing are proper on their face and in conformity to rules of court, a prothonotary does not have discretion to refuse to enter them, Warner v. Cortese, supra, and mandamus then is the appropriate remedy to compel him to perform his ministerial duty. Stewart v. Bechtel, 360 Pa. 123, 61 A.2d 514 (1948); UEC, Inc. v. Board ofArbitration of Claims, 12 Pa.Cmwlth. 54, 314 A.2d 521 (1974). | Prothonotary of the court of common pleas is not administrative officer and does not have discretion to interpret or implement rules and statutes; thus if documents tendered for filing are proper on their face and in conformity to rules of court, a prothonotary does not have discretion to refuse to enter them and mandamus is appropriate remedy to compel him to perform his ministerial duty. | Is a prothonotary an administrative officer who has the discretion to interpret statutes? | Clerks of court - Memo 7 VP.docx | ROSS-003290080-ROSS-003290082 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 2866 | Hladek v. City of Merced, 69 Cal. App. 3d 585 | 148+2.3 | It is well settled, however, that when a municipality or public agency engages in competition with a private business and the latter suffers economic harm, the infliction of that harm is not a "taking" of private property that requires compensation in the constitutional sense. (United Railroads v. City and County of San Francisco (1919) 249 U.S. 517, 39 S.Ct. 361, 363, 63 L.Ed. 739; see also Knoxville Water Co. v. Knoxville (1906) 200 U.S. 22, 26 S.Ct. 224, 50 L.Ed. 353; Clark v. Los Angeles (1911) 160 Cal. 30, 39"40, 116 P. 722.) | When a municipality or public agency engages in competition with a private business and the latter suffers economic harm, the infliction of that harm is not a "taking" of private property which requires compensation in the constitutional sense. | "When a public entity engages in competition with a private business and the latter suffers economic harm, does the infliction of that harm constitute a taking?" | 017558.docx | LEGALEASE-00125630-LEGALEASE-00125631 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |
| 2867 | Redevelopment Agency v. Int'l House of Pancakes, 9 Cal. App. 4th 1343 | 148+81.1 | The provisions of the state and federal Constitutions which mandate just compensation for the taking of private property for public use do not require compensation for the loss of business goodwill. (Community Redevelopment Agency v. Abrams (1975) 15 Cal.3d 813, 831-832, 126 Cal.Rptr. 473, 543 P.2d 905; Community Development Com. v. Asaro (1989) 212 Cal.App.3d 1297, 1301-1302, 261 Cal.Rptr. 231.) But section 1263.510, enacted in 1975 as part of a comprehensive legislative revision of the state's eminent domain law, does authorize at least some compensation for loss of goodwill. The Supreme Court has explained that section 1263.510 "was enacted in response to widespread criticism of the injustice wrought by the Legislature's historic refusal to compensate condemnees whose ongoing businesses were diminished in value by a forced relocation. [Citations.] The purpose of the statute was unquestionably to provide monetary compensation for the kind of losses which typically occur when an ongoing small business is forced to move and give up the benefits of its former location." (People ex rel. Dept. of Transportation v. Muller (1984) 36 Cal.3d 263, 270, 203 Cal.Rptr. 772, 681 P.2d 1340.) | Provisions of State and Federal Constitutions which mandate just compensation for taking of private property for public use do not require compensation for loss of business goodwill; however, California eminent domain statute authorizes at least some compensation for loss of goodwill to owner of business conducted on property taken. West's Ann.Cal.C.C.P. S 1263.510; West's Ann.Cal. Const. Art. 1, S 14; U.S.C.A. Const.Amend. 5. | Do the provisions of the state and federal Constitutions which mandate just compensation for the taking of private property for public use require compensation for the loss of business goodwill? | Eminent Domain - Memo 255 - GP.docx | ROSS-003285096-ROSS-003285097 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 2868 | Scanlan v. U.S., State Farm Ins. Co., 743 F. Supp. 2d 813 | 393+468(5) | A subrogation right qualifies as a "lien" within the meaning of " 2410(a). Courts often refer to subrogation rights as giving rise to an equitable lien. See, e.g., In re Reliable Mfg. Corp., 703 F.2d 996, 1001 n. 4 (7th Cir.1983). Although the Court is unaware of other cases considering whether a subrogation right constitutes a "lien" under the quiet-title act, federal courts have concluded that similar charges on cash payments qualify as "liens" within the meaning of " 2410(a). Specifically, taxpayers may use " 2410(a) to challenge a pending IRS levy on wages. Harrell v. United States, 13 F.3d 232, 234 (7th Cir.1993). A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, "the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed." Id. | A tax levy secures an interest in unpaid taxes, while a subrogation right secures repayment of a secondarily liable party, but if the government claims either type of interest, the sorting out of competing property claims that is then required is just the task for which the quiet-title act was designed. 28 U.S.C.A. S 2410(a). | Does the right of subrogation secure repayment of a party that is secondarily liable? | Subrogation - Memo # 743 - C - SA.docx | ROSS-003298645-ROSS-003298646 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 2869 | Van Alstyne v. Elec. Scriptorium, Ltd., 560 F.3d 199 | 386+6 | As the comments to sections (b) and (c) explain, "[t]he interest of a possessor of a chattel in its inviolability, unlike the similar interest of a possessor of land, is not given legal protection by an action for nominal damages for harmless intermeddlings with the chattel." Restatement (Second) of Torts " 218 cmt e. Thus, nothing in the common law of trespass to chattel alters "the traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed." Doe, 540 U.S. at 621, 124 S.Ct. 1204. | Nothing in common law of trespass to chattel alters traditional understanding that tort recovery requires not only wrongful act plus causation reaching to the plaintiff, but proof of some harm for which damages can reasonably be assessed. | Does trespass to chattel require a proof of harm for which damages can reasonably be assessed? | 047177.docx | LEGALEASE-00125778-LEGALEASE-00125779 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 2870 | United States v. McDonnell, 64 F. Supp. 3d 783 | 63+1(2) | A quid pro quo agreement evincesa sort of "I'll scratch your back if you scratch mine" arrangement. Jennings, 160 F.3d at 1014. In other words, "[b]ribery requires the intent to effect an exchange of money (or gifts) for specific action (or inaction), but each payment need not be correlated with a specific official act." Id. "The quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor.' Thus, all that must be shown is that payments were made with the intent of securing a specific type of official action or favor in return." Id. (citation and internal quotation marks omitted). | Bribery statute's quid pro quo requirement is satisfied so long as evidence shows course of conduct of favors and gifts flowing to public official in exchange for pattern of official actions favorable to donor. 18 U.S.C.A. S 201. | To satisfy federal bribery statute's quid pro quo requirement is it enough to show that payment were made with intent of securing specific type of official action or favor in return? | Bribery - Memo # 42 - C - SD.docx | ROSS-003312883-ROSS-003312885 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 2871 | City of Buffalo v. J. W. Clement Co., 28 N.Y.2d 241 | 148+63 | Despite these divergent lines of authority, the policy of this State has been to deny recovery in the absence of a substantial impairment of the claimant's right to use or enjoy the property at any time prior to the date of final appropriation. Accordingly, the mere announcement of impending condemnations, coupled as it may well be with substantial delay and damage, does not, in the absence of other acts which may be translated into an exercise of dominion and control by the condemning authority, constitute a Taking so as to warrant awarding compensation. | Mere announcement of impending condemnation, coupled with substantial delay and damage does not, in absence of any acts which may be translated into an exercise of dominion and control by the condemning authority, constitute a "taking" so as to warrant awarding compensation. | "Does a mere announcement of impending appropriation, coupled with substantial delay and damage constitute a de facto taking of property?" | 017586.docx | LEGALEASE-00126036-LEGALEASE-00126037 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2872 | United States v. Best, 172 F. Supp. 2d 656 | 221+329 | As restated by the American Law Institute, the primary basis of extraterritorial jurisdiction recognized by the United States is the "subjective territorial principle," by which "a state has jurisdiction to prescribe law with respect to ... conduct that, wholly or in substantial part, takes place within its territory." RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES " 402(1)(a) ["RESTATEMENT"]. The United States also recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. United States v. Usama Bin Laden, 92 F.Supp.2d 189, 196 (S.D.N.Y.2000)(citing Christopher L. Blakesley, Extra territonal Jurisdiction, in INTERNATIONAL CRIMINAL LAW 50"81 (2d ed.1999)).Section 402(1)(c) of the Restatement, in particular, states the "objective territoriality principle" as providing that a nation has jurisdiction to prescribe law with respect to "conduct outside its territory that has or is intended to have substantial effect within its territory." RESTATEMENT " 402(1)(c) (the "effects principle"); see id. " 402(3) &cmt. d (setting forth the protective principle, which "may be seen as a special application of the effects principle"); id. " 431 (jurisdiction to enforce); see also Strassheim v. Daily, 221 U.S. 280, 285, 31 S.Ct. 558, 55 L.Ed. 735 (1911) ( "Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a State in punishing the cause of the harm as if he had been present at the effect, if the State should succeed in getting him within its power.") (emphasis added). | In addition to the "subjective territorial principle," by which a state has jurisdiction to prescribe law with respect to conduct that, wholly or in substantial part, takes place within its territory, United States recognizes five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory: (1) the objective territorial principle; (2) the protective principle; (3) the nationality principle; (4) the passive personality principle; and (5) the universality principle. Restatement (Third) of the Foreign Relations Law of the United States S 402(1)(a). | What are the five other principles of jurisdiction under international law by which a nation may reach conduct outside its territory? | 020626.docx | LEGALEASE-00125935-LEGALEASE-00125937 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 2873 | GSS Grp. Ltd. v. Republic of Liberia, 31 F. Supp. 3d 50 | 221+422 | The Foreign SovereignImmunities Act ("FSIA") "is "the sole basis for obtaining jurisdiction over a foreign state in our courts."" Nemariam v. Fed. Dem. Rep. of Ethiopia, 491 F.3d 470, 474 (D.C.Cir.2007) (quoting Argentine Rep. v. Amerada Hess Shipping Corp., 488 U.S. 428, 434, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989)). "A foreign state enjoys sovereignimmunity under the Act "unless an international agreement or one of several exceptions in the statute provides otherwise," " and thus, "[i]n the absence of an applicable exception, the foreign sovereign'simmunity is complete"[t]he district court lacks subject matter jurisdiction over the plaintiff's case." Id. (quoting Peterson v. Royal Kingdom of Saudi Arabia, 416 F.3d 83, 86 (D.C.Cir.2005)) (internal quotation marks omitted) (alterations in original). "The Act defines the term "foreign state" expansively. It includes not only foreign sovereigns, but also any "political subdivision of a foreign state or an agency or instrumentality of a foreign state." And the term "agency or instrumentality of a foreign state" in turn covers any foreign corporation "a majority of whose shares ... [are] owned by a foreign state." Because the [NPA] is wholly owned by the Liberian government, it qualifies as an "agency or instrumentality," and thus a "foreign state" for subject-matter jurisdiction purposes." GSS Group Ltd. v. Nat'l Port Auth., 680 F.3d at 811 (quoting 28 U.S.C. "" 1603(a)-(b)) (citations omitted) (alterations in original). | Foreign state enjoys sovereign immunity under the Foreign Sovereign Immunities Act (FSIA) unless an international agreement or one of several exceptions in the statute provides otherwise, and thus, in the absence of an applicable exception, the foreign sovereign's immunity is complete, and the district court lacks subject matter jurisdiction over the plaintiff's case. 28 U.S.C.A. S 1602 et seq. | Is a foreign state is entitled to sovereign immunity? | 020666.docx | LEGALEASE-00126128-LEGALEASE-00126129 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 2874 | Masgai v. Pub. Serv. Comm'n of Pennsylvania, 124 Pa. Super. 370 | 317A+113 | Appellant argues that he is not a common carrier and, therefore, the Public Service Commission had no jurisdiction over the hauling done by his trucks. Section 1, article 1, of the Public Service Company Law, Act of July 26, 1913, P.L. 1374 (66 P.S. " 1), provides: "The term "Common Carrier," as used in this act, includes any and all common carriers * * * engaged for profit in the conveyance of * * * property * * * between points within this Commonwealth." The distinction between a common carrier and a private carrier has been comprehensively discussed by this court in Dairymen's Co"Operative Sales Ass'n v. Public Service Comm., 115 Pa.Super. 100, 174 A. 826; Brink's Express Co. v. Public Service Comm., 117 Pa.Super. 268, 178 A. 346, 349; Klawansky v. Public Service Comm. (Pa.Super.) 187 A. 248. In Brink's Express Co. v. Public Service Comm., supra, Judge Stadtfeld cited with approval the rule that is found in 51 C.J. 5, as follows: "(Section 2 B) "The test is, therefore, whether or not such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals.The public or private character of the enterprise does not depend, however, upon the number of persons by whom it is used, but upon whether or not it is open to the use and service of all members of the public who may require it, to the extent of its capacity; and the fact that only a limited number of persons may have occasion to use it does not make of it a private undertaking if the public generally has a right to such use."" Applying this test to the manner in which appellant conducted his operations, in hauling for all who apparently had need for his trucks, we are of the opinion that he was engaged as a common carrier. | As respects jurisdiction of Public Service Commission, test in determining whether person in engaged in "business of public character" is whether such person expressly or impliedly holds himself out as engaged in business of supplying his product or service to public as a class, or to limited portion of public, as contradistinguished from holding himself out as serving or ready to serve only particular individuals, and fact that only a limited number of persons may have occasion to use such business is immaterial. 66 P.S. S 1. | Does the use of a utilitys service by a limited number of people make it a private undertaking if the general public can subscribe to such a service? | 042186.docx | LEGALEASE-00126326-LEGALEASE-00126327 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 2875 | Dep't of Highways v. Capone, 298 So. 2d 94 | 148+102 | When there is no taking, damages which merely cause disturbance, inconvenience or discomfort, and which are an ordinary and general result of a public improvement, are not compensable, but are held to be damnum absque injuria. | When there is no taking, damage which merely causes disturbance, inconvenience or discomfort, and which is ordinary and general result of public improvement is not compensable, but is held to be damnum absque injuria. | "When there is no taking, are damages compensable, which merely cause disturbance, inconvenience or discomfort, and which are an ordinary and general result of a public improvement?" | 017605.docx | LEGALEASE-00126365-LEGALEASE-00126366 | Condensed, SA | 0.04 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2876 | L & B Transp. Co. v. Louisiana Pub. Serv. Comm'n, 602 So. 2d 712 | 70+8 | A motor carrier may not operate as a common carrier in Louisiana until it obtains a certificate of public convenience and necessity from the PSC. The certificate may be issued only upon a finding by the PSC, after notice to competing carriers and a public hearing, that public convenience and necessity require the issuance. If the PSC has already granted a certificate to another carrier to conduct the same operations, the applicant must clearly show at the hearing that the public convenience and necessity would be materially promoted by the issuance of the additional certificate. La.Rev.Stat. 45:164; Louisiana Tank Truck Carriers, Inc. v. Louisiana Public Service Commission, 549 So.2d 850 (La. 1989); Florane v. Louisiana Public Service Commission, 433 So.2d 120 (La.1983). | If State Public Service Commission has already granted certificate of public convenience and necessity to another carrier to conduct same operations as proposed by applicant for certificate, applicant must clearly show at hearing that public convenience and necessity would be materially promoted by issuance of additional certificate. LSA-R.S. 45:164. | "Does the applicant, to be granted a certificate of public convenience and necessity, have to prove that public convenience and necessity would be materially promoted by the issuance of the certificate to it?" | 042400.docx | LEGALEASE-00126626-LEGALEASE-00126628 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 2877 | Epperson v. State of Ark., 393 U.S. 97 | 1.41E+31 | Judicial interposition in the operation of the public school system of the Nation raises problems requiring care and restraint. Our courts, however, have not failed to apply the First Amendment's mandate in our educational system where essential to safeguard the fundamental values of freedom of speech and inquiry and of belief. By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values. On the other hand, '(t)he vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools,' Shelton v. Tucker, 364 U.S. 479, 487, 81 S.Ct. 247, 251, 5 L.Ed.2d 231 (1960). As this Court said in Keyishian v. Board of Regents, the First Amendment 'does not tolerate laws that cast a pall of orthodoxy over the classroom.' 385 U.S. 589, 603, 87 S.Ct. 675, 683, 17 L.Ed.2d 629 (1967). | Courts do not and cannot intervene in resolution of conflicts which arise in daily operation of school systems and which do not directly and sharply implicate basic constitutional values, but, the vigilant protection of constitutional freedoms is nowhere more vital than in the community of American schools. | "As a general rule, can courts intervene in the resolution of conflicts which arise in the daily operation of school systems which do not directly and sharply implicate basic constitutional values?" | Education - Memo # 18 - C - SU.docx | ROSS-003312936-ROSS-003312937 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2878 | Fleischmann v. Wausau Bus. Ins. Co., 671 N.E.2d 473 | 413+1 | As a general rule, the party opposing jurisdiction has the burden of proving that the court lacks jurisdiction. Id. at 1287. However, the Worker's Compensation Act represents a compromise between insuring compensation for an injured employee and protecting an employer from unanticipated costs and large damage verdicts. Thus, public policy favors the broad application of, and the inclusion of employees within, the Act. Id. Therefore, in a case involving an injury to an employee, once a party raises the issue of the exclusivity of the Act as a bar to a court's jurisdiction, the burden shifts to the opposing party to prove that the claim falls outside the Act. Id. | Workers' Compensation Act represents compromise between insuring compensation for injured employee and protecting employer from unanticipated costs and large damage verdicts. West's A.I.C. 22-3-1-1 to 22-3-12-5. | Does the Workers Compensation Act represent a compromise between insuring compensation for injured employees and protecting an employer from unanticipated costs and large damage verdicts? | 048371.docx | LEGALEASE-00126856-LEGALEASE-00126858 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 2879 | Gross v. Connecticut Mut. Life Ins. Co., 361 N.W.2d 259 | 212+1009 | In the exercise of its discretion, a trial court is not only authorized, but is duty bound "to determine, not merely whether a party was entitled to an injunction at the time he instituted his action, but whether, under the facts as they appear at the time of the trial, such relief should be granted." Alsager, 31 S.D. at 456, 141 N.W. at 392 (emphasis supplied mine). Here, summary judgment was granted in favor of defendant, Connecticut Mutual, for the reason, stated in its order, "that at the present time, there is no evidence of an unhealthy nuisance near plaintiffs' property, nor any impending danger of the polluted water being dumped onto the plaintiffs' property ...." | In exercise of its discretion in determining whether to grant injunctive relief, trial court is not only authorized, but is duty bound to determine, not merely whether a party was entitled to injunction at time he instituted his action, but whether, under the facts as they appear at the time of trial, such relief should be granted. | "When a trial court exercises its discretion as to granting of an injunction, should relief be granted under facts as they appear at time of trial?" | 005937.docx | LEGALEASE-00127814-LEGALEASE-00127815 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 2880 | Amende v. Town of Morton, 40 Wash. 2d 104 | 13+65 | In his brief appellant concedes that he must rely upon the original assignment of the bonds from the United States National Corporation rather than the ratification thereof which occurred after the institution of suit; and that if the original assignment is not effective, he is not a member of the class and cannot maintain a law suit representing the class. This indicates a recognition of the general rule that the absence of a valid or subsisting title or right of action at the inception of a suit cannot be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action. See 41 Am.Jur. 477, " 265; 125 A.L.R. 612, 613 and 619, and cases cited therein. | The absence of a valid or subsisting title or right of action at the inception of a suit cannot be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action. | Can the absence of a valid or subsisting title or right of action at the inception of a suit be cured by filing a supplemental complaint alleging subsequent acquisition of such title or right of action? | 006052.docx | LEGALEASE-00127530-LEGALEASE-00127531 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2881 | State Mut. Life Assur. Co. of Worcester, Mass. v. Heine, 141 F.2d 741 | 13+63 | The courts have concurrent jurisdiction in equity and at law, and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right, and where enforcement lies within the conscience of the Chancellor. Unless equitable relief is sought by the plaintiff, the statute of limitation fixes the limit and establishes the applicable principle. Vansant's Executrix v. Gardner's Executrix, 240 Ky. 318, 42 S.W.2d 300; Holmes v. Clark, 274 Ky. 349, 118 S.W.2d 758; Dwiggins v. Howard, 247 Ky, 746, 57 S.W.2d 649; Poynter v. Smith, 290 Ky. 169, 160 S.W.2d 380; Hospelhorn v. Circle City Coal Company, 6 Cir., 117 F.2d 166. | The courts have concurrent jurisdiction in equity and at law and equitable defenses are available to a law action, but laches is a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor. | Is laches a defense at law only when a plaintiff is seeking to enforce some equitable right and where enforcement lies within the conscience of the chancellor? | 006275.docx | LEGALEASE-00127935-LEGALEASE-00127936 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 2882 | Jahnke v. Palomar Fin. Corp., 22 Ariz. App. 369 | 13+65 | A cause of action must exist and be complete prior to the commencement of the lawsuit and if it is not it is defective as premature. Fulton v. Woodford, 17 Ariz.App. 490, 498 P.2d 564 (1972). This is true where a necessary element of the cause of action does not occur until after the commencement of the action. Investment Service Co. v. Martin Bros. Container & Timber Products Corp., 255 Or. 192, 465 P.2d 868 (1970). The rights and liabilities of the parties depend upon the facts as they existed at the time of the commencement of the action and not later at the time of filing of a motion for summary judgment. | Rights and liabilities of the parties depend upon the facts as they exist at the time of the commencement of the action and not later at the time of the filing of a motion for summary judgment. | Do the rights and liabilities of the parties depend upon the facts as they exist at the time of the commencement of the action and not later at the time of the filing of a motion for summary judgment? | 006291.docx | LEGALEASE-00127978-LEGALEASE-00127979 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2883 | In re Permian Basin Area Rate Cases, 390 U.S. 747 | 317A+129 | No constitutional objection arises from the imposition of maximum prices merely because "high cost operators may be more seriously affected * * * than others," Bowles v. Willingham, supra, 321 U.S., at 518, 64 S.Ct., at 649, or because the value of regulated property is reduced as a consequence of regulation. FPC v. Hope Natural Gas Co., supra, 320 U.S., at 601, 64 S.Ct., at 287. Regulation may, consistently with the Constitution, limit stringently the return recovered on investment, for investors' interests provide only one of the variables in the constitutional calculus of reasonableness. Govington & Lexington Turnpike Road Co. v. Sandford, 164 U.S. 578, 596, 17 S.Ct. 198, 205, 41 L.Ed. 560. | Regulation of prices may, consistently with Constitution, limit stringently return recovered on investment, since investors' interests provide only one variable in constitutional calculus of reasonableness. | "Can a regulation limit stringently the return recovered on investment, for investors' interests provide only one of the variables in the constitutional calculus of reasonableness?" | 017714.docx | LEGALEASE-00127736-LEGALEASE-00127737 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 2884 | Willetts v. Browning, 198 A.D. 551 | 307A+501 | While as a general proposition it is quite true that a plaintiff should be given leave to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application, still that rule is subject to certain limitations, one of which is that such discontinuance should not be permitted where special circumstances exist which render the granting of the relief unjust or inequitable. In the present case no reason whatever is given why the plaintiff desires to discontinue this action, which is one brought to foreclose a mechanic's lien for $10,582.49. It appears that one of the defendants has interposed a counterclaim for $17,000 for damages arising out of the plaintiff's failure to prosecute the work of alterations of the building in question with reasonable dispatch and his delay in completing the alterations beyond October 1, 1920, and beyond January 15, 1921, and his final abandonment of the work upon the building in question in February, 1921, without just cause or reason. Said counterclaim also sets forth extravagance and waste, in the doing of the work and the loss of rentals by reason of plaintiff's acts. | While plaintiff should generally be given leave to discontinue on the payment of costs and disbursements to the time of making the application, that rule is subject to limitations, and discontinuance should not be permitted where special circumstances render the granting of the relief unjust. | Should a plaintiff be given permission to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application? | 026209.docx | LEGALEASE-00127903-LEGALEASE-00127904 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2885 | Antol v. Dayton Malleable Iron Co., 38 N.E.2d 100 | 212+1066 | Counsel cite a number of cases but the authority which especially appeals to us is Ohio Jurisprudence, Vol. 21, P. 993, Section 10, and the cases there cited. The citation is to the effect that the extent and nature of the relief granted by the court of equity will be determined by the facts as they exist at the time of the decree and not, as at law, according to those existing at the inception of the litigation. Even though there may have been a right to an injunction as matters stood at the institution of the action, an injunction will not be granted if at the time of the hearing conditions are so changed that no unlawful act is then threatened or that the injunction would be of no avail to the parties seeking it. This same rule is stated in 28 American Jurisprudence, p. 201, to the effect that since equity interposes by injunction to prevent future rather than past acts, acts and practices will not as a rule furnish a basis for injunctive relief when they have been discontinued or abandoned, particularly where there is nothing to indicate a probability that they will be resumed. But where, notwithstanding such abandonment of the acts complained of, it appears that further wrongful acts of the same character are in effect threatened or can be reasonably apprehended, the suit will not be defeated. | Even though there may have been a right to an injunction as matters stood at the institution of the action, an injunction will not be granted if, at the time of the hearing, conditions are so changed that no unlawful act is then threatened or that the injunction would be of no avail to the parties seeking it. | "Will an injunction be granted if, at the time of the hearing, conditions are so changed that no unlawful act is then threatened?" | Action - Memo # 711 - C TJ.docx | ROSS-003303380-ROSS-003303381 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 2886 | James v. Calkins, 446 S.W.3d 135 | 307A+501 | The Supreme Court reversed. Although typically parties have an absolute right to a nonsuit, the decision to nonsuit does not affect a non-moving party's independent claims for affirmative relief, which may include a motion for sanctions. Id. at 469"70. "Whether a particular sanction is considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction." Id. at 470. The Supreme Court reasoned: Allowing defendants to seek sanctions under the MLIIA for attorney's fees and dismissal with prejudice deters claimants from filing meritless suits. Removing a defendant's ability to appeal a denial of a motion for sanctions after a nonsuit frustrates this purpose; a claimant could simply nonsuit a meritless claim and later re-file the claim with impunity. Therefore, because the purpose of the sanctions under the MLIIA survived Trejo's nonsuit of her claims, we hold that Villafani's motion was for sanctions that survive a nonsuit and could be the subject of an appeal. | Although typically parties have an absolute right to a nonsuit, the decision to nonsuit does not affect a non-moving party's independent claims for affirmative relief, which may include a motion for sanctions. | "Although typically parties have an absolute right to a nonsuit, will the decision to nonsuit affect a non-moving party's independent claims for affirmative relief?" | 039021.docx | LEGALEASE-00128234-LEGALEASE-00128235 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2887 | Autin v. Goetz, 524 S.W.3d 617 | 307A+501 | A voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal signed by the court and entered by the clerk. The date of entry of the order will govern the running of pertinent time periods.Tenn. R. Civ. P. 41.01(1), (3). Consequently, "[a] plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right." Lacy v. Cox, 152 S.W.3d 480, 484 (Tenn. 2004) (footnote omitted) (citing Anderson v. Smith, 521 S.W.2d 787, 790 (Tenn. 1975)). In addition,A plaintiff is further limited to taking no more than two nonsuits without prejudice, Tenn. R. Civ. P. 41.01(2), and nonsuit cannot be taken more than one year after an initial dismissal. As long as none of these exceptions and limitations serve[s] to restrict dismissal, Rule 41.01(1) affords a plaintiff the free and unrestricted right to voluntary dismissal without prejudice before the jury retires. Rickets v. Sexton, 533 S.W.2d 293, 294 (Tenn. 1976). | A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in rule of civil procedure governing voluntary dismissal as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right. Tenn. R. Civ. P. 41.01(1). | Is a plaintiff's right to voluntary dismissal without prejudice subject to exceptions? | 039260.docx | LEGALEASE-00128417-LEGALEASE-00128419 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2888 | Hatfill v. New York Times Co., 416 F.3d 320 | 307A+501 | Section 8.01-229(E)(3), the tolling provision at issue here, applies when the plaintiff "suffers a voluntary nonsuit as prescribed in " 8.01-380." Section 8.01-380 authorizes a plaintiff to take a nonsuit on any "cause of action," and the Virginia Supreme Court defines a "cause of action" as "a set of operative facts which, under the substantive law, may give rise to one or more rights of action," Roller v. Basic Constr. Co., 238 Va. 321, 384 S.E.2d 323, 326 (1989).When Hatfill took a voluntary nonsuit in his original state-court action, he did so with respect to the set of operative facts underlying his complaint, namely, the defendants' publication of Kristof's columns. When he filed this lawsuit in federal court, the tolling provision saved all rights of action arising from that cause of action, including the right of action alleged in Count Two. See Odeneal v. Thompson, 2003 WL 22518523, at (Va. Cir. Ct. Aug.6, 2003). Thus, the district court erred in ruling that the statute of limitations barred Count Two of Hatfill's complaint. | As used in Virginia statute authorizing plaintiff to take a nonsuit on any cause of action, "cause of action" is a set of operative facts which, under the substantive law, may give rise to one or more rights of action. West's V.C.A. S 8.01-380. | "Is a cause of action"" a set of operative facts which, under the substantive law, may give rise to one or more rights of action?" | 039536.docx | LEGALEASE-00128495-LEGALEASE-00128496 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 2889 | Hawkins v. Pierotti, 232 Ga. 631 | 401+5.4 | An action by a grantor to cancel a deed conveying land, which she alleges was obtained from her by the grantees by fraud and coercion, is not a suit respecting the title to land within the meaning of the Constitution, Art. VI, Sec. XIV, Par. II (Code Ann. s 2-4902), but is an equitable action, and must be brought in the county of the residence of the defendants, as required by the Constitution, Art. VI, Sec. XIV, Par. III (Code Ann. s 2-4903). Saffold v. Scottish-American Mortg. Co., 98 Ga. 785, 787, 27 S.E. 208; Frazier v. Broyles, 145 Ga. 642, 89 S.E. 743; Chosewood v. Jones, 146 Ga. 804, 92 S.E. 646. The trial judge did not err, therefore, in sustaining the plea to the jurisdiction of the defendants, residents of De Kalb County, in this equitable action filed in the Superior Court of Fulton County. | Action by grantor to cancel deed conveying land allegedly obtained from her by fraud and coercion of grantees was not a suit respecting title to land but was an equitable action which was required to be brought in the county of residence of defendants. Const. art. 6, S 14, pars. 2, 3. | Is an action to cancel a deed conveying land based on allegations of fraud a suit respecting title to land? | 047476.docx | LEGALEASE-00128863-LEGALEASE-00128864 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 2890 | Bernay v. Sales, 424 A.2d 123 | 307A+501 | The purpose of Rule 41(a)(1) is to limit voluntary dismissal as a matter of right to the early stages of litigation and to prevent a plaintiff's running for cover after the defendant has expended significant efforts and has presented a substantial defense. In Harvey, supra, the plaintiff had sued on a contract for the sale of a factory, requesting specific performance and an injunction pendente lite to restrain the defendant from selling the assets in question to a third party. After denial of the preliminary injunction, plaintiff sought voluntary dismissal, planning to sue again in another jurisdiction. The appellate court in Harvey held that plaintiff could not dismiss because of the significance of the hearing on the preliminary injunction and of defendant's preparation for it and because of the insubstantiality of the plaintiff's claims. | Purpose of rule of civil procedure dealing with voluntary dismissal is to limit voluntary dismissal as a matter of right to the early stages of litigation and to prevent plaintiff's running for cover after the defendant has expended significant efforts and has presented a substantial defense. D.C.C.E. SCR, Civil Rule 41(a)(1). | Does the rule related to voluntary dismissal limit such dismissal as a matter of right to the early stages of litigation? | 024007.docx | LEGALEASE-00129488-LEGALEASE-00129489 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 2891 | In re Sheena B., 83 A.D.3d 1056 | 307A+501 | CPLR 3217(b) provides that an action or proceeding may be discontinued "upon order of the court and upon terms and conditions, as the court deems proper." "[O]rdinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. Particular prejudice to the [child] or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or [at times] obligatory" (Tucker v. Tucker, 55 N.Y.2d 378, 383"384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; see Matter of Bianchi v. Breakell, 48 A.D.3d 1000, 852 N.Y.S.2d 454; Christenson v. Gutman, 249 A.D.2d 805, 671 N.Y.S.2d 835; Matter of Commissioner of Franklin County Dept. of Social Servs. v. Terry M., 178 A.D.2d 881, 577 N.Y.S.2d 735). Courts may deny discontinuance to protect the interests of the parties (see Matter of Cowles, 22 A.D.2d 365, 370, 255 N.Y.S.2d 160, affd. 17 N.Y.2d 567, 268 N.Y.S.2d 327, 215 N.E.2d 509). In matters involving the welfare of a child, not only the parties to the action, but also the public, has an interest in the continuation of the proceeding (see Winans v. Winans, 124 N.Y. 140, 26 N.E. 293; Matter of Rich v. Kaminsky, 254 App.Div. 6, 3 N.Y.S.2d 689; People ex rel. Intner v. Surles, 149 Misc.2d 644, 566 N.Y.S.2d 512; Matter of Billy R., 103 Misc.2d at 991, 427 N.Y.S.2d 364; Matter of Julie J. v. Edwin A., 86 Misc.2d 882, 383 N.Y.S.2d 994; Palmer v. Palmer, 62 Misc.2d 73, 78, 308 N.Y.S.2d 562), and concern for the welfare of the child justifies denial of the motion (see Matter of Houck v. Garraway, 293 A.D.2d 782, 739 N.Y.S.2d 499; People ex rel. Weissman v. Weissman, 50 A.D.2d 989, 376 N.Y.S.2d 694; Matter of Irene D. v. Anthony D., 113 Misc.2d 561, 564, 449 N.Y.S.2d 584). | Ordinarily a party cannot be compelled to litigate and, absent special circumstances, party's motion for voluntary discontinuance should be granted; however, particular prejudice to the opposing party or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, at times, obligatory. McKinney's CPLR 3217(b). | "Are courts generally reluctant to compel a party to litigate and, in exercise of discretion, will grant motion for discontinuance absent compelling circumstances or particular prejudice to defendants?" | 026050.docx | LEGALEASE-00129484-LEGALEASE-00129487 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 2892 | Greenberg v. Brookshire, 640 S.W.2d 870 | 307A+508 | The granting of a non-suit is merely a ministerial act. A plaintiff's right thereto exists from the moment a written motion is filed or an oral motion is made in open court unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. | Granting of nonsuit is merely ministerial act; a plaintiff's right thereto exists from moment a written motion is filed or an oral motion is made in open court unless defendant has, prior to that time, filed pleading seeking affirmative relief. Vernon's Ann.Rules Civ.Proc., Rules 164, 164 note. | Does a plaintiff's right to nonsuit of its own action exist at the moment that an action is filed? | Pretrial Procedure - Memo # 1294 - C - PB.docx | LEGALEASE-00019414-LEGALEASE-00019415 | SA, Sub | 0.11 | 0 | 0 | 1 | 1 | |
| 2893 | Pfleeger v. Swanson, 229 Or. 254 | 307A+501 | In view of the history of ORS 18.230(1) we think the legislature intended the phrase "trial of the facts' to mean something more limited than the inclusive word "trial" previously used in the statute. Statutes limiting the right of the plaintiff to a voluntary nonsuit are in derogation of the common law, must be strictly construed, and will not be extended to include cases not within their express terms. See Bobillot v. Clackamas County, supra, and authorities there cited. | Statutes limiting right of plaintiff to voluntary nonsuit are in derogation of common law, must be strictly construed, and will not be extended to include cases not within their express terms. ORS 18.230. | Are statutes limiting a right of a plaintiff to voluntary nonsuit in derogation of common law and must be strictly construed? | 039444.docx | LEGALEASE-00129332-LEGALEASE-00129333 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2894 | Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+501 | A plaintiff has an absolute and unqualified right to take a nonsuit upon timely motion so long as the defendant has not made a claim for affirmative relief.General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.1990). A defensive pleading states an affirmative right to relief if it alleges that the defendant has a cause of action that is independent of the plaintiff's claim, and upon which he could recover benefits, compensation, or relief, even if the plaintiff abandons his own cause of action or fails to establish it. Id. at 570. A creative repleading "that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff" of the right to nonsuit. BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 841 (Tex.1990). | Plaintiff has absolute and unqualified right to take nonsuit upon timely motion so long as defendant has not made claim for affirmative relief. | Does a plaintiff have an absolute and unqualified right to take nonsuit upon timely motion so long as a defendant has not made a claim for affirmative relief? | 041222.docx | LEGALEASE-00129427-LEGALEASE-00129429 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2895 | Cotton v. Ostroski, 250 Neb. 911 | 307A+749.1 | In compliance with this pretrial order, Gary's statement of elements stated that he intended to establish (1) Janice's mental capacity and (2) the fact that Janice's decision to remove her name from the certificate of deposit was motivated by Renee's undue influence. In addition, Gary listed Dr. Terry M. Himes as a witness. Gary stated that Himes would testify to, inter alia, Janice's physical and mental condition, and Himes' opinion as to Janice's mental capacity. The issues set out in a pretrial order supplant those raised in the pleadings. Engelhaupt v. Village of Butte, 248 Neb. 827, 539 N.W.2d 430 (1995); Malerbi v. Central Reserve Life, 225 Neb. 543, 407 N.W.2d 157 (1987). The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end, litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. Cockrell v. Garton, 244 Neb. 359, 507 N.W.2d 38 (1993). In view of the pretrial order, Renee and Robbie cannot argue that they did not have notice that lack of mental capacity would be an issue in this case. | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end, litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | Should the litigants adhere to the spirit of the pretrial procedure and are they bound by a pretrial order? | Pretrial Procedure - Memo # 1344 - C - TJ.docx | ROSS-003313961-ROSS-003313962 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2896 | Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510 | 307A+742.1 | We hold that the requirement set forth in Ferreira for a case management conference in malpractice actions is one intended to benefit the administration of justice and to assist the parties with an expeditious resolution of malpractice cases, as well as an attempt to reduce the flow of litigation that has arisen from the Affidavit of Merit statute. We do not discern that the Court's requirement vested any of the litigants with any additional rights. We note that litigants in malpractice actions still have available to them the two equitable remedies referred to in Ferreira if they have not timely complied with the statute. See Ferreira, supra, 178 N.J. at 151, 836 A.2d 779. If a plaintiff can show that he or she has substantially complied with the statute or if a plaintiff can show that there are extraordinary circumstances to explain non-compliance, relief is available. Ibid. | The requirement for a case management conference in malpractice actions is one intended to benefit the administration of justice and to assist the parties with an expeditious resolution of malpractice cases, as well as an attempt to reduce the flow of litigation that has arisen from the Affidavit of Merit statute, but such requirement does not vest litigants with any additional rights. N.J.S.A. 2A:53A-27. | What is the requirement for a case management conference in malpractice actions? | Pretrial Procedure - Memo # 1433 - C - SKG.docx | ROSS-003287070-ROSS-003287071 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 2897 | Kohler v. Van Peteghem, 330 Ga. App. 230 | 307A+747.1 | The imposition of scheduling deadlines for the identification of experts, and questions regarding the admission or exclusion of expert testimony, are left to the broad discretion of the trial court. See Caswell v. Caswell, 285 Ga. 277, 280(3), 675 S.E.2d 19 (2009); Agri"Cycle LLC v. Couch, 284 Ga. 90, 93(5), 663 S.E.2d 175 (2008); Vaughan v. Wellstar Health Sys., 304 Ga.App. 596, 601"602(3), 696 S.E.2d 506 (2010). And we have held that a trial court may exercise its discretion and exclude testimony from an expert not properly identified by a party, when done in violation of an express court order. See Collins v. Dickman, 295 Ga.App. 601, 603"604(1), 672 S.E.2d 433 (2008). See also Kroger Co. v. Walters, 319 Ga.App. 52, 60(2)(b), 735 S.E.2d 99 (2012) (noting that "[i]n a civil suit it is an abuse of discretion to exclude a relevant witness solely on the ground that the witness was not identified during discovery or in a timely manner," unless the failure to properly identify the witness was in "violation of an express court order"). | Imposition of scheduling deadlines for identification of experts, and questions regarding admission or exclusion of expert testimony, are left to broad discretion of trial court. | "Are the imposition of scheduling deadlines for identification of experts, and questions regarding admission or exclusion of expert testimony, left to the broad discretion of a trial court?" | 026442.docx | LEGALEASE-00130396-LEGALEASE-00130397 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2898 | In re Advanced Powder Sols., 496 S.W.3d 838 | 307A+331 | A person has a duty to preserve evidence "only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." Wal"Mart Stores, 106 S.W.3d at 722 (citing Nat'l Tank Co. v. Brotherton, 851 S.W.2d 193, 204 (Tex.1993)). A "substantial chance" of litigation "does not [mean] any particular statistical probability that litigation will occur; rather, it simply means that litigation is more than merely an abstract possibility or unwarranted fear." Nat'l Tank Co., 851 S.W.2d at 204 (citation and internal quotation marks omitted). When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. Wal"Mart Stores, 106 S.W.3d at 722 (citing Nat'l Tank Co., 851 S.W.2d at 204). | When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. | "When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, does a duty to preserve evidence arise?" | 026822.docx | LEGALEASE-00130461-LEGALEASE-00130462 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2899 | McCain Foods USA v. Cent. Processors, 275 Kan. 1 | 307A+744 | "The purpose of the pretrial conference ... is to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the anticipated evidence, and factual and legal issues, and to consider "[s]uch other matters as may aid in the disposition of the action." [K.S.A.2001 Supp. 60-216(c)(7) ]." Burkhart v. Philsco Products Co., 241 Kan. 562, 570, 738 P.2d 433 (1987). The pretrial order under K.S.A.2001 Supp. 60-216(e) controls the course of the action unless modified to prevent manifest injustice. See Herbstreith v. de Bakker, 249 Kan. 67, 75-76, 815 P.2d 102 (1991). An issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. See Kleibrink v. Missouri-Kansas-Texas Railroad Co., 224 Kan. 437, 442, 581 P.2d 372 (1978). | The purpose of the pretrial conference is to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the anticipated evidence, and factual and legal issues, and to consider such other matters as may aid in the disposition of the action. Rules Civ.Proc., K.S.A. 60-216(c)(7). | How will the pretrial conference procedure help to eliminate the element of surprise at trials? | Pretrial Procedure - Memo # 1721 - C - NC.docx | LEGALEASE-00020714-LEGALEASE-00020715 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2900 | Chacon v. Jones-Schilds, 904 N.E.2d 286 | 307A+749.1 | "Indiana discovery rules are specifically designed to avoid surprise and a trial by ambush." Outback Steakhouse of Florida, Inc. v. Markley, 856 N.E.2d 65, 76 (Ind.2006). A pretrial order is to "limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice." Ind. Trial Rule 16 (J). The law is well settled that a pretrial order shall control the proceedings once it is entered. Daugherty v. Robinson Farms, Inc., 858 N.E.2d 192, 198 (Ind.Ct.App.2006), trans. denied (2007). "In deciding whether to permit a modification from a pretrial order, "the trial court considers both the danger of surprise or prejudice to the opponent, and the goal of doing justice to the merits of the claim." " Id. (quoting Daub v. Daub, 629 N.E.2d 873, 875 (Ind.Ct.App.1994), trans. denied). | A pretrial order is to limit the issues for trial to those not disposed of by admission or agreement of counsel, and such order when entered shall control the subsequent course of action, unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Does a pretrial order limit the issues for trial to those not disposed of by admission or agreement of counsel? | Pretrial Procedure - Memo # 1749 - C - NE.docx | LEGALEASE-00020762-LEGALEASE-00020763 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2901 | Hathaway v. Bishop, 214 Ga. App. 870 | 307A+750 | Even if the issue was omitted from the pretrial order, the court should have found it was implicitly added to the order by the parties. Omission of an affirmative defense from a pretrial order is not controlling if evidence pertaining to the issue is introduced without objection, the opposing party is not unfairly surprised, and the issue is actually litigated. Bowers v. Howell, 203 Ga.App. 636, 637-638(1), 417 S.E.2d 392 (1992); Dunkin' Donuts of America v. Gebar, Inc., 202 Ga.App. 450, 451(1)(b), 414 S.E.2d 683 (1992). Here, Bishop made a motion in limine on the day the trial began, asking the court to exclude any evidence offered by Hathaway on the statute of frauds defense that there is no written guarantee. The court reserved ruling on the motion until the evidence was actually presented. Bishop himself then testified that Hathaway had orally guaranteed the lease. Hathaway denied personally guaranteeing the lease. Bishop never renewed the motion in limine during the presentation of the evidence, although he did reiterate thereafter that he did not want to waive his objection to Hathaway's statute of frauds defense. Despite Bishop's objection to that defense, contradictory evidence concerning an alleged oral guarantee was admitted and the issue was actually litigated. | Omission of affirmative defense from pretrial order is not controlling as to whether trial court should instruct jury on omitted defense, where evidence pertaining to issue is introduced without objection, opposing party is not unfairly surprised, and issue is actually litigated. | Is omission of affirmative defense or an issue from pretrial order controlling if evidence pertaining to the issue is introduced without objection? | Pretrial Procedure - Memo # 1796 - C - SPB.docx | ROSS-003287254-ROSS-003287255 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 2902 | Bump v. Firemens Ins. Co. of Newark, N.J., 221 Neb. 678 | 307A+750 | In their second assignment of error, Bumps assail the trial court's eliminating the second cause of action alleged in their petition. The record fails to disclose the precise procedural scalpel used to excise the second cause of action from Bumps' petition. Assuming that the allegations of the second cause of action did state facts sufficient to constitute a cause of action, the trial court, nevertheless, removed from trial any issue raised by the second cause of action. Pretrial conferences are conducted to simplify and narrow issues presented in a case. Priest v. McConnell, 219 Neb. 328, 363 N.W.2d 173 (1985). Issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. See Olson v. England, 206 Neb. 256, 292 N.W.2d 48 (1980).Generally, issues delineated in an unaltered pretrial order supplant the issues raised in the pleadings. See Marotta v. Iroquois Realty Co., 412 N.E.2d 797 (Ind.App.1980). In Hasenauer v. Durbin, 216 Neb. 714, 719, 346 N.W.2d 695, 698 (1984), we stated:The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | Pretrial conferences are conducted to simplify and narrow issues presented in a case, and issues specified at a pretrial conference control the course of an action and, unless altered by the court, constitute the issues on which the case is tried. | "Does an issue specified at a pretrial conference control the course of an action, and unless altered by the court, does it constitute the issues on which the case is tried?" | 027043.docx | LEGALEASE-00131087-LEGALEASE-00131088 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 2903 | Stephens v. Bi-State Dev. Agency, 439 S.W.2d 252 | 307A+717.1 | This Court has heretofore rule every intendment is in favor of the trial court's ruling on a motion to continue. Krieber v. Krieber, Mo.App., 420 S.W.2d 376. Supreme Court Rule 65.04(2) requires from the applicant for a continuance "facts showing reasonable grounds of belief that the attendance or testimony of such witness will be procured within a reasonable time." It should be observed the Pulliam affidavit is totally devoid of this requirement. As a general rule in order for the absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. 17 C.J.S. s 46, page 423. | Generally, in order for absence of a witness to be grounds for a continuance there must be a probability the testimony can be obtained at a certain future time or within a reasonable time. V.A.M.R. Civil Rule 65.04(2, 3). | "In order for absence of a witness to be grounds for a continuance, must there be a probability the testimony can be obtained at a certain future time or within a reasonable time?" | 027318.docx | LEGALEASE-00130851-LEGALEASE-00130852 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2904 | Great Games v. S.C. Dep't of Revenue, 339 S.C. 79 | 371+2001 | Statutes should be construed in light of their intended purposes, and in ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. Mid"State Auto Auction of Lexington Inc. v. Altman, 324 S.C. 65, 476 S.E.2d 690 (1996). Statutes which are part of the same legislative scheme should be read together. Doe v. Brown, 331 S.C. 491, 489 S.E.2d 917 (1997). The Legislature explained its intent in enacting the Revenue Procedures Act: "[T]o provide the people of this State with a straight forward procedure to determine any disputed revenue liability," " 12"60"20, and in promulgating this Act, it expressly repealed all provisions of Title 12 dealing with "tax appeals." See 1995 Act No. 60, " 41. That the Act concerns only tax appeals is clear from of reading of the Act as a whole, and it is also clear that the fine assessed against Busters for violation of video poker regulations is not a tax within the meaning of the Act, see " 12"60"30(27), supra, nor a tax within the ordinary definition of the term. See, e.g., Powell v. Chapman, 260 S.C. 516, 197 S.E.2d 287 (1973):The essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. 84 C.J.S. Taxation s 1, at page 32. The question of whether a particular contribution, charge, or burden is to be regarded as a tax depends on its real nature and not on its designation. | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | Is tax as an enforced contribution? | 044698.docx | LEGALEASE-00130781-LEGALEASE-00130783 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 2905 | United States v. Hitchcock, 286 F.3d 1064 | 34+3(2) | The PCA prohibits Army and Air Force personnel from participating in civilian law enforcement activities unless otherwise permitted by federal law. 18 U.S.C. " 1385; supra note 3. Although the Navy and Marine Corps are not included by name in the PCA, Congress passed legislation requiring the Secretary of Defense to "prescribe such regulations as may be necessary" to prohibit members of all branches of the military from participating in civilian law enforcement activities as well. 10 U.S.C. " 375; supra note 4. Pursuant to this congressional directive, the Secretary of Defense promulgated a Department of Defense (DoD) Directive regulating the cooperation of military personnel with civilian law enforcement officials. DoD Directive 5525.5 (Jan. 15, 1986) (as amended Dec. 20, 1989). The Secretaries of the Navy and Army issued regulations implementing DoD Directive 5525.5. SECNAV Instruction 5820.7B (Mar. 28, 1988); Army Regulation 500-51 (July 1, 1983). | Posse Comitatus Act (PCA) prohibits Army and Air Force personnel from participating in civilian law enforcement activities unless otherwise permitted by federal law. 18 U.S.C.A. S 1385. | Does the Posse Comitatus Act (PCA) prohibit Army and Air Force military personnel from participating in civilian law enforcement activities? | Armed Services - Memo 86 - RK.docx | ROSS-003287333-ROSS-003287334 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 2906 | United States v. Lowery, 166 F.3d 1119 | 110+392.32(2) | Defendants in separate criminal cases filed pretrial motions to suppress expected testimony of their alleged co-conspirators obtained through plea bargain agreements. The United States District Court for the Southern District of Florida, Nos. 97-368-CR-WJZ, 97-6138-CR-WJZ, 98-6004- CR-WJZ, William J. Zloch, J., 15 F.Supp.2d 1348, granted motion to suppress in each case. Government appealed and cases were consolidated. The Court of Appeals, Carnes, Circuit Judge, held that: (1) plea bargain agreements in which government trades sentencing recommendations or other official consideration in exchange for cooperation do not violate federal statutory prohibition against bribing witnesses; (2) any violation of state bar rules could not provide basis for federal court to suppress testimony that was otherwise admissible under federal law; and (3) federal statutory directive that state laws and rules governing attorney conduct shall apply to federal government attorneys did not require exclusion of otherwise admissible evidence in federal court if it was obtained in violation of state professional conduct rules. | Assuming plea bargain agreements by which government promises sentencing recommendations in exchange for testimony violated Florida Bar Rule of Professional Conduct forbidding lawyers from offering inducement to witness, any such violation of state bar rules could not provide basis for federal court to suppress testimony that was otherwise admissible under federal law. Fed.Rules Evid.Rule 402, 28 U.S.C.A.; West's F.S.A. Bar Rule 4-3.4(b). | Does the admission of testimony derived through plea agreements violate the prohibition against bribing witnesses? | 011148.docx | LEGALEASE-00132206-LEGALEASE-00132207 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 2907 | Perdue Hous. v. Davis, 582 P.2d 1336 | 307A+717.1 | Mr. Davis was both a party to the lawsuit and, as argued in his brief, a material witness. In Mr. Davis' brief, the statement is made that the request for continuance was made because testimony uniquely within Mr. Davis' knowledge was material to the objections to plaintiffs' plans for the property involved. Different factors are considered when the request for continuance is sought because of the absence of a party, or because of the absence of a witness, Beck v. Peard, 183 Okl. 195, 80 P.2d 614, although the underlying standard for review in either case is whether the trial court abused its discretion in denying the continuance. See Herbert v. Chicago, Rock Island & Pacific R. R. Co., Okl., 544 P.2d 898 (absent witness); Raines v. Gifford, Okl., 370 P.2d 1 (absent party). | Different factors are considered when request for continuance is sought because of absence of party, or because of absence of witness; however, underlying standard for review in either case is whether trial court abused discretion in denying continuance. | Do courts consider different factors when a request for continuance is sought because of absence of a party and absence of a witness? | Pretrial Procedure - Memo # 2193 - C - AP.docx | ROSS-003287416-ROSS-003287417 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 2908 | Dean v. Gainesville Stone Co., 120 Ga. App. 315 | 307A+331 | Under the discovery provisions of the Civil Practice Act, a trial judge is authorized to direct parties to an action to produce pertinent documents for inspection, copying or photographing. Code Ann. s 81A-134(a). A broad discretionary power is given to the judges by the Act to assure safeguards against oppressive and unfair questions and demands. Conversely, a very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts. By Code Ann. s 81A- 137(b)(2)(iii) the courts are specifically granted the discretion to dismiss complaints or to render default judgments against disobedient parties. This applies to the disobeying of an order to produce. Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. Williamson v. Lunsford, 119 Ga.App. 240, 166 S.E.2d 622. Under the facts in this case, we cannot say the trial judge abused his discretion. | Under Civil Practice Act, trial judge is authorized to direct parties to action to produce pertinent documents for inspection, copying or photographing. Code, S 81A-134(a). | "Under the Civil Practice Act, is a trial judge authorized to direct parties to action to produce pertinent documents for inspection, copying or photographing?" | Pretrial Procedure - Memo # 2210 - C - KA.docx | ROSS-003287420-ROSS-003287421 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2909 | Brown v. Hardin, 197 Kan. 517 | 307A+749.1 | The pretrial conference provided for by K.S.A. 60-216 has become an important part of our procedural process designed, among other things, to acquaint each party in advance of trial with the respective factual contentions of the parties upon matters in dispute, thus reducing the opportunity for maneuver and surprise at the trial, and enabling all parties to prepare in advance for trial. At pretrial conference the court may make any determination that will aid in the fair, orderly and efficient disposition of the action. (See Connell v. State Highway Commission, 192 Kan. 371, 388 P.2d 637.) The matters specifically mentioned in the pretrial statute are not exclusive. Many courts have come to require advance identification of witnesses to be called at trial, which practice serves a useful purpose and is a proper judicial exercise. Orders entered at pretrial conference have the full force of other orders of court and they control the subsequent course of the action, unless modified at the trial to prevent manifest injustice (K.S.A. 60-216). This latter proviso reposes in the trial court a large discretion and it is the exercise of this discretion plaintiff claims has been abused to his prejudice.Our difficulty in determining this question here as requested by plaintiff lies in the meager record before us. Neither the deposition nor a summary of it is contained in the record on appeal. All we know about the deposition is what was stated in general terms at the November 24th pretrial, it appearing that Doctor Schalker had been a medical student at the hospital at the time plaintiff was there and had some knowledge of his condiction. We think the showing made is insufficient for us to determine prejudice in the exclusionary ruling, assuming arguendo, that it may have been erroneous. This court has always been committed to the rule that one seeking reversal of a judgment because of erroneous exclusion of evidence has the burden of demonstrating prejudice has the burden of the ruling | Statute which provides that orders entered at pretrial conference have full force of other orders of court and that they control subsequent course of action, unless modified at trial to prevent manifest injustice, reposes in trial court large discretion. K.S.A. 60-216. | Do orders entered at pretrial conference have the full force of other orders of court and control the subsequent course of the action? | 027616.docx | LEGALEASE-00132043-LEGALEASE-00132044 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |
| 2910 | Page v. Am. Family Mut. Ins. Co., 42 Wis. 2d 671 | 307A+717.1 | Despite the assertions of the defendant to the contrary, we see no clear evidence that failure of the defendant to produce his absent medical witness resulted in substantial prejudice. While the prejudice that might result from a failure to be able to produce a witness at trial is a factor to be considered bya trial judge in exercising his discretion to continue a trial, that is only one of several factors to be considered, and in view of the trial court's determination that there was a lack of due diligence on the part of defendant, whether or not prejudice in fact resulted from what the trial court determined to be the result of defendant's own conduct, would not warrant a reversal in this appeal. Moreover, as stated above, we see no clear evidence of prejudice. | Prejudice that might result from failure to be able to produce witness at trial is factor to be considered by trial judge in exercising his discretion to continue a trial but it is only one of several factors to be considered. W.S.A. 270.145. | Is prejudice that might result from failure to be able to produce witness at trial a factor to be considered by a trial judge in exercising his discretion to continue a trial? | Pretrial Procedure - Memo # 2242 - C - SKG.docx | ROSS-003286537-ROSS-003286538 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 2911 | Himmelfarb v. Allain, 380 S.W.3d 35 | 241+130(5) | Rule 41 of the Tennessee Rules of Civil Procedure permits liberal use of voluntary nonsuits at any time prior to "final submission" to the trial court for decision in a bench trial or in a jury trial before the jury retires to deliberate. See Tenn. R. Civ. P 41.01 adv. comm. cmt.; Lawrence A. Pivnick, 1 Tennessee Circuit Court Practice " 23:1 (2011). When a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the suit. The case may be refiled subject to the applicable statutes of limitations. See, e.g., Crowley v. Thomas, 343 S.W.3d 32, 34"35 (Tenn.2011) ("The saving statute permits a plaintiff who commenced an action within the applicable statute of limitations to nonsuit the cause of action and refile it in the trial court within one year of the order of dismissal."); see also Black's Law Dictionary 537 (9th ed.2009) (defining dismissal without prejudice). | When a voluntary nonsuit is taken, the rights of the parties are not adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit; the case may be refiled subject to the applicable statutes of limitations. Rules Civ.Proc., Rule 41.01. | "When a voluntary nonsuit is taken, are the rights of the parties adjudicated, and the parties are placed in their original positions prior to the filing of the lawsuit?" | Pretrial Procedure - Memo # 2280 - C - SHB.docx | ROSS-003301443-ROSS-003301444 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 2912 | CHCA Woman's Hosp. v. Lidji, 369 S.W.3d 488 | 307A+517.1 | Texas Rule of Civil Procedure 162 provides, "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." Tex.R. Civ. P. 162. A party has an "absolute right" to file a nonsuit. Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex.2010). A voluntary nonsuit "extinguishes a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court" and it "renders the merits of the nonsuited case moot." Id. (quoting Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz, 195 S.W.3d 98, 100 (Tex.2006) (per curiam) and citing Villafani v. Trejo, 251 S.W.3d 466, 469 (Tex.2008)). Section 74.351 does not address what effect, if any, a claimant's nonsuit has on the 120"day time period for serving expert reports, nor does it expressly allow for tolling of the 120"day time period. | A voluntary nonsuit extinguishes a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does a voluntary nonsuit extinguish a case or controversy from the moment the motion for nonsuit is filed or an oral motion is made in open court, and it renders the merits of the nonsuited case moot?" | 027828.docx | LEGALEASE-00131963-LEGALEASE-00131964 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2913 | Synovus Bank v. Mitchell, 206 So. 3d 568 | 307A+517.1 | Synovus's voluntary dismissal "ipso facto deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void." Nevertheless, Synovus argues that, after dismissal of the action, the trial court retained limited authority to entertain Synovus's Rule 60(b) motion to set aside the dismissal. We agree. Although this Court has not previously addressed whether a party may seek relief from a voluntary dismissal by filing a motion pursuant to Rule 60(b), we note that the Committee Comments to Rule 41 state: "A dismissal, whether voluntary or involuntary, may be set aside by the court, like any other judgment, on proper motion under Rule 60(b)." In accord is the majority of federal circuits when considering whether a voluntary dismissal pursuant to Rule 41(a)(1)(A), Fed.R.Civ.P., can be set aside by a motion filed pursuant to Rule 60(b), Fed.R.Civ.P., both of which are substantially similar, respectively, to our own Rule 41(a)(1) and Rule 60(b). | While note holder's voluntary dismissal of its action against note maker ipso facto deprived the trial court of the power to proceed further with the action, and rendered all orders entered after its filing void, the trial court retained limited authority to entertain note holder's motion to set aside the dismissal. Rules Civ.Proc., Rules 41(a)(1), 60(b). | Does a plaintiff's voluntary dismissal ipso facto deprive the trial court of the power to proceed further with the action and renders all orders entered after its filing void? | 027847.docx | LEGALEASE-00132108-LEGALEASE-00132109 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2914 | Tober v. Hampton, 178 Neb. 858 | 307A+749.1 | In Long v. Magnolia Petroleum Co., 166 Neb. 410, 89 N.W.2d 245, this court held: "The purpose of a pretrial conference is to simplify the issues; amend the pleadings, when necessary; and avoid unnecessary proof of facts at the trial. The participants in a pretrial conference must adhere to the spirit of that procedure and are held to have waived questions not there presented. Modification of a pretrial order may be had at the trial to prevent manifest injustice, but the modification should be by direction and not by indirection. The subsequent course of an action is controlled by the agreements made at pretrial conference so long as they remain unmodified and that would be true on appeal." | Subsequent course of action at trial is controlled by agreements made at pretrial conference so long as they remain unmodified, and such would also be true on appeal. Supreme Court Rules, pt. 4, Rule Promulgated by the Supreme Court. | "Is a subsequent course of action at trial controlled by agreements made at pretrial conference so long as they remain unmodified, and such would also be true on appeal?" | Pretrial Procedure - Memo # 2514 - C-BP.docx | ROSS-003301547-ROSS-003301548 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 2915 | 2nd Roc-Jersey Assocs. v. Town of Morristown, 158 N.J. 581 | 371+2060 | We conclude that the core of the definition of a special assessment that makes the imposition a special assessment rather than a general tax is not that the benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby. Rather, the special assessment is used to provide a combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or the use or function of the properties that are subject to the special assessment. | Core of definition of special assessment that makes imposition special assessment rather than general tax is not that benefit necessarily or primarily consists of physical improvements that are permanent in nature and are local in that they are adherent to or identified with specific individual properties that are directly and tangibly benefitted thereby, rather special assessment is used to provide combination of services and improvements that are intended and designed to benefit particular properties and demonstrably enhance the value and/or use or function of properties that are subject to special assessment. | What is the core of definition of special assessment? | 044671.docx | LEGALEASE-00131614-LEGALEASE-00131615 | SA, Sub | 0.09 | 0 | 0 | 1 | 1 | |
| 2916 | Se. Michigan Transp. Auth. v. Sec'y of State for State of Mich., 104 Mich. App. 390 | 371+2001 | The designation given by the Legislature to a tax is not controlling, although entitled to be given great weight. Banner Laundering Co. v. State Board of Tax Administration, 297 Mich. 419, 429, 298 N.W. 73 (1941). In passing upon the constitutionality of a statute, the court looks to the operation of the tax imposed rather than to the labels or descriptive words used to define the tax. Detroit v. Murray Corp. of America, 355 U.S. 489, 492, 78 S.Ct. 458, 460, 2 L.Ed.2d 441 (1958). Both in Michigan and other jurisdictions "use tax" is a term of art which does not encompass any use of an article but is limited to a tax which is supplementary or complementary to the sales tax. | Designation given by legislature to a tax is not controlling, although entitled to be given great weight; in passing upon constitutionality of statute, court looks to operation of tax imposed rather than to labels or descriptive words used to define tax. | Does a court look to the operation of the tax imposed rather than to the labels or descriptive words used to define the tax in passing upon the constitutionality of statute? | Taxation - Memo # 311 - C - CK.docx | ROSS-003300323-ROSS-003300324 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 2917 | Rozas v. Evangeline Par. Police Jury, 214 So. 2d 398 | 302+8(15) | We shall discuss these contentions separately:4 (1) Fraud and circumstances constituting fraud must be alleged with particularity, LSA-CCP Article 856. In determining whether a cause of action has been pleaded, the court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. Loeb v. Badalamenti, La.App. 4 Cir., 192 So.2d 246. | In determining whether a cause of action based on fraud has been pleaded, court may disregard as mere conclusions of the pleader a petition's general charges of fraud if they are unaccompanied by formal allegations setting forth with particularity the circumstances alleged to constitute same. LSA-C.C.P. art. 856. | Will a court disregard general charges of fraud as mere conclusions? | 023228.docx | LEGALEASE-00132580-LEGALEASE-00132581 | SA, Sub | 0.35 | 0 | 0 | 1 | 1 | |
| 2918 | Taylor v. Washington Hosp. Ctr., 407 A.2d 585 | 307A+749.1 | Thus the parties' pretrial statements are incorporated into an order which narrows the issues in order to simplify the trial. See generally 3 Moore's, Supra, P 16.01 Et seq.; Handbook for Effective Pretrial Procedure, 37 F.R.D. 255, 263-73 (1964); Proceedings of the Seminar on Procedures for Effective Judicial Administration, 29 F.R.D. 191, 315-426, 454-61 (1961). The existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. All Weather Storm Windows, Inc. v. Zahn, D.C.Mun.App., 112 A.2d 496, 497 (1955). Whether to allow a party to go beyond the bounds of the pretrial order in its trial presentation is a matter left to the court's discretion to be exercised in light of Rule 16's language authorizing modification in the proper case "to prevent manifest injustice." See Manes v. Dowling, D.C.App., 375 A.2d 221, 224 (1977); Town Center Management Corp. v. Chavez, D.C.App., 373 A.2d 238, 243-44 (1977); Clarke v. District of Columbia, D.C.App., 311 A.2d 508, 511 (1973); Redding v. Capital Cab Co., D.C.App., 284 A.2d 54, 55 (1971); Manbeck v. Ostrowski, 128 U.S.App.D.C. 1, 6, 384 F.2d 970, 975 (1967), Cert. denied, 390 U.S. 966, 88 S.Ct. 1077, 19 L.Ed.2d 1170 (1968). See generally, Note, Federal Pre-Trial Practice: A Study of Modification and Sanctions, 51 Geo.L.J. 309 (1963). | Existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. D.C.C.E. SCR, Civil Rule 16. | Do the existing pretrial procedures contemplate that fair disclosure will be made to remove cases from the realm of surprise and are both parties generally bound by the pretrial order? | Pretrial Procedure - Memo # 2301 - C - NS.docx | ROSS-003286561-ROSS-003286562 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 2919 | Paselk v. Rabun, 293 S.W.3d 600 | 307A+517.1 | Paselk argues, in her second point of error, that the trial court erred in granting her nonsuit without written notice of a hearing. A nonsuit is effective upon filing; the order dismissing the suit"while the "starting point for determining when a trial court's plenary power expires""is purely a ministerial act. Blackmon, 195 S.W.3d at 100 (quoting Shadowbrook Apts. v. Abu"Ahmad, 783 S.W.2d 210, 211 (Tex.1990)). Because the act of signing the order dismissing Paselk's claims was purely ministerial, there is no requirement that written notice be provided or that a hearing be held. The trial court did not err in failing to provide Paselk notice of signing the order dismissing her claims at her request. We overrule Paselk's second point of error. | A nonsuit is effective upon filing; the order dismissing the suit, while the starting point for determining when a trial court's plenary power expires, is purely a ministerial act. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is the order dismissing the suit, while the starting point for determining when a trial court's plenary power expires, purely a ministerial act?" | 027951.docx | LEGALEASE-00132836-LEGALEASE-00132837 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 2920 | Harris v. Billings, 16 Cal. App. 4th 1396 | 307A+517.1 | For example, a plaintiff has no right to dismiss without prejudice if a general demurrer has been sustained without leave to amend, since there has been a "trial" of the legal issues raised by the demurrer. (Goldtree v. Spreckels (1902) 135 Cal. 666, 672"673, 67 P. 1091.) Similarly, a plaintiff may not voluntarily dismiss an action when a general demurrer is sustained with leave to amend and he or she does not amend within the time authorized by the court. "Permitting a plaintiff to exercise an absolute right to dismiss his action without prejudice to recommencing suit based upon the same allegations, even after the trial court has ruled definitively and adversely on the sufficiency of those allegations, makes neither good sense nor good law." (Wells v. Marina City Properties, Inc. (1981) 29 Cal.3d 781, 788"789, 176 Cal.Rptr. 104, 632 P.2d 217.) | Plaintiff has no right to dismiss without prejudice if general demurrer has been sustained without leave to amend, since there has been "trial" of legal issues raised by demurrer. | "Does a plaintiff have right to dismiss without prejudice if a general demurrer has been sustained without leave to amend, since there has been ""trial"" of legal issues raised by a demurrer?" | Pretrial Procedure - Memo # 2561 - C - NS.docx | ROSS-003301565-ROSS-003301566 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2921 | Virginia Concrete Co. v. Bd. of Sup'rs of Fairfax Cty., 197 Va. 821 | 307A+517.1 | An order "dismissed agreed" not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action by the same parties "as fully as a retraxit would be." Bardach Iron Co. v. Tenenbaum, 136 Va. 163, 171 118 S.E. 502, 505. | An order "dismissed agreed" not only puts an end to the pending suit, but is a bar to any subsequent suit on the same cause of action by the same parties as fully as a retraxit would be. Code 1950, § 8-154. | "Does an order ""dismissed agreed"" puts an end to the pending suit and also bar any subsequent suit on the same cause of action by the same parties as fully as a retraxit would be?" | Pretrial Procedure - Memo # 2581 - C - ES.docx | ROSS-003288316-ROSS-003288317 | SA, Sub | 0.18 | 0 | 0 | 1 | 1 | |
| 2922 | Alvarado v. Hyundai Motor Co., 885 S.W.2d 167 | 307A+501 | Accordingly, we hold the appellant motion for nonsuit was timely. As required by rule 162, the appellants filed their motion prior to the time that they had introduced all of their evidence other than rebuttal evidence and before a judicial pronouncement had been made on the entire case. Upon a timely motion for nonsuit, the appellants right thereto is absolute and unqualified, and the trial court has no discretion to dismiss a part of the suit with prejudice. Therefore, the dismissal in this case should have been without prejudice. Having so held, we need not address the remaining points of error. The judgment of the trial court is reversed and rendered | Upon timely motion for nonsuit, plaintiffs' right thereto is absolute and unqualified, and district court has no discretion to dismiss part of suit with prejudice. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Upon a timely motion for nonsuit, is a plaintiffs right thereto absolute and unqualified, and district court has no discretion to dismiss part of a suit with prejudice?" | 028335.docx | LEGALEASE-00132556-LEGALEASE-00132557 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 2923 | Vardaman v. Baker Ctr., 96-0831 (La. App. 1 Cir. 2/14/97), 689 So. 2d 667 | 307A+506.1 | The first sentence of this article refers specifically to an application of the plaintiff for a dismissal of an action "without" prejudice. The second sentence of this article must be read in conjunction with the first sentence so that the reference to "the application" means the application for a dismissal "without" prejudice. Therefore, if an application for dismissal without prejudice is made prior to a general appearance by the defendant, a judgment dismissing the action without prejudice is mandatory and the trial court has no discretion in this regard. However, if an application for dismissal without prejudice is made after a general appearance by the defendant, the trial court has discretion to refuse to grant a judgment of dismissal without prejudice. Turner v. Leslie, 96-2288 (La.12/6/96), 684 So.2d 395, 396. Moreover, the trial court may not dismiss an action without prejudice if the substantive rights acquired by the defendant would be lost or if the dismissal would deprive the defendant of a just defense. City National Bank v. Anlage, 448 So.2d 199, 200 (La.App. 1st Cir.1984). When either of these circumstances exists and the plaintiff has moved for a dismissal without prejudice, the trial court may grant the voluntary dismissal only if the plaintiff agrees that it be a dismissal with prejudice. See R.G.C. Investments, Inc. v.Almerico, 435 So.2d 1043, 1046 (La.App. 5th Cir.), writ denied, 438 So.2d 574 (La.1983). | Trial court may not dismiss action without prejudice if substantive rights acquired by defendant would be lost or if dismissal would deprive defendant of a just defense, and when either of these circumstances exists and plaintiff has moved for dismissal without prejudice, trial court may grant voluntary dismissal only if plaintiff agrees that it be dismissal with prejudice. LSA-C.C.P. art. 1671. | Can a trial court dismiss an action without prejudice if the substantive rights acquired by defendant would be lost or if the dismissal would deprive defendant of a just defense? | Pretrial Procedure - Memo # 2672 - C - SKG.docx | ROSS-003288331-ROSS-003288333 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 2924 | Shelter Mut. Ins. Co. v. Vulgamott, 96 S.W.3d 96 | 30+80(6) | Finally, we note that a partial summary judgment that does not dispose of an entire claim for relief could not be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice. "The statutes regarding Missouri appellate procedure make a final judgment a prerequisite to appellate review." State ex rel. Mo. Gas Energy v. Public Serv. Comm'n, 50 S.W.3d 801, 804 (Mo.App. W.D.2001). " "[A] judgment is final only when it disposes of a distinct judicial unit." " Fischer v. City of Washington, 55 S.W.3d 372, 378 (Mo.App. E.D.2001) (quoting Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997)). " "The required "judicial unit for an appeal" has a settled meaning: the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." " Id. (quoting Gibson, 952 S.W.2d at 244). "A judgment that resolves fewer than all legal issues as to any claim for relief is not final." State ex rel. Mo. Gas Energy, 50 S.W.3d at 804. "[A] judgment must dispose of a claim, and if it disposes of fewer than all of the issues and remedies as to a single claim, it is not an appealable judgment." Sunbelt Envtl. Servs., Inc. v. Nielsen, 75 S.W.3d 889, 892 (Mo.App. S.D.2002). | A partial summary judgment that does not dispose of an entire claim for relief can not be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice. | "Can a partial summary judgment that does not dispose of an entire claim for relief be turned into a final, appealable judgment by the dismissal of the remaining issues without prejudice?" | 028245.docx | LEGALEASE-00133600-LEGALEASE-00133601 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 2925 | Forshey v. Airborne Freight Corp., 142 Ohio App. 3d 404 | 307A+517.1 | Civ.R. 41(A)(1) provides that a plaintiff may voluntarily and unilaterally dismiss an action without prejudice by simply filing notice with the trial court at any time before the trial. Such dismissals are also known as "notice dismissals." The mere filing of the notice by the plaintiff automatically terminates the case without court intervention or approval and generally without the consent of the opposing party. Mays v. Kroger Co. (1998), 129 Ohio App.3d 159, 161"162, 717 N.E.2d 398, 400. "Unless otherwise stated in the notice of dismissal, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim." Civ.R. 41(A)(1). Stated in other words, the notice dismissal of Civ.R. 41(A)(l ) is available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice. Id. at 161"162, 717 N.E.2d at 399"401. This is also called the "double-dismissal rule." | Notice dismissal is available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice; this is also called the "double-dismissal rule." Rules Civ.Proc., Rule 41(A)(1) (2000). | "Is a notice dismissal available to the plaintiff only once, and a second notice dismissal acts as an adjudication on the merits despite contrary language in the notice; and is this also called the ""double-dismissal rule""?" | 028271.docx | LEGALEASE-00133634-LEGALEASE-00133635 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 2926 | City Nat. Bank v. Anlage, 448 So. 2d 199 | 307A+514 | Because Anlage made a general appearance, the second sentence of Article 1671 is applicable. Official Comment (b) under this Article states that a plaintiff's right to dismiss after an appearance rests within the sound discretion of the trial court. However, the trial court may not dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. Rourke v. Coursey, 338 So.2d 1197 (La.App. 3d Cir.1976). | Trial court may not dismiss a suit without prejudice, after defendant has made a general appearance, if substantive rights acquired by defendant would thereby be lost or if the dismissal would deprive defendant of a just defense. LSA-C.C.P. arts. 1671, 1671 comment. | May a trial court dismiss the action without prejudice if substantive rights acquired by the defendant would be lost or if dismissal would deprive the defendant of a just defense? | 028279.docx | LEGALEASE-00133644-LEGALEASE-00133645 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2927 | Levine v. Gonzalez, 901 So. 2d 969 | 307A+517.1 | Where parties file such a stipulation of voluntary dismissal, the trial court is divested of "case jurisdiction," or "the power of the court over a particular case that is within its subject matter jurisdiction." MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000); see also Randle-Eastern Ambulance Serv. v. Vasta, 360 So.2d 68, 69 (Fla.1978) (holding that voluntary dismissal "remove[s] completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction" "). | Where parties file a stipulation of voluntary dismissal, the trial court is divested of "case jurisdiction," which is the power of the court over a particular case that is within its subject matter jurisdiction. | "Where parties file a stipulation of voluntary dismissal, is the trial court divested of ""case jurisdiction,"" which is the power of the court over a particular case that is within its subject matter jurisdiction?" | Pretrial Procedure - Memo # 2640 - C - SN.docx | ROSS-003305101-ROSS-003305102 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 2928 | Watkins v. U.S. Army, 721 F.2d 687 | 34+3(1) | We hold, therefore, that the broad equitable powers the courts possess to regulate civilian life may not be used to force the military to disobey its own regulations absent a determination that the regulations cannot be given legal effect. Accordingly, the judgment of the district court must be reversed. There is no need to reach the Army's other contentions on appeal. | The broad equitable powers courts possess to regulate civilian life may not be used to force military to disobey its own regulations absent determination that regulations cannot be given legal effect. | Can the broad equitable powers the courts possess to regulate civilian life be used to force military to disobey its own regulations? | Armed Services - Memo 102 - JS.docx | ROSS-003290264-ROSS-003290265 | Condensed, SA | 0.46 | 0 | 1 | 0 | 1 | |
| 2929 | Werner Mach. Co. v. Dir. of Div. of Taxation, Dep't of Treasury, 31 N.J. Super. 444 | 371+2001 | True, it would be venturesome to determine the nature and essentiality of every tax in conformity with its statutory label. Its practical operation is of superior significance. Educational Films Corp. of America v. Ward, 282 U.S. 379, 51 S.Ct. 170, 75 L.Ed. 400 (1931). But certainly the clear and explicit declarations of the Legislature embodied and implicit in the enactment cannot be arbitrarily ignored. Bass v. Allen Home Improvement Co., 8 N.J. 219, 84 A.2d 720 (1951). The diction, limited applicability, the formulae, and indeed all of the ostensible features of the statute here under observation reveal the practical nature of the tax to be that of a franchise tax, a privilege tax payable by domestic and foreign corporations conducting business within this State. We so resolve. Werner Machine Co., Inc., v. Zink, 6 N.J.Super. 188, 70 A.2d 774 (App.Div.1950). | The nature of a tax is not to be determined from its statutory label, but primarily by its practicable operation, though the clear and explicit declarations of the Legislature embodied and implicit in the act cannot be arbitrarily ignored. | "Should the nature of a tax be determined by its practicable operation, though the clear and explicit declarations of the Legislature embodied and implicit in the act cannot be arbitrarily ignored?" | Taxation - Memo # 394 - C - KBM.docx | LEGALEASE-00023746-LEGALEASE-00023747 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 2930 | Holmes v. California Nat. Guard, 90 Cal. App. 4th 297 | 34+5(2) | Thus, as presently constituted, the National Guard consists of " "two overlapping, but legally distinct organizations ..." ""the federal, or United States National Guard, and the separate National Guards of the various individual states. (Perpich, supra, 496 U.S. at pp. 338, 345, 110 S.Ct. 2418.) In their capacity as members of the National Guard of the United States, individual members of the National Guard are part of the enlisted Reserve Corps of the Armed Forces of the United States. However, unless and until ordered to active duty in the Army, such individuals retain their status as members of separate State National Guard units. If and when ordered into active duty in the federal military service, members of the National Guard thereby lose their status in their respective State National Guards for the duration of their period of active federal military service. During their time of federal active duty, their state affiliation is suspended in favor of an entirely federal affiliation, and they are subject to all applicable laws and regulations of the United States military. Upon being relieved from federal active duty, such individuals then revert to their State National Guard status and duty. (10 U.S.C. "" 101(d), 12107, 12201(a); 32 U.S.C. "" 101(5) and (12), 102, 325(a); Perpich, supra, 496 U.S. at pp. 345"349, 110 S.Ct. 2418; Gilliam v. Miller (9th Cir.1992) 973 F.2d 760, 763"764; United States v. Dern (D.C.Cir.1934) 74 F.2d 485, 487 (Dern).) | During their time of federal active duty, the state affiliation of members of the National Guard is suspended in favor of an entirely federal affiliation, and they are subject to all applicable laws and regulations of the United States military; upon being relieved from federal active duty, such individuals then revert to their state National Guard status and duty. 10 U.S.C.A. SS 101(d), 12107, 12201(a); 32 U.S.C.A. SS 101(5, 12), 102, 325(a). | Does the National Guard lose their status in their respective state National Guards for the duration of their period of active federal military service? | Armed Services - Memo 134 - JS.docx | ROSS-003290277-ROSS-003290278 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 2931 | Williams v. Pucinski, No. 01 C 5588, 2002 WL 1585571 | 307A+517.1 | Under Illinois law, voluntary dismissals and dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired. See 735 ILCS 5/13"217; see also Ill. S.Ct. R. 273; Harl v. City of LaSalle, 679 F.2d 123 (7th Cir.1982); S.C. Vaughan Oil Co. v. Caldwell, Troutt, & Alexander, 181 Ill.2d 489, 230 Ill.Dec. 209, 693 N.E.2d 338, 344 (1998). | Under Illinois law, voluntary dismissals and dismissals for want of prosecution are not considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired. S.H.A. 735 ILCS 5/13-217. | Are voluntary dismissals and dismissals for want of prosecution considered final judgments on the merits until the statute of limitations and a one-year refiling period have expired? | Pretrial Procedure - Memo # 2706 - C - PC.docx | ROSS-003290291-ROSS-003290292 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |
| 2932 | In re Bro Bro Properties, 50 S.W.3d 528 | 307A+517.1 | Because the default judgment against Bro Bro Properties does not dismiss or otherwise dispose of Starcrest's claims against the Lowreys or Lowrey and Company, it is not a final judgment. Therefore, the trial court retained jurisdiction to set it aside and grant a new trial. Id. at 693"94. Starcrest argues the judgment is final, however, because its nonsuit notice was effective to dismiss the nonsuited parties; a dismissal order was not required. See Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982). This is incorrect. As the Supreme Court of Texas has stated:The signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal. | The signing of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point for determining when a trial court's plenary power expires. | "Is the signing of an order dismissing a case, not the filing of a notice of nonsuit, the starting point for determining when a trial court's plenary power expires?" | Pretrial Procedure - Memo # 2718 - C - PC.docx | LEGALEASE-00024087-LEGALEASE-00024088 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2933 | City of Krum v. Rice, 508 S.W.3d 808 | 307A+486 | Good cause "is established by showing [that] the failure involved was an accident or mistake, not intentional or the result of conscious indifference." Undue prejudice depends "on whether withdrawing an admission ... will delay trial or significantly hamper the opposing party's ability to prepare for it." As the Supreme Court of Texas has said, "requests for admission should be used as "a tool, not a trapdoor," " and they should not be used to demand that a plaintiff admit that he or she had no cause of action. | Undue prejudice supporting withdrawal of a deemed admission depends on whether withdrawing an admission will delay trial or significantly hamper the opposing party's ability to prepare for it. Tex. R. Civ. P. 198.3. | Does undue prejudice supporting withdrawal of a deemed admission depend on whether withdrawing an admission will delay trial or significantly hamper the opposing party's ability to prepare for it? | 028455.docx | LEGALEASE-00134434-LEGALEASE-00134435 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2934 | State ex rel. J. Richard Gaier Co.A. v. Kessler, 97 Ohio App. 3d 782 | 307A+517.1 | We can find no reason to distinguish the effect of a voluntary dismissal from the effect of any other type of dismissal. Regardless of the nature of the dismissal, trial courts must retain some limited jurisdiction to determine collateral matters even when the action is dismissed voluntarily. Andy Estates Dev. Corp. v. Bridal (1991), 68 Ohio App.3d 455, 588 N.E.2d 978. Thus, allowing a trial court to consider a collateral request for sanctions for the filing of a frivolous complaint is vastly different from allowing a trial court to consider such a motion relative to the actual voluntary dismissal. Where the former merely allows a trial court to enforce the rule that parties ought not file frivolous pleadings, the latter would unreasonably penalize a plaintiff for exercising the absolute right of dismissal. Cf. Sturm v. Sturm (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214. We hold, therefore, consistent with the decision of the Franklin County Court of Appeals in Grossman v. Mathless & Mathless, C.P.A., that the filing of a voluntary dismissal does not divest the trial court of jurisdiction over a motion for sanctions so long as that motion does not seek to penalize a party for exercising his absolute right to dismiss an action. Absent such a result, a party could force a defendant to expend significant time and money to defend against an arguably frivolous action and then dismiss that action just prior to trial with little if any consequence. In that circumstance, the goal of Civ.R. 11and its statutory counterpart, R.C. 2323.51, which is to prevent parties from using the judicial process to harass one another, would be significantly less achievable. | Regardless of nature of dismissal, trial courts must retain some limited jurisdiction to determine collateral matters, even when action is dismissed voluntarily. Rules Civ.Proc., Rule 41(A)(1). | "Regardless of nature of dismissal, must trial courts retain some limited jurisdiction to determine collateral matters, even when action is dismissed voluntarily?" | 028477.docx | LEGALEASE-00134563-LEGALEASE-00134564 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |
| 2935 | Time Warner v. Gonzalez, 441 S.W.3d 661 | 307A+486 | A request for admission is a "written request[ ] that the other party admit the truth of any matter within the scope of discovery...." Tex.R. Civ. P. 198.1. "If a response is not timely served, the request is considered admitted without the necessity of a court order." Tex.R. Civ. P. 198.2(c). An admitted matter is "conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex.R. Civ. P. 198.3. A trial court has discretion to permit a party to withdraw an admission if: (a) the party shows good cause for the withdrawal; (b) the court finds that the other party will not be unduly prejudiced; and (c) presentation of the lawsuit's merits is served by the withdrawal. See id.; Cleveland v. Taylor, 397 S.W.3d 683, 694 (Tex.App.-Houston [1st Dist.] 2012, pet. denied). | A trial court has discretion to permit a party to withdraw an admission if: (1) the party shows good cause for the withdrawal; (2) the court finds that the other party will not be unduly prejudiced; and (3) presentation of the lawsuit's merits is served by the withdrawal. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "Does a trial court have discretion to permit a party to withdraw an admission if the party shows good cause, and if the trial court finds that the party relying on the admission will not be unduly prejudiced?" | Pretrial Procedure - Memo # 2907 - C - NS.docx | ROSS-003317654-ROSS-003317655 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 2936 | Steffan v. Steffan, 29 S.W.3d 627 | 307A+486 | Richard argues in the alternative, however, that, assuming discovery can be served on a non-answering party, he met the three criteria under Rule 169(2) for setting aside deemed admissions, such that the trial court abused its discretion in allowing the deemed admissions to stand. Under the rule, deemed admissions may be ordered withdrawn "[u]pon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." The burden is on the party seeking withdrawal to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer. See North River Ins. Co. v. Greene, 824 S.W.2d 697, 699"700 (Tex.App."El Paso 1992, writ denied). The failure to answer must have been accidental or the result of mistake, rather than intentional or the result of conscious indifference. See Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996). | The burden is on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer; the failure to answer must have been accidental or the result of mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2 (Repealed). | Is the burden on the party seeking withdrawal of deemed admissions to establish good cause by proving that he did not intentionally or consciously disregard his obligation to timely answer? | Pretrial Procedure - Memo # 2991 - C - AP.docx | LEGALEASE-00024247-LEGALEASE-00024248 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 2937 | Robinson v. Glob. Res., 300 Ga. App. 139 | 307A+483 | It is well settled that a party failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. OCGA 9-11-36 (b); G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors. "This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case." Fox Run Properties v. Murray. See G.H. Bass & Co., supra, 268 Ga. at 329 (1), 486 S.E.2d 810. As our Supreme Court has stated, "the language in OCGA 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission." (Punctuation omitted.) G.H. Bass & Co., supra, 268 Ga. at 331(2), 486 S.E.2d 810. "Thus, matters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion." Fox Run Properties, supra, 288 Ga.App. at 569 (1), 654 S.E.2d 676. | Matters deemed admitted under statute governing failure to timely respond to requests for admission become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and cannot be contradicted by other evidence unless the admissions are withdrawn or amended on formal motion. West's Ga.Code Ann. S 9-11-36(a, b). | Are matters deemed admitted on basis of failure to respond to requests for admissions become solemn admissions in judicio and are conclusive as a matter of law? | 028846.docx | LEGALEASE-00134509-LEGALEASE-00134510 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 2938 | City of Houston v. Riner, 896 S.W.2d 317 | 307A+486 | With the 1988 amendment to Rule 169, Texas adopted "good cause" as the threshold standard for withdrawal of deemed admissions. Boone v. Texas Employers Ins. Assn., 790 S.W.2d 683, 688 (Tex.App. Tyler 1990, no writ); Halton, 792 S.W.2d at 465. Good cause is established by showing that the failure to file was not intentional or in conscious disregard of the obligation to timely file an answer, and under this standard, even a slight excuse for the original failure to answer is sufficient. Ramsey v. Criswell, 850 S.W.2d 258, 259 (Tex.App. Texarkana 1993, no writ); see also Boone, 790 S.W.2d at 689; Halton, 792 S.W.2d at 465"66. | "Good cause" such as will justify withdrawal of deemed admission, is established by showing that failure to file was not intentional or conscious disregard of obligation to answer request for admission; thus, even a slight excuse for failure to answer will suffice. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | "Is good cause such as will justify withdrawal of deemed admission, established by showing that failure to file was not intentional or conscious disregard of obligation to answer request for admission?" | 028856.docx | LEGALEASE-00134540-LEGALEASE-00134541 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2939 | Bryant v. Cty. Council of Lake Cty., 720 N.E.2d 1 | 307A+486 | When a motion seeking the withdrawal of admissions has been made, the trial court must consider 1) whether the presentation of the merits will be subserved by permitting withdrawal, and 2) whether the party who obtained the admission will be prejudiced by withdrawal. General Motors, 573 N.E.2d at 888-89; Corby, 670 N.E.2d at 1326. Moreover, the party moving for the withdrawal of admissions established by operation of T.R. 36 does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Royalty Vans Inc. v. Hill Bros. Plumbing and Heating, Inc., 605 N.E.2d 1217, 1221 (Ind.Ct.App.1993). Even if both conditions have been satisfied, the trial court is not compelled to grant withdrawal of the admissions, but may, in the exercise of its discretion, deny the request for withdrawal. General Motors, 573 N.E.2d at 889-90; Corby, 670 N.E.2d at 1326-27. | Party moving for withdrawal of admissions does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Trial Procedure Rule 36. | Does a party moving for withdrawal of admissions meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated? | 028887.docx | LEGALEASE-00134074-LEGALEASE-00134075 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2940 | Wilson v. Ortiz, 232 Ga. App. 191 | 307A+486 | Admissions in solemn judicio constitute a conclusive presumption of law against the pleader as to the truth of the admission. OCGA "" 24"3"30; 24"4"24; C & S Realty Investors v. L.G. Balfour Co., 152 Ga.App. 852, 264 S.E.2d 304 (1980). A party to a suit will not be allowed to disprove an admission made in his pleading without first being granted leave by the trial court to withdraw such pleading from the record. Friddell v. Rawlins, 160 Ga.App. 44, 285 S.E.2d 779 (1981). | Party to suit will not be allowed to disprove admission made in his pleading without first being granted leave by trial court to withdraw such pleading from record. O.C.G.A. S 24-3-30. | Will a party to suit be allowed to disprove an admission made in his pleading without first being granted leave by trial court to withdraw such pleading from record? | Pretrial Procedure - Memo # 3110 - C - DA.docx | ROSS-003290837-ROSS-003290838 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 2941 | Schwarz v. Platte Valley Exterminating, 258 Neb. 841 | 307A+483 | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Wibbels v. Unick, 229 Neb. 184, 426 N.W.2d 244 (1988). Rule 36 is not self-executing, but requires that a party, claiming another party's admission by failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must subsequently offer the request for admission as evidence. Wibbels v. Unick, supra; Arcadia State Bank v. Nelson, 222 Neb. 704, 386 N.W.2d 451 (1986). However, rule 36 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a request for admission. Mason State Bank v. Sekutera, 236 Neb. 361, 461 N.W.2d 517 (1990). Thus, if the necessary foundational requirements are met and there is no motion to withdraw an admission, a trial court is obligated to give effect to the provisions of rule 36. | A party's failure to make a timely and appropriate response to a request for admission constitutes an admission of the subject matter of the request, which matter is conclusively established unless, on motion, the court permits withdrawal of the admission. Discovery Rule 36. | Does a party's failure to make a timely and appropriate response to a request for admission constitute an admission of the subject matter of the request? | 029057.docx | LEGALEASE-00134369-LEGALEASE-00134370 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2942 | Zwicky v. Freightliner Custom Chassis Corp., 373 Ill. App. 3d 135 | 157+265(7) | Under Rule 216(c), the plaintiffs' failure to respond to the requests for admissions served by Fleetwood operates as an admission of all of the statements contained in the requests. 134 Ill.2d R. 216(c); Robbins Allstate Insurance Co., 362 Ill.App.3d 540, 543, 298 Ill.Dec. 879, 841 N.E.2d 22 (2005). Admissions created by the operation of Rule 216(c) are considered binding judicial admissions and thus are incontrovertible and may be cited in support of a motion for summary judgment. Robbins, 362 Ill.App.3d at 543, 298 Ill.Dec. 879, 841 N.E.2d 22. The plaintiffs do not claim that the fact that they voluntarily dismissed their first action and subsequently refiled it defeats the application of Rule 216(c) to the requests for admissions that were served in the original action. Rule 216(e) specifically provides that any admission made pursuant to Rule 216 binds the party making the admission "for the purpose of the pending action and any action commenced pursuant to the authority of section 13"217 of the Code of Civil Procedure." 134 Ill.2d R. 216(e). Section 13"217 of the Code of Civil Procedure permits the refiling, within one year, of any action voluntarily dismissed (735 ILCS 5/13"217 (West 2004)), and it was the authority by which the plaintiffs filed their current action. Thus, any fact admitted via Rule 216(c) in the original action remains admitted in the refiled action. 134 Ill.2d R. 216(e). | Deemed admissions for failing to respond to request for admissions are considered binding judicial admissions and thus are incontrovertible and may be cited in support of a motion for summary judgment. Sup.Ct.Rules, Rule 216(c). | Are deemed admissions for failing to respond to request for admissions considered binding judicial admissions and thus are incontrovertible and may be cited in support of a motion for summary judgment? | Pretrial Procedure - Memo # 3532 - C - SK.docx | ROSS-003290952-ROSS-003290954 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 2943 | Albitus v. Farmers & Merchants Bank, 159 Ga. App. 406 | 307A+483 | If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. Strickland v. C. & S. Nat. Bank, 137 Ga.App. 538(1), 224 S.E.2d 504 (1976); Booker v. Southern Steel & Aluminum Products, 150 Ga.App. 306, 307, 257 S.E.2d 375 (1979). "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." (Emphasis supplied.) Code Ann. " 81A"136(b); Nat. Bank of Ga. v. Merritt, 130 Ga.App. 85(1), 202 S.E.2d 193 (1973); Porter v. Murlas Bros. Commodities, 134 Ga.App. 96(1), 213 S.E.2d 190 (1975). | If party served with request for admission does not serve answer or objection and does not move for extension of time or to withdraw admissions resulting from failure to answer, matter stands admitted. Code, S 81A-136. | "If a party served with request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw admissions resulting from failure to answer, does the matter stand admitted?" | 030039.docx | LEGALEASE-00134919-LEGALEASE-00134920 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 2944 | Hampton v. City of Wichita, 192 Kan. 534 | 371+2001 | Under the authorities it may be stated that a tax is not a debt in the ordinary acceptation of that term, and consequently a civil action will not lie for its recovery, except in those cases where the statute expressly confers the right to bring such an action or where it impliedly confers such right by omitting all mention of any method for the collection of the tax. (Commissioners of Stafford County v. National Bank, 48 Kan. 561, 562, 30 P. 22.). | Tax is not "debt" and civil action will not lie for its recovery except where statute especially confers right to bring such action or where it impliedly confers such right by omitting all mention of any method for collection of tax. | Will a civil action lie for the recovery of a tax where statute expressly confers right to bring such action or where it impliedly confers such right by omitting all mention of any method for collection of tax? | 045077.docx | LEGALEASE-00134129-LEGALEASE-00134130 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2945 | China Media Express Holdings by Barth v. Nexus Exec. Risks, Ltd., 182 F. Supp. 3d 42 | 25T+143 | Because the Court finds that the Arbitration Clause is broad, the "presumption of arbitrability" attaches, and CME bears the burden of showing that the arbitration clause "is not susceptible of an interpretation that it covers the asserted dispute." Oldroyd, 134 F.3d at 76. [{Where a contract contains a broad arbitration clause, only those claims that "present no question involving construction of the contract, and no questions in respect of the parties' rights and obligations under it, are beyond the scope of the arbitration agreement." Collins & Aikman, 58 F.3d at 23. In deciding whether a particular claim falls within the scope of the parties' arbitration agreement, courts look to the factual allegations in the complaint. Genesco, Inc., 815 F.2d at 846. "If the allegations underlying the claims 'touch matters' covered by the parties' [contracts], then those claims must be arbitrated, whatever the legal labels attached to them." /d. (quoting Mitsubishi Motors v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 624 n. 13 | Where a contract contains a broad arbitration clause, only those claims that present no question involving construction of the contract, and no questions in respect of the parties' rights and obligations under it, are beyond the scope of the arbitration agreement. | "Are the claims that present no question involving construction of the contract and parties rights and obligations under it, beyond the scope of the arbitration agreement?" | Alternative Dispute Resolution - Memo 629 - SB.docx | ROSS-003289949-ROSS-003289950 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 2946 | In re Alexandravicus' Estate, 83 N.J. Super. 303 | 228+830.1 | It is well settled that the laws, acts, judgments and decrees of foreign governments have extraterritorial effect only as a matter of comity, sometimes called 'comity of nations,' which in a legal sense is 'neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other.' Hilton v. Guyot, 159 U.S. 113, 163-164, 16 S.Ct. 139, 143, 40 L.Ed. 95, 108 (1895), approvingly cited in Banco Nacional de Cuba v. Sabbatino, 84 S.Ct. 923 (decided March 23, 1964). Political recognition, however, is exclusively a function of the Executive. Ibid. When our Federal Government has determined upon a policy of recognition of a foreign country, it is binding upon the courts. United States v. Pink, 315 U.S. 203, 229-230, 62 S.Ct. 552, 565, 86 L.Ed. 796, 817 (1942). Similarly, a policy of non-recognition when demonstrated by the Executive must be deemed to be 'as affirmative and positive in effect as the policy of recognition." The Maret, 145 F.2d 431, 442 @ Cir. 1944). Accord, Latvian State Cargo & Passenger S.S. Line v. McGrath, 88 U.S.App.D.C. 226, 188 F.2d 1000, 1003 (D.C.Cir.), cert. denied 342 U.S. 816, 72 S.Ct. 30, 96 L.Ed. 617 (1951). | Laws, acts, judgments, and decrees of foreign governments have extra-territorial effect only as matter of comity which in legal sense is neither matter of absolute obligation on one hand or of mere courtesy and good will on other hand. | "Is comity, in the legal sense, neither a matter of absolute obligation on one hand nor of mere courtesy and good will, upon the other?" | International Law - Memo #1064 ANC.docx | ROSS-003289375-ROSS-003289377 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2947 | Sanford v. Dudley, 196 So. 3d 1106 | 307A+486 | "While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances." DeBlanc, 814 So.2d at 801"02 (" 26). For the trial court to exercise its discretion to permit withdrawal, the party seeking to withdraw an admission must first file a motion requesting that relief.See Ross v. Wallack, 188 So.3d 597, 600"01 ("" 10"11) (Miss.Ct.App.2015) (citing Montgomery v. Stribling, 115 So.3d 823, 828, 831 ("" 15, 27) (Miss.Ct.App.2012)). If such a motion is filed, "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." M.R.C.P. 36(b). | For the trial court to exercise its discretion to permit withdrawal of admission, the party seeking to withdraw an admission must first file a motion requesting that relief. Rules Civ.Proc., Rule 36. | "For the trial court to exercise its discretion to permit withdrawal of admission, must the party seeking to withdraw an admission first file a motion requesting that relief?" | 028550.docx | LEGALEASE-00135305-LEGALEASE-00135306 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 2948 | Costello v. Zavodnik, 55 N.E.3d 348 | 307A+486 | Furthermore, allowing Costello to withdraw his admissions would not prejudice Zavodnik in maintaining his action on the merits.As used in Rule 36(B), the word " "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case." Corby v. Swank, 670 N.E.2d 1322, 1326 (Ind.Ct.App.1996). Here, Zavodnik would suffer no such detriment. The matter has not yet been set for trial, Zavodnik still has time to prepare his case, and there is no evidence that he has relied on Costello's admissions in a way that would impair his ability to prepare his case. The fact that Zavodnik would have to spend time and money preparing his case does not constitute "prejudice"; he would simply be in the same position as most other civil plaintiffs in Indiana, having to marshal the evidence in his favor and prove his case in court. | As used in rule allowing withdrawal of admissions when party opposing withdrawal cannot demonstrate prejudice, the word "prejudice" does not mean that the party who has obtained the admissions will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case. Trial Procedure Rule 36(B). | "As used in a rule allowing withdrawal of admissions when party opposing withdrawal cannot demonstrate prejudice, does the word ""prejudice"" mean that the party has suffered a detriment in the preparation of his case?" | Pretrial Procedure - Memo # 2797 - C - MS.docx | LEGALEASE-00025135-LEGALEASE-00025136 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 2949 | Brown v. Rowe Chevrolet-Buick, 86 N.C. App. 222 | 307A+716 | N.C.Gen.Stat. " 1A-1, Rule 40(b) of the N.C.Rules of Civil Procedure provides:(b) No continuance shall be granted except upon application to the court. A continuance may be granted only for good cause shown and upon such terms and conditions as justice may require. Good cause for granting a continuance shall include those instances when a party to the proceeding, a witness, or counsel of record has an obligation of service to the State of North Carolina, including service as a member of the General Assembly.Whether to grant a motion to continue is within the sound discretion of the trial court. Shankle v. Shankle, 289 N.C. 473, 223 S.E.2d 380 (1985); Doby v. Lowder, 72 N.C.App. 22, 324 S.E.2d 26 (1984). Where the attorney has given the movant no prior notice of intent to withdraw, the court has no discretion but must grant a reasonable continuance or deny motion to withdraw. Williams & Michael, P.A. v. Kennamer, 71 N.C.App. 215, 321 S.E.2d 514 (1984). The general rule, however, is that the withdrawal of counsel on the eve of trial is not ipso facto grounds for continuance. Shankle v. Shankle, supra. | Where attorney has given movant no prior notice of intent to withdraw, court has no discretion but must grant reasonable continuance or deny motion to withdraw. Rules Civ.Proc., Rule 40(b), G.S. S 1A-1. | "Where an attorney has given movant no prior notice of intent to withdraw, does the court have no discretion but must grant reasonable continuance or deny motion to withdraw?" | 029296.docx | LEGALEASE-00135214-LEGALEASE-00135216 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2950 | Adobe Land Corp. v. Griffin, 236 S.W.3d 351 | 307A+331 | Before any failure to produce evidence may be viewed as discovery abuse, the opposing party must establish that the non-producing party had a duty to preserve the evidence in question. Wal"Mart Stores, Inc., 106 S.W.3d at 722. Such a duty arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. See id. (citing 1 Weinstein & Berger, Weinstein's Federal Evidence " 301.06[4] at 301"28.3 (2d ed. 2003)) ("[T]here must be a sufficient foundational showing that the party who destroyed the evidence had notice both of the potential claim and of the evidence's potential relevance" before a duty to preserve arises); Tex. Elec. Coop. v. Dillard, 171 S.W.3d 201, 209 (Tex.App.-Tyler 2005, no pet.). The duty is not so encompassing as to require a litigant to keep or retain every document in its possession. Trevino, 969 S.W.2d at 957 (Baker, J., concurring). However, it does require the party to preserve what it knows, or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery sanction. Id. | A duty to preserve evidence arises only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim. | Does a duty to preserve evidence arise only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be potentially relevant to that claim? | Pretrial Procedure - Memo # 3312 - C - SPB.docx | ROSS-003305133-ROSS-003305135 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 2951 | US-1 Van Lines of Georgia v. Ho, 240 Ga. App. 417 | 307A+716 | We further note that the letter from US"1's president demonstrates that it received the October 1, 1998 trial calendar notice and that it had over a month to retain an attorney to represent it. The fact that US"1's alleged attorney failed to appear at the damages trial or properly seek a continuance makes it appear as though he did not actually represent US"1 in the renewed action, particularly since he had previously withdrawn from his representation of US"1. Thus, US"1's request for a continuance may have been nothing more than a delay tactic. A trial court's denial of a continuance is proper when the defendant negligently fails to employ counsel promptly or where it appears the defendant is using the tactic for delay. Daughtry v. State, 225 Ga.App. 45, 46(1), 482 S.E.2d 532 (1997). | A trial court's denial of a continuance is proper when the defendant negligently fails to employ counsel promptly or where it appears the defendant is using the tactic for delay. | Is a trial court's denial of a continuance proper when the defendant negligently fails to employ counsel promptly or where it appears the defendant is using the tactic for delay? | Pretrial Procedure - Memo # 3437 - C - KBM.docx | ROSS-003316707-ROSS-003316708 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2952 | Adamek v. Plano Mfg. Co., 64 Minn. 304 | 307A+716 | The trial court was fully justified, upon the facts, in saying, in the order denying the motion for a new trial, that "the issues and questions of law involved in the case were apparently simple; and, in my opinion, any competent attorney would have had ample time to acquire the necessary information, and try the case properly, in the absence of Mr. Spooner. It did not appear from the affidavits introduced on the motion for a continuance when Mr. Spooner was retained in the case in North Dakota, or in the case in Meeker county, or whether he was retained before or after he was retained in this action." Litigants are entitled to a speedy trial of the issues involved, and the frequent delays are not only vexatious and expensive, but tend to bring reproach upon judicial proceedings. The better and safer rule to adopt is that, where there are no unusual or extraordinary features in the case, the fact that an attorney is elsewhere professionally engaged in another action should not be regarded as sufficient ground, as a matter of right, for the continuance of the cause, but that, generally, such application should rest in the discretion of the trial court. The order denying the motion for a new trial is affirmed. | Held, that, where there are no unusual or extraordinary features in the case, the fact that an attorney is professionally engaged elsewhere, in the trial of another action, cannot be regarded as an absolute right to a postponement or continuance of the cause. Generally, the continuance of an action is discretionary with the trial court, which discretion this court will not undertake to control. | Does the fact that an attorney is professionally engaged elsewhere in the trial of an action not give an absolute right to the continuance of the cause? | 029542.docx | LEGALEASE-00135307-LEGALEASE-00135308 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 2953 | D.H. Holmes Co. v. Dronet, 432 So. 2d 1135 | 307A+483 | Holmes first contends that the trial court erred in not awarding judgment as prayed for since the defendant failed to file answers to Holmes' request for admissions within fifteen (15) days as provided by Article 1467 of the Code of Civil Procedure. We disagree. While it is true that the defendant did not answer the request for admission within fifteen (15) days, he did deny owing any debt by his answer to interrogatories and by answer to Holmes' suit for breach of contract. In our view, failure to answer under Article 1467 does not per se result in requests for admissions being deemed an admission of the facts sought to be established. This device should not be applied to a controverted legal issue which goes to the heart of the merits of a case. In this instance, defendant denied he owed any debt to Holmes by his answer to interrogatories and by his answer to Holmes' petition. It was then Holmes' burden to prove each element of its claim. Entron, Inc. v. Callais Cablevision, Inc., 307 So.2d 787 (La.App. 1st Cir.1975). | Failure to answer request for admissions within 15 days as provided by civil procedure article does not per se result in requests for admissions being deemed an admission of facts sought to be established. LSA-C.C.P. art. 1467. | Does failure to answer a request for admissions within fifteen days as provided by civil procedure article per se result in requests for admissions being deemed an admission of facts sought to be established? | Pretrial Procedure - Memo # 3504 - C - ES.docx | ROSS-003290470-ROSS-003290471 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2954 | St. Mary v. Superior Court, 223 Cal. App. 4th 762, 775ГÇ676, 167 Cal. Rptr. 3d 517 | 307A+481 | Under the RFA procedure postdating the Civil Discovery Act, a propounding party must take affirmative steps"by bringing a formal "deemed admitted" motion"to have RFAs to which timely responses are not In the event responses to RFAs are not timely served, the responding party waives any objections thereto (" 2033.280, subd. (a)), and "[t]he requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction" (id. subd. (b)). Unless the court determines that the responding party "has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220," it must order the RFAs deemed admitted. (Id. subd. (c).) "[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein." (Wilcox, supra, 21 Cal.4th at p. 979, 90 Cal.Rptr.2d 260, 987 P.2d 727.). The court must also impose monetary sanctions upon the party and/or the attorney for the failure to serve a timely response to the RFAs. (" 2033.280, subd. (c).) But a responding party's service, prior to the hearing on the "deemed admitted" motion, of substantially compliant responses, will defeat a propounding party's attempt under section 2033.280 to have the RFAs deemed admitted. (Tobin v. Oris (1992) 3 Cal.App.4th 814, 827, 4 Cal.Rptr.2d 736 (Tobin ).) As one court put it: "If the party manages to serve its responses before the hearing, the court has no discretion but to deny the motion. But woe betide the party who fails to serve responses before the hearing. In that instance the court has no discretion but to grant the admission motion, usually with fatal consequences for the defaulting party. One might call it "two strikes and you're out" as applied to civil procedure." (Demyer v. | A "deemed admitted" order establishes, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein. Cal. Civ. Proc. Code S 2033.280(c). | "Does a ""deemed admitted"" order establish, by judicial fiat, that a nonresponding party has responded to requests for admission (RFA) by admitting the truth of all matters contained therein?" | Pretrial Procedure - Memo # 3527 - C - SK.docx | ROSS-003290827-ROSS-003290828 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 2955 | Crider v. Pepsi Cola Bottlers of Atlanta, 142 Ga. App. 304 | 307A+483 | Where requests for admissions are timely served upon the opposite party, and no order extending the time for answer is entered, the requests are admitted unless answered or objected to within 30 days. Code s 81A-136(a). "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." Code s 81A-136(b). | Where requests for admissions are timely served on the opposite party and no order extending the time for answer is entered, requests are admitted unless answered or objected to within 30 days. Code, S 81A-136(a, b). | "Where requests for admissions are timely served on the opposite party and no order extending the time for answer is entered, are the requests admitted unless answered or objected to within 30 days?" | Pretrial Procedure - Memo # 3922 - C - MS.docx | ROSS-003290578-ROSS-003290579 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 2956 | New Jersey Realty Title Ins. Co. v. Div. of Tax Appeals in Dep't of Taxation & Fin., 1 N.J. 496 | 371+2064 | But it is equally well settled that a state has the power to levy a tax on a legitimate subject, such as corporate franchises or property, measured by net assets or income, even though there is included, in the measure of the tax, tax-exempt federal instrumentalities or the income derived therefrom. A state tax so measured is not an infringement of the immunity from taxation. Educational Films Corp. v. Ward, 282 U.S. 379, 51 S.Ct. 170, 75 L.Ed. 400, 71 A.L.R. 1226; Tradesmens National Bank v. Oklahoma Tax Commission, 309 U.S. 560, at page 564; 60 S.Ct. 688, 84 L.Ed. 947, at page 951. | A state has power to levy a tax on a legitimate subject such as corporate franchises or property, measured by net assets or income, even though there is included, in the measure of the tax, tax exempt federal instrumentalities or the income derived therefrom, and a state tax so measured is not an infringement of the immunity from taxation. | Does a state has the power to levy a tax on a legitimate subject measured by net assets or income? | 045232.docx | LEGALEASE-00134984-LEGALEASE-00134985 | Condensed, SA | 0.42 | 0 | 1 | 0 | 1 | |
| 2957 | Capitol Novelty Co. v. Evatt, 145 Ohio St. 205 | 371+2001 | The taxpayer's contentions as to benefits were answered, as follows, by the Supreme Court of the United States in Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 522, 57 S.Ct. 868, 878, 81 L.Ed. 1245, 109, A.L.R. 1327: "A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. See Cincinnati Soap Co. v. United States, supra [301 U.S. 308, 57 S.Ct. 764, 81 L.Ed. 1122]. Any other view would preclude the levying of taxes except as they are used to compensate for the burden on those who pay them, and would involve the abandonment of the most fundamental principle of government-that it exists primarily to provide for the common good. A corporation cannot object to the use of the taxes which it pays for the maintenance of schools because it has no children. Thomas v. Gay, 169 U.S. 264, 280, 18 S.Ct. 340, 42 L.Ed. 740. This Court has repudiated the suggestion, whenever made, that the Constitution requires the benefits derived from the expenditure of public moneys to be apportioned to the burdens of the taxpayer, or that he can resist the payment of the tax because it is not expended for purposes which are peculiarly beneficial to him. Cincinnati Soap Co. v. United States, supra; Carley & Hamilton v. Snook, supra, 281 U.S. 66, 72, 50 S.Ct. 204, 206, 74 L.Ed. 704, 68 A.L.R. 194; Nashville, C. & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 268, 53 S.Ct. 345, 350, 77 L.Ed. 730, 87 A.L.R. 1191; see Union Refrigerator Transit Co. v. Kentucky, 199 U.S. 194, 203, 26 S.Ct. 36, 50 L.Ed. 150, 4 Ann.Cas. 493.". | A "tax" is a means of distributing burden of costs of government and not an assessment of benefits, the only benefit to which taxpayer is constitutionally entitled being that derived from enjoyment of privilege of living in an organized society, established and safeguarded by devotion of taxes to public purposes. | Is tax a means of distributing the burden of the cost of government and not an assessment of benefits? | 045238.docx | LEGALEASE-00135022-LEGALEASE-00135023 | Order, SA | 0.82 | 1 | 0 | 0 | 1 | |
| 2958 | United States v. Jefferson, 674 F.3d 332 | 63+1(1) | The trial court's quid pro quo instruction is strongly supported by the Second Circuit's decision in United States v. Ganim, 510 F.3d 134 (2d Cir.2007). We agree with that court's explanation that, "in order to establish the quid pro quo essential to proving bribery, the government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions)." Id. at 148 (internal quotation marks omitted). Rather, "bribery can be accomplished through an ongoing course of conduct." Id. at 149 (citing Jennings, 160 F.3d at 1014); see also United States v. Wright, 665 F.3d 560, 568 (3d Cir.2012) (explaining that "[t]he bribery theory does not require that each quid, or item of value, be linked to a specific quo, or official act. Rather, a bribe may come in the form of a stream of benefits" (internal quotation marks omitted)). | In order to establish the quid pro quo essential to proving bribery, government need not show that the defendant intended for his payments to be tied to specific official acts or omissions; rather, bribery can be accomplished through an ongoing course of conduct. 18 U.S.C.A. S 201. | Can bribery of a public official be established through an ongoing course of conduct? | Bribery - Memo #432 - C - LB.docx | ROSS-003290383-ROSS-003290385 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 2959 | In re Peloquin's Estate, 137 Vt. 559 | 307A+716 | The engagement of counsel in other trial courts will not be considered cause for an automatic continuance, nor is it alone a ground for claiming abuse of discretion by the trial court in dismissing the action under V.R.C.P. 41. See Fairview Garage, Inc. v. Terjelian, 127 Vt. 239, 241, 246 A.2d 830, 832 (1968) | Engagement of counsel in other trial courts is not cause for an automatic continuance nor is it alone a ground for claiming abuse of discretion by trial court in dismissing the action with prejudice. V.R.C.P. 40, 41; 4 V.S.A. S 906. | Is engagement of counsel in other trial courts not cause for an automatic continuance or is it alone a ground for claiming abuse of discretion by trial court in dismissing the action with prejudice? | 029213.docx | LEGALEASE-00136585-LEGALEASE-00136586 | Condensed, SA, Sub | 0.33 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2960 | Hollywood Mgmt. Co. v. Andres, 41 Ill. App. 3d 823 | 307A+716 | Rule 6.1(a) of the Rules of Practice of the Circuit Court of Cook County, adopted May 3, 1971, pursuant to Supreme Court Rule 21 (Ill.Rev.Stat., 1975, ch. 110A, par. 21), states:"Continuances"(a) Attorney engaged. A party shall be entitled to a continuance on the ground that his attorney (who filed his trial appearance at the pretrial conference) is actually engaged in another trial or hearing, but only for the duration of the particular trial or hearing in which the attorney then is engaged. No trial will be continued a second time upon the motion of the same party on the ground of prior engagement of his attorney.'This provision allows a party a first continuance as a matter of right when his attorney is actually engaged in another trial. See Johnson v. Safeway Insurance Co. (1975), 29 Ill.App.3d 520, 331 N.E.2d 155. | Under rule of practice governing continuances, a party is allowed a first continuance as a matter of right when his attorney is actually engaged in another trial. Supreme Court Rules, rule 21, S.H.A. ch. 110A, S 21. | "Under rule of practice governing continuances, is a party allowed a first continuance as a matter of right when his attorney is actually engaged in another trial?" | 029288.docx | LEGALEASE-00136601-LEGALEASE-00136602 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 2961 | In re Posadas USA, 100 S.W.3d 254 | 307A+716 | The trial court has wide discretion in granting or denying a motion for continuance. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.1986). When the ground for a continuance is withdrawal of counsel, the movant must show that the lack of counsel is not due to their own fault or negligence. Id. When an attorney is permitted to withdraw, the trial court must give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial. Id. | When an attorney is permitted to withdraw, the trial court must give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial. | "When an attorney is permitted to withdraw, must the trial court give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial?" | Pretrial Procedure - Memo # 3301 - C - SU.docx | LEGALEASE-00026165-LEGALEASE-00026166 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 2962 | Computize v. NHS Commc'ns Grp., 992 S.W.2d 608 | 307A+716 | When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. Villegas, 711 S.W.2d at 626 (citing Lowe v. City of Arlington, 453 S.W.2d 379, 382 (Tex.Civ.App.-Fort Worth 1970, writ ref'd n.r.e.); Stefanov v. Ceips, 395 S.W.2d 663, 665 (Tex.Civ.App.-Amarillo 1965, no writ); Leija v. Concha, 39 S.W.2d 948, 950 (Tex.Civ.App.-El Paso 1931, no writ)).The attorney for Computize and PCT was allowed to withdraw on February 3, 1998. Computize and PCT contend they were unaware that the corporations could not appear pro se. There is no indication in the record of whether the withdrawing attorney informed Computize and PCT of the need to secure another attorney. The record shows that NHS knew that the presidents were not attorneys, but did not bring it to the attention of the trial court until just before the submission deadline set by the trial court. In the interim, NHS chose not to object to the pro se pleadings. The motion for continuance was filed two days after the submission deadline and was overruled. | When a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial. | "When an attorney is permitted to withdraw, must the trial court give the party time to secure new counsel and time for new counsel to investigate the case and prepare for trial?" | 029305.docx | LEGALEASE-00136432-LEGALEASE-00136433 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 2963 | Dobbelaere v. Cosco, 120 Ohio App. 3d 232 | 307A+483 | "It is settled law in Ohio that unanswered requests for admission render the matter requested conclusively established for the purpose of the suit, Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052, and a motion for summary judgment may be based on such admitted matter. Weva Oil Corp. v. Belco Petroleum Corp. (1975), 68 F.R.D. 663; Luick v. Graybar Elec. Co. (1973), 473 F.2d 1360; First Natl. Bank Co. v. Ins. Co. (1979), 606 F.2d 760; St. Paul Fire & Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261, 73 O.O.2d 291, 337 N.E.2d 806. Failure to answer is not excused because the matters requested to be admitted are central or noncentral to the case or must be proven by the requesting party at trial. See Youssef v. Jones (1991), 77 Ohio App.3d 500, 602 N.E.2d 1176." Klesch v. Reid (1994), 95 Ohio App.3d 664, 674, 643 N.E.2d 571, 577-578; T & S Lumber Co. v. Alta Constr. Co. (1984), 19 Ohio App.3d 241, 243-244, 19 OBR 393, 394-397, 483 N.E.2d 1216, 1218-1220. "[W]here a party files a written request for admission[,] a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 36 and also satisfies the written answer requirement of Civ.R. 56(C) in the case of a summary judgment." Id. at 675, 643 N.E.2d at 578. | Where party files written request for admission, failure of opposing party to timely answer request constitutes conclusive admission, and also satisfies written answer requirement of summary judgment rule. Rules Civ.Proc., Rules 36, 56(C). | "Where a party files a written request for admission, does failure of the opposing party to timely answer request constitute a conclusive admission and also satisfies the written answer requirement?" | 029767.docx | LEGALEASE-00136229-LEGALEASE-00136230 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 2964 | State Farm Fire & Cas. Co. v. Hatherley, 250 Ill. App. 3d 333 | 307A+476 | In the present case, the underlying complaint alleged that the unit was damaged by defendant's removal of certain improvements. This allegation, if true, would exclude defendant from coverage under the policy based on exclusion 1a. (See Associated Indemnity Co. v. Insurance Co. of North America (1979), 68 Ill.App.3d 807, 817, 25 Ill.Dec. 258, 386 N.E.2d 529.) Prior to the hearing, plaintiff filed a request for defendant to either admit or deny that he removed several improvements from the unit. However, defendant did not respond. Pursuant to Supreme Court Rule 216 (134 Ill.2d R. 216), a party must respond or object to a request to admit facts within 28 days following service of the request, otherwise such facts may be deemed admitted. (Deboe v. Flick (1988), 172 Ill.App.3d 673, 677, 122 Ill.Dec. 520, 526 N.E.2d 913.) Hence, we hold that the trial court properly found that plaintiff had no obligation to defend defendant in the underlying suit. | Party must respond or object to request to admit facts within 28 days following service of request, otherwise such facts may be deemed admitted. Sup.Ct.Rules, Rule 216. | "Must a party respond or object to request to admit facts within 28 days following service of the request, otherwise such facts may be deemed admitted?" | 029786.docx | LEGALEASE-00136621-LEGALEASE-00136622 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2965 | J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 307A+476 | Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted under Rule 36 of the North Carolina Rules of Civil Procedure. Town of Chapel Hill v. Burchette, 100 N.C.App. 157, 162, 394 S.E.2d 698, 701 (1990); see also N.C. Gen.Stat. " 1A"1, Rule 36(a) (2009) ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney...."). Rule 36 "means precisely what it says [i.e.,] [i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Burchette, 100 N.C.App. at 162, 394 S.E.2d at 701 (internal quotation marks and citation omitted). Failure to do so means that the facts in question are judicially established. Id. Subsection (b) provides, in pertinent part: (b) Effect of admission."Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request; failure to do so means that the facts in question are judicially established. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "In order to avoid having request for admissions deemed admitted, must a party respond within the period of the rule if there is any objection whatsoever to the request?" | 029932.docx | LEGALEASE-00136046-LEGALEASE-00136048 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 2966 | Whirlpool Corp. v. Camacho, 251 S.W.3d 88 | 307A+331 | To raise the spoliation issue, the party seeking the presumption bears the burden of establishing that the alleged spoliator had a duty to preserve the evidence in question. Johnson, 106 S.W.3d at 722. This duty to preserve evidence arises when a party knows or reasonably should know (1) that there is a substantial chance that a claim will be filed, and (2) that evidence in its possession or control will be material and relevant to that claim. Id. A trial court may be guided by the following three factors in determining whether sanctions or a spoliation presumption are justified: (1) whether there was a duty to preserve evidence; (2) whether the alleged spoliator either negligently or intentionally spoliated evidence; and (3) whether the spoliation prejudiced the nonspoliator's ability to present its case or defense. Trevino, 969 S.W.2d at 954"55 (Baker, J., concurring) | A duty to preserve evidence arises when a party knows or reasonably should know (1) that there is a substantial chance that a claim will be filed, and (2) that evidence in its possession or control will be material and relevant to that claim. | "Does a duty to preserve evidence arise when a party knows or reasonably should know that there is a substantial chance that a claim will be filed, and that the evidence in its possession or control will be material and relevant to that claim?" | 030268.docx | LEGALEASE-00136682-LEGALEASE-00136683 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 2967 | Smith v. Circle P Ranch Co., 150 Cal. Rptr. 828 | 307A+485 | The amount which may properly be assessed as sanctions is limited to those fees and expenses related to a particular abuse of discovery; no assessment may be made for expenses unrelated to the specific grounds of the motion before the court. (Welgoss v. End (1967) 252 Cal.App.2d 982, 991-992, 61 Cal.Rptr. 52.) Under section 2034, subdivision (c), the moving party is entitled to recover reasonable expenses, including attorney's fees, incurred in proving the truth of certain matters of fact and/or the genuineness of certain photographs which were deemed to be of substantial importance and which defendants denied without good reason. | The amount which may properly be assessed as sanctions is limited to those fees and expenses related to a particular abuse of discovery; no assessment may be made for expenses unrelated to specific grounds of motion before court. West's Ann.Code Civ.Proc. S 2034(c). | "Is the amount which may properly be assessed as sanctions, limited to those fees and expenses related to a particular abuse of discovery?" | 030335.docx | LEGALEASE-00136455-LEGALEASE-00136456 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 2968 | Albitus v. Farmers & Merchants Bank, 159 Ga. App. 406 | 307A+483 | If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw the admissions resulting from a failure to answer, the matter stands admitted. Strickland v. C. & S. Nat. Bank, 137 Ga.App. 538(1), 224 S.E.2d 504 (1976); Booker v. Southern Steel & Aluminum Products, 150 Ga.App. 306, 307, 257 S.E.2d 375 (1979). "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." (Emphasis supplied.) Code Ann. " 81A"136(b); Nat. Bank of Ga. v. Merritt, 130 Ga.App. 85(1), 202 S.E.2d 193 (1973); Porter v. Murlas Bros. Commodities, 134 Ga.App. 96(1), 213 S.E.2d 190 (1975). | If party served with request for admission does not serve answer or objection and does not move for extension of time or to withdraw admissions resulting from failure to answer, matter stands admitted. Code, S 81A-136. | "If a party served with a request for admission does not serve an answer or objection and does not move for an extension of time or to withdraw admissions resulting from failure to answer, does the matter stand admitted?" | Pretrial Procedure - Memo # 4104 - C - PC.docx | LEGALEASE-00026676-LEGALEASE-00026677 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 2969 | Masterson v. Hogue, 842 S.W.2d 696 | 307A+483 | Untimely answered Requests are automatically deemed admitted and constitute judicial admissions; the responding parties cannot thereafter introduce proof to controvert them. Marshall v. Vise, 767 S.W.2d 699, 700 (Tex.1989). Appellants filed no motion to withdraw the deemed admissions for good cause as authorized by Rule 169 2. Therefore, appellants failed as a matter of law to raise a fact issue on their resulting trust claim, because they offered no summary judgment evidence to rebut the strong presumption of gift, but, on the contrary, were each deemed to have admitted that the claimed contributions by the decedent's parents were gifts to him. | Untimely answered requests for admissions are automatically deemed admitted and constitute judicial admissions; responding parties cannot thereafter introduce proof to controvert them. | Are untimely answered requests for admissions automatically deemed admitted and constitute judicial admissions and responding parties cannot thereafter introduce proof to controvert them? | Pretrial Procedure - Memo # 4115 - C - VP.docx | ROSS-003291737-ROSS-003291738 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2970 | Pemberton v. Tieman, 117 Ill. App. 3d 502 | 307A+91 | In seeking to depose Dr. Zydlo, plaintiff relied on Supreme Court Rule 202, which provides that "[a]ny party may take the testimony of any party by deposition upon oral examination for the purpose of discovery " (87 Ill.2d R. 202) and Rule 204(a)(3) stating that "[s]ervice of notice of the taking of the deposition of a person who is currently an officer, director, or employee of a party is sufficient to require the appearance of the deponent " (87 Ill.2d R. 204(a)(3)). It is well established that discovery is to be "a mechanism for the ascertainment of truth, for the purpose of promoting either a fair settlement or a fair trial." (Ostendorf v. International Harvester Co. (1982), 89 Ill.2d 273, 282, 60 Ill.Dec. 456, 465, 433 N.E.2d 253, 257.) To this end, the object of all discovery procedures is disclosure (Buehler v. Whalen (1977), 70 Ill.2d 51, 15 Ill.Dec. 852, 374 N.E.2d 460), and the right of any party to a discovery deposition is "basic and fundamental" (Slatten v. City of Chicago (1973), 12 Ill.App.3d 808, 813, 299 N.E.2d 442, 445); however, that right is limited to disclosure regarding matters relevant to the subject matter of the pending action (Redmond v. Central Community Hospital (1978), 65 Ill.App.3d 669, 21 Ill.Dec. 801, 382 N.E.2d 95; Harris Trust & Savings Bank v. Joanna-Western Mills Co. (1977), 53 Ill.App.3d 542, 11 Ill.Dec. 78, 368 N.E.2d 629). Nevertheless, great latitude is allowed in the scope of discovery (Elliot v. Board of Education of the City of Chicago (1975), 31 Ill.App.3d 355, 335 N.E.2d 33), and the concept of relevance is broader for discovery purposes than for purposes of the admission of evidence at trial, since it includes not only what is admissible at trial but also that which leads to what is admissible (Mistler v. Mancini (1982), 111 Ill.App.3d 228, 67 Ill.Dec. 1, 443 N.E.2d 1125). For this reason, "[r]elevancy is determined by reference to the issues, for generally, something is relevant if it tends to prove or disprove something in issue." (Bauter v. Reding (1979), 68 | To end of ascertainment of truth, for purpose of promoting either fair settlement or fair trial, object of all discovery procedures is disclosure, and right of any party to discovery deposition is "basic and fundamental"; however, that right is limited to disclosure regarding matters relevant to subject matter of pending action. | "To end of ascertainment of truth, is the object of all discovery procedures disclosure, and right of any party to discovery deposition is ""basic and fundamental""?" | Pretrial Procedure - Memo # 4430 - C - PC.docx | ROSS-003288682-ROSS-003288684 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 2971 | Weitz v. Wolfe, 28 Neb. 500 | 83E+431 | Where the payee of a negotiable promissory note sells the same with the following written on the back of it, "I guaranty the payment of the within note, waiving demand and notice of protest," which is signed by the payee, held to constitute an indorsement, and that the maker and indorser may be joined in an action on said note. "In an action at law, to obtain a review of errors which have occurred during the progress of a trial, they must be assigned in a motion for a new trial." Manning v. Cunningham, 21 Neb. 288, 31 N. W. Rep. 933. | The payee of a negotiable note sold the same with the following writing on the back of the note: "I guaranty the payment of the within note, waiving demand and notice of protest." Held an indorsement, and the maker and indorser might be joined in an action on said note. | "Whether a writing on the back of a negotiable promissory note, Demand, notice, and protest waived, and payment guarantied, signed by the payee of the note, is an indorsement?" | 009413.docx | LEGALEASE-00137690-LEGALEASE-00137691 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 2972 | Mauricio v. Mendez, 723 S.W.2d 296 | 8.30E+56 | But this does not mean that the writing is not a promissory note. It is possible to have a non-negotiable note. See " 3.104(c). Whether the instrument is negotiable or not is irrelevant, since the suit here is between the original parties to the instrument. The written agreement contains an unconditional promise to pay plaintiff at least a certain sum of money each month. It is, therefore, in the form of a note. See Wexel v. Cameron Grier & Co., 31 Tex. 617 (1869); 11 Am.Jur.2d, "Bills and Notes", " 21 (1963). | Written agreement providing for payment of balance due on sale of equipment that contained unconditional promise to pay seller at least certain sum of money each month was in form of "note." | Is a written agreement providing for payment of balance due on sale that contained unconditional promise to pay seller a sum of money each month in the form of note? | Bills and Notes- Memo 318-VP.docx | ROSS-003302618-ROSS-003302619 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 2973 | State v. Easton, 69 Wash. 2d 965 | 8.30E+76 | Did the fact that payment was stopped upon the check render it valueless? The answer is no. The "instrument" (the statutory term) here involved is perhaps the most negotiable of negotiable instruments-a a United States Treasury check. The issuance of the stop payment notice by the Treasury Department neither affected the negotiability of the check nor discharged the Treasury Department's liability thereon. A holder in due course could enforce payment for the full amount thereof. RCW 62.01.057; 11 Am.Jur.2d Bills and Notes s 398.1 Neither did the fact that the check had been stolen impair its negotiability. Angus v. Downs, 85 Wash. 75, 147 P. 630, L.R.A.1915E, 351 (1915).2 | Treasury department's issuance of stop payment notice neither affected negotiability of social security check nor discharged treasury department's liability thereon; holder in due course could enforce payment for full amount thereof. RCWA 62A.3-305. | Can a check remain negotiable by a holder in due course and be enforced after the issuance of stop payment order? | 010872.docx | LEGALEASE-00137873-LEGALEASE-00137874 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 2974 | Hobbs v. Va. Nat'l Bank, 147 Va. 802 | 289+497 | It is settled that the common report, or general reputation, is not admissible upon an issue of general partnership, and cannot be used to prove an actual partnership. It seems, however, to be also well settled that when it is sought to hold a person as a partner by estoppel, general reputation is admissible if known to him, or brought about with his consent, or by his acts. Wigmore on Evidence, section 1624; L.R.A. 1918D, pages 510-513. In the case of Anfenson v. Banks, 180 Iowa 1066, 163 N.W. 608, to which the citation just made is an annotation, depositors in a bank sought to hold the defendant as an ostensible partner in a banking concern because the bank had issued a circular in which it was stated that the defendant was interested in the bank, and upon which circular the depositors had relied. It appeared that the defendant was not an actual partner, and that the circular was issued without his authority, and that he had no knowledge of it. Under these circumstances, the court held the defendant not liable, in an opinion of some length. It is there stated: "No man is to be held responsible for the truth or falsity of a current report or reputation concerning himself, or his business, unless he has given rise thereto by his own conduct, or the existence thereof has been brought to his knowledge in such manner that in equity and good conscience he should meet it with a denial." See also Cook v. Coleman, 90 W.Va. 748, 111 S.E. 750; Barnett Bank v. Chiatovich (Nev.), 48 Nev. 319, 232 P. 206; Irvine v. Baxter Stove Co., 70 Ind. App. 105, 123 N.E. 185; Bedell v. Morris, 63 Cal. App. 453, 218 P. 769; and Martin & Co. v. Maggard, 206 Ky. 558, 267 S.W. 1102. | It is settled that the common report, or general reputation, is not admissible upon an issue of general partnership, and cannot be used to prove an actual partnership. It seems, however, to be also well settled that when it is sought to hold a person as a partner by estoppel, general reputation is admissible if known to him, or brought about with his consent, or by his acts. | Is general reputation admissible as evidence to prove partnership? | Partnership - Memo 333 - SNP.docx | ROSS-003290547-ROSS-003290548 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2975 | Components Direct v. European Am. Bank & Tr. Co., 175 A.D.2d 227 | 302+8(1) | In examining the sufficiency of a complaint, the challenged pleading is to be construed liberally (see, CPLR 3026). The pleading is deemed to allege whatever can be implied from its statements by fair and reasonable intendment (see, Cohn v. Lionel Corp., 21 N.Y.2d 559, 289 N.Y.S.2d 404, 236 N.E.2d 634; Kain v. Larkin, 141 N.Y. 144, 36 N.E. 9). Although the statements in pleadings are required to be factual, "a party may supplement or round out his pleading by conclusory allegations or by "stating legal theories explicitly" if the facts upon which the pleader relies are also stated" (Foley v. D'Agostino, 21 A.D.2d 60, 63, 248 N.Y.S.2d 121, quoting Notes, First Preliminary Report of Advisory Committee on Practice and Procedure, at 63 [1957] ). Any deficiency on the face of the complaint as to lack of details in pleading the facts and circumstances relied upon may be cured by affidavit submitted by the plaintiff, resort to which is proper for the limited purpose of sustaining a pleading against a motion to dismiss under CPLR 3211(a)(7) (see, Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 389 N.Y.S.2d 314, 357 N.E.2d 970; Ackerman v. Vertical Club Corp., 94 A.D.2d 665, 462 N.Y.S.2d 657). | Although statements in pleadings are required to be factual, party may supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly, if facts upon which pleader relies are also stated. | Can a party supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly? | Pleading - Memo 342 - RMM.docx | ROSS-003290255-ROSS-003290256 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 2976 | Moore v. Dudley, 31 Kan. App. 2d 184 | 307A+749.1 | K.S.A.2001 Supp. 60-216(e) provides that a pretrial order controls the future course of the case: "[T]his order shall control the subsequent course of action unless modified by a subsequent order." This statute bestows broad discretionary power upon the trial court in controlling the course of the action. Boyle v. Harries, 22 Kan.App.2d 686, 690, 923 P.2d 504 (1996). The court in Burkhart v. Philsco Products Co., 241 Kan. 562, 565, 738 P.2d 433 (1987), stated that the pretrial conference and order " "are provided to acquaint each party in advance of trial with the factual contentions of the opposite parties as to matters in dispute. The opportunity for maneuver and surprise during the trial is reduced." ". | Statute which states that a pretrial order controls the future course of the case bestows broad discretionary power upon the trial court in controlling the course of the action. K.S.A. 60-216(e). | Does a statute which state that a pretrial order controls the subsequent course of the case bestows broad discretionary power upon the trial court? | Pretrial Procedure - Memo # 4031 - C - KBM.docx | ROSS-003291063-ROSS-003291064 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 2977 | Boyter v. MCR Const. Co., 673 S.W.2d 938 | 307A+483 | Request number 20(b) states "Plaintiff in fact relied upon such misrepresentation in entering into the Agreement." Request number 36 states "The Plaintiff relied upon your representations as to your ability and expertise in entering into the agreement with you." These requests seek an admission from Boyter (the defendant) concerning plaintiff's state of mind, since reliance on a representation involves belief in and action upon the representation. See Texas Employers Insurance Association v. Kelly, 261 S.W.2d 480, 483 (Tex.Civ.App."Galveston 1953, no writ). Requests for admissions directed to one party concerning another's state of mind seek to elicit inadmissible opinions and cannot be deemed admitted. Taylor v. Lewis, 553 S.W.2d at 161. | Request for admission directed to one party concerning another's state of mind seeks to elicit inadmissible opinions and cannot be deemed admitted. | Does a request for admission directed to one party concerning another's state of mind seek to elicit inadmissible opinions and cannot be deemed admitted? | 030553.docx | LEGALEASE-00137788-LEGALEASE-00137789 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 2978 | Godfrey v. Godfrey, 854 P.2d 585 | 134+145 | The court continued the trial until the morning of October 11. After hearing Mrs. Godfrey's own testimony concerning the matter, the trial court found that, "based upon the medical evidence and the Court's observation of [Mrs. Godfrey's] apparent ability to participate in the trial and assist counsel," the continuance was unnecessary. The court did make provisions to accommodate Mrs. Godfrey in case the illness forced her to leave suddenly. Moreover, the record reveals the parties adequately presented all of the issues to the trial court despite the illness. We believe the trial court acted reasonably and that Mrs. Godfrey was not prejudiced by going forward with the trial. Accordingly, we find no abuse of discretion in the court's refusal to grant further continuance of the trial. | After trial court granted one-day continuance in divorce proceeding due to persistent vomiting and diarrhea experienced by wife prior to trial, trial court did not abuse its discretion in refusing to grant further continuance, where court made provisions to accommodate wife, in case illness forced her to leave suddenly, and parties adequately presented all issues to court despite wife's illness. Rules Civ.Proc., Rule 40(b). | Can the court abuse its discretion in refusing to grant further continuance after granting one day continuance due to illness experienced prior to trial? | 031000.docx | LEGALEASE-00137571-LEGALEASE-00137572 | Condensed, SA, Sub | 0.46 | 0 | 1 | 1 | 1 | 1 |
| 2979 | Green v. Selznick, 220 A.D. 12 | 307A+91 | Under section 288 of the Civil Practice Act a party to an action is entitled to an examination of his adversary before trial upon facts which are material and necessary to establish his cause of action or affirmative defense. Since the enactment of the Civil Practice Act the courts have repeatedly held that section 288 thereof should receive a liberal construction to the end that the involved technical practice followed under section 870 of the Code of Civil Procedure may not restrict the valuable right of examination before trial. Marine Trust Co., of Buffalo, v. Nuway Devices, 204 App. Div. 752, 198 N. Y. S. 715; National Fire Ins. Co., of Hartford, Conn., v. Shearman, 209 App. Div. 538, 204 N. Y. S. 673; Fulton v. National Aniline & Chemical Co., 214 App. Div. 846, 211 N. Y. S. 769. | Civil Practice Act, S 288, entitling party to examine his adversary before trial on facts material and necessary to establish his cause of action or affirmative defense, should be liberally construed. | Is a party to an action entitled to an examination of his adversary before trial upon facts which are material and necessary to establish his cause of action or affirmative defense? | Pretrial Procedure - Memo # 4690 - C - SB.docx | ROSS-003304236-ROSS-003304237 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 2980 | Moran v. Superior Court in & for Sacramento Cty., 38 Cal. App. 2d 328 | 307A+12 | It has been held that mandamus is the proper proceeding to require the issuance of a commission to take testimony out of the state. San Francisco Gas & Elec. Co. v. Superior Court, 155 Cal. 30, 39, 99 P. 359, 17 Ann.Cas. 933; Levin v. Superior Court, 139 Cal.App. 693, 34 P.2d 832. The statute authorizing the taking of depositions to be used in pending trials should be liberally construed to the end that a litigant in a pending action may be afforded a reasonable opportunity to procure available testimony in support of his cause. Pollak v. Superior Court, 197 Cal. 389, 240 P. 1006. That opportunity, under some circumstances, might prevent a miscarriage of justice. It is true a trial judge should possess a sound discretion to grant or deny a motion for a commission to take testimony in another state, to be used on a motion for new trial, when there is a conflict of evidence with respect to the exercise of diligence. But when a prima facie showing of diligence has been established, in the absence of counteraffidavits or evidence to the contrary, it seems clear that a commission should issue. There was no showing of a lack of diligence in the present case. | The statute authorizing the taking of depositions to be used in pending trials should be liberally construed to the end that a litigant in a pending action may be afforded a reasonable opportunity to procure available testimony in support of his cause. Code Civ.Proc. S 2020. | Should the statute authorizing the taking of depositions used in pending trials be liberally construed? | 031388.docx | LEGALEASE-00137814-LEGALEASE-00137815 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2981 | Paterno v. Superior Court, 163 Cal. App. 4th 1342 | 307A+36.1 | Accordingly, plaintiffs who bring defamation actions subject to the constitutional malice standard cannot show good cause for discovery on the question of actual malice without making a prima facie showing that the defendant's published statements contain provably false factual assertions. Trial judges should refrain from ordering "unnecessary, expensive and burdensome" discovery proceedings "if it appears from the SLAPP motion there are significant issues as to falsity or publication"issues which the plaintiff should be able to establish without discovery.." (Garment Workers Center v. Superior Court (2004) 117 Cal.App.4th 1156, 1162, 12 Cal.Rptr.3d 506 (Garment Workers) [no "good cause" for discovery under " 425.16, subd. (g), on issue of actual malice because trial court failed to determine whether defendant's allegedly defamatory statements were false].). | Trial judges should refrain from ordering unnecessary, expensive, and burdensome discovery proceedings in defamation actions if it appears from the strategic lawsuit against public participation (SLAPP) motion that there are significant issues as to falsity or publication, which the plaintiff should be able to establish without discovery. West's Ann.Cal.C.C.P. S 425.16(g); West's Ann.Cal.Civ.Code S 45. | "Should trial judges refrain from ordering unnecessary, expensive, and burdensome discovery proceedings in defamation actions?" | 031415.docx | LEGALEASE-00137964-LEGALEASE-00137965 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 2982 | Valley Baptist Med. Ctr. v. Gonzalez, 18 S.W.3d 673 | 307A+24 | Rule 202 governs all pre-suit discovery, combining the old rules regarding depositions to perpetuate testimony (former tex.R. Civ. P. 7) and bills of discovery (former tex.R. Civ. P. 737). Rule 202 contains detailed pleading and notice requirements. tex.R. Civ. P. 202.2"202.3. Any order allowing a deposition to be taken under this rule must be based on specific findings by the trial court. Id. at 202.4. The trial court must find that: (1) allowing the petitioner to take the deposition may prevent a failure or delay of justice in an anticipated suit, or, (2) the likely benefit of allowing the petitioner to take the deposition outweighs the burden or expense of the procedure. Id. at 202.4(a). The order must also contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure, and the court may restrict or prohibit the use of a deposition taken under the rule in a subsequent suit to protect a person not served with notice or to prevent the abuse of this rule. Commentators have predicted that the use of the Rule 202 pre-suit discovery procedure will gain popularity as sanctions for filing frivolous or groundless lawsuits become increasingly common. See michael O'Connor, Diane M. Guariglia & Professor Byron Davis, o'Connor's Texas Rules Civil Trials 1999, Commentaries, " 14 at 350 (1998). | Order under civil procedure rule authorizing the taking of an oral or written deposition to either perpetuate testimony for use in an anticipated suit, or to investigate a potential claim or suit, must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure, and the court may restrict or prohibit the use of a deposition taken under the rule in a subsequent suit to protect a person not served with notice or to prevent the abuse of rule. Vernon's Ann.Texas Rules Civ.Proc., Rule 202.1. | Does any rule prohibit innovative procedures for recording depositions so long as the basic protection provided for all parties is preserved? | 031927.docx | LEGALEASE-00137942-LEGALEASE-00137943 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 2983 | Necchi Sewing Mach. Sales Corp. v. Sewline Co., 194 F. Supp. 602 | 170B+2787 | Defenses (2), (3) and (5) are also related and will be considered together. It is clear that under the Federal Arbitration Act, specifically9 U.S.C. " 4, 1954 Amendment, that a party may, by entering into an arbitration agreement subject himself in advance to the jurisdiction of the court within whose territorial jurisdiction the arbitration proceedings are to be had. Such submission waives any objection to venue. The only question remaining here is whether service of process effected personal jurisdiction over respondent. This question is answered by the case of Farr & Co. v. Cia Intercontinental de Navegacion, 2 Cir., 1957, 243 F.2d 342. In that case service on a nonresident respondent in a proceeding to compel arbitration was upheld when effected by registered mail. Here, service by registered mail under a court order was similarly effected. Respondent argues that service was not in accordance with the order of the court since the process was not received until 2 days after the date provided for in the order. However, the proof of service on file shows that the process was mailed within the time limited by the order. By respondent's own admission, the process was received eleven days prior to the return date. Only five days notice is required by the statute. Under these circumstances, the service is valid . | Party by entering into arbitration agreement subjects himself in advance to jurisdiction of court within whose territorial jurisdiction arbitration proceedings are to be had, and such submission would waive any objection to venue. 9 U.S.C.A. S 4. | Whether objection to venue can be waived if the party in an arbitration agreement subjects himself in advance to jurisdiction of the court within whose territorial jurisdiction arbitration proceeding to be held? | 007586.docx | LEGALEASE-00138979-LEGALEASE-00138980 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 2984 | Pelletier v. Yellow Transp., 549 F.3d 578 | 25T+151 | The distinction, while subtle, is correct. The DRA does not expressly define or limit Yellow's "right" to terminate. Instead, the DRA only defines the forum for all disputes concerning the right to termination. As the Third Circuit has noted in another context, "a contractual clause selecting either a judicial or an arbitral forum for the resolution of disputes establishes a legal right which is analytically distinct from the rights being asserted in the dispute to which it is addressed." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 195 (3d Cir.1983), overruled on other grounds by Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (emphasis added). Thus, the merger clause, which precludes agreements over the parties' "right to terminate," does not nullify the DRA, which only deals with the mechanism for resolving disputes. | Contractual clause selecting either judicial or arbitral forum for resolution of disputes establishes legal right which is analytically distinct from rights being asserted in dispute to which it is addressed. | Whether acontractual clause selecting either judicial or arbitral forum for resolution of disputes establishes legal right distinct from rights being asserted in dispute to which it is addressed? | 007590.docx | LEGALEASE-00138988-LEGALEASE-00138990 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 2985 | Brown v. Cain, 56 F. Supp. 56 | 34+21.1 | The relator has been since December 21, 1942, an enrolled temporary member of the Coast Guard Reserve, with the rating of Boatswain's Mate, First Class. As such he was a member of the Armed Forces of the United States.On June 16, 1943, he was on guard duty in the No. 4 yard of the Sun Shipbuilding plant and was at that time in charge of the Coast Guard detail in the area consisting of some 20 enlisted men. | An enrolled temporary member of Coast Guard Reserve with rating of Boatswain's Mate, First Class, was a member of armed forces of the United States. | "Is an enrolled temporary member of the Coast Guard Reserve, with the rating of Boatswain's Mate, First Class a member of the Armed Forces of the United States?" | 008601.docx | LEGALEASE-00138742-LEGALEASE-00138743 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2986 | Norman v. Cummings, 73 S.D. 559 | 200+182 | SDC 28.0912 provides that it shall be unlawful for any person "to injure such highway in any manner". Under SDC 28.9909 it is unlawful to place any obstruction upon any highway. These statutes do not abrogate the common right of the public, granted by law, to make reasonable use of the highways for usual and ordinary transportation. 40 C.J.S., Highways, " 233. If as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes the duty of the duly authorized public authorities to provide the remedy, but no liability attaches to the user as a result of such use, either to the public highway authorities for damages to the highway (40 C.J.S., Highways, " 233; 29 C.J., Highways, " 410; Winston & Co. v. Clark County, 178 Ky. 447, 199 S.W. 51; Sumner County v. Interurban Transp. Co., 141 Tenn. 493, 213 S.W. 412, 5 A.L.R. 765) or to other travelers on the ground of negligence. Solberg v. Schlosser, 20 N.D. 307, 127 N.W. 91, 30 L.R.A., N.S., 1111. | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | When does no liability attaches to the user as a result of the use of highway? | Highways- Memo 119-ANM.docx | ROSS-003316324-ROSS-003316325 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 2987 | State Highway Comm'n v. Stadler, 158 Kan. 289 | 200+182 | Under statute providing that person causing injury to highway or highway structure shall be responsible for all damage which the highway or structure may sustain as result of conduct prohibited by the statute, the proper measure of damages for destruction of highway or highway structure is actual amount it would take to replace the highway or highway structure at time it was destroyed. Gen.St.Supp. 1943, 8-5,124. | Under statute providing that person causing injury to highway or highway structure shall be responsible for all damage which the highway or structure may sustain as result of conduct prohibited by the statute, the proper measure of damages for destruction of highway or highway structure is actual amount it would take to replace the highway or highway structure at time it was destroyed. Gen.St.Supp.1943, 8-5,124. | Would a person causing damage to the highway be held liable? | 018980.docx | LEGALEASE-00138716-LEGALEASE-00138717 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 2988 | Matter of Est. of Katschor, 543 P.2d 560 | 30+4193 | A continuance based on the absence of a witness or of evidence expected to be given by him is properly refused where the applicant fails to use due diligence to procure the witness or obtain his testimony by deposition. Danciger Oil & Ref. Co. v. Wayman, 169 Okl. 534, 37 P.2d 976, 978, 97 A.L.R. 854 (1934). Brown v. Chaddick, 197 Okl. 515, 172 P.2d 996 (1946). However, the issuance and service of a subpoena on a non-appearing material witness constitutes a sufficient showing of diligence entitling a party needing such testimony to a continuance until it can be secured. Where a party has acted in a timely and diligent manner, refusal to continue a case to permit the taking of a deposition authorized by statute is prejudicial error. Western Union Teleg. Co. v. Williams, 129 Ky. 515, 112 S.W. 651 (1908); 17 Am.Jur.2d Continuance s 10 p. 128. | Where party has acted in a timely and diligent manner, refusal to continue a case to permit the taking of a deposition authorized by statute is prejudicial error. 12 O.S.1971, SS 383, 439, 667. | "Where a party has acted in a timely and diligent manner, is the refusal to continue a case to permit the taking of a deposition authorized by statute prejudicial error?" | 030831.docx | LEGALEASE-00138586-LEGALEASE-00138587 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2989 | Howard v. Hubertson, 1 Haw. 45 | 307A+723.1 | At least two days' notice of an intended application to put off a trial should be given to the plaintiff's attorney, with a copy of the affidavit to be produced as a foundation for the motion, if the necessity for it was at the time known to the defendant. When the ground of the application is the absence of a material witness, the affidavit should state the name of the witness, the facts he is expected to prove, and that without his testimony the defendant cannot safely proceed to trial. It should also state what exertions have been used to procure the desired evidence, and at what time the witness is expected to return. Where the adverse party admits, that the absent witness would, if present, testify to the facts stated in the affidavit, a continuance will not be granted. The plaintiff's counsel admitted the facts which the defendant stated that he expected to prove by the absent witness, and the Court ruled the parties to proceed to trial. | At least two days' notice of an intended application to put off a trial should be given to plaintiff's attorney with a copy of the affidavit to be produced as a foundation for the motion if the necessity for the motion was known to defendant. | Should at least two days' notice of an intended application to put off a trial be given to a plaintiff's attorney? | 030887.docx | LEGALEASE-00138812-LEGALEASE-00138813 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 2990 | State ex rel. Woodard v. Dist. Court of Fourteenth Judicial Dist., 120 Mont. 585 | 307A+74 | Whether a deposition be taken in a proceeding to perpetuate testimony, or in any other matter or case where depositions may be taken, it appears that an issue should be tendered by the affidavit, application or complaint, sufficiently definite to disclose that the testimony sought is relevant and pertinent to the framed or proposed issue. What is said in this regard is because in the arguments and briefs herein, counsel devote quite some part thereof to the right to compel the witnesses named in the application to bring before the magistrate their records, books and papers. In the case at bar however, no subpoena ducestecum was issued,"merely a notice and demand to the proposed witnesses to appear with such records. The order of the district court allowing the examination of the witnesses contained no such requirement and in this respect it was correct. The only order the court makes is the one prescribed in the statute, allowing the examination, and designating the officer named before whom the deposition is to be taken, and directing the notice thereof to be given the named adverse parties. The process by which the attendance of the witness is required is by a subpoena. Sec. 10618, Rev. Codes. | Whether depositions are taken in proceeding to perpetuate testimony or in any other case wherein depositions may be taken, affidavit, application or complaint should tender issue sufficiently definite to disclose that testimony sought is relevant to framed or proposed issue. Rev.Codes, 1935, SS 10673-10675, 10686-10692. | Should an application or complaint tender an issue sufficiently definite to disclose that testimony sought is relevant? | 031805.docx | LEGALEASE-00138338-LEGALEASE-00138339 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 2991 | Globe Newspaper Co. v. King, 658 So. 2d 518 | 307A+36.1 | Statute governing pleading of punitive damages claims creates substantive legal right not to be subject to punitive damages claim and ensuing financial worth discovery until trial court makes determination that there is reasonable evidentiary basis for recovery of punitive damages. In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted. We read section 768.72 to create a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages. | Statute governing pleading of punitive damages claims creates substantive legal right not to be subject to punitive damages claim and ensuing financial worth discovery until trial court makes determination that there is reasonable evidentiary basis for recovery of punitive damages. West's F.S.A. S 768.72. | Does a statute which requires a factual showing before a claim for punitive damages are allowed in civil actions create a positive legal right? | 032005.docx | LEGALEASE-00138191-LEGALEASE-00138192 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2992 | Perryman v. Crawford, 968 So. 2d 83 | 30+3324 | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is "a clear showing of abuse prejudicial to the affected party." Binger v. King Pest Control, 401 So.2d 1310, 1313 (Fla.1981). This court has consistently held that surprise, changed or undisclosed expert testimony may result in prejudice sufficient to require a new trial. See Belmont v. N. Broward Hosp. Dist., 727 So.2d 992 (Fla. 4th DCA 1999) (reversing judgment on appeal and remanding for new trial where defendant doctors surprised and prejudiced plaintiff by altering their previous testimony in the middle of trial); Office Depot, Inc. v. Miller, 584 So.2d 587, 590 (Fla. 4th DCA 1991) (affirming order granting new trial on basis of surprise where, during trial, expert witness "recanted" his opinion given during discovery); see also Suarez-Burgos v. Morhaim, 745 So.2d 368 (Fla. 4th DCA 1999) (affirming trial court's order granting new trial on the basis of surprise and prejudice where defense's compulsory medical examination witness testified at trial for the first time, unequivocally, that plaintiff received no permanent injury). | In the context of the interpretation and enforcement of pretrial orders mandating witness disclosure, broad discretion is vested in the trial court and reviewing courts should reverse the trial judge only where there is a clear showing of abuse prejudicial to the affected party. | Is broad discretion vested in the courts while interpreting and enforcing pretrial orders? | 032013.docx | LEGALEASE-00138229-LEGALEASE-00138230 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 2993 | Dahl v. Sittner, 474 N.W.2d 897 | 184+64(1) | Statute requiring that court find that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct before permitting any discovery relating to punitive damages claim and before claim is submitted to fact finder applies to claims for punitive damages based upon fraud and deceit. Dahls contend that SDCL 21"1"4.1 does not apply to punitive damage claims based on oppression, fraud, or intentional conduct, as opposed to the "willful, wanton or malicious conduct" specifically referred to in the statute. Claims for punitive damages are prohibited in this state unless expressly authorized by statute. SDCL 21"1"4. Dahls' claim against Sittner for punitive damages is authorized by SDCL 21"3"2 which provides, in pertinent part:In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, ... the jury, in addition to the actual damage, may give damages for the sake of example, and by way of punishing the defendant. This statute limits punitive damages to cases in which oppression, fraud, or malice is claimed. | Statute requiring that court find that there is a reasonable basis to believe that there has been willful, wanton or malicious conduct before permitting any discovery relating to punitive damages claim and before claim is submitted to fact finder applies to claims for punitive damages based upon fraud and deceit. SDCL 21-1-4.1, 21-3-2. | Does the statute which requires a factual showing before a claim for punitive damages are allowed in civil actions require a determination of legal sufficiency of a punitive damage pleading? | 032033.docx | LEGALEASE-00138318-LEGALEASE-00138319 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 2994 | Local 205, United Elec., Radio & Mach. Workers of Am. (UE) v. Gen. Elec. Co., 233 F.2d 85 | 25T+151 | These rules were long embedded in the decisions of the federal, as well as state and English, courts. See Red Cross Line v. Atlantic Fruit Co., supra, 264 U.S. at pages 120-123, 44 S.Ct. 274; United States Asphalt Refining Co. v. Trinidad Lake Petroleum Co., D.C.S.D.N.Y.1915, 222 F. 1006. A generation or more ago Congress and many state legislatures were persuaded by the advocates of arbitration to reject this body of doctrine by enacting arbitration statutes. In perhaps only two states was the change accomplished by judicial overruling of the common-law restrictions on specific enforcement. See Gregory and Orlikoff, supra at 254. That history convinces us that the hoary though probably misguided judge-made reluctance to give full effect to arbitration agreements cannot now be ignored by us as a matter of federal law without a pretty explicit statutory basis for so doing. But cf. Bernhardt v. Polygraphic Co., supra, 350 U.S. at pages 209-212, 76 S.Ct. 273 (concurring opinion). | The hoary, though probably misguided, judge-made reluctance to give full effect to arbitration agreements cannot now be ignored by Court of Appeals as a matter of federal law without pretty explicit statutory basis for so doing. | Does the court an ignore arbitration agreement considering the hoary judge-made reluctance to give full effect to arbitration agreements? | 007608.docx | LEGALEASE-00139006-LEGALEASE-00139008 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 2995 | ABB Flakt v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 731 A.2d 811 | 307A+36.1 | In this case, the insurers claimed that disposition of the summary judgment motion was appropriate without discovery because they placed in the record the complaints for the underlying patent infringement actions. The patent infringement actions had been described in Flakt's complaint, but not attached as exhibits.5 Since the issue of coverage turns on the claims made by the plaintiffs in the patent actions and the ultimate recovery, it would appear that this is one of those rare cases where discovery is not required. In any event, the issue of whether the Superior Court abused its discretion in granting the stay of discovery is inextricably intertwined with the correctness of its rulings on the ambiguity of the advertising injury provisions and lack of establishment of a causal connection. Because, as hereafter discussed, we hold that the Superior Court properly granted summary judgment, the court's grant of a stay of discovery was, at most, questionable. We take the occasion, however, to emphasize that discovery on the issue of contractual intent is usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings. | Discovery on the issue of contractual intent is usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings. | Is discovery on the issue of contractual intent usually appropriate whenever the provisions in controversy are reasonably or fairly susceptible of different interpretations or meanings? | 031901.docx | LEGALEASE-00139273-LEGALEASE-00139274 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2996 | In re Conservatorship of Martha P., 117 Cal. App. 4th 857 | 307A+501 | In addition, section 5350, which is applicable to reestablishment proceedings (" 5362), provides in pertinent part that "the procedure for establishing, administering and terminating conservatorship under this chapter shall be the same as that provided in Division 4 (commencing with Section 1400) of the Probate Code, except as [in certain circumstances and under various procedural requirements not applicable here.]" Although Division 4 of the Probate Code does not contain express provisions for dismissing a conservatorship petition, section 1827 of the Probate Code states that "[t]he court shall hear and determine the matter of the establishment of the conservatorship according to the law and procedure relating to the trial of civil actions, including trial by jury if demanded." The law and procedure relating to the trial of civil actions is contained in part 2 of the Code of Civil Procedure, wherein the voluntary dismissal provision is located. Such provision generally extends to a special proceeding when the statutes establishing the special proceeding expressly incorporate Code of Civil Procedure part 2 sections. (Agricultural Labor Relations Bd. v. Tex"Cal Land Management, Inc. (1987) 43 Cal.3d 696, 707, 238 Cal.Rptr. 780, 739 P.2d 140.) Because the LPS Act specifically does so via the Probate Code, the dismissal provisions of Code of Civil Procedure section 581 necessarily apply to the reestablishment of an LPS Act conservatorship. (See Guardianship of Brown (1976) 16 Cal.3d 326, 332, 128 Cal.Rptr. 10, 546 P.2d 298.) | Voluntary dismissal provision generally extends to a special proceeding when the statutes establishing the special proceeding expressly incorporate that part of Code of Civil Procedure containing voluntary dismissal provision. West's Ann.Cal.C.C.P. S 581(b)(1). | Does a voluntary dismissal provision generally extend to a special proceeding when the statutes establishing the special proceeding expressly incorporate the Code of Civil Procedure voluntary dismissal sections? | Pretrial Procedure - Memo # 5216 - C - SN.docx | ROSS-003301339-ROSS-003301340 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 2997 | Roberts v. Geren, 530 F. Supp. 2d 24 | 34+5(8) | Under 10 U.S.C. " 1552, the Secretary of the Army may act through a civilian board to correct any Army record when he "considers it necessary to correct an error or remove an injustice." 10 U.S.C. " 1552(a)(1). Courts review the decisions of military corrections boards "under an "unusually deferential application of the arbitrary or capricious standard" of the Administrative Procedures Act." Cone v. Caldera, 223 F.3d 789, 793 (D.C.Cir.2000) (quoting Kreis v. Sec'y of the Air Force, 866 F.2d 1508, 1514 (D.C.Cir.1989)). A court must "defer to the Board's decision unless it is arbitrary and capricious, contrary to law, or unsupported by substantial evidence." Frizelle v. Slater, 111 F.3d 172, 176 (D.C.Cir.1997); see generally Piersall v. Winter, 435 F.3d 319, 321-22 (D.C.Cir.2006); 5 U.S.C. " 706(2). The Board's decision need not be "a model of analytic precision to survive a challenge. A reviewing court will "uphold a decision of less than ideal clarity if the [board's] path may reasonably be discerned." " Dickson v. Sec'y of Defense, 68 F.3d 1396, 1404 (D.C.Cir.1995) (quoting Bowman Transp., Inc. v. Arkansas-Best Motor Freight Sys., 419 U.S. 281, 286, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974)). However, the Board's explanation "must minimally contain "a rational connection between the facts found and the choice made." " Id. (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)). Furthermore, a party seeking review of a board decision bears the burden of overcoming the "strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully and in good faith." Frizelle, 111 F.3d at 177 (quoting Collins v. United States, 24 Cl.Ct. 32, 38 (1991)) (internal quotation marks omitted); see also Cone, 223 F.3d at 793. | Courts review decisions of military corrections boards under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act (APA). 5 U.S.C.A. S 706(2). | Do courts review decisions of the Military Corrections Board under an unusually deferential application of the arbitrary or capricious standard of the Administrative Procedure Act? | Armed Services - Memo 180 - JS.docx | ROSS-003288488-ROSS-003288490 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 2998 | W. Pipe & Supply v. Heart Mountain Oil Co., 179 Neb. 858 | 307A+748 | This appeal is perfected on behalf of defendants by counsel who took no part in the trial of the case. Defendants' brief raises some issues which may not be pertinent under the issues as defined by the pretrial limitation set out avove. In Long v. Magnolia Petroleum Co., 166 Neb. 410, 89 N.W.2d 245, this court held: "The purpose of a pretrial conference is to simplify the issues; amend the pleadings, when necessary; and avoid unnecessary proof of facts at the trial. "The participants in a pretrial conference must adhere to the spirit of that procedure and are held to have waived questions not there presented. "Modification of a pretrial order may be had at the trial to prevent manifest injustice, but the modification should be by direction and not by indirection. That is, modification must be attended by a degree of directness and formality such as is appropriate to a court order of such magnitude that from the time of its entry it controls the subsequent course of the action. "The subsequent course of an action is controlled by the agreements made at pretrial conference so long as they remain unmodified and that would be true on appeal." | Modification of pretrial order may be had at trial to prevent manifest injustice, but modification should be by direction and not by indirection, that is modification must be attended by degree of directness and formality such as is appropriate to court order of such magnitude that, from time of its entry, it controls subsequent course of the action. | Is a subsequent course of action in the trial court controlled by agreements made at pretrial conference so long as they remain unmodified? | 028015.docx | LEGALEASE-00139490-LEGALEASE-00139491 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 2999 | Beverly Hills Nat. Bank & Tr. Co. v. Superior Court In & For Los Angeles Cty., 195 Cal. App. 2d 861 | 307A+69.1 | In the instant proceeding, it appears from the written memorandum of decision filed by the trial judge that the burden to show good cause was placed upon the petitioner for the taking of the deposition rather than upon the real party in interest who is objecting thereto and seeking the protective order. We find no requirement of statutory or case law for such construction. The statutes specifically provide (Code Civ.Proc. " 2029) that the provisions of sections 2016, 2018, 2019, 2020 and 2021, all relating to the taking of depositions of residents, are applicable to depositions taken out of the state, except as otherwise specifically provided in sections 2024 to 2028 inclusive. The main distinctions, between the two are procedural only, providing for the issuance of a commission upon order of the court, upon previous notice to the other party (Code Civ.Proc. "" 2024, 2025, 2026). Although the party initiating the proceeding has a choice of designating that the deposition be taken on either oral examination, or upon written interrogatories, it is evident that the trial court is vested with discretion, after hearing, to direct whether the interrogatories are to be written or oral. Hoge v. Lava Cap Gold Mining Corp., 55 Cal.App.2d 176, 178, 130 P.2d 470; Hopkins v. Superior Court, 105 Cal.App. 133, 286 P. 1053. In exercising such discretion, among others, elements of convenience and expense properly may be considered. | Party initiating proceedings for taking deposition of nonresident has choice of designating that deposition be taken on either oral examination or upon written interrogatories, but trial court is vested with discretion, after hearing, to direct whether interrogatories are to be written or oral, and in exercising such discretion elements of convenience and expense may, among other things, be considered. Fed.Rules Civ.Proc. rule 26, 28 U.S.C.A.; West's Ann.Code Civ.Proc. SS 2016, 2018-2021, 2024-2028, 2025, 2026. | "Is the trial court vested with the discretion, after hearing, to direct whether interrogatories are to be written or oral?" | Pretrial Procedure - Memo # 3196 - C - SB.docx | ROSS-003289094-ROSS-003289095 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3000 | Indiana & I.S. Ry. Co. v. G.S. Wilson & Son, 77 Ill. App. 603 | 307A+74 | In Cole v. Choteau et al., 18 Ill. 439, it is held that the statute requiring the indorsement of the names of parties litigant on the depositions when sealed up, is merely directory, and when no injury or surprise results, depositions will not be suppressed, because of a failure of the officer taking the depositions to so indorse the names. | The statute requiring the indorsement of the names of parties litigant on the depositions when sealed up, is merely directory and when no injury or surprise results, depositions will not be suppressed because of the failure of the officer taking the depositions so to indorse the names. | Is the statute requiring the indorsement of the names of parties litigant on the depositions when sealed up merely directory when no injury or surprise results? | Pretrial Procedure - Memo # 5247 - C - SJ.docx | ROSS-003291295-ROSS-003291297 | SA, Sub | 0.16 | 0 | 0 | 1 | 1 | |
| 3001 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+685 | When a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, a defendant "may, but is not required to, support the motion with affidavits or other evidentiary materials." Gordon, 300 S.W.3d at 644 (citing Humphreys v. Selvey, 154 S.W.3d 544, 550 n. 5 (Tenn.Ct.App.2004)). When a defendant supports its 12.02(2) motion with affidavits, the burden is on the plaintiff to make a "prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." Gordon, 300 S.W.3d at 644; see also Sumatra, 403 S.W.3d at 739; Chenault, 36 S.W.3d at 56. Dismissal of the complaint pursuant to a defendant's Rule 12.02(2) motion "is proper only if all the specific facts alleged by the plaintiff collectively fail to establish a prima facie case for personal jurisdiction." Gordon, 300 S.W.3d at 644. A plaintiff relying on an alleged conspiracy as a basis for personal jurisdiction "need only plead sufficient factual allegations from which the existence of a conspiracy may be inferred." *383 Mfrs. Consol. Serv., Inc. v. Rodell, 42 S.W.3d 846, 861 (Tenn.Ct.App.2000). | When defendant supports its motion to dismiss for lack of personal jurisdiction with affidavits based on trial court's expressed intent to rule on motion without an evidentiary hearing, burden is on plaintiff to make prima facie showing of personal jurisdiction over defendant by filing its own affidavits or other written evidence. Tenn. R. Civ. P. 12.02(2). | "When a defendant supports its motion to dismiss for lack of personal jurisdiction with affidavit, is the burden on the plaintiff to make a prima facie showing of personal jurisdiction over the defendant?" | 032715.docx | LEGALEASE-00139626-LEGALEASE-00139627 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3002 | Ohio Multi-Use Trails Assn. v. Vinton Cty. Commrs, 182 Ohio App. 3d 32 | 307A+554 | The legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaints." Roll v. Edwards, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, 15. Determinations of whether a court has subject-matter jurisdiction involves a question of law that we will review de novo. Id., citing Shockey v. Fouty (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304. | The legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaints. | Is the legal standard for deciding a motion to dismiss for lack of subject-matter jurisdiction whether any cause of action cognizable by the forum has been raised in the complaints? | 032795.docx | LEGALEASE-00139679-LEGALEASE-00139680 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 3003 | Poorman v. D.O. Mills & Co., 39 Cal. 345 | 8.30E+186 | The certificate is to all intents and purposes a certificate for $1,500 in gold coin. The superscription on the upper left hand corner, in figures, is but a memorandum, and in no manner serves to vary, change, modify or control, the written words found in the body of the certificate, which distinctly specify the sum, for which the certificate is issued, to be $1,500. The most that can be claimed for this memorandum, in figures, is that its presence on the face of the certificate, serves to create a patent ambiguity; but this cannot be helped by averment, or evidence aliunde. The words written in the body of a certificate, bill or note, when plain, definite and certain, must control, without regard to the superscription in figures. (Chitty on Bills, 11 Am. from 9 Lond. ed. pp. 149-160; Story on Bills, Sec. 42; Story on Prom. Notes, Sec. 21; Saunderson v. Piper, 5 Bing. N. Cas. 425; Mears v. Graham, 8 Blackf. 144; Payne v. Clark, 19 Mo. 152.). | The words written in the body of a certificate, bill, or note, when plain, definite, and certain, must control, without regard to the superscription in figures. | Do the words written in the body of a certificate bill or note when plain definite and certain must control without regard the superscription in figures? | 010099.docx | LEGALEASE-00140261-LEGALEASE-00140262 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 3004 | N. State Bank of Grand Forks v. Bellamy, 19 N.D. 509 | 195+1 | The terms "primarily liable" and "secondarily liable," as used in section 6494, Rev. Codes 1905, have reference to the remedy provided by law for enforcing the obligation of one signing a negotiable instrument, rather than to the character and limits of the obligation itself. The remedy against a guarantor, depending as it does upon his separate contract of guaranty, and not upon the terms of the instrument, is not primary and direct, but collateral and secondary. | The terms "primarily liable" and "secondarily liable," as used in section 6494, Rev. Codes 1905, have reference to the remedy provided by law for enforcing the obligation of one signing a negotiable instrument, rather than to the character and limits of the obligation itself. The remedy against a guarantor, depending as it does upon his separate contract of guaranty, and not upon the terms of the instrument, is not primary and direct, but collateral and secondary. | What does the terms primarily liable and secondarily liable refer in relation to a negotiable instrument? | Bills and Notes- Memo 375-PR.docx | LEGALEASE-00029669-LEGALEASE-00029671 | Condensed, SA, Sub | 0.01 | 0 | 1 | 1 | 1 | 1 |
| 3005 | Boire v. McGinn, 8 Or. 466 | 289+989 | Where the books of a partnership fail to show the true state of its business, while resort may be had to a calculation of the profits from the amount of merchandise proven to have been sold by said firm at the rate of per cent, profit proven to have been made on said merchandise in that particular business, resort cannot be had to expert testimony of witnesses engaged in a similar business, to prove what profit was made by this firm in their business, for the purpose of charging one of the partners therewith, in a settlement of their accounts. "In stating the accounts of partners, as between themselves, the rule is that the entries on the partnership books, to which both partners have had access at the time when those entries were made, or immediately afterwards, are to be taken as prima facie evidence of the correctness of those entries, subject, however, to the right of either party to show a mistake or error in the charge or credit." (Heart v. Corning, 3 Paige, 566.) | In stating accounts of partners, as between themselves, entries on partnership books to which both partners had access at time when entries were made, or immediately thereafter, were to be taken as prima facie evidence of correctness of those entries, subject to right of either party to show a mistake or error in the charge or credit. | Are books of a partnership prima facie evidence in matters between partners? | Partnership - Memo 383 - SNP.docx | ROSS-003287579-ROSS-003287580 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3006 | Dawson v. Dawson, 26 Neb. 716 | 307A+74 | To entitle a deposition to be read in evidence the certificate must show that the deposition was taken at the place, room, or office named in the notice, and the certificate or deposition on its face must show that the taking of the deposition was commenced on the day named in the notice. | To entitle a deposition to be read in evidence the certificate must show that the deposition was taken at the place, room, or office named in the notice, and the certificate or deposition on its face must show that the taking of the deposition was commenced on the day named in the notice. | "To entitle a deposition to be read in evidence, must the certificate show that the deposition was taken at the place, room, or office named in the notice?" | Pretrial Procedure - Memo # 5310 - C - KG.docx | ROSS-003291302-ROSS-003291303 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 3007 | Dargart v. Ohio Dept of Transp., 171 Ohio App. 3d 439 | 307A+554 | When ruling on a Civ.R. 12 (B) (1) motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. See State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641; Roll v. Edwards, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162. Appellate courts review trial court judgments regarding motions to dismiss for lack of subject-matter jurisdiction de novo. Schetter v. Frogameni, 6th Dist. No. L"05"1366, 2006-Ohio-3065, 2006 WL 1667709, citing Hull v. Columbia Gas of Ohio, 160 Ohio App.3d 695, 2005-Ohio-2089, 828 N.E.2d 677. In making a determination under Civ.R. 12 (B) (1), neither the trial court nor this court is confined to a consideration of the allegations of the complaint, but may consider any material pertinent to that inquiry. Southgate Dev. Corp. v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus. | When ruling on a motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. Rules Civ.Proc., Rule 12(B)(1). | "When ruling on a motion to dismiss for lack of subject-matter jurisdiction, must trial courts determine whether a claim raises any action cognizable in that court?" | 032898.docx | LEGALEASE-00140080-LEGALEASE-00140081 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3008 | Cleveland Raceways v. Bowers, 163 N.E.2d 73 | 92+2925 | The power to tax the exercise of a privilege is the power to control or suppress its enjoyment. Murdock v. Commonwealth of Pennsylvania, 319 U.S. 105, 112, 63 S.Ct. 870, 87 L.Ed. 1292, 1298. The state power over taxation is plenary and only emphatic requirements of the Constitution may authorize interpretation of the privileges and immunities clause which restricts the power of states to manage their own fiscal affairs; i. e., the presumption in favor of the constitutionality of a state tax law can be overcome only by the most explicit demonstration that the classification adopted by the legislature is a hostile and oppressive discrimination against particular persons and classes, and the burden is on the one attacking a legislative classification or a particular field to negative every conceivable basis which might support such classification. Madden v. Commonwealth of Kentucky, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590. Plaintiff petition here completely lacks those negatives. Since police regulations may be utilized by the power to tax, the taxing of the revenues of parimutuel machines may be and is as absolute as was the power to confiscate, which constitutes no denial of due process or of equal protection in Phillips v. City of Atlanta, D.C., 57 F.Supp. 588, affirmed 5 Cir., 145 F.2d 470. To the same effect concerning equal protection, see the Oaklawn Jockey Club case, supra, which holds that the equal protection clause contemplates a purposeful and systematic discrimination designed to favor one individual or class from another, a purpose utterly foreign to Ohio legislation of 1957, above. And the strong cases, State v. Garden State Racing Assn, 136 N.J.L. 173, 54 A.2d 916; Hannis Distilling Co. v. City of Baltimore, 216 U.S. 285, 30 S.Ct. 326, 54 L.Ed. 482, and Matosin v. City of New York, 203 Misc. 973, 117 N.Y.S.2d 532. | The state's power over taxation is plenary and only emphatic requirements of the Constitution may authorize interpretation of privileges and immunities clause which restricts power of states to manage their own fiscal affairs. U.S.C.A.Const. Amend. 14. | Which requirements of the Constitution authorize interpretation of the privileges and immunities clause which restricts the power of states to manage their own fiscal affairs? | 045478.docx | LEGALEASE-00140421-LEGALEASE-00140422 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 3009 | Southern Ry. Co. v. Crosby, 201 F.2d 878 | 170A+1681.1 | As said in Barron & Holtzoff, Federal Practice and Procedure, Rules Edition vol. 2 pp. 543, 544:"A denial in such sworn statement must fairly meet the substance of the requested admission, and when good faith requires that a party deny only partly or with a qualification, a matter as to which an admission is requested, he must specify and admit so much of it as is true and deny only the remainder. The admissions or denials must be forthright, specific, and unqualified. A denial coupled with a general exception of doubtful import, will constitute an admission. A refusal to admit without specific denial or detailed reasons why the respondent cannot truthfully admit or deny, is the equivalent of an admission. | The rule relating to pre-trial admissions requires that denial in sworn statement filed in reply to notice requesting admission meet substance of requested admission, and where good faith requires that party deny only partly, or with qualification, a matter as to which admission is requested, he must specify and admit so much of it as is true and deny only the remainder. Fed.Rules Civ.Proc. rule 36, 28 U.S.C.A. | Should a denial of request for admission fairly meet the substance of a requested admission and responder must admit or deny with particularity if the truth can be ascertained by reasonable inquiry? | 030624.docx | LEGALEASE-00141218-LEGALEASE-00141219 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 3010 | Troyan v. Reyes, 367 Ill. App. 3d 729 | 307A+477.1 | A party responding to a request to admit must 1) admit the factual matter; 2) deny the factual matter; 3) explain why he cannot truthfully admit or deny the factual matter; or 4) object on the ground that some or all of the requested admission is privileged, irrelevant or otherwise improper. See 134 Ill.2d R. 216(c). "[A] party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control." Szczeblewski, 342 Ill.App.3d at 349, 277 Ill.Dec. 1, 795 N.E.2d at 372. | Party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control. | Should a party have a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control? | Pretrial Procedure - Memo # 4284 - C - KG.docx | ROSS-003328234-ROSS-003328235 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 3011 | Cline v. Prowler Indus. of Maryland, 418 A.2d 968 | 307A+485 | Rule 37(c) requires that a party who unjustifiably fails to admit the truth of a matter requested pay the petitioning party "the reasonable expenses incurred in making that proof". We construe "reasonable" to mean that not only are the number of hours, cost per hour, and other expenses charged reasonable in amount, but that the total amount assessed against a party bear a relationship to his responsibility in causing that party to prove the fact in question. In the case at hand, Prowler was not the only party who failed to admit the requests.While the plaintiffs' answers clearly admitted that Horsey did not design, construct or build the trailer or heater in question, their answer was qualified in such a way as to continue to charge him with negligence. Thus, at least until the end of the plaintiffs' case, the plaintiffs were partially responsible for defendant Horsey's presence at trial. | Under rule requiring that party who unjustifiably fails to admit the truth of a matter requested pay petitioning party "the reasonable expenses incurred in making that proof," "reasonable" would be construed to mean that not only are number of hours, cost per hour, and other expenses charged reasonable in amount, but that total amount assessed against a party bear a relationship to his responsibility in causing that party to prove the fact in question. Superior Court Rules, Civil Rule 37(c), Del.C.Ann. | "Should a party who unjustifiably fails to admit the truth of a matter requested, pay petitioning party ""the reasonable expenses incurred in making that proof?" | 030724.docx | LEGALEASE-00141368-LEGALEASE-00141369 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3012 | Stone v. Crow, 2 S.D. 525 | 307A+74 | Section 5292, Comp. Laws, provides that depositions shall be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court. Held, that when this is done, and it is received by the clerk of the court in which it is to be used, and the date of its reception has been placed upon it by him, it makes a proper filing of such deposition. | Under Comp. Laws, S 5292, providing that depositions shall be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court, there to remain until opened by the clerk by order of court, or at the request of a party to the action, a deposition so sealed and indorsed, when it is received by the clerk of the court in which it is to be used, and the date of its reception is indorsed on the envelope inclosing the same, is filed within the meaning of Comp. Laws, S 5297, declaring that every deposition intended to be read in evidence on the trial must be filed at least one day before the trial. | "Shall depositions be sealed up and indorsed with the title of the cause and the name of the officer taking the same, and by him addressed and transmitted to the clerk of the court?" | Pretrial Procedure - Memo # 5465 - C - KG.docx | LEGALEASE-00031323- LEGALEASE-00031324 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 3013 | Chase Manhattan Bank v. Gavin, 249 Conn. 172 | 371+3405 | We begin with the observation that our task of evaluating the constitutionality of a legislative scheme of taxation is somewhat circumscribed. "A state is free to pursue its own fiscal policies, unembarrassed by the Constitution, if by the practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by the fact of being an orderly, civilized society." Wisconsin v. J.C. Penney Co., 311 U.S. 435, 444, 61 S.Ct. 246, 85 L.Ed. 267 (1940). | State is free to pursue its own fiscal policies, unembarrassed by Constitution, if by practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by fact of being an orderly, civilized society. | "Is a state free to pursue its own fiscal policies, unembarrassed by the Constitution?" | 045412.docx | LEGALEASE-00141596- LEGALEASE-00141597 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 3014 | Revenue Cabinet v. Estate of Field, 864 S.W.2d 930 | 371+2060 | We again note that Section 172A of Kentucky's Constitution provides that "[n]otwithstanding contrary provisions of Sections 171, 172, or 174 of this Constitution"[t]he General Assembly shall provide by general law for the assessment for ad valorem tax purposes of agricultural and horticultural land according to the land's value for agricultural or horticultural use." (Emphasis supplied.) The term "ad valorem" literally means "according to the worth," and is used in taxation to designate an assessment of taxes against property at a certain rate upon its value. Thomas v. City of Elizabethtown, Ky., 403 S.W.2d 269, 272 (1965). | "Ad Valorem" literally means "according to the worth," and is used in taxation to designate assessment of taxes against property at certain rate upon its value. | "Does ""ad valorem"" literally means ""according to the worth"", and is used in taxation to designate assessment of taxes against property at certain rate upon its value?" | 045639.docx | LEGALEASE-00141663- LEGALEASE-00141664 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 3015 | United States v. Andrews, 681 F.3d 509 | 63+1(1) | A bribery theory under " 1346 "requires a quid pro quo," Wright, 665 F.3d at 567 (quoting United States v. Kemp, 500 F.3d 257, 281 (3d Cir.2007)), that is, "a specific intent to give or receive something of value in exchange for an official act," id. at 567"68 (quoting United States v. Sun"Diamond Growers of Cal., 526 U.S. 398, 404"05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)). "[A] bribery theory does not require that each quid, or item of value, be linked to a specific quo, or official act. Rather, a bribe may come in the form of a "stream of benefits." " Id. at 568 (quoting United States v. Bryant, 655 F.3d 232, 240"41 (3d Cir.2011)). An honest services fraud prosecution for bribery after Skilling thus requires the Government to prove: (1) that "the payor provided a benefit to a public official intending that he w[ould] thereby take favorable official acts that he would not otherwise take," and (2) that "the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor." Id. (citations omitted). "The quid pro quo can be implicit, that is, a conviction can occur if the Government shows that [the official] accepted payments or other consideration with the implied understanding that he would perform or not perform an act in his official capacity." Id. (quoting Antico, 275 F.3d at 257). | An honest services fraud prosecution for bribery after Skilling requires the government to prove: (1) that the payor provided a benefit to a public official intending that he would thereby take favorable official acts that he would not otherwise take, and (2) that the official accepted those benefits intending, in exchange for the benefits, to take official acts to benefit the payor. 18 U.S.C.A. S 1346. | What are the requirements to prove honest services fraud prosecution for bribery? | 011467.docx | LEGALEASE-00142154- LEGALEASE-00142155 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3016 | State v. Emmanuel, 42 Wash. 2d 1 | 63+1(2) | The evidence also entitled the jury to find that the processing of applications was within the "opinion, judgment, action, decision and official proceedings' of appellant in his official capacity. While it is true that the duties of board secretary are not prescribed by statute, this is not necessary to sustain a conviction for asking and receiving a bribe. It is sufficient if the state officer, agent or employee is given such official duties by direction of his superiors or by custom of the office. State v. Emmanuel, Wash., 253 P.2d 386. | Statute defining crime of asking or receiving bribe does not limit crime to cases where official duties prescribed by statute may be affected, but it is sufficient if State officer, agent or employee is given such official duties by direction of his superiors or by custom of office practice. RCW 9.18.020. | Is it necessary to prescribe by a statute the duties of board secretary to sustain a conviction for asking and receiving a bribe or is it sufficient if the state officer is given such official duties by direction of his superiors or by custom of the office? | 011555.docx | LEGALEASE-00142429- LEGALEASE-00142430 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 3017 | Texas Co. v. R.R. Comm'n of Tex., 246 S.W.2d 487 | 260+92.29 | In Railroad Commission v. Humble Oil & Refining Co., Tex.Sup., 245 S.W.2d 488, 490, the Court said: "Only in the event the two tracts of land came under common ownership and control, so as to constitute one tract of land, would the rule against subdivision have become applicable. The rule against subdivision contemplates the prohibition of a division of a tract of land, or tracts of land, under common ownership, into smaller tracts, for the purpose of acquiring additional permits to drill. Until adjoining tracts come under common ownership and control, no action with respect to either tract can be considered as affecting the other in determining whether or not a subdivision has occurred. Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73." | Rule against subdivision for purpose of drilling oil wells contemplates prohibition of division of tract of land, or tracts of land, under common ownership, into smaller tracts, for purpose of acquiring additional permits to drill. | Does the rule against subdivision contemplate the prohibition of a division of a tract of land under common ownership into smaller tracts for the purpose of acquiring additional permits to drill? | 021249.docx | LEGALEASE-00143286- LEGALEASE-00143287 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3018 | Innovate v. United Parcel Serv., 275 Pa. Super. 276 | 307A+483 | Although depositions are taken prior to the filing of a request for admissions of fact, which depositions are at variance with the facts set forth in the request for admissions, this does not obviate the necessity of complying with Pa.R.C.P. 4014. A party on whom requests for admissions of fact are served runs the risk that the facts as set forth in the request for admissions will be conclusively binding on him if he chooses not to file an answer to the request for admissions or file objections to the request. This is not a harsh rule as a witness's testimony may vary from that given at the time of deposition and that given at trial. A witness's recollection may change or a forgotten fact may be recalled. | A party on which request for admissions of fact are served runs the risk that the facts as set forth in the request will be conclusively binding on him if he chooses not to file an answer or file objections to the request. Pa.R.C.P. Nos. 4014, 4014(d), 42 Pa.C.S.A.; No. 4014(b)(2) (Repealed). | Will a party on which a request for admissions of fact are served run the risk that the facts as set forth in the request will be conclusively binding on him if he chooses not to file an answer or file objections to the request? | 030650.docx | LEGALEASE-00142993- LEGALEASE-00142994 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3019 | Bauer v. Douglas Aquatics, 207 N.C. App. 65 | 307A+683 | Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc., 169 N.C.App. 690, 693, 611 S.E.2d 179, 182 (2005). When the parties submit "dueling affidavits" under the third category, the trial court may decide the matter from review of the affidavits, or "the court may direct that the matter be heard wholly or partly on oral testimony or depositions." Id. at 694, 611 S.E.2d at 183 (internal quotation marks and citations omitted). In either case, the plaintiff bears the burden of proving, by a preponderance of the evidence, grounds for exercising personal jurisdiction over a defendant. Adams, Kleemeier, Hagan, Hannah & Fouts, PLLC v. Jacobs, 158 N.C.App. 376, 378, 581 S.E.2d 798, 801, rev'd on other grounds, 357 N.C. 651, 588 S.E.2d 465 (2003). As such, upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making out a prima facie case that jurisdiction exists. Wyatt v. Walt Disney World Co., 151 N.C.App. 158, 162, 565 S.E.2d 705, 708 (2002). | Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of making out a prima facie case that jurisdiction exists. | "Upon a defendant's motion to dismiss for lack of personal jurisdiction, does the plaintiff bear the burden of making out a prima facie case that jurisdiction exists?" | 032659.docx | LEGALEASE-00143315-LEGALEASE-00143316 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 3020 | Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | In this first category where neither party submits evidence, "[t]he allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged." Bruggeman v. Meditrust Acquisition Co., 138 N.C.App. 612, 615, 532 S.E.2d 215, 217 (2000) (citations omitted). If, however, the defendant submits supportive evidence"for example an affidavit"along with the motion to dismiss, the complaint's allegations "can no longer be taken as true or controlling and [the] plaintiff[ ] cannot rest on the allegations of the complaint." Id. at 615-16, 532 S.E.2d at 218 (citation omitted). In this instance, the court must consider "(1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence)." Banc of Am., 169 N.C.App. at 693-94, 611 S.E.2d at 182-83 (citations omitted). | If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, for example an affidavit, along with the motion to dismiss, the complaint's allegations can no longer be taken as true or controlling and the plaintiff cannot rest on the allegations of the complaint. | "If a defendant moving to dismiss for lack of personal jurisdiction submits supportive evidence, along with the motion to dismiss, can the complaint's allegations no longer be taken as true?" | Pretrial Procedure - Memo # 5706 - C - MS.docx | LEGALEASE-00032499-LEGALEASE-00032500 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3021 | Cuozzo v. Town of Orange, 315 Conn. 606 | 307A+678 | "Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. Gordon v. H.N.S. Management Co., 272 Conn. 81, 92, 861 A.2d 1160 (2004) (when issues of fact are necessary to the determination of a court jurisdiction due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses.); Schaghticoke Tribal Nation v. Harrison, 264 Conn. 829, 833, 826 A.2d 1102 (2003) (same). Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Lampasona v. Jacobs, 209 Conn. 724, 728, 553 A.2d 175 (1989) (in some cases it is necessary to examine the facts of the case to determine whether it is within a general class that the court has power to hear), cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989)." (Citations omitted; emphasis added; internal quotation marks omitted.) Dorry v. Garden, supra, 313 Conn. at 522"24, 98 A.3d 55. "When the jurisdictional facts are intertwined with the merits of the case, the court may in its discretion choose to postpone resolution of the jurisdictional question until the parties complete further discovery or, if necessary, a full trial on the merits has occurred." Conboy v. State, supra, 292 Conn. at 653 n. 16, 974 A.2d 669. In that situation, "an evidentiary hearing is necessary because a court cannot make a critical factual jurisdictional finding based on memoranda and documents submitted by the parties." (Internal quotation marks omitted.) Id., at 653"54, 974 A.2d 669. | Where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts; likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Practice Book 1998, S 10-30. | "Where a jurisdictional determination is dependent on the resolution of a critical factual dispute, can it be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts?" | 032947.docx | LEGALEASE-00143496-LEGALEASE-00143497 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3022 | Sun Life Assur. Co. of Canada v. Indiana Comprehensive Health Ins. Ass'n, 827 N.E.2d 1206 | 15A+2161 | Indiana views the failure to exhaust administrative remedies as a matter of subject matter jurisdiction. M"Plan, 809 N.E.2d at 837. Stated otherwise, where an administrative remedy is available, such remedy must be pursued before the claimant is allowed access to the courts. Save the Valley, Inc. v. Ind. Dept. of Envtl. Mgmt., 724 N.E.2d 665, 668 (Ind.Ct.App.2000), reh'g denied, trans. denied. Thus, a party's failure to exhaust its administrative remedies creates a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate. Save the Valley, 724 N.E.2d at 668. | A party's failure to exhaust its administrative remedies creates a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate. | Does a party's failure to exhaust its administrative remedies create a jurisdictional defect and makes a motion to dismiss for lack of subject matter jurisdiction appropriate? | 033008.docx | LEGALEASE-00143114-LEGALEASE-00143115 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3023 | AAIS Corp. v. Dept of Admin. Servs., 93 Conn. App. 327 | 307A+554 | Prior to setting forth the facts and procedural history that inform our disposition of this appeal, we note the procedural posture of this case. The plaintiff, AAIS Corporation, brings this appeal following the court granting of the motion to dismiss for lack of standing that was filed by the defendants, the department of administrative services (department) and its commissioner, Barbara A. Waters. "A motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. In ruling on a motion to dismiss, the court must take the facts alleged in the complaint as true, construing them in the manner most favorable to the pleader. The party seeking the exercise of the court jurisdiction bears the burden of alleging facts that clearly demonstrate that it is the proper party to invoke judicial resolution of the dispute. Additionally because a determination regarding the trial court subject matter jurisdiction raises a question of law, our review is plenary." (Citations omitted; internal quotation marks omitted.) Capasso Restoration, Inc. v. New Haven, 88 Conn.App. 754, 758"59, 870 A.2d 1184 (2005). | Motion to dismiss for lack of standing attacks the jurisdiction of the court, asserting essentially that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court. | Does a motion to dismiss for lack of standing attack the jurisdiction of the court that the plaintiff cannot as a matter of law or fact state a claim that should be heard by the court? | 033010.docx | LEGALEASE-00143124-LEGALEASE-00143125 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3024 | Grajczyk v. Tasca, 717 N.W.2d 624 | 307A+683 | "The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity." 5B Wright & Miller, Federal Practice and Procedure " 1353, at 342. However, this initial burden only requires that the party establish a prima facie case: when a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper. Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8thCir.1995) (citing Dakota Indus. v. Dakota Sportswear, 946 F.2d 1384, 1387 (8thCir.1991); FDIC v. Oaklawn Apartments, 959 F.2d 170, 174 (10thCir.1992)). | The party on whose behalf service has been made has the burden of establishing its validity; however, this initial burden only requires that the party establish a prima facie case: when a defendant moves to dismiss for insufficient service of process, the burden is on the plaintiff to establish a prima facie case that the service was proper. | "When a defendant moves to dismiss for insufficient service of process, is the burden on the plaintiff to establish a prima facie case that the service was proper?" | 033687.docx | LEGALEASE-00143059-LEGALEASE-00143060 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 3025 | Paragon Const. Co. v. Dep't of Pub. Works, 130 Conn. App. 211 | 307A+554 | "[T]he sovereign immunity enjoyed by the state is not absolute. There are [three] exceptions: (1) when the legislature, either expressly or by force of a necessary implication, statutorily waives the state's sovereign immunity ... (2) when an action seeks declaratory or injunctive relief on the basis of a substantial claim that the state or one of its officers has violated the plaintiff's constitutional rights ... and (3) when an action seeks declaratory or injunctive relief on the basis of a substantial allegation of wrongful conduct to promote an illegal purpose in excess of the officer's statutory authority.... For a claim made pursuant to the first exception, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed.... Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity.... In the absence of a proper factual basis in the complaint to support the applicability of these exceptions, the granting of a motion to dismiss on sovereign immunity grounds is proper." (Citations omitted; internal quotation marks omitted.) Columbia Air Services, Inc. v. Dept. of Transportation, 293 Conn. 342, 349"50, 977 A.2d 636 (2009). | In the absence of a proper factual basis in the complaint to support the applicability of exceptions to the state's sovereign immunity from suit, the granting of a motion to dismiss on sovereign immunity grounds is proper. | "In the absence of a proper factual basis in the complaint to support the applicability of exceptions to the state's sovereign immunity from suit, is the granting of a motion to dismiss on sovereign immunity grounds proper?" | Pretrial Procedure - Memo # 6339 - C - SPB.docx | ROSS-003288293-ROSS-003288294 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3026 | Disney Enterprises v. Tax Appeals Tribunal of State, 10 N.Y.3d 392 | 360+18.75 | We begin our reading of Public Law 86"272 with the "presumption that Congress does not intend to supplant state law" (Balbuena v. IDR Realty LLC, 6 N.Y.3d 338, 356, 812 N.Y.S.2d 416, 845 N.E.2d 1246 [2006] ). Where a federal law treads on a traditional state power, this presumption is especially strong, and is overcome only where the statute evidences that preemption is "the clear and manifest purpose of Congress" (New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655, 115 S.Ct. 1671, 131 L.Ed.2d 695 [1995], quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 [1947] ). As this Court has long held that the power to tax is such a traditional state power (see People v. Adirondack Ry. Co., 160 N.Y. 225, 54 N.E. 689 [1899] ), we will not, "absent unambiguous evidence, infer a scope of pre-emption beyond that which clearly is mandated by Congress' language" (Cipollone v. Liggett Group, Inc., 505 U.S. 504, 533, 112 S.Ct. 2608, 120 L.Ed.2d 407 [1992] ). | Since power to tax is traditional state power, unambiguous evidence is required to raise inference that scope of federal pre-emption of such power extends beyond that which clearly is mandated by Congress's language. | Is evidence required to raise inference that scope of federal pre-emption of the state's power to tax extends beyond that which is clearly mandated by Congress's language? | 045281.docx | LEGALEASE-00142909-LEGALEASE-00142910 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 3027 | One Beacon Ins. Co. v. Hughes, 269 Ga. App. 390 | 413+2 | In construing the statutes at issue, we note that the Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction because there is no common law right to such benefits. Further, a primary rule of statutory construction is that the courts must try to ascertain the purpose and intent of the legislature and then try to construe the law to implement that intent | The Workers' Compensation Act constitutes a complete code of laws on the subject, and the entitlement to workers' compensation benefits is strictly a matter of statutory construction, because there is no common law right to such benefits. West's Ga.Code Ann. S 34-9-1 et seq. | "Does the Workers Compensation Act constitute a complete code of laws on the subject, and is the entitlement to workers compensation benefits strictly a matter of statutory construction?" | 048145.docx | LEGALEASE-00142108-LEGALEASE-00142109 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 3028 | Hook v. Springfield, 141 Ohio App. 3d 260 | 413+2 | ""[T]he rights of injured employees and the dependents of killed employees to recover from or participate in the [workers' compensation] fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory[.]" " Id. at 115, 54 O.O.2d at 214, 266 N.E.2d at 850. | The rights of injured employees and the dependents of killed employees to recover from or participate in the workers' compensation fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory. | "Are the rights of injured employees and dependents of killed employees to recover from or participate in the workers compensation fund constitutional, inherent, common-law, or statutory rights?" | 048170.docx | LEGALEASE-00142183-LEGALEASE-00142184 | Condensed, SA | 0.21 | 0 | 1 | 0 | 1 | |
| 3029 | Lentine v. Hollingsworth, 308 F. Supp. 317 | 197+522.1 | Moreover, even if there was some irregularity in the proceedings for petitioner's induction, a conclusion I think refuted by the record, still the petitioner could not have been prejudiced and "the law is settled that procedural irregularities in the administration of the Universal Military Training and Service Act, 50 U.S.C.A. App. " 451 et seq. which do not result in prejudice, will not support a claim for relief." United States ex rel. Lipsitz v. Perez (C.C.A.S.C.1967) 372 F.2d 468, 469, cert. den. 389 U.S. 838, 88 S.Ct. 57, 19 L.Ed.2d 100. In the cited case, the irregularity, significantly, involved an alleged failure of the board to give a required notice to a registrant. Even stronger is the recent case of Battiste v. United States, supra (409 F.2d pp. 914-915). There, the registrant, after receiving notice to report for induction, married. He, like the petitioner here, applied for reclassification on that account under 1925.2. The clerk of the local board failed to refer the application to the board for consideration and disregarded it. The Court, while recognizing that the board should have had the application referred to it, held there was no prejudice to the registrant and no denial of due process. It emphasized that, on the basis of the registrant's marriage after notice of induction, "the board would have been powerless to reopen appellant's (registrant's) classification unless it specifically found a change in his status over which he had no control". It proceeded to hold that, "Plainly appellant's marriage after the mailing of an order to report for induction does not amount to such a change in status. Porter v. United States, 7th Cir. 1964, 334 F.2d 792, 794. Appellant (registrant) insists, however, that this decision should be made in the first instance by the local board. We agree. But we cannot agree that the failure of the board to do so can be considered prejudicial under circumstances where, as here, the local board would have been, as a matter of law, without authority to reopen | Procedural irregularities in the administration of Universal Military Training and Service Act which do not result in prejudice will not support a claim for relief. Military Selective Service Act of 1967, S 1 et seq., 50 U.S.C.A. App. S 451 et seq. | Do Procedural irregularities in the administration of the Universal Military Training and Service Act which do not result in prejudice support a claim for relief? | Armed Services - Memo 269 - RK.docx | ROSS-003288522-ROSS-003288523 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3030 | United States v. Rosen, 716 F.3d 691 | 63+1(1) | Here, each of the crimes of conviction could be proven by evidence of an illegal quid pro quo agreement, which we have previously defined as "a government official's receipt of a benefit in exchange for an act he has performed, or promised to perform, in the exercise of his official authority." United States v. Ganim, 510 F.3d 134, 141 (2d Cir.2007); see N.Y. Pub. Off. Law " 73(5)(a) (prohibiting exchanges intended to influence a state legislator in his official duties). To establish the " "corrupt" intent necessary to a bribery conviction," the Government must prove that the defendant had " "a specific intent to give ... something of value in exchange for an official act," " United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun"Diamond Growers of Cal., 526 U.S. 398, 404"05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)), which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. | To establish the corrupt intent necessary to support a federal bribery conviction, the government must prove that the defendant had a specific intent to give something of value in exchange for an official act, which generally includes any act taken under color of official authority. 18 U.S.C.A. S 666(a)(2). | What should the government prove in order to establish the corrupt intent necessary to a bribery conviction? | Bribery - Memo #832 - C-JL.docx | ROSS-003290963-ROSS-003290964 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3031 | Jones v. Blake, 120 A.D.3d 415 | 360+28(1) | Our review of this record is informed by two guiding principles. First, it is well settled that in a proceeding such as this, the burden of proof is on the petitioner to establish by clear and convincing evidence that the claimed residence is not bona fide or otherwise compliant with constitutional or statutory requirements (see Matter of Stavisky v. Koo, 54 A.D.3d 432, 433, 863 N.Y.S.2d 87 [2d Dept.2008] ). Second, generally when a reference has been made to a special referee to hear and report, if the referee's determination turns upon an assessment of the witnesses' credibility, the court should defer to the referee as the trier of fact (Matter of Am. Tr. Ins. Co. v. Wason, 50 A.D.3d 609, 856 N.Y.S.2d 606 [1st Dept.2008] ). In proceedings such as this, because the question of residence is a factual one, based on a variety of factors and circumstances, where there is conflicting evidence, "the resolution of the conflict lies within the province of the ... finder of fact, and should not be disturbed on appeal unless it is obvious that the ... conclusion could not be reached under any fair interpretation of the evidence" (Matter of Fernandez v. Monegro, 10 A.D.3d 429, 430, 780 N.Y.S.2d 741 [2d Dept.2004] [internal quotation marks omitted] ). | In proceedings seeking to establish that candidate did not satisfy the residency requirements for the public office of Member of the Assembly, because the question of residence is a factual one, based on a variety of factors and circumstances, where there is conflicting evidence, the resolution of the conflict lies within the province of the finder of fact, and should not be disturbed on appeal unless it is obvious that the conclusion could not be reached under any fair interpretation of the evidence. McKinney's Const. Art. 3, S 7; McKinney's Election Law S 1-104(22). | Is the question of residence a factual one? | Domicile - Memo # 19 - C - SA.docx | ROSS-003291034-ROSS-003291035 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 3032 | Kachemak Bay Conservation Soc. v. State, Dep't of Nat. Res., 6 P.3d 270 | 260+5.2(1) | DNR stated in the introduction to the best interests finding that "[i]n oil and gas leasing, it cannot be determined with any specificity or definition at the leasing stage if, where, when, how, or what kind of production might ultimately occur[ ] as the result of leasing.... A discussion of the possible specific effects of unknown future exploration, development and production activities is not within the scope of this finding." Thus, DNR has described its reasons for phasing its review. | Department of Natural Resources' (DNR) finding that "(i)n oil and gas leasing, it cannot be determined with any specificity or definition at the leasing stage if, where, when, how, or what kind of production might ultimately occur as the result of leasing," satisfied the requirement of describing DNR's reasons for a decision to phase its determination of whether oil and gas lease sale concerning state lands was in state's best interests. AS 38.05.035(e)(1)(c)(iii). | "In oil and gas leasing, can it be determined with any specificity or definition at the leasing stage if, were, when, how, or what king of production might ultimately occur as a result of the leasing?" | 021373.docx | LEGALEASE-00144075-LEGALEASE-00144076 | Condensed, SA, Sub | 0.04 | 0 | 1 | 1 | 1 | 1 |
| 3033 | Cascaden v. Dunbar, 2 Alaska 408 | 185+56(8) | A grubstake contract is an agreement between two or more persons to thereafter locate mines upon the public domain by their joint aid, effort, labor, or expense, whereby each is to acquire, by virtue of the act of location, such an interest in the mine as is agreed on in the contract. Berry v. Woodburn, 107 Cal. 504, 512, 40 Pac. 802, 804; Hartney v. Gosling, 10 Wyo. 346, 68 Pac. 1118, 1123, 98 Am. St. Rep. 1005; Meylette v. Brennan, 20 Colo. 242, 38 Pac. 75. The title accrues to each as an original locator, though the location be made in the name of one or more of the parties only. Lindley on Mines (2d Ed.) " 331; Book v. Justice Min. Co. (C. C.) 58 Fed. 106. Each party to the grubstake contract not named in the location notice becomes, nevertheless, an equitable owner and tenant in common with those named. Murley v. Ennis, 2 Colo. 300. A grubstake contract, though oral, is not within the statute of frauds. Book v. Justice Min. Co., supra; Gore v. McBrayer, 18 Cal. 582; Moritz v. Lavelle, 77 Cal. 10, 18 Pac. 803, 11 Am. St. Rep. 229; Hirbour v. Reeding, 3 Mont. 15; Welland v. Huber, 8 Nev. 203; Lindley on Mines (2d Ed.) " 858. Such a trust estate, when clearly established by the evidence, will be enforced in equity. Lakin v. Sierra Buttes Min. Co. (C. C.) 25 Fed. 337; Hunt v. Patchin (C. C.) 35 Fed. 816; Book v. Justice Min. Co., supra; Lockhart v. Johnson, 181 U.S. 516, 21 Sup. Ct. 665, 45 L. Ed. 979. The burden of proof is upon the one alleging the trust to prove it by full, clear, and satisfactory evidence. Hopkins v. Grimshaw, 165 U.S. 342, 17 Sup. Ct. 401, 41 L. Ed. 739, citing with approval Prevost v. Gratz, 19 U.S. (6 Wheat.) 481, 5 L. Ed. 311; Slocum v. Marshall, 2 Wash. (C. C.) 397, Fed. Cas. No. 12,953; Smith v. Burnham, 3 Sumn. | A grub-stake contract is an agreement between two or more persons to thereafter locate mines upon the public domain by their joint aid, effort, labor, or expense, whereby each is to acquire, by virtue of the act of location, such an interest in the mine as is agreed on in the contract. The title accrues to each as an original locator, though the location be made in the name of one or more of the parties only. Each party to the grub-stake contract not named in the location notice becomes, nevertheless, an equitable owner and tenant in common with those named. A grub-stake contract, though oral, is not within the statute of frauds. | What is a grubstake contract? | 021488.docx | LEGALEASE-00145009-LEGALEASE-00145010 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3034 | Blake v. Samuelson, 34 Colo. App. 183 | 302+48 | C.R.C.P. 8(a) provides that a complaint shall contain, inter alia: "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Under this rule pleadings need only serve notice of the claim asserted and need not express a complete recitation of all the facts which support the cause of action. Rasmussen v. Freehling, 159 Colo. 414, 412 P.2d 217. | Under rule providing that a complaint shall contain a short and plain statement of claim showing that pleader is entitled to relief, pleadings need only serve notice of claim asserted and need not express a complete recitation of all facts which support the cause of action. Rules of Civil Procedure, rule 8(a). | Should pleadings only serve notice of the claim asserted? | Pleading - Memo 425 - RMM.docx | ROSS-003289062-ROSS-003289063 | SA, Sub | 0.19 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3035 | Teva Pharm. Indus. v. Ruiz, 181 So. 3d 513 | 307A+680 | In ruling on a motion to dismiss for lack of jurisdiction, the complaint must first be examined to determine whether it alleges a basis for jurisdiction under section 48.193, Florida Statutes (2009). See Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So.2d 598, 601 (Fla. 2d DCA 2007). The plaintiff may either track the language of section 48.193 without pleading supporting facts, or the plaintiff may allege "specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193." Id. Section 48.193(1) provides as follows:Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.....(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:1. The defendant was engaged in solicitation or service activities within this state; or2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use. | In ruling on a motion to dismiss for lack of jurisdiction, the complaint must first be examined to determine whether it alleges a basis for jurisdiction under long-arm statute; a plaintiff may either track the language of statute without pleading supporting facts, or the plaintiff may allege specific facts that demonstrate that the defendant's actions fit within one or more subsections of statute. West's F.S.A. S 48.193. | "In ruling on a motion to dismiss for lack of jurisdiction, must the complaint first be examined to determine whether it alleges a basis for jurisdiction under long-arm statute?" | 032663.docx | LEGALEASE-00144427-LEGALEASE-00144428 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3036 | Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | In the third category, when the parties submit competing evidence such as affidavits or an affidavit and a verified complaint "the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." N.C. R. Civ. P. 43(e) (2015); see also Bruggeman, 138 N.C.App. at 615, 532 S.E.2d at 217 ("If the exercise of personal jurisdiction is challenged by a defendant, a trial court may hold an evidentiary hearing including oral testimony or depositions or may decide the matter based on affidavits.") (citation omitted). When the trial court decides the motion on affidavits, "[t]he trial judge must determine the weight and sufficiency of the evidence [presented in the affidavits] much as a juror."Fungaroli v. Fungaroli, 51 N.C.App. 363, 367, 276 S.E.2d 521, 524 (1981). Even when the trial court is required to weigh evidence, it is not required to make findings of fact unless requested by a party when deciding a motion to dismiss. N.C. R. Civ. P. 52(e) (2015). When the record contains no findings of fact, "it will be presumed that the judge, upon proper evidence, found facts sufficient to support his ruling." Cameron-Brown Co. v. Daves, 83 N.C.App. 281, 285, 350 S.E.2d 111, 114 (1986) (citation omitted). "Where such presumed findings are supported by competent evidence, they are deemed conclusive on appeal, despite the existence of evidence to the contrary." Data Gen., 143 N.C.App. at 101, 545 S.E.2d at 246. | When a trial court decides a motion to dismiss for lack of personal jurisdiction on affidavits submitted by each party, the trial judge must determine the weight and sufficiency of the evidence presented in the affidavits, much as a juror. | Must a trial judge determine the weight and sufficiency of evidence presented in the affidavits when the court decides a motion to dismiss for lack of personal jurisdiction on affidavits? | 032673.docx | LEGALEASE-00144340-LEGALEASE-00144341 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3037 | First Horizon Merch. Servs. v. Wellspring Capital Mgmt., 166 P.3d 166 | 307A+36.1 | "Where a plaintiff has failed to present facts that show how personal jurisdiction might be established if discovery were permitted, it is not an abuse of discretion to deny discovery on the issue." Wenz v. Nat'l Westminster Bank, PLC, supra, 91 P.3d at 469; see also Wyatt v. Kaplan, 686 F.2d 276, 284 (5th Cir.1982) ("Discovery on matters of personal jurisdiction, therefore, need not be permitted unless the motion to dismiss raises issues of fact."). | Where a plaintiff has failed to present facts that show how personal jurisdiction might be established if discovery were permitted, it is not an abuse of discretion to deny discovery on the issue. | "Where a plaintiff has failed to present facts that show how personal jurisdiction might be established if discovery were permitted, is it not an abuse of discretion to deny discovery on the issue?" | 032683.docx | LEGALEASE-00144245-LEGALEASE-00144246 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 3038 | Classic Commercial Servs. v. Baldwin, 336 Ga. App. 183 | 307A+554 | A defendant moving to dismiss for lack of personal jurisdiction bears the burden of proving the absence of jurisdiction. To meet that burden, the defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. When examining and deciding jurisdictional issues on a motion to dismiss, a trial court has discretion to hear oral testimony or to decide the motion on the basis of affidavits and documentary evidence alone pursuant to OCGA " 9"11"43(b). | When moving to dismiss for lack of personal jurisdiction, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. West's Ga.Code Ann. S 9-11-43(b). | "When moving to dismiss for lack of personal jurisdiction, can the plaintiff not rely on mere allegations?" | 032697.docx | LEGALEASE-00143959-LEGALEASE-00143960 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 3039 | Krinitt v. Idaho Dep't of Fish & Game, 398 P.3d 158 | 307A+746 | The decision of whether to impose sanctions for violating a scheduling order "is within the district court's discretion ... and we will not overturn such a decision absent a manifest abuse of that discretion." Lepper, 160 Idaho at 109, 369 P.3d at 887. Here, the district court noted that the decision to impose sanctions for violating its scheduling order was within its discretion. The court also noted that under the applicable legal principles an affirmative defense may be raised for the first time in a motion for summary judgment as long as it is raised before trial and with time for the opposing party to present argument in opposition. Fuhriman, 143 Idaho at 803, 153 P.3d at 483. | The decision of whether to impose sanctions for violating a scheduling order is within a district court's discretion and an appellate court will not overturn such a decision absent a manifest abuse of that discretion. Idaho R. Civ. P. 16(i), 37(b)(2)(B) (2015). | Is the decision of whether to impose sanctions for violating a scheduling order within a district court's discretion and such a decision will not be overturned absent a manifest abuse of discretion? | 033109.docx | LEGALEASE-00144115-LEGALEASE-00144116 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 3040 | Bobick v. Cmty. & S. Bank, 321 Ga. App. 855 | 307A+554 | Bobick further contends that the trial court erred in dismissing her counterclaims against First National. Bobick maintains that she was not required to exhaust administrative remedies under FIRREA before bringing her counterclaims, and that, as a result, the superior court had subject matter jurisdiction to hear those claims and should not have dismissed them. We do not agree. A motion to dismiss for lack of subject matter jurisdiction can allege either a facial challenge, in which the court accepts as true the allegations on the face of the complaint or counterclaim, or a factual challenge, which requires consideration of evidence beyond the face of the complaint or counterclaim. | A motion to dismiss for lack of subject matter jurisdiction can allege either a facial challenge, in which the court accepts as true the allegations on the face of the complaint or counterclaim, or a factual challenge, which requires consideration of evidence beyond the face of the complaint or counterclaim. | Can a motion to dismiss for lack of subject matter jurisdiction allege a facial challenge? | Pretrial Procedure - Memo # 6172 - C - KG.docx | ROSS-003316570-ROSS-003316571 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3041 | Laibe Corp. v. Gen. Pump & Well, 317 Ga. App. 827 | 307A+554 | Furthermore, as to General's argument that consideration of the written agreement would have converted the motion to dismiss into a motion for summary judgment, although this might have been true as to Laibe's 12(b)(6) arguments for failure to state a claim upon which relief can be granted. The consideration of matters outside the pleadings on a 12(b)(2) or 12(b)(3) motion to dismiss for lack of personal jurisdiction or improper venue does not convert the motion to one for summary judgment. Thus, the trial court erred in holding that it could not consider the sales contract when deciding whether to grant Laibe's motion to dismiss. | The consideration of matters outside the pleadings on a motion to dismiss for lack of personal jurisdiction or improper venue does not convert the motion to one for summary judgment. (Per Dillard, J., with two judges concurring in result only.) West's Ga.Code Ann. S 9-11-12(b)(2, 3). | Does the consideration of matters outside the pleadings on a motion to dismiss for lack of personal jurisdiction or improper venue not convert the motion to one for summary judgment? | Pretrial Procedure - Memo # 6470 - C - KG.docx | ROSS-003329688-ROSS-003329689 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3042 | Gucfa v. King, 865 A.2d 328 | 307A+560 | Rule 4(l) requires service of the summons and complaint to occur within 120 days after commencement of the action. By a plain reading of the rule, if service is not made within 120 days the case shall be dismissed, unless good cause can be shown for why service was not made within that period. The rule imposes the obligation on plaintiff's counsel to exercise reasonable diligence to effectuate service promptly. Super.R.Civ.P. 4 Committee Notes. If good cause cannot be shown, Rule 4(l) requires dismissal, allowing the motion justice no discretion to do anything other than to dismiss the case without prejudice. In our review of the proper application of Rule 4(l), we reach the same conclusion as the second motion justice-unless plaintiff can show good cause, his complaint must be dismissed for failing to make service within 120 days | If good cause cannot be shown for the plaintiff's failure to serve the defendant within 120 days of filing the complaint, the trial court has no discretion to do anything other than to dismiss the case without prejudice. Superior Court Rules Civ.Proc., Rule 4(l). | "If good cause cannot be shown for the plaintiff's failure to serve the defendant within 120 days of filing the complaint, does the trial court have no discretion to do anything other than to dismiss the case without prejudice?" | 034208.docx | LEGALEASE-00144729-LEGALEASE-00144730 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3043 | In re Peoples, 296 N.C. 109 | 307A+552 | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); People ex rel. Wallace v. Labrenz, 411 Ill. 618, 104 N.E.2d 769, Cert. denied 344 U.S. 824, 73 S.Ct. 24, 97 L.Ed. 642 (1952); 20 Am.Jur.2d Courts s 81 (1965). | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Should an action be dismissed if the issues before a court become moot at any time during the course of the proceedings? | 034251.docx | LEGALEASE-00144767-LEGALEASE-00144768 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 3044 | Cty. of Shelby v. McWherter, 936 S.W.2d 923 | 13+6 | Our Supreme Court has stated that a court should not "pass on the constitutionality of a statute, or any part of one, unless absolutely necessary for the determination of the case and of the present rights of the parties to the litigation." Estrin, 430 S.W.2d at 352 (quoting West v. Carr, 212 Tenn. 367, 381, 370 S.W.2d 469 (1963)). A moot case is one which has lost its character as a present, live controversy. McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn.App.1994). A case will generally be considered moot when the prevailing party will be provided no meaningful relief from a judgment in its favor. Id. To avoid being dismissed as moot, cases or issues must be justiciable not only when a case is first filed but must remain justiciable throughout the entire course of the litigation, including the appeal. Id. | Moot case is one which has lost its character as present, live controversy; case will generally be considered moot when prevailing party will be provided no meaningful relief from judgment in its favor, and, to avoid being dismissed as moot, cases or issues must be justiciable not only when case is first filed but must remain justiciable throughout entire course of litigation, including appeal. | Should cases or issues must be justiciable not only when a case is first filed but must remain justiciable throughout the entire course of the litigation in order to avoid being dismissed as moot ? | Pretrial Procedure - Memo # 6713 - C - VP.docx | ROSS-003288444-ROSS-003288445 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 3045 | Chacha v. Transp. USA, 78 So. 3d 727 | 307A+583 | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed "a fraud on the court which permeates the entire proceedings." See McKnight v. Evancheck, 907 So.2d 699, 700 (Fla. 4th DCA 2005). In Arzuman v. Saud, 843 So.2d 950 (Fla. 4th DCA 2003), we explained: | A trial court has the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings. | Does a trial court have the inherent authority to dismiss a plaintiff's entire case when there is clear and convincing evidence that the plaintiff has committed a fraud on the court which permeates the entire proceedings? | 034449.docx | LEGALEASE-00144338-LEGALEASE-00144339 | Condensed, SA | 0.39 | 0 | 1 | 0 | 1 | |
| 3046 | Hechtman v. Savitsky, 62 Conn. App. 654 | 307A+552 | We first must address the issue of mootness, which arose at oral argument and concerns a foreclosure action of the mortgage. The question is whether the withdrawal of the foreclosure action rendered the present case moot. Mootness implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. See Fiddelman v. Redmon, 59 Conn.App. 481, 483, 757 A.2d 671 (2000). The following facts relate to whether we have jurisdiction to hear the present case. | Mootness implicates subject matter jurisdiction, which imposes a duty on a court to dismiss a case if a court can no longer grant practical relief to the parties. | "Does mootness implicate subject matter jurisdiction, which imposes a duty on a court to dismiss a case if a court can no longer grant practical relief to the parties?" | Pretrial Procedure - Memo # 7353 - C - VA.docx | ROSS-003288665-ROSS-003288666 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3047 | Adkins v. Labor Ready, 303 F.3d 496 | 83+80.5 | In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir.1991).Adkins contests the second element, denying the existence of a binding contract to arbitrate this dispute. | Litigant can compel arbitration under the Federal Arbitration Act (FAA) if he can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute. 9 U.S.C.A. S 1 et seq. | Can litigants compel arbitration under the Federal Arbitration Act (FAA)? | 007755.docx | LEGALEASE-00146414-LEGALEASE-00146415 | SA, Sub | 0.24 | 0 | 0 | 1 | 1 | |
| 3048 | Adams v. Reed, 138 Idaho 36 | 307A+746 | The trial court's discretion is not unfettered, however, particularly where the ultimate sanction, dismissal of a party's claim, has been imposed. In Ashby v. W. Council, Lumber Prod. & Indus. Workers, 117 Idaho 684, 791 P.2d 434 (1990), the Idaho Supreme Court enumerated factors that must be expressly considered by the trial court in deciding whether dismissal with prejudice is warranted: The two primary factors are a clear record of delay and ineffective lesser sanctions, which must be bolstered by the presence of at least one "aggravating" factor, including: 1) delay resulting from intentional conduct, 2) delay caused by the plaintiff personally, or 3) delay causing prejudice to the defendant. The consideration of these factors must appear in the record in order to facilitate appellate review. | In deciding whether dismissal with prejudice is warranted for failure to comply with discovery orders or pretrial orders, and for failure to seasonably supplement responses to discovery, court considers two primary factors of clear record of delay and ineffective lesser sanctions, which must be bolstered by presence of at least one aggravating factor, including: (1) delay resulting from intentional conduct; (2) delay caused by plaintiff personally; or (3) delay causing prejudice to defendant. | Should the trial court's consideration of factors supporting imposition of the most severe sanctions appear in the record in order to facilitate appellate review? | 034102.docx | LEGALEASE-00145312-LEGALEASE-00145313 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 3049 | Jancauskas v. Tow Motor Corp., 126 Ill. App. 2d 289 | 307A+746 | The pretrial conference is a technique to promote the disposition of litigation by cooperation and agreement. The purpose of the sanctions of Supreme Court Rule 219(c) (Ill.Rev.Stat.1967, ch. 110A, sec. 219 (c)) is to coerce this cooperation rather than to dispose of litigation as a form of punishment. The record in the instant case fails to show any act on the part of plaintiff to warrant so drastic a punishment. | Purpose of sanctions of Supreme Court Rule for failure of party to appear for pretrial conference is to coerce corporation rather than to dispose of litigation as a form of punishment. S.H.A. ch. 110, S 59; Supreme Court Rules, rule 219(c), S.H.A. ch. 110A, S 219(c). | Is the purpose of sanctions of the Supreme Court Rule for failure of a party to appear for a pretrial conference is to coerce a corporation rather than to dispose of litigation as a form of punishment? | 034334.docx | LEGALEASE-00145677-LEGALEASE-00145678 | Condensed, SA, Sub | 0.36 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3050 | Salifu v. Ward, 1998 Mass. App. Div. 273 | 307A+560 | Thus dismissal on the grounds of "an alleged defect in service ... due to a minor, technical error" has been upheld by Federal appellate courts only where "actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules" has been demonstrated. Libertad v. Welch, 53 F.3d 428, 440 (1st Cir.1995). See also, Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir.1993); United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984). A defect in a summons served upon a defendant does not warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend. Libertad v. Welch, supra at 440. | A defect in a summons served upon a defendant does not warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend. M.G.L.A. c. 223, S 84; M.G.L.A. c. 231, S 51; Mass.R.Civ.P. 4(g). | Does a defect in a summons served upon a defendant warrant dismissal for insufficiency of service of process where the defendant receives notice of the lawsuit and is not deprived of an opportunity to defend? | 034668.docx | LEGALEASE-00145383-LEGALEASE-00145384 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 3051 | Wheeler v. Hajianpour, 688 So. 2d 423 | 307A+563 | The trial court did not indicate in the order upon which ground the dismissal was predicated. We reverse the dismissal with prejudice for failure to comply with the administrative order, if it were indeed based upon this ground, as too harsh a sanction under the circumstances. Dismissal of a litigant's action with prejudice as a sanction for failing to comply with a court order has generally been frowned upon by the courts, except in the most egregious circumstances of intentional defiance and contumacious disregard of the court's authority (a circumstance not present in the instant case). See Whiteside v. Whiteside, 468 So.2d 407 (Fla. 4th DCA 1985), cited with approval in, Epps v. Hartley, 495 So.2d 921 (Fla. 4th DCA 1986). | Dismissal of action with prejudice as sanction for failing to comply with court order has generally been frowned upon by courts, except in most egregious circumstances of intentional defiance and contumacious disregard of court's authority. | Has dismissal of action with prejudice as a sanction for failing to comply with a court order generally been frowned upon by courts? | 035094.docx | LEGALEASE-00146059-LEGALEASE-00146060 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 3052 | Bejda v. SGL Indus., 73 Ill. App. 3d 484 | 307A+563 | There is no doubt, however, that a trial court does possess the inherent power to dismiss a cause for failure of a party to take some step as ordered where no sufficient excuse is provided. (Leonard v. Garland (1911), 252 Ill. 300, 96 N.E. 819; Van Tieghem v. Sushenka (1929), 254 Ill.App. 409; McClay v. Williamson (1928), 247 Ill.App. 141.) We are thus brought to the ultimate question as to whether the trial court properly exercised its inherent power when it dismissed plaintiffs' action against Gerbing. | Trial court possesses inherent power to dismiss cause for failure of party to take some step as ordered where no sufficient excuse is provided. S.H.A. ch. 110, S 37, Supreme Court Rules, rules 201-219, S.H.A. ch. 110A, SS 201-219. | Does a trial court possess an inherent power to dismiss cause for failure of a party to take some step as ordered where no sufficient excuse is provided? | 035161.docx | LEGALEASE-00145774-LEGALEASE-00145775 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3053 | In re Risk Level Determination of J.V., 741 N.W.2d 612 | 13+6 | Mootness can be described as "the doctrine of standing set in a time frame: the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Kahn, 701 N.W.2d at 821 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 708"09, 145 L.Ed.2d 610 (2000)). To show a personal interest, a party must demonstrate "a direct and personal harm." Nordvick v. Comm'r of Pub. Safety, 610 N.W.2d 659, 662 (Minn.App.2000). If a party lacks the requisite personal interest and the court is unable to grant "effectual relief," the issue raised is deemed to be moot and may be dismissed. Kahn, 701 N.W.2d at 821. | If a party lacks the requisite personal interest and the court is unable to grant "effectual relief," the issue raised is deemed to be moot and may be dismissed. | Is the issue raised deemed to be moot if a party lacks the requisite personal interest and the court is unable to grant effectual relief? | Pretrial Procedure - Memo # 7217 - C - ES.docx | ROSS-003315574-ROSS-003315575 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 3054 | Causey v. Caterpillar Mach. Corp., 822 So. 2d 188 | 13+70 | La. C.C.P. art. 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court on the record of the suit, with the exception of formal discovery; and (3) that the step be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp. of La., 2001-2056, p. 4 (La.4/3/02), 813 So.2d 335, 338. A party takes a step in the prosecution or defense of an action when "he takes formal action before the court intended to hasten the matter to judgment," or takes a deposition with or without formal notice. Id.; Clark v. State Farm Mut. Auto Ins. Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. However, there are two exceptions: (1) a plaintiff-oriented one, based on contra non valentum, that applies when the failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgement, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, p. 7, 785 So.2d at 784-785. The latter exception is not applicable in this case, as Caterpillar's action in petitioning this court to rule that plaintiff's action be deemed abandoned is not inconsistent with Caterpillar's intent to treat the case as abandoned. | Only two categories of causes outside the record satisfy the jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. LSA-C.C.P. art. 561. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes a deposition with or without formal notice?" | 035269.docx | LEGALEASE-00146012-LEGALEASE-00146013 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3055 | Matter of Lawrance, 579 N.E.2d 32 | 13+6 | While Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies, the Indiana Constitution does not contain any similar restraint. Thus, although moot cases are usually dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest." See, e.g., Indiana Educ. Employment Relations Bd. v. Mill Creek Classroom Teachers Ass'n (1983), Ind., 456 N.E.2d 709, 711"12; State ex rel. Smitherman v. Davis (1958), 238 Ind. 563, 151 N.E.2d 495; State ex rel. Gregory v. Boyd (1909), 172 Ind. 196, 87 N.E. 140. Cases found to fall within the public interest exception typically contain issues likely to recur. See, e.g., Mill Creek Teachers Ass'n, 456 N.E.2d at 712; Smitherman, 238 Ind. at 568, 151 N.E.2d at 497. The instant case falls within this exception to our general rule. The public interest at stake is demonstrated in part by the great number of high quality amicus briefs submitted to this Court. These briefs suggest that, irrespective of the death of the patient in this litigation, many Indiana citizens, health care professionals, and health care institutions expect to face the same legal questions in the future. We are also persuaded to proceed because of the high caliber of the findings and analysis in Judge Barr's orders. In light of Sue Ann Lawrance's death, however, this Court no longer need address all of the issues in the case as presented by the parties. Cf. City of Jeffersonville v. Louisville & Jeffersonville Bridge Co. (1908), 169 Ind. 645, 656, 83 N.E. 337, 340 (when public questions remain at issue in case otherwise disposed of, Court may select "the essential questions in the case, so far as the record may be said to present them"). | Indiana Constitution does not restrict jurisdiction of Indiana courts to actual cases and controversies or impose similar restrictions, and thus, although moot cases are usually dismissed, moot case may be decided on its merits under exception to general rule when case involves questions of public interest. | Do courts recognize that a case may be decided on its merits under an exception to the general rule when the case involves questions of great public interest? | 035356.docx | LEGALEASE-00145948-LEGALEASE-00145949 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3056 | Cole v. Carnahan, 272 S.W.3d 392 | 307A+552 | Furthermore, even if Mr. Cole met his burden of showing that the summaries were insufficient or unfair, the remedy allowed under section 116.190 could not be effectually granted. Section 115.125.2, RSMo Cum.Supp.2007, provides that except for the death of a candidate, "[n]o court shall have the authority to order an individual or issue be placed on the ballot less than six weeks before the date of the election." See State ex rel. Nixon v. Blunt, 135 S.W.3d 416, 419"20 (Mo. banc 2004) (courts are not free to give authority to make changes in the ballot less than six weeks before the election). "The provisions of section 115.125 are mandatory, not directory." State ex rel. Referendum Petitioners Comm. Regarding Ordinance No. 4639 v. Lasky, 932 S.W.2d 392 (Mo. banc 1996). After the six-week deadline, judicial relief is limited to an election contest. State ex rel. Brown v. Shaw, 129 S.W.3d 372, 374 n. 2 (Mo. banc 2004); State ex rel. Davis v. City of St. John, 230 S.W.3d 351, 353 (Mo.App. E.D.2007). This case was submitted to this court for review less than six weeks before the November 4, 2008 general election. At this time, the trial court's certification of a corrected official ballot title to the Secretary of State for her certification of the legal notice to election authorities under section 116.240, RSMo 2000, is prohibited by section 115.125.2. Because the trial court has no authority to place an issue on the ballot less than six weeks before the election, a decision by this court on the merits would not have any practical effect on any existing controversy and would be merely an advisory opinion. A case is moot and generally should be dismissed if a judgment rendered has no practical effect upon an existing controversy or when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible. State ex rel. Reed v. Reardon, 41 S.W.3d 470, 473 (Mo. banc 2001); Armstrong v. Elmore, 990 S.W.2d 62, 64 (Mo.App. W.D.1999). | A case is moot and generally should be dismissed if a judgment rendered has no practical effect upon an existing controversy or when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible. | Will a case be moot if a judgment rendered has no practical effect upon an existing controversy? | Pretrial Procedure - Memo # 7325 - C - VP.docx | ROSS-003303520-ROSS-003303522 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 3057 | Bromley Carpet Co. v. Field, 88 Ill. App. 219 | 307A+552 | In re Burdick, 162 Ill. 48, 52, the court say: "It is settled law that while a collusive or fraudulent suit is still pending the court will, at the suggestion of either a party to the record, or a person in interest, or who may be prejudiced by the judgment, or even at the instance of a stranger who appears as amicus curi", or upon its own motion, dismiss such suit out of court." (Citing cases.) | While a collusive or fraudulent suit is still pending, court will, at suggestion of either party to record, or a person in interest, or person who may be prejudiced by judgment, or even at the instance of a stranger who appears as amicus curiae, or on its own motion dismiss such suit out of court. | Will a court on its own motion dismiss a suit out of court while a collusive or fraudulent suit is still pending? | Pretrial Procedure - Memo # 7331 - C - BP.docx | ROSS-003288655-ROSS-003288656 | Condensed, SA | 0.25 | 0 | 1 | 0 | 1 | |
| 3058 | Geico Fin. Serv. v. VRR, 69 Ohio App. 3d 556 | 307A+746 | Before a trial court may dismiss a case with prejudice for failure to appear at a pretrial conference in accordance with a local rule, notice of the dismissal must be given to counsel pursuant to Civ.R. 41(B)(1). Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952. Where a party fails to appear at a pretrial conference, such party must receive notice that the action will be dismissed sua sponte by the court, and if he does not receive such notice, the judgment entered against him may be vacated pursuant to Civ.R. 60(B)(1). See Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 18 OBR 96, 479 N.E.2d 879. | Where party fails to appear at pretrial conference, such party must receive notice that action will be dismissed sua sponte by court, and if he does not receive such notice, judgment entered against him may be vacated. Rules Civ.Proc., Rules 41(B)(1), 60(B)(1). | "Where a party fails to appear at a pretrial conference, must such party receive notice that the action will be dismissed sua sponte by court?" | Pretrial Procedure - Memo # 7387 - C - CK.docx | ROSS-003303056 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 3059 | Molsness v. City of Walla Walla, 84 Wash. App. 393 | 307A+714 | A ruling on a motion for a continuance is reviewed for manifest abuse of discretion. Coggle v. Snow, 56 Wash.App. 499, 504, 784 P.2d 554 (1990). A court does not abuse its discretion if(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact.Turner v. Kohler, 54 Wash.App. 688, 693, 775 P.2d 474 (1989). A continuance is not justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery. Lewis v. Bell, 45 Wash.App. 192, 196, 724 P.2d 425 (1986). | Trial court does not abuse its discretion in denying motion for continuance, sought on grounds that additional discovery is required, if: (1) requesting party does not offer good reason for delay in obtaining the desired evidence; (2) requesting party does not state what evidence would be established through additional discovery; or (3) desired evidence will not raise genuine issue of material fact. | Is a continuance justified if the party fails to support the request with an explanation of the evidence to be obtained through additional discovery? | Pretrial Procedure - Memo # 7392 - C - KI.docx | LEGALEASE-00036151-LEGALEASE-00036152 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3060 | Granados v. Zehr, 979 So. 2d 1155 | 307A+563 | In Ruiz, we held that except in the most extreme cases where it appears that the process of the trial has itself been subverted, simple factual inconsistencies, and "even false statements" are well managed through the use of impeachment and traditional discovery sanctions. See Ruiz, 859 So.2d at 576. Generally speaking, therefore, allegations of inconsistency, nondisclosure, and even falseness, are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action. In the present case Ms. Granados had specifically disclosed the name of her family physician in her responses to discovery. When the appellees took the deposition of that physician, they learned that Ms. Granados had previously sought treatment for a kidney or bladder infection that may have been related to certain pre-accident back problems and headaches. There was also testimony that Ms. Granados believed she might have cancer since she "hurt all over" and wanted a thorough check up to eliminate that possibility. While this might still be considered an inconsistency, a nondisclosure or even a false statement, it quite clearly did not unfairly hamper the preparation of the defense. Ms. Granados was, however, forthcoming in revealing the names of her treating physicians, and the natural consequence of that revelation was that her prior treatment for back pain and headaches was disclosed. | Allegations of inconsistency, nondisclosure, and even falseness are best resolved by allowing the parties to bring them to the jury's attention through cross examination or impeachment, rather than by dismissal of the entire action based on an alleged fraud upon the court. | Are allegations of inconsistency best resolved by allowing the parties to bring them to the jury's attention through cross examination? | Pretrial Procedure - Memo # 7433 - C - TM.docx | ROSS-003288696-ROSS-003288697 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3061 | Martin v. Brooks, 270 A.D.2d 538 | 307A+563 | We affirm. Fundamentally, "[w]here a party in these circumstances disobeys a court order and by his [or her] conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the broad discretion of the trial court" (Zletz v. Wetanson, 67 N.Y.2d 711, 713, 499 N.Y.S.2d 933, 490 N.E.2d 852; see, Kihl v. Pfeffer, 94 N.Y.2d 118, 700 N.Y.S.2d 87, 722 N.E.2d 55; Reynolds Sec. v. Underwriters Bank & Trust Co., 44 N.Y.2d 568, 571"572, 406 N.Y.S.2d 743, 378 N.E.2d 106). Although plaintiffs' noncompliance with the conditional order of dismissal was likely inadvertent, their overall pattern of noncompliance over a two-year period gave rise to an inference of willful and contumacious conduct on their part (see, Robinson Saw Mill Works, Inc. v. Speilman, 265 A.D.2d 604, 605, 696 N.Y.S.2d 277, 278; Lawrence H. Morse Inc. v. Anson, 251 A.D.2d 722, 723, 673 N.Y.S.2d 796). Further, in view of Supreme Court's express provision for receipt, rather than service, of the material within the 30"day period, plaintiffs were not entitled to the five-day extension of CPLR 2103(b)(2). | Fundamentally, where a party disobeys a court order and by his or her conduct frustrates the statutory disclosure scheme, dismissal of the complaint is within the broad discretion of the trial court. | "Where a party disobeys a court order and by his or her conduct frustrates the statutory disclosure scheme, is dismissal of the complaint within the broad discretion of the trial court?" | 034909.docx | LEGALEASE-00146771-LEGALEASE-00146772 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 3062 | Helms v. Alabama Pension Comm'n, 231 Ala. 183 | 296+7 | It is not necessary to support such a law that the claimant be given notice and a hearing by the commission, since technically a pension is a bounty, or gratuity, usually for some public service, and the Legislature may pursue its own course in fixing the machinery for determining those to whom it is granted, and due process does not exist. 48 Corpus Juris 786, " 3, p. 791, " 27; Corkum v. Clark, 263 Mass. 378, 161 N.E. 912. It is the privilege of the Legislature to withdraw its allowance at any time; certainly before it is due. Pennie v. Reis, 132 U.S. 464, 10 S.Ct. 149, 33 L.Ed. 426; Dale v. Governor, 3 Stew. 387; People ex rel. v. Retirement Board, 326 Ill. 579, 158 N.E. 220, 54 A.L.R. 943 notes. | Under statutes providing for pensions to Confederate soldiers, it is not necessary that claimant be given notice and hearing by commission, since technically a "pension" is a bounty on gratuity usually for some public service, and Legislature may pursue its own course in fixing machinery for determining those to whom bounty is granted, and may withdraw allowance at any time, at least before pension is due. Code 1923, SS 2933, 2940, 2960, 2965, 2967. | Is it necessary that a claimant be given notice and hearing when pension rights are to be determined? | Pension - Memo 57 - RK_57643.docx | ROSS-003280731-ROSS-003280732 | SA, Sub | 0.35 | 0 | 0 | 1 | 1 | |
| 3063 | In re Campbell's Estate, 195 Misc. 520 | 296+10 | Pension payments to guardians of incompetent veterans vests title in the ward and discharges the obligation of the United States with respect thereto. Spicer v. Smith, 288 U.S. 430, 53 S.Ct. 415, 77 L.Ed. 875, 84 A.L.R. 1525. However, a pensioner has no vested legal right to his pension; pensions are the bounties of the government which Congress has the right to give, withhold, distribute or recall, at its discretion. 7 A.L.R. 1657, and cases cited therein; Abbott v. Morgenthau, 68 App.D.C. 83, 93 F.2d 242, 245, certiorari denied 303 U.S. 638, 58 S.Ct. 526, 82 L.Ed. 1098. Pension payments must be made and accepted in exact conformity with the terms of the grant, and subject to all of the limitations, conditions and exceptions therein contained. Donnelly v. U. S., 17 Ct.Cl. 105, 108. | Pension payments must be made and accepted in exact conformity with the terms of grant and subject to all the limitations, conditions, and exceptions therein contained. | "Must pension payments be made and accepted in exact conformity with the terms of the grant and be subject to all the limitations, conditions, and exceptions therein contained?" | 022871.docx | LEGALEASE-00147948-LEGALEASE-00147949 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 3064 | Kelly v. Kelly, 2005 WL 1084636 | 307A+581 | Louisiana Code of Civil Procedure article 1672(A)(1) provides that "[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial." When a plaintiff does fail to appear for trial, the court must determine whether the dismissal is to be with or without prejudice. LSA"C.C.P. art. 1672(A), England v. Baird, 99"2093 (La.App. 1 Cir. 11/3/00), 772 So.2d 905, 907. However, a dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal.England v. Baird, 772 So.2d at 908. If the record does not contain evidence of a plaintiff's act of "willfulness, bad faith, or fault," a single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. | A dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal. LSA-C.C.P. art. 1672(A)(1). | Is a dismissal for failure to appear a harsh remedy and should court consider a broad range of less severe alternatives prior to deciding on dismissal? | 035745.docx | LEGALEASE-00147668-LEGALEASE-00147669 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3065 | In re Cty. Treasurer, 2015 IL App (1st) 133693 | 307A+561.1 | A section 2"619 motion to dismiss admits the legal sufficiency of the complaint and raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. Krilich v. American National Bank & Trust Co. of Chicago, 334 Ill.App.3d 563, 570, 268 Ill.Dec. 531, 778 N.E.2d 1153 (2002). Affirmative matter "refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." | "Affirmative matter" supporting a motion to dismiss based upon defects or defenses refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619. | Would an affirmative matter refute crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint? | Pretrial Procedure - Memo # 7626 - C - KS.docx | ROSS-003286374 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3066 | Kirby v. BancorpSouth Bank, 211 So. 3d 704 | 307A+581 | Mississippi Rule of Civil Procedure 41(b) allows a defendant to file a motion to dismiss any claim against him when the plaintiff fails to prosecute. "The purpose of this rule is to provide trial judges the inherent authority to dismiss cases as a means of controlling the court's docket and ensuring expeditious justice." Cornelius v. Benefield, 168 So.3d 1028, 1032 (Miss.Ct.App.2013) (quoting Hanson v. Disotell, 106 So.3d 345, 347 (Miss.2013)). When analyzing whether a Rule 41(b) dismissal is appropriate, this Court looks for the following factors: "(1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding that lesser sanctions would not serve the interests of justice." Id. at 1032"33 (quoting Holder v. Orange Grove Med. Specialties P.A., 54 So.3d 192, 197 (Miss.2010)). "However, past Mississippi practice has tempered this harsh result by allowing dismissed cases to be reinstituted, except in extreme situations." Hensarling v. Holly, 972 So.2d 716, 719"20 (Miss.Ct.App.2007) (quoting Taylor v. GMC, 717 So.2d 747, 748 (Miss.1998)). The law favors a trial of issues on the merits; therefore, a dismissal for want of prosecution is reluctantly applied. Id. at 720 (citing AT & T v. Days Inn, 720 So.2d 178, 180 (Miss.1998)). | When analyzing whether dismissal for failure to prosecute is appropriate, the court looks for the following factors: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding that lesser sanctions would not serve the interests of justice. Rules Civ.Proc., Rule 41(b). | What factors should the court look when analyzing whether dismissal for failure to prosecute is appropriate? | 10212.docx | LEGALEASE-00094900-LEGALEASE-00094901 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3067 | Guttilla v. Peppino's Food, 125 A.D.3d 604 | 228+145(2) | Pursuant to 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (see Aydiner v. Grosfillex, Inc., 111 A.D.3d 589, 589, 975 N.Y.S.2d 80; Vera v. Soohoo, 99 A.D.3d 990, 992, 953 N.Y.S.2d 615). In order to be relieved of the default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see id. at 992, 953 N.Y.S.2d 615; Frey v. Chiou, 94 A.D.3d 810, 811, 941 N.Y.S.2d 522; Felsen v. Stop & Shop Supermarket Co., LLC, 83 A.D.3d 656, 656, 919 N.Y.S.2d 883). Here, the plaintiff demonstrated both a reasonable excuse for his default and a potentially meritorious cause of action (see Baez v. Mohamed, 10 A.D.3d 623, 624, 781 N.Y.S.2d 612). Accordingly, the Supreme Court improvidently exercised its discretion in dismissing the action. | A court may enter default and dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar; in order to be relieved of the default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action. N.Y.Ct.Rules, S 202.27. | Can a court dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar? | Pretrial Procedure - Memo # 7699 - C - NE.docx | ROSS-003286539-ROSS-003286540 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 3068 | Ward v. Levin, 161 Cal. App. 3d 1026 | 388+13(1) | That rule, and the basis therefor, are expressed by the Supreme Court as follows: "Section 1141.20 [Code of Civil Procedure] provides that, after the arbitrator's decision has been filed, a party who is not satisfied with the award must initiate the process which will bring the case to trial by making a timely request for a trial de novo. Once such a request has been made, this section requires that a case be calendared for trial in the order of priority it held before arbitration. Since the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court sua sponte to recalendar the trial in "the same place ... it had prior to arbitration." In compliance with this statutory mandate, and in order to ensure that the plaintiff will retain the benefit of the amount of time remaining in the five-year period when the case went into arbitration, that period will remain tolled until the new trial date set by the court.... Where [a party] seeks a trial de novo after arbitration, the trial court should give the matter priority and assign it the earliest possible trial date. The time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583(b). This rule will ensure that the post arbitration trial date retains the same place in relation to the end of the five-year period as was held by the original trial date." (Moran v. Superior Court, supra, 35 Cal.3d 229, 240"242, 197 Cal.Rptr. 546, 673 P.2d 216; latter emphasis added; fn. omitted.) | Where a party seeks a trial de novo after arbitration, trial court should give matter priority and sign at the earliest possible trial date; time between date arbitration award is filed with court and date set for new trial is to be excluded from calculation of five-year limitation period. West's Ann.Cal.C.C.P. S 583(b). | "Where a party seeks a trial de novo after arbitration, should a trial court give a matter priority and sign at the earliest possible trial date?" | Pretrial Procedure - Memo # 7821 - C - TM.docx | ROSS-003300181-ROSS-003300182 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3069 | United States v. Pompey, 445 F.2d 1313 | 34+20.6(6) | In sum, in order to qualify for a ministerial exemption, the registrant must satisfy the following tripartite test: (1) he must show a regularity of religious preaching and teaching; (2) the ministry must be his main and primary calling, his vocation rather than avocation; and (3) his standing in the congregation must be recognized as that of a minister or leader of a group of lesser members. McCoy v. United States, 403 F.2d 896, 900 (5th Cir. 1968); United States v. Hurt, 244 F.2d 46, 50 (3d Cir. 1957); United States v. Simms, 285 F.Supp. 981 (D.Del. 1968). We find that defendant's own evidence was inadequate with respect to the second of these criteria and that a basis in fact therefore existed for the board's denial of a IV-D exemption. | In order to qualify for a "ministerial exemption," registrant must show a regularity of religious preaching and teaching, the ministry must be his main and primary calling, that is his vocation rather than avocation, and his standing in his congregation must be recognized as that of a minister or leader of a group of lesser members. Military Selective Service Act of 1967, SS 6(g), 16(g) (1-3), 50 U.S.C.A. App. SS 456(g), 466(g) (1-3). | How does a registrant qualify for a ministerial exemption? | Armed Services - Memo 314 - RK_58128.docx | ROSS-003283711-ROSS-003283712 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3070 | Thomas v. S. Butte Mining Co., 211 F. 105 | 260+38(14) | Where mining claims which have passed out of the hands of the original owners have stood unchallenged for years, and have been developed to a considerable extent, the certificate of location, if in due form, may be deemed presumptive evidence of discovery and of a valid location. Vogel v. Warsing, 146 Fed. 949, 77 C.C.A. 199; Cheesman v. Hart (C.C.) 42 Fed. 98. But in the absence of such grounds for indulging a presumption in favor of the integrity of the location, it is held that the location notice is, when recorded, prima facie evidence only of what the statute requires it to contain, and which is therein sufficiently set forth. Strepey v. Stark, 7 Colo. 614, 5 Pac. 111; Flick v. Gold Hill & L. Min. Co., 8 Mont. 298, 20 Pac. 807; Bizmarck Gold M. Co. v. North Sunbeam Gold Co., 14 Idaho, 516, 95 Pac. 14. Revised Statutes, Sec. 2324 (U.S. Comp. St. 1901, p. 1435) require that the certificate of location shall contain the names of the locators, the date of the location, and such a description of the claim by reference to some natural object or permanent monument as will identify it. The certificates of prior lode locations submitted in evidence by the appellant complied with the statute under which they were made. But they are not proof of discovery or of the existence of a vein or lode which would justify exploitation, and expecially should this be held where there is no evidence that the claims were ever developed, and that they were not abandoned. | Where mining claims have passed out of the hands of original owners and stood unchallenged for many years, the certificate of location if in due form is presumptive evidence of discovery, but, in the absence of grounds for indulging such presumption, the location notice, when recorded, is only prima facie evidence of the facts which the statute requires to be contained therein. | "Where mining claims have passed out of the hands of the original owners and have stood unchallenged for years, can the certificate of location be deemed presumptive evidence of discovery of a valid location?" | Mines and Minerals - Memo #311 - C - EB_57762.docx | ROSS-003294711-ROSS-003294713 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3071 | Gilbert v. Eckerd Corp. of Florida, 34 So. 3d 773 | 307A+563 | "When reviewing a case for fraud, the court should "consider the proper mix of factors' and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." Cox, 706 So.2d at 46 (quoting Aoude, 892 F.2d at 1117). "Except in the most extreme cases, where it appears that the process of trial has itself been subverted, factual inconsistencies, even false statements are well managed through the use of impeachment and traditional discovery sanctions." Ruiz v. City of Orlando, 859 So.2d 574, 576 (Fla. 5th DCA 2003). | Except in the most extreme cases, where it appears that the process of trial has itself been subverted, factual inconsistencies, even false statements are well managed through the use of impeachment and traditional discovery sanctions rather than dismissal. | Are false statements well managed through the use of impeachment and traditional discovery sanctions rather than dismissal? | 035011.docx | LEGALEASE-00148085-LEGALEASE-00148086 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 3072 | Kohn's Bakery v. Terracciano, 147 N.J. Super. 582 | 307A+563 | There is no doubt at all of the right of a trial judge, as an exercise of discretion, to impose sanctions for violation of the rules or failure to obey the orders of the court, and those sanctions may include dismissal of the action. R. 4:37-2(a), and See Elmora S. & L. Ass'n v. D'Augustino, 103 N.J.Super. 301, 304, 247 A.2d 149 (App.Div.1968). Another rule is specific with respect to both failure to appear and failure to file a required brief. R. 1:2-4. | Trial judge has the right, as an exercise of discretion, to impose sanctions for violation of the rules or failure to obey the orders of the court; such sanctions may include dismissal of the action. R. 1:2-4; R. 4:37-2(a). | "Does a trial judge have the right, as an exercise of discretion, to impose sanctions for a violation of the rules or failure to obey the orders of the court?" | Pretrial Procedure - Memo # 7110 - C - NS_57784.docx | ROSS-003308903-ROSS-003308904 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 3073 | Thompson v. Kentucky Power Co., 551 S.W.2d 815 | 307A+563 | A period of more than eight years had elapsed before the Appellants had made any attempt to prosecute their case. Rule 41.02 of the Kentucky Rules of Civil Procedure provides as follows: "For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him." | Application of rule that a defendant may move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court is a matter that is within discretion of court. CR 41.02. | Is application of rule that a defendant can move for dismissal of an action or of any claim against him for failure of plaintiff to prosecute or to comply with rules or any order of court a matter that is within discretion of court? | 035069.docx | LEGALEASE-00148408-LEGALEASE-00148409 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 3074 | In re Husain, 533 B.R. 658 | 135+4(2) | "Domicile" is a place where one has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning, and were [sic] he exercises his political rights. There must exist in combination the fact of residence and the animus manendi. "Residence" indicates permanency of occupation as distinguished from temporary occupation, but does not include so much as "domicile," which requires an intention continued with residence. Residence has been defined to be a place where a person's habitation is fixed without any present intention of removing therefrom. It is lost by leaving the place where one has acquired a permanent home and removing to another place animo non revertendi, and is gained by remaining in such new place animo manendi. In re Garneau, 127 F. 677, 678"679 (7th Cir.1904) (citations omitted). | "Domicile" is place where one has his true, fixed, permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning, and where he exercises his political rights; there must exist, in combination, the fact of residence and animus manendi, i.e., an intention of remaining. | "Should a combination of the fact of residence and the animus manendi exist in ""domicile""?" | 014530.docx | LEGALEASE-00149327-LEGALEASE-00149328 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 3075 | Lee Cty. v. City of Smithville, 154 Ga. 550 | 92+2435 | The state through its Legislature has as much power and control over the laying out, construction, maintenance, and closing of highways, streets, lanes, and alleys of municipal corporations as over other public highways. The Legislature may change, alter, or abolish at will either municipal highways, or other public highways. The power to have public highways, streets, and roads opened, worked, repaired, improved, or closed may be exercised by the Legislature in such a manner and under such circumstances as it may deem best, subject to no constitutional or other limitation, and it may delegate the power to local inferior bodies, or exercise it through its own agencies. | The power to have public highways, streets, and roads opened, worked, repaired, improved, or closed may be exercised by the Legislature in such a manner and under such circumstances as it may deem best, subject to no constitutional or other limitation, and it may delegate the power to local inferior bodies, or exercise it through its own agencies. | "Can the legislature exercise the power to construct, maintain and close roads?" | 019278.docx | LEGALEASE-00149455-LEGALEASE-00149456 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3076 | Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 307A+690 | "[I]t is clear from the record that the judgment is, in actuality, a judgment of dismissal, with prejudice, entered pursuant to Rule 41(b), Ala. R. Civ. P., on the trial court's own motion. See Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991) (noting that "a court has the inherent power to act sua sponte to dismiss an action for want of prosecution"). However, as Burdeshaw also notes, "[t]he entry of a judgment for a defendant as a matter of law for want of prosecution is a drastic sanction," and because dismissal "is such a drastic sanction, it is to be used only in extreme situations'; thus, an appellate court "carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found." Id. With particular reference to a judgment of dismissal with prejudice for lack of prosecution, our court has held that such a dismissal is proper "only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default." Burton v. Allen, 628 So.2d 814, 815 (Ala.Civ.App.1993)." | A dismissal with prejudice for lack of prosecution is proper only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Is a dismissal with prejudice for lack of prosecution, proper where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default?" | 036390.docx | LEGALEASE-00149341-LEGALEASE-00149342 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3077 | Bagalay v. Lahaina Restoration Found., 588 P.2d 416 | 307A+581 | In general, the federal appellate courts have said that a dismissal of a complaint is such a severe sanction, that it is to be used only in extreme circumstances when there is a "clear record of delay or contumacious conduct . . . and "where lesser sanctions would not serve the best interests of justice." " Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 212 (5th Cir. 1976). Navarro v. Chief of Police, Des Moines, Iowa, 523 F.2d 214 (8th Cir. 1975); Bush v. United States Postal Service, 496 F.2d 42 (4th Cir. 1974); Hassenflu v. Pyke, 491 F.2d 1094 (5th Cir. 1974); Edsall v. Penn Central Transportation Company, 479 F.2d 33 (6th Cir. 1973). Courts have read Rule 41(b), F.R.C.P. to require prosecution with "reasonable diligence" in order for a plaintiff to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). Furthermore, where delay results in actual prejudice to the defendants, and where it is shown that plaintiff's counsel deliberately delayed in prosecuting the case, a dismissal would not constitute an abuse of discretion. Anderson v. Air West, Inc., supra ; Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1965). "The law presumes injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." (citations omitted) Anderson v. Air West, Inc., supra at 524. | In general, dismissal of complaint is such severe sanction that it is to be used only in extreme circumstances where there is clear record of delay or contumacious conduct and where lesser sanctions would not serve best interests of justice. | Is dismissal of a complaint a severe sanction to be used in extreme circumstances and where lesser sanctions would not serve the interests of justice? | Pretrial Procedure - Memo # 7998 - C - SKG_58354.docx | ROSS-003281920-ROSS-003281921 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 3078 | Clark v. Yarbrough, 900 S.W.2d 406 | 307A+581 | A trial court has the authority to dismiss a case for want of prosecution pursuant to Rule 165a or its inherent powers. Ozuna v. Southwest Bio"Clinical Lab., 766 S.W.2d 900, 901 (Tex.App."San Antonio 1989, writ denied). A court may dismiss a case for want of prosecution if the party seeking relief fails to appear for any hearing or trial of which the party had notice, Rule 165a(1); for noncompliance with time standards, Rule 165a(2); or for lack of due diligence, Rule 165a(4). The different kinds of dismissals are cumulative and independent. Id. In the case of a failure to appear, the clerk must send notice of the intention to dismiss and the date and place of the dismissal hearing to each attorney of record and to each party not represented by an attorney and whose address is shown on the docket or in the file papers by posting same in the United States Postal Service. Rule 165a(1). To seek reinstatement of the case, the movant or his attorney must set forth the grounds for reinstatement in a verified motion filed with the clerk within thirty days after the dismissal order is signed. The court must reinstate the case if, on the hearing, it is established that the failure to appear was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. Rule 165a(3). | Court may dismiss case for want of prosecution if party seeking relief fails to appear for any hearing or trial of which party has notice, for noncompliance with time standards, or for lack of due diligence and each different kind of dismissal is cumulative and independent. Vernon's Ann.Texas Rules Civ.Proc., Rules 165a, 165a, subds. 1, 2, 4. | Will court dismiss a case for want of prosecution for failure of a party to comply with the time standards set by the Court? | Pretrial Procedure - Memo # 8064 - C - DHA_58741.docx | ROSS-003279188-ROSS-003279189 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3079 | Hanson v. Disotell, 106 So. 3d 345 | 307A+563 | We do not reverse trial judges who grant Rule 41(b) dismissals unless we find that, in so doing, they abused their discretion. And this Court has held that either delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b), provided that the trial judge finds that a lesser sanction would not serve the best interests of justice. Lesser sanctions may include ""fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." " | Lesser sanctions than dismissal for a plaintiff's delay or contumacious conduct may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rules Civ.Proc., Rule 41(b). | "Will lesser sanctions include fines, costs, or damages against the plaintiff or the counsel?" | Pretrial Procedure - Memo # 8103 - C - NS_58436.docx | ROSS-003326285-ROSS-003326286 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 3080 | Wells Fargo Bank v. Country Place Condo. Ass'n, 304 Mich. App. 582 | 307A+622 | This Court reviews de novo a circuit court's decision on cross-motions for summary disposition. Walsh v. Taylor, 263 Mich.App. 618, 621, 689 N.W.2d 506 (2004). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim and should only be granted if: (1) the pleadings fail to state a claim on which relief may be granted and (2) no factual development could justify the claim for relief. Spiek v. Dep't of Transp., 456 Mich. 331, 337, 572 N.W.2d 201 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(9) tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. A defense to a claim is invalid for the purposes of MCR 2.116(C)(9) when the defendant's pleadings are so clearly untenable that as a matter of law no factual development could possibly deny the plaintiff's right to recovery. [Payne v. Farm Bureau Ins., 263 Mich.App. 521, 525, 688 N.W.2d 327 (2004) (quotation marks and citations omitted).]. | A motion for summary disposition for alleged failure to state a valid defense against a claim asserted tests the sufficiency of the defendant's pleadings, and is appropriately granted where the defendant has failed to state a valid defense to a claim. MCR 2.116(C)(9). | Does a motion for summary disposition for alleged failure to state a valid defense against a claim asserted test the sufficiency of the defendant's pleadings? | 036733.docx | LEGALEASE-00150030-LEGALEASE-00150031 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3081 | England v. Baird, 1999-2093 (La. App. 1 Cir. 11/3/00) | 307A+581 | The federal case law affords more liberal access to courts for a prisoner bringing a civil action. Jurisprudence consistently finds that, despite the restrictions on a prisoner's ability personally to conduct a civil case, a trial court may not lightly dismiss an incarcerated individual's suit for failure to prosecute. Hernandez v. Whiting, 881 5 F.2d 768 (9th Cir.1989). A dismissal for failure to prosecute is a harsh sanction that turns counter to the policy of the law favoring the disposition of cases on their merits. Accordingly, such dismissal should be used only in extreme situations where a plaintiff has engaged in "a clear pattern of delay or contumacious conduct." Holt v. Pitts, 619 F.2d 558 (6th Cir.1980). A dismissal for failure to prosecute constitutes error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal. Heidelberg v. Hammer, 577 F.2d 429 (7th Cir.1978). | A dismissal for failure to prosecute constitutes error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal. | Does a dismissal for failure to prosecute constitute error if the trial court has not considered a broad range of less severe alternatives prior to entering dismissal? | 036793.docx | LEGALEASE-00150000-LEGALEASE-00150001 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3082 | Garcia v. Barreiro, 115 S.W.3d 271 | 307A+697 | When a case is dismissed for want of prosecution, "the court shall reinstate the case upon finding, after a hearing, that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex.R. Civ. P. 165a(3). The operative standard is essentially the same as that for setting aside a default judgment. Smith v. Babcock & Wilcox Const. Co., Inc., 913 S.W.2d 467, 468 (Tex.1995). A failure to appear is not intentional or due to conscious indifference within the meaning of the rule merely because it is deliberate; it must also be without adequate justification. Proof of such justification"accident, mistake or other reasonable explanation"negates the intent or conscious indifference for which reinstatement can be denied. Id.; Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 84 (Tex.1992). Also, conscious indifference means more than mere negligence. Smith, 913 S.W.2d at 468; Ivy v. Carrell, 407 S.W.2d 212, 213 (Tex.1966). | Failure to appear is not intentional or due to conscious indifference, such as would preclude reinstatement of a case that has been dismissed for want of prosecution, merely because it is deliberate; it must also be without adequate justification such as accident, mistake, or other reasonable explanation, and proof of such justification negates the intent or conscious indifference for which reinstatement can be denied. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 3. | "Is failure to appear intentional or due to conscious indifference, merely because it is deliberate?" | 036771.docx | LEGALEASE-00150110-LEGALEASE-00150111 | Order, SA | 0.56 | 1 | 0 | 0 | 1 | |
| 3083 | Hanlin v. Saugatuck Twp., 299 Mich. App. 233 | 307A+681 | This Court reviews de novo a trial court's decision on a motion for summary disposition. Moser v. Detroit, 284 Mich.App. 536, 538, 772 N.W.2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the allegations of the pleadings alone. Feyz v. Mercy Mem. Hosp., 475 Mich. 663, 672, 719 N.W.2d 1 (2006). All well-pleaded allegations must be accepted as true and construed in the light most favorable to the nonmoving party. Cummins v. Robinson Twp., 283 Mich.App. 677, 689, 770 N.W.2d 421 (2009). Only when no factual development could possibly justify recovery, should the motion be granted. Feyz, 475 Mich. at 672, 719 N.W.2d 1. | A motion for summary disposition for failure to state a claim on which relief can be granted tests the legal sufficiency of the complaint on the allegations of the pleadings alone. MCR 2.116(C)(8). | Does a motion for summary disposition on the basis of failure to state a claim test the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted? | 036805.docx | LEGALEASE-00150064-LEGALEASE-00150065 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3084 | Banks v. Bordeaux Long Term Care, 465 S.W.3d 141 | 307A+622 | 2345 The standards by which our courts should assess a Rule 12.02(6) motion to dismiss are well-established. See Phillips v. Montgomery Cnty., 442 S.W.3d 233, 237 (Tenn.2014); Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422, 426 (Tenn.2011). As stated by the Supreme Court in Phillips v. Montgomery Cnty.:A motion to dismiss based upon Tennessee Rule of Civil Procedure 12.02(6) requires a court to determine if the pleadings state a claim upon which relief may be granted. Tenn. R. Civ. P. 12.02(6); Cullum v. McCool, 432 S.W.3d 829, 832 (Tenn.2013). A Rule 12.02(6) motion challenges "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." Webb v. Nashville Area Habitat for Humanity, Inc., 346 S.W.3d 422, 426 (Tenn.2011). A defendant filing a motion to dismiss "admits the truth of all the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action." Id. (quoting Brown v. Tenn. Title Loans, Inc., 328 S.W.3d 850, 854 (Tenn.2010)) (alteration in original) (internal quotation marks omitted). The resolution of such a motion is determined by examining the pleadings alone. Id. | A motion to dismiss for failure to state a claim upon which relief may be granted challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. Rules Civ.Proc., Rule 12.02(6). | Can a motion to dismiss for failure to state a claim upon which relief be granted challenge only the legal sufficiency of the complaint? | 036808.docx | LEGALEASE-00150102-LEGALEASE-00150103 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3085 | The Florida Bar v. Greene, 926 So. 2d 1195 | 307A+680 | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. See, e.g., Ralph v. City of Daytona Beach, 471 So.2d 1, 2 (Fla.1983) ("For the purposes of a motion to dismiss ... allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff."). Dismissal may be based on various grounds, including failure of the complainant to abide by the applicable rules of procedure. See, e.g., Fla. Bar v. Rubin, 362 So.2d 12 (Fla.1978). A ruling on a motion to dismiss based on a pure question of law is subject to de novo review. See, e.g., Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000) ("A trial court's ruling on a motion to dismiss based on a question of law is subject to de novo review."). | A motion to dismiss is designed to test the legal sufficiency of the complaint, not to determine factual issues, and the allegations of the complaint must be taken as true and all reasonable inferences therefrom construed in favor of the nonmoving party. | Is the purpose of a motion to dismiss is to test the legal sufficiency of a complaint and not to determine factual issues? | Pretrial Procedure - Memo # 8352 - C - KI_58864.docx | ROSS-003296235-ROSS-003296236 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 3086 | Spence v. Spence, 368 S.C. 106 | 307A+561.1 | Owner 2 correctly cites the principle that an affirmative defense ordinarily may not be asserted in a motion to dismiss under Rule 12(b)(6) unless the allegations of the complaint demonstrate the existence of the affirmative defense. See Crocker v. Barr, 295 S.C. 195, 197, 367 S.E.2d 471, 472 (Ct.App.1988) (stating the general principle), overruled on other grounds, 305 S.C. 406, 409 S.E.2d 368 (1991). This rule arises out of the notion that consideration of an affirmative defense usually requires reference to factual allegations and matters which are beyond the scope of allegations set forth in the complaint. Therefore, because the factual analysis of a Rule 12(b)(6) motion is confined to the four corners of the complaint, an affirmative defense usually must be pled in an answer and either resolved in later motions such as summary judgment or directed verdict or at trial. 5 Wright and Miller, Federal Practice and Procedure Civil 3d, " 1277 (2004). | Because the factual analysis of a motion to dismiss for failure to state a claim is confined to the four corners of the complaint, an affirmative defense usually must be pled in an answer and either resolved in later motions such as summary judgment or directed verdict or at trial. Rules Civ.Proc., Rule 12(b)(6). | Why should an affirmative defense be pled in an answer or either resolved in later motions? | 037427.docx | LEGALEASE-00150664-LEGALEASE-00150665 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 3087 | C.L. v. State Dep't of Soc. & Health Servs., 2017 WL 3587372 | 3.77E+10 | The charging information regarding the intimidation counts alleged that C.L. communicated a threat to Landis with the intent to place Landis in fear of retaliation for a prior lawful act, contrary to Indiana Code section 35"45"2"1. To prove intimidation, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. Griffith v. State, 898 N.E.2d 412, 417 (Ind.Ct.App.2008). If the State does not prove that the defendant threatened the victim in order to place him or her in fear of retaliation for a prior lawful act, the conviction and sentence for intimidation should be vacated. H.J. v. State, 746 N.E.2d 400, 403 (Ind.Ct.App.2001). | To prove intimidation, the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act. West's A.I.C. 35-45-2-1. | "As an evidence of the intimidation, should the state establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act?" | 046854.docx | LEGALEASE-00150328-LEGALEASE-00150329 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3088 | Anderson v. Armentano, 139 A.D.3d 769 | 307A+683 | "On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Granada Condominium III Assn. v. Palomino, 78 A.D.3d 996, 996, 913 N.Y.S.2d 668; see Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511). "A motion to dismiss a complaint based upon documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" " (Stein v. Garfield Regency Condominium, 65 A.D.3d 1126, 1128, 886 N.Y.S.2d 54, quoting Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; see Held v. Kaufman, 91 N.Y.2d 425, 430"431, 671 N.Y.S.2d 429, 694 N.E.2d 430; Parekh v. Cain, 96 A.D.3d 812, 815, 948 N.Y.S.2d 72; Sato Constr. Co., Inc. v. 17 & 24 Corp., 92 A.D.3d 934, 935"936, 939 N.Y.S.2d 136). | On a pre-answer motion to dismiss, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference. McKinney's CPLR 3211. | "On a pre-answer motion to dismiss, is the pleading to be afforded a liberal construction and the plaintiffs allegations are accepted as true?" | Pretrial Procedure - Memo # 8469 - C - NC_59168.docx | ROSS-003291928-ROSS-003291930 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 3089 | Lindsay v. Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 A.D.3d 790 | 307A+683 | Further, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint. The gravamen of the defendant's defense is that there was no attorney-client relationship between it and the plaintiff when the statute of limitations for the underlying personal injury action expired. The elements of a cause of action sounding in legal malpractice include the existence of an attorney-client relationship between the plaintiff and the defendant (see Terio v. Spodek, 63 A.D.3d 719, 721, 880 N.Y.S.2d 679). "On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference" (Barker v. Amorini, 121 A.D.3d 823, 824, 995 N.Y.S.2d 89 [internal quotation marks and citation omitted] ). Here, it is undisputed that the defendant was retained by the plaintiff to handle claims with respect to the automobile accident. Accepting the plaintiff's statements of fact as true, the complaint states a cause of action for legal malpractice against the defendant. | On a pre-answer motion to dismiss, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference. McKinney's CPLR 3211. | "On a pre-answer motion to dismiss, is the pleading to be afforded a liberal construction and the plaintiffs allegations are accepted as true?" | 037184.docx | LEGALEASE-00150872-LEGALEASE-00150873 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 3090 | Green v. Trinity Int'l Univ., 344 Ill. App. 3d 1079 | 307A+561.1 | A motion to dismiss pursuant to section 2"619(a)(9), on the other hand, raises an "affirmative matter avoiding the legal effect of or defeating the claim" (735 ILCS 5/2"619(a)(9) (West 2002)). Such a motion "is properly used to raise affirmative matters that negate the claim, not to challenge the essential allegations of the plaintiff's cause of action." Provenzale, 318 Ill.App.3d at 878, 252 Ill.Dec. 808, 743 N.E.2d 676. We review de novo the dismissal of a complaint pursuant to either section 2"615 or section 2"619. Krilich v. American National Bank & Trust Co. of Chicago, 334 Ill.App.3d 563, 571, 268 Ill.Dec. 531, 778 N.E.2d 1153 (2002). | A motion to dismiss because claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim is properly used to raise affirmative matters that negate the claim, not to challenge the essential allegations of the plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a motion to dismiss be properly used to raise affirmative matters that negate the claim? | Pretrial Procedure - Memo # 8470 - C - SHB_59169.docx | ROSS-003295685-ROSS-003295686 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 3091 | New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+622 | We review a trial court's order allowing a Rule 12(b)(6) motion to dismiss de novo. Locklear v. Lanuti, 176 N.C.App. 380, 384, 626 S.E.2d 711, 714 (2006).Our standard of review of an order allowing a motion to dismiss is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim[,] it will be dismissed. | If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6). | "If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, will it be dismissed?" | Pretrial Procedure - Memo # 8477 - C - SKG_59176.docx | ROSS-003278397-ROSS-003278398 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 3092 | Locklear v. Lanuti, 176 N.C. App. 380 | 307A+622 | Our standard of review of an order allowing a motion to dismiss is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." Harris v. NCNB Nat'l Bank of N.C., 85 N.C.App. 669, 670, 355 S.E.2d 838, 840 (1987). In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Dixon v. Stuart, 85 N.C.App. 338, 340, 354 S.E.2d 757, 758 (1987). Holloman v. Harrelson, 149 N.C.App. 861, 864, 561 S.E.2d 351, 353 (2002). A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Sutton v. Duke, 277 N.C. 94, 102-103, 176 S.E.2d 161, 166 (1970). "If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed." Id. at 102, 176 S.E.2d at 166. | If the complaint discloses an unconditional affirmative defense which defeats the claim asserted, or pleads facts which deny the right to any relief on the alleged claim, it will be dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | "If a complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim, will it be dismissed?" | 037202.docx | LEGALEASE-00150898-LEGALEASE-00150899 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3093 | In re Cliquot's Champagne, 70 U.S. 114 | 157+241(1) | Whatever is done by an agent, in reference to the business in which he is at the time employed, and within the scope of his authority, is said or done by the principal, and may be proved as well in a criminal as in a civil case, in all respects, as if the principal were the actor or the speaker. | Whatever is done by an agent in reference to the business in which he is at the time employed and within scope of his authority is said or done by the principal and may be proved in criminal and civil cases in all respects as if the principal were the actor or speaker. | Can any act done by an agent within the scope of his authority be considered as done or said by the principal and be proved in a criminal case? | 041451.docx | LEGALEASE-00151230-LEGALEASE-00151231 | Condensed, SA | 0.09 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3094 | Khan v. Parsons Glob. Servs., Ltd., 521 F.3d 421 | 25T+182(2) | We hold that, irrespective of other indicators of involvement in litigation, filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration; if the motion is accompanied by a motion to compel arbitration in the alternative, the movant takes the risk that the district court will choose to rule on the motion for summary judgment, thereby preventing the movant from subsequently seeking arbitration. Parsons' motion invited the district court to consider the merits of the Khans' claims and the district court's grant of summary judgment signified acceptance of the invitation. Parsons must now accept the result of its chosen litigation strategy: waiver of its right to compel arbitration. Because Parsons waived its right to any arbitration, the court need not address the Khans' challenges to the enforceability and applicability of the arbitration clause. | Irrespective of other indicators of involvement in litigation, filing a motion for summary judgment based on matters outside of the pleadings is inconsistent with preserving the right to compel arbitration. | Is filing a motion for summary judgment based on matters outside of the pleadings inconsistent with preserving the right to compel arbitration? | 008001.docx | LEGALEASE-00151464-LEGALEASE-00151465 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 3095 | Lewallen v. Green Tree Servicing, 487 F.3d 1085 | 25T+182(2) | Green Tree also acted inconsistently with its right to arbitrate by urging the bankruptcy court to dispose of Lewallen's claims on the merits, reserving arbitration as an alternative avenue to resolve the dispute. Green Tree sought dismissal of the complaint on the grounds of judicial estoppel, failure to state a claim against defendant U.S. Bank, failure to establish all the elements of her Missouri law claim, statute of limitations, inapplicability of the Fair Debt Collection Practices Act, and standing. Green Tree filed a supplemental memorandum of law in support of the motion to dismiss, asserting these grounds as an alternative to arbitration. At the hearing on the motion to dismiss, Green Tree encouraged the court to dismiss the case on statute of limitations grounds or on a judicial estoppel theory "prior to even reaching the arbitration." Green Tree especially urged the court to dismiss the complaint against U.S. Bank with prejudice, arguing that Lewallen had failed to allege wrongdoing by U.S. Bank. An arbitration provision gives parties "the choice of an alternative, nonjudicial forum" to resolve their disputes, but it does not go so far as to "allow or encourage the parties to proceed, either simultaneously or sequentially, in multiple forums." Cabinetree, 50 F.3d at 390. Thus, Green Tree's request that the bankruptcy court dispose of the case on the merits "prior to even reaching the arbitration" is inconsistent with resolving the case through arbitration. See Kelly, 352 F.3d at 349-50 (party acted inconsistently with his right to arbitrate when he "consistently encouraged the district court to resolve the entire dispute"). | Contractual arbitration provision gives parties the choice of alternative, nonjudicial forum to resolve their disputes, but it does not go so far as to allow or encourage parties to proceed, either simultaneously or sequentially, in multiple forums. | Do contractual arbitration provisions allow or encourage parties to proceed either simultaneously or sequentially in multiple forums? | Alternative Dispute Resolution - Memo 840 - RK_59525.docx | ROSS-003293517-ROSS-003293518 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 3096 | Kamhi v. EmblemHealth, 37 Misc. 3d 171 | 307A+679 | Where evidentiary material is adduced in support a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), "the court is required to determine whether the proponent of the pleading has a cause of action, not whether he or she has stated one" (Meyer v. Guinta, 262 A.D.2d 463, 464, 692 N.Y.S.2d 159 [2d Dept. 1999] ). Although "the facts pleaded are presumed to be true and accorded every favorable inference, bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion" (Palazzolo v. Herrick, Feinstein, LLP, 298 A.D.2d 372, 372, 751 N.Y.S.2d 401 [2d Dept. 2002]). Thus, if documentary evidence disproves an essential allegation of the complaint, a dismissal is warranted pursuant to CPLR 3211(a)(7) even if the allegations, when considered alone, could otherwise withstand such a dismissal (see McGuire v. Sterling Doubleday Enters., L.P., 19 A.D.3d 660, 662, 799 N.Y.S.2d 65 [2d Dept. 2005], lv. denied 7 N.Y.3d 701, 818 N.Y.S.2d 191, 850 N.E.2d 1166 [2006] ). Defendants have not submitted any documentary evidence in support of their motion other than the Notice of Claim in the prior collection action which has no relevance to the PHL " 4406"d claims. | Although the facts pleaded are presumed to be true and accorded every favorable inference on a motion to dismiss for failure to state a cause of action, bare legal conclusions and factual claims which are flatly contradicted by the evidence are not presumed to be true on such a motion. McKinney's CPLR 3211(a)(7). | Are bare legal conclusions and factual claims which are flatly contradicted by the evidence not presumed to be true on a motion to dismiss? | 037573.docx | LEGALEASE-00151762-LEGALEASE-00151763 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3097 | Best Cartage v. Stonewall Packaging, 219 N.C. App. 429 | 307A+624 | When reviewing a motion to dismiss under Rule 12(b)(6), "[t]he trial court must treat the allegations in the complaint as true, but the court is not required to accept as true any conclusions of law or unwarranted deductions of fact." Oberlin Capital, L.P. v. Slavin, 147 N.C.App. 52, 56, 554 S.E.2d 840, 844 (2001). Furthermore, the trial court "should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory." Fussell v. N.C. Farm Bureau Mut. Ins. Co., 364 N.C. 222, 225, 695 S.E.2d 437, 440 (2010). | The trial court considering a motion to dismiss for failure to state a claim should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Should the trial court considering a motion to dismiss for failure to state a claim construe the complaint liberally? | Pretrial Procedure - Memo # 8684 - C - MS_59723.docx | ROSS-003294538-ROSS-003294539 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3098 | All Am. Fin. Co. v. Pugh Shows, 30 Ohio St. 3d 130 | 83E+521 | Five criteria must be satisfied to establish holder in due course status: (1) one must be a holder, (2) of a negotiable instrument, (3) taken for value, (4) in good faith, and (5) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. See White & Summers, Uniform Commercial Code (2 Ed.1980) 551-552, Section 14-2; R.C. 1303.31 (UCC 3-302); Arcanum National Bank v. Hessler (1982), 69 Ohio St.2d 549, 552, 23 O.O.3d 468, 470, 433 N.E.2d 204, 208. All American has met the last three requirements. The controversy centers on whether the assignment of the note constituted a proper negotiation of the instrument, thereby making All American a holder. | Five criteria must be satisfied to establish holder in due course status, allowing holder to take instrument free from claims and defenses: one must be holder, of negotiable instrument, taken for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense against or claim to it on part of any person. R.C. S 1303.31. | How can a person establish the holder in due course status? | Bills and Notes-Memo 1049-ANM_60050.docx | ROSS-003293419-ROSS-003293420 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 3099 | Barnes v. Hodge, 118 A.D.3d 633 | 307A+683 | "Although on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations"claims consisting of bare legal conclusions with no factual specificity"are insufficient to survive a motion to dismiss" (Godfrey v. Spano, 13 N.Y.3d 358, 373, 892 N.Y.S.2d 272, 920 N.E.2d 328 [2009] ). Here, the complaint alleges in conclusory and conjectural fashion that "defendants were grossly, willfully and wantonly negligent and acted with reckless indifference to the health and safety of plaintiff." | Although on a motion to dismiss plaintiffs' allegations are presumed to be true and accorded every favorable inference, conclusory allegations, claims consisting of bare legal conclusions with no factual specificity, are insufficient to survive a motion to dismiss. | Are claims consisting of bare legal conclusions with no factual specificity insufficient to survive a motion to dismiss? | 037522.docx | LEGALEASE-00152102-LEGALEASE-00152103 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3100 | Dorry v. Garden, 313 Conn. 516 | 307A+680 | "Finally, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. Gordon v. H.N.S. Management Co., 272 Conn. 81, 92, 861 A.2d 1160 (2004) ("[w]hen issues of fact are necessary to the determination of a court's jurisdiction ... due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross examine adverse witnesses'...); Schaghticoke Tribal Nation v. Harrison, 264 Conn. 829, 833, 826 A.2d 1102 (2003) (same). Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Lampasona v. Jacobs, 209 Conn. 724, 728, 553 A.2d 175 ("[i]n some cases ... it is necessary to examine the facts of the case to determine whether it is within a general class that the court has power to hear"), cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989). | When a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts; likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. Practice Book 1998, S 10-31. | "When a jurisdictional determination is dependent on the resolution of a critical factual dispute, can it be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts?" | Pretrial Procedure - Memo # 8715 - C - TJ_59751.docx | ROSS-003280508-ROSS-003280509 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3101 | State ex rel. Com'r of Transp. v. Cherry Hill Mitsubishi, 439 N.J. Super. 462 | 307A+679 | Motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any "cause of action "suggested" by the facts." Printing"Mart Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989). The inquiry is limited to "examining the legal sufficiency of the facts alleged on the face of the complaint." Ibid. On appeal, review is plenary and we owe no deference to the trial judge's conclusions. Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J.Super. 103, 114, 30 A.3d 1061 (App.Div.), certif. denied, 208 N.J. 366, 29 A.3d 739 (2011). | Motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any cause of action suggested by the facts; the inquiry is limited to examining the legal sufficiency of the factsalleged on the face of the complaint. | Do motions to dismiss for failure to state a claim require the complaint be searched in depth and with liberality to determine if there is any cause of action suggested by the facts? | 037999.docx | LEGALEASE-00152754-LEGALEASE-00152755 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 3102 | Gerstner v. Washington Water Power Co., 122 Idaho 673 | 307A+581 | When deciding whether to dismiss a case the district court must consider the length of delay caused by the failure to prosecute, the justification, if any, for such delay, and the extent of any resultant prejudice. Bartlett v. Peak, 107 Idaho 284, 688 P.2d 1189 (1984); Rudy-Mai Farms v. Peterson, 109 Idaho 116, 705 P.2d 1071 (Ct.App.1985). The decision is a discretionary one and will not be overturned on appeal absent a showing of abuse of that discretion. E.g., Systems Assoc. v. Motorola Comm. & Elecs., Inc., 116 Idaho 615, 778 P.2d 737 (1989). | In deciding whether to dismiss case for failure to prosecute, district court must consider length of delay, justification, if any, for delay, and extent of any resultant prejudice. Rules Civ.Proc., Rule 41(b). | "Should court consider length of delay, justification, if any, for delay, and extent of any resultant prejudice in deciding whether to dismiss case for failure to prosecute?" | Pretrial Procedure - Memo # 9150 - C - KI_60095.docx | ROSS-003283049-ROSS-003283050 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 3103 | Maggio v. United Farm Workers, 227 Cal. App. 3d 847 | 307A+581 | In ruling on a motion to dismiss because the plaintiff has not brought the case to trial within two years, the trial court should be guided by the policy favoring trial on the merits over a dismissal for failure to prosecute with reasonable diligence.(Cal.Rules of Court, rule 373.) "Although the interests of justice weigh heavily against disposing of litigation on procedural grounds"a policy we reaffirm"that policy will necessarily prevail only if a plaintiff makes some showing of excusable delay. [Citations.]" (Salas v. Sears, Roebuck & Co. (1986) 42 Cal.3d 342, 347, 228 Cal.Rptr. 504, 721 P.2d 590, fn. omitted.) The trial court should also consider the prejudice suffered by the defendant. (See Hurtado v. Statewide Home Loan Co. (1985) 167 Cal.App.3d 1019, 1030, 213 Cal.Rptr. 712 [affirmative showing of actual prejudice required before the dismissal sanction will be approved]; Wong v. Davidian (1988) 206 Cal.App.3d 264, 270, 253 Cal.Rptr. 675 affirmative showing of actual prejudice is not required to support dismissal when the delay is ureasonable.) | In ruling on motion to dismiss on basis that plaintiff has not brought case to trial within two years, trial court should be guided by policy favoring trial on merits over dismissal for failure to prosecute with reasonable diligence. Cal.Rules of Court, Rule 373. | Should courts be guided by policy favoring trial on merits over dismissal for failure to prosecute with reasonable diligence? | 038327.docx | LEGALEASE-00152679-LEGALEASE-00152680 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3104 | Middleton v. Middleton, 526 So. 2d 859 | 307A+581 | Whether the step or steps taken by a defendant after the five-year period be termed as "affirmative" (Southport Petroleum, supra) or as "definite" (Sandfield Oil & Gas Co., supra) or "formal" (Traigle, supra), it is the qualitative effect of the step(s) taken by a defendant which must be considered in a case to case approach to determine whether the defendant has waived the CCP Art. 561 abandonment. | Whether step or steps taken by defendant after accrual of five-year abandonment of action period be termed as "affirmative," "definite," or "formal," it is qualitative effect of step(s) taken by defendant which must be considered to determine whether defendant's conduct waived abandonment. LSA-C.C.P. art. 561. | Is it a qualitative effect of step taken by defendant which must be considered to determine whether defendant waived abandonment? | 038349.docx | LEGALEASE-00152720-LEGALEASE-00152721 | SA, Sub | 0.21 | 0 | 0 | 1 | 1 | |
| 3105 | Aiello v. Ed Saxe Real Estate, 508 Pa. 553 | 308+159(1) | These cases instruct us that a principal is liable to third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances and misfeasances of his agent committed within the scope of his employment even though the principal did not authorize, justify, participate in or know of such conduct or even if he forbade the acts or disapproved of them, as long as they occurred within the agent's scope of employment. Bachman v. Monte, 326 Pa. 289, 192 A. 485 (1937); Freedman v. Providence Washington Ins. Co., 182 Pa. 64, 37 A. 909 (1897); DeTurck v. Matz, 180 Pa. 347, 36 A. 861 (1897); McNeile v. Cridland, 168 Pa. 16, 31 A. 939 (1895); Independent Bldg. & Loan Assn. v. Real Estate Title Ins. & Trust Co., 156 Pa. 181, 27 A. 62 (1893); Griswold v. Gebbie, 126 Pa. 353, 17 A. 673 (1889); Brooke v. New York, L.E. & W.R.R., 108 Pa. 529, 1 A. 206 (1885); Erie City Iron Works v. Barber and Co., 106 Pa. 125 (1884); Custar v. Titusville Gas & Water Co., 63 Pa. 381 (1869); Shelhamer v. Thomas, 7 Serg. & R 106 (1821); Phoenix Insurance Co. v. Pratt, 2 Binn. 308 (1810); see also, Restatement of Agency, "" 257,258. | Principal is liable to innocent third parties for frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, even if principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. 63 P.S. SS 455.522, 455.601, 455.603. | Is principal liable for agents acts in scope of his employment even though principal did not authorize it? | 041336.docx | LEGALEASE-00152305-LEGALEASE-00152306 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3106 | Sabel v. Mead Johnson & Co., 737 F. Supp. 135 | 308+1 | An agency relationship has three essential characteristics: 1) the power of the agent to alter the legal relationships between the principal and third parties and the principal and himself; 2) the existence of a fiduciary relationship toward the principal with respect to matters within the scope of the agency; and 3) the right of the principal to control the agent's conduct with respect to matters within the scope of the agency. Restatement (Second) of Agency "" 12"14 (1958). The courts have looked primarily at the issue of control in determining whether an agency relationship exists. See United States v. Paxson, 861 F.2d 730, 734 (D.C.Cir.1988) (admitting statement of corporate employee against corporate superior under Rule 801(d)(2)(D) where employee reported directly to superior); United States v. Young, 736 F.2d 565, 568 (10th Cir.1983) (same); United States v. Mandel, 591 F.2d 1347, 1368 (4th Cir.1979) (in criminal prosecution of governor, Rule 801(d)(2)(D) covered statements of governor's legislative aides, but not of state senators); see also North American Van Lines, Inc. v. NLRB, 869 F.2d 596, 599 (D.C.Cir.1989) (right to control means and manner of performance the central inquiry in determining agency status for purposes of defining NLRB jurisdiction); Allbritton Communications Co. v. NLRB, 766 F.2d 812, 818 (3rd Cir.1985) (same), cert. denied, 474 U.S. 1081, 106 S.Ct. 850, 88 L.Ed.2d 891 (1986); Afonso v. City of Boston, 587 F.Supp. 1342, 1347 (D.Mass.1984) (liability to direction and control the essential element in existence of master-servant relationship). Payment for services is relevant only to the extent that it bears on the issue of control. Afonso, 587 F.Supp. at 1347. Similarly, consent to control and to act in a fiduciary manner is important to a finding of an agency relationship. See Abatti v. C.I.R., 644 F.2d 1385, 1390 (9th Cir.1981) (admitting binders prepared by defendant's accountant where accounting arrangements delegated to | Agency relationship has three essential characteristics: power of agent to alter legal relationships between principal and third parties and principal and himself, existence of fiduciary relationship toward principal with respect to matters within scope of agency, and right of principal to control agent's conduct with respect to matters within scope of agency. | "Is the right of the principal to control the agent's conduct, an essential characteristic of agency?" | Principal and Agent - Memo 201 - KC_59869.docx | ROSS-003308473-ROSS-003308474 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 3107 | Winter v. Nat. Res. Def. Council, 555 U.S. 7 | 149E+577 | We also find it pertinent that this is not a case in which the defendant is conducting a new type of activity with completely unknown effects on the environment. When the Government conducts an activity, "NEPA itself does not mandate particular results." Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 350, 109 S.Ct. 1835, 104 L.Ed.2d 351 (1989). Instead, NEPA imposes only procedural requirements to "ensur[e] that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts." | When the Government conducts an activity, the National Environmental Policy Act (NEPA) itself does not mandate particular results; instead, NEPA imposes only procedural requirements to ensure that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts. National Environmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq. | Is National Environmental Policy Acts requirement procedural or substantial? | Woods and Forests- Memo 49- ANM_60276.docx | ROSS-003294608 | SA, Sub | 0.26 | 0 | 0 | 1 | 1 | |
| 3108 | Rodash v. AIB Mortg. Co., 16 F.3d 1142 | 172H+1322 | Congress designed TILA to promote the informed use and awareness of the cost of credit by consumers. Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1380 (11th Cir.1984). The Act ensures a meaningful disclosure of credit terms to enable consumers to compare readily the various credit terms available in the marketplace. Congress intended the statute to create a system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, we liberally construe its language in favor of the consumer. McGowan v. King, Inc., 569 F.2d 845, 848 (5th Cir.1978). Accord Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 898 (3rd Cir.1990). | Congress intended Truth in Lending Act (TILA) to create system of private attorneys general to aid its enforcement; thus, to further its remedial purpose, Court of Appeals liberally construes language in favor of consumer. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Why did Congress intend to create a system of private attorneys generals under Truth in Lending Act (TILA)? | 013697.docx | LEGALEASE-00153388-LEGALEASE-00153389 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 3109 | David v. Neumann Univ., 187 F. Supp. 3d 554 | 141E+1166 | While Pennsylvania law allows a student to sue a private university for breach of contract, "the allegations must relate to a specific and identifiable promise that the school failed to honor." Vurimindi v. Fuqua Sch. of Bus., 435 Fed.Appx. 129, 133 (3d Cir.2011) (per curiam) (nonprecedential). As such, the student "must point to specific undertakings in the [contract] that were not provided." Miller v. Thomas Jefferson Univ. Hosp., 908 F.Supp.2d 639, 655 (E.D.Pa.2012); see also Bradshaw v. Pa. State Univ., No. 10"4839, 2011 WL 1288681, (E.D.Pa. Apr. 5, 2011) (dismissing breach of contract claim against university where the complaint failed to specifically identify the handbook provisions allegedly violated). | While Pennsylvania law allows a student to sue a private university for breach of contract, the allegations must relate to a specific and identifiable promise that the school failed to honor; as such, the student must point to specific undertakings in the contract that were not provided. | "If a student sues a private university for breach of contract, the allegation must relate to a specific and identifiable promise?" | Education - Memo # 196 - C - KS_60312.docx | ROSS-003282264-ROSS-003282265 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 3110 | Goldberg v. Regents of Univ. of Cal., 248 Cal. App. 2d 867 | 141E+1025 | Article IX, section 9 of the state Constitution, provides that the University of California shall constitute a public trust to be administered by the existing corporation known as The Regents of the University, with full powers of organization and government, subject only to such legislative control as may be necessary to insure compliance with the terms of the endowment of the University and the security of its funds. Accordingly, the University is a constitutional department or function of the state government (Williams v. Wheeler, 23 Cal.App. 619, 138 P. 937; Newmarker v. Regents of Univ. of Cal., 160 Cal.App.2d 640, 325 P.2d 558). The Regents have the general rule-making or policy-making power in regard to the University (Estate of Royer, 123 Cal. 614, 56 P. 461, 44 L.R.A. 364), and are (with exceptions not material here) fully empowered with respect to the organization and government of the University (Williams v. Wheeler, 23 Cal.App. 619, 138 P. 937; Wallace v. Regents, etc., 75 Cal.App. 274, 242 P. 892), including the authority to maintain order and decorum on the campus and the enforcement of the same by all appropriate means, including suspension or dismissal from the University. Pursuant to this authority, the previously quoted regulations concerning student conduct were adopted. Also pertinent are the particular resolutions set forth below.7 | Regents of state university have general rule-making or policy-making power in regard to university and are with certain exceptions, fully empowered with respect to organization and government of university, including authority to maintain order and decorum on campus and enforcement of same by all appropriate means, including suspension or dismissal. West's Ann.Const. art. 9, S 9. | Do the Regents have general rule-making power in regard to the university? | 017101.docx | LEGALEASE-00153740-LEGALEASE-00153741 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3111 | Wilson v. Holland, 96 Ga. App. 679 | 302+24 | The plaintiff in a damage action is not required to negative negligence or want of due care on his part. This is a matter for defense on the trial, unless the petition affirmatively shows such care to have been lacking. Where the plaintiff alleges that he thought he saw a nonexistent object or failed to properly identify an existing object because of certain described conditions, the court must judge whether such allegations contradict primary physical laws of nature, and, if they do, must disregard them.Reynolds v. Mion & Murray Co., 93 Ga.App. 37, 90 S.E.2d 593; Cowan v. Georgia Railroad & Banking Co., 52 Ga.App. 677, 184 S.E. 635. If they do not, it is a question for jury determination whether a person exercising ordinary care for his own safety would have been similarly misled by the described condition. Fuller v. Louis Steyerman & Sons, 46 Ga.App. 830(2), 169 S.E. 508; Smith v. Swann, 73 Ga.App. 144(3), 35 S.E.2d 787; Southeastern Elevator Co. v. Phelps, 70 Ga.App. 331, 28 S.E.2d 85. The petition here alleges that the grease pit was immediately in front of the entrance steps and landing and on the same level with it; that because the light over the pit was out, and another light threw the shadow of an automobile over the pit, the pit had the appearance of being a dark floor rather than a hole in the floor. Under the ruling in Pilgreen v. Hanson, 89 Ga.App. 703, 81 S.E.2d 18, these allegations must be taken as facts rather than conclusions, and they present a jury question both on the question of the defendant's negligence, and the degree of care exercised by the plaintiff. | Where plaintiff alleges that he thought he saw a nonexistent object or failed to properly identify existing object because of described conditions, trial court must judge whether such allegations contradict primary physical laws of nature, and, if they do, such allegations must be disregarded. | Should the court disregard allegations which contradict the primary physical laws of nature? | 023716.docx | LEGALEASE-00153461-LEGALEASE-00153462 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 3112 | Lang v. Enervest Energy Institutional Fund XI A LP, 68 N.E.3d 179 | 307A+681 | When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. State ex rel. Talwar v. State Med. Bd. of Ohio, 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, 5; Perez v. Cleveland, 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); Estate of Sherman v. Millhon, 104 Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). Furthermore, the trial court "cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." State ex rel. Fuqua v. Alexander, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). | When a trial court considers a motion to dismiss for failure to state a claim upon which relief may be granted, it must review only the complaint, accepting all factual allegations contained in the complaint as true and making all reasonable inferences in favor of the nonmoving party. Rules Civ.Proc., Rule 12(B)(6). | "When a court considers a motion to dismiss for failure under Rule 12(b)(6), should it accept as true all factual allegations in the complaint?" | 037981.docx | LEGALEASE-00152830-LEGALEASE-00152831 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3113 | Otte v. Edwards, 370 S.W.3d 898 | 307A+679 | We review a trial court's decision to grant a motion to dismiss de novo. Coons v. Berry, 304 S.W.3d 215, 217 (Mo.App. W.D.2009). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we apply the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | Is a motion to dismiss for failure to state a cause of action solely a test of the adequacy of the plaintiff's petition? | Pretrial Procedure - Memo # 8958 - C - SKG_60411.docx | ROSS-003279472-ROSS-003279473 | SA, Sub | 0.13 | 0 | 0 | 1 | 1 | |
| 3114 | Fenlon v. Union Elec. Co., 266 S.W.3d 852 | 307A+680 | Review of a circuit court's order granting a motion to dismiss is de novo. Gibbons v. J. Nuckolls, Inc., 216 S.W.3d 667, 669 (Mo.2007) (en banc).A motion to dismiss for failure to state a claim assumes that all averments in plaintiff's petition are true and tests only the adequacy of plaintiff's petition. Reynolds v. Diamond Foods & Poultry, Inc., 79 S.W.3d 907, 909 (Mo.2002). We assume the factual allegations contained in the petition are true and make no attempt to weigh their credibility or persuasiveness. Rychnovsky v. Cole, 119 S.W.3d 204, 208 (Mo.App. W.D.2003). "It is not the function of the trial court on a motion to dismiss or of this court on appeal from a judgment of dismissal to determine on the merits whether Appellant is entitled to relief." Moore v. Missouri Highway & Transp. Comm'n, 169 S.W.3d 595, 599 (Mo.App. S.D.2005). | On a motion to dismiss for the failure to state a claim upon which can be granted, the court assumes the factual allegations contained in the petition are true and makes no attempt to weigh their credibility or persuasiveness. | "On a motion to dismiss for the failure to state a claim upon which can be granted, does the court assume the factual allegations contained in the petition are true?" | 038119.docx | LEGALEASE-00153523-LEGALEASE-00153524 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 3115 | Walker v. Columbus Ins. Agency, 156 Ga. App. 199 | 307A+581 | The judgment of May 12, 1980, dismissed the action with prejudice for failure of the plaintiff to prosecute. The trial court stated it was based upon a motion for same under Code Ann. s 81A-141(b), supra. From plaintiff's brief and arguments it appears that he is under the impression the trial court granted the defendant's motion for summary judgment because he had failed to answer the request for admissions within 30 days as required by law. However, defendant's brief recites that the case came on for trial on May 12, 1980, and the trial court dismissed the action with prejudice when the plaintiff failed to prosecute. Under the "three minute" rule (Code Ann. s 24-3341), when a case is sounded for trial the parties shall immediately announce ready or move for continuance and if three minutes shall elapse "before the announcement or motion to continue, the plaintiff's case will be dismissed." See Cowart v. Smith, 182 Ga. 511(1), 185 S.E. 819; Kenemer v. Arkansas Fuel Oil Co., 67 Ga.App. 587(1), 21 S.E.2d 348; Calloway v. McElmurray, 91 Ga. 166(1), 17 S.E. 103; Strother v. Hill Aircraft, etc., Corp., 145 Ga.App. 116, 243 S.E.2d 262. | Under "three minute" rule, when case is sounded for trial, parties shall immediately announce ready or move for continuance, and if three minutes shall elapse before announcement or motion to continue, case will be dismissed. Code, SS 24-3341, 81A-141(b). | "Should parties immediately announce ready or move for continuance under ""three minute"" rule, when case is sounded for trial?" | 038364.docx | LEGALEASE-00152782-LEGALEASE-00152783 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3116 | Horowitz v. People's Sav. Bank, 307 Mass. 222 | 156+45 | Upon the facts found by the judge there was no error in his ruling that Horowitz purported to convey the demanded premises to the tenant under the mortgage deed which contained full covenants of warranty. Even if it could be found that his title thereto was imperfect at the time of the mortgage but that he later acquired title by adverse possession, since he purported to convey the land in dispute to the tenant with full covenants of warranty any title thereafter acquired by him would inure to the benefit of the mortgagee, the tenant. "It is the rule in this Commonwealth that a deed with full covenants of warranty estops a grantor who has an imperfect title or no title at all to the real estate conveyed, from setting up against the grantee or those claiming under him any later acquired title to the property and that such a later acquired title inures to the benefit of the grantee and his successors in title. Persons claiming by descent or by grant under the grantor after the acquisition of later title are likewise estopped." Mt. Washington Co-operative Bank v. Benard, 289 Mass. 498, 500, 194 N.E. 839, 840, and cases cited. White v. Patten, 24 Pick, 324, 326; New Jersey v. Delaware, 291 U.S. 361, 366, 54 S.Ct. 407, 78 L.Ed. 847. | A deed with full covenants of warranty "estops" grantor who has imperfect title or no title to realty conveyed, from setting up against grantee or those claiming under him, any later acquired title which inured to benefit of grantee and his successors in title, and persons claiming by descent or by grant under grantor after acquisition of later title, are likewise estopped. | Does a deed with full covenants of warranty estop a grantor who has an imperfect title? | Estopel - Memo #80 - C - CSS_60864.docx | ROSS-003281439-ROSS-003281440 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 3117 | Charron v. State, 257 S.W.3d 147 | 30+3212 | "Subject-matter jurisdiction concerns the nature of the cause of action or the relief sought and exists only when the court has the right to proceed to determine the controversy or question in issue between the parties, or grant the relief prayed." Missouri Soybean Ass'n v. Mo. Clean Water Comm'n, 102 S.W.3d 10, 21 (Mo. banc 2003) (internal quotation omitted). " "Dismissal for lack of subject-matter jurisdiction is proper whenever it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction." " Arnwine v. Trebel, 195 S.W.3d 467, 471 (Mo.App. W.D.2006) (quoting Missouri Soybean, 102 S.W.3d at 22, and citing Rule 55.27(g)(3) ). " "As the term "appears" [in Rule 55.27(g)(3) ] suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction." " Arnwine, 195 S.W.3d at 471 (quoting James v. Poppa, 85 S.W.3d 8, 9 (Mo. banc 2002)). Generally, the decision to dismiss for lack for subject-matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. However, where, as here, the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed de novo. This Court is primarily concerned with the correctness of the result, not the route taken by the trial court to reach it; the trial court's judgment will be affirmed if it is correct on any ground supported by the record, regardless of whether the trial court relied on that ground. | Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion; however, where the facts are uncontested, a question as to the subject matter jurisdiction of a court is purely a question of law, which is reviewed de novo. | "Generally, is the decision to dismiss for lack for subject matter jurisdiction a question of fact left to the sound discretion of the trial court?" | Pretrial Procedure - Memo # 8997 - C - SKG_61347.docx | ROSS-003281437-ROSS-003281438 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 3118 | Roadway Servs. v. Sponsler, 138 Ohio Misc. 2d 17 | 307A+682.1 | A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the court must, with reasonable notice, treat the motion as a Civ.R. 56 motion for summary judgment. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must take all material allegations of the complaint as admitted but must also draw all reasonable inferences in favor of the nonmoving party. And before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. | The movant to dismiss for failure to state a claim may not rely on allegations or evidence outside the complaint; otherwise, the court must, with reasonable notice, treat the motion as a motion for summary judgment. Rules Civ.Proc., Rules 12(B)(6), 56. | Can a movant seeking dismissal of a complaint for failure to state a claim not rely on allegations or evidence outside the complaint? | 038686.docx | LEGALEASE-00154049-LEGALEASE-00154050 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 3119 | Geisler v. City Council of City of Cedar Falls, 769 N.W.2d 162 | 307A+681 | The moratorium issue comes to us from the district court's grant of a motion to dismiss. A court can grant a motion to dismiss if the plaintiff fails to state a claim upon which any relief may be granted. Iowa R. Civ. P. 1.421(1)(f ). On appeal, we review a district court's ruling on a motion to dismiss for correction of errors at law. See Iowa R.App. P. 6.907 (2009); see also Mlynarik v. Bergantzel, 675 N.W.2d 584, 586 (Iowa 2004). A court cannot consider factual allegations contained in the motion or the documents attached to the motion. Berger v. Gen. United Group, Inc., 268 N.W.2d 630, 634 (Iowa 1978).The court must ignore these facts, except those of which the court may take judicial notice. Winneshiek Mut. Ins. Ass'n v. Roach, 257 Iowa 354, 365, 132 N.W.2d 436, 443 (1965) | A trial court cannot consider factual allegations contained in the motion to dismiss or the documents attached to the motion, and the trial court must ignore those facts, except those of which the trial court may take judicial notice. | "Can a trial court consider factual allegations contained in the motion to dismiss or the documents attached to the motion, except those of which the trial court can take judicial notice?" | 038706.docx | LEGALEASE-00154171-LEGALEASE-00154172 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3120 | Dubois v. Corroon & Black Corp., 12 Cal. App. 4th 1689 | 307A+581 | In fact, the failure of a court to consider the factors enumerated in rule 373(e) is a breach of the duty imposed on the trial court and is, accordingly, an abuse of discretion. (Visco v. Abatti (1983) 144 Cal.App.3d 904, 907, 192 Cal.Rptr. 833; City of Los Angeles v. Gleneagle Dev. Co. (1976) 62 Cal.App.3d 543, 563, 133 Cal.Rptr. 212.) Aside from the factors enunciated in rule 373(e), the trial court should consider whether the defendant's position has been prejudiced (Rim Forest Lumber Co. v. Woodside Construction Co. (1987) 190 Cal.App.3d 454, 464, 235 Cal.Rptr. 443), and should consider the public policy favoring trial on the merits over a procedural resolution (Tannatt v. Joblin (1982) 130 Cal.App.3d 1063, 1068"1069, 182 Cal.Rptr. 112; Denham v. Superior Court, supra, 2 Cal.3d 557, 566, 86 Cal.Rptr. 65, 468 P.2d 193). | Aside from considering statutory factors when determining whether to dismiss case for lack of prosecution, trial court should also consider whether defendant's position has been prejudiced and should consider public policy favoring trial on the merits over a procedural resolution. Cal.Rules of Court, Rule 373(e). | Should court consider whether defendant's position has been prejudiced and consider public policy favoring trial on the merits over a procedural resolution? | Pretrial Procedure - Memo # 9442 - C - NS_60937.docx | ROSS-003278927-ROSS-003278928 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3121 | State of The Art Med. Prod. v. Aries Med., 456 Pa. Super. 148 | 307A+581 | The Pennsylvania Supreme Court's decision in Penn Piping sought to further define a test originally set forth in James Bros. Lumber Co. v. Union Banking & Trust Company of DuBois, 432 Pa. 129, 247 A.2d 587 (1968). Therein the court announced that a court may properly enter a judgment of non pros where: (1) a party to the proceedings has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there has been no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. In Penn Piping, the court examined the prejudice element and held that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." Penn Piping Inc. v. Insurance Co. of North America, at 356, 603 A.2d at 1009. | Court may properly enter judgment of non pros where: (1) party to proceedings has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there has been no compelling reason for the delay; and (3) the delay has caused some prejudice to adverse party--in cases involving delay for period of two years or more, delay will be presumed prejudicial. | What standards apply to determine whether to dismiss a case for lack of docket activity? | 038772.docx | LEGALEASE-00153929-LEGALEASE-00153930 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 3122 | Harris v. Winn-Dixie Stores, 378 So. 2d 90 | 307A+581 | The two-fold purpose of Rule 1.420(e) is stated by this court in Strader v. Morrill, Fla. 1st DCA 1978, 360 So.2d 1137 as follows:"(1) To require prompt and efficient prosecution of the case up to the point of submission for disposition or determination by the judge or the jury.(2) To prevent the clogging of dockets of the trial courts with litigation that has been, essentially, abandoned for the stated period. "The trial court, in reviewing the record actions within the one-year period concluded that the Supplemental Interrogatories filed by the plaintiff in February 1978 did little more than restate previously answered interrogatories; that the February 1979 Interrogatory merely asks if there are any changes in previous Interrogatories; that the deposition noticed in April 1978 was never taken; and that the Answer of Winn-Dixie and Fidelity to the Third Amended Complaint "is identical in every respect to the Answer to the Second Amended Complaint, and that the earlier Answer would have been allowed to stand over as a response to the Third Amended Complaint." | Purpose of rule permitting dismissal of action for failure to prosecute is to require prompt and efficient prosecution of case up to point of submission for disposition or determination by judges or jury and to prevent clogging of dockets of trial courts with litigation that has been, essentially, abandoned for stated period. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | What is the purpose of rule dealing with dismissals for failure to prosecute? | 038878.docx | LEGALEASE-00154274-LEGALEASE-00154275 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 3123 | Cadet-Duval v. Gursim Holding, 147 A.D.3d 718 | 307A+685 | " "On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences' " (Hampshire Props. v. BTA Bldg. & Developing, Inc., 122 A.D.3d 573, 573, 996 N.Y.S.2d 129, quoting Carillo v. Stony Brook Univ., 119 A.D.3d 508, 509, 987 N.Y.S.2d 868). ""In assessing a motion under CPLR 3211(a)(7) .. a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" " (Hampshire Props. v. BTA Bldg. & Developing, Inc., 122 A.D.3d at 573, 996 N.Y.S.2d 129, quoting Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511). | In assessing a motion to dismiss for failure to state a cause of action a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss for failure to state a cause of action, can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint?" | Pretrial Procedure - Memo # 9534 - C - SHB.docx | LEGALEASE-00044398-LEGALEASE-00044399 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3124 | Hinrichs v. Youssef, 214 A.D.2d 604 | 307A+685 | Affidavits received on a motion to dismiss for failure to state a cause of action which has not been converted to a motion for summary judgment are not to be examined for the purpose of determining whether there is evidentiary support of the pleading (see, Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970). Accordingly, it was error for the Supreme Court to grant the motion based on the failure of the third-party plaintiffs to set forth facts in their affidavit in opposition which supported the allegations in their third-party complaint. Moreover, on a motion to dismiss pursuant to CPLR 3211(a)(7), the proper concern is whether the pleading states a cause of action rather than the ultimate determination of the facts (see, Stukuls v. State of New York, 42 N.Y.2d 272, 275, 397 N.Y.S.2d 740, 366 N.E.2d 829). | Affidavits received on motion to dismiss for failure to state cause of action which has not been converted to motion for summary judgment are not to be examined for purpose of determining whether there is evidentiary support of pleading. | Are affidavits received on a motion to dismiss for failure to state a cause of action which has not been converted to a motion for summary judgment not to be examined? | Pretrial Procedure - Memo # 9546 - C - TM_61165.docx | ROSS-003279896-ROSS-003279898 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3125 | Pentland v. Comm'r of Correction, 169 A.3d 851 | 307A+679 | We now turn to the state of the factual record before us. Except in other circumstances which are inapplicable here, "[i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.... A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Lebron v. Commissioner of Correction, 274 Conn. 507, 512, 876 A.2d 1178 (2005). | In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling upon whether a complaint survives a motion to dismiss, should a court take the facts to be those alleged in the complaint?" | Pretrial Procedure - Memo # 9564 - C - PB_61179.docx | ROSS-003280572-ROSS-003280573 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 3126 | Williams v. Kroger Food Co., 46 Mich. App. 514 | 307A+581 | Where plaintiff and counsel fail to appear at a duly scheduled trial, the trial court may in its discretion dismiss the suit and subsequently deny a motion for reinstatement. Moreover, the trial court's determination will not be disturbed on appeal unless there has been an abuse of that discretion. Banta v. Serban, 370 Mich. 367, 121 N.W.2d 854 (1963). | Where plaintiff and counsel fail to appear at a duly scheduled trial, trial court may in its discretion dismiss the suit and subsequently deny a motion for reinstatement. | Can court dismiss the suit and subsequently deny a motion for reinstatement where plaintiff and counsel fail to appear at a duly scheduled trial? | 039187.docx | LEGALEASE-00154775-LEGALEASE-00154776 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 3127 | In re Frykberg, 490 B.R. 652 | 172H+15(3) | Mass. Gen. Laws ch. 183C requires lenders to receive certification that their borrowers received counseling from an approved third-party prior to finalizing a "high-cost home mortgage loan," in order for the loan to be enforceable. Mass. Gen. Laws ch. 183C, " 3. The statute defines "high [-]cost" home mortgage loans as those in which the points and fees exceed the greater of 5 percent of the total financed amount or $400. Mass. Gen. Laws ch. 183C, " 2. | Massachusetts Predatory Home Loan Practices Act, which requires lenders to receive certification that their borrowers received counseling from an approved third party prior to finalizing a "high-cost home mortgage loan," in order for the loan to be enforceable, is preempted by the Home Owners' Loan Act (HOLA). Home Owners' Loan Act of 1933, S 1 et seq., 12 U.S.C.A. S 1461 et seq.; M.G.L.A. c. 183C, S 3; 12 C.F.R. S 560.2. | Should lenders require to receive certification that their borrowers received counseling from an approved third-party prior to finalizing a high-cost home mortgage loan for the loan to be enforceable? | Consumer Credit - Memo 11 - AM_61947.docx | ROSS-003292401-ROSS-003292402 | Condensed, SA, Sub | 0.06 | 0 | 1 | 1 | 1 | 1 |
| 3128 | Nicholas v. Riley, 874 F. Supp. 10 | 310+414 | State prisoner did not have constitutional entitlement to continued receipt of Pell Grant funds triggering procedural due process protections prior to revocation; any constitutionally protected property right disappeared upon statutory amendment terminating prisoners' eligibility for Pell Grant awards. Any action by Secretary of Education to prohibit award of Pell Grant funds to prisoner fully comported with clear language and legislative history of statute denying further Pell Grant monies to prisoners, and thus such action complied with Administrative Procedure Act | State prisoner did not have constitutional entitlement to continued receipt of Pell Grant funds triggering procedural due process protections prior to revocation; any constitutionally protected property right disappeared upon statutory amendment terminating prisoners' eligibility for Pell Grant awards. U.S.C.A. Const.Amends. 5, 14; Higher Education Act of 1965, S 401(b)(8), as amended, 20 U.S.C.A. S 1070a(b)(8). | Can institutions use Pell Grant funds to educate prisoners? | 017091.docx | LEGALEASE-00154845-LEGALEASE-00154846 | Condensed, SA, Sub | 0.28 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3129 | United States v. Tracts 31a, Lots 31 & 32, Lafitte's Landing Phase Two Port Arthur, Jefferson Cty. Texas, 852 F.3d 385 | 253+922 | Joint management community property"as the name suggests"is subject to the joint management, control, and disposition of the spouses. See id. Accordingly, to effect a valid conveyance of joint management community property, Texas law requires both spouses to join in the transaction. See, e.g., City of Emory v. Lusk, 278 S.W.3d 77, 85 (Tex. App."Tyler 2009, no pet.); see also, e.g., 38 Tex. Prac., Marital Property and Homesteads " 15.13 ("[I]f a spouse does not have a written power of attorney or other agreement, the spouse may not convey or otherwise dispose of joint management community property without the joinder of the other spouse."). Conversely, Texas law provides that each spouse has the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property. See, e.g., Lemaster v. Top Level Printing Ink, Inc., 136 S.W.3d 745, 748"49 (Tex. App."Dallas 2004, no pet.); see also, e.g., 38 Tex. Prac., Marital Property and Homesteads " 15.8 ("A spouse, in dealing with that spouse's sole management community property, may act alone."). | Under Texas law, each spouse has the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property. Tex. Fam. Code Ann. S 3.102(a). | "Does each spouse have the power to convey his or her sole management community property without approval of the other spouse, even though both spouses have an undivided one-half interest in the property?" | 018293.docx | LEGALEASE-00155098-LEGALEASE-00155099 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3130 | Hiles v. Episcopal Diocese of Massachusetts, 437 Mass. 505 | 307A+683 | Because the defendants moved pursuant to Mass. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, and because their motions were supported by affidavits, the burden fell to Hiles to prove jurisdictional facts. See Williams v. Episcopal Diocese of Mass., 436 Mass. 574, 577 n. 2, 766 N.E.2d 820 (2002); Brown v. Tobyne, 9 Mass.App.Ct. 897, 898, 402 N.E.2d 1097 (1980). Under this "factual challenge" to jurisdiction, "the plaintiff's jurisdictional averments [in the complaint] are entitled to no presumptive weight [and] the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir.2001).13 The Hileses availed themselves of the opportunity to file counter affidavits. | Under factual challenge to subject matter jurisdiction by motion to dismiss, the plaintiff's jurisdictional averments in the complaint are entitled to no presumptive weight, and the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties. Rules Civ.Proc., Rule 12(b)(1), 43A M.G.L.A. | "Under factual challenge to subject matter jurisdiction by motion to dismiss, are the plaintiff's jurisdictional averments in the complaint entitled to no presumptive weight?" | Pretrial Procedure - Memo # 9009 - C - SKG_61358.docx | ROSS-003279972-ROSS-003279973 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3131 | Billups v. Jade, 240 Neb. 494 | 307A+581 | Thus, in the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is a basis to dismiss an action on account of a lack of diligent prosecution. Billups' belief, expressed at the hearing on the Jade"La Pen dismissal motion, namely, that there was a possibility of La Pen's filing a petition in bankruptcy, is an insufficient showing of good cause relative to the Case Progression Standards. | In absence of showing of good cause, litigant's failure to prosecute civil action, resulting in noncompliance with Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is basis to dismiss action on account of lack of diligent prosecution. | What is the basis to dismiss action on account of lack of diligent prosecution? | 039037.docx | LEGALEASE-00154833-LEGALEASE-00154834 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |
| 3132 | State ex rel. Nixon v. Summit Inv. Co., 186 S.W.3d 428 | 30+3206 | Turning now to Appellants' sole point on appeal, premised on the trial court's abuse of discretion in sustaining Respondents' motion to dismiss on the basis of failure to prosecute. We observe that "[a] trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused." Cain v. Buehner and Buehner, 839 S.W.2d 695, 697 (Mo.App.1992). | A trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused. | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" | Pretrial Procedure - Memo # 9689 - C - SK_61590.docx | ROSS-003292753-ROSS-003292754 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 3133 | Koch v. Lavorne, 699 So. 2d 164 | 30+3206 | "It is well settled that it falls within the judicial discretion of the trial court to dismiss an action for want of prosecution when the plaintiff fails to appear at the trial of the case." Smith v. Savage, 655 So.2d 1022, 1024 (Ala.Civ.App.1995). "The trial court's determination will not be disturbed on appeal unless there is an abuse of that discretion." Id. | It falls within judicial discretion of trial court to dismiss action for want of prosecution when plaintiff fails to appear at trial of case, and trial court's determination will not be disturbed on appeal unless there is abuse of that discretion. | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" | Pretrial Procedure - Memo # 9689 - C - SK.docx | LEGALEASE-00045170-LEGALEASE-00045171 | Condensed, SA | 0.32 | 0 | 1 | 0 | 1 | |
| 3134 | State ex rel. Missouri Highway & Transp. Comm'n v. Kersey, 663 S.W.2d 364 | 30+3206 | Appellant recognizes the general rule that courts have the inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused. Esslinger v. Roach, 463 S.W.2d 861, 862 (Mo.1971); State ex rel. State Highway Commission v. Graeler, 495 S.W.2d 741, 743[1] (Mo.App.1973); City of Jefferson v. Capital City Oil Company, 286 S.W.2d 65, 68[2] (Mo.App.1956). Appellant says, however (in point 1), that the trial court abused its discretion, in that appellant was "prosecuting the cause with due diligence." Appellant contends there was "a steady flow towards resolving all of the pending exceptions," and that the untried exceptions were not lying dormant, but rather were "waiting their turn." | Courts have inherent power, in exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and action thereon will not be disturbed on appeal unless such discretion was abused. | "Will action of trial court in dismissing case for failure to prosecute, be disturbed on appeal unless discretion of trial court was abused?" | 039132.docx | LEGALEASE-00155239-LEGALEASE-00155240 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 3135 | Samanie & Barnes v. Lawler, 619 So. 2d 1166 | 307A+587 | LSA-C.C.P. Art. 1672 A provides that a judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice. The trial court has much discretion in determining whether a motion for dismissal should be granted. Fragala v. City of Rayville, 557 So.2d 1118 (La.App. 2nd Cir.), writ denied, 561 So.2d 103 (La.1990); Mott v. Babin Motors, Inc., 451 So.2d 632 (La.App. 3rd Cir.1984). | Judgment dismissing action shall be rendered upon application of any party when plaintiff fails to appear on day set for trial. LSA-C.C.P. art. 1672, subd. A. | Should a judgment dismissing an action be rendered upon application of any party when the plaintiff fails to appear on day set for trial? | Pretrial Procedure - Memo # 9784 - C - TJ_61413.docx | ROSS-003292503-ROSS-003292504 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3136 | Lacey v. Vill. of Palatine, 379 Ill. App. 3d 62 | 307A+685 | Immunity is an affirmative matter that will support a dismissal under section 2"619(a)(9) of the Code (735 ILCS 5/2"619(a)(9) (West 2006)). Van Meter, 207 Ill.2d at 367, 278 Ill.Dec. 555, 799 N.E.2d 273. The government entity asserting immunity bears the burden of proof. Van Meter, 207 Ill.2d at 370, 278 Ill.Dec. 555, 799 N.E.2d 273. By moving for a dismissal under section 2"619, the defendant concedes that the complaint is legally sufficient. Van Meter, 207 Ill.2d at 367, 278 Ill.Dec. 555, 799 N.E.2d 273. The trial court must construe the pleadings and supporting documents in the light most favorable to the party opposing the motion. Van Meter, 207 Ill.2d at 367"68, 278 Ill.Dec. 555, 799 N.E.2d 273. "[T]he "affirmative matter" asserted by the defendant must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials." Van Meter, 207 Ill.2d at 377, 278 Ill.Dec. 555, 799 N.E.2d 273. "It is only when the governmental entities have met this burden that a plaintiffs right to recovery is barred." Van Meter, 207 Ill.2d at 370, 278 Ill.Dec. 555, 799 N.E.2d 273. | The affirmative matter asserted by the defendant on a motion to dismiss based upon defects or defenses must be apparent on the face of the complaint; otherwise, the motion must be supported by affidavits or certain other evidentiary materials. S.H.A. 735 ILCS 5/2-619(a)(9). | Should the affirmative matter asserted by the defendant be apparent on the face of the complaint or supported by affidavits or certain other evidentiary materials? | 039358.docx | LEGALEASE-00154906-LEGALEASE-00154907 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 3137 | Finkelstein Newman Ferrara LLP v. Manning, 67 A.D.3d 538 | 307A+685 | The motion court properly denied that portion of the motion to dismiss asserting failure to state a cause of action. Defendant argues that the complaint fails to adequately allege breach of contract. However, as the motion court found, the complaint, when read together with the affidavit of attorney Robert Finkelstein in opposition to the motion, sufficiently stated a cause of action for breach of an oral agreement between the parties. It is well settled that "affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 389 N.Y.S.2d 314, 357 N.E.2d 970 [1976] ). | On a motion to dismiss asserting a failure to state a cause of action, affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims. | "On a motion to dismiss for failure to state cause of action, can affidavits be used to preserve in-artfully pleaded, but potentially meritorious, claims?" | 039389.docx | LEGALEASE-00154974-LEGALEASE-00154975 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 3138 | Ex parte Kohlberg Kravis Roberts & Co., 78 So. 3d 959 | 307A+685 | In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiff's complaint not controverted by the defendant's affidavits. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and "where the plaintiff's complaint and the defendant's affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff." Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)). "For purposes of this appeal [on the issue of in personam jurisdiction] the facts as alleged by the ... plaintiff will be considered in a light most favorable to him [or her]." Duke v. Young, 496 So.2d 37, 38 (Ala.1986)." " "Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001)." "Ex parte Puccio, 923 So.2d 1069, 1072 (Ala.2005). When a defendant files a motion to dismiss for lack of personal jurisdiction and supports that motion with an affidavit, the plaintiff is then required to controvert that affidavit with his or her own affidavit or other competent evidence to survive the motion to dismiss. Ex parte Duck Boo Int'l Co., 985 So.2d 900 (Ala.2007)." | When a defendant files a motion to dismiss for lack of personal jurisdiction and supports that motion with an affidavit, the plaintiff is then required to controvert that affidavit with his or her own affidavit or other competent evidence to survive the motion to dismiss. | "When a defendant files a motion to dismiss for lack of personal jurisdiction and supports that motion with an affidavit, is the plaintiff then required to controvert that affidavit with his or her own affidavit or other competent evidence to survive the motion to dismiss?" | 039400.docx | LEGALEASE-00154991-LEGALEASE-00154993 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 3139 | Williams v. Getty, 31 Pa. 461 | 308+148(5) | The learned judge of the court below charged, that "if the principal holds the agent out to the world as a general agent, in the transaction of his business, any contract he would make within the scope of that business would be binding on the principal, although there might be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract was made had no notice of such restriction." And that persons dealing with an agent carrying on a general business, such as a general manager of a railroad contractor, would not be bound to inquire into the particulars of the agent's authority, when held out to the world as such general agent, and particularly as the principal made no objections to his acts, and gave no notice of a restricted authority, although from time to time inspecting the progress of the work. | If the principal holds out the agent to the world as a general agent in the transaction of his business, any contract made by him within the scope of that business will bind the principal, although there may be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract is made has no notice of such restriction. | "If the principal holds the agent out to the world as a general agent, would any contract made within the scope of the business bind the principal?" | Principal and Agent - Memo 318 - RK_61916.docx | ROSS-003294179-ROSS-003294180 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 3140 | Obenschain v. Williams, 750 So. 2d 771 | 307A+690 | Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994); Gowan v. Bay County, 744 So.2d 1136 (Fla. 1st DCA 1999). Instead, the pleader should be given an opportunity to amend the defective pleading. Gowan, supra. A court should not dismiss a complaint with prejudice if it is actionable on any ground. Wilson v. News-Press Publishing Co., 738 So.2d 1000 (Fla. 2d DCA 1999); Dockery v. Florida Democratic Party, 719 So.2d 9 (Fla. 2d DCA 1998). Dismissal with prejudice is an abuse of discretion where a pleader may be able to allege additional facts to support its cause of action or support another cause of action under a different legal theory. | Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action. | "Is dismissal with prejudice a severe sanction, which should be granted only when the pleader has failed to state a cause of action and it conclusively appears that the pleader cannot possibly amend?" | Pretrial Procedure - Memo # 10253 - C - SN.docx | LEGALEASE-00045977-LEGALEASE-00045978 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3141 | Citizens Sav. Bank v. G & C Dev., 113 So. 3d 1085 | 307A+690 | Louisiana Code of Civil Procedure article 1844, which addresses the effect of a judgment of dismissal, provides that a judgment of dismissal with or without prejudice shall be rendered and the effects thereof shall be regulated in accordance with the provisions of Articles 1671 through 1673. Louisiana Code of Civil Procedure articles 1671 and 1672 involve voluntary and involuntary dismissals, respectively. Louisiana Code of Civil Procedure article 1673 provides that "[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." Accordingly, LSA"C.C.P. arts. 1671 through 1673 provide a system to determine whether certain dismissals prior to a trial on the merits are to be with or without prejudice. The articles, when read in pari materia, dictate that dismissals after trials on the merits, however, are to be with prejudice. Cf. Vega v. Wal"Mart Stores, Inc., 03"2239 (La.App. 1 Cir. 9/17/04), 888 So.2d 242, 243 ("Just as it is erroneous to grant a dismissal without prejudice after a trial on the merits, it is erroneous to grant a dismissal without prejudice pursuant to the granting of a motion for summary judgment") | The articles providing a system to determine whether certain dismissals prior to trial on the merits are to be with or without prejudice, when read in pari materia, dictate that dismissals after trials on the merits are to be with prejudice. LSA-C.C.P. art. 1671 et seq. | Do the articles provide a system to determine whether certain dismissals prior to trial on the merits are to be with or without prejudice? | Pretrial Procedure - Memo # 10267 - C - DHA_61772.docx | ROSS-003281043-ROSS-003281044 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 3142 | Nw. Energetic Servs. v. California Franchise Tax Bd., 159 Cal. App. 4th 841 | 371+2002 | In addition, the FTB fails to demonstrate any nexus between the Levy and the expense of any regulatory program. " "[T]o show a fee is a regulatory fee and not a special tax, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity." " (Collier v. City and County of San Francisco (2007) 151 Cal.App.4th 1326, 1346, 60 Cal.Rptr.3d 698.) Here, FTB has established neither requirement. It offered no evidence as to the estimated cost of any service or regulatory activity attributable to Northwest or LLC's in general. Although FTB claims the Legislature, in setting the amount of the Levy, made "determinations" regarding the value of the benefits of the LLC Act and evaluated the impact or burden of allowing LLC's to operate in California, FTB has not supported its claims by citations to the record. Nor has FTB shown that charges allocated to a LLC bear a fair or reasonable relationship to the LLC's burdens on or benefits from the regulatory activity. It argues that the four tiers of former section 17942, imposing a different tax depending on the amount of the LLC's total worldwide income, reflects the Legislature's decision to apportion the Levy according to the amount of the LLC's business. But there is no indication of such legislative intent in the legislative history, or any indication why a tax based on the worldwide income of the LLC would reflect a fair apportionment among LLC's for the funding of a California regulatory program. | To show a fee is a regulatory fee and not a special tax, the government should prove (1) the estimated costs of the service or regulatory activity, and (2) the basis for determining the manner in which the costs are apportioned, so that charges allocated to a payor bear a fair or reasonable relationship to the payor's burdens on or benefits from the regulatory activity. | What does the government have to prove in order to show a fee is a regulatory fee and not a special tax? | Taxation - Memo # 1062 - C - JL.docx | LEGALEASE-00046391-LEGALEASE-00046392 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 3143 | Kenneth R. v. Roman Catholic Diocese of Brooklyn, 229 A.D.2d 159 | 307A+682.1 | Evidentiary material may be considered to "remedy defects in the complaint" (Rovello v. Orofino Realty Co., supra, at 636, 389 N.Y.S.2d 314, 357 N.E.2d 970), "and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it", dismissal may not be predicated on such evidentiary material (Guggenheimer v. Ginzburg, supra, at 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). | Evidentiary material may be considered to remedy defects in complaint, and, unless it can be shown that material fact as claimed by pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal may not be predicated on such evidentiary material. McKinney's CPLR 3211(a), par. 7. | "Unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all, can a dismissal not be predicated on such evidentiary material?" | Pretrial Procedure - Memo # 10411 - C - TM_63361.docx | ROSS-003294644-ROSS-003294645 | SA, Sub | 0.29 | 0 | 0 | 1 | 1 | |
| 3144 | Cron v. Hargro Fabrics, 91 N.Y.2d 362 | 307A+685 | On a CPLR 3211 motion made against a complaint, a court must take the allegations as true and resolve all inferences which reasonably flow therefrom in favor of the pleader (see, Sanders v. Winship, 57 N.Y.2d 391, 394, 456 N.Y.S.2d 720, 442 N.E.2d 1231). In opposition to such a motion, a plaintiff may submit affidavits "to remedy defects in the complaint" and "preserve inartfully pleaded, but potentially meritorious claims" (Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 635, 636, 389 N.Y.S.2d 314, 357 N.E.2d 970; but see, American Indus. Contr. Co. v. Travelers Indem. Co., 42 N.Y.2d 1041, 1043, 399 N.Y.S.2d 206, 369 N.E.2d 762). | In opposition to motion to dismiss, plaintiff may submit affidavits to remedy defects in complaint and preserve inartfully pleaded, but potentially meritorious claims; though limited to that purpose, such additional submissions of plaintiff, if any, will be given their most favorable intendment. McKinney's CPLR 3211. | "In opposition to a motion to dismiss, can a plaintiff submit affidavits to remedy defects in complaint and preserve inartfully pleaded, but potentially meritorious claims?" | Pretrial Procedure - Memo # 10423 - C - UG_62408.docx | ROSS-003297810-ROSS-003297811 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |
| 3145 | HealthSouth Med. Ctr. v. Employers Ins. Co. of Wausau, 232 S.W.3d 828 | 307A+690 | When the legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. Thomas v. Long, 207 S.W.3d 334, 340 (Tex.2006). If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. Id. Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. Id. | Until party has satisfied requirement to exhaust administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. | "Until a party has satisfied the exhaustion of administrative remedies requirement, does the trial court lack subject matter jurisdiction?" | 025012.docx | LEGALEASE-00157690-LEGALEASE-00157691 | Order, SA | 0.66 | 1 | 0 | 0 | 1 | |
| 3146 | Dworak v. Farmers Ins. Exch., 269 Neb. 386 | 307A+690 | As such, a dismissal without prejudice means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Dworak's filing of the suit against Smith and its subsequent dismissal without prejudice did not toll the underlying 4-year statute of limitations. Unlike Schrader and Snyder, Dworak did not prevent the expiration of the 4-year statute of limitations. Therefore, " 44-6413(1)(e) is applicable to the case at bar. | A "dismissal without prejudice" after failing to timely serve defendants means that another petition may be filed against the same parties upon the same facts as long as it is filed within the applicable statute of limitations. Neb.Rev.St. S 25-217. | "Does a ""dismissal without prejudice"" after failing to timely serve defendants mean that another petition can be filed against the same parties upon the same facts?" | 025053.docx | LEGALEASE-00156721-LEGALEASE-00156722 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3147 | Weaver v. Leon Cty. Classroom Teachers Ass'n, 680 So. 2d 478 | 307A+690 | The party moving for dismissal necessarily admits the truth of all facts in evidence, and every reasonable conclusion or inference based thereon favorable to the nonmoving party. Thalgott v. Thalgott, 571 So.2d 1368, 1370 (Fla. 1st DCA 1990). See also City of Gainesville Code Enforcement Board v. Lewis, 536 So.2d 1148, 1150 (Fla. 1st DCA 1988). Dismissal of a complaint with prejudice is a severe sanction which should be granted only when the pleader has failed to state a cause of action, and it conclusively appears that there is no possible way to amend the complaint to state a cause of action.Madison County v. Foxx, 636 So.2d 39, 51 (Fla. 1st DCA 1994); Carr v. Dean Steel Buildings, Inc., 619 So.2d 392, 394 (Fla. 1st DCA 1993). Our review of a dismissal of a complaint with prejudice for failure to state a cause of action is de novo. McKinney-Green, Inc. v. Davis, 606 So.2d 393, 394 (Fla. 1st DCA 1992); Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992). | Dismissal of complaint with prejudice is severe sanction which should be granted only when pleader has failed to state cause of action and it conclusively appears that there is no possible way to amend complaint to state cause of action. | Should a dismissal of a complaint with prejudice only be granted when the pleader has failed to state a cause of action and it conclusively appears there is no possible way to amend the complaint to state a cause of action? | 025082.docx | LEGALEASE-00156821-LEGALEASE-00156822 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 3148 | Hughes v. Massey, 65 S.W.3d 743 | 307A+694 | Point of error two contends the trial court improperly dismissed the suit with prejudice. A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. Lentworth v. Trahan, 981 S.W.2d 720, 722"23 (Tex.App."Houston [1st Dist.] 1998, no pet.). The proper remedy is to modify the judgment by deleting the words "with prejudice" and by substituting the words "without prejudice." Tex.R.App. P. 43; Hickman v. Adams, 35 S.W.3d 120, 124"25 (Tex.App."Houston [14th Dist.] 2000, no pet.). Point of error two is sustained. | Dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. V.T.C.A., Civil Practice & Remedies Code S 14.003. | Is a dismissal for failure to comply with rules governing filing of in forma pauperis suits not a ruling on the merits? | Pretrial Procedure - Memo # 10557 - C - KG_62454.docx | ROSS-003294160-ROSS-003294161 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 3149 | Lewis v. City of Savannah, 336 Ga. App. 126 | 307A+693.1 | Under Georgia law, the unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. See Montgomery, 322 Ga.App. at 560(1), 745 S.E.2d 778; Gallagher v. Fiderion Group, LLC, 300 Ga.App. 434, 436(1), 685 S.E.2d 387 (2009); Cotton v. Surrency, 277 Ga.App. 158, 626 S.E.2d 148 (2006). Furthermore, upon dismissal of the case, all prior orders that were entered in the case are superseded and can no longer be enforced against the parties. See Montgomery, 322 Ga.App. at 560(1), 745 S.E.2d 778; Gallagher, 300 Ga.App. at 436(1), 685 S.E.2d 387. | The unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. | "Does the unqualified dismissal of a case terminate the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity?" | 025139.docx | LEGALEASE-00157129-LEGALEASE-00157130 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 3150 | Fabian v. BGC Holdings, LP, 2014 IL App (1st) 141576 | 307A+694 | A dismissal "with prejudice" is regarded as a final judgment on the merits and is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by a final judgment adverse to the plaintiff. People v. Chicago & Illinois Midland Ry. Co., 258 Ill.App.3d 409, 196 Ill.Dec. 369, 629 N.E.2d 1213 (1994). Consequently, since the dismissal of a cause of action based upon the enforcement of a forum-selection clause, as is the case here, is not an adjudication on the merits, we conclude that the circuit court abused its discretion in dismissing count I of the plaintiff's first amended complaint "with prejudice." | A dismissal with prejudice is regarded as a final judgment on the merits and is deemed to be as conclusive of the rights of the parties as if the matter had proceeded to trial and been resolved by a final judgment adverse to the plaintiff. | Is dismissal with prejudice deemed to be as conclusive of rights of parties as if a matter had proceeded to trial and been resolved by final judgment adverse to a plaintiff? | Pretrial Procedure - Memo # 10629 - C - TJ_63239.docx | ROSS-003292226-ROSS-003292227 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 3151 | Thiele v. Sec. State Bank of New Salem, 396 N.W.2d 295 | 307A+693.1 | Initially, Thiele contends that the district court reconsidered the issues decided by the partial summary judgment when it granted the motion to amend the complaint because, as he asserts, the amended complaint superseded the partial summary judgment. However, the record contains no indication that the district court reconsidered those issues when it granted the motion to amend the complaint. In fact, the district court had previously denied a motion to vacate the partial summary judgment. A court may not consider a motion to amend a complaint following a judgment of dismissal unless the court first alters, vacates, or sets aside the judgment under Rules 59 or 60(b), N.D.R.Civ.P. See Roque v. City of Redlands, 79 F.R.D. 433 (C.D.Cal.1978); see also 3 Moore's Federal Practice, 15.10 (1985); 6 Wright & Miller, Federal Practice and Procedure: Civil " 1489 (1971). | Court may not consider motion to amend complaint following judgment of dismissal unless court first alters, vacates, or sets aside judgment. Rules Civ.Proc., Rules 59, 60(b). | "Can a court not consider a motion to amend complaint following judgment of dismissal unless a court first alters, vacates, or sets aside judgment?" | Pretrial Procedure - Memo # 10634 - C - SJ_63243.docx | ROSS-003283213-ROSS-003283214 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 3152 | Schaffer v. City of Atlanta, 151 Ga. App. 1 | 241+131 | "Under the decision of the Supreme Court in Clark v. Newsome, 180 Ga. 97, 178 S.E. 386, a plaintiff who has had his action dismissed other than on the merits may refile within six months under Code s 3-808 where the original action was not barred by the statute of limitation." Covil v. Stansell, 113 Ga.App. 179(3), 147 S.E.2d 479 (1966). That this ruling applies to applications for a second writ of certiorari from an inferior judicatory, where the first has been dismissed for a reason not affecting the merits, and the second is filed within the 6-month period for renewal, see Turner v. State, 85 Ga.App. 609, 70 S.E.2d 45 (1952); Jameson v. State, 50 Ga.App. 111, 176 S.E. 903 (1934). | Where no answer at all was filed by magistrate in response to appellant's application for second writ of certiorari to superior court with regard to decision by municipal court to close her business as public nuisance, first application for certiorari was also dismissed without consideration of merits, and the second application was filed within six months, there was no decision on merits of the case and appellant was entitled to file the second application unless the original action was barred by statute of limitations. Code, S 3-808. | Can a plaintiff who has had his action dismissed other than on the merits refile action within six months if original action has not been barred by statute of limitations? | 025297.docx | LEGALEASE-00157003-LEGALEASE-00157004 | Condensed, SA, Sub | 0.22 | 0 | 1 | 1 | 1 | 1 |
| 3153 | Jaroszewski v. Flege, 297 S.W.3d 24 | 307A+581 | In fact, perhaps Ward is sometimes misunderstood as clearly holding that trial courts must always explicitly analyze the six particular factors listed in it in ruling on a motion to dismiss for want of prosecution. Conversely, this precedent is also misunderstood to suggest that the trial court's dismissal order is unassailable on appeal if it recites and attempts to analyze each of the six listed factors. In contrast to this misunderstanding, we hold that the propriety of the trial court's ruling does not necessarily hinge on its discussing the six particular factors listed in Ward. Rather, to rule properly on a motion to dismiss for lack of prosecution, the trial court must assess all factors relevant to that particular case, which might include some or all factors listed in Ward and may include other factors. | The propriety of a trial court's ruling on a motion to dismiss for lack of prosecution does not necessarily hinge on its discussing the six particular factors listed in Ward v. Housman; rather, to rule properly on a motion to dismiss for lack of prosecution, the trial court must assess all factors relevant to that particular case, which might include some or all factors listed in Ward and may include other factors. Rules Civ.Proc., Rule 41.02(1). | Should the court assess all factors relevant to a particular case for a motion to dismiss for lack of prosecution? | 025361.docx | LEGALEASE-00157381-LEGALEASE-00157382 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3154 | Gass v. Anna Hosp. Corp., 392 Ill. App. 3d 179 | 101+1051 | Stock ownership alone in one corporation by another neither creates an identity of corporate interest between the two companies nor renders the stockholding company the owner of the property of the other nor creates the relation of principal and agent, representative, or alter ego between the two. Main Bank of Chicago, 86 Ill.2d at 204, 56 Ill.Dec. 14, 427 N.E.2d 94; South Side Bank v. T.S.B. Corp., 94 Ill.App.3d 1006, 1010, 50 Ill.Dec. 369, 419 N.E.2d 477 (1981); Walker v. Dominick's Finer Foods, Inc., 92 Ill.App.3d 645, 649, 47 Ill.Dec. 900, 415 N.E.2d 1213 (1980). | Stock ownership alone in one corporation by another neither creates an identity of corporate interest between the two companies nor renders the stockholding company the owner of the property of the other nor creates the relation of principal and agent, representative, or alter ego between the two. | "Can stock ownership in one corporation by another, create an identity of interest?" | Principal and Agent - Memo 459- PR_63473.docx | ROSS-003296902 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 3155 | Oratowski v. Civil Serv. Comm'n of City of Chicago, 3 Ill. App. 2d 551 | 35+63.4(5) | An officer of the law must exercise the greatest degree of restraint in dealing with the public. He must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct. It may be of such a character or so provoked or conditioned as to be fully justified. City of Jacksonville v. Headen, 48 Ill.App. 60; Pinkerton v. Verberg, 78 Mich. 573, 44 N.W. 579, 7 L.R.A. 507; Heath v. Hagan, 135 Iowa 495, 113 N.W. 342. A municipality has no authority to clothe any officer with autocratic power to order the summary arrest and incarceration of a citizen without warrant or process of law. If the municipality could, it would render the liberty of every one of its citizens subject to the arbitrary whim of a police officer. People v. McGurn, 341 Ill. 632, 638, 173 N.E. 754. | An officer of the law must exercise the greatest degree of restraint in dealing with the public and he must not conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct, since it may be of such character or so provoked or conditioned as to be fully justified. | "Should police officers conceive that every threatening or insulting word, gesture, or motion amounts to disorderly conduct?" | 014305.docx | LEGALEASE-00158901- LEGALEASE-00158902 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3156 | Bass v. Daetwyler, 305 S.W.2d 339 | 289+544 | The only remaining question is whether one-half of the court costs should have been assessed against plaintiff. The relationship of partners inter sese is a fiduciary one [Schroer v. Schroer, Mo., 248 S.W.2d 617, 619(2); Schneider v. Schneider, supra, 146 S.W.2d loc.cit. 589(19)], and the cases are legion in which it has been pointed out that a managing partner, who has kept the partnership records, occupies a position analogous to that of a trustee and is charged with the burden of proving the accuracy of such records and of making a faithful and true accounting. Defendant in the instant case not only owned two farms but also was interested financially in Three Brothers Supply Company, a business firm in Lamar. Plaintiff was an unlettered farm worker. As the partner who admittedly handled "all the business end" of the firm, defendant voluntarily assumed the burden of keeping proper and accurate records and of making a prompt and full accounting to plaintiff. The only conclusion reasonably to be drawn from the entire record is that he did neither. | The relationship of partners inter sese is a fiduciary one; and a managing partner, who has kept the partnership records, occupies a position analogous to that of a trustee and is charged with burden of proving, in proceeding for partnership accounting, accuracy of partnership records and of making a faithful and true accounting. | Is a managing partner charged with the burden of making a faithful and true accounting? | 022735.docx | LEGALEASE-00158416- LEGALEASE-00158417 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3157 | Davis v. Laredo Diesel, 611 S.W.2d 943 | 307A+587 | If the dismissals in this appeal were dismissals under Rule 165a, then such violated such rule. Rule 165a originally provided "A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing, trial or docket call of which he had notice ". On January 1, 1976 such rule was revised and became effective deleting the words "or docket call" from the above-quoted section. The rule is elementary that we must give some effect to changes in the words of legislative acts, and must also construe their words, so as to accomplish the legislative intent. Independent Life Ins. Co. of America v. Work, S.Ct., 124 Tex. 281, 77 S.W.2d 1036.And Justice Keith in his commentary on this change, in Vol. 39, page 133, Texas Bar Journal, states "The failure to appear at a docket call will not authorize dismissal for want of prosecution; in all other respects the rule remains unchanged". | If dismissal of causes for want of prosecution on date of docket call of which attorneys' law firm received general notice were dismissals under procedural rule authorizing dismissal for want of prosecution, such dismissals violated rule which was revised and became effective deleting the words "or docket call" from sentence authorizing dismissal for want of prosecution "on failure of any party seeking affirmative relief or his attorney to appear for any hearing, trial or docket call of which he had notice." Rules of Civil Procedure, Rule 165a. | Can a case be dismissed for want of prosecution for failure of any party seeking affirmative relief? | 024811.docx | LEGALEASE-00158649- LEGALEASE-00158650 | Condensed, SA, Sub | 0.41 | 0 | 1 | 1 | 1 | 1 |
| 3158 | Marshall v. Beach, 143 Ohio App. 3d 432 | 307A+693.1 | As appellant correctly notes, "when an action is unconditionally dismissed, the trial court loses authority to proceed in that matter, absent a provision to the contrary, including efforts to enforce a settlement agreement arising from the dismissed action." Grange Mut. Cas. Co. v. Paterson (Nov. 19, 1999), Ashtabula App. No. 98-A-0086, unreported, 1999 WL 1073697. However, if a case is conditionally dismissed upon the parties reaching a settlement, the trial court retains the authority to proceed in the matter if the condition upon which the case was originally dismissed does not occur. Mellott v. Brawley (Sept. 22, 1995), Portage App. No. 94-P-0139, unreported, at 3, 1995 WL 787489; Hines v. Zofko (Mar. 22, 1994), Trumbull App. No. 93-T-4928, unreported, at 1, 1994 WL 117110. | When an action is unconditionally dismissed, the trial court loses authority to proceed in that matter, including efforts to enforce a settlement agreement arising from the dismissed action, absent a provision to the contrary. | "When an action is unconditionally dismissed, does the trial court lose authority to proceed in that matter absent a provision to the contrary?" | Pretrial Procedure - Memo # 10993 - C - NS_64116.docx | ROSS-003293553-ROSS-003293554 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3159 | Gilbreath v. Brewster, 250 Va. 436 | 307A+693.1 | A dismissal with prejudice generally is "as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff," and it not only terminates the particular action, "but also the right of action upon which it is based." Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956). See also Reed v. Liverman, 250 Va. 97, 100, 458 S.E.2d 446, 447 (1995). For example, as discussed above, a dismissal with prejudice on the basis of a plea in bar, is conclusive as to the rights of those parties, even though the substantive claim of the plaintiff has not been litigated on the merits. | Dismissal with prejudice generally is as conclusive of rights of parties as if suit had been prosecuted to final disposition adverse to plaintiff, and it not only terminates particular action, but also right of action upon which it is based. | Is a dismissal with prejudice generally as conclusive of rights of parties as if suit had been prosecuted to a final disposition adverse to a plaintiff? | Pretrial Procedure - Memo # 10999 - C - RF_64120.docx | ROSS-003294019-ROSS-003294020 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 3160 | W.T. Raleigh Co. v. Barnes, 143 Miss. 597 | 307A+693.1 | The only effect of the words "without prejudice" in the order by which the first suit was dismissed is to prevent the dismissal of that suit in operating as a bar to any new suit which plaintiff might therefore desire to bring on the same cause of action. 34 Cyc. 894, Cole v. Fagan, 108 Miss. 100, 66 So. 400. The dismissal of a suit without prejudice "does not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right or advantage on the complainant [plaintiff], and hence it will not have the effect of excepting from the period prescribed by the statute of limitations, the time during which that suit was pending." Nevitt v. Bacon, 32 Miss. 212, 66 Am. Dec. 609. | Only effect of words "without prejudice" in order dismissing suit is to prevent dismissal in operating in any suit which plaintiff might desire to bring on same cause of action. | "Is the only effect of words ""without prejudice"" in an order dismissing suit to prevent dismissal in operating in any suit which plaintiff might desire to bring on the same cause of action?" | Pretrial Procedure - Memo # 11067 - C - BP_63454.docx | ROSS-003283427-ROSS-003283428 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3161 | Twist v. McAllen Nat. Bank, 294 S.W.3d 255 | 30+345.1 | Ordinarily, a notice of appeal must be filed thirty days after a final judgment is signed. A verified motion to reinstate must be filed within 30 days after the order of dismissal for want of prosecution. A proper motion to reinstate filed within 30 days after the dismissal extends the appellate timetables, making the notice of appeal due 90 days after the judgment was signed. If a motion to reinstate is not verified or supported by a sufficient substitute for the verification, it is ineffective to extend the trial court's plenary power or the appellate timetable. Thus, if Twist's motion to reinstate was not properly verified or supported by a sufficient substitute, we would lack jurisdiction over this appeal because Twist's notice of appeal was filed more than thirty days after the order dismissing the case. | If a motion to reinstate, after dismissal for want of prosecution, is not verified or supported by a sufficient substitute for the verification, it is ineffective to extend the trial court's plenary power or the appellate timetable. Rules App.Proc., Rule 26.1(a)(3); Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | "If a motion to reinstate is not verified or supported by a sufficient substitute for the verification, is it ineffective to extend the trial court's plenary power or the appellate timetable?" | 025994.docx | LEGALEASE-00158368-LEGALEASE-00158369 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 3162 | Dalmex, Ltd. v. Apparel Enterprises, 455 S.W.3d 241 | 307A+697 | A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. Kenley v. Quintana Petroleum Corp., 931 S.W.2d 318, 321 (Tex.App."San Antonio 1996, writ denied) (citing Smith, 913 S.W.2d at 467"68). Some excuse, but not necessarily a good excuse, is enough to show lack of conscious indifference. Whitworth v. Blumenthal, 59 S.W.3d 393, 401 (Tex.App."Dallas 2001, pet. dism'd by agr.). "An excuse need not be a good one to suffice." Milestone Operating, Inc. v. ExxonMobil Corp., 388 S.W.3d 307, 310 (Tex.2012) (per curiam) (quoting Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., Inc., 186 S.W.3d 571, 576 (Tex.2006)). For example, in Milestone, the uncontroverted testimony of the company's registered agent that he simply did not recall being served with the lawsuit or turning over any lawsuit papers to company's legal counsel demonstrated that the failure to answer was due to accident or mistake and not conscious indifference. Id. | A trial court abuses its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable. Tex. R. Civ. P. 165a(3). | Does a trial court abuse its discretion in denying reinstatement following a dismissal for want of prosecution when an attorney's explanation for a failure to appear is reasonable? | 039707.docx | LEGALEASE-00159216-LEGALEASE-00159217 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3163 | Crafton Contracting Co. v. Swenson Constr. Co., 495 S.W.3d 178 | 308+1 | Generally, there are three essential elements to an agency relationship: 1) the agent holds the power to alter the legal relations between the principal and a third party; 2) the agent is a fiduciary with respect to matters within the scope of the agency; and 3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. State ex rel. Ford Motor Co. v. Bacon, 63 S.W.3d 641, 642 (Mo.banc 2002). However, the term "agent" as used in section 429.010 is to be interpreted broadly and the level of authority required to create an agency relationship for purposes of a mechanic's lien is less than required in other contexts. River City Drywall, Inc. v. Raleigh Properties, Inc., 341 S.W.3d 716, 721 (Mo.App.E.D.2011) (citing Ward v. Nolde, 259 Mo. 285, 168 S.W. 596, 600 (1914)). It is not a typical principal-agent relationship, but rather, a special, limited agency arising out of section 429.010. Mid"West Eng'g & Constr. Co. v. Campagna, 397 S.W.2d 616, 628 (Mo.1965) | Generally, there are three essential elements to an agency relationship: (1) the agent holds the power to alter the legal relations between the principal and a third party; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | Is the right to control an essential element of the agency relationship? | Principal and Agent - Memo 559 - RK_64017.docx | ROSS-003307135-ROSS-003307137 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3164 | Fonseca v. Fong, 167 Cal. App. 4th 922 | 24+101 | Federal authority to regulate immigration derives from various sources, including the federal government's power "[t]o establish [a] uniform rule of naturalization" (U.S. Const., art. I, " 8, cl. 4), its power "[t]o regulate commerce with foreign nations" (id., cl. 3), and its broad authority over foreign affairs. (Toll v. Moreno (1982) 458 U.S. 1, 10, 102 S.Ct. 2977, 73 L.Ed.2d 563.) Thus, the Supreme Court has established that the "[p]ower to regulate immigration is unquestionably exclusively a federal power." (De Canas, supra, 424 U.S. 351, 354, 96 S.Ct. 933, 47 L.Ed.2d 43; accord, Hines v. Davidowitz (1941) 312 U.S. 52, 62, 61 S.Ct. 399, 85 L.Ed. 581; Galvan v. Press (1954) 347 U.S. 522, 531, 74 S.Ct. 737, 98 L.Ed. 911; Truax v. Raich (1915) 239 U.S. 33, 42, 36 S.Ct. 7, 60 L.Ed. 131.) As the Supreme Court has repeatedly said, " "over no conceivable subject is the legislative power of Congress more complete than it is over" the admission of aliens." (Fiallo v. Bell (1977) 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50, quoting Oceanic Steam Navigation Co. v. Stranahan (1909) 214 U.S. 320, 339, 29 S.Ct. 671, 53 L.Ed. 1013.) | Federal authority to regulate immigration derives from various sources, including the federal government's power to establish a uniform rule of naturalization, its power to regulate commerce with foreign nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, cl. 3, 4. | Is the authority to regulate immigration derived from the federal government's power to regulate commerce with foreign nations? | "Aliens, Immigration and Citizenship - Memo 130 - RK_64771.docx" | ROSS-003282130-ROSS-003282131 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3165 | Regents of Univ. of California v. Superior Court, 225 Cal. App. 3d 972 | 141E+1174(1) | The state's legitimate interests in denying resident tuition to undocumented aliens are manifest and important. We will name just a few: the state's interests in not subsidizing violations of law; in preferring to educate its own lawful residents; in avoiding enhancing the employment prospects of those to whom employment is forbidden by law; in conserving its fiscal resources for the benefit of its lawful residents; in avoiding accusations that it unlawfully harbors illegal aliens in its classrooms and dormitories; in not subsidizing the university education of those who may be deported; in avoiding discrimination against citizens of sister states and aliens lawfully present; in maintaining respect for government by not subsidizing those who break the law; and in not subsidizing the university education of students whose parents, because of the risk of deportation if detected, are less likely to pay taxes. | Treating undocumented alien students as nonresidents for tuition purposes does not deprive them of equal protection of the laws; state has legitimate interests in denying resident tuition to undocumented aliens, such as preferring to educate its own lawful residents, avoiding enhancing employment prospects of those to whom employment is forbidden by law, and not subsidizing university education of those who may be deported. West's Ann.Cal.Educ.Code S 68062(h); West's Ann.Cal. Const. Art. 1, S 7. | Is denying resident tuition to undocumented aliens to avoid enhancing employment prospects of those to whom employment is forbidden by law a valid state interests? | "Aliens, Immigration and Citizenship - Memo 137 - RK_64777.docx" | ROSS-003281499-ROSS-003281500 | Condensed, SA, Sub | 0.46 | 0 | 1 | 1 | 1 | 1 |
| 3166 | Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | Thus, courts distinguish between "undocumented workers seeking backpay for wages actually earned," as in FLSA wage and hour violations, and "those seeking backpay for work not performed," as in a termination in violation of the NLRA. Flores, 233 F.Supp.2d at 463. This is because denying undocumented workers the protection of the FLSA would "permit[ ] abusive exploitation of workers" and "create[ ] an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them," in violation of the spirit of the IRCA. Id. at 463"64 (quoting Contreras, 25 F.Supp.2d at 1056). This distinction was clear before Hoffman and has been reiterated since. See Colon, 987 F.Supp.2d at 453 (noting that "courts have consistently and overwhelmingly distinguished NLRA precedents from FLSA doctrine"). | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Does denying undocumented workers the protection of the Fair Labor Standards Act (FLSA) create an unacceptable economic incentive to hire undocumented workers? | 006921.docx | LEGALEASE-00160210-LEGALEASE-00160211 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3167 | Villas at Parkside Partners v. City of Farmers Branch, Tex., 675 F.3d 802 | 24+101 | In the field of immigration, the power to regulate "is unquestionably exclusively a federal power." The exclusivity of Congress's power stems from multiple constitutional sources, "including the Federal Government's power "[t]o establish [a] uniform Rule of Naturalization," ... its power "[t]o regulate Commerce with foreign Nations," ... and its broad authority over foreign affairs." It is clear from these sources of the federal power that immigration is inextricably tied to national interests in many areas, one of the most significant of which is foreign relations. Indeed, the Supreme Court has recognized that immigration and the governing national policy thereof are inherently part of foreign affairs: "[T]he supremacy of the national power in the general field of foreign affairs, including power over immigration, naturalization and deportation, is made clear by the Constitution."Given the breadth of the Constitution's understanding of immigration as a domain of the federal government, state and local laws that attempt to affect aliens will, with limited exceptions, be preempted by the national interest. We therefore begin by considering the preemption doctrine. | In the field of immigration, the power to regulate is unquestionably exclusively a federal power; the exclusivity of Congress's power stems from multiple constitutional sources, including the Federal Government's power to establish a uniform Rule of Naturalization, its power to regulate Commerce with foreign Nations, and its broad authority over foreign affairs. U.S.C.A. Const. Art. 1, S 8, cls. 3, 4. | Does the government have the power to regulate commerce with foreign nations? | 006953.docx | LEGALEASE-00160274-LEGALEASE-00160275 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3168 | Chu v. Jones, 151 A.D.3d 1341 | 141E+1000 | We affirm. "[A]dministrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited to make relatively final decisions concerning wholly internal matters" (Maas v. Cornell Univ., 94 N.Y.2d 87, 92, 699 N.Y.S.2d 716, 721 N.E.2d 966 [1999] ). Further, it is well established that "courts are extremely reluctant to invade or sanction invasion of the province of academic authorities in making tenure decisions" (Matter of Leibowitz v. State Univ. of N.Y., 85 A.D.2d 293, 295, 448 N.Y.S.2d 879 [1982] ), and that a reviewing court should not substitute its judgment for that of a university (see Matter of Dalmolen v. Elmira Coll., 279 A.D.2d 929, 932, 720 N.Y.S.2d 573 [2001] ). Our examination of the record confirms that Supreme Court gave appropriate deference to respondents' discretion in concluding that the denial of tenure and promotion had a rational basis, and that it correctly found that petitioner failed to establish any substantial departures from respondents' procedures in their review of petitioner's application. | Administrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited than courts to make relatively final decisions concerning wholly internal matters. | Are educational institutions better suited than courts to make final decisions concerning internal matters? | 017128.docx | LEGALEASE-00159760-LEGALEASE-00159761 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 3169 | Russo v. Boland, 103 Ill. App. 3d 905 | 307A+561.1 | The alleged affirmative matter asserted to defeat the claim or demand must be something more than evidence offered to refute a well-pleaded fact in the complaint, for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. (Austin View Civic Ass'n v. City of Palos Heights (1980), 85 Ill.App.3d 89, 40 Ill.Dec. 164, 405 N.E.2d 1256.) | In respect to provision of the Civil Practice Act which allows dismissal of an action based on the assertion of affirmative matter that does not appear on the face of the complaint, the alleged affirmative matter asserted to defeat the claim or demand must be something more than evidence offered to refute a well-pleaded fact in the complaint, for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. S.H.A. ch. 110, P 48(1)(i). | Will an affirmative matter asserted to defeat the claim be more than evidence offered to refute a well-pleaded fact? | 039559.docx | LEGALEASE-00159262-LEGALEASE-00159263 | Condensed, SA | 0.22 | 0 | 1 | 0 | 1 | |
| 3170 | In re Marriage of Buster, 115 S.W.3d 141 | 30+3206 | A trial court has the inherent power to dismiss a case for want of prosecution, but express authority to do so is also given by Rule 165a in cases where a party plaintiff fails to appear for any scheduled hearing, or when the case is not disposed of within the time standards set by the Texas Supreme Court. Tex.R. Civ. P. 165a; Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999). Rule 165a also provides a procedure for reinstatement of causes dismissed for failure to appear at any hearing. See Tex.R. Civ. P. 165a(3). The courts have held, however, that the reinstatement provision applies only to cases dismissed for failure to appear, not to cases dismissed for want of prosecution. Burton v. Hoffman, 959 S.W.2d 351 (Tex.App.-Austin 1998, no pet.); Clark v. Yarbrough, 900 S.W.2d 406 (Tex.App.-Texarkana 1995, writ denied). The standard for reviewing a dismissal for want of prosecution is abuse of the court's discretion, whereas the test for reinstatement of a case dismissed under the failure to appear provision of Rule 165a is mistake or accident on the part of the aggrieved party. Burton v. Hoffman, 959 S.W.2d 351. | The standard for reviewing a dismissal for want of prosecution is abuse of the court's discretion, whereas the test for reinstatement of a case dismissed under the failure to appear provision of the rules of civil procedure is mistake or accident on the part of the aggrieved party. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is the standard for reviewing a dismissal for want of prosecution an abuse of the court's discretion? | 039777.docx | LEGALEASE-00159340-LEGALEASE-00159341 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3171 | Kruis v. McKenna, 2001 PA Super 366 | 30+3635 | Initially, we note our well-settled standard of review.A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the [trial] court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. Before a petition to open a judgment of non pros may be granted, the moving party must 1) promptly file a petition to open, 2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros, and 3) establish that there are sufficient facts to support a cause of action. | A request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion, and the Superior Court is loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident. | Is a request to open a judgment of non pros by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion? | Pretrial Procedure - Memo 11309 - C - PC_64253.docx | ROSS-003308076-ROSS-003308077 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 3172 | K.R. Exch. Servs. v. Fuerst, Humphrey, Ittleman, PL, 48 So. 3d 889 | 307A+695 | Despite the defects discussed above, the dismissal of K.R.-Israel's complaint should have been without prejudice. "In most circumstances, the trial court's dismissal of a complaint for failure to state a cause of action should be without prejudice to the plaintiff's amendment to the complaint to cure the deficiencies." Mortgage Elec. Registration Sys., Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007); see also Dieudonne v. Publix Super Mkts., Inc., 994 So.2d 505 (Fla. 3d DCA 2008); Charles v. Fla. Foreclosure Placement Ctr., LLC, 988 So.2d 1157, 1160-61 (Fla. 3d DCA 2008). | In most circumstances, the trial court's dismissal of a complaint for failure to state a cause of action should be without prejudice to the plaintiff's amendment to the complaint to cure the deficiencies. | "In most circumstances, should the trial court's dismissal of a complaint for failure to state a cause of action be without prejudice to the plaintiff's amendment of the complaint to cure the deficiencies?" | Pretrial Procedure - Memo 11341 - C - SHB_64274.docx | ROSS-003280862-ROSS-003280863 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3173 | Rowe v. HCA Health Servs. of Oklahoma, 130 P.3d 761 | 307A+695 | When a district court grants a motion to dismiss for failure to state a claim, it must grant the plaintiff leave to file an amended petition if the defect can be remedied. Kelly v. Abbott, 1989 OK 124, 6, 781 P.2d 1188, 1190.The district court has a duty to specify the time within which the plaintiff must file the amended petition. Id. at 10, 781 P.2d at 1191. If the district court does not prescribe a time, the defendant who obtained the dismissal has the responsibility to move the court to set a time. Id. The district court may refuse to allow a plaintiff leave to amend only if "it appears to a certainty that the plaintiff cannot state a claim." Id. at 6, 781 P.2d at 1190 (quoting the committee comment to " 2012). No such finding was made by the trial court. | When District Court grants motion to dismiss for failure to state claim, District Court may refuse to allow plaintiff leave to amend only if it appears to certainty that plaintiff cannot state claim. 12 Okl.St.Ann. S 2012(G). | "When a District Court grants a motion to dismiss for failure to state a claim, can a District Court refuse to allow a plaintiff leave to amend only if it appears that a plaintiff cannot state a claim?" | 039950.docx | LEGALEASE-00159687-LEGALEASE-00159688 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3174 | Chase v. Dow, 47 N.H. 405 | 83E+666 | The law is well settled that when interest is expressly stipulated for in the contract, such interest is to be paid according to the law of the place where the contract was made, unless some other place of payment was stipulated, in which case interest is to be paid according to the law of the place where the contract was to be performed. And where no place of payment is stipulated the law of the place where the contract is made will govern as to the rate of interest, though the loan be secured by a mortgage on lands in another State, unless the circumstances show that the parties had in view the laws of the latter State, in respect to the interest. Fanning v. Consigna, 17 Johns. 511; Schofield v. Day, 20 Johns. 102; De Wolf v. Johnson, 10 Wheat. 367; Boyce v. Edwards, 4 Peters 111; Chapman v. Robertson, 6 Paige 627; Scofield v. Taylor, 20 Peters 102; Story Con. Laws secs. 272, 272, a., 291, 293, 305; 2 Kent's Com. 460, 461, note c. | Where no place of payment is stipulated on a note running with interest, the law of the place where the contract was made will govern as to the rate of interest, though the note is secured by a mortgage on lands in another state, unless the circumstances show that the parties had in view the laws of the latter state in respect to the interest. | What law governs a contract where the loan was secured by a mortgage on lands in another state? | 010117.docx | LEGALEASE-00161621-LEGALEASE-00161622 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 3175 | Landvatter Ready Mix v. Buckey, 963 S.W.2d 298 | 302+427 | Failure to timely and specifically object to evidence on the ground that it is beyond the scope of the pleadings constitutes consent for determination of issues thereby raised. Kackley v. Burtrum, 947 S.W.2d 461, 465 (Mo.App.1997). The only objection lodged by landowners occurred when supplier requested the entry of the escrow agreement into evidence. Landowners generally objected "as to relevance." The failure to specifically object to the evidence on the grounds that it was beyond the scope of the pleadings constitutes consent to trial of the issue. See Kackley, supra. | Failure to timely and specifically object to evidence on ground that it is beyond scope of pleadings constitutes consent for determination of issues thereby raised. | Does the failure to timely and specifically object to evidence on ground that it is beyond scope of pleadings constitutes consent for determination of issues thereby raised? | 023885.docx | LEGALEASE-00161419-LEGALEASE-00161420 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3176 | Miramar Petroleum v. Cimarron Eng'g, 484 S.W.3d 214 | 307A+697 | Instead, section 150.002 requires that "the certificate of merit be filed with the first petition filed in a particular "action" or suit raising claims subject to the statute." Envirobusiness, 463 S.W.3d at 76 (noting that "action" refers to a lawsuit, not to claims asserted within a lawsuit). Therefore, when a plaintiff files a new action after a dismissal without prejudice and "includes a certificate of merit with the first-filed petition in that action, the plaintiff has complied with the plain language of the statute." Id. at 77 (emphasis added) (recognizing that the legal effect of a dismissal without prejudice places the parties in "the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought"); but see Bruington Engineering, Ltd. v. Pedernal Energy, L.L.C., 456 S.W.3d 181, 183 (Tex.App."San Antonio 2014, pet. filed) (holding that a trial court has no discretion to dismiss a case without prejudice unless the exception found in 150.002(c) applied). | When a plaintiff files a new action arising out of the provision of professional services after a dismissal without prejudice for failure to file a certificate of merit, and includes a certificate of merit with the first-filed petition in the second action, the plaintiff has complied with the plain language of the statute. Tex. Civ. Prac. & Rem. Code Ann. S 150.002(e). | "When a plaintiff files a new action after a dismissal without prejudice for failure to file a certificate of merit, has the plaintiff complied with the plain language of the statute?" | 039703.docx | LEGALEASE-00160501-LEGALEASE-00160502 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3177 | Corte v. Corte, 664 So. 2d 218 | 30+3206 | We conclude, after reviewing the record, that there was no reversible error by the trial court. The dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and this court will reverse only if the trial court has abused that discretion. Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987). The trial court did not abuse its discretion in dismissing the case for want of prosecution. This case was originally placed on the court's docket in 1987, seven years ago. When it was finally set for a hearing, the wife and her attorney failed to appear. The wife claims that she did not receive notice of the hearing. It is well settled that a party "has a duty to follow the status of his own case." Id. Additionally, the trial court verified that notice was sent to the address that had been provided to the court. | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | "Is the dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, within the sound discretion of the trial court?" | 040086.docx | LEGALEASE-00160813-LEGALEASE-00160814 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3178 | Lewandowski v. Nuclear Mgt., 272 Mich. App. 120 | 302+245(7) | A trial court denial of leave to amend pleadings is reviewed for an abuse of discretion. Ormsby v. Capital Welding, Inc., 471 Mich. 45, 53, 684 N.W.2d 320 (2004). Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified. Id. at 52"53, 684. N.W.2d 320. The trial court denied plaintiff motion to amend his pleadings to include a claim of public-policy wrongful discharge on the ground that the amendment would have been futile. | Leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified. | Should leave to amend the pleadings should be freely granted to the nonprevailing party upon a grant of summary disposition unless the amendment would be futile or otherwise unjustified? | 040219.docx | LEGALEASE-00161539-LEGALEASE-00161540 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 3179 | Dominion of Canada v. State Farm Fire & Cas. Co., 754 So. 2d 852 | 307A+695 | When a complaint appears amenable to amendment to state a proper cause of action, it should not be dismissed with prejudice without first affording the plaintiff an opportunity to amend. See Williams v. Sebring Housing & Development, 723 So.2d 359 (Fla. 2d DCA 1998). Therefore, on remand Dominion should be given that opportunity. | When a complaint appears amenable to amendment to state a proper cause of action, it should not be dismissed with prejudice without first affording the plaintiff an opportunity to amend. | "When a complaint appears amenable to amendment to state a proper cause of action, should it not be dismissed with prejudice without first affording the plaintiff an opportunity to amend?" | 040259.docx | LEGALEASE-00160841-LEGALEASE-00160842 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 3180 | Browning v. Walters, 616 N.E.2d 1040 | 307A+695 | Browning contends generally that the trial court erred because it should have allowed him a reasonable amount of time to amend his complaint before dismissal. When a party fails to comply with a condition precedent to jurisdiction, the complaint will be subject to dismissal for failure to state a claim pursuant to Trial Rule 12(B)(6), after which the plaintiff can amend. | When party fails to comply with condition precedent to jurisdiction, complaint is subject to dismissal for failure to state a claim, after which plaintiff may amend. Trial Procedure Rule 12(B)(6). | "When party fails to comply with condition precedent to jurisdiction, is a complaint subject to dismissal for failure to state a claim, after which plaintiff can amend?" | Pretrial Procedure - Memo 11649 - C - KS_65386.docx | ROSS-003285041 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3181 | Laurie v. Ezard, 595 S.W.2d 336 | 307A+583 | The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute. Vonder Haar Concrete Company v. Edwards-Parker, Inc., 561 S.W.2d 134, 137 (Mo.App.1978). The discretion to be used is not a mental discretion, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to serve the ends of substantial justice. Levee District No. 4 of Dunklin County v. Small, 281 S.W.2d 614, 618 (Mo.App.1955). Such action will not be disturbed on appeal unless the discretion was abused. Shirrell v. Missouri Edison Company, 535 S.W.2d 446, 448 (Mo. banc 1976). However, Missouri law favors the disposition of cases on their merit when possible. Myers v. Moreno, 564 S.W.2d 83, 85 (Mo.App.1978). This is for the reason that the purpose of all courts is to do justice, and justice is best served when all litigants have a chance to be heard. Id. | Generally, courts have inherent power, in exercise of sound judicial discretion, to dismiss case for failure to prosecute; discretion to be used is not mental discretion, but legal discretion, to be exercised in conformity with spirit of law, and in manner to serve ends of substantial justice. | Is the court's discretion to dismiss a case for failure to prosecute a mental discretion? | 040467.docx | LEGALEASE-00161202-LEGALEASE-00161203 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3182 | Corte v. Corte, 664 So. 2d 218 | 30+3206 | We conclude, after reviewing the record, that there was no reversible error by the trial court. The dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and this court will reverse only if the trial court has abused that discretion. Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987). The trial court did not abuse its discretion in dismissing the case for want of prosecution. This case was originally placed on the court's docket in 1987, seven years ago. When it was finally set for a hearing, the wife and her attorney failed to appear. The wife claims that she did not receive notice of the hearing. It is well settled that a party "has a duty to follow the status of his own case." Id. Additionally, the trial court verified that notice was sent to the address that had been provided to the court. | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | "Is the dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, within the sound discretion of the trial court?" | Pretrial Procedure - Memo 11775 - C - BP_65641.docx | ROSS-003280087-ROSS-003280088 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3183 | Bennett v. Com., 217 S.W.3d 871 | 135H+96 | The central question in these appeals concerns the trial court's finding that a second trial following the mistrial was not barred by the constitutional prohibition against double jeopardy. A defendant's motion for a mistrial generally removes any bar to retrial. Stamps v. Commonwealth, 648 S.W.2d 868 (Ky.1983). However, an exception to this rule exists in cases where the prosecutor's conduct was intended to provoke the defendant into moving for a mistrial. Martin v. Commonwealth, 170 S.W.3d 374, 378 (Ky.2005), citing Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). "[T]he conduct giving rise to the order of mistrial [must be] precipitated by bad faith, overreaching or some other fundamentally unfair action of the prosecutor or the court." Martin, 170 S.W.3d at 378, quoting Tinsley v. Jackson, 771 S.W.2d 331, 332 (Ky.1989). | A defendant's motion for a mistrial generally removes any double jeopardy bar to retrial, except for cases in which the prosecutor's conduct was intended to provoke a defendant into moving for a mistrial. U.S.C.A. Const.Amend. 5. | "Does a defendants motion for a mistrial generally remove any double jeopardy bar to retrial, except for cases in which the prosecutors conduct was intended to provoke a defendant into moving for a mistrial?" | 015065.docx | LEGALEASE-00162476-LEGALEASE-00162477 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3184 | Clark v. Jesuit High Sch. of New Orleans, 572 So. 2d 830 | 141E+938(1) | High school could not be held strictly liable for injury to student who was shot by fellow student absent showing that school had actual knowledge of gun being kept on school premises or that it should have known that other student had gun; there was no evidence that school authorities had been faced with violence on school grounds before incident in question. Constructive knowledge of such a condition exists if the condition is so inherently dangerous that the school authorities should have known of it. Laneheart, supra, at 140. We agree with the trial court that there is no evidence of constructive knowledge on the part of Jesuit. Cases concerning constructive knowledge generally involve a physical condition or defect of the premises which is within the control of the school itself, such as a hole in the schoolyard or broken glass on the floor. The instant case, however, concerns an object in the control and possession of a third person. Rene Pagan testified in his deposition that he had kept the gun in his locker at school for about three weeks prior to the incident. He knew the school had a strict policy forbidding weapons, and therefore attempted to hide the gun from the school authorities. Although Rene had been in detention several times for misconduct, he had never before displayed violent behavior. Under the circumstances, there is no evidence to indicate that Jesuit authorities should have known that Rene had this gun. | High school could not be held strictly liable for injury to student who was shot by fellow student absent showing that school had actual knowledge of gun being kept on school premises or that it should have known that other student had gun; there was no evidence that school authorities had been faced with violence on school grounds before incident in question. | Can schools be held liable for injuries caused by dangerous or hazardous conditions on its premises? | 017197.docx | LEGALEASE-00162032-LEGALEASE-00162034 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 3185 | Petrone v. Whirlwind, 444 Pa. Super. 477 | 307A+699 | The Comment to Rule 3051 states that "since the rule adopts the practice of seeking relief from a judgment of non pros in the trial court prior to taking an appeal, the rule also adopts traditional requirements for the opening of the judgment as set forth in the Valley case." In Valley Peat & Humus v. Sunnylands, Inc., 398 Pa.Super. 400, 581 A.2d 193, 196 (1990), three factors must be present in order to open a non pros judgment. These are (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. We note that factors (1) and (3) are undisputedly satisfied. | Three factors must be present in order to open non pros judgment: (1) petition to open must be promptly filed; (2) default or delay must be reasonably explained; and (3) facts must be shown to exist that support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | "In order to open non pros judgment, should three factors be present?" | 040575.docx | LEGALEASE-00162292-LEGALEASE-00162293 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3186 | City of Philadelphia v. Williams, 122 Pa. Cmwlth. 630 | 307A+697 | Before a court may grant a petition to open judgment there must be a coalescence of three factors: (1) the petition to open judgment must be timely filed, (2) there must be a reasonable explanation or excuse for the default, and (3) facts constituting grounds for a cause of action must be alleged. Toczylowski; Storm v. Golden, 338 Pa.Superior Ct. 570, 488 A.2d 39 (1985); Buxbaum v. Peguero, 335 Pa.Superior Ct. 289, 484 A.2d 137 (1984); Perri v. Broad Street Hospital, 330 Pa.Superior Ct. 50, 478 A.2d 1344 (1984); Walker v. Pugliese, 317 Pa.Superior Ct. 595, 464 A.2d 482 (1983); Lewis v. Reid, 244 Pa.Superior Ct. 76, 366 A.2d 923 (1976). | Before court may grant petition to open judgment non pros, petition must be timely filed, there must be reasonable explanation or excuse for default, and facts constituting grounds for cause of action must be alleged. | "Before a court can grant petition to open judgment non pros, should there be a reasonable explanation or excuse for default?" | Pretrial Procedure - Memo 11828 - C - MS_66112.docx | ROSS-003280486-ROSS-003280487 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3187 | Scholastic Book Clubs v. State, Dep't of Treasury, Revenue Div., 223 Mich. App. 576 | 371+3602 | Unlike the sales tax, which is a tax imposed upon sellers for the privilege of engaging in the business of making sales of tangible personal property at retail within this state, World Book, Inc. v. Dep't of Treasury, 222 Mich.App. 203, 205, 564 N.W.2d 82 (1997), the use tax is an excise tax imposed for the "privilege of using, storing, or consuming tangible personal property in the state." M.C.L. " 205.93(1); M.S.A. " 7.555(3)(1). The legal incidence of the use tax falls upon the consumer or purchaser who buys personal property outside this state for use in Michigan, but the out-of-state seller is responsible for the collection of the tax. World Book, supra, p. 206, 564 N.W.2d 82. | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | "Is ""sales tax"" imposed upon sellers for the privilege of engaging in business of making sales of tangible personal property at retail within state?" | Taxation - Memo 1118 - C - NS_65680.docx | ROSS-003280870-ROSS-003280871 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3188 | Collins v. United States, 254 F.2d 66 | 34+69(1) | Title 38 U.S.C.A. " 802(w) provides that a policy of National Service Life Insurance shall be incontestable from the date of issue or reinstatement except for fraud, and two other grounds not here applicable. It has been established that in order to void a National Life Insurance policy for fraud, the evidence must show the insured made 1) a false representation; 2) in reference to a material fact; 3) made with knowledge of its falsity; 4) with the intent to deceive; and 5) with action taken in reliance upon the representation. Pence v. United States, 316 U.S. 332, 338, 62 S.Ct. 1080, 86 L.Ed. 1510; Cardwell v. United States, 5 Cir., 186 F.2d 382, 384 | To void a National Service Life Insurance policy for fraud, evidence must show that insured made a false representation in reference to a material fact with knowledge of its falsity and intent to deceive and that action was taken in reliance upon the representation. National Service Life Insurance Act, S 602(w) as amended 38 U.S.C.A. S 710. | What actions will void a National Life Insurance Policy for fraud? | 008838.docx | LEGALEASE-00163904-LEGALEASE-00163905 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3189 | Rowan v. United States, 115 F. Supp. 503 | 34+79(1) | Where there is a disagreement as to any claim arising under the National Service Life Insurance Act, " 617, 38 U.S.C.A. " 817, provides that suit may be brought in the same manner and subject to the same conditions and limitations as described in " 19 of the Act of 1924, as amended, 38 U.S.C.A. " 445. Meadows v. United States, 281 U.S. 271, 50 S.Ct. 279, 74 L.Ed. 852, held that " 19 did not include a suit seeking reinstatement of a defunct policy.To come within its terms the suit must be one upon a policy which had not lapsed and needs no reinstatement. Taft v. United States, supra, 127 F.2d 876. It must be upon a contract or policy which is in force and effect. United States v. Fitch, supra, 185 F.2d 471; Ginelli v. United States, supra, 94 F.Supp. 874; Skovgaard v. United States, supra, 202 F.2d 363; Mitchell v. United States, supra, 111 F.Supp. 104, and see United States v. Holley, 5 Cir., 1952, 199 F.2d 575, at page 578; Note 22 A.L.R.2d 839, 845, and Burlingham v. United States, 8 Cir., 1929, 34 F.2d 881, at page 882. | To come within statute authorizing suit on claim arising on National Service Life Insurance policy, suit must be one upon policy which has not lapsed and needs no reinstatement. National Service Life Insurance Act of 1940, S 617, as amended, 38 U.S.C.A.S 817; World War Veterans' Act, 1924, S 19, as amended, 38 U.S.C.A. S 445. | Can a lapsed policy needing reinstatement confer standing to sue under a National Service Life Insurance policy? | 008871.docx | LEGALEASE-00163922-LEGALEASE-00163923 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 3190 | Sanjari v. State, 961 N.E.2d 1005 | 135H+30 | Often discussed under the general rubric of Indiana double jeopardy jurisprudence, we recognize "a series of rules of statutory construction and common law that are separate and in addition to the protections afforded by the Indiana Double Jeopardy Clause." Spivey v. State, 761 N.E.2d 831, 834 (Ind.2002). Among these are situations in which an "enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." Richardson v. State, 717 N.E.2d 32, 56 (Ind.1999) (Sullivan, J., concurring) (emphasis omitted). This principle is reflected in the statutory provision prohibiting the entry of judgment and sentence on separate counts charging both an offense and an included offense. See Ind.Code " 35"38"1"6. | Rules of statutory construction and common law that are separate and in addition to the protections afforded by the Indiana Double Jeopardy Clause include situations in which an enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. U.S.C.A. Const.Amend. 5; West's A.I.C. Const. Art. 1, S 14; West's A.I.C. 35-38-1-6. | What kind of situations do rules of statutory construction and common law include? | 014856.docx | LEGALEASE-00163992-LEGALEASE-00163993 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 3191 | Rose v. Bd. of Zoning Adjustment Platte Cty., 68 S.W.3d 507 | 135H+25 | "[T]he determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depends upon whether the penalty is remedial or punitive in nature." In Re Caranchini, 956 S.W.2d 910, 914 (Mo.banc), cert. denied, 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998). This determination requires a "particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." Mayo, 915 S.W.2d at 760. To be considered punishment, the goal of the penalty must be the "twin aims of retribution and deterrence." Id. | The determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depends upon whether the penalty is remedial or punitive in nature; this determination requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve. U.S.C.A. Const.Amend. 5; V.A.M.S. Const. Art. 1, S 19. | Is the determination of whether a civil penalty is considered punishment for purposes of double jeopardy analysis depends upon whether the penalty is remedial or punitive in nature? | Double Jeopardy - Memo 194 - C - SK_66945.docx | ROSS-003296869-ROSS-003296870 | Condensed, SA, Sub | 0.35 | 0 | 1 | 1 | 1 | 1 |
| 3192 | City of New Brighton v. 2000 Ford Excursion VIN No. 1FMNU43S2YEA74156, 622 N.W.2d 364 | 135H+25 | In Ursery, the Supreme Court articulated a two-step test for determining whether a civil forfeiture constitutes "punishment" for double jeopardy purposes. Under that test:First, a court must examine the governing statute to determine whether the legislative body intended the forfeiture proceedings to be criminal/punitive or civil/remedial. Next, the court must consider whether the party challenging the statute has shown by the clearest proof that the forfeiture is so punitive in fact that it may not legitimately be viewed as civil in nature.Hawes, 602 N.W.2d at 878 (quotation and citations omitted). A civil in rem forfeiture "that has some punitive aspects will not necessarily violate double jeopardy provisions if it still serves important non-punitive goals." Id. (citing Ursery, 518 U.S. at 290, 116 S.Ct. at 2148). | Civil in rem forfeiture that has some punitive aspects will not necessarily violate double jeopardy provisions if it still serves important non-punitive goals. U.S.C.A. Const.Amend. 5; M.S.A. Const. Art. 1, S 7. | Will civil in rem forfeiture that has some punitive aspects not necessarily violate double jeopardy provisions if it still serves important non-punitive goals? | 015112.docx | LEGALEASE-00163784-LEGALEASE-00163785 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3193 | Counihan v. Allstate Ins. Co., 907 F. Supp. 54 | 135H+25 | Lastly, Counihan argues that to permit the government to intervene would violate the Double Jeopardy Clause of the Fifth Amendment in that it would allow the government "to "punish" plaintiff Counihan again for the same offense," Plaintiff's Objections at 12. Because the government's interest in insurance proceeds on a claim of constructive trust, limited to the extent of the loss suffered to the forfeited property, would not constitute multiple punishment, Counihan's double jeopardy claim must be rejected. | United States' constructive trust on insurance proceeds for fire loss on forfeited property is not "punishment" for purposes of double jeopardy clause; government's interest is limited to extent of loss suffered to the forfeited property. U.S.C.A. Const.Amend. 5. | "Is the United States' constructive trust on insurance proceeds for fire loss on forfeited property not ""punishment"" for purposes of double jeopardy clause?" | Double Jeopardy - Memo 235 - C - BP_66754.docx | ROSS-003281459-ROSS-003281460 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 3194 | State v. Rowlands, 343 S.C. 454 | 135H+59 | The Double Jeopardy Clause of the South Carolina Constitution and the Fifth Amendment to the United States Constitution protect all citizens from being twice put in jeopardy of life or liberty. A defendant, therefore, may not be prosecuted for the same offense after an acquittal, a conviction, or an improvidently granted mistrial. Generally, jeopardy attaches when a jury is sworn and impaneled, unless prior to reaching a verdict, the jury is discharged with the defendant's consent or upon some ground of legal necessity. In the present case, the magistrate's court granted the mistrial based upon the unavailability of a government witness. | Generally, jeopardy attaches when a jury is sworn and impaneled, unless prior to reaching a verdict, the jury is discharged with the defendant's consent or upon some ground of legal necessity. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 12. | "Does jeopardy attach when the jury is sworn and impaneled, unless the defendant consents to the jury's discharge before it reaches a verdict or legal necessity mandates the jury's discharge?" | 015228.docx | LEGALEASE-00162993-LEGALEASE-00162994 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3195 | United States v. Combs, 222 F.3d 353 | 135H+99 | The double jeopardy clause bars retrial unless the district court's mistrial declaration was occasioned by manifest necessity or consented to by the defendant. Camden v. Circuit Court of the Second Judicial Circuit, Crawford County, Illinois, 892 F.2d 610, 614 (7th Cir.1989), cert. denied, 495 U.S. 921, 110 S.Ct. 1954, 109 L.Ed.2d 316 (1990). We turn first to the question of whether Combs consented to a mistrial. Either express or implied consent will suffice to overcome the bar to retrial so long as there is no governmental or judicial conduct intended to goad the defendant into assenting. Camden, 892 F.2d at 614. | Double jeopardy clause bars retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant. U.S.C.A. Const.Amend. 5. | "Does the double jeopardy clause bar retrial unless the district court's mistrial declaration was occasioned by manifest necessity, or consented to by the defendant?" | Double Jeopardy - Memo 287 - C - KG_66972.docx | ROSS-003280255-ROSS-003280256 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3196 | United States v. Botello, 991 F.2d 189 | 135H+97 | "A defendant may ... waive double jeopardy protection by consenting to a mistrial before a verdict is rendered.... [A] motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error." United States v. Bauman, 887 F.2d 546, 549 (5th Cir.1989) (citations omitted), quoted in United States v. Nichols, 977 F.2d 972, 974 (5th Cir.1992). | Defendant may waive double jeopardy protection by consenting to mistrial before verdict is entered, even if defendant's motion is necessitated by prosecutorial or judicial error. U.S.C.A. Const.Amend. 5. | "Can a defendant waive double jeopardy protection by consenting to mistrial before verdict is entered, even if a defendant's motion is necessitated by prosecutorial or judicial error?" | Double Jeopardy - Memo 313 - C - TJ_66607.docx | ROSS-003292776 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 3197 | Camden v. Circuit Court of Second Judicial Circuit, Crawford Cty., Ill., 892 F.2d 610 | 135H+96 | The record reveals that Camden and her attorney were afforded a minimal but adequate opportunity to object, albeit in the presence of the jury while the mistrial was being declared. If a trial judge declares a mistrial in the presence of the jury without giving the defendant an adequate opportunity to object, it would of course be unfair to infer consent absent other circumstances indicating acquiescence. See Lovinger, 845 F.2d at 745-46; Puleo, 817 F.2d at 705; Buljubasic, 808 F.2d at 1265-66; Smith, 621 F.2d at 351-52; Goldstein, 479 F.2d at 1067; Henderson v. Wright, 533 F.Supp. 1373, 1376 (D.Me.1982). In the instant case, after the trial judge declared a mistrial, but before he discharged the jury, he stated that there would be a further trial setting. While the trial court contemplation of a new trial is not conclusive on the issue of double jeopardy, United States v. Scott, 437 U.S. 82, 92, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978), the court comments about a mistrial and reference to a second trial should have prompted defense counsel to object if he did not agree with the need for a mistrial or the propriety of a retrial. Instead of immediately objecting or requesting a sidebar and objecting outside the presence of the jury, however, defense counsel chose to remain silent during the whole proceeding, except to thank the jury. | Absent other circumstances, it is unfair to infer consent to trial court's declaration of mistrial in presence of jury if defendant is not given adequate opportunity to object. U.S.C.A. Const.Amend. 5. | "Absent other circumstances, is it unfair to infer consent to a trial court declaration of a mistrial in presence of a jury if a defendant is not given an adequate opportunity to object?" | 015371.docx | LEGALEASE-00162901-LEGALEASE-00162902 | Condensed, SA, Sub | 0.85 | 0 | 1 | 1 | 1 | 1 |
| 3198 | City of Wichita v. Bannon, 42 Kan. App. 2d 196 | 135H+100.1 | In Ruden, the trial court entered a judgment of acquittal after suppressing the State's evidence, and the State appealed. Our Supreme Court characterized the trial court's action as a dismissal, thereby preserving the State's right to appeal, rather than as a judgment of acquittal as the trial court incorrectly characterized its order. The Supreme Court noted:"A main component of the judgment of acquittal is its prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy. 8A Moore's Federal Practice 29.08 (2d ed.1989). The Kansas cases that have allowed a motion for judgment of acquittal to bar an appeal have involved a situation in which the trial has begun and jeopardy has attached. In a jury trial, jeopardy attaches when a jury is impaneled and sworn. Crist v. Bretz, 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978)." Ruden, 245 Kan. at 99, 774 P.2d 972. | A main component of a judgment of acquittal is the prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy. U.S.C.A. Const.Amend. 5. | Is a main component of a judgment of acquittal the prohibition against subsequent prosecutions for the same offense based upon the Fifth Amendment protection against double jeopardy? | 015590.docx | LEGALEASE-00162943-LEGALEASE-00162944 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3199 | Com. v. Riley, 467 Mass. 799 | 203+530 | We review the trial record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677, 393 N.E.2d 370 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318"319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To prove malice, the Commonwealth must prove one of three prongs: (1) intent to kill the victim; (2) intent to cause grievous bodily harm to the victim; or (3) commission of an act that, in the circumstances known to the defendant, a reasonable person would have known created a plain and strong likelihood of death. See Commonwealth v. Grey, 399 Mass. 469, 470 n. 1, 505 N.E.2d 171 (1987). The requirement of an intentional act"can be satisfied by a defendant's omission where the defendant has a duty to act. Thus, as a parent has a duty to provide for the care and welfare of his or her child, ... a failure to discharge that duty can be rendered criminal if the defendant parent had the means to perform it and, depending on the circumstances, can constitute murder or involuntary manslaughter" (citation omitted).Earle, 458 Mass. at 347"348, 937 N.E.2d 42 | To prove malice, the Commonwealth must prove one of three prongs: (1) intent to kill the victim; (2) intent to cause grievous bodily harm to the victim; or (3) commission of an act that, in the circumstances known to the defendant, a reasonable person would have known created a plain and strong likelihood of death. | What are the prongs used to prove malice? | 019406.docx | LEGALEASE-00164034-LEGALEASE-00164035 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 3200 | Martin v. Grandview Hosp., 373 Pa. Super. 369 | 307A+697 | The defendants/appellants in the instant case contend that plaintiff failed to meet the requisite elements to prove good cause for reactivating the case. In response, the plaintiff/appellee contends that since the local rule does not expressly require good cause to be shown prior to reactivation of cases, the cases which establish a good cause standard are inapplicable. According to appellee, a trial court may grant reinstatement merely upon application, without requiring a showing of good cause. We disagree; we hold that a petition to reactivate a case terminated for inactivity of record may be granted only upon good cause shown, regardless of whether the local rule expressly requires a showing of good cause. | Petition to reactivate case terminated for inactivity of record may be granted only upon good cause shown, regardless of whether local rule expressly requires showing of good cause. Pa.R.J.A. No. 1901. | Can a petition to reactivate a case terminated for inactivity of record be granted only upon good cause shown? | 040745.docx | LEGALEASE-00163155-LEGALEASE-00163156 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3201 | Mohiuddin v. Doctors Billing & Mgmt. Sols., 196 Md. App. 439 | 307A+695 | The other problem following the dismissal of a pleading"that of whether the pleading may be amended"is resolved by the trial court either by adding, within the four corners of the order itself, the explicit words "with leave to amend" or by leaving the order silent in that regard. There is no "in-between." Leave to amend is either expressly stated on the face of the order or it does not exist. If the dismissal order expressly grants "leave to amend," there is no final judgment and the case is not closed. At that point, the future of the case is governed by the procedural requirements imposed on the amending process by Rule 2"322. By contrast, unless the case is being kept alive by some other means, such as other parties or other still unresolved claims, a dismissal without the magic words "with leave to amend" closes the case finally and there is, therefore, nothing to amend. | The problem, following the dismissal of a pleading, of whether the pleading may be amended, is resolved by the trial court either by adding, within the four corners of the order itself, the explicit words "with leave to amend" or by leaving the order silent in that regard; leave to amend is either expressly stated on the face of the order or it does not exist. Md.Rule 2-322. | "Is the problem, following the dismissal of a pleading, of whether the pleading can be amended, resolved by the trial court?" | 040938.docx | LEGALEASE-00163235-LEGALEASE-00163236 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 3202 | Indus. Risk Insurers v. Lorenz Equip. Co., 1994-Ohio-442 | 307A+583 | The power to dismiss an action for lack of prosecution is within the sound discretion of the trial court. Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126, 437 N.E.2d 1199, 1201. Noting that dismissal for want of prosecution is an "extremely harsh sanction," this court stated that it should be granted only when an attorney's conduct falls substantially below what is reasonable and displays contempt for the judicial system or the rights of the opposing party. Moore v. Emmanuel Family Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 70, 18 OBR 96, 102, 479 N.E.2d 879, 885. It is not, for instance, an abuse of discretion for a trial court to dismiss an action for lack of prosecution when a plaintiff voluntarily fails to appear at a hearing, without explanation, and the trial court has specifically directed him to appear. Pembaur, supra, syllabus. | It is not abuse of discretion for trial court to dismiss action for lack of prosecution when plaintiff voluntarily fails to appear at hearing, without explanation, and trial court has specifically directed him to appear. Rules Civ.Proc., Rule 41(B)(1). | Is it an abuse of discretion for trial court to dismiss action for lack of prosecution when plaintiff voluntarily fails to appear at hearing? | 040944.docx | LEGALEASE-00163247-LEGALEASE-00163248 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3203 | State v. Bjergum, 771 N.W.2d 53 | 3.77E+12 | Because threats are context specific, a person who might lack a specific intent to threaten or terrorize may nevertheless utter an objectively threatening statement recklessly, committing a terroristic-threats crime. By acting without regard to a known, substantial risk, a person's threats, however intended, may violate the statute. The terms "threatens" and "reckless disregard" do not transform the recklessness-related portion of the terroristic-threats statute into a specific-intent crime. | Because threats are context specific, a person who might lack a specific intent to threaten or terrorize may nevertheless utter an objectively threatening statement recklessly, committing a terroristic-threats crime. M.S.A. S 609.713(1). | Can a person who recklessly makes an objectively threatening statement yet lacks the specific intent to threaten or terrorize be convicted of committing a terroristic threats crime? | 047031.docx | LEGALEASE-00163531-LEGALEASE-00163532 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 3204 | Switzerland Gen. Ins. Co. v. Gulf Ins. Co., 213 S.W.2d 161 | 135+2 | In determining the question involved as to the "domicile" or "permanent residence" of the insured, such must be disposed of on its own peculiar facts, interpreted in the light of the contract. The word "residence" itself is susceptible of different meanings; the word "domicile" has only one. "Residence" may mean a temporary, permanent, or transient character; or it may mean one's fixed abode, depending upon the purpose of the particular object of its use; while "domicile" is a fixed, permanent abode. "Residence" and "domicile" are not synonymous. | "Residence" may mean a temporary, permanent, or transient character; or it may mean one's fixed abode, depending upon the purpose of the particular object of its use, while "domicile" as a fixed permanent abode. | "Does ""residence"" mean a temporary, permanent or transient character or may mean one's fixed abode, depending on the purpose of the particular object?" | Domicile - Memo 69 - C - SJ_67148.docx | ROSS-003285202-ROSS-003285203 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3205 | United States v. Wheeler, 330 F.3d 407 | 135H+5.1 | In asserting a double jeopardy violation, Defendant unsuccessfully attempts to transform what constitutes at most a double counting issue under the sentencing guidelines into a constitutional concern. Although the Constitution prohibits multiple criminal punishments for the same offense, double jeopardy principles generally have no application in the sentencing context "because the determinations at issue do not place a defendant in jeopardy for an "offense." " | Although the Constitution prohibits multiple criminal punishments for the same offense, double jeopardy principles generally have no application in the sentencing context because the determinations at issue do not place a defendant in jeopardy for an "offense." U.S.C.A. Const.Amend. 5. | Do double jeopardy principles generally have application in the sentencing context because the determinations at issue do not place a defendant in jeopardy for an offense? | Double Jeopardy - Memo 1210 - C - RF_67542.docx | ROSS-003280625-ROSS-003280626 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 3206 | Emmons v. State, 847 N.E.2d 1035 | 135H+99 | A defendant may also be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law. Somerville, 410 U.S. at 464, 93 S.Ct. 1066; Phillippe v. State, 458 N.E.2d 1159, 1164 (Ind.Ct.App.1984). See also Ind.Code " 35"41"4"3(a)(2)(iii) (prosecution not barred if former prosecution terminated due to "legal defect in proceedings that would make any judgment entered upon a verdict reversible as a matter of law"). | A defendant may be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law. U.S.C.A. Const.Amend. 5; West's A.I.C. Const. Art. 1, S 14; West's A.I.C. 35-34-1-1, 35-41-4-3(a)(2)(iii). | Can a defendant be retried if the prior proceeding was terminated because a legal defect in the proceedings would make any resulting judgment reversible as a matter of law? | 041015.docx | LEGALEASE-00164298-LEGALEASE-00164299 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 3207 | Cagle v. Clinton Cotton Mills, 216 S.C. 93 | 413+186 | This Court is committed to a liberal construction of the Compensation Act to include injured workmen within its protection rather than exclude them. Bailey v. Santee River Hardwood Co., 205 S.C. 433, 32 S.E.2d 365. The basic purpose of the Workmen's Compensation Act is inclusion of employers and employees and not their exclusion, and its presumptions and its penalties are directed toward the end of effective coverage rather than noncoverage. Jolly v. Atlantic Greyhound Corp., 207 S.C. 1, 35 S.E.2d 42. These postulates have been stated in several other cases decided by this Court. | The basic purpose of Workmen's Compensation Act is inclusion of employers and employees, and not their exclusion, and its presumptions and its penalties are directed toward the end of effective coverage rather than noncoverage. | "Are the presumptions and penalties of the Workmens Compensation Act directed towards the end of effective coverage, rather than noncoverage?" | 048565.docx | LEGALEASE-00164607-LEGALEASE-00164608 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3208 | Crist v. Bretz, 437 U.S. 28 | 135H+59 | The reason for holding that jeopardy attaches when the jury is empaneled and sworn lies in the need to protect the interest of an accused in retaining a chosen jury. That interest was described in Wade v. Hunter, supra, as a defendant's "valued right to have his trial completed by a particular tribunal." 336 U.S. at 689, 69 S.Ct. at 837. It is an interest with roots deep in the historic development of trial by jury in the Anglo-American system of criminal justice. Throughout that history there ran a strong tradition that once banded together a jury should not be discharged until it had completed its solemn task of announcing a verdict. Regardless of its historic origin, however, the defendant's "valued right to have his trial completed by a particular tribunal" is now within the protection of the constitutional guarantee against double jeopardy, since it is that "right" that lies at the foundation of the federal rule that jeopardy attaches when the jury is empaneled and sworn. United States v. Martin Linen Supply Co., supra; Serfass v. United States, supra, 420 U.S. 377, at 388, 95 S.Ct. 1055, at 1062, 43 L.Ed.2d 265; Illinois v. Somerville, 410 U.S., at 467, 93 S.Ct., at 1072, 35 L.Ed.2d 425; United States v. Jorn, 400 U.S. 470, 478-480, 484-485, 91 S.Ct. 547, 553-554, 556-557, 27 L.Ed.2d 543 (plurality opinion). | An accused's right to have his trial completed by a particular tribunal lies at the foundation of the federal rule that jeopardy attaches when a jury is empaneled and sworn and is thus within the protection of the constitutional guarantee against double jeopardy. U.S.C.A.Const. Amends. 5, 14. | Is the right to have one's trial completed by a particular tribunal within the protection of the constitutional guarantee against double jeopardy? | 014615.docx | LEGALEASE-00165259-LEGALEASE-00165260 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3209 | People v. Lett, 466 Mich. 206 | 135H+59 | From this fundamental idea, the United States Supreme Court has over the years developed a body of double jeopardy jurisprudence that recognizes, among other related rights,9 an accused's "valued right to have his trial completed by a particular tribunal...." Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949); see also Washington, supra, 434 U.S. at 503, 98 S.Ct. 824; Illinois v. Somerville, 410 U.S. 458, 466, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Jeopardy is said to "attach" when a jury is selected and sworn, see Somerville, supra, 410 U.S. at 467, 93 S.Ct. 1066; Hicks, supra, 447 Mich. at 827, n. 13, 528 N.W.2d 136 (Griffin, J.), and the Double Jeopardy Clause therefore protects an accused's interest in avoiding multiple prosecutions even where no determination of guilt or innocence has been made. See Scott, supra, 437 U.S. at 87"92, 98 S.Ct. 2187; Crist, supra, 437 U.S. at 33"34, 98 S.Ct. 2156. It is this interest that is implicated when the trial judge declares a mistrial, thereby putting an end to the proceedings before a verdict is reached. Scott, supra, 437 U.S. at 92, 98 S.Ct. 2187; Crist, supra, 437 U.S. at 33"34, 98 S.Ct. 2156. However, the general rule permitting the prosecution only one opportunity to obtain a conviction " "must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." " Washington, supra, 434 U.S. at 505, n. 11, 98 S.Ct. 824, quoting Wade, supra, 336 U.S. at 689, 69 S.Ct. 834. | Jeopardy is said to attach when a jury is selected and sworn, and the Double Jeopardy Clause therefore protects an accused's interest in avoiding multiple prosecutions even where no determination of guilt or innocence has been made. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause protect an accused's interest when no determination of guilt or innocence has been made? | Double Jeopardy - Memo 1085 - C - TM_67991.docx | ROSS-003295143-ROSS-003295144 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3210 | Collum v. State, 96 S.W.3d 361 | 135H+59 | When district court granted defendant's motion for continuance and dismissed first jury, it made clear on record that jury had not been sworn, and thus, it was clearly apparent that district court did not subject defendant to double jeopardy by dismissing unsworn jury pursuant to defendant's motion for continuance.In his first issue, appellant contends that jeopardy attached when the first jury was selected and impaneled, even though the record clearly reflects that it was not sworn. In a jury trial, jeopardy attaches when the jury is impaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 29, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); see also Ex parte Preston, 833 S.W.2d 515, 517 (Tex.Crim.App.1992); McElwee v. State, 589 S.W.2d 455, 457"60 (Tex.Crim.App.1979). Here, the record clearly reflects that the jury was not sworn. Appellant argues, however, that in his case jeopardy attached as soon as the first jury was selected and impaneled. | When district court granted defendant's motion for continuance and dismissed first jury, it made clear on record that jury had not been sworn, and thus, it was clearly apparent that district court did not subject defendant to double jeopardy by dismissing unsworn jury pursuant to defendant's motion for continuance. U.S.C.A. Const.Amend. 5. | Would it be apparent that court did not subject defendant to double jeopardy by dismissing unsworn jury? | 014782.docx | LEGALEASE-00166046-LEGALEASE-00166047 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3211 | Com. v. Bradley, 311 Pa. Super. 330 | 135H+95.1 | Where the defendant does not consent to the declaration of a mistrial, retrial is barred by the double jeopardy clauses of The United States and Pennsylvania Constitutions unless manifest necessity is shown. Commonwealth v. Bolden, 472 Pa. 602, 373 A.2d 90 (1977). In determining whether the circumstances surrounding the declaration of a mistrial in a given case bar reprosecution on the same charges, "we apply the standards established by both Pennsylvania and federal decisions." Commonwealth v. Mitchell, 488 Pa. 75, 78, 410 A.2d 1232, 1233 (1980). | In determining whether circumstances surrounding declaration of mistrial bar reprosecution on same charges, courts must apply standards established by both state and federal decisions. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | "In determining whether circumstances surrounding declaration of mistrial bar reprosecution on same charges, should courts apply standards established by both state and federal decisions?" | Double Jeopardy - Memo 771 - C - NS_67776.docx | ROSS-003292714-ROSS-003292715 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 3212 | Com. v. Bradley, 311 Pa. Super. 330 | 110+867.20 | Before a trial court can properly declare a mistrial sua sponte, it should consider whether there are any less drastic alternatives which would allow the trial to continue. Failure to consider alternatives before declaring a mistrial is grounds for barring retrial. United States v. Jorn, supra, Commonwealth ex rel. Walton v. Aytch, supra; Commonwealth v. Ferguson, supra; Commonwealth v. Dull, 257 Pa.Super. 192, 390 A.2d 777 (1978). | Before trial court can properly declare mistrial sua sponte, it should consider whether there are any less drastic alternatives which would allow trial to continue; failure to consider alternatives before declaring mistrial is grounds for barring retrial. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | "Before trial court can properly declare mistrial sua sponte, should it consider whether there are any less drastic alternatives which would allow a trial to continue?" | 016223.docx | LEGALEASE-00165541-LEGALEASE-00165542 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 3213 | Com. v. Hallman, 2013 PA Super 133 | 135H+1 | Notwithstanding the above right, the Double Jeopardy Clause "does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." Oregon v. Kennedy, 456 U.S. 667, 672, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). "If the law were otherwise, the purpose of the law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again." Id. (internal quotations and citations omitted). | The constitutional prohibition on double jeopardy does not offer a guarantee to the defendant that the state will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | Does the constitutional prohibition on double jeopardy offer a guarantee to the defendant that the state will vindicate its societal interest in the enforcement of the criminal laws in one proceeding? | Double Jeopardy - Memo 888 - C - TJ_67677.docx | ROSS-003280461-ROSS-003280462 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 3214 | Furnish v. Com., 267 S.W.3d 656 | 135H+30 | Appellant contends that using the burglary and robbery convictions as aggravating circumstances is double jeopardy and, thus, requires reversal. This issue is not preserved. However, this Court has previously held that aggravating circumstances are not criminal offenses subject to a double jeopardy analysis. It is not double jeopardy "to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense." There is no violation of Section 13 of the Kentucky Constitution or the Fifth Amendment to the United States Constitution. | It is not double jeopardy to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense. U.S.C.A. Const.Amend. 5; Const. S 13. | Is it double jeopardy to impose a separate penalty for one offense while using the same offense as an aggravating circumstance authorizing imposition of capital punishment for another offense? | 014907.docx | LEGALEASE-00166216-LEGALEASE-00166217 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3215 | State v. Lovato, 141 N.M. 508 | 135H+30 | Second, as discussed at length in Gaddy, double jeopardy concerns arise when a defendant has completed service of a sentence, and the State thereafter seeks to impose additional punishment for that offense. 110 N.M. at 122"23, 792 P.2d at 1165"66; see also State v. Mayberry, 97 N.M. 760, 763, 643 P.2d 629, 632 (Ct.App.1982) (stating that, once a sentence is enhanced, the original felony sentence and enhancement become a "single sentence for one crime"). Under the State's argument, the double jeopardy principles which animate this jurisdictional limitation would not attach to each individual offense, but only the aggregate sentence. | Double jeopardy concerns arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense. U.S.C.A. Const.Amend. 5. | "Does a double jeopardy concern arise when a defendant has completed service of a sentence, and state thereafter seeks to impose additional punishment for that offense?" | 014925.docx | LEGALEASE-00166200-LEGALEASE-00166201 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3216 | People v. Jaudon, 307 Ill. App. 3d 427 | 135H+25 | The test for determining whether a civil fixed-penalty provision violates the double jeopardy protections of the federal constitution requires a balancing of the government's harm against the size of the penalty. United States v. Ursery, 518 U.S. 267, 284, 116 S.Ct. 2135, 2145, 135 L.Ed.2d 549, 565 (1996), citing Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487. As explained in Halper:"Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment." (Emphasis original.) Halper, 490 U.S. at 449-50, 109 S.Ct. at 1902, 104 L.Ed.2d at 502. | Test for determining whether a civil fixed-penalty provision violates the double jeopardy protections of the Federal Constitution requires a balancing of the government's harm against the size of the penalty. U.S.C.A. Const.Amend. 5. | Does the test for determining whether a civil fixed-penalty provision violate the double jeopardy protections of the Federal Constitution? | 015708.docx | LEGALEASE-00166429-LEGALEASE-00166430 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3217 | Glover v. Eighth Judicial Dist. Court of State ex rel. Cty. of Clark, 220 P.3d 684 | 135H+105 | Where a criminal trial ends in acquittal or conviction, the constitutional guarantee against double jeopardy "automatically bar[s retrial] (unless, of course, the conviction is later reversed)." Carter v. State, 102 Nev. 164, 168, 717 P.2d 1111, 1113 (1986). "[W]hen a criminal proceeding is terminated without finally resolving the merits of the charges against the accused," by contrast, "retrial is not automatically barred." Arizona v. Washington, 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). If a case ends "after jeopardy attaches but before the jury reaches a verdict, a defendant may be tried again for the same crime ... in two circumstances: (1) if he consents to the [mistrial]; or (2) if the district court determines that the [mistrial] was required by "manifest necessity." " United States v. Chapman, 524 F.3d 1073, 1081 (9th Cir. 2008) (internal quotation omitted). Given that this case did not end in a judgment of acquittal or conviction and that Glover objected to the mistrial, only the latter, "manifest necessity" exception is implicated here. | Where a criminal trial ends in acquittal or conviction, the constitutional guarantee against double jeopardy automatically bars retrial, unless the conviction is later reversed. U.S.C.A. Const.Amend. 5; West's NRSA Const. Art. 1, S 8. | "Where a criminal trial ends in acquittal or conviction, does the constitutional guarantee against double jeopardy automatically bar retrial, unless the conviction is later reversed?" | 015883.docx | LEGALEASE-00166246-LEGALEASE-00166247 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3218 | Commodity Futures Trading Comm'n v. Hunt, 591 F.2d 1211 | 393+438 | Without explicit authority, or unless the agency is the offspring of a suable entity, an agency of the federal government cannot be sued Eo nomine for damages. Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). See also Bell v. Groark, 371 F.2d 202 (7th Cir. 1966). Congress did not write such authority into the Commodity Exchange Act. Thus, the Hunts' counterclaim against the Commodity Futures Trading Commission as an entity cannot be maintained. | Without explicit authority, or unless agency is offspring of suable entity, agency of federal government cannot be sued eo nomine for damages; Congress did not write such authority into the Commodity Exchange Act. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | "Without explicit authority, can a federal government agency be sued Eo nomine for damages under Commodity Exchange Act?" | 013650.docx | LEGALEASE-00166991-LEGALEASE-00166992 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 3219 | Perkinson v. State, 273 Ga. 491 | 135H+100.1 | "The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth [Amendment], provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." " Brown v. Ohio, 432 U.S. 161, 164(II), 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). This protection encompasses not just multiple punishments by a single sovereign for the same offense, but also successive prosecutions for the same offense. Id. at 165, 97 S.Ct. 2221; United States v. Dixon, 509 U.S. 688, 696(II), 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). A defendant is protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts "to secure additional punishment after a prior conviction and sentence." | A defendant is protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts to secure additional punishment after a prior conviction and sentence. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 1, Par. 18. | Is a defendant is protected by the Double Jeopardy Clause from attempts to re-litigate the facts after an acquittal and from attempts to secure additional punishment after a prior conviction and sentence? | 015766.docx | LEGALEASE-00166486-LEGALEASE-00166487 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 3220 | People v. Dawson, 431 Mich. 234 | 135H+95.1 | The Double Jeopardy Clause does not bar all retrials. The Supreme Court of the United States has held that the charged offense may be retried where the mistrial was declared because of a hung jury. The Court has fashioned a balancing test focusing on the cause prompting the mistrial. The thrust of the Court's decisions is that the Double Jeopardy Clause does not bar retrial where the prosecutor or judge made an innocent error or where the cause prompting the mistrial was outside their control. Where the motion for mistrial is made by the prosecutor, or by the judge sua sponte, retrial will be allowed if declaration of the mistrial was "manifest[ly] necess[ary]":"[T]he law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." | Double jeopardy clause does not bar retrial, where prosecutor or judge made innocent error or where cause prompting mistrial was outside their control. U.S.C.A. Const.Amend. 5. | "Does double jeopardy clause not bar retrial, where a prosecutor or judge made an innocent error or where a cause prompting mistrial was outside their control?" | Double Jeopardy - Memo 554 - C - MS_68333.docx | ROSS-003297650-ROSS-003297651 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3221 | United States v. Coughlin, 610 F.3d 89 | 135H+100.1 | A few more points are worth emphasizing. The Court has directed that our analysis of what the jury decided should be conducted with "realism and rationality," Ashe, 397 U.S. at 444, 90 S.Ct. 1189, and that we should not presume "that the jury may have disbelieved substantial and uncontradicted evidence of the prosecution on a point the defendant did not contest," id. at 444 n. 9, 90 S.Ct. 1189 (internal quotation marks omitted). At the same time, if multiple potential reasons for acquittal are evident in the record of the trial, we will not presume that the jury acquitted on the ground most favorable to the defendant. The question is what the jury "necessarily" decided, Yeager, 129 S.Ct. at 2366; there is no collateral estoppel if a different ground "could" have been a rational basis for acquittal, Ashe, 397 U.S. at 444, 90 S.Ct. 1189. Finally, "the burden [is] on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was [necessarily] decided in the first proceeding." Dowling v. United States, 493 U.S. 342, 350"51, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990); see Yeager, 129 S.Ct. at 2368 n. 6. | In the double jeopardy analysis, if multiple potential reasons for acquittal are evident in the record of the trial, courts will not presume that the jury acquitted on the ground most favorable to the defendant; the question is what the jury necessarily decided, so there is no collateral estoppel if a different ground merely could have been a rational basis for acquittal. U.S.C.A. Const.Amend. 5. | "In the double jeopardy analysis, if multiple potential reasons for acquittal are evident in the record of the trial, will courts not presume that the jury acquitted on the ground most favorable to the defendant?" | 015873.docx | LEGALEASE-00166683-LEGALEASE-00166684 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3222 | McMillan v. Park Towers Owners Corp., 225 A.D.2d 742 | 349A+10 | Since reservation of title under a lease does not create a security interest unless the parties so intended, the mere existence of a proprietary lease, without more, does not establish an enforceable security agreement to which the Uniform Commercial Code applies (see, UCC 1"201 [37]; Saada v. Master Apts., 152 Misc.2d 861, 866"867, 579 N.Y.S.2d 536; DeCastro v. Karen Gardens Apts. Corp., N.Y.L.J., July 28, 1993, at 24, col. 6). Preservation of the status quo, absent a clear showing of entitlement to proceed under Uniform Commercial Code article 9, is essential because, otherwise, a cooperative corporation or partnership would be able to divest shareholders-lessees of their ownership interests in their apartments without any judicial determination of equitable defenses or counterclaims (see, UCC 9"504). | Since reservation of title under lease does not create security interest unless parties so intended, mere existence of proprietary lease, without more, does not establish enforceable security agreement to which Uniform Commercial Code applies. McKinney's Uniform Commercial Code S 1-201(37) | "Does the mere existence of a proprietary lease, without more, not establish an enforceable security agreement?" | Secured Transactions - Memo 167 - C - VA_68489.docx | ROSS-003283294 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 3223 | United States v. Deardorff, 343 F. Supp. 1047 | 63+3 | This court finds that, under Pennsylvania law, extortionate activity on the part of the recipient of a bribe, in connection with the particular bribe charged, is relevant and admissible on the issue of the intent of the person offering the bribe, but is not a complete defense as insanity or duress would be. This would appear to be the rule under federal law as well. See United States v. Barash, 365 F.2d 395, 401-402, 403 (2d Cir. 1966), and cases cited therein. | Under Pennsylvania law, extortionate activity on part of recipient of a bribe, in connection with the particular bribe charged, is relevant on the issue of the intent of the person offering the bribe, but is not a complete defense as insanity or duress would be. 18 U.S.C.A. SS 1952, 1952(b) (2). | Is extortionate activity on part of recipient of a bribe relevant on the issue of the intent of the person offering the bribe? | Bribery - Memo #691 - C-JL.docx | ROSS-003290912-ROSS-003290913 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 3224 | United States v. Wynn, 827 F.3d 778 | 203+736 | Wynn argues the district court erred in instructing the jury on the elements of Count One because " 115(a)(1)(B), like " 875(c), requires proof of criminal intent to threaten a federal employee. We disagree. As the Second Circuit recently explained, " 115(a)(1)(B) "includes both objective and subjective elements:" a true threat to assault or murder a federal employee, and the intent to retaliate against the employee "on account of the performance of official duties." United States v. Turner, 720 F.3d 411, 420 (2d Cir. 2013), cert. denied, """ U.S. """", 135 S.Ct. 49, 190 L.Ed.2d 29 (2014). "We read into the statute "only that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct." " Elonis, 135 S.Ct. at 2010 (quotation omitted). The district court instructed the jury it must find that Wynn "made a threat to assault or murder an employee of the [V.A.] ... with intent to retaliate against such employee on account of the performance of official duties." That intent separated Wynn's "wrongful conduct" from innocent conduct. The court objectively defined "threat" in another instruction as a "true threat." There was no instruction error. | Statute criminalizing act of threatening to assault, kidnap, or murder official includes both objective and subjective elements: (1) a true threat to assault or murder a federal employee, and (2) the intent to retaliate against the employee on account of the performance of official duties. 18 U.S.C.A. S 115(a)(1)(B). | "Does 115(a)(1)(B), the statute criminalizing the act of threatening to assault, kidnap, or murder an official, include subjective or objective elements?" | Threats - Memo #69 - C - LB_61637.docx | ROSS-003282202-ROSS-003282203 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3225 | Horn v. Int'l Bus. Machines Corp., 110 A.D.2d 87 | 149E+578 | At the outset, it is necessary to emphasize that the standard of judicial review for challenges involving substantive compliance with SEQRA guidelines is limited. While literal compliance with SEQRA's procedural requirements for integrating environmental considerations into the decision making process is mandated (see, Glen Head-Glenwood Landing Civic Council v. Town of Oyster Bay, 88 A.D.2d 484, 490"491, 453 N.Y.S.2d 732; Matter of Rye Town/King Civic Assn. v. Town of Rye, 82 A.D.2d 474, 480"481, 442 N.Y.S.2d 67 appeals dismissed 55 N.Y.2d 747), the courts have allowed State or local "lead agencies" considerable latitude in the exercise of discretion on substantive environmental matters (Aldrich v. Pattison, 107 A.D.2d 258, 486 N.Y.S.2d 23). In Aldrich (supra, at p. 267, 486 N.Y.S.2d 23), this court, in an opinion authored by Justice Rubin, explained: "SEQRA allows an administrative agency or governmental body considerable latitude in evaluating the environmental impacts and alternatives discussed in an environmental impact statement to reach a determination concerning a proposed project. "While an [environmental impact statement] does not require a public agency to act in any particular manner, it constitutes evidence which must be considered by the public agency along with other evidence which may be presented to such agency * * * Thus the general substantive policy of the act is a flexible one. It leaves room for a responsible exercise of discretion, and does not require particular substantive results in particular problematic instances' (Matter of Town of Henrietta v Department of Envtl. Conservation, 76 AD2d 215, 222 [430 N.Y.S.2d 440], supra, cited with approval in Coalition Against Lincoln W. v City of New York, [94 AD2d 483, 492, 465 NYS2d 483, affd 60 NY2d 805, 469 NYS2d 689, 457 NE2d 795]; see also, Grazing Fields Farm v Goldschmidt, 626 F2d 1068, 1072). "In reviewing an agency's determination on environmental matters, this | Literal compliance with Environmental Quality Act's procedural requirements for integrating environmental considerations into decision-making process is mandated; however, state or local "lead agencies" are allowed considerable latitude in exercise of discretion on substantive environmental matters. McKinney's ECL S 8-0101 et seq. | Do the courts allow state or local agencies considerable latitude in the exercise of discretion on substantive environmental matters? | 06189.doc | LEGALEASE-00089454-LEGALEASE-00089456 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 3226 | Crawford Supply Co. v. Schwartz, 396 Ill. App. 3d 111 | 307A+561.1 | We now briefly address the propriety of the trial court's orders of December 2, 2008, and March 12, 2009, denying the Schwartzes' motion to dismiss count I of plaintiff's complaint and denying the Schwartzes' motion to reconsider that denial, respectively. As noted, the Schwartzes' motion to dismiss was brought pursuant to section 2"619(a)(9) of the Code (735 ILCS 5/2"619(a)(9) (West 2006)). Section 2"619(a)(9) allows for dismissal where the claim asserted is barred by affirmative matter avoiding the legal affect ofthe claim. or defeating 735 ILCS 5/2"619(a)(9) (West 2006).The phrase "affirmative matter" encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action." Travis v. American Manufacturers Mutual Insurance Co., 335 Ill.App.3d 1171, 1174, 270 Ill.Dec. 128, 782 N.E.2d 322 (2002). | The phrase "affirmative matter," in statute that allows for dismissal where the claim asserted is barred by affirmative matter avoiding the legal effect of or defeating the claim, encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. S.H.A. 735 ILCS 5/2-619(a)(9). | Will an affirmative matter encompass any defense other than a negation of the essential allegations of the cause of action? | 09655.docx | LEGALEASE-00096351-LEGALEASE-00096352 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3227 | Carpenters & Joiners Union of Am., Local No. 213 v. Ritter's Cafe, 315 U.S. 722 | 231H+1 | In forbidding such conscription of neutrals in the circumstances of the case before us, Texas represents the prevailing, and probably the unanimous, policy of the states. We hold that the Constitution does not forbid Texas to draw the line which has been drawn here. To hold otherwise would be to transmute vital constitutional liberties into doctrinaire dogma. We must be mindful that "the rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry are subject to modification or qualification in the interests of the society in which they exist. This is but an instance of the power of the State to set the limits of permissible contest open to industrial combatants." Thornhill v. Alabama, 310 U.S. 88, 103, 104, 60 S.Ct. 736, 745, 84 L.Ed. 1093. | The rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry are subject to modification or qualification in the interests of the society in which they exist. | Is the rights of employers and employees to conduct their economic affairs and to compete with others for a share in the products of industry subject to modification? | 001359.docx | LEGALEASE-00117814-LEGALEASE-00117815 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3228 | Consumers Gas Co. v. Illinois Commerce Comm'n, 144 Ill. App. 3d 229 | 317A+102 | This constitutional provision does not mandate that the exercise of power be rigidly compartmentalized among the branches of government such that one branch may not exercise powers constitutionally exercised by another; rather, it is intended to safeguard against the whole power of one branch being lodged in one or both of the remaining branches. (City of Waukegan v. Pollution Control Board (1974), 57 Ill.2d 170, 311 N.E.2d 146.) In recognition of the fact that there is an overlap in the exercise of governmental powers, the legislature has been permitted to enact laws governing judicial practice where it does not unduly infringe upon the inherent powers of the judiciary. (Strukoff v. Strukoff (1979), 76 Ill.2d 53, 27 Ill.Dec. 762, 389 N.E.2d 1170.) Nevertheless, courts jealously preserve their exclusive exercise of judicial power conferred on them by article VI, section 1 of the constitution. (Agran v. Checker Taxi Co. (1952), 412 Ill. 145, 105 N.E.2d 713; People v. Brumfield (1977), 51 Ill.App.3d 637, 9 Ill.Dec. 619, 366 N.E.2d 1130.) The constitution does not specifically define judicial power, but courts view contempt and judicial administration as inherent powers worthy of protection against legislative encroachment. (In re Baker (1978), 71 Ill.2d 480, 17 Ill.Dec. 676, 376 N.E.2d 1005; Agran; People v. Jackson (1977), 69 Ill.2d 252, 13 Ill.Dec. 667, 371 N.E.2d 602.) With respect to matters of judicial administration, the supreme court has barred legislative attempts to regulate judicial procedures and practices where those attempts conflicted with existing Supreme Court rules. Examples of improper legislation include attempts to regulate jury selection (Jackson ), eligibility for bail pending appeal (People ex rel. Stamos v. Jones (1968), 40 Ill.2d 62, 237 N.E.2d 495) and the standard for review of criminal sentences (People v. Cox (1980), 82 Ill.2d 268, 45 Ill.Dec. 190, 412 N.E.2d 541). It is our belief that section 10-201 is but another improper | Section of the Public Utilities Act providing for direct appellate review of any final order or decision of the Commerce Commission and setting forth procedures for perfecting appeal is an improper legislative intrusion into areas of appellate practice, and thus, to extent such section conflicts with Supreme Court Rule 335, which requires that petition for review be filed with Appellate Court, such section is unconstitutional. S.H.A. ch. 1112/323, P 10-201; S.H.A. Const. Art. 2, S 1; Art. 6, S 1. | Is Section 10-201 of the Public Utilities Act unconstitutional due to its conflict with Supreme Court Rule 335? | 003516.docx | LEGALEASE-00120888-LEGALEASE-00120890 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3229 | Herring v. Poritz, 6 Ill. App. 208 | 307A+501 | Blackstone says: "If the plaintiff neglects to deliver a declaration for two terms after defendant appears, or is guilty of other delays or defaults against the rules of law in any subsequent stage of the action, he is adjudged not to follow or pursue his remedy as he ought to do, and thereupon a nonsuit or non prosequitur is entered, and he is said to be non pros'd. A retraxit differs from a nonsuit, in that one is negative and the other positive; the nonsuit is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of costs; but a retraxit is an open and voluntary renunciation of his suit in court, and by this he forever loses his action." 3 Com. 296. Bouvier says: "Nonsuit--the name of a judgment given against the plaintiff when he is unable to prove his case, or when he refuses or neglects to proceed to the trial of a cause after it has been put at issue, without determining such issue." 2 Law Dict. 233. He divides these judgments into two classes--the voluntary and involuntary. The former arises from an abandonment of the cause, by the plaintiff absenting himself by failing to answer when called upon to hear the verdict. Jeptha v. Railroad Co. 1 Dutch. N. J. .556 An involuntary nonsuit takes place when the plaintiff, on being called when his cause is before the court for trial, neglects to appear, or when he has given no evidence on which a jury may find a verdict. Pratt v. Hull, 13 Johns. 334. See, also, 7 Bac. Abr. Tit. Nonsuit, 214; 2 Tomlin's Law Dict. same title. | A "retraxit" differs from a "nonsuit" in that one is negative and the other positive; the "nonsuit" is a mere default and neglect of the plaintiff, and therefore he is allowed to begin his suit again upon payment of the costs, but a "retraxit" is an open and voluntary renunciation of his suit in court, and by this he forever loses his action. | " Does a ""retraxit"" differ from a ""nonsuit"" in that one is negative and the other positive?" | 026102.docx | LEGALEASE-00130135-LEGALEASE-00130136 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3230 | State v. Badaracco, 156 Conn. App. 65 | 63+1(1) | As stated previously, the defendant's sufficiency claim challenges only the "offer" requirement of " 53a"147. Our General Assembly, our Supreme Court, and this court have not defined or construed the term "offer" as used in " 53a"147. We, therefore, must interpret that term in the context of our bribery statute in order to determine whether the defendant's conviction was supported by sufficient evidence.13 As the federal bribery statute, 18 U.S.C. " 201(b) (2009),14 contains language similar to that used in " 53a"147, we use federal law interpreting that statute in our analysis. See State v. Assuntino, 180 Conn. 345, 350"51, 429 A.2d 900 (1980); see generally State v. Elliott, 177 Conn. 1, 5, 411 A.2d 3 (1979); Vollemans v. Wallingford, 103 Conn.App. 188, 210, 928 A.2d 586 (2007), aff'd, 289 Conn. 57, 956 A.2d 579 (2008). Under federal law, a bribery conviction must be based on more than evidence of mere preparation. It must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. The defendant has included in his appellate brief an analysis of the relevant federal cases interpreting an "offer" under 18 U.S.C. " 201(b), and whether his conduct in this case satisfied that element. | Under federal law, a bribery conviction must be based on more than evidence of mere preparation; it must progress to the point that the defendant made an offer that consisted of an expression of a desire and an ability to pay the public official for performing a proscribed act. 18 U.S.C.A. S 201(b). | Can a bribery conviction be based on evidence of mere preparation? | 012432.docx | LEGALEASE-00132182-LEGALEASE-00132183 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3231 | State v. Emmanuel, 42 Wash. 2d 1 | 63+1(1) | It is true that the duties of board secretary which gave appellant the opportunity to prejudice or serve the interest of applicants, are not prescribed by statute. The criminal statute, however, does not limit the crime of asking or receiving a bribe to cases where official duties prescribed by statute may be affected. Nor does State v. Hart, supra. It is sufficient if, as here, the state officer, agent or employee is given such official duties by direction of his superiors or by customary office practice. | Statute defining the crime of asking or receiving a bribe does not limit the crime to cases where official duties prescribed by statute may be affected, but it is sufficient if state officer, agent or employee is given such official duties by direction of his superiors or by customary office practice. RCW 9.18.020. | "For purpose of bribery, can duties given by direction of superiors or by customary office practice be considered the defendants official duties?" | 012112.docx | LEGALEASE-00140822-LEGALEASE-00140823 | Order, SA, Sub | 0.38 | 1 | 0 | 1 | 1 | 1 |
| 3232 | Cassin v. Stillman-Delehanty-Ferris Co., 185 A.D. 63 | 113+3 | Evidence of usage is usually admitted to solve ambiguities in contracts, to render certain that which is uncertain, and to determine the sense in which the parties used the words. Walls et al. v. Bailey, 49 N. Y. 464, 10 Am. Rep. 407. Proof of usage, which is so universal and well known as to amount to a custom, may also add to a written contract provisions which cannot be spelled out of the language. Hutton v. Warren, 1 M. & W. 465. But, to justify a decision that the parties to a written contract intended to obligate themselves to something which cannot be found in the terms of the contract itself, the custom must be shown to be reasonable, uniform, well settled, and either known to the parties when the contract is made, or so generally known as to raise a presumption that they had it in mind at the time. Rickerson v. Hartford Fire Ins. Co., 149 N. Y. 307, 43 N. E. 856. The courts are loath to hold parties to unexpressed obligations, unless it clearly appears that the matter was so plainly within their intention that it went, according to a current expression, "without saying." See remarks of Justice Story in The Schooner Reeside, 2 Summ. 567, Fed. Cas. No. 11,657; Hone v. Mutual Safety Insurance Co., 1 Sandf. 138. | To justify a decision that parties to a written contract intended to obligate themselves to something unexpressed, the custom must be shown to be reasonable, uniform, well settled, and either known to the parties or so generally known as to raise a presumption of their knowledge at the time. | When can custom justify a decision that parties to a written contract intended to obligate themselves to something which cannot be found in the terms of the contract itself? | 014167.docx | LEGALEASE-00141821-LEGALEASE-00141822 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 3233 | Cannon v. United States, 45 F. Supp. 106 | 92+2512 | The plaintiff in the present case did less than the party claiming in the Werner case. The letter written by her attorney was a warning to the Government not to pay the money to another person pending legal proceedings to determine whether the rights of that other were obtained by fraud or undue influence. The recipient of Mr. Pinto's letter was not advised that a present claim was being presented or asserted. Wilson v. United States, 10 Cir., 70 F.2d 176. The burden is on the claimant to show that she or someone else for her had made to the Veterans' Bureau a claim in writing for insurance benefits. Congress alone can prescribe the terms on which the claim for benefits under the World War Veterans' Act 1924 may be recovered, and it is not within the province of the courts to extend or limit a clear expression of these terms. Tyson v. United States, 4 Cir., 76 F.2d 533. See, also, Corn v. United States, 10 Cir., 74 F.2d 438. | Congress alone can prescribe the terms on which a claim for benefits under the War Risk Insurance Act may be recovered, and it is not within the province of the court to extend or limit a clear expression of those terms. World War Veterans' Act of 1924, S 19, as amended, 38 U.S.C.A. S 445. | Can congress prescribe the terms by which a claim for benefits under the War Risk Insurance Act can be recovered? | 008729.docx | LEGALEASE-00148014-LEGALEASE-00148015 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3234 | Ferguson v. United States, 309 F. Supp. 632 | 34+65 | The provisions of law and regulation pertinent to waiver of premiums for National Service Life Insurance are in 38 U.S.C. " 712 and 38 C.F.R. " 8.40-43, respectively. The retroactive effect of a waiver of premiums is limited by 38 U.S.C. " 712(b) to those premiums becoming due in the twelve month period immediately preceding the date the application for waiver is received at the Veterans' Administration unless the failure to file such an application is due to circumstances beyond the insured's control. The present record is devoid of evidence to support the assertion that circumstances beyond his control prevented the insured from filing a timely application. When a condition of health is relied upon as the circumstance preventing a timely application for premium waiver, courts have consistently enunciated the principle that proof is required to show the insured was mentally incapable of doing so. Horton v. United States, 207 F.2d 91 (5th Cir. 1953), cert. denied 346 U.S. 903, 74 S.Ct. 233, 98 L.Ed. 403; United States v. Sinor, 238 F.2d 271 (5th Cir. 1956), cert. denied 353 U.S. 985, 77 S.Ct. 1287, 1 L.Ed.2d 1144; McIntosh v. United States, 114 F.Supp. 241 (E.D.Ky.1953). From the insured's Veterans' Administration file, Government Exhibit II, it is shown that attending physicians reported that Mr. Ferguson was not suffering from a mental disability of a permanent nature. At this point specific reference is made to the statement of Dr. Carron, who found the insured fully responsible for his actions from August 1963 through March 1964. In addition, reference is made to the statement of the Deputy Superintendent of Schools for the City of Worcester, Massachusetts, who reported that during his employment the insured did not show any signs of nervous or physical disabilities. Furthermore, it is noted that the insured, during his lifetime, filed claim for service connection and outpatient dental treatments in 1961. He asked for a hearing on his service connection | When a condition of health is relied on as circumstance preventing timely application for waiver of premiums on National Service Life policies, proof is required to show that insured was mentally incapable of doing so. 38 U.S.C.A. SS 712, 712(b). | "When a condition of health is relied on as a circumstance preventing the timely application for waiver of premiums, is proof required to show that the insured was mentally incapable of doing so?" | 008768.docx | LEGALEASE-00148828-LEGALEASE-00148829 | Condensed, SA, Sub | 0.89 | 0 | 1 | 1 | 1 | 1 |
| 3235 | Robert T. Reynolds Assocs. v. Asbeck, 23 Conn. App. 247 | 308+136(2) | While it is true that "[a]n agent, by making a contract only on behalf of a competent disclosed principal whom he has the power to bind, does not thereby become liable for its nonperformance; Behlman v. Universal Travel Agency, Inc., 4 Conn.App. 688, 690, 496 A.2d 962 (1985); whether there was a nondisclosure of a competent principal so that the plaintiff might hold the defendant personally liable on the contract is a question of fact for the trial court. Connecticut Limousine Service, Inc. v. Powers, supra. | Agent, by making contract only on behalf of competent disclosed principal whom he has power to bind, does not thereby become liable for its nonperformance, but whether there was nondisclosure of competent principal so that plaintiff might hold defendant personally liable on the contract is question of fact for trial court. | s the issue of whether an agent disclosed the identity of a principal to avoid liability a question of fact? | 041378.docx | LEGALEASE-00149833-LEGALEASE-00149834 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3236 | Norman v. Cummings, 73 S.D. 559 | 200+182 | SDC 28.0912 provides that it shall be unlawful for any person "to injure such highway in any manner". Under SDC 28.9909 it is unlawful to place any obstruction upon any highway. These statutes do not abrogate the common right of the public, granted by law, to make reasonable use of the highways for usual and ordinary transportation. 40 C.J.S., Highways, " 233. If as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes the duty of the duly authorized public authorities to provide the remedy, but no liability attaches to the user as a result of such use, either to the public highway authorities for damages to the highway. (40 C.J.S., Highways, " 233 ; 29 C.J., Highways, " 410; Winston & Co. v. Clark County, 178 Ky. 447, 199 S.W. 51; Sumner County v. Interurban Transp. Co., 141 Tenn. 493, 213 S.W. 412, 5 A.L.R. 765) or to other travelers on the ground of negligence. Solberg v. Schlosser, 20 N.D. 307, 127 N.W. 91, 30 L.R.A., N.S., 1111. | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | "Who would be held liable for damage caused to the highway on a usual, ordinary or a reasonable use?" | 018914.docx | LEGALEASE-00151300-LEGALEASE-00151301 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3237 | Powell v. State Farm Mut. Auto. Ins. Co., 245 S.W.3d 864 | 307A+534 | "Dismissal for lack of subject matter jurisdiction is proper whenever it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction. Rule 55.27(g)(3).... Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. However, where, as here, the facts are uncontested, a question as to the subject matter jurisdiction of a court is purely a question of law, which is reviewed de novo." Missouri Soybean Ass'n v. Missouri Clean Water Com'n, 102 S.W.3d 10, 22 (Mo.2003) (internal citations omitted). | Generally, the decision to dismiss for lack for subject matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. V.A.M.R. 55.27(g)(3). | Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of the trial court on a motion to dismiss ? | 037729.docx | LEGALEASE-00151731-LEGALEASE-00151732 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 3238 | Belington Bank v. Masketeers Co., 185 W. Va. 564 | 30+3634 | We have uniformly held that good cause must be shown before an action can be reinstated under West Virginia Rule of Civil Procedure 41(b).4 See e.g. Snyder v. Hicks, 170 W.Va. 281, 283, 294 S.E.2d 83, 85 (1982); Syl. Pt. 3, White Sulphur Springs, Inc. v. Jarrett, 124 W.Va. 486, 20 S.E.2d 794 (1942); Higgs v. Cunningham, 71 W.Va. 674, 676, 77 S.E. 273, 274 (1913). In the syllabus of Snyder, 170 W.Va. at 282, 294 S.E.2d at 84, we explained that "[a] trial court, upon a motion to reinstate a suit or action, ... is vested with a sound discretion with respect thereto....' Syl. pt. 4, White Sulphur Springs, Inc. v. Jarrett, 124 W.Va. 486, 20 S.E.2d 794 (1942), in part." Furthermore, we stated the following in syllabus point 1 of Royal Furniture Co. v. City of Morgantown, 164 W.Va. 400, 263 S.E.2d 878 (1980): In setting aside a non-suit and reinstating a case upon the trial docket, the trial judge may consider the evidence adduced prior to the non-suit and his action in so setting aside the non-suit and reinstating the case will not be disturbed on appeal unless a showing is made that he has abused his discretion. | In setting aside nonsuit and reinstating case upon trial docket, trial judge may consider evidence adduced before nonsuit and his actions will not be disturbed on appeal unless it is shown that he has abused his discretion. Code, 56-8-12; Rules Civ.Proc., Rule 41(b). | " In setting aside a nonsuit and reinstating a case upon a trial docket, can a trial judge consider evidence adduced before nonsuit?" | 025567.docx | LEGALEASE-00158180-LEGALEASE-00158181 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3239 | In re Mario S., 38 Misc. 3d 444 | 24+179 | "The SIJ provisions of the [Immigration and Naturalization Act] were enacted in 1990 to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States. Congress provided an alternative to deportation for these children. Rather than being deported along with abusive or neglectful parents, or deported to parents who had abandoned them once in the United States, such children may seek special status to remain in the United States" (Yeboah v. Department of Justice, 345 F.3d 216, 221 [3rd Cir.2003] ) "A minor who obtains SIJ status may become a naturalized United States citizen after five years" (In re Y.M., 207 Cal.App.4th 892, 915, 144 Cal.Rptr.3d 54, 71"72 [4th Dist.2012]; see also, Zheng v. Pogash, 416 F.Supp.2d 550, 554 [S.D.TX.2006]; B.F. v. Superior Court of Los Angeles County, 207 Cal.App.4th 621, 626, 143 Cal.Rptr.3d 730, 733 [2nd Dist.2012] ). | Special immigrant juvenile (SIJ) provisions of the Immigration and Nationality Act (INA) were enacted to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States, by providing an alternative to deportation for these children. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J). | Were Special Immigrant Juvenile (SIJ) provisions of theImmigration and Naturalization Act (INA) enacted to protect abused children who illegally entered the United States? | 006779.docx | LEGALEASE-00160308-LEGALEASE-00160309 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3240 | Regents of Univ. of California v. Superior Court, 225 Cal. App. 3d 972 | 141E+1174(1) | The state's legitimate interests in denying resident tuition to undocumented aliens are manifest and important. We will name just a few: the state's interests in not subsidizing violations of law; in preferring to educate its own lawful residents; in avoiding enhancing the employment prospects of those to whom employment is forbidden by law; in conserving its fiscal resources for the benefit of its lawful residents; | Treating undocumented alien students as nonresidents for tuition purposes does not deprive them of equal protection of the laws; state has legitimate interests in denying resident tuition to undocumented aliens, such as preferring to educate its own lawful residents, avoiding enhancing employment prospects of those to whom employment is forbidden by law, and not subsidizing university education of those who may be deported. West's Ann.Cal.Educ.Code S 68062(h); West's Ann.Cal. Const. Art. 1, S 7. | Is denying resident tuition to undocumented aliens to conserve fiscal resources for the benefit of lawful residents a legitimate state interest? | 006763.docx | LEGALEASE-00160314-LEGALEASE-00160315 | Condensed, SA, Sub | 0.16 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3241 | United States v. Tomblin, 46 F.3d 1369 | 63+14 | The district court instructed the jury on the issue of bribery by using Fifth Circuit Pattern Jury Instruction16 Nos. 2.13 and 2.12.17 Tomblin argues that the definition of "corruptly" does not require the jury to find a quid pro quo. We view a jury instruction, however, in its entirety. United States v. Duvall, 846 F.2d 966, 972 (5th Cir.1988) (viewing bribery instructions "as a whole"); United States v. Dozier, 672 F.2d 531, 542 (5th Cir.) (reviewing not only specific element of bribery instruction, but also other portions of charge that added clarity to challenged element), cert. denied, 459 U.S. 943, 103 S.Ct. 256, 74 L.Ed.2d 200 (1982). By requiring the jury to find that Glen Mauldin accepted an item of value in return for official acts in counts five and nine, and that Tomblin promised something of value to Mauldin "with intent to influence an official act", the instructions explain the reciprocity element of the quid pro quo. These instructions also distinguish between the levels of intent about which Tomblin is concerned, because they required the jury to find that, in promising something of value to Mauldin and in aiding and abetting Mauldin's acceptance of an item of value, Tomblin had acted corruptly, that is, with unlawful purpose. Moreover, the instruction clearly required the jury to focus on Tomblin's intent. Tomblin's requested instruction focused pointedly on the specific facts of this case as they related to his defense that he had not intended to bribe Mauldin, but the court's actual instruction allowed Tomblin to present that information and defense to the jury, and we do not require that the instructions do any more. See Duvall, 846 F.2d at 972 (affirming instructions that "provided an adequate basis for [defendants] to present to the jury a [specific theory of] defense"); Dozier, 672 F.2d at 542 (approving instructions that "fairly presented the issues to the jury").Consequently, the district court did not abuse its discretion when it refused to give the instruction Tomblin | By requiring jury to find that official accepted item of value in return for official's acts and that defendant promised something of value to official "with intent to influence an official act," pattern instructions adequately explained reciprocity element of quid pro quo required under bribery statutes. 18 U.S.C.A. S 201; 5th Cir. Crim. PJI 2.12, 2.13. | Can jury instructions on bribery include an explanation of the reciprocity element of quid pro quo? | 012581.docx | LEGALEASE-00166939-LEGALEASE-00166940 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 3242 | State v. Perry, 95 A.3d 95 | 135H+99 | We have cautioned trial courts not to terminate trials too quickly, and have encouraged them to discuss lesser sanctions with counsel and to take time for reflection. Petition of Brosseau, 146 N.H. 339, 341, 771 A.2d 579 (2001). "Where the trial court clearly indicates on the record its findings and reasoning, we generally defer to its declaration of a mistrial." Howell, 158 N.H. at 720, 973 A.2d 926. "However, if the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, then the Double Jeopardy Clause will bar retrial." Solomon, 157 N.H. at 51, 943 A.2d 819. "If ... the trial court fails to make any findings or state its reasoning on the record, or otherwise fails to exercise prudence in declaring a mistrial, our deference is diminished." Howell, 158 N.H. at 720, 973 A.2d 926. "In such instances, because a mistrial is of such gravity and implicates such a fundamental constitutional right, we will defer to a trial court's finding of manifest necessity only where the record affirmatively supports it." Id. at 720"21, 973 A.2d 926 (quotation, brackets, and ellipses omitted). | If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, then the double jeopardy clause will bar retrial. U.S.C.A. Const.Amend. 5. | "If the trial court unsustainably exercised its discretion in concluding that manifest necessity required a mistrial, will then the double jeopardy clause bar retrial? " | Double Jeopardy - Memo 620 - C - PB_68397.docx | ROSS-003279766-ROSS-003279767 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3243 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 416, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (quoting Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897)). The doctrine is "a consequence of domestic separation of powers, reflecting "the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder" the conduct of foreign affairs". W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (quoting Sabbatino, 376 U.S. at 423, 84 S.Ct. 923). "The doctrine's purpose is to prevent judicial pronouncements that would disrupt this country's foreign relations." Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji, 834 F.Supp. 167, 171 (E.D.Va.1993) aff'd, 32 F.3d 77 (4th Cir.1994) (citing Sabbatino, 376 U.S. at 428, 84 S.Ct. 923). | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | Is the act of state doctrine premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state? | International Law - Memo # 362 - MC.docx | ROSS-003285310-ROSS-003285311 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3244 | Maliqi v. 17 E. 89th St. Tenants, 25 Misc. 3d 182 | 307A+3 | A motion in limine, by definition, is a "preliminary application," usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial (see generally, Black's Law Dictionary [7th ed. 1999] ). Each party requests a ruling to preclude the other from introducing evidence that involves Plaintiff's immigration status. Plaintiff argues Defendant's emphasis on the matter of documentation will prejudice the jury against him. Defendant feels that withholding information of Plaintiff's illegal entry in the United States could permit an unfair windfall. Each side bases its sought after relief squarely upon the Third Circuit's opinion in Maliqi v. Attorney General of the United States, supra, which remanded the BIA's decision adverse to Plaintiff for further determination. Because both versions of in limine relief are intertwined, disposition jointly is necessary. | A "motion in limine" is a preliminary application usually made at the beginning of a trial that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial. | "Is a ""motion in limine"" a preliminary application usually made at the beginning of a trial, that certain evidence, claimed to be inadmissible and prejudicial, not be referred to or offered at trial?" | Pretrial Procedure - Memo 345 - TH.docx | ROSS-003285369-ROSS-003285371 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3245 | Olds v. Olds, 356 N.W.2d 571 | 307A+2 | Iowa Rule of Civil Procedure 105 permits a party to obtain an adjudication of "any point of law raised in any pleading which goes to the whole or any material part of the case." The adjudication cannot be made if any material facts are in dispute. See Montz v. Hill-Mont Land Co., 329 N.W.2d 657, 657 (Iowa 1983). In this case the material facts are established under the pleadings. Defendants Candice Lynn Olds and Carol Anne Stiff are daughters of plaintiffs F.M. Olds and Betty Joan Olds. Both daughters are single. Candice is the custodial parent of a child born out of wedlock. Carol is the custodial parent of two children born during a marriage since dissolved and a third child conceived and born out of wedlock. Plaintiffs brought the present action in equity in an effort to establish visitation rights with their four grandchildren. The defendant mothers resisted the petition on the ground that visitation would not be in the best interests of their children. In their motions to adjudicate law points, they contended that based on the relationships in this case the district court lacks authority to order grandparent visitation. Judge James R. Havercamp adjudicated the issue in Candice's favor, and Judge James E. Kelley adjudicated the issue in Carol's favor. Because these rulings were dispositive of the case, the petition was dismissed, and this appeal by the grandparents followed. The parties agree that if the district court has authority to order grandparent visitation the authority must stem from the common law or from statute. | A party may not obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute. Rules Civ.Proc., Rule 105. | Can a party obtain an adjudication of any point of law raised in any pleading which goes to the whole or any material part of the case if any material facts are in dispute? | Pretrial Procedure - Memo # 490 - C - LK.docx | ROSS-003286073-ROSS-003286074 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3246 | Scott v. State, 107 Ohio St. 475 | 63+11 | Upon an indictment for bribery, the state must establish beyond a reasonable doubt the guilt of the defendant of the crime charged and every material allegation of the indictment, including criminal intent. Where evidence of other previous offenses of a similar character is properly admitted as tending to prove criminal intent, such evidence constitutes "probative facts bearing upon intent" and need not prove such alleged other offenses beyond a reasonable doubt. Such evidence is not admissible, however, if it is of a vague or remote character; it must offer substantial proof that the alleged other similar crimes were committed by the defendant. (The second paragraph of the syllabus of Baxter v. State, 91 Ohio St. 167, 110 N. E. 456, is overruled.) | Upon an indictment for bribery, the state must establish beyond a reasonable doubt the guilt of the defendant of the crime charged and every material allegation of the indictment, including criminal intent. | "Upon an indictment for bribery, should the state establish beyond a reasonable doubt the defendants criminal intent? " | Bribery - Memo #733 - C-JL.DOCX | ROSS-003288678-ROSS-003288679 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3247 | Bulwinkle v. Cramer, 30 S.C. 153 | 307A+74 | A deposition containing a statement that it was taken pursuant to the notice which is appended, and which sets forth the reasons for taking it, sufficiently complies with the requirement that a certificate of such reasons be contained with it, when sent by mail or express. | A deposition containing a statement that it was taken pursuant to the notice which is appended, and which sets forth the reasons for taking it, sufficiently complies with the requirement that a certificate of such reasons be contained with it, when sent by mail or express. | Does a deposition containing a statement that it was taken pursuant to the notice which is appended sufficiently comply with the requirement that a certificate of such reasons be contained with it? | Pretrial Procedure - Memo # 5330 - C - KG.docx | ROSS-003291304-ROSS-003291305 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 3248 | Brister v. Sw. Louisiana Hosp. Ass'n, 624 So. 2d 970 | 307A+690 | However, it was error to dismiss the suit with prejudice. The dismissal should have been without prejudice. Butler v. Flint-Goodridge Hospital of Dillard University, 346 So.2d 1131 (La.App. 4th Cir.1977). La.C.C.P. art. 1673 explains the effects of a dismissal with or without prejudice. A dismissal with prejudice constitutes a final judgment that is an absolute dismissal. A dismissal without prejudice is not a bar to another suit being brought on the same cause of action. The official Revision Comment (c) of La.C.C.P. 933 correctly points out that a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring the action anew must be maintained. Rausch v. Hanberry, 377 So.2d 901 (La.App. 4th Cir.1979). | Suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew must be maintained. LSA-C.C.P. arts. 423, 933 comment, 1673. | Should a suit subject to dismissal for premature filing must be dismissed without prejudice and plaintiff's right to bring action anew be maintained? | Pretrial Procedure - Memo 11647 - C - KS_65384.docx | ROSS-003293945 | Order, SA, Sub | 0.76 | 1 | 0 | 1 | 1 | 1 |
| 3249 | Laster v. AT & T Mobility LLC, 584 F.3d 849 | 25T+117 | The Federal Arbitration Act does not expressly or impliedly preempt California law governing the unconscionability of class action waivers in consumer contracts of adhesion. The FAA "does not bar federal or state courts from applying generally applicable state contract law principles and refusing to enforce an unconscionable class action waiver in an arbitration clause." Shroyer, 498 F.3d at 987. Shroyer controls this case because AT & T makes the same arguments we rejected there. | Federal Arbitration Act (FAA) does not bar federal or state courts from applying generally applicable state contract law principles and refusing to enforce an unconscionable class action waiver in an arbitration clause. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act (FAA) bar federal courts from applying state contract law principles? | Alternative Dispute Resolution - Memo 327 - RK.docx | ROSS-003297795-ROSS-003297797 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |
| 3250 | In re Pihl, 529 B.R. 414 | 366+1 | Equitable subrogation occurs when "one party by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for the purposes of getting recompense for its payment." A surety "may stand in the shoes of either (1) the contractor whose obligations are discharged, (2) the owners to whom it was bound, or (3) the subcontractors whom it paid." | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | "Does subrogation or equitable subrogation occur when one party, by virtue of its payment of another's obligation, steps into shoes of party who was owed the obligation for purpose of getting recompense for its payment?" | Subrogation - Memo 381 - VP C.docx | ROSS-003301523-ROSS-003301524 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3251 | Porter v. Urban Residential Dev. Corp., 294 Ga. App. 828 | 307A+486 | The Porters allege that the trial court abused its discretion in denying their motion to withdraw admissions. We disagree. Pursuant to OCGA " 9"11"36(a)(2), the matters in the requests for admissions were admitted by operation of law when the Porters failed to answer the requests within 30 days of service. See Fox Run Properties v. Murray. The trial court had the discretion to permit withdrawal of the admissions if the two-prong test of OCGA " 9"11"36(b) was satisfied. Brankovic v. Snyder.4 See Fox Run Properties, supra, 288 Ga.App. at 570(1), 654 S.E.2d 676 (court's decision on motion to withdraw subject to abuse of discretion standard of review). Those two prongs are (1) that withdrawal of the admissions will subserve or advance the presentation of the merits of the action and (2) that there is no satisfactory showing that withdrawal will prejudice the party who obtained the admissions. Brankovic, supra, 259 Ga.App. at 580, 578 S.E.2d 203. The party seeking to withdraw the admissions has the burden of establishing the first prong by showing that "the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and the denial is not offered solely for purposes of delay." Intersouth Properties v. Contractor Exchange.5 See Ledford v. Darter6 (to withdraw admissions, movant must show that the proffered denial could be proved by admissible evidence). Failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw. Id. See Intersouth Properties, supra, 199 Ga.App. at 728(1), 405 S.E.2d 764. | Failure to present admissible, credible evidence contradicting the admitted matters justifies the denial of the motion to withdraw admissions so deemed by operation of law for failure to answer requests for admissions within 30 days of service. West's Ga.Code Ann. S 9-11-36(a)(2), (b). | "Does the failure to present admissible, credible evidence contradicting the admitted matters justify the denial of the motion to withdraw admissions so deemed by operation of law for failure to answer requests for admissions within 30 days of service?" | Pretrial Procedure - Memo # 3252 - C - KA.docx | ROSS-003304214-ROSS-003304216 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 3252 | In re Schuler, 354 B.R. 37 | 366+1 | New York Jurisprudence 2nd accurately states that "in subrogation, a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor." 23 N.Y. Jur.2d Contributions, Indemnity and Subrogation " 6 (2001). In the present instance, John R. Schuler, Inc., is the obligor against whom Marlene may assert subrogation. Under the indemnity agreement with North American Specialty Insurance Company, however, John and Marlene share the status of joint obligors. "Where one of several joint debtors pays the debt, his remedy against the others is confined to a claim for contribution." Booth v. Farmers' and Mechanics' National Bank, 74 N.Y. 228, 232 (1879). Accordingly, as against the bankruptcy estate of her husband, Mrs. Schuler holds only a right to contribution. | Under New York law, in "subrogation," a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor. | "In ""subrogation,"" does a third party discharges an obligor's obligation to the obligee and then seeks the right to stand in the obligee's position, so as to be able to assert the obligee's former rights against the obligor?" | Subrogation - Memo # 411 - C - SA.docx | ROSS-003311222-ROSS-003311223 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3253 | In re Shavers, 418 B.R. 589 | 366+1 | Although most states that have addressed equitable subrogation in the residential mortgage loan context analyze the same issues, jurisdictions apply the doctrine with considerable variation. Because equitable subrogation is a state-law doctrine, whether equitable subrogation applies in this case presents a question of Mississippi law, for which there is limited authority. Where Mississippi law is lacking, its courts have looked to the law of other jurisdictions for guidance. See Robison v. Lanford, 841 So.2d 1119, 1124"25 (Miss.2003) (looking to decisions in Louisiana, Georgia and Illinois). In accordance with this practice, this Court looks to the law of other states when necessary to supplement Mississippi's law on equitable subrogation. This Court acknowledges at the outset that decisions in this area of law generally are highly fact-specific, and there is no general rule to determine when the right of subrogation exists, since it depends upon the equities of each case. | Under Mississippi law, decisions in the area of law dealing with equitable subrogation generally are highly fact-specific, and there is no general rule to determine when the right of subrogation exists, since it depends upon the equities of each case. | Is there a general rule which can be laid down to determine whether a right of equitable subrogation exists since this right depends upon the equities of each particular case? | Subrogation - Memo 226 - VG C.docx | ROSS-003312049-ROSS-003312050 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 3254 | Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | "A trespass to chattel occurs when one intentionally disposes another of their personal property." Mercer v. Halmbacher, 44 N.E.3d 1011, 1017 (Ohio App.2015).One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | When can a trespasser be subjected to liability to the possessor of the trespassed chattel? | Trespass - Memo 116 - RK.docx | ROSS-003313013-ROSS-003313014 | SA, Sub | 0.18 | 0 | 0 | 1 | 1 | |
| 3255 | Dalloul v. Agbey, 255 Va. 511 | 307A+506.1 | As used in Code " 8.01-380(A), the term "the action" refers to the action then pending before the court, namely, the counts or claims remaining in a case at the time the nonsuit request is made. Claims that have been dismissed with prejudice are not part of a pending action, because a dismissal with prejudice is generally as conclusive of the parties' rights as if the action had been tried on the merits with a final disposition adverse to the plaintiff. Gilbreath v. Brewster, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995); Reed v. Liverman, 250 Va. 97, 100, 458 S.E.2d 446, 447 (1995); Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956). Thus, we hold that, under the language of Code " "the action" subject to a plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case. | Within meaning of language of statute allowing plaintiff to request nonsuit, "action" subject to plaintiff's nonsuit request is comprised of claims and parties remaining in case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from case. Code 1950, S 8.01-380, subd. A. | Is the action that remains subject toa plaintiff's nonsuit request comprised only of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case? | Pretrial Procedure - Memo # 2216 - C - KA.docx | ROSS-003313432-ROSS-003313433 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3256 | Cruz v. United States, 387 F. Supp. 2d 1057 | 221+342 | The act of state doctrine is a non-jurisdictional, prudential limitation on a court's power to examine the official actions of a foreign state in order to avoid conflicts with the foreign policy of the political branches. Siderman de Blake v. Republic of Argentina, 965 F.2d 699, 707 (9th Cir.1992); United States v. Merit, 962 F.2d 917, 921 (9th Cir.1992). The doctrine applies where "(1) there is an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Credit Suisse v. United States Dist. Ct., 130 F.3d 1342, 1346 (9th Cir.1997) (citation and internal quotations omitted). Courts also consider other factors, such as "whether the foreign state was acting in the public interest;" "the degree of international consensus regarding the activity;" whether adjudication would "hinder the Executive Branch in its formulation of foreign policy and whether the case could "result in differing pronouncements on the same subject." " Liu v. Republic of China, 892 F.2d 1419, 1433-34 (9th Cir.1989) (citations omitted). Only those judgments that involve making a legal determination regarding the legitimateness of an official action, rather than making a factual determination that such an action occurred, are prohibited from review. W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp. Int'l, 493 U.S. 400, 405-06, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (listing cases). It is defendant's burden to prove that the act in question was an act of state. Republic of Philippines v. Marcos, 862 F.2d 1355, 1369-70 (9th Cir.1988). | "Act of state doctrine" is non-jurisdictional, prudential limitation on court's power to examine official actions of foreign state in order to avoid conflicts with foreign policy of political branches. | "Is the act of state doctrine a non-jurisdictional, prudential limitation on a court's power to examine official actions of foreign states?" | International Law - Memo 327 - RK.docx | ROSS-003314198-ROSS-003314199 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |
| 3257 | Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | "A trespass to chattel occurs when one intentionally disposes another of their personal property." Mercer v. Halmbacher, 44 N.E.3d 1011, 1017 (Ohio App.2015).One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | When will trespassers to chattel be subject to liability to the possessor of the chattel? | Trespass - Memo 118 - RK.docx | ROSS-003314481-ROSS-003314482 | SA, Sub | 0.18 | 0 | 0 | 1 | 1 | |
| 3258 | In re Brown, 226 B.R. 39 | 366+1 | The doctrine of equitable subrogation involves "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." This equitable doctrine, which has as its goal the advancement of justice and the prevention of injustice, is used "only in extreme cases bordering on if not reaching the level of fraud." In fact, under common law the doctrine of equitable subrogation was applied to relieve "one compelled to pay a debt which ought to have been paid by another," therefore, the payor was "entitled to exercise all of the remedies which the creditor possessed against that other." There are no allegations of fraud or misrepresentation in this case. Nor does Chase maintain that it was "compelled" to execute the refinancing agreement. Moreover, in Missouri, a lender is not entitled to equitable subrogation if it bears any responsibility for the status of its lien. As stated above, Chase could have conditioned the transfer of funds to Greentree upon Greentree's release of the lien. Or, Chase could have accepted an assignment of Greentree's debt upon the same contractual terms. But Chase chose to negotiate a new contract. | Doctrine of equitable subrogation, which has as its goal the advancement of justice and the prevention of injustice, is used only in extreme cases bordering on, if not reaching, level of fraud. | "Is the doctrine of equitable subrogation, which has as its goal the advancement of justice and the prevention of injustice, used only in extreme cases bordering on if not reaching the level of fraud?" | Subrogation - Memo 306 - RM C.docx | ROSS-003322218-ROSS-003322220 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 3259 | Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | Thus, courts distinguish between "undocumented workers seeking backpay for wages actually earned," as in FLSA wage and hour violations, and "those seeking backpay for work not performed," as in a termination in violation of the NLRA. Flores, 233 F.Supp.2d at 463. This is because denying undocumented workers the protection of the FLSA would "permit[ ] abusive exploitation of workers" and "create[ ] an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them," in violation of the spirit of the IRCA. Id. at 463"64 (quoting Contreras, 25 F.Supp.2d at 1056). This distinction was clear before Hoffman and has been reiterated since. See Colon, 987 F.Supp.2d at 453 (noting that "courts have consistently and overwhelmingly distinguished NLRA precedents from FLSA doctrine"). | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Does denying undocumented workers the protection of the Fair Labor Standards Act (FLSA) create an unacceptable economic incentive to hire undocumented? | "Aliens, Immigration and Citizenship - Memo 71 - RK_64805.docx" | ROSS-003323442-ROSS-003323443 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 3260 | In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Subrogation, generally, is defined as the "substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." Castleman Constr. Co. v. Pennington, 222 Tenn. 82, 432 S.W.2d 669, 674 (1968); Bonfiglio v. Hoey (In re Hoey), 364 B.R. 427, 432 (Bankr.S.D.Fla.2005) (citing Fortenberry v. Mandell, 271 So.2d 170 (Fla. 4th DCA 1972)) ("Equitable subrogation arises by operation of law where one pays a debt owed by another under circumstances in which he is in equity entitled to the security held by the creditor whom he has paid"); In re Hubbard, 89 B.R. 920, 922 (Bankr.N.D.Ala.1988) (noting that "[n]umerous Alabama cases have invoked the doctrine of subrogation where one advancing money to discharge a prior lien on property is entitled to be subrogated to the rights of such prior lien as against intervening lienors"). In its most basic form, subrogation means that party A is substituted for party B, and party A can then raise the rights party B had against party C. Blankenship, 5 S.W.3d at 650; see also Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999) ( "As a result of equitable subrogation, the party discharging the debt stands in the shoes of the person whose claims have been discharged and thus succeeds to the right and priorities of the original creditor."). | "Subrogation," generally, is defined as the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | "Is subrogation generally defined as the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo 347 - TJ.docx | ROSS-003325778-ROSS-003325780 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3261 | People v. Teitelbaum, 138 A.D.2d 647 | 63+1(1) | Contrary to the defendants' contentions we conclude that the evidence was legally sufficient to support their convictions of bribe receiving in the second degree. While there was no direct evidence that the defendants and the witness Wiggins entered into an agreement whereby Wiggins agreed to extend sexual favors to them in return for not arresting her for certain violations of the Vehicle and Traffic Law and drug possession charges, we conclude that such evidence is not necessary. In order to support a verdict of guilty of bribe receiving in the second degree, the People must prove that the public official solicited or accepted or agreed to accept a benefit upon the understanding or agreement that his actions would thereby be influenced (see, Penal Law former " 200.10; People v. Charles, 61 N.Y.2d 321, 473 N.Y.S.2d 941, 462 N.E.2d 118). In determining whether there was such an agreement or understanding, it is the defendant's state of mind which is controlling (see, People v. Holmes, 72 A.D.2d 1, 7, 423 N.Y.S.2d 45). | Public official's state of mind is controlling, in deciding whether official has agreed to accept benefit on "understanding or agreement" that actions will be influenced thereby. McKinney's Penal Law S 200.10(1973). | Whose state of mind is controlling in deciding whether an official has agreed to accept a benefit on the understanding or agreement that his actions will be influenced? | Bribery - Memo #721 - C - LB.docx | ROSS-003329156-ROSS-003329157 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 3262 | Superior Oil Corp. v. Alcorn, 242 Ky. 814 | 315+138 | 141516171819 These two cases illustrate the rule. One having a life estate and nothing more cannot by any possession, act, or declaration of his own enlarge that estate, and limitation does not run against the remainderman until the life estate falls in; but if, through some act correct or erroneous, valid or invalid, not his own, but of the remainderman or of some one in privity with the remainderman, the apparent life tenant acquires some color of title incompatible with the existence of a life estate and a remainder estate, even though by a void act or instrument, and takes and holds possession thereunder and not as life tenant, and the remainderman knows of such entry holding and possession and of the nature thereof, a cause of action then accrues to the remainderman, and if he takes no steps then, or within the statutory period, he must suffer the consequences | If, through some act not his own, but of remainderman or some one in privity with remainderman, even though void, apparent life tenant acquires color of title incompatible with life estate and remainder estate, and takes possession thereunder and not as life tenant, and remainderman knows of possession and its nature, remainderman has a cause of action, and limitation period commences. | "Can a person having a life estate and nothing more, enlarge the estate by any possession, act or declaration?" | Life Estates - Memo 1 - RM.docx | ROSS-003312605-ROSS-003312606 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 3263 | Fallarino v. Fallarino, 56 Misc. 3d 67 | 315+185 | "A life estate is more than merely a right of enjoyment. Rather, a life tenant is entitled to possession, control, and enjoyment of the property for the duration of his or her life' (56 N.Y. Jur. 2d, Estates, Powers, and Restraints on Alienation " 35). The substance of a life estate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life' (Torre v. Giorgio, 51 A.D.3d 1010, 1011 [858 N.Y.S.2d 765] [2008] [internal quotation marks and citation omitted] ). Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy (56 N.Y. Jur. 2d, Estates, Powers, and Restraints on Alienation " 186). Therefore, as a remainderman, petitioner has no right to possession of the premises for the duration of the [mother's] life and, thus, no standing to bring this summary proceeding to recover possession" (Novakovic v. Novakovic, 25 Misc.3d 94, 95"96 [890 N.Y.S.2d 758] [App.Term, 2d Dept., 2d, 11th & 13th Jud.Dists.2009]; see also Kurek v. Luszcyk, 51 Misc.3d 19, 20 [28 N.Y.S.3d 550] [App.Term, 2d Dept., 2d, 11th & 13th Jud.Dists.2015] ). | Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy. | "Does the remainderman or reversioner have a right to possession or any present right of enjoyment, or tangible or physical ownership, of the land during the term of the life tenancy?" | Life Estate - Memo 14-JS.docx | ROSS-003283919-ROSS-003283920 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 3264 | Consolidated Rail Corp. v. Gottshall, 512 U.S. 532 | 115+57.16(2) | Three major limiting tests for evaluating claims alleging negligent infliction of emotional distress have developed in the common law. The first of these has come to be known as the "physical impact" test. It originated a century ago in some of the first cases recognizing recovery for negligently inflicted emotional distress.At the time Congress enacted FELA in 1908, most of the major industrial States had embraced this test. See Throckmorton, Damages for Fright, 34 Harv.L.Rev. 260, 263"264, and n. 25 (1921). Under the physical impact test, a plaintiff seeking damages for emotional injury stemming from a negligent act must have contemporaneously sustained a physical impact (no matter how slight) or injury due to the defendant's conduct. Most jurisdictions have abandoned this test, but at least five States continue to adhere to it.The second test has come to be referred to as the "zone of danger" test. It came into use at roughly the same time as the physical impact test, and had been adopted by several jurisdictions at the time FELA was enacted. See Throckmorton, supra, at 264"265, and n. 28. See also Bohlen, Right to Recover for Injury Resulting from Negligence Without Impact, 50 Am.L.Reg. 141, and nn. 3"5 (1902). Perhaps based on the realization that "a near miss may be as frightening as a direct hit," Pearson, U.Fla.L.Rev., at 488, the zone of danger test limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct. That is, "those within the zone of danger of physical impact can recover for fright, and those outside of it cannot." Id., at 489. The zone of danger test currently is followed in 14 jurisdictions.The third prominent limiting test is the "relative bystander" test, which was first enunciated in Dillon v. Legg, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968). In Dillon, the California Supreme Court rejected the zone of | "Zone of danger" test for determining who may recover for negligent infliction of emotional distress limits recovery for emotional injury to those plaintiffs who sustain physical impact as a result of defendant's negligent conduct or who are placed in immediate risk of physical harm by that conduct. | What are the limiting tests for assessing claims of negligent infliction of emotional distress? | 004066.docx | LEGALEASE-00116299-LEGALEASE-00116301 | SA, Sub | 0.91 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3265 | Hearn v. Rhay, 68 F.R.D. 574 | 311H+20 | All of these established exceptions to the rules of privilege have a common denominator; in each instance, the party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party. The factors common to each exception may be summarized as follows: (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. Thus, where these three conditions exist, a court should find that the party asserting a privilege has impliedly waived it through his own affirmative conduct. | Party asserting privilege has impliedly waived it through his own affirmative conduct where assertion of privilege was result of some affirmative act, such as filing suit, by asserting party; asserting party, through affirmative act, put protected information at issue by making it relevant to the case; and application of the privilege would deny opposing party access to information vital to his defense. | How does a party impliedly waive the attorney-client privilege? | Privileged Communications and Confidentiality - Memo 8 - VP.docx | LEGALEASE-00001613-LEGALEASE-00001614 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 3266 | United States v. Aguasvivas-Castillo, 668 F.3d 7 | 180+63(1) | "A criminal forfeiture is unconstitutional under the Excessive Fines Clause if it is grossly disproportional to the gravity of the defendant's offense." Levesque, 546 F.3d at 83 (quoting United States v. Bajakajian, 524 U.S. 321, 337, 118 S.Ct. 2028, 141 L.Ed.2d 314 (1998) (original quotation marks omitted)). To determine whether a forfeiture is grossly disproportional, courts should consider the following factors: "(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant." United States v. Heldeman, 402 F.3d 220, 223 (1st Cir.2005) (citing Bajakajian, 524 U.S. at 337"40, 118 S.Ct. 2028). | To determine whether a forfeiture is grossly disproportional, courts should consider: (1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant. U.S.C.A. Const.Amend. 8. | What factors should the court consider for determining whether a forfeiture is grossly disproportional? | 004738.docx | LEGALEASE-00116411-LEGALEASE-00116412 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3267 | Shelton v. Wick, 715 N.E.2d 890 | 401+8.2 | Shelton's contention raises not only the issue of whether subsection (1) applies, but also the issue of when venue is to be determined. This case is a medical malpractice action, and is therefore subject to the requirements of the Indiana Medical Malpractice Act. Ind.Code title 34, art. 18. The Act provides that submission of a proposed complaint to the Department of Insurance and presentation to a medical review panel is a condition precedent to filing a medical malpractice claim in a court in Indiana. Ind.Code " 34-18-8-4; Campbell v. Eckman/Freeman & Assoc., 670 N.E.2d 925, 929 (Ind.Ct.App.1996), trans. denied. Only after the medical review panel has rendered its opinion may an action be commenced in court. Shelton argues that the appropriate venue for this action should be determined as of the time the proposed complaint was submitted to the Department of Insurance. However, venue does not become an issue until an action is commenced and it becomes necessary to determine the geographical location where the particular case should be tried. An action is "commenced" within the meaning of our trial rules "by filing a complaint with the court ...." T.R. 3 (emphasis added). Submitting a proposed complaint to the Department of Insurance does nothing more than toll the statute of limitations and satisfy the statutory condition precedent to commencing a medical malpractice action. The preferred venue status of a given county can only be determined as of the time a complaint is filed in court. Thus, Dr. Shelton's county of residence at the time the proposed complaint was submitted is immaterial. | Medical malpractice action is "commenced," and determination of preferred venue status becomes proper, at time when complaint is filed in court, and not on earlier date on which proposed complaint is submitted to the Department of Insurance pursuant to Indiana Medical Malpractice Act; submission of proposed complaint cannot be considered commencement of action, as it does nothing more than toll statute of limitations and satisfy the statutory condition precedent to commencing action. West's A.I.C. 34-18-8-4; Trial Procedure Rules 3, 75. | When is the issue of venue to be determined? | Venue - Memo 8 - RM.docx | ROSS-003284110-ROSS-003284111 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 3268 | Nat'l Bank of Rochester v. Meadowbrook Heights, 80 Mich. App. 777 | 253+512 | The Married Women's Act of 1855 was passed to protect married women from the improvidence or predations of their husbands and from the husbands' creditors. Artman v. Ferguson, 73 Mich. 146, 150, 40 N.W. 907, 909 (1888); Tong v. Marvin, 15 Mich. 60, 71 (1866); Note, The Impact of Michigan's Common-Law Disabilities of Coverture on Married Women's Access to Credit, 74 Mich.L.Rev. 76 (1975). The Act M.C.L.A. s 557.1 et seq.; M.S.A. s 26.161 et seq., provides thatmarried women may acquire, hold, and devise property separate from their husbands' influence and not subject to their husbands' debts, with "like effect as if * * * (they) were unmarried", M.C.L.A. s 557.1; M.S.A. s 26.161, and may be held liable on any contract made in relation to their sole property, M.C.L.A. s 557.4; M.S.A. s 26.163. The Act did not confer upon married women a general power to contract. West v. Laraway, 28 Mich. 464, 465 (1874). In order to hold a married woman liable on a contract, a plaintiff must prove that the contract directly concerned the married woman's separate estate. See, e. g., Koengeter v. Holzbaugh,332 Mich. 280, 283, 50 N.W.2d 778, 779 (1952); Judd v. Judd, 187 Mich. 612, 615, 154 N.W. 31, 32 (1915); Kenton Insurance Co. of Kentucky v. McClellan, 43 Mich. 564, 565, 6 N.W. 88 (1880). In Koengeter v. Holzbaugh,supra, a married woman was held not severally liable on a note she made with her husband where the makers told the holders of the note that the loan was to provide working capital for a corporation of which the wife was the sole stockholder. The Court held that the contract was for the benefit of the corporation and, absent fraud or misuse of the corporate device, the contract was not for the benefit of the woman's separate estate. In Monroe State Savings Bank v. Orloff, 232 Mich. 486, 490, 205 N.W. 596, 597 (1925), the Court stated that a married woman "may not bind her separate estate by any obligation in the nature of suretyship, or by a | Married women may acquire, hold, and devise property separate from their husbands' influence and not subject to their husbands' debts, with like effect as if they were unmarried, and may be held liable on any contract made in relation to their sole property. M.C.L.A. SS 557.1 et seq., 557.4. | Is the separate property of a husband or wife liable for the debts of their spouse? | Marriage and Cohabitation - Memo 15 - RK.docx | LEGALEASE-00002709-LEGALEASE-00002710 | Order, SA, Sub | 0.86 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3269 | Karuk Tribe of California v. Ammon, 209 F.3d 1366 | 148+2.1 | Plaintiffs assert a taking of their alleged property rights in the square. A taking claim calls for a two-step analysis. First, a court determines whether the plaintiff possesses a valid interest in the property affected by the governmental action, i.e., whether the plaintiff possessed a "stick in the bundle of property rights." If a plaintiff possesses a compensable property right, a court proceeds to the second step. Under that second step, a court determines whether the governmental action at issue constituted a taking of that "stick." See M & J Coal Co. v. United States, 47 F.3d 1148, 1154 (Fed.Cir.1995). The second step of the analysis, an intensely factual inquiry, includes consideration of the character of the governmental action, the economic impact of the action on the claimant, and the reasonable expectations of the claimant. See Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124, 98 S.Ct. 2646, 57 L.Ed.2d 631. (1978) | A Fifth Amendment takings claim calls for a two-step analysis under which, first, a court determines whether the plaintiff possesses a valid interest in the property affected by the governmental action, that is, whether the plaintiff possessed a "stick in the bundle of property rights," and, if the plaintiff possesses a compensable property right, a court proceeds to the second step, determining whether the governmental action at issue constituted a taking of that "stick." U.S.C.A. Const.Amend. 5. | What are the steps followed by the court in order to identify a taking? | Eminent Domain - Memo 16 - AKA.doc | LEGALEASE-00002801-LEGALEASE-00002802 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 3270 | Southland Corp. v. Keating, 465 U.S. 1 | 83+80.5 | In enacting " 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration. The Federal Arbitration Act provides:"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. " 2 (1976). | In enacting provision of federal arbitration act that an arbitration provision is valid and irrevocable the Congress declared a national policy favoring arbitration and withdrew power of the states to require a judicial forum for resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | Does Congress withdraw the power of the states by declaring a national policy favoring arbitration? | 004887.docx | LEGALEASE-00117009-LEGALEASE-00117011 | Order, SA, Sub | 0.6 | 1 | 0 | 1 | 1 | 1 |
| 3271 | E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187 | 25T+141 | The FAA establishes a strong federal policy in favor of compelling arbitration over litigation. The Act provides that if a party petitions to enforce an arbitration agreement, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. " 4. The presumption in favor of arbitration carries "special force" when international commerce is involved, because the United States is also a signatory to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The CREFAA commits the courts of signatory states to refer parties to arbitration when the parties have agreed to arbitrate disputes. CREFAA is enforced in the United States under Chapter Two of the FAA. Sandvik AB v. Advent International Corp., 220 F.3d 99, 104"05 (3d Cir.2000) (internal citations omitted). The liberal policy "favoring arbitration agreements ... is at bottom a policy guaranteeing the enforcement of private contractual arrangements," id., and under the FAA, "a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute." Bel"Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435, 444 (3d Cir.1999) ("Arbitration is strictly a matter of contract. If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so.") | The liberal policy favoring arbitration agreements is at bottom a policy guaranteeing the enforcement of private contractual arrangements, and under the Federal Arbitration Act (FAA), a court may only compel a party to arbitrate where that party has entered into a written agreement to arbitrate that covers the dispute. 9 U.S.C.A. S 1 et seq. | "Will a liberal policy favoring arbitration, guarantee the enforcement of private contractual arrangements?" | 004926.docx | LEGALEASE-00117172-LEGALEASE-00117174 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3272 | Banc One Acceptance Corp. v. Hill, 367 F.3d 426 | 25T+113 | The first step of the process entails determining "whether there is a valid agreement to arbitrate between the parties; and ... whether the dispute in question falls within the scope of that arbitration agreement." Webb v. Investacorp, Inc., 89 F.3d 252, 258 (5th Cir.1996). These questions are decided according to state law. Id. While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate. Will"Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 214 (5th Cir.2003). Nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. Primerica Life, 304 F.3d at 471 (citing Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)). | While there is a strong federal policy favoring arbitration, the policy does not apply to the initial determination whether there is a valid agreement to arbitrate; nonetheless, once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration. 9 U.S.C.A. S 4. | Does a strong federal policy favoring arbitration help in determining a valid agreement to arbitrate exists between parties? | 004929.docx | LEGALEASE-00117175-LEGALEASE-00117176 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3273 | Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 | 25T+139 | The basic issue presented in Mercury's federal suit was the arbitrability of the dispute between Mercury and the Hospital. Federal law in the terms of the Arbitration Act governs that issue in either state or federal court. Section 2 is the primary substantive provision of the Act, declaring that a written agreement to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. " 2. Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act. In Prima Paint Corp. v. Flood & Conklin Mfg. Corp., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), for example, the parties had signed a contract containing an arbitration clause, but one party alleged that there had been fraud in the inducement of the entire contract (although the alleged fraud did not go to the arbitration clause in particular). The issue before us was whether the issue of fraud in the inducement was itself an arbitrable controversy. We held that the language and policies of the Act required the conclusion that the fraud issue was arbitrable. Id., at 402"404, 87 S.Ct., at 1805"06. Although our holding in Prima Paint extended only to the specific issue presented, the courts of appeals have since consistently concluded that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. We agree. The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language | Arbitration Act establishes that, as a matter of federal law, any doubts concerning scope of arbitrable issues should be resolved in favor of arbitration, whether problem at hand is construction of contract language itself or allegation of waiver, delay, or like defense to arbitrability. 9 U.S.C.A. S 2. | Are doubts regarding the scope of arbitral issues resolved in favor of arbitration? | Alternative Dispute Resolution - Memo 130 - JS.docx | ROSS-003282376-ROSS-003282378 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 3274 | Cox v. City of Kinston, 217 N.C. 391 | 92+2625(1) | It is true that the Constitution gives to the General Assembly the power which has, in this State, been considered exclusive, to enact laws or, as we say, exercise the legislative function, and this cannot be delegated. Constitution, Article II, Section 1. As to the judicial function, the Legislature itself has none, and, therefore, the use of the word "delegation" is not apt as regarding the power of the Legislature to confer judicial powers. The Legislature has always, without serious question, given quasi"judicial powers to administrative bodies in aid of the duties assigned to them, without necessarily making them courts. Such powers are given to the Utilities Commission, the Industrial Commission, the Commissioner of Revenue, the State Board of Assessment, and, in lesser degree, to many other State agencies which we might add to the list. The performance of quasi"judicial and administrational duties by the same Board violates no implication of the cited section of the Constitution, requiring that the supreme judicial power be kept separate from the legislative and executive. Certainly the limited discretion given to these bodies is no part of the "supreme judicial power" of the State. | The Housing Authority Act conferring quasi-judicial and administrational duties on same board violates no implication of constitution requiring the supreme judicial power to be kept separate from the legislative and executive. Pub.Acts 1935, c. 456; Const. art. 1, S 8; art. 2, S 1. | "Is a statute conferring quasi-judicial and administrational duties on a same board violate section of the Constitution, requiring that the supreme judicial power be kept separate from the legislative and executive?" | 000319.docx | LEGALEASE-00117478-LEGALEASE-00117479 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3275 | Mack v. Carmack, 79 So. 3d 597 | 203+503 | Our legislature has now expressly amended Alabama's homicide statutes to include as a victim of homicide "an unborn child in utero at any stage of development, regardless of viability." " 13A"6"1(a)(3), Ala.Code 1975 (emphasis added). This change constitutes clear legislative intent to protect even nonviable fetuses from homicidal acts. As Justice Houston's comment in his special writings in Gentry and Lollar indicated, this Court repeatedly has emphasized the need for congruence between the criminal law and our civil wrongful-death statutes. We have already noted that the Huskey Court stated that "[o]ne of the purposes of our wrongful death statute is to prevent homicides." Huskey, 289 Ala. at 55, 265 So.2d at 597. The Court in Eich similarly observed that "the pervading public purpose of our wrongful death statute ... is to prevent homicide through punishment of the culpable party and the determination of damages by reference to the quality of the tortious act...." Eich, 293 Ala. at 100, 300 So.2d at 358. | Amendment to homicide statutes to include as a victim of homicide "an unborn child in utero at any stage of development, regardless of viability," constitutes clear legislative intent to protect even nonviable fetuses from homicidal acts. Code 1975, S 13A-6-1(a)(3). | Is there a clear legislative intent to protect even nonviable fetuses? | 000423.docx | LEGALEASE-00117734-LEGALEASE-00117735 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3276 | Union Nat. Bank & Tr. Co. v. Bd. of Sup'rs of Kendall Cty., 65 Ill. App. 3d 1004 | 1.49E+42 | We do not fully agree, however, with the further argument of plaintiffs that apart from the Reclamation Act they need not comply with local zoning since compliance with the Environmental Protection Act is required (Ill.Rev.Stat.1977, ch. 1111/2, pars. 1001 et seq.), and compliance with county zoning is therefore excused pursuant to O'Connor v. City of Rockford, 52 Ill.2d 360, 288 N.E.2d 432 and related cases. The Reclamation Act does provide that all requirements of the Environmental Protection Act "shall be complied with fully at all times during mining, reclamation, and after reclamation." (Ill.Rev.Stat.1977, ch. 961/2, par. 4507(g).) But we read this provision merely as a legislative statement that any person who seeks to operate a strip mine is not exempted from any applicable provision of the Environmental Protection Act by reason of the operation of the Reclamation Act. | "Reclamation Act's" provision that all requirements of Environmental Protection Act shall be complied with fully at all times during mining, reclamation and after reclamation only means that a person who seeks to operate strip mine is not exempted from any applicable provisions of Environmental Protection Act by reason of operation of "Reclamation Act." S.H.A. ch. 96 1/2, S 4507(g). | "Does the Reclamation Act provide that all requirements of the Environmental Protection Act shall be complied with fully at all times during mining, reclamation, and after reclamation?" | Environmental Law - Memo 98 - VP.docx | ROSS-003282314-ROSS-003282315 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 3277 | People ex rel. Durham Realty Corp. v. La Fetra, 230 N.Y. 429 | 233+500 | The conclusion is, in the light of present theories of the police power, that the state may regulate a business, however honest in itself, if it is or may become an instrument of widespread oppression (People v. Beakes Dairy Co., supra, and cases cited; Payne v. Kansas, 248 U. S. 112, 39 Sup. Ct. 32, 63 L. Ed. 153); that the business of renting homes in the city of New York is now such an instrument and has therefore become subject to control by the public for the common good; that the regulation of rents and the suspension of possessory remedies so far tend to accomplish the purpose as to supervene the constitutional inhibitions relied upon to defeat the laws before us (Marcus Brown Holding Co. v. Feldman [D. C.] 269 Fed. 306). | Under the police power the state may regulate a business, however honest in itself, if it is or may become an instrument of widespread oppression; and hence the business of renting homes in the city of New York is subject to control by the Legislature for the common good. | Could state regulate business of renting homes subject to regulations by exercise of police powers? | 000954.docx | LEGALEASE-00118202-LEGALEASE-00118203 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3278 | Bear Creek Dev. Corp. v. Genesee Found., 919 P.2d 948 | 311+2(5) | Because the scope of the condemned right can be limited so as to achieve its purpose most effectively, State Department of Highways v. Denver & Rio Grande Western R.R. Co., supra, and disputes which arise as to its scope are resolved, in part, by reference to the court's order of condemnation, a court must clearly define the extent of the easement, at the request of the condemnee, in order to avoid inevitable litigation over a vague condemnation order. See 3 J. Sackman, Nichols on Eminent Domain " 9.05 (3d ed. 1994) (when condemnor subjects the property to uses not described in the taking, the landowner may sue for damages and just compensation); see also Docheff v. Broomfield, 623 P.2d 69 (Colo.App.1980) (finding continuing trespass when manner or quantity of water flow exceeds previous level of damage which established drainage easement); Shrull v. Rapasardi, 33 Colo.App. 148, 517 P.2d 860 (1973) (court properly limited dimensions of ditch and manner of maintenance after easement established). | Because scope of right condemned for way of necessity can be limited so as to achieve its purpose most effectively, and disputes which arise as to its scope are resolved, in part, by reference to court's order of condemnation, court must clearly define extent of easement, at request of condemnee, in order to avoid inevitable litigation over vague condemnation order. West's C.R.S.A. Const. Art. 2, S 14. | May the scope of the condemned right be limited? | Eminent Domain - Memo 36 - RK.docx | ROSS-003298734-ROSS-003298735 | Order, SA, Sub | 0.6 | 1 | 0 | 1 | 1 | 1 |
| 3279 | Wilson v. City & Cty. of Denver, 65 Colo. 484 | 92+1116 | The right to carry on a legitimate business is a property right, and it cannot be taken away or abridged by an exercise of the police power, unless it appears:"First, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385. | The right to carry on a legitimate business is a property right, and cannot be taken away or abridged by an exercise of police power, unless necessary to interests of public generally, and unless means employed are reasonably necessary for accomplishment of the purpose, and not unduly oppressive upon individuals. | Is the right to carry on a legitimate business a property right? | 001377.docx | LEGALEASE-00118171-LEGALEASE-00118172 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 3280 | N. L. R. B. v. Builders Supply Co. of Houston, 410 F.2d 606 | 231H+1824 | A. With regard to the " 8(a)(1) violation, the Board ordered the company to cease and desist from"Interrogating employees about their or other employees union membership, activities, or desires * * *." The objection to this part of the order, which forbids all forms of interrogation, is well taken. We have previously stated, in holding a similar order too broad:"We agree with respondent's contention that the order should not prohibit casual, moderate interrogation which could not be considered as threats, coercion or as forecasting reprisals. Such interrogation is not unlawful per se under the N.L.R.A. N.L.R.B. v. J. Weingarten, Inc., 339 F.2d 498 (5 Cir., 1964); N.L.R.B. v. Hill and Hill Truck Line, Inc., 266 F.2d 883, 886 (5 Cir., 1959); N.L.R.B. v. McGahey, 233 F.2d 406, 409-410 (5 Cir., 1957); Jacksonville Paper Co. v. N.L.R.B., 137 F.2d 148, 152 (5 Cir., 1943). Only when interrogation tends to restrain, coerce or interfere with employees in the exercise of their rights under the Act is such interrogation proscribed by Section 8(a)(1)." interrogation proscribed by Section 8(a)(1).'N.L.R.B. v. Sunnyland Packing Co., 5 Cir., 1966, 369 F.2d 787, 793. Accordingly, this portion of the order should be modified to prohibit only that interrogation which interferes with, restrains, or coerces the employees in the exercise of their " 7 rights. | Board's order directing employer to cease and desist from interrogating employees about their or other employees' union membership, activities, or desires was too broad and should be modified to prohibit only that interrogation which interferes with, restrains, or coerces the employees in exercise of their organizational rights. National Labor Relations Act, SS 1 et seq., 7, 8(a) (1) as amended 29 U.S.C.A. SS 151 et seq., 157, 158(a)(1). | Does the National Labor Relations Act prohibit employers from interfering with or coercing employees in the exercise of their right? | 001401.docx | LEGALEASE-00118504-LEGALEASE-00118505 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 3281 | Moorman v. Dep't of Cmty. Affairs, 626 So. 2d 1108 | 1.49E+132 | Statutes relating to environmental land and water management require a balancing of the state's interests in protecting the public's health, safety, and welfare against the constitutionally protected private property interests of the landowner.Graham v. Estuary Properties, Inc., 399 So.2d 1374, 1377 (Fla.), cert. denied, 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981). The "exercise of the state's police power must relate to the health, safety, and welfare of the public and may not be arbitrarily and capriciously applied." Id. at 1379. | Statutes relating to environmental land and water management require balancing of state's interests in protecting public's health, safety, and welfare against constitutionally protected private property interests of landowner. | "Should there exist a balance in the interests of the state in protecting the health, safety, and welfare of the public with those of the private property owner?" | 001468.docx | LEGALEASE-00118641-LEGALEASE-00118642 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3282 | Airvantage v. TBAN Properties #┬ú1, L.T.D, 269 S.W.3d 254 | 401+5.1 | A "cloud" on legal title includes any deed, contract, judgment lien or other instrument, not void on its face, which purports to convey an interest in or makes any charge upon the land of the true owner, the invalidity of which would require proof. See Fajkus v. First Nat'l Bank, 654 S.W.2d 42, 45 (Tex.App.-Austin 1983, writ dism'd). To determine whether the nature of the suit involved a cloud on legal title or otherwise affects an interest in land, we examine TBAN's petition. See Stroud Oil, 110 S.W.3d at 25. Whether the recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of the lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought. See Madera Prod. Co. v. Atlantic Richfield Co., 107 S.W.3d 652, 659 (Tex.App.-Texarkana 2003, pet. denied in part, dism'd in part) (venue mandatory where property located in contract suit requiring determination of ownership rights in mineral lease); In re City Nat'l Bank, 257 S.W.3d 452, 455 (Tex.App.-Tyler 2008, orig. proceeding) (suit to cancel deed of trust procured by fraud is a suit to remove an encumbrance from title and affects an interest in land). In addition, no special distinctions are made for real property suits simply because they are couched in terms of a declaratory judgment. See In re Applied Chemical Magnesias Corp., 206 S.W.3d 114, 118"19 (Tex.2006). The ultimate or dominant purpose of a suit determines whether it falls under the mandatory venue statute. See City Nat'l Bank; 257 S.W.3d at 454; Bracewell v. Fair, 638 S.W.2d 612, 615 (Tex.App.-Houston [1st Dist.] 1982, no writ). | Whether recovery is called conversion, breach of contract, or other non-real property types of recovery, the true nature of a lawsuit, for purposes of determining whether a suit is governed by mandatory venue statute for actions involving an interest in real property, depends on the facts alleged in the petition, the rights asserted, and the relief sought. V.T.C.A., Civil Practice & Remedies Code S 15.011. | "Do the facts alleged in the plaintiffs petition, the rights asserted and the relief sought have any bearing on the nature of the suit?" | Venue - Memo 38 - RM.docx | ROSS-003312436-ROSS-003312438 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3283 | McCarthy v. Azure, 22 F.3d 351 | 25T+139 | This imperative is in no way inconsistent with the acknowledged "federal policy favoring arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983); see also Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987). The federal policy presumes proof of a preexisting agreement to arbitrate disputes arising between the protagonists. Once that agreement has been proven and the protagonists identified, cases such as Cone and McMahon instruct courts to use a particular hermeneutical principle for interpreting the breadth of the agreement; that is, if the contract language chosen by the parties is unclear as to the nature of the claims to which an agreement to arbitrate extends, a "healthy regard" for the federal policy favoring arbitration requires that "any doubts concerning the scope of an arbitrable issue be resolved in favor of arbitration." Moses H. Cone, 460 U.S. at 24"25, 103 S.Ct. at 941. The federal policy, however, does not extend to situations in which the identity of the parties who have agreed to arbitrate is unclear. See Painewebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir.1990) (holding that "[a]s a matter of contract, no party can be forced to arbitrate unless that party has entered into an agreement to do so"). Thus, requiring that arbitration rest on a consensual foundation is wholly consistent with federal policy. | If contract language chosen by parties is unclear as to nature of claims to which agreement to arbitrate extends, a "healthy regard" for federal policy favoring arbitration requires that any doubts concerning scope of arbitrable issue be resolved in favor of arbitration. | How do the courts interpret agreements when the contract language chosen by the parties is unclear as to which claims are to be submitted to arbitration? | 001689.docx | LEGALEASE-00118733-LEGALEASE-00118735 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 3284 | Cramer v. United States, 325 U.S. 1 | 384+6 | The very minimum function that an overt act must perform in a treason prosecution is that it show sufficient action by the accused, in its setting, to sustain a finding that the accused actually gave aid and comfort to the enemy. Every act, movement, deed, and word of the defendant charged to constitute treason must be supported by the testimony of two witnesses. The two-witness principle is to interdict imputation of incriminating acts to the accused by circumstantial evidence or by the testimony of a single witness. The prosecution cannot rely on evidence which does not meet the constitutional test for overt acts to create any inference that the accused did other acts or did something more than was shown in the overt act, in order to make a giving of aid and comfort to the enemy. The words of the Constitution were chosen, not to make it hard to prove merely routine and everyday acts, but to make the proof of acts that convict of treason as sure as trial processes may. When the prosecution's case is thus established, the Constitution does not prevent presentation of corroborative or cumulative evidence of any admissible character either to strengthen a direct case or to rebut the testimony or inferences on behalf of defendant. The Government is not prevented from making a strong case; it is denied a conviction on a weak one. | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | Can an overt act in a treason prosecution be used to determine whether the accuseds action was an aid and comfort to the enemy? | 001636.docx | LEGALEASE-00119070-LEGALEASE-00119071 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 3285 | State v. Begey, 672 N.W.2d 747 | 203+507 | The defendant also claims her attorney should have argued that there was insufficient evidence to show that her driving was the proximate cause of the victim's death, contending that "Sissel's death resulted from his decision to step off the hood of the car while it was still in motion."A defendant can be relieved of criminal responsibility if an intervening act breaks the chain of causal connection between the defendant's actions and the victim's death. However, for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the sole proximate cause of death.State v. Garcia, 616 N.W.2d 594, 597 (Iowa 2000) (citations omitted). | A defendant can be relieved of criminal responsibility for a victim's death if an intervening act breaks the chain of causal connection between the defendant's actions and the victim's death; however, for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the sole proximate cause of death. | Should the defendants intervening act be the sole proximate cause of death to constitute criminal responsibility for homicide? | Homicide - Memo 46 - TH.docx | ROSS-003285145-ROSS-003285147 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 3286 | Athena Holdings v. Marcus, 160 Conn. App. 470 | 13+1 | We begin our analysis by reviewing the language of the statute. Section 42"150bb provides a statutory right to attorney's fees to the consumer who successfully prosecutes or defends an action or counterclaim based on a contract. As this court has previously held, "[t]he word action has no precise meaning and the scope of proceedings which will be included within the term ... depends upon the nature and purpose of the particular statute in question.... What the legislature may have intended to be a civil action for some purposes may not be a civil action for others." (Internal quotation marks omitted.) Bobbin v. Sail the Sounds, LLC, 153 Conn.App. 716, 721, 107 A.3d 414 (2014). Accordingly, we conclude that the term "action" is ambiguous and we look to the legislative history to determine its meaning. Our Supreme Court has previously reviewed the statute's legislative history and held that "it was designed to provide equitable results for a consumer who successfully defended an action under a commercial contract and the commercial party who was entitled to attorney's fees.... The purpose of " 42"150bb is to bring parity between a commercial party and a consumer who defends successfully an action on a contract prepared by the commercial party." (Citation omitted; internal quotation marks omitted.) Aaron Manor, Inc. v. Irving, supra, 307 Conn. at 617"18, 57 A.3d 342. | The word "action" has no precise meaning and the scope of proceedings which will be included within the term depends upon the nature and purpose of the particular statute in question; what the legislature may have intended to be a civil action for some purposes may not be a civil action for others. | "What do the scope of proceedings included within the term ""action"" depend upon?" | 002026.docx | LEGALEASE-00119406-LEGALEASE-00119407 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3287 | Tennessee, Alabama & Georgia R. Co. v. Zugar, 193 Ga. 386 | 386+67 | In such a case, a "wilful trespasser" can be defined in general terms as one who knows that he is wrong, while an "innocent trespasser" is one who believes that he is right. 45 Words & Phrases, 341, and cit. The question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except in those cases where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party. Yahoola River & C. C. Hydraulic Hose Mining Co. v. Irby, 40 Ga. 479(2); Georgia Railroad & Banking Co. v. Gardner, 115 Ga. 954, 42 S.E. 250; Id., 118 Ga. 723, 724, 45 S.E. 600; Southern Railway Co. v. O'Bryan, 119 Ga. 147, 149, 45 S.E. 1000, and cit.; Investment Securities Corporation v. Cole, 186 Ga. 809, 810, 199 S.E. 126, and cit.; Strickland v. Miller, 12 Ga.App. 671, 78 S.E. 48; Ingram v. Smith, 62 Ga.App. 335, 7 S.E.2d 922, 923; 45 Words and Phrases, Perm Ed., 331 et seq. | In case of a trespass by cutting and carrying away timber, a "wilful trespasser" is one who knows that he is wrong, while an "innocent trespasser" is one who believes that he is right, and the question as to whether the trespass was wilfully or innocently done is generally for the jury to determine, except where the trespasser acts with such entire want of care and reckless indifference as would clearly amount to a disregard of the rights of the other party. | Who is a wilful trespasser? | Trespass - Memo 70 - JS.docx | ROSS-003284696-ROSS-003284697 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 3288 | Stacy v. Ross, 798 So. 2d 1275 | 76D+283 | We view our statute as requiring no less than the Fourteenth Amendment in this regard. The determination whether parents are unreasonable in denying visitation in whole or part to grandparents is not a contest between equals. Parents with custody have a paramount right to control the environment, physical, social, and emotional, to which their children are exposed. See Plaxico v.. Michael, 735 So.2d 1036 (Miss.1999); McKee v. Flynt, 630 So.2d 44 (Miss.1993); Carter v. Taylor, 611 So.2d 874 (Miss.1992); Ethredge v. Yawn, 605 So.2d 761 (Miss.1992); White v. Thompson, 569 So.2d 1181 (Miss.1990); Simpson v. Rast, 258 So.2d 233 (Miss.1972); In re Guardianship of Faust, 239 Miss. 299, 123 So.2d 218 (1960). Interference with that right based upon anything less than compelling circumstances is not the intent of the visitation statute. Clearly, forced, extensive unsupervised visitation cannot be ordered absent compelling circumstances which suggest something near unfitness of the custodial parents. | The determination whether parents are unreasonable in denying visitation in whole or part to grandparents is not a contest between equals; parents with custody have a paramount right to control the environment, physical, social, and emotional, to which their children are exposed. West's A.M.C. SS 93-16-1 to 93-16-7. | Do parents with custody have a paramount right to control the environment to which their children are exposed? | 10806.docx | LEGALEASE-00081448-LEGALEASE-00081449 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3289 | Schachter v. Citigroup, 47 Cal. 4th 610 | 231H+175 | Schachter's compensation, by his tacit agreement, consisted of a mixture of cash and incentive compensation. Incentive compensation, whether in the form of a traditional cash bonus program or a more complex restricted stock plan, is generally understood as an " "inducement to employees to procure efficient and faithful service." " (Dept. of Industrial Relations, Div. of Labor Stds. Enforcement (DLSE), Enforcement Policies and Interpretations Manual (Rev.2006) " 35.1; quoting Duffy Bros. v. Bing & Bing (1926) 217 A.D. 10, 215 N.Y.S. 755, 758.) Eligibility to receive incentive compensation "is properly determined by the ... plans' specific terms and general contract principles." (Neisendorf, supra, 143 Cal.App.4th at p. 523, 49 Cal.Rptr.3d 216.) While "[t]he public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established" (Smith v. Superior Court (2006) 39 Cal.4th 77, 82, 45 Cal.Rptr.3d 394, 137 P.3d 218), "nothing in the public policy of this state concerning wages ... transforms [a] contingent expectation of receiving bonuses into an entitlement." (Neisendorf, supra, 143 Cal.App.4th at p. 522, 49 Cal.Rptr.3d 216.) Only when an employee satisfies the condition(s) precedent to receiving incentive compensation, which often includes remaining employed for a particular period of time, can that employee be said to have earned the incentive compensation (thereby necessitating payment upon resignation or termination). (Ibid.; Lucian v. All States Trucking Co., supra, 116 Cal.App.3d at p. 975, 171 Cal.Rptr. 262 ["An employee who voluntarily leaves his employment before the bonus calculation date is not entitled to receive it"].) | While the public policy in favor of full and prompt payment of an employee's earned wages is fundamental and well established, nothing in the public policy of California concerning wages transforms a contingent expectation of receiving bonuses into an entitlement. | Is there a public policy in favor of full and prompt payment of an employee's earned wages? | 003243.docx | LEGALEASE-00119185-LEGALEASE-00119187 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3290 | In re Johnson, 19 B.R. 371 | 289+421 | Kansas courts use a number of tests in determining the existence of a partnership. No one factor or test is conclusive. Factors include: the parties' intentions; sharing of profits, losses and expenses; joint control of management; joint ownership of assets; and active participation in management. Potts v. Lux, supra, at 698.] | Kansas courts use a number of tests in determining existence of a partnership, and no one factor or test is conclusive; relevant factors include parties' intentions, sharing of profits, losses and expenses, joint control of management, joint ownership of assets, and active participation in management. K.S.A. 56-301 et seq. | What tests are utilized to determine the existence of a partnership? | 002420.docx | LEGALEASE-00119515-LEGALEASE-00119517 | SA, Sub | 0.02 | 0 | 0 | 1 | 1 | |
| 3291 | DeOrnellas v. Aspen Square Mgmt., 295 F. Supp. 2d 753 | 25T+114 | The present motion requires the Court to apply the Federal Arbitration Act (FAA). That legislation was enacted in 1925, and then was reenacted and codified as Title 9 of the United States Code in 1947. EEOC v. Waffle House, Inc., 534 U.S. 279, 288, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). Congress' purpose in enacting the FAA "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Ibid. (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)).The Act states that every written provision in a contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. " 2. Employment contracts, except those covering workers engaged in transportation, are also governed by the Act. EEOC, 534 U.S. at 289, 122 S.Ct. 754 (citing Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001)). | Congress' purpose in enacting the Federal Arbitration Act (FAA) was to reverse longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts. 9 U.S.C.A. S 1 et seq. | What was the purpose behind the enactment of the Federal Arbitration Act (FAA)? | 002766.docx | LEGALEASE-00119701-LEGALEASE-00119703 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3292 | Sheldon v. PHH Corp., 135 F.3d 848 | 170B+2946 | The threshold question is which state's choice of law rules apply. In a diversity case, a district court ordinarily determines the applicable state law by reference to the choice of law rules of the forum state. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021"22, 85 L.Ed. 1477 (1941). However, when a case has been transferred pursuant to 28 U.S.C. " 1404(a), even on plaintiff's own motion, a court will apply the law of the transferor forum, including that forum's choice of law rules. See Ferens v. John Deere Co., 494 U.S. 516, 519, 110 S.Ct. 1274, 1277"78, 108 L.Ed.2d 443 (1990). | In diversity case, district court ordinarily determines applicable state law by reference to choice of law rules of forum state, but, when case has been transferred pursuant to interests of justice, even on plaintiff's own motion, court will apply law of transferor forum, including that forum's choice of law rules. 28 U.S.C.A. S 1404(a). | How do courts determine which state's choice of law rules apply? | Alternative Dispute Resolution - Memo 284 - RK.docx | ROSS-003284475-ROSS-003284477 | Order, SA, Sub | 0.45 | 1 | 0 | 1 | 1 | 1 |
| 3293 | Contech Const. Prod. v. Heierli, 764 F. Supp. 2d 96 | 25T+116 | The FAA governs contracts to arbitrate disputes involving interstate commerce. 9 U.S.C. "" 1"2. "[T]he intent of the contracting parties to apply state arbitration rules or law to arbitration proceedings [and opt out of the applicability of the FAA] must be explicitly stated in the contract and ... a general choice of law provision does not evidence such intent." Jung v. Ass'n of Am. Med. Colls., 300 F.Supp.2d 119, 152 (D.D.C.2004) (citing Sovak v. Chugai Pharm. Co., 280 F.3d 1266, 1270 (9th Cir.2002) ("[A] general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration.")); Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 288"89 (3d Cir.2001) ("[A] generic choice-of-law clause, standing alone, is insufficient to support a finding that contracting parties intended to opt out of the FAA's default standards."). The FAA "declare[s] a national policy favoring arbitration" and supersedes conflicting state laws. Preston v. Ferrer, 552 U.S. 346, 353, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). Here, the parties contracted to sell construction materials nationwide. Heierli's Opp'n, Ex. 1 (Partial Award) at 5. Thus, their contract implicates interstate commerce and their agreement to arbitrate their disputes is controlled by the FAA by "default" absent a clear indication to the contrary. See Jung, 300 F.Supp.2d at 152 (quoting Roadway Package Sys., 257 F.3d at 288"89). | The intent of the contracting parties to apply state arbitration rules or law to arbitration proceedings and opt out of the applicability of the Federal Arbitration Act (FAA) must be explicitly stated in the contract and a general choice of law provision does not evidence such intent. 9 U.S.C.A. S 1 et seq. | Does a generic choice of law provision explicitly state the intent of the parties to apply state arbitration rules? | 002813.docx | LEGALEASE-00119748-LEGALEASE-00119749 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 3294 | Safar v. Tingle, 178 F. Supp. 3d 338 | 249+20 | It is appropriate to analyze the first and third elements of a malicious prosecution claim together, as these two elements depend on the same or similar factual allegations. The Supreme Court of Virginia has defined malice"the first element"as "any controlling motive other than a good faith desire to further the ends of justice, enforce disobedience to the criminal laws, suppress crime, or see that the guilty are punished." Hudson v. Lanier, 255 Va. 330, 333, 497 S.E.2d 471 (1998) (citing Freezer v. Miller, 163 Va. 180, 176 S.E. 159 (1934)) (emphasis in original). Importantly, as the Supreme Court of Virginia has made clear, "[t]he existence of malice is generally a question to be resolved by the fact finder from all the circumstances of the case." Hudson, 255 Va. at 333, 497 S.E.2d 471 (citations omitted). In this regard, in certain circumstances, "[m]alice may be inferred from lack of probable cause," which is the third element of a malicious prosecution claim. Reilly, 273 Va. at 733, 643 S.E.2d 216. Probable cause is defined as "knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected," as "judged with reference to the time the defendant took the action initiating the criminal charges." Andrews v. Ring, 266 Va. 311, 322, 585 S.E.2d 780 (2003) (citation omitted). Importantly, when the facts relating to probable cause are in dispute, there is a question of fact for the jury. Lee v. Southland Corp., 219 Va. 23, 27, 244 S.E.2d 756 (1978). | In a malicious prosecution claim, "probable cause" is defined as knowledge of such facts and circumstances to raise the belief in a reasonable mind, acting on those facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected, as judged with reference to the time the defendant took the action initiating the criminal charges; importantly, when the facts relating to probable cause are in dispute, there is a question of fact for the jury. U.S. Const. Amend. 4. | How is probable cause defined in the context of malicious prosecution? | 002915.docx | LEGALEASE-00119799-LEGALEASE-00119800 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3295 | Boeken v. Philip Morris USA, 48 Cal. 4th 788 | 336H+324 | "In California the phrase "cause of action" is often used indiscriminately ... to mean counts which state [according to different legal theories] the same cause of action...." (Eichler Homes of San Mateo, Inc. v. Superior Court (1961) 55 Cal.2d 845, 847, 13 Cal.Rptr. 194, 361 P.2d 914.) But for purposes of applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. (See Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co. (1993) 5 Cal.4th 854, 860, 21 Cal.Rptr.2d 691, 855 P.2d 1263.) As we explained in Slater v. Blackwood, supra, 15 Cal.3d at page 795, 126 Cal.Rptr. 225, 543 P.2d 593: "[T]he "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. [Citation.] Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. "Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." [Citations.]" Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right. (Agarwal v. Johnson (1979) 25 Cal.3d 932, 954, 160 Cal.Rptr. 141, 603 P.2d 58.). | In California the phrase "cause of action" is often used indiscriminately to mean counts which state according to different legal theories the same cause of action, but for purposes of applying the doctrine of res judicata, the phrase "cause of action" has a more precise meaning: the cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory advanced. | "Is a ""cause of action"" a right to obtain redress for a harm suffered?" | Action - Memo 38 - ANG.docx | ROSS-003326462-ROSS-003326463 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3296 | Miami Bridge Co. v. Miami Beach Ry. Co., 152 Fla. 458 | 317A+101 | Except insofar as such matters may have been regulated by duly constituted public authority, a utility has the right to prescribe rules, regulations and rates for the conduct of its business, provided the same are reasonable, just, nondiscriminatory, and not contrary to law. It has long since been found necessary that some public control over the rates of public utilities should be established in order to fix charges and reasonable rates of compensation for the services rendered by such utilities. This power of regulation can be exercised either directly by the legislature or through the instrumentality of boards and commissions created by the legislature or created by organic law. The Florida Constitution of 1885 provides, Art. XVI, Section 30, that: "The Legislature is invested with full power to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons and corporations engaged as common carriers in transporting persons and property, or performing other services of a public nature; and shall provide for enforcing such laws by adequate penalties or forfeitures." | Except insofar as such matters may have been regulated by duly constituted public authority, a utility has the right to prescribe rules, regulations, and rates for the conduct of its business, provided such rules, regulations, and rates are reasonable, just, nondiscriminatory, and not contrary to law. | Do public utilities have the power to prescribe and adopt reasonable rules and regulations not contrary to law? | 002518.docx | LEGALEASE-00120115-LEGALEASE-00120116 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3297 | Valley View Health Care v. Chapman, 992 F. Supp. 2d 1016 | 25T+117 | "As federal substantive law, the FAA preempts contrary state law." Mortensen, 722 F.3d at 1158. Nonetheless, the FAA's preemption power has an exception, via the 9 U.S.C. " 2 savings clause, in that it does not require the enforcement of arbitration agreements on "such grounds as exist at law or in equity for the revocation of any contract." Mortensen, 722 F.3d at 1158. "This savings clause preserves generally applicable contract defenses, such as fraud, duress, or unconscionability, and ensures that they are not preempted." Mortensen, 722 F.3d at 1158. | As federal substantive law, the Federal Arbitration Act (FAA) preempts contrary state law; nonetheless, the FAA's preemption power has an exception, via the savings clause, in that it does not require the enforcement of arbitration agreements on such grounds as exist at law or in equity for the revocation of any contract. U.S.C.A. Const. Art. 6, cl. 2; 9 U.S.C.A. S 2. | Are there any exceptions to the preemption power of the Federal Arbitration Act? | Alternative Dispute Resolution - Memo 307 - RK.docx | ROSS-003296830 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 3298 | Appeal of Granite State Elec. Co., 120 N.H. 536 | 317A+120 | We hold, therefore, that the PUC may order a public utility, which has collected charges at rates which are not final and which are later found to be unlawful, to make due reparation either by repayment or by credit to persons who have paid according to those rates with interest from the date of payment. In keeping with equitable principles, however, we find this authority discretionary.The PUC noted in issuing its order that:"Since overcollection must be attributed to Commission error, as determined by the Supreme Court decision in 78-174, we feel that any interest placed upon the Company at this time would unfairly add to reimbursement costs and increase a burden not of their own making. We therefore removed interest considerations in this matter. | The Public Utilities Commission may order a public utility, which has collected charges at rates which are not final and which are later found to be unlawful, to make due reparation either by repayment or by credit to persons who have paid according to those rates with interest from the date of payment. | When may a Public Utility Commission order a public utility to refund rates? | 002702.docx | LEGALEASE-00120193-LEGALEASE-00120194 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3299 | St. Paul Fire & Marine Ins. Co. v. Murray Guard, 343 Ark. 351 | 366+21 | By the admission of all parties, this is a novel question for Arkansas, and we turn first to an analysis of the general principles of the doctrine of equitable subrogation and next to cases that are apposite. In Hunter v. Jennings, 216 Ark. 886, 227 S.W.2d 946 (1950), this court set out general principles related to subrogation:As a general rule any person who, pursuant to a legal obligation to do so, has paid even indirectly for a loss or injury resulting from the wrong or default of another, will be subrogated to the rights of the creditor or injured person against the wrongdoer or defaulter.....Subrogation, an equitable doctrine taken from the civil law, is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment, and in discharge of an existing liability.216 Ark. at 888"889, 227 S.W.2d at 947"948 (quoting Home Ins. Co. v. Lack, 196 Ark. 888, 120 S.W.2d 355 (1938); Gerseta Corp. v. Equitable Trust Co. of New York, 241 N.Y. 418, 150 N.E. 501 (1926)). Under subrogation, the payor who is the subrogee steps into the shoes of the payee and becomes subrogated to whatever rights the payee had against a wrongdoer. | Subrogation is broad enough to include every instance in which one party pays a debt for which another is primarily answerable and which in equity and good conscience should have been discharged by the latter; however, the payment must be made either under compulsion or for the protection of some interest of the party making the payment and in discharge of an existing liability. | What does equitable subrogation include? | Subrogation - Memo 53 - RM C.docx | ROSS-003298490-ROSS-003298492 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3300 | Bank of Am., N.A. v. Diamond Fin., 88 Mass. App. Ct. 564 | 366+1 | In East Boston Sav. Bank v. Ogan, 428 Mass. 327, 330, 701 N.E.2d 331 (1998), quoting from Mort v. United States, 86 F.3d 890, 894 (9th Cir.1996), the Supreme Judicial Court adopted five factors that must be determined before equitable subrogation can be applied. These five factors are: "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder." | Five factors must be determined before equitable subrogation can be applied: (1) the subrogee made the payment to protect his or her own interest; (2) the subrogee did not act as a volunteer; (3) the subrogee was not primarily liable for the debt paid; (4) the subrogee paid off the entire encumbrance; and (5) subrogation would not work any injustice to the rights of the junior lienholder. | What do courts look for in deciding whether equitable subrogation applies? | Subrogation - Memo 69 - VP C.docx | ROSS-003330086-ROSS-003330087 | SA, Sub | 0.35 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3301 | Smith v. Bd. of Ed. of Oswego Cmty. High Sch. Dist., 405 Ill. 143 | 302+8(15) | The remaining question to be determined is whether the allegations of the complaint are sufficient to charge the Board of Education with fraud in awarding the construction contract to Arnold Lies Company, Inc. While the words, "fraud," "fraudulently," and "conspiracy," are used repeatedly, a careful reading of the complaint compels the conclusion that these charges are based on two main allegations, first, that the Board of Education eliminated competitive bidding, and second, that the contract was awarded for a substantially larger sum than might have been bid by other contractors. In the absence of allegations of facts showing fraudulent acts or conduct in connection with the awarding of the contract, this was not sufficient to charge fraud. We have already pointed out that the legislature delegated the authority to build schoolhouses, under proper circumstances, to boards of education without requiring that contracts for their construction be awarded as a result of competitive bidding. Where the language used in a statute is plain and certain it must be given effect by the courts and we cannot legislate but must interpret the law as announced by the legislature. Roth v. Kaptowsky, 401 Ill. 424, 82 N.E.2d 661. Neither does the mere fact that the contract was not awarded to the lowest bidder sustain an allegation that the contract was fraudulently entered into by the parties. Hallett v. City of Elgin, 254 Ill. 343, 98 N.E. 530. The presumption obtains that the actions of public officials, in the performance of their official acts, are made in good faith and with honest motives. Chicago Park Dist. v. R. E. Herczel & Co., 373 Ill. 325, 26 N.E.2d 119. It is not enough to merely use the terms "fraud" or "fraudulently" in a complaint, because the unexplained use of such terms alleges nothing. Such allegations must include the facts upon which they are based, and a general charge that a party acted fraudulently or was guilty of fraud is not good pleading for | The unexplained use of the terms fraud or fraudulently in a complaint alleges nothing, and such allegations must include facts on which they are based, and a general charge that a party acted fraudulently or was guilty of fraud is not good pleading for the reason that only a conclusion of the pleader is stated. | Is a general charge that a party acted fraudulently a conclusion? | 022903.docx | LEGALEASE-00120968-LEGALEASE-00120970 | Order, SA, Sub | 0.87 | 1 | 0 | 1 | 1 | 1 |
| 3302 | Warren Tr. v. United States, 107 Fed. Cl. 533 | 148+2.1 | A noncategorical taking "fall[s] short of eliminating all economically beneficial use of property." Consumers Energy Co. v. United States, 84 Fed.Cl. 152, 156 (2008) (citing Palazzolo v. Rhode Island, 533 U.S. 606, 617, 121 S.Ct. 2448, 150 L.Ed.2d 592 (2001)). A noncategorical taking is the "consequence of a regulatory imposition that prohibits or restricts only some of the uses that would otherwise be available to the property owner, but leaves the owner with substantial viable economic use...." Palm Beach, 231 F.3d at 1357. "Where a regulation places limitations on land that fall short of eliminating all economically beneficial use, a taking nonetheless may have occurred, depending on a complex of factors...." Palazzolo, 533 U.S. at 617, 121 S.Ct. 2448 (citing Penn Cent., 438 U.S. at 124, 98 S.Ct. 2646). The Supreme Court in Penn Central extrapolated from prior decisions "factors that have particular significance," namely: (1) the economic impact of the regulation on the plaintiff; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action. 438 U.S. at 124, 98 S.Ct. 2646; see also Lingle, 544 U.S. at 540, 125 S.Ct. 2074 (stating that the Penn Central inquiry "turns in large part, albeit not exclusively, upon the magnitude of a regulation's economic impact and the degree to which it interferes with legitimate property interests"). Such a test for regulatory takings requires a comparison of "the value that has been taken from the property with the value that remains in the property...." Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 497, 107 S.Ct. 1232, 94 L.Ed.2d 472 (1987). While the Supreme Court's regulatory takings jurisprudence "cannot be characterized as unified," courts "aim[ ] to identify regulatory actions that are functionally equivalent to the classic taking in which government directly appropriates private property or ousts the owner from his domain." | A "noncategorical taking" of property effected through regulation falls short of eliminating all economically beneficial use of property, and is the consequence of a regulatory imposition that prohibits or restricts only some of the uses that would otherwise be available to the property owner, but leaves the owner with substantial viable economic use. U.S. Const. Amend. 5. | Does a non-categorical takings fall short of eliminating all economically beneficial use of property? | 017389.docx | LEGALEASE-00121110-LEGALEASE-00121112 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3303 | Cruickshank v. Clean Seas Co., 346 B.R. 571 | 366+26 | Moreover, the plaintiffs have not established a legal basis for their contention that they should be subrogated to the rights of West Marine's customers whose warranty claims they have paid. "Subrogation is an old term, rooted in equity," which today is used to mean "stand in the shoes of." Nat'l Shawmut Bank of Boston v. New Amsterdam Cas. Co., Inc., 411 F.2d 843, 844 (1st Cir.1969). "The equitable principle is that when one, pursuant to obligation"not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons." Id. See also City of Cambridge v. Hanscom, 186 Mass. 54, 56"57, 70 N.E. 1030, 1031 (1904) (commonwealth's payment of city's obligation entitled commonwealth to become subrogated to the right of the city against the defendants). "Rights of subrogation, although growing out of a contractual setting and ofttimes articulated by the contract, do not depend for their existence on a grant in the contract, but are created by law to avoid injustice." Canter v. Schlager, 358 Mass. 789, 792, 267 N.E.2d 492, 494 (1971). It "covers only those situations where one party pays a debt for which another party is primarily liable." A.N. Deringer, Inc. v. Consol. Computer Servs. Int'l, Inc., 381 F.Supp. 1208, 1211 (D.Mass.1974). | Equitable principle behind "subrogation," an old term rooted in equity which today is used to mean to stand in the shoes of, is that when one, pursuant to obligation, and so not a volunteer, fulfills the duties of another, he is entitled to assert the rights of that other against third persons. | "Is the equitable principle behind ""subrogation that when one, pursuant to obligation, and so not a volunteer, fulfils the duties of another, he is entitled to assert the rights of that other against third persons?" | 043732.docx | LEGALEASE-00121562-LEGALEASE-00121563 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3304 | Welch v. Complete Care Corp., 818 So. 2d 645 | 366+1 | In Dade County School Board v. Radio Station WQBA, 731 So.2d 638, 646 (Fla.1999), the court held that equitable subrogation is generally appropriate when the following five factors exist: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. Thus, in the prototypical tort case, equitable subrogation arises when one of several defendants pays the plaintiff's entire claim that, in equity, should have been paid by one of the other defendants. See id. WQBA further limited the doctrine in tort cases to situations where the party seeking subrogation has obtained a release for the other party responsible for the debt. Cf. id. at 647 ("In the present case, equitable subrogation would only be proper if it can be established that Three Kings [the party seeking subrogation] paid the entire debt owed to a particular plaintiff and that in doing so, Three Kings obtained a release for DCSB [the party against which subrogation was sought] from the plaintiff"). | Equitable subrogation is generally appropriate when the following five factors exist: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | Where is equitable subrogation appropriate? | Subrogation - Memo # 578 - ES.docx | ROSS-003310546-ROSS-003310548 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3305 | Ripley v. Piehl, 700 N.W.2d 540 | 366+38 | "Although [equitable] subrogation is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case." Universal Title Ins. Co. v. U.S., 942 F.2d 1311, 1315 (8th Cir.1991). In general, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. Subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. It is axiomatic that as an equitable doctrine, subrogation "aids the vigilant, and not the negligent." Sinell v. Town of Sharon, 206 Minn. 437, 439, 289 N.W. 44, 46 (1939) (quotation omitted). | Equitable subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. | "Can equitable subrogation be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties?" | 043940.docx | LEGALEASE-00121282-LEGALEASE-00121283 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3306 | Cunningham v. Fleetwood Homes of Georgia, 253 F.3d 611 | 25T+151 | Agreements to arbitrate are essentially forum-selection clauses, Scherk v. Alberto-Culver Co., 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974), and by "agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Mitsubishi, 473 U.S. at 628, 105 S.Ct. at 3354. However, Congress may limit or prohibit waiver of a judicial forum for specific statutory claims. McMahon, 482 U.S. at 227, 107 S.Ct. at 2337. To deduce such an intent, reviewing courts must scrutinize a statute's text and legislative history, and ascertain whether an inherent conflict exists between enforcement of the arbitration agreement and the statute's underlying purposes. Id., 482 U.S. at 227, 107 S.Ct. at 2337-38. | Agreements to arbitrate are essentially forum-selection clauses, and by agreeing to arbitrate statutory claim, party does not forgo substantive rights afforded by statute; it only submits to their resolution in arbitral, rather than judicial, forum. | Does a party forgo their substantive rights afforded by statute when agreeing to arbitrate a statutory claim? | 007058.docx | LEGALEASE-00122402-LEGALEASE-00122403 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3307 | Baucom v. Friend, 52 A.2d 123 | 8.30E+186 | We believe that the note was free from ambiguity, and hence that the trial court ruled correctly on this phase of the case. "Marginal notations' or memoranda placed on a bill or note at the time of the execution thereof with the intention of making them a part of the contract, constitute a part thereof and must be considered along with the provisions in the body of the instrument in arriving at the true intent of the parties. Bowie v. Hume, 13 App.D.C. 286, 310, 311. When in a note references to the time of payment are made both in the body of the note and by "marginal notation," it is well settled that the two will be construed together, unless the terms are so contradictory as to be irreconcilable. Thus, in cases like the present where the note contains a provision that it is payable on demand and also a provision that it is due on a specified date, the rule is that the note becomes due on the definite date indicated. Under that rule of construction, therefore, the note here in suit was due March 1, 1946, and there was no need for evidence to explain any ambiguity. | Marginal notations or memoranda, placed on bill or note at time of execution with intention of making them part of the contract, constitute part thereof and must be considered along with body of the instrument in arriving at parties' true intent. | Do memoranda or marginal notations on a bill or note become a substantive part of the instrument? | 009499.docx | LEGALEASE-00122253-LEGALEASE-00122254 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3308 | Weidner v. Sanchez, 14 S.W.3d 353 | 307A+3 | In their second point of error, appellants contend the trial court erred by overruling its motion for mistrial because Sanchez deliberately violated the trial court's ruling on a pretrial motion in limine. A motion in limine is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. Fort Worth Hotel Ltd. Partnership v. Enserch Corp., 977 S.W.2d 746, 757 (Tex.App."Fort Worth 1998, no pet). The purpose of a motion in limine is to prevent the other party from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first asking the court's permission. The cumulative effect of repeated violations of a trial court's order in limine may be grounds for reversal. See National Union Fire Ins. Co. of Pittsburgh v. Kwiatkowski, 915 S.W.2d 662, 664 (Tex.App."Houston [14th Dist.] 1996, no writ). Where a trial court's order on a motion in limine is violated, an appellate court reviews the violations to see if they are curable by an instruction to the jury to disregard them. See Dove v. Director, State Employees Workers' Compensation Div., 857 S.W.2d 577 (Tex.App."Houston [1st Dist.] 1993, writ denied). Violations of an order on a motion in limine are incurable if the instructions to the jury would not eliminate the danger of prejudice. Id. | A "motion in limine" is a procedural device that permits a party to identify, before trial, certain evidentiary rulings that the court may be asked to make. | "Is a motion in limine a procedural device that allows parties to identify, prior to trial, certain evidentiary rulings the court may be asked to make?" | 024236.docx | LEGALEASE-00121870-LEGALEASE-00121871 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3309 | Garrity v. Rural Mut. Ins. Co., 77 Wis. 2d 537 | 366+11 | Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. Employers Ins. of Wausau v. Sheedy, 42 Wis.2d 161, 170, 166 N.W.2d 220 (1969); Interstate Fire & Casualty Co. v. Milwaukee, 45 Wis.2d 331, 334, 173 N.W.2d 187 (1970). Subrogation has also been described as putting one to whom a particular right does not legally belong in the position of the legal owner of the right. Insofar as a new right is created in favor of the subrogee, "the original right measures the extent of the new right." 4 Williston on Contracts sec. 1265, p. 844 (Third ed. 1967). The purpose of the doctrine is to avoid unjust enrichment. New Amsterdam Cas. Co. v. Acorn Products Co., 42 Wis.2d 127, 132, 166 N.W.2d 198 (1969); Northwestern N.C. Co. v. State A. & C. Underwriters, 35 Wis.2d 237, 242, 151 N.W.2d 104 (1967). | Subrogation rests upon the equitable principle that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he has paid and be subject to the defenses of the wrongdoer. | "Should equity generally grant that one, other than a volunteer, who pays for the wrong of another should be permitted to look to the wrongdoer to the extent he or she has paid, and be subject to the defenses of the wrongdoer?" | Subrogation - Memo # 735 - C - SU.docx | ROSS-003284058-ROSS-003284059 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 3310 | Queensway Fin. Holdings Ltd. v. Cotton & Allen, P.S.C., 237 S.W.3d 141 | 241+43 | The distinction between the two rules is important because, when properly applied, the accrual rule means that the limitations period does not even begin to run until the cause of action accrues. Until that time, no cause of action yet exists, meaning a lawsuit would be premature and should be dismissed. Where a plaintiff claims that its suit was filed within the limitations period under both the accrual and discovery rules, as in this case, analyzing a claim only under the discovery rule does not make sense because, by its very nature, the discovery limitations period cannot begin to run until the accrual period begins. Addressing the discovery rule first, and then addressing the accrual rule in terms of discovery, further turns the required analysis on its head. Instead, the plaintiff's statute of limitations claim must be evaluated separately under both the accrual and discovery rules. Moreover, it makes sense to begin with the accrual limitation period. | The accrual rule means that the limitations period does not even begin to run until the cause of action accrues; until that time, no cause of action yet exists, meaning a lawsuit would be premature and should be dismissed. | Does the accrual rule mean that the limitations period does not even begin to run until the cause of action accrues? | Action - Memo # 91 - C - NO.docx | ROSS-003310219-ROSS-003310220 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 3311 | Cobb v. City of Stockton, 192 Cal. App. 4th 65 | 241+43 | " "Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained. [Citations.] "Ordinarily this is when the wrongful act is done and the obligation or the liability arises, but it does not "accrue until the party owning it is entitled to begin and prosecute an action thereon." " [Citation.] In other words, "[a] cause of action accrues "upon the occurrence of the last element essential to the cause of action." " [Citations.]' [Citation.]" (Howard Jarvis Taxpayers Assn. v. City of La Habra (2001) 25 Cal.4th 809, 815, 107 Cal.Rptr.2d 369, 23 P.3d 601.) | Generally, a cause of action accrues and the statute of limitation begins to run when a suit may be maintained; ordinarily this is when the wrongful act is done and the obligation or the liability arises, but it does not accrue until the party owning it is entitled to begin and prosecute an action thereon. | Does a claim accrue when a wrongful act is done and the obligation or the liability arise? | Action - Memo # 98 - C - NO.docx | ROSS-003297611-ROSS-003297612 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 3312 | Adamson v. Innovative Real Estate, 284 S.W.3d 721 | 13+61 | Finally, Appellants claim that the compulsory counterclaim rule should not apply because their claim had not matured at the time of the previous cases. In order for the compulsory counterclaim rule to be applicable, the claim asserted must have matured at the time the pleadings were served in the previous case. Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 813 (Mo.App.1982) (citing Magna Pictures Corp. v. Paramount Pictures Corp., 265 F.Supp. 144). A claim matures or accrues when the damage sustained is capable of ascertainment, "there exists the right of the injured party to bring and maintain a claim in a court of law," and it is within claimant's power to prosecute a suit to successful judgment. Knight, 647 S.W.2d at 813 (quoting Excel Drug Co. v. Missouri Dept. of Revenue, 609 S.W.2d 404, 409 (Mo. banc 1980)). Appellants' pleadings in this case admit ownership of the property since 1998. Nevertheless, Appellants argue that they could not have been aware that there was an issue with the boundary lines during Case 1 and Case 2 because Hasty had not yet completed his survey. However, as the property was under Appellants' control since 1998, they had the ability to realize their damages since that time. It was also within Appellants' power to determine that there was a problem and prosecute the suit to a successful judgment since 1998. The ability to ascertain the damages and not the actual ascertainment thereof is the relevant point from which a court should determine that a claim had matured. Here, the damages were capable of being ascertained as early as 1998, therefore the claim had fully matured at the time of both Cases 1 and 2. The trial court properly denied Appellants' claim as a compulsory counterclaim and granted summary judgment in favor of Innovative. Appellants' first point is denied. | A claim matures or accrues when the damage sustained is capable of ascertainment, there exists the right of the injured party to bring and maintain a claim in a court of law, and it is within claimant's power to prosecute a suit to successful judgment. | Does a cause of action or claim mature or accrue when the damage sustained is capable of ascertainment? | 05188.docx | LEGALEASE-00084921-LEGALEASE-00084922 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |
| 3313 | Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+342 | Furthermore, and in the alternative to the reasoning in the preceding paragraph, the validity of the Indonesian soldiers' conduct as a matter of Indonesian law is not at issue in this case, thus providing an independent basis for the inapplicability of the act of state doctrine. Plaintiffs' claims only seek to "obtain damages from private parties who procured" the soldiers' conduct. W.S. Kirkpatrick & Co., 493 U.S. at 407, 110 S.Ct. 701. It is not sufficient under the act of state doctrine that a court's factual findings would "impugn" the foreign state's actions; the claims must call for the invalidation of those actions. See id. at 408, 110 S.Ct. 701 (holding the act of state doctrine not to apply in a suit that may have involved a judicial determination that foreign officials had engaged in bribery). | Under the act of state doctrine, it is not sufficient that a court's factual findings would impugn the foreign state's actions; the claims must call for the invalidation of those actions. | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" | International Law - Memo # 104 - C - LK.docx | ROSS-003324476-ROSS-003324477 | Order, SA | 0.77 | 1 | 0 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3314 | BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 195 F. Supp. 3d 776 | 221+330 | A country's "prerogative to control and regulate activities within its boundaries," which "is an essential, definitional element of sovereignty," gives rise to jurisdiction. Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 921 (D.C.Cir.1984). The same "principles underlying territorial jurisdiction occasionally permit a state to address conduct causing harmful effects across national borders." Id. Thus, [t]erritoriality-based jurisdiction allows states to regulate the conduct or status of individuals or property physically situated within the territory, even if the effects of the conduct are felt outside the territory. Conversely, conduct outside the territorial boundary which has or is intended to have a substantial effect within the territory may also be regulated by the state. | The same principles underlying territorial jurisdiction occasionally permit a state to address conduct causing harmful effects across national borders. | Do the same principles underlying territorial jurisdiction permit a state to address conduct causing harmful effects across national borders? | 019701.docx | LEGALEASE-00123723-LEGALEASE-00123724 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 3315 | United States v. Sum of $70,990,605, 234 F. Supp. 3d 212 | 221+342 | Under the act of state doctrine, federal and state courts in the United States must "presume the validity of an "official act of a foreign sovereign performed within its own territory." " Republic of Austria v. Altmann, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (quoting W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp. 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)).The doctrine applies when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." Kirkpatrick, 493 U.S. at 405, 110 S.Ct. 701. Neither a statute nor the "text of the Constitution [requires] the act of state doctrine." Banco National de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Rather, "its continuing vitality depends on its capacity to reflect the proper distribution of the functions between the judicial and political branches of the Government on matters bearing upon foreign affairs." Id. at 427"28, 84 S.Ct. 923. "As such, it operates as a rule of judicial restraint in decisionmaking, not [as] a jurisdictional limitation like the political question doctrine," Hourani v. Mirtchev, 796 F.3d 1, 12 (D.C. Cir. 2015), or as "some vague doctrine of abstention," Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701. | The act of state doctrine, under which federal and state courts in the United States must presume the validity of an official act of a foreign sovereign performed within its own territory, applies only when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign. | "Under the act of state doctrine, must federal and state courts in the United States presume the validity of an official act of a foreign sovereign performed within its own territory?" | 019709.docx | LEGALEASE-00123764-LEGALEASE-00123765 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3316 | Voda v. Cordis Corp., 476 F.3d 887 | 221+342 | Lastly, the act of state doctrine may make the exercise of supplemental jurisdiction over foreign patent infringement claims fundamentally unfair. As "a "principle of decision binding on federal and state courts alike," " the act of state doctrine "requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid." W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 406, 409, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (citation omitted). In this case, none of the parties or amicus curiae have persuaded us that the grant of a patent by a sovereign is not an act of state. But see Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d 1287, 1293"94 (3d Cir.1979) (stating that Third Circuit was "unable to accept the proposition that the mere issuance of patents by a foreign power constitutes [ ] an act of state" under abstention analysis). | As a principle of decision binding on federal and state courts alike, the act of state doctrine requires that, in the process of deciding, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | Is there a principle of decision that is binding on federal and state courts alike related to the act of state doctrine? | International Law - Memo # 95 - C - LK.docx | ROSS-003284212-ROSS-003284213 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3317 | Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | For that reason, the Embassy's statements on domestic matters, foreign relations, terrorism, national security, and similar subjects of traditional sovereign and diplomatic communication"the very communications the amended complaint puts into issue here"must be treated as the voice of the Kazakhstan government itself articulating its views as officially formulated and dictated from within its own territory. Whatever Mirtchev's role in their provenance, once the statements appeared on the official Embassy website with the active approval and support of the Ambassador, they became the official speech of the Kazakh government sitting in Astana, Kazakhstan. And that decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of "distinctly sovereign" act and "formal governmental action" concerning internal affairs that triggers the Act of State doctrine's and international comity's traditional concerns. McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073"1074 (D.C.Cir.2012); see also Riggs Nat'l Corp. v. Commissioner of Internal Revenue Service, 163 F.3d 1363, 1366"1368 (D.C.Cir.1999) (applying Act of State doctrine to an order by a foreign finance minister). | A decision by a foreign government to engage in official speech about its own nationals' domestic activities is the kind of distinctly sovereign act and formal governmental action concerning internal affairs that triggers the act of state doctrine's and international comity's traditional concerns. | "Under the act of state doctrine, is it not sufficient that a court's factual findings would impugn the foreign state's actions or should the claims call for the invalidation of those actions?" | International Law - Memo # 144 - C - SA.docx | LEGALEASE-00013072-LEGALEASE-00013073 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3318 | Von Saher v. Norton Simon Museum of Art at Pasadena, 754 F.3d 712 | 221+342 | "Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897). "[T]he act within its own boundaries of one sovereign state cannot become the subject of re-examination and modification in the courts of another. Such action when shown to have been taken, becomes, ... a rule of decision for the courts of this country." Ricaud v. Am. Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 62 L.Ed. 733 (1918). | The act within its own boundaries of one sovereign state cannot become the subject of re-examination and modification in the courts of another; such action when shown to have been taken, becomes, a rule of decision for the courts of the United States. | Can an act within the boundaries of one sovereign state become the subject of re-examination and modification in the courts of another state? | International Law - Memo # 174 - C - PHS.docx | ROSS-003311339-ROSS-003311340 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3319 | Von Saher v. Norton Simon Museum of Art at Pasadena, 754 F.3d 712 | 221+342 | "In every case in which ... the act of state doctrine appli[es], the relief sought ... would have required a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). This doctrine is not "inflexible and all-encompassing," Banco Nacional de Cuba, 376 U.S. at 428, 84 S.Ct. 923, nor is it "some vague doctrine of abstention but a principle of decision binding on federal and state courts alike," W.S. Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701 (internal quotation marks and citation omitted). The justification for invoking the act of state doctrine "depends greatly on the importance of the issue's implications for our foreign policy." Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1047 (9th Cir.1983). | The act of state doctrine is not inflexible and all-encompassing, nor is it some vague doctrine of abstention, but it is a principle of decision binding on federal and state courts alike; the justification for invoking the act of state doctrine depends greatly on the importance of the issue's implications for foreign policy. | Is the act of state doctrine binding on federal and state courts alike? | 019984.docx | LEGALEASE-00123187-LEGALEASE-00123188 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3320 | United States v. Pena, 684 F.3d 1137 | 221+136 | A foreign commercial ship at a U.S. port is subject to the jurisdiction of the United States. Mali v. Keeper of the Common Jail, 120 U.S. 1, 11, 7 S.Ct. 385, 387, 30 L.Ed. 565 (1887); see Cunard S.S. Co. v. Mellon, 262 U.S. 100, 122, 43 S.Ct. 504, 507, 67 L.Ed. 894 (1923) (noting that it is "settled in the United States and recognized elsewhere that the territory subject to its jurisdiction includes the ports"). "The jurisdiction of the nation within its own territory is necessarily exclusive and absolute." Cunard, 262 U.S. at 124, 43 S.Ct. at 507 (quotation omitted). "All exceptions, therefore, to the full and complete power of a nation within its own territories, must be traced up to the consent of the nation itself." Id., 43 S.Ct. at 508 (quotation omitted). The United States "may out of considerations of public policy choose to forego the exertion of its jurisdiction or to exert the same in only a limited way, but this is a matter resting solely within its discretion." Id., 43 S.Ct. at 507. Thus, the United States "has exclusive jurisdiction to punish offenses against its law committed within its borders, unless it expressly or impliedly consents to surrender its jurisdiction." Wilson v. Girard, 354 U.S. 524, 529, 77 S.Ct. 1409, 1412, 1 L.Ed.2d 1544 (1957) (per curiam). | The jurisdiction of the nation within its own territory is necessarily exclusive and absolute; all exceptions, therefore, to the full and complete power of a nation within its own territories, must be traced up to the consent of the nation itself. | Is jurisdiction of a nation within its own territory necessarily exclusive and absolute and must all exceptions to the full and complete power of a nation within its own territories need to be traced up to the consent of the nation itself? | International Law - Memo # 2 - C - LK.docx | ROSS-003324581-ROSS-003324583 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3321 | Doe v. Roman Catholic Diocese of Galveston-Houston, 408 F. Supp. 2d 272 | 221+151 | Judicial willingness to withdraw from any review over this unilateral executive determination has long and deep constitutional roots. See Rich, 295 F.2d at 26. As the Supreme Court discussed in Baker v. Carr, 369 U.S. 186, 211, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), the justiciability doctrine limits"and in some cases, prohibits"federal courts from hearing suits that could impact authority explicitly given to a coordinate branch of government by the Constitution. Id. at 210"11, 82 S.Ct. 691. The field of foreign affairs contains numerous examples of areas of control wholly within the executive branch. See, e.g., Goldwater v. Carter, 444 U.S. 996, 100 S.Ct. 533, 62 L.Ed.2d 428 (1979) (holding a senator's challenge to the president's decision to withdraw from a treaty nonjusticiable); United States v. Curtiss"Wright Corp., 299 U.S. 304, 315, 57 S.Ct. 216, 81 L.Ed. 255 (1936) (finding a challenge to the executive's interpretation of a treaty obligation nonjusticiable on the ground that the resolution at issue affected "a situation entirely external to the United States, and .. within the category of foreign affairs"). Although not every case impacting foreign affairs is nonjusticiable, cases involving foreign heads of state are routinely found nonjusticiable or justiciable but subject to absolute immunity for the foreign heads of state. Compare Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 587, 72 S.Ct. 863, 96 L.Ed. 1153 (1952) (finding a challenge to the president's reliance on his Article II powers to seize steel mills both justiciable and unconstitutional); Dames & Moore v. Regan, 453 U.S. 654, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981) (addressing and upholding the constitutionality of the president's use of executive agreements instead of treaties to implement a foreign policy agreement) with, e.g., Ex Parte Peru, 318 U.S. at 588, 63 S.Ct. 793. Although courts often determine questions of foreign-sovereign immunity when the executive branch does not explicitly recognize a claim of immunity and | Although not every case impacting foreign affairs is nonjusticiable, cases involving foreign heads of state are routinely found nonjusticiable or justiciable but subject to absolute immunity for the foreign heads of state. | "Although not every case impacting foreign affairs is nonjusticiable, are cases involving foreign heads of state routinely found nonjusticiable or justiciable?" | International Law - Memo # 259 - C - ANC.docx | ROSS-003284301-ROSS-003284303 | Condensed, SA | 0.93 | 0 | 1 | 0 | 1 | |
| 3322 | Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California, 130 F.3d 1342 | 221+342 | Under this current view, an action will be barred only if: (1) there is an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [in the action would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Id. at 405, 110 S.Ct. at 704. | Under current view of act of state doctrine, action will be barred only if (1) there is official act of foreign sovereign performed within its own territory, and (2) relief sought or defense interposed in action would require court in United States to declare invalid foreign sovereign's official act. | "Under current view of the act of state doctrine, when will an action be barred?" | 020394.docx | LEGALEASE-00123762-LEGALEASE-00123763 | SA, Sub | 0.14 | 0 | 0 | 1 | 1 | |
| 3323 | United States v. Louisiana, 394 U.S. 11 | 221+137 | Under generally accepted principles of international law, the navigable sea is divided into three zones, distinguished by the nature of the control which the contiguous nation can exercise over them. Nearest to the nation's shores are its inland, or internal waters. These are subject to the complete sovereignty of the nation, as much as if they were a part of its land territory, and the coastal nation has the privilege even to exclude foreign vessels altogether. Beyond the inland waters, and measured from their seaward edge, is a belt known as the marginal, or territorial sea. Within it the coastal nation may exercise extensive control but cannot deny the right of innocent passage to foreign nations. Outside the territorial sea are the high seas, which are international waters not subject to the dominion of any single nation. | Inland waters are subject to complete sovereignty of nation, as much as if they were part of its land territory, and coastal nation has privilege even to exclude foreign vessels altogether. | Are inland waters subject to complete sovereignty of a nation and do coastal nations have privilege to exclude foreign vessels altogether? | 020682.docx | LEGALEASE-00123334-LEGALEASE-00123335 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3324 | Transamerica Leasing v. La Republica de Venezuela, 200 F.3d 843 | 221+342 | In light of our dismissal of the first three counts of the complaint, and of the district court's failure to discuss the final count, we leave to the district court in the first instance the question whether Venezuela and the FIV are, by reason of the FSIA, immune from suit upon the final count. We do not reach Venezuela's act of state defense because it is not properly subject to interlocutory appeal. See Walter Fuller Aircraft Sales, Inc. v. Republic of the Philippines, 965 F.2d 1375, 1387 (5th Cir.1992). The act of state doctrine is a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts; it is not strictly an immunity from suit. See id. | The "act of state doctrine" is a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts; it is not strictly an immunity from suit. | Is the act of state doctrine a substantive rule of law that precludes the district court from inquiring into the legality of a sovereign's public acts? | International Law - Memo 535 - TH.docx | ROSS-003283785-ROSS-003283786 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3325 | One Bluff Drive v. K.A.P., 330 Ga. App. 45 | 307A+3 | Finally, the appellants contend the trial court erred by denying their motion in limine to exclude testimony or evidence of KAP's "total costs" of performing the contract. We review the trial court's decisions on the admissibility of evidence, including a denial of a motion in limine, for an abuse of discretion. Forsyth County v. Martin, 279 Ga. 215, 221(3), 610 S.E.2d 512 (2005); Toler v. Ga. Dept. of Transp., 328 Ga.App. 144, 145, 761 S.E.2d 550 (2014). And motions in limine should only be granted with great care and when there is no circumstance under which the evidence at issue could be admissible at trial: By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | By its very nature, grant of motion in limine excluding evidence suggests that there is no circumstance under which evidence under scrutiny is likely to be admissible at trial, and in light of that absolute, grant of motion in limine excluding evidence is judicial power which must be exercised with great care. | Should motions in limine only be granted with great care and when there is no circumstance under which the evidence at issue could be admissible at trial? | Pretrial Procedure - Memo # 219 - C - CRB.docx | ROSS-003285046-ROSS-003285047 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 3326 | Krengiel v. Lissner Corp., 250 Ill. App. 3d 288 | 30+204(1) | A motion in limine is an interlocutory order and remains subject to reconsideration by the court throughout the trial. (Reid, 224 Ill.App.3d at 822, 167 Ill.Dec. 541, 587 N.E.2d 1156; Romanek"Golub & Co. v. Anvan Hotel Corp. (1988), 168 Ill.App.3d 1031, 1040, 119 Ill.Dec. 482, 522 N.E.2d 1341.) Consequently, a party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve the issue for review, and the failure to raise such an objection constitutes a waiver of the issue on appeal. People v. Pantoja (1992), 231 Ill.App.3d 351, 354, 172 Ill.Dec. 926, 596 N.E.2d 205; Reid, 224 Ill.App.3d at 822, 167 Ill.Dec. 541, 587 N.E.2d 1156; Romanek"Golub & Co., 168 Ill.App.3d at 1040, 119 Ill.Dec. 482, 522 N.E.2d 1341. | Party whose motion in limine has been denied must object when the challenged evidence is presented at trial in order to preserve issue for review, and failure to raise such objection constitutes waiver of issue on appeal. | Does the failure to raise an objection to a motion in limine constitute a waiver of the issue on appeal? | 05697.docx | LEGALEASE-00085009-LEGALEASE-00085010 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3327 | City of Defiance v. Kretz, 60 Ohio St. 3d 1 | 110+632(4) | A motion in limine is tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial. In deciding such motions, the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted. State v. Grubb (1986), 28 Ohio St.3d 199, 201-202, 28 OBR 285, 288, 503 N.E.2d 142, 145. | Motion in limine is tentative and precautionary in nature and trial court is at liberty to change its ruling on disputed evidence in its actual context at trial; finality does not attach when motion is granted. | "Does a ruling on a motion in limine reflect the trial court's anticipated treatment of an evidentiary issue at trial, and is it a tentative, interlocutory, and precautionary ruling that may change in the actual context of the trial on the disputed evidence?" | Pretrial Procedure - Memo # 319 - C - ANC.docx | ROSS-003298037-ROSS-003298038 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |
| 3328 | Choate v. Natvig, 952 S.W.2d 730 | 307A+3 | Initially, we note that "[g]ranting a motion in limine does not automatically result in permanent exclusion of the disputed evidence." Woodiel v. Barclay Enterprises, Inc., 858 S.W.2d 247, 250 (Mo.App.1993)(citing State v. Evans, 639 S.W.2d 820, 822 (Mo.1982)). "Such a ruling is interlocutory only, and additional information produced at trial may prompt the trial court to alter its pretrial ruling and admit the evidence." Woodiel, 858 S.W.2d at 250. | Granting motion in limine is interlocutory ruling only, and additional information produced at trial may prompt trial court to alter its pretrial ruling and admit evidence. | "Is granting a motion in limine only interlocutory, and may additional information produced at trial prompt a trial court to alter its pretrial ruling and admit the evidence?" | Pretrial Procedure - Memo # 327 - C - ANC.docx | ROSS-003302944-ROSS-003302945 | Order, SA, Sub | 0.62 | 1 | 0 | 1 | 1 | 1 |
| 3329 | Montz v. Hill-Mont Land Co., 329 N.W.2d 657 | 307A+2 | An application for separate adjudication of law points is properly considered only when the questions of law arise from uncontroverted pleadings. The application is inappropriate when material facts are disputed. M & W Farm Service Co. v. Callison, 285 N.W.2d 271, 274 (Iowa 1979). If the pleadings reveal fact issues with respect to the law points, disposition under rule 105 is inappropriate unless the parties stipulate the facts. Andersen Construction Co. of Council Bluffs v. National Bank of Des Moines, 262 N.W.2d 563, 564-65 (Iowa 1978). The relevant pleadings in the present case consist of a petition and answer; the parties did not enter into a stipulation of facts. From the face of these pleadings we can glean allegations but few uncontroverted facts. | If the pleadings reveal fact issues with respect to law points, disposition under rule governing adjudication of law points is inappropriate unless the parties stipulate the facts. Rules Civ.Proc., Rule 105. | "If the pleadings reveal fact issues with respect to the law points, is a disposition under the rule governing adjudication of law points inappropriate unless the parties stipulate to the facts?" | Pretrial Procedure - Memo # 494 - C - LK.docx | ROSS-003289814-ROSS-003289816 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3330 | Katiuzhinsky v. Perry, 152 Cal. App. 4th 1288 | 307A+3 | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine (Greer v. Buzgheia (2006) 141 Cal.App.4th 1150, 1156, 46 Cal.Rptr.3d 780 (Greer )), a court's discretion is limited by the legal principles applicable to the case. (Adams v. Aerojet"General Corp. (2001) 86 Cal.App.4th 1324, 1330, 104 Cal.Rptr.2d 116.) " "The scope of discretion always resides in the particular law being applied, i.e., in the "legal principles governing the subject of [the] action." Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an "abuse" of discretion." " (Lealao v. Beneficial California, Inc. (2000) 82 Cal.App.4th 19, 25, 97 Cal.Rptr.2d 797, quoting City of Sacramento v. Drew (1989) 207 Cal.App.3d 1287, 1297, 255 Cal.Rptr. 704.) Thus, if the trial court's in limine ruling was based upon a misinterpretation of applicable law, an abuse of discretion has been shown. | While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence in ruling on motions in limine, a court's discretion is limited by the legal principles applicable to the case. | What limits are placed on the Courts discretion with respect to the admission and exclusion of evidence in ruling on motions in limine? | 041146.docx | LEGALEASE-00124050-LEGALEASE-00124051 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3331 | Great Am. Ins. Co. v. Louis Lesser Enterprises, 353 F.2d 997 | 13+61 | Generally, a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another, or at the time when the party owning the cause of action has a legal right to sue thereon. United States v. Lovknit Mfg. Co., 189 F.2d 454, 457 (5 Cir. 1951); 1 C.J.S. Actions " 124.More to the point, "(a) cause of action in contract accrues at the time of the breach or failure to do the thing agreed to but not until then". 1 Am.Jur.2d Actions, " 89. | Generally, cause of action is deemed to have accrued when facts exist which enable one party to maintain action against another, or at time when party owning cause of action has legal right to sue thereon. | Does a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another? | 005811.docx | LEGALEASE-00124865-LEGALEASE-00124866 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 3332 | United States v. Redzic, 627 F.3d 683 | 63+1(1) | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. It was not necessary for the government to link any particular payment to any particular action undertaken by Parr. Rather, it is sufficient to show that the payor intended for each payment to induce the official to adopt a specific course of action. The quid pro quo requirement is satisfied so long as the evidence shows a "course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | Must the Government present evidence of a quid pro quo to prove the payment of an illegal bribe? | Bribery - Memo 8 - TH.docx | ROSS-003323819-ROSS-003323821 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3333 | James Square Assocs. LP v. Mullen, 21 N.Y.3d 233 | 148+295 | The Appellate Division decisions below incorrectly characterize the retroactive application of this tax statute here as an unconstitutional taking of property. While the Fifth Amendment's Takings Clause is but one of many constitutional provisions that express principles of antiretroactivity (see Landgraf, 511 U.S. at 266, 114 S.Ct. 1483; see e.g. Ex Post Facto Clause [U.S. Const. art. I, "" 9(3); 10(1) ]; prohibition on the impairment of contracts [U.S. Const., art. I, " 10(1) ]; prohibition on Bills of Attainder [U.S. Const. art. I, "" 9(3); 10(1)]), plaintiffs' claims are not valid Takings Clause challenges. The Takings Clause prevents government actors "from depriving private persons of vested property rights except for a "public use" and upon payment of "just compensation" " (Landgraf, 511 U.S. at 266, 114 S.Ct. 1483; U.S. Const. 5th Amend.). "[A] party challenging governmental action as an unconstitutional taking bears a substantial burden," and evaluating whether an action is a "taking" requires a court to consider the "economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the governmental action" (Eastern Enterprises, 524 U.S. at 523"524, 118 S.Ct. 2131). | A party challenging governmental action as an unconstitutional taking bears a substantial burden, and evaluating whether an action is a taking requires a court to consider the economic impact of the regulation, its interference with reasonable investment backed expectations, and the character of the governmental action. U.S.C.A. Const.Amend. 5. | Does the plaintiff bear a substantial burden of proving that government action inflicts an unconstitutional taking? | 017508.docx | LEGALEASE-00125355-LEGALEASE-00125356 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3334 | Meek v. Smith, 7 S.W.3d 297 | 148+271 | If the government appropriates property without paying adequate compensation, the owner may recover the resulting damages in an "inverse condemnation" suit. See, e.g., City of Austin v. Teague, 570 S.W.2d 389 (Tex.1978); City of Abilene v. Burk Royalty Co., 470 S.W.2d 643 (Tex.1971). An inverse condemnation may occur when the government physically appropriates or invades the property, or when it unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development. Taub v. City of Deer Park, 882 S.W.2d 824, 826 (Tex.1994). Governmental restrictions on the use of property can be so burdensome that they result in a compensable taking. San Antonio River Auth. v. Garrett Brothers, 528 S.W.2d 266, 273 (Tex.Civ.App."San Antonio 1975, writ ref'd n.r.e.). | If government appropriates property without paying adequate compensation, owner may recover resulting damages in inverse condemnation suit. U.S.C.A. Const.Amend. 14; Vernon's Ann.Texas Const. Art. 1, SS 17, 19. | "Can the owner recover, the resulting damages in an inverse condemnation suit, if the government appropriates property without paying adequate compensation?" | Eminent Domain - Memo 241 - GP.docx | ROSS-003284195-ROSS-003284196 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3335 | Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | Even though the Court has jurisdiction over Nnaka's suit, many of his specific claims run afoul of the act of state doctrine. See id. at 12 (act of state doctrine represents "a rule of judicial restraint in decisionmaking, not a jurisdictional limitation"). The act of state doctrine is a function of the "domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (internal quotation marks omitted). "The doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality .. of official action by a foreign sovereign performed within its own territory." Riggs Nat'l Corp. & Subsidiaries v. Comm'r of IRS, 163 F.3d 1363, 1367 (D.C. Cir. 1999) (citing W.S. Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701). When the doctrine applies, it serves as a "rule of decision" requiring that such official acts "shall be deemed valid" in the process of deciding a case. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C. Cir. 2002) (quoting W.S. Kirkpatrick, 493 U.S. at 405, 409, 110 S.Ct. 701). But the doctrine only applies to "official" state action: that is, to "conduct that is by nature distinctly sovereign" and "cannot be undertaken by a private individual or entity." McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073 (D.C. Cir. 2012). Purely commercial acts do not qualify. See de Csepel, 714 F.3d at 604. | When act of state doctrine applies, it serves as a rule of decision requiring that such official acts shall be deemed valid in the process of deciding a case. | "When act of state doctrine applies, does it serve as a rule of decision requiring that such official acts shall be deemed valid in the process of deciding a case?" | International Law - Memo # 294 - C - ES.docx | ROSS-003327558-ROSS-003327560 | SA, Sub | 0.91 | 0 | 0 | 1 | 1 | |
| 3336 | Drexel Burnham Lambert Grp. Inc. v. Galadari, 610 F. Supp. 114 | 221+342 | The act of state doctrine was originally grounded in principles of sovereign immunity. See Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 84, 42 L.Ed. 456 (1897) ("Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory.").In its modern incarnation, however, the doctrine focuses on the balance of power between the three branches of our own government, and in particular the danger that the judiciary might interfere with the dominant role of the executive branch in the conduct of foreign affairs. See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 937, 11 L.Ed.2d 804 (1964). The doctrine does not take the form of an absolute or inflexible rule, but rather requires a careful case-by-case analysis to determine if, in a particular situation, the conduct of foreign affairs by the executive branch is likely to be vexed or hindered by judicial review of the acts of a foreign government. Allied Bank, 757 F.2d at 521; Libra Bank, Ltd. v. Banco Nacional de Costa Rica, 570 F.Supp. 870, 877 (S.D.N.Y.1983). | Act of state doctrine focuses on balance of power between three branches of United States government, and in particular the danger that judiciary might interfere with the dominant role of executive branch in the conduct of foreign affairs. | Does the act of state doctrine focus on the balance of power between the three branches of the United States government? | 020420.docx | LEGALEASE-00124785-LEGALEASE-00124787 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 3337 | United States v. Brodie, 174 F. Supp. 2d 294 | 29T+945 | According to the Third Circuit, foreign sovereign compulsion "shields from antitrust liability the acts of parties carried out in obedience to the mandate of a foreign government." Id. at 1293. To make out a foreign sovereign compulsion defense, a party must show that: (1) the behavior violating American law was actually compelled by the foreign government; and (2) the foreign order was "basic and fundamental" to the alleged behavior and not just peripheral to the illegal course of conduct. See id. at 1294. The Supreme Court in Societe Internationale also required a good faith attempt to comply with American law. The Court held that, where a party finds itself subject to conflicting orders from sovereigns, our courts should be able to require that party to make all efforts to comply with U.S. law.5 See Societe Internationale, 357 U.S. at 205, 78 S.Ct. 1087. | To make out a foreign sovereign compulsion defense to charged antitrust violation, a party must show that: (1) the behavior violating American law was actually compelled by the foreign government; and (2) the foreign order was "basic and fundamental" to the alleged behavior and not just peripheral to the illegal course of conduct. | Does the foreign compulsion defense shield from liability the acts of parties carried out in obedience to mandate of foreign government? | International Law - Memo # 495 - C - NE.docx | LEGALEASE-00014561-LEGALEASE-00014562 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3338 | Mannington Mills v. Congoleum Corp., 595 F.2d 1287 | 221+358 | The grant of patents for floor coverings is not the type of sovereign activity that would be of substantial concern to the executive branch in its conduct of international affairs. Although enforcement of a decree in the present litigation may possibly present problems of international relations, as will be discussed Infra, the granting of the patents per se, in substance ministerial activity, is not the kind of governmental action contemplated by the act of state doctrine or its correlative, foreign compulsion. We conclude, therefore, that the asserted act of state defense does not support dismissal of plaintiff's complaint and it does not apply to the patents issued in the foreign countries. | Granting of patents per se, in substance, ministerial activity, was not kind of governmental action contemplated by act of state doctrine or its correlative, foreign compulsion; thus, act of state defense did not support dismissal of complaint in antitrust action alleging fraud in obtaining of foreign patents and did not apply to patents issued in foreign countries. | "Is the granting of patents per se the kind of governmental action contemplated by the act of state doctrine or its correlative, foreign compulsion?" | 020502.docx | LEGALEASE-00124648-LEGALEASE-00124649 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 3339 | Gen. Aircraft Corp. v. Air Am., 482 F. Supp. 3 | 221+342 | The so-called Act of State Doctrine is of federal common law origin enunciated by the United States Supreme Court as follows: "in its traditional formulation (the Act of State Doctrine) precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco National de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). The Act of State Doctrine focuses on both the competency and desirability of judicial inquiry into either the validity or motivation of actions taken by foreign states on their own soil. Alfred Dunhill of London, Inc. v. Republic of Cuba, 425 U.S. 682, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976); Banco National de Cuba v. Sabbatino, supra; Hunt v. Mobil Oil Corp., 550 F.2d 68 (2d Cir. 1977), Cert. denied, 434 U.S. 984, 98 S.Ct. 608, 54 L.Ed.2d 477 (1977). Typically, the Act of State Doctrine is invoked where the validity of actions of a foreign nation is being challenged. Less frequently, the doctrine is applied to claims of improper influence of actions taken by foreign governments. However, it has been held by the United States Supreme Court that an antitrust plaintiff cannot recover if the claim is partially based upon the sovereign act of a foreign government even where the act is induced by a non-governmental defendant. American Banana Co. v. United Fruit Co., 213 U.S. 347, 358, 29 S.Ct. 511, 53 L.Ed. 826 (1909); W. Fugate, Foreign Commerce and the Antitrust Laws 75 (2d ed. 1973). Thus, where the injury complained of results directly from the acts or decisions of a foreign sovereign and only indirectly from defendants' allegedly unlawful anticompetitive activities, the Court must dismiss the claims as nonjusticiable. Occidental Petroleum Corp. v. Buttes Gas & Oil Co., 331 F.Supp. 92 (C.D.Cal.1971), Aff'd, 461 F.2d 1261 (9th Cir. 1972), Cert. denied, 409 U.S. 950, 93 S.Ct. 272, 34 L.Ed.2d 221 (1972). | "Act of State Doctrine" precludes courts of United States from inquiring into validity of public acts recognized foreign sovereign power commits within its own territory, and the doctrine focuses on both competency and desirability of judicial inquiry into either validity or motivation of actions taken by foreign states on their own soil. | Does the Act of State Doctrine focus on both competency and desirability of judicial inquiry into either validity or motivation of actions taken by foreign states on their own soil? | International Law - Memo # 557 - C - SA.docx | ROSS-003284628-ROSS-003284630 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 3340 | Loftus v. Primero Mining Corp., 230 F. Supp. 3d 1209 | 221+342 | First, Plaintiffs appear to request that Court to reevaluate the propriety of the SAT's ruling as to whether Primero complied with the transfer pricing rules. The Court declines to do so. "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Mujica v. Occidental Petroleum Corp., 381 F.Supp.2d 1164, 1171 (C.D. Cal. 2005) (quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)); see also Roe v. Unocal, 70 F.Supp.2d 1073, 1076 (C.D. Cal. 1999) ("The act of state doctrine precludes a court of the United States from considering a plaintiff's claims where either the claims or the defenses asserted would require the court to determine that a foreign sovereign's official acts performed in its own territory were invalid."). Thus, where, as here, a Mexican governmental body has already reached a decision as to whether Primero's transfer pricing complied with Mexican law, this Court should not reevaluate the foreign government's decision. See Unocal, 70 F.Supp.2d at 1082 (finding the act of state doctrine applied where the plaintiff's "allegations turn[ed] on the effect of an official act by an authorized representative of a foreign sovereign"); see also Tiangang Sun v. China Petroleum & Chem. Corp. Ltd., No. CV 13-05355 BRO, 2014 WL 11279466, at (C.D. Cal. Apr. 15, 2014) ("The Court will not rule on the legality of an "official act of a foreign sovereign state performed within its own territory." " (quoting W.S. Kirkpatrick & Co. v. Envt'l Tectonics Corp., 493 U.S. 400, 405"06, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990))). | The act of state doctrine in its traditional formulation precludes courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | "Does the act of state doctrine preclude American courts from inquiring into the validity of the public acts of a recognized foreign sovereign committed on the sovereign's own soil, whether or not the acts conformed to sovereign's own laws?" | 020513.docx | LEGALEASE-00124476-LEGALEASE-00124477 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 3341 | United States v. Evans, 667 F. Supp. 974 | 221+332 | The effects principle recognizes that "[a]cts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect...." Strassheim v. Daly, 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735 (1911); see also United States v. Egan, 501 F.Supp. 1252, 1257 (S.D.N.Y.1980); Restatement Dr. 6, supra, at " 402(1)(C). The related protective principle imparts jurisdiction when actions have a potentially adverse effect upon the security or governmental functions of a sovereignty. See, e.g., Pizzarusso, 388 F.2d at 10"11; Restatement Dr. 6, supra, at " 402(3). The Restatement "takes the position that a state may exercise jurisdiction [under these circumstances] when the effect or intended effect is substantial and the exercise of jurisdiction is reasonable...." Restatement Dr. 6, supra, at " 402 comment d. | Under protective principle of extraterritorial jurisdiction recognized under international law, jurisdiction may be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty. | "Under protective principle of extraterritorial jurisdiction recognized under international law, can jurisdiction be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty?" | 020637.docx | LEGALEASE-00125091-LEGALEASE-00125092 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3342 | Warfaa v. Ali, 33 F. Supp. 3d 653 | 221+342 | The "act of state" doctrine prevents federal courts "from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Like the political question doctrine, the act of state doctrine is derived in part from the concern that the Judiciary, by questioning the validity of such acts, could interfere with the Executive Branch's conduct of foreign affairs. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). Accordingly, a plaintiff's claim may be barred to the extent that it challenges (1) an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Id. at 405, 110 S.Ct. 701. | A plaintiff's claim may be barred under the act of state doctrine to the extent that it challenges: (1) an official act of a foreign sovereign performed within its own territory; and (2) the relief sought or the defense interposed would require a court in the United States to declare invalid the foreign sovereign's official act. | When does the act of state doctrine apply to a plaintiffs claims? | 020763.docx | LEGALEASE-00124315-LEGALEASE-00124316 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 3343 | Villoldo v. Castro Ruz, 113 F. Supp. 3d 435 | 221+342 | Computershare and the United States first assert that the Cuban laws cannot be given extraterritorial effect. Courts in the United States are precluded "from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Hilton v. Kerry, 754 F.3d 79, 85 n. 4 (1st Cir.2014) (quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)). This general rule, known as the act of state doctrine, arises from our government's system of separation of powers and the recognition that the executive branch bears primary responsibility for conducting foreign affairs. See Tchacosh Co., Ltd. v. Rockwell Intern. Corp., 766 F.2d 1333, 1336 (9th Cir.1985). Decrees by foreign governments purporting to confiscate property are "the very archetype of an act of state." Republic of Iraq v. First Nat'l City Bank, 353 F.2d 47, 50 (2d Cir.1965). | Under the "act of state doctrine," courts in the United States are precluded from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the Act of state doctrine limit courts in United States from inquiring into validity of recognized foreign sovereign's public acts committed within its own territory? | 020960.docx | LEGALEASE-00124535-LEGALEASE-00124537 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 3344 | Agnew v. Shaw, 355 Ill. App. 3d 981 | 307A+3 | Plaintiff's second argument on appeal is that she was denied a fair trial because the defendants' Frye objection was raised in a motion in limine and the trial court did not have adequate time to conduct a hearing prior to the commencement of Dr. Schapira's testimony. Essentially the plaintiff is arguing that the defendants' Frye objection should not have been brought in a motion in limine and that it was untimely. Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. Beehn v. Eppard, 321 Ill.App.3d 677, 680"81, 254 Ill.Dec. 598, 747 N.E.2d 1010 (2001), citing People v. Williams, 188 Ill.2d 365, 369, 242 Ill.Dec. 260, 721 N.E.2d 539 (1999). An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view (People v. Illgen, 145 Ill.2d 353, 364, 164 Ill.Dec. 599, 583 N.E.2d 515 (1991); Diamond v. United Food & Commercial Workers Union Local 881, 329 Ill.App.3d 519, 526, 263 Ill.Dec. 784, 768 N.E.2d 865 (2002)), or if there is an application of impermissible legal criteria. Boatmen's National Bank of Belleville v. Martin, 155 Ill.2d 305, 314, 185 Ill.Dec. 509, 614 N.E.2d 1194 (1993). However, a reviewing court can sustain the decision of the trial court to admit or exclude evidence for any appropriate reason, regardless of whether the trial court relied on that reason or whether the trial court's reasoning was correct. See Leonardi, 168 Ill.2d at 97, 212 Ill.Dec. 968, 658 N.E.2d 450; Government Employees Insurance Co. v. Buford, 338 Ill.App.3d 448, 456, 272 Ill.Dec. 786, 788 N.E.2d 90 (2003). | Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. | What inherent power of the trial court are motions in limine addressed to? | 036845.docx | LEGALEASE-00125080-LEGALEASE-00125081 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 3345 | Greer v. Buzgheia, 141 Cal. App. 4th 1150 | 307A+3 | Trial judges enjoy " "broad authority" " over the admission and exclusion of evidence. (Peat, Marwick, Mitchell & Co. v. Superior Court (1988) 200 Cal.App.3d 272, 288, 245 Cal.Rptr. 873.) The motion in limine is not expressly authorized by statute, but is within the trial court's " "inherent power to entertain and grant." [Citation.] "The scope of such motion is any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial." [Citation.] Its purpose is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the "obviously futile attempt to "unring the bell." " " (Ibid.) | The purpose of a motion in limine is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the obviously futile attempt to "unring the bell." | "Is the purpose of a motion in limine to avoid the unfairness of objectionable evidence to the jury, and the obviously futile attempt to ""unring the bell""?" | Pretrial Procedure - Memo # 924 - C - TJ.docx | ROSS-003310539 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3346 | PacifiCorp v. Pub. Serv. Comm'n of Wyo., 103 P.3d 862 | 317A+111 | For purposes of this appeal, the most important aspect of the standard of review guiding this Court when reviewing decisions by the Commission is as follows:Speaking specifically of PSC, we have said that PSC is required to give paramount consideration to the public interest in exercising its statutory powers to regulate and supervise public utilities. The desires of the utility are secondary. Tri County Telephone Ass'n, Inc. v. Public Serv. Comm'n, 11 P.3d 938, 941 (Wyo.2000) (citing Mountain Fuel Supply Co. v. Public Serv. Comm'n, 662 P.2d 878, 883 (Wyo.1983)). Additionally, in recognition of the limited nature of our review, we have explained that the judicial function is exhausted when we can find from the evidence a rational view for the conclusions of the PSC. Tri County Telephone Ass'n, at 941 (citing Telstar Communications, Inc. v. Rule Radiophone Serv., Inc., 621 P.2d 241, 246 (Wyo.1980)).Sinclair Oil Corp. v. Wyoming Public Service Comm'n, 2003 WY 22, " 9, 63 P.3d 887, " 9 (Wyo.2003). | The Public Service Commission (PSC) is required to give paramount consideration to the public interest in exercising its statutory powers to regulate and supervise public utilities; the desires of the utility are secondary. | Is the Public Service Commission (PSC) required to give paramount consideration to the public interest in exercising its powers to regulate public utilities? | 042267.docx | LEGALEASE-00124312-LEGALEASE-00124314 | Condensed, Order, SA, Sub | 0.78 | 1 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3347 | Gary Phillips & Assoc. v. Ameritech Corp., 144 Ohio App. 3d 149 | 317A+111 | While public utilities are subject to pervasive regulation, and while the PUCO is vested with sweeping oversight, such authority is not all-encompassing, nor does it in any manner diminish the "jurisdiction of the court of common pleas in other areas of possible claims against public utilities." Kazmaier, supra, at 154, 573 N.E.2d at 660. See, also, Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575 (a claim against a public utility for invasion of privacy may be brought in common pleas court); Kohli v. Pub. Util. Comm. (1985), 18 Ohio St.3d 12, 18 OBR 10, 479 N.E.2d 840 (failure to warn of dangerous condition); and Marketing Research Serv., Inc. v. Pub. Util. Comm. (1987), 34 Ohio St.3d 52, 517 N.E.2d 540 (PUCO's refusal to exercise jurisdiction over breach of contract affirmed). | While public utilities are subject to pervasive regulation, and while the Public Utilities Commission (PUCO) is vested with sweeping oversight, such authority is not all-encompassing, nor does it in any manner diminish the jurisdiction of the court of common pleas in other areas of possible claims against public utilities. | Is the authority of the Public Utilities Commission (PUCO) over public utilities subject to pervasive regulation all-encompassing? | 042273.docx | LEGALEASE-00124565-LEGALEASE-00124566 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3348 | Modesto City Sch. v. Educ. Audits Appeal Panel, 123 Cal. App. 4th 1365 | 15A+1296 | Finally, Modesto argues the audit guide utilized by the independent auditor in performing the 2000 audit constituted an underground regulation. An underground regulation is a regulation that a court may determine to be invalid because it was not adopted in substantial compliance with the procedures of the Administrative Procedure Act (Gov.Code, " 11340 et seq.) (APA). (California Advocates for Nursing Home Reform v. Bont" (2003) 106 Cal.App.4th 498, 506, 130 Cal.Rptr.2d 823.) To be deemed an underground regulation, that audit guide must meet two requirements: (1) the agency must intend it to apply generally rather than in a specific case; and (2) the agency must adopt it to implement, interpret, or make specific the law enforced by the agency. (Tidewater Marine Western, Inc. v. Bradshaw (1996) 14 Cal.4th 557, 571, 59 Cal.Rptr.2d 186, 927 P.2d 296 (Tidewater ).) | To be deemed an underground regulation, which would be invalid because it was not adopted in substantial compliance with the procedures of the Administrative Procedure Act (APA), the agency must intend it to apply generally rather than in a specific case, and the agency must adopt it to implement, interpret, or make specific the law enforced by the agency. West's Ann.Cal.Gov.Code S 11340 et seq. | "What is an underground regulation, and what requirements must it meet?" | 006741.docx | LEGALEASE-00125822-LEGALEASE-00125823 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 3349 | Jamgotchian v. Slender, 170 Cal. App. 4th 1384 | 386+6 | "Dubbed by Prosser the "little brother of conversion," the tort of trespass to chattels allows recovery for interferences with possession of personal property "not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered." (Prosser & Keeton, Torts (5th ed.1984) " 14, pp. 85"86.) | The tort of trespass to chattels allows recovery for interferences with possession of personal property not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered. | Can there be a recovery for interferences with possession of personal property not sufficiently important to be classed as conversion? | 047179.docx | LEGALEASE-00125780-LEGALEASE-00125781 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 3350 | In re Jetblue Airways Corp. Privacy Litig., 379 F. Supp. 2d 299 | 386+6 | Plaintiffs allege that defendants committed trespass to property by participating in the transfer of data containing their personal and private information. (Am.Compl."\| 100.) Because their claim concerns an alleged trespass to something other than real property, it is most accurately treated as a claim for trespass to chattels. See generally Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 95, 595 N.Y.S.2d 931, 612 N.E.2d 289 (1993). To state a claim for trespass to chattels under New York law, plaintiffs must establish that defendants "intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in [plaintiffs'] possession," and that plaintiffs were thereby harmed. School of Visual Arts v. Kuprewicz, 3 Misc.3d 278, 771 N.Y.S.2d 804, 807 (N.Y.Sup.Ct.2003); see also Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 404 (2d Cir.2004) ('A trespass to a chattel may be committed by intentionally ... using or intermeddling with a chattel in the possession of another, where the chattel is impaired as to its condition, quality, or value.") (quoting Restatement (Second) of Torts "" 217(b), 218(b) (1965)) (internal quotation marks omitted); City of Amsterdam v. Daniel Goldreyer, Ltd., 882 F.Supp. 1273, 1281 (E.D.N.Y.1995) ("A trespass to chattel occurs when a party intentionally damages or interferes with the use of property belonging to another."). Where the trespass alleged is to an intangible property right arising under a contract, actual injury to the claimed property interest must be shown. Kronos, 81 N.Y.2d at 95, 595 N.Y.S.2d 931, 612 N.E.2d 289. | To state a claim for trespass to chattels under New York law, plaintiffs must establish that defendants intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in plaintiffs' possession, and that plaintiffs were thereby harmed. | What must a plaintiff prove to succeed on a claim for trespass to chattels? | Trespass - Memo 167 - RK.docx | ROSS-003299868-ROSS-003299869 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3351 | United States v. Gee, 432 F.3d 713 | 63+1(1) | Another argument is that the evidence does not establish any specific act that George took in response to any specific payment. Gee contends that the absence of a quid pro quo prevents conviction. Yet the statute does not require any such link. A quid pro quo of money for a specific legislative act is sufficient to violate the statute, but it is not necessary. It is enough if someone "corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more". 18 U.S.C. " 666(a)(1)(B). A sensible jury could conclude that George had this corrupt intent, and that Gee and Sostarich conspired with George to carry out a plan in which federal money in OIC's hands was exchanged for George's influence. See United States v. Agostino, 132 F.3d 1183, 1190 (7th Cir.1997). | A quid pro quo of money for a specific legislative act is sufficient to violate statute barring theft or bribery concerning programs receiving federal funds, but it is not necessary. 18 U.S.C.A. S 666(a)(1)(B). | Is a quid pro quo of money for a specific legislative act sufficient to violate statute barring theft or bribery concerning programs receiving federal funds? | Bribery - Memo # 33 - C-NA.docx | LEGALEASE-00015872-LEGALEASE-00015873 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 3352 | Pittsburgh-Corning Corp. v. Askewe, 823 S.W.2d 759 | 221+342 | Appellant's argument based upon the Act of State doctrine is not supported by the authorities. The doctrine prevents the courts of this country, both federal and state, from inquiring into the validity of governmental acts of a recognized foreign sovereign committed within its own territory. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 427, 84 S.Ct. 923, 940, 11 L.Ed.2d 804, 823 (1964). The most recent authority cited to support their argument based upon that doctrine contains the following language:We find it unnecessary, however, to pursue those inquiries, since the factual predicate for application of the act of state doctrine does not exist. Nothing in the present suit requires the Court to declare invalid, and thus ineffective as "a rule of decision for the courts of this country," .. the official act of a foreign sovereign. | "Act of State doctrine" prevents courts of the United States, both federal and state, from inquiring into validity of governmental acts of recognized foreign sovereign committed within its own territory. | Does the act of state doctrine prevent courts from inquiring into the validity of governmental acts of recognized foreign sovereign committed within its own territory? | International Law - Memo # 376 - C - SB.docx | ROSS-003317175-ROSS-003317176 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3353 | United States v. Evans, 667 F. Supp. 974 | 221+332 | The effects principle recognizes that "[a]cts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect...." Strassheim v. Daly, 221 U.S. 280, 285, 31 S.Ct. 558, 560, 55 L.Ed. 735 (1911); see also United States v. Egan, 501 F.Supp. 1252, 1257 (S.D.N.Y.1980); Restatement Dr. 6, supra, at " 402(1)(C). The related protective principle imparts jurisdiction when actions have a potentially adverse effect upon the security or governmental functions of a sovereignty. See, e.g., Pizzarusso, 388 F.2d at 10"11; Restatement Dr. 6, supra, at " 402(3). The Restatement "takes the position that a state may exercise jurisdiction [under these circumstances] when the effect or intended effect is substantial and the exercise of jurisdiction is reasonable...." Restatement Dr. 6, supra, at " 402 comment d. | Under protective principle of extraterritorial jurisdiction recognized under international law, jurisdiction may be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty. | "Under the protective principle of extraterritorial jurisdiction recognized under international law, can jurisdiction be exercised when actions have potentially adverse effect upon security or governmental functions of a sovereignty?" | 020639.docx | LEGALEASE-00126062-LEGALEASE-00126063 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 3354 | United States v. Campbell, 798 F. Supp. 2d 293 | 221+329 | Mr. Campbell argues that his prosecution violates customary international law. Customary international law proffers bases for the exercise of legislative jurisdiction, which is transgressed when jurisdiction is asserted beyond such bases or in breach of a specific legal limitation. "[I]nternational law itself imposes limits on the extraterritorial jurisdiction that a domestic court may exercise. It generally recognizes five theories of jurisdiction, the objective territorial, national, passive, protective and universal." Tel"Oren v. Libyan Arab Republic, 726 F.2d 774, 781 n. 7 (D.C.Cir.1984). These five general principles are: Territorial, wherein jurisdiction is based on the place where the offense is committed; National, wherein jurisdiction is based on the nationality of the offender; Protective, wherein jurisdiction is based on whether the national interest is injured; Universal, wherein jurisdiction is conferred in any forum that obtains physical custody of the perpetrator of certain offenses considered particularly heinous and harmful to humanity; and Passive personal, wherein jurisdiction is based on the nationality of the victim. United States v. Yunis, 681 F.Supp. 896, 899"900 (D.D.C.1988). An act of Congress should not be construed in a manner that violates the laws of nations if a non-violative interpretation is possible. Hartford Fire Ins. Co. v. California, 509 U.S. 764, 815, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993) ("Though it clearly has constitutional authority to do so, Congress is generally presumed not to have exceeded those customary international-law limits on jurisdiction to prescribe."). | International law imposes limits on the extraterritorial jurisdiction that a domestic court may exercise, and it generally recognizes five theories of jurisdiction, the objective territorial, national, passive, protective and universal. | Does international law impose limits on the extraterritorial jurisdiction that a domestic court may exercise? | 020676.docx | LEGALEASE-00126006-LEGALEASE-00126007 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 3355 | Ball v. Rao, 48 S.W.3d 332 | 30+3209 | A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. Fort Worth Hotel Ltd. P'ship v. Enserch Corp., 977 S.W.2d 746, 757 (Tex.App.-Fort Worth 1998, no pet.) The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury. Weidner v. Sanchez, 14 353, 363 (Tex.App.- Houston [14th Dist.] 2000, no pet.); Enserch Corp., 977 S.W.2d at 757. The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court and we, as an appellate court, will not reverse a trial court's sanctions absent a clear abuse of discretion. Lassiter v. Shavor, 824 S.W.2d 667, 669 (Tex.App.-Dallas 1992, no writ). A sanction for violating a court order must, however, be appropriate to the circumstances of the case. Id. We must also keep in mind that repeated violations of limine orders may result in mistrials or reversals. Weidner, 14 S.W.3d at 363. | The imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, and the court of appeals will not reverse such sanctions absent a clear abuse of discretion. | "If the imposition of sanctions for violations of orders in limine is left to the sound discretion of the trial court, will the court of appeals reverse such sanctions absent a clear abuse of discretion?" | Pretrial Procedure - Memo # 896 - C - VA.docx | ROSS-003325667-ROSS-003325668 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3356 | Forest City v. City of Oregon, 569 S.W.2d 330 | 268+619 | Where, as is the situation here, no administrative body has jurisdiction of the rate regulation, the courts do have an equitable jurisdiction to prevent a municipality from enforcing public utility charges which are clearly, palpably and grossly unreasonable. 64 Am.Jur.2d, Public Utilities, Section 128, p. 654; City of Mt. Vernon v. Banks, 380 S.W.2d 268 (Ky.1964); American Aniline Products v. City of Lock Haven, 288 Pa. 420, 135 A. 726 (1927). | Where no administrative body has jurisdiction of regulation, courts do have an equitable jurisdiction to prevent a municipality from enforcing public utility charges which are clearly, palpably and grossly unreasonable; however, such principle applies only when city is acting in nature of a public utility and a city does so only to extent that it supplies utility service to its own inhabitants, as to nonresidents, municipality owes no duty of service, sells in purely private capacity on purely contractual basis and cannot be regulated as to rates charged. V.A.M.S. SS 91.050, 91.060. | Do the courts have an equitable jurisdiction to prevent a municipality from enforcing public utility charges that are palpably and grossly unreasonable? | 042381.docx | LEGALEASE-00126330-LEGALEASE-00126331 | Condensed, SA, Sub | 0.24 | 0 | 1 | 1 | 1 | 1 |
| 3357 | Neal v. Bullock, 538 N.E.2d 308 | 115+110 | We disagree. In General Outdoor Advertising Co., Inc. v. La Salle Realty Corp. (1966), 141 Ind.App. 247, 218 N.E.2d 141, this court held that the measure of damages, in a case of injury to the real estate, depends upon a determination of whether the injury is "permanent" or "temporary." A permanent injury is one in which the cost of restoration of the property to its pre injurycondition exceeds the market value of the real estate prior to injury. A temporary injury is one which is not defined as permanent. Id. | Measure of damages in case of injury to real estate depends upon determination of whether injury is permanent or temporary; "permanent injury" is one in which cost of restoration of property to its preinjury condition exceeds market value of real estate prior to injury, whereas "temporary injury" is one which is not defined as permanent. | What would be the measure of damages in case of a permanent injury of real estate? | Action - Memo # 290 - C SHB.docx | ROSS-003285760 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3358 | Kings Mountain Bd. of Educ. v. N. Carolina State Bd. of Educ., 159 N.C. App. 568 | 316P+232(1) | De facto status arises where a person assumes office "under color of authority" or where one "exercises the duties of the office so long or under such circumstances as to raise a presumption of his right; in which cases his necessary official acts are valid as to the public and third persons; but he may be ousted by a direct proceeding." Norfleet v. Staton, 73 N.C. 546, 550 (1875); In re Pittman, 151 N.C.App. 112, 115, 564 S.E.2d 899, 901 (2002). "The acts of a de facto officer are valid in law in respect to the public whom he represents and to third persons with whom he deals officially." State v. Porter, 272 N.C. 463, 465"66, 158 S.E.2d 626, 628 (1967). The validity of the title or an act of a de facto officer may be challenged only through an action of quo warranto. See Rogers v. Powell, 174 N.C. 388, 389, 93 S.E. 917, 917 (1917); Black's Law Dictionary 1256 (6th ed.1990) (defining quo warranto as "[a] common law writ designed to test whether a person exercising power is legally entitled to do so").For example, in Rogers, two rival boards of trustees for the school district of Ahoskie, North Carolina, claimed de jure status. The plaintiffs sought an injunction against the defendants, who actually occupied and exercised control over the school board, to require the defendants to turn over control and management of the school building. Our Supreme Court affirmed the lower court's dissolution of the preliminary injunction on the grounds that resolution of the issue first required a quo warranto action to determine the rightful occupiers of the office. Id. at 390, 93 S.E. at 918. | De facto status arises where a person assumes office under color of authority or where one exercises the duties of the office so long or under such circumstances as to raise a presumption of his right; a de facto officer's necessary official acts are valid as to the public and third persons, but he may be ousted by a direct proceeding. | When does a de facto status arise? | 013409.docx | LEGALEASE-00126377-LEGALEASE-00126378 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3359 | Liberman v. Cervantes, 511 S.W.2d 835 | 326+326(1) | Appellant further claims that the ordinance lacks adequate standards in that its requirement that the pawnbroker deliver photographs to law enforcement officers upon request is not limited to photographs relating to stolen articles. These photographs are not private papers or records but are public or quasi-public in character, and therefore, under the city's police power to regulate this type of business, they are subject to inspection without a showing that the items in question have been stolen, or that there is probable cause to believe that the law has been violated. Bowles v. Insel, 148 F.2d 91 (3rd Cir., 1945); Fleming v. Montgomery Ward & Co., 114 F.2d 384 (7th Cir., 1940), cert. den. 311 U.S. 690, 61 S.Ct. 71, 85 L.Ed 446. | Photographs, which ordinance required pawnbrokers to make of customers and pawn tickets, were not private papers or records but were public or quasi public in character and, therefore, under city's police power to regulate that type of business, were subject to inspection without a showing that items in question had been stolen or that there was probable cause to believe that the law had been violated. | Are public or quasi-public records subject to inspection? | 019485.docx | LEGALEASE-00126466-LEGALEASE-00126468 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 3360 | Com., Dep't of Envtl. Res. v. Fiore, 88 Pa. Cmwlth. 418 | 216+5 | DER places great emphasis on the fact that the United States Supreme Court has stated in these cases that certain industries are so pervasively regulated that a person entering such business cannot have a reasonable expectation of privacy. DER, in fact, seems to argue that because Fiore is engaged in the highly regulated hazardous waste industry, he cannot have any expectation of privacy and, therefore, must accept warrantless searches. While the expectation of privacy is certainly an important factor in determining the reasonableness of a search, DER ignores another very important consideration. In Donovan the Supreme Court stressed the fact that the law which grants authority to conduct warrantless inspections must also necessarily provide a predictable scheme of inspection which will be sufficiently certain and regular so that it will provide an adequate substitute for a warrant. It is because this type of comprehensive scheme was lacking in the Occupational Safety and Health Act (OSHA) provisions that the Supreme Court found that statutory authorization of warrantless inspections unconstitutional. Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). | The law which grants authority to conduct warrantless administrative inspections of commercial property must also necessarily provide a predictable scheme of inspection which will be sufficiently certain and regular so that it will provide inadequate substitute for a warrant. U.S.C.A. Const.Amend. 4. | Is it necessary that the law which grants authority to conduct warrantless inspections must also necessarily provide a predictable scheme of inspection? | Inspection - Memo 38 - BP.docx | LEGALEASE-00016594-LEGALEASE-00016595 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3361 | S. Bell v. MacDonald, 671 So. 2d 207 | 413+396 | An employer must offer or furnish benefits when the employer knows, or should know that benefits are due. Walt Disney World Co. v. Harrison, 443 So.2d 389, 394 (Fla. 1st DCA 1983). An employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. Id. This obligation cannot be met unless the employer informs the injured worker of the benefits to which he is entitled.Id. Once the employer receives information that an employee's injury or condition may be work-related, the employer is required to comply with the notice provisions of section 440.185 by informing the employee of his rights. Timmeny v. Tropical Botanicals Corp., 615 So.2d 811, 816 (Fla. 1st DCA 1993). If the employer breaches its duty to inform the employee of his rights, the running of the statute of limitations will be tolled until such time that the employee obtains actual knowledge from any source that he may be entitled to compensation benefits. Id. Because the E/C failed to properly inform the claimant of her possible entitlement to benefits and her obligations under the Workers' Compensation Law, we find that the statute of limitations was tolled until the claimant obtained actual knowledge of her possible entitlement to benefits. | Once employer has knowledge of employee's injury, employer is under continuing obligation to place needed workers' compensation benefits in hands of the injured employee and this obligation cannot be met unless employer informs employee of the benefits to which he is entitled. | "Once an employer has knowledge of an employees injury, is the employer under a continuing obligation to place needed benefits in the hands of the injured employee, and is this obligation met when the employer informs the employee of the benefits he is entitled?" | 048465.docx | LEGALEASE-00126820-LEGALEASE-00126821 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3362 | Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65 | 221+330 | The mere fact of sovereignty does not insulate a litigant from sanction for failure to abide by the rules governing litigation in American courts. It would be perverse to allow a foreign sovereign litigant to "take our law free from the claims ofjustice." National City Bank of New York v. Republic of China, 348 U.S. 356, 362, 75 S.Ct. 423, 427, 99 L.Ed. 389 (1955). The Republic's actions, although taken in a foreign country, undeniably had effects in the United States. [\| Under general principles of international law, a tribunal may prescribe laws with respect to "conduct outside its territory that has or is intended to have substantial effect within its territory." Restatement (Third) of the Foreign Relations Law of the United States " 402(c) (1987) (the "Restatement"). And where a court may prescribe, it may also enforce. Id. " 431(1) ("A state may employ judicial or nonjudicial measures to induce or compel compliance or punish non-compliance with its laws or regulations, provided it has jurisdiction to prescribe in accordance with "" 402 and 403"); see also United States v. Davis, 767 F.2d 1025, 1036 (2d Cir.1985). Thus, because the district court found that the Republic's actions compromised the court's ability to adjudicate fairly the claims before it, the district court had the power to address the retaliatory conduct notwithstanding that it transpired on foreign soil half a world away. | Under general principles of international law, tribunal may prescribe laws with respect to conduct outside its territory that has or is intended to have substantial effects within the territory, and where court may prescribe, it may also enforce. Restatement (Third) of the Foreign Relations Law of the United States SS 402, 402(c), 403, 431(1). | "Under general principles of international law, can a tribunal prescribe laws with respect to conduct outside its territory that has or is intended to have substantial effects within the territory?" | International Law - Memo # 1029 - C - BP.docx | ROSS-003290180-ROSS-003290181 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3363 | Mem'l Hosp. v. Heckler, 706 F.2d 1130 | 13+65 | First, we consider whether the court should apply section 106, which was not yet in effect at the time this litigation was instigated. We agree with the Sixth Circuit that section 106 applies to appeals that were pending when it was enacted. Harper-Grace Hospitals v. Schweiker, 691 F.2d 808, 811 (6th Cir.1982). A court should apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. Bradley v. Richmond School Board, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); United States v. Schooner Peggy, 5 U.S. (1 Cranch) 102, 109 (1801) ("if subsequent to the judgment and before the decision of the appellate court a law intervenes and positively changes the rule which governs, the law must be obeyed."). Therefore, as to this appeal, Presbyterian Hospital of Dallas v. Schweiker, 638 F.2d 1381 (5th Cir.), cert. denied, 454 U.S. 940, 102 S.Ct. 476, 70 L.Ed.2d 248 (1981), which allowed Medicare reimbursement for Hill-Burton costs, is not controlling. | A court should apply the law in effect at time it renders its decision unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary. | Should a court apply the law in effect at time it renders its decision unless doing so would result in manifest injustice? | 005948.docx | LEGALEASE-00127919-LEGALEASE-00127920 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3364 | Log Cabin Republicans v. United States, 716 F. Supp. 2d 884 | 92+1186 | Our review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society. The military need not encourage debate or tolerate protest to extent that such tolerance is required of the civilian state by the First Amendment; to accomplish its mission the military must foster instinctive obedience, unity, commitment, and esprit de corps. | Review of military regulations challenged on First Amendment grounds is far more deferential than constitutional review of similar laws or regulations designed for civilian society. U.S.C.A. Const.Amend. 1. | Is the review of military regulations challenged on First Amendment grounds more deferential than constitutional review of similar laws or regulations designed for civilian society? | Armed Forces - Memo 3 RK.docx | ROSS-003285913-ROSS-003285914 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 3365 | H & M Hennes & Mauritz LP v. Skanska USA Bldg., 617 F. Supp. 2d 152 | 366+35 | In general, New York General Obligations Law prohibits enforcement of a lease provision exempting a landlord from liability for damage caused by the landlord's negligence. N.Y. Gen. Oblig. Law " 5"321. However, a waiver of subrogation provision is "viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance," and enforcement of such a provision is not precluded by New York law. 478 N.Y.S.2d at 286; see also Great N. Ins. Co. v. Interior Constr. Corp., 18 A.D.3d 371, 372, 796 N.Y.S.2d 51 (1st Dep't 2005) (holding that "where ... sophisticated parties negotiating at arm's length have agreed to "allocate the risk of liability to third parties between themselves, essentially through the employment of insurance," that agreement is enforceable") (quoting Hogeland v. Sibley, Lindsay & Curr Co., 42 N.Y.2d 153, 161, 366 N.E.2d 263, 267, 397 N.Y.S.2d 602, 607 (1977)); Brentano's, Inc. v. Charter Mgmt. Corp., 46 A.D.2d 861, 361 N.Y.S.2d 665 (1st Dep't 1974). | Waiver of subrogation provision is viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance, and enforcement of such a provision is not precluded by New York law. N.Y.McKinney's General Obligations Law S 5-321. | Is the waiver of subrogation provision viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance? | 043528.docx | LEGALEASE-00127698-LEGALEASE-00127699 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3366 | Parra v. Larchmont Farms, 932 S.W.2d 68 | 413+1103 | Election of remedies. We do not agree that Parra made an election of remedies and recovered. The record is clear that Parra did file a worker's compensation claim with the New Jersey Division of Worker's Compensation, but he never received any compensation for loss of wage earning capacity. Furthermore, and though Parra tried to withdraw his claim, his claim was dismissed on the motion of Larchmont. What Larchmont relies upon is the insurance carrier's payment of medical expenses; however, payment of medical expenses is not compensation under the scheme of worker's compensation under the case law of either New Jersey or Texas. Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 501 A.2d 505 (1985); Pappano v. Shop Rite of Pennington, Inc., 213 N.J.Super. 305, 517 A.2d 178 (1986); see Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Tex. 23, 169 S.W.2d 969 (1943); Sanchez v. Texas Emp. Ins. Ass'n, 618 S.W.2d 837, 843 (Tex.Civ.App."Amarillo 1981, writ ref'd n.r.e.); see generally, 2 Arthur Larson, Larson's Workmen's Compensation Law " 61.11 (1995). Worker's compensation is a security system, not a double or nothing gambling game, and the doctrine of election requires a successful selection of inconsistent remedies.Bocanegra v. Aetna Life Ins. Co., 605 S.W.2d 848, 849"51 (Tex.1980). Parra has made no election of remedy. | Worker's compensation is security system, rather than double or nothing gambling game, and doctrine of election requires successful selection of inconsistent remedies. | "Is workers compensation a security system, rather than a gambling game, and does the doctrine of election require successful selection of inconsistent remedies?" | 048469.docx | LEGALEASE-00127360-LEGALEASE-00127361 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3367 | Franch v. Ankney, 341 Md. 350 | 413+6 | Under the Maryland Workers' Compensation Act, Maryland Code (1991 Repl.Vol, 1995 Supp.), Labor and Employment Article (LE), "" 9-101 through 9-1201, an employer is generally required to pay workers' compensation benefits to an employee who suffers an accidental personal injury in the course of employment, regardless of whether the employer is at fault for the injury. See LE " 9-501. Where, as here, the employee's injury resulted from the tortious conduct of a third-party, the statute grants the employer6 the right to sue the third-party to recover an amount equal to the benefits the employer has been required to pay the employee because of the injury. See LE " 9-902(a) and (b); Erie Insurance v. Curtis, 330 Md. 160, 164, 623 A.2d 184, 186 (1993). The employer has the exclusive right to pursue a cause of action against the third-party tortfeasor for two months. LE " 9-902(c); Erie, 330 Md. at 164, 623 A.2d at 186. Thereafter, the employee also has the right to bring an action against the third-party, but the employer retains subrogation rights in the employee's claim. Erie, 330 Md. at 164, 623 A.2d at 186. The employer's subrogation interest in the third-party claim acts as a "statutory lien" on any recovery the employee may obtain from the third-party. Richard P. Gilbert and Robert L. Humphreys, Jr., Maryland Workers' Compensation Handbook " 16.1-5, at 325 (2d ed. 1993, 1995 Cum.Supp.). In other words, if the employee recovers compensation from the third-party tortfeasor, the employer is entitled to obtain reimbursement for its workers' compensation payments from the proceeds. See LE " 9-902(e). Where recovery from the third party is less than the employee is entitled to receive in benefits, the employee retains the right to recover the difference between the amount received from the third party and the amount payable under the statute. See LE "" 9-902, 9-903; see also Brocker Mfg. v. Mashburn, 17 Md.App. 327, 301 A.2d 501 (1973). | Under Workers' Compensation Act, employer is generally required to pay workers' compensation benefits to employee who suffers accidental personal injury in course of employment, regardless of whether employer is at fault for injury. Code, Labor and Employment, S 9-501. | "When an employee suffers an injury or occupational illness in the course of his or her employment, is the employer required to pay compensation under the terms of the Workers Compensation Act?" | 048500.docx | LEGALEASE-00127492-LEGALEASE-00127494 | Order, SA, Sub | 0.86 | 1 | 0 | 1 | 1 | 1 |
| 3368 | Bigger v. City of Pontiac, 390 Mich. 1 | 13+63 | We are of the opinion that in cases of this kind, if the plaintiff fails to resort to the courts without delay (within the context of the time available for adjudication) the courts may refuse to entertain the case. This power is, of course, to be exercised cautiously, circumspectly and only in the kind of unusual situation with which we are now presented. In this case we are satisfied that the circuit judge exercised his responsibility correctly and affirm his order of judgment dismissing the complaint. We express no opinion on the merits of the claims asserted in the complaint filed on August 1. | Where plaintiff fails to resort to courts without delay, within context of time available for adjudication, in cases where absolute time limits must be observed because of nature of subject matter of suit, courts may refuse to entertain case. | Will the courts refuse to entertain the case if the plaintiff fails to resort to the courts without delay within the context of the time available for adjudication? | 006326.docx | LEGALEASE-00128118-LEGALEASE-00128119 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |
| 3369 | In re Conservatorship of Martha P., 117 Cal. App. 4th 857 | 307A+501 | Code of Civil Procedure section 581, subdivision (b) provides in relevant part that "an action may be dismissed ...: (1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial..." For purposes of this provision, "action" means "any civil action or special proceeding." (" 581, subd. (a)(1).) The right to voluntarily dismiss an action or special proceeding before the commencement of trial, however, is not absolute. (Cravens v. State Bd. of Equalization (1997) 52 Cal.App.4th 253, 256, 60 Cal.Rptr.2d 436.) Section 581 of the Code of Civil Procedure recognizes exceptions to this right, and " 'other limitations have evolved through the courts' construction of the term "commencement of trial." These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication.' [Citation.]" (Mossanen v. Monfared (2000) 77 Cal.App.4th 1402, 1409, 92 Cal.Rptr.2d 459.) | The right to voluntarily dismiss an action or special proceeding before the commencement of trial is not absolute, as statute recognizes exceptions, and other limitations have evolved through the courts' construction of the term "commencement of trial." West's Ann.Cal.C.C.P. S 581(b)(1). | "Is the right to voluntarily dismiss an action or special proceeding before the commencement of trial not absolute, as the statutes recognize exceptions?" | Pretrial Procedure - Memo # 998 - C - SN.docx | ROSS-003300352-ROSS-003300353 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3370 | Viacom Int'l v. Midtown Realty Co., 193 A.D.2d 45 | 366+35 | New York courts have consistently held that a waiver of subrogation provision contained in a lease negotiated between two sophisticated parties in an arm's-length transaction which is valid and enforceable provided the intention of the parties is clearly and unequivocally expressed. (See, e.g., Hogeland v. Sibley, Lindsay & Curr Co., 42 N.Y.2d 153, 397 N.Y.S.2d 602, 366 N.E.2d 263; Extaza of 34 St. v. City Stores Co., 62 N.Y.2d 919, 479 N.Y.S.2d 5, 467 N.E.2d 889.) Rather than exempting the parties from liability in violation of statutory proscription applicable to landlords and others in comparable relationships, such as caterers, owners and contractors, building service or maintenance contractors and architects, engineers and surveyors (see, General Obligations Law "" 5"322, 5"322.1, 5"323, 5"324), such clauses merely reflect their allocation of the risk of liability, as between themselves, to third parties through the device of insurance. (Hogeland v. Sibley, Lindsay & Curr, supra, at 160"161, 397 N.Y.S.2d 602, 366 N.E.2d 263; see, Brentano's, Inc. v. Charter Mgt. Corp., 46 A.D.2d 861, 361 N.Y.S.2d 665.) Such provisions, however, will not be enforced to impose a restriction on the subrogee's rights beyond the plain meaning of the waiver clause. (S.S.D.W. Co. v. Brisk Waterproofing Co., 76 N.Y.2d 228, 557 N.Y.S.2d 290, 556 N.E.2d 1097.) As St. Paul recognized with respect to this particular clause, the waiver is limited to subrogation claims premised on tort liability. In all other respects, the parties' rights and obligations under the lease as to the various contingencies that might arise in such a relationship are clearly spelled out. | Waiver of subrogation provision in lease negotiated between two sophisticated parties in arm's length transaction will not be enforced to impose restriction on subrogee's rights beyond plain meaning of waiver provision. | Will a waiver of subrogation provision in a lease negotiated between two sophisticated parties in arm's length transaction be enforced to impose restriction on a subrogee's rights beyond the plain meaning of a waiver provision? | Subrogation - Memo # 1093 - C - VP.docx | ROSS-003285353-ROSS-003285355 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 3371 | Thomas v. Holmes, 142 Iowa 288 | 13+63 | Because of the defendant's residence in another state the statute of limitations had not become effective, and we have been cited to no case, nor have we been able to find one, which holds the plea of laches good under such circumstances. The general rule as to laches is that, where the action is at law, mere delay will not bar the action, unless it covers the statutory period, and unless the doctrine of estoppel may be successfully invoked. Doyle v. Burns, 123 Iowa, 488, 99 N. W. 195, and cases cited therein. | Mere delay in bringing an action at law is not a bar, unless it covers the statutory period, and unless the doctrine of estoppel may be successfully invoked. | "Is a mere delay in bringing an action at law a bar, unless it covers the statutory period, and unless the doctrine of estoppel may be successfully invoked?" | 006187.docx | LEGALEASE-00128747-LEGALEASE-00128748 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3372 | Keller v. Reynard, 140 Ind. App. 468 | 1.41E+13 | The Appellants contend that the Court below had the inherent right to hear and determine such matter. We cannot agree with the Appellants' contention. Under the constitution of Indiana our General Assembly has the sole power to determine how and by what instrumentalities our common school systems shall be administered and carried into effect. Constitution of Indiana, Art. 8, Sec. 1. | Under the state Constitution, the general assembly has the sole power to determine how and by what instrumentalities common school systems shall be administered and carried into effect. Const. art. 8, S 1. | "Under the State Constitution, does the general assembly have the sole power to determine how and by what instrumentalities common school systems shall be administered and carried into effect?" | 016934.docx | LEGALEASE-00128791-LEGALEASE-00128792 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 3373 | Alabama Youth Servs. Bd. v. Ellis, 350 So. 2d 405 | 401+5.1 | The concern for real estate arises from the prayer that the land, whose title is held by the Alabama Boys Industrial School, be conveyed to The First National Bank of Birmingham, as trustee. Such an allegation does not make this real estate the "subject matter" of this suit, however. "Subject matter" under Section 294 refers to the nature of the cause of action and of the relief sought. The allegation that one of the parties owns real estate, or has substantial rights in real estate which are dependent upon the settlement of the controversy, is not enough to make real estate the "subject matter" of the suit. Clark v. Sanders, 267 Ala. 674, 103 So.2d 370 (1958). The nature of this action and of the relief sought was a declaratory judgment, seeking a judicial construction of Act No. 816, which is Tit. 55, Chap. 7A, ss 289(11)- (47), and for a court order establishing a financial floor on the operation of the Alabama Boys Industrial School because of an alleged statutory mandate. Moreover, the allegations in this case pertaining to the location of real estate in Jefferson County, while they may resolve a venue question in an ordinary case, do not control a case such as this where the action is one against a state agency. Tri-State Corporation v. State, supra, for example, was a case concerning real estate located in a county other than Montgomery County. On the issue of venue, however, this Court held that Montgomery County furnished the proper forum because the material defendants had their official residences in that county. | Pursuant to section providing for venue in county where real estate is located if real estate be subject matter of the suit, "subject matter" refers to nature of cause of action and of relief sought and allegation that one of parties owned real estate or has substantial rights in real estate which are dependent upon settlement of the controversy is not enough to make real estate the "subject matter" of the suit. Rules of Civil Procedure, rule 82(c); Code of Ala., Tit. 7, S 294. | Are mere allegations that a party owns real estate or has substantial rights in real estate enough to make real estate the subject matter of an action? | Venue - Memo 104 - RK.docx | ROSS-003302014-ROSS-003302015 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3374 | Bertram v. Beneficial Consumer Disc. Co., 286 F. Supp. 2d 453 | 25T+140 | In contrast, a declaration that a contract is void nullifies all aspects of the agreement, including an embedded arbitration clause, giving neither party the power to ratify or disaffirm its provisions. Restatement (Second) of Contracts " 7 cmt. a ("[A void contract] is not a contract at all."); Sandvik, 220 F.3d at 107"09. Essential to this concept is the principle that a void contract lacks legal existence from inception, and that the subsequent judicial declaration merely clarifies, rather than alters, the legal relationship of the parties. See id. Because arguments that a contract is void ab initio threaten the existence of all provisions of the agreement, including an embedded arbitration clause, such a claim necessarily puts the making of the arbitration clause in issue, rendering resolution of the claim improper for arbitration under the FAA. Id.; see 9 U.S.C. "" 2"4. | Declaration that contract is void nullifies all aspects of agreement, including an embedded arbitration clause, giving neither party the power to ratify or disaffirm its provisions. Restatement (Second) of Contracts S 7 comment. | Does a declaration that a contract is void nullify all aspects of an agreement including an embedded arbitration clause? | Alternative Dispute Resolution - Memo 496 - RK.docx | LEGALEASE-00018998-LEGALEASE-00018999 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3375 | Serv. Experts v. Northside Air Conditioning & Elec. Serv., 56 So. 3d 26 | 307A+501 | We now analyze the merits of this case. In Patterson v. Allstate Insurance Co., 884 So.2d 178, 180 (Fla. 2d DCA 2004), this court summarized a party's right to voluntarily dismiss an action: Florida Rule of Civil Procedure 1.420(a) ... gives plaintiffs the right to voluntarily dismiss their action at any time "before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court." Until the line drawn by this rule is crossed, the plaintiff's right to a voluntary dismissal is "absolute." Fears v. Lunsford, 314 So.2d 578 (Fla.1975)[.] (Emphasis added.) There are limited exceptions to a plaintiff's "absolute" right to take a voluntary dismissal as a matter of right: (1) if there is fraud on the court, (2) if the defendant can establish the common law exception to the right of voluntary dismissal, or (3) if the plaintiff dismisses the case at a stage which is deemed the equivalent of a summary judgment. Id. The Northside defendants asserted only that either the first or second exception applied in this case. However, because the trial court relied solely on the common law exception when it reinstated the complaint and did not amend its order after finding no fraud in fact had been committed, we begin our discussion with whether the common law exception applied in this case. | There are limited exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right before a hearing on motion for summary judgment or submission of the case to the trier of fact: (1) if there is fraud on the court; (2) if the defendant can establish the common law exception to the right of voluntary dismissal; or (3) if the plaintiff dismisses the case at a stage which is deemed the equivalent of a summary judgment. West's F.S.A. RCP Rule 1.420(a). | Are there any exceptions to a plaintiff's absolute right to take a voluntary dismissal as a matter of right? | Pretrial Procedure - Memo # 1001 - C - SK.docx | ROSS-003328097-ROSS-003328098 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3376 | Willetts v. Browning, 198 A.D. 551 | 307A+501 | While as a general proposition it is quite true that a plaintiff should be given leave to discontinue an action brought by him on payment of taxable costs and disbursements to the time of making the application, still that rule is subject to certain limitations, one of which is that such discontinuance should not be permitted where special circumstances exist which render the granting of the relief unjust or inequitable. In the present case no reason whatever is given why the plaintiff desires to discontinue this action, which is one brought to foreclose a mechanic's lien for $10,582.49. It appears that one of the defendants has interposed a counterclaim for $17,000 for damages arising out of the plaintiff's failure to prosecute the work of alterations of the building in question with reasonable dispatch and his delay in completing the alterations beyond October 1, 1920, and beyond January 15, 1921, and his final abandonment of the work upon the building in question in February, 1921, without just cause or reason. Said counterclaim also sets forth extravagance and waste, in the doing of the work and the loss of rentals by reason of plaintiff's acts | While plaintiff should generally be given leave to discontinue on the payment of costs and disbursements to the time of making the application, that rule is subject to limitations, and discontinuance should not be permitted where special circumstances render the granting of the relief unjust. | Should the discontinuance of an action be permitted where special circumstances exist which render the granting of the relief unjust or inequitable? | 026211.docx | LEGALEASE-00129311-LEGALEASE-00129312 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3377 | Renfroe v. Johnson, 142 Tex. 251 | 307A+501 | In our opinion the above record presents a case wherein a court of equity should exercise its jurisdiction to prevent these plaintiffs from filing any further suits against these defendants on these notes. In this connection, we think this case calls for the application of the following equitable rule announced by the Court of Civil Appeals, 175 S.W.2d 92, 94, in this very case: 'Article 2182, R.C.S. 1925, provides that, in a case tried without a jury, at any time before the decision is announced, the plaintiff may take a nonsuit, but the privilege given by the statute is not entirely without limitation. It is the policy of the law to avoid needless litigation, and public policy requires that there be an end to legal controversies. Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Tex. 5, 7 S.W. 368; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569. The courts, therefore, will not approve of such conduct as appellants apparently fear will be indulged in by appellees and permit them to file suits against appellants repeatedly on the same cause of action for an indefinite period of time and dally with the court by taking advantage of the statute and dismissing the case each time upon the filing of a plea of limitations which they admit is a good defense to their cause of action or when it is shown to be such. | Privilege given by statute permitting plaintiff to take a nonsuit is not without limitation, since policy of law is to avoid needless litigation. Rev.St.1925, art. 2182. | "Is a privilege given by a statute permitting a plaintiff to take a nonsuit without limitation, since the policy of law is to avoid needless litigation?" | Pretrial Procedure - Memo # 1306 - C-BP.docx | ROSS-003287737-ROSS-003287738 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 3378 | State ex rel. Toledo Edison Co. v. Clyde, 76 Ohio St. 3d 508 | 317A+114 | Several of these factors are relevant to the case at bar. As reflected above, the Gilmore Act and the Miller Act were specifically enacted and have been used to protect existing utility facilities, utility consumers, and their utility providers from the forced termination of utility services or the removal of nonmunicipal utility facilities without commission approval. E. Ohio Gas Co., supra, 106 Ohio St. 489, 140 N.E. 410; State ex rel. Klapp, supra, 10 Ohio St.2d 14, 39 O.O.2d 9, 225 N.E.2d 230; State ex rel. Wear, supra, 128 Ohio St. 95, 190 N.E. 224. For the reasons that follow, we interpret the Miller Act to apply to the abandonment or withdrawal of any electric line, regardless of size, or the service rendered thereby. | Miller Act, which requires municipalities to obtain Public Utilities Commission of Ohio (PUCO) approval before forcing abandonment of nonmunicipal utility facilities or withdrawal of nonmunicipal utility services located inside municipality, and Gilmore Act, which applies to abandonment as to railroads and street railway companies, were specifically enacted to protect existing utility facilities, utility consumers, and their utility providers from forced termination of utility services or removal of nonmunicipal utility facilities without Commission approval. R.C. S 4905.20. | Does the Miller Act focus on protecting the existing utility customers from the termination of the utility services without commission approval? | 042509.docx | LEGALEASE-00129162-LEGALEASE-00129163 | Condensed, SA, Sub | 0.21 | 0 | 1 | 1 | 1 | 1 |
| 3379 | Lands Council v. Powell, 395 F.3d 1019 | 149E+577 | When we consider the purposes that NEPA was designed by Congress to serve, what was done here is inadequate. Congress wanted each federal agency spearheading a major federal project to put on the table, for the deciding agency's and for the public's view, a sufficiently detailed statement of environmental impacts and alternatives so as to permit informed decision making. The purpose of NEPA is to require disclosure of relevant environmental considerations that were given a "hard look" by the agency, and thereby to permit informed public comment on proposed action and any choices or alternatives that might be pursued with less environmental harm. To this end, we have previously held that NEPA requires adequate cataloguing of relevant past projects in the area. Muckleshoot Indian Tribe v. United States Forest Serv., 177 F.3d 800, 809"10 (9th Cir.1999) ("[A]n EIS must catalogue adequately the relevant past projects in the area Detail is therefore required in describing the cumulative effects of a proposed action with other proposed actions." Stated differently, the general rule under NEPA is that, in assessing cumulative effects, the Environmental Impact Statement must give a sufficiently detailed catalogue of past, present, and future projects, and provide adequate analysis about how these projects, and differences between the projects, are thought to have impacted the environment. See Neighbors of Cuddy Mountain v. United States Forest Serv., 137 F.3d 1372, 1379"80 (9th Cir.1998); City of Carmel"By"The"Sea v. United States Dept. of Transp., 123 F.3d 1142, 1160"61 (9th Cir.1997). | Purpose of National Environmental Policy Act (NEPA) is to require disclosure of relevant environmental considerations that were given a "hard look" by the agency, and thereby to permit informed public comment on proposed action and any choices or alternatives that might be pursued with less environmental harm. National Environmental Policy Act of 1969, S 2 et seq., 42 U.S.C.A. S 4321 et seq. | Does NEPA require disclosure of relevant information? | 047633.docx | LEGALEASE-00129147-LEGALEASE-00129148 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 3380 | Chomski v. Alston Cab Co., 32 A.D.2d 627 | 307A+742.1 | We derogate in no way from our view, previously expressed, that the Justice at Pretrial Term should act as a catalyst in bringing the parties together to a fair settlement and to that end should evince all reasonable exhortation, guidance and direction, eschewing however undue pressure or any coercive measures, no matter how subtly applied. Wolff v. Laverne, Inc., 17 A.D.2d 213, 233 N.Y.S.2d 555. Nor do we question the objective and well-intentioned zeal of the Justice whose order is under review. Nevertheless, mere refusal on the part of defendant's counsel, or reluctance to accede to the court's specific view of a settlement should not be followed by judicial lightning. This is so, even when here, the tactics of defendant are open to the reproach of dilatory foot-dragging. Yet, the particular record before us is an insufficient basis to support an affirmative finding of bad faith on the part of defendant's counsel. Binninger v. Grillo, 28 A.D.2d 1100, 284 N.Y.S.2d 189. And to permit this disposition to stand would only leave behind a vexatious precedent, be unfair to the general tort litigants who must stand and wait, and borrow trouble of the future. Accordingly, the case should be restored to its original position on the calendar. | Justice at pretrial term should act as a catalyst in bringing parties together to a fair settlement, and to that end should evince all reasonable exhortation, guidance and direction, eschewing however undue pressure or any coercive measures, no matter how subtly applied. | How should the Justice at a pretrial term should act? | Pretrial Procedure - Memo # 1381 - C - MS.docx | ROSS-003287777-ROSS-003287778 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3381 | Connell v. State Highway Comm'n, 192 Kan. 371 | 388+9(1) | The primary purpose of pretrial procedure is to define the issues and eliminate those that are unnecessary; avoid the necessity of proof of purely formal matters that should be admitted; expedite the trial, avoid surprise; consider and identify exhibits and documentary evidence, and amend the pleadings to conform to the issues as defined.\| Pretrial procedure was adopted to enable courts to call the parties before them and cut away, by agreement and admission of the parties, all encumbrances to a speedy trial on simplified issues. At a pretrial conference, the trial court has authority to compel the parties to agree as to all facts concerning which there can be no real dispute, but the court should not attempt to determine disputed questions of fact at such conference. | Primary purpose of pretrial procedure is to define issues and eliminate those that are unnecessary, avoid necessity of proof of purely formal matters that should be admitted, expedite trial, avoid surprise, consider and identify exhibits and documentary evidence, and amend pleadings to conform to issues as defined. | What is the primary purpose of pre-trial procedure? | Pretrial Procedure - Memo # 1543 - C - SN.docx | ROSS-003287116-ROSS-003287117 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3382 | Cockrell v. Garton, 244 Neb. 359 | 307A+742.1 | No foundation having been laid for the receipt into evidence of the subject exhibit, the controlling question is whether Cockrell's pretrial conference memorandum, read together with the pretrial conference order, obviated the need for such. The purpose of a pretrial conference is to simplify the issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial. To that end litigants must adhere to the spirit of the procedure and are bound by the pretrial order to which no exception has been taken. | Purpose of pretrial conference is to simplify issues, to amend pleadings when necessary, and to avoid unnecessary proof of facts at trial; to that end litigants must adhere to spirit of procedure and are bound by pretrial order to which no exception has been taken. | To what end must litigants adhere to spirit of pre-trial procedure? | Pretrial Procedure - Memo # 1555 - C - CK.docx | ROSS-003313149-ROSS-003313150 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 3383 | Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546 | 25T+143 | Section 3 of the FAA, 9 U.S.C. " 3, affords a mechanism by which a party can request a court to stay a judicial proceeding when the matter before the court involves an issue governed by an agreement to arbitrate. Section 4, 9 U.S.C. " 4, allows a party aggrieved by another party's refusal to arbitrate to petition a district court to compel arbitration in accordance with the parties' preexisting agreement. A party seeking to stay proceedings under section 3 or to compel arbitration under section 4 must demonstrate "that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." InterGen, 344 F.3d at 142. The need for such a showing follows from the bedrock principle that "a party seeking to substitute an arbitral forum for a judicial forum must show, at a bare minimum, that the protagonists have agreed to arbitrate some claims." McCarthy, 22 F.3d at 354"55. | A party seeking to stay proceedings or to compel arbitration under the Federal Arbitration Act (FAA) must demonstrate that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope. 9 U.S.C.A. SS 3, 4. | What must a party seeking to stay proceeding or compel arbitration demonstrate? | 007386.docx | LEGALEASE-00130266-LEGALEASE-00130267 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3384 | In re Smallwood, 470 Mass. 1018 | 13+3 | As to the commission's decisions not to proceed on Smallwood's complaints, the single justice succinctly and correctly ruled that, just as there is no private right of action to obtain discipline of an attorney, see Matter of a Request for an Investigation of an Attorney, 449 Mass. 1013, 1014, 867 N.E.2d 323 (2007), or of a court clerk, see Gorbatova v. First Ass't Clerk of the Supreme Judicial Court for the County of Suffolk, 463 Mass. 1019, 1020, 979 N.E.2d 208 (2012), there is no private right of action to obtain discipline of a judge. The reasoning in those cases applies with equal force here: although an individual may file a complaint with the commission and may be a witness in commission proceedings, he or she is not a party in the commission proceeding, and nothing in the commission's rules or elsewhere in our law authorizes an appeal (or other judicial review) by a private individual from any decision of the commission. Cf. Matter of a Request for an Investigation of an Attorney, supra, quoting Binns v. Board of Bar Overseers, 369 Mass. 975, 976, 343 N.E.2d 868 (1976); Gorbatova v. First Ass't Clerk of the Supreme Judicial Court for the County of Suffolk, supra. | Just as there is no private right of action to obtain discipline of an attorney, there is no private right of action to obtain discipline of a judge, although an individual may file a complaint with the Commission on Judicial Conduct and may be a witness in Commission proceedings; complainant is not a party in the Commission proceeding, and nothing in the Commission's rules or elsewhere in the law authorizes an appeal or other judicial review by a private individual from any decision of the Commission. | Does an individual have a private right of action to bring disciplinary action against a court clerk? | 013401.docx | LEGALEASE-00131246-LEGALEASE-00131247 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 3385 | Van Welden v. Ramsay's Inc., 199 Kan. 417 | 307A+747.1 | The difficulty in considering this objection is the fact that no record was made of the pretrial conference and the results were not reduced to judgment. Under such circumstances a pretrial conference accomplishes nothing definite. Rather than limit issues it serves as a vehicle for additional argumentative issues as to what was purported to be done. It is the responsibility of both trial judge and counsel to see that a proper record is made of a pretrial conference and the results properly noted by judgment or order. | It is the responsibility of both trial judge and counsel to see that a proper record is made of a pretrial conference and the results properly noted by judgment or order. | Is it the responsibility of both a trial judge and counsel to see that a proper record is made of a pre-trial conference and the results properly noted by judgment or order? | 026759.docx | LEGALEASE-00130295-LEGALEASE-00130296 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 3386 | Shamoun & Norman, LLP v. Hill, 483 S.W.3d 767 | 307A+331 | We now consider whether the evidence justified a spoliation instruction. We review a trial court's denial of a spoliation instruction for an abuse of discretion. MRT, Inc. v. Vounckx, 299 S.W.3d 500, 510 (Tex.App."Dallas 2009, no pet.). In Brookshire Bros., Ltd. v. Aldridge, 438 S.W.3d 9, 19 (Tex.2014), the Texas Supreme Court crafted a "complete analytical framework for determining whether an act of spoliation has occurred." The party alleging spoliation bears the burden of establishing the nonproducing party had a duty to preserve the evidence. Id. The standard governing the duty to preserve evidence encompasses when the duty is triggered and the scope of that duty. Id. A duty is triggered "only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." Id. (citing Wal"Mart Stores, Inc. v. Johnson, 106 S.W.3d 718, 722 (Tex.2003)). Then, if a duty to preserve evidence existed, the party seeking a remedy for spoliation must demonstrate the other party intentionally or negligently breached its duty to preserve the relevant evidence. Id. | A duty to preserve evidence is triggered only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim. | Is a duty to preserve evidence triggered only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim? | 026824.docx | LEGALEASE-00130485-LEGALEASE-00130486 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3387 | Hadox v. Martin, 209 W. Va. 180 | 307A+749.1 | The failure to adhere to time constraints enumerated in pretrial orders and the resulting sanctions was discussed by this Court in Sheely v. Pinion, 200 W.Va. 472, 490 S.E.2d 291 (1997). In syllabus point one of Sheely, we explained as follows: "In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decides a sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration ofjustice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case." Syl. Pt. 2, Bartles v. Hinkle, 196 W.Va. 381, 472 S.E.2d 827 (1996). | In formulating appropriate sanction for failure to adhere to time constraints enumerated in pretrial orders, court initially must identify alleged wrongful conduct and determine if it warrants sanction. Rules Civ.Proc., Rule 16(f). | Should a court explain its reasons if it decides a sanction is appropriate for failure to adhere to time constraints enumerated in pretrial orders? | Pretrial Procedure - Memo # 1766 - C - PC.docx | ROSS-003287957-ROSS-003287958 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Copied Headnote Text | Judicial Opinion Text | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,944 | 14,873 | 21,876 | 9,029 |
| 1388 | Cooper v. Rouse, 232 Ga. 597 | 307Ak750 | A pre-trial order should be liberally construed to allow the consideration of all questions fairly within its ambit of the contested issues and where the question of precluding issues is raised the matter is within the discretion of the trial judge. Where, as here, there can be no under enlargement or surprise or unfairness in the court's consideration of the issue involved in the ruling, we will not conclude that the court abused its discretion under the pre-trial order in making the ruling by which Cooper objects. See § Wright & Miller, Federal Practice and Procedure, Code § 1527; Cupp v. 2007, 448 (1971), Moore's Federal Practice § 16.13.6, p. 1133 (1974). Indeed, a pre-trial order will be deemed modified to conform to evidence admitted without objection. [5] Barron & Holtzoff, Federal Practice and Procedure, s 476, pp 450-451 (1960). | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues and where the question of precluding issues is raised, matter is within discretion of trial judge. Code, § 81A-116. | 02705.docx | LEGALEASE 00130727-LEGALEASE 00130728 | 5A_Sub | 0.72 | | | | 1 | |
| 1389 | Great Games v. S.C. Dep't of Revenue, 339 S.C. 79 | 371v2301 | Statutes should be construed in light of their intended purposes, and in ascertaining the intent of the legislature, a court should not focus on any single section or provision but should construe the language of the statute as a whole. Mid-State Auto Auction of Lexington, Inc. v. Altman, 324 S.C. 65, 476 S.E.2d 690 (1996). Statutes which are part of the same legislative scheme should be read together. Doe v. Brown, 331 S.C. 491, 489 S.E.2d 917 (1997). The legislature pointed out its intent in enacting the Revenue Procedures Act. "[T]o provide the citizens of this State with a single forward procedure to determine any disputed revenue liability." § 12-60-20, S.C. Code Ann. (Supp. 1998), and noted that the provisions of Title 12 dealing with "tax appeals." See 1995 Act No. 60, § 41. The Revenue Procedures only apply to appeals of taxes arising within the meaning of the Act as a whole, and it is also clear that the fines imposed against businesses for violation of video poker regulations is not a tax within the meaning of the Act. See § 12-60-3370(7), supra, which requires the consideration of the term. See, e.g., Powell v. Chapman, 260 S.C. 516, 197 S.E.2d 287 (1973). The essential nature of the fee is whether it is a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, for the purpose of raising revenue. The contribution being of proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes, and not levied in return for some special privilege or particular service rendered. Code §§ 70, 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(7). | Statutes should be construed in light of their intended purposes, and in ascertaining the intent of the legislature, a court should not focus on any single section or provision but should construe the language of the statute as a whole. | 04701.docx | LEGALEASE 00130784-LEGALEASE 00130785 | 5A_Sub | 0.76 | | | | 1 | |
| 1390 | Hoang v. Williams, 47 A.D.3d 1084 | 89×151 | It is well settled that "[w]hen, as here, "the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties' and will be enforced as a matter of law" Liberty, Liberty, Fraud, or mutual mistake'" ( Globe v. Albany Hosp. Auth., 288 A.D.2d 657, 658, 733 N.Y.S.2d 507 [2001] (citations omitted), lv denied 97 N.Y.2d 745, 743 N.Y.S.2d 666, 770 N.E.2d 280 [2002] ). With respect to plaintiff's claim of fraud, we note that " '[i]n order to avoid a release on [that] ground [ ], ... a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case' " ( Touloumis v. Chalem, 156 A.D.2d 230, 231, 548 N.Y.S.2d 493 [1989]; see Maddaloni v. Maddaloni, 142 A.D.2d 646, 647, 530 N.Y.S.2d 602 [1988]; Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V., 901 N.Y.S.2d 618, 824 N.Y.S.2d 514, 873 N.E.2d 1265 [2005], quoting Touloumis v. Chalem, 156 A.D.2d 230, 231, 548 N.Y.S.2d 493 [1989]; see Maddaloni v. Maddaloni, 142 A.D.2d 646, 647, 530 N.Y.S.2d 602 [1988], citation omitted] ). | Must a party allege every material element of fraud to avoid a release? | 02700.docx | LEGALEASE 00131614-LEGALEASE 00131615 | 5A_Sub | 0.89 | | | | 1 | |
| 1391 | Straub v. Smith, No. 31955, 2006 WL 1982878 | 307Ak601 | A stipulation to dismiss an action made pursuant to R.C.P. 41(a)(1) is considered a voluntary dismissal by all parties. Williams v. Idaho State Bar, 140 Idaho 40, 91 P.3d 977 (2004). Voluntary dismissal under Rule 41(a)(1) is a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a stipulation to dismiss is filed with the district court. Hyde v. Fisher, 146 Idaho 782, 203 P.3d 712 (2009). A voluntary dismissal under Rule 41(a)(1) of the Idaho Rules of Civil Procedure does not require a court order because the filing of a notice of dismissal by the plaintiff "without a court order" effectively terminates the action. In this case, the plaintiff encode dismissal after the defendant has served an answer or filed a motion for summary judgment and where the defendant does not stipulate to the dismissal, may only obtain a dismissal through an order of the court. I.R.C.P. 41(a)(2). | Is a voluntary dismissal a matter of right and does not require the consent or permission of the district court so long as a notice of dismissal or a stipulation to dismiss is filed with the district court? | Pretrial Procedures - Memo #1489 - C - ES.docx | ROSS-003130369-ROSS-003130370 | Order_5A_Sub | 0.71 | | 1 | | 1 | |
| 1392 | Holdorhj v. Missouri Kansas Texas R. Co., 224 Kan. 457 | 307Ak740.1 | As a general rule a pretrial order entered by the trial court, pursuant to K.S.A. 60-216, controls the subsequent course of action unless such order is modified at the trial to prevent manifest injustice. This proviso reposes in the trial court large discretionary powers [ Freeto v. Martoon, 222 Kan. 335, 341, 564 P.2d 58 (1977); Kenco Enterprises, Inc. v. Clouse, 221 Kan. 596, 561 P.2d 834 (1977); and Dold v. Sherow, supra, 220 Kan. at 355, 552 P.2d 945]. | Generally, does a pretrial order controls subsequent course of action unless such order is modified at trial to prevent manifest injustice? | 02720.docx | LEGALEASE 00131276-LEGALEASE 00131277 | 5A_Sub | 0.61 | | | | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3393 | Adams v. Bath & Body Works, 358 Ill. App. 3d 387 | 307A+390 | In a strict-products-liability case, the preservation of the allegedly defective product is important both to the proof of and defense to liability. Stringer v. Packaging Corp. of America, 351 Ill.App.3d 1135, 1138, 287 Ill.Dec. 73, 815 N.E.2d 476 (2004). Even prior to the filing of such a lawsuit, a potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence.\| Shimanovsky, 181 Il].2d at 121, 229 Ill.Dec. 513, 692 N.E.2d 286. Underlying this duty is the fear that if a court were unable to sanction a party for the presuit destruction of evidence, a potential litigant could circumvent discovery rules or escape liability simply by destroying the proof prior to the filing ofa complaint. Shimanovsky, 181 Ill.2d at 121, 229 Ill. Dec. 513, 692 N.E.2d 286. | Even prior to the filing of a strict-products-liability action, a potential litigant owes a duty to take reasonable measures to preserve the integrity of relevant and material evidence. Sup.Ct.Rules, Rule 219(c). | Does a potential litigant owe a duty to take reasonable measures to preserve the integrity of relevant and material evidence prior to the filing of the lawsuit? | Pretrial Procedure - Memo # 1981 - C - SHB.docx | ROSS-003286431-ROSS-003286432 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3394 | Holiday Queen Land Corp. v. Baker, 489 F.2d 1031 | 170A+1693 | As we noted in Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967), a court exercising its discretion in considering voluntary dismissal must:follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby. 385 F.2d at 368 (quoting 2 Barron & Holtzoff Federal Practice and procedure " 912, Wright's ed.). INA came late to the case and suffered a minimum of expense. Had the court granted a voluntary dismissal, INA faced only the annoyance of a second litigation upon the same subject matter. Despite INA's insistence that a second suit would be only a perpetuation of the frivolous and spurious, we conclude that INA would not have lost any substantial right by the dismissal. | A court exercising its discretion in considering a motion for voluntary dismissal must follow the traditional principle that dismissal should be allowed unless defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit; and it is not a bar that plaintiff may obtain some tactical advantage thereby. Fed.Rules Civ.Proc. rule 41(a)(2), 28 U.S.C.A. | Can voluntary dismissals be allowed without any prejudice to the defendant other than by the mere prospect of a second lawsuit? | 027588.docx | LEGALEASE-00131961-LEGALEASE-00131962 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 3395 | In re Collette's Estate, 122 Vt. 231 | 307A+749.1 | At a pre-trial conference, held just before the actual trial of the case below, all parties interested were represented by counsel. A transcript of the conference was made and is part of the record before us. Counsel for the present appellant stated to the trial court "we are not going to question any items in the account outside of the hay account". The record of the pre-trial conference clearly indicates that all parties to the proceeding agreed that the question of whether the guardian properly accounted for all hay in his hands belonging to the ward was the only issue to be decided. As the presiding judge below said "Well, it seems to me that it is going to be, only, a question as far as this hay goes'. The pre-trial court is considered a part of the trial procedure in any cause. The subsequent course of action is controlled by agreements or admissions made at the pre-trial conference. In re Cartmell's Estate, 120 Vt. 234, 238, 138 A.2d 592. | Pre-trial court is considered a part of trial procedure and subsequent course of action is controlled by agreements or admissions made at pretrial conference. | Is the pre-trial court considered a part of the trial procedure and the subsequent course of action is controlled by agreements or admissions made at the pretrial conference? | Pretrial Procedure - Memo # 2290 - C - SK.docx | ROSS-003315100-ROSS-003315101 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3396 | Robinson v. Boyd, 288 Ga. 53 | 241+130(1) | For over a century, however, there has also been a statute providing that if the original complaint was filed within the applicable statute of limitation, the plaintiff may voluntarily dismiss the case and recommence it within six months after the dismissal by filing a new complaint, subject only to the requirement of payment of costs in the original action. See OCGA " 9"2"61(a). If the dismissal occurs after the statute of limitation has run, "this privilege of renewal shall be exercised only once." Id. Most important for the issue presented, it is firmly established that the renewal suit is deemed an action de novo, in which defenses to the original action are inapplicable unless they would render the original action void and not just voidable. See Hobbs, 264 Ga. at 360, 444 S.E.2d 322; Bishop v. Greene, 62 Ga.App. 126, 126"127, 8 S.E.2d 448 (1940); Edwards v. Ross, 58 Ga. 147, 149 (1877). | A renewal suit filed after a voluntary dismissal is deemed an action de novo, in which defenses to the original action are inapplicable, unless they would render the original action void and not just voidable. West's Ga.Code Ann. S 9-2-61(a). | "Is a renewal suit filed after a voluntary dismissal deemed an action de novo, in which defenses to the original action are inapplicable, unless they would render the original action void and not just voidable?" | Pretrial Procedure - Memo # 2314 - C - NS.docx | ROSS-003328459-ROSS-003328460 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3397 | Bank of Am., N.A. v. Mitchell, 204 Cal. App. 4th 1199 | 307A+517.1 | Pursuant to section 581, a plaintiff may voluntarily dismiss an action, "with or without prejudice," at any time before the "actual commencement of trial." (" 581, subds. (b)(1), (c).) Further, a plaintiff may voluntarily dismiss an action with prejudice "at any time before the submission of the cause." (Estate of Somers (1947) 82 Cal.App.2d 757, 759, 187 P.2d 433.) Upon the proper exercise of the right of voluntary dismissal, a trial court " "would thereafter lack jurisdiction to enter further orders in the dismissed action." (Wells v. Marina City Properties, Inc. (1981) 29 Cal.3d 781, 784 [176 Cal.Rptr. 104, 632 P.2d 217].) "Alternatively stated, voluntary dismissal of an entire action deprives the court of both subject matter and personal jurisdiction in that case, except for the limited purpose of awarding costs and ... attorney fees. [Citations.]" (Gogri v. Jack in the Box, Inc. (2008) 166 Cal.App.4th 255, 261 [82 Cal.Rptr.3d 629].)" (Lewis C. Nelson & Sons, Inc. v. Lynx Iron Corp. (2009) 174 Cal.App.4th 67, 76, 94 Cal.Rptr.3d 468.) | Upon the proper exercise of the right of voluntary dismissal, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action. West's Ann.Cal.C.C.P. S 581. | "Upon the proper exercise of the right of voluntary dismissal, will a trial court thereafter lack jurisdiction to enter further orders in the dismissed action?" | 027824.docx | LEGALEASE-00131941-LEGALEASE-00131942 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3398 | Hiers v. Mitchell, 95 Fla. 345 | 371+2001 | "A tax is an enforced contribution of money or other property, assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state on persons or property within its jurisdiction for the purpose of defraying the public expenses. The exercise of the power of taxation consists of two distinct processes"the one relating to the levying or imposition of the taxes on persons or property; the other to the collection of the taxes levied. The first is constituted of the provisions of law which determine or work out the determination of the persons or property to be taxed, the sum or sums to be thus raised, the rate thereof and the time and manner of levying and receiving and collecting the taxes. It definitely and conclusively established the sum to be paid by each person taxed or to be borne by each property specifically assessed, and creates a fixed and certain demand in favor of the state or a subordinate governmental agency, and a definite and positive obligation on the part of those taxed. The second is constituted of the provisions of law which prescribe the manner of enforcing the obligation on the part of those taxed to pay the demand thus created." (Underscores are by us.). | "Tax" is enforced contribution of money or other property assessed by reasonable rule or apportionment by authority of sovereign state on persons or property within jurisdiction to defray public expenses. | Is tax an enforced contribution of money or other property on persons or property within its jurisdiction for the purpose of defraying the public expenses? | 044815.docx | LEGALEASE-00131546-LEGALEASE-00131548 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3399 | Knox v. City of Orland, 4 Cal. 4th 132 | 268+405 | The characteristics of a special assessment are not in dispute. A special assessment is a " " "compulsory charge placed by the state upon real property within a pre-determined district, made under express legislative authority for defraying in whole or in part the expense of a permanent public improvement therein...."""[Citation.]" (San Marcos Water Dist. v. San Marcos Unified School Dist. (1986) 42 Cal.3d 154, 161, 228 Cal.Rptr. 47, 720 P.2d 935.) In this regard, a special assessment is "levied against real property particularly and directly benefited by a local improvement in order to pay the cost of that improvement." (Solvang, supra, 112 Cal.App.3d at p. 554, 169 Cal.Rptr. 391.) "The rationale of special assessment is that the assessed property has received a special benefit over and above that received by the general public. The general public should not be required to pay for special benefits for the few, and the few specially benefited should not be subsidized by the general public. [Citation.]" (Id., at p. 552, 169 Cal.Rptr. 391.) Thus, "[a]lthough a special assessment is imposed through the same mechanism used to finance the cost of local government, in reality it is a compulsory charge to recoup the cost of a public improvement made for the special benefit of particular property." (Id., at p. 553, 169 Cal.Rptr. 391.) | "Special assessment" is a compulsory charge placed by the state upon real property within a predetermined district and made under express legislative authority for deferring in whole or in part the expense of a permanent public improvement therein, whereas a "tax" can be levied without reference to particular benefits to particular individuals or property. | "Is legislative authority essential for a ""special assessment"" made on a public property?" | 044970.docx | LEGALEASE-00132055-LEGALEASE-00132056 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3400 | Great Games v. S.C. Dep't of Revenue, 339 S.C. 79 | 371+2001 | Statutes should be construed in light of their intended purposes, and in ascertaining the intent of the legislature, a court should not focus on any single section or provision but should consider the language of the statute as a whole. Mid"State Auto Auction of Lexington Inc. v. Altman, 324 S.C. 65, 476 S.E.2d 690 (1996). Statutes which are part of the same legislative scheme should be read together. Doe v. Brown, 331 S.C. 491, 489 S.E.2d 917 (1997). The Legislature explained its intent in enacting the Revenue Procedures Act: "[T]o provide the people of this State with a straight forward procedure to determine any disputed revenue liability," " 12"60"20, and in promulgating this Act, it expressly repealed all provisions of Title 12 dealing with "tax appeals." See 1995 Act No. 60, " 41. That the Act concerns only tax appeals is clear from of reading of the Act as a whole, and it is also clear that the fine assessed against Busters for violation of video poker regulations is not a tax within the meaning of the Act, see " 12"60"30(27), supra, nor a tax within the ordinary definition of the term. See, e.g., Powell v. Chapman, 260 S.C. 516, 197 S.E.2d 287 (1973):The essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. 84 C.J.S. Taxation s 1, at page 32. The question of whether a particular contribution, charge, or burden is to be regarded as a tax depends on its real nature and not on its designation. | The essential characteristics of a "tax" are that it is not a voluntary payment or donation, but an enforced contribution, enacted pursuant to legislative authority, in the exercise of the taxing power, the contribution being of a proportional character, payable in money, and imposed, levied, and collected for the purpose of raising revenue, to be used for public or governmental purposes. Code 1976, S 12-60-30(27). | What is the essential feature of a tax? | 045642.docx | LEGALEASE-00132142-LEGALEASE-00132143 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3401 | United States v. Rosen, 716 F.3d 691 | 63+1(1) | Here, each of the crimes of conviction could be proven by evidence of an illegal quid pro quo agreement, which we have previously defined as "a government official's receipt of a benefit in exchange for an act he has performed, or promised to perform, in the exercise of his official authority." United States v. Ganim, 510 F.3d 134, 141 (2d Cir.2007); see N.Y. Pub. Off. Law " 73(5)(a) (prohibiting exchanges intended to influence a state legislator in his official duties). To establish the " "corrupt" intent necessary to a bribery conviction," the Government must prove that the defendant had " "a specific intent to give ... something of value in exchange for an official act," " United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002) (emphasis in original) (quoting United States v. Sun"Diamond Growers of Cal., 526 U.S. 398, 404"05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999)), which generally includes any act taken "under color of official authority," Ganim, 510 F.3d at 142 n. 4. We have made it crystal clear that the federal bribery and honest services fraud statutes that Rosen was convicted of violating criminalize "scheme[s] involving payments at regular intervals in exchange for specific official[ ] acts as the opportunities to commit those acts arise," even if "the opportunity to undertake the requested act has not arisen," id. at 147, and even if the payment is not exchanged for a particular act but given with the expectation that the official will "exercise particular kinds of influence," United States v. Coyne, 4 F.3d 100, 114 (2d Cir.1993). "Once the quid pro quo has been established, ... the specific transactions comprising the illegal scheme need not match up this for that."Ganim, 510 F.3d at 147. | Once the quid pro quo has been established, to support a federal bribery or honest services fraud conviction, the specific transactions comprising the illegal scheme need not match up this for that. 18 U.S.C.A. SS 666(a)(2), 1346. | "If the quid pro quo has been established, to support a federal bribery or honest services fraud conviction, does each specific transaction comprising the illegal scheme need to be matched?" | 011185.docx | LEGALEASE-00132600-LEGALEASE-00132602 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 3402 | J.P. v. Dist. Court In & For 2nd Judicial Dist. of Denver, 873 P.2d 745 | 307A+45 | Sanctions for failure to comply with disclosure rules are applied at the discretion of the trial court and should not be disturbed absent an abuse of discretion. Freedman, 849 P.2d at 815. In imposing sanctions pursuant to discovery violations, "[t]he trial judge should exercise informed discretion in imposing a sanction which is commensurate with the seriousness of the disobedient party's conduct." Kwik Way Stores, Inc. v. Caldwell, 745 P.2d 672, 677 (Colo.1987); see also Nagy, 762 P.2d at 161. Sanctions can include issue or witness preclusion or the limitation of testimony. Freedman, 849 P.2d at 815; Locke v. Vanderark, 843 P.2d 27, 29 (Colo.App.1992); United Bank of Lakewood Nat'l Ass'n v. One Center Joint Venture, 773 P.2d 637 (Colo.App.1989). However, issue or witness preclusion is a severe sanction and should only be invoked when there has been serious misconduct by the party seeking modification of the pretrial order by the endorsement of a substitute witness. See Freedman, 849 P.2d at 815 (stating that the rule requires designation and description of expert testimony "at some reasonable time before trial. This is to prevent undue surprise and to give each party the opportunity to prepare adequately"). Additionally, when there is no violation of Rule 16, it is an abuse of discretion to impose any sanction. See Four Strong Winds, 826 P.2d at 414; City of Westminster v. MOA, Inc., 867 P.2d 137, 141 (Colo.App.1993). | Sanction of issue or witness preclusion for discovery violation is severe sanction and should only be invoked if there has been serious misconduct by party seeking modification of pretrial order by endorsement of substitute witness. Rules Civ.Proc., Rule 16. | Should severe discovery sanctions such as issue or witness preclusion be invoked when there has been serious misconduct by party seeking modification of pretrial order? | 027230.docx | LEGALEASE-00132787-LEGALEASE-00132788 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 3403 | State ex rel. Rosen v. Smith, 241 S.W.3d 431 | 307A+517.1 | In non-jury cases, a plaintiff may voluntarily dismiss his or her suit without a court order at any time prior to the introduction of evidence at trial. Rule 67.02(a)(2).Once a plaintiff does so, "it is as if the suit were never brought." Liberman v. Liberman, 844 S.W.2d 79, 80 (Mo.App. E.D.1992). The circuit court may take no further steps as to the dismissed action, and any step attempted is viewed a nullity. Id. The court loses jurisdiction as of the date of dismissal. Id. at 81. This is so despite the fact the opposing party had motions pending at the time the dismissal was filed. See Atteberry v. Hannibal Regional Hosp., 875 S.W.2d 171, 173 (Mo.App. E.D.1994). | After plaintiff voluntarily dismisses his suit, the court loses jurisdiction as of the date of dismissal; this is so despite the fact the opposing party had motions pending at the time the dismissal was filed. V.A.M.R. 67.02(a)(2). | "After a plaintiff voluntarily dismisses his suit, does the court lose jurisdiction as of the date of dismissal despite the fact the opposing party had motions pending at the time the dismissal was filed?" | 027981.docx | LEGALEASE-00133095-LEGALEASE-00133096 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 3404 | Harris v. Billings, 16 Cal. App. 4th 1396 | 307A+506.1 | Nor may a plaintiff dismiss without prejudice when, having failed to answer requests for admissions, all the issues in the case are deemed admitted in defendant's favor. "Deemed admissions which effectively dispose of the case by resolving all the issues constitute a trial of the issues for purposes of dismissing pursuant to section 581, subdivision 1." (Miller v. Marina Mercy Hospital (1984) 157 Cal.App.3d 765, 770, 204 Cal.Rptr. 62; see Cal"Vada Aircraft, Inc. v. Superior Court (1986) 179 Cal.App.3d 435, 446, 224 Cal.Rptr. 809, for discussion of the various exceptions to the right to voluntary dismissal.) | Plaintiff may not dismiss without prejudice when, having failed to answer requests for admissions, all issues in case are deemed admitted in defendant's favor. | "Can a plaintiff dismiss without prejudice when, having failed to answer requests for admissions, all issues in the case are deemed admitted in the defendant's favor?" | 028170.docx | LEGALEASE-00132818-LEGALEASE-00132819 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3405 | Darr v. Altman, 20 S.W.3d 802 | 307A+475 | Darr contends the trial court abused its discretion in refusing to strike deemed admissions, which were submitted in support of Altman's motions for summary judgment. When a party does not return answers to requests for admissions within thirty days, the matters in the requests are deemed admitted against that party. See Wal"Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 355 (Tex.1998) (citing Tex. R. Civ. P. 169). A party, however, may withdraw deemed admissions "upon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." Tex. R. Civ. P. 169(2). A party can establish good cause by showing that its failure to answer was accidental or the result of mistake, rather than intentional or the result of conscious indifference. See Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996). Because the trial court has broad discretion in permitting or denying the withdrawal of deemed admissions, the appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. See id | A party can establish good cause for failing to return answers to requests for admissions by showing that its failure to answer was accidental or the result of mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2) (Repealed). | "Does a party establish ""good cause"" sufficient to withdraw a deemed admission by showing that the failure to timely respond to the requests for admissions was an accident or mistake, not intentional or the result of conscious indifference?" | 028177.docx | LEGALEASE-00132968-LEGALEASE-00132969 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3406 | Ramsey v. Criswell, 850 S.W.2d 258 | 307A+486 | The party seeking to have deemed admissions withdrawn has the burden to present evidence to the court that establishes good cause for his failure to make timely answers, that withdrawal of the admissions would not prejudice the opposing party, and that the presentation of the merits would be subserved by the withdrawal. Tinney v. Team Bank, 819 S.W.2d 560, 562 (Tex.App.-Fort Worth 1991, writ denied); Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d 683, 688 (Tex.App.-Tyler 1990, no writ). The requirement of good cause may be established by a showing that the failure to file was not intentional or in conscious disregard of the party's obligation to timely file an answer. Boone v. Texas Employers' Ins. Ass'n, 790 S.W.2d at 689. Under this standard, even a slight excuse for the original failure to answer is sufficient. Esparza v. Diaz, 802 S.W.2d 772, 776 (Tex.App.-Houston [14th Dist.] 1990, no writ). Negligence of a party will not prevent a showing of good cause as long as the negligence does not rise to the level of conscious indifference. Fibreboard Corp. v. Pool, 813 S.W.2d 658, 683 (Tex.App.-Texarkana 1991, writ denied). | Party seeking to have deemed admissions withdrawn has burden to prove good cause for failure to make timely answers, that withdrawal of admissions would not prejudice opposing party, and that presentation of merits would be subserved by withdrawal; requirement of good cause may be established by showing that failure to file was not intentional or in conscious disregard of obligation to timely file answer, and under this standard, even slight excuse for original failure to answer is sufficient. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subds. 1, 2. | "Generally, does the party seeking withdrawal of deemed admissions have the burden to establish good cause?" | Pretrial Procedure - Memo # 2571 - C - ES.docx | ROSS-003301571-ROSS-003301572 | Condensed, SA, Sub | 0.51 | 0 | 1 | 1 | 1 | 1 |
| 3407 | Estate of Barksdale ex rel. Farthing v. Duke Univ. Med. Ctr., 175 N.C. App. 102 | 307A+517.1 | The effects of a Rule 41(a) voluntary dismissal are well-settled in our state. " "A Rule 41(a) dismissal strips the trial court of authority to enter further orders in the case, except as provided by Rule 41(d)[,] which authorizes the court to enter specific orders apportioning and taxing costs." " Brisson, 351 N.C. at 593, 528 S.E.2d at 570 (quoting Walker Frames v. Shively, 123 N.C.App.643, 646, 473 S.E.2d 776, 778 (1996)). A Rule 41(a) voluntary dismissal " "leave[s] the plaintiff exactly where he [or she] was before the action was commenced." " Id. (quoting Gibbs v. Carolina Power & Light Co., 265 N.C. 459, 464, 144 S.E.2d 393, 398 (1965)). Once a court has granted a Rule 41(a) dismissal, " "[t]here is nothing the defendant can do to fan the ashes of that action into life[,] and the court has no role to play." " Id. (quoting Universidad Cent.Del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 18 n. 4 (1st Cir.1985)). | Voluntary dismissal of action strips the trial court of authority to enter further orders in the case, except to enter specific orders apportioning and taxing costs. Rules Civ.Proc., Rule 41(a,d), West's N.C.G.S.A. S 1A-1. | "Does voluntary dismissal of an action strip the trial court of authority to enter further orders in the case, except to enter specific orders apportioning and taxing costs?" | 028200.docx | LEGALEASE-00132756-LEGALEASE-00132757 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 3408 | Roberts v. Gen. Motors Corp., 140 N.H. 723 | 307A+517.1 | GM argues that this interpretation will lead to actions being brought, dismissed, and saved under the saving statute, over and over, ad infinitum. We reject this argument, as we rejected a similar slippery slope argument in Desaulnier v. Manchester School District, 140 N.H. 336, 339, 667 A.2d 1380, 1382 (1995). The trial court has ample authority to guarantee that such abuses do not occur. The court can, for example, deny a plaintiff's motion for voluntary nonsuit without prejudice; the court has discretion to grant a nonsuit only with prejudice, if it would be "manifestly unjust" to the defendant to grant plaintiff's request. Total Service, Inc. v. Promotional Printers, Inc., 129 N.H. 266, 268, 525 A.2d 273, 275 (1987) (quotation omitted). The court might so decide if the plaintiff, by his act or agreement, has pursued the suit or committed himself to such an extent that a nonsuit would be unfair to the defendant, see id. at 268"69, 525 A.2d at 275"76; 5 R. Wiebusch, New Hampshire Practice, Civil Practice and Procedure "" 1069, 1071, 1075 (1984). The court also has the power to dismiss an action with prejudice where the plaintiff has not complied with court rules. 5 Wiebusch, supra " 1416 (Supp.1994); Foster v. Bedell, 136 N.H. 728, 730, 621 A.2d 936, 938, cert. denied, 510 U.S. 844, 114 S.Ct. 133, 126 L.Ed.2d 96 (1993). The trial court's discretion in dismissing cases with or without prejudice, or in denying a plaintiff's motion for voluntary nonsuit, is sufficient to prevent an infinitude of successive actions being filed. | Trial court can deny plaintiff's motion for voluntary nonsuit without prejudice, and grant nonsuit only with prejudice, if it would be manifestly unjust to defendant to grant plaintiff's request. | "Can a trial court deny a plaintiff's motion for voluntary nonsuit without prejudice, and grant nonsuit only with prejudice, if it would be manifestly unjust to the defendant to grant plaintiff's request?" | 028212.docx | LEGALEASE-00133230-LEGALEASE-00133231 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3409 | Shaheen v. Cty. Of Mathews, 265 Va. 462 | 307A+486 | Under the first prong of this two-part test, the moving party has the burden to demonstrate that withdrawal or amendment of an admission will "subserve" the presentation of the merits of the action. Gary Mun. Airport Auth. v. Peters, 550 N.E.2d 828, 831 (Ind. App.1990); Farm Credit, 474 N.W.2d at 888. This aspect of the test is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir.1995); accord Perez, 297 F.3d at 1266; Prusia, 18 F.3d at 640; ADM Agri-Industries, Ltd. v. Harvey, 200 F.R.D. 467, 471 (M.D.Ala.2001); Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192, 193 (D.Conn.1976); Gary Munc. Airport, 550 N.E.2d at 831; Farm Credit, 474 N.W.2d at 888. The record in this case demonstrates that the County satisfied the first prong of the two-part test. The circuit court found that the admissions, viewed as a whole, would result in the County's "admitting away the case," and we agree. For example, the Shaheens requested the County to admit that it had not recorded in the land records of Mathews County the final order in the Nelson suit and that there was no index reference in the land records of Mathews County reflecting the County's ownership interest in the road and landing site at Auburn. The County admitted by default matters that were at the core of its case. Thus, allowing the County to withdraw the admissions aided in the " 'ascertainment of the truth and the development of the merits." " Smith, 837 F.2d at 1577 (quoting with approval the district court's opinion in that case). The admissions in this case, if not withdrawn, would have "practically eliminate[d] any presentation of the merits of the case | In action to affirm easement for river landing on landowners' property in which county was seeking to withdraw default admissions to requests for admissions, first prong of two-part test governing trial court's discretion on withdrawal or amendment of admissions, requiring moving party to demonstrate that withdrawal or amendment will subserve the presentation of the merits of the action, was satisfied, as the admissions viewed as a whole would have resulted in county's admitting away its case; landowners had requested county to admit it had not recorded in land records court order establishing landing and easement, and that there was no index references in the land records reflecting county's interest. Sup.Ct.Rules, Rule 4:11(b). | "In order to satisfy the first prong of the two-part test for withdrawing or amending admissions, must the moving party show that the presentation of the merits of the case will be subserved by allowing the withdrawal or amendment?" | Pretrial Procedure - Memo # 2699 - C - TM.docx | ROSS-003300173-ROSS-003300174 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3410 | Thor Industries v. Indiana Dept. of State Revenue, 60 N.E.3d 308 | 307A+486 | Trial Rule 36(B) provides a defense against the withdrawal of deemed admissions: a showing of prejudice against the opponent of the withdrawal. See T.R. 36(B). " "[P]rejudice" does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of his case." City of Muncie v. Peters, 709 N.E.2d 50, 55 (Ind.Ct.App.1999) (citation omitted), trans. denied. In other words, the prejudice contemplated under Trial Rule 36(B) relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that had been deemed admitted. See id. For example, prejudice may be shown in instances "where the party obtaining the admission is unable to produce key witnesses or present important evidence." Id. (citations omitted). | Prejudice contemplated under rule providing defense against withdrawal of deemed admissions on a showing of prejudice against the opponent of the withdrawal relates to the difficulty a party may face in proving its case because it suddenly needs to obtain evidence to prove a matter that had been deemed admitted. Trial Procedure Rule 36(B). | What does prejudice contemplated under rule providing defense against withdrawal of deemed admissions on a showing of prejudice against the opponent of the withdrawal relate to? | 028607.docx | LEGALEASE-00132956-LEGALEASE-00132957 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 3411 | Jones v. Boswell, 250 S.W.3d 140 | 386+7 | Trespass to chattel is the wrongful interference with the use or possession of another's property. Omnibus Int'l, Inc. v. AT & T, Inc., 111 S.W.3d 818, 826 (Tex.App.-Dallas 2003, pet. dism'd). The distinction between trespass and conversion is that conversion requires the actor to pay the full value of the thing with which he has interfered. Id. (citing W. Page Keeton et al, Prosser and Keeton on the Law of Torts " 14, at 85"86 (5th ed.1984)). A trespass occurs not only when a party wrongfully acquires possession of another's property but also when he wrongfully retains possession. See Zapata v. Ford Motor Credit Co., 615 S.W.2d 198, 201 (Tex.1981) (a detention of personalty lawfully obtained, after demand, is a wrongful act constituting a trespass). The commission of a trespass does not necessarily mean that the actor is liable for damages. Liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. Id.; Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770 (1945). | The commission of a trespass to chattel does not necessarily mean that the actor is liable for damages; liability does not attach unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time. | Does the commission of a trespass to chattels necessarily mean that the actor is liable for damages? | 047312.docx | LEGALEASE-00133275-LEGALEASE-00133276 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3412 | Racine Steel Castings, Div. of Evans Prod. Co. v. Hardy, 139 Wis. 2d 232 | 413+1 | Our supreme court has described the worker's compensation law as "an all-pervasive legislative scheme which attempts to effect a compromise between the employer and the employee's competing interests." Mulder v. Acme-Cleveland Corp., 95 Wis.2d 173, 180, 290 N.W.2d 276, 279-80 (1980). The compromise involves trade-offs: the worker recovers regardless of his own fault or his employer's absence of fault; the employer's common law defenses of contributory negligence, assumption of risk, and the fellow-servant rule are abrogated, and in exchange the worker is obliged to accept a limited and scheduled compensation award. Id. at 180, 290 N.W.2d at 280. Worker's compensation laws are basically economic regulations by which the legislature, as a matter of public policy, has balanced competing societal interests. Id. The compromise is also apparent in other provisions of the laws. For example, a third party is denied contribution from an employer although the employer may have greater culpability. Id. at 188-89, 290 N.W.2d at 283-84. Additionally, the employer may be reimbursed for its expenses through claims against third parties even if the employee is not made whole. Martinez v. Ashland Oil, Inc., 132 Wis.2d 11, 15-16, 390 N.W.2d 72, 74 (Ct.App.1986). Recognizing the comprehensiveness of the legislative scheme and the compromises involved, we are reluctant, absent a disparity of treatment of constitutional proportions, to mandate change in the worker's compensation laws. Jenkins v. Sabourin, 104 Wis.2d 309, 323, 311 N.W.2d 600, 607 (1981). | Worker's compensation laws are basically economic regulations by which legislature, as matter of public policy, has balanced competing societal interests; such balance permits worker to recover regardless of his own fault or his employer's absence of fault, and employer's common-law defenses of contributory negligence, assumption of risk, and fellow-servant rule are abrogated, and in exchange, worker is obliged to accept limited and scheduled compensation award. | "Are worker's compensation laws basically economic regulations by which the legislature, as a matter of public policy, has balanced competing societal interests?" | 047743.docx | LEGALEASE-00132562-LEGALEASE-00132563 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 3413 | North Dakota v. United States, 495 U.S. 423 | 34+3(1) | When the Court is confronted with questions relating to military discipline and military operations, we properly defer to the judgment of those who must lead our Armed Forces in battle. But in questions relating to the allocation of power between the Federal and State Governments on civilian commercial issues, we heed the command of Congress without any special deference to the military's interpretation of that command. | Although military authorities are entitled to judicial deference on questions relating to military discipline and military operations, no special deference to military's interpretation of federal regulations is required in questions relating to allocation of power between the federal and state government on civilian commercial issues. | Is special deference accorded to military's interpretation of federal regulations on questions relating to allocation of power between the federal and state government on civilian commercial issues? | 008971.docx | LEGALEASE-00133726-LEGALEASE-00133727 | Condensed, SA, Sub | 0.21 | 0 | 1 | 1 | 1 | 1 |
| 3414 | ConocoPhillips Co. v. Noble Energy, 462 S.W.3d 255 | 307A+486 | A party may withdraw or amend an admission if: (a) the party shows good cause for the withdrawal or amendment, and (b) the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission. Tex. R. Civ. P. 198.3. "Good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference." Wheeler v. Green, 157 S.W.3d 439, 442 (Tex.2005) (per curiam). A trial court has broad discretion to permit or deny the withdrawal of admissions. See Stelly v. Papania, 927 S.W.2d 620, 622 (Tex.1996) (per curiam). We only set aside the trial court's ruling if, after reviewing the entire record, it is clear that the court abused its discretion. Id. | Good cause necessary to withdraw an admission is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Tex. R. Civ. P. 198.3. | "Is the good cause for withdrawing deemed admissions established by showing the failure to respond to such requests within 30 days was an accident or mistake, not intentional or the result of conscious indifference?" | 028312.docx | LEGALEASE-00133696-LEGALEASE-00133697 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3415 | Wright v. United States, 81 Fed. Cl. 369 | 34+5(8) | Plaintiff bases his right to recovery pursuant to the Military Pay Act on the constructive service doctrine. See Pl.'s Br. filed Jan. 31, 2008, at 3"5. The constructive service doctrine embodies the concept that "members of the military who have been improperly discharged are treated as having continued to serve until they are properly discharged; they are therefore entitled to back pay and allowances for that period of constructive service." Christian v. United States, 337 F.3d 1338, 1341"42 (Fed.Cir.2003). In order to recover under the constructive service doctrine, plaintiff must prove that he was "improperly separated from service." Id. at 1347. A servicemember cannot invoke the constructive service doctrine if he voluntarily retires from the military. See Smith v. Sec'y of Army, 384 F.3d 1288, 1295 (Fed.Cir.2004) ("[I]f the service member's separation from the service is voluntary, such as pursuant to a voluntary retirement, the Military Pay Act does not impose on the government any continuing obligation to pay the service member."). Furthermore, a decision to retire is not rendered involuntary merely because the servicemember is faced with an undesirable choice. Cruz v. Dep't of Navy, 934 F.2d 1240, 1245 (Fed.Cir.1991) ("This court has repeatedly held that the imminence of a less desirable alternative does not render involuntary the choice made."). | In military pay cases, the "constructive service doctrine" embodies the concept that members of the military who have been improperly discharged are treated as having continued to serve until they are properly discharged; they are therefore entitled to back pay and allowances for that period of constructive service. | Are military personnel who are improperly discharged entitled to back pay and allowances for the period of constructive service? | 008459.docx | LEGALEASE-00134152-LEGALEASE-00134154 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 3416 | Wilson v. McHugh, 842 F. Supp. 2d 310 | 34+9 | Wilson appears to concede that his signed request for resignation was facially valid. He nevertheless contends, however, that his resignation was tendered involuntarily. "Resignations or retirements are presumed to be voluntary." Veitch, 471 F.3d at 134 (quoting Tippett v. United States, 185 F.3d 1250, 1255 (Fed.Cir.1999)) (internal quotation marks omitted); see also Kim v. United States, 47 Fed.Cl. 493, 497 (2000) (citing Covington v. Dep't of Health and Human Servs., 750 F.2d 937, 941 (Fed.Cir.1984)). "[A] party alleging that a facially valid resignation was in fact the product of unlawful duress must prove three elements: (1) one side involuntarily accepted the terms of another; (2) the circumstances permitted no other alternative; and (3) the circumstances were the result of coercive acts of the opposite party." Veitch, 471 F.3d at 134 (citing Roskos v. United States, 213 Ct.Cl. 34, 549 F.2d 1386, 1389 n. 11 (Ct.Cl.1977)). Wilson argues that his resignation was involuntary because he "faced the Hobson's choice of a potential felony conviction or resignation." Pl.'s Mot. & Opp. at 14. In addition, he suggests that his "then-attorney's advice rendered his decision involuntary." Id. at 15. Because, he contends, the ABCMR did not explicitly consider these arguments and its determination that his resignation was voluntary was merely conclusory, he asks the Court to remand this case to the ABCMR for further consideration. The Court declines to do so for two reasons. | A party alleging that an armed services member's facially valid resignation was in fact the product of unlawful duress must prove three elements: (1) one side involuntarily accepted the terms of another; (2) the circumstances permitted no other alternative; and (3) the circumstances were the result of coercive acts of the opposite party. | What is the test for whether a resignation is a product of duress? | 008462.docx | LEGALEASE-00134167-LEGALEASE-00134168 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3417 | Kornberg v. Getz Exterminators, 341 S.W.2d 819 | 302+367(6) | The filing of a motion to make more definite and certain is, in effect, a concession that the petition states a claim upon which relief can be granted, but challenges, as an injustice to defendant, the stating of the claim in the manner pleaded. Allen v. St. Louis-San Francisco Railroad, Mo., 297 S.W.2d 483, 487; Graves v. Dakessian, Mo., 132 S.W.2d 972, 973; Wick v. Keshner, Mo.App., 326 S.W.2d 369. We approach the point presented in the light of the rule that such a motion "is addressed to the sound discretion of the trial court, whose ruling thereon will not be disturbed provided a sound legal discretion was exercised." Kansas City Stock Yards Co. v. A. Reich & Sons, Inc., Mo., 250 S.W.2d 692, 699; 71 C.J.S. Pleading " 475; Hartvedt v. Harpst, Mo., 173 S.W.2d 65; Sartin v. Springfield Hospital Ass'n, Mo., 195 S.W. 1037. So, if the trial court did exercise a sound, legal and reasonable discretion in ruling the motion, the order should be affirmed; if not, plaintiffs are entitled to a trial on the merits of their claim as presently pleaded, and the order should be reversed, and the cause remanded for that purpose. | Filing of motion to make more definite and certain is a concession that petition states claim upon which relief can be granted, but challenges, as an injustice to defendant, the stating of claim in manner pleaded. Section 509.050 RSMo 1949, V.A.M.S. | "Is the filing of motion to make more definite and certain, a concession that the petition states claim upon which relief can be granted?" | Pleading - Memo 299 - RMM.docx | ROSS-003290564-ROSS-003290565 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3418 | Cross v. Cross, 891 N.E.2d 635 | 307A+486 | Victoria, on the other hand, argues that Craig has failed to show that he was prejudiced by the trial court's grant of her motion to withdraw admissions. In the context of Ind. Trial Rule 36(B), "prejudice" does not mean that the party who has obtained the admission will lose the benefit of the admissions; rather, it means that the party has suffered a detriment in the preparation of its case. City of Muncie, 709 N.E.2d at 55. For example, prejudice under the rule may be shown where the party who obtained the admission is unable to produce key witnesses or present important evidence. Id. (citing Corby v. Swank, 670 N.E.2d 1322, 1326 (Ind.Ct.App.1996); Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1313"1314 (8th Cir.1983)). | Prejudice for purposes of rule allowing a party deemed to have made admissions due to failure to respond to request for admissions to seek withdrawal of admissions may be shown where the party who obtained the admission is unable to produce key witnesses or present important evidence. Trial Procedure Rule 36(B). | Should prejudice for purposes of rule withdrawal of admissions be shown where the party who obtained the admission is unable to produce key witnesses or present important evidence? | 028773.docx | LEGALEASE-00134557-LEGALEASE-00134558 | Condensed, SA, Sub | 0.57 | 0 | 1 | 1 | 1 | 1 |
| 3419 | Salazar v. Collins, 255 S.W.3d 191 | 307A+486 | A trial court has broad discretion to grant or deny a request to withdraw deemed admissions. Wheeler v. Green, 157 S.W.3d 439, 443 (Tex.2005) (per curiam). No abuse of discretion occurs in this regard if there is a showing of (1) good cause and (2) no undue prejudice. Id. at 442 (citing Tex.R. Civ. P. 166a(c), 198.3). Good cause is established by a showing that the failure to respond to the request for admissions "was an accident or mistake, not intentional or the result of conscious indifference." Id. "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." Boulet v. State, 189 S.W.3d 833, 836 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (quoting Spiecker v. Petroff, 971 S.W.2d 536, 538 (Tex.App.-Dallas 1997, no pet.)). Undue prejudice occurs when permitting the withdrawal and allowing a late response will delay the trial or significantly hamper the opposing party's ability to prepare for trial. Wheeler, 157 S.W.3d at 443. | Undue prejudice supporting denial of request to withdraw deemed admissions occurs when permitting the withdrawal and allowing a late response will delay the trial or significantly hamper the opposing party's ability to prepare for trial. | Does undue prejudice supporting denial of request to withdraw deemed admissions occur when permitting the withdrawal and allowing a late response? | 028781.docx | LEGALEASE-00134591-LEGALEASE-00134592 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3420 | Bireline v. Espenscheid, 15 Ill. App. 3d 368 | 307A+69.1 | The taking of a deposition must be at the time and place specified in the notice thereto or to which it may have been regularly and properly adjourned. A disregard of this requirement, Unless waived, will render the deposition vulnerable to a motion to suppress it. Ward Pump Co. v. Industrial Comm., 302 Ill. 199, 134 N.E. 127. However, the motion to suppress must be made in apt time and before trial. In re Kettles, 365 Ill. 168, 6 N.E.2d 146. (A motion to suppress is not necessary to preserve an objection seasonably made. S.H.A. ch. 110A, Sec. 211. | Taking of deposition must be at time and place which has been specified in notice or to which it may have been regularly and properly adjourned and disregard of such requirement, unless waived, will render the deposition vulnerable to motion to suppress; however, such motion to suppress must be made in apt time and before trial. Supreme Court Rules, rule 211, S.H.A. ch. 110A, S 211. | Should the taking of deposition be at time and place specified in the notice thereto or to which it may have been regularly and properly adjourned? | 028868.docx | LEGALEASE-00133978-LEGALEASE-00133979 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 3421 | Nat'l Bank of Georgia v. Great S. Bus. Enterprises, 130 Ga. App. 221 | 307A+486 | The appellee argues that the judge had the authority to grant an extension of time within which the answers to the request for admissions of fact could be filed. It is true that the trial judge has the authority to grant an extension of time for filing. If it is within the time allowed for such filing the judge may grant the extension with or without a motion. However, if the time has expired before the filing there must be a motion to allow the late filing. Section 36(b) of the Civil Practice Act (Code Ann. s 81A-106(b); Ga.L.1966, pp. 609, 617; 1967, pp. 226, 229, 230). Under Section 36(b) of the Civil Practice Act (Code Ann. s 81A-136(b); Ga.L.1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528), a party who fails to answer within the required time may seek to 'withdraw' his admissions but he must take the initiative and file a motion otherwise he is bound by such admissions. National Bank of Georgia v. Merritt, 130 Ga.App. 85, 202 S.E.2d 193. In the present case there was no such motion under either Section 6(b) or Section 36(b) of the Civil Practice Act filed nor was there any order entered by the court allowing the late filing of the answers to the request for admission of facts. Therefore, the answers could not be considered. | Party who fails to answer request for admissions of fact within the required time may seek to "withdraw" his admissions but he must take the initiative and file a motion, otherwise he is bound by such admissions. Code, SS 81A-106(b), 81A-136(b). | Can a party who fails to answer request for admissions of fact within the required time can seek to withdraw his admissions? | Pretrial Procedure - Memo # 3029 - C - SN.docx | ROSS-003303848-ROSS-003303849 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3422 | Spiecker v. Petroff, 971 S.W.2d 536 | 307A+486 | Good cause has been adopted as the threshold standard for the withdrawal of deemed admissions. See id. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Stelly, 927 S.W.2d at 622.Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result. Halton, 792 S.W.2d at 466. | Even a slight excuse will suffice as good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result. Vernon's Ann.Texas Rules Civ.Proc., Rule 169(2). | "Does even a slight excuse suffice as a good cause for withdrawal of deemed admissions, especially when delay or prejudice to opposing party will not result?" | 028979.docx | LEGALEASE-00134730-LEGALEASE-00134731 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 3423 | Watson v. Dallas Indep. Sch. Dist., 135 S.W.3d 208 | 307A+486 | A party seeking to withdraw deemed admissions must first establish "good cause for the withdrawal." Tex.R. Civ. P. 198.3(a). A party does so "by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference." Stelly, 927 S.W.2d at 622 (citing N. River Ins. Co. v. Greene, 824 S.W.2d 697, 700 (Tex.App.-El Paso 1992, writ denied)); accord Wal"Mart Stores, Inc. v. Deggs, 968 S.W.2d 354, 356 (Tex.1998) (per curiam). | A party shows good cause for the withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Does a party show good cause for the withdrawal of deemed admissions by showing that its failure to answer was accidental or the result of a mistake? | 028998.docx | LEGALEASE-00133958-LEGALEASE-00133959 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3424 | Dwight v. Girard Med. Ctr., 154 Pa. Cmwlth. 326 | 307A+486 | Withdrawal of admissions should be granted where upholding the admission would practically eliminate any presentation of the merits of the case; where withdrawal would prevent manifest injustice; and where the party who obtained the admissions failed to prove that withdrawal would result in prejudice to that party. Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192 (D.Conn.1976). The test of prejudice turns on whether a party opposing the withdrawal is rendered less able to obtain the evidence required to prove the matters which had been admitted. Teleprompter of Erie, Inc. v. City of Erie, 567 F.Supp. 1277 (W.D.Pa.1983); Rabil v. Swafford, 128 F.R.D. 1 (D.D.C.1989). | Test of whether withdrawal of admissions would prejudice party who obtained admissions turns on whether that party is rendered less able to obtain evidence required to prove matters which had been admitted. Rules Civ.Proc., Rule 4014(d), 42 Pa.C.S.A. | Does the test of prejudice turns on whether that party is rendered less able to obtain evidence required to prove matters which had been admitted? | 029006.docx | LEGALEASE-00134023-LEGALEASE-00134024 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 3425 | Tran v. Nguyen, 480 S.W.3d 119 | 307A+716 | In civil cases in which the absence of counsel has been urged as a ground for continuance, courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence. See State v. Crank, 666 S.W.2d 91, 94 (Tex.1984); In re S.L.L., No. 09"09"00429"CV, 2011 WL 1224983, at (Tex.App."Beaumont Mar. 31, 2011) (mem.op.); see also Tex.R. Civ. P. 253 ("[A]bsence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.") | In civil cases in which the absence of counsel has been urged as a ground for continuance, courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence. | Do courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence? | 029033.docx | LEGALEASE-00134214-LEGALEASE-00134215 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 3426 | Johnson v. Davis, 178 S.W.3d 230 | 307A+486 | A party may withdraw a deemed admission if (1) the party shows good cause for the withdrawal, and (2) the court finds that the parties relying upon the responses will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to withdraw the admission. Tex.R. Civ. P. 198.3. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Stelly, 927 S.W.2d at 622. | A party may withdraw a deemed admission if the party shows good cause for the withdrawal, and party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | Can a party establish good cause to substitute a new response to a request for admission by showing that its answer was accidental or the result of a mistake? | Pretrial Procedure - Memo # 3181 - C - SJ.docx | LEGALEASE-00024488-LEGALEASE-00024489 | Condensed, SA, Sub | 0.41 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3427 | Young v. Smith, 67 So. 3d 732 | 307A+483 | "The requests for admissions submitted to [Young] were a simple matter which could have been answered in a few minutes time [,]" or for which a "motion for enlargement of time" could have been filed. Sunbelt Royalty, Inc. v. Big"G Drilling Co., 592 So.2d 1011, 1012 (Miss.1992); Educ. Placement Servs., 487 So.2d at 1318. Yet Young simply failed to timely respond. "Rule 36 provides a specific consequence for a party's failure to timely respond to a request for admission, the consequence being that those matters in the requests are deemed admitted." Prime Rx, 917 So.2d at 797. See also Scoggins, 967 So.2d at 649 ("a diligent party will take great pains to ensure the requests have either been admitted or denied, as they are automatically deemed admitted after thirty days"). Thus, those "[m]atters admitted by default under Rule 36(a) [were] established unless and until the trial court allow[ed] amendment or withdrawal by motion under Rule 36(b)." DeBlanc, 814 So.2d at 800. Without any excuse for that initial untimeliness, Young then proceeded to wait nearly seven-and-one-half years before filing the "Motion to Withdraw Admissions." Under these circumstances of unexplained, untimely responses, coupled with an excessive delay before seeking leave to withdraw, the circuit court was well within its discretion in denying Young's "Motion to Withdraw Admissions." See Langley, 956 So.2d at 973; Prime Rx, 917 So.2d at 795; DeBlanc, 814 So.2d at 801; Earwood, 798 So.2d at 516; Martin, 571 So.2d at 255; Sawyer, 556 So.2d at 698; Educ. Placement Servs., 487 So.2d at 1318. | Those matters admitted by default, based on failure to timely respond to a request for admissions, are established unless and until the trial court allows amendment or withdrawal by motion. Rules Civ.Proc., Rule 36(a, b). | "Are those matters admitted by default, based on failure to timely respond to a request for admissions, established unless and until the trial court allows amendment or withdrawal by motion?" | Pretrial Procedure - Memo # 3496 - C - ES.docx | ROSS-003290940-ROSS-003290941 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 3428 | City of Bristol v. Tilcon Minerals, 284 Conn. 55 | 386+10 | The city's first claim is that Tilcon failed to prove the essential elements of its trespass claim. We disagree. "The essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff; (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest; (3) done intentionally; and (4) causing direct injury. Avery v. Spicer, 90 Conn. 576, 579, 98 A. 135 (1916); 75 Am.Jur.2d, Trespass "" 3, 8, 14, 25, 35 [1991]. The invasion, intrusion or entry must be physical.... [B]ecause it is the right of the owner in possession to exclusive possession that is protected by an action for trespass, it is generally held that the intrusion of the property be physical and accomplished by a tangible matter. Thus, in order to be liable for trespass, one must intentionally cause some substance or thing to enter upon another's land." (Citation omitted; internal quotation marks omitted.) Abington Ltd. Partnership v. Talcott Mountain Science Center for Student Involvement, Inc., 43 Conn.Supp. 424, 427-28, 657 A.2d 732 (1994). A trespass may be committed on, beneath or above the " 'surface of the earth,' " which includes "soil, water, trees, and other growths...." 1 Restatement (Second), Torts, Trespass on Land " 159, comment (b), p. 281(1965). "A trespass need not be inflicted directly on another's realty, but may be committed by discharging foreign polluting matter at a point beyond the boundary of such realty." 75 Am.Jur.2d 45, supra, " 56. | Essentials of an action for trespass are: (1) ownership or possessory interest in land by the plaintiff, (2) invasion, intrusion or entry by the defendant affecting the plaintiff's exclusive possessory interest, (3) done intentionally, and (4) causing direct injury. | "Is invasion, intrusion or entry by the defendant that affects the plaintiff's exclusive possessory interest, an element of trespass?" | Trespass - Memo 255 - JS.docx | ROSS-003291256-ROSS-003291257 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3429 | State v. Sawyer, 266 Wis. 494 | 63+14 | The essence of the offense prohibited by this statute is the corrupt bargain. As the trial court correctly instructed the jury, if payment is made to the officer for the purpose of influencing his conduct in respect to matters which may come before him in his official capacity, it is immaterial to the guilt of the payor whether or not the official's conduct was actually influenced or whether the purpose of the bribe was fulfilled. Attention, then, must be directed to the question of whether the prosecution proved that Sawyer offered or paid or gave, and Krause accepted or received money, property or pecuniary advantage with corrupt intent, as defined in the statute. Krause's testimony regarding his demand for and receipt of a discount on the purchase of the automobile, and his testimony in reference to Sawyer's offer to him of $3,000 if his garage was not disturbed has been referred to. He further testified that Sawyer paid him $1,500 in cash shortly before April 25, 1949, and $1,500 more shortly before May 24, 1949, and that such payments were for his influence in preventing the demolition of the building and were pursuant to the several discussions he had with Sawyer between the early part of September, 1948, and the latter part of December. Krause's testimony was complete and, if it can be believed, is conclusive upon the question of Sawyer's guilt. | In prosecution for bribery of alderman, court properly instructed jury that if payment was made by defendant to alderman for purpose of influencing his conduct in respect to matters, which might come before alderman in his official capacity, it was immaterial to defendant's guilt whether or not the alderman's conduct was actually influenced or whether purpose of bribe was fulfilled. St.1951, S 346.06. | Is it immaterial to the guilt of the payor whether or not the official's conduct was actually influenced or whether the purpose of the bribe was fulfilled? | 011537.docx | LEGALEASE-00135407-LEGALEASE-00135408 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3430 | Kemler v. United States, 133 F.2d 235 | 63+1(1) | The clear purpose of the statute is to protect the public from the evil consequences of corruption in the public service. Thus the gravamen of the offense described therein is the giving or offering of a bribe to a person acting on behalf of the United States for the purpose of influencing official conduct. Obviously no one would give or offer a bribe unless he expected to gain some advantage thereby, and since attempting to gain an advantage by this means is the evil which the statute is designed to prevent, it can make no difference if after the act is done the doer discovers that for some reason or another, be it a mistake on his part or a mistake on the part of some officer or agency of the United States, there was actually no occasion for him to have done it. The statute is violated when a bribe is given or an offer to bribe is made regardless of the occasion therefor, provided it is done with the requisite intent and provided the acceptor or the offeree of the bribe is a person of the sort described in the statute. | The gravamen of offense described in statute making it an offense to promise, offer, or give any money to an officer of the United States or to any person acting for or on behalf of the United States in any official function with intent to influence his decision is the giving or offering of a bribe to a person acting on behalf of the United States for the purpose of influencing official conduct. Cr.Code S 39, 18 U.S.C.A. S 201. | Is the giving or offering of a bribe to a person acting on behalf of the United States for the purpose of influencing official conduct the gravamen of the offense? | 011628.docx | LEGALEASE-00135950-LEGALEASE-00135951 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3431 | Jackson v. Shuttleworth, 42 Ill. App. 2d 257 | 106+511 | Missouri has a five-year Statute of Limitations for personal injury suits, while Illinois has a two-year Statute. Plaintiff's theory is that the law of the State of Missouri should apply. In support of that theory, plaintiff cites a large number of cases dealing with the doctrine commonly called "comity". "Comity" has been defined by the Supreme Court of Illinois, in its legal sense, as neither an absolute obligation on the one hand nor of mere courtesy and good will on the other, but a recognition which one State allows within its territory to the legislative, executive or judicial acts of another State, having due regard both to the interstate duty and convenience and to the rights of its own citizens who are under the protection of its laws. Clubb v. Clubb, 402 Ill. 390, 84 N.E.2d 366. | "Comity" is neither absolute obligation nor mere courtesy, but is recognition which one state allows within its territory to legislative, executive or judicial acts of another with due regard both to interstate duty and convenience and to rights of its own citizens. | "Is comity a matter of absolute obligation, or mere courtesy and good will?" | 020716.docx | LEGALEASE-00135642-LEGALEASE-00135644 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3432 | City of Birmingham v. Goolsby, 227 Ala. 421 | 307A+716 | This leaves open the single question presented by the first assignment of error: Did the trial court grossly abuse his discretion in refusing to pass this case for trial, until counsel for defendant could complete the trial of the other case in which he was engaged? This is a question to be determined in the light of the rights of the parties to the suit, not the rights or conveniences of the attorneys. It may be conceded that ordinarily a party has the right to select counsel to try his case, and the courts should recognize this right, unless it unduly interferes with the right of the other party to have his case tried, without unreasonable delay. Corpus Juris states the rule: "Ordinarily the fact that an attorney is professionally engaged elsewhere in the trial of a cause does not give an absolute right of continuance, and a denial of the application is generally sustained as an exercise of sound discretion. The courtesy existing between members of the bar, and recognized by trial courts, will usually in such cases enable a counsel to postpone a cause for a few days in one of the courts so as to enable him to be present at both trials. But this is purely a matter of grace and not of law. The rights of litigants in one court are not to be determined by the condition of the docket in another, nor because an opposing counsel has assumed duties in different courts which may conflict. Cases may of course arise when the denial of the right of continuance might amount to an abuse of discretion; but under such circumstances it is not sufficient to show that the absent attorney was expecting a case to be called in another court, but it must be shown that he is at the time actually engaged in the trial of the other cause. Moreover it must be made to appear that under the circumstances other professional advice is unavailable, and that there is a meritorious cause of action or defense thereto which cannot be effectively presented without the presence of the absent attorney. | Ordinarily, party has right to select counsel to try his case, and courts should recognize such right, unless it unduly interferes with right of other party to have case tried without unreasonable delay. | "Does a party have the right to select counsel to try his case, and courts should recognize such right, unless it unduly interferes with right of other party to have case tried without unreasonable delay?" | 029499.docx | LEGALEASE-00135576-LEGALEASE-00135577 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 3433 | Bacon v. Carey Co., 669 P.2d 533 | 307A+716 | Rule 7, Uniform Rules for the District Courts of the State of Wyoming, states that a continuance may be granted only upon a showing of good cause. In criminal cases, the withdrawal of counsel, particularly on the eve of trial, may implicate due-process considerations and defendant's right to effective assistance of counsel. Epperson v. State, Wyo., 637 P.2d 671 (1981); Adger v. State, Wyo., 584 P.2d 1056 (1978). However, in civil cases, withdrawal of counsel does not always provide grounds for the granting of a continuance. Annot., 48 A.L.R.2d 1155, 1157. | In criminal cases, withdrawal of counsel, particularly on eve of trial, may implicate due process considerations and defendant's right to effective assistance of counsel, but in civil cases, withdrawal of counsel does not always provide grounds for granting of continuance. U.S.C.A. Const.Amend. 6; District Court Rule 7. | "In criminal cases, can withdrawal of counsel, particularly on eve of trial, implicate due process considerations and defendant's right to effective assistance of counsel?" | Pretrial Procedure - Memo # 3466 - C - SHS.docx | LEGALEASE-00025343-LEGALEASE-00025344 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |
| 3434 | Blackburn v. Morton, 18 Ark. 384 | 307A+69.1 | It is purely a matter of practice, whether depositions can be taken, in a case at law, before the issues are made up: and in the absence of any rule upon the subject, depositions are not rendered irregular by being taken before issue is joined in the cause to which they apply. | It is purely a matter of practice, whether depositions can be taken, in a case at law, before the issues are made up; and in the absence of any rule upon the subject, depositions are not rendered irregular by being taken before issue is joined in the cause to which they apply. | "Is it purely a matter of practice, whether depositions can be taken, in a case at law, before the issues are made up?" | Pretrial Procedure - Memo # 3493 - C - ES.docx | ROSS-003331250 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 3435 | Smith v. Home Indem. Co., 683 S.W.2d 559 | 307A+483 | Before considering the points of error raised on this appeal, we deem it necessary to comment on the effect of appellant's unanswered requests for admissions, some sixteen admissions having been deemed by the court because of his failure to answer. Smith erroneously argues that his deposition testimony contradicts his deemed admissions, thereby creating a fact question. Such is just not the case. TEX.R.CIV.P. 169 specifically states in part that any matter admitted under this rule is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission. Smith totally ignored the requests for admissions and they went unanswered, without a motion to extend time for answering, or any other limiting motion, right up through the trial of this case. Neither did he move the court to withdraw or amend the admissions after they had been deemed by the court. Admissions, once made or deemed by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. Henke Grain Co. v. Keenan, 658 S.W.2d 343, 347 (Tex.App."Corpus Christi 1983, no writ); American Title Company v. Smith, 445 S.W.2d 807, 809 (Tex.Civ.App."Houston [1st Dist.] 1969, no writ). Where a party fails to respond to a request for admissions, "he will be precluded from offering summary judgment proof contradictory to those admissions." Henke, 658 S.W.2d at 347. | Admissions, once made or deemed admitted by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "May admissions, once made or deemed admitted by the court, be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits?" | 029673.docx | LEGALEASE-00134958-LEGALEASE-00134959 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3436 | In re Goddard & Peterson, PLLC, 789 S.E.2d 835 | 307A+483 | N.C. Gen.Stat. " 1A"1, Rule 36(a) (2014). Rule 36(b), which governs the effect of admissions, provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Id. " 1A"1, Rule 36(b). "In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Town of Chapel Hill v. Burchette, 100 N.C.App. 157, 162, 394 S.E.2d 698, 701 (1990). "Failure to do so means that the facts in question are judicially established." J.M. Parker & Sons, In c. v. William Barber, Inc., 208 N.C.App. 682, 688, 704 S.E.2d 64, 68 (2010)"A judicial admission is a formal concession which is made by a party in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute. Such an admission is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence.". | In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule governing such requests if there is any objection whatsoever. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "n order to avoid having requests for admissions deemed admitted, must a party respond within the period of the rule governing such requests if there is any objection whatsoever?" | Pretrial Procedure - Memo # 3620 - C - KBM.docx | LEGALEASE-00025527-LEGALEASE-00025528 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3437 | J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 307A+476 | Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted under Rule 36 of the North Carolina Rules of Civil Procedure. Town of Chapel Hill v. Burchette, 100 N.C.App. 157, 162, 394 S.E.2d 698, 701 (1990); see also N.C. Gen.Stat. " 1A"1, Rule 36(a) (2009) ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney."). Rule 36 "means precisely what it says [i.e.,] [i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Burchette, 100 N.C.App. at 162, 394 S.E.2d at 701 (internal quotation marks and citation omitted). Failure to do so means that the facts in question are judicially established. Id. Subsection (b) provides, in pertinent part: (b) Effect of admission."Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. N.C.G.S. " 1A"1, Rule 36 (emphasis added). | In order to avoid having requests for admissions deemed admitted, a party must timely respond if there is any objection whatsoever to the request; failure to do so means that the facts in question are judicially established. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | Does failure of a party receiving requests for admissions to respond within the period required by the rules of civil procedure mean that the facts in question are judicially established? | 029800.docx | LEGALEASE-00135332-LEGALEASE-00135333 | Order, SA, Sub | 0.83 | 1 | 0 | 1 | 1 | 1 |
| 3438 | Gary Mun. Airport Auth. Dist. v. Peters, 550 N.E.2d 828 | 307A+483 | The first part of the above referenced test requires the admitting party to notify the court of its intention to challenge or object to the admissions. Many challenges to a trial court's failure to permit withdrawal or amendment have failed on appeal because of the admitting party's failure to move on the issue at the trial level. See e.g. United States v. Kasuboski (7th Cir.1987), 834 F.2d 1345, 9 Fed.R.Serv.3d 870. However, "T.R. 36(B) does not require a motion for relief under it to be denominated in any particular manner. Merely by challenging deemed admissions and asking for an extension of time to respond, a party satisfies the requirement of T.R. 36(B) that a party move to withdraw or amend deemed admissions." Hanchar Industrial Waste Management, Inc. v. Wayne Reclamation & Recycling, Inc. (1981), Ind.App., 418 N.E.2d 268, 271 (Staton, J., concurring in part, dissenting in part). | Rule pertaining to withdrawal of admissions does not require motion for relief under it to be denominated in any particular manner; merely by challenging deemed admissions and asking for extension of time to respond, party satisfies requirement of rule that party move to withdraw or amend deemed admissions. Trial Procedure Rule 36(B). | Does the rule pertaining to a withdrawal of admissions not require a motion for relief under it to be denominated in any particular manner? | 029863.docx | LEGALEASE-00135204-LEGALEASE-00135205 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3439 | Bramblett v. Whitfield Fin. Co., 143 Ga. App. 853 | 307A+483 | Defendant answered the complaint and denied any indebtedness. Code Ann. s 25-301 et seq. (Ga.L.1955, pp. 431, 432). Thereafter, plaintiff served its request for admissions on defendant under CPA s 36 (Code Ann. s 81A-136), to which defendant did not reply within 30 days after service. There being no objection made to the request and no motion made for permission to file an answer late, nor to withdraw the admissions generated by the failure to answer, the matter contained in the request has been admitted, and is binding upon the defendant. CPA s 36(a), supra; Strickland v. C & S Nat'l Bank, 137 Ga.App. 538, 540, 224 S.E.2d 504. Thus defendant has admitted the whole case as he admitted the validity of the debt; the balance due and owing; and the genuineness of the note; and an indebtedness to plaintiff in the amount of $2,898.20, plus attorney fees and court costs. Summary judgment was appropriately granted as there remains no material issue of fact. Walker Enterprises, Inc. v. Mullis, 124 Ga.App. 305, 183 S.E.2d 534. | Where, though defendant served its request for admissions in note action, defendant did not reply within 30 days of service or file an objection, and did not make a motion for permission to file an answer late or to withdraw admissions generated by failure to answer, matters contained in request, such as genuineness of note and balance due and owing, were admitted and were binding on defendant. Code, SS 25-301 et seq.; 81A-136, 81A-136(a). | "Where there was no objection to requests for admissions and no motion made seeking permission for the late filing of an answer to the request, nor to withdraw the admissions made by the failure to answer, are the requests admitted and binding upon the defendant?" | 030193.docx | LEGALEASE-00135903-LEGALEASE-00135904 | Condensed, SA, Sub | 0.57 | 0 | 1 | 1 | 1 | 1 |
| 3440 | W. Morgan-E. Lawrence Water & Sewer Auth. v. 3M Co., 208 F. Supp. 3d 1227 | 386+10 | To succeed on a claim of indirect trespass, plaintiffs must show: (1) an invasion affecting an interest in the exclusive possession of their property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of the plaintiffs' possessory interest; and (4) substantial damages to the res. Borland v. Sanders Lead Co., Inc., 369 So.2d 523 (Ala. 1979). Defendants hone-in on the fourth element, stating that the amended complaint "does not properly allege any damage at all to plaintiffs' real property, much less "substantial" damage, from the introduction of PFC-containing water." Doc. 45 at 14. The court agrees. | Under Alabama law, to succeed on a claim of indirect trespass, plaintiffs must show: (1) an invasion affecting an interest in the exclusive possession of their property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of the plaintiffs' possessory interest; and (4) substantial damages to the res. | What must be proved to succeed a claim of indirect trespass? | Trespass - Memo 262 - JS.docx | ROSS-003290194-ROSS-003290195 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3441 | Borland v. Sanders Lead Co., 369 So. 2d 523 | 386+10 | We emphasize that these intrusions are not relegated to the nuisance remedy simply because of their indirect nature; rather, they do not constitute a trespass because all of the requisite elements of trespass to land are not present. For an indirect invasion to amount to an actionable trespass, there must be an interference with plaintiff's exclusive possessory interest; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered upon the land itself, affecting its nature and character, and causing substantial actual damage to the Res. For example, if the smoke or polluting substance emitting from a defendant's operation causes discomfort and annoyance to the plaintiff in his use and enjoyment of the property, then the plaintiff's remedy is for nuisance; but if, as a result of the defendant's operation, the polluting substance is deposited upon the plaintiff's property, thus interfering with his exclusive possessory interest by causing substantial damage to the Res, then the plaintiff may seek his remedy in trespass, though his alternative remedy in nuisance may co-exist. | For an indirect invasion to amount to an actionable trespass, there must be an interference with one's exclusive possessory interest in land; that is, through the defendant's intentional conduct, and with reasonable foreseeability, some substance has entered on the land itself, affecting its nature and character, and causing substantial actual damage to the res. | What must be proved to succeed a claim of indirect trespass? | 047368.docx | LEGALEASE-00135246-LEGALEASE-00135247 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3442 | New Albertsons v. Superior Court, 168 Cal. App. 4th 1403 | 307A+486 | The trial court's discretion in ruling on a motion to withdraw or amend an admission is not unlimited, but must be exercised in conformity with the spirit of the law and in a manner that serves the interests of justice. Because the law strongly favors trial and disposition on the merits, any doubts in applying section 2033.300 must be resolved in favor of the party seeking relief. Accordingly, the court's discretion to deny a motion under the statute is limited to circumstances where it is clear that the mistake, inadvertence, or neglect was inexcusable, or where it is clear that the withdrawal or amendment would substantially prejudice the party who obtained the admission in maintaining that party's action or defense on the merits. | Because the law strongly favors trial and disposition on the merits, any doubts in ruling on a motion to withdraw or amend an admission must be resolved in favor of the party seeking relief. West's Ann.Cal.C.C.P. S 2033.300. | Should any doubts in ruling on a motion to withdraw or amend an admission be resolved in favor of the party seeking relief because the law strongly favors trial and disposition on the merits? | 029206.docx | LEGALEASE-00136652-LEGALEASE-00136653 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3443 | In re M.G., 239 N.C. App. 77 | 46H+188 | Parents have a right to counsel in all proceedings dedicated to the termination of parental rights." In re L.C., 181 N.C.App. 278, 282, 638 S.E.2d 638, 641 (citation and internal quotation marks omitted), disc. review denied, 361 N.C. 354, 646 S.E.2d 114 (2007); see also N.C. Gen.Stat. " 7B"1101.1 (2013). It is well established that after making an appearance in a particular case, an attorney may not cease representing a client without "(1) justifiable cause, (2) reasonable notice [to the client], and (3) the permission of the court." Smith v. Bryant, 264 N.C. 208, 211, 141 S.E.2d 303, 305 (1965) (citation omitted). "The determination of counsel's motion to withdraw is within the discretion of the trial court, and thus we can reverse the trial court's decision only for abuse of discretion." Benton v. Mintz, 97 N.C.App. 583, 587, 389 S.E.2d 410, 412 (1990) (citation omitted). An abuse of discretion occurs only when the trial court's ruling is "so arbitrary that it could not have been the result of a reasoned decision." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). However, "where an attorney has given his client no prior notice of an intent to withdraw, the trial judge has no discretion" and "must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal." Williams & Michael, P.A. v. Kennamer, 71 N.C.App. 215, 217, 321 S.E.2d 514, 516 (1984). As a result,before allowing an attorney to withdraw or relieving an attorney from any obligation to actively participate in a[TPR] proceeding when the parent is absent from a hearing, the trial court must inquire into the efforts made by counsel to contact the parent in order to ensure that the parent's rights are adequately protected. | Where an attorney has given his client no prior notice of an intent to withdraw his representation, a trial judge has no discretion and must grant the party affected a reasonable continuance or deny the attorney's motion for withdrawal. | "Where an attorney has given his client no prior notice of intent to withdraw his representation, does a trial judge have discretion?" | Pretrial Procedure - Memo # 3376 - C - MS.docx | ROSS-003291687-ROSS-003291688 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3444 | Walker v. Aulds, 28,968 (La. App. 2 Cir. 12/11/96) | 307A+726 | The trial court must consider the particular facts of each case in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Equally important is the other litigants' corollary right to have the case heard as soon as practicable. The trial court must also weigh the condition of the trial docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Gilcrease v. Bacarisse, 26,318 (La.App.2d Cir. 12/7/94), 647 So.2d 1219, writ denied 95-0421 (La.3/30/95), 651 So.2d 845. Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. However, a party is not entitled to indefinite continuances simply because he is unable to obtain counsel. Gilcrease v. Bacarisse, supra. | Generally, litigant whose lawyer withdraws at or near trial may be entitled to continuance to employ another attorney, but inability to obtain counsel does not entitle party to indefinite continuances. | "Generally, can a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney?" | 029458.docx | LEGALEASE-00136451-LEGALEASE-00136452 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3445 | Moy v. Ng, 341 Ill. App. 3d 984 | 307A+483 | The failure to file a timely response to a request to admit facts"including the "ultimate" facts of a case"in accordance with Rule 216(c) results in the admission of those facts. Tires 'N Tracks, Inc. v. Dominic Fiordirosa Construction Co., 331 Ill.App.3d 87, 91, 264 Ill.Dec. 908, 771 N.E.2d 612, 616 (2002). A response denying the facts that is neither timely nor sworn fails to comply with the rule. Tires 'N Tracks, Inc., 331 Ill.App.3d at 91, 264 Ill.Dec. 908, 771 N.E.2d at 616. An admission pursuant to a request to admit facts operates as a judicial admission that is considered incontrovertible and has the effect of withdrawing a fact from contention. Tires 'N Tracks, Inc., 331 Ill.App.3d at 91, 264 Ill.Dec. 908, 771 N.E.2d at 616. | The failure to file a timely response to a request to admit facts, including the ultimate facts of a case, in accordance with discovery rule governing requests for admissions results in the admission of those facts. Sup.Ct.Rules, Rule 216. | "Does the failure to file a timely response to a request to admit facts, including the ultimate facts of a case, in accordance with discovery rule governing requests for admissions result in the admission of those facts?" | 029780.docx | LEGALEASE-00136589-LEGALEASE-00136590 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3446 | Oliphant Fin. v. Galaviz, 299 S.W.3d 829 | 307A+483 | Even if Oliphant's damages were unliquidated, we agree with Oliphant that it was entitled to default judgment because Galaviz's deemed admissions conclusively prove all elements of Oliphant's breach of contract claim. A trial court may be able to ascertain the amount of damages and attorney's fees in a default judgment based on a request for admissions. Sherman Acquisition II LP v. Garcia, 229 S.W.3d 802, 813 (Tex.App.-Waco 2007, no pet.). A plaintiff may serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted. Id. at 811"12 (citing Tex.R. Civ. P. 198.2(c)).Deemed admissions may be employed as proof, and once admissions are deemed admitted by operation of law and where the admissions fully support each element of a cause of action, including damages, they will fully support a judgment based thereon. This is because unanswered requests for admissions are deemed admitted without the necessity of a court order and any matter thus admitted is conclusively established as being true. Id. at 812"13 (citing Tex. Rs. Civ. P. 198.2(c), 198.3). Thus, the facts admitted may not be contradicted by evidence at the trial. Id. at 813 (citing Marshall v. Vise, 767 S.W.2d 699, 700 (Tex.1989)). | Plaintiff may serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.2(c). | "May a plaintiff serve a request for admissions as part of its petition, and when the defendant fails to file an answer or other response, those requests are deemed admitted?" | 029946.docx | LEGALEASE-00136136-LEGALEASE-00136137 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3447 | In re Forfeiture of 1982 Ford Mustang, Vehicle ID No. ABP16F6CF190433, 725 So. 2d 382 | 307A+483 | Where the defendant maintains a position contrary to the automatic admission in all other pleadings and affidavits filed prior to summary judgment, the withdrawal of the admission and acceptance of the belated response serve presentation of the case on the merits. See Sher, 557 So.2d at 639. While it is normally within the trial court's discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission. See State Dep't of Revenue v. Aravz, 678 So.2d 464, 465 (Fla. 3d DCA 1996); Sterling v. City of West Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992). In the instant case, the trial court granted summary judgment based on the automatic admission that Walker used his vehicle to assault a police officer. However, Walker denied the same in sworn testimony during his probable cause hearing, in his answer to the complaint, and in his answers to interrogatories. Unless the City can satisfy the court on remand that its case will be prejudiced by allowing the filing of the belated response to the request for admissions, the court should grant Walker's motion because a belated response would serve presentation of the case on its evidentiary merit. | While it is normally within the trial court's discretion to use a technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission. West's F.S.A. RCP Rule 1.370. | Is it normally within the trial court's discretion to use a technically deemed admission to support a summary judgment? | Pretrial Procedure - Memo # 3715 - C - PC.docx | ROSS-003291006-ROSS-003291007 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3448 | Ark-Tenn Distrib. Corp. v. Breidt, 209 F.2d 359 | 170A+1684 | Plaintiff contends that the District Court erred in permitting over plaintiff's objection evidence that Harry Breidt did not participate in the management of Vendors. This contention is based, in the main, on the following facts: (1) in each of the three answers filed by the defendants' attorney there are averments that Harry and Jacob Breidt were president and treasurer, respectively, of Vendors; (2) in the reply to plaintiff's request for admissions there is an admission that the defendants were officers of Vendors; (3) item six of the Stipulation of Facts states that Harry and Jacob Breidt were president and treasurer, respectively of Vendors. Putting aside the fact that Harry Breidt did not sign any of the foregoing papers, an admission that one is an officer of a corporation is a far cry from admitting that one is active in its corporate affairs. As the District Court stated there are many corporation presidents who have neither financial investment in nor managerial duties with respect to corporations of which they are the nominal head. But, even if the statements are construed to amount to admissions by Harry Breidt of active participation in the corporate affairs of Vendors, under the Federal Rules of Civil Procedure, 18 U.S.C., technical considerations will not be allowed to prevail to the detriment of substantial justice 2 Barron and Holtzoff, Federal Practice and Procedure " 837 (1950); 4 Moore, Federal Practice, " 36.08 (2d ed. 1950) and admissions or denials in response to a request for admissions stand in thesame relation to the case that sworn testimony bears. Beasley v. United States D.C.E.D.S.C. 1948, 81 F.Supp. 518. Since the evidence is not contradicted by the plaintiff that Harry Breidt took no active part in the management, operation or control of Vendors there is ample support for the conclusion of the District Court that Harry Breidt was not guilty of a conversion. | Under the Federal Rules of Civil Procedure, technical considerations will not be allowed to prevail to detriment of substantial justice, and admissions or denials in response to a request for admissions stands in the same relation to the case as that sworn testimony bears. Fed.Rules Civ.Proc., rule 1 et seq., 28 U.S.C.A. | Does the civil procedure permit technical considerations to prevail to a detriment of substantial justice? | Pretrial Procedure - Memo # 3906 - C - PB.docx | ROSS-003290944-ROSS-003290945 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 3449 | Ayr-Way Stores v. Chitwood, 261 Ind. 86 | 30+3239 | Whether or not to grant a continuance where pleadings are amended is a matter of discretion for the trial court. Absent a showing of clear and prejudicial abuse of discretion, the trial court's ruling will not be disturbed by an appellate court.Defendants urge that they were greatly prejudiced by denial of their motion for continuance. However, they fail to show in what way they were deprived of any substantial rights. We shall treat each of their arguments individually. | Whether to grant continuance where pleadings are amended is matter of discretion for trial court and absent showing of clear and prejudicial abuse of discretion, trial court's ruling will not be disturbed by Appellate Court. | "Absent showing of clear and prejudicial abuse of discretion, will a trial court's ruling on continuance not be disturbed by an Appellate Court?" | 030284.docx | LEGALEASE-00136773-LEGALEASE-00136774 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3450 | City of Wichita Falls v. Lipscomb, 50 S.W.2d 867 | 307A+720 | We recognize the rule that, when an amended petition is filed on the eve of trial, a motion for continuance should be granted if the amendment embodies allegations of material facts not in the original petition, even though such new matter does not constitute a new cause of action, if the same operates as a surprise to the defendant and he is thereby and without negligence on his part deprived of an opportunity to present a defense to such newly alleged facts. However, it was incumbent on the defendant to show injury by reason of a denial of its motion for continuance; and since it failed to make any showing, either in its motion for new trial or at some state of the trial, that, had the case been continued and tried at another term of court, defendant could and would have produced testimony of some of its employees or from some other source which would have tended to defeat a recovery based on such new matter, no injury was shown as a result of the failure of the court to grant the continuance. | Continuance should be granted where amended petition, filed on eve of trial, embodies new allegations of material facts, which, although not constituting new cause of action, surprise defendant. | "Should continuance be granted where an amended petition, filed on the eve of trial, embodies new allegations of material facts?" | 030371.docx | LEGALEASE-00136672-LEGALEASE-00136673 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 3451 | Bryant v. Robledo, 938 So. 2d 413 | 307A+483 | Under our law, failure to respond to a request for admissions in Alabama can have significant consequences. Pursuant to Rule 36(b), Ala. R. Civ. P., a matter is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. See Breen v. Baldwin County Fed. Sav. Bank, 567 So.2d 1329 (Ala.1990). Thus, a total failure to respond to a request for admissions usually results in the matters specified in the request being deemed admitted. See Rule 36.1, Ala. R. Civ. P. In Crum v. SouthTrust Bank of Alabama, 598 So.2d 867 (Ala.1992), the appellant contended that an adverse summary judgment was improper because the bank had not demonstrated the absence of any genuine issues of material fact under Rule 56, Ala. R. Civ. P. Our Supreme Court determined that because the appellant had failed to respond to the bank's requests for admissions and because the record contained substantial evidence of the facts and contained no evidence to the contrary, the bank was entitled to a summary judgment based primarily on the admissions. Crum, 598 So.2d at 871. | A matter in a request for admissions is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. Rules Civ.Proc., Rule 36(b). | "Where there were no objections or denials by a plaintiff regarding a defense request for admissions, are matters covered thereby deemed as admitted?" | 030443.docx | LEGALEASE-00136306-LEGALEASE-00136307 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 3452 | Wieda v. Am. Box Bd. Co., 343 Mich. 182 | 413+1 | Each case arising under the workmen's compensation law must be determined on the basis of the particular facts involved and in accordance with pertinent statutory provisions. We are bound by such provisions and must interpret them in accordance with the apparent legislative intent. The facts in the case at bar are not in dispute and, in consequence, the question is, as before indicated, whether the statute entitles plaintiff to compensation on the theory that his disability resulted from an occurrence accidental in nature. We cannot so find. The principles followed in the decisions above cited, particularly the McGregor Case, are controlling. It is, we think, unnecessary to cite other decisions in accord therewith. The workmen's compensation commission was correct in so holding. | Each case arising under the Workmen's Compensation Law must be determined on basis of the particular facts involved and in accordance with pertinent statutory provisions. Comp.Laws 1948, SS 411.1 et seq., 412.1 et seq. | Should each case arising under the Workmens Compensation Law be determined on the basis of the particular facts involved and in accordance with pertinent statutory provisions? | 047908.docx | LEGALEASE-00137069-LEGALEASE-00137070 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3453 | Selitsch v. Selitsch, 492 S.W.3d 677 | 34+5(6) | In addition to Chapter 61 benefits, disabled military members may also be eligible to receive VA disability benefits. Id. (citing 38 U.S.C. " 1101 et seq.). To avoid double payment, in order to receive VA disability pay, "a former service member must waive a corresponding portion of his or her retirement pay." Hillyer v. Hillyer, 59 S.W.3d 118, 119 (Tenn.Ct.App.2001) (citing 38 U.S.C. " 5305). | To avoid double payment, in order to receive VA disability pay, a former service member must waive a corresponding portion of his or her retirement pay. 38 U.S.C.A. S 5305. | "Should a former service member waive a corresponding portion of his or her retirement pay to avoid double payment, in order to receive Veterans Affairs disability pay?" | Armed Services - Memo 166 - JS.docx | ROSS-003291559-ROSS-003291560 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 3454 | United States v. Loschiavo, 531 F.2d 659 | 63+1(2) | On the merits of the present case, this panel is bound by the holding in Del Toro on "the key issue of the nature of Morales' employment." The Government has emphasized factual distinctions between the Loschiavo and Del Toro cases, particularly the different points in time at which the two schemes for bribery unfolded, and the different leases they involved. It stresses the fact that federal funds had been authorized for the project, including the Loschiavo lease, which contrasts with the court's finding in Del Toro, 513 F.2d at 662, that "There were no existing committed federal funds for (the Del Toro lease)." These distinctions are, however, not determinative in this case. The type of public project involved, or the amount of federal funding entailed, may be important in applying other parts of the statute, such as the "official act" requirement of s 201(b)(1) or the "fraud . . . on the United States' requirement of s 201(b)(2), but for the purpose of deciding Morales' status as a "public official" under s 201(a), it is not the aspects of the particular project which are of the greatest significance, but the character and attributes of his employment relationship, if any, with the federal government. In Del Toro the court rested its conclusion that Morales was not a federal "public official" on the fact that he was not acting "under or by authority of any . . . department, agency or branch of (the federal) Government." Morales was found to be "a city employee, carrying out a task delegated to him by his superior (Sanders), another city employee"; and his powers and duties were the same at all times relevant to the present case as they were in Del Toro. There was testimony in both the Del Toro and Loschiavo trials that the Housing and Urban Development agency could not hire or fire persons in the positions of Morales and Sanders. These were the crucial factors pertaining to Morales' employment status, which was in no way changed by the fact that federal funding had been already authorized for | For purpose of deciding person's status as "public official" under statute making it federal crime to bribe such public official, it is not aspects of particular project which are of greatest significance, but character and attributes of person's employment relationship, if any, with federal Government. 18 U.S.C.A. S 201(a), (b)(1, 2). | "In determining status as a public official, are the character and attributes of his employment relationship with the federal government of greatest significance?" | Bribery - Memo #520 - C-CSS.docx | ROSS-003289253-ROSS-003289254 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3455 | State v. Merritt, 120 N.C. App. 732 | 110+795(2.35) | While the statutory offense of felonious breaking or entering is a lesser included offense of burglary in the first degree, State v. Fowler, 1 N.C.App. 546, 548-49, 162 S.E.2d 37, 39 (1968), submission of this lesser included offense is required only when the evidence tends to show that defendant could have gained entry into the building in question by means other than a burglarious breaking. State v. Jolly, 297 N.C. 121, 127, 254 S.E.2d 1, 5 (1979) (citations omitted). No such indication may be found in the evidence sub judice. | While statutory offense of felonious breaking or entering is lesser included offense of burglary in the first degree, submission of this lesser included offense is required only when evidence tends to show that defendant could have gained entry into building in question by means other than burglarious breaking. | Is felonious breaking or entering lesser included offense than burglary? | Burglary - Memo 148 - JS.docx | ROSS-003303682-ROSS-003303684 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 3456 | Itskin v. Rest. Food Supply Co., 7 Ohio App. 3d 127 | 307A+485 | Likewise, the second assignment of error is not well-taken. While it sets forth a correct statement of law that a party is entitled to contest disputed issues of fact, Civ.R. 36(A) and 37(C) together indicate that, unless there is a good reason to dispute the facts, the party failing to admit must bear the expense of proving the facts. | Although party is entitled to contest disputed issues of fact, unless there is good reason to dispute facts when request for admission is made, party failing to admit must bear expense of proving facts. Rules Civ.Proc., Rules 36(A), 37(C). | Should a party failing to admit bear expense of proving facts unless there is good reason to dispute facts when request for admission is made? | 030547.docx | LEGALEASE-00137707-LEGALEASE-00137708 | SA, Sub | 0.29 | 0 | 0 | 1 | 1 | |
| 3457 | In re W. Star Trucks US, 112 S.W.3d 756 | 307A+36.1 | As noted by the court in Al Parker Buick Company, the Texas Supreme Court expressly held in Lunsford that a party seeking discovery of net worth information is not required to make a prima facie showing of an entitlement to exemplary damages before discovery is permitted. Lunsford v. Morris, supra at 473; Al Parker Buick Company v. Touchy, supra at 131. In light of controlling authority to the contrary, we reject relators' contention that Freeman should be required to make a prima facie showing of its entitlement to exemplary damages before obtaining discovery of Freightliner's net worth. | A party seeking discovery of net worth information is not required to make a prima facie showing of an entitlement to exemplary damages before discovery is permitted. | Is a party seeking discovery of net worth information not required to make a prima facie showing of an entitlement to exemplary damages? | Pretrial Procedure - Memo # 4491 - C - ES.docx | ROSS-003331468-ROSS-003331469 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3458 | State ex rel. Miller v. DeCoster, 608 N.W.2d 785 | 307A+36.1 | When pertinent inquiry is allowed, it is "limited to information concerning the procedural steps that may be required by law and does not extend to inquiries into the mental processes of an administrator which, as being part of the judgmental process, are not discoverable." People for Environmental Enlightenment & Responsibility (PEER), Inc. v. Minnesota Environmental Quality Council, 266 N.W.2d 858, 873 (Minn. 1978). The district court carefully applied these principles here. Although DeCoster continues to claim the governor's public statements call the commissioners' motives into question, the record is devoid of any proof-or even a hint-of political influence affecting the deliberations at issue here. No abuse of trial court discretion has been shown. | When pertinent inquiry of administrative agency decisionmakers is allowed, it is limited to information concerning the procedural steps that may be required by law and does not extend to inquiries into the mental processes of an administrator which, as being part of the judgmental process, are not discoverable. | "When pertinent inquiry of administrative agency decision makers is allowed, is it limited to information concerning the procedural steps that can be required?" | 031431.docx | LEGALEASE-00137355-LEGALEASE-00137356 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3459 | Carlson v. Freightliner LLC, 226 F.R.D. 343 | 307A+36.1 | Under Nebraska law, information "which if released would give advantage to business competitors and serve no public purpose" is confidential and not the proper subject of discovery. Burlington Northern R. Co. v. Omaha Public Power Dist., 703 F.Supp. 826, 831 (D.Neb.1988). A trade secret (1) may consist of a "formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it;" (2) must be "for continuous use in the operation of the business;" (3) may "relate to the sale of goods or to other operations in the business, such as a code for determining discounts, rebates, or other concessions in a price list or catalog, or a list of specialized customers, or a method of bookkeeping or other office management;" and (4) must be secret and not generally known to the public or the industry. In addition, to assess the existence of a trade secret, the court considers "the efforts of the owner to keep the information secret and its competitive value if disclosed." Id. (citing Restatement of Torts, " 757, comment b.). | Under Nebraska law, information which, if released, would give advantage to business competitors and serve no public purpose is confidential and not the proper subject of discovery. | Is information that would give advantage to business competitors and serve no public purpose confidential and not the proper subject of discovery? | 031590.docx | LEGALEASE-00138027-LEGALEASE-00138028 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3460 | Bamberger v. Cooke, 181 A.D. 805 | 307A+91 | As to some of the other matters, an examination would be entirely proper if, under the complaint and affidavits, it could be directed and limited to any specified stocks, bonds, or securities. The difficulty is that there is nowhere any such specification, and the order would permit an unlimited and roving examination concerning any and all of the innumerable securities dealt in by the defendants. The plaintiffs should have specified, either in their complaint or in the affidavit upon which the order for examination was made, the stocks, bonds, and securities that were alleged to have been stolen from them and delivered to the defendants. Allegations of this vague and general nature do not constitute a sufficient statement of facts showing the relevancy and necessity of the examination. While examination of parties before trial is, as it should be, liberally allowed in furtherance of justice, care must be taken to see that it is not made unnecessarily vexatious and oppressive. That is the sole reason for requiring a statement of facts showing the necessity for the examination. | Examination of parties before trial should be liberally allowed in furtherance of justice, but care must be taken to see that it is not made unnecessarily vexatious and oppressive. | Should the examination of parties before trial be liberally allowed in furtherance of justice as long as care is taken to see that it is not made unnecessarily vexatious and oppressive? | Pretrial Procedure - Memo # 5045 - C - SB.docx | ROSS-003290863-ROSS-003290864 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 3461 | Taylor v. Hubbell, 188 F.2d 106 | 413+1 | To insure uniformity and certainty of compensation to injured employees, Ocean Accident & Guarantee Corp. v. Industrial Commission,supra, 32 Ariz. 235, 257 P. at page 648 "the allowance of compensation to workmen coming within the law is vested exclusively in the commission." Kennecott Copper Corp. v. Industrial Commission, 1945, 62 Ariz. 516, 158 P.2d 887, 890. And where allowance by the Commission is the exclusive remedy of an injured workman, the Arizona courts have "no jurisdiction to hear" an action for damages. S. H. Kress & Co. v. Superior Court, 1947, 66 Ariz. 67, 182 P.2d 931, 934. | Arizona workmen's compensation statute rests upon police power to regulate status of employer and employee and grants to commission full power, jurisdiction and authority to administer and enforce all laws for protection of life, health, safety and welfare of employees in every case where such duty is not specifically delegated to any other board or officer, and in order to insure uniformity and certainty of compensation to injured employees the statute vests allowance of compensation to workmen coming within law exclusively in commission. Fed.Rules Civ.Proc., rule 12(h), 28 U.S.C.A.; A.R.S. SS 23-107, 23-944, 23-1023, 23-1024. | "Does the workmens compensation statute, in order to ensure uniformity and certainty of compensation to injured employees, vest allowance of compensation to workmen coming within the law exclusively in the commission?" | 047924.docx | LEGALEASE-00137225-LEGALEASE-00137226 | SA, Sub | 0.06 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3462 | Norman v. Cummings, 73 S.D. 559 | 200+182 | SDC 28.0912 provides that it shall be unlawful for any person "to injure such highway in any manner". Under SDC 28.9909 it is unlawful to place any obstruction upon any highway. These statutes do not abrogate the common right of the public, granted by law, to make reasonable use of the highways for usual and ordinary transportation. 40 C.J.S., Highways, " 233. If as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes the duty of the duly authorized public authorities to provide the remedy, but no liability attaches to the user as a result of such use, either to the public highway authorities for damages to the highway (40 C.J.S., Highways, " 233; 29 C.J., Highways, " 410; Winston & Co. v. Clark County, 178 Ky. 447, 199 S.W. 51; Sumner County v. Interurban Transp. Co., 141 Tenn. 493, 213 S.W. 412, 5 A.L.R. 765) or to other travelers on the ground of negligence. Solberg v. Schlosser, 20 N.D. 307, 127 N.W. 91, 30 L.R.A., N.S., 1111. | If, as a result of usual, ordinary and reasonable use a highway is injured, obstructed or rendered dangerous and unsafe for travel, it becomes duty of duly authorized public authorities to provide the remedy, but no liability on ground of negligence, attaches to user as a result of such use, either to the public or the highway authorities, for damages to highway or to other travelers. SDC 28.0912, 28.9909. | Who would be liable for any damages caused as a result of ordinary use of highway? | 018978.docx | LEGALEASE-00138714-LEGALEASE-00138715 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3463 | Slatten v. City of Chicago, 12 Ill. App. 3d 808 | 307A+91 | Knowing in advance that a deposition is for discovery only and hence of limited admissibility, counsel ordinarily do not urge technical objections, and the taking of the deposition proceeds informally and expeditiously. The right of any party to a discovery deposition is basic and fundamental in today's adversary system, and, accordingly, the right of one party imposes a duty on the other party. That duty cannot be avoided by technical maneuvers or other conduct which results in destroying the purpose of modern discovery principles. | Right of any party to discovery deposition is basic and fundamental to adversary system and accordingly the right of one party imposes a duty on the other which cannot be avoided by technical maneuvers or other conduct which results in destroying purpose of modern discovery principles. Supreme Court Rules, rules 201, 202, 212(b), S.H.A. ch. 110A, SS 201, 202, 212(b). | Is the right of any party to discovery deposition basic and fundamental in an adversary system? | Pretrial Procedure - Memo # 4416 - C - MS.docx | ROSS-003289160-ROSS-003289161 | Condensed, SA, Sub | 0.31 | 0 | 1 | 1 | 1 | 1 |
| 3464 | Albert A. Volk Co. v. Cauldwell-Wingate Co., 272 A.D. 290 | 307A+91 | It was not intended by section 345 of the Civil Practice Act to abridge or curtail a remedy for breach of contract theretofore existing. Zeltner v. Fidelity & Deposit Co. of Maryland, 220 App.Div. 21, 220 N.Y.S. 356. Its purpose was to abolish the ancillary action in equity that had previously been deemed necessary by way of a bill of discovery to obtain an examination of witnesses or documents for use in an action. The statutory provisions for examination before trial presently found in the Civil Practice Act (Sections 288 et seq.) were designed to supersede the former ancillary bills employed for such purpose. "The need for the ancillary action for discovery being thus obviated, that action has been abolished. Code Civ.Pro. Sec. 1914. But only the ancillary action is abolished." Valentine v. Harbeck, 22 Abb.N.C. 448. | Statutory provisions for examination of witnesses before trial were designed to supersede the former ancillary bills employed for such purpose but only the ancillary action was abolished. Civil Practice Act, SS 288 et seq., 345. | Are statutory provisions for the examination of witnesses before trial designed to supersede the former ancillary bills employed for such purpose? | 031074.docx | LEGALEASE-00138201-LEGALEASE-00138202 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3465 | Pub. Nat. Bank v. Nat'l City Bank, 261 N.Y. 316 | 307A+92 | The right to examine a party before trial is not made dependent as matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party. Thus, a defendant may under proper conditions, have an examination of a plaintiff, even though the answer contain no affirmative defenses and only general denials. In other words, the matter is discretionary with the court, although we recognize the wisdom of the practice adopted in the Appellate Divisions for the guidance of this discretion, and which confines the examination of a party to the occasion where it is necessary or useful in establishing the plaintiff's case or an affirmative defense, thus preventing the so called fishing expedition to get evidence. | Right of examination of party before trial is not as matter of law dependent upon purpose or necessity to establish affirmative claim or defense, but court in its discretion may permit examination of party having burden of proof throughout. Civil Practice Act, S 288. | Is the right of examination of a party dependent upon a purpose or necessity to establish an affirmative claim? | 031102.docx | LEGALEASE-00138431-LEGALEASE-00138432 | Order, SA, Sub | 0.7 | 1 | 0 | 1 | 1 | 1 |
| 3466 | Tenet Healthcare Corp. v. Louisiana Forum Corp., 273 Ga. 206 | 307A+36.1 | In the case at bar, the trial court issued an order during the discovery process that required the attorney to disclose the client's identity. With regard to the scope of discovery, the Civil Practice Act states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ... including the ... identity ... of persons having knowledge of any discoverable matter." OCGA " 9"11"26(b)(1). Through the discovery process, non-privileged information which is in the possession of one party and which gives that party a tactical advantage may be required to be shared with the opposing side. See Morton v. Gardner, 242 Ga. 852, 857, 252 S.E.2d 413 (1979). It is within the trial court's sound legal discretion to determine the permissible extent of discovery, keeping in mind that the discovery procedure is to be construed liberally in favor of supplying a party with the facts. Deloitte Haskins & Sells v. Green, 187 Ga.App. 376(2), 370 S.E.2d 194 (1988). Inasmuch as we can see no abuse of discretion on the part of the trial court, we affirm that portion of the order requiring Tenet or its attorney to disclose the identity of the tipster. | Through the discovery process, non-privileged information which is in the possession of one party and which gives that party a tactical advantage may be required to be shared with the opposing side. | "Through the discovery process, can non-privileged information which is in the possession of one party and which gives that party a tactical advantage be required to be shared with the opposing side?" | 031647.docx | LEGALEASE-00138622-LEGALEASE-00138623 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 3467 | Boyd v. St. Paul Fire & Marine Ins. Co., 775 So. 2d 649 | 30+3321 | La.CodeCiv.P. art. 1422 provides generally that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. A trial court has broad discretion in discovery matters. Laburre v. East Jefferson Gen. Hosp., 555 So.2d 1381 (La.1990); Holloway v. City of Alexandria, 506 So.2d 234 (La.App. 3 Cir.1987). La.CodeCiv.P. art. 1426 allows the trial court authority to issue a protective order, for good cause, limiting the scope of discovery. Such a protective order may be fashioned to preserve the confidentiality of the information disclosed. The granting or not of a protective order and the extent of protection extended are within the sound discretion of the trial court; and an appellate court will not ordinarily modify or reverse the trial court in such matters absent a showing of abuse of discretion. Cerre v. Cerre, 96 2328 (La.App. 4 Cir. 1/15/97); 687 So.2d 601. | The decision to grant a protective order and the extent of protection extended are within the sound discretion of the trial court; an appellate court will not ordinarily modify or reverse the trial court in such matters absent a showing of abuse of discretion. LSA-C.C.P. art. 1426. | Whether the decision to grant a protective order and the extent of protection extended is within the sound discretion of the trial court? | 031862.docx | LEGALEASE-00138908-LEGALEASE-00138909 | Order, SA, Sub | 0.7 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3468 | Pierce v. Penman, 357 Pa. Super. 225 | 307A+726 | We find no abuse of discretion by the trial court in the instant case. The physician's present counsel, Hugh J. Hutchison, Esquire, who requested a continuance on June 28, 1984, is the fourth attorney to represent Appellants in this case. The trial court, in denying Attorney Hutchison's motion, made specific reference to "prior continuances and change of counsel" (N.T., 6/28/86 at 5; R. at 35a) and went on to indicate that a continuance would have delayed the start of the trial for two months or possibly longer because of the court's busy schedule. Id. Moreover, the physicians' treatment of this issue in their brief cites no specific examples of prejudice incurred by Appellants as a result of the trial court's ruling. | Trial court did not abuse its discretion in denying physicians' motion for continuance, citing prior continuances and change of counsel, and possible delay of two months or longer. | "Will the court abuse its discretion in denying physicians' motion for continuance, citing prior continuances and change of counsel, and possible delay of two months or longer?" | 032082.docx | LEGALEASE-00138515-LEGALEASE-00138516 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 3469 | Nat'l Fire Ins. Co. of Hartford v. Hutton, 396 S.W.2d 53 | 307A+485 | The trial judge sustained appellant's motion for an order requiring appellees to pay the reasonable expenses incurred in producing a witness at the trial. The judge found there was no good reason for denial of certain admissions sought by appellant. The witness testified his necessary expense was $253.33. | Where trial judge found that there was no good reason for denial of certain admissions as sought by insurer, insured was properly required to pay the reasonable expenses incurred in producing a witness. | "Can the insured be required to pay the reasonable expenses incurred in producing a witness, where the judge finds that there was no good reason for denial of certain admissions as sought by insurer?" | 030754.docx | LEGALEASE-00139079-LEGALEASE-00139080 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | 1 |
| 3470 | Boza v. Nat'l Sur. Co., 192 N.Y.S. 648 | 307A+61 | The provisions of Code Civ.Proc. "" 888, 889, as to examination on interrogatories of party absent from state, where material to issue of fact joined, are mandatory, and it was error to refuse request and grant adversary's motion for oral examination, with expenses to movant in being present.The Civil Practice Act and rules have much simplified the practice with regard to commissions. But the moving party seems to have preferred to proceed under the Code, and that evidently upon the theory that the action was commenced before the act became effective. When the court made the order in question, it clearly violated plaintiff's rights. If the defendant desired to examine the witness orally such privilege could only be secured by showing valid reasons therefor (Stewart v. Russell, 66 App. Div. 542, 73 N. Y. Supp. 249; Frounfelker v. D., L. & W. Ry. Co., 81 App. Div. 67, 80 N. Y. Supp. 701), and, if the reasons so given satisfied the court, then it should have been conditioned upon the payment in advance of the costs and expenses, which would be incurred by the opposing party to protect his rights in attending such hearing (Reed v. Fenn, 138 App. Div. 417, 122 N. Y. Supp. 938; Grant v. A. Booth & Co., 119 App. Div. 918, 105 N. Y. Supp. 1118; Deery v. Byrne, 120 App. Div. 6, 104 N. Y. Supp. 836). | The provisions of Code Civ.Proc. SS 888, 889, as to examination on interrogatories of party absent from state, where material to issue of fact joined, are mandatory, and it was error to refuse request and grant adversary's motion for oral examination, with expenses to movant in being present. | Will a general commission to examine witnesses on interrogatories authorize the examination of a party at the instance of his adversary? | 030968.docx | LEGALEASE-00139163-LEGALEASE-00139164 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3471 | Fry v. Blauvelt, 818 N.W.2d 123 | 30+3193 | o ensure our district courts have the tools to effectively manage pretrial conduct and control the conduct of the trial, we have recognized the inherent power of the district court to enforce pretrial orders by imposing sanctions. See Rowen v. Le Mars Mut. Ins. Co. of Iowa, 282 N.W.2d 639, 646 (Iowa 1979). Our rules of civil procedure reflect this inherent power by vesting the district court with discretion to fashion appropriate sanctions for violations of pretrial orders. See Iowa Rs. Civ. P. 1.517(2)(b )(2)"(4), .602(5); Olson, 579 N.W.2d at 305. Although district courts have discretion in deciding whether to enforce pretrial orders, "it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits." Fox v. Stanley J. How & Assocs., Inc., 309 N.W.2d 520, 522 (Iowa Ct.App.1981). | Although district courts have discretion in deciding whether to enforce pretrial orders, it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits. | Is it incumbent upon a reviewing court to scrutinize the exercise of a court's discretion in deciding whether to enforce pretrial orders? | Pretrial Procedure - Memo # 4802 - C - AC.docx | ROSS-003288703-ROSS-003288704 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 3472 | Tucker v. Tucker, 55 N.Y.2d 378 | 307A+501 | While the authority of a court to grant or to deny an application made o it pursuant to CPLR 3217 (subd. [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted (4 Weinstein-Korn-Miller, N.Y.Civ.Prac., par. 3217.06). Particular prejudice to the defendant or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, as the Appellate Division correctly held in this case, obligatory. | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | "Can a party ordinarily be compelled to litigate and, absent special circumstances, discontinuance should be granted?" | 032225.docx | LEGALEASE-00139075-LEGALEASE-00139076 | Condensed, SA | 0.45 | 0 | 1 | 0 | 1 | |
| 3473 | Stern v. Marshall, 471 S.W.3d 498 | 307A+501 | A motion for "sanction[s] for filing a frivolous lawsuit ... survive[s] nonsuit, else its imposition would rest completely in the plaintiff's hands, defeating its purpose." CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc., 390 S.W.3d 299, 300 (Tex.2013). The supreme court has noted, however that "[a]lthough the Rule permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot." Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 101 (Tex.2006) (per curiam); see also id. at 100"01 (holding Rule 162's provision providing that a nonsuit shall "have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal" allows the court to rule on a defendant's request for an award of costs post-dismissal, but that request is considered "collateral to the merits of the underlying case" rather than a request for affirmative relief). "A claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action." Id. at 101 (citing BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 841 (Tex.1990)). "The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of this right" to nonsuit under Rule 162. Millard, 800 S.W.2d at 841. Similarly, a request for declaratory relief that amounts to only denial of plaintiff's cause of action is not a counterclaim that seeks affirmative relief that survives a nonsuit. Id.; see also Gen. Land Office v. Oxy U.S.A., 789 S.W.2d 569, 570 (Tex.1990) ("If a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit."). | The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of the right to nonsuit. Tex. R. Civ. P. 162. | Can the use of a creative pleading that merely restates defenses in the form of a declaratory judgment action deprive the plaintiff of the right to nonsuit? | Pretrial Procedure - Memo # 5509 - C - PC.docx | ROSS-003318308-ROSS-003318309 | SA, Sub | 0.91 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3474 | Jernberg v. Virtis Co., 17 A.D.2d 892 | 307A+69.1 | Appellant claims that respondent's motive in pursuing an examination of Kavanau is to delay the action and that there is no necessity for or pertinency to such an examination. It is sufficient to point out, however, that there has been raised a real question as to Kavanau's status in the law suit and that since he is a resident of California, there is no assurance he will be present at the trial. As between written interrogatories and an open commission, while the former is ordinarily preferred (Hawkinson v. Clayton Packing Co., Inc., 275 App.Div. 948, 89 N.Y.S.2d 615; Bieber-Isaacs Co., Inc. v. Philadelphia F. & M. Ins. Co., 125 Misc. 494, 211 N.Y.S. 435) it is appropriate for the trial court in the exercise of its discretion to order the latter where the circumstances so warrant (Pinkowitz v. California Packing Corp., Sup., 126 N.Y.S.2d 783 [not officially reported]; see also Bennett v. Kelly, 283 App.Div. 945, 130 N.Y.S.2d 191). Considering the issues involved in the present litigation we do not find the trial court's selection of an open commission in preference to written interrogatories to be an improper exercise of discretion. | As between written interrogatories and an open examination, while the former is ordinarily preferred, trial court in exercise of its discretion may order the latter where circumstances so warrant. | "As between written interrogatories and an open examination, while the former is ordinarily preferred, can a trial court in exercise of its discretion order the latter where circumstances so warrant?" | Pretrial Procedure - Memo # 3195 - C - SB.docx | ROSS-003329797-ROSS-003329798 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 3475 | Tidwell ex rel. Tidwell v. City & Cty. of Denver, 83 P.3d 75 | 307A+554 | Whether governmental immunity applies to bar a suit is a question of jurisdiction for the trial court. Springer v. City and County of Denver, 13 P.3d 794, 798 (Colo.2000). As a result, "if raised before trial, the issue is properly addressed pursuant to a C.R.C.P. 12(b)(1) motion to dismiss." Corsentino v. Cordova, 4 P.3d 1082, 1087 (Colo.2000). Where "the jurisdictional issue involves a factual dispute, a reviewing court employs the clearly erroneous standard of review to the trial court's findings." Springer, 13 P.3d at 798. Where, however, the facts are undisputed and the issue is one of law, the appellate court reviews the trial court's jurisdictional ruling de novo. Id. | If raised before trial, the issue of whether governmental immunity applies to bar a suit is properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction. Rules Civ.Proc., Rule 12(b)(1). | "If governmental immunity is raised before trial, is the issue properly addressed pursuant to a motion to dismiss for lack of subject matter jurisdiction?" | 032730.docx | LEGALEASE-00139646-LEGALEASE-00139647 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3476 | Huber v. Mullan, 246 F. Supp. 8 | 83E+481 | A note evidencing a promise to repay a sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment, 1 Restatement, Contracts (1932 Ed.), " 151. In this case the question of assignment arises solely with regard to a note and, significantly, a note where the time for repayment is completely under the control of the borrower. Clear and emphatic language restricting assignment generally, aside from a restriction to make effective the December 21, 1962 contract, is not present and no reason suggests itself to the Court why the parties should have desired such a result. | A note evidencing a promise to repay sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment. | Can a note be rendered non assignable depending upon its language? | 010349.docx | LEGALEASE-00140185-LEGALEASE-00140186 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 3477 | Kimball Union Acad. v. Genovesi, 165 N.H. 132, 136, 70 A.3d 435 | 307A+554 | Our standard of review for rulings on motions to dismiss for lack of personal jurisdiction varies according to the case's procedural posture. State v. N. Atlantic Ref. Ltd., 160 N.H. 275, 280, 999 A.2d 396 (2010). "When, as in this case, the trial court rules upon the motion without holding an evidentiary hearing, the trial court employs a prima facie standard, and we review the trial court's decision de novo." Id. (quotation omitted). The inquiry under the prima facie standard is whether the plaintiff "has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." Id. (quotation omitted). "The plaintiff ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts." Id. at 281, 999 A.2d 396 (quotation omitted). Both the trial court and we, when undertaking de novo review, "must accept the plaintiff's (properly documented) proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing." Id. (quotation omitted). The plaintiff's evidentiary proffers must be construed "in the light most congenial to the plaintiff's jurisdictional claim" and "[f]acts put forward by the defendant may be considered only if they are uncontradicted by the plaintiff's submissions." Id. (quotation omitted). | On motion to dismiss for lack of personal jurisdiction, the plaintiff ordinarily cannot rest upon the pleadings, but is obliged to adduce evidence of specific facts. | "On a motion to dismiss for lack of personal jurisdiction, can the plaintiff ordinarily rest upon the pleadings but must adduce evidence of specific facts?" | 032846.docx | LEGALEASE-00139925-LEGALEASE-00139926 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 3478 | Highland Credit Opportunities CDO v. UBS AG, 451 S.W.3d 508 | 307A+554 | The question UBS raises with regard to whether Highland is entitled to sue on the Contract is a question of capacity. When the issue involves capacity arising from a contractual right, "Texas law is clear, and this court has previously held numerous times, that a challenge to a party's privity of contract is a challenge to capacity, not standing." For example, in National Health Resources Corp. v. TBF Financial, LLC, this court concluded that whether a party was the assignee of a lease between the signatory parties was not an issue of standing, but whether the alleged assignee could recover in the capacity which it sued. As this court observed, "[w]hether a party is entitled to sue on a contract is not truly a standing issue because it does not affect the jurisdiction of the court; it is, instead, a decision on the merits." Thus, "when it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction.". | When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, the proper disposition may be summary judgment on the merits, but it is not dismissal for want of jurisdiction. | "When it is established that a breach of contract plaintiff lacks entitlement to sue on a contract, may the proper disposition may be summary judgment on the merits?" | 033235.docx | LEGALEASE-00140611-LEGALEASE-00140612 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3479 | Kiser v. A.W. Chesterton Co., 285 Va. 12 | 379+106 | We should therefore turn to the common law governing when a cause of action accrues. The terms cause of action and right of action are often confused in legal writing and, as the majority points out, they are not synonymous. We have previously held that a cause of action accrues when the harm occurs, and not before: The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff. In the absence of injury or damage to a plaintiff or his property, he has no cause of action and no right of action can accrue to him. Caudill, 210 Va. at 13, 168 S.E.2d at 259. In Locke, 221 Va. at 958, 275 S.E.2d at 905, we held that when medical evidence showed that a cancerous mesothelioma tumor began its development not contemporaneously with the asbestos exposure but sometime later, the development of the cancer and not the exposure triggered the accrual of the cause of action. The relevant question, we reiterated, was, "When was the plaintiff hurt?" Id. | The essential elements of a good cause of action, whether based on an alleged breach of contract or on a tortious act, are a legal obligation of a defendant to the plaintiff, a violation or breach of that right or duty, and a consequential injury or damage to the plaintiff, and in the absence of injury or damage to a plaintiff or his property, he has no cause of action, and no right of action can accrue to him. | What are the essential elements of a breach of contract or on a tortious act? | 005661.docx | LEGALEASE-00141099-LEGALEASE-00141100 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3480 | Mechanics' & Farmers' Sav. Bank v. Katterjohn, 137 Ky. 427 | 83E+433(1) | With this view of the act in mind, let us examine certain of its provisions. Section 63 is as follows: "A person placing his signature upon an instrument otherwise than as, maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Section 89 is as follows: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged." Appellee, Katterjohn, did not place his name on the instrument in question otherwise than as maker, drawer, or acceptor; nor did he clearly indicate by appropriate words his intention to be bound in some other capacity. Therefore, by the express provisions of section 63, he became bound as indorser to the holder of the note. As said before, Rinkliffe, the maker of the note, discounted it and received the proceeds. Appellee, Katterjohn, had nothing to do with the negotiation of the note. No portion of the proceeds was paid by the bank to him. It was not executed for his accommodation. Under such circumstances, he was not primarily liable on the note, but was liable merely as an accommodation indorser. No facts are shown that would bring this case within any of the exceptions to section 89, requiring notice of dishonor to be given to the indorser as set forth in the provisions of the negotiable instruments act. | Negotiable Instrument Act (Laws 1904, c. 102) S 63, provides that "A person placing his signature on an instrument otherwise than as maker, drawer or acceptor, is deemed to be an 'indorser,' unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Held, that one who became the payee of a note, and indorsed the same, to enable the maker to negotiate and discount it for his own benefit, is liable merely as an accommodation indorser. | "Can a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor be deemed as indorser?" | 010486.docx | LEGALEASE-00140861-LEGALEASE-00140862 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3481 | People v. Faubus, 48 Cal. App. 3d 1 | 110+772(5) | In sum the trial court did not tell the jury, as defendant requested, that the defendant in making his false statements and thereby aiding and abetting his wife in obtaining the welfare aid, must have specifically intended to defraud the county. Defendant asserts that a violation of Welfare and Institutions Code section 11483 is a "specific intent" crime. Technically he is correct, however, the characterization of a crime as one of specific intent or general intent has little meaningful significance in instructing a jury. The critical issue is the accurate description of the state of mind required for the particular crime. | Characterization of a crime as one of specific intent or general intent has little meaningful significance in instructing a jury; critical issue is accurate description of state of mind required for particular crime. | Does the characterization of a crime as one of specific intent or general intent has any meaningful significance in instructing a jury? | 011438.docx | LEGALEASE-00141979-LEGALEASE-00141980 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3482 | Koch Oil Co., a div. of Koch Indus. v. Hanson, 536 N.W.2d 702 | 260+87 | The phrase "gross value at the well" in "" 57"51"02 and 57"51.1"02, N.D.C.C., means the fair market value of the oil at the well. See Amerada Hess Corp. v. Conrad, 410 N.W.2d 124 (N.D.1987). In construing " 57"51"02, N.D.C.C., which used to deal with both oil and gas, this court said that the "trial court correctly concluded that ... "where there is no price prevailing at the time of production, the Tax Commissioner may use any method of valuing gas that is reasonably calculated to arrive at the fair market value of the gas, which may include the workback method." " Amerada Hess Corp. v. Conrad, supra, 410 N.W.2d at 130. The Commissioner's use of downstream metered measurements of the volume of oil to be taxed, rather than relying on hand gauging measurements of volume at the well, has nothing to do with valuation of the barrels of oil to be taxed. The lead auditor explained the Commissioner's method of valuation: "The corrected values reflect an average, computed on a monthly basis, of the prices Koch paid to all of its producers for oil acquired from North Dakota leases during the period 1980 through 1983.... These values have been applied to the 137,822 barrels of volume gain oil to compute the gross production and oil extraction taxes due by Koch for the period 1980 through 1983." | If there is no price prevailing at the time of gas production, Tax Commissioner may use any method of valuation, including workback method, that is reasonably calculated to arrive at fair market value of gas, for purposes of oil extraction tax and gross production tax. NDCC 57-51-02, 57-51.1-02. | "In calculating the fair market value of gas, can the tax commissioner use the workback method?" | 021620.docx | LEGALEASE-00142067-LEGALEASE-00142068 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 3483 | Exch. Nat. Bank of Chicago v. DeGraff, 110 Ill. App. 3d 145 | 307A+485 | Rule 219(b) does not qualify or explain the type of factual matters that come within its scope. As a discovery rule, however, the rule applies most logically to matters within the denying party's control or knowledge which may be subsequently verified by independent sources, as for example, a party's income or the existence of a cloud on a party's real estate title. If one party unreasonably denies such facts under oath, the opposing party should be able to recover expenses and fees expended in proving them. If the rule is extended to all controverted matters which become "proven facts" only through a general verdict or judgment, the prevailing party to an action would presumably be allowed to recover fees and expenses routinely. We do not believe this is the intent of Supreme Court Rule 219(b). | As a discovery rule, the rule, which pertains to awarding expenses on refusal to admit, applies to matters which are within denying party's control or knowledge and which may be subsequently verified by independent sources. S.H.A. ch. 110A, P 219(b). | Does the discovery rule apply to matters within the denying party's control or knowledge which may be subsequently verified by independent sources? | 030607.docx | LEGALEASE-00141107-LEGALEASE-00141108 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3484 | Holly Ridge Assocs. v. N. Carolina Dep't of Env't & Nat. Res., 176 N.C. App. 594 | 307A+723.1 | 26 N.C.A.C. 3.0118 (2005). This rule, like the civil procedure rule on continuances (N.C. R. Civ. P. 40(b)), "wisely makes no attempt to enumerate them but leaves it to the judge to determine, in each case, whether "good cause" for a continuance has been shown." Shankle, 289 N.C. at 483, 223 S.E.2d at 386. "In passing on the motion the trial court must pass on the grounds urged in support of it, and ... should consider all the facts in evidence, and not act on its own mental impression or facts outside the record." Id. | In passing on a motion for a continuance, a trial court must pass on the grounds urged in support of it, and should consider all the facts in evidence, and not act on its own mental impression or facts outside the record. Rules Civ.Proc., Rule 40(b), West's N.C.G.S.A. S 1A-1. | "In passing on a motion for a continuance, should a trial court consider all the facts in evidence, and not act on its own mental impression or facts outside the record?" | 030620.docx | LEGALEASE-00141196-LEGALEASE-00141197 | Condensed, SA, Sub | 0.47 | 0 | 1 | 1 | 1 | 1 |
| 3485 | Wilborn v. Life Ambulance Servs., 163 S.W.3d 271 | 307A+723.1 | Furthermore, we note that in cases where a trial judge's discretion comes into play, such as in his decision to dismiss a case for want of prosecution, it has long been the rule that the judge may take into account the entire procedural history of the case. Waste Water, Inc., 874 S.W.2d at 942; Sustala v. El"Romman, 712 S.W.2d 164, 166 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (court may consider entire history of case, including past lack of diligence, when deciding whether to dismiss for want of prosecution). We agree with the Houston Court of Appeals and see no reason why a trial judge should not be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance. Waste Water, Inc., 874 S.W.2d at 942., 275 (Tex. App. 2005) | There is no reason why a trial judge should not be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance. | Should a trial judge be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance? | 030707.docx | LEGALEASE-00141407-LEGALEASE-00141408 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3486 | Greiner Eng'g Scis. v. Commercial Ctr. Dev. Corp., 508 So. 2d 525 | 307A+485 | The trial court's award of attorney's fees, however, was not pled prior to trial and was not included in the request for admissions. The defendants had no notice of this unliquidated claim, and, thus, were denied their due process right to be heard. See Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983). Accordingly, the trial court's order granting a new trial is reversed, with the exception of the grant of a new trial on the issue of attorney's fees. | Imposition of attorney fees denied defendants their due process right to be heard, where fees were not pled prior to trial or included in request for admissions. West's F.S.A. S 57.105. | "Will imposition of attorney fees deny defendants their due process right to be heard, where fees were not pled prior to trial or included in request for admissions?" | 030713.docx | LEGALEASE-00141473-LEGALEASE-00141474 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 3487 | Klein v. Weiss, 284 Md. 36 | 307A+15 | One of the fundamental and principal objectives of the discovery rules is to require disclosure of facts by a party litigant to all of his adversaries, and thereby to eliminate, as far as possible, the necessity of any party to litigation going to trial in a confused or muddled state of mind, concerning the facts that give rise to the litigation.Balto. Transit v. Mezzanotti, 227 Md. 8, 174 A.2d 768 (1961). Of course, interrogatories are continuing in nature and there is ordinarily an obligation continuing to the time of trial to communicate any new information in the possession of the party examined; indeed, to permit a party to sit idly by, knowing that a previous answer he has given to an interrogatory is not truthful in the light of his present information, is intolerable. Pare v. Rodrique, 256 Md. 204, 260 A.2d 313 (1969). Although failure of a party to give his opponent the added information may be ground for refusing to allow the introduction of relevant evidence, the trial judge is vested with a large measure of discretion in applying sanctions for failure to adhere to the discovery rules. Broadwater v. Arch, 267 Md. 329, 297 A.2d 671 (1972); Mason v. Wolfing, 265 Md. 234, 288 A.2d 880 (1972); Evans v. Howard, 256 Md. 155, 259 A.2d 528 (1969). There is no contention that the appellees' failure to disclose the information was wilful or contumacious; there is, therefore, no mandatory requirement that the evidence be excluded. Smith v. Potomac Electric, 236 Md. 51, 202 A.2d 604 (1964). The receiver could have requested a continuance if he believed that he had been prejudiced, but he did not. That the original partnership documents, and the testimony relating thereto, were permitted in evidence did not constitute such an abuse of discretion in this case as would warrant reversal of the judgment. In any event, since we shall remand the case for other reasons, the receiver ultimately will suffer no prejudice from the admission of the original documents in | One of fundamental and principal objectives of discovery rules is to require disclosure of acts by party litigant to all of his adversaries, and thereby to eliminate, as far as possible, necessity of any party to litigation going to trial in confusedor muddled state of mind, concerning facts that give rise to litigation. Maryland Rules, Rule 555 d 2. | Is the object of discovery procedures disclosure of facts? | 031320.docx | LEGALEASE-00140772-LEGALEASE-00140773 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3488 | In re Auto. Antitrust Cases I & II, 135 Cal. App. 4th 100 | 307A+36.1 | A plaintiff attempting to assert jurisdiction over a nonresident defendant is entitled to an opportunity to conduct discovery of the jurisdictional facts necessary to sustain its burden of proof. (Magnecomp Corp. v. Athene Co., supra, 209 Cal.App.3d at p. 533, 257 Cal.Rptr. 278.) In order to prevail on a motion for a continuance for jurisdictional discovery, the plaintiff should demonstrate that discovery is likely to lead to the production of evidence of facts establishing jurisdiction. (See, e.g., Beckman v. Thompson (1992) 4 Cal.App.4th 481, 486"487, 6 Cal.Rptr.2d 60.) Plaintiffs in this matter did not do so. We have already rejected their related claim that the trial court should have drawn an inference from evidence implicating other alleged conspirators who were also motor vehicle parent manufacturers. (See pt. III.D., ante.) Even when the underlying complaint alleges a conspiracy, the plaintiff must still offer evidence tending to support the existence of personal jurisdiction over each named nonresident defendant. (See Kaiser, supra, 86 Cal.App.3d at p. 901, 150 Cal.Rptr. 615; see pt. IV.A.3., ante.) Plaintiffs have not done so. | A plaintiff attempting to assert jurisdiction over a nonresident defendant is entitled to an opportunity to conduct discovery of the jurisdictional facts necessary to sustain its burden of proof. | Is a plaintiff attempting to assert jurisdiction over a non-resident defendant entitled to an opportunity to conduct discovery of the jurisdictional facts necessary to sustain its burden of proof? | Pretrial Procedure - Memo # 4809 - C - SKG.docx | ROSS-003289410-ROSS-003289411 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3489 | Heda v. Superior Court, 225 Cal. App. 3d 525 | 307A+36.1 | Article I, section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." The zone of privacy created by this provision extends to the details of a patient's medical history. (See Cutter v. Brownbridge (1986) 183 Cal.App.3d 836, 842, 228 Cal.Rptr. 545; Wood v. Superior Court (1985) 166 Cal.App.3d 1138, 1147, 212 Cal.Rptr. 811; Jones v. Superior Court (1981) 119 Cal.App.3d 534, 548"550, 174 Cal.Rptr. 148; Board of Medical Quality Assurance v. Gherardini (1979) 93 Cal.App.3d 669, 678"679, 156 Cal.Rptr. 55.) And this privacy right protects against invasions by private citizens as well as by the state. (Chico Feminist Women's Health Center v. Scully (1989) 208 Cal.App.3d 230, 242, 256 Cal.Rptr. 194, and cases there cited.) The right is not absolute, however, and may be outweighed by the legitimate interests of another party to a lawsuit. (See Jones v. Superior Court, supra, 119 Cal.App.3d at p. 550, 174 Cal.Rptr. 148.) | Privacy right that extends to details of patient's medical history is not absolute, and may be outweighed by legitimate interests of another party to lawsuit. West's Ann.Cal. Const. Art. 1, S 1. | Is a privacy right that extends to details of a patient's medical history not absolute and may be outweighed by legitimate interests of another party? | 032104.docx | LEGALEASE-00141240-LEGALEASE-00141241 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 3490 | Bucchere v. Brinker Int'l, 49 Conn. Supp. 441 | 307A+622 | In ruling upon a motion to dismiss, "a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410"11, 722 A.2d 271 (1999). The motion "is not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). The motion "should not be granted on other than jurisdictional grounds." Egri v. Foisie, 83 Conn.App. 243, 248, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). Where, as here, there is a motion to dismiss for lack of personal jurisdiction and there is raised "a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983). | A motion to dismiss is not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds. | Is a motion to dismiss not designed to test the legal sufficiency of the complaint in terms of whether it states a cause of action and should not be granted on other than jurisdictional grounds? | 033346.docx | LEGALEASE-00140941-LEGALEASE-00140942 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3491 | Posey v. Proper Mold & Eng'g, 378 S.C. 210 | 307A+554 | The court may consider affidavits on a question of law in a jurisdictional motion without converting the motion into one for summary judgment. Baird v. Charleston County, 333 S.C. 519, 528, 511 S.E.2d 69, 74 (1999). The proper procedure for raising lack of subject matter jurisdiction prior to trial is to file a motion to dismiss pursuant to Rule 12(b)(1), SCRCP, rather than a motion for summary judgment pursuant to Rule 56, SCRCP. Woodard v. Westvaco Corp., 319 S.C. 240, 242, 460 S.E.2d 392, 393 (1995), overruled on other grounds, Sabb, 350 S.C. 416, 567 S.E.2d 231. If a party files a Rule 56 motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a Rule 12(b)(1) motion to dismiss. Edens, 359 S.C. at 439, 597 S.E.2d at 866 | If a party files a motion for summary judgment on the ground of lack of subject matter jurisdiction, the trial court should treat the motion as if it were a motion to dismiss. Rules Civ.Proc., Rules 56, 12(b)(1). | "If a party files a motion for summary judgment on the ground of lack of subject matter jurisdiction, should the trial court treat the motion as if it were a motion to dismiss?" | 033371.docx | LEGALEASE-00141037-LEGALEASE-00141038 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 3492 | Bachelder v. Merriman, 34 Me. 69 | 307A+74 | The statute, ch. 133, sect. 19, requires, that the magistrate shall certify, that the deponent was sworn "according to law." This provision may be complied with by the certificate in the words of the statute; or by a specification therein of the language used in the attempt to administer the oath, and if the latter shows that the oath has in fact been administered according to the proper form, it is sufficient. Atkinson v. St. Croix Man. Co. 24 Maine, 171.In the certificate annexed to Groton's deposition, it is stated that "the deponent was first sworn by the subscriber, one of the justices of the peace for said county of Lincoln, was examined according to law." The words ""according to law," in the certificate, by a proper grammatical construction, is confined in its reference to the examination of the witness, and does not extend to the administration of the oath. The meaning of the magistrate herein, is at best doubtful. In the depositions of Haines and Gilman, positive violence is done to the language used, by adopting the construction, that the words """according to law" were intended to apply to the caption of the oath, as well as to the examination of the deponent. The terms are, "the deponent first being sworn by the subscriber, one of the justices of the peace for said county of Lincoln, was examined according to law." It could not have been the design of the magistrate to certify, that the deponent was sworn according to law. | The statute requiring that a magistrate taking a deposition must certify that the deponent was sworn "according to law" is complied with by a certificate in the words of the statute, or by a statement of the language used in the administration of the oath by which it appears that the law has in fact been complied with. | "Is the statute requiring that a magistrate taking a deposition must certify that the deponent was sworn ""according to law"" complied with by a certificate in the words of the statute?" | 033473.docx | LEGALEASE-00140962-LEGALEASE-00140964 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 3493 | Murphy v. Joseph Hollander, 131 N.J.L. 165 | 371+2001 | While such a tax is not a "debt" in the strictly technical sense, and therefore an action in debt will not lie for its recovery, there are cases holding that a creditor's bill in equity for discovery and an accounting is maintainable by the taxing power in circumstances such as these. A tax is not, in legal contemplation, either a debt or a contractual obligation. City of Camden v. Allen, 26 N.J.L. 398; Board of Chosen Freeholders of Atlantic County v. Inhabitants of Weymouth, 68 N.J.L. 652, 54 A. 458. It operates in invitum. It is an impost levied by the sovereign authority to raise moneys for the support of the government, or for some special purpose within the domain of government. It is an exaction due to the government in its sovereign capacity, while debts are owing to the government in its corporate capacity. Liberty Mutual Ins. Co. v. Johnson Shipyards Corp., 2 Cir., 6 F.2d 752. But, for the purposes of enforcement, a tax assessment has been regarded as assimilating the qualities of a judgment so as to support a creditor's bill. As stated, it is an obligation created by the government; and it has "the efficacy of a judgment," and is "capable of being enforced by process more summary than legal execution." City of Camden v. Allen, supra. And the distress warrant is analogous to an execution. | A "tax" is not technically a debt for which an action in debt will lie, and is neither a "contractual obligation" nor a "debt", which is owing to the government in its corporate capacity, while a "tax" is an exaction due the government in its sovereign capacity, and is an impost levied by the sovereign authority to raise moneys for the support of the government, or for some special purpose within the domain of government. | "Is tax a contractual obligation or a debt, which is owing to the government in its corporate capacity?" | 045205.docx | LEGALEASE-00141208-LEGALEASE-00141209 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3494 | Sandberg v. State, 188 Neb. 335 | 371+2005 | In State ex rel. School Dist. of Scottsbluff v. Ellis (1959), 169 Neb. 166, 95 N.W.2d 538, we said: "It is the fundamental law of this state that the Legislature is vested with the taxing power without limit, subject only to restrictions contained in the Constitution. It is axiomatic therefore that the provisions of the Constitution in relation to taxation are not grants of power but are limitations on the taxing power of the state lodged in the Legislature. State ex rel. Atchison & N.R.R. v. Lancaster County, 4 Neb. 537, 19 Am.R. 641; State v. Cheyenne County, 127 Neb. 619, 256 N.W. 67. It is just as fundamental that the power to tax and the power to provide for the disposition of taxes raised are identical and inseparable, and the Legislature is clothed with full power and control over the disposition of revenues derived from taxation, including those raised by political subdivisions of the state under authority of the state, subject only to constitutional restrictions. 85 C.J.S., Taxation, s. 1057, p. 644." | Legislature is vested with the taxing power without limit, subject only to restrictions contained in the Constitution, and it is therefore axiomatic that provisions of the Constitution in relation to taxation are not grants of power but are limitations on taxing power of state lodged in the legislature. | "Are the provisions of the Constitution in relation to taxation, grants of power or limitations on taxing power of state lodged in the legislature?" | Taxation - Memo # 545 - C - KS.docx | ROSS-003288831-ROSS-003288832 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 3495 | Kennedy v. Sanford, 166 F.2d 568 | 34+36 | That a soldier in time of war is under military law and answerable to a court martial does not absolve him from prosecution for crimes against federal or State laws committed where such laws are of force. The provisions of Article of War 74, 10 U.S.C.A. " 1546, recognize this. But it is contended that the surrender of soldiers for trial in such courts is by the Article required "except in time of war", and this means that in time of war surrender is prohibited. The Article is a penal one, making it a military offense for the commanding officer to refuse surrender except in time of war, and with other exceptions. It does not prohibit surrender in time of war, but leaves the commanding officer free to exercise his discretion. In re Baer, Sup., 41 N.Y.S.2d 415; People v. Williams, 184 Misc. 510, 55 N.Y.S.2d 181; Lucas v. Sanford, Warden, 5 Cir., 145 F.2d 229. The federal district court had jurisdiction, appellant having been duly surrendered to it. Caldwell v. Parker, 252 U.S. 376, 40 S.Ct. 388, 64 L.Ed. 621. | That a soldier in time of war is under military law and answerable to a court martial does not absolve him from prosecution for crimes against federal or state laws committed where such laws are in force. Articles of War, art. 74, 10 U.S.C.A. S 1546. | "Is a soldier, in time of war, under military law and answerable to a court martial for prosecution for crimes against federal or state laws committed where such laws are in force?" | 008621.docx | LEGALEASE-00142207-LEGALEASE-00142208 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3496 | United States v. Foley, 73 F.3d 484 | 63+1(1) | In sum, the legislative history of " 666 indicates that the value of a thing for purposes of " 666(a)(1)(B) is not to be assessed by reference to any and every perspective or measure of value, no matter how subjective or arbitrary. Instead, the assessment of the thing's value must be connected, even if only indirectly, to the integrity of federal program funds. | For purposes of statute governing theft or bribery concerning programs receiving federal funds, value of a thing is not to be assessed by reference to any and every perspective or measure of value, no matter how subjective or arbitrary; rather, assessment of thing's value must be connected, even if only indirectly, to integrity of federal program funds. 18 U.S.C.A. S 666(a)(1)(B). | "In bribery involving federal monies, should the assessment of the thing's value be connected to the integrity of federal program funds?" | 011531.docx | LEGALEASE-00142312-LEGALEASE-00142313 | SA, Sub | 0.05 | 0 | 0 | 1 | 1 | |
| 3497 | United States v. Jacobs, 431 F.2d 754 | 63+1(1) | It therefore follows that Section 201(b) is violated even though the official offered a bribe is not corrupted, or the object of the bribe could not be attained, or it could make no difference if after the act were done it turned out that there had been actually no occasion to seek to influence any official conduct. See, e.g., Kemler v. United States, 133 F.2d 235, 238 (1 Cir. 1943). | Statute against corruptly giving, offering or promising anything of value to public official with intent to influence any official act or to influence official to commit any fraud or make opportunity for commission of any fraud on United States or to induce official to do or omit to do any act in violation of his lawful duty is violated even though official offered a bribe is not corrupted or object of bribe cannot be attained, and it makes no difference if after act is done it turns out that there was actually no occasion to seek to influence any official conduct. 18 U.S.C.A. S 201(b). | Is bribery statute violated where it turned out that there had been actually no occasion to seek to influence any official conduct? | 012184.docx | LEGALEASE-00142445-LEGALEASE-00142446 | Condensed, SA, Sub | 0.35 | 0 | 1 | 1 | 1 | 1 |
| 3498 | Schraier v. Hickel, 419 F.2d 663 | 260+5.1(2) | In contrast the Mineral Leasing Act gives such discretion to the Secretary, to accept or reject an application, that this filing constitutes a "proposal" rather than a "selection.'9 Nor can it be successfully asserted that the Secretary exercises his discretion whether or not to lease when he gives notice for filing and processing applications. "The filing of an application which has not been accepted does not give any right to a lease, or generate a legal interest which reduces or restricts the discretion vested in the Secretary whether or not to issue leases for the lands involved." Duesing v. Udall, supra, note 7, 121 U.S.App.D.C. at 372-373, 350 F.2d at 750-751. Similarly the Secretary does not lose his ultimate authority because the Department officials assumed that appellant would be awarded a lease if he were found to qualify in all respects under pending regulation. | Secretary of Interior did not lose his ultimate authority to decline to accept application for oil and gas lease pursuant to Mineral Leasing Act because department officials assumed that applicant would be awarded lease if he were found to qualify in all respects under pending regulations. Mineral Lands Leasing Act, S 1 et seq., 30 U.S.C.A. S 181 et seq. | Does the Secretary lose his ultimate authority because the Departmental officials assumed that the appellant would be awarded a lease if he were found to qualify in all respects under pending regulation? | Mines and Minerals - Memo # 82 - C - EB.docx | ROSS-003288393-ROSS-003288394 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |
| 3499 | Rohner v. Austral Oil Expl. Co., 104 So. 2d 253 | 260+122 | Unless provided for in the lease, The lessee is not responsible for damages which are inflicted without negligence upon the lessor's property in the course of necessary drilling operations. Moreover when the damaging of the lessor's property by the mineral lessee is not negligent per se, the lessor must prove that the injury was caused by unreasonable or negligent operations of the lease. | Unless provided for in mineral lease, lessee is not responsible for damages inflicted without negligence upon lessor's property in course of necessary drilling operations. | Is the lessee responsible for damages which are inflicted without negligence upon the lessor's property in the course of necessary drilling operations? | 021350.docx | LEGALEASE-00142836-LEGALEASE-00142837 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 3500 | Brooks v. Am. Broad. Co., 179 Cal. App. 3d 500 | 307A+485 | Expenses of proving disputed facts which an opposing party denies in response to a request for admission are not recoverable simply because the party promulgating the request prevails at trial. In this instance, Brooks had a reasonable basis, the anticipated testimony of his father, for denying this request for admission"one which went to the very heart of his action. We are not prepared to overturn the trial court's determination that the expected testimony of Brooks' father was a good reason for denying the request. | Expenses of proving disputed fact which opposing party denies in response to request for admission are not recoverable under S 2034(c) simply because party promulgating request prevails at trial. West's Ann.Cal.C.C.P. S 2034(c). | "Are expenses of proving disputed fact which opposing party denies in response to request for admission, recoverable if the party promulgating request prevails at trial?" | 030641.docx | LEGALEASE-00142941-LEGALEASE-00142942 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3501 | Mattis v. State Farm Fire & Cas. Co., 118 Ill. App. 3d 612 | 307A+485 | There is no question that plaintiffs did prove the content of the requested admission. Explicit in the rule, however, is the requirement that a party serve a sworn denial of the requested admission thus forcing the requesting party to proof. Thus, Rule 219(b) requires not only that the matters asserted be proved, but also proof that the opposing party lacked good reasons to deny the request. (Exchange National Bank of Chicago v. DeGraff (1st Dist.1982), 110 Ill.App.3d 145, 65 Ill.Dec. 683, 441 N.E.2d 1197.) A refusal to admit is not a denial and will not be treated as such where the replying party sets forth in detail the reasons why he cannot truthfully admit or deny the requested matters. (See Supreme Court Rule 216(c)(1) (Ill.Rev.Stat.1979, ch. 110A, par. 216(c)(1).)) The request called for more than an admission of fact and required defendant to form an early opinion on the technical matter of the cause of the damage. State Farm's reply was made in terms of uncertainty; it was not a denial on its face. The refusal to admit was not unreasonable at that early stage of the discovery. | Explicit in rule, which requires other party to pay reasonable expenses incurred in making proof of matter requested to be admitted, is requirement that party against whom order is sought serve sworn denial of requested admission, thus forcing requesting party to proof, and thus, rule requires not only that matters asserted be proved, but also proof that opposing party lacked good reason to deny request. S.H.A. ch. 110A, P 219(b). | "Will refusal to admit a matter be ""denial"" and will it be treated as such where replying party sets forth in detail reasons why they cannot truthfully admit or deny requested matters?" | 031325.docx | LEGALEASE-00142579-LEGALEASE-00142580 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 3502 | Lederer v. Dir. of Div. of Aging, 865 S.W.2d 682 | 307A+684 | A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction. Crofts v. Harrison, 772 S.W.2d 901, 902 (Mo.App.1989). The decision to dismiss for lack of subject matter jurisdiction is left to the sound discretion of the trial court, id., and will not be reversed on appeal absent an abuse of that discretion. | Motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by preponderance of evidence, that court is without jurisdiction, and decision is left to sound discretion of trial court and will not be reversed on appeal absent abuse of that discretion. | Is the decision to dismiss for lack of subject matter jurisdiction within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion? | Pretrial Procedure - Memo # 6059 - C - VP.docx | ROSS-003301648-ROSS-003301649 | Condensed, SA, Sub | 0.32 | 0 | 1 | 1 | 1 | 1 |
| 3503 | Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | For sure, courts can always enforce the service rule on their own initiative to achieve its purposes, independent of the course of conduct of the parties. See Iowa R. Civ. P. 1.302(5). Additionally, a defendant may also uphold the purpose of the service rule by moving to dismiss for untimely service. See Meier, 641 N.W.2d at 541"42. But, in both instances, good cause must be considered in deciding to dismiss a petition for untimely service, and Wilson informs us that this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. See 678 N.W.2d at 422"23. In Henry, it was not inequitable for the defendant to move to dismiss when his insurance representative only continued to negotiate a settlement and did nothing to make the plaintiff think service was unnecessary. See 566 N.W.2d at 191, 192"93. In Wilson, it was inequitable for the defendant to move to dismiss after allegedly agreeing to delay service. See 678 N.W.2d at 422. In the end, the results of both cases are consistent with our long-standing approach that dismissal for failing to timely accomplish service of process is appropriate when the failure results from " "[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-baked attempts at service." " See id. at 421 (quoting Henry, 566 N.W.2d at 192"93). | Good cause must be considered in deciding to dismiss a petition for untimely service, and this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. I.C.A. Rule 1.302(5). | "In deciding to dismiss a petition for untimely service, must good cause be considered?" | 033726.docx | LEGALEASE-00143101-LEGALEASE-00143102 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 3504 | Atlanta Bus. Video v. FanTrace, 324 Ga. App. 559 | 307A+746 | An involuntary dismissal without prejudice for failure of the plaintiff to prosecute "does not operate as an adjudication upon the merits," and such a dismissal by the trial court for failure to appear " is discretionary ... and is not subject to review by this [C]ourt in the absence of an abuse of that discretion." Indeed, as we have previously explained, we will not "substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion." With these guiding principles in mind, we turn now to ABV's enumeration of error. | An involuntary dismissal without prejudice by the trial court for failure to appear is discretionary and is not subject to review by the Court of Appeals in the absence of an abuse of that discretion. West's Ga.Code Ann. S 9-11-41(b). | Is an involuntary dismissal without prejudice by the trial court for failure to appear discretionary and not subject to review by the Court of Appeals in the absence of an abuse of that discretion? | 033889.docx | LEGALEASE-00142246-LEGALEASE-00142247 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 3505 | Edmunds v. Kraner, 142 Idaho 867 | 30+3324 | A trial court has authority to sanction parties for non-compliance with pretrial orders, and sanctions may include those enumerated in I.R.C.P. 37(b)(2)(B), (C) and (D) for discovery violations. I.R.C.P. 16(i). The imposition of such sanctions is committed to the discretion of the trial court, and we will not overturn such a decision absent a manifest abuse of that discretion. | The imposition of sanctions for non-compliance with pretrial orders is committed to the discretion of the trial court, and the appellate court will not overturn such a decision absent a manifest abuse of that discretion. Rules Civ.Proc., Rules 16(i), 37(b)(2)(B, C, D). | "Is the imposition of sanctions for non-compliance with pretrial orders committed to the discretion of the trial court, and will the appellate court overturn such a decision absent a manifest abuse of that discretion?" | 033906.docx | LEGALEASE-00142328-LEGALEASE-00142329 | Condensed, SA, Sub | 0.29 | 0 | 1 | 1 | 1 | 1 |
| 3506 | Mohr v. Mohr, 859 N.W.2d 377 | 307A+560 | The language of " 25"217 providing for dismissal of unserved petitions is self-executing and mandatory. Dillion v. Mabbutt, supra. The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold such dismissal occurs by operation of law, without predicate action by the trial court. See Vopalka v. Abraham, 260 Neb. 737, 619 N.W.2d 594 (2000). Once an action is dismissed by operation of law, any further orders by the district court, except to formalize the dismissal, are a nullity. See id. | The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. Neb. Rev. Stat. S 25-217. | "Is the only way to ensure that an unserved action stands dismissed, as required by statute, to hold that such dismissal occurs by operation of law?" | Pretrial Procedure - Memo # 6432 - C - SK.docx | ROSS-003330370-ROSS-003330371 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3507 | Tucker v. Tucker, 55 N.Y.2d 378 | 30+3324 | Moreover, " "[t]he decision concerning the appropriate sanction for failure to comply with a pretrial order ... is within the trial court's discretion, "and we review such decisions to determine whether the trial court exceeded its discretion." " ' Cobb v. Fisher, 20 So.3d 1253, 1257 (Ala.2009) (quoting Vesta Fire Ins. Corp. v. Milam & Co. Constr., Inc., 901 So.2d 84, 105 (Ala.2004))." Smith v. Davidson, 58 So.3d 177, 180"81 (Ala.Civ.App.2010). Rule 37(b)(2)(C), Ala. R. Civ. P., allows a trial court to enter sanctions, including dismissal of an action and entry of a default judgment, against a party who "fails to obey an order to provide or permit discovery." We note that the husband has not specifically challenged the trial court's decision to impose the sanction of dismissing his counterclaim for a divorce. The husband only challenges whether there was sufficient evidence to support the trial court's determination that he failed to comply with its orders compelling him to respond to the wife's discovery requests. Therefore, this opinion will not address the propriety of the trial court's decision to dismiss the husband's counterclaim for a divorce. See Tucker v. Cullman"Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (quoting Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996)) (holding that " "[w]hen an appellant fails to properly argue an issue, that issue is waived and will not be considered" "). | The decision concerning the appropriate sanction for failure to comply with a pretrial order is within the trial court's discretion, and the Court of Civil Appeals reviews such decisions to determine whether the trial court exceeded its discretion. Rules Civ.Proc., Rules 37(b)(2)(C), 41. | Is the decision concerning the appropriate sanction for failure to comply with a pretrial order within the trial court's discretion? | Pretrial Procedure - Memo # 6436 - C - AP.docx | ROSS-003330372-ROSS-003330373 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3508 | Camerota v. Kaufman, 666 So. 2d 1042 | 307A+746 | The order granting the default does not set forth the basis; however, the subsequent motion for default judgment indicates that the default was based on "failure to respond to requests for discovery, as well as for failing to answer the complaint." If the default was based on noncompliance with discovery pursuant to Florida Rule of Civil Procedure 1.380(2)(C), the order is defective because there is no finding of a willful and deliberate disregard of the trial court's prior orders. See Tubero v. Chapnich, 552 So.2d 932 (Fla. 4th DCA 1989), approved, Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990). If the court was exercising its authority under rule 1.200(c) because Camerota did not appear at the status conference as ordered by the court, a finding that the party's conduct was willful and contumacious is also necessary. See Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993). No such finding appears in the record. If the court based its entry of a default on rule 1.500(b), the rules required that Camerota be served with notice of application for default because she had already appeared in the action. The record, however, does not include such a pleading. | Before entering default judgment based on party's failure to appear at case management conference as ordered, trial court must find that party's conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Before entering a default judgment based on a party's failure to appear at case management conference as ordered, must a trial court find that party's conduct was willful and contumacious?" | Pretrial Procedure - Memo # 6636 - C - SJ.docx | ROSS-003304888-ROSS-003304889 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 3509 | Perry v. Stitzer Buick GMC, 637 N.E.2d 1282 | 106+40 | By contrast, a motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. When a court lacks subject matter jurisdiction, any action it takes is void. In re Chapman (1984), Ind.App., 466 N.E.2d 777. A dismissal under Trial Rule 12(B)(1) is not an adjudication on the merits nor is it res judicata. Harp v. Dep't of Highways (1992), Ind.App., 585 N.E.2d 652. A plaintiff thus is free to refile the action in the same tribunal or another tribunal that has jurisdiction. See Mid"States Aircraft Engines, 467 N.E.2d at 1246"47. Lack of subject matter jurisdiction is an affirmative defense which may be raised in the pleadings, see T.R. 8(C), or on motion under 12(B)(1). | Motion to dismiss for lack of subject matter jurisdiction presents threshold question concerning court's power to act; when court lacks subject matter jurisdiction, any action it takes is void. Trial Procedure Rule 12(B)(1). | Does motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the court's power to act? | Pretrial Procedure - Memo # 6813 - C - VA.docx | ROSS-003302856-ROSS-003302857 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3510 | Alpha Rho Zeta of Lambda Chi Alpha v. Inhabitants of City of Waterville, 477 A.2d 1131 | 371+2005 | All real estate within the State is made subject to taxation, 36 M.R.S.A. " 502. Real estate is statutorily defined as including all lands and all buildings affixed to the land, extending to interests and improvements in land, the fee of which is in the State, as well as interests by contract or otherwise in real estate exempt from taxation. 36 M.R.S.A. " 551. The right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide the essential needs of State government, i.e. to secure such revenue as will be sufficient and indispensable to the preservation of the public peace, health and safety. Morris v. Goss, 147 Me. 89, 102-103, 83 A.2d 556, 563-564 (1951). This Court recognized the taxability of the several distinct interests of different parties in the same premises such as between their respective interests in the land as distinguished from their interests in the buildings thereon. See Portland Terminal Co. v. Hinds, 141 Me. 68, 76-78, 39 A.2d 5, 8-9 (1944). | Right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide essential needs of state government, i.e. to secure such revenue as will be sufficient and indispensable to preservation of public peace, health and safety. 36 M.R.S.A. S 502. | Is the right of taxation an essential attribute of sovereignty? | 11407.docx | LEGALEASE-00094376-LEGALEASE-00094377 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3511 | Pierson v. Treasurer of State, 126 S.W.3d 386 | 413+2 | Workers' compensation law is entirely a creature of statute, and when interpreting the law, the Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | Workers' compensation law is entirely a creature of statute, and when interpreting the law, the Supreme Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible. | "How is the plain and ordinary meaning used when considering the legislatures intent, under the workers compensation law?" | 048154.docx | LEGALEASE-00142138-LEGALEASE-00142139 | SA, Sub | 0.03 | 0 | 0 | 1 | 1 | |
| 3512 | In re Pechman's Estate, 532 P.2d 385 | 34+63 | The estate correctly asserts that the portion of the divorce decree purporting to direct the disposition of the National Service Life Insurance proceeds is void and can therefore be collaterally attacked in the probate court. National Service Life Insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private insurance companies. Kauffman v. Kauffman, 93 Cal.App.2d 808, 210 P.2d 29. | National Service Life Insurance, which is a contract made in pursuance of federal statute, must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private insurance companies. 38 U.S.C.A. SS 717(a), 3101(a). | Do the rules governing private life insurance govern relationships under the statutorily created National Service Life Insurance? | 008663.docx | LEGALEASE-00144639-LEGALEASE-00144640 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3513 | Adcock v. Brakegate, Ltd., 164 Ill. 2d 54 | 30+4222 | Generally, where a trial court denies a defendant's motion to dismiss a complaint, and that defendant elects to file an answer to the complaint, the defendant waives any defect in the pleading. (Cottrell v. Gerson (1939), 371 Ill. 174, 20 N.E.2d 74 (cited with approval in Foxcroft Townhome Owners Association v. Hoffman Rosner Corp. (1983), 96 Ill.2d 150, 155, 70 Ill.Dec. 251, 449 N.E.2d 125); 3 R. Michael, Illinois Practice " 27.5, at 513 (1989).) A corollary to the waiver principle is the doctrine of aider by verdict. Under that doctrine, where a defendant allows an action to proceed to verdict, that " "verdict will cure not only all formal and purely technical defects and clerical errors in a complaint, but will also cure any defect in failing to allege or in alleging defectively or imperfectly any substantial facts which are essential to a right of action." " Swager v. Couri (1979), 77 Ill.2d 173, 185, 32 Ill.Dec. 540, 395 N.E.2d 921, quoting Lasko v. Meier (1946), 394 Ill. 71, 73"74, 67 N.E.2d 162 | Under doctrine of aider by verdict, jury verdict against defendant cured not only all formal and purely technical defects in complaint, but any defect in failing to allege or alleging imperfectly any substantial facts that were essential to civil conspiracy cause of action. | "Will the defect in failing to allege substantial facts which are essential to the cause of action, be cured by the doctrine of aider by verdict?" | Pleading - Memo 419 - RMM.docx | LEGALEASE-00033801-LEGALEASE-00033802 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 3514 | State v. Derks, 155 Conn. App. 87 | 110+752.5 | At the outset, we set forth the applicable standard of review. "A motion to dismiss ... properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.... [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo.... Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous.... The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or its factual determinations." (Internal quotation marks omitted.) State v. Pittman, 123 Conn.App. 774, 775, 3 A.3d 137, cert. denied, 299 Conn. 914, 10 A.3d 530 (2010). Thus, in order to determine the appropriate standard of review for the defendant's claim, we first must ascertain whether the defendant is challenging the trial court's legal conclusions or factual findings. | A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. | Does a motion to dismiss essentially assert that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court? | Pretrial Procedure - Memo # 5548 - C - CK.docx | ROSS-003329841-ROSS-003329842 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 3515 | Mun. Constr. Equip. Operators' Labor Council v. Cleveland, 2016-Ohio-5934 | 307A+554 | The Union's complaint was dismissed based on a lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). "Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(1) and (B)(6) is de novo." Crestmont Cleveland Partnership v. Ohio Dept. of Health, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000). This court independently reviews the record and arrives at its own conclusions without deference to the trial court's decision.The standard for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v. Spurlock, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989), citing Avco Fin. Servs. Loan, Inc. v. Hale, 36 Ohio App.3d 65, 67, 520 N.E.2d 1378 (10th Dist.1987). | The standard for determining a motion to dismiss for lack of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint. Rules Civ.Proc., Rule 12(B)(1). | Is the standard of review for a motion to dismiss for lack of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint? | 033066.docx | LEGALEASE-00144009-LEGALEASE-00144010 | Order, SA | 0.75 | 1 | 0 | 0 | 1 | |
| 3516 | Stanley v. Great Gorge Country Club, 353 N.J. Super. 475 | 307A+560 | The trial court has discretion in deciding whether to dismiss a plaintiff's complaint with prejudice for violating the ten (10) day rule. See Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 346, 476 A.2d 250 (1984). However, "dismissal is reserved for those situations where "no lesser sanction will erase the prejudice suffered by the non-delinquent party." " Olds v. Donnelly, 150 N.J. 424, 438-39, 696 A.2d 633 (1997) (quoting Crispin, 96 N.J. at 345, 476 A.2d 250). | A trial court has discretion in deciding whether to dismiss a plaintiff's complaint with prejudice for violating the rule that a summons must be served within 10 days of filing the complaint. R. 4:37-2(a). | Does a trial court have discretion in deciding whether to dismiss a plaintiff's complaint with prejudice for violating the rule that a summons must be served within 10 days of filing the complaint? | Pretrial Procedure - Memo # 6195 - C - PB.docx | ROSS-003288229-ROSS-003288230 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 3517 | Draughon v. Harnett Cty. Bd. of Educ., 166 N.C. App. 449 | 313+48 | In order for a court to obtain personal jurisdiction over a defendant, a summons must be issued and service of process secured by one of the statutorily specified methods. Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); N.C. Gen.Stat. " 1A-1, Rule 4(j) (2003). If a party fails to obtain valid service of process, "a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." Bentley v. Watauga Bldg. Supply, Inc., 145 N.C.App. 460, 462, 549 S.E.2d 924, 925 (2001). | If a party fails to obtain valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. Rules Civ.Proc., Rule 4, West's N.C.G.S.A. S 1A-1(j). | "Does a court acquire personal jurisdiction over the defendant and the action be dismissed, if a party fails to obtain valid service of process?" | 033650.docx | LEGALEASE-00144093-LEGALEASE-00144094 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3518 | Capital Promotions v. Don King Prods., 756 N.W.2d 828 | 307A+554 | Ordinarily, however, issues of personal jurisdiction are raised in a motion to dismiss, and the district court would make the necessary factual findings to determine whether the court had personal jurisdiction over the defendant. See Bankers Trust Co. v. Fidata Trust Co. N.Y., 452 N.W.2d 411, 413 (Iowa 1990) (stating "the hearing and disposition of a motion involving personal jurisdiction is a special proceeding requiring [the district court] to find facts and draw conclusions of law in its decision"). See generally Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187, 1192"93 (Colo.2005) (discussing trial court procedure for resolving issues of personal jurisdiction). Accordingly, those findings would be binding on appeal if supported by substantial evidence. Hodges v. Hodges, 572 N.W.2d 549, 551 (Iowa 1997); Percival v. Bankers Trust Co., 450 N.W.2d 860, 861 (Iowa 1990). | Ordinarily, issues of personal jurisdiction are raised in a motion to dismiss, and the district court would make the necessary factual findings to determine whether the court had personal jurisdiction over the defendant. | Would a district court make necessary factual findings to determine whether a court has personal jurisdiction over the defendant? | Pretrial Procedure - Memo # 6210 - C - BP.docx | ROSS-003289112-ROSS-003289113 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3519 | La Plante v. Implement Dealers Mut. Fire Ins. Co., 73 N.D. 159 | 307A+746 | A pre-trial order does not destroy the power of the trial judge to control the trial in the interest of justice and when such interest requires it, he may define the issues and discharge or modify stipulations. Gurman v. Stowe-Woodward, Inc., 302 Mass. 442, 19 N.E.2d 717; Mitchell v. Walton Lunch Co., 305 Mass. 76, 25 N.E.2d 151. Neither does the pre-trial statute deprive the trial court of the exercise of judicial discretion in permitting amendments or corrections of mistakes in pleadings under general statutory provisions. See sections 7478-7486, Comp.Laws N.D.1913; Konstantine v. City of Dearborn, 280 Mich. 310, 273 N.W. 580. | The statute authorizing pre-trial conferences does not deprive trial court of exercise of judicial discretion in permitting amendments or corrections of mistakes in pleadings under general statutory provisions. Comp.Laws 1913, SS 7478-7486; Laws 1943, c. 216. | Does the statute authorizing pre-trial conferences not deprive a trial court of exercise of judicial discretion in permitting amendments or corrections? | 034177.docx | LEGALEASE-00144596-LEGALEASE-00144597 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3520 | Wenwei Sun v. Aviles, 53 So. 3d 1075 | 307A+563 | Trial courts have the inherent authority to dismiss an action as a sanction when it learns that a plaintiff has perpetrated a fraud on the court. Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). This authority exists because "no litigant has a right to trifle with the courts." Id. (citing Tri Star Invs. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981)). Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used "cautiously and sparingly," and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. Granados v. Zehr, 979 So.2d 1155 (Fla. 5th DCA 2008). | Although trial courts have the inherent authority to dismiss actions based on fraud and collusion, that power should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrong doing. | Should a trial court's authority to dismiss a lawsuit based on fraud on the court be used cautiously and sparingly? | 034216.docx | LEGALEASE-00144733-LEGALEASE-00144734 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 3521 | Clark v. Sturks, 668 So. 2d 1106 | 307A+746 | Although a trial court has discretionary authority to sanction a party for failure to attend a case management conference, the sanction must be commensurate with the offense. Carazo v. Status Shipping, Ltd., 613 So.2d 1329 (Fla. 2d DCA 1992); Insua v. World Wide Air, Inc., 582 So.2d 102 (Fla. 2d DCA 1991); Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978). There is no evidence in this record that he has willfully violated the case management order. The trial court's order of dismissal did not contain a finding of any violation that was flagrant, persistent, willful, or otherwise aggravated. See Carazo, 613 So.2d at 1330. Cf. Zeigler v. Huston, 626 So.2d 1046 (Fla. 4th DCA 1993) (requiring an express finding in order of dismissal). Accordingly, we conclude that the trial court abused its discretion by dismissing Mr. Clark's action. The order of dismissal is reversed and the cause remanded for further proceedings consistent with this opinion. | Although trial court has discretion or the authority to sanction party for failure to attend case management conference, sanction must be commensurate with offense. West's F.S.A. RCP Rule 1.200(c). | "Although a trial court has discretion or the authority to sanction a party for failure to attend case management conference, must the sanction be commensurate with offense?" | 034242.docx | LEGALEASE-00144763-LEGALEASE-00144764 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3522 | Copiah Cty. Sch. Dist. v. Buckner, 61 So. 3d 162 | 313+63 | Additionally, we note that Buckner did not file a motion for extension of time before the 120"day period had elapsed. While there is no actual requirement that a motion for additional time be filed, "a plaintiff who"prior to expiration of the service period"files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing." Montgomery, 910 So.2d at 546. Having found that the trial court abused its discretion by refusing to set aside the order granting an extension of time, we do not address the trial court's finding of excusable neglect and good cause for Buckner's failure to serve the defendants within the 120"day extension period. | While there is no actual requirement that a motion for additional time to serve defendants be filed, a plaintiff who prior to expiration of the service period files a motion representing that he or she has been unable to serve process, will more likely succeed in demonstrating diligence than a plaintiff who does nothing. Rules Civ.Proc., Rule 4(h). | Will a plaintiff who files a motion representing that he or she has been unable to serve process be more likely to succeed in demonstrating diligence? | Pretrial Procedure - Memo # 6654 - C - SS.docx | ROSS-003288418-ROSS-003288419 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 3523 | Azimi v. Johns, 254 P.3d 1054 | 307A+46 | We note that the bar for dismissal on the grounds of failure to comply with court orders is high: A trial court's discretion to order litigation-ending sanctions is severely limited, whether the dismissal is requested as a discovery sanction under Civil Rule 37, or for non-compliance with court orders pursuant to Civil Rule 41(b). There must be "willful noncompliance" with court orders, or "extreme circumstances," or "gross violations" of the Rules. The record must also "clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal." | A trial court's discretion to order litigation-ending sanctions is severely limited, whether the dismissal is requested as a discovery sanction or for non-compliance with court orders; there must be willful noncompliance with court orders, or extreme circumstances, or gross violations of the rules of civil procedure, and the record must also clearly indicate a reasonable exploration of possible and meaningful alternatives to dismissal. Rules Civ.Proc., Rules 37, 41(b). | Is a trial court's discretion to order litigation-ending sanctions severely limited when the dismissal is requested as a discovery sanction under Civil Rule 37 or for non-compliance with court orders pursuant to Civil Rule 41(b)? | Pretrial Procedure - Memo # 6716 - C - SS.docx | ROSS-003289818-ROSS-003289819 | Order, SA, Sub | 0.17 | 1 | 0 | 1 | 1 | 1 |
| 3524 | In re Peoples, 296 N.C. 109 | 307A+552 | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); People ex rel. Wallace v. Labrenz, 411 Ill. 618, 104 N.E.2d 769, Cert. denied 344 U.S. 824, 73 S.Ct. 24, 97 L.Ed. 642 (1952); 20 Am.Jur.2d Courts s 81 (1965). | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Is the issue of mootness determined solely by examining facts in existence at the commencement of an action? | 034458.docx | LEGALEASE-00143778-LEGALEASE-00143779 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 3525 | Brock v. Fouchy, 76 Cal. App. 2d 363 | 307A+674 | The appearance of Fouchy by the filing of a demurrer was not a general appearance on behalf of any other defendant. Goland v. Peter Nolan & Co., supra. The provision of section 581a that all actions commenced without the issuance of a summons for one year "must be dismissed by the court on its own motion," is the authority of a court, upon application of one defendant, appearing specially, to dismiss the action against all defendants against whom a summons has not been issued "within one year." | The statutory provision that all actions commenced without the issuance of a summons for one year must be dismissed by the court on its own motion or of any interested party authorizes a court, upon application of one defendant, appearing specially, to dismiss the action against all defendants against whom a summons has not been issued within one year. West's Ann.Code Civ.Proc. S 581a. | "If the summons is not issued within one year after the action is commenced, should the action be dismissed?" | Pretrial Procedure - Memo # 6805 - C - SHS.docx | ROSS-003289382-ROSS-003289383 | Condensed, SA | 0.22 | 0 | 1 | 0 | 1 | |
| 3526 | Tragni v. Tragni, 21 A.D.3d 1084 | 307A+746 | Ordinarily, where a court grants judgment to a plaintiff pursuant to 22 NYCRR 202.27(a) based upon a defendant's default in appearing at a conference, the default may be vacated only if the defendant can demonstrate both a reasonable excuse for the default in appearing and a meritorious defense (see Bloom v. Primus Automotive Fin. Servs., 292 A.D.2d 410, 738 N.Y.S.2d 861; Lopez v. Imperial Delivery Serv., 282 A.D.2d 190, 197, 725 N.Y.S.2d 57).In this case, however, the attorney for the defendant never received actual notice of the compliance conference from the plaintiffs' attorney, although the plaintiffs' attorney was directed to notify the defendant's attorney. This circumstance not only constituted a reasonable excuse for his failure to appear (see Rosa Hair Stylists v. Jaber Food Corp., 218 A.D.2d 793, 631 N.Y.S.2d 167), it also established that the defendant was not in default at all (see Pelaez v. Westchester Med. Ctr., 15 A.D.3d 375, 376, 789 N.Y.S.2d 533). Under these circumstances, the defendant was excused from the need to show a meritorious defense (id.), although the defendant nonetheless succeeded in demonstrating one. | Ordinarily, where court grants judgment to plaintiff based upon defendant's default in appearing at conference, default may be vacated only if defendant can demonstrate both reasonable excuse for default in appearing and meritorious defense. N.Y.Ct.Rules, S 202.27(a). | "Can default in not appearing at a conference, be vacated only if defendant can demonstrate both reasonable excuse for default in appearing and meritorious defense?" | 034536.docx | LEGALEASE-00143719-LEGALEASE-00143720 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3527 | Coaker v. Washington Cty. Bd. of Educ., 646 So. 2d 38 | 307A+552 | First, we dispense with the Board's contention that the issues raised by Coaker were rendered moot. We agree that "[t]he general rule in this state is that if, pending an appeal, an event occurs which makes determination of it unnecessary, or renders it clearly impossible to grant effective relief, the appeal will be dismissed." Grant v. City of Mobile, 50 Ala.App. 684, 687, 282 So.2d 285, 287 (Ala.Civ.App.), cert. denied, 291 Ala. 458, 282 So.2d 291 (1973). Essentially the same rule applies to cases pending a judgment by the trial court. Chisolm v. Crook, 272 Ala. 192, 130 So.2d 191 (1961). However, an exception to the general rule exists where the appellate court's failure to render a decision on an issue would leave collateral rights of the parties undetermined. Grant, supra. | Generally, if, pending judgment by trial court, event occurs which makes determination of case unnecessary, or makes it clearly impossible to grant effective relief, case will be dismissed. | "Will a case be dismissed if, pending judgment by trial court, event occurs which makes determination of case unnecessary, or makes it clearly impossible to grant effective relief?" | 035410.docx | LEGALEASE-00145001-LEGALEASE-00145002 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 3528 | Idaho Oil Co. v. Atlas Supply Co., 166 S.W.2d 740 | 302+111.46 | This text announces the rule that if the suit is brought where jurisdiction, under the case as stated in the plaintiff's original petition, rightfully belongs, the trial court will retain jurisdiction with respect to any supplemental cause of action that may be urged in an amended petition, unless the additional cause of action was fraudulently inserted for the purpose of depriving the defendant of his privilege to be sued in the county of his residence. See Kendall v. Hackworth, 66 Tex. 499, 18 S.W. 104. | Where plaintiff filed suit against defendant maker on a series of notes payable in county in which suit was filed, and after defendant filed answer alleging payment, plaintiff filed an amended petition seeking recovery on notes or on an open account, trial court properly overruled plea of privilege to be sued in county of its residence filed by defendant claiming that the payments ought to be applied on the notes, where no issue was raised as to whether cause of action bottomed upon the notes was fraudulently brought with cause of action on the account to confer venue on trial court. | "If a plaintiff by amended petition abandons the cause of action on which venue is based and relies only upon causes of action not properly triable in the county where the suit is filed, does the right to then file a plea of privilege enure to the defendant?" | 047512.docx | LEGALEASE-00144920-LEGALEASE-00144921 | Condensed, SA, Sub | 0.14 | 0 | 1 | 1 | 1 | 1 |
| 3529 | United States v. Bahel, 662 F.3d 610 | 63+14 | During the interval between the Supreme Court's decisions in Sun"Diamond and Skilling, this Circuit had an opportunity to consider the differences between bribery and gratuities as set forth in Sun"Diamond. In United States v. Ganim, 510 F.3d 134 (2d Cir.2007), we explained that "in order to establish the quid pro quo essential to proving bribery, the government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions)." Id. at 148 (internal quotation marks omitted, emphasis added). Rather, "bribery can be accomplished through an ongoing course of conduct, so long as evidence shows that the "favors and gifts flowing to a public official [are] in exchange for a pattern of official actions favorable to the donor." " Id. at 149 (internal quotation marks omitted). Thus, contrary to Bahel's assertions, it is not necessary, though it may be advisable, for the district judge to use the magic words "corrupt intent" or "quid pro quo" to effectively charge a jury on bribery. Rather, as we explained in United States v. Alfisi, 308 F.3d 144, 149 (2d Cir.2002), "[t]he "corrupt" intent necessary to a bribery conviction is in the nature of a quid pro quo requirement; that is, there must be a "specific intent to give ... something of value in exchange for an official act." " Id. (emphasis added). In this vein, we find the "in return for" language in the district court's instruction rests comfortably within the statutory requirement. | A district judge does not have to use the magic words, "corrupt intent," or "quid pro quo," to effectively charge a jury on bribery, though it may be advisable. 18 U.S.C.A. S 201. | Does a judge have to use the words corrupt intent or quid pro quo to effectively charge a jury on bribery? | 012303.docx | LEGALEASE-00145587-LEGALEASE-00145588 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 3530 | Mounger v. Pittman, 235 Miss. 85 | 260+55(4) | The distinguishing characteristics of a non-participating royalty interest are: (1) Such share of production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) the owner has no right to receive bonuses or delay rentals. Conversely, the distinguishing characteristics of an interest in minerals in place are: (1) Such interest is not free of costs of discovery and production; (2) the owner has the right to do any and all acts necessary to discover and produce oil and gas; (3) the owner has the right to grant leases, and (4) the owner has the right to receive bonuses and delay rentals. Westbrook v. Ball, 222 Miss. 788, 77 So.2d 274; Palmer v. Crews, 203 Miss. 806, 35 So.2d 430, 4 A.L.R.2d 483. | The distinguishing characteristics of a "non-participating royalty interest" are: (1) Such share of production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) the owner has no right to receive bonuses or delay rentals. | What are the distinguishing characteristics of a non-participating royalty interest? | Mines and Minerals - Memo #255 - C - CSS.docx | ROSS-003287557-ROSS-003287558 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3531 | Jeganathan v. O'Reilly, 195 Misc. 2d 197 | 307A+746 | A default based upon a failure to appear at a court conference may also be vacated where the party lacked actual notice of the scheduled date (see Jones v. New York City Transit Authority, 293 A.D.2d 322, 740 N.Y.S.2d 320 [1st Dept.2002]; Levy v. New York City Housing Authority, 287 A.D.2d 281, 731 N.Y.S.2d 20 [1st Dept.2001]; Latha Restaurant Corp. v. Tower Insurance Company, 285 A.D.2d 437, 728 N.Y.S.2d 45 [1st Dept.2001]; Haberlin v. New York City Transit Authority, 228 A.D.2d 383, 644 N.Y.S.2d 718 [1st Dept.1996]). In this case, plaintiff does not dispute that actual notice of the pretrial conference date was received. Further, a review of the Court file indicates that the notice mailed by the Clerk prior to both the February 21, 2002 and April 10, 2002 pretrial conference dates clearly advised the parties that a failure to appear could result in either a default judgment or dismissal of the action. Accordingly, the Court finds that plaintiff had both actual notice of the scheduled pretrial conference and the consequence of dismissal in the event of a default. | A default based upon a failure to appear at a court conference may be vacated where the party lacked actual notice of the scheduled date. N.Y.Ct.Rules, SS 202.27, 210.14(2). | Can a default based upon a failure to appear at a court conference be vacated where the party lacked actual notice of the scheduled date? | Pretrial Procedure - Memo # 6491 - C - KG.docx | ROSS-003304867-ROSS-003304869 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3532 | Frame v. Boatmen's Bank of Concord Vill., 782 S.W.2d 117 | 184+13(2) | In the case of a fraudulent representation, it is sufficient to show that the representations were made by one with the consciousness that he was without knowledge of their truth or falsity, when, in fact, they were false. Ackmann v. Keeney"Toelle Real Estate Co., 401 S.W.2d 483, 489 (Mo. banc 1966). The truth or falsity of the representation, however, is determined at the time it was made, and at the time it was intended to be relied upon. Rigby Corp. v. Boatmen's Bank and Trust Co., 713 S.W.2d 517, 540 (Mo.App.1986). | In case of fraudulent representation, it is sufficient to show that representations were made by one with consciousness that he was without knowledge of their truth or falsity, when, in fact, they were false; truth or falsity of representation, however, is determined at time it was made, and at time it was intended to be relied upon. | Is the truth or falsity of the representation determined as of the time it was made and as of the time it was intended to be relied and acted upon? | Pretrial Procedure - Memo # 6496 - C - PC.docx | ROSS-003289219-ROSS-003289220 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3533 | Carazo v. Status Shipping, Ltd., 613 So. 2d 1329 | 307A+746 | We find that the facts of this case do not warrant the extreme sanction of a default. While Florida Rule of Civil Procedure 1.200 permits the court, on failure of a party to attend a case management or pretrial conference, to dismiss the action, strike the pleadings, limit proof of witnesses, or take any other appropriate action, the sanction imposed must be commensurate with the offense. Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978). In this case, counsel's failure to attend the case management conference did not warrant striking the appellants' motion to dismiss. See Paris Int'l Records & Filmworkers, Inc. v. Rodriguez, 539 So.2d 5 (Fla. 3d DCA 1989); Aller v. Editorial Planeta, S.A., 389 So.2d 321 (Fla. 3d DCA 1980). Likewise, the new counsel's decision to file a motion to dismiss in violation of the court's order rather than requesting leave to do so did not warrant the extreme sanction of a default. Although we do not condone the attorneys' behavior in these instances, their actions or inactions should not serve to punish the litigants so severely given the facts of this case. See Beasley v. Girten, 61 So.2d 179 (Fla.1952). | While rule permits court, on failure of party to attend case management or pretrial conference, to dismiss action, strike pleadings, limit proof or witnesses, or take any other appropriate action, sanction imposed must be commensurate with offense. West's F.S.A. RCP Rule 1.200. | Should a sanction imposed be commensurate with the offense? | Pretrial Procedure - Memo # 6540 - C - DHA.docx | ROSS-003302713-ROSS-003302714 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 3534 | Benware v. Means, 1999-1410 (La. 1/19/00) | 307A+746 | While this court in Horton suggested that this most extreme penalty was almost never to be imposed upon a litigant, the court did not say "never." Courts seldom invoke the most extreme sanctions except when there is a gross disregard for the authority and the efficient operation of the court and for the attorney's professional obligation to his or her client. See J.A. Bryant, Jr., Annotation, Failure of Party or His Attorney to Appear at Pretrial Conference, 55 A.L.R.3d 303 (1999). Each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion in determining the penalty for violation of pre-trial or discovery orders. | In determining the penalty for violation of pre-trial or discovery orders, each case must be decided upon its own facts and circumstances, and the trial judge is vested with much discretion. | "In determining the penalty for violation of pre-trial or discovery orders, must each case be decided upon its own facts and circumstances?" | Pretrial Procedure - Memo # 6553 - C - SK.docx | ROSS-003289739-ROSS-003289740 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3535 | Steele v. Beaty, 215 N.C. 680 | 307A+563 | A judgment of discontinuance is one of dismissal of plaintiff's action based on the interruption in proceedings occasioned by the failure of the plaintiff to continue the suit regularly from time to time as he ought. 3 Bl. Comm. 296, Enc.Law Dic., 2nd Ed. | A "judgment of discontinuance" is one of dismissal of plaintiff's action based on interruption in proceedings occasioned by failure of plaintiff to continue suit regularly from time to time as he ought. | "Is a ""judgment of discontinuance"" one of dismissal of a plaintiff's action based on interruption in proceedings occasioned by failure of a plaintiff to continue suit?" | 10824.docx | LEGALEASE-00094783-LEGALEASE-00094784 | SA, Sub | 0.19 | 0 | 0 | 1 | 1 | |
| 3536 | City of Miami Beach v. Chadderton, 306 So. 2d 558 | 307A+563 | A plaintiff who invokes a court's jurisdiction and seeks to avail himself of its power and remedies does so with the understanding that he must abide by its and that the court has the power to impose the sanction of dismissal for failure to so abide.Warriner v. Ferraro, Fla.App.1965, 177 So.2d 723. The sanction of dismissal is made available in discovery matters within the broad discretion of the court. Kennedy & Cohen, Inc. v. Allen Appliance Service, Inc., Fla.App.1968, 214 So.2d 488; Rule 1.380(b)(2)(C), RCP. | Plaintiff who invokes trial court's jurisdiction and seeks to avail himself of its powers and remedies does so with the understanding that he must abide by its lawful orders and the trial court has the power to impose sanction of dismissal for failure to so abide. | Does a plaintiff who invokes a trial court's jurisdiction and seeks to avail himself of its powers and remedies do so with the understanding that he must abide by its lawful orders? | Pretrial Procedure - Memo # 7089 - C - SK.docx | ROSS-003326571-ROSS-003326572 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 3537 | McMillan v. Horan, 632 So. 2d 1091 | 307A+563 | The trial court's order dismissing the plaintiff's complaint with prejudice for failure of the plaintiff to file an amended complaint within the time allotted by court order is reversed on the authority of Kozel v. Ostendorf, 629 So.2d 817 (Fla.1994) (corrected opinion). That decision now requires a trial court to consider six factors prior to determining the appropriate sanction for a plaintiff's failure to amend within the time specified by court order. Any final dismissal of a defaulting plaintiff, or the record upon which it is based, should demonstrate that the decision to dismiss conforms with the Kozel factors. | Trial court must consider six factors prior to determining appropriate sanction for plaintiff's failure to amend within time specified by court order, and any final dismissal of defaulting plaintiff, or record upon which it is based, should demonstrate that decision to dismiss conforms with such factors. | Should a trial court consider six factors prior to determining an appropriate sanction for a plaintiff's failure to amend? | 09507.docx | LEGALEASE-00096100-LEGALEASE-00096101 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 3538 | Matter of Wilson, 932 S.W.2d 263 | 307A+552 | Texas law provides that the trial court may dismiss a suit where an affidavit of indigency is filed if the action is frivolous or malicious. Tex.Civ.Prac. & Rem.Code Ann. " 13.001(a)(2) (Vernon Supp.1996). Dismissal properly lies only where a claim has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338, 350 (1989); Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex.1990); Jackson v. Stinnett, 881 S.W.2d 498, 500 (Tex.App."El Paso 1994, no writ). | Dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly lies only where claim has no arguable basis in law or fact. V.T.C.A., Civil Practice & Remedies Code S 13.001(a)(2). | "Does dismissal of suit, in which affidavit of indigency is filed, as frivolous or malicious properly, lie where claim has no arguable basis in law or fact?" | Pretrial Procedure - Memo # 7183 - C - VA.docx | ROSS-003289970-ROSS-003289971 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 3539 | Middleton v. Middleton, 526 So. 2d 859 | 307A+581 | Whether the step or steps taken by a defendant after the five-year period be as "affirmative" (Southport Petroleum, supra) or as "definite" (Sandfield Oil & Gas Co., supra) or "formal" (Traigle, supra), it is the qualitative effect of the step(s) taken by a defendant which must be considered in a case to case approach to determine whether the defendant has waived the CCP Art. 561 abandonment.. | Whether step or steps taken by defendant after accrual of five-year abandonment of action period be termed as "affirmative," "definite," or "formal," it is qualitative effect of step(s) taken by defendant which must be considered to determine whether defendant's conduct waived abandonment. LSA-C.C.P. art. 561. | Is it the qualitative effect of the steps taken by defendant which must be considered to determine whether the defendant has waived abandonment? | Pretrial Procedure - Memo # 7196 - C - SK.docx | ROSS-003329981 | Condensed, SA, Sub | 0.19 | 0 | 1 | 1 | 1 | 1 |
| 3540 | Montgomery v. SmithKline Beecham Corp., 910 So. 2d 541 | 307A+560 | Indeed, this Court has stated that, although there is no requirement of a motion for additional time, "the better method to be utilized in future cases would be for plaintiff's counsel to seek authority for extensions from the court, rather than unilaterally making this decision himself." Fortenberry v. Mem'l. Hosp., 676 So.2d 252, 256 (Miss.1996). Ordinarily under Rule 4(h), where the 120 days has expired, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal. The plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service."Good cause" can never be demonstrated where plaintiff has not been diligent in attempting to serve process. Bang v. Pittman, 749 So.2d 47, 52 (Miss.1999). In demonstrating good cause and diligence, a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or for some other acceptable reason, as discussed in Holmes, 815 So.2d at 1186. | Ordinarily, under the civil procedure rule regarding service of process, if 120 days has expired after the filing of the complaint, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal, and the plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. Rules Civ.Proc., Rule 4(h). | Can good cause be demonstrated where a plaintiff has not been diligent in attempting to serve process? | 035186.docx | LEGALEASE-00145735-LEGALEASE-00145736 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3541 | Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | The appellate court in Shieh did not purport to apply section 391.7 in accordance with its terms; indeed, the court expressly noted that in the "ordinary" case, the statute only prohibits new litigation filed in propria persona. (In re Shieh, supra, 17 Cal.App.4th at p. 1167, 21 Cal.Rptr.2d 886.) A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." (Muller v. Tanner (1969) 2 Cal.App.3d 438, 443, 82 Cal.Rptr. 734, quoting from Lincoln v. Didak (1958) 162 Cal.App.2d 625, 629"630, 328 P.2d 498.) That power, exercised after a hearing and upon sufficient factual showing, is a different power than the virtually ministerial power granted by section 391.7, subdivision (c). | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does Court have inherent power to dismiss action shown to be fictitious and sham, without basing order on facts specified in statute?" | 035263.docx | LEGALEASE-00145997-LEGALEASE-00145998 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3542 | Montgomery v. SmithKline Beecham Corp., 910 So. 2d 541 | 307A+560 | Indeed, this Court has stated that, although there is no requirement of a motion for additional time, "the better method to be utilized in future cases would be for plaintiff's counsel to seek authority for extensions from the court, rather than unilaterally making this decision himself." Fortenberry v. Mem'l. Hosp., 676 So.2d 252, 256 (Miss.1996). Ordinarily under Rule 4(h), where the 120 days has expired, a court must notify the plaintiff that, because of the failure to serve process, the case is subject to dismissal. The plaintiff must then appear and attempt to show good cause why process was not served within the 120-day period for service. "Good cause" can never be demonstrated where plaintiff has not been diligent in attempting to serve process. Bang v. Pittman, 749 So.2d 47, 52 (Miss.1999). In demonstrating good cause and diligence, a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or for some other acceptable reason, as discussed in Holmes, 815 So.2d at 1186. | In demonstrating good cause for failing to timely serve process and diligence in attempting to serve process, so that the action will not be dismissed despite failure to serve process, a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or some other acceptable reason. Rules Civ.Proc., Rule 4(h). | "Should a plaintiff show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or some other acceptable reason?" | 035267.docx | LEGALEASE-00146007-LEGALEASE-00146008 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 3543 | State v. E.I., 114 So. 3d 309 | 307A+552 | The State of Florida appeals the trial court's order dismissing a petition for delinquency against E.I. under section 985.0301(6), Florida Statutes (2012), which allows a juvenile court to end jurisdiction over any child at any time. E.I. reached his 19th birthday on May 11, 2012. Unless a child is already under commitment, in a transition program, or subject to a restitution order, the jurisdiction of a juvenile court ends at age 19. V.I. v. State, 667 So.2d 439, 440 (Fla. 4th DCA 1996); see also " 985.0301(5), Fla. Stat. None of these apply to E.I. Thus, we find that this case has become moot because the trial court would no longer have jurisdiction if we remanded this case for further proceedings. "A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief." Montgomery v. Dep't of Health & Rehab. Servs., 468 So.2d 1014, 1016 (Fla. 1st DCA 1985). A moot case will generally be dismissed unless the questions raised are of great public importance or are likely to recur, or if collateral legal consequences that affect the rights of a party flow from the questions raised. Godwin v. State, 593 So.2d 211, 212 (Fla.1992). We find none of these exceptions apply; therefore, we dismiss this case as moot. | Moot case will generally be dismissed unless the questions raised are of great public importance or are likely to recur, or if collateral legal consequences that affect the rights of a party flow from the questions raised. | Will a moot case be dismissed if the questions raised are of great public importance or if the questions raised are likely to recur? | 035375.docx | LEGALEASE-00145330-LEGALEASE-00145331 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3544 | Mazer v. Orange Cty., 811 So. 2d 857 | 307A+552 | At least three instances have been recognized by Florida courts in which a moot case will not be dismissed: 1) when the issues are of great public importance; 2) when the issues are likely to recur; and 3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party. Godwin, 593 So.2d at 212 (citing Holly v. Auld, 450 So.2d 217, 218 n. 1 (Fla.1984); Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978)); Martina v. State, 602 So.2d 1334 (Fla. 5th DCA 1992); see also Swanson v. Allison, 617 So.2d 1100 (Fla. 5th DCA 1993). | At least three instances have been recognized by courts in which a moot case will not be dismissed: (1) when the issues are of great public importance; (2) when the issues are likely to recur; and (3) when collateral legal consequences flow from the issues to be resolved that may affect the rights of a party. | What are the instances that have been recognized by courts in which a moot case will not be dismissed? | 035377.docx | LEGALEASE-00145350-LEGALEASE-00145351 | Condensed, SA | 0.46 | 0 | 1 | 0 | 1 | |
| 3545 | JVA Enterprises, I v. Prentice, 48 So. 3d 109 | 307A+563 | When imposing this harshest of sanctions, trial courts should weigh the "policy favoring adjudication on the merits" with the need to "maintain the integrity of the judicial system." Id.; Bass v. City of Pembroke Pines, 991 So.2d 1008, 1011 (Fla. 4th DCA 2008). While it appears Prentice may have a selective memory regarding his medical history, the issue is not whether any member of this panel would make the same decision as the trial judge given the facts of this case. Bass, 991 So.2d at 1011. The ultimate question is "whether reasonable minds could differ as to the propriety of that decision." Id. We find that reasonable minds could differ under the facts of this case. | When imposing the harshest of sanctions for fraud on the court, namely dismissal of the action, trial courts should weigh the policy favoring adjudication on the merits with the need to maintain the integrity of the judicial system. | "When imposing the harshest of sanctions for fraud on the court, namely dismissal of the action, should trial courts weigh the policy favoring adjudication on the merits?" | 035436.docx | LEGALEASE-00145190-LEGALEASE-00145191 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 3546 | Howard v. Risch, 959 So. 2d 308 | 307A+563 | Cox, 706 So.2d at 46; see also Laschke v. R.J. Reynolds Tobacco Co., 872 So.2d 344, 346 (Fla. 2d DCA 2004). Generally, unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim. See Ruiz v. City of Orlando, 859 So.2d 574, 576 (Fla. 5th DCA 2003). | Unless it appears that the process of trial has itself been subverted, factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a possibly meritorious claim on grounds that a fraud has been perpetrated on the court. | "Where it appears that the process of the trial itself has been subverted, are cases well managed through the use of impeachment?" | 035446.docx | LEGALEASE-00145256-LEGALEASE-00145257 | SA, Sub | 0.28 | 0 | 0 | 1 | 1 | |
| 3547 | Sommer v. Maharaj, 451 Mass. 615 | 307A+563 | Among the pertinent considerations in determining whether conduct warrants dismissal are "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir.1996). "As a minimal requirement, there must be convincing evidence of unreasonable conduct or delay. A judge should also give sufficient consideration to the prejudice that the movant would incur if the motion [to dismiss] were denied, and whether there are more suitable, alternative penalties." Monahan v. Washburn, 400 Mass. 126, 128"129, 507 N.E.2d 1045 (1987). | In determining whether a party's conduct justifies dismissal of a lawsuit, a judge should give sufficient consideration to the prejudice that the movant would incur if the motion to dismiss were denied, and whether there are more suitable, alternative penalties. | "In determining whether a party's conduct justifies dismissal of a lawsuit, should a judge give sufficient consideration to whether there are more suitable, alternative penalties?" | Pretrial Procedure - Memo # 7377 - C - TM.docx | ROSS-003302138-ROSS-003302139 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3548 | Lambdin v. Lambdin, 2002 WL 121219 | 307A+563 | Dismissal pursuant to Civ.R. 41(B)(1) is appropriate where the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to merit the harsh sanction of a dismissal with prejudice. Id.; Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223, 369 N.E.2d 800. To ensure a party the opportunity to show why his case should not be dismissed with prejudice, the trial court must provide notice to that party's counsel before dismissing the case for want of prosecution. Bushnell v. Mead Containers (1991), 72 Ohio App.3d 139, 142, 594 N.E.2d 105. | Dismissal for failure to prosecute or comply with a court order is appropriate where the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to merit the harsh sanction of a dismissal with prejudice. Rules Civ.Proc., Rule 41(B)(1). | "Is dismissal for failure to prosecute or comply with a court order appropriate where the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to merit the harsh sanction of a dismissal with prejudice?" | 035467.docx | LEGALEASE-00145812-LEGALEASE-00145813 | Condensed, SA, Sub | 0.54 | 0 | 1 | 1 | 1 | 1 |
| 3549 | Kedzie & 103rd Currency Exch. v. Hodge, 156 Ill. 2d 112 | 307A+685 | The plaintiff must establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. The plaintiff may do so by "affidavit[ ] or other proof." (Ill.Rev.Stat.1989, ch. 110, par. 2"619(c).) A counteraffidavit is necessary, however, to refute evidentiary facts properly asserted by affidavit supporting the motion else the facts are deemed admitted. If, after considering the pleadings and affidavits, the trial judge finds that the plaintiff has failed to carry the shifted burden of going forward, the motion may be granted and the cause of action dismissed. | If, after considering the pleadings and affidavits, trial judge finds that plaintiff has failed to carry shifted burden of going forward, motion for involuntary dismissal based upon certain defects or defenses may be granted and cause of action dismissed. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Will a motion to dismiss be granted on the basis that plaintiff failed to carry the shifted burden of going forward? | 036290.docx | LEGALEASE-00146645-LEGALEASE-00146646 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 3550 | TransAmerican Nat. Gas Corp. v. Powell, 811 S.W.2d 913 | 307A+44.1 | However, if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it. Insurance Corp. of Ireland, 456 U.S. at 705"06, 102 S.Ct. at 2105"06. Although punishment and deterrence are legitimate purposes for sanctions, National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam); Bodnow Corp. v. City of Hondo, 721 S.W.2d at 840 they do not justify trial by sanctions, Hammond Packing, 212 U.S. at 350"51, 29 S.Ct. at 379"80; Hovey, 167 U.S. at 413"14, 17 S.Ct. at 843. Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules. See National Hockey League, 427 U.S. at 642"643, 96 S.Ct. at 2780"81. | Discovery sanctions which are so severe as to preclude presentation of merits of case should not be assessed absent party's flagrant bad faith or counsel's callous disregard for responsibility of discovery under rules. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | Should death penalty sanction not be assessed absent a party's flagrant bad faith conduct or counsel's callous disregard of the rules? | 034911.docx | LEGALEASE-00146773-LEGALEASE-00146774 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3551 | Techniarts Video v. 1631 Kalorama Assocs., 572 A.2d 1051 | 307A+581 | As a general matter, dismissal under Rule 41(b) lies within the exercise of the trial court's discretion, which this court will not disturb absent clear evidence of abuse. See Frazier v. Center Motors, 418 A.2d 1018, 1020 (D.C.1980). Given the severity of dismissal as a sanction, however, and the oft-stated preference for trial on the merits, this discretion must be exercised carefully and in accordance with standards identified in our cases. Brown v. Cohen, 505 A.2d 77, 78 (D.C.1986); LaPrade v. Lehman, supra note 10, 490 A.2d at 1155; Shimer v. Edwards, 482 A.2d 399, 400"01 (D.C.1984); Frazier, supra, 418 A.2d at 1020; Pollock v. Brown, 395 A.2d 50, 52 (D.C.1978); Garces v. Bradley, 299 A.2d 142, 144 (D.C.1973). Thus, dismissal should be adopted as a remedy only in extreme circumstances and only after the trial court has considered lesser sanctions. Granville v. Hunt, 566 A.2d 65, 66 (D.C.1989); LaPrade v. Lehman, supra, 490 A.2d at 1155; see also District of Columbia v. Greene, 539 A.2d 1082, 1084 (D.C.1988); National Voter Contact, Inc. v. Versace, 511 A.2d 393 (D.C.1986); Vernell v. Gould, 495 A.2d 306, 311 (D.C.1985); Braxton v. McNamara, 429 A.2d 183, 184 (D.C.1981). The inquiry should include whether the conduct calling for sanctions was willful and whether the other party was prejudiced by it, Vernell, supra; Brown v. Cohen, supra, 505 A.2d at 78"79; Garces, supra, 299 A.2d at 144"45; and the sanction imposed should, wherever possible, be tailored to the offense. Pollock v. Brown, supra, 395 A.2d at 52; see also Peek v. District of Columbia, 567 A.2d 50, 54 (D.C.1989); Vernell, supra (trial court abuses its discretion where the sanction is too strict or unnecessary under the circumstances). These factors serve as a basis for determining whether or not the trial court has abused its discretion. | In determining whether to dismiss as sanction for failure to prosecute or to comply with superior court order, inquiry should include whether conduct calling for sanctions was willful and whether other party was prejudiced by it and sanction imposed should, wherever possible, be tailored to offense. Civil Rule 41(b). | "In determining whether to dismiss as sanction for failure to prosecute or to comply with superior court order, should an inquiry include whether conduct calling for sanctions was willful?" | Pretrial Procedure - Memo # 7062 - C - TM_58316.docx | ROSS-003292430-ROSS-003292432 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 3552 | In re Peoples, 296 N.C. 109 | 307A+552 | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); People ex rel. Wallace v. Labrenz, 411 Ill. 618, 104 N.E.2d 769, Cert. denied 344 U.S. 824, 73 S.Ct. 24, 97 L.Ed. 642 (1952); 20 Am.Jur.2d Courts s 81 (1965). | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Should the court dismiss the action if the issues giving rise to the action become moot at any time during the proceedings? | 034946.docx | LEGALEASE-00146808-LEGALEASE-00146809 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 3553 | RBS Citizens, Nat. Ass'n v. RTG-Oak Lawn, 407 Ill. App. 3d 183 | 307A+551 | A motion to dismiss under section 2"615 admits all well-pleaded facts and attacks the legal sufficiency of the complaint. La Salle National Bank v. City Suites, Inc., 325 Ill.App.3d 780, 790, 259 Ill.Dec. 259, 758 N.E.2d 382 (2001). A motion to dismiss under section 2"619, on the other hand, admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. Krilich v. American National Bank & Trust Co. of Chicago, 334 Ill.App.3d 563, 569"70, 268 Ill.Dec. 531, 778 N.E.2d 1153 (2002). | A motion to dismiss based upon certain defects or defenses admits the legal sufficiency of the complaint but raises defects, defenses, or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. S.H.A. 735 ILCS 5/2-619. | "Does a motion to dismiss assert certain defects, defenses or other affirmative matters that appear on the face of the complaint?" | Pretrial Procedure - Memo # 7913 - C - SK.docx | ROSS-003300305 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3554 | Thormodsgard v. Wayne Twp. Bd. of Sup'rs, 310 N.W.2d 157 | 200+79.1 | This Court has held that vacation or abandonment of a legally established public way can only occur by some lawful method. Abandonment of a section line right-of-way cannot be established solely by evidence that the highway has never been open, improved, or traveled. Costain v. Turner County, 72 S.D. 427, 36 N.W.2d 382 (1949); Pederson v. Canton Township, 72 S.D. 332, 34 N.W.2d 172 (1949). The appropriate governing board must act affirmatively to vacate or abandon a section line right-of-way. Pederson, supra; Keen v. Board of Supervisors of Fairview Township, 8 S.D. 558, 67 N.W. 623 (1896). The burden of proof is on the one obstructing a lawfully established public way to show vacation or abandonment. Aasland v. County of Yankton, 280 N.W.2d 666 (S.D.1979); Haley v. City of Rapid City, 269 N.W.2d 398 (S.D.1978); Lowe v. East Sioux Falls Quarry, 25 S.D. 393, 126 N.W. 609 (1910). | Abandonment of section line right-of-way cannot be established solely by evidence that highway has never been open, improved or traveled, but rather, appropriate governing board must act affirmatively to vacate or abandon section line right-of-way. SDCL 31-3-1, 31-18-1. | Should the appropriate governing board act affirmatively to vacate or abandon a section line right-of-way? | 10801.docx | LEGALEASE-00094177-LEGALEASE-00094178 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 3555 | Faith Assembly v. Titledge of New York Abstract, 106 A.D.3d 47 | 307A+561.1 | A motion to dismiss pursuant to CPLR 3211(a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff factual allegations, conclusively establishing a defense as a matter of law"" (Cervini v. Zanoni, 95 A.D.3d 919, 920"921, 944 N.Y.S.2d 574, quoting Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190; see Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Shaya B. Pac., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 A.D.3d 34, 38, 827 N.Y.S.2d 231). | A motion to dismiss may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Will a motion to dismiss be granted where the documentary evidence utterly refutes plaintiff factual allegations? | 10962.docx | LEGALEASE-00094514-LEGALEASE-00094515 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 3556 | McDonald v. Lipov, 2014 IL App (2d) 130401 | 307A+686.1 | On appeal, plaintiff asks us to reverse the trial court's dismissal of the medical battery claims, entered pursuant to section 2"619 of the Code. 735 ILCS 5/2"619 (West 2012). "A motion to dismiss, pursuant to section 2"619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." DeLuna v. Burciaga, 223 Ill.2d 49, 59, 306 Ill.Dec. 136, 857 N.E.2d 229 (2006); Solaia Technology, LLC v. Specialty Publishing Co., 221 Ill.2d 558, 578"79, 304 Ill.Dec. 369, 852 N.E.2d 825 (2006). For a section 2"619 dismissal, our standard of review is de novo. Solaia Technology, 221 Ill.2d at 579, 304 Ill.Dec. 369, 852 N.E.2d 825. | A motion to dismiss under statute governing involuntary dismissal based upon certain defects or defenses admits the legal sufficiency of the plaintiffs' complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim. S.H.A. 735 ILCS 5/2-619. | "Will a motion to dismiss, under section 2619 of the Code pursuant to statute governing involuntary dismissal based upon certain defects or defenses, admit the legal sufficiency of the plaintiffs' complaint?" | 035735.docx | LEGALEASE-00147582-LEGALEASE-00147583 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3557 | Drummond v. Murata, 227 Cal. App. 3d 44 | 307A+590.1 | We also reject plaintiff's reliance on Moran v. Superior Court (1983) 35 Cal.3d 229, at 241"242, 197 Cal.Rptr. 546, 673 P.2d 216, for the proposition that the time between the date the arbitration award is filed and the date set for the trial de novo must be excluded from the calculation of the five-year period. That rule was superseded by the enactment of the tolling provision of section 1141.17, subdivision (b). (See, e.g., 17 Cal.Law Revision Com.Rep. (1984) 905; 18 Cal.Law Revision Com.Comment (1984) 52; Dresser v. Bindi (1990) 221 Cal.App.3d 1493, 1498"1500, 271 Cal.Rptr. 137.) | Time between date that arbitration award is filed and date set for trial de novo is not to be excluded from calculation of five-year period within which action must be brought to trial. West's Ann.Cal.C.C.P. S 1141.17(b). | Is the time between date that arbitration award is filed and date set for trial de novo not to be excluded from calculation of five-year period within which action must be brought to trial ? | Pretrial Procedure - Memo # 7617 - C - SJ.docx | ROSS-003286355-ROSS-003286356 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 3558 | Republic Claims Serv. Co. v. Hoyal, 264 Ga. 127 | 307A+590.1 | OCGA " 9-2-60(b) provides for the automatic dismissal of "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years." The provisions of this section are mandatory and dismissal occurs by operation of law. Swint v. Smith, 219 Ga. 532(1), 134 S.E.2d 595 (1964). OCGA " 9-2-60(b) places upon the party, who wishes to avoid automatic dismissal, a duty to obtain a written order of continuance or other written order within the five-year period. Swint, supra at 534, 134 S.E.2d 595. "In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citations and punctuation omitted.) Scott v. DeKalb County Hosp. Auth., 168 Ga.App. 548(1), 309 S.E.2d 635 (1983). | Party who wishes to avoid automatic dismissal for want of prosecution has duty to obtain written order of continuance within five-year period. O.C.G.A. S 9-2-60(b). | Does the party who wishes to avoid automatic dismissal for want of prosecution have a duty to obtain a written order of continuance within a five-year period? | 10240.docx | LEGALEASE-00095431-LEGALEASE-00095432 | Order, SA | 0.81 | 1 | 0 | 0 | 1 | |
| 3559 | Florez v. City of Miami, 858 So. 2d 378 | 307A+590.1 | As every action taken by plaintiff since April 27, 2000, was in violation of the court's order striking the case, the trial court acted within its discretion in dismissing plaintiff's claim for failure to prosecute under Florida Rule of Civil Procedure Rule 1.420(e). To defeat a motion to dismiss for failure to prosecute, "it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution". Kearney v. Ross, 743 So.2d 578, 580 (Fla. 4th DCA 1999) A trial court "has discretion to dismiss an action when the only record activity for the previous year was bad faith activity, which means activity that is "frivolous or clearly useless' to further prosecute the case." Ezell v. Century 21 of the Southeast, 615 So.2d 273, 274 (Fla. 5th DCA 1993) (quoting Anthony v. Schmitt, 557 So.2d 656, 662 (Fla. 2d DCA 1990)). Under these facts, the trial court did not abuse its discretion in finding that plaintiff's actions, which were in violation of a court order, did not constitute affirmative record activity that were reasonably calculated to advance the case toward resolution. | To defeat a motion to dismiss for failure to prosecute, it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution. | "To defeat a motion to dismiss for failure to prosecute, should it be shown that there was affirmative record activity during this time?" | Pretrial Procedure - Memo # 7725 - C - SHS.docx | ROSS-003286595-ROSS-003286596 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3560 | Rolle v. Cold Stone Creamery, 212 So. 3d 1073 | 307A+561.1 | Affirmative defenses are generally matters raised in an answer and not a motion to dismiss. Grove Isle, 137 So.3d at 1089. "However, where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted." Id. | Affirmative defenses are generally matters raised in an answer and not a motion to dismiss; however, where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the defense bars the action as a matter of law, a motion to dismiss raising the defense is properly granted. | Are affirmative defenses generally matters raised in an answer and not a motion to dismiss? | Pretrial Procedure - Memo # 7762 - C - KG.docx | ROSS-003313606-ROSS-003313607 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3561 | Dunn v. City of Kenner, 11 So. 3d 1115 | 30+3206 | Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. Lyons v. Dohman, 2007"0053, (La.App. 3 Cir.2007), 958 So.2d 771, citing Bias v. Vincent, 02"642 (La.App. 3 Cir. 12/11/02), 832 So.2d 1153, writ denied, 03"0112 (La.3/21/03), 840 So.2d 542. The Louisiana Supreme Court has held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit and abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which have clearly been abandoned. Lyons, supra, citing Clark v. State Farm Mutual Automobile Insurance Company, 00"3010 (La.5/15/01), 785 So.2d 779. | Whether a step in the prosecution of a case has been taken in the trial court for a period of three years, so as to defeat a claim of abandonment, is a question of fact subject to a manifest error analysis on appeal. LSA-C.C.P. art. 561. | Has whether or not a step in the prosecution of a case been taken in the trial court for a period of three years a question of fact? | 036132.docx | LEGALEASE-00147584-LEGALEASE-00147585 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 3562 | Willey v. Roberts, 664 So. 2d 1371 | 307A+590.1 | The jurisprudence clearly establishes motions to withdraw or enroll as counsel or to substitute counsel are not considered formal steps before the court in the prosecution of the suit. Such motions grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but are not considered steps because they do not hasten the matter to judgment. See Chevron, 436 So.2d at 532-533; Donald G. Lambert Contractor v. State, 577 So.2d 341, 342 (La.App. 1st Cir.), writ denied, 580 So.2d 923 (La.1991). | Motions to withdraw or enroll as counsel or to substitute counsel are not formal "steps" before court in prosecution of suit, for purposes of determining whether suit has been abandoned; such motions grant to counsel the right to take steps, or to prepare to take steps, toward prosecution or defense of case, but do not hasten matter to judgment. LSA-C.C.P. art. 561, subd. A. | Is a motion to substitute counsel not considered a formal step before court in prosecution of suit which will operate to interrupt abandonment? | 11289.docx | LEGALEASE-00094787-LEGALEASE-00094788 | Condensed, SA, Sub | 0.3 | 0 | 1 | 1 | 1 | 1 |
| 3563 | Tennessee Valley Kaolin Corp. v. Perry, 526 S.W.2d 488 | 260+68(3) | A reading of the Tennessee cases leaves no doubt that this state recognizes an implied obligation to mine premises for minerals. See Weatherly v. American Agricultural Chemical Co. (1933 M.S.) 16 Tenn.App. 613, 65 S.W.2d 592, 598; Minning and Manufacturing Co. v. Chemical Co. (1911) 126 Tenn. 18, 24, 38, 150 S.W. 1143; Annotation 76 A.L.R.2d 721; and Corbin on Contracts s 541. However, such an implied duty to mine can be and is waived by the lessor "where the lessee has paid or agreed to pay a specific sum of money in lieu of recurring royalties and the money has been accepted by the lessor". Frierson v. International Agricultural Corporation (1940 M.S.) 24 Tenn.App. 616, 633, 148 S.W.2d 27, 37; and Weatherly. | Implied duty of lessee to mine premises can be and is waived by lessor where lessee has paid or agreed to pay specific sum of money in lieu of recurring royalties and money has been accepted by lessor. | Is a duty to mine waived by the lessor where the lessee has paid a specific sum of money in lieu of recurring royalties and the money has been accepted by the lessor? | 021603.docx | LEGALEASE-00148115-LEGALEASE-00148116 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3564 | Harnish v. Shannon, 392 Pa. 419 | 260+62.1 | It did nothing to destroy or disturb the covenants of either lease. The plaintiffs were entitled to payment of royalties under the terms of their lease and that right is unaffected by the arbitration proceedings. It is well settled in this state that a lease of coal in place until such time as all of the available merchantable coal shall have been mined and removed is a sale of an estate in fee simple and leaves the lessor with only an interest in the royalties to be paid him under that lease. Smith v. Glen Alden Coal Co., 347 Pa. 290"298, 32 A.2d 227; Robinson v. Pierce, 278 Pa. 372, 123 A. 324. The plaintiffs' lease, itself, constituted a sale of the coal in place, and by its terms the defendants, lessees therein, were given the unqualified right to assign or sublet. | Lease of coal in place until such time as all of available merchantable coal shall have been mined and removed is a sale of an estate in fee simple and leaves lessor with only interest in royalties to be paid under that lease. | Is a lease of coal in place a sale of an estate in fee simple and leaves the lessor with only an interest in the royalties? | 021615.docx | LEGALEASE-00148175-LEGALEASE-00148176 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 3565 | Calabrese v. Rexall Drug & Chem. Co., 218 Cal. App. 2d 774 | 83E+459 | Ordinarily an endorsement without recourse (a qualified endorsement) implies certain warranties specified in " 3146, Civil Code. "Each person who negotiates an instrument by delivery or by a qualified indorsement warrants that the instrument is genuine and in all respects what it purports to be; that he has a good title to it; that all prior parties had capacity to contract; and that he has no knowledge of any fact which would impair the validity of the instrument or render is valueless. (8 CalJur.2d " 98, p. 425.) But such warranties are not implied in the endorsement where made pursuant to an agreement which provides otherwise. (Eisenman v. Vernell (Fla.), 114 So.2d 16, 17"18; In re Canal Bank & Trust Co., 221 La. 184, 59 So.2d 115, 118; General Contract Purchase Corporation v. Alcorn, 226 Mo.App. 1026, 47 S.W.2d 162, 163"164; Carroll v. Nodine, 41 Or. 412, 69 P. 51; Davis v. Brown, 94 U.S. 423, 427, 24 L.Ed. 204; Title Ins. & T. Co. v. Bandini Estate Co., 26 Cal.App.2d 157, 162, 79 P.2d 141; Home State Bank of Russell, Kan. v. Milberger, 146 Kan. 541, 72 P.2d 1004; 10 C.J.S. Bills & Notes " 237, p. 730.) That is the case before us. | Although ordinarily endorsement without recourse impliedly warrants genuineness of instrument, that negotiator has good title, that prior parties had capacity to contract and that negotiator has no knowledge of any fact which would impair the validity of the instrument or render it valueless, such warranties are not implied in endorsement where made pursuant to agreement which provides otherwise. West's Ann.Civ.Code, S 3146. | What are the warranties to be implied by a person who negotiates an instrument by delivery or by a qualified indorsement warrants? | 010379.docx | LEGALEASE-00149736-LEGALEASE-00149737 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 3566 | Vodak v. City of Chicago, 624 F. Supp. 2d 933 | 129+108 | To promote these strong interests in maintaining an orderly flow of traffic, "[i]t is well-established in the Illinois that the act of blocking the free flow of pedestrian or vehicular traffic on public ways will support a conviction for the offense of disorderly conduct." Jones, 106 F.3d at 779. In Jones, an alderman from Chicago and 30"50 other demonstrators interlocked their elbows and stood on the street and sidewalk in front of the entrance to a construction site to protest perceived non-compliance with minority hiring requirements at the worksite. By positioning themselves there, the demonstrators prevented construction trucks from entering the worksite. The police arrested the alderman, who later brought a " 1983 action for false arrest against the arresting officers. Because the officers could have reasonably believed that the alderman blocked the free flow of pedestrian or vehicular traffic on public ways, the officers had probable cause to arrest the alderman for disorderly conduct. Therefore, under clearly established First and Fourth Amendment law in this circuit, a police officer may arrest a demonstrator when the demonstration blocks public roadways. | Act of blocking the free flow of pedestrian or vehicular traffic on public ways will support a conviction for the offense of disorderly conduct under Illinois law. | Can an act of blocking the free flow of pedestrian or vehicular traffic on public ways support a conviction for the offense of disorderly conduct? | 014436.docx | LEGALEASE-00149597-LEGALEASE-00149598 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3567 | Cartwright v. Bell, 57 Tenn. App. 352 | 200+23 | In assignment No. 1 it is asserted that the Chancellor erred in his conclusion that the form of dedication and acceptance in this case was controlled by the Private Act relating to Williamson County, Chapter 359, Private Acts of 1919. It is argued that this Private Act did not undertake to provide an exclusive method of dedication and acceptance and that the authority of the County Court to accept the dedication is conferred by Chapter 29, Public Acts of 1835"36 (T.C.A. 54"1701). As was stated in Paschall v. Valentine, 45 Tenn.App. 131, 321 S.W.2d 568, a private act conferring authority upon the County to open, close, change or create a system of roads and bridges gives it no broader authority with respect to roads than is given under general statutes. | Private Act conferring authority upon county to open, close, change or create system of roads and bridges gives county no broader authority with respect to roads than is given under general statutes. Priv.Acts 1919, c. 359; T.C.A. S 54-1701. | Do private acts confer broader authority on the County to close roads than the general statutes? | 019265.docx | LEGALEASE-00149396-LEGALEASE-00149397 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3568 | Hillman v. Weatherly, 14 So. 3d 721 | 307A+690 | This Court has adopted the standard promulgated by the Fifth Circuit for review of dismissals with prejudice for failure to prosecute under Rule 41(b). Am. Tel. & Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (Miss.1998) (citing Rogers v. Kroger Co., 669 F.2d 317 (5th Cir.1982)). There is no set time limit for the prosecution of an action; a dismissal with prejudice will be affirmed only if there is a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interests of justice. Id. at 180-81. The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay," (2) "the degree of actual prejudice to the defendant," and (3) "whether the delay was the result of intentional conduct." Am. Tel. & Tel. Co., 720 So.2d at 181 (quoting Rogers, 669 F.2d at 320). | The propriety of a dismissal with prejudice is bolstered by the presence of aggravating factors, including: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. Rules Civ.Proc., Rule 41(b). | "Is the propriety of a dismissal with prejudice, bolstered by the degree of actual prejudice to the defendant?" | 036446.docx | LEGALEASE-00149081-LEGALEASE-00149082 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3569 | Harris v. Cleveland, 979 So. 2d 78 | 307A+581 | Although Harris posits that the trial court judgment is a "summary judgment" governed by the procedures set forth in Rule 56, Ala. R. Civ. P., it is clear from the record that the judgment is, in actuality, a judgment of dismissal, with prejudice, entered pursuant to Rule 41 (b), Ala. R. Civ. P., on the trial court own motion. See Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991) (noting that "a court has the inherent power to act sua sponte to dismiss an action for want of prosecution"). However, as Burdeshaw also notes, "the entry of a judgment for a defendant as a matter of law for want of prosecution is a drastic sanction," and because dismissal "is such a drastic sanction, it is to be used only in extreme situations"; thus, an appellate court "carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found." Id. With particular reference to a judgment of dismissal with prejudice for lack of prosecution, our court has held that such a dismissal is proper "only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default." Burton v. Allen, 628 So.2d 814, (Ala.Civ.App.1993). | The entry of a judgment of dismissal for a defendant as a matter of law for want of prosecution of a civil action is a drastic sanction, only to be used in extreme situations. Rules Civ.Proc., Rule 41(b). | "Is the entry of a judgment of dismissal for a defendant as a matter of law for want of prosecution of a civil action, a drastic sanction, only to be used in extreme situations?" | 036598.docx | LEGALEASE-00149501-LEGALEASE-00149502 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 3570 | Jenkins v. Tucker, 18 So. 3d 265 | 307A+581 | Aggravating factors bolster a case for dismissal, but they are not required even when dismissal is with prejudice. Hasty, 986 So.2d at 1041 (citing Hine v. Anchor Lake Prop. Owners Ass'n, 911 So.2d 1001, 1006 (Miss.Ct.App.2005)). Aggravating factors may include: "(1) whether the delay was caused by the party as opposed to his counsel[;] (2) whether there was actual prejudice to the opposing party[;] and (3) whether the delay was an intentional attempt to abuse the judicial process." Id. at 1041 (citing Days Inn of Winona, 720 So.2d at 182). | Aggravating factors supporting a dismissal for want of prosecution may include: (1) whether the delay was caused by the party as opposed to his counsel; (2) whether there was actual prejudice to the opposing party; and (3) whether the delay was an intentional attempt to abuse the judicial process. Rules Civ.Proc., Rule 41(b). | "Do aggravating factors supporting a dismissal for want of prosecution, include whether there was actual prejudice to the opposing party?" | 036610.docx | LEGALEASE-00149429-LEGALEASE-00149430 | Condensed, SA | 0.4 | 0 | 1 | 0 | 1 | |
| 3571 | United States v. Hymans, 463 F.2d 615 | 411+7 | The Secretary of Agriculture is empowered by 16 U.S.C. " 551 to make and promulgate rules and regulations concerning the "occupancy and use" of National Forests. It would certainly appear that a rule by the Secretary forbidding indecent conduct in posted areas of concentrated public use would be well within the power to regulate the occupancy and use of National Forests delegated to him by Congress. | Rule promulgated by Secretary of Agriculture forbidding indecent conduct in posted areas of concentrated public use was within power delegated to Congress to the Secretary to regulate the occupancy and use of national forests. 16 U.S.C.A. S 551. | Does the Secretary of Agriculture have the power to prohibit or forbid indecent or unauthorized conduct in posted areas of concentrated public use? | Woods and Forest - Memo 64 - AR_58586.docx | ROSS-003296647-ROSS-003296648 | Condensed, SA, Sub | 0.39 | 0 | 1 | 1 | 1 | 1 |
| 3572 | Joseph E. Seagram & Sons v. Willis, 401 N.E.2d 87 | 413+2 | A proceeding for workmen's compensation is purely statutory in origin and procedure. Therefore the rights and obligations of the parties concerned must be determined by reference to the act of the Legislature. Federal Cement & Tile Co. v. Pruitt, Admrx. (1957), 128 Ind.App. 126, 146 N.E.2d 557. The Legislature in the enactment and amendments of the Workmen's Compensation Act has specified with particularity the factual situation giving rise to a right of compensation, the procedure to be observed in connection therewith and the awards that may be made. It is the statute itself that speaks with reference to these matters. | A proceeding for workmen's compensation is purely statutory in origin and procedure and the rights and obligations of the parties concerned must be determined by reference to legislative act. | "Are proceedings for workmen's compensation purely statutory in origin and procedure, and the rights and obligations of the parties concerned determined by reference to the act of the Legislature?" | 048408.docx | LEGALEASE-00150004-LEGALEASE-00150005 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3573 | Draper v. Med. Ctr. of Delaware, 767 A.2d 796 | 307A+581 | It is important that this decision not be misconstrued. Litigants, whether represented by counsel or appearing pro se, must diligently prepare their cases for trial or risk dismissal for failure to prosecute. There is no different set of rules for pro se plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff. It is only in cases such as this, where it was reasonable for the pro se litigant to have been waiting for the trial court to take action following a remand, that we find dismissal for failure to prosecute inappropriate. | Litigants, whether represented by counsel or appearing pro se, must diligently prepare their cases for trial or risk dismissal for failure to prosecute. | "Should litigants, whether represented by counsel or appearing pro se, diligently prepare their cases for trial or risk dismissal for failure to prosecute?" | Pretrial Procedure - Memo # 8067 - C - NE_58744.docx | ROSS-003281030-ROSS-003281031 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3574 | Coates v. Ocean State Jobbers, 18 A.3d 554 | 307A+681 | In considering a dismissal motion, a trial justice "must weigh the equities between the parties." Harvey, 764 A.2d at 143."On the one hand is the court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay," and "[o]n the other hand, there is the desire to dispose of cases on their merits." Id. (quoting Hyszko v. Barbour, 448 A.2d 723, 726 (R.I.1982)). When weighing these conflicting interests, however, the trial justice "need not view the evidence in a light most favorable to the plaintiffs." Id. | In considering a dismissal motion for lack of prosecution, trial court must balance court's need to manage its docket, the public interest in the expeditious resolution of litigation, and the risk of prejudice to the defendants from delay, and on the other hand, there is the desire to dispose of cases on their merits. Superior Court Rules Civ.Proc., Rule 41(b)(1, 2). | Should a trial justice weigh the equities between the parties in considering a dismissal motion for lack of prosecution? | 036816.docx | LEGALEASE-00150176-LEGALEASE-00150179 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 3575 | Nazeri v. Missouri Valley Coll., 860 S.W.2d 303 | 307A+679 | A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff petition. It assumes that all of plaintiff averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. Sullivan v. Carlisle, 851 S.W.2d 510, 512 (Mo. banc 1993). No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case.With this in mind, we turn to appellant petition. In general, it alleges that appellant was employed as Director of Teacher Education in the Missouri Department of Elementary and Secondary Education. Her duties included chairing the Department teacher evaluation teams and visiting college campuses to conduct such evaluations. The respondents are the Missouri Valley College, a private religious college located in Marshall, Missouri, and Dennis Spellmann, who was Vice"President of the college at the time the acts complained of took place. | Motion to dismiss for failure to state cause of action is solely test of adequacy of plaintiff's petition, and it assumes that all of plaintiff's averments are true and liberally grants plaintiff all reasonable inferences therefrom. | Is a motion to dismiss for failure to state a cause of action solely a test of the adequacy of the petition? | 036857.docx | LEGALEASE-00150422-LEGALEASE-00150423 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3576 | New Bar Partnership v. Martin, 729 S.E.2d 675 | 307A+561.1 | We review a trial court's order allowing a Rule 12(b)(6) motion to dismiss de novo. Locklear v. Lanuti, 176 N.C.App. 380, 384, 626 S.E.2d 711, 714 (2006).Our standard of review of an order allowing a motion to dismiss is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim[,] it will be dismissed. | A complaint may be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. Rules Civ.Proc., Rule 12(b)(6). | "Can a complaint be properly dismissed for absence of law to support a claim, absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim?" | 037072.docx | LEGALEASE-00150760-LEGALEASE-00150761 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3577 | State v. France, 180 Wash. 2d 809 | 3.77E+10 | Similar to sexual gratification, even though "true threat" is not an element of felony harassment, the State still must prove it. However, this is because "true threat" defines and limits the scope of criminal statutes, such as felony harassment, that potentially encroach upon protected speech. Allen, 176 Wash.2d at 626, 294 P.3d 679 (quoting Kilburn, 151 Wash.2d at 43, 84 P.3d 1215). The First Amendment broadly protects speech, but not "true threats"; statements "made in a "context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted ... as a serious expression of intention to inflict bodily harm upon or to take the life" of another person." Kilburn, 151 Wash.2d at 43, 84 P.3d 1215 (alteration in original) (internal quotation marks omitted) (quoting State v. Williams, 144 Wash.2d 197, 208"09, 26 P.3d 890 (2001)). We require the State to prove a "true threat" to prevent encroachment on protected speech. France suggests no similar reason to require the State to prove each definition of "threat" included in these instructions. | The First Amendment broadly protects speech, but not "true threats" which are statements made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted as a serious expression of intention to inflict bodily harm upon or to take the life' of another person. U.S.C.A. Const.Amend. 1; West's RCWA 9A.46.020. | "What is the definition of ""true threats""?" | Threats and Stalking - Memo #27 - C - LB_58920.docx | ROSS-003295338-ROSS-003295339 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 3578 | Zuckerman Spaeder, LLP v. Auffenberg, 646 F.3d 919 | 25T+182(2) | Second, to clarify what we mean by "timely," we expand upon the suggestion of the district court:A defendant seeking a stay pending arbitration under Section 3 who has not invoked the right to arbitrate on the record at the first available opportunity, typically in filing his first responsive pleading or motion to dismiss, has presumptively forfeited that right. See Fed.R.Civ.P. 8(c) (enumerating affirmative defenses defendant must raise in answer or else forfeit).A defendant who delays seeking a stay pending arbitration until after his first available opportunity might still prevail on a later stay motion provided his delay did not prejudice his opponent or the court. See Cancer Research, 821 F.2d at 776 (considering but rejecting defendant's argument that intervening decision by Supreme Court excused its earlier failure to invoke arbitration); cf. FEC v. Legi"Tech, Inc., 75 F.3d 704 (D.C.Cir.1996) (district court did not abuse discretion permitting defendant to amend answer to include separation-of-powers defense after intervening decision of court of appeals where there was no prejudice to the FEC). | A defendant seeking a stay pending arbitration under Federal Arbitration Act (FAA) who has not invoked the right to arbitrate on the record at the first available opportunity, typically in filing his first responsive pleading or motion to dismiss, has presumptively forfeited that right. 9 U.S.C.A. S 3. | Does a defendant presumptively forfeit the right to arbitration if he fails to invoke the right to arbitrate on the record at the first available opportunity? | 007938.docx | LEGALEASE-00151401-LEGALEASE-00151402 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3579 | First Nat. Bank in Dallas v. Lampman, 442 S.W.2d 858 | 108H+33 | Even if it should be assumed that the check was owned by the corporation the possession of appellant bank was for the purpose of collection and garnishment was not available. A person who has in his possession for collection promissory notes, checks or other choses in action of another cannot be held liable as garnishee in a suit against the owner thereof unless he has received payment of money thereon. Price v. Brady, 21 Tex. 614; Taylor v. Gillean, 23 Tex. 508; Tirrell and Another v. J. J. Canada & Wm. M. Rice, 25 Tex. 456; Graham National Bank v. First National Bank, 48 S.W.2d 358 (Tex . Civ.App.1932, writ ref.); Seguros Tepeyac, S.A., Compania Mexicana de Seguros Generales v. Maynard Bostrom and James L. Jerigan, 347 F.2d 168, 177 (Fifth Circuit 1965), rehearing denied 360 F.2d 154. For the reasons stated the court erred in granting appellee's motion for summary judgment and erred in denying the Bank's motion for partial summary judgment. | Person who possesses promissory notes, checks, or other choses in action for collection cannot be held liable as garnishee in suit against owner thereof unless he has received payment of money thereon. Rules of Civil Procedure, rule 659. | "Can a person in possession of instruments like promissory notes, chose in actions and checks be held liable as garnishee?" | 010389.docx | LEGALEASE-00150840-LEGALEASE-00150841 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 3580 | Allen v. Titan Propane, 484 S.W.3d 902 | 307A+561.1 | A very narrow and limited exception to the pleading requirement exists, however, "whereby a defendant may properly file a motion to dismiss for failure to state a claim under Rule 55.27(a)(6) when it appears from the face of the petition that an affirmative defense is applicable." Evans v. Empire Dist. Elec. Co., 346 S.W.3d 313, 317 (Mo.App.2011). Our inquiry, therefore, turns to whether Titan's motion to dismiss falls within this exception. We determine that it does not. | A very narrow and limited exception to the pleading requirement for affirmative defenses exists, whereby a defendant may properly file a motion to dismiss for failure to state a claim when it appears from the face of the petition that an affirmative defense is applicable. V.A.M.R. 55.27(a)(6). | Are there any exceptions that exist to the pleading requirement for affirmative defenses? | 037029.docx | LEGALEASE-00150894-LEGALEASE-00150895 | Condensed, SA | 0.38 | 0 | 1 | 0 | 1 | |
| 3581 | Green Tree Servicing v. Chicago Title Ins. Co., 499 S.W.3d 771 | 307A+683 | We review a trial court's grant of a motion to dismiss de novo. In re Estate of Austin, 389 S.W.3d 168, 171 (Mo.banc 2013). "A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom." Otte v. Edwards, 370 S.W.3d 898, 900 (Mo.App.E.D.2012)(quoting Coons v. Berry, 304 S.W.3d 215, 217 (Mo.App.W.D.2009). We make no attempt to weigh any facts alleged as to whether they are credible or persuasive, instead, we review the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." State ex rel. Henley v. Bickel, 285 S.W.3d 327, 329 (Mo.banc 2009). | A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. | Does a motion to dismiss for failure to state a cause of action assume that all of a plaintiff's averments are true? | Pretrial Procedure - Memo # 8459 - C - SHB_59158.docx | ROSS-003296691-ROSS-003296692 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 3582 | Rainbow Home Health v. Schmidt, 76 S.W.3d 53 | 307A+581 | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial pursuant to Tex.R. Civ. P. 165a(1); (2) when the case has not been disposed of within the Supreme Court's time standard pursuant to Tex.R. Civ. P. 165a(2); and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. See Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630 (Tex.1999). Here, the failure to appear is not a possible ground to affirm the order. While there is no record from the hearing, there is no allegation and there is no evidence that Appellants failed to appear for the hearing. Therefore, the Court must decide if the trial court's order of dismissal is supported by two other bases (1) the failure to prosecute the case with diligence or (2) the failure to dispose of the case within the Texas Supreme Court's standard. Because we conclude that the trial court did not abuse its discretion in dismissing the case for failure to prosecute with due diligence, we do not address whether the dismissal was proper for failing to comply with the Texas Supreme Court's time standard. | There are three grounds upon which a trial court may dismiss a case: (1) when a party fails to appear at a hearing or trial; (2) when the case has not been disposed of within the Supreme Court's time standard; and (3) by the trial court's inherent power to dismiss when the case has not been prosecuted with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(1, 2). | Can court dismiss a case when the case has not been prosecuted with due diligence? | 037212.docx | LEGALEASE-00150910-LEGALEASE-00150911 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3583 | Vanek v. State, Bd. of Fisheries, 193 P.3d 283 | 307A+622 | We review de novo an order dismissing a complaint on the basis of Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Generally, motions to dismiss for failure to state a claim are disfavored and should be rarely granted. To survive a motion to dismiss, the complaint must allege a set of facts consistent with and appropriate to some cause of action. For purposes of reviewing an order on a motion to dismiss, we deem all facts in the complaint true and provable. The complaint can be dismissed under Rule 12(b)(6) only where it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. | To survive a motion to dismiss for failure to state a claim, the complaint must allege a set of facts consistent with and appropriate to some cause of action. Rules Civ.Proc., Rule 12(b)(6). | "To survive a motion for dismissal for failure to state a claim, is it enough that the complaint set forth allegations of fact consistent with and appropriate to some enforceable cause of action?" | 037246.docx | LEGALEASE-00151032-LEGALEASE-00151033 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3584 | Rosenthal v. Dean Witter Reynolds, 908 P.2d 1095 | 30+3281 | We view with disfavor a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim and uphold a trial court's grant of such a motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Dunlap v. Colorado Springs Cablevision, Inc., 829 P.2d 1286, 1291 (Colo.1992) (citation and internal quotation marks omitted). We review the grant of a motion to dismiss using the same standards as the district court and "accept all averments of material fact contained in the complaint as true." Shapiro & Meinhold v. Zartman, 823 P.2d 120, 122"23 (Colo.1992). C.R.C.P. 12(b)(5) motions " "are rarely granted under our "notice pleadings." " " Dunlap, 829 P.2d at 1291 (quoting Davidson v. Dill, 180 Colo. 123, 131, 503 P.2d 157, 162 (1972)). | Supreme Court views with disfavor a motion to dismiss for failure to state a claim and upholds trial court's grant of such motion only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Rules Civ.Proc., Rule 12(b)(5). | "Is dismissal for failure to state a claim upon which relief can be granted, proper where the factual allegations in the complaint cannot support the claim for relief?" | 037258.docx | LEGALEASE-00150928-LEGALEASE-00150929 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3585 | Blake v. Plus Mark, 952 S.W.2d 413 | 307A+561.1 | Historically, in equity practice, the dismissal of an original bill ordinarily carried with it the dismissal of a cross bill or an answer filed as a cross bill, unless the answer or cross bill set up grounds for affirmative relief. Henry R. Gibson, Suits in Chancery " 726 (2nd ed. 1907); McDowell v. Hunt Contracting Co., 133 Tenn. 437, 181 S.W. 680, 681 (1916). The general rule is that [a]s used in a particular statute or rule precluding dismissal where the adverse party has sought affirmative relief, the term "affirmative relief" requires the allegation of new matter that, in effect, amounts to a counterattack. The relief sought, if granted, must operate not as a defense, but affirmatively and positively to defeat the plaintiff's cause of action. Thus, where the pleadings in a counterclaim constitute mere denials of the plaintiff's cause of action and state no facts on which affirmative relief could be granted, the plaintiff's right to voluntary termination of the suit is not affected. | Term "affirmative relief" requires allegation of new matter that, in effect, amounts to counterattack as that term is used in statute or rule precluding dismissal where adverse party has sought "affirmative relief"; relief sought, if granted, must operate not as defense, but affirmatively and positively to defeat plaintiff's cause of action. | "Would the term ""affirmative relief"" be used in statute or rule precluding dismissal where adverse party has sought affirmative relief?" | Pretrial Procedure - Memo # 8537 - C - SHB_59216.docx | ROSS-003282788-ROSS-003282789 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 3586 | In re Cliquot's Champagne, 70 U.S. 114 | 157+241(1) | Whatever is done by an agent, in reference to the business in which he is at the time employed, and within the scope of his authority, is said or done by the principal, and may be proved as well in a criminal as in a civil case, in all respects, as if the principal were the actor or the speaker. | Whatever is done by an agent in reference to the business in which he is at the time employed and within scope of his authority is said or done by the principal and may be proved in criminal and civil cases in all respects as if the principal were the actor or speaker. | Can anything done by an agent in reference to the business and within the scope of his authority be considered as done or said by the principal? | 041449.docx | LEGALEASE-00151214-LEGALEASE-00151215 | SA, Sub | 0.09 | 0 | 0 | 1 | 1 | |
| 3587 | In re Cliquot's Champagne, 70 U.S. 114 | 157+241(1) | Whatever is done by an agent, in reference to the business in which he is at the time employed, and within the scope of his authority, is said or done by the principal, and may be proved as well in a criminal as in a civil case, in all respects, as if the principal were the actor or the speaker. | Whatever is done by an agent in reference to the business in which he is at the time employed and within scope of his authority is said or done by the principal and may be proved in criminal and civil cases in all respects as if the principal were the actor or speaker. | Can anything done by an agent in reference to the business in which he is employed be considered as done or said by the principal and be proved in a case as if the evidence applied personally to the principal? | Principal and Agent - Memo 180 - KC_59462.docx | ROSS-003292199-ROSS-003292200 | SA, Sub | 0.09 | 0 | 0 | 1 | 1 | |
| 3588 | U.S. v. Peralta-Sanchez, 847 F.3d 1124 | 92+4437 | We have held that an alien facing deportation faces the loss of a liberty interest. An alien, like Peralta, has a right to removal proceedings that conform to the requirements of due process. See Raya"Vaca, 771 F.3d at 1203 & n.6; Flores"Chavez v. Ashcroft, 362 F.3d 1150, 1161 (9th Cir. 2004). However, the fact that aliens are protected by the Due Process Clause does not mean that "all aliens are entitled to enjoy all the advantages of citizenship or ... that all aliens must be placed in a single homogenous legal classification." Mathews, 426 U.S. at 78, 96 S.Ct. 1883. "[T]he class of aliens is itself a heterogenous multitude of persons with a wide-ranging variety of ties to this country." Id. at 78"79, 96 S.Ct. 1883. | The fact that aliens are protected by the Due Process Clause does not mean that all aliens are entitled to enjoy all the advantages of citizenship or that all aliens must be placed in a single homogenous legal classification; the class of aliens is itself a heterogenous multitude of persons with a wide-ranging variety of ties to this country. U.S. Const. Amend. 5. | Does the fact that aliens are protected by the Due Process Clause lead to a conclusion that all aliens must be placed in a single homogeneous legal classification? | "Aliens, Immigration and Citizenship - Memo 42 - RK_60128.docx" | ROSS-003280935-ROSS-003280936 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 3589 | Wood v. J Choo USA, 201 F. Supp. 3d 1332 | 172H+1698 | These allegations by themselves demonstrate an injury in fact. "[T]he fallacy of Defendant's argument [to the contrary] is that it does not address the role of Congressional findings." Altman, 2016 WL 3946780, at *6. Through FACTA, Congress created a substantive legal right for Wood and other card-holding consumers similarly situated to receive receipts truncating their personal credit card numbers and expiration dates and, thus, protecting their personal financial information. See Steinberg, 2009 WL 2589142, at *3 ("Plaintiff alleges that Defendant had actual and constructive knowledge of FACTA's requirements several years before it was required to come into compliance, but nonetheless ignored these requirements after FACTA became effective. These allegations are sufficient to infer that Defendant acted knowingly or recklessly when it violated the statute."); McCamis v. Servis One, Inc., No. 8:16"CV"1130"T"30AEP, 2016 WL 4063403, at *2 (M.D.Fla. July 29, 2016) (ruling that, under FDCPA, plaintiff had "statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt" for which he was no longer responsible). | Through the Fair and Accurate Credit Transactions Act (FACTA), Congress created a substantive legal right for card-holding consumers to receive receipts truncating their personal credit card numbers and expiration dates and, thus, protecting their personal financial information. Consumer Credit Protection Act S 605, 15 U.S.C.A. S 1681c(g). | Is it a substantive legal right of a consumer to receive a truncated card receipt? | 013683.docx | LEGALEASE-00152471-LEGALEASE-00152472 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3590 | Calhoon v. Sell, 71 F. Supp. 2d 990 | 200+79.1 | As to highways governed by state law, the South Dakota Supreme Court has held, "[V]acation or abandonment of a legally established public way can only occur by some lawful method. The appropriate governing board must act affirmatively to vacate or abandon a section line right-of-way. The burden of proof is on the one obstructing a lawfully established public way to show vacation or abandonment. Aasland v. County of Yankton, 280 N.W.2d 666 (S.D.1979); Haley v. City of Rapid City, 269 N.W.2d 398 (S.D.1978)." Thormodsgard v. Wayne Township Board of Supervisors, 310 N.W.2d 157, 159 (S.D.1981). The same court has held: "South Dakota law mandates inclusion of right-of-way easements along all section lines. SDCL 31"18"1. Abandonment, vacation, or relocation can only be accomplished through official action by statutorily authorized public officials, boards, or tribunals." City of Sioux Falls v. Hone Family Trust, 554 N.W.2d 825, 825 (S.D.1996). | Under South Dakota law, inclusion of right-of-way easements along all section lines is mandated, and the abandonment, vacation, or relocation of such a right-of-way can only be accomplished through official action by statutorily authorized public officials, boards, or tribunals. SDCL 31-18-1. | Is the inclusion of right-of-way easements along all section lines mandated? | Highways - Memo 238 - RK_60181.docx | ROSS-003293085-ROSS-003293086 | Order, SA, Sub | 0.69 | 1 | 0 | 1 | 1 | 1 |
| 3591 | James L. Lester v Heyward McFaddon and Cameron Lumber Company, 288 F.Supp.735 | 48A+217(1) | Under South Carolina law a pedestrian crossing or walking along a highway is required to exercise ordinary care for his own safety, that is such care as a reasonably prudent person would have exercised under the same or similar circumstances; and if he fails to exercise such care for his own safety then he is guilty of negligence which would bar recovery for any injuries and damages he may sustain when struck by a motorist if the pedestrian's negligence proximately contributed to same. Johnson v. Finney, 246 S.C. 366, 143 S.E.2d 722 (1965). Whether a pedestrian is guilty of contributory negligence is generally a factual question to be determined by the trier of facts from all the facts and circumstances surrounding the accident, and the position of a pedestrian along or upon the highway at the time of the accident is significant and relevant to such determination. One walking on the left side of the highway and thereby facing traffic as required by Sec. 46-436 of the 1962 South Carolina Code of Laws, is not guilty of contributory negligence as a matter of law. It is dependent upon all of the existing circumstances. | Under South Carolina law, pedestrian crossing or walking along highway is required to exercise such care for his own safety as reasonably prudent person would have exercised under same or similar circumstances. Code S.C.1962, SS 46-436, 46-442. | "Is a pedestrian required to exercise ordinary care for his own safety, that is such care as a reasonably prudent person would have exercised under the same or similar circumstances?" | Highways - Memo 317 - RK_59645.docx | ROSS-003282576-ROSS-003282577 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3592 | Worley v. Barger, 347 Ill. App. 3d 492 | 307A+561.1 | Although the motion was filed as a section 2"619 motion to dismiss, we will analyze it as a motion to dismiss under section 2"615 of the Code of Civil Procedure (735 ILCS 5/2"615 (West 2000)), because the motion challenges the legal sufficiency of the complaint. See Chandler v. Illinois Central R.R. Co., 207 Ill.2d 331, 348, 278 Ill.Dec. 340, 798 N.E.2d 724, 733 (2003). "A section 2"615 motion attacks only a complaint's legal sufficiency; its purpose is not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings." Stinnes Corp. v. Kerr"McGee Coal Corp., 309 Ill.App.3d 707, 712, 243 Ill.Dec. 98, 722 N.E.2d 1167, 1170 (1999). | Motion to dismiss that is filed under statute governing motions with respect to pleadings attacks only a complaint's legal sufficiency; its purpose is not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings. S.H.A. 735 ILCS 5/2-615. | Is it the purpose of a motion to dismiss not to raise affirmative factual defenses but rather to allege defects apparent on the face of the pleadings? | Pretrial Procedure - Memo # 8627 - C - DA_59699.docx | ROSS-003294166 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 3593 | Green ex rel. Estate of Webster v. Hous. Auth. of City of Gary, 10 N.E.3d 518 | 307A+681 | A motion to dismiss under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of the claim. Hosler ex rel. Hosler v. Caterpillar, Inc., 710 N.E.2d 193, 196 (Ind.Ct.App.1999). The complaint must be viewed in the light most favorable to the non-moving party with the issue being whether that complaint states any facts upon which the trial court could grant relief. Id. In determining whether any facts will support a claim, the court looks only at the complaint and the reasonable inferences to be drawn from it and may not rely on any evidence that is not in the record. Id. If a complaint states a set of facts which, even if true, would not support the relief requested, the case must be dismissed. Newman v. Deiter, 702 N.E.2d 1093, 1097 (Ind.Ct.App.1998). | In determining whether any facts will support a claim, on a motion to dismiss for failure to state a claim, the court looks only at the complaint and the reasonable inferences to be drawn from it and may not rely on any evidence that is not in the record. Trial Procedure Rule 12(B)(6). | "In determining whether any facts will support the claim on a motion to dismiss for failure to state a claim, does a court look only to the complaint?" | 037673.docx | LEGALEASE-00152365-LEGALEASE-00152366 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 3594 | West v. Ray, 210 La. 25 | 302+228.23 | We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. In the case at bar, the affirmative defense presented does not meet this test and the defendant should be required to answer. If the existence of a partnership is set up as a defense, the Court can then determine from the evidence"as it cannot from the petition"whether the instant case comes under the general rule or falls within one of the recognized exceptions. | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | When can an affirmative defense presented through exceptions or motions tried or triable only on the face of the petition be sustained? | Pretrial Procedure - Memo # 8824 - C - KS_59822.docx | ROSS-003279105-ROSS-003279106 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3595 | West v. Ray, 210 La. 25 | 302+228.23 | We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | Can an affirmative defense be sustained unless the allegations of the petition exclude every reasonable hypothesis? | Pretrial Procedure - Memo # 8825 - C - KS_59823.docx | ROSS-003292335-ROSS-003292336 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 3596 | Jenkins v. A. R. Blossman, 60 So. 2d 131 | 302+345(1) | This rule places the determination of each case on a trial on the merits rather than on paper pleadings. A decision on the exception of no cause of action is not a fair way to determine the rights of litigants, since the facts alleged in each case raise several problems materially affecting those rights which can best be solved by the hearing of evidence in the case. "In West v. Ray, 210 La. 25, 26 So.2d 221, 224, the Court stated: ""We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based."" (Italics ours.) | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | Can an affirmative defense be sustained unless the allegations of the petition exclude every reasonable hypothesis? | Pretrial Procedure - Memo # 8825 - C - KS.docx | LEGALEASE-00042259-LEGALEASE-00042260 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3597 | Gardner v. Bank of Am., N.A., 466 S.W.3d 642 | 302+367(1) | The purpose of a motion for more definite statement is to put a party on notice that his pleading is deficient and to provide that party an opportunity to cure the defects. See Eckerd v. Country Mut. Ins. Co., 289 S.W.3d 738, 743 (Mo.App.E.D.2009) (finding plaintiff's motion to strike defendant's affirmative defenses failed to put defendant on notice that its pleadings were allegedly deficient, and therefore plaintiff waived objection to the particularity of the affirmative defenses). "While a motion for a more definite statement is one manner in which a defendant may complain about the sufficiency of pleadings, a motion to dismiss can also be used to raise the issue." Breeden v. Hueser, 273 S.W.3d 1, 10 (Mo.App.W.D.2008). | While a motion for a more definite statement is one manner in which a defendant may complain about the sufficiency of pleadings, a motion to dismiss can also be used to raise the issue. | "While a motion for a more definite statement is one manner in which a defendant can complain about the sufficiency of pleadings, can a motion to dismiss also be used to raise the issue?" | 037863.docx | LEGALEASE-00152134-LEGALEASE-00152135 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 3598 | Cordova v. Vons Grocery Co., 196 Cal. App. 3d 1526 | 307A+581 | Once the plaintiff makes some showing of excusable delay, the trial court must "view the total picture" before deciding whether to dismiss for delay in prosecution. (See Salas v. Sears, Roebuck & Co., supra, 42 Cal.3d 342, 346, 228 Cal.Rptr. 504, 721 P.2d 590.) Among the factors comprising the total picture are those enumerated in rule 373(e), California Rules of Court, which the trial court must consider even if a dismissal is made on its own motion. (Dockery v. Hyatt (1985) 169 Cal.App.3d 830, 833, 215 Cal.Rptr. 488.) The factors enumerated in rule 373(e) pertinent on this record are the diligence of the parties in prosecuting discovery or other pretrial proceedings, and the condition of the court's calendar. | Once a plaintiff makes some showing of excusable delay, a trial court must "view the total picture" before deciding whether to dismiss an action for delay in prosecution. West's Ann.Cal.C.C.P. SS 583.410, 583.420; Cal.Rules of Court, Rule 373(e). | "Should a court ""view the total picture"" before deciding whether to dismiss an action for delay in prosecution, once a plaintiff makes some showing of excusable delay?" | Pretrial Procedure - Memo # 9165 - C - KI_60109.docx | ROSS-003281266-ROSS-003281267 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3599 | Speake v. Grantham, 317 F. Supp. 1253 | 141E+1024 | No student may, without subjecting himself to reasonable and lawful discipline, intentionally act to impair or prevent the accomplishment of any lawful mission, process or function of an educational institution or to unlawfully interfere with or impede the educational opportunity and rights of his fellow students. A college or university has the inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. Flexibility and elbow room are to be preferred over specificity. When he voluntarily enters an educational institution, a student impliedly agrees to abide by certain standards of conduct expected of him and submits himself to reasonable discipline by the school. He agrees that his conduct and character shall not be detrimental to the school or its educational goals; that his conduct and character will be such that it will not interfere with the relationship between the school and his fellow students or abridge the reasonable educational rights of his fellow students. He also agrees that when he fails in any of the duties devolving upon him, the school authorities may inflict upon him reasonable discipline, which within their discretion, is appropriate and proper under the circumstances. | A college or university has inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | Does a university have the power to promulgate rules and regulations? | 017347.docx | LEGALEASE-00152887-LEGALEASE-00152889 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3600 | Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | The present case does not come within the rule above stated. None of the occurrences described were of such a character as to convey notice to the railway compny, or to be known to any others than the witnesses themselves. Evidence of other similar occurrences on other occasions is not admissible for the purpose of raising a presumption that the particular accident in question happened, or that the place was defective and dangerous, or that the situation was of such a character that the occurrence resulting in the injury complained of might well have taken place. The facts are the only legitimate evidence of the injury, and of the manner and cause of the occurrence. Ramsey v. Road Co., 81 Ind. 394; Collins v. Inhabitants of Dorchester, 6 Cush. 396; Hubbard v. City of Concord, 35 N. H. 52; Maguire v. Railroad Co., 115 Mass. 239; Hawks v. Inhabitants of Charlemont, 110 Mass. 110; Blair v. Pelham, 118 Mass. 420. The case is parallel in principle with Hudson v. Railway Co., 59 Iowa, 581, 13 N. W. Rep. 735. In that case the plaintiff claimed damages for injuries occasioned to his horse resulting from defective planking at a railway crossing. The judgment of the lower court was reversed because a witness was permitted to testify that some time prior to the injury complained of a horse driven by him had got his foot between the plank and rail, at the same place where the plaintiff's horse was injured. We are aware of the fact that some contrariety exists in the decisions upon the point in question. In our opinion the rule above indicated is the one justified by the decisions of this court, and altogether the safer one upon principle. Patt. Ry. Acc. Law, 420. There is, in the present case, no open, visible connection between the evidentiary facts or independent occurrences out of which it is assumed certain presumptions arise, and the facts sought to be established by deduction from the evidentiary facts proved. This the law requires. The jury must not be left to decide the | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | "Does an object in the highway in violation of statute, make the owner liable for damages resulting from fright which may have occasioned to horses ?" | Highways -Memo 349-SB_60743.docx | ROSS-003318998-ROSS-003319000 | SA, Sub | 0.95 | 0 | 0 | 1 | 1 | |
| 3601 | In re Pub. Roads in E. Fallowfield&NewlinTps., 183 Pa. Super. 426 | 200+77(2) | The law does not favor the delay or extension of a cause by reason of technicalities, although the orderly processes of the law require substantial compliance with established procedures. By initially following proper procedure, the determination of a cause is usually expedited and difficulties are avoided. Whether the proposed vacation of two or more separate and distinct roads may be accomplished by one petition and in one proceeding does not appear to have been previously decided. However, the proper procedure is clear. The Act of June 13, 1836, P.L. 551, " 18, amended by the Act of May 21, 1943, P.L. 458, " 1, 36 P.S. " 1981,2 which sets forth generally the procedure for vacation of a public road by petition to the court, states: "The said courts shall proceed therein by views and reviews, in the manner provided for the laying out of public roads and highways." In Sadsbury Township Roads-Toland's Appeal, 147 Pa. 471, 473, 23 A. 772, it was held improper to join in one petition the request for appointment of viewers to lay out three separate and distinct roads. Our Supreme Court there said (at page 473 of 147 Pa., at page 772 of 23 A.): "There appears to be nothing in the provisions of our general road law to indicate that the legislature ever intended that the jurisdiction conferred on the court of quarter sessions, in relation to laying our roads, should be exercised in a kind of wholesale way, by joining together in one proceeding, before same viewers, two or more separate roads. On the contrary, it clearly appears to have been intended that the jurisdiction of the court should from time to time be evoked by a petition for a single road." Since proceedings for the vacation of the roads in question shall be by view in the same manner as provided for the laying out of public roads and highways, it follows that the principle enunciated in the Sadsbury case is applicable here. The rule, however, is not inflexible.It has been held proper to join in one petition the request for | It is proper to join in one petition the request for vacation of a public road, and the request for its relocation over a more satisfactory route, to join in one petition, the request for vacation of two roads which are physically connected and in essence but one road, and to petition for the laying out of a road and the vacation of a road which will thereby be made useless. | "Is it proper to join in one petition the request for the laying out of a road, and the vacation of a road which will thereby be made useless?" | 019303.docx | LEGALEASE-00153641-LEGALEASE-00153642 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 3602 | EBC I v. Goldman, Sachs & Co., 5 N.Y.3d 11 | 307A+679 | In the context of a motion to dismiss pursuant to CPLR 3211, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference (see Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858 [2002] ). Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss. Applying this standard, we conclude that plaintiff's allegations of breach of fiduciary duty survive Goldman Sachs' motion to dismiss. | In the context of a motion to dismiss, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference. McKinney's CPLR 3211. | "In procedural context of motion to dismiss for failure to state a cause of action, should a court afford the pleadings a liberal construction?" | 038007.docx | LEGALEASE-00152812-LEGALEASE-00152813 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3603 | Hartman v. Morganstern, 28 A.D.3d 423 | 307A+622 | In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the allegations in the complaint must be accepted as true (see Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). Such a motion should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action (see Cayuga Partners v. 150 Grand, 305 A.D.2d 527, 759 N.Y.S.2d 347). Indeed, the standard is not whether the plaintiff has stated a cause of action, but whether the plaintiff has a cause of action (id.). The court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v. Martinez, supra at 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511). | A motion to dismiss for failure to state a cause of action should be granted only where, even viewing the allegations as true, the plaintiff still cannot establish a cause of action. McKinney's CPLR 3211(a)(7). | "Should a motion to dismiss for the failure to state claim be granted where, even viewing the allegations as true, the plaintiff cannot establish a cause of action?" | 038045.docx | LEGALEASE-00153083-LEGALEASE-00153084 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 3604 | Oliver v. Pierce, 2012 IL App (4th) 110005 | 307A+687 | Dismissal of an action pursuant to section 2"615 is inappropriate where "the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." Vitro v. Mihelcic, 209 Ill.2d 76, 81, 282 Ill.Dec. 335, 806 N.E.2d 632, 634 (2004). In ruling on a section 2"615 motion to dismiss, "a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom." Id. The court must consider "all facts apparent from the face of the pleadings, including the exhibits attached thereto." Green v. Rogers, 234 Ill.2d 478, 491, 334 Ill.Dec. 624, 917 N.E.2d 450, 459 (2009). The court may also consider matters of which it can take judicial notice and judicial admissions in the record. Pooh"Bah Enterprises, Inc. v. County of Cook, 232 Ill.2d 463, 473, 328 Ill.Dec. 892, 905 N.E.2d 781, 789 (2009). | In ruling on a motion to dismiss for the failure to state a cause of action, a court must accept as true all well-pleaded facts in the complaint and all reasonable inferences therefrom, and it must consider all facts apparent from the face of the pleadings, including the exhibits attached thereto. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss for the failure to state a cause of action, should a court accept all well-pleaded facts in the complaint and all reasonable inferences therefrom as true?" | 038062.docx | LEGALEASE-00153117-LEGALEASE-00153118 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 3605 | McEnroy v. St. Meinrad Sch. of Theology, 713 N.E.2d 334 | 307A+680 | A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act. Tapia v. Heavner, 648 N.E.2d 1202, 1205 (Ind.Ct.App.1995). When confronted with a motion to dismiss based on a lack of subject matter jurisdiction, the trial court must decide upon the complaint, motion and any affidavits or other evidence submitted whether it possesses authority to further adjudicate the action. Common Council of City of Hammond v. Matonovich, 691 N.E.2d 1326, 1328 (Ind.Ct.App.1998), trans. denied. Unlike ruling on a motion for summary judgment, the trial court may weigh evidence and resolve factual disputes when ruling on a motion for subject matter jurisdiction. Tapia, 648 N.E.2d at 1205. Where, as here, the facts are not in dispute, we review the trial court's decision de novo. Matonovich, 691 N.E.2d at 1328. | Unlike ruling on motion for summary judgment, trial court may weigh evidence and resolve factual disputes when ruling on motion to dismiss for lack of subject matter jurisdiction. Trial Procedure Rule 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the court resolve factual disputes?" | 038158.docx | LEGALEASE-00153053-LEGALEASE-00153054 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3606 | U.S. Project Mgmt. v. Parc Royale E. Dev., 861 So. 2d 74 | 307A+679 | Whether a complaint should be dismissed is a question of law. "To rule on a motion to dismiss, a court's gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true." Alevizos v. John D. and Catherine T. MacArthur Found., 764 So.2d 8, 9 (Fla. 4th DCA 1999). The appropriate standard of review on appeal for a motion to dismiss is de novo. See K.W. Brown and Co. v. McCutchen, 819 So.2d 977 (Fla. 4th DCA 2002). Generally, defenses such as res judicata are not properly considered on a motion to dismiss. See, e.g., Barbado v. Green & Murphy, P.A., 758 So.2d 1173, 1174 (Fla. 4th DCA 2000)(citing United Servs. Auto. Ass'n v. Selz, 637 So.2d 320 (Fla. 4th DCA 1994)). There is, however, an exception to this general prohibition when the face of the complaint is itself sufficient to demonstrate the existence of the defense. See, e.g., Ramos v. Mast, 789 So.2d 1226, 1227 (Fla. 4th DCA 2001). | To rule on a motion to dismiss, a court's gaze is limited to the four corners of the complaint, including the attachments incorporated in it, and all well pleaded allegations are taken as true. | "To rule on a motion to dismiss, is a court's gaze limited to the four corners of the complaint, including the attachments incorporated in it?" | Pretrial Procedure - Memo # 9091 - C - PC_60770.docx | ROSS-003283326-ROSS-003283327 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 3607 | Duncan v. Sikorsky Support Servs., 736 So. 2d 613 | 307A+581 | Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff. Id. No wrongful motive or intent is necessary to show willful conduct. Id. | Although involuntary dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff; no wrongful motive or intent is necessary to show willful conduct. Rules Civ.Proc., Rule 41(b). | "Is dismissal warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff?" | 038387.docx | LEGALEASE-00152850-LEGALEASE-00152851 | SA, Sub | 0.08 | 0 | 0 | 1 | 1 | |
| 3608 | Busch v. Bates, 323 Ill. App. 3d 823 | 307A+679 | This court reviews de novo the circuit court's ruling on a section 2-619 motion for involuntary dismissal. Aboufariss v. City of De Kalb, 305 Ill.App.3d 1054, 1067, 239 Ill.Dec. 273, 713 N.E.2d 804, 814 (1999). A motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. A section 2-619 motion should be granted by the circuit court if, after construing the documents supporting the motion in the light most favorable to the opposing party, it finds no disputed issues of fact and concludes that the affirmative matter negates the cause of action completely. Waterford Executive Group, Ltd. v. Clark/Bardes, Inc., 261 Ill.App.3d 338, 343, 199 Ill.Dec. 207, 633 N.E.2d 1003, 1008 (1994). The existence of an absolute privilege is such an affirmative matter warranting the dismissal of a defamation action. Golden v. Mullen, 295 Ill.App.3d 865, 869, 230 Ill.Dec. 256, 693 N.E.2d 385, 389 (1997). A motion for involuntary dismissal should be granted by the circuit court if, after construing the documents supporting the motion in the light most favorable to the opposing party, it finds no disputed issues of fact and concludes that the affirmative matter negates the cause of action completely. | A motion for involuntary dismissal should be granted by the circuit court if, after construing the documents supporting the motion in the light most favorable to the opposing party, it finds no disputed issues of fact and concludes that the affirmative matter negates the cause of action completely. S.H.A. 735 ILCS 5/2-619. | Can a motion for involuntary dismissal be granted by the court? | 038425.docx | LEGALEASE-00153101-LEGALEASE-00153102 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3609 | Nelson v. Pearson Ford Co., 186 Cal. App. 4th 983 | 172H+93 | The California Legislature enacted the ASFA in 1961 with an operative date of January 1, 1962 to increase protection for the unsophisticated motor vehicle consumer and provide additional incentives to dealers to comply with the law. (Stats. 1961, ch. 1626, pp. 3534"3541; Cerra v. Blackstone (1985) 172 Cal.App.3d 604, 608, 218 Cal.Rptr. 15.) The ASFA serves to protect motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. (Stasher v. Harger"Haldeman (1962) 58 Cal.2d 23, 29, 22 Cal.Rptr. 657, 372 P.2d 649 (Stasher )). Under the ASFA, every conditional sale contract must contain "in a single document all of the agreements of the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle, including any promissory notes or any other evidences of indebtedness." (" 2981.9, the single document rule.) Conditional sale contracts must also contain all disclosures and notices required under section 2982, in addition to the disclosures required by Regulation Z. (" 2982.) | Car dealership violated single document rule, which required that a single document contain all of the agreements of the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle, by having a separate document called the "Due Bill" which acknowledged insurance purchase and lumped insurance premium into cash price of car; act of adding the insurance premium to the cash price of the car unquestionably impacted the total cost of the car because it increased the sales tax and financing charges. West's Ann.Cal.Civ.Code S 2981.9. | Does Automobile Sales Finance Act (ASFA) require that all of the agreements of the buyer and seller with respect to the total cost of the motor vehicle be contained in a single document? | Consumer Credit -Memo 164 -DB_61200.docx | ROSS-003291828-ROSS-003291829 | Condensed, SA, Sub | 0.47 | 0 | 1 | 1 | 1 | 1 |
| 3610 | Adams v. City of New York, 226 F. Supp. 3d 261 | 129+103 | The offense of disorderly conduct has three elements: "(i) the defendant's conduct must be "public" in nature, (ii) it must be done with "intent to cause public inconvenience, annoyance or alarm" or with recklessness as to "a risk thereof," and (iii) it must match at least one of the descriptions set forth in the statute." Provost v. City of Newburgh, 262 F.3d 146, 157 (2d Cir. 2001). "[E]vidence of actual or threatened public harm ("inconvenience, annoyance or alarm") is a necessary element of a valid disorderly conduct charge." | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | What are the elements of disorderly conduct offense? | 014361.docx | LEGALEASE-00153901-LEGALEASE-00153902 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 3611 | Supervisors of Washington Cty. v. Saltville Land Co., 99 Va. 640 | 200+121 | It seems to be well settled that the general assembly, in the absence of constitutional restrictions, may impose upon a taxing district, such as a town, the duty of keeping in repair the streets and roads within, and relieve it from taxation for roads without, its limits. | In the absence of constitutional restrictions, the Legislature may impose upon a taxing district, such as a town, the duty of keeping in repair the streets and roads within, and relieve it from taxation for roads without, its limits. The Legislature judges finally and conclusively upon this question. Section 2 of Article VII of the Constitution of this State does not restrain the Legislature in this respect, and it may exempt lands lying within a town from the payment of a county road tax. | "Can the Legislature impose upon a taxing district, the duty of keeping in repair the streets and roads?" | Highways -Memo 411-DB.docx | LEGALEASE-00043905-LEGALEASE-00043906 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |
| 3612 | Smith v. Gregg, 946 S.W.2d 807 | 307A+680 | In determining if a petition states a cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true. Murphy v. A.A. Mathews, 841 S.W.2d 671, 672 (Mo. banc 1992). If facts essential to recovery are not pleaded, the dismissal will be affirmed. Bradley v. Ray, 904 S.W.2d 302, 314 (Mo.App.1995). | In determining if petition states cause of action, all facts that are properly pleaded and all reasonable inferences that may be drawn therefrom are taken as true. | "In determining if petition states cause of action, are all facts that are properly pleaded and all reasonable inferences that can be drawn therefrom taken as true?" | Pretrial Procedure - Memo # 9287 - C - SB_61043.docx | ROSS-003292603-ROSS-003292604 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3613 | Hendricks v. Curators of Univ. of Missouri, 308 S.W.3d 740 | 307A+681 | In particular, they point to their allegation "[t]hat at all times herein pertinent the Defendants, and each of them, were either not entitled to or waived the application of sovereign immunity in that each of them was covered by the University of Missouri Medical Professional and Patient General Liability Plan." However, although we treat all of the factual allegations in a petition as true, and liberally grant to plaintiffs all reasonable inferences therefrom, "[c]onclusory allegations of fact and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted." | On motion to dismiss, conclusory allegations of fact and legal conclusions are not considered in determining whether a petition states a claim upon which relief can be granted. | "On motion to dismiss, are conclusory allegations of fact and legal conclusions not considered in determining whether a petition states a claim upon which relief can be granted?" | Pretrial Procedure - Memo # 9400 - C - KS_60935.docx | ROSS-003294412-ROSS-003294413 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3614 | Goettman v. N. Fork Valley Rest., 176 P.3d 60 | 307A+681 | Our recent decision in Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187 (Colo.2005), articulates the principles that govern the type of jurisdictional challenge that presents itself here. Id. at 1191"95. In its discretion, a court may address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing. Id. at 1192. Whenmaking this determination, a court should consider whether, in the circumstances of the case, "it is unfair to force an out-of-state defendant to incur the expense and burden of a trial on the merits in the local forum without first requiring" an evidentiary hearing on the issue of personal jurisdiction. Id. at 1193 (internal quotation omitted). A court may properly invoke an evidentiary hearing when, for example, "the proffered evidence is conflicting and the record is rife with contradictions, or when a plaintiff's affidavits are patently incredible." Id. | In its discretion, a court may address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing. West's C.R.S.A. S 13-1-124. | "In its discretion, can a court address a motion to dismiss for lack of personal jurisdiction on documentary evidence alone or by holding an evidentiary hearing?" | 038736.docx | LEGALEASE-00154342-LEGALEASE-00154343 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3615 | Metro. Transit Auth. v. Kaneva, 351 So. 2d 748 | 307A+581 | A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes and abuse of discretion and this burden must be borne by the losing party. Eli Einbinder, Inc. v. Miami Crystal Ice Co., 317 So.2d 126, 128 (Fla.3d DCA 1975). | A ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on ground that it constitutes abuse of discretion and this burden must be borne by losing party. 30 West's F.S.A. Rules of Civil Procedure, rule 1.420(e). | Is a ruling on a motion for order of dismissal for failure to prosecute subject to attack only on ground that it constitutes abuse of discretion? | Pretrial Procedure - Memo # 9514 - C - NC_61105.docx | ROSS-003283692 | SA, Sub | 0.14 | 0 | 0 | 1 | 1 | |
| 3616 | William Penn Life Ins. Co. of New York v. Viscuso, 663 F. Supp. 2d 353 | 156+55 | The purpose of equitable estoppel is to prevent unconscionable injury. American Bartenders School, Inc. v. 105 Madison Company, 59 N.Y.2d 716, 718, 463 N.Y.S.2d 424, 450 N.E.2d 230 (1983). The doctrine is properly invoked "where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." Veltri v. Building Service 32B"J Pension Fund, 393 F.3d 318, 326 (2d Cir.2004). | Doctrine of equitable estoppel is properly invoked under New York law, where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. | Is equitable estoppel proverly invoked where enforcement of the rights of one party would work an injustice upon the other party? | 017732.docx | LEGALEASE-00155528-LEGALEASE-00155529 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 3617 | Layton v. Cook, 248 Miss. 690 | 48A+218 | In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, "and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal." The operator of a motor vehicle owes to pedestrians walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them. Hence a motorist is guilty of negligence where he strikes a pedestrian walking along the highway, where in the exercise of reasonable care he should have but did not see him and could have avoided the accident. 7 Am.Jur.2d, Automobiles and Highway Traffic, " 400. | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | Does a pedestrian have the right to travel on any portion of public highway at any time of the day? | Highways- Memo 416-ANM_61957.docx | ROSS-003293575 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3618 | Altman v. PNC Mortg., 850 F. Supp. 2d 1057 | 302+32 | "As to the contract, where a written instrument is the foundation of a cause of action, it may be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference." Byrne v. Harvey, 211 Cal.App.2d 92, 103, 27 Cal.Rptr. 110 (1962); Holly Sugar Corp. v. Johnson, 18 Cal.2d 218, 225, 115 P.2d 8 (1941). "Where a party relies in his complaint upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in h"c verba, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." Gilmore v. Lycoming Fire Ins. Co., 55 Cal. 123, 124, 1880 WL 1814 (1880). | Under California law, where a written instrument is the foundation of a cause of action, it may be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference. | "Where a written instrument is the foundation of a cause of action, can it be pleaded in haec verba by attaching a copy as an exhibit and incorporating it by proper reference?" | 023753.docx | LEGALEASE-00154960- LEGALEASE-00154961 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3619 | Houston v. Pollard, 217 Ga. 184 | 302+34(4) | "Essential allegations will be neither implied nor presumed, but must be distinctly averred; otherwise, the petition is defective." Ewing v. Paulk, 208 Ga. 722, 69 S.E.2d 268. "Upon demurrer, pleadings are to be construed most strongly against the pleader, and in the light of their omissions as well as their averments; and if an inference unfavorable to the right of a party claiming a right under such pleadings may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties. Krueger v. MacDougald, 148 Ga. 429(1), 96 S.E. 867; Hulsey v. Interstate Life &c. Insurance Co., 207 Ga. 167, 169, 60 S.E.2d 353." Chalverus v. Wilson Manufacturing Co., 212 Ga. 612, 94 S.E.2d 736, 737. It can only be presumed that the petitioner placed her case in the light most favorable to her position, and that she did not allege any consideration for the execution of the will because, in fact, there was no such consideration. | Upon demurrer, pleadings are to be construed most strongly against the pleader, and in light of their omissions as well as their averments, and if an inference unfavorable to right of a party claiming a right under such pleadings may be fairly drawn from facts stated therein, such inference will prevail in determining rights of the parties. | Should pleadings be construed in the light of their omissions as well as their averments? | 023779.docx | LEGALEASE-00155464- LEGALEASE-00155465 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 3620 | Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Finally, dismissal of the cause of action for failure to prosecute should be granted when, after considering all the facts and circumstances of the particular case, the plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. Opp, 458 N.W.2d at 356; Holmoe, 403 N.W.2d at 31-32; Duncan, 382 N.W.2d at 427; Bradbury, 129 N.W.2d at 542. | Dismissal of cause of action for failure to prosecute should be granted when, after considering all facts and circumstances of particular case, plaintiff can be charged with lack of due diligence in failing to proceed with reasonable promptitude. | Can plaintiff be charged with lack of due diligence for failing to proceed with reasonable promptitude? | 039018.docx | LEGALEASE-00155004- LEGALEASE-00155005 | SA, Sub | 0.35 | 0 | 0 | 1 | 1 | |
| 3621 | Bus. Servs. of Am. II v. WaferTech LLC, 159 Wash. App. 591 | 307A+591 | The rule .. limits the power of the trial court to dismiss for failure to prosecute after the issue is joined and the case noted for trial. And because the language is mandatory, " "[i]t follows that in ruling on a motion to dismiss pursuant to CR 41, the trial court may not generally consider the merits of the case nor the hardship which application of the rule may bring." " Foss Mar. Co. v. City of Seattle, 107 Wash.App. 669, 675, 27 P.3d 1228 (2001) (alteration in original) (quoting Thorp Meats, 110 Wash.2d at 167, 750 P.2d 1251); Gott v. Woody, 11 Wash.App. 504, 507, 524 P.2d 452 (1974) (CR 41(b)(1) operates as a limitation on the otherwise discretionary authority of trial courts to dismiss actions for want of prosecution). The final sentence in CR 41(b)(1) " "was promulgated to encourage cases to be heard on the merits, the courts recognizing that involuntary dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy." " Foss Mar., 107 Wash.App. at 675, 27 P.3d 1228 (internal quotation marks omitted) (quoting Thorp Meats, 110 Wash.2d at 168, 750 P.2d 1251). | Rule providing that a trial court cannot dismiss an action if it is noted for trial prior to a hearing on a motion for dismissal for want of prosecution was promulgated to encourage cases to be heard on the merits, the courts recognizing that involuntary dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy. CR 41(b)(1). | Should every reasonable opportunity be afforded the parties to allow them to reach the merits of the controversy? | Pretrial Procedure - Memo # 9630 - C - SHB_61383.docx | ROSS-003283355 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 3622 | Rizzo v. Pittsburgh Rys. Co., 226 Pa. Super. 566 | 307A+584 | The lower court may grant a non pros. when it appears that the plaintiff has failed to prosecute his action within a reasonable time, there is no reasonable excuse for the delay, and the delay has been prejudicial to the defendant.James Bros. Co. v. Union Banking & Trust Co., 432 Pa. 129, 247 A.2d 587 (1968). Such a decision is within the sound discretion of the lower court and will not be reversed on appeal absent proof of a manifest abuse thereof. Id.; Gallagher v. Jewish Hosp. Ass'n, 425 Pa. 112, 228 A.2d 732 (1967); Poluka v. Cole, 222 Pa.Super. 500, 295 A.2d 132 (1972). If the delay in prosecuting the suit is as long or longer than the statute of limitations for the commencement of the action, a non pros. may generally be entered. 5 Standard Pennsylvania Practice 108-109 (1958). | The court may grant non pros. when it appears that plaintiff failed to prosecute his action within a reasonable time, there is no reasonable excuse for the delay, and the delay has been prejudicial to the defendant. | Do courts grant non pros when it appears that the plaintiff has failed to prosecute his action within a reasonable time? | 039157.docx | LEGALEASE-00155318- LEGALEASE-00155319 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3623 | Extendicare v. Estate of McGillen, 957 So. 2d 58 | 307A+685 | The parties agree that McGillen's second amended complaint alleged jurisdictional facts to support long-arm jurisdiction under section 48.193, Florida Statutes (2004). Therefore, McGillen met the first prong of the Venetian Salami inquiry. Once the plaintiff alleges jurisdictional facts to support long-arm jurisdiction, the burden shifts to the defendant to file a legally sufficient affidavit or other sworn proof that contests the essential jurisdictional facts in the complaint. Venetian Salami, 554 So.2d at 502; Hilltopper, 955 So.2d at 601. "To be legally sufficient, the defendant's affidavit must contain factual allegations which, if taken as true, show that the defendant's conduct does not subject him to jurisdiction." Hilltopper, 955 So.2d at 601 (emphasis in original). If the affidavit fully disputes the plaintiff's jurisdictional allegations, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists. Venetian Salami, 554 So.2d at 502; Hilltopper, 955 So.2d at 602. If the plaintiff's sworn proof fails to refute the allegations in the defendant's affidavit and fails to prove jurisdiction, the court must grant the motion to dismiss. Venetian Salami, 554 So.2d at 502; Hilltopper, 955 So.2d at 602. | In attempting to prove that a basis for long-arm jurisdiction exists over a foreign defendant, if the plaintiff's sworn proof fails to refute the allegations in the defendant's affidavit contesting jurisdictional allegations, and fails to prove personal jurisdiction, the court must grant the defendant's motion to dismiss. | "If the plaintiff's sworn proof fails to refute the allegations in the defendant's affidavit contesting jurisdictional allegations, should the court grant the defendant's motion to dismiss?" | Pretrial Procedure - Memo # 9931 - C - BP_61482.docx | ROSS-003307415-ROSS-003307416 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3624 | C.M.F. v. R.G.F., 418 N.J. Super. 396 | 3.77E+23 | In State v. Hoffman, 149 N.J. 564, 695 A.2d 236 (1997), our Supreme Court addressed the question whether the act of mailing a torn-up support order on two occasions by one former spouse to the other constituted a violation of the harassment statute, N.J.S.A. 2C:33"4(a). The Court stated that the following elements were required to establish such a violation: (1) defendant made or caused to be made a communication; (2) defendant's purpose in making or causing the communication to be made was to harass another person; and (3) the communication was in one of the specified manners or any other manner similarly likely to cause annoyance or alarm to its intended recipient.[149 N.J. at 576, 695 A.2d 236] | The following elements are required to establish a violation of harassment statute: (1) defendant made or caused to be made a communication; (2) defendant's purpose in making or causing the communication to be made was to harass another person; and (3) the communication was in one of the specified manners or any other manner similarly likely to cause annoyance or alarm to its intended recipient. N.J.S.A. 2C:33-4(a). | What elements are required to establish a violation of the harassment statute? | 046777.docx | LEGALEASE-00155178-LEGALEASE-00155179 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 3625 | Doppler v. Doppler, 393 Pa. Super. 600 | 156+52(1) | Mr. Doppler should be equitably estopped from pursuing the 1984 partition action. The doctrine of equitable estoppel protects the reasonable expectations of one who relies on another's course of conduct; it prevents a party from taking a position that is inconsistent with a position previously taken which is disadvantageous to the other. E.g Curran v. Eberharter, 361 Pa.Super. 65, 521 A.2d 474 (1987). In this case, Mr. Doppler should be prevented from pursuing a later action in partition when he failed to perform his obligations under the 1964 partition agreement and permitted Mrs. Doppler to maintain the property as if she were the sole owner. Since the order of the trial court permits Mr. Doppler to benefit from his failure to perform under the 1964 partition agreement, it must be reversed. | Doctrine of "equitable estoppel" protects reasonable expectations of one who relies on another's course of conduct; it prevents party from taking position that is inconsistent with position previously taken which is disadvantageous to the other. | Does equitable estoppel protect the reasonable expectations of one who relies on another's course of conduct? | Estoppel - Memo #134 - C - CSS_62033.docx | ROSS-003293113-ROSS-003293114 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3626 | MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, 884 F. Supp. 2d 1269 | 156+52(1) | The doctrine of equitable estoppel "is grounded on a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result." DeShong v. Seaboard Coast Line R.R. Co., 737 F.2d 1520, 1522 (11th Cir.1984). The doctrine protects a party who has relied in good faith upon the representation of another, when the party has changed his or her position for the worse based on this reliance. Marine Transp. Servs. Sea"Barge Grp., Inc. v. Python High Perform. Marine Corp., 16 F.3d 1133, 1138"39 (11th Cir.1994). Under this doctrine, the party making the representation is estopped, or prevented, from taking a position contrary to its initial representation that is detrimental to a party who reasonably relied on the initial representation. Id. Equitable estoppel "requires (1) a representation of fact by one party contrary to a later asserted position; (2) good faith reliance by another party upon the representation; and (3) a detrimental change in position by the later party due to the reliance." Id. at 1139. | The doctrine of equitable estoppel is grounded on a notion of fair dealing and good conscience, and it is designed to aid the law in the administration of justice where without its aid injustice might result. | Is equitable estoppel designed to aid the law in the administration of justice where without its aid an injustice might result? | 017797.docx | LEGALEASE-00156270-LEGALEASE-00156271 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 3627 | Xia-Ping Wang v. Diamond Hill Realty, 116 A.D.3d 767 | 307A+685 | Affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211(a)(7) unless they "establish conclusively that plaintiff has no cause of action" (Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 636, 389 N.Y.S.2d 314, 357 N.E.2d 970; see Lawrence v. Graubard Miller, 11 N.Y.3d 588, 595, 873 N.Y.S.2d 517, 901 N.E.2d 1268; Rozell v. Milby, 98 A.D.3d 960, 961, 951 N.Y.S.2d 74). | Affidavits submitted by defendant will almost never warrant dismissal for failure to state cause of action unless they establish conclusively that plaintiff has no cause of action. McKinney's CPLR 3211(a)(7). | Will affidavits submitted by a defendant never warrant dismissal for failure to state cause of action unless they establish conclusively that a plaintiff has no cause of action? | 024484.docx | LEGALEASE-00156004-LEGALEASE-00156005 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 3628 | Manning v. Wilkinson, 264 S.W.3d 620 | 307A+690 | Thus, although Toler speaks in terms of dismissals under both civil rules, the principles and rationale espoused in the opinion clearly apply to dismissals with prejudice. CR 41.02. Certainly, we would agree that the involuntary dismissal of a case with prejudice "should be resorted to only in the most extreme cases" and a reviewing court must "carefully scrutinize the trial court's exercise of discretion in doing so." Polk v. Wimsatt, 689 S.W.2d 363, 364"65 (Ky.App.1985) (Citations omitted). As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, the trial is obligated to consider all relevant factors and lesser sanctions. Ward, supra. | As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, the trial court is obligated to consider all relevant factors and lesser sanctions. Rules Civ.Proc., Rule 41.02. | "As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, is the trial court obligated to consider all relevant factors and lesser sanctions?" | Pretrial Procedure - Memo # 10346 - C - TJ_62075.docx | ROSS-003307054-ROSS-003307055 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3629 | Tolliver ex rel. Wrongful Death Beneficiaries of Green v. Mladineo, 987 So. 2d 989 | 307A+690 | A trial court's order of "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990). We review a trial court's dismissal pursuant to Rule 41(b) for failure to prosecute for abuse of discretion. AT&T, 720 So.2d at 180( 12); Miss. Dep't of Human Servs. v. Guidry, 830 So.2d 628, 632( 13) (Miss.2002). | A trial court's order of dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases. | Is a trial court's order of dismissal with prejudice an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim? | Pretrial Procedure - Memo # 10348 - C - TJ_62076.docx | ROSS-003296827 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |
| 3630 | Schreiner v. Karson, 52 Ohio App. 2d 219 | 307A+690 | The trial judge's lack of patience is understandable. A dismissal with prejudice, however, is an extremely harsh sanction. It affects not only the suit dismissed but, because it acts as a decision on the merits, also controls questions of fact in other related cases. The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order. Dyotherm Corp. v. Turbo Machine Co., supra; Flaska v. Little River Marine Constr. Co. (C.A. 5, 1968), 389 F.2d 885, certiorari denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387; cf. McDonald v. Haught (1967), 10 Ohio St.2d 43, 46, 225 N.E.2d 235; Brown v. Best (1974), 44 Ohio App.2d 82, 84, 335 N.E.2d 734. Lesser sanctions than a dismissal with prejudice should be applied when possible. Flaska, supra; Dyotherm, supra. | A dismissal with prejudice is an extremely harsh sanction which affects not only suit dismissed but, because it acts as decision on the merits, also controls questions of fact in other related cases. | Is a dismissal with prejudice an extremely harsh sanction affecting not only the suit dismissed but also controls questions of fact in other related cases? | Pretrial Procedure - Memo # 10526 - C - NS_62426.docx | ROSS-003279764-ROSS-003279765 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3631 | Ford Motor Credit Co. v. Milhollin, 444 U.S. 555 | 15A+2269 | It is a commonplace that courts will further legislative goals by filling the interstitial silences within a statute or a regulation. Because legislators cannot foresee all eventualities, judges must decide unanticipated cases by extrapolating from related statutes or administrative provisions. But legislative silence is not always the result of a lack of prescience; it may instead betoken permission or, perhaps, considered abstention from regulation. In that event, judges are not accredited to supersede Congress or the appropriate agency by embellishing upon the regulatory scheme. Accordingly, caution must temper judicial creativity in the face of legislative or regulatory silence.At the very least, that caution requires attentiveness to the views of the administrative entity appointed to apply and enforce a statute. And deference is especially appropriate in the process of interpreting the Truth in Lending Act and Regulation Z. Unless demonstrably irrational, Federal Reserve Board staff opinions construing the Act or Regulation should be dispositive for several reasons. | Deference to views of administrative agency is especially appropriate in process of interpreting Truth in Lending Act and Regulation Z, and, unless demonstrably irrational, Federal Reserve Board staff opinions construing Act or Regulation should be dispositive. Truth in Lending Act, S 102 et seq. as amended 15 U.S.C.A. S 1601 et seq.; Truth in Lending Regulations, Regulation Z, S 226.1 et seq., 15 U.S.C.A. following section 1700. | Is deference appropriate in the process of interpreting the Truth in Lending Act and Regulation Z? | Consumer Credit-Memo 27- AM_62560.docx | ROSS-003282501-ROSS-003282502 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3632 | Wolf v. Bueser, 279 Ill. App. 3d 217 | 307A+685 | Section 2-619(a)(5) of the Code of Civil Procedure authorizes a defendant to file a motion for dismissal on the ground that the action was not commenced within the time limited by law. (735 ILCS 5/2-619(a)(5) (West 1992).) If the grounds do not appear on the face of the pleading attacked, the motion shall be supported by affidavit. (735 ILCS 5/2-619(a)(5) (West 1992)).) Parties may file not only affidavits but deposition transcripts. In re Estate of Silverman (1993), 257 Ill.App.3d 162, 172, 195 Ill.Dec. 299, 628 N.E.2d 763. | If grounds for motion for dismissal do not appear on face of pleading attacked, parties may file affidavits and deposition transcripts in support of motion. S.H.A. 735 ILCS 5/2-619(a)(5). | "If grounds for a motion for dismissal do not appear on the face of pleading attacked, can parties file affidavits and deposition transcripts in support of motion?" | 024853.docx | LEGALEASE-00156741-LEGALEASE-00156742 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 3633 | Beasley v. Beasley, 260 Ga. 419 | 307A+685 | The trial court considering a motion to dismiss for lack of jurisdiction has discretion to hear oral testimony or to decide the motion on the basis of affidavits and documentary evidence alone pursuant to OCGA " 9"11"43(b). McPherson v. McPherson, 238 Ga. 271, 232 S.E.2d 552 (1977). If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of plaintiff. See, generally, C. Wright and A. Miller, 5 Federal Practice and Procedure " 1351 (West 1969, 1989 Supp.). | If motion to dismiss for lack of personal jurisdiction is decided on basis of written submissions alone, disputes of fact found in affidavits are resolved in favor of plaintiff. | "Where a court decides motions to dismiss for lack of personal jurisdiction on a basis of affidavits and documentary evidence, are disputes of fact contained in affidavits resolved in favor of a plaintiff?" | 024879.docx | LEGALEASE-00156951-LEGALEASE-00156952 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3634 | Pechan v. DynaPro, 251 Ill. App. 3d 1072 | 307A+685 | Under section 2"619, a complaint may be dismissed when it is barred by an affirmative matter that defeats the claim. (735 ILCS 5/2"619(a)(9) (West 1992).) "The affirmative matter must be more than evidence offered to refute a well-pleaded fact." (Chicago Title & Trust Co. v. Weiss (1992), 238 Ill.App.3d 921, 925, 179 Ill.Dec. 78, 605 N.E.2d 1092.) The motion should be supported by an affidavit if the grounds for dismissal do not appear on the face of the pleading. ( Magnuson v. Schaider (1989), 183 Ill.App.3d 344, 352, 131 Ill.Dec. 753, 538 N.E.2d 1309.) "Such a motion admits all well-pleaded facts alleged in the complaint and reasonable inferences to be drawn from those facts." Chicago Title & Trust Co., 238 Ill.App.3d at 924, 179 Ill.Dec. 78, 605 N.E.2d 1092. | Motion to dismiss, under section providing that complaint barred by affirmative matter that defeats claim may be dismissed, should be supported by affidavit if grounds for dismissal do not appear on face of pleading. S.H.A. 735 ILCS 5/2-619(a)(9). | "Under a section providing that a complaint barred by affirmative matter that defeats claim can be dismissed, should it be supported by affidavit?" | Pretrial Procedure - Memo # 10442 - C - TM_62590.docx | ROSS-003293971-ROSS-003293972 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 3635 | Caulfield v. Packer Grp., 2016 IL App (1st) 151558 | 30+3212 | Plaintiffs contend that the dismissal should not have been with prejudice and that they should have been given an opportunity to amend their second amended complaint against the outside directors. The decision whether to dismiss an action with or without prejudice rests within the sound discretion of the court and will not be disturbed absent an abuse of discretion. Swanson v. Board of Police Commissioners, 197 Ill.App.3d 592, 609, 144 Ill.Dec. 138, 555 N.E.2d 35 (1990). | The decision of whether to dismiss an action with or without prejudice rests within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. | Does the decision of whether to dismiss an action with or without prejudice rest within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion? | 024918.docx | LEGALEASE-00157359-LEGALEASE-00157360 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 3636 | Dykes v. Sukup Mfg. Co., 781 N.W.2d 578 | 307A+694 | A dismissal with prejudice and on the merits executed by both parties is "a final determination and is equivalent to an adjudication on the merits" regarding the claims asserted or which could have been asserted by the parties to that lawsuit, subject to certain exceptions not applicable in this case. Butkovich v. O'Leary, 303 Minn. 535, 536, 225 N.W.2d 847, 848 (1975). Thus, a stipulation of dismissal and the resulting judgment operates as a bar to a subsequent lawsuit by either party to the original lawsuit, which asserts claims raised or which could have been raised in the original lawsuit. | A dismissal with prejudice and on the merits executed by both parties is a final determination and is equivalent to an adjudication on the merits regarding the claims asserted or which could have been asserted by the parties to that lawsuit, subject to certain exceptions. | Is a dismissal with prejudice and on the merits executed by both parties a final determination and is equivalent to an adjudication on the merits regarding the claims asserted? | 024979.docx | LEGALEASE-00157429-LEGALEASE-00157430 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3637 | Hagemann v. Illinois Workers' Comp. Comm'n, 399 Ill. App. 3d 197 | 307A+690 | In the instant case, Sherman seeks de novo review by asserting a question of construction regarding the following language from Rule 103(b): "If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice Ill. S.Ct. R. 103(b) (eff. July 4, 2007). To whatever extent this language needs construction, we conclude that it is plain and unambiguous. An action "shall" be dismissed "with prejudice" if the plaintiff fails "to exercise reasonable diligence to obtain service on a defendant" after the statute of limitations expires. One cannot make this determination, however, without first addressing the question of reasonable diligence; and we review the circuit court's finding on reasonable diligence for abuse of discretion. | An action shall be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires. Sup.Ct.Rules, Rule 103(b). | Should an action be dismissed with prejudice if the plaintiff fails to exercise reasonable diligence to obtain service on a defendant after the statute of limitations expires? | 024987.docx | LEGALEASE-00157514-LEGALEASE-00157515 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3638 | Mitz v. Texas State Bd. of Veterinary Med. Examiners, 278 S.W.3d 17 | 15A+2151 | In cases where an agency has exclusive jurisdiction, the trial court must dismiss the claims without prejudice until the party has exhausted all administrative remedies. | In cases where an agency has exclusive jurisdiction, trial court must dismiss claims without prejudice until the party has exhausted all administrative remedies. | "In cases where an agency has exclusive jurisdiction, should a trial court dismiss claims without prejudice until the party has exhausted all administrative remedies?" | Pretrial Procedure - Memo # 10507 - C - SB_63376.docx | ROSS-003296815-ROSS-003296816 | SA, Sub | 0.05 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3639 | Vill. of S. Elgin v. Waste Mgmt. of Illinois, 348 Ill. App. 3d 929 | 307A+690 | The purpose of a section 2"615 motion is to point out defects in pleadings and allow the plaintiff an opportunity to amend and present a valid complaint. Roy v. Coyne, 259 Ill.App.3d 269, 274, 196 Ill.Dec. 859, 630 N.E.2d 1024 (1994). Therefore, though the granting of a motion to amend lies within the sound discretion of the trial court, the usual course is to grant a plaintiff liberal leave to amend. Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, the dismissal should not be with prejudice. Hensler v. Busey Bank, 231 Ill.App.3d 920, 924, 173 Ill.Dec. 390, 596 N.E.2d 1269 (1992). | Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, the grant of a motion to dismiss for failure to state a claim should not be with prejudice. S.H.A. 735 ILCS 5/2-615. | "Unless it clearly appears that no set of facts exist that would entitle the plaintiff to relief, should the grant of a motion to dismiss for failure to state a claim not be with prejudice?" | Pretrial Procedure - Memo # 10538 - C - SN_62438.docx | ROSS-003295247-ROSS-003295248 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 3640 | Hughes v. Massey, 65 S.W.3d 743 | 307A+694 | Point of error two contends the trial court improperly dismissed the suit with prejudice. A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. Lentworth v. Trahan, 981 S.W.2d 720, 722"23 (Tex.App."Houston [1st Dist.] 1998, no pet.). The proper remedy is to modify the judgment by deleting the words "with prejudice" and by substituting the words "without prejudice." Tex.R.App. P. 43; Hickman v. Adams, 35 S.W.3d 120, 124"25 (Tex.App."Houston [14th Dist.] 2000, no pet.). Point of error two is sustained. | Dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; accordingly, it is error to dismiss the suit with prejudice if the inmate was not first provided with an opportunity to amend his pleadings. V.T.C.A., Civil Practice & Remedies Code S 14.003. | Is a dismissal for failure to comply with the rules governing the filing of in forma pauperis suits not a ruling on the merits? | Pretrial Procedure - Memo # 10566 - C - AC_62603.docx | ROSS-003281222-ROSS-003281223 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 3641 | Thacker v. Bartlett, 785 N.E.2d 621 | 307A+690 | Browning v. Walters, 616 N.E.2d 1040, 1044 n. 2 (Ind.Ct.App.1993), modified on reh'g on other grounds, 620 N.E.2d 28. A plaintiff is entitled either to amend his complaint pursuant to Trial Rule 12(B)(6) and Trial Rule 15(A), or to elect to stand upon his complaint and to appeal from the order of dismissal. Id. at 1044. Therefore, a Trial Rule 12(B)(6) dismissal is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. Platt v. State, 664 N.E.2d 357, 361 (Ind.Ct.App.1996), trans. denied. Such a dismissal also does not usually operate as an adjudication on the merits and is not res judicata. See Browning, 616 N.E.2d at 1044; see also Kokomo Med. Arts Bldg. P'ship v. William Hutchens & Assocs., 566 N.E.2d 1093, 1095 (Ind.Ct.App.1991). A Trial Rule 12(B)(6) dismissal becomes an adjudication on the merits only after the complaining party opts to appeal the order instead of filing an amended complaint. | A dismissal for failure to state a claim is without prejudice, since the complaining party remains able to file an amended complaint within the parameters of the rule. Trial Procedure Rule 12(B)(6). | "Is a dismissal for failure to state a claim without prejudice, since the complaining party remains able to file an amended complaint?" | 025126.docx | LEGALEASE-00156961-LEGALEASE-00156962 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3642 | Lambert v. Javed, 273 Va. 307 | 307A+693.1 | "[A]s a general proposition a judgment of dismissal which expressly provides that it is "with prejudice" operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." Virginia Concrete Co. v. Board of Supervisors, 197 Va. 821, 825, 91 S.E.2d 415, 418 (1956) (citing E.H. Schopflocher, Annotation, Provision that Judgment is "Without Prejudice" or "With Prejudice" as Affecting its Operation as Res Judicata, 149 A.L.R. 553"63 (1944)). A dismissal with prejudice extinguishes the viability of the plaintiff's claim against the dismissed party, even though the dismissal may not be based on an adjudication of the merits of the cause of action. Hughes v. Doe, 273 Va. 45, 639 S.E.2d 302, 304 (2007); Gilbreath v. Brewster, 250 Va. 436, 440, 463 S.E.2d 836, 837 (1995). | A dismissal with prejudice extinguishes the viability of the plaintiff's claim against the dismissed party, even though the dismissal may not be based on an adjudication of the merits of the cause of action. Per Lacy, J., with two judges concurring and two judges concurring separately. | "Does a dismissal with prejudice extinguish the viability of the plaintiff's claim against the dismissed party, even though the dismissal cannot be based on an adjudication of the merits of the cause of action?" | 025150.docx | LEGALEASE-00157149-LEGALEASE-00157150 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 3643 | Ohio Med. Prof'l Liab. Underwriting Ass'n v. Physicians Ins. Co. of Ohio, 27 Ohio App. 3d 23 | 307A+693.1 | The Behles' voluntary dismissal of Ob-Gyn with prejudice as a defendant in their malpractice suit is equivalent, in its finality, to a failure on the merits. Voluntary dismissal with prejudice of claims against a party defendant concludes rights which plaintiff asserted or could have asserted arising out of the transaction, and bars future litigation on those rights. Horne v. Woolever (1959), 170 Ohio St. 178, 163 N.E.2d 378 [10 O.O.2d 114]. | Voluntary dismissal with prejudice of claims against party defendant concludes rights which plaintiff asserted or could have asserted arising out of transaction, and bars future litigation on those rights. | Does voluntary dismissal with prejudice of claims against a party defendant conclude rights which a plaintiff asserted or could have asserted arising out of a transaction? | Pretrial Procedure - Memo # 10638 - C - SJ_63247.docx | ROSS-003305685 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 3644 | May v. McNally, 203 Ariz. 425 | 371+2002 | Whether an assessment should be categorized as a tax or a fee generally is determined by examining three factors: "(1) the entity that imposes the assessment; (2) the parties upon whom the assessment is imposed; and (3) whether the assessment is expended for general public purposes, or used for the regulation or benefit of the parties upon whom the assessment is imposed." Bidart Bros. v. Cal. Apple Comm'n, 73 F.3d 925, 931 (9th Cir.1996) (citing San Juan Cellular Tel. Co. v. Pub. Serv. Comm'n of Puerto Rico, 967 F.2d 683 (1st Cir.1992)). All three elements reveal the assessment here as a tax: It was imposed by citizen initiative on a broad range of payers for a public purpose. This conclusion does not end the inquiry, however, for even a tax may be imposed in an unconstitutional way or for an unconstitutional purpose. | Whether an assessment should be categorized as a tax or a fee, for purposes of determining constitutionality of allocation of fee or tax, is generally determined by examining three factors: (1) the entity that imposes the assessment; (2) the parties upon whom the assessment is imposed; and (3) whether the assessment is expended for general public purposes, or used for the regulation or benefit of the parties upon whom the assessment is imposed. | What three factors should be examined in determining whether an assessment should be categorized as a tax or a fee? | 044518.docx | LEGALEASE-00157361-LEGALEASE-00157362 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |
| 3645 | Auto. Club of Oregon v. State, 314 Or. 479 | 371+2002 | In the most general sense, a tax is "any contribution imposed by government upon individuals, for the use and service of the state, whether under the name of toll, tribute, tallage, gabel, impost, duty, custom, excise, subsidy, aid, supply, or other name." Black's Law Dictionary 1457 (6th ed 1991). An assessment is a government fee imposed on owners of property to finance improvements or services directly benefiting that property; an assessment is exempt from constitutional limitations requiring that taxes be uniformly imposed so long as the financial burden and the private benefit are closely related. King v. Portland, 38 Or. 402, 63 P. 2 (1900), aff'd, 184 U.S. 61, 22 S.Ct. 290, 46 L.Ed. 431 (1902). | "Tax" is any contribution imposed by government upon individuals for the use and service of the state, whether under the name of toll, tribute, tallage, gabel, impost, duty, custom, excise, subsidy, aid, supply, or other name; "assessment" is government fee imposed upon owners of property to finance improvements or services directly benefiting that property. | Are taxes imposed upon individuals for the use and service of the state? | 044551.docx | LEGALEASE-00157239-LEGALEASE-00157240 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 3646 | Talley v. Com., 123 Pa. Cmwlth. 313 | 371+2002 | A license fee is distinguishable from a tax which is a revenue producing measure characterized by the production of a high proportion of income relative to the costs of collection and supervision. Greenacres Apartments, Inc. v. Bristol Township, 85 Pa.Commonwealth Ct. 572, 482 A.2d 1356 (1984). Thus, if a license fee collects more than an amount commensurate with the expense of administering the license, it would become a tax revenue and cease to be a valid license fee. See Stark v. Commonwealth, 90 Pa.Commonwealth Ct. 80, 494 A.2d 44 (1985). | License fee is distinguishable from "tax," which is revenue producing measure characterized by production of high proportion of income relative to costs of collection and supervision. | Is tax a revenue producing measure characterized by the production of a high proportion of income relative to the costs of collection and supervision? | 044573.docx | LEGALEASE-00157028-LEGALEASE-00157029 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3647 | Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 24+690 | Second. It does not follow, as California seems to argue that because the United States regulates immigration and naturalization in part on the basis of race and color classifications, a state can adopt one or more of the same classifications to prevent lawfully admitted aliens within its borders from earning a living in the same way that other state inhabitants earn their living. The Federal Government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and the terms and conditions of their naturalization. See Hines v. Davidowitz, 312 U.S. 52, 66, 61 S.Ct. 399, 403, 85 L.Ed. 581. Under the Constitution the states are granted no such powers; they can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states. State laws which impose discriminatory burdens upon the entrance or residence of aliens lawfully within the United States conflict with this constitutionally derived federal power to regulate immigration, and have accordingly been held invalid. | The federal government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and terms and conditions of their naturalization. | Does the Federal Government have broad constitutional powers in determining the terms and conditions for the naturalization of aliens? | "Aliens, Immigration, and Citizenship - Memo 45 - RK_63914.docx" | ROSS-003308093-ROSS-003308094 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 3648 | Signature Dev. v. Sandler Commercial at Union, 207 N.C. App. 576 | 307A+561.1 | Moreover, "[w]hen the complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, ... the motion will be granted and the action dismissed." Skinner v. E.F. Hutton & Co., 314 N.C. 267, 270, 333 S.E.2d 236, 238 (1985). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Leonard v. Pugh, 86 N.C.App. 207, 209, 356 S.E.2d 812, 814 (1987). On appeal of a trial court's ruling on a 12(b)(6) motion to dismiss, our Court "conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." Page v. Lexington Ins. Co., 177 N.C.App. 246, 248, 628 S.E.2d 427, 428 (2006) (citation and quotation marks omitted). | On a motion to dismiss for failure to state a claim upon which relief may be granted, when a complaint states a valid claim but also discloses an unconditional affirmative defense which defeats the asserted claim, the motion will be granted and the action dismissed. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | Will a motion to dismiss be granted and action dismissed if complaint discloses an unconditional affirmative defense which defeats asserted claim? | Pretrial Procedure - Memo # 10773 - C - NC_63639.docx | ROSS-003278615 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 3649 | Dueitt v. Arrowhead Lakes Prop. Owners, 180 S.W.3d 733 | 307A+699 | "The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed." Smith, 145 S.W.3d at 305"06 (citing Tex.R. Civ. P. 165a(4)); Sierra Club, at """", 2005 WL 121869, at, 2005 Tex.App. LEXIS 454,. | The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Are the same reinstatement procedures and timetable applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power? | 025507.docx | LEGALEASE-00158816-LEGALEASE-00158817 | SA, Sub | 0.23 | 0 | 0 | 1 | 1 | |
| 3650 | Leonardelli v. Presbyterian Hosp. in City of New York, 288 A.D.2d 105 | 307A+699 | Although a case which has been marked off or stricken from the calendar and not restored within one year is deemed abandoned and is dismissed (CPLR 3404), the statute only creates a rebuttable presumption of abandonment (Rodriguez v. Middle Atl. Auto Leasing, 122 A.D.2d 720, 511 N.Y.S.2d 595, appeal dismissed, 69 N.Y.2d 874, 514 N.Y.S.2d 723, 507 N.E.2d 317). A party may restore a case to the trial calendar after it was dismissed pursuant to CPLR 3404, upon a showing of: 1) a meritorious claim, 2) a reasonable excuse for the delay, 3) an absence of prejudice to the adverse party, and 4) a lack of intent to abandon the case (Ware v. Porter, 227 A.D.2d 214, 642 N.Y.S.2d 278). The underlying legislative intent of CPLR 3404 was to strike "actually dead" cases (Weiss v. City of New York, 247 A.D.2d 239, 240, 669 N.Y.S.2d 33), and consequently we look, not to technicalities, but rather to the totality of the circumstances (see, McGuire v Tishman Constr. Corp. of Manhattan, 275 A.D.2d 249, 712 N.Y.S.2d 522). | Although case which has been marked off or stricken from calendar and not restored within one year is statutorily deemed abandoned and is dismissed, statute only creates rebuttable presumption of abandonment. McKinney's CPLR 3404. | Is a case which has been marked off or stricken from a calendar and not restored within one year deemed abandoned and is dismissed? | Pretrial Procedure - Memo # 10836 - C - SN_63868.docx | ROSS-003278998-ROSS-003278999 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3651 | Gant v. Tallahassee Mem'l Reg'l Med. Ctr., 490 So. 2d 1020 | 307A+699 | A ruling on a motion for an order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion and the losing party bears the burden of demonstrating that abuse. 107 Group, Inc. v. Gulf Coast Paving & Grading, Inc., 459 So.2d 466, 467 (Fla. 1st DCA 1984). The Gants have not shown that the trial court abused its discretion in finding that the status of Dr. Brickler's insurance carrier was not good cause for their failure to prosecute. | Ruling on a motion for an order of dismissal for failure to prosecute is subject to attack only on ground that it constitutes an abuse of discretion and losing party bears burden of demonstrating that abuse. West's F.S.A. RCP Rule 1.420(e). | Is a ruling on a motion for an order of dismissal for failure to prosecute subject to attack only on ground that it constitutes an abuse of discretion? | Pretrial Procedure - Memo # 10874 - C - KS_63678.docx | ROSS-003280991 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 3652 | Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855 | 307A+693.1 | Furthermore, the filling of the first suit did not serve to extend the time for filing of the second suit on the same grounds, since peremption cannot be renounced, interrupted or suspended. The filing of the first suit on September 9, 2010 had no effect on the timing of the filing of the second suit. "When a suit is dismissed under Article 561(A)(3) of the Louisiana Code of Civil Procedure, the dismissal is "without prejudice" [.]" Walker v. Archer, 16-0171 (La.App. 4 Cir. 10/05/16), 203 So.3d 330, 334. A dismissal without prejudice, or non-suit, merely "restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint." Id., citing Neal v. Hall, 28 So.2d 131, 133 (La. App. 2 Cir. 1946). It does not prevent the plaintiff from bringing another suit for the same cause of action; however, the timeliness of the second suit must be determined "as if no suit had been theretofore brought." Id., citing Losch v. Greco, 173 La. 223, 136 So. 572, 573"574 (La. 1931). Applying these precepts, we find that the trial court did not err in finding that this suit was untimely and in granting the exceptions of peremption. | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | "Does a dismissal without prejudice, or non-suit, merely restore matters to the status occupied before the suit and leaves the party free?" | 025689.docx | LEGALEASE-00158298-LEGALEASE-00158299 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3653 | Treadway v. Nations Credit Fin. Servs. Corp., 383 Ill. App. 3d 1124 | 307A+561.1 | Section 2"619(a)(9) permits the dismissal of a claim when "the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2"619(a)(9) (West 2002); Glisson v. City of Marion, 188 Ill.2d 211, 220 [242 Ill.Dec. 79, 720 N.E.2d 1034] (1999)." Moody v. Federal Express Corp., 368 Ill.App.3d 838, 841, 306 Ill.Dec. 860, 858 N.E.2d 918 (2006). ""The phrase "affirmative matter" refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." " Moody, 368 Ill.App.3d at 841, 306 Ill.Dec. 860, 858 N.E.2d 918 (quoting Glisson, 188 Ill.2d at 220, 242 Ill.Dec. 79, 720 N.E.2d 1034). "The standard of review for an order granting a motion to dismiss pursuant to section 2"619(a)(9) is de novo." Moody, 368 Ill.App.3d at 841, 306 Ill.Dec. 860, 858 N.E.2d 918 (citing Glisson, 188 Ill.2d at 220, 242 Ill.Dec. 79, 720 N.E.2d 1034). | The phrase "affirmative matter," for purposes of involuntary dismissal of an action based upon certain defects or defenses, refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. S.H.A. 735 ILCS 5/2-619(a)(9). | Will an affirmative matter be a nature of defense that negates the cause of action completely? | 025946.docx | LEGALEASE-00158260-LEGALEASE-00158261 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3654 | Scheidemann v. I.N.S., 83 F.3d 1517 | 92+2838 | The Supreme Court, however, has long held that deportation is not a punishment, but rather a mere administrative action:A deportation proceeding is a purely civil action to determine eligibility to remain in this country, not to punish.... The deportation hearing looks prospectively to the respondent's right to remain in this country in the future. Past conduct is relevant only insofar as it may shed light on the respondent's right to remain. | Prohibition against ex post facto laws does not apply to deportation proceedings, which are purely civil actions to determine eligibility to remain in country, not to punish; past conduct is relevant only insofar as it may shed light on respondent's right to remain. U.S.C.A. Const. Art. 1, S 9, cl. 3. | Is past conduct relevant to shed light on the alien or respondent's right to remain during deportation proceedings? | 006961.docx | LEGALEASE-00160254-LEGALEASE-00160255 | Condensed, SA, Sub | 0.32 | 0 | 1 | 1 | 1 | 1 |
| 3655 | Lehndorff Geneva v. Warren, 74 Wis. 2d 369 | 24+120 | The premise of this rationale is that it is the responsibility of the national government to regulate matters of immigration and naturalization. Once Congress and the executive have exercised this power, ". . . aliens lawfully within this country have a right to enter and abide in any State in the Union "on an equality of legal privileges with all citizens under nondiscriminatory laws." Takahashi, 334 U.S., at 420, 68 S.Ct., at 1143 (92 L.Ed. at 1487).' Graham, 403 U.S. at 378, 91 S.Ct. at 1855. A state policy of denying resident aliens government benefits available to others conflicts with this constitutionally derived federal power to regulate admission, naturalization and residence in the United States. | Once Congress and the executive have exercised powers of immigration and naturalization, aliens lawfully within country have a right to enter and abide in any state in the union on an equality of legal privileges with all citizens under nondiscriminatory laws. | Do aliens have a right to abide in any State in the Union on an equality of legal privileges with all citizens under nondiscriminatory laws? | "Aliens, Immigration and Citizenship - Memo 97 - RK_64830.docx" | ROSS-003278877-ROSS-003278878 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3656 | People v. Paradiso, 58 Misc. 2d 370 | 129+143 | Furthermore the overhearing of such language by such persons is simply stated as a conclusion by the complainant in this case although for purposes of deciding this motion we are assuming the conclusion to be true. In fact the information does not state at what part of the complainant's residence the disturbance took place nor does it show that any group of persons collected to witness the event or as a result of the event. In the opinion of the court a private residence does not fall within the definition of a public place as defined in section 240.00 of the Penal Law without a showing of special circumstances and such circumstances must be alleged in the information as part of the necessary facts constituting the violation in question. | A private residence does not fall within definition of a "public place" without showing of special circumstances, and such circumstances must be alleged in information as part of necessary facts constituting the violation. Penal Law 1965, SS 240.00, 240.25, subds. 2, 3, 5. | Does a private residence fall within the definition of a public place in disorderly conduct? | 014297.docx | LEGALEASE-00160048-LEGALEASE-00160049 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 3657 | Cantwell v. State of Connecticut, 310 U.S. 296 | 129+109 | The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility. It includes not only violent acts but acts and words likely to produce violence in others. No one would have the hardihood to suggest that the principle of freedom of speech sanctions incitement to riot or that religious liberty connotes the privilege to exhort others to physical attack upon those belonging to another sect. When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the state to prevent or punish is obvious. Equally obvious is it that a state may not unduly suppress free communication of views, religious or other, under the guise of conserving desirable conditions. Here we have a situation analogous to a conviction under a statute sweeping in a great variety of conduct under a general and indefinite characterization, and leaving to the executive and judicial branches too wide a discretion in its application. | The state has power to prevent or punish when clear and present danger of riot, disorder, interference with traffic upon public streets, or other immediate threat to public safety, peace or order, appears, but state may not unduly suppress free communication of views, religious or other, under guise of conserving desirable conditions. | "Whether the state has the power to prevent or punish when a clear and present danger of riot, appear?" | Disorderly Conduct-Memo 124-PR.docx | LEGALEASE-00049253-LEGALEASE-00049254 | Order, SA, Sub | 0.69 | 1 | 0 | 1 | 1 | 1 |
| 3658 | Keough v. Cyrus USA, 204 S.W.3d 1 | 307A+699 | Moreover, if no notice was sent, Keough's failure to raise the issue in the trial court and to brief it on appeal waives the error. See Tex.R.App. P. 33.1, 38.1(h). Even assuming for the sake of argument that no notice was sent and that we properly may raise the issue sua sponte, a trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion. See, e.g., Polk, 165 S.W.3d at 94"95; Jimenez v. Transwestern Prop. Co., 999 S.W.2d 125, 128 (Tex. App.-Houston [14th Dist.] 1999, no pet.); see also Wright v. Tex. Dept. of Criminal Justice"Institutional Div., 137 S.W.3d 693, 695 (Tex.App.-Houston [1st Dist.] 2004, no pet.); Tex. Sting, Ltd. v. R.B. Foods, Inc., 82 S.W.3d 644, 648"50 (Tex.App.-San Antonio 2002, pet. denied); Franklin v. Sherman Indep. Sch. Dist., 53 S.W.3d 398, 400"04 (Tex.App.-Dallas 2001, pet. denied). | A trial court does not abuse its discretion by denying a motion to reinstate if the movant (a) receives notice of the actual order of dismissal in time to file a motion to reinstate, and (b) has an opportunity to be heard on the motion. | Does a trial court not abuse its discretion by denying a motion to reinstate if the movant receives notice and has an opportunity to be heard on the motion? | Pretrial Procedure - Memo 11171 - C - VP_64382.docx | ROSS-003292326 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3659 | Johnson v. Hawkins, 255 S.W.3d 394 | 307A+697 | Relying on Texas Rule of Civil Procedure 165a, appellant's sole contention on appeal is the trial court abused its discretion in denying appellant's motion to reinstate. Under rule 165a, in relevant part, a trial court may dismiss a case on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." Tex.R. Civ. P. 165a(1). However, a case shall be reinstated upon a finding by the trial court that the failure of the party or his attorney to appear was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. Tex.R. Civ. P. 165a(3). This standard is "essentially the same as that for setting aside a default judgment." Smith v. Babcock &Wilcox Const. Co., Inc., 913 S.W.2d 467, 468 (Tex.1995) (per curiam). A failure to appear is not intentional or due to conscious indifference merely because it is deliberate; it must also be without adequate justification. Id. "Proof of such justification-accident, mistake or other reasonable explanation"negates the intent or conscious indifference for which reinstatement can be denied." Id. Further, "conscious indifference means more than mere negligence." Id. at 468. Whether the failure to appear was " "not intentional or the result of conscious indifference," is a fact-finding within the trial court's discretion." Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730, 733 (Tex.App.-Dallas 1985, no writ); see Clark v. Yarbrough, 900 S.W.2d 406, 409 (Tex.App.-Texarkana 1995, writ denied). | The standard for reinstating a dismissed case when the failure of party or attorney to appear is not intentional or the result of conscious indifference, but is due to an accident or mistake or has been otherwise reasonably explained, is essentially the same as that for setting aside a default judgment. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3). | Is failure to appear not intentional or due to conscious indifference merely because it is deliberate? | 039772.docx | LEGALEASE-00159342-LEGALEASE-00159343 | Order, SA, Sub | 0.78 | 1 | 0 | 1 | 1 | 1 |
| 3660 | Corte v. Corte, 664 So. 2d 218 | 30+3206 | We conclude, after reviewing the record, that there was no reversible error by the trial court. The dismissal of a case for want of prosecution, as well as a subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and this court will reverse only if the trial court has abused that discretion. Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987). The trial court did not abuse its discretion in dismissing the case for want of prosecution. This case was originally placed on the court's docket in 1987, seven years ago. When it was finally set for a hearing, the wife and her attorney failed to appear. | Dismissal of case for want of prosecution, as well as subsequent refusal to set aside the dismissal, is within the sound discretion of the trial court, and Court of Civil Appeals will reverse only for abuse of that discretion. | Does the dismissal of a party's case and subsequent refusal to set aside dismissal for want of prosecution rest largely within the sound discretion of a trial court? | 039813.docx | LEGALEASE-00159370-LEGALEASE-00159371 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 3661 | In re Estate of Schlenker, 209 Ill. 2d 456 | 307A+679 | Under Illinois law, a plaintiff need not allege facts establishing standing. Rather, it is the defendant's burden to plead and prove lack of standing. Where standing is challenged in a motion to dismiss under section 2"619, a court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that can reasonably be drawn in plaintiff's favor. The court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago, 189 Ill.2d 200, 206, 244 Ill.Dec. 26, 724 N.E.2d 914 (2000). An order granting a motion to dismiss based on lack of standing presents a question of law which we review de novo. Lyons v. Ryan, 201 Ill.2d 529, 534, 269 Ill.Dec. 374, 780 N.E.2d 1098 (2002). | Where standing is challenged in a motion to dismiss under statute permitting involuntary dismissal of claim when it is barred by other affirmative matter avoiding the legal effect of or defeating the claim, a court must accept as true all well-pleaded facts in plaintiff's complaint and all inferences that can reasonably be drawn in plaintiff's favor, and the court should grant the motion only if the plaintiff can prove no set of facts that would support a cause of action. S.H.A. 735 ILCS 5/2-619. | Can the court accept all well pleaded facts in the plaintiff's complaint as true? | 039895.docx | LEGALEASE-00159815-LEGALEASE-00159816 | Condensed, SA, Sub | 0.39 | 0 | 1 | 1 | 1 | 1 |
| 3662 | Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | In ruling on a motion to dismiss under Court of Chancery Rule 12(b)(6), the Court is generally limited to facts appearing on the face of the pleadings. Accordingly, affirmative defenses, such as laches, are not ordinarily well-suited for treatment on such a motion. Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate. | Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate when deciding a motion todismiss for failure to state a claim upon which relief can be granted. Chancery Court Rule 12(b)(6). | Can a court dismiss a complaint when it is clear from the face of the complaint that an affirmative defense exists and plaintiff can prove no set of facts to avoid it? | Pretrial Procedure - Memo 11395 - C - DA_64449.docx | ROSS-003298310-ROSS-003298311 | SA, Sub | 0.29 | 0 | 0 | 1 | 1 | |
| 3663 | Ghandi v. Cespedes, 390 N.J. Super. 193 | 307A+697 | Accordingly, the right to "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Rivera v. Atl. Coast Rehab. Center, 321 N.J.Super. 340, 346, 729 A.2d 42 (App.Div.1999). | Dismissals for lack of prosecution are without prejudice; accordingly, the right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal, even if the application is made many months later. R. 1:13-7(a). | Is the right to reinstatement ordinarily routinely and freely granted when a plaintiff has cured the problem that led to the dismissal? | Pretrial Procedure - Memo 11419 - C - VP_64472.docx | ROSS-003278399-ROSS-003278400 | SA, Sub | 0.07 | 0 | 0 | 1 | 1 | |
| 3664 | Pine Twp. Water Co. v. Felmont Oil Corp., 425 Pa. Super. 473 | 307A+698 | The denial of a petition to open and/or strike judgment of non pros is subject to an abuse of discretion standard of review. Sklar v. Harleysville Insurance Co., 526 Pa. 617, 587 A.2d 1386 (1991); Martin v. Grandview Hospital, 373 Pa.Super. 369, 541 A.2d 361 (1988). In order to open a non pros judgment three factors must be satisfied: 1) the petition to open must be promptly filed; 2) the delay must be reasonably explained; and 3) facts must be shown to exist which support a cause of action. Id. Pa.R.C.P. 3051. There is no disagreement appellant's petition to open judgment was timely filed. However, we must also address whether the inordinate amount of docket inactivity has been reasonably explained. | In order to open non pros judgment, three factors must be satisfied, (1) petition to open must be promptly filed, (2) delay must be reasonably explained, and (3) facts must be shown to exist which support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | What three factors must be present in order to open non pros judgment? | 040062.docx | LEGALEASE-00160441-LEGALEASE-00160442 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 3665 | Rodriguez v. Colasuonno, 238 A.D.2d 329 | 307A+697 | Once a conditional order of dismissal becomes effective by its terms (see, Bock v. Schiowitz, 168 A.D.2d 593, 563 N.Y.S.2d 432), a plaintiff can open up his default only by establishing a reasonable excuse for his delay and a meritorious cause of action (see, Zirin v. Brookdale Hosp. Med. Ctr., 216 A.D.2d 461, 628 N.Y.S.2d 394).The plaintiff has failed to proffer any explanation for his failure to timely comply with the discovery demands, and thus the Supreme Court improvidently exercised its discretion in granting the defendants' motion to dismiss the complaint "unless" the plaintiff provided the requested discovery and paid $750 to the defendants as legal fees (see, Carven Assocs. v. American Home Assur. Corp., 175 A.D.2d 790, 573 N.Y.S.2d 412). | Once conditional order of dismissal becomes effective by its terms, plaintiff can open up his or her default only by establishing reasonable excuse for his or her delay and meritorious cause of action. | "Once a conditional order of dismissal becomes effective by its terms, can a plaintiff only open up her default by establishing a reasonable excuse for her delay?" | 040064.docx | LEGALEASE-00160478-LEGALEASE-00160479 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3666 | Dorn v. State Bank of Stella, 767 F.2d 442 | 170A+1838 | The district court's denial of Dorn's motion for leave to file an amended complaint was entirely proper. Dorn did not file his motion until approximately three months after the district court entered its judgment of dismissal. Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. See, e.g., Wright v. Anthony, 733 F.2d 575, 577 (8th Cir.1984); Hinton v. CPC International, Inc., 520 F.2d 1312, 1314 (8th Cir.1975). After a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates. Czeremcha v. International Association of Machinists and Aerospace Workers, 724 F.2d 1552, 1556 (11th Cir.1984). Although a party may still file a motion for leave to amend and amendments should be granted liberally, such a motion would be inappropriate "if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." Czeremcha, 724 F.2d at 1556, n. 6. Here, the district court's order of August 24, 1984 dismissed the complaint on its merits and did not grant Dorn leave to amend. | Although a party may still file motion for leave to amend after complaint is dismissed and amendments should be granted liberally, motion would be inappropriate if court had clearly indicated either that no amendment is possible or that dismissal of complaint also constitutes dismissal of action. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. | "If the dismissal of a complaint also constitutes dismissal of an action, is a motion to amend improper?" | 040195.docx | LEGALEASE-00160222-LEGALEASE-00160223 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3667 | Interstate Printing Co. v. Dep't of Revenue, 236 Neb. 110 | 371+3603 | A sales tax is imposed "upon the gross receipts from all sales of tangible personal property sold at retail in this state...."Neb.Rev.Stat. " 77-2703(1) (Reissue 1986). A use tax is imposed "on the storage, use, or other consumption in this state of tangible personal property purchased, leased, or rented from any retailer ... for storage, use, or other consumption in this state...." " 77-2703(2). | "Sales tax" is imposed upon gross receipts from all sales of tangible personal property sold at retail in state; "use tax" is imposed on storage, use, or other consumption in state of tangible personal property purchased, leased, or rented from any retailer for storage, use, or other consumption in state. Neb.Rev.St. S 77-2703(1, 2). | "Is a ""sales tax"" a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce?" | 046178.docx | LEGALEASE-00160130-LEGALEASE-00160131 | SA, Sub | 0.15 | 0 | 0 | 1 | 1 | |
| 3668 | People v. Strawbridge, 404 Ill. App. 3d 460 | 3.77E+35 | Defendant cites a number of cases where this element was satisfied when a defendant actually did remain present for a more extended period of time. See, e.g., People v. Sowewimo, 276 Ill.App.3d 330, 341"42, 212 Ill.Dec. 702, 657 N.E.2d 1047 (1995). We do not read such cases as establishing as a matter of law a minimum period that a defendant must place a victim under surveillance. Additionally, we use an objective standard to determine whether a victim is placed in " reasonable apprehension of future confinement or restraint." People v. Nakajima, 294 Ill.App.3d 809, 820, 229 Ill.Dec. 217, 691 N.E.2d 153 (1998) (making irrelevant defendant's claim that the victim did not testify that she was actually afraid of defendant in this case). Any history between a defendant and a victim may be relevant to assessing whether a reasonable person in the victim's position would be in apprehension of future confinement or restraint. See People v. Holt, 271 Ill.App.3d 1016, 1025, 208 Ill.Dec. 515, 649 N.E.2d 571 (1995). Thus, the State was required to prove that, on at least two occasions, after an order of protection was in place, defendant placed the victim under surveillance by remaining present outside a place occupied by the victim, thereby placing her in reasonable apprehension of future confinement or restraint | The court uses an objective standard to determine whether a victim is placed in reasonable apprehension of future confinement or restraint, as required to support a charge for aggravated stalking. S.H.A. 720 ILCS 5/12 7.4(a)(3); 720 ILCS 5/12-7.3(d) (2008 Bar Ed.) | "What type of standard does the court use to determine whether a victim is placed in reasonable apprehension of future restraint or confinement, as required to support a charge for aggravated stalking?" | 046902.docx | LEGALEASE-00160280-LEGALEASE-00160281 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3669 | City of Toledo v. Reasonover, 5 Ohio St. 2d 22 | 48A+359.4 | In our opinion, the Court of Appeals cannot hold that a trial court abused its discretion by imposing too severe a sentence on a defendant convicted of violating an ordinance where the sentence imposed is within the limits authorized by the applicable ordinance and statutes and there is nothing in the record to indicate whether defendant had a past criminal record or what his driving record was or that the trial court in sentencing defendant did not consider any such past records. Lee v. State (1877), 32 Ohio St. 113. | Where sentence imposed for violating ordinance prohibiting operating motor vehicle upon public highway while under influence of intoxicating liquor was within limits authorized by applicable ordinance and statutes and there was nothing in record before Court of Appeals to indicate whether defendant had a past criminal record or what his driving record was or that trial court in sentencing defendant did not consider past records, Court of Appeals improperly held that trial court abused its discretion by imposing too severe a sentence. R.C. SS 2505.21, 4507.16, 4511.19, 4511.99(B). | Under what circumstances would a court abuse its discretion in imposing a sentence? | 012530.docx | LEGALEASE-00161517-LEGALEASE-00161518 | SA, Sub | 0.11 | 0 | 0 | 1 | 1 | |
| 3670 | Romero v. State, 927 S.W.2d 632 | 135H+25 | Whether a civil forfeiture implicates double jeopardy depends on whether the "forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial." Ursery, 518 U.S. at """", 116 S.Ct. at 2142, 135 L.Ed.2d at 561 (quoting 89 Firearms, 465 U.S. at 362, 104 S.Ct. at 1105). This inquiry is two-fold: (1) whether the Legislature intended proceedings under the forfeiture statute to be criminal or civil; and (2) whether the proceedings are so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent. Ursery, 518 U.S. at """", 116 S.Ct. at 2142, 135 L.Ed.2d at 562 (citing 89 Firearms, 465 U.S. at 366, 104 S.Ct. at 1107). | Whether civil forfeiture implicates double jeopardy under Federal Constitution depends on whether forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive, or civil and remedial. U.S.C.A. Const.Amend. 5. | "Does whether civil forfeiture implicates double jeopardy under Federal Constitution depend on whether a forfeiture proceeding is intended to be, or by its nature necessarily is, criminal and punitive?" | Double Jeopardy - Memo 35 - C - KI_65135.docx | ROSS-003296655-ROSS-003296656 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3671 | Brock v. State, 955 N.E.2d 195 | 135H+96 | On the other hand, we acknowledge that the circumstances surrounding a trial court's declaration of a mistrial may not present an opportunity for raising a timely objection prior to the jury's discharge. In such cases, a failure to object will not be deemed to be consent unless the totality of the circumstances otherwise shows that the defendant consented to the mistrial. See, e.g., Gantley, 172 F.3d at 429; Goldstein, 479 F.2d at 1067"68 | Circumstances surrounding a trial court's declaration of a mistrial may not present an opportunity for raising a timely objection prior to the jury's discharge; in such cases, a failure to object will not be deemed to be consent, for purposes of double jeopardy analysis, unless the totality of the circumstances otherwise shows that the defendant consented to the mistrial. U.S.C.A. Const.Amend. 5. | Can circumstances surrounding a trial court's declaration of a mistrial not present an opportunity for raising a timely objection prior to the jury's discharge? | 016016.docx | LEGALEASE-00160783-LEGALEASE-00160784 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 3672 | State v. Nunez, 129 N.M. 63 | 135H+25 | Thus, as we explain below, while New Mexico's forfeiture statutes under the Controlled Substances Act have certain remedial goals, they primarily serve decidedly punitive objectives. Moreover, there are certain aspects"or earmarks"of these forfeiture laws that are demonstrative of their punitive nature. As one commentator concluded, "New Mexico's drug forfeiture statute, codified in its Criminal Offenses law, is intended as a penalty for convicted drug felons. It is penal and punitive in nature, not remedial, as most civil statutes purport to be." 1 Steven L. Kessler, Civil & Criminal Forfeiture: Fed. & State Practice " 9.04[5] (1999) (footnote omitted). | While forfeiture statutes under the Controlled Substances Act have certain remedial goals, they primarily serve decidedly punitive objectives, for constitutional double-jeopardy purposes. Const. Art. 2, SS 4, 15; NMSA 1978, S 30-31-34 et seq. | "While forfeiture statutes under the Controlled Substances Act have certain remedial goals, do they primarily serve decidedly punitive objectives, for constitutional double-jeopardy purposes?" | Double Jeopardy - Memo 7 - C - SS_65170.docx | ROSS-003294512-ROSS-003294513 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3673 | Hamblen Cty. v. City of Morristown, 584 S.W.2d 673 | 1.41E+13 | Plenary power to establish and maintain a public school system is a state function and is vested in the state legislature, but general operation and management of the educational system can be delegated by the legislature in any reasonable manner not constitutionally prohibited. Board of Education of Memphis City Schools v. Shelby County, 207 Tenn. 330, 339 S.W.2d 569 (1960). | Plenary power to establish and maintain a public school system is a state function and is vested in the state legislature, but general operation and management of the educational system can be delegated by the legislature in any reasonable manner not constitutionally prohibited. | Can a state legislature delegate power to establish and maintain a public school system? | 017254.docx | LEGALEASE-00161178-LEGALEASE-00161179 | Condensed, SA | 0.26 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3674 | Kraft v. Forest Park Realty & Ins. Co., 111 Ga. App. 621 | 307A+699 | If a dismissal for want of prosecution is entered erroneously or improvidently, the court may reinstate it upon motion without notice to or the consent of the defendant. Athens Apartment Corp. v. Hill, 156 Ga. 437, 443, 119 S.E. 631; Ford v. Eskridge, 53 Ga.App. 466, 186 S.E. 204. Here again the "poor fellow" is amply protected from any mistake that the court may make against him. | If a dismissal for want of prosecution is entered erroneously or improvidently, court may reinstate it upon motion without notice to or consent of defendant. | "If a dismissal for want of prosecution is entered erroneously or improvidently, can a court reinstate it upon motion without notice to or consent of defendant?" | Pretrial Procedure - Memo 11224 - C - SKG_65257.docx | ROSS-003280943-ROSS-003280944 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 3675 | City of McAllen v. Ramirez, 875 S.W.2d 702 | 307A+581 | At first glance, the provision in Rule 165a(4) for cumulative remedies would seem to allow Hasler to file a motion for new trial in addition to his motion to reinstate. However, we believe that this clause should not be interpreted so broadly, but should be limited to other viable procedures and remedies which are not duplicative and inherently inconsistent with the procedures set forth in Rule 165a itself. | Cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement is limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in rule itself. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | Is the cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in a rule itself? | 039976.docx | LEGALEASE-00160513-LEGALEASE-00160514 | Condensed, SA, Sub | 0.3 | 0 | 1 | 1 | 1 | 1 |
| 3676 | Murphy v. City of New York, 173 A.D.2d 236 | 307A+699 | In order to rebut the presumption that the action was abandoned, plaintiffs must demonstrate that their cause of action is meritorious, that there is a sufficient excuse for the delay, that there was no intent to abandon the action and that defendants will not be prejudiced by restoring the case to the calendar. (Condurso v. Thumsuden, 84 A.D.2d 802, 803, 444 N.Y.S.2d 151, app. dismissed, 55 N.Y.2d 953, 449 N.Y.S.2d 193, 434 N.E.2d 262). Plaintiffs have failed to sufficiently rebut the presumption. As to the merits of the action, there is a lack of evidence to indicate that the metal object was the NYCTA's equipment or that it was in the exclusive control of the NYCTA. Indicative of the intent to abandon the action is that plaintiffs did not seek to restore the case to the calendar for over two years. | To rebut presumption that action was abandoned and to restore action to trial calendar, plaintiff must demonstrate that cause of action is meritorious, that there is sufficient excuse for delay, that there was no intent to abandon action, and that defendant will not be prejudiced by restoring case to calendar. | "To rebut a presumption that an action was abandoned and to restore action to a trial calendar, should a plaintiff demonstrate that a cause of action is meritorious?" | 039978.docx | LEGALEASE-00160527-LEGALEASE-00160528 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 3677 | Basetti v. Nour, 287 A.D.2d 126 | 307A+697 | For motions to restore after the automatic dismissal pursuant to CPLR 3404, the courts, in conformity with the clearly expressed intent of the 1942 Judicial Council, have required a showing essentially identical to that needed to vacate a default, i.e., the plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore; (2) a meritorious cause of action; (3) a lack of intent to abandon the matter; and (4) a lack of prejudice to the opposing party (see, Yousian v. New York Med. Ctr. Hosp. of Queens, 277 A.D.2d 449, 716 N.Y.S.2d 695; Cruz v. Volkswagen of Am., 277 A.D.2d 340, 716 N.Y.S.2d 104; McCarthy v. Bagner, 271 A.D.2d 509, 710 N.Y.S.2d 249). The courts have not, however, given effect to the Council's intent that motions to restore made more than one year after a case has been dismissed pursuant to the rule be denied in the absence of "extraordinary circumstances" (see, Enax v. New York Tel. Co., 280 A.D.2d 294, 720 N.Y.S.2d 126; Cippitelli v. Town of Niskayuna, 277 A.D.2d 540, 715 N.Y.S.2d 110; Nisselson v. Hercules Constr. Corp., 269 A.D.2d 507, 704 N.Y.S.2d 493; Monahan v. Fiore, 71 A.D.2d 914, 419 N.Y.S.2d 745; Cichorek v. Cosgrove, 47 A.D.2d 883, 367 N.Y.S.2d 7). | For motion to restore action after action is dismissed for failure to prosecute, the plaintiff must demonstrate (1) a reasonable excuse for the failure to timely restore, (2) a meritorious cause of action, (3) a lack of intent to abandon the matter, and (4) a lack of prejudice to the opposing party. McKinney's CPLR 3404. | What must a plaintiff demonstrate to restore an action to the trial calendar after it has been dismissed as abandoned? | 040021.docx | LEGALEASE-00160869-LEGALEASE-00160870 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3678 | Enax v. New York Tel. Co., 280 A.D.2d 294 | 307A+697 | It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action (see Muhammed v. Manhattan Payment Center, Inc. et al., 251 A.D.2d 228, 675 N.Y.S.2d 45; Ramputi v. Timko Contracting Corp. et al., 262 A.D.2d 26, 691 N.Y.S.2d 432). This case satisfies all four requirements. | In order to vacate a dismissal of case that has been deemed abandoned, a plaintiff must demonstrate (1) a meritorious cause of action, (2) a reasonable excuse for the delay, (3) the absence of prejudice to the opposing party, (4) and a lack of intent to abandon the action. McKinney's CPLR 3404. | "In order to vacate dismissal for abandonment, should a plaintiff show reasonable excuse for delay?" | 040088.docx | LEGALEASE-00160905-LEGALEASE-00160906 | Condensed, SA, Sub | 0.4 | 0 | 1 | 1 | 1 | 1 |
| 3679 | Todd Co. v. Birnbaum, 182 A.D.2d 505 | 307A+697 | An action dismissed pursuant to CPLR 3404 may only be restored upon a showing of a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing parties, and a lack of intent to abandon the action (Moye v. City of New York, 168 A.D.2d 342, 562 N.Y.S.2d 664 appeal dismissed, 77 N.Y.2d 940, 569 N.Y.S.2d 613, 572 N.E.2d 54; Mamet v. Mamet, 132 A.D.2d 479, 518 N.Y.S.2d 5 lv. denied, 70 N.Y.2d 611, 523 N.Y.S.2d 495, 518 N.E.2d,6. All the above components must be satisfied in order for the dismissal to be properly vacated (Ornstein v. Kentucky Fried Chicken, 121 A.D.2d 610, 503 N.Y.S.2d 643). | Action which has been dismissed as abandoned may be restored to trial calendar only upon showing of meritorious cause of action, reasonable excuse for delay, lack of prejudice to opposing parties, and lack of intent to abandon action; each of these four requirements must be satisfied for dismissal to be properly vacated. McKinney's CPLR 3404. | Can an action which has been dismissed as abandoned be restored to trial calendar only upon showing of a meritorious cause of action? | Pretrial Procedure - Memo 11521 - C - NE_65336.docx | ROSS-003282197-ROSS-003282198 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |
| 3680 | Moore v. Pomory, 329 Md. 428 | 336H+85 | Contrary to the view of the Court of Special Appeals, a dismissal of the plaintiff's entire complaint "without prejudice" does not mean that the case is still pending in the trial court and that the plaintiff may amend his complaint or file an amended complaint in the same action. Rather, the case is fully terminated in the trial court. Williams v. Snyder, Adm'r, 221 Md. 262, 266"267, 155 A.2d 904, 906"907 (1959). The effect of the designation "without prejudice" is simply that there is no adjudication on the merits and that, therefore, a new suit on the same cause of action is not barred by principles of res judicata. Williams v. Snyder, Adm'r, supra, 221 Md. at 267, 155 A.2d at 907. See also, e.g., Wooddy v. Wooddy, 270 Md. 23, 30, 309 A.2d 754, 758 (1973); 2 Poe, Pleading And Practice " 362 (Tiffany ed. 1925). A new suit might be barred on other grounds, such as limitations. | Dismissal of plaintiff's entire complaint "without prejudice" does not mean that case is still pending in trial court and that plaintiff may amend his complaint or file amended complaint in same action, but rather that case is fully terminated in trial court and as such, is final appealable judgment; effect of designation "without prejudice" is simply that there is no adjudication on the merits and that, therefore, new suit on same cause of action is not barred by principles of res judicata. | Does a dismissal of the plaintiffs complaint without prejudice mean that the plaintiff may amend his or her complaint in the same action? | 040159.docx | LEGALEASE-00161837-LEGALEASE-00161838 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3681 | Koller v. Ranger Ins. Co., 569 S.W.2d 372 | 302+233.1 | In Thompson v. Fiber-Lum, Inc., 464 S.W.2d 514, l.c. 517 (Mo.App.1971), we said: "While there are decisions which hold that under certain circumstances a court may exercise its discretion in granting, or refusing to grant, leave to amend, an examination of the cases reveals that in general the discretion is affected by the timeliness of the application . . . ." Here, it was plaintiff's original petition which was held to be deficient (rightly or wrongly we are not called upon to decide) and in accordance with the letter as well as the spirit of Civil Rules 67.05 (now 67.06) and 55.53, the general policy is stated in Dietrich v. Pulitzer Publishing Co., Mo., 422 S.W.2d 330(8) (Mo.1968): "Ordinarily when a first pleading is ruled to be insufficient in a trial court, the party is afforded a reasonable time to file an amended pleading if desired." See also, Civil Rules 55.33(a) and 67.06, VAMR. | Ordinarily, when a first pleading is ruled to be insufficient in a trial court, party is afforded a reasonable time to file an amended pleading if desired. V.A.M.R. Civil Rules 55.33(a), 67.06. | "When a first pleading is ruled to be insufficient in a trial court, is the party afforded a reasonable time to file an amended pleading if desired?" | 040185.docx | LEGALEASE-00161387-LEGALEASE-00161388 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3682 | Turville v. J & J Properties, L.C, 145 P.3d 1146 | 307A+695 | Although a party may still file a motion for leave to amend and amendments should be granted liberally, such a motion would be inappropriate "if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." (internal citation omitted) (quoting Czeremcha, 724 F.2d at 1556 n. 6)); 3 James Wm. Moore et al., Moore Federal Practice 15.12 (1) (3d ed.2005) (describing the Fifth and Eleventh Circuit Courts approach as "predicated on the courts desire to satisfy rule 15 policy of freely granting leave to amend, while preventing plaintiffs from having the unfettered ability to reopen every case by merely filing an amendment"). And where a party moves for leave to amend after an interlocutory dismissal, a trial court may exercise its discretion in determining whether to grant the motion. See Whitaker, 963 F.2d at 837 (holding that unless the trial court indicates the dismissal is final, the right to amend as a matter of course terminates and the party must "move the court for discretionary leave to amend"); Dorn, 767 F.2d at 444 ("Assuming that in present circumstances the district court had authority to grant leave to amend, its refusal to do so would be reversed only for abuse of discretion."); Czeremcha, 724 F.2d at 1556 (remanding for the trial court to "weigh those factors which are relevant to the court's exercise of discretion in deciding whether to allow amendment"); see also Smith v. NCAA, 139 F.3d 180, 189 (3d Cir.1998) ( "Even though the plaintiff no longer was entitled to amend her complaint as of right after the dismissal of her claim, it was within the district court discretion to grant her leave to amend."), revd on other grounds, 525 U.S. 459, 119 S.Ct. 924, 142 L.Ed.2d 929 (1999). | Where a plaintiff moves for leave to amend its complaint after an interlocutory dismissal, a trial court may exercise its discretion in determining whether to grant the motion. Rules Civ.Proc., Rule 15(a). | "Where a plaintiff moves for leave to amend its complaint after an interlocutory dismissal, can a trial court exercise its discretion in determining whether to grant the motion?" | Pretrial Procedure - Memo 11593 - C - NE_65610.docx | ROSS-003295167-ROSS-003295168 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 3683 | Nevada Interstate Properties Corp. v. City of W. Palm Beach, 747 So. 2d 447 | 307A+695 | As further grounds for reversal, we note the trial court dismissed Nevada's original complaint with prejudice without affording Nevada the opportunity to amend in an effort to cure defects in its pleadings. It is well settled that a dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice not be ordered without giving a party offering defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended? | Pretrial Procedure - Memo 11621 - C - TJ_65358.docx | ROSS-003280387-ROSS-003280388 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 3684 | Comer v. Gohil, 664 N.E.2d 389 | 307A+695 | A party may amend her pleading once as a matter of course at any time before a responsive pleading is served. Ind.Trial Rule 15(A); Arnold v. Dirrim, 398 N.E.2d 426, 437 (Ind.Ct.App.1979). Where no responsive pleading to the original complaint has been filed, the plaintiff has a right to amend her complaint and there is no need to seek the permission of the trial court. Id. A motion to dismiss does not qualify as a responsive pleading for the purposes of the trial rule. Hill v. City of Indianapolis, 17 F.3d 1016, 1018 (7th Cir.Ind.1994); W. Harvey, Indiana Practice 15.1 (1996 Supp.)1 An amendment relates back to the date of the original pleading. T.R. 15(C). | Motion to dismiss does not qualify as "responsive pleading" for purposes of rule providing that party may amend her pleading once as matter of course at any time before responsive pleading is served. Trial Procedure Rule 15(A). | "Does a motion to dismiss not qualify as ""responsive pleading"" for purposes of a rule providing that a party can amend her pleading once as matter of course at any time before responsive pleading is served?" | 040292.docx | LEGALEASE-00160913-LEGALEASE-00160914 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 3685 | Texas Res. v. Diamond Shamrock Corp., 584 S.W.2d 522 | 307A+583 | An intent to abandon is not a part of the test for a trial court to apply in passing upon a motion to dismiss for lack of prosecution. The sole test is whether the case was prosecuted with due diligence. See Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85 (1957); Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489 (1942); Missouri Pacific Railroad v. Liberty County Water Control & Improvement District No. 6, 483 S.W.2d 50 (Tex.Civ.App. Beaumont 1972, writ ref'd n. r. e.). A party who files a petition must prosecute his claim to judgment with reasonable diligence. If he fails to do this, the court has the inherent power to dismiss his claim for want of diligence in its prosecution. The matter rests in the sound discretion of the trial court. Bevil v. Johnson, supra; Pollok v. McMullen Oil & Royalty Co., 383 S.W.2d 837 (Tex.Civ.App. San Antonio 1964, writ ref'd). | Party who files petition must prosecute his claim to judgment with reasonable diligence, and if he fails to so prosecute his claim, trial court has inherent power to dismiss his claim for want of diligence in its prosecution; such matter rests in sound discretion of trial court. | Does the exercise of the power to dismiss a matter for lack of prosecution rest in the sound discretion of trial court? | 040372.docx | LEGALEASE-00160517-LEGALEASE-00160518 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3686 | Ill v. Manzo-Ill, 142 A.3d 1176 | 307A+582 | [Although courts must be mindful of the policy favoring a trial on the merits of any dispute whenever possible, a court may still determine, in its sound discretion, that a party's diligence does not fall "within the reasonable section of the diligence spectrum.... A trial court properly exercises its discretion to dismiss for failure to prosecute if the case has been on the docket for an unduly protracted period or the court is satisfied from the record or otherwise that there is no real intent to prosecute...." (Internal quotation marks omitted.) Brochu v. Aesys Technologies, 159 Conn.App. 584, 594, 123 A.3d 1236 (2015). "[T]he unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) Bobbin v. Sail the Sounds, LLC, 153 Conn.App. 716, 727, 107 A.3d 414 (2014), cert. denied, 315 Conn. 918, 107 A.3d 961 (2015). | Although courts must be mindful of the policy favoring a trial on the merits of any dispute whenever possible, a court may still determine, in its sound discretion, that a party's diligence in prosecuting the case does not fall within the reasonable section of the diligence spectrum. Practice Book 1998, S 14-3. | Should courts remain mindful that it is the policy of the law to bring about a trial on the merits of a dispute? | 040385.docx | LEGALEASE-00160564-LEGALEASE-00160565 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3687 | Powels v. Iles, 77 So. 3d 518 | 307A+583 | We recognize that a trial court's power to dismiss a case for failure to prosecute "is an inherent power in any court of law or equity and has been regarded as a means necessary to control the court's docket and promote the orderly expedition of justice." Hensarling v. Holly, 972 So.2d 716, 719 (7) (Miss.Ct.App.2007) (citing Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986)). "What constitutes failure to prosecute depends on the facts of the particular case." Id. at 720 (8) (citing Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990)). | A trial court's power to dismiss a case for failure to prosecute is an inherent power in any court of law or equity and is regarded as a means necessary to control the court's docket and promote the orderly expedition of justice. Rules Civ.Proc., Rule 41(b). | Is a trial court's power to dismiss a case for failure to prosecute an inherent power in any court of law or equity? | 040399.docx | LEGALEASE-00160668-LEGALEASE-00160669 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 3688 | Holder v. Orange Grove Med. Specialties, P.A., 54 So. 3d 244 | 307A+583 | Our trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court docket and ensuring the "orderly expedition of justice." Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). Rule 41 (b) of the Mississippi Rules of Civil Procedure provides for the dismissal of a case upon the defendant motion for dismissal for want of prosecution. "What constitutes failure to prosecute is considered on a case-by-case basis." Cox v. Cox, 976 So.2d 869, 874 (Miss.2008) (citing Am. Tel. and Tel. Co. v. Days Inn of Winona, 720 So.2d 178, 181 (Miss.1998)). A Rule 41 (b) dismissal is reviewed under an abuse of discretion standard. Id. at 874. | Trial courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. | Do courts have the inherent authority to dismiss cases for want of prosecution as a means of controlling the court docket and ensuring the orderly expedition of justice? | 040419.docx | LEGALEASE-00160972-LEGALEASE-00160973 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 3689 | Vonder Haar Concrete Co. v. Edwards-Parker, 561 S.W.2d 134 | 257+260(6) | The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute. Euge v. Lemay Bank & Trust Co., 386 S.W.2d 398, 399 (Mo.1965). In an equitable mechanic's lien suit, however, the trial court need not resort to its inherent power to dismiss for failure to prosecute because the duty to prosecute such action without unnecessary delay is expressly cast upon the plaintiff, and defendants-claimants, by statute. ss 429.170, 429.310, RSMo.1969. Despite the omission from s 429.310 of the language "and prosecuted without unnecessary delay," which language is set forth in s 429.170, we find no reason, in law or logic, to require a different standard regarding the duty to prosecute as between a legal and equitable mechanic's lien action. See Peerless Supply Co. v. Industrial Plumbing & Heating Co., 460 S.W.2d 651, 662(8) (Mo.1970). | In equitable mechanic's lien suit, trial court need not resort to its inherent power to dismiss for failure to prosecute since duty to prosecute such action without unnecessary delay is expressly cast upon plaintiff, and defendant claimants, by statute. V.A.M.S. SS 429.170, 429.310. | "Does a trial court have inherent power, in the exercise of sound judicial discretion?" | Pretrial Procedure - Memo 11740 - C - TJ_65453.docx | ROSS-003281613-ROSS-003281614 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3690 | Lopez v. Harding, 68 S.W.3d 78 | 307A+583 | The trial judge's authority to dismiss a case for want of prosecution derives from two sources: rule 165a of the Texas Rules of Civil Procedure and the court's inherent power. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999). Rule 165a provides that a case may be dismissed for want of prosecution when (i) any party seeking affirmative relief fails to appear for any hearing or trial of which the party had notice or (ii) the case is not disposed of within the time standards promulgated by the Texas Supreme Court under its Administrative Rules. Tex.R. Civ. P. 165a(1), (2); Villarreal, 994 S.W.2d at 630. In contrast, a trial judge may dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence. See Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976). | A trial judge may dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence. | Can a trial judge dismiss a case for want of prosecution under the court's inherent authority if the judge concludes the plaintiff failed to prosecute his case with reasonable diligence? | Pretrial Procedure - Memo 11755 - C - NS_65465.docx | ROSS-003283158-ROSS-003283159 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3691 | Sch. Bd. of Orange Cty. v. Coffey, 524 So. 2d 1052 | 1.41E+200 | School board has common-law duty to protect others from result of negligent hiring, supervision, or retention, which duty is identical to duty upon private employers who hire, retain, or supervise employees whose negligence or intentional acts in positions of employment can foreseeably cause injuries to third parties. The retention and supervision of a teacher by a school board are not acts covered with sovereign immunity. The school board has a common law duty to protect others from the result of negligent hiring, supervision, or retention which duty is identical to the duty upon private employers who hire, retain, or supervise employees whose negligent or intentional acts in positions of employment can foreseeably cause injuries to third parties. See Brantly v. Dade County School Board, 493 So.2d 471 (Fla. 3d DCA 1986); Willis v. Dade County School Board, 411 So.2d 245 (Fla. 3d DCA), rev. denied, 418 So.2d 1278 (Fla.1982) | School board has common-law duty to protect others from result of negligent hiring, supervision, or retention, which duty is identical to duty upon private employers who hire, retain, or supervise employees whose negligence or intentional acts in positions of employment can foreseeably cause injuries to third parties. | Are school districts liable for negligent hiring? | 017188.docx | LEGALEASE-00161999-LEGALEASE-00162001 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 3692 | Judd v. Bd. of Educ. of Union Free Sch. Dist. No. 2, Town of Hempstead, Nassau Cty., 278 N.Y. 200 | 141E+689(3) | While education is compulsory in this State between certain ages, the State has no desire to and could not if it so wished compel children to attend the free public common schools when their parents desire to send them to parochial schools (Pierce v. Society of the Sisters of the Holy Names of Jesus and Mary, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070, 39 A.L.R. 468), but their attendance upon the parochial school or private school is a matter of choice and the cost thereof not a matter of public concern. As Judge Pound aptly said in People ex rel. Lewis v. Graves, 245 N.Y. 195, 198, 156 N.E. 663, 664, "Neither the Constitution nor the law discriminates against religion. Denominational religion is merely put in its proper place outside of public aid or support." We furnish free common schools suitable for all children of the State regardless of social status, station in life, race, creed, color or religious faith. Any contribution directly or indirectly made in aid of the maintenance and support of any private or sectarian school out of public funds would be a violation of the concept of complete separation of Church and State in civil affairs and of the spirit and mandate of our fundamental law. | The state cannot compel children to attend free public common schools when their parents desire to send them to parochial schools, but their attendance upon parochial school or private school is a matter of choice and cost thereof not a matter of public concern. Const. art. 9, SS 1, 4. | Could the state compel children to attend public school when their parents desire to send them to parochial schools? | 017276.docx | LEGALEASE-00162140-LEGALEASE-00162141 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3693 | Khaykin v. Adelphi Acad. of Brooklyn, 124 A.D.3d 781 | 141E+956 | "[P]rivate schools are afforded broad discretion in conducting their programs, including decisions involving the discipline, suspension and expulsion of their students" (Hutcheson v. Grace Lutheran School, 132 A.D.2d 599, 599, 517 N.Y.S.2d 760). Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously or whether it substantially complied with its own rules and regulations (see Tedeschi v. Wagner Coll., 49 N.Y.2d 652, 658"660, 427 N.Y.S.2d 760, 404 N.E.2d 1302; Cavanagh v. Cathedral Preparatory Seminary, 284 A.D.2d 360, 361, 725 N.Y.S.2d 889; Matter of Rensselaer Socy. of Engrs. v. Rensselaer Polytechnic Inst., 260 A.D.2d 992, 993, 689 N.Y.S.2d 292; Hutcheson v. Grace Lutheran School, 132 A.D.2d at 599, 517 N.Y.S.2d 760). | Judicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously or whether it substantially complied with its own rules and regulations. | Is Judicial Review of private school disciplinary matters limited to a determination as to whether the school acted arbitrarily and capriciously? | 017284.docx | LEGALEASE-00162150-LEGALEASE-00162151 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3694 | Richardson v. Econ. Fire & Cas. Co., 109 Ill. 2d 41 | 307A+695 | the appellate court Economy's argument regarding the late filing was couched in jurisdictional terms. It asserted that the trial court's dismissal of plaintiffs' original complaint together with plaintiffs' failure to file their amended complaint within the 14 days allowed by the court constituted an election by plaintiffs to stand on their original complaint. Consequently, it argued, the court's order dismissing the original complaint was a final order and after the expiration of 30 days the court lacked jurisdiction to permit the filing of the amended complaint. The appellate court correctly rejected this argument. Noting that an order dismissing a complaint with leave to amend is not a final order, the appellate court properly found that the trial court retained jurisdiction to permit the filing of the amended complaint, even though the time limit set by the court had long since passed. | The trial court, after dismissing original complaint with leave to amend, retained jurisdiction to permit filing of amended complaint even though time limit set by court for filing had long since passed, since an order dismissing complaint with leave to amend is not a final order. | "Where the circuit court dismisses a complaint specifying the number of days for filing an amended complaint, does the court retain jurisdiction to allow the amended complaint to be filed even after the expiry of the time period?" | 040122.docx | LEGALEASE-00162214-LEGALEASE-00162215 | Order, SA, Sub | 0.69 | 1 | 0 | 1 | 1 | 1 |
| 3695 | Lamka v. KeyBank, 250 Or. App. 486 | 307A+695 | Reading ORCP 23 A and ORCP 21 A together, we conclude that a party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint. It is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that, under ORCP 21 A, the plaintiff must file a motion for leave to file an amended complaint. See Caldeen Construction v. Kemp, 248 Or.App. 82, 90, 273 P.3d 174 (2012) (holding that the trial court abused its discretion in denying plaintiff's motion to amend the complaint under ORCP 21 A).7 Thus, the trial court erred in refusing to allow plaintiff to file an amended complaint as a matter of right. | A party may amend a complaint once as a matter of right before a responsive pleading is served, even if the court has dismissed the complaint; it is only if the trial court grants a motion to dismiss after the plaintiff has already filed an amended complaint or the defendant has filed a responsive pleading, that the plaintiff must file a motion for leave to file an amended complaint. Rules Civ.Proc., Rules 21, 23. | "Will a plaintiff be given an opportunity to amend the complaint once, as a matter of right, before the trial court dismiss the complaint with prejudice?" | 040150.docx | LEGALEASE-00162174-LEGALEASE-00162175 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |
| 3696 | Huber v. Mullan, 246 F. Supp. 8 | 83E+481 | A note evidencing a promise to repay a sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment, 1 Restatement, Contracts (1932 Ed.), " 151. In this case the question of assignment arises solely with regard to a note and, significantly, a note where the time for repayment is completely under the control of the borrower. Clear and emphatic language restricting assignment generally, aside from a restriction to make effective the December 21, 1962 contract, is not present and no reason suggests itself to the Court why the parties should have desired such a result. | A note evidencing a promise to repay sum certain, as distinguished from an instrument creating an obligation which might vary depending upon who is the obligor, is not rendered nonassignable except by clear and unequivocal language prohibiting assignment. | Can a note be rendered nonassignable by clear and unequivocal language? | Bills and Notes - Memo 1435 - RK_66493.docx | ROSS-003284245-ROSS-003284246 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 3697 | Jacobs v. Singletary, 952 F.2d 1282 | 197+498 | An error in instructing the jury cannot constitute a basis for habeas relief unless the error "so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977); Futch v. Dugger, 874 F.2d 1483, 1488 (11th Cir.1989). It is not sufficient that the instruction was "undesirable, erroneous, or even "universally condemned." " Henderson v. Kibbe, 431 U.S. at 154, 97 S.Ct. at 1736 (quoting Cupp v. Naughten, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)). | An error in instructing jury cannot constitute basis for habeas relief unless the error so infected the entire trial that the resulting conviction violates due process; it is not sufficient that instruction was undesirable, erroneous, or even universally condemned. U.S.C.A. Const.Amends. 5, 14. | Is there cause for habeas review if erroneous jury instructions are so prejudicial they amount to a violation of due process? | Bribery - Memo 1109 - C - AV_66516.docx | ROSS-003294010-ROSS-003294011 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3698 | Boyd v. Hickman, 114 Md. App. 108 | 135H+25 | United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 2140"41, 135 L.Ed.2d 549 (1996) (quoting Various Items of Personal Property v. United States, 282 U.S. 577, 581, 51 S.Ct. 282, 284, 75 L.Ed. 558 (1931)) (emphasis in Ursery omitted). A civil forfeiture statute will not be considered punishment for Double Jeopardy purposes unless the legislative body intended it to be punitive, or its effect was so punitive as to negate its remedial purpose. Id. At, 116 S.Ct. at 2147"48.6 In One 1984 Ford Truck v. Baltimore County, 111 Md.App. 194, 681 A.2d 527 (1996), we concluded, based on the factors articulated in Ursery, that Art. 27, " 2977 "is not so punitive as to require criminal constitutional protections." Id. at 207, 681 A.2d 527. | Civil forfeiture statute will not be considered punishment for double jeopardy purposes unless legislative body intended it to be punitive, or its effect was so punitive as to negate its remedial purpose. U.S.C.A. Const.Amend. 5. | Will a civil forfeiture statute not be considered punishment for double jeopardy purposes unless legislative body intended it to be punitive? | Double Jeopardy - Memo 219 - C - VP_66742.docx | ROSS-003281645-ROSS-003281646 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3699 | State v. Mercado, 121 So. 3d 604 | 135H+96 | It would serve no useful purpose to recount the details of this proceeding. Suffice it to say that neither the prosecutor nor judge is likely to wish to repeat their actions during this trial. Generally, when a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial. Turner v. State, 37 So.3d 212, 221 (Fla.2010); Fuente v. State, 549 So.2d 652, 657 (Fla.1989); Rutherford v. State, 545 So.2d 853, 855 (Fla.1989). | Generally, when a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, double jeopardy does not bar a retrial. U.S.C.A. Const.Amend. 5. | "When a trial court declares a mistrial on the defendant's motion or with his consent, or upon a manifest necessity, does double jeopardy not bar a retrial?" | Double Jeopardy - Memo 258 - C - RF_66963.docx | ROSS-003279944-ROSS-003279945 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 3700 | State v. Tolliver, 839 S.W.2d 296 | 135H+96 | The double jeopardy clause does not bar retrial if the defendant requests, or consents to, the mistrial. United States v. Dinitz, 424 U.S. 600, 607"608, 96 S.Ct. 1075, 1079"80, 47 L.Ed.2d 267 (1976); State v. Fitzpatrick, 676 S.W.2d 831, 835 (Mo. banc 1984). Where such a mistrial occurs, the defendant's right to a particular tribunal is not implicated unless governmental or judicial conduct was intended to "goad" the defendant into requesting or consenting to a mistrial. Oregon v. Kennedy, 456 U.S. at 676, 102 S.Ct. at 2089. | Double jeopardy clause does not bar retrial if defendant requests, or consents to, mistrial; where such mistrial occurs, defendant's right to particular tribunal is not implicated unless government or judicial conduct was intended to "goad" defendant into requesting or consenting to mistrial. U.S.C.A. Const.Amend. 5. | "Where mistrial occurs, is a defendant's right to a particular tribunal not implicated unless government or judicial conduct was intended to ""goad"" a defendant into requesting or consenting to mistrial?" | Double Jeopardy - Memo 322 - C - TJ_66616.docx | ROSS-003281418-ROSS-003281419 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3701 | State v. Bertrand, 133 N.H. 843 | 135H+201 | The State, however, argues that even if the defendant moved for a dismissal rather than a mistrial, he did not explicitly state that he in fact desired either a complete dismissal or, in the alternative, a resumption of the trial in front of the present judge and jury. The State would have us hold that the defendant thus effectively consented to a mistrial. Contrary to the implication of the State argument, a defendant generally cannot consent to a mistrial by silence, see id. at 49"50, and we hold, therefore, that where a defendant moves for dismissal and makes it clear to the court that he is asking for a final determination of the charges before the court and not for a mistrial, he need not explicitly state that he would prefer to continue the trial rather than have it end in a mistrial declaration in order to preserve a future claim of double jeopardy. See Adkins v. Bordenkircher, 674 F.2d 279, 283 (4th Cir.), cert. denied, 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed.2d 104, 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982). | Where defendant moves for dismissal and makes it clear to court that he is asking for a final determination of charges before court and not for mistrial, he need not explicitly state that he would prefer to continue trial rather than have it end in mistrial declaration in order to preserve future claim of double jeopardy. U.S.C.A. Const.Amend. 5. | Can a defendant generally consent to mistrial by silence? | 015352.docx | LEGALEASE-00163350-LEGALEASE-00163351 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 3702 | Ex Parte Huddlestun, 505 S.W.3d 646 | 110+867.1 | On the other hand, a prosecutor is entitled to that "one full and fair opportunity to present his evidence to an impartial jury." Id. at 505, 98 S.Ct. 824. As the Supreme Court noted, "Unless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial in appropriate cases." Id. at 513, 98 S.Ct. 824. Therefore, a defendant's "valued right to have the trial concluded by a particular tribunal is [and must be] sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." Id. at 505, 98 S.Ct. 824; see also Ledesma v. State, 993 S.W.2d 361, 364 (Tex. App."Fort Worth 1999, pet. ref'd) ("A mistrial ordinarily requires the balancing of two competing interests: the defendant's right to have the trial completed, and the public's interest in fair trials designed to end in just judgments."). | Unless unscrupulous defense counsel are to be allowed an unfair advantage, the trial judge must have the power to declare a mistrial in appropriate cases; therefore, a defendant's valued right to have the trial concluded by a particular tribunal is and must be sometimes subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury. | "Unless unscrupulous defense counsel are to be allowed an unfair advantage, should the trial judge have the power to declare a mistrial in appropriate cases?" | 015391.docx | LEGALEASE-00163153-LEGALEASE-00163154 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 3703 | Washington v. Com., 35 Va. App. 202 | 135H+95.1 | "Immediately before, and immediately after empanelling and swearing of the jury things are much the same, but in one jeopardy has not attached while, in the other, it has." Webb v. Hutto, 720 F.2d 375, 379 (4th Cir.1983). Therefore, when the trial judge sua sponte, over defendant's objection, declares a mistrial, the defendant is deprived of his "valued right to have his trial completed by a particular tribunal." United States v. Jorn, 400 U.S. 470, 484, 91 S.Ct. 547, 556, 27 L.Ed.2d 543 (1971) (citing Wade, 336 U.S. at 689, 69 S.Ct. at 837). | Immediately before, and immediately after empaneling and swearing of the jury things are much the same, but in one jeopardy has not attached while, in the other, it has; therefore, when the trial judge sua sponte, over defendant's objection, declares a mistrial, the defendant is deprived of his valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | "When the trial judge sua sponte, over defendant's objection, declares a mistrial, is the defendant deprived of his valued right to have his trial completed by a particular tribunal?" | Double Jeopardy - Memo 391 - C - RF_66801.docx | ROSS-003293837 | Condensed, SA | 0.29 | 0 | 1 | 0 | 1 | |
| 3704 | State v. Farmer, 224 A.2d 481 | 135H+6 | The requirement for completion of a trial once begun is not an inexorable one, admitting of no qualifications or exceptions. The rule against double jeopardy does not signify that every time a defendant is put on trial before an appropriate court he is entitled to go free if the trial falls short of final judgment. Such a doctrine, the United States Supreme Court said in Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), would create an insuperable obstacle to the administration of justice in many cases where there is no semblance of the oppressive practices at which the double jeopardy provision is aimed. It was recognized there that in some unusual instances a defendant's right to have his trial completed by a particular tribunal must be subordinated to the public interest in fair trials designed to end in just judgments. | The rule against double jeopardy does not signify that every time a defendant is put on trial before an appropriate court he is entitled to go free if the trial falls short of final judgment, but in some unusual instances a defendant's right to have a trial completed by a particular tribunal must be subordinated to the public interest in fair trials designed to end in just judgment. U.S.C.A.Const. Amend. 14; Const.1947, Art. I, par. 11. | Does the double jeopardy provision not mean that every time trial aborts or does not end with a final judgment defendant must be set free? | 015501.docx | LEGALEASE-00163625-LEGALEASE-00163626 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 3705 | MacDonald v. Follett, 142 Tex. 616 | 260+79.1(0.5) | The case stems back to negotiations had in 1932. At that time it was thought that the territory adjacent to a lake called Old Ocean, in Brazoria County, was prospective oil territory. Bernard River Land Development Company, a corporation, of which MacDonald was president and largest stockholder, owned large tracts of land in the vicinity of Old Ocean as did also certain citizens of Iowa, who will be referred to as the Muellers. For many years prior to 1932 Follett had represented the Muellers as their attorney in Brazoria County. In July, 1932, MacDonald wrote the Muellers asking whether they would be interested in joining him and another landowner in getting up a block of leases in the vicinity of Old Ocean with a view of procuring someone to make a test for oil. In reply the Muellers expressed an interest in the proposition, but referred MacDonald to their attorney, Follett, who was to approve the terms of any lease which they might thereafter execute. As a result of this correspondence Follett and MacDonald met several times in the late summer of 1932. In the course of these meetings they entered into an agreement for the acquisition by them personally in the future of overriding royalties under leases to be negotiated for MacDonald's company and Follett's clients, the Muellers. Follett testified that he and MacDonald agreed that to the extent he had authority to do so, he would include the Mueller lands with the lands of MacDonald's company to try to interest some operators. Follett did not charge the Muellers for his service in looking after the leasing of their land, but was privileged by them to procure, if he could, overriding royalties. He testified that it was agreed between him and MacDonald that whatever "overrides' they would receive they would divide, subject to the approval of the Muellers. By the term "overriding royalty" as used herein is meant a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the | The term "overriding royalty" as used in oil and gas lease agreement meant a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation. | "Does the term overriding royalty mean a given percentage of the gross production carved from the working interest but, by agreement, not chargeable with any of the expenses of operation.?" | 021683.docx | LEGALEASE-00163292-LEGALEASE-00163294 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3706 | Geller v. Smith, 130 Cal. App. 485 | 260+79.1(2) | 12 In summarizing his views on the foregoing testimony, the trial judge used the following language: "Apparently, it all hinges on the meaning of the word "bonus." I think the word "bonus' has a legal meaning, but a certain term may have a significant meaning in a certain business and in a certain locality, and if it varies with the locality, it may be established by evidence. On the other hand, that expression may come to have a definite legal meaning. My opinion is that the term "bonus' as applied to an oil lease has come to have a definite meaning, to"wit: a sum of money paid by a lessee to the lessor in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease. In this case, I am satisfied that the $2000.00 was a bonus and that the use to which that bonus was put cannot change its character. The fact that it was used to pay a commission, and that a part only went to the land owners, would still not change its character from that of a bonus." | "Bonus," as applied to oil lease, held to mean money paid by lessee to lessor in consideration of execution of lease, as distinguished from return or royalty reserved by lessor to be paid by lessee through term of lease. | "Can the term bonus be defined as a sum of money paid in consideration for the execution of a lease, as distinguished from the return or royalty reserved by the lessor to be paid by the lessee through the term of the lease?" | Mines and Minerals - Memo 343 - C - ML_66668.docx | ROSS-003279521-ROSS-003279522 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 3707 | Adams Eng'g Co. v. Constr. Prod. Corp., 156 So. 2d 497 | 307A+699 | Upon review of the numerous cases arising under this statute, we conclude that there existed heretofore a material conflict in the decision defining the nature of an order of dismissal or reinstatement under this provision, and stating the principles controlling review of such orders. While the decision here, applying the ordinary standard or appellate review, has some support in the cases, it conflicts with what we believe to be the better principle embodied in the cases holding that the ruling of a trial court in these premises must be regarded as discretionary. The statutory standard of "good cause shown" requires the exercise of a judicial discretion based upon evidence rather than arbitrary in character. We now hold that such an order is subject to attack only upon the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party. That charge cannot, in our opinion, be sustained in the case at bar | Determination of whether good cause has been shown for reinstatement of a cause of action that has been dismissed for lack of prosecution requires the exercise of a judicial discretion based upon evidence and not judicial discretion of an arbitrary character. F.S.A. S 45.19. | Does the determination of whether good cause has been shown for reinstatement of a cause of action that has been dismissed for lack of prosecution require the exercise of a judicial discretion based upon evidence? | 040676.docx | LEGALEASE-00163064-LEGALEASE-00163065 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 3708 | Tolliver v. Maxey, 218 W. Va. 419 | 30+3635 | This Court's general standard of review under both Rule 41(b) and Rule 60(b) is whether the ruling of the circuit court constituted an abuse of discretion. With regard to Rule 41(b), and its related statutory provision, W. Va.Code, 56-8-12 (1923), the syllabus point in Murray v. Roberts, 117 W.Va. 44, 183 S.E. 688 (1936), holds: A motion to reinstate a dismissed action under the terms of Code, 56-8-12 [W. Va. R.C.P. 41(b) ], is addressed to the sound discretion of the trial court, and, in the absence of a showing of abuse of that discretion, the action of the trial court upon such motion will not be disturbed upon writ of error. Higgs v. Cunningham, 71 W.Va. 674, 77 S.E. 273 [1913]. Syl. pt. 1, Covington v. Smith, 213 W.Va. 309, 582 S.E.2d 756 (2003). See also, Syl. pt. 4, White Sulphur Springs v. Jarrett, 124 W.Va. 486, 20 S.E.2d 794 (1942), holding that a trial court, "upon a motion to reinstate a suit or action, under Code, 56-8-12, is vested with a sound discretion with respect thereto; but that discretion can only operate on evidence tending to establish facts upon which a finding can be based." Syl. pt. 1, Belington Bank v. Masketeers Company, 185 W.Va. 564, 408 S.E.2d 316 (1991); syl., Snyder v. Hicks, 170 W.Va. 281, 294 S.E.2d 83 (1982); 6A M.J., Dismissal, Discontinuance and Nonsuit " 18 (2001). | A motion to reinstate an action dismissed for failure to prosecute is addressed to the sound discretion of the trial court, and, in the absence of a showing of abuse of that discretion, the action of the trial court will not be disturbed upon writ of error. West's Ann.W.Va.Code, 56-8-12; Rules Civ.Proc., Rule 41(b). | Is a motion to reinstate an action dismissed for failure to prosecute addressed to the sound discretion of the trial court? | 040715.docx | LEGALEASE-00163352-LEGALEASE-00163353 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3709 | Manning v. North, 82 S.W.3d 706 | 30+3206 | The power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review. Thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957); F.D.I.C. v. Kendrick, 897 S.W.2d 476, 479 (Tex.App.-Amarillo 1995, no writ). The burden of proof rests on a litigant asserting an abuse of discretion. This is true because there is a presumption that the action of the trial court was justified. Id. at 479. | Power of a trial court to dismiss for want of prosecution is not unbridled as it rests in the exercise of sound judicial discretion, subject to review; thus, on appeal, the trial court's judgment of dismissal will not be reversed unless, as a matter of law, the trial court clearly abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Is the power of a court to dismiss for want of prosecution unbridled? | 040887.docx | LEGALEASE-00163879-LEGALEASE-00163880 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |
| 3710 | Gallagher v. Jewish Hosp. Ass'n of Philadelphia, 228 A.2d 732 | 307A+583 | It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof.Plaintiffs' sole contention on this appeal is that Rule 1037(a) of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix prescribes the exclusive procedure by which a defendant may obtain a judgment of non pros, where the original action is begun by the issuance of a writ of summons. Rule 1037(a) provides:"(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros." | Granting non pros because of failure of plaintiff to prosecute his action within reasonable time rests within discretion of lower court, and exercise of such discretion will not be disturbed on appeal unless there is proof of manifest abuse thereof. | Is the decision to grant judgment of non pros rest within the discretion of the trial court? | 040956.docx | LEGALEASE-00163263-LEGALEASE-00163264 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 3711 | Reed v. Henry C. Beck Co., 510 So. 2d 613 | 413+351 | Under Florida law the requirement to provide workers' compensation benefits is a matter of law-not contract. The duty arises where the business entity is an "actual" employer or where, as a contractor, it sublets part of its contract obligation to others and thereby becomes a "statutory employer" of the subcontractor's employees.Lingold, 416 So.2d at 1272-73. A written agreement is not necessary to establish a general contractor/subcontractor relationship. See Dodge v. William E. Arnold Co., 373 So.2d 98 (Fla. 1st DCA 1979) | Duty to provide workers' compensation benefits arises where business entity is actual employer or where, as contractor, it sublets part of its contract obligation to others and thereby becomes statutory employer of subcontractor's employees. | Does the duty to provide workers compensation arise when an entity is an actual employer? | 048767.docx | LEGALEASE-00164152-LEGALEASE-00164153 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3712 | Sherer v. Green Tree Servicing LLC, 548 F.3d 379 | 25T+141 | "Who is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement." Bridas S.A.P.I.C. v. Gov't of Turkm., 345 F.3d 347, 355 (5th Cir.2003). When the agreement's terms do not expressly state whether a signatory may be compelled to arbitrate with a nonsignatory, we have drawn on various theories of contract and agency law, including equitable estoppel, to determine a nonsignatory's rights and duties under an arbitration clause. See id. at 356 ("Ordinary principles of contract and agency law may be called upon to bind a nonsignatory to an agreement whose terms have not clearly done so."). Here, although the district court held that it must apply equitable estoppel to determine whether Green Tree may compel arbitration, we do not need to apply such a theory because the terms of the Loan Agreement clearly identify when Sherer may be compelled to arbitrate with a nonsignatory. | When agreement's terms do not expressly state whether signatory may be compelled to arbitrate with nonsignatory, courts have drawn on various theories of contract and agency law, including equitable estoppel, to determine nonsignatory's rights and duties under arbitration clause; the other five theories that have been considered are (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing or alter ego, and (5) third-party beneficiary. | Can the ordinary principles of contract and agency law be call upon to bind a nonsignatory to an agreement whose terms have not clearly done so? | 008057.docx | LEGALEASE-00165003-LEGALEASE-00165004 | Condensed, SA, Sub | 0.52 | 0 | 1 | 1 | 1 | 1 |
| 3713 | Vaughn v. United States, 43 F. Supp. 306 | 34+79(1) | This provision of Section 19 is not, strictly speaking, a statute of limitation. The pure statute of limitation merely limits or restricts the time within which a right, otherwise unlimited, may be exercised. The provision is more or less in the nature of those special statutory limitations, which are in reality statutes of creation, in which time is of the essence of the right claimed and the limitation is an inherent part of the statute from which the right in question arises. To such limitations the rules which govern pure statutes of limitation do not apply. See 37 C.J., Limitations of Actions, "" 2 and 5. The United States cannot, of course, be sued except by its consent. The right to sue it on a contract of war risk term insurance is given solely by the provisions of this section, United States v. Jackson, 10 Cir., 34 F.2d 241, 242, 73 A.L.R. 316; and the commencement of the suit within the time prescribed is an indispensable condition of the action. | The right to sue the United States on a contract of war risk insurance is given solely by statute, and the commencement of suit within the time prescribed by the statute is an indispensable condition of the action. World War Veterans' Act 1924, S 19 as amended 38 U.S.C.A. S 784(a-h). | Is the right to sue the United States on a contract of war risk insurance given solely by statute? | 008873.docx | LEGALEASE-00164214-LEGALEASE-00164215 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3714 | U.S. Commodity Futures Trading Comm'n v. Arrington, 998 F. Supp. 2d 847 | 83H+2 | The CFTC alleges that Kratville committed fraud in violation of the Act and its implementing regulations. Specifically, the CFTC alleges fraud in connection with futures in violation of the CEA, 7 U.S.C. " 6b(a)(i) & (iii) (2006). The CEA "is a remedial statute that serves the crucial purpose of protecting the innocent individual investor"who may know little about the intricacies and complexities of the commodities market"from being misled or deceived." CFTC v. R.J. Fitzgerald & Co., Inc., 310 F.3d 1321, 1329 (11th Cir.2002).The purpose of the CEA is served through several antifraud provisions, including 7 U.S.C. " 6o(1). See CFTC v. Field, 249 F.3d 592, 593 (7th Cir.2001). To establish liability for fraud under the CEA, the CFTC must establish "(1) the making of a misrepresentation, misleading statement, or a deceptive omission; (2) scienter; and (3) materiality." R.J. Fitzgerald, 310 F.3d at 1328; Dudley v. Dittmer, 795 F.2d 669, 672"3 (8th Cir.1986). "Unlike a cause of action for fraud under the common law of Torts, "reliance" on the representations is not a requisite element in an enforcement action." R.J. Fitzgerald, 310 F.3d at 1328 n. 6. For the reasons stated below, the Court concludes that the CFTC has presented ample evidence of misrepresentations by Kratville; that his misrepresentations were material; and that his misrepresentations were made with scienter. | Commodity Exchange Act (CEA) is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | Is the Commodities Exchange Act (CEA) a remedial statute that serves the purpose of protecting the innocent individual investor? | 013635.docx | LEGALEASE-00164275-LEGALEASE-00164276 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3715 | Morrone v. Prestonwood Christian Acad., 215 S.W.3d 575 | 141E+946 | Although teacher at private school was not certified as a teacher by the State of Texas, teacher was an "authorized person" under the terms of the Coverdell Teacher Protection Act since teacher had master's degree in early childhood and family studies and she was authorized to teach in private schools in Texas under private school's accreditation through the Southern Association of Colleges and Schools. Paul D. Coverdell Teacher Protection Act of 2001, " 2366(a)(3), 20 U.S.C.A. " 6736(a)(3). The Morrones argue that Pryor's claim of immunity fails for several reasons. | Although teacher at private school was not certified as a teacher by the State of Texas, teacher was an "authorized person" under the terms of the Coverdell Teacher Protection Act since teacher had master's degree in early childhood and family studies and she was authorized to teach in private schools in Texas under private school's accreditation through the Southern Association of Colleges and Schools. Paul D. Coverdell Teacher Protection Act of 2001, S 2366(a)(3), 20 U.S.C.A. S 6736(a)(3). | Can states require schools to only hire state certified teachers? | 017299.docx | LEGALEASE-00164325-LEGALEASE-00164326 | Condensed, SA, Sub | 0.13 | 0 | 1 | 1 | 1 | 1 |
| 3716 | Lamprey v. Britton Const., 163 N.H. 252 | 307A+695 | Having concluded that the trial court did not err in dismissing the plaintiff's original writ, we now address whether it erred in denying the plaintiff's motion to amend. Plaintiffs must be given leave to amend their writs to correct perceived deficiencies before a dismissal for failure to state a claim has preclusive effect. ERG, Inc. v. Barnes, 137 N.H. 186, 189, 624 A.2d 555 (1993). The opportunity to correct an original writ's perceived deficiencies, however, does not include the right to plead an entirely new cause of action. Pesaturo v. Kinne, 161 N.H. 550, 556, 20 A.3d 284 (2011). A court need only allow substantive amendments when necessary to prevent injustice. Id. A substantive amendment that introduces an entirely new cause of action, or calls for substantially different evidence, may be properly denied. Id. | Plaintiffs must be given leave to amend their writs to correct perceived deficiencies before a dismissal for failure to state a claim has preclusive effect. | Should plaintiffs be given leave to amend their writs to correct perceived deficiencies before a dismissal for failure to state a claim has preclusive effect? | Pretrial Procedure - Memo 12119 - C - VP_67401.docx | ROSS-003308037-ROSS-003308038 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 3717 | State v. Gouleed, 720 N.W.2d 794 | 135H+99 | Both the federal and state constitutions prohibit trying a criminal defendant twice for the same crime. U.S. Const. amend. V; Minn. Const. art. 1, " 7. A criminal defendant who objects to the declaration of a mistrial cannot be retried unless there was a "manifest necessity" for the mistrial or the ends of public justice would otherwise be defeated. Illinois v. Somerville, 410 U.S. 458, 461, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973) (citing the "fountainhead" decision on a mistrial granted over defendant's objection, United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824)); State v. Fuller, 374 N.W.2d 722, 726 (Minn.1985); State v. Gwara, 311 Minn. 106, 108-09, 247 N.W.2d 417, 419 (1976). | Consistent with the constitutional protections against double jeopardy, a criminal defendant who objects to the declaration of a mistrial cannot be retried unless there was a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 4; M.S.A. Const. Art. 1, S 7. | "Consistent with the constitutional protections against double jeopardy, can a criminal defendant who objects to the declaration of a mistrial be retried unless there was a manifest necessity?" | 041012.docx | LEGALEASE-00164294-LEGALEASE-00164295 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3718 | In re APB Online, 259 B.R. 812 | 349A+10 | At common law, a lease transfers an estate in property to the tenant for a stated term, with the right to use and possession reverting to the lessor at the expiration of the lease. Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 368 A.2d 6, 9 (1976); Jo"Mark Sand & Gravel Co. v. Pantanella, 139 Conn. 598, 96 A.2d 217, 218 (1953). Hence, regardless of what the parties call their deal, its characterization ultimately turns on whether it grants the lessee the use of the property for its remaining economic life. As aptly stated in In re Marhoefer Packing Co., 674 F.2d 1139 (7th Cir.1982): An essential characteristic of a true lease is that there be something of value to return to the lessor after the term. Where the term of the lease is substantially equal to the life of the leased property such that there will be nothing of value to return at the end of the lease, the transaction is in essence a sale. | An essential characteristic of true "lease" under Connecticut law is that there must be something of value to return to lessor at end of lease; where term of lease is substantially equal to life of leased property, such that there will be nothing of value to return, transaction is in essence a sale with disguised security agreement. | "Is an essential characteristic of a true ""lease"" under law is that there must be something of value to return to a lessor at end of a lease?" | 042822.docx | LEGALEASE-00164487-LEGALEASE-00164488 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3719 | Kennerly v. Ocmulgee Lumber Co., 206 S.C. 481 | 413+230 | The settled law in this State is that the "basic purpose (of the Workmen's Compensation Act) is inclusion of employers and employees, and not their exclusion, and that its presumptions and its penalties are directed towards the end of effecting coverage rather than non-coverage." | The basic purpose of Workmen's Compensation Act is inclusion of employers and employees and not their exclusion, and its presumptions, and its penalties are directed toward end of effecting coverage rather than noncoverage. Code 1942, S 7035-1 et seq. | "Are the presumptions and penalties of the Workmens Compensation Act directed towards the end of effective coverage, rather than noncoverage?" | Workers Compensation - Memo 762 - C - ANC_67428.docx | ROSS-003293703-ROSS-003293704 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 3720 | McDowell v. Stilley Plywood Co., 210 S.C. 173 | 413+230 | The only provision of the Act under discussion having any bearing on the issue or issues before the Court is Section 19 (Section 7035"22 of the Code of 1942). Construing this Section this Court has held that the word "workman" is synonymous with the word "employee," and that the employees of a subcontractor engaged in the work, business or occupation of the "owner" or principal contractor, are employees of the "owner" within the intendment of the Act, and therefore entitled to the benefits therein provided. Marchbanks v. Duke Power Company, 190 S.C. 336, 2 S.E.2d 825, Kennerly v. Ocmulgee Lumber Co., supra, and Hopkins v. Darlington Veneer Co., supra. While as has been stated time and again, the basic purpose of the Workmen's Compensation Act is inclusion of employers and employees and not their exclusion, yet the courts are without authority to enlarge the meaning of the terms used by the Legislature or to extend by construction its scope and intent so as to include persons not embraced by its terms; and one who seeks to avail himself of the Act must come within its terms. | The basic purpose of the workmen's compensation is inclusive of employers and employees and not their exclusion, but the courts are without authority to enlarge meaning of the terms used by legislature or to extend by construction its scope and intent so as to include persons not embraced by its terms. | "In workmens compensation, may the courts enlarge the meaning of the terms in the law?" | 048571.docx | LEGALEASE-00164623-LEGALEASE-00164624 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3721 | Specie v. Howerton Elec. Co., 344 S.W.2d 314 | 413+52 | The word "employee" is defined in the Workmen's Compensation Law, Section 287.020 RSMo 1949, V.A.M.S., as "every person in the service of any employer * * * under any contract of hire, express or implied, oral or written * * *" and the word employer has been defined in Section 287.030 as "every person * * * corporation * * * using the service of another for pay." In Baldwin v. Gianladis, Mo.App., 159 S.W.2d 706, 708, the court said: "These definitions as well as the whole of the Workmen's Compensation Law should be broadly and liberally construed by the courts in order to effectuate the legislative intent to afford compensation to an employee * * *." See, also, Dost v. Pevely Dairy Co., Mo.Sup., 273 S.W.2d 242"44. | Definitions of words employer and employee, as well as whole of Workmen's Compensation Law, should be broadly and liberally construed to effectuate legislative intent to afford compensation to employees. Sections 287.020, 287.030 RSMo 1949, V.A.M.S. | "How should the definition of employer, as well as the whole of the Workmens Compensation law be construed?" | Workers' Compensation Memo 770 - C - ANC_67436.docx | ROSS-003278933-ROSS-003278934 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3722 | McCracken v. Wal-Mart Stores E., LP, 298 S.W.3d 473 | 413+187 | Whether a particular sort of work is within a party's usual course of business is a fact-driven inquiry; there is no " "litmus paper" test." Ferguson v. Air"Hydraulics Co., 492 S.W.2d 130, 135 (Mo.App.1973). In Bass, this Court defined "usual business" as "those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement." 911 S.W.2d at 621. This definition is designed to exclude "specialized or episodic work that is essential to the employer but not within the employer's usual business as performed by its employees." Id. | Whether a particular sort of work is within a party's usual course of business is a fact-driven inquiry when determining whether one is a statutory employee under the Workers' Compensation Act; there is no litmus paper test. V.A.M.S. S 287.040(1). | "Is whether a particular sort of work is within the usual course of a business a fact-driven inquiry, with no litmus paper test?" | 048822.docx | LEGALEASE-00164747-LEGALEASE-00164748 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 3723 | United States v. Razmilovic, 507 F.3d 130 | 135H+7 | Because jeopardy attaches when the jury is empaneled and sworn, Corey v. Dist. Court of Vt., Unit # 1, Rutland Circuit, 917 F.2d 88, 90 (2d Cir.1990), the protections afforded by the Double Jeopardy Clause include "the defendant's valued right to have his trial be completed by a particular tribunal." Washington, 434 U.S. at 503, 98 S.Ct. 824 (internal quotation marks omitted). Even when a first trial is not completed, a second prosecution may be "grossly unfair" because it "increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted." Id. at 503"04, 98 S.Ct. 824 (footnotes omitted). | Because jeopardy attaches when the jury is empaneled and sworn, the protections afforded by the Double Jeopardy Clause include the defendant's valued right to have his trial be completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Does the protection by double jeopardy clause include defendant's valued right to have his trial completed by particular tribunal? | Double Jeopardy - Memo 1046 - C - BP_67868.docx | ROSS-003294629-ROSS-003294630 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3724 | Smith v. Wenderlich, 826 F.3d 641 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment, which is made applicable to the states by the Fourteenth Amendment, see Benton v. Maryland, 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), provides that no person shall be "subject for the same offense to be twice put in jeopardy," U.S. Const. amend. V. This provision "protects against," inter alia, "multiple punishments for the same offense." DiFrancesco, 449 U.S. at 129, 101 S.Ct. 426 (internal quotation marks omitted). It is in this respect that Smith contends that his right to be free from double jeopardy has been violated. | The Double Jeopardy Clause of the Fifth Amendment, which is made applicable to the states by the Fourteenth Amendment, provides that no person shall be subject for the same offense to be twice put in jeopardy. U.S. Const. Amends. 5, 14. | "Does the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, prohibit a person from being placed in jeopardy twice for the same offense?" | Double Jeopardy - Memo 911 - C - SHB_67700.docx | ROSS-003308074-ROSS-003308075 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3725 | Hall v. Lexington Ins. Co., 895 So. 2d 1161 | 307A+695 | Florida law holds that before a claim for punitive damages is allowed, section 768.72 requires a plaintiff to make an initial showing by evidence in the record or proffered by the claimant that would provide a reasonable basis for recovery of such damages. See Simeon, Inc. v. Cox, 671 So.2d 158, 160 (Fla.1996); see also Stephanos v. Paine, 727 So.2d 1075, 1076 (Fla. 4th DCA 1999); WFTV, Inc. v. Hinn, 705 So.2d 1010, 1011 (Fla. 5th DCA 1998). To comply with the requirements of the statute, a plaintiff must obtain leave from the trial court to amend the complaint before punitive damages may be asserted. See Simeon, 671 So.2d at 160. If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, the complaint must be dismissed. See id. The Halls did not comply with the statute in that they never sought leave of the court to amend their complaint to assert a claim for punitive damages. Therefore, at the time the offer of settlement was made there was no claim for punitive damages pending and Lexington was not required to include such language in its offer. See Bennett v. Am. Learning Sys. of Boca Delray, Inc., 857 So.2d 986, 988 (Fla. 4th DCA 2003). | If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, the complaint must be dismissed. West's F.S.A. S 768.72. | "If a plaintiff fails to obtain leave from the trial court to amend prior to asserting a claim for punitive damages, should the complaint be dismissed?" | 040832.docx | LEGALEASE-00166082-LEGALEASE-00166083 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 3726 | State v. Marshall, 22 N.E.3d 207 | 135H+99 | Where a defendant objects to a mistrial, the defendant may be retried if "manifest necessity" exists for the mistrial, State v. Gunnell, 132 Ohio St.3d 442, 2012-Ohio-3236, 973 N.E.2d 243, 25, or if " "the ends of public justice would otherwise be defeated." " State v. Glover, 35 Ohio St.3d 18, 19, 517 N.E.2d 900 (1988), quoting State v. Widner, 68 Ohio St.2d 188, 189, 429 N.E.2d 1065 (1981), citing Washington, 434 U.S. at 505, 98 S.Ct. 824, 54 L.Ed.2d 717.8 "Manifest necessity" means a "high degree" of necessity must exist before a mistrial may properly be declared. However, it does not require a showing that a mistrial was "absolutely necessary" or that there was no other alternative but to declare a mistrial. Washington at 511, 98 S.Ct. 824. | "Manifest necessity," for purposes of double jeopardy, means a high degree of necessity must exist before a mistrial may properly be declared and the defendant retried; however, it does not require a showing that a mistrial was absolutely necessary or that there was no other alternative but to declare a mistrial. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 10. | "Does ""manifest necessity,"" for purposes of double jeopardy, mean a high degree of necessity must exist before a mistrial may properly be declared and the defendant retried?" | 015905.docx | LEGALEASE-00166268-LEGALEASE-00166269 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 3727 | State v. Baum, 355 S.C. 209 | 135H+99 | "Manifest necessity" is not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge. Further, the word "necessity" is not to be interpreted literally. Arizona, 434 U.S. at 505-06, 98 S.Ct. 824. Rather, there need only be a "high degree" of necessity in order to conclude that a mistrial is appropriate under the circumstances. Id. at 506, 98 S.Ct. 824. Whether a mistrial is mandated by manifest necessity is a fact specific inquiry. Rowlands, 343 S.C. at 457, 539 S.E.2d at 719. Given the "varying and often unique situations arising during the course of a criminal trial," the United States Supreme Court has recognized a broad discretion reserved to a trial judge in declaring a mistrial. Kirby, 269 S.C. at 29, 236 S.E.2d at 35 (quoting Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973)). A trial judge's decision to grant a mistrial will not be overturned absent an abuse of discretion amounting to an error of law. Rowlands, 343 S.C. at 458, 539 S.E.2d at 719. | "Manifest necessity," to declare a mistrial is not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge, as the word "necessity" is not to be interpreted literally. | "Is ""manifest necessity,"" to declare a mistrial not a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge?" | 015936.docx | LEGALEASE-00166295-LEGALEASE-00166296 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3728 | Natex Corp. v. Paris Indep. Sch. Dist., 326 S.W.3d 728 | 13+27(1) | We now analyze Natex's argument that PISD's original breach of contract and declaratory judgment action was really an artfully pled negligence claim, despite its base in contract. "Because we are not bound by the labels used by the parties, we look to [PISD's] pleadings and determine for ourselves what claim" it asserted. Ashkar Eng'g, 2010 WL 376076, at. To distinguish between tort and contract claims, we consider the source of the duty owed and the nature of the remedy sought. Parker County, 2009 WL 3938051, at (citing Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 45 (Tex.1998)). If PISD's causes of action in the original petition arose only from a violation of a duty imposed by law, the cause of action sounds in tort. Id. If the causes of action arose from a duty imposed by a contract, the cause of action is for breach of contract. Id. A contractual relationship between the parties may create duties under both contract and tort law, and "[t]he acts of a party may breach duties in tort or contract alone or simultaneously in both." Id. The nature of the remedy is instructive on the issue. Id. "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." Id. | To distinguish between tort and contract claims, court considers the source of the duty owed and the nature of the remedy sought; if plaintiff's causes of action arise only from a violation of a duty imposed by law, the cause of action sounds in tort, but if the causes of action arose from a duty imposed by a contract, the cause of action is for breach of contract. | "To distinguish between tort and contract claims, does a court consider the source of the duty owed and the nature of the remedy sought?" | Action - Memo 955 - C _154qZgf9fhAwC7ZY7n8yWI8t7UQ2ZGncy.docx | ROSS-000000037-ROSS-000000038 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 3729 | Vincent v. Jones, 292 F.3d 506 | 135H+100.1 | Once a defendant has been acquitted of a crime, the Double Jeopardy Clause prohibits any further prosecution of the defendant for that crime. See U.S. Const. amend. V.; United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). "[W]hether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." Smalis v. Pennsylvania, 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). In Martin Linen the Supreme Court stated that: [W]e have emphasized that what constitutes an "acquittal" is not to be controlled by the form of the judge's action. Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged. | Whether the trial is to a jury or to the bench, subjecting defendant to post acquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause. U.S.C.A. Const.Amend. 5. | "Whether the trial is to a jury or to the bench, does subjecting a defendant to post-acquittal fact-finding proceedings going to guilt or innocence violate the Double Jeopardy Clause?" | Double Jeopardy - Memo 537 - C - KG_68316.docx | ROSS-003282012 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3730 | Cavitt v. State, 803 So. 2d 1220 | 135H+105 | Moreover, in order for the double jeopardy clause to attach to any action, "the accused must first suffer an actual acquittal or conviction on the merits of the offense. Then, and only then, will a second prosecution for that same offense be barred." Id. at 115 (emphasis added). By this, the court meant that a defendant must be subjected to a "criminal trial." Id. Cavitt pled guilty. While that is technically considered a "conviction," the merits of Cavitt's case were never heard in a criminal trial either by a judge or a jury because he gave up his right to trial. Cavitt is therefore not in danger of double jeopardy and he has no claim as to this issue, illegal forfeiture or not. | In order for the double jeopardy clause to attach to any action, the accused must first suffer an actual acquittal or conviction on the merits of the offense; then, and only then, will a second prosecution for that same offense be barred. U.S.C.A. Const.Amend. 5. | "In order for the double jeopardy clause to attach to any action, should the accused first suffer an actual acquittal or conviction on the merits of the offense?" | 015753.docx | LEGALEASE-00166472-LEGALEASE-00166473 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 3731 | State ex rel. Dandy v. Thompson, 148 W. Va. 263 | 135H+95.1 | The following statement, to which we subscribe, is contained in State v. Whitman, 93 Utah 557, 74 P.2d 696:"It is not altogether, and at all times, within the discretion of the court to stop the prosecution and still hold the accused to answer to the same offense on a future charge. It may discharge the jury under peculiar circumstances in cases of necessity, for circumstances of such nature that neither the court nor the attorney nor the parties have any control over them. But to warrant this course there should be some emergency over which neither court nor attorney has control. State v. Callendine, 8 Iowa 288. We do not mean at present to define or designate any of the cases in which this practice may be pursued, but we all agree that a defendant ought in no case to be put on a second trial for the same offense where they jury has been discharged over defendant's objection, because the court did not like the conduct of counsel or because the court may feel it has erred in prior rulings." | Defendant ought not to be put on a second trial for same offense where, over defendant's objection, jury has been discharged because court did not like counsel's conduct or because court felt it had erred in prior rulings. Code, 62-3-7. | "Ought a defendant not to be put on a second trial for a same offense where, over defendant's objection, a jury has been discharged because a court did not like counsel's conduct?" | 015830.docx | LEGALEASE-00166601-LEGALEASE-00166602 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3732 | McLaughlin v. CitiMortgage, 726 F. Supp. 2d 201 | 349A+10 | Similarly, none of Mr. Ade Bey's other claims survive the motion to dismiss. Count Five alleges various violations of the Uniform Commercial Code (UCC). See Am. Compl. At 15"16. But Article 9 of the UCC, which Mr. Ade Bey alleges was violated, see id., is not applicable to real estate mortgages. See State Nat'l Bank v. Dick, 164 Conn. 523, 531, 325 A.2d 235 (1973). As noted in Dick, Mr. Ade Bey's argument overlooks the fundamental precept of article 9 of the Uniform Commercial Code, which applies only to the creation of a security interest in personal property or fixtures. This is made explicit in the text of comment four to [Article 9, as codified in Connecticut], which says: "This Article is not applicable to the creation of [a] real estate mortgage." Id. (quoting Conn. Gen.Stat. " 42a"9"102). Therefore, CitiMortgage's Motion to Dismiss Count Five is GRANTED. | Article 9 of Uniform Commercial Code (UCC), applicable to creation of security interests in personal property or fixtures, is not applicable to real estate mortgages. | "Is article 9 of Uniform Commercial Code (UCC), applicable to creation of security interests in personal property or fixtures, not applicable to real estate mortgages?" | 042845.docx | LEGALEASE-00166561-LEGALEASE-00166562 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 3733 | In re QDS Components, 292 B.R. 313 | 349A+10 | s discussed above, an essential characteristic of a lease agreement is that the lessor retains an economically meaningful residual interest in the leased property. New " 1"201(37) attempted "to reassert the significance of residual value as the touchstone of the common law definition of a true lease." Gregory J. Naples, A Review and Analysis of the New Article 2A"Leases Amendment to the UCC and Its Impact on Secured Creditors, Equipment and Finance Lessors, 93 Comm. L.J. 342, 349 (1988). See also In re Allen, 174 B.R. 293, 295 (Bankr.D.Or.1994) ("Under the new test, the touchstone for making the determination is whether the lessor retained an economically significant reversionary interest."). In analyzing whether the lessor has retained an economically meaningful residual interest in the "leased" property, courts must look to the economic effect of the purported lease agreement rather than the intent of the parties. | In analyzing whether lessor has retained some economically meaningful residual interest in leased property, so that lease must be regard as true lease rather than as disguised security agreement, courts must look to economic effect of purported lease agreement rather than at intent of parties. | What is considered in analyzing whether a lessor has retained some economically meaningful residual interest in a leased property? | 042873.docx | LEGALEASE-00167061-LEGALEASE-00167062 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 3734 | State ex rel. Ledbetter v. Duncan, 702 S.W.2d 163 | 104+190.1 | Art. II, " 29 of the Tennessee Constitution provides, in pertinent part, as follows: "The General Assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for County and Corporation purposes respectively, in such manner as shall be prescribed by law; ...." thatprovision prohibits the delegation by the legislature of the power to tax except as specifically provided. See, e.g., Gibson County Special School Dist. v. Palmer, Tenn., 691 S.W.2d 544, 549 (1985). | State may require county to appropriate funds for state purpose, or purpose common to State and county, without violating provision of Constitution (Const. Art. 2, S 29) granting General Assembly power to authorize counties and towns to impose taxes, but prohibiting delegation of power to tax except as specifically provided. | "Does the provision of Constitution, granting General Assembly power to authorize counties and towns, to impose taxes prohibit the legislature from delegating that power to courts?" | Taxation - Memo 1332 - C - KAD_68526.docx | ROSS-003306997-ROSS-003306998 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 3735 | Jackson-Shaw Co. v. Jacksonville Aviation Auth., 510 F. Supp. 2d 691 | 289+426(8) | Further, Florida law provides that a lease agreement between two parties does not create a partnership between them simply because the lessor receives a share of the profits of a business in payment of rent. Fla. Stat. " 620.8202(3)(c) 3 (2006)(Florida's "Revised Uniform Partnership Act of 1995"). The Partnership Act provision is reflected in earlier Florida case law. In Ball v. Yates, 158 Fla. 521, 29 So.2d 729 (1946), in holding that an oil lease was not a joint adventure, the court observed: The lessor's interest was in receiving his rent of 10 cents per acre or else that of having wells drilled for oil on his land and receiving a portion of the oil as rent. The lessee's interest was in having the privilege of taking oil and gas from [the lessor's] land. There was not joint or mutual interest. The lessee was to pay and the lessor was to receive. Their interests were adverse and not joint ...; but of course they both wanted oil and gas but there is none and even if oil were produced their interest would be separate and not joint. 29 So.2d at 734. | Under Florida law, a lease agreement between two parties does not create a partnership between them simply because the lessor receives a share of the profits of a business in payment of rent. West's F.S.A. S 620.8202(3)(c). | Will a lease agreement between two parties create a partnership only because the lessor is entitled to receive a share of the profit from the business of lessee in the form of rent? | 05543.docx | LEGALEASE-00083781-LEGALEASE-00083782 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3736 | Jorski Mill & Elevator Co. v. Farmers Elevator Mut. Ins. Co., 404 F.2d 143 | 366+1 | By the terms of its policy Farmers had the right of subrogation and that right was confirmed by the action of CCC. It is urged that subrogation is an equitable doctrine and may not be created by contract. Recognition of the principle that subrogation may arise, independently of contract, because of legal or equitable considerations does not mean that subrogation may not arise out of contract. Indeed, there are two kinds of subrogation, (1) legal or equitable, and (2) conventional. Conventional subrogation arises only by reason of an express or implied agreement. The statements in Hartford Accident & Indemnity Co. v. First Nat. Bank & Trust Co., 10 Cir., 287 F.2d 69, 71; Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137, 83 S.Ct. 232, 9 L.Ed.2d 190 and Memphis & Little Rock R.R. Co. v. Dow, 120 U.S. 287, 301-302, 7 S.Ct. 482, 30 L.Ed. 595, all refer to legal or equitable subrogation and do not deny that conventional subrogation exists by contract. Subrogation is the substitution of one person in the place of another with reference to a lawful claim, demand or right. The substitution may occur through the invocation of the "doctrine" of subrogation or it may be confirmed and acquiesced in by contract. Neither method is exclusive. | "Subrogation" is the substitution of one person in place of another with reference to lawful claim, demand or right, and the substitution may occur through invocation of doctrine of subrogation or it may be confirmed and acquiesced in by contract. | "Is subrogation the substitution of one person in the place of another with reference to a lawful claim, demand or right?" | Subrogation - Memo 364 - TJ.docx | ROSS-003324277-ROSS-003324278 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3737 | Wood v. Beatrice Foods Co., 813 P.2d 821 | 413+2 | We also reject claimant's contention that the statute operates to deprive him of property without due process of law. Claimant had no vested right to an award of benefits when the statute was enacted. Consequently, when the award was entered, it was subject to the provisions of " 8"52"104.5. Statutorily created benefits such as workers' compensation exist only to the extent provided by the applicable statutes, and legislation limiting such benefits does not deprive affected persons of a constitutionally protected property interest. See Meyer v. Industrial Commission, 644 P.2d 46 (Colo.App.1981). | Statutorily created benefits such as workers' compensation exist only to extent provided by applicable statutes, and legislation limiting such benefits does not deprive affected persons of constitutionally protected property interest. C.R.S. 8-52-104.5; U.S.C.A. Const.Amends. 5, 14. | Do workers' compensation benefits deprive affected persons of a constitutionally protected property interest ? | 10636.docx | LEGALEASE-00095513-LEGALEASE-00095514 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 3738 | Fairholme Funds v. United States, 132 Fed. Cl. 49 | 27+1 | Turning to the merits of Mr. Sammons's motion for leave to file an amicus curiae brief, the court notes that "[t]here is no right to file an amicus brief in this court; the decision whether to allow participation by amici curiae is left entirely to the discretion of the court." Fluor Corp. & Affiliates v. United States, 35 Fed.Cl. 284, 285 (1996). In deciding whether to allow such participation, judges consider whether "[m]ovants might have a perspective that would be helpful to the court or otherwise provide information and argument that would illuminate the issues in this case." Land of Lincoln Mutual Health Ins. Co. v. United States, No. 16-744C, 2016 WL 5900196, (Fed. Cl. Oct. 7, 2016). | In deciding whether to allow participation by amici curiae, Court of Federal Claims considers whether movants might have a perspective that would be helpful to the court or otherwise provide information and argument that would illuminate the issues in the case. | What does the Court of Federal Claims consider in deciding whether to allow participation by amici curiae? | 008136.docx | LEGALEASE-00124593-LEGALEASE-00124594 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3739 | Wildensten v. E. Bay Reg'l Park Dist., 231 Cal. App. 3d 976 | 148+293(1) | To state a cause of action for inverse condemnation, the plaintiff must allege the defendant substantially participated in the planning, approval, construction, or operation of a public project or improvement which proximately caused injury to plaintiff's property. (Holtz v. Superior Court (1970) 3 Cal.3d 296, 302"304, 90 Cal.Rptr. 345, 475 P.2d 441; Albers v. County of Los Angeles (1965) 62 Cal.2d 250, 263"264, 42 Cal.Rptr. 89, 398 P.2d 129; Ullery v. County of Contra Costa (1988) 202 Cal.App.3d 562, 568, 248 Cal.Rptr. 727; Souza v. Silver Development Co. (1985) 164 Cal.App.3d 165, 170, 210 Cal.Rptr. 146; see Landslide and Subsidence Liability (Cont.Ed.Bar 1974) " 8.3, p. 166; Condemnation Practice in California (Cont.Ed.Bar Supp.1990) " 13.3, pp. 241"242.) | To state cause of action for inverse condemnation, plaintiff must allege that defendant substantially participated in planning, approval, construction or operation of public project or improvement which proximately caused injury to plaintiff's property. West's Ann.Cal. Const. Art. 1, SS 1, 19; U.S.C.A. Const.Amend. 5. | "To state a cause of action for inverse condemnation, what must be alleged by the plaintiff?" | 017712.docx | LEGALEASE-00127724-LEGALEASE-00127725 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 3740 | Fry v. Blauvelt, 818 N.W.2d 123 | 30+3193 | To ensure our district courts have the tools to effectively manage pretrial conduct and control the conduct of the trial, we have recognized the inherent power of the district court to enforce pretrial orders by imposing sanctions. See Rowen v. Le Mars Mut. Ins. Co. of Iowa, 282 N.W.2d 639, 646 (Iowa 1979). Our rules of civil procedure reflect this inherent power by vesting the district court with discretion to fashion appropriate sanctions for violations of pretrial orders. See Iowa Rs. Civ. P. 1.517(2)(b )(2)"(4), .602(5); Olson, 579 N.W.2d at 305. Although district courts have discretion in deciding whether to enforce pretrial orders, "it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits." Fox v. Stanley J. How & Assocs., Inc., 309 N.W.2d 520, 522 (Iowa Ct.App.1981) | Although district courts have discretion in deciding whether to enforce pretrial orders, it is incumbent upon a reviewing court to scrutinize the exercise of that discretion and to confine the exercise to reasonable limits. | " Is it incumbent upon a reviewing court to scrutinize the exercise of the discretion and to confine the exercise to reasonable limits, in matters of enforcement of pre-trial orders?" | 026623.docx | LEGALEASE-00130120-LEGALEASE-00130121 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 3741 | Tumlison v. Harville, 237 Ark. 113 | 307A+331 | We find no error in this ruling. Although there was no formal motion for discovery under the statute, we may assume that the principles embodied in our discovery act are controlling. That statute contemplates that a party may, for good cause, be afforded an opportunity to examine documents which themselves constitute evidence, Ark.Stat.Ann. " 28"356 (Repl.1962), or which may reasonably be expected to lead to the discovery of evidence. " 28"348(b). Here the abstract of title falls only in the latter class. | Discovery statute contemplates that party may, for good cause, be afforded opportunity to examine documents which themselves constitute evidence or which may reasonably be expected to lead to discovery of evidence. Ark.Stats. SS 28-348(b), 28-356. | "Can a discovery statute contemplate that a party may, for good cause, be afforded an opportunity to examine documents which themselves constitute evidence?" | 027428.docx | LEGALEASE-00131754-LEGALEASE-00131755 | Condensed, SA, Sub | 0.52 | 0 | 1 | 1 | 1 | 1 |
| 3742 | Cywinski v. Binney, 488 F. Supp. 674 | 34+20.6(3) | It is well-settled that the District Courts of the United States have jurisdiction to entertain petitions for habeas corpus filed by military personnel seeking discharge by reason of conscientious objection. Strait v. Laird, 406 U.S. 341, 346, 92 S.Ct. 1693, 1696, 32 L.Ed.2d 141 (1972). The test to determine whether an individual is entitled to conscientious objector status is the same for persons not yet inducted and persons in the military. There are three essential elements: the person must be opposed to war in any form, his or her opposition must be based upon religious training and belief, and his or her objection must be sincere.Clay v. United States, 403 U.S. 698, 700, 91 S.Ct. 2068, 2070, 29 L.Ed.2d 810 (1971). | Test to determine whether an individual is entitled to conscientious objector status is the same for persons not yet inducted and persons in the military; essential elements are that person must be opposed to war in any form, his or her opposition must be based upon religious training and belief, and his or her objection must be sincere. | What are the three basic tests to qualify as a conscientious objector? | 008478.docx | LEGALEASE-00134222-LEGALEASE-00134223 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3743 | In re Goddard & Peterson, PLLC, 789 S.E.2d 835 | 307A+483 | N.C. Gen.Stat. " 1A"1, Rule 36(a) (2014). Rule 36(b), which governs the effect of admissions, provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Id. " 1A"1, Rule 36(b). "In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Town of Chapel Hill v. Burchette, 100 N.C.App. 157, 162, 394 S.E.2d 698, 701 (1990). "Failure to do so means that the facts in question are judicially established." J.M. Parker & Sons, In c. v. William Barber, Inc., 208 N.C.App. 682, 688, 704 S.E.2d 64, 68 (2010)"A judicial admission is a formal concession which is made by a party in the course of litigation for the purpose of withdrawing a particular fact from the realm of dispute. Such an admission is not evidence, but it, instead, serves to remove the admitted fact from the trial by formally conceding its existence.". | In order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule governing such requests if there is any objection whatsoever. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "In order to avoid having requests for admissions deemed admitted, must a party respond within the period of the rule governing such requests if there is any objection whatsoever?" | 029798.docx | LEGALEASE-00135234-LEGALEASE-00135235 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3744 | United States v. Miller, 340 F.2d 421 | 63+1(1) | The District Judge committed no error in refusing the tendered charge. Title 18 U.S.C. " 201 explicitly states in alternatives the intent necessary to constitute bribery. Either an intention to influence official behavior or an intention to induce a breach of duty makes the briber culpable. United States v. Labovitz, 251 F.2d 393, 394 (3rd Cir. 1958). It is immaterial whether the official action which the briber seeks to influence is right or wrong, in the sense that it is expected to result in pecuniary injury to the Government or that it calls upon the bribe recipient to do something other that what he is legally obligated to do. Daniels v. United States, 17 F.2d 339, 343 (9th Cir. 1927), cert. denied, 274 U.S. 744, 47 S.Ct. 591, 71 L.Ed. 1325 (1927); cf. Wilson v. United States, 230 F.2d 521 (4th Cir. 1956), cert. denied, 351 U.S. 931, 76 S.Ct. 789, 100 L.Ed. 1460 (1956). Given the clear definition by Congress of the intent requisite for a violation of the statute here involved, we decline to engraft upon it the additional requirement that the briber act with a corrupt or fraudulent state of mind. | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | "To constitute the offense of attempted bribery, is it immaterial whether the official action sought to be influenced is right or wrong? " | 011508.docx | LEGALEASE-00135530-LEGALEASE-00135531 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3745 | State Farm Fire & Cas. Co. v. Broan Mfg. Co., 523 F. Supp. 2d 992 | 307A+331 | In diversity cases, state law determines a party's duty to preserve evidence that is outcome-determinative, but federal rules govern sanctions for breach of that duty. Allstate Ins. Co. v. Sunbeam Corp., 53 F.3d 804, 806 (7th Cir.1995). Arizona law imposes upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery. Souza v. Fred Carries Contracts, Inc., 191 Ariz. 247, 955 P.2d 3, 6 (1997), quoting Wm. T. Thompson Co. v. General Nutrition Corp., 593 F.Supp. 1443, 1445 (C.D.Cal.1984). Sanctions in the Ninth Circuit are left to the broad discretion of the district courts "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial." Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir.1992); see also Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir.1993) ("A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence."). | Arizona law imposes upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery. | Does the law impose upon litigants a duty to preserve evidence which they know or should know is relevant in the action or is reasonably likely to be requested during discovery? | Pretrial Procedure - Memo # 3311 - C - SPB.docx | ROSS-003290752-ROSS-003290753 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 3746 | Spolski Gen. Contractor v. Jett-Aire Corp. Aviation Mgmt. of Cent. Florida, 637 So. 2d 968 | 307A+726 | Second, Spolski argues the trial court erred in denying a continuance of the hearing on the motions for summary judgment and judgment on the pleadings so that Spolski could produce expert evidence on the product defect. The decision to grant a continuance in a summary judgment hearing is discretionary with the trial judge. See Fla.R.Civ.P. 1.510(f) (indicating a judge "may order a continuance"). Appellate courts will not disturb orders of lower courts in the exercise of their judicial discretion unless an abuse of discretion is clearly shown. E.g., Maule Indus., Inc. v. Seminole Rock & Sand Co., 91 So.2d 307, 311 (Fla.1956). The trial court must be upheld if correct for any reason. Terry v. Conway Land, Inc., 508 So.2d 401, 403 (Fla. 5th DCA 1987), approved, 542 So.2d 362 (Fla.1989). It is not necessary to grant a new trial where the parties had ample time to conduct discovery and obtain experts based on the trial court's granting continuances for expert disclosure. Sun Bank/North Florida, N.A. v. Edmunds, 624 So.2d 753 (Fla. 1st DCA 1993), review denied, 634 So.2d 623 (Fla.1994). There were several continuances granted in this case and it appears Spolski had ample time to secure an expert. In the instant case, there was no showing the trial court abused its discretion. Therefore, we affirm the trial court's denial of Spolski's motion for continuance as to both Moore and Senkarik. | Trial court did not abuse its discretion in denying continuance of hearing on motions for summary judgment and judgment on the pleadings, so that plaintiff could produce expert evidence on product defect, where several continuances were already granted in case, and plaintiff had ample time to secure an expert. | Will the court abuse its discretion in denying continuance of hearing on motions for summary judgment and judgment on the pleadings? | 031493.docx | LEGALEASE-00137135-LEGALEASE-00137136 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3747 | SMM Properties v. City of N. Lauderdale, 760 So. 2d 998 | 268+405 | A special assessment must satisfy a two-prong test in order to be considered a valid special assessment rather than a tax: (1) the services at issue must provide a special benefit to assessed property, and (2) the assessment must be properly apportioned. See Sarasota County v. Sarasota Church of Christ, Inc., 667 So.2d 180, 183 (Fla.1995). The standard of review of the legislative determination that a service provides a special benefit to the land and the determination that the assessment is fairly apportioned is the same, i.e., whether the determination is "palpably arbitrary." Id. at 184. The legislative determination is presumed correct, and the burden is on the party contesting the assessment to establish its invalidity. See City of Hallandale v. Meekins, 237 So.2d 318, 320-21 (Fla. 4th DCA 1970). | A special assessment must satisfy a two-prong test in order to be considered a valid special assessment rather than a tax: (1) the services at issue must provide a special benefit to assessed property, and (2) the assessment must be properly apportioned. | What is the two-prong test a special assessment must satisfy in order to be considered a valid special assessment rather than a tax? | 045648.docx | LEGALEASE-00142953-LEGALEASE-00142954 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3748 | Williams v. Beemiller, 100 A.D.3d 143 | 307A+554 | "However, in opposing a motion to dismiss pursuant to CPLR 3211(a)(8) on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must only set forth[ ] a sufficient start, and show [ ] their position not to be frivolous" (Lettieri v. Cushing, 80 A.D.3d 574, 575, 914 N.Y.S.2d 312 [internal quotation marks omitted]; see Peterson v. Spartan Indus., 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 310 N.E.2d 513; Gold Bullion Intl. v. General Mills, 53 A.D.2d 1045, 1045, 386 N.Y.S.2d 164). Thus, "plaintiff[s] need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant[ ]" (Tucker v. Sanders, 75 A.D.3d 1096, 1096, 904 N.Y.S.2d 618 [emphasis added; internal quotation marks omitted]; see Peterson, 33 N.Y.2d at 467, 354 N.Y.S.2d 905, 310 N.E.2d 513). | In opposing a motion to dismiss for lack of personal jurisdiction, on the ground that discovery on the issue of personal jurisdiction is necessary, plaintiffs need not make a prima facie showing of jurisdiction, but instead must set forth a sufficient start, and show their position is not frivolous. McKinney's CPLR 3211(a)(8). | Does a motion to dismiss for lack of subject matter jurisdiction present a threshold question concerning the trial court's power to act? | 034353.docx | LEGALEASE-00143967-LEGALEASE-00143968 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 3749 | Sherman T. v. Karyn N., 837 N.W.2d 746 | 307A+554 | Although the district court's order does not set forth its precise reasoning, it implicitly found no merit to Sherman's constitutional claims. First, Karyn's motion asked for dismissal of Sherman's amended complaint for lack of subject matter and personal jurisdiction and for the failure to state a claim. Karyn also argued in her motion that Sherman lacked capacity to sue or be sued. We have previously concluded that when a motion to dismiss raises both " 6"1112(b)(1) and " 6"1112(b)(6), the court should consider dismissal under " 6"1112(b)(1) first and should then consider " 6"1112(b)(6) only if it determines that it has subject matter jurisdiction. Similarly, when a motion to dismiss raises " 6"1112(b)(6) and any combination of " 6"1112(b)(2), (4), and (5), the court should consider dismissal under " 6"1112(b)(2), (4), and (5) first and should then consider dismissal under " 6"1112(b)(6) only if it determines that it has personal jurisdiction and that process and service of process were sufficient. | When a motion to dismiss alleged both lack of subject matter jurisdiction and failure to state a claim, the court should consider dismissal for lack of subject matter jurisdiction first and should then consider the failure to state a claim only if it determines that it has subject matter jurisdiction; similarly, when a motion to dismiss raises failure to state a claim and any combination of lack of jurisdiction over the person, insufficient process, and insufficient service, the court should consider the latter issues first and then consider dismissal for failure to state a claim only if it determines that it has personal jurisdiction and that process and service of process were sufficient. Neb. Sup. Ct. S 6-1112(b). | "Should a court consider dismissal for lack of jurisdiction or insufficient process, when a motion to dismiss raises a defense of failure to state a claim and any combination of lack of jurisdiction?" | 033638.docx | LEGALEASE-00144031-LEGALEASE-00144032 | Condensed, SA, Sub | 0.28 | 0 | 1 | 1 | 1 | 1 |
| 3750 | Jenkins v. A. R. Blossman, 60 So. 2d 131 | 302+345(1) | ""We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based."" (Italics ours.) Following the rule stated in the above case and since no inference can be drawn from the facts alleged in plaintiff's petition which would go to show that plaintiff was guilty of any contributory negligence, we are of the opinion that the judge's ruling, referring the exception to the merits, is correct. The exception of vagueness was not urged after the filing of the supplemental petition, even though the supplemental petition was identical to the original petition except as to the quantum of damages. As a matter of fact, the defendant filed its answer subsequent to the filing of the supplemental petition. The exception of vagueness was therefore abandoned at that time and is not urged in this appeal. | An affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based. | When can an affirmative defense presented through exceptions or motions tried or triable only on the face of the petition be sustained? | 037815.docx | LEGALEASE-00152020-LEGALEASE-00152021 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3751 | Cadet-Duval v. Gursim Holding, 147 A.D.3d 718 | 307A+685 | " "On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences' " (Hampshire Props. v. BTA Bldg. & Developing, Inc., 122 A.D.3d 573, 573, 996 N.Y.S.2d 129, quoting Carillo v. Stony Brook Univ., 119 A.D.3d 508, 509, 987 N.Y.S.2d 868). ""In assessing a motion under CPLR 3211(a)(7) .. a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" " (Hampshire Props. v. BTA Bldg. & Developing, Inc., 122 A.D.3d at 573, 996 N.Y.S.2d 129, quoting Leon v. Martinez, 84 N.Y.2d 83, 88, 614 N.Y.S.2d 972, 638 N.E.2d 511). | In assessing a motion to dismiss for failure to state a cause of action a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint. McKinney's CPLR 3211(a)(7). | "In assessing a motion to dismiss for failure to state a cause of action, can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complain?" | 038921.docx | LEGALEASE-00154405-LEGALEASE-00154406 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3752 | Layton v. Cook, 248 Miss. 690 | 48A+218 | In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, "and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal." The operator of a motor vehicle owes to pedestrians walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them. Hence a motorist is guilty of negligence where he strikes a pedestrian walking along the highway, where in the exercise of reasonable care he should have but did not see him and could have avoided the accident. 7 Am.Jur.2d, Automobiles and Highway Traffic, " 400. | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | In the absence of statute to contrary does a pedestrian has the right to use and travel on a highway? | Highways- Memo 413-ANM_61956.docx | ROSS-003278353 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3753 | Rash v. J.V. Intermediate, Ltd., 498 F.3d 1201 | 308+70 | Texas law recognizes several basic duties a fiduciary owes the principal:"Among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them." | Under Texas law, among the agent's fiduciary duties to the principal is the duty to account for profits arising out of the employment, the duty not to act as, or on account of, an adverse party without the principal's consent, the duty not to compete with the principal on his own account or for another in matters relating to the subject matter of the agency, and the duty to deal fairly with the principal in all transactions between them. Restatement (Second) of Agency S 13, comment. | Does an agent owe a fiduciary duty to his principal? | 041956.docx | LEGALEASE-00159011-LEGALEASE-00159012 | SA, Sub | 0.02 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3754 | In re Guardianship of Guaman, 879 N.W.2d 668 | 24+179 | SIJ status provides a means for abused, neglected, and abandoned immigrant youth to obtain lawful permanent residency and a path to United States citizenship under federal law. See 8 U.S.C. "" 1101(a)(27)(J) (defining SIJ status), 1153(b)(4) (2012) (establishing annual immigrant-visa allotment for those with SIJ status and others); see also In re Y.M., 207 Cal.App.4th 892, 144 Cal.Rptr.3d 54, 72 (2012); In re J.J.X.C., 318 Ga.App. 420, 734 S.E.2d 120, 123 (2012). An immigrant need not be a minor to apply for SIJ status, but must be under 21 years of age and unmarried when he or she files an application.1 See 8 C.F.R. " 204.11(c) (2016). When applying for SIJ status, applicants must submit an order from a juvenile or state court finding that (1) the immigrant either "has been declared dependent on a juvenile court," or has been placed in the custody of a state agency or department or an individual or entity "appointed by a [s]tate or juvenile court"; (2) the immigrant's reunification with one or both parents "is not viable due to abuse, neglect, abandonment, or a similar basis found under [s]tate law"; and (3) it would not be in the immigrant's best interests to return to his or her country of origin. 8 U.S.C. " 1101(a)(27)(J)(i)"(ii); see 8 C.F.R. " 204.11 (2016). | Special immigrant juvenile (SIJ) status provides a means for abused, neglected, and abandoned immigrant youth to obtain lawful permanent residency and a path to United States citizenship under federal law. Immigration and Nationality Act, SS 101(a)(27)(J), 203(b)(4), 8 U.S.C.A. SS 1101(a)(27)(J), 1153(b)(4). | "Was Special Immigrant Juvenile (SIJ) status createdto protect abused, neglected, and abandoned immigrant youth through a process allowing them to become legal permanent residents?" | 006796.docx | LEGALEASE-00160370-LEGALEASE-00160371 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 3755 | Zumwalt v. Superior Court, 49 Cal. 3d 167 | 79+5 | We agree, therefore, with the conclusion of the Court of Appeal in Price v. Superior Court, supra, 186 Cal.App.3d 156, 162"163, 230 Cal.Rptr. 442, that the designation of the county clerk as ex officio clerk of the superior court does not create a separate office whose incumbent may claim any right by virtue of his status as county clerk alone to perform court-related duties. The county clerk must perform any duties required by the Legislature to be performed by a superior court clerk. He may not, however, claim the right to perform any such duties which the Legislature has, by enactment of section 69898, permitted a superior court to transfer to an executive or administrative officer | State constitutional designation of county clerk as ex officio clerk of Superior Court does not create separate office whose incumbent may claim any right by virtue of his status as county clerk alone to perform court-related duties; county clerk must perform any duties required by legislature to be performed by superior court clerk but may not claim right to perform any such duties which legislature has, by enactment of statute, permitted Superior Court to transfer to executive or administrative officer, and some court-related duties need not be left to county clerk to avoid "destruction of the office." West's Ann.Cal.Gov.Code S 69898; West's Ann.Cal. Const. Art. 6, S 4. | Does the designation of the county clerk as ex officio clerk of the superior court create a separate office | 013551.docx | LEGALEASE-00164106-LEGALEASE-00164107 | Condensed, SA, Sub | 0.01 | 0 | 1 | 1 | 1 | 1 |
| 3756 | E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | Under the Court of Chancery's precedent, there are five elements necessary to establish a claim for equitable subrogation:(1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What are the required elements of an equitable subrogation claim? | Subrogation - Memo 190 - ANG C.docx | ROSS-003281657-ROSS-003281658 | SA, Sub | 0.09 | 0 | 0 | 1 | 1 | |
| 3757 | Telluride Asset Resolution v. Bullock (In re Telluride Global Development), 380 B.R. 817 | 170B+3931 | The prior pending action doctrine is one of federal judicial efficiency and provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." " Cupe v. Lantz, 470 F.Supp.2d 128, 132 (D.Conn.2007) (citing Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc., 804 F.2d 16, 19 (2nd Cir.1986)); see also In re Canter (Canter), 1 B.R. 172, 175 (Bankr.D.Mass.1979). The decision to not hear the subsequent action is discretionary. See Adam v. Jacobs, 950 F.2d 89, 92 (2nd Cir.1991). Generally, a Court may decline to hear a subsequent lawsuit when (1) "an identity of issues exists [with the prior pending action]," and (2) "the controlling issues in the dismissed action [the subsequent action] will be determined in the other lawsuit." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, " 1360, p. 89 (3d ed.2004); see also Canter, 1 B.R. at 175 (Bankr.D.Mass.1979). In determining whether a claim is barred by the prior pending action doctrine, this court may compare the pleadings filed in the two actions. See Connecticut Fund for the Environment v. Contract Plating Co., 631 F.Supp. 1291, 1293 (D.Conn.1986). | Where there are two competing lawsuits, a court generally may decline to hear a subsequent lawsuit pursuant to the prior pending action doctrine when (1) an identity of issues exists with the prior pending action, and (2) the controlling issues in the dismissed action, that is, the subsequent action, will be determined in the other lawsuit. | When does a court generally decline to hear a subsequent lawsuit pursuant to the prior pending action doctrine? | Abatement and Revival - Memo 2 - VP.docx | ROSS-003283117-ROSS-003283118 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3758 | United States v. Barr, 617 F.3d 370 | 148+131 | Relying by analogy on Takings Clause precedents, Mrs. Barr secondly asserts that the fact that she is being deprived of her right to prevent sale distinguishes the present situation from a consensual sale, and thus undermines the conclusion that Michigan law implicitly supports an equal assignment of interests. In upholding " 7403 as consistent with the Fifth Amendment, the Supreme Court in Rodgers noted that, "[t]o the extent that third-party property interests are "taken" in the process [of a tax foreclosure], " 7403 provides compensation for that "taking" by requiring that the court distribute the proceeds of the sale "according to the findings of the court in respect to the interests of the parties and of the United States." " 461 U.S. at 697"98, 103 S.Ct. 2132. Mrs. Barr is correct that the exercise of the Government's power to force the sale of her home deprives her of her right to refuse a sale, and she is not specifically being compensated for that loss. But this is consistent with the general rule under the Takings Clause that property owners are paid only the fair market value of their property when they are forced to part with it against their will. See Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 9"10, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984). " "Under this standard, the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking." " Id. at 10, 104 S.Ct. 2187 (quoting United States v. 564.54 Acres of Land, 441 U.S. 506, 511, 99 S.Ct. 1854, 60 L.Ed.2d 435 (1979)) (internal quotation marks omitted). The Supreme Court has acknowledged that, "[p]articularly when property has some special value to its owner because of its adaptability to his particular use, the fair-market-value measure does not make the owner whole." Id. at 10 n. 15, 104 S.Ct. 2187. But "[w]e are willing to tolerate such occasional inequity because of the difficulty of assessing the value an individual places upon a particular piece of property and because of the need for a | The general rule under the Takings Clause is that property owners are paid only the fair market value of their property when they are forced to part with it against their will; under this standard, the owner is entitled to receive what a willing buyer would pay in cash to a willing seller at the time of the taking. U.S.C.A. Const.Amend. 5. | What is the fair market value that the owner is entitled to receive in takings? | Eminent Domain - Memo 155 - RK.docx | ROSS-003283378-ROSS-003283380 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3759 | Vested Bus. Brokers, Ltd. v. Ragone, 131 A.D.3d 1232 | 307A+746 | In seeking to vacate its default in appearing at a conference, a defendant must establish both a reasonable excuse for its default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Robinson v. Plaro Estates, Inc., 119 A.D.3d 542, 544, 989 N.Y.S.2d 112; Hanscom v. Goldman, 109 A.D.3d 964, 972 N.Y.S.2d 76; 9 Bros. Bldg. Supply Corp. v. Buonamicia, 106 A.D.3d 968, 965 N.Y.S.2d 380). Here, the defendants failed to proffer a reasonable excuse for their default. Therefore, the question of whether the defendants had a potentially meritorious defense need not be addressed (see Cervini v. Cisco Gen. Constr., Inc., 123 A.D.3d 1077, 1 N.Y.S.3d 195; Matter of Proctor"Shields v. Shields, 74 A.D.3d 1347, 904 N.Y.S.2d 183; Select Papers v. College Promotions Corp., 241 A.D.2d 675, 676, 663 N.Y.S.2d 1012). | In seeking to vacate its default in appearing at a conference, a defendant must establish both a reasonable excuse for its default and a potentially meritorious defense to the action. McKinney's CPLR 5015(a)(1). | "In seeking to vacate its default in appearing at a conference, should a defendant establish both a reasonable excuse for its default and a potentially meritorious defense to the action?" | Pretrial Procedure - Memo # 6448 - C - LN.docx | ROSS-003291398-ROSS-003291399 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3760 | Doe v. Amherst Coll., 238 F. Supp. 3d 195 | 141E+1166 | Under Massachusetts law, courts apply the standard of reasonable expectation when considering a breach of contract claim brought against a private school by a student or former student. Walker, 840 F.3d at 61. The reasonable expectation standard requires courts to interpret the terms of the contract by giving them the " "meaning the party making the manifestation, the [college], should reasonably expect the [student] to give it." " Schaer, 735 N.E.2d at 378 (quoting Cloud, 720 F.2d at 724. | Under Massachusetts law, courts apply the standard of reasonable expectation when considering a breach of contract claim brought against a private school by a student or former student. | Do courts apply the standard of reasonable expectation when considering a breach of contract claim brought against a private school by a student? | Education - Memo # 193 - C - KS_60309.docx | ROSS-003295448-ROSS-003295449 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 3761 | In re Houston, 409 B.R. 799 | 366+2 | The doctrine of equitable subrogation is "founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in light of the actions and relationship of the parties." Calvert Fire Ins. Co. v. James, 236 S.C. 431, 114 S.E.2d 832, 834 (1960). Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) the party claiming subrogation has paid the debt; (2) the party was not a volunteer but had a direct interest in the discharge of the debt or lien; (3) the party was secondarily liable for the debt or for the discharge of the lien; and (4) no injustice will be done to the other party by the allowance of the equity. United Carolina Bank v. Caroprop, Ltd., 316 S.C. 1, 446 S.E.2d 415, 416 (1994). | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) party claiming subrogation has paid debt; (2) party was not a volunteer, but had direct interest in discharge of the debt or lien; (3) party was secondarily liable for debt or for discharge of lien; and (4) no injustice will be done to the other party by allowance of the equity. | What factors must be present for equitable subrogation to be appropriate? | Subrogation - Memo # 404 - C - SA.docx | ROSS-003296866-ROSS-003296868 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3762 | Tatum v. Townsend, 61 A.2d 478 | 13+65 | The evidence revealed that the construction plans had not been approved by theDistrict of Columbia Commissioners at the time the suit was filed, and that notice of such approval was not given to plaintiff until almost two months later, on the day before the trial of this case. Defendants by motion for directed verdict challenged the propriety of the suit, contending that it was prematurely filed and that plaintiff had no cause of action until the plans had first "been filed with and approved by the Commissioners of the District of Columbia.' In overruling the motion the trial judge filed a memorandum in which he held that the provisions of the Act reciting that no possessory action 'shall be maintainable' (unless one of the five exceptedsituations existed) applies to actions already brought but not yet reduced to judgment. He concluded 'that it is not necessary as a preliminary to the right of action in this case that the plansfor the erection of a new building on the premises should have been prepared and approved by the Commissioners first, but only that they should have been approved before judgment.' With this conclusion we cannot agree. We think the rights of the parties and the status and condition of plaintiff's claim are to be tested by the facts as they existed on the day the suit was filed, and not by what developed or what plaintiff was able to accomplish between the filing date and the time of the trial. In two other cases, decided this day, we have made similar rulings. This is in conformity with the rule which is hardly open to question, that no suit can be begun until a cause of action accrues to the plaintiff. | Rights of parties and status and condition of plaintiff's claim are to be tested by the facts as they existed on the day suit was filed and not by what developed or what plaintiff was able to accomplish between the filing date and the time claim was filed. | Are the rights of parties and status and condition of plaintiff's claim to be tested by the facts as they existed on the day suit were filed? | Action - Memo # 822 - C SJ.docx | ROSS-003300006-ROSS-003300008 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 3763 | Valley View Health Care v. Chapman, 992 F. Supp. 2d 1016 | 25T+117 | "As federal substantive law, the FAA preempts contrary state law." Mortensen, 722 F.3d at 1158. Nonetheless, the FAA's preemption power has an exception, via the 9 U.S.C. " 2 savings clause, in that it does not require the enforcement of arbitration agreements on "such grounds as exist at law or in equity for the revocation of any contract." Mortensen, 722 F.3d at 1158. "This savings clause preserves generally applicable contract defenses, such as fraud, duress, or unconscionability, and ensures that they are not preempted." Mortensen, 722 F.3d at 1158. | As federal substantive law, the Federal Arbitration Act (FAA) preempts contrary state law; nonetheless, the FAA's preemption power has an exception, via the savings clause, in that it does not require the enforcement of arbitration agreements on such grounds as exist at law or in equity for the revocation of any contract. U.S.C.A. Const. Art. 6, cl. 2; 9 U.S.C.A. S 2. | Does the Federal Arbitration Act pre-empt contrary state law? | Alternative Dispute Resolution - Memo 331 - RK.docx | ROSS-003302647-ROSS-003302648 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 3764 | Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V., 61 F. Supp. 3d 372 | 221+342 | [T]he act of state doctrine [ ] concerns foreign governments' conduct within their own territory: it holds that generally "the courts of this country [will not] inquir[e] into the validity of the public acts [of] a recognized foreign sovereign power committed within its own territory." " However, it is black-letter law that the doctrine "does not prevent examination of the validity of an act of a foreign state with respect to a thing located, or an interest localized, outside of its territory." While " "the situs of intangible property is about as intangible a concept as is known to the law, "[g]enerally courts have viewed the situs of the right to use a trademark or to market products "to be in that nation granting the marketing rights or the right to use the trademark itself rather than in that nation in which the person or company who was given the right to use the trademark or who manufactures the product is located." Therefore, the doctrine does not apply to international trademark disputes in which a foreign government declares, through a formal decree, an act, directive, or otherwise, U.S. trademark rights to be its own property, or that of another foreign or U.S. entity. | Pursuant to act of state doctrine, American courts will not inquire into validity of public acts of recognized foreign sovereign power committed within its own territory. | Can courts inquire into the validity of public acts of recognized foreign sovereign power committed within its own territory pursuant to the act of state doctrine? | International Law - Memo # 137 - C - SA.docx | ROSS-003310653-ROSS-003310654 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3765 | Stern v. Marshall, 471 S.W.3d 498 | 307A+501 | A motion for "sanction[s] for filing a frivolous lawsuit ... survive[s] nonsuit, else its imposition would rest completely in the plaintiff's hands, defeating its purpose." CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc., 390 S.W.3d 299, 300 (Tex.2013). The supreme court has noted, however that "[a]lthough the Rule permits motions for costs, attorney's fees, and sanctions to remain viable in the trial court, it does not forestall the nonsuit's effect of rendering the merits of the case moot." Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d 98, 101 (Tex.2006) (per curiam); see also id. at 100"01 (holding Rule 162's provision providing that a nonsuit shall "have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal" allows the court to rule on a defendant's request for an award of costs post-dismissal, but that request is considered "collateral to the merits of the underlying case" rather than a request for affirmative relief). "A claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action." Id. at 101 (citing BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 841 (Tex.1990)). "The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of this right" to nonsuit under Rule 162. Millard, 800 S.W.2d at 841. Similarly, a request for declaratory relief that amounts to only denial of plaintiff's cause of action is not a counterclaim that seeks affirmative relief that survives a nonsuit. Id.; see also Gen. Land Office v. Oxy U.S.A., 789 S.W.2d 569, 570 (Tex.1990) ("If a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit."). | Under the civil procedure rule governing a plaintiff's right to nonsuit, a claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action. Tex. R. Civ. P. 162. | Should a claim for affirmative relief allege a cause of action independent of the plaintiff's claim on which the claimant could recover compensation or relief? | Pretrial Procedure - Memo # 966 - C - PC.docx | ROSS-003312156-ROSS-003312157 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 3766 | Pulte Home Corp. v. Parex, 174 Md. App. 681 | 366+1 | This Court has summarized: In Maryland, there are three kinds of subrogation: 1) legal subrogation, arising by operation of law; 2) conventional subrogation, arising by an express or implied agreement; 3) statutory subrogation, created by an act of the Legislature. Poteet v. Sauter, 136 Md.App. 383, 401, 766 A.2d 150 (2001). The elements of legal subrogation are: (1) the existence of a debt or obligation for which a party, other than the subrogee, is primarily liable, which (2) the subrogee, who is neither a volunteer nor an intermeddler, pays or discharges in order to protect his own rights or interests. Bachmann v. Glazer & Glazer, Inc., 316 Md. 405, 411, 559 A.2d 365 (1989). | The elements of legal subrogation are: (1) the existence of a debt or obligation for which a party, other than the subrogee, is primarily liable, which (2) the subrogee, who is neither a volunteer nor an intermeddler, pays or discharges in order to protect his own rights or interests. | "Does the element of legal subrogation include the existence of a debt or obligation for which a party, other than the subrogee, is primarily liable?" | Subrogation - Memo 549 - C - SA.docx | ROSS-003314312-ROSS-003314313 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 3767 | Murray v. Cadle Co., 257 S.W.3d 291 | 366+31(4) | Additionally, each case turns on its own facts when the issue is one of purely equitable subrogation. Providence Inst. for Sav. v. Sims, 441 S.W.2d 516, 519"20 (Tex.1969). The trial court must balance the equities in view of the totality of the circumstances to determine whether a party is entitled to equitable subrogation. See id.; Ackerman, 70 Tex. at 319"20, 8 S.W. at 47"48; Esparza v. Scott & White Health Plan, 909 S.W.2d 548, 552 (Tex.App.-Austin 1995, writ denied), abrogated in part on other grounds by Fortis Benefits v. Cantu, 234 S.W.3d 642 (Tex.2007). Factors a court may consider in conducting this balancing test are the negligence of the party claiming subrogation, whether that party had notice of the intervening lien, and whether the intervening lienholder will be prejudiced if equitable subrogation is allowed. See Sims, 441 S.W.2d at 519 (negligence, notice); Ogden, 886 S.W.2d at 311 (prejudice). When prejudice is shown, a court should consider the entire circumstances in determining the weight to give the prejudice. Fleetwood, 786 S.W.2d at 555 n. 2 (Tex.App.-Austin 1990, writ denied). A trial court should consider whether the subrogation results in additional debt having priority over the intervening interest, whether it results in a material change in the terms of the superior interest, the foreseeability of the potential prejudice, and whether the party claiming prejudice could have avoided the prejudicial effect. Id. (foreseeability, avoidance); Med Ctr. Bank v. Fleetwood, 854 S.W.2d 278, 286 (Tex.App.-Austin 1993, writ denied) (additional debt, material change). A junior lienholder does not suffer prejudice merely because it is not elevated in priority. See Sanger Bros. v. Ely & Walker Dry Goods Co., 207 S.W. 348, 350 (Tex.Civ.App.-Fort Worth 1918, writ ref'd). | Factors a court may consider in conducting equitable subrogation balancing test are the negligence of the party claiming subrogation, whether that party had notice of the intervening lien, and whether the intervening lienholder will be prejudiced if equitable subrogation is allowed. | What are the factors a court may consider in conducting a balancing test for claim of equitable subrogation? | Subrogation - Memo 287 - RM C.docx | ROSS-003329757-ROSS-003329758 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3768 | Webb v. Ensco Marine Company, 121 F. Supp. 2d 1049 | 16+1(1) | There is generally no right to a jury trial when a court hears a case under its admiralty jurisdiction. See Keene v. Bouchard Transportation Co., Inc., 9 F.Supp.2d 764, 765 (S.D.Tex.1998), citing, Durden v. Exxon Corp., 803 F.2d 845, 848-50 (5th Cir.1986).A plaintiff, however, "who has a state common law cause of action that also falls within the federal admiralty jurisdiction may elect to bring the suit either as an admiralty action in federal court, or as a state common law action in state court or in federal court assuming he meets the diversity jurisdiction requirements for federal court." T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 586 (5th Cir.1983). The heart of this dispute is whether language in Plaintiff's First Amended Original Complaint deprives him of his right to trial by jury. | Plaintiff who has state common law cause of action that also falls within federal admiralty jurisdiction may elect to bring suit either as admiralty action in federal court, or as state common law action in state court or in federal court, assuming he meets diversity jurisdiction requirements for federal court. | Can a plaintiff in an admiralty case pursue his common law remedies in a state court? | Admiralty Law - Memo 3 - MS.docx | ROSS-003326676-ROSS-003326678 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3769 | Goldberg Realty Grp. v. Weinstein, 669 A.2d 187 | 38+18 | The undisclosed agreement to pay $55,000 from GRG to Camplin was material to the sale of the property. Had Weinstein received $1.1 million cash from Feldman in lieu of $1.1 million cash from Camplin, the undisclosed payment might not have been material to the closing. But here, however, Weinstein had initially agreed to accept a $100,000 note from Camplin, secured by a mortgage on property owned and operated by Camplin. The risk faced by Weinstein in the Camplin contract was the risk that Camplin would default on the $100,000 note and Weinstein would be forced to bear the expense and inconvenience of foreclosing the second mortgage on the property in order to satisfy the debt. The second risk was that the property would be unable to satisfy the debt. The risk of loss faced by Weinstein was determined by several factors, including Camplin's other personal assets and liabilities, and Camplin's ability to manage the property. The individual nature of these risks make the loan provision unassignable, absent some explicit language to the contrary. "A contractual right can be assigned unless the substitution of a right of the assignee for the right of the assignor would materially change the duty of the obligor, or materially increase the burden or risk imposed on him by his contract." Chadwick"BaRoss v. Martin Marietta Corp., 483 A.2d 711, 715 (Me.1984), quoting Restatement (2d) of Contracts, " 317(2)(a). See also, Salmon Lake Seed Co. v. Frontier Trust Co., 130 Me. 69, 74, 153 A. 671 (1931) ("An executory contract for personal services, or a contract otherwise involving personal credit, trust, or confidence, cannot be assigned by the sole act of one of the parties thereto."). Thus, a note guaranteed by Camplin, but to be paid by the Feldman corporation, secured by a mortgage on property owned and operated by the Feldman corporation, was not what Weinstein had initially agreed to. Weinstein could have refused to extend credit to the Feldman corporation, even | Contractual right can be assigned unless substitution of right of assignee for right of assignor would materially change duty of obligor, or materially increase burden or risk imposed on him by contract. Restatement (Second) of Contracts S 317(2)(a). | Does substitution of right in favor of the assignee instead of the assignor materially increase the burden or risk on the obligor? | Assignments - Memo 10 MS.docx | ROSS-003283978-ROSS-003283980 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 3770 | People v. Hall, 55 Cal. App. 2d 343 | 181+10 | Coming to the forgery charge, we think the evidence above recited is ample to support the jury's verdict. From it the jury could find that after Frank had signed the deed and delivered it to defendant the latter, without Frank's knowledge or consent, changed the name of the grantee and used the deed so altered as a means of obtaining payment from Yebras for the property then appearing to be conveyed to him by it. A deed so altered is, of course, void and ineffective as a conveyance to the person whose name is so inserted as grantee. This is sufficient to satisfy the provision of section 470 of the Penal Code that "Every person who, with intent to defraud, * * * falsely makes, alters, forges or counterfeits, any * * * deed * * * is guilty of forgery." Defendant cites against this conclusion Dutton v. Locke"Paddon, 1918, 37 Cal.App. 693, 695, 174 P. 674, and Riverside P. C. Co. v. Maryland C. Co., 1920, 46 Cal.App. 87, 189 P. 808, but neither case is in point here. In the Dutton case it was held that a change in the name of the grantee of a deed, made with the grantor's consent, after it had been signed but before it had been delivered as a deed, by one who was the real but not the record owner of the property conveyed, was "not the alteration of an instrument, since the instrument had not yet been created" [37 Cal.App. 693, 174 P. 675], and for that reason did not make the deed void. Here, according to testimony which the jury believed, the deed had been delivered as an effective conveyance and the grantor was not consulted about the change. The other case cited by defendant did not involve an alteration but related to a bond delivered with unfilled blanks, the rule on which is different from that applicable to deeds in like condition stated in the cases hereinafter cited. | A deed altered by changing name of grantee without knowledge or consent of grantor is void as a conveyance to the person whose name is so inserted as grantee, and such alteration is sufficient to satisfy provision of the Penal Code that every person who with intent to defraud falsely "alters" any deed is guilty of "forgery". West's Ann.Pen.Code, S 470. | Is a deed that has been materially altered after it was signed a forgery? | Forgery - Memo 18 - JS.docx | LEGALEASE-00000846-LEGALEASE-00000848 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3771 | Food Chem. News v. Davis, 378 F. Supp. 1048 | 316P+861 | The purpose of the Federal Advisory Committee Act to control the advisory committee process and to open to public scrutiny the manner in which government agencies obtain advice from private individuals is furthered by the Court's action herein. Indeed, Congressional concern for informal meetings such as those in the case at bar contributed to the statute's enactment:"The lack of public scrutiny of the activities of advisory committees was found to pose the danger that subjective influences not in the public interest could be exerted on the Federal decision-makers'. S.Rep. 92-1098, 92nd Cong.1st Sess. 6 (Sept. 7, 1972). | Purpose of the Federal Advisory Committee Act of 1972 is to control the advisory committee process and to open to public scrutiny the manner in which government agencies obtain advice from private individuals. 5 U.S.C.A. App. I, SS 3(2), 9(a-c). | "Does Federal Advisory Committee Act, 1972 deal with government agencies obtaining advice from private individuals?" | Administrative Law - Memo 12 - JS.docx | LEGALEASE-00001226-LEGALEASE-00001228 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3772 | Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662 | 25T+111 | An implicit agreement to authorize class-action arbitration, however, is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate. This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator. In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes.See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); Mitsubishi Motors, 473 U.S., at 628, 105 S.Ct. 3346; see also 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, """", 129 S.Ct. 1456, 1463"65, 173 L.Ed.2d 398 (2009) ("Parties generally favor arbitration precisely because of the economics of dispute resolution") (citing Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001)); Gardner"Denver, supra, at 57, 94 S.Ct. 1011 ("Parties usually choose an arbitrator because they trust his knowledge and judgment concerning the demands and norms of industrial relations"). But the relative benefits of class-action arbitration are much less assured, giving reason to doubt the parties' mutual consent to resolve disputes through class- wide arbitration. Cf. First Options, supra, at 945, 115 S.Ct. 1920 (noting that "one can understand why courts might hesitate to interpret silence or ambiguity on the "who should decide arbitrability" point as giving the arbitrators that power, for doing so might too often force unwilling parties to arbitrate" contrary to their expectations). | In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution: lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes. 9 U.S.C.A. S 1 et seq. | What happens in a bilateral arbitration? | 004128.docx | LEGALEASE-00116226-LEGALEASE-00116228 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3773 | Concerned Citizens of Chestnuthill Twp. v. Dep't of Envtl. Res., 158 Pa. Cmwlth. 248 | 1.49E+17 | Neither the EQB order reclassifying the Creek nor the IRRC's "deemed approval" of this order is an adjudication or judicial in nature. The DER's rulemaking, enforcement and adjudicatory functions are performed by separate, independent bodies. The DER has the duty of enforcing the rules and regulations; the EHB has the adjudicatory function and power to review orders, permits, licenses and decisions of the DER, and the EQB has the power and the duty to formulate, adopt and promulgate the rules and regulations of general application which when made, are the rules and regulations of the DER.United States Steel Corp. v. Department of Environmental Resources, 65 Pa.Commonwealth Ct. 103, 442 A.2d 7 (1982). Thus the EQB is a quasi-legislative, quasi-policymaking body, and its order upgrading the water quality standard of the Creek is not an adjudication by an administrative agency from which, under Article V, " 9, there is a right of appeal to this Court.4 See Insurance Co. of North America v. Insurance Department, 15 Pa.Commonwealth Ct. 462, 327 A.2d 411 (1974) (this court dismissed an appeal from a regulation promulgated by the Insurance Department on the basis that the promulgation of a regulation does not amount to an adjudication). | Department of Environmental Resources (DER) has duty of enforcing rules and regulations; Environmental Hearing Board (EHB) has adjudicatory function and power to review orders, permits, licenses and decisions of DER, and Environmental Quality Board (EQB) has power and duty to formulate, adopt and promulgate rules and regulations of general application which when made, are rules and regulations of DER; thus, EQB is a quasi-legislative, quasi-policymaking body. | Does the Departmental of Environmental Resources (DER) have the duty of enforcing rules and regulations? | Environmental Law - Memo 40 - AKA.doc | LEGALEASE-00002141-LEGALEASE-00002143 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 3774 | Stoddard v. West Telemarketing, 501 F.Supp.2d 862 | 237+1 | "Defamation is a false statement about a plaintiff published to a third person without legal excuse which damages the plaintiff's reputation." Moore v. Waldrop, 166 S.W.3d 380, 384 (Tex.App.-Waco [10th Dist.] 2005, no pet.). Libel in Texas is, "a defamation expressed in written ... form that ... tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation...." Tex. Civ. Prac. & Rem.Code Ann. " 73.001 (Vernon 2007). "Slander is orally communicated defamation." Moore, 166 S.W.3d at 384. In order to prevail on a claim of defamation, Stoddard will need to show (1) West "published a statement of facts, (2) the statement referred to [Stoddard], (3) the statement was defamatory, and (4) [West] acted with negligence regarding the truth of the published statements." Henriquez v. Cemex Mgmt. Inc., 177 S.W.3d 241, 251 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). Whether a communication is defamatory is, initially, a question of law, and to make that determination, the Court will look to how a person of ordinary intelligence would perceive the statement as a whole, and "whether the words used are reasonably capable of defamatory meaning." Robertson v. Southwestern Bell Yellow Pages, Inc., 190 S.W.3d 899, 902 (Tex.App.-Dallas [5th Dist.] 2006, no pet.). | In Texas, "libel" is defamation expressed in written form that tends to injure living person's reputation and thereby expose person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation, whereas "slander" is orally communicated defamation. V.T.C.A., Civil Practice & Remedies Code S 73.001. | Does defamation cause an injury to a persons reputation? | 004419.docx | LEGALEASE-00116626-LEGALEASE-00116627 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3775 | Dep't of Pub. Works & Bldgs. v. Kirkendall, 415 Ill. 214 | 148+1 | The power and right of eminent domain is inherent in the sovereign State, existing independently of written constitutions or statutory laws thereof, regulated by appropriate legislation, limited only by the constitutional provision for compensation, and extending to every kind of property. South Park Com'rs v. Montgomery Ward & Co., 248 Ill. 299, 93 N.E. 910; Litchfield & Madison Railway Co. v. Alton & Southern Railroad Co., 305 Ill. 388, 137 N.E. 248. | The power and right of eminent domain is inherent in the sovereign state, existing independently of written constitutions or statutes thereof, regulated by appropriate legislation limited only by constitutional provision for compensation, and extending to every kind of property. S.H.A.Const. art. 2, S 13; S.H.A. ch. 47, S 1 et seq. | Is the power and right of eminent domain regulated by legislation? | Eminent Domain - Memo 11 - AKA.doc | LEGALEASE-00002339-LEGALEASE-00002340 | SA, Sub | 0.27 | 0 | 0 | 1 | 1 | |
| 3776 | Poindexter v. Sanco Corp., 44 N.C. App. 694 | 50+9 | A bailor for hire, while not an insurer, may be liable for personal injuries to the bailee or third persons proximately resulting from the defective condition of a rented automobile while being used by the bailee for the purpose known to be intended, if the bailor was aware of the defective condition or by reasonable care and inspection could have discovered it. (Citations omitted.) | A bailor for hire, while not an insurer, may be liable for personal injuries to bailee or third persons proximately resulting from defective condition of a rented automobile while being used by bailee for purpose known to be intended, if bailor was aware of defective condition or by reasonable care and inspection could have discovered it. | Is a bailor for hire an insurer? | Bailment - Memo 39 - RK.docx | ROSS-003326331-ROSS-003326332 | SA, Sub | 0.12 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3777 | Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513 | 170B+3053 | In sum, when determining whether there is a valid agreement to arbitrate between the parties, the first part of the two-step inquiry, we apply ordinary state-law principles of contract law. First Options, 514 U.S. at 944, 115 S.Ct. at 1924. Because the FAA requires us to place arbitration agreements on an equal footing with other contracts when determining whether the parties have agreed to arbitrate, we cannot subject a purported arbitration agreement otherwise within the scope of the FAA and satisfying its requirements to a standard more demanding than that which we would apply to other agreements under the applicable state law. To be sure, genuine issues of fact preclude summary judgment when determining whether there is an agreement to arbitrate, just as they do when determining the existence of any other contract. See Fed.R.Civ.P. 56(c). But the FAA and Supreme Court precedent forbid us from placing more stringent requirements on arbitration agreements otherwise satisfying the criteria of the FAA than on other contracts, such as a substantive requirement that an arbitration agreement be "express" and "unequivocal" to be enforceable, rather than the standard that applies to contracts generally. | In determining whether parties have agreed to arbitrate, court cannot subject purported arbitration agreement otherwise within scope of Federal Arbitration Act (FAA) and satisfying its requirements to a standard more demanding than that which it would apply to other agreements under applicable state law. 9 U.S.C.A. S 1 et seq. | What law do the courts apply to determine whether an agreement to arbitrate is enforceable? | 005251.docx | LEGALEASE-00116820- LEGALEASE-00116821 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3778 | Grimm v. First Nat. Bank of Pennsylvania, 578 F. Supp. 2d 785 | 25T+113 | The United States Court of Appeals for the Third Circuit has explained that "if ... a court deems a controverted arbitration clause a valid and enforceable agreement, it must refer questions regarding the enforceability of the terms of the underlying contract to an arbitrator." Harris v. Green Tree Financial Corp., 183 F.3d 173, 179"80 (3d Cir.1999). "In conducting this inquiry the district court decides only whether there was an agreement to arbitrate, and if so, whether the agreement is valid." Great Western Mort. Corp. v. Peacock, 110 F.3d 222, 228 (3d Cir.1997). "The FAA makes agreements to arbitrate enforceable to the same extent as other contracts." Harris, supra, 183 F.3d at 178. Thus, "federal law presumptively favors the enforcement of arbitration agreements." Id. To this end, "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or the like defense to arbitrability." Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24"25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). | Federal law presumptively favors enforcement of arbitration agreements, and thus any doubts concerning scope of arbitrable issues should be resolved in favor of arbitration, whether problem at hand is construction of contract language itself or allegation of waiver, delay or other defense to arbitrability. 9 U.S.C.A. S 1 et seq. | Does the Federal Arbitration Act make agreements to arbitrate enforceable to the same extent as other contracts? | 004909.docx | LEGALEASE-00117161- LEGALEASE-00117163 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3779 | City of San Diego v. California Coastal Com., 119 Cal. App. 3d 228 | 149E+615 | Finally, the opinion evidence of experts in the discipline of environmental planning, often included within environmental impact reports, may constitute substantial evidence upon which the Commission may have based its decision. (Coastal Southwest Dev. Corp. v. California Coastal Zone Conservation Com. (1976) 55 Cal.App.3d 525, 532, 127 Cal.Rptr. 775.) | Opinion evidence of experts in discipline of environmental planning, often included within environmental impact reports, may constitute substantial evidence upon which California Coastal Commission may base its decision. | Does the opinion evidence of experts constitute substantial evidence upon which a commission may base its decisions? | 005040.docx | LEGALEASE-00117224- LEGALEASE-00117225 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 3780 | Brown v. Metzger, 118 Ill. App. 3d 855 | 253+1076(1) | When one spouse (the impaired spouse) is injured by the negligence of another, the other spouse (the deprived spouse) may recover from the tortfeasor for the loss the deprived spouse suffered by virtue of the impaired spouse's injury. (Dini v. Naiditch (1960), 20 Ill.2d 406, 430, 170 N.E.2d 881.) This loss, which is generally labeled a loss of consortium, includes "material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity." 20 Ill.2d 406, 427, 170 N.E.2d 881; see also Elliott v. Willis (1982), 92 Ill.2d 530, 535, 65 Ill.Dec. 852, 442 N.E.2d 163. | When one spouse is injured by negligence of a tort-feasor, other spouse may recover from the tort-feasor for the loss spouse suffered by virtue of injury to spouse; this loss, generally labeled "loss of consortium," includes material services, elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity. | Can a spouse maintain an action for loss of consortium against a tortfeasor who has caused injuries to the other spouse? | 005117.docx | LEGALEASE-00117333- LEGALEASE-00117334 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |
| 3781 | People v. Wooten, 44 Cal. App. 4th 1834 | 146+23 | In effect, the claim of right defense provides that, if a defendant takes property in the good faith belief that it belongs to him, the defendant lacks the intent necessary to commit embezzlement. (People v. Stewart (1976) 16 Cal.3d 133, 139"140, 127 Cal.Rptr. 117, 544 P.2d 1317; People v. Photo (1941) 45 Cal.App.2d 345, 355, 114 P.2d 71.) The defendant must take the property "openly and avowedly...." (Pen.Code, " 511.) If he attempts to conceal the taking, either when it occurs or after it is discovered, the defense is unavailable. (People v. Stewart, supra, 16 Cal.3d at p. 141, 127 Cal.Rptr. 117, 544 P.2d 1317; People v. Creath (1995) 31 Cal.App.4th 312, 319"320, 37 Cal.Rptr.2d 336.) The defense also does not apply where, "although defendant may have "believed" he acted lawfully, he was aware of contrary facts which rendered such a belief wholly unreasonable, and hence in bad faith." (People v. Stewart, supra, 16 Cal.3d at p. 140, 127 Cal.Rptr. 117, 544 P.2d 1317.) | In effect, claim of right defense provides that, if defendant takes property in good faith belief that it belongs to him, defendant lacks intent necessary to commit embezzlement. | "If a person takes property in the good faith belief that it belongs to him, does the person lacks the intent necessary to commit embezzlement?" | 000403.docx | LEGALEASE-00117870- LEGALEASE-00117871 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3782 | Saunders v. Equifax Info. Servs., 469 F. Supp. 2d 343 | 115+15 | Compensatory and punitive damages serve different purposes. While compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct," State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (citations omitted), punitive damages, by contrast, serve a broader function aimed at deterrence and retribution, id. (citation omitted). With respect to the latter, the Due Process Clause of the Fourteenth Amendment prohibits the imposition of "grossly excessive or arbitrary punishments" on a tortfeasor. Id. Although the Supreme Court has emphasized that punitive damage awards violate due process when they constitute an arbitrary deprivation of property, the Court has repeatedly "decline[d] [ ] to impose a bright-line ratio which a punitive damages award cannot exceed." Id. at 425, 123 S.Ct. 1513; BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 582, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) ("We have consistently rejected the notion that the constitutional line is marked by a simple mathematical formula, even one that compares actual and potential damages to the punitive award.") (citation omitted and emphasis removed). And, while the Supreme Court has cautioned, as emphasized by BB & T, that a punitive damages award of more than four times the amount of compensatory damages might be close to the line of "constitutional impropriety," Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23"24, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991) (upholding punitive damages award of "more than 4 times the amount of compensatory damages...more than 200 times [the plaintiff's] out-of-pocket expenses" and "much in excess of the fine that could be imposed"); see also State Farm, 538 U.S. at 425, 123 S.Ct. 1513 (noting that few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process), the Court has nonetheless | Compensatory and punitive damages serve different purposes; while compensatory damages are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct, punitive damages, by contrast, serve a broader function aimed at deterrence and retribution. | Do compensatory damages and punitive damages serve different purposes? | 000600.docx | LEGALEASE-00117932-LEGALEASE-00117934 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 3783 | BCS Ins. Co. v. Wellmark, 410 F.3d 349 | 25T+139 | The first argument is easily dispatched. BCS overreads the arbitration "presumption" language from AT & T Technologies. Arbitration is a matter of consent. Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). "The [Federal Arbitration Act] directs courts to place arbitration agreements on equal footing with other contracts, but it "does not require parties to arbitrate when they have not agreed to do so." " EEOC v. Waffle House, Inc., 534 U.S. 279, 293, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002) (quoting Volt, 489 U.S. at 478, 109 S.Ct. 1248). The language of the parties' agreement determines arbitrability, and "[w]hile ambiguities in the language of the agreement should be resolved in favor of arbitration, we do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated." Id. at 294, 122 S.Ct. 754 (citation omitted). | Language of the parties' agreement determines arbitrability, and while ambiguities in the language of the agreement should be resolved in favor of arbitration, courts do not override the clear intent of the parties, or reach a result inconsistent with the plain text of the contract, simply because the policy favoring arbitration is implicated. 9 U.S.C.A. S 1 et seq. | Can the court override the intent of the parties to arbitrate or the plain text of the contract? | 001025.docx | LEGALEASE-00118026-LEGALEASE-00118027 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 3784 | Kovac v. Superior Dairy, 930 F. Supp. 2d 857 | 25T+191 | The Federal Arbitration Act (FAA), 9 U.S.C. " 1 et seq., manifests "a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). "To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." Javitch v. First Union Sec., Inc., 315 F.3d 619, 624 (6th Cir.2003) (citing 9 U.S.C. "" 3, 4). In cases where all claims are referred to arbitration, however, the litigation may be dismissed rather than merely stayed. Ozormoor v. T"Mobile USA, Inc., 354 Fed.Appx. 972, 975 (6th Cir.2009). | The Federal Arbitration Act (FAA) manifests a liberal federal policy favoring arbitration agreements; accordingly, the FAA provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement. 9 U.S.C.A. S 1 et seq. | When does the Federal arbitration Act (FAA) provide for a stay of proceedings? | Alternative Dispute Resolution - Memo 183 - RK.docx | ROSS-003301298-ROSS-003301299 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 3785 | In re A.W., 741 N.W.2d 793 | 209+110 | The United States Supreme Court has upheld numerous federal statutes singling out tribal Indians for special treatment. See, e.g., Seber, 318 U.S. 705, 63 S.Ct. 920, 87 L.Ed. 1094 (federally granted tax immunity); McClanahan v. Arizona State Tax Comm'n, 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973) (same); Morton, 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (upholding Bureau of Indian Affairs (BIA) employment preference for members of federally recognized Indian tribes). Morton provides the following rationale for upholding federal Indian preferences against an equal protection challenge:The preference is not directed towards a "racial" group consisting of "Indians"; instead, it applies only to members of "federally recognized" tribes. This operates to exclude many individuals who are racially to be classified as "Indians." In this sense, the preference is political rather than racial in nature.417 U.S. at 554 n. 24, 94 S.Ct. at 2484 n. 24, 41 L.Ed.2d at 302"03 n. 24. Thus, federal preferences are "granted to Indians not as a discrete racial group, but, rather, as members of quasi-sovereign tribal entities." Id. at 554, 94 S.Ct. at 2484, 41 L.Ed.2d at 302"03. "As long as the special treatment can be rationally tied to the fulfillment of Congress' unique obligation toward the Indians, such legislative judgments will not be disturbed." Id. at 555, 94 S.Ct. at 2485, 41 L.Ed.2d at 303. The Morton Court held BIA employment preferences in favor of individuals who possessed one-fourth or more degree of Indian blood and were members of federally recognized tribes, despite the "racial" blood quantum component, were "reasonable and rationally designed to further Indian self government," due to the unique role the BIA plays in tribal government. Id. ("In the sense that there is no other group of people favored in this manner, the legal status of the BIA is truly sui generis."). | Federal preferences are granted to Indians not as a discrete racial group, but, rather, as members of quasi-sovereign tribal entities; as long as the special treatment can be rationally tied to the fulfillment of Congress' unique obligation toward the Indians, such legislative judgments will not be disturbed. | What is the rationale behind the special treatment provided to Indians? | 019432.docx | LEGALEASE-00118324-LEGALEASE-00118325 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3786 | Diop v. City of New York, 50 F. Supp. 3d 411 | 249+42 | "[A]n arresting officer is entitled to qualified immunity on claims of false arrest and malicious prosecution if either: (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Carthew v. County of Suffolk, 709 F.Supp.2d 188, 203 (E.D.N.Y.2010) (citing Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir.2007); Posr, 180 F.3d at 416). The Second Circuit has defined the latter standard as follows:Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law. It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials"like other officials who act in ways they reasonably believe to be lawful"should not be held personally liable.Cerrone v. Brown, 246 F.3d 194, 202"03 (2d Cir.2001) (internal quotation marks and citations omitted) (emphasis in original). | An arresting officer is entitled to qualified immunity on claims of false arrest and malicious prosecution if either: (1) it was objectively reasonable for the officer to believe that probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met. U.S.C.A. Const.Amend. 4. | When can a police officer assert qualified immunity defense in a malicious prosecution claim? | 001493.docx | LEGALEASE-00118637-LEGALEASE-00118638 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3787 | State v. Holland, 221 S.W.3d 639 | 360+191.9(1) | Absent an express waiver of its sovereign immunity, the State is generally immune from suit. State v. Shumake, 199 S.W.3d 279, 283 (Tex.2006). But sovereign immunity does not shield the State from a claim based upon a taking under Article I, section 17 of the Texas Constitution, known as the "takings clause." Little"Tex Insulation Co., 39 S.W.3d at 598. The takings clause mandates that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. art. I, " 17. To establish a takings claim under Article I, section 17, the claimant must show that a governmental actor acted intentionally to take or damage property for a public use. Little"Tex Insulation Co., 39 S.W.3d at 598. When the government acts pursuant to colorable contract rights, it lacks the necessary intent to take under its eminent-domain powers and thus retains its immunity from suit. Id. at 598"99. This is because the State may "wear [ ] two hats: the State as a party to the contract and the State as sovereign. The State, in acting within a color of right to take or withhold property in a contractual situation, is acting akin to a private citizen and not under any sovereign powers." Id. at 599 (citations omitted). | When the government acts pursuant to colorable contract rights, it lacks the necessary intent to take under its eminent-domain powers and thus retains its immunity from suit; this is because the State may wear two hats: the State as a party to the contract and the State as sovereign. Vernon's Ann.Texas Const. Art. 1, S 17. | Does the government lack the necessary intent to take under its eminent-domain powers when it acts pursuant to colorable contract rights? | 001552.docx | LEGALEASE-00119051-LEGALEASE-00119052 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3788 | Bellsouth Carolinas PCS v. Henderson Cty. Zoning Bd. Of Adjustment, 174 N.C. App. 574 | 317A+101 | The determination of what constitutes a public utility requires a flexible rule. See A & B Refuse Disposers, Inc. v. Bd. of Ravenna Township Trs., 64 Ohio St.3d 385, 596 N.E.2d 423, 426 (1992). No single factor is controlling in determining whether an entity is a public utility, although each must be weighed, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority. See Campanelli v. AT & T Wireless Serv. Inc., 85 Ohio St.3d 103, 706 N.E.2d 1267, 1269 (1999) (noting no one factor is determinative). It is important to note that the emphasis in such a determination should be placed on the function of the service provided rather than a literal interpretation of the definition of a public utility. Utilities Comm. v. Southern Bell Tel. & Tel. Co., 326 N.C. 522, 527"528, 391 S.E.2d 487, 490 (1990) (holding the function of a public utility is controlling, not how the term is defined). Nor does the number of subscribers matter in determining whether a service is essential. See Utilities Comm. v. Simpson, 295 N.C. 519, 246 S.E.2d 753 (1978); Utilities Comm. v. Carolina Tel. & Tel. Co., 267 N.C. 257, 268, 148 S.E.2d 100, 109 (1966). | The determination of what constitutes a public utility requires a flexible rule; no single factor is controlling in determining whether an entity is a public utility, although each must be weighed, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority. | What determines whether an entity conducts itself as to be of public concern or a public utility? | 001598.docx | LEGALEASE-00119000-LEGALEASE-00119001 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3789 | Lampkin ex rel. Lampkin v. Hous. Mgmt. Res., 220 N.C. App. 457 | 13+3 | Legal rights and liabilities must rest upon some reasonably settled basis, fixed either by the common law or by statute.... "While the courts should and do extend the application of the common law to the new conditions of advancing civilization, they may not create new principles or abrogate a known one. If new conditions cannot be properly met by the application of existing laws, the supplying of needed laws is the province of the Legislature and not the judicial department of the government."Briscoe v. Henderson Lighting & Power Co., 148 N.C. 396, 413, 62 S.E. 600, 607 (1908) (quoting Walker v. R.R. Co., 105 Va. 226, 53 S.E. 113, 115 (1906)). The case law in this State clearly establishes that while a landowner has a duty to exercise reasonable care in keeping his premises safe, the landowner is not an insurer of the safety of persons on the premises, Foster v. Winston"Salem Joint Venture, 303 N.C. 636, 638, 281 S.E.2d 36, 38 (1981), and certainly is not an insurer of the safety of persons off the premises. The landowner is not obligated to protect against injury from a dangerous condition over which the landowner has no control. As such, and contrary to the allegations in Plaintiffs' complaint, Defendants as landowners had no duty to erect a "suitable barrier" to prevent Lampkin's access to the pond on the neighboring property. | Legal rights and liabilities must rest upon some reasonably settled basis, fixed either by the common law or by statute. | Must legal rights and liabilities rest upon reasonably settled basis fixed either by the common law or by statute? | Action - Memo 6 - MS.docx | ROSS-003284531-ROSS-003284532 | Condensed, SA | 0.91 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3790 | Gen. Tel. Co. of Sw. v. Bi-Co Pavers, 514 S.W.2d 168 | 386+2 | Plaintiff insists that a trespass is established because operation of the "pulvamixer" was an intentional act which resulted in violation of plaintiff's property right. Even though defendant intended to operate the machine, its operation as intended would not necessarily have violated plaintiff's right. A trespass is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. First City Nat'l Bank v. Japhet, 390 S.W.2d 70, 74 (Tex.Civ.App."Houston 1965, writ dism'd); McDaniel Bros v. Wilson, 70 S.W.2d 618, 621 (Tex.Civ.App."Beaumont 1934, writ ref'd); Cover v. Phillips Pipe Line Co., 454 S.W.2d 507 (Mo.1970); Mountain States Tel. & Tel. Co. v. Horn Tower Construction Co., 147 Colo. 166, 363 P.2d 175 (1961); 1 F. Harper & F. James, The Law of Torts s 2.5 (1956). If the act intended would necessarily violate a property right, whether or not the actor knows it to be a violation, he is nevertheless liable, and that liability may extend to unintended consequences. 1 F. Harper & F. James, Supra at 111; and See Schronk v. Gilliam, 380 S.W.2d 743, 746 (Tex.Civ.App."Waco 1964, no writ); Carter v. Haynes, 269 S.W. 216 (Tex.Civ.App."Austin 1925, writ dism'd). However, unless the intended act would violate a property right, the actor's liability for unintended consequences ordinarily depends upon proof of negligence. Parrot v. Wells Fargo & Co. (Nitro-Glycerine Case), 15 Wall. (82 U.S.) 524, 21 L.Ed. 206 (1873); First City Nat'l Bank v. Japhet, 390 S.W.2d 70, 74 (Tex.Civ.App."Houston 1965, writ dism'd); Mountain States Tel. & Tel. Co. v. Kelton, 79 Ariz. 126, 285 P.2d 168 (1955). Otherwise, the defense of contributory negligence could be avoided in any case of an intentional act with unintended consequences by treating the act as an intentional tort. | A "trespass" is usually regarded as an intentional tort in the sense that it involves an intent to commit an act which violates a property right, or would be practically certain to have that effect, although the actor may not know that the act he intends to commit is such a violation. | Can a person be made liable for trespass even though the actor did not know his conduct would result in trespass but his actions were practically certain to have that effect? | 10828.docx | LEGALEASE-00081469-LEGALEASE-00081470 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 3791 | Kitterman v. Simrall, 924 S.W.2d 872 | 386+2 | "A trespasser is liable for damages for the natural, necessary, direct, and proximate consequences of his wrongful act." Moore v. Dudley, 904 S.W.2d 496, 499 (Mo.App.1995) (citation omitted). This liability exists whether or not done in good faith and with reasonable care, in ignorance, or under mistake of law or fact. Crook v. Sheehan Enterprises, Inc., 740 S.W.2d 333, 336 (Mo.App.1987). The defendant-parishioners in Assemblies of God erected a fence which they believed marked the boundary line. The fence had no gates and obstructed passage between the church and the parsonage. The Southern District noted the fair rental value, when the owner has been deprived of the land, is an appropriate figure for trespass damages. 807 S.W.2d at 147. Kitterman's blocking access to the Simrall property amounted to actual damage and this court cannot say the amount was improper. This point is denied. The judgment is affirmed. | Trespasser's liability for damages for natural, necessary, direct and proximate consequences of his or her wrongful act exists whether or not done in good faith and with reasonable care, in ignorance or under mistake of law or fact. | Can a liability for trespass exist when acts are done in good faith? | 002338.docx | LEGALEASE-00119223-LEGALEASE-00119224 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 3792 | State v. Applegate, 668 S.W.2d 624 | 203+511 | Though it has been variantly stated, the corpus delicti in a homicide case consists of two elements: (1) the death of a human being, and (2) the criminal agency of another. The elements of the corpus delicti cannot be said to be established until it has been proved that the death was not self-inflicted, nor due to natural causes or accident. The State must further prove, as an additional element, a criminal act of the defendant (his agency) as a cause of the victim's death. State v. Meidle, 202 S.W.2d 79, 81 (Mo.1947); State v. Joy, 315 Mo. 7, 19"22, 285 S.W. 489, 494"496[8] (concurring opinion) (1926); State v. Crabtree, 170 Mo. 642, 650, 71 S.W. 127, 129 (1902). Nevertheless, all the elements of a homicide case may be proved circumstantially. State v. Ross, 371 S.W.2d 224, 225[1] (Mo.1963); State v. Morris, 564 S.W.2d at 309. Further, the evidence which tends to prove the second element of the corpus delicti may also be relevant upon and tend to prove the defendant's criminal agency. Meidle, 202 S.W.2d at 81; Joy, 315 Mo. at 21, 285 S.W. at 489. We would not be misunderstood; defendant's argument is presented in terms of "causation," but as noted in Morris, 564 S.W.2d at 309, n. 6, the determination of "agency" involves much the same inquiry as the determination of "causation." As we shall see, the necessary element is often called "cause and effect" in child-abuse murders. | Elements of the corpus delicti in a homicide case cannot be said to be established until it has been proved that the death was not self-inflicted, or due to natural causes or accident; the state must further prove, as an additional element, a criminal act of the defendant as cause of victim's death. | "Will the elements of corpus delicti be met unless the state has shown that the death was not accidental, self-inflicted or due to natural causes?" | 001929.docx | LEGALEASE-00119626-LEGALEASE-00119627 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3793 | Geller v. Kinney, 980 N.E.2d 390 | 233+1462(3) | According to the Gellers, paragraph 13 created "options available to the Gellers" and, "because the[y] chose to proceed according to paragraph 13c, there was no requirement they mitigate their damages" under paragraph 13d. Appellants' Br. at 13. The Gellers further argue that, even if they did mitigate their damages, that does not prohibit them from pursuing the full unpaid balance from the Kinneys. In sum, the Gellers contend that "enforcement of a savings clause in a lease subverts the doctrine of mitigation of damages." See Nylen v. Park Doral Apartments, 535 N.E.2d 178, 183 (Ind.Ct.App.1989), trans. denied. We squarely rejected that argument in Nylen. As we explained:The doctrine of mitigation of damages creates an obligation on the part of the landlord to use such diligence as would be exercised by a reasonably prudent man under similar circumstances to re-let the premises, if possible, in order to mitigate damages resulting from the tenant's breach of lease. The obligation exists even if there is no mandatory re-letting clause in the lease. Further, courts have recognized and enforced the doctrine of mitigation of damages while at the same time sustaining savings clauses.Id. (citations omitted). | The doctrine of mitigation of damages creates an obligation on the part of a landlord to use such diligence as would be exercised by a reasonably prudent man under similar circumstances to re-let the premises, if possible, in order to mitigate damages resulting from a tenant's breach of lease. | Does the doctrine of mitigation of damages apply to landlords as well? | 001935.docx | LEGALEASE-00119644-LEGALEASE-00119646 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3794 | Chelsea Square Textiles v. Bombay Dyeing & Mfg. Co., 189 F.3d 289 | 170B+3053 | Id. (internal citations omitted); see also Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Thus, we have stated that while " 2 of the FAA preempts state law that treats arbitration agreements differently from any other contracts, it also "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42, 46 (2d Cir.1993) (internal citation and quotation marks omitted). Accordingly, in determining whether the parties agreed to arbitrate in this case, the district court properly looked to general state law contract principles for guidance | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) preserve the general principles of state contract law? | 002682.docx | LEGALEASE-00120129-LEGALEASE-00120130 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3795 | DeRosa v. Rambosk, 732 F. Supp. 2d 1285 | 249+30 | The Court has found that there was no probable cause for Kathleen's arrest. Thus, the Court must address whether there was any malice on the part of Deputy George. Under Florida law, "the plaintiff need not allege actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." Durkin, 814 So.2d at 1248. In this case, the apparent lack of probable cause to arrest Kathleen for any offense provides sufficient evidence from which a jury could infer malice. See id. Thus, Deputy George's motion for summary judgment will be denied as to Count XIV. | Under Florida law, malicious prosecution plaintiff need not allege actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others. | Is it necessary to prove actual malice in a malicious prosecution claim? | 002755.docx | LEGALEASE-00120248-LEGALEASE-00120249 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3796 | Fiber Sys. Int'l v. Roehrs, 470 F.3d 1150 | 237+10(0.5) | Defamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation. Moore v. Waldrop, 166 S.W.3d 380, 384 (Tex.App."Waco 2005, no pet.). In a claim for defamation per se, "[t]he words are so obviously hurtful that they require no proof that they caused injury in order for them to be actionable." Columbia Valley Reg'l Med. Ctr. v. Bannert, 112 S.W.3d 193, 199 (Tex.App."Corpus Christi 2003, no pet.). "For a defamatory oral statement to constitute slander per se, it must fall within one of four categories: (1) imputation of a crime, (2) imputation of a loathsome disease, (3) injury to a person's office, business, profession, or calling, and (4) imputation of sexual misconduct." Gray v. HEB Food Store No. 4, 941 S.W.2d 327, 329 (Tex.App."Corpus Christi 1997, writ denied). The first category, which is at issue here, is met by a statement that "unambiguously and falsely imputes criminal conduct to" a party. Id. FSI argues that its allegedly defamatory statements did not unambiguously impute criminal conduct and were not false. | Under Texas law, in order for defamatory oral statement to constitute slander per se, it must fall within one of four categories: (1) imputation of a crime; (2) imputation of a loathsome disease; (3) injury to person's office, business, profession or calling; or (4) imputation of sexual misconduct. | What kinds of statements constitute slander per se? | Libel and Slander - Memo 126 - JS.docx | ROSS-003325369-ROSS-003325370 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3797 | Kala Investments v. Sklar, 538 So. 2d 909 | 366+1 | In our view, the doctrine of equitable subrogation provides the avenue for Kala to seek recompense for the settlement money it paid to the plaintiffs. "Equitable" subrogation is a creature of equity which was developed to afford relief "when one person has satisfied the obligations of another and equity compels that the person discharging the debt stand in the shoes of the person whose claim has been discharged, thereby succeeding to the rights and priorities of the original creditor." Eastern National Bank v. Glendale Federal Savings and Loan Association, 508 So.2d 1323, 1324 (Fla. 3d DCA 1987). The policy behind the doctrine is to prevent unjust enrichment by assuring that the person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge. Id. See United States Fidelity & Guaranty Co. v. Bennett, 96 Fla. 828, 119 So. 394 (1928). The doctrine is then a part of the universe usually spoken of as being inhabited by only indemnity or contribution. | "Equitable subrogation" is creature of equity which was developed to afford relief when one person has satisfied obligations of another and equity compels that person discharging debt stand and choose a person whose claim has been discharged, thereby succeeding to rights and priorities of original creditor. | Is the doctrine of equitable subrogation a creature of equity ? | Subrogation - Memo 62 - RM C.docx | ROSS-003323902-ROSS-003323903 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3798 | Texas Co. v. Miller, 165 F.2d 111 | 366+1 | "Subrogation is said to be a legal fiction by force of which an obligation, extinguished by payment made by a third person, is treated as still subsisting for his benefit; or, as it has been otherwise defined, it is the procedure by which the equitable rights of one person are worked out through the legal rights of another. By subrogation a court of equity, for the purpose of doing exact justice between parties in a given transaction, places one of them, to whom a legal right does not belong, in the position of a party to whom the right does belong. | "Subrogation" is a legal fiction by force of which an obligation extinguished by payment made by a third person, is treated as still subsisting for his benefit. | "Is subrogation a legal fiction by force of which an obligation, extinguished by payment made by a third person, is treated as still subsisting for his benefit, or the procedure by which the equitable rights of one person are worked out through the legal rights of another?" | 043866.docx | LEGALEASE-00120973-LEGALEASE-00120974 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3799 | Fin. Sec. Assur. v. Stephens, 500 F.3d 1276 | 366+1 | Finally, FSA argues that it has standing based on subrogation. "Subrogation is "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." " Jones Motor Co. v. Anderson, 268 Ga.App. 458, 602 S.E.2d 228, 230 (2004) (quoting Black's Law Dictionary 1427 (6th ed.1990)); see also Pearlman v. Reliance Ins. Co., 371 U.S. 132, 136"37, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962). Subrogation is either "legal" or "conventional." Legal subrogation is an equitable doctrine and arises by operation of the law without any agreement to that effect between the parties; conventional subrogation rests on contract, arising where "an agreement is made that the person paying the debt shall be subrogated to the rights and remedies of the original creditor." Gilbert v. Dunn, 218 Ga. 531, 128 S.E.2d 739, 740 (1962) (citation omitted); see also State Farm Mut. Auto. Ins. Co. v. Cox, 271 Ga. 77, 515 S.E.2d 832, 833 (1999). FSA argues that it has standing as a subrogee under both varieties of subrogation because: (1) it was obligated by contract to make interest and principal payments on the bonds, and it alleged that it was doing so; and (2) the insurance policy expressly stated that upon disbursement, FSA becomes "fully subrogated to the rights of the [bondholder]." | Subrogation is either legal or conventional: "legal subrogation" is an equitable doctrine and arises by operation of the law without any agreement to that effect between the parties; "conventional subrogation" rests on contract, arising where an agreement is made that the person paying the debt shall be subrogated to the rights and remedies of the original creditor. | Is subrogation either legal or conventional? | Subrogation - Memo # 428 - C - SA.docx | ROSS-003326471-ROSS-003326472 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3800 | S. Farm Bureau Cas. Ins. Co. v. Tallant, 362 Ark. 17 | 366+1 | A right in equity to subrogation may arise by convention, or in other words, by way of a subrogation provision in a contract; however, it may also arise as legal or equitable subrogation, or in other words by operation of law based on facts giving rise to a right of subrogation. Welch, supra; Courtney v. Birdsong, 246 Ark. 162, 437 S.W.2d 238 (1969). A right of subrogation may also arise from statute. See, e.g., Ark.Code Ann. " 23"89"101(Repl.2004) | A right in equity to subrogation may arise by convention, or in other words, by way of a subrogation provision in a contract; however, it may also arise as legal or equitable subrogation, or in other words by operation of law based on facts giving rise to a right of subrogation. | Does legal or equitable subrogation arise by operation of law based on the facts or underlying circumstances of the case? | 043748.docx | LEGALEASE-00121531-LEGALEASE-00121532 | Condensed, SA | 0.38 | 0 | 1 | 0 | 1 | |
| 3801 | Rupp v. Transcon. Ins. Co., 627 F. Supp. 2d 1304 | 366+1 | Subrogation is an equitable doctrine that allows a person or entity which pays the loss or satisfies the claim of another under a legally cognizable obligation or interest to step into the shoes of the other person and assert that person's rights. The right to subrogation does not depend on contractual relationships, as its purpose is to work out an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who, in equity and in good conscience, ought to pay it. State Farm Mut. Auto. Ins. Co. v. Northwestern Nat'l Ins. Co., 912 P.2d 983, 985 (Utah 1996) (internal quotations and citations omitted). Relief is available if the following conditions are met:(1) There must be a debt or obligation for which the subrogee [here, excess carrier Westchester] was not primarily liable; (2) the subrogee must have made payment to protect his own rights or interest; (3) the subrogee must not have acted merely as a volunteer; and (4) the entire debt must have been paid. Furthermore, subrogation must not work any injustice to the rights of others. Id. at 986 (internal citations omitted). | Under Utah law, relief on a subrogation claim is available if the following conditions are met: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee made payment to protect his own rights or interest; (3) the subrogee did not act merely as a volunteer; and (4) the entire debt was paid. | What conditions must be met for relief on a subrogation claim to be available? | 043752.docx | LEGALEASE-00121541-LEGALEASE-00121543 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 3802 | E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | Under the Court of Chancery's precedent, there are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What are the three elements of equitable subrogation? | Subrogation - Memo # 557 - C - TJ.docx | ROSS-003296122-ROSS-003296123 | SA, Sub | 0.09 | 0 | 0 | 1 | 1 | |
| 3803 | E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | Under the Court of Chancery's precedent, there are five elements necessary to establish a claim for equitable subrogation:(1) payment must have been made by the subrogee to protect his or her own interest; (2) the subrogee must not have acted as a volunteer; (3) the debt paid must have been one for which the subrogee was not primarily liable; (4) the entire debt must have been paid; and (5) subrogation must not work any injustice to the rights of others. As in other jurisdictions, the Court of Chancery has expanded its use of the doctrine beyond its narrow origins for other equitable reasons. No Delaware court, however, has ever applied the doctrine to enable a mortgage lender who funds a homeowner's refinancing to assume the position of the original lender. Nevertheless, the Appellant relies on two Court of Chancery cases to support its claim that the doctrine should be applied to the facts of this case. | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | What are the five factors that have been outlined as conditions precedent to the application of equitable subrogation? | 043860.docx | LEGALEASE-00121416-LEGALEASE-00121417 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 3804 | Home Ins. Co. v. Cincinnati Ins. Co., 213 Ill. 2d 307 | 366+1 | In contrast to contribution, subrogation and indemnification are devices for placing the entire burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged. 15 Couch on Insurance 3d " 217:5 (rev.2004). Indemnification differs from subrogation in that the entity seeking indemnification does so in its own right, while in the latter the subrogee succeeds to another's right to payment. 15 Couch on Insurance 3d " 217:5 (rev.2004). | In contrast to contribution, subrogation and indemnification are devices for placing the entire burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged. | "In contrast to contribution, are subrogation and indemnification devices for placing the entire burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged?" | 043912.docx | LEGALEASE-00121142-LEGALEASE-00121143 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 3805 | Lumbermens Mut. Cas. v. United States, 90 Fed. Cl. 558 | 366+7(1) | Subrogation is a principle of equity whereby "a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed." Pearlman v. Reliance Ins. Co., 371 U.S. 132, 137, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962). Lumbermens stands in the shoes of one entitled to obtain reimbursement from the Navy"in this case, Atherton. However, Lumbermens as surety may acquire by subrogation only rights that would have been available to Atherton. See Munsey Trust Co., 332 U.S. at 242, 67 S.Ct. 1599. Some of the delay was caused by a faulty electrical system wired by the Navy's original contractor. Liquidated damages assessed for Atherton's relatively inefficient concurrent work on the additional units were not improper, however, because the Navy did nothing to interfere with or impede Atherton's work. | "Subrogation" is a principle of equity whereby a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed. | Is subrogation a principle of equity whereby a surety who pays the debt of another is entitled to all the rights of the person he paid to enforce his right to be reimbursed? | Subrogation - Memo # 657 - C - NO.docx | ROSS-003282999-ROSS-003283000 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 3806 | Fuller v. Stonewall Cas. Co. of W. Va., 172 W. Va. 193 | 366+7(1) | Yeager Ford maintains that the payment it received from the insurance proceeds was proper because it had paid the Bank when Fuller defaulted on his installment purchase contract. Yeager Ford points to the fact that it guaranteed Fuller's commercial paper when it was assigned to the Bank. We are aware of general law to the effect that where a guarantor pays to the creditor the debt on behalf of the principal obligor, he is ordinarily entitled to be subrogated to the rights of the creditor as against the principal obligor and accrue to such security as has been taken by the creditor from the principal obligor. See Perkins v. Hall, 123 W.Va. 707, 718, 17 S.E.2d 795, 802 (1941). E.g., D.W. Jaquays & Co. v. First Security Bank, 101 Ariz. 301, 419 P.2d 85 (1966); Collection Control Bureau v. Weiss, 50 Cal.App.3d 865, 123 Cal.Rptr. 625 (1975); Behlen Manufacturing Company v. First National Bank of Englewood, 20 Colo.App. 300, 472 P.2d 703 (1970); Knight v. Cheek, 369 A.2d 601 (D.C.App.1977); St. Paul Fire and Marine Insurance Company v. New Jersey Bank and Trust Co., 104 N.J.Super. 367, 250 A.2d 57 (1969); Fulton v. South Oak Cliff State Bank, 439 S.W.2d 730 (Tex.Civ.App.1969); 38 Am.Jur.2d Guaranty " 127 (1968). | Where a guarantor pays to creditor debt on behalf of principal obligor, he is ordinarily entitled to be subrogated to rights of creditor as against principal obligor and accrue to such security as has been taken by creditor from principal obligor. | "Where a guarantor pays to the creditor debt on behalf of a principal obligor, is he ordinarily entitled to be subrogated to the rights of a creditor as against the principal obligor and accrue to such security as has been taken by creditor from the principal obligor?" | 044014.docx | LEGALEASE-00121459-LEGALEASE-00121460 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3807 | Bost v. Paulson's Enterprises, 36 Ill. App. 3d 135 | 366+2 | Subrogation has been defined as the substitution of another person in the place of a claimant to whose rights he succeeds in relation to the debt or claim asserted which has been paid by him involuntarily. (Dunlap v. Peirce (1929), 336 Ill. 178, 168 N.E. 277). The doctrine of subrogation is broad enough to include every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable and which in equity and good conscience should have been discharged by the latter. (First National Bank of Belleville v. Heatherly (1972), 8 Ill.App.3d 1073, 291 N.E.2d 280.) The right of subrogation for payment by an innocent party exists as a matter of law and independent of contract, (Central National Bank Trust Co. v. Central Illinois Light Co. (1965), 65 Ill.App.2d 287, 212 N.E.2d 489,) and, in the case of conventional subrogation, is founded upon an express or implied agreement. (See 73 Am.Jur.2d Subrogation, Sec. 9). In the instant case we find that Allstate's right to a share of the proceeds of the judgment obtained by Lynn Peabody Bero from the Dram Shop Act defendants may be founded upon the terms of the original policy and the separate trust agreement as construed herein. | Doctrine of subrogation is broad enough to include every instance in which one person, not mere volunteer, pays debt for which another is primarily liable and which in equity and good conscience should have been discharged by latter. | "Under the doctrine of ""subrogation,"" does a person who has paid a debt for which another is primarily liable succeed to the rights of the person whose debt has been paid in relation to the debt or claim?" | 044068.docx | LEGALEASE-00121575-LEGALEASE-00121576 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3808 | Sun Valley Fin. Servs. of Phoenix v. Guzman, 212 Ariz. 495 | 366+1 | Equitable subrogation is the "substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." Mosher v. Conway, 45 Ariz. 463, 468, 46 P.2d 110, 112 (1935); see also Lamb Excavation, 208 Ariz. at 480, 6, 95 P.3d at 544. In a practical sense, equitable subrogation works like an assignment. Cf. State Farm Fire and Cas. Co. v. Knapp, 107 Ariz. 184, 185, 484 P.2d 180, 181 (1971). It is, as the name reflects, an equitable doctrine designed to prevent injustice"the "mode which equity adopts to compel the ultimate payment of a debt by one who in justice, equity, and good conscience ought to pay it." Mosher, 45 Ariz. at 468, 46 P.2d at 112. Application of the doctrine depends upon the particular facts and circumstances of each case. Id. Subrogation can only be granted when an equitable result will be reached. | "Equitable subrogation" is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | "Is subrogation or equitable subrogation the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo # 705 - C - SA.docx | ROSS-003324651-ROSS-003324652 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 3809 | DePuy v. Farmer, 847 N.E.2d 160 | 366+1 | The result reached in Tippmann is produced by the common law even in the absence of the statutory right conferred by section 13. In the absence of a specific statutory provision, this subrogation right comes from the common law. Subrogation operates "in favor of persons who are legally obligated to pay for a loss caused by another's tort." Steury v. N. Ind. Pub. Serv. Co., Inc., 510 N.E.2d 213, 214 (Ind.Ct.App.1987) (citing 73 Am.Jur.2d Subrogation " 38 (1974); 83 C.J.S. Subrogation " 16 (1953)). Common law subrogation is "a doctrine of equity jurisprudence" that "arises by operation of law, that is to say it is created by the legal consequences of the acts and relationships of the parties, and thus is a legal fiction." 83 C.J.S. Subrogation "" 2, 4 at 499"500, 504 (2000) (citations omitted); accord 73 Am.Jur.2d Subrogation " 1 at 541 (West 2001). It is "designed to promote and to accomplish justice, and compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it." 83 C.J.S. Subrogation " 3 at 502"03. The main goals of common law subrogation is to reimburse the subrogee for payments made by it, and prevent unjust enrichment of the subrogor. Bank of New York v. Nally, 820 N.E.2d 644, 653 (Ind.2005); Erie Ins. Co. v. George, 681 N.E.2d 183, 186 (Ind.1997); 73 Am.Jur.2d Subrogation " 2 at 543. The Board's decision to allow Farmer to continue his worker's compensation claim contingent upon his remitting the settlement sum to DePuy achieved these goals, and was a proper application of these common law principles. | Common law subrogation is a doctrine of equity jurisprudence that arises by operation of law, that is to say it is created by the legal consequences of the acts and relationships of the parties, and thus is a legal fiction; it is designed to promote and to accomplish justice, and compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it. | Is common law subrogation a doctrine of equity jurisprudence that arises by operation of law and thus a legal fiction? | 044166.docx | LEGALEASE-00121583-LEGALEASE-00121584 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3810 | DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill., 193 So. 2d 224 | 366+1 | The concept of subrogation is distinct from that of a mere assignment.Subrogation is a "creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it a wrongdoer who is legally responsible for the harm should not receive the windfall of being absolved from liability because the insured had had the foresight to obtain, and had paid the expense of procuring, insurance for his protection; since the insured has already been paid for his harm, the liability of the third person should now inure for the benefit of the insurer." 16 Couch, Cyclopedia of Insurance Law, s 61:18 (2nd Ed. 1964). | Subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | "Does subrogation serve the purpose of limiting the possibility of a double recovery by the insured, and secures the ultimate discharge of the debt by the one who in equity and good conscience ought to pay it?" | 044331.docx | LEGALEASE-00121741-LEGALEASE-00121742 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 3811 | Bekele v. Lyft, 199 F. Supp. 3d 284 | 25T+121 | "In considering whether [the] agreement to arbitrate is unenforceable, [the Court is] mindful of the FAA's purpose "to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts." " Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991)). "[E]ven claims arising under a statute designed to further important social policies may be arbitrated because "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum," the statute serves its functions." Id. (quoting Gilmer, 500 U.S. at 28, 111 S.Ct. 1647). | Even claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its functions. | Can claims arising under a statute designed to further important social policies be arbitrated? | Alternative Dispute Resolution - Memo 383 - RK.docx | ROSS-003297892-ROSS-003297893 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3812 | Coronado v. Norman, 111 S.W.3d 838 | 30+5 | An appellant must establish four elements in order to be successful in a restricted appeal: (1) the petition must be brought within six months from the signing of the judgment; (2) by a party to the lawsuit; (3) who did not participate in the trial on the merits; and (4) the error must be apparent on the face of the record. TEX.R.APP.P. 30; Campbell v. Fincher, 72 S.W.3d 723, 724 (Tex.App.-Waco 2002, no pet'n). Restricted appeals replace the former writ of error procedure. A restricted appeal, like an appeal by writ of error, is a direct attack. Lewis v. Ramirez, 49 S.W.3d 561, 564 (Tex.App.-Corpus Christi 2001, no pet'n). Whether an error on the face of the record exists is determined by a consideration of all papers on file in the record. Norman Communications v. Texas Eastman Company, 955 S.W.2d 269, 270 (Tex.1997). | An appellant must establish four elements in order to be successful in a restricted appeal: (1) the petition must be brought within six months from the signing of the judgment, (2) by a party to the lawsuit, (3) who did not participate in the trial on the merits, and (4) the error must be apparent on the face of the record. Rules App.Proc., Rule 30. | What are the elements necessary to prevail on a restricted appeal? | 008161.docx | LEGALEASE-00121993-LEGALEASE-00121994 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 3813 | Lawson v. Aetna Life Ins. Co., 59 Conn. App. 84 | 30+103 | "After a trial court has sustained a motion to strike a complaint or a portion of the complaint, the plaintiff has two options." P & L Properties, Inc. v. Schnip Development Corp., 35 Conn.App. 46, 49, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994). The plaintiff may either "amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the [motion to strike].... The choices are mutually exclusive. The filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading.... When a [motion to strike] is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the [motion to strike] thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading.... Royce v. Westport, 183 Conn. 177, 178"79, 439 A.2d 298 (1981)." (Internal quotation marks omitted.) P & L Properties, Inc. v. Schnip Development Corp., supra, at 49, 643 A.2d 1302. | After a trial court has sustained a motion to strike a complaint or a portion of the complaint, the plaintiff has two options, and these choices are mutually exclusive: (1) plaintiff may either amend his pleading; or (2) he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the motion to strike. | What are the options available to the plaintiff after a grant of motion to strike by the court? | Appeal And Error - Memo 24 - BP.docx | ROSS-003297250-ROSS-003297251 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3814 | Premium Cigars Int'l, Ltd. v. Farmer-Butler-Leavitt Ins. Agency, 208 Ariz. 557 | 307A+3 | A motion in limine filed in a civil case "is generally used as a substitute for evidentiary objections at trial" and "as a means to exclude evidence from trial for violations of the disclosure rules." Zimmerman v. Shakman, 204 Ariz. 231, 235 12, 62 P.3d 976, 980 (App.2003). A trial court is given considerable discretion in resolving those issues, State v. Duzan, 176 Ariz. 463, 465, 862 P.2d 223, 225 (App.1993), and so we do not review its decisions until they are made. See McMurren v. JMC Builders, Inc., 204 Ariz. 345, 351 20 n. 7, 63 P.3d 1082, 1088 (App.2003) (holding against advisory opinions). Because the trial court has not ruled on the admissibility of this evidence, we remand, allowing it to exercise its discretion without advising it on how to make such a ruling. | A "motion in limine" filed in a civil case is generally used as a substitute for evidentiary objections at trial and as a means to exclude evidence from trial for violations of the disclosure rules. | Are pretrial motions in limine employed in civil cases as a means to exclude evidence from trial for violations of the disclosure rules? | 024031.docx | LEGALEASE-00121948-LEGALEASE-00121949 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 3815 | Seels v. Tenet Health Sys. Hahnemann, 167 A.3d 190 | 307A+3 | A motion in limine is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. Parr v. Ford Motor Co., 109 A.3d 682, 690 (Pa. Super. 2014) (citation omitted). "A trial court's decision to grant or deny a motion in limine is subject to an evidentiary abuse of discretion standard of review." Id. at 690"691 (citation and quotation marks omitted). | A "motion in limine" is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | Is a motion in limine a procedural step to prevent prejudicial evidence from reaching the jury? | Pretrial Procedure - Memo # 109 - C - RY.docx | ROSS-003299864-ROSS-003299865 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 3816 | Adams v. Consol. Rail Corp., 214 W. Va. 711 | 307A+3 | Thus, syllabus point 4 of Tennant holds: "Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court. A trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified." Syl. pt. 4, Honaker v. Mahon, 210 W.Va. 53, 552 S.E.2d 788 (2001). See also, Jeffrey F. Ghent, Annotation, Modern Status of Rules as to Use of Motion in Limine or Similar Preliminary Motion to Secure Exclusion of Prejudicial Evidence or Reference to Prejudicial Matters, 63 A.L.R.3d 311 (1975). | Once a trial judge rules on a motion in limine, that ruling becomes the law of the case unless modified by a subsequent ruling of the court; a trial court is vested with the exclusive authority to determine when and to what extent an in limine order is to be modified. | Is the trial court vested with the exclusive authority to determine when and to what extent an in limine order is modified? | 024216.docx | LEGALEASE-00122023-LEGALEASE-00122024 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |
| 3817 | Foster v. Klaumann, 42 Kan. App. 2d 634 | 307A+3 | When a party alleges that an order in limine has been violated, the trial court must determine (1) whether the order has been violated and, if so, (2) whether the party alleging the violation has established substantial prejudice resulting from that violation. City of Mission Hills v. Sexton, 284 Kan. 414. Because the trial court is in the best position to determine whether a violation occurred and to determine the degree of prejudice any violation may have caused, the trial court's determination on these matters will not be disturbed absent a clear abuse of discretion. Steinman v. Krisztal, 247 Kan. 324, 328, 799 P.2d 475 (1990). | When a party alleges that an order in limine has been violated, the trial court must determine (1) whether the order has been violated and, if so, (2) whether the party alleging the violation has established substantial prejudice resulting from that violation. | "When a party alleges that an order in limine has been violated, must the trial court determine whether the order has been violated and whether the party alleging the violation has established substantial prejudice resulting from that violation?" | Pretrial Procedure - Memo # 87 - JTB.docx | ROSS-003326668-ROSS-003326669 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3818 | Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. The moving party will thereby be protected from any prejudicial impact from the comment and the making of objections in front of the jury. However, a court is disadvantaged in ruling on a motion in limine because it is considered in a vacuum, before the presentation of the full evidence at trial that may justify admission or require exclusion. Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. Cunningham v. Millers General Insurance Co., 227 Ill.App.3d 201, 205, 169 Ill.Dec. 200, 591 N.E.2d 80 (1992). It is well settled that both the motion in limine and the resulting order should be in writing to prevent confusion and misunderstanding during trial. Stennis v. Rekkas, 233 Ill.App.3d 813, 825, 175 Ill.Dec. 45, 599 N.E.2d 1059 (1992); Cunningham, 227 Ill.App.3d at 205, 169 Ill.Dec. 200, 591 N.E.2d 80. | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument? | 038127.docx | LEGALEASE-00122198-LEGALEASE-00122200 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 3819 | In re Reliable Mfg. Corp., 17 B.R. 899 | 366+7(1) | However, in one crucial respect a guaranty is like a contract of purchase. Once the guarantor pays a creditor, he steps into the shoes of the debtor whose debt he has paid and acquires that debtor's rights with respect to the obligation he has satisfied. This is the equitable doctrine of subrogation. See, e.g., In re J. V. Gleason Co., 452 F.2d 1219 (8th Cir. 1971); National Shawmut Bank v. New Amsterdam Casualty Co., 411 F.2d 843 (1st Cir. 1969); Argonaut Insurance Co. v. C & S Bank of Tifton, 140 Ga.App. 807, 232 S.E.2d 135 (1976); United States Fidelity & Guaranty Co. v. First State Bank of Salina, 208 Kan. 738, 494 P.2d 1149 (1972); Jacobs v. Northeastern Corp., 416 Pa. 417, 206 A.2d 49 (1965). Once Reliable paid Leigh and Dusek, it would be subrogated to Libco's rights, and therefore would be the equitable owner of the Reliable stock. Thus, we assume, without deciding, that the guaranty executed by Reliable would cause Reliable to purchase its own stock within the meaning of s 160 should Libco default on its contract. | Once the guarantor pays a creditor, he steps into the shoes of the debtor whose debt he has paid and acquires that debtor's rights with respect to the obligation he has satisfied; this is the equitable doctrine of subrogation. | "Once the guarantor pays a creditor, does he step into the shoes of the debtor whose debt he has paid and acquire that debtor's rights with respect to the obligation he has satisfied?" | Subrogation - Memo # 715 - C - NO.docx | ROSS-003298395-ROSS-003298397 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 3820 | In re Weinberger's Estate, 203 Neb. 674 | 13+61 | In the cases now before us the only performance remaining to be done by the seller under the sale contract, which was binding upon the heirs, executors, administrators, personal representatives, successors, and assigns of the decedent, was the delivery of a warranty deed to the purchasers conveying merchantable title to the premises. That performance was not required under the contracts until the purchasers completed payment for the land in 1981. At the time of the death of the decedent there was no breach of contract on the part of the seller, nor did the purchasers have any claim or cause of action against the decedent which could be presented or exhibited to the county court. A cause of action in contract accrues at the time of the breach or failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury occasioned him, but not until then. See 1 Am.Jur.2d, Actions, s 89, p. 618. Similarly, a cause of action on a covenant of warranty or for quiet enjoyment does not accrue in favor of the covenantee until eviction or surrender by reason of a paramount title. See, Campbell v. Gallentine, 115 Neb. 789, 215 N.W. 111; Burling v. Estate of Allvord, 77 Neb. 861, 110 N.W. 683. | Cause of action on covenant of warranty or for quiet enjoyment does not accrue in favor of covenantee until eviction or surrender by reason of a paramount title. | Does a cause of action on a covenant of warranty or for quiet enjoyment accrue in favor of covenantee before eviction or surrender by reason of a paramount title? | Action - Memo # 139 - C CS.docx | ROSS-003310827-ROSS-003310828 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3821 | Denman v. Citgo Pipeline Co., 123 S.W.3d 728 | 13+61 | A cause of action accrues when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant. Zidell v. Bird, 692 S.W.2d 550, 554 (Tex.App.-Austin 1985, no writ). In Hicks, 35 S.W.2d at 131, the court found that a right of action "depends on the existence of what is termed a cause of action, which involves the combination of a right on the part of the plaintiff and a violation of such right by defendant." Generally, a cause of action for injury to real property accrues when the injury is committed. Bayouth v. Lion Oil Co., 671 S.W.2d 867, 868 (Tex.1984) (cause of action for permanent injury to land accrues on discovery of first actionable injury); see Yancy v. City of Tyler, 836 S.W.2d 337, 341 (Tex.App.-Tyler 1992, writ denied) (cause of action for temporary injury to land accrues on each actionable injury). The right to sue for the injury is a personal right belonging to the person owning the property at the time of the injury. Abbott v. City of Princeton, 721 S.W.2d 872, 875 (Tex.App.-Dallas 1986, writ ref'd n.r.e.); Lay v. Aetna Ins. Co., 599 S.W.2d 684, 686 (Tex.Civ.App.-Austin 1980, writ ref'd n.r.e.). Therefore, without express provision, the right does not pass to a subsequent purchaser of the property. Abbott, 721 S.W.2d at 875; Lay, 599 S.W.2d at 686. A mere subsequent purchaser cannot recover for an injury committed before his or her purchase. Lay, 599 S.W.2d at 686. | A cause of action "accrues" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant. | "Does a cause of action ""accrue"" when a plaintiff first becomes entitled to file a lawsuit based on a legal wrong attributed to a defendant?" | Action - Memo # 159 - C CS.docx | ROSS-003310320-ROSS-003310322 | Condensed, SA | 0.9 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3822 | In re Harber, 553 B.R. 522 | 13+61 | Although federal law determines when a debtor's interest in property becomes property of the estate for purposes of section 541, state law usually controls whether the debtor has such an interest. Under Pennsylvania law, "a cause of action accrues only when one has the right to institute a suit." As explained by the Pennsylvania Supreme Court, a claim accrues on the date the plaintiff could have first maintained the action to a successful conclusion" by holding an enforceable claim or right after sustaining an injury that gives rise to damages. In the context of a personal injury tort which sounds in negligence, Pennsylvania law requires that the following elements be present: (1) the existence of a legal duty on the part of the defendant; (2) a breach of that duty by the defendant; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual damage suffered as a result. Additionally, in a tort case such as this, "the injury is done when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable." | Under Pennsylvania law, cause of action accrues on date that plaintiff could have first maintained the action to a successful conclusion by holding an enforceable claim or right after sustaining an injury that gives rise to damages. | Does a cause of action accrue when the plaintiff could have first maintained an action? | Action - Memo # 27 - C - LK.docx | ROSS-003285863-ROSS-003285864 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3823 | Mary Ann Morse Healthcare Corp. v. Bd. of Assessors of Framingham, 74 Mass. App. Ct. 701 | 75+8 | The community benefit test. The board's decision relies in large part on the Supreme Judicial Court's discussion in Western Mass. Lifecare Corp. v. Assessors of Springfield, 434 Mass. 96, 747 N.E.2d 97 (2001), and cases cited therein. Western Mass. Lifecare provides detailed guidance on the factors relevant to a determination that an organization provides a public benefit sufficiently broad to justify the public support that tax exemption represents. "An organization "operated primarily for the benefit of a limited class of persons," such that "the public at large benefit[s] only incidentally from [its] activities," is not charitable." Id. at 104, 747 N.E.2d 97, quoting from Cummington Sch. of the Arts, Inc. v. Assessors of Cummington, 373 Mass. 597, 600, 369 N.E.2d 457 (1977). "While there is no "precise number" of persons who must be served in order for an organization to claim charitable status, and "at any given moment an organization may service only a relatively small number of persons," membership in the class served must be "fluid" and must be "drawn from a large segment of society or all walks of life." " Western Mass. Lifecare, supra at 104, 747 N.E.2d 97, quoting from New England Legal Foundation v. Boston, 423 Mass. 602, 612, 670 N.E.2d 152 (1996). "[S]election requirements, financial or otherwise, that limit the potential beneficiaries of a purported charity will defeat the claim for exemption." Western Mass. Lifecare, supra at 104, 747 N.E.2d 97. | While there is no precise number of persons who must be served in order for an organization to claim charitable status, and at any given moment an organization may service only a relatively small number of persons, membership in the class served must be fluid and must be drawn from a large segment of society or all walks of life. M.G.L.A. c. 59, § 5. | How many beneficiaries must be served for a charitable trust to be in existence? | 013346.docx | LEGALEASE-00124102-LEGALEASE-00124103 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 3824 | In re Fresh & Process Potatoes Antitrust Litig., 834 F. Supp. 2d 1141 | 221+342 | Plaintiffs raise a concern about whether UPGC can assume the status of the member agencies in this case. But that makes no difference. The first element of the Act of State Doctrine is whether there is an official act of a foreign sovereign performed within its own territory, not whether the named defendant is the foreign sovereign who performed that official act. It makes no difference that the member agencies are not the named defendants in this case. The Act of State Doctrine prevents Plaintiffs from attacking the member agencies' sovereign supply-control decisions through UPGC. Unlike the FSIA, the relevant acts include any governmental acts whose validity would be called into question by adjudication of the suit, not just the acts of the defendants. Spectrum Stores, 632 F.3d at 954; see also IAM v. OPEC, 649 F.2d 1354, 1359 (9th Cir.1981). Moreover, "[t]he Act of State Doctrine is not diluted by the commercial activity exception which limits the doctrine of sovereign immunity." IAM, 649 F.2d at 1360; see also Honduras Aircraft Registry, Ltd. v. Honduras, 129 F.3d 543, 550 (11th Cir.1997) ("[T]here is no commercial exception to the Act of State Doctrine as there is under the FSIA.") | First element of act of state doctrine is whether there is an official act of a foreign sovereign performed within its own territory, not whether the named defendant is the foreign sovereign who performed that official act. | "Is the first element of the act of state doctrine whether there is an official act of a foreign sovereign performed within its own territory, and not whether the named defendant is the foreign sovereign who performed that official act?" | 019713.docx | LEGALEASE-00123772-LEGALEASE-00123773 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3825 | United States v. Portrait of Wally, 663 F. Supp. 2d 232 | 221+342 | As it did in Wally III, the Museum argues that the Act of State doctrine precludes adjudication of the present controversy. This doctrine bars U.S. courts from invalidating the public acts of foreign sovereigns within their own jurisdictions. See W.S. Kirkpatrick & Co. Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 409, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990); see also Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ("The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory."); Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897) ("Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory."). However, in determining whether the doctrine applies, courts must be mindful of their obligation "to decide cases and controversies properly presented to them." W.S. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701.This in turn requires consideration of the policies underlying the Act of State doctrine and "whether, despite the doctrine's technical availability, it should nonetheless not be invoked." Id. The Museum bears the burden of showing that abstention is justified. Bigio v. Coca"Cola Co., 239 F.3d 440, 453 (2d Cir.2001). | In determining whether the Act of State Doctrine applies, courts must be mindful of their obligation to decide cases and controversies properly presented to them; this in turn requires consideration of the policies underlying the Act of State doctrine and whether, despite the doctrine's technical availability, it should nonetheless not be invoked. | "In determining whether the Act of State Doctrine applies, must courts be mindful of their obligation to decide cases and controversies properly presented to them?" | 019751.docx | LEGALEASE-00123409-LEGALEASE-00123410 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3826 | Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 | 221+342 | "The act of state doctrine in its traditional formulation precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). "The text of the Constitution does not require the act of state doctrine; it does not irrevocably remove from the judiciary the capacity to review the validity of foreign acts of state." Id. at 423, 84 S.Ct. 923. | "Act of state doctrine" in its traditional formulation precludes courts of this country from inquiring into validity of public acts recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine in its traditional formulation preclude US courts from inquiring into validity of public acts? | 019759.docx | LEGALEASE-00123351-LEGALEASE-00123352 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3827 | Mannington Mills v. Congoleum Corp., 595 F.2d 1287 | 221+358 | The grant of patents for floor coverings is not the type of sovereign activity that would be of substantial concern to the executive branch in its conduct of international affairs. Although enforcement of a decree in the present litigation may possibly present problems of international relations, as will be discussed Infra, the granting of the patents per se, in substance ministerial activity, is not the kind of governmental action contemplated by the act of state doctrine or its correlative, foreign compulsion. We conclude, therefore, that the asserted act of state defense does not support dismissal of plaintiff's complaint and it does not apply to the patents issued in the foreign countries. | Granting of patents per se, in substance, ministerial activity, was not kind of governmental action contemplated by act of state doctrine or its correlative, foreign compulsion; thus, act of state defense did not support dismissal of complaint in antitrust action alleging fraud in obtaining of foreign patents and did not apply to patents issued in foreign countries. | Are ministerial acts of a foreign government excluded from the scope of act of state doctrine? | 019820.docx | LEGALEASE-00123975-LEGALEASE-00123976 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3828 | United States v. Louisiana, 470 U.S. 93 | 405+2652 | The term "historic bay" is not defined in the Convention, and there is no complete accord as to its meaning. The Court has stated that a historic bay is a bay "over which a coastal nation has traditionally asserted and maintained dominion with the acquiescence of foreign nations." United States v. California, 381 U.S., at 172, 85 S.Ct., at 1419. See also United States v. Alaska, 422 U.S., at 189, 95 S.Ct., at 2246; Louisiana Boundary Case, 394 U.S., at 23, 89 S.Ct., at 781. The Court also has noted that there appears to be general agreement that at least three factors are to be taken into consideration in determining whether a body of water is a historic bay: (1) the exercise of authority over the area by the claiming nation; (2) the continuity of this exercise of authority; and (3) the acquiescence of foreign nations. See United States v. Alaska, 422 U.S., at 189, 95 S.Ct., at 2246; Louisiana Boundary Case, 394 U.S., at 23-24, n. 27, 89 S.Ct., at 781-782, n. 27. An authoritative United Nations study concludes that these three factors require that "the coastal State must have effectively exercised sovereignty over the area continuously during a time sufficient to create a usage and have done so under the general toleration of the community of States." Juridical Regime of Historic Waters, Including Historic Bays 56, U.N. Doc. A/CN.4/143 (1962) (hereinafter Juridical Regime). In addition, there is substantial agreement that a fourth factor to be taken into consideration is the vital interests of the coastal nation, including elements such as geographical configuration, economic interests, and the requirements of self-defense. See id., at 38, 56-58; 1 Shalowitz, at 48-49. See also Fisheries Case (U.K. v. Nor.), 1951 I.C.J. 116, 142. In the present case, the facts establish that the United States effectively has exercised sovereignty over Mississippi Sound as inland waters from the time of the Louisiana Purchase in 1803 until 1971, and has done so without protest by foreign nations. | Three factors to be taken into consideration in determining whether a body of water is an historic bay are the exercise of authority over the area by the claiming nation, the continuity of that exercise of authority, and the acquiescence of foreign nations. | What are the three factors to be taken into consideration in determining whether a body of water is a historic bay? | International Law - Memo # 150 - C - CAR.docx | ROSS-003285627-ROSS-003285629 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3829 | Lizarbe v. Rondon, 642 F. Supp. 2d 473 | 221+342 | The act of state doctrine prevents courts from adjudicating a dispute if the matter involves assessing official actions of a foreign sovereign. W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l., 493 U.S. 400, 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). Rivera Rondon argues that the doctrine blocks Plaintiffs' litigation in this Court precisely because it would involve such an assessment. Again, Plaintiffs assert the inapplicability of the doctrine. | The act of state doctrine prevents courts from adjudicating a dispute if the matter involves assessing official actions of a foreign sovereign. | Does the act of state doctrine prevent courts from adjudicating a dispute if the matter involves assessing official actions of a foreign sovereign? | 019980.docx | LEGALEASE-00123177-LEGALEASE-00123178 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 3830 | French v. Banco Nacional de Cuba, 23 N.Y. 2d 46 | 221+134 | In short, the control of national currency and of foreign exchange is an essential governmental function; the state which coins money has "power to prevent its outflow" (Ling Su Fan v. United States, 218 U.S. 302, 311, 31 S.Ct. 21, 54 L.Ed. 1049, see also, Nortz v. United States, 294 U.S. 317, 330, 55 S.Ct. 428, supra); and as the court observed in Perry v. United States, 294 U.S. 330, 356, 55 S.Ct. 432, 437, supra, "(t)he same reasoning is applicable to the imposition of restraints upon transactions in foreign exchange." (See, also, Restatement, 2d, Foreign Relations Law of the United States, s 198, Comment B.) The Restatement finds no violation of international law in such a currency measure "if it is reasonably necessary in order to control the value of the currency or to protect the foreign exchange resources of the state" (s 198). The Restatement goes on to recite that "the application to an alien of a requirement that foreign funds held within the territory of the state be surrendered against payment in local currency at the official rate of exchange is not wrongful under international law, even though the local currency is less valuable on the free market than the foreign funds surrendered." Thus, if the Cuban Government could, under the example cited, have properly required an alien within its borders to surrender American dollars "against payment" in pesos, as a measure "reasonably necessary to protect the foreign exchange resources of the state" (Restatement, 2d, Foreign Relations Law of the United States, s 198), the present refusal of the Cuban Government to surrender American dollars in order to protect its dollar reserves, though harsh in its effect, would also seem to be within the limits of international legality. | The control of national currency and of foreign exchange is an essential governmental function; the state which coins money has power to prevent its outflow, and same reasoning is applicable to imposition of restraints upon transactions in foreign exchange. | Is the control of national currency and of foreign exchange an essential governmental function? | International Law - Memo # 189 - C - PHS.docx | ROSS-003311152-ROSS-003311153 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 3831 | Peterson v. Royal Kingdom of Saudi Arabia, 332 F. Supp. 2d 189 | 221+342 | Defendants also raise the act of state doctrine as a defense, in the event that either of the exceptions to the FSIA were found to apply. The act of state doctrine permits courts to avoid passing judgment on foreign sovereigns in order to preserve comity between nations. The Supreme Court first articulated the doctrine in Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897): "every sovereign state is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." Because the Court concludes that neither the expropriation nor the commercial activity exception to the FSIA applies in this case, the application of the act of state doctrine, or exceptions therefrom, need not be reached here. | The act of state doctrine permits courts to avoid passing judgment on foreign sovereigns in order to preserve comity between nations. | Does the act of state doctrine permit courts to avoid passing judgment on foreign sovereigns in order to preserve comity between nations? | International Law - Memo # 223 - C - MLS.docx | ROSS-003329601-ROSS-003329602 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3832 | Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 221+342 | Although there is no general federal common law, there are enclaves of federal judge-made law. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 426, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). One such enclave concerns the law of international relations and foreign affairs. Id. at 427, 84 S.Ct. 923. A long-standing common law principle, the act of state doctrine precludes courts from evaluating the validity of actions that a foreign government has taken within its own borders. See W.S. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. 701; Sabbatino, 376 U.S. at 401, 84 S.Ct. 923; Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897); see also Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 605"07 (9th Cir.1976) (recounting history of the doctrine); Born and Rutledge, International Civil Litigation in United States Courts 751"55 (2007) (same). The doctrine reflects the concern that the judiciary, by questioning the validity of sovereign acts taken by foreign states, may interfere with the executive branch's conduct of foreign policy. W.S. Kirkpatrick, 493 U.S. at 404, 110 S.Ct. 701.As a result, the doctrine requires that the "official act of a foreign sovereign performed within its own territory" becomes " "a rule of decision for the courts of this country." " Id. at 405, 110 S.Ct. 701 (quoting Ricaud v. American Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 62 L.Ed. 733 (1918)). | Act of state doctrine requires that the official act of a foreign sovereign performed within its own territory becomes a rule of decision for the courts of this country. | Does the act of state doctrine require that the official act of a foreign sovereign performed within its own territory becomes a rule of decision for the courts of this country? | International Law - Memo # 240 - C - CRB.docx | ROSS-003288210-ROSS-003288212 | Condensed, SA, Sub | 0.88 | 0 | 1 | 1 | 1 | 1 |
| 3833 | Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | The Court noted that while the act of state doctrine was not mandated by the Constitution, the doctrine nonetheless had "constitutional underpinnings" arising from separation of powers concerns about the competency of the judiciary to make and implement certain decisions in the area of international relations. Id. at 423, 84 S.Ct. 923. The doctrine arises out of the basic relationships between branches of government enjoined by a separation of powers; it "concerns the competency of dissimilar institutions to make and implement particular kinds of decisions in the area of international relations." Id. It "expresses the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere." Id. The doctrine is neither jurisdictional nor constitutionally mandated. Rather, it constitutes a prudential limitation upon the exercise of the court's power to adjudicate the legality of the acts of a foreign state or its agents. The act of state doctrine has been referred to as the "foreign counter part" to the political question doctrine. Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1046 (9th Cir.1983). | Act of state doctrine constitutes a prudential limitation upon the exercise of the court's power to adjudicate the legality of the acts of a foreign state or its agents. | Does the act of state doctrine constitute a prudential limitation upon the exercise of the court's power to adjudicate the legality of the acts of a foreign state or its agents? | 020112.docx | LEGALEASE-00123133-LEGALEASE-00123135 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3834 | In re Philippine Nat'l. Bank, 397 F.3d 768 | 221+342 | Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897). The act of state doctrine originally was deemed to arise from international law, but more recently has been viewed as a function of our constitutional separation of powers. W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). So viewed, the doctrine reflects " "the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder" the conduct of foreign affairs." Id. (quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)). | Act of state doctrine, pursuant to which every sovereign state is bound to respect independence of every other sovereign state, and courts of one country will not sit in judgment on acts of government of another, done within its own territory, reflects strong sense of the Judicial Branch that its engagement in task of passing on validity of foreign acts of state may hinder the conduct of foreign affairs. | "Will courts of one country sit in judgment on acts of government of another, done within its own territory?" | 05204.docx | LEGALEASE-00084945-LEGALEASE-00084946 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 3835 | Moscow Fire Ins. Co. of Moscow, Russia v. Bank of New York & Tr. Co., 161 Misc. 903 | 221+134 | The Constitution of the U.S.S.R. must be interpreted in the light of the character of this new system and the social purposes intended by this new and heretofore unused social compact. The safest way to ascertain the scope of the principles and purposes of the new Communistic system created is to see what is done under it, even if it is only done for the first time, in order to arrive at its true construction. What the Plenipotentiary of Russia, Mr. Litvinov, has done here is no doubt in Russia more likely a political, rather than a judicial question under its system, and this is especially true because the system there is not one of separated executive and legislative powers but a system in which legislative and executive powers are combined in the various organs of government. In order to determine that same question in this tribunal, namely, what the foreign laws are, there necessarily arises a judicial question. In deciding that question, we must recognize its status abroad. We must also recognize that its status here from the standpoint of what has been done by our executive with foreign diplomats, in an understanding akin to a treaty is purely a political question here. Since the acts performed must be taken as having been done in the highest good faith, under an exercise of powers asserted to exist by the very act, in construing the constitutional language and the powers created, we must consider the construction which the nation itself through its diplomats and agents has placed upon its own Constitution. It is difficult for us, in attempting to resolve a question of fact upon this subject, to disregard the persuasive influence of the act itself. Indeed, the mere exercise of this power has a compelling significance. This becomes especially important because in a construction of a Constitution all ordinary rules of construction should yield to a liberal interpretation; and the | Purposes and objectives of provision in Constitution of Soviet government may not be overridden by construction which would defeat fundamental aim and object of Constitution and purposes behind it and ignore principles of state ownership and state control of property and use thereof by state which underlie Constitution. | Can purposes and objectives of provisions in a State's Constitution be overridden by construction? | 020275.docx | LEGALEASE-00123587-LEGALEASE-00123589 | SA, Sub | 0.92 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3836 | Miller v. United States, 921 F. Supp. 494 | 221+342 | Plaintiffs' complaint, the Government contends, necessarily challenges an act of the Netherlands (Doc. 39 at 14). Plaintiffs, however, "merely seek to establish their right to the return of [the] proceeds" received from the Dutch authorities. In doing so, they are challenging the conduct and entitlement of American officials, not those of their Dutch counterparts. The act-of-state doctrine "does not apply to challenges in courts in the United States to the validity or legality of acts of the United States government." Restatement (Third) of the Foreign Relations Law of the United States " 443, comm. a (1987). "Act of state issues only arise when a court must decide"that is, when the outcome of the case turns upon"the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine." W.S. Kirkpatrick, supra, at 406, 110 S.Ct. at 704. | Act-of-state doctrine does not apply to challenges in United States courts to validity or legality of acts of United States government. Restatement (Third) of the Foreign Relations Law of the United States S 443 comment. | Does the act-of-state doctrine apply to challenges in United States courts to validity or legality of acts of United States government? | 020471.docx | LEGALEASE-00124107-LEGALEASE-00124108 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3837 | Provincial Gov't of Marinduque v. Placer Dome, 582 F.3d 1083 | 221+342 | The Supreme Court's leading contemporary act of state decision"W.S. Kirkpatrick"encapsulated the doctrine in this way: "Act of state issues only arise when a court must decide"that is, when the outcome of the case turns upon"the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine." Id. at 406, 110 S.Ct. 701. | Act of state issues only arise when a court must decide, that is, when the outcome of the case turns upon, the effect of official action by a foreign sovereign; when that question is not in the case, neither is the act of state doctrine. | Do act-of-state issues arise only when the outcome of a case turns upon the effect of an official action by a foreign sovereign? | 020475.docx | LEGALEASE-00124100-LEGALEASE-00124101 | Condensed, SA, Sub | 0.38 | 0 | 1 | 1 | 1 | 1 |
| 3838 | Schaefer v. Kumar, 804 N.E.2d 184 | 307A+3 | Kumar argues the trial court properly granted summary judgment in his favor because "[a]ny evidence upon which [Schaefer] relies is suppressed by the Court's ruling granting [Kumar's] motion in limine." (Appellee's Br. at 19.) Schaefer responds that "since Schaeffer' [sic] challenge is to the Tax sale, this motion in limine is mute [sic] as it deals with the tax certificate." (Appellant's Reply Br. at 7.) However, this case did not involve a jury trial and therefore Kumar's motion in limine was improper. See Baldwin v. Inter City Contractors Serv. Inc., 156 Ind.App. 497, 297 N.E.2d 831, 834 (1973). Motions in limine are limited to jury trials and "have no place or use" in court trials. Id. The purpose of a motion in limine is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility. Palmer v. State, 640 N.E.2d 415, 419 (Ind.Ct.App.1994). We accordingly decline to hold the grant of the motion in limine had the effect of suppressing evidence before the court in this bench trial. | The purpose of a motion in limine is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility. | Is the purpose of a motion in limine to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility? | Pre Trial Procedure - Memo - 81 - C - SK.docx | ROSS-003283956-ROSS-003283957 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 3839 | Nesvig v. Nesvig, 712 N.W.2d 299 | 307A+3 | Richard Nesvig argues the district court also abused its discretion by permitting certain evidence which exceeded the district court's previous order granting his motion in limine. However, an in limine ruling is only a preliminary order regarding admissibility of evidence. See Luce v. United States, 469 U.S. 38, 40-41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); Evans v. Wal-Mart Stores, Inc., 976 S.W.2d 582, 584 (Mo.Ct.App.1998). A district court's in limine ruling "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." Luce, 469 U.S. at 41-42, 105 S.Ct. 460. Therefore, any order sustaining a motion in limine and excluding evidence is interlocutory in nature and subject to change by the district court during the course of the trial. See, e.g., Smith v. Associated Natural Gas Co., 7 S.W.3d 530, 536 (Mo.Ct.App.1999). | Any order sustaining a motion in limine and excluding evidence is interlocutory in nature and subject to change by the district court during the course of the trial. | Is any order sustaining a motion in limine and excluding evidence interlocutory in nature subject to change by the district court during the course of the trial? | 024062.docx | LEGALEASE-00123077-LEGALEASE-00123078 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 3840 | Hawkes v. Casino Queen, 336 Ill. App. 3d 994 | 307A+3 | "The purpose of the motion [in limine] is to promote a trial free of prejudicial material and to avoid highlighting the evidence to the jury through objection." Konieczny v. Kamin Builders, Inc., 304 Ill.App.3d 131, 136, 237 Ill.Dec. 440, 709 N.E.2d 695, 699 (1999). The circuit court is vested with broad discretion to grant a motion in limine "as part of its inherent power to admit or exclude evidence." City of Quincy v. Diamond Construction Co., 327 Ill.App.3d 338, 342"43, 261 Ill.Dec. 141, 762 N.E.2d 710, 714 (2002). Courts of review will not reverse a circuit court's decision to grant a motion in limine absent a clear abuse of discretion. Ficken v. Alton & Southern Ry. Co., 291 Ill.App.3d 635, 642, 226 Ill.Dec. 187, 685 N.E.2d 1, 7 (1996). Further, this court may affirm the circuit court upon any grounds appearing in the record, without regard to whether such grounds were relied upon by the circuit court or whether its reasoning was correct. Ficken, 291 Ill.App.3d at 642, 226 Ill.Dec. 187, 685 N.E.2d at 7. | The circuit court is vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence. | Is the circuit court vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence? | Pretrial Procedure - Memo # 202 - C - CRB.docx | ROSS-003285442-ROSS-003285443 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 3841 | Lewis v. Buena Vista Mut. Ins. Ass'n, 183 N.W.2d 198 | 307A+3 | The motion in limine is a useful tool, but care must be exercised to avoid indiscriminate application of it lest parties be prevented from even trying to prove their contentions. That a plaintiff may have a thin case or a defendant a tenuous defense is ordinarily insufficient justification for prohibiting such party from trying to establish the contention. Nor should a party ordinarily be required to try a case or defense twice-once outside the jury's presence to satisfy the trial court of its sufficiency and then again before the jury. Moreover, the motion in limine is not ordinarily employed to choke off an entire claim or defense, as it was here regarding arson. Rather, it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until the admissibility of that matter has been shown out of the hearing of the jury. E.g., Mead v. Scott, 256 Iowa 1285, 130 N.W.2d 641 (previous accidents); Wagner v. Larson, 257 Iowa 1202, 136 N.W.2d 312 (collateral benefits and marital trouble); Baysinger v. Haney, 155 N.W.2d 496 (Iowa) (indirect revelation of contents of privileged report). Numerous other illustrations are set out in Davis, The Motion In Limine-A Neglected Trial Technique, 5 Washburn L.J. 232. See also Holtorf, Motions to Limit Evidence, 46 Neb.L.Rev. 502. | Motion in limine is not ordinarily employed to choke off entire claim or defense but it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until admissibility of that matter has been shown out of hearing of jury, and trial courts would ordinarily be well advised to require evidentiary hearing on motion if its validity or invalidity is not manifest from face of motion. | "Should a motion in limine be used to ""choke off"" a party's entire claim or defense?" | Pretrial Procedure - Memo # 285 - C - CRB.docx | ROSS-003296672-ROSS-003296673 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3842 | Luke v. Omega Consulting Grp., LC, 194 N.C. App. 745 | 307A+3 | A motion in limine seeks "pretrial determination of the admissibility of evidence proposed to be introduced at trial" and is recognized in both civil and criminal proceedings. State v. Tate, 44 N.C.App. 567, 569, 261 S.E.2d 506, 508, rev'd on other grounds, 300 N.C. 180, 265 S.E.2d 223 (1980). A trial court's ruling on a motion in limine will not be reversed absent an abuse of discretion. Heatherly v. Industrial Health Council, 130 N.C.App. 616, 619, 504 S.E.2d 102, 105 (1998). | A "motion in limine" seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial and is recognized in both civil and criminal proceedings. | "Does a ""motion in limine"" seek pretrial determination of the admissibility of evidence proposed to be introduced at trial and is recognized in both civil and criminal proceedings?" | Pretrial Procedure - Memo # 307 - C - CRB.docx | ROSS-003284793-ROSS-003284794 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 3843 | Terre Haute Reg'l Hosp. v. El-Issa, 470 N.E.2d 1371 | 307A+719 | Our court set out the parameters of implied consent to litigation of issues not raised prior to trial in Indianapolis Transit System, Inc. v. Williams, (1971) 148 Ind.App. 649, 269 N.E.2d 543, trans. denied. The pleadings, contentions of the parties and pretrial orders set out only a preliminary guide to the conduct of trial. Either party may, at any time, demand strict adherence to those issues raised prior to the commencement of trial. If the trial court permits the introduction of an issue not raised prior to trial, an objecting party is entitled to a reasonable continuance in order to prepare to meet the newly raised issue. However, where the trial has ended without objection, the evidence actually presented controls. Ayr-Way Stores, Inc. v. Chitwood, (1973) 261 Ind. 86, 91, 300 N.E.2d 335, 339; Svetich v. Svetich, (1981) Ind.App., 425 N.E.2d 191, 193, trans. denied; Urbanational Developers, Inc. v. Shamrock Engineering, Inc., (1978) 175 Ind.App. 416, 431, 372 N.E.2d 742, 751, trans. denied. The jury may then be properly instructed on any theory of recovery which the evidence supports. | If trial court permits introduction of issue not raised prior to trial, objecting party is entitled to reasonable continuance in order to prepare to meet newly raised issue; however, where trial has ended without objection, evidence actually presented controls and jury may then be properly instructed on any theory of recovery which evidence supports. | Should either party demand strict adherence to the issues raised before trial? | Pretrial Procedure - Memo # 316 - C - ANC.docx | ROSS-003297254-ROSS-003297255 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3844 | Austin v. Shampine, 948 S.W.2d 900 | 307A+3 | In short, no Texas court has ever reversed a case because of a violation of a motion in limine that was not met by an objection. Such a reversal would not be logical. By granting a motion in limine, a trial judge does not exclude evidence. Instead, he defers ruling on admissibility until such time as a party wishes to introduce the evidence. At that time, the party must obtain a ruling on the evidence before introducing it. The purpose of this procedure is to prevent the presentation of potentially prejudicial information before a ruling can be obtained. Keene Corp. v. Kirk, 870 S.W.2d 573, 580"81 (Tex.App."Dallas 1993, no writ). In short, by subjecting evidence to a motion in limine, a court makes no determination of the actual prejudicial effect of the evidence. When no objection is made to a violation of a motion in limine, the trial court may assume the moving party has determined not to oppose the introduction of the evidence. At any rate, the moving party in this situation has not lost its opportunity to have prejudicial information excluded. Instead, the party has lost only the opportunity to be notified before the prejudicial information is introduced. As a result, when a party complains on appeal that incurably prejudicial information was placed before the jury, the party should not bring an appellate point complaining about the violation of a motion in limine. A jury cannot be inflamed by a procedural error. Instead, the party should bring an appellate point complaining that the information introduced was incurably prejudicial. Because Austin and Big Boy did not bring such a point of error, point of error six is overruled. | When no objection is made to violation of motion in limine, trial court may assume moving party has determined not to oppose introduction of evidence. | "In the event there is no objection made as to a violation of motion in limine, may a trial court assume a party has determined not to object to the introduction of evidence?" | Pretrial Procedure - Memo # 534 - C - RY.docx | ROSS-003299029-ROSS-003299030 | SA, Sub | 0.91 | 0 | 0 | 1 | 1 | |
| 3845 | Inner City Wrecking Co. v. Bilsky, 51 Ohio App. 2d 220 | 307A+45 | Furthermore, the requirement that counsel file Pretrial Statements is not self-executing under Local Rule 21, Part I (A). Rather, the requirement is contingent upon the judge issuing it at least one week prior to the scheduled pretrial hearing. Although the rule is mandatory that the judge "shall" issue such a requirement, unless and until the judge does so, there is no requirement on counsel to file Pretrial Statements. If the judge does require that Pretrial Statements be filed, and also requires that counsel exchange reports of expert witnesses expected to be called by each party, but a party's Pretrial Statement does not indicate full compliance with the requirement that a report of its expert witness be furnished, only then may the court impose the sanction written into Local Rule 21, Part I (A), that the expert witness "will not be permitted to testify at the trial." | If trial judge requires that pretrial statements be filed, and also requires that counsel exchange reports of expert witnesses expected to be called by each party, but a party's pretrial statement does not indicate full compliance with the requirement that a report of its expert witness be furnished, only then may trial court impose sanction that expert witness will not be permitted to testify at trial. Rules of Common Pleas-Cuyahoga County, rule 21, pt. I(A). | Is the failure to file a responsive pre-trial memorandum grounds for the imposition of sanctions? | 041187.docx | LEGALEASE-00124173-LEGALEASE-00124174 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3846 | Winfield v. Pub. Serv. Comm'n of Indiana, 187 Ind. 53 | 317A+113 | Section 8696 provides, in substance, that the board of public works shall have power (clause 11) "to authorize *** telephone *** companies to use any street, alley or public place in such city, and erect necessary structures therein, to prescribe the terms and conditions of such use, and to fix by contract the price to be charged to patrons," subject to the approval of the common council. Such general provisions are held not to grant authority to cities to make contracts binding the state to any exemption therein stated in favor of public service companies from state regulation. Milwaukee El. Ry. Co. v. Commission, 238 U. S. 174, 35 Sup. Ct. 820, 59 L. Ed. 1254; City of Benwood v. Commission, 75 W. Va. 127, 83 S. E. 295, L. R. A. 1915C, 261. | Burns' Ann.St.1914, S 8696 (Burns' Ann.St. S 48-1902), declares that the board of public works of cities shall have power to authorize telephone companies to use any street, alley, or public place in city. Section 8938 (S 48-7301), declares that cities may contract for public service for the convenience and welfare of the people, that cities or towns may by ordinance provide all necessary regulations for the placing of telephone poles, etc., and may impose reasonable license fees and other compensation to be paid to such city or town for the franchise and privilege. Held, that in view of the fact that the statute expressly authorized only the imposition of reasonable license fees, it cannot be deemed that the state intended to allow the municipalities to grant franchises to public service corporations which would free them from the police power of the state to regulate. | Does a contract with a public utility company for fixing and regulation of rates include the power to exempt itself from further regulation of its charges? | Public Utilities - Memo 116 - AM.docx | LEGALEASE-00013984-LEGALEASE-00013985 | SA, Sub | 0.15 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3847 | Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421 | 317A+111 | It is stated in 51 C.J., p. 8, Sec. (19) F., "The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service, but it may act in a private capacity as distinguished from its public capacity, and in so doing is subject to the same rules as a private person." City of Phoenix v. Kasun, 54 Ariz. 470, 97 P.2d 210, 127 A.L.R. 84; Western Union Telegraph Co. v. Louisville & N. R. Co., 5 Cir., 250 F. 199. And in 51 C.J. p. 6, Sec. (13) B., it is also said: "Public utilities have the right to enter into contracts between themselves or with others, free from the control or supervision of the State, so long as such contracts are not unconscionable or oppressive and do not impair the obligation of the utility to discharge its public duties. " Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okl. 272, 288 P. 316; Oklahoma Gas & Electric Co. v. Oklahoma Natural Gas Co., 85 Okl. 25, 205 P. 768. | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | Is a public utility subject to the same rules as a private person when it acts in a private capacity? | 042240.docx | LEGALEASE-00123157-LEGALEASE-00123158 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3848 | Mayer v. First Nat. Bank of Or., 260 Or. 119 | 366+7(1) | A surety who is compelled to pay the debt of his principal becomes subrogated only to rights and remedies of the creditor which are in existence immediately prior to the payment. Alexander v. Young, 65 F.2d 752, 757 (10th Cir. 1933); Commercial Casualty Ins. Co. v. Board of Com'rs, 215 Ind. 440, 19 N.E.2d 476, 477"478 (1939); Leach v. Commercial Sav. Bank, 205 Iowa 1154, 213 N.W. 517, 520 (1927); Restatement, Security 383"384, Comment a to s 141. | A surety who is compelled to pay the debt of his principal becomes subrogated only to rights and remedies of creditor which are in existence immediately prior to the payment. | Does a surety who is compelled to pay the debt of his principal become subrogated only to rights and remedies of a creditor which are in existence immediately prior to the payment? | Subrogation - Memo # 946 - C - MLS.docx | ROSS-003287739-ROSS-003287741 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 3849 | Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Keck, Mahin & Cate, 154 S.W.3d 714 | 13+61 | Notably, a legal-malpractice claim does not accrue until "facts have come into existence that authorize a [client] to seek a judicial remedy." Apex Towing Co. v. Tolin, 41 S.W.3d 118, 120 (Tex.2001). This means a legal-malpractice claim does not arise "until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action." Id. at 121. Because damages are an element of the legal-malpractice claim, the claim does not accrue until the client discovers"or should have discovered"it was legally injured. Vacek Group, Inc. v. Clark, 95 S.W.3d 439, 443 n. 2 (Tex.App.-Houston [1st Dist.] 2002, no pet.). In fact, a cause of action may not accrue until well after facts alluding to the malpractice have surfaced. See Tate v. Goins, Underkofler, Crawford & Langdon, 24 S.W.3d 627, 636 (Tex.App.-Dallas 2000, pet. denied) (finding cause of action did not accrue when client learned of potential claim during deposition but only after default judgment was entered against the client); Estate of Arlitt v. Paterson, 995 S.W.2d 713, 720 (Tex.App.-San Antonio 1999, pet. denied) (dismissing claim made by deceased appellant's estate for estate planning malpractice because no claim for legal malpractice could have accrued prior to appellant's death). | A legal-malpractice claim does not arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action. | Does a legal-malpractice claim arise until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action? | 005388.docx | LEGALEASE-00124690-LEGALEASE-00124692 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 3850 | Brinkmann v. Common Sch. Dist. No. 27 of Gasconade Cty., 238 S.W.2d 1 | 13+61 | Appellants as Directors of the School Board were not under any obligation or duty to bring the injunction suit and they might never have done so. Even if appellants had not brought the injunction suit at all respondent had a cause of action against them and his right to assert it accrued to him independently of the injunction suit immediately upon appellants' breach of the contract. Dye v. School District No. 32, supra. The general rule is stated in 1 C.J.S., Actions " 124a, p. 1386, as follows: "A cause of action accrues at the time when its owner may legally invoke the aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain an action or suit." | A cause of action accrues at time when its owner may legally invoke aid of a proper tribunal to enforce his demand; when he has a present right to institute and maintain an action or suit. | Does a cause of action accrue at the time when its owner has a present right to institute and maintain an action or suit? | Action - Memo #192 - C - PHS.docx | LEGALEASE-00014170-LEGALEASE-00014171 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3851 | In re Nichols, 440 F.3d 850 | 148+2.2 | The Supreme Court has recognized, as did the common law, that the secured creditor has two types of rights: the contractual right to obtain repayment of its debt with a fair rate of return in the form of interest payments and the property right the creditor has in the collateral that secures the debt. These two types of rights together constitute the "bundle of rights" held by the secured creditor. Bankruptcy laws have long been construed to authorize the impairment of contractual obligations. United States v. Security Indus. Bank, 459 U.S. 70, 74, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) (citing Hanover Nat'l Bank v. Moyses, 186 U.S. 181, 188, 22 S.Ct. 857, 46 L.Ed. 1113 (1902)). The power of the bankruptcy laws, however, is subject to the Fifth Amendment's prohibition against taking property without just compensation. This distinction creates the also long-recognized tension between permitting the impairment of contractual obligations while maintaining the integrity of the property rights. Security Indus. Bank, 459 U.S. at 75, 103 S.Ct. 407 (citing Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935)). | While bankruptcy laws have long been construed to authorize impairment of contractual obligations, power of bankruptcy laws is subject to the Fifth Amendment's prohibition against taking property without just compensation. U.S.C.A. Const.Amend. 5. | Is the power of the bankruptcy laws subject to the Fifth Amendment's prohibition against taking property without just compensation? | 017414.docx | LEGALEASE-00125164-LEGALEASE-00125165 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 3852 | Shewfelt v. United States, 104 F.3d 1333 | 148+285 | Where, as here, an entity other than the United States took the action that resulted in the injury to private property, the United States may be held liable for a taking only if its involvement "is sufficiently direct and substantial to require compensation under the Fifth Amendment." National Bd. of YMCA v. United States, 395 U.S. 85, 93, 89 S.Ct. 1511, 1516, 23 L.Ed.2d 117 (1969). Contrary to the view of the Court of Federal Claims, we conclude that the involvement of the United States in the state's sale of the tax-deeded property to the county was not "sufficiently direct and substantial" to make that involvement a taking by the United States. | Where entity other than United States took action that resulted in injury to private property United States may be held liable for a taking only if its involvement is sufficiently direct and substantial to require compensation under Fifth Amendment. U.S.C.A. Const.Amend. 5. | Will there be a taking if the government's involvement is sufficiently direct and substantial to require compensation? | 017502.docx | LEGALEASE-00124352-LEGALEASE-00124353 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3853 | Doe v. Exxon Mobil Corp., 69 F. Supp. 3d 75 | 221+387 | The act of state doctrine "requires American courts to presume the validity of an official act of a foreign sovereign performed within its own territory." Republic of Austria v. Altmann, 541 U.S. 677, 713, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004) (internal quotation marks omitted). The doctrine must be considered when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within its own territory." McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073 (D.C.Cir.2012) (quoting W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). It provides a "rule of decision" requiring a court to deem legal the official act of a foreign sovereign when the legality of that act is at issue in a case. W.S. Kirkpatrick & Co., 493 U.S. at 406, 110 S.Ct. 701. On the other hand, the act of state doctrine is not an "exception for cases and controversies that may embarrass foreign governments." Id. at 409, 110 S.Ct. 701. The burden of proving that an act of state occurred lies with the party asserting the defense. Agudas Chasidei Chabad of U.S. v. Russian Fed'n, 528 F.3d 934, 951 (D.C.Cir.2008). | "Act of state doctrine" requires American courts to presume the validity of an official act of a foreign sovereign performed within its own territory. | Does the act of state doctrine require American courts to presume the validity of an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 70 - C - LK.docx | ROSS-003287059-ROSS-003287060 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 3854 | World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154 | 221+342 | The act of state doctrine "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). It is applicable when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within" its boundaries. W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 704, 107 L.Ed.2d 816 (1990). When it does apply, the doctrine serves as " "a rule of decision for the courts of this country," " id. at 405, 110 S.Ct. at 704 (quoting Ricaud v. American Metal Co., 246 U.S. 304, 310, 38 S.Ct. 312, 314, 62 L.Ed. 733 (1918)), which requires that, "in the process of deciding [a case], the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid," id. at 409, 110 S.Ct. at 707. Although the Supreme Court's description of the jurisprudential rationale for the doctrine has evolved over the years, the Court has most recently described it "as a consequence of domestic separation of powers, reflecting "the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder" the conduct of foreign affairs." Id. at 404, 110 S.Ct. at 704 (quoting Sabbatino, 376 U.S. at 423, 84 S.Ct. at 938). The policies underlying the doctrine include " international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations." Id. at 408, 110 S.Ct. at 706; see id. at 409, 110 S.Ct. at 706"07. | When it applies, the act of state doctrine serves as a rule of decision for the courts of the United States, which requires that, in the process of deciding a case, the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid. | "When it applies, does the act of state doctrine serves as a rule of decision for the courts of the United States?" | International Law - Memo # 280 - C - TJ.docx | ROSS-003286128-ROSS-003286130 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 3855 | Eckert Int'l v. Gov't of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167 | 221+342 | The act of state doctrine is typically characterized by two elements, neither of which is present here. First, the act undertaken by the foreign state must be public, and second, the act must be completed within the sovereign's territory. Public and governmental acts of sovereign states, which are protected by the act of state doctrine, are distinct from states' private and commercial acts, which are not. In Alfred Dunhill, the Supreme Court emphasized this distinction, stating that the doctrine's principal purpose, preventing interference with international relations, would not be threatened by recognizing that commercial transactions of foreign sovereigns are not "acts of state." Justice White's words are instructive on this point:In their commercial capacities, foreign governments do not exercise powers peculiar to sovereigns. Instead, they exercise only those powers that can also be exercised by private citizens. Subjecting them in connection with such acts to the same rules of law that apply to private citizens is unlikely to touch very sharply on "national nerves." 425 U.S. at 704, 96 S.Ct. at 1866. | Act of state doctrine is typically characterized by two elements: act undertaken by foreign state must be public, and act must be completed within sovereign's territory. | "Is the act of state doctrine typically characterized by an act undertaken by foreign state, which must be public, and must the act be completed within the sovereign's territory?" | 020165.docx | LEGALEASE-00124889-LEGALEASE-00124890 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 3856 | In re Philippine Nat'l. Bank, 397 F.3d 768 | 221+342 | The class plaintiffs in the district court argue that the act of state doctrine is directed at the executive and legislative branches of foreign governments, and does not apply to judicial decisions. Although the act of state doctrine is normally inapplicable to court judgments arising from private litigation, there is no inflexible rule preventing a judgment sought by a foreign government from qualifying as an act of state. See Liu v. Republic of China, 892 F.2d 1419, 1433"34 & n. 2 (9th Cir.1989) (citing RESTATEMENT (SECOND) OF FOREIGN RELATIONS OF THE UNITED STATES " 41 cmt. d (1965)) ("A judgment of a court may be an act of state."). There is no question that the judgment of the Philippine Supreme Court gave effect to the public interest of the Philippine government. The forfeiture action was not a mere dispute between private parties; it was an action initiated by the Philippine government pursuant to its "statutory mandate to recover property allegedly stolen from the treasury." In re Estate of Ferdinand Marcos Human Rights Litig., 94 F.3d at 546. We have earlier characterized the collection efforts of the Republic to be governmental. Id. The subject matter of the forfeiture action thus qualifies for treatment as an act of state. | Although the act of state doctrine is normally inapplicable to court judgments arising from private litigation, there is no inflexible rule preventing a judgment sought by a foreign government from qualifying as "act of state." | "Is there an inflexible rule preventing a judgment sought by a foreign government from qualifying as ""act of state""?" | 020172.docx | LEGALEASE-00124981-LEGALEASE-00124982 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3857 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | As noted above, where the policies underlying the doctrine militate against its application, the act of state doctrine should not apply, even to claims that a foreign government's actions are or were invalid. Kirkpatrick, 493 U.S. at 409, 110 S.Ct. at 706 ("Sometimes, even though the validity of the act of a foreign sovereign within its own territory is called into question, the policies underlying the act of state doctrine may not justify its application."). | Where policies underlying act of state doctrine militate against its application, doctrine should not apply, even to claims that foreign government's actions are or were invalid. | "Where policies underlying the act of state doctrine militate against its application, should the doctrine apply, even to claims that foreign government's actions are or were invalid?" | International Law - Memo # 419 - C - MLS.docx | ROSS-003329788-ROSS-003329789 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3858 | Ramirez de Arellano v. Weinberger, 745 F.2d 1500 | 221+342 | The act of state doctrine prevents judicial relief for certain claims that would require the court to pass on the validity of acts of a foreign state. The traditional formulation of the act of state doctrine is in Underhill v. Hernandez, decided in 1897:Every sovereign State is bound to respect the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. | Act of state doctrine prevents judicial relief for certain claims that would require court to pass on validity of acts of foreign state. | Does the act of state doctrine prevent judicial relief for certain claims that would require court to pass on validity of acts of foreign state? | International Law - Memo # 556 - C - SA.docx | ROSS-003311124-ROSS-003311125 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3859 | In re Grand Jury Proceedings Bank of Nova Scotia, 740 F.2d 817 | 221+342 | Only the United Kingdom asserts that the act of state doctrine should be applied here to thwart the efforts by the Executive Branch to obtain records in furtherance of a grand jury investigation into conduct crossing our nation's boundaries. The doctrine is completely inapplicable to this case. The act of state doctrine is primarily designed to avoid impingement by the judiciary upon the conduct of foreign policy by the Executive Branch. It is aimed at preventing judicial interference with the conduct of foreign relations by questioning the validity of the acts of foreign sovereigns in the context of a civil suit. The doctrine is not required by considerations of sovereignty, international law or the Constitution. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 421-27, 84 S.Ct. 923, 936-40, 11 L.Ed.2d 804 (1964); Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 605 (9th Cir.1976). Instead the doctrine "derives from the judiciary's concern for its possible interference with the conduct of foreign affairs by the political branches of the government." Timberlane Lumber Co. v. Bank of America, 549 F.2d at 605. | Act of state doctrine is primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch; it is aimed at preventing judicial interference with conduct of foreign relations by questioning validity of acts of foreign sovereigns in context of a civil suit. | Is the act of state doctrine primarily designed to avoid impingement by judiciary upon conduct of foreign policy by Executive Branch? | International Law - Memo # 566 - C - SA.docx | ROSS-003328177-ROSS-003328178 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3860 | Kruman v. Christie's Int'l PLC, 129 F. Supp. 2d 620 | 221+391 | This conclusion is no more than a straight forward application of the fundamental notion, widely respected by U.S. courts, of prescriptive jurisdiction. The power of the United States to prescribe a rule of conduct for extraterritorial transactions, its prescriptive jurisdiction, depends, so far as is relevant here, on those transactions having a substantial effect within U.S. territory. To grant a remedy under U.S. law where, as here, the transactions for which that remedy is sought had no such effect would be an unwarranted assertion of American power. | The power of the United States to prescribe a rule of conduct for extraterritorial transactions, its "prescriptive jurisdiction," depends, generally, on those transactions having a substantial effect within United States territory. Restatement (Third) of Foreign Relations Law SS 402, 402(1)(c). | Does the power of the United States to prescribe a rule of conduct for extraterritorial transactions depend on those transactions having a substantial effect within United States territory? | International Law - Memo # 810 - C - ANC.docx | ROSS-003297377-ROSS-003297378 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 3861 | Envtl. Tectonics v. W.S. Kirkpatrick, 847 F.2d 1052 | 221+342 | ETC's challenge to the district court's grant of summary judgment raises important issues about the proper application of the act of state doctrine. The doctrine is the judiciary's institutional response to the foreign relations tensions that can be generated when a United States court appears to sit in judgment on a foreign state's regulation of its internal affairs. Under the doctrine, the courts of this country will refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders. See Restatement (Revised) of Foreign Relations Law of the United States " 469[428] (1986). The party moving for the doctrine's application has the burden of proving that dismissal is an appropriate response to the circumstances presented in the case. See Alfred Dunhill of London, Inc. v. Cuba, 425 U.S. 682, 694, 96 S.Ct. 1854, 1861, 48 L.Ed.2d 301 (1976); Williams v. Curtiss"Wright, 694 F.2d 300, 303 n. 4 (3rd Cir.1982). | Under the "act of state doctrine," courts will refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders. | "Under the ""act of state doctrine,"" will courts refrain from judging the validity of a foreign state's governmental acts in regard to matters within that country's borders?" | 020662.docx | LEGALEASE-00125158-LEGALEASE-00125159 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3862 | Hargrove v. Underwriters at Lloyd's, London, 937 F. Supp. 595 | 221+342 | The act of state doctrine is a "judge-made prudential rule that prevents United States courts from sitting in judgment on the official acts of foreign sovereigns." Gregory H. Fox, Reexamining the Act of State Doctrine: An Integrated Conflicts Analysis, 33 Harv.Int'l L.J. 521, 521 (1992). In Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897), the United States Supreme Court described the doctrine:Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves. | "Act of state doctrine" is judge-made prudential rule that prevents United States courts from sitting in judgment on official acts of foreign sovereigns. | Is the Act of state doctrine a judge-made prudential rule that prevents United States courts from sitting in judgment on official acts of foreign sovereigns? | International Law - Memo 594 - TH.docx | ROSS-003311799-ROSS-003311800 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3863 | Lernout & Hauspie Speech Prod., N.V. v. Stonington Partners, 268 B.R. 395 | 106+512 | The doctrine of international comity requires a domestic court to give effect to executive, legislative, and judicial acts of a foreign sovereign. Hilton v. Guyot, 159 U.S. 113, 163"64, 16 S.Ct. 139, 40 L.Ed. 95 (1895). The question of whether to extend international comity is relevant only where there is a true conflict between United States law and that of a foreign state. Maxwell Communication Corp. v. Societe Generale (In re Maxwell Communication Corp.), 93 F.3d 1036, 1049 (2d Cir.1996). A true conflict exists where foreign law requires conduct that violates United States law. Id. In the face of a true conflict, the law of the sovereign who has the most significant contacts, that is the "center of gravity", should be applied. Id. at 1055. Furthermore, United States courts should deny comity only if its acceptance would be prejudicial to the interests of the United States. Hilton at 163"64, 16 S.Ct. 139. | Doctrine of international comity requires domestic courts to give effect to executive, legislative, and judicial acts of foreign sovereign. | "Does the doctrine of international comity require domestic courts to give effect to executive, legislative, and judicial acts of foreign sovereign?" | International Law- Memo # 766 - C - SU.docx | ROSS-003298676-ROSS-003298677 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3864 | Du Daobin v. Cisco Sys., 2 F. Supp. 3d 717 | 221+342 | The act of state doctrine is premised on the principle that "[e]very sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 416, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) (quoting Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897)). The doctrine is "a consequence of domestic separation of powers, reflecting "the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder" the conduct of foreign affairs". W.S. Kirkpatrick & Co., Inc. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (quoting Sabbatino, 376 U.S. at 423, 84 S.Ct. 923). "The doctrine's purpose is to prevent judicial pronouncements that would disrupt this country's foreign relations." Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji, 834 F.Supp. 167, 171 (E.D.Va.1993) aff'd, 32 F.3d 77 (4th Cir.1994) (citing Sabbatino, 376 U.S. at 428, 84 S.Ct. 923). | The act of state doctrine is premised on the principle that every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory. | "According to act of state doctrine, is every sovereign bound to respect independence of every other sovereign state?" | International Law- Memo # 771 - C - SU.docx | ROSS-003297991-ROSS-003297993 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 3865 | Dominicus Americana Bohio v. Gulf & W. Indus., 473 F. Supp. 680 | 221+351 | Some of the other allegations of the complaint, although involving acts of the Dominican authorities to some extent, fall within well-recognized exceptions to the act of state doctrine. For example, the initiation of judicial proceedings in a foreign country is not encompassed by the act of state doctrine even though foreign courts are responsible for the ultimate outcome of the proceedings. Timberlane, supra, at 608. Thus, the allegation that G & W officials promoted and financed meritless litigation designed to cloud the title to the Dominicus property presents a justiciable issue. | Initiation of judicial proceedings in a foreign country is not encompassed by the act of state doctrine even though foreign courts are responsible for the outcome of the proceedings; thus, allegation that defendant resort operator's officials promoted and financed meritless litigation designed to cloud title to plaintiffs' Dominican Republic property presented a justiciable issue in Sherman Act suit. Sherman Anti-Trust Act, SS 1, 2, 15 U.S.C.A. SS 1, 2. | "Is initiation of judicial proceedings in a foreign country, encompassed by the act of state doctrine even though foreign courts are responsible for the outcome of the proceedings?" | International Law- Memo # 777 - C - SU.docx | ROSS-003285025-ROSS-003285026 | SA, Sub | 0.23 | 0 | 0 | 1 | 1 | |
| 3866 | Hamilton v. Thomasville Med. Assocs., 187 N.C. App. 789 | 307A+3 | A motion in limine seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial, and is recognized in both civil and criminal trials. The trial court has wide discretion in making this advance ruling and will not be reversed absent an abuse of discretion. Moreover, the court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion in limine is subject to modification during the course of the trial. Heatherly v. Industrial Health Council, 130 N.C.App. 616, 619, 504 S.E.2d 102, 105 (1998) (emphasis supplied) (internal citations and quotation omitted).Judge Ford's denial of defendants' motion in limine to exclude plaintiff's experts' testimony on 3 November 2006 was "subject to modification during the course of the trial." Id. The trial court did not err by revisiting and considering defendants' motion in limine on 12 February 2007. This assignment of error is overruled. | The court's ruling on a motion in limine is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature, and therefore, the court's ruling on the motion is subject to modification during the course of the trial. | "Is the court's ruling on a motion in limine a final ruling on the admissibility of the evidence in question, or is it subject to modification during the course of the trial?" | Pretrial Procedure - Memo # 420 - C - SSB.docx | ROSS-003311575-ROSS-003311576 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3867 | Reese v. Proppe, 3 Ohio App. 3d 103 | 307A+1 | We are of the view that it is unreasonable for a court to make an order which impedes a defendant's ability to fully defend at trial against the allegations raised by the plaintiff. The very premise of our legal system is the proof of truth in order to justly resolve disputes. Except in cases of serious transgressions by a party which indicate the party's complete disregard for court procedures designed to produce the imminent resolution of a lawsuit, a court is generally limited to holding a party who disregards its order in contempt or imposing some other reasonable sanction. An order depriving a party of his or her day in court is too harsh a sanction for that party's failure to abide by an order of the court which merely regulates procedure prior to trial. | An order depriving a party of his or her day in court is too harsh a sanction for that party's failure to abide by an order of court which merely regulates procedure prior to trial. | Is an order depriving a party of his or her day in court too harsh a sanction for that party's failure to abide by an order of the court which merely regulates procedure prior to trial? | Pretrial Procedure - Memo # 477 - C - LK.docx | ROSS-003325933-ROSS-003325934 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 3868 | In re Schubert, 437 B.R. 787 | 366+7(1) | The doctrine of equitable subrogation is an established principle in Maryland jurisprudence and applicable in a bankruptcy case. "That doctrine was declared by this court [in earlier caselaw] to be a peculiar feature of equity not founded on contract but having its origin in a sense of natural justice." Wallace v. Jones, 110 Md. 143, 72 A. 769, 769"70 (1909). " "So soon as a surety pays the debt of a principal debtor, equity subrogates him to the place of the creditor and gives him every right, lien, and security to which the creditor could have resorted for the payment of his debt." " Id. at 770 (citing Orem v. Wrightson, 51 Md. 34, 34 Am. Rep. 286 (1879)). | Under Maryland law, as soon as surety pays the debt of principal debtor, equity subrogates him to place of creditor that is paid and gives him every right, lien and, security to which creditor could have resorted for payment of debt. | "Upon paying the debt, is a surety, as a matter of law, subrogated to all the creditor's rights against the principal debtor and is it entitled to all benefits derivable from any security of the principal debtor that may be in the creditor's hands?" | Subrogation - Memo 924 - RK.docx | LEGALEASE-00015434-LEGALEASE-00015435 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3869 | Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pre-trialevidentiary ruling on the admission of evidence without the trial court having any evidentiary foundation for the ruling in the context of the trial. Homebuilders Assn. of Ga. v. Morris, 238 Ga.App. 194, 195, 518 S.E.2d 194 (1999). Where the exclusion of evidence is required as a matter of law, the trial court does not abuse its discretion in granting a motion in limine. Id. at 197, 518 S.E.2d 194; American Petroleum Products v. Mom & PopStores, 231 Ga.App. 1, 7(3), 497 S.E.2d 616 (1998). Thus, "[b]y its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citation omitted.) Andrews v. Wilbanks, 265 Ga. 555, 556, 458 S.E.2d 817 (1995). 172 A motion in limine is a pretrial motion which may be used in two ways: 1) Themovant seeks, not a final ruling on the admissibility of evidence, but only to prevent the mentionby anyone, during trial, of a certain item of evidence or area of inquiry until its admissibility canbe determined during the course of the trial outside the presence of the jury. 2) The movant seeks a ruling on the admissibility of evidence prior to trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of [the] admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and it "controls the subsequent course of action, unless modified at trial to prevent manifest injustice." Harley-Davidson Motor | The grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care, because it seeks to preclude by pretrial evidentiary ruling on the admission of evidence, without the trial court having any evidentiary foundation for the ruling in the context of the trial. | May a motion in limine be used when the movant seeks a ruling on the admissibility of evidence prior to trial? | Subrogation - Memo 936 - RK.docx | ROSS-003298946-ROSS-003298948 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 3870 | City of Quincy v. Diamond Const. Co., 327 Ill. App. 3d 338 | 307A+3 | A trial court has broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence. As 343 such, we will not reverse the trial court's decision to grant or deny a motion in limine absent a clear abuse of discretion. People v. williams, 188 Ill.2d 365, 369, 242Ill. Dec. 260, 721 N.E.2d 539, 542 (1999). | A trial court has broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence. | Does a trial court have broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence? | Subrogation - Memo 937 - RK.docx | ROSS-003299858-ROSS-003299859 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 3871 | San Diego Metro. Transit Dev. Bd. v. Handlery Hotel, 73 Cal. App. 4th 517 | 148+81.1 | We recognize the power of eminent domain extends beyond real property, to personal and even intangible property. (City of Oakland v. Oakland Raiders (1982) 32 Cal.3d 60, 68, 183 Cal. 673, 646 P.2d 835.) However, to be a protectable property interest, the interest must be more substantial than a mere unilateral expectation of continued rights or benefits. (Ruckelshaus v. Monsanto Co. (1984) 467 U.S. 986, 1005, 104 S.Ct. 2862, 81 L.Ed.2d 815; Bagford v. Ephraim City, supra, 904 P.2d at p. 1099.) Without a vested, legally enforceable property interest, there is no basis for compensation in an inverse condemnation proceeding for loss of future business. (Ibid.) Here, Handlery's right or interest in operating the golf course was entirely dependent upon extending its lease for the property with Chevron/PDR. Without an option to renew, Handlery had no legally protectable property interest in the continued operation of the course after the 50-year lease term expired naturally. Handlery's mere expectation is not one which is compensable in an inverse condemnation proceeding. | Without a vested, legally enforceable property interest, there is no basis for compensation in an inverse condemnation proceeding for loss of future business. West's Ann.Cal. Const. Art. 1, S 19. | "Without a vested, legally enforceable property interest, is there a basis for compensation in an inverse condemnation proceeding for loss of future business?" | Eminent Domain - Memo 252 - GP.docx | ROSS-003286714-ROSS-003286715 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3872 | State v. Moore, 215 So. 3d 951 | 352H+95 | To support a conviction for attempted forcible rape, the State must prove that defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishment of his objective. See La. R.S. 14:27 and 14:42.1. Specific intent need not be proven as a fact but may be inferred from the circumstances and the actions of the defendant. State v. Strickland, 04-843 (La.App. 5 Cir. 3/1/05); 900 So.2d 885, 890, writ denied, 05"820 (La. 6/17/05); 904 So.2d 683. | To support a conviction for attempted forcible rape, the State must prove that defendant had the specific intent to commit forcible rape and that he did an act for the purpose of, and tending directly toward, the accomplishment of his objective. La. Rev. Stat. Ann. SS 14:27, 14:42.1. | Is specific intent of the defendant required to be proved in an attempted rape conviction? | Sex Offence - Memo 29 - BP.docx | LEGALEASE-00015642-LEGALEASE-00015643 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |
| 3873 | Burke v. Ins. Auto Auctions Corp., 169 S.W.3d 771 | 241+55(1) | The first step in ascertaining when the statute of limitations begins to run in a tort action is to determine whether the act causing the damage constitutes a legal injury. See Waxler, 106 S.W.3d at 280. If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort. See Waxler, 106 S.W.3d at 280. Conversely, if the act complained of does not, by itself, constitute a legal injury, the cause of action accrues when, and only when, the damages are sustained. See Waxler, 106 S.W.3d at 280. | If the act complained of constitutes a legal injury to a plaintiff, the wrong is completed and the cause of action accrues, for statute of limitations purposes, from the time the act is committed, even where little, if any, actual damage occurs immediately on commission of the tort. | Does a tort cause of action accrue until an injury is sustained? | 006463.docx | LEGALEASE-00126260-LEGALEASE-00126262 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 3874 | United States v. Verrusio, 762 F.3d 1 | 63+1(2) | It is true, as we noted above, that this court has held that, "[e]xcept in limited circumstances," the mere "release of information" does not come within the statutory definition of "official act." Valdes, 475 F.3d at 1329. But it does not matter if, "during the [World Series] trip," Verrusio's only acts were to "provide[ ] generic advice and publicly-available information regarding how United Rentals could achieve its goals." Reply Br. 14. The gratuities statute proscribes payments "for or because of any official act performed or to be performed by such official." 18 U.S.C. " 201(c)(1)(B) (emphasis added). Nor does it matter whether Verrusio succeeded in influencing the language"or even tried to do so. As we explained in Valdes, "the anti-gratuity provision has no requirement that the payment actually influence the performance of an official act." 475 F.3d at 1322 (internal quotation marks omitted). What matters is what the gift was contemplated for at the time it was given. And for the reasons set forth above, a reasonable jury could readily have concluded the World Series trip was contemplated for the particular act of getting United Rentals' language into the federal highway bill. | Except in limited circumstances, the mere release of information does not come within the statutory definition of "official act," for purposes of crime of federal official's receipt of gratuity. 18 U.S.C.A. S 201(a)(3), (c)(1)(B). | "Except in limited circumstances, does mere release of information come within the statutory definition of official act, for purposes of crime of federal official's receipt of gratuity?" | 011038.docx | LEGALEASE-00125940-LEGALEASE-00125941 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3875 | Rodriguez v. Swartz, 111 F. Supp. 3d 1025 | 221+392 | The Supreme Court stated three factors relevant to determining the extraterritorial application of the Constitution (specifically the Suspension Clause) in Boumediene : (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. 553 U.S. at 128 S.Ct. 2229. The relevant obstacles included, but were not limited to, the consequences for U.S. actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. Id. at 766, 128 S.Ct. 2229. The Court considers these along with the "voluntary connections" test outlined in Verdugo-Urquidez to find that Rodriguez can assert J.A.'s rights pursuant to the Fourth Amendment. | Three factors are relevant to determine the extraterritorial application of the Constitution: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right, including but not limited to the consequences for United States actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | Which three factors are relevant to determine the extraterritorial application of the Constitution? | International Law - Memo # 815 - C - VA.docx | ROSS-003285181-ROSS-003285182 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 3876 | eBay v. Bidder's Edge, 100 F. Supp. 2d 1058 | 386+6 | In order to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. See Thrifty"Tel, 46 Cal.App.4th at 1566, 54 Cal.Rptr.2d 468; see also Itano v. Colonial Yacht Anchorage, 267 Cal.App.2d 84, 90, 72 Cal.Rptr. 823 (1968) ("When conduct complained of consists of intermeddling with personal property "the owner has a cause of action for trespass or case, and may recover only the actual damages suffered by reason of the impairment of the property or the loss of its use." ") (quoting Zaslow v. Kroenert, 29 Cal.2d 541, 550, 176 P.2d 1 (1946)). Here, eBay has presented evidence sufficient to establish a strong likelihood of proving both prongs and ultimately prevailing on the merits of its trespass claim. | Under California law, in order to prevail on claim for trespass based on accessing computer system, plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in computer system; and (2) defendant's unauthorized use proximately resulted in damage to plaintiff. | Can unauthorized access to a computer system be considered a trespass? | 047222.docx | LEGALEASE-00126012-LEGALEASE-00126013 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3877 | Downs v. Lyles, 41 So. 3d 86 | 386+56 | Based on the evidence presented at trial, it appears that the claim of trespass against Downs and Dudley could have been based on actual physical trespass onto the property by Dudley, by the disturbing of the possession of both Lyles and Burke by projecting debris onto the property, and by the influx of water onto the property that Lyles and Burke claim resulted from actions taken by Downs and Dudley. See Rushing v. Hooper-McDonald, Inc., 293 Ala. 56, 59, 300 So.2d 94, 96 (1974) ("A trespass may be committed by disturbing the possession of the occupant, though the person committing the trespass does not actually go on the premises, as by throwing water or missiles on the land, or removing a partition fence, though the trespasser does not place his foot on the land."). Typically, damages for trespass are based on "the difference in the reasonable market value of the property" before and after the injury caused by the trespass. Johnson v. Martin, 423 So.2d 868, 870 (Ala.Civ.App.1982). When there is no actual damage to the real property resulting from the trespass, the owner of the property is entitled to nominal damages for the trespass. Johnson, 423 So.2d at 870. Compensation for damage to personal property occurring during a trespass is recoverable in a trespass action. Id. In addition, "a plaintiff can recover for mental suffering which was the proximate consequence ofa trespass to property if the trespass was committed under circumstances of insult and contumely." Id. at 871. [{Punitive damages are also available to a plaintiff in a trespass action, even if only nominal damages are awarded, "if the trespass is attended by rudeness, wantonness, recklessness or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence."[] Rushing, 293 Ala. at 61, 300 So.2d at 98. | Punitive damages are available to a plaintiff in a trespass action, even if only nominal damages are awarded, if the trespass is attended by rudeness, wantonness, recklessness, or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence. | Can punitive damages be awarded in a trespass action? | Trespass - Memo 204 - RK.docx | ROSS-003300321-ROSS-003300322 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 3878 | Murray v. San Jacinto Agency, 800 S.W.2d 826 | 241+43 | For the purposes of application of statute of limitations, a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy. Robinson v. Weaver, 550 S.W.2d 18, 19 (Tex.1977). Put another way, "a cause of action can generally be said to accrue when the wrongful act effects an injury." Moreno, 787 S.W.2d at 351. Murray was unable to obtain much-needed medical attention because of SJA's September 5, 1984 denial and had sufficient facts that day to assert her good faith claim. See Arnold, 725 S.W.2d at 167 ("A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim ..."). | Cause of action generally accrues at time when facts come into existence which authorize claimant to seek judicial remedy, for purposes of application of statute of limitations. | Does a cause of action accrue when facts have come into existence that authorize a claimant to seek a judicial remedy? | Action - Memo # 143 - C TJ.docx | ROSS-003285730-ROSS-003285731 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3879 | Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | We do, however, wholeheartedly embrace its second, involving the issue of accrual of a cause of action, a principle also articulated in Vaughn. It is clear that a cause of action for damage to real property accrues when the defendant's act causes "immediate and permanent injury" to the property or, to put it another way, when there is "[a]ctual and appreciable harm" to the property.]\| (CAMSI IV v. Hunter Technology Corp., supra, 230 Cal.App.3d at p. 1534, 282 Cal.Rptr. 80.) In the current flurry of asbestos-related cases, many have been litigated involving alleged injuries to real property. The leading case of that sort in this district makes clear that a cause of action for asbestos-related injury to real property accrues when "damage" or "physical injury to property" occurs. (San Francisco Unified School Dist. v. W.R. Grace & Co. (1995) 37 Cal.App.4th 1318, 1327, 1329, 44 Cal.Rptr.2d 305.) This rule is, of course, simply corollary of the general rule regarding accrual of causes of action. (See 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, "" We are aware of no reason why it should not apply, as the Keru court applied it, to actions alleging negligence in the design, engineering, or construction of buildings. | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | Does a cause of action for damage to real property accrue when the defendant's act causes immediate and permanent injury to the property? | Action - Memo # 234- C - MS.docx | ROSS-003289848-ROSS-003289850 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3880 | Callahan v. Com., 416 Mass. 1010 | 79+67 | The clerk acts as "a ministerial officer of the courts ... [who] is subject to the direction of the courts in the performance of his duties." Patrick v. Dunbar, 294 Mass. 101, 104, 200 N.E. 896 (1936). One such duty is the acceptance and filing of papers pertaining to litigation. In the absence of an order from a judge, the clerk should not have refused to docket the petitioner's notice of appeal. | In absence of order from judge, superior court clerk should not have refused to docket defendant's notice of appeal from denial of his motion to revise or revoke his amended sentence; clerk acts as ministerial officer of courts who is subject to direction of courts in performance of his duties, one of which is acceptance and filing of papers pertaining to litigation. | Is a clerk of courts subject to the direction of the courts in the performance of his duties? | Clerks of Court - Memo 45 - RK.docx | ROSS-003286676-ROSS-003286677 | Condensed, SA, Sub | 0.09 | 0 | 1 | 1 | 1 | 1 |
| 3881 | City of Tyler v. Likes, 962 S.W.2d 489 | 148+2.2 | A person's property may be "taken, damaged or destroyed" and therefore require compensation if an injury results from either the construction of public works or their subsequent maintenance and operation. See Hidalgo County Water Improvement Dist. No. 2 v. Holderbaum, 11 S.W.2d 506, 507 (Tex. Comm'n App.1928, judgm't adopted). However, mere negligence which eventually contributes to the destruction of property is not a taking. Cf. Steele v. City of Houston, 603 S.W.2d 786, 790"92 (Tex.1980); Texas Highway Dep't v. Weber, 147 Tex. 628, 219 S.W.2d 70 (1949); State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736"37 (1941). The City presented clear, direct, and positive evidence that it committed no intentional acts that created a taking in this case. Likes did not offer any controverting evidence, and the City was entitled to summary judgment on this cause of action. | Person's property may be taken, damaged or destroyed by government, and therefore require compensation under State Constitution, if injury results from either construction of public works or their subsequent maintenance and operation. Vernon's Ann.Texas Const. Art. 1, S 17. | Can there be a claim of compensation if an injury results from either the construction of public works or their subsequent maintenance and operation? | 017609.docx | LEGALEASE-00126741-LEGALEASE-00126742 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3882 | Bagford v. Ephraim City, 904 P.2d 1095 | 148+81.1 | While contract rights are also a form of "private property," not all contract rights rise to the level of a property interest cognizable under article I, section 22. Article I, section 22 also protects all types of private property that are protected by the Fifth Amendment of the United States Constitution. This Court has stated, ""The kinds of property subject to the [eminent domain] right ... [are] practically unlimited." " Farmers, 803 P.2d at 1244 (quoting Lund v. Salt Lake County, 58 Utah 546, 200 P. 510, 512 (1921)). Under general principles of eminent domain, property is not limited to land or improvements thereon, id., but ""[e]very species of property which the public needs may require ... [including] legal and equitable rights of every description"[is] liable to be thus appropriated." " Lund, 58 Utah at 552, 200 P. at 512 (quoting Cooley, Constitutional Limitations 646 (6th ed.)). | Under general principles of eminent domain, property is not limited to land or improvements thereon; every species of property that public needs may require, including legal and equitable rights of every description, is liable to be appropriated. | "Are every species of property which the public needs, liable to be appropriated?" | 017631.docx | LEGALEASE-00126646-LEGALEASE-00126647 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 3883 | Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | "A trespass to chattel occurs when one intentionally disposes another of their personal property." Mercer v. Halmbacher, 44 N.E.3d 1011, 1017 (Ohio App.2015).One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest.CompuServe Inc. v. Cyber Promotions, Inc., 962 F.Supp. 1015, 1021"22 (S.D.Ohio 1997)(citing Restatement (Second) of Torts " 218 (1965)).23 "An unprivileged use or other intermeddling with a chattel which results in actual impairment of its physical condition, quality or value to the possessor makes the actor liable for the loss thus caused." Id. at 1022. "[T]he word "chattels' is ordinarily limited to visible, tangible, movable personable property, although it "may be used in the broader sense." Universal Tube & Rollform Equip. Corp. v. YouTube, Inc., 504 F.Supp.2d 260 (N.D.Ohio 2007). | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | Can the impairment of the chattel result in liability for trespass to chattel? | 047275.docx | LEGALEASE-00126416-LEGALEASE-00126417 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 3884 | Zebra v. Sch. Dist. of City of Pittsburgh, 449 Pa. 432 | 1.41E+99 | Courts are further restrained, when dealing with matters of school policy, by the long-established and salutary rule that the courts should not function as super school boards. We will not interfere with the discretionary exercise of a school board's power unless the action was based on "a misconception of law, ignorance through lack of inquiry into facts necessary to form an intelligent judgment or the result of arbitrary will or caprice." Hibbs v. Arensberg, 276 Pa. 24, 26, 119 A. 727, 728 (1923). "It is only when the board transcends the limits of its legal discretion that it is amenable to the injunctive processes of a court of equity." Landerman v. Churchill Area School District, 414 Pa. 530, 534, 200 A.2d 867, 869 (1964); Detweiler v. Hatfield Borough School District, 376 Pa. 555, 566, 104 A.2d 110, 116"117 (1954). The burden of showing such an abuse is a heavy one and rests with the party seeking the injunction. Hibbs v. Arensberg, 276 Pa. 24, 119 A. 727 (1923). | Courts should not function as super school boards and should not interfere with the discretionary exercise of a school board's power unless the action was based on a misconception of law, ignorance through lack of inquiry into facts necessary to form an intelligent judgment or the result of arbitrary will or caprice. | Can courts interfere with a school district's discretion regarding school policy? | 016751.docx | LEGALEASE-00127091-LEGALEASE-00127092 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3885 | Keefe v. Adams, 840 F.3d 523 | 92+2005 | Given the strong state interest in regulating health professions, teaching and enforcing viewpoint-neutral professional codes of ethics are a legitimate part of a professional school's curriculum that do not, at least on their face, run afoul of the First Amendment. See Al"Dabagh v. Case W. Reserve Univ., 777 F.3d 355, 359"60 (6th Cir.), cert. denied, """ U.S. """", 135 S.Ct. 2817, 192 L.Ed.2d 850 (2015); Ward, 667 F.3d at 732; Keeton, 664 F.3d at 876.5 Because professional codes of ethics are broadly worded, they can be cited to restrict protected speech. For example, a university may violate the First Amendment if it invokes a curriculum-based code of ethics as a pretext to punish a student's religious views and speech. See Ward, 667 F.3d at 735; Axson"Flynn, 356 F.3d at 1292"93. But that is an as-applied inquiry. Here, Keefe made no allegation, and presented no evidence, that defendants' reliance on the Nurses Association Code of Ethics was a pretext for viewpoint, or any other kind of discrimination. | Given strong state interest in regulating health professions, teaching and enforcing viewpoint-neutral professional codes of ethics are legitimate part of professional school's curriculum that do not, on their face, run afoul of First Amendment. U.S. Const. Amend. 1. | Does the states have strong interest in regulating the teaching profession? | 016828.docx | LEGALEASE-00127028-LEGALEASE-00127029 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3886 | In re Am. Freight Sys., 179 B.R. 952 | 148+1 | Even if the undercharge claims were vested property rights, the NRA does not effect a taking. The Takings Clause prevents the government from forcing a small segment of people to bear burdens which should in fairness be borne by the public as a whole. Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211, 227, 106 S.Ct. 1018, 1027, 89 L.Ed.2d 166 (1986) (citation omitted). In Connolly, the court set out three factors which have particular significance in identifying a "taking" forbidden by the Fifth Amendment: (1) the character of the governmental action; (2) the extent to which the regulation has interfered with "distinct investment-backed expectations"; and (3) the economic impact of the regulation on the claimant. Id. at 224"25, 106 S.Ct. at 1025"26 (citations omitted). | Fifth Amendment takings clause prevents government from forcing small segment of people to bear burdens that should in fairness be borne by public as whole. U.S.C.A. Const.Amend. 5. | Does the Takings Clause prevent the government from forcing a small segment of people to bear burdens which should in fairness be borne by the public as a whole? | 017642.docx | LEGALEASE-00126836-LEGALEASE-00126837 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 3887 | T. M. Zimmerman Co. v. Pennsylvania Pub. Util. Comm'n, 195 Pa. Super. 77 | 48A+104 | (1) Appellant argues that the Commission's order does not cite, make reference to, or utilize any evidence of record. To the contrary, the Commission reviewed in detail appellant's application for transfer from Kulb, and the record made in connection therewith, all of which was introduced and admitted in the present proceeding. In determining the extent of the authority granted in a certificate of public convenience, the type of service contemplated at the time of the original application is a significant consideration. Ferry v. Pennsylvania P. U. C., 192 Pa.Super. 331, 162 A.2d 266. The history of the certificate in the case at bar, as set forth in the Commission's several orders approving the transfer, clearly indicates that there was never any intention to authorize the transportation of foodstuffs. It is apparent that the authority was originally granted to transport household goods and office furniture in use, in connection with the operation of a storage company. The rights were subsequently broadened to permit the transportation of new and used household goods, furniture, furnishings, stock and fixtures, office furniture and equipment, and works of art. After Kulb required the rights from the Andre Estate, he sold the used portion to a third party, leaving the new portion to be transferred to appellant. It is significant that Kulb testified that he had almost entirely limited himself to the transportation of furniture and appliances. It is also significant that, although the transfer was originally approved in August, 1956, the transportation of foodstuffs was not undertaken by appellant until the month of May, 1959, almost three years later. | Type of service contemplated at time of original application is a significant consideration in determining extent of authority granted by certificate of public convenience. | Is the type of service contemplated at the time of the original application where the extent of authority granted in a certificate of public convenience is to be determined? | 042423.docx | LEGALEASE-00126915-LEGALEASE-00126917 | Condensed, SA, Sub | 0.9 | 0 | 1 | 1 | 1 | 1 |
| 3888 | Travelers Ins. Co. v. Hartford Acc. & Indem. Co., 222 Pa. Super. 546 | 366+35 | The court below is correct in citing our adherence to the time-honored principle that an injured party must consolidate into a single action against a wrongdoer all damages arising out of a tort. Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282, 117 A. 59 (1922); Moltz, to Use of Royal Indem. Co., v. Sherwood Bros., Inc., 116 Pa.Super. 231, 176 A. 82 (1935). As a subrogee derives his right to recovery from the injured party, the prohibition against splitting of actions is no less binding where the interest of a subrogee is involved. Moltz, to Use of Royal Indem. Co., v. Sherwood Bros., Inc., supra; Spinelli v. Maxwell, 430 Pa. 478, 243 A.2d 425 (1968). The trial court is also correct in concluding that, despite language to the contrary in an early case, more recent precedents indicate that the right of subrogation is not self-executing once payment has been made to, or on behalf of, the legal plaintiff and notice has been given to the defendant; but that the subrogee must exercise "reasonable diligence" to protect its interest. Saber v. Supplee-Wills-Jones Milk Co., 181 Pa.Super. 167, 124 A.2d 620 (1956); Moltz, to Use of Royal Indem. Co., v. Sherwood Bros., Inc., supra. | Right of subrogation is not self-executing once payment has been made to, or on behalf of, legal plaintiff, and notice has been given to defendant; subrogee must exercise reasonable diligence to protect his interest. | "Is the right of subrogation self-executing, once payment has been made to the legal plaintiff and notice has been given to defendant?" | 043583.docx | LEGALEASE-00127199-LEGALEASE-00127200 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3889 | Pearl v. W.C.A.B., 26 Cal. 4th 189 | 316P+381 | As discussed, Labor Code section 3208.3 does not expressly provide that it apply to retirement disability claims under the Public Employees' Retirement Law. On the contrary, it refers to compensability under "this division," i.e., division 4 of the workers' compensation law. Although both the Public Employees' Retirement Law and the workers' compensation law are aimed at the same general goals with regard to the welfare of employees and their dependents, they represent distinct legislative schemes.We may not assume that the provisions of one apply to the other absent a clear indication from the Legislature.(Nickelsberg v. Workers' Comp. Appeals Bd. (1991) 54 Cal.3d 288, 298, 285 Cal.Rptr. 86, 814 P.2d 1328; cf. People v. Goodloe (1995) 37 Cal.App.4th 485, 491, 44 Cal.Rptr.2d 15 ["When a particular provision appears in one statute but is omitted from a related statute, the most obvious conclusion ... is that a different legislative intent existed"].) | Courts may not assume that the provisions of the workers' compensation or public employees' retirement law apply to each other absent a clear indication from the legislature. | Can courts assume that the provisions of the workers compensation or public employees retirement law apply to each other absent a clear indication from the legislature? | 048030.docx | LEGALEASE-00126988-LEGALEASE-00126989 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3890 | Rogers v. Allis Chalmers Mfg. Co., 85 Ohio App. 421 | 413+2 | The right to participate in the Workmen's Compensation Fund is wholly statutory, and is in no way dependent upon the principles of the common law, whereby a master or principal is sought to be held liable for the torts of a servant or agent upon application of the doctrine of respondeat superior. In the Ott case, this Court merely found from the facts that there was sufficient relationship in the activity of the deceased at the time of his death to his employment to justify the conclusion that claimant was entitled to participate in the Fund under the Constitution, statutes, and rules of the Commission. Under the liberal construction required of Workmen's Compensation Laws, a mere causal connection is held to be sufficient to satisfy the statutory requirement that the injury be received in the course of and arise out of the employment. And no inquiry is required or made as to whether or not the injured workman at the time and place of injury was actually acting within the scope of his employment, as required to fix liability under the doctrine of respondeat superior. In such cases where inquiry as to the scope of employment is made, it is not for the purpose of determining that question in the first instance, but only to determine the question of causal connection. | Right to participate in compensation fund is wholly statutory and is not dependent on principles of common law whereby master or principal is sought to be held liable for torts of a servant or agent upon application of doctrine of respondeat superior. | Is there a right to participate in the workers compensation fund if that right is not found in the workers compensation statute? | 048116.docx | LEGALEASE-00126957-LEGALEASE-00126958 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3891 | Turner v. Hunt, 131 Tex. 492 | 13+63 | The question is not strictly one of delay in instituting suit after the accrual of the cause of action, which is usually determinable by the period of limitation fixed by statute. Here the delay is in asserting the right by making selection of the particular acre. Turner waited nearly nine years and a half to select the one acre and gave no explanation of the delay. In Dull v. Blum, 68 Tex. 299, 301, 4 S.W. 489, it was held that a similar right was lost by an unexplained delay of twenty years in making choice of the land. It is our opinion that Turner's delay, a little less than ten years, though long and unexplained, cannot be held sufficient to defeat his right because the facts as to the effects of the delay have not been developed. Except in case of extreme delay like that in Dull v. Blum, supra, delay, which works no injury or no disadvantage to another, is not such laches as will bar a right. Coleman v. Zapp, 105 Tex. 491, 496, 151 S.W. 1040; Ross' Estate v. Abrams, Tex.Civ.App., 239 S.W. 705, 709; Abrams v. Ross' Estate, Tex.Com.App., 250 S.W. 1019; Tomahagen v. Sarber, Tex.Civ.App., 29 S.W.2d 438; Brady v. Garrett, Tex.Civ.App., 66 S.W.2d 502; 27 Tex.Jur. p. 29, " 12. It is said in Terry v. Prairie Oil & Gas Company, 5 Cir., 83 F.2d 843, that the plea of laches is not controlled by mere passage of time and always presents a question of fact. | Whether right is lost by laches arising out of failure to institute suit after accrual of cause of action is usually determinable by the period of limitation fixed by statute. | Is the question of whether the right is lost by laches arising out of failure to institute suit after accrual of cause of action usually determinable by the period of limitation fixed by statute? | 005859.docx | LEGALEASE-00127298-LEGALEASE-00127299 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 3892 | Edward Balf Co. v. Town of E. Granby, 152 Conn. 319 | 13+65 | It is the plaintiff's claim that since the ordinance in effect when this action was commenced was invalid, no subsequent readoption, however valid, could affect this pending action. It is true that the legislature is presumed to intend that statutes affecting substantive rights do not affect pending actions unless a contrary intent appears. Reese v. Reese, 136 Conn. 191, 194, 70 A.2d 123. In general, that rule also applies to municipal ordinances. See MacKenzie v. Town Planning & Zoning Commission, 149 Conn. 678, 683, 183 A.2d 619. On the other hand, in the case of actions praying for a declaratory judgment or injunctive relief, since the remedy sought is prospective, the right to such relief is determined by the situation which has developed at the time of trial and not by that existing at the time the action was begun. Holt v. Wissinger, 145 Conn. 106, 115, 139 A.2d 353; Town of Newington v. Mazzoccoli, 133 Conn. 146, 150, 48 A.2d 729. | Right to relief in action for declaratory judgment or injunction, since remedy sought is prospective, is determined by situation which has developed at time of trial, not by that existing at time action was begun. | Is the right to relief in an action for declaratory judgment or injunction determined by the situation which has developed at the time of trial? | 006076.docx | LEGALEASE-00127774-LEGALEASE-00127776 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 3893 | Bacon v. DBI/SALA, 284 Neb. 579 | 413+1065 | As mentioned, the policy in question is part of an owner-controlled "wrap-up" insurance program up. Wrap- insurance programs are designed to prevent the plethora of third-party claims usually associated with lawsuits in large construction projects, wherein various parties associated with the project seek indemnification or contribution from each other. Such claims interfere with construction and result in higher costs. So, pursuant to a waiver of subrogation clause, the contractors and subcontractors, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner. That risk is then transferred to the owner's insurer for valuable consideration. | In a wrap-up insurance program, pursuant to a waiver of subrogation clause, contractors and subcontractors, on a large construction project, all in relatively equal bargaining positions, exculpate each other and shift the ultimate risk of losses pertaining to the project to the owner, which risk is then transferred to the owner's workers' compensation insurer for valuable consideration. | Do contractors and subcontractors exculpate each other and shift the ultimate risk of losses pertaining to the project to the ownerwrap-up in a insurance program.? | Subrogation - Memo # 1251 - C - SHS.docx | LEGALEASE-00017835-LEGALEASE-00017836 | Condensed, SA, Sub | 0.47 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3894 | Haney v. N. Dakota Workers Comp. Bureau, 518 N.W.2d 195 | 413+1 | Haney's reliance on Lee is misplaced. The important substantive right involved in the workers compensation scheme is the right to sue for damages, which injured workers were required to give up in exchange for sure and certain relief, regardless of questions of fault. Here, the statute in issue does not deny injured agricultural employees the important substantive right to sue their employers for damages arising out of work-related injuries; rather, the statute preserves that right for agricultural employees by excluding agricultural service from mandatory workers compensation coverage. We note that the value of the exchange of the right to sue for the right to sure and certain relief is not as great as it once was to employees. In 1973, the legislature adopted the doctrine of comparative negligence ameliorating the harsh effects of the defenses of contributory negligence and assumption of risk. See S.L.1973, Ch. 78; Wentz v. Deseth, 221 N.W.2d 101, 104-05 (N.D.1974). The subject is now governed by N.D.C.C. " 32-03.2-02, which provides in part: "Contributory fault does not bar recovery in an action by any person to recover damages for death or injury to person or property unless the fault was as great as the combined fault of all other persons who contribute to the injury, but any damages allowed must be diminished in proportion to the amount of contributing fault attributable to the person recovering."Prior to the change in the law in 1973, any contributory negligence on the part of the person suing for damages was a complete bar to recovery of any damages. Mauch v. Manufacturers Sales & Service, Inc.; Renner v. Murray, 136 N.W.2d 794 (N.D.1965); Sherlock v. Minneapolis, St. P. & S.S.M. Ry. Co., 24 N.D. 40, 138 N.W. 976 (1912). Regardless of its value to employers or employees, a legislative decision to extend workers compensation coverage to any group is "a matter of legislative grace" (Lee v. Job Service North Dakota, 440 N.W.2d at 519). Because the | Regardless of its value to employers or employees, legislative decision to extend workers' compensation coverage to any group is a matter of legislative grace, and because the legislature created the remedy, it can impose reasonable limits on it. | Is the legislative decision to extend workers compensation coverage to any group a matter of legislative grace? | Workers Compensation - Memo #84 ANC.docx | LEGALEASE-00017945-LEGALEASE-00017946 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |
| 3895 | Rosicrucian Fellowship v. Rosicrucian Fellowship Nonsectarian Church, 39 Cal. 2d 121 | 13+65 | Plaintiff asserts that no notice was given to the followers of the formation of defendant corporation; that a majority did not agree thereto; and that the court erred in considering the number who had joined at the time of trial rather than the number at the time the action was commenced. The court found that by April, 1945, 541 probationers and disciples out of 706 in the United States had become members of defendant corporation, which is, of course, a majority. Inasmuch as this action is in the nature of an equitable proceedings, the court may consider the facts as they existed at the time of trial so that the interests of justice may be subserved. Mercer Casualty Co. v. Lewis, 41 Cal.App.2d 918, 108 P.2d 65. Defendant corporation has offered to prove here that most of the foreign followers have also applied for membership. We think that is unnecessary as we fell the court was justified in assuming that a sufficiently substantial number of those who could reasonably be reached had joined. Moreover, we understand the judgment to accord the rights to all members of the unincorporated church association, as well as defendant corporation, and hence the foreign followers have not been prejudiced. | In action in nature of equitable proceeding, court may consider facts as they existed at time of trial so that interest of justice may be subserved. | "In action in nature of equitable proceeding, may a court consider facts as they existed at time of trial so that interest of justice may be subserved?" | 005991.docx | LEGALEASE-00128285-LEGALEASE-00128286 | SA, Sub | 0.88 | 0 | 0 | 1 | 1 | |
| 3896 | Civil Aeronautics Bd. of Civil Aeronautics Auth. v. Canadian Colonial Airways, 41 F. Supp. 1006 | 13+65 | As previously indicated, the main issue is whether or not defendant's intrastate transportation of passengers, who use the air line as one leg of an interstate or foreign journey, constitutes interstate commerce. If so, defendant admittedly is within the jurisdiction of the Board. Assuming that plaintiff's contention as to the nature of defendant's business will be sustained, it must carry the burden of establishing the fact. The information now sought will be most helpful in that direction. If it be that defendant has violated the provisions of law, and continues so to do, there is no good reason why the plaintiff may not produce evidence of defendant's continuing wrongful conduct. United States v. Gaffney, 2 Cir., 1924, 10 F.2d 694. Furthermore, equity always speaks as of the date of its decree, and facts intermediate the filing date of the complaint and the time of trial are, in consequence, relevant and material to the main issue. | Equity always speaks as of the date of its decree, and facts intermediate the filing date of the complaint and the time of trial, are, in consequence, relevant and material to main issue. | "Since equity always speaks as of the date of its decree, are facts about the filing date of the complaint relevant and material to the main issue?" | 006103.docx | LEGALEASE-00128156-LEGALEASE-00128157 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 3897 | Countryside Developers v. Peterson, 9 Neb. App. 798 | 13+65 | Further, even if we found that the spousal signatures were necessary, Petersons filed a "Supplement to Second Amendment to Agreement for Protective Covenants ..." on September 28, 1999, which was signed and acknowledged by two spouses who had not signed the Amendment. The two spouses had signed the covenant before the hearing on the motion for summary judgment. The relief ordinarily granted in equity is such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered. Wischmann v. Raikes, 168 Neb. 728, 97 N.W.2d 551 (1959). | Relief ordinarily granted in equity is such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered. | "Is relief ordinarily granted in equity such as the nature of the case, the law, and the facts demand, not at the beginning of the litigation, but at the time the decree is entered?" | 006131.docx | LEGALEASE-00128388-LEGALEASE-00128390 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 3898 | Seltzer v. United States, 98 Ct. Cl. 554 | 34+1 | The secretary of war is the regular constitutional organ of the President for the administration of the military establishment of the nation; and rules and orders publicly promulged through him must be received as the acts of the executive, and, as such, be binding upon all within the sphere of his legal and constitutional authority. | The President has power as Commander in Chief of the Army and Navy to establish rules and regulations for the government of the Army; and the Secretary of War is the regular constitutional organ of the President for the administration of the military establishment of the nation; and rules and orders publicly promulgated through the Secretary must be treated as the acts of the President, and, as such, are binding upon all within the military establishment. | Should rules and orders publicly promulgated through the secretary of war be treated as the acts of the president? | 008334.docx | LEGALEASE-00128620-LEGALEASE-00128621 | Condensed, SA, Sub | 0.27 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3899 | In re Sheena B., 83 A.D.3d 1056 | 307A+501 | CPLR 3217(b) provides that an action or proceeding may be discontinued "upon order of the court and upon terms and conditions, as the court deems proper." "[O]rdinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. Particular prejudice to the [child] or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or [at times] obligatory" (Tucker v. Tucker, 55 N.Y.2d 378, 383"384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; see Matter of Bianchi v. Breakell, 48 A.D.3d 1000, 852 N.Y.S.2d 454; Christenson v. Gutman, 249 A.D.2d 805, 671 N.Y.S.2d 835; Matter of Commissioner of Franklin County Dept. of Social Servs. v. Terry M., 178 A.D.2d 881, 577 N.Y.S.2d 735).Courts may deny discontinuance to protect the interests of the parties (see Matter of Cowles, 22 A.D.2d 365, 370, 255 N.Y.S.2d 160, affd. 17 N.Y.2d 567, 268 N.Y.S.2d 327, 215 N.E.2d 509). In matters involving the welfare of a child, not only the parties to the action, but also the public, has an interest in the continuation of the proceeding (see Winans v. Winans, 124 N.Y. 140, 26 N.E. 293; Matter of Rich v. Kaminsky, 254 App.Div. 6, 3 N.Y.S.2d 689; People ex rel. Intner v. Surles, 149 Misc.2d 644, 566 N.Y.S.2d 512; Matter of Billy R., 103 Misc.2d at 991, 427 N.Y.S.2d 364; Matter of Julie J. v. Edwin A., 86 Misc.2d 882, 383 N.Y.S.2d 994; Palmer v. Palmer, 62 Misc.2d 73, 78, 308 N.Y.S.2d 562), and concern for the welfare of the child justifies denial of the motion (see Matter of Houck v. Garraway, 293 A.D.2d 782, 739 N.Y.S.2d 499; People ex rel. Weissman v. Weissman, 50 A.D.2d 989, 376 N.Y.S.2d 694; Matter of Irene D. v. Anthony D., 113 Misc.2d 561, 564, 449 N.Y.S.2d 584). | Ordinarily a party cannot be compelled to litigate and, absent special circumstances, party's motion for voluntary discontinuance should be granted; however, particular prejudice to the opposing party or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, at times, obligatory. McKinney's CPLR 3217(b). | Should a party's motion for voluntary discontinuance be granted absent special circumstances? | 038876.docx | LEGALEASE-00128585-LEGALEASE-00128586 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3900 | S.B. Beach Properties v. Berti, 39 Cal. 4th 374 | 307A+501 | Here, defendants failed to do so before plaintiffs' voluntary dismissal. A section 581 dismissal "is available to [a] plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately." (Associated Convalescent Enterprises v. Carl Marks & Co., Inc. (1973) 33 Cal.App.3d 116, 120, 108 Cal.Rptr. 782.) "The entry is a ministerial, not a judicial, act, and no appeal lies therefrom." (Ibid.) Once plaintiffs dismissed their action no lawsuit existed for defendants to move against pursuant to section 425.16, subdivision (c). | A voluntary dismissal is available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor; if in proper form, the dismissal is effective immediately, the entry is a ministerial, not a judicial, act, and no appeal lies therefrom. West's Ann.Cal.C.C.P. S 581. | Is a voluntary dismissal effective immediately? | 038910.docx | LEGALEASE-00128334-LEGALEASE-00128335 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |
| 3901 | Tucker v. Tucker, 55 N.Y.2d 378 | 307A+501 | While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd. [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted (4 Weinstein-Korn-Miller, N.Y.Civ.Prac., par. 3217.06). Particular prejudice to the defendant or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, as the Appellate Division correctly held in this case, obligatory | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | "Can a party be compelled to litigate and, absent special circumstances, should discontinuance be granted?" | 038952.docx | LEGALEASE-00128170-LEGALEASE-00128171 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 3902 | State, Dep't of Health & Welfare v. Housel, 140 Idaho 96 | 307A+501 | On July 31, 2001, the Department filed its amended petition for modification of the December 14, 1998, child support order. The magistrate responded by ordering a hearing to verify the Housel's marital status. On September 27, 2001, the Department moved to dismiss its petition without prejudice. A hearing was subsequently held on October 2, 2001, at which time the magistrate ruled that the December 14, 1998, order was void without addressing the merits of the Department's motion to dismiss. Idaho Rule of Civil Procedure (I.R.C.P.) 41(a)2 provides three methods for a plaintiff to dismiss an action. The first and second methods, covered by I.R.C.P. 41(a)(1), provide for dismissal by notice or by stipulation of the parties. The third method, contained in I.C.R. 41(a)(2), provides for dismissal by order of the court. " "Generally, voluntary dismissal under I.C.R. 41(a)(1) is a matter of right; the plaintiff need not obtain the court's consent to do so." " Rohr v. Rohr, 118 Idaho 689, 692, 800 P.2d 85, 88 (1990) (quoting Rohr v. Rohr, 118 Idaho 698, 702, 800 P.2d 94, 98 (Ct.App.1989)). " "Unlike I.R.C.P. 41(a) (1), a motion to dismiss under I.R.C.P. 41(a)(2) is not a matter of right, but is discretionary with the trial court both as to whether a dismissal should be allowed, as well as to the terms and conditions to be imposed if allowed." " Id. (emphasis in original) | Generally, voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties is a matter of right; plaintiff need not obtain a court's consent to do so. Rules Civ.Proc., Rule 41(a)(1). | Is a voluntary dismissal under statute providing for dismissal by notice or by stipulation of parties a matter of right and plaintiff need not obtain a court's consent to do so? | Pretrial Procedure - Memo # 990 - C - SN.docx | LEGALEASE-00018290-LEGALEASE-00018291 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 3903 | State ex rel. Mott v. Bd. of Educ. of Darke Cty., 37 N.E.2d 660 | 13+65 | State ex rel. Apple v. Pence, 137 Ohio St. 569, 31 N.E.2d 841, 843, seems to us to be so nearly on all fours with the case at bar as to need nothing further than its citation. The question is thoroughly discussed and pertinent cases are cited and commented upon. The syllabus is to the effect that in exercising the extraordinary power of mandamus, a court should take into consideration the facts and conditions arising at the time it determines whether to issue a peremptory writ. This case arose in Shelby County decided by this Court. We quote from the decision of the Supreme Court: "The Court of Appeals held: "Plaintiff's rights must be determined as of February 11, 1939 [the day of filing the petition], and hence the subsequent action through which centralization was effected would not defeat the right." In so holding the court below erred'. | In exercising extraordinary power of mandamus, the court is not limited to a consideration of the facts and conditions as they existed at the time the proceeding was initiated, but rather it should take into consideration facts arising at time it determines whether to issue a peremptory writ. | "In a mandamus proceeding, must a court consider facts and conditions existing at the time it determines whether to issue a peremptory writ?" | 006167.docx | LEGALEASE-00128682-LEGALEASE-00128683 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3904 | Kreeger v. Drummond, 235 N.C. 8 | 1.41E+13 | The Constitution of this State, Article IX, section 3, requires the maintenance of one or more public schools in each school district for at least aix months in every year, but this mandate does not apply to high schools. Elliott v. State Board of Equalization, 203 N.C. 749, 166 S.E. 918; Clark v. McQueen, supra. | The constitutional provision requiring maintenance of one or more public schools in each school district for at least six months in every year does not apply to high schools. Const. art. 9, S 3. | Does the constitutional provision requiring maintenance of one or more public schools in each school district for at least six months in every year apply to high schools? | Education - Memo # 64 - C - SU.docx | ROSS-003285869-ROSS-003285870 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3905 | Tunny v. Erie Ins. Co., 790 N.E.2d 1009 | 413+1 | The basic foundation for resolving the question before us rests upon whatpayments an injured employee is entitled to after the injury occurs and what requirements are placed upon that employee and his employer or the worker's compensation carrier by I.C. " 22-3-2-13.As previously discussed, worker's compensation is intended to provide an injured employee with a guaranteed payment for an injury in an expeditious manner. More importantly, as alluded to by our Supreme Court in Spangler, Jennings & Dougherty P.C., the injured employee is entitled to the worker's compensation benefits regardless of whether or not any action is taken against the third party tortfeasor, a settlement or judgment is acquired by the injured employee, or the injured employee is able to collectagainst the tortfeasor. What is required is that if an injured employee collects an amount from a tortfeasor which exceeds the amount of worker's compensation benefits received by the injured employee, the employee must reimburse to the worker's compensation carrier from the amount received from the tortfeasor the amount of compensation already paid by the worker's compensation carrier. I.C. " Literally, this means that the employee retains the rights to the worker's compensation payments and transfers to the worker's compensation carrier, the rights for the settlement or judgment against the tortfeasor, to the extent that the settlement or judgment satisfies the lien held by the worker's compensation carrier. | The injured employee is entitled to the worker's compensation benefits regardless of whether or not any action is taken against the third party tort-feasor, a settlement or judgment is acquired by the injured employee, or the injured employee is able to collect against the tort-feasor. | Is an injured employee entitled to the worker's compensation benefits regardless of whether or not a settlement or judgment is acquired by the injured employee? | Workers' Compensation Memo # 25 - C - SA.docx | ROSS-003290654-ROSS-003290655 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 3906 | Singer Co. v. Tappan Co., 403 F. Supp. 322 | 25T+139 | What emerges then is this principle, that in interpreting the scope of an arbitration clause, that is, in endeavoring to determine what the parties intended would be arbitrable, federal courts are not to apply the traditional rules of construction, but rather a federal rule that seemingly requires a clearly expressed intent not to arbitrate an issue to before such issue can be ruled one for judicial determination; and, further, that if the issue is a doubtful one, the doubt is to be resolved in favor of arbitration. Cf. Hussey Metal Division v. Lectromelt Furnace, 471 F.2d 556 (3d Cir. 1972). We can fairly say that the Act reflects a legislative determination of the desirability of arbitration as an alternative to litigation. | In interpreting scope of arbitration clause, federal courts are not to apply traditional rules of construction, but, rather, rule requires clearly expressed intent not to arbitrate issue before such issue can be ruled one for judicial determination; and, if issue is doubtful one, it is to be resolved in favor of arbitration. 9 U.S.C.A. SS 1-14. | How do courts interpret the scope of an arbitration clause to determine what the parties intended to be arbitrable? | 007302.docx | LEGALEASE-00129041-LEGALEASE-00129042 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 3907 | Thompson v. City of Red Wing, 455 N.W.2d 512 | 148+277 | Where a land owner has not yet obtained a final decision regarding application of a land regulation to the particular property in question, the claim is not ripe for review. Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 186, 105 S.Ct. 3108, 3116, 87 L.Ed.2d 126 (1985). The Thompsons asked the City to grant rezoning of their land and to issue a conditional use permit for a gravel mining operation. This request was denied for a variety of reasons. | Where landowner has not yet obtained a final decision regarding application of land regulation to the particular property in question, claim is not ripe for review; challenge to application of regulation is not ripe when landowners have not submitted a development plan, and takings claim is not ripe where only one plan is rejected and no other plan is proposed. | "Where a land owner has not yet obtained a final decision regarding application of a land regulation to the particular property in question, is the claim ripe for review?" | 017719.docx | LEGALEASE-00129149-LEGALEASE-00129151 | Condensed, SA, Sub | 0.25 | 0 | 1 | 1 | 1 | 1 |
| 3908 | Tucker v. Tucker, 55 N.Y.2d 378 | 307A+501 | While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd. [b]) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted (4 Weinstein-Korn-Miller, N.Y.Civ.Prac., par. 3217.06). Particular prejudice to the defendant or other improper consequences flowing from discontinuance may however make denial of discontinuance permissible or, as the Appellate Division correctly held in this case, obligatory. | While authority of court to grant or to deny an application by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted. McKinney's CPLR 3217(b); McKinney's DRL S 236, Pts. A, B. | Can a party be compelled to litigate and leave to discontinue a cause of action granted absent special circumstances? | 024019.docx | LEGALEASE-00129480-LEGALEASE-00129481 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 3909 | Turco v. Turco, 117 A.D.3d 719 | 307A+501 | "The determination of a motion for leave to voluntarily discontinue an action pursuant to CPLR 3217(b) rests within the sound discretion of the court" (Wells Fargo Bank, N.A. v. Chaplin, 107 A.D.3d 881, 883, 969 N.Y.S.2d 67; see Tucker v. Tucker, 55 N.Y.2d 378, 383, 449 N.Y.S.2d 683, 434 N.E.2d 1050)."In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted" (Wells Fargo Bank, N.A. v. Chaplin, 107 A.D.3d at 883, 969 N.Y.S.2d 67 [internal quotation marks omitted]; see Tucker v. Tucker, 55 N.Y.2d at 383"384, 449 N.Y.S.2d 683, 434 N.E.2d 1050). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's application, in effect, to voluntarily discontinue the action, made on the first day of trial, since the record supports a finding that she was merely attempting to avoid an adverse order of the court (see Kaplan v. Village of Ossining, 35 A.D.3d 816, 817, 827 N.Y.S.2d 278; Casey v. Custom Crushing & Materials, 309 A.D.2d 726, 727, 765 N.Y.S.2d 268), and there was a showing that the defendant would be prejudiced by such discontinuance. | In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, a motion for a voluntary discontinuance should be granted. McKinney's CPLR 3217(b). | "In the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences, should a motion for a voluntary discontinuance be granted?" | 024433.docx | LEGALEASE-00129522-LEGALEASE-00129523 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3910 | Koch v. Sheppard, 124 Ill. App. 266 | 307A+501 | In Boyce v. Snow, 187 Ill., 181, it was held that this provision applied solely to involuntary non-suits; and in distinguishing between voluntary and involuntary non-suits it was said: "A voluntary non-suit is said to be an abandonment of a cause by a plaintiff and an agreement that a judgment for costs be rendered against him, but an involuntary non-suit is where a plaintiff, on being called when the case is before the court for trial, neglects to appear, or when he has given no evidence upon which the jury could find a verdict." | A "voluntary nonsuit" is abandonment of a cause by a plaintiff and an agreement that a judgment for costs be rendered against him, but an "involuntary nonsuit" is where a plaintiff on being called when the case is before the court for trial, neglects to appear or when he has given no evidence upon which a jury could find a verdict. | "Is a ""voluntary nonsuit"" an abandonment of a case by a plaintiff with costs to be entered against him?" | 024840.docx | LEGALEASE-00129554-LEGALEASE-00129555 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 3911 | Detox Indus. v. Leeds, 770 S.W.2d 912 | 307A+501 | A plaintiff may dismiss, or take a nonsuit, at any time before he has introduced all of his evidence other than rebuttal evidence, but the dismissal shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. Tex.R.Civ.P. 162. The right of a plaintiff to take a nonsuit is absolute and unqualified when the motion therefor is timely made, State v. Gary, 163 Tex. 565, 359 S.W.2d 456, 459 (1962), and the adverse party has not filed a claim for affirmative relief. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982). The right exists from the moment the written motion is filed, and the trial judge has a ministerial duty to grant the motion. | Right of plaintiff to take nonsuit exists from moment that written motion is filed, and trial judge has ministerial duty to grant motion. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does the right of a plaintiff to take nonsuit exist from a moment that a written motion is filed, and does the trial judge have a ministerial duty to grant the motion?" | 026199.docx | LEGALEASE-00129283-LEGALEASE-00129284 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3912 | Rives v. Starcke, 195 La. 378 | 307A+501 | The ruling in Crocker v. Turnstall, which we have referred to, was founded, to some extent, upon the idea that a motion to discontinue a suit, under article 491 of the Code of Practice, is an attempt on the part of the plaintiff to 'control the final decision of the cause'. [(There would be some justification for that argument in a case that was submitted to the judge for decision before the plaintiff moved to discontinue the suit,-if the wording of article 491 of the Code of Practice left room for the argument; but a motion to discontinue a case that has not been submitted to the judge for decision cannot be regarded as an interference with the authority of the judge to render such judgment in the case as he sees fit, because he has no authority to render a judgment in a case that has not been submittedto him for decision. | A motion to discontinue a case that has not been submitted to the judge for decision cannot be regarded as an interference with the authority of the judge to render the judgment he sees fit, since he has no authority to render a judgment in a case that has not been submitted to him for decision. Code Prac. arts. 491, 492. | Can a motion to discontinue a case that has not been submitted to the judge for decision be regarded as an interference with the authority of the judge to render the judgment he sees fit? | Pretrial Procedure - Memo # 1303 - C - PB.docx | ROSS-003287528-ROSS-003287529 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 3913 | Lichtman v. Bd. of Educ. of Vill. of Ridgewood, Bergen Cty., 93 N.J. 362 | 141E+460 | We agree with the Commissioner that the language and import of N.J.A.C. 6:3"1.10(b) are to be understood as allowing a pro rata calculation of seniority based upon the total accumulated service in a specific category. In this way, actual service can be duly recognized and relevant experience and seniority of all tenured employees within a single category can be readily ascertained and compared. Indeed, regulations recently adopted by the Commissioner of Education to replace N.J.A.C. 6:3"1.10, see 15 N.J.R. 464 (adopted June 1, 1983), clarify this basic policy by emphasizing that actual experience in particular positions should be the critical determinant in awarding seniority. | Language and import of regulation which governs seniority rights for teachers allows a pro rata calculation of seniority based upon total accumulated service in a specific category. | Can the actual service be duty recognized by the language and import of a statute as allowing a pro rata calculation of seniority based upon the total accumulated service in a specific category? | 016996.docx | LEGALEASE-00129746-LEGALEASE-00129747 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 3914 | Koch v. Sheppard, 124 Ill. App. 266 | 307A+501 | In Boyce v. Snow, 187 Ill., 181, it was held that this provision applied solely to involuntary non-suits; and in distinguishing between voluntary and involuntary non-suits it was said: "A voluntary non-suit is said to be an abandonment of a cause by a plaintiff and an agreement that a judgment for costs be rendered against him, but an involuntary non-suit is where a plaintiff, on being called when the case is before the court for trial, neglects to appear, or when he has given no evidence upon which the jury could find a verdict." | A "voluntary nonsuit" is abandonment of a cause by a plaintiff and an agreement that a judgment for costs be rendered against him, but an "involuntary nonsuit" is where a plaintiff on being called when the case is before the court for trial, neglects to appear or when he has given no evidence upon which a jury could find a verdict. | "Is a ""voluntary nonsuit"" by a plaintiff a withdrawal or abandonment of his case with costs adjudged against him?" | 026059.docx | LEGALEASE-00129796-LEGALEASE-00129798 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 3915 | Spencer v. Ensign, 33 Idaho 577 | 307A+501 | The provision of C. S. " 6830, subd. 1, defines the right of the plaintiff to a dismissal of the action, and where a motion is seasonably made by plaintiff to dismiss the action the court has no other alternative than to direct the clerk to enter an order dismissing it. Newman v. District Court, 32 Idaho, 607, 186 Pac. 922; Boyd v. Steele, 6 Idaho, 625, 59 Pac. 21. | The provision of C.S. 6830, subd. 1, defines the right of the plaintiff to a dismissal of the action, and where a motion to dismiss is seasonably made by plaintiff, the court has no other alternative than to direct the clerk to enter an order dismissing it. | "Where a motion to dismiss is seasonably made by plaintiff, does the court have no other alternative than to direct the clerk to enter an order dismissing it?" | 026132.docx | LEGALEASE-00129862-LEGALEASE-00129863 | SA, Sub | 0.3 | 0 | 0 | 1 | 1 | |
| 3916 | Rotwein v. Sunharbor Manor Residential Health Care Facility, 181 Misc. 2d 847 | 307A+502 | Although leave to serve an amended pleading should be liberally granted, particularly in the absence of prejudice (see CPLR " 3025; Zabas v. Kard, 194 A.D.2d 784, 599 N.Y.S.2d 832), service of an Amended Complaint is not the appropriate vehicle to withdraw or discontinue a cause of action. Rather, it is CPLR " 3217 that controls. Whether a party should be permitted to discontinue a cause of action is committed to the discretion of the Court, and while generally a party may not be compelled to litigate a claim, there may be special circumstances warranting a denial of an application for a discontinuance. Here, there is absolutely no merit to the Labor Law " 740 claim and it is obvious that Plaintiff seeks to withdraw it to preserve his other causes of action, which, as stated, would not have such effect. He does not contend, and he cannot show, that there is any evidence that he may be able to obtain that will demonstrate the merit of such claim. Litigation has already been needlessly conducted regarding this claim. Under these circumstances, the Court finds no valid reason to permit the reassertion of this claim at a later time. | Whether a party should be permitted to discontinue a cause of action is committed to the discretion of the court, and while generally a party may not be compelled to litigate a claim, there may be special circumstances warranting a denial of an application for a discontinuance. McKinney's CPLR 3217. | Is the question of whether a party should be permitted to discontinue a cause of action committed to the discretion of the court? | 026138.docx | LEGALEASE-00129889-LEGALEASE-00129890 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3917 | Woodward v. Heritage Const. Co., 887 N.E.2d 994 | 307A+747.1 | "[T]he purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and ..., once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice." Hamlin v. Sourwine, 666 N.E.2d 404, 409 (Ind.Ct.App. (citing T.R. 16(J)). In considering whether to permit a modification of the pretrial order, the trial court considers both the danger of surprise or prejudice to the opponent and the goal of doing justice to the merits of the claim. Daub v. Daub, 629 N.E.2d 873, 875 (Ind.Ct.App. trans. denied. The court may also consider the extent to which permitting a late amendment will disrupt an orderly and efficient trial of the case or of other cases in the court and whether there has been bad faith or willfulness in failing to comply with the court's existing order. Id. The question of whether particular witnesses or exhibits should be excluded from evidence because they have not been submitted in a list of witnesses and exhibits is committed to the discretion of the trial court. Id. "Although we recognize the binding effect of a pretrial order, this does not mean that it must be rigidly and pointlessly adhered to at trial." Rust-Oleum Corp. v. Fitz, 801 N.E.2d 754, 758 (Iind.Ct.App.2004) (citing Whisman v. Fawcett, 470 N.E.2d 73, 76 (Ind.1984)), trans. denied. | The purpose of a pre-trial order is to recite agreements made by the parties during the pre-trial hearing and, once entered, a pre-trial order shall control the subsequent course of action unless modified thereafter to prevent manifest injustice. Trial Procedure Rule 16(J). | Is the purpose of a pre-trial order to recite agreements made by the parties during the pre-trial hearing? | Pretrial Procedure - Memo # 1424 - C - VA.docx | ROSS-003287575-ROSS-003287578 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3918 | Hamm v. Hamm, 2013 Ark. App. 501 | 307A+717.1 | Though Lynda had filed a trial brief arguing the issues taken up during the August 16 hearing, she says she was denied due process because she couldn't make certain arguments at the hearing. A party to a civil action ordinarily has a "right" to attend a trial"and we assume here for simplicity's sake that a trial and a hearing on a briefed probate issue are coterminous"the continuance request based on alleged ill health must ordinarily show that the party had some particular reason to appear, whether as a material witness or otherwise. McMorella v. Greer, 211 Ark. 417, 200 S.W.2d 974 (1947). It is true that Lynda submitted to the court a letter from her doctor stating that she was being treated for "cardiovascular related issues." But she did not proffer a statement explaining why she herself had to be present and what she would have contributed to the hearing. A circuit court does not abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to. | Circuit court does not abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to. | Does a circuit court abuse its discretion by denying a motion for a continuance based on the absence of witnesses when no proffer is made of what the witnesses would testify to? | 026680.docx | LEGALEASE-00129821-LEGALEASE-00129822 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 3919 | Caparella v Bennett, 85 N.J.Super. 567 | 307A+744 | Our present procedures for discovery and pretrial are designed to eliminate the element of surprise at trial by requiring a litigant to disclose the facts upon which a cause of action or defense is based. The search for truth in aid of justice is paramount, and concealment and surprise will not be tolerated. In Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 338, 78 A.2d 705, 707 (1951), the late Chief Justice Vanderbilt emphasized the importance of full disclosure of all relevant facts in advance of trial by saying: 'Our rules for discovery are designed to insure that the outcome of litigation in this State shall depend on its merits in the light of all of the available facts, rather than on the craftiness of the parties or the guile of their counsel.' | Procedures for discovery and pretrial are designed to eliminate element of surprise at trial by requiring litigant to disclose facts upon which cause of action or defense is based; search for truth in aid of justice is paramount, and concealment and surprise will not be tolerated. | What are discovery and pretrial procedure designed to eliminate? | Pretrial Procedure - Memo # 1629 - C - NS.docx | ROSS-003287882-ROSS-003287883 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 3920 | Ocean Nat. Bank of Kennebunk v. Odell, 444 A.2d 422 | 307A+749.1 | The pretrial order by delineating the issues to be litigated at trial in effect supersedes the pleadings and controls the subsequent course of a civil action.M.R.Civ.P. 16(c)(3); Taylor v. Richardson, Me., 432 A.2d 1307, 1309 (1981); Field, McKusick & Wroth, Maine Civil Practice 148 (1981 Supp.). An issue not raised in the pretrial order is treated as waived at both the trial and the appellate level of the proceedings. Taylor, 432 A.2d at 1309; Parsons v. Beaulieu, Me., 429 A.2d 214, 218 n. 4 (1981). Thus, counsel for both parties are well advised to take the steps necessary to assure that the specific issues sought to be resolved by the court are contained in the pretrial order. | Pretrial order, by delineating issues to be litigated at trial, in effect supersedes pleadings and controls subsequent course of a civil action. Rules Civ.Proc., Rule 16(c)(3). | "Does a pretrial order, by delineating issues to be litigated at trial, in effect supersede pleadings and control a subsequent course of a civil action?" | 027963.docx | LEGALEASE-00129937-LEGALEASE-00129939 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3921 | Lambert v. Austin Ind., 544 F.3d 1192 | 25T+143 | The first two can easily be dismissed out of hand: that the arbitration agreement uses general, rather than specific, language does not mean that the arbitration agreement is limited in scope to only a narrowly defined subset of claims. Indeed, as we have said before, "[a] party cannot avoid arbitration ... because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim .... An arbitration agreement is not vague solely because it includes the universe of the parties' potential claims against each other." Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1221 (11th Cir.2000). Thus, the fact that the Open Door policy does not explicitly mention former employees or termination proceedings is no bar to finding that the claims alleged by Lambert are encompassed under the Open Door policy. | A party cannot avoid arbitration because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim. | "Can a party avoid arbitration because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim?" | 007430.docx | LEGALEASE-00131391-LEGALEASE-00131392 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3922 | Cunard S.S. Co. v. Mellon, 262 U.S. 100 | 221+397 | In so saying we do not mean to imply that Congress is without power to regulate the conduct of domestic merchant ships when on the high seas, or to exert such control over them when in foreign waters as may be affirmatively or tacitly permitted by the territorial sovereign; for it long has been settled that Congress does have such power over them. Lord v. Steamship Co., 102 U. S. 541, 26 L. Ed. 224; The Abby Dodge, 223 U. S. 166, 176, 32 Sup. Ct. 310, 56 L. Ed. 390. But we do mean that the National Prohibition Act discloses that it is intended only to enforce the Eighteenth Amendment and limits its field of operation, like that of the amendment, to the territorial limits of the United States. | Congress has power to regulate the conduct of domestic merchant ships when on the high seas, or to exert such control over them when in foreign waters as may be affirmatively or tacitly permitted by the territorial sovereign. | Does Congress have the power to regulate the conduct of domestic merchant ships when on the high seas? | 019879.docx | LEGALEASE-00130675-LEGALEASE-00130676 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3923 | Wiener v. Napoli, 760 F. Supp. 278 | 170A+636 | One of the primary purposes of the specificity requirement of Rule 9(b) "is to insure that the defendant receives fair notice of plaintiff's claim, and is thus able to prepare a defense" (Hutton v. Klabal, 726 F.Supp. 67, 72 [S.D.N.Y.1989] [citing Di Vittorio v. Equidyne Extractive Industries, Inc., 822 F.2d 1242, 1247 [2d Cir.1987 ), as well as to protect a defendant's reputation and to avoid strike suits (see Ross v. Bolton, 904 F.2d 819, 823 [2d Cir.1990]; Philan Ins., Ltd. v. Frank B. Hall & Co., 712 F.Supp. 339, 342 United States v. Rivieccio, 661 F.Supp. 281, 290 [E.D.N.Y.1987] ). "These concerns are even more immediate in civil RICO actions, because such suits 'implicate the reputation interests of defendants accused of committing racketeering offenses.' " (Atlantic Gypsum Co., Inc. v. Lloyds International Corp., 753 F.Supp. 505, 512 [S.D.N.Y.1990] [quotation omitted].) | One of primary purposes of specificity requirement of rule requiring fraud to be pled with particularity is to ensure that defendant receives fair notice of plaintiff's claim, and is thus able to prepare a defense, as well as to protect defendant's reputation and to avoid strike suits. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A. | "Is providing fair notice of claims, a purpose of specificity requirement?" | Pleading - Memo 256 - RMM.docx | ROSS-003285964-ROSS-003285965 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3924 | In re Nat'l Lloyds Ins. Co., 507 S.W.3d 219 | 307A+331 | "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." In re Nat'l Lloyds, 449 S.W.3d at 488 (citing In re Deere & Co., 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam)). "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is 'reasonably calculated to lead to the discovery of admissible evidence.' " In re CSX Corp., 124 149, 152 (Tex. 2003) (orig. proceeding) (per curiam) (quoting Tex. R. Civ. P. 192.3(a)). What is "relevant to the subject matter" is to be broadly construed. In re Nat'l Lloyds, 449 S.W.3d at 488. These liberal bounds, however, have limits, and "discovery requests must not be overbroad." Id. A request is not overbroad "so long as it is 'reasonably tailored to include only matters relevant to the case.' " Id. (quoting Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam)). "Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad."\| In re CSX Corp., 124 S.W.3d at 152. | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Tex. R. Civ. P. 192.3(a). | Are discovery orders requiring a document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? | Pretrial Procedure - Memo # 1686 - C - BP.docx | ROSS-003301389-ROSS-003301390 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 3925 | In re Advanced Powder Sols., 496 S.W.3d 838 | 307A+331 | A person has a duty to preserve evidence "only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." Wal-Mart Stores, 106 S.W.3d at 722 (citing Nat'l Tank Co. v. Brotherton, 851 S.W.2d 193, 204 (Tex.1993)). A "substantial chance" of litigation "does not [mean] any particular statistical probability that litigation will occur; rather, it simply means that litigation is more than merely an abstract possibility or unwarranted fear." Nat'l Tank Co., 851 S.W.2d at 204 (citation and internal quotation marks omitted). When a reasonable person would conclude from the severity of an accident or other circumstances that a substantial chance of litigation exists, a duty to preserve evidence arises. Wal-Mart Stores, 106 S.W.3d at 722 (citing Nat'l Tank Co., 851 S.W.2d at 204). | A substantial chance of litigation, which would impose a duty to preserve evidence, does not mean any particular statistical probability that litigation will occur; rather, it simply means that litigation is more than merely an abstract possibility or unwarranted fear. | "Does a substantial chance of litigation, which would impose a duty to preserve evidence, mean any particular statistical probability that litigation will occur?" | Pretrial Procedure - Memo # 1688 - C - BP.docx | ROSS-003301391-ROSS-003301392 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 3926 | Tamasy v. Kovacs, 929 N.E.2d 820 | 307A+749.1 | The nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated. McCullough, 605 N.E.2d at 179. Known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant to a court order, such as a pre-trial order, or to a proper discovery request. Id. "A 'known' witness refers to knowledge of the existence of that witness." Id. "An 'anticipated' witness is one which a party or her counsel anticipates the need for at trial." Id. One purpose of requiring the parties to comply with the trial court's pretrial order is to provide parties with information essential to the litigation by eliminating surprise. Id. (providing that requiring disclosure in compliance with a pretrial court fulfills the objectives of Indiana's discovery rules which aim to provide the parties with all relevant information by eliminating surprise). | The nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated; known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant to a court order, such as a pre-trial order, or to a proper discovery request; a "known witness" refers to knowledge of the existence of that witness, while an "anticipated witness" is one which a party or her counsel anticipates the need for at trial. | Is the nondisclosure of a rebuttal witness excused only when that witness was unknown and unanticipated? | Pretrial Procedure - Memo # 1730 - C - NC.docx | ROSS-003286313-ROSS-003286314 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 3927 | In re HEB Grocery Co., 375 S.W.3d 497 | 307A+331 | An order that compels overly broad discovery is an abuse of discretion for which mandamus is the appropriate remedy. Dillard Dep't Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex.1995). Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." See CSX Corp., 124 S.W.3d at 152; Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex.1995). Requests for production must be "reasonably tailored to include only matters relevant to the case." In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex.1998). Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. See CSX Corp., 124 S.W.3d at 152. | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. | Are discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? | 026894.docx | LEGALEASE-00130518-LEGALEASE-00130519 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 3928 | In re Nat'l Lloyds Ins. Co., 507 S.W.3d 219 | 307A+331 | "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." In re Nat'l Lloyds, 449 S.W.3d at 488 (citing In re Deere & Co., 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam)). "Our procedural rules define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is "reasonably calculated to lead to the discovery of admissible evidence." " In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam) (quoting Tex. R. Civ. P. 192.3(a)). What is "relevant to the subject matter" is to be broadly construed. In re Nat'l Lloyds, 449 S.W.3d at 488. These liberal bounds, however, have limits, and "discovery requests must not be overbroad." Id. A request is not overbroad "so long as it is "reasonably tailored to include only matters relevant to the case." " Id. (quoting Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam)). "Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad." In re CSX Corp., 124 S.W.3d at 152. | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Tex. R. Civ. P. 192.3(a). | Are discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales impermissibly overbroad? | Pretrial Procedure - Memo # 1733 - C - NC.docx | LEGALEASE-00020734-LEGALEASE-00020735 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3929 | Nelson v. Allstate Ins. Co., 753 A.2d 1001 | 307A+749.1 | Super. Ct. Civ. R. 16 governs pretrial proceedings in civil cases, and subsection (g) of the rule, in particular, provides for the entry of a pretrial order and specifies in some detail what the order should contain. The rule "contemplates that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order." Taylor v. Washington Hospital Center, 407 A.2d 585, 592 (D.C.1979). However, we have held that "while Rule 16 is intended to remove cases from the "realm of surprise," it does not contemplate or require that rigid adherence to the pretrial order must always be exacted." Clarke v. District of Columbia, 311 A.2d 508, 511 (D.C.1973) (citations omitted). Hence the decision "whether to allow a party to go beyond the bounds of the pretrial order is a matter left to the court discretion, to be exercised in light of Rule 16's language authorizing modification in the proper case "to prevent manifest injustice."" Taylor, 407 A.2d at 592 (citations omitted); see Super. Ct. Civ. R. 16 (g) (providing that a pretrial order "may be modified at the discretion of the court for good cause shown and shall be modified if necessary to prevent manifest injustice"). In determining whether the trial court abused its discretion under this rule, "the most important factor appears to be whether the opposing party was surprised or prejudiced by the requested change." Daniels v. Beeks, 532 A.2d 125, 128 (D.C.1987); accord, Habtu v. Woldemichael, 694 A.2d 846, 849 (D.C.1997). | The rule governing pretrial orders contemplates that fair disclosure will be made to remove cases from the realm of surprise, and both parties generally are bound by the pretrial order. Civil Rule 16(g). | Does the rule governing pretrial orders contemplate that fair disclosure will be made to remove cases from the realm of surprise? | 026938.docx | LEGALEASE-00130494-LEGALEASE-00130495 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3930 | Hadox v. Martin, 209 W. Va. 180 | 307A+749.1 | The failure to adhere to time constraints enumerated in pretrial orders and the resulting sanctions was discussed by this Court in Sheely v. Pinion, 200 W.Va. 472, 490 S.E.2d 291 (1997). In syllabus point one of Sheely, we explained as follows: "In formulating the appropriate sanction, a court shall be guided by equitable principles. Initially, the court must identify the alleged wrongful conduct and determine if it warrants a sanction. The court must explain its reasons clearly on the record if it decidesa sanction is appropriate. To determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration ofjustice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case." Syl. Pt. 2, Bartles v. Hinkle, 196 W.Va. 381, 472 S.E.2d 827 (1996). | In formulating appropriate sanction for failure to adhere to time constraints enumerated in pretrial orders, court shall be guided by equitable principles. Rules Civ.Proc., Rule 16(f). | Does formulating appropriate sanction for failure to adhere to time constraints enumerated in the pretrial orders be guided by equitable principles? | Pretrial Procedure - Memo # 1765 - C - PC.docx | ROSS-003327714-ROSS-003327715 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 3931 | In re Sears, Roebuck & Co., 146 S.W.3d 328 | 307A+331 | Discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period are impermissibly overbroad.In re CSX Corp., 124 S.W.3d 149, 152(Tex.2003) (citing In re Am. Optical, 988 S.W.2d at 713 and Dillard, 909 S.W.2d at 492). Although a responding party must object to an overly broad request, and litigants are expected to cooperate in discovery and make any agreements reasonably necessary for the efficient disposition of the case, a responding party does not have the burden to tailor a reasonable discovery request for the requesting party. See generally In re Am. Optical, 988 S.W.2d at 712"13. The requesting party has the responsibility to narrowly tailor its requests to produce. Id. at 713. The discovery requests here are not narrowly tailored and are overly broad. They are the kind of "fishing expedition" the Supreme Court has repeatedly struck down. See, e.g., In re CSX Corp., 124 S.W.3d at 153; In re Am. Optical, 988 S.W.2d at 713; Dillard, 909 S.W.2d at 492; Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex.1995). | Discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period are impermissibly overbroad. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.4. | "Are discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period impermissibly overbroad?" | 027389.docx | LEGALEASE-00131042-LEGALEASE-00131043 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3932 | In re CSX Corp., 124 S.W.3d 149 | 307A+331 | Discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period are impermissibly overbroad.In re CSX Corp., 124 S.W.3d 149, 152(Tex.2003) (citing In re Am. Optical, 988 S.W.2d at 713 and Dillard, 909 S.W.2d at 492). Although a responding party must object to an overly broad request, and litigants are expected to cooperate in discovery and make any agreements reasonably necessary for the efficient disposition of the case, a responding party does not have the burden to tailor a reasonable discovery request for the requesting party. See generally In re Am. Optical, 988 S.W.2d at 712"13. The requesting party has the responsibility to narrowly tailor its requests to produce. Id. at 713. The discovery requests here are not narrowly tailored and are overly broad. They are the kind of "fishing expedition" the Supreme Court has repeatedly struck down. See, e.g., In re CSX Corp., 124 S.W.3d at 153; In re Am. Optical, 988 S.W.2d at 713; Dillard, 909 S.W.2d at 492; Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex.1995). | Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(a, c). | "Are discovery orders that require document production from unrelated, distant locales or for an unreasonably long time period impermissibly overbroad?" | Pretrial Procedure - Memo # 2082 - C - NS.docx | LEGALEASE-00020981-LEGALEASE-00020982 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3933 | Clark v. Randalls Food, 317 S.W.3d 351 | 307A+331 | To prevail on the second prong, Clark must show that Randalls knew or should have reasonably known that the footage would be relevant to the action. See id. A party must preserve what it knows, or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery sanction. Trevino, 969 S.W.2d at 957 (Baker, J., concurring). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R. Evid. 401. If there is some logical connection either directly or by inference between the evidence and a fact to be proved, the evidence is relevant. See Serv. Lloyds Ins. Co. v. Martin, 855 S.W.2d 816, 822 (Tex. App.-Dallas 1993, no writ). The four elements of a premises liability cause of action are: (1) the owner had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk of harm; and (4) the owner's failure to use such care proximately caused the plaintiff's injuries. LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688 (Tex.2006). Randalls's motion for summary judgment challenges the first, third, and fourth of these elements. | A party must preserve what it knows, or reasonably should know is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, or is the subject of a pending discovery sanction. | "Should a party preserve what it knows, or reasonably should know is relevant in the action, which is reasonably calculated to lead to the discovery of admissible evidence?" | Pretrial Procedure - Memo # 2159 - C - PC.docx | ROSS-003314838-ROSS-003314839 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 3934 | Heartland Apartment Ass'n v. City of Mission, 51 Kan. App. 2d 699 | 371+2002 | We agree with the district court when it looked at this fee and called it a tax. The bellwether case on this point is Executive Aircraft. The Supreme Court adopted definitions of the two terms-tax and fee, which are simple, straightforward, and cogent: "[A] tax is a forced contribution to raise revenue for the maintenance of governmental services offered to the general public. In contrast, a fee is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public. A fee is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege. Payment of a fee is voluntary-an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered." 252 Kan. at 427, 845 P.2d 57. | A "fee" is paid in exchange for a special service, benefit, or privilege not automatically conferred upon the general public; it is not a revenue measure, but a means of compensating the government for the cost of offering and regulating the special service, benefit, or privilege and payment of a fee is voluntary, in that an individual can avoid the charge by choosing not to take advantage of the service, benefit, or privilege offered. | Is tax a forced contribution to raise revenue? | Taxation - Memo # 44 - C - CK.docx | ROSS-003314695-ROSS-003314696 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 3935 | Gen. Media Commc'ns v. Cohen, 131 F.3d 273 | 34+3(1) | Furthermore, we have only recently noted that "[i]t is plain to us that governmental restrictions on speech that would run afoul of the Constitution if imposed in civilian life can pass constitutional muster in the military context." Able v. United States, 88 F.3d 1280, 1294 (2d Cir.1996). "Our review of military regulations ... is far more deferential than constitutional review of similar laws or regulations designed for civilian society ... and the tests and limitations to be applied may differ because of the military context." Id. (internal citations and quotation marks omitted). | Appellate court's review of military regulations is far more deferential than constitutional review of similar laws or regulations designed for civilian society, and tests and limitations to be applied may differ because of military context. | Is the judicial review of challenges to military action far more deferential than constitutional review of similar laws or regulations designed for civilian society? | Armed Services - Memo 75 - RK.docx | ROSS-003286619-ROSS-003286620 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3936 | United States v. Willis, 844 F.3d 155 | 63+1(1) | Put another way, criminalizes the acceptance of a bribe of $5,000 or more by a government agent of a local government that receives more than $10,000 a year in federal funds if the agent intends to be influenced by the bribe when making a decision to enter into business on behalf of the government. | The statute prohibiting federal programs bribery criminalizes the acceptance of a bribe of $5,000 or more by a government agent of a local government that receives more than $10,000 a year in federal funds if the agent intends to be influenced by the bribe when making a decision to enter into business on behalf of the government. 18 U.S.C.A. S 666(a). | "What is the minimum amount of money for a bribe of a government agent of a local government that receives more than $10,000 a year in federal funds?" | 012138.docx | LEGALEASE-00131848-LEGALEASE-00131849 | SA, Sub | 0.15 | 0 | 0 | 1 | 1 | |
| 3937 | State v. Carr, 172 Conn. 458 | 63+3 | Section 53a-147, a part of our penal code, covers the crime of bribery in broad terms and is not limited to the administration of justice and attempts to influence legislation. 27A Connecticut General Statutes, Annotated (West Ed.), p. 455, comment. Generally, "discretion" is simply individual choice or judgment. Webster's Third New International Dictionary. Although it may be true that a police officer's fulfillment of his duty is regulated by rules and orders, this does not mean that one can pay a price for action on the part of a police officer in his capacity as a public servant and that this cannot constitute bribery. It is immaterial and no defense that the police officer had no authority to take the action desired by the bribe given. The offense of bribery may be committed although the officer in question does not have the authority to do or refrain from doing the act to which the bribe relates, as long as the officer purported to act in his official capacity. 12 Am.Jur.2d, Bribery, s 13; 3 Wharton, Criminal Law and Procedure (Anderson) s 1389; annot., 73 A.L.R.3d 374. In construing a bribery statute which, like s 53a-147, did not refer to the public servant's jurisdiction, the New York Court of Appeals stated that the statute would be construed broadly in order to effect the purpose of the law which was to prevent corruption in the public service: "(T) he statute against bribery does not refer directly to jurisdiction, and official action means such as properly belongs to the office even if the right to perform it did not exist in the particular *469 case." People v. Chapman, 13 N.Y.2d 97, 101, 242 N.Y.S.2d 200, 202, 192 N.E.2d 160, 161. Moreover, in the present case, the state asserted that the payments were consideration for the police officer's exercise of discretion as a public servant "to not arrest or interfere with Carr's illicit narcotics operation." Certainly there were various methods, not affirmatively controlled by specific police rules, in which Detective Lovette could exercise his | It is immaterial and no defense to charge of bribery that a police officer has no authority to seek the action desired by the bribe giver since offense may be committed although the officer did not have the authority to do or refrain from doing the act to which the briber relates so long as the officer purported to act in his official capacity. C.G.S.A. S 53a-147. | "Can bribery statute be violated if the public servant, in his or her official capacity, does not have the authority to do or refrain from doing the act to which the bribe relates?" | 012413.docx | LEGALEASE-00132171-LEGALEASE-00132173 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3938 | Hunter v. Spaulding, 97 N.C. App. 372 | 302+18 | A default judgment admits only the allegations contained within the complaint, and a defendant may still show that the complaint is insufficient to warrant plaintiff's recovery. Lowe's of Raleigh, Inc. v. Worlds, 4 N.C.App. 293, 295, 166 S.E.2d 517, 518 (1969); accord, Weft, Inc. v. G.C. Investment Associates, 630 F.Supp. 1138, 1141 (E.D.N.C.1986), aff'd, 822 F.2d 56 (4th Cir.1987) (default not treated as absolute confession by defendant of plaintiff's right to recover and court must consider whether plaintiff's allegations are sufficient to state claim for relief). The well-recognized elements of fraud are 1) a false representation or concealment of a material fact, 2) reasonably calculated to deceive, 3) made with intent to deceive, 4) which does in fact deceive, and which 5) results in damage to the injured party. Terry v. Terry, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981). A complaint charging fraud must allege these elements with particularity.N.C.Gen.Stat. Sec. 1A"1, R. Civ.P. 9(b) (1983). Among other things, the Hunters' complaint makes the following claims:4. In May, 1981, the plaintiffs ... were in the market to purchase a home. The Hunters were shown a house which was currently being sold by its owners through the defendant Spaulding and Perkins Realty Company. | Complaint charging fraud must allege with particularity the elements of: false representation or concealment of material fact; reasonably calculated to deceive; made with intent to deceive; which does in fact deceive; and which results in damage to injured party. | Must a complaint charging fraud allege elements with particularity? | 023216.docx | LEGALEASE-00132065-LEGALEASE-00132066 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3939 | Fada Indus. v. Falchi Bldg. Co., 189 Misc. 2d 1 | 307A+331 | It is well-established that no duty to preserve arises unless the party possessing the evidence has notice of its relevance. See, Danna v. New York Telephone Co., 752 F.Supp. 594, 616 n. 9 (S.D.N.Y.1990). Where a party is on notice that litigation is likely to be commenced, the obligation to preserve evidence may even arise prior to the filing of a complaint. Turner v. Hudson Transit Lines, 142 F.R.D. 68, 73 (S.D.N.Y.1991). That such a duty to preserve exists with respect to "key" evidence was indirectly acknowledged by the Second Department in State Farm Insurance Company v. Amana Refrigeration, Inc., 266 A.D.2d 372, 698 N.Y.S.2d 300, in which the court determined that a toaster oven, which the defendants contended was an alternative cause of a fire, was not a key piece of evidence that should have been preserved. See, also, Longo v. Armor Elevator, Co., Inc., 278 A.D.2d 127, 720 N.Y.S.2d 443 [refusing to impose spoliation of evidence sanction where the missing items will not prevent a plaintiff from supporting her causes of action.]; Fairclough v. Hugo, 207 A.D.2d 707, 616 N.Y.S.2d 944 [we agree with the IAS court that the plaintiffs have failed to establish that the alleged failure to preserve evidence would make it extremely difficult or impossible for the plaintiffs to establish their claim for malpractice]; compare, Gallo v. Bay Ridge Lincoln Mercury, Inc., 262 A.D.2d 450, 691 N.Y.S.2d 316 [finding that plaintiff's failure to preserve the destroyed automobile at issue was not intentional, and that the plaintiff did not obtain any unfair advantage from the failure to preserve evidence]. Certainly, General Accident had a duty to preserve all evidence related to Koolwear's claim pertaining to its own property damage and the potential claim of other tenants for damage to their property resulting from Koolwear's leaking water heater. | Where a party is on notice that litigation is likely to be commenced, the obligation to preserve evidence may even arise prior to the filing of a complaint. | "Where a party is on notice that litigation is likely to be commenced, may the obligation to preserve evidence even arise prior to the filing of a complaint?" | Pretrial Procedure - Memo # 2096 - C - SK.docx | ROSS-003287371-ROSS-003287372 | Condensed, SA | 0.92 | 0 | 1 | 0 | 1 | |
| 3940 | Reeves v. Travelers Ins. Companies, 421 A.2d 47 | 307A+747.1 | In exercising its discretion under Rule 16(d) or 37(b)(2), the trial court must answer three questions: (1) whether to impose a sanction; (2) upon whom-party or counsel or both-to impose the sanction; and (3) what sanction to impose. The answers to those questions depend upon the circumstances of the particular case, viewed in the light of the functions intended to be served by sanctions. In addition to penalizing noncompliance with a court order and trying to remedy the effect of the noncompliance by compensating the innocent party for the costs incurred therefrom or by extracting compliance from the recalcitrant party, the sanction selected should also serve as a deterrent to similar conduct by the same offender or others. See Note, "The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions," 91 Harv.L.Rev. 1033, 1034 (1978). The ultimate goal of any pretrial sanction is to promote fair and efficient litigation, both in the pending case and in the court system generally. Faced with the increasingly heavy demands upon limited judicial resources, all courts are more conscious than ever of the necessity for strict enforcement of their procedural orders. Id. at 1055. An appellate court will not lightly overrule a trial court's judgmental choice of an appropriate sanction under Rule 16(d) or 37(b)(2). | In exercising its discretion under Rules of Civil Procedure governing sanctions to be imposed for failure to comply with discovery or failure to comply with pretrial order, trial court must consider whether to impose sanction, upon whom, party or counselor or both, to impose sanction, and what sanction to impose. Rules of Civil Procedure, Rules 16(d), 37(b)(2). | "In exercising its discretion under Rules of Civil Procedure governing sanctions for failure to comply discovery or the pretrial order, must a trial court consider whether to impose a sanction?" | 027437.docx | LEGALEASE-00131993-LEGALEASE-00131995 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 3941 | James v. Calkins, 446 S.W.3d 135 | 307A+517.1 | The Supreme Court reversed. Although typically parties have an absolute right to a nonsuit, the decision to nonsuit does not affect a non-moving party's independent claims for affirmative relief, which may include a motion for sanctions. Id. at 469"70. "Whether a particular sanction is considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction." Id. at 470. The Supreme Court reasoned:Allowing defendants to seek sanctions under the MLIIA for attorney's fees and dismissal with prejudice deters claimants from filing meritless suits. Removing a defendant's ability to appeal a denial of a motion for sanctions after a nonsuit frustrates this purpose; a claimant could simply nonsuit a meritless claim and later re-file the claim with impunity. Therefore, because the purpose of the sanctions under the MLIIA survived Trejo's nonsuit of her claims, we hold that Villafani's motion was for sanctions that survive a nonsuit and could be the subject of an appeal. | Whether a particular sanction is considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction. | Is the question of whether a particular sanction considered a claim for affirmative relief that survives a nonsuit for later enforcement or appeal depends on the purpose of the sanction? | 027576.docx | LEGALEASE-00131628-LEGALEASE-00131629 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3942 | Edwards Lifesciences v. Covenant Health Sys., 205 S.W.3d 687 | 307A+517.1 | It is true that a plaintiff may dismiss or non-suit his claims at any time before he has introduced all of his evidence, other than rebuttal evidence. Tex.R. Civ. P. 162. Equally true is that a non-suit vitiates certain interlocutory orders. Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 854"55 (Tex.1995). Yet, it does not vitiate pending claims for affirmative relief. Tex.R. Civ. P. 162. Nor does it affect "any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal...." Id. (Emphasis added). And, at the time Wilhite dismissed, through non-suit, his claims against the defendants, the trial court had pending before it a demand by one of the defendants, i.e. Covenant, for attorney's fees and costs against the other defendant.4 Simply put, "any motion" for attorney's fees and costs means just that, "any motion" for attorney's fees and costs, and the demand of Covenant is "any [such] motion." | Non-suit by plaintiff does not vitiate pending claims for affirmative relief and does not affect any motion for sanctions, attorney fees, or other costs pending at the time of dismissal. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Does non-suit vitiate pending claims for affirmative relief and does it affect any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal?" | 027590.docx | LEGALEASE-00131987-LEGALEASE-00131988 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3943 | Taylor v. Washington Hosp. Ctr., 407 A.2d 585 | 307A+752 | As a basic proposition, where the parties willingly submit pretrial statements which then are incorporated in an order prepared by the court, that order defines the bounds of evidence to be permitted at trial, absent exceptional circumstances. Redding v. Capital Cab Co., supra; McCarthy v. Lerner Stores Corp., 9 F.R.D. 31 (D.D.C.1949). On the other hand, Rule 16 "does not contemplate or require that rigid adherence to the pretrial order must always be exacted." Clarke v. District of Columbia, supra, at 511. "Designed to promote litigation on the merits, pretrial must not, of course, be used to thwart its very objective." Moore's Supra, P 16.20 at 1138. | As a basic proposition, where the parties willingly submit pretrial statements which then are incorporated in an order prepared by the court, that order defines the bounds of evidence to be permitted at trial, absent exceptional circumstances; on the other hand, the rule guiding pretrial practice does not contemplate or require that rigid adherence to the pretrial order must always be exacted. D.C.C.E. SCR, Civil Rule 16. | Does the pretrial order define the bounds of evidence to be permitted at trial in the absence of exceptional circumstances? | 027745.docx | LEGALEASE-00131927-LEGALEASE-00131928 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 3944 | Stocum v. Oakley, 185 N.C. App. 56 | 307A+517.1 | The rule, however, is not as absolute as plaintiffs contend. A voluntary dismissal may not be taken in bad faith, Brisson v. Kathy A. Santoriello, M.D., P.A., 351 N.C. 589, 597, 528 S.E.2d 568, 573 (2000), nor will "dismissal deprive the trial court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated." Bryson v. Sullivan, 330 N.C. 644, 653, 412 S.E.2d 327, 331 (1992); see also Renner v. Hawk, 125 N.C.App. 483, 481 S.E.2d 370, disc. review denied, 346 N.C. 283, 487 S.E.2d 553 (1997). | Voluntary dismissal will not deprive a trial court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated. Rules Civ.Proc., Rules 11, 41(a), West's N.C.G.S.A. S 1A-1. | Will a voluntary dismissal deprive a trial court of jurisdiction to consider collateral issues such as sanctions that require consideration after the action has been terminated? | 027769.docx | LEGALEASE-00132085-LEGALEASE-00132086 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 3945 | Crowell v. Braly, 169 Cal. App. 2d 352 | 307A+749.1 | The third point raised by defendant is covered by the same rules. It is not disputed in the papers available to us that a notice of the exercise of the option was given, and that the whole amount of the 3121176.00% purchase price was deposited with the title company before the consummation of the transaction. We think an attempt by defendant to raise a technical objection to the form of tender almost two months later must be deemed ineffectual. In any event, the trial court found against defendant on this issue, and we are compelled to assume that on the trial there was sufficient evidence to support the findings of the court. The pre-trial order sets up the contentions of the parties and is deemed to control the subsequent course of the case unless modified at or before trial. Rule 8.8, Rules of Superior Courts, 47 Cal.2d7. | Pretrial order sets up contentions of the parties and is deemed to control subsequent course of case, unless modified at or before trial. West's Ann.Superior Court Rules, rule 8.8. | "Does a pretrial order set up contentions of the parties and is deemed to control subsequent course of case, unless modified at or before trial?" | Pretrial Procedure - Memo # 2355 - C - VP.docx | ROSS-003300051-ROSS-003300052 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3946 | In re Cartmell's Estate, 120 Vt. 234 | 307A+749.1 | County Court rule 3"A provides for pretrial conferences in order to expedite the disposition of causes. Pretrial proceedings have been a juridical development of modern times. Provision is now frequently made by statute and rule of court for the court to hold a pretrial conference. The pretrial court is considered a part of the trial procedure in any cause. 88 C.J.S. Trial " 17(2), p. 44. We are satisfied and hold that agreements made at a pretrial conference held pursuant to County Court rule 3"A are in fact and in legal effect made in open court. The subsequent course of action is controlled by agreements or admissions made at the pretrial conference. 88 C.J.S. Trial " 17(2), p. 46; Johnson v. Glassley, 118 Ind.App. 704, 83 N.E.2d 488. | Agreements made at pretrial conference are in fact and in legal effect made in open court and the subsequent course of action is controlled by agreements or admissions made at pretrial conference. | Are agreements made at pretrial conference in fact and in legal effect made in open court and the subsequent course of action is controlled by agreements or admissions made at pretrial conference? | 027808.docx | LEGALEASE-00131740-LEGALEASE-00131741 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 3947 | Soares Da Costa Const. Servs. v. Alta mar Dev., 85 So. 3d 1172 | 307A+517.1 | Second, the parties stipulated to a stay of the claim of lien action while the arbitration proceedings were pending with the explicit recognition that the issues raised in the arbitration proceedings were the same issues underlying SDC's complaint. This is important because there is a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld. See Ormond Beach Assocs. Ltd. v. Citation Mortg, Ltd., 835 So.2d 292, 295 (Fla. 5th DCA 2002). Serious prejudice includes situations where the defendant "is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired substantial rights in the cause, or where dismissal is inequitable." | There is a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld; "serious prejudice" includes situations where the defendant is entitled to receive affirmative relief or a hearing and disposition of the case on the merits, has acquired substantial rights in the cause, or where dismissal is inequitable. West's F.S.A. RCP Rule 1.420(a). | Is there a common law exception to the rule that a voluntary dismissal deprives a court of jurisdiction where a defendant demonstrates serious prejudice if the dismissal is upheld? | 027885.docx | LEGALEASE-00132122-LEGALEASE-00132123 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 3948 | Kentucky River Auth. v. City of Danville, 932 S.W.2d 374 | 371+2001 | The parties have continually debated whether the fees assessed by the Authority are special assessments, taxes, or user fees. Obviously, if the fees are in effect taxes, the Authority is not a taxing district and any such delegation by the legislature would violate Sections 27 and 28 of the Kentucky Constitution. Long Run Baptist Association, Inc. v. Louisville and Jefferson County Metropolitan Sewer District, Ky.App., 775 S.W.2d 520 (1989); KRS 65.180. "A tax is universally defined as an enforced contribution to provide for the support of government, whereas a fee is a charge for a particular service." Id. at 522. Taxes are a means for the government to raise general revenue without regard to direct benefits which may inure to the payor or to the property taxed. Krumpelman v. Louisville & Jefferson County Metropolitan Sewer District, Ky., 314 S.W.2d 557, 561 (1958). The fees imposed by the Authority for the purpose of fulfilling the statutory mandates cannot be equated with taxes. The funds generated from the fees are to be used for the specific purpose of conserving and controlling the waters in the Kentucky River basin and are incidental to the statute. | "Taxes" are means for government to raise general revenue without regard to direct benefits which may inure to payor or to property taxed, for purposes of determining whether authority to tax has been unconstitutionally delegated. Const. SS 27, 28. | Are taxes a means for government to raise general revenue without regard to direct benefits which may inure to the payor or to the property taxed? | Taxation - Memo # 316 - C - KI.docx | ROSS-003301246-ROSS-003301247 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3949 | Sandberg v. State, 188 Neb. 335 | 371+2001 | "A tax is not an assessment of benefits. It is, as we have said, a means of distributing the burden of the cost of government. The only benefit to which the taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. See Cincinnati Soap Co. v. United States, supra. Any other view would preclude the levying of taxes except as they are used to compensate for the burden on those who pay them, and would involve the abandonment of the most fundamental principle of government"that it exists primarily to provide for the common good. A corporation cannot object to the use of the taxes which it pays for the maintenance of schools because it has no children. Thomas v. Gay, 169 U.S. 264, 280, 18 S.Ct. 340, 42 L.Ed. 740. This Court has repudiated the suggestion, whenever made, that the Constitution requires the benefits derived from the expenditure of public moneys to be apportioned to the burdens of the taxpayer, or that he can resist the payment of the tax because it is not expended for purposes which are peculiarly beneficial to him." | A tax is not an assessment of benefits but is a means of distributing the burden of the cost of government, and only benefit to which taxpayer is constitutionally entitled is that derived from his enjoyment of the privileges of living in an organized society, established and safeguarded by the devotion of taxes to public purposes. | Is tax a means of distributing the burden of the cost of government? | 044996.docx | LEGALEASE-00132194-LEGALEASE-00132195 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 3950 | Henson v. Highland Dist. Hosp., 143 Ohio App. 3d 699 | 307A+717.1 | We emphasize that trial courts are not obligated to delay proceedings until such a time that a party can piece together enough evidence to sustain its required burden. See Gates Mills Invest. Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 13 O.O.3d 191, 392 N.E.2d 1316; accord Ramsey v. Edgepark, Inc. (1990), 66 Ohio App.3d 99, 583 N.E.2d 443. Indeed, to permit such an approach would surely result in the gridlock of our judicial system. | Trial courts are not obligated to delay proceedings until such a time that a party can piece together enough evidence to sustain its required burden; to permit such an approach would surely result in the gridlock of our judicial system. | Are trial courts obligated to delay proceedings until such a time that a party can piece together enough evidence to sustain its required burden? | 027079.docx | LEGALEASE-00133196-LEGALEASE-00133197 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |
| 3951 | Echols v. Bridges, 235 S.E.2d 535 | 307A+747.1 | The applicable rule was stated in the case of Cooper v. Rosser, 232 Ga. 597, 207 S.E.2d 513 (1974) as follows: "A pre-trial order should be liberally construed to allow the consideration of all questions fairly within the ambit of contested issues. Where the question of precluding issues is raised, the matter is within the discretion of the trial judge. Where, as here, there can be no viable claim of surprise or unfairness in the court's consideration of the issue involved in the ruling, we will not conclude that the court abused its discretion under the pre-trial order . . ." | Pretrial order should be liberally construed to allow consideration of all questions fairly within ambit of contested issues, and where question of precluding issues is raised, matter is within discretion of trial judge. Code, S 81A-116. | Should a pretrial order be construed in a liberal manner to allow consideration of questions fairly within ambit of issues? | Pretrial Procedure - Memo # 1837 - C - KS.docx | ROSS-003287799-ROSS-003287801 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3952 | Sigala v. Anaheim City Sch. Dist., 15 Cal. App. 4th 661 | 307A+741 | The defendants claim they were punished because "they failed to satisfy the court's perception of what was required at a mandatory settlement conference." (Emphasis added.) However, the "court's perception" was correct. A trial court possesses "the inherent power to require by policy that [defendants] be physically present at the mandatory settlement conference. A court may not compel a litigant to settle a case, but it may direct him to engage personally in settlement negotiations, provided the conditions for such negotiations are otherwise reasonable." (Wisniewski v. Clary (1975) 46 Cal.App.3d 499, 505, 120 Cal.Rptr. 176, emphasis added.) "Once an individual [or District] chooses to litigate, [it] should be prepared to bear the ordinary and reasonable burdens of litigation"whether those be in the preparation of the case for trial, discovery, pretrial conferences, trial or post trial proceedings." (Id. at p. 506, 120 Cal.Rptr. 176, emphasis added.) "Rule 222 provides for mandatory settlement conferences and authorizes other or additional conferences upon request of all parties or by order of [the] court. Trial counsel, parties and persons with authority to settle the case must personally attend such conferences unless excused by the court for good cause." (Raygoza v. Betteravia Farms (1987) 193 Cal.App.3d 1592, 1595, 239 Cal.Rptr. 188.) | Trial court possesses inherent power to require by policy that litigants be physically present at mandatory settlement conference, and court may compel litigant to engage personally in settlement negotiations, provided conditions for negotiations are otherwise reasonable. | Can a court direct a litigant to engage personally in a settlement negotiation? | 027123.docx | LEGALEASE-00133080-LEGALEASE-00133081 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 3953 | Black v. Don Schmid Motor, 232 Kan. 458 | 307A+750 | This court has often held that the purpose of the pretrial order is to define and clarify the issues, and when entered pursuant to K.S.A. 60"216, has the full force and effect of other orders of the court and controls the subsequent course of trial unless modified to prevent manifest injustice. See Country Club Home, Inc. v. Harder, 228 Kan. 756, 762, 620 P.2d 1140 (1980); modified 228 Kan. 802, 623 P.2d 505; Dold v. Sherow, 220 Kan. 350, 353, 552 P.2d 945 (1976); Kleibrink v. Missouri-Kansas-Texas Railroad Co., 224 Kan. 437, 441"42, 581 P.2d 372 (1978). Large discretionary power is granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order. Frevele v. McAloon, 222 Kan. 295, 298, 564 P.2d 508 (1977); Tillotson v. Abbott, 205 Kan. 706, 709, 472 P.2d 240 (1970); K.S.A. 60"216. | Large discretionary power is granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order. Rules Civ.Proc., K.S.A. 60-216. | Is a large discretionary power granted to the trial court in permitting or refusing modification and amendment of the issues outlined in a pretrial order? | 027153.docx | LEGALEASE-00133130-LEGALEASE-00133131 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3954 | In re Exxon Corp., 208 S.W.3d 70 | 307A+331 | In general, a party may obtain discovery regarding any non-privileged matter relevant to the subject matter of the pending action. Tex.R. Civ. P. 192.3(a). "A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents .. that constitute or contain matters relevant to the subject matter of the action." Tex.R. Civ. P. 192.3(b). Although the scope of discovery is generally within the trial court's discretion, the trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure. See Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex.1995). To be valid, a request for production must show a reasonable expectation of obtaining information that will aid the dispute's resolution. In re CSX Corp., 124 S.W.3d 149, 152 (Tex.2003) (citing In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex.1998)). Therefore, discovery requests must be "reasonably tailored" to include only relevant matters. Id. "Discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad." In re CSX Corp., 124 S.W.3d at 152. "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." Id. at 153. Several of the requests for production in this case are strikingly similar to the request for all documents written by a former corporate safety director " "that concern safety, toxicology, and industrial hygiene, epidemiology, fire protection and training" " held to be overbroad in another benzene exposure case decided over a decade ago. Texaco, 898 S.W.2d at 814.5. | To be valid, a request for production must show a reasonable expectation of obtaining information that will aid the dispute's resolution; therefore, discovery requests must be reasonably tailored to include only relevant matters. | Should a request for production show a reasonable expectation of obtaining information that will aid the disputes resolution? | Pretrial Procedure - Memo # 1914 - C-BP.docx | ROSS-003286407-ROSS-003286408 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 3955 | Schneider v. Seibutis, 3 Ill. App. 3d 323 | 307A+717.1 | A motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action is addressed to the sound discretion of the trial judge. Jones v. Goodfriend (1944), 323Ill. App. 284, 55 N.E.2d 293. Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage. This is particularly true where previous continuances have been granted, both parties have declared themselves ready for trial, and the movant's opponent has concluded the presentation of his evidence. In this case, the defendant failed to justify his lack of timeliness in serving the subpoena or to properly present adequate reasons warranting a delay in the midst of trial. | Motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action is addressed to sound discretion of trial judge. Supreme Court Rules, rule 231(a, f), S.H.A. ch. 110A, S 231(a, f). | Is a motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action addressed to the sound discretion of a trial judge? | Pretrial Procedure - Memo # 1936 - C - PB.docx | ROSS-003287306-ROSS-003287307 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 3956 | Steverson v. W.C. Agee & Co., 14 Ala. App. 448 | 307A+331 | While the common law afforded a remedy or means, known as a "subpoena duces tecum" (a matter now regulated largely by statute in this state-Code 1907, "" 4060, 4061) for enforcing persons not parties to the suit to produce in court, to be used as evidence at the trial, documents or writings in their possession that were material to the issue between the parties litigant, yet that law refused to compel, except in rare instances, as pointed out in 23 Am. & Eng.Ency.Law (2d Ed.) 169, either party to the suit to aid the other in the conduct of the suit or its defense by producing such documents or writings that belonged to himself. The opposite party, it is true, might issue to the other a notice to produce at the trial such writings or documents that were in his possession and belonged to him; but, if the latter failed or refused to do so, the only legal consequences of such failure or refusal (aside from the probable prejudicial effect against him which his act might have on the minds of the court and jury) were to entitle the opposite party to give secondary evidence of the contents of such documents or writings. But the court was at common law without authority, except in the rare instances referred to, to order or compel either party to the suit to produce for the benefit of the other party, documents or writings belonging to him and in his possession. The only recourse was a bill in equity for discovery. 23 Am. & Eng.Ency.Law (2d Ed.) 169; 6 Ency.Pl. & Pr. 728; Golden v. Conner, 89 Ala. 598, 8 South. 148; Virginia & Alabama Mining & Mfg. Co. v. Hale, 93 Ala. 542, 9 South. 256; Ex parte Baker, 118 Ala. 193, 23 South. 996. | At common law, the court was without authority to compel a party to produce documents or writings, and the adverse party's only recourse was a bill in equity for discovery. | "Is the court authority to compel a party to produce documents or writings, and the adverse party's only recourse was a bill in equity for discovery at common law?" | 027204.docx | LEGALEASE-00133092-LEGALEASE-00133094 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 3957 | Wenrich v. Employers Mut. Ins. Companies, 35 Kan. App. 2d 582 | 307A+749.1 | As the Wenrichs properly state, a pretrial order has the full force of other orders entered by the court and controls the subsequent course of litigation unless modified to prevent manifest injustice. See K.S.A. 60-216(e); Sampson v. Hunt, 233 Kan. 572, 578, 665 P.2d 743 (1983). In the absence of an attempt to modify the pretrial order, such order is binding and controls the subsequent course of trial. Sieben v. Sieben, 231 Kan. 372, 377, 646 P.2d 1036 (1982) | A pretrial order has the full force of other orders entered by the court and controls the subsequent course of litigation unless modified to prevent manifest injustice. K.S.A. 60-216(e). | "Does a pretrial order, unless modified by court to prevent manifest injustice, control a subsequent course of lawsuit?" | 027226.docx | LEGALEASE-00132718-LEGALEASE-00132719 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 3958 | Hampton Clinic v. Dist. Court of Franklin Cty., 231 Iowa 65 | 307A+331 | Petitioners do not seriously claim that the documents are not material, competent evidence for plaintiff. "The purpose of the statute is to provide a convenient and summary method of obtaining material and competent documentary evidence in the custody or under the control of an adversary." Davis v. District Court, 195 Iowa 688, 192 N.W. 852, 854 | The purpose of the statute providing for the production of books and papers is to provide a convenient and summary method of obtaining material and competent documentary evidence in the custody or under the control of an adversary. Code 1939, SS 11316, 11317. | Is the purpose of the statute providing for the production of documents is to provide a convenient and summary method of obtaining material and competent documentary evidence under the control of an adversary? | 027485.docx | LEGALEASE-00132538-LEGALEASE-00132539 | Condensed, SA, Sub | 0.26 | 0 | 1 | 1 | 1 | 1 |
| 3959 | Bearor v. Kapple, 24 N.Y.S.2d 655 | 307A+331 | Under the circumstances this court holds that the written statement taken from plaintiff is not privileged. Common courtesy, if not law, would demand and require that a copy of the statement taken should have been left with plaintiff. The court has power to grant a discovery of articles or property in the possession of, or under the control of, a party relating to the merits of an action or a defense thereto. Beyer v. Transit Development Co., 139 App.Div. 724, 124 N.Y.S. 463. So far as the question of privilege is concerned, it has been held that an attorney may be compelled to produce any document which the client could be compelled to produce. Jones v. Reilly, 174 N.Y. 97, at page 105, 66 N.E. 649. The motion of plaintiff is granted. | A court has power to grant discovery of articles or property in the possession of, or under the control of, a party, where the articles or property relate to the merits of an action or a defense thereto. | "Does a court have the power to grant discovery of articles or property in the possession of, or under the control of, a party, where the articles or property relates to the merits of an action or a defense thereto?" | Pretrial Procedure - Memo # 2146 - C - SN.docx | ROSS-003301384-ROSS-003301386 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3960 | Maggini v. OSF Healthcare Sys., 256 Ill. App. 3d 551 | 30+151(5) | It is necessary to comment on the question of this court's jurisdiction. OSF filed a motion to dismiss for lack of jurisdiction in this case which we denied prior to oral argument. The question of jurisdiction in this case is somewhat intriguing because plaintiffs are actually appealing an order which granted the relief they sought, namely, the voluntary dismissal of their suit. Ordinarily, an order of voluntary dismissal cannot be appealed by the plaintiff, since he or she requested the order and thus is protected from prejudice by the statute of limitations which gives the plaintiff the absolute right to refile the action within one year of a voluntary dismissal without prejudice. (Edward E. Gillen Co. v. City of Lake Forest (1991), 221 Ill.App.3d 5, 9, 163 Ill.Dec. 585, 581 N.E.2d 739.) In Gillen, the trial court granted Lake Forest's motion for judgment on the pleadings as to certain damage counts and stated the order was final and appealable under Supreme Court Rule 304(a) (134 Ill.2d R. 304(a)). The trial court then modified its order, limiting the dismissal to only some of the damage counts, and removed the Rule 304(a) language from the order granting judgment on the pleadings. Gillen then moved to voluntarily dismiss the remaining causes of action against Lake Forest. | Ordinarily, plaintiff may not appeal order granting motion for voluntary dismissal due to fact that plaintiff is party requesting the order and is protected from prejudice by statute of limitations giving plaintiff absolute right to refile action within one year of voluntary dismissal without prejudice. S.H.A. 735 ILCS 5/2-1009; Sup.Ct.Rules, Rule 304(a). | "As a rule, are plaintiffs prevented from appealing an order granting a voluntary dismissal because it is a plaintiff that requested the order?" | 027598.docx | LEGALEASE-00132649-LEGALEASE-00132651 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 3961 | Sprague v. P.I.A. of Sarasota, 611 So. 2d 1336 | 307A+517.1 | Sprague contends, and we agree, that it was error for the trial court to take any action subsequent to the filing of the notice of voluntary dismissal. Florida Rule of Civil Procedure 1.420(a)(1) endows a plaintiff with the power to abort his lawsuit by serving "a notice of dismissal at any time before a hearing on motion for summary judgment." No further action is required. The effect of a voluntary dismissal is "to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction"." Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68, 69 (Fla.1978). | Effect of voluntary dismissal is to remove completely from court's consideration power to enter an order, equivalent in all respects to a deprivation of jurisdiction. West's F.S.A. RCP Rule 1.420(a)(1). | "Is the effect of a voluntary dismissal to remove completely from a court's consideration the power to enter an order, equivalent in all respects to a deprivation of jurisdiction?" | 027601.docx | LEGALEASE-00132692-LEGALEASE-00132693 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 3962 | Golden Valley Disposal v. Jenkins Diesel Power, 183 S.W.3d 635 | 307A+517.1 | Golden Valley contends the dismissal of Case II with prejudice was erroneous because the factual predicate essential to the trial court's decision"the prior dismissal with prejudice of Case I"had never actually occurred. According to Golden Valley, it voluntarily dismissed Case I without prejudice just prior to the April 22nd hearing, thereby depriving the trial court of jurisdiction to dismiss that case with prejudice as a sanction for not complying with an order compelling discovery. It is well-settled that a Rule 67.02 voluntary dismissal is effective upon filing and divests the trial court of jurisdiction over the case. Kirby v. Gaub, 75 S.W.3d 916, 917 (Mo.App.2002). Consequently, any action taken by a trial court after a case is voluntarily dismissed is a nullity. Freeman v. Leader Nat'l Ins. Co., 58 S.W.3d 590, 595 (Mo.App.2001). If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, however, the purported dismissal is invalid and of no legal effect. Shelter Mut. Ins. Co. v. Vulgamott, 96 S.W.3d 96, 106 (Mo.App.2003). | If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, the purported dismissal is invalid and of no legal effect. V.A.M.R. 67.02. | "If a plaintiff attempts to voluntarily dismiss a case in a way not authorized by the rules of civil procedure, is the purported dismissal invalid and of no legal effect?" | Pretrial Procedure - Memo # 2554 - C - NS.docx | ROSS-003314483-ROSS-003314484 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 3963 | Wrenn v. Maria Parham Hosp., 135 N.C. App. 672 | 307A+519 | In the present case, however, the litigation against the alleged servant, Dr. Byrd, was not terminated by a release or covenant not to sue, but was terminated by a voluntary dismissal with prejudice and without payment. Even if the voluntary dismissal had not recited that it was "with prejudice," it was the second dismissal of plaintiff's claims against Dr. Byrd and would have operated as an adjudication on the merits. [(""Such a dismissal is with prejudice, and it operates as a disposition on the merits and precludes subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff." Graham v. Hardee's Food Systems, 121 N.C.App. 382, 384, 465 S.E.2d 558, 559-60 (1996); see Barnes v. McGee, 21 App. 287, 289, 204 S.E.2d 203, 205 (1974); N.C. Gen.Stat. " 1A-1, Rule 41(a)(1) (1990) ("a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state ... an action based on or including the same claim[ ]"). | Second voluntary dismissal of claims against defendant is with prejudice, and it operates as a disposition on the merits and precludes subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff. Rules Civ.Proc., Rule 41(a)(1), S 1A-1. | Does dismissal with prejudice operates as a disposition on the merits and precludes subsequent litigation in the same manner as if the action had been prosecuted to a full adjudication against the plaintiff? | Pretrial Procedure - Memo # 2558 - C - NS.docx | ROSS-003287573-ROSS-003287574 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 3964 | Dean Foods Co. v. Anderson, 178 S.W.3d 449 | 307A+693.1 | Once Dean Foods exhausted its administrative remedies and sought judicial review, the trial court gained jurisdiction over the dispute. When the court obtained jurisdiction, Anderson was entitled to and indeed obligated to respond, and in that response, seek attorney's fees. Tex.R. Civ. P. 97; Falls County v. Perkins and Cullum, 798 S.W.2d 868, 870 (Tex.App.-Fort Worth 1990, no pet.). Although Anderson's answer only requested attorney's fees in a general manner, it can reasonably be construed as requesting attorney's fees associated with her defense in the judicial review of the award the appeals panel had made to her. That being so, we conclude that Anderson properly and timely requested an award of attorney's fees incurred as a result of the judicial review. Tex.R. Civ. P. 45; Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d at 226. A request for attorney's fees is a claim for affirmative relief. Falls County v. Perkins and Cullum, 798 S.W.2d at 870"71. Texas Rule of Civil Procedure 162 specifically provides that a dismissal or nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief...." Therefore, we conclude that Dean Foods' nonsuit did not deprive the trial court of subject matter jurisdiction over Anderson's request for attorney's fees. | A request for attorney fees is a claim for affirmative relief, such that nonsuit or dismissal does not prejudice the right of party with a pending claim for attorney fees to be heard. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Is a request for attorney fees a claim for affirmative relief, such that nonsuit or dismissal does not prejudice the right of the party with a pending claim for attorney fees to be heard?" | 028206.docx | LEGALEASE-00133148-LEGALEASE-00133149 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3965 | U. S. Fid. & Guar. Co. v. Beuhler, 597 S.W.2d 523 | 307A+517.1 | An order of dismissal of a cause of action is not an adjudication of the rights of the parties. It merely places the parties in the position that they were in before the court's jurisdiction was invoked just as if the suit had never been brought. Crofts v. Court of Civil Appeals for the Eighth Supreme Judicial District, 362 S.W.2d 101 (Tex.1962). Since there has been no adjudication of the rights of the parties as to the matters alleged in the amended petition, and a right still exists to bring a new and independent suit as to such matters, the trial court did not err in dismissing without prejudice. Schenker v. City of San Antonio, 369 S.W.2d 626 (Tex.Civ.App. San Antonio 1963, writ ref'd n. r. e.). This point is overruled. | Order of dismissal of cause of action is not adjudication of the rights of the parties; it merely places the parties in the position that they were in before court's jurisdiction was invoked just as if suit had never been brought. | "Is a dismissal in no way an adjudication of the rights of the parties but merely places them in the position that they were in before jurisdiction was invoked, just as if the suit had never been brought?" | 028372.docx | LEGALEASE-00132744-LEGALEASE-00132745 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3966 | Nielsen v. Firelands Rural Elec. Coop., 123 Ohio App. 3d 104 | 307A+517.1 | This court has previously held that a voluntary dismissal, without prejudice, dissolves "all interlocutory orders made by the court in that action," including a partial summary judgment. Auto-Owners Mut. Ins. Co. v. Checker Cab, Inc. (July 30, 1996), Lucas App. No. L-96-170, unreported (reprinted in appendix "A"), citing Cent. Mut. Ins. Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26, 519 N.E.2d 422. Since the July 15, 1997 judgment of the trial court was dissolved when the remainder of the case was voluntarily dismissed, without prejudice, no appeal can be taken from that order. | Voluntary dismissal, without prejudice, dissolves all interlocutory orders made by court in that action, including a partial summary judgment. | "Does a voluntary dismissal, without prejudice, dissolve all interlocutory orders made by court in that action, including a partial summary judgment?" | 028568.docx | LEGALEASE-00132686-LEGALEASE-00132687 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3967 | Kronos v. AVX Corp., 81 N.Y.2d 90 | 386+47 | Nominal damages are always available in breach of contract actions (5 Corbin, Contracts " 1001, at 29), but they are allowed in tort only when needed to protect an "important technical right" (Note, Damages Recoverable in an Action for Inducing Breach of Contract, op. cit., at 238). For example, nominal damages have been recognized in tort to protect a landowner's right to be free of trespass, but that exception from the established rule that actual injury must be shown is warranted because a continuing trespass may ripen into a prescriptive right and deprive a property owner of title to his or her land (Prosser and Keeton, Torts, at 75 [5th ed.]). There is no similarly compelling reason for departing from the actual injury rule when the trespass alleged is not to real property but to a chattel (1 Harper, James and Gray, Torts " 2.3, at 141"143 [2d ed.] ) or, as in the present case, to an intangible property right arising under contract. In such cases, actual loss must be demonstrated (see, Prosser and Keeton, op. cit., at 1002"1003; Annotation, Liability for Procuring Breach of Contract, 26 A.L.R.2d 1227, " 43; see, e.g., Hodge v. Meyer, 252 F. 479, cert. denied 248 U.S. 565, 39 S.Ct. 9, 63 L.Ed. 424; Myers v. Arcadio, Inc., 73 N.J.Super. 493, 180 A.2d 329). | No compelling reason exists for departing from actual injury rule if alleged trespass is to chattel or intangible property right arising under contract rather than trespass to real property and, thus, actual loss must be demonstrated and nominal damages are not sufficient to establish damages element of claim. | "When trespass is alleged to an intangible property right arising under a contract, does actual injury to the claimed property interest have to be shown?" | 047320.docx | LEGALEASE-00133342-LEGALEASE-00133343 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 3968 | Arnold v. Indus. Comm'n, 21 Ill. 2d 57 | 413+1 | That the act was not intended to cover nonresident employees of foreign employers (unless the contract of employment is made here) is also indicated by the nature of the remedy itself. The liability of the employer under workmen's compensation acts is not a tort liability but is an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise. See Alaska Packers Ass'n v. Industrial Accident Com., 294 U.S. 532, 541, 55 S.Ct. 518, 79 L.Ed. 1044; Keller v. Industrial Com., 350 Ill. 390, 397, 183 N.E. 237. Such legislation is designed to afford employees and their dependents a measure of financial protection, and is sustained under the police power as a regulation of the master-servant relationship. See Grasse v. Dealer's Transport Co., 412 Ill. 179, 190-191, 106 N.E.2d 124. It is evidence, therefore, that in determining whether the act applies, the presence of some connection between Illinois and the employment relationship, rather than the mere situs of the injury, is the significant factor. Kennedy-VanSaun Manufacturing & Engineering Corp. v. Industrial Com., 355 Ill. 519, 189 N.E. 916 (by implication). | The liability of an employer under the Workmen's Compensation Act is not a tort liability, but is an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise. S.H.A. ch. 48, S 138.3. | "Is an employers liability under the Workmens Compensation Act an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise, or is it a tort liability?" | Workers Compensation - Memo #198 ANC.docx | ROSS-003288395-ROSS-003288396 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 3969 | Stocum v. Oakley, 185 N.C. App. 56 | 307A+517.1 | As to the dismissal based on alleged Rule 11 violations, plaintiffs argue that any of the purported violations occurred before plaintiffs moved for voluntary dismissal under Rule 41(a), and as such, those violations are wholly irrelevant to the current action. We disagree. Plaintiffs correctly state the general rule that when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew. Tompkins v. Log Systems, Inc., 96 N.C.App. 333, 335, 385 S.E.2d 545, 547 (1989), disc. review denied, 326 N.C. 366, 389 S.E.2d 819 (1990). It is "as if the suit had never been filed." Id. | Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; it is as if the suit had never been filed. Rules Civ.Proc., Rule 41(a), West's N.C.G.S.A. S 1A-1. | "Generally, when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew; is it as if the suit had never been filed?" | 028233.docx | LEGALEASE-00133582-LEGALEASE-00133583 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3970 | Parham v. Weldon, 333 Ga. App. 744 | 307A+486 | A trial court may permit withdrawal of admissions if both: (1) the presentation of the merits of the action will be subserved by the withdrawal; and (2) the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits. See Brankovic v. Snyder, 259 Ga.App. 579, 580, 578 S.E.2d 203 (2003). In order to show that the presentation of the merits of this case would be subserved by the withdrawal, Parham needed to establish that the admitted requests either could have been refuted on trial of the issues by admissible evidence having a modicum of credibility or that the admitted requests were incredible on their face; and that the denials being tendered to the court with the motion to withdraw had not been offered solely for purposes of delay.(Citations and punctuation omitted.) Fox Run Properties, LLC v. Murray, 288 Ga.App. 568, 570"571(1), 654 S.E.2d 676 (2007). | A trial court may permit withdrawal of admissions resulting from a party's failure to timely respond to requests for admissions if both: (1) the presentation of the merits of the action will be subserved by the withdrawal; and (2) the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action or defense on the merits. West's Ga.Code Ann. S 9-11-36(b). | When can a trial court permit withdrawal of admissions resulting from a party's failure to timely respond to requests for admissions? | 028296.docx | LEGALEASE-00133660-LEGALEASE-00133661 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 3971 | Able v. United States, 88 F.3d 1280 | 92+2035 | It is plain to us that governmental restrictions on speech that would run afoul of the Constitution if imposed in civilian life can pass constitutional muster in the military context. With this principle in mind, we turn to the merits of the plaintiffs' challenge. | Governmental restrictions on speech that would run afoul of Constitution if imposed in civilian life can pass constitutional muster in military context. U.S.C.A. Const.Amend. 1. | Can governmental restrictions on speech that would run afoul of the Constitution if imposed in civilian life pass constitutional muster in the military context? | 008400.docx | LEGALEASE-00133798-LEGALEASE-00133799 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3972 | Crenshaw v. Jackson, 6 Ga. 509 | 352+22(1) | Upon the transfer of a note payable to bearer, by delivery, the transferer ceases to be a party to it, and is not, generally, responsible thereon to the transferee, or any subsequent holder; but if he undertake to guarantee the payment of the note, he will be liable to the transferee on that special contract, and it is a proper matter of set-off. | Upon the transfer of a note payable to bearer, by delivery, the transferer ceases to be a party to it, and is not, generally, responsible thereon to the transferee, or any subsequent holder; but if he undertake to guarantee the payment of the note, he will be liable to the transferee on that special contract, and it is a proper matter of set-off. | Is the transferor of a note payable to bearer responsible after the delivery of the note? | 009460.docx | LEGALEASE-00133788-LEGALEASE-00133789 | SA, Sub | 0 | 0 | 0 | 1 | 1 | |
| 3973 | Buse v. Smith, 74 Wis. 2d 550 | 371+2001 | The levying of taxes constitutes the enforcement of proportional contributions from persons and property, levied by the state or municipality for the support of its government and its public needs. Fitch v. Wisconsin Tax Comm. (1930), 201 Wis. 383, 230 N.W. 37. | Levying of taxes constitutes enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs. | "Does levying of taxes constitute enforcement of proportional contributions from persons and property, levied by state or municipality for support of its government and its public needs?" | 045132.docx | LEGALEASE-00133881-LEGALEASE-00133882 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 3974 | Duke v. Sun Oil Co., 320 F.2d 853 | 8.30E+23 | We may accept Lessors' contention that in the absence of express agreement, the delivery of a check to the payee is merely a conditional payment which does not become absolute until the check is actually paid by the drawee bank. A check is simply a written order on a bank, executory in nature, instructing the bank to make certain payment, and so far as the payee's rights against the drawee are concerned, this order may be revoked by the drawer at any time before the check is paid or in some manner accepted by the bank on which it is drawn. We are further in agreement with the Lessors' argument that the act of making the check on May 13 and mailing it to Lessors on that date did not at that time have the same legal effect that would result from the act of tendering $25 in currency to each of the two Lessors on May 13. | Check is simply a written order on a bank, executory in nature, instructing bank to make certain payment, and so far as payee's rights against drawee are concerned, order may be revoked by drawer at any time before check is paid or in some manner accepted by bank on which it is drawn. | Can a drawer revoke check before its acceptance? | Bills and Notes -Memo 253 -VP.docx | ROSS-003289135-ROSS-003289136 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 3975 | Johnson v. United Nat. Indus., 126 Ill. App. 3d 181 | 307A+520 | Further, it is well established that plaintiff has an absolute right to voluntarily dismiss a defendant without prejudice prior to trial, and the court has no discretion to deny this motion for dismissal. (Hale v. Ault (1980), 83 Ill.App.3d 78, 84, 38 Ill.Dec. 404, 403 N.E.2d 635.) In addition, section 24 of the Limitations Act (Ill.Rev.Stat.1981, ch. 83, par. 24a), now codified as section 13-217 of the Code of Civil Procedure (Ill.Rev.Stat.1983, ch. 110, par. 13-217), provides that where an action is voluntarily dismissed by a plaintiff, the plaintiff has an absolute right to commence a new action within one year of the dismissal at trial court, or within the remaining statute of limitations, whichever is greater. (LaBarge, Inc. v. Corn Belt Bank (1981), 101 Ill.App.3d 741, 744, 57 Ill.Dec. 161, 428 N.E.2d 711.) Although a plaintiff who obtains a voluntary dismissal under section 2-1009 of the Code of Civil Procedure (Ill.Rev.Stat.1981, ch. 110, par. 2-1009), may not move for leave to reinstate his action unless he obtained leave so to move at the time the dismissal order was entered (see Weisguth ), this does not prevent a trial court from vacating the dismissal order on its own motion during the pendency of the term or its equivalent. Miller v. Bloomberg (1978), 60 Ill.App.3d 362, 364-65, 17 Ill.Dec. 602, 376 N.E.2d 748. | Fact that a plaintiff who obtained voluntary dismissal did not obtain leave at time dismissal order was entered to move later to reinstate his action does not prevent a trial court from vacating the dismissal order on its own motion during the pendency of the appropriate term or its equivalent. Ill.Rev.Stat.1981, ch. 83, P 24a; S.H.A. ch. 110, P 2-1009. | "As general rule of civil practice, can a party voluntarily dismiss an action with leave to reinstate it if party asks for leave to reinstate at time voluntary dismissal is sought?" | 028475.docx | LEGALEASE-00134507-LEGALEASE-00134508 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 3976 | Fair Share Org. v. Kroger Co., 132 Ind. App. 160 | 307A+517.1 | "The general rule is that in the absence of statute, and where the answer seeks no affirmative relief, a dismissal, discontinuance, or nonsuit leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case." 11 A.L.R.2d, " 3, page 1411, and it is further stated at " 5, page 1416, "it has been held that a voluntary or involuntary dismissal, or a discontinuance or nonsuit of a case, operates as a dissolution of a previous restraining order or injunction issued in the case.' | Generally, in the absence of statute and where the answer seeks no affirmative relief, a dismissal leaves the situation as if the suit had never been filed and carries down with it previous rulings and orders in the case. | Does a nonsuit under law leave the situation as if suit had never been filed and carries with it previous rulings and orders in a case? | Pretrial Procedure - Memo # 2744 - C - SHB.docx | ROSS-003290756-ROSS-003290758 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3977 | Tommy Gio v. Dunlop, 348 S.W.3d 503 | 307A+486 | Under rule of civil procedure 198.3(a), a trial court may permit a party to withdraw or amend an admission if the party shows good cause for the withdrawal or amendment. Tex.R. Civ. P. 198.3(a). "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." Wheeler v. Green, 157 S.W.3d 439, 442 (Tex.2005) (per curiam). In addition to finding good cause for withdrawal of an admission, the trial court may permit a party to withdraw an admission only if the court finds that the party relying on the deemed admissions will not be unduly prejudiced, and that presentation of the merits of the action will by served by permitting the withdrawal of the admission. Tex.R. Civ. P. 198.3(b). | "Good cause" for withdrawal or amendment of a deemed admission is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3(a). | "Is ""good cause"" for withdrawal or amendment of a deemed admission established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference?" | Pretrial Procedure - Memo # 2753 - C - SHB.docx | ROSS-003289527-ROSS-003289528 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 3978 | Bryant v. Cty. Council of Lake Cty., 720 N.E.2d 1 | 307A+486 | When a motion seeking the withdrawal of admissions has been made, the trial court must consider 1) whether the presentation of the merits will be subserved by permitting withdrawal, and 2) whether the party who obtained the admission will be prejudiced by withdrawal. General Motors, 573 N.E.2d at 888-89; Corby, 670 N.E.2d at 1326. Moreover, the party moving for the withdrawal of admissions established by operation of T.R. 36 does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Royalty Vans Inc. v. Hill Bros. Plumbing and Heating, Inc., 605 N.E.2d 1217, 1221 (Ind.Ct.App.1993). Even if both conditions have been satisfied, the trial court is not compelled to grant withdrawal of the admissions, but may, in the exercise of its discretion, deny the request for withdrawal. General Motors, 573 N.E.2d at 889-90; Corby, 670 N.E.2d at 1326-27. | Party moving for withdrawal of admissions does not meet its burden of showing that withdrawal will subserve the presentation of the merits simply by demonstrating that the admissions go to the core issues to be litigated. Trial Procedure Rule 36. | Does a movant seeking withdrawal of deemed admissions meet its burden of showing that withdrawal or amendment will subserve presentation of merits simply by demonstrating that admissions go to core issues? | Pretrial Procedure - Memo # 2910 - C - NS.docx | ROSS-003290323-ROSS-003290325 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3979 | Stelly v. Papania, 927 S.W.2d 620 | 307A+486 | A party may withdraw a deemed admission "upon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." Tex.R.Civ.P. 169(2). After the rule was amended in 1988, "good cause" became the threshold standard for withdrawal of deemed admissions. Halton, 792 S.W.2d at 465. A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Greene, 824 S.W.2d at 700; see Halton, 792 S.W.2d at 465. | Good cause is threshold standard for withdrawal of deemed admissions; party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Can good cause be shown when a party's failure to answer was accidental or the result of a mistake? | Pretrial Procedure - Memo # 2936 - C - NC.docx | ROSS-003291659-ROSS-003291660 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3980 | Ruiz v. Nicolas Trevino Forwarding Agency, 888 S.W.2d 86 | 307A+486 | Trial courts possess broad discretion to permit or deny withdrawal of deemed admissions. In order to establish good cause a party must show legal or equitable excuses for his failure to answer. Eckman v. Centennial Sav. Bank, 757 S.W.2d 392, 396 (Tex.App."Dallas 1988, writ denied); Rosenthal v. National Terrazzo Tile & Marble, Inc., 742 S.W.2d 55, 57 (Tex.App."Houston [14th Dist.] 1987, no writ). The trial court has broad discretion in permitting withdrawal or amendment of the admissions, and its ruling will be set aside only on a showing of clear abuse of discretion. Lewis v. Mundy Const. Co., Inc., 781 S.W.2d 333, 335 (Tex.App."Houston [14th Dist.] 1989, writ dism'd w.o.j.); Crime Control, Inc. v. RMH"Oxford Joint Venture, 712 S.W.2d 550, 552 (Tex.App."Houston [14th Dist.] 1986, no writ). An abuse of discretion occurs when a court acts without reference to rules or principles or acts arbitrarily or unreasonably. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex.1985). | To establish good cause for withdrawal of deemed admissions, party must show legal or equitable excuses for his failure to answer. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "To establish good cause for withdrawal of deemed admissions, must a party show legal or equitable excuses for his failure to answer requests for admissions?" | Pretrial Procedure - Memo # 2948 - C - SK.docx | ROSS-003305111-ROSS-003305112 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3981 | State ex rel. Stroh v. Klene, 276 Mo. 206 | 307A+69.1 | Neither the statute compelling the production of books and papers (article 12, c. 21, R. S. 1909), nor that authorizing the taking of depositions (article 4, c. 46, R. S. 1909), and the right, incidental thereto, of taking same before a commissioner (section 6390, R. S. Mo.), either by express terms or necessary implication confers power upon a court to make and enforce the order complained of. Guided by the general rules in regard to the construction of statutes applicable under the facts at bar, it is not deemed necessary to discuss the question submitted with greater particularity, in view of the fact that this entire subject was reviewed in State ex rel. v. Taylor, 268 Mo. 312, 187 S. W. 1181, in which we held that neither a special commissioner appointed by the circuit court to take depositions, nor the court itself, had power to compel a witness or the adverse party to produce books and papers before such commissioner. This, because of the absence of a statute in that regard. In the case at bar, we have again reviewed the statutes construed in the Taylor Case, and find no reason for disturbing the conclusion there reached. | Neither Rev.St.1909, c. 21, art. 12, compelling the production of books, nor chapter 46, art. 4, authorizing depositions, nor section 6390, V.A.M.S. S 492.150, providing the incidental right of taking deposition before a commissioner, authorize a special commissioner appointed by the circuit court or the court itself to compel a witness or the adverse party to produce books and papers before such commissioner. | Do any laws authorize a special commissioner appointed by the circuit court or the court itself to compel a witness or the adverse party to produce books and papers before such commissioner? | Pretrial Procedure - Memo # 2953- C - SK.docx | ROSS-003330048-ROSS-003330049 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 3982 | Dancel v. Goodyear Shoe Mach. Co., 128 F. 753 | 307A+69.1 | A party undoubtedly has the right to invoke the process of the court to compel the attendance of witnesses and the production of such papers as are material to his case; but neither the right of a party nor the power of the court extends beyond this. A party has no right, and the court has no power, to compel the production, either in court or before a magistrate, of the private papers of a witness which are not relevant and material to the case. Any practice which sanctions such a proceeding is unwarranted, and an infringement upon a fundamental personal right guarantied by the federal Constitution. The courts have always recognized this protection to the individual, secured by our organic law. Such recognition is seen in the distinction which is made between a subpoena and testificandum and a subpoena duces tecum. The former is a process of right, while the latter is addressed to the discretion of the court. Discretion here does not mean that the court has power to refuse the compulsory production of a paper which is material evidence in the case, but that, before compelling its production by a subpoena duces tecum, it will sufficiently inquire into the matter to determine if the evidence appears to be material, and, if not satisfied on this point will decline to issue the writ. | A party has no right, and a court no power, to compel the production either in court or before a magistrate, of the private papers of a witness which are not relevant and material to the case. Any practice which sanctions such a proceeding is an infringement of a fundamental personal right guarantied by the federal Constitution, and which the courts have always recognized in the exercise of power given them to compel the production of papers. | "Does a party have no right and a court no power, to compel the production either in court or before a magistrate, of the private papers of a witness which are not relevant and material to the case?" | 028871.docx | LEGALEASE-00134011-LEGALEASE-00134012 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 3983 | Gen. Elec. Co. v. Paul Forsell & Son, 121 R.I. 19 | 307A+486 | Although Rule 36 would lose its efficacy if admissions could be easily contradicted, unquestionably there will be times when a party should be allowed to withdraw an admission. An admission may be withdrawn (1) if the admitting litigant has acted diligently; (2) if adherence to the admission might cause a suppression of the truth; and (3) if the withdrawal can be made without prejudice to the party who made the request. Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L.J. 371, 422 (1962). | Admission made in response to opponent's request for admissions may be withdrawn if admitting litigant has acted diligently, if adherence to admission might cause suppression of the truth and if withdrawal can be made without prejudice to party who made the request. Rules of Civil Procedure, rule 36. | Should an admission made in response to opponent's request for admissions be withdrawn if admitting litigant has acted diligently? | 028896.docx | LEGALEASE-00134137-LEGALEASE-00134138 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 3984 | City of Muncie v. Peters, 709 N.E.2d 50 | 307A+486 | However, the party who has been deemed to have made those admissions may make a motion for withdrawal of those admissions to the trial court pursuant to T.R. 36(B). Id. at 888"89. The trial court cannot grant a motion to withdraw admissions unless it determines both (1) that withdrawal or amendment will subserve the presentation of the merits, and (2) that prejudice in maintaining the action or defense will not result to the party obtaining the admission. Id. at 889. The party seeking withdrawal has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. T.R. 36(B); Corby, 670 N.E.2d at 1326. Further, even if both of these conditions are satisfied, the rule does not compel the trial court to grant a request to withdrawal admissions; rather, the court may, in its discretion, permit withdrawal. General Motors, 573 N.E.2d at 889. We will reverse the grant or denial of a motion to withdraw admissions only for an abuse of discretion. Snell v. Snell, 581 N.E.2d 463 (Ind.Ct.App.1991); Eads v. Hill, 563 N.E.2d 625 (Ind.Ct.App.1990). | Party seeking withdrawal of admissions has the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal. Trial Procedure Rule 36(B). | "Does the party seeking withdrawal of admissions have the burden of demonstrating that the presentation of the merits will be subserved by withdrawal, and the party who has obtained the admissions has the burden of demonstrating that it will be prejudiced if the trial court permits withdrawal?" | 028920.docx | LEGALEASE-00134308-LEGALEASE-00134309 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3985 | Gibbs v. Prior, 107 N.H. 218 | 307A+91 | The defendant argues that the issue of the plaintiff's right to discovery of the identity of the witness at whose house the defendant visited prior to the accident should be controlled by RSA 516:23 providing in part as follows: "No party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case, nor, in giving a deposition, to produce any writing which is material to his case or defense" See Huntress v. Tucker, 104 N.H. 270, 184 A.2d 562. | The statute which provides that no party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case, nor, in giving a deposition, to produce any writing which is material to his case or defense was not intended to limit equitable jurisdiction of court to grant discovery under established rules. RSA 516:23. | Should a party be compelled in testifying to produce any writing material to his case? | 028938.docx | LEGALEASE-00134363-LEGALEASE-00134364 | Condensed, SA, Sub | 0.25 | 0 | 1 | 1 | 1 | 1 |
| 3986 | Boulet v. State, 189 S.W.3d 833 | 307A+486 | Once an action is filed, a party can serve written requests for admissions. Tex.R. Civ. P. 198.1. When a party does not serve responses to requests for admissions within thirty days, the matters in the requests are deemed admitted against that party. Tex.R. Civ. P. 198.2; Wal"Mart Stores, Inc., v. Deggs, 968 S.W.2d 354, 355 (Tex.1998). Any matter admitted is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. Tex.R. Civ. P. 198.3; Marshall v. Vise, 767 S.W.2d 699, 700 (Tex.1989). Withdrawal or amendment of an admission is permitted on a showing of good cause and a finding by the trial court that (1) the party relying on the deemed admission will not be unduly prejudiced, and (2) presentation of the merits of the action will be served thereby. Tex.R. Civ. P. 198.3; Deggs, 968 S.W.2d at 356. "Good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference." Wheeler v. Green, 157 S.W.3d 439, 442 (Tex.2005). "Even a slight excuse will suffice, especially when delay or prejudice to the opposing party will not result." Spiecker v. Petroff, 971 S.W.2d 536, 538 (Tex.App.-Dallas 1997, no writ); N. River Ins. Co. of N.J. v. Greene, 824 S.W.2d 697, 700 (Tex.App.-El Paso 1992, writ denied). The party seeking withdrawal of deemed admissions has the burden to establish good cause. Webb v. Ray, 944 S.W.2d 458, 461 (Tex.App.-Houston [14th Dist.] 1997, no writ). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." Wheeler, 157 S.W.3d at 443. Furthermore, the supreme court has explained that "presentation of the merits will suffer (1) if the requesting party cannot prepare for trial, and also (2) if the requestor can prepare but the case is decided on deemed (but perhaps untrue) facts anyway." Id. at 443 n. 2. | Good cause justifying the withdrawal or amendment of an admission is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference. Vernon's Ann.Texas Rules Civ.Proc., Rule 198.3. | "Is good cause justifying the withdrawal or amendment of an admission established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference?" | 029061.docx | LEGALEASE-00134375-LEGALEASE-00134376 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 3987 | Young v. Smith, 67 So. 3d 732 | 307A+483 | This Court rejects Young's waiver argument based on the same reasoning and logic used by the circuit judge. See 7 supra. First, the admission exists by operation of law. See Miss. R. Civ. P. 36. An admission is not an affirmative defense. Rather, it establishes a factual matter for purposes of evaluating the elements of a party's claim or defense. Mississippi Rule of Civil Procedure 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Miss. R. Civ. P. 56(b) (emphasis added). As a motion for summary judgment can be made at any time, it is incongruous to argue the "Renewed Motions for Summary Judgment" were untimely. | A deemed admission, based on failure to timely respond to a request for admissions, is not an affirmative defense; rather, it establishes a factual matter for purposes of evaluating the elements of a party's claim or defense. Rules Civ.Proc., Rule 36(a, b). | "Does a deemed admission, based on failure to timely respond to a request for admissions, establish a factual matter for purposes of evaluating the elements of a party's claim or defense?" | 029602.docx | LEGALEASE-00134867-LEGALEASE-00134868 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 3988 | Young v. Smith, 67 So. 3d 732 | 307A+483 | This Court has stated that "[a] matter that is deemed admitted does not require further proof. Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence." DeBlanc, 814 So.2d at 801 (quoting 7 James W. Moore, et al., Moore's Federal Practice 36.03[2], at 36"15 (3d ed. 2001) (footnotes omitted)) (emphasis added). See also Prime Rx, 917 So.2d at 795 (quoting DeBlanc, 814 So.2d at 800) (when a matter is "conclusively established" under Rule 36, it may not be "offset by a conflicting answer to interrogatories."); In re Carney, 258 F.3d at 420 (citing Dukes, 770 F.2d at 548"49) ("[s]ince Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record."). The effect of the subject admissions was that Young's medical malpractice claims against Dr. Smith and BMH"D lacked any "qualified medical expert" to testify that Dr. Smith "deviated from the applicable standard of care for an emergency room physician" or that "any alleged deviation from the applicable standard of care" by Dr. Smith "proximately caused or contributed to" Clarence Young's death. Thus, the essential elements of breach of duty and causation were absent. "The trial court had no duty to review any pleadings, deposition testimony, interrogatory answers, etc., to refute a matter conclusively established by defendants' deemed admissions...." Prime Rx, 917 So.2d at 796. Based upon the deemed admissions, no genuine issues of material fact remain as to Young's claims against Dr. Smith and BMH"D. Thus, the circuit court did not err in granting summary judgment in favor of Dr. Smith and BMH"D. | A matter that is deemed admitted, based on the failure to timely respond to a request for admissions, does not require further proof, and any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence. Rules Civ.Proc., Rule 36(a, b). | Can admission that is not amended or withdrawn be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence? | Pretrial Procedure - Memo # 3498 - C - ES.docx | ROSS-003317462-ROSS-003317464 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3989 | P.R.S. Int'l v. Shred Pax Corp., 184 Ill. 2d 224 | 307A+483 | We also find support in the judgments of other state courts which have reached the same conclusion in construing similar rules. See also, e.g., Diversified Communications, Inc. v. Godard, 549 A.2d 362, 363 (Me.1988) (construing a rule identical to Federal Rule 36); Schmid v. Olsen, 111 Wis.2d 228, 236, 330 N.W.2d 547, 551 (Wis.1983) (same); Allied Gas & Chemical Co. v. Federated Mutual Insurance Co., 332 N.W.2d 877, 880 (Iowa 1983) (construing a rule nearly identical to Rule 36); Morast v. Auble, 164 Mont. 100, 104, 519 P.2d 157, 159 (1974) (construing a rule "practically identical to" a prior version of Rule 36); Salazar v. Valle, 360 So.2d 132, 133 (Fla.App.1978) (construing a rule nearly identical to Rule 36). Thus, we hold that, while requests to admit may not include legal conclusions, they may include questions of ultimate fact. Moreover, the failure to respond to a request to admit an ultimate fact constitutes an admission which may give rise to a grant of summary judgment.Accordingly, the appellate court was correct in holding that "conclusions of law" should not be contained in requests for admission, because the rule limits such requests to questions of fact. However, the appellate court was incorrect in holding that such requests should not include "ultimate facts.". | Failure to respond to a request to admit an ultimate fact constitutes an admission which may give rise to a grant of summary judgment. Sup.Ct.Rules, Rule 216. | Does failure to respond to a request to admit an ultimate fact constitute an admission which may give rise to a grant of summary judgment? | 029952.docx | LEGALEASE-00134537-LEGALEASE-00134539 | Condensed, SA, Sub | 0.88 | 0 | 1 | 1 | 1 | 1 |
| 3990 | Beckley v. Reclamation Bd. of State of Cal., 48 Cal. 2d 710 | 307A+716 | The legislative purpose in enacting these two statutes was well stated in Bottoms v. Superior Court, 82 Cal.App. 764, 769, 770, 256 P. 422, 425, where it was said in discussing section 1054 (of which section 1054.1 was then a part) that attorney-legislators "should be relieved by the law from concerning themselves with extraneous matters or interests not pertaining to their legislative duties while they are in attendance on sessions of the Legislature and actually prosecuting their duties as such. On the other hand, the suggestion may be ventured, significant in the present connection, that a practicing lawyer deals with a science involving the most abstruse learning, in its remedial and procedural as well as its substantive branch, and in conserving or preserving, or protecting or defending the rights of his clients when such rights are questioned in the judicial tribunals, the demand for his undivided attention to those causes is as necessary or imperative as is the demand upon him for like attention while he is engaged in performing the duties of a member of the Legislature." The language used by the court in the Bottoms case is equally applicable to section 595 which was obviously enacted with the same purpose in mind. | The purpose of the statutes was that attorney legislators should be relieved from concerning themselves with extraneous matter not pertaining to their legislative duties while in attendance at the Legislature and actually prosecuting their duties as such. West's Ann.Code Civ.Proc. S 1054.1. | Is the purpose of the statutes that attorney legislators should be relieved from concerning themselves with extraneous matter not pertaining to their legislative duties while in attendance at the Legislature and actually prosecuting their duties as such? | 029966.docx | LEGALEASE-00134548-LEGALEASE-00134549 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 3991 | United States v. Miller, 340 F.2d 421 | 63+1(1) | The District Judge committed no error in refusing the tendered charge. Title 18 U.S.C. " 201 explicitly states in alternatives the intent necessary to constitute bribery. Either an intention to influence official behavior or an intention to induce a breach of duty makes the briber culpable. United States v. Labovitz, 251 F.2d 393, 394 (3rd Cir. 1958). It is immaterial whether the official action which the briber seeks to influence is right or wrong, in the sense that it is expected to result in pecuniary injury to the Government or that it calls upon the bribe recipient to do something other that what he is legally obligated to do. Daniels v. United States, 17 F.2d 339, 343 (9th Cir. 1927), cert. denied, 274 U.S. 744, 47 S.Ct. 591, 71 L.Ed. 1325 (1927); cf. Wilson v. United States, 230 F.2d 521 (4th Cir. 1956), cert. denied, 351 U.S. 931, 76 S.Ct. 789, 100 L.Ed. 1460 (1956). Given the clear definition by Congress of the intent requisite for a violation of the statute here involved, we decline to engraft upon it the additional requirement that the briber act with a corrupt or fraudulent state of mind | It is immaterial whether official action which briber seeks to influence is right or wrong, in sense that it is expected to result in pecuniary injury to government or that it calls upon bribe recipient to do something other than what he is legally obligated to do. 18 U.S.C.A. S 201. | Is it material whether the official action sought to be influenced is right or wrong? | Bribery - Memo #333 - C-CSS.docx | ROSS-003289194-ROSS-003289195 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 3992 | Demos v. Haber, 101 Ill. App. 3d 901 | 307A+716 | The absence of an attorney does not give a litigant the right to a continuance, but the diligence of the party seeking it is a critical consideration in determining whether or not to grant a continuance. (Thilman & Co. v. Esposito (1980), 87 Ill.App.3d 289, 294, 42 Ill.Dec. 305, 309, 408 N.E.2d 1014, 1018.) Under the circumstances presented here, the trial court ruled improperly in denying plaintiff's request for a continuance and requiring him to prosecute his complaint and defend a $10,000 counterclaim pro se. | Absence of an attorney does not give a litigant the right to a continuance, but the diligence of the party seeking it is a critical consideration in determining whether or not to grant a continuance. | Does the absence of an attorney give a litigant the right to a continuance and is the diligence of the party seeking continuance a critical consideration in determining whether or not to grant a continuance? | 029225.docx | LEGALEASE-00135147-LEGALEASE-00135148 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 3993 | State ex rel. White v. Hais, 17 S.W.3d 903 | 314+5(3) | However, we deny Relator's request to prohibit Judge Hais "from proceeding with trial on May 10, 2000, in light of the filed Motion for Legislative Continuance." First, Judge Hais has not ruled on Relator's motion for legislative continuance. Further, it would be within the trial court's discretion to grant or deny the legislative continuance, based upon its determination of whether attorney"s presence is necessary for a fair and proper trial, since Relator is still represented by Garnholz. Lardinois v. Lardinois, 827 S.W.2d 284, 285 (Mo.App. E.D.1992); Riley v. Riley, 823 S.W.2d 10, 11 (Mo.App. E.D.1991). | Party in family court matter was not entitled to writ prohibiting trial court from proceeding with trial, even though counsel filed motion for legislative continuance, where trial court did not rule on motion, it was within trial court's discretion to grant or deny legislative continuance based upon determination of whether presence of attorney, who was also state legislator, was necessary for fair and proper trial, and party was also represented by another attorney, whom trial court would not permit to withdraw. | Can a court exercise discretion to decide whether attorney's presence is necessary for fair and proper trial? | 029241.docx | LEGALEASE-00135433-LEGALEASE-00135434 | Condensed, SA, Sub | 0.15 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3994 | Thomas v. Thomas, 23 Ill. App. 3d 936 | 307A+716 | It is well established that a motion for continuance, except where it is based on a statutory cause, is addressed to the sound discretion of the trial judge. The exercise of such discretion will not be interfered with by the appellate court unless there has been a manifest abuse of discretion or a palpable injustice. (Condon v. Brockway, 157 Ill. 90, 41 N.E. 634.) The record reveals no such result here. The order entered on the trial date terminated child support for a child who had reached his majority and was represented by his own attorney, transferred custody of the parties' elder daughter, who has since reached her majority, and adjusted the child support payments to provide an adequate payment to plaintiff for the remaining child in her custody. The issue of reimbursement for medical expenses was not adjudicated until a second hearing when plaintiff appeared in court represented by counsel. Although absence of counsel is one factor to take into consideration in deciding on a motion to continue, it does not entitle a party to a continuance as a matter of right. (Adcock v. Adcock, 339 Ill.App. 543, 91 N.E.2d 99.) Plaintiff had ample opportunity to extend the time for trial in order to obtain counsel. We find that the denial of plaintiff's motion for a continuance, particularly where no prejudice resulted to the plaintiff, was a proper exercise of the trial judge's discretion. | Although absence of counsel is one factor to take into consideration in deciding on motion to continue, it does not entitle party to continuance as matter of right. S.H.A. ch. 110, S 59; Supreme Court Rules, rule 231(f), S.H.A. ch. 110A, S 231(f). | "Although absence of counsel is one factor to take into consideration in deciding a motion to continue, does it entitle a party to continuance as matter of right?" | Pretrial Procedure - Memo # 3274 - C - KG.docx | ROSS-003331182-ROSS-003331183 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 3995 | Wells v. Salyer, 452 S.W.2d 392 | 307A+716 | Appellant's assertion that the trial court abused its discretion in refusing to grant a continuance of the case is clearly without merit. An agreed order entered on May 13, 1967, assigned the case for trial before a jury on September 26, 1967. Appellant's only counsel of record continuously and vigorously represented her in all proceedings. The ground of the continuance asserted on the day of trial was that another attorney though not of record had withdrawn from the case. Generally, when absent counsel has never entered an appearance of record and other competent counsel is present, there is no abuse of discretion in refusing to grant a continuance. An application for a continuance is addressed to the sound discretion of the trial court and unless the discretion has been abused the action of that court will not be disturbed. Simpson v. Sexton, Ky., 311 S.W.2d 803. It appears to us that the trial court did not abuse the discretion vested in it. | Generally, when absent counsel has never entered an appearance of record and other competent counsel is present, there is no abuse of discretion in refusing to grant a continuance. | "Generally, when absent counsel has never entered an appearance of record and other competent counsel is present, is there no abuse of discretion in refusing to grant a continuance?" | 029342.docx | LEGALEASE-00135989-LEGALEASE-00135990 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 3996 | Agnew v. Parks, 219 Cal. App. 2d 696 | 307A+716 | In support of her contention that she should have been granted a continuance for failure of her retained counsel to appear, plaintiff argues that she had a right to insist that Mr. Belli honor his contract obligation. The fallacy in this argument, however, lies in plaintiff's assumption that an asserted breach of contract by her counsel necessarily entitles her to a continuance. The court is not bound by a contract between a client and her counsel, nor is it required to adjudicate their contractual rights on a motion for continuance based on counsel's failure to appear. Although a party is ordinarily entitled to counsel of his choice for the trial of his case, plaintiff here was not entitled to the personal services of Mr. Belli at the expense and inconvenience of other parties to the action regardless of her contract arrangement with him. The criminal cases in this state make it clear that a defendant cannot demand the services of a particular attorney. (People v. Dowell, 204 Cal. 109, 266 P. 807; People v. Manchetti, 29 Cal.2d 452, 175 P.2d 533.) On this point the court stated in the Dowell case, page 113 of 204 Cal., page 809 of 266 P.: "It is manifest that the courts cannot in every case await the convenience of some attorney before they can function. Reduced to its lowest terms this would allow a popular attorney to have the courts marking time to serve his convenience." It is obvious that a civil plaintiff who has much greater control over her case than a criminal defendant, and whose liberties are not so strictly protected, cannot demand that she be represented under all circumstances by a particular attorney. | A court is not bound by a contract between a client and her counsel, nor is it required to adjudicate their contractual rights on a motion for a continuance based on counsel's failure to appear, and therefore, even if counsel breaches a contractual obligation by failing to appear such breach does not, in all circumstances, entitle client to a continuance. | Is a court bound by a contract between a client and the counsel and is required to adjudicate their contractual rights on a motion for continuance based on counsel's failure to appear? | 029387.docx | LEGALEASE-00135514-LEGALEASE-00135515 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 3997 | S. Ry. Co. v. Miller, 3 Ga. App. 410 | 307A+716 | Complaint is also made of certain instructions given. Upon comparing them with the evidence and the charge as a whole, we find no error in any of them. The question whether the court should have continued the case for the absence of local counsel, when the general and leading counsel for the defendant was present, was a matter addressed largely to the discretion of the trial judge, and in this case we are unwilling to say that he abused it. | The question whether the court should have continued a case for absence of local counsel, when the general counsel of defendant was present, is in the discretion of the trial judge. | "Is the question whether the court should have continued a case for absence of local counsel, when the general counsel of defendant was present, in a matter addressed to the discretion of the trial judge?" | 029392.docx | LEGALEASE-00135599-LEGALEASE-00135600 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 3998 | In re Starr Produce Co., 988 S.W.2d 808 | 92+3988 | The legislative continuance statute, section 30.003 of the Texas Civil Practice and Remedies Code, provides as follows: (b) Except as provided by Subsection (c), at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for that party is a member of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns. (c) If the attorney for the party to the case is a member of the legislature who was employed within 10 days before the date on which the suit is set for trial, the continuance is discretionary with the court. tex. Civ. Prac. & Rem.Code Ann. " 30.003 (Vernon 1997). Apart from the 10 day exception set forth in subsection (c) of section 30.003, which is not applicable in this case, a due process exception from the mandatory continuance requirement exists where the non-movant can show irreparable harm or injury to a substantial right. Waites v. Sondock, 561 S.W.2d 772, 776 (Tex.1977). | A due process exception to mandatory legislative continuance, available to a party or party's attorney who is a legislator, exists where the non-movant can show irreparable harm or injury to a substantial right. U.S.C.A. Const.Amend. 14; V.T.C.A., Civil Practice & Remedies Code S 30.003. | Does a due process exception to mandatory legislative continuance exist where the non-movant can show irreparable harm or injury to a substantial right? | 029514.docx | LEGALEASE-00135634-LEGALEASE-00135635 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 3999 | Matthews v. Dare, 20 Md. 248 | 307A+69.1 | It may be added also, that after the return of the commission, the defendants' counsel filed exceptions to the admissibility of the evidence taken in answer to questions not sent with the commission, and the Court in disposing of that exception said: "Exception sustained, no supplementary interrogatories or questions would be regular unless the party against whom the answer is to be used had notice, or by his assent, or by the terms of the commission, it was allowed." We take the rule thus stated by the Court to be correct; and as amounting to a decision excluding as irregular and inadmissible that portion of the testimony returned with the commission, which the Court afterwards required the defendants' counsel to read to the jury. | Supplementary interrogatories or questions, not sent with the commission, would not be regular, unless the party against whom the answers are to be used had notice, or unless propounded with his assent, or allowed by the terms of the commission. | "Will supplementary interrogatories or questions be regular, unless the party against whom the answers are to be used has had notice, or by his assent or by the terms of the commission it has been allowed?" | 029528.docx | LEGALEASE-00135687-LEGALEASE-00135688 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 4000 | Monolith Companies v. Hunter Douglas Hosp., 333 Ga. App. 898 | 307A+483 | The admission that arises from a failure to respond to a request for admission in the required time frame arises by operation of law, without the necessity of court action. Brougham Casket & Vault Co. v. DeLoach, 323 Ga.App. 701, 703(1), 747 S.E.2d 707 (2013) ("Unless a response to requests for admission is timely and properly served upon the party requesting the admission, the requests are deemed admitted as a matter of law."). | The admission that arises from a failure to respond to a request for admission in the required time frame arises by operation of law, without the necessity of court action. West's Ga.Code Ann. S 9-11-36(a)(2). | "Does the admission that arises from a failure to respond to a request for admission in the required time frame arise by operation of law, without the necessity of court action?" | Pretrial Procedure - Memo # 3491 - C - NS.docx | ROSS-003290938-ROSS-003290939 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 4001 | Whitaker v. Nikols, 699 P.2d 685 | 307A+483 | This Court has consistently held that the matters contained in a plaintiff's request for admissions are deemed admitted when a defendant fails to answer or object within thirty days after service. | Matters contained in plaintiff's request for admissions are deemed admitted when defendant fails to answer or object within 30 days after service. Rules Civ.Proc., Rule 36(a). | Are matters contained in a plaintiff's request for admissions deemed admitted when a defendant fails to answer or object within 30 days after service? | 029671.docx | LEGALEASE-00134946-LEGALEASE-00134947 | SA, Sub | 0.11 | 0 | 0 | 1 | 1 | |
| 4002 | Walker v. Valor Ins. Co., 314 Ill. App. 3d 55 | 307A+483 | Our supreme court has held that a party's failure to respond to a Supreme Court Rule 216 request to admit facts admits " "any specified relevant fact set forth in the request." " (Emphasis omitted.) P.R.S. International, Inc. v. Shred Pax Corp., 184 Ill.2d 224, 236, 234 Ill.Dec. 459, 703 N.E.2d 71 (1998), quoting 134 Ill.2d R. 216(a). Rule 216 states in relevant part: "(a) Request for Admission of Fact. A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request. | A party's failure to respond to a request to admit facts pursuant to Supreme Court Rules admits any specified relevant fact set forth in the request. Sup.Ct.Rules, Rule 216. | Does a party's failure to respond to a request to admit facts pursuant to Supreme Court Rules admit any specified relevant fact set forth in the request? | Pretrial Procedure - Memo # 3627 - C - KBM.docx | ROSS-003291703-ROSS-003291704 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4003 | Kaminski v. Bass, 252 Neb. 760 | 307A+485 | As the above excerpts make clear, a motion for attorney fees has routinely been held to be a collateral and independent request from the underlying merits of the case between the parties. We conclude that the same holds true for a motion for expenses under rule 37(c), for such a motion does not bring into question the underlying decision, it simply seeks what is due because of that decision. In other words, a hearing on a motion for expenses pursuant to rule 37(c) is a legal proceeding entirely separate from the underlying trial or proceedings concerning the merits of the case. It therefore follows that the appellate court reviewing a decision on a motion for expenses is to concern itself solely with the evidence established and produced at that hearing. See Abboud v. Cutler, 238 Neb. 177, 469 N.W.2d 763 (1991) (reviewing court considers only evidence that appears in record). We note, however, that our determination in no way prevents a party from introducing portions of the underlying trial. | Hearing on motion for expenses, pursuant to discovery rule for expenses on failure to admit a statement, is a legal proceeding entirely separate from underlying trial or proceedings concerning merits of the case. Discovery Rule 37(c). | "Is hearing on motion for expenses pursuant to rule 37(c), a legal proceeding entirely separate from underlying trial or proceedings concerning merits of the case?" | Pretrial Procedure - Memo # 3632 - C - CK.docx | ROSS-003318665-ROSS-003318666 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4004 | Robertson v. Sky Chefs, 344 Ill. App. 3d 196 | 307A+473 | However, Rule 216 applies exclusively to the admission of facts or "ultimate facts" which might give rise to legal conclusions. See P.R.S. International, 184 Ill.2d at 236, 239, 234 Ill.Dec. 459, 703 N.E.2d 71; Walker v. Valor Insurance Co., 314 Ill.App.3d 55, 62, 246 Ill.Dec. 835, 731 N.E.2d 363 (2000) ("Rule 216 applies only to the admission of facts"). Thus, a party may not include legal conclusions in his request to admit. See P.R.S. International, 184 Ill.2d at 236, 234 Ill.Dec. 459, 703 N.E.2d 71; Walker, 314 Ill.App.3d at 62, 246 Ill.Dec. 835, 731 N.E.2d 363 ("legal conclusions may not be admitted or included in a Rule 216 request"). Any question propounded in the request to admit which seeks the admission of a conclusion of law is improper in form (see P.R.S. International, 184 Ill.2d at 236, 234 Ill.Dec. 459, 703 N.E.2d 71), and the failure to respond to that question does not result in a judicial admission. See P.R.S. International, 184 Ill.2d at 239, 234 Ill.Dec. 459, 703 N.E.2d 71; accord Banco Popular, 335 Ill.App.3d at 209, 269 Ill.Dec. 389, 780 N.E.2d 1113; see also Hubeny v. Chairse, 305 Ill.App.3d 1038, 1043, 238 Ill.Dec. 976, 713 N.E.2d 222 (1999) (if request asks party to admit to conclusion of law, party failure to respond is irrelevant and "a trial on the issue" is "required"). | Any question propounded in a request to admit which seeks the admission of a conclusion of law is improper in form, and the failure to respond to that question does not result in a judicial admission Sup.Ct.Rules, Rule 216. | "Is any question propounded in a request to admit which seeks the admission of a conclusion of law improper in form, and the failure to respond to that question does not result in a judicial admission?" | 029888.docx | LEGALEASE-00135441-LEGALEASE-00135442 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4005 | Resurgence Fin. v. Taylor, 295 S.W.3d 429 | 307A+483 | The admissions provide further proof in support of a judgment. The admissions were embedded in the petition, and the record demonstrates the petition was properly served. Because Taylor failed to object or timely answer the admissions, they were deemed admitted as a matter of law. See Tex.R. Civ. P. 198.2(c). Deemed admissions may be employed as proof. Sherman Acquisition II L.P. v. Garcia, 229 S.W.3d 802, 812 (Tex.App.-Waco 2007, no pet.) (default judgment); Elkins v. Jones, 613 S.W.2d 533, 534 (Tex.Civ.App.-Austin 1981, no writ) (summary judgment). Once admissions are deemed admitted by operation of law and fully support each element of a cause of action, including damages, they will fully support a judgment thereon. Sherman, 229 S.W.3d at 812. | Once admissions are deemed admitted by operation of law and fully support each element of a cause of action, including damages, they will fully support a judgment thereon. | "Once admissions are deemed admitted by operation of law and fully support each element of a cause of action, including damages, will they fully support a judgment thereon?" | Pretrial Procedure - Memo # 3804 - C - SB.docx | ROSS-003317908-ROSS-003317909 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 4006 | St. Paul Fire & Marine Ins. Co. v. Battle, 44 Ohio App. 2d 261 | 307A+483 | Pursuant to Civil Rule 36, when requests for admission are made the matters are admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections. Thus, an answer or an objection is required under Civil Rule 36. If no answer or objection if filed the matter is admitted. Further, a general objection also amounts to an admission. For an objection to be valid reasons must be stated, otherwise the matter is admitted. | When requests for admissions are made, the matters are admitted unless the party to whom the requests are directed serves written answers or objections upon the party requesting the admissions; if no answer or objection is filed, the matter is admitted. Civ.R. 36. | "When requests for admission are made, are the matters admitted unless the party to whom the requests are directed serves upon the party requesting the admissions written answers or objections, and if no answer or objection is filed, is the matter admitted?" | 030195.docx | LEGALEASE-00135920-LEGALEASE-00135921 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4007 | Hundley ex rel. Hundley v. Rite Aid of S.C., 339 S.C. 285 | 307A+723.1 | It would not be proper for a court to deny a continuance as a sanction for unrelated discovery abuse. Griffin Grading and Clearing, Inc. v. Tire Serv. Equip. Mfg. Co., Inc., 334 S.C. 193, 511 S.E.2d 716 (Ct.App.1999) (sanction should be aimed at the specific conduct of the party sanctioned and not go beyond the necessities of the situation to foreclose a decision on the merits of a case). Nevertheless, in ruling upon a motion for continuance, the court must determine the merits of the moving party's argument, which entails an evaluation of credibility. Certainly a documented history within the case of discovery delay and abuse by a party may be properly considered when evaluating the credibility of that party's claim of surprise and prejudice. | In ruling upon a motion for continuance, the court must determine the merits of the moving party's argument, which entails an evaluation of credibility; a documented history within the case of discovery delay and abuse by a moving party may be properly considered when evaluating the credibility of that party's claim of surprise and prejudice. | "In ruling upon a motion for continuance, must the court determine the merits of the moving party's argument, which entails an evaluation of credibility?" | Pretrial Procedure - Memo # 4158 - C - NS.docx | ROSS-003316973-ROSS-003316974 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 4008 | United States v. Gjieli, 717 F.2d 968 | 63+1(1) | Contrary to the dissent's view, we conclude that " 201(a) imposes no requirement that a bribed "employee" be acting in "any official function" before the "public official" requirement may be satisfied. Rather, the phrase "in any official function" was intended to modify only "person acting for or on behalf of the United States ..." and not officer or employee. Hurley v. United States, 192 F.2d 297, 299 (4th Cir.1951); Nordgren v. United States, 181 F.2d 718, 720-21 (9th Cir.1950). See also United States v. Raff, 161 F.Supp. 276, 280 n. 3 (M.D.Pa.1958). | Definitional section of statute governing offense of bribery of public official imposes no requirement that a bribed "employee" be acting in any official function before public official requirement may be satisfied; rather, the phrase "any official function" was intended to modify only "person acting for or on behalf of the United States," and not officer or employee. 18 U.S.C.A. SS 201, 201(a). | Can a person who is not an officer or employee of the federal government perform official function under bribery statute? | Bribery - Memo #551 - C-JL.docx | LEGALEASE-00025996-LEGALEASE-00025997 | Condensed, SA, Sub | 0.27 | 0 | 1 | 1 | 1 | 1 |
| 4009 | In re Ford Motor Co., 165 S.W.3d 315 | 307A+716 | As our sister court summarized, a mandatory legislative continuance "usually serves a dual purpose of encouraging good men and women to sacrifice their time in the interest of good government and of protecting a party to a law suit whose attorney may be serving in the Legislature." Collier v. Poe, 732 S.W.2d 332, 334(Tex.Crim.App.1987). Without such a device, a lawyer-legislator could be forced to decide between fulfilling the duty owed to a client and the duty owed to constituents to participate in a legislative session. The consequences of that decision"possibly nonparticipation in a legislative session"could not be remedied on appeal. To give full effect to the Legislature's policy decision regarding legislative continuances, we conclude that a party has no adequate remedy by appeal when a trial court abuses its discretion by denying a motion for legislative continuance. See In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136"37 (Tex.2004). | A mandatory legislative continuance of trial, relating to representation of a party by a legislator-lawyer, usually serves a dual purpose of encouraging good men and women to sacrifice their time in the interest of good government and of protecting a party to a lawsuit whose attorney may be serving in the Legislature. V.T.C.A., Civil Practice & Remedies Code S 30.003. | "Does a mandatory legislative continuance of trial, serve a dual purpose?" | 029445.docx | LEGALEASE-00136418-LEGALEASE-00136419 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 4010 | Tymar v. Two Men & a Truck, 282 Neb. 692 | 307A+474 | We have held that a party's failure to make a timely and appropriate response to a request for admission constitutes an admission by that party of the subject matter of the request, unless, on motion, the court permits withdrawal of the admission. See City of Ashland v. Ashland Salvage, 271 Neb. 362, 711 N.W.2d 861 (2006). See, also, Conley v. Brazer, 278 Neb. 508, 772 N.W.2d 545 (2009). We have recognized that Rule 36 is self-enforcing, without the necessity of judicial action to effect an admission which results from a party's failure to answer or object to a request for admission. City of Ashland v. Ashland Salvage, supra; Mason State Bank v. Sekutera, 236 Neb. 361, 461 N.W.2d 517 (1990). We have noted, however, that Rule 36 is not self-executing. Thus, a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence. City of Ashland v. Ashland Salvage, supra. If the necessary foundational requirements are met and no motion is sustained to withdraw an admission, a trial court is obligated to give effect to the provisions of Rule 36 which require that the matter be deemed admitted. City of Ashland v. Ashland Salvage, supra; Schwarz v. Platte Valley Exterminating, 258 Neb. 841, 606 N.W.2d 85 (2000). | Rule governing requests for admissions is not self-executing, and thus a party that seeks to claim another party's admission, as a result of that party's failure to respond properly to a request for admission, must prove service of the request for admission and the served party's failure to answer or object to the request and must also offer the request for admission as evidence. Neb. Ct. R. Disc. S 6-336. | "Is the rule governing requests for admission self-executing, and the matters set forth in the requests for admissions are automatically deemed admitted if they are not answered by the rule's deadline?" | Pretrial Procedure - Memo # 3592 - C - NA.docx | LEGALEASE-00026288-LEGALEASE-00026289 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 4011 | Commissioners of State Ins. Fund v. Garcia, 49 Misc. 3d 875 | 307A+483 | Initially, the Court grants Plaintiffs' unopposed motion for a default judgment against Defendant Augusto Garcia in an amount to be determined by the Court. When a respondent fails to oppose matters advanced on a motion, the facts alleged in the moving papers may be deemed admitted by the Court (Kuehne& Nagel, Inc. v. Baiden, 36 N.Y.2d 539, 369 N.Y.S.2d 667, 369 N.Y.S.2d 667, 330 N.E.2d 624 [1975]; Madeline D'Anthony Enter., Inc. V. Sokolowsky, 101 A.D.3d 606, 957 N.Y.S.2d 88 [1st Dept.2012]; Argent Mtge. Co., LLC v. Mentesana, 79 A.D.3d 1079, 915 N.Y.S.2d 591 [2nd Dept.2010] ). | When a respondent fails to oppose matters advanced on a motion, the facts alleged in the moving papers may be deemed admitted by the Court. | "When a respondent fails to oppose matters advanced on a motion, may the facts alleged in the moving papers be deemed admitted by the Court?" | Pretrial Procedure - Memo # 3647 - C - AP.docx | ROSS-003305157-ROSS-003305159 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4012 | Locklear v. Sellers, 126 So. 3d 978 | 307A+486 | With regard to Mississippi Rule of Civil Procedure 36 admissions: "A matter that is deemed admitted does not require further proof. Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence." Young v. Smith, 67 So.3d 732, 742"43 (22) (Miss.2011) (citation omitted). "Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted...." Id. at 743 ( 22) (citation omitted). | Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence. Rules Civ.Proc., Rule 36. | Can any admission that is not amended or withdrawn be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence? | 030001.docx | LEGALEASE-00136779-LEGALEASE-00136780 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4013 | Woods v. Label Inv. Corp., 107 Nev. 419 | 307A+483 | Where demand is made upon a party for admission of facts and such party fails to respond to the request, matters contained therein are deemed admitted. Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); NRCP 36. However, the district court has discretion with respect to accepting as true a request for admission to which a late response is filed. See Wagner v. Carex Investigations & Sec., 93 Nev. 627, 572 P.2d 921 (1977). Exercising its discretion, the district court chose to hear testimony and determine the merits of the case. There is no evidence in the record of any ruling on the late responses, and Woods did not raise the issue at trial. Therefore, we conclude that the district court did not abuse its discretion in permitting the trial to take place and in evaluating Woods' testimony, regardless of any facts initially deemed to be admitted by respondents' failure to timely respond to requests for admissions. | Where demand is made upon party for admission of facts and such party fails to respond to request, matters contained therein are deemed admitted. Rules Civ.Proc., Rule 36. | "Where demand is made upon party for admission of facts and such party fails to respond to request, are such matters contained therein deemed admitted?" | Pretrial Procedure - Memo # 3915 - C - RF.docx | ROSS-003290576-ROSS-003290577 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 4014 | Johnson v. Anna Bldg. & Loan Ass'n, 126 Ill. App. 592 | 307A+717.1 | In action for forcible entry and detainer, refusal of continuance on ground that plaintiff had refused to rent premises to a witness on the ground that plaintiff had no interest in the property and that defendants wished action continued in order to produce such witness held proper since evidence in question was not material.Complaint is made and error duly assigned upon the action of the court in overruling defendants' motion for a new trial, in the admission of evidence and in giving certain instructions requested by the plaintiff. The case was set for trial April 3rd, at which time defendants made a motion for continuance for the reason as set out in an affidavit that defendants were unable to procure the attendance of John Collins as a witness, whose testimony it was claimed was material to the defense. It is stated by affidavit that defendants expect to prove by the witness Collins that "before these defendants took possession of the property in controversy, the secretary of plaintiff informed witness that plaintiff would not rent the property to him for the reason that plaintiff had nothing to do with the property and had no interest in it." The expected evidence was not material to the issues on trial, and therefore it was not error to deny the motion. | In action for forcible entry and detainer, refusal of continuance on ground that plaintiff had refused to rent premises to a witness on the ground that plaintiff had no interest in the property and that defendants wished action continued in order to produce such witness held proper since evidence in question was not material. | "Where an amendment to a petition is not material, is refusing continuance held proper?" | 030346.docx | LEGALEASE-00136514-LEGALEASE-00136515 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 4015 | Lang v. Pataki, 176 Misc. 2d 676 | 307A+713 | A fundamental element of inherent judicial power is the authority to control the court's calendar exercised through the discretion to stay proceedings [Landis v. North American Company, 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")]. See generally, Bankers Trust Company v. Braten, 101 Misc.2d 227, 420 N.Y.S.2d 584 (Sup.Ct.N.Y.Co. 1979); Grisi v. Shainswit, 119 A.D.2d 418, 421, 507 N.Y.S.2d 155 (1st Dept.1986); Headley v. Noto, 22 N.Y.2d 1, 4, 290 N.Y.S.2d 726, 237 N.E.2d 871 (1968); Plachte v. Bancroft, Inc., 3 A.D.2d 437, 161 N.Y.S.2d 892 (1st Dept.1957). "The granting of a continuance is an exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act.... As a general rule the granting or refusing of a continuance is within the sound discretion of the trial court, and in the absence of an abuse of discretion, will be upheld on appellate review.... A Trial Judge observes the case and knows the surrounding facts and circumstances; hence, he is in a better position than an appellate court (and for that matter an Administrative Judge, a nonjudicial officer, or a computer) to determine whether the design of a party making a motion for a continuance is delay, or whether a continuance is essential to the interests of justice" [Balogh v. H.R.B. Caterers, 88 A.D.2d 136, 143, 452 N.Y.S.2d 220 (2d Dept.1982)]. | Granting of continuance is exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act. | "Is granting of continuance an exercise of judicial discretion upon particular facts, with appropriate opportunity for counsel to be heard, and is exclusively a judicial act?" | Pretrial Procedure - Memo # 4347 - C - SU.docx | ROSS-003304155-ROSS-003304156 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 4016 | Components Direct v. European Am. Bank & Tr. Co., 175 A.D.2d 227 | 302+8(1) | In examining the sufficiency of a complaint, the challenged pleading is to be construed liberally (see, CPLR 3026). The pleading is deemed to allege whatever can be implied from its statements by fair and reasonable intendment (see, Cohn v. Lionel Corp., 21 N.Y.2d 559, 289 N.Y.S.2d 404, 236 N.E.2d 634; Kain v. Larkin, 141 N.Y. 144, 36 N.E. 9). Although the statements in pleadings are required to be factual, "a party may supplement or round out his pleading by conclusory allegations or by "stating legal theories explicitly" if the facts upon which the pleader relies are also stated" (Foley v. D'Agostino, 21 A.D.2d 60, 63, 248 N.Y.S.2d 121, quoting Notes, First Preliminary Report of Advisory Committee on Practice and Procedure, at 63 [1957] ). Any deficiency on the face of the complaint as to lack of details in pleading the facts and circumstances relied upon may be cured by affidavit submitted by the plaintiff, resort to which is proper for the limited purpose of sustaining a pleading against a motion to dismiss under CPLR 3211(a)(7) (see, Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 389 N.Y.S.2d 314, 357 N.E.2d 970; Ackerman v. Vertical Club Corp., 94 A.D.2d 665, 462 N.Y.S.2d 657). | Although statements in pleadings are required to be factual, party may supplement or round out his pleading by conclusory allegations or by stating legal theories explicitly, if facts upon which pleader relies are also stated. | Can a party supplement or round out his pleading by stating legal theories explicitly? | 023379.docx | LEGALEASE-00137713-LEGALEASE-00137714 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4017 | Tran v. Nguyen, 480 S.W.3d 119 | 307A+716 | In civil cases in which the absence of counsel has been urged as a ground for continuance, courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence. See State v. Crank, 666 S.W.2d 91, 94 (Tex.1984); In re S.L.L., No. 09"09"00429"CV, 2011 WL 1224983, at (Tex.App."Beaumont Mar. 31, 2011) (mem.op.); see also Tex.R. Civ. P. 253 ("[A]bsence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.") | In civil cases in which the absence of counsel has been urged as a ground for continuance, courts generally require a showing that the failure to be represented at trial was not due to the party's own fault or negligence. | "When the ground for continuance is the withdrawal of counsel, should the movants show that the failure to be represented at trial was not due to their own fault or negligence?" | 030137.docx | LEGALEASE-00137371-LEGALEASE-00137372 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4018 | Courtesy Claims Serv. v. Superior Court, 219 Cal. App. 3d 52 | 307A+483 | Plaintiffs, carrying their "amendment" argument one step further, contend that the court properly afforded them the benefit of section 2033, subdivision (m), which provides in pertinent part: "The court may permit withdrawal or amendment of an admission only if it determines that the admission was the result of mistake, inadvertence, or excusable neglect ..." The court did not make such a determination here, nor could it have appropriately done so; subdivision (m) applies only to a party "who has made an admission in response to a request." (Id. at p. 255.) Plaintiffs' admissions resulted from their failure to respond to such requests. Statute permitting party to withdraw or amend admission applies only to admissions which are made in response to request, and not to deemed admissions resulting from party's failure to respond to request. | Statute permitting party to withdraw or amend admission applies only to admissions which are made in response to request, and not to deemed admissions resulting from party's failure to respond to request. West's Ann.Cal.C.C.P. S 2033(m). | "Does a statute permitting party to withdraw or amend admission apply only to admissions which are made in a response to a request, and not to deemed admissions resulting from a party's failure to respond to a request?" | 030155.docx | LEGALEASE-00137188-LEGALEASE-00137189 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 4019 | Martin v. Wyatt, 243 Ga. App. 31 | 307A+723.1 | The Martins argue the trial court erred in not allowing them to proceed pro se and in finding that they failed to report upon the call of the calendar on February 1, 1999. First, nothing in the record indicates that the Martins asked to proceed pro se. Counsel has cited no authority for the proposition that a trial court must discern sua sponte whether a civil party wishes to proceed on his own when his lawyer fails to appear, and we decline to so hold. Second, no evidence of record rebuts the trial court's finding that the Martins failed to respond when the calendar was called. While counsel refers in his brief to the Martins' affidavits as support for his argument that the Martins were in court on February 1, 1999, these affidavits do not appear in the record transmitted from the trial court. This court cannot consider factual representations in a brief that are not supported by the record. Ellison v. William Huff Ford, Inc., 155 Ga.App. 108, 109, 270 S.E.2d 327 (1980). The trial court did not abuse its discretion in granting the Wyatts' motion to dismiss. | Trial court was not required to sua sponte inquire into whether personal injury plaintiffs wanted to proceed pro se after their attorney failed to appear at calendar call. | Is a trial court required to sua sponte inquire into whether personal injury plaintiffs want to proceed pro se after their attorney failed to appear at a calendar call? | 030490.docx | LEGALEASE-00137099-LEGALEASE-00137100 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 4020 | Dolgencorp of Texas v. Lerma, 241 S.W.3d 584 | 307A+723.1 | Even if Dollar General had filed a motion for continuance, any error in denying a continuance would have been waived because it had announced ready on two occasions. An announcement of "ready" waives the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made. Reyna v. Reyna, 738 S.W.2d 772, 775 (Tex.App.Austin 1987, no writ); see E.C., Jr. ex rel. Gonzales v. Graydon, 28 S.W.3d 825, 828 (Tex.App.-Corpus Christi 2000, no pet.) | An announcement that a party is "ready" for trial waives the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made. Vernon's Ann.Texas Rules Civ.Proc., Rules 251, 253. | "Does an announcement that a party is ""ready"" for trial waive the right to seek a continuance based upon any facts that are known, or with proper diligence should have been known, when the announcement is made?" | 030582.docx | LEGALEASE-00137912-LEGALEASE-00137913 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 4021 | In re Jacobs, 300 S.W.3d 35 | 307A+36.1 | The relators argue the McCoys are not entitled to discovery on net worth until they have established a prima facie case of gross negligence. However, the Texas Supreme Court has expressly rejected this contention. See Lunsford, 746 S.W.2d at 473 (rejecting requirement of prima facie showing because "[o]ur rules of civil procedure and evidence do not require similar practices before net worth may be discovered"). Therefore, under Texas law, a party seeking discovery of net-worth information need not satisfy any evidentiary prerequisite, such as making a prima facie showing of entitlement to punitive damages, before discovery of net worth is permitted. In re House of Yahweh, 266 S.W.3d 668, 673 (Tex.App.-Eastland 2008, orig. proceeding); In re Garth, 214 S.W.3d 190, 192 (Tex.App.-Beaumont 2007, orig. proceeding [mand. dism'd] ); In re W. Star Trucks US, Inc., 112 S.W.3d 756, 763 (Tex.App.-Eastland 2003, orig. proceeding); Al Parker Buick Co. v. Touchy, 788 S.W.2d 129, 131 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding). | A party seeking discovery of net-worth information need not satisfy any evidentiary prerequisite, such as making a prima facie showing of entitlement to punitive damages, before discovery of net worth is permitted. | Need a party seeking discovery of net-worth information not satisfy any evidentiary prerequisite? | Pretrial Procedure - Memo # 4593 - C - NC.docx | ROSS-003291162-ROSS-003291165 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4022 | Ex parte Gregory, 947 So. 2d 385 | 307A+36.1 | In the earlier case of Ex parte Troncalli Chrysler Plymouth Dodge, Inc., supra, the Court concluded that a plaintiff, upon a sufficient showing, might be entitled to discovery in an attempt to prove that a defendant resisting personal jurisdiction was subject to it." " "It is well established that a .. court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction." " Andersen v. Sportmart, Inc., 179 F.R.D. 236, 241 (N.D.Ind.1998) (quoting Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 311 (S.D.Ind.1997)). "However, it is also well established that a plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case." Id. "[T]o be permitted jurisdictional discovery, plaintiff must at least allege facts that would support a colorable claim of jurisdiction." Schenck v. Walt Disney Co., 742 F.Supp. 838, 840 n. 1 (S.D.N.Y.1990) (emphasis added). See also Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 312 (S.D.Ind.1997); Hansen v. Neumueller GmbH, 163 F.R.D. 471, 475 (D.Del.1995); Daval Steel Prods. v. M.V. Juraj Dalmatinac, 718 F.Supp. 159, 162 (S.D.N.Y.1989); Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C.1988)."A request for jurisdictional discovery must offer the court "more than conjecture and surmise in support of [the] jurisdictional theory." Crist v. Republic of Turkey, 995 F.Supp. 5, 13 (D.D.C.1998). "[The] standard is quite low, but a plaintiff's discovery request will nevertheless be denied if it is only based upon "bare," "attenuated," or "unsupported" assertions of personal jurisdiction, or when a plaintiff's claim appears to be "clearly frivolous." " Andersen, 179 F.R.D. at 242." | A plaintiff's discovery request pertaining to personal jurisdiction will be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous. | "Will a plaintiff's discovery request pertaining to personal jurisdiction be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction?" | 031256.docx | LEGALEASE-00137223-LEGALEASE-00137224 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4023 | Hall v. Bunn, 11 Ohio St. 3d 118 | 307A+720 | Moreover, even in the event an objecting party is not prepared for evidence offered outside the pleadings the court may still allow an amendment under Civ.R. 15(B) and grant a continuance to enable the objecting party to meet the new evidence. Hardin v. Manitowoc-Forsythe Corp., supra, at 457; Hodgson v. Colonnades, Inc., supra, at 48, fn. 10; Deakyne v. Commrs. of Lewes, supra, at 299; Robbins v. Jordan, supra, at 795; Southern Coast Corp. v. Sinclair Refining Co., supra, at 962; Watson v. Cannon Shoe Co. (C.A.5, 1948), 165 F.2d 311, 313. The delay which results does not entail a sufficient basis upon which to deny the amendment. Deakyne v. Commrs. of Lewes, supra, at 300, fn. 19. | Even in the event an objecting party is not prepared for evidence offered outside pleading, trial court may still allow an amendment under rule governing amendment of pleadings to conform to evidence and grant a continuance to enable objecting party to meet the new evidence. Rules Civ.Proc., Rule 15(B). | Will a trial justice grant a continuance in the event the objecting party needs time to meet new evidence? | 031346.docx | LEGALEASE-00137341-LEGALEASE-00137342 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 4024 | Commonwealth Life Ins. Co. v. Brandon, 265 Ky. 434 | 307A+720 | It is true that this court has repeatedly ruled that where an amended petition is filed on the eve of the trial or during its progress, which materially changes the issues, the adverse party upon motion should be granted a continuance for further preparation. | Where amended petition filed on eve of trial or during progress of trial materially changes issues, adverse party should be granted continuance on motion. Civ.Code Prac. S 136. | "Where an amended petition filed on the eve of trial or during progress of trial materially changes issues, should the adverse party be granted a continuance on motion?" | Pretrial Procedure - Memo # 4732 - C - VA.docx | ROSS-003290775-ROSS-003290776 | SA, Sub | 0.32 | 0 | 0 | 1 | 1 | |
| 4025 | Gordon v. Indusco Mgmt. Corp., 164 Conn. 262 | 307A+61 | Technically, a deposition is the written testimony of a witness given in the course of a judicial proceeding. A deposition may be taken in advance of the trial or hearing, or during the course of the proceeding, on oral examination or in response to written interrogatories with an opportunity for cross-examination. Am.Jur.2d, Depositions & Discovery, s 1; Gracie Square Realty Corporation v. Choice Realty Corporation, 305 N.Y. 271, 113 N.E.2d 416. It is not an exhibit, but testimony in the custody of the clerk of the court until offered in evidence. General Statutes s 52-151. | Technically, a "deposition" is the written testimony of a witness given in course of a judicial proceeding, which may be taken in advance of trial or hearing, or during the course of the proceeding, on oral examination or in response to written interrogatories with an opportunity for cross-examination. | Is a deposition written testimony of a witness given in course of a judicial proceeding? | Pretrial Procedure - Memo # 4761 - C - PC.docx | ROSS-003291204-ROSS-003291205 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 4026 | Cleveland v. Burnham, 60 Wis. 16 | 307A+99 | No action to obtain discovery under oath in aid of the prosecution or defense of another action is allowable; but the examination of a party, or, in case a corporation be a party, then of a principal officer or managing agent thereof, otherwise than as a witness on a trial, may be taken by deposition, at the instance of the adverse party, in an action or proceeding, at any time after the commencement thereof, and before judgment. Section 4096, Rev. St.; chapter 194, Laws 1882. The attendance of the party or person to be examined may be compelled as provided, and such examination is subject to the same rules as that of any other witness, but the witness is not to be compelled to disclose anything not relevant to the controversy. Id. The court, by order, may limit the subjects to which such examination may extend, otherwise disclosures are not to extend to anything not relevant to the controversy. Id. Here the order limited the subjects to which the examination might extend, to matters embraced within the issues made by the amended complaint and the answer of the defendant Burnham. The examination thus authorized was undoubtedly intended as a substitute for a bill of discovery under the old practice. The statute merely regulates a former remedy. Being remedial, it should be liberally construed. The authority to enact such statute is not seriously questioned and need not to be here considered. | No action to obtain discovery under oath in aid of the prosecution or defense of another action is allowable; but the examination of a party, otherwise than as a witness on a trial, may be taken by deposition, at any time between the commencement of an action and the judgment therein, under the same rules as other witnesses. | Can an action be maintained to obtain a discovery under oath in aid of the prosecution or defense of another action? | 031515.docx | LEGALEASE-00137238-LEGALEASE-00137239 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4027 | Bowen v. Mewborn, 218 N.C. 423 | 302+189 | The office of a demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of factual averments well stated and such relevant inferences of fact as are fairly deducible therefrom, and this without any concession of legal inferences or conclusions of law asserted by the pleader. Leonard v. Maxwell, 216 N.C. 89, 3 S.E.2d 316. Such admission, however, is only for the purpose of the demurrer, and is not available for any other use. State v. Whitehurst, 212 N.C. 300, 193 S.E. 657. It is axiomatic that unless the conclusion deduced is supported by the facts stated, it is a mere brutum fulmen. Andrews v. Seaboard R. R., 200 N.C. 483, 157 S.E. 431. | The office of "demurrer" is to test sufficiency of pleading, admitting for such purpose truth of factual averments well stated and relevant fact inferences fairly deducible therefrom, without conceding legal inferences or conclusions asserted by pleader, but such admission is for purpose of demurrer only. | Does the office of demurrer test the sufficiency of a pleading? | 023411.docx | LEGALEASE-00138808-LEGALEASE-00138809 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 4028 | McKissick v. J.F. Cleckley & Co., 325 S.C. 327 | 307A+726 | Denial of paving company's third motion for continuance in action brought against it by passenger injured in accident occurring on road constructed by company, which was brought three weeks before trial, was not abuse of discretion. A motion for continuance lies within the trial judge's sound discretion, and his or her ruling will not be reversed without a clear showing of abuse. First Savings Bank v. McLean, et al., 314 S.C. 361, 444 S.E.2d 513 (1994). While we acknowledge this was a complex case requiring tremendous amounts of preparation, we do not believe the trial judge abused his discretion in denying Cleckley's motion three weeks before trial. | Denial of paving company's third motion for continuance in action brought against it by passenger injured in accident occurring on road constructed by company, which was brought three weeks before trial, was not abuse of discretion. | Would a denial of paving company's third motion for continuance in action be considered an abuse of discretion? | Pretrial Procedure - Memo # 4404 - C - TM.docx | ROSS-003291128-ROSS-003291129 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 4029 | Walker v. Aulds, 28,968 (La. App. 2 Cir. 12/11/96) | 307A+726 | The trial court must consider the particular facts of each case in deciding whether to grant or deny a continuance. Some factors to consider are diligence, good faith and reasonable grounds. Equally important is the other litigants' corollary right to have the case heard as soon as practicable. The trial court must also weigh the condition of the trial docket, fairness to both parties and other litigants before the court, and the need for orderly and prompt administration of justice. Gilcrease v. Bacarisse, 26,318 (La.App.2d Cir. 12/7/94), 647 So.2d 1219, writ denied 95-0421 (La.3/30/95), 651 So.2d 845. Generally, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. However, a party is not entitled to indefinite continuances simply because he is unable to obtain counsel. Gilcrease v. Bacarisse, supra. | Generally, litigant whose lawyer withdraws at or near trial may be entitled to continuance to employ another attorney, but inability to obtain counsel does not entitle party to indefinite continuances. | Will a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney? | Pretrial Procedure - Memo # 4432 - C - CK.docx | ROSS-003318232-ROSS-003318233 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4030 | Brookwood Parks v. Jackson, 21 N.Y.S.2d 173 | 307A+91 | The motion of plaintiff to examine defendant before trial is denied. It is true that the section of the Civil Practice Act as to the examination before trial should be liberally construed to promote the ends of justice, but it must be shown that the examination is material and necessary in the prosecution or defense of the action. Civil Practice Act, " 288. From an examination of the pleadings and affidavits filed in this court it seems that the plaintiff and its officers have fully as much knowledge if not more than the defendant of all the matters involved in this lawsuit. There is much written, positive, undisputed evidence in this record which no amount of examination can alter, vary or change, and which clearly and decisively reveals the entire picture and the exact facts. It would almost be an abuse of legal process to grant an order directing defendant to appear for examination. There must be an end to hocus pocus. | Although section of Civil Practice Act concerning examination before trial should be liberally construed to promote ends of justice, it must be shown that examination is material and necessary in prosecution or defense of action. Civil Practice Act, S 288. | "When construing the Civil Practice Act, should it be shown that examination is material and necessary in prosecution or defense of action?" | 031145.docx | LEGALEASE-00138640-LEGALEASE-00138642 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4031 | In re Jacobs, 300 S.W.3d 35 | 307A+36.1 | In response to the McCoys' gross-negligence allegations, the relators argue that merely adding the word "knowingly" to existing allegations of negligence is not enough. Texas follows the "fair notice" standard for pleadings, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and the type of evidence that might be relevant to the controversy. Low v. Henry, 221 S.W.3d 609, 612 (Tex.2007); Horizon/CMS Healthcare Corp. of Am. v. Auld, 34 S.W.3d 887, 896 (Tex.2000). " "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." " Horizon/CMS Healthcare, 34 S.W.3d at 897 (quoting Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982)). Exemplary damages are special damages that must be supported by express allegations of willfulness, malice, or gross negligence that go beyond the allegations necessary to recover compensatory damages. Al Parker Buick Co., 788 S.W.2d at 130. Texas law requires a plaintiff seeking production of net worth information to " "allege facts showing that relator is liable for punitive damages." " Delgado v. Kitzman, 793 S.W.2d 332, 333 (Tex.App.-Houston [1st Dist.] 1990, orig. proceeding) (quoting Al Parker Buick Co., 788 S.W.2d at 131). | A plaintiff seeking production of net worth information is required to allege facts showing that relator is liable for punitive damages. | Is a plaintiff seeking production of net worth information required to allege facts showing that relator is liable for punitive damages? | Pretrial Procedure - Memo # 4829 - C - NC.docx | ROSS-003332190-ROSS-003332193 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 4032 | Signal Capital Corp. v. Frank, 164 F.R.D. 7 | 307A+36.1 | Defendant asserts, and this Court agrees, that discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense. See Sequa Corporation v. Gelmin, 1995 WL 404726 at (S.D.N.Y.1995). However, there is very little about this case which is ordinary. As set forth at length in the opinions issued during the history of the litigation preceding this action, the entire Frank family has been involved, at the very least as financial beneficiaries, in the business of H.H. Frank Enterprises, Inc., for a substantial period of time. See HBE Leasing Corporation v. Frank, 22 F.3d 41 (2d Cir.1994); see also HBE Leasing Corporation v. Frank, 882 F.Supp. 60 (S.D.N.Y.1995) (ancillary proceeding in same case, decided subsequent to 22 F.3d 41); HBE Leasing Corporation v. Frank, 851 F.Supp. 571 (S.D.N.Y.1994) (separate action, related to first case with some overlapping defendants), aff'd in part and rev'd in part, 61 F.3d 1054 (2d Cir.1995); HBE Leasing Corporation v. Frank, 837 F.Supp. 57 (S.D.N.Y.1993) (ancillary proceeding in same case as 22 F.3d 41; decision issued after jury verdict but before appeal), aff'd in part and rev'd in part, 48 F.2d 623 (2d Cir.1995). Plaintiff's submissions have established that these defendants previously admitted to being Directors of Enterprises until at least 1990, although defendants now claim that such admissions were mistakes. In any event, the complaint and subsequent submissions have established a sufficient basis to allow substantial discovery regarding these defendants, including details of their personal finances, for the period January 1, 1979, to December 31, 1992. The allegations of personal enrichment go hand in hand with the allegations of financial mismanagement, and plaintiff is entitled to obtain reasonable discovery relevant to such claims as to defendants Clemence D. Frank and Susan J. Albert. | Discovery concerning opposing party's assets is not ordinarily permitted unless such discovery is relevant to merits of the pending claim or in response to a defense. | Is discovery concerning an opposing party's assets not ordinarily permitted unless such discovery is relevant to merits of the pending claim or in response to a defense? | 031809.docx | LEGALEASE-00138389-LEGALEASE-00138390 | SA, Sub | 0.92 | 0 | 0 | 1 | 1 | |
| 4033 | Peterman v. Schpelman, 274 A.D. 901 | 307A+91 | Assuming that the pertinent provisions of the Code of Civil Procedure, " 870 et seq., precluded examination before commencement of the action for a purpose other than perpetuating testimony (contra: Matter of Weil, 25 App.Div. 173, 49 N.Y.S. 133), present section 295 of the Civil Practice Act warrants examination for the purpose of identifying a party where, at least, a meritorious cause is shown, as an incident to the protection of the rights of the expected party in the prosecution of the action. Lauffer v. Eastern Star Temple, 210 App.Div. 619, 621, 622, 207 N.Y.S. 292, 293, 294; Application of Strope (Albany Steel & Iron Supply Co., Inc.), 263 App.Div. 765, 30 N.Y.S.2d 860. Matter of Weil, supra. Rule 122 of the Rules of Civil Practice furthermore may be read in conjunction with section 295 of the Civil Practice Act. That rule contemplates an application to take depositions to draw a complaint under any provision of article 29 of the Civil Practice Act. The term "party", as used in the rule, includes one who is about to commence an action.] | Under the rule of Civil Practice permitting a "party" to take deposition to draw complaint, quoted term includes one who is about to commence an action. Rules of Civil Practice, rule 122. | "Under the Rule of Civil Practice permitting a ""party"" to take deposition to draw complaint, does the term party include one who is about to commence an action?" | 031823.docx | LEGALEASE-00138574-LEGALEASE-00138575 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4034 | Credit Indus. Co. v. Blankinship, 230 Ark. 371 | 307A+74 | We hold that the claimants sufficiently established the loss of the original trade acceptances so as to make the photostatic copies admissible as lost instruments. There is no need for us to go into a detailed discussion of a suit on lost instruments. (See " 27"207, Ark.Stats.) In 26A C.J.S. Depositions " 87, page 432, the text reads:"Where a deposition has been lost or destroyed, the contents thereof may be proved as in the case of other lost or destroyed papers, or a properly identified or authenticated copy may be substituted and read, provided the original deposition had been duly returned and filed." There are several legal maxims that are worthy of consideration as applicable here, since the original trade acceptances were lost while in custody of the law: "An act of the Court shall prejudice no man": and again, "An act in law shall prejudice no man". The claimants should not suffer because the loss of the original trade acceptances occurred while the instruments were in the custody of the law. | Where a deposition has been lost or destroyed, contents thereof may be proved as in case of other lost or destroyed papers, or a properly identified or authenticated copy may be substituted and read, provided original deposition has been duly returned and filed. | "Where a deposition has been lost or destroyed, can contents thereof be proved as in case of other lost or destroyed papers?" | Pretrial Procedure - Memo # 5111 - C - SB.docx | ROSS-003332212-ROSS-003332213 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 4035 | Aiello v. Ed Saxe Real Estate, 508 Pa. 553 | 308+159(1) | These cases instruct us that a principal is liable to third parties for the frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances and misfeasances of his agent committed within the scope of his employment even though the principal did not authorize, justify, participate in or know of such conduct or even if he forbade the acts or disapproved of them, as long as they occurred within the agent's scope of employment. Bachman v. Monte, 326 Pa. 289, 192 A. 485 (1937); Freedman v. Providence Washington Ins. Co., 182 Pa. 64, 37 A. 909 (1897); DeTurck v. Matz, 180 Pa. 347, 36 A. 861 (1897); McNeile v. Cridland, 168 Pa. 16, 31 A. 939 (1895); Independent Bldg. & Loan Assn. v. Real Estate Title Ins. & Trust Co., 156 Pa. 181, 27 A. 62 (1893); Griswold v. Gebbie, 126 Pa. 353, 17 A. 673 (1889); Brooke v. New York, L.E. & W.R.R., 108 Pa. 529, 1 A. 206 (1885); Erie City Iron Works v. Barber and Co., 106 Pa. 125 (1884); Custar v. Titusville Gas & Water Co., 63 Pa. 381 (1869); Shelhamer v. Thomas, 7 Serg. & R 106 (1821); Phoenix Insurance Co. v. Pratt, 2 Binn. 308 (1810); see also, Restatement of Agency, "" 257,258. | Principal is liable to innocent third parties for frauds, deceits, concealments, misrepresentations, torts, negligences and other malfeasances or misfeasances of his agent committed in the course of his employment, even if principal did not authorize, justify or participate in, or indeed know of, such misconduct, or even if he forbade the acts or disapproved of them. 63 P.S. SS 455.522, 455.601, 455.603. | Can a principal be held liable for an unauthorized act of an agent performed within the scope of his employment? | 041350.docx | LEGALEASE-00138554-LEGALEASE-00138555 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 4036 | Texas Emp. Ins. Ass'n v. Locke, 224 S.W.2d 755 | 307A+723.1 | An application for continuance which complies substantially with the statutory form, except as to stating necessary diligence, does not necessarily require the court to sustain it. Empire Gas & Fuel Co. v. Muegge, Tex.Civ.App., 116 S.W.2d 758, reversed on other grounds 135 Tex. 520, 143 S.W.2d 763. | An application for continuance which complies substantially with statutory form, except as to stating necessary diligence, does not necessarily require court to sustain it. Rules of Civil Procedure, rule 252. | "Does an application for continuance which complies substantially with statutory form, except as to stating necessary diligence, necessarily require a court to sustain it?" | Pretrial Procedure - Memo # 4326 - C - ES.docx | ROSS-003329637-ROSS-003329638 | SA, Sub | 0.3 | 0 | 0 | 1 | 1 | |
| 4037 | Potter v. Coward, 19 Tenn. 22 | 307A+714 | If an affidavit for a continuance, on the ground of newly discovered evidence, shows, that before the trial, due diligence was used to procure evidence of the fact expected to be proved by the newly discovered evidence, and the fact is material, it is error to refuse a new trial thereupon.Did the Court err in refusing to grant a new trial upon the newly discovered testimony as set forth in the affidavits of Bryan Holloway and James E. Munford? The testimony was material according to the view taken of the case by the court below; it proved a possession of the negro in dispute by the defendant after the sale: the testimony was discovered after the trial, and the affidavit of Munford, the attorney, shows that exertion had been made before the trial to procure such testimony, but without success. There is no want of requisite diligence on the part of the plaintiff so far as we have been able to see. We think that a new trial ought to be granted also for this cause. | If an affidavit for a continuance, on the ground of newly discovered evidence, shows, that before the trial, due diligence was used to procure evidence of the fact expected to be proved by the newly discovered evidence, and the fact is material, it is error to refuse a new trial thereupon. | Should an application for continuance for newly discovered evidence show due diligence and that there is a probability of procuring the testimony? | 030762.docx | LEGALEASE-00139059-LEGALEASE-00139060 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4038 | United States v. Keen, 676 F.3d 981 | 234+2 | Section 666's legislative history and related Supreme Court jurisprudence validate this interpretation. Entitled "Theft or bribery concerning programs receiving Federal funds," 18 U.S.C. " 666 was enacted "to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery." S.Rep. No. 98"225, at 370 (1983), 1984 U.S.C.C.A.N. 3182, 3511; accord Sabri v. United States, 541 U.S. 600, 606, 124 S.Ct. 1941, 1946, 158 L.Ed.2d 891 (2004). According to the Supreme Court, to effectuate this purpose, Congress did not limit itself merely to going after corrupt individuals who abuse their positions to skim federal funds. In addition, Congress was committed to the even broader objective of ensuring "the integrity of organizations participating in federal assistance programs." Fischer v. United States, 529 U.S. 667, 678, 120 S.Ct. 1780, 1787, 146 L.Ed.2d 707 (2000). The recognition of that ambitious objective, in turn, has led the Court repeatedly to reject statutory constructions aimed at narrowing " 666's scope, in favor of a broad reading. See Sabri, 541 U.S. at 606"07, 124 S.Ct. at 1946"47 (rejecting reading into the statute an extra-textual requirement of connection with federal money because doing so would unnecessarily obstruct the federal interest in addressing risks to federal monies); Fischer, 529 U.S. at 677"79, 120 S.Ct. at 1787"88 (favoring a broad definition of "benefits" in order to realize "Congress' expansive, unambiguous intent" to ensure organizational integrity, id. at 678, 120 S.Ct. at 1787); Salinas v. United States, 522 U.S. 52, 57"59, 118 S.Ct. 469, 473"74, 139 L.Ed.2d 352 (1997) (pointing to the lack of a basis in either the text of " 666 or its legislative history "to circumscribe the statutory text"). | Statute prohibiting theft or bribery concerning programs receiving Federal funds was enacted to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery. 18 U.S.C.A. S 666. | What is the legislative intent of statute prohibiting theft or bribery 666 concerning programs receiving federal funds? | 011945.docx | LEGALEASE-00139557-LEGALEASE-00139559 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4039 | Cochran v. Mullinax, 276 Ga. App. 81 | 307A+750 | It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order. Once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. (Citations, punctuation and footnotes omitted.) Williams v. Martin, 273 Ga.App. 562, 564, 615 S.E.2d 774 (2005). The pretrial order in Williams did not mention the theory offered on appeal, and it was never amended at trial to reflect this theory. We held that, even had it been amended, such an amendment would have been improper because the opposing party "had no opportunity to prepare a defense to this new theory. [Cits.]" Id. | It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order; once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. | "Where a pre-trial order defining the issues was not modified either before or during the trial, does the order control the course of the trial?" | 028021.docx | LEGALEASE-00139502-LEGALEASE-00139503 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 4040 | Crozman v. Callahan, 136 F. Supp. 466 | 34+32.1 | Admittedly, the defendant was engaged in military duties at the time of the alleged remarks. However, such remarks if made, can under no theory be deemed as furthering the official responsibilities resting upon the defendant. It is clear that a person in the military service has a civil remedy for any abuse of authority by his military superiors; and, remarks of a slanderous character are no exception. The instant set of circumstances must be sharply distinguished from those wherein the asserted grievances arise out of activities properly falling within the scope of official duties, such as the administration of disciplinary action or functions wherein the military officials are acting in a judicial or quasi-judicial capacity. Obviously, where such circumstances exist the military officials must have the same freedom of action, without a fear of personal liability, as that enjoyed by civilian judicial authorities. Significantly, however, an officer, even when acting within the scope of his authority, can incur civil liability if his actions are influenced by malice, corruption, or cruelty. | Even when acting within scope of his authority, military officer can incur civil liability if his actions are influenced by malice, corruption, or cruelty. Uniform Code of Military Justice, arts. 1, 2, 93, 117, 50 U.S.C.A. SS 511, 552, 687, 711. | "Can an officer, even when acting within the scope of his authority, incur civil liability if his actions are influenced by malice, corruption, or cruelty?" | 008565.docx | LEGALEASE-00140094-LEGALEASE-00140095 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4041 | Dow v. Johnson, 100 U.S. 158 | 34+36 | This brings us to the consideration of the main question involved, which we do not regard as at all difficult of solution, when reference is had to the character of the late war. That war, though not between independent nations, but between different portions of the same nation, was accompanied by the general incidents of an international war. It was waged between people occupying different territories, separated from each other by well-defined lines. It attained proportions seldom reached in the wars of modern nations. Armies of greater magnitude and more formidable in their equipments than any known in the present century were put into the field by the contending parties. The insurgent States united in an organization known as the Confederate States, by which they acted through a central authority guiding their military movements; and to them belligerent rights were accorded by the Federal government. This was shown in the treatment of captives as prisoners of war, the exchange of prisoners, the release of officers on parole, and in numerous arrangements to mitigate as far as possible the inevitable suffering and miseries attending the conflict. The people of the loyal States on the one hand, and the people of the Confederate States on the other, thus became enemies to each other, and were liable to be dealt with as such without reference to their individual opinions or dispositions. Commercial intercourse and correspondence between them were prohibited, as well by express enactments of Congress as by the accepted doctrines of public law. The enforcement of contracts previously made between them was suspended, partnerships were dissolved, and the courts of each belligerent were closed to the citizens of the other, and its territory was to the other enemy's country. When, therefore, our armies marched into the country which acknowledged the authority of the Confederate government, that is, into the enemy's country, their officers and soldiers | A foreign army permitted to march through a friendly country or to be stationed in it by authority of its sovereign or government is exempt from its civil and criminal jurisdiction. | "Is a foreign army permitted to march through a friendly country, or to be stationed in it by authority of its sovereign or government exempt from its civil and criminal jurisdiction?" | 008567.docx | LEGALEASE-00140100-LEGALEASE-00140102 | SA, Sub | 0.96 | 0 | 0 | 1 | 1 | |
| 4042 | First Nat. Bank of Blairstown v. Goldberg, 340 Pa. 337 | 8.30E+282 | Apart from the authorities cited, it would seem clear that no liability should be imposed on agents or brokers acting innocently in such cases. The bonds, being negotiable, pass by delivery, and the transferee to whom they are sold, who takes them for value and in good faith, obtains a good title as against the real owner: Cochran v. Fox Chase Bank, 209 Pa. 34, 58 A. 117, 103 Am.St.Rep. 976; Porter v. Levering, 330 Pa. 392, 397, 199 A. 482, 484. It would seem strange if the broker, who is thus the conduit of a valid title, should be held responsible for a conversion although he acted in the same good faith as the purchaser. In the present case, defendants did not part with value for the bonds, but they do not claim any right, title or interest therein as holders; they derived no benefit from the transactions, acting merely as agencies to place the bonds in the hands of brokers for sale and to transmit the proceeds in return. The purpose of the Negotiable Instruments Law is to enhance the marketability of such securities and to allow bankers, brokers, and people generally to trade in them with confidence. That object would be defeated if liability were to be imposed upon one who, mistakenly but in good faith, deals with negotiable instruments on the assumption that they belong to the person who employs him to effect their sale through ordinary market channels. | The purpose of the Negotiable Instruments Law is to enhance marketability of negotiable securities and to allow bankers, brokers, and people generally to trade in them with confidence. 56 P.S. S 1 et seq. | "Does the purpose of the Negotiable Instruments Law is to enhance marketability of negotiable securities and to allow bankers, brokers, and people generally to trade in them with confidence?" | 010364.docx | LEGALEASE-00140276-LEGALEASE-00140277 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4043 | United States v. Jannotti, 673 F.2d 578 | 63+3 | The district court stressed the concern expressed by both Schwartz and Jannotti that the project be "legal" and "legitimate". As the evidence shows, Schwartz expressed concern that the hotel was not to be used for immoral purposes, and Jannotti was concerned that the hotel was not to be used for gambling. While the defendants' statements may indicate their unwillingness to support the project if it were to be used for such illegal purposes, either because they were interested in Philadelphia's welfare or because such use would become a matter of public knowledge, they fail to negate the permissible inference that both men knew they were acting improperly in accepting money in return for their support and influence. As this court has previously held, it is neither material nor a defense to bribery that "had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make." United States v. Labovitz, 251 F.2d 393, 394 (3d Cir. 1958). Judge Hastie, writing for the court, set forth the rationale for that holding: It is a major concern of organized society that the community have the benefit of objective evaluation and unbiased judgment on the part of those who participate in the making of official decisions. Therefore, society deals sternly with bribery which would substitute the will of an interested person for the judgment of a public official as the controlling factor in official decision. Id. | It is neither material nor a defense to bribery that had there been no bribe, public official might, on the available data, lawfully and properly have made the very recommendation that the briber wanted him to make. | "Is it a material fact or a defense to bribery that, had there been no bribe, the public official might have lawfully and properly performed the action that the briber wanted him to take?" | Bribery - Memo #585 - C - LB.docx | ROSS-003327729-ROSS-003327731 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 4044 | United States v. Allen, 10 F.3d 405 | 63+1(1) | As the law has evolved, extortion "under color of official right" and bribery are really different sides of the same coin. "Extortion "under color of official right" equals the knowing receipt of bribes.... [I]t is extortion if the official knows that the bribe ... is motivated by a hope that it will influence him in the exercise of his office and if, knowing this, he accepts the bribe." United States v. Holzer, 816 F.2d 304, 311 (7th Cir.), vacated on other grounds, 484 U.S. 807, 108 S.Ct. 53, 98 L.Ed.2d 18 (1987); see also Evans v. United States, 504 U.S. 255, """", 112 S.Ct. 1881, 1888, 119 L.Ed.2d 57 (1992) ("the wrongful acceptance of a bribe establishes all the inducement the [Hobbs Act] requires" for extortion under color of official right). Because of the realities of the American political system, and the fact that the Hobbs Act's language did not justify making commonly accepted political behavior criminal, the Supreme Court in McCormick added to this definition of extortion the requirement that the connection between the payment and the exercise of office"the quid pro quo"be explicit. Given the minimal difference between extortion under color of official right and bribery, it would seem that courts should exercise the same restraint in interpreting bribery statutes as the McCormick Court did in interpreting the Hobbs Act: absent some fairly explicit language otherwise, accepting a campaign contribution does not equal taking a bribe unless the payment is made in exchange for an explicit promise to perform or not perform an official act. Vague expectations of some future benefit should not be sufficient to make a payment a bribe. | Absent some fairly explicit language otherwise, accepting a campaign contribution does not equal taking a bribe unless the payment is made in exchange for an explicit promise to perform or not perform an official act. | Is a campaigning contribution a bribe when it is not accepted in return for an explicit promise to perform or not perform an official act? | Bribery - Memo #589 - C - CSS.docx | ROSS-003288640-ROSS-003288641 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 4045 | Finch v. Matthews, 74 Wash. 2d 161 | 200+80 | Since Burmeister v. Howard, 1 Wash.T. 207 (1867), this court has not departed from the rule established in that case, that the fee in a public street or highway remains in the owner of the abutting land, and the public acquires only the right of passage, with powers and privileges necessarily implied in the grant of the easement.Puget Sound Alumni of Kappa Sigma, Inc. v. City of Seattle, 70 Wash.Dec.2d 218, 422 P.2d 799 (1967). This rule was applied specifically to a street dedicated to the public through the recording of a plat in Schwede v. Hemrich Bros. Brewing Co., 29 Wash. 21, 69 P. 362 (1902). Therefore, the only property right which either the city of Seattle, or King County ever acquired in the tract of land in controversy, was an easement for passage and use for street purposes. | Fee in public street or highway remains in owner of abutting land, and public acquires only right of passage, with powers and privileges necessarily implied in grant of easement. | Does the fee in a public street or highway remain with the owner of the abutting land and the public only acquires only the right of passage? | 018702.docx | LEGALEASE-00139847-LEGALEASE-00139848 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4046 | Pines v. Pines, 262 Ill. App. 3d 923 | 307A+509 | Absent the pendency of a potentially dispositive motion (see Gibellina v. Handley (1989), 127 Ill.2d 122, 129 Ill.Dec. 93, 535 N.E.2d 858), if a plaintiff strictly complies with the requirements of section 2"1009 and moves before trial or hearing begins, the trial judge does not have discretion to deny the motion (Farrar v. Jacobazzi (1993), 245 Ill.App.3d 26, 185 Ill.Dec. 125, 614 N.E.2d 259). Once a trial or hearing has begun, the right to dismissal is curtailed to prevent a plaintiff from dismissing a case if the trial proceedings appear unfavorable (Kilpatrick v. First Church of the Nazarene (1988), 177 Ill.App.3d 83, 126 Ill.Dec. 508, 531 N.E.2d 1135), and the trial judge may require that the dismissal is with prejudice (Kahle v. John Deere Co. (1984), 104 Ill.2d 302, 84 Ill.Dec. 650, 472 N.E.2d 787). Whether trial has begun is a question of law. (Kahle, 104 Ill.2d 302, 84 Ill.Dec. 650, 472 N.E.2d 787.) If a trial began but then is cancelled for any reason, the absolute right to a voluntary dismissal revests until the next trial begins. Kilpatrick, 177 Ill.App.3d 83, 126 Ill.Dec. 508, 531 N.E.2d 1135. | Once trial or hearing has begun, right to dismissal is curtailed to prevent plaintiff from dismissing case if trial proceedings appear unfavorable, and trial judge may require that dismissal is with prejudice. | "Once a trial or hearing has begun, is the right to dismissal curtailed to prevent a plaintiff from dismissing a case if trial proceedings appear unfavorable?" | Pretrial Procedure - Memo # 3199 - C - RF.docx | ROSS-003288609-ROSS-003288610 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4047 | Foti v. Askinas, 432 Pa. Super. 604 | 307A+502 | The decision to grant a discontinuance without prejudice rests within the discretion of the trial court, and the ruling of the trial court will not be reversed absent an abuse of discretion. Failor v. Westex, Inc., 413 Pa.Super. 343, 605 A.2d 390 (1992). In making its determination whether to grant a discontinuance without prejudice, the trial court must consider all facts and weigh equities. Further, the trial court must consider the benefits or injuries which may result to the respective sides if a discontinuance is granted. A discontinuance that is prejudicial to the rights of others should not be permitted to stand even if it was originally entered with the expressed consent of the court. Brown v. T.W. Phillips Gas & Oil Co., 365 Pa. 155, 74 A.2d 105 (1950). | Decision to grant discontinuance without prejudice rests within discretion of trial court and ruling of trial court will not be reversed absent abuse of discretion. | Does a decision to grant discontinuance without prejudice rest within the discretion of a trial court and will a ruling of a trial court be reversed absent abuse of discretion? | Pretrial Procedure - Memo # 3237 - C - KS.docx | ROSS-003288622-ROSS-003288623 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4048 | LaBerenz v. Am. Family Mut. Ins. Co., 181 P.3d 328 | 287+35.35 | "[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." Sirota v. Solitron Devices, Inc., 673 F.2d 566, 571 (2d Cir.1982). A preliminary hearing, addressed not to the merits of the plaintiff's individual claim, but to whether he or she is asserting a claim that, assuming its merit, will satisfy the requirements of Rule 23, is not violative of the rule stated in Eisen. Sirota v. Solitron Devices, Inc., supra, 673 F.2d at 571 ("Indeed a district court may be reversed for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the requirements of numerosity, typicality, commonality of question, and adequacy of representation have been met."). | It is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites for class certification are satisfied. Rules Civ.Proc., Rule 23. | Is it proper for a district court to allow discovery and to conduct hearings to determine whether the prerequisites for class certification are satisfied? | 032385.docx | LEGALEASE-00140282-LEGALEASE-00140283 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4049 | Castle Club Corp. v. Liberty Int'l, 598 So. 2d 263 | 307A+726 | The trial court abused its discretion in denying Castle Club's motion for continuance while simultaneously allowing its counsel to withdraw the very day that trial began, thereby leaving the corporation unrepresented at trial. See Hub Financial Corp. v. Olmetti, 465 So.2d 618, 619 (Fla. 4th DCA 1985) ("Permitting trial counsel to withdraw on the day of trial without granting a continuance to permit appellant to obtain new counsel was an abuse of discretion. This was particularly egregious in the case of a corporation which cannot represent itself, but would be error in any event.") (citations omitted). See also Punta Gorda Pines Dev., Inc. v. Slack Excavating, Inc., 468 So.2d 438, 439 (Fla. 2d DCA 1985) (corporation must be represented by attorney when it appears in Florida courts). There is no evidence in the record that the prior continuances obtained in this case were engineered to prevent its orderly disposition, or that a further continuance would have been prejudicial. See Tsavaris v. Tsavaris, 244 So.2d 450 (Fla. 2d DCA 1971) (in absence of record support for finding of dereliction on wife's part that was prejudicial to orderly disposition of divorce action or prejudicial to court or other party, denial of wife's motion for continuance after granting her counsel leave to withdraw was abuse of discretion). | Denying defendant's motion for continuance while simultaneously allowing its counsel to withdraw on day trial began, thereby leaving defendant unrepresented at trial, was abuse of discretion since there was no evidence that prior continuances were engineered to prevent orderly disposition or that further continuance would have been prejudicial. | Would it be an abuse of discretion if the defendant's motion for continuance is denied while simultaneously allowing its counsel to withdraw on day trial? | 032478.docx | LEGALEASE-00140524-LEGALEASE-00140525 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 4050 | First Community Bank, N.A. v. First Tennessee Bank, N.A., 489 S.W.3d 369 | 307A+554 | When a trial court expresses an intent to rule on a motion to dismiss without an evidentiary hearing, a defendant "may, but is not required to, support the motion with affidavits or other evidentiary materials." Gordon, 300 S.W.3d at 644 (citing Humphreys v. Selvey, 154 S.W.3d 544, 550 n. 5 (Tenn.Ct.App.2004)). When a defendant supports its 12.02(2) motion with affidavits, the burden is on the plaintiff to make a "prima facie showing of personal jurisdiction over the defendant by filing its own affidavits or other written evidence." Gordon, 300 S.W.3d at 644; see also Sumatra, 403 S.W.3d at 739; Chenault, 36 S.W.3d at 56. Dismissal of the complaint pursuant to a defendant's Rule 12.02(2) motion "is proper only if all the specific facts alleged by the plaintiff collectively fail to establish a prima facie case for personal jurisdiction." Gordon, 300 S.W.3d at 644. A plaintiff relying on an alleged conspiracy as a basis for personal jurisdiction "need only plead sufficient factual allegations from which the existence of a conspiracy may be inferred." Mfrs. Consol. Serv., Inc. v. Rodell, 42 S.W.3d 846, 861 (Tenn.Ct.App.2000). | Plaintiff relying on alleged conspiracy as a basis for personal jurisdiction on motion to dismiss for lack of personal jurisdiction need only plead sufficient factual allegations from which existence of a conspiracy may be inferred. Tenn. R. Civ. P. 12.02(2). | Should a plaintiff need only plead sufficient factual allegations from which the existence of a conspiracy may be inferred while relying on alleged conspiracy as a basis for personal jurisdiction? | 032743.docx | LEGALEASE-00139719-LEGALEASE-00139720 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4051 | Creager v. Douglas, 77 Tex. 484 | 307A+74 | Considering the strict provisions of our statute with regard to the return of depositions, we think the first withdrawal and return of the depositions was such an irregularity as to be fatal to its use afterwards. No doubt all certificates and indorsements connected with the return of a deposition may be amended, in the presence of the court, upon notice to the parties interested, and we can see no sufficient reason why the court should not have the power to direct, under proper regulations and safeguards, its being done elsewhere; but it should not be done without the permission of the court. The statute intends to secure and preserve evidence of the correctness of depositions, and of their freedom from being tampered with, by the observance of the regulations prescribed, and not by means of an inspection of the deposition, or through ex parte evidence showing the same things. | The statute requiring the return of depositions was intended to secure and preserve evidence of their correctness and of their freedom from being tampered with by means of the regulations prescribed and not by means of inspection of the deposition or other ex parte evidence. | Is the statute requiring the return of depositions intended to secure and preserve evidence of their correctness and of their freedom from being tampered with by means of the regulations prescribed? | 032751.docx | LEGALEASE-00139733-LEGALEASE-00139734 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4052 | US Chem. Storage v. Berto Constr., 800 S.E.2d 716 | 307A+554 | The standard of review to be applied by a trial court in deciding a motion under Rule 12(b)(2) depends upon the procedural context confronting the court." Banc of Am. Sec., LLC v. Evergreen Int'l Aviation, Inc., 169 N.C.App. 690, 693, 611 S.E.2d 179, 182 (2005)."[I]f the defendant supplements his motion to dismiss with an affidavit or other supporting evidence, the allegations [in the complaint] can no longer be taken as true or controlling and plaintiff cannot rest on the allegations of the complaint.". (second and third alterations in original). | The standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depends upon the procedural context confronting the court. N.C. R. Civ. P. 12(b)(2). | Does the standard of review to be applied by a trial court in deciding a motion to dismiss for lack of personal jurisdiction depend upon the procedural context confronting the court? | Pretrial Procedure - Memo # 5590 - C - TM.docx | ROSS-003288890-ROSS-003288891 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 4053 | Nick v. Schneider, 150 A.D.3d 1250 | 307A+683 | "Upon a CPLR 3211(a)(8) motion to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction" (America/Intl. 1994 Venture v. Mau, 146 A.D.3d 40, 51, 42 N.Y.S.3d 188 [internal quotation marks omitted] ). "However, to successfully oppose such a motion, the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court" (id. at 51, 42 N.Y.S.3d 188; see Chen v. Guo Liang Lu, 144 A.D.3d 735, 736, 41 N.Y.S.3d 517). The facts alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff (see Weitz v. Weitz, 85 A.D.3d 1153, 1153"1154, 926 N.Y.S.2d 305). | Upon a motion to dismiss for lack of personal jurisdiction, it is the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction; however, to successfully oppose such a motion, the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court. McKinney's CPLR 3211(a)(8). | "Upon a motion to dismiss for lack of personal jurisdiction, is it the plaintiff who bears the ultimate burden of proof to establish a basis for such jurisdiction?" | Pretrial Procedure - Memo # 5627 - C - SK.docx | ROSS-003329375-ROSS-003329377 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4054 | Warner v. Chauffeurs, Teamsters, & Helpers Local Union No. 414, 73 N.E.3d 190 | 307A+685 | The Drivers also claim that the Union and Employer have violated Indiana Code subsection 22"6"6"8(2) by compelling them to pay dues to the Union over their objections. The trial court concluded that it lacked subject matter jurisdiction over this claim on the basis that federal law has preempted Indiana law on such questions, depriving it of subject matter jurisdiction.In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. In addition, the trial court may weigh the evidence to determine the existence of the requisite jurisdictional facts. | In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court may consider not only the complaint and motion but also any affidavits or evidence submitted in support. Ind. R. Trial P. 12(B)(1). | "In ruling on a motion to dismiss for lack of subject matter jurisdiction, can the trial court consider the complaint?" | 032904.docx | LEGALEASE-00140092-LEGALEASE-00140093 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 4055 | Weisblat v. City of San Diego, 176 Cal. App. 4th 1022 | 371+2001 | Proposition 218 defines a "special tax" as "any tax imposed for specific purposes," even if the proceeds are placed into a general fund. (Art. 13C, " 1, subd. (d);14 see Bay Area Cellular, supra, 162 Cal.App.4th at p. 696, 75 Cal.Rptr.3d 839.) "[A] tax is special whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which [the] revenues may be spent."(City of Roseville, supra, 106 Cal.App.4th at p. 1185, 132 Cal.Rptr.2d 1.) Under Proposition 218, "[n]o local government may impose, extend, or increase any special tax" until the matter is "submitted to the electorate and approved by a two-thirds vote." (Art. 13C, " 2, subd. (d).)15 Under Proposition 218, "[c]ertain kinds of impositions for specific purposes, however, are treated not as special taxes subject to the voter approval requirements but as fees not subject to those requirements." (Bay Area Cellular, supra, 162 Cal.App.4th at p. 693, 75 Cal.Rptr.3d 839; see also " 50076 (discussed, ante ).) | A tax is a "special tax" whenever expenditure of its revenues is limited to specific purposes; this is true even though there may be multiple specific purposes for which the revenues may be spent. | "A tax is special whenever expenditure of its revenues is limited to specific purposes, is this true even though there may be multiple specific purposes for which revenues may be spent?" | 045534.docx | LEGALEASE-00140327-LEGALEASE-00140328 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4056 | Calvert v. Zanes-Ewalt Warehouse, 502 S.W.2d 689 | 371+2005 | It is the established rule that goods in interstate transit are not subject to local taxation. However, where there is an interruption at a point between the point of origin and the final destination, the controlling principle has been stated as follows: any interruption of the movement of commodities at an intermediate point between origin and final destination which is not incidental to the transportation or the use of the means of transportation (or, being so incidental, is used or extended for the purposes of the owner not incidental to the transportation or the means used therefor) breaks the continuity in transit and subjects the shipment to local taxation at the point of interruption. Anno. 78 L.Ed. 138 (1933). Whether the exercise of the taxing power of the State is forbidden in a particular case is to be determined by the practical operation of the State statute, as applied to the facts of that case. Hughes Brothers Timber Co. v. Minnesota, 272 U.S. 469, 47 S.Ct. 170, 71 L.Ed. 359 (1926). | Whether exercise of taxing power of state is forbidden in particular case is to be determined by practical operation of state statute, as applied to facts in that case. | "Whether exercise of taxing power of state is forbidden in particular case be determined by practical operation of state statute, as applied to facts in that case?" | Taxation - Memo # 638 - C - SU.docx | ROSS-003288872-ROSS-003288873 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4057 | United States v. Jennings, 160 F.3d 1006 | 63+1(1) | An illegal gratuity, on the other hand, is a payment made to an official concerning a specific official act (or omission) that the payor expected to occur in any event. No corrupt intent to influence official behavior is required. The payor simply must make the payment "for or because of" some official act. See Muldoon, 931 F.2d at 287; accord Sun-Diamond Growers, 138 F.3d at 966(explaining that "in contrast to bribery, [a] gratuity and the [relevant] official act need not motivate each other"); cf. also United States v. Griffin, 154 F.3d 762, 764 (8th Cir.1998) ("The core difference between a bribe and a gratuity is ... the quid pro quo, or the agreement to exchange cash for official action."); United States v. Mariano, 983 F.2d 1150, 1159 (1st Cir.1993) ("The essential difference between a bribe and an illegal gratuity is the intention of the bribe giver to effect a quid pro quo."). In sum, the line between a payment made "corruptly ... with intent to influence" an official act and a payment made "for or because of" an official act is the same line that separates a bribe from an illegal gratuity. Cf. United States v. Kummer, 89 F.3d 1536, 1540 (11th Cir.1996); United States v. Lopreato, 83 F.3d 571, 575 (2d Cir.), cert. denied, 519 U.S. 871, 117 S.Ct. 187, 136 L.Ed.2d 125 (1996). | No corrupt intent to influence official behavior is required to secure conviction for bribery of public official based on illegal gratuity; payor simply must make the payment for or because of some official act. 18 U.S.C.A. S 201(c)(1)(A). | Is corrupt intent to influence an official's behavior required to secure a conviction for bribery of a public official based on an illegal gratuity? | 012130.docx | LEGALEASE-00142029-LEGALEASE-00142030 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 4058 | United States v. Sun-Diamond Growers of California, 138 F.3d 961 | 63+1(1) | The language of the charge is far broader than that of the statute. To satisfy the criminal intent requirement embodied in the phrase "for or because of any official act," the giver must intend either to reward some past concrete official act or acts, or to enhance the likelihood of some future act or acts. | To satisfy criminal intent requirement embodied in phrase "for or because of any official act," as used in gratuity statute, giver must intend either to reward some past concrete official act or acts, or to enhance likelihood of some future act or acts. 18 U.S.C.A. S 201(c)(1)(A). | "What must the bribe-giver intend in order to satisfy the criminal intent requirement embodied in the phrase ""for or because of any official act""?" | 012140.docx | LEGALEASE-00141937-LEGALEASE-00141938 | SA, Sub | 0.07 | 0 | 0 | 1 | 1 | |
| 4059 | United States v. Donathan, 65 F.3d 537 | 63+1(1) | The elements of this 18 U.S.C. " 201(b)(4) violation are (1) that defendant was to be a witness under oath in the case of Barnes v. Board of Education of Montgomery County, Tim Keenan, et al.; (2) that defendant solicited or agreed to receive something of value in return for being influenced in her testimony; and (3) that defendant acted corruptly; that is, with the intent of being influenced in her testimony. | Elements of establishing violation of statute prohibiting individual from corruptly demanding, seeking, receiving, accepting, or agreeing to accept anything of value in return for being influenced in testimony under oath or affirmation as witness were that defendant was to be witness under oath in particular case, that defendant solicited or agreed to receive something of value in return for being influenced in her testimony, and that defendant acted corruptly, that is, with intent of being influenced in her testimony. 18 U.S.C.A. S 201(b)(4). | What are the elements required to establish a violation of the statute that prohibits someone from being influenced in his testimony under oath or affirmation as a witness? | 012152.docx | LEGALEASE-00141955-LEGALEASE-00141956 | Condensed, SA, Sub | 0.25 | 0 | 1 | 1 | 1 | 1 |
| 4060 | United States v. Evans, 572 F.2d 455 | 316P+1056 | As a prefatory premise, we note that both the conflict of interest statute, 18 U.S.C.A. s 203, and the unlawful gratuity statute,18 U.S.C.A. s 201, must be broadly construed in order to accomplish the legislative purpose which they manifest. See United States v. Anderson, 509 F.2d 312, 333 (D.C.Cir.1974), cert. denied, 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 672 (1975); Parks v. United States, 355 F.2d 167, 168 (5th Cir. 1965). | Both conflict of interest statute and unlawful gratuity statute must be broadly construed in order to accomplish legislative purpose which they manifest. 18 U.S.C.A. SS 201(g), 203(a). | Should both conflict of interest statute and unlawful gratuity statute be broadly construed in order to accomplish legislative purpose which they manifest? | 012165.docx | LEGALEASE-00141995-LEGALEASE-00141996 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4061 | Tennessee Enamel Mfg. Co. v. Stoves, 192 F.2d 863 | 113+3 | In our view, the District Court was not justified from the evidence in concluding that under the practice and custom there was a commitment on the part of appellant to maintain Stoves, Inc., as its Florida agent for a full year. The same comment and the same Tennessee authorities cited by this court in Bagwell v. Susman, 6 Cir., 165 F.2d 412, 416, seem applicable here. The Tennessee cases previously cited were Cheek v. American Eagle Fire Ins. Co., 6 Tenn.App. 632, 636; Grissom v. Commercial National Bank, 87 Tenn. 350, 351, 10 S.W. 774, 3 L.R.A. 273; Charles v. Carter, 96 Tenn. 607, 36 S.W. 396. The point of the Tennessee authorities is that usages or customs of trade, to be effectively binding in law, must be imperative and compulsory in character and so well known as to affect the person to be bound with knowledge of them and raise the presumption that he dealt with reference to them. The direct testimony of both President Evans and Secretary-Treasurer Smith of the appellant company was that all purchase orders had to be approved by its home office and acknowledged to the purchaser or distributor. This testimony has not been successfully impeached. | Under Tennessee law, usages or customs of trade, to be effectively binding in law, must be imperative and compulsory in character and so well known as to affect the person to be bound with knowledge of them and raise the presumption that he dealt with reference to them. | "In order for a party to be bound by usages or customs of trade, must they be imperative and compulsory?" | 014136.docx | LEGALEASE-00141726-LEGALEASE-00141727 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4062 | La Laguna Ranch Co. v. Dodge, 18 Cal. 2d 132 | 260+74(8) | The term "overriding royalty" is applied generally in the industry to such fractional interests in the production of oil and gas as are created from the lessee's estate. This is true whether the overriding royalty is created by reservation when the original lessee transfers his interest by a sub-lease or whether it is created by grant when the original lessee conveys a fractional share to a third person, as in the instant case. | The term "overriding royalty" is applied generally in the oil industry to such fractional interests in the production of oil and gas as are created from the lessee's estate, regardless of whether the royalty is created by reservation when original lessee transfers his interest by a sub-lease, or whether it is created by grant when original lessee conveys a fractional share to a third person. | Is the term overriding royalty applied generally in the industry to such fractional interests in the production of oil and gas as are created from the lessee's estate? | Mines and Minerals - Memo # 87 - C - EB.docx | ROSS-003302548-ROSS-003302549 | SA, Sub | 0.08 | 0 | 0 | 1 | 1 | |
| 4063 | Blocker Exploration Co. v. Frontier Exploration, 740 P.2d 983 | 260+97 | The three essential elements of a mining partnership are: (1) joint ownership; (2) joint operation; and (3) an express or implied agreement to share profits and losses. Mud Control Laboratories, 2 Utah 2d at 91"92, 269 P.2d at 858. This mining partnership test has been adopted in the jurisdictions which have addressed this issue. Gilroy v. White Eagle Oil Co., 201 F.2d 113 (10th Cir.1952) (applying Oklahoma law); Gilbert v. Fontaine, 22 F.2d 657, 661 (10th Cir.1927) (applying Kansas law); Edwards v. Hardwick, 350 P.2d 495, 501"02 (Okla.1960); Lyons v. Stekoll, 186 Okla. 94, 96 P.2d 60 (1939). See Fiske, Mining Partnership, 26 Inst. on Oil & Gas L. & Tax'n 187, 193 (1975). | Three essential elements of mining partnership are joint ownership, joint operation, and express or implied agreement to share profits and losses; if mining partnership exists, partners are characterized as operators and have a limited power (less than the power of a general partner) to bind other members of the partnership. | "Are the three essential elements of a mining partnership joint ownership, joint operation and an express or implied agreement to share profits and losses?" | 021303.docx | LEGALEASE-00141533-LEGALEASE-00141534 | Condensed, SA, Sub | 0.52 | 0 | 1 | 1 | 1 | 1 |
| 4064 | Feliciano v. Geneva Terrace Estates Homeowners Ass'n, 2014 IL App (1st) 130269 | 302+233.1 | Moreover, under the Code, "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." 735 ILCS 5/2"616(c) (West 2012). Courts look at four factors in determining whether to permit amended pleadings under section 2"616(a) of the Code (735 ILCS 5/2"616(a) (West 2012)). See Loyola Academy v. S. & S. Roof Maintenance, Inc., 146 Ill.2d 263, 273, 166 Ill.Dec. 882, 586 N.E.2d 1211 (1992). First, whether the proposed amendment would cure a defective pleading. Second, whether the proposed amendment would surprise or prejudice the opposing party. Third, whether the proposed amendment was timely filed. And fourth, whether the moving party had previous opportunities to amend. Id. The most important of these factors is the prejudice to the opposing party, as where an amendment leaves the party unprepared to respond to a new theory at trial. Paschen Contractors, Inc. v. City of Kankakee, 353 Ill.App.3d 628, 638, 289 Ill.Dec. 196, 819 N.E.2d 353 (2004). The right to amend a complaint or countercomplaint is not absolute, but is a matter within the trial court's discretion. Alpha School Bus Co., Inc. v. Wagner, 391 Ill.App.3d 722, 748, 331 Ill.Dec. 378, 910 N.E.2d 1134 (2009). Accordingly, we will not reverse the trial court's decision absent an abuse of discretion. Id. | Courts look at four factors in determining whether to permit amended pleadings: (1) whether the proposed amendment would cure a defective pleading, (2) whether the proposed amendment would surprise or prejudice the opposing party, (3) whether the proposed amendment was timely filed, and (4) whether the moving party had previous opportunities to amend. S.H.A. 735 ILCS 5/2-616. | What factors do courts consider in allowing amendments to pleadings? | 023452.docx | LEGALEASE-00141194-LEGALEASE-00141195 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4065 | State ex rel. GMS Mgmt. Co. v. Callahan, 45 Ohio St. 3d 51 | 307A+723.1 | In such a proceeding, we hold that a reasonable time would be seven working days after a hearing.The bond requirement under R.C. 1923.08 would not be applicable when judges, as set forth herein, take matters under advisement sua sponte in forcible entry and detainer proceedings. | Provision for bond upon continuance of forcible entry and detainer action is not applicable when judges take matters under advisement sua sponte. R.C. S 1923.08. | Is the provision for a bond upon continuance of forcible entry and detainer action applicable when judges take matters under advisement sua sponte? | 030714.docx | LEGALEASE-00141481-LEGALEASE-00141482 | Order, SA | 0.42 | 1 | 0 | 0 | 1 | |
| 4066 | Voorheis v. Hawthorne-Michaels Co., 151 Cal. App. 2d 688 | 307A+74 | Because the writing is to stand as the witness' own words and there is always an inherent possibility of error in the transcription, a final opportunity for correction of the writing as completed should be given by the reading to or by the witness. The witness' signature may be regarded either as necessary to constitute the writing his by adoption, or as symbolically equivalent to a knowing assent to its tenor, or as an additional means of identifying the person of the witness. Wigmore states that whatever the legal theory it is usually treated as a requirement indispensable under the statutes. Id., 217 " 805. He continues by saying that if the writing is not read and signed it does not become the testimony of the witness. | Since there is always an inherent possibility of error in the transcription of a deposition, a final opportunity for correction of the writing as completed should be given by the reading to or by the witness. West's Ann.Code Civ.Proc., SS 2006, 2022, 2032. | "Since there is always an inherent possibility of error in the transcription of a deposition, should a final opportunity for correction of the writing as completed be given by the reading to or by the witness?" | Pretrial Procedure - Memo # 5132 - C - SB.docx | ROSS-003289221-ROSS-003289222 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 4067 | Fritsch v. J. M. English Truck Line, 151 Tex. 168 | 307A+725 | There is nothing in the rules on continuance requiring the granting of a first motion merely because it is in statutory form and is not controverted by affidavit of the opposite party. Surely it will not be gainsaid that a trial court, in determining the existence of diligence, may examine the allegations of diligence contained in the motion in the light of the record before it. Moreover, a trial court will not be required to grant a motion for continuance, at the risk of committing error in overruling it, when the allegations in the motion examined in the light of the record show beyond cavil a complete lack of diligence as measured by other rules regulating procedure in the trial of cases. | There is nothing in the rules of civil procedure relating to continuances requiring granting of a first motion merely because it is in statutory form and is not controverted by affidavit of opposite party, and trial court, in determining existence of diligence, may examine allegations of diligence contained in motion in light of record before it. Rules of Civil Procedure, rules 251, 252. | Is there a rule relating to continuances requiring granting of a first motion merely because it is in statutory form and not controverted by affidavit of opposite party? | Pretrial Procedure - Memo # 5159 - C - NS.docx | ROSS-003288731-ROSS-003288732 | SA, Sub | 0.44 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4068 | Sydney Attractions Grp. Pty Ltd. v. Schulman, 74 A.D.3d 476 | 307A+554 | Since enforcement of a forum selection clause does not allow for a stay, at least where there is no argument that the designated court lacks jurisdiction of all necessary parties or is otherwise unable to accord complete relief (compare Micro Balanced Prods. Corp. v. Hlavin Indus., 238 A.D.2d 284, 285"286, 667 N.Y.S.2d 1 [1997]), we dismiss the action outright (see Lischinskaya v. Carnival Corp., 56 A.D.3d 116, 124, 865 N.Y.S.2d 334 [2008], lv. denied 12 N.Y.3d 716, 2009 WL 1851758 [2009]). | Enforcement of a forum selection clause does not allow for a stay rather than dismissal, at least when there is no argument that the designated court lacks jurisdiction of all necessary parties or is otherwise unable to accord complete relief. | Does enforcement of a forum selection clause not allow for a stay rather than dismissal? | 033340.docx | LEGALEASE-00140913-LEGALEASE-00140914 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 4069 | Carroll v. Welch, 26 Tex. 147 | 307A+74 | Where the captions of depositions identified the court, the cause and the witnesses, by their proper designations, referring to the interrogatories and cross interrogatories, and stating that the witnesses were ""first duly sworn;" and the certificates at the conclusions of the depositions stated that the answers of the witnesses (naming them) "were taken, sworn to, and subscribed before me:" Held, to be in substantial compliance with the statute. 15 Tex. 278; post, 685.] | A certificate that the answers of the witnesses "were taken, sworn to, and subscribed before me," is a substantial compliance with the statute, Old. & W. Dig. art. 455, when taken in connection with the caption, which designated the court, cause, and witnesses, and referred to the direct and cross interrogatories, and stated that the witnesses were first duly sworn. | "Is a certificate that the answers of the witnesses ""were taken, sworn to, and subscribed before me,"" a substantial compliance with the statute?" | 033344.docx | LEGALEASE-00140937-LEGALEASE-00140938 | Condensed, SA, Sub | 0.22 | 0 | 1 | 1 | 1 | 1 |
| 4070 | Data Gen. Corp. v. Cty. of Durham, 143 N.C. App. 97 | 30+103 | At the outset, we note that the denial of a motion to dismiss is interlocutory and ordinarily is not immediately appealable; nonetheless, this Court has held that an appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable. See N.C. Gen.Stat. 1"277 (1996); Zimmer v. N.C. Dept of Transp., 87 N.C.App. 132, 133"34, 360 S.E.2d 115, 116 (1987). On the other hand, the denial of a motion to dismiss pursuant to Rule 12 (b) (1) for lack of subject matter jurisdiction is not immediately appealable. See N.C. Gen.Stat. 1"277 (a); Teachy v. Coble Dairies, Inc., 306 N.C. 324, 293 S.E.2d 182 (1982). We therefore consider Durham County first assignment of error, but decline to consider the second assignment of error, as it is not properly before us. | Denial of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable. G.S. S 1-277. | "Does a motion to dismiss based on sovereign immunity present a question of personal jurisdiction, rather than subject matter jurisdiction?" | 033373.docx | LEGALEASE-00141039-LEGALEASE-00141040 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 4071 | People v. Chenango Cty., 39 N.Y.S.2d 785 | 371+2001 | It is stated in Matter of Atlas Television Co., 273 N.Y. 51, at page 55, 6 N.E.2d 94, at page 95, that: "A tax has been defined as "a statutory liability imposed upon all the inhabitants of the state defined as taxable, to the end that they may contribute their just share to the expenses of government." Village of Charlotte v. Keon, 207 N.Y. 346, 348, 100 N.E. 1116, 46 L.R.A.,N.S., 135, Ann.Cas.1914C, 338.' | A "tax" is a statutory liability imposed upon all inhabitants of the state defined as taxable, so that they may contribute their just share to expenses of government. Const. art. 16. | "Is a tax a statutory liability imposed upon all inhabitants of the state defined as taxable, so that they may contribute their just share to expenses of government?" | Taxation - Memo # 418 - C - SU.docx | ROSS-003302232-ROSS-003302233 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 4072 | Gassaway v. Precon Corp., 280 Ga. App. 351 | 413+11 | Gassaway's reliance on the traveling salesman exception applied in workers' compensation cases is likewise misplaced. The laws of workers' compensation and negligence are different, and this Court has repeatedly stated that an employee can be said to be within the scope of employment for workers' compensation purposes, and not within the scope of employment for negligence purposes: To be injured within the course or scope of one's employment in the context of the worker's compensation system is not the same thing as to be in the course or scope of one's employment and cause injury to a third person who is foreign to the employee-employer relationship. Worker's compensation is a creature of statute and one designed especially to protect workers injured in the course of their work. The statute is liberally construed to provide coverage to the worker. Within the context of the statute, the employer has a special duty vis-a-vis the employees who work for him. Under worker's compensation, an employee is covered for injuries which arise "out of and in the course of employment." This states a problem of proof different from that which is encountered in the negligence area. Within the general negligence sphere, the rules regarding "scope of employment" are somewhat different. This is so for a number of reasons. A liberal statute designed to benefit workers is not involved. There is no special relationship giving rise to a special duty as in worker's compensation. There is no sound reason for finding liability without fault for social or economic reasons. | To be injured within course or scope of one's employment in context of worker's compensation system is not same thing as to be in course or scope of one's employment and cause injury to third person who is foreign to employee-employer relationship, as would permit application of doctrine of respondeat superior; worker's compensation is creature of statute designed especially to protect workers injured in course of their work, and statute is liberally construed to provide coverage to the worker. West's Ga.Code Ann. S 34-9-1 et seq. | "Is workers compensation designed especially to protect workers injured in the course of their work, and is the statute liberally construed to provide coverage to the worker?" | Workers Compensation - Memo #360 ANC.docx | ROSS-003289890-ROSS-003289891 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4073 | People v. Sanoguet, 157 Misc. 2d 771 | 63+1(1) | The "gist" of the crime of bribe receiving "is not the payment of money, but rather the "agreement or understanding" under which [the alleged bribe receiver] accepts or agrees to accept a benefit." People v. Harper, 75 N.Y.2d 313, 317, 552 N.Y.S.2d 900, 552 N.E.2d 148 (1990) (citations omitted). See also, People v. Alvino, 71 N.Y.2d 233, 525 N.Y.S.2d 7, 519 N.E.2d 808 (1987). The existence of such an agreement or understanding is no less critical for the conduct of the alleged bribe giver to constitute the crime of bribery. | Gist of crime of bribe receiving is not the payment of money, but rather the agreement or understanding under which alleged bribe receiver accepts or agrees to accept benefit; existence of such an agreement or understanding is no less critical for conduct of alleged bribe giver to constitute crime of bribery. McKinney's Penal Law S 200.00. | "As an essence or gist of the crimes of bribery, should there be an agreement or understanding under which a witness accepts or agrees to accept a benefit?" | 011472.docx | LEGALEASE-00142169-LEGALEASE-00142170 | Condensed, SA, Sub | 0.36 | 0 | 1 | 1 | 1 | 1 |
| 4074 | Chesapeake Expl. v. Energen Res. Corp., 445 S.W.3d 878 | 260+78.1(7) | he habendum clauses in both leases provide for continuation beyond the primary term "as long ... as oil, gas, or other mineral is produced from said land or land with which said land is pooled." Under Texas law, a habendum clause referring to "said land" extends the lease as to all the leased property while production of oil or gas occurs anywhere on the property during the second term. Ridge Oil Co., Inc. v. Guinn Invs., Inc., 148 S.W.3d 143, 149 (Tex.2004). Thus, "in the absence of anything in the lease to indicate a contrary intent, production on one tract will operate to perpetuate the lease as to all tracts described therein and covered thereby." Mathews v. Sun Oil Co., 425 S.W.2d 330, 333 (Tex.1968). | A habendum clause referring to "said land" extends the lease as to all the leased property while production of oil or gas occurs anywhere on the property during the second term; thus, in the absence of anything in the lease to indicate a contrary intent, production on one tract will operate to perpetuate the lease as to all tracts described therein and covered thereby. | "In the absence of anything in the lease to indicate a contrary intent, will production of one tract operate to perpetuate the lease as to all the tracts described?" | Mines and Minerals - Memo #209 - C - EB.docx | ROSS-003302368-ROSS-003302369 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4075 | Rieff v. Evans, 630 N.W.2d 278 | 302+11 | At the outset, we should note that Iowa is a notice pleading state. Iowa R. Civ. P. 69(a)."Since the advent of notice pleading under Iowa Rule of Civil Procedure 69(a), it is a rare case which will not survive a [motion to dismiss]. As a result, disposition of unmeritorious claims in advance of trial must now ordinarily be accomplished by other pretrial procedures which permit narrowing of the issues and piercing of the bare allegations contained in the petition."Haupt v. Miller, 514 N.W.2d 905, 909 (Iowa 1994) (quoting Am. Nat'l Bank v. Sivers, 387 N.W.2d 138, 140 (Iowa 1986)). Very little is required in a petition to survive a motion to dismiss. See Smith v. Smith, 513 N.W.2d 728, 730 (Iowa 1994) ("A petition gives "fair notice" if it informs the defendant of the incident giving rise to the claim and of the claim's general nature."). We do not require a "pleading of ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the defendant of the incident must be included in the petition in order to provide "fair notice" of the claim asserted." Schmidt v. Wilkinson, 340 N.W.2d 282, 283 (Iowa 1983). | A plaintiff need not plead ultimate facts that support the elements of the cause of action; however, facts sufficient to apprise the defendant of the incident must be included in the petition in order to provide fair notice of the claim asserted. Rules Civ.Proc., Rule 69(a). | Is it required to plead ultimate facts that support the elements of the cause of action? | 023502.docx | LEGALEASE-00143598-LEGALEASE-00143599 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4076 | FutureSelect Portfolio Mgmt. v. Tremont Grp. Holdings, 175 Wash. App. 840 | 307A+554 | The plaintiff has the burden of demonstrating jurisdiction, but when a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing " "only a prima facie showing of jurisdiction is required." " In this setting, "[w]e treat the allegations of the complaint as true." | The plaintiff has the burden of demonstrating jurisdiction, but when a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, only a prima facie showing of jurisdiction is required. | "When a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, is only a prima facie showing of jurisdiction required?" | 032941.docx | LEGALEASE-00143522-LEGALEASE-00143523 | Condensed, SA | 0.26 | 0 | 1 | 0 | 1 | |
| 4077 | Eoff v. Cent. Mut. Ins. Co., 461 S.W.3d 648 | 15A+2152 | The exhaustion doctrine serves as a timing mechanism to ensure that the administrative process runs its course. Rhule, 417 S.W.3d at 442; Cash Am. Int'l, Inc. v. Bennett, 35 S.W.3d 12, 15 (Tex.2000). Requiring exhaustion of administrative remedies is not meant to deprive an aggrieved party of any legal rights; rather, it aims to provide an orderly procedure by which aggrieved parties may enforce those rights. Rhule, 417 S.W.3d at 442; Ollie v. Plano Indep. Sch. Dist., 383 S.W.3d 783, 792 (Tex.App."Dallas 2012, pet. denied), cert. denied, """ U.S. """", 133 S.Ct. 2812, 186 L.Ed.2d 872 (2013). In other words, exhaustion of remedies "ensures that the administrative agency has the opportunity to resolve disputed fact issues within its exclusive jurisdiction before a court must address those issues." Holmes v. Zurich Am. Ins. Co., 421 S.W.3d 766, 771"72 (Tex.App."Dallas 2014, pet. denied). Until the claimant has exhausted applicable administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. Rhule, 417 S.W.3d at 442; In re Entergy Corp, 142 S.W.3d 316, 321"22 (Tex.2004) (orig. proceeding). | Until the claimant has exhausted applicable administrative remedies, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. | Does the trial court lack subject matter jurisdiction until the claimant has exhausted applicable administrative remedies? | 033003.docx | LEGALEASE-00143043-LEGALEASE-00143044 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4078 | Israel v. Flick Mortg. Inv'rs, 23 So. 3d 1196 | 307A+560 | Even if the manner of service of process is a defense to recognition and enforcement of a foreign money-judgment under section 55.605, we nonetheless would reverse the order on appeal because Flick waived the defense through its actions in the Israeli proceedings. When the plaintiffs initiated the underlying action against Flick in the Israeli court, Flick challenged only the foreign court's exercise of personal jurisdiction over it for reasons wholly unrelated to any claim that service of process by registered mail was insufficient. Claims of lack of personal jurisdiction are, course, not the same as a claim that service of process is insufficient:A motion to dismiss for lack of jurisdiction based on insufficiency of service of process lies when the service effected does not comport with the requirements of the statute pertaining to the manner in which such service is to be effected. P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978). A motion to dismiss based on lack of jurisdiction over the person lies when the service effected .. although proper in manner, is not authorized by [a statute] which confers jurisdiction. | A motion to dismiss based on lack of jurisdiction over the person lies when the service of process effected, although proper in manner, is not authorized by a statute that confers jurisdiction. | Does a motion to dismiss based on lack of jurisdiction over the person lie when the service of process effected is not authorized by a statute that confers jurisdiction? | 033767.docx | LEGALEASE-00142883-LEGALEASE-00142884 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4079 | Abdul-Salaam v. Whole Food Mkt., 179 So. 3d 846 | 307A+560 | The language of La. C.C.P. art. 1672(C) is clear and unambiguous and we find that it only permits a "named defendant" or a "party" to seek the dismissal of an action based on the plaintiff's failure to request service in a timely manner. See also Corbin v. La. Dep't of Highways, 44,882 (La.App. 2 Cir. 12/9/09), 26 So.3d 945, 948"949 (holding an unnamed defendant cannot seek dismissal of a matter without prejudice where plaintiff originally requested service on a misnamed defendant); Whitley v. State, 11"0040 (La.7/1/11), 66 So.3d 470, 481 (noting an unnamed defendant cannot seek dismissal for the failure to request timely service). | Only a named defendant or a party may seek the dismissal of an action based on the plaintiff's failure to request service in a timely manner. LSA-C.C.P. arts. 1201, 1672(C). | Can only a named defendant or a party seek the dismissal of an action based on the plaintiffs failure to request service in a timely manner? | 033885.docx | LEGALEASE-00142233-LEGALEASE-00142235 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4080 | Kalisch v. Maple Trade Fin. Corp., 35 A.D.3d 291 | 307A+746 | In order to vacate her default, plaintiff would be required to demonstrate both a reasonable excuse for her failure to appear at the conference and a meritorious cause of action (Espinoza v. Concordia Intl. Forwarding Corp., 32 A.D.3d 326, 820 N.Y.S.2d 259 [2006]).Assuming, arguendo, that plaintiff demonstrated a reasonable excuse for her failure to appear at a scheduled conference, she wholly failed to establish a meritorious cause of action. No affidavit of merit was annexed to the motion papers. | In order to vacate default, plaintiff is required to demonstrate both a reasonable excuse for her failure to appear at a conference and a meritorious cause of action. | "In order to vacate default, is a plaintiff required to demonstrate both a reasonable excuse for her failure to appear at a conference and a meritorious cause of action?" | 033902.docx | LEGALEASE-00142306-LEGALEASE-00142307 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4081 | Neill v. D.C. Pub. Employee Relations Bd., 93 A.3d 229 | 307A+563 | Because neither the captioning nor the service requirement is "inflexible," the trial court, in exercising its Rule 41(b) authority, has discretion to determine the penalty for noncompliance with them. Because of its severity, however, dismissal may be imposed as a sanction for the failure to comply with procedural requirements or other misconduct only in "extreme circumstances and only after the trial court has considered lesser sanctions." The court must consider "whether the conduct calling for sanctions was willful and whether the other party was prejudiced by it, and the sanction imposed should, wherever possible, be tailored to the offense." "[A]t least as a general proposition, dismissal with prejudice is an appropriate sanction only upon clear evidence of deliberate delay or upon a showing of contumacious conduct by the plaintiff." | At least as a general proposition, dismissal with prejudice is an appropriate sanction only upon clear evidence of deliberate delay or upon a showing of contumacious conduct by the plaintiff. Civil Rule 41(b). | "At least as a general proposition, is dismissal with prejudice an appropriate sanction only upon clear evidence of deliberate delay?" | Pretrial Procedure - Memo # 6463 - C - SKG.docx | ROSS-003288326-ROSS-003288327 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4082 | Alpha Rho Zeta of Lambda Chi Alpha v. Inhabitants of City of Waterville, 477 A.2d 1131 | 371+2005 | All real estate within the State is made subject to taxation, 36 M.R.S.A. " 502. Real estate is statutorily defined as including all lands and all buildings affixed to the land, extending to interests and improvements in land, the fee of which is in the State, as well as interests by contract or otherwise in real estate exempt from taxation. 36 M.R.S.A. " 551. The right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide the essential needs of State government, i.e. to secure such revenue as will be sufficient and indispensable to the preservation of the public peace, health and safety. Morris v. Goss, 147 Me. 89, 102-103, 83 A.2d 556, 563-564 (1951). This Court recognized the taxability of the several distinct interests of different parties in the same premises such as between their respective interests in the land as distinguished from their interests in the buildings thereon. See Portland Terminal Co. v. Hinds, 141 Me. 68, 76-78, 39 A.2d 5, 8-9 (1944). | Right of taxation, i.e. to levy and collect taxes, is an essential attribute of sovereignty and its exercise is necessary to provide essential needs of state government, i.e. to secure such revenue as will be sufficient and indispensable to preservation of public peace, health and safety. 36 M.R.S.A. S 502. | Is the right to tax a crucial attribute of sovereignty? | 045314.docx | LEGALEASE-00142620-LEGALEASE-00142621 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4083 | United States v. 4,432 Mastercases of Cigarettes, More Or Less, 448 F.3d 1168 | 371+2060 | We hold, contrary to the district court, that the California cigarette tax is an excise tax, not expressly precluded by the FTZ Act. 19 U.S.C. " 81o(e). An ad valorem tax is defined by its method for calculating the size of the tax. Ad valorem is the Latin phrase for "according to value," and it describes a tax the size of which directly correlates to the value of the item taxed. See Quinault Indian Nation v. Grays Harbor County, 310 F.3d 645, 647 n. 1 (9th Cir.2002). The most common example of an ad valorem tax is the local property tax. An excise tax, by contrast, is one "imposed on the performance of an act ... or the enjoyment of a privilege." Id. at 651 (citing Black's Law Dictionary 563 (6th ed.1990)) (alteration in original). The quintessential excise tax in our country is the sales tax. An excise tax, because it is based on a particular transaction or activity, can be imposed only once per act, whereas an ad valorem property tax can be imposed annually, as is typical of property taxes. | An excise tax, because it is based on a particular transaction or activity, can be imposed only once per act, whereas an ad valorem property tax can be imposed annually, as is typical of property taxes. | "Can an excise tax, because it is based on a particular transaction or activity, be imposed only once per act, whereas an ad valorem property tax be imposed annually, as is typical of property taxes?" | 045719.docx | LEGALEASE-00142244-LEGALEASE-00142245 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4084 | Townsend v. Seurer, 791 F. Supp. 227 | 34+27(1) | Finally, it should be noted that there can be no dispute that Townsend's injury arose directly out of his attempt to attend a cargo loading class as a member of the Minnesota Air National Guard or that his attendance of the class was an activity incident to his military service. Because this court finds that the Feres doctrine bars an action against state civilian employees under 42 U.S.C. "" 1981, 1983, and 1985 for injuries arising out of activities incident to military service, defendants' motion for dismissal of plaintiff's federal claims will be granted. | Feres doctrine bars action against state civilian employees for injuries arising out of activities incident to military service. 42 U.S.C.A. SS 1981, 1983, 1985; Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | Does the Feres doctrine bar an action against state civilian employees and injuries arising out of activities incidental to military service? | 008658.docx | LEGALEASE-00144633-LEGALEASE-00144634 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 4085 | Robinson v. Kanawha Valley Bank, 44 Ohio St. 441 | 172H+369 | We fail to see how it can make any difference in this respect whether the party signing describes himself as agent simply, or adds the name of his principal. In either case the principle upon which his liability is established, and parol testimony excluded, must be the same. The instrument upon its face is his own, and not the promise of his principal. To this rule usage has established an apparent exception, in the instance where a bill is drawn or accepted by the cashier of a bank. But it is rather apparent than real; since the custom by which a cashier represents his bank in such matters, by simply signing his own name, is so general that the practice has reduced the custom to the certainty of a law, as it is everywhere understood that in such cases, whether he describes himself as cashier or not, he is an alter ego of the bank. His signature is a recognized mode in which a bank may become a party to commercial paper; and the obligation so created is that of the bank, and not of the cashier. | The custom by which a cashier represents his bank, by simply signing his own name, is so general that the practice has reduced the custom to the certainty of a law, as it is everywhere understood that in such cases, whether he describes himself as cashier or not, he is an alter ego of the bank. His signature is a recognized mode in which a bank may become a party to commercial paper; and the obligation so created is that of the bank, and not of the cashier. | Has the custom by which a cashier represents his bank by signing his own name been reduced to the certainty of a law? | Customs & Usage - Memo 268 - TB.docx | ROSS-003288807-ROSS-003288808 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 4086 | Lujan v. Alorica, 445 S.W.3d 443 | 307A+554 | The proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit is a motion to dismiss. See Young v. Valt.X Holdings, Inc., 336 S.W.3d 258, 261 (Tex.App.-Austin 2010, pet. dism'd), citing Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., 177 S.W.3d 605, 610 (Tex.App.-Houston [1st Dist.] 2005, no pet.). We review a trial court's dismissal predicated on a forum-selection clause for an abuse of discretion. Stokes Interest, G.P. v. Santo"Pietro, 343 S.W.3d 441, 444 (Tex.App.-El Paso 2010, no pet.). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." See Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31 (Tex.2010), quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241"42 (Tex.1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." Downer, 701 S.W.2d at 242. | The proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit is a motion to dismiss. | Is the proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit a motion to dismiss? | 032918.docx | LEGALEASE-00143753-LEGALEASE-00143754 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4087 | Providence Volunteer Fire Dep't v. Town of Weddington, 800 S.E.2d 425 | 307A+554 | In this first category where neither party submits evidence, "[t]he allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged." Bruggeman v. Meditrust Acquisition Co., 138 N.C.App. 612, 615, 532 S.E.2d 215, 217 (2000) (citations omitted). If, however, the defendant submits supportive evidence"for example an affidavit"along with the motion to dismiss, the complaint's allegations "can no longer be taken as true or controlling and the plaintif cannot rest on the allegations of the complaint." Id. at 615-16, 532 S.E.2d at 218 (citation omitted). In this instance, the court must consider "(1) any allegations in the complaint that are not controverted by the defendant's affidavit and (2) all facts in the affidavit (which are uncontroverted because of the plaintiff's failure to offer evidence)." Banc of Am., 169 N.C.App. at 693-94, 611 S.E.2d at 182-83 (citations omitted). | Where neither party submits evidence on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged. | "Where neither party submits evidence on a motion to dismiss for lack of personal jurisdiction, must the allegations of the complaint disclose jurisdiction although the particulars of jurisdiction need not be alleged?" | Pretrial Procedure - Memo # 5699 - C - MS.docx | ROSS-003288934-ROSS-003288935 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 4088 | Lighting Unlimited, Lighting Pittsburgh Div. v. Unger Const. Co., 217 Pa. Super. 252 | 25T+263 | As to the refusal of the lower court to grant a continuance, we must follow the long-standing rule that "an application for a continuance is an appeal to the discretion of the trial judge and his action in regard thereto will not be reversed unless such discretion is abused." Anderson v. Guerrein, etc., Co., 346 Pa. 80, 29 A.2d 682 (1943). In this case, we cannot say that the court below abused its discretion in refusing another continuance, especially in view of the history of past continuances and in view of the fact that defense counsel knew at the time he accepted employment in the case that he could not represent defendant on the date set for hearing. Unlike the facts in Nerkowski v. Yellow Cab Co., 436 Pa. 306, 259 A.2d 171 (1969) relied on by defendant, defense counsel in this case knew at the time he originally accepted employment that he had to appear in Federal Court on another matter on the date set for hearing in defendant's case. Proper and expedient administration of the court calendar does not permit such known previous commitment to be used as reason for continuing a trial which had already been continued several times. Defendant, when it hired counsel knowing of his previous commitment which prevented him from defending the case on the appointed day, took his chances that another continuance might not be granted. | Where case had record of past continuances and defendant's attorney knew at time he agreed to represent defendant that he could not defend case on day set for hearing before board of arbitrators as he would be engaged in trial of another case on that date, trial court's refusal to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion. | Would the court refuse to grant a continuance because of attorney's inability to attend hearing on date set was within its discretion? | 033224.docx | LEGALEASE-00144586-LEGALEASE-00144587 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 4089 | Voltz v. Dyess, 148 So. 3d 425 | 307A+560 | Standing alone, the plaintiffs' lengthy and unexplained delay might warrant the involuntary dismissal for lack of service pursuant to Rule 41(b), Ala. R. Civ. P. (permitting involuntary dismissal "[f]or failure of the plaintif to prosecute or to comply with these rules or any order of court"). However, the trial court did not dismiss the plaintiffs' action pursuant to Rule 41(b) for failure to prosecute. Under Rule 4(b), a failure to effect service within 120 days does not, alone, warrant summary dismissal absent at least 14 days' notice. From our review of the record, we find no indication that the trial court provided any notice at all to the plaintiffs before dismissing the action pursuant to Rule 4(b). | A failure to effect service within 120 days does not, alone, warrant summary dismissal of an action absent at least 14 days' notice. Rules Civ.Proc., Rule 4(b). | "Does a failure to effect service within 120 days not, alone, warrant summary dismissal of an action absent at least 14 days' notice?" | Pretrial Procedure - Memo # 6218 - C - NS.docx | ROSS-003328706-ROSS-003328707 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4090 | Speer v. Presbyterian Children's Home & Serv. Agency, 847 S.W.2d 227 | 30+781(1) | \The dissent offers two arguments why we should not dismiss this case as moot. The first argument relates to the merits of the case, in which the dissent claims that dismissal "endors[es] ... evasion of our state prohibition against employment discrimination." infra 847 S.W.2d at 242 (Doggett, J., dissenting). We do nothing of the kind. Dismissal for mootness is not a ruling on the merits. Rather, the court's duty to dismiss moot cases arises from a proper respect for the judicial branch's unique role under our constitution: to decide contested cases. Under our constitution, courts simply have no jurisdiction to render advisory opinions. Tex. Const. art. II, " 1. Furthermore, it is hard to understand why the dissent would insist that this case remains alive when all of the requested relief has been foreclosed by the very change in circumstances the Act was designed to achieve: a party has ended the allegedly illegal hiring practice. | Dismissal of appeal for mootness is not ruling on merits; rather, court's duty to dismiss moot cases arises from proper respect for judicial branch's unique constitutional role to decide contested cases. Vernon's Ann.Texas Const. Art. 2, S 1. | Is it a court's duty to dismiss a case as moot arises from a proper respect for the judicial branch's unique role? | Pretrial Procedure - Memo # 6591 - C - NS.docx | ROSS-003316744-ROSS-003316746 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 4091 | Ballard v. Perry's Adm'r, 28 Tex. 347 | 307A+74 | The exceptions to the depositions of the witnesses, Robinson, Crosby, Allen, Turner, and Butler, were properly overruled. The certificates of the officers before whom they were taken show a substantial, though not a literal, compliance with the directions of the statute. The law requires the answer of a witness to interrogatories shall be made under oath in presence of the officer who takes the depositions. If the certificate show that this has been done, it is in this particular sufficient. No technical form of certificate is prescribed or required. | If the certificate upon a deposition shows that the answers of the witness were made under oath in the presence of the officer taking the deposition, it is sufficient in this particular. No technical form of certificate is prescribed or required. | Is it sufficient if the certificate upon a deposition shows that the answers of the witness were made under oath in the presence of the officer taking the deposition? | 034423.docx | LEGALEASE-00143639-LEGALEASE-00143640 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 4092 | McCrillis v. McCrillis, 38 Vt. 135 | 307A+74 | The form given in the statute for the certificate and caption of a deposition is to be regarded as a part of the law of the state governing the taking of depositions. But it has never been regarded as necessary that this form should be literally and exactly followed, but that all it contains and requires should be substantially used and embraced in order to make a sufficient compliance with the law. | The form given in the statute for the certificate and caption of a deposition need not necessarily be literally and exactly followed, but all it contains and requires should be substantially used and embraced, in order to make a sufficient compliance with the law. | Should the form given in the statute for the certificate and caption of a deposition be literally and exactly followed in order to make a sufficient compliance with the law? | 034455.docx | LEGALEASE-00143768-LEGALEASE-00143769 | Condensed, SA, Sub | 0.34 | 0 | 1 | 1 | 1 | 1 |
| 4093 | Curley v. Kaiser, 112 Conn. App. 213 | 13+6 | "Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties.... Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties." (Internal quotation marks omitted.) Wilcox v. Ferraina, 100 Conn.App. 541, 547, 920 A.2d 316 (2007). | Mootness is a threshold issue that implicates subject-matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | Is mootness a threshold issue which imposes a duty of a court to dismiss a case if the court can no longer grant practical relief to the parties? | Pretrial Procedure - Memo # 6794 - C - KA.docx | ROSS-003289855-ROSS-003289856 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4094 | Webb v. City of Bloomington, 159 Ind. App. 258 | 307A+552 | The absence of a litigable claim is fatal. TR. 8 IC 1971, 34-5-1-1 requires the plaintiff to state a claim for relief. TR. 12(B)(6) IC 1971, 34-5-1-1 states that the failure to do so makes the cause subject to dismissal. TR. 41(E) sanctions dismissal where, among other things, there has been a failure to comply with "these" rules, which we deem to embrace TR. 8 and TR. 12. The fact that the cause for dismissal arises subsequent to the commencement of the remonstrance does not affect what we believe to be the court's inherent power to dismiss in the absence of a justiciable issue. | Fact that cause for dismissal arises subsequent to commencement of remonstrance to annexation proceeding does not affect court's inherent power to dismiss in absence of a justiciable issue. Rules TR. 8, 12, 12(B)(6), 41(E) (Rules of Civil Procedure), IC 1971, 34-5-1-1, Rules 8, 12, 12(b)(6), 41(e). | Does the fact that cause for dismissal arises subsequent to commencement of remonstrance affect court's inherent power to dismiss in absence of a justiciable issue? | 034731.docx | LEGALEASE-00144947-LEGALEASE-00144948 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 4095 | Turner v. Marine Inland Transp. Co. 946 So.2d 185 | 307A+590.1 | Article 561 of the Louisiana Code of Civil Procedure provides, in pertinent part:A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, shall execute a return pursuant to Article 1292. | An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. LSA-C.C.P. art. 561. | Is an action abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years? | 035039.docx | LEGALEASE-00144548-LEGALEASE-00144549 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 4096 | Appeal of Boeing Co., 261 Kan. 508 | 371+2001 | "A distinction exists between general taxes and assessments for special or local improvements. The former are exactions placed upon the citizens by the taxing authorities for the support of the government while the latter are imposed upon property within a limited area for payment of special or local improvements." Mount Hope Cemetery Co. v. City of Topeka, 190 Kan. 702, Syl. 2, 378 P.2d 30 (1963)(cemetery held exempt from assessment for general taxation purposes but not exempt from assessment for special or local improvements, a street paving project). | "General taxes" are exactions placed upon citizens by taxing authorities for support of government while "special assessments" are imposed upon property within limited area for payment of special or local improvements. | "Are ""general taxes"" exactions placed upon citizens by taxing authorities for support of government?" | 045699.docx | LEGALEASE-00144519-LEGALEASE-00144520 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4097 | Miron v. BDO Seidman, LLP, 342 F. Supp. 2d 324 | 25T+182(1) | With respect to equitable estoppel, there are two theories of estoppel under which the Deutsche Bank Defendants may be able to compel arbitration. The first and more traditional theory allows signatories to impose arbitration on non-signatories when the non-signatory knowingly embraces, exploits, or receives the benefits of the agreement containing the arbitration clause, despite having never signed it. See E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S., 269 F.3d 187, 199 (3rd Cir.2001); Thomson"CSF, 64 F.3d at 778; Bannett v. Hankin, 331 F.Supp.2d 354, 359"60 (E.D.Pa.2004) (compelling arbitration by estoppel where the signatory's claims against a non-signatory "make reference to or presume the existence of" the written agreement, or "arise out of and relate directly to" the agreement).This theory is somewhat inapplicable in this case given that here, the non-signatory Defendants are seeking to enforce the arbitration agreement. Furthermore, there is no evidence that the Deutsche Bank Defendants had any duties or received any direct benefits under the terms of the BDO Agreement. | Traditional theory of equitable estoppel allows signatories of arbitration agreements to impose arbitration on non-signatories when the non-signatory knowingly embraces, exploits, or receives the benefits of the agreement containing the arbitration clause, despite having never signed it. | Does the traditional theory of equitable estoppel allow signatories of arbitration agreements to impose arbitration on non-signatories? | 007787.docx | LEGALEASE-00146448-LEGALEASE-00146449 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 4098 | Oluwabukola Olawoye v. Olufisayo Arubuola, 198 So. 3d 1086 | 307A+746 | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment. Fla. R. Civ. P. 1.200(c). However, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order "that the party's conduct was willful and contumacious." Schneider v. Spaeth, 133 So.3d 1167, 1168 (Fla. 4th DCA 2014) (citations omitted); see also Mullins v. Moneyham, 861 So.2d 108 (Fla. 1st DCA 2003) (reversing order striking pleadings and entering default as sanction for failure to comply with discovery order; order lacked express written findings of willful or deliberate violation); Greenhill v. Shands Teaching Hosp. & Clinics, Inc., 834 So.2d 896 (Fla. 1st DCA 2003) (reversing dismissal of action upon appellants' failure to comply with pretrial conference order due to lack of finding in order that party's conduct was willful or deliberate); Kelley v. Schmidt, 613 So.2d 918 (Fla. 5th DCA 1993) (reversing order striking pleadings and entering default judgment upon party's failure to attend pretrial conference; order lacked express written findings of willfulness or contumacious behavior). The absence of such finding expressed in the order striking Appellants' answer and entering a default against them requires reversal. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990). | Trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment; however, the severe sanction of striking pleadings and entering a default must be supported by an express finding in the order that the party's conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Do trial courts exercise discretion in sanctioning a party for failure to attend a pretrial conference, and striking that party's pleadings is an available punishment?" | 033148.docx | LEGALEASE-00145859-LEGALEASE-00145860 | Order, SA | 0.74 | 1 | 0 | 0 | 1 | |
| 4099 | Schindler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102 | 307A+563 | Although this court has recognized that dismissing a case with prejudice "is a drastic remedy which courts should employ only in extreme situations," see Townsend v. Feinberg, 659 So.2d 1218, 1219 (Fla. 4th DCA 1995), a trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame. Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974, 974"75 (Fla. 5th DCA 1989). Additionally, "prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious." | Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious. West's F.S.A. RCP Rule 1.420(b). | "Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, should the court make a finding that the failure to comply was wilful or contumacious?" | 034045.docx | LEGALEASE-00145126-LEGALEASE-00145127 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4100 | Ruddock v. Burrowes, 243 Conn. 569 | 307A+746 | Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike; Hughes v. Bemer, 206 Conn. 491, 495, 538 A.2d 703 (1988); or from a plaintiff's inordinate delay in appointing an administrator or executor. Walworth v. Hartford Hospital, 23 Conn.App. 404, 408"409, 580 A.2d 545 (1990). The rationale of those cases does not compel denial of relief under " 52"592(a) to the plaintiffs in the present case if they can prove the circumstances of the dismissal of their case to be as alleged. | Consent to dismissal of action may be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike, or from plaintiff's inordinate delay in appointing administrator or executor. | Can consent to dismissal of action be inferred from plaintiff's failure to file memorandum in opposition to defendant's motion to strike? | Pretrial Procedure - Memo # 6494 - C - NS.docx | ROSS-003328810-ROSS-003328811 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4101 | Tomlinson-McKenzie v. Prince, 718 So. 2d 394 | 307A+746 | The objecting party is prejudiced by the admission of such evidence if the party might have taken some action to protect itself had it had timely notice of the witness or exhibit, and there exists no other alternatives to alleviate the prejudice.The supreme court, in Binger, stated that Prejudice in this sense refers to the surprise in fact of the objecting party, and it is not dependent on the adverse nature of the testimony. Other factors which may enter into the trial court's exercise of discretion are: (i) the objecting party's ability to cure the prejudice or, ... [its] independent knowledge of the existence of the witness; (ii) the calling party's possible intentional, or bad faith, noncompliance with the pretrial order; and (iii) the possible disruption of the orderly and efficient trial of the case (or other cases). | Objecting party is prejudiced by the admission of evidence not disclosed pursuant to pretrial order, such that evidence could be excluded, if the party might have taken some action to protect itself had it had timely notice of the witness or exhibit, and there exists no other alternatives to alleviate the prejudice. | When is an objecting party prejudiced by the admission of evidence not disclosed pursuant to pretrial order? | 034056.docx | LEGALEASE-00145148-LEGALEASE-00145149 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 4102 | Nagy v. Dist. Court of City & Cty. of Denver, 762 P.2d 158 | 307A+746 | Whether to impose sanctions and the nature of the sanctions to be imposed are matters for the sound exercise of the trial court's discretion, and the courts are given flexibility in choosing the appropriate sanction. KN Energy, Inc. v. Great W. Sugar Co., 698 P.2d 769, 787 (Colo.1985), cert. denied, 472 U.S. 1022, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985); Scrima v. Goodley, 731 P.2d 766, 767 (Colo.Ct.App.1986); Muck v. Stubblefield, 682 P.2d 1237, 1240 (Colo.Ct.App.1984). A trial court's decision to impose a sanction will not be overturned unless such decision was an abuse of discretion, or "manifestly arbitrary, unreasonable, or unfair." People v. Milton, 732 P.2d 1199, 1207 (Colo.1987). | Whether to impose sanctions and nature of sanctions to be imposed for failure to file trial data certificate are matters for sound exercise of trial court's discretion, and courts are given flexibility in choosing appropriate sanction. Rules Civ.Proc., Rule 121(c), Standard S 1-18, subd. 1(d). | Are whether to impose sanctions and nature of sanctions to be imposed for failure to file trial data certificate matters for sound exercise of trial court's discretion? | 034098.docx | LEGALEASE-00145304-LEGALEASE-00145305 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 4103 | Old Home Enter. v. Fleming, 20 Neb. App. 705 | 307A+560 | According to the Nebraska statutes, an "action shall stand dismissed without prejudice as to any defendant not served within six months from the date the complaint was filed." Neb.Rev.Stat. " 25"217 (Reissue 2008). The only way to ensure that an unserved action stands dismissed, as required by statute, is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. See Vopalka v. Abraham, 260 Neb. 737, 619 N.W.2d 594 (2000). | The only way to ensure that an unserved action stands dismissed is to hold that such dismissal occurs by operation of law, without predicate action by the trial court. West's Neb.Rev.St. S 25-217. | "Is without predicate action by a trial court, the only way to ensure that an unserved action stands dismissed to hold that such dismissal occurs by operation of law?" | Pretrial Procedure - Memo # 6535 - C - AP.docx | ROSS-003289237-ROSS-003289238 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 4104 | Vidal v. Perez, 720 So. 2d 605 | 307A+560 | Nevertheless, we reverse the dismissal of the amended complaint because the record in this case shows sufficient good cause for the failure to timely provide service. "The trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented." Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992). | Trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented. | Does a trial judge have broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented? | Pretrial Procedure - Memo # 6911 - C - KS.docx | ROSS-003289913-ROSS-003289914 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 4105 | Bacou-Dalloz Safety v. Hall, 938 So. 2d 820 | 307A+560 | Although Bacou-Dalloz frames the issue as three separate considerations, there is but one assignment of error before us on appeal: whether the circuit court erred in denying Bacou-Dalloz's Motion to Dismiss for failure to serve process within 120 days pursuant to M.R.C.P. 4(h). The denial of a motion to dismiss presents a question of law, which we review de novo. Harris v. Miss. Valley State Univ., 873 So.2d 970, 988 (Miss.2004). We review any findings of fact made by the circuit court for abuse of discretion. Holmes v. Coast Transit Auth., 815 So.2d 1183, 1185 (Miss.2002). Whether the circuit court erred in denying Bacou-Dalloz's Motion to Dismiss for failure to serve process within 120 days pursuant to M.R.C.P. 4(h). Rule 4(h) of the Mississippi Rules of Civil Procedure addresses service of process: If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.M.R.C.P. 4(h) (emphasis added). Bacou-Dalloz asserts the circuit court erred by denying its Motion to Dismiss for failure to serve within the 120-day period provided by Rule 4(h).The record indicates plaintiffs attempted service of the Original Complaint on Corporation Service Company at the wrong name and wrong address, although the address was one used by plaintiffs' counsel in the past to serve Bacou-Dalloz. Somehow, another company-CT Corporation System-received Bacou-Dalloz's service of process, and plaintiffs were informed of this error by letter dated December 10, 2002. Plaintiffs made no attempt to serve Bacou-Dalloz with their First Amended Complaint, filed December 31, 2002. Plaintiffs only served Bacou-Dalloz with the Second Amended | Dismissal of personal injury action against corporation was warranted, for failure to serve summons and complaint on a defendant within 120 days of filing the complaint, in the absence of a showing of good cause for the failure of service; plaintiffs failed to explain why they did not reissue process after they learned that service had been made upon the wrong corporation and why they did not request extension of time to serve process, and service upon the correct address was only made 442 days after expiration of 120-day period for service. Rules Civ.Proc., Rule 4(h). | "If a plaintiff fails to serve a summons and complaint upon a defendant within 120 days, should the circuit court dismiss the action against that defendant without prejudice?" | 034697.docx | LEGALEASE-00145498-LEGALEASE-00145500 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 4106 | Duncan v. Johnson, 14 So. 3d 760 | 307A+622 | Our trial courts possess an inherent authority to dismiss frivolous complaints, sua sponte, even prior to service of process on the defendants.2 See Blanks v. State, 594 So.2d 25, 28 (Miss.1992) ("If .. the complaint is frivolous, process need not be issued. In this event, there would be no occasion for the defendants to file an answer to the prisoner's complaint."). See also Bilbo v. Thigpen, 647 So.2d 678, 684 (Miss.1994). Although a trial court is required to give a liberal construction to pro se civil rights complaints, see Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994), we review a trial court's conclusion that a complaint is frivolous for abuse of discretion. Huggins v. State, 928 So.2d 981, 983(4) (Miss.Ct.App.2006) (citing Dock v. State, 802 So.2d 1051, 1056(11) (Miss.2001)). The power to dismiss a frivolous complaint is distinct from a trial court's authority to dismiss for failure to state a claim under Rule 12(b)(6). See Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A trial court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327, 109 S.Ct. 1827. | A trial court has not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. | Is the court's power to dismiss a frivolous complaint distinct from a court's authority to dismiss such a complaint for failure to state a claim? | 034708.docx | LEGALEASE-00146244-LEGALEASE-00146245 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4107 | Laycox v. Jaroma, 709 S.W.2d 2 | 307A+479 | Appellant's failure to timely answer these requests for admissions, timely file written objections, or obtain leave of court to file the answers late, resulted in each request for admission being deemed admitted pursuant to Tex.R.Civ.P. 169. Failure to obtain a ruling on the motion for leave to file late responses precludes complaint of the action of the trial court in deeming the requests for admission admitted. See, Texas Employer's Insurance Ass'n. v. Bragg, 670 S.W.2d 712 (Tex.App."Corpus Christi 1984, writ ref'd n.r.e.). | Failure to obtain a ruling on a motion for leave to file late responses to requests for admissions precludes complaint of action by the trial court in deeming the requests admitted. Vernon's Ann.Texas Rules Civ.Proc., Rule 169. | "In absence of a motion to permit a late filing of answer, can there be no complaint of action of a trial court in entering its order decreeing that a request for admissions be deemed admitted?" | 034770.docx | LEGALEASE-00145272-LEGALEASE-00145273 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 4108 | Consol Pennsylvania Coal Co. v. Dep't of Envtl. Prot., 129 A.3d 28 | 13+6 | Generally, "[t]he Court will dismiss an appeal as moot unless an actual case or controversy exists at all stages of the judicial or administrative process."Horsehead Resource Development Co. v. Department of Environmental Protection, 780 A.2d 856, 858 (Pa.Cmwlth.2001) (en banc ), appeal denied, 568 Pa. 708, 796 A.2d 987 (2002)."[T]he existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication, with sufficiently adverse parties to sharpen the issues for judicial resolution." City of Philadelphia v. Southeastern Pennsylvania Transportation Authority (SEPTA), 937 A.2d 1176, 1179 (Pa.Cmwlth.2007) (en banc ). The key inquiry in determining whether a case is moot is whether the court or agency will be able to grant effective relief and whether the litigant has been deprived of the necessary stake in the outcome of the litigation. Al Hamilton Contracting Co. v. Department of Environmental Resources, 90 Pa.Cmwlth. 228, 494 A.2d 516, 518 (1985). | The existence of a case or controversy requires a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication, with sufficiently adverse parties to sharpen the issues for judicial resolution. | Will a court dismiss an action as moot unless an actual case or controversy exists at all stages of the judicial or administrative process? | 034798.docx | LEGALEASE-00145679-LEGALEASE-00145680 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4109 | Com. v. Teixeira, 475 Mass. 482 | 110+240 | General Laws c. 276, " 38, is silent on the question whether a BMC judge may issue discovery orders, or any other orders, in anticipation of a probable cause hearing. That such authority is not provided explicitly in the terms of the statute, however, does not mean that it does not exist. "[C]ourts have inherent power "to do whatever may be done under the general principles of jurisprudence to insure to the citizen a fair [hearing], whenever his life, liberty, property or character is at stake" " (citation omitted). Commonwealth v. Charles, 466 Mass. 63, 73, 992 N.E.2d 999 (2013). We have noted, in this vein, that "the District Court [and the BMC] have the power to [issue] ... orders which are reasonably designed to provide the means for intelligent consideration of probable cause" (citation omitted). Commonwealth v. Hinterleitner, 391 Mass. 679, 683, 464 N.E.2d 46 (1984).To the extent that a judge's order is "a legitimate exercise of [this] inherent power of the District Courts [or BMC], the lack of statutory authorization for that [order] is immaterial." Brach v. Chief Justice of the Dist. Court Dep't, 386 Mass. 528, 535, 437 N.E.2d 164 (1982). | To the extent that a judge's order is a legitimate exercise of the inherent power of the District Courts or Boston Municipal Court to issue orders reasonably designed to provide the means for intelligent consideration of probable cause to bind a defendant over to the Superior Court for trial on charges over which District Courts and Boston Municipal Court lack jurisdiction, the lack of statutory authorization for that order is immaterial. | "When courts invoke their inherent authority to fashion remedies to respond to fraud on the court, is a lack of statutory authorization immaterial?" | 034840.docx | LEGALEASE-00146212-LEGALEASE-00146213 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 4110 | Armstrong v. Elmore, 990 S.W.2d 62 | 30+19 | On appeal, Mr. Armstrong claims that the trial court erred in granting the County Clerk's motion for summary judgment because Article III, section 49 of the Missouri Constitution and section 67.582, RSMo 1994, provide that a law enforcement sales tax passed under section 67.582 is repealable by ballot initiative. A threshold question in any appellate review of a controversy is the mootness of the controversy. State ex rel. Chastain v. City of Kansas City, 968 S.W.2d 232, 237 (Mo.App. W.D.1998). Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness sua sponte. Id. In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy. Id.; State ex rel. Missouri Cable Television Ass'n v. Missouri Public Serv. Comm'n, 917 S.W.2d 650, 652 (Mo.App. W.D.1996). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812"813 (Mo.App. W.D.1997). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. Chastain, 968 S.W.2d at 237. "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion." Gilroy"Sims and Assoc. v. City of St. Louis, 697 S.W.2d 567, 569 (Mo.App. E.D.1985). | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? | 10816.docx | LEGALEASE-00094436-LEGALEASE-00094437 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4111 | Jones v. Merrill Lynch, Pierce, Fenner & Smith, 604 So. 2d 332 | 307A+563 | Finally, we consider whether the trial judge erred in granting the defendants' "Motion to Dismiss for Failure to Comply with Court Orders and for Want of Prosecution." Ala.R.Civ.P. 41(b) provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Rules of Civil Procedure] or any order of [the] court." Although dismissal for failure to comply with a court order is a "harsh sanction," it is warranted where there is a "clear record of delay, willful default or contumacious conduct by the plaintiff." Selby v. Money, 403 So.2d 218, 220 (Ala.1981). Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir.1976); Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1051 (9th Cir.1971), cert. denied, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). Therefore we will reverse that decision only upon a showing of abuse of discretion. Selby, at 220; Smith v. Wilcox County Bd. of Educ., 365 So.2d 659 (Ala.1978). | Dismissal for failure to comply with court order is warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff. Rules Civ.Proc., Rule 41(b). | "Is dismissal for failure to comply with a court order warranted where there is clear record of delay, willful default or contumacious conduct by plaintiff?" | Pretrial Procedure - Memo # 7026 - C - NS.docx | ROSS-003326539-ROSS-003326541 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4112 | Presbyterian St. Luke's Hosp. v. Feil, 75 Ill. App. 3d 438 | 307A+563 | Dismissal of a complaint as a sanction for noncompliance with orders of the court is proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority (Swedien v. Hadley School For The Blind (1979), 70 Ill.App.3d 466, 27 Ill.Dec. 14, 388 N.E.2d 977; Hansen v. Skul (1977), 54 Ill.App.3d 1, 11 Ill.Dec. 813, 369 N.E.2d 267, In re Estate of Fado, supra). Sanctions, when imposed for failure to comply with discovery rules or orders, should be such as to promote the goal of discovery, not to punish the offending party. (People ex rel. General Motors Corp. v. Bua (1967), 37 Ill.2d 180, 196, 226 N.E.2d 6; Department of Transportation v. Zabel (1975), 29 Ill.App.3d 407, 410, 330 N.E.2d 878.) Dismissal should be employed only as a last resort. (Schwartz v. Moats (1971), 3 Ill.App.3d 596, 599, 277 N.E.2d 529; Gillespie v. Norfolk & Western Ry. Co., supra.) | Dismissal of a complaint as a sanction for noncompliance with orders of the court is proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority. Supreme Court Rules, rule 201(e), S.H.A. ch. 110A, S 201(e). | "Is dismissal of a complaint as a sanction for noncompliance with orders of the court proper only where a party has shown a deliberate, contumacious and unwarranted disregard for the court's authority?" | 035138.docx | LEGALEASE-00146077-LEGALEASE-00146078 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |
| 4113 | Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | Nevertheless, the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. Benjamin"Jenkins v. Lawson, 2000"0958 at p. 4, 781 So.2d at 895. Moreover, no post-abandonment action(s) by a plaintiff can revive an abandoned action. Clark v. State Farm Mutual Automobile Insurance Company, 2000"3010 at p. 15, 785 So.2d at 789. | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Is the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step insufficient to interrupt the abandonment period? | 035148.docx | LEGALEASE-00146202-LEGALEASE-00146203 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 4114 | In re Patton, 47 S.W.3d 825 | 307A+746 | A writ of mandamus will lie only if the trial court abuses its discretion and there is no adequate remedy by appeal. A trial court has power, implicit under rule 166 of the Texas Rules of Civil Procedure, to sanction a party for failing to obey the court's pretrial orders. However, a trial court abuses its discretion if the sanctions imposed are not just. In determining whether sanctions, including death penalty sanctions, are just and appropriate, we review the sanctions order under the two-prong test set forth in TransAmerican. First, a direct relationship must exist between the offensive conduct and the sanction imposed. This prong is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. Second, the sanction imposed must not be excessive. This prong requires trial courts to consider whether the imposition of lesser sanctions would promote compliance. | The requirement that sanctions for violations of pre-trial orders must be related to offensive conduct is not met when the party seeking sanctions can show no prejudice due to the offending party's conduct. Vernon's Ann.Texas Rules Civ.Proc., Rule 166. | Is the requirement that sanctions for violations of pre-trial orders must be related to offensive conduct not met when the party seeking sanctions can show no prejudice due to the offending party's conduct? | 035207.docx | LEGALEASE-00145796-LEGALEASE-00145797 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 4115 | Ramey v. Haverty Furniture Companies, 993 So. 2d 1014 | 307A+563 | "[A] trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court." Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002). "Such power is indispensable to the proper administration of justice, because no litigant has a right to trifle with the courts. It is a power, however, which should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing." Tri Star Invs., Inc. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981). | Trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court, and such power is indispensable to the proper administration of justice because no litigant has a right to trifle with the courts; however, it is a power which should be exercised cautiously and sparingly, and only upon a clear showing of fraud, pretense, collusion, or similar wrongdoing. | Do trial courts have the inherent authority to dismiss an action as a sanction when it learns that a plaintiff has perpetrated a fraud on the court? | 035227.docx | LEGALEASE-00145899-LEGALEASE-00145900 | SA, Sub | 0.24 | 0 | 0 | 1 | 1 | |
| 4116 | Martinez v. Thaler, 931 S.W.2d 45 | 307A+622 | Trial courts have broad discretion in dismissing in forma pauperis actions they find to be frivolous. Thomas v. Texas Dept. of Criminal Justice, Institut. Div., 848 S.W.2d 797, 798 (Tex.App."Houston [14th Dist.] 1993, writ denied). An abuse of discretion occurs if the trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. Id. Both state and federal courts have approved dismissal of lawsuits filed in forma pauperis when those suits have no basis in law or fact. See, e.g., Pugh v. Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir.1989); Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex.1990). | Trial courts have broad discretion in dismissing in forma pauperis actions they find to be frivolous; abuse of discretion occurs if trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. | Do courts have broad discretion in dismissing in forma pauperis suits they find to be frivolous? | 035233.docx | LEGALEASE-00145911-LEGALEASE-00145912 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 4117 | urner v. Marine Inland Transp. Co. 7 So. 3d 75 | 307A+590.1 | As discussed in Turner, supra, La.Code Civ. Pro. Art. 591 requires three things to defeat a motion to dismiss based on abandonment. First, a party must take some "step" in the prosecution or defense of the action; second, this step must be done on the record of the suit except for formal discovery; and third, the "step" must be made within three years of the last "step." A party takes a "step" in the prosecution or defense of the action when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. | A party takes a "step" in the prosecution or defense of the action, for purposes of abandonment, when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. LSA-C.C. art. 591. | "Does a party take a ""step"" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment?" | Pretrial Procedure - Memo # 7253 - C - SK.docx | ROSS-003315591-ROSS-003315592 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 4118 | Childs v. Huff, 586 So. 2d 939 | 307A+753 | Initially the Childses, without citing supporting authority, assert that the trial court erred in allowing a bankruptcy expert to give his opinion concerning the valuation of the property at the time of foreclosure. The name of the witness had not been disclosed as directed in the pretrial order. The decision whether to allow the testimony of such witness is generally a matter within the sound discretion of the trial court and will not be reversed on appeal absent any abuse. Mitchell v. Moore, 406 So.2d 347 (Ala.1981). We find no abuse of discretion. We further point out that the issue was insufficiently presented to this court under Rule 28, A.R.A.P. | Decision whether to allow testimony of witnesses not disclosed as directed in pretrial order is generally matter within sound discretion of trial court and will not be reversed on appeal absent any abuse. | Is the decision whether to allow testimony of witnesses within sound discretion of trial court and will not be disturbed absent abuse of that discretion? | 035302.docx | LEGALEASE-00145619-LEGALEASE-00145620 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4119 | Iacurci v. Wells, 108 Conn. App. 274 | 13+6 | Before we can reach the merits of the defendants' appeal, we first must determine whether the case has been rendered moot because the defendants are no longer in possession of the leased property. "Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties.. Mootness presents a circumstance wherein the issue before the court has been resolved or had lost its significance because of a change in the condition of affairs between the parties.. [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the of which no practical relief can follow." (Internal quotation marks omitted.) Wilcox v. Ferraina, 100 Conn.App. 541, 547"48, 920 A.2d 316 (2007). "We have consistently held that an appeal from a summary process judgment becomes moot where, at the time of the appeal, the defendant is no longer in possession of the premises." (Internal quotation marks omitted.) Cheshire v. Lewis, 75 Conn.App. 892, 893, 817 A.2d 1277, cert. denied, 264 Conn. 905, 826 A.2d 177 (2003). "Our Supreme Court, however, has allowed us to retain jurisdiction where the matter being appealed creates collateral consequences prejudicial to the interests of the appellant, even though developments during the pendency of the appeal would otherwise render it moot." (Internal quotation marks omitted.) Wilcox v. Ferraina, supra, at 548, 920 A.2d 316. | Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. | Does mootness impose a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties? | 035313.docx | LEGALEASE-00146246-LEGALEASE-00146247 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 4120 | Johnson v. Horizon Fisheries, 148 Wash. App. 628 | 307A+563 | While dismissal is disfavored, it is justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party. Disregarding a trial court's order without reasonable excuse or justification is considered willful. The trial court must indicate on the record that it has considered sanctions less harsh than dismissal. | While involuntary dismissal of an action is disfavored, it is justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party. CR 41(b). | "While involuntary dismissal of an action is disfavored, is it justified when a party's refusal to obey the trial court's order was willful or deliberate and substantially prejudiced the other party?" | 035422.docx | LEGALEASE-00145103-LEGALEASE-00145104 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 4121 | Cherubino v. Fenstersheib & Fox, P.A., 925 So. 2d 1066 | 307A+563 | Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, the trial court's discretion is narrowed where dismissal is imposed for fraudulent conduct such as that alleged here, in which a more stringent abuse of discretion standard is appropriate. Such sanction may be imposed only on a "clear showing of fraud, pretense, collusion, or similar wrongdoing." Tri Star Inv. v. Miele, 407 So.2d 292, 293 (Fla. 2d DCA 1981); see also Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998). | Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, the trial court's discretion is narrowed where dismissal is imposed for fraudulent conduct, in which a more stringent abuse of discretion standard is appropriate; such sanction may be imposed only on a clear showing of fraud, pretense, collusion, or similar wrongdoing. | "Although a dismissal imposed as a sanction is reviewed under an abuse of discretion standard, is the trial court's discretion narrowed where dismissal is imposed for fraudulent conduct?" | Pretrial Procedure - Memo # 7364 - C - NS.docx | ROSS-003303535 | SA, Sub | 0.3 | 0 | 0 | 1 | 1 | |
| 4122 | Lee v. Labor & Indus. Review Comm'n, 202 Wis. 2d 558 | 307A+563 | "A circuit court's decision to dismiss an action is discretionary"; it will not be disturbed on appeal unless the circuit court erroneously exercised that discretion. Johnson v. Allis Chalmers Corp., 162 Wis.2d 261, 273, 470 N.W.2d 859, 863 (1991). Circuit courts have both statutory authority and the inherent authority to dismiss an action if the party seeking judicial relief fails to obey court orders. Id., 162 Wis.2d at 274"275, 470 N.W.2d at 863"864. As noted above, "the provisions governing civil actions in the circuit court apply to Chapter 227 reviews as long as those provisions do not conflict with Chapter 227." Rule 805.03, Stats., is such a provision. It gives the circuit court authority to dismiss an action if, inter alia, a "claimant" fails to prosecute his or her action, or if any party fails "to obey any order of court." A dismissal, however, is warranted only if the failure to comply with the court's order is "egregious." Johnson, 162 Wis.2d at 275, 470 N.W.2d at 864. A party's failure to comply with a court order is "egregious" unless the defaulting party shows " "clear and justifiable excuse" " for the failure. Id., 162 Wis.2d at 275"276, 470 N.W.2d at 864 (citation omitted). Rather than attempting to make that showing, Lee contended that the circuit court's briefing schedule was unlawful. Under these circumstances, we cannot conclude that the circuit court erroneously exercised its discretion in dismissing Lee's Chapter 227 review petition. | Circuit courts have both statutory authority and inherent authority to dismiss action if party seeking judicial relief fails to obey court orders. | Do circuit courts have both statutory authority and inherent authority to dismiss action if a party seeking judicial relief fails to obey court orders? | 035516.docx | LEGALEASE-00145684-LEGALEASE-00145685 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 4123 | Graham v. City of Fort Worth, 75 S.W.2d 930 | 268+967(1) | It is true that when a judicial inquiry arises as to the power of a municipality, or even the state, to impose a tax, the rule of strict construction is applied against the existence of such power, but when the general power is conceded, or is clearly shown to exist, and the inquiry arises upon a question of exemption from taxation, the rule of strict construction is applied against such exemption. Jones v. Williams, 121 Tex. 94, 45 S.W.(2d) 130, 79 A. L. R. 983; Texas Employers' Ins. Ass'n v. City of Dallas (Tex. Civ. App.) 5 S.W.(2d) 614; Trinity Methodist Episcopal Church v. City of San Antonio (Tex. Civ. App.) 201 S. W. 669; Great No. Ry. Co. v. Minnesota, 216 U. S. 206, 30 S. Ct. 344, 54 L. Ed. 446; Henderson Bridge Co. v. City of Henderson, 173 U. S. 592, 19 S. Ct. 553, 43 L. Ed. 823; Cooley on Taxation, art. 672. It seems to us, however, there is no such ambiguity in either the constitutional amendment or the provisions of the city charter as properly to call for application of rules of construction. | Courts in inquiring into power of municipality to impose a tax apply rule of strict construction against existence of power, but when general power is conceded, or is clearly shown to exist, and inquiry arises on question of exemption from taxation, rule of strict construction is applied against exemption. | Do courts in inquiring into power of state to impose a tax apply rule of strict construction against existence of power? | Taxation - Memo # 806 - C - KBM.docx | ROSS-003286903-ROSS-003286904 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 4124 | Nye v. Indus. Claim Appeals Office of State of Colo., 883 P.2d 607 | 413+2 | There is no constitutionally protected civil right in workers' compensation benefits. Tomsha v. City of Colorado Springs, 856 P.2d 13 (Colo.App.1992). Statutory benefits created or allowed under the workers' compensation scheme exist only to the extent allowed and intended by applicable statutes, and legislation prospectively limiting or rescinding benefits does not deprive persons of constitutionally protected property interests. Wood v. Beatrice Foods Co., 813 P.2d 821 (Colo.App.1991). | There is no constitutionally protected civil right in workers' compensation benefits; statutory benefits created or allowed under workers' compensation scheme exist only to extent allowed and intended by applicable statute and legislation prospectively limiting or rescinding benefits does not deprive persons of constitutionally protected property interest. | To what extent do statutory benefits under workers compensation exist? | 048254.docx | LEGALEASE-00145611-LEGALEASE-00145612 | SA, Sub | 0.27 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4125 | Kinder v. Nixon, No. WD 56802, 2000 WL 684860 | 307A+552 | Mootness is a threshold question in appellate review. Armstrong v. Elmore, 990 S.W.2d 62, 64 (Mo.App. W.D.1999). Mootness implicates the justiciability of a case. Id. "In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy." Id. " "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." " Id. (quoting State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812"13 (Mo.App. W.D.1997)). When an intervenient event occurs which makes a court's decision unnecessary or granting effectual relief impossible, the case is moot and generally should be dismissed. State ex rel. Chastain v. City of Kansas City, 968 S.W.2d 232, 237 (Mo.App. W.D.1998). Even a case vital at the inception of the appeal may be mooted by subsequent occurrences which so alter the position of the parties that any judgment rendered would become merely a hypothetical opinion. Gilroy"Sims and Assoc. v. City of St. Louis, 697 S.W.2d 567, 569 (Mo.App. E.D.1985). | When an intervenient event occurs which makes a court's decision unnecessary or granting effectual relief impossible, the case is moot and generally should be dismissed. | Will a case be moot when an intervenient event occurs which makes a court's decision unnecessary or granting effectual relief impossible? | Pretrial Procedure - Memo # 7039 - C - VA_58295.docx | ROSS-003281525-ROSS-003281527 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4126 | Andrews v. Marriott Int'l, 2016 IL App (1st) 122731 | 307A+685 | "Unless the affirmative matter is already apparent on the face of the complaint, the defendant must support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment." Pleasant Hill Cemetery Ass'n v. Morefield, 2013 IL App (4th) 120645, 21, 369 Ill.Dec. 478, 986 N.E.2d 791. | To obtain involuntary dismissal of a claim on ground the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, unless affirmative matter is already apparent on the face of a complaint, a defendant must support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment. S.H.A. 735 ILCS 5/2-619(a)(9). | Can a defendant support the affirmative matter with an affidavit or with some other material that could be used to support a motion for summary judgment? | 11363.docx | LEGALEASE-00094528-LEGALEASE-00094529 | Condensed, SA, Sub | 0.18 | 0 | 1 | 1 | 1 | 1 |
| 4127 | Kedzie & 103rd Currency Exch. v. Hodge, 156 Ill. 2d 112 | 307A+535 | Hodge moved for involuntary dismissal under section 2"619 of the Code of Civil Procedure. (Ill.Rev.Stat.1989, ch. 110, par. 2"619(a)(9).) Generally, section 2"619 affords a "means of obtaining a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact." (Ill.Ann.Stat., ch. 110, par. 2"619, Historical & Practice Notes, at 662 (Smith"Hurd 1983); see Barber"Colman Co. v. A & K Midwest Insulation Co. (1992), 236 Ill.App.3d 1065, 1071, 177 Ill.Dec. 841, 603 N.E.2d 1215.) Subsection (a)(9), upon which Hodge's motion specifically was based, permits dismissal where "the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim." Ill.Rev.Stat.1989, ch. 110, par. 2"619(a)(9). | Statute governing involuntary dismissal based upon defects or defenses affords means of obtaining summary disposition of issues of law or of easily proved issues of fact, with reservation of jury trial as to disputed questions of fact. Ill.Rev.Stat.1989, ch. 110, P 2-619. | Can the statute governing involuntary dismissal afford a means of obtaining summary disposition of issues of law or of easily proven issues of fact? | 11341.docx | LEGALEASE-00094107-LEGALEASE-00094108 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 4128 | Kontovich v. United States, 99 F.2d 661 | 34+57 | The War Risk Insurance Act was intended to afford the soldier the advantages of ordinary life and accident insurance, which were no longer reasonably available to him and being substitute insurance, such Government contracts are to be construed by the same rules as like contracts involving private parties and the jurisdiction conferred on the courts to adjudicate such contracts must be exercised in accordance with the laws governing the usual procedure of the courts in actions for money compensation. Law v. United States, 266 U.S. 494, 45 S.Ct. 175, 176, 69 L.Ed. 401. | The War Risk Insurance Act was intended to afford soldier the advantages of ordinary life and accident insurance which was no longer reasonably available to him. War Risk Insurance Act S 400, 40 Stat. 409, and S 13, as amended by Act May 20, 1918, S 1, 40 Stat. 555. | Is the War Risk Insurance Act intended to afford a soldier the advantages of ordinary life and accident insurance which is no longer reasonably available to him? | 008718.docx | LEGALEASE-00148020-LEGALEASE-00148021 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |
| 4129 | Whiting v. Straup, 17 Wyo. 1 | 308+92(1) | Now, it is not required that a party shall act in person in locating a mining claim, but he may act by an agent; and a location may even be made by an agent without the knowledge of the principal, if there is a local rule authorizing it, or otherwise there may be antecedent authority or subsequent ratification. 1 Lindley on Mines, " 331. And it is said that when a location is made by one in the name of others, the persons in whose names it is made become vested with the legal title to the claim. Id. Not only was Straup acting for and in the interest of Bijur, but it appears that at or about the time of the discovery Bijur was present, and personally directed his acts. We cannot conceive that under the circumstances Straup could have appropriated to his own benefit the work performed by him at the expense and under the direction of his employer, so as to validate his own previous location, which without a discovery was not valid. The plaintiffs are not in any better situation. The discovery on the north 40 was made by strangers to the claim that had been located in 1899, and in the interest of another claim antagonistic thereto. | A party may act by an agent in locating a mining claim, and a location may be made by an agent without the knowledge of the principal, if there is a local rule authorizing it, or otherwise there may be antecedent authority or subsequent ratification. | Can a party act by an agent in locating a mining claim and can a location be made by an agent without the knowledge of the principal? | 021580.docx | LEGALEASE-00147732-LEGALEASE-00147733 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4130 | Endless Ocean v. Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 A.D.3d 587 | 307A+561.1 | The Supreme Court improperly granted the defendants' motion to dismiss the complaint based on documentary evidence. A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law" (Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 774 N.E.2d 1190). Here, the retainer agreement submitted by the defendants did not conclusively establish a defense as a matter of law (see Harris v. Barbera, 96 A.D.3d 904, 905"906, 947 N.Y.S.2d 548; Rietschel v. Maimonides Med. Ctr., 83 A.D.3d 810, 811, 921 N.Y.S.2d 290; Shaya B. Pac., LLC v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 A.D.3d 34, 38"39, 827 N.Y.S.2d 231). | A motion to dismiss a complaint based on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, conclusively establishing a defense as a matter of law. McKinney's CPLR 3211(a)(1). | Can a motion to dismiss a complaint based on documentary evidence be granted? | 10139.docx | LEGALEASE-00095563-LEGALEASE-00095564 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4131 | Vroegh v. J & M Forklift, 165 Ill. 2d 523 | 302+78 | The reason for this lies in the nature of affirmative defenses. An affirmative defense does not negate the essential elements of the plaintiff's cause of action. To the contrary, it admits the legal sufficiency of that cause of action. (Kedzie & 103rd Currency Exchange, Inc. v. Hodge (1993), 156 Ill.2d 112, 115, 189 Ill.Dec. 31, 619 N.E.2d 732.) It assumes that the defendant would otherwise be liable, if the facts alleged are true, but asserts new matter by which the plaintiff's apparent right to recovery is defeated. (See Vanlandingham v. Ivanow (1993), 246 Ill.App.3d 348, 357, 186 Ill.Dec. 304, 615 N.E.2d 1361.) A defendant may always elect not to raise such a defense even where it is available to him, and his potential tort liability remains unless he properly invokes the defense and until he can establish that it is meritorious. For this reason, the existence of a possible affirmative defense cannot alter the fact that at the time of the injury for which the defendant is partly responsible, the defendant is "subject to liability in tort" within the meaning of the Contribution Act. Doyle v. Rhodes, 101 Ill.2d at 10-11, 77 Ill.Dec. 759, 461 N.E.2d 382. | Affirmative defense assumes that defendant would otherwise be liable, if facts alleged are true, but asserts new matter by which plaintiff's apparent right to recovery is defeated. | Will an affirmative defense assert a new matter by which the plaintiff's apparent right of recovery is defeated? | 10957.docx | LEGALEASE-00094535-LEGALEASE-00094536 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4132 | Thomas v. Pers. Representative of the Estate of Deloach, 400 So. 2d 204 | 307A+590.1 | The rule was designed to require prompt prosecution of cases and to prevent the clogging of the trial court's docket. Strader v. Morrill, 360 So.2d 1137 (Fla. 1st DCA 1978). The rule, however, specifically provides that "(m)ere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute." Any record activity filed by a party or the court within the year prior to the motion to dismiss which is intended to move the cause to judgment precludes dismissal. Harris v. Winn Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979). | Any record activity filed by a party or the court within the year prior to motion to dismiss for failure to prosecute which is intended to move the cause to judgment precludes dismissal. 30 West's F.S.A. Rules of Civil Procedure, Rule 1.420(e). | Does any record activity filed by a party or the court within the year prior to a motion to dismiss for failure to prosecute preclude dismissal? | 10336.docx | LEGALEASE-00095397-LEGALEASE-00095398 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 4133 | Nicolitz v. Baptist Eye Inst., P.A., 830 So. 2d 270 | 307A+590.1 | Florida Rule of Civil Procedure 1.420(e) provides that "[a]ll actions in which it appears on the face of the record that no activity ... has occurred for a period of 1 year shall be dismissed[.]" For purposes of this rule, "record activity" is defined as "any act reflected in the court file that was designed to move the case forward toward a conclusionon the merits or to hasten the suit to judgment." Barnett Bank of E. Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987). | For purposes of rule providing for dismissal of a cause of action for failure to prosecute, "record activity" is defined as any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | What is Record Activity reflected in court file designed to do? | 11165.docx | LEGALEASE-00094758-LEGALEASE-00094759 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 4134 | Moossun v. Orlando Regl. Health Care, 826 So. 2d 945 | 307A+590.1 | In our opinion in Toney, we explained that "not every action taken in a case is sufficient to prevent dismissal under the rule." Id. Under the rule "[r]ecord activity must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment." Id. | Record activity sufficient to preclude dismissal for failure to prosecution must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP 1.420(e). | Should record activity sufficient to preclude dismissal for failure to prosecution be more than a mere passive effort to keep the case on the docket? | Pretrial Procedure - Memo # 7724 - C - SHB.docx | ROSS-003300055-ROSS-003300056 | SA, Sub | 0.21 | 0 | 0 | 1 | 1 | |
| 4135 | Moransais v. Jordan, 870 So. 2d 177 | 307A+590.1 | The dispositive issue in this case is whether pleadings, notices, or orders pertaining to the withdrawal of counsel constitute record activity for the purposes of rule 1.420(e). The trial court reasoned that this activity was not sufficient to avoid dismissal because it was passive activity not calculated to advance the case to judgment. Moransais argues that the trial court's conclusion is erroneous because rule 1.420(e) does not place any qualifications on the type of activity that must appear in the record. However, regardless of the lack of qualifying language in the rule, the supreme court has repeatedly declared that the "record activity" required by rule 1.420(e) must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. Toney v. Freeman, 600 So.2d 1099 (Fla.1992); E. Elevator, Inc v. Page, 263 So.2d 218 (Fla.1972); Gulf Appliance Distribs., Inc. v. Long, 53 So.2d 706 (Fla.1951). Courts that have considered the question presented in this case have uniformly concluded that notices, pleadings, or orders related to the withdrawal or substitution of counsel are passive in nature and not calculated to advance the cause. See E. Elevator, Inc., 263 So.2d at 219-20; Gulf Appliance Distribs., Inc., 53 So.2d at 707; Modellista de Europa (Corp.) v. Redpath Inv. Corp., 714 So.2d 1098 (Fla. 4th DCA 1998); Nesbitt v. Cmty. Health of S. Dade, Inc., 566 So.2d 1 (Fla. 3d DCA 1989); Berenyi v. Halifax Hosp. Med. Ctr., 498 So.2d 655 (Fla. 5th DCA 1986); cf. Wilson v. Salamon, 864 So.2d 1122 (Fla. 2d DCA 2003) (holding that an order allowing a foreign attorney to appear as co-counsel pursuant to Florida Rule of Judicial Administration 2.061 does not constitute record activity for the purposes of rule 1.420(e)). Accordingly, the trial court correctly found that Moransais' action was subject to dismissal for failure to prosecute. | The "record activity" required to survive dismissal of an action for lack of prosecution must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment. West's F.S.A. RCP Rule 1.420(e). | "Should ""record activity"" be more than mere passive effort to keep the case on the docket?" | Pretrial Procedure - Memo # 7816 - C - SHB_57573.docx | ROSS-003281778-ROSS-003281780 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 4136 | Lang v. Mason, 911 So. 2d 167 | 307A+590.1 | The issue we must consider is whether the trial court's action comported with the Florida Rules of Civil Procedure. Rule 1.420(e) provides as follows: All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person ... unless ... a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute. The courts apply a two-step analysis to determine whether dismissal is an appropriate sanction. First, the moving party must demonstrate that there was no record activity for the year preceding the filing of its motion to dismiss. Seabury v. Cheminova, Inc., 868 So.2d 625, 627 (Fla. 2d DCA 2004); Jain v. Green Clinic, Inc., 830 So.2d 836, 838 (Fla. 2d DCA 2002). In this case, Ms. Tourtillott filed her motion to dismiss for lack of prosecution approximately a month after she had filed her discovery requests. Because there was record activity within the applicable one-year period, the trial court erred in dismissing Dr. Lang's action against Ms. Tourtillott, and we reverse that portion of the order. | As first step of two-step analysis used to determine whether dismissal for lack of prosecution is appropriate sanction, moving party must demonstrate that there was no record activity for year preceding filing of its motion to dismiss. West's F.S.A. RCP Rule 1.420. | Should a moving party demonstrate that there was no record activity for year preceding filing of its motion to dismiss? | 11293.docx | LEGALEASE-00094065-LEGALEASE-00094066 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4137 | Betts v. City of Chicago, 2013 IL App (1st) 123653 | 307A+561.1 | A motion for involuntary dismissal pursuant to section 2"619(a) admits the legal sufficiency of the complaint, but raises defects, defenses, or other affirmative matter which avoids the legal effect or defeats a plaintiff's claim. 735 ILCS 5/2"619(a) (West 2010). An "affirmative matter" under section 2"619(a)(9) is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." In re Estate of Schlenker, 209 Ill.2d 456, 461, 283 Ill.Dec. 707, 808 N.E.2d 995 (2004). "Once a defendant satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is "unfounded or requires the resolution of an essential element of material fact before it is proven." " Reilly v. Wyeth, 377 Ill.App.3d 20, 36, 315 Ill.Dec. 428, 876 N.E.2d 740 (2007) (quoting Kedzie & 103rd Currency Exchange, Inc., 156 Ill.2d at 116, 189 Ill.Dec. 31, 619 N.E.2d 732).⍰ | Once a defendant moving for involuntary dismissal, on grounds that the claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619(a). | Will the burden shift from the defendant to plaintiff once the claim asserted is barred by other affirmative matter? | 11295.docx | LEGALEASE-00094193-LEGALEASE-00094194 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 4138 | Kanady v. State, 810 N.E.2d 1068 | 211+1594 | Kanady argues there was insufficient evidence he intended to arouse or satisfy his or A.K.'s sexual desires. In order to convict a person of child molesting as a Class C felony, the State must prove the defendant (1) with a child under fourteen, (2) performed or submitted to any fondling or touching, (3) of either the child or the older person, (4) with intent to arouse or satisfy the sexual desires of the child or the older person. Ind.Code " 35"42"4"3(b). | To convict a person of child molesting as a Class C felony, the state must prove the defendant (1) with a child under the age of 14, (2) performed or submitted to any fondling or touching, (3) of either the child or the older person, (4) with intent to arouse or satisfy the sexual desires of the child or the older person. West's A.I.C. 35-42-4-3(b). | What must the State prove in a prosecution for Class C felony child molesting? | 042969.docx | LEGALEASE-00147958-LEGALEASE-00147959 | SA, Sub | 0.24 | 0 | 0 | 1 | 1 | |
| 4139 | Gannon v. Chicago, M., St. P. & P. Ry. Co., 13 Ill. 2d 460 | 413+6 | As originally adopted in 1907, the Scaffold Act authorized actions under it by an employee against an employer. Schultz v. Henry Ericsson Co., 264 Ill. 156, 106 N.E. 236, was such a case. But when the General Assembly subsequently adopted the Workmen's Compensation Act, it undertook to deal comprehensively with the rights of an injured employee and his employer. To that end it established a system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. From the outset it has contained a provision like the present section 5(a), prohibiting the maintenance of a common-law or statutory action by the employee against the employer for injuries received in the line of duty. | Workmen's compensation act establishes system of liability without fault, designed to distribute the cost of industrial injuries without regard to common-law doctrines of negligence, contributory negligence, assumption of risk, and the like. | Does the Workers Compensation Act establish a system of liability without fault? | 11448.docx | LEGALEASE-00094109-LEGALEASE-00094110 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4140 | United States v. Bittinger, 434 F.2d 49 | 34+20.6(6) | In the present case, we think that defendant presented a prima facie case for reclassification, based upon new facts not previously asserted. Especially is this so because of defendant's statement that he had a very busy schedule of teaching, ministering, and conducting bible study classes. The only significant facts unfavorable to defendant's claim were his secular job, the fact that Jehovah's witnesses accord the title of minister to a great many of their members, and the fact that his rank in the ministry, that of "Vacation Pioneer," was not one of the highest. But none of these facts could form the basis of a denial of ministerial exemption. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953). Defendant's status in his church hierarchy may be evidence that he is not a minister as defined by law, but it is not conclusive. Whether a Vacation Pioneer, or a holder of any other rank, is entitled to a ministerial classification is a matter to be determined largely on the basis of his actual duties and functions. See United States v. Tichenor, 403 F.2d 986 (6 Cir. 1968); Kanas v. Yancey, 385 F.2d 506 (2 Cir., 1967). But see Robertson v. United States, 417 F.2d 440 (5 Cir. 1969). Thus, the information in the board's hands unfavorable to the claim was so slight that the board's failure to reopen was arbitrary. | Registrant's status in his church hierarchy may be evidence that he is not a minister as defined by selective service law, but it is not conclusive and whether a registrant is entitled to ministerial classification is matter to be determined largely on basis of his actual duties and functions. | Can the status of a registrant in their church hierarchy be considered as conclusive in a local board's determination that he is not entitled to a ministerial exemption? | 008757.docx | LEGALEASE-00148818-LEGALEASE-00148819 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4141 | James Talcott v. Shulman, 82 N.J. Super. 438 | 8.30E+08 | It is to be noted that the negotiable promissory note, which is the subject matter of plaintiff's action, was executed prior to January 1, 1963, the effective date of the Uniform Commercial Code, L.1961, c. 120; N.J.S. 12A: 1-101 et seq., N.J.S.A., and thus is governed by R.S. 7:1-1 et seq., N.J.S.A., the pre-existing Negotiable Instruments Law. See N.J.S. 12A:10-101, N.J.S.A. | A negotiable promissory note executed prior to effective date of Uniform Commercial Code was governed by the pre-existing Negotiable Instruments Law. R.S. 7:1-1 et seq., N.J.S.A.; N.J.S. 12A:1-101 et seq., 12A:10-101, N.J.S.A. | When did the Uniform Commercial Code came into effect replacing the pre-existing Negotiable Instruments Law? | 010503.docx | LEGALEASE-00148149-LEGALEASE-00148150 | SA, Sub | 0.4 | 0 | 0 | 1 | 1 | |
| 4142 | Tallahassee Bank & Tr. Co. v. Raines, 125 Ga. App. 263 | 83E+405 | We believe the clear import of these sections precludes the separate assignment made by Vinson from operating as an indorsement of these notes. The record shows there was adequate room on both the front and back of these notes for his signature-which is all that is necessary for an indorsement in blank. The bank is merely an assignee or transferee and took them subject to any defense which could be raised against the payee. Code Ann. s 109A-3-306. The court did not err in denying plaintiff's motion for summary judgment. | Where there was adequate room on both front and back of notes for payee's signature, payee's assignment of notes to bank via separate document entitled "assignment" did not operate as indorsement of such notes, and thus bank was merely assignee or transferee and took notes subject to any defense which could be raised against payee. Code, SS 109A-3-202, 109A-3-306. | Can an assignee take an assignment subject to any defense that could be raised against the maker or payee? | 010516.docx | LEGALEASE-00148404-LEGALEASE-00148405 | Condensed, SA, Sub | 0.29 | 0 | 1 | 1 | 1 | 1 |
| 4143 | The Bank/First Citizens Bank v. Citizens & Assocs., 82 S.W.3d 259 | 83E+503 | Any interpretation of a statute must, of course, begin with its language. See, e.g., Lavin v. Jordon, 16 S.W.3d 362, 365 (Tenn.2000). Section 47"3"406 reads as follows: (a) A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.(b) Under subsection (a), if the person asserting the preclusion fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss, the loss is allocated between the person precluded and the person asserting the preclusion according to the extent to which the failure of each to exercise ordinary care contributed to the loss.(c) Under subsection (a), the burden of proving failure to exercise ordinary care is on the person asserting the preclusion. Under subsection (b), the burden of proving failure to exercise ordinary care is on the person precluded. | A drawer's negligence leading to the unwarranted issuance of checks will not generally suffice to establish a defense precluding the drawer from asserting alteration or forgery against a person who, in good faith, pays the instrument or takes it for value or for collection; rather, the party asserting the preclusion must show some causal relationship between the lack of ordinary care and the actual making of the forged signature, such that the drawer's negligence can be said to have substantially contributed to the ability of the unauthorized person to forge the payee's name and to pose as the intended payee. West's T.C.A. S 47-3-406(a). | "If a person contributes to the forgery or alteration of an instrument, can he assert the alteration or forgery against a person who pays the instrument in good faith?" | 010947.docx | LEGALEASE-00148606-LEGALEASE-00148607 | Condensed, SA, Sub | 0.41 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4144 | Multiple Use v. Morton, 353 F. Supp. 184 | 260+41 | A discovery of a valuable mineral deposit has therefore been made when a mineral deposit has been found and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means with a reasonable prospect of success in developing a mine. In determining whether a mineral deposit is valuable, the Secretary may require a showing that there is a reasonable expectation based upon the circumstances known at that time that the mineral can be extracted, removed and marketed at a profit. Coleman, supra. It need not be proved that the claim can in fact be operated at a profit, but the evidence as to costs of mining may be considered in determining whether a person of ordinary prudence would be justified in the further investment of labor and capital. Converse v. Udall, supra. | In determining, on application for patent of mining claim, whether mineral deposit is valuable, Secretary of Interior may require a showing that there is a reasonable expectation based on circumstances known at that time that mineral can be extracted, removed and marketed at a profit; and though it need not be proved that claim can in fact be operated at a profit, evidence as to costs of mining may be considered in determining whether person of ordinary prudence would be justified in further investment of labor and capital. 30 U.S.C.A. SS 22, 23. | "Does the Secretary require a showing from the mining claimant that the mineral can be extracted, removed, and marketed at a profit?" | Mines and Minerals - Memo #268 - C - EB_57988.docx | ROSS-003280173-ROSS-003280174 | SA, Sub | 0.35 | 0 | 0 | 1 | 1 | |
| 4145 | Belden & Blake Corp. v. Com., Dep't of Conservation & Nat. Res., 600 Pa. 559 | 260+55(6) | We find partial summary judgment in Belden & Blake's favor was warranted. Belden & Blake has the right to enter the surface property to access what it owns, a right that is not contested by DCNR. "One who has the exclusive right to mine coal upon a tract of land has the right of possession even as against the owner of the soil, so far as it is necessary to carry on ... mining operations." Turner v. Reynolds, 23 Pa. 199, 206 (Pa.1854). Chartiers6 held an owner of an underlying estate, such as Belden & Blake here, has the right to go upon the surface in order to reach the estate below, "as might be necessary to operate his estate," and "[t]his is a right to be exercised with due regard to the owner of the surface, and its exercise will be restrained, within proper limits, by a court of equity...." Chartiers, at 598. Of further import, a grant or reservation of minerals and the right to mine them constitute property rights, which the law recognizes, and which may not be taken for public use without compensation. Pennsylvania Coal Company v. Mahon, 260 U.S. 393, 415, 43 S.Ct. 158, 67 L.Ed. 322 (1922). | One who has the exclusive right to mine coal upon a tract of land has the right of possession even as against the owner of the soil, so far as it is necessary to carry on mining operations. | Does one who has the exclusive right to mine coal upon a tract of land have the right of possession even as against the owner of the soil? | 021535.docx | LEGALEASE-00148598-LEGALEASE-00148599 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4146 | Carter v. Arkansas Louisiana Gas Co., 213 La. 1028 | 260+68(2) | The law of this state is well settled that the main consideration of a mineral lease is the development of the leased premises for minerals, and that the lessee must develop with reasonable diligence or give up the contract; further, that as to what constitutes development and reasonable diligence on the part of the lessee must conform to, and be governed by, what is expected of persons of ordinary prudence under similar circumstances and conditions, having due regard for the interest of both contracting parties. Pipes v. Payne et al., 156 La. 791, 101 So. 144; Stubbs st al. v. Imperial Oil & Gas Co., 164 La. 689, 114 So. 595; Logan v. Tholl Oil Co., Inc., et al., 189 La. 645, 180 So. 473. See also Merrill, The Law Relating to Covenants Implied in Oil and Gas Leases, 2d Ed., sec. 122, p. 280, sec. 123, p. 284; 2 Summers, Oil and Gas, Perm.Ed., sec. 414, p. 370. | The main consideration of mineral lease is development of leased premises for minerals, and lessee must give up lease if he does not develop with the reasonable diligence that would be expected of persons of ordinary prudence under similar circumstances, having due regard for interest of both contracting parties. | Is the main consideration of a mineral lease the development of the leased premises for minerals? | 021599.docx | LEGALEASE-00148103-LEGALEASE-00148104 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 4147 | In re Bledsoe, 41 S.W.3d 807 | 307A+746 | Death penalty sanctions should not be assessed absent a party's flagrant bad faith conduct or counsel's callous disregard of the rules. TransAmerican, 811 S.W.2d at 918. A death penalty sanction is any sanction that adjudicates a claim and precludes the presentation of the case on the merits. Chrysler Corp., 841 S.W.2d at 845. Any sanction that is "case determinative" may constitute a death penalty sanction. GTE Comm. Sys. Corp. v. Tanner, 856 S.W.2d 725, 732 (Tex.1993) (orig. proceeding). Death penalty sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless the party's conduct justifies a presumption that its claims or defenses lack merit. TransAmerican, 811 S.W.2d at 918. Only in exceptional situations may case-determinative sanctions be imposed in the first instance"when they are clearly justified and no lesser sanctions will promote compliance. Tanner, 856 S.W.2d at 729. In cases where death penalty sanctions are imposed and the sanctions order is not immediately appealable, the party complaining of the sanctions order has no adequate remedy by appeal and may seek relief by petition for writ of mandamus. TransAmerican, 811 S.W.2d at 919"20. | Death penalty sanctions cannot be used to adjudicate the merits of a party's claims or defenses unless the party's conduct justifies a presumption that its claims or defenses lack merit. | Can death penalty sanctions be used to adjudicate the merits of a party's claims or defenses unless the party's conduct justifies a presumption that its claims or defenses lack merit? | 035017.docx | LEGALEASE-00148093-LEGALEASE-00148094 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4148 | Lake Meredith Reservoir Co. v. Amity Mut. Irr. Co., 698 P.2d 1340 | 307A+590.1 | Whether a plaintiff has resumed prosecution after a lengthy delay should be an important factor in the trial court's consideration of a motion to dismiss for failure to prosecute. Nevertheless, a unilateral resumption of prosecution should not insulate a plaintiff from dismissal for lack of prosecution as a matter of law and in all circumstances. The trial court should also consider a number of other relevant factors in the exercise of its discretion"e.g., the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, the difficulties in trying the case as a result of the delay, the nature and extent of the plaintiff's renewed efforts"when balancing the policy favoring prevention of unreasonable delay in litigation against the policy favoring resolution of disputes on the merits. | Whether plaintiff has resumed prosecution after lengthy delay should be important factor in trial court's consideration of motion to dismiss for failure to prosecute, but unilateral resumption of prosecution should not insulate plaintiff from dismissal for lack of prosecution as matter of law and in all circumstances. Rules Civ.Proc., Rule 41(b)(1, 2). | Should a unilateral resumption of prosecution not insulate a plaintiff from dismissal for lack of prosecution? | 035087.docx | LEGALEASE-00148514-LEGALEASE-00148515 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 4149 | Weaver v. The Ctr. Bus., 578 So. 2d 427 | 307A+590.1 | Under the prior version of rule 1.420(e), the test used to be, for record as well as nonrecord activity, whether it moved the cause forward towards ultimate resolution. Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla.1972); Duggar v. Quality Dev. Corp., 350 So.2d 816 (Fla. 2d DCA 1977); Whitney v. Whitney, 241 So.2d 436 (Fla. 2d DCA 1970), cert. denied, 245 So.2d 88 (Fla.1971). But, the amendment to the rule in 1976 laid down a "bright line" for record activity. Almost any discovery effort filed of record (unless patently repetitious) will preclude dismissal and a court can no longer inquire how well it advances the cause. Philips v. Marshall Berwick Chevrolet, Inc., 467 So.2d 1068 (Fla. 4th DCA 1985). | Almost any discovery effort filed of record will preclude dismissal for failure to prosecute, unless effort is patently repetitious; court will no longer inquire how well effort advances cause. West's F.S.A. RCP Rule 1.420(e). | "Will almost any discovery effort filed of record preclude dismissal for failure to prosecute, unless effort is patently repetitious?" | 036096.docx | LEGALEASE-00148105-LEGALEASE-00148106 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4150 | Florez v. City of Miami, 858 So. 2d 378 | 307A+590.1 | As every action taken by plaintiff since April 27, 2000, was in violation of the court's order striking the case, the trial court acted within its discretion in dismissing plaintiff's claim for failure to prosecute under Florida Rule of Civil Procedure Rule 1.420(e). To defeat a motion to dismiss for failure to prosecute, "it must be shown that there was affirmative record activity during this time by pleading or order which was reasonably calculated to advance the case toward resolution". Kearney v. Ross, 743 So.2d 578, 580 (Fla. 4th DCA 1999) A trial court "has discretion to dismiss an action when the only record activity for the previous year was bad faith activity, which means activity that is "frivolous or clearly useless' to further prosecute the case." Ezell v. Century 21 of the Southeast, 615 So.2d 273, 274 (Fla. 5th DCA 1993) (quoting Anthony v. Schmitt, 557 So.2d 656, 662 (Fla. 2d DCA 1990)). Under these facts, the trial court did not abuse its discretion in finding that plaintiff's actions, which were in violation of a court order, did not constitute affirmative record activity that were reasonably calculated to advance the case toward resolution. | A trial court has discretion to dismiss an action when the only record activity for the previous year was "bad faith activity," which means activity that is frivolous or clearly useless to further prosecute the case. | "Does a trial court have discretion to dismiss an action when the only record activity for the previous year was a ""bad faith activity""?" | 036100.docx | LEGALEASE-00148087-LEGALEASE-00148088 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4151 | State Farm Fire & Cas. Co. v. Smith, 39 So. 3d 1172 | 307A+581 | Before the adoption of our current Rule 4(b), some Alabama cases evaluated a dismissal for insufficient service of process under Rule 41(b), Ala. R. Civ. P., which provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court." See State v. Horton, 373 So.2d 1096, 1097 (Ala.1979) (stating that "[f]ailure to serve process within a reasonable time may amount to a failure to prosecute" and may warrant a dismissal under Rule 41(b)); Crosby v. Avon Prods., Inc., 474 So.2d 642, 644 (Ala.1985) (stating that failure to attempt to perfect service within a reasonable time may amount to failure to prosecute an action, warranting a dismissal); Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala.1991) (same); Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.1999) (same); and Reynolds v. Reynolds, 491 So.2d 968 (Ala.Civ.App.1986) (affirming a judgment dismissing an action more than nine months after the complaint has been filed when the plaintiff had failed to serve the defendant).""[A] dismissal with prejudice [under Rule 41(b) for lack of prosecution] is a harsh sanction and should be used only in extreme circumstances.. " "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff." " | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted, under the rule permitting a dismissal of an action for the failure of the plaintiff to prosecute or comply with the rules of civil procedure, when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff. Rules Civ.Proc., Rule 41(b). | "Can a dismissal be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff?" | Pretrial Procedure - Memo # 8020 - C - SK_58375.docx | ROSS-003284489-ROSS-003284491 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 4152 | Kuykendall v. Schneidewind, 2017 IL App (5th) 160013, 32, 79 N.E.3d 770 | 307A+683 | When a defendant seeks to address the complaint's factual allegations, a summary judgment motion is the appropriate procedural tool. Reynolds, 2013 IL App (4th) 120139, 34, 370 Ill.Dec. 628, 988 N.E.2d 984. The defendant has the initial burden of establishing that an affirmative matter defeats the plaintiff's claim, and if satisfied, the burden shifts to the plaintiff to demonstrate that the proffered affirmative matter is either unfounded, or requires the resolution of a material fact. Epstein, 178 Ill.2d at 383, 227 Ill.Dec. 560, 687 N.E.2d at 1049; Hodge, 156 Ill.2d at 116, 189 Ill.Dec. 31, 619 N.E.2d at 735. | On motion to dismiss on ground that claim is barred by affirmative matter, defendant has initial burden of establishing that affirmative matter defeats plaintiff's claim, and if satisfied, burden shifts to plaintiff to demonstrate that proffered affirmative matter is either unfounded, or requires resolution of material fact. 735 Ill. Comp. Stat. Ann. 5/2-619(a)(9). | Does a defendant bear the initial burden to prove the affirmative matter defeating the plaintiff's claim? | Pretrial Procedure - Memo # 8104 - C - PB_58437.docx | ROSS-003280769-ROSS-003280770 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 4153 | Clennan v. Shinseki, 26 Vet. App. 144 | 92+4244 | "To raise a due process question, the claimant must demonstrate a property interest entitled to such protections." Cushman v. Shinseki, 576 F.3d 1290, 1296 (Fed.Cir.2009). In this regard, it is now well established that a veteran's "entitlement to [VA] benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution." Id. at 1298. Accordingly, the Court "next decides what process, if any, ... was due" to Mr. Clennan. Edwards v. Shinseki, 582 F.3d 1351, 1355 (Fed.Cir.2009). | A veteran's entitlement to veterans benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. U.S.C.A. Const.Amend. 5. | Is a veteran's entitlement to veterans benefits a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution? | Armed Services - Memo 333 - RK_58606.docx | ROSS-003278451-ROSS-003278452 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 4154 | Adams v. Bank of Am., N.A., 237 F. Supp. 3d 1189 | 172H+1350 | In the alternative, even if the court were to consider the merits of Plaintiffs' Truth in Lending Act claim (and to be sure, it need not), Defendant would nonetheless still be entitled to summary judgment on that claim. TILA requires creditors to provide lenders with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights," including the right of rescission. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). "Pursuant to " 1640(e), all TILA claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. " 1640(e). The violation "occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations."13 Velardo v. Fremont Inv. & Loan, 298 Fed.Appx. 890, 892 (11th Cir. 2008). Accordingly, the latest possible date where a credit action was "consummated" between Defendant and Plaintiffs was on August 29, 2011, when the parties modified the Mortgage and Note by mutual agreement. (See Doc. # 31"2 11; Doc. # 31"8 at pp. 32"36). Plaintiffs' originally brought this suit in state court on September 20, 2015 (Doc. # 1"1), well after the August 29, 2012 deadline imposed by the statute of limitations. As such, Defendant is additionally entitled to summary judgment as to Count Three of Plaintiffs' Amended Complaint because Plaintiffs' TILA claim is time-barred. | Truth in Lending Act (TILA) requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights, including the right of rescission. Truth in Lending Act S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Are creditors required to disclose terms on annual percentage rate of interest? | Consumer Credit - Memo 54 - KC_58071.docx | ROSS-003281559-ROSS-003281560 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4155 | Duncan v. Sikorsky Support Servs., 736 So. 2d 613 | 307A+581 | Although a Rule 41(b) dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff. Id. No wrongful motive or intent is necessary to show willful conduct. Id. | Although involuntary dismissal is a harsh sanction, it is warranted when there is a clear record of delay, willful default, or contumacious conduct of the plaintiff; no wrongful motive or intent is necessary to show willful conduct. Rules Civ.Proc., Rule 41(b). | Is wrongful motive or intent necessary to show plaintiff's willful conduct supporting dismissal for want of prosecution? | 036508.docx | LEGALEASE-00149979-LEGALEASE-00149980 | SA, Sub | 0.08 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4156 | Koutroulis v. Centennial Healthcare Corp.,34 So.3d 503 | 307A+590.1 | An action should not be dismissed if a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action. Clark, supra; Moore v. Eden Gardens Nursing Center, 37,362 (La.App.2d Cir.06/25/03), 850 So.2d 998. However, a plaintiff's intention to take a step in the prosecution of his claim without a step actually being taken is not sufficient to preclude a finding of abandonment. Stemley, supra; Sullivan v. Cabral, 32,454 (La.App.2d Cir.10/27/99), 745 So.2d 791, writ denied, 99"3324 (La.01/28/00), 753 So.2d 837. | An action should not be dismissed on grounds of abandonment if a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action; however, a plaintiff's intention to take a step in the prosecution of his claim without a step actually being taken is not sufficient to preclude a finding of abandonment. | Was the article allowing dismissal of action for abandonment meant to dismiss those cases in which a plaintiff has clearly demonstrated before the court that she does not intend to abandon the action? | 036723.docx | LEGALEASE-00150006-LEGALEASE-00150007 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 4157 | People v. Hanley, 50 Ill. App. 3d 651 | 352H+95 | Defendants next contend that they were not proved guilty beyond a reasonable doubt of attempt rape. Their position is that because an act of cunnilingus was completed and because complainant, through inexperience or lack of observation, was unable to say whether Trader attempted penetration with a finger or a penis, the only crime if any with which they could have been charged was deviate sexual assault. We cannot agree. Attempt rape includes every element of the crime of rape except penetration, and to commit this offense the male must intend to accomplish intercourse by force and against the female's will and must take a substantial step toward accomplishing his purpose. (People v. Moore (1966), 77 Ill.App.2d 62, 222 N.E.2d 142.) A conviction of attempt rape is not warranted by an indecent assault, however aggravated, without proof of such an intention (People v. Kolar (1966), 66 Ill.App.2d 347, 214 N.E.2d 519) which, however, may be inferred from the surrounding circumstances (People v. Triplett (1970), 46 Ill.2d 109, 263 N.E.2d 24). Among the factors to be considered in inferring such intent are the conduct of the accused, the character of the assault, the nature of the acts done, and the time and place of the occurrence. (People v. Bazzelle (1970), 130 Ill.App.2d 131, 264 N.E.2d 457.) A conviction of attempt rape will be sustained against more than one defendant where the evidence is sufficient to show that each of them, in furtherance of a common design, either perpetrated the crime or was present aiding or abetting its commission (People v. Mosher (1949), 403 Ill. 112, 85 N.E.2d 658), and the guilt of the accused will not be obviated by the mere fact that he is frustrated in or later desists from his purpose (People v. Hiller (1955), 7 Ill.2d 465, 131 N.E.2d 25). Moreover, where the intent to forcibly procure intercourse and a substantial step in furtherance is established by the surrounding circumstances, the inability of the victim | Attempt rape includes every element of crime of rape except penetration, and to commit this offense male must intend to accomplish intercourse by force and against female's will and must take a substantial step toward accomplishing his purpose. | Does attempted rape include every element of the crime of rape? | 042995.docx | LEGALEASE-00149802-LEGALEASE-00149803 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 4158 | Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist., 624 F.3d 332 | 1.41E+30 | As a cultural and a legal principle, academic freedom "was conceived and implemented in the university" out of concern for "teachers who are also researchers or scholars"work not generally expected of elementary and secondary school teachers." J. Peter Byrne, Academic Freedom: A "Special Concern of the First Amendment", 99 Yale L.J. 251, 288 n. 137 (1989). "[U]niversities occupy a special niche in our constitutional tradition" and the constitutional rules applicable in higher education do not necessarily apply in primary and secondary schools, where students generally do not choose whether or where they will attend school. Parents Involved in Cmty. Sch. v. Seattle Sch. Dist. No. 1, 551 U.S. 701, 724"25, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007). | Universities occupy a special niche in the constitutional tradition, and the constitutional rules applicable in higher education do not necessarily apply in primary and secondary schools, where students generally do not choose whether or where they will attend school. | Do the constitutional rules applicable in higher education apply in primary and secondary schools? | 017037.docx | LEGALEASE-00150242-LEGALEASE-00150243 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 4159 | Tims v. City of Jackson, 823 So. 2d 602 | 307A+585.1 | The standard of review for a dismissal for failure to prosecute is abuse of discretion. Hoffman v. Paracelsus Health Care Corporation, 752 So.2d 1030, 1034(" 11) (Miss.1999). Because no time limits exist once a complaint has been filed, a dismissal for failure to prosecute will only be upheld in circumstances "where the record shows that a plaintiff is guilty of dilatory or contumacious conduct." Id. Moreover, dismissals for failure to prosecute should be executed reluctantly because "the law favors trial of issues on the merits." Id. This Court is mindful of the fact that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." Id. (citing Wallace v. Jones, 572 So.2d 371, 376 (Miss.1990)). | Because no time limits exist once a complaint has been filed, a dismissal for failure to prosecute will only be upheld in circumstances where the record shows that a plaintiff is guilty of dilatory or contumacious conduct. Rules Civ.Proc., Rule 41(b). | Will dismissal for failure to prosecute is upheld only where the record shows that plaintiff has been guilty of dilatory or contumacious conduct? | Pretrial Procedure - Memo # 8077 - C - PB_58971.docx | ROSS-003284457-ROSS-003284458 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 4160 | Fillmore v. Taylor, 80 N.E.3d 835 | 307A+622 | Because the motion for dismissal was pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)), the question is whether the complaint states a cause of action for mandamus, declaratory relief, or a common-law writ of certiorari: the three forms of relief that plaintiff sought in the three counts of his complaint. See Johannesen v. Eddins, 2011 IL App (2d) 110108, 357 Ill.Dec. 663, 963 N.E.2d 1061. | On a motion for dismissal with respect to pleadings, the question is whether the complaint states a cause of action for the forms of relief that the plaintiff sought in his complaint. 735 Ill. Comp. Stat. Ann. 5/2-615. | "On a motion for dismissal with respect to pleadings, is the question whether the complaint states a cause of action for the forms of relief that the plaintiff sought in his complaint?" | 036826.docx | LEGALEASE-00150294-LEGALEASE-00150295 | Condensed, SA, Sub | 0.49 | 0 | 1 | 1 | 1 | 1 |
| 4161 | Qwest Corp. v. Colorado Div. of Prop. Taxation, 304 P.3d 217 | 307A+622 | This appeal turns on the merits of DPT's motion to dismiss. A motion under C.R.C.P. 12(b)(5) "to dismiss [a complaint] for failure to state a claim upon which relief can be granted serves as a test of the formal sufficiency of a plaintiff's complaint." Pub. Serv. Co. v. Van Wyk, 27 P.3d 377, 385 (Colo.2001) (citation omitted). Trial courts do not view motions to dismiss favorably and grant them only where "it appears beyond a doubt that a plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Id. at 385"86 (citation and emphasis omitted). Accordingly, when reviewing a trial court's order granting a C.R.C.P. 12(b)(5) motion, we take all of the non-moving party's, here Qwest's, material factual averments as true. Dorman v. Petrol Aspen, Inc., 914 P.2d 909, 911 (Colo.1996). | A motion to dismiss a complaint for failure to state a claim upon which relief can be granted serves as a test of the formal sufficiency of a plaintiff's complaint. Colo. R. Civ. P. 12(b)(5) | Does a motion to dismiss a complaint for failure to state a claim upon which relief can be granted serve as a test of the formal sufficiency of a plaintiff's complaint? | Pretrial Procedure - Memo # 8346 - C - SKG_58858.docx | ROSS-003295249-ROSS-003295250 | Order, SA | 0.77 | 1 | 0 | 0 | 1 | |
| 4162 | Charter One Mortg. Corp. v. Condra, 865 N.E.2d 602 | 307A+680 | A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Hosler ex rel. Hosler v. Caterpillar, Inc., 710 N.E.2d 193, 196 (Ind.Ct.App.1999), trans. denied. Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is de novo. Sims v. Beamer, 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). | A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it; thus, appellate review of a trial court's grant or denial of a motion to dismiss is de novo. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss for failure to state a claim test the legal sufficiency of the complaint, not the facts supporting it?" | 036951.docx | LEGALEASE-00150224-LEGALEASE-00150225 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4163 | Barksdale v. H.O. Engen, 218 Va. 496 | 413+2 | Barksdale argues that the limitation period in issue is more akin to the procedural statute of limitations in a common law tort action than to a wholly new statutory right of action. We do not agree. The right to recover under the Workmen's Compensation Act, which is not based on negligence and is not barred by common law tort defenses of contributory negligence, negligence of a fellow servant, or assumption of risk, is a purely statutory right unknown at common law. The statute created a new right of action for the benefit of an employee or his dependents for work-related personal injuries or death without regard to the employee's negligence. Griffith v. Raven Red Ash Coal Co., 179 Va. 790, 796, 20 S.E.2d 530, 533 (1942). | Right to recover under Workmen's Compensation Act, which is not based on negligence and is not barred by common-law tort defenses of contributory negligence, negligence of a fellow servant, or assertion of risk, is a purely statutory right unknown at common law. Code 1950, S 65.1-87. | Is the right to recover under the Compensation Act a purely statutory right unknown at common law? | 048426.docx | LEGALEASE-00150208-LEGALEASE-00150209 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4164 | Hughes v. Black, 39 So. 984 | 83E+814 | A blank indorsement vests the title to the note in the holder, and if a note, after having been indorsed, gets back into the possession of the payee, the law converts his possession into a prima facie legal title, upon which suit may be predicated, and the burden of proof is on the defendant to show want of title in the plaintiff. Berney v. Steiner Brothers, 108 Ala. 111, 19 South. 806, 54 Am. St. Rep. 144; Beeson v. Lippman & Brothers, 52 Ala. 276; 2 Randolph on Commercial Paper, " 708; 3 Randolph on Commercial Paper, " 1645.2 | While a blank indorsement of a note vests title to the note in the holder thereof, yet if the note, after having been indorsed, gets back into the possession of the payee or the indorser, his possession shows a prima facie legal title to the note upon which suit may be predicated, and the burden is on defendant in such suit to show plaintiff's actual want of title. | Does a blank indorsement vest the title to the note in the holder? | Bills and Notes-Memo 1056-IS_59329.docx | ROSS-003308061-ROSS-003308062 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 4165 | Thompson v. Phillips Pipe Line Co., 200 Kan. 669 | 302+20 | Pursuant to K.S.A. 60-208(a), the plaintiff's petition must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and a "demand for judgment for the relief to which he deems himself entitled." Relief in the alternative, or of several different types may be demanded.The pleader may allege or make contradictory or alternative statements until he finds out which theory, if any, the facts support, and is permitted to shift the theory as the facts develop. (60-208(e)(2); Beams v. Werth (No. 44,875), 200 Kan. -, 438 P.2d 957, this day decided.) See, also 1 Vernon's Kansas Statutes Annotated (Fowks, Harvey, Thomas), s 60-208, pp. 491-493. In stating a claim on contract, the pleader should allege the making of the contract, its terms, and the breach thereof, which must not be left to inference. Where a copy of the contract is attached to a pleading as an exhibit it is a part thereof for all purposes. (60-210(c).) | Pleader may allege or make contradictory or alternative statements until he finds out which theory, if any, the facts support, and is permitted to shift the theory as the facts develop and relief in alternative, or of several different types may be demanded. K.S.A. 60-208(a, e). | Can the pleader allege or make contradictory or alternative statements until he finds out which theory the facts support? | 023672.docx | LEGALEASE-00151018-LEGALEASE-00151019 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4166 | Streu v. City of Colorado Springs ex rel. Colorado Springs Utilities, 239 P.3d 1264 | 307A+581 | We have articulated several nonexclusive factors that a court should consider when evaluating a motion to dismiss for failure to prosecute. These factors include: the length of the delay; the reason for the delay; any prejudice that may result to other parties; any difficulties in trying the case that may have resulted from the delay; and the extent to which the applicant has renewed efforts to prosecute the case.Cornelius, 202 P.3d at 570 (citing Lake Meredith Reservoir Co., 698 P.2d at 1344"45); see also Oversole v. Manci, 216 P.3d 621, 623 (Colo.App.2009) (reciting same factors). | When evaluating a motion to dismiss for failure to prosecute, a court should consider: (1) the length of the delay; (2) the reason for the delay; (3) any prejudice that may result to other parties; (4) any difficulties in trying the case that may have resulted from the delay; and (5) the extent to which the applicant has renewed efforts to prosecute the case. | What should a court consider when evaluating a motion to dismiss for failure to prosecute? | 037031.docx | LEGALEASE-00150936-LEGALEASE-00150937 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 4167 | Connaughton v. Chipotle Mexican Grill, 29 N.Y.3d 137 | 307A+622 | Contrary to plaintiff's argument, under the circumstances of this case, discovery is not warranted because the defect in the pleading is with plaintiff's inability to recover for the alleged injury. "[T]he mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action" (Mandarin Trading Ltd. v. Wildenstein, 65 A.D.3d 448, 451, 884 N.Y.S.2d 47 [1st Dept.2009] [citation omitted] ). To the extent plaintiff claims that discovery will provide proof that defendants' fraud caused him to forgo offers from other potential purchasers of his ramen restaurant concept, no amount of discovery will transform these "undeterminable and speculative" lost opportunities from noncompensable damages to out-of-pocket losses (see Lama Holding, 88 N.Y.2d at 421"422, 646 N.Y.S.2d 76, 668 N.E.2d 1370). | The mere hope that discovery might provide some factual support for a cause of action is insufficient to avoid dismissal of a patently defective cause of action. | Is the mere hope that discovery might provide some factual support for a cause of action insufficient to avoid dismissal of a patently defective cause of action? | 037074.docx | LEGALEASE-00150776-LEGALEASE-00150777 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 4168 | Ivory Dev. v. Roe, 135 A.D.3d 1216 | 307A+685 | We find that plaintiffs' first cause of action should not have been dismissed on this ground. A plaintiff may submit affidavits in opposition to a CPLR 3211 motion to rectify defects in an inartfully pleaded complaint, and such affidavits must be "given their most favorable intendment" | A plaintiff may submit affidavits in opposition to a motion to dismiss a cause of action to rectify defects in an inartfully pleaded complaint, and such affidavits must be given their most favorable intendment. McKinney's CPLR 3211. | Can a plaintiff submit affidavits in opposition to a motion to dismiss to rectify defects in an inartfully pleaded complaint? | Pretrial Procedure - Memo # 8486 - C - SHS_59185.docx | ROSS-003283234-ROSS-003283235 | SA, Sub | 0.19 | 0 | 0 | 1 | 1 | |
| 4169 | Bramon v. U-Haul, 945 S.W.2d 676 | 307A+622 | A motion to dismiss for failure to state a claim for relief is well taken where the facts essential to recovery are not pleaded. Berkowski v. St. Louis County, 854 S.W.2d 819, 823 (Mo.App.1993). The petition must contain allegations of fact in support of each essential element of the cause sought to be pleaded. Id.When ruling on the sufficiency of the facts pleaded to state a claim, we must consider whether material and essential allegations have not been made. Id. Where a petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts a motion to dismiss is properly granted. Id. | When ruling on sufficiency of facts pleaded to state a claim, court must consider whether material and essential allegations have not been made, and where petition contains only conclusions and does not contain ultimate facts or any allegations from which to infer those facts, motion to dismiss is properly granted. | "In ruling on the sufficiency of the facts pleaded to state a claim, do courts consider whether material and essential allegations have not been made?" | 037390.docx | LEGALEASE-00151228-LEGALEASE-00151229 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 4170 | Shope v. Eagle, 551 Pa. 360 | 307A+581 | A motion for a judgment of non pros is the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case. In the companion case of Jacobs v. Halloran, also decided today, we noted that the grant of a judgment of non pros is based upon the equitable principle of laches, which requires that the adversary suffer harm before a case is dismissed for inactivity.6 We further held that, pursuant to the rules of equity, the party seeking dismissal for inactivity must do so with clean hands. In this case, we must determine whether the same is true for a dismissal pursuant to local rules implementing Rule 1901. This issue has been a source of confusion in the lower courts. | Motion for a "judgment of non pros" is the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case. | "Is motion for a ""judgment of non pros"" the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case?" | 037402.docx | LEGALEASE-00151284-LEGALEASE-00151285 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4171 | Matter of Reyes Compania Naviera S.A., 649 F. Supp. 789 | 25T+135 | Even if an original arbitration clause is not broad enough to cover a particular claim, the parties may "evinc[e] a subsequent agreement for private settlement which would cure any defect in the arbitration clause." Ficek v. Southern Pacific Co., 338 F.2d 655, 656 (9th Cir.1964), cert. denied, 380 U.S. 988, 82 S.Ct. 1362, 14 L.Ed.2d 280 (1965) (quoting Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 809 (2d Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960)). As stated by Chief Judge Cardozo in Finsilver, Still & Moss, Inc. v. Goldberg, Maas & Co., 253 N.Y. 382, 171 N.E. 579 (1930), "[w]e assume that circumstances may exist in which a party to an arbitration, joining in its proceedings without protest or disclaimer, may be found to have joined by implication in the appointment of the arbitrators, and to have confirmed their jurisdiction, if otherwise defective." Id. at 391, 171 N.E. 579, quoted in Chilean Nitrate, 274 F.2d at 809. Accord Kamakazi Music Corp. v. Robbins Music Corp., 684 F.2d 228, 231 (2d Cir.1982). Thus, "the parties' intention to arbitrate [can] be determined not only by the initial arbitration clause, but also by the text of the submission agreement." Island Creek Coal Sales Co. v. Indiana-Kentucky Electric Corp., 366 F.Supp. 350, 353 (S.D.N.Y.1973). Accord Textile Workers Union of America v. American Thread Co., 291 F.2d 894, 897 (2d Cir.1961). | Even if original arbitration clause is not broad enough to cover particular claim, parties may evince subsequent agreement for private settlement which would cure any defect in arbitration clause. | Does evincing a subsequent agreement for private settlement cure any defect in the arbitration clause? | 007967.docx | LEGALEASE-00151430-LEGALEASE-00151432 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 4172 | Doherty v. Teamsters Pension Tr. Fund of Philadelphia & Vicinity, 16 F.3d 1386 | 25T+183 | We have stated that equitable tolling may be appropriate at least where "the defendant has actively misled the plaintiff respecting the cause of action," "the plaintiff has in some extraordinary way been prevented from asserting his rights," or "the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." School Dist. of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir.1981) (quoting Smith v. American President Lines, Ltd., 571 F.2d 102, 109 (2d Cir.1978)). To fall into the third category, a party's claim, though filed in the wrong forum, must nevertheless be timely. Id. One district court has applied these criteria to a request for equitable tolling of the MPPAA arbitration deadlines. Teamsters Pension Trust Fund v. Laidlaw Indus., 745 F.Supp. 1016, 1026"28 (D.Del.1990); see also Flying Tiger Line, Inc. v. Central States, S.E. & S.W. Areas Pension Fund, 659 F.Supp. 13, 18"19 (D.Del.1986) (tolling arbitration filing deadline while employer brought court action regarding its withdrawal liability), aff'd on other grounds, 830 F.2d 1241 (3d Cir.1987). We look to these criteria for guidance in applying the broader principle that "a person is not required to sue [or arbitrate] within the statutory period if he cannot in the circumstances reasonably be expected to do so." Slotky, 956 F.2d at 1376. | Equitable tolling of time limit for arbitration may be appropriate where defendant has actively misled plaintiff respecting cause of action, plaintiff has in some extraordinary way been prevented from asserting his rights, or plaintiff has raised precise statutory claim in issue but mistakenly done so in wrong forum. | Under what circumstances is equitable tolling considered appropriate? | 008037.docx | LEGALEASE-00151512-LEGALEASE-00151513 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4173 | Hilao v. Estate of Marcos, 95 F.3d 848 | 108H+14 | In proceeding to enforce judgment, foreign banks in which assets of judgment debtor were deposited moved to vacate and quash levies and deposition notices. Judgment creditor moved for summary judgment against banks for full amount of judgment based on banks' failure to comply with levies. The United States District Court for the Central District of California, Manuel L. Real, J., ordered banks to deposit into court registry all assets in deposit accounts of judgment creditor. Banks appealed. The Court of Appeals, Fletcher, Circuit Judge, held that: (1) service of writs of execution and notices of levy at foreign banks' state offices was ineffective to levy on judgment debtor's deposit accounts, and (2) trial court had no authority under rule of procedure governing execution to order banks to deposit contested funds into court registry. | Trial court had no authority under rule of procedure regarding execution of money judgments to order foreign banks which held judgment debtor's funds to deposit contested funds into court registry as court must use writ of execution to enforce money judgment unless exceptional circumstances exist; exceptional circumstances did not exist to justify deviation from normal means of enforcing money judgment even though banks refused to produce documents, case involved prominent figures and large sum of money, and judgment was difficult to enforce due to uncooperativeness of debtor and fund's location in foreign country. Fed.Rules Civ.Proc.Rule 69(a), 28 U.S.C.A. | Do the courts have authority under the rules of procedure to order a foreign bank to deposit contested funds into court registry? | 014071.docx | LEGALEASE-00151530-LEGALEASE-00151532 | Condensed, SA, Sub | 0.21 | 0 | 1 | 1 | 1 | 1 |
| 4174 | Liu v. Nw. Univ., 78 F. Supp. 3d 839 | 141E+1166 | Finally, a student's breach of contract claim against a private university is treated somewhat differently from a typical breach of contract claim, with Liu required to allege not only a breach but also that Northwestern's conduct was arbitrary, capricious, or in bad faith. Seitz"Partridge v. Loyola Univ. of Chicago, 409 Ill.App.3d 76, 350 Ill.Dec. 150, 948 N.E.2d 219, 226 (2011); Raethz v. Aurora Univ., 346 Ill.App.3d 728, 282 Ill.Dec. 77, 805 N.E.2d 696, 699 (2004) ("[I]n the student-university context, a student may have a remedy for breach of contract when it is alleged an adverse academic decision has been made concerning the student but only if that decision was made arbitrarily, capriciously, or in bad faith."). Generally, "a court may not override the academic decision of a university "unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." " Raethz, 282 Ill.Dec. 77, 805 N.E.2d at 699 (quoting Regents of the Univ. of Michigan v. Ewing, 474 U.S. 214, 225, 106 S.Ct. 507, 88 L.Ed.2d 523 (1985)). Northwestern argues that Liu has not alleged facts to support her conclusory assertion that Northwestern's failure to abide by the student handbook was arbitrary and capricious. Taking the entirety of Liu's allegations as true, however, Liu has sufficiently alleged that Northwestern departed from accepted academic norms in its treatment of her by placing unreasonable "academic conditions" on her return from a leave of absence that amount to charges of academic dishonesty without allowing her access to the procedures set forth in the student handbook to challenge such charges. Thus, the Court will allow Liu to proceed on her remaining breach of contract claim. See O'Driscoll v. Argosy Univ., No. 12 C 10164, 2014 WL 714023, at *2"3 (N.D.Ill. Feb. 25, 2014) (allowing breach of contract claim to proceed against university | Under Illinois law, a student's breach of contract claim against a private university is treated somewhat differently from a typical breach of contract claim, with the student required to allege not only a breach, but also that university's conduct was arbitrary, capricious, or in bad faith. | Does a students breach of contract claim against a private university treated somewhat differently from a typical breach of contract claim? | Education - Memo # 198 - C - KS_60313.docx | ROSS-003281217-ROSS-003281219 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4175 | Betancourt v. Countrywide Home Loans, 344 F. Supp. 2d 1253 | 172H+1555 | Section 1602(w), 15 U.S.C., defines a "residential mortgage transaction" subject to the rescissionary exception as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Thus, there is no statutory right of rescission under 15 U.S.C. " 1535(e) where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. French v. Wilson, 446 F.Supp. 216, 218 (D.R.I.1978); Simmons v. American Budget Plan, Inc., 386 F.Supp. 194, 200 (E.D.La.1974). | There is no right under TILA to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside. Truth in Lending Act, S 125(a), (e)(1), as amended, 15 U.S.C.A. S 1635(a), (e)(1). | Is there any right to rescind a loan transaction when the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside? | 013894.docx | LEGALEASE-00151584-LEGALEASE-00151585 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 4176 | No-Dent Properties v. Comm'r of Town of Hempstead Dep't of Highways, 138 A.D.3d 702 | 200+79.1 | The Supreme Court properly granted those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against each of them for failure to state a cause of action. Highway Law " 205(1) "sets forth a six-year limitation on the life of an unused public easement" (Perlmutter v. Four Star Dev. Assoc., 38 A.D.3d 1139, 1141, 833 N.Y.S.2d 679; see New York Cent. & Hudson Riv. R.R. Co. v. City of Buffalo, 200 N.Y. 113, 120, 93 N.E. 520). It does not apply where a town has acquired a fee to the land in question (see Perlmutter v. Four Star Dev. Assoc., 38 A.D.3d at 1141, 833 N.Y.S.2d 679). Here, the plaintiff does not dispute that the Town owns a fee interest in Bishop Road. Accordingly, Bishop Road cannot be deemed abandoned under Highway Law " 205, even if it has not "been traveled or used as a highway for six years" (Highway Law " 205[1]; see Barnes v. Midland R.R. Term. Co., 218 N.Y. 91, 99, 112 N.E. 926; see also New York Cent. & Hudson Riv. R.R. Co. v. City of Buffalo, 200 N.Y. at 120, 93 N.E. 520; Romanoff v. Village of Scarsdale, 50 A.D.3d 763, 764, 856 N.Y.S.2d 168; Town of Clarkstown v. Brent, 60 A.D.2d 627, 400 N.Y.S.2d 165; Matter of Fusaro v. D'Angelo, 41 A.D.2d 567, 567"568, 340 N.Y.S.2d 233). | Highway Law provision setting forth a six-year limitation on the life of an unused public easement does not apply when a town has acquired a fee to the land in question. McKinney's Highway Law S 205(1). | Does a limitation on the life of an unused public easement apply where a town has acquired a fee to the land in question? | 018711.docx | LEGALEASE-00151680-LEGALEASE-00151682 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4177 | Patel v. Home Depot USA, 2012 IL App (1st) 103217 | 307A+687 | A motion to dismiss under section 2"615 attacks the legal sufficiency of the complaint. Such a motion to dismiss does not raise affirmative factual defenses, but alleges defects appearing on the face of the pleadings. Kolegas v. Heftel Broadcasting Corp., 154 Ill.2d 1, 8, 180 Ill.Dec. 307, 607 N.E.2d 201 (1992). In ruling on a section 2"615 motion to dismiss, the court must accept as true all well-pled facts in the complaint and all reasonable inferences which can be drawn therefrom. McGrath v. Fahey, 126 Ill.2d 78, 90, 127 Ill.Dec. 724, 533 N.E.2d 806 (1988). In making this determination, the court interprets the allegations of the complaint in the light most favorable to the plaintiff. Id. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleading which will entitle plaintiff to recover. Reuben H. Donnelley Corp. v. Brauer, 275 Ill.App.3d 300, 302, 211 Ill.Dec. 779, 655 N.E.2d 1162 (1995). | In ruling on a motion to dismiss filed under statute governing motions with respect to the pleadings, the court must accept as true all well-pled facts in the complaint and all reasonable inferences which can be drawn therefrom. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss filed under statute governing motions with respect to the pleadings, should the court accept as true all well-pled facts in the complaint?" | 037587.docx | LEGALEASE-00151827-LEGALEASE-00151828 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 4178 | Schopp v. Matlock, 880 S.W.2d 357 | 30+3212 | A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it appears, by a preponderance of the evidence, that the court is without jurisdiction. Lederer v. Director of Division of Aging, 865 S.W.2d 682, 684 (Mo.App.1993); See Rule 55.27(g)(3). The decision to dismiss for lack of subject matter jurisdiction is a question of fact left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. Gabler v. McColl, 863 S.W.2d 340, 342 (Mo.App.1993). Plaintiff contends that the "authorization for treatment" form created an express or implied promise to pay for employee's chiropractic treatment. A preponderance of the evidence in the record before us demonstrates that employer did not assume responsibility for employee's medical bills but merely promised to file the necessary claim forms with the State Compensation Insurance Fund. Employer is only liable for employee's medical bills under the "authorization for treatment" contract if employee was injured in an accident arising out of and in the course of employment. This factual determination is within the exclusive original jurisdiction of the Commission. | Decision to dismiss for lack of subject matter jurisdiction is question of fact left to sound discretion of trial court and will not be reversed on appeal absent abuse of discretion. | Is whether there is subject matter jurisdiction a question of fact left to the sound discretion of the trial court on a motion to dismiss? | Pretrial Procedure - Memo # 8778 - C - SJ_59777.docx | ROSS-003279330-ROSS-003279331 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 4179 | Grewell v. State Farm Mut. Auto. Ins. Co., 102 S.W.3d 33 | 307A+679 | A motion to dismiss for failure to state a cause of action is an assertion that, while taking all factual allegations as true, plaintiff's pleadings are insufficient to establish a cause of action. [It] is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weighanyfactsallegedasto whether they are credible or persuasive.Instead, the petition is reviewed in an almost academicmanner, to determine if the factsallegedmeet the elements of a recognizedcause of action, or of a cause that might be adopted in that case. | In a motion to dismiss for failure to state a cause of action, no attempt is made to weigh any facts alleged as to whether they are credible or persuasive; instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | "In a motion to dismiss for failure to state a cause of action, is any attempt made to weigh any facts alleged as to whether they are credible or persuasive?" | 037746.docx | LEGALEASE-00151835-LEGALEASE-00151836 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4180 | Montgomery v. Kennedy, 669 S.W.2d 309 | 228+185(2) | The standards for review of summary judgment evidence are well established. Defendants moving for summary judgment must expressly present and conclusively prove all essential elements of their defense as a matter of law; there can be no genuine issues of material fact. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex.1979); Gibbs v. General Motors Corp., 450 S.W.2d 827 (Tex.1970). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants will be taken as true.Cowden v. Bell, 157 Tex. 44, 46, 300 S.W.2d 286, 287 (1957). Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. Hudnall v. Tyler Bank & Trust Co., 458 S.W.2d 183, 185 (Tex.1970). | In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to nonmovants will be taken as true; every reasonable inference from evidence must be indulged in favor of nonmovants and any doubts resolved in their favor. | Will all conflicts in the evidence be considered when deciding whether there is an issue of material fact precluding summary judgment? | 009754.docx | LEGALEASE-00152647-LEGALEASE-00152648 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4181 | First Nat. Bank of Lafayette v. Gaddis, 250 So. 2d 504 | 83E+417 | Since the mortgage note involved in the instant suit was payable to the order of "Myself," and was endorsed in blank by the maker, the law considers it as being payable to bearer and transferable by mere delivery. LSA-R.S. 7:9 and 30; Williams v. Alphonse Mortgage Company, 144 So.2d 600 (La.App. 4 Cir. 1962). Our law is settled that a promissory note payable to bearer and secured by a mortgage, may be transferred by mere delivery, and authentic evidence of the endorsement or transfer of the note is not necessary to enable the holder to foreclose by executory process. Ford Motor Credit Co. v. Williams, 225 So.2d 717 (La.App. 1 Cir. 1969); General Contract Purchase Corp. v. Doyle, 56 So.2d 432 (La.App. Orl.Cir. 1952); Catalanotto v. Associates Discount, 207 So.2d 180 (La.App. 1 Cir. 1968). | Promissory note payable to bearer and secured by mortgage may be transferred by mere delivery and authentic evidence of endorsement or transfer of note is not necessary to enable holder to foreclose by executory process. LSA-R.S. 7:9, 7:30; LSA-C.C.P. art. 2635. | Can a promissory note which is payable to bearer and secured by a mortgage be transferred by mere delivery? | 010385.docx | LEGALEASE-00152065-LEGALEASE-00152066 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4182 | Hardee's Food Sys. v. Oreel, 32 F. Supp. 2d 342 | 157+417(13) | Hardee's claims that Oreel's assertions are "not admissible to contradict the clear and unambiguous language of the note," because of the parol evidence rule. However, "[p]romissory notes are not generally subject to the parol evidence rule to the same extent as other contracts." Borden, Inc. v. Brower, 284 N.C. 54, 199 S.E.2d 414, 420"21 (N.C.1973). "If collateral terms and conditions had been agreed upon, they may be omitted from the note itself to insure negotiability. Accordingly, ... parol evidence as between the original parties may well be admissible so far as it is not inconsistent with the express terms of the note." | If collateral terms and conditions had been agreed upon, they may be omitted from promissory note itself to insure negotiability; accordingly, parol evidence as between the original parties may be admissible so far as it is not inconsistent with express terms of the note. | "If collateral terms and conditions have been agreed upon, can they be omitted from a promissory note itself to ensure negotiability?" | 010702.docx | LEGALEASE-00152596-LEGALEASE-00152597 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4183 | Hauk v. JP Morgan Chase Bank USA, 552 F.3d 1114 | 172H+1322 | Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. " 1601. To effectuate TILA's purpose, a court must construe "the Act's provisions liberally in favor of the consumer" and require absolute compliance by creditors. In re Ferrell, 539 F.3d 1186, 1189 (9th Cir.2008); see also Jackson v. Grant, 890 F.2d 118, 120 (9th Cir.1989) ("Even technical or minor violations of the TILA impose liability on the creditor."). | The purpose of TILA is to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices. Truth in Lending Act, S 102, 15 U.S.C.A. S 1601. | Is the purpose of TILA to assure a meaningful disclosure of credit terms? | Consumer Credit -Memo 99-SB_60177.docx | ROSS-003296979-ROSS-003296980 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 4184 | James L. Lester v Heyward McFaddon and Cameron Lumber Company, 288 F.Supp.735 | 48A+160(1) | Motorists using the highways have the duty of exercising ordinary or reasonable care to avoid injuring a pedestrian who is crossing or upon or along a highway, and the fact that a motorist may have the right-of-way over a pedestrian does not relieve him of the duty to use reasonable care for the safety of such pedestrian, even though a statute may require a pedestrian on the highway to yield the right-of-way to the motorist. Johnson v. Finney. | Motorists using highways have duty of exercising ordinary or reasonable care to avoid injuring pedestrian who is crossing or upon or along highway. Code S.C.1962, SS 46-436, 46-442, 46-361, 46-363. | Do motorists using the highways have the duty of exercising ordinary or reasonable care to avoid injuring a pedestrian who is crossing or upon or along a highway? | Highways - Memo 318 - RK_59646.docx | ROSS-003294006-ROSS-003294007 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 4185 | Wilson v. Phoenix House, 42 Misc. 3d 677 | 307A+683 | In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the court's role is ordinarily limited to determining whether the complaint states a cause of action. Frank v. DaimlerChrysler Corp., 292 A.D.2d 118, 741 N.Y.S.2d 9 [1st Dept. 2002]. On such a motion, the court must accept as true the factual allegations of the complaint and accord the plaintiff all favorable inferences which may be drawn therefrom. Dunleavy v. Hilton Hall Apartments Co., LLC, 14 A.D.3d 479, 480, 789 N.Y.S.2d 164 [2nd Dept. 2005]. See also Leon v. Martinez, 84 N.Y.2d 83, 87"88, 614 N.Y.S.2d 972, 638 N.E.2d 511; Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; Dye v. Catholic Med. Ctr. of Brooklyn & Queens, 273 A.D.2d 193, 710 N.Y.S.2d 83 [2nd Dept. 2000]. | In deciding a motion to dismiss for failure to state a cause of action, the court's role is ordinarily limited to determining whether the complaint states a cause of action; on such a motion, the court must accept as true the factual allegations of the complaint, and accord the plaintiff all favorable inferences which may be drawn therefrom. McKinney's CPLR 3211(a)(7). | "In deciding a motion to dismiss for failure to state a cause of action, is the court's role ordinarily limited to determining whether the complaint states a cause of action?" | 037537.docx | LEGALEASE-00152253-LEGALEASE-00152254 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 4186 | Woodruff v. Choate, 334 Ga. App. 574 | 307A+682.1 | In dismissing Woodruff's complaint for failure to state a claim, the trial court found that Woodruff had failed in her petition to offer details of the alleged change in circumstances, and had not claimed a change in material conditions or circumstances. Contrary to the trial court's order, it is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | It is not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss the complaint for failure to state a claim; if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. | Is it not necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim? | 037539.docx | LEGALEASE-00152279-LEGALEASE-00152280 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4187 | Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP, 68 A.3d 697 | 307A+680 | Nevertheless, a complaint must tender more than " "naked assertion[s]" devoid of "further factual enhancement." " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); see also Potomac Dev. Corp. v. District of Columbia, 28 A.3d 531, 544 & n. 4 (D.C.2011) (adopting the plausibility standard articulated in Twombly and Iqbal (citing Mazza v. Housecraft, LLC, 18 A.3d 786 (D.C.), vacated as moot, 22 A.3d 820 (D.C.2011) (per curiam))). That is, "factual allegations must be enough to raise a right to relief above the speculative level." Clampitt v. Am. Univ., 957 A.2d 23, 29 (D.C.2008) (brackets omitted) (quoting Twombly, supra, 550 U.S. at 555, 127 S.Ct. 1955). Ultimately, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."Potomac Dev. Corp., supra, 28 A.3d at 544 (citations and internal quotation marks omitted). | Ultimately, to survive a motion to dismiss for the failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Civil Rules 8(a)(2), 12(b)(6). | "To survive a motion to dismiss for the failure to state a claim, should a complaint contain sufficient factual matter?" | 037665.docx | LEGALEASE-00152213-LEGALEASE-00152214 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4188 | Dawson v. Newman, 845 N.E.2d 1076 | 307A+680 | Trial Rule 12(B)(6) provides a civil action may be dismissed for "failure to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of a claim, not the facts supporting it. Scruggs v. Allen County/City of Fort Wayne, 829 N.E.2d 1049, 1051 (Ind.Ct.App.2005), reh'g. denied. Under T.R. 12(B)(6), a trial court's grant of a motion to dismiss is proper if the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. Watson v. Auto Advisors, Inc., 822 N.E.2d 1017, 1023 (Ind.Ct.App.2005), trans. denied 831 N.E.2d 749 (Ind.2005). In making this determination, the court must look only to the complaint and may not resort to any other evidence in the record. Id. The court considers the allegations in the complaint to be true. Id. Such a motion should be viewed in the light most favorable to the non-moving party and all inferences should be resolved in the non-moving party's favor. Id. | Motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. Trial Procedure Rule 12(B)(6). | "Does a motion to dismiss for failure to state a claim upon which relief can be granted test the legal sufficiency of a claim, not the facts supporting it?" | 037712.docx | LEGALEASE-00151907-LEGALEASE-00151908 | Order, SA | 0.81 | 1 | 0 | 0 | 1 | |
| 4189 | Sazima v. Chalko, 712 N.E.2d 729 | 307A+581 | In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action. See Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372, 678 N.E.2d 530, 534; Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576, 635 N.E.2d 14, at the syllabus. However, "[t]he extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party." Moore, 18 Ohio St.3d at 70, 18 OBR at 102, 479 N.E.2d at 885. In other words, dismissal is reserved for those cases in which " " "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." " " Quonset, 80 Ohio St.3d at 48, 684 N.E.2d at 321, quoting Tokles & Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. Jones, 78 Ohio St.3d at 371-372, 678 N.E.2d at 534. See, also, 9 Wright & Miller, Federal Practice and Procedure (1995) 340, Section 2369; 5A Wright & Miller (1990), supra, at 640-641, Section 1379. | Extremely harsh sanction of dismissal for failure to prosecute or obey a court order should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party; dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice, and absent such extreme circumstances, a court should first consider lesser sanctions. Rules Civ.Proc., Rule 41(B)(1). | Is dismissal reserved for those cases in which the conduct of a party is as negligent and dilatory as to provide substantial grounds for a dismissal with prejudice? | 037829.docx | LEGALEASE-00152043-LEGALEASE-00152044 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 4190 | Warner v. Beardsley, 8 Wend. 194 | 83E+462 | In Pain v. Packard, 13 Johns. R. 174, the supreme court decided that the surety was discharged where the principal debtor was perfectly responsible at the time the debt became due, and the creditor, although requested by the surety, refused to proceed and collect his debt until the principal became insolvent. This decision was made without argument, and two, at least, of the judges who concurred therein, afterwards expressly dissented from it, and declared themselves satisfied it was wrong. It was also overruled by Chancellor Kent, in King v. Baldwin & Fowler, 2 Johns. Ch. R. 554, and although Chief Justice Spencer afterwards succeeded in this court (17 Johns. R. 386) in reversing the decree of the chancellor, it was in opposition to the votes of all the other justices of the supreme court who took part in the decision. The decision was made by the casting vote of the president against the opinions of some of the most distinguished lawyers in the state, who were then members of this court as senators. It also stands in opposition to the decisions of most, if not of all of the states in the union, where the question has arisen (Davis v. Huggins, 3 New-Hamp. R. 231; Frye v. Barker, 4 Pick. R. 382; Buchanan v. Bordley, 4 Har. & Mc Hen. R. 41; Croughton v. Duval, 3 Call's R. 69; Moore v. Proussard, 20 Martyn's R. 277; Lenox v. Prior, 3 Wheat. R. 524). In Pennsylvania, where they have no court of chancery to enable the surety to proceed in his own name to compel payment by the creditor, it has, after much hesitation, been decided, that where the principal is solvent, the surety will be discharged if the creditor does not proceed and collect the debt on request, or permit the surety to proceed in his name. See Dehuff v. Turbitt's Ex'rs, 3 Yeates, 157; Cope v. Smith's Ex'rs, 8 Serg. & Rawle, 110; Gardner's Adm'rs v. Ferree, 15 id. 28. But as the case of King v. Baldwin was decided by the court of dernier resort, it must probably be considered as binding | To discharge an indorser on the ground of the omission of the creditor to proceed against the principal debtor when requested so to do, it must appear that the principal was solvent at the time of the request, within the jurisdiction of the state in which the suit against the surety is instituted, and that the creditor, without any reasonable excuse, neglected or refused to proceed until the principal debtor became insolvent and unable to pay. | Is it necessary for the surety to show that the principal was solvent at the time he requested the creditor to proceed and collect the debt? | 009905.docx | LEGALEASE-00153661-LEGALEASE-00153663 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4191 | Speake v. Grantham, 317 F. Supp. 1253 | 141E+1024 | No student may, without subjecting himself to reasonable and lawful discipline, intentionally act to impair or prevent the accomplishment of any lawful mission, process or function of an educational institution or to unlawfully interfere with or impede the educational opportunity and rights of his fellow students. A college or university has the inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | A college or university has inherent power to promulgate rules and regulations; the right to discipline; the right to protect itself and its property through lawful means; the right to expect its students to adhere generally to accepted standards of conduct commensurate with their approaching maturity and majority. | Does a university have a right to discipline students? | 017344.docx | LEGALEASE-00152957-LEGALEASE-00152958 | Condensed, SA | 0.5 | 0 | 1 | 0 | 1 | |
| 4192 | Mathews v. Sun Oil Co., 411 S.W.2d 561 | 156+32(1) | We further conclude, under the uncontroverted facts of this case, the appellants are estopped from seeking to convert the single lease on both Sections 13 and 4 into two separate leases on each of these sections. This same doctrine of estoppel by deed also precludes the contention that production on Section 13 does not continue the lease in force as to Section 4. Estoppel by contract or deed is the doctrine whereby a party is bound by the terms of his own contract or deed until it is set aside by fraud, accident or mistake. United Fidelity Life Insurance Co. v. Fowler (Tex.Civ.App.) 38 S.W.2d 128 (Error Dis.) and Gress v. Gress (Tex.Civ.App.) 209 S.W.2d 1003 (Ref. N.R.E.). 22 Tex.Jur.2d Estoppel, Section 3. Estoppel by deed precludes parties to a valid sealed instrument and their privies to deny its force and effect by evidence of inferior solemnity. It denies to the grantor or those claiming under him the right to take a position inconsistent with the grant. Surtees v. Hobson, Tex.Civ.App., 4 S.W.2d 245. Affirmed Tex.Com.App., 13 S.W.2d 345. That doctrine is applicable under the uncontradicted facts of this case. | Estoppel by deed precludes parties to a valid sealed instrument and their privies from denying its force and effect by evidence of inferior solemnity. | Does estoppel by deed preclude parties to a valid sealed instrument and their privies to deny its force and effect by evidence of inferior solemnity? | 018018.docx | LEGALEASE-00153021-LEGALEASE-00153022 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 4193 | Otte v. Edwards, 370 S.W.3d 898 | 307A+679 | We review a trial court's decision to grant a motion to dismiss de novo. Coons v. Berry, 304 S.W.3d 215, 217 (Mo.App. W.D.2009). When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we apply the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition. It assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. No attempt is made to weigh any facts alleged as to whether they are credible or persuasive. Instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court of Appeals applies the following standard of review: A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's petition; it assumes that all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom; and no attempt is made to weigh any facts alleged as to whether they are credible or persuasive, instead, the petition is reviewed in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case. | Is a petition reviewed in an almost academic manner? | Pretrial Procedure - Memo # 8946 - C - DA_60399.docx | ROSS-003292498-ROSS-003292499 | SA, Sub | 0.13 | 0 | 0 | 1 | 1 | |
| 4194 | Landmark Funding, Inc on Behalf of Naples Syndications v. Chaluts, 213 So. 3d 1078 | 307A+622 | We review a trial court's order dismissing a complaint de novo. Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So.2d 151, 153 (Fla. 2d DCA 2007). "A motion to dismiss ... tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact." McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss, 704 So.2d 214, 215 (Fla. 2d DCA 1998). As such, when passing on a motion to dismiss, the trial court "is limited to considering the four corners of the complaint along with the attachments incorporated into the complaint." Neapolitan Enters., LLC v. City of Naples, 185 So.3d 585, 589 (Fla. 2d DCA 2016); see also McWhirter, 704 So.2d at 215 ("[T]he trial court must confine itself strictly to the allegations within the four corners of the complaint."). | A motion to dismiss tests the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact. | Does a motion to dismiss test the legal sufficiency of a complaint to state a cause of action and is not intended to determine issues of ultimate fact? | Pretrial Procedure - Memo # 8969 - C - DA_60565.docx | ROSS-003292259-ROSS-003292260 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 4195 | Luna v. Pizzas By Marchelloni, 279 Ill. App. 3d 402 | 307A+680 | For purposes of a motion to dismiss, the truth of all well-pleaded facts is accepted, (Steinberg v. Chicago Medical School, 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977); Johnson v. Franzen, 77 Ill.2d 513, 522, 34 Ill.Dec. 153, 397 N.E.2d 825 (1979); Johnston v. City of Bloomington, 77 Ill.2d 108, 32 Ill.Dec. 319, 395 N.E.2d 549 (1979); Cross v. Wells Fargo Alarm Services, 82 Ill.2d 313, 45 Ill.Dec. 121, 412 N.E.2d 472 (1980)), and a complaint will be dismissed on the pleadings only if it clearly appears that no facts can be proved which would entitle the plaintiff to recover.Charles Hester Enterprises, Inc., v. Illinois Founders Insurance Co., 114 Ill.2d 278, 102 Ill.Dec. 306, 499 N.E.2d 1319 (1986). | For purposes of motion to dismiss, truth of all well-pleaded facts is accepted and complaint will be dismissed on pleadings only if it clearly appears that no facts can be proved that would entitle plaintiff to recover. | "For purposes of a motion to dismiss, is the truth of all well-pleaded facts accepted and a complaint will be dismissed on pleadings only if it clearly appears that no facts can be proved?" | 038215.docx | LEGALEASE-00153181-LEGALEASE-00153182 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 4196 | Palumbo v. Moore, 777 So. 2d 1177 | 307A+687 | Generally, the standard of review of an order dismissing a complaint with prejudice is de novo. Abruzzo v. Haller, 603 So.2d 1338, 1339 (Fla. 1st DCA 1992). However, when dismissing a count in a complaint seeking declaratory judgment, the trial court's ruling is accorded great deference. Travelers Ins. Co. v. Emery, 579 So.2d 798, 800 (Fla. 1st DCA 1991). Therefore, as to the dismissal of the declaratory relief claim, the standard of review is whether the trial court abused its discretion. Abruzzo, 603 So.2d at 1339. A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 383 (Fla. 4th DCA 1999). | A motion to dismiss for failure to state a cause of action admits all well pleaded facts as true, as well as reasonable inferences that may arise from those facts. | "Should the party moving for dismissal for failure to state a cause of action admit all well pleaded facts as true, as well as reasonable inferences that can arise from those facts?" | 038261.docx | LEGALEASE-00153714-LEGALEASE-00153715 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4197 | ATCO Sign & Lighting Co. v. Stamm Mfg., 298 Ga. App. 528 | 307A+681 | Our statute "requires that an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction." Gust v. Flint, 257 Ga. 129, 130, 356 S.E.2d 513 (1987). When considering if a Georgia court may exercise jurisdiction over a nonresident based on the transaction of business, we apply a three-part test: Jurisdiction exists if (1) the nonresident defendant has purposefully done an act or consummated a transaction in Georgia, (2) the cause of action arises from or is connected with the act or transaction, and (3) the Georgia court's exercise of jurisdiction does not offend traditional fairness and substantial justice. Robertson v. CRI, Inc., 267 Ga.App. 757, 759, 601 S.E.2d 163 (2004). Further, under our law, [a] defendant moving to dismiss for lack of personal jurisdiction bears the burden of proving the absence of jurisdiction. To meet that burden, the defendant may raise matters not contained in the pleadings. | To meet its burden of proving the absence of personal jurisdiction, a defendant seeking a dismissal for lack of personal jurisdiction may raise matters not contained in the pleadings; however, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. | "To meet the burden of proving the absence of personal jurisdiction, can a defendant seeking a dismissal for lack of personal jurisdiction raise matters not contained in the pleadings?" | 038300.docx | LEGALEASE-00152921-LEGALEASE-00152922 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 4198 | People v. Kruger, 2015 IL App (4th) 131080 | 307A+560 | We begin by supplementing our decision in Powell v. Lewellyn, 2012 IL App (4th) 110168, 364 Ill.Dec. 543, 976 N.E.2d 1106. There, we stated that, when the petitioner fails to properly serve the opposing party within "a reasonable period of time," the trial court has the power to dismiss the case for want of prosecution. Powell, 2012 IL App (4th) 110168, 14, 364 Ill.Dec. 543, 976 N.E.2d 1106. However, we did not mention the court may also dismiss the action "under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) if defendant fails to exercise reasonable diligence in serving the State." People v. Prado, 2012 IL App (2d) 110767, 9, 365 Ill.Dec. 960, 979 N.E.2d 564. A dismissal for lack of diligence in obtaining service prior to the expiration of applicable statute of limitations under Rule 103(b) is distinct from a dismissal for want of prosecution. Green v. Wilmot Mountain, Inc., 92 Ill.App.3d 176, 180, 47 Ill.Dec. 763, 415 N.E.2d 1076, 1080 (1980). Since the two types of dismissals are distinct and have different ramifications, we set forth a description of them below. | A dismissal for lack of diligence in obtaining service prior to the expiration of applicable statute of limitations is distinct from a dismissal for want of prosecution. Sup.Ct.Rules, Rule 103(b). | Is dismissal of an action for want of prosecution distinct from a dismissal for lack of diligence in obtaining service prior to expiration of applicable statute of limitations? | 038358.docx | LEGALEASE-00152774-LEGALEASE-00152775 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 4199 | Dani v. Miller, 2016 OK 35 | 307A+622 | If relief is possible under any set of facts which can be established and is consistent with the allegations, a motion to dismiss should be denied. Gens, 2008 OK 5, 8, 177 P.3d 565; Darrow, 2008 OK 1, 7, 176 P.3d 1204; Lockhart v. Loosen, 1997 OK 103, 4, 943 P.2d 1074. A motion to dismiss is properly granted only when there are no facts consistent with the allegations under any cognizable legal theory or there are insufficient facts under a cognizable legal theory. Wilson, 2012 OK 2, 4, 270 P.3d 155; Darrow, 2008 OK 1, 7, 176 P.3d 1204; Lockhart, 1997 OK 103, 5, 943 P.2d 1074.3 Where not all claims appear to be frivolous on their face or without merit, dismissal for failure to state a claim upon which relief may be granted is premature. Gens, 2008 OK 5, 8, 177 P.3d 565; Washington v. State ex rel. Dept. of Corrections, 1996 OK 139, 12, 915 P.2d 359. The party moving for dismissal bears the burden of proof to show the legal insufficiency of the petition. Ladra, 2015 OK 53, 8, 353 P.3d 529; Simonson, 2013 OK 25, 3, 301 P.3d 413; Tuffy's, Inc. v. City of Oklahoma City, 2009 OK 4, 6, 212 P.3d 1158. | Where not all claims appear to be frivolous on their face or without merit, dismissal for failure to state a claim upon which relief may be granted is premature. 12 Okl.St.Ann. S 2012(B)(6). | "Where not all claims appear to be frivolous on their face or without merit, is dismissal for failure to state a claim upon which relief can be granted premature?" | 038427.docx | LEGALEASE-00153105-LEGALEASE-00153106 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4200 | Am. Truck Driving Acad. v. Smith, 998 So. 2d 1067 | 307A+690 | In its appeal, ATDA argues that the trial court erred in dismissing the garnishment action on the basis of its purported failure to prosecute and that, pursuant to that dismissal, the trial court erred in ordering that Magnatron and Auburn Bank be released from the garnishment orders. "[I]t is clear from the record that the judgment is, in actuality, a judgment of dismissal, with prejudice, entered pursuant to Rule 41(b), Ala. R. Civ. P., on the trial court's own motion. See Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991) (noting that "a court has the inherent power to act sua sponte to dismiss an action for want of prosecution"). However, as Burdeshaw also notes, "[t]he entry of a judgment for a defendant as a matter of law for want of prosecution is a drastic sanction," and because dismissal "is such a drastic sanction, it is to be used only in extreme situations'; thus, an appellate court "carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found."With particular reference to a judgment of dismissal with prejudice for lack of prosecution, our court has held that such a dismissal is proper "only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default." | A dismissal with prejudice for lack of prosecution is proper only where there is a clear record of delay or contumacious conduct by the plaintiff or a serious showing of willful default. | "Can court dismiss action, for lack of prosecution when there is clear record of delay or contumacious conduct by plaintiff or serious showing of willful default?" | 038747.docx | LEGALEASE-00153537-LEGALEASE-00153538 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4201 | Cameron Cty. Sav. Ass'n v. Stewart Title Guar. Co., 819 S.W.2d 600 | 308+96 | We next determine whether the facts shown on summary judgment in this case raise a fact question on whether the abstract company was the title insurer's agent for the closing of the entire real estate transaction, rather than just to close the assurance of title. A principal is liable for his agent's acts which the agent has actual or apparent authority from the principal to do, and for acts which the principal ratifies. See Currey v. Lone Star Steel Co., 676 S.W.2d 205, 209 (Tex.Civ.App."Fort Worth 1984, no writ) (actual and apparent authority); Little v. Clark, 592 S.W.2d 61, 64 (Tex.Civ.App."Fort Worth 1979, writ ref'd n.r.e.) (ratification). "Actual" authority includes both express and implied authority and usually denotes that authority which a principal a) intentionally confers upon an agent, b) intentionally allows the agent to believe that he possesses, or c) by want of due care allows the agent to believe that he possesses. Currey, 676 S.W.2d at 209"10; Behring Int'l Inc. v. Greater Houston Bank, 662 S.W.2d 642, 649 (Tex.App."Houston [1st Dist.] 1983, writ dism'd). Implied actual authority can exist only with express actual authority. Behring, 662 S.W.2d at 649. This is so because implied authority is that which is proper, usual and necessary to the exercise of the authority that the principal expressly delegates. Employers Casualty Co. v. Winslow, 356 S.W.2d 160, 168 (Tex.Civ.App."El Paso 1962, writ ref'd n.r.e.); see Behring, 662 S.W.2d at 649. | "Actual authority" includes both express and implied authority and usually denotes that authority which principal intentionally confers upon agent, intentionally allowed agent to believe that he possesses or, by want of due care, allows agent to believe that he possesses. | Does actual authority mean that the principal by want of due care allows the agent to believe he possessed authority? | 041566.docx | LEGALEASE-00153147-LEGALEASE-00153148 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4202 | In City National Bank of Fort Smith, Arkansas v. Vanderboom, 290 F.Supp. 592 | 8.30E+274 | Under the substantive law of Arkansas the general rule is that the giving of a renewal note or making partial payments with knowledge at the time of false representations on the part of the payee operates as a waiver of that defense, and the maker is thereby estopped from pleading such defenses in an action on the renewal note.Trent v. Johnson (1932), 185 Ark. 288, 47 S.W.2d 12, 80 A.L.R. 1431 (partial payments); Harrington v. Citizens' Investment & Security Co. (1923), 160 Ark. 320, 254 S.W. 831 (renewal); Sebastian County Bank v. Gann (1915), 121 Ark. 115, 180 S.W. 754 (renewal); Haglin v. Friedman (1915), 118 Ark. 465, 177 S.W. 429 (renewal); Stewart v. Simon (1914), 111 Ark. 358, 163 S.W. 1135 (renewal); 11 Am.Jur.2d, Bills and Notes, " 391. | Under substantive law of Arkansas, giving of renewal note or making partial payments with knowledge at time of false representations on part of payee operates as waiver of that defense and maker is estopped from pleading such defense in action on renewal note. | Does renewal or making payment on a note after knowledge of the defense that may be interposed to its collection waives the defense? | 009638.docx | LEGALEASE-00154209-LEGALEASE-00154210 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4203 | Haycook v. Ostman, 397 So. 2d 743 | 83E+852 | The trial court received into evidence the original note and mortgage. A promissory note, mature and regular on its face, is admissible into evidence without extrinsic proof of its execution or authenticity and, as evidence, is sufficient to establish a prima facie case. All attacks upon it, or the debt it represents, must be made by way of affirmative defenses as to which the burden of proof is on the defense. See Jacobs v. Becks, 355 So.2d 1241 (Fla. 1st DCA 1978); Broward Nat. Bank of Ft. Lauderdale v. Bear, 125 So.2d 760 (Fla.2d DCA 1961); Knauer v. Levy, 115 So.2d 776, 777 (Fla.3d DCA 1959). | A promissory note, mature and regular on its face, is admissible into evidence without extrinsic proof of its execution or authenticity and, as evidence, is sufficient to establish a prima facie case. | "Is a promissory note, that is mature and regular on its face, admissible and is sufficient to establish a prima facie case?" | Bills and notes - Memo 9 - KC_61001.docx | ROSS-003299086-ROSS-003299087 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 4204 | Munoz v. Express Auto Sales, 222 Cal. App. 4th Supp. 1 | 172H+93 | "Under the ASFA, every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. The ASFA's requirements are mandatory." (Bermudez v. Fulton Auto Depot, LLC (2009) 179 Cal.App.4th 1318, 1323, 102 Cal.Rptr.3d 413.) "If the dealer or subsequent holder of the note violates the ASFA, "except as the result of an accidental or bona fide error in computation", the contract is not enforceable and "the buyer may elect to retain the motor vehicle and continue the contract in force or may, with reasonable diligence, elect to rescind the contract and return the motor vehicle." " | Under the Automobile Sales Finance Act (ASFA), every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. West's Ann.Cal.Civ.Code S 2981. | Should every conditional sales contract must disclose to the buyer all details concerning the sale under the Automobile Sales Finance Act (ASFA)? | 014012.docx | LEGALEASE-00154517-LEGALEASE-00154518 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4205 | Harris v. Grizzle, 599 P.2d 580 | 302+17 | Appellees first assert that appellant's complaint is insufficient to state a claim for which relief can be granted. They accuse appellant of "recklessly" filing a complaint which does not apprise appellees of the matters they are called upon to answer. A complaint should show that the pleader has a claim upon which he is entitled to relief. Watts v. Holmes, Wyo.1963, 386 P.2d 718, 719. Pleadings are to be construed liberally so as to do substantial justice. Sump v. City of Sheridan, Wyo.1961, 358 P.2d 637, 641-643. Under the Wyoming Rules of Civil Procedure, technical forms of pleading are not required, and each averment of pleading should be simple, concise and direct; whether the specificity standard has been satisfied as to be determined in terms of whether the pleadings give fair notice to the opposing party and not whether it contains conclusions. Guggenmos v. Tom Searl-Frank McCue, Inc., Wyo.1971, 481 P.2d 48, 51-52. | Under Wyoming rules of civil procedure, technical forms of pleading are not required, and each averment of pleading should be simple, concise and direct; whether specificity standard has been satisfied is to be determined in terms of whether pleadings give fair notice to opposing party and not whether it contains conclusions. | Should pleadings be in any technical form? | Pleading - Memo 531-RMM_61219.docx | ROSS-003292637-ROSS-003292638 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 4206 | Succession of Knox, 579 So. 2d 1164 | 307A+594.1 | Two jurisprudential exceptions to the five-year rule of abandonment are recognized:(1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See LSA-C.C.P. Art. 561, Comment (c) (1960) and authorities cited therein. Properly viewed, these two exceptions evidence two well-established rules of prescription: (1) prescription does not run against one who is unable to interrupt it (contra non valentem agere nulla currit prescriptio), and (2) prescription may be interrupted by acknowledgment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). | Two exceptions to five-year rule of abandonment are recognized: when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking any action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. arts. 561, 561 comment. | What are the two exceptions to rule of abandonment that are recognized? | 038456.docx | LEGALEASE-00154463-LEGALEASE-00154464 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4207 | Avery v. New Hampshire Dep't of Educ., 162 N.H. 604 | 307A+561.1 | Generally, in ruling upon a motion to dismiss, the trial court is required to determine whether the allegations contained in the petitioners' pleadings are sufficient to state a basis upon which relief may be granted. Ossipee Auto Parts v. Ossipee Planning Board, 134 N.H. 401, 403, 593 A.2d 241 (1991). To make this determination, the court would normally accept all facts pled by the petitioners as true, construing them most favorably to the petitioners. Id. "When the motion to dismiss does not challenge the sufficiency of the [petitioners'] legal claim but, instead, raises certain defenses, the trial court must look beyond the [petitioners'] unsubstantiated allegations and determine, based on the facts, whether the [petitioners] ha[ve] sufficiently demonstrated [their] right to claim relief." Baer v. N.H. Dep't of Educ., 160 N.H. 727, 729, 8 A.3d 48 (2010) (quotation and brackets omitted). A jurisdictional challenge based upon lack of standing is such a defense. Id. Since the relevant facts are not in dispute, we review the trial court's determination on standing de novo. See id. | When the motion to dismiss does not challenge the sufficiency of petitioners' legal claim but, instead, raises certain defenses, trial court must look beyond petitioners' unsubstantiated allegations and determine, based on the facts, whether petitioners have sufficiently demonstrated their right to claim relief. | Is a jurisdictional challenge based upon a lack of standing a defense? | 038596.docx | LEGALEASE-00154097-LEGALEASE-00154098 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 4208 | Utley v. Tennessee Dep't of Correction, 118 S.W.3d 705 | 307A+681 | A motion to dismiss a complaint for failure to state a claim for which relief can be granted tests the legal sufficiency of the plaintiff's pleading. Givens v. Mullikin, 75 S.W.3d 383, 406 (Tenn.2002); Trau"Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 696 (Tenn.2002). The motion requires the court to review the complaint alone, Mitchell v. Campbell, 88 S.W.3d 561, 564 (Tenn.Ct.App.2002), and to look to the complaint's substance rather than its form. Kaylor v. Bradley, 912 S.W.2d 728, 731 (Tenn.Ct.App.1995).Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, Crews v. Buckman Labs. Int'l, Inc., 78 S.W.3d 852, 857 (Tenn.2002) or when the complaint is totally lacking in clarity and specificity. Dobbs v. Guenther, 846 S.W.2d 270, 273 (Tenn.Ct.App.1992). | A motion to dismiss a complaint for failure to state a claim for which relief can be granted requires the court to review the complaint alone, and to look to the complaint's substance rather than its form. Rules Civ.Proc., Rule 12.02(6). | Can a motion to dismiss a complaint for failure to state a claim for which relief can be granted require the court to review the complaint alone? | 038667.docx | LEGALEASE-00153949-LEGALEASE-00153950 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 4209 | Munger v. State, 689 S.E.2d 230 | 307A+679 | "When reviewing a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), a trial court may consider and weigh matters outside the pleadings." DOT v. Blue, 147 N.C.App. 596, 603, 556 S.E.2d 609, 617 (2001), disc. review denied and cert. denied, 356 N.C. 434, 572 S.E.2d 428"29 (2002) (citing Smith v. Privette, 128 N.C.App. 490, 493, 495 S.E.2d 395, 397 (1998)). "However, if the trial court confines its evaluation to the pleadings, the court must accept as true the plaintiff's allegations and construe them in the light most favorable to the plaintiff." Blue, 147 N.C.App. at 603, 556 S.E.2d at 617 (citing Privette, 128 N.C.App. at 493, 495 S.E.2d at 397). "We note that this Court's review of an order granting a Rule 12(b)(1) motion to dismiss is de novo, "except to the extent the trial court resolves issues of fact and those findings are binding on the appellate court if supported by competent evidence in the record." " Id. (citing Privette, 128 N.C.App. at 493, 495 S.E.2d at 397); see also Fuller v. Easley, 145 N.C.App. 391, 395, 553 S.E.2d 43, 46 (2001) (stating that a trial court's decision to dismiss a case pursuant to N.C. Gen.Stat. " 1A1, Rule 12(b)(1) for lack of standing is reviewed on a de novo basis). Since the trial court did not resolve issues of fact in determining that the Plaintiffs lacked standing to assert Claims for Relief 7, 8, and 11 as alleged in the amended complaint, we review the trial court's decision to grant Defendant's motion to dismiss Plaintiffs' claims pursuant to N.C. Gen.Stat. " 1A"1, Rule 12(b)(1) using a de novo standard of review. | If the trial court confines its evaluation to the pleadings when reviewing a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true the plaintiff's allegations and construe them in the light most favorable to the plaintiff. Rules Civ.Proc., Rule 12(b)(1), West's N.C.G.S.A. S 1A-1. | "When reviewing a motion to dismiss, can a trial court consider and weigh matters outside the pleadings?" | 038675.docx | LEGALEASE-00153963-LEGALEASE-00153964 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4210 | Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | When deciding whether to dismiss a case, a trial court may consider the entire history of the case, including the amount of activity on the case, the length of time the case was on file, the request for a trial date and the existence of reasonable excuses for the delay. Id. We must look to the record in its entirety and will reverse the trial court only if that court clearly abused its discretion. Id. The central issue in this case is whether Appellant exercised due diligence in prosecuting his case. | When deciding whether to dismiss case, court may consider entire history of case, including amount of activity on case, length of time case was on file, request for trial date, and existence of reasonable excuses for delay. | What will the court consider when deciding whether to dismiss case? | Pretrial Procedure - Memo # 9440 - C - PC_61083.docx | ROSS-003295004-ROSS-003295005 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 4211 | Crosby v. Avon Prod., 474 So. 2d 642 | 307A+587 | Despite the trial court's directive to Crosby to attempt to serve Avon and the court's admonition that failure to attempt to obtain service would result in a dismissal of the action, plaintiff refused to attempt service. Failure of a plaintiff to attempt to obtain service over the defendant within a reasonable time may amount to a failure to prosecute the action, warranting a dismissal of the case. Rule 41(c); State v. Horton, 373 So.2d 1096 (Ala.1979). | Failure of plaintiff to attempt to obtain service over defendant within reasonable time may amount to failure to prosecute action, warranting dismissal of case. Rules Civ.Proc., Rule 41(c). | "Will failure of plaintiff to attempt to serve defendant within reasonable time amount to failure to prosecute action, warranting dismissal?" | Pretrial Procedure - Memo # 9452 - C - RF_60945.docx | ROSS-003280456-ROSS-003280457 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 4212 | Succession of Knox, 579 So. 2d 1164 | 307A+594.1 | Two jurisprudential exceptions to the five-year rule of abandonment are recognized:(1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See LSA-C.C.P. Art. 561, Comment (c) (1960) and authorities cited therein. Properly viewed, these two exceptions evidence two well-established rules of prescription: (1) prescription does not run against one who is unable to interrupt it (contra non valentem agere nulla currit prescriptio), and (2) prescription may be interrupted by acknowledgment. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). | Two exceptions to five-year rule of abandonment are recognized: when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking any action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. arts. 561, 561 comment. | What are the two exceptions to five-year rule of abandonment? | 038784.docx | LEGALEASE-00153988-LEGALEASE-00153989 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4213 | Freedman v. Pac. Gas & Elec. Co., 196 Cal. App. 3d 696 | 307A+581 | The trial court has discretion to dismiss an action for delay in prosecution (" 583.410, subd. (a)) if it is not brought to trial within three years after it was commenced (" 583.420, subd. (a)(2)(A)). "When the trial court has ruled on such a motion [formerly under " 583, subd. (a) ], " "unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power." " [Citations.] " "The burden is on the party complaining to establish an abuse of discretion...." " [Citation.]" (Blank v. Kirwan (1985) 39 Cal.3d 311, 331, 216 Cal.Rptr. 718, 703 P.2d 58.) The showing required to justify delay becomes greater as the time passes three years (formerly two) and approaches five, the time for mandatory dismissal. (Brown v. Superior Court (1970) 7 Cal.App.3d 366, 369, 86 Cal.Rptr. 670; " 583.310.) The policy favoring trial or other disposition of actions on the merits is generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence. | Policy favoring trial or other disposition of actions on the merits is generally to be preferred over policy that requires dismissal for failure to proceed with reasonable diligence. West's Ann.Cal.C.C.P. S 583.130. | Is policy favoring trial or other disposition of actions on the merits generally to be preferred over policy that requires dismissal for failure to proceed with reasonable diligence? | 038788.docx | LEGALEASE-00153998-LEGALEASE-00153999 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4214 | Mathews v. City of Atlanta, 167 Ga. App. 168 | 307A+563 | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interest of justice. Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247(6) (5th Cir.1980). Applying this standard, we find in the case sub judice a clear record of contumacious conduct by plaintiff. Plaintiff has failed to comply with the repeated order of the trial court awarding defendant $100 expenses, has admitted the willfulness of his failure to comply and has failed to present any reasonable excuse for his conduct. | Generally, a dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve interest or justice. | Is a dismissal with prejudice warranted only where a clear record of delay or contumacious conduct by plaintiff exists? | 038844.docx | LEGALEASE-00154380-LEGALEASE-00154381 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 4215 | United States v. Alaboud, 347 F.3d 1293 | 377E+12(1) | Alaboud was convicted of violating 18 U.S.C. " 875(c), which provides in relevant part: Whoever transmits in interstate or foreign commerce any communication containing ... any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both. A conviction under " 875(c) requires proof that the threat was made "knowingly and intentionally." United States v. Bozeman, 495 F.2d 508, 510 (5th Cir.1974). A communication is a threat when "in its context [it] would "have a reasonable tendency to create apprehension that its originator will act according to its tenor." " Id. (quoting United States v. Holder, 302 F.Supp. 296, 301 (D.Mont.1969), aff'd, 427 F.2d 715 (9th Cir.1970)). In other words, the inquiry is whether there was "sufficient evidence to prove beyond a reasonable doubt that the defendant intentionally made the statement under such circumstances that a reasonable person would construe them as a serious expression of an intention to inflict bodily harm...." United States v. Callahan, 702 F.2d 964, 965 (11th Cir.1983) (construing 18 U.S.C. " 871). Thus, the offending remarks must be measured by an objective standard. | In prosecution for transmitting threat in interstate commerce, inquiry is whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant intentionally made the statement under such circumstances that a reasonable person would construe them as a serious expression of an intention to inflict bodily harm. 18 U.S.C.A. S 875(c). | What inquiry is made in a prosecution for transmitting a threat in interstate commerce? | 046754.docx | LEGALEASE-00154591-LEGALEASE-00154592 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 4216 | Dakota Cheese v. Taylor, 525 N.W.2d 713 | 307A+581 | Second, a dismissal of an action for failure to prosecute is an extreme remedy and should be used only when there is an unreasonable and unexplained delay. Opp, 458 N.W.2d at 356; Schwartzle, 429 N.W.2d at 71; Holmoe, 403 N.W.2d at 31; Duncan, 382 N.W.2d at 427; Simkins, 192 N.W.2d at 732; Chicago & Northwestern R. Co. v. Bradbury (Bradbury), 129 N.W.2d 540, 542 (S.D.1964). An unreasonable and unexplained delay has been defined as an omission to do something "which the party might do and might reasonably be expected to do towards vindication or enforcement of his rights." Bradbury, 129 N.W.2d at 542 (quoting Potts v. Starr, 72 N.W.2d 924, 925 (S.D.1955)). | Dismissal of action for failure to prosecute is extreme remedy to be used only when there is "unreasonable and unexplained delay," which is omission to do something that party might do and might reasonably be expected to do towards vindication or enforcement of his rights. | "Should dismissal of an action for failure to prosecute be used only when there is an ""unreasonable and unexplained delay""?" | 024453.docx | LEGALEASE-00155134-LEGALEASE-00155135 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 4217 | O'Toole v. Eyelets for Indus., 148 Conn. App. 367 | 307A+554 | In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.... The motion to dismiss... admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone... In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) MacDermid, Inc. v. Leonetti, 310 Conn. 616, 626, 79 A.3d 60 (2013). | When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light; in this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In deciding a jurisdictional question raised by a pre-trial motion to dismiss, should a court take the facts to be those alleged in the complaint? " | Pretrial Procedure - Memo # 10016 - C-AC.docx | LEGALEASE-00044962-LEGALEASE-00044963 | Condensed, SA, Sub | 0.43 | 0 | 1 | 1 | 1 | 1 |
| 4218 | Hillbert v. State, 66 So. 3d 779 | 307A+558 | We note, however, that Stafford was not a party to the forfeiture action. "[T]he issue of the failure to join an indispensable party may ... be raised by an appellate court ex mero motu." J.K.L.B. Farms, LLC v. Phillips, 975 So.2d 1001, 1005 (Ala.Civ.App.2007). " "The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment." " | The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment. | Does the absence of a necessary and indispensable party necessitate the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment? | 024600.docx | LEGALEASE-00155801-LEGALEASE-00155802 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 4219 | Horobec v. Mueller, 628 S.W.2d 942 | 307A+581 | Although the decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case-by-case basis, Bonney v. Farmer, supra, Laurie v. Ezard, supra at 338(5), prior appellate decisions do provide some guidance. Neither the parties nor research had disclosed a case in which the plaintiff's case was dismissed with prejudice for failure to diligently prosecute, when the plaintiff stood ready to try the case and was not chargeable with any past lack of diligence, solely upon the basis that plaintiff's counsel was tardy in appearing in court because of a conflicting court setting. | Decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case-by-case basis. | Should decision whether a case be dismissed for want of prosecution be determined upon the particular facts and circumstances of the action on a case-by-case basis? | 039101.docx | LEGALEASE-00155293-LEGALEASE-00155294 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4220 | Stewart v. Whatley, 479 S.W.2d 84 | 307A+690 | The law of this state does not authorize a defendant to take a default judgment which adjudicates against the plaintiff the merits of his suit." Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428, 431 (1959). The Only remedy against the defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit for want of prosecution, Smock v. Fischel, 146 Tex. 397, 207 S.W.2d 891, 892 (1948); without prejudice, Murphy v. Stigall (Tex.Civ.App., 1962, writ ref.) 352 S.W.2d 918, 919. | The only remedy against a defaulting plaintiff insofar as his cause of action is concerned is an order dismissing his suit without prejudice for want of prosecution. | "Is the only remedy against a defaulting plaintiff insofar as his cause of action is concerned, an order dismissing his suit without prejudice for want of prosecution?" | Pretrial Procedure - Memo # 9722 - C - SKG_61409.docx | ROSS-003283877-ROSS-003283878 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4221 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | The general principles involved are clearly and forcibly stated by Judge Wheeler in the case of McAlpin v. Cassidy, 17 Tex. 449, 450. It is there said, "Every agency carries with it, or includes in it, as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, express or implied." It does not follow from the fact that McLaren was employed to transact certain business for appellee that he had the power to employ another to aid him in the transaction of the same business. Lipscomb et al. v. Houston & T. C. Ry. Co., 95 Tex. 5, 64 S.W. 923, 55 L.R.A. 869, 93 Am.St.Rep. 804. | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Does agency carry with it all the powers which are necessary as means to effectuate the purposes for which it was created? | Principal and Agent - Memo 313 - RK_61911.docx | ROSS-003281151-ROSS-003281152 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4222 | Williams v. Getty, 31 Pa. 461 | 308+148(5) | The learned judge of the court below charged, that "if the principal holds the agent out to the world as a general agent, in the transaction of his business, any contract he would make within the scope of that business would be binding on the principal, although there might be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract was made had no notice of such restriction." And that persons dealing with an agent carrying on a general business, such as a general manager of a railroad contractor, would not be bound to inquire into the particulars of the agent's authority, when held out to the world as such general agent, and particularly as the principal made no objections to his acts, and gave no notice of a restricted authority, although from time to time inspecting the progress of the work. | If the principal holds out the agent to the world as a general agent in the transaction of his business, any contract made by him within the scope of that business will bind the principal, although there may be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract is made has no notice of such restriction. | Would the principal be bound if there is a restriction in general authority of the agent and the person with whom the contract was made had no notice? | Principal and Agent - Memo 319 - RK.docx | LEGALEASE-00045484-LEGALEASE-00045485 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |
| 4223 | Schultz v. Gould Acad., 332 A.2d 368 | 141E+932 | Plaintiff, as a student attending the defendant Academy, had the legal status of a business invitee, to whom defendant's employee owned a duty to exercise reasonable care in taking such measures as were reasonably necessary for her safety in light of all then existing circumstances. Isaacson v. Husson College, Me., 297 A.2d 98, 103 (1972); Jay v. Walla Walla College, 53 Wash.2d 590, 335 P.2d 458 (1959). | Student attending boarding school for young boys and girls had legal status of business invitee to whom school's employee owed duty to exercise reasonable care in taking such measures as were reasonably necessary for student's safety in light of existing circumstances. | Do universities owe a duty to its students to exercise reasonable care in taking measures as were reasonably necessary for their safety? | Education - Memo # 286 - C - KS_62336.docx | ROSS-003281245-ROSS-003281246 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 4224 | Lee v. S. Ry. Co., 228 S.C. 240 | 156+52(1) | Appellant set up his claim to title by way of will of his father, and Respondent set up the defense of right-of-way. Under our view of the case, Appellant should have been permitted to offer such evidence as would tend to show that the use of the property was of such nature as to estop Respondent from setting up the defense of right-of-way. Equitable estoppel or estoppel in pais is a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact. See Equitable Estoppel or Estoppel in Pais, 19 Am.Jur. 634, Section 34; and it was held in Lites v. Addison, 27 S.C. 226, 3 S.E. 214, 218, that in the absence of a statute requiring estoppel in pais to be plead, it is not necessary to do so, the language being:"In Big. Estop. 532, it is said: "As it is not necessary, clearly, to plead an estoppel in pais, in the absence of a statute, there is little to be said on the subject." We have no statute requiring it to be pleaded. Indeed, under the system of code pleading, we do not well see how the estoppel could be pleaded in a case like this. The plaintiff could not by reply do so, as that pleading is only permissible where a counter-claim is set up by the answer, or where the court, in its discretion, may, on the defendant's motion, require a reply, which was not the case here.' See also Witcover v. Grant, 93 S.C. 190, 76 S.E. 274. | "Equitable estoppel" or "estoppel in pais" is a term applied to a situation where, because of something which he has done or omitted to do, a party is denied the right to plead or prove an otherwise important fact. | Does equitable estoppel occur where a party is denied the right to plead an otherwise important fact because of something which he has done or failed to do? | 017769.docx | LEGALEASE-00156088-LEGALEASE-00156089 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4225 | Cuadros v. Superior Court, 6 Cal. App. 4th 671 | 156+52(1) | The doctrine of equitable estoppel affirms that a defendant may not by his statements or conduct lull the plaintiff into a false sense of security resulting in inaction. (See Mayberry v. Coca Cola Bottling Co. (1966) 244 Cal.App.2d 350, 352"355, 53 Cal.Rptr. 317; Tresway Aero, Inc. v. Superior Court (1971) 5 Cal.3d 431, 437"439, 96 Cal.Rptr. 571, 487 P.2d 1211; Brookview Condominium Owners' Assn. v. Heltzer Enterprises"Brookview (1990) 218 Cal.App.3d 502, 511, 267 Cal.Rptr. 76.) The determination of whether a defendant's conduct is sufficient to invoke the doctrine is a factual question entrusted to the trial court's discretion. (Brookview Condominium Owners' Assn. v. Heltzer Enterprises"Brookview, supra, 218 Cal.App.3d at p. 510, 267 Cal.Rptr. 76.) The issue is whether, viewing the evidence and all the inferences therefrom in the light most favorable to the defendants, there was substantial evidence upon which the court could reasonably have found as it did. (Id. at p. 511, 267 Cal.Rptr. 76.) | Under doctrine of equitable estoppel, defendant may not by his statements or conduct lull plaintiff into false sense of security resulting in inaction. | Does the doctrine of equitable estoppel affirm that a defendant may not by his statements or conduct lull the plaintiff into a false sense of security resulting in inaction? | 017781.docx | LEGALEASE-00156198-LEGALEASE-00156199 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 4226 | Anderson v. Comm'r of Dep't of Human Servs., 489 A.2d 1094 | 156+52(1) | The plaintiff contends that the Department is equitably estopped from recovering the overpayment of benefits she received. Estoppel bars the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue. Roberts v. Maine Bonding & Casualty Co., 404 A.2d 238, 241 (Me.1979). The plaintiff argues that the Department affirmatively misrepresented that her former husband could pay bills for her as long as he did not give her the money directly. | Estoppel bars assertion of truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue. | Does estoppel bar the assertion of the truth by one whose misleading conduct has induced another to act to his detriment in reliance on what is untrue? | Estoppel - Memo #138 - C - CSS_62036.docx | ROSS-003292047-ROSS-003292048 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4227 | State ex rel. Burns v. Kelly, 89 Idaho 139 | 200+153.5 | As in California with its Department of Public Works, and in Oklahoma with its Highway Commission, Idaho's Board of highway directors is enpowered to regulate or prohibit erection or maintenance of unauthorized signs.I.C. " 40-120(18). This grant of authority carries with it the duty and power to determine what constitutes such an obstruction, and such a determination made by the Board is conclusive in the absence of a showing of arbitrary exercise of this authority or an abuse of discretion. In the instant case there is no showing of any such abuse of discretion. The judgment of the trial court is affirmed. | Statutory grant of authority to State Board of Highway Directors to regulate or prohibit erection or maintenance of unauthorized signs carries with it duty and power to determine what constitutes such obstruction, and such determination made by board is conclusive, in absence of showing of arbitrary exercise of authority or abuse of discretion. I.C. S 40-120(18). | Who determines the obstruction on the Highway? | 019199.docx | LEGALEASE-00156242-LEGALEASE-00156243 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 4228 | Coldwell Banker Manning Realty v. Cushman & Wakefield of Connecticut, 136 Conn. App. 683 | 307A+679 | "In ruling [on] whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.... If ... the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." (Citations omitted; internal quotation marks omitted.) Burton v. Dominion Nuclear Connecticut, Inc., 300 Conn. 542, 550, 23 A.3d 1176 (2011). | In ruling on whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. | "In ruling on whether a complaint survives a motion to dismiss, should a court take the facts to be those alleged in the complaint?" | 024470.docx | LEGALEASE-00155914-LEGALEASE-00155915 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 4229 | TD Bank, N.A. v. Salce, 169 A.3d 317 | 307A+681 | Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue ...." (Citation omitted; internal quotation marks omitted.) Cogswell v. American Transit Ins. Co., 282 Conn. 505, 516, 923 A.2d 638 (2007). | A motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone; where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. | "Where the motion is accompanied by supporting affidavits containing undisputed facts, can the court look to their content for determination of the jurisdictional issue?" | 024516.docx | LEGALEASE-00156369-LEGALEASE-00156370 | SA, Sub | 0.07 | 0 | 0 | 1 | 1 | |
| 4230 | Manning v. Wilkinson, 264 S.W.3d 620 | 30+3197 | Thus, although Toler speaks in terms of dismissals under both civil rules, the principles and rationale espoused in the opinion clearly apply to dismissals with prejudice. CR 41.02. Certainly, we would agree that the involuntary dismissal of a case with prejudice "should be resorted to only in the most extreme cases" and a reviewing court must "carefully scrutinize the trial court's exercise of discretion in doing so." Polk v. Wimsatt, 689 S.W.2d 363, 364"65 (Ky.App.1985) (Citations omitted). As a dismissal with prejudice deprives a litigant of the opportunity to pursue his or her claim, the trial is obligated to consider all relevant factors and lesser sanctions. Ward, supra. | The involuntary dismissal of a case with prejudice should be resorted to only in the most extreme cases and a reviewing court must carefully scrutinize the trial court's exercise of discretion in doing so. Rules Civ.Proc., Rule 41.02. | Should the involuntary dismissal of a case with prejudice be resorted to only in the most extreme cases and a reviewing court must carefully scrutinize the trial court's exercise of discretion in doing so? | Pretrial Procedure - Memo # 10345 - C - TJ_62074.docx | ROSS-003279405 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4231 | Bennett v. Republic Servs., 179 F. Supp. 3d 451 | 170A+1772 | To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).The "mere possibility of misconduct" is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). | To survive a motion to dismiss for failure to state a claim, a plaintiff must plead factual allegations sufficient to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true, even if doubtful in fact; the mere possibility of misconduct is not enough. Fed. R. Civ. P. 12(b)(6). | Should factual allegations be enough to raise a right to relief above the speculative level? | 024764.docx | LEGALEASE-00156226-LEGALEASE-00156227 | SA, Sub | 0.29 | 0 | 0 | 1 | 1 | |
| 4232 | Samis Land Co. v. City of Soap Lake, 143 Wash. 2d 798 | 371+2002 | We begin by examining the primary purpose behind the enactment of SLMC 13.08.175. If the fundamental legislative impetus was to "regulate" the fee payers-by providing them with a targeted service or alleviating a burden to which they contribute-that would suggest that the charge was an incidental "tool of regulation" rather than a tax in disguise. | If the fundamental legislative impetus of a charge imposed by a local government was to "regulate" the fee payers-by providing them with a targeted service or alleviating a burden to which they contribute-that would suggest that the charge was an incidental "tool of regulation," rather than a tax in disguise. West's RCWA Const. Art. 7, S 1; Art. 11, S 11. | Would a charge be considered a tax if the fundamental legislative impetus was to regulate the fee payers? | Taxation - Memo # 988 - C - JL_62490.docx | ROSS-003294471-ROSS-003294472 | SA, Sub | 0.04 | 0 | 0 | 1 | 1 | |
| 4233 | Finney v. Com., 277 Va. 83 | 67+9(1) | The Commonwealth did not allege that Finney entered Garber's shed during the nighttime, and there is no dispute that he was only seen in the shed or its vicinity during the daytime. Thus, the issue is whether he committed a breaking in order to enter the shed on the occasion that he was found there or at some other time. A breaking for purposes of statutory burglary may be either actual or constructive. Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594 (1981). In the present case we are not concerned with an issue of constructive breaking, which requires a showing that the unlawful entrance was accomplished by threat of violence, by fraud, or by conspiracy. Id. "Actual breaking involves the application of some force, slight though it may be, whereby the entrance is [achieved]. Merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of [burglary]," so long as those acts "resulted in an entrance contrary to the will of the occupier of the [property]." Id. at 876, 275 S.E.2d at 594"95 (quoting Davis v. Commonwealth, 132 Va. 521, 523, 110 S.E. 356, 357 (1922)). In Johnson, we held that enlarging the opening of a partially open door constituted a breaking where the door was already open one foot, and the defendant had to push **173 it open further to gain entrance into the property. Id. at 875"76, 275 S.E.2d at 594"95. Similarly, the Court of Appeals in Phoung v. Commonwealth, 15 Va.App. 457, 460"61, 424 S.E.2d 712, 714 (1992), held that the element of breaking was established where the homeowner left a sliding glass door open slightly to allow dogs to enter the home, but the defendant opened the door further to effectuate his own entry. Therefore, in order to establish the element of breaking in the present case, the Commonwealth was required to prove that Finney applied some physical force, however slight, to gain entry to Garber's shed. | For burglary purposes, an actual breaking involves the application of some force, slight though it may be, whereby the entrance is achieved, and merely pushing open a door, turning the key, lifting the latch, or resort to other slight physical force is sufficient to constitute this element of burglary, so long as those acts resulted in an entrance contrary to the will of the occupier of the property. West's V.C.A. SS 18.2-90, 18.2-91. | Is use of slight force sufficient for burglary breaking? | 013134.docx | LEGALEASE-00156545-LEGALEASE-00156546 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4234 | Kinney v. R.H. Halt Assocs., 927 So. 2d 920 | 307A+690 | Article I, section 21, of the Florida Constitution provides the citizens of this state with the right of access to the courts: "The courts shall be open to every person for redress of any injury..." A dismissal with prejudice for failure to comply with court orders consequently infringes upon this basic right in all but the most extreme and egregious circumstances. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990); Matthews v. Chaffee, 849 So.2d 483, 484"85 (Fla. 2d DCA 2003). For this reason, explicit findings of willful or flagrant disregard are absolutely essential. Matthews, 849 So.2d at 485. Here, the trial court found that Dr. Kinney had willfully disregarded orders, but those findings were not supported by specific facts as they existed at the time the dismissal was entered. | A dismissal with prejudice for failure to comply with court orders infringes upon the basic constitutional right of access to the courts in all but the most extreme and egregious circumstances; for this reason, explicit findings of willful or flagrant disregard are absolutely essential. West's F.S.A. Const. Art. 1, S 21. | Does a dismissal with prejudice for failure to comply with court orders infringe upon the basic constitutional right of access to the courts in all but the most extreme and egregious circumstances? | Pretrial Procedure - Memo # 10525 - C - BP_62425.docx | ROSS-003280566-ROSS-003280567 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4235 | Hager v. American West Ins. Co., 732 F. Supp. 1072 | 217+2661 | With the foregoing general observations in mind, the court turns to consider the present situation where a corporate entity is the named insured under an automobile liability policy providing uninsured motorist coverage. At first blush, it would appear reasonable to accept the proposition offered by the defendant to the effect that where a corporate entity is the named insured, a particular individual would be covered under the uninsured motorist provisions of a liability policy only if separately named as an insured. In fact, as the defendant accurately notes, a number of courts have accepted this proposition. See, e.g., Berry v. Aetna Casualty and Ins. Co., 607 F. Supp. 397 (S.D.Miss. 1985); General Ins. Co. of America v. Icelandic Builders, Inc., 24 Wash.App. 656, 604 P.2d 966 (1979). The court has no quarrel with the general rule that the employees or officers of a corporate entity are not entitled to claim coverage under an uninsured motorist provision contained in a policy issued in the name of the corporate entity, where the employees or officers are not expressly named as insureds under the subject policy. However, the defendant cannot simply ignore the fact that the corporate entity in the case at bar is a closely held corporation with limited and clearly identifiable officers and shareholders. Where an automobile liability policy containing the "family member" terminology has been issued to a closely held corporation, it is entirely legitimate to conclude the readily identifiable officers and shareholders of that corporate entity fall within the purview of that terminology. The construction of a policy in this manner is consistent with the remedial nature of uninsured motorist statutes. See, Kaysen v. Federal Ins. Co., 268 N.W.2d 920 (Minn. 1978). | Where automobile liability policy containing "family member" terminology has been issued to a closely held corporation, it is legitimate to conclude that the readily identifiable officers and shareholders of the corporate entity fall within the purview of the term "family member," in determining insured status. | Will a policy of insurance issued to a corporation provide uninsured motorist coverage to the officers and shareholders of the corporation? | 019552.docx | LEGALEASE-00157518-LEGALEASE-00157519 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 4236 | Lesage v. Dirt Cheap Cigarettes & Beer, 2002 WL 31300071 | 307A+690 | The decision to dismiss a petition with or without prejudice rests within the sound discretion of the trial court. Saidawi v. Giovanni's Little Place, Inc., 987 S.W.2d 501, 505 (Mo.App. E.D.1999). A determination that a plaintiff lacks standing to file a wrongful death action is not a ruling on the merits of the action, and therefore will not operate to preclude the prosecution of a subsequent wrongful death action by appropriate class members. See generally Gowen v. Cote, 875 S.W.2d 637, 639 n. 3 (Mo.App. S.D.1994). Further, when the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, it is not error for the trial court to dismiss with prejudice. Williams v. City of Kansas City, 841 S.W.2d 193, 198 (Mo.App. W.D.1992). | When the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, it is not error for the trial court to dismiss with prejudice. | "When the trial court concludes that the pleadings do not state a cause of action and when an adequate opportunity to amend has been provided, is it not error for the trial court to dismiss with prejudice?" | 025085.docx | LEGALEASE-00156831-LEGALEASE-00156832 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 4237 | Neagle v. Brooks, 373 F.2d 40 | 307A+693.1 | The trial court's findings show that it considered the real and substantial cause upon which plaintiff based her petition. This court is not an appellate court to determine whether the ruling of the state trial court was correct, nor whether there were errors in its findings and conclusions. Those are issues from which an appeal could have been taken for determination by the proper appellate tribunal, the Supreme Court of Kansas. An order of the state trial court dismissing the action puts an end to that action unless modified or set aside by that court or reversed by the supreme court of that state. The United States District Court for the District of Kansas properly held that the state court's final judgment was not invalid. The jurisdictional authority of the state trial court to decide appellant's claims are not contested, and mere erroneous rulings, if they exist, are not sufficient to invalidate the judgment. | An order of state trial court dismissing action puts an end to that action unless modified or set aside by that court or reversed by supreme court of that state. | Does an order of a state trial court dismissing action put an end to that action unless modified or set aside by that court or reversed by the supreme court of that state? | Pretrial Procedure - Memo # 10678 - C - KG.docx | LEGALEASE-00047209-LEGALEASE-00047210 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4238 | Bryan v. Smith, 174 F.2d 212 | 170A+1837.1 | When a case is voluntarily dismissed by the parties, what is the effect of such action? The general rule on voluntary dismissal is stated as follows in 17 Am.Jur.,Dismissal and Discontinuance, Sec. 63:"It is a well-settled rule that after a plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, the court is without further jurisdiction and has no right to render any judgment either for or against the plaintiff. The parties are out of court for every purpose other than to carry the order of dismissal or nonsuit into effect or to vacate or modify it." | After plaintiff has suffered a nonsuit or has dismissed his cause of action, no counterclaim existing, court is without further jurisdiction and has no right to render any judgment either for or against plaintiff, and parties are out of court for every purpose other than to carry order of dismissal or nonsuit into effect or vacate or modify it. | "After a plaintiff has suffered a nonsuit or has dismissed his cause of action, is a court without further jurisdiction and has no right to render any judgment either for or against plaintiff?" | 025318.docx | LEGALEASE-00157044-LEGALEASE-00157045 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 4239 | Owens v. Ken's Paint & Body Shop, 196 So. 2d 17 | 30+78(4) | In Zukor v. Hill, Fla.1956, 84 So.2d 554, the Supreme Court held that the dismissal of an action under statute dealing with abatement of action pending one year without prosecution, becomes absolute after the passage of one month. We therefore conclude that the instant order is final and appealable. See art. 5, sec. 5(3) Florida Constitution, F.S.A. | Dismissal of an action under statute dealing with abatement of action pending one year without prosecution becomes absolute after passage of one month, so that order of dismissal is final and appealable. 30 F.S.A. Rules of Civil Procedure, rule 1.420(e); F.S.A. S 45.19(1); F.S.A.Const. art. 5, S 5(3). | "Does a dismissal of an action under a statute dealing with abatement of action pending one year without prosecution, become absolute after the passage of one month?" | Pretrial Procedure - Memo # 11041 - C - PC_63430.docx | ROSS-003279961 | SA, Sub | 0.14 | 0 | 0 | 1 | 1 | |
| 4240 | Jones v. Jones, 16-536 (La. App. 5 Cir. 4/26/17), 220 So. 3d 855 | 307A+693.1 | "When a suit is dismissed under Article 561(A)(3) of the Louisiana Code of Civil Procedure, the dismissal is "without prejudice" [.]" Walker v. Archer, 16-0171 (La.App. 4 Cir. 10/05/16), 203 So.3d 330, 334. A dismissal without prejudice, or non-suit, merely "restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint." Id., citing Neal v. Hall, 28 So.2d 131, 133 (La. App. 2 Cir. 1946). It does not prevent the plaintiff from bringing another suit for the same cause of action; however, the timeliness of the second suit must be determined "as if no suit had been theretofore brought." Id., citing Losch v. Greco, 173 La. 223, 136 So. 572, 573"574 (La. 1931). | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | Does a dismissal of suit as of nonsuit restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint? | Pretrial Procedure - Memo # 11049 - C - SB_63438.docx | ROSS-003320250-ROSS-003320251 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4241 | Walker v. Archer, 2016-0171 (La. App. 4 Cir. 10/5/16), 203 So. 3d 330 | 307A+693.1 | Thus, a dismissal without prejudice, or non-suit, merely "restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint." Neal v. Hall, 28 So.2d 131, 133 (La.App. 2d Cir.1946) (emphasis added).Because the parties are restored to the position they had before the pendency of the abandoned lawsuit, a plaintiff may re-file his lawsuit or re-assert his claim in a new proceeding "provided prescription has not run on [the] claim." Total Sulfide Services, Inc. v. Secorp Indus., Inc., 96"589, p. 3 (La.App. 3 Cir. 12/11/96), 685 So.2d 514, 515. There, the applicable prescriptive period was ten years because the claim was a contractual one. See id., p. 4, 685 So.2d at 515. The suit was filed within two years of the running of prescription but the suit was deemed abandoned seven years later; but because the ten-year prescriptive period had not yet elapsed, the plaintiff was free to file a new suit. See Total Sulfide Services, 96"589, p. 3, 685 So.2d at 515. Accord, Johnson v. American Bell Fed. Credit Union, supra. | A dismissal without prejudice, or non-suit, merely restores matters to the status occupied before the suit and leaves the party free to again come into court with his complaint. | Does a dismissal of suit as of nonsuit restore matters to the status occupied before the suit was instituted and leaves the party free again to come into court with his complaint? | Pretrial Procedure - Memo # 11049 - C - SB.docx | LEGALEASE-00047399-LEGALEASE-00047400 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4242 | Carr v. Hunt, 651 S.W.2d 875 | 308+14(2) | A principal is liable for the fraudulent acts and misrepresentations of his authorized agent, even though the principal had no knowledge of the fraud and did not consent to it, whether or not he derives a benefit from it. Henderson v. San Antonio & M.G.R. Co., 17 Tex. 560 (1856); Wright v. Calhoun, 19 Tex. 412 (1857); Wink v. Wink, 169 S.W.2d 721 (Tex.Civ.App."Galveston 1943, no writ); Gibson v. Associate Inv. Co., 198 S.W.2d 123 (Tex.Civ.App."Austin 1946, no writ); 26 Tex.Jur.2d Fraud and Deceit " 75 (1961); but see Pasadena Associates v. Connor, 460 S.W.2d 473 (Tex.Civ.App."Houston [14th Dist.] 1970, writ ref'd n.r.e.) (principal liable for misrepresentations of agent only if misrepresentations are authorized or within scope of agent's authority). For there to be an agency relationship, there must be some act constituting an appointment of a person as an agent; it is a consensual relationship. Lawler v. Federal Deposit Insurance Corp., 538 S.W.2d 245 (Tex.Civ.App."Beaumont 1976, writ ref'd n.r.e.). There must be a meeting of the minds as between the parties in establishing an agency relationship, and consent of both principal and agent is necessary to create the agency, although such consent may be implied rather than express; the intention of the parties must find expression either in words or conduct between them. | There must be a meeting of minds as between the parties in establishing an agency relationship, and consent of both principal and agent is necessary to create the agency, although such consent may be implied rather than express; the intention of the parties must find expression either in words or conduct between them. | Should there be a meeting of minds between the parties to establish an agency relationship? | Principal and Agent - Memo 492 - KK_63271.docx | ROSS-003310694-ROSS-003310695 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4243 | Crafton Contracting Co. v. Swenson Constr. Co., 495 S.W.3d 178 | 308+1 | Generally, there are three essential elements to an agency relationship: 1) the agent holds the power to alter the legal relations between the principal and a third party; 2) the agent is a fiduciary with respect to matters within the scope of the agency; and 3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. State ex rel. Ford Motor Co. v. Bacon, 63 S.W.3d 641, 642 (Mo.banc 2002). However, the term "agent" as used in section 429.010 is to be interpreted broadly and the level of authority required to create an agency relationship for purposes of a mechanic's lien is less than required in other contexts. River City Drywall, Inc. v. Raleigh Properties, Inc., 341 S.W.3d 716, 721 (Mo.App.E.D.2011) (citing Ward v. Nolde, 259 Mo. 285, 168 S.W. 596, 600 (1914)). It is not a typical principal-agent relationship, but rather, a special, limited agency arising out of section 429.010. Mid"West Eng'g & Constr. Co. v. Campagna, 397 S.W.2d 616, 628 (Mo.1965) | Generally, there are three essential elements to an agency relationship: (1) the agent holds the power to alter the legal relations between the principal and a third party; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent. | What are the essential elements of an agency relationship? | Principal and Agent - Memo 560- SB_63576.docx | ROSS-003306521-ROSS-003306523 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 4244 | Barber v. Ritter, 196 P.3d 238 | 371+2002 | Each of the twenty-nine cash funds at issue in this case, with the exception of the Unclaimed Property Trust Fund, are financed by fees, surcharges, or similar assessments. A fee is distinct from a tax in that, "[u]nlike a tax, a special fee is not designed to raise revenues to defray the general expenses of government, but rather is a charge imposed upon persons or property for the purpose of defraying the cost of a particular governmental service." Bloom v. City of Fort Collins, 784 P.2d 304, 308 (Colo.1989). To determine whether a government mandated financial imposition is a "fee" or a "tax," the dispositive criteria is the primary or dominant purpose of such imposition at the time the enactment calling for its collection is passed.Zelinger v. City and County of Denver, 724 P.2d 1356, 1358 (Colo.1986) ("A hallmark of [ad valorem] taxes is that they are intended to raise revenue to defray the general expenses of the taxing entity"; and holding that the ordinance in question did not "raise revenue for general municipal purposes as a sole or principal object.") (emphasis added); Bloom, 784 P.2d at 308 ("A special fee, however, might be subject to invalidation as a tax when the principal purpose of the fee is to raise revenues for general municipal purposes rather than to defray the expenses of the particular service for which the fee is imposed.") (emphasis added). | To determine whether a government mandated financial imposition is a fee or a tax, the dispositive criteria is the primary or dominant purpose of such imposition at the time the enactment calling for its collection is passed. | What are the dispositive criteria to determine whether a government mandated financial imposition is a fee or a tax? | 044584.docx | LEGALEASE-00156949-LEGALEASE-00156950 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4245 | Adams v. City of New York, 226 F. Supp. 3d 261 | 129+103 | The offense of disorderly conduct has three elements: "(i) the defendant's conduct must be "public" in nature, (ii) it must be done with "intent to cause public inconvenience, annoyance or alarm" or with recklessness as to "a risk thereof," and (iii) it must match at least one of the descriptions set forth in the statute." Provost v. City of Newburgh, 262 F.3d 146, 157 (2d Cir. 2001). "[E]vidence of actual or threatened public harm ("inconvenience, annoyance or alarm") is a necessary element of a valid disorderly conduct charge." | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | What are the necessary elements of a valid disorderly conduct charge? | Disorderly Conduct - Memo 11- PR_64031.docx | ROSS-003280445-ROSS-003280446 | SA, Sub | 0.34 | 0 | 0 | 1 | 1 | |
| 4246 | Landon v. Jarvis, 255 Ill. App. 3d 439 | 307A+685 | A section 2"619 motion to dismiss affords parties and the court a means of disposing of issues of law or of easily proved facts at the onset of a case. If defects are not apparent on the face of the pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Campbell, 207 Ill.App.3d at 547"48, 152 Ill.Dec. 519, 566 N.E.2d 47. | Motion to dismiss raising affirmative matter affords parties and court means of disposing of issues of law or of easily proved facts at the onset of case; if defects are not apparent on face of pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Ill.Rev.Stat.1991, ch. 110, P 2-619. | Does a motion to dismiss afford parties and court means of disposing of issues of law or of easily proved facts at the onset of case? | Pretrial Procedure - Memo # 10764 - C - SJ_63406.docx | ROSS-003297038-ROSS-003297039 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4247 | San Joaquin Cty., Cal. v. Dewey, 105 Mich. App. 122 | 307A+561.1 | We need only address the first of these prerequisites to conclude that the lower court's 1978 decision was not res judicata. A motion for accelerated judgment, unlike the motion for summary judgment under GCR 1963, 117, does not test the merits of a given claim. Rather, the motion for accelerated judgment seeks to avoid the merits of a claim by interposing a defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established a prima facie case. See generally the comments regarding the scope of GCR 1963, 116 and 117 in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1980 Supp. p. 134. Absent a decision on the merits of plaintiff's 1978 claim, the later petition was not barred under principles of res judicata. | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | Does a motion for accelerated judgment test merits of complaint? | 025436.docx | LEGALEASE-00158154-LEGALEASE-00158155 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4248 | San Joaquin Cty., Cal. v. Dewey, 105 Mich. App. 122 | 307A+561.1 | We need only address the first of these prerequisites to conclude that the lower court's 1978 decision was not res judicata. A motion for accelerated judgment, unlike the motion for summary judgment under GCR 1963, 117, does not test the merits of a given claim. Rather, the motion for accelerated judgment seeks to avoid the merits of a claim by interposing a defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established a prima facie case. See generally the comments regarding the scope of GCR 1963, 116 and 117 in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1980 Supp. p. 134. Absent a decision on the merits of plaintiff's 1978 claim, the later petition was not barred under principles of res judicata. | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | How will a motion for accelerated judgement seek to avoid claim? | 025437.docx | LEGALEASE-00158160-LEGALEASE-00158161 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4249 | San Joaquin Cty., Cal. v. Dewey, 105 Mich. App. 122 | 307A+561.1 | Rather, the motion for accelerated judgment seeks to avoid the merits of a claim by interposing a defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established a prima facie case. See generally the comments regarding the scope of GCR 1963, 116 and 117 in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1980 Supp. p. 134. Absent a decision on the merits of plaintiff's 1978 claim, the later petition was not barred under principles of res judicata. | Motion for accelerated judgment seeks to avoid merits of claim by interposing defense barring plaintiff's right to affirmative relief, regardless of whether plaintiff's complaint established prima facie case. GCR 1963, 116.1 et seq. | How can a motion for accelerated judgment seek to avoid merits of claim? | 025449.docx | LEGALEASE-00158272-LEGALEASE-00158273 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 4250 | Couchman v. Cardona, 471 S.W.3d 20 | 307A+693.1 | A motion to dismiss with prejudice under this chapter is a sanction meant "to deter meritless claims and bring them quickly to an end." CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc., 390 S.W.3d 299, 301 (Tex.2013). A motion to dismiss with prejudice, then, is a motion for sanctions relief. See id. at 300"01. A motion to dismiss with prejudice survives a nonsuit filed by a plaintiff. See id. at 300. Even after a dismissal without prejudice is entered following a plaintiff's nonsuit, the party seeking dismissal with prejudice can appeal the denial of the sanctions relief. See id. at 301. | Even after a dismissal without prejudice is entered following a plaintiff's nonsuit, the party seeking dismissal with prejudice can appeal the denial of the sanctions relief. | "Even after a dismissal without prejudice is entered following a plaintiff's nonsuit, can the party seeking dismissal with prejudice appeal the denial of the sanctions relief?" | Pretrial Procedure - Memo # 10944 - C - MS_63709.docx | ROSS-003283053-ROSS-003283054 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 4251 | Winnebago Cty. Citizens for Controlled Growth v. Cty. of Winnebago, 383 Ill. App. 3d 735 | 307A+561.1 | Lack of standing is an affirmative matter that may be asserted in a motion pursuant to section 2"619(a)(9) of the Code. 735 ILCS 5/2"619(a)(9) (West 2006); International Union, 215 Ill.2d at 45, 293 Ill.Dec. 606, 828 N.E.2d 1104. In a motion to dismiss brought under section 2"619, the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim. 735 ILCS 5/2"619 (West 2004); Illinois Graphics Co. v. Nickum, 159 Ill.2d 469, 485, 203 Ill.Dec. 463, 639 N.E.2d 1282 (1994). | In a motion to dismiss for defects or defenses, the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim. S.H.A. 735 ILCS 5/2-619(a)(9). | Can the movant may go beyond the allegations of the complaint and assert affirmative matters that would defeat the plaintiff's claim? | 025972.docx | LEGALEASE-00158336-LEGALEASE-00158337 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4252 | Wisconsin's Envtl. Decade v. Pub. Serv. Comm'n, 79 Wis. 2d 161 | 307A+693.1 | A motion for summary judgment asks the trial court to determine if any fact issues exist to be tried and, if not, to decide the case on its merits. A motion to dismiss for mootness, on the other hand, does not involve the determination if there are any triable issues of fact and does not request a determination on the merits. When a case is dismissed because the issues therein have become moot, the rights of the parties are not adjudicated, and neither party is entitled to judgment. All that is involved when a case is dismissed upon the ground of mootness is a conclusion by the court that the determination sought cannot have any practical effect upon an existing controversy. City of Racine v. J. T. Enterprises of America, Inc., 64 Wis.2d 691, 700, 221 N.W.2d 869 (1974). The purpose of a dismissal for mootness is simply to prevent an unnecessary expenditure of time by the court and the parties. | All that is involved when a case is dismissed upon ground of mootness is a conclusion by court that determination sought cannot have any practical effect upon an existing controversy. | Is all that is involved when a case is dismissed upon ground of mootness a conclusion by court that determination sought cannot have any practical effect upon an existing controversy? | 026005.docx | LEGALEASE-00158392-LEGALEASE-00158393 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4253 | Price v. Firestone Tire & Rubber Co., 700 S.W.2d 730 | 307A+699 | An application for reinstatement is addressed to the trial court's discretion, and the trial court's ruling will not be disturbed absent abuse of discretion. Wyatt v. Texas Oklahoma Express, Inc., 693 S.W.2d 731, 732 (Tex.App."Dallas 1985, no writ); Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co., 548 S.W.2d 775, 778 (Tex.Civ.App."Waco 1977, writ ref'd n.r.e.). Rule 165a(2) provides the guidelines for exercise of the trial court's discretion: "The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX.R.CIV.P. 165a(2) (emphasis added). Whether the party's or attorney's conduct was "not intentional or the result of conscious indifference," is a fact-finding within the trial court's discretion. After this finding is made, the language of the rule is mandatory. See Jaynes v. Lee, 306 S.W.2d 182, 185 (Tex.Civ.App."Tyler 1957, no writ) (the word shall in statute is intended to be mandatory and is inconsistent with any idea of discretion). | Once court determines whether party's or attorney's conduct was "not intentional or the result of conscious indifference," in analysis of whether to reinstate case, language of reinstatement rule, Civil Procedure Rule 165a, is mandatory. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | "Once a court determines whether a party's or attorney's conduct was ""not intentional or the result of conscious indifference,"" in analysis of whether to reinstate case, is the language of a reinstatement rule mandatory?" | Pretrial Procedure - Memo 11197 - C - KS_65669.docx | ROSS-003292223-ROSS-003292224 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4254 | White v. Revco Disc. Drug Centers, 33 S.W.3d 713 | 308+1 | Important in the concept of agency, of course, is that a principal is generally"bound by its agent's acts done in its behalf and within the actual or apparent scope of theagency." V.L. Nicholson Co. v. Transcon Inv. & Financial Ltd., 595 474, 483(Tenn. The focus of this inquiry, however, is placed upon the actions and consent of theprincipal, rather than upon the agent's actions or the willingness of the agent to perform thoseactions. Haury & Smith Realty Co. v. Piccadilly Partners I, 802 S.W.2d 612, 615(Tenn.Ct.App.1990). Although the principal's right to control the actions of the agent is animportant factor in finding the existence of an agency relationship, Jack Daniel Distillery,et al. v. Jackson, 740 S.W.2d 413, 416 (Tenn.1987), the right of control is not necessarily asimportant as the principal's exercise of actual control over the agent, see Parker v.Vanderbilt Univ., 767 S.W.2d 412, 416 (Tenn.Ct.App.1988). | Although the principal's right to control the actions of the agent is an important factor in finding the existence of an agency relationship, the right of control is not necessarily as important as the principal's exercise of actual control over the agent. | Is the principal's right to control the actions of the agent as important a factor in finding the existence of an agency relationship as the principal's exercise of actual control? | Principal and Agent - Memo 554 - RK_64012.docx | ROSS-003319259-ROSS-003319260 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4255 | Johnson v. Owens, 629 S.W.2d 873 | 308+1 | An essential element of proof of agency is that the alleged principal has both the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task. New Terminal Warehouse Corp. v. Wilson, 589 S.W.2d 465 (Tex.Civ.App.-Houston (14th Dist.) 1979, writ ref'd. n.r.e. per curiam, 605 S.W.2d 855, Tex. 1980). | An essential element of proof of agency is that alleged principal has both right to assign agent's task and to control means and details of process by which agent will accomplish the task. | Is the principal having the right to assign the agent's task and to control the means and details of the process by which the agent will accomplish the task an essential element of agency? | Principal and Agent - Memo 585 - RK_64019.docx | ROSS-003324595-ROSS-003324596 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 4256 | Scott v. Young Womens Christian Ass'n, 263 So. 2d 367 | 413+103 | It is well settled that the workmen's compensation act does not pretend to render all employers liable for compensation benefits to an injured workman. It includes only such occupations, trades and businesses as are therein expressly declared hazardous or are found to be hazardous by the courts. To be eligible for compensation benefits, not only is it required that the employee be engaged in work of a character falling within the specified trade, occupation or business, but additionally the work undertaken hazardous and the employer must be engaged in this work as a trade, business of occupation. See R.S. 23:1035; Shipp v. Bordelon, 152 La. 795, 94 So .399 (1922); McMorris v. Home Indemnity Insurance Company, 236 La. 292, 107 So.2d 645 (1959). | Workmen's Compensation Act does not pretend to render all employers liable for compensation benefits to an injured workman; rather, it includes only such occupations, trades and businesses as are therein expressly declared hazardous or found to be hazardous by the courts. LSA-R.S. 23:1021 et seq. | Does the workmens compensation statute render all employers liable for compensation benefits to an injured workman? | Workers' Compensation Memo #644 - C - ANC_64138.docx | ROSS-003282867-ROSS-003282868 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4257 | Rosas v. Alice's Tea Cup, 127 F. Supp. 3d 4 | 24+123 | Thus, courts distinguish between "undocumented workers seeking backpay for wages actually earned," as in FLSA wage and hour violations, and "those seeking backpay for work not performed," as in a termination in violation of the NLRA. Flores, 233 F.Supp.2d at 463. This is because denying undocumented workers the protection of the FLSA would "permit[ ] abusive exploitation of workers" and "create[ ] an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them," in violation of the spirit of the IRCA. Id. at 463"64 (quoting Contreras, 25 F.Supp.2d at 1056). This distinction was clear before Hoffman and has been reiterated since. See Colon, 987 F.Supp.2d at 453 (noting that "courts have consistently and overwhelmingly distinguished NLRA precedents from FLSA doctrine"). | The protections of the FLSA are available to citizens and undocumented workers alike; denying undocumented workers the protection of FLSA would permit abusive exploitation of workers and create an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them. Fair Labor Standards Act of 1938, S 1, 29 U.S.C.A. S 201. | Does denying undocumented workers the protection of the Fair Labor Standards Act (FLSA) permit abusive exploitation of workers? | "Aliens, Immigration and Citizenship - Memo 99 - RK_64832.docx" | ROSS-003310186-ROSS-003310187 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 4258 | Johnson v. Arrigoni, 5 Or. 485 | 83E+423 | Though it is usual for an indorser to put his name on back of note when he wishes to assume position of indorser thereof, yet it is immaterial where he puts it, and all that is necessary is that he put his name somewhere on note with intention of making a present transfer thereof, and where a note was payable to his order, he could make that order as well on the face as on the back of the note. | Though it is usual for an indorser to put his name on back of note when he wishes to assume position of indorser thereof, yet it is immaterial where he puts it, and all that is necessary is that he put his name somewhere on note with intention of making a present transfer thereof, and where a note was payable to his order, he could make that order as well on the face as on the back of the note. | What is the effect of the endorser putting his name on the back of a note? | 010906.docx | LEGALEASE-00160360-LEGALEASE-00160361 | SA, Sub | 0 | 0 | 0 | 1 | 1 | |
| 4259 | Timmins v. Firestone, 283 So. 2d 63 | 307A+561.1 | While usually an affirmative defense must be asserted by answer, Rule 1.110(d), RCP, 30 F.S.A., permits an affirmative defense appearing on the face of a prior pleading to be asserted as grounds of a motion to dismiss for failure to state a cause of action. The affirmative defense of the statute of limitations appeared on the face of the amended complaint and the second amended complaint, and thus the court correctly terminated this litigation favorable to the defendants by a dismissal with prejudice. | Though affirmative defense must ordinarily be asserted by answer, affirmative defense appearing on face of prior pleading may be asserted as ground of motion to dismiss for failure to state cause of action. 30 F.S.A. Rules of Civil Procedure, rule 1.110(d). | When is an affirmative defense asserted as ground of motion to dismiss for failure to state cause of action? | 039574.docx | LEGALEASE-00159397-LEGALEASE-00159398 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 4260 | LaCaffinie v. Mirk, 719 A.2d 361 | 307A+697 | In order to remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed, (2) the delay must be reasonably explained, and (3) facts must be shown to exist which support a cause of action. Gohel v. Montgomery Hospital, 698 A.2d 653 (Pa.Super.1997); Pa.R.C.P. 3051(b)(3). Additionally, a petition for relief from a judgment of non pros must have attached a verified copy of the complaint which the petitioner seeks leave to file. Pa.R.C.P. 237.3 | To remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed; (2) the delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. Rules Civ.Proc., Rule 3051(b), 42 Pa.C.S.A. | "To remove a judgment of non pros, should three elements be met?" | Pretrial Procedure - Memo 11186 - C - AC_64395.docx | ROSS-003281397-ROSS-003281398 | SA, Sub | 0.45 | 0 | 0 | 1 | 1 | |
| 4261 | Muriel v. St. Barnabas Hosp., 3 A.D.3d 419 | 307A+697 | A case dismissed as abandoned may be restored to the calendar where the plaintiff establishes a meritorious case, a reasonable excuse for the delay in seeking to restore the matter to the calendar, the absence of intent to abandon prosecution and a lack of prejudice to the defendant (see Werner v. Tiffany, 291 A.D.2d 305, 305"306, 738 N.Y.S.2d 326; Solovay v. Nicola Paone Corp., 219 A.D.2d 462, 645 N.Y.S.2d 769).Plaintiff has satisfied each of the four criteria (Aguilar v. Djonvic, 282 A.D.2d 366, 723 N.Y.S.2d 474). Defendant has not contested the affidavit of merit submitted by plaintiff's physician except to complain of a lack of corroboration. Nor does defendant assert that plaintiff intentionally abandoned prosecution or deliberately defaulted in the action. | A case dismissed as abandoned may be restored to the calendar where the plaintiff establishes a meritorious case, a reasonable excuse for the delay in seeking to restore the matter to the calendar, the absence of intent to abandon prosecution and a lack of prejudice to the defendant. | Can a case dismissed as abandoned be restored to the calendar where the plaintiff establishes a meritorious case? | 039768.docx | LEGALEASE-00159335-LEGALEASE-00159336 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 4262 | Burton v. Hoffman, 959 S.W.2d 351 | 307A+697 | In her second point of error, Burton complains that the trial court erred when it refused to reinstate her case because her failure to appear for trial was not intentional or the result of conscious indifference. A motion to reinstate a case dismissed for want of prosecution is addressed to the sound discretion of the trial court. See Eustice v. Grandy's, 827 S.W.2d 12, 14 (Tex.App."Dallas 1992, no writ). The court may consider the entire history of the proceeding in determining whether to reinstate the action. Id. Appellate review of the trial court's decision is limited to abuse of discretion. Smith v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 468 (Tex.1995). | Motion to reinstate case dismissed for want of prosecution is addressed to trial court's discretion; court may consider entire history of proceeding in determining whether to reinstate action. | Is a motion to reinstate a case dismissed for want of prosecution addressed to the sound discretion of the trial court? | 039800.docx | LEGALEASE-00159487-LEGALEASE-00159488 | Condensed, SA, Sub | 0.71 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4263 | Black v. Jackson, 82 S.W.3d 44 | 307A+690 | Once a trial court learns that it lacks jurisdiction, it becomes the duty of the court to dismiss the cause or claim without rendering a judgment on the merits. Li v. University of Texas Health Science Center at Houston, 984 S.W.2d 647, 654 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). It is well established that the dismissal of an action "with prejudice" acts as a final determination on the merits. Mossler v. Shields, 818 S.W.2d 752, 754 (Tex.1991). Therefore, a dismissal with prejudice for lack of subject matter jurisdiction constitutes error. Id. Consequently, we sustain Black's sixth issue as to her claims pursuant to the UCCJEA, the RFRA, and section 42.003 of the Texas Family Code, and insofar as those claims pertain to Stephanie, modify the trial court's order accordingly. | Dismissal of action "with prejudice" acts as final determination on the merits, and therefore, dismissal "with prejudice" for lack of subject matter jurisdiction constitutes error. | "Does dismissal of action ""with prejudice"" act as final determination on the merits, and therefore, dismissal ""with prejudice"" for lack of subject matter jurisdiction constitute error?" | 039849.docx | LEGALEASE-00159499-LEGALEASE-00159500 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4264 | Pollock v. Feinstein, 2007 PA Super 42 | 307A+697 | Appellant, in the brief filed in support of this appeal, poses a single question for our review: Whether a praecipe for entry of judgment of non pros pursuant to Pa.R.C.P. 1042.6 should be stricken when the complaint does not allege a deviation from the professional standard of care and, therefore, requires no certificate of merit.The standard governing our review of the denial of a petition for relief from the entry of a judgment of non pros is well settled. "[W]e will reverse the trial court only if we find a manifest abuse of discretion." Varner v. Classic Communities Corp., 890 A.2d 1068, 1072 (Pa.Super.2006) (citations omitted). Since a motion to strike a judgment of non pros only challenges defects appearing on the face of the record, "such a motion may not be granted if the record [regarding the entry of the judgment] is self-sustaining." Id. (citation omitted). | Since a motion to strike a judgment of non pros only challenges defects appearing on the face of the record, such a motion may not be granted if the record regarding the entry of the judgment is self-sustaining. | Can a motion to strike off a judgment of non pros challenge only defects appearing on the face of the record and such a motion not be granted if the record is self-sustaining? | 039955.docx | LEGALEASE-00159703-LEGALEASE-00159704 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4265 | Anthony v. City of Omaha, 283 Neb. 868 | 371+3602 | But sales taxes and occupation taxes tax different kinds of acts. An occupation tax is a tax upon the privilege of doing business in a particular jurisdiction or upon the act of exercising, undertaking, or operating a given occupation, trade, or profession. A sales tax, on the other hand, is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | A "sales tax" is a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce. | "Is a ""sales tax"" a tax upon the sale, lease, rental, use, storage, distribution, or other consumption of all tangible personal property in the chain of commerce?" | Taxation - Memo 1067 - C - SJ_64707.docx | ROSS-003282676-ROSS-003282677 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 4266 | Scholastic Book Clubs v. State, Dep't of Treasury, Revenue Div., 223 Mich. App. 576 | 371+3602 | Unlike the sales tax, which is a tax imposed upon sellers for the privilege of engaging in the business of making sales of tangible personal property at retail within this state, World Book, Inc. v. Dep't of Treasury, 222 Mich.App. 203, 205, 564 N.W.2d 82 (1997), the use tax is an excise tax imposed for the "privilege of using, storing, or consuming tangible personal property in the state." M.C.L. " 205.93(1); M.S.A. " 7.555(3)(1). The legal incidence of the use tax falls upon the consumer or purchaser who buys personal property outside this state for use in Michigan, but the out-of-state seller is responsible for the collection of the tax. World Book, supra, p. 206, 564 N.W.2d 82. | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | Is the sales tax imposed on the seller for the privilege of engaging in the business of making retail sales of tangible personal property in the state? | 046224.docx | LEGALEASE-00159831-LEGALEASE-00159832 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4267 | World Book v. Dep't of Treasury, 222 Mich. App. 203 | 371+3602 | The sales tax is a tax imposed upon sellers for the privilege of engaging in the business of making sales of tangible personal property at retail within this state.Terco, Inc. v. Dep't of Treasury, 127 Mich.App. 220, 225-226, 339 N.W.2d 17 (1983). The seller is obligated to pay the tax due and bears the direct legal incidence of the general sales tax act. Combustion Engineering, Inc. v. Dep't of Treasury, 216 Mich.App. 465, 467, 549 N.W.2d 364 (1996). Although the tax is ordinarily passed on to the purchaser at retail, the seller is not obligated to do so. Id. The use tax, on the other hand, is an excise tax imposed for the "privilege of using, storing, or consuming tangible personal property in this state." M.C.L. " 205.93(1); M.S.A. " 7.555(3)(1). The legal incidence of the use tax falls upon the consumer or purchaser. Terco, supra, at p. 226, 339 N.W.2d 17. | "Sales tax" is tax imposed upon sellers for privilege of engaging in business of making sales of tangible personal property at retail within state. | Is the sales tax imposed on the seller for the privilege of engaging in the business of making retail sales of tangible personal property in the state? | Taxation - Memo 1095 - C - SU.docx | LEGALEASE-00050122-LEGALEASE-00050123 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4268 | State Farm Mut. Auto. Ins. Co. v. Berthelot,732 So. 2d 1230 | 371+3707 | In particular, a sales tax is a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality.Louisiana's "sales and use tax is an excise tax, a tax upon the transaction itself, not the property involved in the transaction." BRUCE J. ORECK, LOUISIANA SALES & USE TAX 2.1 (2d ed.1996) (citing Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958); Mouledoux v. Maestri, 197 La. 526, 2 So.2d 11 (1941); and Fontenot v. Searcy & Pfaff, Ltd., 78 So.2d 204 (La.App.Orleans 1955)). With regard to vehicle sales, Louisiana law provides that the general rule is that sales tax is due upon the sale price of the vehicle. La.R.S. 47:302 A(1).5 Likewise, it has been statutorily recognized that the servicing and repair of automobiles give rise to the imposition of a tax. La.R.S. 47:301(14)(g)(i). | A "sales tax" is a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality. LSA-R.S. 47:301 et seq. | "Is a ""sales tax"" a distinct and separate charge which the retail seller is required to collect as a pass through entity for the benefit of the state and locality?" | 046259.docx | LEGALEASE-00159889-LEGALEASE-00159890 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4269 | Career Connections Charter High Sch. v. Sch. Dist. of Pittsburgh, 91 A.3d 736 | 1.41E+25 | Sufficient evidence supported State Charter School Appeal Board's finding that charter school did not meet student performance objectives as set forth in the Pennsylvania Department of Education's (PDE) regulations and in its own charter, as ground supporting non-renewal of the school's charter under the Charter School Law. Evidence established that charter school failed to meet adequate yearly progress (AYP) targets, as demonstrated through students' test scores on Pennsylvania System of School Assessment (PSSA) tests, that Board was entitled to rely on PSSA results when evaluating school's performance, that school's progress toward meeting AYP targets on PSSA tests was deteriorating over time, and that 12 feeder schools from which most of charter school's student body was drawn outperformed charter school on PSSA tests. 24 P.S. " 17"1729"A(a)(2). | Sufficient evidence supported State Charter School Appeal Board's finding that charter school did not meet student performance objectives as set forth in the Pennsylvania Department of Education's (PDE) regulations and in its own charter, as ground supporting non-renewal of the school's charter under the Charter School Law; evidence established that charter school failed to meet adequate yearly progress (AYP) targets, as demonstrated through students' test scores on Pennsylvania System of School Assessment (PSSA) tests, that Board was entitled to rely on PSSA results when evaluating school's performance, that school's progress toward meeting AYP targets on PSSA tests was deteriorating over time, and that 12 feeder schools from which most of charter school's student body was drawn outperformed charter school on PSSA tests. 24 P.S. S 17-1729-A(a)(2). | Can Charter School Boards support non-renewal of their school's charter? | 017260.docx | LEGALEASE-00161196-LEGALEASE-00161197 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4270 | Herold v. Hughes, 141 W. Va. 182 | 200+80 | In view of the holdings of this Court in the cases cited, it seems clear that we are committed to the doctrine that the grant of an easement for public road purposes includes all rights and privileges necessary or convenient to the use of the public in travel or transportation of properties of all kinds over, under or along all public highways. Such uses must have been contemplated in the grant in the instant case. We can not assume that the grant was made and accepted for any limited purposes or methods of travel or transportation. Being a part of the grant for public road purposes, it can not be an additional burden on the fee. It is, in reality, an additional public use. See Shepherdstown Light & Water Co. v. Lucas, 107 W.Va. 498, 148 S.E. 847; Nichols v. Central Virginia Power Co., 143 Va. 405, 130 S.E. 764, 44 A.L.R. 727. We think that transportation of natural gas, whether by public utility or a nonpublic utility, is transportation of property for public use. The term "public use" as it relates to public highways, is not synonymous with the term "public utility". The whole public, including public utilities, is entitled to reasonably regulated use of the highways, and those charged with the duty of the regulation of such use must determine whether the interests of the public will be best subserved by one or another method of transportation of property. | Grant of an easement for public road purposes includes all rights and privileges necessary or convenient to use of the public in travel or transportation of properties of all kinds over, under or along public highways. Code, 17-4-8, 17-16-6. | Does the grant of an easement for public road purposes include all rights and privileges necessary to the use of the public in travel? | Highways - Memo 397 - RK.docx | LEGALEASE-00050706-LEGALEASE-00050707 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4271 | Dorofey v. Bethlehem Steel Co., 407 Pa. 288 | 307A+699 | These suits were then begun under the Wrongful Death and Survival actions, and were consolidated for trial. After the close of the plaintiffs' case, a motion for a compulsory nonsuit was sustained. We are now considering a motion to take off the compulsory nonsuit, and we must view the evidence together with all reasonable inferences therefrom, in the light most favorable to the plaintiffs. | On motion to take off compulsory nonsuit, court must view evidence together with all reasonable inferences therefrom in light most favorable to plaintiff. | "On a motion to take off a compulsory nonsuit, should a court view evidence together with all reasonable inferences therefrom in a light most favorable to a plaintiff?" | 039687.docx | LEGALEASE-00161156-LEGALEASE-00161157 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4272 | Eldorado Towers by Shaf v. Chicago Title & Tr. Co., 182 Ill. App. 3d 263 | 307A+699 | It is well settled that "[s]ection 2-1401 is not intended to provide a review of an order from which a party could have appealed within the time fixed by rule, and cannot be invoked as a substitute for a party's right to appeal." (Chovan v. Floor Covering Associates, Inc. (1987), 159 Ill.App.3d 447, 449, 111 Ill.Dec. 412, 512 N.E.2d 801.) Furthermore, the motion was not brought before the trial judge (Judge Curry) who rendered the original judgment. A person seeking to vacate a judgment of dismissal more than 30 days after entry is required to bring a motion for such relief before the judge who rendered the original judgment. | Person seeking to vacate judgment of dismissal more than 30 days after entry is required to bring motion for such relief before judge who rendered original judgment. S.H.A. ch. 110, P 2-1401. | Is a person seeking to vacate judgment of dismissal more than 30 days after entry required to bring a motion for such relief before a judge who rendered original judgment? | 039988.docx | LEGALEASE-00160624-LEGALEASE-00160625 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4273 | Dorn v. State Bank of Stella, 767 F.2d 442 | 170A+840 | The district court's denial of Dorn's motion for leave to file an amended complaint was entirely proper.Dorn did not file his motion until approximately three months after the district court entered its judgment of dismissal. Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. See, e.g., Wright v. Anthony, 733 F.2d 575, 577 (8th Cir.1984); Hinton v. CPC International, Inc., 520 F.2d 1312, 1314 (8th Cir.1975). After a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates. Czeremcha v. International Association of Machinists and Aerospace Workers, 724 F.2d 1552, 1556 (11th Cir.1984). | Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. | "Although a pretrial motion for leave to amend one's complaint is to be liberally granted, do different considerations apply to motions filed after dismissal?" | Pretrial Procedure - Memo 11574 - C - BP_65594.docx | ROSS-003309614-ROSS-003309615 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4274 | Basye v. Fayette R-III Sch. Dist. Bd. of Educ., 150 S.W.3d 111 | 307A+694 | Rule 67.03 states that an involuntary dismissal of a petition shall be without prejudice unless the order specifies otherwise.The dismissal of a petition without prejudice is generally not adjudication on the merits and permits the party to re-file the action, unless otherwise barred.Waltrip v. Davis, 899 S.W.2d 147, 148 (Mo.App. E.D.1995). Appellate courts have jurisdiction over final judgments only. Snelling v. Bleckman, 935 S.W.2d 93, 94 (Mo.App. E.D.1996). Dismissal of a petition without prejudice is not a final judgment from which appeal may be taken. Id. | The dismissal of a petition without prejudice is generally not adjudication on the merits and permits the party to re-file the action, unless otherwise barred. V.A.M.R. 67.03. | "Is the dismissal of a petition without prejudice generally not an adjudication on the merits and permits the party to re-file the action, unless otherwise barred?" | 040228.docx | LEGALEASE-00161661-LEGALEASE-00161662 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4275 | City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750 | 307A+695 | Bybee v. Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910, 917 (1960) (quoting Lone Star Finance Corp. v. Davis, 77 S.W.2d 711, 715 (Tex.Civ.App."Eastland 1934, no writ)). Thus, if the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. Peek v. Equipment Serv. Co., 779 S.W.2d 802, 805 (Tex.1989); see Texas Ass'n of Business, 852 S.W.2d at 446. It is, of course, possible for a party to plead facts that affirmatively demonstrate an absence of jurisdiction. See Peek, 779 S.W.2d at 804. Because such a defect is incurable, immediate dismissal of the case is proper in that circumstance. See City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex.1985). | If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | "If a plaintiff's pleadings do not affirmatively show a lack of jurisdiction, is the proper remedy to allow the plaintiff an opportunity to amend its pleadings before dismissing the cause?" | 040257.docx | LEGALEASE-00160835-LEGALEASE-00160836 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4276 | Ceres v. Shearson Lehman Bros., 227 A.D.2d 222 | 307A+695 | Plaintiffs' complaint and papers in opposition to the motions fail to indicate that the offering plan included actionable representations of fact and " "definite positive projections that might require later correction" " on which plaintiffs relied to their detriment (San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 811). Leave to replead would not be appropriate, since there is no reason to believe that plaintiffs could correct the deficiencies of the pleading, it appearing that there is nothing to add as to alleged misrepresentations in any of the key documents and plaintiffs failing to suggest that there are any additional extrinsic facts that would somehow make the documents actionable. | Leave to replead when complaint failed to state cause of action would not be appropriate where there was no reason to believe that plaintiffs could correct the deficiencies of the pleading. | Is leave to replead when a complaint failed to state cause of action not be appropriate where there was no reason to believe that plaintiffs could correct the deficiencies of the pleading? | 040290.docx | LEGALEASE-00160909-LEGALEASE-00160910 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4277 | C.V. Perry & Co. v. W. Jefferson, 110 Ohio App. 3d 23 | 307A+695 | The Tenth District Court of Appeals found a failure to exhaust administrative remedies and determined that the case was not ripe for judicial review. Id. In an action where the court has been deprived of subject matter jurisdiction, a claimant may refile the same action because it would have been dismissed due to lack of subject matter jurisdiction and not brought to an end on the merits. Herbst v. Resolution Trust Corp. (1993), 66 Ohio St.3d 8, 11, 607 N.E.2d 440, 443-444, citing Marc Dev., Inc. v. Fed. Deposit Ins. Corp. (D.Utah 1991), 771 F.Supp. 1163, 1168-1169; Cent. Mut. Ins. Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26, 28, 519 N.E.2d 422, 424. | In action where court has been deprived of subject matter jurisdiction, claimant may refile same action because it would have been dismissed due to lack of subject matter jurisdiction and not brought to end on merits. | "In action where court has been deprived of subject matter jurisdiction, can a claimant refile a same action because it would have been dismissed due to lack of subject matter jurisdiction?" | Pretrial Procedure - Memo 11637 - C - SN_65374.docx | ROSS-003293845-ROSS-003293846 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 4278 | Sepulveda v. Krishnan, 839 S.W.2d 132 | 307A+695 | Where the plaintiff's pleadings are insufficient because they fail to state a cause of action, the proper remedy for the defendant is to file special exceptions under Tex.R.Civ.P. 91. Moseley v. Hernandez, 797 S.W.2d 240, 242 (Tex.App."Corpus Christi 1990, no writ); McFarland v. Reynolds, 513 S.W.2d 620, 626 (Tex.Civ.App."Corpus Christi 1974, no writ). If the special exceptions have been sustained, generally the plaintiff must then be given an opportunity to amend before the case may be dismissed for failure to state a cause of action. | If special exceptions to plaintiff's pleadings are sustained, generally plaintiff must then be given an opportunity to amend before cause may be dismissed for failure to state cause of action; however, trial court need not give plaintiff opportunity to amend when pleading defect is of type that amendment cannot cure. Vernon's Ann.Texas Rules Civ.Proc., Rule 91. | "If special exceptions to a plaintiff's pleadings are sustained, should a plaintiff then be given an opportunity to amend before cause can be dismissed for failure to state cause of action?" | 040324.docx | LEGALEASE-00161080-LEGALEASE-00161081 | SA, Sub | 0.33 | 0 | 0 | 1 | 1 | |
| 4279 | Albrecht v. Bd. of Trustees of Internal Imp. Tr. Fund, 481 So. 2d 555 | 307A+695 | Generally, a trial court must allow a litigant the opportunity to amend a complaint before dismissing its suit with prejudice unless it is clear that the pleading cannot be amended so as to state a cause of action. Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984). At oral argument appellants contended that if afforded the opportunity they could amend their complaint to state a cause of action against appellees. We express no view as to appellants' ability to do so; nevertheless, under the circumstances, we think they should be given that opportunity. | Generally, trial court must allow litigant opportunity to amend complaint before dismissing its suit with prejudice unless it is clear that pleading cannot be amended so as to state cause of action. | Should a trial court allow a litigant an opportunity to amend a complaint before dismissing its suit with prejudice? | 040334.docx | LEGALEASE-00161104-LEGALEASE-00161105 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 4280 | Villarreal v. San Antonio Truck & Equip., 974 S.W.2d 275 | 307A+582 | The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. See Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976); Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," tex.R. Civ. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court.." tex.R. Civ. P. 165a(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. See Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex.1980); Williams, 543 S.W.2d at 90 | In addition to the trial court's authority to dismiss a case for want of prosecution provided by the rules of civil procedure, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial court have the inherent power to dismiss when a plaintiff does not prosecute its case with diligence? | 040393.docx | LEGALEASE-00160628-LEGALEASE-00160629 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 4281 | Barazi v. Eckoldt, 180 S.W.3d 507 | 307A+583 | Ms. Voss also argues that contrary to the trial court's determination, she did not fail to prosecute her case. Although trial courts have the inherent authority to dismiss a case for failure to prosecute with due diligence, the decision must be made within the exercise of sound judicial discretion. Kralik v. Mortgage Syndicate Inc., 673 S.W.2d 448, 449 (Mo.App. E.D.1984). Thus, "[a] dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place for trial and is ready and willing to present evidence." Belleville v. Director of Revenue, 825 S.W.2d 623, 625 (Mo. banc 1992). Here, there is no question that Ms. Voss timely filed all required pleadings and appeared ready and willing to present her evidence. Accordingly, the trial court abused its discretion in dismissing Ms. Voss's petition for failure to prosecute. Point granted. | Although trial courts have the inherent authority to dismiss a case for failure to prosecute with due diligence, the decision must be made within the exercise of sound judicial discretion. | Do courts have the inherent authority to dismiss a case for failure to prosecute with due diligence? | 040479.docx | LEGALEASE-00161263-LEGALEASE-00161264 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4282 | Bender v. Schallerer, 9 Ill. App. 3d 951 | 30+3206 | Courts have the inherent power to dismiss lawsuits for want of prosecution. Sanitary Dist. of Chicago v. Chapin (1907) 226 Ill. 499, 80 N.E. 1017. This power of ancient origin (Link v. Wabash Railroad Co. (1962) 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734) is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the progress of trial calendars. Robertson v. Western Bearings Company (1964) 50 Ill.App.2d 173, 200 N.E.2d 48. Circumstances justifying the dismissal of an action are governed by the facts peculiar to each specific case. A determination of whether there has been a lack of diligent prosecution rests within the sound discretion of the trial court and that determination will not be disturbed upon appeal unless the reviewing court finds that the trial court abused its discretion. Elward v. Mancuso Chevrolet, Inc., (1970) 122 Ill.App.2d 421, 259 N.E.2d 344. | A determination of whether there has been a lack of diligent prosecution rests within the sound discretion of trial court and that determination will not be disturbed upon appeal unless reviewing court finds that trial court abused its discretion. | Does the determination of existence of lack of diligent prosecution rest within sound discretion of trial court? | Pretrial Procedure - Memo 11774 - C - BP_65640.docx | ROSS-003293697-ROSS-003293698 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4283 | Appeal of Callery, 272 Pa. 255 | 371+2003 | To justify the imposition of a tax without a statute plainly warranting it, it is not enough to show that the absence of a tax works an injustice in permitting many persons to escape. The taxing power lies with the Legislature, and a survey of our taxing enactments evidences a policy to tax residents on their investments in corporations, either personally or through the corporation. Many exemptions exist, some based on a supposed greater benefit to the state; but, through all their various forms, the predominating policy runs to cause the citizen so investing capital to bear a fair share of the cost of maintaining the government, and he who seeks to be excused must bring himself within the class of exempt persons. | To justify the imposition of a tax, without a statute plainly warranting it, it is not enough to show that the absence of a tax works an injustice in permitting many persons to escape taxation. | "To justify the imposition of a tax without a statute plainly warranting it,is it enough to show that the absence of a tax works an injustice?" | 046302.docx | LEGALEASE-00161697-LEGALEASE-00161698 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4284 | State v. Watts, 244 N.W.2d 586 | 135H+95.1 | Jeopardy attaches when a jury panel is sworn. Serfass v. United States, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265, 274; State v. Gowins, Iowa, 211 N.W.2d 302, 304 and citations. However this alone does not resolve the double jeopardy question here presented where the trial court, in effect, promptly and by "manifest necessity" declared a mistrial rather than waiting to do so after a verdict. Declaration of a mistrial prior to a verdict does not in itself bar retrial as the trial court has considerable discretion in opting for a mistrial based on procedural error. Illinois v. Somerville, 410 U.S. 458, 464, 93 S.Ct. 1066, 35 L.Ed.2d 425, 431; State v. Gowins, Iowa, 211 N.W.2d 302, 304-306 and citations. United States v. Jorn,400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 on which defendant relies is clearly factually distinguishable. | Declaration of mistrial prior to verdict does not in itself bar retrial as trial court has considerable discretion in opting for a mistrial based on procedural error. | Does a declaration of mistrial prior to verdict not in itself bar retrial as a trial court has considerable discretion in opting for a mistrial based on procedural error? | 015519.docx | LEGALEASE-00162570-LEGALEASE-00162571 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4285 | Schindler v. Bank of New York Mellon Tr. Co., 190 So. 3d 102 | 307A+690 | Bank's argument that it was not properly notified that the order would act as a dismissal with prejudice is without merit. A trial court cannot dismiss a case with prejudice under rule 1.420(b) for failure to amend if it has not first notified the offending party of the consequences of failing to amend. See First Union Nat'l Bank v. Hartle, 579 So.2d 295 (Fla. 4th DCA 1991) (ruling in part that lower court erred by dismissing case pursuant to rule 1.420(b) where court did not indicate failure to comply with order to amend would result in dismissal of the action); see also Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54"55 (Fla. 3d DCA 1982) (stating that "once a court has dismissed a complaint for failure to state a cause of action, but has granted the party leave to amend, that complaint may subsequently be dismissed with prejudice only if one of two notice conditions are met, (1) separate notice to plaintiff of hearing on the motion for dismissal with prejudice or entry of final judgment, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice"). | A trial court cannot dismiss a case with prejudice under rule governing involuntary dismissal for failure to amend if it has not first notified the offending party of the consequences of failing to amend. West's F.S.A. RCP Rule 1.420(b). | Can a trial court dismiss a case with prejudice for failure to amend if it has not first notified the offending party of the consequences of failing to amend? | Pretrial Procedure - Memo 11543 - C - NS_65976.docx | ROSS-003312424-ROSS-003312425 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4286 | In re Valliance Bank, 422 S.W.3d 722 | 307A+697 | A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Tex.R. Civ. P. 165a(3), (4); Neese v. Wray, 893 S.W.2d 169, 170 (Tex.App.-Houston [1st Dist.] 1995, no writ) (recognizing trial court has plenary power to reinstate case within thirty days of dismissal even in absence of motion to reinstate). A verified motion to reinstate a case filed within thirty days of a dismissal for want of prosecution extends the trial court's plenary power in the same manner as a motion for new trial. Tex.R. Civ. P. 165a(3), (4). The Supreme Court of Texas has made clear, however, that an unverified motion to reinstate is a nullity and does not extend the trial court's plenary jurisdiction or the time in which to file a notice of appeal. McConnell v. May, 800 S.W.2d 194, 194 (Tex.1990) (orig. proceeding) (granting mandamus relief to set aside order reinstating case more than thirty days after dismissal on unverified motion); Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex.1986). | A trial court has plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(3, 4). | Does a trial court have plenary power to reinstate a case within thirty days after it signs an order of dismissal for want of prosecution? | Pretrial Procedure - Memo 11805 - C - MS_66434.docx | ROSS-003278356-ROSS-003278357 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4287 | Valley Peat & Humus v. Sunnylands, 398 Pa. Super. 400 | 307A+697 | We note that the second factor considered by a trial court when entertaining a petition to open a non pros judgment is akin to the following standard employed when entering the non pros judgment in the first instance: absence of a compelling reason for the delay. Further, when entering a non pros judgment or when granting a petition to open a non pros judgment, the trial court is bound to consider the prejudice to the adverse party. | When entering non pros judgment or when granting petition to open non pros judgment, trial court is bound to consider prejudice to adverse party. | "When entering non pros judgment or when granting petition to open non pros judgment, is a trial court bound to consider prejudice to an adverse party?" | Pretrial Procedure - Memo 11816 - C - MS_66100.docx | ROSS-003293827-ROSS-003293828 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 4288 | K.P. v. Reed, 626 So. 2d 1241 | 307A+583 | Dismissal of an action "for want of prosecution is a drastic sanction." Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991). "Accordingly, this Court scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found." Id. The entry of a judgment of dismissal for want of prosecution in the absence of "a clear record of delay, willful default or contumacious conduct by the plaintiff" constitutes such an abuse. Selby v. Money, 403 So.2d 218 (Ala.1981); see also Smith v. Wilcox County Bd. of Educ., 365 So.2d 659 (Ala.1978). | Entry of judgment of dismissal for want of prosecution in absence of clear record of delay, willful default, or contumacious conduct by plaintiff constitutes abuse of discretion. | Is the entry of judgment of dismissal for want of prosecution in absence of clear record of delay constitute abuse of discretion? | Pretrial Procedure - Memo 12101 - C - PB_67076.docx | ROSS-003281598-ROSS-003281599 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4289 | Hernandez-Zuniga v. Tickle, 374 S.C. 235 | 413+186 | Workers' compensation statutes are construed liberally in favor of coverage, and South Carolina's policy is to resolve jurisdictional doubts in favor of the inclusion of employees within workers' compensation coverage. Nelson v. Yellow Cab Co., 343 S.C. 102, 109, 538 S.E.2d 276, 279 (Ct.App.2000) aff'd 349 S.C. 589, 564 S.E.2d 110 (2002) (citing Mauldin v. Dyna"Color/Jack Rabbit, 308 S.C. 18, 416 S.E.2d 639 (1992); O'Briant v. Daniel Constr. Co., 279 S.C. 254, 305 S.E.2d 241 (1983); Horton v. Baruch, 217 S.C. 48, 59 S.E.2d 545 (1950); Spivey v. D.G. Constr. Co., 321 S.C. 19, 467 S.E.2d 117 (Ct.App.1996); McLeod v. Piggly Wiggly Carolina Co., 280 S.C. 466, 313 S.E.2d 38 (Ct.App.1984)). In determining such jurisdictional questions, it must be kept in mind that the basic purpose of the Workmen's Compensation Act is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion. However, a construction should not be adopted that does violence to the specific provisions of the Act. White v. J.T. Strahan Co., 244 S.C. 120, 135 S.E.2d 720, 723 (1964) | In determining jurisdictional questions, it must be kept in mind that the basic purpose of the workers' compensation law is the inclusion of employers and employees within its coverage and not their exclusion, and doubts of jurisdiction will be resolved in favor of inclusion rather than exclusion; however, a construction should not be adopted that does violence to the specific provisions of the workers' compensation law. | "In determining jurisdiction, is the basic purpose of the Workmens Compensation Act the inclusion of employers and employees, not their exclusion?" | Workers' Compensation Memo 713 - C - ANC_67083.docx | ROSS-003282881-ROSS-003282882 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4290 | Black v. McDermott Int'l Inc., 692 So. 2d 724 | 413+186 | In order to enjoy the tort immunity available under the two-contract theory, the defendant must show: (1) that the defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; and (3) that in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed. Peterson, supra, 652 So.2d at 625. The two-contract theory also has a requirement that the general contractor/principal must prove that he entered a general contract to do certain work prior to entering his contract with the plaintiff's employer to perform a part of that work. Crochet v. Westminster City Center Properties., 572 So.2d 720, 723 (La.App. 4th Cir.1990). This is referred to as the temporal requirement and must be satisfied before the two-contract defense may be applied to acquire tort immunity. Id | To be entitled to statutory employer tort immunity under two-contract theory, general contractor/principal must prove that he or she entered general contract to do certain work prior to entering contract with plaintiff's employer to perform part of that work. LSA-R.S. 23:1032, 23:1061. | Does the two-contract theory require that the general contractor prove that he entered into a general contract to do a certain work prior to entering into his contract with the plaintiffs employer to perform part of that work? | 048731.docx | LEGALEASE-00162697-LEGALEASE-00162698 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 4291 | Brewbaker v. State Bd. of Regents, 843 N.W.2d 466 | 135H+25 | The Double Jeopardy Clause prohibits multiple punishments for the same offense. Dressler v. Iowa Dep't of Transp., 542 N.W.2d 563, 565 (Iowa 1996). A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment. Id. However, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. Id. | A civil penalty imposed after a criminal penalty will constitute multiple punishments in violation of the Double Jeopardy Clause when the sanction, as applied in the individual case, serves the goal of punishment; however, if the civil sanction is remedial, the Double Jeopardy Clause is not violated. U.S.C.A. Const.Amend. 5. | Will a civil penalty imposed after a criminal penalty constitutes multiple punishments in violation of the Double Jeopardy Clause? | Double Jeopardy - Memo 141 - C - SKG_66385.docx | ROSS-003280273-ROSS-003280274 | SA, Sub | 0.29 | 0 | 0 | 1 | 1 | |
| 4292 | United States v. Williams, 720 F.3d 674 | 135H+25 | Williams's second argument is that the district court's grant of the government's motion to dismiss without prejudice "has the potential to lead to the absurd result of having [a] full trial on the merits, verdict reached and entered, and then a Rule 48(a) Motion to Dismiss filed because the Government is dissatisfied with the outcome." We note two points regarding this argument. First, the government could not bring another criminal forfeiture count against Williams because jeopardy attached at the time that his jury was empaneled and sworn. U.S. Const. amend V; United States v. Peoples, 360 F.3d 892, 894 (8th Cir.2004). Second, so long as it is not punitive in nature, a civil forfeiture action does not implicate double jeopardy and is "merely [a] different aspect[ ] of a single prosecution." 23 United States v. Jones, 111 F.3d 597, 599 (8th Cir.1997) (quoting United States v. Smith, 75 F.3d 382, 386 (8th Cir.1996) (internal quotation marks omitted)). | So long as it is not punitive in nature, a civil forfeiture action does not implicate double jeopardy and is merely a different aspect of a single prosecution. U.S.C.A. Const.Amend. 5. | "So long as it is not punitive in nature, does a civil forfeiture action not implicate double jeopardy and is merely a different aspect of a single prosecution?" | Double Jeopardy - Memo 142 - C - SKG_66386.docx | ROSS-003293610-ROSS-003293611 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4293 | United States v. Harriman, 130 F. Supp. 198 | 135H+95.1 | On the other hand, if the case is taken from the jury without evident necessity and for mere matter of convenience, a second trial for the same offense will amount to double jeopardy. Possibly when the prosecutor obtains dismissal because his evidence is insufficient, or all of his witnesses are not present, a second trial may be barred. The rationale of this line of demarcation between reasons of necessity and ones of convenience in discharging a jury has been simply stated by Justice McLean on circuit long ago:"The discharge of a jury in a criminal case, on the ground of a necessity which could neither be foreseen nor controlled, imposes no hardship on the defendant of which he has a right to complain. He, alike with the government, must submit to the law of necessity, which, of all other laws, is the most inexorable. | If a case is taken from the jury without evident necessity and for matter of convenience, a second trial for the same offense will amount to double jeopardy. U.S.C.A. Const.Amend. 5. | "If a case is taken from the jury without evident necessity and for matter of convenience, will a second trial for the same offense amount to double jeopardy?" | 015583.docx | LEGALEASE-00162885-LEGALEASE-00162886 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4294 | State v. Enriquez-Beltran, 9 Neb. App. 459 | 135H+25 | State v. Franco, 257 Neb. 15, 594 N.W.2d 633 (1999), holds that generally, the Double Jeopardy Clause prevents both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident. In this appeal, we determine whether Franco extends to a case where a forfeiture is followed by a criminal conviction which results from a guilty plea. | Generally, the double jeopardy clause prevents both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident. U.S.C.A. Const.Amend. 5. | "Generally, does the double jeopardy clause prevent both property or money forfeiture proceedings and criminal charges against a defendant arising from the same incident?" | Double Jeopardy - Memo 209 - C - KS_66959.docx | ROSS-003285024 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 4295 | United States v. Jones, 111 F.3d 597 | 135H+25 | Second, appellants' argument that the civil forfeiture proceedings were related to the criminal proceedings defeats their double jeopardy claims. A single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings does not violate the double jeopardy clause, as the civil and criminal proceedings in such a situation are "merely different aspects of a single prosecution." United States v. Smith, 75 F.3d 382, 386 (8th Cir.1996); see United States v. Volanty, 79 F.3d 86, 89 (8th Cir.1996). In this case, the temporal link and the coordination between the civil forfeiture proceedings and the indictments satisfy us that the actions were different aspects of the same prosecution and that the civil forfeiture proceedings were not separate and punitive. See Smith, 75 F.3d at 386. | A single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings does not violate double jeopardy clause, as civil and criminal proceedings in such a situation are merely different aspects of a single prosecution. U.S.C.A. Const.Amend. 5. | Does a single coordinated prosecution involving both civil forfeiture proceedings and criminal proceedings not violate a double jeopardy clause? | Double Jeopardy - Memo 215 - C - VP_66738.docx | ROSS-003296589-ROSS-003296590 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4296 | Helvering v. Mitchell, 303 U.S. 391 | 135H+23 | Congress may impose both a criminal and a civil sanction in respect to the same act or omission; for the double jeopardy clause prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense. The question for decision is thus whether section 293(b) imposes a criminal sanction. That question is one of statutory construction. Compare Murphy v. United States, 272 U.S. 630, 632, 47 S.Ct. 218, 71 L.Ed. 446. | Congress may impose both a criminal and a civil sanction in respect to the same act or omission, since the double jeopardy clause of the Constitution prohibits merely punishing twice or attempting a second time to punish criminally for the same offense. U.S.C.A.Const. Amend. 5. | Can Congress impose both a criminal and a civil sanction in respect to a same act or omission? | 015143.docx | LEGALEASE-00163461-LEGALEASE-00163462 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |
| 4297 | United States v. Levine, 905 F. Supp. 1025 | 135H+25 | Further, the Court finds that jeopardy did not attach from the two prior civil forfeiture proceedings. Jeopardy "attaches" in a civil forfeiture proceeding "at the beginning of the hearing, when evidence is first presented to the trier of fact." United States v. Torres, 28 F.3d 1463, 1465 (7th Cir.1994) (citing Crist v. Bretz, 437 U.S. 28, 31"37, 98 S.Ct. 2156, 2159"61, 57 L.Ed.2d 24 (1978)). Jeopardy does not attach when the defendant does not make a claim and thus, does not become a party to the forfeiture. Id. Further, there is no jeopardy when there is no trial and the property sought to be forfeited is indeed forfeited without opposition. Id. In the case sub judice, there were actually two civil forfeiture proceedings. | Jeopardy attaches in civil forfeiture proceeding at beginning of hearing, when evidence is first presented to trier of fact; jeopardy does not attach when defendant does not make claim and thus does not become party to forfeiture, nor does it attach when there is no trial and property sought to be forfeited is forfeited without opposition. U.S.C.A. Const.Amend. 5. | "For double jeopardy purposes, does jeopardy attach in a civil forfeiture proceeding when evidence is first presented to the trier of fact?" | 015174.docx | LEGALEASE-00163529-LEGALEASE-00163530 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4298 | United States v. Barber, 906 F. Supp. 424 | 135H+25 | "[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Ursery, 59 F.3d 568, 571 (6th Cir.1995) (quoting United States v. Halper, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989)). The defendant claims that the forfeitures that took place prior to the filing of the indictment constitute multiple "punishments" for the same offense. In determining if a prior civil forfeiture implicates double jeopardy, there are three key determinations: "(1) whether the civil forfeiture constitutes "punishment " for double jeopardy purposes; (2) whether the civil forfeiture and criminal conviction are punishment for the same offense; and (3) whether the civil forfeiture and criminal prosecution are separate proceedings." | In determining if prior civil forfeiture implicates double jeopardy, there are three key determinations: whether civil forfeiture constitutes "punishment" for double jeopardy purposes; whether civil forfeiture and criminal conviction are punishment for same offense; and whether civil forfeiture and criminal prosecution are separate proceedings. U.S.C.A. Const.Amend. 5. | "In determining if prior civil forfeiture implicates double jeopardy, are there three key determinations?" | 015183.docx | LEGALEASE-00163599-LEGALEASE-00163600 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 4299 | Ex parte Ariza, 913 S.W.2d 215 | 135H+25 | While all four sanctions share these features, Supreme Court authority dictates that they each have dissimilar features that govern a double jeopardy analysis. Halper announced the rule that where a fixed-penalty provision imposes a sanction overwhelmingly disproportionate to the damage caused, the offender is entitled to an accounting of the government's damages to determine whether the sanction constitutes punishment. Halper, 490 U.S. at 449, 109 S.Ct. at 1902. Thus the Court explicitly tied the disproportionality analysis to cases where the sanction was determined by a formula that attempted to approximate the government's damages. Because such formulas normally accomplish the objective of approximating these damages, the Court contemplated that Halper's disproportionality analysis would come into play only in "the rare case." Id. at 449, 109 S.Ct. at 1902. | Where a fixed-penalty provision imposes a sanction overwhelmingly disproportionate to damage caused, offender is entitled to accounting of government's damages to determine whether the sanction constitutes punishment for double jeopardy purposes. U.S.C.A. Const.Amend. 5. | "Where a fixed-penalty provision imposes a sanction overwhelmingly disproportionate to damage caused, is an offender entitled to an accounting of a government's damages?" | Double Jeopardy - Memo 251 - C - PB_66770.docx | ROSS-003295600-ROSS-003295601 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4300 | State v. Tilley, 104 S.W.3d 814 | 135H+96 | For Defendant to prevail on his claim of plain error he must show that the court's failure to sua sponte grant a mistrial so substantially affected his rights that a manifest injustice or miscarriage of justice will inexorably result if left uncorrected. State v. Ballard, 6 S.W.3d 210, 214 (Mo.App.1999); State v. Weeks, 982 S.W.2d 825, 837[12] (Mo.App.1998). In applying this standard, we are mindful that a mistrial is a drastic remedy that should be used sparingly and granted only in extraordinary circumstances. State v. Clover, 924 S.W.2d 853, 856[5] (Mo.banc 1996); State v. Mitchell, 41 S.W.3d 574, 580[4] (Mo.App.2001). Moreover, appellate courts are especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases. State v. Derrick, 965 S.W.2d 418, 419"20 n. 1 (Mo.App.1998). This follows because generally the double jeopardy clause of the Fifth Amendment to the United States Constitution bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent. State v. Tolliver, 839 S.W.2d 296, 299[9] (Mo.banc 1992). | Appellate courts are especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases; generally, the double jeopardy clause of the Fifth Amendment to the United States Constitution bars retrial if a judge grants a mistrial in a criminal case without the defendant's request or consent. U.S.C.A. Const.Amend. 5. | Are appellate courts especially wary of claims that a trial court erred in failing to grant a mistrial sua sponte in criminal cases? | 015232.docx | LEGALEASE-00163027-LEGALEASE-00163028 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 4301 | United States v. Ham, 58 F.3d 78 | 135H+96 | Similarly, if a defendant has an opportunity to object to the trial court's dismissal of the jury before it decides a discrete portion of the case, but fails to do so, the defendant impliedly consents to the jury's dismissal and cannot raise a double jeopardy defense to further prosecution before a second jury. The record in this case shows that, after the clerk read the verdict and the defendants polled the jury, the district judge thanked the members of the jury for their time and effort, apologized for their inconvenience, and wished them a Happy Easter. With these short remarks, the district judge was clearly dismissing the jury. Swami's counsel could have interrupted the judge before he discharged the jury and reminded him that the jury had not completed the forfeiture phase of the trial. If Swami had wanted the original jury to decide the Rule 31(e) forfeiture issue, he should have informed the court of this desire before it dismissed the jury. | If defendant has opportunity to object to trial court's dismissal of the jury before it decides discrete portion of the case, but fails to do so, defendant impliedly consents to jury's dismissal and cannot raise a double jeopardy defense to further prosecution before a second jury. U.S.C.A. Const.Amend. 5. | Can defendants not raise a double jeopardy defense to further prosecution before a second jury? | 015258.docx | LEGALEASE-00163137-LEGALEASE-00163138 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 4302 | United States v. Standefer, 948 F.2d 426 | 135H+96 | Absent prosecutorial misconduct, when a mistrial is declared at the request of a criminal defendant, the Double Jeopardy Clause does not bar a second prosecution. See United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). Double jeopardy principles are implicated, however, when the defendant mistrial motion results from prosecutorial misconduct. | Absent prosecutorial misconduct, when mistrial is declared at request of criminal defendant, double jeopardy clause does not bar second prosecution; however, double jeopardy principles are implicated when defendant's mistrial motion results from prosecutorial misconduct. U.S.C.A. Const.Amend. 5. | "Absent prosecutorial misconduct, when mistrial is declared at a request of a criminal defendant, does a double jeopardy clause not bar a second prosecution?" | 015348.docx | LEGALEASE-00163342-LEGALEASE-00163343 | SA, Sub | 0.2 | 0 | 0 | 1 | 1 | |
| 4303 | U. S. ex rel. Russo v. Superior Court of New Jersey, Law Div., Passaic Cty., 483 F.2d 7 | 135H+95.1 | In reviewing a trial court's declaration of a mistrial, then, we must at least look at the possibility of manipulation inherent in the procedure complained of, the alternatives available to the trial judge at the time, and the presence "of some important countervailing interest of proper judicial administration." Illinois v. Somerville, supra, 410 U.S. at 468, 93 S.Ct. at 1074. And it must be emphasized that even in cases where there is no possibility of manipulation or prejudice to a defendant beyond that of undergoing another trial, the double jeopardy clause will bar reprosecution unless there is an "important countervailing interest of proper judicial administration." Illinois v. Somerville, supra. (Emphasis added).9 | Factors to be considered in determining whether declaration of mistrial precludes subsequent prosecution include possibility of manipulation inherent in procedure complained of, alternatives available at time of declaration of mistrial and presence of important countervailing interest of proper judicial administration; even where there is no possibility of manipulation or prejudice beyond that of undergoing another trial, the double jeopardy clause will bar reprosecution unless there is an important countervailing interest of proper judicial administration. U.S.C.A.Const. Amend. 5. | "In reviewing a trial court's declaration of mistrial, should a court look at a possibility of manipulation inherent in a procedure complained of?" | 015549.docx | LEGALEASE-00163733-LEGALEASE-00163734 | SA, Sub | 0.19 | 0 | 0 | 1 | 1 | |
| 4304 | Stroll v. Long Island Jewish Med. Ctr., 151 A.D.3d 789 | 307A+697 | In order to vacate the dismissal, the plaintiff was required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action(see CPLR 3216[e]; Duranti v. Dream Works Constr., Inc., 139 A.D.3d at 1000"1001, 33 N.Y.S.3d 325; Bender v. Autism Speaks, Inc., 139 A.D.3d 989, 990, 32 N.Y.S.3d 312). The plaintiff, however, made neither of these showings. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of her motion which was, in effect, to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the action to the active calendar | In order to vacate dismissal for failure to prosecute, a plaintiff is required to demonstrate a justifiable excuse for her default, as well as the existence of a potentially meritorious cause of action. McKinney's CPLR 3216(e). | In order to vacate a dismissal for failure to prosecute is a plaintiff required to demonstrate a justifiable excuse for her default? | 040686.docx | LEGALEASE-00163080-LEGALEASE-00163081 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4305 | Stromberg Carlson Leasing Corp. v. Cent. Welding Supply Co., 750 S.W.2d 862 | 307A+697 | The trial court denied appellant's motion to reinstate on June 4, 1987. A motion for reinstatement essentially provides an opportunity for the dismissed plaintiff to explain his failure to prosecute with due diligence and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. Tex.R.Civ.P. 165a establishes specific requirements and timetables governing motions to reinstate and the reinstatement procedure. | Motion for reinstatement essentially provides opportunity for dismissed plaintiff to explain failure to prosecute with due diligence and to request court to reconsider decision to dismiss. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a motion for reinstatement essentially provide an opportunity for a dismissed plaintiff to explain failure to prosecute with due diligence? | Pretrial Procedure - Memo 11988 - C - SHB_66697.docx | ROSS-003279334-ROSS-003279335 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 4306 | Brim Laundry Mach. Co. v. Washex Mach. Corp., 854 S.W.2d 297 | 30+3206 | Finally, we overrule Brim's sixth point of error that the trial court abused its discretion when it dismissed the case for want of prosecution. A trial court may dismiss a case for want of prosecution under its inherent power to control its docket, subject to an abuse of discretion review. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85, 87 (1957); Johnson v. J.W. Const. Co., 717 S.W.2d 464, 465 (Tex.App."Fort Worth 1986, no writ). Brim argues the trial court abused its discretion, relying on Rorie v. Avenue Shipping Co., 414 S.W.2d 948 (Tex.Civ.App."Houston 1967, writ ref'd n.r.e.) (opinion on reh'g) and William T. Jarvis Co. Inc. v. Wes-tex Grain Co. Inc., 548 S.W.2d 775 (Tex.Civ.App."Waco 1977, writ ref'd n.r.e.). | Trial court may dismiss case for want of prosecution under its inherent power to control its docket, subject to abuse of discretion review. | "Can courts dismiss case for want of prosecution under its inherent power to control its docket, subject to abuse of discretion review?" | Pretrial Procedure - Memo 12150 - C - VP_66727.docx | ROSS-003283591-ROSS-003283592 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4307 | Ashby & Geddes, P.A. v. Brandt, 806 F. Supp. 2d 752 | 13+27(1) | "[A] client who sues his attorney for breach of contract "must allege that an attorney breached a contract term or failed to follow a specific instruction of the client." " Edelstein v. Goldstein, Civ. No. 09C"05"034, 2011 WL 721490, at (Del.Super. Mar. 1, 2011) (citations omitted). However, "Delaware courts have recognized that, in the context of legal malpractice, a claimant cannot assert both negligence and breach of contract claims based on the same conduct because tort claims and breach of contract claims are not alternative theories of recovery for the same acts." Id. at. | Under Delaware law, in the context of legal malpractice, a claimant cannot assert both negligence and breach of contract claims based on the same conduct because tort claims and breach of contract claims are not alternative theories of recovery for the same acts. | "In the context of legal malpractice, can a claimant assert both negligence and breach of contract claims based on the same conduct?" | Action - Memo 942 - C _1rx9j_fS-lLooWzRlxdRWCKOy8znYBWWc.docx | ROSS-000000020 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 4308 | Whiteside v. Teltech Corp., 940 F.2d 99 | 25T+186 | Although not articulated specifically, the district court's reluctance to proceed with the second federal case appears also to have been attributable to a notion of abstention in favor of permitting the state, where the dispute on the merits was pending, to resolve the issue of arbitrability. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We have already held, however, that absent exceptional circumstances, a federal district court has "no right to stay the federal proceedings" brought under the FAA even though a similar action between the parties was pending in the state court. In re Mercury Constr. Corp., 656 F.2d 933, 946 (4th Cir.) (en banc), reh. den., 664 F.2d 936 (1981), aff'd sub nom. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).In its affirming decision, the Supreme Court pointed out the first principle of abstention: "Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." " Moses Cone Hosp., 460 U.S. at 14, 103 S.Ct. at 936 (quoting Colorado River, 424 U.S. at 813, 96 S.Ct. at 1244 (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188"89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959))). | Under Federal Arbitration Act, federal district court had no right to stay federal proceedings brought under Act even if similar action between parties was pending in state court; district court had to proceed with suit to compel arbitration of employment dispute even though dispute sought to be arbitrated was subject of pending state case. 9 U.S.C.A. S 1 et seq. | Does a federal district court have the right to stay the federal proceedings brought under the Federal Arbitration Act (FAA) when a similar action between the parties was pending in the state court? | 008117.docx | LEGALEASE-00165043-LEGALEASE-00165044 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 4309 | Rosen v. Cascade Int'l, 21 F.3d 1520 | 108H+22 | It is axiomatic that equitable relief is only available where there is no adequate remedy at law; cases in which the remedy sought is the recovery of money damages do not fall within the jurisdiction of equity. Based upon this fundamental principle of equity jurisprudence, we have explained, " "the general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." " Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1521 (11th Cir.1994) (quoting In re Fredeman Litig., 843 F.2d 821, 824 (5th Cir.1988)); accord Home"Stake Prod. Co. v. Talon Petroleum, C.A., 907 F.2d 1012, 1021 (10th Cir.1990). | General federal rule of equity is that court may not reach defendant's assets unrelated to underlying litigation and freeze them so that they may be preserved to satisfy potential money judgment. | Can a court reach the defendants assets unrelated to the underlying litigation and freeze them to satisfy a potential money judgement? | Creditors' Remedies - Memo 26 - RK_67495.docx | ROSS-003284427-ROSS-003284428 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 4310 | Chaara v. Intel Corp., 410 F. Supp. 2d 1080 | 135+2 | Domicile is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted. Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another. For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. | "Domicile" is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another, and for adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. | "For adults, is domicile established by a physical presence in a place in connection with a certain state of mind concerning one's intent to remain there?" | 014579.docx | LEGALEASE-00164222-LEGALEASE-00164223 | Condensed, SA | 0.37 | 0 | 1 | 0 | 1 | |
| 4311 | Bartley v. State, 692 S.W.2d 540 | 135H+95.1 | Under Article 36.33, a cause may be retried when a jury is discharged without rendering a verdict. Tex.Code Crim.Pro.Ann. art. 36.33 (Vernon 1981). The case reverts to its posture before the first trial. Durrough v. State, 620 S.W.2d 134 (Tex.Crim.App.1981). Any error relating to the denial of the instructed verdict was nullified by the declaration of a mistrial. Double jeopardy is not present in this case and the reindictment is proper. | A cause may be retried when a jury is discharged without rendering a verdict and case reverts to its posture before first trial. Vernon's Ann.Texas C.C.P. art. 36.33. | Can a cause be retried when a jury is discharged without rendering a verdict and case reverts to its posture before a first trial? | 015609.docx | LEGALEASE-00164228-LEGALEASE-00164229 | Condensed, Order, SA | 0.62 | 1 | 1 | 0 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4312 | State v. Rodriguez, 521 S.W.3d 1 | 141E+744 | Under the special needs exception to the search warrant requirement, public school teachers and administrators can search a public school student's locker, desk, person, backpack, or car without a warrant based upon reasonable suspicion rather than probable cause. U.S. Const. Amend. 4. Two circumstances underpin the application of the special needs doctrine to school searches: (1) the substantial interest of teachers and administrators in maintaining discipline in the classroom and on school grounds; and (2) the fact that the students who are being searched, or whose property is being searched, are usually unemancipated minors required by compulsory attendance laws to attend classes. | Under the special needs exception to the search warrant requirement, public school teachers and administrators can search a public school student's locker, desk, person, backpack, or car without a warrant based upon reasonable suspicion rather than probable cause. U.S. Const. Amend. 4. | When is a school official justified to search of a student's backpack? | 017316.docx | LEGALEASE-00164360-LEGALEASE-00164361 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 4313 | German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537 | 233+531 | Under traditional common-law doctrines, a lease was not regarded as a set of mutually dependent promises effecting a contract for sale. Instead it was understood to be a conveyance of an estate for a set term; thus, it was subject to the unique dictates of property law. See Powell on Real Property " 16.02[1] at 16"8. (Karen Anderson, rev. 1994); Samuel Williston, A Treatise on the Law of Contracts " 890 at 587"88 (Walter H.E. Jaeger, ed., 3d ed., 1962); see also Park West Management Corp., 418 N.Y.S.2d at 313, 391 N.E.2d at 1291. "Consequently, the duty imposed upon the lessor was satisfied when the legal right of possession was delivered to the lessee." Park West Management Corp., 418 N.Y.S.2d at 313, 391 N.E.2d at 1291. However, the modern trend has been to analogize leases to contracts, so that "[a] residential lease is now effectively deemed a sale of shelter and services by the landlord...." Id. at 315, 391 N.E.2d at 1293 (emphasis added). Nevertheless, the cases establishing the lease-as-contract analogy, as well as the statutes codifying this recharacterization, do not hint of any purpose or intention to extend the doctrine of strict products liability to landlords with regard to traditional torts. See Curry, 430 N.Y.S.2d at 307. Landlords are not insurers of their tenants' safety. In this regard, the law in New York is well established: "To hold a landlord liable for a defective condition upon the premises, a plaintiff must show that the landlord had either actual or constructive notice of the condition for a sufficient period of time to have corrected it." DeMarco v. Bansal, 826 F.Supp. 785, 787 (S.D.N.Y.1993) (summaryjudgment for landlord granted where tenant-child was injured by unsecured bird bath); Appleby v. Webb, 186 A.D.2d 1078, 588 N.Y.S.2d 228 (4th Dept.1992). | Under traditional common-law doctrines, lease was not regarded as set of mutually dependent promises effecting contract for sale but, rather, was understood to be conveyance of estate for set term and was subject to unique dictates of property law. | Were leases understood to be a conveyance of an estate according to traditional common law doctrines? | 021022.docx | LEGALEASE-00164961-LEGALEASE-00164962 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 4314 | Ex parte Fierro, 79 S.W.3d 54 | 135H+99 | Appellant objected to a subsequent re-trial because such would violate his rights not to be placed in jeopardy twice for the same offense. As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a re-trial if the jury is discharged without reaching a verdict. Brown v. State, 907 S.W.2d 835, 839 (Tex.Crim.App.1995). An exception to this rule exists when the defendant consents to a re-trial or a mistrial is mandated by "manifest necessity."Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a re-trial if the jury is discharged without reaching a verdict; however, exception to this rule exists when the defendant consents to a re-trial or a mistrial is mandated by manifest necessity. U.S.C.A. Const.Amend. 5. | Does an exception to the double jeopardy rule apply when the defendant agrees to a retrial? | 041024.docx | LEGALEASE-00164337-LEGALEASE-00164338 | Condensed, SA, Sub | 0.41 | 0 | 1 | 1 | 1 | 1 |
| 4315 | State v. Blackshere, 344 S.W.3d 400 | 135H+59 | A defendant's double-jeopardy protections are found in the Fifth Amendment to the United States Constitution, which provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." The "controlling constitutional principle [of the Double Jeopardy Clause] focuses on prohibitions against multiple trials." Two conditions are therefore necessary to implicate double jeopardy in the context of a State's appeal: (1) jeopardy must have "attached," as when a jury is empaneled and sworn in a jury trial, and (2) the State's appeal must threaten the defendant with an impermissible successive trial. | Two conditions are necessary to implicate double jeopardy in the context of a State's appeal: (1) jeopardy must have attached, as when a jury is empaneled and sworn in a jury trial, and (2) the State's appeal must threaten the defendant with an impermissible successive trial. U.S.C.A. Const.Amend. 5. | What are the two conditions necessary to implicate double jeopardy in the context of a state's appeal? | Double Jeopardy - Memo 1029 - C - KG_67744.docx | ROSS-003280876-ROSS-003280877 | SA, Sub | 0.53 | 0 | 0 | 1 | 1 | |
| 4316 | Perez v. State, 266 Ga. App. 82 | 110+867.4 | Jeopardy attaches once a jury is impaneled and sworn, and a defendant has a valuable right under the Double Jeopardy Clause to be tried by the original impaneled jury. Pleas v. State, 268 Ga. 889, 890, 495 S.E.2d 4 (1998); Tubbs v. State, 276 Ga. 751, 754, 583 S.E.2d 853 (2003). A manifest necessity exists when the defendant's right to have the trial completed must be subordinated to the public interest in affording the prosecutor a fair opportunity to present evidence to an impartial jury, and "the ends of substantial justice cannot be attained without discontinuing the trial." (Citation and punctuation omitted.) Tubbs v. State, 276 Ga. at 754, 583 S.E.2d 853; Laster v. State, 268 Ga. 172, 173, 486 S.E.2d 153 (1997). The trial court's decision that there was a manifest necessity to grant a mistrial is entitled to great deference. Tubbs v. State, 276 Ga. at 754, 583 S.E.2d 853. | A manifest necessity for declaring a mistrial exists when the defendant's right to have the trial completed with the same empaneled jury must be subordinated to the public interest in affording the State a fair opportunity to present evidence to an impartial jury, and the ends of substantial justice cannot be attained without discontinuing the trial. | Does the defendant have a right to be tried by the original impaneled jury? | Double Jeopardy - Memo 1037 - C - KI_67859.docx | ROSS-003294499-ROSS-003294500 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4317 | United States v. Ahrensfield, 698 F.3d 1310 | 135H+1 | We review the district court's ultimate determination regarding double jeopardy de novo. United States v. Rodriguez"Aguirre, 73 F.3d 1023, 1025 (10th Cir.1996). The Double Jeopardy Clause "embodies two vitally important interests." Yeager v. United States, 557 U.S. 110, 117, 129 S.Ct. 2360, 174 L.Ed.2d 78 (2009). The first is the principle that the state is not permitted to make repeated attempts to convict an individual for the same offense. Id. at 117"18, 129 S.Ct. 2360. "The second interest is the preservation of the finality of judgments." Id. at 118, 129 S.Ct. 2360 (internal quotation marks omitted). Defendant argues the second principle precluded the government from introducing evidence he allegedly made false statements to the FBI because he had been acquitted of that charge in the first trial. | Double Jeopardy Clause embodies two vitally important interests, i.e., the principle that state is not permitted to make repeated attempts to convict individual for same offense and interest in preserving finality of judgments. U.S.C.A. Const.Amend. 5. | What is the two vitally important interests double jeopardy clause embodies? | 016105.docx | LEGALEASE-00165853-LEGALEASE-00165854 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4318 | People v. Wiley, 389 N.E.2d 1283 | 135H+100.1 | A new trial is prohibited even if the acquittal was contrary to the evidence, for questions regarding the merits of an acquittal are not germane to a double jeopardy claim. In Fong Foo v. United States (1962), 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629, the Supreme Court held that an acquittal ordered as a result of judicial error after jeopardy attached, was not reversible so as to justify a new trial. The court stated that "(t)he Court of Appeals thought, not without reason, that the acquittal was based upon an egregiously erroneous foundation. Nevertheless, "(t)he verdict of acquittal was final, and could not be reviewed without putting (the petitioners) twice in jeopardy, and thereby violating the Constitution." (Citation.)" Fong Foo, at 143, 82 S.Ct. at 672. | New trial is prohibited even if acquittal was contrary to evidence, questions regarding merits of acquittal being not germane to double jeopardy claim. U.S.C.A.Const. Amend. 5; S.H.A. ch. 38, S 115-4(k). | "Is a new trial prohibited even if acquittal was contrary to evidence, questions regarding merits of acquittal being not germane to double jeopardy claim?" | Double Jeopardy - Memo 822 - C - DHA_67939.docx | ROSS-003291957-ROSS-003291958 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 4319 | Cash v. State, 108 Ga. App. 656 | 135H+100.1 | "Where a verdict in a criminal case is in legal effect an acquittal, the accused cannot be again tried for the same offense, even though a new trial be granted upon his own motion." Ezzard v. State, 11 Ga.App. 30(2), 74 S.E. 551. Such case distinguished cases exemplified by Williams v. State, 121 Ga. 579, 49 S.E. 689. | Where verdict is in legal effect an acquittal, accused cannot be again tried for same offense even though a new trial be granted upon his motion. | "Where a verdict is in legal effect an acquittal, can an accused be tried again for the same offense even though a new trial be granted upon his motion?" | Double Jeopardy - Memo 832 - C - NC_67948.docx | ROSS-003281905-ROSS-003281906 | SA, Sub | 0.55 | 0 | 0 | 1 | 1 | |
| 4320 | Phillips v. Ct. of Com. Pleas, Hamilton County, Ohio, 668 F.3d 804 | 135H+6 | Stated otherwise, the clause "affords a criminal defendant a "valued right to have his trial completed by a particular tribunal." "5 Id. at 672"73, 102 S.Ct. 2083 (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)). That right, however, is not absolute, and the Clause does not guarantee that the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial.Id. at 673, 102 S.Ct. 2083. For example, where a trial is terminated at the defendant's urging, the Double Jeopardy Clause does not bar a retrial. Id. at 673, 102 S.Ct. 2083. | While the Fifth Amendment's Double Jeopardy Clause protects a criminal defendant from repeated prosecutions for the same offense, thus affording a defendant a valued right to have his trial completed by a particular tribunal, that right is not absolute, and the Clause does not guarantee that the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause guarantee the state's interest in enforcing the criminal laws against a defendant will be vindicated in a single trial? | Double Jeopardy - Memo 884 - C - TJ_67673.docx | ROSS-003281233-ROSS-003281234 | Condensed, SA, Sub | 0.29 | 0 | 1 | 1 | 1 | 1 |
| 4321 | State v. Brunson, 327 N.C. 244 | 360+4.1(2) | "Two bases exist in North Carolina for the defense of former jeopardy: the state Constitution and the federal Constitution." State v. Brunson, 327 N.C. 244, 247, 393 S.E.2d 860, 863 (1990), aff'g, State v. Brunson, 96 N.C.App. 347, 351, 385 S.E.2d 542, 544 (1989). While "[t]he North Carolina Constitution does not specifically recognize former jeopardy as a defense, [our Supreme] Court has interpreted the language of the law of the land clause of our state Constitution as guaranteeing the common law doctrine of former jeopardy." Id. Further, "[i]t is well settled that a state cannot establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy." Id. | Although State cannot establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy, State is free to establish laws, rules, or procedures which preserve a defendant's Fifth Amendment rights and provide even greater protection than the Federal Constitution mandates. U.S.C.A. Const.Amend. 5; Const. Art. 1, S 19. | "Can a state establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy?" | 016507.docx | LEGALEASE-00165325-LEGALEASE-00165326 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 4322 | Ass'n of Private Colleges & Universities v. Duncan, 870 F. Supp. 2d 133 | 141E+1240 | To be eligible to accept federal funds under Title IV of the Higher Education Act, some institutions of higher education must "prepare students for gainful employment in a recognized occupation." 20 U.S.C. "" 1001(b)(1), 1002(b)(1)(A)(i), (c)(1)(A). Last year, the Department of Education (the "Department") published a rule that tests compliance with the gainful employment requirement by examining the debt, earnings, and debt repayment of a program's former students. The Association of Private Colleges and Universities (the "Association") has brought suit against the Department and its Secretary to challenge those debt measures and two other related rules. Because one of the debt measures lacks a reasoned basis, that regulation will be vacated as arbitrary and capricious. Because the majority of the related rules cannot stand without the debt measures, they will be vacated as well. | For purposes of determining whether Department of Education (DOE) regulation had adopted reasonable interpretation of ambiguous statutory command that Department of Education (DOE) Department provide Title IV funding only to schools that prepared students for "gainful employment in a recognized occupation," DOE had not impermissibly transformed requirement that institutions provide eligible program of training into evaluation of each offered program; program-by-program evaluation of sort that DOE had established in its gainful employment regulations was not foreclosed by statutory formula that institution became eligible by providing eligible program of training, debt measure rule acknowledged that institutions subject to requirement had to offer at least one eligible program in order for institution to be eligible, DOE could reasonably conclude that Title IV funds could only be used to pursue studies in eligible program, and to read statute otherwise would allow institution to receive federal funding for many ineligible programs simply because institution also offered at least one eligible program. Higher Education Act of 1965, SS 101(b)(1), 102(b)(1)(A)(i), (c)(1)(A), 481(b)(1)(A)(i), 20 U.S.C.A. SS 1001(b)(1), 1002(b)(1)(A)(i), (c)(1)(A), 1088(b)(1)(A)(i); 34 C.F.R. S 668.7(a)(1). | "To be eligible to accept federal funds under Title IV of the Higher Education Act, should the institutions of higher education prepare students for gainful employment in a recognized occupation?" | 017157.docx | LEGALEASE-00166070-LEGALEASE-00166071 | Condensed, SA, Sub | 0.32 | 0 | 1 | 1 | 1 | 1 |
| 4323 | Johnson v. GMAC Mortg. Corp., 162 S.W.3d 110 | 307A+695 | By filing an amended pleading, a plaintiff generally abandons his former pleadings and those pleadings may not be considered for any purpose afterward. Beckmann v. Miceli Homes, Inc., 45 S.W.3d 533, 543 (Mo.App. E.D.2001); see also Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596, 597 (1953) (where trial court dismisses some but not all claims in pleading, appeals court cannot consider issues arising from that pleading because they were abandoned by amended pleading and are not appropriately before the court). This rule is valid "when the original pleading and the amended pleading are addressed to the same defendant or arise from a dismissal with leave to amend." R.C. v. Southwestern Bell Tel. Co., 759 S.W.2d 617, 619 (Mo.App. E.D.1988). When a court dismisses a petition with leave to amend, the plaintiff has a choice between standing on the original petition and appealing the dismissal or making the amendment and proceeding to trial on the amended petition. Id. Because the plaintiff in this situation has a choice between appealing or amending, "[i]t is reasonable that the pleading a plaintiff elects to go to trial on is the one that forms the basis for appeal." | Rule that a plaintiff abandons his former pleadings by filing an amended pleading is valid when the original pleading and the amended pleading are addressed to the same defendant or arise from a dismissal with leave to amend. | Is the rule that a plaintiff abandons his former pleadings by filing an amended pleading valid when the original pleading and the amended pleading are addressed to the same defendant or arise from a dismissal with leave to amend? | 040830.docx | LEGALEASE-00166078-LEGALEASE-00166079 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 4324 | Gen. Elec. Capital Corp. v. FPL Serv. Corp., 986 F. Supp. 2d 1029 | 349A+10 | "[T]o determine whether the lease agreement is properly considered a finance lease or a secured transaction, we must first consider whether the agreement retained or created a security interest." Id. at 74 (citing C & J Vantage Leasing Co. v. Outlook Farm Golf Club, LLC, 784 N.W.2d 753, 757 (Iowa 2010)). "If so, the agreement cannot qualify as a lease or a finance lease because an agreement retaining or creating a security interest is specifically excluded from the definition of a lease." Id. (citing Iowa Code " 554.13103(1)(j)). Iowa Code " 554.1203 governs whether a contract in the form of a lease actually creates a lease or a security interest. | Under Iowa law, to determine whether a lease agreement is properly considered a finance lease or a secured transaction, the court must first consider whether the agreement retained or created a security interest. | "To determine whether a lease agreement is properly considered a finance lease or a secured transaction, should the court first consider whether the agreement retained or created a security interest?" | Secured Transactions - Memo 17 - C - VA_67960.docx | ROSS-003280801-ROSS-003280802 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4325 | In re APB Online, 259 B.R. 812 | 349A+10 | Whether the transaction involves a lease or disguised sale under Connecticut law depends on the intention of the parties as determined by the facts of each case. Granite Equip. Leasing Corp. v. Acme Pump Co., 335 A.2d 294, 296 (Conn.1973); see Tishman Equip. Leasing, Inc. v. Levin, 152 Conn. 23, 202 A.2d 504, 507 (1964) (discussing pre-UCC law). The Court must look beyond the form to the substance of the agreement, id.; Tennant Co. v. Martin's Landscaping, Inc., 40 Conn.Supp. 475, 515 A.2d 665, 667 (1986), and may consider the surrounding negotiations. General Elec. Capital Corp. v. Palutsis, No. 94"C"3782, 1995 WL 263459 (N.D.Ill. May 2, 1995)(applying Connecticut law); Tishman Equip. Leasing, Inc. v. Levin, 202 A.2d at 507; Delta Leasing Servs. Corp. v. Gentile, No. CV"88"0097669, 1994 WL 76851 (Conn.Super.Ct. Mar. 1, 1994); Oxford Resources Corp. v. Burdo Painting, Inc., No. CV"91"280005, 1992 WL 204691 (Conn.Super.Ct. Aug. 19, 1992); see In re Leasing Consultants, Inc., 486 F.2d 367, 373 (2d Cir.1973)(in determining whether a transaction involves a "true lease" or a disguised security interest, the court may consider factors outside the lease as well as the contents of the lease). | Under Connecticut law, whether transaction qualifies as true "lease," or as disguised sale with security agreement, depends upon intention of parties, as determined by facts of case. | "Under Connecticut law, does whether a transaction qualifies as a true ""lease,"" or as disguised sale with security agreement, depend upon intention of parties?" | 042818.docx | LEGALEASE-00166034-LEGALEASE-00166035 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 4326 | Jones v. Sussex I State Prison, 591 F.3d 707 | 135H+132.1 | When the government convicts a defendant for two crimes based on identical conduct, the Fifth Amendment requires that the sentencing court "determine whether the legislature ... intended that each violation be a separate offense." Garrett v. United States, 471 U.S. 773, 778, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). If the legislature did intend each violation to be a separate offense, then the Double Jeopardy Clause provides no protection against multiple punishments. But if the legislature did not intend to punish the same conduct twice, the Double Jeopardy Clause bars two or more punishments for the same offense, and thus "prevent[s] the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). | If the legislature did not intend to punish the same conduct twice, the Double Jeopardy Clause bars two or more punishments for the same offense, and thus prevents the sentencing court from prescribing greater punishment than the legislature intended. U.S.C.A. Const.Amend. 5. | Does the double jeopardy clause bar courts from prescribing greater punishment than the legislature intended to impose for a single offense? | 014905.docx | LEGALEASE-00166218-LEGALEASE-00166219 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4327 | Monge v. California, 524 U.S. 721 | 135H+1 | The Double Jeopardy Clause "does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." DiFrancesco, 449 U.S., at 137, 101 S.Ct., at 437. Consequently, it is a "well-established part of our constitutional jurisprudence" that the guarantee against double jeopardy neither prevents the prosecution from seeking review of a sentence nor restricts the length of a sentence imposed upon retrial after a defendant's successful appeal. See id., at 135, 101 S.Ct., at 436; Pearce, supra, at 720, 89 S.Ct., at 2078; see also Stroud v. United States, 251 U.S. 15, 18, 40 S.Ct. 50, 51, 64 L.Ed. 103 (1919) (despite a harsher sentence on retrial, the defendant was not "placed in second jeopardy within the meaning of the Constitution"). | The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be. U.S.C.A. Const.Amend. 5. | Does the Double Jeopardy Clause provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be? | Double Jeopardy - Memo 644 - C - PC_68421.docx | ROSS-003281552-ROSS-003281554 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4328 | Gen. Sec. Servs. Corp. v. Cty. of Fresno, 815 F. Supp. 2d 1123 | 13+27(1) | Thus, "with the exception of bad faith insurance cases, a breach of the covenant of good faith and fair dealing permits a recovery solely in contract." Spinks, 171 Cal.App.4th at 1054, 90 Cal.Rptr.3d 453; Fairchild v. Park, 90 Cal.App.4th 919, 927, 109 Cal.Rptr.2d 442 (2001); see also 20th Century Ins. Co. v. Superior Court, 90 Cal.App.4th 1247, 1266, 109 Cal.Rptr.2d 611 (2001). | Under California law, with the exception of bad faith insurance cases, a breach of the covenant of good faith and fair dealing permits a recovery solely in contract. | "With the exception of bad faith insurance cases, does a breach of the covenant of good faith and fair dealing permit a recovery solely in contract?" | Action - Memo 939 - C _13TZDH301wrSpC1iG0LsKQkTtgVhdXmxC.docx | ROSS-000000017 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 4329 | Towers Tenant Ass'n v. Towers Ltd. P'ship, 563 F. Supp. 566 | 13+27(1) | The omission to perform a contractual obligation does not ordinarily create a cause of action in tort as between the contracting parties. Wolfe v. Continental Casualty, 647 F.2d 705, 710 (6th Cir.1981) (applying Ohio law). Rather, an action for breach of contract is the recognized and appropriate avenue of relief. Id. Moreover, "[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." | Omission to perform contractual obligation does not ordinarily create cause of action in tort as between contracting parties; rather, action for breach of contract is recognized and appropriate avenue for relief. | Does omission to perform a contractual obligation not ordinarily create a cause of action in tort as between the contracting parties? | Action - Memo 941 - C _1fluXQAepW0CRuQJLAJbK81E7SRSbgTQt.docx | ROSS-000000019 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4330 | Natex Corp. v. Paris Indep. Sch. Dist., 326 S.W.3d 728 | 272+1506 | To distinguish between tort and contract claims, we consider the source of the duty owed and the nature of the remedy sought. Parker County, 2009 WL 3938051, (citing Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 45 (Tex.1998)). If PISD's causes of action in the original petition arose only from a violation of a duty imposed by law, the cause of action sounds in tort. Id. If the causes of action arose from a duty imposed by a contract, the cause of action is for breach of contract. Id. A contractual relationship between the parties may create duties under both contract and tort law, and "[t]he acts of a party may breach duties in tort or contract alone or simultaneously in both." Id. The nature of the remedy is instructive on the issue. Id. "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." Id. | To distinguish between tort and contract claims, for purposes of determining whether plaintiff bringing an action against a licensed professional is required to file a certificate of merit, a contractual relationship between the parties may create duties under both contract and tort law, and the acts of a party may breach duties in tort or contract alone or simultaneously in both; the nature of the remedy is instructive on the issue. V.T.C.A., Civil Practice & Remedies Code S 150.002(a) (2009). | "To distinguish between tort and contract claims, can a contractual relationship between the parties create duties under both contract and tort law?" | Action - Memo 956 - C _14ixf8cpq_rhs6pX0Iz34cllGxJcItqUv.docx | ROSS-000000039-ROSS-000000040 | Condensed, SA, Sub | 0.46 | 0 | 1 | 1 | 1 | 1 |
| 4331 | In re Fed.-Mogul Glob., 526 B.R. 567 | 13+27(1) | Next, the Bankruptcy Court dismissed Appellant's claim for "tort" because of the lack of specificity in the claim. See In Re Federal"Mogul Global, Inc., 438 B.R. at 788. On appeal, Appellant is more specific, alleging that it has a claim against FMP for the tort of conversion or waste, for misusing assets of an implied trust, or for destruction of a shared asset. However, this specificity is nowhere to be found in Appellant's amended claims. The Bankruptcy Court appropriately dismissed the generalized tort claim, and Appellant is foreclosed from bringing claims here that were not originally pled. Further, when a claim in tort arises out of the same facts that amount to a breach of contract, the claim must be brought in contract, rather than in tort. Kuroda v. SPJS Holdings, 971 A.2d 872, 890 (Del.Ch.2009) (citing Data Management Int'l, Inc. v. Saraga, No. 05C05"108, 2007 WL 2142848 (Sup.Ct.Del. Jul. 25, 2007)). To bring a tort claim along with a contract claim, the tortfeasor must have violated an independent legal duty apart from that imposed by contract. Id. Appellant has not made such a showing here. | In order for plaintiff to bring a tort claim along with a contract claim, alleged tortfeasor must have violated some independent legal duty apart from that imposed by contract. | "In order for plaintiff to bring a tort claim along with a contract claim, should an alleged tortfeasor have violated some independent legal duty apart from that imposed by contract?" | Action - Memo 970 - C _1OGPnb6ov7edZNediBHg8cn-nRK8M0sg8.docx | ROSS-000000065-ROSS-000000066 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4332 | U.S. v. Jackson, 904 F. Supp. 118 | 63+14 | The defendants next attack the instruction numbered 24 which explains that a defendant does not commit bribery unless the gift or favor is made with the intent to influence official action in exchange for it. The defendants say the instruction is not a proper statement of the law and does not specify the particular quid pro quo element alleged in the indictment of three referrals per month for $3,000 per month. The defendants cite no authority for their arguments. | Jury instruction explaining that defendant does not commit bribery unless gift or favor is made with intent to influence official action in exchange for it adequately covered issues raised at trial and accurately stated law, despite claim that instruction should have specified particular quid pro quo element alleged in indictment, which asserted that administrator and marketing representative of psychiatric hospital had paid employee assistance counselor with Postal Service $3,000 per month for referral of three patients per month to psychiatric hospital. | Is bribery jury instruction misleading by explaining that a defendant does not commit bribery unless a gift or favor is made with intent to influence official action? | Bribery - Memo 1134 - C - AV.docx | LEGALEASE-00056196-LEGALEASE-00056197 | Condensed, SA, Sub | 0.16 | 0 | 1 | 1 | 1 | 1 |
| 4333 | In re Marriage of Ham, 59 S.W.3d 326 | 307A+695 | Even if the judgment granting the motion to dismiss was a judgment dismissing the Bill of Review for defective pleadings, mistakenly named a summary judgment, there was no motion to dismiss filed. A motion to dismiss is also not the appropriate method to raise defects in the pleadings, as such defects should be raised by special exception. A judgment dismissing the action is not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend and either stands by the original pleadings or submits defective amended pleadings. Farias v. Besteiro, 453 S.W.2d 314, 317 (Tex.Civ.App."Corpus Christi 1970, writ ref'd n.r.e.). | Judgment dismissing the action is not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend and either stands by the original pleadings or submits defective amended pleadings. | Is judgment dismissing the action not the proper remedy for defective pleadings unless the party with the defective pleadings is given the opportunity to amend? | Pretrial Procedure - Memo 12052 - C - KG_68728.docx | ROSS-003306901-ROSS-003306902 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 4334 | S.C. Rentals v. Arthur, 187 B.R. 502 | 349A+10 | The South Carolina Consumer Protection Code was patterned after the federal truth-in-lending laws and was meant to require disclosure in consumer rental-purchase agreements. Thus, "the determination of whether a consumer rental-purchase is a security agreement or a true lease should be made according to the factors set forth in S.C Code Ann. 36"1"201"(37) ... and existing case law." Id. at 9. See also, In re Burton, 128 B.R. 807, 810"811 (Bankr.N.D.Ala.), aff'd, 128 B.R. 820 (N.D.Ala.1989) (holding that similar Alabama Rental"Purchase Agreement Act did not repeal section 1"201(37) of the Alabama Uniform Commercial Code). | Determination of whether consumer rental-purchase is security agreement or true lease should be made according to factors set forth in South Carolina Uniform Commercial Code (UCC) and existing case law. S.C.Code 1976, S 36-1-201(37). | Should the determination of whether a consumer rental-purchase is a security agreement or true lease be made according to factors? | 042688.docx | LEGALEASE-00167077-LEGALEASE-00167078 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 4335 | In re Durham, 260 B.R. 383 | 349A+10 | In reaching this conclusion, the Court first notes that the determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law and one which is often dependent upon the peculiar facts of each creditor-debtor relationship. See, e.g. In re Simpson, C/A No. 00"05566"W (Bankr.D.S.C.11/27/2000); In re Smith, 00"06071"W (Bankr.D.S.C.11/27/2000). In making such a determination, the Court considers several factors including: (1) whether there is an option to pay nominal consideration at the end of the contract term, (2) whether the debtor may terminate the agreement without paying a sum certain, (3) whether the total amount of the payments under the agreement exceeds the value of the vehicle; (4) whether the debtor is obligated to maintain and repair the collateral, (5) whether the creditor is in the business of selling such goods, and (6) whether the title is in the debtor. | Determination of whether a transaction constitutes a true lease or a disguised security agreement is a matter of state law, and often dependent upon the peculiar facts of each creditor-debtor relationship. | Does state law determine whether an agreement constitutes a true lease or security agreement? | Secured Transactions - Memo 147 - C - CK_68473.docx | ROSS-003281367-ROSS-003281368 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4336 | In re APB Online, 259 B.R. 812 | 349A+10 | Whether the transaction involves a lease or disguised sale under Connecticut law depends on the intention of the parties as determined by the facts of each case. Granite Equip. Leasing Corp. v. Acme Pump Co., 335 A.2d 294, 296 (Conn.1973); see Tishman Equip. Leasing, Inc. v. Levin, 152 Conn. 23, 202 A.2d 504, 507 (1964) (discussing pre-UCC law). The Court must look beyond the form to the substance of the agreement, id.; Tennant Co. v. Martin's Landscaping, Inc., 40 Conn.Supp. 475, 515 A.2d 665, 667 (1986), and may consider the surrounding negotiations. General Elec. Capital Corp. v. Palutsis, No. 94"C"3782, 1995 WL 263459 (N.D.Ill. May 2, 1995)(applying Connecticut law); Tishman Equip. Leasing, Inc. v. Levin, 202 A.2d at 507; Delta Leasing Servs. Corp. v. Gentile, No. CV"88"0097669, 1994 WL 7685 (Conn.Super.Ct. Mar. 1, 1994); Oxford Resources Corp. v. Burdo Painting, Inc., No. CV"91"280005, 1992 WL 204691 (Conn.Super.Ct. Aug. 19, 1992); see In re Leasing Consultants, Inc., 486 F.2d 367, 373 (2d Cir.1973)(in determining whether a transaction involves a "true lease" or a disguised security interest, the court may consider factors outside the lease as well as the contents of the lease).] | Under Connecticut law, when deciding whether transaction constitutes true "lease" or disguised sale with security agreement, court must look beyond form to substance of parties' agreement, and may consider parties' surrounding negotiations. | When should a court examine facts and circumstances of a transaction to determine whether a lease is lease or sale with security agreement? | 042890.docx | LEGALEASE-00167111-LEGALEASE-00167112 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4337 | Greater Poughkeepsie Library Dist. v. Town of Poughkeepsie, 81 N.Y.2d 574 | 371+2016 | Such delegation preserves legislative accountability since "the municipalities or political divisions are through the local authorities representatives of the people and participants in the government of the state" (Gautier v. Ditmar, 204 N.Y. at 27, 97 N.E. 464). To prevent local usurpation of the taxing power, such delegation must specify the types of taxes which may be imposed and provide for some type of administrative or judicial review (N.Y. Const., art. XVI, " 1; 1938 Const. Convention, 2 Revised Record, at 747; vol. 3, at 2439"2440). | To prevent local usurpation of taxing power, delegation of such power to legislative bodies of municipalities and quasi-municipal corporations must specify types of taxes which may be imposed and provide for some type of administrative or judicial review. McKinney's Const. Art. 16, S 1. | What should be done to prevent local usurpation of taxing power that is delegated to legislative bodies of municipalities and quasi-municipal corporations? | 046571.docx | LEGALEASE-00166555-LEGALEASE-00166556 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 4338 | Campbell v. Area Vocational Tech. Sch. No. 2, 183 Neb. 318 | 1.41E+38 | "School districts, like municipal corporations, obtain their franchises from the state and are created for public purposes."Eason v. Majors, 111 Neb. 288, 196 N.W. 133, 30 A.L.R. 1419. "The school district in Nebraska is a unit of local self-government,." Schulz v. Dixon County, 134 Neb. 549, 279 N.W. 179, 119 A.L.R. 1294. A school district is a creation of the Legislature. Its purpose is to fulfill the constitutional duty placed upon the Legislature "to encourage schools and the means of instruction" and it is a governmental subdivision to which authority to levy taxes may properly be delegated under the Constitution. | School district is creature of legislature and its purpose is to fulfill constitutional duty placed upon legislature to encourage schools and means of instruction; it is a governmental subdivision to which authority to levy taxes may properly be delegated under state Constitution. R.R.S.1943, SS 79-1445.18, 79-1445.23. | Can a school district have authority to levy taxes delegated to it under state Constitution? | 046614.docx | LEGALEASE-00166703-LEGALEASE-00166704 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4339 | Peters v. Lincoln Elec. Co., 285 F.3d 456 | 21+1 | With respect to Plaintiff's first challenge of the Smolik document, Peters contends that, because the document was not notarized or dated, it is not a valid "affidavit." While an "affidavit" is required to be sworn to by the affiant in front of an "officer authorized to administer oaths," see Black's Law Dictionary 54 (5th ed.1979), 28 U.S.C. " 1746 allows for "unsworn declarations under penalty of perjury" to support any matter that legally requires an affidavit to support it. According to " 1746, the declaration must comport to the following form: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. " 1746(2). | While an affidavit is required to be sworn to by the affiant in front of an officer authorized to administer oaths, a federal statute allows for unsworn declarations under penalty of perjury to support any matter that legally requires an affidavit to support it. 28 U.S.C.A. S 1746. | Can unsworn declarations and statements be allowed under penalty of perjury to support any matter that legally requires an affidavit to support it? | 07307.docx | LEGALEASE-00077615-LEGALEASE-00077616 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4340 | Bainbridge v. Travelers Cas. Co. of Connecticut, 159 P.3d 748 | 366+1 | Furthermore, because it is an equitable doctrine, no additional actions are needed before equitable subrogation can occur. Thus, unlike in an assignment, a subrogor need not intend to equitably subrogate the claims to a subrogee. Cf. Lookout Mountain Paradise Hills Homeowners' Ass'n v. Viewpoint Assocs., 867 P.2d 70, 73 (Colo.App.1993) (intent required for assignment); Ford v. Summertree Lane Ltd. Liab. Co., 56 P.3d 1206, 1209 (Colo.App.2002) (same). It arises "because it is imposed by courts to prevent unjust enrichment." Cedar Lane Invs. v. Am. Roofing Supply, supra, 919 P.2d at 884 (quoting 1 Dobbs, supra, " 4.3(4), at 604).It is "a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it." In re Estate of Boyd, 972 P.2d 1075, 1077 (Colo.App.1998) (quoting United Sec. Ins. Co. v. Sciarrota, 885 P.2d 273, 277 (Colo.App.1994); 16 Couch, supra, " 61:18). | Equitable subrogation is a creature of equity having for its purpose the working out of an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it. | Is the purpose of equitable subrogation to require the ultimate discharge of debt by person who in equity and good conscience ought to pay it? | 05082.docx | LEGALEASE-00083744-LEGALEASE-00083745 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4341 | Navajo Nation v. United States Dep't of Interior, 852 F.3d 1124 | 209+139 | Congress enacted the Indian Self-Determination and Education Assistance Act ("ISDEAA") to help Indian tribes assume responsibility for programs or services that a federal agency would otherwise provide to the tribes' members. 25 U.S.C. "" 5301 et seq. The transfer of authority from the Department of the Interior ("DOI") to a tribe is memorialized in a "self-determination contract." The ISDEAA includes a model contract specifying a multi-year term, with the funding amount for each year to be determined during subsequent negotiations and incorporated through annual funding agreements. Id. " 5329(c). When a tribe submits a proposed annual funding agreement to DOI, "the Secretary shall, within ninety days after receipt of the proposal, approve the proposal and award the contract unless the Secretary provides written notification" to the tribe that the proposal is declined for one of five reasons provided by the statute. Id. " 5321(a)(2). "[T]he Secretary may extend or otherwise alter the 90-day period ... if before the expiration of such period, the Secretary obtains the voluntary and express written consent of the tribe" to do so. Id. "A proposal that is not declined within 90 days (or within any agreed extension ...) is deemed approved...." 25 C.F.R. " 900.18. | Congress enacted the Indian Self-Determination and Education Assistance Act (ISDEAA) to help Indian tribes assume responsibility for programs or services that a federal agency would otherwise provide to the tribes' members. 25 U.S.C.A. S 5301 et seq. | Why did the Congress enact the Indian Self-Determination and Education Assistance Act (ISDEAA)? | 00825.docx | LEGALEASE-00083977-LEGALEASE-00083978 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4342 | Prestridge v. Lazar, 132 Miss. 168 | 366+1 | 1 Appellant contends that he was not a volunteer in discharging said mortgages for the purpose of freeing the title to said land. The reason and philosophy of the principle involved should be kept in mind in determining this question. The doctrine of subrogation is "one of equity and benevolence; *** its basis is the doing of complete, essential, and perfect justice between the parties, without regard to form, and its object is the prevention of injustice." It does not rest on contract, but upon principles of natural equity. The courts should rather incline to extend than restrict the operation of the doctrine. It applies wherever any person other than a mere volunteer pays a debt or demand which in equity and good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where a party has such an interest in property as makes it incumbent on him to get in an outstanding claim or equity for its protection. Robinson v. Sullivan, 102 Miss. 581, 59 South. 846. | The doctrine of subrogation applies wherever any person other than a mere volunteer pays a debt or demand which in equity or good conscience should have been satisfied by another, or where one person finds it necessary for his own protection to pay the debt for which another is primarily liable, or where one has such an interest in property as makes it necessary for him to get in an outstanding claim or equity for its protection. | When is the doctrine of equitable subrogation applied? | 00844.docx | LEGALEASE-00083983-LEGALEASE-00083984 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4343 | Velazquez v. Serrano, 43 So. 3d 82 | 366+1 | We review an order granting summary judgment de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Equitable subrogation is generally defined as follows:Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. Subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. Boley v. Daniel, 72 Fla. 121, 72 So. 644, 645 (1916). Subrogation "is not allowed if it works any injustice to the rights of others." Fed. Land Bank of Columbia v. Godwin, 107 Fla. 537, 145 So. 883, 885 (1933); see also Brannon v. Hills, 111 Fla. 491, 149 So. 556, 557 (1933); Eastern Nat'l Bank v. Glendale Fed. Sav. & Loan Ass'n, 508 So.2d 1323 (Fla. 3d DCA 1987). A party's entitlement to subrogation therefore "depends upon the equities and attending facts of each case." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. KPMG Peat Marwick, 742 So.2d 328, 332 (Fla. 3d DCA 1999). | Equitable subrogation arises by operation of law, where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is, in equity, entitled to the security or obligation held by the creditor whom he has paid. | Does equitable subrogation arise by operation of law? | Subrogation - Memo 363 - SD.docx | ROSS-003326643-ROSS-003326645 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4344 | Turner v. Hunt, 131 Tex. 492 | 13+63 | The question is not strictly one of delay in instituting suit after the accrual of the cause of action, which is usually determinable by the period of limitation fixed by statute. Here the delay is in asserting the right by making selection of the particular acre. Turner waited nearly nine years and a half to select the one acre and gave no explanation of the delay. In Dull v. Blum, 68 Tex. 299, 301, 4 S.W. 489, it was held that a similar right was lost by an unexplained delay of twenty years in making choice of the land. It is our opinion that Turner's delay, a little less than ten years, though long and unexplained, cannot be held sufficient to defeat his right because the facts as to the effects of the delay have not been developed. Except in case of extreme delay like that in Dull v. Blum, supra, delay, which works no injury or no disadvantage to another, is not such laches as will bar a right. Coleman v. Zapp, 105 Tex. 491, 496, 151 S.W. 1040; Ross' Estate v. Abrams, Tex.Civ.App., 239 S.W. 705, 709; Abrams v. Ross' Estate, Tex.Com.App., 250 S.W. 1019; Tomahagen v. Sarber, Tex.Civ.App., 29 S.W.2d 438; Brady v. Garrett, Tex.Civ.App., 66 S.W.2d 502; 27 Tex.Jur. p. 29, " 12. It is said in Terry v. Prairie Oil & Gas Company, 5 Cir., 83 F.2d 843, that the plea of laches is not controlled by mere passage of time and always presents a question of fact. | Whether right is lost by laches arising out of failure to institute suit after accrual of cause of action is usually determinable by the period of limitation fixed by statute. | Is a question of whether the right is lost by laches arising out of failure to institute suit after accrual of cause of action usually determinable by the period of limitation fixed by statute? | 02180.docx | LEGALEASE-00092094-LEGALEASE-00092096 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 4345 | Flores v. Georgeson, 191 Cal. App. 4th 881 | 307A+552 | The appellate court in Shieh did not purport to apply section 391.7 in accordance with its terms; indeed, the court expressly noted that in the "ordinary" case, the statute only prohibits new litigation filed in propria persona. (In re Shieh, supra, 17 Cal.App.4th at p. 1167, 21 Cal.Rptr.2d 886.) A court has inherent power, upon a sufficient factual showing, to dismiss an action "shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process." (Muller v. Tanner (1969) 2 Cal.App.3d 438, 443, 82 Cal.Rptr. 734, quoting from Lincoln v. Didak (1958) 162 Cal.App.2d 625, 629"630, 328 P.2d 498.) That power, exercised after a hearing and upon sufficient factual showing, is a different power than the virtually ministerial power granted by section 391.7, subdivision (c). | A court has inherent power, upon a sufficient factual showing, to dismiss an action shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. | "Does court have power to dismiss action shown to be sham, fictitious, or without merit? " | 11169.docx | LEGALEASE-00094252-LEGALEASE-00094253 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 4346 | Baker v. Fender, 614 So. 2d 14 | 307A+563 | Appellant's lack of compliance with the trial judge's order to plead-before discovery-with more specificity, is no basis for a dismissal with prejudice for failure to state a cause of action. A basic purpose of a motion to dismiss is to test the over-all sufficiency of the complaint to state a claim upon which relief can be granted. Augustine v. Southern Bell Tel. & Tel. Co., 91 So.2d 320 (Fla.1956); Fla.R.Civ.P. 1.420. In ruling on the motion, it is inappropriate to consider the sufficiency of the evidence which the plaintiff is likely to produce. N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570 (Fla. 3d DCA 1985). | Lack of compliance with trial judge's order to plead with more specificity before discovery was not basis for dismissal with prejudice for failure to state cause of action. | Is a lack of compliance with a trial judge's order to plead with more specificity before discovery not a basis for dismissal with prejudice for failure to state cause of action? | 10896.docx | LEGALEASE-00094725-LEGALEASE-00094726 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4347 | Taylor v. Smith, 171 W. Va. 665 | 307A+590.1 | We recognize that plaintiff's counsel did not have actual knowledge of the dismissal until long after the time for making a reinstatement motion had expired. Consequently, he was never alerted that his case had been discontinued. Had counsel had notice, he could have made a substantial showing in favor of reinstatement, because the word "proceeding" as used in Rule 41(b) must be broadly construed to include any step or measure taken in either the prosecution or the defense of the action, except a continuance. Syllabus Point 1, Millar v. Whittington, 87 W.Va. 664, 105 S.E. 907 (1921). Here, Taylor's deposition was taken on June 10, 1975, and was filed on July 28, 1975, two days before the entry of the dismissal order. By this time, however, the dismissal list had already been prepared at the beginning of the July, 1975 Term. The circuit clerk would not have been aware of Taylor's deposition, as it was taken by agreement of the parties without giving notice of record.? | The word "proceeding" as used in two-year rule relating to dismissal must be broadly construed to include any step or measure taken in either prosecution or defense of action, except a continuance. Rules Civ.Proc., Rule 41(b). | " Should the word ""proceeding"" as used in two-year rule relating to dismissal be broadly construed to include any step?" | 10485.docx | LEGALEASE-00095248-LEGALEASE-00095249 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4348 | Armstrong v. Elmore, 990 S.W.2d 62 | 30+19 | On appeal, Mr. Armstrong claims that the trial court erred in granting the County Clerk's motion for summary judgment because Article III, section 49 of the Missouri Constitution and section 67.582, RSMo 1994, provide that a law enforcement sales tax passed under section 67.582 is repealable by ballot initiative. A threshold question in any appellate review of a controversy is the mootness of the controversy. State ex rel. Chastain v. City of Kansas City, 968 S.W.2d 232, 237 (Mo.App. W.D.1998). Because mootness implicates the justiciability of a case, an appellate court may dismiss a case for mootness sua sponte. Id. In terms of justiciability, a case is moot if a judgment rendered has no practical effect upon an existent controversy. Id.; State ex rel. Missouri Cable Television Ass'n v. Missouri Public Serv. Comm'n, 917 S.W.2d 650, 652 (Mo.App. W.D.1996). "The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction." State ex rel. Wilson v. Murray, 955 S.W.2d 811, 812"813 (Mo.App. W.D.1997). When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. Chastain, 968 S.W.2d at 237. "Even a case vital at inception of the appeal may be mooted by an intervenient event which so alters the position of the parties that any judgment rendered merely becomes a hypothetical opinion." Gilroy"Sims and Assoc. v. City of St. Louis, 697 S.W.2d 567, 569 (Mo.App. E.D.1985). | The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction, and, when an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Question Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? | 10000.docx | LEGALEASE-00095389-LEGALEASE-00095390 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4349 | Allstate Ins. Co. v. Bucelo, 650 So. 2d 1128 | 307A+590.1 | The trial court's reinstatement of this action based upon its finding that the parties had been engaging in continuous telephonic and written settlement negotiations during the preceding year was error. As Allstate correctly points out, the law is well settled that nonrecord activities such as attempted settlement negotiations do not constitute good cause to preclude a dismissal for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). Appraisal Group, Inc. v. Visual Communications, Inc., 426 So.2d 1155 (Fla. 3d DCA 1983); Carter v. DeCarion, 400 So.2d 521 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 464 (Fla.1982); American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980); Steisel v. Birnholz, 313 So.2d 125 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 14 (Fla.1976); Lindquist v. Williams, 262 So.2d 899 (Fla. 2d DCA 1972). We therefore reverse the order reinstating this lawsuit and remand with instructions to the trial court to enter an order of dismissal. | Nonrecord activities such as attempted settlement negotiations do not constitute good cause to preclude dismissal for lack of prosecution under rule of civil procedure. West's F.S.A. RCP Rule 1.420(e). | Do nonrecord activities not constitute good cause to preclude a dismissal for lack of prosecution under a rule of civil procedure? | 09808.docx | LEGALEASE-00096328-LEGALEASE-00096329 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4350 | Cramer v. United States, 325 U.S. 1 | 384+6 | The very minimum function that an overt act must perform in a treason prosecution is that it show sufficient action by the accused, in its setting, to sustain a finding that the accused actually gave aid and comfort to the enemy. Every act, movement, deed, and word of the defendant charged to constitute treason must be supported by the testimony of two witnesses. The two-witness principle is to interdict imputation of incriminating acts to the accused by circumstantial evidence or by the testimony of a single witness. The prosecution cannot rely on evidence which does not meet the constitutional test for overt acts to create any inference that the accused did other acts or did something more than was shown in the overt act, in order to make a giving of aid and comfort to the enemy. The words of the Constitution were chosen, not to make it hard to prove merely routine and everyday acts, but to make the proof of acts that convict of treason as sure as trial processes may. When the prosecution's case is thus established, the Constitution does not prevent presentation of corroborative or cumulative evidence of any admissible character either to strengthen a direct case or to rebut the testimony or inferences on behalf of defendant. The Government is not prevented from making a strong case; it is denied a conviction on a weak one. | The minimum function that an "overt act" must perform in treason prosecution is that it show sufficient action by accused, in its setting, to sustain a finding that accused actually gave aid and comfort to the enemy. Cr.Code S 1, 18 U.S.C.A. S 2381; U.S.C.A. Const. art. 3, S 3. | What is the minimum function that an overt act must perform in a treason prosecution? | 10079.docx | LEGALEASE-00096403-LEGALEASE-00096404 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4351 | Corum v. Hartford Acc. & Indem. Co., 67 Cal. App. 2d 891 | 302+192(2) | It may be admitted that the date of the insurance policy referred to in the complaint, if issued, is a matter peculiarly within the knowledge of the defendant. Ordinarily a demurrer for uncertainty does not lie where the facts alleged in the complaint show a superior knowledge of a particular fact on the part of the demurring party (Brea v. McGlashan, 3 Cal.App.2d 454, 39 P.2d 877; Swasey v. de L'Etanche, 17 Cal.App.2d 713, 62 P.2d 753; Goldstein v. Healy, 187 Cal. 206, 201 P. 462; Schaake v. Eagle, etc., Can Co., 135 Cal. 472, 63 P. 1025, 67 P. 759) and it appears that the defendant is not injured as a result of a failure to allege particularly that which is alleged generally. Less particularity is required where, from the nature of the allegations, the adverse party must possess full information of the subject. Gerritt v. Fullerton U. H. School Dist., 24 Cal.App.2d 482, 75 P.2d 627. | Ordinarily a demurrer for uncertainty does not lie where facts alleged in complaint show a superior knowledge of a particular fact on part of demurring party and it appears that defendant is not injured as result of failure to allege particularly that which is alleged generally. | Will a demurrer for uncertainty lie when the facts are within the knowledge of the demurring parties? | 022965.docx | LEGALEASE-00123510-LEGALEASE-00123511 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 4352 | Cormier v. Clemco Servs. Corp., 48 F.3d 179 | 413+1 | For several reasons, P & G maintains that Billizon was wrongly decided. P & G first argues that Aetna's compensation payments did not acknowledge Aetna's liability for all of Cormier's damages, but only acknowledged liability for the amount of each payment as it came due. However, as the Billizon Court correctly explained, "the liability for workers' compensation is a unitary obligation for an indeterminate amount, which the law directs shall be made in a series of regular payments." See 864 F.Supp. at 574-75. Thus, Aetna's payments constituted acknowledgement of, and interrupted prescription on, the unitary obligation. | Liability for workers' compensation is unitary obligation for indeterminate amount, which the law directs shall be made in a series of regular payments. | "Is the liability for workers compensation a unitary obligation for an indeterminate amount, which the law directs shall be made in a series of regular payments?" | 048498.docx | LEGALEASE-00127485-LEGALEASE-00127486 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4353 | Feykert v. Hardy, 213 Cal. App. 2d 67 | 307A+749.1 | It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. (Rule 216, California Rules of Court, formerly Rule 8.8, Rules for the Superior Courts; Baird v. Hodson (1958), 161 Cal.App.2d 687, 690, 327 P.2d 215; Dell "Orto v. Dell "Orto (1959), 166 Cal.App.2d 825, 829"831, 334 P.2d 97; County of Kings v. Scott (1961), 190 Cal.App.2d 218, 225, 11 Cal.Rptr. 893.) The pretrial order limits the issues to be tried (City of Los Angeles v. County of Mono (1959), 51 Cal.2d 843, 847, 337 P.2d 465) and those issues, neither raised at the pretrial conference nor designated in dispute in the pretrial conference order, are no longer issues in the case. (Dell "Orto v. Dell Orto, supra; County of Kings v. Scott, supra.) As this court said in Fitzsimmons v. Jones (1960), 179 Cal.App.2d 5, 8, 3 Cal.Rptr. 373, "[t]he purpose of the pre-trial procedure is to place the case in focus so that the defined and precise issues may be resolved as quickly as possible." Until presented with a request for its modification, the trial judge has a right to rely on the posture of the case defined by the pretrial conference order. (Baird v. Hodson, supra; Spence v. State of California (1961), 198 Cal.App.2d 332, 337"338, 18 Cal.Rptr. 302.) | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. Cal.Rules of Court, rule 216. | "When filed, does a pretrial conference order supersede issues raised by pleadings and controls subsequent course of a case?" | 028080.docx | LEGALEASE-00132155-LEGALEASE-00132156 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4354 | United States v. Copeland, 143 F.3d 1439 | 63+1(1) | Section 666(b) provides that the benefits an organization receives under a federal program can be in the form of "a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. " 666(b) (emphasis added). A straightforward reading of this text indicates that " 666(b) encompasses many situations in which the government receives consideration in return for federal assistance. See United States v. Marmolejo, 89 F.3d 1185, 1189"91 (5th Cir.1996) (applying " 666 to a county jail that received federal assistance in exchange for housing federal inmates), affirmed in part sub nom. Salinas v. United States, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997); Rooney, 986 F.2d at 33"35 (holding that a government sponsored loan qualified as a benefit under a federal program, even though the recipient was required to repay the entire loan plus interest). The scope of " 666, however, is not limitless; the statute clearly indicates that only those contractual relationships constituting some form of "Federal assistance" fall within the scope of the statute. 18 U.S.C. " 666(b); see Rooney, 986 F.2d at 34 (stating that "[t]he statute expressly equates "benefits' with "Federal assistance." "). Thus, organizations engaged in purely commercial transactions with the federal government are not subject to " 666. See United States v. Stewart, 727 F.Supp. 1068, 1072"73 (N.D.Tex.1989) (holding that defense contractor was not an organization within the scope of " 666 because it was engaged in purely commercial transactions with the government); see also Marmolejo, 89 F.3d at 1190; Rooney, 986 F.2d at 34"35.3 | Only those contractual relationships constituting some form of federal assistance fall within scope of anti-bribery statute; thus, organizations engaged in purely commercial transactions with federal government are not subject to the statute. 18 U.S.C.A. S 666(b). | What type of relationships and transactions with the federal government fall within the scope of the anti-bribery statute? | 011705.docx | LEGALEASE-00136638-LEGALEASE-00136639 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 4355 | Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., 716 F.Supp.2d 773 | 92+1970 | High school athletic association and online publisher brought action against newspaper publisher and media association, seeking declaration that formation of exclusive licensing agreement for live Internet streaming of tournament events was not unconstitutional. | Venues for sporting events were non-public fora, for purposes of action brought by high school athletic association and online publisher against newspaper publisher and media association, seeking declaration that formation of exclusive licensing agreement for live Internet streaming of tournament events did not violate First Amendment; venues were operated in government's proprietary capacity rather than for political purpose, and intent and nature of fora were primarily commercial. U.S.C.A. Const.Amend. 1. | Can a high school athletic association form an exclusive licensing agreement? | 017335.docx | LEGALEASE-00150496-LEGALEASE-00150497 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 4356 | Intech Metals v. Meyer, Wagner & Jacobs, 2016 PA Super 299, 153 A.3d 406 | 307A+581 | The entry of a judgment of non pros and a subsequent request for relief from such judgment are governed by different tests. See Stephens, 799 A.2d at 797.To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay.Finally, the delay must cause actual prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.Jacobs v. Halloran, 551 Pa. 350, 710 A.2d 1098, 1103 (1998); see James Bros. Lumber v. Union Banking & Trust, 432 Pa. 129, 247 A.2d 587, 589 (1968) ( "James"Jacobs " test). | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | Where can the judgment of non pros be entered? | 037388.docx | LEGALEASE-00151224-LEGALEASE-00151225 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 4357 | James B. Bonham Corp. v. City of Corsicana, 528 S.W.3d 554 | 307A+583 | "A trial court's power to dismiss a suit for want of prosecution originates from two sources: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority." Dueitt, 180 S.W.3d at 737 (citing Tex. R. Civ. P. 165a). "A trial court may dismiss a suit under Rule 165a when ... a suit is not disposed of within the time standards given by the Supreme Court." Id. Under the Texas Rules of Judicial Administration, district court judges "should, so far as reasonably possible, ensure that all" nonjury, non-family-law civil "cases are brought to trial or final disposition" "[w]ithin 12 months from appearance date." Tex. R. Jud. Admin. 6, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. F app. (West 2013). | A trial court may dismiss a suit under rule of civil procedure governing dismissal for want of prosecution when a suit is not disposed of within the time standards given by the Supreme Court. Tex. R. Civ. P. 165a. | Can the court dismiss a case for want of prosecution when case has not been disposed of within Supreme Court's time standard? | 038317.docx | LEGALEASE-00152677-LEGALEASE-00152678 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4358 | S. Jordan City v. Summerhays, 392 P.3d 855 | 135H+1 | The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This concept, known as double jeopardy, is "fundamental to the American scheme of justice," Benton v. Maryland, 395 U.S. 784, 796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) (internal quotation marks omitted), and "stem[s] from the underlying premise that a defendant should not be twice tried or punished for the same offense," Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994).Specifically, the Double Jeopardy Clause protects criminal defendants against (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction," and (3) "multiple punishments for the same offense." Jones v. Thomas, 491 U.S. 376, 381, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989) (citation and internal quotation marks omitted). | Concept that no person shall be subject for the same offense to be twice put in jeopardy of life or limb, known as double jeopardy, is fundamental to the American scheme of justice and stems from the underlying premise that a defendant should not be twice tried or punished for the same offense. U.S. Const. Amend. 5. | What is known as double jeopardy? | 016370.docx | LEGALEASE-00165137-LEGALEASE-00165138 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4359 | Ex parte Fife, 49 S.W.3d 35 | 135H+99 | In Bauder v. State, the court of criminal appeals determined that when a defendant is forced to seek a mistrial due to a prosecutor's misconduct, either when the prosecutor intends to cause a retrial or when a prosecutor is aware but consciously disregards the risk of a potential mistrial, retrial violates double jeopardy protections. Bauder, 921 S.W.2d at 699 ("Bauder I"). In other words, we may not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial; we must look at the facts that precipitated the mistrial and, if a defendant had no other recourse or remedy other than a mistrial, double jeopardy will prevent retrial. | Court may not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial, but, rather, the court must look at the facts that precipitated the mistrial and, if a defendant had no other recourse or remedy other than a mistrial, double jeopardy will prevent retrial. U.S.C.A. Const.Amend. 5. | Can a court not presume a defendant automatically waives his double jeopardy protections by seeking a mistrial? | Double Jeopardy - Memo 390 - C - RF_66800.docx | ROSS-003279008-ROSS-003279009 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 4360 | Choi v. Immanuel Korean United Methodist Church, 327 Ga. App. 26 | 307A+683 | A motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. All facts in the pleadings are to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible.Clarke v. Freeman, 302 Ga.App. 831, 832, 692 S.E.2d 80 (2010). This Court's review of a trial court's ruling on a motion to dismiss is de novo. Id. | Motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim; all facts in the pleadings are to be construed in the light most favorable to the plaintiff with all doubts resolved in his favor even though unfavorable constructions are possible. | Should a motion to dismiss not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts? | Pretrial Procedure - Memo # 8935 - C - SA_60388.docx | ROSS-003279889 | Condensed, SA | 0.29 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4361 | Doe v. Qi, 349 F. Supp. 2d 1258 | 221+342 | The act of state doctrine presupposes an "act of state." It arises only when the court is required to rule on the legality of an "official act of a foreign sovereign performed within its own territory."W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405"406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) ("Act of state issues only arise when a court must decide"that is, when the outcome of the case turns upon"the effect of official action by a foreign sovereign") (emphasis in original); Alfred Dunhill of London, 425 U.S. at 694, 96 S.Ct. 1854 (the question is whether "the conduct in question was the public act of those with authority to exercise sovereign powers"); Liu, 892 F.2d at 1432 (act of state doctrine implicated "when courts are asked to judge the legality or propriety of public acts committed within a foreign state's own borders"). Official action or a public act constitutes an act of state if it involves "the public and governmental acts of sovereign states," i.e., the "governmental functions of a State." Alfred Dunhill of London, 425 U.S. at 695"96, 96 S.Ct. 1854; see Liu, 892 F.2d at 1432 (stating that party asserting act of state doctrine must offer evidence that "the government acted in its sovereign capacity"); Int'l Ass'n of Machinists & Aerospace Workers v. OPEC, 649 F.2d 1354, 1360 (9th Cir.1981) ("When the state qua state acts in the public interest, its sovereignty is asserted."). Thus, were the suits at bar brought directly against the PRC, the act of state analysis would undoubtedly apply. | Act of state doctrine arises only when the court is required to rule on the legality of an official act of a foreign sovereign performed within its own territory. | Does the act of state doctrine arise only when the court is required to rule on the legality of an official act of a foreign sovereign performed within its own territory? | International Law - Memo # 270 - C - ANC.docx | ROSS-003283836-ROSS-003283838 | SA, Sub | 0.9 | 0 | 0 | 1 | 1 | |
| 4362 | Gherebi v. Bush, 352 F.3d 1278 | 221+131 | Sovereignty may be gained by a demonstration of intent to exercise sovereign control on the part of a country that is in possession of the territory in question and that has the power to enforce its will. See United States v. Rice, 17 U.S. (4 Wheat.) 246, 254, 4 L.Ed. 562 (1819) (hostile occupation gives "firm possession" and the "fullest rights of sovereignty" to the occupying power, while suspending the sovereign authority of the land whose territory is being occupied); Cobb v. U.S., 191 F.2d 604, 608 (9th Cir.1951) (an occupying power may acquire sovereignty through an act of formal annexation or "an expression of intention to retain the conquered territory permanently"); see also Fleming v. Page, 50 U.S. (9 How.) 603, 614, 13 L.Ed. 276 (1850) (the U.S. had "sovereignty and dominion" over the occupied Mexican territory, where "the country was in the exclusive and firm possession of the U.S., and governed by its military authorities acting under the orders of the President"). Cf. Neely v. Henkel, 180 U.S. 109, 119, 21 S.Ct. 302, 45 L.Ed. 448 (1901) (where the occupation policy expressly disavows "exercise of sovereignty, jurisdiction, or control" over the occupied area, and is aimed at the establishment of a government to which the area may be restored, this occupied territory is considered "foreign"). With respect to Guantanamo, the sovereign of U.S. authority and power has taken shape in recent decades. It has emerged, practically, through the concrete actions of a powerful nation intent on enforcing the right to use the territory it occupies without regard to any limitations. Whatever question may have existed about our sovereignty previously, our insistence on our right to use the territory for any and all purposes we desire, and our refusal to recognize the specific limitation on our rights provided in the Lease and continuing Treaty, removes any doubt that our sovereignty over Guantanamo is complete. | Sovereignty may be gained by a demonstration of intent to exercise sovereign control on the part of a country that is in possession of the territory in question and that has the power to enforce its will. | Can sovereignty be gained by a demonstration of intent to exercise sovereign control on the party of a country that is in possession of the territory in question and that has the power to enforce its will? | International Law - Memo # 14 - C - LK.docx | ROSS-003285389-ROSS-003285390 | Condensed, SA | 0.89 | 0 | 1 | 0 | 1 | |
| 4363 | Drouillard v. Stroh Brewery Co., 449 Mich. 293 | 413+1 | Worker's compensation is one unit in a loosely connected system of wage-loss protection that also includes unemployment compensation, social security old-age, disability, and survivors benefits, aid to families with dependent children, and general assistance. Franks v. White Pine Copper, 422 Mich. 636, 654, 375 N.W.2d 715 (1985). Such wage loss legislation is designed to restore to employees a portion of wages lost because of three major causes of wage loss: physical disability, unemployment, and old age. The crucial operative fact is that of wage loss; the cause of the wage-loss merely dictates the category of legislation applicable. See, generally, 4 Larson, Workmen's Compensation, " 97 (1995 Supp, p 106). | Workers' compensation is one unit in loosely connected system of wage-loss protection that also includes unemployment compensation, social security old age, disability, and survivors benefits, aid to families with dependent children, and is designed to restore to employees portion of wages lost because of physical disability, unemployment and old age. | Is workers' compensation a loosely connected system of wage-loss protection? | Workers Compensation - Memo #70 ANC.docx | ROSS-003285520-ROSS-003285522 | Condensed, SA | 0.51 | 0 | 1 | 0 | 1 | |
| 4364 | S. Cotton Oil Co. v. S. Breen & Co., 171 N.C. 51 | 307A+501 | A voluntary nonsuit is an abandonment of his cause by a plaintiff who allows a judgment for costs to be entered against him by absenting himself, or failing to answer when called upon to hear the verdict. 14 Cyc. 393. Plaintiff also may elect to enter a nonsuit, and this may be done at any time before the verdict is rendered. Under the early English practice, the plaintiff had a right to be nonsuited at any stage of the proceedings he might prefer, and thereby reserve to himself the power of bringing a fresh action for the same subject-matter; and this right continued to the last moment of the trial, even till after verdict rendered or, where the case was tried by the court without a jury, until the judge had pronounced his judgment; but this practice was not adopted here, and was abolished in England by 2 Henry IV, c. 7, as early as the year 1400. See 6 Am. & Eng. Pl. & Pr. p. 836, and note 4; 14 Cyc. 400; Washburn v. Allen, 77 Me. 344. The rule with us has been that the nonsuit may be taken at any time before verdict. It was said by Pearson, C. J., for the court, in Graham v. Tate, 77N. C. 120, 123: | A voluntary nonsuit is an abandonment of cause by plaintiff who allows judgment for costs against him by absenting himself or failing to answer when called to hear the verdict. | Is a voluntary nonsuit an abandonment of a cause bya plaintiff who allows a judgment for costs against him by absenting himself or failing to answer when called to hear the verdict | Pretrial Procedure - Memo # 1239 - C - UG.docx | ROSS-003287704-ROSS-003287705 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 4365 | S.B. Beach Properties v. Berti, 39 Cal. 4th 374 | 307A+501 | Here, defendants failed to do so before plaintiffs' voluntary dismissal. A section 581 dismissal "is available to [a] plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor. If in proper form, the dismissal is effective immediately." (Associated Convalescent Enterprises v. Carl Marks & Co., Inc. (1973) 33 Cal.App.3d 116, 120, 108 Cal.Rptr. 782.) "The entry is a ministerial, not a judicial, act, and no appeal lies therefrom." (Ibid.) Once plaintiffs dismissed their action no lawsuit existed for defendants to move against pursuant to section 425.16, subdivision (c). | A voluntary dismissal is available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor; if in proper form, the dismissal is effective immediately, the entry is a ministerial, not a judicial, act, and no appeal lies therefrom. West's Ann.Cal.C.C.P. S 581. | Is a voluntary dismissal available to a plaintiff as a matter of right and is accomplished by filing with the clerk a written request therefor? | Pretrial Procedure - Memo # 2539 - C - PB.docx | ROSS-003288299-ROSS-003288300 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4366 | People v. Munafo, 50 N.Y.2d 326 | 129+106 | Indeed, a requirement that the disruptive behavior proscribed by our disorderly conduct statute be of public rather than individual dimension was evolving even before subdivision 2 of section 722 of the former Penal Law was replaced by the present section 240.20 (People v. Szepansky, 25 Misc.2d 239, 203 N.Y.S. 306 (Gabrielli, J.); see, also, People v. Chesnick, 302 N.Y. 58, 60-61, 96 N.E.2d 87). The clear aim was to reserve the disorderly conduct statute for situations that carried beyond the concern of individual disputants to a point were they had become a potential or immediate public problem. In deciding whether an act carries public ramifications, courts are constrained to assess the nature and number of those attracted, taking into account the surrounding circumstances, including, of course, the time and the place of the episode under scrutiny (see People v. Phillips, 245 N.Y. 401, 402-403, 157 N.E. 508; People v. Canner, 88 Misc.2d 85, 388 N.Y.S.2d 812, affd. on opn. below 40 N.Y.2d 886, 389 N.Y.S.2d 361, 257 N.E.2d 1016). | In deciding whether an act carries public ramifications, courts are constrained to assess nature and number of those attracted, taking into account surrounding circumstances including time and place of episode under scrutiny. | In deciding that an act carries public ramifications should the surrounding circumstances be taken into act? | Disorderly Conduct-Memo 61- PR.docx | ROSS-003289022-ROSS-003289023 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 4367 | Parker v. City of Saint Joseph, 167 S.W.3d 219 | 307A+554 | When exhaustion is required and a party fails to pursue all administrative remedies, the circuit court is without subject matter jurisdiction and the only recourse is to dismiss the cause. Golden Rule Ins. Co. v. Mo. Dep't of Ins., 56 S.W.3d 471, 474 (Mo.App.2001). The propriety of the circuit court's jurisdiction is "solely an issue of law[,]" which we review de novo. McCoy v. Caldwell County, 145 S.W.3d 427, 428 (Mo. banc 2004). Parker relies on Asbury v. Lombardi, 846 S.W.2d 196 (Mo. banc 1993), in arguing that he could not be required to arbitrate in order to exhaust his administrative remedies. In Asbury, the constitutionality of the grievance procedure in the State Personnel Law, " 36.390.9, RSMo 1986, was at issue. Id. at 198. The statute permitted aggrieved state employees to appeal final decisions of the Personnel Advisory Board to either the Administrative Hearing Commission (AHC) or the circuit court, but not both. Id. at 199. The Supreme Court determined the statutory procedure was unconstitutional because any appeal to the AHC would preclude judicial review. Id. at 202. | When exhaustion of administrative remedies is required and a party fails to pursue all administrative remedies, the circuit court is without subject matter jurisdiction and the only recourse is to dismiss the cause. | "When exhaustion is required and a party fails to pursue all administrative remedies, will the court have subject matter jurisdiction and what is the recourse? " | Pretrial Procedure - Memo # 6046 - C - KBM.docx | ROSS-003289060-ROSS-003289061 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4368 | Austin v. Pickett, 87 S.W.3d 343 | 156+52.10(3) | The time for Dr. Austin's review of the documents was not the essence of the contract, and even if the time of Dr. Austin's review was of the essence, the Law Firm waived it. Generally, an innocent party may waive a breach of contract by words or conduct. Harris v. Desisto, 932 S.W.2d 435, 446 (Mo.App. W.D.1996). A waiver is an intentional relinquishment of a known right. Investors Title Co. v. Chicago Title Ins. Co., 983 S.W.2d 533, 537"538 (Mo.App. E.D.1998). "To rise to the level of waiver, the conduct must be so manifestly consistent with and indicative of an intention to renounce a particular right or benefit that no other reasonable explanation of the conduct is possible." Id. at 538. For time to be the essence of a contract, the contract must expressly so state, or it may be implied from the nature of its subject matter that the parties intended performance within the time fixed in the contract to be a condition precedent to its performance. Richards v. Johnson, 261 S.W. 53, 54 (Mo.1924); Cochran v. Grebe, 578 S.W.2d 351, 353"354 (Mo.App. W.D.1979). A time condition may be waived, however, by any expression or conduct of the obligee that leads the obligor reasonably to believe that performance on time is not required. Cochran, 578 S.W.2d at 354; Fritts v. Cloud Oak Flooring Co., 478 S.W.2d 8, 12 (Mo.App.1972); 8 CATHERINE M.A. MCCAULIFF, CORBIN ON CONTRACTS " 40.3 (Joseph M. Perillo ed., rev. ed.1999). | To rise to level of waiver, conduct must be so manifestly consistent with, and indicative of, intention to renounce particular right or benefit that no other reasonable explanation of conduct is possible. | "To rise to the level of waiver, should conduct be so manifestly consistent with an intention to renounce a right that no other reasonable explanation is possible? " | Estoppel - Memo 280 - C - CSS_66552.docx | ROSS-003291836-ROSS-003291837 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |
| 4369 | Brown v. Kidney & Hypertension Assocs., L.L.P., 5 So. 3d 258 | 307A+590.1 | Nevertheless, the mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. Benjamin"Jenkins v. Lawson, 2000"0958 at p. 4, 781 So.2d at 895. Moreover, no post-abandonment action(s) by a plaintiff can revive an abandoned action. Clark v. State Farm Mutual Automobile Insurance Company, 2000"3010 at p. 15, 785 So.2d at 789. | The mere intention to take a step in the prosecution or defense of a claim without having actually taken such a step is insufficient to interrupt the abandonment period. LSA-C.C.P. art. 561. | Is the mere intention to take a step in the prosecution or defense of the claim without having actually taken such a step insufficient to interrupt the abandonment period? | Pretrial Procedure - Memo # 7806 - C - KBM_57826.docx | ROSS-003297061-ROSS-003297062 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 4370 | Optopics Labs. Corp. v. Savannah Bank of Nigeria, Ltd., 816 F. Supp. 898 | 221+342 | A prerequisite for the application of the act of state doctrine is that the act in question is one which takes effect entirely within the boundaries of the sovereign nation. Where this is not the case, our courts will give extraterritorial effect to the law of another nation, based on comity, only where it does not conflict with the laws and policies of the United States. | Prerequisite for application of act of state doctrine is that act in question is one which takes effect entirely within boundaries of sovereign nation. | Is a prerequisite for the application of the act of state doctrine that the act in question is one which takes effect entirely within boundaries of the sovereign nation? | International Law - Memo # 428 - C - MLS.docx | ROSS-003297419-ROSS-003297420 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4371 | BAE Sys. Tech. Sol. & Servs. v. Republic of Korea's Def. Acquisition Program Admin., 195 F. Supp. 3d 776 | 221+136 | A country's "prerogative to control and regulate activities within its boundaries," which "is an essential, definitional element of sovereignty," gives rise to jurisdiction. Laker Airways Ltd. v. Sabena, Belgian World Airlines, 731 F.2d 909, 921 (D.C.Cir.1984). The same "principles underlying territorial jurisdiction occasionally permit a state to address conduct causing harmful effects across national borders." Id. Thus,[t]erritoriality-based jurisdiction allows states to regulate the conduct or status of individuals or property physically situated within the territory, even if the effects of the conduct are felt outside the territory. Conversely, conduct outside the territorial boundary which has or is intended to have a substantial effect within the territory may also be regulated by the state. | A country's prerogative to control and regulate activities within its boundaries, which is an essential, definitional element of sovereignty, gives rise to jurisdiction. | Does a countrys prerogative to control and regulate activities within its boundaries which is an essential definitional element of sovereignty give rise to jurisdiction? | International Law - Memo # 7 - C - LK.docx | ROSS-003297730-ROSS-003297731 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4372 | In re Trampush, 552 B.R. 817 | 366+1 | Subrogation is an equitable doctrine intended to "avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another." Rock River Lumber Corp. v. Universal Mortg. Corp., 82 Wis.2d 235, 262 N.W.2d 114, 116 (1978). Equitable subrogation for advances made to a debtor depends on one of three conditions: (1) the lender was secondarily liable, (2) the lender loaned money to protect his own interests, or (3) there was an agreement that the lender was to have security on the debt. Id. at 117. Subrogation is applied or denied on equitable principles. The object is to do "substantial justice independent of form or contract relation between the parties." Id. | Under Wisconsin law, subrogation is an equitable doctrine intended to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another. | Is the doctrine of equitable subrogation intended to avoid unjust enrichment? | Subrogation - Memo 232 - VG C.docx | ROSS-003297764-ROSS-003297765 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 4373 | Application of Eichner, 102 Misc. 2d 184 | 368+1 | From all of the foregoing, it is clear that there is a common law right to bodily self-determination, which includes the right of a competent adult to refuse life-sustaining medical treatment. This general right is, however, subject to being overridden by State interests in appropriate circumstances. Among the State interests which must be weighed are interests in the protection of third parties, such as minor children, the maintenance of latitude for physicians and hospitals to fulfill their ethical obligations and, by far the most important, the preservation of all human life. | General common-law right to bodily self-determination, which includes right of a competent adult to refuse life-sustaining medical treatment, is subject to being overridden by state interests in appropriate circumstances; among the state interests which must be weighed are interest in protection of third parties, such as minor children, maintenance of latitude for physicians and hospitals to fulfill their ethical obligations and preservation of all human life. U.S.C.A.Const. Amends. 1, 4, 5, 14; Public Health Law S 2803-c. | Is the right of an individual to refuse medical treatment subject to being overridden by states interests in appropriate circumstances? | Suicide - Memo 22 - AKA.docx | ROSS-003298612-ROSS-003298613 | SA, Sub | 0.1 | 0 | 0 | 1 | 1 | |
| 4374 | In re Bill Heard Enterprises, 423 B.R. 771 | 366+1 | Nevada: "Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder." Mort v. United States, 86 F.3d 890, 894 (9th Cir.1996) (applying Nevada law, but looking to California law for guidance). | Under Nevada law, equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. | Where is equitable subrogation generally appropriate? | Subrogation - Memo 318 - RM C.docx | ROSS-003299143-ROSS-003299144 | SA, Sub | 0.23 | 0 | 0 | 1 | 1 | |
| 4375 | Hellenic Lines, Ltd. v. Moore, 345 F.2d 978 | 221+179 | Although we have held that diplomatic immunity is violated by joining a diplomatic officer as a defendant to a suit, Carrera v. Carrera,84 U.S.App.D.C. 333, 174 F.2d 496 (1949), we have never decided whether it is violated by service of process on a diplomatic officer in an attempt to join, not him, but his sending state. There is little authority in international law concerning whether service of process on a diplomatic officer as an agent of his sending country is an "attack on his person, freedom or dignity" prohibited by diplomatic immunity. Because application of the doctrine of diplomatic immunity exempts a person from the legal procedures necessary to ordered society and often deprives others of remedies for harm they have suffered, courts hesitate to invoke the doctrine in a novel situation unless its purposes will certainly be served. These purposes are to "contribute to the development of friendly relations among nations" and "to ensure the efficient performance of the functions of diplomatic missions." Vienna Convention on Diplomatic Relations Signed at Vienna, April 18, 1961, preamble, 55 Am.J.Int'l.L. 1064 (1961). We requested the views of the Department of State concerning the effect of service in this type of case on international relations and on the performance of diplomatic duties. The Department replied that service would prejudice the United States foreign relations and would probably impair the performance of diplomatic functions. We conclude that the purposes of diplomatic immunity forbid service in this case. Therefore, the Ambassador is not subject to service of process, and the return was adequate. | Because application of doctrine of diplomatic immunity exempts Ambassador from legal procedures necessary to ordered society and often deprives others of remedies for harm they have suffered, courts hesitate to invoke doctrine in novel situation unless its purposes will certainly be served. 22 U.S.C.A. SS 252, 253. | What is the purpose of diplomatic immunity? | Ambassadors and Consuls - Memo 14 - RK.docx | ROSS-003299203-ROSS-003299204 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4376 | Vause v. Bay Med. Ctr., 687 So. 2d 258 | 307A+561.1 | The dismissal was improper to the extent that it was based upon the plaintiff's having elected a workers' compensation remedy. Election of remedies is an affirmative defense that is not properly raised by means of a motion to dismiss where the affirmative defense does not appear on the face of the prior pleading. Ecological Science Corp. v. Boca Ciega Sanitary Dist., 317 So.2d 857 (Fla. 2d DCA 1975). See also Harold Silver, P.A. v. Farmers Bank & Trust Co., 498 So.2d 984 (Fla. 1st DCA 1986). If the court is required to consider matters outside the four corners of the complaint, then the cause is not subject to dismissal on the basis of the affirmative defense. Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253 (Fla. 2d DCA 1994); Board of County Commissioners of Polk County, Fla. v. Aetna Casualty and Surety Co., 604 So.2d 850 (Fla. 2d DCA 1992), rev. denied, 613 So.2d 2 (Fla.1993); Attias v. Faroy Realty Co., 609 So.2d 105 (Fla. 3d DCA 1992). | If court is required to consider matters outside the four corners of complaint, then the cause is not subject to dismissal on basis of affirmative defense. | Will the cause be subject to dismissal on basis of affirmative defense if court is required to consider matters outside the four corners of complaint? | Pretrial Procedure - Memo # 10740 - C - KI_63395.docx | ROSS-003308050-ROSS-003308051 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4377 | Chelsea Square Textiles v. Bombay Dyeing & Mfg. Co., 189 F.3d 289 | 170B+3053 | Id. (internal citations omitted); see also Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Thus, we have stated that while " 2 of the FAA preempts state law that treats arbitration agreements differently from any other contracts, it also "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42, 46 (2d Cir.1993) (internal citation and quotation marks omitted). Accordingly, in determining whether the parties agreed to arbitrate in this case, the district court properly looked to general state law contract principles for guidance. | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) preserve general principles of state contract law? | Alternative Dispute Resolution - Memo 329 - RK.docx | ROSS-003310450-ROSS-003310451 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4378 | Chelsea Square Textiles v. Bombay Dyeing & Mfg. Co., 189 F.3d 289 | 170B+3053 | Id. (internal citations omitted); see also Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Thus, we have stated that while " 2 of the FAA preempts state law that treats arbitration agreements differently from any other contracts, it also "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42, 46 (2d Cir.1993) (internal citation and quotation marks omitted). Accordingly, in determining whether the parties agreed to arbitrate in this case, the district court properly looked to general state law contract principles for guidance. | While section of the Federal Arbitration Act (FAA) preempts state law that treats arbitration agreements differently from any other contracts, it also preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate. 9 U.S.C.A. S 2. | Does the Federal Arbitration Act (FAA) pre-empt state law that treats arbitration agreements differently from other contracts? | Alternative Dispute Resolution - Memo 320 - RK.docx | ROSS-003310663-ROSS-003310664 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 4379 | Tucker v. Signature Flight Support-Savannah, 219 Ga. App. 834 | 307A+717.1 | OCGA " 9-10-160 provides that all applications for continuances based upon the absence of a witness shall set forth eight different requirements. Where any one of these statutory requirements is not met, there is no abuse of the trial court's discretion to deny a continuance. Carroll v. Crawford, 218 Ga. 635, 129 S.E.2d 865 (1963) (construing an earlier version of OCGA " One of the eight statutory requirements is that the absent witness does not reside outside of the state. OCGA " As appellants readily admit that both absent witnesses resided outside of Georgia, it was not error for the trial court to deny appellants' request for a continuance. | Where any one of statutory requirements for granting continuance based on absence of witness is not met, there is no abuse of trial court's discretion to deny continuance. O.C.G.A. S 9-10-160. | " Where any one of the eight statutory requirements for granting continuance based upon the absence of a witness is not met, is there an abuse of the trial court's discretion to deny a continuance?" | Pretrial Procedure - Memo # 1742 - C - NS.docx | ROSS-003314129-ROSS-003314130 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4380 | Crystallex Intl. Corp. v. Petroleos de Venezuela, S.A., 213 F. Supp. 3d 683 | 221+342 | CITGO Defendants contend that Plaintiff's claims are barred by the act of state doctrine, because resolution of Plaintiff's claim "would call into question the validity of an official act performed within the sovereign's territory." (D.I. 15 at 7) The act of state doctrine's application involves balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims. See Envtl. Tectonics v. W.S. Kirkpatrick, Inc., 847 F.2d 1052, 1058 (3d Cir. 1988). Due to the tension inherent in such a balance, the Supreme Court has not imposed "rigid rules to govern the doctrine's application," leaving district courts responsible for making the determination on a case-by-case basis. Id. As part of this analysis, courts are called upon to "analyze the nature of the questioned conduct and the effect upon the parties in addition to appraising the sovereign's role." Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d 1287, 1293 (3d Cir. 1979). The doctrine is "not lightly to be imposed." Id.; see also Envtl. Tectonics, 847 F.2d at 1060 n.9 (expressing "concerns with too sweeping an application of the doctrine"). | Application of the act of state doctrine involves balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims. | Does the application of the act of state doctrine involve balancing the national interest with the desire of litigants to obtain decisions on the merits of their claims? | International Law - Memo # 298 - C - SHS.docx | ROSS-003314206-ROSS-003314207 | Order, SA | 0.86 | 1 | 0 | 0 | 1 | |
| 4381 | McGowen v. Huang, 120 S.W.3d 452 | 336H+428 | The next question is whether the nonsuit changed the partial summary judgments into final judgments. A nonsuit6 is effective as soon as it is filed. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982); Zimmerman v. Ottis, 941 S.W.2d 259, 261 (Tex.App.-Corpus Christi 1996, no writ); Miller v. Armogida, 877 S.W.2d 361, 364 (Tex.App.-Houston [1st Dist.] 1994, writ denied). A nonsuit taken after a partial summary judgment results in a dismissal with prejudice as to the issues adjudicated in favor of the defendant. Hyundai Motor Co. v. Alvarado, 892 S.W.2d 853, 855 (Tex.1995). Huang argues that, since the issues were dismissed with prejudice under the principle established in Hyundai, the nonsuit in effect created a final judgment out of the prior partial summary judgment. He cites Mossler v. Shields, 818 S.W.2d 752, 754 (Tex.1991) (dismissal with prejudice constitutes adjudication on merits). However, not all claims were dismissed with prejudice. A nonsuit without prejudice does not adjudicate the rights of the parties but merely places them in the positions in which they would have been, had suit not been brought. KT Bolt Mfg. Co. v. Tex. Elec. Coop., Inc., 837 S.W.2d 273, 275 (Tex.App.-Beaumont 1992, writ denied). Since claims exist which were not dismissed with prejudice, the nonsuits were not final judgments on the merits. | Nonsuit of the remaining claims in medical malpractice action, taken so the plaintiffs could appeal the partial summary judgment against them, did not transform the partial summary judgment into a final judgment, for purposes of res judicata; not all claims were dismissed with prejudice, and the nonsuit without prejudice did not adjudicate the rights of the parties, but merely placed them in the positions in which they would have been had suit not been brought. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Does a nonsuit without prejudice adjudicate the rights of parties but merely places them in the positions in which they would have been had suit not been brought? | Pretrial Procedure - Memo # 2221 - C - KA.docx | ROSS-003314338-ROSS-003314339 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 4382 | Hunt v. N. Carolina Logistics, 193 F. Supp. 3d 1253 | 366+1 | New Mexico recognizes that the doctrine of subrogation "allows an insurer who has fully compensated the insured to step into the shoes of the insured and collect what it has paid from the wrongdoer." Amica Mutual Insurance Co. v. Maloney, 1995"NMSC"059, 120 N.M. 523, 903 P.2d at 838. "Subrogation, whether created by contract or by operation of law, is an equitable remedy and equitable principles control its application." Farmers Ins. Group of Companies v. Martinez, 107 N.M. 82, 83, 752 P.2d 797, 799 (Ct.App.1988). Subrogation is therefore "an equitable remedy of civil law origin whereby through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it." U. S. Fid. & Guar. Co. v. Raton Nat. Gas Co., 1974"NMSC"030, 86 N.M. 160, 521 P.2d 122, 124.In State Farm Mutual Automobile Insurance Co. v. Foundation Reserve Insurance Co., a driver's automotive insurance carrier paid him for damages he sustained in a collision. See 1967"NMSC"197, 78 N.M. 359, 431 P.2d at 741. The driver's carrier then sued the other driver's insurance carrier, arguing that it had a right of subrogation. See 1967"NMSC"197, 78 N.M. 359, 431 P.2d at 741. The Supreme Court of New Mexico noted:A distinction is sometimes made between legal and conventional subrogation. Legal subrogation arises by operation of law; conventional subrogation arises by convention or contract of the parties. Whether legal or conventional, subrogation is an equitable remedy. The remedy is for the benefit of one secondarily liable who has paid the debt of another and to whom in equity and good conscience should be assigned the rights and remedies of the original creditor. | Under New Mexico law, subrogation, whether created by contract or by operation of law, is an equitable remedy controlled by equitable principles whereby, through a supposed succession to the legal rights of another, a loss is put ultimately on that one who in equity and good conscience should pay it. | Is subrogation an equitable remedy of civil law origin? | Subrogation - Memo 348 - KA.docx | ROSS-003315250-ROSS-003315252 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4383 | Classic Commercial Servs. v. Baldwin, 336 Ga. App. 183 | 307A+554 | As a rule, "the testimony of a party who offers [himself] as a witness in [his] own behalf at trial is to be construed most strongly against [him] when it is self-contradictory, vague or equivocal." (Citation and punctuation omitted.) Conrad v. Conrad, 278 Ga. 107, 110, 597 S.E.2d 369 (2004). This principle applies in the context of a motion to dismiss on jurisdictional grounds. Id. While Baldwin's second affidavit appears to be carefully crafted not to be patently inconsistent with his first affidavit, it is vague and equivocal as to whether he remained a resident of Georgia when the complaint was filed. See Chandler v. Gately, 119 Ga.App. 513, 520(3), 167 S.E.2d 697 (1969) ("Being peculiarly in a position to state fairly and definitely the facts which he professes to know, [a party testifying in his own favor] is under a duty of so stating them as to give a candid and intelligible account of what occurred."). Baldwin did not show that he had left his residence in Georgia and completed his move to North Carolina before 2014, and he "retained his domicile and legal residence in [Gwinnett County] until he succeeded in acquiring residence and domicile in [North Carolina]." Shirley v. State, 1 Ga.App. 143, 145, 57 S.E. 912 (1907) (where grand juror had sold his lands in Rabun County where he had resided, with the intent of moving to Habersham County, and he had loaded his household goods on a train with the intent of sending them there, but remained in Rabun County to look after a sawmill and some cattle, and stayed in a hotel in Rabun County when court was in session, he remained a citizen of Rabun County at the time of his service as a juror). In view of the foregoing, Baldwin did not show, through his written submissions, that he was no longer a resident of Georgia when the complaint was filed, and the trial court erred in so finding. | As a rule, the testimony of a party who offers himself as a witness in his own behalf at trial is to be construed most strongly against him when it is self-contradictory, vague or equivocal, and this principle applies in the context of a motion to dismiss on jurisdictional grounds. | Does the self-contradictory testimony rule apply in the context of a motion to dismiss on jurisdictional grounds? | Pretrial Procedure - Memo # 5595 - C - KG.docx | ROSS-003315874-ROSS-003315875 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4384 | Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638 | 366+1 | The doctrine of equitable subrogation is not created by a contract, but by the legal consequences of the acts and relationships of the parties. See Dantzler Lumber & Export Co. v. Columbia Cas. Co., 115 Fla. 541, 551, 156 So. 116, 120 (1934). Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. See Fowler v. Lee, 106 Fla. 712, 714"15, 143 So. 613, 614 (1932); Eastern Nat'l Bank v. Glendale Fed. Sav. & Loan Ass'n, 508 So.2d 1323, 1324"25 (Fla. 3d DCA 1987). As a result of equitable subrogation, the party discharging the debt stands in the shoes of the person whose claims have been discharged and thus succeeds to the right and priorities of the original creditor. See Eastern Nat'l Bank, 508 So.2d at 1324. | Equitable subrogation is generally appropriate where: (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire debt, and (5) subrogation would not work any injustice to the rights of a third party. | Does equitable subrogation require a party to show that the entire debt was paid? | Subrogation - Memo 313 - RM C.docx | ROSS-003322594-ROSS-003322595 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |
| 4385 | Moening v. Alaska Mut. Bank, 751 P.2d 5 | 8.30E+239 | When a note is executed and secured by a deed of trust, the documents are read and construed together as one contract to ascertain the parties' intent. In re Sutton Inv., 46 N.C.App. 654, 266 S.E.2d 686, 689 (1980), rev. denied, 301 N.C. 90 (1980); Herrington v. Murphy, 446 P.2d 595, 597 (Okla.1968). The contract is interpreted to give effect to the reasonable expectations of the parties, looking to the language of the contract, the circumstances surrounding its adoption, and case law interpreting similar agreements. Craig Taylor Equip. v. Pettibone Corp., 659 P.2d 594, 597 (Alaska 1983). Ambiguities are construed in favor of the debtor. Patton v. First Fed. Sav. & Loan Ass'n, 118 Ariz. 473, 477, 578 P.2d 152, 156 (1978). | When note is executed and secured by deed of trust, documents are read and construed together as one contract to ascertain parties' intent. | "When a note is executed and secured by a deed of trust, are the documents read and construed together as one contract to ascertain the parties' intent? " | Bills and Notes - Memo 17 - RK.docx | ROSS-003325377-ROSS-003325378 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4386 | Prudential Ins. Co. of Am. v. Lai, 42 F.3d 1299 | 25T+112 | This congressional concern that Title VII disputes be arbitrated only "where appropriate," and only when such a procedure was knowingly accepted, reflects our public policy of protecting victims of sexual discrimination and harassment through the provisions of Title VII and analogous state statutes. See Alexander, 415 U.S. at 47, 94 S.Ct. at 1019. This is a policy that is at least as strong as our public policy in favor of arbitration. Although the Supreme Court has pointed out that plaintiffs who arbitrate their statutory claims do not "forego the substantive rights afforded by the statute," Mitsubishi Motors, 473 U.S. at 628, 105 S.Ct. at 3354, the remedies and procedural protections available in the arbitral forum can differ significantly from those contemplated by the legislature. In the sexual harassment context, these procedural protections may be particularly significant. Thus, we conclude that a Title VII plaintiff may only be forced to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such disputes to arbitration. See Civil Rights Act of 1991; cf. Gardner, 415 U.S. at 51"52, 94 S.Ct. at 1021"22 (discussing possible waiver of Title VII rights); Gilmer, 500 U.S. 20, 111 S.Ct. 1647 (clause providing for arbitration of disputes "arising out of the employment or termination of employment" binding on "experienced businessman"); Mago, 956 F.2d 932 (same); Spellman v. Securities Annuities and Insurance Services, 8 Cal.App.4th 452, 10 Cal.Rptr.2d 427 (1992) | Title VII plaintiff may only be forced to forego her statutory remedies and arbitrate her claims if she has knowingly agreed to submit such disputes to arbitration. 9 U.S.C.A. S 1 et seq.; Civil Rights Act of 1964, S 701 et seq., 42 U.S.C.A. S 2000e et seq.; Civil Rights Act of 1991, S 118, 105 Stat. 1071. | Can Title VII plaintiffs be forced to forego the statutory remedies and arbitrate their claims? | 003732.docx | LEGALEASE-00115751-LEGALEASE-00115752 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4387 | Ex parte State ex rel. Attorney Gen., 213 Ala. 1 | 181+21 | This court has held that it is not necessary for a conviction of forgery for the state to show that defendant himself wrote the forged order, since if, with intent to utter it, he procured another to write it, and afterwards uttered it as genuine, he would be as culpable as though he himself had written it. Koch v. State, 115 Ala. 99, 22 So. 471; Elmore v. State, 92 Ala. 51, 9 So. 600; Gooden v. State, 55 Ala. 178; State v. Chance, 82 Kan. 388, 108 P. 789, 27 L.R.A. (N.S.) 1004, 20 Ann.Cas. 164. | It is not necessary, for conviction of forgery, for state to show that defendant himself wrote forged order, since, if with intent to utter it he procured another to write it and afterwards uttered it as genuine, he would be as culpable as though he himself had written it. | "Is a person who did not write the instrument, but procures another to write it, publishes and utters it as genuine, guilty of forgery?" | 003822.docx | LEGALEASE-00115793-LEGALEASE-00115794 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4388 | Bizios v. Town of Lakewood Vill., 453 S.W.3d 598 | 414+1203 | Because a municipality possesses authority to regulate land development in its ETJ only to the extent it is legislatively granted that authority, legislatively-created express limitations to that grant of authority"such as local government code section 212.003"are construed strictly against the authority of the municipality and in favor of the landowner.Town of Annetta S. v. Seadrift Dev., LP., 446 S.W.3d 823, 826 (Tex.App."Fort Worth 2014, pet. filed); see also FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 902 (Tex.2000) ("[A] city's authority to regulate land development in its ETJ is wholly derived from a legislative grant of authority."); Milestone Potranco Dev., Ltd. v. City of San Antonio, 298 S.W.3d 242, 247 (Tex.App."San Antonio 2009, pet. denied) (stating that the similarities between zoning ordinances that a municipality may adopt under section 211.003 and the list of items a municipality is prohibited from regulating under section 212.003 reveals the legislature's intent to prohibit a municipality from regulating zoning-type uses in the ETJ). | Because a municipality possesses authority to regulate land development in its extraterritorial jurisdiction (ETJ) only to the extent the municipality is legislatively granted that authority, legislatively-created express limitations to that grant of authority are construed strictly against the authority of the municipality and in favor of the landowner. | Is a city or municipalitys authority to regulate land development in its extraterritorial jurisdiction (ETJ) wholly derived from a legislative grant of authority? | 003854.docx | LEGALEASE-00115843-LEGALEASE-00115844 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4389 | United States v. Ventresca, 380 U.S. 102 | 349+117 | While a warrant may issue only upon a finding of "probable cause," this Court has long held that "the term "probable cause" * * * means less than evidence which would justify condemnation,' Locke v. United States, 7 Cranch 339, 348, 3 L.Ed. 364, and that a finding of "probable cause" may rest upon evidence which is not legally competent in a criminal trial. Draper v. United States, 358 U.S. 307, 311, 79 S.Ct. 329, 332, 3 L.Ed.2d 327. *108 As the Court stated in Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879, "There is a large difference between the two things to be proved (guilt and probable cause), as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them." Thus hearsay may be the basis for issuance of the warrant "so long as there * * * (is) a substantial basis for crediting the hearsay." Jones v. United States, supra, 362 U.S., at 272, 80 S.Ct., at 736. And, in Aguilar we recognized that "an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant," so long as the magistrate is "informed of some of the underlying circumstances' supporting the affiant's conclusions and his belief that any informant involved "whose identity need not be disclosed * * * was "credible" or his information "reliable." Aguilar v. State of Texas, supra, 378 U.S., at 114, 84 S.Ct., at 1514. | Affidavit on which search warrant is issued may be based on hearsay information and need not reflect direct personal observations of affiant, so long as magistrate is informed of some of underlying circumstances supporting affiant's conclusions and his belief that any involved informant, whose identity need not be disclosed, was credible or his information reliable. U.S.C.A.Const. Amend. 4; Fed.Rules Crim.Proc. rule 41, 18 U.S.C.A. | Can affidavits be based on hearsay? | 003877.docx | LEGALEASE-00115960-LEGALEASE-00115961 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 4390 | Novakovic v. Novakovic, 25 Misc.3d 94 | 315+185 | The deeds submitted to the court clearly state that occupant's father, a nonparty to this proceeding, has a life estate in the property. Indeed, petitioner does not dispute that the father is a life tenant, and that petitioner is a remainderman. "A life estate is more than merely a right of enjoyment. Rather, a life tenant is entitled to possession, control, and enjoyment of the property for the duration of his or her life" (56 N.Y. Jur. 2d, Estates, Powers, and Restraints on Alienation " 35). The "substance of a life estate consists in the *759 life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life" (Torre v. Giorgio, 51 A.D.3d 1010, 1011, 858 N.Y.S.2d 765 [2008] [internal quotation marks and citation omitted] ). Because the life tenant has the exclusive right to the property during his or her life, "the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land" during the term of the life tenancy (56 N.Y. Jur. 2d, Estates, Powers, and Restraints on Alienation " 186). Therefore, as a remainderman, petitioner has no right to possession of the premises for the duration of the father's life and, thus, no standing to bring this summary proceeding to recover possession. Accordingly, occupant's motion for summary judgment should have been granted and the petition dismissed. | The substance of a life estate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life, and thus the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land during the term of the life tenant. | Does the remainderman or reversioner have a right to possession or any present right of enjoyment of the land during the term of the life tenant? | Life Estate - Memo 17-JS.docx | ROSS-003284863-ROSS-003284865 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4391 | Donnelly v. Slingshot Sports LLC, 605 F. Supp. 2d 613 | 16+17.1 | To invoke admiralty jurisdiction over a tort claim pursuant to 28 U.S.C. " 1333(1), the plaintiff must satisfy two tests: the location test and the connection test. Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534, 115 S. Ct. 1043, 130 L. Ed. 2d 1024 (1995). In applying the location test, the Court "must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." Id. In applying the connection test, the Court must (1) "'assess the general features of the type of incident involved' . . . [and] "determine whether the incident has 'a potentially disruptive impact on maritime commerce;'" and (2) "determine whether the 'general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'"Id. | In applying the "connection test" for admiralty jurisdiction, court must (1) assess the general features of the type of incident involved and determine whether the incident has a potentially disruptive impact on maritime commerce; and (2) determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity. 28 U.S.C.A. S 1331(1). | How can federal admiralty jurisdiction be invoked over a tort claim? | 004100.docx | LEGALEASE-00116204-LEGALEASE-00116206 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4392 | Fed. Commerce & Nav. Co. v. Kanematsu-Gosho, Ltd., 457 F.2d 387 | 25T+111 | Overly technical judicial review of arbitration awards would frustrate the basic purposes of arbitration: to resolve disputes speedily and to avoid the expense and delay of extended court proceedings. Saxis S.S. Co. v. Multifacs International Traders, Inc., 375 F.2d 577, 582 (2d Cir. 1967). Moreover, judicial intervention into arbitration substitutes the rule of a court for that of "men familiar with the practical intricacies of their type of relationship and disposed to give weight to nonlegal factors like business ethics." Note, Judicial Review of Arbitration Award on the Merits, 63 Harv.L.Rev. 681, 681 (1950). Thus, it has long been the rule to resolve any doubt as to the submission agreement in favor of coverage. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-583, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); Burchell v. Marsh, 58 U.S. [17 How.] 344, 350, 15 L.Ed. 96 (1854); Humble Oil & Refining Co. v. Local 866, Teamsters, 447 F.2d 229, 232 (2d Cir. 1971); N.L.R.B. v. Horn &Hardart Co., 439 F.2d 674, 678 (2d Cir. 1971); Butler Products Co. v. Unistrut Corp., 367 F.2d 733, 736 (7th Cir. 1966). Here the arbitrators' answer to the question of the status of the master charter was a practical, common-sense one"the charter was in part valid and in part invalid. To modify the award as suggested by Federal would be to hold that the arbitrators had only an all-or-nothing choice, and would deny the power of the arbitrators to compromise the dispute in a manner which to them seemed appropriate and fair, as their knowledge of commercial practices qualified them to do. | Basic purposes of arbitration are to resolve disputes speedily and to avoid expense and delay of extended court proceedings, and overly technical judicial review of arbitration awards would frustrate those basic purposes. | Will a technical judicial review of arbitration awards frustrate the basic purpose of arbitration? | 004152.docx | LEGALEASE-00116237-LEGALEASE-00116238 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 4393 | R.L. Augustine Const. Co. v. Peoria Unified Sch. Dist. No. 11, 188 Ariz. 368 | 316H+364(1) | Without a judicial review provision, the administrative mechanisms created by the Board of Education are without effect. At the conclusion of the administrative proceedings, an aggrieved party would have to bring a de novo action in the superior court on the contract, thus rendering useless the entire administrative proceeding. We do not believe the legislature would have required the Board of Education to adopt rules for the administrative review of contract disputes unless they had some meaning, i.e., were subject to judicial review and did not require a de novo contract action in every instance. See A.R.S. " 12"910. Had the Board adopted a rule for judicial review, the Administrative Review Act would have applied even though the school district is not an administrative agency within the meaning of A.R.S. " 12"901(1),because A.R.S. " 15"213(A) confers power on the Board to adopt rules consistent with the Procurement Code, which itself provides for judicial review pursuant to the Administrative Review Act. See A.R.S. " 41-2614.We note also that had the Board of Education adopted rules that provided that it, rather than the Governing Board, would be the final administrative decision maker, then the Board of Education, as an administrative agency, would come within the express scope of A.R.S. " 12"902(A). | If State Board of Education adopts rule for judicial review of procurement disputes, the Administrative Review Act would apply even though school district is not an administrative agency within the meaning of Act, since Act also applies where separate act provides for judicial review, and State Board would be adopting rules consistent with the Procurement Code, which itself provides for judicial review. A.R.S. SS 12-901, subd. 1, 12-902, subd. A, 15-213, subd. A, 41-2614. | Are School districts an agency under the Administrative Procedure code? | 004585.docx | LEGALEASE-00116829-LEGALEASE-00116830 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 4394 | Becker v. Davis, 491 F.3d 1292 | 25T+112 | The first step in determining the propriety of a motion to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA") is "to determine whether the parties agreed to arbitrate the dispute." Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir.2004) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985)). While there is a liberal federal policy favoring arbitration agreements, "the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate." Id. A party cannot be forced to arbitrate any dispute that the party has not agreed to submit to arbitration. See Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 1256, 103 L.Ed.2d 488 (1989) ("Arbitration under the [FAA] is a matter of consent, not coercion ..."). | While there is liberal federal policy favoring arbitration agreements, Federal Arbitration Act's (FAA) strong proarbitration policy only applies to disputes that parties have agreed to arbitrate; party cannot be forced to arbitrate any dispute that party has not agreed to submit to arbitration. 9 U.S.C.A. S 1 et seq. | Would Federal Arbitration Act's (FAA) strong proarbitration policy apply to disputes that parties have not agreed to arbitrate? | 005227.docx | LEGALEASE-00116892-LEGALEASE-00116894 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 4395 | Southland Corp. v. Keating, 465 U.S. 1 | 83+80.5 | In enacting " 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims that the contracting parties agreed to resolve by arbitration. That Act, resting on Congress' authority under the Commerce Clause, creates a body of federal substantive law that is applicable in both state and federal courts.Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). To confine the Act's scope to arbitrations sought to be enforced in federal courts would frustrate what Congress intended to be a broad enactment. Pp. 858 " 860. | In enacting provision of federal arbitration act that an arbitration provision is valid and irrevocable the Congress declared a national policy favoring arbitration and withdrew power of the states to require a judicial forum for resolution of claims which the contracting parties agreed to resolve by arbitration. 9 U.S.C.A. S 2. | Does national policy favoring arbitration apply in both state and federal courts? | 004896.docx | LEGALEASE-00117150-LEGALEASE-00117152 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 4396 | Peterson v. Livestock Comm'n, 120 Mont. 140 | 15A+1011 | It is generally held that a statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body is unconstitutional as a delegation to the judiciary of non-judicial powers. A few of the many cases so holding are the following: Steenerson v. Great Northern Ry. Co., 69 Minn. 353, 72 N.W. 713; State v. Great Northern Ry. Co., 130 Minn. 57, 153 N.W. 247, Ann.Cas. 1917B, 1201; In re Hunstiger, 130 Minn. 474, 153 N.W. 869; State ex rel. Dybdal v. State Sec. Comm., 145 Minn. 221, 176 N.W. 759; State Board of Medical Registration v. Scherer, 221 Ind. 92, 46 N.E.2d 602; Re Fredericks, 285 Mich. 262, 280 N.W. 464, 125 A.L.R. 259; Mojave River Irr. Dist. v. Supreme Court, 202 Cal. 717, 262 P. 724; Borreson v. Dept. of Public Welfare, 368 Ill. 425, 14 N.E.2d 485; In re Opinion of Justices, 85 N.H. 562, 154 A. 217. | A statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body is unconstitutional as a delegation to the judiciary of nonjudicial powers. Const. art. 4, S 1. | Is a statute which attempts to place the court in the place of a commission or board to try a matter anew as an administrative body unconstitutional? | 000315.docx | LEGALEASE-00117472-LEGALEASE-00117473 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4397 | Rychnovsky v. Cole, 119 S.W.3d 204 | 386+10 | Where real estate is involved, "trespass is the unauthorized entry upon the land of another, regardless of the amount of force used, even if no damage is done or the injury is slight." Rosenfeld, 28 S.W.3d at 449. The unauthorized entry may be made by a person or an object as a result of a person's actions. Id. The tort of trespass arises from the direct physical interference with the person or property of another. Looney v. Hindman, 649 S.W.2d 207, 212 (Mo. banc 1983). | Where real estate is involved, trespass is the unauthorized entry upon the land of another, regardless of the amount of force used, even if no damage is done or the injury is slight; the unauthorized entry may be made by a person or an object as a result of a person's actions. | Is damage done to the property required for the offense of trespass? | Trespass - Memo 13 - RK.docx | LEGALEASE-00004121-LEGALEASE-00004122 | Condensed, SA | 0.42 | 0 | 1 | 0 | 1 | |
| 4398 | Win & Son v. City of Philadelphia, 178 F. Supp. 3d 234 | 386+12 | Under Pennsylvania law, [o]ne is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally ... enters land in the possession of the other, or causes a thing or a third person to do so. | Under Pennsylvania law, one is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally enters land in the possession of the other, or causes a thing or a third person to do so. | Is the causation of harm to a legally protected interest of another an element of trespass? | 000779.docx | LEGALEASE-00117490-LEGALEASE-00117491 | Condensed, SA | 0.02 | 0 | 1 | 0 | 1 | |
| 4399 | Application of Bohlinger, 199 Misc. 941 | 92+2406 | These then are the facts which demonstrate inescapably that the I.W.O. "is in such a condition that its further transaction of business will be hazardous to its policyholders, its creditors and to the public." Such an interpretation does not, as respondents, contend, result in an unconstitutional delegation of legislative power. It is manifestly impossible for the legislature to set out in detail every condition of a complex insurance business which may create a hazard and yet it is vitally necessary that the officer charged with responsibility of safeguarding public interest in insurance business be empowered to investigate the hazards, in whatever form they arise and present the facts to the court for action. The courts have long recognized that the legislature may, and indeed in many cases, has no alternative, enact statutes in broad outline, leaving to administrative officials enforcing them, the duty of arranging the details and that such delegation is not unconstitutional. Matter of National Surety Co., 239 App.Div. 490, 268 N.Y.S. 88, affirmed People, by Van Schaick v. National Surety Co., 264 N.Y. 473, 191 N.E. 521. | The Legislature may enact statutes in broad outline leaving to administrative officials enforcing them, the duty of arranging details and such delegation is not unconstitutional. | Can the Legislature enact statutes in broad outline leaving to administrative officials enforcing them the duty of arranging details? | 000328.docx | LEGALEASE-00117680-LEGALEASE-00117681 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 4400 | Hutchins v. Mayo, 143 Fla. 707 | 23+1 | We advert to the first objection presented by petitioners. Sections 10 and 12 of the Act are claimed to be violative of the provisions of the Constitution of the State dividing the powers of the government (Art. II) and vesting legislative authority in the Senate and House of Representatives (Art. III, Sec. 1). It is true that these parts of the act place in the commission extensive plenary authority to regulate the grading and labeling of fruit to accomplish the general plan and purpose contemplated by the legislature but we find in them no unlawful delegation of power vested in the legislature by the organic law. Where a statute of this State empowering boards, bureaus or commissions to promulgate rules is in question "The test is whether or not the act defines a pattern by which the rule or regulation must be made to conform." Arnold v. State, 140 Fla. 610, 190 So. 543, text 544. This controversy involved the power of the State Board of Education. Of like import were the rulings in Richardson v. Baldwin, 124 Fla. 233, 168 So. 255, dealing with the State Plant Board and Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789, affecting the State Live Stock Sanitary Board. | Sections of statute placing in Citrus Commission extensive plenary authority to regulate grading and labeling of fruit to accomplish the general plan and purpose contemplated by the legislature do not unlawfully delegate power vested in the legislature. F.S.A. SS 595.09, 595.12; F.S.A.Const. art. 2; art. 3, S 1. | Is the authority vested in an administrative agency to regulate the grading and labeling of fruit an unlawful delegation of legislative authority? | Administrative Law - Memo 53 - RK.docx | ROSS-003328428-ROSS-003328429 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4401 | Moreno v. Stahmann Farms, 693 F.2d 106 | 233+513 | The first step in establishing whether defendant had a duty to provide the Moreno family with a safe dwelling is to determine the applicable legal relationship between the parties. The general rule is that when an employee occupies a house on the premises of his employer, and that occupancy is merely incidental to his employment, the relationship of landlord and tenant does not exist; rather, the rights and liabilities of the parties are governed by the law of master and servant. See, e.g., Walton v. Darby Town Houses, Inc., 395 F.Supp. 553, 558 (E.D. Pa. 1975); McWatters v. Union Oil Co., 80 F.Supp. 732 (N.D. Cal. 1948); Miracle v. Stewart, 278 Ky. 158, 128 S.W.2d 613, 615 (1939); Mayer v. Norton, 62 Misc.2d 887, 310 N.Y.S.2d 576, 577 (1970). The same rule applies when, as here, the occupancy is not required as a condition of employment, Mayer v. Norton, 310 N.Y.S.2d at 577; Mead v. Owen, 80 Vt. 273, 67 A. 722 (1907), and when the servant occupies the dwelling with his family, Eaton v. R.B. George Investments, Inc., 254 S.W.2d 189, 196 (Tex. Civ. App."Dallas 1952), rev'd on other grounds, 152 Tex. 523, 260 S.W.2d 587 (1953). In this case the Morenos were not tenants of defendant Stahmann Farms, because they had no independent right to remain on the property apart from the employment and they would not be living in the house except for the employment. This is not a situation in which the servant is paying rent for the premises, see State v. Fox, 82 Wash.2d 289, 510 P.2d 230, 232 (1973), cert. denied, 414 U.S. 1130, 94 S.Ct. 868, 38 L.Ed.2d 754 (1974), or has a lease giving him a separate right to possession, see Walton v. Darby Town Houses, Inc., 395 F.Supp. 553. | General rule is that when employee occupies house on premises of his employer, and that occupancy is merely incidental to his employment, relationship of landlord and tenant does not exist, but, rather, rights and liabilities of the parties are governed by the law of master and servant; the same rule applies when the occupancy is not required as a condition of employment, and when servant occupies the dwelling with his family. | Does a landlord - tenant relation exist when housing is provided in an employment context? | Landlord and Tenant - Memo 30 - TH.docx | ROSS-003281737-ROSS-003281738 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4402 | Wachs v. Winter, 569 F. Supp. 1438 | 237+88 | Although plaintiff is not entitled to receive punitive damages, the undersigned does recommend that plaintiff be awarded compensatory damages for his injuries. There are two general classes of compensatory damages for defamation: (1) general damages which the law presumes to be the natural, proximate and necessary result of the publication; and (2) special damages which, although the natural and probable consequences thereof, are not assumed to be necessary and inevitable; rather, special damages must be shown by allegation and proof. Bishop v. New York Times Company, 233 N.Y. 446, 135 N.E. 845 (1922).However, where the language alleged as libel is libelous per se,6 the plaintiff need not plead or prove special damages in order to recover them. Mencher v. Chesley, 297 N.Y. at 100, 75 N.E.2d at 259. | Under New York law, there are two general classes of compensatory damages for defamation: general damages which law presumes to be natural, proximate, and necessary result of publication, and special damages which, although natural and probable consequences thereof, are not assumed to be necessary and inevitable; special damages must generally be shown by allegation and proof, but where language is libelous per se, plaintiff need not plead or prove special damages in order to recover them. | What are the types of compensatory damages available for defamation? | 000589.docx | LEGALEASE-00117648-LEGALEASE-00117649 | Condensed, SA, Sub | 0.39 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4403 | Warren Cty. Human Servs. v. State Civil Serv. Comm'n (Roberts), 844 A.2d 70 | 92+1115 | In its appeal, Warren County contends that the Commission erred in finding that Section 6344(c) of the CPSL violates the Pennsylvania Constitution and in concluding that Warren County failed to present evidence establishing just cause for the removal of Roberts. Article I, Section 1 of the Pennsylvania Constitution provides:All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness."The Supreme Court has consistently interpreted Article I, Section 1, as guaranteeing an individual's right to engage in any of the common occupations of life." Hunter v. Port Authority of Allegheny County, 277 Pa.Super. 4, 419 A.2d 631, 635 (1980), citing Adler v. Montefiore Hospital Association of Western Pennsylvania, 453 Pa. 60, 311 A.2d 634 (1973),8 certiorari denied, 414 U.S. 1131, 94 S.Ct. 870, 38 L.Ed.2d 755 (1974); State Board of Pharmacy v. Pastor, 441 Pa. 186, 272 A.2d 487 (1971); and Gambone v. Commonwealth, 375 Pa. 547, 101 A.2d 634 (1954).The right to engage in a particular occupation is an important right but not a fundamental right and, therefore, is subject to the rational basis test, i.e., a state may not deprive an individual of that right unless it can be shown that such deprivation is reasonably related to the state interest that is sought to be protected. Gambone; Secretary of Revenue v. John's Vending Corporation, 453 Pa. 488, 309 A.2d 358 (1973); Nixon I | The right to engage in a particular occupation is an important right but not a fundamental right and, therefore, is subject to the rational basis test, i.e., a state may not deprive an individual of that right unless it can be shown that such deprivation is reasonably related to the state interest that is sought to be protected. Const. Art. 1, S 1. | Can the state deprive an individual of the ability to work at a particular job? | 000798.docx | LEGALEASE-00117764-LEGALEASE-00117765 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4404 | Klay v. All Defendants, 389 F.3d 119 | 170B+3053 | 11 We review a district court's denial of a motion to compel arbitration de novo. Musnick v. King Motor Co. of Fort Lauderdale, 325 F.3d 1255, 1257 (11th Cir.2003). The determination of the propriety of a motion to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (FAA) is a two-step inquiry. The first step is to determine whether the parties agreed to arbitrate the dispute. Mitsubishi Motors Corp. v. Soler Chrysler"Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). We must make this determination "by applying the "federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [FAA]." " Id. (citation omitted). This inquiry must be undertaken against the background of a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) ("[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."). Under this policy, it is the role of courts to "rigorously enforce agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221, 105 S.Ct. 1238, 1242, 84 L.Ed.2d 158 (1985). Because arbitration is a matter of contract, however, the FAA's strong proarbitration policy only applies to disputes that the parties have agreed to arbitrate. Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 57, 115 S.Ct. 1212, 1216, 131 L.Ed.2d 76 (1995). In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum. See AT&T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (citation omitted); see Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ., 489 U.S. 468, 479, 109 S.Ct. 1248, 1256, 103 L.Ed.2d 488 ("Arbitration under the [FAA] is a matter of consent, not coercion...."). The second step in ruling on a motion to | Court makes determination of whether parties agreed to arbitrate dispute by applying federal substantive law of arbitrability, applicable to any arbitration agreement within coverage of FAA; inquiry must be undertaken against background of liberal federal policy favoring arbitration agreements, under which it is role of courts to rigorously enforce agreements to arbitrate. | Do the courts use state or federal law to determine whether the parties agreed to arbitrate a dispute? | 000981.docx | LEGALEASE-00117979-LEGALEASE-00117981 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 4405 | Wiand v. Schneiderman, 778 F.3d 917 | 25T+113 | The Federal Arbitration Act (FAA), 9 U.S.C. " 1 et seq., mandates that agreements to arbitrate be enforced unless "overridden by a contrary congressional command." Shearson/Am. Exp., Inc. v. McMahon, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). There is a "liberal federal policy favoring arbitration agreements," such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24"25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). A party seeking to avoid arbitration thus bears the burden of demonstrating a contrary congressional command using a statute's text, its legislative history, or identifying an "inherent conflict between arbitration and the statute's underlying purposes." Shearson, 482 U.S. at 227, 107 S.Ct. 2332. | There is a liberal federal policy favoring arbitration agreements, such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration; thus, a party seeking to avoid arbitration bears the burden of demonstrating a contrary congressional command using a statute's text, its legislative history, or identifying an inherent conflict between arbitration and the statute's underlying purposes. | Can a contrary congressional command assist a party to avoid arbitration? | 001040.docx | LEGALEASE-00118041-LEGALEASE-00118043 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 4406 | Adkins v. Labor Ready, 185 F. Supp. 2d 628 | 25T+113 | Arbitration agreements are a matter of contract and are controlled by contract law. See Arnold v. United Companies Lending Corp., 204 W.Va. 229, 511 S.E.2d 854 (1998). In determining whether a valid arbitration agreement arose between two parties, a federal court should look to the state law that ordinarily governs the formation of contracts. 9 U.S.C. " 2; First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). However, while applying state contract law, the court is nonetheless to give "due regard ... to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In the present case, because the named plaintiff apparently executed the arbitration agreement in West Virginia, the court looks to the contract law of that state | In determining whether valid arbitration agreement arose between two parties, federal court looks to state law that ordinarily governs formation of contracts; however, while applying state contract law, court nonetheless gives due regard to federal policy favoring arbitration, and ambiguities as to scope of arbitration clause itself must be resolved in favor of arbitration. 9 U.S.C.A. S 2. | Does the court need to look to the state law in determining whether there is a valid arbitration agreement between parties? | 001053.docx | LEGALEASE-00118052-LEGALEASE-00118053 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4407 | Howell Twp. v. Waste Disposal, 207 N.J. Super. 80 | 1.49E+22 | We believe that the determination of whether DEP, in a given situation, has exercised properly its preemptive jurisdiction should be resolved by the court when it is asserted that, DEP has failed in its mission, neglected to take action essential to fulfill an obvious legislative purpose, or where it has not given adequate and fair consideration to local or individual interests. In other words where the state agency has failed or neglected to act in the best interest of the citizenry or has arbitrarily, capriciously or unreasonably acted, then a court should permit interested persons to continue with enforcement under the Environmental Rights Act. Cf. Student Public Interest Research Group v. Fritzsche, Dodge & Olcott, 579 F.Supp. 1528 (D.N.J.1984), aff'd. 759 F.2d 1131 (3rd Cir.1985). In enacting the Environmental Rights Act the Legislature has recognized that the DEP may fail to act to correct a particular problem or not take proper and necessary action where conflicting interests appear. Further, in a given situation DEP may seek less than full relief available under relevant legislation. In such a case, there is a clear right granted to other "persons" to seek such relief under the Environmental Rights Act. No court should enforce grudgingly that right simply because of supervisory difficulties which may be encountered. | Where State Department of Environmental Protection has failed or neglected to act in best interest of citizenry or has arbitrarily, capriciously, or unreasonably acted, then a court should permit interested persons to continue with enforcement litigation under Environmental Rights Act (N.J.S.A. 2A:35A-1 et seq.). | "Can a person bring or continue with an enforcement action under the Environmental Rights Act (ERA) if a state agency has acted arbitrarily, capriciously or unreasonably?" | 000926.docx | LEGALEASE-00118241-LEGALEASE-00118242 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4408 | McDonnell v. Dean Witter Reynolds, 620 F. Supp. 152 | 25T+210 | The Arbitration Act, enacted in 1925, reflected Congressional concern with judicial hostility to arbitration agreements. "The preeminent concern of Congress in passing the Act was to enforce private agreements into which parties had entered." Byrd, 105 S.Ct. at 1242. However, the right to arbitration, like any other contract right, may be waived. Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 712 F.2d 270, 272"73 (7 Cir.), cert. denied, 464 U.S. 1002, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983); Shinto Shipping Co. v. Fibrex & Shipping Co., 572 F.2d 1328, 1330 (9 Cir.1978); Demsey & Associates v. S.S. Sea Star, 461 F.2d 1009, 1017"18 (2 Cir.1972); cf. Reid Burton Construction, Inc. v. Carpenters District Council of Southern Colorado, 614 F.2d 698, 702 (10 Cir.), cert. denied, 449 U.S. 824, 101 S.Ct. 85, 66 L.Ed.2d 27 (1980). Nevertheless, "[i]n view of the "overriding federal policy favoring arbitration," waiver "is not to be highly inferred and mere delay in seeking a stay of the proceedings without some resultant prejudice to a party cannot carry the day." " Sweater Bee, 754 F.2d at 461 (quoting Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 (2 Cir.1968)). See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24"25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983) (arbitration strongly favored as matter of federal law). | In view of overriding federal policy favoring arbitration, waiver of arbitration is not to be highly inferred and mere delay in seeking stay of proceedings without some resulting prejudice to party cannot carry the day. | "In view of the overriding federal policy favoring arbitration, should waiver be inferred?" | 001186.docx | LEGALEASE-00118421-LEGALEASE-00118422 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 4409 | Lamb v. Rizzo, 391 F.3d 1133 | 237+32 | As a preliminary matter, although Mr. Lamb concedes that the substantive law of the forum state applies, see Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), he fails to recognize that "[i]n the absence of authoritative precedent from the Kansas Supreme Court ..., our job is to predict how that court would rule," Carl v. City of Overland Park, 65 F.3d 866, 872 (10th Cir.1995). Additionally, and contrary to Mr. Lamb's contention, the libel-proof plaintiff doctrine is not an exclusively federal doctrine. It is a judicially created doctrine that has been applied in a number of jurisdictions for more than two decades. It recognizes that damage to one's reputation is the core of a defamation action, and essentially holdsthat when a plaintiff's reputation is so diminished at the time of publication of the allegedly defamatory material that only nominal damages at most could be awarded because the person's reputation was not capable of sustaining further harm, the plaintiff is deemed to be libel-proof as a matter of law and is not permitted to burden a defendant with a trial. | Under "libel-proof plaintiff doctrine," when a plaintiff's reputation is so diminished at the time of publication of the allegedly defamatory material that only nominal damages at most could be awarded because the person's reputation was not capable of sustaining further harm, the plaintiff is deemed to be libel-proof as a matter of law and is not permitted to burden a defendant with a trial. | What is libel proof plaintiff doctrine in defamation cases? | Libel and Slander - Memo 101 - JS.docx | ROSS-003285989-ROSS-003285990 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 4410 | Stout v. Robnett, 107 F.Supp.2d 699 | 170A+657.5(1) | Third, the complaint fails to assert a cause of action which is cognizable in this court under any grounds, and particularly not under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The complaint is largely unintelligible, but appears to be complaining about the seizure of property by the Internal Revenue Service. This court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, Leeke v. Gordon, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); and Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir.1975). Even under this less stringent standard, this action should not be allowed to go forward to trial. It is unintelligible and asserts no acts by the defendants, particularly the spouses, for which the plaintiffs would be entitled to relief. Further, to the extent the action is based upon the assertion that the Internal Revenue Service does not have jurisdiction over the sovereign civilians, it is patently without legitimate basis in fact or law for any relief. | Pro se complaints and petitions are held to less stringent standard than those drafted by attorneys, and federal district court is charged with liberally construing complaint or petition filed by pro se litigant to allow development of potentially meritorious case. | Are pleadings of pro se litigant subject to a less stringent standard than those of lawyers? | 001514.docx | LEGALEASE-00118587-LEGALEASE-00118588 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4411 | State v. Posenjak, 127 Wash. App. 41 | 209+125 | "Indians later asserting treaty rights must establish that their group has preserved its tribal status." United States v. Oregon, 29 F.3d 481, 484 (9th Cir.1994). The signatory tribe has to establish two separate factors. First, it must show that it has maintained an "organized tribal structure." Id. This can be "shown by establishing that "some defining characteristic of the original tribe persists in an evolving tribal community." " Id. Second, it must show that "a group of citizens of Indian ancestry is descended from a treaty signatory." United States, 520 F.2d at 693. | The signatory tribe has to establish two separate factors to establish their group has preserved its tribal status for purposes of treaty rights: (1) it must show that it has maintained an organized tribal structure, and (2) it must show that a group of citizens of Indian ancestry is descended from a treaty signatory. | How can a group prove that it preserved its tribal status to exercise its treaty rights? | 001792.docx | LEGALEASE-00118789-LEGALEASE-00118790 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |
| 4412 | Vidrine v. United States, 846 F. Supp. 2d 550 | 249+33 | The Court now turns its attention to malice, the legal issue inherent within the question of "why?" As previously noted, pursuant to Louisiana law, when an indictment is dismissed, a presumption of a lack of probable cause arises, which allows malice to be inferred, and thus the burden shifts to the defendant to show an absence of malice. Zerbe, at 1231. | Pursuant to Louisiana law governing malicious prosecution claims, when indictment is dismissed, presumption of lack of probable cause arises, which allows malice to be inferred, and thus burden shifts to the defendant to show absence of malice. LSA-C.C. art. 2315. | When does the presumption of lack of probable cause arise in a malicious prosecution claim? | Malicious Prosecution - Memo 28 - JS.docx | ROSS-003298889-ROSS-003298890 | SA, Sub | 0.26 | 0 | 0 | 1 | 1 | |
| 4413 | City of Phoenix v. Kasun, 54 Ariz. 470 | 317A+101 | The distinguishing characteristic of a public utility is the devotion of private property by the owner to such a use that the public generally, or at least that part of the public which has been served and has accepted the service, has the right to demand that such service, so long as it is continued, shall be conducted with reasonable efficiency and under proper charges. When private property is thus devoted to the public use, certain reciprocal rights and duties are raised by implication of law as between the utility and the persons whom it serves, and no contract is necessary to give them. Inasmuch, therefore, as one who devotes his property to a use in which the public has an interest, in effect grants to the public an interest in the use thereof, he must submit to being controlled by the public for the common good to the extent of the interest thus created and so long as such use is continued. Munn v. Illinois, 94 U.S. 113, 24 L.Ed. 77. The right inherent in the public authorities to control the rates to be charged by those operating public utilities is based on the fact that they owe a legal duty to the public to furnish certain services and can, therefore, be regulated by the public as to the price to be charged for such services. It is upon these basic principles that the entire superstructure of public regulation of public utility corporations is based. | The distinguishing characteristic of a "public utility" is the devotion of private property to such a use that public generally, or that part which has been served and has accepted the service, has right to demand that the service, so long as continued, shall be conducted with reasonable efficiency and under proper charges. | What is the distinguishing characteristic of a public utility? | 001628.docx | LEGALEASE-00118990-LEGALEASE-00118991 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4414 | Chiriboga v. State Farm Mut. Auto. Ins. Co., 96 S.W.3d 673 | 401+40 | Texas's venue scheme divides venue into categories, including "general," "mandatory," and "permissive." Mandatory provisions trump permissive ones. See Wichita County v. Hart, 917 S.W.2d 779, 781 (Tex.1996); Allison v. Fire Ins. Exchg., 98 S.W.3d 227, 242 (Austin 2002, no pet. h.). Plaintiffs are accorded the right to choose venue first; as long as suit is initially filed in a county of proper venue (i.e., the county is at least a permissive venue and no mandatory provision applies), the plaintiff's venue choice cannot be disturbed. Wilson v. Tex. Parks & Wildlife Dep't, 886 S.W.2d 259, 261 (Tex.1994). However, if the county to which transfer is sought is a county of mandatory venue, then it is reversible error to deny a transfer. Hart, 917 S.W.2d at 781. On the other hand, if the dispute is between two counties of permissive venue, transferring the case is improper. Wilson, 886 S.W.2d at 262. In cases involving disputes over permissive venue, the entire record is reviewed for any probative evidence that venue was proper in the original county of suit. Id | Plaintiffs are accorded right to choose venue first; as long as suit is initially filed in county of proper venue, that is, the county is at least a permissive venue and no mandatory provision applies, plaintiff's venue choice cannot be disturbed. | Can a plaintiffs choice of a permissive venue be disturbed if no mandatory provision applies? | 001647.docx | LEGALEASE-00118920-LEGALEASE-00118921 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4415 | Marin Real Estate Partners v. Vogt, 373 S.W.3d 57 | 249+28 | A person acts with malice in a malicious prosecution case when he acts with ill will or evil motive to the injury of another, or acts in reckless disregard of the rights of another and with indifference as to whether the other person is injured so as to amount to wanton and willful action knowingly and unreasonably done. Id. Malice can be established by either direct or circumstantial evidence and may be inferred from a lack of probable cause. Thrift, 974 S.W.2d at 80. | A person acts with "malice" in a malicious prosecution case when he acts with ill will or evil motive to the injury of another, or acts in reckless disregard of the rights of another and with indifference as to whether the other person is injured so as to amount to wanton and willful action knowingly and unreasonably done; malice can be established by either direct or circumstantial evidence and may be inferred from a lack of probable cause. | How is malice defined in the context of a malicious prosecution claim? | 001824.docx | LEGALEASE-00118858-LEGALEASE-00118859 | Condensed, SA | 0.05 | 0 | 1 | 0 | 1 | |
| 4416 | AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 25T+114 | The FAA was enacted in 1925 in response to widespread judicial hostility to arbitration agreements. See Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). Section 2, the "primary substantive provision of the Act," Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), provides, in relevant part, as follows: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. " 2. | While the saving clause, in the provision of the Federal Arbitration Act (FAA) stating that arbitration agreements in maritime transactions or contracts evidencing transactions involving commerce are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract, preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives. 9 U.S.C.A. S 2. | Is a written provision to settle disputes by arbitration in a maritime transaction or a contract involving commerce revocable? | 002153.docx | LEGALEASE-00119113-LEGALEASE-00119114 | Condensed, SA, Sub | 0.32 | 0 | 1 | 1 | 1 | 1 |
| 4417 | AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 25T+114 | We largely agree. Although " 2's saving clause preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives. Cf. Geier v. American Honda Motor Co., 529 U.S. 861, 872, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000); Crosby v. National Foreign Trade Council, 530 U.S. 363, 372"373, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000). As we have said, a federal statute's saving clause " "cannot in reason be construed as [allowing] a common law right, the continued existence of which would be absolutely inconsistent with the provisions of the act. In other words, the act cannot be held to destroy itself." " American Telephone & Telegraph Co. v. Central Office Telephone, Inc., 524 U.S. 214, 227"228, 118 S.Ct. 1956, 141 L.Ed.2d 222 (1998) (quoting Texas & Pacific R. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 446, 27 S.Ct. 350, 51 L.Ed. 553 (1907)). | While the saving clause, in the provision of the Federal Arbitration Act (FAA) stating that arbitration agreements in maritime transactions or contracts evidencing transactions involving commerce are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract, preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives. 9 U.S.C.A. S 2. | Does the Federal Arbitration Acts saving clause suggest an intent to preserve state-law rules? | 002166.docx | LEGALEASE-00119126-LEGALEASE-00119128 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4418 | Caldwell v. Green, 451 F. Supp. 2d 811 | 249+18(5) | With respect to probable cause in malicious prosecution actions, Virginia courts have held that incriminating information from someone admitting their participation in a crime creates probable cause. See Southern Railway Co. v. Mosby, 112 Va. 169, 177, 180"81, 70 S.E. 517, 519, 521 (1911). If there is no reason to doubt the truthfulness of the accomplice when the prosecution was initiated, there is still considered to be probable cause sufficient to negate a malicious prosecution claim even if the witness was later shown to be unworthy of belief. See Southern Railway Co., 112 Va. at 177, 70 S.E. at 519. Furthermore, the facts provided to the defendant by an informant need not be true, the defendant need only to reasonably believe they were true at the time the proceeding was instituted. See Southern Railway Co., 112 Va. at 180, 70 S.E. at 520"21. In addition, where facts are admitted, the court determines as a matter of law whether they amount to probable cause. See Bain v. Phillips, 217 Va. 387, 228 S.E.2d 576 (1976); Montgomery Ward & Co. v. Freeman, 199 F.2d 720 (4th Cir.1952). | Under Virginia law, if there is no reason to doubt the truthfulness of the accomplice when the prosecution was initiated, there is still considered to be probable cause sufficient to negate a malicious prosecution claim even if the witness was later shown to be unworthy of belief. | Will the statements of an accomplice create sufficient probable cause in a malicious prosecution claim? | 001805.docx | LEGALEASE-00119047-LEGALEASE-00119048 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 4419 | State v. Archie, 273 Neb. 612 | 352H+259 | The slightest intrusion into the genital opening is sufficient to constitute penetration, and such element may be proved by either direct or circumstantial evidence. It is not necessary that the vagina be entered or that the hymen be ruptured; the entry of the vulva or labia is sufficient. | Slightest intrusion into the genital opening is sufficient to constitute penetration, and such element of incest and first-degree sexual assault on a child may be proved by either direct or circumstantial evidence; it is not necessary that the vagina be entered or that the hymen be ruptured, as the entry of the vulva or labia is sufficient. Neb.Rev.St. SS 28-318(6), 28-703(1); S 28-319 (2005). | Is slightest intrusion sufficient to constitute penetration? | 002084.docx | LEGALEASE-00119319-LEGALEASE-00119320 | SA, Sub | 0.27 | 0 | 0 | 1 | 1 | |
| 4420 | Pac. Gas & Elec. Co. v. F.E.R.C., 306 F.3d 1112 | 145+1 | The court reviews FERC's Orders under the arbitrary and capricious standard. 5 U.S.C. " 706(2)(A); Pub. Utils. Comm'n v. FERC, 254 F.3d 250, 253-54 (D.C.Cir.2001) [hereinafter "CPUC"]. FERC therefore "must be able to demonstrate that it has made a reasoned decision based upon substantial evidence in the record." Sithe/Independence Power Partners, L.P. v. FERC, 165 F.3d 944, 948 (D.C.Cir.1999) (quotations omitted). Because of the highly technical and policy-based nature of rate design, the court's review of whether a particular rate design is just and reasonable is highly deferential. CPUC, 254 F.3d at 254. Absent procedural or methodological flaws, the court may only set aside a rate that is outside a zone of reasonableness, bounded on one end by investor interest and the other by the public interest against excessive rates. Jersey Cent. Power & Light Co. v. FERC, 810 F.2d 1168, 1176-77 (D.C.Cir.1987) (describing the standard in FPC v. Hope Natural Gas Co., 320 U.S. 591, 64 S.Ct. 281, 88 L.Ed. 333 (1944)). Pertinent here, the Supreme Court explained: The court's responsibility is not to supplant the Commission's balance of these interests [investor and public interest] with one more nearly to its liking, but instead to assure itself that the Commission has given reasoned consideration to each of the pertinent factors. Judicial review of the Commission's orders will therefore function accurately and efficaciously only if the Commission indicates fully and carefully the methods by which, and the purposes for which, it has chosen to act, as well as its assessment of the consequences of its orders for the character and future development of the industry. | Court of Appeals reviews orders of the Federal Energy Regulatory Commission (FERC) under arbitrary and capricious standard, pursuant to which the FERC must be able to demonstrate that it has made a reasoned decision based on substantial evidence in record. 5 U.S.C.A. S 706(2)(A). | Are Federal Energy Regulatory Commission orders reviewed under Administrative Procedure Act's arbitrary and capricious standard? | Electricity - Memo 28 - RK.docx | ROSS-003329209-ROSS-003329211 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4421 | Smith v. Burge, 222 F. Supp. 3d 669 | 249+20 | Defendants first contend that Plaintiff has failed to sufficiently allege the absence of probable cause. In the context of a common law malicious prosecution claim in Illinois, "[p]robable cause is "a state of facts that would lead a person of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested committed the offense charged." " Swearnigen"El v. Cook Cnty. Sheriff's Dep't, 602 F.3d 852, 863 (7th Cir. 2010) (citation omitted); see also Cairel, 821 F.3d at 834. As the Seventh Circuit explains, probable cause for a malicious prosecution claim "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." Swearnigen"El, 602 F.3d at 863 (citation omitted). | Probable cause for a malicious prosecution claim under Illinois law requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false. | Does probable cause require proof of conviction to preclude liability for malicious prosecution? | 002917.docx | LEGALEASE-00119804-LEGALEASE-00119806 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 4422 | In re V.F., 157 Cal. App. 4th 962 | 76D+1 | Thus, under the authority of Isayah C., after the court has removed a child from a custodial parent, the court must proceed under section 361.2 to "first determine whether there is a parent ... with whom the child was not residing ... who desires to assume custody of the child," even when a noncustodial parent is incarcerated. (" 361.2, subd. (a).) "[A] parent may have custody of a child, in a legal sense, even while delegating the day-to-day care of that child to a third party for a limited period of time." (Isayah C., supra, 118 Cal.App.4th at p. 700, 13 Cal.Rptr.3d 198.) Because Scott was not the children's custodial parent, the court should have considered the case under section 361.2. (R.S. v. Superior Court, supra, 154 Cal.App.4th at p. 1265, 65 Cal.Rptr.3d 444.) | A parent may have custody of a child, in a legal sense, even while delegating the day-to-day care of that child to a third party for a limited period of time. | Can a parent have legal custody of a child even while delegating the day-to-day care of that child to a third party for a limited period? | 003062.docx | LEGALEASE-00119550-LEGALEASE-00119551 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4423 | Dobbs v. Dobbs Tire & Auto Centers, 969 S.W.2d 894 | 13+4 | Although not succinctly stated, the trial court granted respondents' motion for summary judgment based upon the in pari delicto doctrine. The doctrine of in pari delicto is the legal counterpart to the equitable doctrine of unclean hands. 27A Am.Jur.2d Equity section 123, at 611 (1996). Under the in pari delicto doctrine, a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. 1A C.J.S. Actions section 29 (1985).Also, one cannot maintain a claim for damages where the cause of action is based on an unlawful act or transaction in which both plaintiff and defendant participated. Id. | Under the in pari delicto doctrine, a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | Does the in pari delicto doctrine permit a person to maintain an action if he is a party to the immoral act or wrongdoing? | 002489.docx | LEGALEASE-00119929-LEGALEASE-00119930 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4424 | Jo Ann Howard & Assocs., P.C. v. Cassity, 868 F.3d 637 | 13+4 | Identifying the trust beneficiaries is important, because PNC raises defenses based on an assumption that NPS was the sole beneficiary. PNC contends that the district court erroneously struck its authorization and in pari delicto defenses before trial. The authorization defense applies when a beneficiary concurs in or assents to a breach of trust; such a beneficiary is said to have authorized the breach and cannot complain about it in a lawsuit. Walker v. James, 337 Mo. 750, 85 S.W.2d 876, 885 (1935). The in pari delicto defense provides that "a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party." Dobbs v. Dobbs Tire & Auto Ctrs., Inc., 969 S.W.2d 894, 897 (Mo. Ct. App. 1998). These defenses do not apply to innocent Missouri consumers who were to receive funeral services under a preneed contract, or to funeral homes who were to provide those services. Because the consumers and funeral homes were beneficiaries of the preneed trusts, the district court did not err in striking the defenses. | Under Missouri law, "in pari delicto defense" provides that a person cannot maintain an action if, in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party. | Does the in pari delicto doctrine permit a person to maintain an action if he is a party to the immoral act or wrongdoing? | Action - Memo 46 - MS.docx | ROSS-003285892-ROSS-003285893 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4425 | Wasko v. Manella, 269 Conn. 527 | 366+1 | "The law has recognized two types of subrogation: conventional; and legal or equitable. 73 Am.Jur.2d 599, Subrogation " 2 (1974 and 1995 Sup.) .... Conventional subrogation can take effect only by agreement and has been said to be synonymous with assignment. It occurs where one having no interest or any relation to the matter pays the debt of another, and by agreement is entitled to the rights and securities of the creditor so paid.... By contrast, [t]he right of [legal or equitable] subrogation is not a matter of contract; it does not arise from any contractual relationship between the parties, but takes place as a matter of equity, with or without an agreement to that effect.... The object of [legal or equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, in justice, equity, and good conscience, should pay it.... As now applied, the doctrine of [legal or] equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." (Citations omitted; internal quotation marks omitted.) Westchester Fire Ins. Co. v. Allstate Ins. Co., 236 Conn. 362, 370"71, 672 A.2d 939 (1996). | The doctrine of legal or equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. | What is the object of equitable subrogation? | Subrogation - Memo 18 - VP.docx | ROSS-003295622-ROSS-003295624 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4426 | Mort v. United States, 86 F.3d 890 | 366+31(4) | The doctrine of equitable subrogation allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance. Han v. United States, 944 F.2d 526, 529 (9th Cir.1991). Equitable subrogation is generally appropriate where (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. Id. (applying California law). Equitable subrogation is a broad equitable remedy, and therefore it applies not only when these five factors are met, but also "whenever "one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." " Id. (quoting Caito v. United Cal. Bank, 20 Cal.3d 694, 704, 144 Cal.Rptr. 751, 756, 576 P.2d 466, 471 (1978)). | Equitable subrogation is generally appropriate where subrogee made payment to protect his or her own interest, subrogee did not act as volunteer, subrogee was not primarily liable for debt paid, subrogee paid off entire encumbrance, and subrogation would not work any injustice to rights of junior lienholder. | When is equitable subrogation generally appropriate? | Subrogation - Memo 24 - VP.docx | ROSS-003288961-ROSS-003288963 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 4427 | Associated Elec. & Gas Ins. Servs. Ltd. v. Am. Int'l Grp., 166 F. Supp. 3d 1248 | 366+1 | AEGIS also argues that it is entitled to a pro rata share of the settlement payment under the equitable principle of subrogation. To obtain subrogation, the party seeking reimbursement (the subrogee) must show that: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee must have made payment to protect his own rights or interest; (3) the subrogee must not have acted merely as a volunteer; and (4) the entire debt must have been paid. | To obtain subrogation, under Utah law, the party seeking reimbursement, that is, the subrogee, must show that: (1) there is a debt or obligation for which the subrogee was not primarily liable; (2) the subrogee must have made payment to protect his own rights or interest; (3) the subrogee must not have acted merely as a volunteer; and (4) the entire debt must have been paid. | What must a subrogee show to obtain subrogation? | Subrogation - Memo 25 - VP.docx | ROSS-003285962-ROSS-003285963 | SA, Sub | 0.22 | 0 | 0 | 1 | 1 | |
| 4428 | Iowa State Bar Ass'n v. Kraschel, 260 Iowa 187 | 46H+1010 | The extent of persuasion required of the prosecution in disbarment proceedings does not vary according to the type of conduct charged, regardless of whether it amounts to a crime or merely professional misconduct. In re Disbarment of DeCaro, 220 Iowa 176, 185, 262 N.W. 132, 136; In re Farris, 229 Or. 209, 367 P.2d 387, 391-392. | The extent of persuasion required of the prosecution in disbarment proceedings does not vary according to the type of conduct charged, regardless of whether it amounts to a crime or merely professional misconduct. | Does the extent of persuasion which prosecutors in disbarment proceedings must effect vary according to the type of conduct charged? | Administrative Law - Memo 177 - RK.docx | ROSS-003316789-ROSS-003316790 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |
| 4429 | Florida E. Coast Ry. Co. v. City of Miami, 372 So. 2d 152 | 148+47(1) | The law is well-settled that property devoted to a public use cannot be taken and appropriated to another or different public use by a condemnor to whom the power of eminent domain has been delegated unless the legislative intent to so take has been manifested in express terms or by necessary implication. This is known as the doctrine of prior public use. Simply stated, the rule denies exercise of the above power of condemnation where the proposed use will destroy an existing public use or prevent a proposed public use unless the authority to do so has been expressly given by the legislature or must necessarily be implied. Florida East Coast Railway Co. v. City of Miami, 321 So.2d 545, 547 (Fla.1975); Georgia Southern and Florida Railway Co. v. State Road Dept., 176 So.2d 111, 112 (Fla. 1st DCA 1965); City of Dania v. Central & Southern Florida Flood Control Dist., 134 So.2d 848, 852 (Fla. 2d DCA 1961); 1 Nichols on Eminent Domain s 2.2, p. 205 (3d ed. 1964). | Doctrine of prior public use, simply stated, denies exercise of delegated power of condemnation where proposed use will destroy existing public use or prevent proposed public use unless authority to do so has been expressly given by legislature or must necessarily be implied. | What does the doctrine of prior public use entail? | 002710.docx | LEGALEASE-00120197-LEGALEASE-00120199 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4430 | James v. DeGrandis, 138 F. Supp. 2d 402 | 237+51(1) | The subsidiary meaning doctrine holds that "where a maliciously false statement implies the same ultimate conclusion as that of the remainder of the publication, which has been published without actual malice, a plaintiff cannot "base his defamation action solely on inaccuracies contained within statements subsidiary to these larger views." " Church of Scientology, 932 F.Supp. at 594, quoting Herbert v. Lando, 781 F.2d 298, 311 (2d Cir.1986). "Having determined one or more ultimate conclusions of the publication, and determined that those conclusions were not published with actual malice, a court must grant summary judgment for the defendant where the minor inaccuracies sued upon are subsidiary to one of the larger views which is nonactionable." Church of Scientology, 932 F.Supp. at 594. | Under New York's subsidiary meaning doctrine, where maliciously false statement implies same ultimate conclusion as that of remainder of publication, which has been published without actual malice, plaintiff cannot base his defamation action solely on inaccuracies contained within statements subsidiary to these larger views. | What is the subsidiary meaning doctrine? | 002903.docx | LEGALEASE-00119913-LEGALEASE-00119914 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 4431 | In re Hamada, 291 F.3d 645 | 366+1 | In general terms, subrogation is the substitution of one party in place of another with reference to a lawful claim, demand or right. It is a derivative right, acquired by satisfaction of the loss or claim that a third party has against another. Subrogation places the party paying the loss or claim (the "subrogee") in the shoes of the person who suffered the loss ("the subrogor"). Thus, when the doctrine of subrogation applies, the subrogee succeeds to the legal rights and claims of the subrogor with respect to the loss or claim. See, e.g., Amer. Surety Co. of New York v. Bethlehem Nat. Bank, 314 U.S. 314, 317, 62 S.Ct. 226, 86 L.Ed. 241 (1941) (discussing equitable doctrine of subrogation in surety context); Han v. United States, 944 F.2d 526, 529 (9th Cir.1991) (discussing equitable subrogation generally). | "Subrogation" is substitution of one party in place of another with reference to some lawful claim, demand, or right; it is a derivative right, acquired by satisfaction of loss or claim that third party has against another. | "Is subrogation the substitution of one party in place of another with reference to a lawful claim, demand, or right? " | Subrogation - Memo 47 - RM.docx | ROSS-003295192-ROSS-003295194 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 4432 | In re Jones, 534 B.R. 588 | 366+1 | Subrogation is a doctrine which revolves around the "substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the [party whose debt was paid]" Black's Law Dictionary (10th ed. 2014). Therefore, it is important to distinguish the different entities to whose rights the Defendant seeks to subrogate. For purposes of the instant case, the Court separates those entities into two groups: those whose debts were secured by the Plaintiffs' Property, and those whose debts were not. The Court will address each in turn. | Equitable subrogation is doctrine which revolves around the substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to party whose debt was paid. | Is subrogation the substitution of one party for another whose debt the party pays? | 003537.docx | LEGALEASE-00120349-LEGALEASE-00120350 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4433 | Bierman v. Hunter, 190 Md. App. 250 | 366+1 | Maryland recognizes three categories of subrogation: legal subrogation, conventional subrogation, and statutory subrogation. Hill v. Cross Country Settlements, LLC, 402 Md. 281, 311, 936 A.2d 343 (2007). Legal subrogation is the category at issue in the instant case, and "arises by operation of law when there is a debt or obligation owed by one person which another person, who is neither a volunteer nor an intermeddler, pays or discharges under such circumstances as in equity entitle him to reimbursement to prevent unjust enrichment." Id. at 311"12, 936 A.2d 343 (internal quotations omitted). Subrogation thus involves the " "substitution of one person to the position of another, an obligee, whose claim he has satisfied." " Id. at 312, 936 A.2d 343 (quoting G.E. Capital Mortgage Servs. v. Levenson, 338 Md. 227, 231, 657 A.2d 1170 (1995)). The substituted person, however, "can exercise no right not possessed by his predecessor, and can only exercise such right under the same conditions and limitations as were binding on his predecessor." Id. at 313, 936 A.2d 343 (emphasis added) (internal quotations omitted). Accordingly, subrogation "requires an underlying and independent legal basis upon which [a party] may assert its claims." Id. at 314, 936 A.2d 343. | "Legal subrogation" arises by operation of law when there is a debt or obligation owed by one person which another person, who is neither a volunteer nor an intermeddler, pays or discharges under such circumstances as in equity entitle him to reimbursement to prevent unjust enrichment. | Does legal subrogation take place by operation of law? | 003592.docx | LEGALEASE-00120378-LEGALEASE-00120379 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4434 | Nussbaum Trucking v. Illinois Commerce Comm'n, 99 Ill. App. 3d 741 | 317A+102 | Plaintiffs assert the ICC has exclusive jurisdiction over the sales of stock of public utilities (People v. Whitmer (1927), 243 Ill.App. 244), and because there was no compliance here with statutory requirements, the sales of stock from Martin-Brower to Dr. Brown and then to Ronald Drobny were illegal and Drobny's estate cannot now purport to transfer the stock to the applicants since it does not have legal title thereto. Plaintiffs argue that the grant of the present application validates the prior unauthorized transactions and is therefore contrary to expressed legislative intent and policy. Plaintiffs urge that flagrant disregard and willful evasion of the law call for a voiding of the sale as was done in Klopf v. Commerce Commission (1977), 54 Ill.App.3d 491, 12 Ill.Dec. 199, 369 N.E.2d 906, in that unlawful acts should not be rewarded with ICC approval. Klopf involved the sale of public utility right-of-way governed by the provisions of section 27 of the Public Utilities Act. (Ill.Rev.Stat.1979, ch. 1112/3, par. 27.) We observe here that the Public Utilities Act and the Illinois Motor Carrier of Property Law are in pari materia and should be construed together to determine legislative intent. Potter v. Chicago Heights Motor Freight, Inc. (1979), 78 Ill.App.3d 676, 33 Ill.Dec. 642, 396 N.E.2d 1366. | Public Utilities Act and Illinois Motor Carrier of Property Law are in pari materia and should be construed together to determine legislative intent. S.H.A. ch. 951/212, S 18-307; ch. 1112/323, S 27. | Are the Public Utilities Act and the Motor Carrier of Property Law in pari materia for determining legislative intent? | Public Utilities - Memo 56 - RK.docx | ROSS-003283908-ROSS-003283909 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 4435 | Green v. Cleary Water, Sewer & Fire Dist., 17 So. 3d 559 | 317A+113 | Mississippi Code Section 77-3-21 (Rev.2001) allows the Commission to make findings on whether a utility is providing "reasonably adequate service." Id. The Commission may order a utility to correct specified problems, and if the utility fails to do so, the Commission may revoke a CCN if it finds that revocation would be in the "best interest of the consuming public...." Id. This Court has held that this statutory process is the "exclusive method" for cancellation of CCNs. Delta Elec. Power Ass'n. v. Miss. Power & Light Co., 250 Miss. 482, 506-07, 149 So.2d 504, 511 (1963) ("The statutory expression of one method for cancellation of certificates is justly to be construed as an exclusion of other methods"). | Statutory process that allowed Public Service Commission to order utility to correct specified problems, and if utility failed to do so, revoke a certificate of public convenience and necessity (CCN) if revocation was in the best interest of the consuming public was the exclusive method for cancellation of a CCN. West's A.M.C. S 77-3-21. | "If a public utility does not render reasonably adequate service, will it amount to cancellation of its certificate of public convenience and necessity (CCN)?" | 042589.docx | LEGALEASE-00121187-LEGALEASE-00121188 | Condensed, SA, Sub | 0.53 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4436 | Postal Tel.-Cable Co. v. Pennsylvania Pub. Util. Comm'n, 154 Pa. Super. 340 | 317A+102 | Appellant first challenges the jurisdiction of the commission to order its pole and wire facilities removed. In this respect appellant contends that no interest of the public within the contemplation of the Public Utility Law of May 28, 1937, P.L. 1053, 66 P.S. " 1101 et seq., is adversely affected by the present location of its telegraph line. Section 401 of the Public Utility Law, 66 P.S. " 1171, requires every public utility to "make all such repairs, changes, alterations, substitutions, extensions, and improvements in or to such service and facilities as shall be necessary or proper for the accommodation, convenience, and safety of its patrons, employes, and the public." Section 413, 66 P.S. " 1183, empowers the commission to "determine and prescribe * * * such repairs, changes, alterations, extensions, substitutions, or improvements in facilities as shall be reasonably necessary and proper for the safety, accommodation, and convenience of the public * * *." Appellant argues that "the public," referred to in these sections as respects a utility using facilities located along the highway, includes no more than persons traveling on the highway, and for this position cites Midland Borough v. Steubenville, East Liverpool & Beaver Valley Traction Co. et al., 300 Pa. 134, 150 A. 300. That case merely held the jurisdiction to restrain a public nuisance arising out of unauthorized use of utility facilities located along the highway, and alleged to jeopardize the safety of the citizens was in the Public Service Commission and not in the court of common pleas. That case did not make the distinction which appellant suggests, and which has no basis in established authority, and which is equally without basis in reason or policy. It is probably true that the greater part of the general public normally exposed to any hazard in the use by a public utility of facilities along the public highway are those using the highway for travel. But such a limited construction of the quoted sections of the Public Utility Law | The "public," for whose convenience, accommodation, safety and protection the Public Utility Law is concerned, is not only that portion of the public which the utilities serve, or as respects utilities using facilities located along a highway, persons traveling on the highways, but the general public which may come in contact with the utility's facilities. 66 P.S. SS 1101 et seq., 1171, 1183. | "Does the convenience, accommodation, safety, and protection of the public under the Public Utility Law consist solely of persons served by the utility?" | 042606.docx | LEGALEASE-00121566-LEGALEASE-00121568 | Condensed, SA, Sub | 0.88 | 0 | 1 | 1 | 1 | 1 |
| 4437 | State v. Higgins, 149 N.H. 290 | 352H+59(3) | Further, the victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance. See Harris, 362 S.E.2d at 213; Patnaude, 438 A.2d at 407. "A prostitute does not lose the right of choice, and may consent or not consent according to her own will." Brewer, 559 A.2d at 321 (quotation omitted); see Patnaude, 438 A.2d at 407. | Sexual assault victim's status as a prostitute does not necessarily mean that she will accept every opportunity that comes along to engage in sexual relations or relent to the desires of any paying customer, regardless of her motivation for engaging in prostitution in the first instance; a prostitute does not lose the right of choice, and may consent or not consent according to her own will. | Does the victim's status as a prostitute prove consent to sexual relations? | 042899.docx | LEGALEASE-00121268-LEGALEASE-00121269 | SA, Sub | 0.25 | 0 | 0 | 1 | 1 | |
| 4438 | Warning Lights & Scaffold Serv. v. O & G Indus., 102 Conn. App. 267 | 366+1 | Second, in a tort system that is primarily concerned with providing compensation, "[s]ubrogation has the objective of preventing [an] insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm." L. Ross & T. Segalla, Couch on Insurance (3d Ed.2005) 222:8. In accordance with that principle, the plaintiff could have sought compensation for the costs of its defense either from the defendant pursuant to the rental agreement or from its insurance company pursuant to its insurance policy. Having chosen the latter arrangement and having received the benefit of full indemnification by its insurance carrier, the plaintiff cannot now attempt to effectuate a double recovery by pursuing its original breach of contract claim against the defendant. Indeed, permitting the plaintiff to recover on behalf of its insurance company, and thereby to enrich itself unjustly, would be neither equitable nor consistent with the principles of subrogation.4 See Westchester Fire Ins. Co. v. Allstate Ins. Co., supra, 236 Conn. at 371 n. 7, 672 A.2d 939 (equitable subrogation "derives from the equitable principle against unjust enrichment"). | Subrogation has the objective of preventing an insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm. | "Does subrogation have the objective of preventing an insured from recovering twice for one harm, as would be the case if he or she could recover from both the insurer and from a third person who caused the harm?" | 043630.docx | LEGALEASE-00121326-LEGALEASE-00121327 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4439 | In re Houston, 409 B.R. 799 | 366+2 | The doctrine of equitable subrogation is "founded not upon any fixed law, but upon principles of natural justice; its purpose is to require the ultimate discharge of a debt by the person who in equity and good conscience ought to pay it; and it is to be applied according to the dictates of equity and good conscience in light of the actions and relationship of the parties." Calvert Fire Ins. Co. v. James, 236 S.C. 431, 114 S.E.2d 832, 834 (1960). Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) the party claiming subrogation has paid the debt; (2) the party was not a volunteer but had a direct interest in the discharge of the debt or lien; (3) the party was secondarily liable for the debt or for the discharge of the lien; and (4) no injustice will be done to the other party by the allowance of the equity. United Carolina Bank v. Caroprop, Ltd., 316 S.C. 1, 446 S.E.2d 415, 416 (1994). | Under South Carolina Law, equitable subrogation is appropriate where the following factors are present: (1) party claiming subrogation has paid debt; (2) party was not a volunteer, but had direct interest in discharge of the debt or lien; (3) party was secondarily liable for debt or for discharge of lien; and (4) no injustice will be done to the other party by allowance of the equity. | here is equitable subrogation appropriate? | Subrogation - Memo # 504 - C - NO.docx | LEGALEASE-00011310-LEGALEASE-00011311 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 4440 | Ripley v. Piehl, 700 N.W.2d 540 | 366+1 | Minnesota has long recognized the doctrine of equitable subrogation. See, e.g., Emmert v. Thompson, 49 Minn. 386, 52 N.W. 31 (1892). Under the doctrine, a person who has discharged the debt of another may succeed in substitution to the rights and position of the satisfied creditor. First Nat'l Bank of Menahga v. Schunk, 201 Minn. 359, 363, 276 N.W. 290, 292"93 (1937); Wells Fargo Home Mortg., Inc. v. Chojnacki, 668 N.W.2d 1, 5 (Minn.App.2003). "This equitable principle will be applied in the interest of substantial justice [when] one party has provided funds used to discharge another's obligations if (a) the party seeking subrogation has acted under a justifiable or excusable mistake of fact and (b) injury to innocent parties will otherwise result." Carl H. Peterson Co. v. Zero Estates, 261 N.W.2d 346, 348 (Minn.1977) (footnote omitted). | Under the doctrine of equitable subrogation, a person who has discharged the debt of another may succeed in substitution to the rights and position of the satisfied creditor. | "Under the doctrine of equitable subrogation, could a person who has discharged the debt of another succeed in substitution to the rights and position of the satisfied creditor?" | Subrogation - Memo # 507 - C - SU.docx | ROSS-003315083-ROSS-003315084 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4441 | Ripley v. Piehl, 700 N.W.2d 540 | 366+1 | "Although [equitable] subrogation is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case." Universal Title Ins. Co. v. U.S., 942 F.2d 1311, 1315 (8th Cir.1991). In general, the equity of the party seeking subrogation must be clear and substantial, and superior to that of other claimants. Id. Subrogation cannot be invoked where it would work an injustice, violate sound public policy, or result in harm to innocent third parties. Id. It is axiomatic that as an equitable doctrine, subrogation "aids the vigilant, and not the negligent." Sinell v. Town of Sharon, 206 Minn. 437, 439, 289 N.W. 44, 46 (1939) (quotation omitted). | Although equitable subrogation is a highly favored doctrine, it is not an absolute right, but rather, one that depends on the equities and attending facts and circumstances of each case. | "Is equitable subrogation an absolute right, but one which depends on equities and attending facts and circumstances of each case?" | Subrogation - Memo # 512 - C - SU.docx | ROSS-003310928-ROSS-003310929 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4442 | AJJ Enterprises, LLP v. Jean-Charles, 160 Conn. App. 375 | 366+1 | "Subrogation is a doctrine which equity borrowed from the civil law and administers so as to secure justice without regard to form or mere technicality.. It is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which, in equity and good conscience, should have been discharged by the latter. It is a legal fiction through which one who, not as a volunteer or in his own wrong and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit." (Citation omitted; internal quotation marks omitted.) Home Owners' Loan Corp. v. Sears, Roebuck & Co., 123 Conn. 232, 238, 193 A. 769 (1937). | "Subrogation" is a legal fiction through which one who, not as a volunteer or in his own wrong, and where there are no outstanding and superior equities, pays the debt of another, is substituted to all the rights and remedies of the other, and the debt is treated in equity as still existing for his benefit. | Is equitable subrogation a legal fiction through which person who pays debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other? | 043878.docx | LEGALEASE-00121467-LEGALEASE-00121468 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4443 | First Fid. Bank, Nat. Ass'n, S. v. Travelers Mortg. Servs., 300 N.J. Super. 559 | 366+7(1) | Under the remedy of equitable subrogation, "a surety, upon performance, is placed in the position of a creditor with respect to that creditor's rights and available securities." Hon. William A. Dreier and Paul A. Rowe, Guidebook to Chancery Practice In New Jersey 138 (4th ed.1997) (citing Montefusco Excavating & Contracting Co. v. Middlesex Cty., 82 N.J. 519, 523, 414 A.2d 961 (1980)). The remedy "is highly favored in the law." Ibid. (citing Stevlee Factors, Inc. v. State, 136 N.J.Super. 461, 346 A.2d 624 (Ch.Div.1975), aff'd, 144 N.J.Super. 346, 365 A.2d 713 (App.Div.1976)). Furthermore, the law in this area is clear:When a third party who is not a surety and who has no interest to protect loans or advances money to pay off a mortgage, payment will result in extinguishment of the mortgage unless the third party has a right of subrogation. Even if the third party advances the money at the request of the owner of the redemption interest there is no right of subrogation unless the parties agree that the third party shall have the benefit of the mortgage as security for his loan, or that he shall have a new mortgage of equal rank with the old one. | Under remedy of equitable subrogation, surety, upon performance, is placed in position of principal's creditor with respect to that creditor's rights and available securities. | "Under remedy of equitable subrogation or subrogation, is a surety, upon performance, placed in position of a principal's creditor with respect to that creditor's rights and available securities?" | Subrogation - Memo # 652 - C - SA.docx | ROSS-003288450-ROSS-003288451 | SA, Sub | 0.85 | 0 | 0 | 1 | 1 | |
| 4444 | Matter of Cavalier Homes of Georgia, 102 B.R. 878 | 366+7(1) | The facts show that part of the debt owed to AmSouth Bank remained unsatisfied at the time of trial. Plaintiff argues that subrogation is synonymous with a right to reimbursement. Plaintiff has not, however, shown any support for his contention. This Court believes reimbursement simply means a right to be repaid. Subrogation, however, entitles the guarantor to take the place of the creditor and to have the creditor's rights against the principal and any security held by the creditor. See e.g. Jessee at 210, 267 S.E.2d at 805. The Court is not persuaded that reimbursement is synonymous with subrogation. The Court finds that Debtor is not entitled to subrogation against Individual Defendants and Plaintiff therefore cannot recover on this theory. | Under Georgia law, reimbursement means simply right to be repaid, while subrogation entitles guarantor to take place of creditor and to have creditor's rights against principal and any security held by creditor; reimbursement is not synonymous with subrogation. | "Does reimbursement mean the right to be repaid, while subrogation entitles guarantor to take place of creditor and to have creditor's rights against principal and any security held by a creditor?" | Subrogation - Memo # 666 - C - NO.docx | LEGALEASE-00011508-LEGALEASE-00011509 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 4445 | Kellogg v. Douglas County Bank, 62 Am.St.Rep. 596 | 83E+423 | A bank which has not received a certificate from the bank commissioner authorizing it to transact business may negotiate promissory notes, so as to bind itself, and pass a valid title thereto. An indorsement made on the back of a promissory note in the following language; "For value received, we hereby guaranty payment of within note at maturity, waiving demand, protest, and notice of protest,"-signed by the payee of the note, is a commercial indorsement, as well as a guaranty of payment; and the note, being negotiable in form, is sufficient to pass a valid title to the paper, and protect an innocent purchaser thereof. A fraud may be perpetrated by an insolvent merchant, through the instrumentality of a corporation organized and controlled by himself, to which he transfers the bulk of his property, as well as by a transfer to an individual; and where it appears that this has been done for the purpose of hindering and delaying creditors, and enabling the debtor to retain the management and control of his property, and of depriving his creditors of an opportunity to collect their dues, and where such insolvent retains substantially all the stock in the corporation, and no innocent person contributes any substantial sum to the assets of the corporation, the court is warranted in treating the whole transaction as a sham, in sustaining attachments levied on the property, and directing the sale thereof to satisfy the claims of creditors. | An indorsement on the back of a note in the following language: "For value received we hereby guaranty payment of within note at maturity, waiving demand, protest, and note of protest,"-signed by the payee, is a commercial indorsement, as well as a guaranty, and passes a valid title to the paper. | Does an assignment by a holder written on back of note without limitation a commercial indorsement? | 009552.docx | LEGALEASE-00122330-LEGALEASE-00122331 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4446 | Tucker v. Div. Sales, 315 Ill. App. 3d 472 | 307A+3 | A motion in limine allows a litigant to obtain a pre-trial order which excludes inadmissible evidence and bars questioning of witnesses regarding such evidence. Rutledge v. St. Anne's Hospital, 230 Ill.App.3d 786, 172 Ill.Dec. 495, 595 N.E.2d 1165 (1992). This procedure safeguards against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence. Lundell v. Citrano, 129 Ill.App.3d 390, 84 Ill.Dec. 581, 472 N.E.2d 541 (1984). The violation of an order in limine is reversible error when: (1) the order is specific; (2) the violation is clear; and (3) the opposing party is prejudiced by it. Branum v. Slezak Construction Co., Inc., 289 Ill.App.3d 948, 225 Ill.Dec. 88, 682 N.E.2d 1165 (1997). The trial judge's decision to grant or deny a new trial based on a violation of an order in limine will not be disturbed absent an abuse of discretion. kutchins v. Berg, 264 Ill.App.3d 926, 202 Ill.Dec. 805, 638 N.E.2d 673 (1994) | A motion in limine allows a litigant to obtain a pre-trial order which excludes inadmissible evidence and bars questioning of witnesses regarding such evidence; this procedure safeguards against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence. | Does a motion in limine safeguard against the prejudicial impact resulting from asking questions and making objections before the jury regarding inadmissible evidence? | Pretrial Procedure - Memo # 157 - C - CRB.docx | ROSS-003326761-ROSS-003326762 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |
| 4447 | Seels v. Tenet Health Sys. Hahnemann, 167 A.3d 190 | 307A+3 | A motion in limine is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. Parr v. Ford Motor Co., 109 A.3d 682, 690 (Pa. Super. 2014) (citation omitted). "A trial court's decision to grant or deny a motion in limine is subject to an evidentiary abuse of discretion standard of review." Id. at 690"691 (citation and quotation marks omitted). Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. | A "motion in limine" is a pretrial mechanism to obtain a ruling on the admissibility of evidence, and it gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, preventing the evidence from ever reaching the jury. | Is the purpose of a motion in limine to obtain the court's pre-trial ruling on the admissibility of evidence? | 024244.docx | LEGALEASE-00121886-LEGALEASE-00121887 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 4448 | Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | (Citations, punctuation and footnote omitted; emphasis in original.) State v. Johnston, 249 Ga. 413, 415(3), 291 S.E.2d 543 (1982); see also Andrews v. Wilbanks, supra at 556, 458 S.E.2d 817. Where the evidence may be relevant and material if certain foundational facts are proven, the trial court does not abuse its discretion excluding such evidence until the proper foundation has been laid before the court to make such evidence relevant and create an issue of proof. Id.; Jakobsen v. Colonial Pipeline Co., 237 Ga.App. 441, 446(3), 514 S.E.2d 851 (1999) (trial court can modify a grant of a motion in limine); Dept. of Transp. v. Wallace Enterprises, 234 Ga.App. 1, 4(6), 505 S.E.2d 549 (1998) (denied motion in limine). However, when admission of certain evidence is a matter of law instead of a mixed question of law and fact, the trial court does not abuse its discretion in granting a motion in limine where there are no circumstances under which disputed evidence is admissible. Andrews v. Wilbanks, supra at 556, 458 S.E.2d 817 | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine and admitting it?" | 027024.docx | LEGALEASE-00122307-LEGALEASE-00122308 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4449 | Taylor v. Cty. of Cook, 2011 IL App (1st) 093085 | 30+3366 | A circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine are within its sound discretion and this court will not reverse such rulings unless the circuit court abused its discretion. Davis v. Kraff, 405 Ill.App.3d 20, 28, 344 Ill.Dec. 600, 937 N.E.2d 306 (2010). A circuit court abuses its discretion when its ruling "is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." People v. Caffey, 205 Ill.2d 52, 89, 275 Ill.Dec. 390, 792 N.E.2d 1163 (2001). An abuse of discretion standard is highly deferential to the circuit court. Davis, 405 Ill.App.3d at 28, 344 Ill.Dec. 600, 937 N.E.2d 306. | A circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine are within its sound discretion, and the appellate court will not reverse such rulings unless the circuit court abused its discretion. | Are a circuit court's evidentiary rulings regarding the admissibility of testimony and on a motion in limine within its sound discretion? | Pretrial Procedure - Memo # 438 - C - TJ.docx | ROSS-003310878-ROSS-003310879 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4450 | Pullum v. Robinette, 174 S.W.3d 124 | 307A+3 | State courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. See, e.g., State v. Bray, 669 S.W.2d 684, 687 (Tenn.Crim.App.1983). We know of no authority suggesting a trial court could not change an in limine ruling for other reasons in the exercise of sound discretion. | Courts may make pre-introduction rulings on evidence that are conditional or provisional in nature, and, where such conditions do not occur at trial, may change an earlier ruling regarding the admissibility of the evidence. | Can courts make pre-introduction rulings on evidence that are conditional or provisional in nature and change an earlier ruling regarding the admissibility of the evidence? | Pretrial Proceedure - Memo # 45 - C - TJ.docx | ROSS-003297450-ROSS-003297451 | SA, Sub | 0.49 | 0 | 0 | 1 | 1 | |
| 4451 | In re Flamingo 55, 378 B.R. 893 | 366+1 | "Conventional" or "contractual" subrogation rights arise from an express or implied agreement between the subrogor and subrogee. Mutual Serv. Cas. Ins. Co. v. Elizabeth State Bank, 265 F.3d 601, 626 (7th Cir.2001). "Equitable subrogation is a legal fiction, which permits a party who satisfies another's obligation to recover from the party "primarily liable" for the extinguished obligation." In re Air Crash Disaster, 86 F.3d 498, 549 (6th Cir.1996). The right of "legal" or "equitable" subrogation arose as a "creature of equity" and "is enforced solely for the purpose of accomplishing the ends of substantial justice." Memphis & L.R.R. Co. v. Dow, 120 U.S. 287, 302, 7 S.Ct. 482, 30 L.Ed. 595 (1887).Statutory subrogation, as one might expect, occurs by virtue of a right created by statute. See, e.g., Carter v. Derwinski, 987 F.2d 611, 614 (9th Cir.1993) (en banc). | Right of "legal" or "equitable" subrogation arose as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice. | "Did the right of ""legal"" or ""equitable"" subrogation arise as a creature of equity and is enforced solely for the purpose of accomplishing the ends of substantial justice?" | 043825.docx | LEGALEASE-00121801-LEGALEASE-00121803 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4452 | In re Lewis' Estate, 37 Pa. D. & C. 463 | 366+1 | "Equitable subrogation is a flexible, elastic doctrine of equity" and "[i]ts application should and must proceed on the case-by-case analysis characteristic of equity jurisprudence." Hartford, 600 N.W.2d at 632"33. Subrogration is granted, if at all, with due regard to the rights of others; and it will be refused where it is inequitable to grant it. Walker v. Bates, 244 Mich. 582, 222 N.W. 209 (1928). Evidence of the lapse of time must be considered with the facts and circumstances of the case to determine whether equitable subrogation should be enforced. Smith, 222 N.W. at 208. In this case, Superior Bank is a sophisticated creditor who had complete control over the recording of the signed mortgage. It offers no explanation for the more than seven-month delay between the signing and the recording of the mortgage. Its own negligence led to the dilemma created by the debtor's filing for bankruptcy. See Walker, 222 N.W. at 210. Under these facts, Superior Bank is not entitled to have its interest equitably subrogated to those of Empire National Bank to escape the avoidance of its mortgage for the benefit of the rest of the debtor's creditors. See Cowan v. Huntington Nat'l Bank, 273 B.R. 98, 107 (6th Cir. B.A.P. (Ohio) 2002) (applying Ohio law). The grant of summary judgment to the trustee avoiding Superior Bank's mortgage, therefore, is AFFIRMED. | Under Michigan law, equitable subrogation is flexible, elastic doctrine of equity, whose application should and must proceed on case-by-case analysis characteristic of equity jurisprudence. | "Is equitable subrogation a flexible, elastic doctrine of equity, whose application should and must proceed on case-by-case analysis characteristic of equity jurisprudence?" | Subrogation - Memo # 737 - C - SU.docx | ROSS-003330030-ROSS-003330031 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 4453 | Hickory Springs Mfg. Co. v. Evans, 541 S.W.2d 97 | 366+7(1) | The doctrine of subrogation is an equitable one, and it is recognized that the payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. Payne v. Standard Acc. Ins. Co., 259 S.W.2d 491 (Ky. 1952); Restatement of Security s 141; 73 Am.Jur.2d, Subrogation s 53. | The doctrine of subrogation is an equitable one and it is recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor and be substituted to all of the rights of the creditor against the principal. | Is the doctrine of subrogation an equitable one and is it recognized that payment of an obligation by a surety entitles him to stand in the place of the creditor? | Subrogation - Memo # 894 - C - VA.docx | ROSS-003326618-ROSS-003326619 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |
| 4454 | Haimes v. Schonwit, 268 A.D. 652 | 13+61 | A cause of action usually accrues to a party to an express contract only upon termination of the relationship (Martin v. Camp, 219 N.Y. 170, 114 N.E. 46, L.R.A.1917F, 402; Ga Nun v. Palmer, 202 N.Y. 483, 96 N.E. 99, 36 L.R.A.,N.S., 922), although a cause of action accrues when a payment falls due, even impliedly, as in contracts of hiring for an indefinite period. Davis v. Gorton, 16 N.Y. 255, 69 Am.Dec. 694; cf. Carter v. Carter, 36 Mich. 207; Schaffner v. Schaffner's Estate, 98 Kan. 167, 157 P. 402. Whatever may be the implied due date of payment, it is binding on both parties. The basic principle of mutuality of obligation (Topken, Loring & Schwartz, Inc. v. Schwartz, 249 N.Y. 206, 210, 163 N.E. 735, 736, 66 A.L.R. 1179) precludes acceptance of the theory, advanced in some of the authorities of other states, that in the class of contracts with which we are presently concerned, the due date is not the same for the father as it is for the claimant, to the end that the latter may shift it to an early date, to obtain prompt payment, or to a later date, to avoid the Statute of Limitations, which ever better may subserve his interests. We disagree, therefore, with the determination in Knutson v. Haugen, 191 Minn. 420, 254 N.W. 464, in so far as it is therein held that one seeking recovery on an express contract to support a child during minority is afforded an option to declare payment due at any time during minority and that the same option prevails in the case of an implied contract to pay for such maintenance. Incidental to a father's general and continuing obligation to support his child, a promise imputed to him to reimburse another who assumes that obligation for him is to make immediate payment. "In the case of an action for money had and received, where, by the nature of the case, the duty to pay over arises at once upon the initial payment, the cause of action accrues at once and the statute of limitations begins to run at once." 2 Carmody's New York Practice, " 452, p. 723. As against a | A cause of action usually accrues to a party to an express contract only upon termination of the relationship, but a cause of action accrues when a payment falls due, even impliedly, as in contracts of hiring for an indefinite period. | Does a cause of action accrue to a party to an express contract upon termination of the relationship? | 005591.docx | LEGALEASE-00123956-LEGALEASE-00123958 | Condensed, SA | 0.91 | 0 | 1 | 0 | 1 | |
| 4455 | California Ins. Guarantee Ass'n v. Hill Bros. Transportation, 497 S.W.3d 67 | 13+61 | "Generally a cause of action accrues when facts come into existence [that] authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another." American Star Energy & Minerals Corp. v. Stowers, 457 S.W.3d 427, 430 (Tex.2015) (internal quotation marks omitted). "It is well-settled law that a breach of contract claim accrues when the contract is breached." Via Net v. TIG Ins. Co., 211 S.W.3d 310, 314 (Tex.2006) (internal quotation marks omitted); see Fish v. Texas Legislative Serv., No. 03"10"00358"CV, 2012 WL 254613, at (Tex.App."Austin Jan. 27, 2012, no pet.) (mem.op.) ("A cause of action for breach of contract generally accrues when the breach occurs, and limitations begins to run upon accrual."). "A party breaches a contract if it fails to perform an act it promised to perform." Kendziorski v. Saunders, 191 S.W.3d 395, 403 (Tex.App."Austin 2006, no pet.). "When a claim accrues is a question of law reviewed de novo." Berry v. Encore Bank, No. 01"14"00246"CV, 2015 WL 3485970, at (Tex.App."Houston [1st Dist.] June 2, 2015, pet. denied) (mem.op.) (citing Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex.1990)). | Generally a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy, when a wrongful act causes some legal injury, or whenever one person may sue another. | Is legal injury required for a cause of action to accrue? | 005918.docx | LEGALEASE-00123290-LEGALEASE-00123291 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4456 | Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104 | 148+2.1 | Goldblatt v. Hempstead, supra, is a recent example. There, a 1958 city safety ordinance banned any excavations below the water table and effectively prohibited the claimant from continuing a sand and gravel mining business that had been operated on the particular parcel since 1927. The Court upheld the ordinance against a "taking" challenge, although the ordinance prohibited the present and presumably most beneficial use of the property and had, like the regulations in Miller and Hadacheck, severely affected a particular owner. The Court assumed that the ordinance did not prevent the owner's reasonable use of the property since the owner made no showing of an adverse effect on the value of the land. Because the restriction served a substantial public purpose, the Court thus held no taking had occurred. It is, of course, implicit in Goldblatt that a use restriction on real property may constitute a "taking" if not reasonably necessary to the effectuation of a substantial public purpose, see Nectow v. Cambridge, supra; cf. Moore v. East Cleveland, 431 U.S. 494, 513"514, 97 S.Ct. 1932, 1943, 52 L.Ed.2d 531 (1977) (STEVENS, J., concurring), or perhaps if it has an unduly harsh impact upon the owner's use of the property. | A use restriction on real property may constitute a "taking" if not reasonably necessary to the effectuation of a substantial public purpose or perhaps if it has an unduly harsh impact on the owner's use of the property. U.S.C.A.Const. Amends. 5, 14. | Does a regulation that burdens private property constitute a taking if not reasonably necessary to the effectuation of a substantial public purpose? | 017489.docx | LEGALEASE-00123189-LEGALEASE-00123190 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4457 | Nn aka v. Fed. Republic of Nigeria, 238 F. Supp. 3d 17 | 221+342 | Even though the Court has jurisdiction over Nnaka's suit, many of his specific claims run afoul of the act of state doctrine. See id. at 12 (act of state doctrine represents "a rule of judicial restraint in decisionmaking, not a jurisdictional limitation"). The act of state doctrine is a function of the "domestic separation of powers, reflecting the strong sense of the Judicial Branch that its engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs." W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l, 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (internal quotation marks omitted). "The doctrine directs United States courts to refrain from deciding a case when the outcome turns upon the legality or illegality of official action by a foreign sovereign performed within its own territory." Riggs Nat'l Corp. & Subsidiaries v. Comm'r of IRS, 163 F.3d 1363, 1367 (D.C. Cir. 1999) (citing W.S. Kirkpatrick, 493 U.S. at 406, 110 S.Ct. 701). When the doctrine applies, it serves as a "rule of decision" requiring that such official acts "shall be deemed valid" in the process of deciding a case. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C. Cir. 2002) (quoting W.S. Kirkpatrick, 493 U.S. at 405, 409, 110 S.Ct. 701). But the doctrine only applies to "official" state action: that is, to "conduct that is by nature distinctly sovereign" and "cannot be undertaken by a private individual or entity." McKesson Corp. v. Islamic Republic of Iran, 672 F.3d 1066, 1073 (D.C. Cir. 2012). Purely commercial acts do not qualify. See de Csepel, 714 F.3d at 604. | Act of state doctrine only applies to "official state action," that is, to conduct that is by nature distinctly sovereign and cannot be undertaken by a private individual or entity. | Does the act of state doctrine only apply to official state action to conduct that is by nature distinctly sovereign and cannot be undertaken by a private individual or entity? | 019696.docx | LEGALEASE-00123703-LEGALEASE-00123704 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 4458 | Matar v. Dichter, 500 F. Supp. 2d 284 | 221+151 | The only issue before the Court of Appeals in Tachiona was whether head-of-state immunity is governed by the FSIA or the common law. Head-of-state immunity involves a different analysis than that conducted for lower ranking officials such as Dichter and, if granted, it affords broader protection to the individual. "A head-of-state recognized by the United States government is absolutely immune from personal jurisdiction in United States courts," regardless of whether the claims arise from official or private acts. See Lafontant v. Aristide, 844 F.Supp. 128, 131"32 (E.D.N.Y.1994); accord First Am. Corp. v. Al"Nahyan, 948 F.Supp. 1107, 1119 (D.D.C.1996); Alicog v. Kingdom of Saudi Arabia, 860 F.Supp. 379, 382 (S.D.Tex.1994); Saltany v. Reagan, 702 F.Supp. 319, 320 (D.D.C.1988). | A head-of-state recognized by the United States government is absolutely immune from personal jurisdiction in United States courts, regardless of whether the claims arise from official or private acts. | Is a head-of-state recognized by the United States government absolutely immune from personal jurisdiction in United States courts? | 019733.docx | LEGALEASE-00123813-LEGALEASE-00123814 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4459 | Access Telecom v. MCI Telecommunications Corp., 197 F.3d 694 | 221+388 | In Amoco Cadiz, the court was faced with conflicting interpretations of French law. The court noted that had the litigants been private parties, it would have had to resolve the conflicts. See id. at 1312. Because the Republic of France was before the court, however, the Seventh Circuit accepted its interpretation of the law. See id. The Republic of Mexico is not a litigant before this court and neither is the SCT. And while the evidence shows that the SCT was empowered to enforce Mexican law, it does not persuasively show that the SCT was empowered to interpret Mexican law. The fact that U.S. courts routinely give deference to U.S. agencies empowered to interpret U.S. law and U.S. courts may give deference to foreign governments before the court does not entail that U.S. courts must give deference to all agency determinations made by all foreign agencies not before the court. More importantly, the most relevant official circular at issue is dated 1996, after the new laws went into effect; thus, it is unclear whether the SCT position was that such activities were currently illegal or had always been illegal. For these reasons, we do not feel compelled to credit the SCT's determinations without analysis. | Fact that American courts routinely give deference to American agencies empowered to interpret American law and that American courts may give deference to foreign governments before the court does not entail that American courts must give deference to all agency determinations made by all foreign agencies not before the court. | Can American courts give deference to foreign governments prior to the court not entailing that American courts must give deference to all agency determinations made by all foreign agencies not before the court? | 019810.docx | LEGALEASE-00124142-LEGALEASE-00124144 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4460 | Wultz v. Bank of China Ltd., 32 F. Supp. 3d 486 | 221+151 | The Supreme Court has similarly observed that it "may be correct as a matter of common-law principles" that "foreign sovereign immunity extends to an individual official "for acts committed in his official capacity."" As the court in Giraldo v. Drummond recognized, this immunity protects non-parties from compelled testimony because "sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." Moreover, "[t]he common law of foreign sovereign immunity made no distinction between the time of the commission of official acts and the time of suit." Thus, unlike head-of-state immunity, which is based on status, "immunity based on acts " does not depend on tenure in office" and is available to officials even after leaving office. | Unlike head-of-state immunity, which is based on status, common law foreign sovereign immunity based on acts does not depend on tenure in office and is available to officials even after leaving. | Does common law foreign sovereign immunity based on acts depend on tenure in office and is available to officials even after leaving? | International Law - Memo # 117 - C - CAR.docx | ROSS-003282586-ROSS-003282587 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4461 | Warfaa v. Ali, 33 F. Supp. 3d 653 | 24+767 | The "act of state" doctrine prevents federal courts "from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964). Like the political question doctrine, the act of state doctrine is derived in part from the concern that the Judiciary, by questioning the validity of such acts, could interfere with the Executive Branch's conduct of foreign affairs. W.S. Kirkpatrick & Co. v. Environmental Tectonics Corp., 493 U.S. 400, 404, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). Accordingly, a plaintiff's claim may be barred to the extent that it challenges (1) an "official act of a foreign sovereign performed within its own territory"; and (2) "the relief sought or the defense interposed [would require] a court in the United States to declare invalid the [foreign sovereign's] official act." Id. at 405, 110 S.Ct. 701. | The act of state doctrine preventing federal courts from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory did not apply to former member of the Somali military for alleged torture and attempted extrajudicial killing of Somali national, and thus did not preclude Somali national's claims under the Torture Victim Protection Act (TVPA); both torture and extrajudicial killing violated jus cogens norms of international law and were not recognized as official sovereign acts. Torture Victim Protection Act of 1991, S 1 et seq., 28 U.S.C.A. S 1350 note. | "Does the ""act of state doctrine"" prevent federal courts from declaring invalid the official act of a foreign sovereign involving activities undertaken within its own territory?" | 019900.docx | LEGALEASE-00123641-LEGALEASE-00123642 | Condensed, SA, Sub | 0.36 | 0 | 1 | 1 | 1 | 1 |
| 4462 | Hourani v. Mirtchev, 796 F.3d 1 | 221+342 | That is why courts "traditionally have assumed that an ambassador's powers include the authority to present his or her country's position." Aquamar, 179 F.3d at 1296. Accordingly, when an ambassador speaks in his or her official capacity, that statement "must be regarded as an authoritative representation by the [foreign] government" itself and, "as such [is] binding and conclusive in the courts of the United States against that government." Agency of Canadian Car & Foundry Co. v. American Can Co., 258 F. 363, 368"369 (2d Cir.1919). In other words, when an Ambassador speaks through official Embassy channels, like the Embassy website, he or she "speaks as the sovereign authority for the territory" the sending government controls, Banco Nacional, 14 376 U.S. at 410, 84 S.Ct. 923, and gives voice to the foreign government speaking from within its own territory. That is particularly true when, as here, the Ambassador's speech formally communicated the foreign government's official view of domestic events occurring within its own territory, involving its own nationals, and implicating its own national security. When it comes to that type of sovereign speech, courts of the United States must treat the Ambassador's statements "as an authoritative representation by the [Kazakh] government" itself. Agency of Canadian Car, 258 F. at 368"369 | When an ambassador speaks in his or her official capacity, that statement must be regarded as an authoritative representation by the foreign government itself and, as such is binding and conclusive in the courts of the United States against that government under the act of state doctrine. | "When an ambassador speaks in his or her official capacity, must that statement be regarded as an authoritative representation by the foreign government itself?" | 019943.docx | LEGALEASE-00123637-LEGALEASE-00123638 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4463 | Lauritzen v. Larsen, 345 U.S. 571 | 221+134 | Allegiance of the Defendant Shipowner."A state "is not debarred by any rule of international law from governing the conduct of its own citizens upon the high seas or even in foreign countries when the rights of other nations or their nationals are not infringed." Skiriotes v. State of Florida, 313 U.S. 69, 73, 61 S.Ct. 924, 927, 85 L.Ed. 1193. Steele v. Bulova Watch Co., 344 U.S. 280, 282, 73 S.Ct. 252, 253. Until recent times this factor was not a frequent occasion of conflict, for the nationality of the ship was that of its owners. But it is common knowledge that in recent years a practice has grown, particularly among American shipowners, to avoid stringent shipping laws by seeking foreign registration eagerly offered by some countries. Confronted with such operations, our courts on occasion have pressed beyond the formalities of more or less nominal foreign registration to enforce against American shipowners the obligations which our law places upon them. But here again the utmost liberality in disregard of formality does not support the application of American law in this case, for it appears beyond doubt that this owner is a Dane by nationality and domicile. | Generally, a state is not debarred by any rule of international law from governing conduct of its own citizens upon the high seas or even in foreign countries, when rights of other nations or their nationals are not thereby infringed. | Is the United States barred by any rule of international law from governing conduct of its citizens upon the high seas? | International Law - Memo # 184 - C - PHS.docx | ROSS-003297326-ROSS-003297327 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4464 | The Denny, 40 F. Supp. 92 | 221+134 | The conclusions of law on first reading would seem to present some inconsistencies; closer study, however, will reveal that this is not the fact. There is a distinction between according recognition to a foreign government and recognizing the effect of its laws upon persons and properties within its jurisdiction. While the courts may not accord recognition to a foreign government which has failed to achieve that status, they are not required to ignore the effect of its laws upon persons and properties within the territorial limits of its jurisdiction. There are cited in support of the contentions advanced on behalf of the libellants several cases which, except for an outstanding distinguishing fact, would seem to support them. The cited cases involved recognized foreign states and their accredited representatives, and are, therefore, not applicable. | Courts may not accord recognition to a foreign government whose sovereignty has not been recognized by Department of State, but are not required to ignore the effect of laws of such foreign government upon persons and properties within the territorial limits of foreign state's jurisdiction. | Can Courts accord recognition to a foreign government whose sovereignty has not been recognized by Department of State? | 020081.docx | LEGALEASE-00123326-LEGALEASE-00123327 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 4465 | United States v. One Gulfstream G-V Jet Aircraft, 941 F. Supp. 2d 1 | 221+354 | The act of state doctrine precludes domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory. McKesson Corp. v. Islamic Republic of Iran, 539 F.3d 485, 491 (D.C.Cir.2008); see Underhill v. Hernandez, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897) ("Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another done within its territory."); see also Restatement (Third) of the Foreign Relations Law of the United States " 443 (1987). The doctrine applies when the relief sought or the defense interposed would require a court in the United States to declare invalid the official act of a foreign sovereign performed within its boundaries. W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990). The policies underlying the doctrine include international comity, respect for the sovereignty of foreign nations on their own territory, and the avoidance of embarrassment to the Executive Branch in its conduct of foreign relations. World Wide Minerals, Ltd. v. Republic of Kazakhstan, 296 F.3d 1154, 1165 (D.C.Cir.2002). | The act of state doctrine, precluding domestic courts from inquiring into the validity of the public acts that a recognized foreign sovereign power committed within its own territory did not bar federal government's forfeiture action against jet plane owned by son of president of Equatorial Guinea; that the executive branch brought the forfeiture action weakened the applicability of the doctrine since a major purpose of the doctrine was to prevent the court from hindering the government's foreign policy goals, and invocation of the doctrine would be premature since the government of Equatorial Guinea had not yet established that purchase of the plane was an exercise of sovereign power, rather than made for personal use. 28 U.S.C.A. S 1355. | Does the act of state doctrine preclude courts from evaluating the validity of actions that a foreign government has taken within its own borders? | 020090.docx | LEGALEASE-00123405-LEGALEASE-00123406 | Condensed, SA, Sub | 0.42 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4466 | In re Petition of Bd. of Directors of Hopewell Int'l Ins., Ltd., 272 B.R. 396 | 106+512 | A second alternative would be for this Court to refuse to recognize the 2001 Order and proceed to determine Gold Medal's motion. "No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum.. the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act." Laker Airways, 731 F.2d at 937. This, however, would leave Gold Medal unfairly exposed. Gold Medal should not be under threat of sanctions in Bermuda for making a permissible motion in this Court. | No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum; the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act. | Does the obligation of comity expire when the strong public policies of the forum are vitiated by the foreign act? | 020142.docx | LEGALEASE-00122992-LEGALEASE-00122993 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 4467 | Allied Bank Int'l v. Banco Credito Agricola de Cartago, 757 F.2d 516 | 221+342 | The act of state doctrine operates to confer presumptive validity on certain acts of foreign sovereigns by rendering non-justiciable claims that challenge such acts. The judicially created doctrine is not jurisdictional; it is "a rule of decision under which an act meeting the definition .. is binding on the court." Restatement (Revised) of Foreign Relations Law " 428 comment c (Tent. Draft No. 4, 1983); Empresa Cubana Exportadora de Azucar y Sus Derivados v. Lamborn & Co., 652 F.2d 231, 239 (2d Cir.1981). The applicability of the doctrine is purely a matter of federal law. Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 427, 84 S.Ct. 923, 939, 11 L.Ed.2d 804 (1964). | "Act of state" doctrine operates to confer presumptive validity on certain acts of foreign sovereigns by rendering nonjusticiable claims that challenge such acts. | Is the act of state doctrine a judicially created doctrine which operates to confer presumptive validity on certain acts of foreign sovereigns by rendering nonjusticiable claims that challenge such acts? | International Law - Memo # 392 - C - KI.docx | ROSS-003285399-ROSS-003285400 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4468 | Heine v. New York Life Ins. Co., 50 F.2d 382 | 221+146 | Incidentally, it may be said that the courts of the United States have uniformly applied the law of the place to insurance contracts. Orient Insurance Co. v. Daggs, 172 U.S. 557, 19 S.Ct. 281, 43 L.Ed. 552; Mutual Life Ins. Co. of N.Y. v. Cohen, 179 U.S. 262, 21 S.Ct. 106, 45 L.Ed. 181; Mutual Life Ins. Co. v. Hill, 193 U.S. 551, 24 S.Ct. 538, 48 L.Ed. 788; Northwestern Mut. Life Ins. Co. v. McCue, 223 U.S. 234, 32 S.Ct. 220, 56 L.Ed. 419, 38 L.R.A.(N.S.) 57. And, when suit was entertained, the cause of which arose in a foreign country, the courts granted relief according to the laws of the country where the action arose. Slater v. Mexican Nat. Ry. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900. It has been held that discharge under a foreign obligation in accordance with the foreign law is a complete defense. Zimmerman v. Sutherland, 274 U.S. 253, 47 S.Ct. 625, 71 L.Ed. 1034. It has also been held that the courts of the United States will not inquire into the validity, wisdom or justice of the laws of a foreign country, or the administration of foreign agencies.League v. De Young, 52 U.S.(11 How.) 185, 13 L.Ed. 657; Canada Southern Ry. Co. v. Gebhard, 109 U.S. 527, 3 S.Ct. 363, 27 L.Ed. 1020; Underhill v. Hernandez, 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456; Hewitt v. Speyer (C.C.A.) 250 F. 367. | United States courts will not inquire into validity, wisdom, or justice of laws of foreign country, or administration of foreign agencies, in action on cause arising in foreign country. | "Will the United States courts inquire into validity, wisdom, or justice of laws of a foreign country, or administration of foreign agencies, in action on causes arising in foreign country?" | 020296.docx | LEGALEASE-00123707-LEGALEASE-00123708 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |
| 4469 | Pravin Banker Assocs., Ltd. v. Banco Popular del Peru, 895 F. Supp. 660 | 221+342 | Significant here is the teaching of Allied Bank Int'l v. Banco Credito Agricola, 757 F.2d 516 (2d Cir.), cert. dismissed 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed.2d 706 (1985), in which the Second Circuit held that acts of foreign governments having extraterritorial effect"and consequently falling outside the scope of the act of state doctrine "should nevertheless be extended comity to the extent they are consistent with the law and policy of the United States. 757 F.2d at 522, citing United States v. Belmont, 301 U.S. 324, 332"333, 57 S.Ct. 758, 761"62, 81 L.Ed. 1134 (1937). | Acts of foreign governments having extraterritorial effect, and thus outside the scope of the act of state doctrine, should nevertheless be extended comity to extent they are consistent with the law and policy of the United States. | Should acts of foreign governments be extended comity to the extent they are consistent with the law and policy of the United States? | 020778.docx | LEGALEASE-00123617-LEGALEASE-00123618 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4470 | In re Petition of Bd. of Directors of Hopewell Int'l Ins., Ltd., 272 B.R. 396 | 106+512 | A second alternative would be for this Court to refuse to recognize the 2001 Order and proceed to determine Gold Medal's motion. "No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum.. the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act." Laker Airways, 731 F.2d at 937. This, however, would leave Gold Medal unfairly exposed. Gold Medal should not be under threat of sanctions in Bermuda for making a permissible motion in this Court. | No nation is under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum; the obligation of comity expires when the strong public policies of the forum are vitiated by the foreign act. | A nation is not under an unremitting obligation to enforce foreign interests which are fundamentally prejudicial to those of the domestic forum? | International Law - Memo 351 SB.docx | ROSS-003329621-ROSS-003329623 | Condensed, SA | 0.57 | 0 | 1 | 0 | 1 | |
| 4471 | Folsom v. City of Livingston, 2016 MT 238 | 307A+3 | "A motion in limine can seek to prevent or limit the introduction of evidence at trial, and the authority to grant or deny the motion rests in the inherent power of the district court to admit or exclude evidence so as to ensure a fair trial. Where a decision on a motion in limine involves the exercise of discretion, this Court will not overturn the district court absent an abuse of discretion." Meek v. Mont. Eighth Judicial Dist. Court, 2015 MT 130, 379 Mont. 150, 349 P.3d 493 (internal citations omitted) (citing Hulse v. Dep't of Justice, 1998 MT 108, 289 Mont. 1, 961 P.2d 75; and State v. Weldele, 2003 MT 117,315 Mont. 452, 69 P.3d 1162). "We review for an abuse of discretion a district court's rulings on the admissibility of expert testimony." Norris v. Fritz, 2012 MT 27, 364 Mont. 63, 270 P.3d 79 (citing Weber v. BNSF Ry. Co., 2011 MT 223, 362 Mont. 53, 261 P.3d 984). | A motion in limine can seek to prevent or limit the introduction of evidence at trial, and the authority to grant or deny the motion rests in the inherent power of the district court to admit or exclude evidence so as to ensure a fair trial. | "Do trial courts have broad discretion when ruling on a motion in limine, so appellate court reviews the district court's decision to grant or deny a motion in limine for abuse of discretion?" | 024155.docx | LEGALEASE-00122594-LEGALEASE-00122595 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4472 | Vela v. Wagner & Brown, Ltd., 203 S.W.3d 37 | 30+3209 | A motion in limine is a procedural device that permits a party to identify, pre-trial, certain evidentiary issues the court may be asked to rule upon. Vulcan Materials, 2004 WL 2997852 at. "The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court." Id.; Weidner v. Sanchez, 14 S.W.3d 353, 363 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Judges have the inherent power to regulate behavior in their courtrooms. Dow Chemical, 46 S.W.3d at 240. The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. Cire v. Cummings, 134 S.W.3d 835, 838"39 (Tex.2004). | The imposition of sanctions for violation of an order in limine is left to the sound discretion of the trial court, and an appellate court will not reverse a trial court's decision on sanctions absent a clear abuse of discretion. | "Is the imposition of sanctions for violations of orders limine is left to the sound discretion of the trial court, and when will the court of appeals reverse such sanctions?" | Pretrial Procedure - Memo # 63 - C - VA.docx | ROSS-003284233-ROSS-003284234 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4473 | Chrysler First Bus. Credit Corp. v. Kawa, 914 P.2d 540 | 309+115(1) | It is fundamental that sureties have the right of subrogation to the creditor's position when a debt goes into default. As stated in Behlen Manufacturing Co. v. First National Bank, supra, 28 Colo.App. at 306, 472 P.2d at 706: "A surety is entitled to be subrogated to the benefit of all the securities and means of payment under the creditor's control, and so, in the absence of assent, waiver, or estoppel, he is generally released by any act of the creditor which deprives him of such right." When Chrysler released the first deed of trust on the property in 1992, the property was forever lost to defendants as a source of repayment of the Chrysler debt. This act materially altered the surety relationship between the parties by interfering with the defendants' access to their security. | Surety is entitled to be subrogated to benefit of all securities and means of payment under creditor's control, and so, in absence of assent, waiver, or estoppel, he is generally released by any act of creditor which deprives him of such right. | Is a surety entitled to be subrogated to the benefit of all securities and means of payment under a creditor's control? | Subrogation - Memo # 959 - C - MLS.docx | ROSS-003301310-ROSS-003301311 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 4474 | Mackin v. Auberger, 59 F. Supp. 3d 528 | 63+1(1) | Federal law defines bribery as giving or attempting to give something of value to a public official to influence an official act, commit fraud, or to omit any act in violation of his lawful duty, or for a public official to demand something of value to do the same. 18 U.S.C. " 201. Under federal law, bribery requires a "quid pro quo," or a "specific intent to give or receive something of value in exchange for an official act." United States v. Sun"Diamond Growers, 526 U.S. 398, 404"05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999). Under New York law, a "person is guilty of bribery in the third degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant's vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced." N.Y. Penal Law " 200.00. | Under federal law, bribery requires a "quid pro quo," or a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 201. | Should there be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act? | 011016.docx | LEGALEASE-00125458-LEGALEASE-00125459 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4475 | Langenegger v. United States, 756 F.2d 1565 | 148+285 | While interpretations of the Just Compensation Clause indeed are nebulous, especially where a foreign government's involvement exists, several established authorities serve as useful guides. It is settled law that the United States is bound by our Constitution when it takes actions that affect citizens outside our territory, Reid v. Covert, 354 U.S. 1, 5, 77 S.Ct. 1222, 1224, 1 L.Ed.2d 1148 (1957); therefore the government must provide just compensation for takings by its forces which occur abroad, when not acts of war. Seery v. United States, 127 F.Supp. 601, 130 Ct.Cl. 481 (1955). It is also an accepted principle that it is not essential for the government to have taken property for its own use for a taking to be found. Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984). "A taking can occur simply when the Government by its actions deprives the owner of all or most of his interest in his property," Aris Gloves, Inc. v. United States, 420 F.2d 1386, 1391, 190 Ct.Cl. 367 (1970), and "[t]here can be a taking if the Government makes it possible for someone else to obtain the use or benefit of another person's property." Id. The United States may be held responsible for a taking even when its action is not the final direct cause of the property loss or damage. "[I]n any case where government action is causally related to private misconduct which leads to property damage"a determination must be made whether the government involvement in the deprivation of private property is sufficiently direct and substantial to require compensation under the 017500017501CONFIDENTIALFifth Amendment." National Board of YMCA v. United States, 395 U.S. 85, 93, 89 S.Ct. 1511, 1516, 23 L.Ed.2d 117 (1969) (emphasis supplied). | United States may be held responsible for taking even when its action is not the final direct cause of the property loss or damage. U.S.C.A. Const.Amend. 5. | Can the United States be held responsible for a taking even when its action is not the final direct cause of the property loss or damage? | Eminent Domain - Memo 225 - GP.docx | LEGALEASE-00014291-LEGALEASE-00014292 | SA, Sub | 0.91 | 0 | 0 | 1 | 1 | |
| 4476 | Westgate, Ltd. v. State, 843 S.W.2d 448 | 148+266 | Tex. Const. art. I, " 17 provides that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made...." Generally, the government compensates the owner before appropriating property, either by paying a mutually agreed price or by paying the value as determined in a statutory condemnation proceeding. See Tex.Prop.Code " 21.042. If, however, the government appropriates property without paying adequate compensation, the owner may recover the resulting damages in an "inverse condemnation" suit. See, e.g., City of Austin v. Teague, 570 S.W.2d 389 (Tex.1978); City of Abilene v. Burk Royalty Co., 470 S.W.2d 643 (Tex.1971). An inverse condemnation may occur when the government physically appropriates or invades the property, or when it unreasonably interferes with the landowner's right to use and enjoy the property, such as by restricting access or denying a permit for development. See Teague, 570 S.W.2d 389; City of Waco v. Texland Corporation, 446 S.W.2d 1 (Tex.1969); DuPuy v. City of Waco, 396 S.W.2d 103 (Tex.1965). As in statutory condemnation, the appropriated property must also be applied to public use. Tex. Const. art. I, " 17; Dallas County Flood Control Dist. v. Benson, 157 Tex. 617, 620, 306 S.W.2d 350, 351 (1957). | Property owner may recover damages in inverse condemnation suit, where government appropriates property without paying adequate compensation. Vernon's Ann.Texas Const. Art. 1, S 17. | "Can the owner recover, the resulting damages in an inverse condemnation suit, if the government appropriates property without paying adequate compensation?" | 017532.docx | LEGALEASE-00125170-LEGALEASE-00125171 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 4477 | Nat'l Coal. Gov't of Union of Burma v. Unocal, 176 F.R.D. 329 | 221+342 | Where jurisdiction is available to consider claims based on jus cogens violations of international law, it is less likely that judicial pronouncements on a foreign sovereign's actions will undermine the policies behind the act of state doctrine. In determining whether the doctrine bars judicial review, one factor to be considered is "the degree of international consensus regarding an activity." Liu, 892 F.2d at 1433. The doctrine should not be applied so as tototally emasculate the purpose and effectiveness of the Foreign Sovereign Immunities Act by permitting a foreign state to reimpose the so recently supplanted framework of sovereign immunity, as defined prior to the Act, through the back door, under the guise of the act of state doctrine. | In determining whether act of state doctrine bars judicial review of action of foreign sovereign, one factor to be considered is degree of international consensus regarding activity in question. | What factors should be considered in determining whether act of state doctrine bars judicial review of action of foreign sovereign? | International Law - Memo # 274 - C - NC.docx | ROSS-003322346-ROSS-003322347 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4478 | Risk v. Kingdom of Norway, 707 F. Supp. 1159 | 221+342 | Even if Norway's consulate were treated as its territory, application of the act of state doctrine to the claims against the Mission and Knudsen would not be appropriate. The purpose of the act of state doctrine is to avoid interference with the political branches; where the issue presented is unlikely to affect foreign relations, there is little justification for refusing to hear the case. Sabbatino, 376 U.S. at 423, 84 S.Ct. at 937"38; Timberlane Lumber Co. v. Bank of America, 549 F.2d 597, 607 (9th Cir.1976). Compare International Ass'n of Machinists (named defendants were OPEC cartel members and challenged activity was OPEC pricing policy) with Timberlane (no need to dismiss case involving alleged conspiracy to force a lumber company out of business, where only involvement by foreign government was entry of court order in privately-initiated litigation, and foreign government not named as defendant). See also Clayco Petroleum Corp., 712 F.2d 404, 406"07 (examining first whether sovereign acts implicated, then whether interference with the political branches' conduct of foreign policy would occur); MOL, Inc., 572 F.Supp. at 84"86 (determining first that acts within Bangladesh were sovereign acts, then analyzing these two factors). | Purpose of the act of state doctrine is to avoid interference with political branches; where the issue presented is unlikely to affect foreign relations, there is little justification for refusing to hear the case. | Is the purpose of the act of state doctrine to avoid interference with political branches? | International Law - Memo # 458 - C - NS.docx | ROSS-003314367-ROSS-003314368 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4479 | Perez v. Chase Manhattan Bank, N.A., 61 N.Y.2d 460 | 221+354 | We must first determine whether the property taken by the Cuban government"here, Chase's debt to Manas"was within its borders. For purposes of the Act of State doctrine, a debt is located within a foreign State when that State has the power to enforce or collect it. (Weston Banking Corp. v. Turkiye Garanti Bankasi, A.S., 57 N.Y.2d 315, 324, 456 N.Y.S.2d 684, 442 N.E.2d 1195; Zeevi & Sons v. Grindlays Bank [Uganda ], 37 N.Y.2d 220, 228, 371 N.Y.S.2d 892, 333 N.E.2d 168, cert. den. 423 U.S. 866, 96 S.Ct. 126, 46 L.Ed.2d 95; Menendez v. Saks & Co., 485 F.2d 1355, 1364, supra; United Bank v. Cosmic Int., 392 F.Supp. 262, affd. 542 F.2d 868, 873 (2nd Cir.).) Since Harris v. Balk, 198 U.S. 215, 222"223,1 25 S.Ct. 625, 626, 49 L.Ed. 1023, the power to enforce or collect a debt has been dependent on the presence of the debtor. If the debtor is present in the foreign State and the debt is payable there, the foreign sovereign then has power to enforce or collect it, and a confiscation of that debt amounts to a seizure of property within that sovereign's borders. | For purposes of act of state doctrine, debt is located within foreign state when that state has power to enforce or collect it; if debtor is present in foreign state and debt is payable there, foreign sovereign then has power to enforce or collect it, and confiscation of that debt amounts to seizure of property within that sovereign's borders. | Is a debt located within a foreign state for the purpose of the act of state doctrine if that state has the power to enforce or collect it? | 020467.docx | LEGALEASE-00125337-LEGALEASE-00125338 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 4480 | Interamerican Ref. Corp. v. Texaco Maracaibo, 307 F. Supp. 1291 | 221+342 | This Court may not undertake such an inquiry. In Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964), the Supreme Court held that it could not explore the validity under Cuban law of acts of expropriation by the Castro government. The act of state doctrine, based upon proper concepts of sovereignty and separation of powers, commands that conduct of foreign policy reside exclusively in the executive. For our courts to look behind the acts of a foreign government would impinge upon and perhaps impede the executive in that function. Whether or not Venezuelan officials acted within their authority and by legitimate procedures is therefore not relevant to the instant case. | The "act of state doctrine", based upon proper concepts of sovereignty and separation of powers, commands that conduct of foreign policy reside exclusively in the executive. | "Does the ""act of state doctrine"" command that conduct of foreign policy reside exclusively in the executive?" | International Law - Memo # 616 - MC.docx | ROSS-003298162-ROSS-003298163 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 4481 | Glen v. Club Mediterranee S.A., 365 F. Supp. 2d 1263 | 221+342 | The act of state doctrine is a judicially-created rule of decision that "precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 926, 11 L.Ed.2d 804 (1964). The doctrine prevents any court in the United States from declaring that an official act of a foreign sovereign performed within its own territory is invalid. Kirkpatrick, 493 U.S. at 405"06, 110 S.Ct. at 704"05. It "requires that "the acts of foreign sovereigns taken within their own jurisdictions shall be deemed valid."" Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1293 (11th Cir.2001) (quoting Kirkpatrick, 493 U.S. at 409, 110 S.Ct. at 707). | The act of state doctrine is a judicially-created rule of decision that precludes courts of the United States from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory. | Does the act of state doctrine give validity to governmental acts undertaken by a recognized sovereign within its own territory? | 020542.docx | LEGALEASE-00124816-LEGALEASE-00124817 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4482 | United States v. All Assets Held In Account No. XXXXXXXX, 83 F. Supp. 3d 360 | 221+342 | Along similar lines, "[t]he act of state doctrine precludes the courts of this country from inquiring into the validity of the public acts a recognized foreign sovereign power committed within its own territory." McKesson Corp. v. Islamic Rep. of Iran, 539 F.3d 485, 491 (D.C.Cir.2008) (internal quotation marks omitted). Hence, the act of state doctrine "is applicable when "the relief sought or the defense interposed would [require] a court in the United States to declare invalid the official act of a foreign sovereign performed within" its boundaries." World Wide Minerals, Ltd. v. Rep. of Kazakhstan, 296 F.3d 1154, 1164"65 (D.C.Cir.2002) (quoting W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., 493 U.S. 400, 405, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990)). "One of the major concerns underlying the act of statedoctrine is "the strong sense of the judicial branch that its engagement in the task of passing on the validity of foreignacts of a state may hinder rather than further this country's pursuit of goals both for itself and for the community of nations as a whole in the international sphere." " One Gulfstream, 941 F.Supp.2d at 11"12 (quoting Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 423, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964)). | Act of state doctrine is applicable when the relief sought or the defense interposed would require an American court to declare invalid the official act of a foreign sovereign performed within its boundaries. | Does the act of state doctrine bar an American court from questioning the validity of the act of a foreign sovereign when that act is done within the sovereign's territory? | 020907.docx | LEGALEASE-00124524-LEGALEASE-00124526 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4483 | Wilkow v. Forbes, 241 F.3d 552 | 237+6(1) | We don't think it necessary to consider either constitutional limits on liability for defamation or privileges under New York law, because this article is not defamatory under Illinois law in the first place. (The parties do not contest the district court's conclusion that Illinois law governs the claim and New York law the defense of privilege.) In Illinois, a "statement of fact is not shielded from an action for defamation by being prefaced with the words "in my opinion," but if it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable." Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1227 (7th Cir.1993). See also Sullivan v. Conway, 157 F.3d 1092 (7th Cir.1998) (Illinois law); Bryson v. News America Publications, Inc., 174 Ill.2d 77, 100, 220 Ill.Dec. 195, 672 N.E.2d 1207, 1220 (1996); Stevens, 855 F.2d at 400 ("we do not think [that under Illinois law] the statements characterized as "opinions' are actionable independent of the factual propositions they imply"). | Under Illinois law, a statement of fact is not shielded from an action for defamation by being prefaced with the words "in my opinion," but if it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable. | Can an otherwise defamatory statement be prefaced with in my opinion to claim immunity from liability? | 021081.docx | LEGALEASE-00124874-LEGALEASE-00124875 | SA, Sub | 0.68 | 0 | 0 | 1 | 1 | |
| 4484 | Speed v. Scott, 787 So. 2d 626 | 237+7(2) | In other words, the mere possibility that an act could be penalized under a criminal code is not enough. Falsely accusing someone of exceeding a highway speed limit is an example of an accusation of a crime that is not actionable per se. Only when the crime falsely imputed is of "major and serious a character ... is [it] actionable without proof of special damage." Id. cmt. f. "This is not true of crimes punishable by imprisonment in the county jail or in a workhouse or other similar institution. Many petty misdemeanors, not regarded in the eyes of the community as highly disgraceful, are made punishable by imprisonment.... Unless these crimes are regarded, under Clause [" 571](b), as involving moral turpitude, the accusation of their commission is not actionable per se." Id. "Moral turpitude has been defined as inherent baseness or vileness of principle in the human heart. It means, in general, shameful wickedness, so extreme a departure from ordinary standards of honesty, good morals, justice or ethics as to be shocking to the moral sense of the community." Id. cmt. g. Claiming that this volunteer fireman took two notebook pad pages that he himself had written upon simply does not rise to a crime of shameful wickedness and extreme departure from community standards. | Imputation of a crime of "moral turpitude," as basis for slander per se, involves a crime of inherent baseness or vileness of principle in the human heart, and it means, in general, shameful wickedness, so extreme a departure from ordinary standards of honesty, good morals, justice or ethics as to be shocking to the moral sense of the community. Restatement (Second) of Torts S 571 comment. | How is moral turpitude defined in the context of slander per se? | 021099.docx | LEGALEASE-00125470-LEGALEASE-00125472 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4485 | Jackson v. Joyner, 309 S.W.3d 910 | 307A+3 | We begin our consideration of the parties' arguments by noting that, as Mr. Jackson points out, this Court recently opined that a motion in limine should not be used as a vehicle to preclude a claim or defense or as a substitute for a motion for summary judgment. Duran v. Hyundai Motor America, Inc., 271 S.W.3d 178, 192 (Tenn.Ct.App.2008). Rather, a motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy. Id. It essentially substitutes for an evidentiary objection which may be made at trial. Id. A motion in limine is not subject to the same safeguards as a motion for summary judgment or for partial summary judgment. Id. | A motion in limine provides a means by which a party may seek guidance from the trial court regarding an evidentiary question in order to formulate their trial strategy; it essentially substitutes for an evidentiary objection which may be made at trial. | "Is a motion in limine, essentially, a pre-trial substitute for an evidentiary objection at trial?" | 031368.docx | LEGALEASE-00124682-LEGALEASE-00124683 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 4486 | Kjerstad v. Ravellette Publications, 517 N.W.2d 419 | 275+20 | In order for a violation of an in limine motion to serve as the basis for a new trial, the order must be specific in its prohibitions, and violations must be clear. Northern Trust Bank v. Carl, 200 Ill.App.3d 773, 146 Ill.Dec. 488, 493, 558 N.E.2d 451, 456 (1990). Further, a new trial may follow only where the violation has prejudiced the party or denied him a fair trial. Id. Prejudicial error is error which in all probability produced some effect upon the jury's verdict and is harmful to the substantial rights of the party assigning it. State v. Michalek, 407 N.W.2d 815, 818 (S.D.1987). | In order for violation of in limine order to serve as basis for new trial, order must be specific in its prohibitions, and violations must be clear; additionally, new trial may follow only where violation prejudiced party or denied him fair trial. | "For a violation of a motion in limine to serve as the basis for a new trial, should the order be specific in its prohibitions, and violations be clear?" | Pretrial Procedure - Memo # 485 - C - LK.docx | ROSS-003327971-ROSS-003327973 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 4487 | Lewis v. Buena Vista Mut. Ins. Ass'n, 183 N.W.2d 198 | 388+9(1) | The motion in limine is a useful tool, but care must be exercised to avoid indiscriminate application of it lest parties be prevented from even trying to prove their contentions. That a plaintiff may have a thin case or a defendant a tenuous defense is ordinarily insufficient justification for prohibiting such party from trying to establish the contention. Nor should a party ordinarily be required to try a case or defense twice-once outside the jury's presence to satisfy the trial court of its sufficiency and then again before the jury. Moreover, the motion in limine is not ordinarily employed to choke off an entire claim or defense, as it was here regarding arson. Rather, it is usually used to prohibit mention of some specific matter, such as an inflammatory piece of evidence, until the admissibility of that matter has been shown out of the hearing of the jury. E.g., Mead v. Scott, 256 Iowa 1285, 130 N.W.2d 641 (previous accidents); Wagner v. Larson, 257 Iowa 1202, 136 N.W.2d 312 (collateral benefits and marital trouble); Baysinger v. Haney, 155 N.W.2d 496 (Iowa) (indirect revelation of contents of privileged report). Numerous other illustrations are set out in Davis, The Motion InLimine-A Neglected Trial Technique, 5 Washburn L.J. 232. See also Holtorf, Motions to Limit Evidence, 46 Neb.L.Rev. 502. | Generally, that plaintiff may have thin case or defendant tenuous defense is not sufficient justification for prohibiting such party from trying to establish contention. | "Is the fact that a plaintiff may have a thin case or a defendant a tenuous defense, sufficient justification for prohibiting such a party from trying to establish contention?" | Pretrial Procedure - Memo # 488 - C - LK.docx | ROSS-003296586-ROSS-003296588 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 4488 | Kjerstad v. Ravellette Publications, 517 N.W.2d 419 | 275+20 | In order for a violation of an in limine motion to serve as the basis for a new trial, the order must be specific in its prohibitions, and violations must be clear. Northern Trust Bank v. Carl, 200 Ill.App.3d 773, 146 Ill.Dec. 488, 493, 558 N.E.2d 451, 456 (1990). Further, a new trial may follow only where the violation has prejudiced the party or denied him a fair trial. Id. Prejudicial error is error which in all probability produced some effect upon the jury's verdict and is harmful to the substantial rights of the party assigning it. State v. Michalek, 407 N.W.2d 815, 818 (S.D.1987). | In order for violation of in limine order to serve as basis for new trial, order must be specific in its prohibitions, and violations must be clear; additionally, new trial may follow only where violation prejudiced party or denied him fair trial. | "Should an in limine order be specific in its prohibition and a violation of the order be clear, to serve as the basis for a mistrial and a later motion for a new trial?" | 031997.docx | LEGALEASE-00124360-LEGALEASE-00124361 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4489 | Chavis v. Dir., State Worker's Comp. Div., 924 S.W.2d 439 | 307A+3 | A motion in limine merely precludes reference to certain issues without first obtaining a ruling on the admissibility of those issues outside the presence of the jury. Sims v. State, 816 S.W.2d 502, 504 (Tex.App."Houston [1st Dist.] 1991, writ denied). Accordingly, a trial court's ruling on motion in limine preserves no error. Union Carbide Corp. v. Burton, 618 S.W.2d 410, 415 (Tex.Civ.App."Houston [14th Dist.] 1981, writ ref'd n.r.e.); Gaspard v. Gaspard, 582 S.W.2d 629, 631 (Tex.Civ.App."Beaumont 1979, no writ). | Motion in limine merely precludes reference to certain issues without first obtaining ruling on admissibility of those issues outside presence of jury and, accordingly, trial court's ruling on motion in limine preserves no error. | Does a trial courts ruling on a motion in limine preserve an error? | Pretrial Procedure - Memo # 509 - C - LK.docx | ROSS-003284527-ROSS-003284528 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |
| 4490 | Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. The moving party will thereby be protected from any prejudicial impact from the comment and the making of objections in front of the jury. However, a court is disadvantaged in ruling on a motion in limine because it is considered in a vacuum, before the presentation of the full evidence at trial that may justify admission or require exclusion. Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. Cunningham v. Millers General Insurance Co., 227 Ill.App.3d 201, 205, 169 Ill.Dec. 200, 591 N.E.2d 80 (1992). It is well settled that both the motion in limine and the resulting order should be in writing to prevent confusion and misunderstanding during trial. Stennis v. Rekkas, 233 Ill.App.3d 813, 825, 175 Ill.Dec. 45, 599 N.E.2d 1059 (1992); Cunningham, 227 Ill.App.3d at 205, 169 Ill.Dec. 200, 591 N.E.2d 80. | Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. | Should trial judges attempt to enter narrow in limine orders? | Pretrial Procedure - Memo # 818 - C - KA.docx | ROSS-003326446-ROSS-003326448 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 4491 | Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. The moving party will thereby be protected from any prejudicial impact from the comment and the making of objections in front of the jury. However, a court is disadvantaged in ruling on a motion in limine because it is considered in a vacuum, before the presentation of the full evidence at trial that may justify admission or require exclusion. Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. Cunningham v. Millers General Insurance Co., 227 Ill.App.3d 201, 205, 169 Ill.Dec. 200, 591 N.E.2d 80 (1992). It is well settled that both the motion in limine and the resulting order should be in writing to prevent confusion and misunderstanding during trial. Stennis v. Rekkas, 233 Ill.App.3d 813, 825, 175 Ill.Dec. 45, 599 N.E.2d 1059 (1992); Cunningham, 227 Ill.App.3d at 205, 169 Ill.Dec. 200, 591 N.E.2d 80. | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order prohibiting comment concerning inadmissible evidence during closing argument?c | Pretrial Procedure - Memo # 847 - C - KA.docx | LEGALEASE-00015231-LEGALEASE-00015232 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 4492 | E. Sav. Bank, FSB v. Cach, 124 A.3d 585 | 366+1 | In Reserves Development, LLC v. Severn Sav. Bank, FSB, the Court of Chancery set forth the elements of an equitable subrogation claim:1) payment must have been made by the subrogee to protect his or her own interest; 2) the subrogee must not have acted as a volunteer; 3) the debt paid must have been one for which the subrogee was not primarily liable; 4) the entire debt must have been paid; and 5) subrogation must not work any injustice to the rights of others.Based on the stipulated facts, Eastern has satisfied each of these elements. Eastern paid off the entire debt of the prior mortgages and judgments to protect its own interest and therefore was not a volunteer. Eastern was also not primarily liable for the prior mortgages and liens satisfied as part of the refinancing, and the prior mortgages and liens were fully paid off through the refinancing. And, as discussed below, subrogation does not work an injustice against CACH. | There are five elements necessary to establish a claim for equitable subrogation: (1) payment must have been made by the subrogee to protect his or her own interest, (2) the subrogee must not have acted as a volunteer, (3) the debt paid must have been one for which the subrogee was not primarily liable, (4) the entire debt must have been paid, and (5) subrogation must not work any injustice to the rights of others. | Is it required that subrogation must not work any injustice to the rights of others? | 043636.docx | LEGALEASE-00125138-LEGALEASE-00125139 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4493 | DiCosola v. Bowman, 342 Ill. App. 3d 530 | 307A+3 | The trial court granted plaintiff's motion in limine to exclude the photographs because they were irrelevant to any issues before the court in this case. "Relevant evidence" is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Wojcik v. City of Chicago, 299 Ill.App.3d 964, 971, 234 Ill.Dec. 137, 702 N.E.2d 303, 309 (1998). The trial court is "vested with broad discretion to grant a motion in limine "as part of its inherent power to admit or exclude evidence." [Citation.]" Hawkes v. Casino Queen, Inc., 336 Ill.App.3d 994, 1005, 271 Ill.Dec. 575, 785 N.E.2d 507, 516 (2003). A reviewing 536 court will not disturb the trial court's decision to grant a motion in limine absent a clear abuse of discretion. Hawkes, 336 Ill.App.3d at 1005, 271 Ill.Dec. 575, 785 N.E.2d at 516. In determining whether there has been an abuse of discretion, this court may not substitute its judgment for that of the trial court, or even determine whether the trial court exercised its discretion wisely. 880 630 Simmons v. Garces, 198 Ill.2d 541, 568, 261 Ill.Dec. 471, 763 N.E.2d 720, 737 (2002). A reviewing court may find an abuse of discretion only where "no reasonable person would take the position adopted by the trial court." Taxman v. First Illinois Bank of Evanston, 336 Ill.App.3d 92, 97, 270 Ill.Dec. 244, 782 N.E.2d 803, 807 (2002). Applying that standard to the instant case, we conclude that the trial court did not abuse its discretion in granting plaintiff's motions in limine to (1) exclude evidence as to the dollar amount of property damage to plaintiff's or defendant's vehicle and (2) exclude testimony or photographs regarding the damage to the vehicles. | Trial court is vested with broad discretion to grant a motion in limine as part of its inherent power to admit or exclude evidence. | Does a trial court have broad discretion to grant or deny a motion in limine as part of its inherent power to admit or exclude evidence? | 044390.docx | LEGALEASE-00125539-LEGALEASE-00125540 | Condensed, SA | 0.93 | 0 | 1 | 0 | 1 | |
| 4494 | Henderson v. Fields, 68 S.W.3d 455 | 30+205 | The trial court's ruling on a motion in limine is a preliminary ruling on the admissibility of evidence and is subject to change throughout the course of trial. Wilkerson v. Prelutsky, 943 S.W.2d 643, 646 (Mo. banc 1997). "Therefore, "a complaint about a trial court's in limine ruling preserves nothing for appellate review." 469 Smith v. Associated Natural Gas Co., 7 S.W.3d 530, 536 (Mo.App. S.D.1999) (quoting Sullivan v. Spears, 871 S.W.2d 75, 76 (Mo.App. W.D.1994)). "To preserve the issue of exclusion of evidence for appeal, an offer of proof must be made at trial demonstrating why the evidence is relevant and admissible." Evans v. Wal"Mart Stores, Inc., 976 S.W.2d 582, 584 (Mo.App. E.D.1998). "Consequently, when a motion in limine is granted, the proponent of the evidence, in order to preserve the issue for appellate review, must attempt to present the excluded evidence at trial and, if an objection to the proffered evidence is sustained, the proponent must then make an offer of proof." Id. | The trial court's ruling on a motion in limine is a preliminary ruling on the admissibility of evidence and is subject to change throughout the course of trial; therefore, a complaint about a trial court's in limine ruling preserves nothing for appellate review. | Does a complaint about a trial court's ruling on a motion in limine preserve the issue for appellate review? | 044392.docx | LEGALEASE-00125541-LEGALEASE-00125542 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4495 | Bagford v. Ephraim City, 904 P.2d 1095 | 148+81.1 | However, to create a protectable property interest, a contract must establish rights more substantial in nature than a mere unilateral expectation of continued rights or benefits. See Ruckelshaus, 467 U.S. at 1005, 104 S.Ct. at 2873; State v. Valentine, 10 Utah 2d 132, 136, 349 P.2d 321, 323 (1960); State v. Tedesco, 4 Utah 2d 31, 38, 286 P.2d 785, 789"90 (1955). | Some kinds of contractual rights may be property that can be taken for public use; however, to create protectable property interest, contract must establish rights more substantial in nature than mere unilateral expectation of continued rights or benefits. | "Should the interest must be more substantial than a mere unilateral expectation of continued rights or benefits, to be a protectable property interest?" | 017552.docx | LEGALEASE-00125606-LEGALEASE-00125607 | Condensed, SA | 0.3 | 0 | 1 | 0 | 1 | |
| 4496 | Smith v. Polsky, 796 S.E.2d 354 | 307A+3 | A motion in limine seeks pretrial determination of the admissibility of evidence proposed to be introduced at trial, and is recognized in both civil and criminal trials. The trial court has wide discretion in making this advance ruling. Moreover, the court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion in limine is subject to modification during the course of the trial.Heatherly v. Indus. Health Council, 130 N.C.App. 616, 619, 504 S.E.2d 102, 105 (1998) (internal citations and quotation marks omitted). When this Court reviews a decision to grant or deny a motion in limine, the determination will not be reversed absent a showing that the trial court abused its discretion. Id. | The trial court has wide discretion in making advance rulings on motions in limine regarding admissibility of evidence proposed to be introduced at trial. | Does the trial court have wide discretion in making advance rulings on motions in limine regarding admissibility of evidence proposed to be introduced at trial? | 028298.docx | LEGALEASE-00125618-LEGALEASE-00125619 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 4497 | Aberdeen Cable TV Serv. v. City of Aberdeen, 85 S.D. 57 | 317A+111 | The question of whether or not a given business, industry or service is a public utility "does not depend on legislative definition, but on the nature of the business or service rendered, and an attempt to declare a company or enterprise to be a public utility, where it is inherently not such, is, by virtue of the guaranties of the federal Constitution, void wherever it interferes with private rights of property or contract. So, a legislature cannot by mere fiat or regulatory order convert a private business or enterprise into a public utility, and the question whethr or not a particular company or service is a public utility is a judicial one". 73 C.J.S. Public Utilities s 2, p. 993. The term "public utility" is defined in Black's Law Dictionary 4th Ed. as follows:"PUBLIC UTILITY. A business or service which is engaged in regularly supplying the public with some commodity or service which is of public consequence and need, such as electricity, gas, water, transportation, or telephone or telegraph service. Gulf States Utilities Co. v. State, Tex.Civ.App., 46 S.W.2d 1018, 1021. Any agency, instrumentality, business industry or service which is used or conducted in such manner as to affect the community at large, that is which is not limited or restricted to any particular class of the community. State Public Utilities Commission v. Monarch Refrigerating Co., 267 Ill. 528, 108 N.E. 716, Ann.Cas. 1916A, 528. The test for determining if a concern is a public utility is whether it has held itself out as ready, able and willing to serve the public. Humbird Lumber Co. v. Public Utilities Commission, 39 Idaho 505, 228 P. 271. The term implies a public use of an article, product, or service, carrying with it the duty of the producer or manufacturer, or one attempting to furnish the service, to serve the public and treat all persons alike, without discrimination. Highland Dairy Farms Co. v. Helvetia Milk Condensing Co., 308 Ill. 294, 139 N.E. 418, 420. It is synonymous with "public use," and refers to persons or corporations charged with the duty | A legislature cannot by mere fiat or regulatory order convert a private business or enterprise into a public utility, and question of whether or not a particular company or service is a public utility is a judicial one. SDCL 1967, 9-35-3. | Can the legislature convert a private business into a public utility by a mere fiat or regulatory order? | 042324.docx | LEGALEASE-00125692-LEGALEASE-00125695 | SA, Sub | 0.92 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4498 | Snap-on Bus. Sols. Inc. v. O'Neil & Assocs., 708 F. Supp. 2d 669 | 386+6 | To make a claim for trespass, Snap-on must show it had a possessory interest in the chattel and that O'Neil (1) dispossessed Snap-on of the chattel; (2) impaired the chattel's condition, quality, or value; (3) deprived Snap-on of the chattel's use for a substantial time; or (4) caused bodily harm to Snap-on or to some person or thing in which Snap-on had a legally protected interest. CompuServe, Inc. v. Cyber Promotions, 962 F.Supp. 1015, 1021"22 (S.D.Ohio 1997); see also Universal Tube & Rollform Equip. Corp. v. YouTube, Inc., 504 F.Supp.2d 260, 269 (N.D.Ohio 2007). | To make a claim for trespass to chattels, plaintiff must show it had a possessory interest in the chattel and that defendant (1) dispossessed plaintiff of the chattel; (2) impaired the chattel's condition, quality, or value; (3) deprived plaintiff of the chattel's use for a substantial time; or (4) caused bodily harm to plaintiff or to some person or thing in which plaintiff had a legally protected interest. | What are the elements of a trespass to chattel claim? | 047159.docx | LEGALEASE-00125750-LEGALEASE-00125751 | SA, Sub | 0.28 | 0 | 0 | 1 | 1 | |
| 4499 | Am. Online v. LCGM, 46 F. Supp. 2d 444 | 386+7 | A trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization. AOL v. IMS, CA 98"11"A (citing restatement (Second) of Torts " 217(b)). One who commits a trespass to chattel is liable to the possessor of the chattel if the chattel is impaired as to its "condition, quality, or value." Id. (citing restatement (Second) of Torts " 218(b)). As articulated in CompuServe,[t]o the extent that defendants' multitudinous electronic mailings demand the disk space and drain the processing power of plaintiff's computer equipment, those resources are not available to serve [plaintiff] subscribers. Therefore, the value of that equipment to [plaintiff] is diminished even though it is not physically damaged by defendants' conduct. | Under Virginia law, a trespass to chattels occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization, and one who commits a trespass to chattel is liable to the possessor of the chattel if the chattel is impaired as to its condition, quality, or value. | Can intermeddling with personal property lead to a trespass to chattels claim? | 047175.docx | LEGALEASE-00125776-LEGALEASE-00125777 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |
| 4500 | Dodge Data & Analytics LLC v. iSqFt, 183 F. Supp. 3d 855 | 386+6 | "A trespass to chattel occurs when one intentionally disposes another of their personal property." Mercer v. Halmbacher, 44 N.E.3d 1011, 1017 (OhioApp.2015).One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. | Under Ohio law, one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if: (1) he dispossesses the other of the chattel; (2) the chattel is impaired as to its condition, quality, or value; (3) the possessor is deprived of the use of the chattel for a substantial time; or (4) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest. Restatement (Second) of Torts S 218. | How is liability for trespass to chattel proven? | 047201.docx | LEGALEASE-00125804-LEGALEASE-00125805 | SA, Sub | 0.18 | 0 | 0 | 1 | 1 | |
| 4501 | Sch. of Visual Arts v. Kuprewicz, 3 Misc. 3d 278 | 386+7 | Judged by these standards, the Court concludes that the only viable cause of action pleaded in the complaint is defendant SVA's claim for common law trespass to chattels. [[To establish a trespass to chattels, SVA must prove that Kuprewicz intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in SVA's possession, and that SVA was harmed thereby. PJI 3:9. Thus, one who intentionally interferes with another's chattel is liable only if there results in harm to "the [owner's] materially valuable interest in the physical condition, quality, or value of the chattel, or if the [owner] is deprived of the use of the chattel for a substantial time". Restatement (Second) of Torts " 218, com. e. Furthermore, to sustain this cause of action, the defendant must act with the intention of interfering with the property or with knowledge that such interference is substantially certain to result. Buckeye Pipeline Co., Inc. v. Congel-Hazard, Inc., 41 A.D.2d 590, 340 N.Y.S.2d 263 (4th Dept. 2 N.Y. PJI 2d 86 (2003). | One who intentionally interferes with another's chattel is liable for trespass to chattels only if there results in harm to owner's materially valuable interest in the physical condition, quality, or value of the chattel, or if owner is deprived of use of the chattel for substantial time. Restatement (Second) of Torts S 218. | How can a cause of action for trespass to chattels be proven? | Trespass - Memo 171 - RK.docx | ROSS-003303927-ROSS-003303928 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 4502 | Krusi v. S.J. Amoroso Constr. Co., 81 Cal. App. 4th 995 | 13+61 | We do, however, wholeheartedly embrace its second, involving the issue of accrual of a cause of action, a principle also articulated in Vaughn. It is clear that a cause of action for damage to real property accrues when the defendant's act causes "immediate and permanent injury" to the property or, to put it another way, when there is "[a]ctual and appreciable harm" to the property.]| (CAMSI IV v. Hunter Technology Corp., supra, 230 Cal.App.3d at p. 1534, 282 Cal.Rptr. 80.) In the current flurry of asbestos-related cases, many have been litigated involving alleged injuries to real property. The leading case of that sort in this district makes clear that a cause of action for asbestos-related injury to real property accrues when "damage" or "physical injury to property" occurs. (San Francisco Unified School Dist. v. W.R. Grace & Co. (1995) 37 Cal.App.4th 1318, 1327, 1329, 44 Cal.Rptr.2d 305.) This rule is, of course, simply a corollary of the general rule regarding accrual of causes of action. (See 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, "" We are aware of no reason why it should not apply, as the Keru court applied it, to actions alleging negligence in the design, engineering, or construction of buildings. | Cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property or, put it another way, when there is actual and appreciable harm to the property. | Does a cause of action for damage to real property accrues when the defendant's act causes immediate and permanent injury to the property? | Action memo# 299 C-PC.docx | ROSS-003289974-ROSS-003289975 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4503 | Aronson v. McCoy, 33 A.D.2d 183 | 106+55 | Each employee is entitled to be reclassified upon the basis of the competitive status he earned by examination, and the duties he lawfully performed in such status prior to reclassification. When considering duties actually performed, it must be determined whether such duties were "out-of-title", since it is well settled that if the appellants were performing the work now classified as Court Clerk II "out-of-title" as to their positions as Clerk of District, then they may not be reclassified to the positions of Court Clerk II. (See Matter of Goldhirsch v. Krone, 18 N.Y.2d 178, 272 N.Y.S.2d 765, 219 N.E.2d 282.)The corollary is likewise true. Where the former civil service employment was in a classified title encompassing several different types of employment, then the reclassification of the employees in varying job titles which conform to the work they had been performing is permissible and proper. (See Matter of Mandle v. Brown, 5 N.Y.2d 51, 177 N.Y.S.2d 482, 152 N.E.2d 511; Matter of Ainsberg v. McCoy, 32 A.D.2d 397, 302 N.Y.S.2d 326.) | In reorganization of title structure for nonjudicial court employees of city of New York, each employee is entitled to be reclassified upon basis of competitive status he earned by examination and duties he lawfully performed in such status prior to reclassification. Const. arts. 5, S 6, 6, SS 1 et seq., 4, subd. i; Judiciary Law S 223, subd. 1. | Is a court clerk entitled to be reclassified upon the basis of the competitive status he earned by examinationand the duties he lawfully performed in such status prior to reclassification? | 013497.docx | LEGALEASE-00126315-LEGALEASE-00126316 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4504 | Edward J. Ullrich v. State, 178 Misc. 2d 194 | 148+2.1 | Though the argument offered by Claimant has some facial appeal, the announcement of an impending appropriation does not constitute a de facto taking at that time. The State must actually exercise dominion and control over the subject property for an appropriation to occur (New York Telephone Co. v. State of New York, 67 A.D.2d 745, 412 N.Y.S.2d 223). A taking, however, may occur without an actual physical invasion. Any action which affects the free use and enjoyment of the property or the power of disposition at the will of the owner will also require the payment of just compensation (City of Buffalo v. Clement Co., 28 N.Y.2d 241, 321 N.Y.S.2d 345, 269 N.E.2d 895). Nonetheless, the concept of de facto appropriation has traditionally been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use (City of Buffalo v. Clement Co., supra). However, no action by the Defendant produced a direct invasion or legal restraint on the property prior to the formal taking in 1995. | Concept of de facto appropriation has traditionally been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use. | Has the concept of de facto appropriation been limited to situations involving a direct invasion of the condemnee's property or a direct legal restraint on its use? | Eminent Domain - Memo 269 - GP.docx | ROSS-003285108-ROSS-003285110 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4505 | Rodriguez v. Swartz, 111 F. Supp. 3d 1025 | 221+392 | The Supreme Court stated three factors relevant to determining the extraterritorial application of the Constitution (specifically the Suspension Clause) in Boumediene : (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. 553 U.S. at 128 S.Ct. 2229. The relevant obstacles included, but were not limited to, the consequences for U.S. actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. Id. at 766, 128 S.Ct. 2229. The Court considers these along with the "voluntary connections" test outlined in Verdugo-Urquidez to find that Rodriguez can assert J.A.'s rights pursuant to the Fourth Amendment. | Three factors are relevant to determine the extraterritorial application of the Constitution: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right, including but not limited to the consequences for United States actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. | What factors are relevant to determine the extraterritorial application of a Constitution? | International Law - Memo # 799 - C - VA.docx | ROSS-003286786-ROSS-003286788 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 4506 | In re Air Crash Disaster Near Peggy's Cove, Nova Scotia on Sept. 2, 1998, 210 F. Supp. 2d 570 | 221+137 | Under generally accepted principles of international law, the navigable sea is divided into three zones: inland waters; territorial waters extending seaward from a defined coastal baseline; and the high seas, international waters beyond the limit of a sovereign's territorial sea. United States v. Louisiana, 394 U.S. 11, 89 S.Ct. 773, 22 L.Ed.2d 44 (1969); see generally I. Brownlie, Principles of Public International Law at 183-84 (3d ed.1979); Webster's New Collegiate Dictionary (1979) (defining "high sea" as "the open part of a sea or ocean esp[ecially] outside territorial aters"). Despite this ostensibly established meaning under international law, a review of legislative history, infra, demonstrates that the proponents and opponents of the original DOHSA legislation employed substantively different definitions of the term, and it can be vigorously disputed whether Congress intended to incorporate into DOHSA the international concept of high seas as sovereignless waters. | Under generally accepted principles of international law, the navigable sea is divided into three zones: inland waters; territorial waters extending seaward from a defined coastal baseline; and the high seas, international waters beyond the limit of a sovereign's territorial sea. | Is the navigable sea divided into three zones? | International Law - Memo # 804 - C - NS.docx | ROSS-003298649-ROSS-003298650 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 4507 | Hernandez v. United States, 757 F.3d 249 | 221+391 | Specifically, three "objective factors and practical concerns" are relevant to our extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. Cf. id. at 766"71, 128 S.Ct. 2229. The relevant practical obstacles include the consequences for U.S. actions abroad, the substantive rules that would govern the claim, and the likelihood that a favorable ruling would lead to friction with another country's government. See id.; Verdugo"Urquidez, 494 U.S. at 273"74, 110 S.Ct. 1056; id. at 278, 110 S.Ct. 1056 (Kennedy, J., concurring). These factors are not exhaustive, as the relevant considerations may change with the facts of an individual case, but they do provide a baseline for addressing questions of extraterritoriality | Three objective factors and practical concerns are relevant to Court of Appeals' extraterritoriality determination: (1) the citizenship and status of the claimant, (2) the nature of the location where the constitutional violation occurred, and (3) the practical obstacles inherent in enforcing the claimed right. | Which three factors are relevant to determine the extraterritorial application of the Constitution? | 020621.docx | LEGALEASE-00125915-LEGALEASE-00125916 | SA, Sub | 0.65 | 0 | 0 | 1 | 1 | |
| 4508 | Envtl. Tectonics v. W.S. Kirkpatrick, 847 F.2d 1052 | 221+351 | The appellant has advanced several objections to the district court's act of state determination. Two of these objections lack merit. First, we agree with the district court's conclusion that the award of a military procurement contract can be, in certain circumstances, a sufficiently formal expression of a government's public interests to trigger application of the doctrine. It is true that certain governmentally authorized acts, such as the award of a patent or the acts of a bankruptcy trustee, are considered so routine as to be not of substantial concern to the political branches in their conduct of foreign policy. See Remington Rand Corp. v. Business Systems, Inc., 830 F.2d 1260, 1265 (3rd Cir.1987); Mannington Mills, 595 F.2d at 1294. But the award of a major defense contract generally does not result from a near-mechanical exercise of narrowly-defined governmental discretion. The award of a military contract, particularly one for a major project, is usually influenced by national security considerations"considerations that are far from routine. | Award of military procurement contract by foreign government can become, in certain circumstances, a sufficiently formal expression of that government's public interest to trigger application of the act of state doctrine. | "Can an award of a military procurement contract be, in certain circumstances, a sufficient formal expression of a government's public interests?" | 020664.docx | LEGALEASE-00126147-LEGALEASE-00126148 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4509 | Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. The moving party will thereby be protected from any prejudicial impact from the comment and the making of objections in front of the jury. However, a court is disadvantaged in ruling ona motion in limine because it is considered in a vacuum, before the presentation of the full evidence at trial that may justify admission or require exclusion. Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. Cunningham v. Millers General Insurance Co., 227Ill. App.3d 201, 205, 169 Ill. Dec. 200, 591 N.E.2d 80 (1992). It is well settled that both the motion in limine and the resulting order should be in writing to prevent confusion and misunderstanding during trial. Stennis v. Rekkas, 233 Ill_App.3d 813, 825, 175Ill. Dec. 45, 599 N.E.2d 1059 (1992); Cunningham, 227 Il].App.3d at 205, 169 Ill. Dec. 200, 591 N.E.2d 80. | Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. | Should trial judges attempt to enter narrow in limine orders as an unclear order in limine is worse than no order at all? | Pretrial Procedure - Memo # 876 - C - KA.docx | ROSS-003330712-ROSS-003330714 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 4510 | Agnew v. Shaw, 355 Ill. App. 3d 981 | 307A+3 | Plaintiff's second argument on appeal is that she was denied a fair trial because the defendants' Frye objection was raised in a motion in limine and the trial court did not have adequate time to conduct a hearing prior to the commencement of Dr. Schapira's testimony. Essentially the plaintiff is arguing that the defendants' Frye objection should not have been brought in a motion in limine and that it was untimely. Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. Beehn v. Eppard, 321 Ill.App.3d 677, 680"81, 254 Ill.Dec. 598, 747 N.E.2d 1010 (2001), citing People v. Williams, 188 Ill.2d 365, 369, 242 Ill.Dec. 260, 721 N.E.2d 539 (1999). An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view (People v. Illgen, 145 Ill.2d 353, 364, 164 Ill.Dec. 599, 583 N.E.2d 515 (1991); Diamond v. United Food & Commercial Workers Union Local 881, 329 Ill.App.3d 519, 526, 263 Ill.Dec. 784, 768 N.E.2d 865 (2002)), or if there is an application of impermissible legal criteria. Boatmen's National Bank of Belleville v. Martin, 155 Ill.2d 305, 314, 185 Ill.Dec. 509, 614 N.E.2d 1194 (1993). However, a reviewing court can sustain the decision of the trial court to admit or exclude evidence for any appropriate reason, regardless of whether the trial court relied on that reason or whether the trial court's reasoning was correct. See Leonardi, 168 Ill.2d at 97, 212 Ill.Dec. 968, 658 N.E.2d 450; Government Employees Insurance Co. v. Buford, 338 Ill.App.3d 448, 456, 272 Ill.Dec. 786, 788 N.E.2d 90 (2003). | Motions in limine are addressed to the trial court's inherent power to admit or exclude evidence; generally, a reviewing court will not disturb the trial court's ruling on motions in limine absent an abuse of discretion, so long as the trial court exercises its discretion within the bounds of the law. | When is an order in limine considered an abuse of the trial courts discretion? | 037827.docx | LEGALEASE-00125986-LEGALEASE-00125987 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4511 | Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | (Citations, punctuation and footnote omitted; emphasis in original.) State v. Johnston, 249 Ga. 413, 415(3), 291 S.E.2d 543 (1982); see also Andrews v. Wilbanks, supra at 556, 458 S.E.2d 817. Where the evidence may be relevant and material if certain foundational facts are proven, the trial court does not abuse its discretion excluding such evidence until the proper foundation has been laid before the court to make such evidence relevant and create an issue of proof. Id.; Jakobsen v. Colonial Pipeline Co., 237 Ga.App. 441, 446(3), 514 S.E.2d 851 (1999) (trial court can modify a grant of a motion in limine); Dept. of Transp. v. Wallace Enterprises, 234 Ga.App. 1, 4(6), 505 S.E.2d 549 (1998) (denied motion in limine). However, when admission of certain evidence is a matter of law instead of a mixed question of law and fact, the trial court does not abuse its discretion in granting a motion in limine where there are no circumstances under which disputed evidence is admissible. Andrews v. Wilbanks, supra at 556, 458 S.E.2d 817. | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does a trial court abuse its discretion in denying a motion in limine?" | 037849.docx | LEGALEASE-00126060-LEGALEASE-00126061 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4512 | Halifax Paper Co. v. Roanoke Rapids Sanitary Dist., 232 N.C. 421 | 317A+111 | It is stated in 51 C.J., p. 8, Sec. (19) F., "The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service, but it may act in a private capacity as distinguished from its public capacity, and in so doing is subject to the same rules as a private person." City of Phoenix v. Kasun, 54 Ariz. 470, 97 P.2d 210, 127 A.L.R. 84; Western Union Telegraph Co. v. Louisville & N. R. Co., 5 Cir., 250 F. 199. And in 51 C.J. p. 6, Sec. (13) B., it is also said: "Public utilities have the right to enter into contracts between themselves or with others, free from the control or supervision of the State, so long as such contracts are not unconscionable or oppressive and do not impair the obligation of the utility to discharge its public duties. " Oklahoma Gas & Electric Co. v. Wilson & Co., 146 Okl. 272, 288 P. 316; Oklahoma Gas & Electric Co. v. Oklahoma Natural Gas Co., 85 Okl. 25, 205 P. 768. | The fact that a business or enterprise is, generally speaking, a public utility, does not make every service performed or rendered by it a public service and it may act in a private capacity as distinguished from its public capacity, and, in so doing, is subject to the same rules as a private person. | Does a public utility act in private capacity when rendering a service that is not a public service? | 042363.docx | LEGALEASE-00126010-LEGALEASE-00126011 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 4513 | Vines v. Branch, 244 Va. 185 | 126+6 | In the trespass count, Vines seeks money damages for the loss of use of the vehicle resulting from the alleged trespass to her personal property. She does not seek return of the vehicle in that count. Where a person has illegally seized the personal property of another and converted it to his own use, the owner may bring an action in trespass, trover, detinue, or assumpsit. Raven Red Ash Coal Co. v. Ball, 185 Va. 534, 542, 39 S.E.2d 231, 235(1946). Here, Vines has chosen to assert a trespass action. | Where person has illegally seized personal property of another and converted it to his own use, owner may bring action in trespass, trover, detinue, or assumpsit. | "When a person has illegally seized another's personal property and converted it to his own use, may the owner bring an action for trespass?" | Trespass - Memo 194 - RK.docx | ROSS-003303935-ROSS-003303936 | Condensed, SA | 0.68 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4514 | Bend v. Marsh, 145 Neb. 780 | 241+43 | As to when, for the purpose of the running of the statute of limitations, a cause of action has accrued, we stated the rule in Department of Banking v. McMullen, 134 Neb. 338, 278 N.W. 551, 555, to be as follows: "The accrual of a cause of action means the right to maintain and institute a suit, and whenever one person may sue another, a cause of action has accrued and the statute begins to run, but not until that time. So whether at law or in equity, the cause of action arises when, and only when, the aggrieved party has a right to apply to the proper tribunal for relief." | As respects running of limitations, the "accrual of a cause of action" means the right to maintain and institute a suit, and, whenever one person may sue another, cause of action has accrued and statute begins to run. | Does accrual of cause of action mean right to maintain and institute suit? | 005695.docx | LEGALEASE-00126412-LEGALEASE-00126413 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 4515 | Great Am. Ins. Co. v. Louis Lesser Enterprises, 353 F.2d 997 | 13+61 | Generally, a cause of action is deemed to have accrued when facts exist which enable one party to maintain an action against another, or at the time when the party owning the cause of action has a legal right to sue thereon. United States v. Lovknit Mfg. Co., 189 F.2d 454, 457 (5 Cir. 1951); 1 C.J.S. Actions " 124. More to the point, "(a) cause of action in contract accrues at the time of the breach or failure to do the thing agreed to but not until then". 1 Am.Jur.2d Actions, " 89. | Generally, cause of action is deemed to have accrued when facts exist which enable one party to maintain action against another, or at time when party owning cause of action has legal right to sue thereon. | Will a cause of action accrue on facts that enable a party to legally maintain a suit against another? | 005749.docx | LEGALEASE-00126657-LEGALEASE-00126658 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 4516 | Krchnak v. Fulton, 759 S.W.2d 524 | 13+61 | The accrual of a cause of action means the right to institute and maintain a suit and whenever one person may sue another a cause of action has accrued.Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716, 721 (1945). As early as 1854, the Texas Supreme Court held that in a case such as this, the contract, its performance and its breach were all essential parts of the cause of action. Phillio v. Blythe, 12 Tex. 124, 127"28 (1854). Since the payment, under the allegations of appellee, was to be made in Lubbock County, and that payment was not made, a portion of the cause of action accrued in that county and, within the purview of Texas Civil Practice & Remedies Code Annotated section 15.001 (Vernon 1986), the suit was permissibly maintainable in that county. Hoffer Oil Corporation v. Brian, 38 S.W.2d at 597. | "Accrual of a cause of action" means right to institute and maintain suit; whenever one person may sue another a cause of action has accrued. | Does accrual of a cause of action constitute the right to institute and maintain a suit and whenever one person sue another a cause of action accrue? | 005774.docx | LEGALEASE-00126491-LEGALEASE-00126492 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4517 | Smith v. City of Chicago, 143 F. Supp. 3d 741 | 386+7 | Next, Plaintiffs maintain that their trespass claims are not based on the trespass to the physical condition of land as the City argues, but concern the trespass to personal property. Under Illinois law, "an injury to or interference with possession, with or without physical force, constitutes a trespass to personal property." See Sotelo v. DirectRevenue, LLC, 384 F.Supp.2d 1219, 1229 (N.D.Ill.2005) (citation and quotation marks omitted). In other words, "harm to the personal property or diminution of its quality, condition, or value as a result of a defendant's use can [ ] result in liability."Id.; see also Kay v. Cook County, No. 05 C 3015, 2006 WL 2509721, at (N.D.Ill. Aug. 29, 2006) (citing Restatement (Second) of Torts " 218(b)). | Harm to the personal property or diminution of its quality, condition, or value as a result of a defendant's use can result in liability for trespass to chattels under Illinois law. | "Can a harm to the personal property or diminution of its quality, condition, or value as a result of a defendants use result in liability for trespass to chattel?" | 047271.docx | LEGALEASE-00126524-LEGALEASE-00126525 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4518 | Beauchamp v. Great W. Life Assur. Co., 918 F. Supp. 1091 | 25T+134(3) | Accordingly, this court chooses not to treat Prudential as persuasive precedent, instead holding, consistently with Gilmer, that a party is generally chargeable with knowledge of the existence and scope of an arbitration clause within a document signed by that party, in the absence of fraud, deception, or other misconduct that would excuse the lack of such knowledge. | Party is generally knowledgeable with knowledge of existence and scope of an arbitration clause within a document signed by party, in the absence of fraud, deception or other misconduct that would excuse the lack of such knowledge. | Is a party generally chargeable with knowledge of the existence and scope of an arbitration clause within a document signed by that party? | 007239.docx | LEGALEASE-00127233-LEGALEASE-00127234 | Condensed, SA | 0.37 | 0 | 1 | 0 | 1 | |
| 4519 | Adams v. City of New York, 226 F. Supp. 3d 261 | 129+103 | The offense of disorderly conduct has three elements: "(i) the defendant's conduct must be "public" in nature, (ii) it must be done with "intent to cause public inconvenience, annoyance or alarm" or with recklessness as to "a risk thereof," and (iii) it must match at least one of the descriptions set forth in the statute." Provost v. City of Newburgh, 262 F.3d 146, 157 (2d Cir. 2001)."Evidence of actual or threatened public harm ("inconvenience, annoyance or alarm") is a necessary element of a valid disorderly conduct charge." People v. Johnson, 22 N.Y.3d 1162, 1164, 986 N.Y.S.2d 407, 9 N.E.3d 902 (2014). | Under New York law, offense of disorderly conduct has three elements: (1) the defendant's conduct must be public in nature, (2) it must be done with intent to cause public inconvenience, annoyance or alarm or with recklessness as to a risk thereof, and (3) it must match at least one of the descriptions set forth in the statute. N.Y. Penal Law S 240.20. | When can a person be held guilty of disorderly conduct? | 014321.docx | LEGALEASE-00126973-LEGALEASE-00126974 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 4520 | State ex rel. State Highway Comm'n v. Johns, 507 S.W.2d 75 | 200+80 | There are, in addition to the above general statements, cases which bear more directly on the issues of this case. Foremost and factually in point is City of Emporia v. Humphrey, 132 Kan. 682, 297 P. 712 (1931). That was a suit for mandatory injunction to compel defendant to move a portion of her building from Commercial Street. The street was 100 feet wide, and was paved through its center 40 feet wide. On each side of the pavement were sidewalks and parkings in the street. Defendant's building encroached about 3 feet onto the street. At page 714 the court said, "A permanent encroachment upon a public street for a private purpose is a purpresture, and is in law a nuisance." The court quoted Elliott on Roads and Streets (4th Ed.) s 828, p. 1076: "Public highways belong, from side to side and end to end, to the public,' and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se, and may be abated, notwithstanding space is left for the passage of the public. This is the only safe rule, for, if one person can permanently use a highway for his own private purposes, so may all, and if it were left to the jury to determine in every case how far such an obstruction might encroach upon the way without being a nuisance, there would be no certainty in the law, and what was at first a matter of small consequence would soon become a burden not only to adjoining owners, but to all the taxpayers and the traveling public as well. Thus expediency forbids any other rule. But even if it did not, the rule is well founded in principle, for it is well settled that "the public are entitled not only to a free passage along the highway, but to a free passage along any portion of it not in the actual use of some other traveler," and if this be true it necessarily follows that there can be no rightful permanent use of the way for private purposes." See the there cited case of State v. Kean, 69 N.H. 122, 45 A. 256 (1897) , stating substantially the rule of Elliott, | Public highways belong, from side to side, and end to end, to the public and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se and may be abated, notwithstanding space is left for the passage of the public. | Is structure maintained upon a public roadway a nuisance subject to abatement? | 019290.docx | LEGALEASE-00126904-LEGALEASE-00126906 | Condensed, SA | 0.9 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4521 | Alderson v. S. Co., 321 Ill. App. 3d 832 | 317A+113 | State Line Energy's claim that it lacks a certificate of public convenience and necessity pursuant to section 8"406 of the Public Utilities Act (220 ILCS 5/8"406 (West 1996)) and therefore cannot "do business" in Illinois is unavailing. The Public Utilities Act governs generating facilities within Illinois. 220 ILCS 5/3"105 (West 1996). The purpose of requiring a certificate of public convenience and necessity is to prevent unnecessary duplication of facilities and to protect the public from inadequate service and higher rates resulting from such duplication, while simultaneously protecting a utility against indiscriminate or ruinous competition. Citizens United for Responsible Energy Development, Inc. v. Illinois Commerce Comm'n, 285 Ill.App.3d 82, 89, 220 Ill.Dec. 738, 673 N.E.2d 1159, 1165 (1996). There is nothing in the Public Utilities Act which forecloses a conclusion that, by delivering electrical power wholesale to an Illinois utility, State Line Energy is "doing business" in Illinois. | The purpose of requiring utility to obtain a certificate of public convenience and necessity is to prevent unnecessary duplication of facilities and to protect the public from inadequate service and higher rates resulting from such duplication, while simultaneously protecting a utility against indiscriminate or ruinous competition. S.H.A. 220 ILCS 5/8-406. | Why is a certificate of public convenience and necessity issued? | 042420.docx | LEGALEASE-00126879-LEGALEASE-00126881 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 4522 | Philip Elecs. N. Am. v. Wright, 348 Md. 209 | 413+1 | Our holding today comports with several basic purposes served by the Act. An award of benefits under the Act does not represent a civil judgment for an amount of lost wages. Bowen v. Smith, 342 Md. 449, 455 n. 3, 677 A.2d 81, 84 n. 3 (1996). Instead, the primary purpose of the Act is to protect workers and their families from hardships resulting from work-related injuries by providing compensation to workers for loss of earning capacity. Victor v. Proctor & Gamble, 318 Md. 624, 628, 569 A.2d 697, 699 (1990). The Act also benefits the taxpayers of the State of Maryland in helping to prevent the State from having to assume the financial responsibility of caring for injured workers and their dependents.Id.; see also Belcher v. T. Rowe Price, 329 Md. 709, 737, 621 A.2d 872, 886 (1993) ("The needs and expectations of society, in addition to those of the work force, come into play."). | Workers' Compensation Act benefits State's taxpayers in helping to prevent State from having to assume financial responsibility of caring for injured workers and their dependents. Code, Labor and Employment, S 9-101 et seq. | Does the Act to protect workers and their families benefit state taxpayers in helping to prevent a state from having to assume the financial responsibility of caring for injured workers and their dependents? | 048295.docx | LEGALEASE-00126884-LEGALEASE-00126885 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4523 | Hasam Realty Corp. v. Dade Cty., 178 So. 2d 747 | 13+65 | If a plaintiff has no valid cause of action on the facts existing at the time of filing suit, the defect cannot ordinarily be remedied by the accrual of one while the suit is pending. Meredith v. Long, 96 Fla. 719, 119 So. 114 (1928). We do not find that this rule has been changed by the Rules of Civil Procedure which provide for amended or supplemental pleadings. Rule 1.15(d) and (e), Florida Rules of Civil Procedure, 30 F.S.A. | If plaintiff has no valid cause of action on facts existing at time of filing suit, defect cannot ordinarily be remedied by accrual of cause while suit is pending and this remains true though rules provide for amended or supplemental pleadings. 30 F.S.A. Rules of Civil Procedure, rule 1.15(d, e). | "If plaintiff has no valid cause of action on facts existing at the time of filing suit, can a defect be remedied by accrual of cause while suit is pending?" | Action - Memo # 678 - C KG.docx | ROSS-003285775-ROSS-003285776 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 4524 | Pac. Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65 | 48A+82 | The corporation commission in issuing or denying a certificate of convenience and necessity performs a judicial function which imposes upon the commission the duty to hear before it condemns, to proceed upon inquiry and to render judgment only after trial. Therefore, a certificate of convenience and necessity represents the judgment of the commission reached in the same manner as a judgment of a court of record and it follows that in determining the validity of a given certificate of convenience and necessity the court can go behind what appears upon the face of the certificate, as it has both the right and duty to examine the application, order, etc. upon which said certificate necessarily rests. These instruments constitute the "record" which is comparable to "judgment roll" in a civil case. The orders and directions of the commission must support the certificate to render it valid. | Corporation commission in issuing or denying a certificate of convenience and necessity to motor carrier performs a judicial function which imposes on commission duty to hear before it condemns, to proceed on inquiry and render judgment only after trial and in determining validity of a given certificate, court can go behind what appears on face of certificate as it has duty to examine application, and order on which certificate necessarily rests. A.C.A.1939, S 66-506 (A.R.S. S 40-607). | Is issuing of a certificate of convenience and necessity by the Corporation Commission a judicial function? | 042445.docx | LEGALEASE-00127311-LEGALEASE-00127312 | Condensed, SA | 0.45 | 0 | 1 | 0 | 1 | |
| 4525 | Golden Gate Scenic S. S. Lines v. Pub. Utilities Comm'n, 57 Cal. 2d 373 | 317A+113 | The purpose of a grandfather clause is to give those engaged in a business being brought under regulation the right to continue their existing business without being subjected to certification requirements that would be applicable if the business were then being started for the first time. (Golden Gate Ferry Co. v. Railroad Com., 204 Cal. 305, 312, 268 P.2d 355; State ex rel. Krausmann v. Streeter (226 Minn. 458), 33 N.W.2d 56, 59(4-6), 4 A.L.R.2d 662; cf. Barrett Line v. United States, 326 U.S. 179, 192, 65 S.Ct. 1504, 89 L.Ed. 2128. | The purpose of grandfather clause is to give those engaged in business being brought under regulation the right to continue their existing business without being subjected to certification requirements that would be applicable if the business were then being started for first time. | What is the purpose of the grandfather clause concerning certification requirements of existing businesses? | 042451.docx | LEGALEASE-00127437-LEGALEASE-00127439 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 4526 | Merchants Parcel Delivery v. Pennsylvania Pub. Util. Comm'n, 150 Pa. Super. 120 | 70+3 | Differentiating between common and private (contract) carriers, this court held that the test is whether or not such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. Brink's Express Co. v. Public Service Commission et al., 117 Pa. Super. 268, 274, 178 A. 346; Masgal v. Public Service Commission et al., 124 Pa. Super. 370, 188 A. 599. | The test in determining whether a person is a "common carrier" or a "private carrier" is whether such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. 66 P.S. S 1101 et seq., and SS 1102(5-7), 1301. | What is the test that lays down the differentiation between private and common carriers? | Public Utilities - Memo 233 - AM.docx | LEGALEASE-00017699-LEGALEASE-00017701 | SA, Sub | 0.23 | 0 | 0 | 1 | 1 | |
| 4527 | Interested Underwriters at Lloyds v. Ducor's Inc., 103 A.D.2d 76 | 366+35 | At the outset we note that, absent any indication of overreaching or unconscionability, a waiver of subrogation rights provision "violate[s] neither section 5"323 of the General Obligations Law nor any other public policy ..." of this state. (Board of Educ. v. Valden Assoc., 46 N.Y.2d 653, 657, 416 N.Y.S.2d 202, 389 N.E.2d 798; see Brentano's, Inc. v. Charter Mgt. Corp., 46 A.D.2d 861, 361 N.Y.S.2d 665.) Such clauses are viewed as a device by which the parties merely allocate the risk of liability between themselves to third parties through insurance. Here, however, the dereliction of duty with which defendant is charged is completely extraneous to any duty or obligation encompassed by the parties' agreement and the relationship created thereunder. | Absent any indication of overreaching or unconscionability, waiver of subrogation rights provision violates neither General Obligations Law nor any other public policy of New York. McKinney's General Obligations Law S 5-323. | "Absent any indication of overreaching or unconscionability, does a waiver of a subrogation rights provision violate General Obligations Law?" | Subrogation - Memo # 1200 - C - KBM.docx | ROSS-003285391-ROSS-003285392 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4528 | TX. C.C. v. Wilson/Barnes Gen. Contractors, 233 S.W.3d 562 | 217+3522 | A waiver of subrogation clause is a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk. See Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd., 848 S.W.2d 724, 730 (Tex.App.-Dallas 1992, writ denied); Acadia Ins. v. Buck Constr., 756 A.2d 515, 519 (Me.2000). A subrogation waiver encourages parties to anticipate risks and to procure insurance covering those risks and also facilitates and preserves economic relations and activity. Acadia, 756 A.2d at 520. Because a property owner can generally acquire insurance to protect the property against fire and other perils, in the context of a construction contract, the waiver of subrogation clause shifts the ultimate risk of loss resulting from such perils to the owner to the extent the damages are covered by insurance. Id.; Temple EasTex, 848 S.W.2d at 730. The intent is to avoid disruption during construction and provide certainty and eliminate litigation by having the contracting parties look only to the owner's insurance for protection in the event of loss resulting from fire or other perils. Walker Eng'g, Inc. v. Bracebridge Corp., 102 S.W.3d 837, 841 (Tex.App.-Dallas 2003, pet. denied); Acadia, 756 A.2d at 519; Ind. Ins. Co. v. Erhlich, 880 F.Supp. 513, 518 (W.D.Mich.1994). In other words, a waiver of subrogation clause substitutes the protection of insurance for the uncertain and expensive protection of liability litigation. Erhlich, 880 F.Supp. at 518. | A "waiver of subrogation clause" is a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk. | Is a subrogation waiver a risk-shifting provision premised upon the recognition that it is economically inefficient for parties to a contract to insure against the same risk? | 043466.docx | LEGALEASE-00127629-LEGALEASE-00127630 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 4529 | Liberty Mut. Ins. Co. v. Perfect Knowledge, 299 A.D.2d 524 | 217+3522 | The Supreme Court also properly denied the motion of Perfect Knowledge for summary judgment dismissing the complaint insofar as asserted against it based on waivers of subrogation contained in the lease agreement, and granted Liberty Mutual's motion for partial summary judgment striking the affirmative defense based on those waivers. Waiver of subrogation provisions, which reflect the parties' allocation of the risk of liability between themselves to third parties through the device of insurance, are generally valid and enforceable (see The Gap v. Red Apple Cos., 282 A.D.2d 119, 124, 725 N.Y.S.2d 312; Viacom Intl. v. Midtown Realty Co., 193 A.D.2d 45, 53, 602 N.Y.S.2d 326). Waiver of subrogation provisions exist as part and parcel of a risk allocation agreement whereby liability is shifted to the insurance carriers of the parties to the agreement (see Viacom Intl. v. Midtown Realty Co., supra). Such an agreement is necessarily premised on the procurement of insurance by the parties. Here, however, Perfect Knowledge breached certain provisions of the lease with respect to the procurement of insurance. Paragraph 52 of the lease required it to obtain $3,000,000 in liability coverage, but it obtained an insurance policy with only $2,000,000 in liability coverage. It also failed to list 136 William Street as an insured under the policy. Finally, by retaining a contractor who was uninsured, it failed to comply with Paragraph 3 of the lease, which required that contractors hired to perform alterations and changes carry liability coverage. Without the procurement of insurance, the shifting envisioned under the agreement could not take place, and the agreement was frustrated. Therefore, Perfect Knowledge is not entitled to enforcement of the waiver provisions in the lease. | Waiver of subrogation provisions exist as part and parcel of a risk allocation agreement whereby liability is shifted to the insurance carriers of the parties to the agreement, and such an agreement is necessarily premised on the procurement of insurance by the parties. | Do waiver of subrogation provisions exist as part and parcel of a risk allocation agreement? | 043475.docx | LEGALEASE-00127568-LEGALEASE-00127570 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4530 | Willman v. Beheler, 499 S.W.2d 770 | 13+65 | We recognize that rights entitled to enforcement from a day certain for a defined period should not be lost or substantially diminished by the vagaries of protracted litigation. On the other hand, the realities of the situation may not be ignored. During the period August 2, 1968 to date Beheler has been transformed from a newcomer to the St. Joseph community, with but short acquaintance and limited practice, to an established and recognized medical practitioner and surgeon. To enforce the restrictive covenant from this day in May 1973 forward through May, 1978 would be inequitable and unfair, notwithstanding Beheler is in the wrong, because it would impose upon him a much harsher penalty than if his practice had been interrupted at the earlier date of August, 1968. This does not mean, however, that Willman's rights are not to be vindicated. Equity will not suffer a wrong to be without a remedy, and seeks to do justice and avoid injustice. Hydesburg Common School Dist. v. Rensselaer Common School Dist., 218 S.W.2d 833 (Mo.App.1949). Once having acquired jurisdiction equity will retain it, under a prayer for general relief (there was such a prayer in this petition), to administer full and complete justice, within the scope of pleadings and evidence, between the parties. Anison v. Rice, 282 S.W.2d 497 (Mo.1955); Rockhill Tennis Club of Kansas City v. Volker, 331 Mo. 947, 56 S.W.2d 9, 20 (1932); Merz v. Tower Grove Bank & Trust Co., 344 Mo. 1150, 130 S.W.2d 611, 621 (1939). In framing its decrees equity has a broad discretion to adapt the relief to the circumstances of the particular case. Merrick v. Stephens, 337 S.W.2d 713 (Mo.App.1960); 27 Am.Jur.2d Equity s 247. While a court of equity is reluctant to, and ordinarily does not, grant a mere money judgment, it may do so in an appropriate case, Sebree v. Rosen, 374 S.W.2d 132, 138(8) (Mo.1964); Anison v. Rice, supra, 282 S.W.2d l.c. 502(4); Louis v. Andrea, 338 S.W.2d 96, 105(13) (Mo.1960); 30 C.J.S. Equity ss 71, 72; 30A | The relief granted by equity is governed by the conditions and exigencies of the case shown to exist at time of entry of the decree, and not by circumstances existing at time suit is filed. | Is the relief granted by equity governed by the conditions and exigencies of the case shown to exist at time of entry of the decree? | 005976.docx | LEGALEASE-00128213-LEGALEASE-00128215 | Condensed, SA | 0.95 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4531 | Stonega Coke & Coal Co. v. Price, 106 F.2d 411 | 150+423 | Complaint is made of the decree in that it adjudicates that defendant is bound to perform, discharge and satisfy all the obligations of the lessee under the leases until they 'shall be terminated by the mining and removal of all minable coal remaining in the Sewell seam of coal in the demised premises, unless said defendant has been lawfully released or discharged from such obligations since the 30th day of September 1932, or shall hereafter be so released or discharged from such obligations since the 30th day of September 1932, or shall hereafter be so released or discharged therefrom.' As this was a suit in equity, we think it proper that the decree should speak as of the date of the decree, and not merely as of the date of institution of suit, and adjudicate the rights of the parties as of that time with provision for the enforcement of rights to accrue in the future under the instruments sued on, if proper basis therefor is laid in the pleadings. 10 R.C.L. 559; 21 C.J. 664; Randel v. Brown, 2 How. 406, 11 L.Ed. 318; Fleming v. Soutter, 6 Wall. 747, 18 L.Ed. 847; Dancel v. Goodyear Machinery Co., C.C., 137 F. 157; City of Denver v. Mercantile Trust Co., 8 Cir., 201 F. 709; Superior Oil & Gas Co. v. Mehlin, 25 Okl. 809, 108 .p. 595, 138 Am.St.Rep. 942. We think, however, that the language of the decree is too broad in adjudicating that liability under the leases shall continue until they shall be terminated by the mining and removal of all minable coal, etc. The effect of this would be to impose liability for the minimum rental indefinitely in the future, although it is clear that liability should not be imposed for a longer period than that for which the 8 cent per ton royalty upon coal which could be mined profitably would pay such rental. Furthermore, there is nothing in the pleadings upon which to base such relief; unless it be the prayer for general relief. The decree appealed from will be modified, therefore, by eliminating therefrom the language contained in the last clause of paragraph four thereof. In other respects it | In equity suit, the decree should speak as of the date of the decree, not merely as of the date of institution of suit, and adjudicate the parties' rights as of that time with provision for enforcement of rights accruing in the future under the instruments sued on, if proper basis therefor is laid in the pleadings. | "In an equity suit, should the decree speak as of the date of the decree?" | Action - Memo # 734 - C VP.docx | ROSS-003286511-ROSS-003286513 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 4532 | Wallace Grain & Supply Co. v. Cary, 374 Ill. 57 | 13+63 | It is contended plaintiffs delay in applying for judgment on verdict was so unreasonable and of such length that his right to a judgment was barred. Mere delay does not work a loss of jurisdiction to render or enter a judgment. 34 C.J. " 193; Jerrett v. Mahan, 20 Nev.89, 17 P. 12; Dusbabek v. Bowers, 173 Ok1.53, 43 P.2d 97, 47 P.2d 141.This defense is one of laches and may be urged when it appears that the one against whom the action is taken hassuffered damage by reason of the delay caused by the other party. There is nothing in this case to show that the defendant suffered any damage or lost any rights by reason of the delay. | The defense of "laches" may be urged when it appears that the one against whom action is taken has suffered damage by reason of the delay caused by the other party. | "Does the defense of ""laches"" be urged when it appears that the one against whom the action is taken has suffered damage by reason of the delay caused by the other party?" | Action - Memo # 826 - C VA.docx | ROSS-003289930-ROSS-003289931 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4533 | CPR (USA) Inc. v. Spray, 187 F.3d 245 | 25T+135 | Both Litton and the Union appealed aspects of the NLRB's order to the Ninth Circuit, and Litton eventually petitioned for a writ of certiorari. The Supreme Court granted review solely with respect to the question of arbitrability of the layoff grievances. See id. at 197"98, 111 S.Ct. 2215. It ultimately ruled that the layoff dispute did not arise under, and consequently was not covered by, the expired agreement. See id. at 209"10, 111 S.Ct. 2215. However, in reaching its conclusion, the Litton Court reiterated support for the holding in Nolde Brothers, Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL"CIO, 430 U.S. 243, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977), in which the Court found a presumption in favor of post-expiration arbitration of matters and disputes "arising out of the relation governed by the contract." Litton, 501 U.S. at 204, 111 S.Ct. 2215. The Litton Court explained that post-expiration grievances arise under the contract, and are therefore arbitrable: (1) when the dispute "involves facts and occurrences that arose before expiration;" (2) when post-expiration action "infringes a right that accrued or vested under the agreement;" or (3) when "under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." Id. at 206, 111 S.Ct. 2215.] ] | Postexpiration grievances arise under a contract, and are therefore arbitrable: (1) when the dispute involves facts and occurrences that arose before expiration; (2) when postexpiration action infringes a right that accrued or vested under the agreement; or (3) when under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement. | Is a post-expiration grievance that arises under a contract arbitrable? | 007255.docx | LEGALEASE-00128656-LEGALEASE-00128657 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 4534 | Wronke v. Marsh, 603 F. Supp. 407 | 34+3(1) | Although a district court's scope of review is limited where military decisions are involved, a court may review such decisions to insure that military regulations are followed. White v. Callaway, 501 F.2d 672, 674 (5th Cir.1974); Wells v. Commander of Third Battalion, 441 F.Supp. 336, 339 (E.D.Mo.1977). Where the meaning of a regulation is in question, the Army's own interpretation of its regulations must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation. See Harris v. Brown, 470 F.Supp. 250, 253 (W.D.Mo.1979) (citing U.S. v. Larionoff, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977)); see Hodges v. Callaway, 499 F.2d at 423 (Army ought to be primary authority for the interpretation of its own regulations). If the applicable regulations are interpreted by the Army in a reasonable manner, any charge of procedural irregularity must fail even though the petitioner may present another reasonable interpretation of the regulations. See Cunningham v. Hoffman, 420 F.Supp. 325, 328 (M.D.Tenn.1976). Thus where a military regulation is susceptible to equally reasonable constructions, a court may not substitute an alternative interpretation for the interpretation of the military service. See McCourt v. Culkin, 473 F.Supp. 1247, 1250 n. 6 (E.D.Pa.1979) (citing Keister v. Resor, 462 F.2d 471 (3rd Cir.1972), cert. denied 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 151 (1972)). | If applicable regulations are interpreted by the Army in reasonable manner, any charge of procedural irregularity must fail even though petitioner may present another reasonable interpretation of the regulations; thus, where military regulation is susceptible to equally reasonable constructions, court may not substitute alternative interpretation for interpretation of the military service. | Do charges of procedural irregularity fail when the applicable regulations are interpreted by the armed services in a reasonable manner? | 008347.docx | LEGALEASE-00128630-LEGALEASE-00128631 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4535 | In re Cowles' Will, 22 A.D.2d 365 | 307A+510 | Parties to an action or special proceeding "may be dropped by the court, on motion of any party at any stage of the action and upon such terms as may be just". (CPLR 1003.) But these provisions of CPLR are also permissive. After an action or special proceeding has been instituted, and a party defendant or respondent has appeared and properly presented issues affecting his rights, the plaintiff or petitioner no longer has an absolute right to drop the party. An application then made to drop the party is generally equivalent to a motion to discontinue the action or proceeding as against him. If the defendant or respondent has a valid interest in having the action or proceeding continue for a determination of issues presented by him, he may resist a proposed discontinuance as to him. Thereupon, the matter rests in the sound discretion of the court which may protect the party's interests by refusing the discontinuance. (See CPLR 3217; 6 Carmody" Wait, Voluntary Discontinuance " 13, p. 62; Matter of Lasak, 131 N.Y. 624, 30 N.E. 112.). | If defendant or respondent has valid interest in having action or proceeding continue for determination of issues presented by him, he may resist proposed discontinuance as to him, and matter then rests in sound discretion of court which may protect party's interests by refusing discontinuance. CPLR S 1003; Rule 3217. | Can the courts deny discontinuance to protect the interests of the parties? | Pretrial Procedure - Memo # 952 - C - SK.docx | LEGALEASE-00018228-LEGALEASE-00018229 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 4536 | New York Mortg. Tr. v. Dasdemir, 116 A.D.3d 679 | 307A+501 | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice (see CPLR 3217[c]; Tucker v. Tucker, 55 N.Y.2d 378, 383"384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; American Tr. Ins. Co. v. Roberson, 114 A.D.3d 821, 980 N.Y.S.2d 778; Wells Fargo Bank, 680 N.A. v. Chaplin, 107 A.D.3d 881, 883, 969 N.Y.S.2d 67; Blackwell v. Mikevin Mgt. III, LLC, 88 A.D.3d 836, 837, 931 N.Y.S.2d 116). Here, there was no showing of any such special circumstances. Contrary to the respondents' contention, there is no evidence in the record that the action was settled, discontinued, or dismissed on the merits (see generally Matter of AutoOne Ins. Co. v. Valentine, 72 A.D.3d 953, 955, 899 N.Y.S.2d 354). Rather, it is undisputed that the settlement reached by the parties was a forbearance agreement. Accordingly, the action should have been discontinued without prejudice. | In general, absent a showing of special circumstances, including prejudice to a substantial right of the defendant or other improper consequences, a motion for a voluntary discontinuance should be granted without prejudice. McKinney's CPLR 3217(c). | "Absent a showing of special circumstances, should a motion for a voluntary discontinuance be granted without prejudice?" | 038933.docx | LEGALEASE-00128354-LEGALEASE-00128355 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4537 | Mossanen v. Monfared, 77 Cal. App. 4th 1402 | 307A+506.1 | "Code of Civil Procedure section 581, subdivision (b), provides that an action may be dismissed "(1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any...." Similar authority is found in subdivision (c) of that same section: "A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial." The right of a plaintiff to voluntarily dismiss an action before commencement of trial is not absolute. Code of Civil Procedure section 581 recognizes exceptions to the right; other limitations have evolved through the courts' construction of the term "commencement of trial." These exceptions generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication." (Harris v. Billings (1993) 16 Cal.App.4th 1396, 1401"1402, 20 Cal.Rptr.2d 718.) | Plaintiff's right to voluntarily dismiss an action before commencement of trial is not absolute; statute governing dismissals recognizes exceptions to the right, and other limitations, which have evolved through the courts' construction of the term "commencement of trial," generally arise where the action has proceeded to a determinative adjudication, or to a decision that is tantamount to an adjudication. West's Ann.Cal.C.C.P. S 581. | "Is the right to voluntarily dismiss an action or special proceeding before the commencement of trial not absolute, as the statutes recognize exceptions?" | 039534.docx | LEGALEASE-00128489-LEGALEASE-00128490 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4538 | Shirk v. City of Lancaster, 313 Pa. 158 | 317A+113 | This power of regulation and control is exclusively a legislative matter. Where a state constitutes a commission with general powers of regulation over utilities, it includes all such bodies, municipal or otherwise, unless there is definite classification and exemption therefrom. In this state, municipalities as a class are specifically exempted from the Public Service Company Law (66 PS " 1 et seq.) with certain stated exceptions. Barnes Laundry Co. v. City of Pittsburgh, 266 Pa. 24, 109 A. 535; see Springfield G. & E. Co. v. Springfield, 257 U. S. 66, 42 S. Ct. 24, 66 L. Ed. 131. | Where state constitutes commission with general powers of regulation over utilities, it includes all such bodies, municipal or otherwise, unless there is definite classification and exemption therefrom. | "Does a state include all bodies, municipal or otherwise, while constituting a commission with general power of regulation over utilities?" | 042472.docx | LEGALEASE-00128110-LEGALEASE-00128111 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 4539 | Metmor Fin. v. Landoll Corp., 976 S.W.2d 454 | 366+41(6) | The doctrine of equitable subrogation involves "the substitution of another personin the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." Kansas City Downtown Minority Dev. Corp. v. Corrigan Assoc. Ltd. Partnership, 868 210, 223 (Mo.App.1994) (quoting State Sav. Trust Co. v. Spencer, 201 S.W. 967, 969 (Mo.App.1918)). Originally a common law doctrine, subrogation has as its aim the advancement ofjustice and prevention of injustice. Id.; Frago v. Sage, 737 S.W.2d 482, 483 (Mo.App. "Subrogation compels the ultimate payment of a debt by one who, in justice, equity and good conscience, should pay it." Id. Although available, subrogation is a fairly drastic remedy and is usually allowed only in extreme cases "bordering on if not reaching the level of fraud." Landmark Bank v. Ciaravino, 752 923, 928 (Mo.App. See also Anison v. Rice, 282 S.W.2d 497 (Mo.1955) (granting equitablesubrogation where lender advanced money to pay off first deed of trust under threat offoreclosure at request of one joint owner where payment by lender benefitted equally the other joint owner); Bunn v. Lindsay, 95 Mo. 250, 7 S.W. 473 (1888) (refusing to allow equitable subrogation where lender provided money necessary to pay off first deed of trust and was unaware of intervening judgment lien of record and where judgment was recorded in public records and debtor failed to search public records because "a court of equity cannot relieve him by interfering with the legal rights of others who are without fault"); State Sav. Trust Co., 201 S.W. at 967 (determining equitable subrogation was appropriate where borrower obtained money from lender through the use of forged instrument and where superior liens were no worse off than they were before subsequent lender advanced his money to retire senior lien); Baker v. Farmers' Bank of Conway, 220 Mo.App. 85, 279 S.W. 428 (1926) (granting | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking subrogation or equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? | Subrogation - Memo # 1102 - C - SK.docx | ROSS-003330780-ROSS-003330781 | Condensed, SA | 0.94 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4540 | Metmor Fin. v. Landoll Corp., 976 S.W.2d 454 | 366+41(6) | he doctrine of equitable subrogation involves "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." Kansas City Downtown Minority Dev. Corp. v. Corrigan Assoc. Ltd. Partnership, 868 S.W.2d 210, 223 (Mo.App.1994)(quoting State Sav. Trust Co. v. Spencer, 201 S.W. 967, 969 (Mo.App.1918)). Originally a common law doctrine, subrogation has as its aim the advancement of justice and prevention of injustice. Id.; Frago v. Sage, 737 S.W.2d 482, 483 (Mo.App.1987). "Subrogation compels the ultimate payment of a debt by one who, in justice, equity and good conscience, should pay it." Id. Although available, subrogation is a fairly drastic remedy and is usually allowed only in extreme cases "bordering on if not reaching the level of fraud." Landmark Bank v. Ciaravino, 752 S.W.2d 923, 928 (Mo.App.1988). See also Anison v. Rice, 282 S.W.2d 497 (Mo.1955) (granting equitable subrogation where lender advanced money to pay off first deed of trust under threat of foreclosure at request of one joint owner where payment by lender benefitted equally the other joint owner); Bunn v. Lindsay, 95 Mo. 250, 7 S.W. 473 (1888) (refusing to allow equitable subrogation where lender provided money necessary to pay off first deed of trust and was unaware of intervening judgment lien of record and where judgment was recorded in public records and debtor failed to search public records because "a court of equity cannot relieve him by interfering with the legal rights of others who are without fault"); State Sav. Trust Co., 201 S.W. at 967 (determining equitable subrogation was appropriate where borrower obtained money from lender through the use of forged instrument and where superior liens were no worse off than they were before subsequent lender advanced his money to retire senior lien); Baker v. Farmers' Bank of Conway, 220 Mo.App. 85, 279 S.W. 428 (1926) | Party seeking equitable subrogation must prove by clear and convincing evidence that equity requires another party to bear the loss. | Should a party seeking equitable subrogation prove by clear and convincing evidence that equity requires another party to bear the loss? | Subrogation - Memo # 1122 - C - KA.docx | ROSS-003313925-ROSS-003313926 | Condensed, SA | 0.94 | 0 | 1 | 0 | 1 | |
| 4541 | State ex rel. Core v. Green, 160 Ohio St. 175 | 1.41E+13 | Under Sections 1, 2, and 3 of Article VI of the Ohio Constitution, the General Assembly is given exceedingly broad powers to provide a thorough and efficient system of common schools by taxation, and for the organization, administration, and control, thereof. Gigandet v. Brewer, Treas., 134 Ohio St. 86, 91, 15 N.E.2d 964. As Section 3, Article VI of such Constitution, states, 'Provision shall be made by law for the organization, administration and control of the public school system of the state supported by public funds'. | The General Assembly has broad powers to provide fair and efficient system of schools by taxation and for organization, administration, and control thereof. Const. art. 6, SS 1-3. | "Does the General Assembly have broad powers to provide a fair and efficient system of schools by taxation and for the organization, administration, and control thereof?" | Education - Memo # 63 - C - SU.docx | ROSS-003287501 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4542 | Bd. of Cty. Comm'rs of Eagle Cty. v. Dist. Court In & For the City & Cty. of Denver, 632 P.2d 1017 | 401+11 | In our view, C.R.C.P. 98(b)(2) controls the venue of Denver's claims. This section provides that actions upon claims against a public officer for an official act done by him shall be tried in the county where the claim or some part thereof arose. It is clear that Denver's claims against Eagle County arose in that county by virtue of the official action of the Board of County Commissioners in adopting the land use regulations for the County of Eagle, which purport to control the development of Denver's water rights and facilities located in that county. Thus, the proper county for trial of Denver's claims is the County of Eagle. | Where Denver's claims against Eagle County arose in that county by virtue of official action of the board of county commissioners in adopting land use regulations for county of Eagle, which purported to control the development of Denver's water rights and facilities located in that county, proper county for trial of Denver's claims was Eagle County pursuant to section providing that actions upon claims against a public officer for an official act done by him shall be tried in the county where the claim or some part thereof arose, and thus denial of county's motion for change of venue was improper. Rules of Civil Procedure, Rule 98(b)(2). | Should claims against a public officer for an official act done by him be tried in the county where the claim or some part thereof arose? | Venue - Memo 120 - RK.docx | ROSS-003331099-ROSS-003331100 | Condensed, SA, Sub | 0.02 | 0 | 1 | 1 | 1 | 1 |
| 4543 | Prime Med. Corp. v. First Med. Corp., 291 S.C. 296 | 307A+501 | In Gulledge v. Young, 242 S.C. 287, 130 S.E.2d 695 (1963), a case that preceded the adoption of Circuit Court Rule 45(2), the Supreme Court commented on the rule in this state regarding voluntary dismissal:The rule in this State is that a plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendants. The [hearing] Judge has no discretion with respect to the granting of such a motion unless and until legal prejudice is shown. In that event, the **296 matter becomes one of discretion for the [hearing] Judge.242 S.C. at 291, 130 S.E.2d at 697. | A plaintiff is entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to defendant. Rules Civ.Proc., Rule 41(a)(2); Circuit Court Rule 45(2) (Repealed). | Is a plaintiff entitled to a voluntary nonsuit without prejudice as a matter of right unless there is a showing of legal prejudice to the defendant? | 023990.docx | LEGALEASE-00129396-LEGALEASE-00129397 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 4544 | In re Marriage of Saleh, 202 Ill. App. 3d 131 | 307A+506.1 | We agree with the petitioner's interpretation of Gibellina that a plaintiff has an absolute right to take a voluntary dismissal unless there exists an unequivocal conflict between a specific rule of the supreme court and section 2-1009, as in O'Connell, or where a previously filed motion exists, which, if ruled upon favorably by the court, could result in a final disposition of the case. (Gibellina, 127 Ill.2d at 138, 129 Ill.Dec. 93, 535N.E.2d 858 (emphasis added). When deciding Gibellina, the court rejected the argument that a version of the Federal rule, which permits a plaintiff to take a voluntary dismissal as of right only prior to the filing of an answer or motion by the defendant (Fed.R.Civ.P. 41(a).), should be adopted. We believe it is clear that, under Gibellina, the trial court only has the discretion to decide whether to hear a previously filed dispositive motion. See Mizell v. Passo (1989), 192 Ill. App.3d 435, 440, 139 Ill. Dec. 398, 548 N.E.2d 783 (appeal all'd (1990), 131 Ill.2d 560, 142 Ill. Dec. 883, 553 N.E.2d 397. | Plaintiff has absolute right to take voluntary dismissal, unless there exists pending motion to dismiss for lack of diligent service or some other previously filed motion which, if ruled upon favorably by court, could result in final disposition of case. S.H.A. ch. 110, P 2-1009. | Do plaintiffs have an absolute right to take a voluntary dismissal? | Pre-trial Procedure - Memo # 1048 - C - KG.docx | ROSS-003300902-ROSS-003300903 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 4545 | Christenson v. Gutman, 249 A.D.2d 805 | 307A+501 | Initially, we conclude that Supreme Court properly granted plaintiffs' cross motion pursuant to CPLR 3217 for a voluntary discontinuance without prejudice. CPLR 3217(b) provides that, upon an order of the court, an action may be voluntarily discontinued "upon terms and conditions, as the court deems proper". Absent a showing of special circumstances, including prejudice or other improper consequences, a motion for voluntary discontinuance is generally granted (see, Tucker v. Tucker, 55 N.Y.2d 378, 383- 384, 449 N.Y.S.2d 683, 434 N.E.2d 1050; Mancinelli v. Mancinelli, 228 A.D.2d 747, 643 N.Y.S.2d 736). The authority to grant or deny a motion pursuant to CPLR 3217(b) is within the sound discretion of the trial court (see, Tucker v. Tucker, supra, at 383, 449 N.Y.S.2d 683, 434 N.E.2d 1050; Mancinelli v. Mancinelli, supra, at 747, 643 N.Y.S.2d 736). Upon our review of the record, we agree with Supreme Court that defendants failed to provide any evidence of prejudice that would outweigh the prejudice to plaintiffs in being prohibited from bringing their claim in the future. | Motion for voluntary discontinuance is generally granted, absent showing of special circumstances, including prejudice or other improper consequences. McKinney's CPLR 3217(b). | "Is a motion for voluntary discontinuance generally granted, in the absence of showing of special circumstances, including prejudice or other improper consequences?" | Pretrial Procedure - Memo # 1106 - C - CK.docx | ROSS-003314580-ROSS-003314581 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4546 | In re Mach. Builders, 47 N.Y.S.2d 735 | 307A+501 | There is no question that ordinarily and in the absence of a cross claim for affirmative relief a party can, with or without reason, have his action or proceeding discontinued before the issues have been committed to the court or jury. Schintzuis v. Lackawanna Steel Co., 224 N.Y. 226, 120 N.E. 137; Carmody's New York Practice, vol. 2, pp. 1463 et seq. But in the instant case the disputed facts have already been submitted to the trier of the fact who has duly signed and filed his report, consisting of separate findings of fact, conclusions of law and recommendations adverse to the party seeking the discontinuance. It seems anomalous to permit a discontinuance under such circumstances. Dailey v. Northern New York Utilities Inc., 129 Misc. 183, 221 N.Y.S. 52; Matter of Waverly Water Works Co., 85 N.Y. 478, 479, 482. True the report of the Official Referee to whom the issues of fact were referred solely for the purpose of report is not conclusive (Marshall v. Meech et al., 51 N.Y. 140, 143, 10 Am.Rep. 572), and new findings upon additional evidence may be made if those made by the Referee are deemed unsatisfactory. Central Hanover Bank & Trust Company v. Eisner, 276 N.Y. 121, 125, 11 N.E.2d 561, 563. However, it is universally recognized that the trier of the facts, hearing and seeing the witnesses, is best capable of assaying their veracity and the weight to be attached to their testimony and, for that reason, if there is sufficient evidence in a record to sustain a Referee's findings of fact the reviewing authority hesitates to disturb the result. In re Eckenroth's Will, 167 Misc. 632, 633, 4 N.Y.S.2d 582, 583, and the authorities there cited. | Ordinarily and in absence of crossclaim for affirmative relief a party can, with or without reason, have his action or proceeding discontinued before issues have been committed to court or jury. Civil Practice Act, SS 457, 469. | "Ordinarily and in absence of crossclaim for affirmative relief, can a party have his action or proceeding discontinued before issues have been committed to court or jury?" | Pretrial Procedure - Memo # 1164 - C-BP.docx | ROSS-003301146-ROSS-003301148 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |
| 4547 | Hurrell-Harring v. State, 112 A.D.3d 1213 | 307A+501 | Here, defendants claim that they would be prejudiced by the withdrawal of these seven class representatives because they have expended significant resources investigating the cases of the named plaintiffs in preparation for litigation, such as obtaining thousands of records relating to their criminal cases and traveling to the five counties to conduct meetings with prosecutors, indigent defense attorneys and plan administrators. Yet, defendants have failed to identify any resources that they expended for discovery that would not have otherwise been expended (see Matter of Vitamins Antitrust Litigation, 198 F.R.D. 296, 304 [D.D.C. 2000]). Indeed, were withdrawal permitted, there would remain at least one class representative from each of the five defendant counties, and most of the individuals that defendants allegedly interviewed possess information regarding another class member and/or the public defense system generally, which remain relevant to defendants' defense. More importantly, "[d]elay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance under CPLR 3217(b)" (Eugenia VI Venture Holdings, Ltd. v. MapleWood Equity Partners, L.P., 38 A.D.3d 264, 265, 832 N.Y.S.2d 155 [2007] ). To the extent that defendants could show wasted effort or expense with respect to the named plaintiffs seeking withdrawal, the proper remedy would be reimbursement of costs and/or the provision of additional time to conduct discovery, not a denial of voluntary discontinuance as to those class plaintiffs (see Matter of Vitamins Antitrust Litigation, 198 F.R.D. at 304"305). | Delay, frustration and expense in preparation of a contemplated defense do not constitute prejudice warranting denial of a motion for a voluntary discontinuance. McKinney's CPLR 3217(b). | "Do delay, frustration and expense in preparation of a contemplated defense constitute prejudice warranting denial of a motion for a voluntary discontinuance?" | 026044.docx | LEGALEASE-00129470-LEGALEASE-00129472 | Condensed, SA, Sub | 0.89 | 0 | 1 | 1 | 1 | 1 |
| 4548 | Price v. Price, 1989 OK CIV APP 50 | 307A+516 | Generally, subject to few exceptions, a complainant has a common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. We find no compelling reason to carve out a new exception in the case before us. | Generally, subject to few exceptions, complainant has common law and statutory right to control his cause by dismissal at his pleasure on payment of costs. 12 O.S.1981, S 684. | "Subject to a few exceptions, does a complainant have common law and statutory right to control his cause by dismissal at his pleasure on payment of costs?" | 026197.docx | LEGALEASE-00129227-LEGALEASE-00129228 | SA, Sub | 0.27 | 0 | 0 | 1 | 1 | |
| 4549 | Auchan USA v. Houston Lighting & Power Co., 961 S.W.2d 197 | 317A+114 | Unless found to be unreasonable, tariffs carry the dignity of statutory law. Southwestern Bell Tel. Co. v. Vollmer, 805 S.W.2d 825, 829 (Tex.App."Corpus Christi 1991, writ denied). As a general rule, a public utility's tariffs are presumed reasonable and necessary, but that determination is usually a question for the trier of fact. Southwestern Bell Tel. Co. v. Reeves, 578 S.W.2d 795, 798"99 (Tex.Civ.App."Houston [1st Dist.] 1979, writ ref'd n.r.e.). The Public Utility Commission, which approves the tariffs, states that the tariffs are "subject to review for reasonableness by the courts in actual damage or tort claims." CP asonable, the burden to prove & L Decision at *10. Because a tariff is presumed reunreasonableness is on the customer. Vollmer, 805 S.W.2d at 829. A fact issue of reasonableness of a tariff can be raised by proof that 1) damages caused may be large as compared to the minute recovery allowed by the tariff, and 2) the company may allow the problem to persist for a long time even though it can solve it quickly. Calarco v. Southwestern Bell Tel. Co., 725 S.W.2d 304, 306"07 (Tex.App."Houston [1st Dist.] 1986, writ ref'd n.r.e.); Reeves, 578 S.W.2d at 799. | Fact issue of reasonableness of public utility tariff can be raised by proof that damages caused may be large as compared to minute recovery allowed by tariff, and that utility may allow problem to persist for long time even though it can solve it quickly. Vernon's Ann.Texas Civ.St. art. 1446c-0, S 1.002. | How can a fact issue of reasonableness of a tariff be raised? | 042532.docx | LEGALEASE-00129378-LEGALEASE-00129380 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4550 | Polgar v. Focacci, 2 Misc. 3d 836 | 307A+501 | CPLR " 3217(a) permits a party to discontinue an action by Notice under certain circumstances. If those circumstances are not present, then a party still has the right to ask the court for an order discontinuing an action. CPLR " 3217(b) provides that the court may grant an order of discontinuance upon such terms and conditions as may be just. Ordinarily a plaintiff has the right to discontinue a pending action at any time, unless substantial rights have accrued or the adversary's rights would be prejudice thereby. Louis R. Shapiro, Inc. v. Milspemes Corp., 20 A.D.2d 857, 248 N.Y.S.2d 85 (1st dept.1964). It is clear that once an answer has been served, the plaintiff's right to discontinue by notice is lost. See: CPLR 3217(a); McMahon v. McMahon, 279 A.D.2d 346, 718 N.Y.S.2d 353 (1st dept.2001). The statutory and case law are less clear about whether the right to discontinue by notice is lost when a pre answer CPLR " 3211 motion is made. This court holds that the right to discontinue by notice is lost when a motion is made pursuant to CPLR " 3211 because a disposition of the dismissal motion may put a more conclusive end to litigation. The movant should not automatically lose the right to a merits determination under such circumstances. See: McKinney's Practice Commentary C3217:8. Lui v. Chinese-American Planning Council, Inc., 300 A.D.2d 80, 750 N.Y.S.2d 750 (1st dept.2002). The decision to allow discontinuance under such circumstances should be made along with consideration of the merits of the dispositive motion. | Ordinarily, plaintiff has right to discontinue pending action at any time, unless substantial rights have accrued or adversary's rights would be prejudice thereby. McKinney's CPLR 3217(b). | Does a plaintiff have a right to discontinue a pending action without prejudice at any time unless substantial rights have accrued or his adversary's rights would be prejudiced thereby? | Pretrial Procedure - Memo # 1282 - C - KS.docx | ROSS-003327477-ROSS-003327479 | Condensed, SA, Sub | 0.88 | 0 | 1 | 1 | 1 | 1 |
| 4551 | Wolff v. Laverne Inc., 17 A.D.2d 213 | 307A+742.1 | In addition to its other objectives, Pre-Trial affords-by informal discussion with the attorneys and the court-an opportunity for the exploration and consideration of the possibility of settlement. In fact, it is the duty of the justice to encourage talk of settlement at such pre-trial conferences and he can be of immeasurable help in acting as a catalyst in bringing the parties together to a fair settlement. Discussions of settlement can be facilitated through proper exertion of such influence that may naturally flow by virtue of his office. But this does not mean that in intervening to promote a fair settlement, undue pressure or coercive measures should be applied by the justice on either attorney. | It is duty of justice to encourage talk of settlement at pre-trial conference, and discussions of settlement can be facilitated through proper exertion of such influence as may naturally flow by virtue of his office, but this does not mean that undue pressure or coercive measures should be applied by justice. Supreme Court Rules, New York Co.,, Trial Terms, rule 9. | What is the duty of the justice at pre-trial conference? | Pretrial Procedure - Memo # 1337 - C - SB.docx | ROSS-003286112-ROSS-003286113 | Condensed, SA | 0.48 | 0 | 1 | 0 | 1 | |
| 4552 | Bixler by Bixler v. J.C. Penney Co., 376 N.W.2d 209 | 307A+723.1 | Counsel for the Bixlers also opposed the motions for summary judgment by asserting that he had "been allowed no discovery" and that it had therefore been impossible for the Bixlers to use the fabric mills' pattern libraries to aid in identification of the manufacturer. In his affidavit he also stated that he had had no opportunity to test the veracity of the respondents' affidavits. For these reasons, the Bixlers argue that summary judgment was prematurely granted. While the counsel's affidavit does not constitute a formal motion for a continuance, under Rule 56.06, Minn.R.Civ.P., a trial court may grant a continuance to permit further discovery even absent such a formal motion.2 Continuances should be liberally granted under Rule 56.06, especially when the party seeking more time is doing so because of insufficient time to conduct discovery. Rice v. Perl, 320 N.W.2d 407, 412 (Minn.1982); accord 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d " 2741 (1983). In deciding whether a continuance should be granted to allow more time for discovery, a court should focus on two issues: first, whether the party seeking more time is acting from a good faith belief that material facts will be discovered, or is merely engaged in a "fishing expedition," and, second, whether the party has been diligent in seeking discovery prior to bringing the motion. Rice, 320 N.W.2d at 412. | A trial court may grant a continuance under rule (48 M.S.A., Rules Civ.Proc., Rule 56.06) to permit further discovery even in absence of a formal motion, and, in making its determination, should focus on whether party seeking more time is acting from a good-faith belief that material facts will be discovered, or is merely engaged in a fishing expedition, and whether party has been previously diligent in seeking discovery. | What should the courts focus on while deciding whether a continuance should be granted to allow more time for discovery? | Pretrial Procedure - Memo # 1611 - C - SHB.docx | ROSS-003314564-ROSS-003314565 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4553 | Atkins v. Louisiana Mut. Med. Ins. Co., 47, 105 So. 3d 781 | 307A+717.1 | A party who seeks a continuance because the party has been unable to obtain material evidence must show what evidence he could not obtain, and how it is material. Knighten v. Knighten, 447 So.2d 534 (La.App. 2d Cir.1984), writ denied, 448 So.2d 1303 (La.1984). The evidence must be vital, St. Paul Fire & Marine Ins. Co. v. Roberts, 331 So.2d 529 (La.App. 1st Cir.1976), and noncumulative evidence which could affect the outcome of the case. Burgess v. City of Baton Rouge, 477 So.2d 143 (La.App. 1st Cir.1985); Bernard v. Merit Drilling, Co., 434 So.2d 1282 (La.App. 3d Cir.1983); Thomas v. Winn Dixie Louisiana, Inc., 407 So.2d 520 (La.App. 4th Cir.1981); Almerico v. Highlands Ins. Co., 388 So.2d 1176 (La.App. 4th Cir.1980). | In order for a party to be granted a continuance because the party has been unable to obtain material evidence, the evidence must be vital and noncumulative evidence which could affect the outcome of the case. LSA-C.C.P. art. 1602. | "In order for a party to be granted a continuance because the party has been unable to obtain material evidence, should the evidence be vital and noncumulative evidence which could affect the outcome of the case?" | 026736.docx | LEGALEASE-00130243-LEGALEASE-00130244 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4554 | Adams Outdoor Advert., Ltd. v. Borough of Stroudsburg, 667 A.2d 21 | 371+2010 | We begin by observing that, unlike a license fee, the purpose of which is to offset the costs of regulation, a tax is imposed for the purpose of raising revenue. Talley v. Commonwealth, 123 Pa.Cmwlth. 313, 553 A.2d 518 (1989). Even though the imposition of or exemption from a tax may advance other governmental concerns, e.g., the manufacturing exemption from state taxation serves to encourage manufacturing within Pennsylvania, the primary purpose of taxes is always to raise money for the taxing authority. White v. Medical Professional Liability Catastrophe Loss Fund, 131 Pa.Cmwlth. 567, 571 A.2d 9 (1990). Moreover, the taxing authority possesses wide discretion regarding matters of taxation, with this discretion being limited by the requirements of the Equal Protection and Uniformity Clauses of the United States and Pennsylvania Constitutions. Leventhal v. City of Philadelphia, 518 Pa. 233, 542 A.2d 1328 (1988). Legislation that imposes a tax is presumed to be constitutional, and the taxpayer challenging that legislation bears the burden of proving that it clearly, palpably and plainly violates the constitution. Leonard v. Thornburgh, 507 Pa. 317, 489 A.2d 1349 (1985); Brown v. Department of Revenue, 155 Pa.Cmwlth. 197, 624 A.2d 795 (1993), aff'd, 536 Pa. 543, 640 A.2d 412 (1994). Any doubts regarding the constitutionality of tax legislation should be resolved in favor of upholding its constitutionality. Id. In the instant case, because the parties admitted during oral argument that this is a tax and not a license fee, the only issues before us are whether the tax is uniform and whether it is an unlawful infringement upon the Sign Owners' First Amendment rights. | Even though imposition of or exemption from tax may advance other governmental concerns, such as manufacturing exemption from state taxation which serves to encourage manufacturing within state, primary purpose of taxes is always to raise money for taxing authority. | Is raising money for the taxing authority the primary purpose of taxes? | 044776.docx | LEGALEASE-00130154-LEGALEASE-00130156 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4555 | United States v. Fattah, 223 F. Supp. 3d 336 | 63+1(1) | Section 1346 provides that "a scheme or artifice to defraud," as used in " 1343, the wire fraud statute, "includes a scheme or artifice to deprive another of the intangible right of honest services." See 18 U.S.C. " 1346. The Supreme Court held in Skilling v. United States, 561 U.S. 358, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), that "" 1346 covers only bribery and kickback schemes." Id. at 367, 130 S.Ct. 2896. Under the bribery statute, 18 U.S.C. " 201, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act. A promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. See McDonnell v. United States, """ U.S. """", 136 S.Ct. 2355, 2371, 195 L.Ed.2d 639 (2016). The Supreme Court in McDonnell reiterated: "Under this Court's precedents, a public official is not required to actually make a decision or take an action on a "question, matter, cause, suit, proceeding or controversy"; it is enough that the official agreed to do so." Id. An act to be official "must involve a formal exercise of governmental power" and be something specific and focused. See id. at 2372; United States v. Birdsall, 233 U.S. 223, 234, 34 S.Ct. 512, 58 L.Ed. 930 (1914). | Under the bribery statute, it is unlawful for a public official to accept anything of value in return for being influenced in the performance of an official act; a promise to perform an official act is sufficient to constitute a bribery offense if done in exchange for a thing of value, whether or not the official act ever occurs. 18 U.S.C.A. S 201. | Is a promise to perform an official act sufficient to constitute a bribery offense if done in exchange for a thing of value? | 011104.docx | LEGALEASE-00130597-LEGALEASE-00130598 | Order, SA | 0.74 | 1 | 0 | 0 | 1 | |
| 4556 | Church v. State, 206 Tenn. 336. State v. Herrin, 6 Ohio App. 3d 68 | 67+2 | [As mentioned in the second assignment of error, burglary requires only that a person by force, stealth or deception, trespass in an occupied structure with a purpose to commit therein a theft offense, or any felony. It does not require that the felony offense actually be committed. If in fact the felony is committed, that gives life to a new and separately chargeable offense. See State v. Frazier (1979), 58 Ohio St.2d 253, at 256, 389 N.E.2d 1118 [12 O.O.3d 263]; and Boyer v. Maxwell (1963), 175 Ohio St. 318, at 319, 194 N.E.2d 574 [25 O.O.2d 185]. | Burglary requires only that person by force, stealth, or deception trespass in occupied structure with purpose to commit therein theft offense or any felony, and does not require that felony offense actually be committed; if in fact felony is committed, that gives life to new and separately chargeable offense. | "Does burglary require stealth, force or deception?" | Burglary - Memo 72 - RK.docx | LEGALEASE-00020279-LEGALEASE-00020280 | Condensed, SA | 0.44 | 0 | 1 | 0 | 1 | |
| 4557 | Ilagan v. McAbee, 634 N.E.2d 827 | 307A+517.1 | Also recognized by Indiana common law was the retraxit. A retraxit is an open and voluntary renunciation by a plaintiff of his suit in court, made when the trial is called on, by which he forever loses his action, or is barred from commencing another action for the same cause. Barnard v. Daggett (1879), 68 Ind. 305.A retraxit operates as a dismissal of the cause with prejudice. I.L.E., Dismissal " 2, p. 3. | "Retraxit" is open and voluntary renunciation by plaintiff of suit in court, made when trial is called on, by which plaintiff forever loses action, or is barred from commencing another action in same cause; retraxit operates as dismissal of cause with prejudice. | "Is ""retraxit"" an open and voluntary renunciation by a plaintiff of a suit in court, made when trial is called on?" | 026091.docx | LEGALEASE-00131081-LEGALEASE-00131082 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |
| 4558 | Wiener v. Benson Bldg. Co., 213 A.D. 347 | 307A+501 | While ordinarily, where no counterclaim has been interposed and the rights of the defendant are not prejudiced, a plaintiff may discontinue an action commenced by him upon proper terms as to costs and allowances, there appears to be no warrant for striking out one of the three parties plaintiff and allowing the remaining parties to prosecute an action "without prejudice," upon a contract in which defendants agreed to pay over the money to the three parties who originally brought the action.] | Ordinarily plaintiff may discontinue action commenced by him, on proper terms as to costs and allowances, in absence of counterclaim or prejudice to defendant's rights. | "Could a plaintiff discontinue action commenced by him, on proper terms as to costs and allowances, in absence of a counterclaim or prejudice to defendant's rights?" | 026098.docx | LEGALEASE-00131125-LEGALEASE-00131126 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4559 | Bowie v. Montfort Jones Mem'l Hosp., 861 So. 2d 1037 | 307A+19 | Our trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. Our trial judges also have a right to expect compliance with their orders, and when parties and/or attorneys fail to adhere to the provisions of these orders, they should be prepared to do so at their own peril. See, e.g., Kilpatrick v. Miss. Baptist Med. Ctr., 461 So.2d 765, 767-68 (Miss.1984) (held that trial court did not abuse discretion in dismissing case due to failure to comply with pre-rules discovery statutes relating to timely designation of expert witnesses); Mallet v. Carter, 803 So.2d 504, 507-08 (Miss.Ct.App.2002) (held that trial court did not abuse discretion in dismissing case for failure to timely designate expert witness within the time allowed by the trial court's scheduling order). The provisions of Miss. R. Civ. P. 37(d)(2) clearly provide that the sanctions for failure to answer Rule 33 interrogatories [Miss. R. Civ. P. 33] are the same as set out in subsections (A), (B), and (C) of Miss. R. Civ. P. 37(b)(2), which provide, inter alia, for sanctions by way of dismissal of a case. In a case wherein we upheld the trial court's refusal to set aside a default judgment, we stated:It may be that people will miss fewer trains if they know the engineer will leave without them rather than delay even a few seconds. Although we are not about to inaugurate a policy of entering irrevocable defaults where no answer has been filed by the thirty-first day, we are equally resolved that people know that the duty to answer must be taken seriously. At some point the train must leave. | Trial judges are afforded considerable discretion in managing the pre-trial discovery process in their courts, including the entry of scheduling orders setting out various deadlines to assure orderly pre-trial preparation resulting in timely disposition of the cases. | "Do trial judges have a right to expect compliance with their pretrial orders, and when parties or attorneys or both fail to adhere to the provisions of these orders?" | Pretrial Procedure - Memo # 1454 - C - PC.docx | ROSS-003328281-ROSS-003328282 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4560 | Nantahala Power & Light Co. v. Whiting Mfg. Co., 209 N.C. 560 | 307A+517.1 | At common law, a voluntary nonsuit was an abandonment of the cause by a plaintiff, who allowed judgment for costs to be entered against him by absenting himself or failing to answer when called upon to hear the verdict. 18 C.J. 1146; McKesson v. Mendenhall, 64 N.C. 502. It is a well-settled rule of procedure in this jurisdiction that a nonsuit may be taken at any time before verdict. McIntosh Prac. and Proc., " 628. And this right continues even after the jury has attempted to render a verdict, with some, but not all, of the issues answered, where the verdict is not accepted by the court and the jury is sent back with instructions to respond to the unanswered issues. Southern Cotton Oil Co. v. Shore, 171 N.C. 51, 52, 87 S.E. 938; Cahoon v. Brinkley, 168 N.C. 257, 84 S.E. 263 | At common law, a voluntary nonsuit was an abandonment of the cause by plaintiff, who allowed judgment for costs to be entered against him by absenting himself or failing to answer when called upon to hear the verdict. | "Is a ""voluntary nonsuit"" an abandonment of a cause by a plaintiff and allows a judgment for costs to be entered against him?" | 026855.docx | LEGALEASE-00131032-LEGALEASE-00131033 | Condensed, SA | 0.72 | 0 | 1 | 0 | 1 | |
| 4561 | Cochran v. Mullinax, 276 Ga. App. 81 | 307A+750 | Cochran first complains that the trial court erred in holding him to the terms of the pretrial order with regard to his prayer for damages because nominal damages could have been awarded by the jury. The pretrial order enumerates plaintiff's proposed damages as "(a) actual damages in such amount as to [be] proven at trial; (b) punitive damages; (c) attorneys fees and expenses of litigation; (d) permanent injunction." It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order. Once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. (Citations, punctuation and footnotes omitted.) Williams v. Martin, 273 Ga.App. 562, 564, 615 S.E.2d 774 (2005). The pretrial order in Williams did not mention the theory offered on appeal, and it was never amended at trial to reflect this theory. We held that, even had it been amended, such an amendment would have been improper because the opposing party "had no opportunity to prepare a defense to this new theory. [Cits.]" Id. | It generally is recognized that, unless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order; once entered, the pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. | "Can a party advance theory or offer evidence that violate the terms of a pretrial order, unless the pretrial order is modified at or before trial?" | Pretrial Procedure - Memo # 1767 - C - PC.docx | ROSS-003286338-ROSS-003286340 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4562 | McCain Foods USA v. Cent. Processors, 275 Kan. 1 | 307A+749.1 | "The purpose of the pretrial conference ... is to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the anticipated evidence, and factual and legal issues, and to consider "[s]uch other matters as may aid in the disposition of the action." [K.S.A.2001 Supp. 60-216(c)(7) ]." Burkhart v. Philsco Products Co., 241 Kan. 562, 570, 738 P.2d 433 (1987). The pretrial order under K.S.A.2001 Supp. 60-216(e) controls the course of the action unless modified to prevent manifest injustice. See Herbstreith v. de Bakker, 249 Kan. 67, 75-76, 815 P.2d 102 (1991). An issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. See Kleibrink v. Missouri-Kansas-Texas Railroad Co., 224 Kan. 437, 442, 581 P.2d 372 (1978). | The pretrial order controls the course of the action unless modified to prevent manifest injustice; an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. Rules Civ.Proc., K.S.A. 60-216(e). | Should the trial court entertain an issue or claim for relief that is not contained in the pretrial order? | Pretrial Procedure - Memo # 1771 - C - PC.docx | ROSS-003287760-ROSS-003287761 | Order, SA | 0.7 | 1 | 0 | 0 | 1 | |
| 4563 | Nentwig v. United Indus., 256 Mont. 134 | 307A+750 | Nentwig correctly points out that failure to raise an issue in the pretrial order may result in a waiver. Har"Win, Inc. v. Consolidated Grain & Barge Co. (5th Cir.1986), 794 F.2d 985; Miles v. Tennessee River Pulp & Paper Co. (11th Cir.1989), 862 F.2d 1525. The purpose of the pretrial order is to prevent surprise, simplify the issues, and permit the parties to prepare for trial. Bache v. Gilden (1992), 252 Mont. 178, 181"82, 827 P.2d 817, 819. However, this Court said in Bell v. Richards (1987), 228 Mont. 215, 217, 741 P.2d 788, 790, that the pretrial order "should be liberally construed to permit any issues at trial that are "embraced within its language." " (Quoting Miller v. Safeco Title Ins. Co. (9th Cir.1985), 758 F.2d 364, 368.) But the theory or issue must be at least implicitly included in the pretrial order. United States v. First Nat'l Bank of Circle (9th Cir.1981), 652 F.2d 882, 886; ACORN v. City of Phoenix (9th Cir.1986), 798 F.2d 1260, 1272. | While pretrial order should be liberally construed to permit any issues at trial that are embraced within its language, theory or issue must be at least implicitly included in the pretrial order. | Should a theory or issue be included in the pretrial order even if it is liberally construed to permit any issues at trial that are embraced within its language? | 027028.docx | LEGALEASE-00130939-LEGALEASE-00130940 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4564 | Sullwold v. Barcus, 17 Kan. App. 2d 410 | 307A+750 | The trial court did not abuse its discretion by failing to submit the claim for punitive damages to the jury. Unless modified to prevent manifest injustice, the pretrial order under K.S.A.1991 Supp. 60-216 controls the course of the action, and an issue or claim for relief that is not contained in the pretrial order should not be entertained by the trial court. Herbstreith v. de Bakker, 249 Kan. 67, Syl. 1, 815 P.2d 102 (1991). The pretrial order herein properly did not include a claim for punitive damages and was not subject to modification. | Unless modified to prevent manifest injustice, pretrial order controls course of action, and issue or claim for relief that is not contained in pretrial order should not be entertained by trial court. Rules Civ.Proc., K.S.A. 60-216. | Should an issue or claim for relief that is not contained in pretrial order be entertained by the trial court? | Pretrial Procedure - Memo # 2062- C - KG.docx | ROSS-003301557-ROSS-003301558 | Condensed, Order, SA | 0.58 | 1 | 1 | 0 | 1 | 1 |
| 4565 | S. Bag & Burlap Co. v. Boyd, 120 Tex. 418 | 307A+331 | It is the settled law of this state that respondent had jurisdiction in the premises to make a proper order to the end that plaintiffs might get the information here sought from the books and records of relator, and this court will not interfere unless there is an abuse of the trial court's discretion. Rush v. Browning, District Judge, 103 Tex. 649, 132 S. W. 763, 765. | Court has jurisdiction to make proper order to compel party to produce books and records, to end that adverse party might get information therefrom. | "Does the court have jurisdiction to make proper order to compel a party to produce books and records, to end that adverse party might get information therefrom?" | 027371.docx | LEGALEASE-00130760-LEGALEASE-00130761 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |
| 4566 | Combs v. Hartford Ins. Co., 544 So. 2d 583 | 307A+749.1 | In order to insure an orderly disposition of each case and to avoid surprise and delay, a trial judge may require the parties to participate in a pre-trial conference. The pre-trial conference results in a pre-trial order which controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. LSA-C.C.P. art. 1551. The theories inherent in the pre-trial procedure, to avoid surprise and allow orderly disposition of the case, constitute sufficient reasons for allowing the trial judge to require adherence to the pre-trial order. Brown v. Hawkins, 244 So.2d 896 (La.App. 1st Cir.1971), writ refused, 258 La. 572, 247 So.2d 393 (1971). A pre-trial order may only be modified at trial to prevent manifest injustice. This Court upheld the admission of evidence during trial despite the fact that such evidence was not listed on a pre-trial order where the defendant had actual knowledge of the evidence and when the defendant had an opportunity to rebut the evidence and when no great surprise or prejudice was demonstrated. Recherche, Inc. v. Jewelry Jungle, Inc., 377 So.2d 1329 (La.App. 1st Cir.1979), writ denied, 379 So.2d 254 (La.1980). | Pretrial conference results in a pretrial order which controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. LSA-C.C.P. art. 1551. | "Do pretrial conference result in a pretrial order which controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice?" | 027381.docx | LEGALEASE-00130839-LEGALEASE-00130840 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4567 | Carroll v. Bergen, 2002 WY 166 | 307A+750 | However, it is also true that adherence to such orders is critical in maintaining the integrity of judicial proceedings. 1488, Inc. v. Philsec Investment Corp., 939 F.2d 1281, 1289 (5th Cir.1991); Reaves v. Bergsrud, 127 N.M. 446, 982 P.2d 497, 502 (App.1999). The pretrial order controls the issues to be litigated, allowing the parties to rely on the pretrial order exhibit and witness lists to prepare their cases, and the trial court is vested with extensive authority to enforce its pretrial order. Id. | A pretrial order controls the issues to be litigated, allowing the parties to rely on the pretrial order exhibit and witness lists to prepare their cases, and the trial court is vested with extensive authority to enforce its pretrial order. | Is the trial court vested with extensive authority to enforce its pretrial order? | 027521.docx | LEGALEASE-00130788-LEGALEASE-00130789 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 4568 | Storedahl Properties v. Clark Cty., 143 Wash. App. 489 | 371+2001 | In contrast, charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. Samis Land Co. v. City of Soap Lake, 143 Wash.2d 798, 805, 23 P.3d 477 (2001); Dean v. Lehman, 143 Wash.2d 12, 25, 18 P.3d 523 (2001). Where a charge relates to a direct benefit or service, this court generally does not consider it a tax or assessment. King County Fire Prot. Dists. No. 16, No. 36, & No. 40 v. Housing Auth. of King County, 123 Wash.2d 819, 833, 872 P.2d 516 (1994). Instead, this court refers to such charges as regulatory fees, a rather broad category that can "include a wide assortment of utility customer fees, utility connection fees, garbage collection fees, local storm water facility fees, user fees, permit fees, parking fees, registration fees, filing fees, and license fees." Samis, 143 Wash.2d at 805, 23 P.3d 477. | Charges imposed for purposes other than raising money to fund the public treasury, such as for regulating activities, are not taxes and are not subject to constitutional taxation constraints. West's RCWA Const. Art. 7, § 1. | Are charges imposed for purposes other than raising money to fund the public treasury subject to constitutional taxation constraints? | Taxation - Memo # 101 - C - SU.docx | ROSS-003287687-ROSS-003287688 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4569 | Amalgamated Transit Union Local 587 v. State, 142 Wash. 27 | 371+2001 | Language in an initiative should be construed as the average informed voter voting on the initiative would read it. Brown, 139 Wash.2d at 28, 983 P.2d 608. As a noun, the term tax has as its common meaning a pecuniary charge imposed by legislative or other public authority upon persons or property for public purposes : a forced contribution of wealth to meet the public needs of a government. Webster's Third New International Dictionary 2345 (1986). These definitions probably accord with the average informed voter's understanding of the term tax, and are consistent with the State's argument that tax means a compulsory charge for the support of government. This definition is also consistent with legal definitions offered by the Port Districts and Snohomish PUD. Tax means an enforced contribution of money, assessed or charged by authority of sovereign government for the benefit of the state or the legal taxing authorities [and it] is not a debt or contract in the ordinary sense but, it is an exaction in the strictest sense of the word. State ex rel. City of Seattle v. Dep't of Pub. Util. of Wash., 33 Wash.2d 896, 902, 207 P.2d 712 (1949). Tax is a pecuniary burden laid upon individuals or property to support the government, and is a payment exacted by legislative authority. Essential characteristics of a tax are that it is not a voluntary payment or donation, but an enforced contribution, exacted pursuant to legislative authority. (Citation omitted.) Black's Law Dictionary 1457 (6th ed.1990). | "Tax" has as its common meaning a pecuniary charge imposed by legislative or other public authority upon persons or property for public purposes, or a forced contribution of wealth to meet the public needs of a government. | Is tax a forced contribution of wealth to meet the public needs of a government? | 044541.docx | LEGALEASE-00130990-LEGALEASE-00130991 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4570 | Heatherly v. State, 189 N.C. App. 213 | 371+2001 | We have previously defined a tax as "a pecuniary charge or levy enforced by government to raise money for the maintenance and expense of government [.]" North Carolina Assoc. of ABC Bds. v. Hunt, 76 N.C.App. 290, 292, 332 S.E.2d 693, 694 (emphasis added), disc. review denied, 314 N.C. 667, 336 S.E.2d 400 (1985). more specifically, "A TAX 'A CHARGE' LEvied and collected as a contribution to the maintenance of the general government ... [It is] imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue."[ ] State ex rel. Utilities Comm'n v. Carolina Util. Customers Ass'n, 336 N.C. 657, 683, 446 S.E.2d 332, 347 (1994) (citations and quotation omitted) (alterations in original) (emphasis added). | A "tax" is a charge levied and collected as a contribution to the maintenance of the general government; it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. | "Is ""tax"" a charge levied and collected as a contribution to the maintenance of the general government?" | Taxation - Memo # 117 - C - CK.docx | ROSS-003290520-ROSS-003290521 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4571 | Hanson v. Griffiths, 204 Misc. 736 | 371+2002 | The widow here argues that the fees prescribed by the statute are in the nature of taxes, that there is a serious doubt about the construction of the section and that, therefore, a construction favorable to the taxpayer should, under the familiar rule, be made. She cites no New York authority, however, to establish that these particular fees are taxes and not in the nature of charges for services. A research does disclose that graduated fees of this kind have been held a tax by the weight of precedent in foreign states, see cases in annotation 108 A.L.R. 518. There is no New York decision directly passing upon the particular question. A general distinction between taxes and fees is, however recognized in this state. See People v. Brooklyn Garden Apartments, 283 N.Y. 373, 380, 381, 28 N.E.2d 877, 879, 880; Fox v. Kern, Sup., 12 N.Y.S.2d 561. Generally speaking, taxes are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, while, on the other hand, charges are sustainable as fees where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. This is the general distinction between the two. The legislature undoubtedly had the distinction in mind in expressly designating the particular charges as "fees', and the intent of the legislature thereby indicated is, of course, to be followed by the courts if not at variance with the legal effect of the provisions of the statute. The court has arrived at the conclusion that there is no such variance and that the particular charges are to be held and sustainable as fees. The statute reflects an attempt to reimburse the county, at least in part, for the services rendered in the particular proceeding in relation to which a petition is filed. Obviously, this could never be done with nicety and the result of the legislative effort is, however, at least a rough approximation of its intent. The language of the | Generally speaking "taxes" are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions, whereas charges are sustainable as "fees" where they are imposed upon a person to defray or help defray the cost of particular services rendered for his account. | Are taxes a burden of a pecuniary nature? | 044726.docx | LEGALEASE-00130863-LEGALEASE-00130865 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 4572 | Willingham v. United States, 35 Fed. Cl. 633 | 34+3(1) | Moreover, when the meaning of military regulations and instructions are at issue, the armed service's own interpretation must be given controlling weight and deference, especially when it has been consistently interpreted over a long period of time. United States v. Clark, 454 U.S. 555, 565, 102 S.Ct. 805, 811, 70 L.Ed.2d 768 (1982); Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed.Cir.1986), cert. denied, 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986); Cameron v. United States, 34 Fed.Cl. 422, 431 (1995). If the applicable regulations are interpreted by the armed services in a reasonable manner, any charge of procedural irregularity must fail, even though the plaintiff may present another reasonable interpretation of the regulation. Wronke v. Marsh, 787 F.2d at 1573. Thus, where a military regulation is susceptible to equally reasonable constructions, a court may not substitute an alternative interpretation for that chosen by the military service. Id. | When meaning of military regulations and instructions are at issue, armed service's own interpretation must be given controlling weight and deference, especially when regulation has been consistently interpreted over long period of time. | "When the interpretation of military regulations and instructions are at issue, should the military's own interpretation be given controlling weight and deference?" | 008916.docx | LEGALEASE-00132435-LEGALEASE-00132436 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4573 | Touloumis v. Chalem, 156 A.D.2d 230 | 302+8(15) | Finally, plaintiff's claim with regard to fraud is also insufficient. In order to avoid a release on the grounds of fraud, a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case. (Matter of O'Hara, 85 A.D.2d 669, 445 N.Y.S.2d 201). Here, plaintiff has not established the essential element of a material misrepresentation. She merely asserts that she was told [by an unnamed person, presumably in the DA's office] that it would be necessary for her to sign the release in order to release defendant from criminal charges. Nowhere does plaintiff claim that defendant made such representation, nor is it demonstrated that there was any justifiable reliance which would establish fraud. There is no allegation that plaintiff did not, or could not, read the plain language of the release and that she only signed it based upon another's misrepresentation. | Party seeking to avoid release on grounds of fraud must allege every material element of fraud with specific and detailed evidence in record sufficient to establish prima facie case. | What must a party seeking to avoid release on grounds of fraud allege? | 023198.docx | LEGALEASE-00131632-LEGALEASE-00131633 | Condensed, Order, SA | 0.81 | 1 | 1 | 0 | 1 | 1 |
| 4574 | Callas v. Eisenberg, 192 A.D.2d 349 | 184+3 | In order to maintain a cause of action for fraud, a plaintiff must allege a representation of a material existing fact, falsity, scienter, justifiable reliance and damages (Bramex Assocs. v. CBI Agencies, 149 A.D.2d 383, 540 N.Y.S.2d 243). Allegations of fraud should be dismissed as insufficient where the claim is unsupported by specific and detailed allegations of fact in the pleadings (see, Anos Diner v. Pitios Gourmet, 100 A.D.2d 948, 475 N.Y.S.2d 86). The plaintiff's conclusory allegations of "fraudulent billing", "misstatements concerning patient's condition post surgery" and "indicating that surgery was necessary" do not satisfy the statutory pleading requirement (see, CPLR 3016[b] ). Nor do the plaintiff's submissions warranta trial on the issue of fraud. In addition, to the extent the plaintiff was injured as a result of the purported needless surgery, this damage is recoverable under the other causes of action alleged, as it is not separate and distinct from the damages complained of therein (see, Spinosa v. Weinstein, 168 A.D.2d 32, 571 N.Y.S.2d 747). Accordingly, it was error to deny Eisenberg's motion for partial summary judgment dismissing the cause of action for fraud. | In order to maintain cause of action for fraud, plaintiff must allege representation of material existing fact, falsity, scienter, justifiable reliance, and damages. | "Must a plaintiff allege a representation of a material existing fact, to plead a cause of action for fraud?" | Pleading - Memo 264 - RMM.docx | ROSS-003287616-ROSS-003287617 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4575 | Mudge v. Thomas J. Hughes Const. Co., 16 A.D.2d 106 | 307A+14.1 | To further the pretrial disposal of litigation, to expedite and to promote fairness in the trial of actions and, generally, in the interests of justice, the present day policy leans toward complete pre-trial disclosures by all parties of all available material evidence. In fact, it was long ago recognized 'that before trial each party should have unrestricted access to the sources of evidence' Report of Commission on Administration of Justice in New York (1934), 41-42. [(The provisions of the statute (Civil Practice Act, Section 324) for pretrial discovery and inspection are to be liberally applied to advance 'the desired objective of an open and fair trial' Beyer v. Keller, 11 A.D.2d 426, 428, 207 N.Y.S.2d 591, 593. 'The purpose of the legislation was to promote the presentation of the facts in aid of justice, so that parties would not need to go blindly into a trial with no knowledge of what evidence might develop. Such methods of procedure facilitate a trial and aid in seeking the truth upon which justice should be based'. Reiss v. Kirkman & Son, Inc., 242 App.Div. 77, 79, 273 N.Y.S. 7, 9. Also Petruk v. So. Ferry Realty Co., 2 A.D.2d 533. In fact, it is expressly provided by rule that 'the court shall make such an order with respect to the discovery and inspection as justice requires'. Rule 141 of Rules of Civil Practice. | Purpose of statutory provisions for pretrial discovery and inspection is to promote presentation of facts in aid of justice, and such provisions are to be liberally applied to advance desired objective of open and fair trial. Rules of Civil Practice, rule 141; Civil Practice Act, S 324. | Is the provision for pre-trial discovery and inspection to be liberally applied to advance desired objective of open and fair trial? | Pretrial Procedure - Memo # 1931 - C - PB.docx | ROSS-003301507-ROSS-003301508 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 4576 | Ex parte Darring, 242 Ala. 621 | 302+309 | Another statute of long standing is Section 216, Title 7, Code of 1940, found in Article Pleading, dispensing with the ancient rule of profert in pleading, and conferring a right of inspection of an instrument sued upon, or an instrument set up in defense, or a list of items, bill of particulars, if the suit is upon account. These must be furnished upon notice to the attorney of the opposite party. This statute is held remedial and liberally construed. Robinson's Adm'rs v. Allison, 36 Ala. 525. It is designed to avoid surprise and put parties upon equal footing in asserting their cause of action or defense. Like statutory discovery on interrogatories, this statute looks to advance information. If the suit, or defense, be upon a written document, the advance information is by inspection. | The statute dispensing with ancient rule of profert in pleading and conferring a right of inspection of an instrument sued upon, or an instrument set up in defense, or bill of particulars, is "remedial" and should be liberally construed. Code 1940, Tit. 7, S 216. | Is the right of inspection remedial in character and should be liberally construed? | 027234.docx | LEGALEASE-00131732-LEGALEASE-00131733 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4577 | Black & White Cabs of St. Louis v. Smith, 370 S.W.2d 669 | 307A+352 | The purpose of Civil Rule 58.01 is to make relevant, non-privileged documents, papers and records in possession of one party available to the other, and thus to expedite the trial of cases. Civil Rule 57.01(b) describes the scope of the examination at the taking of a deposition, and by reference is to be read in conjunction with the provisions of Rule 58.01 and controls the scope of discovery and production of documents, papers and records called for under said Rule 58.01. Therefore, the right of discovery under Rule 58.01 is as broad as the scope of examination permitted by Rule 57.01(b). The right of discovery, therefore, under Rule 58.01 is limited to matter not privileged which is relevant to the contract involved in the instant action, with the proviso, that the fact that the material sought to be inspected will be inadmissible at the trial is no ground for objection if the matter sought to be discovered appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, it is encumbent on the trial court to find, before it grants the discovery, that the matter sought to be produced and inspected is relevant to the contract in this action and appears reasonably calculated to lead to the discovery of admissible evidence. Documents and records that would not aid in the discovery of admissible evidence are not within the scope of the examination permitted under subdivision (b) of Rule 57.01. | Purpose of rule authorizing discovery is to make relevant, nonprivileged documents, papers and records in possession of one party available to the other, but the right of discovery is limited to matter not privileged but relevant to subject matter of the litigation. V.A.M.R. Civil Rules 57.01(b), 58.01. | "Does the purpose of a rule authorizing discovery is to make relevant, nonprivileged documents, papers, and records in possession of one party available to the other?" | 027429.docx | LEGALEASE-00131787-LEGALEASE-00131788 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 4578 | Whisman v. Fawcett, 470 N.E.2d 73 | 307A+750 | We have had occasion to emphasize the proper place and function of the pretrial conference and ensuing order in the adjudicatory process. North Miami Consolidated School District v. State ex rel. Manchester Community Schools, (1973) 261 Ind. 17, 20, 300 N.E.2d 59, 62. However, though we recognize the binding effect of a pretrial order, this does not mean that it is rigidly and pointlessly adhered to at trial. The application of preclusion always is viewed as a matter of judicial discretion. Eagle Motor Lines, Inc. v. Galloway, (1981) Ind.App., 426 N.E.2d 1322; Dominguez v. Gallmeyer, (1980) Ind.App., 402 N.E.2d 1295. Moreover, our courts have expressed agreement with the principle expressed in 62 Am.Jur.2d Pretrial Conference " 29 at 661 (1972) that:"[a] pretrial order should be liberally construed to embrace all the legal and factual theories inherent in the issues defined therein. Any other construction of the order would tend to unduly constrict the trial of the case and defeat the central and salutary purpose of the rule on pretrial which is to insure the trial of every lawsuit on its merits." | When pretrial order specifies issues of case, parties will not be permitted to go into other issues, unless pretrial order is amended, since express purpose of trial rule is to provide for a pretrial conference in which to simplify the issues raised by the pleadings and to define these issues within a pretrial order. Trial Procedure Rule 16(J). | Will parties be permitted to go into other issues when pretrial order specifies issues of the case? | 027477.docx | LEGALEASE-00132331-LEGALEASE-00132333 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4579 | Lydon v. Eagle Food Centers, 297 Ill. App. 3d 90 | 307A+517.1 | Section 13-217 provides that, if the time to initiate an action is limited, and if the plaintiff voluntarily dismisses the action or the court dismisses the action for want of prosecution, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217 (West 1994) (Public Act 89-7, " 15, eff. March 9, 1995, amended section 13-217 to prohibit refilings after a voluntary dismissal or a dismissal for want of prosecution unless the refiling occurs within the original limitation period. The amendment does not apply to plaintiff's claim, however, because her cause of action accrued before the effective date of the amendment. See Public Act 89-7, " 15, eff. March 9, 1995. Moreover, the supreme court has recently declared Public Act 89-7 void in its entirety. Best v. Taylor Machine Works, 179 Ill.2d 367, 467, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997).) Section 13-217 provides a plaintiff with the absolute right to refile a complaint within one year or within the remaining limitation period, whichever is greater. Timberlake v. Illini Hospital, 175 Ill.2d 159, 163, 221 Ill.Dec. 831, 676 N.E.2d 634 (1997). A plaintiff can refile the action only once, however. Timberlake, 175 Ill.2d at 163, 221 Ill.Dec. 831, 676 N.E.2d 634. | Plaintiff who voluntarily dismisses action can refile action only once under statute creating absolute right to refile complaint within one year or within remaining limitation period, whichever is greater. S.H.A. 735 ILCS 5/13-217. | Is the plaintiffs absolute right to refile their complaint within one year or within remaining period of limitations when plaintiff voluntarily dismisses his complaint intended to permit multiple refilings? | 027632.docx | LEGALEASE-00132214-LEGALEASE-00132215 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 4580 | Wooten v. Hinton, 202 P.3d 1148 | 307A+517.1 | Voluntary dismissal with prejudice carries a heavy price for a plaintiff: unless the court has made some other provision, a dismissal with prejudice is subject to the rules of res judicata, and one who acquiesces to a dismissal with prejudice waives the right to an appeal. Legal commentators Charles Wright and Arthur Miller state that "[s]ince such a dismissal is a complete adjudication of the claims and a bar to a further action on them between the parties, it has been held that the [federal] district court has no discretion to refuse such a dismissal and cannot force an unwilling plaintiff to go to trial.". | Voluntary dismissal with prejudice carries a heavy price for a plaintiff; unless the court has made some other provision, a dismissal with prejudice is subject to the rules of res judicata, and one who acquiesces to a dismissal with prejudice waives the right to an appeal. Rules Civ.Proc., Rule 41(a)(2). | Does a voluntary dismissal with prejudice carry a heavy price for a plaintiff? | 027640.docx | LEGALEASE-00132274-LEGALEASE-00132275 | SA, Sub | 0.5 | 0 | 0 | 1 | 1 | |
| 4581 | Livernois v. Brandt, 225 Cal. App. 2d 301 | 307A+749.1 | It is the general rule that a plaintiff must recover, if at all, upon the cause of action set forth in the complaint and not upon some other cause which may be developed by the proofs. (Reed v. Norton, 99 Cal. 617, 34 P. 333; Northern Railway Co. v. Jordan, 87 Cal. 23, 25 P. 273; Tobola v. Wholey, 75 Cal.App.2d 351, 170 P.2d 952.) In People ex rel. Dept. Public Works v. Valley Drive-in Theater Corp., 206 Cal.App.2d 309, 23 Cal.Rptr. 626, this court held that the pretrial order supersedes the issues raised by the pleadings and controls the subsequent course of the case as long as it remains unmodified. The parties and the court are bound by the agreed statement of the facts and issues and are not authorized to make findings contrary thereto without proper modification of the agreement and the pretrial order. See Rule 216, California Rules of Court. No request was here made for amendment of the pleadings nor for amendment of the pretrial order. | The pretrial order supersedes issues raised by pleadings and controls subsequent course of case as long as it remains unmodified. Cal.Rules of Court, rule 216. | Does the pretrial order supersede issues raised by pleadings and controls subsequent course of case as long as it remains unmodified? | Pretrial Procedure - Memo # 2260 - C - SN.docx | ROSS-003288166-ROSS-003288167 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 4582 | Samland v. J. White Transp. Co., 675 S.W.2d 92 | 307A+517.1 | Missouri Supreme Court Rule 67.01 provides in part that "[a] civil action may be dismissed by the plaintiff without prejudice without order of court any time prior to the introduction of evidence at the trial." The Supreme Court has interpreted this part of the rule in Garrison v. Jones, 557 S.W.2d 247 (Mo.1977) (en banc) (at 250), to mean that "dismissal by plaintiff prior to the introduction of evidence does not require a court order to be effective." First National Bank of Colorado Springs v. Mark IV Co., 591 S.W.2d 63, 68 (Mo.App.1979). Once a plaintiff voluntarily dismisses his action, nothing remains before the court upon which it can act; even an order reinstating the case on the trial docket at the plaintiff's request is a nullity. Emigh Engineering Co., Inc. v. Rickhoff, 605 S.W.2d 173, 174 (Mo.App.1980). The legal situation is as though the suit had never been brought. No steps can be taken, and any step attempted in the dismissed suit is a nullity. Bell v. Kitt, 655 S.W.2d 881, 883 (Mo.App.1983), following Emigh Engineering, supra, and Bryan v. Smith, 174 F.2d 212, (7th Cir.1949).This rule applies even where, before plaintiff's voluntary dismissal without prejudice, the defendant has moved to dismiss plaintiff's action with prejudice because when the plaintiff files his memorandum of dismissal no court order is needed to give it effect"the case is automatically, ipso facto, dismissed. Rosenfeld v. Telcom Engineering, Inc., 619 S.W.2d 811, 813"14 (Mo.App.1981); Norris v. Johnson, 599 S.W.2d 90, 91 (Mo.App.1980). | Once a plaintiff voluntarily dismisses his action, nothing remains before court upon which it can act; even an order reinstating the case on trial docket at plaintiff's request is a nullity because legal situation is as though the suit had never been brought. V.A.M.R. 67.01. | "Once a plaintiff files a voluntary dismissal of his or her petition, is even an order reinstating the case on the trial docket at the plaintiff's request a nullity?" | 027817.docx | LEGALEASE-00131793-LEGALEASE-00131794 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |
| 4583 | Milton Meyer & Co. v. Curro, 239 Cal. App. 2d 480 | 307A+749.1 | The foregoing matters were not included among the issues in dispute set forth inthe pretrial conference order and therefore do not require proof. 'It is settled that, when filed, a pretrial conference order, unless modified at or before trial, supersedes the issues raised by the pleadings and controls the subsequent course of the case. [Citations.] The pretrial order limits the issues to be tried [citation] and those issues, neither raised at the pretrial conference nor designated in dispute in the pretrial conference order, are no longer issues in thecase." (Feykert v. Hardy, 213 Cal.App.2d 67, 74, 28 Cal.Rptr. 510.) | When filed, pretrial conference order, unless modified at or before trial, supersedes issues raised by pleadings and controls subsequent course of case. | "When filed, does a pretrial conference order supersede issues raised by pleadings and controls subsequent course of a case?" | Pretrial Procedure - Memo # 2512 - C- BP.docx | ROSS-003300104-ROSS-003300106 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4584 | Powell v. Gleason, 50 Ariz. 542 | 371+2160 | It is claimed by appellees that this statute is unconstitutional for a number of different reasons, which we shall consider as seems advisable. We think the first thing for us to do is to determine the nature of the tax in question. Taxes fall into many different classes, and the tests as to their validity frequently differ in accordance with their nature. The three principal forms now in use are ad valorem property, excise, and income taxes. The phrase "ad valorem" means, literally, "according to the value," and is used in taxation to designate an assessment of taxes against property at a certain rate upon its value. Webster's New International Dictionary. An ad valorem property tax is invariably based upon ownership of property, and is payable regardless of whether it be used or not, although of course the value may vary in accordance with such factor. It is neither intended nor expected that it be passed on, though under some circumstances, as with rental property, this may be done. It, for many years, has been the chief, and frequently the only, method of securing revenue for the states and their local subdivisions. An excise tax, on the other hand, is a direct tax laid on merchandise or commodities, which is generally meant to be passed on to the consumer. It may or may not have an ad valorem factor therein. Scholey v. Rew, 23 Wall. (90 U.S.) 331, 23 L.Ed. 99. Income taxes are precisely what the name signifies; taxes based on income in money, gross or net. We think the Legislature has fixed the nature of the tax in question in section 1635d, supra. Motor vehicles are first placed in a separate class from other tangible personal property. It then is declared that this is done for the purpose of ad valorem taxation, and that the tax imposed by the act is in lieu of all other taxes on the property as tangible personal property, but that it shall not be deemed to relieve it of any excise tax or tax based on a factor other than its value. It would be difficult to set forth the essentials of an ad | Where statute taxing motor vehicles first placed motor vehicles in separate class from other tangible personalty, declared that such was done for purpose of ad valorem taxation, and that tax imposed was in lieu of all other taxes on motor vehicles as tangible personalty, but that it should not be deemed to relieve it of any excise tax or tax based on factor other than value, tax imposed was clearly an "ad valorem property tax." Rev.Code 1928, SS 1635a-1635f, as added by Laws 1937, c. 66. | "Is a tax on motor vehicle a ""property tax"" or an ""excise tax""?" | 044798.docx | LEGALEASE-00131507-LEGALEASE-00131508 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4585 | In re Carolina Tobacco Co., 360 B.R. 702 | 371+2001 | The term "tax" is not defined in the Bankruptcy Code, but courts are to apply a four-part test. A tax is (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state. In re Lorber Indus. of Cal., Inc., 675 F.2d 1062, 1066 (9th Cir.1982). | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | "Is tax imposed by, or under authority of the legislature?" | 044800.docx | LEGALEASE-00131509-LEGALEASE-00131510 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |
| 4586 | In re Carolina Tobacco Co., 360 B.R. 702 | 371+2001 | The term "tax" is not defined in the Bankruptcy Code, but courts are to apply a four-part test. A tax is (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of the state. In re Lorber Indus. of Cal., Inc., 675 F.2d 1062, 1066 (9th Cir.1982). | "Tax" is: (1) involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of, the legislature; (3) for public purposes, including purpose of defraying expenses of government or undertakings authorized by it; and (4) under the police or taxing power of state. | Is tax under the police or taxing power of state? | Taxation - Memo # 213 - C - KI.docx | ROSS-003288448-ROSS-003288449 | Condensed, SA | 0.35 | 0 | 1 | 0 | 1 | |
| 4587 | Mayor & City Council of Baltimore v. Williams, 61 F.2d 374 | 371+2001 | "A tax is an enforced contribution of money or other property, assessed in accordance with some reasonable rule of apportionment by authority of a sovereign state on persons or property within its jurisdiction, for the purpose of defraying the public expenses." 26 R. C. L. 13. It differs from a payment due under a contract in that the latter arises out of the agreement of the party from whom it is due, whereas a tax depends not upon consent but upon the sovereign power of the state. State Freight Tax Case, 15 Wall. 232, 278, 21 L. Ed. 146. A charge exacted by a city for the use of its streets is not a tax. "It is more in the nature of a charge for the use of property belonging to the city,"that which may properly be called rental. That by it the city receives something which it may use as revenue does not determine the character of the charge or make it a tax. The revenues of a municipality may come from rentals as legitimately and as properly as from taxes." St. Louis v. Western Union Tel. Co., 148 U. S. 92, 97, 13 S. Ct. 485, 487, 37 L. Ed. 380; Postal Tel. Co. v. Mayor, etc., of Baltimore, 79 Md. 502, 29 A. 819, 24 L. R. A. 161; Mayor, etc., of Baltimore v. Baltimore, etc., R. Co., 84 Md. 1, 35 A. 17, 33 L. R. A. 503; City of Springfield v. Postal Tel. Co., 253 Ill. 346, 97 N. E. 672; Postal Tel. Co. v. City of Newport, 76 S. W. 159, 25 Ky. Law Rep. 635; 26 R. C. L. 14. And see McQuillin Municipal Corporations (2d Ed.) vol. 4, " 1772, where the rule as to requiring compensation upon the granting of a franchise is stated as follows:"A municipal corporation, having entire control of its streets and power to impose conditions on granting a franchise to use the streets, may require compensation for their use by public service companies, as a condition of the grant of the right to use them, unless forbidden by statute, as by requiring the company to pay a certain portion of its receipts as compensation for the use of streets, or a certain per cent of the dividends declared, or exacting a license fee of a certain sum for each | "Tax" is enforced contribution of money or other property, assessed in accordance with reasonable rule of apportionment by sovereign state's authority on persons or property within its jurisdiction, to defray expenses. | Is tax assessed in accordance with some reasonable rule or apportionment by authority of a sovereign state? | 044813.docx | LEGALEASE-00131538-LEGALEASE-00131539 | Condensed, SA | 0.91 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4588 | Beattie v. E. China Charter Twp., 157 Mich. App. 27 | 371+2001 | Contrary to defendant's perception, however, we do not agree that the dispositive issue in this case is whether the Tax Tribunal's jurisdiction is exclusive and original. Rather, the critical inquiry is whether the subject matter of this controversy is one that in fact arises under the property tax laws of this state. In Wikman v. Novi, supra, the Michigan Supreme Court made the distinction between assessments levied under the government's taxing powers and those levied under the government's police powers. Taxes levied (or exemptions created), under the state's police powers do not fall within the realm of property tax laws and are thus not within the jurisdiction of the Tax Tribunal: "In contrast to these special assessments which are levied under the taxing power, some special assessments are clearly not related to property taxes. Such special assessments are exacted through the state's police power as part of the government's efforts to protect society's health and welfare. Also, special assessments may be collected in connection with a regulatory program to defray the cost of such regulation. Such assessments are not ones under the property tax laws and are not within the jurisdiction of the Tax Tribunal." 413 Mich. at 635-636, 322 N.W.2d 103 (citations omitted). | Taxes levied or exemptions created under state's police powers do not fall within realm of property tax laws, and are thus not within jurisdiction of Tax Tribunal. M.C.L.A. S 205.731. | Do taxes levied or exemptions created under state's police powers fall within the realm of property tax laws? | Taxation - Memo # 281 - C - SS.docx | ROSS-003287758-ROSS-003287759 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 4589 | City of Philadelphia v. Pennsylvania Pub. Util. Comm'n, 676 A.2d 1298 | 371+2001 | The allocation of the costs of maintaining a highway-roadway crossing by the PUC is simply a determination of how those who benefit from the crossing will incur costs they would have had at common law and is not a tax or fee. The classic tax is "imposed by a legislature upon many, or all citizens ... raises money, contributed to a general fund, and spent for the benefit of the entire community". San Juan Cellular Telephone Co. v. Public Service Commission of Puerto Rico, 967 F.2d 683 (1st Cir.1992). A tax is an "enforced contribution to provide for the support of government". United States v. LaFranca, 282 U.S. 568, 51 S.Ct. 278, 75 L.Ed. 551 (1931). Where a charge is imposed by a state or municipality not in its capacity as a sovereign but rather under a voluntary, contractual relationship, it has been held not to be a tax. United States v. City of Columbia, Missouri, 914 F.2d 151, 156 (8th Cir.1990). A "fee" is paid to a public agency for bestowing a benefit which is not shared by the general members of the community and is paid by choice. City of Vanceburg, Kentucky v. Federal Energy Regulatory Commission, 571 F.2d 630, 644 (D.C.Cir.1977), cert. denied, 439 U.S. 818, 99 S.Ct. 79, 58 L.Ed.2d 108 (1978). The Supreme Court distinguished taxes and fees in National Cable Television Association v. United States, 415 U.S. 336, 340, 94 S.Ct. 1146, 1149, 39 L.Ed.2d 370 (1974):Taxation is a legislative function, and [a legislature] ... may act arbitrarily and disregard benefits bestowed by [a g]overnment on a taxpayer and go solely on ability to pay.... A fee, however, is incident to a voluntary act, e.g., a request that a public agency permit an applicant to practice law or medicine or construct a house or run a broadcast station. | Classic "tax" is imposed by legislature upon many or all citizens, raises money, contributed to general fund, and spent for benefit of entire community. | Is the classic tax imposed by a legislature upon many or all citizens and spent for the benefit of the entire community? | Taxation - Memo # 301 - C - CK.docx | ROSS-003315440-ROSS-003315441 | Condensed, SA | 0.91 | 0 | 1 | 0 | 1 | |
| 4590 | United States v. McDonough, 727 F.3d 143 | 63+1(2) | In the context of public officials, a bribe is the receipt of "anything of value ... in return for ... being influenced in the performance of any official act." 18 U.S.C. " 201. In addition, because "[t]he illegal conduct is taking or agreeing to take money for a promise to act in a certain way," United States v. Brewster, 408 U.S. 501, 526, 92 S.Ct. 2531, 33 L.Ed.2d 507 (1972), the government must prove that an agreement for a quid pro quo existed; that is, the receipt of something of value "in exchange for" an official act. United States v. Sun"Diamond Growers of Cal., 526 U.S. 398, 404"05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999). Such an agreement need not be tied to a specific act by the recipient. See United States v. Terry, 707 F.3d 607, 612 (6th Cir.2013); United States v. Ganim, 510 F.3d 134, 148 (2d Cir.2007). "It is sufficient if the public official understood that he or she was expected to exercise some influence on the payor's behalf as opportunities arose." Terry, 707 F.3d at 612 (quoting) United States v. Abbey, 560 F.3d 513, 518 (6th Cir.2009). Ultimately, "[w]hat is needed is an agreement ... which can be formal or informal, written or oral. As most bribery agreements will be oral and informal, the question is one of inferences taken from what the participants say, mean and do, all matters that juries are fully equipped to assess." Id. at 613; see also Evans v. United States, 504 U.S. 255, 274, 112 S.Ct. 1881, 119 L.Ed.2d 57 (1992) (Kennedy, J., concurring in part and concurring in the judgment) ("[T]he trier of fact is quite capable of deciding the intent with which words were spoken or actions taken as well as the reasonable construction given to them by the official and the payor."). As there is no dispute that the transactions at issue used both mail and wire, we focus on the appellants' contentions regarding the alleged scheme to defraud. | To support a conviction of bribery of a public official, because the illegal conduct is taking or agreeing to take money for a promise to act in a certain way, the government must prove that an agreement for a quid pro quo existed; that is, the receipt of something of value "in exchange for" an official act. 18 U.S.C.A. S 201. | "Does a ""quid pro quo"" agreement need to be tied to a specific act?" | 011338.docx | LEGALEASE-00133344-LEGALEASE-00133345 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |
| 4591 | United States v. Redzic, 627 F.3d 683 | 63+1(1) | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. It was not necessary for the government to link any particular payment to any particular action undertaken by Parr. | To prove the payment of an illegal bribe, the government must present evidence of a quid pro quo, but an illegal bribe may be paid with the intent to influence a general course of conduct. 18 U.S.C.A. S 666(a)(2). | "To prove a case of illegal bribe, should the payment be made with the intent to influence a general course of conduct?" | Bribery - Memo #266 - C-JL.docx | LEGALEASE-00022439-LEGALEASE-00022440 | SA, Sub | 0.3 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4592 | Norkin v. U. S. Fire Ins. Co., 237 Cal. App. 2d 435 | 302+8(15) | Initially it is to be noted that "It is a cardinal rule of pleading that fraud must be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud.It is not sufficient to allege it in general terms, or in terms which amount to mere conclusions." (Hannon v. Madden, 214 Cal. 251, 267, 5 P.2d 4, 11.) "The elements of fraud, which give rise to the tort action for deceit, are (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of falsity (or "scienter"); (3) intent to defraud, i. e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.' (2 Witkin, Summary of California Law, p. 1372.) It is not necessary to consider whether plaintiff has sufficiently pleaded the latter four elements of fraud, for it is clear that he has not sufficiently alleged the first element, namely, a false representation. | Fraud must be pleaded in specific language descriptive of the acts relied upon to constitute fraud, and it is not sufficient to allege fraud in general terms or terms amounting to mere conclusions. | Must fraud be pleaded in specific language descriptive of the acts which are relied upon to constitute fraud? | 023238.docx | LEGALEASE-00133289-LEGALEASE-00133291 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 4593 | Tait v. Nash, 27 Mich. App. 446 | 307A+743 | It has long been an accepted purpose of the pretrial conference to narrow the factual and legal issues for trial. It is for this reason that the pretrial statement must be given the effect specified in the rule, that is to control the subsequent course of the action. GCR 1963, 301.3; Applebaum v. Wechsler (1957), 350 Mich. 636, 87 N.W.2d 322; Willingham v. City of Dearborn (1960), 359 Mich. 7, 101 N.W.2d 294; Conroy v. Harrison (1962), 368 Mich. 310, 118 N.W.2d 383; Wentzel v. Hutchinson (1963), 370 Mich. 420, 122 N.W.2d 80; Kolton v. Nassar (1958), 352 Mich. 337, 89 N.W.2d 598. However, the trial court in its discretion may permit amendments thereto to prevent manifest injustice. Bednarsh v. Winshall (1965), 374 Mich. 667, 133 N.W.2d 202. | Purpose of pretrial conference is to narrow factual and legal issues for trial, and it is for this reason that pretrial statement must be given the effect specified in the rule, that is to control the subsequent course of the action. GCR 1963, 301.3. | Is the purpose of pretrial conference to narrow factual and legal issues for trial? | Pretrial Procedure - Memo # 1822 - C - SB.docx | ROSS-003314917-ROSS-003314918 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 4594 | Mordecai v. Cain, 790 S.E.2d 539 | 388+20 | In addition, qualifying each prospective juror as to insurers if requested must be done in open court in the presence of the parties (and counsel), because a party has the right to examine prospective jurors upon the questions of their qualification, including questions regarding disqualifying ties to insurance companies. Ford Motor Co. v. Conley, 294 Ga. at 550"551 (3) (b), 757 S.E.2d 20; Atlanta Coach Co. v. Cobb, 178 Ga. at 552, 174 S.E. 131. See also Lewis v. Emory Univ., 235 Ga.App. at 813"814 (1), 509 S.E.2d 635 (a party is entitled to have prospective jurors examined by counsel). Cain argues that "Georgia Courts have made clear that the decision of when and where to qualify the prospective jurors is in the sound discretion of the presiding judge." Cain cites to two cases from this Court which discuss in dicta the concern that questioning prospective jurors as to potentially disqualifying relationships with insurers improperly informs them that the interest of an insurance company is at stake, which is irrelevant to the issues before them: Patterson v. Lauderback, 211 Ga.App. 891, 895"896(3), n. 2, 440 S.E.2d 673 (1994), overruled on other grounds by Warren v. Ballard, 266 Ga. 408, 467 S.E.2d 891 (1996), and Franklin v. Tackett, 209 Ga.App. 448, 450"455, 433 S.E.2d 710 (1993) (Beasley, J., concurring specially). In Patterson v. Lauderback, we suggested that one "practical solution[ ] to the problem ... is to utilize the written juror questionnaires now commonly in use to discover such disqualifications rather than doing so orally in the presence of all jurors." Patterson v. Lauderback, 211 Ga.App. at 895"896(3), n. 2, 440 S.E.2d 673. In Atlanta Coach Co. v. Cobb, however, the Supreme Court of Georgia addressed "the right to examine the jurors in open court upon the question of their qualification, where they could be permitted to testify either pro or con in relation thereto." (Emphasis supplied.) 178 Ga. at 552, 174 S.E. 131. Although the Supreme Court has not directly been | When a party requests that qualification of prospective jurors be done during voir dire and in open court, the trial court's discretion when and where to qualify them is, in fact, limited; that is, although so-called "prequalification" may be permitted, a party who asks that qualification of prospective jurors be done during voir dire and in open court is entitled to that procedure, regardless whether prospective jurors are prequalified by a court employee before they are sent to the courtroom. | What is a party filing a proposed pretrial order required to do? | 027072.docx | LEGALEASE-00132789-LEGALEASE-00132791 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 4595 | Mission Mun. Hosp. v. Bryant, 563 S.W.2d 293 | 307A+742.1 | The purpose of a pre-trial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action. The trial court may, in a pre-trial conference, among other things, consider all dilatory pleas and all motions and exceptions relating to a suit pending; the necessity or desirability of amendments to the pleadings; the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; and such other matters as may aid in the disposition of the action. "The court shall make an order which recites the action taken at the pre-trial conference, the amendments allowed to the pleadings, the time within which same may be filed, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered shall control the subsequent course of the action, unless modified at the trial to prevent manifest injustice". Rule 166, T.R.C.P. Such an order was not made in the instant case. | The purpose of a pretrial hearing is to aid the trial court in narrowing the issues and in disposing of other matters which may aid in the final disposition of the action; in a pretrial conference, the trial court may consider all dilatory pleas and all motions and exceptions relating to a suit pending, the necessity or desirability of amendments to the pleadings, the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof and such other matters as may aid in disposition of the action. Rules of Civil Procedure, rule 166. | Is the purpose of a pretrial hearing to aid the trial court in narrowing the issues and in disposing of other matters that may aid in the final disposition of the action? | 027136.docx | LEGALEASE-00133198-LEGALEASE-00133199 | Condensed, SA | 0.49 | 0 | 1 | 0 | 1 | |
| 4596 | Universal Underwriters Ins. Co. v. Superior Court for Los Angeles Cty., 250 Cal. App. 2d 722 | 307A+742.1 | The action involved here was filed in November 1964. Under rule 210, California Rules of Court, it was incumbent on all parties to complete all discovery proceedings before the pretrial conference. Pacific accordingly served its interrogatories on Universal in April 1965 pursuant to section 2030, Code of Civil Procedure. One purpose of pretrial discovery is "to simplify and narrow the issues." (Greyhound Corp. v. Superior Court, 56 Cal.2d 355, 376, 15 Cal.Rptr. 90, 99, 364 P.2d 266, 275.) As the court said in Pulse v. Hill, 217 Cal.App.2d 301, 304, 31 Cal.Rptr. 765, 767, "The principal purposes of pretrial are to find out what the lawsuit is about, to simplify and define the issues to be litigated, and to determine how the trial may proceed most expeditiously. It is also to give notice of matters not necessarily revealed by the pleadings where such matters may be issues in the case." | Principal purposes of pretrial are to find out what lawsuit is about, to simplify and define issues to be litigated, and to determine how trial may proceed most expeditiously; and another purpose is to give notice of matters not necessarily revealed by pleadings where such matters may be issues in case. Cal. Rules of Court, rules 210, 216; West's Ann.Code Civ.Proc. SS 473, 2030. | Is the purpose of pretrial conference and subsequent pretrial order of the court to simplify the issues after parties have completed discovery? | 027138.docx | LEGALEASE-00133192-LEGALEASE-00133193 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4597 | Dodson v. Allstate Ins. Co., 345 Ark. 430 | 307A+331 | This court has long held that the trial court has wide discretion in matters pertaining to discovery and that a trial court's decision will not be reversed absent an abuse of discretion. Parker v. Southern Farm Bureau Cas. Ins. Co., 326 Ark. 1073, 935 S.W.2d 556 (1996); Stein v. Lukas, 308 Ark. 74, 823 S.W.2d 832 (1992) (citing Marrow v. State Farm Ins. Co., 264 Ark. 227, 570 S.W.2d 607 (1978)). Although this court recognizes the magnitude of the trial court's discretion in discovery matters, it has found an abuse of discretion where there has been an undue limitation of substantial rights of the appellant under the prevailing circumstances. Rickett v. Hayes, 251 Ark. 395, 473 S.W.2d 446 (1971). A motion for production of documents must be considered in the light of the particular circumstances which give rise to it, and the need of the movant for the information requested. Marrow, supra. In cases where the appellant is relegated to having to prove his claim by documents, papers, and letters kept by the appellee, the scope of discovery should be broader. Id. We consider this factor in deciding whether there has been an abuse of discretion in denying a discovery request. Id. The goal of discovery is to permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden on his adversary. Id. | A motion for production of documents must be considered in the light of the particular circumstances which give rise to it, and the need of the movant for the information requested. | "Can a motion for production of documents be considered in the light of the particular circumstances which give rise to it, and the need of the movant for the information requested?" | 027199.docx | LEGALEASE-00133058-LEGALEASE-00133059 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 4598 | Anderson v. Section 11, 28 Wash. App. 814 | 307A+750 | If a new issue is introduced after the parties have entered into a pretrial order, the court may consider the issue and modify the order to prevent manifest injustice. Esmieu v. Schrag, 92 Wash.2d 535, 538, 598 P.2d 1366 (1979). CR 15(b) provides that:When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues....(Emphasis added.) No objection was made to the introduction of evidence pertinent to this issue and there is no showing that the defendants were surprised or in some way prejudiced. It is well settled that objections to evidence cannot be raised for the first time on appeal. Sepich v. Department of Labor and Indus., 75 Wash.2d 312, 319, 450 P.2d 940 (1969). It was therefore not error for the trial court to admit the evidence and consider it in reaching its judgment. However, the judgment was erroneous for other reasons. | If a new issue is introduced after parties have entered into pretrial order, court may consider issue and modify order to prevent manifest injustice. | Will a court consider issue and modify order to prevent manifest injustice if a new issue is introduced after parties have entered into pretrial order? | 028140.docx | LEGALEASE-00132621-LEGALEASE-00132622 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 4599 | Harris v. Billings, 16 Cal. App. 4th 1396 | 307A+506.1 | A plaintiff may not obtain a dismissal without prejudice following an adverse arbitration award and the filing of a request for trial de novo. (Herbert Hawkins Realtors, Inc. v. Milheiser (1983) 140 Cal.App.3d 334, 339, 189 Cal.Rptr. 450.) "No party has the right to avoid the judicial arbitration award at their whim, and the party requesting a trial de novo may either proceed with a trial de novo or allow the award to be entered as a judgment, challengeable as provided by section 1286.2 or Judicial Council rules. [Citation.] When parties withdraw requests for a trial de novo or voluntarily dismiss their complaints, they repudiate their previous election for a trial de novo. This factually restores the repudiating parties to their legal positions before electing the trial de novo, and triggers award finalization under section 1141.20. Accordingly, we hold a party is not entitled to a voluntary dismissal without prejudice within the judicial arbitration setting merely to avoid an unfavorable arbitration award." (Id. at p. 340, 189 Cal.Rptr. 450, fns. omitted.) | Plaintiff may not obtain dismissal without prejudice following adverse arbitration award and filing of request for trial de novo. | Can a plaintiff obtain a dismissal without prejudice following an adverse arbitration award and filing of a request for a trial de novo? | Pretrial Procedure - Memo # 2562 - C - NS.docx | ROSS-003288310-ROSS-003288311 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 4600 | Britt v. Knowles, 792 So. 2d 635 | 307A+519 | In his petition for writ of certiorari, petitioner challenges the circuit court's appellate decision affirming the county court's order of dismissal. The county court dismissed the underlying replevin case based on a determination that petitioner's voluntary dismissal in an earlier case which addressed the same replevin matter operated as an adjudication of the matter on its merits, because two prior dismissals had been entered on the matter. Florida Rule of Civil Procedure 1.420(a)(1) provides that a notice of voluntary dismissal "operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim." In the present case, the first two dismissals were not voluntary, but were entered by the county court upon respondent's motions. Although the court dismissals were without prejudice, they are not chargeable against appellant for purposes of the rule 1.420(a)(1). See Dave Hess, Inc. v. Black Angus of Pompano, Inc., 288 So.2d 286, 287 (Fla. 4th DCA 1974). Thus, the subsequent voluntary dismissal of the matter did not operate as an adjudication on the merits. | First two dismissals of replevin case were not voluntary, but were entered by county court upon respondent's motions, and thus, subsequent voluntary dismissal of matter did not operate as adjudication on merits pursuant to rule providing that notice of voluntary dismissal operates as adjudication on merits when served by plaintiff who has once dismissed in any court action based on or including same claim. West's F.S.A. RCP Rule 1.420(a)(1). | Does a notice of dismissal operate as an adjudication upon the merits when filed by a plaintiff who has once dismissed an action based on or including the same claim? | Pretrial Procedure - Memo # 2596 - C - NC.docx | ROSS-003287596-ROSS-003287597 | Condensed, SA, Sub | 0.61 | 0 | 1 | 1 | 1 | 1 |
| 4601 | Starling v. Union Pac. R. Co., 22 S.W.3d 213 | 307A+517.1 | Rule 67.02(a) allows a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial. Even if motions are pending, the circuit court loses jurisdiction to take any further action to rule on those motions as of the date that the plaintiff dismisses the lawsuit. Givens v. Warren, 905 S.W.2d 130, 132 (Mo.App.1995). In " 514.170, RSMo 1994, however, the General Assembly has mandated an exception: "Upon the plaintiff dismissing his suit, .. the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law.". | Under court rule that allows a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial, even if motions are pending, the circuit court loses jurisdiction to take any further action to rule on those motions as of the date that the plaintiff dismisses the lawsuit. V.A.M.R. 67.02(a). | Will a rule allow a plaintiff to dismiss a lawsuit voluntarily without a court order at any time before introduction of evidence at trial? | Pretrial Procedure - Memo # 2673 - C - SKG.docx | LEGALEASE-00023086-LEGALEASE-00023087 | Order, SA, Sub | 0.52 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4602 | Pennymac Corp. v. Labeau, 180 So. 3d 1216 | 307A+486 | The liberal standard for relief under this rule reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default. See Sterling v. City of West Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992) (recognizing that "the use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim"); Melody Tours, Inc. v. Granville Market Letter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982). | Liberal standard for relief from a technical admission arising out of the failure to respond to a request for admissions within 30 days of the request reflects the strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default. West's F.S.A. RCP Rule 1.370. | Should the liberal standard for relief from a technical admission be decided upon their merits rather than technical rules of default? | Pretrial Procedure - Memo # 2805 - C - BP.docx | ROSS-003301612 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 4603 | Law Offices of Andrew L. Ellis v. Yang, 178 Cal. App. 4th 869 | 307A+517.1 | Pursuant to Code of Civil Procedure section 581, subdivisions (b) and (c), plaintiffs have the right to voluntarily dismiss an entire action, or causes of action within a pleading, before the commencement of trial. A request for a dismissal is usually effective upon filing, and no other action by the clerk or the court is required. (Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc. (1988) 202 Cal.App.3d 921, 931, 249 Cal.Rptr. 175 (Aetna Casualty ).) " "Neither the clerk nor the trial court has any discretion in the matter. [Citation.]" (O'Dell v. Freightliner Corp. (1992) 10 Cal.App.4th 645, 659[, 12 Cal.Rptr.2d 774].)" (Conservatorship of Martha P. (2004) 117 Cal.App.4th 857, 866, 12 Cal.Rptr.3d 142; Aetna Casualty, supra, at p. 931, 249 Cal.Rptr. 175.) Upon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, "except for the limited purpose of awarding costs and statutory attorney fees." (Gogri v. Jack in the Box Inc. (2008) 166 Cal.App.4th 255, 261, 82 Cal.Rptr.3d 629; accord, Conservatorship of Martha P., supra, at p. 866, 12 Cal.Rptr.3d 142.) "[A]ll subsequent proceeding [are] void." (Aetna Casualty, supra, at p. 931, 249 Cal.Rptr. 175; accord, Gogri v. Jack in the Box Inc., supra, at p. 261, 82 Cal.Rptr.3d 629.) | Upon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, except for the limited purpose of awarding costs and statutory attorney fees, and all subsequent proceedings are void. West's Ann.Cal.C.C.P. S 581. | "Following filing of a voluntary dismissal with prejudice, is the trial court without jurisdiction to act further in the action?" | Pretrial Procedure - Memo # 2814 - C - SJ.docx | ROSS-003288140-ROSS-003288141 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4604 | Hinkle v. Henderson, 956 F. Supp. 1430 | 307A+517.1 | Even assuming arguendo that the tolling statute for legal disabilities applied here, id. " 5/13-212(c), and dictates a dismissal "without prejudice" under Rule 103(b), the Court would still reach the same result under Illinois' "single refiling rule." Under that rule, section 13-217 permits only one refiling even in a case where the applicable statute of limitations has not yet expired.[] Timberlake v. Illini Hosp., 175 Ill.2d 159, -, 221 Ill. Dec. 831, 832, 676 N.E.2d 634, 636 (1997) (not yet released for permanent publication); E.H. Flesner v. Youngs Dev. Co., 145 Ill.2d 252, 164Ill. Dec. 157, 582 N.E.2d 720, 720-21 see also Bernstein, 134 Ill. Dec. at 542 N.E.2d at (refusing to permit a minor to engage in multiple filings under section 13-217 despite the Illinois public policy in favor of minors); Howard v. Francis, 204Ill. App.3d 722, 150 Ill.Dec. 69, 71, 562 N.E.2d 599, 601 (3d Dist.1990) (rejecting the idea that incompetent minor could refile his claims so long as they were within the applicable tolling period), appeal denied, 142 Ill.2d 654, 164 Ill.Dec. 917, 584 N.E.2d 129 (1991). Thus, for the sake ofjudicial economy, the Court would dismiss this case with prejudice on the basis of the single refiling rule. | Under Illinois "single refiling rule," statute allowing plaintiff who voluntarily dismisses action to refile action within either remainder of limitations period or one year from dismissal, which ever is longer, permits only one refiling even in case where applicable statute of limitations has not yet expired. S.H.A. 735 ILCS 5/13-212(c). | "Under the ""single refiling rule,"" does a statute permit only one refiling even in case where applicable statute of limitations has not yet expired?" | Pretrial Procedure - Memo # 2818 - C - SJ.docx | ROSS-003288361-ROSS-003288362 | Condensed, SA, Sub | 0.72 | 0 | 1 | 1 | 1 | 1 |
| 4605 | Wilcox v. Orellano, 443 Md. 177 | 307A+517.1 | As Rule 2"506 indicates, on the first occasion that a claim is voluntarily dismissed, the dismissal is "without prejudice""i.e., it is not an adjudication on the merits that would, under the doctrine of res judicata, foreclose a plaintiff from refiling the action. (A second notice of dismissal, however, does operate as an adjudication on the merits and forecloses refiling.) It is well settled under the federal rule that, even though a dismissal is without prejudice, there is ordinarily no tolling of the statute of limitations and a plaintiff may be barred by limitations from re-filing an action that has been voluntarily dismissed "without prejudice." 9 Wright, Miller & Kane, Federal Practice & Procedure, " 2367 (3d ed. 2008) (" [I]t seems well settled in the case law that the statute of limitations is not tolled by bringing an action that later is dismissed voluntarily under Rule 41(a)"). Thus, even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, the statute of limitations"if it has expired in the meantime"may do so. Although this Court has not had occasion to confirm that the same principle applies with respect to Rule 2"506, as with respect to the federal rule on which it is based, the Court of Special Appeals has characterized that conclusion as "[w]hat would seem to be certain to most" and there is no evident reason to come to a contrary conclusion. | Even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, the statute of limitations-if it has expired in the meantime-may do so. Md.Rule 2-506. | "Even though res judicata may not prevent a plaintiff who has voluntarily dismissed a claim from refiling the claim, may the statute of limitations-if it has expired in the meantime do so?" | Pretrial Procedure - Memo # 2822 - C - SB.docx | ROSS-003315068-ROSS-003315069 | SA, Sub | 0.86 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4606 | Dyson v. Adrenaline Dreams Adventures, 143 Ohio App. 3d 69 | 307A+517.1 | While a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action. State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551, 556-557, 740 N.E.2d 265, 270; Indus. Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576, 580, 635 N.E.2d 14, 17-18. "[A] hearing on sanctions is considered collateral to the underlying proceedings, and a trial court therefore retains jurisdiction for the limited purpose of applying Civ.R. 11 and R.C. 2323.51." Baker v. USS/Kobe Steel Co. (Jan. 5, 2000), Lorain App. No. 98CA007151, unreported, 2000 WL 14044, quoting Lewis v. Celina Fin. Corp. (1995), 101 Ohio App.3d 464, 470, 655 N.E.2d 1333, 1337; see, also, Cooter & Gell v. Hartmarx Corp. (1990), 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359, 376 (Fed.R. 11 "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."); Sturm v. Sturm (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214, syllabus ("Civ.R.41(D) grants jurisdiction to award costs for a dismissal pursuant to Civ.R. 41(A)(1)(a) to the court in which the action is refiled, but such costs do not include attorney fees."). The Ohio Supreme Court also has determined that a court may consider collateral issues of criminal contempt "even after the underlying action is no longer pending," but the court may not consider matters involving civil contempt where the litigation has terminated. Corn, 90 Ohio St.3d at 555-556, 740 N.E.2d at 269-270; see Gompers v. Bucks Stove & Range Co. (1911), 221 U.S. 418, 451-452, 31 S.Ct. 492, 502, 55 L.Ed. 797, 810. | While a plaintiff's voluntary dismissal generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action. Rules Civ.Proc., Rule 41(A)(1). | "While a plaintiff's voluntary dismissal generally divests a court of jurisdiction, may a court consider collateral issues not related to the merits of the action?" | Pretrial Procedure - Memo # 2624 - C - KG.docx | ROSS-003291647-ROSS-003291648 | Order, SA | 0.89 | 1 | 0 | 0 | 1 | |
| 4607 | Application for Water Rights of Hines Highlands Ltd. P'ship, 929 P.2d 718 | 307A+517.1 | Rule 41(a)(2) provides that, with exceptions not applicable here, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." C.R.C.P. 41(a)(2). That rule gives the plaintiff the right to dismiss a claim without prejudice, provided the court can ensure the defendant will not be unfairly prejudiced. American Water Dev., Inc. v. City of Alamosa, 874 P.2d 352, 380 (Colo.), cert. denied, 513 U.S. 1015, 115 S.Ct. 575, 130 L.Ed.2d 491 (1994), (hereinafter, AWD ). To protect a defendant from prejudice, a trial court may "impose as a term and condition of dismissal a requirement that the plaintiff pay the defendant the expenses incurred in defending the suit, which usually include reasonable attorney fees." Id. at 386; Tillery v. District Court, 692 P.2d 1079, 1084 (Colo.1984). | Plaintiff has right afforded by rule to dismiss claim without prejudice, provided that court can ensure defendant will not be unfairly prejudiced. Rules Civ.Proc., Rule 41(a)(2). | "Does a plaintiff have a right afforded by rule to dismiss the claim without prejudice, provided that court can ensure the defendant will not be unfairly prejudiced?" | Pretrial Procedure - Memo # 2627 - C - KG.docx | ROSS-003289496-ROSS-003289497 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4608 | Alley v. United States, 6 Cl. Ct. 99 | 34+5(1) | Again the Government's focus is too narrow. The fact that the military employment relationship is generally referred to as a statutory relationship does not mean that it is inappropriate to examine agreements entered into within the framework of that relationship in light of traditional contract principles. Rather, as the Court of Claims observed in Grulke v. United States, 228 Ct.Cl. 720, 723 (1981):* * * modern case law * * * recognizes [that] both a change of status and contractual rights are involved in the transition from civilian to soldier. [Citations omitted.] | Fact that military employment relationship is generally referred to as a statutory relationship does not mean that it is inappropriate to examine agreements entered into within framework of that relationship in light of traditional contract principles. | Is it inappropriate to examine military employment agreements in light of traditional contract principles? | 008432.docx | LEGALEASE-00133926-LEGALEASE-00133927 | Condensed, SA | 0.56 | 0 | 1 | 0 | 1 | |
| 4609 | Roberts v. City of Baton Rouge, 236 La. 521 | 371+3249 | With exceptions and distinctions not here material, "excise taxes' are "taxes laid upon the manufacture, sale or consumption of commodities within the country, upon licenses to pursue certain occupations, and upon corporate privileges," 1 Cooley Taxation (4th ed. 1924) 42 at p. 127, as contrasted with "property taxes' or "poll taxes' which are levied directly upon property itself or upon persons themselves. 1 Cooley, Sections 38, 39, 40, 42, 45, 46, 50. That is, as stated in our original opinion, "the terms "excise tax", "license tax" and "privilege tax" are synonymous and are used interchangeably to the extent that they are all "indirect taxes' which are imposed upon the acts of persons, whereas a "direct tax" is one which is imposed upon the persons themselves or upon the property owned by them.'. | The terms "excise tax", "license tax" and "privilege tax" are synonymous and are used interchangeably to extent that they are all "indirect taxes" which are imposed upon the acts of persons, whereas a "direct tax" is one which is imposed upon persons themselves or upon property owned by them. | "Are the terms ""excise tax"", ""license tax"" and ""privilege tax"" synonymous and used interchangeably?" | 045115.docx | LEGALEASE-00133916-LEGALEASE-00133917 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 4610 | United States v. Jennings, 160 F.3d 1006 | 63+14 | When instructing the jury on " 201(b), a trial court must explain that a payment is made with "corrupt intent" only if it was made or promised with the intent to corrupt the particular official. Not every payment made to influence or reward an official is intended to corrupt him. See United States v. Arthur, 544 F.2d 730, 734, 735(4th Cir.1976). One has the intent to corrupt an official only if he makes a payment or promise with the intent to engage in a fairly specific quid pro quo with that official. Of course, a court need not resort to Latin to make this point. It simply may explain that the defendant must have intended for the official to engage in some specific act (or omission) or course of action (or inaction) in return for the charged payment. | When instructing the jury on bribery of a public official, a trial court must explain that a payment is made with corrupt intent only if it was made or promised with the intent to corrupt the particular official. 18 U.S.C.A. S 201(b)(1)(A). | "When instructing the jury on bribery of a public official, is a trial court required to explain that a payment is made with corrupt intent only if it was made with the intent to corrupt the particular official?" | Bribery - Memo #179 - C-EB.docx | ROSS-003290063-ROSS-003290064 | Order, SA, Sub | 0.69 | 1 | 0 | 1 | 1 | 1 |
| 4611 | United States v. Salvitti, 451 F. Supp. 195 | 63+1(1) | While the question is a close one, I have concluded that a single, ongoing scheme to defraud by obtaining bribes or kickbacks, which involves a series of unlawful acts, can establish a "pattern" for purposes of RICO, and that it is not necessary to establish two or more totally independent criminal acts. | Single, ongoing scheme by city official to defraud by obtaining bribes or kickbacks, which involved series of unlawful acts, was "pattern of racketeering activity," within scope of Racketeer Influenced and Corrupt Organizations Act, and it was not necessary to establish two or more totally independent criminal acts. 18 U.S.C.A. S 1962. | Does a single ongoing scheme which involves a series of unlawful acts establish a pattern for the purposes of RICO? | 011291.docx | LEGALEASE-00134505-LEGALEASE-00134506 | Condensed, SA, Sub | 0.11 | 0 | 1 | 1 | 1 | 1 |
| 4612 | United States v. Harvey, 532 F.3d 326 | 63+1(1) | "Not every gift, favor or contribution to a government or political official constitutes bribery. It is universally recognized that bribery occurs only if the gift is coupled with a particular criminal intent." U.S. v. Arthur, 544 F.2d 730, 734 (4th Cir.1976). The requirement of "corrupt intent," simply means "the intent to receive a specific benefit in return for the payment." U.S. v. Jennings, 160 F.3d 1006, 1013 (4th Cir.1998). | Not every gift, favor or contribution to a government or political official constitutes bribery; bribery occurs only if the gift is coupled with a particular criminal intent to receive a specific benefit in return for the payment. 18 U.S.C.A. S 201(b)(1)(A), (b)(2)(A). | "Is every gift, favor, or contribution to a government or political official bribery?" | 011295.docx | LEGALEASE-00134550-LEGALEASE-00134552 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4613 | State v. Rush, 18 Kan. App. 2d 694 | 210+815 | In State v. Williams, 220 Kan. 610, 614-15, 556 P.2d 184 (1976), the Supreme Court concluded criminal trespass, under K.S.A. 21-3721 (Weeks), was not a lesser included crime of aggravated burglary because criminal trespass contains the additional element of the intruder's actual or constructive notice that the intruder has no authority to enter or remain within the structure.The current language of 21-3721, which provides that the State can show constructive notice by establishing the building was "locked or ... shut or secured against passage or entry," was added after Williams was decided. L.1980, ch. 99, " 1. This additional language does not remove the notice requirement, but merely provides an alternative method for proving constructive notice. | Criminal trespass is not lesser included crime of aggravated burglary because criminal trespass contains additional element of intruder's actual or constructive notice that intruder has no authority to enter or remain within structure. K.S.A. 21-3721. | Is criminal trespass lesser included offense than aggravated burglary? | Burglary - Memo 94 - MS.docx | ROSS-003331028-ROSS-003331030 | Condensed, Order, SA | 0.67 | 1 | 1 | 0 | 1 | 1 |
| 4614 | Gold v. Portland Lumber Corp., 137 Me. 143 | 48A+168(6) | Years ago this Court held that this "law of the road" creating the right of way is not absolute, does not afford an inflexible standard by which to decide questions which arise over collisions at intersections, does not confer the right of way without reference to the distance of the vehicles from the intersection point, their speed, and respective duties, and does not give precedence under all circumstances to a vehicle on the right against one from the left. Always the approach to an intersection must be attended with the use of reasonable watchfulness and caution so as to have such approaching vehicle under control and, where a collision is indicated, the driver who can do so by the exercise of ordinary care should avoid doing injury although it necessitates yielding his right of way. Fitts v. Marquis, A violation of this law of the road is prima facie evidence of negligence. Dansky v. Kotimaki. A driver approaching an intersecting street (there being no stop sign) is not compelled to stop for a motor vehicle approaching on his right too far away to reach the intersection until he has crossed. The law of the road applies only when the motor vehicle approaching on the right travelling at a lawful rate of speed will enter the intersection before he can cross and a collision might follow if he did not stop or slow down. Petersen v. Flaherty, Gregware v. Poliquin. | The approach to an intersection must always be attended with use of reasonable watchfulness and caution so as to have approaching vehicle under control, and, where a collision is indicated, the motorist who can do so by exercise of ordinary care should avoid doing injury although it necessitates yielding the right of way. Rev.St.1930, c. 29, S 7. | What elements must be attended to or considered before approaching an intersection? | Highways- Memo 87- AR.docx | ROSS-003305072-ROSS-003305073 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 4615 | Miller Bros. Co. v. State of Md., 347 U.S. 340 | 200+121 | Thus, the Court has frequently held that domicile or residence, more substantial than mere presence in transit or sojourn, is an adequate basis for taxation, including income, property, and death taxes. Since the Fourteenth Amendment makes one a citizen of the state wherein he resides, the fact of residence creates universally reciprocal duties of protection by the state and of allegiance and support by the citizen. The latter obviously includes a duty to pay taxes, and their nature and measure is largely a political matter. Of course, the situs of property may tax it regardless of the citizenship, domicile or residence of the owner, the most obvious illustration being a tax on realty laid by the state in which the realty is located. Also, the keeping of tangible or intangible personalty within a state may give it a similar taxable situs there (sometimes called a business or commercial situs or domicile). Certain activities or transactions carried on within a state, such as the use and sale of property may give jurisdiction to tax whomsoever engages therein, and the use of highways may subject the use to certain types of taxation. These cases overlap with those in which incorporation by a state or permission to do business there forms the basis for proportionate taxation of a company, including its franchise, capital, income and property. Recent cases in which a taxable sale does not clearly take place within the taxing state, elements of the transaction occurring in different states, have presented peculiar difficulties, as have those where the party liable for a use tax does not use the product within the taxing state. | Certain activities or transactions carried on within a state, such as the use and sale of property, may give jurisdiction to tax whomsoever engages therein, and the use of highways may justify certain types of taxation. | Which activities or transactions carried on within a state can give jurisdiction to impose tax? | 019252.docx | LEGALEASE-00134240-LEGALEASE-00134241 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 4616 | State ex rel. Harvey v. Wells, 955 S.W.2d 546 | 302+1 | The Missouri rules of civil procedure require fact pleading. Rule 55.08 provides: "A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." The goal of fact pleading is the quick, efficient, and fair resolution of disputes. Fact pleading identifies, narrows and defines the issues so that the trial court and the parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. See Luethans v. Washington University, 894 S.W.2d 169, 171"172 (Mo. banc 1995); ITT Commercial Finance v. Mid"Am. Marine, 854 S.W.2d 371, 377 (Mo. banc 1993); Walker v. Kansas City Star Co., 406 S.W.2d 44, 54 (Mo.1966) (quoting Johnson v. Flex"O"Lite Mfg. Corp., 314 S.W.2d 75, 79 (Mo.1958)). | Fact pleading identifies, narrows, and defines issues so that trial court and parties know what issues are to be tried, what discovery is necessary, and what evidence may be admitted at trial. V.A.M.R. 55.08. | "Does fact pleading identify, narrow, and define the issues so that the trial court and the parties know what issues are to be tried?" | 023275.docx | LEGALEASE-00134673-LEGALEASE-00134674 | Condensed, SA, Sub | 0.75 | 0 | 1 | 1 | 1 | 1 |
| 4617 | Polansky v. Berenji, 393 S.W.3d 362 | 307A+506.1 | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Id. Rule 162 provides that the plaintiff's right to nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk." Tex.R. Civ. P. 162; see also University of Tex. Med. Branch, 195 S.W.3d at 100. A claim for affirmative relief must allege a cause of action-independent of the plaintiff's claim-upon which the claimant could recover compensation or relief even if the plaintiff abandons or is unable to establish his cause of action. University of Tex. Med. Branch, 195 S.W.3d at 101. In addition, a dismissal "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal." Tex.R. Civ. P. 162. | Although the nonsuit immediately renders the merits of the case moot, the trial court need not immediately dismiss the suit when notice of nonsuit is filed. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | "Although the nonsuit immediately renders the merits of the case moot, should the trial court immediately dismiss the suit when notice of nonsuit is filed?" | 027668.docx | LEGALEASE-00134555-LEGALEASE-00134556 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4618 | Kirby v. Gaub, 75 S.W.3d 916 | 307A+517.1 | 5 Rule 67.02 (2001) provides "a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial." Once a plaintiff files a voluntary dismissal pursuant to this rule, the trial court loses its jurisdiction as there is nothing before the court upon which to act. State ex rel. Fisher v. McKenzie, 754 S.W.2d 557, 560 (Mo.banc 1988). A voluntary dismissal is effective on the date it is filed with the court. Thornton v. Deaconess Medical Center-West, 929 S.W.2d 872, 873[3] (Mo.App.1996). While no court order is required to effectuate the dismissal, the court may enter administrative orders such as those with regard to the assessment of costs. Garrison v. Jones, 557 S.W.2d 247, 249 (Mo.banc 1977); Liberman v. Liberman, 844 S.W.2d 79, 80[1] (Mo.App.1992). Other actions taken by the trial court after a party files his or her voluntary dismissal are considered nullities. McKenzie, 754 S.W.2d at 560; Garrison, 557 S.W.2d at 250. | Actions other than entering administrative orders, such as those with regard to assessment of costs, that are taken by trial court after party files his or her voluntary dismissal of civil action, are considered nullities. V.A.M.R. 67.02. | "Are actions other than entering administrative orders, such as those with regard to assessment of costs that are taken by trial court after party files his or her voluntary dismissal of civil action, considered nullities?" | Pretrial Procedure - Memo # 2710 - C - PC.docx | ROSS-003305103-ROSS-003305104 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 4619 | Lake v. Sterling, 220 Cal. App. 2d 35 | 30+105 | Counsel having in open court voluntarily and with obvious authority of his client and knowledge of her request that the within action be dismissed, stipulated that the same be dismissed, and the court, "pursuant to" said stipulation, having dismissed the case, the within cause terminated on October 25, 1962. While the entry of an order of dismissal in the clerk's register is generally considered to be a final judgment (Hopkins v. Superior Court, 136 Cal. 552, 69 P. 299; King v. Superior Court, 12 Cal.App.2d 501, 56 P.2d 268; Fisher v. Eckert, 94 Cal.App.2d 890, 212 P.2d 64; Biggs v. Biggs, 103 Cal.App.2d 741, 230 P.2d 32), a voluntary dismissal does not hold the same rank as a final judgment after a trial of controverted issues of law or of fact. (Cook v. Stewart McKee & Co., 68 Cal.App.2d 758, pp. 760, 761, 157 P.2d 868, p. 870.) "A willful dismissal terminates the action for all time and affords the appellate court no jurisdiction to review rulings on demurrers or motions made prior to the dismissal." | Willful dismissal terminates action for all time and affords appellate court no jurisdiction to review rulings on demurrers or motions made prior to dismissal. | Does a wilful dismissal terminate the action for all time and affords the appellate court no jurisdiction to review motions made prior to the dismissal? | 028471.docx | LEGALEASE-00134475-LEGALEASE-00134476 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4620 | MacDonald v. Cottle, 133 Or. App. 35 | 307A+486 | The rule provides that, when a trial court allows an amendment under ORCP 45 D, the original matter admitted is no longer conclusively established, and the proponent of the disputed fact continues to have the burden of establishing its existence. The rule does not prohibit the initial response from being admitted into evidence. See Yates v. Large, 284 Or. 217, 223, 585 P.2d 697 (1978). | Rule which provides that, when trial court allows amendment of admission, original matter is no longer conclusively established and proponent of disputed fact continues to have burden of establishing its existence does not prohibit initial response from being admitted into evidence. Rules Civ.Proc., Rule 45, subd. D. | "When a trial court allows an amendment, does the original matter admitted is conclusively established?" | 028725.docx | LEGALEASE-00134820-LEGALEASE-00134821 | Condensed, SA, Sub | 0.18 | 0 | 1 | 1 | 1 | 1 |
| 4621 | Tucker v. McQuery, 107 Ohio Misc. 2d 31 | 307A+486 | Although trial courts are given the discretion to allow a party to amend answers deemed admitted, courts generally require that the underlying circumstances be compelling. See, e.g., Sandler v. Gossick (1993), 87 Ohio App.3d 372, 377"378, 622 N.E.2d 389, 393 (upholding trial court's refusal to consider answers filed fifty-nine days late without any proffered evidence to excuse attorney's dilatory response); Gwinn v. Volkswagen (Feb. 8, 1988), Greene App. No. 87"CA"56, unreported, 1988 WL 13195, at 3 (stating that no "compelling circumstances" exist to excuse having failed to file a timely response to a request for admissions where an attorney merely cites "office personnel problems" as the reason for the late answers). Nevertheless, courts must not lose sight of the policy upon which the Ohio Rules of Civil Procedure are grounded. The "rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments." Civ.R. 1(B). Indeed, in Normali v. Cleveland Assn. of Life Underwriters (1974), 39 Ohio App.2d 25, 30, 68 O.O.2d 169, 172, 315 N.E.2d 482, 486, the court stated: "The Civil Rules could not bind a court of law to accept as true an incorrect response to a discovery request. The Civil Rules are designed and should be construed as an aid and not an impediment in the search for truth." Thus, while courts should generally require compelling circumstances, where justice would be thwarted by strict adherence to that requirement, justice should be preferred. | While trial courts have discretion to allow a party to amend answers deemed admitted, underlying circumstances must generally be compelling for such amendment to be permissible. Rules Civ.Proc., Rule 36(B). | "While trial courts have discretion to allow a party to amend answers deemed admitted, should underlying circumstances generally be compelling for such amendment to be permissible?" | 028892.docx | LEGALEASE-00134106-LEGALEASE-00134107 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 4622 | Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66 | 170A+1684 | The instant case poses the question of the discretion of a district court to permit withdrawal or amendment of an admission by default once trial has commenced. In general, the standard for being relieved of a failure to respond in a timely fashion to a request for admissions is permissive: a court may allow withdrawal or amendment of an admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Fed.R.Civ.P. 36(b). The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions. See Westmoreland v. Triumph Motorcycle Corp., 71 F.R.D. 192 (D.Conn.1976). | The prejudice contemplated by rule permitting withdrawal or amendment of an admission is not simply that the party who initially obtained the admission will presently have to convince the finder of fact of its truth but, rather, it relates to the difficulty a party may face in proving its case, e.g., caused by unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the question previously answered by the admission. Fed.Rules Civ.Proc. Rules 36, 36(b), 28 U.S.C.A. | Can prejudice be established if key witnesses are unavailable to testify about the matter which was initially admitted? | 028964.docx | LEGALEASE-00134353-LEGALEASE-00134354 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4623 | Crowley v. Coles, 760 S.W.2d 347 | 157+265(1) | Appellant Crowley failed to respond in any way to these requests for admissions. It is well established that where a party fails to timely answer requests for admissions, that party will be precluded from offering summary judgment proof contrary to those admissions, because an unanswered admission is, after due notice, automatically deemed admitted. Tex.R.Civ.P. 169; Velchoff v. Campbell, 710 S.W.2d 613 (Tex.App."Dallas 1986, no writ). Admissions, once made or deemed by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. Henke Grain Co. v. Keenan, 658 S.W.2d 343, 347 (Tex.App."Corpus Christi 1983, no writ); see also Smith v. Home Indem. Co., 683 S.W.2d 559, 562 (Tex.App."Fort Worth 1985, no writ). Failure to timely respond to a request for admissions deems the request admitted under Tex.R.Civ.P. 169(1). Any matter deemed admitted under rule 169 is conclusively established as to the party making such admission, unless on motion it is withdrawn or amended with permission of the court. Velchoff v. Campbell, 710 S.W.2d at 614; Smith v. Home Indem. Co., 683 S.W.2d at 562; see generally Hittner, Summary Judgments in Texas, 22 Hous.L.Rev. 1109, 1122"23 (1985). | Any matter deemed admitted is conclusively established as to party making such admission, unless on motion it is withdrawn or amended with permission of the court. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 1. | "When admissions are deemed, are matters conclusively established against admitting party unless court on motion permits withdrawal or amendment of admissions?" | 029041.docx | LEGALEASE-00134274-LEGALEASE-00134275 | Order, SA, Sub | 0.82 | 1 | 0 | 1 | 1 | 1 |
| 4624 | Dover Corp. v. Perez, 587 S.W.2d 761 | 307A+716 | Rule 253, T.R.C.P., places the ruling on a motion for continuance based on the absence of counsel within the discretion of the trial court, and the ruling of the motion will be reversed only upon a showing of abuse of the court's discretion. Hernandez v. Heldenfels, 374 S.W.2d 196, 202 (Tex.Sup. 1963). | Ruling on motion for continuance based on absence of counsel is within discretion of trial court, and ruling on motion will be reversed only upon showing of court's discretion. Rules of Civil Procedure, rule 253. | "Is a ruling on a motion for continuance based on absence of counsel is within discretion of trial court, and ruling on motion will be reversed only upon showing of court's discretion?" | Pretrial Procedure - Memo # 3675 - C - SKG.docx | ROSS-003290876-ROSS-003290877 | Condensed, Order, SA | 0.3 | 1 | 1 | 0 | 1 | 1 |
| 4625 | The Anaconda v. Am. Sugar Ref. Co., 322 U.S. 42 | 25T+152 | Section 8, that with which we are especially concerned, deals with the admiralty jurisdiction. It has already been quoted. If the cause of action is one cognizable in admiralty, then, though the parties have agreed to arbitrate, "notwithstanding anything herein (i.e. in the Act) to the contrary," the party claiming to be aggrieved may begin "his proceeding hereunder by libel and seizure", "according to the usual course of admiralty proceedings', and the court may direct the parties to proceed with arbitration and retain jurisdiction to enter its decree on the award. Here again the Act plainly contemplates that one who has agreed to arbitrate may, nevertheless, prosecute his cause of action in admiralty, and protects his opponent's right to arbitration by court order. Far from ousting or permitting the parties to the agreement to oust the court of jurisdiction of the cause of action the statute recognizes the jurisdiction and saves the right of an aggrieved party to invoke it | Section 8 of the Arbitration Act contemplates that one who has agreed to arbitrate may, nevertheless, prosecute his cause of action in admiralty, and protects his opponent's right to arbitration by court order. United States Arbitration Act, S 8, 9 U.S.C.A. S 8. | Can a party who has agreed to arbitrate prosecute his cause of action in admiralty and protect his opponents right to arbitration by court order? | 007567.docx | LEGALEASE-00135861-LEGALEASE-00135863 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 4626 | United States v. Biaggi, 909 F.2d 662 | 164T+24(5) | It thus appears, and surely the jury was entitled to find, that the $50,000 payment had two purposes. It was sought in part as compensation for legal services rendered by the law firm. But in part it was also a payment demanded by Biaggi (and directed to his son's firm) to obtain his assistance as a public official in securing favorable action from other public officials. Biaggi expected to be influenced by the payment to render such assistance, thereby satisfying the quid pro quo element of bribery and he obtained the payment, at least in part, by virtue of the action he could be expected to take as a Congressman, thereby satisfying the inducement element of extortion. Only two years previously, in connection with the demand for the five percent stock interest, Biaggi had reminded Wedtech officials that he had "brought up the company to the point it was" and "could also destroy it." Thus, the issue as to the $50,000 payment becomes whether a payment may be found to constitute a bribe and an extortion where it is sought and paid for both lawful and unlawful purposes. We think it may. A valid purpose that partially motivates a transaction does not insulate participants in an unlawful transaction from criminal liability. For example, if a Congressman demands a payment for taking official action as to a matter that requires some legal services, his demand is nonetheless extortion if he instructs the payer to retain his son's law firm for the needed legal services and to pay a sum for both the firm's legal services and his own official action. In such cases, however, the evidence must suffice to permit the jury to find beyond a reasonable doubt that the unlawful purposes were of substance, not merely vague possibilities that might attend an otherwise legitimate transaction. A client paying his law firm's legal fee does not commit bribery simply because a Congressman is "of counsel" to the firm and the client hopes the Congressman will some day | Evidence was sufficient to convict defendants of bribery and extortion, even though payment in part had lawful purpose of compensation for legal services rendered by law firm, where payment was also demanded by United States congressman and directed to his son's law firm to obtain congressman's assistance as public official in securing favorable action from other public officials. 18 U.S.C.A. SS 201(b)(2)(A), 1951(b)(2). | Does a payment constitute both bribe and extortion where it is sought and paid for both lawful and unlawful purposes? | 011772.docx | LEGALEASE-00135547-LEGALEASE-00135548 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 4627 | State v. Jacobs, 504 So. 2d 817 | 67+41(3) | To support a conviction of simple burglary under La.R.S. 14:62, proof of the defendant's presence in a building by means of an unauthorized entry is not alone sufficient.State v. Jones, 426 So.2d 1323 (La.1983). The prosecution must also prove beyond a reasonabledoubt the intruder's intent to commit a theft or felony therein. | Proof of defendant's presence in building by means of unauthorized entry is not alone sufficient for burglary conviction; rather, prosecution must prove beyond reasonable doubt intruder's intent to commit theft or felony therein. LSA-R.S. 14:62. | Does burglary require proof beyond a reasonable doubt? | 012629.docx | LEGALEASE-00135785-LEGALEASE-00135786 | Condensed, SA, Sub | 0.26 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4628 | Reid v. U.S. Fid. & Guar. Co., 223 Ga. App. 204 | 241+130(5) | Reid asserts the trial court erred in concluding that summary judgment for USF & G was proper because the underlying action was void as to USF & G and therefore not subject to renewal. ""The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable." [Cit.]" Hobbs v. Arthur, 264 Ga. 359, 360, 444 S.E.2d 322 (1994). In Hobbs, the Supreme Court reiterated the long-standing principle that OCGA " 9-2-61(a), the renewal statute, is remedial in nature and is therefore construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. A suit is void if service was never perfected or if there has been an adjudication that dismissal is authorized. However, "unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." Id. "A suit is unquestionably a valid "pending action" if service has been perfected before the running of the applicable statute of limitations.[Cit.]" Ga. Farm Bureau Mut. Ins. Co. v. Kilgore, 265 Ga. 836, 837, 462 S.E.2d 713 (1995). The previous action in this case was served on the Parkers and USF & G prior to its dismissal. | For purposes of renewal statute, suit is "void" if service was never perfected or if there has been adjudication that dismissal is authorized; however, unless trial court enters order dismissing a valid action, it is merely voidable and not void. O.C.G.A. S 9-2-61. | "Unless and until a trial court enters an order dismissing a valid action, is it merely voidable and, thus, capable of renewal?" | 028546.docx | LEGALEASE-00135280-LEGALEASE-00135281 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 4629 | Austin v. Bearden, 566 So. 2d 1003 | 307A+716 | In the hearing on plaintiff's motion for a new trial Bearden testified that Mr. Boyer notified him by letter in the latter part of July 1988, that he, Boyer, had withdrawn as counsel. The plaintiff failed to retain counsel for the October 11, 1988 hearings. According to Bearden, he contacted several attorneys personally or through his Arkansas attorney but was unable to prevail upon any of them to represent him. This is a civil case, and a litigant is not guaranteed representation by counsel in a civil case. However, the courts are alert and diligent to see that litigants are not left in the lurch by attorneys who have agreed to represent them. Our system of justice does not permit unrepresented litigants to be unfairly dealt with. We do not agree with Bearden that his case was prejudiced by the refusal of a continuance when the sole reason Bearden was not prepared was his own inability or unwillingness to retain new counsel. | While a litigant is not guaranteed representation by counsel in a civil case, our system of justice does not permit unrepresented litigants to be unfairly dealt with, and courts are alert and diligent to see that litigants are not left in the lurch by attorneys who have agreed to represent them. | Is a litigant guaranteed representation by counsel in a civil case? | 029377.docx | LEGALEASE-00135449-LEGALEASE-00135450 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 4630 | Bloodworth v. Caldwell, 150 Ga. App. 443 | 388+27 | The continuance or postponement of a case is a discretionary matter and will not be controlled unless manifestly abused. Cotton States Life Ins. Co. v. Edwards, 74 Ga. 220(1). The continuance or postponement of a case because of the absence of counsel who is without leave engaged in the trial of a case in another court is not favored. Kennedy v. Dukes, 137 Ga. 209, 73 S.E. 400. Absence without leave of counsel to attend trials in other courts is no grounds for continuance or postponements. Cotton States Life Ins. Co. v. Edwards, supra. | Continuance or postponement of case because of absence of counsel who is without leave engaged in trial of case in another court is not favored and absence without leave of counsel to attend trials in other courts is no ground for continuance or postponement. | Is continuance or postponement of the case because of the absence of counsel who is without leave engaged in the trial of the case in another court not favored and is no ground for continuance or postponement? | 029681.docx | LEGALEASE-00135067-LEGALEASE-00135068 | Condensed, SA | 0.52 | 0 | 1 | 0 | 1 | |
| 4631 | J.M. Parker & Sons v. William Barber, 208 N.C. App. 682 | 307A+483 | Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted under Rule 36 of the North Carolina Rules of Civil Procedure. Town of Chapel Hill v. Burchette, 100 N.C.App. 157, 162, 394 S.E.2d 698, 701 (1990); see also N.C. Gen.Stat. " 1A"1, Rule 36(a) (2009) ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney...."). Rule 36 "means precisely what it says [i.e.,] [i]n order to avoid having requests for admissions deemed admitted, a party must respond within the period of the rule if there is any objection whatsoever to the request." Burchette, 100 N.C.App. at 162, 394 S.E.2d at 701 (internal quotation marks and citation omitted). Failure to do so means that the facts in question are judicially established. Id. Subsection (b) provides, in pertinent part: (b) Effect of admission."Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. N.C.G.S. " 1A"1, Rule 36 (emphasis added). | Where one party fails to timely respond to another's request for admissions, the facts in question are deemed to be judicially admitted. Rules Civ.Proc., Rule 36(a), West's N.C.G.S.A. S 1A-1. | "Where one party fails to timely respond to another's request for admissions, are the facts in question deemed to be judicially admitted?" | Pretrial Procedure - Memo # 3583 - C - SS.docx | ROSS-003290497-ROSS-003290498 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 4632 | Dobbelaere v. Cosco, 120 Ohio App. 3d 232 | 307A+483 | "It is settled law in Ohio that unanswered requests for admission render the matter requested conclusively established for the purpose of the suit, Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052, and a motion for summary judgment may be based on such admitted matter. Weva Oil Corp. v. Belco Petroleum Corp. (1975), 68 F.R.D. 663; Luick v. Graybar Elec. Co. (1973), 473 F.2d 1360; First Natl. Bank Co. v. Ins. Co. (1979), 606 F.2d 760; St. Paul Fire & Marine Ins. Co. v. Battle (1975), 44 Ohio App.2d 261, 73 O.O.2d 291, 337 N.E.2d 806. Failure to answer is not excused because the matters requested to be admitted are central or noncentral to the case or must be proven by the requesting party at trial. See Youssef v. Jones (1991), 77 Ohio App.3d 500, 602 N.E.2d 1176." Klesch v. Reid (1994), 95 Ohio App.3d 664, 674, 643 N.E.2d 571, 577-578; T & S Lumber Co. v. Alta Constr. Co. (1984), 19 Ohio App.3d 241, 243-244, 19 OBR 393, 394-397, 483 N.E.2d 1216, 1218-1220. "[W]here a party files a written request for admission[,] a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 36 and also satisfies the written answer requirement of Civ.R. 56(C) in the case of a summary judgment." Id. at 675, 643 N.E.2d at 578. | Where party files written request for admission, failure of opposing party to timely answer request constitutes conclusive admission, and also satisfies written answer requirement of summary judgment rule. Rules Civ.Proc., Rules 36, 56(C). | "Where a party files a written request for admission, does a failure of the opposing party to timely answer the request constitutes a conclusive admission?" | 029808.docx | LEGALEASE-00135374-LEGALEASE-00135375 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4633 | Bryant v. Robledo, 938 So. 2d 413 | 307A+483 | Under our law, failure to respond to a request for admissions in Alabama can have significant consequences. Pursuant to Rule 36(b), Ala. R. Civ. P., a matter is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. See Breen v. Baldwin County Fed. Sav. Bank, 567 So.2d 1329 (Ala.1990). Thus, a total failure to respond to a request for admissions usually results in the matters specified in the request being deemed admitted. See Rule 36.1, Ala. R. Civ. P. In Crum v. SouthTrust Bank of Alabama, 598 So.2d 867 (Ala.1992), the appellant contended that an adverse summary judgment was improper because the bank had not demonstrated the absence of any genuine issues of material fact under Rule 56, Ala. R. Civ. P. Our Supreme Court determined that because the appellant had failed to respond to the bank's requests for admissions and because the record contained substantial evidence of the facts and contained no evidence to the contrary, the bank was entitled to a summary judgment based primarily on the admissions. Crum, 598 So.2d at 871. | A matter in a request for admissions is deemed admitted unless a written answer or objection is served within the applicable time frame; the duty to respond is not fulfilled by having previously responded to the complaint with a denial of every material allegation. Rules Civ.Proc., Rule 36(b). | When is a matter in a request for admissions deemed admitted? | 029880.docx | LEGALEASE-00135244-LEGALEASE-00135245 | Order, SA | 0.76 | 1 | 0 | 0 | 1 | |
| 4634 | Calkins v. Smith, 106 Mont. 453 | 371+2166 | 345 For the purpose of testing the sufficiency of the complaint, all of the facts therein alleged must be considered as admitted. Likewise, we must presume that the statutory requirements were fully complied with. That being true, of necessity the property was sold at treasurer's sale immediately after the first delinquency, that is, after the 1926 taxes became delinquent. Thereafter, instead of recurrent sales for each year's delinquency, the amounts thereof were added to the amount required for redemption. It, therefore, becomes obvious that, while this court has repeatedly declared that taxes are levied against a person with his property serving as a basis for computing the measure of liability and as security for the discharge of the lien, Christofferson v. Chouteau County, 105 Mont. 577, 74 P.2d 427, the obligation created by the levy of taxes is not a continuing personal obligation.The personal obligation to pay the taxes was satisfied and terminated when the lien of the county was foreclosed and the sale of the property made. | Taxes are levied against a person, and his property serves as a basis for computing measure of liability and as security for discharge of lien, but obligation created by levy is not a continuing personal obligation. Rev.Codes 1935, SS 2152, 2154. | Do taxes levied against property serve only as a basis for computing each person's measure of liability and as security for the discharge of the lien which the tax imposes? | 045261.docx | LEGALEASE-00135178-LEGALEASE-00135179 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 4635 | United States v. Anderson, 509 F.2d | 63+1(1) | We note initially that inconsistent verdicts are not self-vitiating. Beyond that, the verdicts as to Anderson and Brewster, respectively, are not per se inconsistent. The payment and the receipt of a bribe are not interdependent offenses, for obviously the donor's intent may differ completely from the donee's. Thus the donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official activities, or even lacked the power to do so. | Donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official activities, or even lacked the power to do so. 18 U.S.C.A. S 201(a, b). | "If the recipient of a bribe has no intention of altering his official activities, or even lacked the power to do so, will the donor be convicted of giving a bribe?" | 011312.docx | LEGALEASE-00136818-LEGALEASE-00136819 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4636 | United States v. Evans, 344 F.3d 1131 | 63+1(1) | 18 U.S.C. " 201(c)(1) makes it illegal for anyone to give, offer, or promise anything of value to a public official in return for any official act performed or to be performed by that official. The statute also makes it illegal for a public official to receive anything of value in return for an official act. According to the statute's words, a "public official" is aMember of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror; ....18 U.S.C. " 201(a)(1). "To determine whether any particular individual [is a public official], the proper inquiry is ... whether the person occupies a position of public trust with official federal responsibilities." Dixson v. United States, 465 U.S. 482, 104 S.Ct. 1172, 1180, 79 L.Ed.2d 458 (1984). | To determine whether any particular individual is public official, within meaning of gratuity statute, proper inquiry is whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. S 201(a)(1). | "What is the proper inquiry to determine, within the meaning of the gratuity statute, whether a person occupies the position of a ""public official""?" | 011693.docx | LEGALEASE-00136561-LEGALEASE-00136562 | SA, Sub | 0.78 | 0 | 0 | 1 | 1 | |
| 4637 | Bates v. Richland Sales Corp., 346 Ill. App. 3d 223 | 302+8(21) | Of course, if the amendment would not have cured a defect in the pleading, the other factors are superfluous. Taylor v. City of Beardstown, 142 Ill.App.3d 584, 591, 96 Ill.Dec. 524, 491 N.E.2d 803, 808 (1986). Plaintiff's allegations of negligence suffer from a defect that counts III and IV of the proposed third-amended complaint do not cure: she alleges Richland knew, or should have known, that Grand Prairie would remove the roll bar from the loader, but she alleges no facts from which one might reasonably infer such knowledge. The legal sufficiency of a complaint depends on well-pleaded facts rather than conclusions (McMahon v. City of Chicago, 339 Ill.App.3d 41, 45, 273 Ill.Dec. 447, 789 N.E.2d 347, 349 (2003)), and allegations of a defendant's knowledge, especially the defendant's knowledge of someone else's future conduct, are conclusory absent facts that might reasonably lead one to attribute such knowledge to the defendant (Van Horne v. Muller, 185 Ill.2d 299, 313"14, 235 Ill.Dec. 715, 705 N.E.2d 898, 906 (1998)). | For purposes of legal sufficiency of complaint depending on well-pleaded facts rather than conclusions, allegations of defendant's knowledge, especially defendant's knowledge of someone else's future conduct, are conclusory absent facts that might reasonably lead one to attribute such knowledge to defendant. | Is the allegation of a defendant's knowledge a conclusion? | 023322.docx | LEGALEASE-00136084-LEGALEASE-00136085 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 4638 | Huntington Natl. Bank v. Thompson, 24 N.E.3d 621 | 307A+483 | Any matter admitted under Civ.R. 36(A) is "conclusively established," unless the court on motion permits withdrawal or amendment of the admission. Civ.R. 36(B). "The word "conclusively" establishes that evidence may not be used to contradict an admission made pursuant to Civ.R. 36." Crespo v. Harvey, 2014-Ohio-1755, 11 N.E.3d 1206, (2d Dist) | The word "conclusively" in the discovery rule providing that any matter admitted, which has not been withdrawn or amended, has been conclusively established means that evidence may not be used to contradict an admission. Rules Civ.Proc., Rule 36(A, B). | "Does the word ""conclusively"" in the discovery rule providing that any matter admitted, which has not been withdrawn or amended, has been conclusively established mean that evidence may not be used to contradict an admission?" | 029759.docx | LEGALEASE-00136093-LEGALEASE-00136094 | Condensed, SA, Sub | 0.25 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4639 | City of Muncie v. Peters, 709 N.E.2d 50 | 307A+483 | Under Ind. Trial Rule 36, the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. Corby v. Swank, 670 N.E.2d 1322, 1324 (Ind.Ct.App.1996). Requests for admissions under T.R. 36 may, in addition to seeking evidentiary matters, ask for admissions as to legal issues, contentions, and conclusions, if related to the facts of the case. General Motors Corp. v. Aetna Cas. & Sur. Co., 573 N.E.2d 885, 888 (Ind.1991). Matters admitted under the rule are deemed "conclusively established," eliminating the need to prove them at trial. Id. | Failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law. Trial Procedure Rule 36 | Does failure to respond in a timely manner to a request for admissions cause those matters to be conclusively established by operation of law? | Pretrial Procedure - Memo # 3714 - C - PC.docx | ROSS-003290535-ROSS-003290536 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 4640 | Ronollo v. Ronollo, 643 S.W.2d 646 | 307A+723.1 | Rule 65.04 sets forth the information which is to be contained in an application for continuance. An abuse of discretion does not exist in the absence of compliance with that rule. Schreier v. Schreier, 625 S.W.2d 644 (Mo.App.1981) [5]. Here the application did not meet several of the requirements of the rule. It did not set forth the materiality of the evidence to which wife would testify or that due diligence had been expended to obtain such testimony. The first part of this requirement is of lesser consequence, obviously, when the absent witness is a party, for the evidence of that witness may be presumed material. Due diligence is not, however, presumed.2 The application also failed to set forth any facts showing reasonable belief that the attendance or testimony of wife could be obtained within a reasonable time. The doctor's statement is silent as to the commencement, the nature, the duration or the prognosis of her medical problems. Counsel's affidavit and the application are equally silent on those matters. Wife was requesting an indefinite postponement of a dissolution case nearly three years old. Nor does the application, affidavit or doctor's statement negative the requirement that absence of the witness was not the product of connivance, consent or procurement of wife. Even those cases relied upon by wife were based upon a finding of abuse of discretion in denying a proper application for continuance. Nichols v. The Headley Grocer Company, 66 Mo.App. 321 (1896); J.H. Rottman Distilling Company v. P.R. Van Frank, 88 Mo.App. 50 (1901). We find no abuse of discretion here. | An abuse of discretion with respect to denial of a continuance does not exist in absence of compliance with rule setting forth information which is to be contained in an application for continuance. V.A.M.R. 65.04. | Does an abuse of discretion with respect to a denial of a continuance exist in the absence of compliance with a rule setting forth information which is to be contained in an application for continuance? | 030251.docx | LEGALEASE-00136907-LEGALEASE-00136908 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 4641 | Matter of Tax Appeal of Trade Wind Tours of Hawaii, 6 Haw. App. 260 | 307A+483 | In effect, "[t]o allow a late filing of answers is the equivalent of allowing a party to withdraw admissions made by operation of Rule 36(a)." Pleasant Hill Bank v. United States, 60 F.R.D. 1, 3 (W.D.Mo.1973). See Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L.J. 371, 432"33 (1962). The applicable standard in determining whether a party should be allowed to withdraw admissions is set forth in Rule 36(b), HRCP, as follows: [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. | Standard for determining whether party should be allowed to withdraw admissions by permitting later filing of answers to request for admissions, as set forth under Rules of Civil Procedure, is whether presentation of merits of action will be subserved, and whether party who obtained admission will be prejudice in maintaining action or defense on merits. Rules Civ.Proc., Rule 36(b). | What is the applicable standard in determining whether a party should be allowed to withdraw admissions under Rule 36(b)? | 030468.docx | LEGALEASE-00136080-LEGALEASE-00136081 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 4642 | Libertarian Party of Ohio v. Husted, 302 F.R.D. 472 | 170A+1327.1 | The noticing party may be required to explain its purposes in taking a deposition, however, if the facts suggest that those purposes are improper. That concept underlies the "apex deposition" rule applied in some jurisdictions, see Salter v. Upjohn, supra, where the identity of the deponent itself indicates an intent to harass rather than an intent to engage in legitimate discovery. It also explains the restriction on a second deposition of the same witness; once the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative and it is appropriate to ask the requesting party to explain what else might be asked that has not already been covered adequately in the first proceeding. Cf. Powell v. United Parcel Service, Inc., 2011 WL 124600, 1 (S.D.Ind. Jan. 13, 2011) (in order to grant leave to take a second deposition of the same witness, the 477 Court's order must be "consistent with Rule 26(b)(2), which provides that discovery must be limited when it is unreasonably duplicative ..."). Otherwise, however, the courts should be reluctant to permit a party who wishes not to be deposed to use a procedural device such as a motion for a protective order to force the requesting party to specify, in advance, the subject of the deposition as a precondition to proceeding. | Once the deposing party has had a full opportunity to question a witness, doing that for a second time is presumptively duplicative and it is appropriate to ask the party requesting a second deposition of the same witness to explain what else might be asked that has not already been covered adequately in the first proceeding. Fed.Rules Civ.Proc.Rule 30, 28 U.S.C.A. | Can a deposition of a witness be taken second time for purpose of explaining evidence before given or for purpose of obtaining testimony concerning additional facts? | 030807.docx | LEGALEASE-00136753-LEGALEASE-00136754 | Order, SA | 0.73 | 1 | 0 | 0 | 1 | |
| 4643 | Ayr-Way Stores v. Chitwood, 261 Ind. 86 | 307A+720 | In their motion for a continuance, defendants merely raise a general allegation of prejudice. They do not carry their burden of pointing out to the trial court in what way they have been denied substantial rights. Certainly there are times when an amendment of the pleadings would require the granting of a continuance. But in such a case, the party moving for a continuance must show that allowing the amendment would prejudice his rights in maintaining his action or defense. Defendants Ayr-Way and Rugg have not carried that affirmative burden in this case. The Court of Appeals stated:"The purpose of TR 15 was to allow amendments to the pleadings where the parties had consented to their insertion into the trial. In the case at bar, the proof of the second set of issues was so implicit in the proof of the first that we cannot say that a reasonably competent attorney would have discerned the difference." 292 N.E.2d at 301 | Party moving for continuance on basis of amendment of pleadings must show that allowing the amendment would prejudice his rights in maintaining his action or defense. | Should a party moving for continuance on the basis of amendment of pleadings show that allowing the amendment would prejudice his rights in maintaining his action or defense? | Pretrial Procedure - Memo # 4570 - C - CK.docx | ROSS-003304628-ROSS-003304629 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4644 | Hook v. Springfield, 141 Ohio App. 3d 260 | 413+2 | " "[T]he rights of injured employees and the dependents of killed employees to recover from or participate in the [workers' compensation] fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory[.]" " Id. at 115, 54 O.O.2d at 214, 266 N.E.2d at 850. Further, if the right to participate in the workers' compensation fund is not found in the workers' compensation statutes, the right does not exist. Id. Because the Ratliff and Hamlin courts concluded that an employee's claim abates at the time of the employee's death by force of the workers' compensation statutes, and because such statutes are completely controlling as to the right to participate in the workers' compensation fund, we do not believe that R.C. 2305.21, a general statute, would cause an employee's claim to survive his death. Thus, Gentis's argument is not persuasive. | The rights of injured employees and the dependents of killed employees to recover from or participate in the workers' compensation fund are neither constitutional rights, inherent rights, nor common-law rights, but are wholly statutory. | "In the workers compensation context, is the right of injured employees to recover from or participate in the state insurance fund constitutional rights, inherent rights, common law rights, or statutory rights?" | 048000.docx | LEGALEASE-00136164-LEGALEASE-00136166 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4645 | Com. v. Cost, 238 Pa. Super. 591 | 67+2 | We believe that the purpose of the inclusion of the "open to the public" clause in section 3502 of the new Crimes Code was to prevent the prosecution and conviction of burglary in cases such as in the instant appeal, to change the substantive law of burglary as articulated in Commonwealth v. Schultz, supra, and to bring the law of burglary closer to its common law ancestor which sought to protect private premises from crime. | Purpose of inclusion of "open to the public" clause in burglary statute was to prevent prosecution and conviction of burglary for events taking place in public places, to change substantive law of burglary and to bring law of burglary closer to its common-law ancestor which sought to protect private premises from crime. 18 Pa.C.S.A. S 3502. | What is the purpose of including the open to public clause in the burglary statute? | Burglary - Memo 109 - JS.docx | ROSS-003316256-ROSS-003316257 | Condensed, SA, Sub | 0.19 | 0 | 1 | 1 | 1 | 1 |
| 4646 | Burnham v. Nehren, 7 Wash. App. 860 | 48A+160(4) | It is the duty of a driver approaching a crossing to maintain a continuous observation in order to avoid injuring a pedestrian and failure on the part of a driver to yield the right-of-way to a pedestrian constitutes negligence per se if the pedestrian was seen or should have been seen by the driver. Oberlander v. Cox, Supra; Ross v. Johnson, 22 Wash.2d 275, 155 P.2d 486 (1945). | It is the duty of a driver approaching a crossing to maintain a continuing observation in order to avoid injuring a pedestrian, and failure on driver's part to yield the right-of-way to a pedestrian constitutes negligence per se if the pedestrian was seen or should have been seen by driver. RCWA 46.61.235. | When does a drivers failure to yield the right-of-way to pedestrian constitute negligence per se? | 019229.docx | LEGALEASE-00137927-LEGALEASE-00137928 | SA, Sub | 0.19 | 0 | 0 | 1 | 1 | |
| 4647 | Becker v. Becker, 262 N.C. 685 | 307A+720 | Defendant's counsel knew the motion would be withdrawn and had known it for two weeks. Moreover, unquestionably, the court calendar had been prepared and distributed to the members of the Buncombe County Bar some time prior to the beginning of the session, and defendant's counsel knew when this case was to be called for trial. As a matter of fact, the defendant amended his answer only in one respect after withdrawing his cross action. He simply inserted the name of an alleged corespondent in adultery. The defendant cannot claim the right to a continuance based on his own amendment which did not materially change his allegations of recrimination already pleaded in his answer. An amended pleading at the session the case is called for trial, which raises additional issues of fact, may justify the continuance of the case on motion of the opposing party. However, such amendment will not ordinarily justify a continuance on motion of the party submitting the amendment. The amendment to the defendant's answer raised no new issues of fact; therefore, the rule laid down in Dobson v. Railway Co., 129 N.C. 289, 40 S.E. 42, is not applicable. | An amended pleading at the session the case is called for trial, which raises additional issues of fact, may justify the continuance of the case on motion of the opposing party; however, such amendment will not ordinarily justify a continuance on motion of party submitting amendment. | "Could an amended pleading at the session the case is called for trial, justify the continuance of the case on motion of the opposing party?" | 030313.docx | LEGALEASE-00137170-LEGALEASE-00137171 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 4648 | Killian Const. Co. v. Tri-City Const. Co., 693 S.W.2d 819 | 307A+481 | Thus, composite Rule 59.01 empowers the trial court to accept the default of the party addressed to answer as admissions of the matters requested, and to deem them as conclusively established. Linde v. Kilbourne, 543 S.W.2d 543, 546[3, 4] (Mo.App.1976); Rockwell International, Inc. v. Westport Office Equipment, 606 S.W.2d 477, 479[1, 2]. The rule accords conclusiveness to admissions for efficacy: so that a party who employs that procedure of discovery may rely that the admission"whether by answer or default"binds the party addressed. Research Hospital v. Williams, 651 S.W.2d 667, 669[4] (Mo.App.1983). That is to say [N.R. v. A.D., 655 S.W.2d 733, 736[5] (Mo.App.1983) ]: " "Where no response is made to requests for admissions, the party making the request is entitled to rely thereupon and no further proof is required to be made of the facts thus admitted." " [emphasis added] In that respect, an admission made or deemed under the Rule 59.01 discovery procedure compares with an admission by a party in a pleading. Williams v. School District of Springfield, 447 S.W.2d 256, 267[16"19] (Mo.1969). In each case, the admission dispenses with the proof of the fact, and in each case, the admission does not bind the declarant [or tacit declarant] to the fact when the adversary gives it no reliance. Jenni v. Gamel, 602 S.W.2d 696, 699[5] (Mo.App.1980). An adversary who adduces evidence on an issue which tends to disprove his own case does not rely upon the admission of the adversary. Plemmons v. Pevely Dairy Co., 241 Mo.App. 659, 233 S.W.2d 426, 434[3] (1950). The evidence then becomes disputed, and the issue is for the trier of fact. Jenni v. Gamel, supra, l.c. 699[5]. | Civil rule (V.A.M.R. 59.01), relating to requests for admissions, accords conclusiveness to admissions for efficacy, that is, so that a party who employs that procedure of discovery may rely that the admission, whether by answer or default, binds the party addressed. | "Does the civil rule relating to requests for admissions, accord conclusiveness to admissions for efficacy so that a party who employs that procedure of discovery may rely that the admission?" | 030523.docx | LEGALEASE-00137434-LEGALEASE-00137435 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4649 | Coutrakon v. Distenfield, 21 Ill. App. 2d 146 | 307A+13 | At the outset we believe that some preliminary observations are appropriate. Rules 19 through 19"10 and Rule 19"12 of the Supreme Court of Illinois, Ill.Rev.Stat.1957, c. 110, "" 101.19 to 101.19"10, 101.19"12 are a comprehensive set of rules designed to provide an effective and broad discovery deposition practice for Illinois. Joint committee comments indicate they were patterned after comparable Federal Rules of Civil Procedure. They should be so construed as to secure a just, speedy and inexpensive determination of civil actions. They are designed to displace what has been called the "sporting" concept of a law action which all too often characterized the former practice. They inaugurated a permanent open season on facts. They are designed to insure that the outcome of litigation shall depend on its merits in the light of all available facts rather than on the craftiness of the parties or guile of counsel. And, while the discovery is intended to be broad and complete, the rules provide certain safeguards which are available to a party if it is feared that the discovery transcends the basic purpose of the rules. The sanctions provided in Rule 19"12, which a court in its discretion may impose, are in and of the policy which is an integral part of our present judicial system"that of affording the fullest opportunity for exploration of an opponent's case prior to trial. | The rules concerning discovery are a set of comprehensive rules designed to provide an effective and broad discovery deposition practice and they should be so construed as to secure a just, speedy and inexpensive determination of civil actions. S.H.A. ch. 110, SS 101.19 to 101.19-10, 101.19-12. | "Should the rule for depositions be construed to secure just, speedy and inexpensive determination of action?" | 031053.docx | LEGALEASE-00138077-LEGALEASE-00138078 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 4650 | J & B Slurry Seal Co. v. Mid S. Aviation, 88 N.C. App. 1 | 307A+723.1 | However, we are required to take notice of another potential basis for dismissal after remand. While the real party in interest provisions of Rule 17 are for the parties' benefit and may be waived if no objection is raised, the necessary joinder rules of N.C.G.S.Sec. 1A-1, Rule 19 place a mandatory duty on the court to protect its own jurisdiction to enter valid and binding judgments. See Carolina First National Bank v. Douglas Gallery of Homes, Ltd., 68 N.C.App. 246, 251, 314 S.E.2d 801, 804 (1984) (unlike necessary joinder under Rule 19, absence of real party in interest under Rule 17 did not constitute "fatal defect" where opposing party failed to show prejudice in not having real party joined); 3A Moore's Fed.Pract. par. 17.09[1.-1] at 65 (although Rule 17 should not be applied to dismiss suits brought by assignors without joinder of their assignees, failure to join assignee where required under Rule 19 may require dismissal); Strickland v. Hughes, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968) (valid judgment cannot be rendered without necessary party). While a party may waive its right to be sued by a real party in interest, Rule 19 requires the court to join as a necessary party any persons "united in interest" and/or any persons without whom a complete determination of the claim cannot be made. See Ludwig v. Hart, 40 N.C.App. 188, 190, 252 S.E.2d 270, 272, cert. denied, 297 N.C. 454, 256 S.E.2d 807 (1979). Since a judgment without such necessary joinder is void, a trial court should, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined. Booker, 294 N.C. at 158, 240 S.E. 2d at 367. | Since judgment without necessary joinder is void, trial court should, on its own motion, order continuance to provide reasonable time for necessary parties to be joined. | "Should a trial court, on its own motion, order a continuance to provide a reasonable time for necessary parties to be joined?" | 031219.docx | LEGALEASE-00137113-LEGALEASE-00137115 | Condensed, SA | 0.9 | 0 | 1 | 0 | 1 | |
| 4651 | Texas Gen. Indem. Co. v. Lee, 570 S.W.2d 231 | 307A+483 | The rule contemplates that unanswered requests for admission which were not requests for relevant matters of fact but called for conclusions, opinions, and statements of subjective intent should not be deemed admitted facts. White v. Watkins, 385 S.W.2d 267 (Tex.Civ.App. Waco 1964, no writ); Hester v. Weaver, 252 S.W.2d 214 (Tex.Civ.App. Eastland 1952, writ ref'd); Gore v. Cunningham, 297 S.W.2d 287 (Tex.Civ.App. Beaumont 1956, writ ref. n. r. e.). | Rule governing request for admissions contemplates that unanswered requests for admission which were not requests for relevant matters of fact but called for conclusions, opinions, and statements of subjective intent should not be deemed admitted facts. Rules of Civil Procedure, rule 169. | Does the rule governing a request for admissions contemplate that unanswered requests for admission which are not requests for relevant matters of fact be not deemed admitted facts? | 031404.docx | LEGALEASE-00137520-LEGALEASE-00137521 | SA, Sub | 0.36 | 0 | 0 | 1 | 1 | |
| 4652 | Whiteman v. Chesapeake Appalachia, 729 F.3d 381 | 260+55(6) | If not earlier, the West Virginia Supreme Court of Appeals cited Marvin with enthusiastic approval in both Porter v. Mack Mfg. Co., 65 W.Va. 636, 64 S.E. 853 (1909) and Squires v. Lafferty, 95 W.Va. 307, 121 S.E. 90 (1924), thus officially adopting the principle that ownership of a mineral estate carries with it "an implied right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment" of the mineral estate. Porter, 64 S.E. at 854; see Squires, 121 S.E. at 91 (holding that the right to use the surface "in a manner and with such means as would be fairly necessary" to enjoy the mineral estate is incident to ownership of the mineral estate itself). Unlike the instant case, however, neither Porter nor Squires were trespass cases. Rather, both were cases where a mineral estate owner sought an injunction against the surface estate owner for obstructing various aspects of the mineral estate owner's mining operation. | Incident to mineral estate ownership, a mineral estate owner in West Virginia has a right to use the surface in such manner and with such means as would be fairly necessary to enjoy the mineral estate. | "Does the owner of the mineral underlying land possess, as incident to this ownership, the right to use the surface in such manner and with such means as would be fairly necessary for the enjoyment of the mineral estate?" | 021225.docx | LEGALEASE-00138422-LEGALEASE-00138424 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 4653 | Simpson v. Thorslund, 151 Wash. App. 276 | 307A+485 | The trial court's award of attorney fees is supported on three distinct grounds. First, because Thorslund's conduct was so egregious and persistent in violating his fiduciary duties, the equities justify the court's award. Second, attorney fees were warranted as a discovery sanction under CR 37(c) because Thorslund's refusal to make certain admissions when requested, led to substantial additional and unnecessary litigation costs. And finally, because Simpson was successful in his wage claim, he is entitled to an award of attorney fees under chapter 49.52 RCW. Any one of those reasons serves as grounds for an award of fees for work performed on all of Simpson's successful claims. Here, the facts underlying the multiple claims are so intertwined that the related fees cannot feasibly be segregated. An award of attorney fees is a matter within the discretion of the trial court. Under these circumstances, we find no abuse of that discretion. | Attorney fees were warranted as discovery sanction in employee's action against employer for misappropriation of company funds, unpaid wages, and failure to repay a loan, where employer's failure to make certain admissions when requested led to substantial additional and unnecessary litigation costs. CR 37(c). | Will attorney fees be warranted as discovery sanction in employee's action against employer if an employer fails to make certain admissions when requested? | 030603.docx | LEGALEASE-00138279-LEGALEASE-00138280 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4654 | Every v. City of New Orleans, 514 So. 2d 556 | 307A+716 | A mandatory continuance must be granted when a party, despite due diligence, has been unable to obtain material evidence, or when a material witness has absented himself without contrivance of the party. LSA-C.C.P. Art. 1602. A discretionary continuance may be granted in other instances if there is "good ground" therefor. LSA-C.C.P. Art. 1601. Unless it would be unfair to the parties, a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney. Sands v. State Through La. State Med., 458 So.2d 960 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1044 (La.1984); Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3rd Cir.1979). Nonetheless, because the court cannot be closed to a defendant who desires to bring the case to trial, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer. Sands v. State Through La. State Med., supra. Among the factors a trial judge considers before granting a continuance are diligence, good faith, and reasonable grounds. Katz v. Melancon, 467 So.2d 1284 (La.App. 4th Cir.1985). The judge has wide discretion in acting upon a motion for continuance under LSA-C.C.P. Art. 1601, and his ruling will not be disturbed on appeal unless he clearly abused his discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974). | Even though a litigant whose lawyer withdraws at or near trial may be entitled to a continuance to employ another attorney, absent unfairness to the parties, a plaintiff is not entitled to indefinite continuances simply because he has discharged his lawyer, because the court cannot be closed to a defendant who desires to bring a case to trial. LSA-C.C.P. art. 1601. | Will a litigant whose lawyer withdraws at or near trial be entitled to continuance to employ another attorney? | 030938.docx | LEGALEASE-00138944-LEGALEASE-00138945 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 4655 | Missouri, K. & T. Ry. Co. of Texas v. Neaves, 60 Tex. Civ. App. 305 | 307A+74 | Appellant's fifth assignment is predicated upon the court's action in refusing to quash the deposition of plaintiff's witness James Kay. The grounds upon which it was sought to quash the deposition are: (1) The envelope in which said deposition was returned into court does not bear the indorsement of the postmaster or of his deputy, mailing the same, that he received the same from the hands of the officer before whom it was taken; said deposition being returned into court by mail. (2) The original precept upon which the notice to take the deposition of said Jas. Kay was served commanded service upon the Missouri, Kansas & Texas Railway Company, a corporation, recited to be the defendant in this cause. Said Missouri, Kansas & Texas Railway Company is a foreign corporation, incorporated under the laws of the state of Texas. (3) The copy of the precept upon which the notice to take the deposition of said Jas. Kay was served commanded service upon the Missouri, Kansas & Texas Railway Company, a corporation, recited to be the defendant in this cause. Said Missouri, Kansas & Texas Railway Company is a foreign corporation, incorporated under the laws of the state of Kansas; whereas, this defendant is a corporation incorporated under the laws of the state of Texas." The court did not err in overruling the motion to quash. In construing our present statutes upon the subject in the recent case of Texas & Pac. Ry. Co. v. Moseley, 124 S.W. 90, the Supreme Court held that it is not now necessary that the envelope in which depositions are returned into court by mail should have indorsedthereon a certificate of the postmaster or of his deputy that he received the same from the hands of the officer before whom they were taken. The discussion of the matter in the case mentioned is full and convincing, and it is unnecessary for us to attempt to add anything thereto. | Under the statutes it is not now necessary that the envelope in which depositions are returned into court by mail should have indorsed thereon a certificate of the postmaster or his deputy that he received the same from the hands of the officer before whom they were taken. | "Under the statutes, is it now necessary that the envelope in which depositions are returned to court by mail should have indorsed thereon a certificate of the postmaster or his deputy that he received the same?" | Pretrial Procedure - Memo # 4973 - C - SK.docx | ROSS-003290855-ROSS-003290856 | Condensed, SA, Sub | 0.85 | 0 | 1 | 1 | 1 | 1 |
| 4656 | Arcata Graphics Co. v. Heidelberg Harris, 874 S.W.2d 15 | 307A+723.1 | When the trial court grants a motion to amend, the opposing party must request a continuance if it believes it has been prejudiced. Allstate Ins. Co. v. Fox, 1990 WL 8058 at (Tenn.App. 6 Feb. 1990). If a continuance is not requested, the party against whom the amendment was granted may not complain on appeal. Id. | When trial court grants motion to amend, opposing party must request continuance if it believes it has been prejudiced; if continuance is not requested, party against whom amendment was granted may not complain on appeal. Rules Civ.Proc., Rule 15.01. | "When the trial court grants a motion to amend a pleading, must the opposing party request a continuance if it believes it has been prejudiced?" | 032026.docx | LEGALEASE-00138299-LEGALEASE-00138300 | Condensed, SA, Sub | 0.21 | 0 | 1 | 1 | 1 | 1 |
| 4657 | Desson v. Trustees of Net Realty Holding Tr., 229 A.D.2d 512 | 307A+36.1 | Discovery of evidence of subsequent similar accidents, while material in cases where a defect is alleged in the design or creation of a product or structure, is irrelevant and inappropriate in cases such as this, where no inherent defect is alleged (see, Kolody v. Supermarkets General Corporation, 163 A.D.2d 276, 277, 557 N.Y.S.2d 145; Yoon v. F.W. Woolworth Co., 202 A.D.2d 575, 576, 609 N.Y.S.2d 260).Accordingly, the Supreme Court properly denied the branch of the plaintiff's motion which was to direct the defendant Estiminet Corp. to provide him with authorizations to obtain all personal injury claim files for the two-year period subsequent to the date of the accident. | Discovery of evidence of subsequent similar accidents, while material in cases where defect is alleged in design or creation of product or structure, is irrelevant and inappropriate in cases where no inherent defect is alleged. | Is discovery of evidence of subsequent similar accidents irrelevant and inappropriate in cases where no inherent defect is alleged? | 032035.docx | LEGALEASE-00138326-LEGALEASE-00138328 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4658 | People v. Wolfe, 257 Cal. App. 2d 420 | 67+3 | For a burglary conviction the prosecution must prove that the entry was made "with intent to commit grand or petit larceny or any felony" (s 459, Pen.Code), but the intent to commit larceny means the intent to deprive the owner of his property permanently. (People v. Garrow, 130 Cal.App.2d 75, 83"84, 278 P.2d 475.) Direct evidence of specific intent is seldom available in burglary prosecutions and the proof is almost entirely circumstantial. (People v. Henderson, 138 Cal.App.2d 505, 509, 292 P.2d 267.) While burglarious intent can reasonably be inferred from an unlawful entry alone (People v. Jordan, 204 Cal.App.2d 782, 786, 22 Cal.Rptr 731), the circumstances attest defendant's intent to steal the rifle. The breaking of the rear window screen and screen lock of the Terrell home and entry therein at a time when the occupants were absent, together with defendant's subsequent possession of the rifle taken from the home without the Terrells' permission and credit cards stolen from another person's residence and used by defendant to purchase property in the owner's name, are circumstances supporting the necessary implied finding that when defendant entered the Terrells' residence he did so with the intent to commit theft therein"steal the rifle. As to why defendant took the rifle, he told Deputy Omohundro in an unsworn extrajudicial statement that he intended only to borrow it so he could perpetrate a robbery and return it after committing the crime. In the light of all the circumstances, this explanation lacks credibility. It seems more likely, in his admittedly reduced financial circumstances, that defendant took the rifle to pawn or sell, rather than for the purpose of a robbery, considering that it is a crime in which a concealed weapon is most often used. Appellant's suggestion that he was an employee and a "relative" of Richard Terrell and had previously been in his home, does not make the "theft" theory less tenable than the "borrow" theory. First, | To obtain a "burglary" conviction the prosecution must prove that the entry was made with intent to commit grand or petit larceny, or any felony, the "intent to commit larceny" meaning the intent to deprive the owner of his property permanently. West's Ann.Pen.Code, S 459. | "In an offence of burglary, with intent to commit larceny, should there be intent to deprive the owner of his property permanently?" | 012816.docx | LEGALEASE-00139109-LEGALEASE-00139110 | Condensed, Order, SA | 0.88 | 1 | 1 | 0 | 1 | 1 |
| 4659 | Davis v. Battles, 143 Tex. 378 | 307A+483 | We hold that the provisions of Rule 169 are available to either party in a case involving a question of venue the same as in any other case. | The rule relating to admission for failure to answer other party's request relating to facts in issue is available to either party in a case involving question of venue. Rules of Civil Procedure, rules 86, 88, 169. | Is Rule 169 of Civil Procedure relating to admission for failure to answer other party's request relating to facts in issue available to either party in a case involving a question of venue? | 030760.docx | LEGALEASE-00139061-LEGALEASE-00139062 | Condensed, SA, Sub | 0.35 | 0 | 1 | 1 | 1 | 1 |
| 4660 | Gillespie v. Fields, 958 S.W.2d 228 | 307A+508 | Gillespie's final point of error deals with his allegation that he had two pleaded causes of action, one for restoration of land and the other for declaratory relief, which were not addressed by the court. Ergo, a final summary judgment was inappropriate. Gillespie filed his request for declaratoryjudgment in response to Fields' counterclaims and request for an injunction. Gillespie did not ask for any affirmative relief. After the court granted Fields' motion for summary judgment, Fields dismissed their counterclaims. At any time before a party has introduced all of his evidence, he may dismiss a case or take a nonsuit. Tex.R. Civ. P. 162. A party's rightto take a nonsuit is unqualified and absolute as long as the other party has not made a claim for affirmative relief. Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex.1982). The use of a creativepleading that merelyrestatesdefenses in the form of a declaratoryjudgmentaction cannot deprive a party of this right. Newman Oil Co. v. Alkek, 614 S.W.2d 653, 654"55 (Tex.App."Corpus Christi 1981, writ ref'd n.r.e.). To qualify as a claim for affirmative relief, a defensivepleading must allege that the party has a cause of action, independent of the opposing party's claim, on which he could recover benefits, compensation or relief. BHP Petroleum Co. v. Millard, 800 S.W.2d 838, 841 (Tex.1990). Gillespie's request for declaratoryjudgment failed to do so. The trial court properly held that Gillespie's request for declaratory relief became moot when Fields dismissed their counterclaims. | Party's right to take nonsuit is unqualified and absolute as long as other party has not made claim for affirmative relief, and use of creative pleading that merely restates defenses in form of declaratory judgment action cannot deprive party of this right. Vernon's Ann.Texas Rules Civ.Proc., Rule 162. | Can the use of a creative pleading that merely restates defenses in the form of a declaratory judgment action deprive the plaintiff of the right to nonsuit? | 032643.docx | LEGALEASE-00139254-LEGALEASE-00139255 | Condensed, SA, Sub | 0.8 | 0 | 1 | 1 | 1 | 1 |
| 4661 | McDonough v. Stackley, 245 F. Supp. 3d 1 | 34+5(7) | As a preliminary matter, the Board did nothing improper by relying on an advisory opinion to render its decision. See Roberts v. United States, 741 F.3d 152, 158"59 (D.C. Cir. 2014). A military board of correction may meet its obligation to provide a reasoned explanation by referring to a clearly relevant source, such as an advisory opinion. See id. Trouble arises, however, when a board hinges its decision in whole on an advisory opinion that does not satisfy the arbitrary and capricious standard. Here, the Board did just that. The March 2014 Advisory Opinion is arbitrary and capricious, because it very clearly addresses arguments made in an earlier set of objections raised by Plaintiff, rather than addressing the arguments Plaintiff made in his Motion. Because the advisory opinion on which the Board relied was itself arbitrary and capricious, so too was the Board's denial of Plaintiff's Motion. | A military board of correction may meet its obligation to provide a reasoned explanation for its decision by referring to a clearly relevant source, such as an advisory opinion. | Is a military board of correction obliged to provide a reasoned explanation for its decision by referring to a clearly relevant source? | Armed Services - Memo 173 - JS.docx | ROSS-003288484-ROSS-003288485 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4662 | United States v. Perrin, 580 F.2d 730 | 63+1(1) | We simply need not determine if the gravity maps were an essential part of the scheme. Since it is undisputed by the appellants that the gravity maps would have been used to exploit the stolen data, the requirements for jurisdiction under the Travel Act are met. There is no requirement that the use of interstate facilities be essential to the scheme: it is enough that the interstate travel or the use of interstate facilities makes easier or facilitates the unlawful activity. Rewis v. United States, 418 F.2d 1218, 1221 (5 Cir. 1969), Reversed on other grounds, 401 U.S. 808, 91 S.Ct. 1056, 28 L.Ed.2d 493 (1971); United States v. Miller, 379 F.2d 483, 486 (7 Cir. 1967), Cert. denied, 389 U.S. 930, 88 S.Ct. 291, 19 L.Ed.2d 281 (1967). Levy's telephone call to Richmond, Texas was sufficient use of interstate facilities to support conviction under Count Three. Moreover, the evidence supports Travel Act jurisdiction under Count Two since the appellants directed Willis to make an interstate phone call and it is sufficient that the appellants caused the use of interstate facilities. United States v. Hedge, 462 F.2d 220, 223 (5 Cir. 1972). | Where it was undisputed by defendants that gravity maps, for which appropriate order forms were sent via interstate bus, would have been used to exploit stolen seismic data, requirements for jurisdiction under the Travel Act were met in connection with indictment charging defendants with use of interstate facilities with intent to promote commercial bribery scheme in violation of laws of Louisiana. 18 U.S.C.A. S 1952; LSA-R.S. 14:73. | "In order to meet the jurisdiction requirement of a charge of bribery under the Travel Act, does the use of interstate facilities have to be essential to the bribery scheme?" | Bribery - Memo #617 - C-JL.docx | ROSS-003288156-ROSS-003288157 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4663 | Stephenson v. Lewis, 152 Ark. 361 | 307A+74 | There was a motion to suppress the deposition of Lewis himself and that of his wife upon the ground that the notary public who took the depositions gave them to defendant's attorney, who took them, unsealed, and delivered them in that condition to the clerk of the court. The order of the court made on the hearing of this motion recites the admission of the attorney for the defendant that the depositions had been transmitted by him and delivered unsealed to the clerk. The motion to suppress was overruled; but it does not appear what showing, if any, was made to warrant that order. In the absence of an affirmative showing that the integrity of the depositions had been preserved, the depositions were prima facie inadmissible. Section 4236, C. & M. Digest, directs how depositions shall be directed and forwarded to the clerk of the court in which they are to be read. The action of the attorney in delivering these depositions to the clerk unsealed was in violation of this statute and rendered the depositions prima facie inadmissible; and there appears in the record no showing which removes this presumption. St. L., I. M. & S. R. Co. v. Webster, 99 Ark. 265, 137 S. W. 1103, 1199, Ann. Cas. 1913B, 141; Mo. & N. Ark. Rd. Co. v. Johnson, 115 Ark. 448, 171 S. W. 478. | Crawford & Moses' Dig. S 4236, directs that depositions shall be directed and forwarded to the clerk of court, and the action of the attorney in delivering these depositions to the clerk unsealed in violation of this statute renders them prima facie inadmissible, and, where there appears in the record no showing to remove this presumption, it was error to overrule a motion to suppress the deposition. | Should depositions be directed and forwarded to the clerk of the court? | 032257.docx | LEGALEASE-00139402-LEGALEASE-00139403 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 4664 | Horne v. City of Haverhill, 113 Mass. 344 | 307A+74 | The certificate of a magistrate that a deponent was "affirmed by me according to law" sufficiently shows that the deponent declared that he had conscientious scruples against taking any oath, and that the magistrate on inquiry was satisfied of the truth of the declaration. | The certificate of a magistrate that a deponent was "affirmed by me according to law" necessarily implies that the deponent declared that he had conscientious scruples against taking any oath, and that the magistrate on inquiry was satisfied of the truth of the declaration. | "Does the certificate of a magistrate that a deponent was ""affirmed by me according to law"" necessarily imply that the deponent declared that he had conscientious scruples against taking any oath?" | 032287.docx | LEGALEASE-00139669-LEGALEASE-00139670 | Condensed, SA, Sub | 0.02 | 0 | 1 | 1 | 1 | 1 |
| 4665 | Matter of Aloha Airlines, 65 Haw. 1 | 92+4135 | The Court customarily affords states wide latitude in imposing general revenue taxes, and "there is no requirement under the Due Process Clause that the amount of general revenue taxes collected from a particular activity must be reasonably related to the value of the services provided to the activity." Id. at 622, 101 S.Ct. at 2956. Moreover, this latitude is not "divested by the Commerce Clause merely because the taxed activity has some connection to interstate commerce; particularly when the tax is levied on an activity conducted within the State." Id. at 623, 101 S.Ct. at 2957. For it was never "the purpose of the commerce clause to relieve those engaged in interstate commerce from their just share of state tax burden even though it increases the cost of doing the business." Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 254, 58 S.Ct. 546, 548, 82 L.Ed. 823 (1938). And this share of the burden includes sharing in the cost of benefits such as "a trained work force and the advantages of a civilized society." Japan Line, Ltd. v. County of Los Angeles, 441 U.S. 434, 445, 99 S.Ct. 1813, 1819, 60 L.Ed.2d 336 (1979). We experience no difficulty in concluding that the imposition of Hawaii's Public Service Company Tax on a Hawaii corporation engaged in business as an inter-island air carrier does not constitute an undue burden on commerce, and move on to the problems engendered by the Supremacy Clause. | States have wide latitude in imposing general revenue taxes and there is no requirement under the due process clause that the amount of general revenue taxes collected from a particular activity must be reasonably related to the value of services provided to the activity; moreover, such latitude is not divested by the commerce clause merely because the taxed activity has some connection to interstate commerce, particularly when the tax is levied on an activity conducted within the state. U.S.C.A.Const.Art. 1, S 8, cl. 3; Amends. 5, 14. | Are states vested with great latitude in imposing general revenue taxes? | 045347.docx | LEGALEASE-00139467-LEGALEASE-00139469 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 4666 | Baker v. Barber, 673 F.2d 147 | 34+32.1 | The FECA, under which the plaintiff has sought and received benefits, provides that the "liability of the United States ... is exclusive and instead of all other liability of the United States ... under a Federal tort liability statute." 5 U.S.C. s 8116(c). This provision precludes recovery under the Tort Claims Act if relief is already available under the FECA. Vantrease v. United States, 400 F.2d 853 (6th Cir. 1968); United States v. Udy, 381 F.2d 455 (10th Cir. 1967). The malpractice immunity statute, 10 U.S.C. s 1089(a), however, immunizes military physicians and makes tort claims against the government the exclusive remedy available in a malpractice action. | Military medical malpractice immunity statute immunizes military physicians and makes tort claims against government the exclusive remedy available in a malpractice action. 10 U.S.C.A. S 1089(a). | Does medical malpractice immunity statute immunize military physicians and makes tort claims against government the exclusive remedy available? | Armed Services - Memo 206 - JS.docx | ROSS-003288700 | Condensed, Order, SA, Sub | 0.71 | 1 | 1 | 1 | 1 | 1 |
| 4667 | Ledford v. Darter, 260 Ga. App. 585 | 307A+486 | "Unquestionably, the penalty for failing to answer or object to a request for admissions is admission of the subject matter of the request." (Footnote omitted.) Baiye v. Gober, 254 Ga.App. 288, 289(1), 562 S.E.2d 249 (2002); OCGA " 9-11-36(a)(2). However, "although OCGA " 9-11-36 provides that any matter admitted under the statute is "conclusively established," the statute also expressly authorizes the court to permit withdrawal or amendment of the admission and vests broad discretion in the trial court in this regard." (Citation omitted.) G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors, 268 Ga. 327, 330(1), 486 S.E.2d 810 (1997). Subsection (b) of the statute provides that the trial court may permit withdrawal or amendment of the admissions "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment ill prejudice him in maintaining his action or defense on the merits." See id. | Statute addressing failure to answer request for admissions vests broad discretion in trial court regarding granting permission to withdraw or amend admissions. West's Ga.Code Ann. S 9-11-36(b). | Does the statute addressing failure to answer a request for admissions vest broad discretion in trial court regarding granting permission to withdraw or amend admissions? | 029133.docx | LEGALEASE-00139737-LEGALEASE-00139738 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 4668 | Bates v. Maeck, 31 Vt. 456 | 307A+74 | It would seem that the requirements of the statute would not need to be precisely followed in case of taking a deposition under a commission issuing from the court. It would probably be sufficient if the commission should be attached to the deposition, and the commissioner should append his certificate that the deposition had been taken by him by virtue and in pursuance of said commission, setting forth the time and place of taking, and that the deponent gave the testimony under the proper jurat. | It seems that the requirements of the statute as to the caption and certificate of a deposition need not be precisely followed in the case of a deposition taken under a commission issuing from court. | Does it seem that the requirements of the statute as to the caption and certificate of a deposition need not be precisely followed in the case of a deposition taken under a commission issuing from the court? | Pretrial Procedure - Memo # 5291 - C - SKG.docx | ROSS-003291300-ROSS-003291301 | Condensed, SA, Sub | 0.6 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4669 | Firmes v. Chase Manhattan Auto. Fin. Corp., 50 A.D.3d 18 | 307A+36.1 | As a general rule, discovery of collateral source issues is to be conducted prior to the filing of a note of issue, and posttrial discovery is disallowed (see Bongiovanni v. Staten Is. Med. Group, 188 Misc.2d at 366, 728 N.Y.S.2d 345; Hoffman v. S.J. Hawk, Inc., 177 Misc.2d 305, 308"309, 676 N.Y.S.2d 448). However, a court may, in the exercise of its discretion, permit posttrial collateral source discovery if the defendant can demonstrate prejudice not of its own making, such as where benefits became payable after the filing of a note of issue (see Hoffman v. S.J. Hawk, Inc., 177 Misc.2d at 308"309, 676 N.Y.S.2d 448). | Trial court may permit post-trial collateral source discovery if the defendant can demonstrate prejudice not of its own making, such as where benefits became payable after the filing of a note of issue. | Can a trial court permit post-trial collateral source discovery if the defendant can demonstrate prejudice not of its own making? | Pretrial Procedure - Memo # 5371 - C - KG.docx | ROSS-003331713-ROSS-003331714 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 4670 | In re Siroosian, 449 S.W.3d 920 | 307A+28 | Bias, in its usual meaning, is an inclination toward one side of an issue rather than to the other. See Compton v. Henrie, 364 S.W.2d 179, 182 (Tex.1963). Proof of bias on the part of an expert witness may be offered to impeach the expert's credibility. Tex.R. Evid. 613(b).The parties' interest in obtaining discovery solely for the purpose of impeachment must be weighed against the witness's legitimate interest in protecting unrelated financial information. In re Weir, 166 S.W.3d 861, 865 (Tex.App.-Beaumont 2005, orig. proceeding). Thus, for example, to show bias in a case involving an alleged automobile design defect, the defendant Ford Motor Company's two retained, testifying experts could be questioned about the percentage of cases in which they had testified for a plaintiff and about the percentage of the total expert testimony that they had provided that was for Ford Motor Company. Ford Motor Co., 427 S.W.3d at 398.5 These questions could show the experts' potential bias in favor of Ford Motor Company in that case on the issue of whether a design defect existed. Id. | The parties' interest in obtaining discovery solely for the purpose of impeachment of adverse party's expert witness must be weighed against the witness's legitimate interest in protecting unrelated financial information. Vernon's Ann.Texas Rules Civ.Proc., Rule 192.3(e). | Should the parties' interest in obtaining discovery solely for impeachment be weighed against the witness's legitimate interest in protecting unrelated private information? | 032762.docx | LEGALEASE-00139843-LEGALEASE-00139844 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4671 | Bellman v. Town of W. Hartford, 900 A.2d 82 | 307A+554 | Accordingly, the court appropriately decided the jurisdictional issue before addressing the plaintiff's request to amend her complaint. In general, a motion to dismiss is the proper procedural vehicle to raise a claim that the court lacks subject matter jurisdiction over the action. Practice Book " 10"31(a) provides in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter .... This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." | In general, a motion to dismiss is the proper procedural vehicle to raise a claim that the court lacks subject matter jurisdiction over the action. | Is a motion to dismiss the proper procedural vehicle to raise a claim that the court lacks subject matter jurisdiction over the action? | 033385.docx | LEGALEASE-00140650-LEGALEASE-00140651 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 4672 | United States v. Jefferson, 634 F. Supp. 2d 595 | 63+1(1) | In this respect, it has long been settled that these phrases do not require proof that the alleged "official act" was taken pursuant to responsibilities explicitly assigned by law; rather, as the Supreme Court held long ago, these phrases are intended to describe those activities that have been "clearly established by settled practice" as part of a public official's position. Birdsall, 233 U.S. at 231, 34 S.Ct. 512. Courts since Birdsall have consistently applied this principle. See, e.g., Carson, 464 F.2d at 431"34; United States v. Biaggi, 853 F.2d 89, 96"99 (2d Cir.1988). Thus, where, as here, the charged public official is a congressman, the universe of "official acts" described by " 201(a)(3) is not limited to so-called "legislative acts" such as voting on or introducing a piece of legislation; rather, " 201(a)(3) has been read "sufficiently broadly to encompass all of the acts normally thought to constitute a congressman's legitimate use of his office." Biaggi, 853 F.2d at 97 (relying on Birdsall as the "earliest pertinent interpretation"). Moreover, it is also settled that the charged public official need not have authority to make a final decision or take binding action on the "question, matter," etc., at issue. Rather, " 201(a)(3) "cover[s] any situation in which the advice or recommendation of a [public official] would be influential, irrespective of the [official]'s specific authority (or lack of same) to make a binding decision." United States v. Carson, 464 F.2d at 433 (citations omitted). | Where a public official charged with bribery is a congressman, the universe of "official acts" described by bribery statute is not limited to so-called "legislative acts" such as voting on or introducing a piece of legislation; rather, all of the acts normally thought to constitute a congressman's legitimate use of his office are "official acts." 18 U.S.C.A. S 201(a)(3). | Is an official act under the bribery statute limited solely to legislative acts? | 011455.docx | LEGALEASE-00142051-LEGALEASE-00142052 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4673 | United States v. Terry, 707 F.3d 607 | 63+9 | Not every campaign contribution, we recognize, is a bribe in sheep's clothing. Without anything more, a jury could not reasonably infer that a campaign contribution is a bribe solely because a public official accepts a contribution and later takes an action that benefits a donor. See, e.g., McCormick, 500 U.S. at 272, 111 S.Ct. 1807. But when a public official acts as a donor's marionette"by deciding a case to a donor's benefit immediately after the donor asks him to and without reading anything about the case"a jury can reject legitimate explanations for a contribution and infer that it flowed from a bribery agreement. Here, the jury rejected any legitimate explanation for Russo's contributions in the face of strong circumstantial evidence that Terry and Russo had a corrupt bargain. Once the jury found Terry and Russo had an agreement, it could easily find that Terry accepted a bribe, violating the honest services fraud statute along the way. The same holds true for Terry's conspiracy conviction. | Without anything more, a jury could not reasonably infer that a campaign contribution to a public official is a bribe solely because the official accepts the contribution and later takes an action that benefits a donor, but when the official acts as the donor's marionette, jury can reject legitimate explanations for a contribution and infer that it flowed from a bribery agreement. 18 U.S.C.A. S 201(b)(2). | Is a campaign contribution a bribe if the official later takes an action that benefits the donor? | 011955.docx | LEGALEASE-00141594-LEGALEASE-00141595 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4674 | Schurr v. Savigny, 85 Mich. 144 | 113+3 | There is no evidence in the case which warranted the court in instructing the jury that if the plaintiff did work beyond the statutory number of hours, or an unreasonable length of time during the day, and beyond what is provided for in this contract, and did that work at the request of the defendants, then the defendants would be liable to him for the value of such work as for extra or over work, as there is nothing in the case showing or tending to show any promise or agreement on the part of the defendants to pay for such extra work or overwork, and there is no such custom shown in the case as would entitle the plaintiff to recover for such extra work. To permit the custom to govern and modify the law in relation to the dealings of parties in any case it must be uniform, certain, and sufficiently notorious to warrant the legal presumption that the parties made their contract with reference to such custom. Bank v. Grafflin, 31 Md. 507; Smith v. Gibbs, 44 N. H. 335; Harper v. Pound, 10 Ind. 32; Benjamin v. Publishing Co, 11 N. Y. Supp. 208; Moffat v. City of Brooklyn, 1 N. Y. Supp. 781. A usage or custom of so doubtful authority as to be known only to a few can never be regarded. To make it at all obligatory it must be generally known, certain, and reasonable. Collings v. Hope, 3 Wash. C. C. 150. The plaintiff called several photographers of Lansing, who testified as to the custom of work in that business in Lansing. The testimony need not be set out here, but it may be remarked that it falls far short of showing any such general, uniform, and certain custom as to the number of hours which should constitute a day's work at that particular kind of business, so that it could be said that the parties contracted with reference to such custom or usage, and impliedly agreed that the plaintiff should be paid for his evenings' work, beyond the price agreed upon between the parties. | To permit a custom to govern and modify the law in relation to the dealings of parties in any case, it must be uniform, certain, and sufficiently notorious to warrant the legal presumption that the parties contracted with reference to it. | When can custom govern and modify the law in relation to the dealings of parties in a case? | 014192.docx | LEGALEASE-00141870-LEGALEASE-00141871 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 4675 | Stelly v. Papania, 927 S.W.2d 620 | 30+3317 | A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. Halton, 792 S.W.2d at 464. An appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. See Simon v. York Crane & Rigging Company, Inc. 739 S.W.2d 793, 795 (Tex.1987); Burden, 896 S.W.2d at 256. An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241 (Tex.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). | Trial court has broad discretion to permit or deny the withdrawal of deemed admissions; appellate court should set aside trial court's ruling only if, after reviewing entire record, it is clear that trial court abused its discretion. Vernon's Ann.Texas Rules Civ.Proc., Rule 169, subd. 2. | Does a trial court have broad discretion to permit or deny the withdrawal of deemed admissions? | 029202.docx | LEGALEASE-00140828-LEGALEASE-00140829 | Condensed, SA, Sub | 0.56 | 0 | 1 | 1 | 1 | 1 |
| 4676 | McCormick v. Allmond, 18 Neb. App. 56 | 307A+485 | The party making the motion for sanctions has the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so. The burden then shifts to the nonmoving party to prove that one of the four exceptions stated in " 6"337(c) applies. See Salazar v. Scotts Bluff Cty., 266 Neb. 444, 665 N.W.2d 659 (2003). | A party making a motion for discovery sanctions, under court rule permitting an award of costs when a party fails to admit, has the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so; the burden then shifts to the nonmoving party to prove that one of the four exceptions enumerated in the rule applies. Neb.Ct.R. S 6-337(c). | Does a party making a motion for discovery sanctions have the burden to prove the truth of the matter that was previously denied and that reasonable expenses were incurred in doing so? | Pretrial Procedure - Memo # 4242 - C - BP.docx | ROSS-003288638-ROSS-003288639 | Condensed, SA | 0.09 | 0 | 1 | 0 | 1 | |
| 4677 | Wauhop v. Sauvage's Heirs, 159 S.W. 185 | 307A+723.1 | The action of the court in overruling his application to continue the case until he could procure the testimony of the witness Hooser is made the basis of appellant's fifth assignment. In his application appellant failed to state that the testimony was material, and that he had used due diligence to procure it. As it therefore was not a statutory application (article 1918, R. S. 1911), it was within the discretion of the court to grant it or not. Appellant has not pointed to anything in the record which shows that the court abused the discretion he possessed with reference to the matter. Carver Bros. v. Merrett, 155 S. W. 633, and authorities there cited; Railway Co. v. Hardin, 62 Tex. 367; Little v. State, 75 Tex. 620, 12 S. W. 965; Railway Co. v. Shuford, 72 Tex. 165, 10 S. W. 408. The assignment is overruled. | Where an application for a continuance for absence of witnesses did not state that the testimony expected was material or that the applicant used diligence to procure it, it was not a statutory application within Rev.Civ.St.1911, art. 1918, Vernon's Ann.Civ.St. art. 2168, and it was within the discretion of the court to grant it or not. | "Where an application for a continuance for the absence of witnesses did not state that the testimony expected was material, is it within the discretion of the court to grant it or not?" | Pretrial Procedure - Memo # 4280 - C - CK.docx | ROSS-003314672-ROSS-003314673 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 4678 | Morris v. Slappy, 461 U.S. 1 | 110+586 | Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel. See Chambers v. Maroney, 399 U.S. 42, 53"54, 90 S.Ct. 1975, 1982"1983,26 L.Ed.2d 419 (1970). Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel. Ungar v. Sarafite, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964). | Broad discretion must be granted trial courts on matters of continuances and only unreasoning and arbitrary insistence upon expeditiousness in face of justifiable request for delay violates right to assistance of counsel. U.S.C.A. Const.Amend. 6. | "Are continuances granted upon valid grounds, sufficient to challenge the judicial discretion of trial court?" | 032191.docx | LEGALEASE-00141549-LEGALEASE-00141550 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |
| 4679 | In re Conservatorship of Kayle, 134 Cal. App. 4th 1 | 307A+554 | In general, even without express statutory authority, a trial court has certain inherent discretionary powers to dismiss claims. (See 6 Witkin, Cal. Procedure (4th ed. (1997)) Proceedings Without Trial, " 459, pp. 889"890.) However, these grounds are typically limited to lack of jurisdiction, forum non conveniens, absence of a justiciable controversy, plaintiff's failure to give security for costs, failure to appeal at trial, or failure to amend the complaint. (Ibid.) Where a complaint is insufficient, or would be demurrable, the court must allow leave to amend unless the facts alleged show no possibility of relief under any legal theory. (See McDonald v. Superior Court (1986) 180 Cal.App.3d 297, 303, 225 Cal.Rptr. 394; Angie M. v. Superior Court (1995) 37 Cal.App.4th 1217, 1227, 44 Cal.Rptr.2d 197.) | In general, even without express statutory authority, a trial court has certain inherent discretionary powers to dismiss claims; however, these grounds are typically limited to lack of jurisdiction, forum non conveniens, absence of a justiciable controversy, plaintiff's failure to give security for costs, failure to appeal at trial, or failure to amend the complaint. | "Even without express statutory authority, does a trial court have certain inherent discretionary powers to dismiss claims?" | 033328.docx | LEGALEASE-00140883-LEGALEASE-00140884 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4680 | State ex rel. Roddey v. Byrnes, 219 S.C. 485 | 371+2005 | In the consideration of this and other tax features of the broadside assault upon the Act there should be kept in mind the principle which was expressed in Santee Mills v. Query, 122 S.C. 158, 115 S.E. 202, as follows: "Except in so far as it is limited by the state and federal Constitutions, the taxing power of the state is general and absolute and extends to all persons, property, and business within its jurisdiction or reach." In general, the sales tax is an imposition upon the privilege of the business of selling at retail and measured by the amount of business done, which is a clear case of an excise tax to which the constitutional provisions relating to property taxes are irrelevant. The decided cases of this and other jurisdictions, State and Federal, are substantially in accord on this point. | Except in so far as it is limited by state and federal Constitutions, taxing power of state is general and absolute and extends to all persons, property, and business within its jurisdiction or reach. | "Is the taxing power of state absolute to extend to all persons, property, and business within its jurisdiction?" | 045453.docx | LEGALEASE-00141467-LEGALEASE-00141468 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 4681 | Franklin Cty. ex rel. Parks v. Franklin Cty. Comm'n, 269 S.W.3d 26 | 371+2013 | For the reasons set out above, this Court holds that the first clause of section 22(a) does not apply because the increase in revenue did not result from an increase in the tax levy. This Court further finds that section 137.073 of Missouri's statutes is not inconsistent with section 22(a) of Missouri's constitution because the latter does not prohibit increases in revenue resulting from increases in assessed valuation that are less than the level of any increase in the general price index. Missouri's constitution sets out basic rules and gives authority and prohibitions that guide and set parameters for the legislature's actions. Fishman, 241 S.W.2d at 379. This Court is not free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the Missouri Constitution or the United States Constitution, Brown v. Morris, 365 Mo. 946, 290 S.W.2d 160, 166 (1956), and it will not do so here. The judgment is affirmed | The Supreme Court is not free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the Missouri Constitution or the United States Constitution. | Is the Supreme Court free to add limitations on the legislature's authority regarding taxation and revenue that are not enumerated in the state constitution or the Federal Constitution? | 045505.docx | LEGALEASE-00141771-LEGALEASE-00141772 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4682 | Ortho Pharm. Corp. v. Amgen, 882 F.2d 806 | 25T+156 | As our previous discussion indicates, we disagree that the "preservation of the status quo" operates as a separate test for determining whether the district court acted within its jurisdictional authority. Rather, the "preservation of the status quo" represents the goal of preliminary injunctive relief in any litigation, including in an arbitrable dispute. It is the balancing of the various factors of the traditional four-pronged test that bear upon the court's exercise of discretion: [T]he most compelling reason in favor of ... [issuing a preliminary injunction] is the need to prevent the judicial process from being rendered futile by defendant's action or refusal to act. On the other hand, judicial intervention before the merits have been finally determined frequently imposes a burden on defendant that ultimately turns out to be unjustified. Consequently, the preliminary injunction is appropriate whenever the policy of preserving the court's power to decide the case effectively outweighs the risk of imposing an interim restraint before it has done so. | Preservation of status quo does not operate as separate test for determining whether district court acted within its jurisdictional authority in issuing injunction; rather, preservation of status quo represents goal of preliminary injunctive relief in any litigation, including arbitrable dispute. | Does ensuring the preservation of the status quo operate as a separate test for determining whether the court acted within its jurisdictional authority? | 007656.docx | LEGALEASE-00143380-LEGALEASE-00143381 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 4683 | United States v. Evans, 344 F.3d 1131 | 63+1(1) | "To be a public official under section 201(a), an individual must possess some degree of official responsibility for carrying out a federal program or policy." Id. at 1181. The person need not be an employee of the federal government: the definition of "public official" is broad enough to cover persons working for private organizations. See United States v. Kenney, 185 F.3d 1217, 1222 (11th Cir.1999) (saying that employee of government contractor who provided information and made recommendations that were relied on by government's decision makers was public official). But the Supreme Court has cautioned that the "mere presence of some federal assistance" is not enough to "bring[ ] a local organization and its employees within the jurisdiction of the federal bribery statute ...." Dixson, 104 S.Ct. at 1181. | To be "public official," within meaning of gratuity statute, individual must possess some degree of official responsibility for carrying out federal program or policy; person need not be employee of federal government, and definition of "public official" is broad enough to cover persons working for private organizations. 18 U.S.C.A. S 201(a)(1). | Who is a public official under federal bribery statute? | 011217.docx | LEGALEASE-00142810-LEGALEASE-00142811 | Condensed, Order, SA, Sub | 0.57 | 1 | 1 | 1 | 1 | 1 |
| 4684 | Centennial Mgmt. Servs. v. Axa Re Vie, 193 F.R.D. 671 | 63+1(1) | Moreover, the Movants have directed the court to no authority supporting their argument that a person violates the anti-gratuity statute by paying a fact witness reasonable compensation for time spent in connection with legitimate, non-testifying activities such as reviewing documents in preparation for the deposition and meeting with lawyers in preparation for the deposition. In fact, the only authority the court has uncovered on this issue suggests that such compensation is lawful. See, e.g., ABA Comm. on Ethics and Professional Responsibility, Formal Op. 96"402 (1996) (Under Rule 3.4(b), occurrence witnesses may be reasonably compensated for time spent in attending a deposition or trial; for time spent in pretrial interviews with the lawyer in preparation for testifying; and for time spent in reviewing and researching records that are germane to his or her testimony). | Federal anti-gratuity statute is not violated by paying a fact witness reasonable compensation for time spent in connection with legitimate, non-testifying activities such as reviewing documents in preparation for the deposition and meeting with lawyers in preparation for the deposition. 18 U.S.C.A. S 201(d). | Does the federal anti-gratuity statute bar paying a witness reasonable compensation? | Bribery - Memo #164 - C-CSS.docx | ROSS-003300659-ROSS-003300660 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4685 | United States v. Ciavarella, 716 F.3d 705 | 63+1(1) | However, Ciavarella argues that the Rule 404(b) evidence could only be relevant to support a conflict-of-interest theory of honest services fraud, which is no longer viable after Skilling v. United States. In Skilling, the Supreme Court held that for the honest services fraud statute, 18 U.S.C. " 1346, to survive constitutional scrutiny, it may only be interpreted to criminalize fraud based on bribes and kickbacks and not based on a failure to disclose a conflict of interest. 130 S.Ct. at 2931"33. The bribery-and-kickback theory of honest services fraud requires "a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act." United States v. Wright, 665 F.3d 560, 567"68 (3d Cir.2012) (internal quotation marks and citations omitted). Thus, while the evidence of nondisclosure by itself may not constitute honest services fraud based on a conflict-of-interest theory under Skilling, we believe that where there is also evidence of bribery or kickbacks, as there was before the District Court, then the evidence may be relevant to proof of a scheme to defraud under a bribery-and-kickback theory of honest services fraud. Furthermore, the District Court had instructed the jury that the Government was required to prove that the scheme to defraud must be conducted through the use of bribes and kickbacks and that a government official could breach his or her duty of honest services through the use of bribes and kickbacks. | Bribery-and-kickback theory of honest services fraud requires a quid pro quo, that is, a specific intent to give or receive something of value in exchange for an official act. 18 U.S.C.A. S 1346. | What is the quid pro quo requirement under the bribery-and-kickback theory of honest services fraud? | 011461.docx | LEGALEASE-00142148-LEGALEASE-00142149 | SA, Sub | 0.87 | 0 | 0 | 1 | 1 | |
| 4686 | United States v. Jennings, 160 F.3d 1006 | 63+1(1) | Direct evidence of intent is unnecessary, however. To prove bribery under " 201, the government is not required to prove an expressed intention (or agreement) to engage in a quid pro quo. Such an intent may be established by circumstantial evidence. See United States v. Massey, 89 F.3d 1433, 1439 (11th Cir.1996); United States v. Biaggi, 909 F.2d 662, 684 (2d Cir.1990). Also, the government need not show that the defendant intended for his payments to be tied to specific official acts (or omissions). Bribery requires the intent to effect an exchange of money (or gifts) for specific official action (or inaction), but each payment need not be correlated with a specific official act. See Arthur, 544 F.2d at 734. Rather, it is sufficient to show that the payor intended for each payment to induce the official to adopt a specific course of action. See id. In other words, the intended exchange in bribery can be "this for these" or "these for these," not just "this for that." Further, it is not necessary for the government to prove that the payor intended to induce the official to perform a set number of official acts in return for the payments. The quid pro quo requirement is satisfied so long as the evidence shows a "course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." Id. (internal quotation omitted). Thus, all that must be shown is that payments were made with the intent of securing a specific type of official action or favor in return. For example, payments may be made with the intent to retain the official's services on an "as needed" basis, so that whenever the opportunity presents itself the official will take specific action on the payor's behalf. See id. This sort of "I'll scratch your back if you scratch mine" arrangement constitutes bribery because the payor made payments with the intent to exchange them for specific official action. | Quid pro quo requirement for bribery of a public official is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor; thus, all that must be shown is that payments were made with the intent of securing a specific type of official action or favor in return. 18 U.S.C.A. S 201(b)(1)(A). | Does the government need to show that the defendant intended for his or her payments to be tied to specific official acts or ommissions in order to prove bribery of a public official? | Bribery - Memo #757 - C - LB.docx | ROSS-003300748-ROSS-003300749 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4687 | United States v. Thomas, 240 F.3d 445 | 63+1(1) | Dixson v. United States, 465 U.S. 482, 496-97, 104 S.Ct. 1172, 79 L.Ed.2d 458 (1984), held that officers of a private, non-profit corporation which administered federal community development block grants from HUD were such "public officials". "[ T]he proper inquiry is not simply whether the person had signed a contract with the United States or agreed to serve as the Government's agent, but rather whether the person occupies a position of public trust with official federal responsibilities." | Whether person is "public official" within meaning of federal bribery statute does not depend upon whether person or his employer has signed contract with United States or has agreed to serve as government's agent, but rather upon whether person occupies position of public trust with official federal responsibilities. 18 U.S.C.A. S 201. | What is the proper inquiry to determine whether a person is public official within meaning of federal bribery statute? | 012188.docx | LEGALEASE-00142457-LEGALEASE-00142458 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 4688 | Total E & P USA Inc. v. Kerr-McGee Oil & Gas Corp., 719 F.3d 424 | 260+5.1(1) | "[OCSLA] authorizes the Secretary of the [Interior] to grant and manage leases for recovery of oil, gas, and other minerals from submerged lands located on the Outer Continental Shelf." Mesa Operating Ltd. P'ship v. U.S. Dep't of Interior, 931 F.2d 318, 319 (5th Cir.1991). "OCSLA thus vests the federal government with a proprietary interest in the [outer continental shelf] and establishes a regulatory scheme governing leasing and operations there." EP Operating Ltd. P'ship v. Placid Oil Co., 26 F.3d 563, 566 (5th Cir.1994). "OCSLA provides that the [Department of the Interior ("DOI") ] obtains royalties from lessees based on the "amount or value of the production saved, removed, or sold." " Mesa Operating Ltd., 931 F.2d at 319"20 (quoting 43 U.S.C. " 1337(a)(1)). | Outer Continental Shelf Lands Act (OCSLA) authorizes the Secretary of the Interior to grant and manage leases for the recovery of oil, gas, and other minerals from submerged lands located on the Outer Continental Shelf, and thus vests the federal government with a proprietary interest in the Outer Continental Shelf and establishes a regulatory scheme governing leasing and operations there. Outer Continental Shelf Lands Act, S 2 et seq., 43 U.S.C.A. S 1331 et seq. | Does OCSLA (Outer Continental Shelf Lands Act) vest the federal government with a proprietary interest in the out continental shelf? | 021214.docx | LEGALEASE-00143242-LEGALEASE-00143243 | Condensed, SA, Sub | 0.4 | 0 | 1 | 1 | 1 | 1 |
| 4689 | Kirchner v. Smith, 61 W. Va. 434 | 260+97 | "If two or more owners of a mine unite in working it, without any partnership agreement, the act of working it together creates a mining partnership; and the same is true of two or more holding interests in a lease of mining property."Thornton, Oil & Gas, " 314. "The joint owners of a mine, which they unite and co-operate in working, constitute a mining partnership. Without any contract or agreement between them, by the act of uniting in working the mines the relation is established." Bar. & A. Mines & Mining, p. 750. In Childers v. Neeley, 47 W. Va. 70, 34 S. E. 828, 49 L. R. A. 468, 81 Am. St. Rep. 777, it is held: "Where tenants in common or joint tenants of an oil lease or mine unite and co-operate in working it, they constitute a mining partnership." The bill in case at bar shows that the plaintiff, together with the defendants sought to be charged, were tenants in common, co-owners of the leaseholds, and united in working the same. | If two or more owners of a mine unite in working it without any partnership agreement, the act of working it together creates a mining partnership, and the same is true of two or more holding interests in a lease of mining property. | "If two or more owners of a mine unite in working it, without any partnership agreement, does the act of working it together create a mining partnership?" | 021310.docx | LEGALEASE-00142491-LEGALEASE-00142492 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4690 | Bernie v. Vandever, 16 Ark. 616 | 289+853 | Upon the death of one of several partners, the partnership is dissolved; and the surviving partner is entitled to the partnership property and effects, for the purpose of settling the accounts, and paying off the debts of the firm. | Upon the death of one of several partners, the partnership is dissolved; and the surviving partner is entitled to the partnership property and effects, for the purpose of settling the accounts, and paying off the debts of the firm. | "Upon death of a partner, is a surviving partner entitled to the partnership property only for the purpose of settling the accounts?" | 022387.docx | LEGALEASE-00142081-LEGALEASE-00142082 | SA, Sub | 0 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4691 | Kissinger v. Sch. Dist. No. 49 of Clay Cty., 163 Neb. 33 | 307A+483 | Section 25"1267.41, R.S.Supp., 1955, was before this court in Mueller v. Shacklett, 156 Neb. 881, 58 N.W.2d 344, 348. With reference to it we there said: "Section 25"1267.41, R.S.Supp.1951, is identical with Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Its provisions are not merely directory, but substantial compliance therewith is required. However, they are not self-executing, and the party claiming admissions for failure to deny must prove service of a proper request in compliance therewith and failure to appropriately respond thereto. | Statute providing for request for admissions is not self-executing, and party claiming that matter alleged has been admitted because of failure to deny request must prove service of proper request and failure to appropriately respond thereto. R.S.Supp.1955, S 25-1267.41. | Is a party claiming admissions for failure to deny must prove service of a proper request in compliance therewith and failure to appropriately respond thereto? | Pretrial Procedure - Memo # 4250 - C - PB.docx | ROSS-003289123-ROSS-003289124 | Condensed, SA, Sub | 0.52 | 0 | 1 | 1 | 1 | 1 |
| 4692 | FutureSelect Portfolio Mgmt. v. Tremont Grp. Holdings, 175 Wash. App. 840 | 307A+683 | The plaintiff has the burden of demonstrating jurisdiction, but when a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing " "only a prima facie showing of jurisdiction is required." " In this setting, "[w]e treat the allegations of the complaint as true." | When a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, courts treat the allegations of the complaint as true. | "When a motion to dismiss for lack of personal jurisdiction is resolved without an evidentiary hearing, do courts treat the allegations of the complaint as true?" | 032949.docx | LEGALEASE-00143484-LEGALEASE-00143485 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | |
| 4693 | Prewitt v. Everett, 10 Tex. 283 | 307A+726 | It will be seen by reference to art. 815, Hart. that the affidavit is almost in literal conformity with the requisitions of the statute on an application for a second continuance, and the record does not show that there had been more than one continuance before asked by the defendant. In truth, it does not appear that the case had ever been continued on the affidavit of the defendant. It is inferred that it had been once continued from the fact that an affidavit for a continuance by the defendant was filed and appears upon record, but it does not appear that there was any action of the court upon it. The statute prescribes what shall be sufficient grounds for a first and second continuance, but is silent as to a subsequent application to continue, and it has been decided by this court that, if the terms of the statute are complied with on the first and second application, the court can exercise no discretionary power; that it must be granted. (See Hipp v. Bissell, 3 Tex. R., 18; Hipp v. Huchett, 4 Tex. R., 20.) | Where the statute prescribes what shall be sufficient grounds for a first and second continuance, but is silent as to a subsequent application to continue, and the terms of the statute are complied with, on the first and second application, the court can exercise no discretionary power; but must grant the continuance. | Can the court exercise any discretionary power on the first and second application for continuance? | 033005.docx | LEGALEASE-00143053-LEGALEASE-00143054 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4694 | Davis v. Kania, 48 Conn. Supp. 141 | 307A+554 | "A motion to dismiss ... properly attacks the jurisdiction of the court ...." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330, 346, 766 A.2d 400 (2001). "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse Diesel International, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002); see also Adolphson v. Weinstein, 66 Conn.App. 591, 594, 785 A.2d 275 (2001), cert. denied, 259 Conn. 921, 792 A.2d 853 (2002); Practice Book " 10"31(a)(1). | A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Practice Book 1998, S 10-31(a)(1). | Shall the motion to dismiss be used to assert lack of jurisdiction over the subject matter? | 033838.docx | LEGALEASE-00142899-LEGALEASE-00142900 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 4695 | New York Party Shuttle v. Bilello, 414 S.W.3d 206 | 307A+718 | We review a trial court's denial of a motion for continuance for an abuse of discretion. See Moreno v. Perez, 363 S.W.3d 725, 745 (Tex.App.-Houston [1st Dist.] 2011, no pet.). The absence of a material witness provides sufficient cause for a continuance, but only if the party requesting the continuance has exercised proper diligence to procure the testimony of the witness. Daugherty v. Jacobs, 187 S.W.3d 607, 619 (Tex.App.-Houston [14th Dist.] 2006, no pet.). Rule 252 provides as follows:If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source.Tex.R. Civ. P. 252. | The absence of a material witness provides sufficient cause for a continuance, but only if the party requesting the continuance has exercised proper diligence to procure the testimony of the witness. Vernon's Ann.Texas Rules Civ.Proc., Rule 252. | Does the absence of a material witness provide sufficient cause for a continuance only if the party has exercised proper due diligence to procure the testimony of the witness? | 033954.docx | LEGALEASE-00142790-LEGALEASE-00142791 | SA, Sub | 0.81 | 0 | 0 | 1 | 1 | |
| 4696 | Wilder Chiropractic v. State Farm Fire & Cas. Co., 2014 IL App (2d) 130781 | 307A+560 | "No absolute time frame exists that will shift the burden and require the plaintiff to offer an explanation for his or her actions." Kole v. Brubaker, 325 Ill.App.3d 944, 949, 259 Ill.Dec. 649, 759 N.E.2d 129 (2001). "[T]he determination of whether the defendant has established a prima facie case of lack of diligence must be made on a case-by-case basis." Id. The court in Kole suggested that, in determining whether a prima facie case was made, the court should consider "any patently unusual circumstances" that would have "prevented or otherwise hindered [the] plaintiff's ability to serve [the] defendants." Id. | The determination of whether the defendant has established a prima facie case of lack of diligence in serving defendant must be made on a case-by-case basis. Sup.Ct.Rules, Rule 103(b). | Must the determination of whether a defendant has established a prima facie lack of diligence case in serving defendant be made on a case-by-case basis? | 034009.docx | LEGALEASE-00143234-LEGALEASE-00143235 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 4697 | Giemme USA v. La Sala Grp., 92 So. 3d 920 | 307A+746 | This record demonstrates neither the extreme misconduct by the defendants nor the express findings of a trial court required to support the severe relief granted as a result of the defendants' non-attendance at the case management conference. If a party fails to attend a noticed case management conference, "the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." Fla. R. Civ. P. 1.200(c). "A finding that the party's conduct was willful and contumacious is necessary for entering a default under rule 1.200(c)." Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993) (citations omitted). The trial court must make the finding in the subject order; failure to do so constitutes reversible error. See Townsend v. Feinberg, 659 So.2d 1218, 1219 (Fla. 4th DCA 1995). "[N]o "magic words' are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard." Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). The trial court's finding must be supported by the record. See Bank One, N.A. v. Harrod, 873 So.2d 519, 521 (Fla. 4th DCA 2004). | The severe sanction of striking the defendants' pleadings and entering a default judgment of $736,100.59 could not be imposed, based on defendants' failure to attend a case management conference, in absence of finding in trial court's order that defendants' conduct was willful and contumacious. West's F.S.A. RCP Rule 1.200(c). | "Before entering a default judgment based on a party's failure to appear at case management conference as ordered, must a trial court find that party's conduct was willful and contumacious?" | 034275.docx | LEGALEASE-00143204-LEGALEASE-00143205 | Condensed, SA, Sub | 0.73 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4698 | Cox v. Burke, 706 So. 2d 43 | 307A+563 | When reviewing a case for fraud, the court should "consider the proper mix of factors" and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Id. at 1117"18. Because "dismissal sounds the "death knell of the lawsuit," courts must reserve such strong medicine for instances where the defaulting party's misconduct is correspondingly egregious." Id. at 1118. The trial court has the inherent authority, within the exercise of sound judicial discretion, to dismiss an action when a plaintiff has perpetrated a fraud on the court, or where a party refuses to comply with court orders. Kornblum v. Schneider, 609 So.2d 138, 139 (Fla. 4th DCA 1992). Because dismissal is the most severe of all possible sanctions, however, it should be employed only in extreme circumstances. Id.; Bird v. Hardrives of Delray, Inc., 644 So.2d 89, 90 (Fla. 4th DCA 1994). | Trial court has inherent authority, within exercise of sound judicial discretion, to dismiss action when plaintiff has perpetrated fraud on court, or where party refuses to comply with court orders. | Does a trial court have the inherent authority to dismiss an action when it finds that a plaintiff has perpetrated a fraud on the court? | Pretrial Procedure - Memo # 6731 - C - NS.docx | ROSS-003304897-ROSS-003304898 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 4699 | Pembaur v. Leis, 1 Ohio St. 3d 89 | 30+3206 | The power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion. Lopez v. Aransas County Independent School Dist. (C.A. 5, 1978), 570 F.2d 541, 544. Therefore, the trial court's dismissal with prejudice will not be reversed unless it constitutes an abuse of discretion. | Power to dismiss for lack of prosecution is within sound discretion of trial court, and appellate review is confined solely to whether trial court abused that discretion. Rules Civ.Proc., Rules 41(B), (B) (1, 3), 41 note. | "Does the decision to dismiss a case for failure to prosecute or to comply with court order rest within the sound discretion of the trial court, and appellate review is limited solely to whether the trial court abused that discretion?" | 034532.docx | LEGALEASE-00143530-LEGALEASE-00143531 | Condensed, SA, Sub | 0.43 | 0 | 1 | 1 | 1 | 1 |
| 4700 | People v. Abreu, 283 A.D.2d 194 | 352H+183 | Attempted rape in the first degree was clearly established by evidence including the victim's detailed testimony that defendant unzipped his pants and lifted her skirt. A trier of fact can readily infer from defendant's conduct and the surrounding circumstances that defendant came within "dangerous proximity" of the commission of rape (see, People v. Pereau, 64 N.Y.2d 1055, 489 N.Y.S.2d 872, 479 N.E.2d 217; People v. Bracey, 41 N.Y.2d 296, 392 N.Y.S.2d 412, 360 N.E.2d 1094). For these same reasons, the evidence also established first-degree assault as committed during a felony (Penal Law " 120.10[4]). | A trier of fact can readily infer from a defendant's conduct and the surrounding circumstances that defendant came within dangerous proximity of commission of rape. | Can a trier of fact infer from defendant's conduct and the surrounding circumstances that defendant came within dangerous proximity of the commission of rape? | 043087.docx | LEGALEASE-00143418-LEGALEASE-00143419 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4701 | Madera Production Co. v. Atlantic Richfield Co., 107 S.W.3d 652 | 118A+271 | An action seeking royalty and overriding royalty in minerals is considered a suit on real property interests for the purpose of fixing venue in suits for recovery of such interests or damages thereto.Parker v. Petro"Lewis Corp., 663 S.W.2d 905 (Tex.App.-San Antonio 1983, no writ). A suit seeking net profits interest based on ownership of land is also an interest in land. T"Vestco Litt"Vada v. Lu"Cal One Oil Co., 651 S.W.2d 284, 292 (Tex.App.-Austin 1983, writ ref'd n.r.e.). A suit over the ownership of proceeds from mineral interests must be filed in the county in which the real property is located even though the cause of action is for a declaratory judgment over monies. Hill v. Enerlex, Inc., 969 S.W.2d 120 (Tex.App.-Eastland 1998). An option to purchase land creates an interest in land. Hitchcock Props. v. Levering, 776 S.W.2d 236, 238"39 (Tex.App.-Houston [1st Dist.] 1976); see generally 1 Arthur Linton Corbin, Corbin on Contracts " 272 (1950) (discussing how options to purchase land create an interest in land). | Suit over the ownership of proceeds from mineral interests must be filed in the county in which the real property is located, even though the cause of action is for declaratory judgment over monies. V.T.C.A., Civil Practice & Remedies Code S 15.011. | Is an action seeking royalty and overriding royalty in minerals considered a suit on real property interests that must be filed where the property is located? | 047530.docx | LEGALEASE-00143368-LEGALEASE-00143369 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4702 | Maziar v. State, Dep't of Corr., 151 Wash. App. 850 | 413+2 | Washington's IIA, like other workers' compensation schemes, is the product of a compromise between employers and workers. Cowlitz Stud Co. v. Clevenger, 157 Wash.2d 569, 572, 141 P.3d 1 (2006). In it, the legislature abolished all common law civil actions for personal injuries that occur during a worker's employment and, in exchange, employers accept limited liability for claims that might not have been compensable under the common law. Cowlitz Stud Co., 157 Wash.2d at 572, 141 P.3d 1; see RCW 51.04.010. DOC argues that Maziar was an IIA-covered employee at the time of his injury and, thus, he has no claim for on-the-job injuries against DOC, his employer. | The state's workers' compensation scheme is the product of a compromise between employers and workers; in it, the legislature abolished all common law civil actions for personal injuries that occur during a worker's employment and, in exchange, employers accept limited liability for claims that might not have been compensable under the common law. West's RCWA 51.04.010. | "Is the workers compensation scheme a product or result of compromise, and what was exchanged in the compromise?" | 048038.docx | LEGALEASE-00143345-LEGALEASE-00143346 | Condensed, SA, Sub | 0.44 | 0 | 1 | 1 | 1 | 1 |
| 4703 | United States v. Potter, 402 F. Supp. 1161 | 34+20.8(1) | It is axiomatic that an administrative agency must follow its own regulations. See, e. g., Morton v. Ruiz, 415 U.S. 199, 235, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974), and cases cited; United States v. Leahey, 434 F.2d 7 (1st Cir. 1970). This general rule is especially important in Selective Service cases where the area of discretion of local boards is so broad and the scope of review correspondingly narrow. See United States v. Spencer, 369 F.Supp. 100, 101"102 (E.D.Wis.1974). In this Circuit, at least, in a prosecution for violation of the Selective Service statutes, where there is a violation of a regulation by the Government, the Government must prove beyond a reasonable doubt that there was no prejudice from this violation to the defendant. United States v. Jacques, 463 F.2d 653, 659 (1st Cir. 1972), Steele v. United States, 240 F.2d 142, 146 (1st Cir. 1956). A similar ruling was made by the Supreme Court in Simmons v. United States, 348 U.S. 397, 405"406, 75 S.Ct. 397, 99 L.Ed. 453 (1955). The Government in this case has made no attempt to demonstrate lack of prejudice. | Rule that administrative agency must follow its own regulations is especially important in selective service cases where area of discretion of local boards is broad and scope of review correspondingly narrow. | Should an administrative agency follow its own regulations in selective service cases? | 008669.docx | LEGALEASE-00144648-LEGALEASE-00144649 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4704 | United States v. Spencer, 369 F. Supp. 100 | 34+20.8(1) | I do not examine the merits of the request made by the defendant to the draft board. This court does not play a role in the classifying of individuals by the Selective Service System. Freeman v. United States, 388 F.2d 246 (7th Cir. 1967). Because of the narrow scope of judicial review of local draft board proceedings, it becomes important that the Selective Service administration regularly and strictly follow its own procedures. Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59 (1947). | Because of the narrow scope of judicial review of local draft board proceedings, it becomes important that the Selective Service Administration regularly and strictly follow its own procedures. | Is it important for the Selective Service administration to follow its own rules and procedures since there is a narrow scope of judicial review? | 008670.docx | LEGALEASE-00144652-LEGALEASE-00144653 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4705 | Bush v. Barron, 78 Tex. 5 | 307A+74 | The officer's certificate is as follows: "Sworn to and subscribed before me this August 25, A. D. 1887. JOHN H. SMITH, Justice of the Peace, Ellis county, Texas." The receipt of the postmaster recites that he received the depositions from "J. H. Smith, J. P., Ellis county, etc." Subdivision 1, art. 2226, of the Revised Statutes, provides, in substance, that the commission to take the answers of a witness residing in the state, when his evidence may be desired in the form of depositions, shall be executed, etc., by "any clerk of the district court, judge or clerk of the county court, or any notary public of the proper county." It does not authorize a justice of the peace, unless it does by reason of the fact that he is under our law ex officio a notary public. In the present case it might be admitted that the certificate sufficiently shows the officer to be an ex officio notary public, and still the assignment of error is well taken, and the motion to suppress the deposition should have prevailed. The officer's certificate, we think, failed to show, as the statute required it should, that the answers to the interrogatories and cross-interrogatories were signed by the witness before him. It is essential that the certificate should show this. Or, if it does not appear therefrom alone, the caption may be resorted to, to aid, in this respect, the certificate; and, if from both it satisfactorily appears, it will be sufficient. In this case the caption is simply as follows: "Answers to interrogatories propounded by plaintiff to Joe Barron, a resident of Ellis county, Texas." This does not, when read in connection with the certificate, show that the answers were signed by the witness before the officer. The motion to suppress the depositions of the witness Joe Barron, we think, should have been sustained. | The caption may be resorted to in aid of an officer's certificate to depositions to show that the answers to interrogatories and cross-interrogatories were signed by the witness before him and if from both, it satisfactorily appears, it is sufficient. | Can the caption be resorted to in aid of an officer's certificate to depositions to show that the answers to interrogatories and cross-interrogatories were signed by the witness before him? | 032699.docx | LEGALEASE-00143943-LEGALEASE-00143944 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 4706 | Lujan v. Alorica, 445 S.W.3d 443 | 307A+554 | The proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit is a motion to dismiss. See Young v. Valt.X Holdings, Inc., 336 S.W.3d 258, 261 (Tex.App.-Austin 2010, pet. dism'd), citing Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., 177 S.W.3d 605, 610 (Tex.App.-Houston [1st Dist.] 2005, no pet.). We review a trial court's dismissal predicated on a forum-selection clause for an abuse of discretion. Stokes Interest, G.P. v. Santo"Pietro, 343 S.W.3d 441, 444 (Tex.App.-El Paso 2010, no pet.). A trial court abuses its discretion when it acts "without reference to any guiding rules and principles." See Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31 (Tex.2010), quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241"42 (Tex.1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." Downer, 701 S.W.2d at 242. | The proper procedural mechanism for enforcing a valid forum-selection clause that a party to the agreement has violated in filing suit is a motion to dismiss. | Is a motion to dismiss the proper procedural mechanism for enforcing a forum-selection clause that a party to the agreement has violated in filing suit? | 033216.docx | LEGALEASE-00144922-LEGALEASE-00144923 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4707 | Rucker v. Taylor, 828 N.W.2d 595 | 307A+560 | For sure, courts can always enforce the service rule on their own initiative to achieve its purposes, independent of the course of conduct of the parties. See Iowa R. Civ. P. 1.302(5). Additionally, a defendant may also uphold the purpose of the service rule by moving to dismiss for untimely service. See Meier, 641 N.W.2d at 541"42. But, in both instances, good cause must be considered in deciding to dismiss a petition for untimely service, and Wilson informs us that this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. See 678 N.W.2d at 422"23. | Good cause must be considered in deciding to dismiss a petition for untimely service, and this standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss. I.C.A. Rule 1.302(5). | Should good cause be considered in deciding to dismiss a petition for untimely service? | Pretrial Procedure - Memo # 6133 - C - PB.docx | ROSS-003316078 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |
| 4708 | Rucker v. Taylor, 828 N.W.2d 595 | 307A+690 | Because the substantive rights of a plaintiff can be at stake through the application of a statute of limitations, it is important that the good-cause standard under rule 1.302(5) not be applied too narrowly. As observed under the analogous federal rule,a dismissal without prejudice under Rule 4(m) for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. This raises a difficult question when the statute of limitations has expired between the filing of the complaint and the dismissal of the action for noncompliance with Rule 4(m). Although technically the dismissal is without prejudice, realistically if the plaintiff's action is now barred by the running of the limitations period his or her rights have effectively been terminated | Dismissal without prejudice under for failure to serve process is intended to leave the plaintiff in the same position as if the action never had been filed. I.C.A. Rule 1.302(5). | Is dismissal without prejudice under for failure to serve process intended to leave the plaintiff in the same position as if the action never had been filed? | 033554.docx | LEGALEASE-00143669-LEGALEASE-00143670 | Condensed, SA | 0.78 | 0 | 1 | 0 | 1 | |
| 4709 | Morgan v. Hartford Hosp., 301 Conn. 388 | 307A+554 | Failure to comply with the statutory requirements of service renders a complaint subject to a motion to dismiss on the ground of lack of personal jurisdiction. "[J]urisdiction over the person, jurisdiction over the [subject matter], and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court.... Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." | Failure to comply with the statutory requirements of service renders a complaint subject to a motion to dismiss on the ground of lack of personal jurisdiction. | Does a failure to comply with the statutory requirements of service render a complaint subject to a motion to dismiss for lack of personal jurisdiction? | Pretrial Procedure - Memo # 6207 - C - KS.docx | ROSS-003289805-ROSS-003289806 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 4710 | E.I. DuPont De Nemours & Co. v. Sidran, 140 So. 3d 620 | 307A+563 | Although a finding of fraud on the court generally has been premised on a proven outright lie on a critical issue, or the destruction of determinative evidence, whatever "scheme" of fraud a court finds must be supported by clear and convincing evidence that goes to "the very core issue at trial": To support a dismissal the court must find the "false testimony was directly related to the central issue in the case."Morgan v. Campbell, 816 So.2d 251, 253 (Fla. 2d DCA 2002); see also Ramey v. Haverty Furniture Cos., 993 So.2d 1014, 1019 (Fla. 2d DCA 2008). It is the moving party's burden to establish by clear and convincing evidence that the non-moving party has engaged in fraudulent conduct warranting dismissal. Cross v. Pumpco, Inc., 910 So.2d 324, 327 (Fla. 4th DCA 2005). Gilbert v. Eckerd Corp. of Fla., Inc., 34 So.3d 773, 775"76 (Fla. 4th DCA 2010). | To support a dismissal based upon a fraud on the court, the court must find the false testimony was directly related to the central issue in the case. | "To support a dismissal based upon a fraud on the court, should the court find the false testimony was directly related to the central issue in the case?" | 034028.docx | LEGALEASE-00144609-LEGALEASE-00144610 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4711 | Maupin v. Vincent, 245 Ga. App. 635 | 30+3232 | Did the trial court err in dismissing Maupin's counterclaim with prejudice because of his failure to appear at a pre-trial conference? The trial court has authority to dismiss a counterclaim for failure to appear at a pre-trial hearing."An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by this court in the absence of an abuse of ... discretion."But, dismissal for failure to prosecute does not operate as an adjudication on the merits. Moreover, Uniform State Court Rule 7.1 explicitly states that failure to appear at the pre-trial conference without legal excuse "shall authorize the court to remove the action from any trial calendar ... or impose any other appropriate sanction, except dismissal of the action with prejudice." Uniform State Court Rule 14 states "[o]n its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action, or where appropriate, any pleading filed on behalf of any party upon the failure to properly respond to the call of the action for trial or other proceeding." Thus, we find that the trial abused its discretion by dismissing Maupin's counterclaim with prejudice. | An order of dismissal for failure to appear at a pre-trial hearing is discretionary with the trial court and is not subject to review by appellate court in the absence of an abuse of discretion. O.C.G.A. S 9-11-41. | Is an order of dismissal for failure to appear at a pre-trial hearing discretionary with the trial court and is not subject to review by appellate court in the absence of an abuse of discretion? | Pretrial Procedure - Memo # 6624 - C - TM.docx | ROSS-003289282-ROSS-003289283 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |
| 4712 | AAA Crane Serv. v. Omnibank Univ. Hills, N.A., 723 P.2d 156 | 307A+746 | While some rules are jurisdictional in nature and breach of them can result in prohibiting further prosecution of a law suit, see, e.g., C.A.R. 3, C.R.C.P. 121 is not such a rule and should not automatically be used to deny a party its day in court. By its zealous enforcement of C.R.C.P. 121 " 1-18, the trial court, without adequate justification, denied defendant its right to defend against plaintiff's claim.We can sympathize with the trial court's rationale that, without trial data certificates, courts cannot prepare for trials, nor determine how long trials will take, and a court is thus prejudiced in properly preparing itself to address the issues of a case. However, the adverse effect on the court is only one consideration in levying sanctions. See KN Energy, Inc.,supra. The court should also consider the objection, if any, of the opposing party; the extent of prejudice, if any, to the opposing party; whether the prejudice could be cured; the importance of the contents of trial data certificates to the opposing party; and whether the non-complying party had a valid excuse for its failure timely to file its certificate. | While some rules are jurisdictional in nature and their breach can result in prohibiting further prosecution of lawsuit, the rule requiring the filing of trial data certificate is not such a rule and should not automatically be used to deny party its day in court. Rules Civ.Proc., Rule 121, S 1-18. | Is the rule requiring filing of trial data certificate not jurisdictional rule and should not be applied in a manner which unreasonably denies a party its day in court? | 034283.docx | LEGALEASE-00144797-LEGALEASE-00144798 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 4713 | State ex rel. Nixon v. Griffin, 291 S.W.3d 817 | 13+6 | The Attorney General contends that the dismissal of its petition was contrary to law. We first address the issue of appealability. Mr. Griffin filed no respondent's brief in this case; thus, no party raises the issue of whether the trial court's judgment may be appealed. However, the finality of a judgment is a prerequisite to appealability, and we have a duty to determine jurisdiction sua sponte. See, e.g., State ex rel. Mo. Gas Energy v. Pub. Serv. Comm'n, 50 S.W.3d 801, 803 (Mo.App.2001). In this case, the judgment granting the motion to dismiss was a dismissal without prejudice. It was not a final, appealable judgment because the Attorney General is capable of curing the deficiencies in the petition by re-filing it in the same court. Under such circumstances, the issue raised in this appeal would be rendered moot. "A case is moot if the decision would have "no practical effect upon an existent controversy." " State ex rel. AG Processing, Inc. v. Pub. Serv. Comm'n, 276 S.W.3d 303, 306 (Mo.App.2008) (citation omitted). "When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is moot and generally should be dismissed." Id. An exception to the mootness doctrine allows this court, in exercise of its discretion, to review a matter "[w]here the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review unless the court exercises its discretionary jurisdiction." Id.(citation omitted). The present case involves an issue that is one of general public interest that is subject to repetition while evading review: the issue of whether a circuit court can dismiss the action because the Attorney General did not show that he had "good cause" at the time of the filing of the petition, even though, by the time of the "good cause" hearing, it is evident that good cause for proceeding exists. The Attorney General is capable of re-filing the MIRA petition against Mr. | When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the case is "moot" and generally should be dismissed. | Is a case moot and to be dismissed when an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief? | Pretrial Procedure - Memo # 6644 - C - RY.docx | ROSS-003302764-ROSS-003302765 | Condensed, SA | 0.92 | 0 | 1 | 0 | 1 | |
| 4714 | Wetovick v. Cty. of Nance, 279 Neb. 773 | 307A+552 | Mootness refers to events occurring after the filing of a suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation. Unless an exception applies, a court or tribunal must dismiss a moot case when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Unless an exception applies, a court or tribunal must dismiss a moot case when changed circumstances have precluded it from providing any meaningful relief because the litigants no longer have a legally cognizable interest in the dispute's resolution. | Should a court or tribunal dismiss a moot case? | Pretrial Procedure - Memo # 6655 - C - SU.docx | ROSS-003304890 | Condensed, SA | 0.43 | 0 | 1 | 0 | 1 | |
| 4715 | J.P. v. Dist. Court In & For 2nd Judicial Dist. of Denver, 873 P.2d 745 | 307A+44.1 | Sanctions for failure to comply with disclosure rules are applied at the discretion of the trial court and should not be disturbed absent an abuse of discretion. Freedman, 849 P.2d at 815. In imposing sanctions pursuant to discovery violations, "[t]he trial judge should exercise informed discretion in imposing a sanction which is commensurate with the seriousness of the disobedient party's conduct." Kwik Way Stores, Inc. v. Caldwell, 745 P.2d 672, 677 (Colo.1987); see also Nagy, 762 P.2d at 161. | In imposing sanctions pursuant to discovery violations, trial judge should exercise informed discretion in imposing sanction which is commensurate with the seriousness of the disobedient party's conduct. Rules Civ.Proc., Rule 16. | Should a trial judge exercise informed discretion in imposing sanction which is commensurate with the seriousness of a disobedient party's conduct? | Pretrial Procedure - Memo # 6662 - C - PC.docx | ROSS-003302775-ROSS-003302776 | SA, Sub | 0.54 | 0 | 0 | 1 | 1 | |
| 4716 | In re Risk Level Determination of J.V., 741 N.W.2d 612 | 307A+552 | A court should exercise its jurisdiction to decide a matter only if there is a justiciable controversy. See Kahn, 701 N.W.2d at 821. A controversy is justiciable if it involves definite and concrete assertions of right. Id. Merely possible or hypothetical injury will not satisfy this standard. Id. A matter may be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief. Isaacs, 690 N.W.2d at 376. | A matter may be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief. | Will a matter be dismissed as moot if an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief? | Pretrial Procedure - Memo # 6664 - C - SK.docx | ROSS-003331824-ROSS-003331825 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4717 | In re Peoples, 296 N.C. 109 | 307A+552 | Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action. Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); People ex rel. Wallace v. Labrenz, 411 Ill. 618, 104 N.E.2d 769, Cert. denied 344 U.S. 824, 73 S.Ct. 24, 97 L.Ed. 642 (1952); 20 Am.Jur.2d Courts s 81 (1965). | Unlike question of jurisdiction, issue of mootness is not determined merely by examining facts in existence at commencement of action, for if issues before court or administrative body become moot at any time during course of proceedings, usual response should be to dismiss the action. | Should an action be dismissed if the issues before the court become moot? | 034493.docx | LEGALEASE-00144223-LEGALEASE-00144224 | Condensed, SA | 0.47 | 0 | 1 | 0 | 1 | |
| 4718 | Fugnole v. Crumbly Bros., 899 So. 2d 1262 | 307A+746 | Florida Rule of Civil Procedure 1.200(c) provides that if a party fails to attend a conference, either pretrial or case management, the court may "dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." However, "the sanction must be commensurate with the offense." Drakeford v. Barnett Bank of Tampa, 694 So.2d 822, 824 (Fla. 2d DCA 1997). Striking a party's pleadings resulting in dismissal is the most severe sanction and is to be used sparingly. Id. To that end, "a trial court's order dismissing a cause of action for failure to attend a case management conference must contain findings that the party's actions were flagrant, willful, persistent, or otherwise aggravated." Id. (citations omitted). The instant order contains no such findings, nor would the record before us support same. Fugnole and his parents did not abuse the court system by repeatedly and flagrantly disobeying court orders, nor did they otherwise abuse the system. See Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971). | The sanction imposed for a party's failure to attend a pretrial or case management conference must be commensurate with the offense; striking a party's pleadings resulting in dismissal is the most severe sanction and is to be used sparingly. West's F.S.A. RCP Rule 1.200(c). | Must the sanction imposed for a party's failure to attend a pretrial or case management conference be commensurate with the offense? | 034538.docx | LEGALEASE-00143739-LEGALEASE-00143740 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 4719 | State ex rel. Sviggum v. Hanson, 732 N.W.2d 312 | 13+6 | Justiciability doctrines"including mootness and standing"all relate, in some manner, to the court's ability to redress an injury through coercive relief. See State by Humphrey v. Philip Morris Inc., 551 N.W.2d 490, 493 (Minn.1996) (linking standing to availability of relief); In re Schmidt, 443 N.W.2d 824, 826 (Minn.1989) (noting that case is moot if courts cannot "grant effectual relief"); see also Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962) (requiring judicially manageable standards for resolving a dispute). The concept of justiciability forms a threshold for judicial action and requires, in addition to adverse interests and concrete assertions of rights, a controversy that allows for specific relief by a decree or judgment of a specific character as distinguished from an advisory opinion predicated on hypothetical facts. Holiday Acres No. 3 v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 271 N.W.2d 445, 447 (Minn.1978). When a lawsuit presents no injury that a court can redress, the case must be dismissed for lack of justiciability. | The concept of justiciability forms a threshold for judicial action and requires, in addition to adverse interests and concrete assertions of rights, a controversy that allows for specific relief by a decree or judgment of a specific character as distinguished from an advisory opinion predicated on hypothetical facts. | Will the case be dismissed for lack of justiciability when there is no injury that a court can redress? | Pretrial Procedure - Memo # 6953 - C - SKG.docx | ROSS-003289441-ROSS-003289442 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 4720 | Goodyear Mortg. Corp. v. Montclair Dev. Corp., 2 N.C. App. 138 | 401+5.1 | When title to real estate may be affected by an action, it is held to be local and removable to the county where the land is situated by proper motion made in apt time. | When title to real estate may be affected by an action it is local and is removable to county where land is situated by proper motion made in apt time. G.S. S 1-76. | "When a title to real estate may be affected by an action, is it local and removable to the county where the land is situated?" | 047518.docx | LEGALEASE-00144751-LEGALEASE-00144752 | Condensed, SA, Sub | 0.02 | 0 | 1 | 1 | 1 | 1 |
| 4721 | Sedco v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex), 767 F.2d 1140 | 25T+205 | The Fifth Circuit has been friendly to arbitration except possibly in those limited areas affected by the intertwining doctrine; the securities and antitrust laws. Now, however, the Supreme Court has rejected the intertwining doctrine and mandated that courts enforce arbitration agreements as part of party's legitimate contractual expectations. Dean Witter Reynolds v. Byrd, 83 U.S. """", 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), involved the securities laws"long held to be an area of special federal concern in our circuit. Based on this special concern for the exclusive federal interest in enforcement of the securities laws, we used the intertwining doctrine to override party's arbitration agreements to prevent the piecemeal adjudication of disputes. As the Court said in Dean Witter Reynolds: the Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possible inefficient maintenance of separate proceedings in different forums.... By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. (emphasis in original). | Arbitration Act (9 U.S.C.A. S 1 et seq.) requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possible inefficient maintenance of separate proceedings in different forums. | Can a district court exercise its discretion in directing parties to proceed to arbitration? | 007761.docx | LEGALEASE-00146420-LEGALEASE-00146422 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4722 | Nowlin v. United States, 81 F. Supp. 3d 514 | 234+5 | The requirement of such a nexus cannot be found in the text of " 666; however, the nexus must exist to establish jurisdiction over the subject matter of the case. The Fifth Circuit recognizes that Congress established subject matter jurisdiction in " 666 cases: "Congress has cast a broad net to encompass local officials who may administer federal funds...." United States v. Westmoreland, 841 F.2d 572 (5th Cir.1988), cert. denied, 488 U.S. 820, 109 S.Ct. 62, 102 L.Ed.2d 39 (1988). Indeed, the jurisdictional net is broad enough that, for the court to entertain a charge under " 666, "[t]he particular program involved in the theft or bribery need not be the recipient of federal funds."United States v. Little, 889 F.2d 1367, 1369 (5th Cir.1989). The Fifth Circuit, however, held that there are limits to the scope of subject matter jurisdiction under " 666, holding that, "[a]lthough the conduct prohibited by section 666 need not actually affect the federal funds received by the agency, there must be some nexus between the criminal conduct and the agency receiving federal funds." Moeller, 987 F.2d at 1137 (5th Cir.1993) (emphasis added). Thus, to establish initially that a federal court may exercise subject matter jurisdiction over a " 666 case, the government must allege facts sufficient to show such a nexus between the criminal conduct and the agency. Id. In a case where a defendant challenges subject matter jurisdiction, the government must present proof, by a preponderance of the evidence, to support the claim of jurisdiction. Vantage Trailers v. Beall Corp., 567 F.3d 745, 748 (5th Cir.2009). | For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, the particular program involved in the theft or bribery need not be the recipient of federal funds. 18 U.S.C.A. S 666. | "For the court to entertain a charge for theft or bribery concerning programs receiving federal funds, does the particular program involved needs to be the recipient of federal funds?" | 011159.docx | LEGALEASE-00146226-LEGALEASE-00146227 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4723 | Noblesville Redevelopment Comm'n v. Noblesville Assocs. Ltd. P'ship, 674 N.E.2d 558 | 302+48 | Trial Rule 8(A) is representative of the changes that took place in 1970 when Indiana moved from code, or theory, pleading to the system of "notice pleading." See generally Palacios v. Kline, 566 N.E.2d 573, 576 (Ind.Ct.App.1991). Whereas theory pleading required the complaint to delineate a specific legal theory to which the plaintiff would adhere throughout the trial, notice pleading "merely requires pleading the operative facts so as to place the defendant on notice as to the evidence to be presented at trial." Id. (citing 1 William Harvey, Indiana Practice " 8.3, at 373 (1988)); see also State v. Rankin, 260 Ind. 228, 230"31, 294 N.E.2d 604, 606 (1973). Therefore, under notice pleading the issue of whether a complaint sufficiently pleads a certain claim turns on "whether the opposing party has been sufficiently notified concerning the claim ... so as to be able to prepare to meet it." Jack H. Friedenthal, et al., Civil Procedure " 5.7, at 253 (2nd Ed.1993). As our Court of Appeals has stated, "A complaint's allegations are sufficient if they put a reasonable person on notice as to why plaintiff sues." Capitol Neon Signs, Inc. v. Indiana Nat'l Bank, 501 N.E.2d 1082, 1085 (Ind.Ct.App.1986). | Whereas theory pleading required complaint to delineate specific legal theory to which plaintiff would adhere throughout trial, "notice pleading" in effect under current rules merely requires pleading the operative facts so as to place defendant on notice as to evidence to be presented at trial. Trial Procedure Rule 8(A). | Does notice pleading merely require pleading the operative facts? | 023539.docx | LEGALEASE-00145356-LEGALEASE-00145357 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4724 | Schneider v. Seibutis, 3 Ill. App. 3d 323 | 307A+726 | A motion for a continuance or for issuance of attachment to compel the presence of a witness in a civil action is addressed to the sound discretion of the trial judge. Jones v. Goodfriend (1944), 323 Ill.App. 284, 55 N.E.2d 293. Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage. This is particularly true where previous continuances have been granted, both parties have declared themselves ready for trial, and the movant's opponent has concluded the presentation of his evidence. In this case, the defendant failed to justify his lack of timeliness in serving the subpoena or to properly present adequate reasons warranting a delay in the midst of trial. | Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage, and this is particularly true where previous continuances have been granted, both parties have declared themselves ready for trial, and movant's opponent has concluded the presentation of his evidence. Supreme Court Rules, rule 231(a, f), S.H.A. ch. 110A, S 231(a, f). | Can a court give reasons for granting a delay when a case has reached the trial stage due to potential inconvenience to the parties? | 033156.docx | LEGALEASE-00145764-LEGALEASE-00145765 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |
| 4725 | The Florida Bar v. Eubanks, 752 So. 2d 540 | 307A+746 | First, we find that the referee did not abuse his discretion in entering a default against respondents. Florida Rule of Civil Procedure 1.200(c) permits the court to impose sanctions for failing to attend a status conference. It is well established that sanctions under this rule can include striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction "should be used "sparingly and reserved to those instances where the conduct is flagrant, willful or persistent." " Drakeford v. Barnett Bank, 694 So.2d 822, 824 (Fla. 2d DCA 1997)(quoting Kelley v. Schmidt, 613 So.2d 918, 919 (Fla. 5th DCA 1993)); see also Arango v. Alvarez, 585 So.2d 1131, 1132"33 (Fla. 3d DCA 1991)(striking pleadings of pro se defendants and entering default against them where failure to appear at calendar call was willful and intentional and they had established a pattern of disobeying or ignoring court orders). | Court may impose sanctions for party's failure to attend status conference, including striking pleadings and entering a default against the offending party; however, the sanction imposed must be commensurate with the offense, and this most severe sanction should be used sparingly and reserved to those instances where the conduct is flagrant, willful, or persistent. West's F.S.A. RCP Rule 1.200(c). | "Does a trial court have power, implicit under rule authorizing pretrial conferences and orders establishing pretrial agreements of parties, to sanction for failing to obey the court's pretrial orders?" | 034052.docx | LEGALEASE-00145142-LEGALEASE-00145143 | SA, Sub | 0.6 | 0 | 0 | 1 | 1 | |
| 4726 | In re S.M., 333 Ga. App. 326 | 307A+563 | Second, the court, in its Final Order, made no finding that Mulkey's failure to comply with the continuance order was wilful, and "we cannot say that such a determination could be made from the record before us." Mulkey asserts that the trial court did not hold any recorded hearings on the petition to vacate the guardianship or on the amended petition, and the appellate record does not reflect that any recorded hearing(s) were held on these matters. The dismissal of a complaint for failure to comply with a court order is the most severe sanction available and one that is generally warranted where the plaintiff has engaged in contumacious conduct or has wilfully disregarded a court order. While a court enjoys broad discretion in determining whether dismissal is warranted, such discretion is not limitless.... [D]ismissal is reserved for the most flagrant cases"where the failure to comply with the court's order is wilful, in bad faith, or in conscious disregard of an order. | Dismissal of a complaint for failure to comply with a court order is the most severe sanction available and one that is generally warranted where the plaintiff has engaged in contumacious conduct or has wilfully disregarded a court order. | Is dismissal of a complaint for failure to comply with a court order the most severe sanction available? | Pretrial Procedure - Memo # 6511 - C - DA.docx | ROSS-003289720-ROSS-003289721 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4727 | Lentworth v. Trahan, 981 S.W.2d 720 | 307A+690 | Dismissal is properly made with prejudice in the following situations: (1) as a sanction for abuse of discovery, see TEX. R. CIV. P. 215; (2) on the failure of a plaintiff to amend deficient pleadings when given that opportunity, see Hubler v. City of Corpus Christi, 564 S.W.2d 816, 823 (Tex.Civ.App."Corpus Christi 1978, writ ref'd n.r.e.);5 (3) for the violation of a pretrial order, see Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex.1990); and (4) on agreement of the parties, see generally Golodetz Trading Corp. v. Curland, 886 S.W.2d 503 (Tex.App."Houston [1st Dist.] 1994, no writ) (allowing that parties could agree to dismiss suit with prejudice). | Dismissal is properly made with prejudice in the following situations: (1) as sanction for abuse of discovery, (2) on failure of plaintiff to amend deficient pleadings when given that opportunity, (3) for violation of pretrial order, and (4) on agreement of the parties. Vernon's Ann.Texas Rules Civ.Proc., Rule 215. | In which situations is a dismissal properly made with prejudice? | 034117.docx | LEGALEASE-00145358-LEGALEASE-00145359 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 4728 | Hale v. Cottrell, 456 S.W.3d 481 | 307A+563 | "Fraud may be established by circumstantial evidence; an actual "representation" may be inferred from the circumstances surrounding the transaction; and a claim may arise from the intentional creation of a false impression." Constance v. B.B.C. Dev. Co., 25 S.W.3d 571, 588 (Mo.App.W.D.2000). A fraud case generally fails "when the facts and circumstances presented are as consistent with honesty and good faith as they are with fraud. The truth or falsity of the representation is determined as of the time it was made and as of the time it was intended to be relied and acted upon." Blanke v. Hendrickson, 944 S.W.2d 943, 944 (Mo.App.E.D.1997) (internal citation omitted). | Fraud on the court, as could support imposition of sanction of dismissal, may be established by circumstantial evidence; an actual representation may be inferred from the circumstances surrounding the transaction, and a claim may arise from the intentional creation of a false impression. | "Can fraud on the court, as could support imposition of sanction of dismissal, be established by circumstantial evidence?" | 034125.docx | LEGALEASE-00145372-LEGALEASE-00145373 | SA, Sub | 0.57 | 0 | 0 | 1 | 1 | |
| 4729 | Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294 | 307A+746 | When a plaintiff invokes the jurisdiction of a court and seeks to availhimself of it he does so with the understanding that he must abide by all lawful statutes,rules and orders applicable to him, and the court has inherent power to impose thesanction of dismissal, for its coercive effect. Ray v. Williams, 55 Fla. 723, 46 So. 158; Statev. Tedder, 123 Fla. 188, 166 So. 590, 595. | A plaintiff, invoking court's jurisdiction and seeking to avail himself thereof, must abide by all lawful statutes, rules and orders applicable to him, and court has inherent power to impose sanction of dismissal for its coercive effect. | "Should a plaintiff abide by all lawful statutes, rules and orders applicable to him?" | Pretrial Procedure - Memo # 6562 - C - RY.docx | ROSS-003289743-ROSS-003289744 | SA, Sub | 0.38 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4730 | Suarez v. Benihana Nat. of Florida Corp., 88 So. 3d 349 | 307A+563 | Although we review the trial court's order under an abuse of discretion standard, Leo's Gulf Liquors v. Lakhani, 802 So.2d 337 (Fla. 3d DCA 2001), we do so with the understanding that this standard is "somewhat narrowed," as it must take into account the heightened standard of "clear and convincing evidence" upon which an order of dismissal for fraud on the court must be based. See Ramey v. Haverty Furniture Co., 993 So.2d 1014 (Fla. 2d DCA 2008). The burden was upon Benihana to establish clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter of improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense. When reviewing a case for fraud, the court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). | When reviewing a case for fraud on the court, the trial court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system. | "When reviewing a case for fraud, should the court consider the proper mix of factors?" | Pretrial Procedure - Memo # 6901 - C - SU.docx | ROSS-003288532-ROSS-003288533 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4731 | Coulter v. Stewart, 726 So. 2d 726 | 307A+560 | The trial court did not expressly state why or on what grounds it dismissed this case. However, we can infer from the record that the dismissal was pursuant to Rule 41(b), because no party had moved for dismissal pursuant to Rule 12(b) or Rule 41(a), Ala. R. Civ. P. Rule 41(b) provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court." The failure of a plaintiff to attempt service on a defendant within a reasonable time may amount to a failure to prosecute the action, thus warranting a dismissal of the case. Hill v. Hawkins, 582 So.2d 1105, 1106 (Ala.1991); Crosby v. Avon Products, Inc., 474 So.2d 642, 644 (Ala.1985); and State v. Horton, 373 So.2d 1096, 1097 (Ala.1979). | Failure of a plaintiff to attempt service on a defendant within a reasonable time may amount to a failure to prosecute the action, thus warranting a dismissal of the case. Rules Civ.Proc., Rule 41(b). | Should the failure of a plaintiff to attempt service on a defendant within a reasonable time amount to a failure to prosecute the action? | 034664.docx | LEGALEASE-00145314-LEGALEASE-00145315 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4732 | Henyan v. Peek, 359 Ark. 486 | 307A+560 | This court has consistently held that service requirements under this rule must be strictly construed and compliance with them must be exact. See Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 120 S.W.3d 525 (2003); Kangas v. Neely, 346 Ark. 334, 57 S.W.3d 694 (2001); Raymond v. Raymond, 343 Ark. 480, 36 S.W.3d 733 (2001); Southeast Foods, Inc. v. Keener, 335 Ark. 209, 979 S.W.2d 885 (1998). Thus, service of process under this rule must be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend. Id. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Id. | Service of process must be accomplished within 120 days after the filing of the complaint, unless the plaintiff has timely filed a motion to extend; if service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. Rules Civ.Proc., Rule 4(i). | Should service of process be accomplished within 120 days after the filing of the complaint unless the plaintiff has filed a motion to extend? | Pretrial Procedure - Memo # 6910 - C - KS.docx | ROSS-003289426-ROSS-003289427 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 4733 | Cross v. Pumpco, 910 So. 2d 324 | 307A+563 | While a trial judge has the inherent authority to dismiss actions based on fraud and collusion, this power of dismissal should be used "cautiously and sparingly," and "only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing." Distefano v. State Farm Mut. Auto. Ins., 846 So.2d 572, 574 (Fla. 1st DCA 2003). The party alleging fraudulent behavior must prove such by clear and convincing evidence. See id. Fraud occurs when it can be demonstrated, "clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) (quoting Aoude v.Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)). When a party lies about matters bearing directly on the issue of damages, dismissal is an appropriate sanction. See Distefano, 846 So.2d at 574. | While a trial judge has the inherent authority to dismiss actions based on fraud and collusion, this power of dismissal should be used cautiously and sparingly, and only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing. | Does a trial judge have an inherent authority to dismiss actions based on fraud? | 034746.docx | LEGALEASE-00145081-LEGALEASE-00145082 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4734 | Koresko v. Farley, 844 A.2d 607 | 307A+552 | "The general rule is that an actual case or controversy must exist at all stages of the judicial or administrative process or the matter will be dismissed as moot." Bradway v. Cohen, 164 Pa.Cmwlth. 249, 642 A.2d 615 (1994). | The general rule is that an actual case or controversy must exist at all stages of the judicial or administrative process or the matter will be dismissed as moot. | Is there a rule that an actual case or controversy must exist at all stages of the judicial or administrative process or the matter will be dismissed as moot? | 034829.docx | LEGALEASE-00146038-LEGALEASE-00146039 | Condensed, SA | 0.27 | 0 | 1 | 0 | 1 | |
| 4735 | Elton v. Davis, 123 S.W.3d 205 | 13+6 | A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. State ex rel. Reed v. Reardon, 41 S.W.3d 470, 473 (Mo. banc 2001)(quoting Shelton v. Farr, 996 S.W.2d 541, 543 (Mo.App. W.D.1999)). Where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. Id. (quoting Armstrong v. Elmore, 990 S.W.2d 62, 64 (Mo.App. W.D.1999)). | Where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. | Is a case moot and to be dismissed where an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible? | 09464.docx | LEGALEASE-00096252-LEGALEASE-00096253 | Condensed, SA | 0.7 | 0 | 1 | 0 | 1 | |
| 4736 | Sewell Masonry Co. v. DCC Const., 862 So. 2d 893 | 307A+590.1 | The one-year period specified in Rule 1.420(e) is to be measured by calculating the time between the date of the last record activity and the date of filing of the motion to dismiss. Florida East Coast Ry. Co. v. Russell, 398 So.2d 949 (Fla. 4th DCA), rev. denied, 411 So.2d 381 (Fla.1981). | One-year period of inactivity specified in rule governing dismissal for failure to prosecute is to be measured by calculating time between date of last record activity and date of filing of motion to dismiss. West's F.S.A. RCP Rule 1.420(e). | Is the one-year period of inactivity specified in rule governing dismissal for failure to prosecute to be measured by calculating time? | 035114.docx | LEGALEASE-00146114-LEGALEASE-00146115 | Condensed, SA, Sub | 0.17 | 0 | 1 | 1 | 1 | 1 |
| 4737 | Johnston v. Lehman, 676 A.2d 1287 | 307A+552 | An entry of summary judgment may be granted only in cases where the right is clear and free from doubt, if there is no issue of material fact, and if the moving party is entitled to judgment as a matter of law. Consumer Party of Pennsylvania v. Commonwealth, 510 Pa. 158, 507 A.2d 323 (1986). In addition, where there are intervening changes in the factual circumstances of a case which eliminate an actual controversy and make it impossible to grant the requested relief, the legal question is rendered moot and the case should be dismissed. Zemprelli v. Thornburgh, 78 Pa.Cmwlth. 45, 466 A.2d 1123 (1983). | Where there are intervening changes in factual circumstances of case which eliminate actual controversy and make it impossible to grant requested relief, legal question is rendered moot and case should be dismissed. | Is a legal question rendered moot where there are intervening changes in factual circumstances of case? | 035190.docx | LEGALEASE-00145750-LEGALEASE-00145751 | Condensed, SA | 0.65 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4738 | Turner v. Marine Inland Transp. Co. 7 So. 3d 75 | 307A+590.1 | As discussed in Turner, supra, La.Code Civ. Pro. Art. 591 requires three things to defeat a motion to dismiss based on abandonment. First, a party must take some "step" in the prosecution or defense of the action; second, this step must be done on the record of the suit except for formal discovery; and third, the "step" must be made within three years of the last "step." A party takes a "step" in the prosecution or defense of the action when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. | A party takes a "step" in the prosecution or defense of the action, for purposes of abandonment, when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment. LSA-C.C. art. 591. | Does a party take a step in the prosecution or defense of a suit when he takes formal action intended to hasten the matter to judgment? | 035273.docx | LEGALEASE-00146016-LEGALEASE-00146017 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4739 | Manekofsky v. Baker, 92 R.I. 377 | 307A+563 | This court has recognized that a trial court possesses an inherent power to enforce its own orders and that in appropriate circumstances an action at law may be dismissed pursuant to that power. In Sayles v. McLaughlin, 63 R.I. 271, at page 277, 7 A.2d 779, at page 782, this court decided that the superior court was without power to dismiss an action at law for want of prosecution but went on to say by way of dicta: "We can see some justification for a dismissal for an unjustified and persistent refusal of the plaintiff to obey an order of the court. No other punishment may sometimes be adequate or effective." | Trial court possesses inherent power to enforce its own orders, and in appropriate circumstances action at law may be dismissed pursuant to that power. | "Does a trial court possess an inherent power to enforce its own orders, and in appropriate circumstances action at law can be dismissed pursuant to that power?" | 035546.docx | LEGALEASE-00146329-LEGALEASE-00146330 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4740 | Reid v. Spazio, 970 A.2d 176 | 307A+561.1 | In ruling on a motion to dismiss under Court of Chancery Rule 12(b)(6), the Court is generally limited to facts appearing on the face of the pleadings. Accordingly, affirmative defenses, such as laches, are not ordinarily well-suited for treatment on such a motion.Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate. | Unless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it, dismissal of the complaint based upon an affirmative defense is inappropriate when deciding a motion todismiss for failure to state a claim upon which relief can be granted. Chancery Court Rule 12(b)(6). | Would it be appropriate to dismiss a complaint based on an affirmative defense unless the plaintiff can prove no set of facts to avoid it? | 11386.docx | LEGALEASE-00094360-LEGALEASE-00094361 | Condensed, SA, Sub | 0.29 | 0 | 1 | 1 | 1 | 1 |
| 4741 | McCann v. Hatchett, 19 S.W.3d 218 | 413+597 | We decline to adopt the "reasonable and foreseeable" standard used in some jurisdictions. "Foreseeability" is typically a tort law concept;as we have previously stated, "[c]oncepts of "proximate cause" or "foreseeability" as utilized in the law of torts do not necessarily govern or define coverage under the workers' compensation statutes."Jordan v. United Methodist Urban Ministries, Inc., 740 S.W.2d 411 (Tenn.1987). | Foreseeability is typically a tort law concept, and concepts of proximate cause or foreseeability as utilized in the law of torts do not necessarily govern or define coverage under the workers' compensation statutes. | "Do the concepts of proximate cause or foreseeability, as utilized in torts, govern or define coverage under workers compensation statutes?" | 11474.docx | LEGALEASE-00094307-LEGALEASE-00094308 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 4742 | Clouston v. Bd. of Cty. Comm'rs of Johnson Cty., 11 Kan. App. 2d 112 | 413+2 | The Kansas Workmen's Compensation Act, K.S.A. 44"501 et seq., establishes a complete and exclusive remedy provision covering every phase of the right to compensation and makes no provision for the maintenance of common-law actions. Tompkins v. Rinner Construction Co., 196 Kan. 244, 247, 409 P.2d 1001 (1966); Anderson v. National Carriers, Inc., 10 Kan.App.2d 203, 205, 695 P.2d 1293 (1985). Under K.S.A. 44"501 et seq. therefore, the Fund is not entitled to reimbursement for the simple reason that the Act contains no provision which would allow such recovery. | The Workmen's Compensation Act, K.S.A. 44-501 et seq., establishes complete and exclusive remedy provision covering every phase of right to compensation and makes no provision for maintenance of common-law actions. | Is the Workmens Compensation Act complete and exclusive covering every phase of the right to compensation? | Workers Compensation - Memo #507 ANC.docx | ROSS-003287022-ROSS-003287023 | Condensed, SA | 0.62 | 0 | 1 | 0 | 1 | |
| 4743 | Stanley Shenker & Assocs. v. World Wrestling Fed'n Entm't, 48 Conn. Supp. 357 | 307A+563 | It is a long and well established principle, both in Connecticut courts and in state and federal courts throughout the country, that where a litigant's conduct abuses the judicial process, whether through flagrant discovery violations or through other serious litigation misconduct, dismissal is an appropriate sanction. See generally National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (dismissal sanction "must be available ... not merely to penalize ... but to deter those who might be tempted to such conduct in the absence of such a deterrent"); Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir.1993) ("[m]isconduct may exhibit such flagrant contempt for the court and its processes that to allow the offending party to continue to invoke the judicial mechanism for its own benefit would raise concerns about the integrity and credibility of the civil justice system that transcend the interests of the parties immediately before the court"); Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989) ("court's processes [should be denied] to one who defiles the judicial system by committing a fraud on the court"). | Where a litigant's conduct abuses the judicial process, whether through flagrant discovery violations or through other serious litigation misconduct, dismissal is an appropriate sanction. | "Where a litigant's conduct abuses the judicial process through flagrant discovery violations or through other serious litigation misconduct, is dismissal an appropriate sanction?" | 034926.docx | LEGALEASE-00146788-LEGALEASE-00146789 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4744 | In re Rubin, 769 F.2d 611 | 170A+1278 | We do not find a similar degree of obstructionist conduct in the case before us. To be sure, this has been a hard-fought action from the outset, and, as Rubin's counsel noted at oral argument, both sides probably have been overly litigious. We do not condone counsels' conduct in this litigation. But Rubin's conduct must be viewed in the context of the entire discovery process, and it must be noted that Rubin complied with the bulk of Creditors' discovery requests without objection. See, e.g., Fjelstad v. American Honda Motor Co., 762 F.2d at 1340. We sympathize with the bankruptcy court's efforts to supervise the discovery in this difficult case. But the Rule 37 sanctions are intended as a tool to compel production of evidence and to deter misconduct; a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment for general misbehavior. See 4A J. Moore, J. Lucas & D. Epstein, Moore's Federal Practice at 37"62 (1984) (construing Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)); see also National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. at 643, 96 S.Ct. at 2781. The sanction was too severe to be "just" under these circumstances. | Discovery sanctions are intended as a tool to compel production of evidence and to deter misconduct; trial court should not go beyond necessities of situation to foreclose merits of controversies as punishment for general misbehavior. Fed.Rules Civ.Proc.Rule 37, 28 U.S.C.A. | Can a trial judge go beyond the necessities of a situation to foreclose trial on merits as punishment for general misbehavior? | 035110.docx | LEGALEASE-00146686-LEGALEASE-00146687 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 4745 | Catledge v. Dowling, 82 N.E.3d 781 | 307A+687 | A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of all well-pleaded facts, but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. Janda v. United States Cellular Corp., 2011 IL App (1st) 103552, 356 Ill.Dec. 329, 961 N.E.2d 425 (citing DeLuna v. Burciaga, 223 Ill. 2d 49, 59, 306 Ill.Dec. 136, 857 N.E.2d 229 (2006)). | A motion to dismiss under statute on dismissals based upon certain defects or defenses admits the legal sufficiency of all well-pleaded facts, but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. 735 Ill. Comp. Stat. Ann. 5/2-619. | Will a motion to dismiss based on other affirmative matter avoiding the legal effect of or defeating the claim admit the legal sufficiency of the complaint? | 11371.docx | LEGALEASE-00094258-LEGALEASE-00094259 | SA, Sub | 0.28 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4746 | Rainbow Ridge Resort v. Branch Banking & Tr. Co., 525 S.W.3d 252 | 307A+561.1 | For a Tenn. R. Civ. P. 12.02(6) motion to be used as a vehicle to assert an affirmative defense, the applicability of the defense must "clearly and unequivocally appear on the face of the complaint." Givens v. Mullikin ex rel. Estate of McElwaney, 75 S.W.3d 383, 404 (Tenn. 2002) (quoting Anthony v. Tidwell, 560 S.W.2d 908, 909 (Tenn. 1977)). | For a motion to dismiss for failure to state a claim to be used as a vehicle to assert an affirmative defense, the applicability of the defense must clearly and unequivocally appear on the face of the complaint; in other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. Tenn. R. Civ. P. 12.02(6). | Will the applicability of the defense that clearly and unequivocally appears on the face of the complaint be used as a vehicle to assert an affirmative defense? | Pretrial Procedure - Memo # 7922 - C - MS.docx | ROSS-003286864 | SA, Sub | 0.16 | 0 | 0 | 1 | 1 | |
| 4747 | Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | All horses are disposed to scare or shy at objects of an unusual character in a highway. Roads are prepared with reference to this generally known disposition, and persons who place or leave objects in a highway are likewise charged with notice of this habit. These are things which every adult person of ordinary experience must be presumed to know. It is not, therefore, a subject to be pleaded and proved, whether a box car or any other particular object is naturally calculated to frighten horses. This is to be determined by the experience, observation, and intelligence of the court and jury, as applied to all the facts of the particular case before them. Gilbert v. Railway Co., 51 Mich. 488, 16 N. W Rep. 868; Railway Co. v. Farver, 111 Ind. 195, 12 N. E. Rep. 296. The mere fact that an object is in the highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses. There must have been some natural, causative connection between the violation of the statute and the frightening of the horses. The object in the situation in which it was left must have had a necessary or natural tendency to that end, according to common experience. A cow or a sheep may be upon a public highway in violation of a statute, and a horse of ordinary gentleness may take fright at such an animal. The frightening of horses was not, however, the mischief which the statute requiring certain animals to be restrained from running at large was intended to prevent. The injury must in each case be proximately such as was within the purpose and protection of the statute. Railway Co. v. Locke, 112 Ind. 404, 14 N. E. Rep. 391. It was error to admit the evidence. | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | What connection must be between the violation of statute and frightening of the horses? | Highway - Memo 186 - ANM_57461.docx | ROSS-003280060-ROSS-003280061 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4748 | Cleveland, C., C. & I. Ry. Co. v. Wynant, 114 Ind. 525 | 200+181 | All horses are disposed to scare or shy at objects of an unusual character in a highway. Roads are prepared with reference to this generally known disposition, and persons who place or leave objects in a highway are likewise charged with notice of this habit. These are things which every adult person of ordinary experience must be presumed to know. It is not, therefore, a subject to be pleaded and proved, whether a box car or any other particular object is naturally calculated to frighten horses. This is to be determined by the experience, observation, and intelligence of the court and jury, as applied to all the facts of the particular case before them. Gilbert v. Railway Co., 51 Mich. 488, 16 N. W Rep. 868; Railway Co. v. Farver, 111 Ind. 195, 12 N. E. Rep. 296. The mere fact that an object is in the highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses. There must have been some natural, causative connection between the violation of the statute and the frightening of the horses. The object in the situation in which it was left must have had a necessary or natural tendency to that end, according to common experience. A cow or a sheep may be upon a public highway in violation of a statute, and a horse of ordinary gentleness may take fright at such an animal. The frightening of horses was not, however, the mischief which the statute requiring certain animals to be restrained from running at large was intended to prevent. The injury must in each case be proximately such as was within the purpose and protection of the statute. Railway Co. v. Locke, 112 Ind. 404, 14 N. E. Rep. 391. It was error to admit the evidence. | The mere fact that an object is in a highway in violation of the statute does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses, but there must have been some natural causative connection between the violation of the statute and the frightening of the horses. | Will the object in the highway in violation of statute make the owner liable for the damages which the object may have occasioned to the horses? | Highway - Memo 194 - ANM_57469.docx | ROSS-003320939-ROSS-003320940 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4749 | Vane Minerals (US) v. United States, 116 Fed. Cl. 48 | 260+17(1) | The established test to determine validity of a mining claim is that "it must be of such a character that "a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine." " Hafen, 30 Fed.Cl. at 473 (quoting Chrisman, 197 U.S. at 322, 25 S.Ct. 468). | The established test to determine validity of a mining claim is that it must be of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine. | What is the established test to determine the validity of a mining claim? | Mines and Minerals - Memo #277 - C - EB_57471.docx | ROSS-003282154 | Condensed, SA | 0.23 | 0 | 1 | 0 | 1 | |
| 4750 | Rocky Mountain Fuel Co. v. Heflin, 148 Colo. 415 | 260+55(6) | The owner of a mineral estate has rights of ingress, egress, exploration, and surface usage as are reasonably necessary to the successful exploitation of his interest. Jilek et al. v. Chicago, Wilimington & Franklin Coal Co., 382 Ill. 241, 47 N.E.2d 96, 146 A.L.R. 871; Miller v. Ridgley, 2 Ill.2d 223, 117 N.E.2d 759. These rights were recognized by the trial court in its decree. However, such an owner has no right to destroy the surface. Barker v. Mintz, 73 Colo. 262, 215 P. 534. | Owner of mineral estate has such rights of ingress, egress, exploration, and surface usage as are reasonably necessary to successful exploitation of his interest but he has no right to destroy surface. | "Does the mineral owner have the rights of ingress, egress, exploration, and surface usage as are reasonably necessary to the successful exploitation of his interest?" | 021546.docx | LEGALEASE-00147724-LEGALEASE-00147725 | Condensed, SA | 0.59 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4751 | Helms v. Alabama Pension Comm'n, 231 Ala. 183 | 296+7 | It is not necessary to support such a law that the claimant be given notice and a hearing by the commission, since technically a pension is a bounty, or gratuity, usually for some public service, and the Legislature may pursue its own course in fixing the machinery for determining those to whom it is granted, and due process does not exist. 48 Corpus Juris 786, " 3, p. 791, " 27; Corkum v. Clark, 263 Mass. 378, 161 N.E. 912. It is the privilege of the Legislature to withdraw its allowance at any time; certainly before it is due. Pennie v. Reis, 132 U.S. 464, 10 S.Ct. 149, 33 L.Ed. 426; Dale v. Governor, 3 Stew. 387; People ex rel. v. Retirement Board, 326 Ill. 579, 158 N.E. 220, 54 A.L.R. 943 notes. When the state creates a claim of such a nature, it is under no obligation to provide a remedy by judicial review of the findings of its administrative board set up to pass on questions of fact.United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011; Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256. | Under statutes providing for pensions to Confederate soldiers, it is not necessary that claimant be given notice and hearing by commission, since technically a "pension" is a bounty on gratuity usually for some public service, and Legislature may pursue its own course in fixing machinery for determining those to whom bounty is granted, and may withdraw allowance at any time, at least before pension is due. Code 1923, SS 2933, 2940, 2960, 2965, 2967. | Is the State obligated to provide a remedy by judicial review of the granting of pensions by the government? | 022850.docx | LEGALEASE-00147852-LEGALEASE-00147853 | SA, Sub | 0.56 | 0 | 0 | 1 | 1 | |
| 4752 | Hall v. Metro. Dade Cty., 760 So. 2d 1051 | 307A+581 | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Del Duca v. Anthony, 587 So.2d 1306, 1308-09 (Fla.1991). While the taking of a deposition no longer routinely generates record activity, it should within the logic of Eastern Elevator be viewed as establishing good cause why the action should not be dismissed. | The inquiry on a motion to dismiss for lack of prosecution involves a two-step inquiry: first, the defendant is required to show there has been no record activity for the year preceding the motion, and second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed. West's F.S.A. RCP Rule 1.420(e). | Does the resolution of a motion to dismiss for failure to prosecute involve a two-step process? | 035625.docx | LEGALEASE-00147638-LEGALEASE-00147639 | SA, Sub | 0.37 | 0 | 0 | 1 | 1 | |
| 4753 | Kelly v. Kelly, 2005 WL 1084636 | 307A+690 | However, a dismissal for failure to appear is a harsh remedy and the court must also consider a broad range of less severe alternatives prior to deciding on dismissal. England v. Baird, 772 So.2d at 908. If the record does not contain evidence of a plaintiff's act of "willfulness, bad faith, or fault," a single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. | If the record does not contain evidence of a plaintiff's act of willfulness, bad faith, or fault, a single failure of a plaintiff to appear may not be sufficient support for a dismissal of the plaintiff's claim, with prejudice. LSA-C.C.P. art. 1672(A)(1). | "Is a single failure of a plaintiff to appear sufficient support for a dismissal of the plaintiff's claim, with prejudice?" | 035747.docx | LEGALEASE-00147686-LEGALEASE-00147687 | SA, Sub | 0.41 | 0 | 0 | 1 | 1 | |
| 4754 | Schroeder v. RGIS, 2013 IL App (1st) 122483 | 307A+683 | When proceeding under section 2"619 of the Code, the legal sufficiency of the complaint is admitted. Doe A. v. Diocese of Dallas, 234 Ill.2d 393, 396, 334 Ill.Dec. 649, 917 N.E.2d 475 (2009). All pleadings and supporting documents must be interpreted in the light most favorable to the nonmoving party. Porter v. Decatur Memorial Hospital, 227 Ill.2d 343, 352, 317 Ill.Dec. 703, 882 N.E.2d 583 (2008). "Once a defendant satisfies the initial burden of presenting affirmative matter, the burden then shifts to the plaintiff to establish that the defense is "unfounded or requires the resolution of an essential element of material fact before it is proven." " Reilly v. Wyeth, 377 Ill.App.3d 20, 36, 315 Ill.Dec. 428, 876 N.E.2d 740 (2007) (quoting Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993)). | Once a defendant satisfies the initial burden of presenting affirmative matter, in moving for dismissal under Code of Civil Procedure section allowing dismissal of complaint when claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim, the burden then shifts to the plaintiff to establish that the defense is unfounded or requires the resolution of an essential element of material fact before it is proven. S.H.A. 735 ILCS 5/2-619. | Will the burden shift to the plaintiff once the defendant satisfies the initial burden of presenting affirmative matter? | Pretrial Procedure - Memo # 7633 - C - KBM.docx | ROSS-003286389-ROSS-003286390 | Condensed, SA, Sub | 0.44 | 0 | 1 | 1 | 1 | 1 |
| 4755 | Schreiner v. Karson, 52 Ohio App. 2d 219 | 307A+690 | The trial judge's lack of patience is understandable. A dismissal with prejudice, however, is an extremely harsh sanction. It affects not only the suit dismissed but, because it acts as a decision on the merits, also controls questions of fact in other related cases. The law favors deciding cases on their merits unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.Dyotherm Corp. v. Turbo Machine Co., supra; Flaska v. Little River Marine Constr. Co. (C.A. 5, 1968), 389 F.2d 885, certiorari denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387; cf. McDonald v. Haught (1967), 10 Ohio St.2d 43, 46, 225 N.E.2d 235; Brown v. Best (1974), 44 Ohio App.2d 82, 84, 335 N.E.2d 734. Lesser sanctions than a dismissal with prejudice should be applied when possible. Flaska, supra; Dyotherm, supra. | Lesser sanctions than dismissal with prejudice before trial should be applied unless a plaintiff's conduct is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for dismissal for failure to prosecute or obey a court order. Civ.R. 41(B)(1). | Can a party's conduct provide grounds for a dismissal with prejudice for a failure to prosecute or to obey a court order? | 11108.docx | LEGALEASE-00094659-LEGALEASE-00094660 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4756 | Cornelius v. Benefield, 168 So. 3d 1028 | 307A+690 | Next, we must consider whether a sanction lesser than dismissal would have sufficed. Hanson, 106 So.3d at 347 ( 9). While "delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss pursuant to Rule 41(b)," the trial judge should also consider whether "a lesser sanction would . serve the best interests of justice." Hanson, 106 So.3d at 347 (9) (citing Holder, 54 So.3d at 198 ( 20))."Lesser sanctions may include "fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." " Id. at 347"48 ( 9). These sanctions will not suffice if they do not cure the prejudice caused by the delay. Cox v. Cox, 976 So.2d 869, 876 ( 26) (Miss.2008). | While delay or contumacious conduct provides a sufficient basis for a trial judge to dismiss an action with prejudice for failure to prosecute, the trial judge should also consider whether a lesser sanction would serve the best interests of justice; such sanctions may include fines, costs, or damages against plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. (Per Carlton, J., with four judges concurring and one judge concurring in result.) Rules Civ.Proc., Rule 41(b). | Is a showing of delay or contumacious conduct sufficient for a dismissal for failure to prosecute? | 11208.docx | LEGALEASE-00094033-LEGALEASE-00094034 | SA, Sub | 0.28 | 0 | 0 | 1 | 1 | |
| 4757 | Doe No. 3 v. Nur-Ul-Islam Acad., 217 So. 3d 85 | 307A+561.1 | "If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss. Otherwise an affirmative defense may not be considered on motion to dismiss a complaint." Frank v. Campbell Prop. Mgmt., Inc., 351 So.2d 364, 364"65 (Fla. 4th DCA 1977) (citations omitted); see also Fla. R. Civ. P. 1.110(d) ("Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under rule 1.140(b) [.]"). Thus, our analysis begins with whether the date of the accrual of the cause of action was established within the four corners of the complaint, as a predicate for a statute of limitations defense. | If the face of the complaint contains allegations which demonstrate the existence of an affirmative defense then such defense can be considered on motion to dismiss; otherwise an affirmative defense may not be considered on motion to dismiss a complaint. Fla. R. Civ. P. 1.110(d). | "Can a defense be considered on motion to dismiss, if the face of the complaint contains allegations which demonstrate the existence of an affirmative defense?" | 10412.docx | LEGALEASE-00095676-LEGALEASE-00095677 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4758 | Gibson v. Valentine Sugars, 485 So. 2d 620 | 307A+590.1 | In the present case, there was attempt by the plaintiff to file discovery pleadings within the five year prescriptive period. The pleadings would have been made a part of the record had the Clerk accepted the pleadings, and a "step" would have been taken towards the prosecution of the case. It has been recognized that C.C.P. article 561 was not intended "to dismiss those cases in which a plaintiff has clearly demonstrated to the court during the prescribed period that he does not intend to abandon the action." Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4th Cir.1977) writ denied 341 So.2d 420 (La.1977). We find that the plaintiff clearly demonstrated his intent not to abandon the suit by the attempted filing of the request for production of documents. Further, we adopt the principle enunciated by the 5th Circuit Court of Appeals in Acosta v. Hepplewhite Home, Inc., that,. Abandonment proceedings in accordance with Article 561 should be given a liberal interpretation and any action or step taken by plaintiff to move his case toward judgment should be considered. 450 So.2d 770, 772 (La.App. 5th Cir.1984). In Acosta, the court held that plaintiff's attempted filing of a motion to proceed in pauperis was sufficient to interrupt the running of the prescriptive period under Article 561. In conclusion, the court stated that, the depositing of the motion in question with the clerk or one of the deputy clerks and its return to sender is conclusive of filing whenever sufficient extrinsic evidence can be introduced to establish that the clerk's office did receive the subject pleading. Acosta, 450 So.2d at 772. | Abandonment proceedings should be given a liberal interpretation, and any action or step taken by plaintiff to move his case towards judgment should be considered to interrupt the running of the prescriptive period under LSA-C.C.P. art. 561, which states that an action is abandoned when parties fail to take any step in its prosecution or defense in the trial court for five years. | Should abandonment proceedings be given a liberal interpretation? | 11272.docx | LEGALEASE-00094522-LEGALEASE-00094523 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 4759 | Piggly Wiggly Operators' Warehouse v. Piggly Wiggly Operators' Warehouse Indep. Great Truck Drivers Union, Local No. 1, 611 F.2d 580 | 25T+161 | The scope of an arbitrator's authority, however, is not always controlled by the collective bargaining agreement alone. That agreement constitutes merely a promise to arbitrate, C. Updegraff and W. McCoy, Arbitration of Labor Disputes, 85 (2d Ed. 1961). Before arbitration can actually proceed, it is necessary for the parties to supplement the agreement to arbitrate by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act. See District of Columbia v. Bailey, 1897, 171 U.S. 161, 18 S.Ct. 868, 43 L.Ed. 118. This statement of issues and designation of the arbiter is frequently incorporated into a separate document, called a submission agreement. | Before arbitration can actually proceed, it is necessary for parties to supplement the agreement to arbitrate by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act. | Is it necessary for the parties to supplement the arbitration agreement by defining the issue to be submitted to the arbitrator and by explicitly giving him authority to act before proceeding to arbitration? | Alternative Dispute Resolution - Memo 758 - RK_58091.docx | ROSS-003293477-ROSS-003293479 | Condensed, SA | 0.69 | 0 | 1 | 0 | 1 | |
| 4760 | Lane, Ltd. v. Larus & Brother Co., 243 F.2d 364 | 25T+182(1) | The district court was therefore correct in holding that by refusing to arbitrate the precise questions involved in this suit, Larus had forfeited its own right to arbitrate. A party cannot raise unjustifiable objections to a valid demand for arbitration, all the while protesting its willingness in principle to arbitrate and then, when the other side has been forced to abandon its demand, seek to defeat a judicial determination by asking for arbitration after suit has been commenced. Cf. Radiator Specialty Co. v. Cannon Mills, 4 Cir., 1938, 97 F.2d 318, 117 A.L.R. 299. | A party cannot raise unjustifiable objections to a valid demand for arbitration, all the while protesting its willingness in principle to arbitrate and then, when other side has been forced to abandon its demand, seek to defeat a judicial determination by asking for arbitration after suit has been commenced. 9 U.S.C.A. S 3. | Can a party raise unjustifiable objections to a valid demand for arbitration? | 007901.docx | LEGALEASE-00148968-LEGALEASE-00148969 | SA, Sub | 0.43 | 0 | 0 | 1 | 1 | |
| 4761 | CPL v. Fragchem Corp., 512 F.3d 389 | 25T+205 | This Court's recent decision in Automobile Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc., 502 F.3d 740 (7th Cir.2007), is controlling. In that case, we reversed an order, issued sua sponte by the district court, dismissing a lawsuit for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) on the basis of a contractual arbitration clause. We reasoned there, as we do here, that a sua sponte order of dismissal of this nature is improper because an objection to venue can be waived or forfeited. American Patriot Ins. v. Mutual Risk Management, Ltd., 364 F.3d 884, 887 (7th Cir.2004). To be sure, "[d]ismissal on the court's own initiative is particularly ill-conceived as an effort to enforce a contractual arbitration clause" because, like many other contractual rights, it may be waived. Automobile Mechanics, 502 F.3d at 747. The district court here "offered no reason why it had either the right or the duty to reject such a waiver," given that neither party had moved to enforce the arbitration agreement and dismiss on the grounds of improper venue. Id. | District court erred in sua sponte ordering dismissal of seller's breach of contract action against buyer for lack of venue, on the basis of a contractual arbitration clause; an objection to venue could have been waived or forfeited as neither party had moved to enforce the arbitration agreement and dismiss on such grounds, and court offered no reason why it had either the right or the duty to reject such a waiver. Fed.Rules Civ.Proc.Rule 12(b)(3), 28 U.S.C.A. | Is the dismissal on the courts own initiative considered as ill-conceived as an effort to enforce a contractual arbitration clause? | 007910.docx | LEGALEASE-00148991-LEGALEASE-00148992 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 4762 | U.S. ex rel. Berman v. Craig, 207 F.2d 888 | 34+20.11 | It is settled that if a local board acts in an arbitrary and capricious manner the registrant, although bound to comply with the board's order, may, by writ of habeas corpus, obtain a judicial determination as to the propriety of the board's conduct. Its failure to accord him the procedural rights provided in the Selective Service Regulations invalidates its action. | Failure of local draft board to accord registrant procedural rights provided in Selective Service Regulations invalidates board's action. | Does the failure of a local draft board to accord a registrant procedural rights provided in Selective Service Regulations invalidate the board's action? | 008764.docx | LEGALEASE-00148826-LEGALEASE-00148827 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |
| 4763 | Shelley v. United States, 142 F. Supp. 436 | 34+73(5) | The Court, in the Tieben case, determined that Tieben was totally and permanently disabled upon the expiration of his policy for non-payment of premiums May 1, 1919. This disability was determined in the light of the construction of that phrase by the Supreme Court in the case of Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492 that total disability does not mean helplessness or complete disability but includes that which is more than partial permanent disability and means that which is continuing as opposed to that which is temporary and that while separate and distinct periods of temporary disability do not constitute that which is permanent, the mere fact that one has done some work after the lapse of his policy is not of itself sufficient to defeat his claim of total, permanent disability. | The term "total disability" within war risk policy does not mean helplessness or complete disability, but includes that which is more than partial permanent disability and means that which is continuing, as opposed to that which is temporary, and while separate periods do not constitute that which is permanent, mere fact that one has done some work after lapse of policy is not sufficient to defeat claim of total permanent disability. | What does the phrase permanent disability mean? | Armed Services - Memo 325 - RK_58139.docx | ROSS-003280493-ROSS-003280494 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4764 | Georgia Nat. Bank v. Fry, 32 Ga. App. 695 | 143+7(3) | The payee of a check may recover against a bank in which he deposited it for collection, for negligent failure of the bank to present it for payment to the bank upon which it was drawn and in which the maker had on deposit sufficient funds to pay it. Civil Code 1910, " 2362; Bailie v. Augusta Savings Bank, 95 Ga. 277, 21 S. E. 717, 51 Am. St. Rep. 74. Where, in case of bankruptcy of the maker, a composition is made with his creditors, whereby the payee receives out of the maker's assets a part payment of the indebtedness represented by the dishonored check, or accepts a new note, which does not amount to a novation or to an accord and satisfaction of the indebtedness, such part payment or new note does not constitute a satisfaction of his right to recover against the bank for a negligent failure to collect the check. | Where collecting bank negligently failed to present check, and, on bankruptcy of maker, composition was made with creditors whereby payee received part payment or accepted new note not amounting to novation, or to accord and satisfaction, part payment or new note was not satisfaction of right to recover for bank's failure to collect check. | Will a new note given in lieu of an existing note between the same parties for the same indebtedness constitute a novation? | 010416.docx | LEGALEASE-00148402-LEGALEASE-00148403 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 4765 | Cox v. Burke, 706 So. 2d 43 | 307A+563 | In Kirby v. Adkins, 582 So.2d 1209 (Fla. 5th DCA 1991), this court reversed the trial court's dismissal of the plaintiff's complaint in that case when the plaintiff perjured herself in court concerning her marital status. This court referenced the third district's holding in Young v. Curgil, 358 So.2d 58 (Fla. 3d DCA 1978) that, although the trial court's findings constituted a basis on which it could be inferred that plaintiff's claimed injuries were feigned, the matter should be left to the jury where such inference was by no means overwhelming and the matter was fairly debatable. We also relied on an earlier third district case, Parham v. Kohler, 134 So.2d 274 (Fla. 3d DCA 1961), a factually similar case which involved the false assertion of marriage in support of a consortium claim. Kirby and Parham differ from the present case because the false testimony in those cases did not affect the plaintiff's own claim; it supported the false claim of a putative husband. If the party's false testimony is collateral to the claim or defense that he or she is asserting, the remedies are appropriately limited to those discussed in Parham. However, where a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud that permeates the entire proceeding, dismissal of the whole case is proper. Savino v. Florida Drive In Theatre Management, Inc., 697 So.2d 1011 (Fla. 4th DCA 1997). | Where party lies about matters pertinent to party's own claim, or portion of it, and perpetrates a fraud that permeates entire proceeding, dismissal of whole case for fraud on court is proper. | "Where a party lies about matters pertinent to a party's own claim, or portion of it, is dismissal of the whole case for fraud on court proper?" | 035043.docx | LEGALEASE-00148163-LEGALEASE-00148164 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 4766 | Cartee v. Community Spirit Bank, 214 So. 3d 362 | 307A+46 | "Rule 41(b), Ala. R. Civ. P., provides, in pertinent part: "For failure of the plaintiff to prosecute or to comply with [the Rules of Civil Procedure] or any order of [the] court, a defendant may move for dismissal of an action or of any claim against the defendant." It is well settled that the decision whether to enter a Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion. Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990); Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987); State ex rel. S.M. v. A.H., 832 So.2d 79, 80 (Ala.Civ.App.2002); and Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.1999). However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978). Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside. Id. In reviewing the trial court's dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala.1992); Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d at 487." " "In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d [659] at 661 [ (Ala.1978) ]. See, e.g., Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir.1976); Pond v. Braniff Airways[, Inc.], 453 F.2d 347 (5th Cir.1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir.1971). "Willful" is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is | The interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff; "willful default" or conduct is a conscious or intentional failure to act, and is used in contradistinction to accidental or involuntary noncompliance. Rules Civ.Proc., Rule 41(b). | "Can a dismissal be granted when there is a clear record of delay, willful default, or contumacious conduct by the plaintiff?" | 036434.docx | LEGALEASE-00149059-LEGALEASE-00149061 | Condensed, SA, Sub | 0.82 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4767 | Gillars v. United States, 182 F.2d 962 | 384+6 | In Cramer v. United States, supra, 325 U.S. at page 29, 65 S.Ct.at page 932, the Supreme Court has said:" the crime of treason consists of two elements: adherence to the enemy; and rendering him aid and comfort. A citizen intellectually or emotionally may favor the enemy and harbor sympathies or convictions disloyal to this country's policy or interest, but so long as he commits no act of aid and comfort to the enemy, there is no treason. On the other hand, a citizen may take actions which do aid and comfort the enemy- making a speech critical of the government or opposing its measures, profiteering, striking in defense plants or essential work, and the hundred other things which impair our cohesion and diminish our strength- but if there is no adherence to the enemy in this, if there is no intent to betray, there is no treason." There is no question in our mind that words may be an integral part of the commission of the crime if the elements which constitute treason are present; that is, if there is adherence to and the giving of aid and comfort to the enemy by an overt act proved by two witnesses, with intention to betray, though the overt act be committed through speech. A similar question has been similarly decided in Chandler v. United States, 1 Cir., 1948, 171 F.2d 921, certiorari denied, 1948, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081. See, also, United States v. Best, D.C. Mass. 1948, 76 F.Supp. 857; Rex v. Joyce, 173 L.T.R. 377, Affirmed sub nom, Joyce v. Director of Public Prosecutions, (1946) A.C. 347; Charge to Grand Jury- Treason, C.C.S.D. Ohio 1861, 30 Fed.Cas.at pp. 1036, 1037, No. 18,272 (communication of intelligence to the enemy); Charge to Grand Jury- Treason, C.C.S.D.N.Y. 1861, 30 Fed.Cas.at pages 1034, 1035, No. 18,271 (advising, inciting or persuading others to give aid and comfort to the enemy); and Cramer v. United States, supra, 325 U.S.AT page 29, 65 S.Ct. 918. While the crime is not committed by mere expressions of opinion or criticism, words spoken | "Treason" consists of two elements, namely, adherence to the enemy, and rendering him aid and comfort, and, hence, a citizen intellectually or emotionally may favor the enemy and harbor sympathies for convictions disloyal to policy or interests of the United States but so long as he commits no act of aid and comfort to the enemy there is no treason, and a citizen may take actions which aid and comfort the enemy, but if there is no adherence to the enemy in that, and there is no intent to betray, there is no treason. U.S.C.A.Const. art. 3, S 3; Act April 30, 1790, 1 Stat. 112. | Is the crime of treason committed when there is no intent to betray? | 047132.docx | LEGALEASE-00148842-LEGALEASE-00148845 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4768 | Adams v. Bank of Am., N.A., 237 F. Supp. 3d 1189 | 172H+1350 | In the alternative, even if the court were to consider the merits of Plaintiffs' Truth in Lending Act claim (and to be sure, it need not), Defendant would nonetheless still be entitled to summary judgment on that claim. TILA requires creditors to provide lenders with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights," including the right of rescission. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). "Pursuant to " 1640(e), all TILA claims must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. " 1640(e). The violation "occurs' when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations."13 Velardo v. Fremont Inv. & Loan, 298 Fed.Appx. 890, 892 (11th Cir. 2008). Accordingly, the latest possible date where a credit action was "consummated" between Defendant and Plaintiffs was on August 29, 2011, when the parties modified the Mortgage and Note by mutual agreement. (See Doc. # 31"2 at 11; Doc. # 31"8 at pp. 32"36). Plaintiffs' originally brought this suit in state court on September 20, 2015 (Doc. # 1"1), well after the August 29, 2012 deadline imposed by the statute of limitations. As such, Defendant is additionally entitled to summary judgment as to Count Three of Plaintiffs' Amended Complaint because Plaintiffs' TILA claim is time-barred. | Truth in Lending Act (TILA) requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights, including the right of rescission. Truth in Lending Act S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Are creditors required to disclose terms dealing with finance charges? | 013917.docx | LEGALEASE-00149517-LEGALEASE-00149518 | Condensed, SA | 0.79 | 0 | 1 | 0 | 1 | |
| 4769 | Commissioners' Court of HarrisCty. v. Kaiser, 23 S.W.2d 840 | 200+87 | The question of the right of a city to close a street because its use was dangerous to children attending a public school situated thereon was expressly denied in the case of Stevens v. City of Dublin (Tex. Civ. App.) 169 S. W. 188, and the commissioners' court has no greater or superior authority to close or obstruct the use of a street or roadway in the use of which a citizen has a vested property right. That court is not invested with any general police power, and any attempt by it to exercise such power is unauthorized, and when, as in this case, such attempt involves the taking of private property for public use, it is expressly inhibited by the provisions of our Constitution (art. 1, " 17). The power conferred upon that court by article 6703 of our Revised Statutes to discontinue any public road cannot be construed as authorizing the closing or obstruction of a roadway in the use of which residents thereon have a vested property right; even the Legislature of this state has no such power. | Statute giving commissioners' court power to discontinue public roads does not authorize closing or obstructing roads in use of which property owners have vested property rights (Vernon's Ann.Civ.St. art. 6703). | Do the power to discontinue a public road conferred by the statute authorizes closing or obstructing roads to use of which property owners have vested property rights? | 019267.docx | LEGALEASE-00149366-LEGALEASE-00149367 | Condensed, SA, Sub | 0.79 | 0 | 1 | 1 | 1 | 1 |
| 4770 | Mattera v. Capric, 54 A.D.3d 827 | 307A+594.1 | "When a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned" (Kay Waterproofing Corp. v. Ray Realty Fulton, Inc., 23 A.D.3d 624, 625, 804 N.Y.S.2d 815; see CPLR 3215[c] ). "To avoid dismissal of the complaint as abandoned pursuant to CPLR 3215(c), a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious" (London v. Iceland Inc., 306 A.D.2d 517, 517, 761 N.Y.S.2d 862; see Scrimenti v. Dry Harbor Nursing Home, 34 A.D.3d 439, 440, 823 N.Y.S.2d 516). | To avoid dismissal of a complaint as abandoned, a plaintiff must offer a reasonable excuse for his or her delay and must demonstrate that the complaint is meritorious. McKinney's CPLR 3215(c). | "Should a plaintiff offer a reasonable excuse pursuant to CPLR 3215(c) for his or her delay and demonstrate that the complaint is meritorious, to avoid dismissal of a complaint as abandoned?" | 036384.docx | LEGALEASE-00149303-LEGALEASE-00149304 | Order, SA | 0.68 | 1 | 0 | 0 | 1 | |
| 4771 | Freeman v. Stephens Prod. Co., 171 S.W.3d 651 | 156+12 | In his second issue, Paul contends that the trial court erred by denying his motion for summary judgment based on estoppel by deed. As this Court recently noted in Sauceda v. Kerlin, "Estoppel by deed stands for the general proposition that "all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law." " Sauceda v. Kerlin, 164 S.W.3d 892, 915 (Corpus Christi, 2005, no pet. h.) (quoting Wallace v. Pruitt, 1 Tex.Civ.App. 231, 20 S.W. 728, 728"29 (Tex.Civ.App.-Houston 1892, no writ)). | "Estoppel by deed" stands for the general proposition that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law. | Does estoppel by deed stand for the general proposition that all parties to a deed are bound by the recitals therein? | Estoppel - Memo #29 - C - CSS.docx | LEGALEASE-00039918-LEGALEASE-00039919 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4772 | AmRhein v. Eden, 779 N.E.2d 1197 | 200+81 | "Generally speaking when a street or highway is vacated or abandoned the title to the land reverts to the abutting property owners." Gorby v. McEndarfer, 135 Ind.App. 74, 191 N.E.2d 786, 791 (1963). This rule is based upon the presumption that the abutting landowners own to the center of the street or highway subject only to an easement of the public to use the street or highway. The Edens have not favored us with any argument as to why the general presumptions should not apply in this case. Accordingly, we find that once the Alley was vacated as a public way in 1999, the title to the Alley reverted to AmRhein and the Edens as the abutting landowners. As such, AmRhein and the Edens are each entitled to their respective halves of the Alley. AmRhein has established a prima facie case of error. We remand with instructions that the trial court quiet title to half of the vacated public way in favor of AmRhein. | Generally speaking, when a street or highway is vacated or abandoned, the title to the land reverts to the abutting property owners; this rule is based upon the presumption that the abutting landowners own to the center of the street or highway subject only to an easement of the public to use the street or highway. | Do abutting owners own the center of the street or highway? | 019088.docx | LEGALEASE-00150522-LEGALEASE-00150523 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 4773 | WakeMed v. Surgical Care Affiliates, 778 S.E.2d 308 | 307A+622 | 2 "In reviewing a trial court's Rule 12(b)(6) dismissal, the appellate court must inquire whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." Newberne v. Dep't. of Crime Control & Pub. Safety, 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005) (citation and quotation marks omitted)."A complaint is properly dismissed pursuant to Rule 12(b)(6) when (1) the complaint, on its face, reveals that no law supports the plaintiff's claim; (2) the complaint, on its face, reveals an absence of facts sufficient to make a good claim; or (3) some fact disclosed in the complaint necessarily defeats the plaintiff's claim."Blow v. DSM Pharms., Inc., 197 N.C.App. 586, 588, 678 S.E.2d 245, 248 (2009). | A complaint is properly dismissed for failure to state a claim upon which relief can be granted when (1) the complaint, on its face, reveals that no law supports the plaintiff's claim; (2) the complaint, on its face, reveals an absence of facts sufficient to make a good claim; or (3) some fact disclosed in the complaint necessarily defeats the plaintiff's claim. Rules Civ.Proc., Rule 12(b)(6), West's N.C.G.S.A. S 1A-1. | When is a complaint properly dismissed pursuant to Rule 12(b)(6) to state a claim upon which relief can be granted? | 036688.docx | LEGALEASE-00150350-LEGALEASE-00150351 | SA, Sub | 0.48 | 0 | 0 | 1 | 1 | |
| 4774 | Piro v. McKeever, 782 S.E.2d 367 | 307A+622 | A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim shall contain ... [a] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief[.]N.C. Gen.Stat. " 1A"1, Rule 8(a)(1) (2013). "Under the "notice theory of pleading" a complainant must state a claim sufficient to enable the adverse party to understand the nature of the claim, to answer, and to prepare for trial." Ipock v. Gilmore, 73 N.C.App. 182, 188, 326 S.E.2d 271, 276 (1985) (citation omitted) (citing N.C. Gen.Stat. " 1A"1, Rule 8(a)(1) (1983); Sutton v. Duke, 277 N.C. 94, 176 S.E.2d 161 (1970)). " "While the concept of noticepleading is liberal in nature, a complaint must nonethelessstate enough to give the substantiveelements of a legallyrecognizedclaim or it may be dismissed under Rule 12(b)(6)." " Highland Paving Co., LLC v. First Bank, 227 N.C.App. 36, 44, 742 S.E.2d 287, 293 (2013) (quoting Raritan River Steel Co. v. Cherry, Bekaert & Holland, 322 N.C. 200, 205, 367 S.E.2d 609, 612 (1988)). | While the concept of notice pleading is liberal in nature, a complaint must nonetheless state enough to give the substantive elements of a legally recognized claim or it may be dismissed for failure to state a claim. (Per Bryant, with one Judge concurring in the result.) Rules Civ.Proc., Rules 8(a)(1), 12(b)(6), West's N.C.G.S.A. S 1A-1. | "While concept of notice pleading is liberal in nature, should a complaint nonetheless state enough to give substantive elements of a legally-recognized claim?" | 036758.docx | LEGALEASE-00150086-LEGALEASE-00150087 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 4775 | Cantley v. Lincoln Cty. Comm'n, 221 W. Va. 468 | 307A+679 | The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint. A trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint so as to do substantial justice. West Virginia Rules of Civil Procedure, Rule 8(f). The trial court's consideration begins, therefore, with the proposition that "[f]or purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." John W. Lodge Distributing Co., Inc. v. Texaco, Inc., 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978). The policy of Rule 8(f) is to decide cases upon their merits, and if the complaint states a claim upon which relief can be granted under any legal theory, a motion under Rule 12(b)(6) must be denied. John W. Lodge Distributing Co., 161 W.Va. at 605, 245 S.E.2d at 158"159. | The trial court's consideration of a motion to dismiss for failure to state claim begins with the proposition that the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true. Rules Civ.Proc., Rule 12(b)(6). | "Is the policy of the rule that, for purposes of the motion to dismiss, the complaint is construed in the light most favorable to plaintiff, and its allegations to be taken as true?" | Pretrial Procedure - Memo # 8244 - C - TJ_58816.docx | ROSS-003307597-ROSS-003307599 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 4776 | Bridges v. Wilcoxon, 786 So. 2d 264 | 307A+581 | La. C.C.P. art. 561 is to be liberally construed and any action or step taken to hasten the matter to judgment should be considered. The provision was not intended to dismiss those cases in which the plaintiff clearly demonstrates before the court, within the prescribed time period, that he does not intend to abandon the action. The law favors maintaining an action whenever possible so that the aggrieved party has his day in court. Wilkes v. Carroll, 32,752 (La.App.2d Cir.4/5/00), 756 So.2d 1257, writ denied, 2000-1296 (La.6/23/00), 765 So.2d 1043. | Article providing for abandonment of action is not intended to dismiss those cases in which plaintiff clearly demonstrates before court, within prescribed time period, that he does not intend to abandon action. LSA-C.C.P. art. 561. | Does the article governing abandonment of an action is intended to dismiss cases where plaintiff has clearly demonstrated before the court the during prescribed period that he does not intend to abandon action? | Pretrial Procedure - Memo # 8383 - C - SKG_59103.docx | ROSS-003293724-ROSS-003293725 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 4777 | Nolan v. Hillard, 309 Ill. App. 3d 129 | 307A+687 | In this case, plaintiffs appeal the dismissal of count one of their complaint for declaratory and injunctive relief pursuant to sections 2"615 and 2"619 of the Code. We initially consider the matters raised by defendants in their section 2"619 motion. A section 2"619 motion raises defects or defenses that negate the plaintiff's cause of action completely or refute crucial conclusions of law or conclusions of material fact that are unsupported by allegations of specific fact. Lawson v. City of Chicago, 278 Ill.App.3d 628, 634, 215 Ill.Dec. 237, 662 N.E.2d 1377, 1382 (1996). All well-pleaded facts in the complaint together with all reasonable inferences drawn therefrom are deemed admitted (Lawson, 278 Ill.App.3d at 634, 215 Ill.Dec. 237, 662 N.E.2d at 1382), and all pleadings and supporting documents are construed in a light most favorable to the non-moving party. In re Chicago Flood Litigation, 176 Ill.2d 179, 184, 223 Ill.Dec. 532, 680 N.E.2d 265, 268 (1997). Conclusions of law or fact not supported by allegations of specific fact, however, are not admitted. Lawson, 278 Ill.App.3d at 634, 215 Ill.Dec. 237, 662 N.E.2d at 1382. We review a dismissal motion brought under section 2"619 de novo. Lawson, 278 Ill.App.3d at 634, 215 Ill.Dec. 237, 662 N.E.2d at 1382. | On motion for involuntary dismissal, all well-pleaded facts in the complaint, together with all reasonable inferences drawn therefrom, are deemed admitted, and all pleadings and supporting documents are construed in a light most favorable to the non-moving party. S.H.A. 735 ILCS 5/2-619. | Are all well-pleaded facts along with all reasonable inferences that can be drawn from those facts deemed admitted on a motion to dismiss? | 037111.docx | LEGALEASE-00150732-LEGALEASE-00150733 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4778 | Deloatch v. Becker, 698 A.2d 94 | 307A+581 | What is not permitted is for defendant to act in a manner inconsistent with his or her request for a non pros. Such conduct, which indicates a willingness to try a case on its merits, will result in a waiver of the equitable non pros remedy. Id. | Conduct by defendant who has filed non pros petition that is inconsistent with request for non pros, indicating willingness to try case on its merits, will result in waiver of equitable non pros remedy. | "Will conduct by defendant who has filed non pros petition that is inconsistent with request for non-pros, result in waiver of equitable non pros remedy?" | Pretrial Procedure - Memo # 8435 - C - VA_59134.docx | ROSS-003295283-ROSS-003295284 | SA, Sub | 0.18 | 0 | 0 | 1 | 1 | |
| 4779 | Nelson v. State Acc. Ins. Fund, 43 Or. App. 155 | 413+1165 | The benefits awarded under the workers' compensation law are purely statutory, and a claimant must strictly follow the prescribed procedures in order to recover under the law. Gerber v. State Ind. Acc. Com., 164 Or. 353, 101 P.2d 416 (1940). Time limitations prescribed by the law are limitations upon the right to obtain compensation and are not subject to exceptions contained within the general statute of limitations. Lough v. State Industrial Acc. Com., 104 Or. 313, 207 P. 354 (1922). Neither the Board nor the courts may waive these requirements. Johnson v. Compensation Department, 246 Or. 449, 425 P.2d 496 (1967); Rosell v. State Ind. Acc. Com., 164 Or. 173, 95 P.2d 726 (1940). | Benefits awarded under Workers' Compensation Law are purely statutory, and claimant must strictly follow prescribed procedures to recover. ORS 656.001 et seq.; ORS 656.319(1)(d), Laws 1969, c. 206. | Are benefits awarded under the workers' compensation law purely statutory and should a claimant strictly follow the prescribed procedures to recover under the law? | 048416.docx | LEGALEASE-00150078-LEGALEASE-00150079 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 4780 | Sheets v. Hill Bros. Distributors, 379 S.W.2d 514 | 413+2084 | It is admitted, and plaintiff's evidence affirmatively established, that plaintiff and her employer were subject to the Missouri Workmen's Compensation Law. In such event the rights and remedies provided therein exclude all rights and remedies of plaintiff against defendant that she might have had at common law. Section 287.120(2) RSMo 1959, V.A.M.S. As stated in Marie v. Standard Steel Works, Mo., 319 S.W.2d 871, 875, "The compensation act, * * * is not supplemental or declaratory of any existing rule, right or remedy, but creates an entirely new right or remedy and where the employer and employee have elected to accept the provisions of the act [or are subject thereto by operation of law] such new right or remedy is wholly substitutional in character and supplants all other rights and remedies, at common law or otherwise." See also Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153; Montgomery v. Mine La Motte Corporation, Mo., 304 S.W.2d 885, 888; McDaniel v. Kerr, 364 Mo. 1, 285 S.W.2d 629. | Workmen's Compensation Law is not supplemental or declaratory of any existing rule, right, or remedy but creates an entirely new right or remedy which is wholly substitutional in character and supplants all other rights and remedies, where employer and employee have elected to accept the law or are subject thereto by operation of law. Section 287.120, subd. 2 RSMo 1959, V.A.M.S. | Is the workmens compensation act considered substitutional for common law tort remedies? | 048420.docx | LEGALEASE-00150133-LEGALEASE-00150134 | SA, Sub | 0.62 | 0 | 0 | 1 | 1 | |
| 4781 | Fuller v. Guthrie, 565 F.2d 259 | 25T+113 | We reach our result cognizant of the federal policy favoring arbitration, and accept the standard rule of construction that arbitration agreements are to be liberally construed. See, e. g. Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382, 385 (2d Cir. 1961), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1962). But federal policy alone cannot be enough to extend the application of an arbitration clause far beyond its intended scope. A decision to arbitrate must be consciously made, for, as we have recently noted,by agreeing to submit disputes to arbitration, a party relinquishes his courtroom rights, including that to subpoena witnesses, in favor of arbitration with all its well-known advantages and drawbacks. Parsons and Whittemore Overseas Co. v. Societe Generale De L'Industrie Du Papier, 508 F.2d 969 (2d Cir. 1974). | Federal policy favors arbitration, and arbitration agreements are to be liberally construed; however, decision to arbitrate must be consciously made, since, by agreeing to submit disputes to arbitration, a party relinquishes his courtroom rights, including right to subpoena witnesses, in favor of arbitration with all of its well-known advantages and drawbacks. | Does a party relinquish his courtroom rights by agreeing to submit disputes to arbitration? | 007949.docx | LEGALEASE-00151412-LEGALEASE-00151413 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 4782 | Martin Cty. v. Wachovia Bank & Tr. Co., 178 N.C. 26 | 200+121 | The rule to be deduced from these authorities may be thus summed up: The construction and maintenance of roads and bridges is a matter of general public concern. The whole body of the people of this state is benefited by them. The Legislature may cast the expense of such public works upon the state at large, or upon territory specially and immediately benefited, even though the work may not be within a part of the total area attached. | The construction and maintenance of roads and bridges is a matter of general public concern, of benefit to people of the entire state, and Legislature may cast expense thereof upon state at large, or on territory specially and immediately benefited, even though the work may not be a part of the total area attached. | Can the legislature cast the expense of public works upon the state at large? | Highways -Memo 372 - DB_59246.docx | ROSS-003310079 | Condensed, SA | 0.28 | 0 | 1 | 0 | 1 | |
| 4783 | Mourning v. Allison Transmission, 72 N.E.3d 482 | 307A+622 | Trial Rule 12(B), on the other hand, provides for certain defenses to be raised by motion before an answer is filed. In contrast to a typical Trial Rule 12(C) motion for judgment on the pleadings, a Trial Rule 12(B) motion is directed solely toward procedural defects or the statement of the plaintiff's claim for relief and does not seek to determine the substantive merits of the controversy. Davis, 747 N.E.2d at 1149; 5C Wright & Miller, " 1369. One of the defenses that can be raised is failure to state a claim upon which relief can be granted. See Ind. Trial Rule 12(B)(6). The basic purpose of a Trial Rule 12(B)(6) motion to dismiss is to test the legal sufficiency of the complaint to state an actionable claim, not to test the truth of the facts alleged in the complaint. Davis, 747 N.E.2d at 1149. This defense is typically used in one of three situations: (1) the allegations in the complaint are so insufficient that the pleader has stated no claim for relief; (2) the pleader has alleged sufficient facts to state a claim for relief but has also alleged facts that disclose a bar to the suit or claim (such as when the complaint establishes a statute-of-limitations defense); and (3) the pleader has made an allegation that is not recognized in the law as a basis for recovery. 22 Stephen E. Arthur, Indiana Practice, Civil Trial Practice " 15.19 (2d ed. 2007). Importantly, when a motion to dismiss is sustained for failure to state a claim under 12(B)(6), "the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order.." T.R. 12(B). | The basic purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint to state an actionable claim, not to test the truth of the facts alleged in the complaint. Ind. R. Trial P. 12(B)(6). | Is the basic purpose of a motion to dismiss for failure to state a claim to test the legal sufficiency of the complaint to state an actionable claim? | Pretrial Procedure - Memo # 8392 - C - SK_59111.docx | ROSS-003294705-ROSS-003294706 | Order, SA, Sub | 0.85 | 1 | 0 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4784 | Hughes v. Fink, Fink & Assocs., 718 A.2d 316 | 307A+602 | The decision of whether to enter judgment of non pros against a plaintiff for failure to prosecute an action within a reasonable time is a matter vested within the sound discretion of the trial court whose decision will not be reversed absent an abuse of that discretion. Chase v. National Fuel Gas Corp., 692 A.2d 155, 156 (Pa.Super.1997). In James Bros. Lumber Co. v. Union Banking & Trust Co. of DuBois, 432 Pa. 129, 247 A.2d 587 (1968), our Supreme Court announced that judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party. Id. at 132, 247 A.2d at 589. Many years later, in Penn Piping, Inc. v. Insurance Co. of North America, 529 Pa. 350, 603 A.2d 1006 (1992), the Court, while preserving the first two elements of this three part analysis, refined the prejudice prong and held that "in cases involving a delay for a period of two years or more, the delay | Judgment of non pros is properly entered when: (1) a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, (2) there is no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party. | Is judgment of non pros properly entered when there is no compelling reason for the delay? | 037264.docx | LEGALEASE-00150868-LEGALEASE-00150869 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 4785 | Intech Metals v. Meyer, Wagner & Jacobs, 2016 PA Super 299, 153 A.3d 406 | 307A+581 | The entry of a judgment of non pros and a subsequent request for relief from such judgment are governed by different tests. See Stephens, 799 A.2d at 797.To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay.Finally, the delay must cause actual prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.Jacobs v. Halloran, 551 Pa. 350, 710 A.2d 1098, 1103 (1998); see James Bros. Lumber v. Union Banking & Trust, 432 Pa. 129, 247 A.2d 587, 589 (1968) ("James"Jacobs " test). | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | Where can judgment of non pros be entered? | Pretrial Procedure - Memo # 8576 - C - VA.docx | LEGALEASE-00041048-LEGALEASE-00041049 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 4786 | Nationwide Mut. Ins. Co. ex rel. Mika v. Kogut, 354 Ill. App. 3d 1 | 307A+581 | Dismissing an action against a plaintiff or entering judgment against a defendant "is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation." Easter Seal Rehabilitation Center for Will"Grundy Counties, Inc. v. Current Development Corp., 307 Ill.App.3d 48, 51, 240 Ill.Dec. 215, 716 N.E.2d 809 (1999). These sanctions should be imposed only " where the actions of the party show a deliberate, contumacious and unwarranted disregard of the court's authority." Easter Seal, 307 Ill.App.3d at 51, 240 Ill.Dec. 215, 716 N.E.2d 809. There is no indication in this case that plaintiff's conduct amounted to a deliberate, contumacious or unwarranted disregard for the court's authority or the arbitration process. The trial court's order barring plaintiff from rejecting the arbitration award and entering judgment on the award in favor of defendant was an abuse of discretion. We are aware that the trial court is charged with maintaining the integrity of the arbitration mechanism and ensuring that the spirit, as well as the letter, of the law is followed. But this is not a case, on the record as a whole, where the arbitration mechanism was flouted. | Dismissing an action against a plaintiff or entering judgment against a defendant is the most drastic of sanctions and should be imposed reluctantly and only as a last resort when all other enforcement powers at the court's disposal have failed to advance the litigation; these sanctions should be imposed only where the actions of the party show a deliberate, contumacious, and unwarranted disregard of the court's authority. | "Is dismissing an action against a plaintiff or entering judgment against a defendant, the most drastic of sanctions?" | Pretrial Procedure - Memo # 8592 - C - SB_59439.docx | ROSS-003305338-ROSS-003305339 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 4787 | Gray Holdco v. Cassady, 654 F.3d 444 | 25T+182(2) | Gray first argues that the District Court's consideration of its pursuit of a preliminary injunction will "eviscerate" our holding in Ortho Pharmaceutical because every preliminary injunction proceeding necessarily entails an inquiry into whether a "movant has shown a reasonable probability of success on the merits." Appellant's br. at 25 (citing Am. Civil Liberties Union v. Ashcroft, 322 F.3d 240, 247 (3d Cir.2003) (identifying probability of success on merits as requirement to obtaining preliminary injunction)). This argument is without force for in a preliminary injunction proceeding a district court analyzes a movant's likelihood of success on the merits of its claims without affecting the movant's ability later to arbitrate those claims if the movant files its motion for a preliminary injunction when it already has sought to arbitrate the dispute. Indeed, this was the exact scenario we addressed in Ortho Pharmaceutical, 882 F.2d at 809. Even where the party moving for a preliminary injunction does so before filing for arbitration, it can avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future. Here, Gray did neither, and thus the District Court did not err in considering Gray's conduct during the proceedings on its preliminary injunction application in analyzing the second Hoxworth factor. | Where the party moving for a preliminary injunction does so before filing for arbitration, it can avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future. | Can a party moving for a preliminary injunction avoid waiving its right to arbitrate by notifying the opposing party of its intent to invoke arbitration in the future? | 008023.docx | LEGALEASE-00151498-LEGALEASE-00151499 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4788 | Little v. Bank of Am., N.A., 769 F. Supp. 2d 954 | 172H+1561 | Rescission seeks to restore the parties involved in the credit transaction to the "status quo ante." Shelton, 486 F.3d at 820. "[W]hen rescission is attempted under circumstances which would deprive the lender of its legal due, the attempted rescission will not be judicially enforced unless it is so conditioned that the lender will be assured of receiving its legal due." Id. (quoting Powers v. Sims & Levin, 542 F.2d 1216, 1222 (4th Cir.1976)). In other words, rescission should not be granted where it is clear that the obligor cannot or will not tender the borrowed funds to the creditor. ("Congress did not intend to require a lender to relinquish its security interest when it is now known that the borrowers did not intend and were not prepared to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers." (quoting Powers, 542 F.2d at 1221)). Thus where an obligor seeks rescission of a credit transaction and the trial judge determines that she is "unable to tender the loan proceeds, the remedy of unconditional rescission [i]s inappropriate." Moore v. Wells Fargo Bank, N.A., 597 F.Supp.2d 612, 616 (E.D.Va.2009) (quoting Shelton, 486 F.3d at 821). | Where an obligor seeks rescission of a credit transaction subject to the Truth in Lending Act (TILA) and the trial judge determines that she is unable to tender the loan proceeds, the remedy of unconditional rescission is inappropriate. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | Is the remedy of unconditional rescission inappropriate when a trial judge determines than an obligor is unable to tender the loan proceeds? | 013888.docx | LEGALEASE-00151580-LEGALEASE-00151581 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4789 | 145 Kisco Ave. Corp. v. Dufner Enterprises, 198 A.D.2d 482 | 307A+679 | It is well settled that when a motion to dismiss for failure to state a cause of action attacks the pleading on its face, the allegations of the pleading are deemed to be true, and the pleader is entitled to every favorable inference that might be drawn therefrom (see, Rovello v. Orofino Realty Co., 40 N.Y.2d 633, 389 N.Y.S.2d 314, 357 N.E.2d 970; Toma v. Charbonneau, 186 A.D.2d 846, 588 N.Y.S.2d 219; Licensing Dev. Group v. Freedman, 184 A.D.2d 682, 585 N.Y.S.2d 456; Mark Hampton, Inc. v. Bergreen, 173 A.D.2d 220, 570 N.Y.S.2d 799; Siegel, N.Y.Prac. " 265 [2d ed.], at 394"395). In the instant matter, the complaint alleges, inter alia, that the appellant owned petroleum that leaked from the premises it leased from the plaintiff 145 Kisco Ave. Corp., contaminating local waterways. Navigation Law article 12 must be liberally construed (see, Navigation Law " 195). | When motion to dismiss for failure to state cause of action attacks pleading on its face, allegations of pleading are deemed to be true and pleader is entitled to every favorable inference that might be drawn. | "When a motion to dismiss attacks the pleading on its face, are the allegations of the pleading deemed to be true?" | 037455.docx | LEGALEASE-00151777-LEGALEASE-00151778 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4790 | Kantrowitz & Goldhamer, P.C. v. Geller, 265 A.D.2d 529 | 307A+679 | The Supreme Court properly granted that branch of the plaintiff's motion which was to dismiss the defendant's counterclaim alleging legal malpractice. Bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true on a motion to dismiss for failure to state a cause of action (see, Morone v. Morone, 50 N.Y.2d 481, 429 N.Y.S.2d 592, 413 N.E.2d 1154; Meyer v. Guinta, 262 A.D.2d 463, 692 N.Y.S.2d 159). Where, as here, the moving party offers evidentiary material, the court must determine whether the proponent of the pleading has a cause of action, not whether she has stated one (see, Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; Meyer v. Guinta, supra; Doria v. Masucci,138 230 A.D.2d 764, 646 N.Y.S.2d 363). When read in conjunction with the evidentiary record, including a stipulation of settlement entered into in open court, the defendant's counterclaim fails to allege any material facts giving rise to a cognizable claim for legal malpractice (see, Sei Young Choi v. Dworkin, 230 A.D.2d 780, 782, 646 N.Y.S.2d 531). | Bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true on a motion to dismiss for failure to state a cause of action. | Are bare legal conclusions and factual claims which are flatly contradicted by the evidence not presumed to be true on a motion to dismiss? | Pretrial Procedure - Memo # 8683 - C - MS_59722.docx | ROSS-003296398-ROSS-003296399 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4791 | Greenleaf Arms Realty Tr. I v. New Boston Fund, 81 Mass. App. Ct. 282 | 307A+679 | Review standard. Review of the allowance of a rule 12(b)(6) motion is de novo. Harhen v. Brown, 431 Mass. 838, 845, 730 N.E.2d 859 (2000). For purposes of appraising the legal sufficiency of a complaint under rule 12(b)(6), we accept as true all factual allegations of the complaint and any such reasonable inferences as may be drawn therefrom in the plaintiffs' favor.See Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407, 649 N.E.2d 1102 (1995); Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223, 950 N.E.2d 853 (2011). The ultimate inquiry is whether the plaintiffs alleged such facts, adequately detailed, so as to plausibly suggest an entitlement to relief. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636, 888 N.E.2d 879 (2008). | For purposes of appraising the legal sufficiency of a complaint, on a motion to dismiss for failure to state a claim, the court accepts as true all factual allegations of the complaint and any such reasonable inferences as may be drawn therefrom in the plaintiffs' favor. Rules Civ.Proc., Rule 12(b)(6), 46 M.G.L.A. | For purposes of appraising the legal sufficiency of a complaint should the court accept as true all factual allegations of the complaint? | Pretrial Procedure - Memo # 8688 - C - MS_59727.docx | ROSS-003293726-ROSS-003293727 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |
| 4792 | Advocate Health & Hosps. Corp. v. Bank One, N.A., 348 Ill. App. 3d 755 | 307A+680 | As long as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, the complaint may be properly dismissed. Wolf, 279 Ill.App.3d at 222, 215 Ill.Dec. 800, 664 N.E.2d at 201. The parties may ask the court to consider the pleadings, as well as any affidavits and deposition evidence (Streams Condominium, 219 Ill.App.3d at 1014, 162 Ill.Dec. 607, 580 N.E.2d at 573), and to take judicial notice of facts contained in public records where such notice will aid in the efficient disposition of the case. Village of Riverwoods v. BG Ltd. Partnership, 276 Ill.App.3d 720, 724, 213 Ill.Dec. 240, 658 N.E.2d 1261, 1265 (1995). Compare Vulcan Materials Co. v. Bee Construction, 96 Ill.2d 159, 70 Ill.Dec. 465, 449 N.E.2d 812 (1983) (where facts are derived from pleadings in a case not involving the same parties and are not proved, judicial notice of those facts is improper). However, the court must construe all the pleadings and supporting matter in the light most favorable to the party opposing the motion for involuntary dismissal. Wolf, 279 Ill.App.3d at 222, 215 Ill.Dec. 800, 664 N.E.2d at 200. On appeal, a dismissal pursuant to section 2"619 is addressed de novo. Wolf, 279 Ill.App.3d at 222, 215 Ill.Dec. 800, 664 N.E.2d at 200 | In a motion to dismiss based upon certain defects or defenses, as long as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, the complaint may be properly dismissed. S.H.A. 735 ILCS 5/2-619. | "As long as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law, can the complaint be properly dismissed?" | Pretrial Procedure - Memo # 8775 - C - NE_59775.docx | ROSS-003293589-ROSS-003293590 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |
| 4793 | Mathews v. Diaz, 426 U.S. 67 | 24+120 | The fact that all persons, aliens and citizens alike, are protected by the Due Process Clause does not lead to the further conclusion that all aliens are entitled to enjoy all the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. For a host of constitutional and statutory provisions rest on the premise that a legitimate distinction between citizens and aliens may justify attributes and benefits for one class not accorded to the other; and the class of aliens is itself a heterogeneous multitude of persons with a wide-ranging variety of ties to this country. | The fact that all persons, aliens and citizens alike, are protected by the due process clause does not lead to the further conclusion that all aliens are entitled to enjoy all of the advantages of citizenship or, indeed, to the conclusion that all aliens must be placed in a single homogeneous legal classification. U.S.C.A.Const. Amends. 5, 14. | Are aliens protected by the Due Process Clause? | "Aliens, Immigration and Citizenship - Memo 36 - RK_60123.docx" | ROSS-003282884-ROSS-003282885 | SA, Sub | 0.47 | 0 | 0 | 1 | 1 | |
| 4794 | Ward v. Stanford, 443 S.W.3d 334 | 8.30E+282 | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer. (citing Tex. Bus. & Com.Code Ann. " 3.104(a)). A note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. See Tex. Bus. & Com.Code Ann. " 3.106(a) (West Supp.2013). | A promissory note is a negotiable instrument if it is a written unconditional promise to pay a sum certain in money, upon demand or at a definite time, and is payable to order or to bearer; a note is non-negotiable, however, if another instrument must be examined to determine the rights and obligations under the note. | "Can a promise to pay, in a promissory note, not unconditional, and does not involve a sum certain, be a note of negotiable instrument ?" | 010695.docx | LEGALEASE-00152580-LEGALEASE-00152581 | Condensed, SA | 0.3 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4795 | Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874 | 172H+1556 | The Truth in Lending Act, Pub.L. No. 90-321, 82 Stat. 146 (codified as amended at 15 U.S.C. " 1601, et seq.), "was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms," Begala v. PNC Bank, Ohio, N. A., 163 F.3d 948, 950 '(6th Cir.1998). "[W]hen a loan made in a consumer credit transaction is secured by the borrower's principal dwelling," the Act permits the borrower to "rescind the loan agreement," Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998), up to three business days after the transaction, see 15 U.S.C. " 1635(a). When the lender "fails to deliver certain forms or to disclose important terms accurately" to the borrower, the Act extends the borrower's right to rescind the transaction to three years. Beach, 523 U.S. at 411, 118 S.Ct. 1408. And when the Act permits borrowers to rescind "the transaction," 15 U.S.C. " 1635(a), it permits them not only to remove the security interest on their home but also to recover certain fees incurred in the transaction, " 1635(b). | When a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the Truth in Lending Act (TILA) permits the borrower to rescind the loan agreement up to three business days after the transaction. Truth in Lending Act, S 125(a), 15 U.S.C.A. S 1635(a). | Does a consumer-borrower have the right to rescind a loan secured by the borrower's principal dwelling within three business days of the transaction? | 013867.docx | LEGALEASE-00152441-LEGALEASE-00152442 | Condensed, SA, Sub | 0.74 | 0 | 1 | 1 | 1 | 1 |
| 4796 | State ex rel. Morgan v. Kinnear, 80 Wash. 2d 400 | 371+2160 | True and fair value in money means fair market value. Bellingham Community Hotel Co. v. Whatcom County, 190 Wash. 609, 70 P.2d 301 (1937); Pier 67, Inc. v. King County, 78 Wash.2d 48, 469 P.2d 902 (1970). Or, as this court said in Hillman's Snohomish County Land and R. Co. v. Snohomish County, 87 Wash. 58, 151 P. 96 (1915), and reiterated in Ozette R. Co. v. Grays Harbor County, 16 Wash.2d 459, 133 P.2d 983 (1943), true and fair value "In its simplest terms . . . means that property shall be assessed at its fair market value at the time the assessment is made." Market value means the amount of money which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obligated to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. Carkonen v. Williams, Supra; Mason County Overtaxed, Inc. v. Mason County, 62 Wash.2d 677, 384 P.2d 352 (1963); Ozette R. Co. v. Grays Harbor County, Supra; Ham, Yearsley & Ryrie v. Northern Pac. R. Co., 107 Wash. 378, 181 P. 898 (1919). | For purposes of constitutional provision stating that aggregate of all tax levies upon real and personal property by state and all taxing districts shall not in any year exceed 40 mills on the dollar of the assessed valuation, which assessed valuation which shall be 50% of true and fair value of such property in money, "true and fair value in money" means fair market value, that is, the amount of money which the purchaser, willing but not obligated to buy, would pay an owner, willing but not obligated to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. RCWA Const. art. 7, S 2 as amended, Amend. 17. | What is market value of a property? | Exchange Of Property-Memo31-KK_60356.docx | ROSS-003284915-ROSS-003284916 | Condensed, SA, Sub | 0.37 | 0 | 1 | 1 | 1 | 1 |
| 4797 | Herb v. Snyder, 454 Pa. Super. 612 | 307A+581 | [T]he question of whether to enter a judgment of non pros because of the plaintiff's failure to prosecute his action within a reasonable time rests within the discretion of the trial court and will not be disturbed on appeal unless there is proof of a manifest abuse of that discretion. Penn Piping, Inc. v. Insurance Co. of North America, 529 Pa. 350, 354, 603 A.2d 1006, 1008 (1992). In order to dismiss a case for lack of activity, the movant must show: 1) a party has failed to diligently proceed with reasonable promptitude; 2) there was no compelling reason for the delay; and 3) the delay has caused some prejudice to the adverse party, which will be presumed in actions in which the delay exceeds two years. Id. at 355, 603 A.2d at 1008; Pine Township Water Company v. Felmont Oil, 425 Pa.Super. 473, 476, 625 A.2d 703, 706 (1993), appeal denied, 537 Pa. 665, 644 A.2d 1202 (1994); Pennridge Electric, Inc. v. Souderton Area Joint School Authority, 419 Pa.Super. 201, 204, 615 A.2d 95, 98 (1992). The analysis is the same whether the motion for a judgment of non pros is brought sua sponte by the court or by the defendant. Penn Piping v. Insurance Co. of North America, supra at 356, 603 A.2d at 1009. | In determining whether to dismiss case for lack of activity, analysis is same whether motion for judgment of non pros is brought sua sponte by court or by defendant. | Is analysis same whether motion for judgment of non pros is brought sua sponte by court or by defendant in determining whether to dismiss case for lack of activity? | 037486.docx | LEGALEASE-00151857-LEGALEASE-00151858 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |
| 4798 | Arkansas State Claims Comm'n v. Duit Const. Co., 2014 Ark. 432 | 307A+683 | For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation.See Fitzgiven v. Dorey, 2013 Ark. 346, 429 S.W.3d 234. Taking only the facts alleged in Duit's first amended complaint for declaratory judgment as true and viewing them in the light most favorable to Duit, we cannot say that the complaint states sufficient facts to support Duit's allegation that the claims-commission process treated resident and nonresident contractors differently in violation of the Fourteenth Amendment. Accordingly, the exception to the sovereign-immunity doctrine for unconstitutional acts is not applicable, and Duit's equal- protection claim is barred by sovereign immunity. We therefore reverse the circuit court's denial of the Appellants' motions to dismiss Duit's equal-protection claim and remand for entry of an order consistent with this opinion. | For purposes of a motion to dismiss, courts treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation. | "For purposes of a motion to dismiss, do courts treat only the facts alleged in a complaint as true, but not a party's theories, speculation, or statutory interpretation?" | 037504.docx | LEGALEASE-00151980-LEGALEASE-00151981 | SA, Sub | 0.82 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4799 | In re Estate of Boyar, 2012 IL App (1st) 111013 | 307A+679 | We begin by noting that a section 2"619 motion to dismiss admits the legal sufficiency of the complaint (i.e., all facts well pleaded), but asserts certain defects, defenses or other affirmative matters that appear on the face of the complaint or are established by external submissions that act to defeat the claim. Wallace v. Smyth, 203 Ill.2d 441, 447, 272 Ill.Dec. 146, 786 N.E.2d 980 (2002); see 735 ILCS 5/2"619(a)(9) (West 2008) (allowing dismissal when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim"). In ruling on a section 2"619 motion, all pleadings and supporting documents must be construed in the light most favorable to the nonmoving party. Mayfield v. ACME Barrel Co., 258 Ill.App.3d 32, 34, 196 Ill.Dec. 145, 629 N.E.2d 690 (1994). The motion should be granted only where no material facts are in dispute and the defendant is entitled to dismissal as a matter of law. Mayfield, 258 Ill.App.3d at 34, 196 Ill.Dec. 145, 629 N.E.2d 690. The relevant inquiry on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." Kedzie & 103rd Currency Exchange, Inc. v. Hodge, 156 Ill.2d 112, 116"17, 189 Ill.Dec. 31, 619 N.E.2d 732 (1993). Our review of the circuit court's grant of a motion to dismiss pursuant to section 2"619 is de novo. Spillyards v. Abboud, 278 Ill.App.3d 663, 668, 215 Ill.Dec. 218, 662 N.E.2d 1358 (1996). | In ruling on a motion to dismiss based upon certain defects or defenses, all pleadings and supporting documents must be construed in the light most favorable to the nonmoving party. S.H.A. 735 ILCS 5/2-619. | "In ruling on a motion to dismiss based upon certain defects or defenses, should all pleadings and supporting documents be construed in the light most favorable to the nonmoving party?" | 037591.docx | LEGALEASE-00151841-LEGALEASE-00151842 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 4800 | Huang v. Claussen, 147 Or. App. 330 | 307A+680 | In considering the sufficiency of plaintiff's complaint, we accept as true all well-pleaded allegations and all reasonable inferences that may be drawn therefrom, Stringer v. Car Data Systems, Inc., 314 Or. 576, 584, 841 P.2d 1183 (1992), recon den 315 Or. 308, 844 P.2d 905 (1993), but disregard any allegations that are conclusions of law, Tydeman v. Flaherty, 126 Or.App. 180, 182, 868 P.2d 755 (1994). In his complaint, plaintiff alleges that he made $250,000 in unsecured loans to George Gurs. Plaintiff also alleges that sometime thereafter, Gurs filed for bankruptcy protection and hired defendants, attorneys, to represent him in the bankruptcy proceedings. Plaintiff further alleges that | Considering sufficiency of complaint, court accepts as true all well-pleaded allegations and all reasonable inferences that may be drawn therefrom, but disregards any allegations that are conclusions of law. | "Considering the sufficiency of complaint, does a court accept as true all well-pleaded allegations and all reasonable inferences that can be drawn therefrom?" | Pretrial Procedure - Memo # 8812 - C - KS_59811.docx | ROSS-003282050-ROSS-003282051 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4801 | Yoon Ja Kim v. James Jh Song, 2016 IL App (1st) 150614-B | 307A+687 | A section 2"615 motion to dismiss challenges the legal sufficiency of the complaint. Sandholm v. Kuecker, 2012 IL 111443, 356 Ill.Dec. 733, 962 N.E.2d 418; Marshall v. Burger King Corp., 222 Ill.2d 422, 429, 305 Ill.Dec. 897, 856 N.E.2d 1048 (2006). Such a motion does not raise affirmative factual defenses but alleges only defects on the face of the complaint. Bryson v. News America Publications, Inc., 174 Ill.2d 77, 86, 220 Ill.Dec. 195, 672 N.E.2d 1207 (1996). In ruling on a section 2"615 motion, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom. Id. The question is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. | In ruling on a motion to dismiss the complaint for legal insufficiency, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom; the question is whether the allegations of the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. S.H.A. 735 ILCS 5/2-615. | "Considering the sufficiency of complaint, does a court accept as true all well-pleaded allegations and all reasonable inferences that can be drawn therefrom?" | 037793.docx | LEGALEASE-00151962-LEGALEASE-00151963 | Condensed, SA, Sub | 0.5 | 0 | 1 | 1 | 1 | 1 |
| 4802 | Grimes v. Saikley, 388 Ill. App. 3d 802 | 307A+683 | In ruling on a motion to dismiss under either section 2"615 or section 2"619 of the Code, the trial court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmoving party.Lykowski v. Bergman, 299 Ill.App.3d 157, 162, 164"65, 233 Ill.Dec. 356, 700 N.E.2d 1064, 1069"70 (1998). We review dismissals under sections 2"615 and 2"619 de novo. Lykowski, 299 Ill.App.3d at 162, 164, 233 Ill.Dec. 356, 700 N.E.2d at 1069"70. | In ruling on a motion to dismiss, the trial court accepts all well-pleaded facts in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmoving party. | "In ruling on a motion to dismiss for failure to state claim, should a court accept as true all well-pleaded facts in a complaint and all reasonable inferences which can be drawn therefrom?" | 037799.docx | LEGALEASE-00151990-LEGALEASE-00151991 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4803 | Shulver v. Slocum, 566 So. 2d 1089 | 307A+581 | Two exceptions to the five year rule of abandonment are recognized by the courts: when the failure to prosecute was caused by circumstances beyond plaintiff's control; and, when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Article 561 is to be liberally interpreted and any action or step taken to move a case toward judgment should be considered. | Exceptions to five-year rule of abandonment of action are recognized when failure to prosecute was caused by circumstances beyond plaintiff's control, and when defendant waived his right to plead abandonment by taking action in case inconsistent with intent to treat case as abandoned. LSA-C.C.P. art. 561. | When are exceptions to the five-year rule of abandonment of action recognized? | 038341.docx | LEGALEASE-00152708-LEGALEASE-00152709 | Condensed, SA | 0.31 | 0 | 1 | 0 | 1 | |
| 4804 | King v. Bankerd, 303 Md. 98 | 308+100(0.5) | For the reasons below, we conclude that an agent holding a broad power of attorney lacks the power to make a gift of the principal's property, unless that power (1) is expressly conferred, (2) arises as a necessary implication from the conferred powers, or (3) is clearly intended by the parties, as evidenced by the surrounding facts and circumstances. | Agent holding broad power of attorney lacks power to make gift of principal's property unless that power is expressly conferred, arises as a necessary implication from conferred powers, or is clearly intended by parties as evidenced by surrounding facts and circumstances. | Should authority be expressly conferred in a Power of Attorney? | 042101.docx | LEGALEASE-00152285-LEGALEASE-00152286 | Condensed, SA | 0.23 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4805 | Gen. Dynamics Corp. v. City of Groton, 184 Conn. 483 | 200+77(2) | The question of the rights of Elci et al. to become parties was first raised at the time of the judicial hearings before Judge Spallone. Although Elci et al. claimed to have a special interest as abutting landowners, the court made no express factual finding in this regard; to the contrary, it concluded that these persons had failed to show an interest in the case different from that of the general public. The court did not dwell on this factual issue because it determined that their effort to intervene was untimely.6 The court based this conclusion on the premise that Elci et al. could and should have appeared before the committee to air their grievances there. Although the trial court ordinarily has great latitude in determining whether or not to allow parties to intervene in ongoing litigation; General Statutes ss 52-102, 52-107, 52-108; Practice Book ss 85, 99, 100; Lettieri v. American Savings Bank, 182 Conn. 1, pp. "-, "- - "-, 437 A.2d 822 (42 Conn.L.J., No. 6, pp. 11, 14-15) (1980); Jones v. Ricker, 172 Conn. 572, 575 n.3, 375 A.2d 1034 (1977); the reason assigned in this case for refusing intervention indicates that this discretion was mistakenly exercised. In fact, Elci et al., as members of the general public, had not been invited to present their views to the committee. Furthermore, to the extent that Elci et al. wished to raise questions concerning the jurisdiction of the committee or the constitutionality of the statute under which it was operating, they were free to do so in judicial proceedings without having first exhausted their administrative remedies. Burnham v. Administrator, Unemployment Compensation Act, 184 Conn. 317, p. "-, 439 A.2d 1008 (42 Conn.L.J., No. 49, pp. 1, 3) (1981); Connecticut Light & Power Co. v. Norwalk, 179 Conn. 111, 115, 425 A.2d 576 (1979). | Although trial court ordinarily has great latitude in determining whether to allow parties to intervene in ongoing litigation, where persons who wished to become parties in litigation involving closing of highway were members of general public, and had not been invited to present their views to committee appointed by court to determine convenience or necessity of highway, trial court mistakenly exercised such discretion in refusing such persons right to intervene on theory that their effort to intervene was untimely. C.G.S.A. S 13a-50. | Can the trial court determine whether to allow parties to intervene in an ongoing litigation or legal proceeding? | 019296.docx | LEGALEASE-00153623-LEGALEASE-00153624 | Condensed, SA, Sub | 0.7 | 0 | 1 | 1 | 1 | 1 |
| 4806 | Mowatt v. U.S. Parole Comm'n, 815 F. Supp. 2d 199 | 170A+1772 | To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face," as opposed to merely conceivable. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Fed.R.Civ.P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Although detailed factual allegations are not required, the complaint must set forth "more than an unadorned, the defendant-unlawfully-harmed-me accusation," id. at 1949 (2009), and may not merely state "a formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, 127 S.Ct. 1955. Instead, the plaintiff must plead facts that are more than "merely consistent with" a defendant's liability. Id. at 557, 127 S.Ct. 1955. | To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a plaintiff need only plead enough facts to state a claim to relief that is plausible on its face, as opposed to merely conceivable. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A. | "To survive a 12(b)(6) motion to dismiss, should a complaint plead enough facts to state a claim to relief that is plausible on its face?" | Pretrial Procedure - Memo # 8884 - C - SN_60359.docx | ROSS-003281891-ROSS-003281892 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |
| 4807 | Stanback v. Stanback, 297 N.C. 181 | 307A+686.1 | The motion to dismiss under N.C.R.Civ.P. 12(b)(6) tests the legal sufficiency of the complaint. Sutton v. Duke, 277 N.C. 94, 176 S.E.2d 161 (1970).In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. Newton v. Standard Fire Ins. Co., 291 N.C. 105, 229 S.E.2d 297 (1976).The motion performs substantially the same function as the old common law demurrer, Sutton v. Duke, supra, and in applying the rule we look to the interpretation of the federal rule for guidance. | In ruling on motion to dismiss for failure to state a claim, allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether allegations state a claim for which relief may be granted. Rules of Civil Procedure, rule 12(b)(6), G.S. S 1A-1. | Does the motion to dismiss for failure to state a claim upon which relief be granted tests the legal sufficiency of the complaint? | 038022.docx | LEGALEASE-00152933-LEGALEASE-00152934 | SA, Sub | 0.52 | 0 | 0 | 1 | 1 | |
| 4808 | Whetstone v. Sooter, 325 Ill. App. 3d 225 | 307A+561.1 | The purpose of a section 2-619 motion to dismiss is to provide a means to dispose of issues of law or easily proved issues of fact. Noesges v. Servicemaster Co., 233 Ill.App.3d 158, 162, 174 Ill.Dec. 240, 598 N.E.2d 437 (1992). A section 2-619 motion to dismiss admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter that avoids or defeats the claim. Joseph v. Collis, 272 Ill.App.3d 200, 206, 208 Ill.Dec. 604, 649 N.E.2d 964 (1995). The motion should be granted if, after construing the documents in support and in opposition to the motion in the light most favorable to the nonmoving party, there are no disputed issues of material fact. Noesges, 233 Ill.App.3d at 162, 174 Ill.Dec. 240, 598 N.E.2d 437. A reviewing court is not required to defer to the trial court's judgment on a motion to dismiss and will review the matter de novo. T & S Signs, Inc. v. Village of Wadsworth, 261 Ill.App.3d 1080, 1084, 199 Ill.Dec. 467, 634 N.E.2d 306 (1994). | Motion for an involuntary dismissal based upon defects in pleading or certain defenses should be granted if, after construing the documents in support and in opposition to the motion in the light most favorable to the nonmoving party, there are no disputed issues of material fact. S.H.A. 735 ILCS 5/2-619. | "When granting on a motion to dismiss, should a court construe the pleadings and supporting documents in the light most favorable to the nonmoving party?" | Pretrial Procedure - Memo # 8950 - C - SKG_60403.docx | ROSS-003281003-ROSS-003281004 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 4809 | Harris v. Barbera, 96 A.D.3d 904 | 307A+679 | On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the complaint must be construed liberally and "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17). Moreover, "[a] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true" (Kopelowitz & Co., Inc. v. Mann, 83 A.D.3d at 797, 921 N.Y.S.2d 108 [citations and internal quotation marks omitted] ). | A court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true. | Can a court freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint? | Pretrial Procedure - Memo # 8952 - C - DA_60405.docx | ROSS-003278656-ROSS-003278657 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4810 | Lomelo v. Schultz, 422 So. 2d 1050 | 302+67 | Appellee has briefed and vigorously argued matters which, he contends, justified his disclosures. These arguments relate to appellee's affirmative defenses. A motion to dismiss raises the question of the sufficiency of facts alleged to state a cause of action. Kest v. Nathanson, 216 So.2d 233 (Fla. 4th DCA 1968). The complaint need not anticipate affirmative defenses. Hammonds v. Buckeye Cellulose Corp., 285 So.2d 7 (Fla.1973). | Motion to dismiss raises question of sufficiency of facts alleged to state cause of action and complaint need not anticipate affirmative defenses. | "In order to defeat a motion to dismiss, should a complaint only state facts sufficient to indicate that a cause of action exists and need not anticipate affirmative defenses? " | Pretrial Procedure - Memo # 8985 - C - SKG.docx | LEGALEASE-00043056-LEGALEASE-00043057 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4811 | Kopelman & Assocs., L.C. v. Collins, 196 W. Va. 489 | 307A+680 | We read a pleading liberally and accept as true the well-pleaded allegations of the complaint and the inferences that reasonably may be drawn from the allegations. See State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc., 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995). | Under either motion for judgment on pleadings or motion to dismiss for failure to state claim, court reads pleading liberally and accepts as true well-pleaded allegations of complaint and inferences that reasonably may be drawn from allegations, but, although plaintiff enjoys benefit of all inferences that plausibly can be drawn from pleadings, party's legal conclusions, opinions, or unwarranted averments of fact will not be deemed admitted. Rules Civ.Proc., Rule 12(b)(6), (c). | "Under either motion for judgment on pleadings or motion to dismiss for failure to state claim, does a court read a pleading liberally and accepts as true well-pleaded allegations?" | 038198.docx | LEGALEASE-00153161-LEGALEASE-00153162 | Condensed, SA, Sub | 0.43 | 0 | 1 | 1 | 1 | 1 |
| 4812 | Caesars Riverboat Casino v. Kephart, 903 N.E.2d 117 | 307A+681 | A motion to dismiss under Trial Rule 12(B)(6) tests only the legal sufficiency of the complaint, not the facts supporting it. Thompson v. Hays, 867 N.E.2d 654, 656 (Ind.Ct.App.2007), trans. denied. The court may only look to the complaint and may not look to other evidence in the record. Id. A motion to dismiss should be granted only if "facts alleged in the complaint are incapable of supporting relief under any set of circumstances." Godby v. Whitehead, 837 N.E.2d 146, 149 (Ind.Ct.App.2005), trans. denied. We will review a trial court's ruling on a motion to dismiss de novo. Thompson, 867 N.E.2d at 656. | On a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances, a court may only look to the complaint and may not look to other evidence in the record. Trial Procedure Rule 12(B)(6). | "On a motion to dismiss for alleging facts incapable of supporting relief under any set of circumstances, can a court only look to the complaint?" | Pretrial Procedure - Memo # 9138 - C - KI.docx | LEGALEASE-00043218-LEGALEASE-00043219 | Condensed, Order, SA | 0.63 | 1 | 1 | 0 | 1 | 1 |
| 4813 | Walker v. Columbus Ins. Agency, 156 Ga. App. 199 | 307A+581 | The judgment of May 12, 1980, dismissed the action with prejudice for failure of the plaintiff to prosecute. The trial court stated it was based upon a motion for same under Code Ann. s 81A-141(b), supra. From plaintiff's brief and arguments it appears that he is under the impression the trial court granted the defendant's motion for summary judgment because he had failed to answer the request for admissions within 30 days as required by law. However, defendant's brief recites that the case came on for trial on May 12, 1980, and the trial court dismissed the action with prejudice when the plaintiff failed to prosecute. Under the "three minute" rule (Code Ann. s 24-3341), when a case is sounded for trial the parties shall immediately announce ready or move for continuance and if three minutes shall elapse "before the announcement or motion to continue, the plaintiff's case will be dismissed." See Cowart v. Smith, 182 Ga. 511(1), 185 S.E. 819; Kenemer v. Arkansas Fuel Oil Co., 67 Ga.App. 587(1), 21 S.E.2d 348; Calloway v. McElmurray, 91 Ga. 166(1), 17 S.E. 103; Strother v. Hill Aircraft, etc., Corp., 145 Ga.App. 116, 243 S.E.2d 262 | Under "three minute" rule, when case is sounded for trial, parties shall immediately announce ready or move for continuance, and if three minutes shall elapse before announcement or motion to continue, case will be dismissed. Code, SS 24-3341, 81A-141(b). | Will case be dismissed if three minutes shall elapse before announcement or motion to continue? | 038366.docx | LEGALEASE-00152786-LEGALEASE-00152787 | Condensed, Order, SA | 0.77 | 1 | 1 | 0 | 1 | 1 |
| 4814 | Park Ctr. Condo. Council v. Epps, 723 A.2d 1195 | 307A+581 | It is well settled that the dismissal of an action for want of prosecution rests within the sound discretion of the Court. Ayers v. D.F. Quillen & Sons, Inc., Del.Supr., 188 A.2d 510, 511 (1963) (citing Landes v. Wolf, Del.Supr., 96 A.2d 344, 345 (1953)).Rules like 41(b) and (e) are intended as a safeguard against delay and harassment. Wright & Miller, Federal Practice and Procedure: Civil 2d. " 2370.3Their purpose is to dispose of cases when necessary, not to allow parties to maintain a "faint spark of life in their litigation." Wilmington Trust Co. v. Barry, Del.Super., 397 A.2d 135, 138 (1979) (quoting Rovner v. Warner Bros. Pictures, Inc., E.D.Pa., 29 F.R.D. 488, 490 (1962)). Avoiding dismissal for "want of prosecution" requires more significant action than taking steps to delay or prevent trial. Barry, 397 A.2d at 138. A litigant must actively pursue a case from its inception through its resolution. | Purpose of rule allowing dismissal of case for failure to prosecute is to dispose of cases when necessary, not to allow parties to maintain a faint spark of life in their litigation. Superior Court Civil Rule 41. | Is the purpose of rule allowing dismissal of case for failure to allow parties to maintain a faint spark of life in their litigation? | 038417.docx | LEGALEASE-00153073-LEGALEASE-00153074 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 4815 | Gens v. Casady Sch., 2008 OK 5 | 307A+623.1 | Generally, motions to dismiss are viewed with disfavor. This court reviews the dismissal de novo considering the legal sufficiency of the petition and taking all allegations in the plaintiff's petition as true. The function of a motion to dismiss is to test the law of the claims, not the facts supporting them. No dismissal for failure to state a claim upon which relief may be granted should be allowed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle relief. Plaintiffs need neither identify a specific theory of recovery nor set out the correct remedy or relief to which they may be entitled. If any set of facts can be established which is consistent with the allegations, a motion to dismiss should be denied. Dismissal is appropriate only for lack of any cognizable legal theory to support the claim or for insufficient facts under a cognizable theory. Where not all claims appear to be frivolous on their face or without merit, dismissals for failure to state a claim upon which relief may be granted are premature. The movant bears the substantial burden of demonstrating any insufficiency.Only under these standards may we uphold Gens' dismissal | Where not all claims appear to be frivolous on their face or without merit, dismissals for failure to state a claim upon which relief may be granted are premature. | "Where not all claims appear to be frivolous on their face or without merit, is dismissal for failure to state a claim upon which relief can be granted premature?" | Pretrial Procedure - Memo # 9204 - C - UG.docx | LEGALEASE-00043286-LEGALEASE-00043287 | Condensed, SA | 0.87 | 0 | 1 | 0 | 1 | |
| 4816 | Holland v. Anheuser Busch, 643 So. 2d 621 | 307A+671.1 | In closing, we again caution against converting a motion to dismiss into a motion for summary judgment for the purpose of attempting to terminate litigation. Board of County Commissioners v. Aetna Casualty and Surety Co., 604 So.2d 850, 851 (Fla. 2d DCA 1992). Counsel must remember that each motion has a separate purpose under our rules of civil procedure. A motion to dismiss is customarily designed to test the legal sufficiency of a complaint to state a cause of action, not to determine issues of ultimate fact. Pizzi v. Central Bank and Trust Co., 250 So.2d 895 (Fla.1971). The function of a motion for summary judgment is to determine if the parties can offer sufficient proof to support the issues framed in their pleadings. Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla.1963). Thus, "[t]rial counsel should choose carefully the field upon which they wage their battles[ ]" in pre-trial motion practice. Aetna, 604 So.2d at 851. If they choose incorrectly, as in this case, reversal is the inevitable result. | Counsel should take care in selecting between motion to dismiss, which tests legal sufficiency of complaint to state cause of action, and motion for summary judgment, which is to determine if parties can offer sufficient proof to support issues framed in pleadings; if counsel chooses incorrectly, reversal is inevitable result. West's F.S.A. RCP Rule 1.510. | "Is a motion to dismiss designed to test legal sufficiency of a complaint, not to determine issues of fact?" | 038535.docx | LEGALEASE-00153772-LEGALEASE-00153773 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4817 | Nowak v. Capitol Motors, 158 Conn. 65 | 308+99 | Our cases make it clear that apparent authority is to be determined, not by the agent's own acts, but by the acts of his principal. And the acts of the principal must be such that (1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority. Quint v. O'Connell, 89 Conn. 353, 357, 94 A. 288; Washington Cedar & Fir Products Co. v. Elliott, 91 Conn. 350, 353, 100 A. 29; Zazzaro v. Universal Motors, Inc., 124 Conn. 105, 110, 197 A. 884; Fireman's Fund Indemnity Co. v. Longshore Beach & Country Club, Inc., 127 Conn. 493, 497, 18 A.2d 347; Presta v. Monnier, 145 Conn. 694, 699, 146 A.2d 404; Baumert-Moran Sales Co. v. Red Bird Truck Rental Corporation, 149 Conn. 42, 44, 175 A.2d 189. | To establish apparent authority, acts of principal must be such that (1) principal held agent out as possessing sufficient authority to embrace act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof person dealing with agent, acting in good faith, reasonably believed, under all circumstances, that agent had necessary authority. | Can apparent authority be determined by the agents own act? | 041422.docx | LEGALEASE-00153694-LEGALEASE-00153695 | SA, Sub | 0.61 | 0 | 0 | 1 | 1 | |
| 4818 | Meadowbrook-Richman v. Associated Fin. Corp., 253 F. Supp. 2d 666 | 308+85 | "Where an agent defends a suit arising out of a business properly conducted on the principal's behalf, it is black-letter law that the agent is entitled to indemnification of its legal fees." Basmajian v. Christie, Manson & Woods Int'l, Inc., 629 F.Supp. 995, 998"999 (S.D.N.Y.1986). In the present case, the plaintiff served as the agent for the defendants in the procurement of insurance and asserts that as a result of serving in that capacity, MRI incurred legal fees in defending litigation that arose out of services conducted by MRI on behalf the defendants. The defendants have not come forward with any argument or evidence suggesting that the legal fees were not incurred during MRI's role as an agent, and only contend that indemnification is barred by New York law. However, the indemnification for legal fees of agents is a well established principle of agency law. See id.; Admiral Oriental Line v. United States, 86 F.2d 201, 202 (2d Cir.1936) (Hand, J.); Herrman v. Leland, 84 Misc. 82, 145 N.Y.S. 972, 974 (1914). Therefore, the defendants' motion for summary judgment on this claim must be denied. | Where an agent defends a suit arising out of a business properly conducted on the principal's behalf, the agent is entitled to indemnification of its legal fees, under New York law. | Is an agent entitled to indemnification of the legal fee to defend a suit arising out of a business properly conducted on the principal's behalf? | Principal and Agent - Memo 268 - KC_60530.docx | ROSS-003295078-ROSS-003295079 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4819 | Com. v. E. Motor Exp., 398 Pa. 279 | 371+2001 | With the Supreme Court's recent tests to guide us, we must further analyze the broad language of the Corporation Income Tax Law of 1951 and the formulae which it applies to corporations engaged exclusively in interstate commerce, keeping in mind at the same time that by its terms it does not apply to a corporation's income if that income is subject to the Corporate Net Income Tax Act. The latter purports to impose an excise tax, the former purports **89 to impose a property tax on the net income derived from sources within the Commonwealth, i. e., from the ownership of property located or having a situs in this Commonwealth, or the carrying on of activities within the Commonwealth. However, while it is true that what a tax or an Act is called by the Legislature, is entitled to weight and is prima facie what it is, it is well settled that in the last analysis the nature of the tax depends not upon its label, but upon its incidence, i. e., its practical operation and effect. Railway Express Agency, Inc. v. Virginai, 347 U.S. 359, 74 S.Ct. 558, 98 L.Ed. 337; Spector Motor Service, Inc. v. O'Connor, 340 U.S. 602, 608, 71 S.Ct. 508, 95 L.Ed. 573; Dawson v. Kentucky Distillers Co., 255 U.S. 288, 292, 41 S.Ct. 272, 65 L.Ed. 638; Interstate Transit, Inc. v. Lindsey, 283 U.S. 183, 190, 51 S.Ct. 380, 75 L.Ed. 953; Memphis Steam Laundry v. Stone, 342 U.S. 389, 72 S.Ct. 424, 96 L.Ed. 436; Roy Stone Transfer Corp. v. Messner, 377 Pa. 234, 103 A.2d 700, supra; Galveston H. & S. A. R. Co. v. State of Texas, 210 U.S. 217, 227, 28 S.Ct. 638, 52 L.Ed. 1031; Lawrence v. State Tax Commission, 286 U.S. 276, 280, 52 S.Ct. 556, 76 L.Ed. 1102; Murray v. City of Philadelphia, 364 Pa. 157, 71 A.2d 280; Armour & Co. v. Pittsburgh, 363 Pa. 109, 112, 69 A.2d 405; In re Arrott's Estate, 322 Pa. 367, 185 A. 697; National Biscuit Co. v. Philadelphia, 374 Pa. 604, 615, 98 A.2d 182; Commonwealth v. Eastman Kodak Company, 385 Pa. 607, 124 A.2d 100, supra. | While it is true that what a tax or an act is called by the Legislature is entitled to weight and is prima facie what it is, the nature of the tax, in the last analysis, depends not upon its label but on its incidence, i. e., its practical operation and effect. | "Does the nature of the tax depend upon its incidence, i. e., its practical operation and effect?" | Taxation - Memo # 913 - C - JL_60617.docx | ROSS-003285092-ROSS-003285093 | Condensed, SA, Sub | 0.87 | 0 | 1 | 1 | 1 | 1 |
| 4820 | Woody v. Cates, 213 N.C. 792 | 156+38 | "A warranty deed by one having only a contingent remainder in land passes the title, by way of estoppel, to the grantee, as soon as the remainder vests by the happening of the contingency upon which such vesting depends." Foster v. Hackett, 112 N.C. 546, headnote, 17 S.E. 426. | A warranty deed by one having only a contingent remainder in land passes the title by way of estoppel to the grantee as soon as the remainder vests by the happening of the contingency upon which such vesting depends. | Does a warranty deed by one having a contingent remainder in land by way of estoppel pass title to the grantee? | Estoppel - Memo #74 - C - CSS_60873.docx | ROSS-003282058-ROSS-003282059 | Condensed, SA | 0.22 | 0 | 1 | 0 | 1 | |
| 4821 | Berkowski v. St. Louis Cty. Bd. of Election Comm'rs, 854 S.W.2d 819 | 302+48 | A petition must contain a short and plain statement of facts showing that the pleader is entitled to relief. Rule 55.05. The pleadings must identify the facts upon which the plaintiff's claim rests. ITT Commercial Finance Corp. v. Mid"America Marine Supply Corp., 854 S.W.2d 371, 379 (Mo. banc 1993). In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated. Commercial Bank of St. Louis Co. v. James, 658 S.W.2d 17, 21"22 (Mo. banc 1983). However, mere conclusions of the pleader not supported by factual allegations are disregarded. Id. | In assessing sufficiency of petition, all facts properly pleaded are assumed true, averments are given literal construction, and petition is accorded all reasonable inferences fairly deductible from facts stated, but mere conclusions of pleader not supported by factual allegations are disregarded. | "In assessing sufficiency of a petition, are all facts properly pleaded taken as true and averments given liberal construction?" | 038516.docx | LEGALEASE-00154427-LEGALEASE-00154428 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4822 | Bilnoski v. Pizza Inn, 858 S.W.2d 55 | 307A+581 | In his first point of error, Appellant maintains that the trial court abused its discretion in dismissing his case without first providing notice of its intent to dismiss. A trial court may dismiss a case for want of prosecution (1) when a party fails to appear at a hearing or at trial, (2) when the case has not been disposed of within the supreme court's guidelines, and (3) when a case has not been prosecuted with due diligence. City of Houston v. Thomas, 838 S.W.2d 296, 297 (Tex.App."Houston [1st Dist.] 1992, no writ). The trial court's authority to dismiss is derived both from Tex.R.Civ.P. 165 and its own inherent powers. City of Houston at 297. When an unreasonable delay in the prosecution of a case occurs, it is presumed that the case has been abandoned. Hosey v. County of Victoria, 832 S.W.2d 701, 704 (Tex.App."Corpus Christi 1992, no writ). If that delay is not sufficiently explained, the presumption of abandonment is conclusive and the case will be dismissed. The trial court is required to provide litigants with notice of its intent to dismiss. | Trial court may dismiss case for want of prosecution when party fails to appear at hearing or at trial, when case has not been disposed of within Supreme Court's guidelines, and when case has not been prosecuted with due diligence; authority to dismiss is derived both from rules of civil procedure and from court's inherent powers. Vernon's Ann.Texas Rules Civ.Proc., Rule 165. | Can court dismiss case for want of prosecution when party fails to appear at a hearing or at trial? | 038750.docx | LEGALEASE-00154290-LEGALEASE-00154291 | Condensed, SA, Sub | 0.65 | 0 | 1 | 1 | 1 | 1 |
| 4823 | Chochorowski v. Home Depot U.S.A., 295 S.W.3d 194 | 307A+622 | Defendant's claim that the language in the rental agreement refutes plaintiff's allegations that the facts and circumstances surrounding the execution of the rental agreement and the language, structure, and design of the rental agreement constituted a deceptive practice in the lease of the tiller is not a challenge to the adequacy of the petition to state a cause of action, but a challenge to the merits. A court may not grant a motion to dismiss for failure to state a claim based on a conclusion that the plaintiff is not entitled to relief on the merits of that claim. Fenlon, 266 S.W.3d at 854; Moore v. Missouri Highway & Transp. Com'n, 169 S.W.3d 595, 599 (Mo.App.2005) (citing Sandy v. Schriro, 39 S.W.3d 853, 856 (Mo.App.2001)). The trial court erred in granting defendant's motion to dismiss Count I. Point one is granted. | A court may not grant a motion to dismiss for failure to state a claim based on a conclusion that the plaintiff is not entitled to relief on the merits of that claim. | Can a court not grant a motion to dismiss for failure to state a claim based on a conclusion that the plaintiff is not entitled to relief on the merits of that claim? | 038991.docx | LEGALEASE-00154545-LEGALEASE-00154546 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4824 | Parker v. DeKalb Chrysler Plymouth, 673 F.2d 1178 | 172H+1536 | 15 U.S.C. s 1601. The public benefits from enforcement of TILA because it creates a system of disclosure that improves the bargaining posture of all borrowers. To ensure the realization of this goal, Congress granted consumers a minimum recovery, plus costs and reasonable attorney's fees, without having to prove actual damages. 15 U.S.C. s 1640(a). This type of remedy provides a deterrent comparable to exemplary damages because it encourages individuals to bring TILA actions and discourages noncompliance. Strict technical compliance, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. See Smith v. Chapman, 614 F.2d 968, 971 (5th Cir. 1980); Williams v. Public Finance Corp., 598 F.2d 349, 356 (5th Cir. 1979). | Strict technical compliance with the Truth in Lending Act, regardless of actual injury, promotes the standardization of credit terms for the benefit of all borrowers, not just the individual claimant. Truth in Lending Act, S 102 et seq., 15 U.S.C.A. S 1601 et seq. | "Does the strict technical compliance, regardless of actual injury, promote the standardization of credit terms for the benefit of only an individual claimant?" | Consumer Credit - Memo 211 - RK_61873.docx | ROSS-003308544-ROSS-003308545 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4825 | McDade v. Siazon, 208 N.J. 463 | 156+52(1) | Finally, plaintiffs' reliance upon principles of equitable estoppel to excuse their failure to either serve a timely notice of claim, or to seek leave to file a late notice of claim, is misplaced. Equitable estoppel "is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law." Dambro v. Union County Park Comm'n, 130 N.J.Super. 450, 457, 327 A.2d 466 (Law Div.1974). | "Equitable estoppel" is conduct, either express or implied, which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law. | Is equitable estoppel conduct which reasonably misleads another to his prejudice so that a repudiation of such conduct would be unjust in the eyes of the law? | Estoppel - Memo #89 - C - CSS_61541.docx | ROSS-003292695 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 4826 | Layton v. Cook, 248 Miss. 690 | 48A+218 | In the absence of a statute to the contrary, a pedestrian has the right to use and travel upon any portion of a public highway at any time of the day or night, "and his rights and the rights of one operating a vehicle thereupon are mutual, reciprocal, and equal." The operator of a motor vehicle owes to pedestrians walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them. Hence a motorist is guilty of negligence where he strikes a pedestrian walking along the highway, where in the exercise of reasonable care he should have but did not see him and could have avoided the accident. 7 Am.Jur.2d, Automobiles and Highway Traffic, " 400. | Pedestrian has right to use and travel upon any portion of public highway at any time of day or night, in absence of statute to contrary, and his rights and rights of one operating a vehicle thereupon are mutual, reciprocal and equal. Code 1942, S 8176. | Is pedestrians right and rights of one operating a vehicle mutual? | Highways- Memo 418- ANM_61958.docx | ROSS-003310292 | Order, SA | 0.63 | 1 | 0 | 0 | 1 | |
| 4827 | Bohannon v. Rutland, 616 S.W.2d 46 | 307A+581 | The purpose of CR 77.02(2) is to afford trial judges a means by which they may periodically review their dockets and purge them of cases which have lapsed into inactivity. We construe the phrase "no pretrial steps" to encompass situations in which no action of record has been taken by either party during the year next preceding the judges' review of the docket. When a plaintiff fails to prosecute an action, CR 41.02(1) provides a clearly defined remedy for the opposing party. In the instant case counsel for the defendant-appellee made his motion to dismiss both for failure to prosecute and under the provisions of CR 77.02(2). The trial judge opted to dismiss the case pursuant to CR 77.02(2) rather than CR 41.02(1). | Phrase "no pretrial steps", in civil rule requiring yearly review of court docket, encompasses situations in which no action of record has been taken by either party during year next preceding judges' review of docket. Rules of Civil Procedure, Rule 77.02(2). | "What does the phrase ""no pretrial steps"", in civil rule requiring yearly review of court docket, encompass?" | 039104.docx | LEGALEASE-00155000-LEGALEASE-00155001 | Condensed, SA, Sub | 0.64 | 0 | 1 | 1 | 1 | 1 |
| 4828 | Esworthy v. Williams, 100 Nev. 212 | 307A+587 | When a party has been accurately notified of the time and place of a hearing, the party's failure to appear may amount to failure to prosecute and may be a proper ground for dismissal. Id. at 394, 528 P.2d at 1021. Nevertheless, lack of diligence is necessary to justify dismissal for failure to prosecute. Id. at 395, 528 P.2d at 1022. Dismissal with prejudice is a harsh remedy which should be utilized only in extreme situations. Id. at 393, 528 P.2d at 1021. | When party has been accurately notified of time and place of hearing, party's failure to appear may amount to failure to prosecute and may be proper ground for dismissal. Rules Civ.Proc., Rule 41. | Does a party's failure to appear amount to failure to prosecute and is a proper ground for dismissal where party has been accurately notified of time and place of hearing? | 039181.docx | LEGALEASE-00155448-LEGALEASE-00155449 | SA, Sub | 0.58 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4829 | Farber v. Green Shoe Mfg. Co., 42 Colo. App. 255 | 307A+581 | The power to dismiss an action for failure to prosecute is governed by C.R.C.P. 41(b)(1) and rests in the sound discretion of the trial court. Rudd v. Rogerson, 152 Colo. 370, 381 P.2d 995 (1963); Cervi v. Town of Greenwood Village, 147 Colo. 190, 362 P.2d 1050 (1961). That discretion is not without bounds, however, and it must be borne in mind that courts "exist primarily to afford a forum to settle litigable matters between disputing parties." Mizar v. Jones, 157 Colo. 535, 403 P.2d 767 (1965). We adopt the rule stated in State v. McClaine, 261 Ind. 60, 300 N.E.2d 342 (1973): "A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence." | A motion to dismiss for want of prosecution should not be granted if the plaintiff resumes diligent prosecution of his claim, even though, at some prior period of time, he has been guilty of gross negligence. Rules of Civil Procedure, rule 41(b)(1). | Should a motion to dismiss for want of prosecution be granted if plaintiff resumes diligent prosecution of his claim? | 039185.docx | LEGALEASE-00155450-LEGALEASE-00155451 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4830 | Lewis v. New York Fire & Marine Underwriters, 233 So. 2d 743 | 307A+581 | LSA-C.C.P. Art. 1672, reads as follows:A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.It is obviously true that the language of the Article refers only to the failure to Appear. It is equally true the Article literally construed has little functional value. Surely, this is the case if the Article requires no more than that a party or an attorney drop by on the day of trial, bid the court good morning and leave. | Statute providing that judgment dismissing action shall be rendered upon application of any party when plaintiff fails to appear on day set for trial requires that plaintiff not only appear but also that he proceed with his case if ordered to do so by court. LSA-C.C.P. art. 1672. | Will judgment dismissing action be rendered upon application of any party when the plaintiff fails to appear on the day set for trial? | 039215.docx | LEGALEASE-00155142-LEGALEASE-00155143 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 4831 | Popkin v. Crispen, 213 So. 2d 445 | 307A+581 | We are of the opinion that the plight of the plaintiffs in the instant case is similar, although the infraction charged be not so severe. We feel that judicial restraint should be practiced in the courts' inherent power to dismiss actions for want of prosecution to the end that persons have the guarantee and privilege of having the merits of his cause adjudicated. Palm Shores, Inc. v. Nobles, supra. | Judicial restraint should be practiced in the courts' inherent power to dismiss actions for want of prosecution to the end that persons have the guarantee and privilege of having the merits of cause adjudicated. 30 F.S.A. Rules of Civil Procedure, rule 1.420(e). | Should judicial restraint be practiced in the courts' inherent power to dismiss actions for want of prosecution? | Pretrial Procedure - Memo # 9747 - C - SHS_61985.docx | ROSS-003281170-ROSS-003281171 | SA, Sub | 0.35 | 0 | 0 | 1 | 1 | |
| 4832 | Hartmann Realtors v. Biffar, 13 N.E.3d 350 | 307A+682.1 | The question presented by a section 2"615 motion is whether the allegations of the complaint, taking all well-pleaded facts as true and considering them in a light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted. Chandler v. Illinois Central R.R. Co., 207 Ill.2d 331, 348, 278 Ill.Dec. 340, 798 N.E.2d 724 (2003); Tedrick v. Community Resource Center, Inc., 235 Ill.2d 155, 161, 336 Ill.Dec. 210, 920 N.E.2d 220 (2009). When deciding a section 2"615 motion to dismiss, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. Kilburg v. Mohiuddin, 2013 IL App (1st) 113408, 371 Ill.Dec. 392, 990 N.E.2d 292. The complaint must be construed liberally and should only be dismissed when it appears that the plaintiff cannot recover under any set of facts. Id. | When deciding a motion to dismiss for failure to state a claim, the court may not consider affidavits, the products of discovery, documentary evidence not incorporated into the pleadings as exhibits, testimonial evidence, or other evidentiary materials. S.H.A. 735 ILCS 5/2-615. | "In ruling on a motion to dismiss, can the court not consider affidavits and documentary evidence not incorporated into the pleadings as exhibits?" | 039366.docx | LEGALEASE-00154916-LEGALEASE-00154917 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4833 | Quinones v. Schaap, 91 A.D.3d 739 | 307A+685 | In determining whether a complaint is sufficient to withstand a motion to dismiss pursuant to CPLR 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v. Ginzburg, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 372 N.E.2d 17; see 1414 Realty Corp. v. G & G Realty Co., 272 A.D.2d 309, 707 N.Y.S.2d 885). "The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (Hense v. Baxter, 79 A.D.3d 814, 815, 914 N.Y.S.2d 200; see Leon v. Martinez, 84 N.Y.2d 83, 87, 614 N.Y.S.2d 972, 638 N.E.2d 511; Kopelowitz & Co., Inc. v. Mann, 83 A.D.3d 793, 796"797, 921 N.Y.S.2d 108). In addition, a court may consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects (see CPLR 3211[c]; Ryan v. Cover, 75 A.D.3d 502, 503, 904 N.Y.S.2d 750; Tarzia v. Brookhaven Natl. Lab., 247 A.D.2d 605, 669 N.Y.S.2d 230). | A court may consider any factual submissions made in opposition to a motion to dismiss for failure to state a cause of action in order to remedy pleading defects. McKinney's CPLR 3211(c). | Can a court consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects? | 039387.docx | LEGALEASE-00155205-LEGALEASE-00155206 | SA, Sub | 0.84 | 0 | 0 | 1 | 1 | |
| 4834 | Triarsi v. BSC Grp. Servs., 422 N.J. Super. 104 | 307A+685 | The AOM statute requires plaintiffs in malpractice actions to serve an affidavit of merit on each malpractice defendant within sixty days after the filing of an answer, but allows an extension for an additional sixty days for good cause. It provides, in pertinent part: In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. "[F]ailure to deliver a proper affidavit within the statutory time period requires a dismissal of the complaint with prejudice." Ferreira, supra, 178 N.J. at 146"47, 836 A.2d 779 (citing Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 242, 708 A.2d 401 (1998)). | Under the affidavit of merit statute, failure to deliver a proper affidavit within the statutory time period requires a dismissal of the complaint with prejudice. N.J.S.A. 2A:53A-27. | "Under the affidavit of merit statute, does failure to deliver a proper affidavit within the statutory time period require a dismissal of the complaint with prejudice?" | 039403.docx | LEGALEASE-00155002-LEGALEASE-00155003 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4835 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | The general principles involved are clearly and forcibly stated by Judge Wheeler in the case of McAlpin v. Cassidy, 17 Tex. 449, 450. It is there said, "Every agency carries with it, or includes in it, as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, express or implied." It does not follow from the fact that McLaren was employed to transact certain business for appellee that he had the power to employ another to aid him in the transaction of the same business. Lipscomb et al. v. Houston & T. C. Ry. Co., 95 Tex. 5, 64 S.W. 923, 55 L.R.A. 869, 93 Am.St.Rep. 804. | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Does an agency carry with it all the powers which are necessary to effectuate the purpose for which it was created? | 041610.docx | LEGALEASE-00155655-LEGALEASE-00155656 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4836 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | The general principles involved are clearly and forcibly stated by Judge Wheeler in the case of McAlpin v. Cassidy, 17 Tex. 449, 450. It is there said, "Every agency carries with it, or includes in it, as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, express or implied." It does not follow from the fact that McLaren was employed to transact certain business for appellee that he had the power to employ another to aid him in the transaction of the same business. Lipscomb et al. v. Houston & T. C. Ry. Co., 95 Tex. 5, 64 S.W. 923, 55 L.R.A. 869, 93 Am.St.Rep. 804. | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Does the agency carry all powers necessary to effectuate the purpose for which it was created? | Principal and Agent - Memo 315 - RK_61913.docx | ROSS-003280593-ROSS-003280594 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4837 | Griffin v. Phillips Petroleum Co., 139 S.W.2d 318 | 308+99 | The general principles involved are clearly and forcibly stated by Judge Wheeler in the case of McAlpin v. Cassidy, 17 Tex. 449, 450. It is there said, "Every agency carries with it, or includes in it, as an incident, all the powers which are necessary, or proper, or usual, as means to effectuate the purposes for which it was created, and none other. In this respect there is no distinction, whether the authority given to an agent is general or special, express or implied." It does not follow from the fact that McLaren was employed to transact certain business for appellee that he had the power to employ another to aid him in the transaction of the same business. Lipscomb et al. v. Houston & T. C. Ry. Co., 95 Tex. 5, 64 S.W. 923, 55 L.R.A. 869, 93 Am.St.Rep. 804. | Every agency carries with it all the powers which are necessary or proper as means to effectuate the purposes for which it was created, and in such respect there is no distinction, whether the authority given to an agent is general or special, express or implied. | Is there any distinction to the powers of an agent if the authority given is express or implied? | 041616.docx | LEGALEASE-00155663-LEGALEASE-00155664 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4838 | Jones v. Bank of Chapel Hill, 214 N.C. 794 | 308+92(1) | In Tiffany on Agency, Chap. VIII, p. 180, it is held: "The principal is liable upon a contract duly made by his agent with a third person-(1) When the agent acts within the scope of his actual authority; (2) When the contract, although unauthorized, has been ratified; (3) When the agent acts within the scope of his apparent authority, unless the third person has notice that the agent is exceeding his actual authority. "Apparent authority," as the term is used in the foregoing section, includes authority to do whatever is usual and necessary to carry into effect the principal power conferred upon the agent and to transact the business which he is employed to transact; and the principal cannot restrict his liability for acts of his agent within the scope of his apparent authority by limitations thereon of which the person dealing with the agent has not notice. (At p. 181). The principal may be estopped to deny that a person is his agent or that his agent has acted within the scope of his authority." | A principal is liable on agent's contracts, made within scope of agent's actual authority, or his apparent authority, unless third person has notice that agent is exceeding actual authority, and on agent's contracts ratified by the principal. | Is the principal liable upon a contract made by his agent with a third person when the third person has notice that the agent is exceeding his actual authority? | Principal and Agent - Memo 341 - RK_61929.docx | ROSS-003296294-ROSS-003296295 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4839 | Morpul Research Corp. v. Westover Hardware, 263 N.C. 718 | 308+116(1) | Our decisions adopt and quote the following statement from Tiffany on Agency, pp. 180-181, viz.: "The principal is liable upon a contract duly made by his agent with a third person-(1) When the agent acts within the scope of his actual authority; (2) When the contract, although unauthorized, has been ratified; (3) When the agent acts within the scope of his apparent authority, unless the third person has notice that the agent is exceeding his actual authority. "Apparent authority," as the term is used in the foregoing section, includes authority to do whatever is usual and necessary to carry into effect the principal power conferred upon the agent and to transact the business which he is employed to transact; and the principal cannot restrict his liability for acts of his agent within the scope of his apparent authority by limitations thereon of which the person dealing with the agent has not notice. The principal may be estopped to deny that a person is his agent or that his agent has acted within the scope of his authority.' Wynn v. Grant, 166 N.C. 39, 47, 81 S.E. 949; Brimmer v. M. H. Brimmer & Co., 174 N.C. 435, 439-440, 93 S.E. 984; Jones v. Bank of Chapel Hill, 214 N.C. 794, 797, 1 S.E.2d 135, 136. | A general agent may usually bind principal as to all acts within scope of agency including not only authority actually conferred but such as is usually confided to agent employed to transact business, and as to third persons, "real and apparent authority" is one and same and may not be restricted by special or private instructions of principal, unless limitations are known to such persons or act or power in question is of such unusual character as to put man of reasonable business prudence upon inquiry as to existence of particular authority claimed. | Can the principal be held liable if he ratifies an unauthorized contract made by his agent with a third person? | 041667.docx | LEGALEASE-00155398-LEGALEASE-00155399 | Condensed, SA | 0.54 | 0 | 1 | 0 | 1 | |
| 4840 | Bethel Sch. Dist. No. 403 v. Fraser, 478 U.S. 675 | 141E+735 | Respondent contends that the circumstances of his suspension violated due process because he had no way of knowing that the delivery of the speech in question would subject him to disciplinary sanctions. This argument is wholly without merit. We have recognized that "maintaining security and order in the schools requires a certain degree of flexibility in school disciplinary procedures, and we have respected the value of preserving the informality of the student-teacher relationship." New Jersey v. T.L.O., 469 U.S., at 340, 105 S.Ct., at 742. Given the school's need to be able to impose disciplinary sanctions for a wide range of unanticipated conduct disruptive of the educational process, the school disciplinary rules need not be as detailed as a criminal code which imposes criminal sanctions. Cf. Arnett v. Kennedy, 416 U.S. 134, 161, 94 S.Ct. 1633, 1647"1648, 40 L.Ed.2d 15 (1974) (REHNQUIST, J., concurring). Two days' suspension from school does not rise to the level of a penal sanction calling for the full panoply of procedural due process protections applicable to a criminal prosecution. Cf. Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975). The school disciplinary rule proscribing "obscene" language and the prespeech admonitions of teachers gave adequate warning to Fraser that his lewd speech could subject him to sanctions. | Given school's need to be able to impose disciplinary sanctions for wide range of unanticipated conduct disruptive of educational process, school disciplinary rules need not be as detailed as criminal code which imposes criminal sanctions. | Do school disciplinary rules need to be as detailed as a criminal code when imposes criminal sanctions? | 016841.docx | LEGALEASE-00156307-LEGALEASE-00156309 | Condensed, SA | 0.82 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4841 | State ex rel. State Highway Comm'n v. Johns, 507 S.W.2d 75 | 200+80 | The court quoted Elliott on Roads and Streets (4th Ed.) s 828, p. 1076: "Public highways belong, from side to side, and end to end, to the public,' and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se, and may be abated, notwithstanding space is left for the passage of the public. This is the only safe rule, for, if one person can permanently use a highway for his own private purposes, so may all, and if it were left to the jury to determine in every case how far such an obstruction might encroach upon the way without being a nuisance, there would be no certainty in the law, and what was at first a matter of small consequence would soon become a burden not only to adjoining owners, but to all the taxpayers and the traveling public as well. | Public highways belong, from side to side, and end to end, to the public and any permanent structure or purpresture which materially encroaches upon a public street and impedes travel is a nuisance per se and may be abated, notwithstanding space is left for the passage of the public. | Do public highway belong from side to side and end to end to the public? | Highways -Memo 432-PR_62048.docx | ROSS-003308155-ROSS-003308156 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 4842 | Stitch-Tec Co. v. Royal Banks of Missouri, 303 Ill. App. 3d 293 | 307A+685 | Notwithstanding the inconsistencies that exist, it is imperative that a court accept as true all uncontradicted, well-pleaded allegations in plaintiff's complaint, as well as facts contained in uncontested affidavits denying jurisdiction. Johnson v. Ortiz, 244 Ill.App.3d 384, 388, 185 Ill.Dec. 274, 614 N.E.2d 408, 411 (1993). Moreover, a court may receive and weigh affidavits, but any conflicts that exist in the affidavits and pleadings must be resolved in the plaintiff's favor, even though contrary allegations in the defendant's pleadings exist. Central Clearing, Inc. v. Omega Industries, Inc., 42 Ill.App.3d 1025, 1028, 1 Ill.Dec. 570, 356 N.E.2d 852, 855 (1976). Consequently, we find that, applying either burden, plaintiff has established that defendant submitted itself to the jurisdiction of the Illinois courts. | In deciding motion to dismiss complaint for lack of jurisdiction, a court may receive and weigh affidavits, but any conflicts that exist in the affidavits and pleadings must be resolved in the plaintiff's favor, even though contrary allegations in the defendant's pleadings exist. | Should the courts receiving and weighing affidavits resolve any existing conflicts in the affidavits and pleadings in favor of the plaintiff? | 024539.docx | LEGALEASE-00156252-LEGALEASE-00156253 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 4843 | Tierney v. Burlington N. R. Co., 240 Ill. App. 3d 526 | 307A+693.1 | It is undisputed by both parties that Federal substantive law applies to actions brought under FELA. (Dice v. Akron, C. & Y. R. Co. (1952), 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398.) However, it is well settled that the effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed. (In re Piper Aircraft Distribution System Antitrust Litigation (8th Cir.1977), 551 F.2d 213.) Although the dismissal in this case rendered all the prior issues and orders a nullity (see, Nat'l R.R. Passenger Corp. v. IAMAW, 915 F.2d 43 (1st Cir.1990), the parties agreed to preserve "all discovery" which had been previously filed in the Federal action. Nothing in the stipulation even remotely suggests that the parties intended to preserve prior judgments and orders from the Federal case. | Effect of voluntary dismissal without prejudice is to render proceedings a nullity and leave parties in same position as if case had never been filed. | Is the effect of a dismissal without prejudice to render the proceedings a nullity and leave the parties in the same position as if the case had never been filed? | 024663.docx | LEGALEASE-00155920-LEGALEASE-00155921 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4844 | Columbian Banking Co. v. Bowen, 134 Wis. 218 | 8.30E+04 | The negotiable instrument law is not merely a legislative codification of judicial rules previously existing in this state making that written law, which was before unwritten. It is, so far as it goes, an incorporation into written law of the common-law of the state, so to speak, the law-merchant generally as recognized here, with such changes or modifications and additions as to make a system harmonizing, so far as practicable, with that prevailing in other states. That it contains some quite material changes in previous rules governing commercial paper we have had occasion heretofore to point out. Hodge v. Smith, 130 Wis. 326, 110 N. W. 192; Aukland v. Arnold (Wis.) 111 N. W. 212. | The negotiable instrument law. Stats. (Supp.1906, Laws 1899, ch. 356) SS 1675-1684-6 (W.S.A. 116.01 et seq.), is not merely a legislative codification of judicial rules previously existing, but is, so far as it goes, an incorporation into the written law of the law merchant as recognized in Wisconsin, with such changes or modifications and additions as to make a system harmonizing, so far as practicable, with that prevailing in other states. | What is the Negotiable Instrument Law (N.I.L)? | 009120.docx | LEGALEASE-00157840-LEGALEASE-00157841 | Condensed, SA | 0.36 | 0 | 1 | 0 | 1 | |
| 4845 | Nelson v. Baptist Mem'l Hosp.-N. Mississippi, 972 So. 2d 667 | 307A+690 | Dismissal without prejudice prevents the plaintiff from being barred from filing a new suit on the same cause of action. Williams v. Mid-South Paving Co., 200 Miss. 103, 121, 25 So.2d 792, 798 (1946). On the other hand, dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, is extreme and harsh, and only the most egregious cases warrant such dismissals. Miss. Dep't of Human Servs. v. Guidry, 830 So.2d 628, 632 (Miss.2002). | Dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, is extreme and harsh, and only the most egregious cases warrant such dismissals. | "Is dismissal with prejudice, which prevents the plaintiff from bringing a new suit based on the same cause of action, extreme and harsh?" | 025014.docx | LEGALEASE-00157738-LEGALEASE-00157739 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 4846 | Porter v. Grayson Cty., 224 S.W.3d 855 | 302+111.48 | In her second issue, Porter argues the trial court could not dismiss her cause with prejudice based upon lack of jurisdiction. In general, a dismissal with prejudice is improper when the plaintiff is capable of remedying the jurisdictional defect. See Harris County v. Sykes, 136 S.W.3d 635, 639 (Tex.2004). But if a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. | If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action, and such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. | "As a general rule, is a dismissal with prejudice improper when the plaintiff is capable of remedying the jurisdictional defect?" | 025048.docx | LEGALEASE-00156707-LEGALEASE-00156708 | Condensed, SA | 0.26 | 0 | 1 | 0 | 1 | |
| 4847 | Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568 | 307A+690 | We agree with plaintiffs that they have been denied their day in court based exclusively on the conduct of their attorney. When an attorney is unable to try a case due to the first unavailability of an expert, dismissal of the complaint with prejudice "is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority." Allegro v. Afton Village Corp., 9 N.J. 156, 160-61, 87 A.2d 430 (1952). Although the request for an adjournment is addressed to the trial judge's discretion, the ultimate sanction of dismissal with prejudice should be imposed "only sparingly." Zaccardi v. Becker, 88 N.J. 245, 253, 440 A.2d 1329 (1982). Because "dismissal with prejudice is the ultimate sanction [when an expert is unavailable for the first time], it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party." Ibid. (citations omitted). The same principles were reaffirmed in Abtrax Pharmaceuticals, Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 512-17, 655 A.2d 1368 (1995). | Because dismissal with prejudice is the ultimate sanction when an expert is unavailable for the first time, it will normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party. | Will dismissal with prejudice normally be ordered only when no lesser sanction will suffice to erase the prejudice suffered by the non-delinquent party? | 025076.docx | LEGALEASE-00156805-LEGALEASE-00156806 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4848 | Missisippi Dept. of Human Services v. Guidry, 830 So. 2d 628 | 307A+690 | There is no set time limit on the prosecution of an action once it has been filed, and dismissal for failure to prosecute will be upheld only "where the record shows that a plaintiff has been guilty of dilatory or contumacious conduct." Watson, 493 So.2d at 1279. This Court is mindful of the fact that "dismissal with prejudice is an extreme and harsh sanction that deprives a litigant of the opportunity to pursue his claim, and any dismissals with prejudice are reserved for the most egregious cases." Wallace, 572 So.2d at 376 (citing Rogers v. Kroger Co., 669 F.2d 317 (5th Cir.1982)). What constitutes failure to prosecute depends on the facts of the particular case. Id. | Dismissal of action with prejudice is extreme and harsh sanction that deprives litigant of opportunity to pursue his claim, and any dismissals with prejudice are reserved for most egregious cases. | "Is dismissal of action with prejudice an extreme and harsh sanction that deprives litigant of opportunity to pursue his claim, and any dismissals with prejudice are reserved for most egregious cases?" | Pretrial Procedure - Memo # 10555 - C - KG_62452.docx | ROSS-003306854-ROSS-003306855 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4849 | Light v. Womack, 113 S.W.3d 872 | 102+133 | Point of error two contends that the trial court erred in dismissing appellant's suit "with prejudice." A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits. Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.App.-Beaumont 2001, no pet.). If the deficiency in the inmate's suit may be remedied in a subsequent filing, then a dismissal with prejudice is improper. Hickman v. Adams, 35 S.W.3d 120, 124 (Tex.App.-Houston [14th Dist.] 2000, no pet.). "The proper remedy is to modify the judgment by deleting the words "with prejudice" and by substituting the words "without prejudice." " Hughes, 65 S.W.3d at 746 (citing Tex.R.App. P. 43). | A dismissal for failure to comply with the rules governing the filing of in forma pauperis suits is not a ruling on the merits; if the deficiency in the inmate's suit may be remedied in a subsequent filing, then a dismissal with prejudice is improper. V.T.C.A., Civil Practice & Remedies Code S 14.004. | Is a dismissal for failure to comply with the rules governing the filing of in forma pauperis suits not a ruling on the merits? | Pretrial Procedure - Memo # 10566 - C - AC.docx | LEGALEASE-00047011-LEGALEASE-00047012 | Condensed, SA, Sub | 0.58 | 0 | 1 | 1 | 1 | 1 |
| 4850 | Kamm's Estate v. C.I.R., 349 F.2d 953 | 308+15 | The taxpayers also argue that Unger was an "escrowee", rather than an agent, because he was charged with making certain disbursements before remitting the net proceeds to the taxpayers. But this argument misconceives the nature of an escrow. Such an arrangement involves an intermediary with obligations to parties on both sides of the transaction, Commissioner of Internal Revenue v. Tyler, 3d Cir. 1934, 72 F.2d 950, as distinguished from an agent acting exclusively in the interest of and pursuant to the authority and direction of the seller. Of course, the fact that an agent represents several sellers, who have given various instructions concerning the disposition of their several shares in the proceeds, does not derogate from the individual agency relation between each seller and the common agent. Minnie R. Ebner, 1956, 26 T.C. 962; O. D. Bratton, 1959, 31 T.C. 891, 900, aff'd per curiam, 6th Cir. 1960, 283 F.2d 257, cert. denied, 1961, 366 U.S. 911, 81 S.Ct. 1084, 6 L.Ed.2d 235. | Fact that an agent represents several sellers who have given various instructions concerning disposition of their several shares and proceeds does not derogate from individual agency relation between each seller and common agent. | Will the fact that an agent represents several sellers derogate from the individual agency relation between each seller and the common agent? | Principal and Agent-Memo 9 - AM_62696.docx | ROSS-003308145-ROSS-003308146 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 4851 | Arizona v. United States, 567 U.S. 387 | 24+690 | The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens. See Toll v. Moreno, 458 U.S. 1, 10, 102 S.Ct. 2977, 73 L.Ed.2d 563 (1982); see generally S. Legomsky & C. Rodr"guez, Immigration and Refugee Law and Policy 115"132 (5th ed. 2009). This authority rests, in part, on the National Government's constitutional power to "establish an uniform Rule of Naturalization," Art. I, " 8, cl. 4, and its inherent power as sovereign to control and conduct relations with foreign nations, see Toll, supra, at 10, 102 S.Ct. 2977 (citing United States v. Curtiss"Wright Export Corp., 299 U.S. 304, 318, 57 S.Ct. 216, 81 L.Ed. 255 (1936)). | Government of United States has broad, undoubted power over subject of immigration and status of aliens, resting, in part, on its constitutional power to "establish an uniform Rule of Naturalization," and its inherent power as sovereign to control and conduct relations with foreign nations. U.S.C.A. Const. Art. 1, S 8, cl. 4. | Does the Federal Government have sovereign power to control and conduct relations with foreign nations? | "Aliens, Immigration, and Citizenship - Memo 48 - RK_63917.docx" | ROSS-003307236-ROSS-003307237 | Condensed, Order, SA | 0.52 | 1 | 1 | 0 | 1 | 1 |
| 4852 | Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 360+18.43 | Second. It does not follow, as California seems to argue that because the United States regulates immigration and naturalization in part on the basis of race and color classifications, a state can adopt one or more of the same classifications to prevent lawfully admitted aliens within its borders from earning a living in the same way that other state inhabitants earn their living. The Federal Government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and the terms and conditions of their naturalization. See Hines v. Davidowitz, 312 U.S. 52, 66, 61 S.Ct. 399, 403, 85 L.Ed. 581. Under the Constitution the states are granted no such powers; they can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states. State laws which impose discriminatory burdens upon the entrance or residence of aliens lawfully within the United States conflict with this constitutionally derived federal power to regulate immigration, and have accordingly been held invalid. Moreover, Congress, in the enactment of a comprehensive legislative plan for the nation-wide control and regulation of immigration and naturalization, has broadly provided:"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 16 Stat. 140, 144, 8 U.S.C. s 41, 8 U.S.C.A. s 41. | State laws which impose discriminatory burdens upon entrance of residence of aliens lawfully within the United States conflict with constitutionally derived federal power to regulate immigration and are invalid. | Can states enact laws imposing discriminatory burdens upon the residence of aliens? | "Aliens, Immigration, and Citizenship - Memo 52 - RK_63920.docx" | ROSS-003321399-ROSS-003321400 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4853 | Torao Takahashi v. Fish & Game Comm'n, 334 U.S. 410 | 360+18.43 | Second. It does not follow, as California seems to argue that because the United States regulates immigration and naturalization in part on the basis of race and color classifications, a state can adopt one or more of the same classifications to prevent lawfully admitted aliens within its borders from earning a living in the same way that other state inhabitants earn their living. The Federal Government has broad constitutional powers in determining what aliens shall be admitted to the United States, the period they may remain, regulation of their conduct before naturalization, and the terms and conditions of their naturalization. See Hines v. Davidowitz, 312 U.S. 52, 66, 61 S.Ct. 399, 403, 85 L.Ed. 581. Under the Constitution the states are granted no such powers; they can neither add to nor take from the conditions lawfully imposed by Congress upon admission, naturalization and residence of aliens in the United States or the several states. State laws which impose discriminatory burdens upon the entrance or residence of aliens lawfully within the United States conflict with this constitutionally derived federal power to regulate immigration, and have accordingly been held invalid. Moreover, Congress, in the enactment of a comprehensive legislative plan for the nation-wide control and regulation of immigration and naturalization, has broadly provided:"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 16 Stat. 140, 144, 8 U.S.C. s 41, 8 U.S.C.A. s 41. | State laws which impose discriminatory burdens upon entrance of residence of aliens lawfully within the United States conflict with constitutionally derived federal power to regulate immigration and are invalid. | Are state laws which impose discriminatory burdens upon the entrance of aliens valid? | "Aliens, Immigration, and Citizenship - Memo 54 - RK_63922.docx" | ROSS-003305538-ROSS-003305539 | SA, Sub | 0.89 | 0 | 0 | 1 | 1 | |
| 4854 | Bonhiver v. State Bank of Clearing, 29 Ill. App. 3d 794 | 83E+481 | It is our opinion that a time certificate of deposit is transferable by assignment. (See State Bank v. Central Mercantile Bank (1928), 246 N.Y. 428, 162 N.E. 475.) The bank's obligation is to pay the payee or assignee, and the assignee stands in no better position than his assignor when demand for payment is made. (People's Sav. Bk. v. Smith (1930), 210 Iowa 136, 230 N.W. 565.) The courts of this State have often held that an assignment of a promissory note may not be effected through a separate instrument. (Barrett et al. v. Hinckley (1888), 124 Ill. 32, 14 N.E. 863; Bouton v. Cameron (1903), 205 Ill. 50, 68 N.E. 800.) And the legislature has provided specifically that promissory notes shall be assignable "by endorsement thereon." (Ill.Rev.Stat.1971, ch. 98, pars. 1 and 2.) | A nonnegotiable time certificate of deposit is transferable by assignment; the bank's obligation is to pay the payee or assignee but the assignee stands in no better position than his assignor when demand for payment is made. | Is time certificate of deposit transferable by assignment and the bank obliged to pay the payee or assignee? | 010889.docx | LEGALEASE-00158418-LEGALEASE-00158419 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4855 | Mason v. Connell, 1 Whart. 381 | 289+927 | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | QuestionCan a partner admit a new member to the partnership without the consent of the other partners? | Partnership - Memo 497 - GP.docx | LEGALEASE-00047991-LEGALEASE-00047992 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 4856 | Landon v. Jarvis, 255 Ill. App. 3d 439 | 307A+685 | A section 2"619 motion to dismiss affords parties and the court a means of disposing of issues of law or of easily proved facts at the onset of a case. If defects are not apparent on the face of the pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Campbell, 207 Ill.App.3d at 547"48, 152 Ill.Dec. 519, 566 N.E.2d 47. | Motion to dismiss raising affirmative matter affords parties and court means of disposing of issues of law or of easily proved facts at the onset of case; if defects are not apparent on face of pleadings, affidavits may be employed to bring to light affirmative matters which would bar litigation. Ill.Rev.Stat.1991, ch. 110, P 2-619. | Can affidavits be employed to bring to light affirmative matters which would bar litigation if defects are not apparent on face of pleadings? | 025426.docx | LEGALEASE-00158080-LEGALEASE-00158081 | Condensed, SA, Sub | 0.1 | 0 | 1 | 1 | 1 | 1 |
| 4857 | Gardner v. Hollifield, 96 Idaho 609 | 302+354 | A complaint is subject to dismissal under Rule 12(b)(6) whenan affirmative defense appears on the face of the complaint itself. Stewart v. Arrington Const. Co., supra, 92 Idaho at 530, 446 P.2d 895; 2A Moore's Federal Practice 8.28, p. 1863 (1974); 5 Wright & Miller, Federal Practice and Procedure: Civil ss 1277, 1357 (1969). Ifan affirmative defense is not disclosed by the complaint itself, the defense may not be raised by motion to dismiss, except where'matters outside the pleading are presented to and not excluded by the court,' inwhich case 'the motion shall be treated as one for summary judgment.' I.R.C.P. 12(b); see Cook v. Soltman, 96 Idaho 187, 525 P.2d 969 (1974); 2A Moore's, supra; 5 Wright & Miller, supra; Stewart v. Arrington Const. Co., supra, 92 Idaho at 531, 446 P.2d 895. | If affirmative defense is not disclosed by complaint itself defense may not be raised by motion to dismiss except for matters outside the pleading are presented to and not excluded by court, in which case, the motion shall be treated as one for summary judgment. Rules of Civil Procedure, rule 12(b)(6). | Can an affirmative defense be raised by motion to dismiss if it is not disclosed by complaint? | Pretrial Procedure - Memo # 10794 - C - NS_63661.docx | ROSS-003280535-ROSS-003280536 | Condensed, SA, Sub | 0.62 | 0 | 1 | 1 | 1 | 1 |
| 4858 | Croft v. Young, 188 So. 2d 859 | 302+354 | By her brief appellant tells us that the affirmative defenses above enumerated were raised in an oral motion to dismiss the complaint made immediately prior to the trial. There is nothing in the record to substantiate this assertion, but even if it were true, it would not support appellant's position. In the case of Fletcher v. Williams this court held that affirmative defenses may not be asserted as grounds for a motion to dismiss a complaint, even though the availability of the defense as a bar to the action may appear on the face of the complaint. | Affirmative defenses may not be asserted as grounds for motion to dismiss complaint, even though availability of defense as bar to action may appear on face of complaint. 30 F.S.A. Rules of Civil Procedure, rule 1.8(d). | Can affirmative defenses be asserted even though availability of defense as bar to action may appear on face of complaint? | 025473.docx | LEGALEASE-00158470-LEGALEASE-00158471 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 4859 | Cornell v. Ripka, 897 N.W.2d 801 | 307A+699 | Substantial prejudice is neither to be "presumed nor inferred from the mere fact of delay;" rather, there must be "some particular prejudice of such a character that some substantial right or advantage will be lost or endangered if relief is granted." Cole, 884 N.W.2d at 639 (quotation omitted). When the non-moving party is able to "present the same evidence and call the same witnesses as he would have had the original judgment not been entered," no substantial prejudice has occurred. Seiberlich v. Burlington N. R.R., 447 N.W.2d 896, 898 (Minn. App. 1989), review denied (Minn. Nov. 21, 1990). | When the non-moving party on a motion to vacate a dismissal is able to present the same evidence and call the same witnesses as he would have had the original judgment not been entered, no substantial prejudice has occurred, as required to vacate a dismissal. Minn. R. Civ. P. 60.02. | "When the non-moving party on a motion to vacate a dismissal is able to present the same evidence and call the same witnesses, has no substantial prejudice occurred?" | Pretrial Procedure - Memo # 10806 - C - BP_63673.docx | ROSS-003279197 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 4860 | Gugello v. Select Specialty Hosp.-Tulsa, 143 P.3d 519 | 307A+699 | Trial courts should be "mindful of the policy favoring the deciding of legal controversies on their merits" and "if the order results in dismissal with prejudice, the court must take a closer look at the circumstances." Bicknell v. Randolph, 2005 OK CIV APP 7, 1, 105 P.3d 843, 846. | When ruling on a motion to vacate a judgment of dismissal, trial courts should be mindful of the policy favoring the deciding of legal controversies on their merits, and if the order results in dismissal with prejudice, the court must take a closer look at the circumstances. | Should trial courts be mindful of the policy favoring the deciding of legal controversies on their merits? | Pretrial Procedure - Memo # 10819 - C - PC_64082.docx | ROSS-003295972 | Condensed, SA, Sub | 0.02 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4861 | Atkinson v. Elk Corp., 109 Cal. App. 4th 739 | 307A+690 | We find that the grant of nonsuit in favor of respondent on the court's own motion was irregular. "In the absence of express statutory authority, a trial court may, under certain circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice. [Citations.]" (Lyons v. Wickhorst (1986) 42 Cal.3d 911, 915, 231 Cal.Rptr. 738, 727 P.2d 1019; see also " 581, subd. (m) [The provisions of Civ.Code, " 581 shall not be deemed to be an exclusive enumeration of the court's power to dismiss an action or dismiss a complaint as to a defendant].) However, the power of the court to dismiss actions with prejudice "has in the past been confined to two types of situations: (1) the plaintiff has failed to prosecute diligently (Romero v. Snyder (1914) 167 Cal. 216 [138 P. 1002] ... ); or (2) the complaint has been shown to be "fictitious or sham" such that the plaintiff has no valid cause of action (Cunha v. Anglo California Nat. Bank (1939) 34 Cal.App.2d 383, 388 [93 P.2d 572] ... )." (Lyons v. Wickhorst, supra, 42 Cal.3d at p. 915, 231 Cal.Rptr. 738, 727 P.2d 1019 [fn. omitted].) | In the absence of express statutory authority, a trial court may, under certain circumstances, invoke its limited, inherent discretionary power to dismiss claims with prejudice. | "Can a trial court invoke its limited, inherent discretionary power to dismiss claims with prejudice?" | 025677.docx | LEGALEASE-00158196-LEGALEASE-00158197 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4862 | Doe v. Visionaire Corp., 13 S.W.3d 674 | 30+78(4) | The general rule is that a dismissal without prejudice is not a final judgment and, therefore, not appealable. Chromalloy, 955 S.W.2d at 3. The analysis for the exceptions to this general rule have been stated as follows. A dismissal without prejudice may operate to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided. Id. An appeal from a dismissal without prejudice can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in a plaintiff's chosen forum. Id. When the effect of the order is to dismiss a plaintiff's action and not merely the pleading, then the dismissal is appealable. Mahoney v. Doerhoff Surgical Services, Inc., 807 S.W.2d 503, 506 (Mo. banc 1991); Nicholson v. Nicholson, 685 S.W.2d 588, 589 (Mo.App.1985). If the dismissal was such that refiling of the petition at that time would have been a futile act, then the order of dismissal is appealable. Nicholson, 685 S.W.2d at 589. | Dismissal without prejudice may operate to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided, as exception to general rule that dismissal without prejudice is not final and appealable. | "Is a dismissal without prejudice not a final judgment and, therefore cannot be appealed?" | Pretrial Procedure - Memo # 10929 - C - TM_63697.docx | ROSS-003296676-ROSS-003296677 | SA, Sub | 0.75 | 0 | 0 | 1 | 1 | |
| 4863 | Cornelius v. CJ Morrill, 302 S.W.3d 176 | 307A+675 | However, "a pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer."Freeman v. Leader Nat. Ins. Co., 58 S.W.3d 590, 597 (Mo.App.2001). A motion to dismiss based on an affirmative defense may be sustained if the defense is irrefutably established by the pleadings. St. Louis University v. Hesselberg Drug Co., 35 S.W.3d 451, 454 (Mo.App.2000). The petition may not be dismissed unless it establishes " "on its face without exception" " that the defense applies. K.G., 918 S.W.2d at 797 (quoting Sheehan v. Sheehan, 901 S.W.2d 57, 59 (Mo. banc 1995)); D.A.N., 218 S.W.3d at 458. Prior arbitration of the dispute is a bar to a legal action on the same dispute. Masonic Temple Association of St. Louis v. Farrar, 422 S.W.2d 95, 109 (Mo.App.1967). | A pleader may literally plead himself out of court, and when facts constituting a defense appear affirmatively on the face of the petition, the defense may be interposed by motion to dismiss without the necessity of a specific motion or answer. | Will the defense be interposed by motion to dismiss without the necessity of a specific motion or answer? | 025934.docx | LEGALEASE-00158248-LEGALEASE-00158249 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4864 | Missner v. Clifford, 393 Ill. App. 3d 751 | 307A+680 | However, in the end, it is a distinction without a difference. When reviewing a motion to dismiss under section 2"619, the circuit court must determine whether the motion and the documents supporting it disclose any disputed issues of fact and, ultimately, whether the affirmative defense negates the plaintiff's cause of action in its entirety. Turner v. 1212 S. Michigan Partnership, 355 Ill.App.3d 885, 892, 291 Ill.Dec. 476, 823 N.E.2d 1062 (2005), quoting Waterford Executive Group, Ltd. v. Clark/ Bardes, Inc., 261 Ill.App.3d 338, 343, 199 Ill.Dec. 207, 633 N.E.2d 1003 (1994). Similarly, summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill.2d 90, 102, 180 Ill.Dec. 691, 607 N.E.2d 1204(1992). | When reviewing a motion to dismiss, the circuit court must determine whether the motion and the documents supporting it disclose any disputed issues of fact and, ultimately, whether the affirmative defense negates the plaintiff's cause of action in its entirety. S.H.A. 735 ILCS 5/2-619(a)(9). | What should the court determine when reviewing a motion to dismiss? | Pretrial Procedure - Memo # 11098 - C - DA_63755.docx | ROSS-003291933-ROSS-003291934 | Condensed, SA | 0.66 | 0 | 1 | 0 | 1 | |
| 4865 | Tyler v. Gibbons, 368 Ill. App. 3d 126 | 307A+561.1 | A section 2-619 motion to dismiss raises certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law. In re Parentage of M.J., 325 Ill.App.3d 826, 259 Ill.Dec. 641, 759 N.E.2d 121 (2001). Since the resolution of the motion involves a question of law, the standard of review is de novo. Prime Leasing, Inc v. Kendig, 332 Ill.App.3d 300, 265 Ill.Dec. 722, 773 N.E.2d 84 (2002). On a motion to dismiss, this court must accept all well-pleaded facts as true. Prime Leasing, Inc., 332 Ill.App.3d 300, 265 Ill.Dec. 722, 773 N.E.2d 84. It is well settled that a verified complaint stands as an admission by a party. Sarelas v. Fagerburg, 316 Ill.App. 606, 45 N.E.2d 690 (1942). | An involuntary dismissal motion raises certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law. S.H.A. 735 ILCS 5/2-619. | Will an involuntary dismissal motion raise certain defects or defenses and questions whether defendant is entitled to judgment as a matter of law? | 025960.docx | LEGALEASE-00158286-LEGALEASE-00158287 | Condensed, SA, Sub | 0.77 | 0 | 1 | 1 | 1 | 1 |
| 4866 | In re Mario S., 38 Misc. 3d 444 | 24+179 | Whether or not a juvenile's application constitutes a potential abuse or misuse of the SIJ provisions of the immigration law is an issue to be determined by the USCIS. That issue is beyond the scope of what a state juvenile court is required to decide upon a motion for special findings which are a prerequisite to the filing of an application to adjust the juvenile alien's immigration status. Nothing in 8 USC " 1101(a)(27)(J) or the regulation indicates that the Congress intended that state juvenile courts pre-screen potential SIJ applications for possible abuse on behalf of the USCIS. | Juvenile court's function in deciding motion for special findings which would permit juvenile to file application for adjustment of status as a special immigrant juvenile (SIJ) is limited in scope: court must determine whether, under state law, juvenile is under age 21, unmarried, dependent upon court through order of placement or other court order, whether reunification with one or both parents is not possible due to abuse, neglect, or abandonment, and whether it would be contrary to juvenile's best interest to be returned to his or her previous country of nationality, and court need not determine any other issues, such as juvenile's motivation in moving for required findings, whether allowing particular child to remain in the country might pose threat to public safety, or whether United States Customs and Immigration Services (USCIS), the federal agency charged with enforcing immigration laws, may or may not grant juvenile's application for adjustment of status as a SIJ. Immigration and Nationality Act, S 101(a)(27)(J), 8 U.S.C.A. S 1101(a)(27)(J); 8 C.F.R. S 204.11(c). | Should a juvenile court be concerned with whether the juvenile application constitutes a potential misuse of SIJS provisions? | 006852.docx | LEGALEASE-00160460-LEGALEASE-00160461 | SA, Sub | 0.46 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4867 | Michigan Hosp. Serv. v. Sharpe, 339 Mich. 357 | 217+1001 | "If there is no hazard or peril, as contemplated by a statute defining insurance, but a mere contract entitling certificate holders to medical services or supplies at free or reduced rates, the contract is not one of insurance." 29 Am.Jur. 54, citing State ex rel. Fishback v. Universal Service Agency, 87 Wash. 413, 151 P. 768, Ann.Cas.1916C, 1017. | If there is no hazard or peril, as contemplated by statute defining insurance, but a mere contract entitling certificate holders to medical services or supplies at free or reduced rates, contract is not one of "insurance". Comp.Laws 1948, S 550.501 et seq. | Does a contract entitling certificate holders to medical services or supplies at free or reduced rates amount to insurance? | Insurance - Memo 56 - SNJ_64332.docx | ROSS-003293127-ROSS-003293128 | Condensed, SA, Sub | 0.28 | 0 | 1 | 1 | 1 | 1 |
| 4868 | Bailey v. B. F. Coggins Granite & Marble Indus., 192 Ga. 72 | 302+17 | It would not be sound or safe to allow a rule of pleading so liberal as to permit indefiniteness and uncertainty in respect to the essential facts of a cause of action or defense. To obviate such indefiniteness those essential facts giving rise to the cause of action must be pleaded directly and positively; and although in certain instances a fact not within the personal knowledge of the complainant may be charged upon information and belief, it must nevertheless by charged as a fact. It is not sufficient to say merely that petitioner "is informed and believes." That the averment must actually be made was held in Nance v. Daniel, 183 Ga. 538, 543, 189 S.E. 21, 24, where it was stated: "A further nsurmountable defect in this petition is that it alleges only the plaintiffs' information and belief that the defendant expects and intends to comply with the proclamation, without averring as a fact that he expects and intends to do so. | Essential facts giving rise to cause of action must be pleaded directly and positively, and, although the facts not within complainant's personal knowledge may in certain instances be charged upon information and belief, it must nevertheless be charged as a fact. | Should facts be pleaded directly and positively? | 023842.docx | LEGALEASE-00159325-LEGALEASE-00159326 | SA, Sub | 0.72 | 0 | 0 | 1 | 1 | |
| 4869 | Wheeler v. Eftink, 507 S.W.3d 598 | 307A+583 | While exercising sound judicial discretion, trial courts have an inherent power to dismiss a case for failure to prosecute with due diligence. Shirrell v. Missouri Edison Co., 535 S.W.2d 446, 448 (Mo. banc 1976). We acknowledge the trial court is in a superior position to determine who caused the delay and if such delay was prejudicial to the defendant. State ex rel. Missouri Highway & Transp. Comm'n v. Moulder, 726 S.W.2d 812, 813 (Mo. App. S.D. 1987) (explaining that the trial court has "intimate knowledge of all aspects of the case[.]"). Accordingly, we give great deference to the trial court, and its dismissal will not be disturbed unless we find an abuse of discretion. Shirrell, 535 S.W.2d at 448. We presume the trial court's ruling is correct, and the appellant bears the burden of showing the court abused its discretion. Id. at 449. | While exercising sound judicial discretion, trial courts have an inherent power to dismiss a case for failure to prosecute with due diligence. | "Do courts have an inherent power to dismiss a case for failure to prosecute with due diligence, while exercising sound judicial discretion?" | 040366.docx | LEGALEASE-00160487-LEGALEASE-00160488 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4870 | Ackerman v. Sobol Family P'ship, LLP, 298 Conn. 495 | 308+38 | "Apparent authority terminates when the third person has notice that: (1) the agent's authority has terminated; (2) the principal no longer consents that the agent shall deal with the third person; or (3) the agent is acting under a basic error as to the facts. 1 Restatement (Second), Agency " 125, comment (a) (1958). Unless otherwise agreed, there is a notification by the principal to the third person of revocation of an agent's [apparent] authority or other fact indicating its termination: (a) when the principal states such fact to the third person; or (b) when a reasonable time has elapsed after a writing stating such fact has been delivered by the principal (i) to the other personally.... 1 Restatement (Second), [supra, at " 136(1)]. In addition, the principal can properly give notification of the termination of the agent's authority by ... (b) giving publicity by some ... method reasonably adapted to give the information to such third person. [Id., " at 136(3) ]." (Citations omitted; internal quotation marks omitted.) Tomlinson v. Board of Education, 226 Conn. at 734"35, 629 A.2d 333; see also Quint v. O'Connell, 89 Conn. 353, 357, 94 A. 288 (1915). | The principal can properly give notification of the termination of the agent's apparent authority by giving publicity by some method reasonably adapted to give the information to such third person. Restatement (Second) of Agency S 136(3). | Can a principal give notification of the termination of the agent's authority by any method reasonably adapted to give the information to such third person? | Principal Agent- Memo 25- AM_64480.docx | ROSS-003282890-ROSS-003282891 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |
| 4871 | Wallace Berrie & Co. v. State Bd. of Equalization, 40 Cal. 3d 60 | 371+3603 | Having identified the relevant standard of review, we briefly turn to the purposes and structure of the sales and use tax law upon which Regulation 1670(c) is based. The California Sales and Use Tax Law (Rev. & Tax. Code, " 6001, et seq.) embodies a comprehensive tax system created to impose an excise tax, for the support of state and local government, on the sale, use, storage or consumption of tangible personal property within the state. (See Douglas Aircraft Co. v. Johnson (1939) 13 Cal.2d 545, 90 P.2d 572.) The two taxes, sales and use, are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question. In essence " "[a] sales tax is a tax on the freedom of purchase. [a] use tax is a tax on the enjoyment of that which was purchased." " | Sales and use taxes are mutually exclusive but complementary, and designed to exact equal tax based upon percentage of purchase price of property in question. | "Are the two taxes, sales and use designed to exact an equal tax based on a percentage of the purchase price of the property in question?" | 046215.docx | LEGALEASE-00159805-LEGALEASE-00159806 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4872 | Arborwood Idaho v. City of Kennewick, 151 Wash. 2d 359 | 371+3602 | Our cases establish that an assessment is a valid excise tax if (1) the obligation to pay an excise tax is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise tax, and (2) the element of absolute and unavoidable demand is lacking. Covell, 127 Wash.2d at 889, 905 P.2d 324; High Tide Seafoods v. State, 106 Wash.2d 695, 699, 725 P.2d 411 (1986); Black v. State, 67 Wash.2d 97, 99, 406 P.2d 761 (1965). The subject of the excise tax under RCW 35.21.768 is ambulance service and the tax is to be imposed on those who are "served and billed for said ambulance service." | An assessment is a valid excise tax if (1) the obligation to pay an excise tax is based upon the voluntary action of the person taxed in performing the act, enjoying the privilege, or engaging in the occupation which is the subject of the excise tax, and (2) the element of absolute and unavoidable demand is lacking. | When is an assessment a valid excise tax? | 046239.docx | LEGALEASE-00159856-LEGALEASE-00159857 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 4873 | Spritzer v. United States, 968 F. Supp. 206 | 135H+25 | Penalties imposed under the FCA are civil and do not constitute punishment; thus, the imposition of civil penalties subsequent to a court order of restitution does not facially violate the Fifth Amendment's double jeopardy clause. See Halper, 490 U.S. at 442, 109 S.Ct. at 1898"99. In the "rare case," however, a civil penalty may be so disproportionate to the damages caused as to constitute punishment. See id. at 449, 109 S.Ct. at 1902 | Penalties imposed under False Claims Act (FCA) are civil and do not constitute "punishment," and thus, imposition of civil penalties subsequent to court order of restitution does not facially violate Fifth Amendment's double jeopardy clause, though in rare case civil penalty may be so disproportionate to damages caused as to constitute "punishment." U.S.C.A. Const.Amend. 5. | "Are penalties imposed under the False Claims Act civil and do not constitute ""punishment""?" | 015194.docx | LEGALEASE-00160600-LEGALEASE-00160601 | Condensed, SA, Sub | 0.13 | 0 | 1 | 1 | 1 | 1 |
| 4874 | Valona v. United States, 919 F. Supp. 1260 | 135H+25 | The Court finds the reasoning of the Fifth and Seventh Circuits in keeping with the language of the statute that the forfeiture of money and items of value intended to be furnished in exchange for drugs is not a punishment because no property right exists in such property. | Forfeiture of money and items of value intended to be furnished in exchange for drugs is not a punishment for double jeopardy purposes because no property right exists in such property. U.S.C.A. Const.Amend. 5; Comprehensive Drug Abuse Prevention and Control Act of 1970, S 511(a)(6), 21 U.S.C.A. S 881(a)(6). | Is the forfeiture of money and items of value intended to be furnished in exchange for drugs not a punishment for double jeopardy purposes because no property right exists in such property? | 015572.docx | LEGALEASE-00160682-LEGALEASE-00160683 | Condensed, SA, Sub | 0.11 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4875 | Jason O. v. Manhattan Sch. Dist. No. 114, 173 F. Supp. 3d 744 | 141E+862 | Generally, an IEP is valid under the statute when: (1) the school district adheres to the IDEA's procedures; and (2) the IEP is "reasonably calculated to enable the child to receive educational benefits" by responding to "all significant facets of the student's disability both academic and behavioral." Board of Education of Hendrick Hudson Central School District, Westchester County v. Rowley, 458 U.S. 176, 206"07, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982); Alex R. v. Forrestville Valley Community Unit School District No. 221, 375 F.3d 603, 611"15 (7th Cir.2004). The "reasonably calculated" standard means "likely to produce progress, not regression or trivial educational advancement," and the "requisite degree" of such progress varies depending upon the student's abilities. Alex R., 375 F.3d at 615. When a dispute arises under the IDEA mandate, the parties may seek administrative review under the statute, 20 U.S.C. " 1415(f), known as a "due process" hearing, which in turn may be appealed to this Court. | The reasonably calculated standard for determining whether an individualized education program (IEP) is valid, under IDEA, by being reasonably calculated to enable the child to receive educational benefits by responding to all significant facets of the student's disability both academic and behavioral, means likely to produce progress, not regression or trivial educational advancement, and the requisite degree of such progress varies depending upon the student's abilities. Individuals with Disabilities Education Act S 614, 20 U.S.C.A. S 1414(d). | Must an Individualized Education Plan (IEP) be reasonably calculated to enable a child to receive benefits? | 017183.docx | LEGALEASE-00160965-LEGALEASE-00160966 | Condensed, SA, Sub | 0.46 | 0 | 1 | 1 | 1 | 1 |
| 4876 | Frangis v. Duquesne Light Co., 232 Pa. Super. 420 | 307A+699 | It is axiomatic that a non-suit is properly entered only in a clear case. Hader v. Coplay Cement Mfg. Co., 410 Pa. 139, 189 A.2d 271 (1963). In passing on a motion to remove a judgment of compulsory non-suit, the plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising from the evidence. Further, all conflicts in the evidence must be resolved in favor of the plaintiff. Apple v. Reichert, 443 Pa. 289, 278 A.2d 482 (1971); Idlette v. Tracey, 407 Pa. 278, 180 A.2d 37 (1962). The propriety of the lower court's ruling must be examined against the background of these well-established principles. | In passing on motion to remove judgment of compulsory nonsuit, plaintiff must be given benefit of all evidence favorable to him, together with all reasonable inferences of fact arising from evidence and all conflicts in evidence must be resolved in favor of plaintiff. | "In passing on motion to remove judgment of compulsory nonsuit, should a plaintiff be given a benefit of all evidence favorable to him?" | Pretrial Procedure - Memo 11218 - C - TM_65253.docx | ROSS-003292234-ROSS-003292235 | Condensed, SA | 0.6 | 0 | 1 | 0 | 1 | |
| 4877 | Moore v. Gannon, 178 So. 2d 618 | 307A+699 | The good cause necessary under the statute to reinstate a suit dismissed for failure to prosecute must essentially be made to appear by the petition for reinstatement. | The good cause necessary under statute to reinstate a suit dismissed for failure to prosecute must essentially be made to appear by petition for reinstatement. F.S.A. S 45.19. | Should the good cause necessary under statute to reinstate a suit dismissed for failure to prosecute essentially be made to appear by petition for reinstatement? | Pretrial Procedure - Memo 11461 - C - SKG.docx | LEGALEASE-00051012-LEGALEASE-00051013 | SA, Sub | 0.05 | 0 | 0 | 1 | 1 | |
| 4878 | Dobroslavic v. Bexar Appraisal Dist., 397 S.W.3d 725 | 307A+583 | A party must be provided with notice and an opportunity to be heard before a trial court may dismiss for want of prosecution under either Rule 165a or its inherent authority.Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999). The Texas Supreme Court has held that a trial court's failure to provide adequate notice of its intent to dismiss requires reversal because a party's due process rights have been violated. See id.; but see Hernandez v. ISE, Inc., No. 04"06"00888"CV, 2008 WL 80005, (Tex.App.-San Antonio 2008, no pet.) (concluding there was no need to reverse the trial court's judgment for failure to provide adequate notice when the appellant was provided with an opportunity to refute the dismissal of her case at a hearing on a motion to reinstate). | Plaintiffs received adequate notice of trial court's intent to dismiss for want of prosecution either under the rules of civil procedure for failure to comply with time standards established by the Texas Supreme Court or under the trial court's inherent authority, where the trial court clerk's notice did not make dismissal contingent on plaintiffs' failure to make an announcement, and the notice expressly stated that plaintiffs' case had been "on file for an extended period of time," that it had "not been prosecuted," that "the court (was) of the opinion that in accordance with the Supreme Court guidelines" the case should be "specially set for dismissal," and that the case would be dismissed "unless good and sufficient cause" was "shown for (its) retention on the docket." Vernon's Ann.Texas Rules Civ.Proc., Rule 165a(2). | "Once prima facie case of lack of notice is established under a rule extending time to set aside dismissal for want of prosecution, does failure to hold a hearing and make a finding constitute abuse of discretion?" | 040039.docx | LEGALEASE-00161389-LEGALEASE-00161390 | Condensed, SA, Sub | 0.07 | 0 | 1 | 1 | 1 | 1 |
| 4879 | City of McAllen v. Ramirez, 875 S.W.2d 702 | 307A+581 | At first glance, the provision in Rule 165a(4) for cumulative remedies would seem to allow Hasler to file a motion for new trial in addition to his motion to reinstate. However, we believe that this clause should not be interpreted so broadly, but should be limited to other viable procedures and remedies which are not duplicative and inherently inconsistent with the procedures set forth in Rule 165a itself. | Cumulative remedies provision in rule governing dismissal for want of prosecution and reinstatement is limited to other viable procedures and remedies which are not inherently inconsistent with procedures set forth in rule itself. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a, subd. 4. | Is the cumulative remedies provision in a rule governing dismissal for want of prosecution and reinstatement limited to other viable procedures and remedies which are not inherently inconsistent? | 040090.docx | LEGALEASE-00160941-LEGALEASE-00160942 | Condensed, SA, Sub | 0.3 | 0 | 1 | 1 | 1 | 1 |
| 4880 | Ellmossallamy v. Huntsman, 830 S.W.2d 299 | 307A+697 | A motion to reinstate essentially provides a dismissed plaintiff the opportunity to explain a failure to prosecute with due diligence and ask the trial court to reconsider its decision to dismiss. Stromberg Carlson, 750 S.W.2d at 865. Appellee refers us to Texas Society, Daughters of the American Revolution v. Estate of Julia Hubbard, 768 S.W.2d 858 (Tex.App. Texarkana 1989, no writ), where a motion to reinstate was denied because appellant did not provide a reasonable explanation for failure to diligently prosecute its case. In the latter case, the appellant declared it was ready to go to trial, but had not conducted its own requested pretrial discovery nor responded to the appellee discovery request. Id. at 861. | Motion to reinstate provides dismissed plaintiff the opportunity to explain failure to prosecute with due diligence and ask trial court to reconsider its decision to dismiss. | Does a motion to reinstate provide a dismissed plaintiff the opportunity to explain the failure to prosecute with due diligence? | 040100.docx | LEGALEASE-00161122-LEGALEASE-00161123 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4881 | Willis v. Columbus Med. Ctr., 306 Ga. App. 331 | 307A+590.1 | Georgia law mandates the automatic dismissal of any case in which "no written order is taken for a period of five years." See OCGA "" 9"2"60(b); 9"11"41(e). The appellate courts of this state have consistently held that, in order to toll the automatic dismissal, an order must be "written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citation and punctuation omitted.) Republic Claims Svc. Co. v. Hoyal, 264 Ga. 127, 128, 441 S.E.2d 755 (1994). See Zepp v. Brannen, 283 Ga. 395, 398, 658 S.E.2d 567 (2008); Scott v. DeKalb County Hosp. Auth., 168 Ga.App. 548(1), 309 S.E.2d 635 (1983). Significantly, "[d]ismissal cannot be avoided even by obtaining a written order signed by the trial court until such order is duly entered in the record by filing it with the clerk." Prosser v. Grant, 224 Ga.App. 6(2), 479 S.E.2d 775 (1996). A dismissal resulting from the failure to meet these statutory requirements is mandatory and leaves the trial court without discretion to reinstate the case. See Republic Claims Svc. Co., 264 Ga. at 128, 441 S.E.2d 755; Swint v. Smith, 219 Ga. 532, 533"534(1), 134 S.E.2d 595 (1964); Scott, 168 Ga.App. at 548(2), 309 S.E.2d 635. | Dismissal resulting from failure to meet statutory requirement of obtaining a written order signed by the trial court and filing it with the clerk within five years is mandatory and leaves the trial court without discretion to reinstate the case. West's Ga.Code Ann. SS 9-2-60(b), 9-11-41(e). | Does an automatic dismissal due to a fact that no written order is taken for a period of five years result as a matter of law and the court has no discretion to order action reinstated? | 040104.docx | LEGALEASE-00161223-LEGALEASE-00161224 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4882 | McKane Family Ltd. P'ship v. Sacajawea Family Ltd. P'ship, 211 So. 3d 117 | 307A+695 | Such a lapse, however, is not ultimately fatal, and the plaintiff may amend its complaint. See Hosp. Corp. of Am. v. Lindberg, 571 So.2d 446, 449 (Fla. 1990) (holding that "in medical malpractice actions, if a presuit notice is served at the same time as a complaint is filed, the complaint is subject to dismissal with leave to amend"); Coconut Creek, 840 So.2d at 393 (recognizing that if a complaint is dismissed for failure to comply with a statutory condition precedent, the dismissal should be with leave to amend if the statute of limitations has not run). We find that, likewise, a party's failure to comply with a statute's pleading requirement that a pre-suit demand was made is not necessarily fatal and that the demand may be made post-suit and alleged in an amended complaint. | A party's failure to comply with a statute's pleading requirement that a pre-suit demand be made is not necessarily fatal, and the demand may be made post-suit and alleged in an amended complaint. | Is a party's failure to comply with a statute's pleading requirement that a pre-suit demand be made not necessarily fatal? | 040115.docx | LEGALEASE-00161421-LEGALEASE-00161422 | Condensed, SA | 0.75 | 0 | 1 | 0 | 1 | |
| 4883 | Delia & Wilson v. Wilson, 448 So. 2d 621 | 307A+695 | Although the trial court correctly dismissed appellants' amended complaint for failure to state a cause of action, it was improper to dismiss this complaint with prejudice. A dismissal with prejudice should not be ordered without giving the party offering the defective pleading an opportunity to amend unless it is clear that the pleading cannot be amended so as to state a cause of action. Hansen v. Central Adjustment, Bureau, Inc., 348 So.2d 608 (Fla. 4th DCA 1977). We believe that appellants should be given the opportunity to amend so as to state a cause of action. We reverse the trial court's order dismissing the amended complaint with prejudice; upon remand appellants shall be allowed to file an amended complaint. | A dismissal with prejudice should not be ordered without giving party offering the defective pleading an opportunity to amend unless it is clear that pleading cannot be amended so as to state a cause of action. | Should a dismissal with prejudice not be ordered without giving the party an opportunity to amend unless it is clear the pleading cannot be amended? | 040232.docx | LEGALEASE-00161667-LEGALEASE-00161668 | Condensed, SA | 0.71 | 0 | 1 | 0 | 1 | |
| 4884 | City of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750 | 307A+695 | Bybee v. Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910, 917 (1960) (quoting Lone Star Finance Corp. v. Davis, 77 S.W.2d 711, 715 (Tex.Civ.App."Eastland 1934, no writ)). Thus, if the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. Peek v. Equipment Serv. Co., 779 S.W.2d 802, 805 (Tex.1989); see Texas Ass'n of Business, 852 S.W.2d at 446. It is, of course, possible for a party to plead facts that affirmatively demonstrate an absence of jurisdiction. See Peek, 779 S.W.2d at 804. Because such a defect is incurable, immediate dismissal of the case is proper in that circumstance. See City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex.1985). | If the plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. | "When the plaintiff's pleadings show a lack of jurisdiction, is the proper remedy to allow the plaintiff an opportunity to amend before dismissing?" | Pretrial Procedure - Memo 11613 - C - TJ_65350.docx | ROSS-003292255-ROSS-003292256 | Condensed, SA | 0.73 | 0 | 1 | 0 | 1 | |
| 4885 | Henderson v. Blalock, 465 S.W.3d 318 | 307A+583 | In his second of three issues, Henderson challenges the trial court's dismissal of the case for want of prosecution. This court will reverse a trial court's dismissal for want of prosecution only if the court clearly abused its discretion. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex.1997) (per curiam). A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) Texas Rule of Civil Procedure 165a; and (2) the trial court's inherent authority to manage its own docket. Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999); Gantt v. Getz, No. 14"10"00003"CV, 2011 WL 1849085, (Tex.App."Houston [14th Dist.] May 12, 2011, no pet.) (mem.op.). Under Rule 165a, a court may dismiss a case due to the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," Tex.R. Civ. P. 165 a(1), or when a case is "not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules," Tex.R. Civ. P. 165 a(2).1 See also Villarreal, 994 S.W.2d at 630 ; Gantt, 2011 WL 1849085. "In addition, under the common law, the trial court has the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute its case with due diligence." Southwell Invs. Group, III v. Indwell Res., Inc., No. 14"08"00695"CV, 2010 WL 1379987, (Tex.App."Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem.op.); see also Villarreal, 994 S.W.2d at 630. | A trial court's power to dismiss a case for want of prosecution stems from two sources: (1) the Rules of Civil Procedure; and (2) the trial court's inherent authority to manage its own docket. Tex. R. Civ. P. 165. | Does a court's power to dismiss a case for want of prosecution stem from the Rules of Civil Procedure? | 040376.docx | LEGALEASE-00160523-LEGALEASE-00160524 | Order, SA | 0.86 | 1 | 0 | 0 | 1 | |
| 4886 | Jenkins v. Tucker, 18 So. 3d 265 | 307A+583 | Trial courts have the inherent authority to dismiss cases for lack of prosecution as a means of controlling the court's docket and ensuring the "orderly expedition of justice." Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). Rule 41(b) of the Mississippi Rules of Civil Procedure provides for dismissal of a case upon the motion of the defendant for failure to prosecute. On appeal, this Court reviews such a decision for an abuse of discretion. Cox v. Cox, 976 So.2d 869, 874(11) (Miss.2008). | Trial courts have the inherent authority to dismiss cases for lack of prosecution as a means of controlling the court's docket and ensuring the orderly expedition of justice. Rules Civ.Proc., Rule 41(b). | Is the authority inherent to the courts to dismiss an action for lack of prosecution necessary as a means to the orderly expedition of justice and the court's control of its own docket? | 040391.docx | LEGALEASE-00160618-LEGALEASE-00160619 | SA, Sub | 0.59 | 0 | 0 | 1 | 1 | |
| 4887 | Fox v. Wardy, 225 S.W.3d 198 | 30+3206 | The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. See State v. Rotello, 671 S.W.2d 507, 508"09 (Tex.1984); Dick Poe Motors, 169 S.W.3d at 484. A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241"42 (Tex.1985); Dick Poe Motors, 169 S.W.3d at 484. The appellant bears the burden of producing a record that shows the trial court abused its discretion. Simon v. York Crane & Rigging Co., Inc., 739 S.W.2d 793, 795 (Tex.1987). | The decision to dismiss a case for want of prosecution rests within the sound discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse of discretion. | Can the decision to dismiss a case for want of prosecution rest within the sound discretion of the trial court? | Pretrial Procedure - Memo 11728 - C - SHS_65444.docx | ROSS-003279525 | Condensed, SA | 0.74 | 0 | 1 | 0 | 1 | |
| 4888 | McComas v. Ross, 368 S.C. 59 | 30+3206 | Whether an action should be dismissed for failure to prosecute is left to the discretion of the trial court judge, and his decision will not be disturbed, except upon a clear showing of an abuse of discretion. Small v. Mungo, 254 S.C. 438, 442, 175 S.E.2d 802, 804 (1970). | Whether an action should be dismissed for failure to prosecute is left to the discretion of the trial court judge, and his decision will not be disturbed, except upon a clear showing of an abuse of discretion. | Is the question of whether an action should be dismissed for failure to prosecute left to the discretion of the trial court judge? | 040469.docx | LEGALEASE-00161211-LEGALEASE-00161212 | Condensed, SA | 0.23 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4889 | Smith v. McKee, 145 S.W.3d 299 | 307A+583 | Appellant's first issue asserts the trial court failed to apprise Appellant of its intent to dismiss for want of prosecution. A trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure; and (2) the court's inherent power. See Villarreal v. San Antonio Truck & Equip., 994 S.W.2d 628, 630 (Tex.1999); Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," or when a case is "not disposed of within time standards promulgated by the Supreme Court." Tex.R. Civ. P. 165a(1)-(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. Villarreal, 994 S.W.2d at 631; State v. Rotello, 671 S.W.2d 507, 508"09 (Tex.1984). | The common law vests the trial court with the inherent power to dismiss independently of the rules of civil procedure when a plaintiff fails to prosecute his or her case with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does a court possess the inherent power to dismiss a case for want of prosecution independently of the rules of procedure? | 040475.docx | LEGALEASE-00161243-LEGALEASE-00161244 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4890 | Stein v. Maryland State Police, 62 Md. App. 702 | 307A+583 | The decision whether a case ought to be dismissed pursuant to Rule 530 for lack of prosecution generally rests in the sound discretion of the trial judge. Stanford, supra. Similarly, the decision to suspend the operation of the rule upon proper application will be set aside on appeal only in " "extreme cases of clear abuse." " Langrall, Muir & Noppinger v. Gladding, 282 Md. 397, 400, 384 A.2d 737, 739 (1978) (quoting Stanford, 260 Md. at 555, 273 A.2d at 193). Unquestionably, the trial judge properly exercised his power to grant the 90-day suspension of the dismissal period. | Decision whether a case ought to be dismissed for lack of prosecution generally rests in the sound discretion of the trial judge. Md.Rule 530. | Does the decision whether a case ought to be dismissed for lack of prosecution generally rest in the sound discretion of the trial judge? | Pretrial Procedure - Memo 11794 - C - NC_65471.docx | ROSS-003280149-ROSS-003280150 | Order, SA | 0.76 | 1 | 0 | 0 | 1 | |
| 4891 | Peretzman v. Borochoff, 58 Ga. App. 838 | 8.30E+10 | 345 "Any plea which impeaches the original validity, or declares any subsequent extinguishment of the contract, must be governed by the law of the place where the contract was made. Thus, infancy, coverture, tender, or payment, or discharge by insolvent laws, if a valid defense by the lex loci contractus, will be a valid defense everywhere." Vol. 2, Daniel on Negotiable Instruments, 7th Ed., 1114, " 1023 "The place where a contract is made depends not upon the place where it is written, signed, or dated, but upon the place where it is delivered as consummating the bargain. Thus, the law of the place where a bill or note is written, signed, or dated does not necessarily control it but the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorse, or, as has been said, where the last act essential to its completion was done, so that, where a note was executed in one State but not completed until accepted in another State, it is made in that other State. A note drawn and dated in Maryland, but delivered in New York, in payment of goods there purchased, or money loaned, is payable in and governed by the laws of New York. And if a note be dated and signed in blank in Virginia, and sent to Maryland, and there filled up and negotiated, it is a Maryland, and not a Virginia note. In a Maine case, it appeared that a husband and wife executed a note in Massachusetts, the wife being surety for her husband, and the husband delivered it by mail to the payee in Maine. By law of Massachusetts the wife could not bind herself, but in Maine a married woman could contract for any lawful purpose. The law of Maine was held to apply, and the wife held liable." 2, Daniel on Negotiable Instruments, 7th Ed., 1110, " 1017. | A bill or note is controlled, not necessarily by the law of the place where it is written, signed, or dated, but by the law of the place where it is delivered from drawer or maker to payee, or from indorser to indorsee, or where the last act essential to its completion was done. | "Does the law of the place where a bill is written, signed or dated control it?" | Bills and Notes - Memo 1336 - RK_66239.docx | ROSS-003323760-ROSS-003323761 | Condensed, SA | 0.84 | 0 | 1 | 0 | 1 | |
| 4892 | Thomas v. Layton, 324 S.W.3d 150 | 289+568(3) | A managing partner bears the burden to "dispel all doubts concerning his conduct toward the partnership or the other partners, and if he is unable to carry this burden all doubts will ordinarily be resolved against him." Conrad v. Judson, 465 S.W.2d 819, 828 (Tex.Civ.App.-Dallas 1971, writ ref'd n.r.e.). The managing partner owes the duty to keep an accurate account of his transactions with or for the partnership. Id. If he fails to do so, all doubts with respect to particular items will ordinarily be resolved against him on an accounting. Id. Moreover, any doubts regarding the validity of credits he claims must be resolved against him. Id. | The managing partner owes the duty to keep an accurate account of his transactions with or for the partnership; if he fails to do so, all doubts with respect to particular items will ordinarily be resolved against him on an accounting. | "If a managing partner fails to keep an accurate account, do all doubts respecting particular items get resolved against him on accounting?" | 022720.docx | LEGALEASE-00162412-LEGALEASE-00162413 | Condensed, SA | 0.64 | 0 | 1 | 0 | 1 | |
| 4893 | Pine Twp. Water Co. v. Felmont Oil Corp., 425 Pa. Super. 473 | 307A+698 | The denial of a petition to open and/or strike judgment of non pros is subject to an abuse of discretion standard of review. Sklar v. Harleysville Insurance Co., 526 Pa. 617, 587 A.2d 1386 (1991); Martin v. Grandview Hospital, 373 Pa.Super. 369, 541 A.2d 361 (1988). In order to open a non pros judgment three factors must be satisfied: 1) the petition to open must be promptly filed; 2) the delay must be reasonably explained; and 3) facts must be shown to exist which support a cause of action. Id. Pa.R.C.P. 3051. There is no disagreement appellant's petition to open judgment was timely filed.However, we must also address whether the inordinate amount of docket inactivity has been reasonably explained. | In order to open non pros judgment, three factors must be satisfied, (1) petition to open must be promptly filed, (2) delay must be reasonably explained, and (3) facts must be shown to exist which support cause of action. Rules Civ.Proc., Rule 3051, 42 Pa.C.S.A. | "Before a court can grant petition to open judgment non pros, should there be a reasonable explanation or excuse for default?" | 040594.docx | LEGALEASE-00162336-LEGALEASE-00162337 | Condensed, SA | 0.63 | 0 | 1 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4894 | Young v. United States, 94 Fed. Cl. 671 | 34+136 | Based on the plain language of the transfer statute, the court lacks the authority to transfer plaintiff's 10 U.S.C. " 1174(h)(2) claim to another forum. Contrary to plaintiff's suggestion, the Board of Veterans' Appeals possesses jurisdiction to adjudicate claims for the recovery of separation pay deducted from veterans disability compensation by operation of section 1174(h)(2). See 38 U.S.C. " 7104 (2006) (indicating that the Board of Veterans' Appeals possesses jurisdiction to render final decisions in disputes concerning the provision of veterans benefits (citing 38 U.S.C. " 511(a))); Carlisle v. United States, 66 Fed.Cl. 627, 633 (2005) (noting that the Board of Veterans' Appeals "regularly consider[s]" claims concerning the reduction of disability compensation through the recoupment of separation pay). In fact, the Board of Veterans' Appeals has considered, on numerous occasions, the merits of claims concerning the application of section 1174(h)(2) without questioning its jurisdiction to do so. See, e.g., No. 0908385, 2009 WL 1273972 (Bd.Vet.App. Mar. 6, 2009); No. 0712041, 2007 WL 3184583 (Bd.Vet.App. Apr. 25, 2007). And, the United States Court of Appeals for Veterans Claims, which possesses appellate jurisdiction over the Board of Veterans' Appeals, 38 U.S.C. " 7252(a), has reviewed Board decisions concerning the application of section 1174(h)(2) without raising any objections to the Board's exercise of jurisdiction to issue those decisions. See, e.g., Majeed v. Nicholson, 19 Vet.App. 525 (2006). | Board of Veterans' Appeals possesses jurisdiction to adjudicate claims for the recovery of separation pay deducted from veteran's disability compensation. 10 U.S.C.A. S 1174(h)(2); 38 U.S.C.A. SS 511(a), 7104. | Does the Board of Veterans' Appeals possess jurisdiction to adjudicate claims for the recovery of separation pay deducted from veteran's disability compensation? | 008859.docx | LEGALEASE-00163932-LEGALEASE-00163933 | Condensed, SA | 0.86 | 0 | 1 | 0 | 1 | |
| 4895 | Porter v. State, 935 N.E.2d 1228 | 135H+132.1 | In addition, categories of double jeopardy based on rules of statutory construction and common law prohibit multiple convictions or punishments for the same crime. Guyton v. State, 771 N.E.2d 1141, 1143 (Ind.2002); Calvert v. State, 930 N.E.2d 633, 641"42 (Ind.Ct.App.2010). As relevant here, these categories bar "[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished," as well as "[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." Guyton, 771 N.E.2d at 1143; Richardson v. State, 717 N.E.2d 32, 55"56 (Ind.1999) (Sullivan, J., concurring). | Under the Indiana Constitution, categories of double jeopardy bar conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished, as well as conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. West's A.I.C. Const. Art. 1, S 14. | Do categories of double jeopardy bar an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished? | 014854.docx | LEGALEASE-00163990-LEGALEASE-00163991 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 4896 | In re P.S., 175 Ill. 2d 79 | 135H+25 | In Ursery, the Supreme Court reaffirmed the view that a civil in rem forfeiture action is not punishment for purposes of the double jeopardy clause and therefore may be pursued independently of a criminal action based on the same underlying misconduct. The Court noted that it had consistently held that the double jeopardy clause does not apply to such forfeitures because they do not impose punishment. | Civil in rem forfeiture action is not "punishment" for purposes of double jeopardy clause, and therefore, may be pursued independently of criminal action based on same underlying misconduct. U.S.C.A. Const.Amends. 5, 14. | Can civil in rem forfeiture action be pursued independently of a criminal action based on a same underlying misconduct? | 015138.docx | LEGALEASE-00163447-LEGALEASE-00163448 | Condensed, SA, Sub | 0.45 | 0 | 1 | 1 | 1 | 1 |
| 4897 | Creighton v. Hall, 310 F.3d 221 | 135H+96 | The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant against "repeated prosecutions for the same offense" and affords the defendant the right " "to have his trial completed by a particular tribunal." " United States v. Dinitz, 424 U.S. 600, 606, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)); see also Oregon v. Kennedy, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). The Supreme Court has directly addressed the double jeopardy implications of a trial court's sua sponte declaration of a mistrial. If a judge declares a mistrial over the objection of the defendant, a retrial will be barred unless the mistrial was justified by manifest necessity. Kennedy, 456 U.S. at 672, 102 S.Ct. 2083; Dinitz, 424 U.S. at 606-607, 96 S.Ct. 1075. If, on the other hand, a defendant requests or consents to a mistrial, the "manifest necessity" standard does not apply and the Double Jeopardy Clause ordinarily will not bar retrial, even when the request or consent to a mistrial is in response to prosecutorial or judicial error. Kennedy, 456 U.S. at 672-73, 102 S.Ct. 2083; Dinitz, 424 U.S. at 607-10, 96 S.Ct. 1075. | If defendant requests or consents to mistrial, "manifest necessity" standard does not apply, and Double Jeopardy Clause ordinarily will not bar retrial, even though the request/consent to mistrial is in response to prosecutorial or judicial error. U.S.C.A. Const.Amend. 5. | "If defendant requests or consents to mistrial, does the ""manifest necessity"" standard not apply?" | 015247.docx | LEGALEASE-00163119-LEGALEASE-00163120 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4898 | Gilliam v. Foster, 75 F.3d 881 | 135H+96 | Nevertheless, if a criminal proceeding is terminated by mistrial without a final resolution of guilt or innocence, a defendant may be retried in certain circumstances. Id. When a defendant seeks or consents to the grant of a mistrial, there is no bar to his later retrial. Kennedy, 456 U.S. at 672"73, 102 S.Ct. at 2087"88. But, when a defendant opposes the grant of a mistrial, he may not be retried unless there was a manifest necessity for the grant of the mistrial or the failure to grant the mistrial would have defeated the ends of justice. United States v. Dinitz, 424 U.S. 600, 606"07, 96 S.Ct. 1075, 1079, 47 L.Ed.2d 267 (1976); Wade v. Hunter, 336 U.S. 684, 690, 69 S.Ct. 834, 837"38, 93 L.Ed. 974 (1949). | If criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, defendant may be retried in certain circumstances, and when defendant seeks or consents to grant of mistrial, double jeopardy clause does not bar his later retrial; however, when defendant opposes grant of mistrial, he may not be retried unless there was manifest necessity for grant of mistrial or failure to grant mistrial would have defeated ends of justice. U.S.C.A. Const.Amend. 5. | "If a criminal proceeding is terminated by mistrial without final resolution of guilt or innocence, can a defendant be retried in certain circumstances?" | 015287.docx | LEGALEASE-00162899-LEGALEASE-00162900 | SA, Sub | 0.32 | 0 | 0 | 1 | 1 | |
| 4899 | Snow v. Fowler, 662 So. 2d 1295 | 135H+99 | We disagree with this analysis because, simply stated, the petitioner was not guilty of a discovery violation in the first instance, and, thus, there was no necessity for imposing the sanction of a mistrial under Fla.R.Crim.P. 3.220(n)(1); absent a manifest necessity for the mistrial and absent the defendant's consent to the mistrial, as here, the defendant's double jeopardy privilege necessarily bars the defendant's retrial in the cause. See Thomason v. State, 620 So.2d 1234, 1238 (Fla.1993); Wynn v. Pound, 653 So.2d 1116, 1117"18 (Fla. 5th DCA 1995); Cohens v. Elwell, 600 So.2d 1224, 1226"27 (Fla. 1st DCA 1992); Spaziano v. State, 429 So.2d 1344, 1346 (Fla. 2d DCA 1983). | Absent manifest necessity for mistrial and absent defendant's consent to mistrial, defendant's double jeopardy privilege necessarily bars defendant's retrial in the cause after mistrial has been declared. U.S.C.A. Const.Amend. 5. | "Absent manifest necessity for mistrial and absent defendant's consent to mistrial, does a defendant's double jeopardy privilege necessarily bar a defendant's retrial in the cause after mistrial has been declared?" | Double Jeopardy - Memo 302 - C - PC_66596.docx | ROSS-003280247-ROSS-003280248 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4900 | Belveal v. Rambo, 1971 OK CR 260 | 135H+95.1 | As to a jury trial, before jeopardy attaches these conditions must exist: (1) Defendant must be put on trial before a court of competent jurisdiction; (2) The indictment or information must be sufficient to sustain a conviction; (3) The jury must have been sworn to try the case; and (4) Such discharge must have been without out consent of the defendant. Sussman v. District Court, Okl.Cr., 455 P.2d 724 (1969). Jeopardy does not attach and bar a second trial if the jury is unable to reach a verdict. But otherwise when the conditions set out above exist, the discontinuing of a trial and discharge of the jury will create a jeopardy bar to a second trial. As we noted in Sussman v. District Court, supra: "It is not even essential that a verdict of guilt or innocence be returned for a defendant to have been placed in jeopardy so as to bar a second trial on the same charge." | As to jury trial, before jeopardy attaches, defendant must be put on trial before court of competent jurisdiction, indictment or information must be sufficient to sustain conviction, jury must have been sworn, and discharge of jury must have been without defendant's consent. | "Before jeopardy attaches, should a defendant be put on trial before a court of competent jurisdiction?" | 015425.docx | LEGALEASE-00163587-LEGALEASE-00163588 | Condensed, SA, Sub | 0.69 | 0 | 1 | 1 | 1 | 1 |
| 4901 | State v. Cornelious, 258 S.W.3d 461 | 135H+95.1 | Generally, if the trial court declares a mistrial without the defendant's request for or consent to a mistrial, the Double Jeopardy Clause bars retrial of the defendant. State v. Tolliver, 839 S.W.2d 296, 299 (Mo. banc 1992). The defendant's right to have the trial completed by a particular tribunal is implicated, and the recognized exceptions permitting a retrial are only where there is a "manifest necessity" for the declaration of a mistrial or where the "ends of public justice" would otherwise be defeated. Id. | Generally, if the trial court declares a mistrial without the defendant's request for or consent to a mistrial, the double jeopardy clause bars retrial of the defendant. U.S.C.A. Const.Amend. 5. | "If the trial court declares a mistrial without the defendant's request for or consent to a mistrial, does the double jeopardy clause bar retrial of the defendant?" | Double Jeopardy - Memo 378 - C - KI_66980.docx | ROSS-003280265-ROSS-003280266 | SA, Sub | 0.63 | 0 | 0 | 1 | 1 | |
| 4902 | Dawkins v. Com., 186 Va. 55 | 110+24 | Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will. It may be directly evidenced by words, or inferred from acts and conduct which necessarily result in injury. Its existence is a question of fact to be determined by a jury under proper instructions. | "Malice" inheres in the doing of a wrongful act intentionally or without just cause or excuse, or as a result of ill will, and it may be directly evidenced by words or inferred from acts and conduct which necessarily result in injury. | "Does malice inherein the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will?" | 019417.docx | LEGALEASE-00164024-LEGALEASE-00164025 | Condensed, SA | 0.26 | 0 | 1 | 0 | 1 | |
| 4903 | Kennedy v. Bd. of Sup'rs of Warminster Twp., 243 Pa. Super. 46 | 307A+697 | The requirements that must be met before a judgment of non pros may be opened are as follows: (1) the petition to open should be timely filed; (2) the reason for the default-here the failure to file a complaint-must be reasonably explained, or excused; and (3) facts constituting grounds for a cause of action should be alleged. Goldstein v. Graduate Hospital, supra, 441 Pa. at 182, 272 A.2d at 473, 474; Thorn v. Clearfield Borough, 420 Pa. 584, 586, 218 A.2d 298, 299 (1966); White v. Alston, 231 Pa.Super. 438, 440, 331 A.2d 765, 766 (1974). Of these requirements only the third is met: the complaint that appellees' attorney attempted to file does allege facts constituting grounds for a cause of action of negligence against appellants. The first and second requirements, however, are not met. With respect to the requirement that the petition to open be timely filed: The petition to open be timely filed: the entry of the judgment of non pros. Although DiGiacomo stated that he did not know of the non pros, he should have known, and would have, if he had not let two years elapse without communicating with local counsel, and if he had periodically checked the status of the case. | Requirements that must be met before judgment of non pros may be opened are: petition to open judgment should be timely filed; default must be reasonably explained or excused; and facts constituting grounds for cause of action should be alleged. Pa.R.C.P. No. 1037(a), 42 Pa.C.S.A. | "Before a judgment of non pros can be opened, should the petition to open be timely filed?" | Pretrial Procedure - Memo 11877 - C - TM_66673.docx | ROSS-003294491-ROSS-003294492 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4904 | Haefner v. Sprague, 343 Pa. Super. 342 | 307A+699 | The court held that under authority of International Telephone and Telegraph Corp. v. Philadelphia Electric Co., 250 Pa.Super. 378, 378 A.2d 986 (1977) the claimant failed to either seek permission to bring a second action or to properly reactivate the complaint which had been dismissed under the local rule. Indeed, in International Telephone, supra, the court adopted an "open judgment" standard for reactivation of complaints which were dismissed for unreasonable inactivity. Thus, in such situations it must be shown that: (1) the petition [for reactivation] is timely filed; (2) the reason for default [inactivity] is reasonably explained; and, (3) facts constituting a meritorious cause of action be alleged. The Bon Homme court found that the appellant there had failed to seek permission to file a second complaint or reactivate the previous complaint and, hence, dismissed the complaint. | In situations in which claimants seek to reactivate complaints which were dismissed for unreasonable inactivity, it must be shown that the petition for reactivation is timely filed, the reason for inactivity must be reasonably explained, and facts constituting meritorious cause of action must be alleged. | "In order to show good cause to reactivate a complaint which has been terminated for unreasonable inactivity, should a petitioner show that a petition for reactivation is timely filed?" | Pretrial Procedure - Memo 11985 - C - SHB.docx | LEGALEASE-00053645-LEGALEASE-00053646 | Condensed, SA, Sub | 0.66 | 0 | 1 | 1 | 1 | 1 |
| 4905 | Barazi v. Eckoldt, 180 S.W.3d 507 | 307A+583 | Ms. Voss also argues that contrary to the trial court's determination, she did not fail to prosecute her case. Although trial courts have the inherent authority to dismiss a case for failure to prosecute with due diligence, the decision must be made within the exercise of sound judicial discretion. Kralik v. Mortgage Syndicate Inc., 673 S.W.2d 448, 449 (Mo.App. E.D.1984). Thus, "[a] dismissal for failure to prosecute is an abuse of discretion where a party timely files all required pleadings, responds to all discovery required, appears at the time and place for trial and is ready and willing to present evidence." Belleville v. Director of Revenue, 825 S.W.2d 623, 625 (Mo. banc 1992). Here, there is no question that Ms. Voss timely filed all required pleadings and appeared ready and willing to present her evidence. Accordingly, the trial court abused its discretion in dismissing Ms. Voss's petition for failure to prosecute. Point granted. | Although trial courts have the inherent authority to dismiss a case for failure to prosecute with due diligence, the decision must be made within the exercise of sound judicial discretion. | "Does a court have the inherent authority, in its discretion, to dismiss a case for failure to prosecute?" | 040885.docx | LEGALEASE-00163877-LEGALEASE-00163878 | Condensed, SA | 0.8 | 0 | 1 | 0 | 1 | |
| 4906 | In re Purdy, 490 B.R. 530 | 349A+10 | Resolution of whether the document at issue is a lease or a secured transaction "focuses on the economics of the transaction, not the intent of the parties." D. Leibson and R. Nowka, The Uniform Commercial Code of Kentucky. " 9.01[2][e][I] (3d ed. 2004). A review of the Leases shows that the Debtor did not have the option to terminate and had the right to use the cows for the term of the Lease. The next inquiry is then whether one of the four conditions cited above also exists. If the lease is not terminable by the lessee and one or more of the enumerated conditions is present, the document is a per se security agreement and the court's analysis ends. In re Phoenix Equipment Co., Inc., 2009 WL 3188684 (Bankr.D.Ariz.2009). | Under Arizona law, if alleged lease is not terminable by lessee and one or more statutorily enumerated conditions is present, then document is a security agreement per se, and court's analysis ends. A.R.S. § 47-1203. | "If an alleged lease is not terminable by lessee and one or more statutorily enumerated conditions is present, then is a document a security agreement per se?" | Secured Transactions - Memo 20 - C - VA_67963.docx | ROSS-003281700-ROSS-003281701 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4907 | Mansfield v. State, 29 A.3d 569 | 135H+7 | Whether manifest necessity to declare a mistrial and, thus, whether the prohibition of the double jeopardy clause is triggered depend upon the unique facts and circumstances of each case. Perez, 22 U.S. at 580, 6 L.Ed. at 165; Cornish, 272 Md. at 318, 322 A.2d at 885. See Hubbard v. State, 395 Md. 73, 90, 909 A.2d 270, 280 (2006); United States v. Jorn, 400 U.S. 470, 480, 91 S.Ct. 547, 555, 27 L.Ed.2d 543, 554 (1971). While it is in the sound discretion of the trial judge to declare a mistrial, he or she may do so only if a "high degree" of necessity demands that he or she do so. State v. Crutchfield, 318 Md. 200, 208, 567 A.2d 449, 453 (1989) quoting Arizona v. Washington, 434 U.S. 497, 506, 98 S.Ct. 824, 831, 54 L.Ed.2d 717, 729 (1978). This is so in order to ensure fairness to the defendant:"Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's "valued right to have his trial completed by a particular tribunal." The reasons why this "valued right" merits constitutional protection are worthy of repetition. Even if the first trial is not completed, a second prosecution may be grossly unfair. It increases the financial and emotional burden on the accused, prolongs the period in which he is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted. The danger of such unfairness to the defendant exists whenever a trial is aborted before it is completed. | Because jeopardy attaches before the judgment becomes final, the constitutional protection also embraces the defendant's valued right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Will the constitutional protection embrace the defendant's valued right if jeopardy is attached before the judgment becomes final? | Double Jeopardy - Memo 1000 - C - PC_67617.docx | ROSS-003280269-ROSS-003280270 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 4908 | Sallee v. State, 785 N.E.2d 645 | 135H+30 | Here, Pierce asserts that there is a reasonable possibility that the evidentiary facts used by the jury to find her guilty of criminal deviate conduct as a Class A felony were also used to find her guilty of confinement. In essence, Pierce argues that her conviction and sentence for criminal confinement as a Class A felony cannot stand under the fourth of five formulations first enumerated by Justice Sullivan in Richardson and then noted by our supreme court in Guyton v. State, 771 N.E.2d 1141, 1143 (Ind.2002). Under this formulation, Indiana's double jeopardy clause is violated when there is "conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished." Id. (quoting Richardson, 717 N.E.2d at 55"57 (Sullivan, J., concurring)). | Indiana's double jeopardy clause is violated when there is conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished. West's A.I.C. Const. Art. 1, S 14. | Is double jeopardy clause violated when there is conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished? | Double Jeopardy - Memo 1214 - C - RF_67546.docx | ROSS-003292631-ROSS-003292632 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 4909 | Attorney Gen. of Texas, on Behalf of State of Wash. v. Rideaux, 838 S.W.2d 340 | 307A+583 | A trial court has both the inherent power and authority under rule 165a to dismiss a lawsuit for the party's failure to prosecute it with due diligence.Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex.1976). However, a trial court's authority to dismiss cases for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim. Gracey v. West, 422 S.W.2d 913, 917 (Tex.1968); Lum v. Lacy, 616 S.W.2d 260, 261 (Tex.Civ.App."Houston [1st Dist.] 1981, no writ) ("a judgment on the merits should not be made until the plaintiff has had his day in court"). | Trial court has inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence. Vernon's Ann.Texas Rules Civ.Proc., Rule 165a. | Does the trial court have inherent power and authority to dismiss lawsuit for party's failure to prosecute suit with due diligence? | Pretrial Procedure - Memo 12103 - C - PB_67392.docx | ROSS-003280373-ROSS-003280374 | Condensed, Order, SA | 0.72 | 1 | 1 | 0 | 1 | 1 |
| 4910 | Specie v. Howerton Elec. Co., 344 S.W.2d 314 | 413+52 | The word "employee" is defined in the Workmen's Compensation Law, Section 287.020 RSMo 1949, V.A.M.S., as "every person in the service of any employer * * * under any contract of hire, express or implied, oral or written * * *" and the word employer has been defined in Section 287.030 as "every person * * * corporation * * * using the service of another for pay." In Baldwin v. Gianladis, Mo.App., 159 S.W.2d 706, 708, the court said: "These definitions as well as the whole of the Workmen's Compensation Law should be broadly and liberally construed by the courts in order to effectuate the legislative intent to afford compensation to an employee * * *." See, also, Dost v. Pevely Dairy Co., Mo.Sup., 273 S.W.2d 242"44. | Definitions of words employer and employee, as well as whole of Workmen's Compensation Law, should be broadly and liberally construed to effectuate legislative intent to afford compensation to employees. Sections 287.020, 287.030 RSMo 1949, V.A.M.S. | "In Workmens Compensation law, how should the definition of employee be construed by the courts?" | 048800.docx | LEGALEASE-00164665-LEGALEASE-00164666 | SA, Sub | 0.66 | 0 | 0 | 1 | 1 | |
| 4911 | State v. Fennell, 431 Md. 500 | 135H+7 | Jeopardy attaches when the jury is empaneled and sworn, Illinois v. Somerville, 410 U.S. 458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425, 433 (1973); State v. Woodson, 338 Md. 322, 329, 658 A.2d 272, 276 (1995), and thus, the defendant's right to be free from double jeopardy embraces also his or her "right to have his [or her] trial completed by a particular tribunal." Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717, 727 (1978). If a defendant objects to the declaration of a mistrial, a mistrial must be manifestly necessary for the defendant to be retried or risk violating double jeopardy principles. Id. at 505, 98 S.Ct. at 830, 54 L.Ed.2d at 728; Mansfield v. State, 422 Md. 269, 282, 29 A.3d 569, 577 (2011); Hubbard, 395 Md. at 89, 909 A.2d at 279; Wynn v. State, 388 Md. 423, 429, 879 A.2d 1097, 1101 (2005). Manifest necessity analysis generally requires a consideration of whether reasonable alternatives to a mistrial exist. Cornish v. State, 272 Md. 312, 322 A.2d 880, 886 (1974) ("[R]etrial is barred by the Fifth Amendment where reasonable alternatives to a mistrial, such as a continuance, are feasible and could cure the problem."); see also United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165, 165 (1824) (noting that trial judge should declare a mistrial over the defendant's objection "under urgent circumstances, and for very plain and obvious causes"). | Jeopardy attaches when the jury is empaneled and sworn, and thus, the defendant's right to be free from double jeopardy embraces also his right to have his trial completed by a particular tribunal. U.S.C.A. Const.Amend. 5. | Will the defendant's right to be free from double jeopardy also embrace his right to have his trial completed by a particular tribunal? | 014621.docx | LEGALEASE-00165271-LEGALEASE-00165272 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4912 | State v. Harris, 104 P.3d 1250 | 135H+59 | The double jeopardy provisions in both the United States4 and Utah5 Constitutions generally prohibit the State from making repeated attempts to convict an individual for the same offense after jeopardy has attached, which in jury trials occurs after a jury has been selected and sworn. Illinois v. Somerville, 410 U.S. 458, 466, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973) (citing Downum v. United States, 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963)); State v. Ambrose, 598 P.2d 354, 358 (Utah 1979). Judge Cornaby declared a mistrial and discharged the jury after jeopardy had attached. Mr. Harris contends that these constitutional prohibitions against double jeopardy should operate to prevent the State from retrying him on the distribution charge. | Double jeopardy provisions in both the federal and state constitutions generally prohibit the state from making repeated attempts to convict an individual for the same offense after jeopardy has attached, which in jury trials occurs after a jury has been selected and sworn. U.S.C.A. Const.Amends. 5, 14; West's U.C.A. Const. Art. 1, S 12. | What does the double jeopardy provisions in both the federal and state constitutions generally prohibit? | Double Jeopardy - Memo 1061 - C - VA_67983.docx | ROSS-003279158-ROSS-003279159 | Condensed, SA, Sub | 0.55 | 0 | 1 | 1 | 1 | 1 |
| 4913 | Hoyle v. Ada Cty., 501 F.3d 1053 | 135H+100.1 | The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. "It has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offence." Green, 355 U.S. at 188, 78 S.Ct. 221 (internal quotation marks omitted). An acquittal on a greater offense generally bars a second prosecution for any lesser included offenses. See Brown, 432 U.S. at 169, 97 S.Ct. 2221 ("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."); see also Price v. Georgia, 398 U.S. 323, 329, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). | Under the Fifth Amendment, a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offense. U.S.C.A. Const.Amend. 5. | "Is a verdict of acquittal final, ending a defendant's jeopardy, and is a bar to a subsequent prosecution for the same offense even when not followed by any judgment?" | Double Jeopardy - Memo 690 - C - KI_67903.docx | ROSS-003297400-ROSS-003297401 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 4914 | Ex Parte Huddlestun, 505 S.W.3d 646 | 135H+99 | Texas and Federal Constitutional law is clear that, "[g]enerally, a criminal defendant may not be put in jeopardy by the State twice for the same offense." Pierson v. State, 426 S.W.3d 763, 769 (Tex. Crim. App. 2014). Yet,[d]espite the general prohibition against jeopardy-based trials, there are two exceptions when a criminal defendant may be tried a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial: (1) if the criminal defendant consents to retrial or (2) there was a manifest necessity to grant a mistrial. | Despite the general prohibition against jeopardy-based trials, there are two exceptions when a criminal defendant may be tried a second time without violating double-jeopardy principles if the prosecution ends prematurely as the result of a mistrial, including (1) if the criminal defendant consents to retrial or (2) there was a manifest necessity to grant a mistrial; these exceptions exist because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded and because those circumstances do not invariably create unfairness to the accused. U.S. Const. Amend. 5. | Can a defendant be put in jeopardy by the state twice? | 016086.docx | LEGALEASE-00165833-LEGALEASE-00165834 | Condensed, SA, Sub | 0.05 | 0 | 1 | 1 | 1 | 1 |
| 4915 | People v. Smith, 128 Misc. 2d 733 | 135H+100.1 | A person may not be twice prosecuted for the same offense (Criminal Procedure Law, s 40.20). A person "is prosecuted" for an offense when the action proceeds to the trial stage and a witness is sworn (Ibid. s 40.30(1)). Clearly, defendant was put in jeopardy at the first trial, which went far beyond the swearing of a witness (cf. People v. Paquette, 31 N.Y.2d 379, 399 N.Y.S.2d 959, 292 N.E.2d 17; People v. Scott, 40 A.D.2d 933, 337 N.Y.S. 640). Moreover, where, at a trial, the proof falls below the prescribed standard for conviction, the accused is entitled as a matter of law to an acquittal (People v. Ledwon, 153 N.Y. 10, 46 N.E. 1046). Having previously been put at the risk of conviction, and been acquitted of the charge of criminal impersonation (see also, People v. Schwartzman, 24 N.Y.2d 241, 250, 299 N.Y.S.2d 817, 825, 247 N.E.2d 642, 647"648; People v. Vidal, 26 N.Y.2d 249, 253, 309 N.Y.S.2d 336, 339, 257 N.E.2d 886, 889), constitutionally defendant could not thereafter be tried on this charge (People v. Goldfarb, 152 App.Div. 870, 874, 138 N.Y.S. 62, 65, affd. 213 N.Y. 664, 107 N.E. 1083; Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199). | Where proof at trial falls below prescribed standard for conviction, accused is entitled to an acquittal and cannot constitutionally be thereafter tried on the charge; statutes, to extent that they could be construed to the contrary, are constitutionally unenforceable. U.S.C.A.Const. Amends. 5, 14; Const. art. 1, S 6; CPL 40.20, 280.20, 310.60, subd. 2, 360.55, 440.10, subd. 6, 470.55. | "Where proof at trial falls below prescribed standard for conviction, is an accused entitled to an acquittal and cannot constitutionally be thereafter tried on the charge?" | 016145.docx | LEGALEASE-00165891-LEGALEASE-00165892 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4916 | United States v. Hunt, 212 F.3d 539 | 135H+100.1 | Unlike the reasoning in Lee, Bowline went beyond the face of the indictment and considered factual evidence when dismissing the indictment. It has been held, however, that "an appeal is not barred simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment.... Rather, a defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged." Scott, 437 U.S. at 96-97, 98 S.Ct. 2187 (citation and internal quotation marks omitted). In Bowline, the district court made no such determination on the factual elements of the offense. However, here the trial judge made such a determination. Therefore, Bowline, like Lee, does not control this case. | An appeal is not barred on double jeopardy grounds simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment; rather, a defendant is acquitted only when the ruling of the judge, whatever its label, actually represents a resolution in the defendant's favor, correct or not, of some or all of the factual elements of the offense charged. U.S.C.A. Const.Amend. 5. | Is an appeal not barred on double jeopardy grounds simply because a ruling in favor of a defendant is based upon facts outside the face of the indictment? | Double Jeopardy - Memo 734 - C - SB_68050.docx | ROSS-003296971-ROSS-003296972 | SA, Sub | 0.51 | 0 | 0 | 1 | 1 | |
| 4917 | United States v. One 1988 Prevost Liberty Motor Home, 952 F. Supp. 1180 | 135H+25 | The Supreme Court has established that in rem civil forfeiture is a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause. United States v. Ursery, 518 U.S. 267, """", 116 S.Ct. 2135, 2142, 135 L.Ed.2d 549 (1996); Gore v. United States, 357 U.S. 386, 392, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958). | In rem civil forfeiture is remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines, and does not constitute punishment under Double Jeopardy Clause. U.S.C.A. Const.Amend. 5; 18 U.S.C.A. S 981(a)(1)(A). | "Is in rem civil forfeiture a remedial civil sanction, distinct from potentially punitive in personam civil penalties such as fines?" | Double Jeopardy - Memo 751 - C - VP_67756.docx | ROSS-003283067-ROSS-003283068 | Condensed, SA, Sub | 0.41 | 0 | 1 | 1 | 1 | 1 |
| 4918 | United States v. Nenadich, 689 F. Supp. 285 | 135H+98 | Where a mistrial is declared because of the failure of a jury to reach a verdict, the Double Jeopardy Clause poses no per se bar to retrial of the defendant. See United States v. Ustica, 847 F.2d 42 at 48 (2d Cir.1988). However, because the fifth amendment guarantee against double jeopardy incorporates the doctrine of collateral estoppel, the Double Jeopardy Clause will, in certain circumstances, bar the introduction of particular evidence at a second trial. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Specifically, collateral estoppel means "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Id. at 443, 90 S.Ct. at 1194. | Double jeopardy clause poses no per se bar to retrial of defendant, where mistrial is declared because of failure of jury to reach verdict; however, because Fifth Amendment guaranty against double jeopardy incorporates doctrine of collateral estoppel, double jeopardy clause will, in certain circumstances, bar introduction of particular evidence at second trial. U.S.C.A. Const.Amend. 5. | Is the doctrine of collateral estoppel incorporated in the Fifth Amendment guaranty against double jeopardy? | 016284.docx | LEGALEASE-00165607-LEGALEASE-00165608 | Order, SA | 0.5 | 1 | 0 | 0 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4919 | Mansfield v. United States, 800 F. Supp. 2d 84 | 135H+1 | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 497"98, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). "The Clause protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997) (citations omitted). | The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a criminal defendant with three basic protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. U.S.C.A. Const.Amend. 5. | What are the three protections afforded by the double jeopardy clause? | Double Jeopardy - Memo 908 - C - SHB_67697.docx | ROSS-003281063-ROSS-003281064 | SA, Sub | 0.39 | 0 | 0 | 1 | 1 | |
| 4920 | Pompa v. State, 787 S.W.2d 585 | 135H+7 | In his first point of error, the appellant argues that the second trial judge erred in permitting the retrial of the appellant after the initial trial ended in a mistrial. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution protects the defendant in a criminal proceeding from multiple punishments or repeated prosecutions for the same offense. See United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); Zimmerman v. State, 750 S.W.2d 194, 209 (Tex.Crim.App.1988). Article I, " 14, of the Texas Constitution provides these same protections. Zimmerman at 209. Once jeopardy attaches, which occurs in a nonjury trial when the first witness is sworn or the judge begins to receive evidence, United States v. Martin Linen Supply Co., 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977); the defendant possesses a valued right to have his guilt or innocence determined before the first trier of fact. | Once jeopardy attaches, which occurs in nonjury trial when first witness is sworn or judge begins to receive evidence, defendant possesses valued right to have his guilt or innocence determined before first trier of fact, though there are exceptions to rule, as when defendant consents to retrial or retrial is mandated by some form of manifest necessity. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | Does the jeopardy attach when the first witness is sworn in a non-jury trial? | 016639.docx | LEGALEASE-00165465-LEGALEASE-00165466 | Condensed, SA, Sub | 0.59 | 0 | 1 | 1 | 1 | 1 |
| 4921 | People v. Barnum, 217 P.3d 908 | 135H+59 | By the time defendant here was adjudicated a habitual criminal, the statute had been amended so that such adjudications were to be decided by the court. " 16"13"103 (now codified at " 18"1.3"803(1), C.R.S.2008). Therefore, jeopardy did not attach as to the habitual criminal counts, as defendant contends, when the jury was sworn for trial of the substantive charges. Instead, as provided in section 18"1"301(1)(d), C.R.S.2008, jeopardy would not have attached until after the first prosecution witness was sworn. Cf. Valencia, 169 P.3d at 222 (appellate court assumed that jeopardy attached in habitual criminal proceeding when the court admitted exhibit into evidence). Because no witness had yet been sworn in the habitual criminal proceeding and no exhibits had been admitted when the trial court dismissed the charges, jeopardy had not yet attached. Therefore, the trial court's reinstatement of the habitual criminal charges against defendant did not violate protections against double jeopardy. Cf. id. at 222"23 (there can be no double jeopardy violation where interruption of hearing did not terminate proceeding against defendant). | By time defendant was adjudicated a habitual criminal, the statute had been amended so that such adjudications were to be decided by the court, and therefore, jeopardy did not attach as to the habitual criminal counts when jury was sworn for trial of the substantive charges, and instead, jeopardy would not have attached until after the first prosecution witness was sworn, and because no witness had yet been sworn in the habitual criminal proceeding and no exhibits had been admitted when the trial court dismissed the charges, jeopardy had not yet attached, and therefore, trial court's reinstatement of habitual criminal charges against defendant did not violate protections against double jeopardy. West's C.R.S.A. SS 18-1-301(1)(d), 18-1.3-803(1); West's C.R.S.A. Const. Art. 2, S 18. | Why would jeopardy not be attached when court dismissed charges against defendants? | 016641.docx | LEGALEASE-00165471-LEGALEASE-00165472 | SA, Sub | 0.31 | 0 | 0 | 1 | 1 | |
| 4922 | Maydon v. State, 141 S.W.3d 851 | 135H+95.1 | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a re-trial if the jury is discharged without reaching a verdict. Ex Parte Fierro, 79 S.W.3d 54, 56 (Tex.Crim.App.2002). An exception to this rule exists when the defendant consents to a retrial or a mistrial is mandated by "manifest necessity." Id. Manifest necessity is limited to very extraordinary and striking circumstances. Id. There must be a "high degree" of necessity that the trial come to an end. Id. | As a general rule, after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a retrial if the jury is discharged without reaching a verdict. U.S.C.A. Const.Amend. 5; Vernon's Ann.Texas Const. Art. 1, S 14. | "After a jury has been impaneled and sworn, does double jeopardy bar a retrial if the jury is discharged without reaching a verdict?" | 015637.docx | LEGALEASE-00166130-LEGALEASE-00166131 | Condensed, SA | 0.53 | 0 | 1 | 0 | 1 | |
| 4923 | Love v. Morton, 112 F.3d 131 | 135H+99 | Mistrials declared with the defendants' consent do not bar a later prosecution. United States v. Dinitz, 424 U.S. 600, 607, 96 S.Ct. 1075, 1079-1080, 47 L.Ed.2d 267 (1976). Even without their consent, defendants may be retried when, "taking all the circumstances into consideration, there is a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated." United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824) (Justice Story coining the phrase "manifest necessity"). Our task is to decide whether there was manifest necessity for declaring the mistrial and whether Petitioner expressly or impliedly consented to the mistrial. New Jersey also argues that the court erred in conducting an evidentiary hearing in the " 2254 proceeding. The district court had jurisdiction under 28 U.S.C. " 2254. We have jurisdiction under 28 U.S.C. " 1291. The appeal was timely filed under Rule 4, Federal Rules of Appellate Procedure. | Mistrials declared with defendants' consent do not bar later prosecution and, even without their consent, defendants may be retried when, taking all circumstances into consideration, there is manifest necessity for mistrial, or the ends of public justice would otherwise be defeated. U.S.C.A. Const.Amend. 5. | Does a mistrial not bar further proceedings if there was a manifest necessity for declaring one? | 015944.docx | LEGALEASE-00166303-LEGALEASE-00166304 | Condensed, SA, Sub | 0.68 | 0 | 1 | 1 | 1 | 1 |
| 4924 | Gentry v. State Farm Mut. Auto. Ins. Co., 726 F. Supp. 2d 1160 | 13+27(1) | Under California law, "insurance bad faith" refers to a breach of the implied covenant of good faith and fair dealing as that covenant applies to insurance policies. An insurer breaches this covenant when it acts unreasonably in discharging its obligations under the policy. Crisci v. Security Ins. Co. of New Haven, Conn., 66 Cal.2d 425, 430, 58 Cal.Rptr. 13, 426 P.2d 173 (1967). Although a claim for breach of the implied covenant of good faith and fair dealing generally sounds in contract, in the insurance context, such a claim also sounds in tort. Jonathan Neil & Assoc. v. Jones, 33 Cal.4th 917, 932, 16 Cal.Rptr.3d 849, 94 P.3d 1055 (2004). | Under California law, although a claim for breach of the implied covenant of good faith and fair dealing generally sounds in contract, in the insurance context, such a claim also sounds in tort. | Does a claim for breach of the implied covenant of good faith and fair dealing generally sound in contract? | Action - Memo 958 - C _1ZglnsxHX4zuPGpBBBXnT-KJZ8_Ys8rYu.docx | ROSS-000000043-ROSS-000000044 | SA, Sub | 0.7 | 0 | 0 | 1 | 1 | |
| 4925 | Arceneaux v. State Farm Fire & Cas. Co, 2009 WL 959948 | 13+27(1) | Although the Court agrees with Plaintiffs that LA R.S. " 22:1973 imposes an additional duty of good faith and fair dealing on insurers, this duty does not exist "separate and apart" from an insurer's contractual obligations. The duty of good faith is intimately related to State Farm's contractual obligations, as the statute essentially imposes a duty on the insurer to perform its contractual obligations in good faith. In the absence of a contractual duty, the duty of good faith simply does not exist. Thus, because the duties imposed by LA R.S. " 22:1973 do not create any duties that are "independent and separate" from the duties arising under the policy, the statute does not provide an insured with an independent tort claim against the insurer. | While a Louisiana statute imposed a duty of good faith and fair dealing on insurers, the duty did not exist separate and apart from the insurer's contractual obligations. Therefore, the statute did not provide an insured's son with an independent wrongful death claim against a homeowners' insurer based on an allegation that the insured's death by heart attack was substantially contributed to by the extreme and emotional stress and strain placed upon her by the insurer due to its alleged arbitrary and capricious claims handling process. LA R.S. S 22:1973. | "While a statute imposed a duty of good faith and fair dealing on insurers, does the duty exist separate and apart from the insurer's contractual obligations?" | Action - Memo 980 - C _1gCY1o6eD0H4X3NYcnsS-yXUfA8RVeK2r.docx | ROSS-000000084-ROSS-000000085 | Condensed, SA, Sub | 0.26 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4926 | U.S. Commodity Futures Trading Comm'n v. Hunter Wise Commodities, 1 F. Supp. 3d 1311 | 83H+2 | The Commodity Exchange Act "is a remedial statute that serves the crucial purpose of protecting the innocent individual investor-who may know little about the intricacies and complexities of the commodities market-from being misled or deceived." CFTC v. R.J. Fitzgerald & Co., Inc., 310 F.3d 1321, 1329 (11th Cir.2002). Initially, the only commodities regulated by Congress were certain grain futures transactions pursuant to the Grain Futures Act. In 1936, Congress renamed the Act to be the Commodity Exchange Act, and expanded its coverage to include additional agricultural commodities. Since then, the Act has been amended several times In 1974, the CFTC was established by the Commodity Futures Trading Commission Act, Pub.L. No. 93"463, 88 Stat. 1389. The CFTC is charged by Congress with administering and enforcing the Commodity Exchange Act and the Commission Regulations promulgated thereunder. See 17 C.F.R. "" 1 et seq. | The Commodity Exchange Act is a remedial statute that serves the crucial purpose of protecting the innocent individual investor, who may know little about the intricacies and complexities of the commodities market, from being misled or deceived. Commodity Exchange Act, S 1 et seq., 7 U.S.C.A. S 1 et seq. | Is the Commodity Exchange Act a remedial statute to protect the innocent individual investor? | 013601.docx | LEGALEASE-00167043-LEGALEASE-00167044 | SA, Sub | 0.67 | 0 | 0 | 1 | 1 | |
| 4927 | Adkins v. Bordenkircher, 517 F. Supp. 390 | 135H+95.1 | At common law questions of double jeopardy normally arose after conviction or acquittal, however, under the Constitution jeopardy attaches prior to judgment, United States v. Martin Linen Supply Co., 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977), and as a consequence, double jeopardy protections are implicated when, as in this case, trial is terminated without a verdict. Termination prior to judgment may offend the constitutional protection accorded "a defendant's valued right to have his trial completed by a particular tribunal", Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949), coming into conflict with the idea, underlying the language set forth in the Double Jeopardy Clause, "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." Green v. United States, supra 355 U.S. at p. 187, 188, 78 S.Ct. at p. 223, 224. | At common law, questions of double jeopardy normally arose after conviction or acquittal but, under the Constitution, jeopardy attaches prior to judgment and double jeopardy protections are implicated when trial is terminated without a verdict. U.S.C.A.Const. Amends. 5, 14. | "At common law, do questions of double jeopardy normally arise after conviction or acquittal?" | Double Jeopardy - Memo 558 - C - SK_68337.docx | ROSS-003279176-ROSS-003279177 | SA, Sub | 0.77 | 0 | 0 | 1 | 1 | |
| 4928 | United States v. Sisk, 629 F.2d 1174 | 135H+95.1 | When it is a trial judge's uninvited error which gives rise to juror prejudice, the judge may not discharge the jury and subject defendants to a second trial.A contrary rule would enable judges to perfect trial records in an attempt to ensure "irreversible" convictions when they so desired. Such a rule would also allow trial courts total freedom, through the purposeful commission of error, to harass defendants with multiple trials. Therefore Judge Merritt's conviction that his predecessor at appellants' trial had erroneously instructed the jury may not enter into our calculation of the necessity for Judge Merritt's declaration of mistrial. | Where a trial judge's uninvited error gives rise to juror prejudice, the judge may not discharge the jury and subject defendants to a second trial. U.S.C.A.Const. Amend. 5. | "Where a trial judge's uninvited error gives rise to juror prejudice, can the judge not discharge the jury and subject defendants to a second trial?" | 015798.docx | LEGALEASE-00166541-LEGALEASE-00166542 | SA, Sub | 0.73 | 0 | 0 | 1 | 1 | |
| 4929 | In re Allied Sign Co., 280 B.R. 694 | 349A+10 | The fact that Allied Sign was responsible for insurance on the property is also evidence that Allied Sign is more than a lessee of the property. However, as stated above in Ala.Code " 7"1"201(37) a transaction does not create a security interest merely because it requires the lessee to assume the risk of loss or to agree to pay insurance with respect to the goods. | Under Alabama law, fact that Chapter 7 debtor was responsible for insurance on equipment was evidence that debtor was more than a lessee of equipment, but it was not determinative of whether parties intended a true lease of sale with retained security interest; under Alabama law, transaction does not create security interest merely because it requires alleged "lessee" to assume risk of loss or to agree to pay insurance. | Does a transaction not create security interest merely because it requires an alleged lessee to assume risk of loss or to agree to pay insurance? | Secured Transactions - Memo 104 - C - SHB_68620.docx | ROSS-003279068-ROSS-003279069 | Condensed, SA, Sub | 0.14 | 0 | 1 | 1 | 1 | 1 |
| 4930 | In re JII Liquidating, 341 B.R. 256 | 349A+10 | Under Illinois law, court's focus in distinguishing true lease from disguised security agreement is on economic realities of transaction, rather than on parties' intent.If a court finds as a matter of law that a contract constitutes a security agreement under the per se test, the inquiry is over. Buehne Farms, 321 B.R. at 242; Taylor, 209 B.R. at 484"85; In re Meeks, 210 B.R. 1007, 1009"10 (Bankr.S.D.Ill.1995); but see Lerch, 147 B.R. at 460 (finding that satisfaction of the two-prong per se test did not establish that an agreement was a security interest without further analysis of the economics of the transaction and all of the facts of the case). If, however, the court determines that the document does not comprise a security agreement per se, the court must go on to analyze the facts particular to the case to decide whether the " "economics of the transaction" point to such a result." | Under Illinois law, court's focus in distinguishing true lease from disguised security agreement is on economic realities of transaction, rather than on parties' intent. S.H.A. 810 ILCS 5/1-201(37). | Is a court's focus in distinguishing a true lease from a disguised security agreement on economic realities of a transaction? | 042865.docx | LEGALEASE-00167031-LEGALEASE-00167032 | Condensed, SA, Sub | 0.78 | 0 | 1 | 1 | 1 | 1 |
| 4931 | Mayor & City Council of Baltimore ex rel. Bd. of Police of City of Baltimore, 15 Md. 376 | 371+2016 | The power to levy taxes may be delegated by the Legislature to commissioners, or any other agents, and when the Legislature provides for a tax by any agency whatever, it is, in contemplation of the Constitution, the act of the people. | The power to levy taxes may be delegated by the Legislature to commissioners, or any other agents, and when the Legislature provides for a tax by any agency whatever, it is, in contemplation of the Constitution, the act of the people. | "Can the power to levy taxes be delegated by the Legislature and when the Legislature provides for a tax by any agency whatever, it is, in contemplation of the Constitution, the act of the people?" | Taxation - Memo 1380 - C - MV_68667.docx | ROSS-003280892-ROSS-003280893 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |
| 4932 | Davis v. Farmers Ins. Grp. of Companies, 86 Mich. App. 45 | 241+1 | We disagree. Notice provisions have different objectives than statutes of limitation. Notice provisions are designed, Inter alia, to provide time to investigate and to appropriate funds for settlement purposes. Statutes of limitation are intended to prevent stale claims and to put an end to fear of litigation. Dillon v. Tamminga # 1, 64 Mich.App. 301, 236 N.W.2d 716 (1975). | Statutes of limitations and notice provisions have different objectives; statutes of limitations are intended to prevent stale claims and put an end to fear of litigation while notice provisions are designed to provide time to investigate and to appropriate funds for settlement purposes. | How are notice provisions different from the statute of limitation? | 03659.docx | LEGALEASE-00077211-LEGALEASE-00077212 | Condensed, SA, Sub | 0.23 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4933 | Standard Meat Co. v. Taco Kid of Springfield, 554 S.W.2d 592 | 195+27 | A guaranty is a species of contract (Aalco Plumbing Sup. Co. v. John L. Henson Plumbing Co., 464 S.W.2d 10, 12(1) (Mo.1971)) to be construed as other contracts. Industrial Bank & Trust Co. v. Hesselberg, 195 S.W.2d 470, 476(17) (Mo.1946). It is a collateral agreement for another's undertaking and is an independent contract which imposes responsibilities different from those imposed in an agreement to which it is collateral. First National Bank of Clayton v. Frisco Park Realty Co., 510 S.W.2d 59, 62(3, 4) (Mo.App.1974). While it is held that contemporaneous agreements dealing with the same subject matter may be construed together as an aid in ascertaining the intention of the parties, this does not mean that those agreements constitute a single contract (Elliott v. Richter, 496 S.W.2d 860, 864(2) (Mo.1973)) for the liability of the guarantor remains primarily dependent upon the guaranty contract. It is the guaranty agreement which contains the express conditions on the guarantor's liability and which defines the obligations and rights of both the guarantor and guarantee. 38 Am.Jur.2d, Guaranty, s 73, at p. 1076. Any ambiguity in a guaranty contract should arise in the first instance from the guaranty agreement itself and neither a court nor the parties will be permitted to create an ambiguity where none exists. Charles Palermo Company, Inc. v. Wyant, 530 S.W.2d 15, 17(3) (Mo.App.1975). | Although contemporaneous agreements dealing with same subject matter may be construed together as an aid in ascertaining intention of parties, this does not mean that those agreements constitute a single contract, for liability of guarantor remains primarily dependent upon guaranty contract. | Will a guaranty contract contain express conditions on the guarantors liability? | 04309.docx | LEGALEASE-00078214-LEGALEASE-00078215 | Condensed, Order, SA, Sub | 0.79 | 1 | 1 | 1 | 1 | 1 |
| 4934 | Frymire Eng'g Co., ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd., 194 S.W.3d 713 | 366+1 | The doctrine of equitable subrogation allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. Brown v. Zimmerman, 160 S.W.3d 695, 700 (Tex.App.-Dallas 2005, no pet.). Equitable subrogation prevents the unjust enrichment of the debtor.First Nat. Bank of Kerrville v. O'Dell, 856 S.W.2d 410, 415 (Tex.1993). Establishing an equitable subrogation claim requires the claimant to prove both that the benefited party was primarily liable on the debt and that the debt was paid involuntarily. McBroome"Bennett Plumbing, Inc. v. Villa France, Inc., 515 S.W.2d 32, 36 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.); Argonaut Ins. Co. v. Allstate Ins. Co., 869 S.W.2d 537, 542 (Tex.App.-Corpus Christi 1993, writ denied). | The "equitable subrogation doctrine" allows one who involuntarily pays another's debt to seek repayment of that debt by the person who in equity and good conscience should have paid it. | "Does the ""equitable subrogation doctrine"" allow one who involuntarily pays another's debt to seek repayment of that debt? " | 06463.docx | LEGALEASE-00084341-LEGALEASE-00084342 | Condensed, SA, Sub | 0.76 | 0 | 1 | 1 | 1 | 1 |
| 4935 | Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989 | 95+175(1) | Turning to the substance of this appeal, Citizens Bank argues that the district court erred in granting the accounting firm's motion for summary judgment on the basis of its finding that the cross-claim was untimely. Citizens Bank contends that the unambiguous language of the tolling agreement established that while the tolling agreement was in effect, the running of the limitations period was tolled. As a result, Citizens Bank argues, the district court should have treated the day after the tolling agreement expired, January 1, 2006, as though it were the day after the effective date of the tolling agreement, May 2, 2003, which would result in a timely-filed cross-claim. Under Illinois law, which the parties agree governs, contracts are interpreted according to the "four corners" rule: "an agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined by the language used. It is not to be changed by extrinsic evidence." Davis v. G.N. Mortgage Corp., 396 F.3d 869, 878 (7th Cir.2005) (citations and internal quotations omitted). In applying this rule, we first look to the language of the contract alone. Air Safety, Inc. v. Teachers Realty Corp., 185 Ill.2d 457, 462, 236 Ill.Dec. 8, 706 N.E.2d 882, 884 (Ill.1999) (citing Rakowski v. Lucente, 104 Ill.2d 317, 323, 84 Ill.Dec. 654, 472 N.E.2d 791, 794 (Ill.1984)). If the language of the contract is clear and unambiguous, we interpret the contract without the use of parol evidence, id., and contract terms are interpreted according to their plain meaning unless otherwise defined. Utility Audit, Inc. v. Horace Mann Serv. Corp., 383 F.3d 683, 687 (7th Cir.2004) (citing Trade Center v. Dominick's Finer Foods, 304 Ill.App.3d 931, 934, 238 Ill.Dec. 230, 711 N.E.2d 333, 335 (1999)). An ambiguity exists, however, if the contract's language is susceptible to more than one interpretation. Air Safety, Inc., 185 Ill.2d at 462"63, 236 | Under Illinois law, contracts are interpreted according to the "four corners" rule, under which an agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it; intention must be determined by the language used and is not to be changed by extrinsic evidence. | What is the significance and purpose of the four corners rule under the US Law? | Bills And Notes-Negotiability-Memo 29-AM.docx | ROSS-003311590-ROSS-003311592 | Condensed, SA, Sub | 0.86 | 0 | 1 | 1 | 1 | 1 |
| 4936 | Gambino v. Standard Fire Ins. Co., 12-474 (La. App. 5 Cir. 2/21/13) | 13+70 | "A "step" is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery. A step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable." (Internal citations omitted.) Id. | A "step" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution is a formal action before the trial court intended to hasten judgment or is the taking of formal discovery. LSA-C.C.P. art. 561. | "Is a ""step"" in the prosecution or defense of an action that will avoid abandonment of a suit for lack of prosecution a formal action before the trial court intended to hasten judgment or is the taking of formal discovery? " | 10059.docx | LEGALEASE-00095371-LEGALEASE-00095372 | Condensed, SA, Sub | 0.1 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4937 | In re Fahle's Estate,90 Ohio App. 195 | 277+2 | The distinction between actual and constructive notice has long been recognized. The distinction is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained. Where ever, from competent evidence, either direct or circumstantial, the trier of the facts is entitled to hold as a conclusion of fact and not as a presumption of law that the information was personally communicated to or received by the party, the notice is actual. On the other hand, constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge. Actual notice may be (1) express or direct information, or (2) implied or inferred from the fact that the person had means of knowledge which he did not use. For example, if a person reads a death notice in a newspaper or a notice of the appointment of an administrator in the legal news he would not have absolute or express actual notice, but he would have sufficient means of knowledge from which the trier of the facts might infer implied actual notice. Clark v. Baltimore & O. R. Co., 3 Ohio N.P., 172, 7 Ohio N.P., 647, 4 Ohio Dec. 173, affirmed Miller v. Baltimore & O. R. Co., 60 Ohio St. 374, 54 N.E. 369; Crosier v. McNeal, 17 Ohio Cir.Ct. R., 644, 646, Ohio 6 Cir.Dec. 748, 3 O.D., 616; Varwig v. Cleveland, Cincinnati, Chicago & St. Louis R. Co., 54 Ohio St. 455, 468, 44 N.E. 92; In re Estate of Erbaugh, 73 Ohio App. 533, 57 N.E.2d, 294; In re Estate of Hamlin, Ohio Prob.Ct., 87 N.E.2d 691; 30 Ohio Jurisprudence, 194, 197, Sections 3 and 4; 39 American Jurisprudence, 234, 236, Sections 5, 6, and 7; 46 Corpus Juris, 539, 541; 66 C.J.S., Notice, "" 1-7. | The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the amount of information obtained, and wherever from competent evidence the trier of facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is "actual". | What is the distinction between actual notice and constructive notice? | 000280.docx | LEGALEASE-00115704-LEGALEASE-00115706 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4938 | Compton v. Ubilluz, 353 Ill. App. 3d 863 | 307A+3 | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. The moving party will thereby be protected from any prejudicial impact from the comment and the making of objections in front of the jury. However, a court is disadvantaged in ruling on a motion in limine because it is considered in a vacuum, before the presentation of the full evidence at trial that may justify admission or require exclusion. Trial judges should attempt to enter narrow in limine orders, anticipate proper evidence that might be excluded by the orders, and make the orders clear and precise so that all parties concerned have an accurate understanding of their limitations. An unclear order in limine is worse than no order at all; even if the court concludes that the evidence is inadmissible, it has the discretion to deny the motion in limine before trial. Cunningham v. Millers General Insurance Co., 227 Ill.App.3d 201, 205, 169 Ill.Dec. 200, 591 N.E.2d 80 (1992). It is well settled that both the motion in limine and the resulting order should be in writing to prevent confusion and misunderstanding during trial. Stennis v. Rekkas, 233 Ill.App.3d 813, 825, 175 Ill.Dec. 45, 599 N.E.2d 1059 (1992); Cunningham, 227 Ill.App.3d at 205, 169 Ill.Dec. 200, 591 N.E.2d 80. | A motion in limine permits a party to obtain an order excluding inadmissible evidence and prohibiting comment concerning such evidence during closing argument. | Does a motion in limine permit a party to obtain an order prohibiting comment concerning inadmissible evidence during closing argument? | 037186.docx | LEGALEASE-00125400-LEGALEASE-00125401 | Condensed, SA | 0.88 | 0 | 1 | 0 | 1 | |
| 4939 | Slater v. Varney, 136 W. Va. 406 | 316P+131 | The statement in the opinion in State ex rel. Clayton v. Neal, 122 W. Va. 501, 11 S.E.2d 109, 110, that the eligibility of a candidate to perform the duties of the office which he seeks "must be determined as of the date when he would enter upon the duties of his office, if elected," which in that instance was the first day of January, 1941, is in accord with and is supported by the above cited cases in other jurisdictions which apparently constitute the weight of judicial authority, and expresses the sound and correct principle of law of be applied in determining the eligibility of a candidate to hold the office to which he claims to have been elected. Application of this rule in this jurisdiction means that a candidate who is ineligible or disqualified to hold the office at the time of the election, in order to occupy it, must remove his disqualification at or before the commencement of the term of office to which he was elected according to the election returns. | A candidate who is ineligible or disqualified to hold office at time of election, in order to occupy it, must remove his disqualification at or before commencement of term of office to which he was elected according to election returns. | Does a candidate who is ineligible or disqualified to hold the office at the time of the election have to remove his disqualification before the commencement of the term of office to which he was elected? | 013513.docx | LEGALEASE-00128020-LEGALEASE-00128021 | SA, Sub | 0.76 | 0 | 0 | 1 | 1 | |
| 4940 | Georgiades v. Di Ferrante, 871 S.W.2d 878 | 307A+501 | A plaintiff has an absolute and unqualified right to take a nonsuit upon timely motion so long as the defendant has not made a claim for affirmative relief. General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.1990). A defensive pleading states an affirmative right to relief if it alleges that the defendant has a cause of action that is independent of the plaintiff's claim, and upon which he could recover benefits, compensation, or relief, even if the plaintiff abandons his own cause of action or fails to establish it. Id. at 570. A creative repleading "that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff" of the right to nonsuit. BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 841 (Tex.1990). | Plaintiff has absolute and unqualified right to take nonsuit upon timely motion so long as defendant has not made claim for affirmative relief. | " Is the plaintiff's right to take a nonsuit unqualified and absolute, as long as the defendant has not made a claim for affirmative relief?" | 038597.docx | LEGALEASE-00128190-LEGALEASE-00128191 | Condensed, SA | 0.81 | 0 | 1 | 0 | 1 | |
| 4941 | Parker v. S. Farm Bureau Cas. Ins. Co., 326 Ark. 1073 | 307A+331 | This court has long held that the trial court has wide discretion in matters pertaining to discovery and that a trial court's decision will not be reversed absent an abuse of discretion. Stein v. Lukas, 308 Ark. 74, 823 S.W.2d 832 (1992) (citing Marrow v. State Farm Ins. Co., 264 Ark. 227, 570 S.W.2d 607 (1978)). Although we recognize the magnitude of the trial court's discretion in discovery matters, we have found an abuse of discretion where there has been an undue limitation of substantial rights of the appellant under the prevailing circumstances. Rickett v. Hayes, 251 Ark. 395, 473 S.W.2d 446 (1971). A motion for production of documents must be considered in the light of the particular circumstances which give rise to it, and the need of the movant for the information requested. Marrow, supra. | Motion for production of documents must be considered in light of particular circumstances which give rise to it, and need of movant for information requested. | "Should a motion for production of documents be considered in light of particular circumstances which give rise to it, and need of movant for information requested?" | 027297.docx | LEGALEASE-00131117-LEGALEASE-00131118 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4942 | Blumberg v. Dornbusch, 139 N.J. Super. 433 | 307A+74 | We are of the opinion that we should not reject its use as part of pretrial discovery or trial procedure, unless some rule expressly precludes its use. R. 4:14-3(b) provides: The officer before whom the deposition is to be taken shall put the witness on oath and shall personally, or by some one acting under his direction and in his presence, record the testimony of the witness. The testimony shall be recorded and transcribed on a typewriter unless the parties agree otherwise. Defendant argues that this rule limits the method by which depositions may be taken. At oral argument before us plaintiff indicated a willingness to take the deposition in formal fashion and, in addition, to assume the cost of a contemporaneous videotape of the proceeding. Defendant argues that it is beyond the power of this court to authorize such a procedure, for were we to do so we would be usurping the rule-making power which is vested exclusively in the Supreme Court. In re Pfizer, 6 N.J. 233, 78 A.2d 80 (1951); Liberty Title & Trust Co. v. Plews, 6 N.J. 28, 77 A.2d 219 (1950); Winberry v. Salisbury, 5 N.J. 240, 74 A.2d 406 Cert. den. 340 U.S. 877, 71 S.Ct. 123, 95 L.Ed. 638 (1950). | Use of videotape in conjunction with deposition should not be rejected as part of pretrial discovery or trial procedure unless some rule expressly precludes it. R. 4:14-3(b). | Should the use of videotape in conjunction with deposition not be rejected as part of a pretrial discovery or trial procedure unless some rule expressly precludes it? | 031921.docx | LEGALEASE-00137940-LEGALEASE-00137941 | Condensed, SA, Sub | 0.85 | 0 | 1 | 1 | 1 | 1 |
| 4943 | Marin v. IESI TX Corp., 317 S.W.3d 314 | 302+16 | Marin contends the trial court's judgment is erroneous by failing to cap the damages at $200,000 because the pleadings by IESI did not specifically plead a request to exceed the damages cap. Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex.2000). Rule 47 of the Texas Rule of Civil Procedure provides a pleading "shall contain ... a short statement of the cause of action sufficient to give fair notice of the claim involved...." Tex.R. Civ. P. 47. "The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." Roark v. Allen, 633 S.W.2d 804, 810 (Tex.1982). The test of fair notice is whether an opposing attorney of reasonable competence, on review of the pleadings, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant. Bowen v. Robinson, 227 S.W.3d 86, 91 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). The "fair notice" requirement of Texas pleading relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity. Id. | Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. | Does the fair-notice standard consider whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy? | Pleading - Memo 379 - RMM.docx | ROSS-003289243-ROSS-003289244 | Condensed, SA | 0.83 | 0 | 1 | 0 | 1 | |
| 4944 | Cudd v. Larson, 117 Wis. 103 | 200+181 | If the statute requires the owner of such engine to stop and give such signal whenever a team happens to be within 15 rods of the engine, regardless of the direction in which it is going, or even if it is standing still, then the portion of the charge quoted is justified. Possibly, such may have been the intention of the Legislature, but no such intention is expressed in the statute. On the contrary, the person in charge of the engine is only required to give the signal when the engine "is approached within fifteen rods by any team or any person riding or driving any animal, and desiring to pass such engine," and the requirement "to render all proper assistance" is "to enable such team or persons to pass in safety." The plain meaning of the statute is that the team or person riding or driving the animal is to be moving toward the engine with the desire of passing it before the person in charge of the engine is required to stop it and give the signal. The evidence of the defendant is to the effect that when he turned onto the Seeley Road the plaintiff's "team was standing still on the west side of the road, facing directly to the south," and the plaintiff was standing on the east side of the team, holding the lines and looking toward the engine; that the defendant kept his eye on the team as he approached it with his engine; that the team stood still until the engine got opposite and within 2 1/2 or 4 rods of the team, when the horses started. Such being the construction of the statute and the evidence on the part of the defendant, it is manifest that the portion of the charge quoted was erroneous. | Rev.St.1898, S 1347b, as amended by chapter 197, Laws 1899, requires the owner or operator of a steam engine on any public highway in any town to signal, and stop it, when approached within 15 rods in either direction by a team, or person riding or driving any animal, and desiring to pass such engine, and to render all proper assistance to enable such team or persons to pass in safety. Held, the requirements of the statute apply only where the team, or person riding or driving the animal, is approaching the engine with the desire of passing it, and not where such team or person is standing still. | What is the owner or person in charge of the engine on any public highway required to do when the engine is approached within fifteen rods? | 019043.docx | LEGALEASE-00147080-LEGALEASE-00147081 | Condensed, SA, Sub | 0.63 | 0 | 1 | 1 | 1 | 1 |
| 4945 | Nelson v. Blacker, 701 P.2d 135 | 307A+590.1 | Pursuant to C.R.C.P. 41(b)(2), the trial court has discretion to dismiss an action for failure to prosecute with due diligence after reasonable notice. Schleining v. Sunday, 163 Colo. 424, 431 P.2d 464 (1967). A motion to dismiss on these grounds should not be granted if the plaintiff resumes the diligent prosecution of his claim, even though, at some prior period of time, he may have been guilty of gross negligence. Farber v. Green Shoe Mfg. Co., 42 Colo.App. 255, 596 P.2d 398 (1979). Dismissal with prejudice is a drastic sanction to be applied only in extreme situations. Tell v. McElroy, 39 Colo.App. 431, 566 P.2d 374 (1977). | Motion to dismiss for failure to prosecute should not be granted if plaintiff resumes the diligent prosecution of his claim, even though, at some prior period of time, he may have been guilty of gross negligence. | Should a motion to dismiss for failure to prosecute be granted if a plaintiff resumes the diligent prosecution of his claim? | Pretrial Procedure - Memo # 7476 - C - DHA_57516.docx | ROSS-003283832-ROSS-003283833 | Condensed, Order, SA, Sub | 0.67 | 1 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4946 | State v. Bryant, 110 So. 3d 1191 | 352H+13 | Defendant was convicted of forcible rape in violation of La. R.S. 14:42.1. Rape is defined as "the act of anal ... or vaginal sexual intercourse ... without the person's lawful consent." La. R.S. 14:41(A). Emission is not necessary and any sexual penetration, however slight, is sufficient to complete the crime of rape. La. R.S. 14:41(B). The crime of forcible rape occurs when the sexual intercourse is deemed to be without the victim's lawful consent because it is committed "[w]hen the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape." La. R.S. 14:42.1(A)(1). Thus, the elements of forcible rape are: (1) anal or vaginal sexual intercourse regardless of degree of penetration; (2) lack of consent of the victim; (3) a victim who was prevented from resisting by force or threat of physical violence; and (4) a victim who reasonably believed that resistance would not prevent the rape. State v.Wallace, 00"1745 (La.App. 5 Cir. 5/16/01), 788 So.2d 578, 584, writ denied, 01"1849 (La.5/24/02), 816 So.2d 297. | The elements of forcible rape are: (1) anal or vaginal sexual intercourse regardless of degree of penetration; (2) lack of consent of the victim; (3) a victim who was prevented from resisting by force or threat of physical violence; and (4) a victim who reasonably believed that resistance would not prevent the rape. LSA-R.S. 14:42.1. | Is lack of consent an essential element of forcible rape? | 043001.docx | LEGALEASE-00147864-LEGALEASE-00147865 | SA, Sub | 0.71 | 0 | 0 | 1 | 1 | |
| 4947 | Kauffman v. Kauffman, 93 Cal. App. 2d 808 | 34+63 | War Risk Insurance is a contract made in pursuance of Federal Statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private companies. Sternfeld v. United States, D.C., 32 F.2d 789, 790. The insurance contract is solely between the Government and the insured and the only relations of contract are between the Government and him. White v. United States et al., 270 U.S. 175, 180, 46 S.Ct. 274, 70 L.Ed. 530; Barton v. United States, D.C., 75 F.Supp. 703, 704. In the latter case, 75 F.Supp. at page 705, it was held that the National Life Insurance Act of 1940, 38 U.S.C.A. "" 801"818, is a constitutional exercise of the powers granted to Congress, citing U. S. Constitution Art. I, " 8, cls. 1, 13, and as such is the supreme law of the land, if Congress so willed. Id., Art. 6, cl. 2. In Mayo v. United States, 319 U.S. 441, 445, 63 S.Ct. 1137, 1139, 87 L.Ed. 1504, 147 A.L.R. 761, it was held that: "Since the United States is a government of delegated powers, none of which may be exercised throughout the Nation by any one state, it is necessary for uniformity that the laws of the United States be dominant over those of any state. Such dominancy is required also to avoid a breakdown of administration through possible conflicts arising from inconsistent requirements. The supremacy clause of the Constitution states this essential principle. Article VI. A corollary to this principle is that the activities of the Federal Government are free from regulation by any state. No other adjustment of competing enactments or legal principles is possible." | United States war risk insurance is a contract made in pursuance of federal statute and must be construed with reference to such statute, the regulations promulgated thereunder, and the decisions applicable thereto, rather than by laws and decisions governing private companies. National Life Insurance Act of 1940, SS 601-618, 38 U.S.C.A. SS 101, 701 et seq. | Are the only relations of contract under a policy issued pursuant to War Risk Insurance between the government and the insured? | 008737.docx | LEGALEASE-00148002-LEGALEASE-00148003 | SA, Sub | 0.79 | 0 | 0 | 1 | 1 | |
| 4948 | Abar v. Rogers, 23 Cal. App. 3d 506 | 200+80 | It seems worthy of note that the owner of land subject to an easement for a public highway has his remedy for damages (People ex rel. Dept. of Pub. Wks. v. Presley, 239 Cal.App.2d 309, 312, 48 Cal.Rptr. 672), or for injunction (Schaufele v. Doyle, 86 Cal. 107, 24 P. 834; Fitzgerald v. Smith, 94 Cal.App. 480, 485, 271 P. 507; Baldocchi v. Four Fifty Sutter Street Corp., 129 Cal.App. 383, 388, 18 P.2d 682), or in ejectment ( Weyle v. Sonoma Valley R.R. Co., 69 Cal. 202, 206, 10 P. 510), or for any encroachment on his property rights therein. And as said in Fitzgerald v. Smith, supra (94 Cal.App. at pp. 484"485 271 P. p. 509): "The rule is well established that persons owning property abutting on streets or highways have such special property interest therein as entitles them to maintain a suit for the enforcement and preservation of such rights. . . . The injury in so far as it affects the value of their property is a right peculiar to the owners and any interference with it constitutes a private as well as a public nuisance. . . ." | Owner of land subject to an easement for a public highway has a remedy for damages, injunction or ejectment for any encroachment on his property rights therein. | "Does the owner of land subject to an easement for a public highway have remedies for damages, injunction, and ejectment or for an encroachment on his property right? " | 019089.docx | LEGALEASE-00150526-LEGALEASE-00150527 | Condensed, SA | 0.85 | 0 | 1 | 0 | 1 | |
| 4949 | Williams v. Getty, 31 Pa. 461 | 308+148(5) | The learned judge of the court below charged, that "if the principal holds the agent out to the world as a general agent, in the transaction of his business, any contract he would make within the scope of that business would be binding on the principal, although there might be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract was made had no notice of such restriction." And that persons dealing with an agent carrying on a general business, such as a general manager of a railroad contractor, would not be bound to inquire into the particulars of the agent's authority, when held out to the world as such general agent, and particularly as the principal made no objections to his acts, and gave no notice of a restricted authority, although from time to time inspecting the progress of the work | If the principal holds out the agent to the world as a general agent in the transaction of his business, any contract made by him within the scope of that business will bind the principal, although there may be, as between the principal and agent, a restriction upon the general authority of the latter, if the person with whom the contract is made has no notice of such restriction. | Would the principal be bound if there is a restriction in general authority and the person with whom the contract was made had no notice? | 041620.docx | LEGALEASE-00155667-LEGALEASE-00155668 | Order, SA, Sub | 0.56 | 1 | 0 | 1 | 1 | 1 |
| 4950 | Mason v. Connell, 1 Whart. 381 | 289+927 | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | One partner cannot, without the consent of the other, introduce a stranger into the firm, nor can he, without such consent, make the other partner a member of another firm; but such consent may be implied from the acquiescence and acts of the parties; and if such other partner is made acquainted with the facts, he ought to dissent from the arrangement; otherwise he will be bound by it. | Can a partner admit a new member to the partnership without the consent of the other partners? | 022580.docx | LEGALEASE-00158514-LEGALEASE-00158515 | Condensed, SA, Sub | 0 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4951 | Cino v. Hopewell Twp. Gov't, 715 A.2d 1242 | 307A+697 | To remove a judgment of non pros, the petitioner must demonstrate to the trial court's satisfaction that the petition to open was promptly filed, provide a reasonable explanation for the delay, and demonstrate the existence of facts to support the cause of action. Pine Township Water Company v. Felmont Oil, 425 Pa.Super. 473, 625 A.2d 703 (1993), petition for allowance of appeal denied, 537 Pa. 665, 644 A.2d 1202 (1994). Denial of a petition to open judgment of non pros must be affirmed unless the trial court abused its discretion. County of Erie v. Peerless Heater Company, 660 A.2d 238 (Pa.Cmwlth.1995). | To remove judgment of non pros, petitioner must demonstrate to trial court's satisfaction that petition to open was promptly filed, provide reasonable explanation for delay, and demonstrate existence of facts to support cause of action. | " In order to remove a judgment of non pros, what should a party have?" | 039816.docx | LEGALEASE-00159391-LEGALEASE-00159392 | Condensed, SA | 0.61 | 0 | 1 | 0 | 1 | |
| 4952 | Intech Metals v. Meyer, Wagner & Jacobs, 2016 PA Super 299, 153 A.3d 406 | 307A+581 | The entry of a judgment of non pros and a subsequent request for relief from such judgment are governed by different tests. See Stephens, 799 A.2d at 797.To dismiss a case for inactivity pursuant to a defendant's motion for non pros there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the delay. Finally, the delay must cause actual prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.Jacobs v. Halloran, 551 Pa. 350, 710 A.2d 1098, 1103 (1998); see James Bros. Lumber v. Union Banking & Trust, 432 Pa. 129, 247 A.2d 587, 589 (1968) ( "James"Jacobs " test). | To dismiss a case for inactivity pursuant to a defendant's motion for non pros, there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude; second, the plaintiff must have no compelling reason for the delay; finally, the delay must cause actual prejudice to the defendant. | Can judgment of non pros be entered where there has been no compelling reason for the delay? | Pretrial Procedure - Memo # 8570 - C - VA_59366.docx | ROSS-003282301-ROSS-003282302 | Condensed, SA | 0.58 | 0 | 1 | 0 | 1 | |
| 4953 | Poteet v. Sauter, 136 Md. App. 383 | 366+1 | The principles of subrogation are important in deciding whether State Auto is a real party in interest. Writing on behalf of the Court of Appeals, Judge Cathell recently explained subrogation, stating:"Subrogation is founded upon the equitable powers of the court. It is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another. The doctrine is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person | Subrogation is founded upon the equitable powers of the court, is intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another, and is a legal fiction whereby an obligation extinguished by a payment made by a third person is treated as still subsisting for the benefit of this third person. | Is subrogation intended to provide relief against loss and damage to a meritorious creditor who has paid the debt of another? | Subrogation - Memo # 542 - ANG C.docx | ROSS-003283721-ROSS-003283723 | Order, SA, Sub | 0.39 | 1 | 0 | 1 | 1 | 1 |
| 4954 | Richmond Health Facilities v. Nichols, 811 F.3d 192 | 360+18.15 | To determine whether the FAA preempts Ping, we apply the Supreme Court's most recent test in Concepcion. The Court described two situations in which a state rule is preempted by the FAA. Concepcion, 563 U.S. at 341, 131 S.Ct. 1740. First, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." Id. Second, when a "doctrine normally thought to be generally applicable ... is alleged to have been applied in a fashion that disfavors arbitration," the court must determine whether the state law rule would have a "disproportionate impact" on arbitration agreements. Id. at 341"42, 131 S.Ct. 1740. This type of disproportionate impact "stand[s] as an obstacle to the accomplishment of the FAA's objectives." Id. at 343, 131 S.Ct. 1740. | State rule is preempted by Federal Arbitration Act (FAA) (1) when state law prohibits outright arbitration of particular type of claim, and (2) when doctrine normally thought to be generally applicable is alleged to have been applied in fashion that disfavors arbitration, if state law rule would have disproportionate impact on arbitration agreements. 9 U.S.C.A. S 1 et seq. | In what specific situations will the FAA pre-empt a state rule? | Alternative Dispute Resolution - Memo 334 - RK.docx | ROSS-003283902-ROSS-003283903 | Condensed, SA | 0.55 | 0 | 1 | 0 | 1 | |
| 4955 | State ex rel. Utilities Comm'n v. Town of Kill Devil Hills, 194 N.C. App. 561 | 317A+102 | Thus, we must determine whether N.C. Gen.Stat. " 62"106 is in conflict with N.C. Gen.Stat. " 62"42. When determining whether a conflict between statutes exists, "[r]epeals by implication are not favored ... and the presumption is always against implied repeal." McLean v. Board of Elections, 222 N.C. 6, 8, 21 S.E.2d 842, 844 (1942) (emphasis added). Instead, "[r]epeal by implication results only when the statutes are inconsistent, necessarily repugnant, utterly irreconcilable, or wholly and irreconcilably repugnant[.]" Id. at 9, 21 S.E.2d at 844 (internal citations omitted). When interpreting statutes on the same subject, they "are to be reconciled if this can be done by giving effect to the fair and reasonable intendment of both acts[ ] or by reasonable construction of the statutes." Id. at 8"9, 21 S.E.2d at 844 (internal citation omitted). Moreover, the "several provisions [of the public utilities statutes] must be construed together so as to accomplish its primary purpose ... that the public is entitled to adequate service at reasonable rates[.]" Utilities Comm. v. Telephone Co., 285 N.C. 671, 680, 208 S.E.2d 681, 687 (1974). | The several provisions of the public utilities statutes must be construed together so as to accomplish its primary purpose that the public is entitled to adequate service at reasonable rates. | Should public utilities statutes be construed together to accomplish its primary purpose of providing adequate service at a reasonable charge? | Public Utilities - Memo 45 - JS.docx | ROSS-003284087-ROSS-003284088 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4956 | In re Olson, 355 B.R. 649 | 366+1 | Pursuant to this standard, the court accepts as true all allegations in the Plaintiffs' proposed Amended Complaint. Nevertheless, the Plaintiffs have not stated any facts to support a finding by the court that they may step into the shoes of the Debtor's former spouse through equitable subrogation in order to properly maintain an action under " 523(a)(15). Tennessee courts define subrogation as "the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt." Bankers Trust Co. v. Collins, 124 S.W.3d 576, 579 (Tenn.Ct.App.2003) (quoting Blankenship v. Estate of Bain, 5 S.W.3d 647, 650 (Tenn.1999)). "A right of subrogation may arise by contract ("conventional subrogation"), by application of equitable principles of law ("legal subrogation"), or by application of statute ("statutory subrogation")." Blankenship, 5 S.W.3d at 650. "Equitable [or legal] subrogation is a "legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other." " Fed. Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co., 415 F.3d 487, 494 (6th Cir.2005) (quoting Superior Bank, FSB v. Boyd (In re Lewis), 398 F.3d 735, 747 (6th Cir.2005)); see also Amos v. Cent. Coal Co., 38 Tenn.App. 626, 277 S.W.2d 457, 462 (Ct.App.1954). | Under Tennessee law, "subrogation" is the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. | "Is subrogation the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt?" | Subrogation - Memo # 414 - C - SA.docx | ROSS-003284270-ROSS-003284271 | Condensed, SA, Sub | 0.85 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4957 | Chadron Energy Corp. v. First Nat. Bank of Omaha, 236 Neb. 173 | 366+1 | Subrogation is defined as the substitution of one person in the place of another with reference to a lawful claim, demand, or right, so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. J.J. Schaefer Livestock Hauling v. Gretna St. Bank, 229 Neb. 580, 428 N.W.2d 185 (1988). " " "Subrogation is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other." " " (Emphasis omitted.) Id. at 591, 428 N.W.2d at 192 (quoting State Auto. & Cas. Underwriters v. Farmers Ins. Exchange, 204 Neb. 414, 282 N.W.2d 601 (1979)). The doctrine of subrogation includes every instance in which one person pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter, so long as the payment was made under compulsion or for the protection of some interest of the one making the payment and in discharge of an existing liability. J.J. Schaefer Livestock Hauling v. Gretna St. Bank, supra. The doctrine applies where a party is compelled to pay the debt of a third person to protect his own rights or interest, or to save his own property. Rawson v. City of Omaha, 212 Neb. 159, 322 N.W.2d 381 (1982). Subrogation is not allowed where the debt paid is one for which the payor is primarily liable. See, J.J. Schaefer Livestock Hauling v. Gretna St. Bank, supra; Luikart v. Buck, 131 Neb. 866, 270 N.W. 495 (1936). | "Subrogation" is substitution of one person in place of another with reference to lawful claim, demand, or right, so that the one who is substituted succeeds to rights of other in relation to debt or claim and its rights, remedies, or securities. | "Does subrogation involve substitution of one person in place of another with reference to lawful claim, demand, or right?" | Subrogation - Memo 250 - VG C.docx | ROSS-003285241-ROSS-003285243 | SA, Sub | 0.83 | 0 | 0 | 1 | 1 | |
| 4958 | Mujica v. Occidental Petroleum Corp., 381 F. Supp. 2d 1164 | 221+342 | "Act of state issues only arise when a court must decide"that is, when the outcome of the case turns upon"the effect of official action by a foreign sovereign." W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., Intern., 493 U.S. 400, 406, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990) (emphasis in original). When the Court must address such issues, the act of state doctrine can be invoked by private entities. See Doe I, 395 F.3d at 958; see also Sarei, 221 F.Supp.2d at 1184 ("The act of state doctrine comes into play only when the outcome of a case turns on the effect of official action by a foreign sovereign."). | Act of state issues only arise when court must decide, that is, when outcome of case turns upon, effect of official action by foreign sovereign. | Do act of state issues only arise when the outcome of the case turns upon the effect of official action by foreign sovereign? | International Law - Memo # 198 - C - MLS.docx | ROSS-003285420-ROSS-003285421 | Condensed, SA | 0.77 | 0 | 1 | 0 | 1 | |
| 4959 | Chicago Exhibitors Corp. v. Jeepers! of Illinois, 376 Ill. App. 3d 599 | 307A+3 | "A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence," and, generally, this "court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion." Beehn v. Eppard, 321 Ill.App.3d 677, 680, 254 Ill.Dec. 598, 747 N.E.2d 1010 (2001), citing People v. Williams, 188 Ill.2d 365, 369, 242 Ill.Dec. 260, 721 N.E.2d 539 (1999). "However, a trial court must exercise its discretion within the bounds of the law." Beehn, 321 Ill.App.3d at 680, 254 Ill.Dec. 598, 747 N.E.2d 1010. Where a trial court's exercise of discretion relies on an erroneous conclusion of law, as the Swentos claim, our review is de novo. Beehn, 321 Ill.App.3d at 680"81, 254 Ill.Dec. 598, 747 N.E.2d 1010. | A motion in limine is addressed to the trial court's inherent power to admit or exclude evidence, and, generally, the Appellate Court will not disturb the trial court's ruling on a motion in limine absent a clear abuse of discretion. | Is a motion in limine addressed to the trial court's inherent power to admit or exclude evidence? | Pretrial Procedure - Memo # 424 - C - SSB.docx | ROSS-003285542-ROSS-003285543 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4960 | Hand v. Pettitt, 258 Ga. App. 170 | 307A+3 | (Citations, punctuation and footnote omitted; emphasis in original.) State v. Johnston, 249 Ga. 413, 415(3), 291 S.E.2d 543 (1982); see also Andrews v. Wilbanks, supra at 556, 458 S.E.2d 817. Where the evidence may be relevant and material if certain foundational facts are proven, the trial court does not abuse its discretion excluding such evidence until the proper foundation has been laid before the court to make such evidence relevant and create an issue of proof. Id.; Jakobsen v. Colonial Pipeline Co., 237 Ga.App. 441, 446(3), 514 S.E.2d 851 (1999) (trial court can modify a grant of a motion in limine); Dept. of Transp. v. Wallace Enterprises, 234 Ga.App. 1, 4(6), 505 S.E.2d 549 (1998) (denied motion in limine). However, when admission of certain evidence is a matter of law instead of a mixed question of law and fact, the trial court does not abuse its discretion in granting a motion in limine where there are no circumstances under which disputed evidence is admissible. Andrews v. Wilbanks, supra at 556, 458 S.E.2d 817. | When admission of certain evidence is a matter of law instead of a mixed question of law and fact, a trial court does not abuse its discretion in granting a motion in limine, where there are no circumstances under which disputed evidence is admissible. | "When disputed evidence is admissible for any reason, does trial court abuse its discretion in denying a motion in limine?" | Pretrial Procedure - Memo # 884 - C - KA.docx | ROSS-003286171-ROSS-003286172 | Condensed, SA | 0.76 | 0 | 1 | 0 | 1 | |
| 4961 | Rathbun v. Health Net of the Ne., 315 Conn. 674 | 366+1 | We first consider common-law principles governing the doctrine of subrogation. "In its simplest form, subrogation allows a party who has paid a debt to step into the shoes of another (usually the debtee) to assume his or her legal rights against a third party to prevent that party's unjust enrichment.... The common-law doctrine of legal or equitable subrogation therefore enables an insurance company that has made a payment to its insured to substitute itself for the insured and to proceed against the responsible third party." (Citation omitted; internal quotation marks omitted.) Fireman's Fund Ins. Co. v. TD Banknorth Ins. Agency, Inc., 309 Conn. 449, 455, 72 A.3d 36 (2013). | In its simplest form, "subrogation" allows a party who has paid a debt to step into the shoes of another, usually the debtee, to assume his or her legal rights against a third party to prevent that party's unjust enrichment. | Does subrogation allow a party who has paid a debt to step into the shoes of the debtee? | Subrogation - Memo 150 - VP C.docx | ROSS-003287864-ROSS-003287865 | Condensed, SA | 0.67 | 0 | 1 | 0 | 1 | |
| 4962 | McCoy v. Feinman, 99 N.Y.2d 295 | 241+55(3) | An action to recover damages arising from an attorney's malpractice must be commenced within three years from accrual (see CPLR 214 [6] ). A legal malpractice claim accrues "when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (Ackerman v. Price Waterhouse, 84 N.Y.2d 535, 541, 620 N.Y.S.2d 318, 644 N.E.2d 1009 [1994] ). In most cases, this accrual time is measured from the day an actionable injury occurs, "even if the aggrieved party is then ignorant of the wrong or injury" (id.). "What is important is when the malpractice was committed, not when the client discovered it" (Shumsky, 96 N.Y.2d at 166, 726 N.Y.S.2d 365, 750 N.E.2d 67; Glamm v. Allen, 57 N.Y.2d 87, 95, 453 N.Y.S.2d 674, 439 N.E.2d 390 [1982] ). Though we have recognized tolls on this three-year limitations period under the continuous representation doctrine (see Shumsky at 167"168, 726 N.Y.S.2d 365, 750 N.E.2d 67), we have recognized no exception to measuring the accrual date from the date of injury caused by an attorney's malpr | Legal malpractice claim accrues for limitations purposes when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court. McKinney's CPLR 214, subd. 6. | Does a legal malpractice claim accrue when all the facts necessary to the cause have occurred and the injured party can obtain relief in court? | Action - Memo # 219 - C - NO.docx | ROSS-003301656-ROSS-003301657 | Condensed, SA, Sub | 0.81 | 0 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4963 | In re Trask, 462 B.R. 268 | 366+1 | The traditional doctrine of equitable subrogation "enables "[o]ne who pays, otherwise than as a volunteer, an obligation for which another is primarily liable," to be "given by equity the protection of any lien or other security for the payment of the debt to the creditor," and to "enforce such security against the principal debtor or collect the obligation from him." " See Chase Manhattan Bank, USA, N.A. v. Taxel (In re Deuel), 594 F.3d 1073, 1079 (9th Cir.2010) (quoting McClintock on Equity 332 (2d ed.1948)). The Supreme Judicial Court of Maine has stated that equitable subrogation is "a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it." Nappi v. Nappi Distribs., 691 A.2d 1198 (Me.1997) (quoting United Carolina Bank v. Beesley, 663 A.2d 574, 576 (Me.1995)). It is "a concept derived from principles of restitution and unjust enrichment." Id. (citing North East Ins. Co. v. Concord Gen. Mut. Ins. Co., 433 A.2d 715, 719 (Me.1981)). Under the doctrine, when one, not a volunteer, loans money to another and takes a mortgage to discharge a first mortgage, it may be proper to apply the doctrine and to subrogate the lender to the discharged mortgage. Beesley, 663 A.2d at 576; Federal Land Bank of Springfield v. Smith, 129 Me. 233, 151 A. 420 (1930). The doctrine requires that the equities of the parties be weighed and balanced. Beesley, 663 A.2d at 576. "Subrogation, itself a creature of equity, must be enforced with due regard for the rights, legal or equitable, of others. It should not be invoked so as to work injustice, or defeat a legal right, or to overthrow a superior or perhaps equal equity, or to displace an intervening right or title." Id.; see also Federal Land Bank, 151 A. at 422. | Under Maine law, equitable subrogation is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it. | Is equitable subrogation a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it? | Subrogation - Memo 153 - ANG C.docx | ROSS-003311570-ROSS-003311572 | SA, Sub | 0.91 | 0 | 0 | 1 | 1 | |
| 4964 | Kuwait Pearls Catering Co., WLL v. Kellogg Brown & Root Servs., 853 F.3d 173 | 221+342 | As discussed, in addition to the political-question doctrine, the district court concluded subject-matter jurisdiction was foreclosed by the act-of-state doctrine. KPCC, 2016 WL 1259518, at That doctrine, however, "applies only when the dispute implicates the legitimacy of public acts undertaken by a sovereign nation". Af"Cap Inc. v. Republic of Congo, 383 F.3d 361, 372 n.14 (5th Cir. 2004) (citing Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 401, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); Callejo v. Bancomer, S.A., 764 F.2d 1101, 1112"24 (5th Cir. 1985)). In deciding whether this doctrine applies, courts must look not only to the acts of the named parties, but to any sovereign acts the validity of which would be called into question by adjudication of the action. Walter Fuller Aircraft Sales, Inc. v. Republic of the Philippines, 965 F.2d 1375, 1387"88 (5th Cir. 1992). "The burden lies on the proponent of the doctrine to establish the factual predicate for [its] application." Spectrum Stores, Inc. v. Citgo Petroleum Corp., 632 F.3d 938, 954 (5th Cir. 2011). | In deciding whether the act-of-state doctrine applies, courts must look not only to the acts of the named parties, but to any sovereign acts the validity of which would be called into question by adjudication of the action; the burden lies on the proponent of the doctrine to establish the factual predicate for its application. | "In deciding whether the act-of-state doctrine applies, should the courts look only to the acts of the named parties?" | International Law - Memo # 109 - C - LK.docx | ROSS-003311721-ROSS-003311722 | SA, Sub | 0.69 | 0 | 0 | 1 | 1 | |
| 4965 | AT&T Mobility LLC v. Concepcion, 563 U.S. 333 | 360+18.15 | When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA. Preston v. Ferrer, 552 U.S. 346, 353, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008). But the inquiry becomes more complex when a doctrine normally thought to be generally applicable, such as duress or, as relevant here, unconscionability, is alleged to have been applied in a fashion that disfavors arbitration. In Perry v. Thomas, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987), for example, we noted that the FAA's preemptive effect might extend even to grounds traditionally thought to exist " "at law or in equity for the revocation of any contract." " Id., at 492, n. 9, 107 S.Ct. 2520 (emphasis deleted). We said that a court may not "rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what ... the state legislature cannot." Id., at 493, n. 9, 107 S.Ct. 2520. | In light of the preemptive effect of the Federal Arbitration Act (FAA), a court may not rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable, for this would enable the court to effect what the state legislature cannot. 9 U.S.C.A. S 2. | Can courts rely on the uniqueness of an agreement to arbitrate as a basis for a state-law holding that enforcement would be unconscionable? | Alternative Dispute Resolution - Memo 339 - RK.docx | ROSS-003314537-ROSS-003314539 | Condensed, Order, SA, Sub | 0.7 | 1 | 1 | 1 | 1 | 1 |
| 4966 | Lehndorff Geneva v. Warren, 74 Wis. 2d 369 | 24+120 | The premise of this rationale is that it is the responsibility of the national government to regulate matters of immigration and naturalization. Once Congress and the executive have exercised this power, ". . . aliens lawfully within this country have a right to enter and abide in any State in the Union "on an equality of legal privileges with all citizens under nondiscriminatory laws." Takahashi, 334 U.S., at 420, 68 S.Ct., at 1143 (92 L.Ed. at 1487).' Graham, 403 U.S. at 378, 91 S.Ct. at 1855. A state policy of denying resident aliens government benefits available to others conflicts with this constitutionally derived federal power to regulate admission, naturalization and residence in the United States. | Once Congress and the executive have exercised powers of immigration and naturalization, aliens lawfully within country have a right to enter and abide in any state in the union on an equality of legal privileges with all citizens under nondiscriminatory laws. | Do aliens have a right to enter any State in the Union on an equality of legal privileges with all citizens? | "Aliens, Immigration and Citizenship - Memo 65 - RK_64799.docx" | ROSS-003318847-ROSS-003318848 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 4967 | In re Pihl, 560 B.R. 1 | 366+1 | "Equitable subrogation occurs where one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment." In re N. Am. Rubber Thread Co., 333 B.R. 164, 168 (Bankr. D. Mass. 2005). "When the surety then finances the contract to completion, it is subrogated to the contractor's property rights in the contract balance." Balboa Ins. Co. v. United States, 775 F.2d 1158, 1161 (Fed. Cir. 1985). The doctrine can be invoked in the absence of an express subrogation agreement. N. Am. Rubber Thread Co., 333 B.R. at 168. It does not require that a financing statement be filed. Nat'l Shawmut Bank v. New Amsterdam Cas. Co., 411 F.2d 843 (1st Cir. 1969); Canter v. Schlager, 358 Mass. 789, 791, 267 N.E.2d 492 (1971). | Equitable subrogation occurs when one party, by virtue of its payment of another's obligation, steps into the shoes of the party who was owed the obligation for purposes of getting recompense for its payment. | Does subrogation occur when one party steps into the shoes of the party who was owed the obligation for purpose of getting recompense for its payment? | Subrogation - Memo 123 - VP C.docx | ROSS-003323009-ROSS-003323011 | SA, Sub | 0.74 | 0 | 0 | 1 | 1 | |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4968 | Allstate Ins. Co. v. Palumbo, 109 Conn. App. 731 | 366+1 | We begin with the general principles of equitable subrogation. "The object of [equitable] subrogation is the prevention of injustice. It is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, injustice, equity, and good conscience, should pay it. As now applied, the doctrine of .. equitable subrogation is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." (Internal quotation marks omitted.) Wasko v. Manella, supra, 269 Conn. at 532"33, 849 A.2d 777. | Object of equitable subrogation is the prevention of injustice; it is designed to promote and to accomplish justice, and is the mode which equity adopts to compel the ultimate payment of a debt by one who, injustice, equity, and good conscience, should pay it. | Is subrogation an equitable doctrine which seeks to impose ultimate responsibility for a loss on one who in equity and good conscience should bear it? | Subrogation - Memo 305 - RM C.docx | ROSS-003325237-ROSS-003325238 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 4969 | Dees v. Logan, 281 Ga. App. 837 | 307A+3 | "A trial court's ruling on a motion in limine is reviewed for abuse of discretion. [Cits.]" Forsyth County v. Martin, 279 Ga. 215, 221(3), 610 S.E.2d 512 (2005). Because the grant of a motion in limine forecloses the admission of the evidence at trial, "the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citation omitted.) Id. | Because the grant of a motion in limine forecloses the admission of the evidence at trial, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. | Should the judicial power be exercised with great care in the grant of a motion in limine excluding evidence because it forecloses the admission of the evidence at trial? | Pretrial Proceedure - Memo # 33 - C - TJ.docx | ROSS-003325747-ROSS-003325748 | Condensed, SA, Sub | 0.48 | 0 | 1 | 1 | 1 | 1 |
| 4970 | United States v. Menendez, 137 F. Supp. 3d 709 | 63+1(1) | Under the stream of benefits doctrine, bribery's "quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." United States v. Kemp, 500 F.3d 257, 282 (3d Cir.2007) (internal citations and quotations omitted, emphasis in original). | Under the stream of benefits doctrine, the bribery statute's quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor. 18 U.S.C.A. S 201. | What is the stream of benefits doctrine in regards to bribery? | Bribery - Memo #711 - C - LB.docx | ROSS-003329154-ROSS-003329155 | SA, Sub | 0.25 | 0 | 0 | 1 | 1 | |
| 4971 | In re Deepwater Horizon, 745 F.3d 157 | 16+4 | The Fifth Circuit has interpreted this language as straightforward and broad. See Tenn. Gas Pipeline v. Hous. Cas. Ins. Co., 87 F.3d 150, 154 (5th Cir. 1996); EP Operating Ltd. P'ship v. Placid Oil Co., 26 F.3d 563, 569 (5th Cir.1994)("[A] broad reading of the jurisdictional grant of section 1349 is supported by the expansive substantive reach of the OCSLA.").Moreover, because jurisdiction is invested in the district courts by this statute, "[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply." Barker v. Hercules Offshore, Inc., 713 F.3d 208, 213 (5th Cir.2013). Courtstypicallyassessjurisdiction under this provision in terms of whether (1) the activities that caused the injury constituted an "operation" "conducted on the outerContinentalShelf" that involved the exploration and production of minerals, and (2) the case "arises out of, or in connection with" the operation. See, e.g., EP Operating Ltd. P'ship, 26 F.3d at 568"69. As the district court noted, the fact that the oil spill occurred because of the Appellees' "operations" in exploring for and producing oil on the OuterContinentalShelf ("OCS") cannot be contested. | Courts typically assess jurisdiction under the OCSLA in terms of whether: (1) the activities that caused the injury constituted an operation conducted on the Outer Continental Shelf (OCS) that involved the exploration and production of minerals, and (2) the case arises out of, or in connection with, the operation. Outer Continental Shelf Lands Act, S 23(b)(1), 43 U.S.C.A. S 1349(b)(1). | How is jurisdiction assessed under The Outer Continental Shelf Lands Act? | 000046.docx | LEGALEASE-00115480-LEGALEASE-00115482 | Condensed, SA, Sub | 0.67 | 0 | 1 | 1 | 1 | 1 |
| 4972 | In re Stamell, 252 B.R. 8 | 195+36(1) | 678 New York Jurisprudence, 2nd " 116, gives the following definition of strictissimi juris:The rule of strictissimi juris is applicable to contracts of guaranty, and a guarantor should not be bound beyond the express terms of his agreement. The liability of a guarantor or the obligation of a surety is strictly construed. They are held only to the express terms of their respective agreements, and their liability is strictly limited by the terms, scope, and meaning of the agreement executed. The well-established rule that an uncompensated surety's obligation is construed strictissimi juris in the surety's favor, so that he is not liable beyond the express terms of his contract, means that his liability may not be altered or extended beyond the express contractual obligation without his consent, and his responsibility is not to be extended or enlarged by implication or construction.63 N.Y.JUR.2d, Guaranty and Suretyship " 116 (citations omitted). | Under rule of strictissimi juris, as applied under New York law to contracts of guaranty or surety, the liability of guarantors and obligations of sureties are strictly construed; they are held only to the express terms of their respective agreements, and their liability is strictly limited by terms, scope, and meaning of the agreement executed. | Can a guarantor or surety be held beyond the express terms of his contract? | Guaranty - Memo 2 - RM.docx | ROSS-003284759-ROSS-003284760 | SA, Sub | 0.64 | 0 | 0 | 1 | 1 | |
| 4973 | Republic Steel Corp. v. Willis, 243 Ala. 127 | 413+1240 | The essential facts necessary to constitute "actual knowledge," which this Court has held to be the equivalent of the written notice required by the statute, is knowledge that he "received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified." Section 295, Title 26, Code of 1940; Sloss-Sheffield Steel & Iron Co. v. Foote, supra, and cases there cited. | The essential facts necessary to constitute "actual knowledge" by employer of accidental injuries sustained by employee which is equivalent of written notice of the accident, required by statute, is knowledge that employee received a specified injury in the course of his employment in or about a specified time at or near a certain place. Code 1940, Tit. 26, SS 294, 295. | What does the word actual knowledge mean in relation to notice? | Notice - Memo 7 - VP.docx | ROSS-003297766-ROSS-003297767 | Condensed, Order, SA, Sub | 0.1 | 1 | 1 | 1 | 1 | 1 |

| ROW | Judicial Opinion | WKNS Topic + Key Number | Judicial Opinion Text | Copied Headnote | Memo Question | Memo Filename | Bates Number | Headnote Category | Length Differential between Judicial Opinion Text and Headnote | Order | Condensed | Substantive Additions | Selection & Arrangement | Multiple Differences |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 839 | 15,344 | 14,873 | 21,876 | 9,029 |
| 4974 | Fooden v. Bd. of Governors of State Colleges & Universities, 48 Ill. 2d 580 | 228+186 | The question posed here is whether this is a proper case for the use of summary judgment procedure when tested by the rules governing such use. It may be stated generally that if what is contained in the pleadings and affidavits would have constituted all of the evidence before the court and upon such evidence there would be nothing left to go to a jury, and the court would be required to direct a verdict, then a summary judgment should be entered. (People ex rel. Sharp. v. City of Chicago, 13 Ill.2d 157, 148 N.E.2d 481; Shirley v. Ellis Drier Co., 379 Ill. 105, 39 N.E.2d 329.) More specifically,it has been held that an affidavit in support of a motion for summary judgment is actually a substitute for testimony taken in open court and should contain as much pertinent information as the affiant could competently testify to if he were sworn as a witness,(Welsh v. Centa, 75 Ill.App.2d 305, 221 N.E.2d 106)and where such well alleged facts are not contradicted by counteraffidavit, they must be taken as true, notwithstanding the existence of contrary averments in the adverse party's pleadings which merely purport to establish bona fide issues of fact.(Renieris v. Village of Skokie, 85 Ill.App.2d 418, 229 N.E.2d 345; Murphy v. Cory Pump and Supply Co., 47 Ill.App.2d 382, 197 N.E.2d 849.) Also, as against positive, detailed averments of fact in an affidavit, allegations made on information and belief by an adverse party are insufficient, for they are not equivalent to averments of relevant facts but rather put in issue only the pleader's information and belief and not the truth or falsity of the "facts' referred to. (Whitley v. Frazier, 21 Ill.2d 292, 171 N.E.2d 644; Smith v. Township High School Dist. 158, 335 Ill. 346, 167 N.E. 76.) And the sufficiency of an affidavit cannot be tested for the first time on appeal where no objection was made either by motion to strike, or otherwise, in the trial court. Campione v. Henry C. Lytton & Co., 57 Ill.App.2d 147, 206 N.E.2d 780. | Where well alleged facts in affidavit in support of motion for summary judgment are not contradicted by affidavit, such allegations must be taken as true, notwithstanding existence of contrary averments in adverse party's pleadings which merely purport to establish bona fide issues of fact. S.H.A. ch. 110, S 57. | Can affidavits be a substitute to testimony? | 07324.docx | LEGALEASE-00077606-LEGALEASE-00077608 | Condensed, SA, Sub | 0.84 | 0 | 1 | 1 | 1 | 1 |
| 4975 | Richardson v. Ry. Exp. Agency, 258 Or. 170 | 217+1814 | It is true that the character of a contract of insurance cannot be concealed or changed by the use or absence of the word "insurance" and that even the fact that a contract expressly states that it is not a contract of insurance is not controlling, but that the courts will look behind the terminology used and will consider the contract in its entirety to ascertain what the parties intended to accomplish. 1 Couch on Insurance 2d, 39, s 1:12. | Character of contract of insurance cannot be concealed or changed by use or absence of word "insurance" and even fact that contract expressly states that it is not contract of insurance is not controlling; and courts will look beyond terminology used and will consider contract in its entirety to ascertain what parties intended to accomplish. | How do courts interpret the terminology of insurance contracts? | 000186.docx | LEGALEASE-00115600-LEGALEASE-00115601 | Condensed, SA, Sub | 0.22 | 0 | 1 | 1 | 1 | 1 |
| 4976 | Fed. Sav. & Loan Ins. Corp. v. Urschel, 159 Kan. 674 | 322H+1157 | In Faris v. Finnup, 84 Kan. 122, 113 P. 407, we held:"Under the statute providing that no conveyance of real estate shall be valid, except as between the parties and as to those who have actual notice, until it is deposited for record (Gen.St.1909, " 1672),actual notice may be express, when it consists of knowledge actually brought personally home, or it may be implied when it consists of knowledge of facts so informing that a reasonably cautious person would be led by them to the ultimate fact. In the latter case, the known facts must be sufficiently specific to impose the duty to investigate further, and they must furnish a natural clue to the ultimate fact." Syl. par. | Under statute providing that no conveyance of realty shall be valid except as between the parties and as to those who have "actual notice" until deposited for record, actual notice may be express when it consists of knowledge actually conveyed, or it may be implied when it consists of knowledge of facts so informing that reasonably cautious person would be led by them to the ultimate fact. Gen.St.1935, 67-223. | How is actual notice classified under the law? | Notice -Memo 15 - VP.docx | LEGALEASE-00000640-LEGALEASE-00000642 | SA, Sub | 0.42 | 0 | 0 | 1 | 1 | |
| 4977 | Home Owners' Loan Corp. v. Sears, Roebuck & Co., 123 Conn. 232 | 322H+1159 | Certain other of the defendant's contentions revolve about the fact that its certificate of attachment was on record when the plaintiffs took their mortgages and that consequently they had constructive notice of it. In the first place, recognition of the application of the principle of subrogation in this case would not violate the policy of this state that all persons dealing with real estate are entitled to rely upon the land records as disclosing the true state of the title to land; for it is a corollary to that principle that one who had actual notice of equitable rights not of record is nevertheless bound to recognize them. Andretta v. Fox New England Theatres, Inc., 113 Conn. 476, 155 A. 848; Kulmacz v. Milas, 108 Conn. 538, 542, 144 A. 32; New York, N. H. & H. R. Co. v. Russell, 83 Conn. 581, 594, 78 A. 324. The defendant through its attorney not only knew before it filed its certificate of attachment that DeDonato was negotiating with the Loan Corporation for its assistance in refinancing the obligations upon the property, but it also knew before it took any steps to secure the deficiency judgment in its foreclosure action against the Reservoir Avenue property, that a mistake had been committed by the parties in proceeding with the transaction in disregard of its lien. It cannot avoid the equitable rights of the plaintiffs with knowledge of which it was chargeable merely because its lien became upon the face of the record a first incumbrance upon the property due to the discharge of the incumbrances which had had priority over it | That a person who has actual notice of equitable rights not of record is nevertheless bound to recognize them is the corollary of the principle that all persons dealing with realty are entitled to rely on land records as disclosing the true state of the title. | Is a party who has actual notice of equitable rights not of record bound to recognize them? | 003845.docx | LEGALEASE-00115778-LEGALEASE-00115779 | Condensed, SA, Sub | 0.83 | 0 | 1 | 1 | 1 | 1 |
| 4978 | Fallarino v. Fallarino, 56 Misc. 3d 67 | 315+185 | "A lifeestate is more than merely a rightof enjoyment. Rather, a life tenant is entitled to possession, control, and enjoyment of the property for the duration of his or her life' (56 N.Y. Jur. 2d, Estates, Powers, and Restraints on Alienation " 35). The substance of a lifeestate consists in the life tenant's right to exclude all others from the possession of the subject property for the duration of his or her own life' (Torre v. Giorgio, 51 A.D.3d 1010, 1011 [858 N.Y.S.2d 765] [2008] [internal quotation marks and citation omitted] ). Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present rightof enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy (56 N.Y. Jur. 2d, Estates, Powers, and Restraints on Alienation " 186).Therefore, as a remainderman, petitioner has no right to possession of the premises for the duration of the [mother's] life and, thus, no standing to bring this summary proceeding to recover possession" (Novakovic v. Novakovic, 25 Misc.3d 94, 95"96 [890 N.Y.S.2d 758] [App.Term, 2d Dept., 2d, 11th & 13th Jud.Dists.2009]; see also Kurek v. Luszcyk, 51 Misc.3d 19, 20 [28 N.Y.S.3d 550] [App.Term, 2d Dept., 2d, 11th & 13th Jud.Dists.2015] ). | Because the life tenant has the exclusive right to the property during his or her life, the remainderman or reversioner has no right to possession or any present right of enjoyment, or tangible or physical ownership, of the land' during the term of the life tenancy. | Does the remainderman or reversioner have a right to possession or any present right of enjoyment of the land during the term of the life tenant? | 004251.docx | LEGALEASE-00115992-LEGALEASE-00115994 | SA, Sub | 0.8 | 0 | 0 | 1 | 1 | |