**Definition of Term/Elements**

This term should be used only when the citing court says it is "rejecting" some aspect of the cited case.

**Trap for the Unwary**

If the citing court "rejects" the cited case merely because it finds it distinguishable, or because it involved a different fact pattern, use "distinguishing" instead.

## Superseded by Constitutional Amendment, Statute, Rule or Regulation

▶ Go to Terms at a Glance.

**Definition of Term/Elements**

1. The citing case notes that a constitutional amendment (enacted by legislature, possibly a proposition), statute (promulgated by a legislature or by referendum), rule (promulgated by a court) or regulation (promulgated by an agency),

2. Has invalidated a proposition in,

3. The cited case (which was decided before the enactment).

**Jurisdictional Considerations**

None. The citing case is only recognizing that something else acted negatively on the cited case.

**Special Cases**

This treatment also applies where the citing court recognizes that another case recognized such an event.

The Sentencing Guidelines, which are promulgated by an agency, the Sentencing Commission, are considered regulations for purposes of this treatment.

Though, technically, the NYC Administrative Code contains ordinances, we publish them, and if one is said to supersede a case, we may use this treatment. Because the Code is a product of a legislative body, the appropriate treatment is "superseded by statute."

If a court, for whatever reason, applies old law that has been superseded, treatment is still called for.

If the outcome of the cited case depended on a statute, and that statute has been repealed, so as to nullify the case, "superseded by statute" is the appropriate treatment, even though there is no longer a statute. The negativity was generated by a legislative act.

If the cited case was decided on the basis of a particular version of a statute, and the court notes that the provision has since changed, such that the cited case is not applicable, use this treatment, rather than distinguishing. However, this treatment should not be used if the prior case held a statutory provision unconstitutional, and the court is noting that the statute has since been amended to conform to the prior case.

**Traps for the Unwary**

This was for many years the most regularly overlooked treatment. A discussion of a development of law in an area, through a succession of caselaw and statutory responses, should give the editor

129

Case 1:20-cv-00613-SB  Document 690-14  Filed 10/01/24  Page 2 of 145 PageID #: 132396

**KeyCite for Cases**

pause to consider whether a statute undid a case. Pay particular attention if a court notes that the legislature responded to the cited case by amending or enacting a statute (or an agency responded by regulation). If the new statute or regulation is contrary to the cited case, a "superseded by" treatment is likely appropriate.

If a court notes that a statute superseded a case, but then notes or finds unconstitutionality or repeal of the statute, do not treat the case. That would be confusing to researchers. (Although a KeyCite for Statutes treatment may be warranted for the statute.)

A cited case is not superseded by an enactment that codifies its holding, unless the court says it is.

If the cited case was decided after an enactment, it could not have been superseded by it. Any negativity must be expressed through a different treatment.

A court may say that a case was legislatively "overruled." Do not treat this event with "recognizing overruling of." Only courts can "overrule." The cited case has been superseded by statute.

If a prior case holds that a statutory provision is unconstitutional, and the court notes that the statute has since been amended so it is consistent with the prior decision and is no longer unconstitutional, then "superseded by statute" is not appropriate. The opinion remains fully authoritative and should not be flagged.

## Hierarchy of Terms

If more than one reference applies to a single case, use only the one that is the strongest. Do not make multiple, different references to the same case.

In choosing between competing references, generally choose the reference that is the strongest without overstating the negative treatment. Use the following hierarchy in deciding between competing references.

Among the groupings, you would generally favor a reference from a higher group. There is only a weak hierarchy among some of the terms in the groupings. Any case-killing reference would generally trump any lesser reference, to ensure red flag treatment for the case, although a non-case-killing term can trump a case-killing recognizing reference if the former reference is made on an issue that is different from the issue for which the recognizing reference would be made. (Note, however, that the recognizing reference should be made if there is some indication that the underlying stronger reference was not made in the original case or if there is some discussion involving the recognizing reference beyond the mere embedding of the reference in a citation).

Any "recognizing" reference short of a case-killing reference would generally be trumped by any other reference. However, if you must choose between a tangible "recognizing" reference and a weak negative that you must infer, it may be best to make the certain "recognizing"reference.

### CASE-KILLING REFERENCES

- Overruling
- Abrogating
- Receding from (when citing court has binding precedential authority over cited court, particularly in Florida)
- Disapproving (when citing court has binding precedential authority over cited court)
- Superseded by constitutional amendment, statute, rule or regulation

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -**
**ATTORNEYS' EYES ONLY**                                                    **TR-0002994**

- Recognizing overruling of, abrogation of, disapproval of (when citing court has binding precedential authority over cited court), implied overruling of

**STRONG NEGATIVE**

- Rejecting
- Disagreeing with
- Declining to follow
- Modifying
- Limiting

**WEAK NEGATIVE**

- Following with reservations
- Not following as dicta
- Not following on state law grounds
- Declining to extend
- Calling into doubt
- Called into doubt by constitutional amendment, statute, rule or regulation
- Distinguishing
- Recognizing disagreement with, disapproval of (except when citing court has binding precedential authority over cited court), limitation of, modification of

## Caveats Regarding Court Levels and Appellate Panels

An intermediate appellate court cannot overrule, abrogate, decline to follow, disagree with, modify or limit a higher court. It may decline to extend, not follow as dicta, call into doubt or recognize that something has been done to a decision of the higher court. If the intermediate court declines to follow its higher court in the belief that the higher court would overrule itself, use "calling into doubt." If it criticizes the higher court, but ends up following it, use "following with reservations," rather than "disagreeing with."

In most cases, a panel of an appellate court cannot abrogate or overrule another panel's opinion (that must be done en banc). Generally, "disagreeing with" or "declining to follow" should be used in this situation. Some Courts of Appeal allow a mere panel to overrule or abrogate a prior panel if the panel opinion has been circulated among all members of the court without objection. Do not assume this has happened unless it is expressly noted in the opinion (usually in an early footnote). If a panel of an appellate court explicitly states that it is "overruling" another panel decision, you may use "overruling" only if the court explains or otherwise indicates the source of its authority to do so, which may include the court's citation to a rule or case providing authority to overrule a prior panel.

Consult a revisor if you are unsure about what negative treatment is appropriate in these circumstances.

See definitions of particular terms: Overruling, Abrogating, Declining to Follow, Disagreeing with, Modifying, Limiting.

131

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

## Overruling, Abrogating, Receding From, and Disapproving

When a decision overrules, abrogates or recedes from a prior case, or disapproves of one of its prior cases or a case from an inferior court, that information must be included in the most relevant headnote and synopsis holding. Generally, there should only be one headnote containing the "overruling," "abrogating," "receding from," or "disapproving of" reference per proposition that is determined to no longer be good law. It is also preferred to include the reference on an abstract headnote setting forth the new rule of law. But if no language supporting an abstract headnote is provided by the court, it is acceptable to include the reference on the relevant concrete headnote.

The reference is placed at the end of the headnote, separated from the main body by a semicolon, and should include the complete title of the case being acted upon, along with all parallel citations to the case (but not public domain cites or cites to unofficial non-West publications). For information on public domain cites and cites to unofficial non-West publications, see Synopsis – Citations to Direct History. If a reporter citation is unavailable, a Westlaw citation may be used. The references should also be included in the synopsis as part of the most relevant holding.

### EXAMPLES

Calculation of attorney fees award against employer, based on its "unreasonable or vexatious delay" in paying workers' compensation benefits, was properly predicated on employer's delay in paying claimant's medical expenses as well as its delay in paying claimant compensation for lost wages; overruling *Childress v. Industrial Comm'n*, 93 Ill.2d 144, 66 Ill.Dec. 280, 442 N.E.2d 841. 820 Ill. Comp. Stat. Ann. 305/16, 19(k).

A worker who sustains an injury caused by a falling object whose base stands at the same level as the worker is not categorically barred from recovery under the scaffold law; abrogating *Brink v. Yeshiva Univ.*, 259 A.D.2d 265, 686 N.Y.S.2d 15; *Matter of Sabovic v. State of New York*, 229 A.D.2d 586, 645 N.Y.S.2d 860; *Corsaro v. Mt. Calvary Cemetery*, 214 A.D.2d 950, 626 N.Y.S.2d 634. McKinney's Labor Law § 240(1).

Generally there should be no more than 7 affected cases listed. If the court lists a larger number of cases, you should eliminate some from the listing, although you still must make a KeyCite reference for them. You may possibly list only the "seminal" cases on the issue and not those listed as "progeny." Or, for a Supreme Court case, you may list only affected Supreme Court cases and not those of the lower courts. If there is not a clear way to narrow down a large number of affected cases, talk to a revisor. Once you have narrowed down the list of affected cases, you should add "and other cases" at the end of the list in the headnote and synopsis, in order to alert the reader to the existence of other affected cases. However, the "and other cases" language should be used only when there are more than 7 *identified* cases that are affected, and not when the Court indicates that it is overruling, abrogating, etc. other cases, but does not identify those other cases by name.

### EXAMPLE

Employees of a corporation that is subject to personal jurisdiction in state's courts may themselves be subject to personal jurisdiction if those employees were primary participants in the activities forming the basis of jurisdiction over the corporation; overruling *Southern Electronics Distributors v. Anderson,* 232 Ga.App. 648, 502 S.E.2d 257; *Girard v. Weiss,* 160 Ga.App. 295, 287 S.E.2d 301; and other cases. U.S. Const. Amend. 14; Ga. Code Ann. § 9–10–91(1).

"Disapproving" language does not need to be added to the headnote or synopsis if the citing court does not have binding precedential authority over the cited court. Likewise, "receding from" does not need to be added to the headnote or synopsis if it is not being used as a case-killing reference.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

For definitions of the KeyCite treatments, see Overruling, Abrogating, Receding From, and Disapproving sections.

## Plurality Opinions

A plurality opinion lacks precedential authority on any matter where a majority of the court cannot agree. Accordingly, only weak and "recognizing" treatments are available in the plurality opinion (anything below "declining to follow" on the Hierarchy of Terms), even if the plurality opinion purports to be doing something stronger. Any treatment that could potentially generate a red flag should be avoided.

A stronger KeyCite term may be used if it is clearly supported by an unqualified majority of the court. That is, treatments can be generated by the cumulative views of a majority of the judges in the lead, concurring and dissenting opinions, or even just the concurring and dissenting opinions. You would not need to hedge on any treatment supported by a majority of judges.

A "recognizing" KeyCite term may be used if the relevant prior treatment is undisputed, such as where it is noted in the citation to a case that it was overruled on other grounds. Likewise, a "superseded by statute" reference may be made if the court notes (without dispute) that another case found the referenced case to be superseded (e.g., *Smith v. Jones*, superseded by statute as stated in *Minnesota v. Martin*). This rule does not apply where the purported prior treatment is being inferred by the plurality (e.g., recognizing implied overruling of, recognizing abrogation of).

Do not make KeyCite references for concurring and dissenting opinions except insofar as any portion of the opinion commands a majority.

If you run into a situation that does not appear to be addressed by this section, consult with a revisor.

## Undoing of Negative History

There are situations where the court both recognizes negativity and then undoes that negativity or recognizes that the negativity has been undone. In such a case, we would not make a reference recognizing the initial negativity. Researchers do not like to be led to a case which ultimately is not negative. Thus, if the court in Case X notes that Case Y overruled Case Z, and is now overruling Case Y and restoring Case Z, do not make the reference recognizing overruling of Case Z. If the court notes that a statute superseded a case, but the statute was later repealed or found unconstitutional, make no reference.

133

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0002997**

## KeyCite for Statutes, Regulations, Rules, etc.

### In General

Editors must add negative KeyCite history for federal, state, and District of Columbia statutes, published federal and state regulations, court rules, United States Sentencing Guidelines, and state constitutional provisions when they are found to be unconstitutional, preempted, or otherwise invalid or limited. Generally, editors should not add history for other codifications, such as session laws, provisions of the Federal Register, municipal ordinances, jury instructions, or local court rules.

In addition to creating references and flags for KeyCite, adding such history creates a feature, called "West Codenotes," that will appear following the headnotes on Westlaw and in print.

Codes editors review the KeyCite treatments after they are loaded to Westlaw and may change the treatment you choose. Also, the original treatment may be downgraded programmatically or manually due to subsequent events, such as an amendment to a statute.

### Specific Guidelines

### Multiple Treatments

If an opinion acts on a particular provision in multiple ways, the editor must choose which treatment to make. KeyCite can accept only one treatment for each provision separately displayed on Westlaw. Any primary reference (such as Held Unconstitutional, Preempted, or Negative Treatment Reconsidered) should be made before any recognizing reference (such as Recognized as Unconstitutional). If there are multiple primary references, make the one that is strongest, in accord with the definitions in Treatments. Also, the editor must make only one codenote if the court treats different subsections of a statute or other codification differently. Again, choose a primary reference over a recognizing reference, and a stronger reference over a weaker one.

### Citation Style

An editor must put a citation in the correct style in the codenote, so the citations are programmatically recognized, and the KeyCite flags are generated, as the opinion is loaded to Westlaw. *If a citation is not in a recognized style, either no KeyCite flag will be generated, or the flag will be generated for the wrong provision.* Correct citation styles should also be used because the codenote will appear on Westlaw and in print.

The full citation of the statute, without any parallel cite, must be used (i.e., if just § 2000e appears in the codenote, change it to 42 U.S.C.A. § 2000e). Federal statute citations should not include the popular name, if any, of the act.

Although KeyCite does not currently permit separate treatments for different subsections of a statute, the codenote cite (and headnote cite) should designate the relevant subsection if only a portion of the statute is treated.

Also, the cite recognition system will not recognize ranges of statute sections such as §§ 16-20 or § 101 et seq. List each individual section that is affected, separated by commas.

134

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

For example, if the KeyCite reference applies to 35 U.S.C.A. §§ 101-105, the codenote should say:

**RIGHT**: 35 U.S.C.A. §§ 101, 102, 103, 104, 105

**WRONG**: 35 U.S.C.A. §§ 101-105

## Prior Versions

If a court is treating, or recognizing the treatment of, a former version of a statute or other codification, you must cite to the current version in the codenote, with no reference to any year in the citation. Then, to show that a former version is at issue, choose one of the "prior version" treatments from the list of treatment codes.

## Recognizing References for Non-Cited Provisions

Do not make a "recognizing" reference if the citation of the affected provision is not included in the opinion being headnoted. (For example, a court says, "In *Apprendi*, the United States Supreme Court held that the New Jersey hate crime statute violated the due process clause," without ever citing the statute.) Customers have been confused by the fact that KeyCite flags are generated by cases that do not contain citations to the affected provisions. E-mail these instances to the Judicial Editorial Codenotes group, in case there is a reason to make the underlying direct treatment in the prior case. (Note that you should make a Codenote for a non-cited provision if the treatment is a primary reference. If you cannot figure out what the citation should be, ask a revisor for assistance.)

## Corrections/Superseding Opinions

If a case you previously headed comes back with corrections or amendments that affect any of your treatments, e-mail the changes to the Judicial Editorial Codenotes group.

If you get a superseding opinion, you have to recreate any Codenotes that were in the original case. If there are any changes to the treatments in the original opinion, e-mail those changes to the Judicial Editorial Codenotes group.

## Undoing Negative History

If a court reverses, vacates, overrules, abrogates, or otherwise invalidates a prior decision that generated a flag on a statute, regulation, or other provision, inform the Judicial Editorial Codenotes group, in addition to making a "negative treatment reconsidered" or "negative treatment vacated" codenote. They may need to adjust the prior treatment.

## Magistrates' Recommendations

If a magistrate, in a report and recommendation that has not been adopted, holds a provision unconstitutional, preempted, or otherwise invalid, the proper treatment is "Validity Called Into Doubt."

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0002999**

### Plurality Decisions

When a lead opinion, which rules a provision is unconstitutional, preempted, or otherwise invalid, commands only a plurality of the court, and it is not clear that a majority of the panel agrees with the lead opinion's assessment on the validity issue, use "Validity Called Into Doubt."

### Preliminary Injunction

"Validity Called Into Doubt" may be appropriate to use when a court issues a preliminary injunction against enforcement of a provision on the ground that the plaintiff has a likelihood of success (as opposed to a certainty of success, which would support stronger treatment).

### McCarran-Ferguson Act

If a federal statute has been "reverse-preempted" under the McCarran-Ferguson Act, a codenote using the treatment term "Limitation Recognized" should be made for that federal statute.

### Existing References/Editor's Notes

If you open a new case and it appears to already have a Codenote, it is possible that the reference is actually in an editor's note (e-note) and not operational. If it is only an e-note, you need to remake the reference. On the other hand, sometimes Codes editors asks us to create a KeyCite reference before the cased is headnoted, in which case you should simply retain the Codenote that is already there. If you are unsure whether to remake a reference, check with a revisor.

## Distinguishing "As Applied" Rulings From Facial Rulings

Usually, if the court's ruling of unconstitutionality is "as applied," it will use those words. If the court does not use those words, "Held Unconstitutional" will be the correct treatment in most cases. However, there are some limited instances where "Unconstitutional as Applied" will be the appropriate treatment even though the court did not use those words.

Generally, an "as applied" ruling is based on the specific facts of the case, while a facial challenge is based on an aggregate of unconstitutional applications or a defect in the terms of the statute itself. If the question is whether the statute is unconstitutional as applied to a particular individual, entity or situation, the ruling is as applied.

Holdings based on special legislation, single subject, separation of powers, Fourteenth Amendment enforcement powers would not be as applied.

A holding that a statute could not be validly enacted under a constitutional provision or was not a proper exercise of the legislature's power under a provision would not be as applied.

An overbreadth holding would be facial, as would a due process "lack of reasonable relationship" holding.

Rulings that a statute is void, invalid, void ab initio, or struck down would not be as applied.

Analysis as to whether an unconstitutional provision is severable from the rest of the enactment would indicate that the provision was void, invalid, void ab initio or struck down.

Vagueness can be facial or as applied.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003000

Ex post facto and impairment of contract rulings tend to be as applied.

A court can overturn a conviction because the statute cannot be constitutionally applied to defendant. If the court overturns a conviction, mentioning constitutional considerations, but declining to use a form of the word "apply," consider whether you might nevertheless have an "unconstitutional as applied" treatment for the statute of conviction.

A statute which is unconstitutional on its face is unconstitutional in all its applications. Thus, if there remain constitutional applications, you may have an "Unconstitutional as Applied" treatment.

## JWB Functionality

To create a KeyCite statute reference in the JWB Summary Tool:

1. Right-click on a marked up statute citation in the opinion.
2. Select "Create Codenote" in the right-click menu. A codenote window will open.
3. Choose the appropriate treatment phrase from the list provided.
4. Edit the style of the statute citation if necessary and expand any ranges of section numbers to allow recognition of the citation by the system.
5. Save & close the codenote window.

The reference will appear as a new paragraph at the bottom of the window containing the editorial features for the case. If multiple references are created in the same case, a separate paragraph for each treatment phrase should be created, with all the statutes given that treatment listed together below the phrase.

You should not place multiple full statute citations on separate lines within the codenote, with a blank line between citations. Instead, place the citations on one line, with different citation types or citations from different titles separated by semicolons.

**RIGHT:**

42 U.S.C.A. §§ 1981, 1983; 49 U.S.C.A. § 30302

**WRONG:**

42 U.S.C.A. § 1981

42 U.S.C.A. § 1983

49 U.S.C.A. § 30302

However, an exception to this general rule can be made in cases where a codenote contains a large number of statute citations, which may be split into more than one grouping in order to improve readability.

To create a codenote for a bad citation in the JWB Summary Tool, or for a citation that does not appear in the case, create a blank codenote by using the "Create New" menu on either the features window or the content window. You can then either copy in the citation from the content, or type a citation in, using the correct style from the citation styles document.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Double-click anywhere on a KeyCite statute reference paragraph (i.e., codenote) in the editorial features window in order to open an edit window to allow subsequent changes to the reference similar to other editorial features. To delete a codenote, double click on the codenote in the features window and then click on the "Delete" button in the codenote widget.

## Troubleshooting

You may need help in determining what statute sections are affected by a decision.

### No Citation

If a case directly treats a provision, but does not give you the citation for it, you should look it up on WL. You should resolve any question about the correct cite by consulting with a revisor. If, on the other hand, an opinion recognizes that another case has treated a statute, but does not give you a citation for it, do not make a "recognizing" treatment. Rather, e-mail the Judicial Editorial Codenotes group the case number and the pertinent language of the case, and they will decide whether to pick up the original treatment.

### Insufficiently Particular Citation

If the court gives you only an et seq. cite or a range, but you suspect, and confirm from a single quick WL search, that just one particular section or sections are affected, type in that section or sections in the codenote, and complete the case. If you are uncertain what section or sections are affected, and cannot settle the issue in a single quick WL search, e-mail the Judicial Editorial Codenotes group for assistance, and include the priority of the case.

### Range Expansion and Et Seq. References

If the court holds an entire act unconstitutional, you must expand the et seq. or range given by the court. If you cannot determine the sequence in a single quick WL search, e-mail the Judicial Editorial Codenotes group and await their response.

### Uncodified Measures

If the court refers to the provision at issue as a ballot measure, initiative, public act, session law, house bill, or other similar enactment, you must list the corresponding statutory codification in the codenote. Put in the codenote those affected statutory sections that you can determine from the opinion or a single quick WL search. Complete the case when finished. If you suspect that other codified sections may be affected, contact the Judicial Editorial Codenotes group to look into the matter further.

If the provision is one that will not be codified, such as an appropriations measure, a codenote should not be made.

### Other Issues

If you, through reading the case, know something about its possible effect on a statute that is not expressed in any reference you may have made (or you made no reference), finish the case and send it along, but bring the issue to the attention of the Judicial Editorial Codenotes group. For

138

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

instance, if the court says it is "correcting" an obvious typographical error in the statute, you would likely make no reference, but you would want to notify the Judicial Editorial Codenotes group about your find.

## Writing Constitutionality Headnotes

In the body of the headnote, be as particular as you can in describing the affected provision.

If the result of the court's holding is that a statute or other provision is unconstitutional or preempted, make sure you write the headnote so that it is clear that a statute is affected. For example, do not say "Immigration authorities could not detain alien..." Rather, say something like "Statute requiring detention of alien... violated Due Process."

If a statute is unconstitutional as applied, try to use the word "applied" in the headnote unless that cannot be done without torturing the language of the headnote.

Follow the general rules for making constitutional points—cite the constitutional provision and include necessary context in the body of the headnote. In the case of federal preemption based on the Supremacy Clause, cite U.S. Const. Art. 6, § 2. In the case of federal separation of powers, cite U.S. Const. Art. 3, § 1 et seq.

Be particular in citing the affected statute or other provision. If the court's ruling only affects certain sections, but the court only gives you an et seq. cite, you have to determine the affected sections and cite only those sections. If the holding of unconstitutionality goes to a subsection, so should your citation. Be as precise as the case allows.

In a federal case ruling on a state statute or other provision, mention the name of the state whose provision is affected.

If the court says a section of an enactment is unconstitutional (and you make that headnote and that negative reference), and then the court looks at other sections of the enactment and determines they are not severable and strikes them down too, make a separate headnote and treatment for that event as well. The severability point would classify to Statutes. (Note, however, if the sections are all part of a single statute, you would only make a single KeyCite treatment. See Specific Guidelines—Multiple Treatments.)

Make a headnote when the court notes that one statute repeals another by implication, and classify it to the substantive topic rather than to Statutes.

See also, Types of Headnotes – Constitutional Law Headnotes; Citations to Constitutional Provisions.

## Regulations/Sentencing Guidelines

KeyCite includes negative treatments of published federal and state regulations as well as United States Sentencing Guidelines.

For federal regulations, use the style ___ C.F.R. § ____. For state regulations, follow the Citation Styles help file. If you cannot figure out what style to use, check with a revisor.

Use the KeyCite Statutes feature to create treatments for regulatory or federal sentencing guideline provisions, as well as statutes. All treatments are on a single list. There are four treatments which are used primarily for regulations – they each contain the word "invalid." The treatments appear alphabetically, rather than in order of strength, on IOP.

139

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

When a court addresses the impact of *United States v. Booker* on the federal sentencing guidelines, it is not necessary to do a "limitation recognized" codenote for all of the federal guidelines. Rather, if the court determines that a particular guideline or its application is unconstitutional or limited on constitutional grounds because of *Booker* or the Sixth Amendment (or any other constitutional provision), you should make an appropriate codenote for the particular guideline(s) at issue.

Also, if the court notes that 18 U.S.C.A. § 3553 and/or § 3742 were struck down or severed because of *Booker*, those statutes should receive a "Recognized as Unconstitutional," not a "Recognized as Invalid," KeyCite treatment.

## Treatments

Listed in descending order of strength.

### Red Flag Treatments

#### Held Unconstitutional

A court holds a state statute, regulation, or rule unconstitutional under state or federal law, a federal statute, regulation, or rule unconstitutional under federal law, or a state constitutional provision unconstitutional under federal or state law.

This treatment would apply most often when the court holds a statute unconstitutional on its face. It would also apply where the court strikes down a constitutional amendment or statute because of some irregularity in its enactment.

This treatment should be used when the court says a provision is both unconstitutional and preempted.

If the court holds that a provision is unconstitutional as applied to the facts of the case before it, use "Unconstitutional as Applied."

If a court notes that some other decision held that a provision was unconstitutional, use "Recognized as Unconstitutional."

If a court holds that a prior version of the provision (which for some reason applies instead of the current version) is unconstitutional, use "Prior Version Held Unconstitutional."

#### Preempted

A court holds that a state statute, a right of action under a state statute, a state regulation, or a state constitutional provision is preempted (literally, or effectively under the Supremacy Clause) by federal law (rule, regulation, statute, constitution, or even treaty). The essential nature of the ruling is that the state provision cannot operate because of the constitutional supremacy of federal law.

Use "Preempted" when the provision or cause of action is completely or substantially preempted. Use "Limited on Preemption Grounds" when the provision is one of general or broad application, it is preempted only in a specific area, and it remains viable in many circumstances, For example, "Limited on Preemption Grounds" would be appropriate when a court rules that a generally applied state debtor-creditor law is preempted only in the bankruptcy context.

Preempted will usually, but not always, be supported by the court's use of some form of the word "preempt." If the court says "federal law would preempt any state requirement that…" and you

140

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

can pinpoint from the case a state statute with that requirement, make the reference. Use this treatment if a state provision is said to be "superseded," or the like, by an Interstate Compact.

If a court says a provision is preempted or superseded, but only as a matter of statutory interpretation, such as when a more particular statute is said to control a more general one, you should not make a "Preempted" reference. "Limitation Recognized" may be appropriate in some circumstances.

If a court determines that a federal statute is "reverse preempted"" under the McCarran-Ferguson Act, use "Limitation Recognized."

If a court notes that some other decision held that a state provision was preempted by federal law, use "Recognized as Preempted."

If a court holds that a prior version of a state provision (which for some reason applies instead of the current version) is preempted by federal law, use "Prior Version Preempted."

### Unconstitutional as Applied

A court holds a statute or other provision unconstitutional as applied to the facts of the particular case. If the court does not use a form of the word "apply," you should still use this reference if the essence of the court's ruling is that the provision is unconstitutional as applied rather than on its face.

If the court rules that a provision is unconstitutional both on its face and as applied use "Held Unconstitutional."

If a court narrowly construes a provision to avoid a conflict with the state or federal constitution, use "Limited on Constitutional Grounds."

If a court notes that some other decision held the provision unconstitutional as applied, use "Recognized as Unconstitutional."

If a court notes that a prior version of a provision (which for some reason applies instead of the current version) is unconstitutional as applied, use "Prior Version Held Unconstitutional As Applied."

See KeyCite for Statutes: "As Applied" Rulings.

### Held Unconstitutional as not Severable

If a court rules that one section of an enactment is unconstitutional, and that additional sections of the enactment are unconstitutional as not severable from the invalidated section, use this treatment for the additional sections.

If a court notes that some other decision held the provision unconstitutional as not severable, use "Recognized as Unconstitutional."

If a court notes that a prior version of a provision (which for some reason applies instead of the current version) is unconstitutional as not severable, use "Prior Version Held Unconstitutional As Not Severable."

### Held Invalid

A court determines a statute or other provision is no longer operative, but the provision is not unconstitutional, preempted, or repealed by implication.

"Held Invalid" should be used when the court holds a regulatory provision invalid as violating its enabling statute or as improperly promulgated, even if the court mentions some constitutional

141

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

component to the violation, such as the separation of powers doctrine or the constitutional authority of the legislative or executive branch. If the court holds a regulatory provision invalid as violating any other constitutional provision, use the treatment "Held Unconstitutional."

If a court notes that some other decision found a provision to be invalid, use "Recognized as Invalid."

If a court notes that a prior version of a provision (which for some reason applies instead of the current version) is invalid, use "Prior Version Held Invalid."

### Recognized as Repealed by Implication

A court notes that a statute no longer operates in a particular area, not by virtue of any specific repealing legislation, but rather, as a result of the subsequent passage of another statute which now governs the area. The treatment should be used primarily when the court uses a form of the words "repeal" and "imply," but it can be used if it is clear that, in essence, the later statute has implicitly repealed the earlier. When this treatment is used, a headnote and synopsis holding must be created to reflect the court's conclusion.

"Recognized as Repealed by Implication" should also be used when a court notes that another decision determined that a statute was repealed by implication, unless the instant court disagrees with the other decision.

"Recognized as Repealed by Implication" should not be used when a statute is expressly repealed by subsequent legislation. No treatment is created in that situation. (The statute should already have a red flag on Westlaw due to its repealed status.)

"Recognized as Repealed by Implication" should not be used where the operation of a general statute is cut back by a more specific statute, pursuant to general rules of statutory interpretation. That situation may require no treatment, or may warrant a "Limitation Recognized" treatment if the general statute is cut back in a significant manner.

If a court notes that a prior version of a statute (which for some reason applies instead of the current version) was repealed by implication, or it notes that another decision determined a prior version of the statute was repealed by implication, use "Prior Version Recognized as Repealed by Implication."

### Recognized as Unconstitutional

A court notes that some other decision has ruled a statute or other provision unconstitutional. This treatment would apply whether the provision was found to be unconstitutional on its face or as applied. Do not make the reference if the instant court actually disagrees and finds the provision is constitutional.

"Recognized as Unconstitutional" may be used when a court in one state notes that a court in another state has found a statute in that other state unconstitutional.

If a court notes that some other decision found a prior version of the provision to be unconstitutional, use "Prior Version Recognized as Unconstitutional."

### Recognized as Preempted

A court notes that some other decision has found a state statute or other provision preempted by federal law. Do not make the reference if the instant court actually disagrees and finds the provision is not preempted.

142

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

If a court notes that some other decision has ruled that a federal statute is "reverse preempted" under the McCarran-Ferguson Act, use "Limitation Recognized."

If a court notes that some other decision found a prior version of the state statute or other provision to be preempted by federal law, use "Prior Version Recognized as Preempted."

### Recognized as Invalid

A court notes that some other decision has ruled that a statute or other provision is no longer operative, but does not indicate that the provision was determined to be unconstitutional or preempted or repealed by implication. This treatment will frequently be used when another court determined that a regulation violated its enabling legislation or was improperly promulgated. Do not make this reference if the present court disagrees and finds the provision valid.

If a court notes that some other decision found a prior version of the provision to be invalid, use Prior Version Recognized as Invalid.

## Yellow Flag Treatments

### Limited on Constitutional Grounds

A court narrowly construes a particular provision to avoid a federal or state constitutional conflict. Do not use this treatment if the court narrowly construes a provision for other non-constitutional reasons. Use the treatment where the court narrowly construes language of a provision so that it does not apply where it otherwise would, not where the court declines to expansively construe a provision to apply beyond its literal language.

This treatment may be used if the court rules that a provision may not be applied retrospectively due to constitutional concerns. It should not be used when the court declines to apply a provision retrospectively based on a finding that its requirements are substantive, in which case "Limitation Recognized" may be appropriate.

If a court notes that some other decision held that the provision was limited on constitutional grounds, use "Limitation Recognized."

If a court holds that a prior version of the provision (which for some reason applies instead of the current version) is limited on constitutional grounds, use "Prior Version Limited on Constitutional Grounds."

### Limited on Preemption Grounds

A court narrowly construes a state statute or other provision to avoid preemption, or holds a general state provision preempted only insofar as it relates to a federal area, leaving the provision operable in a purely state context. An example of the latter would be when a state debtor-creditor law of general application is determined to be preempted only in the context of federal bankruptcy proceedings.

If a court notes that some other decision held that the provision was limited on preemption grounds, use "Limitation Recognized."

If a court holds that a prior version of the provision (which for some reason applies instead of the current version) is limited on preemption grounds, use "Prior Version Limited on Preemption Grounds."

### Validity Called into Doubt

143

A court notes that a provision might be unconstitutional or preempted or otherwise invalid, but, for whatever reason, the court does not decide the question.

"Validity Called into Doubt" may also be used when a court notes that some other decision questioned the validity of the provision, unless the instant court disagrees with the other decision.

This treatment may be appropriate when the court issues a preliminary injunction against enforcement of a provision on the ground that the plaintiff has a likelihood of success (as opposed to a certainty of success, which would support stronger treatment).

Use this treatment when a lead opinion, which rules a provision is unconstitutional or preempted or otherwise invalid, commands only a plurality of the court, and it is not clear that a majority of the panel agrees with the lead opinion's assessment on the validity issue.

Also, use this treatment when a magistrate, in a report and recommendation that has not been adopted, holds a provision unconstitutional, preempted, or otherwise invalid.

Do not use this treatment, or any other, when the court rules only that a complaint states a claim of unconstitutionality or preemption or invalidity.

If a court notes that a prior version of a provision (which for some reason applies instead of the current version) is of questionable validity, or it notes that another decision determined a prior version of the provision was of questionable validity, use "Prior Version's Validity Called Into Doubt."

### Limitation Recognized

A court notes that some other decision has narrowly construed a provision to avoid a constitutional or preemption issue, or that a regulation is narrowly construed to comport with its enabling legislation.

This treatment may also be used when the operation of a general statute is cut back in some material way by a more specific statute, as a matter of statutory construction, such that a customer would expect to see some negative treatment on the general statute, but the court does not say that the more general statute is repealed by implication (or the more general statute could not technically be repealed by implication, having been enacted after the more specific statute).

This treatment may also be used when a court declines to apply, or recognizes that another court has declined to apply, a statute retroactively based on a finding other than unconstitutionality, such as that the provisions are substantive or procedural.

This treatment should be used, instead of "Preempted," when a federal statute is "reverse preempted" under the McCarran-Ferguson Act.

If the court notes that some other court found a prior version of a provision limited, use "Prior Version's Limitation Recognized."

### Unconstitutional as Not Severable from Prior Version

When an unconstitutional section is amended, this treatment may be used to downgrade to yellow the flag on sections which were previously red-flagged as unconstitutional as not severable.

### Prior Version Held Unconstitutional

A court holds that a prior version of a statute, regulation, or state constitutional provision (which for some reason applies instead of the current version) is unconstitutional. Cite to the current version of the provision.

144

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Also, when a statute or other provision that has a "Held Unconstitutional" treatment is amended, the treatment is programmatically downgraded to "Prior Version Held Unconstitutional," and the downgrade is reviewed for correctness by Codes editors.

If the court notes that some other decision found a prior version of a provision unconstitutional, use "Prior Version Recognized as Unconstitutional."

### Prior Version Preempted

A court holds that a prior version of a state statute, regulation, or other provision (which for some reason applies instead of the current version) is preempted by federal law. Cite to the current version of the provision.

Also, when a state statute or other provision  that has a "Preempted" treatment is amended, the treatment is programmatically downgraded to "Prior Version Preempted," and the downgrade is reviewed for correctness by Codes editors.

If the court notes that some other decision found a prior version of a provision preempted, use "Prior Version Recognized as Preempted."

If a court determines that the prior version of a federal statute is "reverse preempted"" under the McCarran-Ferguson Act, use "Prior Version's Limitation Recognized."

### Prior Version Held Unconstitutional as Applied

A court holds that a prior version of a statute or other provision (which for some reason applies instead of the current version) is unconstitutional as applied. Cite to the current version of the provision.

Also, when a provision that has an "Unconstitutional as Applied" treatment is amended, the treatment is programmatically downgraded to "Prior Version Held Unconstitutional as Applied," and the downgrade is reviewed for correctness by Codes editors.

If the court notes that some other decision held a prior version of the provision unconstitutional as applied, use "Prior Version Recognized as Unconstitutional."

### Prior Version Held Unconstitutional as Not Severable

A court holds that a prior version of a statute or other provision (which for some reason applies instead of the current version) is unconstitutional as not severable from another invalidated provision of the same enactment. Cite to the current version of the provision.

When a provision that has a "Held Unconstitutional as Not Severable" treatment is amended, the treatment is programmatically downgraded to "Prior Version Held Unconstitutional as Not Severable" and the downgrade is reviewed by Codes editors for correctness.

If the court notes that some other court found a prior version unconstitutional as not severable, use "Prior Version Recognized as Unconstitutional."

### Prior Version Held Invalid

A court holds that a prior version of statute, regulation, or other provision (which for some reason applies instead of the current version) was invalid, but not unconstitutional, preempted, or repealed by implication. Cite to the current version of the provision.

When a provision that has a "Held Invalid" treatment is amended, the treatment is programmatically downgraded to "Prior Version Held Invalid," and the downgrade is reviewed for correctness by Codes editors.

145

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

If the court notes that some other decision found a prior version of a provision invalid, use "Prior Version Recognized as Invalid."

### Prior Version Recognized as Repealed by Implication

A court notes that a prior version of a statute (which for some reason applies instead of the current version) no longer operated in a particular area, not by virtue of any specific repealing legislation, but rather, as a result of the subsequent passage of another statute which governed the area. The treatment should be used primarily when the court uses a form of the words "repeal" and "imply," but it can be used if it is clear that, in essence, the later statute implicitly repealed the earlier. Cite to the current version of the provision.

This treatment should also be used when a court notes that some other decision held that the prior version of a statute was repealed by implication.

Also, when a statute that has a "Recognized as Repealed by Implication" treatment is amended, the treatment is programmatically downgraded to "Prior Version  Recognized as Repealed by Implication," and the downgrade is reviewed for correctness by Codes editors.

"Prior Version Recognized as Repealed by Implication" should not be used where the operation of a general statute was cut back by a more specific statute, pursuant to general rules of statutory interpretation. That situation may require no treatment, or may warrant a "Prior Version's Limitation Recognized" treatment if the general statute was cut back in a significant manner.

### Prior Version Recognized as Unconstitutional

The court notes that some other decision held a prior version of the statute, regulation, or other provision unconstitutional. Cite to the current version of the provision.

Also, when a statute or other provision that has a "Recognized as Unconstitutional" treatment is amended, the treatment is programmatically downgraded to "Prior Version Recognized as Unconstitutional," and the downgrade is reviewed for correctness by Codes editors.

### Prior Version Recognized as Preempted

The court notes that some previous decision held a prior version of a state statute, regulation, or other provision to be  preempted by federal law. Cite to the current version of the provision.

Also, when a provision that has a "Recognized as Preempted" treatment is amended, the treatment is programmatically downgraded to "Prior Version Recognized as Preempted," and the downgrade is reviewed for correctness by Codes editors.

If a court notes that another decision determined that the prior version of a federal statute was "reverse preempted"" under the McCarran-Ferguson Act, use "Prior Version's Limitation Recognized."

### Prior Version Recognized as Invalid

The court notes that some other decision invalidated a prior version of a statute, regulation, or other provision, but does not specify that the prior version was found unconstitutional or preempted or repealed by implication. Cite to the current version of the provision.

Also, when a provision that has a "Recognized as Invalid" treatment is amended, the treatment is programmatically downgraded to "Prior Version Recognized as Invalid," and the downgrade is reviewed for correctness by Codes editors.

### Prior Version Limited on Constitutional Grounds

146

The court narrowly construes a prior version of a statute, regulation, or other provision (which for some reason applies instead of the current version) to avoid a federal or state constitutional conflict. Do not use this treatment if the court narrowly construes the prior version of a provision for other non-constitutional reasons. Use this treatment where the court narrowly construes language so that the provision does not apply where it otherwise would, not where the court declines to expansively construe a provision to apply beyond its literal language. Cite to the current version of the provision.

This treatment may be used if the court rules that the prior version of a provision may not be applied retrospectively due to constitutional concerns. It should not be used when the court declines to apply the provision retrospectively based on a finding that its requirements are substantive, in which case "Prior Version's Limitation Recognized" may be appropriate.

Also, when a provision that has a "Limited on Constitutional Grounds" treatment is amended, the treatment is programmatically downgraded to "Prior Version Limited on Constitutional Grounds," and the downgrade is reviewed for correctness by Codes editors.

If a court notes that some other decision held that the prior version of the provision was limited on constitutional grounds, use "Prior Version's Limitation Recognized."

### Prior Version Limited on Preemption Grounds

The court narrowly construes a prior version of a state statute or other provision (which for some reason applies instead of the current version) to avoid preemption or holds the prior version of a general state provision preempted only insofar as it relates to a federal area, leaving the provision operable in a purely state context. Cite to the current version of the provision.

Also, when a provision that has a "Limited on Preemption Grounds" treatment is amended, the treatment is programmatically downgraded to "Prior Version Limited on Preemption Grounds," and the downgrade is reviewed for correctness by Codes editors

If a court notes that some other decision held that the prior version of the provision was limited on preemption grounds, use "Limitation Recognized."

### Prior Version's Validity Called Into Doubt

The court questions whether a prior version of a provision might have been unconstitutional, preempted, or otherwise invalid, but does not decide the question. Cite to the current version of the provision.

"Prior Version's Validity Called into Doubt" may also be used when a court notes that some other decision questioned the validity of the prior version of the provision, unless the instant court disagrees with the other decision.

Also, when a provision that has a "Validity Called Into Doubt" treatment is amended, the treatment is programmatically downgraded to "Prior Version's Validity Called Into Doubt," and the downgrade is reviewed for correctness by Codes editors.

### Prior Version's Limitation Recognized

The court notes that some other decision narrowly construed the prior version of a provision to avoid a constitutional or preemption issue, or narrowly construed a regulation to comport with its enabling legislation, or otherwise limited the application of a provision. Cite to the current version of the provision.

This treatment may also be used when the operation of the prior version of a general statute was cut back in some material way by a more specific statute, as a matter of statutory construction,

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -**
**ATTORNEYS' EYES ONLY**

such that a customer would expect to see some negative treatment on the general statute, but the court does not say that the more general statute is repealed by implication (or the more general statute could not technically be repealed by implication, having been enacted after the more specific statute).

This treatment should also be used if a court determines that the prior version of a federal statute was "reverse preempted" under the McCarran-Ferguson Act.

When a provision that has a "Limitation Recognized" treatment is amended, the treatment is programmatically downgraded to "Prior Version's Limitation Recognized," and the downgrade is reviewed for correctness by Codes editors.

### Negative Treatment Reconsidered

A court reverses, vacates, overrules, abrogates, or otherwise invalidates a prior decision that generated a flag on a statute, regulation, or other provision, and the court further finds that the provision at issue is in fact valid. This treatment should not be used when the instant court does not have the authority to reverse or overrule the prior decision. It need not be used if the prior decision is not on Westlaw.

Note: In addition to making a "negative treatment reconsidered" code note for the now-valid provision in the instant case, the editor should send an e-mail to the Judicial Editorial Codenotes group, so that the KeyCite flag generated by the prior decision can be adjusted.

### Negative Treatment Vacated

A court reverses, vacates, overrules, abrogates, or otherwise invalidates a prior decision that generated a flag on a statute, regulation, or other provision, but the court does not pass on the constitutional issue. This treatment should not be used when the instant court does not have the authority to reverse or overrule the prior decision. It need not be used if the prior decision is not on Westlaw.

Note: In addition to making a "negative treatment vacated" code note for the affected provision in the instant case, the editor should send an e-mail to the Judicial Editorial Codenotes group, so that the KeyCite flag generated by the previous decision can be adjusted. If an opinion you are heading recognizes that a decision treating a statute or regulation has been vacated without passing on the constitutional issue, e-mail the Judicial Editorial Codenotes group so that the underlying treatment can be added.

### Unconstitutional as Reenacted

This reference will be used, if ever, only by Codes editors.

## Common Et Seq Expansions

Religious Freedom Restoration Act (RFRA) includes

    42 U.S.C.A. §§ 2000bb, 2000bb-1, 2000bb-2, 2000bb-3, 2000bb-4

United States Sentencing Guidelines include:

    U.S.S.G §§ 1B1.1, 1B1.2, 1B1.3, 1B1.4, 1B1.5, 1B1.6, 1B1.7, 1B1.8, 1B1.9, 1B1.10, 1B1.11, 1B1.12, 2A1.1, 2A1.2, 2A1.3, 2A1.4, 2A1.5, 2A2.1, 2A2.2, 2A2.3, 2A2.4, 2A3.1, 2A3.2, 2A3.3, 2A3.4, 2A4.1, 2A4.2, 2A5.1, 2A5.2, 2A5.3, 2A6.1, 2A6.2, 2B1.1, 2B1.4, 2B1.5, 2B2.1, 2B2.3, 2B3.1, 2B3.2, 2B3.3, 2B4.1, 2B5.1, 2B5.3, 2B6.1, 2C1.1, 2C1.2, 2C1.3, 2C1.5, 2C1.6, 2C1.7, 2C1.8, 2D1.1, 2D1.2, 2D1.5, 2D1.6, 2D1.7, 2D1.8,

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

2D1.9, 2D1.10, 2D1.11, 2D1.12, 2D1.13, 2D2.1, 2D2.2, 2D2.3, 2D3.1, 2D3.2, 2E1.1, 2E1.2, 2E1.3, 2E1.4, 2E2.1, 2E3.1, 2E4.1, 2E5.1, 2E5.3, 2G1.1, 2G2.1, 2G2.2, 2G2.3, 2G2.4, 2G2.5, 2G3.1, 2G3.2, 2H1.1, 2H2.1, 2H3.1, 2H3.2, 2H3.3, 2H4.1, 2H4.2, 2J1.1, 2J1.2, 2J1.3, 2J1.4, 2J1.5, 2J1.6, 2J1.7, 2J1.9, 2K1.1, 2K1.3, 2K1.4, 2K1.5, 2K1.6, 2K2.1, 2K2.4, 2K2.5, 2K3.2, 2L1.1, 2L1.2, 2L2.1, 2L2.2, 2L2.5, 2M1.1, 2M2.1, 2M2.3, 2M3.1, 2M3.2, 2M3.3, 2M3.4, 2M3.5, 2M3.9, 2M4.1, 2M5.1, 2M5.2, 2M5.3, 2M6.1, 2M6.2, 2N1.1, 2N1.2, 2N1.3, 2N2.1, 2N3.1, 2P1.1, 2P1.2, 2P1.3, 2Q1.1, 2Q1.2, 2Q1.3, 2Q1.4, 2Q1.6, 2Q2.1, 2R1.1, 2S1.1, 2S1.3, 2T1.1, 2T1.4, 2T1.6, 2T1.7, 2T1.8, 2T1.9, 2T2.1, 2T2.2, 2T3.1, 2T4.1, 2X1.1, 2X2.1, 2X3.1, 2X4.1, 2X5.1, 3A1.1, 3A1.2, 3A1.3, 3A1.4, 3B1.1, 3B1.2, 3B1.3, 3B1.4, 3B1.5, 3C1.1, 3C1.2, 3D1.1, 3D1.2, 3D1.3, 3D1.4, 3D1.5, 3E1.1, 4A1.1, 4A1.2, 4A1.3, 4B1.1, 4B1.2, 4B1.3, 4B1.4, 4B1.5, 5B1.1, 5B1.2, 5B1.3, 5C1.1, 5C1.2, 5D1.1, 5D1.2, 5D1.3, 5E1.1, 5E1.2, 5E1.3, 5E1.4, 5E1.5, 5F1.1, 5F1.2, 5F1.3, 5F1.4, 5F1.5, 5F1.6, 5F1.7, 5G1.1, 5G1.2, 5G1.3, 5H1.1, 5H1.2, 5H1.3, 5H1.4, 5H1.5, 5H1.6, 5H1.7, 5H1.8, 5H1.9, 5H1.10, 5H1.11, 5H1.12, 5J1.1, 5K1.1, 5K1.2, 5K2.0, 5K2.1, 5K2.2, 5K2.3, 5K2.4, 5K2.5, 5K2.6, 5K2.7, 5K2.8, 5K2.9, 5K2.10, 5K2.11, 5K2.12, 5K2.13, 5K2.14, 5K2.16, 5K2.17, 5K2.18, 5K2.19, 5K2.20, 5K2.21, 5K2.22, 5K2.23, 5K3.1, 6A1.1, 6A1.2, 6A1.3, 6B1.1, 6B1.2, 6B1.3, 6B1.4, 7B1.1, 7B1.2, 7B1.3, 7B1.4, 7B1.5, 8A1.1, 8A1.2, 8B1.1, 8B1.2, 8B1.3, 8B1.4, 8C1.1, 8C2.1, 8C2.2, 8C2.3, 8C2.4, 8C2.5, 8C2.6, 8C2.7, 8C2.8, 8C2.9, 8C2.10, 8C3.1, 8C3.2, 8C3.3, 8C3.4, 8C4.1, 8C4.2, 8C4.3, 8C4.4, 8C4.5, 8C4.6, 8C4.7, 8C4.8, 8C4.9, 8C4.10, 8C4.11, 8D1.1, 8D1.2, 8D1.3, 8D1.4, 8D1.5, 8E1.1, 8E1.2, 8E1.3

Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

TR-0003013

## Rehearings, Corrections, and Superseding Opinions

### In General

When an additional opinion, correction, or addition to an opinion, or superseding opinion is received, the new material should be examined to determine if any changes to the original editorial work are needed. Typically this will be done by a revisor.

If the original opinion and a rehearing opinion are received at the same time, they should be treated as a single opinion for heading purposes.

### Changes to Features

When new material is received after the original opinion has been headed, additional concrete points are to be made only if there are in addition to, conflict with, or overrule points made in the original opinion. Headnotes from the original opinion that reflect a holding that is inconsistent with the new material should be deleted. Additional abstract points in the new material should be reflected in headnotes.

If the new material elaborates on a discussion in the original opinion but does not change the holding or the basis for it, no new headnote is needed. However, the original headnote should be closely examined to ensure that it still accurately reflects the courts final statement. If the new material indicates that the factual basis for its holding is somewhat different, or indicates that its holding is more limited than indicated in the original opinion, make the appropriate changes in the headnote.

If the holding is more completely reflected in the discussion in the new material, the headnote should be marked in the new material and headnotes should be renumbered as needed.

### Rehearings

If the original opinion and the rehearing are received at the same time, they should be treated as a single opinion for heading purposes. If the rehearing opinion is received after the original opinion has been headed, the editor should make the necessary changes as set forth in the Changes to Features section. If the rehearing opinion is received without the original opinion and the original opinion was withdrawn prior to publication, head the case as any other, but mention in the synopsis that the opinion is on rehearing.

If the original opinion has been published and is not being superseded or withdrawn, and the rehearing opinion is to be published separately, the rehearing opinion should be headed as an independent opinion, with reference to the original opinion in the synopsis.

If headnotes are made from a rehearing opinion that is to be published with the original opinion, there is no need to designate that those headnotes are from an additional opinion. A P/C legend is no longer required.

### Rehearing En Banc

If a rehearing en banc is received and there is no published panel opinion, or there is a published opinion which is being superseded, head the en banc opinion as you would any other opinion. If

150

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003014

the panel opinion will remain published, head the en banc opinion completely, even if it follows or adopts the panel opinion.

## Synopsis on Rehearing

If the opinion is on rehearing but the opinion does not show what result, if any, was reached initially, the synopsis should simply note that the opinion is on rehearing, without attempting to indicate the result reached on the original hearing.

If points from a rehearing opinion published with the original opinion are included in the synopsis, the first point for the rehearing opinion should be preceded by the phrase and, on rehearing.

If there are dissents or special concurrences on rehearing, or on denial of rehearing, they must be noted at the end of the synopsis, even if the same judge is already noted as dissenting or concurring with respect to the original opinion. A single notation may suffice in these instances: Dickson, J., dissented and filed an opinion, and dissented on denial of rehearing.

If the prior opinion is a published opinion with a national reporter citation, that citation should be included in the synopsis. If the prior opinion is not being withdrawn, the cite should be included in the body of the synopsis. If the prior opinion is being withdrawn, the cite should be at the end of the synopsis after the mandate, e.g., Opinion, 765 F.3d 531, withdrawn.

## Corrections to Opinions

When the editor receives a correction to an opinion, which may be a substantial addition or deletion, but is incorporated into the original opinion, changes to the editorial work should be made. If the correction is received after the opinion has been published in the advance sheets and the advance sheet comes attached to the case, the corrections should be made on the advance sheet torn page, which accompanies the correction. The editor must name-stamp the torn sheet next to each correction. If additional headnotes are needed or if a major rewriting of existing editorial work is needed, the new material may be typed on Word, attached to the case, and routed to the classifiers for the adding of key numbers.

## Corrections to Editorial Work

When a correction to the editorial work is received from a court or other source, the editor should consider the correction and make any necessary changes on the advance sheet torn page. The editor must name-stamp the torn sheet next to the change. If additional headnotes are needed or if a major rewriting of existing editorial work is needed, the new material should be put on a separate sheet of paper and sent to a classifier for possible reclassification based on the changes. Changes suggested by the court are to be accepted unless clearly unwarranted (such as not following our general caseheading policies). Corrections suggested by other parties should be given careful consideration. If the editor believes that a suggested correction should not be made, or that a different change should be made, the decision should be discussed with the team revisor.

## Superseding Opinions

When the direct history for a case indicates that it is superseding or republishing a prior opinion, the editor needs to stop and check whether the opinion needs to be routed to a specialized group of editors who work on superseding and republished opinions. If the prior case was not



Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

headnoted, the editor may keep the case and summarize it pursuant to regular procedures. However, if the prior case was headnoted, the editor should keep the case assigned themself in Workflow and notify the Judicial Summary Corrections e-mail group, who will reassign the case to an editor who works on superseding opinions. The editorial features and key numbers from the prior opinion are reused to the extent possible.

The editor should verify that the prior case has not been headnoted by searching for it in JWB (using the prior case's citation or serial number as provided in the History Viewer in JWB), since sometimes the summaries from the prior opinion may no longer appear on Westlaw. Or the editor can simply notify the Judicial Summary Corrections e-mail group to query the issue, while keeping the case assigned to themselves.

152

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

<div style="background:yellow"><b>Plurality Opinions and Legends</b></div>

## Majority Opinions

Headnotes must be made for all points determined by a majority of the court, even if they are from an opinion that is not the lead opinion and that purports to be a concurrence or dissent. The headnotes should carry a per legend indicating the opinion they came from, the author of that opinion, and the fact the opinion is for a majority. The legend appears in parentheses immediately after the headnote and before any statute citations. For example: (Per concurring opinion of Jones, J., for a majority of the court.)

If there is more than one opinion which is agreed to by a majority of the court, or by different majorities, all such opinions must be headed. All but the lead opinion must have a per legend. Numbering is continuous throughout the opinions.

If a majority of the court reaches a result contrary to the author of the lead opinion, make no point reflecting the author's view. If such a majority point is stated only in the lead opinion, even though contrary to the author's view, make the point without any legend. If such a point is stated in a separate non-lead opinion, make the point from that opinion.

If a non-lead opinion, which otherwise carries a majority, discloses that the author's views on some issue are not concurred in by a majority, make no headnotes for that issue from the opinion.

If you create a headnote or headnotes in a non-lead opinion that commands a majority, and a bracketed number is thereby placed in a non-lead opinion, JWB will automatically give you credit for the full page count for the case, rather than just the page count for the lead opinion. If you are required to read a non-lead opinion in a case to determine whether there is a majority, or whether there are any headnotable points in that opinion, but you do not end up creating a headnote in that opinion, you may still obtain credit for the pages for the non-lead opinion by e-mailing your supervisor.

See also Plurality Opinions.

## Plurality Opinions

If no opinion commands the support of a majority, head the lead opinion, and place an appropriate per legend on each headnote. If a portion of the opinion commands a majority, place a per legend only on those headnotes from the portion that does not command a majority. If necessary, consult a revisor to determine the number of judges needed for a majority.

In determining whether the lead opinion commands a majority, count the author of the opinion, any judge who signs the opinion, any judge who is listed as simply concurring (except in Louisiana and Arkansas), any judge who is not listed as joining in any other opinion and who is not listed as not participating, and any judge who states that he joins the opinion or an identifiable portion thereof, by indicating specific sections of the opinion. Do not include a judge who says in a separate opinion or statement simply that he agrees with the result of the lead opinion. A judge who says "I agree that…" should not be included if he does not state that he joins in the opinion. If in doubt, do not include the judge. If you have questions, consult a revisor.

It is not necessary to state in the synopsis that the opinion is a plurality.

153

Plurality Opinions and Legends

A per legend appears in parenthesis after the body of the headnote and before any statute citations. It is typically of the form: (Per Jones, J., with two judges concurring and one judge concurring in result.).

See also Majority Opinions and Per Legends.

## Equally Divided Court

When a court is equally divided as to whether a judgment should be affirmed or reversed, and the judgment is thus affirmed, the opinion for affirmance must be headed, and the headnotes should carry a per legend. The Holdings section of the synopsis must disclose that the affirmance is by an equally divided court. Do not include "equally divided" language in the mandate.

**EXAMPLES**

Per Legend:

(Per Hoens, J., for an equally divided court.)

Synopsis:

For an equally divided court, the Supreme Court, Smith, J., held that: (1)…

The Supreme Court, Smith, J., held that: (1)…, and (2) for an equally divided court,…"

This type of per legend should not be used when there is a majority for the result, but the judges are equally divided as to the rationale for that result. Instead, the standard per legend rules would apply. See Plurality Opinions and Per Legends.

## Multiple Opinions

If there is an original opinion and an opinion on rehearing, see Rehearings, Corrections, and Superseding Opinions.  If there are opinions resolving more than one motion, as sometimes happens in federal district court cases, head each. The numbering is continuous throughout the opinions. There is no need to designate that headnotes are from an additional opinion when the opinion is the result of a rehearing or reargument, or when two related opinions are combined. A per legend will be needed if the additional opinion is a non-lead opinion with majority support. See, Majority Opinions. A magistrate's opinion adopted by a federal judge is treated as a separate opinion if headnotes are made from both the judge's opinion and the magistrate's opinion.

## Per Legends

When headnotes are made from an opinion which commands a majority but is not the lead opinion, a per legend noting that fact must be placed in parentheses at the end of each headnote. For example: (Per concurring opinion of Hoper, J., for a majority of the court.)

When headnotes are made from an opinion which does not command a majority, whether or not it is the lead opinion, a per legend must be placed at the end of the headnote showing how a majority in support of the result may be calculated. It should name the author, and then list the number of judges who concur in the opinion, or who agree with the result reached in that portion of the opinion from which the point is made, e.g., (Per Clark, J., with one judge concurring and one judge concurring in the result.) If a judge agrees with the result in an opinion which is simply labeled concurring, he should be referred to as concurring separately.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Note that in <u>Louisiana</u> and <u>Arkansas</u> a judge who concurs does not join in the opinion. (See chapter on <u>Special Requirements for States</u>.)

Because a per legend in a plurality opinion should demonstrate how a majority in support of the result may be calculated, a per legend should not include the term "dissenting." A judge who dissents does not contribute to the reason or result that supports the headnote. If a judge concurred in part and dissented in part, use only the concurring language in the per legend as appropriate.

Avoid using "concurring in part" language in a per legend, since it suggests the judge concurred in only part of the headnote. Describing the concurring-in-part judge in the per legend as "concurring in result" would be preferred if you know the judge concurred in the result or judgment for that point. If the nature of the judge's concurrence is unclear, it may be appropriate to refer to this judge in the per legend as "concurring separately." Do not refer to the concurring-in-part judge in the per legend for headnotes taken from that portion of the opinion from which the judge dissents.

Use of the term "judge" or "justice" in the per legend depends on the title used for the judges in your opinion.

### EXAMPLES

Role of courts in recall process is highly limited, and is limited to ensuring that only legally and factually sufficient charges go to the voters; it is the voters, not courts, who will ultimately act as fact finders. (Per Chambers, J., with three justices concurring and three justices concurring separately.) Wash. Rev. Code Ann. § 29A.56.140.

Government's failure to argue at suppression hearing that exclusionary rule should not apply even if defendant was seized, combined with its failure to raise argument when seeking reconsideration in district court, amounted to waiver of the issue. (Per Hardiman, Circuit Judge, with one judge concurring in the result.) Fed. R. Crim. P. 12(e).

In determining child support, chancellors may consider, inter alia, the health, income, and earning capacity of both parents, the reasonable needs of the child, and the necessary living expenses of the noncustodial parent. (Per concurring opinion of Waller, C.J., for a majority of the court.)

155

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003019**

## Federal Cases

### In General

Editors are all responsible for screening out U.S. District Court cases that should not be published. In many instances, we have the option of including a case in Westlaw only. There will be some preliminary screening of cases, but it is possible that some of them may get to the headnoting queue. If you suspect that a case should be Westlaw only, query it to Laurie Oliver.

Certain types of cases are frequently found not to be appropriate for publication. If you are assigned one of them, or think that you have one, check with a supervisor or a revisor. These cases include ones that:

- are more than two years old. If some of these cases are published, they are reported in FCN.
- are opinions of United States Magistrate Judges that are reports and recommendations, but have not yet been adopted by the district judge.
- are court reporter transcripts of oral opinions.
- are court documents such as settlements, jury charges, or indictments that are not actual opinions.
- are submitted by the judge for Westlaw only or that otherwise state that they are not for publication.
- lack substantive content.
- contain language rebuking an attorney.
- have no precedential value or otherwise indicate that they are meant for table references.

### Jurisdiction

Headnotes should not be made from perfunctory statements by a federal court that it has jurisdiction. If the issue of jurisdiction appears to have been disputed, the headnote should be made, especially in opinions of the Courts of Appeals, the Court of Federal Claims, and the Court of International Trade.

### Removal of Cases

When the opinion indicates that the case was originally filed in state court and then removed to federal court, the fact of removal should be noted in the synopsis.

SYNOPSIS EXAMPLE:

Mayor's former executive secretary brought state court action against city and city officials alleging violations of her civil rights and defamation in connection with termination of her employment. After removal, defendants moved for protective order and for sanctions.

156

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## State Law

When a federal court is stating the law of a state, and when the decision of a federal court is based on state law, the headnote should indicate that fact, usually through the use of the phrase "Under [state] law...".

If the court indicates that the issue has not been decided in the state and then decides the issue in the manner that it believes the state's highest court would decide it, that fact should be reflected in the headnote: "Under Kansas law, as predicted by the district court,...".

## Classification

Most procedural points in federal cases classify to the topic Federal Civil Procedure, rather than to Trial or Pretrial Procedure. The topic Federal Courts will take matters that classify to Appeal and Error in state cases. The topic Federal Courts will also take procedural matters in the opinions of the Court of Federal Claims. Procedural points in the Court of International Trade will classify to the topic Customs Duties.

## Post-Conviction Relief

Defendants convicted in federal court seeking post conviction review of their cases are almost always filing a motion under 28 U.S.C.A. § 2255, which is a Motion to Vacate, Set Aside, or Correct Sentence, and which may be referred to as a "motion to vacate." Rarely, a federal defendant will file a petition for habeas corpus under 28 U.S.C.A. § 2241. While a court may inadvertently use the term "habeas" in connection with a § 2255 motion, the distinction should be observed in procedural headnotes.

In § 2255 cases, the person seeking relief should be referred to as "movant" in headnotes dealing with procedural matters and as "defendant," "arrestee," or other appropriate term in headnotes dealing with substantive matters of criminal and constitutional law.

## Habeas Corpus

Persons who are in custody on the basis of convictions in state court and who seek relief in federal court are seeking relief on the basis of habeas corpus under 28 U.S.C.A. §2254. They should be referred to as petitioner in headnotes dealing with procedural points and as defendant, arrestee, or other appropriate term in headnotes dealing with substantive constitutional and criminal law matters.

## Lower Court Designation in Synopsis

In the synopsis for district court opinions, the court should be referred to simply as the District Court, and the judge should be referred to (either full name or last name only) as the name appears in JWB. In opinions of the Courts of Appeals, the lower court should be referred to by its full designation: The United States District Court for the Northern District of Illinois. The lower court judge should be referred to by his or her full name. WL only citations to district court cases should appear in the synopsis for a federal Court of Appeals case.

If the trial court opinion was by a United States Magistrate Judge, he or she should be designated as such and the full name should be used. However, the lower court information in the synopsis

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

for an opinion of the Eleventh Circuit Court of Appeals should not include the name of any magistrate judge (See Federal Cases – Eleventh Circuit Synopsis).

In bankruptcy cases, the full name of the bankruptcy judge should be included in the synopsis for the district court and the Court of Appeals, if it is furnished.

In the synopsis for a case that arose from the Virgin Islands, Guam, or the Northern Mariana Islands, the District Court should be referred to as the District Court for the territory and not as a "United States District Court" or just "District Court." For example: "The District Court for the Virgin Islands, Smith, J., granted summary judgment for employee." The District Courts for the territories are one rung below regular U.S. District Courts, and are sort of a hybrid state/federal court. The judges are called District Court Judges, but are appointed for a term of years rather than for life.

## Direct History for Post Conviction and Habeas Cases

If there was a reported opinion on the direct appeal from the conviction, the citation for that opinion should be included in the synopsis. A citation for a Westlaw-only opinion may also be included, if the citation takes the researcher to an opinion that is not a mem. If there are citations to more than one opinion dealing with the direct appeal, only the cite to the final opinion affirming the conviction need be given. All citations to prior opinions in the current habeas or post conviction proceeding should be included in the synopsis.

## Senior Judges

Senior Circuit Judges and Senior District Judges should be designated as such in the synopsis only if identified as such in the opinion or related information. Otherwise, designate them simply as Circuit Judge or J. for a District Judge.

## Issue Slip

An "In This Issue" slip must be prepared for all opinions.

## Court of International Trade

The Court of International Trade deals with import duties, anti-dumping claims, and similar matters. Most substantive and procedural headnotes will classify to the topic Customs Duties.

## Court of Federal Claims

The United States Court of Federal Claims is a trial court for contract and related claims against the United States. It was formerly known as the Claims Court. The former Court of Claims was an appellate court for review of claims against the United States. Appeals from the Court of Federal Claims are within the jurisdiction of the Court of Appeals for the Federal Circuit, which thus performs the review function previously performed by the Court of Claims.

The Court of Federal Claims has its own rules of procedure. Cite to these rules in pertinent headnotes in Court of Federal Claims cases, rather than the Federal Rules of Civil Procedure, unless the Court is clearly discussing the Federal Rules of Civil Procedure. The citation format for the Court of Federal Claims rules is: RCFC, Rule ___.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003022

## Judicial Panel on Multidistrict Litigation

The JPMDL decides whether cases filed in different federal districts which relate to the same issue and facts should be consolidated for pretrial procedures, and which district should handle the proceedings. Typically, there will be a single, concrete headnote for these cases.

## Judicial Conference Committee on Conduct and Disability Orders

The U.S. Judicial Conference Committee to review Circuit Council Conduct and Disability Orders is a tribunal of federal judges who do just what the name says. Its opinions are published in the Federal Reporter and should be headed like any Court of Appeals opinion. No FCN is required for these cases.

## Disciplinary Proceedings

When heading a disciplinary opinion issued by a Committee on Grievances, follow copy as to the author of the opinion. Although the opinion might be signed by the Committee chair, that judge may not in fact be the author. If the DJ1 line at the beginning of the opinion says "By the Committee on Grievances," the synopsis should use that term also, e.g., "The Committee on Grievances held that...."

## Social Security (Disability Cases)

Courts in Social Security disability cases generally apply a five-step sequential analysis in determining whether benefits are warranted.

The five steps ask:

- Whether the claimant engaged in substantial gainful activity
- Whether the claimant has a severe impairment
- Whether the impairment meets or is medically equivalent to the Listing of Impairments
- Whether, considering the claimant's residual functional capacity (RFC), the claimant can engage in past relevant work
- Whether the impairment prevents the claimant from performing any other type of work within the claimant's RFC, considering the claimant's age, education, and work experience

Although the entire test can be referred to as a "five-step sequential analysis for Social Security disability benefits" or something similar, any individual step discussed in the headnote should include a description of that step.

## Three Judge Courts

When a federal district court opinion is that of a three judge court, the synopsis should indicate that fact: "A three-judge panel of the district court...". The synopsis for a Supreme Court opinion reviewing the action of a three-judge panel should also indicate that fact. If the reason for the existence of a three judge panel is not clear from the nature of the action, the statutory basis for

159

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

convening a three judge panel should be stated in the synopsis. Currently, almost all three-judge panels are convened for redistricting cases.

## Magistrates' Opinions

Opinions of United States Magistrate Judges are published in F.Supp. or F.R.D. if they meet one of the following criteria:

- Opinions dealing with the Federal Rules of Civil or Criminal Procedure
- Reports and Recommendations adopted by a District Court Judge
- Opinions before a magistrate judge by agreement of the parties pursuant to § 636(c).
- Opinions making a final determination or issuing an order, rather than merely making a recommendation to the District Court.

Opinions that deal with the Federal Rules of Civil or Criminal Procedure should be referred to a supervisor as possible candidates for publication in Federal Rules Decisions, if they not already so designated. Adopted reports and recommendations, and final orders or opinions decided by the magistrate, can be published if the opinion meets the general criteria for publication of a case in the Federal Supplement.

Opinions jacketed for F.Supp. or F.R.D. that do not appear to meet one of these criteria should be referred to a supervisor.

When the opinion of the Magistrate Judge is adopted by a district court judge, the synopsis should identify that fact: "The District Court, Kyle, J., adopted the opinion of Rosalie Butler, United States Magistrate Judge, which held that…" If there is a Westlaw citation for the magistrate's recommendation, it should be included.

If a point is covered by discussion in both opinions, make the headnotes only from the district court opinion. If headnotes are made from both the district court opinion and the magistrate's opinion, treat the case as a multiple opinion case, number the headnotes consecutively.

"Unadopted" Magistrates' Reports and Recommendations are not to be headnoted. Any such opinions should be referred to a supervisor. If an R&R is received with an adopting opinion, the input team will determine whether the combined opinion should be Westlaw-only or published in F.Supp. Please bring to a supervisor any case in which you think this determination was incorrect.

If an adopting order is received separately, it will not be combined with the R&R, and the input team will determine whether headnotes should be written for the order and whether the order is to be Westlaw-only or F.Supp. Use your discretion to review these determinations and decide whether it is important to find and combine the R&R with the order. Contact a supervisor with any questions. It is usually sufficient to have the cases connected by history. Please include the Westlaw cite for the R&R in the synopsis if the adopting order is left separate.

## Federal Rules Decisions

Federal Rules Decisions publishes decisions of federal district courts which are concerned primarily with the interpretation and application of the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, or Federal Rules of Appellate Procedure. FRD does not include decisions concerning the Federal Rules of Evidence, local district court rules, or rules issued by an administrative agency.

160

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Editors should be especially alert for criminal cases that meet the criteria for FRD. For example, a decision primarily about whether particular requirements of the guilty plea colloquy rule (i.e., Federal Rule of Criminal Procedure 11) were satisfied would be appropriate for FRD publication. Likewise, FRD would take a decision primarily about whether a defendant's motion for new trial under Federal Rule of Criminal Procedure 33 was timely.

In the context of the Federal Rules of Civil Procedure, decisions included in FRD frequently involve class actions, discovery, or parties, but FRD is not limited to these topics. Be on the lookout for district court opinions that primarily involve the interpretation and application of civil procedure rules concerning other matters, such as counterclaims and cross-claims, amended pleadings, interpleader, default judgments, and costs.

KeyCite analysts make an initial determination as to whether a district court opinion should be F.Supp. or FRD after skimming the case. Because they are not reading the case as carefully as a headnote editor would, some FRD candidates may be missed or inappropriately identified.

If an editor discovers a case that is designated for F.Supp. publication, but that seems like an appropriate candidate to include in the FRD reporter, then the case should be referred to a supervisor. Likewise, if a case seems to be incorrectly designated for FRD publication, that case should also be referred to a supervisor. After the editor is finished with his work on the case, he should e-mail a supervisor.

A number of factors may be considered in determining whether a decision is an appropriate FRD candidate. An editor need not concern himself with balancing these factors and making a publication determination. A supervisor will do that. However, if any of these factors suggest a case might be appropriate for FRD, a supervisor should be queried.

- An FRD decision needs to go beyond mere boilerplate discussion of the federal rules (e.g., a court's recitation of boilerplate principles regarding summary judgment motions or discovery would not be sufficient). Decisions which do not focus on interpreting a rule or rules should not be placed on track for FRD publication.

- FRD concerns application and interpretation of the three types of federal rules noted above. It does not include decisions concerning other procedural matters under the common law or statutes. For example, decisions focusing on whether the class certification requirements of FRCP 23 are met would qualify for FRD publication, but a decision focusing on whether a collective action (which is akin to a class action) is appropriate under the Fair Labor Standards Act (FLSA) would not qualify. Likewise, a discovery decision primarily analyzing common law privileges, like the attorney-client privilege, should not be included in FRD.

- The main thrust of an FRD decision needs to be about the interpretation and application of federal rules. This does not necessarily depend on the number of headnotes devoted to issues under the rules. Consider the importance of the court's holdings concerning the rules and how those holdings compare to any other holdings by the court. The key consideration, if both procedural and substantive issues are discussed, is whether the discussion is more interesting/unusual on the procedural or substantive issues. If the rule-based holdings seem to be equally balanced with the court's holdings on other matters, then the decision most likely belongs in F.Supp.

- Concrete headnotes saying that "Genuine issues of material fact precluded summary judgment," or that a party's allegations were sufficient to state a claim, are not considered rule-based headnotes for purposes of making an FRD publication determination, even though they arise from motions filed under the rules of civil procedure. FRD looks for headnotes involving a more direct relation to the rule at issue,

161

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

such as whether a party opposing summary judgment is entitled to a continuance, whether a summary judgment affidavit satisfies Rule 56's personal knowledge requirement, or whether a 12(b)(6) motion was timely under the rules.

- The fact that the Court cites to a number of FRD cases in its decision may be an indication that the decision is appropriate for FRD.
- Magistrate judge opinions are often likely to concern procedural matters under the federal rules.
- To be an FRD candidate, an opinion should generally include a citation to one of the three types of rules noted above. But the lack of a rule citation does not necessarily preclude FRD publication if the opinion is applying concepts that derive from the applicable rule of procedure. For example, an opinion about whether a proposed class should be certified can be included in FRD even though the Court does not cite to FRCP 23, if the Court discusses concepts which derive from FRCP 23, such as whether the representative parties will fairly and adequately protect the interests of the class.

## Territorial Courts

When headnoting a case that arose from a territorial court, any headnote involving territorial law or territorial court procedure should disclose the territorial connection.

### Virgin Islands, Guam, and Northern Mariana Islands

Opinions from the District Courts of the territories of the Virgin Islands, Guam, and the Northern Mariana Islands are not usually headnoted or published under our current guidelines. If you draw one of these for headnoting, please bring the case to a supervisor for likely redesignation as WL only.

In the synopsis for a case that arose from the Virgin Islands, Guam, or the Northern Mariana Islands, the District Court should be referred to as the District Court for the territory and not as a "United States District Court" or just "District Court." For example: "The District Court for the Virgin Islands, Smith, J., granted summary judgment for employee." The District Courts for the territories are one rung below regular U.S. District Courts, and are sort of a hybrid state/federal court. The judges are called District Court Judges, but are appointed for a term of years rather than for life.

In the rare instance that a case from the District Court for the Virgin Islands is to be headnoted, and the Appellate Division of the Court is hearing an appeal from a territorial court, a reference to the Appellate Division should also be included in the synopsis in order to pass the validations on IOP. For example: "The District Court for the Virgin Islands, Appellate Division, Smith, J., held that…"

### Puerto Rico

The United States District Court for the District of Puerto Rico is treated like other regular U.S. District Courts. The District Court judges in Puerto Rico are full Article III judges appointed for life. Opinions from the District of Puerto Rico are headnoted and published under the same criteria as opinions from other U.S. District Courts. If you draw a case that does not appear to support any headnotes please bring the case to a supervisor for likely redesignation as WL only.

162

In the synopsis for a case in the District Court, the Court should be referred to as the District Court. In a synopsis for a U.S. Court of Appeals, the lower court should be referred to as the United States District Court for the District of Puerto Rico.

### KeyCite for Statutes

Note that we do not currently make codenotes for these territories' statutes.

## Abstract Points

Editors should exercise liberality in making headnotes from opinions of the United States Courts of Appeals. No trite rule applies. Headnotes should be made for abstract statements of state law in Court of Appeals opinions even when it appears that a state court has decided the issue.

## Eleventh Circuit Synopsis

The docket number of the district court or agency decision on review should be included in the synopsis of opinions from the 11th circuit. It should be inserted between the name of the lower court and the name of the district judge. The docket number is included in the front sheet material.

The lower court information in the synopsis for an Eleventh Circuit opinion should not include the name of any magistrate judge. This applies both to situations when the district court adopted the report and recommendation ( R & R) of a magistrate judge and when the magistrate judge actually made the decision in the district court. When the district court adopted the (R & R) of a magistrate judge, this may be mentioned without identifying the name of the magistrate judge, e.g., "Employee brought action against employer, alleging disability discrimination in violation of the Americans with Disabilities Act (ADA). The United States District Court for the Northern District of Florida, No. 06-00566-CV-4, Stephan P. Mickle, J., adopted report and recommendation of a magistrate judge and granted summary judgment in favor of employer."

## Federal Circuit

The Court of Appeals for the Federal Circuit has the same status as the other Courts of Appeals. It has jurisdiction over appeals from the Court of Federal Claims, the Court of International Trade, and the Merit Systems Protection Board. It also hears the appeals from the United States District Courts in patent cases and some "Little Tucker Act" cases.

The judge who signs the order in cases from this circuit is to be treated as the author of the opinion, and his or her name should appear in the synopsis.

## Supreme Court

### Headnotes

Editors should exercise the greatest liberality in making headnotes for the opinions of the United States Supreme Court. The usual proscriptions against making headnotes from quoted material, statements of past holdings, and the court's reasoning are eased considerably. The trite rule for abstract headnotes does not apply.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY                                                                TR-0003027

### Synopsis

When an appeal is from, or certiorari is directed to, a United States Court of Appeals, include the full name of the court, including "United States" and the circuit number, in the synopsis of the Supreme Court opinion. E.g., "The United States Court of Appeals for the Ninth Circuit, Tashima, Circuit Judge, 586 F.3d 671, reversed. Certiorari was granted."

The name of the judge who authored the opinion on review should be included in the Background portion of the synopsis.

Members of the Court should be referred to simply with the title "Justice" or "Chief Justice" followed by the surname.

The language used by the Court should generally be followed with respect to concurrences and dissents.

Any Justice who does not participate in a case should be listed at the end of the synopsis, following the listing of authors of concurring or dissenting opinions. E.g., "Justice Kagan took no part in the consideration or decision of the case."

When the Court's opinion is a per curiam opinion in which the Court grants certiorari and issues an opinion at the same time without oral argument, the synopsis should say "Upon granting certiorari, the Supreme Court held that..." Also, the mandate should indicate that certiorari was granted at that time. Example: "Certiorari granted; reversed and remanded."

### Applications to Supreme Court Justice

During court vacations, petitions or applications for extraordinary relief may be submitted to a single Justice, either as the Circuit Justice for the circuit to which he is assigned, or as a Justice of the Supreme Court. Headnotes from the resulting opinions should carry a "Per" legend: "Per Justice Thomas, as Circuit Justice". The synopsis should also state that the application was to a Circuit Justice where that is the case. The synopsis should indicate that the holding is that of the particular Justice, not of the court: "The Supreme Court, Justice Ginsburg, sitting as single justice, held that:".

### Westlaw Highlights

The Issue Slip, topical highlights, and other universal summary features will generally be created separately from other features for Supreme Court cases (headnotes, synopsis, etc.) by entering the case from the "Write Highlights" activity in Workflow. However, the headnote writer who opens and completes the case from the "Write Summary" activity should generally ensure that the universal summary features are complete before submitting the case.

### Revisor Review

All U.S. Supreme Court cases should be taken to a revisor for review after headnoting.

## Pattern Jury Instructions

The style for civil jury instructions for the Court of Appeals is as follows:

>11th Cir. Civil PJI 4.2

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

**Federal Cases**

The style for criminal jury instructions for the Court of Appeals is as follows:

9th Cir. Crim. PJI 6.1

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003029**

## Unreported Cases

### Headnotes

Generally, do not make abstract headnotes for unreported cases, except when such a headnote represents the disposition of an argument or a holding by the court. If the abstraction is dispositive, there is no need to make a corresponding concrete headnote that would merely be a past tense restatement of the abstract point.

#### EXAMPLE 1 - DISPOSITIVE ABSTRACT HEADNOTE

**OPINION**: We first address Ettinger's attempt to appeal from the pre-trial judgment of the district court denying his motion for summary judgment. The district court found that material issues of fact prevented summary judgment in favor of Ettinger. The case then proceeded to a bench trial on the merits after which the district court entered a final judgment for Milvets. This court "will not review, under any standard, the pretrial denial of a motion for summary judgment after a full trial and final judgment on the merits ." Chesapeake Paper Prods. Co. v. S & W Eng'g, 51 F.3d 1229, 1237 (4th Cir.1995). Accordingly, we decline to review the district court's pretrial judgment on Ettinger's motion for summary judgment.

**HEADNOTE**: Court of Appeals will not review, under any standard, the pretrial denial of a motion for summary judgment after a full trial and final judgment on the merits.

#### EXAMPLE 2 - DISPOSITIVE ABSTRACT HEADNOTE

**OPINION**: Ettinger first argues that Milvets' revenue sharing obligation under the Teaming Agreements was iron clad and was not conditioned on his own performance under the contract. We have construed Maryland law to the contrary, however, concluding that"[p]erformance of the contract by parties suing on it is a condition precedent to recovery." Hubler Rentals Inc. v. Roadway Express, Inc., 637 F.2d 257, 260 (4th Cir.257) (citing Wischhusen v. Spirits Co., 163 Md. 565, 163 A. 685 (1933)). "[U]nder Maryland law, a party suing on the contract must first prove his own performance, or an excuse for nonperformance, in order to recover for any breach by the opposing party."

**HEADNOTE**: Under Maryland law, a party suing on the contract must first prove his own performance, or an excuse for nonperformance, in order to recover for any breach by the opposing party.

### Priority

Unreported cases should generally be given lower priority than reported cases.

### KeyCite

Create any necessary KeyCite indirect case history and statute references for unreported cases you head. (They will be automatically loaded when you complete the case.) Review direct history and report errors to the Cases-KeyCite Errors e-mail group.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Other Features

- Create Words & Phrases slips.
- Create ITIs.
- Create Westlaw highlights for significant cases.
- Create Education Law Summaries.
- Create Patent Slips & Trademark Slips.
- Do not create FCN summaries.

## MyTime

For time spent headnoting unreported cases (federal or state), use the Project Name "1046805: Headnoting Reported Cases," with the task of "Manage Original Content."

## Partial Publication

Do not enhance the unpublished portion of partial publication cases.

167

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003031

## Bankruptcy

## Courts and Jurisdiction

### Article I Status

Bankruptcy judges are Article I judges, not Article III judges.

### Reference and Withdrawal of the Reference

The Bankruptcy Code gives bankruptcy power to district courts.

District courts "refer" matters to the bankruptcy court by entering (as most have) automatic reference orders.  An automatic reference means that in that district any bankruptcy matter must be brought in the bankruptcy court initially.

A district court may "withdraw the reference" at any time either sua sponte or on a motion to withdraw the reference.

If the opinion indicates that the reference was withdrawn, that withdrawal of the reference should be noted in the synopsis.

### Core and "Related to" Jurisdiction

Bankruptcy courts (through district court references) have jurisdiction to enter final orders in core (purely Title 11) matters.

Bankruptcy courts (through district court references) have jurisdiction over "related matters" if the parties consent.  If the parties do not consent, then the bankruptcy court may only submit proposed findings and proposed conclusions to the district court.  When headnoting these proposed findings and proposed conclusions, use "would recommend" terminology (e.g., "Bankruptcy court would recommend that creditor had right to jury trial on unjust enrichment claim").  Only concrete headnotes should be made from those portions of an opinion for which the bankruptcy court is merely making a recommendation.

### Ancillary Proceedings

If there is a foreign bankruptcy proceeding (i.e., a bankruptcy case filed in another country such as Canada or the Bahamas), parties may seek to get that proceeding recognized in the United States (to facilitate enforcement of the foreign court's bankruptcy orders and to get jurisdiction over a debtor's American assets) by filing an ancillary proceeding in the United States.  Chapter 15 of the Bankruptcy Code governs these proceedings

## Bankruptcy Chapters

### Chapter 7 – Liquidation

Chapter 7 is the "I'll give you all of my non-exempt assets in exchange for not having to pay any debts" chapter.  Basically, the trustee liquidates all of a debtor's non-exempt assets and pays

168

whatever debts he or she can on a pro rata basis. Often, there are no non-exempt assets (a no-asset case) so no creditors are paid and the debtor is released from all debts.

### Chapter 9 – Municipalities, Counties and Other Governmental Entities

This is a special chapter that allows government entities to file bankruptcy. It is very similar to Chapter 11.

### Chapter 11 – Reorganization for Businesses or Individuals

This is the chapter that allows businesses or individuals to keep operating. The automatic stay stops creditor actions and the parties work on getting a plan approved that will govern the debtor's actions. This allows a debtor to reject unfavorable contracts and make management changes. The creditors get to vote on the plan. Once a plan is confirmed (i.e., approved by the bankruptcy court) it acts as a contract between the parties and, generally, governs (i.e., has res judicata effect) even if it is incorrect as a matter of law.

### Chapter 12 – Farmers

This is a special chapter for farmers. It is similar to Chapter 11, but has special provisions geared to the special needs of farmers.

### Chapter 13

This is the chapter that Congress wants debtors to use now. Under this plan, a debtor gives "all of his or her disposable income to the trustee for 3-5 years AND gets to keep all of his or her property." The automatic stay protects the debtor and the debtor's property all during the course of the plan. At the end of the plan (i.e., when the debtor has paid all of his or her disposable income for the plan term), the debtor's debts are discharged and the creditors are only entitled to what they received under the plan.

## Trustees

### Panel Trustees

These are the trustees assigned to the particular case to "watch over" the debtor and administer the bankruptcy estate. Their specific designation matches the type of case, i.e., there are Chapter 7 trustees, Chapter 11 trustees, Chapter 12 trustees and Chapter 13 trustees. The job of each of these trustees (in the case assigned to them) is to represent the debtor and the creditors and to liquidate the assets (or administer the business in Chapter 11 or Chapter 12) so that creditors can be paid according to the rules set forth in the Bankruptcy Code. Generally, these are the parties who will be the plaintiffs in the adversary proceedings to avoid transfers; these are the parties who will be objecting to (and litigating) creditor claims; panel trustees may object to plan provisions; panel trustees seek fees. However, their authority only extends to the particular case to which they were assigned.

169

Sensitivity: Confidential

## U.S. Trustee

The U.S. Trustee's office is a part of the executive branch of the government. There are U.S. Trustees for each region. It is the job of the U.S. Trustee's office to watch over all of the bankruptcy proceedings in general. So, a U.S. Trustee may appear in any case to litigate what might, in the U.S. Trustee's office's view, violate the letter and/or spirit of the Bankruptcy Code. Sometimes, the U.S. Trustee might object to a debtor's attorney fees even with the panel trustee and the creditors do not object. Sometimes, the U.S. Trustee may investigate fraud. The role of the U.S. Trustee's office is that of general oversight; not the day-to-day administration (the function of the panel trustees).

## Petition Preparers

There are people who "help" debtors with the paperwork associated with filing a bankruptcy case. They are called petition preparers and there are a lot of rules about what a petition preparer can and cannot do.

## Appeals

Parties unhappy with a bankruptcy court's decision can appeal to:

- the district court OR the bankruptcy appellate panel (BAP) (Appeals are to be heard by the BAP unless the parties "elect" (jump through the appropriate hoops) to have the district court hear the appeal.)
- under the new BAPCPA, if the appropriate requirements are satisfied (not easy to satisfy and this is intended to be a rare occurrence), a party may appeal directly to the Court of Appeals from the bankruptcy court

Parties unhappy with a district court's decision can appeal to the Court of Appeals

Parties unhappy with a bankruptcy appellate panel's decision can appeal to the Court of Appeals

Generally, although the district court and bankruptcy appellate panel have jurisdiction over both final and interlocutory orders (under the same type of standards that normally give a Court of Appeals jurisdiction over interlocutory orders in non-bankruptcy matters), the Court of Appeals does not have jurisdiction over interlocutory appeals from the district court or BAP. Of course, if the new BAPCPA direct appeal requirements are satisfied, the Court of Appeals would have jurisdiction over an appeal from an interlocutory bankruptcy court order.

All appeal points in bankruptcy cases (abstract and concrete) classify to the topic BANKRUPTCY.

A party may obtain a "stay pending an appeal" – in fact, in bankruptcy if you don't obtain a stay pending appeal and property is sold, the sale is final and the appeal becomes moot.

## Procedure

### Cases, Adversary Proceedings and Contested Matters

Upon the filing of a petition, a *case* is commenced.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

Within the case, *adversary proceedings* and *contested matters* are filed. Adversary proceedings are similar to actions and contested matters are similar to motions.

There can be several adversary proceedings and several contested matters within a case.

The adversary proceeding and contested matter terminology should be used in headnotes.

### Federal Rules of Bankruptcy Procedure

Bankruptcy proceedings are governed by the *Federal Rules of Bankruptcy Procedure*, not the Federal Rules of Civil Procedure. However, many of the FRBP merely incorporate the corresponding FRCP rule and many courts refer to the FRCP and the case law interpreting the FRCP. Because it makes a difference for classifying, headnotes should contain a reference to both the FRBP and the FRCP if they are both mentioned in the case.

## Bankruptcy Estate

### In general

As soon as a bankruptcy petition is filed all of the debtor's property interests (both equitable and legal) become property of the bankruptcy estate – protected by the automatic stay and subject to administration by the trustee (or the debtor-in-possession).

### Exemptions (Federal or State – "Opt out")

To give debtors a "fresh start," debtors are allowed to exempt certain property. This means that some bankruptcy estate property (i.e., the exempted property) is not available to pay the debtor's creditors. Rather, the debtors get to keep their exempt property. Congress has passed "opt out" legislation that allows states to decide whether their debtors may choose in bankruptcy proceedings to exempt (1) either federal exemptions or state exemptions, (2) only federal exemptions, or (3) only state exemptions. If a state has enacted the appropriate "opt out" legislation, debtors are limited to the choice that their state's legislature has made.

Debtors get to keep their claimed exemptions unless the trustee files a timely objection to their exemption claim and the bankruptcy court allows the objection. This means that if the trustee is not diligent enough to file a timely objection, the debtors will be able to exempt the property that they claimed as exempt even if the property would not be exempt under applicable law.

Debtors are also allowed to avoid liens against exempt property if these liens "impair" their exemption. However, if they would not be entitled to exempt the property under state law (i.e., if the only reason they are getting to exempt the property is that the trustee failed to make a timely objection to their exemption claim), most bankruptcy courts will NOT allow them to avoid the lien.

## Automatic Stay and Discharge Injunction

As soon as a bankruptcy petition is filed (unless the new successive petition rules of the BAPCPA apply), the automatic stay kicks in. This precludes all actions against the debtor and against bankruptcy estate property or the debtor's property. This is true whether or not a creditor has notice of the bankruptcy. If creditors act in violation of the automatic stay, damages can be assessed against them.

171

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Once a debtor receives his or her discharge that discharge acts as a permanent "discharge injunction" against any actions to collect on obligations dealt with in the bankruptcy proceeding. If creditors act in violation of this discharge injunction, damages may be assessed against them.

A creditor may seek the bankruptcy court's permission (i.e., ask for "relief from the stay") to act against the debtor's property even while the automatic stay is in effect. If the creditor has the bankruptcy court's permission to act (e.g., if the debtor has no equity in the property and the property is not necessary for any reorganization), then there would be no damages assessed against the creditor because the stay would not be violated.

## Avoidance – Preferences, Fraudulent Transfers, Strong-Arm, Unauthorized Postpetition Transfers

When the bankruptcy petition is filed, the trustee (or the debtor-in-possession) has the power to "avoid" certain transfers in order to bring more property into the bankruptcy estate for distribution to creditors.

One avoidance power is the power to avoid preferential transfers – i.e., transfers that occurred within the preference period (90 days to 1 year before the bankruptcy petition was filed) and that allowed the transferee to receive more than it would have received in a Chapter 7 liquidation. In other words, it precludes a debtor from paying his or her or its favorite creditors before filing bankruptcy and enables the trustee to recover from them and then distribute back to them only their pro rata share.

Another avoidance power is the power to avoid fraudulent transfers – i.e., transfers that occurred within 2 years prepetition and that were either (1) made with fraudulent intent or (2) did not provide the debtor with reasonably equivalent value.

A third avoidance power is the power to avoid unauthorized postpetition transactions.

A fourth avoidance power is called the "strong-arm" power. It gives the trustee the status of an existing unsecured creditor and/or of a hypothetical bona fide purchaser. This means that the trustee can assert any state law or non-bankruptcy federal law claims that any existing unsecured creditor could assert. Most commonly, this means that the trustee will be suing under state fraudulent conveyance statutes, which usually have a longer reach-back period than the 2 years provided under the Bankruptcy Code's fraudulent transfer provisions.

## Claims

### Proofs of Claim

In order for an unsecured creditor to collect on its claim in bankruptcy, it must file a proof of claim.

Secured creditors do not have to file a proof of claim in order to collect on their claim because "liens pass through bankruptcy unaffected." This is true because although the automatic stay stops creditor action, this stoppage is only temporary. The debtor still only has the rights in the property that the debtor had when the petition was filed. As soon as the automatic stay is lifted or the case is dismissed, the creditor may again enforce its lien rights.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY                                                    TR-0003036

### Secured Claims – Lien Stripping – Modification/Principal Residence

Generally (except under the new "hanging paragraph" governing Chapter 13 plans), a creditor's lien may be "stripped down" to the value of the collateral. In other words, the bankruptcy court determines how much of the creditor's claim is secured and how much is unsecured and "strips away" that portion of the lien that is unsecured.

Special legislation protects mortgages against a debtor's principal residence from being stripped down.

New BAPCPA legislation protects liens against cars purchased within 910 days of the bankruptcy petition from being stripped down.

### Administrative Expense Claims

The costs to administer the estate and to run the business if there is one are entitled to administrative expense status. That means that they are paid ahead of the other creditors. Examples of administrative expenses are attorney fees, trustee fees, and employee salaries.

## Discharge

### Discharge Denial

A Chapter 7 or Chapter 13 debtor's main purpose (other than getting immediate relief from creditor actions under the automatic stay) is to get a "discharge" – i.e., to be relieved of personal liability for *all dischargeable debts*.

Congress has made a list in 11 U.S.C.A. § 727 of public policy reasons for when a **debtor *will not be allowed*** to discharge all dischargeable debts (i.e., no possible bankruptcy relief at all). These include such things as making a false oath, failing to satisfactorily explain a loss of assets, failing to keep adequate records, failing to obey court orders, and concealing property. If a debtor engages in this type of behavior, no bankruptcy relief will be available – the debtor is "kicked out of court."

### Nondischargeable Debts

Congress has decided that even when a debtor is entitled to bankruptcy relief there are some debts that should always be paid – i.e., these debts will always be non-dischargeable. In other words, these debts will not be included in the debtor's general discharge. These non-dischargeable (must always pay) debts include debts incurred through fraud, taxes, student loans, debts incurred as the result of the debtor willfully and maliciously injuring the person or property of another, alimony, and child support. The full list of nondischargeable debts is in 11 U.S.C.A. § 523.

### Reaffirmation Agreements

If a debtor wants to pay a debt that might be dischargeable (usually a preferred creditor or a creditor that a debtor wants to continue to do business with), a debtor and creditor (as long as the appropriate requirements are satisfied) may enter into a reaffirmation agreement. This agreement makes the debt enforceable notwithstanding the debtor's discharge.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Case Administration

### Priorities and Distribution

Because there usually is not enough money to pay all creditors, Congress has created a priority scheme for distributing the debtor's assets. This scheme governs the order in which creditors are paid.

### Conversion or Dismissal

Just because a debtor was allowed to begin a bankruptcy case under a particular chapter does not mean that the debtor will be allowed to finish under that chapter. Circumstances may change that might warrant either (1) conversion to another chapter or (2) dismissal of the case entirely.

## Plans

Chapters 9, 11, 12, and 13 all involve plans that govern the relationship with a debtor and the creditors. Each chapter has rules for the filing of the plans, the contents of the plans, the voting or acceptance by creditors of the plans, and the confirmation (approval) of the plan by the bankruptcy court.

## Executory Contracts

One of the great advantages of bankruptcy is the debtor's power to "reject" any executory contract – i.e., a contract with performance obligations remaining on both sides. The debtor has to pay capped damages upon rejection and the rejection must be approved by the bankruptcy court, but it is a great advantage for businesses who want to avoid unfavorable collective bargaining agreements and any other unfavorable contracts.

## Bankruptcy Crimes

There are bankruptcy crimes listed in 18 U.S.C.A., and trustees and bankruptcy courts have certain responsibilities regarding these crimes. However, the actual prosecution for bankruptcy crimes will be in the appropriate district court, not the bankruptcy court.

The Bankruptcy topic has lines for bankruptcy crime prosecutions, so those headnotes classify to Bankruptcy.

## Headnoting Tips

- When referring to the bankruptcy court, no capital letters are required unless you are using the full title. Here are some examples:
    - The bankruptcy court ruled that debt was dischargeable.
    - The United States Bankruptcy Court for the District of Minnesota held that ...
- Try to avoid the excessive use of the word "bankruptcy"
    - say "Chapter 11 plan" instead of "Chapter 11 bankruptcy plan"

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -**
**ATTORNEYS' EYES ONLY**

**Bankruptcy**

- - say "Debtor filed a Chapter 7 petition." instead of "Debtor filed a Chapter 7 bankruptcy petition."
- Use "adversary proceeding" instead of "action" when an adversary proceeding is involved.
- Follow the court's terminology when possible.
- Formulas
  - Obligation arising from X was nondischargeable on Y grounds.
  - X came within the Y discharge exception
- Always put in the bankruptcy context in concrete headnotes.

175

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003039**

## Intellectual Property

### Patent Numbers

The patent number for every patent cited by the court must be included in a patent slip. These slips are used in a Patents Enumerated table and for updating KeyCite. No headnote should contain a patent number.

To create a patent slip in the JWB Summary Tool, choose the Patent option in the "Create New" drop-down menu on either the Content Viewer or the Features window. This will create a blank patent slip, in which the patent number(s) can manually be inserted. You may also right-click on a linked patent number in the Content Viewer, and choose "Create Patent" in the right-click menu. This will open the patent slip window with the selected patent number already inserted.

You will then need to choose the appropriate patent type (i.e., Classification), which will be either Utility, Design, Plant, or Reissue. Almost all patents are utility (also known as Original) and have a seven- or eight-digit number. From the other drop-down menu, choose the appropriate Patent history phrase. (See the next section for the list of Patent terms and their definitions.) All patents of the same type and with the same history phrase should be included together in one patent slip, and they should be listed in numerically ascending order. (JWB automatically orders the patent numbers when the patent slip is saved.) Each patent number needs to appear in a separate line in the patent slip window. Click on the green plus sign to add additional blank lines in which to include any additional patent numbers.

A patent slip should be created whenever a patent is cited, even if the case doesn't involve a patent dispute, and regardless of whether the case is published or unpublished. The editor must use one of the terms in the drop-down menu. The terms "invalid" and "invalid and not infringed" are the strongest terms, and should be used even if another term also seems to apply. The terms "cited" and "construed" are the weakest, and should be used only if none of the other terms apply. (See the manual section on Patent Slips – Hierarchy of Terms for more details.)

Patent slips should not be prepared for foreign patents.

### Patent Slip Terms and Definitions

#### Direct

**Cited:** The court cites a patent but does not otherwise construe it or rule on its validity. This term can be used as a "catchall" when none of the other terms seem to fit.

**Cited as Prior Art:** The court notes that the cited patent is "prior art." A party's claim that a cited patent is prior art is insufficient to warrant use of this term.

**Construed:** The court determines the meaning of words or phrases in a cited patent. This term should not be used if the court makes infringement or other rulings in addition to construing the patent. In that instance, a "Construed and…" term will be more appropriate. (See the "Construed and…" terms at the end of this section.)

**Infringed:** The court rules that the cited patent is infringed by the technology at issue.

Infringed in Part: The court rules that part of the cited patent is infringed by the technology at issue.

176

**Interfered with:** The court rules that, in the context of an interference proceeding, another patent or patent application has interfered with the cited patent. An interference proceeding is brought before the Board of Patent Appeals and Interferences to determine the first inventor of a patentable invention.

**Interfered with in Part:** The court rules that, in the context of an interference proceeding, another patent or patent application has interfered with a portion of the cited patent.

**Invalid:** The court holds that the cited patent is invalid.

**Invalid and Not Infringed:** The court holds that all or part of the cited patent is invalid, and that it is not infringed by the technology at issue.

**Invalid in Part:** The court holds that part of the cited patent is invalid.

**Not Infringed:** The court rules that the technology at issue does not infringe the cited patent, but does not otherwise rule on the patent's validity.

**Not Interfered with:** The court rules that, in the context of an interference proceeding, the cited patent has not been interfered with by another patent or patent application. An interference proceeding is brought before the Board of Patent Appeals and Interferences to determine the first inventor of a patentable invention.

**Not Interfered with in Part:** The court rules that, in the context of an interference proceeding, a portion of the cited patent has not been interfered with by another patent or patent application.

**Valid:** The court upholds the validity of the cited patent.

**Valid and Infringed:** The court upholds the validity of all or part of the cited patent, and rules that it is infringed by the technology at issue.

**Valid and Not Infringed:** The court upholds the validity of all or part of the cited patent, and rules that it is not infringed by the technology at issue.

**Valid in Part:** The court upholds the validity of part of the cited patent.

**Unenforceable:** The court holds a patent to be unenforceable due to the patentee's inequitable conduct before the patent board. A claim might be ruled unenforceable for only a period of time and against a particular defendant.

## Indirect

**Recognized as Invalid:** The court recognizes that a court in another case has held that the cited patent is invalid. Use this term instead of "Recognized as Not Infringed" when the court recognizes that the patent is both invalid and not infringed. Do not use when an appellate court recognizes that the PTAB or the lower court in the same case has invalidated the patent; you should use "Cited" in the appellate opinion instead.

**Recognized as Not Infringed:** The court recognizes that a court in another case has held that the cited patent has not been infringed. Do not use this term when an appellate court recognizes that the PTAB or the lower court in the same case has determined that the patent is not infringed; you should use "Cited" in the appellate opinion instead.

**Recognized as Unenforceable:** The court recognizes that a court in another case has held that the cited patent is unenforceable (probably due to inequitable conduct). This term is preferred over "recognized as not infringed," but should not be used if "recognized as invalid" is applicable. Do not use this term when an appellate court recognizes that the PTAB or the lower court in the same



Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

case has held the patent to be unenforceable; you should use "Cited" in the appellate opinion instead.

## Construed Terms

Although many infringement and validity issues involve some amount of patent claim construction analysis, please use these terms where the court includes an explicit construction/Markman section in its opinion and/or where the case includes at least one construction headnote in the form of "Term x in patent for y meant… "

- Construed and Infringed
- Construed and Infringed in Part
- Construed and Interfered with
- Construed and Interfered with in Part
- Construed and Invalid and Not Infringed
- Construed and Invalid
- Construed and Invalid in Part
- Construed and Not Infringed
- Construed and Not Infringed in Part
- Construed and Not Interfered with
- Construed and Not Interfered with in Part
- Construed and Unenforceable
- Construed and Valid and Infringed
- Construed and Valid and Not Infringed
- Construed and Valid in part
- Construed and Valid

See also, Construed Patent Terms – Markman Cases.

## Additional Terms with Limited Use

The following terms will generally be used only in administrative decisions from the Patent Trial and Appeal Board: Cancelled, Cancelled in Part, Construed and Cancelled, Construed and Cancelled in Part, Construed and Patentable, Construed and Patentable in Part, Construed and Unpatentable, Construed and Unpatentable in Part, Disclaimed, Disclaimed in Part, Patentable, Patentable in Part, Unpatentable, Unpatentable in Part. However, the "patentable" and "unpatentable" terms in particular may be used in cases if the court's language supports their use.

## Patent Slips - Hierarchy of Terms

If more than one reference applies to a single patent, use only the one that is the strongest. Do not make multiple, different references for the same patent.

178

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

In choosing between competing references, generally choose the reference that is the strongest without overstating the negative treatment. Use the following hierarchy in deciding between competing references. The terms are generally arranged strongest to weakest within each of the categories.

A "recognizing" reference can be trumped by a weaker reference (other than the "cited" references) if the "invalid" or "not infringed" reference being recognized was added to KeyCite in the prior case that adjudicated that issue and the court in the citing case is addressing a different issue. (For example, the court may be ruling on a different claim of the patent).

### Red-Flag References

- Invalid
- Invalid and Not Infringed
- Invalid in Part
- Unenforceable
- Recognized as Invalid
- Recognized as Unenforceable

### Yellow-Flag References

- Not Infringed
- Valid and Not Infringed
- Interfered with
- Interfered with in Part
- Recognized as Not Infringed

### Blue History References

- Infringed
- Infringed in Part
- Valid
- Valid and Infringed
- Valid in Part
- Not Interfered with
- Not Interfered with in Part
- Construed
- Cited as Prior Art
- Cited

179

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

## Patent Number Not in Opinion

If the opinion determines the validity or infringement of a patent, but does not include the patent number, the patent number must be obtained from the court. Notify Laurie Oliver.

## Serial Numbers of Patent Applications

Serial numbers of patent applications should not be used in headnotes. No slip of any kind is required.

## Patent Headnotes – Validity or Infringement

Headnotes on validity and infringement issues should disclose the nature of the patented device. Generally, it is preferable to use a brief summary of the nature of the patented device instead of the actual title of the patent. For example, use patent for improved mousetrap, even if the patent title is patent for improved rodent capturing and disposal device.

## Patent Headnotes – Claim Construction

Patent claims are construed by the court, instead of the jury. Headnotes should be made for all points construing claim language. Such headnotes should briefly characterize the patent, quote the disputed language, and state the courts construction.

### EXAMPLES

Terms "tiered manner" and "tiered architecture," as used in patent for remote-image capture and centralized processing of paper and electronic banking transaction data, referred to conceptual structure and logical organization of subsystems in hierarchy of functional layers.

"Hot-rolled steel sheet coated with an aluminum or aluminum alloy coating," in patent for production of steel sheet, meant a steel sheet that was reduced to its final thickness by hot-rolling and coated with an aluminum or aluminum alloy coating.

"Bacillus stearothermophilus alpha-amylase," within meaning of patent for genetically engineered alpha-amylase enzymes used in the fuel ethanol industry, was the functional enzyme product produced from the alpha-amylese gene of a Bacillus stearothermophilus bacterium.

A Words and Phrases slip need not be made when the court construes a scientific or technical term in a patent claim.

No headnote is required if the court says that a patent term need not be construed because it is known to those skilled in the relevant art, and the court provides no definition for the term.

See also, Construed Patent Terms – Markman Cases.

## Characterization of Parties in Patent Cases

In a typical patent infringement case, brought by the holder of a patent against a business competitor, the plaintiff should generally be referred to as the patentee and the defendant as a

180

competitor. If the defendant is not a direct competitor of the patentee, it may be referred to as the alleged infringer. Other characterizations may be used if the headnote is clearer as a result.

## Patent Headnotes – Specification Requirements

The text of 35 U.S.C.A. § 112 contains six unnumbered paragraphs, describing various requirements for patent specifications. The first, second and sixth paragraphs are commonly used in patent cases. The fourth paragraph is rarely used; the third and fifth paragraphs are used even less. Although statute verifiers are not responsible for adding paragraph designations, they can verify a headnoter's use of a paragraph number in a cite to § 112 by looking to see if the headnote discusses the appropriate topic.

The first paragraph contains the written description requirement. Headnotes will generally include such terms as "best mode," "enabling," "written description," or a patent claim's "lack of support."

The second paragraph contains the definiteness requirement. Headnotes typically include such terms as "definite" or "indefinite."

The fourth paragraph states that a dependent claim incorporates the limitations of the independent claim from which it depends. Headnotes citing to it typically include such terms as "containing" or "incorporating."

The sixth paragraph authorizes means-plus-function claims. Headnotes citing to it include such terms as "means," "function," or "structure."

## Patent Headnotes – Classification

All headnotes involving patent issues, including those resolving summary judgment motions, classify to Patents.

## Trademark and Trade Name Cases

When the court construes the validity or infringement of a trade name, trademark, or service mark, including cases of trademark dilution, the particular trade name, trademark, or service mark should appear literally in the headnote and/or synopsis. A trade name or mark, if relevant, may also be included in a headnote or synopsis holding on other issues. In infringement and dilution cases, the infringing mark or name should also appear.

Enclose the mark or name in quotation marks. Follow the court's capitalization.

### EXAMPLE

Soft drink manufacturer's "Coca Cola" mark was infringed by competitor's "KoKo Cola" mark.

When a court is considering a cybersquatting claim under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C.A. § 1125(d), which involves consideration of whether a defendant's internet domain name is identical or confusingly similar to the plaintiff's trademark, it is acceptable to use the internet domain name at issue in a headnote and/or synopsis. As with trademarks and trade names, enclose the domain name in quotation marks and follow the court's capitalization.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003045**

## Trademark and Trade Name Slips

A trademark or trade name slip or slips must generally be prepared for every case in which a trademark, service mark, or trade name is used in a headnote and issues of trademark law are addressed in the case. (See Intellectual Property - Validity or Infringement of Trade Name or Trademark.) Mere mention of a trademark in the case does not require a trademark slip (contrary to our practice for patent numbers). However, slips are not limited to cases involving validity and infringement. Slips should also be made for issues such as dilution, licensing, registration, and whether use of a trademark should be preliminarily enjoined. Editors are encouraged to be liberal in making trademark slips so long as the mark has some relation to the subject of the litigation.

Slips should be made for both allegedly infringing marks and infringed marks.

Trademark slips can only be made for marks and names that can be typed on the keyboard, using alphanumeric characters. Slips should not be made for other types of marks, such as colors, shapes, pictures, etc., even if the mark can be described in words.

In JWB, simply highlight the mark or name in the opinion text and choose the Create Trademark option in the right-click menu, or the Trademark option in the "Create New" drop-down menu at the top of the Content Viewer. You can also create a blank trademark slip by using the Trademark option in the "Create New" drop-down menu on the Features window, and then copy or type in the mark or name.

## Generic Use of Trademarks

Although trademarks and trade names should be used literally in validity, infringement and preliminary injunction headnotes, they should not be used in a generic sense to describe a class of products. For example, JetSki cannot be used to describe a personal watercraft, and photocopying cannot be referred to as Xeroxing. Other prohibited terms include Kleenex, Jell-O, BandAid, Baggie, Intoxilizer, Breathalyzer, Frisbee, Rollerblade, Mace, Go-Ped, Bush Hog, Taser, Rolodex, Blackberry, PowerPoint, Velcro, Blu-ray, and Realtor. However, it may be appropriate to use the proper name of the product in a products liability action, though this would not typically require the making of a trademark slip.

For suggested generic terms, see Style Guidelines – Generic Use of Trade Names.

## Trademark Headnote Classification

Trademark cases generally classify to Trademarks.

## Copyright Cases

The name of the copyrighted book, article, song, etc., should be disclosed in the headnote and in the synopsis. The name should be enclosed in quotation marks. There is no need to underline a book title.

No slip of any sort is needed.

## Copyright Headnote Classification

Copyright cases generally classify to Copyrights and Intellectual Property.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

**Intellectual Property**

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -**
**ATTORNEYS' EYES ONLY**

TR-0003047

## Construed Patent Terms – Markman Cases

### In General

"Markman orders" are federal district court orders that define or "construe" the terms within patent claims, when the meaning of the patent is disputed in litigation. The name "Markman" comes from the 1996 United States Supreme Court case *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 116 S.Ct. 1384, U.S.Pa.,1996, which determined that patent claims should be construed by a judge not a jury. The orders can be found in the database "Markman-Orders" on Westlaw. Many orders can also be found in the DCT and ALLFEDS databases.

The Construed Terms enhancement will consist of a list of all of the patent terms construed in each case, along with a link from each term to the place in the order where it is defined. Note that Construed Terms are added only in district court cases, not Court of Appeals cases or Court of Federal Claims cases, even if a Court of Appeals or other type of case contains a "Markman" discussion.

For example, in Advanced Fiber Technologies Trust v. J & L Fiber Services, Inc., 751 F.Supp.2d 348, 2010 Markman 3703048, the holder of patents for screen plates used in pulp and paper industry brought an infringement actions. The following list appears after the headnotes and patent slips, but before the text of the opinion:

> **Construed Terms:**
>
> Screen plate
> Screening Plate
> Backing plate
> Perforated
> Slots
> Openings
> Engagement with
> Shrink fit
> Rivet
> Adhesive
> Means for releasably connecting

When headnoting a Markman case, or a case that includes claim construction issues, the headnoters will identify which terms are construed, and indicate where within the opinion each term should link.

Within an opinion, claim constructions often (though not always) appear in this format:

> LP again contends that "on" means "a portion of" and that, consequently, "on" the transmitting surface means "a portion of" the transmitting surface. This construction finds no support in the specification or the prosecution history. Based on the claim language and the specification, the Court construes "**particular area**" as "**the area on the transmitting surface through which electromagnetic radiation reflected by the reflecting surface is transmitted in the desired lateral direction**."

In other cases the term and the definition might not appear side-by-side, e.g.,:

> Although Ms. McGowan argues that C & D's construction of the phrase "**porous structural matrix holding at least one odor absorbent chemical therein**" is too

184

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

narrow, the '143 Patent, its specifications and the general principles of patent law support C & D's construction. Accordingly, the disputed claim phrase 4 means, "**a porous structure which contains interstitial spaces in which the adsorbent material is present**."

Generally we want to link from the Construed Terms list to the term itself, not the definition, so long as the term and definition appear next to each other or within a couple of sentences, as they do above. If, however, the term and the definition are not in the same paragraph, or are far apart in the same paragraph, the link may be made to the definition itself. For example, the term the court is defining in the paragraph below is "**On and in contact with**," but that phrase does not appear in the paragraph that defines it:

According to the parties' agreement on the first part of the definition for this term, the court construes this claim language to mean: "**In a layered device formed on a substrate, above and touching or in immediate proximity to**."

In this example, the term presented in the Construed Terms list ("On and in contact with") will link to the definition (in bold above), not the term itself.

►NOTE: There may be multiple Construed Terms in a single paragraph, but the terms cannot be linked to a single selection of text. If you have questions about where to place a link, please contact Laurie Oliver.

## Construed Terms in JWB

### Creating Construed Terms

As you read through a case you should mark up each Construed Term within the opinion text. Highlight the Construed Term, right-click, and choose Create Construed Term.

Selecting the "Create Construed Term" option will cause the chosen term to appear blue and will launch a dialog window. The blue text indicates the place in the opinion to which the Construed Term will link.

The dialog window allows you to edit the language that will appear on the Construed Term list.

Each construed term should begin with a capital letter, but otherwise be in lower case. Where the term begins with "a," "an," or "the," that initial article should be excluded. Acronyms such as DNA should be capitalized. JWB will capitalize the first letter of the selected text in the dialog window when you save the construed term. Edit the text within the window, if needed, and click the Save button. If you have marked up the term itself (not the definition), it is likely no editing will be needed. If you have marked up the definition, you MUST edit the text in the box so that it shows the Construed Term only, with the first letter capitalized.

Once you click the Save button, the term, as it will appear on the Construed Terms list, is shown in orange next to the selected text.

The Construed Terms list itself will display at the top of the Content Viewer in the JWB Summary Tool. The terms will appear on Westlaw in alphabetical order.

185

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

## Deleting Construed Terms

An already selected term may be removed from the Construed Terms list by placing your cursor on the blue term or the orange display of the term next to it, right-clicking, and choosing "Remove Construed Term."

►NOTE: There is no "Edit Construed Term" option, so if a term has to be modified you must delete the term and then recreate it.

## Additional Guidelines

**Abbreviations:** An abbreviation that follows a Construed Term should not be included. E.g., a Construed Term would be "Long-acting, nonsteroidal, anti-inflammatory drug," not "Long-acting, nonsteroidal, anti-inflammatory drug (LA-NSAID)."

**Adoption of Party's Construction:** A court may adopt one party's construction of a patent claim. Such a term should be included on the Construed Terms list. Note, however, that the definition in this circumstance may appear at the beginning of the court's discussion, rather than the end.

**Articles:** If a construed term begins with "a," "an," or "the," do not include that article as part of the construed term. E.g., if the court sets forth the claim term as "a front panel," select only the phrase "Front panel" as the construed term.

**Combined Terms:** The court may choose to discuss two terms in the same section, where the terms ultimately have the same definition. If the court discusses multiple terms and separates them with a "/" character (e.g., "wireless switch/cellular switch"), please make separate Construed Terms entries, e.g., "Wireless switch" and "Cellular switch." Use of the "/" character causes problems with the Westlaw functionality for the Construed Terms index page.

**Courts of Appeals:** Construed Terms are NOT added to Court of Appeals opinions at this time, but are added in District Court cases only.

**Duplicate Terms:** if the same claim term appears in multiple patents referenced within the case, but is given only one definition, it should only be included on the Construed Terms list once. If the same term is construed differently for different patents (or different claims within a patent), it should be included more than once.

**Indefiniteness:** If the court states that a particular word or term is indefinite (rendering the claim invalid), the term should be picked up as a Construed Term.

**Magistrates:** When a district court judge adopts a magistrate's opinion, and the two opinions are combined into a single document, the Construed Terms can be linked to the magistrate's opinion, unless the district court opinion includes a significant discussion regarding construction of the term. If the district court does include such discussion, the term should link to the discussion by the district court, not the magistrate's discussion. If a magistrate's report and recommendation has not been adopted, we do not add Construed Terms.

**Means-Plus-Function Claims:** Means-plus-function claims are those in which the patent describes a "means" for performing some particular function. These are to be included in the Construed Terms list. E.g.,

> The phrase "means for continuously adjusting a sampling rate of the converting means to be near synchronous with the voltage and current signals," means a microcontroller configured to receive a signal from a fundamental frequency detector, and generate a

186

corresponding signal, updated on a repeating basis, to direct the analog to digital converters when to sample.

Here, the construed term is "Means for continuously adjusting a sampling rate of the converting means to be near synchronous with the voltage and current signals."

A similar, but less common, variation is the step-plus function claim. These should also be included:

> STEP OF SEARCHING A SELECTED WORKSTATION FOR A LICENSE FILE means checking whether a license file is present on the selected workstation, where a "license file" is an area of memory which contains a UID, which is on a disk and which is capable of storing at least one LICENSE.

Here the construed term is "Step of searching a selected workstation for a license file." However, if the court is merely deciding what order the patent steps should be performed in, the steps need not be picked up as construed terms.

These mean-plus-function claims can be tricky. If the court is giving an explicit definition for a means-plus-function term, we pick that up and link to the term (or the definition if the term is not mentioned in the same paragraph as the definition). E.g.:

> That this is a sufficiently definite structure to perform the recited function is also evident in the fact that Defendants identify the A/D converter itself as the structure which performs the claimed function. Accordingly, I find that "analog to digital converter means" should be construed as "analog to digital converter(s)."

If the court does not give an explicit definition, but does say what the function of the construed term is, we pick that up, again linking to the term if it's there (or the stated function if the term is not nearby):

> Accordingly, I find that the "means for digitizing captured image data" should be construed as a means-plus-function element, with a function of "digitizing captured image data."

If there are multiple "functions" given, you may link to the first one.

Even if the function is something the parties essentially agree on, and the dispute is primarily about the "corresponding structure," we will include the means-plus –function term in the Construed Terms list and link to the term or its function, e.g.:

**b. Means for selectively setting the liquid feed rate**

> The first clause at issue is the "[m]eans for selectively setting the liquid feed rate within a range of feed rates." *1263'125 Patent col. 10 ll. 62-64. The parties agree that the claimed function is the setting of the rate, from a number of available rates, at which the liquid material is to be spread. Joint Claim Construction Statement, '125 Patent Claim 1 [Docket No. 107-3] ("'125 Patent Claim 1 Chart") at 7. The parties' dispute centers on what structure or structures correspond with this function….

However, if the court only defines what the corresponding structure is for a means-plus-function claim, we do NOT pick that up, because the structure is typically something that is outside the scope of the patent claims themselves. (And the "definition" is frequently lengthy.) Thus, if the court jumps straight to the "corresponding structure" issue without defining the term or the function at all, there is nothing we need to pick up.

187

Sensitivity: Confidential

Finally, if the court is merely deciding that a particular term IS a means-plus-function claim under the relevant statute, 35 U.S.C.A. § 112 para. 6, that alone need not be picked up as a claim construction.

**Parentheses:** Where the court lists a term with a plural "s" in brackets or parentheses, the editor should omit the parentheses from the Construed Term, e.g., "Application programs," not "Application program(s)."

**Patent Numbers:** When choosing where the link for a construed term should be set, please avoid marking up a patent number or partial patent number, if possible. E.g., only the highlighted language in the first example should be selected:

> The same construction of this phrase discussed above with respect to the '588 Patent is applicable to Claim 1 of the '905 Patent .

> not

> The same construction of this phrase discussed above with respect to the '588 Patent is applicable to Claim 1 of the '905 Patent.

**Plain Meaning:** If the court says that a term does not need to be defined because its meaning is plain, that term should still be included on the Construed Terms list. The link should generally be placed at the term itself, in the location closest to where the court says no construction is needed. The court may use language other than "plain meaning," such as "clear to a lay jury" or "self-explanatory." A Construed Term should also be picked up if the court discusses the meaning of the disputed term, even if it doesn't expressly say the meaning is plain. However, if the court chooses not to define a claim term but gives some other reason unrelated to the term's meaning (e.g., the court says it will address some of the terms in a separate order), the term should not be included.

**Prior Holdings:** If the court merely repeats a definition that was determined in a prior opinion by the same or another court, that term should be not be included in the Construed Terms list.

**Process Claims:** Terms construed in claims involving a patented process should be included in the Construed Terms list, e.g., "surface treatment process" means a process or processes to render a surface more ophthalmically compatible.

**Proposed Constructions:** If the court merely proposes a claim construction for the parties to consider, do not include that term on the Construed Terms list.

**Stipulations:** If the court defines a term in accord with an agreement or stipulation between the parties, that term should be included.

**Subscript/Superscript:** If a construed term contains characters in subscript or superscript, that formatting should be ignored, and the term should be displayed in regular text within the editing window.

**Supplemental constructions:** Sometimes the court will construe additional terms within a phrase in order to explain the construction of the full phrase. In that case, we don't need to pick up the "supplemental" construction of those terms, just the main construction. Example: disputed phrase is "wideband frequency channels" and in the process of construing that phrase, the court includes discussion that the term "frequency" is well known in the art and means x. The term "frequency" should not be included as a construed term, only the phrase "wideband frequency channels."

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

TR-0003052

**Special Characters/Ellipses:** Special characters can be left as is in the editing window, except

that the dot leader character ⁞ should be replaced with the ellipses character from the Common tab in the character map in JWB.

**Tables or Appendices:** If the court includes a table or appendix that lists all of the construed terms and their definitions, this should only be used as a last resort for linking. If possible, the link should take the reader to the place within the body of the order where the term is defined.

**Types of Patents:** include construed terms for any type of patent that the court is purporting to construe, e.g., Original or Utility Patents, Reissued Patents, Design Patents, and Plant Patents.

**Whole-patent construction:** If a court is essentially construing the patent as a whole, and not individual terms within the patent, this would not generate any construed terms. E.g.,

> Pursuant to 35 U.S.C. § 146, the plaintiff seeks to set aside decisions made by the Board of Patent Appeals and Interferences of the United States Trademark Office (the "Board") holding that the claims of the LeMaire patent are unpatentable and that therefore any interference claims are void. This matter is before the court on the issue of claim construction. The primary issue of this claim construction is whether the LeMaire patent covers a single protein, TBP-II, or if the LeMaire patent covers the TBP-II protein and all of its naturally occurring muteins. Based on the intrinsic record, the court concludes that the LeMaire patent covers only one protein, TBP-II, described in the plaintiff's patent application. That is, the patent includes neither man-made nor naturally occurring muteins. For this reason, the court adopts the plaintiff's claim interpretation.

189

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

## Insurance

### In General

- If the case includes a request for a declaratory judgment, that should be mentioned in the synopsis.
- Characterize parties according to type of insurance and relationship to the claim or policy, not the facts of the case.
- In concrete points reveal the nature of coverage at issue: liability, property, uninsured motorist, underinsured motorist, medical payments, accident, life, health, etc. The label on a package policy, although it may be needed in the headnote, will not alone indicate this.
- Focus on the policy language in dispute.
- Use terms of art including shorthand labels for policy provisions.
- Use acronyms whether the court does so or not. Some common ones are UM, UIM, PIP, IGA, CGL.
- If the case concerns the duty to defend, focus the headnote on the policy interpretation-- was there coverage or potential coverage. If you are concluding there is no duty to defend, you are probably writing an erroneous and useless headnote.
- If the court is finding a violation of state law or public policy, the headnote must use one of these terms: void, invalid, unenforceable. You must write a highlight for it.

### Customers for Insurance Products

Keep in mind two features of your audience. A large percentage of your customers are not lawyers. Insurance companies account for much research in insurance law. They are not run by lawyers and provide substantial educational opportunities for their employees to analyze insurance policies and learn insurance law. Many of these companies do business in all fifty states or in several states and would be hampered by a failure to write for a national audience. What this means for you is that industry-standard terminology and terms of art are important.

### Types of Insurance and Insurance Products

#### Overview

The main types of insurance are liability, property, health, disability, accident, life, and title. Keep these in mind. You may need to characterize the policy or insurer as one of these if the headnote does not otherwise disclose the type of loss.

Within these broad categories are other types that you may need to indicate in the headnote. For example, if the case involves insurance covering a secured lender's interest in the collateral, you need to characterize this as collateral protection insurance, also known as force placed insurance.

It may help to keep these types of insurance in mind:

190

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

1. First party, fault based. The injured party and the insured are the same person, and proof that someone was at fault for the injuries is required. Chief examples: UM and UIM.

2. First party, non fault based. The injured party and the insured are the same person, but proof of fault is not required. Chief examples: Most types of first party insurance; automobile no fault insurance; medical payments coverage under automobile insurance policies. Medical payments coverage in a homeowners' policy or a liability policy provides benefits to a stranger to the policy.

3. Third party, fault based. The injured party is a stranger to the contract, and the insured's fault caused the injuries. Chief example: liability insurance.

You will occasionally need some knowledge of insurance products and typical coverages. In addition to lawyers, you are writing for professionals such as underwriters, actuaries, claims representatives, and risk managers who have a great deal of knowledge about these products. We do not inspire confidence in our products when we write a headnote for a case that clearly involves boiler and machinery insurance, but we fail to identify it as such.

Below is a basic primer of the products you will be dealing with.

### Property Insurance

- Commercial property. The typical coverage is for natural disasters, riots, some explosions, and collapse. Notably absent is coverage for losses caused by the explosion or breakdown of the insured's machinery or the loss of income.

- Boiler and machinery. This is a specialized line of coverage for losses caused by the explosion or breakdown of the insured's boilers or machinery. It is thus typically sold as a separate product. For insureds with small exposures to loss from the explosion or breakdown of boilers or machinery, it is sold as part of a package policy known as the business owners' form. Boiler and machinery policies may also provide liability coverage.

- Business income or business interruption. The basic coverage is for the insured's loss of net income from a covered cause of loss--these are typically the same as the causes of loss in the commercial property form. Many of these cases will discuss whether a certain type of expense is covered. Since net income equals revenues minus expenses, recognize that you are likely dealing with business income insurance when the parties are disputing coverage for expenses from a loss. The classification system depends on clarity about whether the coverage is for a business income loss.

- Inland marine. This is an oxymoron for products that generally cover exposures to loss of goods in transportation over land. They also cover instrumentalities of commerce or transportation such as bridges and communications towers. Whereas other types of property insurance involve a great deal of standardization, these coverages are typically not standard. It is, however, helpful to our customers to identify the policy as an inland marine policy if the court does so.

- Personal lines insurance. You will see this primarily in homeowners' policies which provide a package of property, liability, and limited disability/health coverages. If the policy covers the insured's house, it is helpful to the reader to identify the policy as a homeowner's policy, though it is not necessary for classification. Since homeowner's policies are also sold to tenants, use this designation if the court does so.

191

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003055

- Crime insurance and fidelity bonds. The classification system distinguishes between coverage for crimes committed by employees--employee dishonesty or fidelity insurance--and other types of crimes. For losses from crimes by persons other than employees, you can aid classification by noting if the dispute concerns coverage for theft or disappearance.

## Liability Insurance

Most cases involve liability insurance. On the commercial side, the policy is usually a commercial general liability (CGL) policy, and less often the policy is a businessowners policy. On the personal lines side, the policy is usually an auto policy, with homeowners policies being a strong second.

## Personal Lines Insurance

You will see this primarily in homeowners' policies which provide a package of property, liability, and limited disability/health coverages. If the policy covers the insured's house, it is helpful to the reader to identify the policy as a homeowner's policy, though it is not necessary for classification. Since homeowner's policies are also sold to tenants, use this designation if the court does so.

## Automobile Insurance

These are package policies providing a combination of liability, property, and medical payments insurance. The insurance industry breaks these down according to unique types of exposures faced by various customers. Our classification system to an extent follows this breakdown.

- Commercial auto policies.
- Personal auto policies.
- Garage policies. These are sold to automobile dealers and repair and maintenance businesses. The headnote will need to disclose the type of business.
- Motor carrier's policies. This is usually the policy if the case involves a truck transporting goods. The headnote will need to disclose if a carrier is involved.

## Accident Insurance

Most insurance transfers risk for accidents. Policies providing accident insurance cover the risk of loss to life or limb caused by an accident. Don't refer to auto insurance as "accident insurance."

## Life Insurance

This protects the beneficiaries from loss of the insured's life from just about any cause.

## Disability Insurance

This covers the risk of loss of income.

192

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### Health Insurance

Be aware of whether the case involves a group or individual policy.

Group policies by employers come in two types, insured and self-insured. But that distinction mostly concerns ERISA issues

## Synopsis

Declaratory judgment actions. The first sentence should reflect whether the suit is a declaratory judgment action. Be as specific as possible in telling the reader what the plaintiff wants declared. E.g., "Liability insurer sought declaratory judgment that absolute pollution exclusion barred coverage for claim against insured store for customers' injuries from personal hygiene products sprayed at store counters." If the pollution exclusion is the only provision at issue, that opening is more informative than "Liability insurer sought declaratory judgment that it had no duty to defend insured store against claims of injuries from spraying of personal hygiene products at store counters." If several policy provisions are at issue, the more general statement is necessary.

## Characterization of Parties

- You need to know who the insured is. If the insured is a party germane to the headnote, you need to characterize that party as the insured or at least indicate that the policy was issued to it. This will require you to have a general familiarity with who is an insured under various types of insurance. Keep in mind that one can be an insured without being named in the policy. A passenger of a vehicle, whether related to the named insured or not, is almost always an insured with regard to claims for no-fault or uninsured motorist benefits. The way to tell is that the passenger has no claim if not an insured. In a suit by an auto accident victim against the liability insurer, the tort-feasor is the insured. Call the plaintiff the victim, the injured driver, or the injured passenger. If the victim is suing for uninsured motorist benefits, the victim is the insured.

- The relevant legal relationship is the type of insurer, not the insurer's relationship to the facts of the case. E.g., "automobile liability insurer," not "other driver's insurer" or "tort-feasor's insurer."

- The insurer. The headnote needs to reflect the type of insurer. "Homeowners' liability insurer," not "homeowners' insurer." You may use "homeowners' insurer" if the headnote reflects the type of coverage involved.

- Use "insured" as an adjective if the nature of the insured is relevant. For example, "insured contractor" or "insured carrier."

- CGL. This acronym is a term of art for "commercial general liability" or "comprehensive general liability." It is a term of art because the policy was drafted by ISO and is by far the most common commercial liability policy sold in the United States. Many of your readers will know its provisions. Use it whenever a CGL policy is involved. You may use it to characterize the policy or the insurer. If you write the words "commercial general liability," you need to add the acronym whether the court does so or not.

- An "assured" is the "insured." Using "assured" may hinder search results. Use "insured" or both terms.

193

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

- In ERISA cases using the statutory terms of "participant" and "beneficiary" is acceptable especially when the court is construing a self-insured plan. "Insured" is likely a better term, if the plan is insured and the court is construing the policy language.

- The parties to a life insurance policy are the insured, the policyholder (usually though not necessarily the insured), the beneficiary, and the applicant. Use applicant if the insurer declined to issue the policy. Otherwise use "insured" or "policyholder."

- Reinsurance. Use "reinsured" for the ceding insurer, "reinsurer" for the insurer that assumes the risk, and retrocessionaire for the reinsurer of a reinsurer.

- Subrogation actions. The editor should be careful to properly identify parties and recognize their relationships to each other in subrogation actions. In these actions, the same kinds of coverage questions will often arise as in an action between an insured and an insurer or between an injured party and an insurer. The only difference is that an insurer has stepped into the shoes of a party it has paid (usually its insured). Although the synopsis should identify such an insurer as being subrogated, there is usually no need to make such an identification in any headnotes concerning pure coverage issues.

- Direct actions. The editor should recognize that in some jurisdictions (Louisiana jumps to mind), an injured party can directly sue the alleged tort feasor's liability insurer (and/or an alleged tort feasor being sued by an injured party can bring a third party action against his or her liability insurer). In such cases, the editor should be careful to distinguish between tort issues and insurance coverage issues.

- Actions in which insurance and indemnity issues are mixed. These cases typically arise in the construction context. They usually involve an attempt by a subcontractor's employee injured in a worksite accident to recover from the site owner, the general contractor, or other subcontractors. Since subcontractors are often contractually obligated both to procure liability coverage for and to indemnify the general contractor and the site owner, these cases can get very complicated very quickly. However, one of the following six issues is usually involved, and the editor should be on the lookout for them:

  1. whether the liability insurance that the subcontractor has procured for the general contractor or site owner provides coverage under the circumstances of the case;

  2. whether the subcontractor is personally obligated to indemnify the general contractor or site owner under the circumstances of the case;

  3. if so, whether such indemnity obligation is enforceable;

  4. if the subcontractor has an enforceable indemnity obligation, whether the subcontractor can get coverage for the obligation under its liability policy;

  5. if the subcontractor has failed to procure liability coverage for the general contractor or site owner, whether the subcontractor is liable therefor; and

  6. if so, whether such liability is covered under the subcontractor's liability policy.

- Know the relationship of parties in trucking cases and be able to spot leases so that you can characterize the parties as insured lessee or insured lessor. Our customers know that a lease is involved if all the court tells us is that there are two trucking companies and one has its placard on the side of the truck. The carrier with the placard is the lessee.

194

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Focus on Policy Language in Dispute

Your features should reflect the policy language in dispute. You may paraphrase just as you would a statute.

Your features should reflect the interpretation of the policy. It may be necessary to write about the result the court reaches and its rationale and write a separate headnote construing the language. Or a headnote on policy interpretation may suffice. But your work needs to reflect how the policy is construed, even when the court only gives the policy language and a result.

## Terms of Art

As much as possible your work needs to reflect shorthand terms for policy provisions, even when the court does not use the term. These are search terms. For example, a headnote about the intentional acts exclusion is inadequate if you merely characterize it as "exclusion for injury from acts intended by insured." Here are some common terms:

- Intentional acts exclusion.
- Intentional injury exclusion.
- Assault and battery exclusion.
- Pollution exclusion, absolute pollution exclusion, total pollution exclusion.
- Named insured exclusion.
- Named driver exclusion.
- Household exclusion. Also called the family exclusion.

If the issue in dispute involves underinsured motorist coverage, you need to use "underinsured motorist" and UIM in the headnote, even if the court calls it "uninsured motorist coverage." Also include the acronym UM for cases involving a uninsured motorist. If the policy or statute defines "uninsured motorist" specifically to include "underinsured motorist," "underinsured motorist" is a term of art. If you have no basis in the statute or policy for saying "underinsured motorist" and the court uses the term "uninsured motorist," work both terms into the headnote. For example, characterize the tort-feasor as "underinsured motorist (UIM)" and the coverage type as "uninsured motorist (UM)." Or use both terms: "uninsured motorist (UM) and underinsured motorist (UIM) benefits." Do not add these terms if they are not germane to the issue. For example, if the case involves rejection of UM benefits, no one cares if you add the term UIM.

## Acronyms

Use common acronyms even when the court does not do so. Here is a partial list: CGL, UM, UIM, supplementary uninsured motorist (SUM) (As the statutory term, this is a search term.), basic reparation benefits (BRB), personal injury protection PIP, personal protection insurance (PPI), HMO, commercial package policy (CPP).

Insurance guaranty associations need the acronym IGA, even when the court uses the acronym specific to a state such as FIGA for the Florida association. A great deal of uniformity exists in this area of the law. Customers cannot possibly use every acronym used by courts.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Package Policies and Characterization of the Policy

These are policies with multiple types of insurance. The label on a package policy is an insufficient characterization of the insurer or the policy unless the headnote elsewhere reflects the type of coverage. The common ones are homeowners, automobile, some marine polices, and commercial package.

You must characterize policies as "insurance policies." For example, homeowners' insurance policy, not homeowners' policy.

## Duty to Defend

If the case involves a liability policy with a duty to defend, do not write a headnote reaching the conclusion there is no duty to defend. The conclusion is really that there is no coverage, regardless of what the court says. The only possible exception is an absurdity. The court would need to conclude there is no duty to defend despite the existence of coverage and the insured's compliance with all policy conditions. If the court reaches this conclusion, you have a bad judge and an unusual case. The conclusion that there is no duty to defend will turn on an interpretation or application of the policy. The headnote must reflect this information. It does not need to reflect more. Our customers know that the lack of coverage negates the duty to defend.

If the policy is an indemnity policy with no duty to defend, you may see a holding that there is no duty to defend.

Headnotes reaching the conclusion that there is a duty to defend should be rare. The outcome of cases finding a duty to defend usually turns on a policy interpretation or application. The court may only be reaching the conclusion that the allegations state an occurrence covered by the liability policy. You need to say this, and you need not say more. There are some cases in which the court is looking specifically at language in the tort complaint and asking whether it triggers the duty to defend. A headnote saying there is a duty to defend can be valid in this situation. If you are in doubt, you can write both the coverage and duty to defend points. You may state the coverage point in terms of whether there is potential coverage on the facts as alleged.

Do everything you can to write about the interpretation or application of the policy. That is what our customers, even the lawyers, care about. They know the general rule that potential coverage triggers the duty to defend. You tell them nothing by saying an insurer had a duty to defend a store against customers' claims of injury from perfume, if the case turns on whether perfume is a pollutant. If you tell them perfume is a pollutant, you need not say more.

Often the key to writing these headnotes is to pay attention to the insurer's contention. The insurer may, for example, argue the assault and battery exclusion applies. You only need to say whether it does or does not apply and give the court's reasons.

## Invalid Policy Provisions

A court's decision that a statute, regulation, or public policy trumps a policy provision must use one of these terms: void, invalid, unenforceable. This is necessary even if the court does not use one of these terms.

The reason for this practice is that this is particularly important information for insurance companies, and it is difficult to search for. Courts use several different terms and sentence structures to reach what is the same conclusion. The information is important because invalidation of the policy provision often means the insurer is assuming a risk it did not intend to

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003060**

**Insurance**

accept. It will eventually need to rewrite the policy and set a new price. The information is also important to attorneys because it changes the law between the parties and affects the advice based on what is often clear policy language.

Here are some clues that the case invalidates a policy provision. The court says the provision violates public policy or a statute. If it does so, you may say it is unenforceable. The policy excludes coverage mandated by a statute or regulation such as the ICC endorsement. The court says a policy provision is ineffective. In this case use the court's term with your conclusion that it is unenforceable. There is no legal difference between an ineffective and an invalid policy provision. If the court says it will not enforce a policy provision, say the provision, using the short-hand term if possible, is unenforceable.

You do not need to use these terms when you have a case involving other insurance and the court invalidates one or both clauses. This is a case of inconsistent provisions in different policies, not a violation of state law.

Make an insurance highlight for any case invalidating a policy provision and use one of the terms: void, invalid, unenforceable.

197

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Merit Systems Protection Board

### In General

The United States Merit Systems Protection Board Reporter (MSPR) contains reported decisions of the Merit Systems Protection Board (MSPB), which is a quasi-judicial federal administrative agency established as the successor to the former Civil Service Commission by the Civil Service Reform Act of 1978 to hear appeals of federal employees and retirees in employment-related matters. The Board consists of a Chairman, a Vice Chair, and a Member. The Board operates through its headquarters in Washington, D.C. and regional offices throughout the country. Administrative judges in the regional offices function as hearing officers. A Chief Administrative Law Judge (CALJ) handles cases not heard in the regions, such as Hatch Act cases. Finally, there is a Special Counsel that acts as an investigator and prosecutor before the Board.

From 1979 to 1983 the Board published its own reporter, which was called "Decisions of the United States Merit Systems Protection Board," and styled "MSPB." We republished all the opinions of the Board's reporter in volumes 1-15 of the MSPR, so these opinions have the parallel citation, __ M.S.P.B.__, __M.S.P.R__.

### Headnotes

Headnotes are prepared in the usual fashion. Parties should be given appropriate designations, such as "employee," "retiree," or "applicant." The term "appellant" should be employed only in purely procedural points, or when the status of the individual is not clear. Although there is generally no need to identify the particular employing agency, it should be identified if it relevant to the point or necessary for context, as is often the case, for example, when the headnote involves the Postal Service. Also, the short form "Board" is used in the headnotes.

Statutes are cited in accordance with regular rules. Regulations contained in the Code of Federal Regulations are cited, employing standard C.F.R. style. Individual agency regulations are not cited.

### Classification

All MSPR headnotes classify to the topic "Merit Protection," which is topic number 450.

Please note that the topic "Merit Protection" is not used outside of the MSPR Reporter. Editors headnoting MSPR cases on appeal to the Court of Appeals for the Federal Circuit may not use "Merit Protection" as a classification topic. Instead, use the topic "Officers and Public Employees" or the topic "United States."

### Synopsis

Generally, the Board gives a capsule procedural history of the case in the first paragraph of the opinion, and the headnote writer can often use that summary without much embellishment. However, in a procedurally complex case, or where more detail will help the reader understand the headnotes, the writer should supplement the capsule summary with more information.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

MSPB opinions do not have an author, and the Board member or the Clerk of the Board who signs the opinion should not be identified as the author. Individual members of the Board are only mentioned as issuers of concurring or dissenting opinions.

### EXAMPLE

Employee was removed based on charges of absence without leave (AWOL), failure to keep management informed of status, and failure to follow proper leave procedures, and he petitioned for appeal. The administrative judge issued initial decision sustaining the removal, and employee petitioned for review. The Merit Systems Protection Board held that removal action based on charges of being AWOL and other leave-related charges could not be sustained where Office of Workers' Compensation Programs (OWCP) determined that employee was entitled to compensation benefits as result of work-related injury for entire period charged as AWOL.

Petition granted; reversed; removal not sustained.

Member Amador issued concurring opinion.

Generally, the first procedural step in a MSPB case is a petition for appeal to the regional office, where an administrative judge issues an "initial decision." If the initial decision is adverse, the appellant may seek review before the Board by filing a "petition for review." The distinction between the two types of petitions should be preserved in the synopsis.

The full title "Merit Systems Protection Board" should only be used once in the synopsis. In a synopsis in which there is no prior case cites, the full title should preface the statement of the Boards holdings. If there are prior cites, it should preface the first cite, and the short form "Board" should preface the statement of the holding

The mandate should state the disposition of the petition for review, and should include those dispositions which the Board places in capital letters, as in the following example, "... the Board GRANTS the appellant's petition, VACATES the initial decision, and REMANDS the appeal for further adjudication consistent with this Opinion and Order." The mandate for this example would be "Petition granted; vacated and remanded."

There are several types of initial decisions. An initial decision concerning an attorney fee request is generally called an "addendum initial decision." An initial decision concerning a petition for to enforce a prior Board order is be called a "compliance initial decision." It may be necessary to identify the type of initial decision in the synopsis to clarify the procedural posture. It may also be necessary to identify the particular type of initial decision in the mandate, as in "addendum initial decision affirmed."

Concurring and dissenting opinions should be noted after the mandate, using the following style:

Member Amador issued dissenting opinion.

For the sake of consistency follow copy and use the term "issued" instead of "filed."

## Resources

MSPR cases are available on Westlaw in the database "MSPB."

Also available on Westlaw is "A Guide to Merit Systems Protection Board Law & Practice" by Peter Broida. This is a massive, 2,367 page, treatise published in 1994. Its Westlaw identifier is "MSPBG." Enter "Table" in the search box to bring up its table of contents. A complete set of the MSPR bound volumes and advance sheets is available in the editorial library.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

**MSPB**

Finally, the Board maintains a website at http://www.mspb.gov/

200

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

## Military Justice

### The Military Justice System

The United States Court of Appeals for the Armed Forces is the highest appellate court in the military court system. It consists of five civilian judges. Beneath it are four Courts of Criminal Appeals for each of the armed services, with varying numbers of judges, but not less than three. They are: the Army Court of Criminal Appeals, the Air Force Court of Criminal Appeals, the Navy-Marine Corps Court of Criminal Appeals, and the Coast Guard Court of Criminal Appeals.

There are three types of courts-martial: general, special, and summary. A general court-martial is the highest and most powerful trial court in the military criminal law system. It consists of a panel of "members," usually officers, although enlisted men can serve, and is presided over by a military judge. The "president" of the court-martial is the equivalent of the foreman of the jury in a civilian case. The prosecutor is called the "trial counsel" and the accused's counsel is called the "defense counsel."

A special court-martial consists of not less than three members and is also presided over by a military judge. Its sentencing power is more limited than a general court-martial and it is seldom used for officers.

The summary court-martial is the most limited of the courts-martial, with jurisdiction only over enlisted personnel.

Military criminal law is set forth in Title 10 of the United States Code, which is the Uniform Code of Military Justice, cited as U.C.M.J. Courts-martial procedure is set forth in the Manual of Courts-Martial, cited as MCM.

### Headnotes

Use the term "accused" to refer to the person being tried instead of the civilian term "defendant."

Follow the opinion terminology, insofar as possible, with respect to military practice.

All headnotes classify exclusively to the topic "Military Justice."

Cite constitutional and statutory provisions as usual. Relevant sections of the UCMJ must be cited. Sections of the Manual of Courts-Martial should also be cited.

### Synopsis

The synopsis for a Court of Criminal Appeals case should follow the format below:

> Accused was convicted by [general or special] court-martial, [name of military judge who presided], J., of [offense or offenses] The United States [name of service] Court of Criminal Appeals, [name of author of opinion], J., held that: [holdings]

The synopsis for a Court of Appeals for the Armed Forces case should follow the format below:

> Accused was convicted by [general or special] court-martial, [name of military judge who presided], J., of [offense or offenses] The United States [name of service] Court of Criminal Appeals, [cite if available], affirmed. Review was granted. The United States Court of Appeals for the Armed Forces, [author of opinion], J., held that: [holdings]

201

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

In the mandate, use only "Affirmed" or "Reversed" if possible. Do not use "Ordered accordingly." List concurring or dissenting opinions as usual after the mandate.

If the case is before the Court of Appeals for the Armed Forces on certified questions, use the phrase "On certification" instead of "Review was granted."

Do not include the citation to the order granting review or certification.

## Military Terms

These are some unique terms you will encounter in heading military cases, with a brief explanation:

- Article 32 investigation: An officer is appointed to make an investigation in cases that will go to a general court-martial. It is akin to a preliminary hearing.

- Convening authority: The convening authority is usually the base commander who issues the order to convene the court-martial. The order designates the military judge, the members of the court, the trial counsel, and the defense counsel.

- Convening authority review: There is an automatic review of the findings and sentence of a court-martial by the convening authority. In reality the review is by a legal officer called a Staff Judge Advocate (SJA) who reports to the convening authority. The convening authority has the discretion to order a rehearing, dismiss or reduce a charge or decrease a sentence. The convening authority must approve the sentence.

- The general article: Charges may be brought under the general article which is Article 134 of the UCMJ. It makes punishable "all disorders or neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, all crimes and offenses not capital, of which [servicemembers] may be guilty."

- Nonjudicial or Article 15 punishment: Article 15 of the UCMJ authorizes a commanding officer to offer a miscreant a lesser punishment in lieu of a court-martial. The "Article 15" supposedly is not reflected in the person's military record.

## Resources - Military Justice

Kara Boucher is the classifier for Military Justice.

The Court of Appeals for the Armed Forces maintains a website at http://www.armfor.uscourts.gov with links to other military law sites. A set of the Military Justice Reporter and advance sheets are available in the editorial library.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Statutes and Related Materials

### In General

Headnotes should be made to reflect the courts' statements concerning the interpretation, scope, purpose, application, and constitutionality of statutes, rules, regulations, ordinances, sentencing guidelines, Restatements, uniform laws, treaties, Presidential executive orders, and constitutional provisions, all of which will be embraced within the term "codes provisions," or just "provisions," in this chapter. Editors should be careful to maintain the distinction among the various types of provisions in their headnotes.

When the court's holding is made directly under a codes provision, or in spite of one, that should be indicated. When a provision is merely mentioned as furnishing the premise for the decision, and its meaning or effect is not directly involved, it is sufficient to cite it at the end of the headnote. If the court holds that a particular statutory or regulatory procedure or result would or would not violate the constitution, the headnote should make it clear that the procedure or result is mandated by statute or regulation.

### Description

Codes provisions should be described with a phrase that will allow the reader to understand it's the provisions insofar as they are relevant to the headnote. Conciseness is to be desired, but not at the expense of clarity. The phrase "statute providing that..." will often lead to unnecessary length and should generally be avoided, although it is occasionally the best method to use. (Avoid "provision providing at…" at all costs.)

The amount of detail required will depend on the particular headnote. It will sometimes be sufficient to indicate the general subject matter of the provision, while in other cases it may be necessary to describe its provision quite precisely or to quote from it. The context provided by the headnote will often eliminate the need for a lengthy description or quotation.

When a general description of the provision is sufficient, the editor may look to the language used by the court, the popular name of the provision or act, or the heading used in the provision (check Westlaw) for guidance. The editor may also use terms of art which are known to be applicable, such as "notice of claim statute" or "exclusive remedy provision."

The actual section number of a provision is used by itself only in rare instances. The amendments to the federal constitution may be referred to by number, along with a reference to the particular clause, if appropriate: Sixth Amendment right to counsel, due process clause of the Fourteenth Amendment.

Section numbers may be included along with a description of the statute when this will aid a practitioner who is familiar with the statute. This will most often be the case when the court is describing the interplay among two or more statutes. When this is done, there must still be as complete a description of the statute(s) as is necessary for it to be understood by one who does not recognize the section numbers.

For a list of statutes/rules that can be referred to by number without further description, see Style Guidelines - Popular Statutes

203

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Citations in Headnotes

Relevant codes provisions (constitutional provisions, statutes, regulations, rules, et al) that are cited in an opinion should be cited at the end of any headnote to which they relate.

If a case mentions an Act by name, e.g., "the Deceptive Trade Practices Act," but does not give a citation for the Act, you should determine the correct et seq. citation for the Act and include it in any headnotes that refer to the Act. You may usually obtain the cite by checking the Citation Styles help file or running a headnote search on Westlaw. If a quick headnote search on Westlaw is not helpful, or you are unsure how to conduct the search, you may ask a revisor to investigate the matter after you complete the case.

Likewise, if the court refers to a particular statutory provision or a constitutional provision, state or federal, which can be clearly ascertained, such as "due process" or "open courts provision," the appropriate citation should be added to the headnote even though it does not appear in the opinion. In a state case, include a citation to the federal constitutional provision in this instance, unless the Court specifies it is deciding the matter under the state constitution. Again, you should consult the Citation Styles help file for the citation, or may ask a revisor for assistance if Westlaw searching is required or you are unsure whether a state or federal constitutional citation should be included.

If you conduct a Westlaw search without revisor assistance in either scenario, let a revisor know about the missing citation in the Citation Styles help file, so that the file can be updated as needed.

## Citation Order

Citations should be listed in this order: constitutional provisions, statutes (including treaties), court rules (including pattern jury instructions), administrative rules and regulations (including executive orders, sentencing guidelines, and codes of professional responsibility), and Restatements. Within each category, federal citations should precede state citations. Within each type, citations should be in numerically ascending order.

## History

Discussions of the legislative history of a statute are not headnotes. Discussions of prior versions of a statute should be reflected in the headnotes if relevant to the disposition, especially if the result under the old statute is being contrasted with the result under the current version.

If the court is applying an older version of a statute, or a statute that has been repealed, the headnote should reflect that fact, with a phrase such as: "prior to 1991 amendment" or "under statute in effect in 1988."

## Purpose

A headnote should be made when the court states the purpose of a statute unless the state purpose is obvious from the name of the statute.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003068

## Quotations

Headnotes should not be made of the mere recitation of statutory language, even if it is not in quotation marks. This true even when a court headnote recites the statute.

## Relationship

Headnotes should be made to show the relationship or interplay between two or more statutes, even when the court merely quotes the statutes.

## Local Acts

When a headnote involves a local or private act, such as one relating to a specific city, the local application and the name of the generic governmental entity should be included, i.e., city ordinance, county ordinance, township ordinance.

## Local Federal District Court Rules

Where a ruling turns on a cited local District Court rule, include the cite in your headnote, even if the cite has not been marked up in the opinion. (Some, but not all, local rules are available on Westlaw.) There is no precise uniform style for local rules, but you may use the following examples as templates: U.S.Dist.Ct.Rules E.D.La., Rule 21.2; U.S.Dist.Ct.Rules Mont., Rule 13(d), par. 1.

## Uniform Laws

When the court is applying or construing a provision from a uniform law, the name of the law should be included. If the court is referring to a particular state's adoption of a uniform law, the state should be indicated: "Under the West Virginia version of the Uniform Gifts to Minors Act...".

## Uniform Commercial Code

Articles 3 and 4 of the Uniform Commercial Code were substantially modified in 1990, and the revised versions have been adopted in many states. The section numbers for the old and new versions often cover different material-- they do not track well. When characterizing a UCC provision, please make sure that you are using the correct version.

If you wish to use a citation for a UCC section which has been repealed, type "Repealed" after the cite. Statute Verifiers will then know how to style the cite correctly.

## Sentencing Guidelines

If it is clear from the case that sentencing guidelines are being applied or discussed, the word "guidelines" should appear in the headnote. Conceptual language used by the guidelines must be followed precisely. Terms such as "base offense level," "departure," "adjustment," and "history score" have precise meanings and must not be confused.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

## Treaties and Conventions

International treaties and conventions should be referred to as specifically as possible, preferably by their complete title if that information is provided. The year of the treaty should also be included if it appears that there has been more than one such treaty between the countries, as is often the case with extradition treaties. Treaties with Indian tribes can usually be referred to simply by the year and the name of the tribe.

International treaties and conventions should be styled with the complete proper name of the treaty or convention, and with the U.S.T., T.I.A.S., or Statutes at Large citation ( xx Stat. xx), as provided by the court. If multiple citations are available, the U.S.T. citation (or a Westlaw citation) is preferred. If a particular article is at issue, include the article number with the citation. If no article number or citation is given, use Art. 1 et seq. If the court uses only a generic name for the treaty, e.g. "extradition treaty with Great Britain", and there is no citation provided, do not cite the treaty at the end of the headnote. Indian treaties should be cited only if there is a Statutes at Large citation.

### EXAMPLES

Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, Art.10

Convention for International Carriage by Air, 1999 WL 33292734

Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517

Treaty with the Utah Tabeguache Band, Oct. 7, 1863, 1864 WL 6210

## Executive Orders

When a point of law is decided on the basis of a Presidential executive order, that fact should be reflected in the headnote. Headnotes should be made to reflect interpretations of executive orders.

## Popular Names

When citing to federal statutes, the popular name of the Act (if any) should be included either in the statute citation (as a parallel to the USCA citation) or in the text of the headnote with the USCA citation at the end. If a case involves a statute which is commonly referred to by its acronym, such as ERISA, IDEA, or ADEA, and the full name is used in the parallel statute citation at the end of the headnote, it is sufficient to use only the acronym in the headnote. The full name of a statute should appear in the text of the headnote in addition to the citation when it is not immediately obvious what the acronym refers to.  Do not use only a statute acronym in the body of the headnote if you do not spell out the popular name in the statute citation.

Popular names and parallel citations are not used for state statutes.

## Uncodified Measures

Generally, uncodified measures, such as session laws, ballot measures, initiatives, public acts, House or Senate bills, and appropriations measures, should not be cited at the end of headnotes.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003070

If those uncodified measures result in codified provisions that are relevant to your headnote, and the Court mentions those codified provisions in the opinion, include citations to the pertinent codified sections.

U.S. Public Laws and Statutes at Large may be cited at the end of headnotes.

Consult a revisor if you are unsure whether a particular uncodified measure should be cited.

For information on citing uncodified measures in codenotes, see Keycite for Statutes –Uncodified Measures.

## Restatements

If a section of a Restatement is adopted or applied, a citation to that section should be included at the end of the headnote.

The style is:  Restatement of Agency § x; Restatement (Second) of Torts § x.

Not all Restatements have a second edition. Be careful to check that you are citing to the correct edition of the Restatement.

## Professional Responsibility

Citations should be included for the relevant provisions of the Code of Professional Conduct, the Code of Judicial Conduct, and state professional responsibility rules.

## Municipal Ordinances

Editors do not make cites to municipal ordinances. However, citations should be included for relevant provisions of the New York City Administrative Code.

## Regulations and Administrative Codes

Federal and state regulations and administrative codes are cited at the end of relevant headnotes. Editors must use extreme care in styling these enhancements. Do not confuse a local ordinance or local code cite with a state statutory cite or with a state administrative code cite.

Federal Regulations are cited as: x C.F.R. § x. Do not cite to the Federal Register.

## Using Appropriate Citation Styles

Citations to statutes, rules, regulations or constitutional provisions in headnotes should appear in our editorial style. Since publication specialists do not review the citations in JWB cases to ensure they are in the correct style, the editor should make sure the citations are styled correctly and properly ordered. The copy-to-statute functionality in JWB will insert citations into headnotes in the required style in most instances. If copy-to-statute formatting is not available for a particular cite, consult the citation styles help file to find the correct style to use or ask a revisor. The copy-to-statute functionality will also generally put formatted citations in the correct citation order (see Citation Order), but editors should verify that the ordering is correct.

207

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Editors are also responsible for verifying that the citations in the headnotes are accurate. Sometimes JWB does make mistakes and the copy-to-statute function will put the wrong statute entirely into the window or insert the citation in an incorrect style.

### Repealed and Former Statutes

If an editor wishes to include a citation for a statute which has been repealed, the editor should type "repealed" in parentheses after the cite.

If an editor wishes to cite to a prior version of the statute at issue, a year, placed within parentheses, may be included at the end of the citation. This is true only for citations that follow headnotes, NOT for codenotes. See KeyCite for Statutes - Prior Versions.

### Help File

Appropriate citation styles may be found in the Help Files menu in the JWB Summary Tool. There is a state citation styles document as well as a separate federal citation styles document.

## Citing Pattern Jury Instructions

Pattern or approved jury instructions are to be cited like rules. Great care should be taken to see that headnotes covering these instructions are made in cases construing or applying the instructions.

Currently, we cite pattern instructions only for the states listed below. Click on a state abbreviation to see how instructions should be styled in a particular state.

### Arkansas

civil  AMI ____

criminal  AMCI ____

### California

civil  BAJI ____

criminal*  CALJIC ____  or CALCRIM ____

(*Note: if the Court's opinion provides both a CALJIC and a CALCRIM citation for a criminal instruction, use the CALJIC citation. If the Court's opinion provides only a CALCRIM citation, that citation format may be used instead.)

### Illinois

civil  IPI 3d ____ (or other editions)

criminal  IPI Criminal 4th ____

### Michigan

civil  Mich. M Civ JI ____

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003072

criminal  Mich. M Crim JI _____

## Minnesota

civil  MN JIG ____
criminal  MN CRIM.JIG ____

## Mississippi

civil  MJI ____
criminal  MJI C ____

## Missouri

civil  MAI No. ____
criminal  MAI Criminal 3d No. ___

## North Carolina

civil  NCPI Civil ____
criminal  NCPI Crim. ___

## Nebraska

civil  NJI 2d ____
criminal  NJI Crim.2d ___

## New Mexico

UJI ____

## Tennessee

civil  TPI ____
criminal  TPI Crim. ____

## Virginia

civil  VJI ____
criminal  VJI Crim. ____

## Washington

civil  WPI ____

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY                    TR-0003073

criminal  WPIC _____

### Federal - Civil

The style for civil jury instructions for the federal Court of Appeals is as follows:
11th Cir. Civil PJI 4.2

### Federal - Criminal

The style for criminal jury instructions for the Court of Appeals is as follows:
9th Cir. Crim. PJI 6.1

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003074**

## Citations to Constitutional Provisions

### In General

Generally, it is not sufficient to merely cite a constitutional provision at the end of a headnote. Instead, the constitutional provision (due process, equal protection, etc.) should be noted in the text of the headnote. For example, the following headnote is insufficient:

- Public employee was entitled to hearing prior to her discharge. U.S. Const. Amend. 14.

Instead, the editor has to make one of two choices:

- Due process clause entitled public employee to hearing prior to her discharge. U.S. Const. Amend. 14.
- Public employee was entitled to hearing prior to her discharge.

Of course, an editor is not expected to add constitutional language to a headnote when that language is not apparent from the court's holding. Do not guess which provision is at issue by looking up prior cited cases. There is no prohibition against saying in a headnote merely that something "is constitutional" or "is unconstitutional" when the court does not indicate anything more about the constitutional issue. The general rule is, however, that once a constitutional cite is added, the editor should be willing to also refer to constitutional language in the headnote's text.

When a state court refers to a constitutional provision such as due process, equal protection, or double jeopardy, but does not specify whether it is referring to the state or federal constitutional provision, the presumption is to include a citation to the federal provision at the end of the headnote. Include a citation to the state constitutional provision, rather than the federal, if the Court specifies that it is deciding the matter under the state constitution only. Include citations to both the federal and state provisions if the Court indicates it is deciding the matter under both constitutions.

Also, it generally is not enough to say that something was supported by a rational basis or was reasonable, since it is not clear what constitutional provision is at work. For example, the following headnote is insufficient:

- Racial preferences in state contracting law were supported by rational basis. U.S. Const. Amend. 14.

Instead, the headnote should say something like the following:

- Racial preferences in state contracting law were supported by rational basis and thus did not violate equal protection clause. U.S. Const. Amend. 14.

See also, KeyCite for Statutes – Writing Unconstitutional Headnotes.

### Special Circumstances

### Fourth Amendment

The Fourth Amendment should be cited in most headnotes addressing the validity of searches, seizures, arrests, and stops, unless the court indicates that it is deciding the issue on some other ground, such as a state constitutional provision or a statutory provision (e.g. a statute imposing a

211

knock and announce requirement). It is not necessary to specifically refer to the Fourth Amendment in the text of the headnote before citing to the Fourth Amendment at the end of the headnote.

## Miranda, Batson, and Other Well-Known Cases

Generally, headnotes referring to Miranda, Batson, and other well-known cases do not have to cite to any particular constitutional provision unless the headnote specifically refers to the constitutional provision at issue.

## Right to remain silent

Headnotes referring to the right to remain silent generally should cite to the Fifth Amendment, even if the Fifth Amendment is not specifically mentioned in the headnote's text.

## Effective assistance of counsel

Headnotes referring to effective assistance of counsel generally should cite to the Sixth Amendment, even if the Sixth Amendment is not specifically mentioned in the headnote's text. However, when Miranda rights are involved, the Fifth Amendment, instead of the Sixth, should be cited if the headnote specifies that the Fifth Amendment is at issue; if the headnote merely mentions Miranda without referring to the constitutional provision at issue, no cite is needed.

## Fourteenth Amendment incorporation of Bill of Rights

Most provisions of the Bill of Rights are applicable to the states only through incorporation by the due process clause of the Fourteenth Amendment. However, unless the court specifically brings out the incorporation issue, it is not necessary to add a Fourteenth Amendment cite to every headnote involving a provision of the Bill of Rights merely because state action is at issue. For example, a citation to the First Amendment is alone sufficient when the issue is whether a state has violated freedom of speech, even though, technically, the issue is whether the state has violated the Fourteenth Amendment, as interpreted to incorporate First Amendment principles.

## First Amendment

Headnotes involving First Amendment issues should identify the First Amendment issue, and not just say that something did or did not violate the First Amendment. For example, the following headnote is too vague:

- Statutory prohibition against campaign contributions by parochial schools violated First Amendment. U.S. Const. Amend. 1.

The issue in the headnote could be freedom of religion, freedom of speech, or even freedom of association. However, it is permissible to merely say "violated the First Amendment" when the court does not provide additional context. Freedom of association is an emerging area of constitutional law, and care should be taken to refer to that issue in applicable headnotes.

212

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### Due Process

Cite the Fifth Amendment if federal action is involved in the case, but the Fourteenth Amendment if state action is involved. Unlike past practice, both amendments should not be cited.

### Separation of Powers

A citation to Article III is not necessary unless the court specifically refers to Article III. The applicable state constitutional provision should be cited if it is at issue.

### Standing

A citation to Article III is not necessary unless the court specifically refers to Article III. The applicable state constitutional provision should be cited if it is at issue.

### Preemption

It is not necessary to cite to the supremacy clause unless the court specifically refers to that clause.

### Fair Trial

Fair trial points can arise under either the Sixth Amendment or the due process clause. Follow the court's language. If the court does not indicate which provision is at issue, a citation should not be added.

### Equal Protection

Usually cite the Fourteenth Amendment. However, the Fifth Amendment, rather than the Fourteenth, is the appropriate cite when *federal action,* rather than state action, is at issue.

### Confrontation

Headnotes regarding the constitutional right to confrontation should cite to the Sixth Amendment, and it is not necessary to specifically refer to the Sixth Amendment in the headnote's text. The headnote should, however, indicate that the right to confront or cross-examine is at issue.

### Eighth Amendment

It is sufficient for a headnote to talk about whether something is "cruel and unusual punishment" without also specifically referring to the Eighth Amendment. However, headnotes involving cruel and unusual punishment should cite the Eighth Amendment, unless the court specifically states that a state constitutional provision is at issue.

### Double Jeopardy

The Fifth Amendment should be cited in most headnotes involving double jeopardy, unless the court indicates that it is deciding the issue on some other ground, such as a state constitutional

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

provision or a statutory provision. Note that many cases are decided under such other provisions, and the context should be adjusted accordingly. It is not necessary to specifically refer to the Fifth Amendment in the text of the headnote before citing to it at the end.

### Speedy Trial

The right to a speedy trial can derive from the Sixth Amendment, a state constitutional provision, the right to due process, a statute or a rule. Headnotes concerning the right to a speedy trial or a speedy trial violation should include a citation, if the court's opinion indicates which provision is at issue. If the court does not indicate which provision is at issue, a citation should not be added.

## Classification Rules

A number of constitutional law points do not classify to the topic Constitutional Law. The following are a few of the exceptions:

- Second Amendment right to bear arms - Weapons
- Fourth Amendment - Arrest; Searches and Seizures
- Sixth Amendment - Criminal Law
- Seventh Amendment jury trial right - Jury
- Eighth Amendment – Sentencing and Punishment
- Tenth Amendment - States
- Eleventh Amendment - Federal Courts
- Commerce Clause - Commerce
- Supremacy Clause - States
- Confrontation Clause - Criminal Law
- Self-incrimination - Criminal Law; Witnesses

## Capitalization

Generally, it is permissible to follow the court's opinion on issues of capitalization of constitutional provisions. Thus, either "Equal Protection Clause" or "equal protection clause" may be used. However, use common sense—things like "Equal protection Clause" look bad. Amendment numbers always should be capitalized (e.g. "Fourth Amendment").

## Common Citations

Appointments Clause  U.S. Const. art. 2, § 2, cl. 2

Bill of Attainder   U.S. Const. art. 1, §9, cl. 3

Case or Controversy   U.S. Const. art. 3, § 2, cl. 1

Commerce clause   U.S.. Const. art. 1, § 8, cl. 3

Confrontation of Witnesses  U.S.  Const. Amend. 6

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Constitutional Provisions

Cruel & Unusual Punishment  U.S. Const. Amend. 8

Double Jeopardy   U.S. Const. Amend. 5

Due Process (federal)   U.S. Const. Amend. 5

Due Process (state)   U.S. Const. Amend. 14

Effectiveness of counsel  U.S. Const. Amend. 6

Enclaves Clause   U.S. Const. art. 1, § 8, cl. 17

Equal Protection (federal)  U.S. Const. Amend. 5

Equal Protection (state)  U.S. Const. Amend. 14

Establishment Clause  U.S. Const. Amend. 1

Ex post facto clause (federal)  U.S. Const. art. 1, § 9, cl. 3

Ex post facto clause (state)     U.S. Const. art. 1, § 10, cl. 1

Extradition clause   U.S. Const. art. 4, § 2, cl. 2

Fair trial (criminal)   U.S. Const. Amend. 6

Free association clause  U.S. Const. Amend. 1

Free exercise clause  U.S.. Const. Amend. 1

Full faith and credit clause  U.S. Const. art. 4, § 1

Guaranty Clause   U.S. Const. art. 4, § 4

Impairment of Contracts Clause  U.S. Const. art. 1, § 10, cl. 1

Import and Export Clause  U.S. Const. art. 1, § 10, cl. 2

Indian Commerce Clause  U.S. Const. art. 1, § 8, cl. 3

Involuntary Servitude  U.S.. Const. Amend. 13

Jury Trial (civil)   U.S. Const. Amend. 7

Jury Trial (criminal)   U.S. Const. Amend. 6

Naturalization Clause  U.S. Const. art. 1, § 8, cl. 4

Necessary & Proper Clause  U.S. Const. art. 1, § 8, cl. 18

Origination Clause   U.S. Const. art. 1, § 7, cl. 1

Patents Clause   U.S. Const. art. 1, § 8, cl. 8

Privileges & Immunities Clause U.S. Const. art. 4, § 2, cl. 1

Probable Cause   U.S. Const. Amend. 4

Punishment or Expulsion Clause U.S. Const. art. 1, § 5, cl. 2

Refusal to Testify (self-incrimination) U.S. Const. Amend. 5

Rendition Clause   U.S. Const. art. 4, § 2, cl. 2

Right to Petition   U.S. Const. Amend. 1

Rulemaking Clause   U.S. Const. art. 1, § 5, cl. 2

Separation of Powers Doctrine  U.S. Const. art. 3, § 1 et seq.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Constitutional Provisions

Speech and Debate Clause  U.S. Const. art. 1, § 6, cl. 1

Speedy Trial Clause   U.S. Const. Amend. 6

Spending Clause   U.S. Const. art. 1, § 8, cl. 1

Supremacy Clause   U.S. Const. art. 6, § 2

Suspension Clause   U.S. Const. art. 1, § 9, cl . 2

Tonnage Clause   U.S. Const. art. 1, § 10, cl. 3

Uniformity Clause   U.S. Const. art. 1, § 8, cl. 4

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003080

## State Requirements

AL AK AR AZ CA CT CO DC DE FL GA HI IA ID IL IN KS KY LA MA MD ME MI MN MO MS MT NC ND NE NH NJ NM NV NY OH OK OR PA RI SC SD TN TX UT VT VA WA WI WV WY

### Alabama

#### AL-1. Docket Number

The docket number of the trial court should be included in the synopsis for all opinions.

#### AL-2. Recusals

Any judges who recuse themselves should be noted at the end of the synopsis, after the mandate and any concurring or dissenting judges.

Examples:

Smith, J., recused himself.

Smith and Jones, JJ., recused themselves.

#### AL-3. Opinion of the Clerk

Certain officials may request an opinion of the Clerk of the Supreme Court. The opinion of the clerk should be treated in the same manner as an answer to a request for an advisory opinion from the Court.

#### AL-4. Affirmative Charge

A request for the affirmative charge presents the question of the sufficiency of the evidence to take the case to the jury or to sustain a conviction.

#### AL-5. Supreme Court Sitting in Divisions

If the Supreme Court is sitting as a five-justice division, rather than a full court, the resulting decision is not a majority decision unless all five justices agree. If there is less than full agreement on a particular issue, as noted by a concurring opinion, a per legend will be necessary for that issue.

As in the Court of Civil Appeals (see AL-5, below), if there is a dissent on a case heard by a five-justice division, the case will be considered and determined by the court as a whole.

See AL R RAP Rule 16.

#### AL-6. Court of Civil Appeals Dissents

If there is a dissent to a decision of the Court of Civil Appeals, the case is automatically considered by the full court. All five judges of the Court should be included in determining if

217

there is a majority opinion, even though the opinion may show the panel as having only three judges.

## AL-7.  Per Legends

Per request of the Court, the terms "Judge" or "Justice" are required to be capitalized in per legends created for Alabama decisions. Per legends are only placed on concrete headnotes in Alabama cases.

## AL-8. Synopsis Mandates

When an Alabama opinion includes a list of mandates with associated case numbers at the end of the opinion, each of those mandates should be listed on a separate line in the synopsis and should include the case number. This is true even when the mandates are the same.

### Example:

The Court of Civil Appeals, Donaldson, J., held that:

(1) corporation had standing before board;

(2) corporation adequately invoked its right to administrative hearing; and

(3) circuit court's order granting summary judgment was a final, appealable order.

2150489 - Affirmed.

2150490 - Affirmed.

Thompson, P.J., and Pittman, J., concurred in result.

## AL-9. Case Citations

Citations to reported decisions of the Supreme Court, Court of Civil Appeals, and Court of Criminal Appeals consist of only a Southern Reporter citation, e.g., 171 So.3d 614.

## AL-10. Court Names

Supreme Court (9 justices sit in panels of 5)

Court of Civil Appeals (5 judges sit en banc)

Court of Criminal Appeals (5 judges sit en banc)

Circuit Court

Probate Court

Municipal Court

District Court

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003082

## Alaska

### AK-1. Lower Court Information

Alaska does not have counties. The state is divided into four numbered judicial districts. The synopsis should include a reference to both the judicial district and the city, e.g., "The Superior Court, Third Judicial District, Cicely, John Doe, J."

### AK-2. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a Pacific Reporter citation, e.g., 225 P.3d 571.

### AK-3. Court Names

Supreme Court  (5 justices en banc)

Court of Appeals (3 judges sit en banc)

Superior Court

District Court

## Arizona

### AZ-1. Docket Numbers

Superior court docket numbers and Industrial Commission claim numbers must be included in the synopsis.

### AZ-2. Vacation of Court of Appeals Opinion

When the Supreme Court vacates an opinion of the Court of Appeals, include a reference to the Court of Appeals opinion and the citation in the synopsis of the Supreme Court, just as in any other case. The mandate should note that the Court of Appeals opinion is vacated, but should not repeat the citation.

The vacatur should not be included in the synopsis of the Court of Appeals opinion. The vacatur will be noted on the court line.

### AZ-3. Tax Court

The Tax Department of the Superior Court of Maricopa County has been designated as the Arizona Tax Court. It should be referred to as "the Arizona Tax Court" in the synopsis, even though the court line on the title page or the appeal line may refer to "The Superior Court of the State of Arizona in the Arizona Tax Court" or some other cumbersome appellation.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### AZ-4. Disciplinary Cases

In disciplinary matters in which the attorney does not appeal, the Clerk of the Supreme Court will enter an order imposing the discipline directed by the Disciplinary Commission. The opinion of the Commission will be attached as an appendix. There will be no opinion for the Court. The opinion of the Commission will be headed, but sparingly. Often, only a result point will be needed. A period of probation imposed by the Commission may not be included in the Clerk`s order. It should nonetheless be included in the headnote and synopsis.

The synopsis should state that the action is that of the Disciplinary Commission of the Supreme Court, e.g., "In disciplinary proceeding, the Disciplinary Commission of the Supreme Court ruled that:"

If the order indicates that there is a dissent, note the division in the synopsis: "by a vote of seven to two," but do not list the dissenters at the end.

### AZ-5. Circuit Split Resolution

Arizona has two appellate divisions in its Court of Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Arizona.

### AZ-6. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include both an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first.

**Example:**

230 Ariz. 592, 277 P.3d 789

### AZ-7. Court Names

Supreme Court (5 justices sit en banc)

Court of Appeals (21 judges all sit in panels)

Superior Court

Tax Court

Justice of the Peace Court

Municipal Court

## Arkansas

### AR-1. Agreeing and Concurring

Judges in Arkansas appear to make a distinction between "agreeing" with an opinion and "concurring" with an opinion. "Concurring " indicates that the judge does not necessarily agree in full with the lead opinion. Judges who "concur" should not be counted in determining if the lead opinion is a majority opinion. Judges who "agree," on the other hand, may be counted as joining

220

the lead opinion. When it is noted that a judge "concurs," that fact should be noted at the end of the synopsis.

## AR-2. Model Jury Instructions

Headnotes construing or applying an Arkansas model jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions, including Arkansas's model jury instructions, should be treated like court rules for purposes of citation order.

Use these citation styles:
civil:     AMI _____
criminal:  AMCI _____

## AR-3. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of a South Western Reporter citation (S.W.), and older decisions of these courts will also include an official reporter citation, either Ark. (Supreme Court) or Ark.App. (Court of Appeals). The official reporter citation, if available, should appear first.

**Examples with official reporter citations:**

**Supreme Court:** 375 Ark. 277, 289 S.W.3d 921

**Court of Appeals:** 101 Ark.App. 208, 272 S.W.3d 851

Editorial features should **not** include public domain citations, e.g., 2010 Ark.App. 728, 2009 Ark. 621.

## AR-4. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (12 judges sit in panels and en banc)

Circuit Court

Chancery Court

Probate Court

Municipal Court

County Court

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY                                                                    TR-0003085

## California

### CA-1. Supreme Court Synopsis

Due to the Supreme Court's amendment of its publication rules, the style for a Supreme Court synopsis will differ depending on whether the petition for review of the Court of Appeal decision was granted before July 1, 2016. Under the amended rule, granting review of a Court of Appeal decision no longer causes the Court of Appeal decision to become non-citable.

When the Supreme Court grants the petition for review before July 1, 2016, the terminology "The Supreme Court granted review, superseding the opinion of the Court of Appeal" should be used. The citation to the opinion of the Court of Appeal should not be included in the body of the synopsis, but a notation should be added at the end of the synopsis on the line after the mandate. e.g., "Opinion, 123 Cal. Rptr. 456, superseded."

For Supreme Court synopses where review was granted on or after July 1, 2016, the language "superseding the opinion of the Court of Appeal" should not be used, and the citation for the Court of Appeal opinion may be included in the body of the synopsis.

### CA-2. Rehearings

When the Supreme Court or the Court of Appeal grants a rehearing and issues a new opinion, the new opinion is not a superseding opinion that needs to be routed to a revisor. However, the headnotes from the reissued opinion should track those from the original opinion where the language is the same. A notation, e.g., "Opinion, 123 Cal. Rptr. 456, vacated" should be added after the mandate.

### CA-3. Partial Publication

Some opinions of the Court of Appeal are designated for only partial publication. Headnotes should only be made from the portion that is designated for publication. It is not necessary to mention in the synopsis that the opinion is designated for partial publication. It is also not necessary to review the unpublished portion for KeyCite references.

### CA-4. Docket Numbers

The lower court docket number should be included in the synopsis.

### CA-5. Habeas Corpus

Under California Const. art. 6, § 10, the Supreme Court, courts of appeal, superior courts, and their judges all have original jurisdiction in habeas corpus proceedings. Such a proceeding may commence in any of these courts. If lower court information is included with a case from a higher court, it may be merely because the writ is returnable to that lower court. Do not include the lower court in your synopsis if it was not involved in any proceedings resulting in the conviction or otherwise giving rise to the habeas petition.

Under Cal. Penal Code § 1508

222

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

(a) A writ of habeas corpus issued by the Supreme Court or a judge thereof may be made returnable before the issuing judge or his court, before any court of appeal or judge thereof, or before any superior court or judge thereof.

(b) A writ of habeas corpus issued by a court of appeal or a judge thereof may be made returnable before the issuing judge or his court or before any superior court or judge thereof located in that appellate district.

(c) A writ of habeas corpus issued by a superior court or a judge thereof may be made returnable before the issuing judge or his court.

## CA-6. Pattern Jury Instructions

Headnotes construing or applying a California pattern jury instruction should include a citation to the pertinent instruction at the end of the headnote.  Pattern jury instructions should be treated like court rules for purposes of citation order.

Use these citation styles:
civil:      BAJI _____ or CACI _____
criminal:  CALJIC _____ or  CALCRIM _____

**NOTE:**  If the Court's opinion provides both a CALJIC and a CALCRIM citation for a criminal instruction, use the CALJIC citation. If the Court's opinion provides only a CALCRIM citation, that citation format should be used instead. Likewise, if the Court's opinion provides both a BAJI and a CACI citation for a civil instruction, use the BAJI citation. If the Court's opinion provides only a CACI citation, that citation should be used instead.

## CA-7. Circuit Split Resolution

California has six appellate districts in its Courts of Appeal. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of California.

## CA-8. Case Citations

Citations to reported decisions of the Supreme Court include three parts, which should appear in this order: official reporter citation (Cal.), California Reporter citation (Cal.Rptr.), and Pacific Reporter citation (P.).

### Supreme Court example:

60 Cal.4th 595, 179 Cal.Rptr.3d 365, 336 P.3d 688.

Citations to reported decisions of the Court of Appeal and the Appellate Division of the Superior Court include an official reporter citation (Cal.App.) and a California Reporter citation (Cal.Rptr.).  The official reporter citation should appear first.

### Court of Appeal example:

215 Cal.App.4th 561, 155 Cal.Rptr.3d 459

### Superior Court, Appellate Division, example:

223

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

223 Cal.App. 4th Supp.1, 167 Cal.Rptr.3d 394

**Note:** When including a citation along with a case name in a headnote or synopsis in a Judicial Workbench (JWB) case, for purposes of facilitating linking on Westlaw, use only the Cal.Rptr. citation for any reported California decision.

### CA-9. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeal (88 justices sit in panels)

Superior Court

## Colorado

### CO-1. Colorado Disciplinary Cases

Refer to the Office of the Presiding Disciplinary Judge of the Supreme Court in the synopsis for Colorado disciplinary cases from that tribunal. (Do not use this in lieu of the Supreme Court if in fact the case is on appeal before the Supreme Court.) The "opinion by" line lists the entire panel, so the cases should generally be treated as per curiam. If there is a concurrence or dissent, use "Board Member" as the title for the author.

### CO-2. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only the Pacific Reporter citation, e.g., 292 P.3d 1196.

Editorial features should **not** include public domain citations, e.g., 2012 COA 201, 2013 CO 17.

### CO-3. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (16 judges sit in panels)

District Court

County Court

Municipal Court

Water Court

Denver Probate Court

Denver Juvenile Court

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003088

## Connecticut

### CT-1. Practice Book

The Connecticut Practice Book is the equivalent of the Rules of Civil, Criminal, and Appellate Procedure in other jurisdictions. When applicable, citations to the Practice Book should be appended to headnotes.

### CT-2. Court Headnotes

The summary provided by the court is copyrighted by the state and no portion of it should be copied directly.

### CT-3. State Trial Referee

If there is a state trial referee rather than or in addition to a lower court judge, his or her name should be included in the synopsis. Use the full designation "Judge Trial Referee" after the referee's name, not just the initial "J."

### CT-4. Lower Court Information

Trial courts in Connecticut are associated with judicial districts, not Counties. E.g., the Superior Court, Judicial District of Hartford, not the Superior Court Hartford County.

### CT-5. Case Citations

Citations to reported decisions of the Supreme Court, the Appellate Court, and the Superior Court include an official reporter citation and an Atlantic Reporter citation. The official reporter citation should appear first.

**Examples:**

**Supreme Court:**  308 Conn. 760, 67 A.3d 961

**Appellate Court:**  142 Conn.App. 603, 67 A.3d 300

**Superior Court:**  51 Conn.Supp. 241, 980 A.2d 971

### CT-6. Court Names

Supreme Court (7 justices sit in panels of 5; upon order of chief justice, 6 or 7 may sit on panel)

Appellate Court (9 judges sit in panels of 3)

Superior Court

Probate Court

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003089

## Delaware

### DE-1. Trial Judge

The name of the Superior Court judge is not provided for Supreme Court Opinions and need not be included in the synopsis.

### DE-2. Case Citations

Citations to reported decisions of the Supreme Court, Court of Chancery, and the Superior Court consist of only the Atlantic Reporter citation, e.g., 59 A.3d 928.

### DE-3. Court Names

Supreme Court (5 justices sit in panels and en banc)

Court of Chancery

Superior Court

Court of Common Pleas

Family Court

Justice of the Peace Court

## District of Columbia

### DC-1. Classification

In District of Columbia Court of Appeals and Superior Court cases, procedural points generally classify to state procedural topics, including Appeal and Error, Trial, Judgment, Pleading, etc. The D.C. courts are treated as state courts for purposes of the classification system.

### DC-2. Case Citations

Citations to reported decisions of the Court of Appeals consist of only the Atlantic Reporter citation, e.g., 987 A.2d 458.

### DC-3. Court Names

Court of Appeals (9 judges sit in panels and en banc)

Superior Court

226

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## Florida

### FL-1. Certified Question

When a District Court of Appeal certifies a question to the Supreme Court, that fact should be included in the mandate. No headnote should be made stating that the question is to be certified.

### FL-2. Judge of Compensation Claims

The name of the Judge of Compensation Claims should be included in the synopsis of workers' compensation cases, if it is provided. Use the format shown by the following example:

"Claimant sought review of decision of the Judge of Compensation Claims, John Doe, denying benefits. . . ."

The abbreviation "J." should not be included after the name of the Judge of Compensation Claims.

### FL-3 Supreme Court Synopsis

The appeal line in Supreme Court cases may indicate the trial court only by the name of the county, in parentheses: (Dade). The trial court should be designated in the synopsis as the circuit court for that county: The Circuit Court, Dade County. The name of the trial judge is not needed.

### FL-4. Court Rules

We do not head opinions from the Florida Supreme Court approving or amending court rules. Such opinions typically have an order by the Supreme Court with an appendix attached. If one of these cases is mistakenly designated for headnoting and you open it in the Summary Tool, you can click on "End" in the Summary Tool, so that the case can be processed as a mem. If you are unsure whether the case is actually a mem, confirm with a revisor.

### FL-5. Court Designations

If all the information is available in JWB, identify the lower court in the synopsis as, for example, "The Circuit Court, 19th Judicial Circuit, Indian River County, John Fennelly, J.," instead of merely as "The Circuit Court, Indian River County," etc.

### FL-6. Circuit Split Resolution

Florida has five appellate districts in its District Courts of Appeal. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Florida.

### FL-7. Case Citations

Citations to reported decisions of the Supreme Court and the District Court of Appeal consist of only the Southern Reporter citation, e.g., 166 So.3d 508.

Editorial features should **not** include citations to the Florida Law Weekly, e.g., 35 Fla. L. Weekly D1322.

227

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## FL-8. Court Names

Supreme Court (7 justices sit en banc)

District Court of Appeal (57 judges sit in 3-judge panels)

Circuit Court

County Court

## Georgia

### GA-1. New Trial on Statutory Grounds

A motion for new trial on statutory grounds presents the question whether the evidence is sufficient to support the verdict, and the headnote should state that the evidence was or was not sufficient.

### GA-2. Synopsis

The lower court information will often not appear in the appellate opinions in Georgia. However, the docket on Westlaw may include this information and should be checked. If the lower court information is not available in the opinion, in the Multi Media Repository (MMR), or in the docket, then the lower court should be referred to as "trial court" in the synopsis. The lower court information will then be added later when it comes in.

### GA-3. Court of Appeals – Non-Precedential Opinions

Under a Court of Appeals rule, an opinion issued by a three-judge panel of the Court of Appeals is not binding precedent, i.e., is physical precedent only, if one of the judges concurs in the judgment only or specially concurs without a statement of agreement with all that is said. While such an opinion is not binding precedent pursuant to the rule, there would still be a majority opinion in this situation. As a result, no per legend is required.

### GA-4. Case Citations

Citations to reported decisions of the Court of Appeals and the Supreme Court include an official reporter citation and a South Eastern Reporter citation. The official reporter citation should appear first.

**Examples:**

**Court of Appeals:** 321 Ga.App. 103, 741 S.E.2d 228

**Supreme Court:** 293 Ga. 9, 743 S.E.2d 373

### GA-5. Court Names

Supreme Court (9 justices sit en banc)

Court of Appeals (15 judges sit in panels and en banc)

Superior Court

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**TR-0003092**

Civil Court

Municipal Court

State Court

Juvenile Court

County Recorder's Court

Magistrate Court

Probate Court

Municipal Court

## Hawai'i

### HI-1. Trial Judge

The Supreme Court and Court of Intermediate Appeals do not supply trial judge information, and that information need not be included in the synopsis.

### HI-2. Hawai`i

The name of the state is currently spelled "Hawai'i." We will use that spelling in our editorial work. The mark, called a glottal stop or okina, is a single open quotation mark, or backward apostrophe. It is recommended to use the acronym expansion file in the Judicial Workbench (JWB) Summary Tool to insert "Hawai'i" in editorial features with the correct open quotation mark character. Your supervisor can provide you with the correct spelling to insert in your file. You can also use the character map in the Summary Tool in order to insert a single open quotation mark, which is found on the character map's "Common" tab. You can add this character to your "Favorites" tab in the character map for easier access in future cases.

### HI-3. Case Citations

Citations to reported decisions of the Supreme Court and the Intermediate Court of Appeals include an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first.

#### Example:

126 Hawai'i 312, 270 P.3d 1042

### HI-4. Court Names.

Supreme Court (5 justices sit en banc)

Intermediate Court of Appeals (3 judges sit en banc)

Circuit Court

Family Court

District Court

229

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

TR-0003093

## Idaho

### ID-1. Magistrates

When the case is first heard by a magistrate and then a district judge, include both names in the synopsis.

### ID-2. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first.

**Example:**

154 Idaho 499, 300 P.3d 31

### ID-3. Court Names

Supreme Court (5 justices sit en banc)

Court of Appeals (3 judges sit en banc)

District Court

## Illinois

### IL-1. Citation to Multiple Statutes

When a series of statutes are from the same Chapter and Act, you should repeat the Act with each section. In the following examples, the Act is 5, the Chapter is 720.

> Right: 720 Ill. Comp. Stat. Ann. 5/15-1, 5/16-1(a)(2).

> Wrong: 720 Ill. Comp. Stat. Ann. 5/15-1, 16-1(a)(2).

### IL-2. Concurred in Judgment

Reported Illinois appellate decisions generally start with a notation that the authoring judge is delivering the "judgment of the court, with opinion" ( e.g., JUSTICE SMITH delivered the judgment of the court, with opinion). In that case, any judge listed as having "concurred in the judgment" must be noted at the end of the synopsis. Only judges who are listed as having "concurred in the judgment and opinion" should be treated as having fully joined in the Court's opinion.

On the other hand, Illinois appellate decisions that are issued as unreported Rule 23 orders generally start with a notation that the authoring judge is delivering the "judgment of the court" (e.g., JUSTICE SMITH delivered the judgment of the court), without any mention of an opinion. In this type of case, any judges listed as having "concurred in the judgment" do not need to be noted in the synopsis, unless those judges have filed a separate opinion.

230

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

If you notice that a decision labeled as an "ORDER" at the top is being processed as a reported decision, query a supervisor as to whether it should be changed to an unreported decision.

### IL-3. Pattern Jury Instructions

Headnotes construing or applying an Illinois pattern jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions should be treated like court rules for purposes of citation order.

Use these citation styles:
civil:    IPI 3d _____ (or other editions)
criminal:  IPI Criminal 4th _____

### IL-4. Circuit Split Resolution

Illinois has five appellate districts in its Appellate Court. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Illinois

### IL-5. Case Citations

Citations to reported decisions of the Supreme Court and the Appellate Court include an Illinois Decisions citation (Ill. Dec.) and a North Eastern Reporter (N.E.) citation. Some decisions of these courts also include a parallel citation to an official reporter, Ill. (Supreme Court) or Ill.App. (Appellate Court). The citations should appear in the following order:  official reporter citation (if available), Illinois Decisions citation, North Eastern Reporter citation.

#### Examples:

**No official reporter citation available:** 369 Ill.Dec. 365, 986 N.E.2d 678

**Supreme Court (with official reporter citation):**  207 Ill.2d 231, 278 Ill.Dec. 244, 798 N.E.2d 91

**Appellate Court (with official reporter citation):**  406 Ill.App.3d 991, 347 Ill.Dec. 479, 942 N.E.2d 682

Editorial features should **not** include public domain citations, e.g., 2013 IL 115728, 2013 IL APP (4th) 121082.

### IL-6. Court Names

Supreme Court (7 justices sit en banc)

Appellate Court

Circuit Court

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**TR-0003095**

## Indiana

### IN-1. Transferred Cases

Cases from the Court of Appeals usually reach the Supreme Court by way of petition to transfer. The opinion may be "On Petition To transfer" or may be written after petition has been granted. The synopsis should indicate which is the case: "Transfer was granted. The Supreme Court..." or "On petition to transfer, the Supreme Court...".

When an opinion of the Court of Appeals is transferred to the Supreme Court, the opinion of the Court of Appeals is automatically vacated pursuant to Indiana RAP 58, except for: (1) those opinions of the Court of Appeals, or portions thereof, that are expressly adopted and incorporated by the Supreme Court, and (2) those opinions of the Court of Appeals, or portions thereof, that are "summarily affirmed" by the Supreme Court. When the opinion of the Court of Appeals is vacated in whole or in part, the citation to the Court of Appeals opinion should not be included in the body of the synopsis, but should be added after the mandate, on a separate line, before any concurrences or dissents, e.g., "Opinion, 456 N.E.2d 789, vacated" or "Opinion, 456 N.E.2d 789, vacated in part." The body of the synopsis should still indicate what action was taken by the Court of Appeals. Note that the Supreme Court generally acts on the judgment of the trial court, not the Court of Appeals. The mandate of the synopsis should reflect this if appropriate.

If the Supreme Court expressly adopts or incorporates by reference a portion of the Court of Appeals opinion, the editor must copy the appropriate headnotes from the Court of Appeals opinion, including the topic. The key numbers will be added by the classifiers when the headnotes are routed to them. The synopsis should include the result in the Court of Appeals and note the transfer and the partial adoption, but need not restate any of the adopted holdings. For an example, see 643 N.E.2d 885.

### IN-2. Circuit Split Resolution

Indiana has five appellate districts in its Court of Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Indiana.

### IN-3. Case Citations

Citations to reported decisions of the Supreme Court, the Court of Appeals, and the Tax Court consist of only a North Eastern Reporter citation, e.g., 900 N.E.2d 18.

### IN-4. Court Names

Supreme Court (5 justices sit en banc)

Court of Appeals (sits in 3-judge panels)

Tax Court

Superior Court

County Court

Probate Court

Circuit Court

232

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Municipal Court of Marion County

City Court

Town Court

Small Claims Court of Marion County

## Iowa

### IA-1. Original Notice

"Original notice," rather than "summons," is the term for the process used to commence an action. That term should be used in the headnotes.

### IA-2. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a North Western Reporter citation, e.g., 823 N.W.2d 35.

### IA-3. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (9 judges sit in 3-judge panels and en banc)

District Court

## Kansas

### KS-1. Court Headnotes

Points of law set forth in the syllabi of the Court of Appeals and the Supreme Court should be reflected in the headnotes, except for those that are a mere recitation of a statute or rule. The language of the court headnotes should generally be used.

### KS-2. Disciplinary Cases

Only final disciplinary orders are to be published. Orders suspending an attorney for a year or disbarring him should be considered final, but orders temporarily suspending an attorney pending further proceedings should not. Refer any non-final orders to a revisor, who should then refer the order to Cases Input Support.

### KS-3. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first.

**Examples:**

**Supreme Court:** 293 Kan. 633, 270 P.3d 1074

233

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

**Court of Appeals:** 48 Kan.App.2d 818, 300 P.3d 1113

### KS-4. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (10 judges generally sit in panels)

District Court

Municipal Court

## Kentucky

### KY-1. Opinion and Order

The Supreme Court disposes of some cases by "Opinion and Order." While the Chief Justice or another Justice will sign this "opinion and order," that Justice should not be identified as the author in the synopsis.

### KY-2. Trial Judge

If the name of the circuit court judge is not provided, it need not be included in the synopsis.

### KY-3. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a South Western Reporter citation, e.g., 399 S.W.2d 425.

### KY-4. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (14 judges generally sit in panels, but sit en banc in a policymaking capacity)

Circuit Court

District Court

## Louisiana

### LA-1. Civil Law

The jurisprudence of Louisiana is based largely on the Code Napoleon. The terminology is often different from that of the English common law, but the concepts are essentially the same. The civil law terms used by the courts should be used in the headnotes. It is not necessary to add explanations of the terms for the benefit of attorneys in other jurisdictions.

234

Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

### LA-2. Certiorari

Cases that go from the Courts of Appeal to the Supreme Court are usually reviewed by certiorari and not by appeal.

### LA-3. Docket Numbers

The lower court docket number must be included in the synopses for all opinions. We do not include the docket number for the Court of Appeal or Supreme Court.

### LA-4. Concurring Judges

In Louisiana, "concurring" indicates that the judge does not necessarily agree in full with the lead opinion. Judges who concur should not be counted in determining if the lead opinion is a majority opinion. When it is noted that a judge concurs, that fact should be noted at the end of the synopsis.

Judges who join in the lead opinion or subscribe to it indicate that fact by initialing the opinion in the left margin of the first page. Judges who concur or dissent note the fact in hand script at the bottom of the first page. Check the hard copy in MMR if necessary.

Occasionally, a dissenting or concurring judge will add a short statement at the bottom of the page. That fact should be noted at the end of the synopsis.

If a judge is listed as "concurring," meaning that the judge does not join the lead opinion, it is important to consider whether the opinion is a plurality one, necessitating a per legend. If it is necessary to add a legend to the headnotes, judges who agree with the lead opinion should be referred to as "joining" in the opinion. For example (in the case of five-judge panels): "Per Lemmon, J., with one judge joining and one judge concurring." The term "specially concurring" should not be used in Louisiana.

### LA-5. Assigned Reasons

Concurring and dissenting judges in Louisiana do not file opinions. Rather, they *assign reasons*, and that terminology should be used in the synopsis. Occasionally, the opinion will indicate that a dissenting or concurring judge "will assign reasons." That means that the judge intends to write an opinion, or add a statement, but has not yet done so. The synopsis in such cases should state only that the judge dissents or concurs, and should not refer to the possibility of reasons being assigned. This is because the judges sometimes decide not to assign reasons after all.

### LA-6. Supreme Court Opinions on Rehearing

Headnote editors should query any Louisiana Supreme Court decision on rehearing which is not combined with the original opinion to their supervisor. No opinion on rehearing is to be published without combining it with the original opinion.

### LA-7. Workers' Compensation

In any published Louisiana workers' compensation case, the synopsis should include the workers' compensation district from which the appeal was taken and the identity of the workers' compensation judge who rendered the judgment or award being appealed.

235

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

The information should appear in the appeal line in the opinion in JWB, and you should be able merely to copy and paste it into your synopsis. If the information does not appear in the opinion in JWB, check the hard copy in MMR.

### LA-8. Circuit Split Resolution

Louisiana has five appellate circuits in its Courts of Appeal. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Louisiana.

### LA-9. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeal consist of only a Southern Reporter citation, e.g., 115 So.3d 34.

### LA-10. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeal (54 judges sit in panels)

District Court

Juvenile Court

Family Court

## Maine

### ME-1. Trial Judge Information

The name of the trial court judge will usually appear in the text of the opinion, rather than on the appeal line. The name of the judge should be included in the synopsis.

### ME-2.  District Court Information

District courts in Maine are identified by the town/city they are located in, and not by a county. District courts should not be identified by a "county" in the synopsis. The lower court information is typically provided by the Supreme Judicial Court in the text of the opinion, and will look something like this: "The State appeals from an order of the District Court (Ellsworth, Mallonee, J.) granting defendant's motion…" In this example, the district court would be identified in the synopsis as "The Ellsworth District Court, Mallonee, J., …"

### ME-3. Validity of Statutes

No Maine statute may be declared invalid except by unanimous vote of the Supreme Judicial Court.

236

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### ME-4. Memorandum of Decision

Any decision received from Maine bearing the heading "Memorandum of Decision" should be queried to a revisor for a determination of whether it is to be published.

### ME-5. Case Citations

Citations to reported decisions of the Supreme Judicial Court consist of only an Atlantic Reporter citation, e.g., 66 A.3d 585.

Editorial features should **not** include public domain citations, e.g., 2013 ME 55.

### ME-6. Court Names

Supreme Judicial Court (7 justices sit en banc)

Superior Court

District Court

Probate Court

Administrative Court

Business and Consumer Court

## Maryland

### MD-1. Baltimore

The City of Baltimore and the County of Baltimore are separate and distinct entities with separate circuit courts. Care must be taken not to confuse the two. The Courts would like us to use "Baltimore City" (rather than "City of Baltimore") in the synopsis if that is how the information is presented in the opinion.

### MD-2. Docket Numbers

Include the lower court docket number in the background section of the synopsis, if it is available in the opinion in JWB or in MMR.

### MD-3. Case Citations

Citations to reported decisions of the Court of Appeals and the Court of Special Appeals include an official reporter citation and an Atlantic Reporter citation. The official reporter citation should appear first.

**Examples:**

**Court of Appeals:**  431 Md. 474, 66 A.3d 615

**Court of Special Appeals:**  212 Md.App. 43, 66 A.3d 1073

237

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Editorial features should **not** include public domain citations, e.g., 2006 MDBT 2.

### MD-4. Court Names

Court of Appeals (7 judges sit en banc)

Court of Special Appeals (13 judges sit in panels and en banc)

Circuit Court

District Court

Orphans' Court

## Massachusetts

### MA-1. Single Justice

Cases are occasionally assigned to individual justices of the Supreme Judicial Court or Appeals Court, followed by review by the entire court. Single justice sessions are held for certain motions pertaining to cases on trial or on appeal, bail reviews, bar discipline proceedings, petitions for admission to the bar, and a variety of other statutory proceedings. The fact that a ruling was made by a single justice should be noted in the synopsis. Include the single justice's name in the synopsis if it is available in the opinion, the Multi Media Repository (MMR), or the docket on Westlaw.

In single-justice cases, the Supreme Judicial Court frequently will refer to the "county court." This refers to the Supreme Judicial Court for Suffolk County, which is also known as the single justice session. It is acceptable to refer to the "county court" in the synopsis background if the Supreme Judicial Court uses this terminology in its opinion, as long as context regarding the single justice is also included. "County court" should not be capitalized because it is not the actual proper name of a court in Massachusetts.

#### EXAMPLE 1

**Background:** Defendant in a pending criminal matter filed a complaint in the county court, seeking a declaration that a Superior Court judge, who was then presiding over the criminal matter, should be disqualified from hearing his criminal matter, and more generally, that the judge should be disqualified from hearing any criminal matters in county. A single justice of the Supreme Judicial Court, Gaziano, J., denied request for declaratory relief. Defendant appealed.

#### EXAMPLE 2

**Background:** Following reversal of his convictions for first-degree murder and other offenses, and remand for new trial, 436 Mass. 537, 766 N.E.2d 492, Commonwealth filed motion for competency evaluation by a psychiatrist of its own choosing. The Superior Court granted motion. Defendant petitioned a single justice for relief. A single justice of the Supreme Judicial Court, Suffolk County, Cowin, J., reserved and reported matter to the full Court.

**Holdings:** The Supreme Judicial Court, Marshall, C.J., held that: (1)

238

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

EXAMPLE 3

**Background:** Self-insured employer petitioned for reimbursement, from Workers' Compensation Trust Fund, for apportioned benefits it paid to an employee who sustained second work-related injury after date on which employer had filed with Department of Industrial Accidents its notice that it would no longer participate in the Fund, but before effective date of employer's nonparticipation. The Trust Fund denied the petition. Thereafter, an administrative law judge (ALJ) within the Department denied the petition in part. Employer appealed. The Department's Industrial Accident Reviewing Board, Suffolk County, affirmed. Employer appealed. A single Justice of the Appeals Court, Cowin, J., affirmed. Employer appealed.

**Holdings:** A panel of the Appeals Court, Cypher, J., held that: (1)

## MA-2. Rescript Opinions

In some Massachusetts cases, the word "Rescript" appears where the authoring judge's name would ordinarily be. A Rescript Opinion in Massachusetts is an unsigned opinion similar to a Per Curiam. Treat it the same way, and omit any authoring judge from your synopsis.

## MA-3. Appellate Division

The District Court Department in Massachusetts has an Appellate Division, which hears appeals in certain civil cases.

When headnoting a decision of the Appellate Division, refer to the Court in the synopsis in this manner:

"The District Court Department, Appellate Division, Greco, P.J., held that…"

It is not necessary to include the district information.

## MA-4. Case Citations

Citations to reported decisions of the Supreme Judicial Court and the Appeals Court include an official reporter citation and a North Eastern Reporter citation. The official reporter citation should appear first.

**Examples:**

**Supreme Judicial Court:**  462 Mass. 346, 968 N.E.2d 385

**Appeals Court:**  83 Mass.App.Ct. 812, 990 N.E.2d 86

## MA-5. Court Names

Supreme Judicial Court (7 justices sit on the court, and 5 justices sit en banc)

Appeals Court (14 justices sit in panels)

Superior Court Department

District Court Department

Boston Municipal Court Department

239

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Juvenile Court Department

Housing Court Department

Land Court Department

Probate and Family Court Department

## Michigan

### MI-1. Majority Opinions

Judges who join in the opinion of the Supreme Court sign on the right hand side of the last page of the lead opinion. Other judges whose signatures may appear elsewhere on that page do not join in the opinion. Great care must be taken in determining that an opinion of the Supreme Court commands a majority. On at least one occasion, the decision of the court was set forth in an opinion that was labeled "Dissent".

### MI-2. Court Headnotes

The summary and headnotes provided by the court are copyrighted by the state and no portion of them should be copied directly.

### MI-3 Summary Disposition

When headnoting a point involving Michigan's summary disposition rule (MCR 2.116), take special care to denote the particular subsection of the rule at issue, if provided by the court. Unlike the ordinary summary judgment rule, Michigan's summary disposition rule encompasses various different types of motions that are treated and classified differently depending upon the particular subsection of the rule at issue. For example, MCR 2.116(C)(10) is similar to a traditional summary judgment rule (classifying to Judgment), while MCR 2.116(C)(8) is more like the rule governing motions to dismiss for failure to state a claim (classifying to Pretrial Procedure). There are also other subdivisions of rule 2.116, and it's equally important to mention what is at issue in the headnote. Do not call the Michigan procedure summary judgment, even if it is a genuine fact issues-type headnote. Rather, say "genuine issue of material fact precluded summary disposition."

### MI-4. Procedural Posture: Summary Disposition

The Procedural Posture hierarchy contains state-specific "Motion for Summary Disposition" lines for Michigan under the general parent postures of "Motion to Dismiss," "Motion for Summary Judgment," and "Motion for Judgment on the Pleadings." Generally, motions for summary disposition fall under these three categories, with most falling under "Motion for Summary Judgment." Make sure to select the "Motion for Summary Disposition" posture associated with the most relevant parent posture, as both postures will display to customers in the procedural posture filter on Westlaw Edge. If you cannot determine what kind of motion it is, please check with a revisor before adding the posture to the case.

240

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## MI-5. Tax Tribunal

The Michigan Tax Tribunal is an administrative court that hears tax appeals for all Michigan taxes. It should be treated as an administrative body, rather than a court, for purposes of assigning procedural postures. So, for example, in a case where a taxpayer is appealing a decision of the Tax Tribunal which had granted a motion for summary disposition while reviewing a determination of the Department of Treasury, the only assigned posture would be "Review of Administrative Decision."

## MI-6. Model Jury Instructions

Headnotes construing or applying a Michigan model jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions, including Michigan's model jury instructions, should be treated like court rules for purposes of citation order.

Use these citation styles:

Civil:       Mich. M Civ JI _____

Criminal:  Mich. M Crim JI _____

## MI-7. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a North Western Reporter citation. The official reporter citation should appear first.

### Examples:

**Supreme Court:**  494 Mich. 10, 831 N.W.2d 849

**Court of Appeals:**  299 Mich.App. 442, 830 N.W.2d 781

## MI-7. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (24 judges sit in panels)

Court of Claims

Circuit Court

Recorders Court

District Court

Probate Court

Municipal Court

Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## Minnesota

### MN-1. Child Support

In some counties, child support petitions are heard by an ALJ, with the appeal directly to the Court of Appeals. The synopsis should include the usual front sheet information for the district court, county, and judge, with the judge being identified as an administrative law judge.

### MN-2. Court Headnotes

Court headnotes in Minnesota should be reflected in the headnotes, but the headnotes need not follow the court's language precisely.

### MN-3. Trial Judge Information

For many Minnesota Court of Appeals opinions, you will need to look in MMR for the name of the trial judge. You can access the MMR documents associated with your case by clicking on the red PDF icon at the top of the Content Viewer in the Summary Tool. The linked entries in MMR for a Court of Appeals opinion often include a file with a Resource Type of "Lists" and a Source Filename of "Syllabus.docx.pdf." That document includes a list of decisions filed by the Court of Appeals on a particular date and includes the lower court information for those decisions, including the trial judge's name.

### MN-4. Pattern Jury Instructions

Headnotes construing or applying a Minnesota pattern jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions should be treated like court rules for purposes of citation order.

Use these citation styles:
Civil:      MN CIVJIG _____
Criminal:   MN CRIM.JIG _____

### MN-5. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a North Western Reporter citation, e.g., 831 N.W.2d 628.

### MN-6. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (16 judges sit en banc and in panels)

District Court

242

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

## Mississippi

### MS-1. Divided Court

When the Supreme Court (or the Court of Appeals) divides evenly as to affirmance or reversal, the judge of the lower court is counted in favor of his determination and, hence, there is no such thing as an opinion of an equally divided court, and no legend is needed on the headnotes in the case.

### MS-2. Three Judge Panels

Some cases of the Supreme Court are heard by a panel of three judges, in which case no legend is needed on opinions which command the support of two judges.

Judges who dissent or concur in the result of a Supreme Court or Court of Appeals panel decision, but who were not on the panel, should be included after the mandate in the synopsis.

### MS-3. Ruling Judge

The trial judge is often designated on the appeal line as the "Ruling Judge." The designation "J." in the synopsis will suffice.

### MS-4. Youth Court

There is a Youth Court in Mississippi that deals with matters involving abuse and neglect of juveniles, as well as offenses committed by juveniles. This court is not included in the court/judge widget. If you are summarizing a decision involving an appeal from the Youth Court, manually insert the lower court information into the synopsis background, e.g., "The Youth Court, Marion County, James Coleman Rhoden, J., adjudicated child a neglected child."

### MS-5. Model Jury Instructions

Headnotes construing or applying a Mississippi model jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions, including Mississippi's model jury instructions, should be treated like court rules for purposes of citation order.

Use these citation styles:

civil:     MJI ____

criminal:  MJI C ____

### MS-6. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a Southern Reporter citation, e.g., 110 So.3d 735.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**                                                              **TR-0003107**

## MS-7. Court Names

Supreme Court (9 justices sit in panels and en banc)

Court of Appeals (10 judges sit in panels and en banc)

Circuit Court

Chancery Court

County Court

Family Court

Municipal Court

Justice Court

Youth Court

# Missouri

## MO-1. Transferred Cases

With a few exceptions, which are clear from the opinion, when a case is transferred from a Court of Appeals to the Supreme Court, it is treated as an original appeal from the circuit court, and the Supreme Court reviews the record and acts on the judgment of the circuit court. The synopsis should not refer to the Court of Appeals opinion and should not indicate that the opinion of the Court of Appeals is being affirmed or reversed. After noting who appealed, the synopsis should state that the matter was transferred to the Supreme Court. E.g., "On transfer from the Court of Appeals, the Supreme Court, Jones, J., held that..."

## MO-2. St. Louis

The City of St. Louis is not located in any county, and is separate and distinct from St. Louis County. The Circuit Court for the City of St. Louis is thus not the Circuit Court for St. Louis County, and editors must not confuse the two.

## MO-3. Judges' Names

Refer to Missouri Court of Appeals judges Robert G. Dowd, Jr. and James M. Dowd, as well as Supreme Court judge Mary Rhodes Russell, by their full names in the synopsis.

## MO-4. Approved Jury Instructions

Headnotes construing or applying a Missouri approved jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions, including Missouri's approved jury instructions, should be treated like court rules for purposes of citation order.

Use these citation styles:
civil:      MAI No. _____

244

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

criminal: MAI Criminal 3d No. _____

### MO-5. Circuit Split Resolution

Missouri has three appellate districts in its Court of Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Missouri.

### MO-6. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a South Western Reporter citation, e.g., 400 S.W.3d 295.

### MO-7. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (32 judges sit in panels)

Circuit Court

Municipal Court

## Montana

### MT-1. Habeas Petitions

Pursuant to statute, a petition for habeas corpus may be considered by a single justice of the Montana Supreme Court. Opinions in these cases should be headed as any other. Every headnote should carry the legend "(Per _____, J., on petition for habeas corpus.) "

### MT-2. Case Citations

Citations to reported decisions of the Supreme Court include an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first.

#### **Example:**

370 Mont. 133, 301 P.3d 348

Editorial features should **not** include public domain citations, e.g., 2013 MT 125.

### MT-3. Court Names

Supreme Court (7 justices sit en banc and in panels)

District Court

Workers' Compensation Court

Justice of the Peace Court

Municipal Court

City Court

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

TR-0003109

## Nebraska

### NE-1. Court Headnotes

Every point in the syllabus accompanying a Nebraska Supreme Court and Court of Appeals opinion must be made as a headnote, except for those which consist solely of the text of a statute or rule. Other points in the opinion, not reflected in the syllabus, should also be made as a headnotes.

### NE-2. Single Judge Opinions

The prosecution may appeal suppression orders to a single justice of the Supreme Court. The opinion is that of the justice, and not of the Court. Headnotes should carry the legend: (Per Caporale, J., sitting as single Justice), and the synopsis should read "A single Justice of the Supreme Court, Caporale, J., held that:".

### NE-3. Plurality for Constitutionality of Statute

It takes a vote of at least 5 out of 7 Justices of the Nebraska Supreme Court to hold a law unconstitutional. Therefore, if the court is upholding a statute, it is possible for a three-judge opinion to be the legitmate lead opinion despite a four-judge dissent. In such a case, the three-judge opinion should be headnoted, and a per legend should be included with each headnote. If the lead decision is per curiam, the legend would be: (Per Curiam, with three Justices concurring.)

### NE-4. Separate Juvenile Court

A trial court may be designated as a "Separate Juvenile Court" in the appeal line in the JWB Summary Tool. Call it the "Juvenile Court" in your synopsis.

### NE-5. Pattern Jury Instructions

Headnotes construing or applying a Nebraska pattern jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions should be treated like court rules for purposes of citation order.

Use these citation styles:
civil:      NJI 2d _____
criminal:   NJI Crim.2d _____

### NE-6. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a North Western Reporter citation. The official reporter citation should appear first.

**Examples:**

246

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY                                                          TR-0003110

**Supreme Court:** 285 Neb. 991, 830 N.W.2d 482

**Court of Appeals:** 19 Neb.App. 65, 814 N.W.2d 763

### NE-7. Court Names

Supreme Court (7 justices sit in panels and en banc)

Court of Appeals (6 judges sit in panels of 3)

District Court

Juvenile Court

County Court

Workers Compensation Court

## Nevada

### NV-1. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include a Pacific Reporter citation and, in some instances, an official reporter citation. The official reporter citation, if available, should appear first.

**Example with official reporter citation:**

127 Nev. 14, 252 P.3d 668

Citations to the Nevada reporter for advance opinions should **not** be included in editorial features, e.g., 127 Nev. Adv. Op. 14.

### NV-2. Court Names

Supreme Court (7 justices sit en banc and in three-justice panels)

Court of Appeals (3 judges, hear cases assigned by the Supreme Court)

District Court

Justice Court

Municipal Court

## New Hampshire

### NH-1. Lower Court Information

When only a single word appears on the appeal line to indicate the lower court, it is the name of the county, and the appeal is from the Superior Court of that county.

247

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### NH-2. Case Citations

Citations to reported decisions of the Supreme Court include an official reporter citation and an Atlantic Reporter citation. The official reporter citation should appear first.

**Example**:

164 N.H. 80, 53 A.3d 554

### NH-3. Court Names

Supreme Court (1 chief justice, 4 justices sit en banc)

Superior Court

Probate Court

District Court

Municipal Court

Circuit Court

## New Jersey

### NJ-1. Synopsis: Superior Court

The Superior Court is divided into Appellate, Law, and Chancery divisions, and the particular division should always be noted in the synopsis. The "Superior Court, Appellate Division" should never be referred to as simply the "Superior Court."

A comma should always appear after the division name, even when no authoring judge is available. For example: "The Superior Court, Appellate Division, held that:"

### NJ-2. Temporary Assignment

A judge sitting on the Supreme Court by temporary assignment is to be designated in the synopsis by his full official title in the court in which he regularly sits, with the designation "Temporarily Assigned" added and written in full, not abbreviated or included in parentheses. Temporarily assigned "judges" should not be designated as "justices."

### NJ-3. Trial Judge

The name of the lower court judge is not provided for opinions of the Appellate Division or the Supreme Court and need not be included in the synopsis.

### NJ-4. Court Headnotes

The court headnotes for New Jersey are copyrighted and may not be used verbatim.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**TR-0003112**

### NJ-5. Judge Title Abbreviations

In the synopsis, the abbreviations for judges' titles should include all of the letters in the judge title abbreviation as it appears in the opinion, not just the "J." Examples: J.A.D, J.S.C.

### NJ-6. Case Citations

Citations to reported decisions of the Supreme Court, the Appellate Division of the Superior Court, and the Law or Chancery Divisions of the Superior Court include an official reporter citation and an Atlantic Reporter citation. The official reporter citation should appear first.

Citations to reported decisions of the Tax Court consist of only a New Jersey Tax Reporter citation.

**Examples:**

**Supreme Court:** 214 N.J. 51, 67 A.3d 587

**Appellate Division of the Superior Court:** 430 N.J. Super. 312, 64 A.3d 571

**Chancery or Law Division of the Superior Court:** 445 N.J.Super. 435, 138 A.3d 596

**Tax Court:** 29 N.J. Tax 224

### NJ-7. Court Names

Supreme Court (7 justices sit en banc)

Appellate Division of Superior Court (28 judges sit in 7 panels)

Superior Court: Law and Chancery Divisions

Municipal Court

Tax Court

## New Mexico

### NM-1. Lower Court Judge

The abbreviation "D.J." must be used after the name of the district court judge in the synopsis.

### NM-2. History Information

Direct history information for a Court of Appeals opinion indicating that the Supreme Court denied certiorari or quashed a writ should not be included in or after the synopsis. It will be put on the file line.

### NM-3. Uniform Jury Instructions

Headnotes construing or applying a New Mexico uniform jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions, including

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003113**

New Mexico's uniform jury instructions, should be treated like court rules for purposes of citation order.

Use this citation style:
UJI _____

### NM-4. Case Citations

Citations to pre-2012 reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first. Citations to more recent decisions consist of only a Pacific Reporter citation.

#### Pre-2012 example:

150 N.M. 59, 257 P.3d 404

Editorial features should **not** include public domain citations, e.g., 2011-NMCA-066, 2013-NMSC-047

### NM-5. Court Names

Supreme Court (5 justices sit in panels)

Court of Appeals (10 judges sit in panels)

District Court

## New York

### NY-1. Court of Appeals Synopsis

The manuscript we receive for opinions of the Court of Appeals contains editorial work prepared by the Reporter of Decisions. No information whatsoever should be taken from this material, except that the lower court information may be taken from the "Summary." The Reporter of Decisions' bracketed numbers in the text will be removed.

### NY-2. Synopsis: Appellate Division

The Appellate Division of the Supreme Court is the intermediate appellate court in New York. It should be referred to as "the Supreme Court, Appellate Division," in the synopsis. A comma should always appear after the division name, even when no authoring judge is available. For example: "The Supreme Court, Appellate Division, held that:"

### NY-3. Affirmed as Modified

If a New York court says it is affirming a decision "as modified," the mandate should state "Affirmed as modified" even if the court is in fact reversing or taking some other action with respect to the lower court opinion.

250

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### NY-4. Transfers to the Appellate Division

Include lower court information in the synopsis for cases that are transferred to the Appellate Division. This often happens in article 78 proceedings. For example:

> Article 78 proceeding was brought, challenging determination of . . . The Supreme Court, Bronx County, Jones, J., transferred proceeding. The Supreme Court, Appellate Division, held that: (1) . . .

### NY-5. Adoption of Appellate Division's Dissent

Occasionally, the Court of Appeals will adopt an Appellate Division dissent as its opinion. The Court will use language like "We affirm for reasons stated in the dissenting opinion of Smith, J., at the Appellate Division." These decisions are not memorandums and must be headed.

The editor should read the Appellate Division dissent and prepare a headnote. Only one "result" headnote should generally be made, and any abstract points in the dissent should not be picked up. If the Court of Appeals refers to any legal reasoning or facts in its order, they should be reflected in the headnote. At the end of the headnote, a legend should be added, indicating that the point is "per the dissenting opinion" of the Appellate Division judge, followed by a citation to the Appellate Division opinion.

> **EXAMPLE**
>
> Statutory requirement that People give defendant notice of its intent to use identification evidence did not apply, where defendant had moved to preclude, or in the alternative, to suppress such evidence. (Per dissenting opinion of Denman, P.J., and Balio, J., at the Appellate Division, 624 N.Y.S.2d 702, 212 A.D.2d 987.) McKinney's CPL §710.30, subd. 3.

The synopsis should note that the Court of Appeals is ruling "for reasons stated" in the Appellate Division.

> **EXAMPLE**
>
> Defendant was convicted in the Monroe County Court, Marks, J., of criminal sale of a controlled substance in the third degree, and he appealed. The Supreme Court, Appellate Division, reversed, 624 N.Y.S.2d 702, 212 A.D.2d 987, and appeal was taken. The Court of Appeals, for reasons stated in dissenting memorandum of Denman, P.J., and Balio, J., at the Appellate Division, held that statutory requirement that People give defendant notice of its intent to use identification evidence did not apply, where defendant had moved to preclude, or in the alternative, to suppress such evidence.
>
> Reversed.

### NY-6. Highlights and Bulletins

The caseheader should make a New York State Bulletin for every case from the New York Court of Appeals, and for other important New York cases. Other summaries, including WLB, topical highlights, and education law reporter summaries, should be made as necessary.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### NY-7. Labor Law §§ 200, 240, 241

These statutes are safe workplace laws that show up frequently in construction site injury cases. The statutes do mention "employees" and "employers," but be not deceived. The statutes require site owners and contractors to keep the place safe for workers, provide the right equipment, etc. An injury action under these statutes is not one by an employee against his or her employer. Such an action would be barred by the exclusive remedy provisions of the workers' compensation laws. The action is typically one by a contractor's employee against the site owner, or a subcontractor against the general contractor.

Please characterize and cite the statutes when appropriate. About two/thirds of such cases will be about the "scaffold law" (section 240), which is easily characterized as such. To see examples of headnotes about these statutes, you could enter the following query, with a date restrictor, in the ny-hn-all database: 272k1204(5) 272k1204(6)

Section 200 may be characterized as "setting forth a statutory duty of an owner or general contractor to provide construction site workers with a safe place to work," or as a "workplace safety statute applicable to owners and contractors." (The level of specificity needed may depend on the headnote.)

If a section 200 claim is combined with a general negligence claim, the headnote may follow the format, "(Party) did not violate its common-law or statutory duty of care, ..."

Section 241(6) may be referred to as a statute requiring owners and contractors to provide reasonable and adequate protection and safety for [construction/excavation/demolition] workers, but headnotes under this statute that turn on the applicability of a particular Industrial Code provision may be structured like this:

> **EXAMPLE**
>
> Industrial Code provisions concerning equipment carrying loads over area where individuals were working did not furnish basis for Labor Law liability for injuries sustained by worker when he was struck by backhoe, since backhoe was not lifting or hoisting anything at time of accident.

Substantive headnotes involving these sections classify to Negligence, and not to the "employment-oriented" topics.

Please note that these statutes do not supplant common law negligence actions. They just make it easier for the workers to recover. Quite often, however, both common law and statutory theories are asserted in the same case, and it's necessary to identify and distinguish the claims if you can.

### NY-8. Insurance Law §§ 5101 to 5108

These sections appear under the heading Comprehensive Motor Vehicle Reparations. This is a fancy way of saying "no-fault," and the latter is better for editorial enhancement purposes.

The vast majority of opinions in which section 5102 or 5104 is cited are not about no-fault insurance policy coverage, or other insurance issues that normally classify to the topic Insurance. Rather, they arise in a tort suit by the accident victim against the alleged tort-feasor, and are about whether the victim is going to be able to escape the limitations that the no-fault system imposes on tort recovery, and is going to be able to maintain the tort action, seeking, inter alia, damages for pain and suffering. Thus, they are about what might generically be called the no-fault law's "threshold" for tort recovery, and in New York that's usually about whether the injury is "serious."

252

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

The cryptic NYAD judges may try to fool you by failing to mention "no-fault," "tort," "automobile," or any other clue you might expect, but if you see Insurance Law 5102 or 5104, it's a pretty safe bet that it's a no-fault tort threshold case, especially if you see "serious injury," "permanent injury," "economic" or "non-economic."

The points classify to Automobiles, rather than Insurance. For examples of headnotes in these cases, enter 48AV(D) with a date restrictor, in NY-HN-ALL or your favorite NY database.

### NY-9. Summary Judgment

In some instances, a New York court may analyze the first step of a summary judgment motion, namely, the movant's burden to show entitlement to judgment as a matter of law before the burden shifts to the nonmovant to raise a fact issue. For further information and examples, see the manual's chapter on Types of Headnotes: When Summary Judgment Is Warranted. Scroll down to the section called "First Stage of Summary Judgment (Burden on Movant)."

### NY-10. Rosario and Sandoval

Rosario and Sandoval are widely known criminal cases in New York and can be referred to by name in our editorial features without further description ("Rosario ruling", "Sandoval hearing"), though a headnote should contain other language evocative of the relevant subject matter. Rosario requires the prosecutor to turn over pretrial statements to the defense, and Sandoval rulings determine whether a prosecutor may impeach a defendant with other crimes evidence.

### NY-11. Supreme Court

A New York Supreme Court should generally be referred to as "trial court," in editorial features, unless the headnote covers a specific issue pertaining to the jurisdiction of that court, such as whether the Supreme Court and the City Court of New York have concurrent jurisdiction over a case. The term "Supreme Court" can be confusing to non-New York researchers. However, do not use "trial court" if the headnote concerns the Appellate Division or Appellate Term of the Supreme Court, or if the Supreme Court is only acting as a motions court. In those instances, it may be appropriate to use "Appellate Division" or "motion court" in editorial features.

### NY-12. Referees

When the name of a referee is provided in the lower court information and needs to be included in the synopsis, use the designation provided by the court in the opinion after the referee's name (e.g., Special Referee, Ct.Atty.Ref., Referee, etc.). Do not use the initial "J."

### NY-13. Circuit Split Resolution

New York has four appellate divisions of the Supreme Court. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the New York Court of Appeals.

253

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

**TR-0003117**

### NY-14. Case Citations

Citations to reported decisions of the Court of Appeals consist of three parts, which should appear in this order: an official reporter citation (N.Y.), a New York Supplement citation (N.Y.S.), and a North Eastern Reporter citation (N.E.).

**Court of Appeals example:**  24 N.Y.3d 968, 995 N.Y.S.2d 682, 20 N.E.3d 637

Citations to reported decisions of the Appellate Division of the Supreme Court, and reported decisions of trial courts, such as the Supreme Court, Court of Claims, or Family Court, include an official reporter citation and a New York Supplement citation (N.Y.S.). The official reporter citation should appear first.

**Examples:**

**Supreme Court, Appellate Division:**  118 A.D.3d 1349, 966 N.Y.S.2d 901

**Trial court decisions:**  44 Misc.3d 241, 983 N.Y.S.2d 772

**Note:** When including a citation along with a case name in a headnote or synopsis in a JWB case, for purposes of facilitating linking on Westlaw, use only the N.Y.S. cite for any reported New York decision.

### NY-15. Court Names

Court of Appeals (7 judges)

Supreme Court, Appellate Division

Supreme Court

Court of Claims

Family Court

Surrogate's Court

District Court

Civil Court of the City of New York

Criminal Court of the City of New York

City Court

County Court

Town and Village Justice Court

## North Carolina

### NC-1. Adoption of Lower Court's Dissent

Like the New York Court of Appeals, the North Carolina Supreme Court will occasionally adopt a lower court's dissenting opinion as its own. A headnote and synopsis must be prepared. See NY-5 for directions on how to prepare them.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

When adopting a lower court's dissenting opinion, the North Carolina Supreme Court may use language such as "For the reasons stated in the dissenting opinion of the Court of Appeals..." This is sufficient language of adoption. It is not necessary for the Supreme Court to use the word "adopt."

### NC-2. Mandate – No Error

If a court gives its mandate as "No error," use that phrase, rather than "Affirmed," as the mandate for the synopsis.

### NC-3. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of an official reporter citation and a South Eastern Reporter citation. The official reporter citation should appear first.

### NC-4. Pattern Jury Instructions

Headnotes construing or applying a North Carolina pattern jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions should be treated like court rules for purposes of citation order.

Use these citation styles:

civil:  NCPI Civil _____

criminal:  NCPI Crim. _____

**Examples:**

**Supreme Court:**  368 N.C. 596, 780 S.E.2d 151

**Court of Appeals:**  239 N.C.App. 108, 767 S.E.2d 689

### NC-5. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (12 judges sit in panels)

Superior Court

District Court

255

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## North Dakota

### ND-1. Judicial Districts

The judicial district of the lower court should be included in the synopsis, e.g., "The District Court, Cass County, North Central Judicial District, Burdick, J."

### ND-2. Disciplinary Orders

We publish orders of reprimand from the North Dakota Supreme Court. However, we do not publish reprimand orders from the North Dakota Disciplinary Board. Take to your revisor any Disciplinary Board cases mistakenly assigned for heading.

### ND-3. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a North Western Reporter citation, e.g., 829 N.W.2d 724.

Editorial features should **not** include public domain citations, e.g., 2013 N.D. 57, 1999 ND APP 1.

### ND-4. Court Names

Supreme Court (5 justices sit en banc)

Court of Appeals (3-judge panels)

District Court

County Court

Municipal Court

## Ohio

### OH-1. Court Headnotes

Every syllabus point or court headnote should be reflected by a headnote, except for those that simply recite a statute.

### OH-2. County of Origin

The county of origin must be indicated in the synopsis for Court of Appeals and Supreme Court opinions. This may be done by identifying county of the Court of Appeals or the county of the lower court.

To be consistent with other state opinions, the county of origin should be included with the lower court information in the synopsis, e.g., "The Court of Common Pleas, Summit County,..." Include the county of origin with the Court of Appeals only as a last resort, as when the case being headed is an original appellate proceeding with no lower court mentioned.

256

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

### OH-3. Transfer to Supreme Court

When a decision is taken from the Court of Appeals to the Supreme Court, the method or basis of transfer should be disclosed by the synopsis.

### OH-4. Court of Appeals History Information

Information in the history for a Court of Appeals opinion indicating the Supreme Court's disposition of a "jurisdictional motion" seeking review should not be included in or after the synopsis.

### OH-5. Docket Number

Include the trial court docket number, if available, in the synopsis.

### OH-6. Commission on Unauthorized Practice of Law

Opinions of the Supreme Court Commission on the Unauthorized Practice of Law are published as Ohio NP cases. They should be headnoted like any other case.

### OH-7. Divorce and Dissolution Actions

In Ohio, a divorce proceeding is different from a dissolution proceeding. Do not use the terms interchangeably.

### OH-8. Judges' Names

The Eighth District of the Ohio Court of Appeals includes three judges with the last name of Gallagher. Refer to Judge Eileen A. Gallagher, Judge Eileen T. Gallagher, and Judge Sean C. Gallagher by their full names in the synopsis.

### OH-9. Circuit Split Resolution

Ohio has 12 appellate districts in its Court of Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Ohio.

### OH-10. Case Citations

Citations to reported decisions of the Supreme Court include an official reporter citation and a North Eastern Reporter citation. The official reporter citation should appear first.

Citations to reported decisions of the Court of Appeals generally consist of only a North Eastern Reporter citation. (But note: pre-2012 decisions of the Court of Appeals will include an official reporter citation.)

**Examples:**

**Supreme Court**: 130 Ohio St.3d 96, 955 N.E.2d 995

**Court of Appeals**: 985 N.E.2d 226, OR pre-2012: 195 Ohio App.3d 189, 959 N.E.2d 540

257

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

Editorial features should **not** include public domain citations, e.g., 2012 Ohio 6123.

### OH-11. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (65 judges sit in panels of 3 members each)

Court of Common Pleas

Municipal Court

Court of Claims

County Court

Mayor's Court

## Oklahoma

### OK-1. Court of Criminal Appeals

The Court of Criminal Appeals is the court of last resort for all criminal cases.

### OK-2. Trial Court

The trial court in Oklahoma is the District Court.

### OK-3. Orders

The name of the judge who signs an order is not to be used as the author. The synopsis should be written as one for a per curiam opinion.

### OK-4. Judicial Ethic Advisory Panel

Decisions of the Oklahoma Judicial Ethics Advisory Panel may be headnoted, although they start out with a question or series of questions and answers. The headnotes should be linked to the portion of the opinion labeled Discussion. The synopsis will typically look like this:

> **Background**: Two questions were presented, regarding ability of court reporter, who worked for district court, to campaign for election of court reporter's spouse as associate district judge in the district.
>
> **Holdings**: The Judicial Ethics Advisory Panel held that:
>
> (1) Code of Judicial Conduct would prohibit a district court judge from allowing a court reporter, over whom the judge exercised supervision and control, to campaign for election of court reporter's spouse as associate district judge in the district, and
>
> (2) question regarding whether court reporter could take leave of absence, to campaign for spouse, would more properly be addressed to Administrative Office of the Courts.
>
> First question answered.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

TR-0003122

### OK-5. Case Citations

Citations to reported decisions of the Supreme Court, the Court of Criminal Appeals, and the Court of Civil Appeals consist of only a Pacific Reporter citation, e.g., 302 P.3d 1164.

Editorial features should **not** include public domain citations, e.g., 2013 OK 6, 2013 OK CIV APP 12, 2016 OK CR 5.

### OK-6. Concurrences

Oklahoma justices occasionally will concur in an opinion "by reason of stare decisis." To be on the safe side, treat concurring by reason of stare decisis as equivalent to "concurring in the result" in determining whether a majority of the court agrees on a particular issue. Note such concurrences after the mandate and in any legends.

> EXAMPLE:

> Mandate: Jones, J., concurred by reason of stare decisis.

> Legend: (Per opinion of Smith, J., with two judges concurring, one judge concurring in result, and one judge concurring by reason of stare decisis.)

### OK-7. Court Names

Supreme Court (9 justices sit en banc)

Court of Criminal Appeals (5 judges sit en banc)

Court of Civil Appeals (12 judges sit in four permanent divisions of 3 members each)

District Court

> *Note*: The abbreviation V.C.J. stands for Vice Chief Justice. This abbreviation should be used in the synopsis rather than spelling the title out.

## Oregon

### OR-1. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first.

**Examples:**

**Supreme Court:** 353 Or. 112, 293 P.3d 1036

**Court of Appeals:** 256 Or.App. 73, 299 P.3d 588

### OR-2. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (13 judges sit in panels and en banc)

Tax Court

259

Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Circuit Court

County Court

Justice Court

Municipal Court

District Court

## Pennsylvania

### PA-1. Synopsis

The synopses for opinions of the Supreme Court, the Commonwealth Court, and the Superior Court must include the court's docket number and the term of court. The synopsis must also include the docket number and term of court of any lower court referred to in the synopsis and the docket number of any administrative agency decision (if available). Note that some dependency cases may have a criminal docket number.

The synopsis should also include the division (e.g., Criminal Division or Civil Division) of the lower court, if provided. Example: The Court of Common Pleas, Berks County, Civil Division, No. 13-15184, Timothy J. Rowley, J., denied...

### PA-2. Court of Judicial Discipline

Opinions of this court should be headed in the usual manner.

### PA-3. Equally Divided Opinions

When the Pennsylvania Supreme Court is equally divided in opinion as to whether a judgment should be reversed or affirmed, and the judgment is thereby affirmed by operation of law, the opinion for affirmance must be headed just as if it were a majority opinion. However, each headnote must be followed by a "Per" legend naming the author and indicating that the court is equally divided. The legend appears after the end of the headnote and before the statute citation. The Holdings section of the synopsis should also indicate that the affirmance is by an equally divided court.

EXAMPLE: (Per Jones, J., for an equally divided court.)

See Plurality Opinions and Legends – Equally Divided Court.

### PA-4. President Judge

Some judges in Pennsylvania have the title of "President Judge." This entire title should be spelled out in the synopsis, rather than using an abbreviation.

### PA-5. Statute Citations

Be careful to distinguish between citations to Pennsylvania Statutes (Pa. Stat. Ann.) and citations to Pennsylvania Consolidated Statutes (Pa. Cons. Stat. Ann.)

260

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

## PA.-6. Commonwealth Court and Superior Court

The Commonwealth Court and the Superior Court are side by side in Pennsylvania's court structure, just below the Pennsylvania Supreme Court. Decisions by the Commonwealth Court are not binding on the Superior Court, and decisions by the Superior Court are not binding on the Commonwealth Court.

This should be taken into consideration when making KeyCite references involving decisions of these two courts. For example, the Commonwealth Court would not be able to "abrogate" or "overrule" a decision of the Superior Court, and vice versa.

Also, because the Commonwealth Court and Superior Court each have delineated jurisdictions over certain types of cases that do not always overlap, it is generally a good practice to identify these courts by name in headnotes concerning their authority, rather than using a generic term like "appellate court."

For example, the Commonwealth Court, rather than the Superior Court, has jurisdiction to review appeals from decisions of administrative agencies. So, in a Commonwealth Court opinion concerning review of an administrative decision, when the Court states something like this: "Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence," the word "our" should be replaced with the word "Commonwealth Court's" rather than "appellate court's."

> **RIGHT**: The Commonwealth Court's scope of review of a decision from administrative agency is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence.

> **WRONG:** The appellate court's scope of review of a decision from administrative agency is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence.

## PA-7. Case Citations

Citations to reported decisions of the Supreme Court, the Commonwealth Court, and the Superior Court consist of an Atlantic Reporter citation and will sometimes include an official reporter citation. The official reporter citation, if available, should appear first.

**Examples with official reporter citations:**

**Supreme Court:** 624 Pa. 219, 84 A.3d 1054

**Commonwealth Court:** 168 Pa.Cmwlth. 622, 651 A.2d 226

**Superior Court:** 437 Pa.Super. 518, 650 A.2d 475

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Editorial features should **not** include public domain citations, e.g., 2015 PA Super 42.

### PA.-8. Court Names

Supreme Court (7 justices sit en banc)

Commonwealth Court (10 authorized judges sit in panels and en banc. An en banc court consists of no more than seven judges, per the court's internal operating procedures.)

Superior Court (21 authorized judges sit in panels and en banc. An en banc court consists of no more than nine judges, per the court's internal operating procedures.)

Court of Common Pleas

Philadelphia Municipal Court

District Justice Court

## Rhode Island

### RI-1. Family Court

Cases which are appealed from the Family Court will not have a county listed on the appeal line, and the county need not be included in the synopsis.

### RI-2. Case Citations

Citations to reported decisions of the Supreme Court consist of only an Atlantic Reporter citation, e.g., 61 A.3d 419.

### RI-3. Court Names

Supreme Court (5 justices sit en banc)

Workers Compensation Court

Superior Court

District Court

Family Court

Administrative Adjudication Court

Municipal Court

Probate Court

262

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

## South Carolina

### SC-1. Lower Court Information

The court of general jurisdiction is the circuit court. When hearing civil matters, it may be called the "court of common pleas." In criminal matters, it may be called the "court of general sessions." It is always proper to call it the "circuit court."

### SC-2. Master-in-Equity

Often, the only lower court information provided will be the name of a person identified as "Master-in-equity." In those cases, the synopsis should indicate that the appeal is from the circuit court of the county, with the master-in-equity identified as the judge, e.g., "The Circuit Court, Greene County, John Davis, Master-in-equity." On occasion, the appeal will be from an order of a judge of the circuit court after review of the decision of the master-in-equity. If so, that information will be provided on the front sheet and should be included in the synopsis.

### SC-3. Administrative Law Court

The Administrative Law Court is an agency within the executive branch of South Carolina's government. It provides an independent forum for hearing the contested cases of state agencies. When writing the synopsis for a decision of the Administrative Law Court, treat the case as one seeking judicial review of an administrative decision, and include the full Administrative Law Court information with the administrative law judge, if provided in the opinion, e.g.,

Department of Motor Vehicles (DMV) appealed from the determination of the Administrative Law Court, Deborah Brooks Durden, Administrative Law Judge, that motorist's out-of-state reckless driving conviction did not constitute a major violation requiring motorist's driver's license to be suspended under the habitual offender statute.

The procedural posture for this type of decision should be "Review of Administrative Decision" (not "On Appeal").

### SC-4. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of an official reporter citation and a South Eastern Reporter citation. The official reporter citation should appear first.

#### **Example:**

403 S.C. 332, 743 S.E.2d 117

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

TR-0003127

### SC-5. Court Names

Supreme Court (5 justices sit en banc)

Court of Appeals (6 judges sit in panels and en banc)

Circuit Court

Family Court

Probate Court

Magistrate Court

Municipal Court

## South Dakota

### SD-1. Judicial Districts

The judicial district of the circuit court should be included in the synopsis, e.g. "The Circuit Court, First Judicial Circuit, Union County."

### SD-2. Case Citations

Citations to reported decisions of the Supreme Court consist of only a North Western Reporter citation, e.g., 829 N.W.2d 474.

Editorial features should **not** include public domain citations, e.g., 2013 S.D. 29.

### SD-3. Court Names

Supreme Court (5 justices sit en banc)

Circuit Court

## Tennessee

### TN-1. Death Penalty Cases

When you are heading a Tennessee Supreme Court death penalty case, create headnotes for any appendix that contains portions of the Court of Criminal Appeals' decision, even if the Supreme Court does not use the adoptive language we usually require. Such an appendix is considered part of the decision of the Tennessee Supreme Court in the case, according to a letter from the Chief Justice.

### TN-2. Pattern Jury Instructions

Headnotes construing or applying a Tennessee pattern jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions should be treated like court rules for purposes of citation order.

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Use these citation styles:

civil:    **TPI** _____

criminal: **TPI Crim.** _____

### TN-3. Circuit Split Resolution

Tennessee has three appellate divisions in its Court of Appeals and three appellate divisions in its Court of Criminal Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Tennessee.

### TN-4. Case Citations

Citations to reported decisions of the Supreme Court, the Court of Appeals, and the Court of Criminal Appeals consist of only a South Western Reporter citation, e.g., 377 S.W.3d 659.

### TN-5. Court Names

Supreme Court (5 justices sit en banc)

Court of Appeals (12 judges)

Court of Criminal Appeals (9 judges)

Circuit Court

Probate Court

Chancery Court

Criminal Court

Juvenile Court

Municipal Court

General Sessions Court

## Texas

### TX-1. No Evidence Points

In civil cases, Texas Courts of Appeals consider both "no evidence points" and "insufficient evidence" points. The method of review differs. On "no evidence" points, the court looks only to the prevailing party's evidence to determine whether there is any evidence to support the result. On "insufficient evidence" points, the court looks to the entire record to determine if the evidence is sufficient to support the result. The Supreme Court considers only "no evidence" points. A "no evidence" point should not be treated as a sufficiency point but, rather, should state whether the facts present some evidence to support the result. If both a "no evidence" and a sufficiency point are raised and rejected, a single sufficiency point may be made.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**TR-0003129**

### TX-2. Court of Criminal Appeals

The Court of Criminal Appeals is the court of last resort in criminal matters. It generally reviews decisions of the Court of Appeals, but does take some matters directly from the trial courts.

### TX-3. Trial Courts

In Texas, there is a difference between a county court, which is constitutionally created, and a county court at law, which is statutorily created. Therefore, please be careful to use the correct term in the synopsis. Also remember to include the district (if given) in which the trial court sits.

### TX-4. Synopsis

In the synopsis for the Supreme Court and the Court of Criminal Appeals, the Court of Appeals must be designated by the city in which it sits, e.g., "The Waco Court of Appeals." The courts usually provide us with front sheet information identifying the Court of Appeals by its judicial district number. Use the following chart to determine the city:

| | |
|---|---|
| 1st Houston | 8th El Paso |
| 2nd Fort Worth | 9th Beaumont |
| 3rd Austin | 10th Waco |
| 4th San Antonio | 11th Eastland |
| 5th Dallas | 12th Tyler |
| 6th Texarkana | 13th Corpus Christi - Edinburg |
| 7th Amarillo | 14th Houston |

Because both the first and fourteenth districts are located in Houston, the district number should be included, e.g. "The Houston Court of Appeals, First District."

This requirement does not apply to a synopsis for a Court of Appeals decision.

### TX-5. Habeas Corpus

Postconviction habeas petitions under Rule 11.07 are filed with the Court of Criminal Appeals. Opinions in these cases typically begin with: "This is a post conviction petition for habeas corpus." The opinion will also usually carry the notation "Habeas Corpus Application from Brazoria County." The clerk of the Court of Criminal Appeals sends the petition to the court of conviction where a judge, who may or may not be the one who presided at trial, looks at the petition and determines if the matter requires a hearing, and makes a record, if necessary.

In either event, the case goes back the Court of Criminal Appeals, which rules on the petition as an original matter and grants or denies relief. It does not affirm or reverse, because there is nothing to affirm or reverse.

266

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY                                                    TR-0003130

The lower court information on the front sheet is for the court and judge presented with the petition, not the court and judge which conducted the trial which resulted in the conviction which is being challenged.

Unless the opinion specifically says that the lower court took some action, the synopsis should simply state that the Court of Criminal Appeals is acting on the petition. For example:

> Petition for habeas corpus was forwarded from the 232nd Judicial District Court, Harris County. The Court of Criminal Appeals held that: (1) ….

If there is a history reference to the affirmance of the conviction, the synopsis should indicate that at the beginning. For example:

> Defendant's conviction for bribery was affirmed, 123 S.W.2d 456. On petition for habeas corpus..."

If the opinion of the Court of Criminal Appeals indicates that the lower court made a recommendation, that should be included in the synopsis.

Other habeas cases, such as those involving pre-trial motions, contempt citations, and custody matters, should be dealt with in the normal manner.

### TX-6. Court of Appeals, Second District

Judges who were not on the panel are permitted to concur or dissent. They are designated by the notation (nonpanel) following their names. That notation should be included in the synopsis. These judges should not be included in determining whether there is a majority opinion.

### TX-7. Circuit Split Resolution

Texas has 14 appellate divisions in its Court of Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Texas or the Texas Court of Criminal Appeals.

### TX-8. Case Citations

Citations to reported decisions of the Supreme Court, the Court of Criminal Appeals, and the Court of Appeals consist of only a South Western Reporter citation, e.g., 400 S.W.3d 670.

### TX-9. Court Names

Supreme Court (9 justices sit en banc)

Court of Criminal Appeals (9 judges sit en banc)

Court of Appeals (60 justices all sit in panels)

District Court or Judicial District Court

Criminal District Court

Probate Court

County Court at Law

Municipal Court

267

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

Justice of the Peace Court

County Court

## Utah

### UT-1. Lower Court Information

Opinions of the Utah Supreme Court and Utah Court of Appeals will frequently set forth the trial court information in this manner: "Third District, West Jordan, [judge name]" or "Third District, West Jordan Department, [judge name]." The location noted for the trial court is frequently not a county, so the word "County" should not be used when referring to the trial court in the synopsis unless the Court specifically designates the location as a county.

The editor may follow court copy in designating the lower court location in the synopsis, but should take care to ensure that the word "Court" is included. For example, in those opinions where the lower court is designated as "Third District, West Jordan," the synopsis would state: "The Third District Court, West Jordan, [judge name],…" In those opinions where the lower court is designated as "Third District, West Jordan Department," the synopsis would state "The Third District Court, West Jordan Department, [judge name],…"

### UT-2. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals consist of only a Pacific Reporter citation, e.g., 274 P.3d 897.

 Editorial features should **not** include public domain citations, e.g., 2012 UT 10, 2016 UT App 111.

### UT-3. Court Names

Supreme Court (5 justices sit en banc)

Court of Appeals (7 justices sit in panels of 3)

District Court

Justice Court

Juvenile Court

## Vermont

### VT-1. Lower Court Information

Do not presume that a court is affiliated with a particular county unless you are certain of that affiliation. For example, if the court line says the lower court was the Hartford Probate Court do not presume that the court is actually named the "Probate Court, Hartford County." (There is no Hartford County in Vermont.) The lower court name should generally follow the same format as shown in the court line in JWB.

268

Sensitivity: Confidential

### VT-2. Case Citations

Citations to reported decisions of the Supreme Court include an official reporter citation and an Atlantic Reporter citation. The official reporter citation, if available, should appear first.

**Example:**

190 Vt. 330, 54 A.3d 983

Editorial features should **not** include public domain citations, e.g., 2011 VT 108.

### VT-3. Court Names

Supreme Court (5 justices sit en banc)

Family Court

Superior Court

District Court

Environmental Court

Probate Court

## Virginia

### VA-1. Motion for Judgment

In Virginia, an action is commenced by the filing of a Motion for Judgment. See Va R S Ct Rule 3:3: "(a) Commencement of Action. An action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the notice of motion for judgment is issued."

### VA-2. Model Jury Instructions

Headnotes construing or applying a Virginia model jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions, including Virginia's model jury instructions, should be treated like court rules for purposes of citation order.

Use these citation styles:
civil:      VJI _____
criminal:   VJI Crim. _____

### VA-3. Court of Appeals Judge Name

When referring to Judge Richard Y. AtLee, Jr., of the Court of Appeals in the synopsis or any per legend, please note that his last name is spelled with a capital L in the middle. That spelling should be used.

269

**HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY**

### VA-4. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a South Eastern Reporter citation. The official reporter citation should appear first.

**Examples:**

**Supreme Court:**  285 Va. 566, 740 S.E.2d 523

**Court of Appeals:**  64 Va.App. 650, 770 S.E.2d 787

### VA-5. Court Names

Supreme Court (7 justices sit en banc and in panels)

Court of Appeals (11 judges sit in panels)

Circuit Court

District Court

## Washington

### WA-1. Partial Publication.

Some opinions of the Court of Appeals are designated for only partial publication. If you get a Wash.App. opinion that is a partial publication case, and it is not already marked up, query it to a supervisor before you headnote it, so that the proper markup may be added to the unpublished portion of the opinion.

A partial publication case will typically say, above the author's name, something like: PUBLISHED IN PART OPINION.  Even if that specific language is not there, it is a partial pub if it says, in the text of the case, something like: "A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered."

If you have any questions about whether an opinion is a partial pub, see a supervisor.

Headnotes should only be made from the portion that is designated for publication. It is not necessary to mention in the synopsis that the opinion is designated for partial publication. Editors should still review the unpublished portion for KeyCite references.

### WA-2. Personal Restraint Petition

Personal restraint petitions are filed in the Court of Appeals or the Supreme Court. They may be referred to the Superior Court for a hearing, but the Superior Court does not grant or deny the petition. That is the province of the Court of Appeals or the Supreme Court.

270

Sensitivity: Confidential

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

## WA-3. Pattern Jury Instructions

Headnotes construing or applying a Washington pattern jury instruction should include a citation to the pertinent instruction at the end of the headnote. Pattern jury instructions should be treated like court rules for purposes of citation order.

Use these citation styles:
civil:      WPI _____
criminal:  WPIC _____

## WA-4. Circuit Split Resolution

Washington has three appellate divisions in its Court of Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Washington.

## WA-5. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a Pacific Reporter citation. The official reporter citation should appear first.

### Examples:

**Supreme Court:**  176 Wash.2d 390, 292 P.3d 118

**Court of Appeals:**  172 Wash.App. 688, 296 P.3d 906

## WA-6. Court Names

Supreme Court (9 justices sit en banc and in panels)

Court of Appeals (17 judges sit in panels)

Superior Court

Municipal Court

District Court

# West Virginia

## WV-1. Court Headnotes

The constitution requires the judge to prepare the syllabus. The syllabus points should be made as headnotes, even when they are quotes from prior cases. Headnotes should not be made for syllabus points that are a mere recitation of a statute or rule.

## WV-2. Case Citations

Citations to reported decisions of the Supreme Court of Appeals include an official reporter citation and a South Eastern Reporter citation. The official reporter citation should appear first.

Sensitivity: Confidential

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**Example:**

230 W.Va. 335, 738 S.E.2d 1

### WV-3. Court Names

Supreme Court of Appeals (5 justices sit en banc)

Circuit Court

Magistrate Court

Municipal Court

## Wisconsin

### WI-1. History Information

Citations to the Supreme Court's action on a petition for review should not be included in or after the synopsis. The information will appear on the file line.

### WI-2. Supreme Court Justices

An editor must use the full name of the justice in the synopsis for a Wisconsin Supreme Court case.

### WI-3. Headnotes

The trite rule does not apply to Wisconsin cases. Make all abstract headnotes.

Do not make any headnotes from any footnotes (abstract or concrete), even in Supreme Court cases.

### WI-4. Articles in Headnotes

Eliminate all articles (a, an, the) from all headnotes, unless quoting a statute.

### WI-5. Capitalization

Unless the first word of a headnote, the terms "supreme court" and "court of appeals" should not be capitalized. However, the term "Wisconsin Supreme Court" may be used.

Unless the first word of a headnote, the term "state" should not be capitalized, except the term "State Constitution" may be used.

### WI-6. Bracketed Numbers for Concrete Headnotes

Link concrete headnotes where the court makes the actual holding, rather than where the court begins the discussion. In addition, the court sometimes will make a holding at the beginning of the case before discussion. Try to avoid linking the headnote there, as the court will generally make the same holding somewhere after the discussion.

272

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY

### WI-7. Statute and Constitution Citations

Citations should be "Wis. Const. Art. 1, § 1" and "Wis.Stats § 101"; statutory citations with multiple subsections should be 101(a), (b), not 101(a, b).

### WI-8. Circuit Split Resolution

Wisconsin has four appellate districts in its Court of Appeals. Consider the Circuit Split Resolution headnote property for appropriate headnotes from the Supreme Court of Wisconsin.

### WI-9. Case Citations

Citations to reported decisions of the Supreme Court and the Court of Appeals include an official reporter citation and a North Western Reporter citation. The official reporter citation should appear first.

#### Example:

348 Wis. 2d 203, 832 N.W.2d 163

Editorial features should **not** include public domain citations, e.g., 2013 WI App 65, 2013 WI 71.

### WI-10. Court Names

Supreme Court (7 justices sit en banc)

Court of Appeals (13 judges sit in 3-judge districts with one 4-judge district)

Circuit Court

Municipal Court

## Wyoming

### WY-1. Case Citations

Citations to reported decisions of the Supreme Court consist of only a Pacific Reporter citation, e.g., 274 P.3d 407.

Editorial features should **not** include public domain citations, e.g., 2012 WY 46.

### WY-2. Court Names

Supreme Court (5 justices sit en banc)

District Court

Justice of the Peace Court

Municipal Court

County Court

273

Sensitivity: Confidential

HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY